| | |
|---|---|
| Joshua A. Sussberg, P.C. | Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*) |
| **KIRKLAND & ELLIS LLP** | Ross M. Kwasteniet, P.C. (admitted *pro hac vice*) |
| **KIRKLAND & ELLIS INTERNATIONAL LLP** | **KIRKLAND & ELLIS LLP** |
| 601 Lexington Avenue | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| New York, New York 10022 | 300 North LaSalle Street |
| Telephone: (212) 446-4800 | Chicago, Illinois 60654 |
| Facsimile: (212) 446-4900 | Telephone: (312) 862-2000 |
| | Facsimile: (312) 862-2200 |

*Proposed Counsel to the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

**NOTICE OF FILING OF REVISED
PROPOSED INTERIM ORDER (I) AUTHORIZING
THE DEBTORS TO PAY PREPETITION CLAIMS OF
CERTAIN CRITICAL VENDORS, FOREIGN VENDORS, 503(B)(9)
CLAIMANTS, AND LIEN CLAIMANTS, (II) GRANTING ADMINISTRATIVE
EXPENSE PRIORITY TO ALL UNDISPUTED OBLIGATIONS ON ACCOUNT OF
OUTSTANDING ORDERS, AND (III) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE** that on July 14, 2022, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed the *Debtors' Motion Seeking Entry of Interim and Final Orders (I) Authorizing the Debtors to Pay Prepetition Claims of Certain Critical Vendors, Foreign Vendors, 503(B)(9) Claimants, and Lien Claimants, (II) Granting Administrative Expense*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

KE 88464372

*Priority to All Undisputed Obligations on Account of Outstanding Orders, and (III) Granting Related Relief* [Docket No. 20] (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that the Debtors hereby file a revised proposed *Interim Order (I) Authorizing the Debtors to Pay Prepetition Claims of Certain Critical Vendors, Foreign Vendors, 503(B)(9) Claimants, and Lien Claimants, (II) Granting Administrative Expense Priority to All Undisputed Obligations on Account of Outstanding Orders, and (III) Granting Related Relief* attached hereto as **Exhibit A** (the "Revised Proposed Order").

**PLEASE TAKE FURTHER NOTICE THAT** a comparison between the Revised Proposed Order and the order filed with the Motion is attached hereto as **Exhibit B**.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion and other pleadings filed in the above-captioned chapter 11 cases may be obtained free of charge by visiting the website of Stretto at http://www.cases.stretto.com/celsius. You may also obtain copies of any pleadings by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

[*Remainder of page intentionally left blank.*]

| | |
|---|---|
| New York, New York<br>Dated: July 18, 2022 | /s/ Joshua A. Sussberg<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C.<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:    (212) 446-4800<br>Facsimile:    (212) 446-4900<br>Email:    jsussberg@kirkland.com<br><br> - and -<br><br>Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)<br>Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Telephone:    (312) 862-2000<br>Facsimile:    (312) 862-2200<br>Email:    patrick.nash@kirkland.com<br>            ross.kwasteniet@kirkland.com<br><br>*Proposed Counsel to the Debtors and*<br>*Debtors in Possession* |

# Exhibit A

**Revised Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) ) ) | Case No. 22-10964 (MG) |
| Debtors. | ) ) ) | (Joint Administration Requested) |

**INTERIM ORDER
(I) AUTHORIZING THE
DEBTORS TO PAY PREPETITION CLAIMS OF
CERTAIN CRITICAL VENDORS, FOREIGN VENDORS,
503(B)(9) CLAIMANTS, AND LIEN CLAIMANTS, (II) GRANTING
ADMINISTRATIVE EXPENSE PRIORITY TO ALL UNDISPUTED OBLIGATIONS ON
ACCOUNT OF OUTSTANDING ORDERS, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an interim order (this "Interim Order"): (a) authorizing, but not directing, the Debtors to pay, in the ordinary course of business, prepetition amounts owing on account of: (i) Critical Vendor Claims; (ii) claims of Foreign Vendor Claims; (iii) Lien Claims; (iv) 503(b)(9) Claims; (b) granting related relief; and (c) scheduling a final hearing to consider approval of the Motion on a final basis, all as more fully set forth in the Motion; and upon the First Day Declarations; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012; and this Court having the power

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on an interim basis as set forth herein.

2. The final hearing (the "Final Hearing") on the Motion shall be held on _____, 2022, at__:__ .m., prevailing Eastern Time.  Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on _____, 2022, and shall be served on:  (a)  the Debtors, Celsius Network LLC, 121 River Street, PH05, Hoboken, New Jersey 07030, Attn: Ron Deutsch; (b) proposed counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C., and 300 North LaSalle, Chicago, Illinois 60654, Patrick J. Nash, Jr., P.C., and Ross M. Kwasteniet, P.C.; (c) the Office of the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Shara Cornell, Mark Bruh, and Brian S. Masumoto; and (d) counsel to any statutory committee appointed in these chapter 11 cases.

3. The Debtors are authorized, in their sole discretion, to continue their prepetition business operations, policies, and programs and pay any accrued but unpaid prepetition Trade Claims, on a postpetition basis in the ordinary course of business on Customary Trade Terms or as may be necessary to secure a Vendor's agreement to continue business with the Debtors on Customary Trade Terms, up to the amount set forth for each category of Trade Claims set forth in the Motion.

4. The Debtors will provide the U.S. Trustee, via email, with a list of holders of each category of Trade Claim set forth in the Motion and the amounts owed as of the Petition Date and shall provide amendments or revisions to such list to the U.S. Trustee, via email, within seven (7) business days of the change in characterization of such claim holder or amounts owed. The Debtors shall maintain records of any such payment made and if requested shall provide, via email, records within seven (7) business days to the U.S. Trustee or any statutory committee appointed.

5. The form of Trade Agreement, substantially in the form attached to the Motion as Exhibit C, is approved in its entirety. The Debtors are authorized to enter into any such Trade Agreements. The Debtors shall condition payment of Critical Vendor Claims upon the execution of a Trade Agreement.

6. Notwithstanding paragraph 4 of this Interim Order, the Debtors may (a) in their reasonable business judgement, negotiate, amend, or modify the form of Trade Agreement, and (b) decline to condition payment of Critical Vendor Claims upon the execution of a Trade Agreement.

7. Regardless of whether a Trade Agreement has been executed, if any party accepts payment hereunder and does not continue supplying goods or services to the Debtors in accordance with trade terms at least as favorable to the Debtors as the Customary Trade Terms then, subject

3

to the entry of a final order on the Motion from this Court: (a) any payment on account of a prepetition claim received by such party shall be deemed, in the Debtors' sole discretion, an improper postpetition transfer and, therefore, recoverable by the Debtors in cash upon written request by the Debtors; (b) upon recovery by the Debtors, any prepetition claim of such party shall be reinstated as if the payment had not been made; and (c) if there exists an outstanding postpetition balance due from the Debtors to such party, the Debtors may elect to recharacterize and apply any payment made pursuant to the relief requested by the Motion to such outstanding postpetition balance and such supplier or vendor will be required to repay to the Debtors such paid amounts that exceed the postpetition obligations then outstanding without the right of any setoffs, claims, provisions for payment of any claims, or otherwise.

8.    The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

9.    Nothing in this Interim Order authorizes the Debtors to accelerate any payments not otherwise due prior to the date of the Final Hearing.

10.    Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed: (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of the Debtors' right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Interim Order or the Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or

4

limitation of the Debtors' rights or the rights of any other person under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens. Any payment made pursuant to this Interim Order is not intended and should not be construed as an admission as the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

11. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order.

12. Any Critical Vendor that accepts payment from the Debtors on account of all or a portion of a Critical Vendor Claim pursuant to this Interim Order shall be deemed to (a) agree to the terms and provisions of this Interim Order, and (b) have waived, to the extent so paid, any and all prepetition claims, of any type, kind, or priority, against the Debtors, their assets, and properties.

13. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

14. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

15. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

5

16. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion (including, without limitation, making copies of this Interim Order, the Motion, and any materials or other information related thereto available in any local language in a jurisdiction in which the Debtors or their affiliates operate).

17. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

New York, New York  
Dated: _____, 2022

_____  
THE HONORABLE MARTIN GLENN  
UNITED STATES BANKRUPTCY JUDGE

**Exhibit B**

**Redline**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (——MG) |
|  | ) |  |
| Debtors. | ) | (Joint Administration Requested) |
|  | ) |  |

**INTERIM ORDER
(I) AUTHORIZING THE
DEBTORS TO PAY PREPETITION CLAIMS OF
CERTAIN CRITICAL VENDORS, FOREIGN VENDORS,
503(B)(9) CLAIMANTS, AND LIEN CLAIMANTS, (II) GRANTING
ADMINISTRATIVE EXPENSE PRIORITY TO ALL UNDISPUTED OBLIGATIONS
ON ACCOUNT OF OUTSTANDING ORDERS, AND (III) GRANTING RELATED
RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an interim order (this "Interim Order"): (a) authorizing, but not directing, the Debtors to pay, in the ordinary course of business, prepetition amounts owing on account of: (i) Critical Vendor Claims; (ii) claims of Foreign Vendor Claims; (iii) Lien Claims; (iv) 503(b)(9) Claims; (b) granting related relief; and (c) scheduling a final hearing to consider approval of the Motion on a final basis, all as more fully set forth in the Motion; and upon the First Day Declarations; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

*Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on an interim basis as set forth herein.

2. The final hearing (the "Final Hearing") on the Motion shall be held on _____, 2022, at__:__ _.m., prevailing Eastern Time. Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on _____, 2022, and shall be served on: (a) the Debtors, Celsius Network LLC, 121 River Street, PH05, Hoboken, New Jersey 07030, Attn: Ron Deutsch; (b) proposed counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C., and 300 North LaSalle, Chicago, Illinois 60654, Patrick J. Nash, Jr., P.C., and Ross M. Kwasteniet, P.C.; (c) the Office of the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Shara

2

Cornell, Mark Bruh, and Brian S. Masumoto; and (d) counsel to any statutory committee appointed in these chapter 11 cases.

3. The Debtors are authorized, in their sole discretion, to continue their prepetition business operations, policies, and programs and pay any accrued but unpaid prepetition Trade Claims, on a postpetition basis in the ordinary course of business on Customary Trade Terms or as may be necessary to secure a Vendor's agreement to continue business with the Debtors on Customary Trade Terms, up to the amount set forth for each category of Trade Claims set forth in the Motion.

4. The Debtors will provide the U.S. Trustee, via email, with a list of holders of each category of Trade Claim set forth in the Motion and the amounts owed as of the Petition Date and shall provide amendments or revisions to such list to the U.S. Trustee, via email, within seven (7) business days of the change in characterization of such claim holder or amounts owed. The Debtors shall maintain records of any such payment made and if requested shall provide, via email, records within seven (7) business days to the U.S. Trustee or any statutory committee appointed.

5. ~~4.~~ The form of Trade Agreement, substantially in the form attached to the Motion as <u>Exhibit C</u>, is approved in its entirety. The Debtors are authorized to enter into any such Trade Agreements. The Debtors shall condition payment of Critical Vendor Claims upon the execution of a Trade Agreement.

6. ~~5.~~ Notwithstanding paragraph 4 of this Interim Order, the Debtors may (a) in their reasonable business judgement, negotiate, amend, or modify the form of Trade Agreement, and (b) decline to condition payment of Critical Vendor Claims upon the execution of a Trade Agreement.

3

7.   6. Regardless of whether a Trade Agreement has been executed, if any party accepts payment hereunder and does not continue supplying goods or services to the Debtors in accordance with trade terms at least as favorable to the Debtors as the Customary Trade Terms then, subject to the entry of a final order on the Motion from this Court: (a) any payment on account of a prepetition claim received by such party shall be deemed, in the Debtors' sole discretion, an improper postpetition transfer and, therefore, recoverable by the Debtors in cash upon written request by the Debtors; (b) upon recovery by the Debtors, any prepetition claim of such party shall be reinstated as if the payment had not been made; and (c) if there exists an outstanding postpetition balance due from the Debtors to such party, the Debtors may elect to recharacterize and apply any payment made pursuant to the relief requested by the Motion to such outstanding postpetition balance and such supplier or vendor will be required to repay to the Debtors such paid amounts that exceed the postpetition obligations then outstanding without the right of any setoffs, claims, provisions for payment of any claims, or otherwise.

8.   7. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

9.   Nothing in this Interim Order authorizes the Debtors to accelerate any payments not otherwise due prior to the date of the Final Hearing.

10.   8. Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed: (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of the Debtors' right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition

4

claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Interim Order or the Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights or the rights of any other person under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens. Any payment made pursuant to this Interim Order is not intended and should not be construed as an admission as the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

11.    ~~9.~~ The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order.

12.    ~~10.~~ Any Critical Vendor that accepts payment from the Debtors on account of all or a portion of a Critical Vendor Claim pursuant to this Interim Order shall be deemed to (a) agree to the terms and provisions of this Interim Order, and (b) have waived, to the extent so paid, any and all prepetition claims, of any type, kind, or priority, against the Debtors, their assets, and properties.

13.    ~~11.~~ The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

5

14.  ~~12.~~ Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

15.  ~~13.~~ Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

16.  ~~14.~~ The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion (including, without limitation, making copies of this Interim Order, the Motion, and any materials or other information related thereto available in any local language in a jurisdiction in which the Debtors or their affiliates operate).

17.  ~~15.~~ This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

New York, New York
Dated: _____, 2022

_____
THE HONORABLE ~~[ ]~~ MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE