Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200

*Proposed Counsel to the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) Case No. 22-10964 (MG) |
| | ) |
| Debtors. | ) (Joint Administration Requested) |
| | ) |

### NOTICE OF FILING OF REVISED PROPOSED INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO (A) CONTINUE TO OPERATE THEIR CASH MANAGEMENT SYSTEM, (B) HONOR CERTAIN PREPETITION OBLIGATIONS RELATED THERETO, (C) MAINTAIN EXISTING BUSINESS FORMS, AND (D) CONTINUE TO PERFORM INTERCOMPANY TRANSACTIONS, (II) GRANTING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS TO POSTPETITION INTERCOMPANY BALANCES, AND (III) GRANTING RELATED RELIEF

**PLEASE TAKE NOTICE** that on July 14, 2022, the above-captioned debtors and debtors

in possession (collectively, the "Debtors") filed the *Debtors' Motion Seeking Entry of Interim and*

*Final Orders (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management*

*System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

*Business Forms, and (D) Continue to Perform Intercompany Transactions, (II) Granting
Superpriority Administrative Expense Status to Postpetition Intercompany Balances, and
(III) Granting Related Relief* [Docket No. 21] (the "<u>Motion</u>").

**PLEASE TAKE FURTHER NOTICE** that the Debtors hereby file a revised proposed
*Interim Order (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management
System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing
Business Forms, and (D) Continue to Perform Intercompany Transactions, (II) Granting
Superpriority Administrative Expense Status to Postpetition Intercompany Balances, and
(III) Granting Related Relief Relief* attached hereto as **<u>Exhibit A</u>** (the "<u>Revised Proposed Order</u>").

**PLEASE TAKE FURTHER NOTICE THAT** a comparison between the Revised
Proposed Order and the order filed with the Motion is attached hereto as **<u>Exhibit B</u>**.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion and other pleadings
filed in the above-captioned chapter 11 cases may be obtained free of charge by visiting the website
of Stretto at http://www.cases.stretto.com/celsius.  You may also obtain copies of any pleadings
by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures
and fees set forth therein.

*[Remainder of page intentionally left blank.]*

New York, New York
Dated: July 18, 2022

/s/ Joshua A. Sussberg

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:          jsussberg@kirkland.com

  - and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200
Email:          patrick.nash@kirkland.com
                ross.kwasteniet@kirkland.com

*Proposed Counsel to the Debtors and*
*Debtors in Possession*

## Exhibit A

**Revised Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

## INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO (A) CONTINUE TO OPERATE THEIR CASH MANAGEMENT SYSTEM, (B) HONOR CERTAIN PREPETITION OBLIGATIONS RELATED THERETO, (C) MAINTAIN EXISTING BUSINESS FORMS, AND (D) CONTINUE TO PERFORM INTERCOMPANY TRANSACTIONS, (II) GRANTING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS TO POSTPETITION INTERCOMPANY BALANCES, AND (III) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an interim order (this "Interim Order"), (a) authorizing, but not directing, the Debtors to (i) continue to operate their cash and cryptocurrency management system (the "Cash Management System"), (ii) honor certain prepetition obligations related thereto, (iii) maintain existing Business Forms in the ordinary course of business, and (iv) continue to perform Intercompany Transactions consistent with historical practice, (b) granting superpriority administrative expense status to postpetition intercompany balances, (c) granting related relief, and (d) scheduling a final hearing to consider approval of the Motion on a final basis, all as more fully set forth in the Motion; and upon the First Day Declarations; and this Court having

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012; and that this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefore, it is HEREBY ORDERED THAT:

1.      The Motion is granted on an interim basis as set forth herein.

2.      The final hearing (the "Final Hearing") on the Motion shall be held on _____, 2022, at__:__ _.m., prevailing Eastern Time.  Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on _____, 2022, and shall be served on:  (a)  the Debtors, Celsius Network LLC, 121 River Street, PH05, Hoboken, New Jersey 07030, Attn: Ron Deutsch; (b) proposed counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C., and 300 North LaSalle, Chicago, Illinois 60654, Patrick J. Nash, Jr., P.C. and Ross M. Kwasteniet, P.C.; (c) the Office of The United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite

2

1006, New York, New York 10014, Attn. Shara Cornell, Mark Bruh, and Brian S. Masumoto; and (d) counsel to any statutory committee appointed in these chapter 11 cases.

3.      The Debtors are authorized, on an interim basis and in their sole discretion, to: (a) continue operating the Cash Management System, substantially as illustrated on **Exhibit 1** attached hereto; (b) honor their prepetition obligations related thereto; and (c) continue to perform Intercompany Transactions consistent with historical practice; *provided* that Intercompany Transactions in cash between Debtors and their non-Debtor affiliates or for the benefit of their non-Debtor affiliates shall be deemed to be loans from the relevant Debtors to the relevant non-Debtor affiliates.

4.      The Debtors are authorized, on an interim basis and in their sole discretion, to: (a) continue to use, with the same account numbers, the Bank Accounts in existence as of the Petition Date, including those Bank Accounts identified on **Exhibit 2** attached hereto; (b) treat the Bank Accounts for all purposes as accounts of the Debtors as debtors in possession; (c) deposit funds in and withdraw funds from the Bank Accounts by all usual means, including checks, wire transfers, and other debits; (d) pay all prepetition Bank Fees; and (e) pay any ordinary course Bank Fees incurred in connection with the Bank Accounts, irrespective of whether such fees arose prior to the Petition Date, and to otherwise perform their obligations under the documents governing the Bank Accounts.

5.      The Debtors, on an interim basis, are authorized to continue to maintain and manage their cryptocurrency assets in the ordinary course of business.  For the avoidance of doubt, this does not authorize Intercompany Transfers of cryptocurrency assets from Debtors to non-Debtor affiliates on an interim basis; *provided* that the Debtors are authorized to transfer cryptocurrency assets from third-party platforms (including, but not limited to, Fireblocks) to platforms owned

and operated by non-Debtor affiliates so long as the Debtors remain in control of any transferred cryptocurrency assets and in possession of the "keys" necessary to access those assets regardless of what platforms such cryptocurrency assets are stored on.

6.      The Debtors are authorized, but not directed, to sell any Bitcoin mined by Debtor Celsius Mining LLC.

7.      Notwithstanding anything to the contrary in this Interim Order, nothing herein shall be interpreted as authorizing the Debtors to restart their platform, including the Swap Service, Earn program, retail lending, institutional lending, and Custody Service (as defined, as applicable, in the Mashinsky Declaration) or otherwise allow the buying, selling, trading, or withdrawal of cryptocurrency assets on the Debtors' platform.

8.      The Debtors are authorized, but not directed, to continue using, in their present form, the Business Forms, as well as checks and other documents related to the Bank Accounts existing immediately before the Petition Date, without reference to the Debtors' status as debtors in possession; *provided* that once the Debtors have exhausted their existing stock of Business Forms, the Debtors shall ensure that any new Business Forms are clearly labeled "Debtor-In-Possession"; *provided*, *further*, with respect to any Business Forms that exist or are generated electronically, to the extent reasonably practicable, the Debtors shall ensure that such electronic Business Forms are clearly labeled "Debtor-In-Possession."

9.      The Cash Management Banks at which the Bank Accounts are maintained are authorized to continue to maintain, service, and administer the Bank Accounts as accounts of the Debtors as debtors in possession without interruption and in the ordinary course, and to receive, process, honor, and pay, to the extent of available funds, any and all checks, drafts, wires, and

ACH transfers issued and drawn on the Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be.

10.     All Cash Management Banks provided with notice of this Interim Order maintaining any of the Bank Accounts shall not honor or pay any bank payments drawn on the listed Bank Accounts, or otherwise issued before the Petition Date, absent further direction from the Debtors.

11.     The Debtors will maintain records in the ordinary course reflecting transfers of cash, if any, including Intercompany Transactions, so as to permit all such transactions to be ascertainable.

12.     In the course of providing cash management services to the Debtors, the Cash Management Banks at which the Bank Accounts are maintained are authorized, without further order of the Court, to deduct the applicable fees and expenses associated with the nature of the deposit and cash management services rendered to the Debtors, whether arising prepetition or postpetition, from the appropriate accounts of the Debtors, and further, to charge back to, and take and apply reserves from, the appropriate accounts of the Debtors any amounts resulting from returned checks or other returned items, including returned items that result from ACH transactions, wire transfers, merchant services transactions or other electronic transfers of any kind, regardless of whether such items were deposited or transferred prepetition or postpetition and regardless of whether the returned items relate to prepetition or postpetition items or transfers.

13.     Each Bank is authorized to debit the Bank Accounts in the ordinary course of business without the need for further order of the Court for: (a) all checks drawn on the Bank Accounts which are cashed at such Cash Management Bank's counters or exchanged for cashier's checks by the payees thereof prior to the Petition Date; (b) all checks or other items deposited in

5

one of the Bank Accounts with such Cash Management Bank prior to the Petition Date which have been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtors were responsible for such items prior to the Petition Date; (c) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to any Cash Management Bank as service charges for the maintenance of the Cash Management System; and (d) all reversals, returns, refunds, and chargebacks of checks, deposited items, and other debits credited to Debtor's account after the Petition Date, regardless of the reason such item is returned or reversed (including, without limitation, for insufficient funds or a consumer's statutory right to reverse a charge).

14.     Each of the Cash Management Banks may rely on the representations of the Debtors with respect to whether any check or other payment order drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this or any other order of the Court, and such Cash Management Bank shall not have any liability to any party for relying on such representations by the Debtors as provided for herein.

15.     Those agreements existing between the Debtors and the Cash Management Banks shall continue to govern the postpetition cash management relationship between the Debtors and the Cash Management Banks, subject to applicable bankruptcy or other law, all of the provisions of such agreements, including the termination, fee provisions, rights, benefits, offset rights and remedies afforded under such agreements shall remain in full force and effect absent further order of the Court or, with respect to any such agreement with any Cash Management Bank (including, for the avoidance of doubt, any rights of a Bank to use funds from the Bank Accounts to remedy any overdraft of another Bank Account to the extent permitted under the applicable deposit agreement), unless the Debtors and such Bank agree otherwise, and any other legal rights and

6

remedies afforded to the Cash Management Banks under applicable law shall be preserved, subject to applicable bankruptcy law.

16.    The requirement to establish separate bank accounts for cash collateral and/or tax payments is hereby waived on an interim basis pending a final hearing on the Motion.

17.    Notwithstanding anything to the contrary set forth herein, the Debtors are authorized, but not directed, to continue Intercompany Transactions between and among Debtor entities arising from or related to the operation of their business in the ordinary course; *provided* that each Debtor shall (a) continue to pay its own obligations consistent with such Debtor's past practice with respect to Intercompany Transactions and related obligations, and in no event shall any of the Debtors pay for the prepetition or postpetition obligations incurred or owed by any of the other Debtors in a manner inconsistent with past practices and (b) beginning on the Petition Date, maintain (i) current records of intercompany balances; (ii) a Debtor by Debtor summary on a monthly basis of any postpetition Intercompany Transactions involving the transfer of cash for the preceding month (to be available on the 21st day of the following month); and (iii) reasonable access to the Debtors' advisors with respect to such records.

18.    All postpetition transfers and payments from the Debtors to another Debtor under any postpetition Intercompany Transactions authorized hereunder are hereby accorded superpriority administrative expense status under section 503(b) of the Bankruptcy Code.

19.    Notwithstanding the Debtors' use of a consolidated Cash Management System, the Debtors shall calculate quarterly fees (to be paid in U.S. dollars) under 28 U.S.C. § 1930(a)(6) based on the disbursements of each Debtor, regardless of which entity pays those disbursements. For the avoidance of doubt, all disbursements pursuant to the foregoing shall be made in U.S. dollars.

20.     Those certain existing deposit and service agreements between the Debtors and the Cash Management Banks shall continue to govern the postpetition cash management relationship between the Debtor and the Cash Management Banks, and that all of the provisions of such agreements, including, without limitation, the termination, chargeback, and fee provisions, shall remain in full force and effect.

21.     The Debtors and the Cash Management Banks may, without further order of the Court, agree to and implement changes to the Cash Management System and procedures in the ordinary course of business, including, without limitation, the opening and closing of bank accounts; *provided* that in the event the Debtors open a new bank account they shall open one at an authorized depository; *provided, further*, that within five (5) business days the Debtors shall give notice of the opening of any new bank accounts or closing of any Bank Account to the U.S. Trustee and any statutory committee appointed in these cases.

22.     The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with any Bank Fees.

23.     Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed: (a) an admission as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Interim Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors'

8

rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens. Any payment made pursuant to this Interim Order is not intended and should not be construed as an admission as the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

24.    The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order.

25.    Nothing in this Interim Order shall modify or impair the ability of any party in interest to contest how the Debtors account, including, without limitation, the validity or amount set forth in such accounting for any Intercompany Transaction or Intercompany Balance. The rights of all parties in interest with the respect thereto are fully preserved.

26.    To the extent any of the Debtors' Bank Accounts, Brokerage Accounts, and investment accounts are not in compliance with section 345(b) of the Bankruptcy Code or any of the U.S. Trustee's requirements or guidelines, the Debtors shall have until a date that is 45 days from the Petition Date, without prejudice to seeking an additional extension, to come into compliance with section 345(b) of the Bankruptcy Code and any of the U.S. Trustee's requirements or guidelines; *provided* that nothing herein shall prevent the Debtors or the U.S. Trustee from seeking further relief from the Court to the extent that an agreement cannot be

9

reached.  The Debtors may obtain a further extension of the 45-day period referenced above by written stipulation with the U.S. Trustee and filing such stipulation on the Court's docket without the need for further Court order.

27.     As soon as practicable after entry of this Interim Order, the Debtors shall serve a copy of this Interim Order on the Cash Management Banks.

28.     The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

29.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

30.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

31.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

32.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

New York, New York
Dated: _____, 2022

_____
THE HONORABLE [●]
UNITED STATES BANKRUPTCY JUDGE

## Exhibit 1

**Cash Management System Schematic**

# Cash Schematic (excludes brokerage accounts)



\* Account operates with sub-account that has access to a block-chain based digital payments platform.  Platform allows company and customers to transact in off-banking hours by sending/receiving tokenized USD.
Treasury funds the sub-account ahead of disbursements and manually sweeps funds into fiat parent account after receipts.

## **Exhibit 2**

**Bank Account**

| No. | Entity | Bank | Location | Description | Account No. |
|---|---|---|---|---|---|
| 1. | Celsius Network Limited | Signature Bank | New York | OTC | xxx0344 |
| 2. | Celsius Network Limited | Signature Bank | New York | Operating | xxx0999 |
| 3. | Celsius Network Limited | Signature Bank | New York | Treasury | xxx2589 |
| 4. | Celsius Mining LLC | Signature Bank | New York | Operating | xxx4445 |
| 5. | Celsius Networks Lending LLC | Signature Bank | New York | Lending | xxx5677 |
| 6. | Celsius Lending LLC | Signature Bank | New York | Lending | xxx6687 |
| 7. | Celsius Network LLC | Signature Bank | New York | Operating | xxx8569 |
| 8. | Celsius Network Limited | Signature Bank | New York | Operating | xxx9778 |
| 9. | Celsius Network LLC | Signature Bank | New York | Collateral | xxx2073 |
| 10. | Celsius Network Limited | Signature Bank | New York | Collateral | xxx9786 |
| 11. | Celsius Network Limited | Oppenheimer & Co. Inc. | New York | Brokerage | xxx9697 |
| 12. | Celsius Network Limited | ED&F Man Capital Markets, Inc. | Illinois | Brokerage | xxx1000 |
| 13. | Celsius Network Limited | Signature Securities Group Corporation | New York | Brokerage | xxx0783 |
| 14. | Celsius Network Inc. | Signature Bank | New York | Operating | xxx2597 |

**<u>Exhibit B</u>**

**Redline**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (——)(MG) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

INTERIM ORDER (I) AUTHORIZING THE DEBTORS
TO (A) CONTINUE TO OPERATE THEIR CASH MANAGEMENT
SYSTEM, (B) HONOR CERTAIN PREPETITION OBLIGATIONS RELATED
THERETO, (C) MAINTAIN EXISTING BUSINESS FORMS, AND (D) CONTINUE TO
PERFORM  INTERCOMPANY TRANSACTIONS, (II) GRANTING SUPERPRIORITY
ADMINISTRATIVE EXPENSE STATUS TO POSTPETITION INTERCOMPANY
BALANCES, AND (III) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an interim order (this "Interim Order"), (a) authorizing, but not directing, the Debtors to (i) continue to operate their cash and cryptocurrency management system (the "Cash Management System"), (ii) honor certain prepetition obligations related thereto, (iii) maintain existing Business Forms in the ordinary course of business, and (iv) continue to perform Intercompany Transactions consistent with historical practice, (b) granting superpriority administrative expense status to postpetition intercompany balances, (c) granting related relief, and (d) scheduling a final hearing to consider approval of the Motion on a final basis, all as more fully set forth in the Motion; and upon the First Day Declarations; and this Court having

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012; and that this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefore, it is HEREBY ORDERED THAT:

1.      The Motion is granted on an interim basis as set forth herein.

2.      The final hearing (the "Final Hearing") on the Motion shall be held on _____, 2022, at__:__ _.m., prevailing Eastern Time.  Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on _____, 2022, and shall be served on:  (a)  the Debtors, Celsius Network LLC, 121 River Street, PH05, Hoboken, New Jersey 07030, Attn: Ron Deutsch; (b) proposed counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C., and 300 North LaSalle, Chicago, Illinois 60654, Patrick J. Nash, Jr., P.C. and Ross M. Kwasteniet, P.C.; (c) the Office of The United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite

1006, New York, New York 10014, Attn. Shara Cornell, Mark Bruh, and Brian S. Masumoto; and (d) counsel to any statutory committee appointed in these chapter 11 cases.

3.      The Debtors are authorized, on an interim basis and in their sole discretion, to: (a) continue operating the Cash Management System, substantially as illustrated on **Exhibit 1** attached hereto; (b) honor their prepetition obligations related thereto; and (c) continue to perform Intercompany Transactions consistent with historical practice; *provided* that Intercompany Transactions in cash between Debtors and their non-Debtor affiliates or for the benefit of their non-Debtor affiliates shall be deemed to be loans from the relevant Debtors to the relevant non-Debtor affiliates.

4.      The Debtors are authorized, on an interim basis and in their sole discretion, to: (a) continue to use, with the same account numbers, the Bank Accounts in existence as of the Petition Date, including those Bank Accounts identified on **Exhibit 2** attached hereto; (b) treat the Bank Accounts for all purposes as accounts of the Debtors as debtors in possession; (c) deposit funds in and withdraw funds from the Bank Accounts by all usual means, including checks, wire transfers, and other debits; (d) pay all prepetition Bank Fees; and (e) pay any ordinary course Bank Fees incurred in connection with the Bank Accounts, irrespective of whether such fees arose prior to the Petition Date, and to otherwise perform their obligations under the documents governing the Bank Accounts.

5.      ~~The Debtors are authorized to continue to maintain and manage their cryptocurrency assets in their reasonable discretion.~~

5.      The Debtors, on an interim basis, are authorized to continue to maintain and manage their cryptocurrency assets in the ordinary course of business.  For the avoidance of doubt, this does not authorize Intercompany Transfers of cryptocurrency assets from Debtors to non-Debtor

3

affiliates on an interim basis; *provided* that the Debtors are authorized to transfer cryptocurrency assets from third-party platforms (including, but not limited to, Fireblocks) to platforms owned and operated by non-Debtor affiliates so long as the Debtors remain in control of any transferred cryptocurrency assets and in possession of the "keys" necessary to access those assets regardless of what platforms such cryptocurrency assets are stored on.

6.       The Debtors are authorized, but not directed, to sell any Bitcoin mined by Debtor Celsius Mining LLC.

7.       Notwithstanding anything to the contrary in this Interim Order, nothing herein shall be interpreted as authorizing the Debtors to restart their platform, including the Swap Service, Earn program, retail lending, institutional lending, and Custody Service (as defined, as applicable, in the Mashinsky Declaration) or otherwise allow the buying, selling, trading, or withdrawal of cryptocurrency assets on the Debtors' platform.

6.8.    The Debtors are authorized, but not directed, to continue using, in their present form, the Business Forms, as well as checks and other documents related to the Bank Accounts existing immediately before the Petition Date, without reference to the Debtors' status as debtors in possession; *provided* that once the Debtors have exhausted their existing stock of Business Forms, the Debtors shall ensure that any new Business Forms are clearly labeled "Debtor-In-Possession"; *provided*, *further*, with respect to any Business Forms that exist or are generated electronically, to the extent reasonably practicable, the Debtors shall ensure that such electronic Business Forms are clearly labeled "Debtor-In-Possession."

7.9.    The Cash Management Banks at which the Bank Accounts are maintained are authorized to continue to maintain, service, and administer the Bank Accounts as accounts of the Debtors as debtors in possession without interruption and in the ordinary course, and to receive,

process, honor, and pay, to the extent of available funds, any and all checks, drafts, wires, and ACH transfers issued and drawn on the Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be.

8.10.    All Cash Management Banks provided with notice of this Interim Order maintaining any of the Bank Accounts shall not honor or pay any bank payments drawn on the listed Bank Accounts, or otherwise issued before the Petition Date, absent further direction from the Debtors.

9.11.    The Debtors will maintain records in the ordinary course reflecting transfers of cash, if any, including Intercompany Transactions, so as to permit all such transactions to be ascertainable.

10.12.  In the course of providing cash management services to the Debtors, the Cash Management Banks at which the Bank Accounts are maintained are authorized, without further order of the Court, to deduct the applicable fees and expenses associated with the nature of the deposit and cash management services rendered to the Debtors, whether arising prepetition or postpetition, from the appropriate accounts of the Debtors, and further, to charge back to, and take and apply reserves from, the appropriate accounts of the Debtors any amounts resulting from returned checks or other returned items, including returned items that result from ACH transactions, wire transfers, merchant services transactions or other electronic transfers of any kind, regardless of whether such items were deposited or transferred prepetition or postpetition and regardless of whether the returned items relate to prepetition or postpetition items or transfers.

11.13.  Each Bank is authorized to debit the Bank Accounts in the ordinary course of business without the need for further order of the Court for: (a) all checks drawn on the Bank Accounts which are cashed at such Cash Management Bank's counters or exchanged for cashier's

checks by the payees thereof prior to the Petition Date; (b) all checks or other items deposited in one of the Bank Accounts with such Cash Management Bank prior to the Petition Date which have been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtors were responsible for such items prior to the Petition Date; (c) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to any Cash Management Bank as service charges for the maintenance of the Cash Management System; and (d) all reversals, returns, refunds, and chargebacks of checks, deposited items, and other debits credited to Debtor's account after the Petition Date, regardless of the reason such item is returned or reversed (including, without limitation, for insufficient funds or a consumer's statutory right to reverse a charge).

12.14.  Each of the Cash Management Banks may rely on the representations of the Debtors with respect to whether any check or other payment order drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this or any other order of the Court, and such Cash Management Bank shall not have any liability to any party for relying on such representations by the Debtors as provided for herein.

13.15.  Those agreements existing between the Debtors and the Cash Management Banks shall continue to govern the postpetition cash management relationship between the Debtors and the Cash Management Banks, subject to applicable bankruptcy or other law, all of the provisions of such agreements, including the termination, fee provisions, rights, benefits, offset rights and remedies afforded under such agreements shall remain in full force and effect absent further order of the Court or, with respect to any such agreement with any Cash Management Bank (including, for the avoidance of doubt, any rights of a Bank to use funds from the Bank Accounts to remedy any overdraft of another Bank Account to the extent permitted under the applicable deposit

6

agreement), unless the Debtors and such Bank agree otherwise, and any other legal rights and remedies afforded to the Cash Management Banks under applicable law shall be preserved, subject to applicable bankruptcy law.

14.16.  The requirement to establish separate bank accounts for cash collateral and/or tax payments is hereby waived on an interim basis pending a final hearing on the Motion.

15.17.  Notwithstanding anything to the contrary set forth herein, the Debtors are authorized, but not directed, to continue Intercompany Transactions between and among Debtor entities arising from or related to the operation of their business in the ordinary course; *provided* that each Debtor shall (a) continue to pay its own obligations consistent with such Debtor's past practice with respect to Intercompany Transactions and related obligations, and in no event shall any of the Debtors pay for the prepetition or postpetition obligations incurred or owed by any of the other Debtors in a manner inconsistent with past practices and (b) beginning on the Petition Date, maintain (i) current records of intercompany balances; (ii) a Debtor by Debtor summary on a monthly basis of any postpetition Intercompany Transactions involving the transfer of cash for the preceding month (to be available on the 21st day of the following month); and (iii) reasonable access to the Debtors' advisors with respect to such records.

16.18.  All postpetition transfers and payments from the Debtors to another Debtor under any postpetition Intercompany Transactions authorized hereunder are hereby accorded superpriority administrative expense status under section 503(b) of the Bankruptcy Code.

17.19.  Notwithstanding the Debtors' use of a consolidated Cash Management System, the Debtors shall calculate quarterly fees (to be paid in U.S. dollars) under 28 U.S.C. § 1930(a)(6) based on the disbursements of each Debtor, regardless of which entity pays those disbursements.

For the avoidance of doubt, all disbursements pursuant to the foregoing shall be made in U.S. dollars.

18.20.  Those certain existing deposit and service agreements between the Debtors and the Cash Management Banks shall continue to govern the postpetition cash management relationship between the Debtor and the Cash Management Banks, and that all of the provisions of such agreements, including, without limitation, the termination, chargeback, and fee provisions, shall remain in full force and effect.

19.21.  The Debtors and the Cash Management Banks may, without further order of the Court, agree to and implement changes to the Cash Management System and procedures in the ordinary course of business, including, without limitation, the opening and closing of bank accounts; *provided* that in the event the Debtors open a new bank account they shall open one at an authorized depository; *provided, further,* that within five (5) business days the Debtors shall give notice of the opening of any new bank accounts or closing of any Bank Account to the U.S. Trustee within five (5) business days and any statutory committee appointed in these cases.

20.22.  The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with any Bank Fees.

21.23.  Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed: (a) an admission as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this

Interim Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens.  Any payment made pursuant to this Interim Order is not intended and should not be construed as an admission as the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

22.24.  The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order.

23.25.  Nothing in this Interim Order shall modify or impair the ability of any party in interest to contest how the Debtors account, including, without limitation, the validity or amount set forth in such accounting for any Intercompany Transaction or Intercompany Balance.  The rights of all parties in interest with the respect thereto are fully preserved.

24.26.  To the extent any of the Debtors' Bank Accounts, Brokerage Accounts, and investment accounts are not in compliance with section 345(b) of the Bankruptcy Code or any of the U.S. Trustee's requirements or guidelines, the Debtors shall have until a date that is 45 days from the Petition Date, without prejudice to seeking an additional extension, to come into compliance with section 345(b) of the Bankruptcy Code and any of the U.S. Trustee's

requirements or guidelines; *provided* that nothing herein shall prevent the Debtors or the U.S. Trustee from seeking further relief from the Court to the extent that an agreement cannot be reached.  The Debtors may obtain a further extension of the 45-day period referenced above by written stipulation with the U.S. Trustee and filing such stipulation on the Court's docket without the need for further Court order.

25.27.  As soon as practicable after entry of this Interim Order, the Debtors shall serve a copy of this Interim Order on the Cash Management Banks.

26.28.  The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

27.29.  Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

28.30.  Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

29.31.  The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

30.32.  This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

New York, New York
Dated: _____, 2022

_____
THE HONORABLE [●]
UNITED STATES BANKRUPTCY JUDGE

## Exhibit 1

**Cash Management System Schematic**

## Exhibit 2

**Bank Account**

| No. | Entity | Bank | Location | Description | Account No. |
|---|---|---|---|---|---|
| 1. | Celsius Network Limited | Signature Bank | New York | OTC | xxx0344 |
| 2. | Celsius Network Limited | Signature Bank | New York | Operating | xxx0999 |
| 3. | Celsius Network Limited | Signature Bank | New York | Treasury | xxx2589 |
| 4. | Celsius Mining LLC | Signature Bank | New York | Operating | xxx4445 |
| 5. | Celsius Networks Lending LLC | Signature Bank | New York | Lending | xxx5677 |
| 6. | Celsius Lending LLC | Signature Bank | New York | Lending | xxx6687 |
| 7. | Celsius Network LLC | Signature Bank | New York | Operating | xxx8569 |
| 8. | Celsius Network Limited | Signature Bank | New York | Operating | xxx9778 |
| 9. | Celsius Network LLC | Signature Bank | New York | Collateral | xxx2073 |
| 10. | Celsius Network Limited | Signature Bank | New York | Collateral | xxx9786 |
| 11. | Celsius Network Limited | Oppenheimer & Co. Inc. | New York | Brokerage | xxx9697 |
| 12. | Celsius Network Limited | ED&F Man Capital Markets, Inc. | Illinois | Brokerage | xxx1000 |
| 13. | Celsius Network Limited | Signature Securities Group Corporation | New York | Brokerage | xxx0783 |
| 14. | Celsius Network Inc. | Signature Bank | New York | Operating | xxx2597 |