**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**INTERIM ORDER (I) AUTHORIZING THE
DEBTORS TO (A) PAY THEIR OBLIGATIONS UNDER
PREPETITION INSURANCE POLICIES, (B) CONTINUE TO
PAY CERTAIN BROKERAGE FEES, (C) RENEW, SUPPLEMENT,
MODIFY, OR PURCHASE INSURANCE COVERAGE, AND (D) MAINTAIN
THEIR SURETY BOND PROGRAM AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an interim order (this "Interim Order"), (a) authorizing the Debtors to (i) pay their obligations under the Insurance Policies entered into prepetition, (ii) continue to pay certain Brokerage Fees, (iii) renew, supplement, modify, or purchase insurance coverage in the ordinary course, and (iv) maintain their Surety Bonds, (b) granting related relief, and (c) scheduling a final hearing to consider approval of the Motion on a final basis; all as more fully set forth in the Motion; and upon the First Day Declarations; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012; and this Court having the power to enter a final order consistent with

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on an interim basis as set forth herein.

2. The final hearing (the "Final Hearing") on the Motion shall be held on August 8, 2022, at 10:00 a.m., prevailing Eastern Time.[3] Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on August 1, 2022, and shall be served on: (a) the Debtors, Celsius Network LLC, 121 River Street, PH05, Hoboken, New Jersey 07030, Attn: Ron Deutsch; (b) proposed counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C., and 300 North LaSalle, Chicago, Illinois 60654, Patrick J. Nash, Jr., P.C., and Ross M.

---

[3] The Court shall provide a Zoom link to those persons who have made an eCourtAppearance by 4 PM the business day before the hearing. Any party appearing at, listening to, or observing the Hearing, must make an electronic appearance, an eCourtAppearance, by using the eCourtAppearance portal located on the Court's website, https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl, or by clicking the "eCourtAppearances" tab on Chief Judge Glenn's page of the Court's website at, http://www.nysb.uscourts.gov/content/chief-judge-martin-glenn. After the deadline to make appearances passes, the Court will send Outlook invitations to those persons who made eCourtAppearances, using the email addresses submitted with those appearances.

Kwasteniet, P.C.; (c) the Office of the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Shara Cornell, Mark Bruh, and Brian S. Masumoto; and (d) counsel to any statutory committee appointed in these chapter 11 cases.

3. The Debtors are authorized to continue the Insurance Policies, including, but not limited to, the Insurance Policies identified on **Exhibit C** to the Motion, and, in their sole discretion, pay any prepetition or postpetition obligations related to the Insurance Policies, Premium Payments, Brokerage Fees, and any other related expenses, including those amounts that would come due in the ordinary course within the 21 days after the Petition Date.

4. The Debtors are authorized, in their sole discretion, to renew, amend, supplement, extend, or purchase existing or additional insurance policies in the ordinary course of business on a postpetition basis, as well as replace any of the Insurance Brokers as may be necessary.

5. The Debtors are authorized to honor any amounts owed on account of any audits that take place in the ordinary course of business.

6. Nothing in this Interim Order shall constitute a postpetition assumption of any obligations related to the Insurance Policies pursuant to section 365 of the Bankruptcy Code.

7. Nothing in this Interim Order authorizes the Debtors to accelerate any payments not otherwise due prior to the date of the Final Hearing.

8. Nothing in this Interim Order shall: (a) alter or amend the terms and conditions of the Insurance Policies; (b) relieve the Debtors of any of their obligations under the Insurance Policies; (c) preclude or limit, in any way, the rights of any insurer to contest and/or litigate the existence, primacy, and/or scope of available coverage under the Insurance Policies; or (d) create

a direct right of action against any insurers or third party administrators where such right of action does not already exist under non-bankruptcy law.

9. The Debtors are authorized to maintain their Surety Bond Program, including the Surety Bonds identified on **Exhibit D** to the Motion, without interruption, and in their sole discretion: (a) pay Surety Premiums as they come due; (b) renew or potentially acquire additional bonding capacity, as necessary, in the ordinary course of business; (c) request releases from duplicate bonding obligations; (d) cancel, revise, and/or supplement Surety Bonds; (e) renew, supplement, and/or cancel letters of credit or other forms of collateral as may be necessary; (f) pay Surety Brokerage Fees; (g) provide collateral and comply with collateral and indemnity requirements in the ordinary course of business; (h) replace the Surety Broker as may be necessary; and (i) execute other agreements in connection with the Surety Bonds Program.

10. Nothing in this Interim Order shall require the Surety to issue any new bonds or maintain, modify, renew, or increase the penal sum or amount of any of the existing Surety Bonds.

11. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

12. Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed: (a) an admission as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Interim Order or the Motion; (e) a request or authorization to assume any agreement, contract, or

lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens. Any payment made pursuant to this Interim Order is not intended and should not be construed as an admission as the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

13. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order.

14. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

15. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

16. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

[*Remainder of page intentionally left blank*]

17. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

18. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

**IT IS SO ORDERED.**

Dated:   July 19, 2022
         New York, New York

                                              **/s/ Martin Glenn**
                                              MARTIN GLENN
                                              Chief United States Bankruptcy Judge