July 21, 2022

To: Honorable Martin Glenn,

I am writing to you as I am concerned with one of the Key Legal Questions Celsius Network included in their presentation to the court on July 18, 2022. The question reads:

- Can Celsius recover customer withdrawals or loan liquidations completed in the 90 days before filing as preferences? (see attachment, key legal questions)

I think allowing Celsius Network to do this would be grossly unfair to its customers for two reasons.

1. Celsius consumer retail users are not only creditors, but they are of course first and foremost, the customers of Celsius Network. They are not suppliers to which Celsius owes money.
2. The CEO of Celsius, Alex Mashinsky, and Celsius Network, maintained right up until they froze withdrawals on June 13 (CET), that they were both solvent and had enough liquid assets on hand to meet obligations.

**Celsius Retail Users are Customers, not Suppliers**

The most basic functions Celsius customers perform are twofold. Transferring digital assets to their unique account within Celsius, in effect lending those digital assets (digital property or digital securities) to Celsius. And withdrawing the assets lent to Celsius, effectively ending the lending agreement and reassuming full ownership of their digital assets. They of course can take advantage of a number of services once they have assets on their Celsius account, such as automatically earning yield for Earn accounts, but these services are not relevant to my concern.

I believe it would be grossly unfair to treat such customers transacting these basic business functions with Celsius as simply creditors, as this is the core of the relationship between Celsius and its **customers**, transfer in/earn yield/transfer out.

To make a loose analogy, it would be like an online manufacturer of shoes declaring chapter 11. During the 90 days prior to filing they have pre-paid orders for shoes, and they delivered the shoes they "owed" to these customers up until the filing date. It would not make sense for the court to allow the debtor to claw back the shoes delivered to customers during the 90 day period before filing, as these are goods they delivered to customers per normal business, and the shoes of course are now the customer's property.

This is the same with Celsius. The digital assets Celsius customers withdrew, or Celsius still owes its customers, are not money owed as defined by the law. The SEC considers Bitcoin and Ethereum as digital property, and most other digital assets as digital securities. From a tax perspective, they are all considered capital assets, which when sold, result in a capital gain or loss. This even applies to stable

coins, which as we learned with the Terra UST stable coin collapse, can drop in value, and result in a capital loss if sold. Per Celsius terms and conditions, a customer may withdraw their digital assets (digital property or digital securities), "**at any time**". See attachment, withdrawal terms.

I ask the court to consider if there is there any precedence of a chapter 11 debtor, clawing back property and/or securities, for preference, from retail customers?

**Celsius maintained they were both Solvent and Liquid**

I understand one of the requirements for a clawback, is that the debtor was insolvent through the 90 day period prior to them filing for chapter 11. While we don't yet know if this is the case or not with Celsius, the only thing retail investors had to go by was what Celsius and the CEO said. What did they say? (Dates are Central European time).

May 11, 2022, see attachment, the CEO tweets "All funds are safe."

Nobody's words carry more weight than the words of the CEO, period. Can all funds be safe if the company is insolvent? No, for all funds to be safe, Celsius must have access to all the funds, liquid or not. Either Celsius was solvent at this point in time, or the CEO was not telling the truth and deliberately misleading customers. Retail investors can only trust and go by what the CEO says.

June 7, 2022, see the following link. Celsius published a blog entitled "Damn the Torpedoes, Full Speed Ahead". In the blog I quote "Celsius has the reserves (and more than enough ETH) to meet obligations, as dictated by our comprehensive liquidity risk management framework."

In this case Celsius is stating they have the liquidity required to operate and meet obligations. The main obligation they need liquidity for, of course, is to service withdrawals. Celsius had the audacity to publish this just 6 days before they froze withdrawals, misleading customers. Again, retail customers can only go by what was written by Celsius in this official company blog.

[https://blog.celsius.network/damn-the-torpedoes-full-speed-ahead-4123847832af](https://blog.celsius.network/damn-the-torpedoes-full-speed-ahead-4123847832af)

June 12, 2022, see attachment, no problem withdrawing, where the CEO tweets "do you know even one person who has a problem withdrawing from Celsius?" Again, asserting Celsius has no problems with withdrawals, and strongly implying they still have the required liquidity to meet obligations, less than 24 hours before they stopped allowing withdrawals. The CEO's words matter. The retail customer had no warning from Celsius until…

June 13, 2022, Celsius Network announces they have "paused" withdrawals, and customer funds have been locked and inaccessible since this time.

July 13, 2022, Celsius Network files for chapter 11.

I believe retail customers have nothing better to go by than the words of the CEO, and an official company blog. Any withdrawals customers made during the 90 day period prior to filing were made in good faith, while Celsius and the CEO stated right up until they froze customer withdrawals that they were solvent and had the liquidity to meet obligations. Customers who withdrew their digital assets were simply conducting normal business per Celsius terms and conditions (can withdraw at **any** time).

Even after Celsius halted withdrawals, many Celsius customers on Twitter still believed Celsius was only illiquid, and not insolvent, again based on the CEO's previous statements and words. Not until Celsius filed for chapter 11 a month later and disclosed their high level balance sheet, did it become clear Celsius is insolvent.

The retail customer should not have a clawback of their digital property and securities they withdrew back into their possession, when every indication from the CEO and Celsius during this 90 day period prior to filing, was that they were solvent and able to meet obligations. Withdrawals made during this time were made as part of normal business in accordance with the Celsius terms and conditions, that they may withdraw their digital assets **at any time**.

My thanks for taking the time to read this. I ask you take this all into consideration, and especially the words of the CEO, in your decision for this legal question, and through the chapter 11 process.

Jeff S