Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois  60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Proposed Counsel to the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## NOTICE OF HEARING ON DEBTORS' MOTION
## FOR ENTRY OF AN ORDER (I) ESTABLISHING PROCEDURES
## FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES
## FOR RETAINED PROFESSIONALS AND (II) GRANTING RELATED RELIEF

**PLEASE TAKE NOTICE** that a hearing on the *Debtors' Motion for Entry of an Order*

*(I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for*

*Retained Professionals and (II) Granting Related Relief* (the "Motion") will be held on

**August 8, 2022, at 10:00 a.m., prevailing Eastern Time** (the "Hearing").  In accordance with

General Order M-543 dated March 20, 2020, the Hearing will be conducted remotely using Zoom

for Government.  Parties wishing to appear at the Hearing, whether making a "live" or "listen

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

only" appearance before the Court, need to make an electronic appearance through the Court's website at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the relief requested in the Motion shall: (a) be in writing; (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York; (c) be filed electronically with the Court on the docket of *In re Celsius Network LLC*, No. 22-10964 (MG) by registered users of the Court's electronic filing system and in accordance with all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York (which are available on the Court's website at http://www.nysb.uscourts.gov); and (d) be served so as to be actually received by **August 5, 2022, at 4:00 p.m., prevailing Eastern Time**, by (i) the entities on the Master Service List available on the case website of the above-captioned debtors and debtors in possession (the "Debtors") at https://cases.stretto.com/celsius and (ii) any person or entity with a particularized interest in the subject matter of the Motion.

**PLEASE TAKE FURTHER NOTICE** that only those responses or objections that are timely filed, served, and received will be considered at the Hearing. Failure to file a timely objection may result in entry of a final order granting the Motion as requested by the Debtors.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion and other pleadings filed in these chapter 11 cases may be obtained free of charge by visiting the website of Stretto at https://cases.stretto.com/celsius. You may also obtain copies of the Motion and other pleadings filed in these chapter 11 cases by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

New York, New York
Dated: July 25, 2022

/s/ *Joshua A. Sussberg*
_____

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:        (212) 446-4800
Facsimile:        (212) 446-4900
Email:            jsussberg@kirkland.com

- and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:        (312) 862-2000
Facsimile:        (312) 862-2200
Email:            patrick.nash@kirkland.com
                  ross.kwasteniet@kirkland.com

*Proposed Counsel to the Debtors and
Debtors in Possession*

Hearing Date and Time: **August 8, 2022, at 10:00 a.m. (prevailing Eastern Time)**
Objection Deadline: **August 5, 2022, at 4:00 p.m. (prevailing Eastern Time)**

Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Proposed Counsel to the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

## DEBTORS' MOTION FOR ENTRY OF
## AN ORDER (I) ESTABLISHING PROCEDURES
## FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES
## FOR RETAINED PROFESSIONALS AND (II) GRANTING RELATED RELIEF

The above-captioned debtors and debtors in possession (collectively, the "Debtors")

respectfully state the following in support of this motion (this "Motion"):

### Relief Requested

1.    The Debtors seek entry of an order, substantially in the form attached hereto as

**Exhibit A** (the "Order"): (a) approving the Compensation Procedures (as defined below) for an

orderly, regular process for the allowance and payment of compensation and reimbursement of

expenses for attorneys and other professionals whose retentions are approved by the Court

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

(as defined below) pursuant to sections 327 or 1103 of title 11 of the United States Code (the "Bankruptcy Code") and who will be required to file applications for allowance of compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code; and (b) granting related relief.

## Jurisdiction and Venue

2.     The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012. The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.     The bases for the relief requested herein are sections 105(a), 330, and 331 of the Bankruptcy Code, rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), and standing General Order M-412, *Order Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals* (Bankr. S.D.N.Y. Dec. 21, 2010) ("General Order M-412").

## Background

5.     The Debtors, together with their non-Debtor affiliates (collectively, "Celsius"), are one of the largest and most sophisticated cryptocurrency based finance platforms in the world and provide financial services to institutional, corporate, and retail clients across more than 100 countries. Celsius was created in 2017 to be one of the first cryptocurrency platforms to which

users could transfer their crypto assets and (a) earn rewards on crypto assets and/or (b) take loans using those transferred crypto assets as collateral. Headquartered in Hoboken, New Jersey, Celsius has more than 1.7 million registered users and approximately 300,000 active users with account balances greater than $100.

6.    On July 13, 2022 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. A detailed description of the facts and circumstances of these chapter 11 cases is set forth in the *Declaration of Alex Mashinsky, Chief Executive Officer of Celsius Network LLC, in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 23] (the "Mashinsky Declaration") and the *Declaration of Robert Campagna, Managing Director of Alvarez & Marsal North America, LLC, in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 22] (the "Campagna Declaration").[2] As described in more detail in the Mashinsky Declaration, the Debtors commenced these chapter 11 cases to provide Celsius an opportunity to stabilize its business and consummate a comprehensive restructuring transaction that maximizes value for stakeholders.

7.    The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. These chapter 11 cases have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 53]. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no official committees have been appointed or designated.

---

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Mashinsky Declaration or the Campagna Declaration (together, the "First Day Declarations"), as applicable.

## Retention of Professionals

8.      The Debtors have or will file applications to retain the following professionals (collectively, the "Debtors' Professionals"): (a) Kirkland & Ellis LLP, as counsel to the Debtors; (b) Centerview Partners LLC, as investment banker; (c) Stretto, Inc., as claims, noticing, and solicitation agent; (d) Alvarez & Marsal North America, LLC, as financial advisor; (e) Ernst and Young LLP, as tax advisor; (f) Akin Gump Strauss Hauer & Feld LLP, as special counsel to the Debtors; and (g) Latham & Watkins LLP, as special counsel to the Debtors. The Debtors may also retain other professionals pursuant to section 327 of the Bankruptcy Code during the course of these chapter 11 cases as the need arises.[3] The official committee of unsecured creditors, if any, will similarly file applications to retain certain professionals (together with the Debtors' Professionals, the "Professionals").

9.      The Debtors believe that establishing orderly procedures for the payment of the Professionals will streamline the administration of these chapter 11 cases and promote efficiency for the Court, the United States Trustee for the Southern District of New York (the "U.S. Trustee"), and all parties in interest. Specifically, a streamlined process for serving interim and final fee applications (each, an "Application"), and the notices thereof, is in the best interests of the Debtors because it will facilitate efficient review of the Professionals' fees and expenses, while saving the Debtors' estates unnecessary administrative expenses.

---

[3]    Contemporaneously herewith, the Debtors have filed the *Debtors' Motion Authorizing the Retention and Compensation of Professionals Utilized in the Ordinary Course of Business* (the "OCP Motion"). The OCP Motion seeks authority for the Debtors to continue to retain certain professionals in the ordinary course of business (the "OCPs") on terms substantially similar to those in effect before the Petition Date. If the OCP Motion is granted, the OCPs would not be required to file individual retention applications and would be paid in full, subject to their respective prepetition arrangements, without the need for submission of fee applications, but subject to the applicable caps and the relevant order of the Court.

## The Proposed Compensation Procedures

10.     Pursuant to section 331 of the Bankruptcy Code, all professionals are entitled to submit applications for interim compensation and reimbursement of expenses every 120 days, or more often if the Court permits.  *See* 11 U.S.C. § 331. In addition, section 105(a) of the Bankruptcy Code authorizes the Court to issue any order "necessary or appropriate to carry out the provisions of [the Bankruptcy Code]," thereby codifying the Court's inherent equitable powers. *See* 11 U.S.C. § 105(a).

11.     The Debtors propose that the monthly payment of compensation and reimbursement of expenses of the Professionals (the "Compensation Procedures") be structured as follows, which is in general conformity with General Order M-412:

a.      On or after the 20th day of each month following the month for which compensation is sought (or as soon thereafter as reasonably practicable), each Professional seeking compensation shall serve a monthly statement (the "Monthly Fee Statement"), on: (i) Celsius Network LLC, 121 River Street, PH05, Hoboken, New Jersey 07030, Attn: Ron Deutsch; (ii) proposed counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C., and Simon Briefel, and 300 North LaSalle, Chicago, Illinois 60654; Attn: Patrick J. Nash, Jr., P.C., Ross M. Kwasteniet, P.C., and Alison J. Wirtz; (iii) the U.S. Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Shara Cornell, Mark Bruh, and Brian S. Masumoto; (iv) counsel to any statutory committee appointed in these chapter 11 cases; and (v) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002 (collectively, the "Application Recipients"). All Professionals shall file their first Monthly Fee Statement for the period from the effective date of their retention through the end of the first full month following the effective date of their retention and otherwise in accordance with the procedures set forth in this Motion.

b.      On or after the 20th day of each month following the month for which compensation is sought (or as soon thereafter as reasonably practicable), each Professional shall file a Monthly Fee Statement with the Court; *however*, a courtesy copy need not be delivered to Chambers because this Order is not intended to alter the fee application requirements outlined in sections 330 and 331 of the Bankruptcy Code. Professionals shall still be required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

c.     Each Monthly Fee Statement must contain a list of the individuals who provided services during the period covered by the Monthly Fee Statement, their respective titles (*e.g.*, attorney, accountant, paralegal, etc.), their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the disbursements incurred (no Professional should seek reimbursement of an expense that would otherwise not be allowed pursuant to the Local Rules and the Court's *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, dated June 17, 2013, or the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013), and contemporaneously maintained time entries (redacted or modified to protect any privileged information) for each individual in increments of tenths (1/10) of an hour or as close thereto as practicable unless otherwise ordered by the Court.

d.     Any party in interest shall have 14 days after the filing of a Monthly Fee Statement to review it and, if such party has an objection to the compensation or reimbursement sought in a particular Monthly Fee Statement (an "Objection"), such party shall, by no later than 12:00 p.m. (prevailing Eastern Time) on the date that is 14 days following the filing of the particular Monthly Fee Statement (the "Objection Deadline"), serve via electronic mail upon the Professional whose Monthly Fee Statement is the subject of an Objection, a written "Notice of Objection to Fee Statement" setting forth the nature of the Objection and the amount of fees or expenses at issue.

e.     At the expiration of the Objection Deadline, the Debtors shall promptly pay 80% of the fees and 100% of the expenses identified in each Monthly Fee Statement to which no Objection has been served in accordance with paragraph (d) above.

f.     If a Notice of Objection to Fee Statement with respect to a particular Monthly Fee Statement is served, the Debtors shall withhold payment of only that portion of the Monthly Fee Statement to which the Objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (e) above.

g.     If an Objection is resolved and if the party whose Monthly Fee Statement was the subject of the Objection serves on all Application Recipients a statement indicating that the Objection has been withdrawn and describing the terms of the resolution, then the Debtors shall promptly pay, in accordance with paragraph (e) above, that portion of the Monthly Fee Statement that is no longer subject to the Objection.

h.     All Objections that are not resolved by the parties shall be preserved and presented to the Court at the next hearing to consider interim or final fee applications to be heard by the Court in accordance with paragraph (k) below.

i.     The service of a Notice of Objection to Fee Statement in accordance with paragraph (d) above shall not prejudice the objecting party's right to object to any fee

application made to the Court in accordance with the Bankruptcy Code on any ground, whether raised in the Objection or not. Furthermore, the decision by any party not to object to a Monthly Fee Statement shall not be a waiver of any kind or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code.

j.     Commencing with the period beginning July 13, 2022, and for each four-month interval thereafter (each, an "Interim Fee Period"), each of the Professionals shall file with the Court an application (an "Interim Fee Application") for interim Court approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be), of the compensation and reimbursement of expenses requested in the Monthly Fee Statements served during such Interim Fee Period. Each Professional shall file its Interim Fee Application no later than 45 days after the end of the Interim Fee Period. Each Professional shall file its first Interim Fee Application on or before December 15, 2022, and the first Interim Fee Application shall cover the Interim Fee Period from the Petition Date (or the effective date of the Professional's retention) through and including October 31, 2022.

k.     The Debtors' attorneys shall obtain a date from the Court for the hearing to consider Interim Fee Applications for all Professionals (the "Interim Fee Hearing"), which shall be scheduled no earlier than 45 days after the expiration of the 45 day period set forth in paragraph (j) above, unless otherwise agreed to by the Debtors and the U.S. Trustee. At least 30 days prior to the Interim Fee Hearing, the Debtors' attorneys shall file a notice with the Court, with service upon the U.S. Trustee and all Professionals, setting forth the time, date, and location of the Interim Fee Hearing, the period covered by the Interim Fee Applications, and the objection deadline. Any Professional unable to file its own Interim Fee Application with the Court shall deliver to the Debtors' attorneys a fully executed copy with original signatures, along with service copies, three business days before the filing deadline. The Debtors' attorneys shall file and serve such Interim Fee Application.

l.     Any Professional who fails to timely file an Interim Fee Application seeking approval of compensation and expenses previously paid pursuant to a Monthly Fee Statement shall (i) be ineligible to receive further monthly payments of fees or reimbursement of expenses as provided herein until such Interim Fee Application is filed, and (ii) may be required to disgorge any fees paid since retention or the last fee application, whichever is later.

m.    The pendency of an Interim Fee Application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Fee Statement shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court.

n.     Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on the Court's interim or final allowance of compensation and reimbursement of expenses

of any Professionals. Upon allowance by the Court of a Professional's Interim Fee Application, the Debtors shall be authorized to promptly pay such Professional all allowed requested fees (including the 20% "holdback") and expenses not previously paid.

12.     The Debtors further request that the Court limit service of Interim Fee Applications and final fee applications to the Application Recipients as set forth herein. The Debtors further request that all other parties that have filed a notice of appearance with the Clerk of the Court and requested notice of pleadings in these chapter 11 cases shall be entitled to receive only notice of hearings on the Interim Fee Applications (the "Hearing Notice"). Serving the Interim Fee Applications and the Hearing Notices in this manner will permit the parties most active in these chapter 11 cases to review and object to the Professionals' fees and will save unnecessary duplications and mailing expenses.

## Basis for Relief

13.     Pursuant to section 331 of the Bankruptcy Code, all professionals are entitled to submit applications for interim compensation and reimbursement of expenses every 120 days, or more often if the Court permits. In addition, section 105(a) of the Bankruptcy Code authorizes the Court to issue any order "necessary or appropriate to carry out the provisions of [the Bankruptcy Code]," thereby codifying the Court's inherent equitable powers. 11 U.S.C. § 105(a).

14.     Factors considered by courts in deciding whether to establish interim compensation procedures include "the size of [the] reorganization cases, the complexity of the issues involved, and the time required on the part of the attorneys for the debtors in providing services necessary to achieve a successful reorganization of the debtors." *See, e.g.*, *In re Int'l Horizons, Inc.*, 10 B.R. 895, 897 (Bankr. N.D. Ga. 1981) (establishing procedures for monthly interim compensation).

15.     The significant size of these cases and the amount of time and effort that will be required from the Professionals to successfully reorganize the Debtors' business justifies the

Compensation Procedures requested herein. Indeed, such Compensation Procedures are necessary to ensure that the Professionals are fairly and timely compensated for their services in these cases and are not forced to bear undue financial burden or risk caused by delays in payment.

16.    Courts in this jurisdiction have approved relief similar to the relief requested in this Motion and as set forth in the Order. *See, e.g.*, *In re Revlon, Inc.*, No. 22-10760 (DSJ) Bankr. S.D.N.Y. July 21, 2022) (approving interim compensation procedures for retained professionals); *In re JPA No. 111 Co., Ltd.*, No. 21-12075 (DSJ) (Bankr. S.D.N.Y. Feb. 11, 2022) (same); *In re GTT Commc'ns., Inc.*, No. 21-11880 (MEW) (Bankr. S.D.N.Y. Dec. 13, 2021) (same); *In re Philippine Airlines, Inc.*, No. 21-11567 (SCC) (Bankr. S.D.N.Y. Sept. 30, 2021) (same); *In re Frontier Commc'ns Corp.*, No. 20-22476 (RDD) (Bankr. S.D.N.Y. Apr. 20, 2020) (same).[4]

17.    The Debtors believe the proposed Compensation Procedures will enable the Debtors to closely monitor case administration costs, maintain level cash flow availability, and implement efficient cash management procedures. Moreover, the Compensation Procedures will allow the Court and key parties in interest to ensure the reasonableness and necessity of the compensation and reimbursement sought by the Professionals.

18.    The Debtors submit that establishing the foregoing Compensation Procedures will significantly aid the efficient administration of these chapter 11 cases. Accordingly, the Debtors believe the relief requested herein is in the best interests of the Debtors' estates, creditors, and parties in interest.

---

[4]    Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

## Waiver of Bankruptcy Rule 6004(a) and 6004(h)

19.    To implement the foregoing successfully, the Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

## Reservation of Rights

20.    Nothing contained in this Motion or any actions taken pursuant to any order granting the relief requested by this Motion is intended or should be construed as (a) an admission as to the validity of any particular claim against the Debtors, (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds, (c) a promise or requirement to pay any particular claim, (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion, (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law, or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens. If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

## Motion Practice

21.    This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this Motion. Accordingly, the Debtors submit that this Motion satisfies Local Rule 9013-1(a).

## Notice

22.     The Debtors will provide notice of this Motion to the following parties or their respective counsel:  (a) the U.S. Trustee; (b) counsel to any statutory committee appointed in these chapter 11 cases; (c) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); (d) the United States Attorney's Office for the Southern District of New York; (e) the Internal Revenue Service; (f) the offices of the attorneys general in the states in which the Debtors operate; (g) the Securities and Exchange Commission; and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

23.     No prior request for the relief sought in this Motion has been made to this or any other court.

*[Remainder of page intentionally left blank.]*

WHEREFORE, the Debtors respectfully request that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

New York, New York
Dated: July 25, 2022

/s/ Joshua A. Sussberg

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:    jsussberg@kirkland.com

  - and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois  60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:    patrick.nash@kirkland.com
    ross.kwasteniet@kirkland.com

*Proposed Counsel to the Debtors and*
*Debtors in Possession*

**<u>Exhibit  A</u>**

**Proposed  Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**ORDER (I) ESTABLISHING PROCEDURES FOR**
**INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES**
**FOR RETAINED PROFESSIONALS AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession

(collectively, the "Debtors") for entry of an order (this "Order") authorizing the Debtors (a) to

establish procedures for interim compensation and reimbursement of expenses for Professionals,

and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day

Declarations; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334 and the *Amended Standing Order of Reference* from the United States District Court for the

Southern District of New York, entered February 1, 2012; and this Court having the power to enter

a final order consistent with Article III of the United States Constitution; and this Court having

found that venue of these cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409;

and this Court having found that the relief requested in the Motion is in the best interests of the

Debtors' estates, their creditors, and other parties in interest; and this Court having found that the

Debtors' notice of the Motion and opportunity for a hearing thereon were appropriate under the

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      Except as may otherwise be provided by orders of the Court authorizing the retention of specific professionals, all Professionals, and members of the official committee of unsecured creditors, if any, may seek interim compensation and/or reimbursement of expenses in accordance with the following procedures (collectively, the "Compensation Procedures"):

a.      On or after the 20th day of each month following the month for which compensation is sought (or as soon thereafter as reasonably practicable), each Professional seeking compensation shall serve a monthly statement (the "Monthly Fee Statement"), on: (i) Celsius Network LLC, 121 River Street, PH05, Hoboken, New Jersey 07030, Attn: Ron Deutsch; (ii) proposed counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C., and Simon Briefel, and 300 North LaSalle, Chicago, Illinois 60654; Attn: Patrick J. Nash, Jr., P.C., Ross M. Kwasteniet, P.C., and Alison J. Wirtz; (iii) the U.S. Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Shara Cornell, Mark Bruh, and Brian S. Masumoto; (iv) counsel to any statutory committee appointed in these chapter 11 cases; and (v) to the extent not listed herein those parties requesting notice pursuant to Bankruptcy Rule 2002 (collectively, the "Application Recipients"). All Professionals shall file their first Monthly Fee Statement for the period from the effective date of their retention through the end of the first full month following the effective date of their retention and otherwise in accordance with the procedures set forth in this Order.

b.      On or after the 20th day of each month following the month for which compensation is sought (or as soon thereafter as reasonably practicable), each Professional shall file a Monthly Fee Statement with the Court; *however*, a courtesy copy need not be delivered to Chambers because this Order is not intended to alter the fee application requirements outlined in sections 330 and 331 of the Bankruptcy Code. Professionals shall still be required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

2

c.    Each Monthly Fee Statement must contain a list of the individuals who provided services during the period covered by the Monthly Fee Statement, their respective titles (*e.g.*, attorney, accountant, paralegal, etc.), their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the disbursements incurred (no Professional should seek reimbursement of an expense that would otherwise not be allowed pursuant to the Local Rules and the Court's *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, dated June 17, 2013, or the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013), and contemporaneously maintained time entries (redacted or modified to protect any privileged information) for each individual in increments of tenths (1/10) of an hour or as close thereto as practicable unless otherwise ordered by the Court.

d.    Any party in interest shall have 14 days after the filing of a Monthly Fee Statement to review it and, if such party has an objection to the compensation or reimbursement sought in a particular Monthly Fee Statement (an "Objection"), such party shall, by no later than 12:00 p.m. (prevailing Eastern Time) on the date that is 14 days following the filing of the particular Monthly Fee Statement (the "Objection Deadline"), serve via electronic mail upon the Professional whose Monthly Fee Statement is the subject of an Objection, a written "Notice of Objection to Fee Statement" setting forth the nature of the Objection and the amount of fees or expenses at issue.

e.    At the expiration of the Objection Deadline, the Debtors shall promptly pay 80% of the fees and 100% of the expenses identified in each Monthly Fee Statement to which no Objection has been served in accordance with paragraph (d) above.

f.    If a Notice of Objection to Fee Statement with respect to a particular Monthly Fee Statement is served, the Debtors shall withhold payment of only that portion of the Monthly Fee Statement to which the Objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (e) above.

g.    If an Objection is resolved and if the party whose Monthly Fee Statement was the subject of the Objection serves on all Application Recipients a statement indicating that the Objection has been withdrawn and describing the terms of the resolution, then the Debtors shall promptly pay, in accordance with paragraph (e) above, that portion of the Monthly Fee Statement that is no longer subject to the Objection.

h.    All Objections that are not resolved by the parties shall be preserved and presented to the Court at the next hearing to consider interim or final fee applications to be heard by the Court in accordance with paragraph (k) below.

i.    The service of a Notice of Objection to Fee Statement in accordance with paragraph (d) above shall not prejudice the objecting party's right to object to any fee

3

application made to the Court in accordance with the Bankruptcy Code on any ground, whether raised in the Objection or not. Furthermore, the decision by any party not to object to a Monthly Fee Statement shall not be a waiver of any kind or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code.

j.      Commencing with the period beginning July 13, 2022, and for each four-month interval thereafter (each, an "Interim Fee Period"), each of the Professionals shall file with the Court an application (an "Interim Fee Application") for interim Court approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be), of the compensation and reimbursement of expenses requested in the Monthly Fee Statements served during such Interim Fee Period. Each Professional shall file its Interim Fee Application no later than 45 days after the end of the Interim Fee Period. Each Professional shall file its first Interim Fee Application on or before December 15, 2022, and the first Interim Fee Application shall cover the Interim Fee Period from the Petition Date (or the effective date of the Professional's retention) through and including October 31, 2022.

k.      The Debtors' attorneys shall obtain a date from the Court for the hearing to consider Interim Fee Applications for all Professionals (the "Interim Fee Hearing"), which shall be scheduled no earlier than 45 days after the expiration of the 45 day period set forth in paragraph (j) above, unless otherwise agreed to by the Debtors and the U.S. Trustee. At least 30 days prior to the Interim Fee Hearing, the Debtors' attorneys shall file a notice with the Court, with service upon the U.S. Trustee and all Professionals, setting forth the time, date, and location of the Interim Fee Hearing, the period covered by the Interim Fee Applications, and the objection deadline. Any Professional unable to file its own Interim Fee Application with the Court shall deliver to the Debtors' attorneys a fully executed copy with original signatures, along with service copies, three business days before the filing deadline. The Debtors' attorneys shall file and serve such Interim Fee Application.

l.      Any Professional who fails to timely file an Interim Fee Application seeking approval of compensation and expenses previously paid pursuant to a Monthly Fee Statement shall (i) be ineligible to receive further monthly payments of fees or reimbursement of expenses as provided herein until such Interim Fee Application is filed, and (ii) may be required to disgorge any fees paid since retention or the last fee application, whichever is later.

m.      The pendency of an Interim Fee Application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Fee Statement shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court.

n.      Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on the Court's interim or final allowance of compensation and reimbursement of expenses

4

of any Professionals.  Upon allowance by the Court of a Professional's Interim Fee Application, the Debtors shall be authorized to promptly pay such Professional all allowed requested fees (including the 20% "holdback") and expenses not previously paid.

3.      The Debtors shall include all payments to Professionals on their monthly operating reports, detailed so as to state the amount paid to each Professional; *provided* that amounts paid to any professionals retained in the ordinary course of business in accordance with procedures approved by the Court may be stated in the aggregate on any monthly operating reports.

4.      Notice of hearings to consider Interim Fee Applications and final fee applications shall be limited to the Application Recipients and any party who files a Notice of Objection to Fee Statement or a notice of appearance and requests notice in these chapter 11 cases.

5.      All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

6.      The Debtors shall serve a copy of this Order on each of the Professionals.

7.      Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

8.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

9.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

10.     The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2022

THE HONORABLE MARTIN GLENN
CHIEF UNITED STATES BANKRUPTCY JUDGE