**Hearing Date:** **August 8, 2022 at 10:00 a.m. (prevailing Eastern Time)**
**Objection Deadline:** **August 5, 2022, at 4:00 p.m. (prevailing Eastern Time)**

Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Proposed Counsel to the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF HEARING ON DEBTORS' MOTION**
**TO APPROVE PROCEDURES FOR DE MINIMIS ASSET TRANSACTIONS**

**PLEASE TAKE NOTICE** that a hearing on the *Debtors' Motion to Approve Procedures for De Minimis Asset Transactions* (the "Motion") will be held on **August 8, 2022, at 10:00 a.m., prevailing Eastern Time** (the "Hearing"). In accordance with General Order M-543 dated March 20, 2020, the Hearing will be conducted remotely using Zoom for Government. Parties wishing to appear at the Hearing, whether making a "live" or "listen only" appearance before the Court, need to make an electronic appearance through the Court's website at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the relief requested in the Motion shall:  (a) be in writing; (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York; (c) be filed electronically with the Court on the docket of *In re Celsius Network LLC*, No. 22-10964 (MG) by registered users of the Court's electronic filing system and in accordance with all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York (which are available on the Court's website at http://www.nysb.uscourts.gov; and (d) be served so as to be actually received by **August 5, 2022, at 4:00 p.m., prevailing Eastern Time**, by (i) the entities on the Master Service List available on the case website of the above-captioned debtors and debtors in possession (the "Debtors") at https://cases.stretto.com/celsius and (ii) any person or entity with a particularized interest in the subject matter of the Motion.

**PLEASE TAKE FURTHER NOTICE** that only those responses or objections that are timely filed, served, and received will be considered at the Hearing.  Failure to file a timely objection may result in entry of a final order granting the Motion as requested by the Debtors.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion and other pleadings filed in these chapter 11 cases may be obtained free of charge by visiting the website of Stretto at https://cases.stretto.com/celsius.  You may also obtain copies of the Motion and other pleadings filed in these chapter 11 cases by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

New York, New York

Dated: July 25, 2022

/s/ Joshua A. Sussberg

**KIRKLAND & ELLIS LLP**

**KIRKLAND & ELLIS INTERNATIONAL LLP**

Joshua A. Sussberg, P.C.

601 Lexington Avenue

New York, New York 10022

Telephone:    (212) 446-4800

Facsimile:    (212) 446-4900

Email:        jsussberg@kirkland.com

- and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)

Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)

300 North LaSalle Street

Chicago, Illinois 60654

Telephone:    (312) 862-2000

Facsimile:    (312) 862-2200

Email:        patrick.nash@kirkland.com

              ross.kwasteniet@kirkland.com

*Proposed Counsel to the Debtors and*

*Debtors in Possession*

Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Proposed Counsel to the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## DEBTORS' MOTION TO APPROVE
## PROCEDURES FOR DE MINIMIS ASSET TRANSACTIONS

The above-captioned debtors and debtors in possession (collectively, the "Debtors")

respectfully state the following in support of this motion (this "Motion"):

### Relief Requested

1.    The Debtors seek entry of an order, substantially in the form attached hereto as

**Exhibit A** (the "Order"), authorizing the Debtors to implement expedited procedures to:

(a) use, sell, or transfer certain assets, collections of assets, or business lines, including any rights or

interests therein (collectively, the "De Minimis Assets") in any individual transaction or series of

related transactions (each, a "De Minimis Asset Transaction") to a single buyer or group of related

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

buyers with an aggregate sale price equal to or less than $5,000,000 as calculated within the Debtors'

reasonable discretion, free and clear of all liens, claims, interests, and encumbrances (collectively,

the "Liens"), without the need for further Court approval and with Liens attaching to the proceeds of

such use, sale, or transfer with the same validity, extent, and priority as had attached to the

De Minimis Assets immediately prior to the use, sale, or transfer; (b) abandon De Minimis Assets to

the extent that a sale thereof cannot be consummated at a value greater than the cost of liquidating

such De Minimis Assets; and (c) pay those reasonable and necessary fees and expenses (if any)

incurred in connection with the use, sale, or transfer of De Minimis Assets, including, but not limited

to, commission fees to agents, brokers, auctioneers, and liquidators with the amount of proposed

commission fees to be paid to be disclosed in the Transaction Notice (as defined herein).[2]

## Jurisdiction and Venue

2.       The United States Bankruptcy Court for the Southern District of New York

(the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the

*Amended Standing Order of Reference* from the United States District Court for the Southern

District of New York, entered February 1, 2012.  The Debtors confirm their consent to the Court

entering a final order in connection with this Motion to the extent that it is later determined that the

Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith

consistent with Article III of the United States Constitution.

3.       Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.       The bases for the relief requested herein are sections 105(a), 363, and 554 of title 11

of the United States Code (the "Bankruptcy Code"), rules 2002, 6004, 6007, and 9006 of the Federal

---

[2]     The Debtors will not pay fees and expenses of estate-retained professionals in connection with such use, sale, or
transfer, however, other than in accordance with any motion filed by the Debtors to approve procedures for interim
compensation and reimbursement of expenses for professionals.

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the *Guidelines for the Conduct of Asset Sales* established and adopted by the Court on November 19, 2009 pursuant to General Order M-383, and as updated on June 17, 2013 (the "Sale Guidelines").

## Background

5.        The Debtors, together with their non-Debtor affiliates (collectively, "Celsius"), are one of the largest and most sophisticated cryptocurrency based finance platforms in the world and provide financial services to institutional, corporate, and retail clients across more than 100 countries.  Celsius was created in 2017 to be one of the first cryptocurrency platforms to which users could transfer their crypto assets and (a) earn rewards on crypto assets and/or (b) take loans using those transferred crypto assets as collateral.  Headquartered in Hoboken, New Jersey, Celsius has more than 1.7 million registered users and approximately 300,000 active users with account balances greater than $100.

6.        On July 13, 2022 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  A detailed description of the facts and circumstances of these chapter 11 cases is set forth in the *Declaration of Alex Mashinsky, Chief Executive Officer of Celsius Network LLC, in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 23] (the "Mashinsky Declaration") and the *Declaration of Robert Campagna, Managing Director of Alvarez & Marsal North America, LLC, in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 22] (the "Campagna Declaration").[3]  As described in more detail in the Mashinsky Declaration, the Debtors commenced these chapter 11 cases to provide Celsius an opportunity to stabilize its business and consummate a comprehensive restructuring transaction that maximizes value for stakeholders.

---

[3]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Mashinsky Declaration or the Campagna Declaration (together, the "First Day Declarations"), as applicable.

7.      The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  These chapter 11 cases have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 53].  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no official committees have been appointed or designated.

### De Minimis Asset Transactions

8.      In the ordinary course of business, the Debtors frequently enter into various agreements and transactions related to their interests in various assets, and the Debtors are authorized to enter into such transactions pursuant to section 363(c) of the Bankruptcy Code.  For example, the Debtors may sell certain non-core assets that are no longer needed for their business.  It is foreseeable that some of the counterparties to these transactions may have concerns about whether the Debtors are authorized to enter into such transactions without receiving approval from the Court.  Accordingly, the Debtors seek approval of certain procedures that will, to the extent necessary, authorize the Debtors to use, sell, swap, or transfer certain assets outside the ordinary course of business with a transaction value equal to or less than $5,000,000.  In addition, the Debtors currently possess (or may in the future possess) assets of little or no use to the Debtors' estates.  Accordingly, pursuant to this Motion, the Debtors seek to implement certain procedures that would govern abandonment of such assets.

9.      In certain circumstances, the Debtors have a limited window of time in which they may enter into or take advantage of opportunities to sell, transfer, or otherwise monetize such De Minimis Assets.  The cost and delay associated with seeking individual Court approval of each De Minimis Asset Transaction could eliminate or substantially diminish the economic benefits of the transactions.  Thus, the Debtors propose the De Minimis Asset Procedures (as defined below) to

permit the Debtors to dispose of De Minimis Assets in a cost-efficient manner and to allow more

expeditious and cost-effective review of certain De Minimis Asset Transactions by interested parties,

while at the same time protecting the rights of creditors and other parties in interest.

### De Minimis Asset Transaction Procedures

10.    The Debtors propose to use, sell, swap, or transfer each of the De Minimis Assets on

the best terms available, taking into consideration the exigencies and circumstances in each such

transaction under the following procedures (the "De Minimis Asset Transaction Procedures"):

    a.    With regard to uses, sales, or transfers of De Minimis Assets in any individual transaction or series of related transactions to or from a single buyer or group of related buyers with a total transaction value, as calculated within the Debtors' reasonable discretion, less than or equal to $1,000,000:

        i.    the Debtors are authorized to consummate such transactions if the Debtors determine in their reasonable exercise of business judgment that such transactions are in the best interest of the estates, without further order of the Court or notice to any party;

        ii.    any such transactions shall be, without need for any action by any party, final and fully authorized by the Court and may be, as provided in the documentation governing the applicable transaction, final and free and clear of all Liens with such Liens attaching only to the proceeds of such transactions with the same validity, extent, and priority as immediately prior to the transaction; and

        iii.    good faith purchasers of assets pursuant to these De Minimis Asset Transaction Procedures shall be entitled to the protections of section 363(m) of the Bankruptcy Code.

    b.    With regard to the uses, sales, or transfers of De Minimis Assets in any individual transaction or series of related transactions to or from a single buyer or group of related buyers with a total transaction value, as calculated within the Debtors' reasonable discretion, greater than $1,000,000 and less than or equal to $5,000,000:

        i.    the Debtors are authorized to consummate such transactions if the Debtors determine in the reasonable exercise of their business judgment that such transactions are in the best interest of the estates, without further order of the Court, subject to the procedures set forth herein;

ii.    any such transactions shall be, without need for any action by any party, final and fully authorized by the Court and may be, as provided in the documentation governing the applicable transaction, final and free and clear of all Liens with such Liens attaching only to the proceeds of such transactions with the same validity, extent, and priority as immediately prior to the transaction;

iii.    the Debtors shall, at least seven calendar days prior to closing such sale or effectuating such transaction, give written notice of such transaction substantially in the form attached hereto as <u>Exhibit 1</u> to the Order (each notice, a "<u>Transaction Notice</u>") to (a) the United States Trustee for the Southern District of New York (the "<u>U.S. Trustee</u>"); (b) counsel to any statutory committee appointed in these cases; (c) any known affected creditor(s), including counsel to any creditor asserting a Lien on the relevant De Minimis Assets; and (d) those parties requesting notice pursuant to Bankruptcy Rule 2002 (collectively, the "<u>Transaction Notice Parties</u>");

iv.    the content of the notice sent to the Transaction Notice Parties for the applicable sale of De Minimis Assets shall consist of: (a) identification of the De Minimis Assets being used, sold, or transferred; (b) identification of the Debtor that directly owns the De Minimis Assets; (c) identification of the purchaser of the De Minimis Assets; (d) the identities of holders known to the Debtors as holding Liens on the De Minimis Assets, if any; (e) the purchase price and the material economic terms and conditions of the sale or transfer; (f) a copy of the sale or transfer agreement evidencing the sale of the De Minimis Assets, if applicable; and (g) any commission fees, or similar expenses to be paid in connection with such transaction;

v.    if the terms of a proposed sale or transfer are materially amended after transmittal of the Transaction Notice but prior to the applicable deadline of any Transaction Notice Parties' right to object to such sale of the De Minimis Assets, the Debtors will send a revised Transaction Notice (the "<u>Amended Transaction Notice</u>") to the Transaction Notice Parties, after which the Transaction Notice Parties shall have an additional three calendar days to object to such sale prior to closing such sale or effectuating such transaction;

vi.    if no written objections are filed by the Transaction Notice Parties within the greater of (a) seven calendar days of service of such Transaction Notice or (b) three calendar days of service of an Amended Transaction Notice, as applicable (the "<u>Transaction Notice Period</u>"), the Debtors are authorized to consummate such transaction immediately;

     vii.    if a written objection is received from a Transaction Notice Party within the Transaction Notice Period that cannot be resolved, the transaction can be consummated only upon withdrawal of such written objection or further order of the Court; and

     viii.    good faith purchasers of assets pursuant to these De Minimis Asset Transaction Procedures shall be entitled to the protections of section 363(m) of the Bankruptcy Code.

11.    To the extent that De Minimis Assets cannot be sold at a price greater than the cost of liquidating such asset that is no longer needed for the Debtors' operations, the Debtors seek authority to abandon De Minimis Assets in accordance with the following procedures (the "De Minimis Asset Abandonment Procedures," and, together with the De Minimis Asset Transaction Procedures, the "De Minimis Asset Procedures"):

    a.    The Debtors shall give written notice of the abandonment substantially in the form attached hereto as Exhibit 2 to the Order (each notice, an "Abandonment Notice") to the Transaction Notice Parties;

    b.    The Abandonment Notice shall contain: (a) a description in reasonable detail of the De Minimis Assets to be abandoned, including the projected book value of the assets being abandoned as reflected in the Debtors' books and records; (b) the identities of holders known to the Debtors as holding Liens on the De Minimis Assets; (c) the identification of the Debtor entity that directly owns the De Minimis Assets; and (d) the Debtors' reasons for such abandonment;

    c.    If no written objections from any of the Transaction Notice Parties are filed with the Court within ten calendar days after the date of receipt of such Abandonment Notice, then the Debtors are authorized to immediately proceed with the abandonment; and

    d.    If a written objection from any Transaction Notice Party is filed with the Court within ten calendar days after receipt of such Abandonment Notice, then the relevant De Minimis Asset shall only be abandoned upon either the consensual resolution of the objection by the parties in question or further order of the Court after notice and a hearing.

12.    Additionally, the Debtors will provide a written report to the Court, the U.S. Trustee, counsel to any statutory committee appointed in these chapter 11 cases, and those parties requesting notice pursuant to Bankruptcy Rule 2002 (the "2002 List"), beginning with the calendar quarter

ending on September 30, 2022, and each calendar quarter thereafter, no later than thirty days after the end of each such calendar quarter, concerning any De Minimis Asset Transactions consummated during the preceding calendar quarter pursuant hereto, including the names of the purchasing or selling parties, as applicable, and the types and amounts of the transactions.

13.     The Debtors submit that the establishment of the foregoing procedures is desirable and in the best interests of the Debtors' estates, their creditors, and other parties in interest in these chapter 11 cases.  The sale of the De Minimis Assets will generate additional value and help preserve existing value for the benefit of the Debtors' estates and all parties in interest. These procedures will promote an efficient administration of these chapter 11 cases, make De Minimis Asset Transactions cost effective, and expedite the use, sale, or transfer of more valuable assets in a manner that will provide the most benefit to the Debtors' estates and creditors.

**Basis for Relief**

**I.      The De Minimis Asset Transaction Procedures Are Appropriate Under Section 363(b) of the Bankruptcy Code.**

14.     Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).  Although section 363 of the Bankruptcy Code does not specify a standard for determining when it is appropriate for a court to authorize the use, sale, or lease of property of the estate, bankruptcy courts routinely authorize sales of a debtor's assets if such sale is based upon the sound business judgment of the debtor.  *See In re Chateaugay Corp.*, 973 F.2d 141 (2d Cir. 1992) (holding that the approval of section 363(b) sale is appropriate if good business reasons exist for such sale); *see also In re Lionel Corp.*, 722 F.2d 1063, 1071 (2d Cir. 1983); *In re MF Global Ltd.*, 535 B.R. 596, 605 (Bankr. S.D.N.Y. 2015); *In re Borders Grp., Inc.*, 453 B.R. 477, 482 (Bankr. S.D.N.Y. 2011).

15.     The Debtors submit that the De Minimis Asset Transaction Procedures reflect a reasonable exercise of their business judgment.  Courts generally will accord significant deference to a debtor's business judgment to use or sell assets outside the ordinary course of business. *See In re W.A. Mallory Co., Inc.*, 214 B.R. 834, 836–37 (Bankr. E.D. Va. 1997) ("[G]reat deference is given to a business in determining its own best interests."); *see also In re Global Crossing, Ltd.*, 295 B.R. 726, 744 n. 58 (Bankr. S.D.N.Y. 2003) ("[T]he Court does not believe that it is appropriate for a bankruptcy court to substitute its own business judgment for that of the [d]ebtors and their advisors, so long as they have satisfied the requirements articulated in the case law.").  Requiring the Debtors to file a motion with the Court each time the Debtors seek to dispose of certain De Minimis Assets would distract from their restructuring efforts and force the Debtors to incur unnecessary costs that would reduce whatever value might be realized from the sale of such assets.  In addition, the De Minimis Asset Transaction Procedures afford those creditors with an interest in the De Minimis Assets the opportunity to object to their use, sale, or transfer and obtain a hearing if necessary, and the relief requested will not apply to sales of De Minimis Assets to "insiders," as that term is defined in section 101(31) of the Bankruptcy Code.

## II.     The De Minimis Asset Transaction Procedures Are Appropriate Under Section 363(f) of the Bankruptcy Code.

16.     Section 363(f) of the Bankruptcy Code permits a debtor to sell property free and clear of another party's interest in the property if:  (a) applicable nonbankruptcy law permits such a "free and clear" sale; (b) the holder of the interest consents; (c) the interest is a lien and the sales price of the property exceeds the value of all liens on the property; (d) the interest is in bona fide dispute; or (e) the holder of the interest could be compelled in a legal or equitable proceeding to accept a monetary satisfaction of its interest.  11 U.S.C. § 363(f).

17.     The Debtors propose to sell or transfer the De Minimis Assets in a commercially reasonable manner and expect that the value of the proceeds from such sales or transfers will fairly reflect the value of the property sold.  The Debtors further propose that any party with a Lien on De Minimis Assets sold or transferred pursuant to this Motion shall have a corresponding security interest in the proceeds of such sale or transfer.  Moreover, the Debtors propose that no objection to the entry of the Order approving this Motion along with no timely objection under the De Minimis Asset Transaction Procedures, as applicable, in each case following the provision of notice, be deemed "consent" to any sales or transfers pursuant to the Order within the meaning of section 363(f)(2) of the Bankruptcy Code.  As such, the requirements of section 363(f) of the Bankruptcy Code would be satisfied for any proposed sales or transfers free and clear of Liens.

III.    **Sales or Other Divestitures of De Minimis Assets Should Be Entitled to the Protections of Section 363(m) of the Bankruptcy Code.**

18.     Section 363(m) of the Bankruptcy Code provides in relevant part that the reversal or modification on appeal of an authorization under section 363(b) of a sale or lease of property does not affect the validity of a sale or lease under such authorization to a purchaser who bought or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.  *See* 11 U.S.C. § 363(m). "Although the Bankruptcy Code does not define the meaning of 'good-faith purchaser,' most courts have adopted a traditional equitable definition:  one who purchases the assets for value, in good faith and without notice of adverse claims."  *In re Gucci*, 126 F.3d 380, 390 (2d Cir. 1997) (internal citations omitted).  The Third Circuit has held that "[t]he requirement that a purchaser act in good faith . . . speaks to the integrity of [purchaser's] conduct in the course of the sale proceedings." *In re Abbotts Dairies of Pa., Inc*., 788 F.2d 143, 147 (3d Cir. 1986) (internal citations omitted). Typically, the misconduct that would destroy a purchaser's good faith status involves "fraud,

collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders." *Hoese Corp. v. Vetter Corp. (In re Vetter Corp.)*, 724 F.2d 52, 56 (7th Cir. 1983) (emphasis omitted) (quoting *In re Rock Indus. Mach. Corp.*, 572 F.2d 1195, 1198 (7th Cir. 1978) (interpreting Bankruptcy Rule 805, the precursor to section 363(m)). The Debtors submit that any agreement that results in the sale or divestiture of De Minimis Assets will be an arm's-length transaction entitled to the protections of section 363(m).

### IV.   The De Minimis Asset Abandonment Procedures Are Justified by the Debtors' Sound Business Judgment and Appropriate Under Section 554(a) of the Bankruptcy Code.

19.     Section 554(a) of the Bankruptcy Code provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a). The Debtors expect to take all reasonable steps to sell De Minimis Assets. The costs associated with sales of certain De Minimis Assets, however, may exceed any possible proceeds thereof. The inability to consummate a commercially reasonable sale of De Minimis Assets would indicate that these De Minimis Assets have no meaningful monetary value to the Debtors' estates. Further, the costs of storing and maintaining such De Minimis Assets may burden the Debtors' estates such that abandonment of De Minimis Assets pursuant to the De Minimis Asset Abandonment Procedures is in the best interest of the Debtors' estates. Accordingly, the Debtors contend that, in such circumstances, the abandonment of De Minimis Assets pursuant to the De Minimis Asset Abandonment Procedures is in the best interest of the Debtors' estates.

### V.    Courts in this Circuit and Others Have Approved Similar Procedures.

20.     As this Court has recognized, the usual process of obtaining Court approval of each De Minimis Asset Transaction:  (a) would impose unnecessary administrative burdens on the Court and usurp valuable Court time at hearings; (b) would create costs to the Debtors' estates that may

undermine or eliminate the economic benefits of the underlying transactions; and (c) in some instances may hinder the Debtors' ability to take advantage of sale opportunities that are available only for a limited time. *See Borders Grp.*, 453 B.R. at 483. On the other hand, the De Minimis Asset Procedures will monetize otherwise unusable assets, protect the Debtors against the possible declining value of certain De Minimis Assets, save the Debtors interim holding or storage costs, eliminate certain administrative costs, and expedite the sale or acquisition of De Minimis Assets for the benefit of the Debtors' estates.

21.     Pursuant to the Sale Guidelines, what constitutes a *de minimis* sale will "depend on the facts of each case." *See* Sale Guidelines, art. B n. 3. In light of the demonstrable benefits of streamlined procedures to sell and abandon De Minimis Assets and the legal justifications described above, the Court and others have approved procedures similar to the De Minimis Asset Procedures in large chapter 11 cases. *See, e.g.*, *In re LSC Communications, Inc.*, No. 20-10950 (SHL) (Bankr. S.D.N.Y. June 5, 2020) (authorizing procedures for the sale of assets up to $1,000,000 without notice and sales of assets up to $10,000,000 with ten days' notice); *In re Frontier Comm'ns Corp.*, No. 20-22476 (RDD) (Bankr. S.D.N.Y. May 26, 2020) (authorizing procedures for the sale of assets up to $20,000,000 on fourteen days' notice; limited notice to affected creditors only for sales up to $30,000,000 on fourteen days' notice; and abandonment of property pursuant to the reasonable exercise of the debtors' business judgment without notice for property up to $3,000,000 and with fourteen days' notice for all other assets that the debtors' believe in the reasonable exercise of their business judgment that abandonment is in the best interest of the estates); *In re Windstream Holdings, Inc.*, No. 19-22312 (RDD) (Bankr. S.D.N.Y. Apr. 22, 2019) (authorizing procedures for the sale of assets up to $10,000,000 on fourteen days' notice; limited notice to affected creditors only for sales up to $3,000,000 on fourteen days' notice; and abandonment pursuant to the reasonable

12

exercise of the debtors' business judgment without notice for property up to $3,000,000 and with fourteen days' notice for property up to $10,000,000); *In re Sears Holdings Corporation*, No. 18-23538 (RDD) (Bankr. S.D.N.Y. Nov. 19, 2018) (authorizing procedures for the sale of assets up to $15,000,000 on seven business days' notice and abandonment of property upon notice pursuant to the reasonable exercise of the debtor's business judgment); *In re SunEdison, Inc.*, No. 16-10992 (SMB) (Bankr. S.D.N.Y. July 14, 2016) (authorizing procedures for the sale of assets up to $5,000,000 on seven days' notice and sales up to $15,000,000 on fourteen days' notice); *In re Washington Prime Group*, No. 21-31948 (MI) (Bankr. S.D. Tex. July 14, 2021) (authorizing procedures for the sale of assets up to $8,000,000 on fourteen days' notice and sales up to $2,500,000 on seven days' notice); *In re Seadrill Limited*, No. 21-30447 (DRJ) (Bankr. S.D. Tex. April 5, 2021) (authorizing procedures for the sale of assets up to $12,000,000 on ten days' notice); *In re Extraction Oil & Gas, Inc.*, No. 20-11548 (CSS) (Bankr. D. Del. July 16, 2020) (authorizing procedures for the sale and abandonment of assets up to $4,500,000 with ten days' notice); *In re PES Holdings, LLC*, No. 19-11626 (KG) (Bankr. D. Del. Dec. 6, 2019) (authorizing procedures for the sale of assets up to $2,500,000 with ten days' notice and abandonment of assets up to $1,500,000 with ten days' notice).[4]  Considering the circumstances of these chapter 11 cases, the Debtors submit that the De Minimis Asset Procedures are appropriate.  Accordingly, the Court should approve the proposed De Minimis Asset Transaction Procedures and the De Minimis Asset Abandonment Procedures.

### Waiver of Bankruptcy Rule 6004(a) and 6006(h)

22.     To implement the foregoing successfully, the Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that

---

[4]   Because of the voluminous nature of the orders cited herein, such orders have not been attached to this motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

## **Reservation of Rights**

23.     Nothing contained in this Motion or any actions taken pursuant to any order granting the relief requested by this Motion is intended or should be construed as (a) an admission as to the validity of any particular claim against the Debtors, (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds, (c) a promise or requirement to pay any particular claim, (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion, (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law, or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens.  If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

## **Notice**

24.     The Debtors will provide notice of this Motion to the following parties or their respective counsel:  (a) the U.S. Trustee; (b) counsel to any statutory committee appointed in these chapter 11 cases; (c) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); (d) the United States Attorney's Office for the Southern District of New York; (e) the Internal Revenue Service; (f) the offices of the attorneys general in the states in which the Debtors operate; (g) the Securities and Exchange Commission; (h) the Transaction Notice Parties;

14

and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of Page Intentionally Left Blank.*]

WHEREFORE, the Debtors respectfully request that the Court enter the Order granting the

relief requested herein and such other relief as the Court deems appropriate under the circumstances.

New York, New York
Dated: July 25, 2022

*/s/ Joshua A. Sussberg*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:          jsussberg@kirkland.com

 - and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200
Email:          patrick.nash@kirkland.com
                ross.kwasteniet@kirkland.com

*Proposed Counsel to the Debtors and*
*Debtors in Possession*

16

<u>**Exhibit A**</u>

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## ORDER APPROVING PROCEDURES
## FOR DE MINIMIS ASSET TRANSACTIONS

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession

(collectively, the "Debtors") for entry of an order (this "Order"), approving expedited procedures for

the sale, transfer, or abandonment of De Minimis Assets, all as more fully set forth in the Motion;

and upon the First Day Declarations; and this Court having jurisdiction over this matter pursuant to

28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States

District Court for the Southern District of New York, entered February 1, 2012; and this Court

having the power to enter a final order consistent with Article III of the United States Constitution;

and this Court having found that venue of these cases in this district is proper pursuant to

28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in

the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court

having found that the Debtors' notice of the Motion and opportunity for a hearing thereon were

appropriate under the circumstances and no other notice need be provided; and this Court having

reviewed the Motion and having heard the statements in support of the relief requested therein at a

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual

bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and

after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      Pursuant to section 363(b) of the Bankruptcy Code, the Debtors are authorized to use,

sell, swap, or transfer De Minimis Assets outside the ordinary course of business, without further

order of the Court in accordance with the following De Minimis Asset Transaction Procedures:

   a.   With regard to uses, sales, or transfers of De Minimis Assets in any individual transaction or series of related transactions to or from a single buyer or group of related buyers with a total transaction value, as calculated within the Debtors' reasonable discretion, less than or equal to $1,000,000:

   i.    the Debtors are authorized to consummate such transactions if the Debtors determine in their reasonable exercise of business judgment that such transactions are in the best interest of the estates, without further order of the Court or notice to any party;

   ii.   any such transactions shall be, without need for any action by any party, final and fully authorized by the Court and may be, as provided in the documentation governing the applicable transaction, final and free and clear of all Liens with such Liens attaching only to the proceeds of such transactions with the same validity, extent, and priority as immediately prior to the transaction; and

   iii.  good faith purchasers of assets pursuant to these De Minimis Asset Transaction Procedures shall be entitled to the protections of section 363(m) of the Bankruptcy Code.

   b.   With regard to the uses, sales, or transfers of De Minimis Assets in any individual transaction or series of related transactions to or from a single buyer or group of related buyers with a total transaction value, as calculated within the Debtors' reasonable discretion, greater than $1,000,000 and less than or equal to $5,000,000:

   i.    the Debtors are authorized to consummate such transactions if the Debtors determine in the reasonable exercise of their business judgment that such transactions are in the best interest of the estates, without further order of the Court, subject to the procedures set forth herein;

   ii.   any such transactions shall be, without need for any action by any party, final and fully authorized by the Court and may be, as provided

2

in the documentation governing the applicable transaction, final and free and clear of all Liens with such Liens attaching only to the proceeds of such transactions with the same validity, extent, and priority as immediately prior to the transaction;

iii.  the Debtors shall, at least seven calendar days prior to closing such sale or effectuating such transaction, give written notice of such transaction substantially in the form attached hereto as **Exhibit 1** (each notice, a "<u>Transaction Notice</u>") to (a) United States Trustee for the Southern District of New York (the "<u>U.S. Trustee</u>"); (b) counsel to any statutory committee appointed in these cases; (c) any known affected creditor(s), including counsel to any creditor asserting a Lien on the relevant De Minimis Assets; and (d) those parties requesting notice pursuant to Bankruptcy Rule 2002 (collectively, the "<u>Transaction Notice Parties</u>");

iv.  the content of the notice sent to the Transaction Notice Parties for the applicable sale of De Minimis Assets shall consist of: (a) identification of the De Minimis Assets being used, sold, or transferred; (b) identification of the Debtor that directly owns the De Minimis Assets; (c) identification of the purchaser of the De Minimis Assets; (d) the identities of holders known to the Debtors as holding Liens on the De Minimis Assets, if any; (e) the purchase price and the material economic terms and conditions of the sale or transfer; (f) a copy of the sale or transfer agreement evidencing the sale of the De Minimis Assets, if applicable; and (g) any commission fees, or similar expenses to be paid in connection with such transaction;

v.  if the terms of a proposed sale or transfer are materially amended after transmittal of the Transaction Notice but prior to the applicable deadline of any Transaction Notice Parties' right to object to such sale of the De Minimis Assets, the Debtors will send a revised Transaction Notice (the "<u>Amended Transaction Notice</u>") to the Transaction Notice Parties, after which the Transaction Notice Parties shall have an additional three calendar days to object to such sale prior to closing such sale or effectuating such transaction;

vi.  if no written objections are filed by the Transaction Notice Parties within the greater of (a) seven calendar days of service of such Transaction Notice or (b) three calendar days of service of an Amended Transaction Notice, as applicable (the "<u>Transaction Notice Period</u>"), the Debtors are authorized to consummate such transaction immediately;

vii.  if a written objection is received from a Transaction Notice Party within the Transaction Notice Period that cannot be resolved, the transaction can be consummated only upon withdrawal of such written objection or further order of the Court; and

3

        viii.     good faith purchasers of assets pursuant to these De Minimis Asset Transaction Procedures shall be entitled to the protections of section 363(m) of the Bankruptcy Code.

3.     Pursuant to section 554(a) of the Bankruptcy Code, the Debtors are authorized to abandon De Minimis Assets in accordance with the following De Minimis Asset Abandonment Procedures:

    a.     The Debtors shall give written notice of the abandonment substantially in the form attached hereto as **Exhibit 2** (each notice, an "<u>Abandonment Notice</u>") to the Transaction Notice Parties;

    b.     The Abandonment Notice shall contain: (a) a description in reasonable detail of the De Minimis Assets to be abandoned, including the projected book value of the assets being abandoned as reflected in the Debtors' books and records; (b) the identities of holders known to the Debtors as holding Liens on the De Minimis Assets; (c) the identification of the Debtor entity that directly owns the De Minimis Assets; and (d) the Debtors' reasons for such abandonment;

    c.     If no written objections from any of the Transaction Notice Parties are filed with the Court within ten calendar days after the date of receipt of such Abandonment Notice, then the Debtors are authorized to immediately proceed with the abandonment; and

    d.     If a written objection from any Transaction Notice Party is filed with the Court within ten calendar days after receipt of such Abandonment Notice, then the relevant De Minimis Asset shall only be abandoned upon either the consensual resolution of the objection by the parties in question or further order of the Court after notice and a hearing.

4.     Sales to "insiders," as that term is defined in section 101(31) of the Bankruptcy Code, are excluded from this Order.

5.     No objection to the relief requested in the Motion combined with no timely objection to the sale or transfer of De Minimis Assets in accordance with the terms of this Order shall be determined to be "consent" to such use, sale, or transfer within the meaning of section 363(f)(2) of the Bankruptcy Code.

6.     Sales and transfers of De Minimis Assets are, without need for any action by any party, free and clear of all Liens, with such Liens attaching to the proceeds of such sale or transfer

with the same validity, extent, and priority as had attached to such De Minimis Assets immediately prior to such sale or transfer.  The holder of any valid lien, claim, encumbrance, or interest on such De Minimis Assets shall, as of the effective date of such sale or transfer, be deemed to have waived and released such lien, claim, encumbrance, or interest, without regard to whether such holder has executed or filed any applicable release, and such lien, claim, encumbrance, or interest shall automatically, and with no further action by any party, attach to the proceeds of such sale. Notwithstanding the foregoing, any such holder of such a lien, claim, encumbrance, or interest is authorized and directed to execute and deliver any waivers, releases, or other related documentation, as reasonably requested by the Debtors.

7.      Purchasers and transferees of De Minimis Assets are entitled to the protections afforded to good-faith purchasers under section 363(m) of the Bankruptcy Code.

8.      The Debtors shall provide a written report to the Court, the U.S. Trustee, counsel to any statutory committee appointed in these chapter 11 cases, and those parties requesting notice pursuant to Bankruptcy Rule 2002 (the "2002 List"), beginning with the calendar quarter ending on September 30, 2022, and each calendar quarter thereafter, no later than thirty days after the end of each such calendar quarter, concerning any such transactions consummated during the preceding calendar quarter pursuant hereto, including the names of purchasing or selling parties, as applicable, and the types and amounts of the transactions.

9.      The Transaction Notice with regard to the sale or transfer of De Minimis Assets substantially in the form attached hereto as **Exhibit 1** is hereby authorized and approved.

10.     Service of the Transaction Notice, as applicable, is sufficient notice of the use, sale, or transfer of such De Minimis Assets.

11.     Sales of De Minimis Assets shall be deemed arm's-length transactions entitled to the protections of section 363(m) of the Bankruptcy Code.

5

12.     The Abandonment Notice with regard to the abandonment of De Minimis Assets substantially in the form attached hereto as **Exhibit 2** is hereby authorized and approved.

13.     Service of the Abandonment Notice, as applicable, is sufficient notice of the abandonment of such De Minimis Assets.

14.     With respect to all sale transactions consummated pursuant to this Order, this Order shall be sole and sufficient evidence of the transfer of title to any particular buyer, and the sale transactions consummated pursuant to this Order shall be binding upon and shall govern the acts of all persons and entities who may be required by operation of law, the duties of their office, or contract to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the property sold pursuant to this Order, including without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, administrative agencies, governmental departments, secretaries of state and federal, state, and local officials, and each of such persons and entities is hereby directed to accept this Order as sole and sufficient evidence of such transfer of title and shall rely upon this Order in consummating the transactions contemplated hereby.

15.     The Debtors are authorized to pay those reasonable and necessary fees and expenses incurred in the use, sale, or transfer of De Minimis Assets, including commission fees to agents, brokers, auctioneers, and liquidators.[3]

16.     Nothing contained herein shall prejudice the rights of the Debtors to seek authorization for the use, sale, or transfer of any asset under section 363 of the Bankruptcy Code.

17.     Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

---

[3]     The Debtors will not pay fees and expenses of estate-retained professionals in connection with such use, sale, or transfer, however, other than in accordance with any motion filed by the Debtors to approve procedures for interim compensation and reimbursement of expenses for professionals.

18.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

19.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

20.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2022

_____
THE HONORABLE MARTIN GLENN
CHIEF UNITED STATES BANKRUPTCY JUDGE

## <u>Exhibit 1</u>

**Form of Transaction Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## NOTICE OF TRANSACTION

      **PLEASE TAKE NOTICE** that, on July 13, 2022, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

      **PLEASE TAKE FURTHER NOTICE** that, on [●], the United States Bankruptcy Court for the Southern District of New York (the "Court") approved an *Order Establishing Procedures for De Minimis Asset Transactions* [Docket No. [●]] (the "Transaction Procedures Order"), whereby the Court authorized the Debtors to use, sell, transfer, swap, or abandon certain non-core assets (collectively, the "De Minimis Assets").

      **PLEASE TAKE FURTHER NOTICE** that, pursuant to the Transaction Procedures Order, the Debtors propose to sell the De Minimis Assets set forth and described on **Exhibit A** attached hereto (the "Transaction Assets"). **Exhibit A** provides, for each Transaction Asset (a) identification of the Transaction Assets being used, sold, or transferred; (b) identification of the Debtor that directly owns the De Minimis Assets; (c) identification of the purchaser of the Transaction Assets; (d) the identities of holders known to the Debtors as holding Liens on the Transaction Assets; (e) the purchase price and the material economic terms and conditions of the sale or transfer; (f) a copy of the sale or transfer agreement evidencing the sale of the Transaction Assets, if applicable; and (g) any commission fees, or similar expenses to be paid in connection with such transaction.

      **PLEASE TAKE FURTHER NOTICE** that, pursuant to the Transaction Procedures Order, if the terms of a proposed sale or transfer are materially amended after transmittal of this notice but prior to the applicable deadline of any party entitled to receive this notice pursuant to the Transaction Procedures Order (the "Transaction Notice Parties") to object to such sale, the Debtors will send a revised Transaction Notice (the "Amended Transaction Notice") to the Transaction Notice Parties, after which the Transaction Notice Parties shall have an additional three calendar days to object to such sale prior to closing such sale or effectuating such transaction.

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Transaction Procedures Order, any recipient of this notice may object to the proposed transaction within the greater of (i) seven calendar days of service of this notice, or (ii) three calendar days of service of an Amended Transaction Notice, as applicable. Objections: (a) **must be in writing**; (b) **must be received within seven calendar days of service of this notice**; and (c) must be submitted by mail or facsimile to proposed counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C. and Simon Briefel, and 300 North LaSalle, Chicago, Illinois 60654; Attn: Patrick Nash, Jr., P.C., Ross M. Kwasteniet, P.C., and Heidi Hockberger. If you object, the Debtors may not use, sell, transfer, or swap the Transaction Assets unless you and the Debtors consensually resolve the objection or upon further Court order approving the use, sale, or transfer of such Transaction Assets.

New York, New York
Dated: [●], 2022

*/s/ DRAFT*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:         jsussberg@kirkland.com

  - and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:         patrick.nash@kirkland.com
               ross.kwasteniet@kirkland.com

*Proposed Counsel to the Debtors and*
*Debtors in Possession*

2

## **Exhibit 2**

**Form of Abandonment Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) Case No. 22-10964 (MG) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

### NOTICE OF ABANDONMENT

　　　**PLEASE TAKE NOTICE** that, on July 13, 2022, the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

　　　**PLEASE TAKE FURTHER NOTICE** that, on [●], the United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>") approved an *Order Establishing Procedures for De Minimis Asset Transactions* [Docket No. [●]] (the "<u>Transaction Procedures Order</u>"), whereby the Court authorized the Debtors to use, sell, transfer, swap, or abandon certain non-core assets (collectively, the "<u>De Minimis Assets</u>").

　　　**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Transaction Procedures Order, the Debtors propose to abandon the De Minimis Assets set forth and described on **<u>Exhibit A</u>** attached hereto, which exhibit also sets forth (a) the identities of holders of any liens, claims, interests, and encumbrances on the De Minimis Assets known to the Debtors, (b) the identification of the Debtor entity that directly owns the De Minimis Assets, and (c) the Debtors' reasons for abandoning those De Minimis Assets.

　　　**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Transaction Procedures Order, any recipient of this notice may object to the proposed transaction within ten calendar days of service of this notice.  Objections:  (a) **<u>must be in writing</u>**; (b) **<u>must be received within ten calendar days of service of this notice</u>**; and (c) must be submitted by mail or facsimile to proposed counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn:  Joshua A. Sussberg, P.C. and Simon Briefel, and 300 North LaSalle, Chicago, Illinois 60654; Attn:  Patrick Nash, Jr., P.C., Ross M. Kwasteniet, P.C., and Heidi Hockberger.  If you object, the Debtors may not abandon the De Minimis Assets unless you and the Debtors consensually resolve the objection or upon further Court order approving the abandonment of such De Minimis Assets.

---

[1]　　The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

New York, New York
Dated: [●], 2022

*/s/ DRAFT*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:      (212) 446-4900
Email:           jsussberg@kirkland.com

 - and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:      (312) 862-2200
Email:           patrick.nash@kirkland.com
                   ross.kwasteniet@kirkland.com

*Proposed Counsel to the Debtors and*
*Debtors in Possession*