**Hearing Date and Time: August 8, 2022, at 10:00 a.m. (prevailing Eastern Time)**
**Objection Deadline: August 5, 2022, at 4:00 p.m. (prevailing Eastern Time)**

Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Proposed Counsel to the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**NOTICE OF HEARING ON DEBTORS'**
**MOTION AUTHORIZING THE RETENTION AND COMPENSATION OF**
**PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

**PLEASE TAKE NOTICE** that a hearing on the *Debtors' Motion Authorizing the Retention and Compensation of Professionals Utilized in the Ordinary Course of Business* (the "Motion") will be held on **August 8, 2022, at 10:00 a.m.**, prevailing Eastern Time (the "Hearing"). In accordance with General Order M-543 dated March 20, 2020, the Hearing will be conducted remotely using Zoom for Government. Parties wishing to appear at the Hearing, whether making a "live" or "listen only" appearance before the Court, need to make an

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030

electronic appearance through the Court's website at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl.

PLEASE TAKE FURTHER NOTICE that any responses or objections to the relief requested in the Motion shall: (a) be in writing; (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York; (c) be filed electronically with the Court on the docket of *In re Celsius Network LLC*, No. 22-10964 (MG) by registered users of the Court's electronic filing system and in accordance with all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York (which are available on the Court's website at http://www.nysb.uscourts.gov); and (d) be served so as to be actually received by **August 5, 2022, at 4:00 p.m., prevailing Eastern Time**, by (i) the entities on the Master Service List available on the case website of the above-captioned debtors and debtors in possession (the "Debtors") at https://cases.stretto.com/celsius and (ii) any person or entity with a particularized interest in the subject matter of the Motion.

PLEASE TAKE FURTHER NOTICE that only those responses or objections that are timely filed, served, and received will be considered at the Hearing. Failure to file a timely objection may result in entry of a final order granting the Motion as requested by the Debtors.

PLEASE TAKE FURTHER NOTICE that copies of the Motion and other pleadings filed in these chapter 11 cases may be obtained free of charge by visiting the website of Stretto at https://cases.stretto.com/celsius. You may also obtain copies of the Motion and other pleadings filed in these chapter 11 cases by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

2

New York, New York
Dated: July 25, 2022

/s/ Joshua A. Sussberg
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:          jsussberg@kirkland.com

 - and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200
Email:          patrick.nash@kirkland.com
                ross.kwasteniet@kirkland.com

*Proposed Counsel to the Debtors and*
*Debtors in Possession*

3

Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:      (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:      (312) 862-2200

*Proposed Counsel to the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## DEBTORS' MOTION AUTHORIZING
## THE RETENTION AND COMPENSATION OF
## PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS

The above-captioned debtors and debtors in possession (collectively, the "Debtors")

respectfully state the following in support of this motion (this "Motion"):

### Relief Requested

1.     The Debtors seek entry of an order, substantially in the form attached hereto as

**Exhibit A** (the "Order") authorizing the Debtors to retain and compensate the OCPs (as defined

below) on a postpetition basis in accordance with the procedures set forth herein, without the need

for each OCP to file formal applications for retention and compensation.

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

## Jurisdiction and Venue

2.      The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, entered February 1, 2012.  The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are sections 105(a), 327, 328, 330, and 331 of title 11 of the United States Code (the "Bankruptcy Code") and rule 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

## Background

5.      The Debtors, together with their non-Debtor affiliates (collectively, "Celsius"), are one of the largest and most sophisticated cryptocurrency based finance platforms in the world and provide financial services to institutional, corporate, and retail clients across more than 100 countries.  Celsius was created in 2017 to be one of the first cryptocurrency platforms to which users could transfer their crypto assets and (a) earn rewards on crypto assets and/or (b) take loans using those transferred crypto assets as collateral.  Headquartered in Hoboken, New Jersey, Celsius has more than 1.7 million registered users and approximately 300,000 active users with account balances greater than $100.

6.      On July 13, 2022 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  A detailed description of the facts and circumstances of these chapter 11 cases is set forth in the *Declaration of Alex Mashinsky,*

*Chief Executive Officer of Celsius Network LLC, in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 23] (the "Mashinsky Declaration") and the *Declaration of Robert Campagna, Managing Director of Alvarez & Marsal North America, LLC, in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 22] (the "Campagna Declaration").[2] As described in more detail in the Mashinsky Declaration, the Debtors commenced these chapter 11 cases to provide Celsius an opportunity to stabilize its business and consummate a comprehensive restructuring transaction that maximizes value for stakeholders.

7.      The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  These chapter 11 cases have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 53].  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no official committees have been appointed or designated.

### The Ordinary Course Professionals

8.      The Debtors employ twelve law firms in the ordinary course of their business (collectively, the "OCPs").  The OCPs provide specialized legal services to the Debtors in a variety of matters unrelated to these chapter 11 cases.  A nonexclusive list of the Debtors' OCPs as of the date hereof is attached hereto as **Exhibit B** and **Exhibit C** (the "OCP Lists").  The Debtors may also seek to employ additional OCPs as necessary during the course of these chapter 11 cases, subject to the procedures set forth herein.

---

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Mashinsky Declaration or the Campagna Declaration (together, the "First Day Declarations"), as applicable.

9.      The continued employment and compensation of the OCPs is in the best interests of the Debtors' estates, their creditors, and other parties in interest.  The OCPs have significant knowledge, expertise, and familiarity with the Debtors and their operations.  Although the Debtors anticipate that the OCPs will wish to continue to represent the Debtors during these chapter 11 cases, many will not be in a position to do so if the Debtors cannot pay them on a regular basis. Further, without the OCPs' knowledge, expertise, and familiarity in certain matters, the Debtors undoubtedly would incur additional and unnecessary expenses in educating and retaining replacement professionals.  Accordingly, the Debtors' estates and their creditors are best served by avoiding any disruption in the professional services that are required for the day-to-day operations of the Debtors' business.

10.     Moreover, in light of the time and expense associated with the preparation of separate retention and fee applications for professionals who will receive relatively small fees, it is impractical and inefficient for the Debtors to prepare such individual applications for each OCP. Further, individual retention and fee applications would unnecessarily burden the Court and the office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"), while adding to the administrative costs of these chapter 11 cases without a corresponding benefit to the Debtors' estates.  Therefore, the Debtors request that the Court grant the Debtors relief from the requirement of filing individual retention and fee applications with respect to each individual OCP.

11.     Although some of the OCPs may hold unsecured claims against the Debtors in connection with services rendered to the Debtors prepetition, the Debtors do not believe that any OCP holds an interest materially adverse to the Debtors, their creditors, or other parties in interest.

## The OCP Procedures

12.     The Debtors request that the Court approve the following procedures for retention

and payment of the OCPs (the "OCP Procedures"):

a.      Within thirty days after the date on which an OCP commences work for the Debtors, such OCP shall provide a declaration of disinterestedness, substantially in the form annexed as Exhibit 1 to the Order (each, a "Declaration of Disinterestedness"), to be filed with the Court and served upon:  (i) Celsius Network LLC, 121 River Street, PH05, Hoboken, New Jersey 07030, Attn:  Ron Deutsch; (ii) proposed counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn:  Joshua A. Sussberg, P.C. and Simon Briefel, and 300 North LaSalle, Chicago, Illinois 60654; Attn:  Patrick J. Nash, Jr., P.C., Ross M. Kwasteniet, P.C., and Alison J. Wirtz; (iii) the United States Trustee for the Southern District of New York (the "U.S. Trustee"), U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014, Attn:  Shara Cornell, Mark Bruh, and Brian S. Masumoto; (iv) counsel to any statutory committee appointed in these chapter 11 cases; and (v) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").

b.      Among other things, in each Declaration of Disinterestedness, the OCP shall certify that the OCP does not represent or hold any interest adverse to the Debtors or their estates with respect to the matter(s) on which such OCP is to be employed.  Each such OCP shall periodically update its Declaration of Disinterestedness to the extent necessary to reflect new facts or circumstances relevant to its retention and set forth in reasonable written detail the nature of the services expected to be rendered by the OCP, and the estimated monthly disbursements expected to be made by the Debtors to the OCP, during these chapter 11 cases.

c.      The Notice Parties shall have fourteen days after the date of filing of each OCP's Declaration of Disinterestedness (the "Objection Deadline") to object to the retention of such OCP.  The objecting party shall file any such objection and serve such objection upon the Notice Parties and the respective OCP on or before the Objection Deadline and otherwise in compliance with the Case Management Procedures[3] approved by the Court. If any such objection cannot be resolved within fourteen days of its receipt, the matter shall be scheduled for hearing before the Court at the next regularly scheduled omnibus hearing date that is no less than fourteen days from that date or on a date otherwise agreeable to the parties.  The Debtors

---

[3]     The Case Management Procedures are set forth in Exhibit 1 of the *Interim Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief* [Docket No. 63] (the "Interim Case Management Order").

shall not be authorized to retain and compensate such OCP until all outstanding objections have been withdrawn, resolved, or overruled by order of the Court.

d.  If no objection is received from any of the Notice Parties by the Objection Deadline with respect to any particular OCP, the Debtors shall be authorized to: (i) retain such OCP as of the date such OCP commenced providing services to the Debtors and (ii) compensate such OCP as set forth below.

e.  The Debtors shall be authorized to pay, without formal application to the Court by any OCP, 100 percent of fees and disbursements to each of the OCPs retained by the Debtors pursuant to the OCP Procedures upon submission to the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered after the Petition Date; *provided* that while these chapter 11 cases are pending, the following limitations, exclusive of costs and disbursements, shall apply to the compensation:

- for the Tier 1 OCP set forth on **Exhibit B** attached hereto (the "Tier 1 OCP"), **$150,000 per month** on average over a rolling three-month period (the "Tier 1 Monthly OCP Cap") or **$900,000 in the aggregate** (the "Tier 1 Case Cap"); and

- for each Tier 2 OCP set forth on **Exhibit C** attached hereto (collectively, the "Tier 2 OCPs"), **$40,000 per month** on average over a rolling three-month period (the "Tier 2 Monthly OCP Cap" and, together with the Tier 1 Monthly OCP Cap, the "OCP Monthly Caps") or **$250,000 in the aggregate** (the "Tier 2 Case Cap" and, together with the Tier 1 Case Cap, the "OCP Case Caps").

f.  The OCP Monthly Caps or OCP Case Caps may be increased by mutual agreement between the Debtors and the U.S. Trustee (the "Excess Fees"); *provided* that the Debtors shall file a notice with the Court of any such agreed increase (the "Notice of Excess Fees"). Interested parties shall have fourteen days to file an objection to the Notice of Excess Fees with the Court, which objection shall be filed in compliance with the Case Management Procedures approved by the Court. If after fourteen days no objection is filed, the Excess Fees shall be deemed approved, and the OCP may be paid 100 percent of its fees and 100 percent of its expenses without the need to file a fee application.

g.  To the extent there is no agreement with respect to the OCP Monthly Caps and OCP Case Caps as indicated in subparagraph (f), the OCP shall file with the Court a fee application for the amount in excess of the OCP Monthly Caps or OCP Case Caps in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules unless the U.S. Trustee agrees otherwise.

6

h.      To the extent there is no agreement with respect to the OCP Case Cap as indicated in subparagraph (f), the OCP shall file with the Court a retention application in accordance with section 327 of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules unless the U.S. Trustee agrees otherwise.

i.      Beginning on the quarter ending September 30, 2022, and for each quarter thereafter during which these chapter 11 cases are pending, the Debtors shall, within thirty days thereof, file with the Court and serve on the Notice Parties a statement with respect to each OCP paid during the immediately preceding quarterly period (the "Quarterly Statement"). Each Quarterly Statement shall include: (i) the name of the OCP; (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by that OCP during the reported quarter; and (iii) a general description of the services rendered by that OCP.

j.      The Debtors reserve the right to retain additional OCPs from time to time during these chapter 11 cases by: (i) including such OCPs on an amended version of the OCP Lists that are filed with the Court and served on the Notice Parties and (ii) having such OCPs comply with the OCP Procedures.

13.      By this Motion, the Debtors are not requesting authority to pay prepetition amounts owed to OCPs.

**Basis for Relief**

14.      Section 327 of the Bankruptcy Code requires court approval for the employment of "professional persons" retained to represent or perform services for the estate. In determining whether an entity is a "professional" within the meaning of section 327 of the Bankruptcy Code and, therefore, must be retained by express approval of the court, courts generally consider whether such entity is involved in the actual reorganization effort, rather than a debtor's ongoing business operations. *See, e.g.*, *In re Johns-Manville Corp.*, 60 B.R. 612, 619 (Bankr. S.D.N.Y. 1986) ("[T]he phrase 'professional persons,' as used in § 327(a), is a term of art reserved for those persons who play an intimate role in the reorganization of a debtor's estate."). In making this determination, courts often consider the following factors in determining whether an entity is a "professional" within the meaning of section 327 of the Bankruptcy Code:

a.    whether the entity controls, manages, administers, invests, purchases, or sells assets that are significant to the debtor's reorganization;

b.    whether the entity is involved in negotiating the terms of a plan of reorganization;

c.    whether the entity's employment is directly related to the type of work carried out by the debtor or to the routine maintenance of the debtor's business operations;

d.    whether the entity is given discretion or autonomy to exercise its own professional judgment in some part of the administration of the debtor's estate;

e.    the extent of the entity's involvement in the administration of the debtor's estate; and

f.    whether the entity's services involve some degree of special knowledge or skill, such that it can be considered a "professional" within the ordinary meaning of the term.

*See*, *e.g.*, *In re First Merchs. Acceptance Corp.*, No. 97-1500 (JJF), 1997 WL 873551, at *3 (D. Del. Dec. 15, 1997) (listing factors); *see also In re Am. Tissue, Inc.*, 331 B.R. 169, 174 (Bankr. D. Del. 2005) (applying the *First Merchs.* factors and holding that litigation consulting firm was not a "professional" for section 327 purposes); *In re Riker Indus., Inc.*, 122 B.R. 964, 973 (Bankr. N.D. Ohio 1990) (not requiring section 327 of the Bankruptcy Code approval of the fees of a management and consulting firm that performed only "routine administrative functions" and whose "services were not central to [the] bankruptcy case"); *In re Fretheim*, 102 B.R. 298, 299 (Bankr. D. Conn. 1989) (only those professionals involved in the "administration of the debtor's estate," rather than debtor's ongoing business, require approval under section 327 of the Bankruptcy Code).  The foregoing factors must be considered as a whole when determining if an entity is a "professional" within the meaning of section 327 of the Bankruptcy Code.  None of the factors alone is dispositive.  *See First Merchs.*, 1997 WL 873551, at *3 ("In applying these factors,

8

the Court stresses that no one factor is dispositive and that the factors should be weighed against each other and considered in toto.").

15.    Upon consideration of the foregoing factors, and because the OCPs will not be involved in the administration of these chapter 11 cases, the Debtors do not believe that the OCPs are "professionals" requiring formal retention under section 327 of the Bankruptcy Code.  Instead, the OCPs will provide services in connection with the Debtors' ongoing, day-to-day business operations, which services are ordinarily provided by non-bankruptcy professionals.  Nevertheless, to provide clarity and an opportunity for oversight, the Debtors seek the relief requested herein to establish clear mechanisms for retention and compensation of the OCPs pursuant to the OCP Procedures and to thereby avoid any subsequent controversy with respect thereto.

16.    The Debtors respectfully submit that: (a) the retention of the OCPs as provided herein is reasonably necessary for the day-to-day operations of the Debtors' business; (b) expenses for the OCPs will be monitored closely by the Debtors; and (c) the OCPs will not perform substantial bankruptcy-related services related to these chapter 11 cases without filing an application with the Court for separate retention as a non-ordinary course professional.

17.    Moreover, in light of the number of OCPs and the significant costs associated with the preparation of retention applications for professionals who will receive relatively modest fees, the Debtors submit that it would be impractical, inefficient, and costly for the Debtors and their legal advisors to prepare and submit individual applications and proposed retention orders for each OCP.  Therefore, the Debtors submit that it is in the best interests of all creditors and parties in interest to retain the OCPs in accordance with the OCP Procedures to avoid any disruption in the professional services that are required for the day-to-day operation of the Debtors' business.

9

18.    Although some of the OCPs may hold unsecured claims against the Debtors in connection with services rendered prepetition, the Debtors do not believe that any of the OCPs have an interest materially adverse to the Debtors, their creditors, or other parties in interest. In any event, the OCP Procedures include a requirement that each OCP file a Declaration of Disinterestedness before an OCP can be compensated.

19.    The relief requested herein is commonly granted in this district. *See*, *e.g.*, *In re GTT Commc'ns, Inc.*, No. 21-11880 (MEW) (Bankr. S.D.N.Y. Jan. 11, 2022) (authorizing the debtors' retention and compensation of OCPs); *In re Grupo Posadas S.A.B. de C.V.*, No. 21-11831 (SHL) (Bankr. S.D.N.Y. Nov. 17, 2021) (same); *In re A.B.C. Carpet Co., Inc.*, No. 21-11591 (DSJ) (Bankr. S.D.N.Y. Oct. 4, 2021) (same); *In re Philippine Airlines, Inc.*, No. 21-11569 (SCC) (Bankr. S.D.N.Y. Sept. 30, 2021) (same); *In re Automotores Gildemeister SpA*, No. 21-10685 (LGB) (Bankr. S.D.N.Y. May 13, 2021) (same).[4]

20.    For the reasons set forth herein, the Debtors respectfully submit that the relief requested is in the best interests of the Debtors, their estates, creditors, stakeholders, and other parties in interest, and therefore should be granted.

**Waiver of Bankruptcy Rule 6004(h)**

21.    To implement the foregoing successfully, the Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

---

[4]    Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

## Motion Practice

22.     This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this Motion. Accordingly, the Debtors submit that this Motion satisfies Local Rule 9013-1(a).

## Notice

23.     The Debtors will provide notice of this Motion to the following parties or their respective counsel:  (a) the U.S. Trustee; (b) counsel to any statutory committee appointed in these chapter 11 cases; (c) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); (d) the United States Attorney's Office for the Southern District of New York; (e) the Internal Revenue Service; (f) the offices of the attorneys general in the states in which the Debtors operate; (g) the Securities and Exchange Commission; and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

24.     No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

New York, New York
Dated: July 25, 2022

*/s/ Joshua A. Sussberg*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:      (212) 446-4900
Email:            jsussberg@kirkland.com

 - and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:      (312) 862-2200
Email:            patrick.nash@kirkland.com
                     ross.kwasteniet@kirkland.com

*Proposed Counsel to the Debtors and*
*Debtors in Possession*

**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## ORDER AUTHORIZING THE RETENTION AND COMPENSATION OF PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), authorizing the Debtors to retain and compensate professionals utilized in the ordinary course of business, all as more fully set forth in the Motion; and upon the First Day Declarations; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing thereon were appropriate under the circumstances and no other notice

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

[2]     Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

need be provided; and this Court having reviewed the Motion and having heard the statements in

support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court

having determined that the legal and factual bases set forth in the Motion and at the Hearing

establish just cause for the relief granted herein; and after due deliberation and sufficient cause

appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Debtors are authorized to retain and compensate the professionals identified

on the OCP Lists (collectively, the "OCPs"), attached as Exhibit B and Exhibit C to the Motion,

in the ordinary course of business, pursuant to the following OCP Procedures:

    a. Within thirty days after the date on which an OCP commences work for the Debtors, such OCP shall provide a declaration of disinterestedness, substantially in the form attached hereto as **Exhibit 1** (each, a "Declaration of Disinterestedness"), to be filed with the Court and served upon: (i) Celsius Network LLC, 121 River Street, PH05, Hoboken, New Jersey 07030, Attn: Ron Deutsch; (ii) proposed counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C. and Simon Briefel, and 300 North LaSalle, Chicago, Illinois 60654; Attn: Patrick J. Nash, Jr., P.C., Ross M. Kwasteniet, P.C., and Alison J. Wirtz; (iii) the United States Trustee for the Southern Distrcit of New York (the "U.S. Trustee"), U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Shara Cornell, Mark Bruh, and Brian S. Masumoto; (iv) counsel to any statutory committee appointed in these chapter 11 cases; and (v) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").

    b. Among other things, in each Declaration of Disinterestedness, the OCP shall certify that the OCP does not represent or hold any interest adverse to the Debtors or their estates with respect to the matter(s) on which such OCP is to be employed. Each such OCP shall periodically update its Declaration of Disinterestedness to the extent necessary to reflect new facts or circumstances relevant to its retention and set forth in reasonable written detail the nature of the services expected to be rendered by the OCP, and the estimated monthly disbursements expected to be made by the Debtors to the OCP, during these chapter 11 cases.

    c. The Notice Parties shall have fourteen days after the date of filing of each OCP's Declaration of Disinterestedness (the "Objection Deadline") to

2

object to the retention of such OCP. The objecting party shall file any such objection and serve such objection upon the Notice Parties and the respective OCP on or before the Objection Deadline and otherwise in compliance with the Case Management Procedures[3] approved by the Court. If any such objection cannot be resolved within fourteen days of its receipt, the matter shall be scheduled for hearing before the Court at the next regularly scheduled omnibus hearing date that is no less than fourteen days from that date or on a date otherwise agreeable to the parties. The Debtors shall not be authorized to retain and compensate such OCP until all outstanding objections have been withdrawn, resolved, or overruled by order of the Court.

d.    If no objection is received from any of the Notice Parties by the Objection Deadline with respect to any particular OCP, the Debtors shall be authorized to: (i) retain such OCP as of the date such OCP commenced providing services to the Debtors and (ii) compensate such OCP as set forth below.

e.    The Debtors shall be authorized to pay, without formal application to the Court by any OCP, 100 percent of fees and disbursements to each of the OCPs retained by the Debtors pursuant to the OCP Procedures upon submission to the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered after the Petition Date; *provided* that while these chapter 11 cases are pending, the following limitations, exclusive of costs and disbursements, shall apply to the compensation:

- for the Tier 1 OCP set forth on **Exhibit B** attached hereto (the "Tier 1 OCP"), **$150,000 per month** on average over a rolling three-month period (the "Tier 1 Monthly OCP Cap") or **$900,000 in the aggregate** (the "Tier 1 Case Cap"); and

- for each Tier 2 OCP set forth on **Exhibit C** attached hereto (collectively, the "Tier 2 OCPs"), **$40,000 per month** on average over a rolling three-month period (the "Tier 2 Monthly OCP Cap" and, together with the Tier 1 Monthly OCP Cap, the "OCP Monthly Caps") or **$250,000 in the aggregate** (the "Tier 2 Case Cap" and, together with the Tier 1 Case Cap, the "OCP Case Caps").

f.    The OCP Monthly Caps or OCP Case Caps may be increased by mutual agreement between the Debtors and the U.S. Trustee (the "Excess Fees"); *provided* that the Debtors shall file a notice with the Court of any such agreed increase (the "Notice of Excess Fees"). Interested parties shall have fourteen days to file an objection to the Notice of Excess Fees with the

---

[3]   The Case Management Procedures are set forth in Exhibit 1 of the *Interim Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief* [Docket No. 63] (the "Interim Case Management Order").

Court, which objection shall be filed in compliance with the Case Management Procedures approved by the Court. If after fourteen days no objection is filed, the Excess Fees shall be deemed approved, and the OCP may be paid 100 percent of its fees and 100 percent of its expenses without the need to file a fee application.

g.    To the extent there is no agreement with respect to the OCP Monthly Caps and OCP Case Caps as indicated in subparagraph (f), the OCP shall file with the Court a fee application for the amount in excess of the OCP Monthly Caps or OCP Case Caps in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules unless the U.S. Trustee agrees otherwise.

h.    To the extent there is no agreement with respect to the OCP Case Cap as indicated in subparagraph (f), the OCP shall file with the Court a retention application in accordance with section 327 of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules unless the U.S. Trustee agrees otherwise.

i.    Beginning on the quarter ending September 30, 2022, and for each quarter thereafter during which these chapter 11 cases are pending, the Debtors shall, within thirty days thereof, file with the Court and serve on the Notice Parties a statement with respect to each OCP paid during the immediately preceding quarterly period (the "Quarterly Statement"). Each Quarterly Statement shall include: (i) the name of the OCP; (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by that OCP during the reported quarter; and (iii) a general description of the services rendered by that OCP.

j.    The Debtors reserve the right to retain additional OCPs from time to time during these chapter 11 cases by: (i) including such OCPs on an amended version of the OCP Lists that are filed with the Court and served on the Notice Parties and (ii) having such OCPs comply with the OCP Procedures.

3.    The Debtors are authorized to supplement the OCP Lists as necessary to add or remove OCPs, from time to time, without the need for any further hearing and without the need to file individual retention applications for newly added OCPs. In such event, the Debtors shall file the amended OCP Lists with the Court and serve such list on the Notice Parties. Each additional OCP listed in the OCP Lists shall file with the Court and serve a Declaration of Disinterestedness on the Notice Parties as provided in the OCP Procedures. If no objections are filed within fourteen

days to any such additional OCP's Declaration of Disinterestedness, then retention of such OCPs shall be deemed approved by the Court pursuant to this Order without a hearing or further order.

4.    Nothing contained herein shall affect the Debtors' or any appropriate party-in-interest's ability to dispute any invoice submitted by an OCP, and nothing contained herein shall preclude the Debtors from seeking authority to pay any OCP in an amount greater than the applicable OCP Monthly Caps or OCP Case Caps, subject to the rights of any party in interest to oppose any such request.

5.    This Order shall not apply to any professional retained by the Debtors pursuant to a separate order of the Court.

6.    Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens.  Any payment made pursuant to this Order is not intended and should not be construed as an admission as the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

7.    Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

8.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

9.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

10.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2022

_____
THE HONORABLE MARTIN GLENN
CHIEF UNITED STATES BANKRUPTCY JUDGE

## **Exhibit 1**

**Declaration of Disinterestedness**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) Case No. 22-10964 (MG) |
| | ) |
|          Debtors. | ) (Jointly Administered) |
| | ) |

### DECLARATION OF DISINTERESTEDNESS OF [ENTITY] PURSUANT TO THE ORDER AUTHORIZING THE RETENTION AND COMPENSATION OF PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS

I, [NAME], declare under penalty of perjury:

    1.    I am a [POSITION] of [ENTITY], located at [STREET, CITY, STATE, ZIP CODE] (the "Firm").

    2.    Celsius Network LLC and the other above-captioned debtors and debtors in possession (collectively, the "Debtors"), have requested that the Firm provide [SPECIFIC DESCRIPTION] services to the Debtors, and the Firm has consented to provide such services.

    3.    The Firm may have performed services in the past, may currently perform services, and may perform services in the future in matters unrelated to these chapter 11 cases for persons that are parties in interest in the Debtors' chapter 11 cases. The Firm, however, does not perform services for any such person in connection with these chapter 11 cases, or have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

4.      As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants, and parties in interest in these chapter 11 cases.

5.      Neither I nor any principal, partner, director, or officer, of, or professional employed by, the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Firm.

6.      Neither I nor any principal, partner, director, or officer, of, or professional employed by, the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which the Firm is to be employed.

7.      The arrangements for compensation and reimbursement of the Firm include the following [fee structure, etc.]:

a.      Average hourly rate (if applicable): $[____].

b.      Estimated average monthly compensation based on prepetition retention (if applicable): $[____].

8.      As of the date on which the Debtors commenced these chapter 11 cases (the "Petition Date"), the Debtors owed the Firm $[____] for prepetition services, the payment of which is subject to limitations contained in title 11 of the United States Code, 11 U.S.C. §§ 101–1532.

9.      As of the Petition Date, the Firm [was/was not] party to an agreement for indemnification with certain of the Debtors.  [A copy of such agreement is attached as **Exhibit 1** to this Declaration.]

2

10.    The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

[*Remainder of Page Intentionally Left Blank*]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: _____, 2022

_____
**[DECLARANT'S NAME]**

**<u>Exhibit B</u>**

**Tier 1 OCP List**

**Tier 1 Ordinary Course Professional**

| NAME | ADDRESS | TYPE OF SERVICE |
|------|---------|-----------------|
| TAYLOR WESSING LLP | 5 NEW STREET SQUARE<br>LONDON, UNITED KINGDOM<br>EC4A 3TW | LEGAL |

## Exhibit C

**Tier 2 OCP List**

**Tier 2 Ordinary Course Professionals**

| NAME | ADDRESS | TYPE OF SERVICE |
|---|---|---|
| A. GEORGIOU & CO LLC | KREMASTIS RODOU 62, OFFICE 102 4620, EPISKOPI, LIMASSOL, CYPRUS | LEGAL |
| BUCKLEY LLP | 2001 M STREET NORTHWEST STE. 500 WASHINGTON, DC 20036 | LEGAL |
| CMS CAMERON MCKENNA NABARRO OLSWANG LLP | 78 CANNON STREET LONDON, UNITED KINGDOM EC4N 6AF | LEGAL |
| FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP | 901 NEW YORK AVE, NW WASHINGTON, DC 20001-4413 | LEGAL |
| HOLLEY NETHERCOTE PTY LTD | 140 WILLIAM STREET LEVEL 22, VIC MELBOURNE, AUSTRALIA 3000 | LEGAL |
| JACKSON LEWIS P.C. | 666 THIRD AVENUE 29TH FLOOR NEW YORK, NY 10017 | LEGAL |
| MCCARTHY TETRAULT LLP | BOX 48, SUITE 5300 TORONTO-DOMINION BANK TOWER TORONTO, ON CANADA M5K 1E6 | LEGAL |
| ADVOKATŲ KONTORA SORAINEN IR PARTNERIAI | LT-01110 VILNIUS LITHUANIA | LEGAL |
| URÍA MENÉNDEZ ABOGADOS, S.L.P. | 125 OLD BROAD STREET 17TH FLOOR LONDON, UNITED KINGDOM EC2N 1AR | LEGAL |
| WHITE & CASE LLP | 1221 AVENUE OF THE AMERICAS NEW YORK, NY 10020 | LEGAL |
| WILSON SONSINI GOODRICH & ROSATI | 650 PAGE MILL ROAD PALO ALTO, CA 94304-1050 | LEGAL |