UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

In re                                                                                           Chapter 11

CELSIUS NETWORK LLC, *et al.*,[1]                                          Case No. 22-10964 (MG)

                          Debtors.                                                      (Jointly Administered)

-----------------------------------------------------------x

28th July 2022

The Honorable Martin Glenn
United States Bankruptcy Court, Southern District of New York
One Bowling Green
New York, NY 10004-1408

Dear Chief Judge Glenn:

**RE: CELSIUS CUSTODY ACCOUNTS**

Your honor this case has impacted the lives of potentially tens of thousands around the world, including my life savings as a retired school teacher. Clearly CELSIUS NETWORK LLC, *et al*[1] has made numerous decisions that through their own admission were considered high risk and which led to a $1.2 billion dollar hole in their balance sheet and bankruptcy proceedings. Furthermore, and even more importantly, at no point did Celsius communicate this to its depositors/customers at any time prior to the freezing of our accounts on 12 June 2022.  In fact, it was the contrary, as their CEO Alex Mashinsky stated on several interviews and AMA's he held weekly that they were over collateralized unlike other companies in this sector and had sufficient assets to repay all depositors. Nevertheless, this doesn't change the circumstance we now find ourselves in, and I too feel misled and have suffered significant financial harm that will impair the way I live for the rest of my living years.

Nevertheless, I did read the Terms of Use at the time and the difference between an Earn account and Custody account, and as such was only willing to leave a portion of my savings at risk in the Earn account and put the balance in my Custodial account with the understanding as stated in the Celsius Terms of Use[2] and confirmed in their pleadings, *"Title to any of your Eligible Digital Assets in a Custody Wallet shall at all times remain with you and not transfer to Celsius. Celsius will not transfer, sell, loan or otherwise rehypothecate Eligible Digital Assets held in a Custody Wallet unless specifically instructed by you, except as required by valid court order, competent regulatory agency, government agency or applicable law."*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.
[2] Celsius Network Terms of Use: https://celsius.network/terms-of-use
[3] 22-10964-mg, Doc 56, Filed 07/19/22, Interim Order Authorizing The Debtors to Continue to Operate Their Cash Management System, page 2, item 2 'Final Hearing': https://cases.stretto.com/public/x191/11749/PLEADINGS/1174907192280000000090.pdf

With the above understanding, and that the Interim Order requires "*any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on August 1, 2022,*"[3] I respectfully write to you with this response and request regarding this matter of immediate concern that I humbly ask be addressed urgently but hopefully not later than at the scheduled 8 August 2022 final hearing:

1) **Request for Ruling on Custody Accounts:** Ask the Court to make a clear and definite distinction in the treatment of the custodial accounts.

These accounts were brought about by Celsius complying with United States regulations, as they stated in April 2022, '*Celsius has been working closely with regulators around the world*' and Celsius implemented these Custody accounts for US customers as of 15th April 2022. Such US regulations are created to provide protection to non-accredited US investors like myself and to have a custodial protection on such assets while held within these accounts. On the date of the first hearing, in response to your honor's inquiry related to comingled assets in custody, Mr. Nash represented to you in court on 18 July 2022 that $180 Million of assets are comingled but isolated in a separate account. He then assured the court that ALL "custody crypto is available if judge rules it is their own property." Mr. Nash went into further detail stating ~58,000 customers have Custody accounts, and they could possibly get them earlier access to their custody funds.

However, my reason for requesting the Court to provide clarity on this matter, is as I understand the Creditors Committee will oversee the Bankruptcy on behalf of the creditors and will be able to provide some outcome in the actions taken by the Bankruptcy Trustee. However, this committee will be made up of the substantial creditors of Celsius, who as we know, the majority of accounts are Earn accounts, and a minority of customers funds being held in the Custody accounts ($180 Million or 4% of total assets), thereby providing a conflict of interest on the treatment of the custody accounts and their decision.

This is why I ask the Court to make a clear and definite distinction on the Custody accounts, as per the Terms of Use state the outcome of the title should not be at risk and this can be clarified by the Court, '*except as required by valid court order, competent regulatory agency, government agency or applicable law*.' This is why I implore the Court to provide clarity for the Custody accounts as per the Terms of Use and distinguish assets which were deemed to be held in 'Custody'. Custodial assets do not earn yield and as such should not have any counterparty risk and be protected as per the US regulations intended and which were required by Celsius to implement for US customer accounts.

To conclude, may I thank you in advance for your time and openness to consider input and concerns from a wide range of stakeholders. I remain hopeful and optimistic for a timely and equitable outcome at the conclusion of these proceedings and your clarification on Custody accounts.

Sincerely,

Karen Mclain

Celsius Creditor