Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:      (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:      (312) 862-2200

*Proposed Counsel to the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) ) ) | Case No. 22-10964 (MG) |
| Debtors. | ) ) ) | (Jointly Administered) |

**DEBTORS' *EX PARTE* MOTION**
**SEEKING ENTRY OF AN ORDER (I) AUTHORIZING**
**THE DEBTORS TO FILE UNDER SEAL THE NAMES OF CERTAIN**
**CONFIDENTIAL PARTIES IN INTEREST RELATED TO THE DEBTORS'**
**POTENTIAL SALE OF CERTAIN ASSETS AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state the following in support of this motion (this "Motion"):

**Relief Requested**

1.  The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"): (a) authorizing the Debtors to redact and file under seal the names of the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

Confidential Parties (as defined below) related to the Debtors' potential sale of certain assets, and (b) granting related relief.

## Jurisdiction and Venue

2. The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012. The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are sections 105(a) and 107(b)(1) of title 11 of the United States Code (the "Bankruptcy Code"), rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 9013-1 and 9018-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

## Background

5. The Debtors, together with their non-Debtor affiliates (collectively, "Celsius"), are one of the largest and most sophisticated cryptocurrency based finance platforms in the world and provide financial services to institutional, corporate, and retail clients across more than 100 countries. Celsius was created in 2017 to be one of the first cryptocurrency platforms to which users could transfer their crypto assets and (a) earn rewards on crypto assets and/or (b) take loans using those transferred crypto assets as collateral. Headquartered in Hoboken, New Jersey, Celsius

has more than 1.7 million registered users and approximately 300,000 active users with account balances greater than $100.

6. On July 13, 2022 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. A detailed description of the facts and circumstances of these chapter 11 cases is set forth in the *Declaration of Alex Mashinsky, Chief Executive Officer of Celsius Network LLC, in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 23] (the "Mashinsky Declaration") and the *Declaration of Robert Campagna, Managing Director of Alvarez & Marsal North America, LLC, in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 22] (the "Campagna Declaration").[2] As described in more detail in the Mashinsky Declaration, the Debtors commenced these chapter 11 cases to provide Celsius an opportunity to stabilize its business and consummate a comprehensive restructuring transaction that maximizes value for stakeholders.

7. The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. These chapter 11 cases have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 53]. On July 27, 2022, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed an official committee of unsecured creditors [Docket No. 241] (the "Committee"). No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Mashinsky Declaration or the Campagna Declaration (together, the "First Day Declarations") or the Bidding Procedures Motion (as defined herein), as applicable.

3

**The Sale Counterparties**

8.      As further described in the *Debtors' Motion Seeking Entry of (I) an Order (A) Approving Bidding Procedures for the Potential Sale of Certain of the Debtors' Assets, (B) Scheduling Certain Dates with Respect Thereto, (C) Approving the Form and Manner of Notice Thereof, (D) Approving Bid Protections, (E) Approving Contract Assumption and Assignment Procedures, (II) an Order Authorizing the Debtors to Enter Into a Definitive Purchase Agreement, and (III) Granting Related Relief* [Docket No. 188] (the "Bidding Procedures Motion"), the Debtors and their advisors continue to engage in a process that began prior to the Petition Date to market and explore a potential sale (the "Sale") of the equity interests in non-Debtor GK8 Ltd. (the "GK8 Assets").  To that end, the Debtors, in consultation with Centerview Partners LLC, developed a list of approximately 29 parties (the "Contact Parties") whom the Debtors believed may be interested in, and whom the Debtors reasonably believed would have the financial resources to potentially consummate, a Sale.

9.      As of the date hereof, approximately 20 parties have been restricted under non-disclosure agreements in connection with the evaluation of a transaction for the GK8 Assets (such parties, the "Confidential NDA Parties" and, together with the other Contact Parties who have reasonably expressed interest in acquiring the GK8 Assets, the "Confidential Parties"). The Debtors and their advisors are continuing to solicit interest for the GK8 Assets and to work with all interested parties (and any additional parties) to provide diligence materials and support the marketing process.

10.     In connection with the filing of the Bidding Procedures Motion, the Sale Guidelines mandate that the Debtors provide notice thereof to "entities known or reasonably believed to have expressed an interest in acquiring any of the assets offered for sale." *See* General Order M-399, *Amended Guidelines for the Conduct of Asset Sales*, dated November 18, 2009, at 12 (the "Sale

4

Guidelines"). As such, Stretto served a copy of the Bidding Procedures Motion to these 20 parties. The service of such notice will be reflected in the affidavit of service filed on the docket of these chapter 11 cases by Stretto, Inc., the Debtors' proposed claims and noticing agent, which lists the identity and noticing information of each of the Confidential Parties (the "Affidavit of Service").

11. To protect the Debtors' commercially sensitive information while providing the necessary disclosures required under the Sale Guidelines, the Debtors disclosed in the Affidavit of Service the identity and noticing information of the Confidential Parties served with the Bidding Procedures Motion in a redacted form.

12. The identities of the Confidential NDA Parties are redacted because certain Confidential NDA Parties' non-disclosure agreements with the Debtors require that their identities remain confidential, and disclosure of their identities may unduly disrupt the Debtors' efforts to market the GK8 Assets and potentially consummate a Sale. Due to the inherently competitive nature of this process, revealing potential counterparties may chill the marketing process by preventing the confidential parties from moving forward with negotiations and deterring potential counterparties from getting involved in the sale process. Disclosing the identities of the potential counterparties before a transaction is negotiated in violation of the underlying confidentiality agreements could severely hamper discussions between the Debtors and the potential counterparties, to the detriment of the marketing process. This would, in turn, interfere with the Debtors' ability to provide the greatest value for the benefit of their estates and all stakeholders.

13. Unredacted versions of the Affidavits of Service and any other document filed on the docket of these chapter 11 cases that would reveal the identity of the Confidential Parties, (collectively, the "Sealed Documents") will be provided to the Clerk of the Court, the U.S. Trustee,

5

and counsel to the Committee in advance of any hearing held in connection with the Bidding Procedures or the Sale, as applicable.

## Basis for Relief

**I. Redacting the Names of the Confidential Parties Is Warranted Under Section 107(b)(1) of the Bankruptcy Code to Protect the Competitiveness of the Potential Sale.**

14. Section 107(b) of the Bankruptcy Code provides bankruptcy courts with authority to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. This section 107(b) provides, in relevant part, that "[o]n request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may: (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information[.]" 11 U.S.C. § 107(b).

15. Bankruptcy Rule 9018 defines the procedures by which a party may move for relief pursuant to section 107(b) of the Bankruptcy Code. Specifically, Bankruptcy Rule 9018 provides, in relevant part, that, upon motion, "the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018.

16. If the material sought to be protected satisfies one of the categories identified in section 107(b) of the Bankruptcy Code, "the court is *required* to protect a requesting party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994) (emphasis in original). Stated differently, section 107(b) of the Bankruptcy Code does not require a party seeking its protections to demonstrate "good cause." *Orion Pictures*, 21 F.3d at 28. "Courts have supervisory power over their records and files and may deny access to those records and files to prevent them from being used for an improper purpose." *In re Kaiser Aluminum Corp.*, 327 B.R. 554, 560 (D. Del. 2005).

6

Courts are required to provide such protections "generally where open inspection may be used as a vehicle for improper purposes." *Orion Pictures*, 21 F.3d at 27. Indeed, the "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *See In re Glob. Crossing Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003).

17. Confidential commercial information has been defined as information which would cause "an unfair advantage to competitors by providing them information as to the commercial operations of the debtor." *Orion Pictures Corp.*, 21 F.3d at 27. However, commercial information need not rise to the level of a trade secret to be protected under section 107(b)(1) of the Bankruptcy Code. *Id.* at 28; *In re Borders Group, Inc.*, 462 B.R. 42, 47 (Bankr. S.D.N.Y. 2011). Rather, as this Court has recognized, confidential commercial information includes situations where a bankruptcy court may reasonably determine that allowing such disclosure would have a chilling effect on business negotiations. *Borders Group*, 462 B.R. at 47. This Court has granted the sealing of certain limited information in the context of a potential sale on grounds that "dissemination of these details could negatively affect the sale process, and, therefore, run against the Trustee's goal and duty to maximize the [debtors'] estate." *See In re MF Global*, No. 11-2790 (MG) SIPA, 2012 WL 3260393, at *3 (Bankr. S.D.N.Y. Aug. 12, 2012).

18. Courts have held that confidential commercial information includes information related to a debtor's contractual non-disclosure agreements. *See In re Carlson Travel, Inc.*, No. 90017 (Bankr. S.D. Tex. Jan. 10, 2022) (authorizing the debtors to seal identities of certain confidential parties pursuant to non-disclosure agreements); *In re Washington Prime Group, Inc.*, No. 21-31948 (MI) (Bankr. S.D. Tex. July 23, 2021) (same). However, a contractual provision related to confidentiality may not necessarily constitute confidential commercial information. *See*

7

*In re Oldco M. Corp.*, 466 B.R. 234, 237 (Bankr. S.D.N.Y. 2012) (rejecting motion to seal settlement agreement accepted by the liquidating trustee on behalf of the bankruptcy estate).

19. The Debtors submit that, in the context of the potential Sale of the GK8 Assets and the Debtors' duty to maximize value of their estates, the names of the Confidential Parties, which also includes Confidential NDA Parties, constitute confidential commercial information that may be protected under section 107(b)(1) of the Bankruptcy Code and Bankruptcy Rule 9018. The Confidential Parties are participants in the Debtors' efforts to sell the GK8 Assets for the benefit of all their stakeholders. The Debtors are required to maintain the confidentiality of the identities of certain of the Confidential NDA Parties pursuant to certain non-disclosure agreements, and public disclosure of such identities may impair the Sale process by chilling ongoing discussions and discouraging further engagement by other potential bidders. Such parties have an expectation of privacy, and such expectation is reasonable given the requirement that such Confidential Parties enter into the non-disclosure agreements to receive diligence related to the Sale. Due to the inherently competitive nature of the Sale, it is imperative that the identities of the Confidential Parties, including those party to a non-disclosure agreement, remain confidential lest parties be discouraged from participating in discussions with the Debtors in connection with the Sale. Breaching a non-disclosure agreement may not independently be dispositive here. However, it is the chilling effect that such a breach may have on the Sale, combined with the negative impact that revealing the identities of Confidential Parties may have on the competitiveness of the Sale, that warrants granting of the relief requested. *See In re MF Global*, No. 11-2790 (MG) SIPA, 2012 WL 3260393, at *3 (sealing list of memberships of debtor on various exchanges, the public dissemination thereof would have harmed the sale process).

20. As a result, the Debtors believe that authorizing the names of the Confidential Parties to be filed under seal is the best method to ensure transparency with respect to information disclosure while still preventing the negative implications of public disclosure.

## II. The Court Should Authorize the Professionals to Redact the Names of the Confidential Parties.

21. The Debtors request authority for the Debtors and their professionals to file redacted versions of the names of the Confidential Parties with respect to Sealed Documents. The Debtors will provide the Court, the U.S. Trustee, and counsel to the Committee with unredacted versions of the Sealed Documents. The Debtors further request that the Order authorizing the seal remain for the duration of these chapter 11 cases so as not to frustrate the purpose of the Order. At the conclusion of these chapter 11 cases, the Debtors will request to retrieve and dispose of the Sealed Documents in compliance with Local Rule 9018-1.

22. This proposed format for disclosure is carefully tailored to provide appropriate levels of information in these cases while still maintaining confidentiality of "commercial information" where truly necessary.

## Motion Practice

23. This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this Motion. Accordingly, the Debtors submit that this Motion satisfies Local Rule 9013-1(a).

## Notice

24. The Debtors will provide notice of this Motion to the following parties or their respective counsel: (a) the U.S. Trustee; (b) counsel to the Committee; (c) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); (d) the United States Attorney's Office for the Southern District of New York; (e) the Internal Revenue Service; (f) the

offices of the attorneys general in the states in which the Debtors operate; (g) the Securities and Exchange Commission; and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **No Prior Request**

25.     No prior request for the relief sought in this Motion has been made to this or any other court.

*[Remainder of page intentionally left blank.]*

WHEREFORE, the Debtors respectfully request that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

| | |
|---|---|
| New York, New York<br>Dated: August 5, 2022 | */s/ Joshua A. Sussberg*<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C.<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:  (212) 446-4800<br>Facsimile:  (212) 446-4900<br>Email:  jsussberg@kirkland.com<br><br> - and -<br><br>Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)<br>Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Telephone:  (312) 862-2000<br>Facsimile:  (312) 862-2200<br>Email:  patrick.nash@kirkland.com<br>            ross.kwasteniet@kirkland.com<br><br>*Proposed Counsel to the Debtors and Debtors in Possession* |

**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER AUTHORIZING THE DEBTORS TO FILE UNDER SEAL
THE NAMES OF CERTAIN CONFIDENTIAL PARTIES IN INTEREST
RELATED TO THE DEBTORS' POTENTIAL SALE OF CERTAIN ASSETS**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") (a) authorizing the Debtors to redact and file under seal the names of the Confidential Parties and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declarations; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing thereon were appropriate under the circumstances and no other notice

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

[2] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Motion.

need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing (if any) before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing (if any) establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Debtors are authorized, pursuant to sections 105(a) and 107(b)(1) of the Bankruptcy Code, to (i) file any Sealed Documents in a form redacted as to the names and identifiable information of Confidential Parties and (ii) file the unredacted versions of any Sealed Documents under seal pursuant to section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1.

3. The unredacted version shall not be made available to any party (other than those specified in paragraph 5 of this Order) without the sealing party's consent, may not be filed on the public docket, and shall remain under seal until further order of the Court.

4. The Debtors shall submit an unredacted copy of the Sealed Documents to the Clerk of the Court in an envelope under seal, clearly indicating that the same has been filed under seal by order of the Court.

5. The Debtors are authorized to cause the unredacted versions of such Sealed Documents to be served on and made available, on a confidential basis, to: (a) the Court, (b) the U.S. Trustee, (c) the Committee's professionals and, subject to agreed confidentiality protocols or by further order of the Court, the members of the Committee, and (d) any other party as may be ordered by the Court or agreed to in writing by the Debtors, in each case under

appropriate confidentiality agreements reasonably satisfactory to the Debtors, that preserve the confidentiality of the names of the Confidential Parties (and any information derived therefrom).

6. For the avoidance of doubt, this Order is without prejudice to the rights of the U.S. Trustee or any party in interest to seek to unseal the Sealed Documents, or any part thereof.

7. The Confidential Parties and any party authorized to receive the unredacted versions of the Sealed Documents shall be authorized and directed to redact specific references to the information set forth therein from pleadings filed on the public docket maintained in these chapter 11 cases.

8. Any party who receives the names of the Confidential Parties in accordance with this Order shall not disclose or otherwise disseminate this information to any other person or entity, including in response to a request under the Freedom of Information Act.

9. The Debtors shall retrieve from the Clerk of the Court and dispose of all unredacted versions of the Sealed Documents at the conclusion of these chapter 11 cases.

10. The requirements set forth in Local Rules 9013-1 and 9018-1 are satisfied by the contents of the Motion.

11. Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

12. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

13. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

14. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2022

                                       THE HONORABLE MARTIN GLENN
                                       CHIEF UNITED STATES BANKRUPTCY JUDGE

4