WILLIAM K. HARRINGTON  
UNITED STATES TRUSTEE, REGION 2  
U.S. Department of Justice  
Office of the United States Trustee  
201 Varick Street, Suite 1006  
New York, New York 10014  
Telephone: (212) 510–0500  
By:  Shara Cornell  
     Mark Bruh  
     Brian Masumoto  
     Trial Attorneys  

Objection Deadline: August 11, 2022  
Time: 4:00 p.m.

**UNITED STATES BANKRUPTCY COURT**  
**SOUTHERN DISTRICT OF NEW YORK**  
-------------------------------------------------------X  
In re:                                              :       Chapter 11  
                                                    :  
CELSIUS NETWORK LLC, *et al.*,[1]                   :       Case No. 22-10964 (MG)  
                                                    :  
                    Debtors.                        :       (Jointly Administered)  
-------------------------------------------------------X  

**LIMITED OBJECTION OF THE UNITED STATES TRUSTEE**
**TO DEBTORS' MOTION FOR ENTRY OF FINAL ORDER**
**(I) AUTHORIZING THE DEBTORS TO (A) PAY PREPETITION**
**EMPLOYEE WAGES, SALARIES, OTHER COMPENSATION, AND**
**REIMBURSABLE EXPENSES AND (B) CONTINUE EMPLOYEE**
**BENEFITS PROGRAMS AND (II) GRANTING RELATED RELIEF**

TO:   THE HONORABLE MARTIN GLENN,  
      UNITED STATES BANKRUPTCY JUDGE:

William K. Harrington, the United States Trustee for Region 2 (the "United States

Trustee"), hereby submits this limited objection (the "Objections") to the entry of the Final Order

(the "Final Wage Order") (I) Authorizing The Debtors To (A) Pay Prepetition Employee Wages,

Salaries, Other Compensation, And Reimbursable Expenses And (B) Continue Employee

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

1

Benefits Programs And (II) Granting Related Relief ("Wage Motion") [ECF No. 19]. In support thereof, the United States Trustee respectfully states:

## INTRODUCTION

The Debtors have failed to provide the necessary information for interested parties to evaluate the Wage Motion. With respect to lack of transparency, the Debtors have failed to (1) file a list of the recipients of noninsider severance payments, including title, salary, and date of separation and (2) provide information regarding noninsider bonus programs including benchmarks, recipients, and compensation.[2] The Debtors have also failed to explicitly state that they will not pay or honor any compensation and benefit obligations that exceed the caps provided in Bankruptcy Code Sections 507(a)(4) and 507(a)(5) (collectively, the "Statutory Cap").[3]

Specifically, on August 8, 2022, the Debtors provided to the United States Trustee a list of the recipients of noninsider severance payments (not filed) where several of the recipients are receiving severance payments that exceed the statutory limits. Even more troubling is that some of the recipients receiving payments in excess of the Statutory Cap worked at the Debtors for less than six months, with one recipient set to receive $20,769 in severance payments when the employment period was only from June 6, 2022 until July 11, 2022 – a mere 6 weeks. The Debtors should be required to explain the basis for these payments and why the Statutory Cap should not apply. Furthermore, it is unclear from the information provided by the Debtors if these individuals would also be entitled to claims for unpaid wages or were already paid pursuant

---

[2] The United States Trustee is currently evaluating whether an examiner is needed in this case to provide parties in interest and the public the requisite level of transparency such that this case can move forward in an appropriate fashion.
[3] The Interim Wage Order entered July 19, 2022, provided for the statutory cap, whereas the proposed Final Order removes the language without explanation. ECF Doc. 19.

2

to the Interim Wage Order (defined below). This should be made clear for all interested parties to evaluate the propriety of the Wage Motion.

Accordingly, the Wage Motion should be denied.

## BACKGROUND

1. On July 13, 2022 (the "Petition Date"), Celsius Network LLC, Celsius KeyFi LLC, Celsius Lending LLC, Celsius Mining LLC, Celsius Network Inc., Celsius Network Limited, Celsius Networks Lending LLC, and Celsius US Holding LLC (collectively, the "Debtors") each commenced a voluntary case under Chapter 11 of the Bankruptcy Code. *See* Voluntary Petitions, SDNY Case No. 22-10964(MG), ECF No. 1; *see also* the Declaration of Shara Cornell (the "Cornell Decl."), ¶ 3, attached hereto.

2. On July 14, 2022, The Declaration of Alex Mashinsky, Chief Executive Officer of the Celsius Network LLC, in Support of Chapter 11 Petitions and First Day Motions (the "Mashinsky Decl.") was filed. ECF No. 23.

3. The Debtors continue to operate their businesses and manage their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On July 19, 2022, the Court entered an order authorizing the joint administration and procedural consolidation of the chapter 11 cases pursuant to Bankruptcy Rule 1015(b). ECF No. 53.

4. On July 27, 2022, the United States Trustee appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code. ECF No. 241.

5. On July 14, 2022, the Debtors' Motion Seeking Entry of Interim and Final Orders (I) Authorizing The Debtors To (A) Pay Prepetition Employee Wages, Salaries, Other Compensation, And Reimbursable Expenses And (B) Continue Employee Benefits Programs And (II) Granting Related Relief (the "Wage Motion"). ECF No. 19.

6. The Wage Motion does not disclose any details regarding any noninsider bonus programs. *Id.*; Cornell Decl., ¶ 7.

7. The Debtors seek to pay noninsider bonuses that it unilaterally deems are in the ordinary course pursuant to the Final Order. Cornell Decl., ¶ 8. No list of any recipients of noninsider bonuses have been provided nor have the details of any bonus programs, including an ad hoc bonus program, been disclosed to the United States Trustee, the Court, or interested parties.

8. Pursuant to the Wage Motion, the Debtors stated that they believe that approximately 19 former employees are entitled to Non-Insider Severance Benefits totaling $409,000.00. Wage Motion, ¶ 54. The Debtors estimate that 12 severed employees are owed prepetition amounts in excess of the Statutory Cap. *Id.*

9. The Debtors provided the United States Trustee with a list of 13 prepetition severance recipients with proposed payments totaling $309,932. Cornell Decl., ¶ 9. Seven of the recipients showed severance payments in excess of the Statutory Cap. *Id.* The Debtors did not disclose whether any of the recipients were allowed priority wage payments pursuant to the Interim Order provided for by the Wage Motion. *Id.*

10. Severance payments to severance recipients ranged between $9,000 and $80,000. Annual salaries for the recipients ranged between $67,000 to $500,000. *Id.*

11. To date, the Schedules and Statement of Financial Affairs have not been filed.[4] Cornell Decl., ¶5.

12. The section 341(a) meeting is scheduled for August 19, 2022 (the "341 Meeting"). Notice of Meeting of Creditors, ECF No. 297.

---

[4] Schedules and Statements of Financial Affairs are due on August 12, 2022. *See* Order Granting Motion to Extend Time to File Schedules of Assets and Schedules of Current Income and Expenditures, Schedules of Executory Contracts and Leases, and Statement of Financial Affairs, (II) Extending Time to File Rule 2015.3 Financial Reports, and (III) Granting Related Relief ("Motion to Extend") ECF No. 57.

13. No monthly operating report has been filed, with the first becoming due on August 15, 2022. Cornell Decl., ¶ 6.

## ARGUMENT

### A. Relevant Statutory Provisions

14. Section 507(a)(4) of the Bankruptcy Code provides, in part, that a fourth priority is allowed as to unsecured claims to the extent of $15,150.00 earned within 180 days before the filing date for "wages, salaries, or commissions, including vacation, severance, and sick leave pay earned by an individual; . . . ." 11 U.S.C. § 507(a)(4).

15. In seeking relief under the Wage Motion, the Debtors have invoked the "necessity of payment" doctrine. *See* Wage Motion, ¶ 64. Under this doctrine, courts have recognized "the existence of the judicial power to authorize a debtor in a reorganization case to pay prepetition claims where such payment is essential to the continued operation of the debtor." *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 176 (Bankr. S.D.N.Y. 1989); *see also In re Chateaugay Corp.*, 80 B.R. 279, 281 (Bankr. S.D.N.Y. 1987). Accordingly, courts have approved the payment of prepetition claims to employees when such payments are deemed critical to the rehabilitation of an operating debtor. *See, e.g.*, *Ionosphere Clubs, Inc.*, 98 B.R. at 176-77 (internal citations omitted).

16. "The doctrine [of necessity], however, receives limited application," and "mere convenience, without necessity, is insufficient." *In re Windstream Holdings Inc.*, No. 19-CV-4854 (CS), 2020 WL 1651598, at *11 (S.D.N.Y. Apr. 3, 2020) (quoting *In re C.A.F. Bindery, Inc.*, 199 B.R. 828, 835-36 (Bankr. S.D.N.Y. 1996), corrected (Sept. 4, 1996)). Ultimately, the law imposes "a 'duty' on the courts 'to maintain the estate for the benefit of *all* creditors.'" *Windstream Holdings Inc.*, 2020 WL 1651598, at *11 (quoting *Ionosphere Clubs, Inc.*, 98 B.R. at 178) (emphasis in original). "Thus, the rationale for the 'necessity of payment' rule, *i.e.*

5

facilitating the continued operation and rehabilitation of the debtor [. . .] is [. . .] a paramount goal of Chapter 11."). *Id.* at 176.

17. Additionally, under section 507(a)(4) of the Bankruptcy Code, claims of employees for "wages, salaries, or commissions, including vacation, severance, and sick leave pay" earned within 180 days before the date of the filing of the petition are afforded priority unsecured status up to the Statutory Cap. *See* 11 U.S.C. § 507(a)(4). Because such claims must be paid in full before any general unsecured obligations may be satisfied, courts in this district have approved payment of employee claims under wage orders up to the Statutory Cap.

18. Here, the Debtors seek to pay certain severance claim amounts that exceed the Statutory Cap, effectively elevating certain general unsecured claims above others. Notably, the general unsecured creditor body in these cases consists largely of individual consumers. By paying prepetition severance claims that exceed the Statutory Cap, the Debtors are providing preferential treatment to one class of former employees with general unsecured claims over thousands of consumers.

19. The Debtors also seek to continue bonus programs without providing any details regarding recipients, benchmarks, or value of compensation. There is no way to determine if these bonuses exceed the Statutory Cap.

20. The Debtors have not carried their evidentiary burden of demonstrating the necessity of such payments. As the proposed payments are for severance, the payees are, by definition, not current employees, and they are presumably no longer providing services to the Debtors. The Debtors have not established that these payments are essential to their continued operations. While the link between the continuity of the Debtors' operations and the payment of wage claims to *current* employees may be clear, the Debtors have not established the necessity of paying the prepetition general unsecured severance claims of former employees. Additionally,

6

the Motion does not contain sufficient information about the amounts of the proposed payments, the prospective payees, and how these specific obligations arose. The United States Trustee is certainly sympathetic to the needs of employees who have lost their jobs. However, the current record does not support a finding that the proposed payments above the Statutory Cap are necessary to facilitate the *continued* operation and rehabilitation of the Debtors and thus improve the situation for *all* creditors.

WHEREFORE, the United States Trustee respectfully requests that the Court sustain the foregoing Objection and grant such other relief as the Court may deem just and proper.

Dated: New York, New York
       August 10, 2022

Respectfully submitted,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE, Region 2

By: /s/ Shara Cornell
    Shara Cornell, Esq.
    Mark Bruh, Esq.
    Brian Masumoto, Esq.
    Trial Attorneys
    201 Varick Street, Room 1006
    New York, New York 10014
    Tel. (212) 510-0500