**WHITE & CASE LLP**
David M. Turetsky
Samuel P. Hershey
Keith H. Wofford
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile:  (212) 354-8113
Email:  david.turetsky@whitecase.com
        sam.hershey@whitecase.com
        kwofford@whitecase.com

**WHITE & CASE LLP**
Aaron E. Colodny (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, California 90071
Telephone: (213) 620-7700
Facsimile:  (213) 452-2329
Email:  aaron.colodny@whitecase.com

– and –

**WHITE & CASE LLP**
Michael C. Andolina (admitted *pro hac vice*)
Gregory F. Pesce (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone: (312) 881-5400
Facsimile:  (312) 881-5450
Email:  mandolina@whitecase.com
        gregory.pesce@whitecase.com

*Proposed Counsel to the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

**THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS' OBJECTION AND RESERVATION OF RIGHTS
TO DEBTORS' MOTION SEEKING ENTRY OF AN ORDER
APPROVING BID PROCEDURES FOR THE POTENTIAL SALE
OF THE GK8 ASSETS AND RELATED RELIEF**

The Official Committee of Unsecured Creditors (the "**Committee**") appointed in the cases of the above captioned debtors and debtors-in-possession (collectively the "**Debtors**") states as follows in support of this objection and reservation of rights to the *Debtors' Motion Seeking Entry of (I) an Order (A) Approving Bidding Procedures for the Potential Sale of Certain of the Debtors' Assets, (B) Scheduling Certain Dates with Respect Thereto, (C) Approving the Form and Manner of Notice Thereof, (D) Approving Bid Protections, (E) Approving Contract Assumption and Assignment Procedures, (II) an Order Authorizing the Debtors to Enter into a Definitive Purchase Agreement, and (III) Granting Related Relief* [Docket No. 188] (the "**GK8 Sale Motion**"):[2]

**Objection**

1.      By the GK8 Sale Motion, the Debtors request authority to market their indirect equity interest in non-Debtor subsidiary, GK8 Ltd. The GK8 Sale Motion fails to articulate any business justification for pursuing the proposed sale. However, the Debtors and their advisors have discussed the potential sale with the Committee's advisors and have provided them with additional information regarding the rationale for commencing a sale process. Among other things, the Committee understands that proceeds from such a sale may fulfill some of the Debtors' liquidity needs during these chapter 11 cases and that marketing the GK8 equity would not detract from the Debtors' reorganizations efforts. With this understanding, the Committee believes that a marketing process for the GK8 equity may be appropriately commenced at this time but, as more

---

[2]     Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the GK8 Sale Motion.

fully set forth below, has concerns about the procedures proposed by the Debtors. The Committee therefore files this Objection and requests that any order approving the GK8 Motion include the changes described below.[3]

2.      In this regard, the Committee submits that the marketing and bidding process proposed by the Debtors should include additional protections and rights for the Committee to ensure that any potential sale results in the highest and best price for the benefit of the Debtors' stakeholders and should be modified to reflect certain other changes.

3.      First, the proposed Bidding Procedures afford the Debtors too much discretion to provide bid protections to a potential stalking horse without Court approval or the consent of the Committee. Second, the Committee should have enhanced consent and consultation rights to ensure that the Debtors run the sale process in an efficient manner that encourages participation and maximizes the return on the GK8 equity if a sale is pursued, and all decisions by the Debtors in this process should be required to be explicitly approved by the Debtors' independent directors. Third, the Proposed Bidding Procedures Order and the Bidding Procedures include numerous provisions, such as assignment of contracts, which would only apply in the context of a sale of individual assets, rather than a sale of the equity of an entire business as the GK8 Sale Motion contemplates. Finally, the Committee reserves all rights with respect to approval of any sale of the GK8 equity and the retention and use of any proceeds of a potential sale.

## I.     The Court Should Not Pre-Authorize Bid Protections

4.      The primary purpose of bidding procedures is to maximize the value of the Debtors' assets for the benefit of its stakeholders. *See Official Comm. of Subordinated Bondholders v.*

---

[3]     For the avoidance of doubt, the Committee reserves all rights with respect to the conduct of the marketing and bidding process, and with regard to the propriety of any potential sale. This objection simply supports the Debtors' desire to engage in a marketing process for the GK8 equity provided that certain revisions are made to the Bidding Procedures Order and Bidding Procedures.

*Integrated Res., Inc.* (*In re Integrated Res., Inc.*), 147 B.R. 650, 659 (S.D.N.Y. 1992) (the officers and directors of the debtor, in the auction context, "have a duty . . . to attract the highest price for the estate"); *In re Metaldyne Corp.*, 409 B.R. 661, 668 (Bankr. S.D.N.Y. 2009) ("It is a well-established principle of bankruptcy law that the objective of bankruptcy rules and the [Debtor's] duty with respect to such sales is to obtain the highest price or greatest overall benefit possible for the estate." (internal citations and quotations omitted)). Therefore, bidding procedures must be designed to encourage, rather than chill, bids. *See In re Chrysler LLC*, 405 B.R. 84, 109 (Bankr. S.D.N.Y. 2009) (approving bidding procedures upon finding that "the bidding procedures would encourage bidding from any interested party with the wherewithal and interest to consummate a purchase transaction to ensure that the highest and best offer was attained"); *In re Bidermann Indus. U.S.A., Inc.*, 203 B.R. 547, 551-53 (Bankr. S.D.N.Y. 1997) (rejecting proposed bidding procedures where "the whole bidding arrangement [was] designed not to encourage but to stifle bidding"). The Debtors carry the burden of demonstrating that the Bidding Procedures, including the potential awarding of bid protections, comply with the above requirements. *In re Gen. Motors*, 407 B.R. 463, 490 (Bankr. S.D.N.Y. 2009).

5.   A Stalking Horse Bidder has not been selected nor has any potential bid been disclosed. Yet, the Debtors request that this Court pre-approve Bid Protections if they select a Stalking Horse Bidder that is a non-insider—with no hearing or opportunity to object—so long as the Break-Up Fee is less than or equal to 3% of the cash purchase price and the Expense Reimbursement is less than or equal to $400,000. GK8 Sale Motion ¶¶ 16-17.

6.   There is no record to support blanket approval of potential bid protections at this time. It is impossible to consider the reasonableness of the Expense Reimbursement and a Break-Up Fee that is 3% of the purchase price if the purchase price and other terms and conditions are

unknown. The Debtors have failed to provide any support for such pre-approval other than rote argument that such Bid Protections are in the range of those typically approved. Motion ¶¶ 34-36.

7. To sufficiently protect the interests of all the Debtors' stakeholders and ensure the best opportunity to maximize value, the Committee submits that the Debtors be required to obtain the prior consent of the Committee—as the fiduciary for all unsecured creditors—in order to grant Bid Protections to a Stalking Horse Bidder without further Court approval (subject to the Debtors' proposed limits). *See, e.g., In re Hollander Sleep Products, LLC,* No. 19-11608 (MEW) (Bankr. S.D.N.Y. July 3, 2019) ("The Debtors . . . shall be authorized . . . in an exercise of their business judgment and with the unanimous consent of the Consultation Parties . . . to provide . . . Stalking Horse Bidders with Bid Protections.").

8. Absent such consent by the Committee, the Debtors should be required to obtain Court approval for Bid Protections on reasonable notice to interested parties (which may, depending on the circumstances and the nature of the proposed buyer and sale structure, not require the full 21-days' notice required by Bankruptcy Rule 2002). Without these proposed changes, the Debtors' proposed Bid Protections should not be pre-authorized based on the record before the Court.

## II.  Additional Consultation and Consent Rights Should Be Included

9. The Bidding Procedures grant the Debtors sole discretion to make numerous decisions related to the sale. It is imperative in these cases that the sale process be carefully monitored and that the rights of unsecured creditors are considered. *See, e.g., In re Diocese of Buffalo,* 637 B.R. at 705 (rejecting bidding procedures that gave debtors sole discretion to deem a bid unacceptable for any reason); *In re Blixseth,* No. 09-60452-7, 2010 Bankr. LEXIS 585 (Bankr. D. Mont. Feb. 23, 2010) (denying trustee's proposed procedures for selling property that limited

5

number of entities that could bid on the property and favored a bid by creditor that held a secured interest in the property).

10. The Committee should receive consultation rights with respect to key decisions to ensure the Bidding Procedures are maintained and implemented in a manner that encourages maximum participation and truly elicits the highest and best offer for the GK8 equity. Further, to avoid any potential conflict of interest, any decision made by the Debtors under the Bid Procedures should require the explicit approval of the Debtors' independent directors. And, because there are no liens on the GK8 equity, references to credit bidding should be removed. The Committee's proposed modifications are set forth in a revised marked version of the Bidding Procedures Order and Bidding Procedures attached as **Exhibit A** to this Objection (the "**Committee's Proposed Modifications**"). The Court should require that such changes be made if the GK8 Sale Motion is to be approved.

**III.    Provisions Relating to Sales of Individual Assets Should Be Removed**

11. The GK8 Sale Motion states that the assets being sold are the equity interests of GK8. Motion ¶ 9. Given that it is the equity of GK8 that is being sold rather than any individual assets of GK8, certain components of the Proposed Bidding Procedures Order and Bidding Procedures are inapplicable and should be removed. The Committee's understanding, based on conversations with the Debtors' advisors, is that the Debtors intend to amend the Bidding Procedures Order and Bidding Procedures to remove references to contract assignment and other terms that are inapplicable in the context of a sale of the equity of GK8. The Committee included such changes in the Committee's Proposed Modifications.

**IV.    The Committee Reserves its Rights with Respect to Proceeds of a Sale**

12. The Debtors did not file a proposed Sale Order nor did they specify how the

proceeds of a potential sale of the GK8 equity would be used or distributed. This is concerning because the GK8 equity is held directly by a non-debtor. In the event of a sale, the Committee wants to be certain that any proposed sale is in the best interests the Debtors' unsecured creditors and that the proceeds will be estate property and used to pay claims of the appropriate Debtor or Debtors. The Committee believes that the appropriate outcome is for Debtor Celsius Network Limited (which indirectly owns the GK8 equity) to hold the sale proceeds, and to be permitted to transfer any such proceeds to co-Debtors only on an "as needed" basis to pay administrative expenses and prepetition claims as approved by the Court, rather than storing such proceeds at any other entity until a plan of reorganization is consummated. The Committee reserves all rights with respect to any potential sale of the GK8 equity.

## Reservation of Rights

13.    The Committee reserves all of its rights to supplement or amend this Objection and to raise additional issues with respect to the Motion at the hearing, to request additional evidence, and to present evidence at the hearing.

## Conclusion

WHEREFORE, for the reasons set forth herein, the Committee respectfully requests that the Court deny the relief requested in the Motion as set forth in this Objection, and grant such other and further relief as may be just and proper.

[*Remainder of page intentionally left blank*]

Dated: August 11, 2022
      New York, New York

Respectfully submitted,

/s/ *David M. Turetsky*

**WHITE & CASE LLP**
David M. Turetsky
Samuel P. Hershey
Keith H. Wofford
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
Email: david.turetsky@whitecase.com
       sam.hershey@whitecase.com
       kwofford@whitecase.com

– and –

**WHITE & CASE LLP**
Michael C. Andolina (admitted *pro hac vice*)
Gregory F. Pesce (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone: (312) 881-5400
Facsimile: (312) 881-5450
Email: mandolina@whitecase.com
       gregory.pesce@whitecase.com

– and –

**WHITE & CASE LLP**
Aaron E. Colodny (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, California 90071
Telephone: (213) 620-7700
Facsimile: (213) 452-2329
Email: aaron.colodny@whitecase.com

*Proposed Counsel to the Official Committee of Unsecured Creditors*

# EXHIBIT A

**Committee's Proposed Modifications**