Hearing Date: September 1, 2022, at 10:00 a.m. (prevailing Eastern Time)
Objection Deadline: August 25, 2022, at 4:00 p.m. (prevailing Eastern Time)

**WHITE & CASE LLP**
David M. Turetsky
Samuel P. Hershey
Keith H. Wofford
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile:  (212) 354-8113
Email:  david.turetsky@whitecase.com
         sam.hershey@whitecase.com
         kwofford@whitecase.com

**WHITE & CASE LLP**
Aaron E. Colodny (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, California 90071
Telephone: (213) 620-7700
Facsimile:  (213) 452-2329
Email:  aaron.colodny@whitecase.com

– and –

**WHITE & CASE LLP**
Michael C. Andolina (admitted *pro hac vice*)
Gregory F. Pesce (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone: (312) 881-5400
Facsimile:  (312) 881-5450
Email:  mandolina@whitecase.com
         gregory.pesce@whitecase.com

*Proposed Counsel to the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) Case No. 22-10964 (MG) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**NOTICE OF HEARING ON THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS' APPLICATION FOR ENTRY
OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION
OF KROLL RESTRUCTURING ADMINISTRATION LLC AS NOTICING AND**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

<u>**INFORMATION AGENT TO THE COMMITTEE EFFECTIVE AS OF AUGUST 5, 2022**</u>

**PLEASE TAKE NOTICE** that a hearing on *The Official Committee of Unsecured Creditors' Application for Entry of an Order Authorizing the Employment and Retention of Kroll Restructuring Administration LLC as Noticing and Information Agent to the Committee Effective as of August 5, 2022* (the "**Application**") will be held on **September 1, 2022, at 10:00 a.m. (prevailing Eastern Time)** (the "**Hearing**"). In accordance with General Order M-543 dated March 20, 2020, the Hearing will be conducted remotely using Zoom for Government. Parties wishing to appear at the Hearing, whether making a "live" or "listen only" appearance before the Court, need to make an electronic appearance through the Court's website at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the relief requested in the Application shall: (a) be in writing; (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York, and the *Interim Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief* [Docket No. 63]; (c) be filed electronically with the Court on the docket of *In re Celsius Network LLC,* No. 22-10964 (MG) by registered users of the Court's electronic filing system and in accordance with all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York (which are available on the Court's website at http://www.nysb.uscourts.gov); and (d) be served so as to be actually received by **August 25, 2022, at 4:00 p.m., prevailing Eastern Time**, by (i) the entities on the Master Service List available on the case website of the above-captioned debtors and debtors in possession (the

2

"**Debtors**") at https://cases.stretto.com/celsius and (ii) any person or entity with a particularized interest in the subject matter of the Application.

**PLEASE TAKE FURTHER NOTICE** that only those responses or objections that are timely filed, served, and received will be considered at the Hearing. Failure to file a timely objection may result in entry of a final order granting the Application as requested by the Committee.

**PLEASE TAKE FURTHER NOTICE** that copies of the Application and other pleadings filed in these chapter 11 cases may be obtained free of charge by visiting the website of Stretto at https://cases.stretto.com/celsius. You may also obtain copies of the Application and other pleadings filed in these chapter 11 cases by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

[*Remainder of page left intentionally blank*]

| | |
|---|---|
| Dated: August 11, 2022<br>New York, New York | */s/ David M. Turetsky*<br>**WHITE & CASE LLP**<br>David M. Turetsky<br>Samuel P. Hershey<br>Keith H. Wofford<br>1221 Avenue of the Americas<br>New York, New York 10020<br>Telephone: (212) 819-8200<br>Facsimile: (212) 354-8113<br>Email: david.turetsky@whitecase.com<br> sam.hershey@whitecase.com<br> kwofford@whitecase.com<br><br>– and –<br><br>**WHITE & CASE LLP**<br>Michael C. Andolina (admitted *pro hac vice*)<br>Gregory F. Pesce (admitted *pro hac vice*)<br>111 South Wacker Drive, Suite 5100<br>Chicago, Illinois 60606<br>Telephone: (312) 881-5400<br>Facsimile: (312) 881-5450<br>Email: mandolina@whitecase.com<br>            gregory.pesce@whitecase.com<br><br>– and –<br><br>**WHITE & CASE LLP**<br>Aaron E. Colodny (admitted *pro hac vice*)<br>555 South Flower Street, Suite 2700<br>Los Angeles, California 90071<br>Telephone: (213) 620-7700<br>Facsimile: (213) 452-2329<br>Email: aaron.colodny@whitecase.com<br><br>*Proposed Counsel to the Official Committee of Unsecured Creditors* |

Hearing Date: September 1, 2022, at 10:00 a.m. (prevailing Eastern Time)
Objection Deadline: August 25, 2022, at 4:00 p.m. (prevailing Eastern Time)

**WHITE & CASE LLP**
David M. Turetsky
Samuel P. Hershey
Keith H. Wofford
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
Email: david.turetsky@whitecase.com
    sam.hershey@whitecase.com
    kwofford@whitecase.com

**WHITE & CASE LLP**
Aaron E. Colodny (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, California 90071
Telephone: (213) 620-7700
Facsimile: (213) 452-2329
Email: aaron.colodny@whitecase.com

– and –

**WHITE & CASE LLP**
Michael C. Andolina (admitted *pro hac vice*)
Gregory F. Pesce (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone: (312) 881-5400
Facsimile: (312) 881-5450
Email: mandolina@whitecase.com
    gregory.pesce@whitecase.com

*Proposed Counsel to the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[2] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS' APPLICATION FOR ENTRY
OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION
OF KROLL RESTRUCTURING ADMINISTRATION LLC AS NOTICING AND
INFORMATION AGENT TO THE COMMITTEE EFFECTIVE AS OF AUGUST 5, 2022**

---

[2] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

The Official Committee of Unsecured Creditors (the "**Committee**") of the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), submits this application (the "**Application**") for the entry of an order (the "**Order**"), substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), authorizing the Committee to employ and retain Kroll Restructuring Administration LLC ("**Kroll**")[3] as its noticing and information agent effective as of August 5, 2022. In support of this Application, the Committee relies upon and incorporates by reference the *Declaration of Benjamin J. Steele in Support of The Official Committee of Unsecured Creditors' Application for Entry of an Order Authorizing the Employment and Retention of Kroll Restructuring Administration LLC as Noticing and Information Agent to the Committee Effective as of August 5, 2022* (the "**Steele Declaration**"), attached hereto as **Exhibit B**. In further support of the Application, the Committee respectfully states as follows:

### Jurisdiction, Venue and Predicates for Relief

1. The United States Bankruptcy Court for the Southern District of New York (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, entered February 1, 2012. The Committee confirms its consent to the Court entering a final order in connection with this application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgment in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[3] Effective March 29, 2022, Prime Clerk LLC changed its name to Kroll Restructuring Administration LLC. There has not been any change in the company's leadership, ownership, or organizational structure.

2

3. The predicates for the relief requested by this Application are sections 105(a), 1102(b)(3) and 1103(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), and rules 2014-1 and 2016-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "**Local Rules**").

### Relief Requested

4. By this Application, pursuant to sections 105(a), 1102(b)(3) and 1103(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016 and Local Rules 2014-1 and 2016-1, the Committee seeks authority to retain and employ Kroll as its noticing and information agent in connection with the Chapter 11 Cases and all related matters, effective as of August 5, 2022, in accordance with the terms, and subject to the conditions of that certain engagement letter, dated as of August 5, 2022, attached hereto as **Schedule 1** (the "**Engagement Letter**").

### Background

5. On July 13, 2022 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief in this Court under Chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these Chapter 11 Cases. On July 27, 2022, the United States Trustee (the "**U.S. Trustee**") appointed the Committee, which is comprised of seven members, each of whom holds crypto (or digital) assets through the Celsius platform [Docket No. 241]. The Committee's goal is to maximize the recoveries of account holders and unsecured creditors, as more fully stated in *The Official Committee of Unsecured Creditors' Statement Regarding These Chapter 11 Cases*. [Docket No. 390].

6. On August 5, 2022, the Committee voted to retain Kroll as its information agent,

3

subject to Bankruptcy Court approval.

### Retention of Kroll

**A. Scope of Services**

7. Kroll's retention is appropriate and necessary to assist the Committee in complying with its obligations under section 1102(b)(3) of the Bankruptcy Code and to assist in the efficient administration of the Chapter 11 Cases while minimizing the expense of such functions. Specifically, Kroll will among other things:

  a) host and maintain certain Information Platforms[4] including, but not limited to, a website which will, among other things, provide access to Committee press releases, key dates and deadlines in these Chapter 11 Cases, and links to other websites (e.g., the Debtors' claims and noticing agent's website, the website for the United States Trustee, and the Court's website) and maintain, in conjunction with the Committee Professionals, a Twitter account bearing @CelsiusUCC as the account handle so that it can direct account holders to the Information Platforms;

  b) provide notice to the Committee and its members of certain court filings or notices filed on the docket;

  c) prepare and serve required notices and pleadings on behalf of the Committee in accordance with the Bankruptcy Code and Bankruptcy Rules in the form and manner directed by the Committee and/or the Court;

  d) maintain responses to frequently asked questions;

  e) provide a telephone hotline with dedicated operators to manage Committee calls and, if necessary, direct such inquiries to the Committee Professionals; and

  f) take direction from the Committee or its representatives with respect to further services.

8. As described in the Information Motion, the Debtors' creditors and the general public alike have a heightened interest in the conduct and outcome of these Chapter 11 Cases,

---

[4] Capitalized terms used herein but not otherwise defined shall have the meaning ascribed to such term in *The Official Committee of Unsecured Creditors' Motion for Entry Of An Order Clarifying The Requirement to Provide Access To Confidential Information And Approving A Protocol Regarding Creditor Requests For Information* [Docket No. 432] (the "**Information Motion**").

4

including with respect to the facts and circumstances underlying the allegations of mismanagement of depositors accounts. As the fiduciary for all account holders and unsecured creditors in these Chapter 11 Cases, the Committee and its professionals take seriously their obligation under the Bankruptcy Code to ensure that creditors have access to clear information regarding the status of and key developments in these cases, how to file proofs of claim, as well as designated points of contact and appropriate avenues for creditors to raise and discuss specific concerns.

9. To that end, the Committee has sought in the Information Motion authority to establish and implement a protocol that will enable the Committee to satisfy its obligation to ensure that *all* of the Debtors' account holders and unsecured creditors have access to the information to which they are entitled, while at the same time protecting the confidentiality of information received from the Debtors and non-Debtor parties as necessary to facilitate these Chapter 11 Cases. The Information Platforms will be used to make non-confidential and non-privileged information available and easily accessible to the Debtors' creditors.

10. Specifically, the Information Platforms will provide, among other things, the following:

  (a) general information regarding the Chapter 11 Cases, including the Petition Date and case number;

  (b) contact information for the Committee, the Committee Professionals, the Debtors, and the Debtors' professional advisors;

  (c) a case calendar of significant events in the Chapter 11 Cases, as well as relevant deadlines, including the voting deadline in connection with any Chapter 11 plan of reorganization filed in the Chapter 11 Cases and the deadline to file proofs of claims;

  (d) responses to frequently asked questions;

  (e) select court filings and other documents that the Committee deems to be of particular interest to unsecured creditors;

(f) forms and instructions for filling out proofs of claim as well as relevant related deadlines;

(g) access to a telephone hotline and an email address maintained by Kroll to the extent creditors would like additional information or to discuss specific concerns;

(h) information regarding town hall meetings hosted by Committee professionals;

(i) information concerning the process for claims resolution;

(j) the Debtors' monthly operating reports;

(k) press releases, if any, issued by the Committee;

(l) an email address where creditors may send questions and comments to the Committee in connection with the Chapter 11 Cases; and

(m) links to other relevant websites (*e.g.*, the Debtors' corporate website, the Debtors' claims and noticing agent's website, the website of the U.S. Trustee, and the Court website).

11. Courts in this and other districts have approved the retention of third parties to provide similar services to official committees of unsecured creditors. *See e.g.*, *In re Purdue Pharma L.P.*, No. 19-23649 (RDD) (Bankr. S.D.N.Y. Dec. 23, 2019) [Docket No. 699]; *In re EXCO Resources Inc.*, No. 18-30155 (MI) (Bankr. S.D. Tex. March 28, 2018) [Docket No. 557]; *In re FirstEnergy Solutions, Inc.*, No. 18-50757 (AMK) (Bankr. N.D. Ohio June 12, 2018) [Docket No. 727]; *In re Toys "R" Us, Inc.*, No. 17-3466 (KLP) (Bankr. E.D. Va. Dec 27, 2017) [Docket No. 1375]; *In re Westinghouse Electric Co. LLC*, No. 17-10751 (MEW) (Bankr. S.D.N.Y. July 18, 2017) [Docket No. 934].

12. The Committee believes that Kroll possesses extensive skill and experience in the areas necessary to provide these services to the Committee. Kroll is extremely experienced in acting as an Information Agent for debtors and creditors, including cases such as: *In re GBG USA Inc.*, No. 21-11369 (MEW) (Bankr. S.D.N.Y. Oct. 15, 2021) [Docket No. 305]; *In re Fieldwood Energy LLC*, No. 20-33948 (MI) (Bankr. S.D. Tex. Dec. 22, 2020) [Docket No. 691]; *In re Global*

*Eagle Entertainment Inc.*, No. 20-11835 (JTD) (Bankr. D. Del. Oct. 5, 2020) [Docket No. 448]; *In re LATAM Airlines Group S.A.,* No. 20-11254 (JLG) (Bankr. S.D.N.Y. Aug. 23, 2021) [Docket No. 2994]; *In re The Hertz Corporation*, No. 20-11218 (MFW) (Bankr. D. Del. Dec. 11, 2020) [Docket No. 2064]; and *In re LSC Communications, Inc.*, No. 20-10950 (SHL) (Bankr. S.D.N.Y. June 5, 2020) [Docket No. 328].

13.     Because of the nature of the services that may be necessary in the Chapter 11 Cases, and the fact that the full nature and extent of such services are not known at this time, the Committee believes that the employment of Kroll to provide the services described above and such other services as may be necessary for the Committee to satisfy its obligations to the Debtors' unsecured creditor constituency is appropriate and in the best interests of the Debtors, their creditors and their estates.

### B. Professional Compensation

14.     Kroll specializes in, among other things, providing noticing services in complex bankruptcy cases. Kroll seeks to be compensated by the Debtors' estates for its services rendered on behalf of the Committee in these Chapter 11 Cases in accordance with the provision of the Engagement Letter. The Committee solicited proposals from two (2) other firms interested in serving as information agent, and ultimately determined that Kroll's proposed pricing was fair and reasonable and the best option to the Committee in light of the Committee's needs.

15.     Kroll's rate structure in connection with these Chapter 11 Cases is set forth in the Engagement Letter. The Committee respectfully requests that the fees and expenses incurred by Kroll pursuant to the Engagement Letter be treated as administrative expenses of the Debtors' estates pursuant to section 503(b)(1)(A) of the Bankruptcy Code and be paid in the ordinary course of business, in accordance with the terms and conditions of the Engagement Letter and the pricing

7

schedule set forth therein, without further application to or order of the Court.

### C. Disinterestedness of Kroll

16. Although the Committee is not seeking to employ Kroll pursuant to section 327 of the Bankruptcy Code, it has asked Kroll to review its electronic database to determine whether it has any relationships with the creditors and parties-in-interest in these Cases. To the best of the Committee's knowledge, information, and belief, and except as disclosed in the Steele Declaration, Kroll has represented that it neither holds nor represents any interest materially adverse to the Debtors' estates in connection with any matter on which it would be employed.

### Basis for *Nunc Pro Tunc* Relief

17. Subject to the Court's approval, Kroll will render information and noticing services to the Committee, which is a section 1102(a) committee, thereby enabling the Committee to comply with its obligations under Bankruptcy Code section 1102(b)(3). Section 1103(a) of the Bankruptcy Code provides that a creditors' committee "may select and authorize the employment by such committee of one or more attorneys, accountants, or other agents, to represent or perform services for such committee." 11 U.S.C. § 1103(a). Section 1102(b)(3) provides that:

> A committee appointed under subsection [1102](a) shall—
>
> (A) provide access to information for creditors who—
>
>   i. hold claims of the kind represented by that committee; and
>
>   ii. are not appointed to the committee;
>
> (B) solicit and receive comments from the creditors described in subparagraph (A); and
>
> (C) be subject to a court order that compels any additional report or disclosure to be made to the creditors described in subparagraph (A).

11 U.S.C. § 1102(b)(3).

18. The Committee believes that the engagement of Kroll effective *nunc pro tunc* to the August 5, 2022 is warranted under the circumstances to allow the Committee to comply with these statutory duties in an efficient and cost-saving manner. Without Kroll's retention, the Committee's other professionals would be required to perform the informational and solicitation services required under Bankruptcy Code section 1102(b)(3). Since the functions served by Kroll are administrative in nature, the Committee believes there will be a significant cost savings, ultimately inuring to the benefit of the Debtors' estates and their creditors, from eliminating the administrative burden on counsel to the Committee of servicing pleadings filed by the Committee.

## Motion Practice

19. This Application includes citations to the applicable rules and statutory authorities upon which the relief herein is predicated and a discussion of their application to this Application. Accordingly, the Committee submits that this Application satisfies Local Rule 9013-1(a).

## Notice

20. The Committee will provide notice of this Application to the following parties or their respective counsel: (a) the U.S. Trustee; (b) the Debtors; (c) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); (d) the United States Attorney's Office for the Southern District of New York; (e) the Internal Revenue Service; (f) the offices of the attorneys general in the states in which the Debtors operate; (g) the Securities and Exchange Commission; and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Committee submits that, in light of the nature of the relief requested, no other or further notice need be given.

**Reservation of Rights**

21.     The Committee reserves all of its rights to supplement or amend this Application, and to present evidence at the hearing.

**Conclusion**

22.     WHEREFORE, for the reasons set forth herein, the Committee respectfully requests that the Court enter an order granting the relief requested in this Application in the form of the proposed Order, and such other and further relief as is just and proper.

*[Remainder of page intentionally left blank]*

| | |
|---|---|
| Dated: August 11, 2022 | Respectfully submitted,<br><br>THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF CELSIUS NETWORK LLC, *ET AL.*<br><br>By:<br><br>*/s/ Scott Duffy*<br>Scott Duffy<br>Authorized Signatory, ICB Solutions, Inc.<br>Co-Chair, Official Committee of Unsecured Creditors |

# EXHIBIT A

**Proposed Order**

# **EXHIBIT B**

**Steele Declaration**

**Schedule 1**

**Engagement Letter**