Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200

*Proposed Counsel to the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

## NOTICE OF FILING OF REVISED PROPOSED
## ORDER AUTHORIZING THE RETENTION AND COMPENSATION OF
## PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS

**PLEASE TAKE NOTICE** that on July 25, 2022, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed the *Debtors' Motion Authorizing the Retention and Compensation of Professionals Utilized in the Ordinary Course of Business* [Docket No. 190] (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that the Debtors hereby file a revised proposed *Order Authorizing the Retention and Compensation of Professionals Utilized in the Ordinary Course of Business* attached hereto as **Exhibit A** (the "Revised Proposed Order").

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

**PLEASE TAKE FURTHER NOTICE THAT** a comparison between the Revised Proposed Order and the order filed with the Motion is attached hereto as **Exhibit B**.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion and other pleadings filed in the above-captioned chapter 11 cases may be obtained free of charge by visiting the website of Stretto at http://www.cases.stretto.com/celsius.  You may also obtain copies of any pleadings by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

*[Remainder of page intentionally left blank.]*

New York, New York
Dated: August 15, 2022

/s/ Joshua A. Sussberg

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:           jsussberg@kirkland.com

  - and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200
Email:           patrick.nash@kirkland.com
                 ross.kwasteniet@kirkland.com

*Proposed Counsel to the Debtors and*
*Debtors in Possession*

## Exhibit A

**Revised Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## ORDER AUTHORIZING THE RETENTION AND COMPENSATION OF
## PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), authorizing the Debtors to retain and compensate professionals utilized in the ordinary course of business, all as more fully set forth in the Motion; and upon the First Day Declarations; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order* of Reference from the United States District Court for the Southern District of New York, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing thereon were appropriate under the circumstances and no other notice

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

need be provided; and this Court having reviewed the Motion and having heard the statements in

support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court

having determined that the legal and factual bases set forth in the Motion and at the Hearing

establish just cause for the relief granted herein; and after due deliberation and sufficient cause

appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      The Debtors are authorized to retain and compensate the professionals identified

on the OCP Lists (collectively, the "OCPs"), attached hereto as **Exhibit 2** and **Exhibit 3**, in the

ordinary course of business, pursuant to the following OCP Procedures:

> a.    Within thirty days after the date on which an OCP commences work for the Debtors, such OCP shall provide to the Debtors a declaration of disinterestedness, substantially in the form attached hereto as **Exhibit 1** (each, a "Declaration of Disinterestedness"), to be filed by the Debtors with the Court and served by the Debtors upon: (i) Celsius Network LLC, 121 River Street, PH05, Hoboken, New Jersey 07030, Attn: Ron Deutsch; (ii) proposed counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C. and Simon Briefel, and 300 North LaSalle, Chicago, Illinois 60654; Attn: Patrick J. Nash, Jr., P.C., Ross M. Kwasteniet, P.C., and Alison J. Wirtz; (iii) the United States Trustee for the Southern District of New York (the "U.S. Trustee"), U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Shara Cornell, Mark Bruh, and Brian S. Masumoto; (iv) proposed counsel to the official committee of unsecured creditors (the "Committee"), White & Case LLP, 111 South Wacker Drive, Suite 5100, Chicago, Illinois 60606, Attn: Gregory F. Pesce, 1221 6th Ave, New York, New York 10020, Attn: David Turetsky, and 555 South Flower Street, Suite 2700, Los Angeles, California 90071, Attn: Aaron E. Colodny; (v) counsel to any other statutory committee appointed in these chapter 11 cases; and (vi) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").
>
> b.    Among other things, in each Declaration of Disinterestedness, the OCP shall certify that the OCP does not represent or hold any interest adverse to the Debtors or their estates with respect to the matter(s) on which such OCP is to be employed. Each such OCP shall periodically update its Declaration of Disinterestedness to the extent necessary to reflect new facts or circumstances relevant to its retention and set forth in reasonable written

2

detail the nature of the services expected to be rendered by the OCP, and the estimated monthly disbursements expected to be made by the Debtors to the OCP, during these chapter 11 cases.

c.    The Notice Parties shall have fourteen days after the date of filing of each OCP's Declaration of Disinterestedness (the "Objection Deadline") to object to the retention of such OCP.  The objecting party shall file any such objection and serve such objection upon the Notice Parties and the respective OCP on or before the Objection Deadline and otherwise in compliance with the Case Management Procedures[3] approved by the Court. If any such objection cannot be resolved within fourteen days of its receipt, the matter shall be scheduled for hearing before the Court at the next regularly scheduled omnibus hearing date that is no less than fourteen days from that date or on a date otherwise agreeable to the parties.  The Debtors shall not be authorized to retain and compensate such OCP until all outstanding objections have been withdrawn, resolved, or overruled by order of the Court.

d.    If no objection is received from any of the Notice Parties by the Objection Deadline with respect to any particular OCP, the Debtors shall be authorized to: (i) retain such OCP as of the date such OCP commenced providing services to the Debtors and (ii) compensate such OCP as set forth below.

e.    The Debtors shall be authorized to pay, without formal application to the Court by any OCP, 100 percent of fees and expenses to each of the OCPs retained by the Debtors pursuant to the OCP Procedures upon submission to the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered after the Petition Date; *provided* that while these chapter 11 cases are pending, the following limitations on fees, exclusive of expenses, shall apply to the compensation:

- for the Tier 1 OCP set forth on **Exhibit 2** attached hereto (the "Tier 1 OCP"), **$150,000 per month** on average over a rolling three-month period (the "Tier 1 Monthly OCP Cap") or **$900,000 in the aggregate** (the "Tier 1 Case Cap"); and

- for each Tier 2 OCP set forth on **Exhibit 3** attached hereto (collectively, the "Tier 2 OCPs"), **$40,000 per month** on average over a rolling three-month period (the "Tier 2 Monthly OCP Cap" and, together with the Tier 1 Monthly OCP Cap, the "OCP Monthly Caps") or **$250,000 in the aggregate** (the "Tier 2 Case Cap" and, together with the Tier 1 Case Cap, the "OCP Case Caps").

---

[3]    The Case Management Procedures are set forth in Exhibit 1 of the *Interim Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief* [Docket No. 63] (the "Interim Case Management Order").

f.  The OCP Monthly Caps or OCP Case Caps may be increased by mutual agreement between the Debtors, the U.S. Trustee, and the Committee (the "Excess Fees"); *provided* that the Debtors shall file a notice with the Court of any such agreed increase (the "Notice of Excess Fees"). Interested parties shall have fourteen days to file an objection to the Notice of Excess Fees with the Court, which objection shall be filed in compliance with the Case Management Procedures approved by the Court. If after fourteen days no objection is filed, the Excess Fees shall be deemed approved, and the OCP may be paid 100 percent of its fees and expenses without the need to file a fee application.

g.  To the extent there is no agreement with respect to the OCP Monthly Caps and OCP Case Caps as indicated in subparagraph (f), the OCP shall file with the Court a fee application for the amount in excess of the OCP Monthly Caps or OCP Case Caps in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules unless the U.S. Trustee agrees otherwise.

h.  To the extent there is no agreement with respect to the OCP Case Cap as indicated in subparagraph (f), the OCP shall file with the Court a retention application in accordance with section 327 of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules unless the U.S. Trustee agrees otherwise.

i.  Beginning on the quarter ending September 30, 2022, and for each quarter thereafter during which these chapter 11 cases are pending, the Debtors shall, within thirty days thereof, file with the Court and serve on the Notice Parties a statement with respect to each OCP paid during the immediately preceding quarterly period (the "Quarterly Statement"). Each Quarterly Statement shall include: (i) the name of the OCP; (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by that OCP during the reported quarter; and (iii) a general description of the services rendered by that OCP.

j.  The Debtors may retain additional OCPs from time to time during these chapter 11 cases by: (i) including such OCPs on an amended version of the OCP Lists that are filed with the Court and served on the Notice Parties and (ii) having such OCPs comply with the OCP Procedures.

3.  The Debtors are authorized to supplement the OCP Lists as necessary to add or remove OCPs, from time to time, without the need for any further hearing and without the need to file individual retention applications for newly added OCPs. In such event, the Debtors shall file the amended OCP Lists with the Court and serve such list on the Notice Parties. Each additional

OCP listed in the OCP Lists shall file with the Court and serve a Declaration of Disinterestedness on the Notice Parties as provided in the OCP Procedures.  If no objections are filed within fourteen days to any such additional OCP's Declaration of Disinterestedness, then retention of such OCPs shall be deemed approved by the Court pursuant to this Order without a hearing or further order.

4.      Nothing contained herein shall affect the Debtors' or any appropriate party-in-interest's ability to dispute any invoice submitted by an OCP, and nothing contained herein shall preclude the Debtors from seeking authority to pay any OCP in an amount greater than the applicable OCP Monthly Caps or OCP Case Caps, subject to the rights of any party in interest to oppose any such request.

5.      This Order shall not apply to any professional retained by the Debtors pursuant to a separate order of the Court.

6.      Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed:  (a) an admission by the Debtors or the Committee as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' or the Committee's respective rights to dispute any particular claim on any grounds; (c) a promise or requirement by the Debtors or any third party (including any member of the Committee) to pay any particular claim; (d) an implication or admission by the Debtors or the Committee that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization by any Debtor to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' or the Committee's respective rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors or the Committee that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors and the Committee each expressly reserve their

rights to contest the extent, validity, or perfection or seek avoidance of all such liens.  Any payment made pursuant to this Order is not intended and should not be construed as an admission by the Debtors or the Committee as to the validity of any particular claim or a waiver of the Debtors' and the Committee's respective rights to subsequently dispute such claim.

7.      Notwithstanding anything to the contrary in the Motion, this Order, or any findings announced at the Hearing, nothing in the Motion, this Order, or announced at the Hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the rights of the United States Securities and Exchange Commission and the Committee to challenge transactions involving crypto tokens on any basis are expressly reserved.

8.      Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

9.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

10.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

11.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2022

_____
THE HONORABLE MARTIN GLENN
CHIEF UNITED STATES BANKRUPTCY JUDGE

## Exhibit 1

**Declaration of Disinterestedness**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) Case No. 22-10964 (MG) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**DECLARATION OF DISINTERESTEDNESS**
**OF [ENTITY] PURSUANT TO THE ORDER**
**AUTHORIZING THE RETENTION AND COMPENSATION OF**
**PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

I, [NAME], declare under penalty of perjury:

1.      I am a [POSITION] of [ENTITY], located at [STREET, CITY, STATE, ZIP CODE] (the "Firm").

2.      Celsius Network LLC and the other above-captioned debtors and debtors in possession (collectively, the "Debtors"), have requested that the Firm provide [SPECIFIC DESCRIPTION] services to the Debtors, and the Firm has consented to provide such services.

3.      The Firm may have performed services in the past, may currently perform services, and may perform services in the future in matters unrelated to these chapter 11 cases for persons that are parties in interest in the Debtors' chapter 11 cases. The Firm, however, does not perform services for any such person in connection with these chapter 11 cases, or have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates.

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

4.      As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants, and parties in interest in these chapter 11 cases.

5.      Neither I nor any principal, partner, director, or officer, of, or professional employed by, the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Firm.

6.      Neither I nor any principal, partner, director, or officer, of, or professional employed by, the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which the Firm is to be employed.

7.      The arrangements for compensation and reimbursement of the Firm include the following [fee structure, etc.]:

        a.      Average hourly rate (if applicable): $[____].

        b.      Estimated average monthly compensation based on prepetition retention (if applicable): $[____].

8.      As of the date on which the Debtors commenced these chapter 11 cases (the "Petition Date"), the Debtors owed the Firm $[____] for prepetition services, the payment of which is subject to limitations contained in title 11 of the United States Code, 11 U.S.C. §§ 101–1532.

9.      As of the Petition Date, the Firm [was/was not] party to an agreement for indemnification with certain of the Debtors.  [A copy of such agreement is attached as **Exhibit 1** to this Declaration.]

2

10.     The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

[*Remainder of Page Intentionally Left Blank*]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: _____, 2022

_____
**[DECLARANT'S NAME]**

## Exhibit 2

**Tier 1 OCP List**

### Tier 1 Ordinary Course Professional

| NAME | ADDRESS | TYPE OF SERVICE |
|------|---------|-----------------|
| TAYLOR WESSING LLP | 5 NEW STREET SQUARE LONDON, UNITED KINGDOM EC4A 3TW | LEGAL |

## **Exhibit 3**

**Tier 2 OCP List**

**Tier 2 Ordinary Course Professionals**

| NAME | ADDRESS | TYPE OF SERVICE |
|---|---|---|
| A. GEORGIOU & CO LLC | KREMASTIS RODOU 62, OFFICE 102 4620, EPISKOPI, LIMASSOL, CYPRUS | LEGAL |
| BUCKLEY LLP | 2001 M STREET NORTHWEST STE. 500 WASHINGTON, DC 20036 | LEGAL |
| CMS CAMERON MCKENNA NABARRO OLSWANG LLP | 78 CANNON STREET LONDON, UNITED KINGDOM EC4N 6AF | LEGAL |
| FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP | 901 NEW YORK AVE, NW WASHINGTON, DC 20001-4413 | LEGAL |
| HOLLEY NETHERCOTE PTY LTD | 140 WILLIAM STREET LEVEL 22, VIC MELBOURNE, AUSTRALIA 3000 | LEGAL |
| JACKSON LEWIS P.C. | 666 THIRD AVENUE 29TH FLOOR NEW YORK, NY 10017 | LEGAL |
| MCCARTHY TETRAULT LLP | BOX 48, SUITE 5300 TORONTO-DOMINION BANK TOWER TORONTO, ON CANADA M5K 1E6 | LEGAL |
| ADVOKATŲ KONTORA SORAINEN IR PARTNERIAI | LT-01110 VILNIUS LITHUANIA | LEGAL |
| URÍA MENÉNDEZ ABOGADOS, S.L.P. | 125 OLD BROAD STREET 17TH FLOOR LONDON, UNITED KINGDOM EC2N 1AR | LEGAL |
| WILSON SONSINI GOODRICH & ROSATI | 650 PAGE MILL ROAD PALO ALTO, CA 94304-1050 | LEGAL |

## Exhibit B

**Redline**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

## ORDER AUTHORIZING THE RETENTION AND COMPENSATION OF PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), authorizing the Debtors to retain and compensate professionals utilized in the ordinary course of business, all as more fully set forth in the Motion; and upon the First Day Declarations; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order* of Reference from the United States District Court for the Southern District of New York, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing thereon were appropriate under the circumstances and no

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

other notice need be provided; and this Court having reviewed the Motion and having heard the

statements in support of the relief requested therein at a hearing before this Court

(the "Hearing"); and this Court having determined that the legal and factual bases set forth in the

Motion and at the Hearing establish just cause for the relief granted herein; and after due

deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.    The Motion is granted as set forth herein.

2.    The Debtors are authorized to retain and compensate the professionals identified

on the OCP Lists (collectively, the "OCPs"), attached hereto as **Exhibit B2** and **Exhibit C to the**

**Motion3**, in the ordinary course of business, pursuant to the following OCP Procedures:

a.    Within thirty days after the date on which an OCP commences work for
the Debtors, such OCP shall provide to the Debtors a declaration of
disinterestedness, substantially in the form attached hereto as **Exhibit 1**
(each, a "Declaration of Disinterestedness"), to be filed by the Debtors
with the Court and served by the Debtors upon: (i) Celsius Network LLC,
121 River Street, PH05, Hoboken, New Jersey 07030, Attn: Ron Deutsch;
(ii) proposed counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington
Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C.
and Simon Briefel, and 300 North LaSalle, Chicago, Illinois 60654;
Attn: Patrick J. Nash, Jr., P.C., Ross M. Kwasteniet, P.C., and Alison J.
Wirtz; (iii) the United States Trustee for the Southern Distrcit of New
York (the "U.S. Trustee"), U.S. Federal Office Building, 201 Varick
Street, Suite 1006, New York, New York 10014, Attn: Shara Cornell,
Mark Bruh, and Brian S. Masumoto; (iv) proposed counsel to the official
committee of unsecured creditors (the "Committee"), White & Case LLP,
111 South Wacker Drive, Suite 5100, Chicago, Illinois 60606, Attn:
Gregory F. Pesce, 1221 6th Ave, New York, New York 10020, Attn:
David Turetsky, and 555 South Flower Street, Suite 2700, Los Angeles,
California 90071, Attn:  Aaron E. Colodny;  (v) counsel to any other
statutory committee appointed in these chapter 11 cases; and (vvi) to the
extent not listed herein, those parties requesting notice pursuant to
Bankruptcy Rule 2002 (collectively, the "Notice Parties").

b.    Among other things, in each Declaration of Disinterestedness, the OCP
shall certify that the OCP does not represent or hold any interest adverse
to the Debtors or their estates with respect to the matter(s) on which such
OCP is to be employed.  Each such OCP shall periodically update its
Declaration of Disinterestedness to the extent necessary to reflect new
facts or circumstances relevant to its retention and set forth in reasonable

written detail the nature of the services expected to be rendered by the OCP, and the estimated monthly disbursements expected to be made by the Debtors to the OCP, during these chapter 11 cases.

c.      The Notice Parties shall have fourteen days after the date of filing of each OCP's Declaration of Disinterestedness (the "Objection Deadline") to object to the retention of such OCP.  The objecting party shall file any such objection and serve such objection upon the Notice Parties and the respective OCP on or before the Objection Deadline and otherwise in compliance with the Case Management Procedures[3] approved by the Court.  If any such objection cannot be resolved within fourteen days of its receipt, the matter shall be scheduled for hearing before the Court at the next regularly scheduled omnibus hearing date that is no less than fourteen days from that date or on a date otherwise agreeable to the parties.  The Debtors shall not be authorized to retain and compensate such OCP until all outstanding objections have been withdrawn, resolved, or overruled by order of the Court.

d.      If no objection is received from any of the Notice Parties by the Objection Deadline with respect to any particular OCP, the Debtors shall be authorized to: (i) retain such OCP as of the date such OCP commenced providing services to the Debtors and (ii) compensate such OCP as set forth below.

e.      The Debtors shall be authorized to pay, without formal application to the Court by any OCP, 100 percent of fees and ~~disbursements~~expenses to each of the OCPs retained by the Debtors pursuant to the OCP Procedures upon submission to the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered after the Petition Date; *provided* that while these chapter 11 cases are pending, the following limitations on fees, exclusive of ~~costs and disbursements~~expenses, shall apply to the compensation:

- for the Tier 1 OCP set forth on **Exhibit ~~B~~2** attached hereto (the "Tier 1 OCP"), **$150,000 per month** on average over a rolling three-month period (the "Tier 1 Monthly OCP Cap") or **$900,000 in the aggregate** (the "Tier 1 Case Cap"); and

- for each Tier 2 OCP set forth on **Exhibit ~~C~~3** attached hereto (collectively, the "Tier 2 OCPs"), **$40,000 per month** on average over a rolling three-month period (the "Tier 2 Monthly OCP Cap" and, together with the Tier 1 Monthly OCP Cap, the "OCP Monthly Caps") or **$250,000 in the aggregate** (the "Tier 2 Case

---

[3]     The Case Management Procedures are set forth in Exhibit 1 of the *Interim Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief* [Docket No. 63] (the "Interim Case Management Order").

Cap" and, together with the Tier 1 Case Cap, the "OCP Case Caps").

f.    The OCP Monthly Caps or OCP Case Caps may be increased by mutual agreement between the Debtors ~~and~~, the U.S. Trustee, and the Committee (the "Excess Fees"); *provided* that the Debtors shall file a notice with the Court of any such agreed increase (the "Notice of Excess Fees"). Interested parties shall have fourteen days to file an objection to the Notice of Excess Fees with the Court, which objection shall be filed in compliance with the Case Management Procedures approved by the Court. If after fourteen days no objection is filed, the Excess Fees shall be deemed approved, and the OCP may be paid 100 percent of its fees and ~~100 percent of its~~ expenses without the need to file a fee application.

g.    To the extent there is no agreement with respect to the OCP Monthly Caps and OCP Case Caps as indicated in subparagraph (f), the OCP shall file with the Court a fee application for the amount in excess of the OCP Monthly Caps or OCP Case Caps in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules unless the U.S. Trustee agrees otherwise.

h.    To the extent there is no agreement with respect to the OCP Case Cap as indicated in subparagraph (f), the OCP shall file with the Court a retention application in accordance with section 327 of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules unless the U.S. Trustee agrees otherwise.

i.    Beginning on the quarter ending September 30, 2022, and for each quarter thereafter during which these chapter 11 cases are pending, the Debtors shall, within thirty days thereof, file with the Court and serve on the Notice Parties a statement with respect to each OCP paid during the immediately preceding quarterly period (the "Quarterly Statement"). Each Quarterly Statement shall include: (i) the name of the OCP; (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by that OCP during the reported quarter; and (iii) a general description of the services rendered by that OCP.

j.    The Debtors ~~reserve the right to~~may retain additional OCPs from time to time during these chapter 11 cases by: (i) including such OCPs on an amended version of the OCP Lists that are filed with the Court and served on the Notice Parties and (ii) having such OCPs comply with the OCP Procedures.

4

3.    The Debtors are authorized to supplement the OCP Lists as necessary to add or remove OCPs, from time to time, without the need for any further hearing and without the need to file individual retention applications for newly added OCPs.  In such event, the Debtors shall file the amended OCP Lists with the Court and serve such list on the Notice Parties.  Each additional OCP listed in the OCP Lists shall file with the Court and serve a Declaration of Disinterestedness on the Notice Parties as provided in the OCP Procedures.  If no objections are filed within fourteen days to any such additional OCP's Declaration of Disinterestedness, then retention of such OCPs shall be deemed approved by the Court pursuant to this Order without a hearing or further order.

4.    Nothing contained herein shall affect the Debtors' or any appropriate party-in-interest's ability to dispute any invoice submitted by an OCP, and nothing contained herein shall preclude the Debtors from seeking authority to pay any OCP in an amount greater than the applicable OCP Monthly Caps or OCP Case Caps, subject to the rights of any party in interest to oppose any such request.

5.    This Order shall not apply to any professional retained by the Debtors pursuant to a separate order of the Court.

6.    Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed:  (a) an admission by the Debtors or the Committee as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' or the Committee's respective rights to dispute any particular claim on any grounds; (c) a promise or requirement by the Debtors or any third party (including any member of the Committee) to pay any particular claim; (d) an implication or admission by the Debtors or the Committee that any particular claim is of a type specified or defined in this Order or the Motion;

(e) a request or authorization by any Debtor to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' or the Committee's respective rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors or the Committee that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors and the Committee each expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens.  Any payment made pursuant to this Order is not intended and should not be construed as an admission asby the Debtors or the Committee as to the validity of any particular claim or a waiver of the Debtors' and the Committee's respective rights to subsequently dispute such claim.

7.      Notwithstanding anything to the contrary in the Motion, this Order, or any findings announced at the Hearing, nothing in the Motion, this Order, or announced at the Hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the rights of the United States Securities and Exchange Commission and the Committee to challenge transactions involving crypto tokens on any basis are expressly reserved.

8.      7. Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

9.      8. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

10.      9. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

11.  10. This Court retains exclusive jurisdiction with respect to all matters arising

from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2022

THE HONORABLE MARTIN GLENN
CHIEF UNITED STATES BANKRUPTCY JUDGE

## Exhibit 1

**Declaration of Disinterestedness**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) Case No. 22-10964 (MG) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

## DECLARATION OF DISINTERESTEDNESS
## OF [ENTITY] PURSUANT TO THE ORDER
## AUTHORIZING THE RETENTION AND COMPENSATION OF
## PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS

I, [NAME], declare under penalty of perjury:

1.      I am a [POSITION] of [ENTITY], located at [STREET, CITY, STATE, ZIP CODE] (the "Firm").

2.      Celsius Network LLC and the other above-captioned debtors and debtors in possession (collectively, the "Debtors"), have requested that the Firm provide [SPECIFIC DESCRIPTION] services to the Debtors, and the Firm has consented to provide such services.

3.      The Firm may have performed services in the past, may currently perform services, and may perform services in the future in matters unrelated to these chapter 11 cases for persons that are parties in interest in the Debtors' chapter 11 cases. The Firm, however, does not perform services for any such person in connection with these chapter 11 cases, or have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates.

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

4.    As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants, and parties in interest in these chapter 11 cases.

5.    Neither I nor any principal, partner, director, or officer, of, or professional employed by, the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Firm.

6.    Neither I nor any principal, partner, director, or officer, of, or professional employed by, the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which the Firm is to be employed.

7.    The arrangements for compensation and reimbursement of the Firm include the following [fee structure, etc.]:

    a.    Average hourly rate (if applicable): $[___].

    b.    Estimated average monthly compensation based on prepetition retention (if applicable): $[___].

8.    As of the date on which the Debtors commenced these chapter 11 cases (the "Petition Date"), the Debtors owed the Firm $[___] for prepetition services, the payment of which is subject to limitations contained in title 11 of the United States Code, 11 U.S.C. §§ 101–1532.

9.    As of the Petition Date, the Firm [was/was not] party to an agreement for indemnification with certain of the Debtors.  [A copy of such agreement is attached as **Exhibit 1** to this Declaration.]

2

10.     The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

[*Remainder of Page Intentionally Left Blank*]

*[Different first page link-to-previous setting changed from on in original to off in modified.]*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: _____, 2022

[**DECLARANT'S NAME**]

**Exhibit B2**

**Tier 1 OCP List**

## Tier 1 Ordinary Course Professional

| NAME | ADDRESS | TYPE OF SERVICE |
|------|---------|-----------------|
| TAYLOR WESSING LLP | 5 NEW STREET SQUARE<br>LONDON, UNITED KINGDOM<br>EC4A 3TW | LEGAL |

**Exhibit C3**

**Tier 2 OCP List**

## Tier 2 Ordinary Course Professionals

| NAME | ADDRESS | TYPE OF SERVICE |
|------|---------|-----------------|
| A. GEORGIOU & CO LLC | KREMASTIS RODOU 62, OFFICE 102 4620, EPISKOPI, LIMASSOL, CYPRUS | LEGAL |
| BUCKLEY LLP | 2001 M STREET NORTHWEST STE. 500 WASHINGTON, DC 20036 | LEGAL |
| CMS CAMERON MCKENNA NABARRO OLSWANG LLP | 78 CANNON STREET LONDON, UNITED KINGDOM EC4N 6AF | LEGAL |
| FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP | 901 NEW YORK AVE, NW WASHINGTON, DC 20001-4413 | LEGAL |
| HOLLEY NETHERCOTE PTY LTD | 140 WILLIAM STREET LEVEL 22, VIC MELBOURNE, AUSTRALIA 3000 | LEGAL |
| JACKSON LEWIS P.C. | 666 THIRD AVENUE 29TH FLOOR NEW YORK, NY 10017 | LEGAL |
| MCCARTHY TETRAULT LLP | BOX 48, SUITE 5300 TORONTO-DOMINION BANK TOWER TORONTO, ON CANADA M5K 1E6 | LEGAL |
| ADVOKAT  KONTORA SORAINEN IR PARTNERIAI | LT-01110 VILNIUS LITHUANIA | LEGAL |
| URÍA MENÉNDEZ ABOGADOS, S.L.P. | 125 OLD BROAD STREET 17TH FLOOR LONDON, UNITED KINGDOM EC2N 1AR | LEGAL |
| ~~WHITE & CASE LLP~~ | ~~1221 AVENUE OF THE AMERICAS NEW YORK, NY 10020~~ | ~~LEGAL~~ |
| WILSON SONSINI GOODRICH & ROSATI | 650 PAGE MILL ROAD PALO ALTO, CA 94304-1050 | LEGAL |