| | |
|---|---|
| Joshua A. Sussberg, P.C. | Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*) |
| **KIRKLAND & ELLIS LLP** | Ross M. Kwasteniet, P.C. (admitted *pro hac vice*) |
| **KIRKLAND & ELLIS INTERNATIONAL LLP** | **KIRKLAND & ELLIS LLP** |
| 601 Lexington Avenue | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| New York, New York 10022 | 300 North LaSalle Street |
| Telephone:    (212) 446-4800 | Chicago, Illinois 60654 |
| Facsimile:    (212) 446-4900 | Telephone:    (312) 862-2000 |
| | Facsimile:    (312) 862-2200 |

*Proposed Counsel to the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF FILING OF REVISED PROPOSED
FINAL ORDER (I) AUTHORIZING THE DEBTORS
TO (A) PAY THEIR OBLIGATIONS UNDER PREPETITION
INSURANCE POLICIES, (B) CONTINUE TO PAY CERTAIN
BROKERAGE FEES, (C) RENEW, SUPPLEMENT, MODIFY,
OR PURCHASE INSURANCE COVERAGE, AND (D) MAINTAIN
THEIR SURETY BOND PROGRAM AND (II) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE** that on July 14, 2022, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed the *Debtors' Motion Seeking Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Pay their Obligations Under Prepetition Insurance Policies, (B) Continue to Pay Certain Brokerage Fees, (B) Renew, Supplement, Modify, or*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

*Purchase Insurance Coverage, and (D) Maintain their Surety Bond Program and (II) Granting Related Relief* [Docket No. 16] (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that the Debtors hereby file a revised proposed *Final Order (I) Authorizing the Debtors to (A) Pay their Obligations Under Prepetition Insurance Policies, (B) Continue to Pay Certain Brokerage Fees, (C) Renew, Supplement, Modify, or Purchase Insurance Coverage, and (D) Maintain their Surety Bond Program and (II) Granting Related Relief* attached hereto as **Exhibit A** (the "Revised Proposed Order").

**PLEASE TAKE FURTHER NOTICE THAT** a comparison between the Revised Proposed Order and the order filed with the Motion is attached hereto as **Exhibit B**.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion and other pleadings filed in the above-captioned chapter 11 cases may be obtained free of charge by visiting the website of Stretto at http://www.cases.stretto.com/celsius. You may also obtain copies of any pleadings by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

[*Remainder of page intentionally left blank.*]

2

| | |
|---|---|
| New York, New York<br>Dated: August 15, 2022 | */s/ Joshua A. Sussberg*<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C.<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:   (212) 446-4800<br>Facsimile:    (212) 446-4900<br>Email:          jsussberg@kirkland.com<br><br> - and -<br><br>Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)<br>Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Telephone:   (312) 862-2000<br>Facsimile:    (312) 862-2200<br>Email:          patrick.nash@kirkland.com<br>                    ross.kwasteniet@kirkland.com<br><br>*Proposed Counsel to the Debtors and*<br>*Debtors in Possession* |

## Exhibit A

**Revised Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**FINAL ORDER (I) AUTHORIZING THE
DEBTORS TO (A) PAY THEIR OBLIGATIONS UNDER
PREPETITION INSURANCE POLICIES, (B) CONTINUE TO
PAY CERTAIN BROKERAGE FEES, (C) RENEW, SUPPLEMENT,
MODIFY, OR PURCHASE INSURANCE COVERAGE, AND (D) MAINTAIN
THEIR SURETY BOND PROGRAM AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of a final order (this "Final Order"): (a) authorizing the Debtors to (i) pay their obligations under the Insurance Policies entered into prepetition, (ii) continue to pay certain Brokerage Fees, (iii) renew, supplement, modify, or purchase insurance coverage in the ordinary course, and (iv) maintain their Surety Bonds, and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declarations; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order* of Reference from the United States District Court for the Southern District of New York, entered February 1, 2012; and that this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.  The Motion is granted on a final basis as set forth herein.

2.  The Debtors are authorized to continue the Insurance Policies, including, but not limited to, the Insurance Policies identified on **Exhibit C** to the Motion, and, in their sole discretion, pay any prepetition or postpetition obligations related to the Insurance Policies, Premium Payments, Brokerage Fees, and any other related expenses.

3.  The Debtors are authorized, in consultation with counsel to the Official Committee of Unsecured Creditors (the "Committee") and with notice to the United States Trustee for the Southern District of New York, to renew, amend, supplement, extend, or purchase existing or additional insurance policies in the ordinary course of business on a postpetition basis, as well as replace any of the Insurance Brokers as may be necessary.

4.  The Debtors are authorized to honor any amounts owed on account of any audits that take place in the ordinary course of business.

5. Nothing in this Final Order shall constitute a postpetition assumption of any obligations related to the Insurance Policies pursuant to section 365 of the Bankruptcy Code.

6. Nothing in this Final Order shall: (a) alter or amend the terms and conditions of the Insurance Policies; (b) relieve the Debtors of any of their obligations under the Insurance Policies; (c) preclude or limit, in any way, the rights of any insurer to contest and/or litigate the existence, primacy, and/or scope of available coverage under the Insurance Policies; or (d) create a direct right of action against any insurers or third party administrators where such right of action does not already exist under non-bankruptcy law.

7. The Debtors are authorized to maintain their Surety Bond Program, including the Surety Bonds identified on **Exhibit D** to the Motion, without interruption, in consultation with counsel to the Committee and with notice to the United States Trustee for the Southern District of New York, to: (a) pay Surety Premiums as they come due; (b) renew or potentially acquire additional bonding capacity, as necessary, in the ordinary course of business; (c) request releases from duplicate bonding obligations; (d) cancel, revise, and/or supplement Surety Bonds; (e) renew, supplement, and/or cancel letters of credit or other forms of collateral as may be necessary; (f) pay Surety Brokerage Fees; (g) provide collateral and comply with collateral and indemnity requirements in the ordinary course of business; (h) replace the Surety Broker as may be necessary; and (i) execute other agreements in connection with the Surety Bond Program.

8. Nothing in this Final Order shall require the Surety to issue any new bonds or maintain, modify, renew, or increase the penal sum or amount of any of the existing Surety Bonds.

9. The relief contemplated in this Final Order is subject to entry of any and all interim or final orders related to the *Debtors' Motion Seeking Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Continue to Operate their Cash Management System, (B) Honor*

*Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (D) Continue to Perform Intercompany Transactions, (II) Granting Superpriority Administrative Expense Status to Postpetition Intercompany Balances, and (III) Granting Related Relief.* [Docket No. 21].

10. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

11. Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed: (a) an admission by the Debtors or the Committee as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' or the Committee's respective rights to dispute any particular claim on any grounds; (c) a promise or requirement by the Debtors or any third party to pay any particular claim; (d) an implication or admission by the Debtors or the Committee that any particular claim is of a type specified or defined in this Final Order or the Motion; (e) a request or authorization by any Debtor to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' or the Committee's respective rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors or the Committee that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors and the Committee each expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens. Any payment made pursuant to this Final Order is not intended and should not be construed as an admission by the Debtors or the

Committee as the validity of any particular claim or a waiver of the Debtors' and the Committee's respective rights to subsequently dispute such claim.

12. Notwithstanding anything to the contrary in the Motion, this Order, or any findings announced at the Hearing, nothing in the Motion, this Order, or announced at the Hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission and the Committee to challenge transactions involving crypto tokens on any basis are expressly reserved.

13. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Final Order.

14. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

15. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

16. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

17. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

New York, New York
Dated: _____, 2022

_____
THE HONORABLE MARTIN GLENN
CHIEF UNITED STATES BANKRUPTCY JUDGE

# Exhibit B

**Redline**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 ~~()~~(MG) |
|  | ) |  |
| Debtors. | ) | ~~(Joint Administration Requested)~~(Jointly Administered) |
|  | ) |  |

**FINAL ORDER (I) AUTHORIZING THE
DEBTORS TO (A) PAY THEIR OBLIGATIONS UNDER
PREPETITION INSURANCE POLICIES, (B) CONTINUE TO
PAY CERTAIN BROKERAGE FEES, (C) RENEW, SUPPLEMENT,
MODIFY, OR PURCHASE INSURANCE COVERAGE, AND (D) MAINTAIN
THEIR SURETY BOND PROGRAM AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of a final order (this "Final Order"): (a) authorizing the Debtors to (i) pay their obligations under the Insurance Policies entered into prepetition, (ii) continue to pay certain Brokerage Fees, (iii) renew, supplement, modify, or purchase insurance coverage in the ordinary course, and (iv) maintain their Surety Bonds, and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declarations; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order* of Reference from the United States District Court for the Southern District of New York, entered February 1, 2012; and that this Court having the power to enter a final order

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on a final basis as set forth herein.

2. The Debtors are authorized to continue the Insurance Policies, including, but not limited to, the Insurance Policies identified on **Exhibit C** to the Motion, and, in their sole discretion, pay any prepetition or postpetition obligations related to the Insurance Policies, Premium Payments, Brokerage Fees, and any other related expenses.

3. The Debtors are authorized, in ~~their sole discretion~~ consultation with counsel to the Official Committee of Unsecured Creditors (the "Committee") and with notice to the United States Trustee for the Southern District of New York, to renew, amend, supplement, extend, or purchase existing or additional insurance policies in the ordinary course of business on a postpetition basis, as well as replace any of the Insurance Brokers as may be necessary.

4. The Debtors are authorized to honor any amounts owed on account of any audits that take place in the ordinary course of business.

2

5. Nothing in this Final Order shall constitute a postpetition assumption of any obligations related to the Insurance Policies pursuant to section 365 of the Bankruptcy Code.

6. Nothing in this Final Order shall: (a) alter or amend the terms and conditions of the Insurance Policies; (b) relieve the Debtors of any of their obligations under the Insurance Policies; (c) preclude or limit, in any way, the rights of any insurer to contest and/or litigate the existence, primacy, and/or scope of available coverage under the Insurance Policies; or (d) create a direct right of action against any insurers or third party administrators where such right of action does not already exist under non-bankruptcy law.

7. The Debtors are authorized to maintain their Surety Bond Program, including the Surety Bonds identified on **Exhibit D** to the Motion, without interruption, ~~and in their sole discretion~~in consultation with counsel to the Committee and with notice to the United States Trustee for the Southern District of New York, to: (a) pay Surety Premiums as they come due; (b) renew or potentially acquire additional bonding capacity, as necessary, in the ordinary course of business; (c) request releases from duplicate bonding obligations; (d) cancel, revise, and/or supplement Surety Bonds; (e) renew, supplement, and/or cancel letters of credit or other forms of collateral as may be necessary; (f) pay Surety Brokerage Fees; (g) provide collateral and comply with collateral and indemnity requirements in the ordinary course of business; (h) replace the Surety Broker as may be necessary; and (i) execute other agreements in connection with the Surety Bond Program.

8. Nothing in this Final Order shall require the Surety to issue any new bonds or maintain, modify, renew, or increase the penal sum or amount of any of the existing Surety Bonds.

~~9~~9. The relief contemplated in this Final Order is subject to entry of any and all interim or final orders related to the *Debtors' Motion Seeking Entry of Interim and Final Orders*

3

*(I) Authorizing the Debtors to (A) Continue to Operate their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (D) Continue to Perform Intercompany Transactions, (II) Granting Superpriority Administrative Expense Status to Postpetition Intercompany Balances, and (III) Granting Related Relief.* [Docket No. 21].

10. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

~~10~~11. Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed: (a) an admission by the Debtors or the Committee as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' or the Committee's respective rights to dispute any particular claim on any grounds; (c) a promise or requirement by the Debtors or any third party to pay any particular claim; (d) an implication or admission by the Debtors or the Committee that any particular claim is of a type specified or defined in this Final Order or the Motion; (e) a request or authorization by any Debtor to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' or the Committee's respective rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors or the Committee that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors and the Committee each expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens. Any payment made pursuant to this Final Order is not intended and should not be construed as an admission by the Debtors or the

4

Committee as the validity of any particular claim or a waiver of the Debtors' and the Committee's respective rights to subsequently dispute such claim.

11*12*. Notwithstanding anything to the contrary in the Motion, this Order, or any findings announced at the Hearing, nothing in the Motion, this Order, or announced at the Hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission and the Committee to challenge transactions involving crypto tokens on any basis are expressly reserved.

13. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Final Order.

12*14*. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

13*15*. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

14*16*. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

15*17*. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

New York, New York
Dated: _____, 2022

———————————————————
THE HONORABLE [●]MARTIN GLENN
CHIEF UNITED STATES BANKRUPTCY JUDGE

6