Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Proposed Counsel to the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## NOTICE OF FILING OF REVISED PROPOSED ORDER
## (I) APPROVING THE DEBTORS' PROPOSED ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES, (II) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES, (III) APPROVING THE DEBTORS' PROPOSED PROCEDURES FOR RESOLVING ADEQUATE ASSURANCE REQUESTS, AND (IV) GRANTING RELATED RELIEF

**PLEASE TAKE NOTICE** that on July 13, 2022, the above-captioned debtors and debtors

in possession (collectively, the "Debtors") filed the *Debtors' Motion Seeking Entry of an Order*

*(I) Approving the Debtors' Proposed Adequate Assurance of Payment for Future Utility Services,*

*(II) Prohibiting Utility Providers from Altering, Refusing, or Discontinuing Services,*

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

*(III) Approving the Debtors' Proposed Procedures for Resolving Adequate Assurance Requests, and (IV) Granting Related Relief* [Docket No. 3] (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that the Debtors hereby file a revised proposed *Order (I) Approving the Debtors' Proposed Adequate Assurance of Payment for Future Utility Services, (II) Prohibiting Utility Providers from Altering, Refusing, or Discontinuing Services, (III) Approving the Debtors' Proposed Procedures for Resolving Adequate Assurance Requests, and (IV) Granting Related Relief* attached hereto as **Exhibit A** (the "Revised Proposed Order").

**PLEASE TAKE FURTHER NOTICE THAT** a comparison between the Revised Proposed Order and the order filed with the Motion is attached hereto as **Exhibit B**.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion and other pleadings filed in the above-captioned chapter 11 cases may be obtained free of charge by visiting the website of Stretto at http://www.cases.stretto.com/celsius.  You may also obtain copies of any pleadings by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

*[Remainder of page intentionally left blank.]*

New York, New York
Dated: August 16, 2022

*/s/ Joshua A. Sussberg*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:        jsussberg@kirkland.com

 - and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:        patrick.nash@kirkland.com
              ross.kwasteniet@kirkland.com

*Proposed Counsel to the Debtors and*
*Debtors in Possession*

## Exhibit A

**Revised Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

## ORDER (I) APPROVING THE DEBTORS' PROPOSED ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES, (II) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES, (III) APPROVING THE DEBTORS' PROPOSED PROCEDURES FOR RESOLVING ADEQUATE ASSURANCE REQUESTS, AND (IV) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") (a) approving the Debtors' Proposed Adequate Assurance of payment for future utility services under section 366 of the Bankruptcy Code, (b) prohibiting the Utility Providers from altering, refusing, or discontinuing services, (c) approving the Adequate Assurance Procedures and (d) granting related relief; all as more fully set forth in the Motion; and upon the First Day Declarations; and this Court having jurisdiction over this matter pursuant to  28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.    The Motion is granted as set forth herein.

2.    The Debtors shall serve a copy of this Order on any Utility Provider identified prior to the entry of this Order no later than two business days after the date this Order is entered.

3.    The Debtors are authorized to cause the Adequate Assurance Deposit to be held in a segregated account during the pendency of these chapter 11 cases.

4.    The Adequate Assurance Deposit, together with the Debtors' ability to pay for future Utility Services in the ordinary course of business subject to the Adequate Assurance Procedures, shall constitute adequate assurance of future payment as required by section 366 of the Bankruptcy Code.

5.    The portion of the Adequate Assurance Deposit attributable to each Utility Provider shall be returned to the Debtors on the earlier of (a) reconciliation and payment by the Debtors of the Utility Provider's final invoice in accordance with applicable non-bankruptcy law following the Debtors' termination of Utility Services from such Utility Provider and (b) the effective date of any chapter 11 plan confirmed in these chapter 11 cases.

6.    The following Adequate Assurance Procedures are hereby approved on a final basis:

2

a.  The Debtors will serve a copy of the Motion and the order granting the relief requested herein to each Utility Provider within two business days after entry of the order by the Bankruptcy Court.

b.  Subject to paragraphs (f)–(i) herein, the Debtors will deposit the Adequate Assurance Deposit, in the aggregate amount of $20,508 in the Adequate Assurance Account within five business days after entry of the order granting the Motion.

c.  Each Utility Provider shall be entitled to the funds in the Adequate Assurance Account in the amount set forth for such Utility Provider in the column labeled "Proposed Adequate Assurance" on the list of Utility Providers attached to the Motion as Exhibit B (the "Utility Providers List").

d.  If an amount relating to Utility Services provided postpetition by a Utility Provider is unpaid, and remains unpaid beyond any applicable grace period, such Utility Provider may request a disbursement from the Adequate Assurance Account by giving notice to:    (i) the Debtors, Celsius Network LLC, 121 River Street, PH05, Hoboken, New Jersey 07030, Attn: Ron Deutsch; (ii) proposed counsel to the Debtors, Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654, Attn: Alison Wirtz and Stephanie Cohen; (iii) proposed counsel to the Official Committee of Unsecured Creditors (the "Committee"), White & Case LLP, 111 South Wacker Drive, Suite 5100, Chicago, Illinois 60606, Attn: Gregory F. Pesce and 555 South Flower Street, Suite 2700, Los Angeles, California 90071, Attn: Aaron E. Colodny; (iv) counsel to any other statutory committee appointed in these chapter 11 cases; and (v) the Office of the United States Trustee, 201 Varick Street #1006, New York, New York 10014, Attn: Shara Cornell, Mark Bruh; and Brian Masumoto (collectively, the "Notice Parties").  The Debtors shall honor such request within five business days after the date the request is received by the Debtors, subject to the ability of the Debtors and any such requesting Utility Provider to resolve any dispute regarding such request without further order of the Bankruptcy Court.  To the extent a Utility Provider receives a disbursement from the Adequate Assurance Account, the Debtors shall replenish the Adequate Assurance Account in the amount disbursed.

e.  The portion of the Adequate Assurance Deposit attributable to each Utility Provider will be returned to the Debtors on the earlier of (i) reconciliation and payment by the Debtors of the Utility Provider's final invoice in accordance with applicable nonbankruptcy law following the Debtors' termination of Utility Services from such Utility Provider and (ii) the effective date of any chapter 11 plan confirmed in these chapter 11 cases.

f.  Any Utility Provider desiring additional assurances of payment in the form of deposits, prepayments, or otherwise must serve a request for additional assurance (an "Additional Assurance Request") on the Notice Parties.

3

g.    Any Additional Assurance Request must: (i) be made in writing; (ii) identify the location for which Utility Services are provided; (iii) include information regarding any security deposits paid by the Debtors; (iv) provide evidence that the Debtors have a direct obligation to the Utility Provider; and (v) explain why the Utility Provider believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

h.    An Additional Assurance Request may be made at any time.  If a Utility Provider fails to file and serve an Additional Assurance Request, the Utility Provider shall be (i) deemed to have received "satisfactory" adequate assurance of payment in compliance with section 366 of the Bankruptcy Code and (ii) forbidden from discontinuing, altering, or refusing Utility Services to, or discriminating against, the Debtors on account of any unpaid prepetition charges, or requiring additional assurance of payment other than the Proposed Adequate Assurance.

i.    Upon the Debtors' receipt of an Adequate Assurance Request, the Debtors shall have twenty-one days from the receipt of the Adequate Assurance Request (the "Resolution Period") to negotiate with the Utility Provider and counsel to the Committee to resolve the Utility Provider's Adequate Assurance Request.

j.    Without further order of the Bankruptcy Court, the Debtors may, upon notice to the Notice Parties, enter into agreements granting additional adequate assurance to a Utility Provider serving an Additional Assurance Request if the Debtors, after notice to the Notice Parties and approval of counsel to the Committee, determine that the Additional Assurance Request is reasonable.

k.    If the Debtors determine, in consultation with counsel to the Committee, after notice to the Notice Parties, that the Additional Assurance Request is not reasonable and the Debtors are unable to reach an alternative resolution with the Utility Provider, the Debtors, counsel to the Committee, or the Utility Provider, during or immediately after the Resolution Period, may request a hearing (a "Determination Hearing") before the Bankruptcy Court to determine the adequacy of assurance of payment with respect to that Utility Provider pursuant to section 366(c)(3) of the Bankruptcy Code.

l.    Pending resolution of such dispute at a Determination Hearing, the relevant Utility Provider will be prohibited from altering, refusing, or discontinuing service to the Debtors on account of:  (i) unpaid charges for prepetition services; (ii) a pending Adequate Assurance Request; or (iii) any objections filed in response to the Proposed Adequate Assurance.

m.    The Adequate Assurance Deposit deposited into the Adequate Assurance Account on behalf of any Utility Provider (including any additional amount deposited upon request of any applicable Utility Provider) will be returned to the Debtors, less any amounts owed on account of unpaid, postpetition

Utility Services, by no later than five business days following the earlier of the date upon which (i) a chapter 11 plan becomes effective after being confirmed in these chapter 11 cases or (ii) the Debtors provide notice to a Utility Provider that services provided to the Debtors by such Utility Provider no longer will be needed.

7.      The Utility Providers are prohibited from requiring additional adequate assurance of payment other than pursuant to the Adequate Assurance Procedures.

8.      The Debtors' service of the Motion upon the Utility Services List shall not constitute an admission or concession that any such entity is a "utility" within the meaning of section 366 of the Bankruptcy Code, and the Debtors as well as the Committee reserve all rights and defenses with respect thereto.

9.      The Debtors are authorized to add or remove parties from the Utility Services List; *provided, however*, that the Debtors shall provide notice of any such addition or removal to the Notice Parties; *provided, further,* that, if a Utility Provider is removed from the Utility Services List, the Debtors shall provide the applicable Utility Provider with seven days' notice thereof and the opportunity to respond to such removal.  To the extent that there is any dispute as to the postpetition amounts owed to a Utility Provider, such Utility Provider shall not be removed from the Utility Services List, and no funds shall be removed from the Adequate Assurance Deposit, until such dispute has been resolved.  For any Utility Provider that is subsequently added to the Utility Services List, the Debtors shall serve such Utility Provider a copy of this Order, including the Adequate Assurance Procedures, and provide such Utility Provider two weeks' notice to object to the inclusion of such Utility Provider on the Utility Services List.  The terms of this order and the Adequate Assurance Procedures shall apply to any subsequently identified Utility Provider.

10.      Any landlord that pays directly for Utility Services for the benefit of the Debtors pursuant to a nonresidential real property lease must continue paying for such Utility Services in the ordinary course of business and may not cease, reduce, delay, or otherwise interfere with the payment or delivery of such Utility Services, regardless of any nonpayment, deferral, or waiver of

rent, or any defaults with respect to the applicable lease; *provided* that a landlord may cease payments on account of Utility Services following the effective date of the rejection of the applicable lease pursuant to section 365 of the Bankruptcy Code, if any.

11.  To the extent the Debtors identify new or additional Utility Providers or discontinue services from existing Utility Providers, the Debtors are authorized to add or remove such parties from the Utility Providers List.  For any Utility Provider that is subsequently added to the Utility Providers List, the Debtors shall serve such Utility Provider a copy of the Bankruptcy Court's order regarding Utility Services, including the Adequate Assurance Procedures, and provide such Utility Provider and the Notice Parties two weeks' notice to object to the inclusion of such Utility Provider on the Utility Providers List.  The terms of this Order and the Adequate Assurance Procedures shall apply to any subsequently identified Utility Provider.

12.  Pursuant to the Adequate Assurance Procedures, upon the Debtors' termination of Utility Services, the Debtors may, in their discretion and without further order of this Court, reduce the Adequate Assurance Deposit by an amount not exceeding, for each of the Utility Services being discontinued, the lesser of (i) the estimated two-week utility expense for such Utility Services or (ii) the amount of the Adequate Assurance Deposit then attributable to the applicable Utility Provider.  Upon the effective date of a plan in these chapter 11 cases, the Adequate Assurance Deposit shall be returned to the Debtors, less any amount owed on account of unpaid, postpetition Utility Services, by no later than five business days following the date upon which the plan becomes effective.

13.  Nothing contained in the Motion or this Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Order), is intended as or shall be construed or deemed to be:  (a) an admission by the Debtors or the Committee as to the amount of, basis for, or validity of any claim against the Debtors under the

Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors', the Committee's, or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement by the Debtors or any third party to pay any particular claim; (d) an implication, admission by the Debtors or the Committee or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in the Motion or this Order; (e) a request or authorization by any Debtor to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission by the Debtors or the Committee as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of the Debtors or of the Committee that any claims, causes of action or other rights of the Debtors, the Committee, or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

14. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Order without any duty of further inquiry and without liability for following the Debtors' instructions.

15. Nothing in this Order authorizes the Debtors to accelerate any payments not otherwise due.

16. The Debtors are authorized, but not directed, to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

17.   Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of any applicable Bankruptcy Rules and the Local Rules are satisfied by such notice.

18.   Notwithstanding anything to the contrary in the Motion, this Order, or any findings announced at the Hearing, nothing in the Motion, this Order, or announced at the Hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the rights of the United States Securities and Exchange Commission and the Committee to challenge transactions involving crypto tokens on any basis are explicitly reserved.

19.   Notwithstanding anything to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

20.   The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

21.   This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated:   _____, 2022

_____
THE HONORABLE MARTIN GLENN
CHIEF UNITED STATES BANKRUPTCY JUDGE

## Exhibit B

**Redline**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

———————————————————————————————
|  )  |
| In re: | ) | Chapter 11
|  )  |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (——MG)
|  )  |
| Debtors. | ) | (Jointly Administerationed Requested)
|  )  |
———————————————————————————————

**ORDER (I) APPROVING THE**
**DEBTORS' PROPOSED ADEQUATE ASSURANCE OF PAYMENT**
**FOR FUTURE UTILITY SERVICES, (II) PROHIBITING UTILITY**
**PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES,**
**(III) APPROVING THE DEBTORS' PROPOSED PROCEDURES FOR RESOLVING**
**ADEQUATE ASSURANCE REQUESTS, AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") (a) approving the Debtors' Proposed Adequate Assurance of payment for future utility services under section 366 of the Bankruptcy Code, (b) prohibiting the Utility Providers from altering, refusing, or discontinuing services, (c) approving the Adequate Assurance Procedures and (d) granting related relief; all as more fully set forth in the Motion; and upon the First Day Declarations; and this Court having jurisdiction over this matter pursuant to  28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate ~~under the circumstances~~ and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.    The Motion is granted as set forth herein.

2.    The Debtors shall serve a copy of this Order on any Utility Provider identified prior to the entry of this Order no later than two business days after the date this Order is entered.

3.    The Debtors are authorized to cause the Adequate Assurance Deposit to be held in a segregated account during the pendency of these chapter 11 cases.

4.    The Adequate Assurance Deposit, together with the Debtors' ability to pay for future Utility Services in the ordinary course of business subject to the Adequate Assurance Procedures, shall constitute adequate assurance of future payment as required by section 366 of the Bankruptcy Code.

5.    The portion of the Adequate Assurance Deposit attributable to each Utility Provider shall be returned to the Debtors on the earlier of (a) reconciliation and payment by the Debtors of the Utility Provider's final invoice in accordance with applicable ~~non~~ non-bankruptcy law

following the Debtors' termination of Utility Services from such Utility Provider and (b) the effective date of any chapter 11 plan confirmed in these chapter 11 cases.

6. The following Adequate Assurance Procedures are hereby approved on a final basis:

a.   The Debtors will serve a copy of the Motion and the order granting the relief requested herein to each Utility Provider within two business days after entry of the order by the Bankruptcy Court.

b.   Subject to paragraphs (f)–(i) herein, the Debtors will deposit the Adequate Assurance Deposit, in the aggregate amount of $~~15~~20,508 in the Adequate Assurance Account within five business days after entry of the order granting the Motion.

c.   Each Utility Provider shall be entitled to the funds in the Adequate Assurance Account in the amount set forth for such Utility Provider in the column labeled "Proposed Adequate Assurance" on the list of Utility Providers attached to the Motion as Exhibit B (the "Utility Providers List").

d.   If an amount relating to Utility Services provided postpetition by a Utility Provider is unpaid, and remains unpaid beyond any applicable grace period, such Utility Provider may request a disbursement from the Adequate Assurance Account by giving notice to:    (i) the Debtors, Celsius Network LLC, 121 River Street, PH05, Hoboken, New Jersey 07030, Attn: Ron Deutsch; (ii) proposed counsel to the Debtors, Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654, Attn: Alison Wirtz and Stephanie Cohen; (iii) proposed counsel to the Official Committee of Unsecured Creditors (the "Committee"), White & Case LLP, 111 South Wacker Drive, Suite 5100, Chicago, Illinois 60606, Attn: Gregory F. Pesce and 555 South Flower Street, Suite 2700, Los Angeles, California 90071, Attn: Aaron E. Colodny; (iv) counsel to any other statutory committee appointed in these chapter 11 cases; and (~~iv~~v) the Office of the United States Trustee, 201 Varick Street #1006, New York, New York 10014, Attn: Shara Cornell, Mark Bruh; and Brian Masumoto (collectively, the "Notice Parties"). The Debtors shall honor such request within five business days after the date the request is received by the Debtors, subject to the ability of the Debtors and any such requesting Utility Provider to resolve any dispute regarding such request without further order of the Bankruptcy Court. To the extent a Utility Provider receives a disbursement from the Adequate Assurance Account, the Debtors shall replenish the Adequate Assurance Account in the amount disbursed.

e.   The portion of the Adequate Assurance Deposit attributable to each Utility Provider will be returned to the Debtors on the earlier of (i) reconciliation

and payment by the Debtors of the Utility Provider's final invoice in accordance with applicable nonbankruptcy law following the Debtors' termination of Utility Services from such Utility Provider and (ii) the effective date of any chapter 11 plan confirmed in these chapter 11 cases.

f.      Any Utility Provider desiring additional assurances of payment in the form of deposits, prepayments, or otherwise must serve a request for additional assurance (an "Additional Assurance Request") on the Notice Parties.

g.      Any Additional Assurance Request must: (i) be made in writing; (ii) identify the location for which Utility Services are provided; (iii) include information regarding any security deposits paid by the Debtors; (iv) provide evidence that the Debtors have a direct obligation to the Utility Provider; and (v) explain why the Utility Provider believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

h.      An Additional Assurance Request may be made at any time. If a Utility Provider fails to file and serve an Additional Assurance Request, the Utility Provider shall be (i) deemed to have received "satisfactory" adequate assurance of payment in compliance with section 366 of the Bankruptcy Code and (ii) forbidden from discontinuing, altering, or refusing Utility Services to, or discriminating against, the Debtors on account of any unpaid prepetition charges, or requiring additional assurance of payment other than the Proposed Adequate Assurance.

i.      Upon the Debtors' receipt of an Adequate Assurance Request, the Debtors shall have twenty-one days from the receipt of the Adequate Assurance Request (the "Resolution Period") to negotiate with the Utility Provider and counsel to the Committee to resolve the Utility Provider's Adequate Assurance Request.

j.      Without further order of the Bankruptcy Court, the Debtors may, upon notice to the Notice Parties, enter into agreements granting additional adequate assurance to a Utility Provider serving an Additional Assurance Request if the Debtors, after notice to the Notice Parties and approval of counsel to the Committee, determine that the Additional Assurance Request is reasonable.

k.      If the Debtors determine, in their sole discretionconsultation with counsel to the Committee, after notice to the Notice Parties, that the Additional Assurance Request is not reasonable and the Debtors are unable to reach an alternative resolution with the Utility Provider, the Debtors, counsel to the Committee, or the Utility Provider, during or immediately after the Resolution Period, may request a hearing (a "Determination Hearing") before the Bankruptcy Court to determine the adequacy of assurance of

payment with respect to that Utility Provider pursuant to section 366(c)(3) of the Bankruptcy Code.

l.    Pending resolution of such dispute at a Determination Hearing, the relevant Utility Provider will be prohibited from altering, refusing, or discontinuing service to the Debtors on account of:  (i) unpaid charges for prepetition services; (ii) a pending Adequate Assurance Request; or (iii) any objections filed in response to the Proposed Adequate Assurance.

m.    The Adequate Assurance Deposit deposited into the Adequate Assurance Account on behalf of any Utility Provider (including any additional amount deposited upon request of any applicable Utility Provider) will be returned to the Debtors, less any amounts owed on account of unpaid, postpetition Utility Services, by no later than five business days following the earlier of the date upon which (i) a chapter 11 plan becomes effective after being confirmed in these chapter 11 cases or (ii) the Debtors provide notice to a Utility Provider that services provided to the Debtors by such Utility Provider no longer will be needed.

7.    The Utility Providers are prohibited from requiring additional adequate assurance of payment other than pursuant to the Adequate Assurance Procedures.

8.    The Debtors' service of the Motion upon the Utility Services List shall not constitute an admission or concession that any such entity is a "utility" within the meaning of section 366 of the Bankruptcy Code, and the Debtors as well as the Committee reserve all rights and defenses with respect thereto.

9.    The Debtors are authorized to add or remove parties from the Utility Services List; *provided, however*, that the Debtors shall provide notice of any such addition or removal to the Notice Parties; *provided, further,* that, if a Utility Provider is removed from the Utility Services List, the Debtors shall provide the applicable Utility Provider with seven days' notice thereof and the opportunity to respond to such removal.  To the extent that there is any dispute as to the postpetition amounts owed to a Utility Provider, such Utility Provider shall not be removed from the Utility Services List, and no funds shall be removed from the Adequate Assurance Deposit, until such dispute has been resolved.  For any Utility Provider that is subsequently added to the

Utility Services List, the Debtors shall serve such Utility Provider a copy of this Order, including the Adequate Assurance Procedures, and provide such Utility Provider two weeks' notice to object to the inclusion of such Utility Provider on the Utility Services List.  The terms of this order and the Adequate Assurance Procedures shall apply to any subsequently identified Utility Provider.

10.  Any landlord that pays directly for Utility Services for the benefit of the Debtors pursuant to a nonresidential real property lease must continue paying for such Utility Services in the ordinary course of business and may not cease, reduce, delay, or otherwise interfere with the payment or delivery of such Utility Services, regardless of any nonpayment, deferral, or waiver of rent, or any defaults with respect to the applicable lease; *provided* that a landlord may cease payments on account of Utility Services following the effective date of the rejection of the applicable lease pursuant to section 365 of the Bankruptcy Code, if any.

11.  To the extent the Debtors identify new or additional Utility Providers or discontinue services from existing Utility Providers, the Debtors are authorized to add or remove such parties from the Utility Providers List.  For any Utility Provider that is subsequently added to the Utility Providers List, the Debtors shall serve such Utility Provider a copy of the Bankruptcy Court's order regarding Utility Services, including the Adequate Assurance Procedures, and provide such Utility Provider and the Notice Parties two weeks' notice to object to the inclusion of such Utility Provider on the Utility Providers List.  The terms of this Order and the Adequate Assurance Procedures shall apply to any subsequently identified Utility Provider.

12.  Pursuant to the Adequate Assurance Procedures, upon the Debtors' termination of Utility Services, the Debtors may, in their discretion and without further order of this Court, reduce the Adequate Assurance Deposit by an amount not exceeding, for each of the Utility

Services being discontinued, the lesser of (i) the estimated two-week utility expense for such Utility Services or (ii) the amount of the Adequate Assurance Deposit then attributable to the applicable Utility Provider.  Upon the effective date of a plan in these chapter 11 cases, the Adequate Assurance Deposit shall be returned to the Debtors, less any amount owed on account of unpaid, postpetition Utility Services, by no later than five business days following the date upon which the plan becomes effective.

13. Nothing contained in the Motion or this Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Order), is intended as or shall be construed or deemed to be:  (a) an admission by the Debtors or the Committee as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors', the Committee's, or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement by the Debtors or any third party to pay any particular claim; (d) an implication, admission by the Debtors or the Committee or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in the Motion or this Order; (e) a request or authorization by any Debtor to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission by the Debtors or the Committee as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of the Debtors or of the Committee that any claims, causes of action or other rights of the Debtors, the Committee, or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

14. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Order without any duty of further inquiry and without liability for following the Debtors' instructions.

15. Nothing in this Order authorizes the Debtors to accelerate any payments not otherwise due.

16. The Debtors are authorized, but not directed, to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

17. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of any applicable Bankruptcy Rules and the Local Rules are satisfied by such notice.

18. Notwithstanding anything to the contrary in the Motion, this Order, or any findings announced at the Hearing, nothing in the Motion, this Order, or announced at the Hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the rights of the United States Securities and Exchange Commission and the Committee to challenge transactions involving crypto tokens on any basis are explicitly reserved.

19. 18. Notwithstanding anything to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

20. 19. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

21. 20. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated:  _____, 2022

THE HONORABLE MARTIN GLENN
CHIEF UNITED STATES BANKRUPTCY JUDGE

9