**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER (I) ESTABLISHING PROCEDURES FOR
INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES
FOR RETAINED PROFESSIONALS AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") authorizing the Debtors (a) to establish procedures for interim compensation and reimbursement of expenses for Professionals, and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declarations; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order* of Reference from the United States District Court for the Southern District of New York, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Debtors' notice of the Motion and opportunity for a hearing thereon were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. Except as may otherwise be provided by orders of the Court authorizing the retention of specific professionals, all Professionals, and members of the official committee of unsecured creditors, if any, may seek interim compensation and/or reimbursement of expenses in accordance with the following procedures (collectively, the "Compensation Procedures"):

   a. On or after the 20th day of each month following the month for which compensation is sought, each Professional seeking compensation shall serve a monthly statement (the "Monthly Fee Statement"), on: (i) Celsius Network LLC, 121 River Street, PH05, Hoboken, New Jersey 07030, Attn: Ron Deutsch; (ii) proposed counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C., and Simon Briefel, and 300 North LaSalle, Chicago, Illinois 60654; Attn: Patrick J. Nash, Jr., P.C., Ross M. Kwasteniet, P.C., and Alison J. Wirtz; (iii) the U.S. Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Shara Cornell, Mark Bruh, and Brian S. Masumoto; (iv) proposed counsel to the official committee of unsecured creditors, White & Case LLP, 111 South Wacker Drive, Suite 5100, Chicago, Illinois 60606, Attn: Gregory F. Pesce, 1221 6th Ave, New York, New York 10020, Attn: David Turetsky, and 555 South Flower Street, Suite 2700, Los Angeles, California 90071, Attn: Aaron E. Colodny; (v) counsel to any other statutory committee appointed in these chapter 11 cases; and (vi) to the extent not listed herein those parties requesting notice pursuant to Bankruptcy Rule 2002 (collectively, the "Application Recipients"). All Professionals shall file their first Monthly Fee Statement for the period from the effective date of their retention through the end of the first full month following the effective date of their retention and otherwise in accordance with the procedures set forth in this Order.

   b. On or after the 20th day of each month following the month for which compensation is sought, each Professional shall file a Monthly Fee Statement with the Court; *however*, a courtesy copy need not be delivered to Chambers because this Order is not intended to alter the fee application requirements outlined in

    sections 330 and 331 of the Bankruptcy Code. Professionals shall still be required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

c. Each Monthly Fee Statement must contain a list of the individuals who provided services during the period covered by the Monthly Fee Statement, their respective titles (*e.g.*, attorney, accountant, paralegal, etc.), their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the disbursements incurred (no Professional should seek reimbursement of an expense that would otherwise not be allowed pursuant to the Local Rules and the Court's *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, dated June 17, 2013, or the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013), and contemporaneously maintained time entries (redacted or modified to protect any privileged information) for each individual in increments of tenths (1/10) of an hour or as close thereto as practicable unless otherwise ordered by the Court.

d. If any party in interest has an objection to the compensation or reimbursement sought in a particular Monthly Fee Statement (an "Objection"), such party shall, by no later than 12:00 p.m. (prevailing Eastern Time) on the date that is 14 days following the filing of the particular Monthly Fee Statement (the "Objection Deadline"), serve via email upon both the Professional whose Monthly Fee Statement is the subject of an Objection and the Application Recipients, a written "Notice of Objection to Fee Statement" setting forth the nature of the Objection and the amount of fees or expenses at issue.

e. At the expiration of the Objection Deadline, the Debtors shall promptly pay 80% of the fees and 100% of the expenses identified in each Monthly Fee Statement to which no Objection has been served in accordance with paragraph (d).

f. If a Notice of Objection to Fee Statement with respect to a particular Monthly Fee Statement is served, the Debtors shall withhold payment of only that portion of the Monthly Fee Statement to which the Objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (e).

g. If an Objection is resolved and if the party whose Monthly Fee Statement was the subject of the Objection serves on all Application Recipients a statement indicating that the Objection has been withdrawn and describing the terms of the resolution, then the Debtors shall promptly pay, in accordance with paragraph (e), that portion of the Monthly Fee Statement that is no longer subject to the Objection.

    h.      All Objections that are not resolved by the parties shall be preserved and presented to the Court at the next hearing to consider interim or final fee applications to be heard by the Court in accordance with paragraph (k).

    i.      The service of a Notice of Objection to Fee Statement in accordance with paragraph (d) above shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground, whether raised in the Objection or not. Furthermore, the decision by any party not to object to a Monthly Fee Statement shall not be a waiver of any kind or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code.

    j.      Commencing with the period beginning July 13, 2022 and ending October 31, 2022, and for each four-month interval thereafter (each, an "Interim Fee Period"), each of the Professionals shall file with the Court an application (an "Interim Fee Application") for interim Court approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be), of the compensation and reimbursement of expenses requested in the Monthly Fee Statements served during such Interim Fee Period. Each Professional shall file its Interim Fee Application no later than 45 days after the end of the Interim Fee Period. For the avoidance of doubt, each Professional shall file its first Interim Fee Application on or before December 15, 2022, and the first Interim Fee Application shall cover the Interim Fee Period from the Petition Date (or the effective date of the Professional's retention) through and including October 31, 2022.

    k.      The Debtors' attorneys shall obtain a date from the Court for the hearing to consider Interim Fee Applications for all Professionals (the "Interim Fee Hearing"), which shall be scheduled no earlier than 45 days after the expiration of the 45-day period set forth in paragraph (j), unless otherwise agreed to by the Debtors and the U.S. Trustee. At least 30 days prior to the Interim Fee Hearing, the Debtors' attorneys shall file a notice with the Court, with service upon the U.S. Trustee and all Professionals, setting forth the time, date, and location of the Interim Fee Hearing, the period covered by the Interim Fee Applications, and the objection deadline. Any Professional unable to file its own Interim Fee Application with the Court shall deliver to the Debtors' attorneys a fully executed copy with original signatures, along with service copies, three business days before the filing deadline. The Debtors' attorneys shall file and serve such Interim Fee Application.

    l.      Any Professional who fails to timely file an Interim Fee Application seeking approval of compensation and expenses previously paid pursuant to a Monthly Fee Statement shall (i) be ineligible to receive further monthly payments of fees or reimbursement of expenses as provided herein until such Interim Fee Application is filed, and (ii) may be required to disgorge any fees paid since retention or the last fee application, whichever is later.

    m.      The pendency of an Interim Fee Application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular

          Monthly Fee Statement shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court.

    n.    Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on the Court's interim or final allowance of compensation and reimbursement of expenses of any Professionals. Upon allowance by the Court of a Professional's Interim Fee Application, the Debtors shall be authorized to promptly pay such Professional all allowed requested fees (including the 20% "holdback") and expenses not previously paid.

    o.    Counsel for each official committee may, in accordance with the foregoing procedure for monthly compensation and reimbursement of professionals, collect and submit statements of expenses, with supporting vouchers, from members of the committee he or she represents; *provided, however,* that such committee counsel ensures that these reimbursement requests comply with the Court's *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, dated June 17, 2013.

3. The Debtors shall include all payments to Professionals on their monthly operating reports, detailed so as to state the amount paid to each Professional; *provided* that amounts paid to any professionals retained in the ordinary course of business in accordance with procedures approved by the Court may be stated in the aggregate on any monthly operating reports.

4. Notice of hearings to consider Interim Fee Applications and final fee applications shall be limited to the Application Recipients and any party who files a Notice of Objection to Fee Statement or a notice of appearance and requests notice in these chapter 11 cases.

5. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

6. The Debtors shall serve a copy of this Order on each of the Professionals.

7. Notwithstanding anything to the contrary in the Motion, this Order, or any findings announced at the Hearing, nothing in the Motion, this Order, or announced at the Hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the rights of the United States Securities and Exchange

Commission and the Committee to challenge transactions involving crypto tokens on any basis are expressly reserved.

8. Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

9. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

10. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

11. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**IT IS SO ORDERED.**

Dated:  August 17, 2022
     New York, New York

                                         /s/ Martin Glenn
                                    MARTIN GLENN
                                    Chief United States Bankruptcy Judge