UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                                          :         Chapter 11

In re                                           :

                                                    :         Case No. 22-10964 (MG)

CELSIUS NETWORK LLC, *et al.*,1               :

                                                    :         (Jointly Administered)

                                                    :

                             Debtors.    :
---------------------------------------------------------------x

## ORDER DIRECTING THE APPOINTMENT OF AN EXAMINER PURSUANT TO SECTION 1104(c) OF THE BANKRUPTCY CODE

Upon the motion (the "Motion") of William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), by and through his counsel, seeking the appointment of an examiner pursuant to Section 1104(c) of title 11, United States Code (the "Bankruptcy Code") [ECF No. __]; and upon the responses and objections to the Motion that were filed by the above-captioned debtors and debtors in possession (the "Debtors") [ECF No. __]; the official committee of unsecured creditors (the "Committee") [ECF No. __]; and the Court having heard and considered all of the arguments made by parties in interest to the Motion at the hearing held on _____ (the "Hearing"); and due and sufficient notice of the Motion was given; and the Court having considered the evidence in the record and arguments of counsel; and concluded that the appointment of an examiner under 11 U.S.C. § 1104(c)(2) of the Bankruptcy Code to investigate the affairs of the Debtors is mandatory as the Debtors' fixed, liquidated, unsecured debts, other than debts for goods and services or taxes, or owing to an insider, exceed $5 million; and the Court further finds that

---

1 The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

1

grounds exist for the appointment of an examiner under 11 U.S.C. § 1104(c)(1) as the appointment of an examiner to investigate the affairs of the Debtors and the Debtors' affiliates and subsidiaries in in the best interests of creditors, any equity holders, and other interests of the estate; and after due deliberation and sufficient cause appearing therefore,

IT IS HEREBY ORDERED THAT:

1. The Motion is granted.

2. The United States Trustee is directed to appoint an examiner (the "Examiner") in these jointly administered chapter 11 cases pursuant to section 1104(c) of the Bankruptcy Code solely to conduct the examination as set forth herein and to prepare and file a report as described herein.

3. The scope (the "Scope") of the Examiner's investigation shall include:

   i. An examination of the Debtors' crypto holdings, including, a determination as to where it is stored and whether different types of accounts are commingled.
   ii. An examination as to why there was a change in account offerings beginning in April 2022 from the Earn Program to the Custody Service for some customers while others were placed in a "Withhold Account."
   iii. The identification of the undisclosed third party loan party and what steps the Debtors took to neutralize their lost collateral.
   iv. An examination as to why was the $648 million repaid, collateral returned prepetition, and the terms of these loans.
   v. An examination as to the terms of the $750 million intercompany revolver, including how Celsius used the loan proceeds.
   vi. An examination as to the liquidation of the Tether loan.
   vii. An examination of the GK8 acquisition.
   viii. An examination of the Debtors' procedures for paying Sales, Use, and VAT taxes.
   ix. An examination of the current status of the Debtors' mining business.
   x. Otherwise perform the duties of an examiner set forth in 11 U.S.C. § 1106(a)(3) and 1106(a)(4) of the Bankruptcy Code (collectively the "Investigation").

2

The scope and conduct of the Investigation and the Examiner's budget shall be further detailed in the Examiner's work plan.

4.      The Debtors and the Committee shall fully cooperate with the Examiner in the performance of any of the Examiner's duties and the Investigation, and that the Debtors and the Committee shall use their respective best efforts to coordinate with the Examiner to avoid unnecessary interference with, or duplication of, the Investigation.

5.      Nothing herein shall preclude the Committee from conducting its own investigation into the affairs of third parties that are not current or former officers, directors, or employees of the Debtors to determine whether the estate has claims or causes of action against such or other third parties.

6.      The Debtors shall provide to the Examiner all non-privileged documents and information within their possession that the Examiner deems relevant to perform the Investigation. If the Examiner seeks the disclosure of documents or information as to which the Debtors assert a claim of privilege, or otherwise to disclosing, including on the basis that the request is beyond the scope of the Investigation, and the Examiner and the Debtors are unable to reach a resolution on whether or on what terms such documents or information should be disclosed to the Examiner, the matter may be brought before the Court for resolution.

7.      Within seven (7) business days after entry of the order approving the appointment of the Examiner is entered on the docket in these cases, the Examiner shall propose a work plan (the "Work Plan") and shall provide his or her budget for the Investigation consistent with this Order, which shall be subject to the approval of the Court on seven (7) days' notice to all parties that have requested notice pursuant to Bankruptcy Rule 2002.

8.      The Examiner shall prepare and file a report setting forth the result of the Examiner's Investigation ("Report"), as is required by 11 U.S.C. § 1106(a)(4), within sixty (60) days following the filing of the Work Plan, unless such time shall be extended by order of the Court on Notice to all parties that have requested notice pursuant to Bankruptcy Rule 2002.

9.      The Examiner nor the Examiner's representatives or agents shall make any public disclosures concerning the performance of the Investigation of the Examiner's duties until the Examiner's report is filed with the Court, unless otherwise ordered by this Court.

10.     The Examiner may retain attorneys and/or other professionals if he or she determines that such professionals are necessary to discharge his or her duties, all of which professionals shall file applications with this Court for approval of their retention, and each application shall be subject to Court approval under standards equivalent to those set forth in section 327 of the Bankruptcy Code.

11.     The Examiner and any professionals retained by the Examiner pursuant to any order of this Court shall be compensated and reimbursed for their expenses pursuant to any procedures for interim compensation and reimbursement of expenses of professionals that are established in these cases. Compensation and reimbursement of expenses of the Examiner and any professionals retained by the Examiner shall be determined pursuant to 11 U.S.C. § 330.

12.     The Examiner shall have the standing of a "party-in-interest" with respect to the matters that are within the Scope of the Investigation, and shall be entitled to appear and be heard at any and all hearings in these cases; *provided, however*, that the Examiner shall not have the standing to prosecute any claims or cause of actions.

13.     This Order is without prejudice to (i) the right of any party in interest to seek relief from the Court to further expand the Scope of the Investigation and (ii) the right of the Examiner to

seek such other relief as he or she may deem appropriate in furtherance of the discharge of his or her duties and the Investigation.

14. Nothing in this Order shall impede the right of the United States Trustee or any other party to request any other lawful relief, including but not limited to the appointment of a trustee.

15. The Examiner shall cooperate fully with any governmental agencies (such cooperation shall not be deemed a public disclosure as referenced above) including, but not limited to, any federal, state or local government agency that may be investigating the Debtors, its management or its financial condition, and the Examiner shall use best efforts to coordinate with such agencies in order to avoid unnecessary interference with, or duplication of, any investigations conducted by such agencies.

16. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: New York, New York
       August ___ , 2022

                                      HONORABLE MARTIN GLENN
                                      UNITED STATES BANKRUPTCY JUDGE