Dear Honorable Judge Glenn,

      Thank you very much for taking the time to read our letters in this very important case. As I write this to you today, I can say that I have now personally read every letter so far written to you regarding this case. As I read through the countless sometimes heartbreaking letters it is quite clear that the overwhelming consensus amongst depositors (Including myself, a six-figure depositor) is that Celsius did not act in good faith to its customers and used predatory misleading marketing including a false whitepaper and user agreement to convince customers to deposit their funds. I will not reiterate as so many others have the overwhelming evidence of wrongdoing by the Celsius CEO as I am sure at this point it is quite clear of his massively documented illegal actions but would rather focus on several other legal concerns I have regarding this case. *From what I understand your rulings on several unanswered legal questions pertaining to this case will set precedence for similar cases in the future* so below I have outlined two of the most concerning to me and from what I have read many others caught up in this mess. First however I would like to bring your focus on an extremely important question pertaining to this case which I believe is at the heart of this very unfortunate situation, "Ownership of crypto assets". *Would it be reasonable to believe that right minded individuals would voluntarily give ownership of property worth billions of dollars to Celsius?* Additionally, are not Celsius's written and stated claims of customers ability to "withdrawal at any time (your) coins" an implication of ownership of the depositor? If Celsius owned the property once deposited, why would they ever give it back? Aren't these statements predatory, misleading, and deceptive? Celsius marketed itself as a safe alternative to traditional banking with military grade encryption, excellent transparency, and world class risk management. Celsius claimed it did not engage in high-risk trades or undercollateralized loans and only used delta neutral strategies. Over and over Mashinsky spoke untruths and convinced customers to trade on information that he knew to be false. ==**For these reasons I request the court consider the following actions immediately. Additionally, I ask that the court also consider my arguments below in regard to the "Key legal Questions" that will define this case and others to come including tax obligations.**==

1. ***Void Celsius terms of service as Celsius did not honor them or act in good faith to its customers constituting a breach of contract to its customers.*** How can depositors be expected to honor these terms if Celsius did not perform its agreement honorably and in good faith?
2. ***Rescind Celsius operational expenditures for a business that is not in operation that is paying its employees an average of $30,000 per month.***
3. ***Deem Depositors "Secured Creditors"*** because Celsius's ability to operate this business model mostly relies on depositors' funds, not traditional infrastructure purchased though stock sales or traditional means.
4. Order a forensic audit of all members of Celsius financial and blockchain transactions including the CEL token as fraud looks highly likely

**Key Legal Questions**

***#1 Are the crypto assets in Celsius' possession property of the estate? Is the answer to this question different for crypto assets held under the Custody vs. the Earn program? What about crypto assets transferred to Celsius to collateralize institutional and retail loans?***

Your honor <u>**not only is the crypto possessed by Celsius property of the depositor in every instance mentioned above, but Depositor ownership is also essential to any possibility of an equitable resolution to this case, as well as any similar future case.**</u> By the court declaring ownership of user deposits property of the estate, the court will set precedence that existing custody solutions outside this case are also vulnerable to bankruptcy proceedings and legalize any similar crypto business to immediately change their terms of service to follow suit with Celsius putting billions of dollars of additional private property at risk. This precedence would enable the legal theft of private property as well as open the door to endless litigation surrounding valuations in bankruptcy proceedings. With regards to loan collateral when using precedence in traditional finance, if a lienholder (Lender) goes under a homeowner who pledged his home as collateral is not forced to give his home to the defaulted lender but rather just carries the debt obligation to the next lender who purchases the debt. Why would anyone who is current on their loan ever be forced to lose their collateral? ==**For these reasons set by tremendous historical precedence I ask that you rule in favor of the depositor's ownership of their deposits**==

***#2 Are customers entitled to the return of crypto in-kind?***

Your Honor Customers <u>**must be entitled to crypto in kind**</u> for three very important reasons.

**First** token prices fluctuate tremendously which would make determining a dollar value considered equitable by both parties likely impossible.

**Second**, allowing the debtor to predict the claim value by the petition date, effective date or distribution date would open the door to nefarious legal tactics and precisely timed filings in debtors' interests. Take this case for example, Celsius after suspending withdrawals waited a month to file which just so happened to coincide with the crypto market bottom. As a matter of fact, in this case, it is widely accepted that Celsius' s collapse is a major contributor to the market's downfall.  ***A court ruling on when a crypto claim is determined would allow failing predatory businesses to profit from the conversion of asset values through precisely timed bankruptcy filings giving the debtors a distinct unfair legal advantage.***

**Third** it is very important to remember that when dealing with digital assets, customers never had intentions of settling in dollars as they were dealing in crypto. Allowing a debtor to choose settlement in dollars is the same as allowing real estate to be settled in oil**.** As I write this to you today crypto prices are almost 20% higher than they were at the date of Celsius filing, by allowing Celsius to settle in dollars at the filing date, (today) they would profit 20% from their depositors and who knows how much by the end of this preceding. ==***For these reasons it is absolute that "in kind" settlement is the only viable and fair option in these matters, and I ask that you rule in favor of "in kind" settlements for depositors.***==


<u>**Other important questions I believe you should consider**</u>

**Tax implications of property not owned by depositors**

If Celsius now owns my property and pays me interest which is also placed in my earn account, doesn't that mean that they are paying themselves? If I do not own the property, how can I be taxed on its gains? Since this is clearly a contradiction, Celsius is obviously implying that I am the owner of the property in my account. Since I have paid my capital gains taxes with statements from Celsius, doesn't this also indicate my property rights? How can an individual who has never transferred out value from their earn account but paid taxes on the gains, not be the owner?

Thank you deeply for your consideration on these matters!

Curt Dell

Aliso Viejo Ca

Cdell382@gmail.com