WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE, REGION 2
U.S. Department of Justice
Office of the United States Trustee
201 Varick Street, Suite 1006
New York, New York 10014
Telephone: (212) 510–0500

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| CELSIUS NETWORK LLC, *et al.*,[1] | : | Case No. 22-10964 (MG) |
| | : | |
| Debtors. | : | (Jointly Administered) |

-------------------------------------------------------X

TO:   THE HONORABLE MARTIN GLENN,
       UNITED STATES BANKRUPTCY JUDGE:

### OMNIBUS OBJECTION TO DEBTORS' RETENTION APPLICATIONS

William K. Harrington, United States Trustee for Region 2 (the "United States Trustee"), through his counsel, files this Omnibus Objection (the "Objection") to Celsius Network LLC, *et al.*'s (the "Debtors"):

1. Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP ("Kirkland") [ECF Dkt. No. 360];

2. Application for Entry of an Order Authorizing the Retention and Employment of Stretto, Inc. ("Stretto") as Administrative Advisor [ECF Dkt. No. 361];

3. Application for Entry of an Order Authorizing the Retention and Employment of Centerview Partners LLC ("Centerview") as Investment Banker [ECF Dkt. No. 362];

4. Application for Entry of an Order Authorizing the Retention and Employment of Latham & Watkins LLP ("Latham") as Special Counsel [ECF Dkt. No. 363];

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

1

5. Application for Entry of an Order Authorizing the Retention and Employment of Akin Gump Strauss Hauer & Feld LLP ("Akin") as Special Litigation Counsel [ECF Dkt. No. 392]; and

6. Application for Entry of an Order Authorizing the Retention and Employment of Alvarez & Marsal North America, LLC ("Alvarez") as Financial Advisor [ECF Dkt. No. 410]

(Kirkland, Stretto, Centerview, Latham, Akin, and Alvarez, together, "Proposed Professionals" and collectively, the "Retention Applications"). The United States Trustee respectfully represents as follows:

## Preliminary Statement

Rigorous compliance with professional retention rules is critical to the integrity and transparency required of the bankruptcy system. All professionals should be held to the same baseline standards of transparent and complete disclosures. Further, all professionals must meet the Bankruptcy Code's requirements for retention, including that they be free from conflict and satisfy the standards for disinterestedness.

Here, Debtors filed a series of professional retention applications and supporting declarations which are not transparent and, by Debtors own admission are incomplete. Although some relationships are disclosed, the fact remains that the lack of specific identity of many of the searched parties does not satisfy the bedrock disclosure mandates of Bankruptcy Rule 2014 and section 327(a)'s threshold requirements.

The Debtors ask this Court to grant the extraordinary relief of keeping the connections (identity and relationship) sealed from other creditors and other parties. The Court should deny the Retention Applications unless the Debtors meet their burden because: 1) public policy favors open access to documents filed in bankruptcy cases; 2) denial of public access is an extraordinary remedy; and 3) Bankruptcy Code Section 107 was not intended to circumvent mandatory disclosure of connections required by Bankrupt Rule 2014.

2

**Objection**

1. Section 327 of the Bankruptcy Code provides that the debtor in possession may employ, with court approval, professionals who are disinterested and who do not hold or represent interests adverse to the estate. 11 U.S.C. § 327. Bankruptcy Rule 2014 imposes a duty of disclosure so that courts and parties can determine whether the prospective professional satisfies section 327's ethical requirements.

2. Bankruptcy Rule 2014 requires that a professional's disclosure of connections be sufficiently explicit for a court and other parties to determine whether a professional is disinterested or holds or represents an adverse interest. The Rule requires that professionals disclose "all of the [professional's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States trustee." *See* Bankruptcy Rule 2014(a). "[C]omplete and candid disclosure . . . is indispensable to the court's discharge of its duty to assure the [professional's] eligibility for employment under section 327(a) . . . ." *In re eToys, Inc.*, 331 B.R. 176, 189 (Bankr. D. Del. 2005).

3. Although Bankruptcy Rule 2014's primary purpose is to facilitate compliance with section 327, the rule is much broader than section 327. "The disclosure requirements of Rule 2014(a) are broader than the rules governing disqualification, and an applicant must disclose all connections regardless of whether they are sufficient to rise to the level of a disqualifying interest under Section 327(a)." *In re Am. Int'l Refinery, Inc.*, 676 F.3d 455, 465 (5th Cir. 2012) (*citing In re Cornerstone Prods., Inc.*, 416 B.R. 591, 608 (Bankr. E.D. Tex. 2008) (stating that "all" connections must be disclosed).

3

4. Moreover, redacting the identity of the confidential parties with whom the Proposed Professionals may have connections is inconsistent with open courts, open records, bankruptcy system transparency and makes it impossible for the public to fully evaluate the retentions and disinterestedness. In order for the Court *and public* to determine whether a conflict exists, the disclosure of connections must provide sufficient information to make that determination.

5. Disclosures made pursuant to Rule 2014 "must be explicit enough for the court and other parties to gauge whether the person to be employed is not disinterested or holds an adverse interest." *In re Circle T Pipeline, Inc.*, No. 11-10556, 2011 WL 9688240 at *10 (Bankr. W.D. Va. Dec. 3, 2011) (quoting *In re Midway Indus. Contractors, Inc.*, 272 B.R. 651, 662 (Bankr.N.D.Ill.2001)).

6. The net effect of sealing the identity of the parties which have been reviewed for conflicts under the facts of this case would be to handicap the Court and public from evaluating the nature and extent of the connections. The United States Trustee would respectfully submit that the identity of the redacted parties should be disclosed to facilitate the process.

7. The burden to adequately disclose rests on the Proposed Professionals, not the Court, creditors, or parties in interest. *In re Crivello*, 134 F.3d 831,839 (7th Cir. 1998) ("Bankruptcy courts have neither the resources nor the time to … root out the existence of undisclosed conflicts of interest"). A limited disclosure is clearly at odds with Bankruptcy Rule 2014 and circumvents its transparency and mandatory disclosure requirements. An indeterminate statement replete with redactions does not satisfy Bankruptcy Rule 2014. *See In re Leslie Fay Companies, Inc.*, 175 B.R. 525 (Bankr. S.D.N.Y. 1994).

8. In this case, the Proposed Professionals fail to fully disclose the identity and nature of the connections with the redacted parties. For example, in Centerview's retention application, more than 75% of the information is redacted from Schedule 1(k) annexed to the declaration filed in support (the "Puntus Declaration"), without explanation. Furthermore, the Debtors' top 50 creditors were redacted such that a reader cannot ascertain the full list of creditors against which the Proposed Professionals conducted its conflicts search. Similarly, in the retention application for Alvarez (the Debtors' proposed Financial Advisor), Schedule B to the declaration in support (the "Campagna Declaration") is meant to identify those potential parties in interest with which Alvarez's conflicts review would have revealed known connections (*i.e.*, past or present clients or affiliates of clients). Yet, multiple names have been redacted from Schedule B, making it impossible to determine what Alvarez's relationships are with potential parties in interest and what may be conflicts precluding Alvarez's retention.

9. The Proposed Professionals' failure to fully identify what parties were reviewed for conflicts does not comport with Bankruptcy Rule 2014 and circumvents its transparency and mandatory disclosure requirements. Accordingly, the Proposed Professionals have not met their burden of adequate disclosure with respect to the identity of their clients and non-disclosure runs counter to the transparency expected under Rule 2014.

## Reservation of Rights

10. The United States Trustee reserves his rights to object at the hearing on the Retention Applications to other deficiencies or amendments, including supplemental disclosures. To the extent the Proposed Professionals file amendments to the Retention Applications and their corresponding declarations or otherwise after the objection deadline but before the hearing, interested parties will be deprived of proper notice as required under Bankruptcy Rule 2002.

Accordingly, the United States Trustee also reserves his rights to object on the grounds that any amendments should require proper notice under the Bankruptcy Rules with adequate time to object.

**WHEREFORE**, the United States Trustee respectfully requests that this Court enter an order denying the Retention Applications until further disclosures are made, and all further relief as may be equitable and just.

Dated: New York, New York
August 24, 2022

    Respectfully submitted,

    WILLIAM K. HARRINGTON
    UNITED STATES TRUSTEE, Region 2

By: /s/Shara Cornell
    Shara Cornell, Esq.
    Annie Wells, Esq.
    *Trial Attorneys*
    201 Varick Street, Room 1006
    New York, New York 10014