**WHITE & CASE LLP**
David M. Turetsky
Samuel P. Hershey
Keith H. Wofford
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile:  (212) 354-8113
Email:  david.turetsky@whitecase.com
          sam.hershey@whitecase.com
          kwofford@whitecase.com

– and –

**WHITE & CASE LLP**
Michael C. Andolina (admitted *pro hac vice*)
Gregory F. Pesce (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone: (312) 881-5400
Facsimile:  (312) 881-5450
Email:  mandolina@whitecase.com
          gregory.pesce@whitecase.com

**WHITE & CASE LLP**
Aaron E. Colodny (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, California 90071
Telephone: (213) 620-7700
Facsimile:  (213) 452-2329
Email:  aaron.colodny@whitecase.com

*Proposed Counsel to the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**THE OFFICIAL COMMITTEE OF**
**UNSECURED CREDITORS' EX PARTE MOTION SEEKING ENTRY OF AN**
**ORDER (I) AUTHORIZING THE COMMITTEE TO FILE UNDER SEAL**
**CERTAIN CONFIDENTIAL COMMERCIAL INFORMATION RELATED TO**
**THE APPLICATION TO RETAIN AND EMPLOY WHITE & CASE LLP**
**AS COUNSEL TO THE COMMITTEE AND (II) GRANTING RELATED RELIEF**

The Official Committee of Unsecured Creditors (the "**Committee**") of the above-captioned debtors and debtors-in-possession (collectively the "**Debtors**") respectfully state the

---

[1] The Debtors in these chapter 11 cases and the last four digits of their federal tax identification number are as follows:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

following in support of this motion (the "**Motion**"):

### Relief Requested

1.      The Committee seeks entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Order**"): (a) authorizing the Committee to redact and file under seal certain confidential commercial information related to the Committee's applications seeking to retain and employ White & Case LLP ("**W&C**") as counsel to the Committee, M3 Advisory Partners as financial advisor to the Committee, L.P. ("**M3**"), Perella Weinberg Partners L.P. ("**PWP**") as investment banker to the Committee, and Elementus Inc. ("**Elementus**," and together with W&C, M3, and PWP, the "**Committee Advisors**") as blockchain forensics advisors to the Committee, filed contemporaneously herewith, and (b) granting related relief.

### Jurisdiction and Venue

2.      The United States Bankruptcy Court for the Southern District of New York (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, entered February 1, 2012.  The Committee confirms its consent to the Court entering a final order in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgment in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are sections 105(a), 107(b) and 107(c) of title 11 of the United States Code (the "**Bankruptcy Code**"), rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and rules 9013-1, 9018-1, and 9037-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**").

### Background

5.      On July 13, 2022 (the "**Petition Date**"), the Debtors filed voluntary petitions

for relief in this Court under Chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these chapter 11 cases. However, on August 18, 2022, the U.S. Trustee filed a motion requesting an examiner. *See* Docket No. 546.

6.     On July 27, 2022, the U.S. Trustee appointed the Committee, which is comprised of seven members, each of whom holds crypto (or digital) assets through the Celsius platform [Docket No. 241]. The Committee's goal is to maximize the recoveries of account holders and unsecured creditors, as more fully stated in *The Official Committee of Unsecured Creditors' Statement Regarding These Chapter 11 Cases* [Docket No. 390].

**The Confidential Commercial Information**

7.     The Debtors have provided the Committee Advisors a parties in interest list for the purposes of running conflicts and preparing the Committee Advisors' retention applications which have been filed contemporaneously herewith (collectively, the "**Committee Retention Applications**"). In their retention applications, the Committee Advisors' attach that parties in interest list and disclose connections with certain parties in interest which are account holders or creditors of the Debtors whose identity is not otherwise known at this time (the "**Confidential Individuals**"). For the reasons set forth in the *Debtors' Ex Parte Motion Pursuant to Section 107 of the Bankruptcy Code Seeking Entry of an Order (I) Authorizing the Debtors to Redact Certain Personally Identifiable Information from the Creditor Matrix, Schedules and Statements, and Related Documents and (II) Granting Related Relief* [Docket No. 344] and *The Official Committee of Unsecured Creditors' Joinder to Debtors' Ex Parte Motion Pursuant to Section 107 of the Bankruptcy Code Seeking Entry of an Order (I) Authorizing the Debtors to Redact Certain Personally Identifiable Information from the Creditor Matrix, Schedules and Statements, and Related Documents and (II) Granting Related*

3

*Relief* [Docket No. 399] (the "**Joinder to Motion to Seal**"), the Committee submits that those parties personal information should be sealed to protect those individuals' personally identifiable information and avoid potential unnecessary harm to those individuals.

8. Additionally, as previously disclosed to the Court, the Debtors and their advisors are currently evaluating their liquidity needs, have been considering whether to incur potential debtor-in-possession ("**DIP**") financing, and are engaged in ongoing discussions with potential lenders (collectively, the "**Confidential Potential DIP Lenders**" and together with the Confidential Individuals, the "**Confidential Parties**") in connection with their evaluation of whether to incur DIP financing.

9. To protect the confidentiality and commercial sensitivity regarding the Confidential Parties, the Committee seeks authority to redact and file under seal the names and identifying information of the Confidential Parties. Unredacted versions of the Confidential Parties will be provided to the Debtors, the Clerk of the Court, the U.S. Trustee, counsel to the Ad Hoc Group of Custody Account Holders, counsel to the Ad Hoc Group of Withhold Account Holders, and counsel to the Series B Preferred Holders in advance of any hearing on the Committee Retention Applications.

## Basis for Relief

10. Section 107(b) of the Bankruptcy Code provides bankruptcy courts with authority to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. Section 107(b) provides, in relevant part, that "[o]n request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may: (1) protect an entity with respect to trade secret or confidential research, development, or commercial information[.]" 11 U.S.C. § 107(b).

11. Bankruptcy Rule 9018 defines the procedures by which a party may move for relief pursuant to section 107(b) of the Bankruptcy Code. Specifically, Bankruptcy Rule 9018

4

provides, in relevant part, that, upon a motion, "the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018.

12. If the material sought to be protected satisfies one of the categories identified in section 107(b) of the Bankruptcy Code, "the court is *required* to protect a requesting party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994) (emphasis in original). Stated differently, section 107(b) of the Bankruptcy Code does not require a party seeking its protections to demonstrate "good cause." *Orion Pictures*, 21 F.3d at 28. "Courts have supervisory power over their records and files and may deny access to those records and files to prevent them from being used for an improper purpose." *In re Kaiser Aluminum Corp.*, 327 B.R. 554, 560 (D. Del. 2005). Courts are required to provide such protections "generally where open inspection may be used as a vehicle for improper purposes." *Orion Pictures*, 21 F.3d at 27. Indeed, the "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *See In re Glob, Crossing Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003).

13. Confidential commercial information has been defined as information which would cause "an unfair advantage to competitors by providing them information as to the commercial operations of the debtors." *Orion Pictures Corp.*, 21 F.3d at 27. However, commercial information need not rise to the level of a trade secret to be protected under section 107(b)(1) of the Bankruptcy Code. *Id.* at 28; *In re Borders Grp., Inc.*, 462 B.R. 42, 47 (Bankr. S.D.N.Y. 2011). Rather, as this Court has recognized, confidential commercial information includes situation where a bankruptcy court may reasonably determine that allowing such disclosure would have a negative impact on the party whose information is being disclosed, including a chilling effect on business negotiations. *Borders Grp.*, 462 B.R. at 47.

14.     The identities of the Confidential Parties that may participate in the Debtors' DIP financing process constitutes confidential commercial information that is required to be protected under section 107(b)(1) of the Bankruptcy Code and Bankruptcy Rule 9018. The Confidential Parties are engaged in ongoing discussions with the Debtors and have an expectation of privacy during the DIP financing solicitation period. Moreover, publicly disclosing the identities of the Confidential Potential DIP Lenders would potentially compromise the Debtors' efforts to run a competitive DIP financing process in that it may cause potential interested lenders to drop out of the process, when they otherwise would have submitted a potentially competing bid.

15.     Moreover, the Committee restates and incorporates the arguments made in its Joinder to the Motion to Seal and believes that the disclosure of certain personally identifiable information of account holders in the Retention Applications has the potential to cause account holders unnecessary harassment and harm.

16.     The Committee further requests that the Order authorizing the information remain under seal remain for the duration of these chapter 11 cases so as not to frustrate the purpose of the Order. At the conclusion of these chapter 11 cases, the Committee will request to retrieve and dispose of the confidential commercial information and identity of the Confidential Parties in compliance with Local Rule 9018-1.

17.     As a result of the foregoing, the Committee believes that authorizing the Confidential Parties to be redacted and filed under seal is the best method to ensure transparency with respect to information disclosure while still preventing the negative implication of public disclosure.

## Motion Practice

18.     This Motion includes citations to the applicable rules and statutory authorities upon which the relief herein is predicated and a discussion of their application to this Motion.

Accordingly, the Committee submits that this Motion satisfies Local Rule 9013-1(a).

### Notice

19. The Committee will provide notice of this Motion to the following parties or their respective counsel: (a) the U.S. Trustee; (b) the Debtors; (c) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); (d) the United States Attorney's Office for the Southern District of New York; (e) the Internal Revenue Service; (f) the offices of the attorneys general in the states in which the Debtors operate; (g) the Securities and Exchange Commission; (h) counsel to the Ad Hoc Group of Custody Account Holders, (i) counsel to the Ad Hoc Group of Withhold Account Holders, (j) counsel the Series B Preferred Holders and (k) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Committee submits that, in light of the nature of the relief requested, no other or further notice need be given.

### Reservation of Rights

20. The Committee reserves all of its rights to supplement or amend this Motion.

### No Prior Request

21. No prior request for the relief sought in this Motion has been made in this or any other court.

### Conclusion

WHEREFORE, for the reasons set forth herein, the Committee respectfully requests that the Court enter an order granting the relief requested herein and other relief as the Court deems appropriate under the circumstances.

[*Remainder of page intentionally left blank*]

| | |
|---|---|
| Dated: August 24, 2022<br>New York, New York | Respectfully submitted,<br><br>*/s/ Gregory F. Pesce*<br>**WHITE & CASE LLP**<br>David M. Turetsky<br>Samuel P. Hershey<br>Keith H. Wofford<br>1221 Avenue of the Americas<br>New York, New York 10020<br>Telephone: (212) 819-8200<br>Facsimile: (212) 354-8113<br>Email: david.turetsky@whitecase.com<br>        sam.hershey@whitecase.com<br>        kwofford@whitecase.com<br><br>– and –<br><br>**WHITE & CASE LLP**<br>Michael C. Andolina (admitted *pro hac vice*)<br>Gregory F. Pesce (admitted *pro hac vice*)<br>111 South Wacker Drive, Suite 5100<br>Chicago, Illinois 60606<br>Telephone: (312) 881-5400<br>Facsimile: (312) 881-5450<br>Email: mandolina@whitecase.com<br>        gregory.pesce@whitecase.com<br><br>– and –<br><br>**WHITE & CASE LLP**<br>Aaron E. Colodny (admitted *pro hac vice*)<br>555 South Flower Street, Suite 2700<br>Los Angeles, California 90071<br>Telephone: (213) 620-7700<br>Facsimile: (213) 452-2329<br>Email: aaron.colodny@whitecase.com<br><br>*Proposed Counsel to the Official Committee of Unsecured Creditors* |