Susan Adler Esq
630 Third Avenue
New York, New York 10017
212-867-9595
nycsa@aol.com
*Counsel for Odette Wohlman*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>CELSIUS NETWORK LLC, et al.[1]<br><br><br>Debtors. | Chapter 11<br><br>Case No. 22-10964 (MG)<br><br>Jointly Administered |

**LIMITED OBJECTION OF ODETTE WOHLMAN TO
DEBTOR'S MOTION SEEKING ENTRY OF INTERIM AND
FINAL ORDERS (1) AUTHORIZING THE DEBTORS TO (A) PAY
PREPETITION EMPLOYEE WAGES, SALARIES, OTHER
COMPENSATION AND REIMBURSABLE EXPENSES AND (B) CONTINUE
EMPLOYEE BENEFITS PROGRAMS AND (II) GRANTING RELATED RELIEF**

Odette Wohlman, a former employee of the Debtor [] ("**Ms. Wohlman**"), by and through her counsel, hereby files this limited objection ("**Limited Objection**") to the Debtor's Motion Seeking Entry of Interim and Final Orders (1) Authorizing the Debtors to (A) Pay Prepetition Employee Wages, Salaries, Other Compensation and Reimbursable Expenses and (B) Continue

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

1

Employee Benefits Programs and (II) granting related relief. (ECF Doc. # []; the "**Motion**") and in support thereof respectfully states as follows:

1. The Motion seeks authorization for the Debtor to pay proposed severance payments in the amount of $409,000. Motion (ECF Doc. #19). The Motion does not identify the beneficiaries of the proposed severance payments.

2. Ms. Wohlman, a resident of the United Kingdom, was employed by Celsius Network Limited as an Operations Director on June 20, 2021. At all times, she worked from the United Kingdom, specifically from her home and in the London office. On November 30, 2021 she was diagnosed with cancer and began to undergo chemotherapy. Despite cancer and chemotherapy, Wohlman's intention was to work throughout the course of her treatment as she is the main source of income for her husband and four children. Mrs. Wohlman took very limited time off for chemotherapy treatments and continued to work for the Debtors during this time (including participating in conferences from doctors' offices).

3. On or about April 14, 2022, Ms. Wohlman was terminated by Debtor because of her cancer. At the time, Debtor's Human Resources person (Melissa Glover) claimed that Wohlman's brief absences following chemotherapy were "confusing" to the team. The laws of the United Kingdom expressly prohibit such termination on the basis of disability.

4. Ms. Wohlman was offered a severance package on or about June, 2022. This agreement included sums for Notice Payment (£ 7212) pounds) (the "**Notice Payment**") as well as severance payment (£47,788) (the "**Severance Payment**")

5. To date, the Debtors have not paid Ms Wohlman either her Severance Pay or Notice Pay. Notice Pay is required under the laws of the United Kingdom.

6.    The Debtor's proposed payments set forth in the Motion is devoid of any specific information concerning what payments will be made to former employees. No information is provided in the Motion concerning whether the Debtors intend to pay Ms. Wohlman her Notice Payment or her Severance Payment.

7.    On or about August 22, 2022, counsel for Ms. Wohlman emailed counsel for the Debtors and requested whether Ms. Wohlman's Severance Payment and Notice Payment were included in the various categories of proposed payments to be made by the Debtors if the Motion were approved (*See* **Exhibit A**). To date, counsel for the Debtors has not responded to this inquiry. As a result, Ms. Wohlman objects to the Motion to the extent that the payments that are owed to her are not included in the Motion.

8.    Mrs. Wohlman reserves all of her rights to supplement or amend this Limited Objection and to raise additional issues with the motion at the hearing.

WHEREFORE, for the reasons set forth herein, to the extent that Ms. Wohlman's payment are not included in the Motion, the Motion should be denied or the Court should grant such other and further relief as may be just and proper.

Dated: August 25, 2022
      New York, New York

Respectfully submitted,

*/s/ Susan Adler*
Susan Adler Esq
630 Third Avenue
New York, New York 10017
212-867-9595
nycsa@aol.com

3