**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CELSIUS NETWORK LLC, et al.,[1] | ) | Case No. 22-10964 (MG) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

## SUPPLEMENTAL AFFIDAVIT OF SERVICE

I, Monica Arellano, depose and say that I am employed by Stretto, the claims and noticing agent for the Debtors in the above-captioned cases.

On August 18, 2022, at my direction and under my supervision, employees of Stretto caused the following document to be served via first-class mail on Matthew Jimmerson, Gary at a redacted address, pursuant to USPS forwarding instructions:

- **Notice of Chapter 11 Bankruptcy Case** (attached hereto as **Exhibit A**)

Furthermore, on August 23, 2022, at my direction and under my supervision, employees of Stretto caused the following documents to be served via first-class mail on Van, Loc Truyen, at a redacted address pursuant to USPS forwarding instructions:

- **Case Management Procedures** (attached hereto as **Exhibit B**)

- **Notice of Interim Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and Preferred Stock and (II) Granting Related Relief** (attached hereto as **Exhibit C**)

Furthermore, on or before August 24, 2022, at my direction and under my supervision, employees of Stretto caused the following documents to be served via first-class mail on the service list attached hereto as **Exhibit D**, pursuant to USPS forwarding instructions:

- **Notice Regarding Meeting of Creditors to be held August 19, 2022, at 9:00 a.m. (Prevailing Eastern Time)** (Docket No. 297)

[THIS SPACE INTENTIONALLY LEFT BLANK]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (0143); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Road, PH05, Hoboken, New Jersey 07030.

- **Notice of Chapter 11 Bankruptcy Case** (attached hereto as **Exhibit A**)

Dated: August 26, 2022

Monica Arellano

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California,
County of Orange

Subscribed and sworn to (or affirmed) before me on this 26th day of August, 2022, by Monica Arellano, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Signature:

NAOMI RODRIGUEZ
Notary Public · California
Orange County
Commission # 2401472
My Comm. Expires Apr 20, 2026

# **Exhibit A**

| Information to identify the case: | |
|---|---|
| Debtor: <u>Celsius Network LLC, *et al.*</u>[1]<br>Name | EIN <u>8 7 – 1 1 9 2 1 4 8</u> |
| United States Bankruptcy Court for the: <u>Southern District of New York</u><br>(State) | Date case filed for chapter 11: <u>July 13, 2022</u><br>MM / DD / YYYY |
| Case Number: <u>22-10964 (MG)</u> | |

## <u>Official Form 309F1</u> (For Corporations or Partnerships)

# Notice of Chapter 11 Bankruptcy Case                    10/20

**For the debtor listed above, a case has been filed under chapter 11 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors and debtors, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtor or the debtor's property. For example, while the stay is in effect, creditors cannot sue, assert a deficiency, repossess property, or otherwise try to collect from the debtor. Creditors cannot demand repayment from the debtor by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees.

Confirmation of a chapter 11 plan may result in a discharge of debt. A creditor who wants to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadline specified in this notice. (See line 11 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at https://pacer.uscourts.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**Do not file this notice with any proof of claim or other filing in the case.**

1.      **Debtors' full name:  See chart below.**

        **List of Jointly Administered Cases**

| No. | Debtor | Former Name | Address | Case No. | EIN # |
|---|---|---|---|---|---|
| 1 | **Celsius Network LLC** | **N/A** | **121 River Street, PH05, Hoboken, New Jersey 07030** | **22-10964 (MG)** | **87-1192148** |
| 2 | **Celsius KeyFi LLC** | **N/A** | **121 River Street, PH05, Hoboken, New Jersey 07030** | **22-10967 (MG)** | **85-3374414** |
| 3 | **Celsius Lending LLC** | **N/A** | **121 River Street, PH05, Hoboken, New Jersey 07030** | **22-10970 (MG)** | **85-3428417** |

---

[1]      The location of the Debtors' service address for purposes of these chapter 11 cases is:  121 River Street, PH05, Hoboken, New Jersey 07030.

**For more information, see page 2 ▶**

Debtor   Celsius Network LLC
         Name _____   Case number (*if known*) _22-10964 (MG)_

| 4 | **Celsius Mining LLC** | **Celsius Core LLC** | **121 River Street, PH05, Hoboken, New Jersey 07030** | 22-10968 (MG) | 85-3471387 |
|---|---|---|---|---|---|
| 5 | **Celsius Network Inc.** | **N/A** | **121 River Street, PH05, Hoboken, New Jersey 07030** | 22-10965 (MG) | 82-4381219 |
| 6 | **Celsius Network Limited** | **N/A** | **1 Bartholomew Lane London, UK EC2N 2AX** | 22-10966 (MG) | 98-1528554 |
| 7 | **Celsius Networks Lending LLC** | **N/A** | **121 River Street, PH05, Hoboken, New Jersey 07030** | 22-10969 (MG) | 84-3503390 |
| 8 | **Celsius US Holding LLC** | **N/A** | **121 River Street, PH05, Hoboken, New Jersey 07030** | 22-10971 (MG) | 85-3387956 |

| **2.** | **All other names used in the last 8 years** | See chart above |
|---|---|---|
| **3.** | **Address** | See chart above |
| **4.** | **Debtor's attorney**<br>Name and address | Joshua A. Sussberg, P.C.<br>Kirkland & Ellis LLP<br>Kirkland & Ellis International LLP<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone: (212) 446-4800<br>Facsimile: (212) 446-4900<br><br>Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)<br>Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)<br>Kirkland & Ellis LLP<br>Kirkland & Ellis International LLP<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Telephone: (312) 862-2000<br>Facsimile: (312) 862-2200 |
| **5.** | **Bankruptcy clerk's office**<br>Documents in this case may be filed at this address. You may inspect all records filed in this case at this office or online at https://pacer.uscourts.gov. | U.S. Bankruptcy Court<br>Southern District of New York<br>One Bowling Green<br>New York, NY 10004<br><br>All documents in this case are available free of charge on the website of the Debtors' notice and claims agent at https://cases.stretto.com/Celsius | Hours open<br>8:30 a.m. to 5:00 p.m. (prevailing Eastern Time)[2]<br><br>Contact phone:<br>(212) 668-2870 |

[2]   Please reference the Court's website for operating procedures in response to the COVID-19 pandemic: http://www.nysb.uscourts.gov/general-orders-and-guidance-created-covid-19.

Debtor   Celsius Network LLC
_____
Name

Case number (*if known*)  22-10964 (MG)

| | | | |
|---|---|---|---|
| **6.** | **Meeting of creditors**<br>The debtor's representative must attend the meeting to be questioned under oath. Creditors may attend, but are not required to do so. | **Date:**<br><br>**Location:**<br><br>**Time:** | August 19, 2022<br><br>**Telephonic - Dial-In Instructions to be Provided**<br><br>**9:00 a.m. ET** |

---

**7.  Proof of claim deadline**

**Deadline for filing proof of claim:**    **Not yet set. If a deadline is set court will send you another notice.**

A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.uscourts.gov or any bankruptcy clerk's office.

Your claim will be allowed in the amount scheduled unless:

☒ your claim is designated as *disputed*, *contingent*, or *unliquidated*;
☒ you file a proof of claim in a different amount; or
☒ you receive another notice.

If your claim is not scheduled or if your claim is designated as *disputed*, *contingent*, or *unliquidated*, you must file a proof of claim or you might not be paid on your claim and you might be unable to vote on a plan. You may file a proof of claim even if your claim is scheduled.

You may review the schedules at the bankruptcy clerk's office or online at https://pacer.uscourts.gov.

Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits a creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial.

---

**8.  Exception to discharge deadline**
The bankruptcy clerk's office must receive a complaint and any required filing fee by the following deadline.

If § 523(c) applies to your claim and you seek to have it excepted from discharge, you must start a judicial proceeding by filing a complaint by the deadline stated below.

**Deadline for filing the complaint:**    **Not yet set. If a deadline is set court will send you another notice.**

---

**9.  Creditors with a foreign address**

If you are a creditor receiving notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case.

---

**10.  Filing a Chapter 11 bankruptcy case**

Chapter 11 allows debtors to reorganize or liquidate according to a plan. A plan is not effective unless the court confirms it. You may receive a copy of the plan and a disclosure statement telling you about the plan, and you may have the opportunity to vote on the plan. You will receive notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the debtor will remain in possession of the property and may continue to operate its business.

---

**11.  Discharge of debts**

Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. See 11 U.S.C. § 1141(d). A discharge means that creditors may never try to collect the debt from the debtor except as provided in the plan. If you want to have a particular debt owed to you excepted from the discharge and § 523(c) applies to your claim, you must start a judicial proceeding by filing a complaint and paying the filing fee in the bankruptcy clerk's office by the deadline.

# **<u>Exhibit B</u>**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

## CASE MANAGEMENT PROCEDURES

On July 13, 2022 (the "Petition Date"), the above-captioned debtors and debtors in possession (collectively, the "Debtors"), each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court"). The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

On July 19, 2022, the Court entered an interim order [Docket No. 63] (the "Interim Order") approving these case management procedures (the "Case Management Procedures") set forth herein pursuant to sections 102(1), 105(a), and 105(d) of the Bankruptcy Code, rules 2002(m), 9007, and 9036 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 9074-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), and General Order M-543, dated March 20, 2020 (the "General Order M-543"). Anyone may obtain a copy of the Interim Order, as well as any Court Filing (as defined

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

herein) filed with the Court in these chapter 11 cases, by: (a) accessing the website maintained by Stretto (the "Claims and Noticing Agent"), at https://cases.stretto.com/Celsius (the "Case Website"); (b) contacting Stretto directly at 410 Exchange, Ste. 100, Irvine, California 92602, by telephone at (855) 473-8665 (Toll-Free) or +1 (949) 271-6507 (International), or by email at TeamCelsius@stretto.com; or (c) accessing the PACER system on the Court's website at http://www.nysb.uscourts.gov for a nominal fee.

Pursuant to the Interim Order, all notices, motions, applications, briefs, memoranda, affidavits, declarations, objections, responses, and other documents filed in these chapter 11 cases are subject to, and will not be deemed properly served unless they are served in accordance with, these Case Management Procedures. Additionally, while the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules apply to these chapter 11 cases, to the extent there is a non-binding conflict between the foregoing and these Case Management Procedures, these Case Management Procedures shall govern in all respects. Accordingly, all parties in interest are strongly encouraged to review these Case Management Procedures in their entirety and consult their own legal counsel with respect to any of the matters discussed herein before filing any documents in these chapter 11 cases.

### Case Management Procedures

I.      Hearing Procedures.

1.      ***All Matters to Be Heard at Omnibus Hearings***. The Court will schedule periodic omnibus hearings (the "Omnibus Hearings") to consider all notices, motions, applications, and other requests for relief, briefs, memoranda, affidavits, declarations, replies, and other documents filed in support of such papers seeking relief (collectively, the "Requests for Relief"), and all objections and responses to such Requests for Relief (collectively, the "Objections," and together

with the Requests for Relief and all other filed documents, the "Bankruptcy Court Filings") pursuant to the following procedures:

2.    ***Initial Omnibus Hearing***.  The first Omnibus Hearing is scheduled for 10:00 a.m. on the 8th day of August.[2]

3.    ***Subsequent Omnibus Hearings***.  At or before the Omnibus Hearing held on August 8, 2022, the Debtors may request that the Court schedule additional Omnibus Hearings.  The Court may schedule such Omnibus Hearings and, upon scheduling, Stretto shall post the dates of the additional Omnibus Hearings on the Case Website.  Parties may contact Stretto for information concerning all scheduled Omnibus Hearings.

4.    ***Proposed Omnibus Hearing Agenda***.    Two business days before each Omnibus Hearing, Debtors' counsel shall file a proposed agenda with regard to the matters scheduled to be heard at such Omnibus Hearing (the "Proposed Hearing Agenda").  The Proposed Hearing Agenda may include notice of matters that have been consensually adjourned to a later Omnibus Hearing in lieu of parties filing a separate notice of adjournment; *provided*, that for all matters adjourned to a later Omnibus Hearing or some other future date, the Debtors will also electronically file (but need not serve) a notice of adjournment with respect to such matters.

5.    ***Content of Proposed Hearing Agenda***.  The Proposed Hearing Agenda will include, to the extent known by Debtors' counsel:  (a) the docket number and title of each matter scheduled to be heard at such Omnibus Hearing, including the initial filing and any objections, replies, or documents related thereto; (b) whether the matters are contested or uncontested; (c) whether the matters have settled or are proposed to be continued; (d) a suggestion for the order in which the matters should be addressed; and (e) any other comments that will assist the Court.

---

[2]    Additional Omnibus Hearing dates to be set after appointment of a Creditors' Committee.

6.      ***Evidentiary Hearings***.  With respect to any Court Filing, if Objections are filed, the Omnibus Hearing shall not be deemed an evidentiary hearing at which witnesses may testify unless the Proposed Hearing Agenda provides otherwise, provided that parties in interest may make a request to the Court by email (and by copying the opposing party) that such hearing be an evidentiary hearing.  Additionally, any Court Filing requesting or requiring the Court to make a factual finding must be supported by competent evidence (*e.g.*, declarations, affidavits, and/or exhibits).

7.      ***Telephonic Appearances***.   A party desiring to participate in a hearing telephonically must request permission from chambers.   If chambers permits telephonic participation, the party participating telephonically must arrange such participation with CourtSolutions, adhering to the procedures for telephonic participation applicable in the Court. Parties participating by phone must put their phones on "mute," except when they need to be heard, and are not to put their phones on "hold" in any circumstances.

8.      ***Listen-Only Lines***.  Any party may attend hearings through a listen-only line (each, a "Listen-Only Line") by arranging such Listen-Only Line with CourtSolutions.  For the avoidance of doubt, any party wishing to use a Listen-Only Line need not seek permission from the Debtors or the Court in accordance with the procedures on the chambers website.

9.      ***Matters that May Be Heard at Non-Omnibus Hearings***.  Subject to consultation with the Court's chambers, hearings in connection with applications for professional compensation and reimbursement, pre-trial conferences, asset sales, and trials related to adversary proceedings, approval of a disclosure statement, confirmation of a plan, and any other Court Filing may be scheduled for dates other than the Omnibus Hearing dates; *provided, however*, that initial pre-trial conferences scheduled in connection with adversary proceedings involving the Debtors shall be

set on the next available Omnibus Hearing date that is at least 45 days after the filing of the complaint unless a party establishes good cause for holding an initial pre-trial conference on an earlier date; *provided further*, that hearings on all other Requests for Relief, not referenced in this paragraph or requiring emergency relief, filed by any party must be scheduled for an Omnibus Hearing.

II.    Filing and Service Procedures.

10.    All Bankruptcy Court Filings filed in these chapter 11 cases shall be filed electronically with the Court on the docket of *In re Celsius Network LLC*, Case No. 22-10964 (MG), in accordance with all General Orders of the Court, including General Order M-399 and all orders that address the COVID-19 pandemic (General Orders 540–545), by registered users of the Court's electronic case filing system (the "Electronic Filing System").  Further, pursuant to Local Rule 9070-1, all Bankruptcy Court Filings (other than proofs of claim) shall be:  (a) until further order of the Court, delivered via email to the chambers of the Honorable Judge Martin Glenn, United States Bankruptcy Court for the Southern District of New York no later than the next business day following the date on which such Court Filing is electronically filed; and (b) at least one hard copy shall be delivered by first class mail or by email to the United States Trustee for the Southern District of New York (the "U.S. Trustee"), 201 Varick Street, Suite 1006, New York, New York 10014, Mark.Bruh@usdoj.gov, Shara.Cornell@usdoj.gov, or Brian.Masumoto@usdoj.gov, Attn:  Mark Bruh, Shara Cornell, and Brian S. Masumoto.

A.    **The Service List.**

11.    ***Parties Entitled to Service***.  All Bankruptcy Court Filings (other than proofs of claim) shall be served on the following lists of parties (together, the "Service List"), according to the following notice procedures:

a.   ***Master Service List***.  Stretto shall maintain a master service list (the "Master Service List").  The Master Service List shall be made available by (i) accessing the Case Website, (ii) contacting the Claims and Noticing Agent directly, or (iii) contacting the Debtors' counsel directly.  The Master Service List shall include the following parties:

    i.   the Debtors and their counsel;

    ii.   the U.S. Trustee;

    iii.   holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis);[3]

    iv.   the United States Attorney's Office for the Southern District of New York;

    v.   the Internal Revenue Service;

    vi.   the attorneys general in the states where the Debtors conduct their business operations; and

    vii.   any party that has requested notice pursuant to Bankruptcy Rule 2002.

b.   ***2002 List***.  Stretto shall maintain a list of all parties that have filed a request to receive service of Bankruptcy Court Filings pursuant to Bankruptcy Rule 2002 (the "2002 List").

    i.   ***Filing Requests for Documents Requires Email Address***.  A request for service of Bankruptcy Court Filings pursuant to Bankruptcy Rule 2002 (each, a "2002 Notice Request") filed with the Court shall be deemed proper only if it includes the following information with respect to the party filing such request:  (a) name; (b) street address; (c) name of clients, if applicable; (d) telephone number; (e) facsimile number; and (f) email address, or the Certification described immediately below.

    ii.   ***Certification Opting Out of Email Service***.  Any party filing a 2002 Notice Request who does not maintain (and cannot practicably obtain) an email address and therefore cannot receive service by email must include in the 2002 Notice Request a certification to that effect (each, a "Certification").  A Certification shall include a statement certifying that the party (a) does not maintain an email address and (b) cannot practicably obtain an email address at which

---

[3]   If a Committee is appointed and counsel is retained, holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis) shall not be included in the Master Service List.

the party could receive service.  Such party will thereafter receive paper service in accordance with the Case Management Procedures.

iii.    ***Email Address Required***.  If a 2002 Notice Request fails to include an email address or a Certification, the Debtors shall forward a copy of the Case Management Procedures to such party within five business days of requesting an email address.  If no email address or Certification is provided in response to such request, such party shall not be added to the 2002 List or served with copies of Bankruptcy Court Filings unless such Bankruptcy Court Filings directly affect such party.

iv.    ***Changes in Information***.  Each party submitting a 2002 Notice Request is responsible for filing with the Court an updated 2002 Notice Request as necessary to reflect changes to any notice information and must serve a copy of such updated 2002 Notice Request upon the Debtors.

c.    ***Affected Entities***.  All entities with a particularized interest in the subject matter of a specific Court Filing, including the entity filing the Request for Relief, are "<u>Affected Entities</u>" and shall be served with all Bankruptcy Court Filings relating to that interest.

12.    ***Maintenance of the Service List***.  At least every 15 days during the first 60 days of these chapter 11 cases, and at least every 30 days thereafter, Stretto shall update the Service List by making any additions and deletions and post the updated Service List on the Case Website.

**B.    Filing and Service of Bankruptcy Court Filings Generally.**

13.    ***Electronic Filing and Service***.  All Bankruptcy Court Filings shall be filed electronically with the Court using the Court's Electronic Filing System and served via email, other than service of a summons and complaint in an adversary proceeding or documents filed under seal or parties who have filed the Certification in Paragraph (11)(b)(ii) hereof, or as provided in Paragraph 14 hereof, which shall be deemed to constitute proper service for all parties who are sent such email service; *provided*, *however*, that Bankruptcy Court Filings shall be served on the Master Service List by email and by first class mail.  Subject to paragraph (11)(b)(ii) hereof, each

party that files a notice of appearance and a 2002 Notice Request shall be deemed to have consented to electronic service of all Bankruptcy Court Filings.

a.   ***Email Subject Line***.  With respect to the service of any Court Filing, the subject line of the email shall include (i) the Debtors' case name and number In re Celsius Network LLC, Case No. 22-10964 (MG), (ii) the name of the party filing such Court Filing, and (iii) the title of the Court Filing being served.  If the title of the Court Filing is too long to fit within the subject line of the email, the subject line shall contain a shortened version of such title, and the text of the email shall contain the full title of such Court Filing.

b.   ***Email Attachments***.  All Bankruptcy Court Filings served by email shall include the entire document, including any proposed forms of order and exhibits, attachments, or other materials, in PDF, readable by Adobe Acrobat or other equivalent document reader programs commonly available without cost.  The relevant Court Filing shall either be attached to the email in a format specified above or the email shall contain a link to such filing in such format.  In addition, all service by email will include a reference to the docket number of the attached document, as well as a link to the website of the Claims and Noticing Agent.  Notwithstanding the foregoing, if a Court Filing cannot be attached to an email (because of its size, technical difficulties, or other concerns), the filing party may serve the Court Filing by U.S. mail, including the proposed forms of order and any exhibits, attachments, and other relevant materials; *provided* that the Court Filing is served by hand or overnight delivery on the Service List.

14.    ***Paper Service of Certain Affected Entities***.  To the extent an Affected Entity's email address is not available, the Debtors (or any other party filing a Court Filing) shall serve such Affected Entity with paper copies by first class mail or private mail service.

15.    ***Waiver of Filing Deadlines***.  If any Court Filing is filed and served electronically via the Electronic Filing System, the filing deadlines requiring three additional days' notice set forth in rule 6(e) of the Federal Rules of Civil Procedure (made applicable to adversary proceedings by Bankruptcy Rule 7005(b)(2)(D)), and Bankruptcy Rule 9006(f) shall not apply.

16.    ***Form of Papers***.  Unless granted prior Court permission, motions, applications, and objections are limited to 40 pages and replies and statements are limited to 15 pages.

All Bankruptcy Court Filings (other than exhibits) shall be double-spaced, twelve-point font, with one-inch margins.

17.     ***Certificates of Service***.  Certificates of service for all Bankruptcy Court Filings, including the Service List, need only be filed with the Court.

18.     ***Right to Request Special Notice Procedures***.  Nothing in these Case Management Procedures shall prejudice the right of any party to seek an amendment or waiver of the provisions of the Case Management Procedures from the Court upon a showing of good cause including, without limitation, the right to seek emergency *ex parte* relief or relief upon shortened notice.  Such requests should be made pursuant to the Local Rules and the directions on chambers' website.

19.     ***Section 342 Notice Requirements***.  Any notice sent by the Debtors or any other party in interest shall be deemed to comply with the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

**C.     Filing and Service of Requests for Relief.**

20.     ***Requests for Relief to Be Heard at Omnibus Hearing***.  In accordance with Local Rule 9006-1(b), in the event that a party files and serves a Request for Relief at least 14 days before the next Omnibus Hearing, the matter shall be set for hearing at such Omnibus Hearing. If a Request for Relief is served by overnight delivery, it must be filed and served at least 15 calendar days before the next Omnibus Hearing.  If a Request for Relief is served by U.S. mail only, it must be filed and served at least 17 calendar days before the next Omnibus Hearing.  All applications for reimbursement of fees and expenses by professionals retained by the estate must be filed and served at least 21 calendar days before the next Omnibus Hearing.  If a Request for Relief is filed by a party other than the Debtors and purports to set a hearing date inconsistent with

these Case Management Procedures, the Request for Relief shall be heard, without the necessity of a Court order, at the first Omnibus Hearing after the applicable notice period has expired.

21.    ***Emergency Scheduling Procedures***.  If a movant or applicant determines that a Request for Relief requires emergency or expedited relief, the movant or applicant shall contact the attorneys for the parties that would be directly affected by such relief by telephone and email and request that the Request for Relief be considered on an expedited basis.  If such party or parties disagree with the movant's or applicant's request for emergency or expedited relief, the movant or applicant shall (a) inform the Court of the disagreement by email, and (b) arrange for a chambers conference, telephonic or in-person, to discuss the disagreement.  If the Court agrees with the movant or applicant regarding the necessity for expedited consideration, the movant or applicant may schedule an expedited hearing.  The Court's normal practice when scheduling an expedited hearing is to require the movant (1) to email the motion to shorten to chambers and (2) if the motion sufficiently supports the request, to schedule the hearing for both (a) a request for expedited relief, and (b) the underlying Request for Relief for the same day.

22.    ***Notices of Requests for Relief***.  A notice shall be affixed to the front of each Request for Relief and shall set forth:  (a) the title of the Request for Relief; (b) the time and date of the objection deadline; (c) the parties on whom any objection is to be served; and (d) the Omnibus Hearing date at which the party intends to present the Request for Relief.  The notice may also include a statement that the relief requested therein may be granted, pursuant to Local Rule 9074-1(b)(1)(K), without a hearing if no objection is timely filed and served in accordance with the Case Management Procedures (each, a "Notice of Presentment").  Subject to section E of these Case Management Procedures, if the notice filed with a Request for Relief includes a Notice of Presentment, after the objection deadline has passed and

if no objection has been filed and served in accordance with these Case Management Procedures, counsel to the party who filed the Request for Relief may file a certification that no objection has been filed or served on them, and may request that the Court grant the relief and enter an order without a hearing. Submission of an order after the presentment period has elapsed without objection must be emailed to the Court and include the underlying Request for Relief, the certificate of service, an electronic version of the proposed order in Microsoft Word format, and a cover note including a representation that (a) the movant sought relief by Notice of Presentment and (b) the objection period has passed and no objections were filed.

23.    ***Service of Requests for Relief***.  For any Court Filing for which particular notice is required to be served on all creditors and parties with a particular interest in the relief sought by any Request for Relief, including under Bankruptcy Rules 2002(a)(2) and (3), 4001, 6004, 6007, and 9019, parties need serve all such Bankruptcy Court Filings only on the Service List and in accordance with the following, unless otherwise ordered by the Court:

    a.    in the case of any use, sale, lease, or abandonment of substantially all of the Debtors' property, on each party asserting an interest in that property;

    b.    in the case of any relief from or modification of the automatic stay, on each party asserting a lien or other encumbrance on the affected property;

    c.    in the case of the use of cash collateral or obtaining of credit, on each party asserting an interest in the cash collateral or a lien or other interest in property upon which a lien or encumbrance is proposed to be granted, or that otherwise may be directly affected by the relief requested;

    d.    in the case of a motion under Bankruptcy Rule 9019, on all parties to the relevant compromise and settlement, or that may be directly affected by such compromise or settlement;

    e.    in the case of assumption, assignment, or rejection of an executory contract or an unexpired lease, on each party to the executory contract or the unexpired lease;

f.  in the case of any objection, opposition, response, reply, or further document filed directly in response to another party's Court Filing, on such other party; and

g.  on all parties as required by the Bankruptcy Rules, unless otherwise directed by the Court.

24.  ***Notice Provisions Not Applicable to Certain Matters***.  Except as set forth in these Case Management Procedures or otherwise provided by order of the Court, the notice provisions of these Case Management Procedures shall not apply to notices of the matters or proceedings described in the following Bankruptcy Rules:

a.  Bankruptcy Rule 2002(a)(1) (meeting of creditors pursuant to section 341 of the Bankruptcy Code);

b.  Bankruptcy Rule 2002(a)(2) (any proposed use, sale, or lease of property of the estate other than in the ordinary course of business, to the extent that such use, sale, or lease concerns all or substantially all of the Debtors' assets);

c.  Bankruptcy Rule 2002(a)(4) (hearing on the dismissal of a case or cases or the conversion of a case to another chapter);

d.  Bankruptcy Rule 2002(a)(5) (time fixed to accept or reject a proposed modification of a chapter 11 plan);

e.  Bankruptcy Rule 2002(a)(7) (time fixed for filing a proof of claim pursuant to Bankruptcy Rule 3003(c));

f.  Bankruptcy Rule 2002(b)(1) (time fixed for filing objections to and any hearing to consider approval of a disclosure statement);

g.  Bankruptcy Rule 2002(b)(2) (time fixed for filing objections to and any hearing to consider confirmation of a chapter 11 plan);

h.  Bankruptcy Rule 2002(d) (certain matters for which notice is to be provided to equity security holders);

i.  Bankruptcy Rule 2002(f)(1) (entry of an order for relief);

j.  Bankruptcy Rule 2002(f)(2) (dismissal or conversion of a case to another chapter of the Bankruptcy Code);

k.  Bankruptcy Rule 2002(f)(3) (time allowed for filing claims pursuant to Bankruptcy Rule 3002);

l.      Bankruptcy Rule 2002(f)(6) (waiver, denial, or revocation of a discharge as provided in Bankruptcy Rule 4006);

m.      Bankruptcy Rule 2002(f)(7) (entry of an order confirming a chapter 11 plan); and

n.      Bankruptcy Rule 2002(f)(8) (summary of the trustee's final report and account should a case be converted to chapter 7 of the Bankruptcy Code).

25.     ***Requests for Relief to Include Proposed Order***.  Parties submitting written motions or other Requests for Relief shall be required to include a proposed order with such Request for Relief, which shall be consistent with such Request for Relief.

**D.      Filing and Service of Objections and Replies.**

26.     ***Deadline for Objections***.  Any Objection to a Request for Relief must be filed by the following deadlines (each, as applicable, the "Objection Deadline"):

a.      in the case of a Request for Relief filed 21 or more days before the applicable hearing, 4:00 p.m. (prevailing Eastern Time), seven calendar days before the applicable hearing;

b.      in the case of a Request for Relief filed less than 21 days before the applicable hearing, 4:00 p.m. (prevailing Eastern Time), three calendar days before the applicable hearing;

c.      in the case of a Request for Relief set for hearing on an expedited basis and filed fewer than ten days before the applicable hearing, 12:00 p.m. (prevailing Eastern Time) on the business day preceding the applicable hearing; or

d.      in any case, as otherwise ordered by the Court.

27.     For the avoidance of doubt, the foregoing deadlines apply with equal force regardless of whether the applicable Objection Deadline, as calculated according to the foregoing guidelines, falls on a business day, Saturday, Sunday, or legal holiday.

28.     ***Extension of Objection Deadline***.  The Objection Deadline may be extended without order of the Court upon the consent of the party filing the Request for Relief, which

consent may be granted via email correspondence between the party filing the Objection and the party filing the Request for Relief.

29.    ***Effect of Failure to File Objection by Objection Deadline***.  Failure to file an Objection by the Objection Deadline may cause the Court to disregard the Objection unless an Objection Deadline extension was agreed to between the parties pursuant to paragraph 28.

30.    ***Service of Objections***.  All Objections shall be filed with the Court, served by the applicable Objection Deadline and sent in accordance with paragraphs 10 and 11; *provided*, that if the Objection Deadline is after the date that is 7 days before the applicable hearing, Objections shall also be served by email, facsimile, hand delivery, or overnight mail even if otherwise stated in the Request for Relief, in each case, by 4:00 p.m. (prevailing Eastern Time) on the business day that is (a) 3 days before the date of the applicable hearing for any Court Filing filed on more than 21 days' notice and (b) 2 business days before the date of the applicable hearing for any Court Filing filed on less than 21 days' notice.

31.    ***Service of Replies to Objections***.  If a Court Filing is a reply to an Objection, such reply shall be filed with the Court and served as provided in paragraphs 10 and 11 so as to actually be received by the parties requested to be served hereby at least one day before the Hearing, with a copy to the Court's chambers.

32.    ***Settlements***.  In the event that a matter is properly noticed for hearing and the parties reach a settlement of the dispute prior to the scheduled hearing, the parties may announce the settlement at the scheduled hearing.  In the event that the Court determines that the notice of the dispute and the hearing is adequate notice of the effects of the settlement (*i.e.*, that the terms of the settlement are not materially different from what parties in interest could have expected if the dispute were fully litigated), the Court may approve the settlement at the hearing without further

notice of the terms of the settlement.  In the event that the Court determines that additional or supplemental notice is required, the Debtors shall serve such notice in accordance with the Case Management Procedures, and a hearing to consider such settlement shall be held on the next hearing date deemed appropriate by the Court.

### E.    Granting a Request for Relief Without a Hearing.

33.    ***Certificate of No Objection***.  If no Objection to a Request for Relief is filed after the Request for Relief is filed and served in a timely fashion, the movant may email a proposed order granting the Request for Relief to the Court's chambers, in accordance with chambers' procedures and paragraph 22, along with a certificate of no objection ("Certificate of No Objection") stating that no Objection has been filed or served on the movant.  By filing such certification, counsel for the movant represents to the Court that the movant is unaware of any Objection to the Request for Relief and that counsel has reviewed the Court's docket and no Objection appears thereon.

34.    ***Order May Be Entered Without Hearing***.  Upon receipt of a Certificate of No Objection as provided in paragraph 33, the Court may enter an order granting the Request for Relief without further pleading, hearing, or request, and once an order granting such Request for Relief is entered, no further hearing on the Request for Relief shall be held.

35.    ***Request for Relief May be Heard at a Hearing***.  After a Certificate of No Objection has been filed, the Request for Relief may be heard at the next Omnibus Hearing if the Court does not enter an order granting the Request for Relief before such Omnibus Hearing.

### F.    Filing and Service of Orders.

36.    ***Service of Orders***.  All parties submitting orders shall serve a conformed copy of any entered order on (a) each Affected Entity, (b) the Debtors, (c) Stretto, and (d) the U.S. Trustee

15

within two business days of entry of the applicable order. Stretto shall post all orders on the Case Website.

### G.    Filing and Service of Adversary Proceedings.

37.    ***Serving Adversary Proceedings***. All Bankruptcy Court Filings in any adversary proceeding commenced in these chapter 11 cases shall be served upon each Affected Entity and any other parties required to be served under any applicable Bankruptcy Rule or Local Rule.

38.    ***Discovery Rules in Contested Matters and Adversary Proceedings***. Federal Rules of Civil Procedure 26(a)(1) (initial disclosures), 26(a)(2) (disclosures with respect to expert testimony), 26(a)(3) (additional pretrial disclosures), and 26(f) (mandatory meeting before scheduling conference/discovery plan) are inapplicable in contested matters but are applicable to adversary proceedings arising under these chapter 11 cases.

39.    ***Briefing Schedule in Adversary Proceedings***. After a hearing date has been set by the Court, unless otherwise ordered by the Court, the parties to the adversary proceeding shall confer and agree upon a briefing schedule for all adversary matters, which shall be submitted for approval of the Court and shall comply with the Court's pretrial order.

### H.    Other Pleadings.

40.    ***Joinders***. Any party seeking to support any Court Filing may file an expression of support of such Court Filing (a "Joinder"). Unless otherwise ordered by the Court, filing a Joinder does not entitle such party to: (a) be an independent proponent of the Court Filing; (b) independently support or oppose any related Bankruptcy Court Filings; (c) independently settle the underlying Request for Relief that is the subject of the applicable Court Filing; or (d) independently receive a ruling from the Court on the Court Filing. The Court may deem a Joinder to be a brief in support of the applicable Court Filing, but the Court shall not consider any

arguments or factual allegations contained in a Joinder but not in the related Court Filing, and no party shall be required to separately respond to a Joinder.

41.    ***Motion Practice for Lift Stay Actions***.    A motion filed by a non-Debtor party seeking relief from the automatic stay (a "<u>Stay Relief Motion</u>") in accordance with section 362 of the Bankruptcy Code shall be noticed for consideration on the Omnibus Hearing date that is at least 21 days after the Stay Relief Motion is filed and notice thereof is served upon the Debtors. Unless otherwise ordered by the Court, the objection deadline shall be the later of (a) 14 calendar days after the filing and service of the Stay Relief Motion or (b) three calendar days prior to the hearing scheduled with respect thereto.

42.    ***Continuation of Automatic Stay.***    Notwithstanding section 362(e) of the Bankruptcy Code, if a Stay Relief Motion is scheduled in accordance with the Case Management Procedures for, or adjourned to, a hearing date 30 days after the filing of the Stay Relief Motion, the moving party shall be deemed to have consented to the continuation of the automatic stay in effect, pending the conclusion of, or as a result of, a final hearing and determination under section 362(d) of the Bankruptcy Code, and shall be deemed to have waived its right to assert the termination of the automatic stay under section 362(e) of the Bankruptcy Code.

43.    ***Motions for Summary Judgment***.    Pursuant to Local Rule 7056-1, no motion for summary judgment may be made without first seeking a pre-motion conference.    A request for such conference should be made by email, filed, and served in accordance with the Case Management Procedures, setting forth the issues to be presented under the summary judgment motion.

44.    ***Motions for Reargument***.    Motions for reargument must identify with particularity the matter for reconsideration in accordance with Local Rule 9023-1.    If, after review of the

motion, the Court determines that it wishes a response, and/or hearing, it will notify the applicable parties accordingly.

45.    ***Motions for Temporary Restraining Orders***.    Parties seeking a temporary restraining order (a "<u>TRO</u>") must comply with the requirements of Federal Rule of Civil Procedure 65(b).  Any request for a TRO must be preceded by an email and a telephone call to chambers, advising chambers of the nature of the controversy, the need for emergency relief, why a noticed hearing for a preliminary injunction would be insufficient, when a hearing on the TRO application is needed, and when the motion papers will be forthcoming.  Except in those rare cases where advance notice of the TRO application would vitiate the purpose of a TRO (and where that can be established by affidavit), immediate telephonic notice of the application must be provided to all parties reasonably expected to be affected by entry of the TRO or provisions therein.  In addition, the motion papers on any TRO application must be hand delivered, emailed, or faxed to any such parties at the same time that the papers are provided to chambers.

46.    ***Automatic Extension of Certain Time Periods***.  If a Request for Relief to extend the time to take any action is filed prior to the expiration of the time period provided by the Bankruptcy Code (including any Request for Relief pursuant to section 1121 of the Bankruptcy Code), the Bankruptcy Rules, the Local Rules, or any order of the Court, the time to so take action shall be automatically extended until the Court considers and rules upon the Request for Relief.

III.    Additional Case Management Procedures.

47.    ***Adequate Notice***.    Notice and service accomplished in accordance with the provisions set forth in the Case Management Procedures shall be deemed adequate in all respects pursuant to the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

48.    ***Computation of Time***.  Unless otherwise specified, all time periods referenced in the Case Management Procedures shall be calculated in accordance with Bankruptcy Rule 9006(a).

49.     ***Effect of the Case Management Procedures***.  The Bankruptcy Rules and the Local Rules shall continue to apply to all proceedings in these chapter 11 cases, except to the extent that any provision of the Case Management Procedures by its terms supersedes or is inconsistent with such non-binding rules.  In the event of any inconsistency between the Case Management Procedures and the Bankruptcy Rules and the Local Rules, the Case Management Procedures will control.

50.     ***Promulgation of the Case Management Procedures.***  As soon as practicable after the entry of the proposed Order, a copy of the Case Management Procedures shall be served by the Debtors on each of the parties on the Master Service List.  In addition, shortly after the end of each calendar month, Stretto or counsel to the Debtors shall serve a copy of the Case Management Procedures upon any party filing a 2002 Notice Request within such calendar month.  To help ensure that all parties who may participate in these chapter 11 cases are aware of the terms of the Case Management Procedures, the Debtors will post the Case Management Procedures on the Case Website.

# **Exhibit C**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF INTERIM ORDER (I) APPROVING NOTIFICATION**
**AND HEARING PROCEDURES FOR CERTAIN TRANSFERS OF AND**
**DECLARATIONS OF WORTHLESSNESS WITH RESPECT TO COMMON**
**STOCK AND PREFERRED STOCK AND (II) GRANTING RELATED RELIEF**

**TO:  ALL ENTITIES (AS DEFINED BY SECTION 101(15) OF THE BANKRUPTCY
CODE) THAT MAY HOLD BENEFICIAL OWNERSHIP OF THE EXISTING CLASSES
OF COMMON STOCK (THE "COMMON STOCK") OR ANY EXISTING CLASS (OR
SERIES) OF PREFERRED STOCK (THE "PREFERRED STOCK"), OF CELSIUS
NETWORK INC. OR CELSIUS NETWORK LIMITED:**

**PLEASE TAKE NOTICE** that on July 13, 2022 (the "Petition Date"), the

above-captioned debtors and debtors in possession (collectively, the "Debtors"), filed petitions

with the United States Bankruptcy Court for the Southern District of New York (the "Court")

under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  Subject to certain

exceptions, section 362 of the Bankruptcy Code operates as a stay of any act to obtain possession

of property of or from the Debtors' estates or to exercise control over property of or from the

Debtors' estates.

**PLEASE TAKE FURTHER NOTICE** that on the Petition Date, the Debtors filed the

*Debtors' Motion Seeking Entry of Interim and Final Orders (I) Approving Notification and*

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification
number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius
Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending
LLC (3390); and Celsius US Holding LLC (7956).  The location of Debtor Celsius Network LLC's principal
place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken,
New Jersey 07030.

*Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and Preferred Stock and (II) Granting Related Relief* [Docket No. 5] (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that on July 19, 2022, the Court entered the *Interim Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and Preferred Stock and (II) Granting Related Relief* [Docket No. 58] (the "Interim Order") approving procedures for certain transfers of and declarations of worthlessness with respect to Common Stock and Preferred Stock set forth in Exhibit 1 attached to the Interim Order (the "Procedures").[2]

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Interim Order, a Substantial Shareholder may not consummate any purchase, sale, or other transfer of Common Stock or Preferred Stock or Beneficial Ownership of Common Stock or Preferred Stock in violation of the Procedures, and any such transaction in violation of the Procedures shall be null and void *ab initio*.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Interim Order, the Procedures shall apply to the holding and transfers of Common Stock or Preferred Stock or any Beneficial Ownership therein by a Substantial Shareholder or someone who may become a Substantial Shareholder.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Interim Order, a 50-Percent Shareholder may not claim a worthless stock deduction with respect to Common Stock or Preferred Stock, or Beneficial Ownership of Common Stock or Preferred Stock, in violation of the Procedures, and any such deduction in violation of the Procedures shall be null and void *ab initio*,

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Interim Order or the Motion, as applicable.

and the 50-Percent Shareholder shall be required to file an amended tax return revoking such proposed deduction.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Interim Order, upon the request of any entity, the proposed notice, claims, and solicitation agent for the Debtors, Stretto, will provide a copy of the Interim Order and a form of each of the declarations required to be filed by the Procedures in a reasonable period of time. Such declarations are also available via PACER on the Court's website at https://ecf.nysb.uscourts.gov/ for a fee, or free of charge by accessing the Debtors' restructuring website at https://cases.stretto.com/Celsius.

PLEASE TAKE FURTHER NOTICE that the final hearing (the "Final Hearing") on the Motion shall be held on August 8, 2022, at 10:00 a.m., prevailing Eastern Time. Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on August 1, 2022, and shall be served on: (a) the Debtors, Celsius Network LLC, 121 River St., PH05, Hoboken, New Jersey 07030, Attn: Ron Deutsch; (b) proposed counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C.; Kirkland & Ellis LLP; 300 North LaSalle Street, Chicago, Illinois 60654, Attn: Patrick J. Nash, Jr., P.C., Ross M. Kwasteniet, P.C., and Anthony V. Sexton; (c) the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Shara Cornell, Mark Bruh, and Brian S. Masumoto; and (d) counsel to any statutory committee appointed in these chapter 11 cases. In the event no objections to entry of the Final Order on the Motion are timely received, the Court may enter such Final Order without need for the Final Hearing.

3

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Interim Order, failure to follow the procedures set forth in the Interim Order shall constitute a violation of, among other things, the automatic stay provisions of section 362 of the Bankruptcy Code.

**PLEASE TAKE FURTHER NOTICE** that nothing in the Interim Order shall preclude any person desirous of acquiring any Common Stock or Preferred Stock from requesting relief from the Interim Order from this Court, subject to the Debtors' and the other Notice Parties' rights to oppose such relief.

**PLEASE TAKE FURTHER NOTICE** that other than to the extent that the Interim Order expressly conditions or restricts trading in, or claiming a worthless stock deduction with respect to, Common Stock or Preferred Stock, nothing in the Interim Order or in the Motion shall, or shall be deemed to, prejudice, impair, or otherwise alter or affect the rights of any holders of Common Stock or Preferred Stock, including in connection with the treatment of any such stock under any chapter 11 plan or any applicable bankruptcy court order.

**PLEASE TAKE FURTHER NOTICE** that any prohibited purchase, sale, other transfer of, or declaration of worthlessness with respect to Common Stock or Preferred Stock, beneficial ownership thereof, or option with respect thereto in violation of the Interim Order is prohibited and shall be null and void *ab initio* and may be subject to additional sanctions as this court may determine**.**

**PLEASE TAKE FURTHER NOTICE** that the requirements set forth in the Interim Order are in addition to the requirements of applicable law and do not excuse compliance therewith.

New York, New York
Dated: July 21, 2022

/s/ Joshua A. Sussberg

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:        jsussberg@kirkland.com

 - and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:        patrick.nash@kirkland.com
              ross.kwasteniet@kirkland.com

*Proposed Counsel to the Debtors and*
*Debtors in Possession*

5

# **Exhibit D**



**Exhibit D**
Served via First-Class Mail

| NAME | ADDRESS 1 | ADDRESS 2 | CITY | STATE | ZIP |
|---|---|---|---|---|---|
| 8167 LLC | ON FILE | | | | |
| AARON MIDKIFF | ON FILE | | | | |
| ABERG, EMILY | ON FILE | | | | |
| ADAM ABRAM | ON FILE | | | | |
| ADAM BEACHNAU | ON FILE | | | | |
| ADAM NAGEL | ON FILE | | | | |
| ADAM WITEK | ON FILE | | | | |
| ADRIAN DANKER | ON FILE | | | | |
| AESCRIPTS | 86 RIVER RD | | BRIARCLIFF | NY | 10510-2412 |
| AGATA SZPYRKA | ON FILE | | | | |
| AKIBA CHONOLES | ON FILE | | | | |
| ALAN HORRIDGE | ON FILE | | | | |
| ALAN RICHARDSON | ON FILE | | | | |
| ALANNAH BADINI | ON FILE | | | | |
| ALBA CASTILLO | ON FILE | | | | |
| ALEC BOYER | ON FILE | | | | |
| ALEC GARCIA | ON FILE | | | | |
| ALEC THORNTON | ON FILE | | | | |
| ALEX LERZA | ON FILE | | | | |
| ALEXANDER KURT HOUGH | ON FILE | | | | |
| ALEXANDRA BRANSON | ON FILE | | | | |
| ALISIE, ADRIAN | ON FILE | | | | |
| ALVIN JONES | ON FILE | | | | |
| AMANDA BERG | ON FILE | | | | |
| ANDREW ALEXANDER | ON FILE | | | | |
| ANDREW ALLEN | ON FILE | | | | |
| ANDREW MARINACCI | ON FILE | | | | |
| ANDREW THOMPSON | ON FILE | | | | |
| ANGEL RODRIGUEZ | ON FILE | | | | |
| ANTHONY BRYANT | ON FILE | | | | |
| ANTHONY CAPITAN | ON FILE | | | | |
| ANTHONY MIRANDA | ON FILE | | | | |
| ANTHONY RICE | ON FILE | | | | |
| ANTONIO DI CRISTO | ON FILE | | | | |
| ANTONIO MIRAVETE | ON FILE | | | | |
| ARKANSAS STATE BANK DEPARTMENT | 1 COMMERCE WAY | STE 303 | LITTLE ROCK | AR | 72202-2084 |
| ASHLEY MORERA | ON FILE | | | | |
| ASHTYNN GILMORE | ON FILE | | | | |



**Exhibit D**
Served via First-Class Mail

| NAME | ADDRESS 1 | ADDRESS 2 | CITY | STATE | ZIP |
|---|---|---|---|---|---|
| BAILEY BAILEY | ON FILE | | | | |
| BARBARA SULLIVAN | ON FILE | | | | |
| BAURLE, SAMUEL | ON FILE | | | | |
| BEAUDRY, JEREMIE | ON FILE | | | | |
| BELLWOOD GLOBAL TRANSPORTATION | 5100 NW 33RD AVE | STE 250 | FT LAUDERDALE | FL | 33309-6382 |
| BEN RETKE | ON FILE | | | | |
| BENJAMIN BECK | ON FILE | | | | |
| BETHANY HELLER | ON FILE | | | | |
| BILL K LANTZ | ON FILE | | | | |
| BITWAVE | PMB 61754 | 382 NE 191ST ST | MIAMI | FL | 33179-3899 |
| BLAINE HESS | ON FILE | | | | |
| BLAINE LESTER | ON FILE | | | | |
| BLAKE GREENBERG | ON FILE | | | | |
| BLECHER, MATTI | ON FILE | | | | |
| BOBBY WATKINS | ON FILE | | | | |
| BOTOS, WILLIAM | ON FILE | | | | |
| BOYNTON, MICHAEL | ON FILE | | | | |
| BRADLEY BISHOP | ON FILE | | | | |
| BRADLEY GETTER | ON FILE | | | | |
| BRADLEY SWANSON | ON FILE | | | | |
| BRANDEN BRINK | ON FILE | | | | |
| BRANDON HAWKINS | ON FILE | | | | |
| BRANDON PFISTER | ON FILE | | | | |
| BRANDON WANG | ON FILE | | | | |
| BRAVE SOFTWARE INTERNATIONAL, SEZC | 580 HOWARD ST | UNIT 402 | SAN FRANCISCO | CA | 94105-3025 |
| BRENDAN CORRIGAN | ON FILE | | | | |
| BRENDAN GOUGH | ON FILE | | | | |
| BRENT WALESCH | ON FILE | | | | |
| BRIAN FRIERDICH | ON FILE | | | | |
| BRIAN L MANGELS | ON FILE | | | | |
| BRIAN MURRAY | ON FILE | | | | |
| BRIAN TUCKER | ON FILE | | | | |
| BRIDGET BUCHANAN | ON FILE | | | | |
| BRITTANY LARY | ON FILE | | | | |
| BRYAN HARDING | ON FILE | | | | |
| BRYAN MURRAY | ON FILE | | | | |
| BRYAN WILSON | ON FILE | | | | |
| BRYANT, NICHOLAS | ON FILE | | | | |



**Exhibit D**
Served via First-Class Mail

| NAME | ADDRESS 1 | ADDRESS 2 | CITY | STATE | ZIP |
|------|-----------|-----------|------|-------|-----|
| BRYS LUTHER | ON FILE | | | | |
| BUFFINGTON, DYLAN | ON FILE | | | | |
| CALEB BARR | ON FILE | | | | |
| CARMELLE COTTRELL | ON FILE | | | | |
| CARRARA, DIANA | ON FILE | | | | |
| CASEY GARDNER | ON FILE | | | | |
| CASEY POTTER | ON FILE | | | | |
| CHANG, YUNG-TANG | ON FILE | | | | |
| CHARLES BAQUERO | ON FILE | | | | |
| CHARLES DEGREGORIO | ON FILE | | | | |
| CHARLES KANDAKAI | ON FILE | | | | |
| CHASE FAUGHNER | ON FILE | | | | |
| CHESTER MANUEL | ON FILE | | | | |
| CHRIS KERN | ON FILE | | | | |
| CHRIS RAKERS | ON FILE | | | | |
| CHRISTIAN HADDAD | ON FILE | | | | |
| CHRISTOPHER GEE | ON FILE | | | | |
| CHRISTOPHER MONNEY | ON FILE | | | | |
| CHRISTOPHER PROCHASKA | ON FILE | | | | |
| CIARA BRIGHT | ON FILE | | | | |
| COCHRAN, WENDY | ON FILE | | | | |
| CODERPAD | 44 MONTGOMERY ST | STE 300 | SAN FRANCISCO | CA | 94104-4624 |
| CODY MULLINS | ON FILE | | | | |
| COLIN LOCKHART | ON FILE | | | | |
| COLLIN HIGH | ON FILE | | | | |
| COLLIN MALONY | ON FILE | | | | |
| CORE SCIENTIFIC | 210 BARTON SPRINGS RD | STE 300 | AUSTIN | TX | 78704-1251 |
| COURTNEY BELOHLAVEK | ON FILE | | | | |
| CRADLE, TIMOTHY | ON FILE | | | | |
| CRAIG COX | ON FILE | | | | |
| CRAIG VEGH | ON FILE | | | | |
| CUONG HA | ON FILE | | | | |
| CYNTHIA THOMSEN | ON FILE | | | | |
| DAICHI KONO | ON FILE | | | | |
| DAKOTA GEFFRE | ON FILE | | | | |
| DAN STOUT | ON FILE | | | | |
| DANIEL FLORES | ON FILE | | | | |
| DANIEL ROVETO | ON FILE | | | | |



**Exhibit D**
Served via First-Class Mail

| NAME | ADDRESS 1 | ADDRESS 2 | CITY | STATE | ZIP |
|---|---|---|---|---|---|
| DANIEL VALENCIA | ON FILE | | | | |
| DANNY WON | ON FILE | | | | |
| DAPHNE DEEM | ON FILE | | | | |
| DARIUS GOODWIN | ON FILE | | | | |
| DAVID BLAKEMAN | ON FILE | | | | |
| DAVID DONNELLY | ON FILE | | | | |
| DAVID JACOBS | ON FILE | | | | |
| DAVID MARTIN | ON FILE | | | | |
| DAVID MICHAEL CAMPBELL | ON FILE | | | | |
| DAVID NEILL | ON FILE | | | | |
| DAVID NUNN | ON FILE | | | | |
| DAVID REED | ON FILE | | | | |
| DAVID SOUN | ON FILE | | | | |
| DAVID WITT | ON FILE | | | | |
| DAVIN HENRIK | ON FILE | | | | |
| DEANNA MARTINEZ | ON FILE | | | | |
| DECENT LABS | PMB 95837 | 382 NE 191ST ST | MIAMI | FL | 33179-3899 |
| DELFINA ANDREA | ON FILE | | | | |
| DELLA VOLPE, ERICH | ON FILE | | | | |
| DENISSE CROSTA | ON FILE | | | | |
| DEREK RABER | ON FILE | | | | |
| DERWIN HALIM | ON FILE | | | | |
| DESTINY SIERRA | ON FILE | | | | |
| DEVIN DETURK | ON FILE | | | | |
| DEWAYNE CAMERON | ON FILE | | | | |
| DIMITRI LUGO | ON FILE | | | | |
| DIONISIO, ANTHONY | ON FILE | | | | |
| DOMINIC WOODARD | ON FILE | | | | |
| DONALD PEDERSON | ON FILE | | | | |
| DWIGHT GRAEF | ON FILE | | | | |
| DYLAN MCGREGOR | ON FILE | | | | |
| EDI AVDIC | ON FILE | | | | |
| ELEMENTS MASSAGE | 1890 WYNKOOP ST | STE 100 | DENVER | CO | 80202-1110 |
| ELENA AIVAZJAN | ON FILE | | | | |
| ELI COTELLESE | ON FILE | | | | |
| ELIZABETH WREN | ON FILE | | | | |
| ELMIN RAMOVIC | ON FILE | | | | |
| ERIC BLOCK | ON FILE | | | | |

In re: Celsius Network LLC, *et al.*
Case No. 22-10964 (MG)



**Exhibit D**
Served via First-Class Mail

| NAME | ADDRESS 1 | ADDRESS 2 | CITY | STATE | ZIP |
|---|---|---|---|---|---|
| ERIC DECKER | ON FILE | | | | |
| ERIC ESCOBAR | ON FILE | | | | |
| ERIC TRAWITZKI | ON FILE | | | | |
| ERIC ZETTERLOF | ON FILE | | | | |
| ERICA HOLLIS | ON FILE | | | | |
| ERNIE SILVA | ON FILE | | | | |
| ETKIN, PAVEL | ON FILE | | | | |
| EVA WHITE | ON FILE | | | | |
| EVAN CAMERON | ON FILE | | | | |
| EVAN CLAUDEANOS | ON FILE | | | | |
| EVAN STARR | ON FILE | | | | |
| EVELINA HERNANDEZ | ON FILE | | | | |
| FARIED SAFEYEDDINE | ON FILE | | | | |
| FELICIA DUHE | ON FILE | | | | |
| FINELLI, MARK | ON FILE | | | | |
| FRANKLIN KELLY | ON FILE | | | | |
| FREDERICK SOUED | ON FILE | | | | |
| FURROW, MATTHEW | ON FILE | | | | |
| GABRIELA WILSON | ON FILE | | | | |
| GARRET BRUBAKER | ON FILE | | | | |
| GARRETT JOHNSON | ON FILE | | | | |
| GAVIN ANDERSON | ON FILE | | | | |
| GRANT JORDAN | ON FILE | | | | |
| GREGORY MADRIGAL | ON FILE | | | | |
| GREGORY PONTO | ON FILE | | | | |
| GRIFFIN MOLINO | ON FILE | | | | |
| GUTAN, MIHAIL | ON FILE | | | | |
| GWENDOLYN BRUGGEMAN | ON FILE | | | | |
| HADROVIC, LEYLAH | ON FILE | | | | |
| HAILEY LANFORD | ON FILE | | | | |
| HANK WENG | ON FILE | | | | |
| HAROLD JENSEN | ON FILE | | | | |
| HOANG NGUYEN | ON FILE | | | | |
| HOLLY RENEE RIEGER | ON FILE | | | | |
| HOLLY RIEGER | ON FILE | | | | |
| HUDSON INSURANCE GROUP | PO BOX 6818 | | SCRANTON | PA | 18505-6818 |
| HUGO FENAUX | ON FILE | | | | |
| HUNTER JACKSON | ON FILE | | | | |



**Exhibit D**
Served via First-Class Mail

| NAME | ADDRESS 1 | ADDRESS 2 | CITY | STATE | ZIP |
|---|---|---|---|---|---|
| IAN DUFF | ON FILE | | | | |
| IAN JENSEN | ON FILE | | | | |
| IRVIN AMISCUA | ON FILE | | | | |
| ISAAC COLE | ON FILE | | | | |
| ISAIAH BEHYMER | ON FILE | | | | |
| JACOB HEIM | ON FILE | | | | |
| JAMAR LONG | ON FILE | | | | |
| JAMES ANDERSON | ON FILE | | | | |
| JAMES FIEDLER | ON FILE | | | | |
| JAMES WALKER | ON FILE | | | | |
| JAN REID | ON FILE | | | | |
| JARED SEEGMILLER | ON FILE | | | | |
| JASON ACKERMAN | ON FILE | | | | |
| JASON ADEKOYA | ON FILE | | | | |
| JASON GOKEI | ON FILE | | | | |
| JASON HARSH | ON FILE | | | | |
| JASON LUTHER | ON FILE | | | | |
| JASON PEABODY JR | ON FILE | | | | |
| JASON PUGLIANO | ON FILE | | | | |
| JASON WATTS | ON FILE | | | | |
| JAVON BOLDEN | ON FILE | | | | |
| JAY PEAK | ON FILE | | | | |
| JEFFREY CRAWFORD | ON FILE | | | | |
| JEREMY BERRY-PROPST | ON FILE | | | | |
| JEREMY SEXTON | ON FILE | | | | |
| JESSE ALVERSON | ON FILE | | | | |
| JESSE ARREDONDO | ON FILE | | | | |
| JESSICA OSSO | ON FILE | | | | |
| JESSICA SCHINDLER | ON FILE | | | | |
| JESUS ESPARAZA JR | ON FILE | | | | |
| JOANNE TOLAND | ON FILE | | | | |
| JOHN FOLTZ | ON FILE | | | | |
| JOHN KNUTSON | ON FILE | | | | |
| JOHN LYNCH | ON FILE | | | | |
| JOHN POSEY | ON FILE | | | | |
| JOHN WALLS | ON FILE | | | | |
| JOHNATHAN BREWTON | ON FILE | | | | |
| JOHNNY CABALLERO | ON FILE | | | | |

In re: Celsius Network LLC, *et al.*
Case No. 22-10964 (MG)



**Exhibit D**
Served via First-Class Mail

| NAME | ADDRESS 1 | ADDRESS 2 | CITY | STATE | ZIP |
|---|---|---|---|---|---|
| JOHNNY LANCE NEKUDA | ON FILE | | | | |
| JON MAPES | ON FILE | | | | |
| JONATHAN MEEKS | ON FILE | | | | |
| JORDAN GREGSON | ON FILE | | | | |
| JORDAN HAYBARGER | ON FILE | | | | |
| JORDAN MAST | ON FILE | | | | |
| JORDAN MCMAHON | ON FILE | | | | |
| JORGE BENCOMO | ON FILE | | | | |
| JOSE GUADALUPE CRUZ | ON FILE | | | | |
| JOSEPH CALHOUN | ON FILE | | | | |
| JOSEPH PAUL | ON FILE | | | | |
| JOSEPH WALEWSKI | ON FILE | | | | |
| JOSH ARBAUGH | ON FILE | | | | |
| JOSH BEAR | ON FILE | | | | |
| JOSH JACOBSON | ON FILE | | | | |
| JOSH THUROW | ON FILE | | | | |
| JOSHUA BEARD | ON FILE | | | | |
| JOSHUA BUREN | ON FILE | | | | |
| JOSHUA CHANDRA | ON FILE | | | | |
| JOSHUA CHROMIAK | ON FILE | | | | |
| JOSHUA JONES | ON FILE | | | | |
| JOSHUA MARKOE | ON FILE | | | | |
| JOSHUA PARKER | ON FILE | | | | |
| JOSHUA SOLOMON | ON FILE | | | | |
| JOSHUA WHITE | ON FILE | | | | |
| JOSHUA WISEMAN | ON FILE | | | | |
| JUAN CAMARGO | ON FILE | | | | |
| JULES BROVONT | ON FILE | | | | |
| JULIA GEARHART | ON FILE | | | | |
| JULIAN SANDOVAL | ON FILE | | | | |
| JUSTIN CHOE | ON FILE | | | | |
| JUSTIN LUEDEKE | ON FILE | | | | |
| JUSTIN PHILLIPS | ON FILE | | | | |
| JUSTIN TROMBLEY | ON FILE | | | | |
| KAI NGUYEN | ON FILE | | | | |
| KAMALJEET SINGH | ON FILE | | | | |
| KANESHA SAMUEL | ON FILE | | | | |
| KATELYN COWAN | ON FILE | | | | |

In re: Celsius Network LLC, *et al.*
Case No. 22-10964 (MG)



**Exhibit D**
Served via First-Class Mail

| NAME | ADDRESS 1 | ADDRESS 2 | CITY | STATE | ZIP |
|------|-----------|-----------|------|-------|-----|
| KAZI, EISSA | ON FILE | | | | |
| KAZUKI FUJII | ON FILE | | | | |
| KENDALL, MARK | ON FILE | | | | |
| KENT ARMSTRONG | ON FILE | | | | |
| KEVIN BANAS | ON FILE | | | | |
| KEVIN FRANCIS | ON FILE | | | | |
| KEVIN LUANGRATH | ON FILE | | | | |
| KEVIN SEGAL | ON FILE | | | | |
| KOLTON SMITH | ON FILE | | | | |
| KRISTOPHER JUAREZ | ON FILE | | | | |
| KURT WUCKERT JR | ON FILE | | | | |
| KYLE NICHOLS-SCHMOLZE | ON FILE | | | | |
| LAKEYIA BAYNHAM | ON FILE | | | | |
| LAMESHA ROWE | ON FILE | | | | |
| LANE KEETH | ON FILE | | | | |
| LEAFE ERIKSEN-WEDMORE | ON FILE | | | | |
| LEIGHTON SOSEBEE | ON FILE | | | | |
| LESTER BAKER | ON FILE | | | | |
| LEVIN, ROBERT E | ON FILE | | | | |
| LINDA LIN | ON FILE | | | | |
| LOABAT AMIRI | ON FILE | | | | |
| LOC TRUYEN VAN | ON FILE | | | | |
| LOGAN SHIELDS | ON FILE | | | | |
| LOREN THOMAS | ON FILE | | | | |
| LUIS GUERRERO | ON FILE | | | | |
| LUIS RODRIGUEZ | ON FILE | | | | |
| LUKE WILLIAM CURE | ON FILE | | | | |
| LVC USA INC. | 3101 PARK BLVD | | PALO ALTO | CA | 94306-2233 |
| MADISON GORETOY | ON FILE | | | | |
| MALLEY, ADAM | ON FILE | | | | |
| MANDEEP DHILLON | ON FILE | | | | |
| MANISH GHALE | ON FILE | | | | |
| MANUEL SOTO | ON FILE | | | | |
| MARCUS BORTMAN | ON FILE | | | | |
| MARCUS RUTH | ON FILE | | | | |
| MARIETTE LEGBRE | ON FILE | | | | |
| MARK HWANG | ON FILE | | | | |
| MARK PECK | ON FILE | | | | |



**Exhibit D**
Served via First-Class Mail

| NAME | ADDRESS 1 | ADDRESS 2 | CITY | STATE | ZIP |
|------|-----------|-----------|------|-------|-----|
| MARQUIS MCMILLAN | ON FILE | | | | |
| MARY NAGLE | ON FILE | | | | |
| MARYANN SANTOS | ON FILE | | | | |
| MASON CANO | ON FILE | | | | |
| MATHEAU MOORE | ON FILE | | | | |
| MATT ALLEMAND | ON FILE | | | | |
| MATTHEW BARTON | ON FILE | | | | |
| MATTHEW BEEMSTERBOER | ON FILE | | | | |
| MATTHEW GRAVIS | ON FILE | | | | |
| MATTHEW NIENOW | ON FILE | | | | |
| MATTHEW SCHWARTZ | ON FILE | | | | |
| MAX CRANLEY | ON FILE | | | | |
| MAX DWYER | ON FILE | | | | |
| MAYA GAVASHELI | ON FILE | | | | |
| MCARTHUR MENTOR | ON FILE | | | | |
| MCKINLEY OLSEN | ON FILE | | | | |
| MEKAIL SAJAN | ON FILE | | | | |
| MELCHEZIDEK SIMS | ON FILE | | | | |
| MELISSA WARD JOHNS | ON FILE | | | | |
| MELVIN BRUGGEMAN | ON FILE | | | | |
| MICHAEL ATLER | ON FILE | | | | |
| MICHAEL CHRISTENSEN | ON FILE | | | | |
| MICHAEL DAW | ON FILE | | | | |
| MICHAEL DOYLE | ON FILE | | | | |
| MICHAEL GIBBS | ON FILE | | | | |
| MICHAEL LOHR | ON FILE | | | | |
| MICHAEL MCNEW | ON FILE | | | | |
| MICHAEL THOMAS | ON FILE | | | | |
| MICHELLE LEWIS | ON FILE | | | | |
| MIGUEL RIOS | ON FILE | | | | |
| MIHIR SHAH | ON FILE | | | | |
| MIKE BUTLER | ON FILE | | | | |
| MITCHELL, JADE | ON FILE | | | | |
| MONICA DULDULAO | ON FILE | | | | |
| NATALIE EPA | ON FILE | | | | |
| NATALIE TOLLIVER | ON FILE | | | | |
| NATHAN JACOBSON | ON FILE | | | | |
| NATHAN KJER | ON FILE | | | | |

In re: Celsius Network LLC, *et al.*
Case No. 22-10964 (MG)



**Exhibit D**
Served via First-Class Mail

| NAME | ADDRESS 1 | ADDRESS 2 | CITY | STATE | ZIP |
|------|-----------|-----------|------|-------|-----|
| NATHAN RYAN MORGAN | ON FILE | | | | |
| NATHAN SHIFFLER | ON FILE | | | | |
| NATHANIEL MCLAUGHLIN | ON FILE | | | | |
| NATHANIEL OBERHOLZER | ON FILE | | | | |
| NEEL CHOWDHARY | ON FILE | | | | |
| NEIL DERAMCHI | ON FILE | | | | |
| NICHOLAS EASEVOLI | ON FILE | | | | |
| NICHOLAS LEE ERRITT | ON FILE | | | | |
| NICHOLAS MADDEN | ON FILE | | | | |
| NICK STONE | ON FILE | | | | |
| NIJA WALKER | ON FILE | | | | |
| NIKO NIU | ON FILE | | | | |
| NNAMDI OKORAFOR | ON FILE | | | | |
| NUSOURCES | 586 VALLEY RD | | WAYNE | NJ | 07470-3526 |
| OCTAVIO HOYOS | ON FILE | | | | |
| OMAR CHACON | ON FILE | | | | |
| PALMER FREDERICK MITCHELL | ON FILE | | | | |
| PARIS FLORES | ON FILE | | | | |
| PATRICIA CARNAGO | ON FILE | | | | |
| PATRICK MACHADO | ON FILE | | | | |
| PATRICK SCHNEIDER | ON FILE | | | | |
| PAUL DAVIS | ON FILE | | | | |
| PAUL PICKMANS | ON FILE | | | | |
| PAVAN SETHI | ON FILE | | | | |
| PETER KLU | ON FILE | | | | |
| PETER MCDERMOTT | ON FILE | | | | |
| POSTMATES | 950 23RD ST | | SAN FRANCISCO | CA | 94107-3401 |
| PRINTABILITY | 26 SHAWNEE WAY | STE L | BOZEMAN | MT | 59715-7699 |
| QIUYE SI | ON FILE | | | | |
| QUAILIN PERRY | ON FILE | | | | |
| QUINTON CARTER | ON FILE | | | | |
| RAFAEL FERNANDES NOVO | ON FILE | | | | |
| RANDALL YOST | ON FILE | | | | |
| RAPHAEL PORTES | ON FILE | | | | |
| REGINA CAVALHEIRO | ON FILE | | | | |
| REGINA JEFFERIES | ON FILE | | | | |
| REGUS MANAGEMENT GROUP, LLC | 15305 DALLAS PKWY | STE 1200 | ADDISON | TX | 75001-6423 |
| RENE MAHOMED | ON FILE | | | | |



**Exhibit D**
Served via First-Class Mail

| NAME | ADDRESS 1 | ADDRESS 2 | CITY | STATE | ZIP |
|---|---|---|---|---|---|
| RENGARAJAN SADAGOPAN | ON FILE | | | | |
| RETOOL INC | 1550 BRYANT ST | STE 800 | SAN FRANCISCO | CA | 94103-4859 |
| REYNALDO PADILLA | ON FILE | | | | |
| RICHARD JOHN GOULD | ON FILE | | | | |
| RICHARD KLINNERT | ON FILE | | | | |
| RICHARD LEON | ON FILE | | | | |
| RICHARD NYE | ON FILE | | | | |
| RICHARD REES | ON FILE | | | | |
| RIDGE HOSTETTER | ON FILE | | | | |
| ROBERT HOSKING | ON FILE | | | | |
| ROBERT LIBERMAN | ON FILE | | | | |
| ROBERT WILD | ON FILE | | | | |
| ROBERT ZIPPRO | ON FILE | | | | |
| ROBERTO MARTINEZ | ON FILE | | | | |
| ROBERTO RODRIGUEZ | ON FILE | | | | |
| ROSEWOOD HOTEL | 9220 W SUNSET BLVD | STE 301 | W HOLLYWOOD | CA | 90069-3503 |
| RUBEN MEJIA | ON FILE | | | | |
| RUBYTUESDAY | 216 E CHURCH AVE | | MARYVILLE | TN | 37804-5738 |
| RUSSELL STEPHENSON | ON FILE | | | | |
| RYAN BUNTING | ON FILE | | | | |
| RYAN ERICKSON | ON FILE | | | | |
| RYAN NELSON | ON FILE | | | | |
| RYAN WILSON | ON FILE | | | | |
| RYAN, KRISTEN | ON FILE | | | | |
| SACHCHIT MURALI | ON FILE | | | | |
| SAVAGE, KYLE | ON FILE | | | | |
| SCHOFIELD, JAY | ON FILE | | | | |
| SHERSHNEVA, EKATERINA | ON FILE | | | | |
| SLOANE, HEIDI | ON FILE | | | | |
| STEINBERG, SHAI | ON FILE | | | | |
| STONE, WESLEY | ON FILE | | | | |
| TASKRABBIT | PO BOX 503225 | | ATLANTA | GA | 30353-0225 |
| TAYLOR, SCOTT | ON FILE | | | | |
| THE MILLION ROSES | 2914 LEONIS BLVD | | VERNON | CA | 90058-2916 |
| UPWORK | 655 MONTGOMERY ST | STE 490 | SAN FRANCISCO | CA | 94111-2676 |
| UXCAM INC. | 6250 CYPRESS AVE | | EL CERRITO | CA | 94530-2117 |
| VAN, GRETA | ON FILE | | | | |
| WALKER, AJAH | ON FILE | | | | |

**Exhibit D**

Served via First-Class Mail

| NAME | ADDRESS 1 | ADDRESS 2 | CITY | STATE | ZIP |
|------|-----------|-----------|------|-------|-----|
| WOLFSON, GREG | ON FILE | | | | |
| WOLSTENHOLME, MACGREGOR | ON FILE | | | | |
| ZOELLER, ARIELLE | ON FILE | | | | |