**WHITE & CASE LLP**
David M. Turetsky
Keith H. Wofford
Samuel P. Hershey
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile:  (212) 354-8113
Email:  david.turetsky@whitecase.com
         kwofford@whitecase.com
         sam.hershey@whitecase.com

**WHITE & CASE LLP**
Aaron E. Colodny (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, California 90071
Telephone: (213) 620-7700
Facsimile:  (213) 452-2329
Email:  aaron.colodny@whitecase.com

**WHITE & CASE LLP**
Michael C. Andolina (admitted *pro hac vice* pending)
Gregory F. Pesce (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone: (312) 881-5400
Facsimile:  (312) 881-5450
Email:  mandolina@whitecase.com
         gregory.pesce@whitecase.com

*Proposed Counsel to the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' OBJECTION TO CREDITOR DANIEL A. FRISHBERG'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

The Official Committee of Unsecured Creditors (the "**Committee**") appointed in the cases of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") respectfully states as follows in support of this objection to the *Motion for Relief for an Exemption From the Automatic Stay* [Docket No. 342] (the "**Motion**"):

## Objection

1. Mr. Frishberg seeks relief from the automatic stay to pursue a lawsuit that he filed in small claims court in Hillsborough County, Florida three days before the Debtors filed for chapter 11 relief in this Court. In that action, Mr. Frishberg asserted claims for breach of contract against debtor Celsius Networks, LLC ("**Celsius**") for its failure to honor his demand to close his Earn account following the Pause in July 2022.[2] *See Decl. of Chris Ferraro in Support of Debtors' Objection to Motion for Relief from Automatic Stay* [D.I. 610], Ex. A (the "**Frishberg Claim**").

2. The Committee objects to the Motion because it fails to demonstrate cause to justify allowing Mr. Frishberg's state court action to proceed and because granting the Motion would prejudice efforts to maximize value for the benefit of all account holders and unsecured creditors. The state court action and the Frishberg Claim raise serious allegations against Celsius that are similar (if not identical) to those raised by other account holders who have asserted (or will assert) claims against the Debtors. The Committee shares the frustrations of all account holders and creditors whose lives have been disrupted by the Debtors' actions. Those claims, and the issues that give rise to them, should be adjudicated in this Court rather than disparate courts around the country (and potentially the world). One of the fundamental purposes of bankruptcy is to bring all claims and claimants to a centralized forum that is specifically equipped to maximize and equitably

---

[2] Where context require, capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such term in the *Declaration of Alex Mashinsky, Chief Executive Officer of Celsius Network LLC, in Support of Chapter 11 Petitions and First Day Motions* [D.I. 23] (the "**Mashinsky Declaration**").

distribute the Debtors' estate for the benefit of all stakeholders. *See In re Ionosphere Clubs, Inc.*, 922 F.2d 984, 989 (2d Cir. 1990). Allowing claims to be adjudicated outside of this Court would undermine efforts to maximize the Debtors' value for the benefit of all account holders and unsecured creditors, particularly given the overlap of issues among the Debtors' account holders. Thus, to the extent Mr. Frishberg wishes to assert a claim against the Debtors for breach of contract, he should file that claim in this Court.[3] The Court should deny Mr. Frishberg's motion for relief from the automatic stay.[4]

3.      Mr. Frishberg's claim raises serious allegations against Celsius, which the Committee is currently investigating and are the subject of formal requests to produce documents under Bankruptcy Rule 2004 that were served by the Committee on the Debtors and Alex Mashinsky on August 19, 2022. Docket No. 578; 579. The Committee has demanded, among many other things, all documents and communications related to the Pause and all documents and communications related to the "poor asset deployment decisions" referenced Mr. Mashinsky's declaration and the specific losses mentioned in Mr. Frishberg's claim. *See* Mashinsky Decl. ¶ 10; Frishberg Claim at 3. The Committee is being thorough, taking nothing for granted, and not simply accepting any fact or figure provided by the Debtors. The Debtors have promised to cooperate in the Committee's investigation and have been working constructively with the Committee to

---

[3] At the time of this filing the Debtors have not filed a motion to establish a bar date in these Chapter 11 Cases. No creditor has missed any deadline to file a proof of claim. The Committee will ensure that all account holders and unsecured creditors receive timely notice of any deadline to file claims. Prior to the establishment of a formal claims bar date, all account holders and creditors are entitled to submit a proof of claim related to any claims involving the Debtors. Account holders and creditors should refer to the procedures set forth on the Debtors' claims and noticing website before doing so, which can be accessed at the following link: https://cases.stretto.com/celsius/claims/.

[4] Mr. Frishberg filed a notice of hearing with respect to the Motion on August 23, 2022 (*i.e.* 2 days before the stated objection deadline). Docket No. 590. The Committee is filing this Objection as soon as practicable given the inappropriately short notice. To the extent account holders or creditors seek relief from this Court, they should be sure to follow the Case Management Procedures entered by the Court in these chapter 11 cases, including the requirement to file a notice of hearing. The Case Management Procedures can be accessed free of charge at the following link: Final Case Management Procedures.

promptly produce the documents and information the Committee seeks. *See* Docket No. 616. To the extent the Debtors drag their feet or fail to cooperate, the Committee intends to promptly bring the matter before the Court. Accordingly, the relief sought in the Motion is not needed to advance the resolution of these issues and the Committee believe that such relief would have the opposite effect.

4. Finally, in their objection to the Motion, the Debtors note that they are exploring restructuring alternatives with the UCC. *See* Docket No. 609 at 5. The Committee does not believe that it is appropriate to comment on any confidential discussions that it has had with the Debtors at this time. That said, the Committee does not want to mince words: the Committee has not reached any agreement with the Debtors or any other party on the terms of a potential restructuring or other resolution of these chapter 11 cases. To be clear, the Committee is open—and has a fiduciary duty—to consider any and all restructuring options, in whatever form, from whatever party, that will provide a prompt, value-maximizing outcome to account holders and unsecured creditors. The Committee has sought to retain its own professionals (including counsel, an investment banker, a financial advisor, and a blockchain consultant) to ensure that account holders and general unsecured creditors do not need to rely on the Debtors or their advisors to engage with potential plan sponsors, acquirers, or other investors. The Committee has already provided feedback to interested parties so they can effectively engage with the Debtors during their exclusive periods. The Committee has pushed the Debtors to consider all restructuring alternatives and will continue to do so; its fiduciary duties require nothing less.

WHEREFORE, the Committee respectfully requests that the Court sustain this Objection, deny the Motion and grant such other relief as is appropriate.

Dated: August 26, 2022
      New York, New York

/s/ *Aaron Colodny*

**WHITE & CASE LLP**
David M. Turetsky
Keith H. Wofford
Samuel P. Hershey
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
Email: david.turetsky@whitecase.com
       kwofford@whitecase.com
       sam.hershey@whitecase.com

– and –

**WHITE & CASE LLP**
Michael C. Andolina (admission *pro hac vice* pending)
Gregory F. Pesce (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone: (312) 881-5400
Facsimile: (312) 881-5450
Email: mandolina@whitecase.com
       gregory.pesce@whitecase.com

– and –

**WHITE & CASE LLP**
Aaron E. Colodny (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, California 90071
Telephone: (213) 620-7700
Facsimile: (213) 452-2329
Email: aaron.colodny@whitecase.com

*Proposed Counsel to the Official Committee of Unsecured Creditor*