Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:     (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:     (312) 862-2200

*Proposed Counsel to the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**DEBTORS' REPLY TO THE LETTER REGARDING THE DEBTORS' RETENTION OF KIRKLAND & ELLIS LLP AND KIRKLAND & ELLIS INTERNATIONAL LLP**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby file this reply (this "Reply") to a letter from C. Marsh to the Honorable Judge Martin Glenn, Chief Judge of the United States Bankruptcy Court for the Southern District of New York, dated July 26, 2022 [Docket No. 561] (the "Letter"). The Debtors separately received a formal objection to the retention of Kirkland and Ellis LLP and Kirkland & Ellis International LLP (collectively, "Kirkland") as one of the professionals covered in the *Omnibus Objection to Debtors' Retention Application* [Docket No. 601] (the "U.S. Trustee Objection"). That objection

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

is separately addressed in the *Debtors' Reply to the Objection of the United States Trustee to Debtors' Motion Pursuant to Section 107 of the Bankruptcy Code Seeking Entry of an Order (I) Authorizing the Debtors to Redact Certain Personally Identifiable Information from the Creditor Matrix, Schedules and Statements, and Related Documents*, filed contemporaneously herewith. In addition to the separately addressed U.S. Trustee Objection, the Debtors received certain informal comments from the U.S. Trustee, and have worked with the office of the U.S. Trustee to resolve all such comments. Following that resolution of all informal comments, the Debtors provided additional disclosures in response to requests made by the U.S. Trustee in accordance with Bankruptcy Rules 2014(a) and 2016(b) in the *Debtors' First Supplemental Declaration of Patrick J, Nash, Jr. in Support of the Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtors and Debtors in Possession Effective as of July 13, 2022* [Docket No. 629] (the "Supplemental Declaration") and have filed a revised proposed *Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtors and Debtors In Possession Effective as of July 13, 2022* [Docket No. 628]. In support of this Reply, the Debtors respectfully state as follows:[2]

### Reply

1. Mr. Marsh's letter is misplaced; Kirkland's retention should be approved. Kirkland is disinterested as that term is defined in section 101(14) of the Bankruptcy Code and Kirkland does not hold or represent any interest adverse to these chapter 11 estates. *See* 11 U.S.C. § 327(a).

---

[2] Capitalized terms used but not defined herein shall have the meanings set forth in the *Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtors and Debtors in Possession Effective as of July 13, 2022*, filed August 4, 2022 [Docket No. 360] (the "Application").

Further, despite Mr. Marsh's allegations to the contrary, Voyager and Celsius do not have a material, overlapping interest.

2. In the Letter, Mr. Marsh asserts that a conflict of interest exists in relation to Kirkland's concurrent representation of the Debtors in these chapter 11 cases and the debtors in *In re Voyager Digital Holdings, Inc., et al.* No. 22-10943 (MEW). Among other things, Mr. Marsh asserts that "the Debtors have prior known and potentially ongoing conflicting business interests in both cases." *See* Letter, p. 1. Further, Mr. Marsh casts doubt on Kirkland's "ability to be impartial and act independently…," and requests the Court "proceed by insisting [upon] a strict firewall between the Counsel representing "Voyager" and the Counsel representing "Celsius" be established and that Mr. Sussberg be conflicted out of one of [these] two proceedings entirely." *See* Letter, pp. 1-2. Any alleged conflict is without basis and Mr. Marsh's request should be denied.

3. ***First***, there are no "conflicting business interests" simply because the Debtors and Voyager are both cryptocurrency companies. Speculative conflicts are no basis for disqualification; rather, an actual conflict must exist. *In re Ampal-Am. Israel Corp.*, 534 B.R. 569, 581 (Bankr. S.D.N.Y. 2015) (finding that under section 327 of the Bankruptcy Code, a professional cannot be disqualified from employment unless an actual conflict of interest exists). An actual conflict of interest is "an active competition between two interests, in which one interest can only be served at the expense of the other." *In re Diva Jewelry Design, Inc.,* 367 B.R. 463, 472 (Bankr. S.D.N.Y. 2007) (quoting *In re Mercury,* 280 B.R. 35, 54 (Bankr. S.D.N.Y. 2002)); *see In re Granite Partners, L.P.,* 219 B.R. 22, 33 (Bankr. S.D.N.Y. 1998) ("An actual conflict involves the representation of 'two presently competing and adverse

3

interests,' while a potential conflict occurs where the competition 'may become active if certain contingencies arise.'").

4.     There is no actual conflict arising from Kirkland's and—in particular—Mr. Sussberg's zealous representation of the Debtors in these chapter 11 cases and the zealous representation of Voyager in its chapter 11 cases. As disclosed in the Nash Declaration and the Supplemental Declaration, "Kirkland has not represented, and will not represent, the Debtors adverse to Voyager during the pendency of Voyager's bankruptcy cases" and "Kirkland has not represented, and will not represent, Voyager adverse to the Debtors during the pendency of these chapter 11 cases." *See* Nash Declaration, ¶ 56; Supplemental Declaration, ¶ 9; *see also In re Voyager Digital Holdings, Inc., et al.*, No. 22-10943 (MEW) [Docket No. 201] ("Kirkland has not represented, and will not represent, the Debtors adverse to Celsius during the pendency of Celsius' bankruptcy proceedings. Similarly, Kirkland has not represented, and will not represent, Celsius adverse to the Debtors during the pendency of these chapter 11 cases."). The bankruptcy court in Voyager's chapter 11 cases authorized the retention and employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as attorneys for the debtors. See *In re Voyager Digital Holdings, Inc., et al.*, No. 22-10943 (MEW) [Docket No. 234]. Accordingly, Kirkland's current representation of Voyager does not preclude Kirkland from meeting the disinterestedness standard under the Bankruptcy Code in its representation of the Debtors or in these cases generally. Further, Kirkland has taken affirmative steps to make sure that no speculative conflicts materialize into any future conflicts by representing that Kirkland will not represent either company adverse to the other during the pendency of their respective chapter 11 cases. Moreover, Kirkland obtained advance waivers from the Debtors and Voyager in connection with its representation of each.

4

5.      ***Second***, it makes no difference that the Debtors have "business interests in both cases." Contrary to Mr. Marsh's implication that Celsius manages a portion of Voyager's digital assets, any overlapping business interests between the Debtors and Voyager are not significant by any account and do not raise any actual conflicts. Voyager has been a customer with deposits held by the Debtors and has maintained two deposit accounts on the Celsius platform—one that was opened in 2019 and another that was opened in 2020. Both accounts were substantially withdrawn upon prior to the Petition Date and the current value of the accounts is now approximately $11,300.

6.      Moreover, representing competitors in unrelated matters is the modern practice of law and occurs frequently in the chapter 11 context. Courts in this district and others routinely approve the retention of law firms in large chapter 11 bankruptcies notwithstanding their representations of competitors or other entities in the same industry. *See, e.g., In re Voyager Digital Holdings, Inc., et al.*, No. 22-10943 (MEW) (Bankr. S.D.N.Y. July 5, 2022) [Docket No. 234] (approving the retention of Kirkland notwithstanding Kirkland's current representation of Celsius Network LLC); *In re Frontier Communications Corporation, et al.*, No. 20-22476 (RDD) (Bankr. S.D.N.Y. Apr. 14, 2020) [Docket No. 377] (approving Kirkland's retention notwithstanding Kirkland's representation as counsel for Windstream Holdings Inc., and Charter Communications Inc.); *In re Aegean Marine Petroleum Network Inc., et al.*, No. 18-13374 (MEW) (Bankr. S.D.N.Y. Nov. 6, 2018) [Docket No. 219] (approving Kirkland's retention notwithstanding Kirkland's current representation of vendors of the debtor in unrelated matters); *In re Nine West Holdings, Inc., et al.*, No. 18-10947 (SCC) (Bankr. S.D.N.Y. Apr. 6, 2018) [Docket No. 455] (approving Kirkland's retention notwithstanding Kirkland's concurrent representation of holders of funded debt in unrelated matters); *In re Sabine Oil & Gas Corporation, et al.*, No. 15-11835 (SCC) (Bankr. S.D.N.Y. July 15, 2015) [Docket No. 319]

(approving Kirkland's retention notwithstanding Kirkland's current representation of vendors of the debtor in unrelated matters). As noted above, Kirkland is not representing the Debtors or Voyager in relation to any adverse or competitive issues. Further, the Debtors paused all withdrawals, swaps, and transfers on its platform in the weeks leading up to these chapter 11 cases. To the extent that the Debtors have historically competed against Voyager for users and business, such operations have been suspended indefinitely, undermining the notion that the Debtors and Voyager are currently competitors. As a result, a "strict firewall" between attorneys working on either matter is not necessary and Kirkland is both disinterested and does not hold or represent any interest adverse to either the Debtors or Voyager in its representations.

7. In sum, the allegations outlined in the Letter are without merit and offer nothing but unsupported speculation. Accordingly, the objection set forth in the Letter should be overruled, and the Application should be approved.

[*The reminder of this page is intentionally left blank.*]

WHEREFORE, for all of the foregoing reasons, the objection raised in the Letter should be overruled, and the relief sought in the Application should be granted.

| | |
|---|---|
| New York, New York<br>Dated: August 30, 2022 | /s/ Joshua A. Sussberg<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C.<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:    (212) 446-4800<br>Facsimile:    (212) 446-4900<br>Email:         jsussberg@kirkland.com<br><br> - and -<br><br>Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)<br>Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Telephone:    (312) 862-2000<br>Facsimile:    (312) 862-2200<br>Email:         patrick.nash@kirkland.com<br>                   ross.kwasteniet@kirkland.com<br><br>*Proposed Counsel to the Debtors and*<br>*Debtors in Possession* |