Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Proposed Counsel to the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) Case No. 22-10964 (MG) |
| Debtors. | ) (Jointly Administered) |
| | ) **Re:  Docket Nos. 18, 344, 399, 601, 607** |

**DEBTORS' OMNIBUS REPLY**
**TO THE U.S. TRUSTEE'S OBJECTIONS**
**TO CERTAIN OF THE DEBTORS' REQUESTS TO REDACT**
**CERTAIN PERSONALLY IDENTIFIABLE INFORMATION OF INDIVIDUALS AND**
**UNITED KINGDOM AND EUROPEAN UNION MEMBER COUNTRIES' CITIZENS**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this omnibus reply (this "Reply") to the *Omnibus Objection to Debtors' Retention Applications* [Docket No. 601] (the "Retention Objection") and the amended *Objection of the United States Trustee to Debtors' Motion Pursuant to Section 107 of the Bankruptcy Code Seeking Entry of an Order (I) Authorizing the Debtors to Redact Certain Personally Identifiable Information from the*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

*Creditor Matrix, Schedules and Statements, and Related Documents* [Docket No. 607] (the "Sealing Objection" and, together with the Retention Objection, the "Objections") filed by the United States Trustee for the Southern District of New York (the "U.S. Trustee") and in further support of the *Debtors' Ex Parte Motion Pursuant to Section 107 of the Bankruptcy Code Seeking Entry of an Order (I) Authorizing the Debtors to Redact Certain Personally Identifiable Information from the Creditor Matrix, Schedules and Statements, and Related Documents and (II) Granting Related Relief* [Docket No. 344] (the "Motion").[2] The Debtors request that the Objections be overruled and state the following in further support of the Motion:

## Preliminary Statement

1. Disclosure, transparency, and public access to court records are among the most fundamental building blocks of the chapter 11 process. The Debtors do not dispute this. But, as courts in this and other jurisdictions have recognized, there are circumstances that may arise in a bankruptcy case where absolute, unlimited publication of information on the docket would do significantly more harm than good to a debtor's estates and its stakeholders. In such circumstances, it is appropriate for a debtor to seek (as the Debtors have by filing the Motion) an exception to the general rules, as allowed by section 107 of the Bankruptcy Code, while still providing the necessary disclosures.

2. In the Objections, the U.S. Trustee ignores the heightened security risks at issue in these chapter 11 cases and instead insists that the Motion is motivated by the Debtors' "lack of transparency." Importantly, the U.S. Trustee fails to advance any argument that redaction is not warranted here under section 107(c) of the Bankruptcy Code. Instead, the U.S. Trustee chooses to argue, falsely, that the Debtors are seeking the authority to file "incomplete" Schedules and

---

[2] Capitalized terms not otherwise defined herein are given the meanings ascribed to them in the Motion.

2

Statements and to avoid complying with section 327 of the Bankruptcy Code. Nowhere in the Motion, this Reply, or any other pleading, do the Debtors seek this relief. The U.S. Trustee's continued insistence that the Debtors have a "transparency problem" in public fora is an inaccurate recitation of the facts and proving detrimental to the Debtors' good faith attempts to reorganize.

3. To be clear, the Debtors are only seeking to redact from any paper filed publicly on the docket (a) the home addresses and email addresses of any citizens of the United States located in the United States, including the Debtors' employees, individual shareholders, and individual customers, and (b) the names, home addresses, and email addresses of any citizens of the United Kingdom or European Economic Area member countries and any individual whose citizenship is unknown.[3] Moreover, the Debtors **will maintain unredacted, fully populated copies** of the Creditor Matrix, Schedules and Statements, and other documents filed on the docket that redact the information noted above, but will file on the docket (both on PACER and the case website on the platform of Stretto) a version that replaces individuals' home addresses, email addresses, and names (where applicable) with the notation "Address on File." Finally, as explained in the Motion, the Debtors **have provided or will provide all unredacted, fully populated documents** to the Court, the U.S. Trustee, and counsel to the Committee.

4. The Debtors are not seeking permission from the Court to implement these measures to avoid being "transparent." Rather, the Debtors are seeking authority from the Court,

---

[3] The Debtors have filed the *Debtors' Motion Pursuant to Section 107 of the Bankruptcy Code Seeking Entry of an Order (I) Authorizing the Debtors to (A) Redact Individual Names and (B) Implement an Anonymized Identification Process and (III) Granting Related Relief* (the "Account Redaction Motion") contemporaneously herewith. Pursuant to the Account Redaction Motion, the Debtors are seeking the authority to (i) redact individual names from any documents filed publicly on the docket, including in the Debtors' Schedules and Statements, to the extent such names are provided in connection with account balances and (ii) implement an anonymized process by which to identify individuals in connection with account balances on any documents filed publicly on the docket, including in the Debtors' Schedules and Statements. The Account Redaction Motion is being noticed for a hearing on September 14, 2022, at 2:00 p.m., prevailing Eastern Time.

as permitted by the Bankruptcy Code, to put in place a process that allows for the Debtors to both comply with the requirements of the Bankruptcy Code and Bankruptcy Rules and to avoid placing the physical and/or economic security of countless individuals at risk and violating the UK GDPR and EU GDPR.

5.  This approach to public access is a rational solution and is warranted because of (a) the serious risk that publishing the home addresses, email addresses, and names (where applicable) of unknowing individuals would create, particularly given the unique circumstances of these chapter 11 cases, as demonstrated by the exhibits attached to the Motion,[4] and (b) the limited role that publicly filing those home addresses, email addresses, and names (where applicable) play in these chapter 11 cases. Granting access to, rather than publication of, home addresses, email addresses, and names (where applicable) further avoids exacerbating any potential threats faced by the Debtors' employees, or other individuals, and aligns with the requirements of the UK GDPR and the EU GDPR.

6.  The Debtors request that the Court overrule the Objections and grant the relief requested in the Motion.

## Reply

### I. Section 107(b) of the Bankruptcy Code Requires the Court to Protect the Debtors from the Disclosure of Confidential Commercial Information in Pleadings Filed on the Docket.

7.  The Debtors have provided sufficient evidence that the home addresses and email addresses of the Debtors' customers constitute confidential commercial information under section 107(b) of the Bankruptcy Code. Section 107(b) of the Bankruptcy Code provides bankruptcy courts with authority to issue orders that will protect entities from potential harm that may result

---

[4] *See also* Bixler Decl. ¶¶ 7, 8.

4

from the disclosure of certain confidential information. *See generally* 11 U.S.C. § 107(b). Pursuant to Bankruptcy Rule 9018, upon motion, "the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018.

8.  At least one court has found that a debtor's customer list, particularly in the cryptocurrency industry, is confidential commercial information that may be redacted pursuant to section 107(b) of the Bankruptcy Code. *See Order Authorizing Debtors to Redact or Withhold Publication of Certain Personal Identification Information on a Final Basis and File Such Information Under Seal*, *In re Cred Inc.*, No. 20-12836 (JTD) (Bankr. D. Del. Dec. 21, 2020) [Docket No. 264], a copy of which is attached hereto as **Exhibit A**; *see also In re Nunn*, 49 B.R. 963, 965 (Bankr. E.D. Va. 1985) (finding that where a customer list is the only "real asset" of a debtor such customer list is entitled to protection under section 107(b)). Here, the U.S. Trustee misconstrues the Debtors' section 107(b) request and argues that the names and contact information of the Debtors' customers should not be redacted because the Debtors' privacy policy allows the Debtors to use such information for legitimate business purposes and because the Debtors do not seek to redact every customer's name. *See* Sealing Obj. ¶¶ 19, 23–26.

9.  ***First***, simply because the Debtors ***may*** disclose certain Personal Information (as defined in the Privacy Policy) to limited third parties in specific circumstances does not mean that such Personal Information is not confidential commercial information worthy of redaction under section 107(b) of the Bankruptcy Code.[5] To the contrary, evidence that the Personal Information

---

[5] In the U.S. Trustee's original Sealing Objection [Docket No. 600], the U.S. Trustee incorrectly cites to, and attaches as Exhibit A to the *Declaration of Shara Cornell*, the privacy policy of Celsius® Fitness Drinks. *See* [Docket No. 600] ¶¶ 18, 19, and Exhibit A to the *Declaration of Shara Cornell*. In the amended Sealing Objection [Docket No. 607], the U.S. Trustee attempts to fix this error, yet still provides two incorrect website addresses for the alleged privacy policy in both the body of the Sealing Objection and in the *Declaration of Shara Cornell*. *See* Sealing Objection ¶ 18 and par. 8 of Exhibit A to the *Declaration of Shara Cornell*. To avoid any further confusion, the Debtors cite to the correct privacy policy (the "Privacy Policy"), which is filed on the docket as

5

may be used by the Debtors for legitimate business purposes supports the Debtors' arguments that such information is valuable to the Debtors and disclosure to competitors is likely to interfere with the Debtors' legitimate business purposes. The evidence provided by the Debtors through the Bixler Declaration, attached as Exhibit F to the Motion, supports this argument.

10. Moreover, the U.S. Trustee's attempt to pick and choose provisions in the Privacy Policy to support his arguments ignores the overall commitment by the Debtors that they will do their best to limit disclosure of Personal Information:

> Wherever possible, we will only disclose Personal Information to a third party in circumstances where that third party has agreed to respect the security and confidentiality of Personal Information and treat it in accordance with applicable law. We will seek to ensure that third parties to whom any Personal Information may be disclosed will not use Personal Information for their own purposes and only process Personal Information for specified purposes and otherwise in accordance with our instructions and/or with applicable laws.

*See* TOU Declaration, Exhibit H.

11. Finally, the remainder of the arguments set forth by the U.S. Trustee in the Sealing Objection are based on the Debtors' internal Global Data Protection & Privacy Policy (the "Data Privacy Policy"). *See* Sealing Obj. ¶ 18. Similar to the arguments made above, simply because the Data Privacy Policy permits the Debtors to share the home addresses and email addresses of customers in appropriate circumstances, namely circumstances that ***benefit*** the Debtors' business operations, does not mean that such information fails to qualify as confidential commercial information.

---

Exhibit H to the *Declaration of Alex Mashinsky, Chief Executive Officer of Celsius Network LLC, Providing Terms of Use Dating Back to February 18, 2018* [Docket No. 393] (the "TOU Declaration") and available online at https://celsius.network/privacy-policy.

12. ***Second***, the U.S. Trustee wrongly conflates the Debtors' request to redact the home addresses and email addresses of their customers under section 107(b) of the Bankruptcy Code with their request to redact names (where applicable), home addresses, and email addresses of all individuals under section 107(c) of the Bankruptcy Code. Relying on his inaccurate depiction of the Debtors' request, the U.S. Trustee attempts to undermine the Debtors' arguments that the home addresses and email addresses of their customers are confidential commercial information. *See* Sealing Obj. ¶¶ 21–26.

13. To be clear, the Debtors' position is that the ***home addresses and email addresses*** of ***all*** individual customers is confidential commercial information under section 107(b) of the Bankruptcy Code. *See* Mot. ¶ 24. This position is supported by evidence (the Bixler Declaration) and applies to all of the Debtors' customers, regardless of where such customers live. Moreover, the Debtors are not arguing "that the identities of only <u>some</u> creditors" are "commercial information under section 107(b)." Sealing Obj. ¶ 23. In fact, the Debtors do not rely on section 107(b) at all for support to redact any names. ***The Debtors' request to redact certain individuals' names, which includes individual customers, is rooted firmly in section 107(c)***. *See* Mot. ¶¶ 27–38. The U.S. Trustee fails to accurately address this argument and the evidence in support, and instead continues to declare that the Debtors are seeking only to avoid disclosure in these chapter 11 cases.

14. To reiterate, the Debtors ***are not seeking to avoid disclosing the names (where applicable), home addresses, and email addresses of individuals to the Court, the U.S. Trustee, or counsel to the Committee***. The U.S. Trustee's assertions to the contrary in the Objections are unsupported by the relief requested in the Motion. *Compare* Mot. ¶¶ 4 and 39 *with* Sealing Obj. ¶¶ 21, 24 *and* Retention Obj. ¶¶ 5, 6, 8, and 9.

**II. Redaction Is Warranted Under Section 107(c) of the Bankruptcy Code to Protect Individuals from Undue Risk of Identity Theft or Other Unlawful Injury.**

15.     In the event that the Court determines that the home addresses and email addresses of the Debtors' customers are not confidential commercial information under section 107(b) of the Bankruptcy Code, redacting the names (where applicable), home addresses, and email addresses of the Protected Parties is also warranted under section 107(c) of the Bankruptcy Code. Section 107(c) of the Bankruptcy Code authorizes courts to issue orders that will protect information that would create "undue risk of identity theft or unlawful injury to the individual or the individual's property." 11 U.S.C. § 107(c)(1).

16.     The U.S. Trustee does not dispute the Debtors' arguments that public disclosure of any personal information regarding the Protected Parties, including the Protected Parties' names (where applicable) and home addresses, can put the Debtors' customers, and other individuals, at a real risk of becoming the target of identity theft, blackmail, harassment, doxing, and stalking. *See* Mot. ¶ 33. Notably, in the Objections, the U.S. Trustee does not even address, let alone dispute, the Debtors' request for relief under section 107(c) of the Bankruptcy Code.

17.     As further set forth in the Motion and exhibits attached thereto, all incorporated herein by reference, the Debtors' customers are particularly concerned with the security and privacy of their personally identifiable information because disclosure of such information could potentially result in a customer becoming the target of identity theft, blackmail, harassment, stalking, and doxing. Moreover, many of the Protected Parties fear for their safety and their families' safety if their home addresses, email addresses, or names (where applicable) are published on the public docket. If the home addresses, email addresses, and names (where applicable) of all individuals involved, whether employees, customers, or directors and officers,

8

are immediately available on Stretto's website or PACER, they are likely to be disseminated widely across the internet, putting people at risk of identity theft or other serious harm.

18. The request for relief set forth in the Motion is supported by the Committee, the statutory representative of customers and other individual creditors, as set forth in *The Official Committee of Unsecured Creditors' Joinder to Debtors'* Ex Parte *Motion Pursuant to Section 107 of the Bankruptcy Code Seeking Entry of an Order (I) Authorizing the Debtors to Redact Certain Personally Identifiable Information from the Creditor Matrix, Schedules and Statements, and Related Documents and (II) Granting Related Relief* [Docket No. 399] (the "Committee Joinder"). The Committee echoes the Debtors' concerns of the risks associated with publicizing the names (where applicable), home addresses, and email addresses of individuals on the docket. *See generally*, Committee Joinder. Even more significant, **no individual** has objected to the Motion and the Debtors have yet to review any letter filed on the docket expressing concern with the Motion.

### III. The Debtors' Proposed Redactions Ensure Compliance with United States Law and the EU GDPR and UK GDPR.

19. The Debtors are not stating, nor have they ever stated, that the EU GDPR and the UK GDPR supersede the Bankruptcy Code. The Debtors are merely relying on the provisions of the EU GDPR and the UK GDPR to support their arguments under section 107(c), not to usurp the Bankruptcy Code.

20. Relying on inapposite case law,[6] the U.S. Trustee misapplies the holdings in those cases and ignores the risks associated with violating the EU GDPR and UK GDPR and urges the

---

[6] *See, e.g.*, *In re Blackwell*, 263 B.R. 505 (W.D. Tex. 2000) (finding that individual investors located in Mexico, but investing in a U.S. company, failed to demonstrate that redaction of their names was warranted for safety concerns and where no party, including governmental agency, was entitled to unredacted documents filed on the docket absent specific court order in a decision unrelated to the EU GDPR and UK GDPR); *In re Continental Airlines, Inc.*, 150 B.R. 334 (D. Del. 1993) (overturning the bankruptcy court's *sua sponte* order to seal documents filed by the fee examiner in a decision unrelated to the EU GDPR and UK GDPR); *In re Analytical Systems, Inc.*,

9

Court to deny the Motion. *See* Sealing Obj. ¶¶ 27, 28. As set forth in the Motion, the UK GDPR and EU GDPR require a legal basis for any processing (which includes the transferring or disclosing) of information relating to identified or identifiable individuals (which includes names, home addresses, and email addresses of individuals and individual business contacts) of Personal Data. The only possible legal basis that may apply for disclosing the Personal Data in this instance would be the "legitimate interests" ground (Article 6(1)(f) UK GDPR and EU GDPR). This ground, however, will only apply where the processing is necessary for the relevant purpose. Such processing will not be necessary where there is a less intrusive way of achieving that purpose. This ground will also not apply if, when balanced against each other, the rights and freedoms of the relevant individuals override the legitimate interest in question. Finally, the legal basis of "compliance with a legal obligation" (Article 6(1)(c) UK GDPR and EU GDPR) would not be applicable in this situation because the legal obligation must exist under UK or EU law, which is not the case in the context of these chapter 11 cases.

21.    Here, the relief requested in the Motion is a less intrusive way for the Debtors to comply with the requirements of the Bankruptcy Code that does not require the Debtors to publicly file on the docket Personal Data of EU and UK citizens: redaction of Personal Data in documents filed publicly on the docket with a means by which all parties in interest can access those documents. Moreover, in compliance with Local Rule 9018-1(b)(5), the Debtors have limited their request to redact names of individuals to only those individuals that are citizens of the EU or UK,

---

83 B.R. 833 (Bankr. N. D. Ga. 1987) (denying section 107(b) request on grounds that redacted information would only prevent embarrassment of the parties in a decision unrelated to the EU GDPR and UK GDPR); *In re Itel Corp.*, 17 B.R. 942 (9th Cir. B.A.P. 1982) (finding that a request to seal the entire list of debentures under section 107(b) on grounds that an unredacted list may result in competitors purchasing such debentures at a depressed price did not satisfy the requirements of confidential commercial information).

10

or whose citizenship is unknown.[7]  *See* Local Bankr. R. 9018-1(b)(5) (requiring redaction requests to be limited to "only those redactions necessary to preserve confidentiality, made in good faith").

## IV. The Debtors' Request for Redaction Complies with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

22.  The U.S. Trustee's numerous allegations that the Debtors' request for redaction is an attempt to avoid transparency is misleading and a misapplication of the relief permitted by Bankruptcy Code, Bankruptcy Rules, and the Local Rules.  For example, the Retention Objection is essentially an objection to the Motion and not the Retention Applications themselves, yet the U.S. Trustee argues that the Debtors are attempting to avoid compliance with Bankruptcy Rule 2014 and "[t]he net effect of sealing the identity of the parties which have been reviewed for conflicts under the facts of this case would be to handicap the Court and public from evaluating the nature and extent of the connections." Retention Obj. ¶ 6.  To reiterate, the Debtors and their advisors ***are not seeking to avoid complying with the Bankruptcy Code and Bankruptcy Rules***.  They will make all of the necessary disclosures under seal to the Court, the U.S. Trustee, and counsel to the Committee, but sealing is appropriate pursuant to both sections 107(b) and 107(c) as set forth herein.

23.  Bankruptcy Rule 2014 requires professionals seeking to be retained under section 327 of the Bankruptcy Code to include with their application "all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee." Fed. R. Bankr. P. 2014(a).  Bankruptcy Rule 1007(a)(1) and Local Rule 1007-1(a) require the Debtors to file with the Court names and addresses of creditors.  *See* Fed. R. Bankr. P. 1007(a)(1); Local

---

[7] The Debtors are seeking to redact all individual names in certain circumstances as set forth in the Account Redaction Motion.

Bankr. R. 1007-1(a). But, sections 107(b) and 107(c) of the Bankruptcy Code and Local Rule 9018-1 also permit the Debtors to ask the Court to exercise discretion and apply a well-known exception to the Bankruptcy Rules. *See* 11 U.S.C. §§ 107(b), (c); Local Bankr. R. 9018-1(a). The U.S. Trustee is disregarding the Court's authority under section 107 of the Bankruptcy Code and Local Rule 9018-1 by arguing otherwise.

24.    Furthermore, the Debtors have already disclosed the information required under Bankruptcy Rule 2014(a) and filed the names and addresses of such individuals in redacted versions on the docket and provided unredacted versions to the Court and, therefore, have not sought, and are not seeking to avoid the requirements of Bankruptcy Rules 1007(a)(1) and 2014(a) or Local Rule 9018-1. In addition, the Debtors have provided a mechanism in the proposed order by which other parties may seek to receive that information. *See* Mot., Exh. A, ¶¶ 2, 5. Thus, the U.S. Trustee's allegations in the Objections that the Debtors' Retention Applications and other pleadings filed on the docket have failed to satisfy the requirements of the Bankruptcy Code and the Bankruptcy Rules are incorrect as a matter of law.

25.    No matter how many times the U.S. Trustee says it, the Debtors are not skirting the disclosure requirements of the Bankruptcy Code. The Debtors ***have disclosed, will disclose, and/or will continue to disclose to the Court, the U.S. Trustee, and counsel to the Committee*** the names (where applicable), addresses, and email addresses of individuals listed in the Debtors' Creditor Matrix, Schedules and Statements, and other documents filed publicly on the docket, including the Retention Applications. Any other party in interest may also request this unredacted information from the Debtors and/or the Court. *See* Mot., Exh. A, ¶¶ 2, 5.

### Reservation of Rights

26. The Debtors reserve the rights to file additional requests for redaction pursuant to the applicable sections of the Bankruptcy Code and in accordance with the Bankruptcy Rules and Local Rules in these chapter 11 cases.

### Conclusion

27. For the reasons stated above and in the Motion, and in light of the various substantial risks posed by publishing individuals' names (where applicable), home addresses, and email address on the public docket and the limited impediment to public access posed by the proposed relief, the Court overrule the Objections and grant the relief requested in the Motion.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors request that the Court enter the proposed order attached as Exhibit A to the Motion granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

| | |
|---|---|
| New York, New York<br>Dated: August 30, 2022 | */s/ Joshua A. Sussberg*<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C.<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:   (212) 446-4800<br>Facsimile:    (212) 446-4900<br>Email:          jsussberg@kirkland.com<br><br> - and -<br><br>Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)<br>Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Telephone:   (312) 862-2000<br>Facsimile:    (312) 862-2200<br>Email:          patrick.nash@kirkland.com<br>                     ross.kwasteniet@kirkland.com<br><br>*Proposed Counsel to the Debtors and*<br>*Debtors in Possession* |

# Exhibit A

Copy of *Order Authorizing Debtors to Redact or Withhold Publication of Certain Personal Identification Information on a Final Basis and File Such Information Under Seal*, *In re Cred Inc.*, No. 20-12836 (JTD) (Bankr. D. Del. Dec. 21, 2020) [Docket No. 264]

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CRED INC., et al., | ) | Case No. 20-12836 (JTD) |
| | ) | |
| Debtors[1] | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket Nos. 6, 34, 61** |

### ORDER AUTHORIZING DEBTORS TO REDACT OR WITHHOLD PUBLICATION OF CERTAIN PERSONAL IDENTIFICATION INFORMATION ON A FINAL BASIS AND FILE SUCH INFORMATION UNDER SEAL

Upon (i) the motion (the "Consolidated List Motion") of the debtors and debtors in possession (the "Debtors") for entry of an order, pursuant to sections 105(a), 107(c), and 521 of title 11 of the United States Code (the "Bankruptcy Code"), authorizing the Debtors (a) to file a consolidated list of creditors, (b) to provide e-mail service to certain creditors, and (c) to redact or withhold publication of certain personal identification information, all as more fully set forth in the Consolidated List Motion and (ii) the Debtors' motion (the "Motion to Seal" and, together with the Consolidated List Motion, the "Motions")[2] for entry of an order authorizing the filing under seal of certain confidential information, all as more fully set forth in the Motion to Seal; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motions, as applicable.

Court having found that venue of this proceeding and the Motions in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motions is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motions and opportunity for a hearing on the Motions were appropriate under the circumstances and no other notice need be provided; and the Court having reviewed the Motions; and the Court having entered an order granted the relief requested in the Consolidated List Motion on an interim basis on November 10, 2020 [Docket No. 34]; and the Court having held a hearing to consider the relief requested in the Motions on a final basis, if necessary (the "Hearing"); and upon the Wu Declaration and the record of the Hearing, if necessary; and the Court having determined that the legal and factual bases set forth in the Motions establish just cause for the relief granted herein; and it appearing that the relief requested in the Motions is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.  The Debtors are authorized, on a final basis, to redact the names, mailing addresses, and e-mail addresses of their customers, as well as the mailing and e-mail addresses of their individual creditors, on any documents it files or makes publicly available in connection with these chapter 11 cases, including the schedules, the Creditor Matrix, and the Top 30 List; *provided* that the Debtors shall provide an unredacted version of the schedules, the Creditor Matrix, and the Top 30 List to the Court, the U.S. Trustee, and proposed counsel to the Official Committee of Unsecured Creditors of Cred Inc., *et al.* (the "Committee"); *provided*, *further*, that

the Debtors' noticing and claims agent (the "Claims Agent") shall serve the Debtors' creditors at their actual addresses and e-mail addresses, as needed.

2. Notwithstanding anything to the contrary in the order relating to the retention of a claims agent, or any Local Rules or Bankruptcy Rules, the Claims Agent is authorized, on a final basis: (a) to suppress from the Claims Registers the names, mailing addresses, and e-mail addresses of the Debtors' customers, and the mailing addresses and e-mail addresses of the Debtors' other individual creditors; (b) file publicly available affidavits of service without disclosing the names, mailing addresses, and e-mail addresses of the Debtors' customers, and the mailing addresses and e-mail addresses of the Debtors' other individual creditors, while simultaneously filing affidavits of service containing the foregoing information under seal; and (c) to withhold publication of proofs of claims filed by customers; *provided* that the foregoing documents (in unredacted form) shall be made available to the Court, the U.S. Trustee, and proposed counsel to the Committee.

3. Upon request of a party in interest, the Court may, upon a showing of good cause, release some or all of the personally identifiable information that is being redacted pursuant to paragraphs 1 and 2 of this Order. All parties rights in this regard are reserved.

4. The Debtors are authorized to file under seal the Confidential Creditor Information and any other pleading to the extent that it contains personal identification information of the nature described in paragraph 1 above.

5. Absent further order of the Court and notice and an opportunity to object being provided to the Debtors and the affected customer or individual creditor, the information filed under seal in accordance with paragraph 4 hereof shall not be disseminated to anyone other than: (a) the Court, (b) the U.S. Trustee, and (c) proposed counsel to the Committee. Each of the

3

parties in the preceding sentence receiving such information shall at all times keep such information strictly confidential and shall not disclose such information to any party whatsoever.

6. Nothing contained in the Motions or this Order, nor any action taken pursuant to the authority granted by this Order, shall constitute or be construed as (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' rights to dispute any claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an assumption, adoption, or rejection of any agreement, contract, or lease under section 365 of the Bankruptcy Code; (e) an admission as to the validity, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (f) a waiver of any claims or causes of action which may exist against any entity; or (g) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law.

7. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motions.

8. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Order.

Dated: December 21st, 2020
Wilmington, Delaware

JOHN T. DORSEY
UNITED STATES BANKRUPTCY JUDGE