Hearing Date: September 14, 2022, at 2:00 p.m. (prevailing Eastern Time)
Objection Deadline: September 12, 2022, at 4:00 p.m. (prevailing Eastern Time)

Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Proposed Counsel to the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF HEARING ON**
**DEBTORS' MOTION PURSUANT TO**
**SECTION 107 OF THE BANKRUPTCY CODE**
**SEEKING ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO**
**(A) REDACT INDIVIDUAL NAMES, AND (B) IMPLEMENT AN ANONYMIZED**
**IDENTIFICATION PROCESS, AND (II) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE** that a hearing on the *Debtors' Motion Pursuant to Section 107 of the Bankruptcy Code Seeking Entry of an Order (I) Authorizing the Debtors to (A) Redact Individual Names, and (B) Imlement an Anonymized Identificatio Process, and (II) Granting Related Relief* (the "Motion") will be held on September 14, 2022, at 2:00 p.m., prevailing Eastern Time (the "Hearing"). In accordance with General Order M-543 dated March 20, 2020, the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

Hearing will be conducted remotely using Zoom for Government.  Parties wishing to appear at the Hearing, whether making a "live" or "listen only" appearance before the Court, need to make an electronic appearance through the Court's website at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl **on or before 4:00 p.m. (prevailing Eastern Time) on September 13, 2022**.  After the deadline for parties to make electronic appearances passes, parties who have made their electronic appearance through the Court's website will receive an invitation from the Court with the Zoom link that will allow them to attend the Hearing.  Requests to receive a Zoom link will not be made by emailing the Court.  Further information on the use of Zoom for Government can be found at the Court's website at https://www.nysb.uscourts.gov/zoom-video-hearing-guide.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the relief requested in the Motion shall:  (a) be in writing; (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York; (c) be filed electronically with the Court on the docket of *In re Celsius Network LLC*, No. 22-10964 (MG) by registered users of the Court's electronic filing system and in accordance with all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York (which are available on the Court's website at http://www.nysb.uscourts.gov); and (d) be served so as to be actually received by **September 12, 2022, at 4:00 p.m., prevailing Eastern Time,** by (i) the entities on the Master Service List available on the case website of the above-captioned debtors and debtors in possession (the "Debtors") at https://cases.stretto.com/celsius and (ii) any person or entity with a particularized interest in the subject matter of the Motion.

2

New York, New York
Dated: August 30, 2022

*/s/ Joshua A. Sussberg*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900
Email:          jsussberg@kirkland.com

    - and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200
Email:          patrick.nash@kirkland.com
                ross.kwasteniet@kirkland.com

*Proposed Counsel to the Debtors and*
*Debtors in Possession*

Hearing Date:  September 14, 2022 at 2:00 p.m. (prevailing Eastern Time)
Objection Deadline:  September 12, 2022 at 4:00 p.m. (prevailing Eastern Time)

Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Proposed Counsel to the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**DEBTORS' MOTION PURSUANT TO
SECTION 107 OF THE BANKRUPTCY CODE SEEKING
ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO
(A) REDACT INDIVIDUAL NAMES, AND (B) IMPLEMENT AN ANONYMIZED
IDENTIFICATION PROCESS, AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") seek

entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"):

(a) authorizing the Debtors to (i) redact individual names from any documents filed publicly on

the docket, including in the Debtors' Schedules and Statements,[2] to the extent such names are

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

[2]    "Schedules and Statements" has the meaning ascribed to it in the *Order (I) Extending Time to File Schedules of Assets and Liabilities, Schedules of Current Income and Expenditures, Schedules of Executory Contracts and*

provided in connection with account balances and (ii) implement an anonymized process by which to identify individuals in connection with account balances on any documents filed publicly on the docket, including in the Debtors' Schedules and Statements; and (b) granting related relief.  In support of this motion (this "Motion"), the Debtors state the following:

**Preliminary Statement**

1.      The Debtors are committed to ensuring the safety and privacy of their individual customers during these chapter 11 cases.  Cryptocurrency is prone to certain online phishing and hacking attacks that are exacerbated when account information is made easily and readily available in a searchable format online.

2.      Currently pending before the Court is the Sealing Motion (as defined herein), whereby the Debtors are seeking limited relief to redact from any paper filed with the Court (as defined herein) (a) the home addresses and email addresses of any citizens of the United States located in the United States, including the Debtors' employees, individual shareholders, and individual customers, and (b) the names, home addresses, and email addresses of any citizens of the United Kingdom or European Economic Area member countries and any individual whose citizenship is unknown.  The Sealing Motion is scheduled to be heard by the Court on September 1, 2022.

3.      To further secure their individual customers' safety and limit the unnecessary risks of theft, the Debtors are seeking additional limited relief:  to redact individual customer names, regardless of where such individual customers are located, in any instance when individual customer names would be disclosed in connection with customer account balances.  Rather than

---

*Unexpired Leases, Statements of Financial Affairs, (II) Extending Time to File Rule 2015.3 Financial Reports, and (III) Granting Related Relief* [Docket No. 57].

using individual customer names, the Debtors request permission to identify individual customers with anonymized identification numbers in lieu of names. At all other times, unless such individual customer's name qualifies for general redaction as set forth in the Sealing Motion, the individual customer's name would be used, including if the individual customer's name was disclosed elsewhere in the document unassociated with the customer's account balance. The Debtors will provide unredacted copies, as well as the list of individual customers and anonymized identification numbers, of all documents filed on the docket to the Court, to the United States Trustee for the Southern District of New York (the "U.S. Trustee") (by electronic mail), and counsel to the Committee (as defined herein).

4.      This approach is a rational, limited solution to the problem posed by publicly disclosing individual names on the docket in connection with account balances. Moreover, by seeking to redact names in limited circumstances, rather than seeking a blanket request for redaction or to redact account balances, the Debtors are striking the appropriate balance between protecting individuals and providing transparency on the docket.

### Jurisdiction and Venue

5.      The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012. The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

6.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

7.     The bases for the relief requested herein are sections 105(a) and 107(c) of title 11 of the United States Code (the "Bankruptcy Code"), rules 9018 and 9037 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 9013-1, 9018-1, and 9037-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

### Background

8.     The Debtors, together with their non-Debtor affiliates (collectively, "Celsius"), are one of the largest and most sophisticated cryptocurrency based finance platforms in the world and provide financial services to institutional, corporate, and retail clients across more than 100 countries.  Celsius was created in 2017 to be one of the first cryptocurrency platforms to which users could transfer their crypto assets and (a) earn rewards on crypto assets and/or (b) take loans using those transferred crypto assets as collateral.  Headquartered in Hoboken, New Jersey, Celsius has more than 1.7 million registered users and approximately 300,000 active users with account balances greater than $100.

9.     On July 13, 2022 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  A detailed description of the facts and circumstances of these chapter 11 cases is set forth in the *Declaration of Alex Mashinsky, Chief Executive Officer of Celsius Network LLC, in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 23] (the "Mashinsky Declaration") and the *Declaration of Robert Campagna, Managing Director of Alvarez & Marsal North America, LLC, in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 22] (the "Campagna Declaration").[3]  As described in more detail in the Mashinsky Declaration, the Debtors commenced these chapter 11

---

[3]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Mashinsky Declaration or the Campagna Declaration (together, the "First Day Declarations"), as applicable.

cases to provide Celsius an opportunity to stabilize its business and consummate a comprehensive restructuring transaction that maximizes value for stakeholders.

10.    The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 53].  On July 27, 2022, the U.S. Trustee appointed an official committee of unsecured creditors [Docket No. 241] (the "Committee").  On August 18, 2022, the U.S. Trustee filed a motion seeking the appointment of an examiner in these chapter 11 cases [Docket No. 546], which is currently set for hearing on September 14, 2022.

### Individual Names and Account Balances

11.    The overwhelming majority of the Debtors' creditors are also their customers. These customers have accounts with Celsius and deposited different types and amounts of cryptocurrency, in different programs, on the Celsius platform.  Unlike many platforms with user accounts, the Debtors do not assign account numbers to customer accounts, but rather identify and link customer accounts to customer email addresses.  As a result, the Debtors currently do not have a way to identify individual customers in connection with their account balances other than by using the individual customer's name, social security number (or other individual tax identifier), and/or email address.

12.    Individual customer names and account balances will likely need to be disclosed in many different circumstances in these chapter 11 cases.  For example, since the outset of these chapter 11 cases, the Debtors have engaged in numerous analyses with respect to whether the cryptocurrency deposited by each customer on the Celsius platform is customer property or property of the estate.  This analysis is ongoing, but the ultimate outcome may well depend on

what type of program customers used to deposit their cryptocurrency on the Celsius platform. Currently, the Debtors anticipate filing at least one motion in the near-term seeking to return cryptocurrency held in certain custody and withheld accounts. Any motion seeking permission from the Court to release cryptocurrency from the Celsius platform based on the Debtors' determination that such cryptocurrency is not property of the estate is likely to include a schedule or other disclosure listing out customers, account balances, and the type of Celsius program utilized, as part of satisfying the Debtors' evidentiary burden.

13.    In addition, in certain places in the Debtors' Schedules and Statements, the Debtors will need to list the names and account balances of each customer on the Celsius platform.[4] This type of publication of individuals' names and account balances on the docket significantly increases the likelihood that the Debtors' individual customers become the target of identity theft or other unlawful activity. *See The Official Committee of Unsecured Creditors' Joinder to Debtors'* Ex Parte *Motion Pursuant to Section 107 of the Bankruptcy Code Seeking Entry of an Order (I) Authorizing the Debtors to Redact Certain Personally Identifiable Information from the Creditor Matrix, Schedules and Statements, and Related Documents and (II) Granting Related Relief* [Docket No. 399] ¶ 6. As the Debtors continue to make progress in these chapter 11 cases and further engage in discussions with the Committee, the Debtors determined that additional redaction and alternative means of identifying individual customers when disclosing account balances is necessary.

---

[4]    The Debtors are currently seeking the authority to redact from all pleadings filed on the docket, including the Schedules and Statements, the names of all citizens of the United Kingdom or European Economic Area member countries and any individual whose citizenship is unknown in the *Debtors' Ex Parte Motion Pursuant to Section 107 of the Bankruptcy Code Seeking Entry of an Order (I) Authorizing the Debtors to Redact Certain Personally Identifiable Information from the Creditor Matrix, Schedules and Statements, and Related Documents and (II) Granting Related Relief* [Docket No. 344] (the "Sealing Motion"). As of the date of the filing of this Motion, the Court has not yet ruled on the Sealing Motion.

14.     As set forth in the Sealing Motion, limiting redactions in these chapter 11 cases is important.  Thus, the Debtors do not seek to redact all individual names in all documents filed with the Court.  Rather, the Debtors propose to redact individual customer names, regardless of where those individuals are located, when individual customer names are disclosed in connection with customer account balances and instead be permitted to identify individual customers with anonymized identification numbers in lieu of names.  At all other times, unless such individual customer's name qualifies for general redaction as set forth in the Sealing Motion, the individual customer's name would be used, including if the individual customer's name was disclosed elsewhere in the document unassociated with the customer's account balance.  Individuals will be notified of their anonymized identification number and account balances as set forth in the *Debtors' Motion for Entry of an Order (I) Authorizing Debtors to Serve Parties by Email and (II) Granting Related Relief* (the "Email Noticing Motion"), filed contemporaneously herewith.

15.     Unredacted versions of the documents filed on the docket, including the Schedules and Statements, will be provided to the Clerk of the Court in accordance with Local Rule 9037-1(c).  The Debtors will also provide the Court, the U.S. Trustee, and counsel to the Committee with an unredacted copies, as well as the list of individual customers and anonymized identification numbers, of all documents filed on the docket.

**Basis for Relief**

**I.     Redacting the Names of Individuals in Connection with Account Balances is Warranted Under Section 107(c) of the Bankruptcy Code.**

16.     Section 107(c) of the Bankruptcy Code provides:

> The bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual[:]

7

> (A)    *Any* means of identification (as defined in section
> 1028(d) of title 18) contained in a paper filed, or to
> be filed, in a case under this title.
>
> (B)    *Other information* contained in a paper described in
> subparagraph (A).

11 U.S.C. § 107(c)(1) (emphases added).  Therefore, if a debtor can show that disclosure of some

"other information" (a plainly broad term) creates "undue risk" of "identity theft or other unlawful

injury," courts may intervene to curtail disclosure of that information.

17.    Section 107(c) of the Bankruptcy Code authorizes courts to issue orders that will

protect information that would create "undue risk of identity theft or unlawful injury to the

individual or the individual's property."  11 U.S.C. § 107(c)(1).  Section 107(c) of the Bankruptcy

Code protects "means of identification" from being publicly disclosed.  11 U.S.C. § 107(c)(1)(A).

Means of identification includes "any name or number that may be used, along or in conjunction

with any other information, to identify a specific individual[.]"  18 U.S.C. § 1028(d)(7).

Importantly, this includes any "name, social security number . . . unique electronic identification

number, address, or routing code[.]"  *Id*. §§ 1028(d)(7)(A), (C).

18.    As noted by Collier on Bankruptcy, "[s]ection 107(c) gives the court broad

discretion to protect an individual with respect to any information, including identifying

information, in a paper filed or to be filed with the court to the extent that the court finds that

disclosure of the information would create an undue risk of identity theft or unlawful injury to the

individual or the individual's property."  2 Collier on Bankruptcy ¶ 107.04 (16th ed.).  Stated

differently, "[t]he types of information that can be protected by the court are unlimited" and go

beyond the types of identification referenced in Bankruptcy Code section 107(c)(1)(A), especially

in light of the broad language in Bankruptcy Code section 107(c)(1)(B) authorizing protection of

"other information."  *Id.*

8

19.     Pursuant to Bankruptcy Rule 9037, the Debtors are authorized to include only the last four digits of financial account numbers in papers filed with the Court. Fed. R. Bankr. P. 9037(a)(4). In addition, the Court may authorize redaction of additional information "for cause." Fed. R. Bankr. P. 9037(d). Bankruptcy Rule 9037 complements section 107(c) of the Bankruptcy Code and provides courts with the ability to "protect other private information in a judicial record upon an appropriate showing." *In re Avaya, Inc.*, No. 17-10089 (SMB), 2019 WL 1750908, at *4 (Bankr. S.D.N.Y. Mar. 28, 2019).

20.     Here, the Debtors identify individual customers in connection with account balances by name, social security number (or other individual tax identifier), and/or email address. Given the unique nature of cryptocurrency and the heightened risk of cyberattacks due to the difficulties associated with tracking, tracing, and recovering stolen cryptocurrency, filing any document on the public docket linking names and account balances poses "an undue risk of identity theft or unlawful injury." Furthermore, because the Debtors' customers do not have account numbers associated with their accounts, in many circumstances listing individual customer names in full in connection with account balances is akin to listing a customer's full account number. Thus, it is necessary to redact individual customer names when listed next to account balances and implement a separate anonymized identification process to ensure maximum customer security.

21.     The names of individual customers in connection with their account balances in documents filed publicly on the docket constitutes personal information that may be protected under section 107(c)(1) of the Bankruptcy Code. The privacy and security of an individual's account balance in the crypto industry is particularly important given the extreme high-risk and high-upside common in this sector. The public disclosure of account names and balances in one

searchable document online can put the Debtors' individual customers at a real risk of becoming the target of identity theft, blackmail, harassment, doxing, and stalking.

22.     Importantly, providing hackers with a detailed road map of names and account balances, particularly in instances where that information may be provided in connection with a release of cryptocurrency from the Celsius platform, all but guarantees that at least one (if not many more) of the Debtors' 300,000 plus account users will be a victim of a phishing or malware scam.   In 2018, it is estimated that over 23 million people in the United States experienced identity theft and monetary losses resulting from identity theft totaled $15.1 billion.[5]   Over 48 million people in the United States have experienced identity theft in their lifetime.[6]   While many forms of identity theft can be swiftly and painlessly resolved, many cannot and the results can be catastrophic to a person's financial stability.

23.     The Debtors understand that there is a "strong presumption and public policy in favor of public access to court records" and that a judge must undergo careful and skeptical analysis to ensure that "compelling or extraordinary circumstances exist" when granting a sealing motion.   *See, e.g.*, *In re Anthracite Cap. Inc.*, 492 B.R. 162, 170 (Bankr. S.D.N.Y. 2013); *In re Oldco M. Corp.*, 466 B.R. 234, 237 (Bankr. S.D.N.Y. 2012).   Unlike in other cases, such as *Anthracite Capital*, where the court denied a motion to seal names of individual defendants listed in an adversary complaint because the public had too great an interest in evaluating the fairness of the settlement, public disclosure of the names of customers who are individuals when provided in

---

[5]    Erika Harrell, *Victims of Identity Theft, 2018*, Bureau of Justice Statistics 1 (Apr. 2021); https://bjs.ojp.gov/content/pub/pdf/vit18.pdf.

[6]    *Id.*

connection with account balances poses a real threat of an "unlawful injury." *Anthracite Cap.*, 492 B.R. at 170.

24.     Collectively, these facts demonstrate that the names of all individual customers when listed in connection with account balances warrant redaction under section 107(c) of the Bankruptcy Code, as the risk of unlawful injury is so compelling in this case as to warrant the redaction necessary.

25.     Accordingly, the Debtors request the authority to file redacted versions of documents filed on the docket to the extent such documents include the names and account balances of individuals.   The Debtors propose to redact individual customer names, regardless of where such individuals are located, when individual customer names are disclosed in connection with customer account balances and instead identify individual customers with anonymized identification numbers in lieu of names.  At all other times, unless such individual customer's name qualifies for general redaction as set forth in the Sealing Motion, the individual customer's name would be used.  The Debtors will provide unredacted copies, as well as the list of individual customers and anonymized identification numbers, of all documents filed on the docket to the Court, to the U.S. Trustee, and counsel to the Committee.  Individuals will be notified of their anonymized identification number and account balances as set forth in the Email Noticing Motion, filed contemporaneously herewith.  The Debtors further request that the Proposed Order authorizing such redactions remain in place for the duration of these chapter 11 cases so as not to frustrate the purpose of the Proposed Order.  At the conclusion of these chapter 11 cases, the

Debtors will request to retrieve and dispose of the Creditor Matrix, Schedules and Statements, and other documents in compliance with Local Rule 9018-1.

26.    This proposed format for disclosure is carefully tailored to provide appropriate levels of information in these cases while still maintaining security where truly necessary.

### **Reservation of Rights**

27.    Nothing contained in this Motion or any actions taken pursuant to any order granting the relief requested by this Motion is intended or should be construed as (a) an admission as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds, including with respect to what constitutes property of the estate; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens.  If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

28.    The Debtors reserve the rights to supplement this Motion with evidence in support of the relief requested herein and may also present additional evidence at the hearing on this Motion to the extent requested, and the Debtors will make reasonable efforts to share such

evidence, if any, with the U.S. Trustee and the Committee in advance of the hearing. In addition, the Debtors reserve the rights to file additional requests for redaction pursuant to the applicable sections of the Bankruptcy Code and in accordance with the Bankruptcy Rules and Local Rules in these chapter 11 cases.

### Motion Practice

29.      This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this Motion. Accordingly, the Debtors submit that this Motion satisfies Local Rule 9013-1(a).

### Notice

30.      The Debtors will provide notice of this Motion to the following parties or their respective counsel: (a) the U.S. Trustee; (b) counsel to the Committee; (c) the United States Attorney's Office for the Southern District of New York; (d) the Internal Revenue Service; (e) the offices of the attorneys general in the states in which the Debtors operate; (f) the Securities and Exchange Commission; and (g) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors request that the Court enter the Proposed Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

New York, New York
Dated: August 30, 2022

/s/ Joshua A. Sussberg

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:       (212) 446-4800
Facsimile:        (212) 446-4900
Email:             jsussberg@kirkland.com

 - and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:       (312) 862-2000
Facsimile:        (312) 862-2200
Email:             patrick.nash@kirkland.com
                      ross.kwasteniet@kirkland.com

*Proposed Counsel to the Debtors and*
*Debtors in Possession*

**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## ORDER (I) AUTHORIZING THE DEBTORS TO
## (A) REDACT INDIVIDUAL NAMES AND (B) IMPLEMENT AN ANONYMIZED
## IDENTIFICATION PROCESS AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") (a) authorizing the Debtors to (i) redact individual names from any documents filed publicly on the docket, including in the Debtors' Schedules and Statements, to the extent such names are provided in connection with account balances and (ii) implement an anonymized process by which to identify individuals in connection with account balances on any documents filed publicly on the docket, including in the Debtors' Schedules and Statements; and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declarations; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

[2]    Capitalized terms used but not otherwise defined herein have the meanings given to them in the Motion.

Constitution; and this Court having found that venue of the cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing thereon were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      The Debtors are authorized, pursuant to sections 105(a) and 107(c) of the Bankruptcy Code, to redact individual customer names, regardless of where such individuals are located, when individual customer names are disclosed in connection with customer account balances.   The Debtors are authorized to identify individual customers with anonymized identification numbers in lieu of names; *provided* that the individual customer's name will be disclosed elsewhere in the document to the extent such name is not associated with the customer's account balance, except where such individual's name is entitled to be redacted pursuant to the *Order (I) Authorizing the Debtors to Redact Certain Personally Identifiable Information from the Creditor Matrix, Schedules and Statements and Related Documents and (II) Granting Related Relief*; *provided*, *further* that the Debtors shall provide, under seal, an unredacted version of any filings redacted pursuant to this Order to (i) the Court, the U.S. Trustee, and counsel to the Committee and (ii) to any party in interest upon a request to the Debtors (email is sufficient) or to

2

the Court that is reasonably related to these chapter 11 cases; *provided*, *further* that any receiving

party shall not transfer or otherwise provide such unredacted document to any person or entity not

party to the request.  The Debtors shall inform the U.S. Trustee promptly after denying any request

for an unredacted document pursuant to this Order.

3.  The Debtors shall provide the list of individual customers and anonymized

identification numbers to the Court, to the U.S. Trustee, and counsel to the Committee.

4.  Any party authorized to receive the unredacted versions any documents filed on the

docket shall be authorized and directed, subject to Local Rule 9037-1, to redact specific references

to the information set forth therein from pleadings filed on the public docket maintained in these

chapter 11 cases.

5.  Any party who receives the names and account balances of individual customers in

accordance with this Order shall not disclose or otherwise disseminate this information to any

other person or entity.

6.  The relief granted in this Order is without prejudice to rights of the U.S. Trustee

and all other parties in interest to seek to unseal the information redacted by this Order.

7.  The Debtors shall retrieve from the Clerk of Court and dispose all documents

redacting the names and account balances of individual customers at the conclusion of these

chapter 11 cases.

8.  The requirements set forth in Local Rules 9013-1, 9018-1, and 9037-1 are satisfied

by the contents of the Motion.

9.  The Debtors are authorized to take all actions necessary to effectuate the relief

granted in this Order in accordance with the Motion.

10.     This Court retains exclusive jurisdiction with respect to all matters arising from or

related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2022

_____

THE HONORABLE MARTIN GLENN
CHIEF UNITED STATES BANKRUPTCY JUDGE