Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200

*Proposed Counsel to the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) |
| | ) Case No. 22-10964 (MG) |
| Debtors. | ) |
| | ) (Jointly Administered) |

**NOTICE OF FILING OF REVISED PROPOSED ORDER**
**APPROVING PROCEDURES FOR DE MINIMIS ASSET SALES**

  **PLEASE TAKE NOTICE** that on July 25, 2022, the above-captioned debtors and debtors

in possession (collectively, the "Debtors") filed the *Debtors' Motion to Approve Procedures for*

*De Minimis Asset Transactions* [Docket No. 189] (the "Motion").

  **PLEASE TAKE FURTHER NOTICE** that on August 16, 2022, the Debtors filed the

*Notice of Filing of Revised Proposed Order Approving Procedures for De Minimis Asset Sales*

[Docket No. 499] (the "First Notice of Revised Proposed Order").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

**PLEASE TAKE FURTHER NOTICE** that the Debtors hereby file a revised proposed *Order Approving Procedures for De Minimis Asset Sales* attached hereto as **Exhibit A** (the "Revised Proposed Order").

**PLEASE TAKE FURTHER NOTICE THAT** a comparison between the Revised Proposed Order and the order attached to the First Notice of Revised Proposed Order is attached hereto as **Exhibit B**.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion and other pleadings filed in the above-captioned chapter 11 cases may be obtained free of charge by visiting the website of Stretto at http://www.cases.stretto.com/celsius.  You may also obtain copies of any pleadings by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

*[Remainder of page intentionally left blank.]*

New York, New York
Dated: August 31, 2022

_/s/ Joshua A. Sussberg_

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:          jsussberg@kirkland.com

 - and -

Patrick J. Nash, Jr., P.C. (admitted _pro hac vice_)
Ross M. Kwasteniet, P.C. (admitted _pro hac vice_)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200
Email:          patrick.nash@kirkland.com
                ross.kwasteniet@kirkland.com

_Proposed Counsel to the Debtors and_
_Debtors in Possession_

## **Exhibit A**

**Revised Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## ORDER APPROVING PROCEDURES FOR DE MINIMIS ASSET SALES

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession

(collectively, the "Debtors") for entry of an order (this "Order"), approving expedited procedures

for the sale or abandonment of certain De Minimis Assets (as defined herein); and upon the First

Day Declarations; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334 and the *Amended Standing Order* of Reference from the United States District Court for

the Southern District of New York, entered February 1, 2012; and this Court having the power to

enter a final order consistent with Article III of the United States Constitution; and this Court

having found that venue of these cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and

1409; and this Court having found that the relief requested in the Motion is in the best interests of

the Debtors' estates, their creditors, and other parties in interest; and this Court having found that

the Debtors' notice of the Motion and opportunity for a hearing thereon were appropriate under

the circumstances and no other notice need be provided; and this Court having reviewed the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      The procedures set forth in this Order (the "De Minimis Asset Sale Procedures") shall only govern the sale of De Minimis Assets pursuant to section 363(b) of the Bankruptcy Code.  For purposes of this Order, "De Minimis Asset" means an individual asset or group of assets that is property of the estate (as the term "property of the estate" is defined in section 541 of the Bankruptcy Code) and has a fair market value of less than $4,000,000; *provided* that cryptocurrency, cryptocurrency tokens, or other digital assets shall ***not*** constitute De Minimis Assets and are not subject to these De Minimis Asset Sale Procedures.  Unless otherwise agreed in writing by the Committee (email sufficient) and on five days' notice to the United States Trustee (email sufficient),[3] any sale of De Minimis Assets under this Order must be in return for cash consideration.

3.      Pursuant to section 363(b) of the Bankruptcy Code, the Debtors are authorized to sell De Minimis Assets at arms'-length to unaffiliated third parties outside the ordinary course of business without further order of the Court, in accordance with the following De Minimis Asset Sale Procedures; *provided*, that the Debtors shall consult[4] with the Official Committee of Unsecured Creditors (the "Committee") (and with notice to the U.S. Trustee), regarding the

---

[3]     Email to Gregory Pesce (gregory.pesce@whitecase.com) and Aaron Colodny (aaron.colodny@whitecase.com) shall constitute sufficient notice to counsel to the Committee as required in this section.

[4]     The Debtors shall hold a weekly call (unless otherwise agreed) with Committee advisors to provide information regarding the sales process with respect to, or proposed sales of, any De Minimis Assets.

process for selling such De Minimis Assets prior to commencing such process and promptly notify

the advisors of the Committee of any bid received with respect to a De Minimis Asset or proposed

agreement with respect to the sale of such De Minimis Asset; *provided*, *further* that the total value

of sales of De Minimis Assets in accordance with this Order shall not exceed $15,000,000 during

the course of these chapter 11 cases absent further order of the Court:

a. With regard to proposed sales of De Minimis Assets in any individual transaction or series of related transactions to or from a single buyer or group of related buyers with a total transaction value, as calculated within the Debtors' reasonable discretion, and in consultation with the Committee (and with notice to the U.S. Trustee), less than or equal to $300,000, provided that, if the transaction value of any De Minimis Asset sale is less than 30% of its book value, then the procedures provided in Paragraph 3(b) shall be followed:

i. the Debtors are authorized to consummate such sales if the Debtors determine in their reasonable exercise of business judgment that such transactions are in the best interest of the estates, without further order of the Court, subject to the procedures set forth herein;

ii. the Debtors shall, at least three business days prior to closing any such sale, provide written notice to counsel for the Committee (email being sufficient) and any known affected creditor(s), including counsel to any creditor asserting a Lien or other interest in the relevant De Minimis Asset(s) (an "Affected Creditor"), including, (a) a description of the assets, (b) the purchase price, (c) the purchaser, (d) a copy of the sale agreement evidencing the terms of the sale (if any) or, alternatively, a summary of the material economic terms and conditions of the sale, (e) the net book value of the asset(s) being sold, (f) a summary of any marketing efforts with regard to the sale, (g) any commission, fees, or similar expenses to be paid in connection with such sale, (h) the closing date of such sale, (i) identification of the Debtor that owns the De Minimis Assets, and (j) the intended use of the sale proceeds.

iii. to the extent the Committee or an Affected Creditor timely objects in writing to any such sale (email to the Debtors' counsel being sufficient) no later than one calendar day prior to the closing of such sale, the Debtors shall be required to follow the procedures in Section 3(b), below; *provided*, that if no timely written objection is made, the Debtors are authorized to consummate such sale immediately; *provided*, *further*, that the Debtors will promptly provide copies of any timely written objection to Milbank LLP

        (attn: Dennis Dunne, Andrew Leblanc, Nelly Almeida) and Jones Day (attn: Joshua M. Mester) (email being sufficient); and

iv.      any such transactions shall be, without need for any action by any party, final and fully authorized by the Court and may be, as provided in the documentation governing the applicable transaction, final and free and clear of all Liens with such Liens attaching only to the proceeds of such transactions with the same validity, extent, and priority as immediately prior to the transaction; and

v.      good faith purchasers of assets pursuant to these De Minimis Asset Sale Procedures shall be entitled to the protections of section 363(m) of the Bankruptcy Code.

b.      With regard to sales of De Minimis Assets in any individual transaction or series of related transactions to or from a single buyer or group of related buyers with a total fair market value, as calculated within the Debtors' reasonable discretion and certified by officer's certificate delivered to the Committee, and in consultation with the Committee (and with notice to the U.S. Trustee), greater than $300,000 and less than or equal to $4,000,000:

i.      the Debtors are authorized to consummate such transactions if the Debtors determine in the reasonable exercise of their business judgment that such transactions are in the best interest of the estates, without further order of the Court, subject to the procedures set forth herein;

ii.      the Debtors shall, at least seven calendar days prior to closing any such sale, file a notice of such transaction on the docket of these chapter 11 cases substantially in the form attached hereto as **Exhibit 1** (each notice, a "Sale Notice") and provide service of such notice by email or overnight mail to (a) the United States Trustee for the Southern District of New York (the "U.S. Trustee"); (b) counsel to the Committee; (c) any known affected creditor(s), including counsel to any creditor asserting a Lien on the relevant De Minimis Assets or other interest in such assets; and (d) those parties requesting notice pursuant to Bankruptcy Rule 2002 (collectively, the "Sale Notice Parties");

iii.      the content of the notice sent to the Sale Notice Parties for the applicable sale of De Minimis Assets shall consist of: (a) identification of the De Minimis Assets being sold; (b) identification of the Debtor that owns the De Minimis Assets; (c) identification of the purchaser of the De Minimis Assets; (d) the identities of entities known to the Debtors as holding Liens or other interests in the De Minimis Assets, if any; (e) the purchase price and the material economic terms and conditions of the sale; (f) a

summary of the marketing process employed; (g) a copy of the sale agreement evidencing the sale of the De Minimis Assets, if applicable; (h) any commission fees, or similar expenses to be paid in connection with such transaction; (i) the proposed order authorizing such sale (if any); and (j) the intended use of the sale proceeds;

iv.     if the terms of a proposed sale are materially amended after transmittal of the Sale Notice, the Debtors shall file an amended Sale Notice (the "Amended Sale Notice") and provide service of such Amended Sale Notice by email or overnight mail to the Sale Notice Parties, after which the Sale Notice Parties shall have an additional three calendar days to object to such sale prior to closing such sale or effectuating such transaction;

v.      if the Sale Notice Parties do not notify the Debtors in writing (email to counsel being sufficient) of their objection to the sale within the greater of (a) seven calendar days of service of such Sale Notice or (b) three calendar days of service of an Amended Sale Notice, as applicable (the "Sale Notice Period"), the Debtors are authorized to consummate such transaction immediately;

vi.     if the Debtors receive a timely a written objection from a Sale Notice Party (email to counsel being sufficient) within the Sale Notice Period that cannot be resolved, the transaction can be consummated only upon withdrawal of such written objection or further order of the Court after notice and a hearing; *provided*, *further*, that the Debtors will promptly provide copies of any timely written objection to Milbank LLP (attn: Dennis Dunne, Andrew Leblanc, Nelly Almeida) and Jones Day (attn: Joshua M. Mester) (email being sufficient);

vii.    any such transactions shall be, without need for any action by any party, final and fully authorized by the Court and may be, as provided in the documentation governing the applicable transaction, final and free and clear of all Liens with such Liens attaching only to the proceeds of such transactions with the same validity, extent, and priority as immediately prior to the transaction; and

viii.   good faith purchasers of assets pursuant to these De Minimis Asset Sale Procedures shall be entitled to the protections of section 363(m) of the Bankruptcy Code.

4.      Pursuant to section 554(a) of the Bankruptcy Code, the Debtors are authorized to abandon De Minimis Assets with a net book value of less than $50,000 in accordance with the following procedures (the "De Minimis Asset Abandonment Procedures"):

    a.      The Debtors shall file notice of the abandonment on the docket of these chapter 11 cases substantially in the form attached hereto as **Exhibit 2** (each notice, an "Abandonment Notice") and shall serve such Abandonment Notice on the Sale Notice Parties by email or overnight mail;

    b.      The Abandonment Notice shall contain:  (a) a description in reasonable detail of the De Minimis Assets to be abandoned, including the projected book value of the assets being abandoned as reflected in the Debtors' books and records; (b) the identities of holders known to the Debtors as holding Liens on the De Minimis Assets; (c) the identification of the Debtor entity that owns the De Minimis Assets; (d) the net book value of the De Minimis Assets and (e) the Debtors' reasons for such abandonment;

    c.      If the Sale Notice Parties do not notify the Debtors in writing (email being sufficient) of their objection to the Abandonment Notice within ten calendar days after the date of service of such Abandonment Notice, then the Debtors are authorized to immediately proceed with the abandonment; and

    d.      If the Debtors receive a timely written objection from a Sale Notice Party (email being sufficient) within ten calendar days after the date of service of such Abandonment Notice that cannot be resolved, then the relevant De Minimis Asset shall only be abandoned upon withdrawal of such written objection or further order of the Court after notice and a hearing.

5.      For the avoidance of doubt, the De Minimis Asset Sale Procedures and De Minimis Asset Abandonment Procedures shall not apply to any cryptocurrency, cryptocurrency tokens, or other digital assets, which may not be used, sold, swapped, transferred, abandoned, or otherwise dealt with pursuant to the authority granted herein.

6.      This Order shall not govern the sale or abandonment of, or authorize the Debtors to sell or abandon, any De Minimis Assets to any "insiders," as that term is defined in section 101(31) of the Bankruptcy Code, any nonstatutory insiders, or any Affiliates of any insider or nonstatutory insider.

7.      No objection to the relief requested in the Motion combined with no timely objection to the sale of De Minimis Assets in accordance with the terms of this Order shall be determined to be "consent" to such sale within the meaning of section 363(f)(2) of the Bankruptcy Code.

8.      Sales of De Minimis Assets are, without need for any action by any party, free and clear of all Liens, to the extent permitted by section 363(f) of the Bankruptcy Code, with such Liens attaching to the proceeds of such sale with the same validity, extent, and priority as had attached to such De Minimis Assets immediately prior to such sale, unless an objection is made to such sale and sustained by the Court.  The holder of any valid lien, claim, encumbrance, or interest on such De Minimis Assets shall, as of the effective date of such sale, be deemed to have waived and released such lien, claim, encumbrance, or interest, without regard to whether such holder has executed or filed any applicable release, and such lien, claim, encumbrance, or interest shall automatically, and with no further action by any party, attach to the proceeds of such sale. Notwithstanding the foregoing, any such holder of such a lien, claim, encumbrance, or interest is authorized and directed to execute and deliver any waivers, releases, or other related documentation, as reasonably requested by the Debtors.

9.      Purchasers and transferees of De Minimis Assets are entitled to the protections afforded to good-faith purchasers under section 363(m) of the Bankruptcy Code.

10.     Sales of De Minimis Assets shall be deemed arm's-length transactions entitled to the protections of section 363(m) of the Bankruptcy Code.

11.     Notwithstanding anything to the contrary in this Order, the proceeds from any sale of De Minimis Assets may only be used in accordance with the *Interim Order (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management System, (B) Honor Certain*

*Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (D) Continue to Perform Intercompany Transactions, (II) Granting Superpriority Administrative Expense Status to Postpetition Intercompany Balances, and (III) Granting Related Relief* [Docket No. 56] and any other order of the Court relating to the subject matter thereof, subject to any timely objection to any proposed sale in accordance with Paragraph 3 above, which objection may include an objection to the proposed use of the sale proceeds.

12.     The Debtors shall provide a written report to the Court, the U.S. Trustee, counsel to any statutory committee appointed in these chapter 11 cases, and those parties requesting notice pursuant to Bankruptcy Rule 2002, beginning with the month ending on August 31, 2022, and each month thereafter, no later than thirty days after the end of each such month, concerning any such transactions consummated during the preceding month pursuant hereto, including the names of the purchasing or selling parties, as applicable, the sale price for any De Minimis Asset sold, and the net book value of any abandoned De Minimis Asset.

13.     The Sale Notice with regard to the sale of De Minimis Assets substantially in the form attached hereto as **Exhibit 1** is hereby authorized and approved.

14.     Service of the Sale Notice in the manner set forth in the De Minimis Asset Procedures is sufficient notice of the sale of such De Minimis Assets.

15.     The Abandonment Notice with regard to the abandonment of De Minimis Assets substantially in the form attached hereto as **Exhibit 2** is hereby authorized and approved.

16.     Service of the Abandonment Notice in the manner set forth in the De Minimis Asset Abandonment Procedures is sufficient notice of the abandonment of such De Minimis Assets.

17.     With respect to all sale transactions consummated pursuant to this Order, provided the procedures in this Order are followed, this Order shall be sole and sufficient evidence of the

transfer of title to any particular buyer, and the sale transactions consummated pursuant to this Order shall be binding upon and shall govern the acts of all persons and entities who may be required by operation of law, the duties of their office, or contract to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the property sold pursuant to this Order, including without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, administrative agencies, governmental departments, secretaries of state and federal, state, and local officials, and each of such persons and entities is hereby directed to accept this Order as sole and sufficient evidence of such transfer of title and shall rely upon this Order in consummating the transactions contemplated hereby.

18.    The Debtors are authorized, with the prior written consent (email sufficient) of counsel to the Committee (and with notice to the U.S. Trustee), to pay those reasonable and necessary fees and expenses incurred in the sale of De Minimis Assets, including commission fees to agents, brokers, auctioneers, and liquidators.[5]

19.    Except pursuant to written agreement of the Committee, notwithstanding anything to the contrary in (1) an order approving the Debtors' proposed retention of Centerview Partners, LLC ("Centerview") or (2) the engagement letter between Centerview and the Debtors (the "Centerview Engagement Letter"), any sale pursuant to the De Minimis Asset Sale Procedures shall not constitute a "Minority Sale" as such term is defined in the *Debtors' Application for Entry of an Order (I) Authorizing the Employment and Retention of Centerview Partners LLC as Investment Banker for the Debtors Effective as of July 13, 2022, (II) Approving the Terms of the*

---

[5]    The Debtors shall not pay fees and expenses of estate-retained professionals in connection with such sale, however, other than in accordance with any motion filed by the Debtors to approve procedures for interim compensation and reimbursement of expenses for professionals.

*Centerview Agreement, (III) Waiving Certain Reporting Requirements Pursuant to Local Rule 2016-2, and (IV) Granting Related Relief* [Docket No. 362].

20.    Counsel to the Committee or the United States Trustee is authorized to seek emergency relief from this Court on three calendar days' notice if counsel to the Committee reasonably believes that the Debtors have not complied, or are not complying, with any provision of this Order and is unable, after consultation with counsel to the Debtors (and with notice to the U.S. Trustee or the Committee, as applicable), to resolve or correct such compliance issues in a reasonably timely manner.

21.    Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed:  (a) an admission by the Debtors or the Committee as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' or the Committee's respective rights to dispute any particular claim on any grounds; (c) a promise or requirement by the Debtors or any third party (including any member of the Committee) to pay any particular claim; (d) a request or authorization by any Debtor to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (e) a waiver or limitation of the Debtors' or the Committee's respective rights under the Bankruptcy Code or any other applicable law; (f) a concession by the Debtors or the Committee that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors and the Committee each expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens; or (g) a concession by the Committee that any property is property of the Debtors' estates.

22.    Nothing contained herein shall prejudice the rights of the Debtors to seek authorization for the use, sale, or transfer of any asset under section 363 of the Bankruptcy Code.

23.     Notwithstanding anything to the contrary in the Motion, this Order, or any findings announced at the hearing, nothing in the Motion, this Order, or announced at the hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis are expressly reserved.

24.     Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

25.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

26.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

27.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2022

_____
THE HONORABLE MARTIN GLENN
CHIEF UNITED STATES BANKRUPTCY JUDGE

## **Exhibit 1**

**Form of Sale Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

## NOTICE OF SALE OF CERTAIN DE MINIMS ASSETS

        **PLEASE TAKE NOTICE** that, on July 13, 2022, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

        **PLEASE TAKE FURTHER NOTICE** that, on [●], the United States Bankruptcy Court for the Southern District of New York (the "Court") approved an *Order Establishing Procedures for De Minimis Asset Sales* [Docket No. [●]] (the "Sale Procedures Order"),[2] whereby the Court authorized the Debtors to sell certain De Minimis Assets.

        **PLEASE TAKE FURTHER NOTICE** that, pursuant to the Sale Procedures Order, the Debtors propose to sell the De Minimis Assets set forth and described on **Exhibit A** attached hereto (the "Sale Assets"). **Exhibit A** provides, for each Sale Asset (a) identification of the Sale Assets being sold; (b) identification of the Debtor that owns the Sale Assets; (c) identification of the purchaser of the Sale Assets; (d) the identities of entities known to the Debtors as holding Liens or other interests in the Sale Assets, if any; (e) the purchase price and the material economic terms and conditions of the sale; (f) a summary of the marketing process employed; (g) a copy of the sale agreement evidencing the sale of the Sale Assets, if applicable; (h) any commission fees, or similar expenses to be paid in connection with such transaction; (i) the proposed order authorizing such sale (if any); and (j) the intended use of the sale proceeds.

        **PLEASE TAKE FURTHER NOTICE** that, pursuant to the Sale Procedures Order, if the terms of a proposed sale are materially amended after transmittal of this notice, the Debtors will send a revised Sale Notice (the "Amended Sale Notice") to the parties entitled to receive this notice pursuant to the Sale Procedures Order (the "Sale Notice Parties"), after which the Sale Notice Parties shall have an additional three calendar days to object to such sale prior to closing such sale or effectuating such transaction.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

[2]    Where context requires, capitalized terms used, but not otherwise defined herein shall have the meaning ascribed to such terms in the Sale Procedures Order.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Sale Procedures Order, any recipient of this notice may object to the proposed transaction within the greater of (i) seven calendar days of service of this notice, or (ii) three calendar days of service of an Amended Sale Notice, as applicable (the "Sale Notice Period"). Objections: (a) **must be in writing**; (b) **must be received within the Sale Notice Period**; and (c) must be submitted by email, mail or facsimile to (i) proposed counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C. (jsussberg@kirkland.com) and Simon Briefel (simon.briefel@kirkland.com), and 300 North LaSalle, Chicago, Illinois 60654; Attn: Patrick Nash, Jr., P.C. (patrick.nash@kirkland.com), Ross M. Kwasteniet, P.C. (ross.kwasteniet@kirkland.com), and Heidi Hockberger (heidi.hockberger@kirkland.com), (ii) proposed counsel to the Official Committee of Unsecured Creditors, White & Case LLP, 111 South Wacker Drive, Suite 5100, Chicago, Illinois 6060, Attn: Gregory F. Pesce (gregory.pesce@whitecase.com), and 555 South Flower Street, Suite 2700, Los Angeles, California 90071, Attn: Aaron Colodny (aaron.colodny@whitecase.com), and (iii) the United States Trustee, Attn: Shara Cornell (shara.cornell@usdoj.gov). If you object, the Debtors may not sell the Sale Assets unless you and the Debtors consensually resolve the objection or upon further Court order after notice and a hearing approving the sale of such Sale Assets.

**PLEASE TAKE FURTHER NOTICE** that if no party objects to the sale of the Sale Assets, such sale shall be free and clear of all liens and other encumbrances, to the extent permitted by section 363(f) of the Bankruptcy Code, with such liens and other encumbrances attaching to the proceeds of such sale with the same validity, extent, and priority as had attached to such De Minimis Assets immediately prior to such sale, and the failure to object shall be deemed to be consent to such sale under section 363(f)(2) of the Bankruptcy Code.

New York, New York
Dated: [●], 2022

*/s/ DRAFT*
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:      (212) 446-4900
Email:            jsussberg@kirkland.com

 - and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:      (312) 862-2200
Email:            patrick.nash@kirkland.com
                     ross.kwasteniet@kirkland.com

*Proposed Counsel to the Debtors and*
*Debtors in Possession*

## **Exhibit 2**

**Form of Abandonment Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF ABANDONMENT OF CERTAIN DE MINIMIS ASSETS**

      **PLEASE TAKE NOTICE** that, on July 13, 2022, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

      **PLEASE TAKE FURTHER NOTICE** that, on [●], the United States Bankruptcy Court for the Southern District of New York (the "Court") approved an *Order Establishing Procedures for De Minimis Asset Sales* [Docket No. [●]] (the "Sale Procedures Order"), whereby the Court authorized the Debtors to abandon certain non-core De Minimis Assets (as defined in the Sale Procedures Order) valued at no more than $50,000.

      **PLEASE TAKE FURTHER NOTICE** that, pursuant to the Sale Procedures Order, the Debtors propose to abandon the De Minimis Assets set forth and described on **Exhibit A** attached hereto, which exhibit also sets forth (a) a description in reasonable detail of the De Minimis Assets to be abandoned (the "Abandoned Assets"), including the projected book value of the assets being abandoned as reflected in the Debtors' books and records; (b) identities of holders of any liens, claims, interests, and encumbrances on the Abandoned Assets known to the Debtors,; (c) the identification of the Debtor entity that directly owns the Abandoned Assets; (d) the net book value of the Abandoned Assets and (e) the Debtors' reasons for such abandonment.

      **PLEASE TAKE FURTHER NOTICE** that, pursuant to the Sale Procedures Order, any recipient of this notice may object to the proposed transaction within ten calendar days of service of this notice. Objections: (a) **must be in writing**; (b) **must be received within ten calendar days of service of this notice**; and (c) must be submitted by email, mail or facsimile to (i) proposed counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C. (jsussberg@kirkland.com) and Simon Briefel (simon.briefel@kirkland.com), and 300 North LaSalle, Chicago, Illinois 60654; Attn: Patrick Nash, Jr., P.C. (patrick.nash@kirkland.com), Ross M. Kwasteniet, P.C. (ross.kwasteniet@kirkland.com), and Heidi Hockberger (heidi.hockberger@kirkland.com),(ii)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

proposed counsel to the Official Committee of Unsecured Creditors, 111 South Wacker Drive, Suite 5100, Chicago, Illinois 6060, Attn: Gregory F. Pesce (gregory.pesce@whitecase.com), and 555 South Flower Street, Suite 2700, Los Angeles, California 90071, Attn: Aaron Colodny (aaron.colodny@whitecase.com), and (iii) the United States Trustee, Attn: Shara Cornell (shara.cornell@usdoj.gov). If you object, the Debtors may not abandon the De Minimis Assets unless you and the Debtors consensually resolve the objection or upon further Court order after notice and a hearing approving the abandonment of such De Minimis Assets.

| | |
|---|---|
| New York, New York | /s/ DRAFT |
| Dated: [●], 2022 | **KIRKLAND & ELLIS LLP** |
| | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| | Joshua A. Sussberg, P.C. |
| | 601 Lexington Avenue |
| | New York, New York 10022 |
| | Telephone:    (212) 446-4800 |
| | Facsimile:    (212) 446-4900 |
| | Email:        jsussberg@kirkland.com |
| | |
| | - and - |
| | |
| | Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*) |
| | Ross M. Kwasteniet, P.C. (admitted *pro hac vice*) |
| | 300 North LaSalle Street |
| | Chicago, Illinois 60654 |
| | Telephone:    (312) 862-2000 |
| | Facsimile:    (312) 862-2200 |
| | Email:        patrick.nash@kirkland.com |
| | ross.kwasteniet@kirkland.com |
| | |
| | *Proposed Counsel to the Debtors and* |
| | *Debtors in Possession* |

## Exhibit B

**Redline**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## ORDER APPROVING PROCEDURES FOR DE MINIMIS ASSET SALES

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), approving expedited procedures for the sale or abandonment of certain De Minimis Assets (as defined herein); and upon the First Day Declarations; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order* of Reference from the United States District Court for the Southern District of New York, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing thereon were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      The procedures set forth in this Order (the "De Minimis Asset Sale Procedures") shall only govern the sale of De Minimis Assets pursuant to section 363(b) of the Bankruptcy Code.  For purposes of this Order, "De Minimis Asset" means an individual asset or group of assets that is property of the estate (as the term "property of the estate" is defined in section 541 of the Bankruptcy Code) and has a fair market value of less than $4,000,000; *provided* that cryptocurrency, cryptocurrency tokens, or other digital assets shall ***not*** constitute De Minimis Assets and are not subject to these De Minimis Asset Sale Procedures.  Unless otherwise agreed in writing by the Committee (email sufficient) and on five days' notice to the United States Trustee (email sufficient),[3] any sale of De Minimis Assets under this Order must be in return for cash consideration.

---

[3]    Email to Gregory Pesce (gregory.pesce@whitecase.com) and Aaron Colodny (aaron.colodny@whitecase.com) shall constitute sufficient notice to counsel to the Committee as required in this section.

3.       Pursuant to section 363(b) of the Bankruptcy Code, the Debtors are authorized to sell De Minimis Assets at arms'-length to unaffiliated third parties outside the ordinary course of business without further order of the Court, in accordance with the following De Minimis Asset Sale Procedures; *provided*, that the Debtors shall consult[4] with the Official Committee of Unsecured Creditors (the "Committee") (and with notice to the U.S. Trustee), regarding the process for selling such De Minimis Assets prior to commencing such process and promptly notify the advisors of the Committee of any bid received with respect to a De Minimis Asset or proposed agreement with respect to the sale of such De Minimis Asset; *provided*, *further* that the total value of sales of De Minimis Assets in accordance with this Order shall not exceed $215,000,000 during the course of these chapter 11 cases absent further order of the Court:

a.       With regard to proposed sales of De Minimis Assets in any individual transaction or series of related transactions to or from a single buyer or group of related buyers with a total transaction value, as calculated within the Debtors' reasonable discretion, and in consultation with the Committee (and with notice to the U.S. Trustee), less than or equal to $300,000, provided that, if the transaction value of any De Minimis Asset sale is less than 30% of its book value, then the procedures provided in Paragraph 3(b) shall be followed:

i.       the Debtors are authorized to consummate such sales if the Debtors determine in their reasonable exercise of business judgment that such transactions are in the best interest of the estates, without further order of the Court, subject to the procedures set forth herein;

ii.       the Debtors shall, at least three (3) business days prior to closing any such sale, provide written notice to counsel for the Committee (email being sufficient) and any known affected creditor(s), including counsel

---

[4]       The Debtors shall hold a weekly call (unless otherwise agreed) with Committee advisors to provide information regarding the sales process with respect to, or proposed sales of, any De Minimis Assets.

to any creditor asserting a Lien or other interest in the relevant De Minimis Asset(s) (an "Affected Creditor"), including, (a) a description of the assets, (b) the purchase price, (c) the purchaser, (d) a copy of the sale agreement evidencing the terms of the sale (if any) or, alternatively, a summary of the material economic terms and conditions of the sale, (e) the net book value of the asset(s) being sold, (f) a summary of any marketing efforts with regard to the sale, (g) any commission, fees, or similar expenses to be paid in connection with such sale, (h) the closing date of such sale, (i) identification of the Debtor that owns the De Minimis Assets, and (j) the intended use of the sale proceeds.

iii.  to the extent the Committee or an Affected Creditor timely objects in writing to any such sale (email to the Debtors' counsel being sufficient) no later than one calendar day prior to the closing of such sale, the Debtors shall be required to follow the procedures in Section 3(b), below; *provided*, that if no timely written objection is made, the Debtors are authorized to consummate such sale immediately; and*provided*, *further*, that the Debtors will promptly provide copies of any timely written objection to Milbank LLP (attn: Dennis Dunne, Andrew Leblanc, Nelly Almeida) and Jones Day (attn: Joshua M. Mester) (email being sufficient); and

iv.  any such transactions shall be, without need for any action by any party, final and fully authorized by the Court and may be, as provided in the documentation governing the applicable transaction, final and free and clear of all Liens with such Liens attaching only to the proceeds of such transactions with the same validity, extent, and priority as immediately prior to the transaction; and

v.  good faith purchasers of assets pursuant to these De Minimis Asset Sale Procedures shall be entitled to the protections of section 363(m) of the Bankruptcy Code.

b.  With regard to sales of De Minimis Assets in any individual transaction or series of related transactions to or from a single buyer or group of related buyers with a total fair market value, as calculated within the Debtors' reasonable discretion and certified by officer's certificate delivered to the Committee, and in consultation with the Committee (and with notice to the U.S. Trustee), greater than $300,000 and less than or equal to $4,000,000:

i.  the Debtors are authorized to consummate such transactions if the Debtors determine in the reasonable exercise of their business judgment that such transactions are in the best interest of the estates, without further order of the Court, subject to the procedures set forth herein;

ii.  the Debtors shall, at least seven (7) calendar days prior to closing any such sale, file a notice of such transaction on the docket of these

chapter 11 cases substantially in the form attached hereto as **Exhibit 1** (each notice, a "Sale Notice") and provide service of such notice by email or overnight mail to (a) the United States Trustee for the Southern District of New York (the "U.S. Trustee"); (b) counsel to the Committee; (c) any known affected creditor(s), including counsel to any creditor asserting a Lien on the relevant De Minimis Assets or other interest in such assets; and (d) those parties requesting notice pursuant to Bankruptcy Rule 2002 (collectively, the "Sale Notice Parties");

iii.    the content of the notice sent to the Sale Notice Parties for the applicable sale of De Minimis Assets shall consist of: (a) identification of the De Minimis Assets being sold; (b) identification of the Debtor that owns the De Minimis Assets; (c) identification of the purchaser of the De Minimis Assets; (d) the identities of entities known to the Debtors as holding Liens or other interests in the De Minimis Assets, if any; (e) the purchase price and the material economic terms and conditions of the sale; (f) a summary of the marketing process employed; (g) a copy of the sale agreement evidencing the sale of the De Minimis Assets, if applicable; (gh) any commission fees, or similar expenses to be paid in connection with such transaction; (hi) the proposed order authorizing such sale (if any); and (ij) the intended use of the sale proceeds;

iv.    if the terms of a proposed sale are materially amended after transmittal of the Sale Notice, the Debtors shall file an amended Sale Notice (the "Amended Sale Notice") and provide service of such Amended Sale Notice by email or overnight mail to the Sale Notice Parties, after which the Sale Notice Parties shall have an additional three calendar days to object to such sale prior to closing such sale or effectuating such transaction;

v.    if the Sale Notice Parties do not notify the Debtors in writing (email to counsel being sufficient) of their objection to the sale within the greater of (a) seven (7) calendar days of service of such Sale Notice or (b) three (3) calendar days of service of an Amended Sale Notice, as applicable (the "Sale Notice Period"), the Debtors are authorized to consummate such transaction immediately;

vi.    if the Debtors receive a timely a written objection from a Sale Notice Party (email to counsel being sufficient) within the Sale Notice Period that cannot be resolved, the transaction can be consummated only upon withdrawal of such written objection or further order of the Court after notice and a hearing; *provided, further,* that the Debtors will promptly provide copies of any timely written objection to Milbank LLP (attn: Dennis Dunne, Andrew Leblanc, Nelly Almeida) and Jones Day (attn: Joshua M. Mester) (email being sufficient);

vii.    any such transactions shall be, without need for any action by any party, final and fully authorized by the Court and may be, as provided in the

documentation governing the applicable transaction, final and free and clear of all Liens with such Liens attaching only to the proceeds of such transactions with the same validity, extent, and priority as immediately prior to the transaction; and

viii.  good faith purchasers of assets pursuant to these De Minimis Asset Sale Procedures shall be entitled to the protections of section 363(m) of the Bankruptcy Code.

4.  Pursuant to section 554(a) of the Bankruptcy Code, the Debtors are authorized to abandon De Minimis Assets with a net book value of less than $50,000 in accordance with the following procedures (the "De Minimis Asset Abandonment Procedures"):

a.  The Debtors shall file notice of the abandonment on the docket of these chapter 11 cases substantially in the form attached hereto as **Exhibit 2** (each notice, an "Abandonment Notice") and shall serve such Abandonment Notice on the Sale Notice Parties by email or overnight mail;

b.  The Abandonment Notice shall contain: (a) a description in reasonable detail of the De Minimis Assets to be abandoned, including the projected book value of the assets being abandoned as reflected in the Debtors' books and records; (b) the identities of holders known to the Debtors as holding Liens on the De Minimis Assets; (c) the identification of the Debtor entity that owns the De Minimis Assets; (d) the net book value of the De Minimis Assets and (e) the Debtors' reasons for such abandonment;

c.  If the Sale Notice Parties do not notify the Debtors in writing (email being sufficient) of their objection to the Abandonment Notice within ten calendar days after the date of service of such Abandonment Notice, then the Debtors are authorized to immediately proceed with the abandonment; and

d.  If the Debtors receive a timely written objection from a Sale Notice Party (email being sufficient) within ten calendar days after the date of service of such Abandonment Notice that cannot be resolved, then the relevant De Minimis Asset shall only be abandoned upon withdrawal of such written objection or further order of the Court after notice and a hearing.

5.  For the avoidance of doubt, the De Minimis Asset Sale Procedures and De Minimis Asset Abandonment Procedures shall not apply to any cryptocurrency, cryptocurrency tokens, or other digital assets, which may not be used, sold, swapped, transferred, abandoned, or otherwise dealt with pursuant to the authority granted herein.

6.      This Order shall not govern the sale or abandonment of, or authorize the Debtors to sell or abandon, any De Minimis Assets to any "insiders," as that term is defined in section 101(31) of the Bankruptcy Code, any nonstatutory insiders, or any Affiliates of any insider or nonstatutory insider.

7.      No objection to the relief requested in the Motion combined with no timely objection to the sale of De Minimis Assets in accordance with the terms of this Order shall be determined to be "consent" to such sale within the meaning of section 363(f)(2) of the Bankruptcy Code.

8.      Sales of De Minimis Assets are, without need for any action by any party, free and clear of all Liens, to the extent permitted by section 363(f) of the Bankruptcy Code, with such Liens attaching to the proceeds of such sale with the same validity, extent, and priority as had attached to such De Minimis Assets immediately prior to such sale, unless an objection is made to such sale and sustained by the Court. The holder of any valid lien, claim, encumbrance, or interest on such De Minimis Assets shall, as of the effective date of such sale, be deemed to have waived and released such lien, claim, encumbrance, or interest, without regard to whether such holder has executed or filed any applicable release, and such lien, claim, encumbrance, or interest shall automatically, and with no further action by any party, attach to the proceeds of such sale. Notwithstanding the foregoing, any such holder of such a lien, claim, encumbrance, or interest is authorized and directed to execute and deliver any waivers, releases, or other related documentation, as reasonably requested by the Debtors.

9.      Purchasers and transferees of De Minimis Assets are entitled to the protections afforded to good-faith purchasers under section 363(m) of the Bankruptcy Code.

10.      Sales of De Minimis Assets shall be deemed arm's-length transactions entitled to the protections of section 363(m) of the Bankruptcy Code.

11.      Notwithstanding anything to the contrary in this Order, the proceeds from any sale of De Minimis Assets may only be used in accordance with the *Interim Order (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management System, (B) Honor Certain*

7

*Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (D) Continue to Perform Intercompany Transactions, (II) Granting Superpriority Administrative Expense Status to Postpetition Intercompany Balances, and (III) Granting Related Relief* [Docket No. 56] and any other order of the Court relating to the subject matter thereof, subject to any timely objection to any proposed sale in accordance with Paragraph 3 above, which objection may include an objection to the proposed use of the sale proceeds.

12.    The Debtors shall provide a written report to the Court, the U.S. Trustee, ~~and~~ counsel to any statutory committee appointed in these chapter 11 cases, and those parties requesting notice pursuant to Bankruptcy Rule 2002, beginning with the month ending on August 31, 2022, and each month thereafter, no later than thirty ~~(30)~~ days after the end of each such month, concerning any such transactions consummated during the preceding month pursuant hereto, including the names of the purchasing or selling parties, as applicable, the sale price for any De Minimis Asset sold, and the net book value of any abandoned De Minimis Asset.

13.    The Sale Notice with regard to the sale of De Minimis Assets substantially in the form attached hereto as **Exhibit 1** is hereby authorized and approved.

14.    Service of the Sale Notice in the manner set forth in the De Minimis Asset Procedures is sufficient notice of the sale of such De Minimis Assets.

15.    The Abandonment Notice with regard to the abandonment of De Minimis Assets substantially in the form attached hereto as **Exhibit 2** is hereby authorized and approved.

16.    Service of the Abandonment Notice in the manner set forth in the De Minimis Asset Abandonment Procedures is sufficient notice of the abandonment of such De Minimis Assets.

17.    With respect to all sale transactions consummated pursuant to this Order, provided the procedures in this Order are followed, this Order shall be sole and sufficient evidence of the transfer of title to any particular buyer, and the sale transactions consummated pursuant to this Order shall be

binding upon and shall govern the acts of all persons and entities who may be required by operation of law, the duties of their office, or contract to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the property sold pursuant to this Order, including without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, administrative agencies, governmental departments, secretaries of state and federal, state, and local officials, and each of such persons and entities is hereby directed to accept this Order as sole and sufficient evidence of such transfer of title and shall rely upon this Order in consummating the transactions contemplated hereby.

18.    The Debtors are authorized, with the prior written consent (email sufficient) of counsel to the Committee (and with notice to the U.S. Trustee), to pay those reasonable and necessary fees and expenses incurred in the sale of De Minimis Assets, including commission fees to agents, brokers, auctioneers, and liquidators.[5]

19.    Except pursuant to written agreement of the Committee, notwithstanding anything to the contrary in (1) an order approving the Debtors' proposed retention of Centerview Partners, LLC ("Centerview") or (2) the engagement letter between Centerview and the Debtors (the "Centerview Engagement Letter"), any sale pursuant to the De Minimis Asset Sale Procedures shall not constitute a

---

[5]    The Debtors shall not pay fees and expenses of estate-retained professionals in connection with such sale, however, other than in accordance with any motion filed by the Debtors to approve procedures for interim compensation and reimbursement of expenses for professionals.

"Minority Sale" as such term is defined in the *Debtors' Application for Entry of an Order (I) Authorizing the Employment and Retention of Centerview Partners LLC as Investment Banker for the Debtors Effective as of July 13, 2022, (II) Approving the Terms of the Centerview Agreement, (III) Waiving Certain Reporting Requirements Pursuant to Local Rule 2016-2, and (IV) Granting Related Relief* [Docket No. 362].

20.    Counsel to the Committee or the United States Trustee is authorized to seek emergency relief from this Court on three (3) calendar days' notice if counsel to the Committee reasonably believes that the Debtors have not complied, or are not complying, with any provision of this Order and is unable, after consultation with counsel to the Debtors (and with notice to the U.S. Trustee or the Committee, as applicable), to resolve or correct such compliance issues in a reasonably timely manner.

21.    Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed:  (a) an admission by the Debtors or the Committee as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' or the Committee's respective rights to dispute any particular claim on any grounds; (c) a promise or requirement by the Debtors or any third party (including any member of the Committee) to pay any particular claim; (d) a request or authorization by any Debtor to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (e) a waiver or limitation of the Debtors' or the Committee's respective rights under the Bankruptcy Code or any other applicable law; (f) a concession by the Debtors or the Committee that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors and the Committee each expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens; or (g) a concession by the Committee that any property is property of the Debtors' estates.

22.    Nothing contained herein shall prejudice the rights of the Debtors to seek authorization for the use, sale, or transfer of any asset under section 363 of the Bankruptcy Code.

23.     Notwithstanding anything to the contrary in the Motion, this Order, or any findings announced at the hearing, nothing in the Motion, this Order, or announced at the hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis are expressly reserved.

24.     Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

25.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

26.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

27.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2022

_____
THE HONORABLE MARTIN GLENN
CHIEF UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit 1</u>**

**Form of Sale Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

---

**NOTICE OF SALE OF CERTAIN DE MINIMS ASSETS**

**PLEASE TAKE NOTICE** that, on July 13, 2022, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

**PLEASE TAKE FURTHER NOTICE** that, on [  ], the United States Bankruptcy Court for the Southern District of New York (the "Court") approved an *Order Establishing Procedures for De Minimis Asset Sales* [Docket No. [  ]] (the "Sale Procedures Order"),[2] whereby the Court authorized the Debtors to sell certain De Minimis Assets.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Sale Procedures Order, the Debtors propose to sell the De Minimis Assets set forth and described on **Exhibit A** attached hereto (the "Sale Assets"). **Exhibit A** provides, for each Sale Asset (a) identification of the Sale Assets being sold; (b) identification of the Debtor that owns the Sale Assets; (c) identification of the purchaser of the Sale Assets; (d) the identities of entities known to the Debtors as holding Liens or other interests in the Sale Assets, if any; (e) the purchase price and the material economic terms and conditions of the sale; (f) a summary of the marketing process employed; (g) a copy of the sale agreement evidencing the sale of the Sale Assets, if applicable; (gh) any commission fees, or similar expenses to be paid in connection with such transaction; (hi) the proposed order authorizing such sale (if any); and (ij) the intended use of the sale proceeds.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

[2] Where context requires, capitalized terms used, but not otherwise defined herein shall have the meaning ascribed to such terms in the Sale Procedures Order.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Sale Procedures Order, if the terms of a proposed sale are materially amended after transmittal of this notice, the Debtors will send a revised Sale Notice (the "Amended Sale Notice") to the parties entitled to receive this notice pursuant to the Sale Procedures Order (the "Sale Notice Parties"), after which the Sale Notice Parties shall have an additional three (3) calendar days to object to such sale prior to closing such sale or effectuating such transaction.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Sale Procedures Order, any recipient of this notice may object to the proposed transaction within the greater of (i) seven (7) calendar days of service of this notice, or (ii) three (3) calendar days of service of an Amended Sale Notice, as applicable (the "Sale Notice Period"). Objections: (a) **must be in writing**; (b) **must be received within the Sale Notice Period**; and (c) must be submitted by email, mail or facsimile to (i) proposed counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C. (jsussberg@kirkland.com) and Simon Briefel (simon.briefel@kirkland.com), and 300 North LaSalle, Chicago, Illinois 60654; Attn: Patrick Nash, Jr., P.C. (patrick.nash@kirkland.com), Ross M. Kwasteniet, P.C. (ross.kwasteniet@kirkland.com), and Heidi Hockberger (heidi.hockberger@kirkland.com), and (ii) proposed counsel to the Official Committee of Unsecured Creditors, White & Case LLP, 111 South Wacker Drive, Suite 5100, Chicago, Illinois 6060, Attn: Gregory F. Pesce (gregory.pesce@whitecase.com), and 555 South Flower Street, Suite 2700, Los Angeles, California 90071, Attn: Aaron Colodny (aaron.colodny@whitecase.com), and (iii) the United States Trustee, Attn: Shara Cornell (shara.cornell@usdoj.gov). If you object, the Debtors may not sell the Sale Assets unless you and the Debtors consensually resolve the objection or upon further Court order after notice and a hearing approving the sale of such Sale Assets.

**PLEASE TAKE FURTHER NOTICE** that if no party objects to the sale of the Sale Assets, such sale shall be free and clear of all liens and other encumbrances, to the extent permitted by section 363(f) of the Bankruptcy Code, with such liens and other encumbrances attaching to the proceeds of such sale with the same validity, extent, and priority as had attached to such De Minimis Assets immediately prior to such sale, and the failure to object shall be deemed to be consent to such sale under section 363(f)(2) of the Bankruptcy Code.

New York, New York
Dated: [   ], 2022

*/s/ DRAFT*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:          jsussberg@kirkland.com

 - and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200
Email:          patrick.nash@kirkland.com
                ross.kwasteniet@kirkland.com

*Proposed Counsel to the Debtors and*
*Debtors in Possession*

## **Exhibit 2**

**Form of Abandonment Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

<u>**NOTICE OF ABANDONMENT OF CERTAIN DE MINIMIS ASSETS**</u>

**PLEASE TAKE NOTICE** that, on July 13, 2022, the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

**PLEASE TAKE FURTHER NOTICE** that, on [ ], the United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>") approved an *Order Establishing Procedures for De Minimis Asset Sales* [Docket No. [ ]] (the "<u>Sale Procedures Order</u>"), whereby the Court authorized the Debtors to abandon certain non-core De Minimis Assets (as defined in the Sale Procedures Order) valued at no more than $50,000.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Sale Procedures Order, the Debtors propose to abandon the De Minimis Assets set forth and described on **<u>Exhibit A</u>** attached hereto, which exhibit also sets forth (a) a description in reasonable detail of the De Minimis Assets to be abandoned (the "<u>Abandoned Assets</u>"), including the projected book value of the assets being abandoned as reflected in the Debtors' books and records; (b) identities of holders of any liens, claims, interests, and encumbrances on the Abandoned Assets known to the Debtors,; (c) the identification of the Debtor entity that directly owns the Abandoned Assets; (d) the net book value of the Abandoned Assets and (e) the Debtors' reasons for such abandonment.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Sale Procedures Order, any recipient of this notice may object to the proposed transaction within ten calendar days of service of this

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

notice. Objections: (a) **must be in writing**; (b) **must be received within ten calendar days of service of this notice**; and (c) must be submitted by email, mail or facsimile to (i) proposed counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C. (jsussberg@kirkland.com) and Simon Briefel (simon.briefel@kirkland.com), and 300 North LaSalle, Chicago, Illinois 60654; Attn: Patrick Nash, Jr., P.C. (patrick.nash@kirkland.com), Ross M. Kwasteniet, P.C. (ross.kwasteniet@kirkland.com), and Heidi Hockberger (heidi.hockberger@kirkland.com), and (ii) proposed counsel to the Official Committee of Unsecured Creditors, 111 South Wacker Drive, Suite 5100, Chicago, Illinois 6060, Attn: Gregory F. Pesce (gregory.pesce@whitecase.com), and 555 South Flower Street, Suite 2700, Los Angeles, California 90071, Attn: Aaron Colodny (aaron.colodny@whitecase.com), and (iii) the United States Trustee, Attn: Shara Cornell (shara.cornell@usdoj.gov). If you object, the Debtors may not abandon the De Minimis Assets unless you and the Debtors consensually resolve the objection or upon further Court order after notice and a hearing approving the abandonment of such De Minimis Assets.

New York, New York
Dated: [  ], 2022

*/s/ DRAFT*
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:         jsussberg@kirkland.com

 - and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:          patrick.nash@kirkland.com
                 ross.kwasteniet@kirkland.com

*Proposed Counsel to the Debtors and*
*Debtors in Possession*