UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) ) ) | Case No. 22-10964 (MG) |
| Debtors. | ) ) ) | (Jointly Administered) |

**ORDER AUTHORIZING THE DEBTORS TO (I) PAY
NON-INSIDER SEVERANCE BENEFITS AND (II) GRANTING RELATED RELIEF**

Upon the *Debtors' Motion Seeking Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Pay Prepetition Employee Wages, Salaries, Other Compensation, and Reimbursable Expenses and (B) Continue Employee Benefits Programs and (II) Granting Related Relief* (the "Motion," ECF Doc. # 19)[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") (i) authorizing, but not directing, the Debtors to pay Non-Insider Severance Benefits and Notice Pay (as defined herein) and (ii) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declarations; and the *Declaration of Robert Campagna, Managing Director of Alvarez & Marsal North America, LLC, in Support of the Debtors' Motion Seeking Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Pay Prepetition Employee Wages, Salaries, Other Compensation, and Reimbursable Expenses and (B) Continue Employee Benefits Programs and (II) Granting Related Relief* (ECF Doc. # 636) (the "Campagna Declaration"); and having

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

considered the limited objection ("Wohlman Objection," ECF Doc. 613) of Odette Wohlman ("Ms. Wohlman") filed on August 25, 2022; this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order* of Reference from the United States District Court for the Southern District of New York, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is GRANTED on a final basis as set forth herein.

2. In the Wohlman Objection, Ms. Wohlman objects to payment of the Non-Insider Severance Benefits to the extent the requested relief does not include certain notice pay and severance pay Ms. Wohlman believes she is owed. The Wohlman Objection is OVERRULED, but nothing in this Order resolves what, if any, relief she is entitled to.

3. The Debtors are authorized, but not directed, to honor and pay Non-Insider Severance Benefits to the ten former employees identified in Exhibit A to the Campagna

Declaration and notice pay obligations to one former employee identified in Exhibit B to the Campagna Declaration (such obligations, "Notice Pay"), in the ordinary course of business and in accordance with the Debtors' prepetition policies and practices; *provided*, that the Debtors are not authorized to pay (a) any amounts that exceed the priority cap set forth in sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code or (b) any postpetition severance benefits (whether or not such benefits are Non-Insider Severance Benefits).

4. Notwithstanding anything to the contrary herein, no severance payments shall be made by or on behalf of any Debtor to any Insider without further order of this Court. Nothing in the Motion or this Order shall constitute a determination by the Court as to whether any individual seeking payment pursuant to this Order is or is not an "Insider" as that term is defined in section 101(31) of the Bankruptcy Code. Nothing in the Motion or this Order should be construed as approving any transfer pursuant to section 503(c) of the Bankruptcy Code, and a separate motion will be filed for any requests that are governed by section 503(c) of the Bankruptcy Code; *provided* that nothing herein shall prejudice the Debtors' ability to seek approval for such relief pursuant to section 503(c) of the Bankruptcy Code at a later time or the rights of any other party (including the official committee of unsecured creditors (the "Committee")) with respect to such request.

5. The Debtors are authorized, but not directed, to forward any unpaid amounts on account of Payroll Deductions or Payroll Taxes to the appropriate third-party recipients or taxing authorities in the ordinary course of business and in accordance with the Debtors' prepetition policies and practices, and are otherwise authorized, but not directed, to satisfy any Payroll Deductions or Payroll Taxes that arise as a result of a taxing authority's claim for a prepetition tax period.

6. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Order.

7. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed:  (a) an admission by the Debtors or the Committee as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' or the Committee's respective rights to dispute any particular claim on any grounds; (c) a promise or requirement by the Debtors or any third party (including any member of the Committee) to pay any particular claim; (d) an implication or admission by the Debtors or the Committee that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization by any Debtor to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' or the Committee's respective rights under the Bankruptcy Code or any other applicable law; (g) a concession by the Debtors or the Committee that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors and the Committee each expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens; (h) a finding regarding the Debtors' ordinary course practices or that any payment (whether or not made pursuant to this Order) is in fact consistent with the Debtors' ordinary course practices; or (i) to prejudice the Committee's or the Debtors' rights to challenge (whether prospectively or retroactively) any payment made by the Debtors on any basis (including that such payment does not fall within the Debtors' ordinary course practices).  Any payment made pursuant to this Order is not intended and

should not be construed as an admission by the Debtors or the Committee as to the validity of any particular claim or a waiver of the Debtors' and the Committee's respective rights to subsequently dispute such claim. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to any prepetition amounts owed to their Employees.

8. Notwithstanding anything to the contrary in the Motion, this Order, or any findings announced at the Hearing, nothing in the Motion, this Order, or announced at the Hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the rights of the United States Securities and Exchange Commission and the Committee to challenge transactions involving crypto tokens on any basis are expressly reserved.

9. The Debtors are authorized, but not directed, to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

10. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notices.

11. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

12. The Debtors are authorized, but not directed, to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

5

13. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**IT IS SO ORDERED.**

Dated: September 1, 2022
       New York, New York

                                    **/s/ Martin Glenn**
                                    MARTIN GLENN
                            Chief United States Bankruptcy Judge