**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) **FOR PUBLICATION** |
| | ) |
| | ) Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*, | ) Case No. 22-10964 (MG) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**MEMORANDUM OPINION AND ORDER SUSTAINING OBJECTIONS
TO LIFT STAY MOTION FILED BY DANIEL A. FRISHBERG**

*A P P E A R A N C E S:*

DANIEL ANATOLY FRISHBERG
*Pro Se Creditor*

KIRKLAND & ELLIS LLP
*Attorneys for the Debtor*
601 Lexington Avenue
New York, NY 10022
By:   Joshua Sussberg, Esq.

WHITE & CASE LLP
*Attorneys for the Creditor Committee*
111 S Wacker Dr Suite 5100
Chicago, IL 60606-5055
By:   Michael Andolina, Esq.
      Aaron Colodny, Esq.
      Samuel P Hershey, Esq.
      Gregory F Pesce, Esq.
      David Turetsky, Esq.

OFFICE OF THE UNITED STATES TRUSTEE
U.S. Federal Office Building
201 Varick Street, Room 1006
New York, NY 10014
By:   Shara Cornell, Esq.

**MARTIN GLENN**
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

Pending before the Court is a lift stay motion ("Motion," ECF Doc. # 342) filed by Daniel Anatoly Frishberg ("Mr. Frishberg"). On August 25, 2022, the Debtors[1] filed an objection to the Motion ("Debtors' Objection," ECF Doc. # 609). On August 26, 2022, Mr. Frishberg filed a reply to the Debtors' Objection ("Reply to Debtors' Objection," ECF Doc. # 618). On the same day, the official committee of unsecured creditors (the "Committee") filed an objection ("Committee's Objection," ECF Doc. # 620, and together with the Debtors' Objection, the "Objections"). On August 29, 2022, Mr. Frishberg filed a response to the Committee's Objection ("Response to Committee's Objection," ECF Doc. # 625). On August 31, 2022, Mr. Frishberg filed an amended Response to the Committee's Objection. ("Amended Response to Committee's Objection," ECF Doc. # 655.)[2]

A fundamental tenet of the Bankruptcy Code is equality of distribution. Chapter 11 cases are collective proceedings designed to assure that all prepetition creditors of the same class are entitled to equal treatment consistent with the absolute priority rule. Mr. Frishberg and other "Earn Account" holders appear to be unsecured creditors of Celsius, whether or not they demanded a return of the balance of their earn account before the chapter 11 petitions were filed

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

[2] The Amended Response to Committee's Objection changes the line "After the SEC and Celsius had a dispute in early 2022, Celsius stated that after March 15th only accredited investors would be allowed to deposit money into the 'earn' account, because unaccredited investors do not understand the risks of doing so" (Response to Committee's Objection at 2 (emphasis added)) to "After the SEC and Celsius had a dispute in early 2022, Celsius stated that after April 15th only accredited investors would be allowed to deposit money into the 'earn' account, because unaccredited investors do not understand the risks of doing so." (Amended Response to Committee's Objection at 2 (emphasis added).)

2

but did not receive repayment because of the "pause on repayments" imposed by the Debtors. If some unsecured creditors of an insolvent debtor receive distributions of the full amount of their prepetition claims ahead of other creditors, as Mr. Frishberg seeks here, it is less likely that other unsecured creditors will receive equal treatment—money to pay their unsecured claims will run out before each unsecured creditor receives equal treatment. Assuming that Mr. Frishberg files a timely proof of claim, or if the Debtors' schedule his claim as undisputed, or, if disputed, his claim is allowed in the claims allowance process, Mr. Frishberg will receive a *pro rata* distribution.

To receive a distribution, Mr. Frishberg and other prepetition creditors must await the confirmation of a chapter 11 plan. The delay in receiving payment may be unfortunate but it is a necessary result for an orderly bankruptcy process. The automatic stay arising from section 362(a)(1) is intended to prevent precisely what Mr. Frishberg wants to do here—the commencement or continuation of a judicial proceeding against the debtor to recover a claim against the debtor that arose before the commencement of the case. 11 U.S.C. § 362(a)(1). Mr. Frishberg and other Earn Account holders that have reached out to the Court seeking immediate repayment of their claims have sympathetic arguments supporting repayment, but fair treatment of all creditors demands that the Bankruptcy Code be followed.

For the reasons explained below, Mr. Frishberg's Motion is **DENIED**.

## I.     BACKGROUND

### A.     The Motion

Mr. Frishberg would like to lift the automatic stay to be able to litigate a lawsuit filed on July 11, 2022, due to an alleged breach of contract, which occurred when Celsius refused to close his Earn Account, as is specifically allowed under their terms of service. (Motion at 1.)

Mr. Frishberg asserts Celsius suddenly limited withdrawals and transfers on June 13, 2022 and did not announce any form of a limitation on account closures. (*Id.*)

On July 5, 2022, Mr. Frishberg told Celsius to close his Earn Account and to not pay any more interest from that date forward. (*Id.*) Instead, he alleges they ignored him, and emailed a copy of a pasted script about limiting withdrawals. (*Id.*) He provided emails with Celsius which, he argues, indicate a pattern of intentional delay. (*Id.*)

### B.   Mr. Frishberg Invested in an Earn Account

This case is in an early stage. The Debtors hope to develop a restructuring plan that will maximize value for all stakeholders. (Debtors' Objection ¶ 2.) The majority of the Debtors' creditors have unsecured claims exactly like Mr. Frishberg's—they are customers of Celsius who have been unable to access transferred cryptocurrency due to Celsius' June 12, 2022, decision to pause all withdrawals (the "Pause"). (*Id.*) The Debtors have been working with the recently appointed Committee to develop a path forward to a fair recovery for the claimants. (*Id.*)

Mr. Frishberg alleges that he invested assets into a Celsius Earn Account. (*Id.* ¶ 5.) Mr. Frishberg alleges that following the Pause, he asked Celsius to close his Earn Account but that Celsius refused to do so, and it also prevented him from withdrawing assets. (*Id.*) Mr. Frishberg filed a complaint in small claims court in Hillsborough County, Florida on July 11, 2022. (*Id.*) His complaint asserts a claim for breach of contract under Celsius' Terms of Use.[3]

---

[3]   On August 19, 2022, a notice of summons and copy of the complaint was delivered to the offices of Kirkland & Ellis LLP in Palo Alto, California. Because Frishberg's attempt at service occurred after the filing of the chapter 11 petitions, it violates the automatic stay and is void. *See* 11 U.S.C. § 362(a)(1); *Eastern Refractories Co., Inc. v. Forty Eight Insulations Inc.*, 157 F.3d 169, 172 (2d Cir. 1998) ("[T]he automatic stay is effective immediately upon filing of [bankruptcy] petition," and subsequent proceedings against debtor entities are "void and without vitality." (citation omitted)).

Mr. Frishberg's allegations are similar to nearly 30 other prepetition, small claims complaints that have been filed against the Debtors in state courts around the country. (*Id.*) Like Mr. Frishberg's, these complaints allege claims based on customers' inability to withdraw their investments following the Pause. (*Id.* ¶ 6.)

### C. The Debtors' Objection

The Debtors' Objection states that Mr. Frishberg failed to demonstrate cause for relief from the automatic stay. (Debtors' Objection at 7.) The Debtors further argue that Mr. Frishberg does not establish extraordinary circumstances, nor has he carried the initial burden of demonstrating a *prima facie* showing of cause to lift the stay. (*Id.* ¶ 9.) The Debtors argue that litigating Mr. Frishberg's claims in other forums would interfere with the Chapter 11 cases; lifting the stay would prejudice other creditors; the Debtors' estates would bear financial responsibility for defending Mr. Frishberg's claims; this Court is capable of adjudicating state law breach of contract disputes; there are no third parties involved; lifting the stay will not promote judicial economy; and lastly, the harm to the Debtors' reorganization by lifting the stay outweighs any harm the stay imposes on Mr. Frishberg. (*Id.*) The Debtors also underscore that if Mr. Frishberg's litigation is permitted to move forward, it would open the floodgates to hundreds (or thousands) of identical motions, which would impair the Debtors' efforts to maximize value and distribute that value fairly and efficiently to their stakeholders. (*Id.* ¶ 2.) Additionally, the Debtors assert they are exploring restructuring alternatives and the terms of a potential Chapter 11 plan with counsel for the Committee and the Ad Hoc Groups to navigate a consensual path forward in these Chapter 11 cases. (*Id.* ¶ 9.)

### D. The Response to the Debtors' Objection

Mr. Frishberg argues the Debtors have not presented any clear restructuring plan. (*Id.*) He asserts his Motion requesting an exemption to automatic stay would not "open the floodgates" because he specifically instructed Celsius to close his account and terminate his relationship with them as was allowed in the contract. (*Id.* at 2) Mr. Frishberg also details the impact on his physical and mental health and financial stability. (*Id.*)

### E. The Committee's Objection

The Committee objects to the Motion because it fails to demonstrate cause to justify allowing Mr. Frishberg's lawsuit to proceed, and because granting the Motion would prejudice efforts to maximize value for the benefit of all account holders and unsecured creditors. (Committee Objection ¶ 2.) The Committee argues the lawsuit and Mr. Frishberg's claims raise allegations against Celsius that are similar (if not identical) to those raised by other account holders who have asserted (or will assert) claims against the Debtors. (*Id.*)

Mr. Frishberg's claims raise serious allegations against Celsius, which the Committee is currently investigating and are the subject of formal requests to produce documents under Bankruptcy Rule 2004 that were served by the Committee on the Debtors and Alex Mashinsky on August 19, 2022. (*Id.* ¶ 3.) The Debtors have promised to cooperate in the Committee's investigation and have been working with the Committee to promptly produce the documents and information the Committee seeks. (*Id.*)

### F. The Amended Response to the Committee's Objections

Mr. Frishberg believes the Committee's Objection should be overruled because of (a) their mistaken inclusion of him into the bankruptcy proceedings; (b) violations of Celsius' fiduciary duty to him as a client; (c) unnecessary waste of administrative resources that are

6

enormous in comparison to Celsius' debt to him; (d) and exempting him from bankruptcy would not cause a flood of people suing Celsius because no creditor is in the same position as him. (Amended Response to Committee's Objection at 1.)  He further argues he is not an unsecured creditor, and he should not be considered a creditor at all.  (*Id.*)

## II.    LEGAL STANDARD

Section 362(a)(1) of the Bankruptcy Code imposes an automatic stay of the commencement or continuation of all litigation against a debtor upon the debtor's filing of a bankruptcy petition.  *See* 11 U.S.C. § 362(a)(1); *In re Project Orange Assocs., LLC*, 432 B.R. 89, 101 (Bankr. S.D.N.Y. 2010).

Under section 362(d), a party in interest can seek relief from the automatic stay.  Section 362(d), in relevant part, provides:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

11 U.S.C. § 362(d).

To prevail on a motion to lift the automatic stay under section 362(d), a movant must establish a *prima facie* case that there is cause to lift the stay.  Neither section 362(d)(1) nor the legislative history defines what constitutes "cause" for relief from the automatic stay.  *In re Touloumis*, 170 B.R. 825, 828 (Bankr. S.D.N.Y. 1994).  "'Cause' is an intentionally broad and flexible concept which must be determined on a case-by-case basis."  *Project Orange*, 432 B.R. at 103 (quoting *In re Brown*, 311 B.R. 409, 412–13 (E.D. Pa. 2004)) (internal citation omitted).  The decision whether to grant relief from the automatic stay falls within the discretion of the

bankruptcy court. *Burger Boys, Inc. v. S. St. Seaport Ltd. P'ship (In re Burger Boys, Inc.)*, 183 B.R. 682, 687–88 (S.D.N.Y. 1994).

Courts in the Second Circuit consider the twelve factors established in the Court of Appeals decision in *Sonnax Industries, Inc. v. Tri-Component Products Corp. (In re Sonnax Indus., Inc.)*, 907 F.2d 1280 (2d Cir. 1990), to determine, on a case-by-case basis, whether relief from the automatic stay is appropriate. *See, e.g., In re Lehman Bros. Holdings Inc.*, 435 B.R. 122, 138 (S.D.N.Y. 2010), *aff'd sub nom Suncal Cmtys. I LLC v. Lehman Commercial Paper, Inc.*, 402 F. App'x 634 (2d Cir. 2010) ("Sonnax . . . is routinely referenced as the leading relief from stay precedent in this Circuit."). The twelve *Sonnax* factors are:

> (1) whether relief would result in a partial or complete resolution of the issues;
> (2) lack of any connection with or interference with the bankruptcy case
> (3) whether the other proceeding involves the debtor as a fiduciary;
> (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;
> (5) whether the debtor's insurer has assumed full responsibility for defending it;
> (6) whether the action primarily involves third parties;
> (7) whether litigation in another forum would prejudice the interests of other creditors;
> (8) whether the judgment claim arising from the other action is subject to equitable subordination;
> (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;
> (10)  the interests of judicial economy and the expeditious and economical resolution of litigation;
> (11)  whether the parties are ready for trial in the other proceeding; and
> (12)  impact of the stay on the parties and the balance of harms.

Not all of the *Sonnax* factors are relevant in every case. *Spencer v. Bogdanovich (In re Bogdanovich)*, 292 F.3d 104, 110 (2d Cir. 2002) (citing *Mazzeo v. Lenhart (In re Mazzeo)*, 167 F.3d 139, 143 (2d Cir. 1999)). The Court need not assign equal weight to each factor. *In re Keene Corp.*, 171 B.R. 180, 183 (Bankr. S.D.N.Y. 1994). Courts have recognized what constitutes "cause" to be "a broad and flexible concept that must be determined on a case by case

basis." *In re AMR Corp.*, 485 B.R. 279, 295 (Bankr. S.D.N.Y. 2013) (citing *In re Bogdanovich*, 292 F.3d at 110).

### III. DISCUSSION

The twelve *Sonnax* factors determine whether relief from the automatic stay is appropriate. Not all of the *Sonnax* factors are relevant in every case. *In re Bogdanovich*, 292 F.3d at 110. An analysis under the following *Sonnax* factors below sufficiently establishes that the Objections should be **SUSTAINED** and the Motion should be **DENIED.**

(1) Lack of Any Connection With or Interference With the Bankruptcy Case

Mr. Frishberg's lawsuit is connected to, and would interfere with, the Debtors' Chapter 11 cases because it is "inextricably intertwined" with them. *Sonnax*, 907 F.2d at 1286–87. (Debtors' Objection ¶ 11.) The majority of the Debtors' creditors are Celsius customers like Mr. Frishberg, whose cryptocurrency accounts with Celsius were frozen because of the Pause. (*Id*.) Therefore, formulating a plan that maximizes value and provides an efficient and equitable distribution to those creditors is central to the restructuring process. (*Id*. ¶ 10.) *See In re New York Classic Motors, LLC*, 2021 WL 2285440, at *5 (Bankr. S.D.N.Y. June 4, 2021) (adopting debtor's argument that "given that the Concession Agreement, the remaining term and the amounts due by the Debtor thereunder are issues central to the chapter 11 case, . . . the Bankruptcy Court is the most economical and expeditious forum to adjudicate the disputes between the parties").

The Debtors argue creditors' claims must be addressed through the centralized bankruptcy process, not through individual lawsuits, as the latter would delay and interfere with the Chapter 11 cases. (*Id*.) The Court agrees. Rather than divert attention to litigation, the Debtors' focus should remain on the restructuring process, for the benefit

9

of all stakeholders. (*Id.* ¶ 13.) This factor weights in favor of denying the Motion.

> (2) Whether a Specialized Tribunal with the Necessary Expertise has been Established to Hear the Cause of Action/Whether the Action Primarily Involves Third Parties

Mr. Frishberg's lawsuit involves a state law breach of contract claim which does not require a specialized tribunal. "This Court has significant experience in applying state law." *In re Bally Total Fitness of Greater New York, Inc.*, 402 B.R. 616, 624 (Bankr. S.D.N.Y.), *aff'd*, 411 B.R. 142 (S.D.N.Y. 2009); *see also In re Motors Liquidation Co.*, No. 09-50026 REG, 2010 WL 4630327, at *5 (S.D.N.Y. Nov. 8, 2010) (affirming denial of lift stay motion in part because "the United States District Court for the Middle District of Florida [is] not a 'specialized tribunal' with any unique expertise in adjudicating ERISA actions"). (Debtors' Objection ¶ 13.) Additionally, Mr. Frishberg's claims do not involve any third parties; Debtor Celsius Network LLC is the sole defendant. (*Id.*) Together, these factors weigh in favor of denying relief. (*Id.*)

> (3) Whether Litigation in Another Forum Would Prejudice the Interests of Other Creditors

The automatic stay levels the playing field and ensures that creditors need not rush to other forums to preserve their rights. (*Id.* ¶ 14.) Granting Mr. Frishberg's Motion would be inconsistent with two key tenets of Chapter 11: equal treatment among similarly situated creditors and an orderly process. (*Id.*) Only Mr. Frishberg stands to benefit from a successful motion, while the automatic stay would continue to prohibit other constituents from pursuing their claims outside this Court. (*Id.*) This is especially problematic here, where Mr. Frishberg's complaint is substantially identical to 30 other complaints already filed in various small claims courts around the country—to say nothing of the claims held by other unsecured creditors who did not file actions before the petition date. (*Id.*) If granted, the Motion would

invite others to seek similar relief. *In re SunEdison, Inc.*, 557 B.R. 303, 308–09 (Bankr. S.D.N.Y. 2016) (finding for debtors on this factor based, in part, on risk of "encourag[ing] other claimants to file their own stay relief motions"). (*Id.*) This factor weighs in favor of denying the Motion.

    (4) <u>The Interests of Judicial Economy and the Expeditious and Economical Resolution of Litigation</u>

There are many complaints, similar to Mr. Frishberg's, currently pending against the Debtors that raise nearly identical allegations. (*Id.* ¶ 17.) Those allegations will be resolved by this Court during the bankruptcy proceeding. (*Id.*) Lifting the stay against Mr. Frishberg's lawsuit would lead to a duplication of efforts for both the parties and the Court and has the potential of leading to inconsistent judgments for similarly situated creditors. (*Id.*) *See In re Conejo Enterprises, Inc.*, 96 F.3d 346, 353 (9th Cir. 1996) ("By staying the state action, the bankruptcy court promoted judicial economy and efficiency by minimizing the duplication of litigation in two separate forums and preventing litigation of a claim that may have been discharged in bankruptcy proceedings."). This factor weighs in favor of denying the Motion.

    (5) <u>Impact of the Stay on the Parties and the Balance of Harms</u>

Unsecured creditors like Mr. Frishberg bear a heavy burden in proving that the balance of hardships favors lifting the stay, and he simply has not met the burden here. (*Id.*) *See In re Residential Capital, LLC*, 508 B.R. 838, 848 (Bankr. S.D.N.Y. 2014) (Glenn, J.) ("If the movant is an unsecured creditor, the policies of the automatic stay weigh against granting the relief requested."); *In re W.R. Grace & Co.*, 2007 WL 1129170, at *3 (Bankr. D. Del. Apr. 13, 2007) (stating that creditors bear "the heavy and possibly insurmountable burden of proving that the balance of hardships tips significantly in favor of granting relief").

Lifting the stay here would harm both the Debtors and the creditors in this case. Forcing the Debtors to litigate at this point would distract and hinder the Debtors from their reorganization efforts and the capacity to preserve the value of their assets for the benefit of all creditors. (Debtors' Objection ¶ 19.) Although Mr. Frishberg's claims are small in relative terms, if the Motion is granted, it will invite other lift stay motions that will be filed by similarly situated claimants, leading to an unnecessary drain on the Debtors'—and the Court's—resources. (*Id.*) Further, Mr. Frishberg fails to show he would sustain more significant harm than other similarly situated claimants if the Motion is denied. (*Id.*) There are potentially thousands of unsecured creditors similarly situated to Mr. Frishberg. (*Id.*) Mr. Frishberg has not demonstrated that he will be more prejudiced than any other potential creditor by a delay until a plan is in place. (*Id.* ¶ 20.) *See W.R. Grace & Co.*, 2007 WL 1129170, at *3 ("There is no indication that the state court claims are in any way unique, or that, if proven, Debtors' liability to the [movant], if any, will be distinguishable from liability for any of the other hundreds of thousands of asbestos claims asserted against Debtors."). (*Id.*) This *Sonnax* factor weighs in favor of denying the Motion.

## IV. CONCLUSION

Therefore, for the reasons explained above, the Objections are **SUSTAINED** and the Motion is **DENIED**.

**IT IS SO ORDERED.**

Dated:   September 1, 2022
         New York, New York

                                          *Martin Glenn*
                                       MARTIN GLENN
                              Chief United States Bankruptcy Judge