**Exhibit A**

**Agreed Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
: Chapter 11
In re :
: Case No. 22-10964 (MG)
CELSIUS NETWORK LLC, *et al.*,1 :
: (Jointly Administered)
:
Debtors. :
---------------------------------------------------------------x

### ORDER DIRECTING THE APPOINTMENT OF AN EXAMINER PURSUANT TO SECTION 1104(c) OF THE BANKRUPTCY CODE

Upon the motion (the "Motion") of William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), by and through his counsel, seeking the appointment of an examiner pursuant to Section 1104(c) of title 11, United States Code (the "Bankruptcy Code") [ECF No. 546]; and upon the statement and limited objection to the Motion that was filed by the above-captioned debtors and debtors in possession (the "Debtors") [ECF No. __]; and upon the statement regarding the Motion that was filed by the official committee of unsecured creditors (the "Committee") [ECF No. __]; and the Court having heard and considered all of the arguments made by parties in interest to the Motion at the hearing held on September 14, 2022 (the "Hearing"); and due and sufficient notice of the Motion having been given; and the Court having considered the evidence in the record and arguments of counsel; and concluded that the appointment of an examiner under 11 U.S.C. § 1104(c) of the Bankruptcy Code to investigate the affairs of the Debtors is appropriate on the terms and conditions set forth in this order (this "Order") and is in the best interests of creditors, any

---

1 The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

1

equity holders, and other interests of the estate; and after due deliberation and sufficient cause appearing therefore,

IT IS HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The United States Trustee is directed to appoint an examiner (the "Examiner") in these jointly administered chapter 11 cases pursuant to section 1104(c) of the Bankruptcy Code solely to conduct the examination as set forth herein and to prepare and file a report as described herein.

3. The scope (the "Scope") of the Examiner's investigation shall consist of:

   i. An examination of the Debtors' cryptocurrency holdings, including a determination as to where the Debtors' cryptocurrency holdings were stored prepetition and are stored postpetition and whether different types of accounts are commingled.
   ii. An examination as to why there was a change in account offerings beginning in April 2022 from the Earn Program to the Custody Service for some customers while others were placed in a "Withhold Account."
   iii. An examination of the Debtors' procedures for paying sales taxes, use taxes, and value added taxes and the extent of the Debtors' compliance with any non-bankruptcy laws with respect thereto.
   iv. An examination of the current status of the utility obligations of the Debtors' mining business.
   v. Subject to the terms of this Order, including paragraphs 7 and 8 hereof, otherwise perform the duties of an examiner set forth in §§ 1106(a)(3) and 1106(a)(4) of the Bankruptcy Code (collectively, the "Investigation").

The Examiner's budget with respect to the Scope of the Examiner's investigation shall be further detailed in the Work Plan (as defined herein).

4. The Debtors and the Committee shall fully cooperate with the Examiner in the performance of any of the Examiner's duties and the Investigation. The Debtors and the Committee shall use their respective reasonable best efforts to coordinate with the Examiner to avoid unnecessary interference with, or duplication of, the Investigation. To the extent that the Examiner in the context

2

of the Examination becomes aware of facts that may warrant the expansion of the Scope, the Examiner shall consult with the Debtors and the Committee prior to seeking any such relief.

5. Nothing herein shall preclude the Debtors or the Committee from conducting its own investigation regarding the Debtors, including whether the estate has claims or causes of action against any person or entity.

6. Subject to the second sentence of this paragraph, the Debtors shall provide to the Examiner all non-privileged documents and information within their possession that the Examiner reasonably deems relevant to perform the Investigation. If the Examiner seeks the disclosure of documents or information as to which the Debtors assert a claim of privilege, or otherwise object to disclosing, including on the basis that the request is beyond the scope of the Investigation, and the Examiner and the Debtors are unable to reach a resolution on whether or on what terms such documents or information should be disclosed to the Examiner, the matter may be brought before the Court for resolution. The Debtors shall contemporaneously provide to the Committee's professionals any documents or information provided to the Examiner or its professionals.

7. Within seven (7) business days after entry of the Order approving the identity of the Examiner and the appointment thereof is entered on the docket in these cases, the Examiner shall propose a work plan (the "Work Plan") and shall provide his or her budget for the Investigation consistent with this Order (the "Budget). The Work Plan and Budget shall be subject to the approval of the Court on seven (7) days' notice to all parties that have requested notice pursuant to Bankruptcy Rule 2002. For the avoidance of any doubt, the rights of all parties in interest regarding the Work Plan and the Budget are reserved.

8. The Examiner shall prepare and file a report setting forth the result of the Examiner's Investigation ("Report"), as is required by 11 U.S.C. § 1106(a)(4), within sixty (60) days following the filing of the Work Plan, unless such time shall be extended solely by order of the Court for cause shown and after notice to all parties that have requested notice pursuant to Bankruptcy Rule 2002 (and any hearing required by the Court).

9. Neither the Examiner nor the Examiner's professionals or other representatives or agents shall make any public disclosures concerning the performance of the Investigation of the Examiner's duties until the Report is filed with the Court, unless otherwise ordered by this Court.

10. The Examiner may retain attorneys and/or other professionals if he or she determines that such professionals are necessary to discharge his or her duties, all of which professionals shall file applications with this Court for approval of their retention, and each application shall be subject to Court approval under standards equivalent to those set forth in section 327 of the Bankruptcy Code.

11. The Examiner and any professionals retained by the Examiner pursuant to any order of this Court shall be compensated and reimbursed for their expenses pursuant to any procedures for interim compensation and reimbursement of expenses of professionals that are established in these cases. Compensation and reimbursement of expenses of the Examiner and any professionals retained by the Examiner shall be determined pursuant to 11 U.S.C. § 330.

12. The Examiner shall have the standing of a "party-in-interest" with respect to the matters that are within the Scope of the Investigation, and shall be entitled to appear and be heard at any and all hearings in these cases; *provided, however*, that the Examiner shall not have the standing to prosecute any claims or causes of action.

13.    This Order is without prejudice to (i) the right of any party in interest to seek relief from the Court to further expand the Scope of the Investigation and (ii) the right of the Examiner to seek such other relief from the Court as he or she may deem appropriate in furtherance of the discharge of his or her duties and the Investigation.

14.    Nothing in this Order shall impede the right of the United States Trustee or any other party to request any other lawful relief, including but not limited to the right of the United States Trustee or any other party to request the appointment of a trustee.

15.    The Examiner shall cooperate fully with any governmental agencies (such cooperation shall not be deemed a public disclosure as referenced above), including, but not limited to, any federal, state or local government agency that may be investigating the Debtors, its management or its financial condition, and the Examiner shall use best efforts to coordinate with such agencies in order to avoid unnecessary interference with, or duplication of, any investigations conducted by such agencies.

16.    The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: New York, New York
       September ___, 2022

                                                HONORABLE MARTIN GLENN
                                                UNITED STATES BANKRUPTCY JUDGE