# **DANIEL A. FRISHBERGS' OBJECTION TO THE RETENTION OF KIRKLAND AND ELLIS BY THE DEBTORS IN POSSESSION DUE SEVERAL CONFLICT OF INTERESTS**

### **Objection:**

I, Daniel A. Frishberg, do hereby formally object to the retention of Kirkland and Ellis by the debtors due to numerous conflicts of interest, which I detail immediately below.

Kirkland and Ellis should not be appointed as the debtors legal counsel because they have numerous conflicts of interests. Kirkland and Ellis is currently the legal Counsel to *Voyager Digital LLC*, who is also going through a chapter 11 bankruptcy. *Voyager* is a crypto lending firm like Celsius, both of which are owed money by *3AC*[1]. Only one of these companies will get the money, yet both are represented by Kirkland and Ellis, who know full well that one of their clients will lose. Therefore, Kirkland and Ellis cannot represent both Celsius and *Voyager* since their interests are directly conflicting. Mr. Sussberg personally is representing[2] both Celsius and Voyager, and he cannot properly advocate for Celsius's best interests while doing the same for Voyager. Mr. Sussenberg is also the legal counsel for Shlomi Daniel Leon who is a cofounder of Celsius, that is at least a 3-way conflict of interest. There could easily be more parties being represented by Kirkland and Ellis (and Mr. Sussenberg specifically) whose interests conflict with that of Celsius.

A single firm can represent conflicting parties (such as Celsius and Voyager) but a single lawyer cannot, no matter how impartial and ethical they are. Those are the rules of ethics, and breach of such rules can get lawyers disbarred. Kirkland and Ellis have allegedly also failed to disclose all of their interests fully as stated by the US Trustee: "more than 75% of the information is redacted[3]". At the very least, there must be a wall of separation (also known as a Chinese wall) between any attorneys at Kirkland and Ellis who work for Celsius, and those that work for Voyager. At worst, they must decline representation of one (or both) of the companies I mentioned above.

Kirkland has attempted to state that there is no conflict and that everything is fine: "Voyager and Celsius do not have a material, overlapping interest[4]", when that simply is not true.

---

[1] Who is in chapter 15 bankruptcy, and the founders of it are on the run.
[2] https://www.bloomberg.com/news/articles/2022-07-15/crypto-gets-a-visit-from-the-behemoth-of-bankruptcy-law
[3] https://cases.stretto.com/public/x191/11749/PLEADINGS/1174908242280000000100.pdf
[4] https://cases.stretto.com/public/x191/11749/PLEADINGS/1174908302280000000120.pdf

Celsius and Voyager **do** have an overlapping interest; they are both owed money by *3AC* which does not have the assets/funds to pay both of them fully. *In re Diva Jewelry Design, Inc.,* 367 B.R. 463, 472 (Bankr. S.D.N.Y. 2007) (quoting *In re Mercury,* 280 B.R. 35, 54 (Bankr. S.D.N.Y. 2002)); see *In re Granite Partners, L.P.*, 219 B.R. 22, 33 (Bankr. S.D.N.Y. 1998) ("An actual conflict involves the representation of 'two presently competing and adverse interests,.'"). Celsius and Voyager historically were directly competing cryptocurrency "banks[5]". Both Celsius and Voyager have direct, conflicting, overlapping interests currently. Each of them wants to get the absolute largest amount of money that they can back from *3AC*.

Kirkland and Ellis is supposed to represent the interests of the debtors, not the shareholders. The debtors and shareholders' interests are directly in conflict, which is yet another example of a flagrant conflict of interest. Mr. Sussenberg filed a motion on the 5th day of September 2022 supposedly on behalf of Celsius[6]. How is a declaration of "worthlessness[7]" by a shareholder (Mr. Leon) in the interests of the debtors? It appears that it is simply a tax write off for Mr. Leon, which would have no benefit for the debtors, and the estate should not pay for it. Also, since it was filed "on Behalf of Celsius Networks LLC", either the bankruptcy estate paid Mr. Sussenburg to file this motion (which it is not supposed to do), or Mr. Leon has retained Kirkland and Ellis/Mr. Sussenberg to represent him, which is a yet another conflict of interest.

Kirkland and Ellis also represents (and has represented in the past) the Canadian subsidiary of Celsius Networks, also known as "Cassie[8]". This is another conflict of interest. "Cassie" is not a part of the bankruptcy proceedings.

The employment by the debtor of a not disinterested party would be in violation of the bankruptcy code[9]. Mr. Sussenberg states that: "Both accounts were substantially withdrawn upon prior to the Petition Date and the current value of the accounts is now approximately $11,300." which poses the question: did Voyager have any knowledge of Celsius's impending bankruptcy? Surely that is a preferential payment if they did so. Mr. Sussenberg specifically omits when the withdrawal occurred; did it occur after the "pause" that limited all normal individuals such as myself from withdrawing? Or did it occur before? Mr. Sussenberg calls Celsius's and Voyager's competing interests "unrelated matters", but that simply is not true. Celsius and Voyager have **inextricably intertwined** interests, because they are in an almost identical situation: they are both owed money by *3AC*, they are both crypto lenders/"banks", and they both operate in almost the same manner. Mr. Sussenberg's argument is that both Voyager and Celsius are

---

[5] They both advertised themselves as safe places to deposit cryptocurrencies to earn interest, and they also gave out crypto backed loans.
[6] See Exhibit A.
[7] See Exhibit B.
[8] Paragraph 34 of
https://cases.stretto.com/public/x191/11749/PLEADINGS/1174908052280000000010.pdf

[9]  11 U.S.C. § 327. Bankruptcy Rule 2014`

cryptocurrency companies and not competing. It is like saying that *Samsung* and *Apple* are both technology companies, but are not competing. Celsius and Voyager are no longer issuing loans or accepting deposits, but they are now currently competing for limited assets in 3*AC*'s bankruptcy (and potentially competing in other ways that have not been disclosed yet).

## Conclusion

In conclusion, Your Honor should sustain my motion, and order Kirkland and Ellis to choose to represent either Celsius or Voyager, since they have overlapping and conflicting interests. Your Honor should also order Kirkland and Ellis to release a full list of all of its clients with any interests in the Celsius bankruptcy (such as shareholders), and to choose to represent either Celsius, or those other clients. Alternatively, the court could order Kirkland and Ellis to erect "strict firewall between the counsel representing *Voyager,* and the counsel representing *Celsius*[10]". The court should also order Mr. Sussenberg to recuse himself and only work on either Celsius's or Voyager's case. There is clearly several conflicting interests that are all being represented by Kirkland and Ellis, and specifically Mr. Sussenberg, as the US Trustee has also pointed out[11]. I am not asking to disbar or censure Mr. Sussenberg for his blatant breach of ethical obligations, but merely to order Mr. Sussenberg to recuse himself.

Exhibit A:

| 719 | 09/05/2022 | 58, 525 |

Declaration of Status as a Substantial Shareholder (related document(s)[58], [525]) filed by Joshua Sussberg on behalf of Celsius Network LLC. (Sussberg, Joshua)

---

[10] Page 3, paragraph 2 of
https://cases.stretto.com/public/x191/11749/PLEADINGS/1174908302280000000120.pdf

[11] As stated in the US Trustee's *OMNIBUS OBJECTION TO DEBTORS' RETENTION APPLICATIONS*.

Exhibit B:

**PLEASE TAKE FURTHER NOTICE** that, as of August 31, 2022, the undersigned party currently has Beneficial Ownership of 32,600 shares of Common Stock in Debtor Celsius Network Inc. The following table sets forth the date(s) on which the undersigned party acquired Beneficial Ownership of such Common Stock and/or Preferred Stock:

| Debtor Entity | Number of Shares | Type of Stock (Common/Preferred) | Date Acquired |
|---|---|---|---|
| Celsius Network Inc. | 32,600 | Common | February 11, 2018 |

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are 8443.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain *Interim Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and Preferred Stock and (II) Granting Related Relief* [Docket No. 58] (the "Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Notice Parties (as defined in the Order).

**PLEASE TAKE FURTHER NOTICE** that, at the election of the Substantial Shareholder, the Declaration to be filed with this Court (but not the Declaration that is served upon the Notice Parties) may be redacted to limit the Substantial Shareholder's taxpayer identification number to the last four digits.