| | |
|---|---|
| Joshua A. Sussberg, P.C. | Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*) |
| **KIRKLAND & ELLIS LLP** | Ross M. Kwasteniet, P.C. (admitted *pro hac vice*) |
| **KIRKLAND & ELLIS INTERNATIONAL LLP** | **KIRKLAND & ELLIS LLP** |
| 601 Lexington Avenue | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| New York, New York 10022 | 300 North LaSalle Street |
| Telephone:    (212) 446-4800 | Chicago, Illinois 60654 |
| Facsimile:    (212) 446-4900 | Telephone:    (312) 862-2000 |
| | Facsimile:    (312) 862-2200 |

*Proposed Counsel to the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |
| | **Re Docket No.: 546** |

**DEBTORS' RESPONSE AND LIMITED OBJECTION
TO THE MOTION OF THE UNITED STATES TRUSTEE FOR ENTRY
OF AN ORDER DIRECTING THE APPOINTMENT OF AN EXAMINER**

The above-captioned debtors and debtors in possession (collectively, the "Debtors" and together with their non-Debtor affiliates, "Celsius") file this response and limited objection (this "Response") to the *Motion of the United States Trustee for Entry of an Order Directing the Appointment of an Examiner* [Docket No. 546] (the "Examiner Motion"), filed by the United States Trustee for the Southern District of New York (the "U.S. Trustee") pursuant to section 1104 of title 11 of the United States Code (the "Bankruptcy Code"), rules 2007.1 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2007.1-1 and 9014-

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"). In support of this Response, the Debtors respectfully state as follows:

### Response and Limited Objection

1.  The Debtors filed these chapter 11 cases to utilize the most traditional purpose of the Bankruptcy Code: to obtain the protections of the automatic stay to stop the "run on the bank" and provide the Debtors with the "breathing spell" necessary to revise their go-forward business plan and engage with creditors regarding the value-maximizing path out of chapter 11. The Debtors knew, however, that given the nature of their business and their hundreds of thousands of active customers, many customers and other parties in interest would likely have questions regarding the prepetition events and business activities that caused the Debtors to file for bankruptcy. Indeed, the Debtors and their advisors recognize and agree that there needs to be an investigation into these matters.

2.  After Celsius "paused" customer accounts a month before the Petition Date, Celsius appointed two new outside directors with restructuring expertise, formed a committee consisting of those two new outside directors (the "Special Committee"), and hired restructuring advisors. After the Special Committee's formation, Celsius delegated to the Special Committee the full authority to conduct any investigations it deemed appropriate. Given the very high level of customer concerns and accusations, the Special Committee began an internal investigation to apprise itself of the facts and examine the most serious allegations. In addition, the Special Committee tasked the Debtors' proposed restructuring counsel (Kirkland & Ellis LLP) with ensuring that Celsius was preserving documents and ready to comply with a more thorough postpetition investigation. Finally, the Special Committee also directed Kirkland to coordinate with Celsius' longtime regulatory counsel (Latham & Watkins LLP), who was coordinating with

the various state and federal regulatory agencies prepetition with respect to such agencies' own inquiries and investigations.

3. Because the Special Committee's internal investigation was in its nascent stages when these chapter 11 cases were filed, once the official committee of unsecured creditors (the "Committee") was appointed, and in light of the widespread mistrust of Celsius among customers on social media, the Special Committee welcomed the participation of the Committee into the postpetition investigation and directed the Debtors and their advisors to cooperate with the Committee. The Special Committee determined that it was appropriate for the Committee—whose membership consists exclusively of customers—to conduct an investigation into the facts and circumstances that led to the filing of these chapter 11 cases.

4. Given the volume of customer letters on the Court's docket, it came as no surprise to the Debtors that the U.S. Trustee filed the Examiner Motion. From the Debtors' perspective, an investigation is appropriate given the unique facts and circumstances of these cases, however, the Debtors were prepared to object to the Examiner Motion because of the risk that any investigation by an examiner with a broad scope would be duplicative of the Committee's ongoing investigation and would result in undue delay in these chapter 11 cases and additional costs to the Debtors' estates—all to the detriment of the Debtors' stakeholders. The Debtors are pleased to have been able to reach a resolution with the U.S. Trustee and the Committee that provides for the appointment of an examiner with a defined scope that will not duplicate the existing ongoing investigations.

5. Thus, the Debtors do not object to the appointment of an examiner on the terms and conditions set forth in the agreed revised proposed order filed at [Docket No. 752] (the "Proposed Order"). The Debtors believe that the consensual resolution to the Examiner Motion

set forth in the Proposed Order is appropriate because it provides for an agreed-upon scope for the investigation of the Debtors by the examiner that is likely to avoid unnecessary duplication of efforts, costs, and delay.

6. With respect to the state regulatory agencies that have filed joinders to the Examiner Motion (the "Joinders"),[2] the Debtors believe that the Proposed Order resolving the Examiner Motion with the consent of the U.S. Trustee moots the Joinders. Pursuant to the Court's case management procedures, a joining party is not "an independent proponent of the Court Filing" (here, the Examiner Motion).[3] To the extent the Joinders are not mooted by the Proposed Order, the Debtors object to the appointment of an examiner to investigate any of the issues raised in such Joinders. As an initial matter, an examiner should not be appointed for the purpose of facilitating any investigations being conducted by state regulators, who have their own investigative and discovery powers. Moreover, and more importantly, it is inappropriate for the Debtors' estates and stakeholders to bear the costs of facilitating these duplicative investigations. The appointment of an examiner must be "appropriate" under the facts and circumstances of the case, and these Joinders do not establish that appointing an examiner would be appropriate considering the pending investigations of state regulators.

7. For example, the Texas State Securities Board notes that "[r]egulators in at least forty (40) states are currently investigating the Debtors' pre-petition investment activities," and asserts that although the Committee is conducting its own investigation, an examiner may be able to "more efficiently coordinate information requests by and dissemination to" the various

---

[2] See Docket Nos. 730, 732, and 735.

[3] See Case Management Procedures ¶ 38.

4

parties.4  Respectfully, the existence of over forty pending investigations is not further evidence that a *forty-first* investigation will be more efficient or appropriate.  Quite the opposite.  The Debtors have been inundated with a high volume of information requests and discovery since before these cases were filed, and the Debtors and their advisors have been working around the clock (and will continue to do so) to produce information to all parties, including state regulators, as quickly as possible.  The Debtors take their disclosure obligations seriously and are working as fast as they can to produce all requested information.  Adding yet another investigation on these same issues will not result in a panacea to the flow of information that the regulators seem to think it will be.

8.  With respect to the *Response of Certain Celsius Borrowers to the Motion of the United States Trustee to Appoint an Examiner* [Docket No. 746] (the "Response Joinder"), the Debtors submit that the Response Joinder is similarly mooted by the Proposed Order.  To the extent the Response Joinder is not mooted by the Proposed Order, it is a procedurally improper request for a chapter 11 trustee that should not be considered at this time—the Court's case management procedures provide that "the Court shall not consider any arguments or factual allegations contained in a Joinder but not in the applicable Court Filing."5  For the avoidance of doubt, there is no "cause" for the appointment of a trustee, and the Debtors reserve all rights to object at the appropriate time to any procedurally proper motion for the appointment of a trustee.

9.  Accordingly, the Debtors do not object to the entry of the Proposed Order and the appointment of an examiner on the terms set forth therein.

**Reservation of Rights**

---

4  Docket No. 732, ¶¶ 9, 12.

5  *See* Case Management Procedures ¶ 38.

10. The Debtors reserve the rights to object at the hearing on the Examiner Motion or in supplemental briefing to the Examiner Motion and/or the appointment of an examiner on terms other than those set forth in the Proposed Order.

WHEREFORE, the Debtors respectfully submit this Response to the Examiner Motion.

| | |
|---|---|
| New York, New York<br>Dated: September 8, 2022 | */s/ Joshua A. Sussberg*<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C.<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:    (212) 446-4800<br>Facsimile:    (212) 446-4900<br>Email:    jsussberg@kirkland.com<br><br> - and -<br><br>Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)<br>Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Telephone:    (312) 862-2000<br>Facsimile:    (312) 862-2200<br>Email:    patrick.nash@kirkland.com<br>            ross.kwasteniet@kirkland.com<br><br>*Proposed Counsel to the Debtors and*<br>*Debtors in Possession* |