# Exhibit B

**Redline**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) ) ) | Case No. 22-10964 (MG) |
| Debtors. | ) ) | (Jointly Administered) |

**ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION
OF KROLL RESTRUCTURING ADMINISTRATION LLC AS NOTICING AND
INFORMATION AGENT TO THE COMMITTEE EFFECTIVE AS OF AUGUST 5, 2022**

Upon the application (the "**Application**")[2] of the Committee for entry of an order (this "**Order**") authorizing the employment and retention of Kroll Restructuring Administration LLC ("**Kroll**") effective as of August 5, 2022 as the Committee's noticing and information agent, on the terms set forth in the Engagement Letter; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due, sufficient, and proper notice of the Application having been provided under the circumstances and in accordance with the Bankruptcy Rules and the Local Rules, and it appearing that no other or further notice need be provided; and a hearing having been held, if necessary, to consider the relief requested in the Application (the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

[2] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

"**Hearing**"); and *Declaration of Benjamin J. Steele in Support of The Official Committee of Unsecured Creditors' Application for Entry of an Order Authorizing the Employment and Retention of Kroll Restructuring Administration LLC as Noticing and Information Agent to the Committee Effective as of August 5, 2022* (the "**Steele Declaration**"), attached to the Application; and *Second Declaration of Benjamin J. Steele in Support of The Official Committee of Unsecured Creditors' Application for Entry of an Order Authorizing the Employment and Retention of Kroll Restructuring Administration LLC as Noticing and Information Agent to the Committee Effective as of August 5, 2022* (the "**Second Declaration**"), and the record of the Hearing, if any, and all of the proceedings had before the Court; and the Court having found and determined that the terms and conditions of Kroll's employment, including the compensation structure set forth in the Engagement Letter are reasonable; and the Court having found and determined that Kroll is a "disinterested person" as that term is defined under section 101(14) of the Bankruptcy Code, that the relief sought in the Application is necessary and in the best interests of the Committee, the Debtors, their estates, their creditors, and all parties in interest, and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Application is GRANTED as set forth herein. Any objections or reservations of rights filed in respect of the Application are overruled, with prejudice.

2. The Committee is authorized to employ and retain Kroll as its noticing and information agent in the Chapter 11 Cases, effective as of August 5, 2022, for the purposes set forth in the Application and upon the terms of the Engagement Letter.

3. Kroll is authorized to establish and maintain the Information Platforms and

provide all other services as described in the Application.  Kroll will act at the direction of the Committee through its primary restructuring counsel, including with respect to any communications that it directly or indirectly disseminates through any Information Platforms.

4. Kroll is authorized to prepare and serve required notices and pleadings on behalf of the Committee in accordance with the Bankruptcy Code and the Bankruptcy Rules in the form and manner directed by the Committee and/or the Court, including, if applicable, all notices, orders, pleadings, publications and other documents as the Committee and/or the Court may deem necessary or appropriate.

5. The Debtors are authorized and directed to compensate Kroll on a monthly basis in accordance with the terms and conditions of the Engagement Letter and as set forth herein.  Upon Kroll's submission to the Debtors, the Committee ~~and~~, the Office of the U.S. Trustee ~~(~~, counsel for the Debtors, counsel for any other official committee monitoring the expenses of the Debtors, and any party in interest who specifically requests service of the monthly invoices (collectively, the "**Notice Parties**") of monthly invoices summarizing in reasonable detail ~~the services rendered~~, showing the dates, category, fees charged, and expenses incurred for the services rendered in connection therewith, the Notice Parties a shall have ten (10) days to provide Kroll and the other Notice Parties written notice of any objection to Kroll's monthly invoices.  If an objection is raised to an invoice, the Debtors will remit Kroll only the undisputed portion of the invoice and, if applicable, will pay the remainder to Kroll upon resolution of the dispute.  All objections that are not resolved by the parties shall be preserved and presented to the Court by the objecting party at the next interim or final fee application hearing to be heard by the Court.  The fees and expenses Kroll incurs in the performance of its services shall be treated as an administrative expense of the Debtors' Chapter 11 Cases; *provided, however*, that to the

3

extent that any of Kroll's fees and expenses are disallowed by this Court, Kroll shall not be entitled to an administrative expense for such disallowed fees and expenses. For the avoidance of doubt, under no circumstances shall any of the compensation or expense reimbursement obligations be an obligation of, or paid by, the Committee or any of its members or professionals.

6. To the extent of any inconsistency between the Engagement Letter and this Order, this Order shall govern.

7. The Committee and the Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

8. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. Notwithstanding any stay that might be imposed by Bankruptcy Rule 6004(h) or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10. Notice of the Application as provided therein shall be deemed good and sufficient notice of the Application.

11. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____, 2022
      New York, New York

                                                 _____
                                                 THE HONORABLE MARTIN GLENN
                                                 CHIEF UNITED STATES BANKRUPTCY JUDGE