Immanuel Herrmann
*Pro se creditor*
immanuelherrmann@gmail.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**Motion for procedural relief to allow responses to the *agreed proposed order for a bankruptcy examiner* to be considered on September 14**

**Summary**

This motion requests relief for myself and other parties in interest to be able to read and respond to the *Notice Of Filing of Agreed Proposed Order Granting Examiner Motion,* which was docketed on September 8 at 2:30pm by 4:30pm, so long as we electronically submit our replies by Tuesday, September 13 at 4:30pm. This is the only way to allow responses to the *Agreed Proposed Order* itself [D.E. 752, exhibits A and B] at the September 14 hearing.

I am also asking to get relief to ensure that my filings in D.E. 754 and 755 are considered at the September 14 hearing as well, and to ensure that there is ample time for creditors to speak at the September 14 hearing.

**Background and reason for my request**

I apologize for the delay in getting my initial reply docketed. As a *pro se* filer, I am reliant on different systems than attorneys. As I will attest in my Certificate of Service, I filed D.E. 754 and 755 on September 7, 2022 but, due to technical and administrative issues, the 'filed' date was stamped on the filings as September 8, 2022.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

Your Honor, more importantly, there is a need for creditors and other parties in interest to respond specifically to the line edits made in the *Agreed Proposed Order* itself [D.E. 752, exhibit B], which contains tracked changes that relate to specific conflicts of the White & Case. Parties in interest had no way of predicting this deal, with these edits, until it was docketed at 2:30pm on September 8.

In a new filing that I am submitting today, I make my best efforts to point out those conflicts, and I ask you to consider such responses *alongside* the Agreed Proposed Order.

This is also a matter of great public interest, with public policy implications, and an important juncture in the case. Other *pro se* filers may encounter similar delays or challenges, or just be reading the *proposed order*. Even other attorneys and agencies may have responses to the final deal that continue to come in.

I urge you and your court to consider replies that come in, including those that are not filed as direct responses to the agreed proposed order that may be procedurally imperfect but are making important and relevant points on this matter.

**Request for Relief**

Under Rule 6(a)(3) of the Federal Rules of Civil Procedure, due to the temporary inaccessibility of the Clerk's Office on September 7 in docketing and posting my response, I request that my 2 filings, D.R. 754 and 755, be treated as filed on 9/7/22.

Alternatively, I ask that my late-docketed filings be deemed timely filed because of excusable neglect under 6(b)(1). I made good faith efforts to file on time and out of respect for the deadline, I gave parties in interest electronic service, by email, with pdf copies of the final motions before they were even docketed. The UCC, Kirkland, the U.S. Trustee's Office, and other parties in interest were in possession of my filing as well as David Adler's filing, when the UCC announced their Proposed Order on September 8 at 2:30pm; my motion is referenced in the UCC's filing [D.R. 758], as an "informal response," so it is clear that my response was received, read, and reviewed, considered, and responded to.

If you decide that my D.R. 758 cannot be considered as a response to the original motion for an examiner, I would then ask that you allow responses (including D.R. 758 and other materials submitted to your court) be treated as responses to the proposed

draft and the tracked changes of the *agreed proposed order* [D.E. 752, exhibits A and B].

I also ask that you consider letters, joinders, objections, responses, and other materials from Celsius customers and other parties that are entered into the docket by the end of September 13, on the 14th, and leave time for customers to speak.

## Closing

If we are going to end up with a backroom deal *merely* because of filing deadlines, and ignore critical issues, that is a bad outcome and I respectfully that you adjourn the hearing on an examiner and allow parties can file new motions for a trustee and/or to modify the proposed order on an expedited timeline.

Given the importance of moving this case along to minimize cash burn and maximize recovery, however, I believe that a process of reviewing filings that are submitted and docketed by the 13th, and then allowing creditors, both *pro se* and attorneys, to speak in your court on this matter on the 14th, will allow all parties to make their voices heard in your court, and help you make the best possible decision on this critical issue while still keeping the process moving quickly.

Thank you, your honor.

Silver Spring, MD
Dated: September 12, 2022

Respectfully submitted by:
s/ Immanuel Herrmann
Immanuel Herrmann
*Pro se creditor*