Joshua A. Sussberg, P.C.  
**KIRKLAND & ELLIS LLP**  
**KIRKLAND & ELLIS INTERNATIONAL LLP**  
601 Lexington Avenue  
New York, New York 10022  
Telephone:     (212) 446-4800  
Facsimile:      (212) 446-4900  

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)  
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)  
Christopher S. Koenig  
Dan Latona (admitted *pro hac vice*)  
**KIRKLAND & ELLIS LLP**  
**KIRKLAND & ELLIS INTERNATIONAL LLP**  
300 North LaSalle Street  
Chicago, Illinois 60654  
Telephone:     (312) 862-2000  
Facsimile:      (312) 862-2200  

*Proposed Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**DEBTORS' OMNIBUS REPLY TO**
**CERTAIN OBJECTIONS TO THE DEBTORS' RETENTION OF**
**KIRKLAND & ELLIS LLP AND KIRKLAND & ELLIS INTERNATIONAL LLP**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby file this omnibus reply (this "Reply") to the *Limited Objection to the Debtor's Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtors and Debtors in Possession Effective as of July 13, 2022* [Docket No. 754] (the "Herrmann Objection"), and *Daniel A. Frishbergs' Objection to the Retention of Kirkland and Ellis by the Debtors in Possession Due*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

*Several Conflict of Interests* [Docket No. 759] (the "Frishberg Objection" and together with the Herrmann Objection, the "Objections"). In support of this Reply, the Debtors respectfully state as follows:[2]

## Reply

1.  Kirkland's representation of Celsius is entirely consistent with the requirements of the Bankruptcy Code, applicable case law, and its ethical obligations. The Debtors have resolved various informal comments and objections from the U.S. Trustee's office[3] leaving only two remaining Objections. For the reasons discussed below, the Court should overrule the Objections as untimely[4] and substantively without merit and grant the Debtors' Application to retain Kirkland.

---

[2] Capitalized terms used but not defined herein shall have the meanings set forth in the *Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtors and Debtors in Possession Effective as of July 13, 2022*, filed August 4, 2022 [Docket No. 360] (the "Application") and the *Debtors' First Supplemental Declaration of Patrick J, Nash, Jr. in Support of the Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtors and Debtors in Possession Effective as of July 13, 2022* [Docket No. 629] (the "Supplemental Declaration"), as applicable.

[3] The Debtors received informal comments as well as a formal objection from the U.S. Trustee regarding the Debtors' motion to seal [Docket No. 344] (the "Motion to Seal"), among other items, the unredacted list of parties-in-interest searched as a part of Kirkland's conflicts review. *See Omnibus Objection to Debtors' Retention Applications* [Docket No. 601]. The Debtors directly addressed the sealing concerns in the *Debtors' Omnibus Reply to the U.S. Trustee's Objections to Certain of the Debtors' Requests to Redact Certain Personally Identifiable Information of Individuals and United Kingdom and European Union Member Countries' Citizens* [Docket No. 638]. The Debtors worked with the U.S. Trustee to resolve all informal comments and requests, and Kirkland provided additional disclosures (in addition to the disclosures in the Application) in the Supplemental Declaration, complying with Bankruptcy Rules 2014(a) and 2016(b). [Docket No. 629].

As stated on the record at the hearing on September 1, 2022, the U.S. Trustee's issues regarding Kirkland's retention have now been fully resolved other than those certain matters regarding the Motion to Seal. *See* Tr. of Sept. 1, 2022 Hr'g at 126:24-25, 127:1–2 ("'Court: Let me ask Ms. Cornell, other than the sealing issue, are the retention applications resolved?' 'Ms. Cornell: Shara Cornell and behalf of the United States Trustee. Yes, Your Honor. And I would just like to say that we have done extensive communications with all of the Debtor's [sic] professionals on these matters. So thank you.'").

[4] The objection deadline for the Application was August 25, 2022, at 4:00 p.m., prevailing Eastern Time. The Frishberg Objection was filed on September 7, 2022 (and entered on the Docket on September 8, 2022) and the Herrmann Objection was filed on September 8, 2022—two weeks after the objection deadline has passed. As such, both Objections are untimely and should be overruled on that basis alone.

2

**I.      No Conflict Between Voyager and Celsius Regarding 3 Arrows Capital Liquidation.**

2.     Contrary to the assertions in the Objections, there is no conflict between Celsius and Voyager regarding 3 Arrows Capital, which is currently in a liquidation proceeding in the British Virgin Islands. Indeed, the interests of Voyager and Celsius—two similarly situated creditors with equal priority as to 3 Arrows Capital's assets—are entirely aligned in obtaining a maximum recovery possible on account of their claims against 3 Arrows Capital. *See In re Olinda Star Ltd.*, 614 B.R. 28, 47 (Bankr. S.D.N.Y. 2020) ("The matters considered by the BVI Court reflect the foreign court's similar sensitivity to issues of due process and just treatment of creditors considered by U.S. bankruptcy courts when approving reorganization plans."); *see also* Section 207 of the British Virgin Islands Insolvency Act of 2003 (revised 2020) (the assets of a company in liquidation shall be applied "after payment of the preferential claims, in paying all other claims admitted by the liquidator" which claims should "rank equally between themselves if the assets of the company are insufficient to meet the claims in full, they shall be paid rateably").

3.     Moreover, even if there is a possibility that the interests of Voyager and Celsius could diverge, the mere possibility of a conflict is insufficient to justify disqualification and deprive Celsius of its chosen counsel. *See, e.g.*, *In re Ampal-Am. Israel Corp.*, 534 B.R. 569, 581 (Bankr. S.D.N.Y. 2015) (finding that under section 327 of the Bankruptcy Code, a professional cannot be disqualified from employment unless an actual conflict of interest exists); *In re Diva Jewelry Design, Inc.*, 367 B.R. 463, 472 (Bankr. S.D.N.Y. 2007) (quoting *In re Mercury*, 280 B.R. 35, 54 (Bankr. S.D.N.Y. 2002)) ("an active competition between two interests, in which one interest can only be served at the expense of the other"); *In re Granite Partners, L.P.*, 219 B.R. 22, 33 (Bankr. S.D.N.Y. 1998) ("An actual conflict involves the representation of 'two presently competing and adverse interests,' while a potential conflict occurs where the competition 'may become active if certain contingencies arise.'").

4.  Finally, the Debtors have already addressed the unlikely scenario where the interests of Voyager and Celsius actually diverge. As disclosed in the Nash Declaration and the Supplemental Declaration, Celsius has already retained Akin Gump Strauss Hauer & Feld LLP, proposed special litigation counsel in these chapter 11 cases, to handle any conflicts matters, including to the extent there is an actual conflict of interest between Voyager and Celsius during the pendency of these chapter 11 cases. [Docket No. 392]. In the same vein, Voyager has retained Quinn Emanuel Urquhart & Sullivan, LLP as special counsel to provide independent advice to the special committee of Voyager LLC with respect to conflicts matters.[5]

## II.   Kirkland Does Not Represent Shareholders and Management.

5.  The Objections also argue that Kirkland has a conflict because Kirkland docketed the *Declaration of Status of Substantial Shareholder* identifying the Debtors' Co-Founder and Chief Strategy Officer S. Daniel Leon's beneficial ownership of Common Stock [Docket No. 719]. *See* Herrmann Objection, p. 3-4; Frishberg Declaration, p. 2.[6] Kirkland did not provide legal advice to Mr. Leon regarding the *Declaration of Status as a Substantial Shareholder*. Kirkland simply took the step of docketing the Declaration that Mr. Leon submitted to the Debtors in compliance with the procedures set forth in the Equity Trading Order.[7]

---

[5] *See Order Pursuant to 11 U.S.C. §§ 327(e) and 328(a) and Fed. R. Bankr. P. 2014, 2016 and 5002 Authorizing Debtor Voyager Digital, LLC to Employ and Retain Quinn Emanuel Urquhart & Sullivan, LLP as Special Counsel Effective July 13, 2022*, Case No. 22-10943 (MEW) [Docket No. 242].

[6] After the Objections were filed, Alex Mashinsky, the Debtors' chief executive officer, filed his *Declaration of Status of Substantial Shareholder* [Docket No. 760], complying with the procedures set forth in the Equity Trading Order (as defined herein).

[7] *See Final Order (I) Approving Notification and Hearing Procedures for Certain Transfers of And Declarations of Worthlessness with Respect to Common Stock and Preferred Stock and (II) Granting Related Relief* [Docket No. 525] (the "Equity Trading Order").

4

WHEREFORE, for all of the foregoing reasons, the Objections should be overruled, and the relief sought in the Application should be granted.

| | |
|---|---|
| New York, New York<br>Dated: September 12, 2022 | */s/ Joshua A. Sussberg*<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C.<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:   (212) 446-4800<br>Facsimile:   (212) 446-4900<br>Email:         jsussberg@kirkland.com<br><br> - and -<br><br>Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)<br>Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)<br>Christopher S. Koenig<br>Dan Latona (admitted *pro hac vice*)<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Telephone:   (312) 862-2000<br>Facsimile:   (312) 862-2200<br>Email:         patrick.nash@kirkland.com<br>                  ross.kwasteniet@kirkland.com<br>                  chris.koenig@kirkland.com<br>                  dan.latona@kirkland.com<br><br>*Proposed Counsel to the Debtors and*<br>*Debtors in Possession* |