**WHITE & CASE LLP**
David M. Turetsky
Keith H. Wofford
Samuel P. Hershey
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
Email:  david.turetsky@whitecase.com
          kwofford@whitecase.com
          sam.hershey@whitecase.com

– and –

**WHITE & CASE LLP**
Michael C. Andolina (admitted *pro hac vice*)
Gregory F. Pesce (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone: (312) 881-5400
Facsimile: (312) 881-5450
Email:  mandolina@whitecase.com
          gregory.pesce@whitecase.com

**WHITE & CASE LLP**
Aaron E. Colodny (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, California 90071
Telephone: (213) 620-7700
Facsimile:  (213) 452-2329
Email:  aaron.colodny@whitecase.com

*Proposed Counsel to the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>CELSIUS NETWORK LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-10964 (MG)<br><br>(Jointly Administered)<br><br>**Related Docket Nos.: 344, 399, 607, 633, 638, 639, and 642** |

**THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS' (I) SUPPLEMENTAL JOINDER TO THE DEBTORS'
MOTION TO REDACT PERSONALLY IDENTIFIABLE INFORMATION AND (II)
JOINDER TO THE DEBTORS' MOTION TO REDACT NAMES IN CONNECTION
WITH FINANCIAL INFORMATION IN PUBLICLY FILED PLEADINGS**

---

[1] The Debtors in these chapter 11 cases and the last four digits of their federal tax identification number are as follows:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

The Official Committee of Unsecured Creditors (the "**Committee**") of the above-captioned debtors and debtors in possession (collectively the "**Debtors**") files this (a) joinder to the *Debtors' Motion Pursuant to Section 107 of the Bankruptcy Code Seeking Entry of an Order (I) Authorizing the Debtors to (A) Redact Individual Names, and (B) Implement an Anonymized Identification Process, and (II) Granting Related Relief* [Docket No. 639] (the "**Motion to Redact Names**") and (b) supplemental joinder to the *Debtors' Ex Parte Motion Pursuant to Section 107 of the Bankruptcy Code Seeking Entry of an Order (I) Authorizing the Debtors to Redact Certain Personally Identifiable Information From the Creditor Matrix, Schedules and Statements, and Related Documents and (II) Granting Related Relief* [Docket No. 344] (the "**Motion to Redact PII**"). In connection with the Motion to Redact PII, the Committee previously filed a joinder [Docket No. 399] (the "**Original PII Joinder**"). In support of this Joinder and the Original PII Joinder (collectively referred herein as the "**Joinders**"), the Committee also submits the *Declaration of Maxwell Galka In Support of the Official Committee of Unsecured Creditors' (I) Supplemental Joinder to the Debtors' Motion to Redact Personally Identifiable Information and (II) Joinder to the Debtors' Motion to Redact Names In Connection With Financial Information In Publicly Filed Pleadings*, attached hereto as **Exhibit A**, (the "**Galka Declaration**") and states as follows in support of hereof:

### Joinder

**I.    Both Motions Should be Granted Pursuant to Section 107(c) of the Bankruptcy Code to Protect Against Unlawful Injury to the Account Holders.**

1.    Section 107(c) of the Bankruptcy Code permits this Court to redact personally identifiable information "for cause" to "protect an individual, with respect to" information related to any "means of identification", if this Court "finds that disclosure of such information would create undue risk of identity theft or other ***unlawful injury*** to the individual or the individual's

2

property." 11 U.S.C. § 107(c) (emphasis added).[2] The Committee joins in the Debtors' Motion to Redact Names and the Motion to Redact PII, because such redactions will serve to protect individual account holders from unlawful injury. There will be undue risk of unlawful injury if account holder names are unredacted in Court filings, because such filings pair names with amounts of cryptocurrency associated with such holders.

2.    As the Court is aware, the Schedules and Statements[3] are the subject of the relief requested in both the Motion to Redact Names and the Motion to Redact PII. The Schedules will detail (on an account holder by account holder basis) the names, addresses, and amounts owed by the Debtors on (a) Schedule D: Creditors Who Have Claims Secured By Property, (b) Schedule E/F: Creditors Who Have Unsecured Claims, and (c) Schedule G: Executory Contracts and Unexpired Leases. The Statements will show payments or transfers to creditors within 90 days before the filing of these cases. The Statements will show, for each payment or transfer, each holder's name and address, the type of coin, the amount of each coin transferred, and the date of such transfer.

3.    The Creditor Matrix[4] will list the names, address, city, state, zip code, and country of account holders. The Motion to Redact PII applies to the Creditor Matrix, but the Motion to Redact Names does not. *See* Motion to Redact Names, Ex. A ¶ 2. Because only the Motion to

---

[2]    "Means of identification" is defined as "any name or number that may be used, along or in conjunction with any other information, to identify a specific individual[.]" 18 U.S.C. § 1028(d)(7).

[3]    "**Schedules and Statements**" has the meaning ascribed to it in the *Order (I) Extending Time to File Schedules of Assets and Liabilities, Schedules of Current Income and Expenditures, Schedules of Executory Contracts and Unexpired Leases, Statements of Financial Affairs, (II) Extending Time to File Rule 2015.3 Financial Reports, and (III) Granting Related Relief* [Docket No. 57].

[4]    "**Creditor Matrix**" has the meaning assigned to it in the *Order (I) Authorizing the Debtors to Prepare a Consolidated List of Creditors in Lieu of Submitting a Separate Mailing Matrix for Each Debtor, (II) Authorizing the Debtors to File a Consolidated List of the Debtors' Fifty Largest Unsecured Creditors, (III) Authorizing the Debtors to Redact Certain Personally Identifiable Information, (IV) Approving the Form and Manner of Notifying Creditors of Commencement of these Chapter 11 Cases, and (V) Granting Related Relief* [Docket No. 55].

3

Redact PII applies to the Creditor Matrix, this means that the names of U.S. citizens residing in the U.S. are not included in the request to redact the Creditor Matrix.

4.      There are more than 1.7 million account holders who have cryptocurrency in wallets on the Debtors' platform. *See Declaration of Alex Mashinsky, Chief Executive Officer of Celsius Network LLC, In Support of Chapter 11 Petitions and First Day Motions* ¶ 9 [Docket No. 23]. The Debtors publicly disclosed that they have about $3.8 billion in coin assets valued as of July 29, 2022, which included $713 million in Ethereum and $348 million in Bitcoin.[5] *See Notice of Filing of Budget and Coin Report*, at 6 [Docket No. 447]. If this Court denies the Motion to Redact Names, resulting in the names being unredacted on the Schedules and Statements, the individual account holder entitlements to $3.8 billion in crypto will be public. Such disclosure of the cryptocurrency amounts that each particular individual holds, or may be entitled to, is of great concern for the Committee and its constituents. People with a relatively larger share of cryptocurrency are even more likely to be targeted. *See* Galka Decl. ¶ 7.

5.      Cryptocurrency is an anomaly — it is a bearer instrument that is intangible and can be stolen within minutes. Galka Decl. ¶ 14. Cyber malefactors target cryptocurrency and its holders precisely because it is easy to liquidate and transactions (although traceable with difficulty) are anonymous. Globally, scammers stole "$14 billion in cryptocurrency in 2021," and "cryptocurrency theft increased 516%" compared to 2020.[6] Once someone steals cryptocurrency, it is nearly impossible to recover those assets or find the perpetrator. *See* Galka Decl. ¶ 15. As discussed further in the Galka Declaration, malefactors can execute several schemes using

---

[5]   Bitcoin and Ethereum are the world's first and second largest cryptocurrency, respectively, by market capitalization.

[6]   MacKenzie Sigalos, *Crypto scammers took a record $14 billion in 2021*, CNBC (Jan. 6, 2022 at 4:00 a.m. EST) (last updated Jan. 7, 2022 at 4:31 a.m. EST), https://www.cnbc.com/2022/01/06/crypto-scammers-took-a-record-14-billion-in-2021-chainalysis.html.

4

personally identifiable information ("**PII**") to steal cryptocurrency or private keys (*i.e.*, a secret number that is used to sign transactions and prove ownership of a blockchain address). Galka Decl. ¶¶ 7-12. These schemes include (a) phishing attacks, (b) account spoofing, (c) SIM-swapping and (d) real-life threats. *Id*.

6. The public record is replete with incidences of cryptocurrency theft from unsuspecting users. Recently, Etherscan, CoinGecko, and other crypto data websites publicly reported a phishing attack that prompted users to connect their wallets as a way for malefactors to drain assets stored in these wallets.[7] Curve Finance, an exchange liquidity pool of cryptocurrency, was also exploited recently through a spoofing attack, resulting in $573,000 gone from the platform.[8] Further, the number of SIM-swapping incidents have exploded since 2020. The Federal Bureau of Investigation received more than 1,600 SIM-swap complaints in 2021 that have alleged losses up to $68 million.[9] Finally, the threat of unlawful injury to an individual cannot be overlooked. A man in New York, New York, was robbed of $1.8 million of Ethereum at gunpoint.[10] Early this year, a Miami businessman had his cryptocurrency wallet (estimated at $1 million) stolen at gunpoint after the thief had waited for him at the victim's home.[11]

7. Further, a potential malefactor may use information provided by these Debtors to

---

[7] Tracy Wang, *Popular Crypto Data Sites Targeted with Phishing Attack*, COINDESK (May 13, 2022 7:42 a.m. CDT), https://www.coindesk.com/tech/2022/05/13/popular-crypto-data-sites-targeted-with-phishing-attack.

[8] Jeffrey Albus, *Curve Finance Resolves Site Exploit, Directs Users to Revoke Any Recent Contracts*, COINTELEGRAPH (Aug. 9, 2022), https://cointelegraph.com/news/breaking-curve-finance-team-warns-users-to-avoid-using-site-until-further-notice.

[9] Ginger Adams Otis, *SIM-Swapping Attacks, Many Aimed at Crypto Accounts, are on the Rise,* WALL STREET JOURNAL (Feb. 18, 2022 6:36 p.m. EST), https://www.wsj.com/articles/sim-swapping-attacks-many-aimed-at-crypto-accounts-are-on-the-rise-11645227375.

[10] Jeff Francis, *Man Robbed of $1.8 Million in Ether at Gunpoint*, BITCOINIST, https://bitcoinist.com/man-robbed-1-8-million-ether-gunpoint/.

[11] Connor Sephton, *Armed Robbery Steals Watch and Crypto Wallet Worth $1M*, COINMARKETCAP, https://coinmarketcap.com/alexandria/article/armed-robber-steals-watch-and-crypto-wallet-worth-1m.

5

try to gain access to cryptocurrency wallets outside of the Debtors' platform. An account holder in these cases may store cryptocurrency in more than one wallet or use multiple online platforms (*e.g.*, Coinbase, FTX, Gemini, etc.). *See* Galka Decl. ¶ 14. If a malefactor has access to an account holder's PII, it is reasonable to expect that the malefactor is capable of using that information to steal that holder's cryptocurrency in non-Celsius wallets and from other platforms as well.

8. Protective measures should be taken to safeguard names (and other PII) in the first instance, rather than seek to remedy the effect that a theft or other unlawful injury can have on a victim. Otherwise, those people who have not had access to their crypto to meet their financial needs since June 12, 2022, when the Debtors paused withdrawals, may be victims with respect to their non-Celsius assets.

9. Merely redacting addresses does not go far enough on these publicly filed documents, as there is a repository of data containing account holder information from other platforms on the dark web. *See* Galka Decl. ¶¶ 13-15. That data can be reconciled with the names disclosed in these cases. *See id.*

II. **This Court Should Follow the Section 107(c) Rationale to its Conclusion and Consider Broadening the Relief Granted in the Motion to Redact PII to Include All Names.**

10. In fact, if the rationale of section 107(c) protection is accepted, the Committee respectfully submits that the Motion to Redact PII does not go far enough. The Debtors are seeking to redact only the home addresses and email addresses of U.S. citizens located in the U.S. in their Motion to Redact PII, leaving their names subject to public disclosure. *See* Docket No. 344, ¶ 3. The Committee disagrees with this approach and prefers not to leave any account holders' or unsecured creditors' name unredacted. For the reasons stated above and Galka Declaration, all individual names and other PII should be redacted from publicly filed documents.

**III.     Impoundment Under Bankruptcy Rule 1007 Could Provide Some Protection, But It Is Likely Inferior to the Relief Requested by the Motions.**

11.     The Committee joins in the arguments of the Debtors with respect to impoundment set forth in its supplemental reply.  *See* Docket No. 782, ¶¶ 21-23.  While impoundment would grant some welcomed protections when compared to full disclosure, there are two concerns.  First, the Court would have to formulate the methods to administer the impoundment and who would be permitted to access the data notwithstanding the impoundment.  Second, depending on how impoundment is implemented by the Court, the public would potentially have less information with respect to the Schedules and Statements in an impoundment than it would if the names were replaced with code numbers.  For example, with respect to 90-day transfers in the Statements, the Motion to Redact PII and Motion to Redact Names will result in parties in interest seeing the dates and magnitude of transfers on the public record (although without names).  In an impoundment, only parties given access by the Court will see such information.

## Conclusion

12.     Therefore, the Committee respectfully submits that there is ample cause to justify granting the Motion to Redact PII and the Motion to Redact Names.  The U.S. Trustee has objected to such relief based upon section 107(b).  But neither the U.S. Trustee nor any other party has set forth grounds to deny granting such relief under section 107(c) of the Bankruptcy Code, and the grounds under section 107(c) are compelling.[12]

## Reservation of Rights

13.     The Committee reserves all of its rights to supplement or amend this joinder and present evidence at the hearing.

---

[12]  The U.S. Trustee filed the sole objection to the Debtors' Motion to Redact PII [Docket No. 607], which argues that the Debtors did not meet their burden under section 107(b) of the Bankruptcy Code.  UST Obj. ¶¶ 8-22.

Dated: September 12, 2022
New York, New York

Respectfully submitted,

*/s/ Keith Wofford*
**WHITE & CASE LLP**
David M. Turetsky
Keith H. Wofford
Samuel P. Hershey
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
Email: david.turetsky@whitecase.com
 kwofford@whitecase.com
 sam.hershey@whitecase.com

– and –

**WHITE & CASE LLP**
Michael C. Andolina (admitted *pro hac vice*)
Gregory F. Pesce (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone: (312) 881-5400
Facsimile: (312) 881-5450
Email: mandolina@whitecase.com
 gregory.pesce@whitecase.com

– and –

**WHITE & CASE LLP**
Aaron E. Colodny (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, California 90071
Telephone: (213) 620-7700
Facsimile: (213) 452-2329
Email: aaron.colodny@whitecase.com

*Proposed Counsel to the Official Committee of Unsecured Creditors*