M. Todd Parker, Esq.
*todd.parker@parkerpohl.com*
Wendy Tannenbaum, Esq.
*wendy.tannenbaum@parkerpohl.com*
PARKER POHL LLP
99 Park Ave. Suite 1510
New York, NY 10016
Tel: (212) 202-8886

*Counsel for Bradley Condit*

Hearing Date: October 6, 2022 at 10:00 a.m. Objection Deadline: October 3, 2022

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al*, | Case No. 22-10964 (MG) |
| Debtors. | |

**MOTION OF BRADLEY CONDIT FOR ENTRY OF AN ORDER PURSUANT TO
11 U.S.C. § 362(d)(1) FOR RELIEF FROM THE AUTOMATIC STAY**

**TABLE OF CONTENTS**

|  | PAGE |
|---|---|
| TABLE OF AUTHORITIES | ii |
| JURISDICTION AND VENUE | 1 |
| BACKROUND | 2 |
|     The Civil Action | 2 |
|     Debtor's Liability Insurance | 3 |
|     Bankruptcy Petition and Stay | 3 |
| RELIEF REQUESTED | 4 |
|     A.   Legal Standard Under 11 U.S.C. § 362(d)(1) | 4 |
|     B.   Cause Exists to Grant Condit Relief from the Automatic Stay Because Debtor Has Liability Insurance | 6 |
|     C.   Other *Sonnax* Factors Also Support Relief from the Automatic Stay | 7 |
| NOTICE | 9 |
| CONCLUSION | 10 |

# **TABLE OF AUTHORITIES**

**CASES**                                                                                                                         **PAGE(S)**

*In re AMR Corp.*, 485 B.R. 279 (Bankr. S.D.N.Y. 2013) ............................................................... 5

*In re Bock Laundry Machine Co.*, 37 B.R. 564 (Bankr. N.D. Ohio 1984) ....................................... 9

*Burger Boys, Inc. v. S. St. Seaport Ltd. P'ship (In re Burger Boys, Inc.)*,
183 B.R. 682 (S.D.N.Y. 1994) ........................................................................................................ 4

*In re Cicale,* 2007 WL 1893301 (Bankr. S.D.N.Y. 2007) ............................................................... 8

*Condit v. Celsius, et al.*, Index No. 151900/2002 (Sup. Ct. N.Y. Co.) ............................................ 2

*In re Edgeworth,* 993 F.2d 51 (5th Cir. 1993) ................................................................................. 6

*Elliott v. Hardison,* 25 B.R. 305 (E.D. Va. 1982) ........................................................................... 7

*Matter of Fernstrom Storage & Van Co.*, 938 F.2d 731 (7th Cir. 1991) ......................................... 7

*In re Glunk*, 342 B.R. 717 (Bankr. E.D. Pa. 2006) ...................................................................... 7, 9

*In re Grace Indus., Inc.,* 341 B.R. 399 (Bankr. E.D.N.Y. 2006) ..................................................... 6

*Holtkamp v. Littlefield (Matter of Holtkamp),* 669 F.2d 505 (7th Cir. 1982) .................................. 7

*In re Keene Corp.*, 171 B.R. 180 (Bankr. S.D.N.Y. 1994) .............................................................. 5

*In re Lehman Bros. Holdings Inc.*, 435 B.R. 122 (S.D.N.Y. 2010),
aff'd sub nom *Suncal Cmtys. I LLC v. Lehman Commercial Paper, Inc.*,
402 F. App'x 634 (2d Cir. 2010) ..................................................................................................... 5

*In re MF Glob. Holdings Ltd.*, 469 B.R. 177 (Bankr. S.D.N.Y. 2012) ............................................ 6

*Mazzeo v. Lenhart* (*In re Mazzeo*), 167 F.3d 139 (2d Cir. 1999) ..................................................... 5

*In re Project Orange Assocs., LLC*, 432 B.R. 89 (Bankr. S.D.N.Y. 2010) ..................................... 4

*Royal Ins. Co. of Am. v. McCrory Corp.,* 1996 WL 204482 (S.D.N.Y. 1996) ................................ 6

*Sonnax Industries, Inc. v. Tri-Component Products Corp. (In re Sonnax Indus., Inc.)*,
907 F.2d 1280 (2d Cir. 1990) ......................................................................................... 4, 5, 7, 9, 10

*Spencer v. Bogdanovich* (*In re Bogdanovich*), 292 F.3d 104 (2d Cir. 2002) .................................. 5

# TABLE OF AUTHORITIES

**CASES**  **PAGE(S)**

*In re Sterling*, 2018 WL 313085 (Bankr. S.D.N.Y. 2018)..................................................................8

*In re Touloumis*, 170 B.R. 825 (Bankr. S.D.N.Y. 1994)..................................................................4

**STATUTES**

11 U.S.C. § 362..................................................................................................1, 3, 4, 7

N.Y. Ins. Law. § 3420(a)(1)..................................................................................................6

iii

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

Bradley Condit ("**Condit**") is Plaintiff in a civil action pending in the Southern District of New York entitled *Bradley Condit v. Celsius Network LLC and Yaron Shalem*, Civil Action No. 22-cv-5452 (CS) (the "**Civil Action**"), in which Celsius Network LLC ("**Debtor**") is a defendant. Condit, by and through his undersigned counsel, files this motion (the "**Motion**") for entry of an order pursuant to section 362(d)(1) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 4001, 9013, and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") to permit him to continue to prosecute his claims against Debtor in the Civil Action. Condit does not seek relief from the automatic stay to attach, execute, or otherwise attempt to collect any judgment obtained from property of the Debtor's estate. In support of the Motion, Condit respectfully represents as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this proceeding and this Motion is proper in this judicial district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. This matter is a core proceeding which may be determined by this Court pursuant to 28 U.S.C. § 157(b)(2).

3. The statutory predicates for the relief sought herein are section 362 of the Bankruptcy Code, as complemented by Rules 4001, 9013, and 9014 of the Bankruptcy Rules.

1

## BACKGROUND

**The Civil Action**

4.  On June 28, 2022 – over two weeks before Debtor filed for bankruptcy – Condit commenced the Civil Action in the Southern District of New York against Celsius Network LLC and its former CFO, Yaron Shalem. A true and correct copy of Condit's SDNY Complaint is attached hereto as **Exhibit A** (the "**Complaint**").[1]

5.  On June 30, 2022, Condit's counsel sent Celsius's counsel a waiver of service of summons and a request that Celsius return the waiver and accept service. (A true and correct copy of Condit's Waiver of Service of Summons is attached hereto as **Exhibit B**)

6.  The Complaint seeks recovery of damages for disability discrimination under the Americans with Disabilities Act ("**ADA**") and the New York State Human Rights Law ("**NYSHRL**"). (*See* Complaint ¶¶ 80-127) The Complaint also seeks damages against Shalem, who instigated, caused, participated in, and accomplished some or all of the discriminatory acts that form the basis for Condit's claims. (*See id.* ¶¶ 80-131)

7.  As demonstrated in the Complaint, the circumstances of Condit's termination as Controller of Debtor appear plainly discriminatory. Indeed, Debtor first decreased Condit's responsibilities and then ultimately fired him because he was suffering from debilitating health issues and had to be hospitalized due to his history of cancer and his life-threatening contraction of COVID-19, Lyme disease, and Ehrlichiosis while employed at the company. The Complaint

---

[1] Condit had previously filed a complaint in New York state court alleging claims similar to those set forth in the federal Complaint. *See Condit v. Celsius, et al.*, Index No. 151900/2002 (Sup. Ct. N.Y. Co.) Condit discontinued the state court action after receiving a Notice of Right to Sue in federal court from the U.S. Equal Employment Opportunity Commission.

2

sets forth the full extent of Condit's disability and Debtor's callous and discriminatory actions toward him, which form the bases for his federal and state claims. *See generally*, Exhibit A.

**Debtor's Liability Insurance**

8. Condit has first-hand knowledge of an insurance policy owned by Debtor that would cover the costs and any liability imposed as a result of the discrimination claims set forth in Condit's Civil Action against Debtor. (Affidavit of Bradley Condit ("**Condit Aff.**"), attached hereto as **Exhibit C**, ¶¶ 5-7)

9. Indeed, as Debtor's former Comptroller, Condit had responsibility for monitoring payments to Debtor's insurers. Up until the time he was terminated, Debtor paid $1,000,000 quarterly for D & O liability insurance through Lockton Companies (the "Policy"). (Condit Aff., ¶ 6)

10. Upon information and belief, the D&O policy included Employment Practices Liability coverage that would cover the claims asserted in the Complaint.

**Bankruptcy Petition and Stay**

11. On July 13, 2022, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code with this Court.

12. Pursuant to 11 U.S.C. § 362, Debtor's petition automatically stayed all litigation against Debtor, including the Civil Action. As a result of the stay, Debtor has not accepted service of the Complaint or otherwise responded to the Complaint and, absent relief from this Court, Condit is prohibited from prosecuting his claims until the bankruptcy is resolved or the stay is lifted.

13. By this motion, Condit seeks relief from the automatic stay to continue the Civil Action so that he may proceed with discovery, pre-trial motions, and if necessary, trial and

3

judgment. Because Debtor has liability insurance that will cover the costs of its defense and any judgment against it, the relief requested by this Motion explicitly excludes any action to collect, recover, or encumber property of the estate.

## RELIEF REQUESTED

**A.      Legal Standard Under 11 U.S.C. § 362(d)(1)**

14.     Section 362(a)(1) of the Bankruptcy Code imposes an automatic stay of the commencement or continuation of all litigation against a debtor upon the debtor's filing of a bankruptcy petition. *See* 11 U.S.C. § 362(a)(1); *In re Project Orange Assocs., LLC*, 432 B.R. 89, 101 (Bankr. S.D.N.Y. 2010). However, the Court may grant relief from the automatic stay "for cause," pursuant to section 362 of the Bankruptcy Code. *See* 11 U.S.C. § 362(d)(1). Section 362(d)(1) provides that, "[o]n the request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay . . . for cause . . ." *Id.*

15.     Neither section 362(d)(1) nor the legislative history related thereto defines what constitutes "cause" for relief from the automatic stay. *In re Touloumis*, 170 B.R. 825, 828 (Bankr. S.D.N.Y. 1994). "'Cause' is an intentionally broad and flexible concept which must be determined on a case-by-case basis." *Project Orange*, 432 B.R. at 103 (quoting *In re Brown*, 311 B.R. 409, 412-13 (E.D. Pa. 2004)) (internal citation omitted). Thus, the decision whether to grant relief from the automatic stay falls within the discretion of the Bankruptcy Court. *Burger Boys, Inc. v. S. St. Seaport Ltd. P'ship (In re Burger Boys, Inc.)*, 183 B.R. 682, 687-688 (S.D.N.Y. 1994).

16.     Courts in the Second Circuit consider the twelve factors established in the Court of Appeals' decision in *Sonnax Industries, Inc. v. Tri-Component Products Corp. (In re Sonnax Indus., Inc.)*, 907 F.2d 1280 (2d Cir. 1990), to determine, on a case-by-case basis, whether relief from the

automatic stay is appropriate. *See*, *e.g.*, *In re Lehman Bros. Holdings Inc.*, 435 B.R. 122, 138 (S.D.N.Y. 2010), *aff'd sub nom Suncal Cmtys. I LLC v. Lehman Commercial Paper, Inc.*, 402 F. App'x 634 (2d Cir. 2010) ("*Sonnax* . . . is routinely referenced as the leading relief from stay precedent in this Circuit."). The twelve *Sonnax* factors are:

> (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms.

907 F.2d at 1286.

17. Not all of the *Sonnax* factors are relevant in every case. *Spencer v. Bogdanovich* (*In re Bogdanovich*), 292 F.3d 104, 110 (2d Cir. 2002), *citing Mazzeo v. Lenhart* (*In re Mazzeo*), 167 F.3d 139, 143 (2d Cir. 1999). The Court need not assign equal weight to each factor. *In re Keene Corp.*, 171 B.R. 180, 183 (Bankr. S.D.N.Y. 1994). "Cause" is "a broad and flexible concept that must be determined on a case by case basis." *In re AMR Corp.*, 485 B.R. 279, 295 (Bankr. S.D.N.Y. 2013), *citing Bogdanovich*, 292 F.3d at 110).

18. "Actions which are only remotely related to the case under title 11 or which involve the rights of third parties often will be permitted to proceed in another forum." *Sonnax,* 907 F.2d at 1286. If the stayed proceeding "bear[s] no relationship to the purpose of the automatic stay, which is protection of the debtor and [its] estate from . . . creditors," then relief from the stay is appropriate. *Id.* at 1285-86.

5

**B.     Cause Exists to Grant Condit Relief from the Automatic Stay Because Debtor Has Liability Insurance**

19.     The fifth of the *Sonnex* factors is "whether the debtor's insurer has assumed full responsibility for defending it." 907 F.2d at 1286. As courts in this Circuit have repeatedly recognized, the presence of insurance negates the purpose of the automatic stay, which is "to protect property of the estate from being seized by individual creditors, so that assets will be available for proper distribution to the creditor body." *In re Grace Indus., Inc.,* 341 B.R. 399, 405 (Bankr. E.D.N.Y. 2006).

20.     "The filing of a bankruptcy petition does not alter the scope or terms of a debtor's insurance policy and preserves such proceeds for those covered by the insurance policy." *In re MF Glob. Holdings Ltd.*, 469 B.R. 177, 194–95 (Bankr. S.D.N.Y. 2012). Indeed, New York Insurance Law § 3420(a) specifically requires an insurer to continue coverage after its insured enters bankruptcy, mandating that all insurance contracts contain a "provision that the insolvency or bankruptcy of the person insured, or the insolvency of the insured's estate, shall not release the insurer from the payment of damages for injury sustained or loss occasioned during the life of and within the coverage of such policy or contract." N.Y. Ins. Law. § 3420(a)(1).

21.     Of course, the reasoning behind this policy is clear: "bankruptcy law is meant to provide a 'fresh start' to the debtor but not a windfall to third parties such as insurance companies." *Royal Ins. Co. of Am. v. McCrory Corp.,* 1996 WL 204482, *2 (S.D.N.Y. 1996), citing *In re Edgeworth,* 993 F.2d 51, 53-55 (5th Cir. 1993) (debtor allowed to proceed nominally against debtor, even after discharge in bankruptcy, in order to collect from insurer). "It makes no sense to allow an insurer to escape coverage" merely because insured has invoked protections of bankruptcy law. *Edgeworth,* 993 F.2d at 54.

22. Thus, "[w]here the claim is one covered by insurance or indemnity, continuation of the action should be permitted since hardship to the debtor is likely to be outweighed by hardship to the plaintiff." *Sonnax,* 907 F.2d at 1286.

23. *Sonnax's* fifth factor clearly militates in favor of releasing Condit's Civil Action from the automatic bankruptcy stay. Since Debtor has liability insurance, which remains active during the bankruptcy, neither the bankruptcy estate nor the Debtor will suffer, from a pecuniary standpoint, by permitting Condit to prosecute his discrimination action. There is therefore no purpose for the stay, which must be lifted.[2]

C. **Other *Sonnax* Factors Also Support Relief from the Automatic Stay**

24. Factors 1, 7, 10, and 12 are also relevant to this Motion and weigh in favor of permitting Condit to proceed with his discrimination claims in the Civil Action.

25. **Factor 1** – The first factor examines whether relief would result in a partial or complete resolution of the issues. This weighs in favor of granting the relief requested. To be sure, permitting the parties to proceed with litigation will result in either a trial or other resolution of Condit's discrimination claims, and will not interfere with the ongoing bankruptcy proceeding. Neither the bankruptcy nor any other proceeding or circumstance stands in the way of a normal

---

[2] Caselaw from outside this Circuit is in accord. *See, e.g., Matter of Fernstrom Storage & Van Co.*, 938 F.2d 731, 736 (7th Cir. 1991) ("debtors-defendants suffer little prejudice when they are sued by plaintiffs who seek nothing more than declarations of liability that can serve as a predicate for a recovery against insurers, sureties, or guarantors"); *Holtkamp v. Littlefield (Matter of Holtkamp),* 669 F.2d 505, 508 (7th Cir. 1982) (stay lifted to allow civil action to go forward since bankruptcy estate was not jeopardized, as insurer assumed full financial responsibility for defending the litigation); *In re Glunk*, 342 B.R. 717, 740 (Bankr. E.D. Pa. 2006) ("Under § 362(d)(1), bankruptcy courts have routinely granted relief to permit personal injury plaintiffs to prosecute their claims in state court and to limit their collection efforts to the available insurance benefits"); *Elliott v. Hardison,* 25 B.R. 305, 308 (E.D. Va. 1982) ("'Cause' for lifting the automatic stay "might include the lack of any connection with or interference with the pending bankruptcy case"").

7

resolution of the Civil Action through the litigation process. Moreover, the District Court obviously has the experience and expertise to address Condit's ADA and NYSHRL claims. *See In re Sterling*, 2018 WL 313085, *5 (Bankr. S.D.N.Y. 2018) (lifting stay where resolution of foreclosure issue would not interfere with bankruptcy proceeding, and state court had expertise in foreclosure).

26.    **Factor 7** – The interests of the estate's creditors would not be prejudiced by continuing the Civil Action. As stated above, allowing the Civil Action to proceed will not result in an attachment or recovery against property of the estate because any judgment will be paid by Debtor's insurer. Of course, if the stay is lifted, Debtor will continue to receive notice of pleadings filed in the Civil Action and will be in a position to safeguard against any prejudice to the interests of the estate that could arise.

27.    **Factor 10** – The interests of judicial economy and the expeditious and economical resolution of the litigation will best be served by relieving Condit from the automatic stay and moving forward in the District Court. *See, e.g., In re Cicale,* 2007 WL 1893301, *4 (Bankr. S.D.N.Y. 2007) (allowing litigation to proceed in the state court "will provide the most efficient and economical resolution of the litigation because the . . . action may alleviate the need for any further proceedings in the bankruptcy court"); *In re Sterling*, 2018 WL 313085, at *5 (same). Accordingly, modifying the automatic stay to allow the parties to proceed with litigation and dispose of claims against the Debtor is in the interest of judicial economy.

28.    **Factor 12** – Finally, the impact of the stay on the parties and the balance of harms weighs in favor of granting relief from the automatic stay. Condit has suffered severe mental anguish, emotional distress, and significant monetary damage as a result of the discriminatory

8

firing. (*See* Complaint ¶¶ 99-100, 116-17, 125-26) He deserves to have his claims adjudicated while the evidence of Debtor's discrimination is still fresh. As one Bankruptcy Court explained:

> The rationale for granting relief from the automatic stay for this purpose is that the prejudice to the debtor, who may suffer modest or even no adverse financial consequences but may only have to expend some time and effort in cooperating with his insurer in the defense of the litigation, is outweighed by the prejudice to the creditor whose ability to prosecute the action and reach the insurance benefits may be undermined by the "aging of evidence, loss of witnesses, and crowded court dockets."

*In re Glunk*, 342 B.R. 717, 740 (Bankr. E.D. Pa. 2006), *quoting In re Bock Laundry Machine Co.*, 37 B.R. 564, 566 (Bankr. N.D. Ohio 1984) ("A number of Courts have attributed a considerable weight to the fact that a plaintiff, by having to wait, may effectively be denied an opportunity to litigate . . . . The opinions reflect that the Courts have regarded the opportunity to litigate the issue of liability as a significant right which cannot be easily set aside, despite the existence of a bankruptcy proceeding.").

29. Other than having to participate in discovery and possibly trial, there is no harm to the debtor or any of its creditors because Debtor's insurer is on the hook for litigation expenses and judgment. The equities clearly favor Condit. *See Sonnax,* 907 F.2d at 1286 ("Where the claim is one covered by insurance or indemnity, continuation of the action should be permitted since hardship to the debtor is likely to be outweighed by hardship to the plaintiff").

**NOTICE**

30. Notice of this Motion will be provided to the Debtor, the United States Trustee, the Chapter 11 Trustee, all parties to the Civil Action, and all parties who have filed a Notice of Appearance in this case. Condit submits that, in view of the facts and circumstances, such notice is sufficient, and no other or further notice need be provided. No previous request for the relief sought herein has been made by Condit to this or any other court.

9

## **CONCLUSION**

For the foregoing reasons, the *Sonnax* factors, and in particular the fact that Debtor's liability insurance will cover the costs and any judgment against Debtor in the Civil Action, weigh in favor of the requested relief from the automatic stay. Cause exists for the Court to modify the automatic stay to allow the Civil Action to proceed.

WHEREFORE, Condit respectfully requests entry of the Proposed Order, attached hereto as **Exhibit D**, granting the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated: September 1, 2022                     Respectfully submitted,

**PARKER POHL LLP**

*/s/ M. Todd Parker*
M. Todd Parker, Esq.
Wendy Tannenbaum, Esq.
99 Park Ave., Suite 1510
New York, New York 10016
Telephone: (212) 202-8886
todd.parker@parkerpohl.com
wendy.tannenbaum@parkerpohl.com