**UNITED STATES BANKRUPTCY COURT**  Chapter 11 Case No. 22-10964 (MG)
**SOUTHERN DISTRICT OF NEW YORK**  (Jointly Administered)

In re CELSIUS NETWORK LLC, *et al.*,1

# OBJECTION TO THE UCCS' AGREED PROPOSED ORDER GRANTING EXAMINER MOTION

I, Daniel A. Frishberg, a Celsius Networks LLC creditor, hereby formally object to the UCC's proposed order to appoint an examiner.

## Objection:

An examiner should not be appointed because it will significantly delay these proceedings and cost the estate substantial amounts of money (potentially tens of millions of dollars in direct expenses plus tens of millions of dollars more in delays.).

It would be far more beneficial to appoint an *independent neutral third party:* A Chief Restructuring Officer with no connections or conflicts with either Celsius or any parties to these proceedings such as shareholders. The Chief Restructuring Officer Should be issued a mandate to not only investigate, but to also restore liquidity.

## Introduction:

This is an extremely unusual case, which calls for unusual treatment. Celsius acted far more like a bank/hedge fund, and it should be treated as such. I understand that my requests are unusual, but they are in the best interests of the creditors. What matters most is extracting the full value from Celsius for the benefit of the creditors. All assets that belong to Celsius as a whole (and any fraudulently transferred) must be included in the bankruptcy estate. This includes all "non-debtors entities" that are owned by Celsius, such as GK8 and the various Celsius's such as Celsius Cyprus.

## Cause:

Cause to appoint a *independent neutral third party*–a Chief Restructuring Officer–exists:

"Code defines cause to appoint a Chapter 11 Trustee to include: fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management,

either before or after the commencement of the case, or similar cause, but not including the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor[1]."

The amount of "fraud, dishonesty, incompetence, or gross mismanagement" that has already occurred in this case prepetition is breathtaking. It is undeniable that there was fraud and dishonesty coming from Celsius, its executives/representatives, and Alexander Mashinsky personally. Celsius admitted in their own filings with this court that there was (what I would describe as) "incompetence" and "gross mismanagement". Celsius and it's lawyers have attempted to muddy the waters and present the ~$3 billion deficit as the result of mismanagement and incompetence, rather than outright theft, fraud and embezzlement (through CEL token sales by the executives including Alexander Mashisnky to Celsius itself and other measures under "color of law"). At least 40 states, and the SEC have had issues with Celsius doing what they called unregulated securities trading: "At a minimum, Celsius has been operating its business in violation of state securities laws. That improper practice alone warrants investigation by a neutral party[2]."

Section 1104 of the bankruptcy code says that a trustee may be appointed either "for cause"; or (2) "if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate.[3]" It is in the best interests of both the creditors and the shareholders that an *independent neutral third party* is appointed. The ideal *independent neutral third party* would be a Chief Restructuring Officer with experience in bankruptcies and the finance industry in general, and specifically cryptocurrencies.

## Arguments:

The debtors are going to argue that a trustee is not necessary, because the appointment of a trustee would cause Celsius's management to be removed, and stop having their exorbitant salaries/bonuses paid. This entire bankruptcy process so far seems to have been just a way to milk even more money from depositors, and to transfer the money from us, to the pockets of Celsius's management. The examiner motion stated that Celsius's current management "engaged in fraud, dishonesty, incompetence and/or gross mismanagement". The unsustainable spending that Celsius is going through has to be stopped. A Chief Restructuring Officer Trustee will accomplish that, while simultaneously investigating Celsius and its (by then) former management. Once a finding of cause is made, "the court is required to appoint a chapter 11 trustee" *In re Sillerman*, 605 B.R. at 642.

---

[1] 11. U.S.C. § 1104(a)(1).
[2] https://cases.stretto.com/public/x191/11749/PLEADINGS/1174909072280000000015.pdf

[3] 11 U.S.C. § 1104(a)(1)-(2)

Celsius's management has shown time and time again that they have no priorities other than their own enrichment. *The Regulatory Investigation And State Concerns About Unregistered Securities Offerings And Fraud* has shown that on dozens (if not hundreds) of occasions the management has broken their fiduciary duties, and profited at the expense of the depositors. The act of using depositor funds after pausing withdrawals to purchase more CEL is effectively a fraudulent transfer.It should be noted that Alexander Mashinsky is a major holder of CEL. "From May 2, 2022 through July 1, 2022, Celsius increased its Net Position in CEL by an additional 40,089,731.33 CEL tokens, with over half of this increase occurring after Celsius froze withdrawals on June 12, 2022. The market price of CEL generally ranged between \$0.155 and \$2.077 during this period[4]." Celsius not only locked up depositors assets, but they used those assets to potentially provide exit liquidity for Alexander Mashisnky and the other major holders of CEL, the vast majority of whom were Celsius insiders[5]. If this was done in any other financial industry such as in the stock market, the SEC/FBI, along with other federal and state regulators would be issuing indictments left and right. Just because Cryptocurrency is still a relatively unregulated industry, it does not make fraud and theft legal.

Celsius's management must be replaced as soon as possible with an independent *neutral third party* trustee. Almost all of the creditors (such as myself) are shocked and disgusted that Alexander Mashinsky is able to spend our money living in a luxurious penthouse in the center of New York City while we are unable to access our money. There is too much evidence of fraud and potentially even theft (per the Arkham report) to not investigate him and Celsius's management, let alone let him continue to lead Celsius. Celsius's management must be replaced immediately with a Chief Restructuring Officer with a wide mandate to investigate, and restore liquidity.

Specifically these sections that the UCC is attempting to remove should be included in the Trustee's (or examiner's) investigative scope:

iii. The identification of the undisclosed third party loan party and what steps the Debtors took to neutralize their lost collateral.
 iv. An examination as to why was the \$648 million repaid, collateral returned prepetition, and the terms of these loans.
 v. An examination as to the terms of the \$750 million intercompany revolver, including how Celsius used the loan proceeds.
vi. An examination as to the liquidation of the Tether loan.
vii. An examination of the GK8 acquisition.

---

[4] Declaration of Ethan McLaughlin at ¶ 6g
[5] https://www.arkhamintelligence.com/reports/celsius-report

The UCC is unable to properly investigate some crucial points due to White & Case's "open" representation of Celsius shareholders, such as Tether. That is why a Chief Restructuring Officer Trustee is so crucial. It is also possible to hire a special counsel with **no** connections to Celsius or any bankruptcy participation for this matter.

The sale of GK8 needs to be carefully overseen as well, to the best of my knowledge White and Case are unable to properly do so because they helped some of the shareholders (Preferred Series B) in the acquisition, and have a conflict. It is also crucial that the proceeds from the sale go to the bankruptcy estate, and are used for the benefit of the depositors/creditors, and not shareholders.

Several Celsius subsidiaries are not a part of the bankruptcy, but they should be. Please ensure that a trustee or examiner looks into transfers between Celsius entities. I believe an investigation will show that any and all assets owned by Celsius (including ones that have been fraudulently transferred to third parties/insiders) should be included in a single estate, or one pot of money. I would be shocked if, after an investigation, you do not agree, Your Honor. I believe that after this is investigated, you will decide to order that all "non-debtor" subsidiaries (such as Celsius Cyprus) be included in the bankruptcy estate, for the benefit of depositors.

## **Conclusion:**

The court should sustain my objection and appoint a Chief Restructuring Officer Trustee (ideally with crypto experience, such as a previous crypto executive). Your Honor should also order the Trustee (or an examiner if one is appointed) to specifically investigate the 5 key points that were previously removed (Exhibit A) in addition to any other points. I also humbly request that the court orders it to investigate the facts and circumstances around Celsius's subsidiaries–as I said, I believe an investigation will show their assets should become a part of the one single estate. The key points (Exhibit A) are extremely crucial and must be investigated fully. Every loss that Celsius sustained should be investigated to make sure that it actually was incompetence and gross mismanagement, and not a fraudulent transfer of assets. Who was on the other side of the trades that profited (such as insiders, as was the case with Alexander Mashinsky and other insiders selling CEL to Celsius)?

Exhibit A:

iii. The identification of the undisclosed third party loan party and what steps the Debtors took to neutralize their lost collateral.

 iv. An examination as to why was the $648 million repaid, collateral returned prepetition, and the terms of these loans.

 v. An examination as to the terms of the $750 million intercompany revolver, including how Celsius used the loan proceeds.

 vi. An examination as to the liquidation of the Tether loan.

 vii. An examination of the GK8 acquisition.