# DANIEL A. FRISHBERGS' RESPONSE TO DEBTORS' OMNIBUS REPLY TO CERTAIN OBJECTIONS TO THE DEBTORS' RETENTION OF KIRKLAND & ELLIS LLP AND KIRKLAND & ELLIS INTERNATIONAL LLP

I, Daniel A. Frishberg, do hereby file this response (this "Reply") to *Debtors' Omnibus Reply To Certain Objections To The Debtors' Retention Of Kirkland & Ellis LLP And Kirkland & Ellis International LLP*.

## Reply

Contrary to what Kirkland and Ellis claim, their employment is **not** entirely consistent with the bankruptcy code. The objections they have received **do** have merit, because the same law firm (and more specifically the same lawyer) cannot represent two companies whose interests directly overlap (substantially), as well as represent two different shareholders of Celsius. Mr. Sussenberg should recuse himself and simply pick one party to represent.

## Deadline

I apologize for missing the deadline of August 25th, 2022, but I cannot predict the future. There was no way for me to know that Kirkland and Ellis (and Mr. Sussenberg specifically) would file Declarations of Worthlessness on behalf of Mr. Leon and Mr. Mashinsky. My objection was filed just two days after Mr. Leon's declaration (on the 5th of August). What matters most is not that I was late, but that there is a clear conflict of interest in this case. I would like to note on the record that the debtor' reply was posted on Stretto's website (the only way I am able to see the docket) less than 24 hours before the deadline is for the hearing on the 14th of September 2022.

## Conflicts

As previously described in my objection[1], there is a clear overlap of interests. While Mr. Sussenberg is an ethical, talented and honest attorney, it is impossible for any attorney (or any human) to be completely unbiased and be able to fully support the interests of two (or more) conflicting parties. If Mr. Sussenberg was not employed by Mr. Leon and Mr. Mashinsky, then who paid them? If the estate paid for documents (that did not benefit the estate in any way) to be

---

[1] https://cases.stretto.com/public/x191/11749/PLEADINGS/1174909082280000000084.pdf

filed, then that in itself is a conflict. If Mr. Leon/Mr. Mashinsky paid for Mr. Sussenberg to file the papers upon their behalf, then that would mean that Mr. Sussenberg **was** in fact employed by Mr. Leon/ Mr. Mashinsky.

Celsius and Voyager have conflicting interests, and as a creditor of Celsius I want Celsius to be able to recover what they are owed (since it is in fact, the depositors money that Celsius lent to 3AC). Kirkland and Ellis having a conflict, and specifically Mr. Sussenberg working for two conflicting clients would severely impact the potential recovery. There must be a "firewall" or "Chinese wall" setup between the various attorneys at Kirkland and Ellis if they are to continue to work on both Celsius and Voyager's case.

In the debtors reply, Mr. Sussenberg stated "Kirkland did not provide legal advice to Mr. Leon regarding the *Declaration of Status as a Substantial Shareholder*", but Kirkland and Ellis/Mr. Sussenberg never stated that they did not provide other legal advice outside of the scope of the declaration. Mr. Mashinsky is not mentioned at all in regards to him getting or not getting legal advice/counsel from Kirkland and Ellis. Also this extremely narrow statement is not a sworn statement/affidavit. The key question remains: did Kirkland and Ellis, and/or any of its employees provide **any** legal advice (or anything that can be interpreted as such) or legal services to Mr. Mashinsky, Mr. Leon, and any other Celsius employees/shareholders/anyone that would cause a conflict.

Who wrote the declarations of worthlessness filed by Mr. Sussenberg upon Mr. Mashinsky and Mr. Leon's behalf? Who paid for the legal services of Mr. Sussenberg to file those declarations? If the estate's money or assets were used, I as a creditor have the right to know. Kirkland and Ellis and the current management team have not been open and forthcoming with information like they have claimed. The declaration of worthlessness from both Mr. Leon and Mr. Mashinsky was clearly written by a lawyer, and to the best of my knowledge neither of them are attorneys. Kirkland and Ellis must issue a sworn statement under threat of perjury, disbarment and contempt of court stating that they did not provide any legal services or advice to Mr. Leon, or Mr. Mashinsky[2] (in their personal capacity) in **any** form. The debtors should also provide a sworn statement under threat of perjury, disbarment and contempt of court from whichever attorney did write the declarations, and in that statement, include where the payment for both that third party attorney came, and who paid Mr. Sussenberg to file the declaration.

I suggest that the ruling on if Kirkland and Ellis should be retained by the debtors or not should be delayed for an sufficient amount of time to allow any more objections/more input to come in due to the revelation of Kirkland and Ellis/Mr. Sussenberg filing the declarations for Mr. Leon and Mr. Mashinsky.  We, the creditors, deserve an open and transparent bankruptcy process. So far, Kirkland and Ellis has only made a very narrow (unsworn) statement in regards

---

[2] And any other insiders/individuals in management.

to the potentially massive (case destroying) revelation about them potentially giving shareholders advice and legal services/counsel.

## Conclusion

I apologize for missing the deadline, and request that it be excused due to information (that prompted the objection) emerging after the deadline. My objection should be **sustained** and Kirkland and Ellis should be ordered to either drop Celsius or Voyager as clients, and to not work for the shareholders (while working for the debtors). Alternatively, Kirkland and Ellis could be ordered to erect a "firewall" (also known as "Chinese wall") between the various legal teams working for Celsius and Voyager, and various shareholders. Mr. Sussenberg should not be allowed to work for 3 different parties with conflicting interests since he would be unable to represent the debtor's interests fully. The ruling on Kirkland and Ellis being retained should be delayed until more information is able to be adequately provided, and more interested parties (such as the UCC, US Trustee, various ad hoc committees and other creditors) are able to weigh in. Kirkland and Ellis must also issue a sworn statement under threat of perjury, disbarment and contempt of court clearly and broadly stating that they did not provide Mr. Mashinsky, Mr. Leon, and any other (as of now) unknown insiders/parties/shareholders/any individual or entity which could create a conflict, any legal advice and/or legal services.