# Exhibit A

## Revised Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| CELSIUS NETWORK LLC, *et al*.,[1] | ) Case No. 22-10964 (MG) |
| Debtors. | ) (Jointly Administered) |

**ORDER CLARIFYING THE REQUIREMENT TO PROVIDE ACCESS TO CONFIDENTIAL OR PRIVILEGED INFORMATION AND APPROVING A PROTOCOL REGARDING CREDITOR REQUESTS FOR INFORMATION**

Upon the motion (the "**Motion**")[2] of the Official Committee of Unsecured Creditors (the "**Committee**") of Celsius Network LLC, *et al*. (collectively, the "**Debtors**") for entry of an order (this "**Order**"), pursuant to sections 105(a), 107(b), and 1102(b)(3)(A) and (B) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), clarifying the requirements of the Committee to provide access to confidential or privileged information to creditors and approving a protocol regarding the same; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Standing Order; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1. The relief requested in the Motion is granted, effective *nunc pro tunc* to the Committee Formation Date.

2. The Committee shall implement the following protocol for providing access to information for creditors (the "**Creditor Information Protocol**") in accordance with Bankruptcy Code sections 1102(b)(3)(A) and (B):

    (a) <u>Privileged and Confidential Information</u>: The Committee shall not be required to disseminate to any entity[3] (i) without further order of the Court, Confidential Debtor Information, Confidential Committee Information, or confidential and non-public proprietary information from other parties (the "**Confidential Non-Debtor Information**" and, collectively with Confidential Debtor Information and Confidential Committee Information, the "**Confidential Information**") or (ii) any information subject to attorney-client or some other state, federal, or other jurisdictional law privilege (including attorney-work product), whether such privilege is solely controlled by the Committee or is a joint or common interest privilege with Debtors or some other party (collectively, the "**Privileged Information**"). In addition, the Committee shall not be required to provide access to information or solicit comments from any entity that has not demonstrated to the satisfaction of the Committee, in its sole discretion, or to the Court, that it holds a claim of the kind described in Bankruptcy Code section 1102(b)(3).

---

[3] As used herein, "entity" is used as defined in Bankruptcy Code section 101(15).

2

(b) <u>Information Obtained Through Discovery</u>: Any information received (formally or informally) pursuant to Bankruptcy Rule 2004, or in connection with any formal or informal discovery in any contested matter, adversary proceeding, or other litigation shall not be governed by any order entered with respect to this Motion but, rather, by any order or applicable confidentiality agreement governing such discovery. The Committee shall not be obligated to provide any information the Committee obtains from third parties to any creditor.

(c) <u>Creditor Information Requests</u>: If a creditor (a "**Requesting Creditor**") submits a written request to the Committee or the Committee Professionals (an "**Information Request**") for the Committee to disclose information, pursuant to Bankruptcy Code section 1102(b)(3)(A), the Committee shall, as soon as reasonably practicable, but no more than thirty (30) days after receipt of the Information Request, provide a response to the Information Request (a "**Response**"), including providing access to the information requested or the reasons the Committee cannot disclose the information requested by such Information Request. If the Response to deny the Information Request is because the Committee believes the Information Request implicates Confidential Information or Privileged Information that need not be disclosed, including, but not limited to, (i) pursuant to the terms of the Proposed Order or otherwise under Bankruptcy Code section 1102(b)(3)(A), (ii) because such disclosure is prohibited under applicable law or contains Privileged Information, (iii) because such information was obtained by the Committee pursuant to an agreement to maintain it as confidential or is otherwise Confidential Information, or (iv) that the Information Request is unduly burdensome, the Requesting Creditor may, after a good faith effort to meet and confer with an authorized representative of the Committee regarding the Information Request and the Response, seek to compel such disclosure for cause pursuant to a motion. Such motion shall be properly served, including on the Debtors and the Committee Professionals, and the hearing on such motion shall be noticed and scheduled. Nothing in the Proposed Order shall preclude the Requesting Creditor from requesting (or the Committee or Debtors from objecting to such request) that the Committee provide the Requesting Creditor a log or other index of any information specifically responsive to the Requesting Creditor's request that the Committee deems to be Confidential Information or Privileged Information. Further, nothing herein shall preclude the Requesting Creditor from requesting (or the Committee or Debtors from objecting to such request) that the Court conduct an *in camera* review of information that the Committee sets forth in the Response that it cannot share.

(d) <u>Release of Confidential Information of Third Parties</u>: If the Information Request implicates Confidential Debtor Information or Confidential Non-Debtor Information and the Committee, in consultation with the Debtors with respect to Confidential Debtor Information, believes that such request should be satisfied, or if the Committee, in consultation with the Debtors with respect to Confidential Debtor Information, without a third party request, wishes to disclose such Confidential Information to creditors, the Committee may request (a "**Demand**") for the benefit of the Debtors' creditors: (i) if the Confidential Information is

3

        Confidential Debtor Information, by submitting a written request to counsel for the Debtors, requesting that such information be disclosed and (ii) if the Confidential Information is Confidential Non-Debtor Information, by submitting a written request to such third party and its counsel of record, with a copy to the Debtors' counsel, that such information be disclosed.  If the Debtors or such other entity does not agree in writing within ten (10) days after receipt of the Demand to disclose such information, the Committee or the Requesting Creditor may file a motion seeking a ruling with respect to the Demand, and the Debtors or such other entity, as applicable, may file an objection to such motion, including on the basis that any information provided to creditors should only be done pursuant to an order of the Court requiring that such information remain confidential.  Demands submitted to counsel to the Debtors pursuant to this paragraph (d) shall be submitted by email to: patrick.nash@kirkland.com, rkwastenient@kirkland.com, and joshua.sussberg@kirkland.com.  The Committee will not be authorized to disclose Confidential Debtor Information or Confidential Non-Debtor Information absent an agreement in writing from the Debtors (or their professional advisors) or such third party, as applicable, or further order of the Court.  For the avoidance of doubt, this paragraph (d) is subject to paragraph (b) above.

(e) <u>Confidential Information Shared Subject to Confidentiality Agreement</u>: Nothing herein precludes the Committee (or its members and representatives) from discussing commonly-received Confidential Information (and sharing analyses or other documents generated by the Committee based on such commonly-received Confidential Information) with any other party in interest in the Debtors' chapter 11 cases and/or its advisor(s) that have signed a confidentiality agreement with the Debtors governing such Confidential Information (or such analyses or other documents generated by the Committee as applicable); *provided* that, for the avoidance of doubt, nothing herein modifies or otherwise alters the terms of any confidentiality agreement between the Debtors and any applicable party.  The approved disclosure of Confidential Information share pursuant to a confidentiality agreement does not waive any applicable privileges, work product or other protections against disclosure to non-parties.

3.    The Committee shall be permitted, but is not be required, pursuant to Bankruptcy Code section 1102(b)(3)(A), to provide access to any Confidential Information to any creditor with a claim of the kind represented by the Committee except as provided in the Creditor Information Protocol.

4.    The Committee shall not be required, pursuant to Bankruptcy Code section 1102(b)(3)(A), to provide access to any Privileged Information to any creditor with a

4

claim of the kind represented by the Committee. Nonetheless, the Committee shall be permitted, but not required, to provide access to Privileged Information or Confidential Committee Information to any party so long as (i) such Privileged Information or Confidential Committee Information does not include any Confidential Debtor Information or Confidential Non-Debtor Information and (ii) any relevant privilege is held and controlled solely by the Committee.

5. The Committee may establish and maintain the Information Platforms and other accounts and channels as described in the Motion; *provided* that the Committee shall only use and maintain a Twitter account, and social media accounts or channels on Reddit, Discord, Telegram and Facebook; *provided further*, that to the extent the Committee wish to utilize any additional Information Platforms other than those listed in this paragraph 5, the Committee shall provide five (5) business days' notice to the U.S. Trustee and the Debtors prior to opening a new Information Platform account; *provided further*, that the Committee shall post the official username, handle, account or identifying information for all Information Platforms on the Committee's website maintained by Kroll. Nothing in this Order shall diminish or modify the rights and obligations of the Committee or its members and representatives under the Committee by-laws or any confidentiality agreement entered into with the Debtors or any other party (including the Committee's, its members', and/or their representatives' rights to disclose Confidential Information as permitted under such confidentiality agreement or obligations to keep such Confidential Information confidential), which rights and obligations shall remain in full force and effect notwithstanding any provision of this Order. For the avoidance of doubt, all communication on the Information Platforms are communications deemed to have originated from the Committee, with approval by counsel to the Committee, W&C.

5

6. The information posted to the Information Platforms may include, among other things:

   a) general information regarding the chapter 11 cases, including the Petition Date and case number;

   b) contact information for the Committee, the Committee Professionals, the Debtors and the Debtors' professional advisors;

   c) a case calendar of significant events in the chapter 11 cases, as well as relevant deadlines, including the voting deadline in connection with any Chapter 11 plan of reorganization filed in these chapter 11 case and the deadline to file proofs of claims;

   d) information regarding plan voting and the Committee's recommendation on plan voting following entry of an order approving any disclosure statement and solicitation materials;

   e) responses to frequently asked questions;

   f) select court filings and other documents that the Committee deems to be of particular interest to unsecured creditors;

   g) forms and instructions for filling out proofs of claim as well as relevant related deadlines;

   h) access to a telephone hotline and an email address maintained by Kroll to the extent creditors would like additional information or to discuss specific concerns;

   i) information regarding town hall meetings hosted by Committee professionals;

   j) information concerning the process for claims resolution;

   k) the Debtors' monthly operating reports;

   l) press releases, if any, issued by the Committee;

   m) an email address where creditors may send questions and comments to the Committee in connection with the chapter 11 cases; and

   n) links to other relevant websites (*e.g.*, the Debtors' corporate website, the Debtors' claims and noticing agent's website, the website of the U.S. Trustee, and the Court website).

6

7. The Committee is authorized to take all actions necessary to effectuate the relief granted pursuant to this order in accordance with the Motion.

8. The Committee, W&C, and Kroll shall use its reasonable efforts to avoid any duplication of services provided by any of the Committee's other retained professionals in these chapter 11 cases when addressing and using the Information Platforms.

9. The Information Platforms shall solely be used to provide information to creditors and to function as a resource for creditors. They are intended to provide the information contained in paragraphs 6(a) through 6(n) of this Order in these chapter 11 cases, and under no circumstances shall the information shared in accordance with this Order include legal advice or opinions.

10. The fourteen (14) day stay provided for in Bankruptcy Rule 6004(h) is hereby waived and this Order shall be effective immediately.

11. Nothing in this Order shall expand, restrict, affirm, or deny the right or obligation, if any, of the Committee to provide or decline access to the Debtors' information to any party, except as explicitly provided herein.

12. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2022

                                                THE HONORABLE MARTIN GLENN
                                                UNITED STATES BANKRUPTCY JUDGE

7