Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:   (212) 446-4800
Facsimile:   (212) 446-4900

*Proposed Counsel to the Debtors and
Debtors in Possession*

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:   (312) 862-2000
Facsimile:   (312) 862-2200

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**NOTICE OF FILING OF REVISED
PROPOSED ORDER AUTHORIZING THE RETENTION AND
EMPLOYMENT OF STRETTO, INC. AS ADMINISTRATIVE ADVISOR TO
THE DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE AS OF JULY 13, 2022**

**PLEASE TAKE NOTICE** that on August 4, 2022, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed the *Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Stretto, Inc. as Administrative Advisor to the Debtors and Debtors in Possession Effective as of July 13, 2022* [Docket No. 361] (the "Application").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

**PLEASE TAKE FURTHER NOTICE** that the Debtors hereby file a revised proposed *Order Authorizing the Retention and Employment of Stretto, Inc. as Administrative Advisor to the Debtors and Debtors in Possession Effective as of July 13, 2022* attached hereto as **Exhibit A** (the "Revised Proposed Order").

**PLEASE TAKE FURTHER NOTICE THAT** a comparison between the Revised Proposed Order and the order filed with the Application is attached hereto as **Exhibit B**.

**PLEASE TAKE FURTHER NOTICE** that copies of the Application and other pleadings filed in the above-captioned chapter 11 cases may be obtained free of charge by visiting the website of Stretto at http://www.cases.stretto.com/celsius. You may also obtain copies of any pleadings by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

[*Remainder of page intentionally left blank.*]

| | |
|---|---|
| New York, New York<br>Dated: September 13, 2022 | */s/ Joshua A. Sussberg*<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C.<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:  (212) 446-4800<br>Facsimile:   (212) 446-4900<br>Email:          jsussberg@kirkland.com<br><br> - and -<br><br>Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)<br>Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)<br>Christopher S. Koenig<br>Dan Latona (admitted *pro hac vice*)<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Telephone:  (312) 862-2000<br>Facsimile:   (312) 862-2200<br>Email:          patrick.nash@kirkland.com<br>                    ross.kwasteniet@kirkland.com<br>                    chris.koenig@kirkland.com<br>                    dan.latona@kirkland.com<br><br>*Proposed Counsel to the Debtors and*<br>*Debtors in Possession* |

# Exhibit A

**Revised Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER AUTHORIZING THE RETENTION AND
EMPLOYMENT OF STRETTO, INC. AS ADMINISTRATIVE ADVISOR TO
THE DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE AS OF JULY 13, 2022**

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the retention and employment of Stretto, Inc. ("Stretto") as administrative advisor ("Administrative Advisor") effective as of the Petition Date pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rule 2014-1, all as more fully set forth in the Application; and upon the First Day Declarations; and upon the Betance Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Application and opportunity for a hearing on the Application were appropriate under the circumstances and no

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

[2] Capitalized terms used but not defined herein have the meanings given to such terms in the Application.

other notice need be provided; and this Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Application and the Betance Declaration and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.  The Application is granted as set forth herein.

2.  The Debtors are authorized to retain Stretto as Administrative Advisor effective as of the Petition Date under the terms of the Engagement Agreement, and Stretto is authorized to perform the bankruptcy administration services described in the Application and set forth in the Engagement Agreement, as modified herein.

3.  This Order shall not apply to any services Stretto has sought authorization to render pursuant to the Section 156(c) Application.

4.  Stretto is authorized to take such other action as may be reasonable or necessary to comply with all duties set forth in the Application.

5.  Stretto shall apply to the Court for allowance of compensation and reimbursement of expenses incurred after the Petition Date in accordance with the applicable provisions of the Bankruptcy Code, including sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any orders entered in these cases regarding professional compensation and reimbursement of expenses. Stretto shall apply any remaining amounts of its prepetition retainer as a credit toward postpetition fees and expenses, after such postpetition fees and expenses are approved pursuant to the first order of the Court awarding fees and expenses to Stretto.

6.  Such other services as may be requested by the Debtors and agreed to by Stretto shall be subject to separate approval by Court order.

7.	The Debtors shall indemnify Stretto under the terms of the Engagement Agreement, as modified pursuant to this Order.

8.	All requests of Stretto for payment of indemnity pursuant to the Engagement Agreement shall be made by means of an application (interim or final as the case may be) and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Engagement Agreement and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought, *provided*, *however*, that in no event shall Stretto be indemnified in the case of its own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence or willful misconduct.

9.	In the event that Stretto seeks reimbursement from the Debtors for reasonable attorneys' fees in connection with a request by Stretto for payment of indemnity pursuant to the Engagement Agreement, as modified by this Order, the invoices and supporting time records from such attorneys shall be included in Stretto's own application (both interim and final) and such invoices and time records shall be subject to the approval of the Court under the standards of sections 330 and 331 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

10.	Stretto shall not be entitled to reimbursement by the Debtors for any fees, disbursements and other charges of Stretto's counsel other than those incurred in connection with a request of Stretto for payment of indemnity, retention of Stretto, and preparation of fee applications.

11.	The limitation of liability section in paragraph 10 of the Engagement Agreement is deemed to be of no force or effect with respect to the services to be provided pursuant to this Order.

12. Stretto shall exclude the Debtors' bankruptcy cases and related information, as well as information regarding any of the Debtors' non-debtor affiliates, from any file sharing arrangement with Xclaim, Inc. or any other entity operating a marketplace or similar service to facilitate trade or resolution of claims held against bankrupt or insolvent entities.

13. Prior to any increases in Stretto's rates for any individual retained by Stretto and providing services in these cases, Stretto shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtors, the U.S. Trustee and any official committee. The supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtors have consented to the rate increase. The U.S. Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code and all rates and rate increases are subject to review by the Court.

14. Notice of the Application satisfies the requirements of Bankruptcy Rule 6004(a).

15. In the event of any inconsistency between the Engagement Agreement, the Application, and this Order, this Order shall govern.

16. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

17. To the extent that the Court does not grant certain of the relief requested in the *Debtors'* Ex Parte *Motion Pursuant to Section 107 of the Bankruptcy Code Seeking Entry of an Order (I) Authorizing the Debtors to Redact Certain Personally Identifiable Information from the Creditor Matrix, Schedules and Statements, and Related Documents and (II) Granting Related Relief* [Docket No. 344] or other motion seeking to authorize the sealing of information, the Debtors shall file, as soon as reasonably practicable thereafter, unredacted versions of any

declaration or other supplemental disclosure to the extent necessary to comply with such rulings by the Court.

18. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

19. Notwithstanding any term in the Engagement Agreement to the contrary, the Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

New York, New York
Dated: _____, 2022

THE HONORABLE MARTIN GLENN
CHIEF UNITED STATES BANKRUPTCY JUDGE

# Exhibit B

**Redline**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER AUTHORIZING THE RETENTION AND
EMPLOYMENT OF STRETTO, INC. AS ADMINISTRATIVE ADVISOR TO
THE DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE AS OF JULY 13, 2022**

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the retention and employment of Stretto, Inc. ("Stretto") as administrative advisor ("Administrative Advisor") effective as of the Petition Date pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rule 2014-1, all as more fully set forth in the Application; and upon the First Day Declarations; and upon the Betance Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Application and opportunity for a hearing on the Application were appropriate under the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

[2] Capitalized terms used but not defined herein have the meanings given to such terms in the Application.

circumstances and no other notice need be provided; and this Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Application and the Betance Declaration and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Application is granted as set forth herein.

2. The Debtors are authorized to retain Stretto as Administrative Advisor effective as of the Petition Date under the terms of the Engagement Agreement, and Stretto is authorized to perform the bankruptcy administration services described in the Application and set forth in the Engagement Agreement, as modified herein.

3. This Order shall not apply to any services Stretto has sought authorization to render pursuant to the Section 156(c) Application.

4. Stretto is authorized to take such other action as may be reasonable or necessary to comply with all duties set forth in the Application.

5. Stretto shall apply to the Court for allowance of compensation and reimbursement of expenses incurred after the Petition Date in accordance with the applicable provisions of the Bankruptcy Code, including sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any orders entered in these cases regarding professional compensation and reimbursement of expenses. Stretto shall apply any remaining amounts of its prepetition retainer as a credit toward postpetition fees and expenses, after such postpetition fees and expenses are approved pursuant to the first order of the Court awarding fees and expenses to

Stretto.

6. Such other services as may be requested by the Debtors and agreed to by Stretto shall be subject to separate approval by Court order.

7. The Debtors shall indemnify Stretto under the terms of the Engagement Agreement, as modified pursuant to this Order.

8. All requests of Stretto for payment of indemnity pursuant to the Engagement Agreement shall be made by means of an application (interim or final as the case may be) and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Engagement Agreement and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought, *provided*, *however*, that in no event shall Stretto be indemnified in the case of its own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence or willful misconduct.

9. In the event that Stretto seeks reimbursement from the Debtors for reasonable attorneys' fees in connection with a request by Stretto for payment of indemnity pursuant to the Engagement Agreement, as modified by this Order, the invoices and supporting time records from such attorneys shall be included in Stretto's own application (both interim and final) and such invoices and time records shall be subject to the approval of the Court under the standards of sections 330 and 331 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

10. Stretto shall not be entitled to reimbursement by the Debtors for any fees, disbursements and other charges of Stretto's counsel other than those incurred in connection

3

with a request of Stretto for payment of indemnity, retention of Stretto, and preparation of fee applications.

11. The limitation of liability section in paragraph 10 of the Engagement Agreement is deemed to be of no force or effect with respect to the services to be provided pursuant to this Order.

12. Stretto shall exclude the Debtors' bankruptcy cases and related information, as well as information regarding any of the Debtors' non-debtor affiliates, from any file sharing arrangement with Xclaim, Inc. or any other entity operating a marketplace or similar service to facilitate trade or resolution of claims held against bankrupt or insolvent entities.

13. Prior to any increases in Stretto's rates for any individual retained by Stretto and providing services in these cases, Stretto shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtors, the U.S. Trustee and any official committee. The supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtors have consented to the rate increase. The U.S. Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code and all rates and rate increases are subject to review by the Court.

14. Notice of the Application satisfies the requirements of Bankruptcy Rule 6004(a).

15. In the event of any inconsistency between the Engagement Agreement, the Application, and this Order, this Order shall govern.

16. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

4

17. To the extent that the Court does not grant certain of the relief requested in the *Debtors'* Ex Parte *Motion Pursuant to Section 107 of the Bankruptcy Code Seeking Entry of an Order (I) Authorizing the Debtors to Redact Certain Personally Identifiable Information from the Creditor Matrix, Schedules and Statements, and Related Documents and (II) Granting Related Relief* [Docket No. 344] or other motion seeking to authorize the sealing of information, the Debtors shall file, as soon as reasonably practicable thereafter, unredacted versions of any declaration or other supplemental disclosure to the extent necessary to comply with such rulings by the Court.

18. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

19. Notwithstanding any term in the Engagement Agreement to the contrary, the Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

New York, New York
Dated: _____, 2022

                                                        THE HONORABLE MARTIN GLENN
                                                        CHIEF UNITED STATES BANKRUPTCY JUDGE