**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**SECOND DECLARATION OF GREGORY F. PESCE IN SUPPORT OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF WHITE & CASE LLP AS COUNSEL EFFECTIVE AS OF JULY 29, 2022**

I, Gregory F. Pesce, pursuant to 28 U.S.C. § 1746, hereby declare that the following is true and correct to the best of my knowledge, information, and belief:

1. I am a partner of the firm of White & Case LLP ("**White & Case**" or the "**Firm**"), an international law firm, which maintains offices for the practice of law at, among other locations, 111 South Wacker Drive, Suite 5100, Chicago, Illinois 60606. Among other admissions, I am a member in good standing of the Bar of the State of Illinois and I have been admitted to practice in Illinois. I have been admitted *pro hac vice* in connection with the above-captioned cases. There are no disciplinary proceedings pending against me in any jurisdiction.

2. I submit this second declaration (the "**Second Declaration**") pursuant to sections 328(a) and 1103 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2014(a) and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1, 2016 and Rule 9013-1 of the Local Rules for the United States Bankruptcy Court for the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

AMERICAS 117009755

Southern District of New York (the "**Local Rules**") in support of the *Official Committee of Unsecured Creditors' Application for Entry of an Order Authorizing the Employment and Retention of White & Case LLP as Counsel Effective as of July 29, 2022* (the "**Application**"), filed contemporaneously herewith by the Committee.[2] My first declaration was submitted as Exhibit B to the Application (the "**First Declaration**").

3. To the extent that White & Case determines that any information disclosed herein requires amendment or modification upon White & Case's completion of further analysis or as additional information becomes available to it, a supplemental declaration will be submitted to the Court reflecting the same. Except as otherwise noted, I have personal knowledge of the matters set forth herein.[3]

4. As noted in the First Declaration, White & Case has reviewed and will continue to review its filed periodically during these chapter 11 cases with respect to known and newly-identified parties in interest. In any new relevant facts or relationship are discovered or arise, White & Case will use reasonable efforts to identify such developments and will promptly file a supplemental declaration.

## Supplemental Disclosures Regarding Parties in Interest

5. In connection with the First Declaration, a list of names identified by the Debtors and provided to White & Case as set out in Schedule 1 annexed thereto (the "**Parties in Interest**"). Thereafter, the U.S. Trustee's Office requested that White & Case identify any connections to certain additional names identified on **Schedule 1** annexed hereto (the "**Supplemental Parties in Interest**").

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

[3] Certain of the disclosures herein relate to matters within the knowledge of attorneys or employees of White & Case and are based on information provided by them.

2

6.      Based on reports generated by White & Case's conflicts department, White & Case does not currently represent, and has not represented within the last two (2) years, any of the Supplemental Parties in Interest.

### **Additional Disclosures Requested by the U.S. Trustee**

7.      In connection with the Application, I submit this Second Declaration to provide additional disclosures in response to requests made by the U.S. Trustee and in accordance with Bankruptcy Rules 2014(a) and 2016(b). Unless otherwise stated in this Second Declaration, I have personal knowledge of the facts set forth herein.

8.      Paragraph 14 of the First Declaration provides specific disclosures with respect to the Westcap Matter (as defined in the First Declaration). White & Case and Westcap executed an engagement letter with respect to the Westcap Matter that included an advanced waiver regarding the Westcap Matter. As disclosed in paragraph 14 of the First Declaration, White & Case's representation of Westcap in connection with the Westcap Engagement was limited to reviewing due diligence information, including bitcoin mining licenses, and regulatory compliance matters related to Westcap's potential investment in Celsius Network Limited. Westcap was represented by another law firm in connection with the negotiation and documentation of Westcap's preferred equity investment in Celsius Network Limited. The Westcap Matter involved a transaction that was announced in October 2021. The fees with respect to the Westcap Matter were paid by Westcap (and, for the avoidance of any doubt, were not paid by any Debtor) on December 15, 2021. The Westcap Matter was closed on White & Case's client management system on May 19, 2022. Prior to finalizing its engagement with the Committee, White & Case disclosed the Westcap Matter to the Committee and the Committee subsequently consented to White & Case's proposed retention as Committee counsel in connection with these chapter 11 cases. Based on the foregoing

3

AMERICAS 117009755

and the other disclosures with respect thereto set forth in the First Declaration, I do not believe this matter precludes White & Case from meeting the standard for retention of Committee counsel under the Bankruptcy Code.

9. Paragraph 16 of the First Declaration provides specific disclosures with respect to the Consortium (as defined in the First Declaration) in connection with the Consortium's request that White & Case provide advice regarding a potential proposal for debtor-in-possession financing involving the Debtors. White & Case expects that, to the extent that any member of the Consortium is selected to provide debtor-in-possession financing as part of the process in which the Firm represented the Consortium in connection with the matter referenced in paragraph 16 of the First Declaration, such matters would be handled by conflicts counsel as may be retained by the Committee. Based on the foregoing and the other disclosures with respect thereto set forth in the First Declaration, I do not believe this matter precludes White & Case from meeting the standard for retention of Committee counsel under the Bankruptcy Code.

10. Paragraph 26 of the First Declaration provided information pursuant to paragraph D.1 of the U.S. Trustee Guidelines, including the following question: "Has your client approved your prospective budget and staffing plan, and, if so, for what budget period?" Notwithstanding anything to the contrary in the Application or the First Declaration, the Committee has approved White & Case's prospective budget and staffing plan for the initial stages of the chapter 11 case (i.e., August, September, and October 2022). Recognizing that unforeseeable events may arise in large chapter 11 cases, the Committee and White & Case may need to refine and amend the budget and staffing plan as necessary. The budget and staffing plan are intended as estimates and not as caps or limitations on fees or expenses that may be incurred or on the professionals or paraprofessionals who may advise the Committee in these chapter 11 cases. In accordance with

4

the U.S. Trustee Guidelines, the budget may be amended as necessary to reflect changed or unanticipated developments.

### Reimbursement of Expenses

11. Notwithstanding the last sentence of paragraph 13 of the Application, White & Case will charge the Committee for such expenses at rates consistent with charges made to other White & Case clients, and subject to the Local Rules and any applicable orders of the Court.

### Reaffirmation of Statement of Disinterestedness

12. Based on the conflicts search conducted to date and as described in the First Declaration, and herein, to the best of my knowledge and insofar as I have been able to ascertain, (a) White & Case is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, (b) White & Case holds no interest adverse under section 1103(b) of the Bankruptcy Code, and (c) White & Case has no connection to the Debtors, their creditors, or other parties in interest, except as may be disclosed in the Application, the First Declaration, or the Second Declaration. Accordingly, based upon the foregoing, I respectfully submit that the requirements for White & Case's retention as attorneys for the Committee have been met.

[*Remainder of Page Intentionally Left Blank*]

AMERICAS 117009755

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: September 14, 2022
      New York, New York

                */s/ Gregory F. Pesce*
                Gregory F. Pesce
                Partner, White & Case LLP

AMERICAS 117009755

## Schedule 1

## Supplemental Parties in Interest

**U.S. Trustee Personnel, Judges, and Court Connections for the Southern District of New York**

Anderson, Deanna
Barajas, Andres
Bentley, Philip
Mastando, John P., III
Slemmer, Daniel
Ziesing, Annie