**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## ORDER AUTHORIZING THE RETENTION AND
## EMPLOYMENT OF AKIN GUMP STRAUSS HAUER & FELD LLP
## AS SPECIAL LITIGATION  COUNSEL FOR THE DEBTORS AND
## DEBTORS IN POSSESSION EFFECTIVE AS OF THE PETITION DATE

Upon the application (the "Application," ECF Doc. # 392)[2] of the debtors and debtors in

possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11

Cases") for entry of an order (this "Order") pursuant to Bankruptcy Code sections 327(e), 328(a)

and 1107(b), authorizing the Debtors to retain and employ Akin Gump Strauss Hauer & Feld LLP

as special litigation counsel effective as of the Petition Date and granting related relief, all as

further described in the Application; and this Court having jurisdiction over this matter pursuant

to 28 U.S.C. §1334; and this proceeding being a core proceeding pursuant to 28 U.S.C. § 157(b)(2);

and venue of this proceeding and the Application in this Court being proper pursuant to 28 U.S.C.

§§ 1408 and 1409; and due and proper notice of the Application having been given; and the Court

having found that no other or further notice is necessary; and the Court having reviewed the

Application, the Declarations and the *Supplemental Declaration of Mitchell Hurley in Support of*

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

*the Debtors' Application Authorizing the Retention and Employment of Akin Gump Strauss Hauer & Feld LLP as Special Litigation Counsel for the Debtors and Debtors in Possession Effective as of the Petition Date* (ECF Doc. # 649) (the "Supplemental Declaration") and having heard statements in support of the Application at a hearing held before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested in the Application having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1.      The Application is granted as set forth herein.

2.      Pursuant to Bankruptcy Code sections 327(e), 328(a) and 1107(b), the Debtors are authorized to retain and employ Akin Gump as their special litigation counsel effective as of the Petition Date in accordance with the terms and conditions set forth in the Application and in the Engagement Letter attached hereto as **Exhibit 1.**

3.      Retention pursuant to Bankruptcy Code section 327(e) is appropriate given the specific scope of the proposed retention.

4.      Akin Gump shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with these Chapter 11 Cases in compliance with Bankruptcy Code sections 330 and 331 and applicable provisions of the Bankruptcy Rules, Local Rules and any other applicable procedures and orders of the Court.  Akin Gump shall not seek, without further order of the Court, reimbursement from the Debtors' estates for any fees incurred in defending any of Akin Gump's fee applications in these Chapter 11 Cases.

5.      Akin Gump is authorized without further order of the Court to reserve and apply amounts held on account against any outstanding fees and expenses incurred on or prior to the

Petition Date, consistent with its ordinary course billing practices.  Thereafter, Akin Gump shall apply any remaining amounts from its prepetition advance payment as a credit toward postpetition fees and expenses, after such postpetition fees and expenses are approved pursuant to the first order of the Court awarding fees and expenses to Akin Gump.

6.      Akin Gump shall file a notice with this Court and give not less than ten (10) business days' notice to the Debtors, the U.S. Trustee and the Committee prior to implementing any increases in its rates, other than as already set forth in the Hurley Declaration, in these Chapter 11 Cases.  The notice shall explain the basis for the requested rate increases in accordance with Bankruptcy Code section 330(a)(3)(F) and state whether the Debtors have consented to such rate increases.  Except with respect to the rates disclosed in the Hurley Declaration, the U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in Bankruptcy Code section 330, and the Court retains the right to review any rate increase pursuant to Bankruptcy Code section 330.

7.      To the extent the Debtors wishes to expand the scope of Akin Gump's services beyond those services set forth in the Application or this Order, the Debtors shall file notice of any proposed additional services (the "Proposed Additional Services") and, to the extent necessary, any supplemental declaration in support thereof, and serve such notice on the U.S. Trustee, the Committee and any party requesting notice under Bankruptcy Rule 2002.  The Debtors shall provide all such parties with not less than fourteen (14) days' notice of the Proposed Additional Services and an opportunity to object (the "Objection Deadline").  If no such party files an objection by the Objection Deadline, the Proposed Additional Services and the underlying engagement agreement, if any, may be approved by the Court by further order without further notice or hearing.

8.      Akin Gump shall use its best efforts to avoid any unnecessary duplication of services provided by any of the Debtors' retained professionals in these Chapter 11 Cases.

9.      The Debtors and Akin Gump are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

10.     Notwithstanding any provision to the contrary in the Engagement Letter, any dispute relating to the services provided by Akin Gump shall be referred to arbitration consistent with the terms of the Engagement Letter only to the extent that this Court does not have, retain or exercise jurisdiction over the dispute, and 28 U.S.C. § 1334(e)(2) shall govern the form for resolving fee disputes.

11.     To the extent that the Court does not grant certain of the relief requested in the *Debtors' Ex Parte Motion Pursuant to Section 107 of the Bankruptcy Code Seeking Entry of an Order (I) Authorizing the Debtors to Redact Certain Personally Identifiable Information from the Creditor Matrix, Schedules and Statements, and Related Documents and (II) Granting Related Relief* (ECF Doc. # 344) or other motion seeking to authorize the sealing of information, the Debtors shall file, as soon as reasonably practicable thereafter, unredacted versions of any declaration or other supplemental disclosure to the extent necessary to comply with such rulings by the Court.

12.     Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

13.     To the extent the Application, the Declarations, the Supplemental Declaration or the Engagement Letter is inconsistent with this Order, the terms of this Order shall govern.

4

14.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

15.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**IT IS SO ORDERED.**

Dated:  September 16, 2022
        New York, New York

        <u>**/s/ Martin Glenn**</u>
              MARTIN GLENN
        Chief United States Bankruptcy Judge

## Exhibit 1

**Engagement Letter**



**MITCHELL P. HURLEY**
+1 212.872.1011/fax: +1 212.872.1002
mhurley@akingump.com

August 2, 2022

Chris Ferraro
Chief Financial Officer
Celsius Network Limited
221 River Street
9th Floor, Suite 9129
Hoboken, NJ USA

Re:    In re Celsius Network LLC, et al.

Dear Chris:

I am pleased to confirm our engagement by Celsius Network Inc. and its affiliated
debtors and debtors in possession in the above referenced chapter 11 cases (collectively, "the
Debtors) as special litigation counsel, including representing Debtors in connection with their
disputes with Prime Trust LLC and their disputes with Jason Stone and KeyFi Inc. The purpose
of this letter is to confirm the terms and conditions upon which Akin Gump will provide legal
services as special litigation counsel to Celsius Network and certain of its affiliates as debtors
and debtors in possessions pursuant to section 327(e) of the Bankruptcy Code, effective as of
July 13, 2022 (the "Petition Date").

At the beginning of our representation of a client, the firm's policy is to describe the
manner in which we will bill for legal services and disbursements. A clear understanding of
those matters helps to maintain a harmonious professional relationship. I encourage you to
consider the matters set forth in this letter carefully and to raise with us any question that you
may have now or later about its contents.

We refer matters to those lawyers in this firm who in our judgment can perform the
highest quality work, in a timely and efficient manner, and at the lowest cost. We also employ
non-lawyer personnel in tasks where lawyers are not necessary, to facilitate the efficient
performance of services.

The firm charges for my services at the hourly rate of USD 1,775.00. Other lawyers in
the firm are charged at rates between USD 605.00 to USD 1,995.00 per hour. Hourly rates for
paralegals range from USD 235.00 to USD 575.00. Please be aware that the firm adjusts rates as
of the beginning of each year, in which case the new rates will apply to work done after any such
adjustment. In addition, expenses advanced on your behalf or internal charges for administrative



Ron Deutsch
August 2, 2022
Page 2

services (which may exceed our direct costs) are added to the statement rendered for the month in which such expenses or charges are recorded in our billing system.

Our standard practice is to bill on a monthly basis.  This allows our clients to monitor both current and cumulative fees and expenses.  We require that payment of statements be made within 10 days of receipt, and we may suspend or terminate any work in progress if timely payment is not made.  We may also withdraw from the representation in a manner consistent with applicable ethical standards.

New York State has established a Fee Dispute Resolution Program for the resolution of certain fee disputes between attorneys and clients.  In some circumstances, [Insert Recipient Name] may be eligible to participate in this program if a fee dispute should arise.  Attached as Exhibit "A" is an excerpt of the certain sections of Part 137 of the Rules of the Chief Administrator establishing the Fee Dispute Resolution Program.

Attached to this letter is our Statement of Firm Policies (the **"Statement"**) that will apply to our representation of you in the matter set forth above and in each matter agreed to from time to time.  In the event of a conflict between the terms of the Statement and the terms of this letter, the terms of this letter shall control.  Please review these policies and let me know if you have any questions concerning them.

If the terms described above and in the attached Statement are satisfactory, please sign the enclosed copy of this letter and return a signed copy.  If you choose not to notify us in writing of any objection to these terms, then that will also serve as agreement to these terms, subject, of course, to your right to terminate our engagement at any time.


Regards,

AKIN GUMP STRAUSS HAUER & FELD LLP



/s/ Mitchell P. Hurley
Mitchell P. Hurley



Ron Deutsch
August 2, 2022
Page 3


Enclosure

**AGREED**:

Celsius Network Limited and its
Affiliated Debtors and Debtors in Possession


By: _____
Chris Ferraro

Date: _____
8/5/2022

## EXHIBIT A

**§137.0    Scope of Program**

This Part establishes the New York State Fee Dispute Resolution Program, which provides for the informal and expeditious resolution of fee disputes between attorneys and clients through arbitration and mediation.  In accordance with the procedures for arbitration, arbitrators shall determine the reasonableness of fees for professional services, including costs, taking into account all relevant facts and circumstances.  Mediation of fee disputes, where available, is strongly encouraged.

**§137.1    Application**

(a)    This Part shall apply where representation has commenced on or after January 1, 2002, to all attorneys admitted to the bar of the State of New York who undertake to represent a client in any civil matter.

(b)    This Part shall not apply to any of the following:

(1)    representation in criminal matters;

(2)    amounts in dispute involving a sum of less than $1000 or more than $50,000, except that an arbitral body may hear disputes involving other amounts if the parties have consented;

(3)    claims involving substantial legal questions, including professional malpractice or misconduct;

(4)    claims against an attorney for damages or affirmative relief other than adjustment of the fee;

(5)    disputes where the fee to be paid by the client has been determined pursuant to statute or rule and allowed as of right by a court; or where the fee has been determined pursuant to a court order;

(6)    disputes where no attorney's services have been rendered for more than two years;

(7)    disputes where the attorney is admitted to practice in another jurisdiction and maintains no office in the State of New York, or where no material portion of the services was rendered in New York;

(8)    disputes where the request for arbitration is made by a person who is not the client of the attorney or the legal representative of the client.

DocuSign Envelope ID: 79920C10-095D-400B-A738-88DB5BF155AE

## §137.2    General

(a)    In the event of a fee dispute between attorney and client, whether or not the attorney already has received some or all of the fee in dispute, the client may seek to resolve the dispute by arbitration under this Part.  Arbitration under this Part shall be mandatory for an attorney if requested by a client, and the arbitration award shall be final and binding unless de novo review is sought as provided in section 137.8.

(b)    The client may consent in advance to submit fee disputes to arbitration under this Part.  Such consent shall be stated in a retainer agreement or other writing that specifies that the client has read the official written instructions and procedures for Part 137; and that the client agrees to resolve fee disputes under this Part.

(c)    The attorney and client may consent in advance to arbitration pursuant to this Part that is final and binding upon the parties and not subject to de novo review.  Such consent shall be in writing in a form prescribed by the Board of Governors.

(d)    The attorney and client may consent in advance to submit fee disputes for final and binding arbitration to an arbitral forum other than an arbitral body created by this Part.  Such consent shall be in writing in a form prescribed by the Board of Governors.  Arbitration in that arbitral forum shall be governed by the rules and procedures of that forum and shall not be subject to this Part.

## STATEMENT OF FIRM POLICIES

We appreciate your decision to retain Akin Gump Strauss Hauer & Feld LLP ("**Akin Gump**") as your legal counsel and look forward to developing our relationship with you in the course of our representation.  Except as may be modified by a separate written agreement, the following summarizes our billing practices and certain other terms that will apply to any engagement.  If you provide us with outside counsel guidelines, billing requirements, or other similar policies, we will endeavor to abide by them to the extent reasonably practicable and consistent with our obligations to other clients and the applicable rules of professional conduct.  However, the terms of our engagement letter together with this Statement cannot be modified in any material respect by the tender of such policies, without a writing signed by us.

### 1.    Determination of Fees

When establishing fees for services that we render, we are guided primarily by the time and labor required, although we also consider other appropriate factors, such as the novelty and difficulty of the legal issues involved; the legal skill required to perform the particular assignment; time-saving use of resources (including research, analysis, data and documentation) that we have previously developed and stored electronically or otherwise in quickly retrievable form; the fee customarily charged by comparable firms for similar legal services; the amount of money involved or at risk and the results obtained; and the time constraints imposed by either the client or the circumstances.  The firm generally requires a retainer in an amount which is appropriate with respect to the proposed representation.  Unless otherwise agreed, the retainer will be applied to statements rendered in connection with the representation, with any unused portion being returned to the client.

In determining a reasonable fee for the time and labor required for a particular matter, we consider the ability, experience, and reputation of the professionals in our firm who perform the services.  To facilitate this determination, we internally assign to each professional an hourly rate based on these factors.  When selecting professionals to perform services for a client, we generally seek to assign professionals having the lowest hourly rates consistent with the skills, time demands, and other factors influencing the professional responsibility required for each matter.  Of course, our internal allocation of values for professional time changes periodically (at least annually) to account for increases in our cost of delivering legal service, other economic factors, and the augmentation of a particular professional's ability, experience and reputation.  Any such changes in hourly rates are applied prospectively.  We record and bill our time in one-tenth hour (six-minute) increments.

The time for which a client will be charged will include, but will not be limited to, telephone and office conferences between client and counsel, witnesses, consultants, court personnel and others; conferences among our legal personnel; factual investigation; legal research; responding to clients' requests for us to provide information to their auditors in connection with reviews or audits of financial invoices; drafting of agreements, contracts, letters, pleadings, briefs and other documents; travel time; waiting time in court; and time in depositions

DocuSign Envelope ID: 798390C10-095B-400B-A738-88DB5BF155AE

and other discovery proceedings.  In an effort to reduce legal fees, we utilize paralegal personnel.  Time devoted by paralegals to client matters is charged at special billing rates, which also are subject to adjustment from time to time by the firm.

### 2.    Expenses

In addition to legal fees, our statements will include out-of-pocket expenses that we have advanced on behalf of the client and our internal charges (which may exceed direct costs) for certain support activities.  Advanced costs generally will include such items as travel expenses and fees for postage, filing, recording, certification, registration, and the like.  Our internal charges typically cover such items as long distance telephone calls, facsimile transmissions, messenger services, overnight courier services, terminal time for computer research and complex document production, secretarial and paralegal overtime and photocopying or printing materials sent to the client or third parties or required for our use.  We may request an advance cost deposit (in addition to the advance fee deposit) when we expect that we will be required to incur substantial costs on behalf of the client.

During the course of our representation, it may be appropriate or necessary to hire third parties to provide services on your behalf.  These services may include such things as consulting or testifying experts, investigators, providers of computerized litigation support, court reporters, providers of filing services and searches of governmental records and filings, and local counsel.  Because of the legal "work product" protection afforded to services that an attorney requests from third parties, in certain situations, our firm may assume responsibility for retaining the appropriate service providers.  If we do so, you will be responsible for paying all fees and expenses directly to the service providers or reimbursing us for these costs.

### 3.    Billing

We bill monthly throughout the engagement for a particular matter, and our monthly statements are due within ten days after your receipt thereof.  In instances in which we represent more than one person with respect to a matter, each person that we represent is jointly and severally liable for our fees with respect to the representation.  Our statements contain a concise summary of each matter for which legal services were rendered and a fee was charged.

We invite our clients to discuss freely with us any questions that they have concerning a fee charged for any matter.  We want our clients to be satisfied with both the quality of our services and the reasonableness of the fees that we charge for those services.  We will attempt to provide as much billing information as the client requires and in such customary form that it desires, and are willing to discuss with our clients any of the various billing formats we have available that best suits their needs.

If any monthly statement is not paid within 60 days after the original statement date, we reserve the right to discontinue services on all pending matters for you until all of your accounts with us have been brought current.  Additionally, if any statement is not paid within 60 days from

DocuSign Envelope ID: 798720C10-095D-400B-A738-88DB5BF185AF

the date of the original statement, we may, by written notice to you on a subsequent statement or otherwise, declare the overdue account to be delinquent. We have no obligation to declare any account delinquent. If we declare an account to be delinquent, the amount owing on that account will accrue interest at a rate equal to one percent (1%) per month (a 12% annual percentage rate) from the date of our delinquency notice to you until the balance is paid in full, but in no event shall such rate exceed the maximum rate permitted by applicable law. Any payments made on past due statements are applied first to interest, if any, and then to the account balance, beginning with the oldest outstanding statement. In addition, we are entitled to attorneys' fees and costs if collection activities are necessary.

## 4.      Client and Scope of Engagement

Our engagement is limited to the specific party or parties and matter identified in an engagement letter or similar writing confirming our representation. As a result, our engagement with you does not create a lawyer-client relationship with any other persons or entities, including parents, subsidiaries, affiliates, joint venture entities, successors, acquirers, employees, officers, directors, shareholders, partners, members, or trustees, even if such persons or entities control, are controlled by, or are under common control with you. Nor does our engagement create a lawyer-client relationship with you for any other matter than that agreed to in the engagement letter or similar writing confirming our representation.

We will provide services of a strictly legal nature of the kind generally described in the engagement letter that accompanies this attachment. It is understood that you are not relying on us for business, investment, or accounting decisions, or to investigate the character or credit of persons with whom you may be dealing, or to advise you about changes in the law that might affect you unless otherwise specified in the letter. We will keep you advised of developments as necessary to perform our services and will consult with you as necessary to ensure the timely, effective, and efficient completion of our work. Professionals in the firm typically have several client matters pending and are required to coordinate the scheduling of activities required for each pending client matter.

## 5.      Necessary Information

It is anticipated that you and any other entities affiliated with you will furnish us promptly with all information that we deem to be required to perform the services described in our engagement letter, including financial statements from qualified accountants and auditors, as appropriate, and documents prepared by other legal counsel employed by you in connection with prior or other matters. You will make such business or technical decisions or determinations as are appropriate to carry out our engagement.

Our engagement is premised and conditioned upon your representation that you are not aware of any material facts or current or historical problem (involving without limitation such matters as court orders, injunctions, cease and desist orders, judgments, liabilities, litigation, administrative proceedings, crimes, prosecutions, bankruptcies or securities violations) on the

DocuSign Envelope ID: 79BF20C10-095B-400B-A738-88DBFBF156AF

part of any person to be connected with you that you have not fully disclosed to us.  You understand that the accuracy and completeness of any document (including securities disclosure documents, litigation pleadings and court filings) prepared by us is dependent upon your alertness to assure that it contains all material facts relating to the subject and purpose of such document and that such document must not contain any misrepresentation of a material fact nor omit information necessary to make the statements therein not misleading.  To that end, you agree to review all documents prepared by us for their factual accuracy and completeness prior to any use thereof.  You also acknowledge that this responsibility continues through our engagement in the event that such document becomes deficient in this regard.  You hereby represent and warrant that any material, information, reports and financial statements, whether rendered orally or in writing, furnished to us by you will be accurate, and that we may rely upon the truth or accuracy of such information.

## 6.    Confidentiality and Conflicts

Akin Gump is a large law firm with multiple offices and a large number of clients around the world.  Because of the firm's size and geographic scope, as well as the breadth and diversity of our practice, other present or future clients of the firm inevitably will have contacts with you.  Accordingly, to prevent any future misunderstanding and to preserve the firm's ability to represent you and our other clients, we confirm the following understanding about certain conflicts of interest issues:

Unless we have your agreement that we may do so, we will not represent another client in a matter that is substantially related to a matter in which we represent you and in which the other client is adverse to you.  We understand the term "matter" to refer to transactions, negotiations, proceedings and other representations involving specific parties.

To the extent permitted by applicable law (including rules) you agree that we may (i) continue to represent any existing client and (ii) undertake to represent any new or former client, in each case, in any matter that is not substantially related to a matter in which we represent you, even if we represent you in a matter in which the other client is adverse to you or we represent the other client in a matter in which you are adverse to the other client. By way of example, this would include assisting another client on various types of agreements, financings or restructurings and bankruptcies in which you may have an interest as a counterparty, or advancing another client's position on legislative or regulatory issues with which you may disagree. Additionally, we may be instructed to act for more than one client interested in the same objective, asset or financing target. You agree that if we are, for example, advising you in relation to an auction or bid we may also act for other bidders and/or financiers to other bidders in relation to that auction or bid, subject to implementation of reasonable safeguards to ensure that confidential information is kept within the relevant team (e.g. using separate teams of lawyers to advise each of you and any other bidders and finance providers to other bidders).

We do not view this advance consent to permit unauthorized disclosure or use of any client confidences.  Under applicable rules of professional conduct, we are obligated to and shall

DocuSign Envelope ID: 79820C10-095B-40DB-A738-88DB5BF1B5AF

preserve the confidentiality of any confidential information you provide to us. In this connection, we may obtain nonpublic information about you in the course of our representation. We maintain appropriate physical, electronic, and procedural safeguards to protect your nonpublic information. We do not disclose nonpublic information about our clients or former clients to anyone, except as permitted by law and applicable rules of professional conduct.

We will not disclose to you or use on your behalf any documents or information with respect to which we owe a duty of confidentiality to another client or person.

The fact that we may have your documents and/or information that may be relevant to another matter in which we are representing another client will not prevent us from representing that other client in that matter in reliance upon the foregoing advance waiver. We will maintain appropriate measures to ensure that the confidentiality of your documents and/or information is preserved.

Our professional obligations to you and to our other clients will require us to run a conflicts check if there is any change in the parties to the matter or any material change in its nature. We must also run a conflicts check before undertaking any new matters with you.

## 7.     Marketing Materials

To provide information about our expertise, the firm will often describe in materials prepared for marketing the firm's services (such as brochures, webpages, pitches, legal directory and industry awards submissions and the like) examples of its representative experience, including a sample of the clients it represents. Except where you notify us in writing to the contrary, you agree that the firm may, without identifying sensitive details about your affairs, recognize the fact that you are a client of the firm in such materials. You further agree that in such materials, we have your permission to use your name and logo and indicate the generic nature of our work, including non-sensitive details that have properly entered the public domain. For example, following the completion of a transaction that has been made public, the firm may share its involvement with the transaction via the issuance of a press release or other statement to trade publications, on its website or social media accounts, unless you instruct us not to do so.

## 8.     Termination of Engagement

Upon completion of any matter, or upon earlier termination of our relationship, the lawyer-client relationship arising from such matter will end unless you and we have expressly agreed to a continuation with respect to other matters. We hope, of course, that such a continuation will be the case. You have the right at any time to terminate our services and representation upon written notice to the firm. We reserve the right to withdraw from our representation if circumstances arise that under the applicable rules of professional conduct, allow or require us to.

DocuSign Envelope ID: 79820C10-095B-400B-A738-88DB5BF1F5AF

9.    **Disagreements Regarding Fees**

In the event that you believe any statement for our services is erroneous for any reason, you shall notify us of the same within ten business days after receipt of such statement stating the basis for your belief.  If agreement cannot be reached with respect to the amount owed, you agree to promptly pay the non-disputed portion of our statement and submit the disputed portion for resolution by the appropriate committee of the organized bar of the city where our office rendering such services is located.  If no organized bar exists in that city, then you can submit to the Committee on Arbitration Relating to Fee Disputes (or similar committee) of the regulatory body governing the practice of law in the state or jurisdiction where our office rendering such services is located.

10.    **Governing Law**

OUR ENGAGEMENT SHALL BE GOVERNED BY THE LAWS OF THE JURISDICTION WHERE OUR OFFICE RENDERING OUR SERVICES IS LOCATED AND, EXCEPT FOR DISAGREEMENTS REGARDING FEES SUBMITTED TO ARBITRATION PURSUANT TO PARAGRAPH 8 ABOVE, VENUE FOR ANY OTHER ACTION HEREUNDER SHALL BE IN THE COUNTY WHERE OUR OFFICE RENDERING SUCH SERVICES IS LOCATED.

11.    **Record Retention**

Following termination of a matter, any otherwise nonpublic information you have supplied to us that is retained by us will be kept confidential in accordance with applicable rules of professional conduct.  Upon your request, we will return to you documents and materials that you provided to us in connection with our representation.  You hereby acknowledge and agree that if you do not instruct us to have your client file returned to you, we will retain it for a reasonable time period (presently ten years) pursuant to the Firm's then –current Record Retention Policy, after which, we will be free to destroy at our discretion, without further notice to you, any portion of the file left with us that we are not legally required to preserve.  Clients may be charged shipping costs for the return of client files.  The responsible lawyer should determine if it is appropriate depending upon the size of the matter and the extent of the likely cost to the firm.  If you instruct us to return your file to you, we reserve the right to retain materials pertaining to each matter, including without limitation administrative and accounting records, conflicts and new business intake materials, internal documents, lawyer notes, firm form files, communications, and other materials intended for our internal use or that we are prohibited from providing to you by law, court order or third party agreement.  By agreeing to and accepting our representation as described in this letter, you agree to keep us informed of your most current address during the stated retention period.

## 12.    Miscellaneous

The engagement letter together with this Statement of Firm Policies constitutes our entire understanding and agreement with respect to the terms of our engagement and supersedes any prior understandings and agreements, written or oral.  If any provision of our engagement letter is held by a court of competent jurisdiction to be invalid, void or unenforceable, the remainder of the provisions shall remain in full force and effect.  Our engagement letter may only be amended in writing by the parties hereto.

Your agreement to this engagement constitutes your acceptance of the foregoing terms and conditions.  If any of them is unacceptable to you, please advise us now so that we can resolve any differences and proceed with a clear, complete, and consistent understanding of our relationship.