September 7, 2022

The Honorable Chief Judge Martin Glenn
United States Bankruptcy Court
Southern District of New York
Court Room #523
One Bowling Green
New York, New York 10004-1408



    *RE: Celsius Network LCC, Case # 22-10964*

Dear Judge Glenn,

I write to respectfully request the immediate release and return of my digital assets from Celsius Network. I have a "Custody" account which was opened with Celsius in March 2019. At no time did I ever take out any loan with Celsius or use my digital assets as collateral for any loan.

For years prior to the instant bankruptcy, depositors like myself placed their "tokens" (i.e. digital assets) in individual wallets with Celsius that were uniquely set up for the specific token types (i.e. Ethereum wallet for ETH tokens, Ripple wallet for XRP tokens, etc.) These were the original deposit wallets, which were "Custody" wallets. There were no other distinctions among the wallets until just recently. For years, interest was paid to depositors like myself for assets being held in "Custody" wallets by Celsius.

Recently, Celsius created two alleged depositor wallets, an "Earn" wallet and a "Custody" wallet. Thereafter, Celsius then moved all my deposits into the "Earn" wallet without my permission justifying this transfer by engaging in a falsehood of saying that I held assets in a wallet that paid earnings for an "accredited" investor when I had not demonstrated any eligibility to be treated as an "accredited" investor.

Upon discovering these new designations without any explanation on the part of Celsius and being advised that depositors who wished to earn interest on their assets in the future would be required to provide the necessary qualifications to be designated an "accredited" investor, I began the irreversible (according to Celsius) transfer of assets from the new "Earn" account back into what is now called the "Custody" account. In some instances, I withdrew some of my assets and transferred them to another wallet outside the Celsius network. However, before I could complete the transfer process for all my assets, the accounts were all locked by Celsius in May 2022 well before the instant bankruptcy filing.

This alleged creation of the "Earn" wallets and the placement of assets into those wallets without my permission is extremely prejudicial and is a "fiction" because the depositor technically would not be eligible to place assets in such an account until such time as the depositor demonstrated eligibility to use the wallet as an "accredited" investor. As a retiree, my eligibility to be an accredited investor would vary from year to year depending on my earnings from investments.

September [illegible], 2022

The Honorable Chief Judge Martin Glenn
United States Bankruptcy Court
Southern District of New York
Court Room 523
One Bowling Green
New York, New York 10004-1408

RE: Celsius Network [illegible]

Dear Judge Glenn:

I write to respectfully request the immediate release and return of my digital assets from Celsius Network. I have a Custody account which was opened with Celsius in March 2019. At no time did I ever take out any loan with Celsius or use my digital assets as collateral for any loan.

For years prior to the instant bankruptcy, depositors like me [illegible] placed their "tokens" (digital assets) in individual wallets with Celsius that were uniquely [illegible] to the specific token (e.g., Ethereum wallet for ETH tokens, Bitcoin wallet for BTC tokens, etc.). These were the original deposit wallets, which were "Custody" wallets. There were no other distinctions among the wallets until just recently. For years, interest was paid to depositors like myself for assets being held in "Custody" wallets by Celsius.

Recently, Celsius created new merged deposit wallets: an "Earn" wallet and a "Custody" wallet. Thereafter, Celsius then moved all my deposits into the "Earn" wallet without my permission justifying this transfer by [illegible] a falsehood [illegible] that I held assets in a wallet that paid earnings for an "accredited" investor when [illegible] my eligibility to be treated as an "accredited" investor.

Upon discovering these new designations [illegible] without any explanation on the part of Celsius and being advised that deposits [illegible] irreversible (according to Celsius) transfer of assets from the new "Earn" account back into what is now called the "Custody" account. In some instances, I [illegible] some of my assets and transferred them to another wallet outside the Celsius platform. However, before I could complete the transfer process for all my assets, the accounts were all locked by Celsius [illegible] before the instant bankruptcy filing.

This alleged creation of the "Earn" wallets and the placement of assets into those wallets without my permission is extremely prejudicial and a "fiction" because the depositor technically would not be eligible to place assets in such an account until such time as the depositor demonstrated eligibility to use the wallet as an "accredited" investor. [illegible] my eligibility to be an accredited investor would [illegible] any earnings from investments.

On April 14, 2022, Celsius posted a revision to their "Terms of Use". On April 15, 2022, which is known as the "Modification Date", these new Terms of Use were enacted. Celsius was clear as to transfers to Celsius accounts and the Title of digital assets in "Custody" accounts. The statement regarding transfers is as follows:

> If you reside in the United States and have access to Celsius Customer Service via your Celsius Account, any eligible digital asset transferred to your account on or after the modification date will be initially transferred to a Custody wallet as part of the Custody Service.

The statement regarding Title is found under Section 4-Services, subsection B-Custody, which provides as follows:

> **Title to your Eligible Digital Assets in a Custody Wallet shall at all times remain with you and not transfer to Celsius. Celsius will not transfer, sell, loan, or otherwise rehypothecate Eligible Digital Assets held in a Custody Wallet unless specifically instructed by you, except as required by valid court order, competent regulatory agency, government agency, or applicable law.**

(emphasis added). This was further emphasized in the First Day Presentation and by related documents, see page 9 of 20, which clearly states as follows, in pertinent part:

> **Title remains with customer and Celsius cannot use coins without instructions from the customer.**

(emphasis added). The actions taken by Celsius against my account are in violation of and contrary to Celsius' own terms and Court documents as title of Custody digital assets clearly remains with me as the customer, <u>not Celsius.</u> As a result, I request the immediate release of my digital assets from Celsius as allowing Celsius to continue to hold my digital assets would be extremely prejudicial and will most certainly be detrimental to my investments.

Thank you for your consideration of this matter.

Sincerely,

*[signature]*

James W. Snider, Jr. MBA, JD, CSIWCP

LICENSES ALABAMA, GEORGIA, MISSISSIPPI
ALL COURTS 5th, 11th CIRCUITS US SUPREME COURT

On April 14, 2022, Celsius posted a revision to their Terms of Use [illegible] April 15, 20[illegible], which is known as the "Modification Date". In these new Terms of Use [illegible], Celsius was clear as to transfers to Celsius accounts and the title of digital assets in Custody accounts. The statement regarding transfer is as follows:

> If you reside in the United States and have access to the Custody Service via your Celsius Account, any eligible Digital Assets transferred to your account on or after the modification date will be initially transferred to a Custody wallet as part of the Custody Service.

The statement regarding Title is found under Section [illegible] (Custody), which provides as follows:

> Title to your Eligible Digital Assets in a Custody Wallet shall at all times remain with you and not transfer to Celsius. [illegible] unless specifically instructed by you [illegible] competent regulatory agency [illegible].

(emphasis added). This was further amplified in the [illegible] documents, see page 9 of [illegible], which clearly states as follows in pertinent part:

> Title remains with customer and [illegible] from the customer.

(emphasis added). The actions taken by Celsius [illegible] my [illegible] accounts [illegible] to Celsius' [illegible] Court [illegible] title of Custody digital assets [illegible] remains with me as the customer [illegible]. As a result, I request the immediate return of my digital assets from Celsius as allowing Celsius to continue to hold my digital assets would be extremely prejudicial and will most certainly be detrimental to my interests.

Thank you for your consideration [illegible]

Sincerely,

James W. Snider, Jr., MHA, JD, [illegible]