JASON B. BINFORD
Texas Bar No. 24045499
LAYLA D. MILLIGAN
Texas State Bar No. 24026015
ABIGAIL R. RYAN
Texas Bar No. 24035956
ROMA N. DESAI
S.D.N.Y. Bar Number RD8227
Texas Bar No. 24095553
Assistant Attorneys General
Bankruptcy & Collections Division
P. O. Box 12548
Austin, Texas 78711-2548
P: (512) 463-2173/F: (512) 936-1409
jason.binford@oag.texas.gov
layla.milligan@oag.texas.gov
abigail.ryan@oag.texas.gov
roma.desai@oag.texas.gov

ATTORNEYS FOR THE TEXAS STATE SECURITIES BOARD
AND THE TEXAS DEPARTMENT OF BANKING

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>CELSIUS NETWORK LLC, *et al.*,[1]<br><br>Debtors. | Chapter: 11<br><br>Case No. 22-10964 (MG)<br><br>(Jointly Administered) |

**OBJECTION OF THE TEXAS STATE SECURITIES
BOARD AND THE TEXAS DEPARTMENT OF BANKING TO DEBTORS'
MOTION SEEKING ENTRY OF AN ORDER (I) PERMITTING THE SALE OF
STABLECOIN IN THE ORDINARY COURSE AND (II) GRANTING RELATED RELIEF**

The Texas State Securities Board (the "SSB") and the Texas Department of Banking (the "DOB") (together, "Texas"), by and through the Office of the Texas Attorney General, hereby files this Objection (the "Objection") to the *Debtors' Motion Seeking Entry of an Order (I) Permitting the Sale of Stablecoin in the Ordinary Course and (II) Granting Related Relief* [D.E. 832]. In support of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

1

the Objection, Texas respectfully states as follows:[2]

## OVERVIEW

1. The Debtors seek to sell and/or exchange stablecoin before they've filed Schedules and Statements, and before this Court has determined whether such assets are even property of the bankruptcy estate. The Debtors fail to disclose in the Motion how much stablecoin will be sold, and how the monetization of the stablecoin ultimately benefits the bankruptcy estate and the many consumer creditors of the Debtors.

2. Further, the Debtors seek to "sell *and/or exchange* any stablecoin, whether currently held *or received in the future*, on a postpetition basis *consistent with prepetition practices...*"[3] Texas is extremely concerned by the Debtors' request for an order that allows ambiguously broad authority to sell and/or exchange the assets. Texas's concern is heightened by the fact that the Debtors' "prepetition practice" involves admittedly problematic decisions, using the mined Bitcoin to repay intercompany loans, potential mismanagement, and a continued failure to comply with state regulatory requirements.[4]

3. The Debtors previously sought permission to monetize mined bitcoin, including the ability to not only sell the assets, but permission to hypothecate, assign, invest, use, transfer, or otherwise dispose of mined bitcoin.[5] That request prompted the filing of objections by several parties, and ultimately an agreement limiting the Debtors' ability to access the mined bitcoin.[6] Debtors now again seek troublingly broad permission to sell assets insufficiently defined for purposes that are also insufficiently defined.

4. Finally, the United States Trustee ("U.S. Trustee") is currently in the process of

---

[2] Capitalized terms not otherwise defined or provided herein have the meanings ascribed to them in the Motion or D.E. 23 (the "First Day Declaration.").
[3] D.E. 832, pg. 18 (emphasis added).
[4] *See generally,* First Day Declaration.
[5] D.E. 187.
[6] D.E. 514.

2

employing an Examiner to review, inter alia, the cryptocurrency holdings of the Debtors. The request to sell certain of these cryptocurrency assets while this examination is pending is inappropriate.

5. Based on these significant concerns, Texas respectfully requests that the Motion be denied.

## PROCEDURAL BACKGROUND

6. The Debtors commenced these cases on July 13, 2022, (the "Petition Date") and continue to operate their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of title 11 of the United States Code (the "Bankruptcy Code").

7. The Debtors filed the *Debtors' Motion Seeking Entry of an Order (I) Permitting the Sale of Stablecoin in the Ordinary Course and (II) Granting Related Relief* ("**Motion**") on September 15, 2022, and set an objection deadline of September 29, 2022, at 4:00 p.m., prevailing Eastern Time.[7]

8. The hearing on the Motion is currently scheduled to take place on October 6, 2022, at 10:00 a.m., prevailing Eastern Time.

## OBJECTION AND BASES THEREFOR

**A.   The Debtors Should Not Be Allowed to "Exchange" Stablecoin Due to Lack of State Regulatory Compliance.**

9. Regulators in more than forty (40) states are currently investigating the Debtors' pre-petition investment activities, including Alabama, Kentucky, New Jersey, Washington, Idaho, and Texas. Prior to the Petition Date, securities regulators in Texas, New Jersey, Alabama, Washington, and Kentucky ordered the Debtors to cease offering unregistered securities.[8]

10. In the Motion, Debtors seek court authority to "continue to sell and/or exchange their stablecoin for U.S. Dollars," in a manner "consistent with past practices" to "generate liquidity to help fund the Debtors' operations."[9]

---

[7] D.E. 187.
[8] https://www.cnbc.com/2022/06/16/state-securities-regulators-investigating-celsius-accounts-freeze.html
[9] *See* Motion, para.11.

3

11. Filing these bankruptcy cases did not alter the Debtors' ongoing obligation to comply with state law. *See* 28 U.S.C. § 959(b).[10] Before the Debtors can offer or sell securities or exchange money in Texas, the Debtors must be registered with the SSB or be considered exempt from registration in accordance with the Texas law.[11]

12. Despite conducting business in Texas, the Debtors are not currently registered with the SSB. Accordingly, the Debtors have been ordered cease their investment activities until such registration has been approved.

13. The Motion is unclear as to how the Debtors will "exchange" the stablecoin. The Debtors also justify their request with only the explanation that stablecoin is pegged to fiat currency. Indeed, the request to exchange the stablecoin "consistent with prepetition practices and in the ordinary course of business" would indicate that the Debtors' platform may be restarted despite the inherent risk to creditors and without the oversight of this Court.[12]

14. To the extent that the Debtors seek to restart an investment platform or undertake activities involving citizens of the State of Texas, Texas objects for so long as the Debtors are acting in violation of Texas law.

B. **The Status of the Crypto Assets Has Not Yet Been Fully Adjudicated.**

15. Texas would posit that the issue of whether cryptocurrency in the present case is property of the bankruptcy estate has yet to be decided by this Court. Indeed, at least two (2) constituencies are currently seeking redress of this court to make that determination, the Custody and Withhold account holders.[13]

16. Texas would argue that the request of the Debtors to sell or exchange assets before they

---

[10] *See also Midlantic Nat'l Bankr. v. New Jersey Dept. of Envtl Prot.*, 474 U.S. 494, 505 (1986); *In re Go West Entm't, Inc.*, 387 B.R. 435, 445 (Bankr. S.D.N.Y. 2008); *In re Mirant Corp.*, 378 F. 3d 511, 523 (5th Cir. 2004).
[11] *See* Texas Securities Act § 7.
[12] *See* Motion, para. 11.
[13] *See* D.E. 670, 737, Adv. Proc. No. 22-01142

4

have been determined to be property of the bankruptcy estate, and before they have even been properly defined and determined through the filing of Schedules and Statements, is premature and should be denied.

17. Should the stablecoin be determined to be property of the bankruptcy estate, the Debtors should not be granted permission carte blanche to exchange and dispose of assets of the bankruptcy estate without oversight. Further, the Debtors should be required to utilize best commercial efforts to exchange and dispose of stablecoin assets for those respective assets' par or pegged value.

18. The Motion is unclear as to what the Debtors intend to do with the proceeds from the monetization of the stablecoin other than a very generally, to "help fund the Debtors' operations."[14] Texas objects to any language in the proposed order that would allow use of the funds in question to pay intercompany transfers from Debtors to non-Debtor affiliates or related obligations, and asserts that any proceeds from the Debtors' sale of stablecoin should be held for the benefit of creditors.

C. **The Debtors Should Not be Allowed to Sell or Exchange Assets While Examination Takes Place.**

19. On September 1, 2022, an Order Directing the Appointment of an Examiner Pursuant to Section 1104(c) of the Bankruptcy Code was entered, granting the U.S. Trustee's request to appoint an examiner to investigate certain matters, including, *inter alia*, "[a]n examination of the Debtors' cryptocurrency holdings, including a determination as to… whether different types of accounts are commingled."[15]

20. The Debtors' request to sell or exchange cryptocurrency while at this point in the examination is inappropriate and would only act to confound the examination and further muddy the already opaque waters that are the Debtors' cryptocurrency assets.

---

[14] *See* Motion, para. 11.
[15] *See* D.E. 820, para. 3(i).

5

## RESERVATION OF RIGHTS

Texas reserves the right to supplement this Objection or to raise additional or further objections to the Motion at or prior to the Hearing, or any other relevant hearing.

## PRAYER

WHEREFORE premise considered, Texas requests that the Motion be denied, or, alternatively, that the relief granted to the Debtors should be limited to selling stablecoin and holding the proceeds of such sale solely for the benefit of creditors of the bankruptcy estate.

| | |
|---|---|
| Dated: September 29, 2022, | Respectfully submitted, |

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

SHAWN E. COWLES
Deputy Attorney General for Civil Litigation

RACHEL R. OBALDO
Assistant Attorney General
Chief, Bankruptcy & Collections Division

*/s/ Layla D. Milligan*
JASON B. BINFORD
Texas State Bar No. 24045499
LAYLA D. MILLIGAN
Texas State Bar No. 24026015
ABIGAIL R. RYAN
Texas State Bar No. 24035956
ROMA N. DESAI
S.D.N.Y. Bar No. RD8227
Texas Bar No. 24095553
Office of the Attorney General of Texas
Bankruptcy & Collections Division
P. O. Box 12548
Austin, Texas 78711-2548
Telephone: (512) 463-2173
Facsimile: (512) 936-1409
jason.binford@oag.texas.gov
layla.milligan@oag.texas.gov
abigail.ryan@oag.texas.gov
roma.desai@oag.texas.gov

ATTORNEYS FOR THE TEXAS STATE SECURITIES BOARD
AND
THE TEXAS DEPARTMENT OF BANKING

## **CERTIFICATE OF SERVICE**

      I certify that a true and correct copy of the foregoing has been served via the Court's Electronic Filing System on all parties requesting notice in this proceeding on September 29, 2022.

                              */s/ Layla D. Milligan*
                              LAYLA D. MILLIGAN