**WHITE & CASE LLP**
David M. Turetsky
Keith H. Wofford
Samuel P. Hershey
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile:  (212) 354-8113
Email:  david.turetsky@whitecase.com
    kwofford@whitecase.com
    sam.hershey@whitecase.com

**WHITE & CASE LLP**
Aaron E. Colodny (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, California 90071
Telephone: (213) 620-7700
Facsimile:  (213) 452-2329
Email:  aaron.colodny@whitecase.com

– and –

**WHITE & CASE LLP**
Michael C. Andolina (admitted *pro hac vice*)
Gregory F. Pesce (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone: (312) 881-5400
Facsimile:  (312) 881-5450
Email:  mandolina@whitecase.com
    gregory.pesce@whitecase.com

*Counsel to the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS'** *EX PARTE* **APPLICATION FOR AN ORDER, PURSUANT TO FED. R. BANKR. P. 2004(a) AND 9016,**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

**AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE SUBPOENAS *DUCES TECUM* UPON EQUITIES FIRST HOLDINGS, LLC**

The Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), by and through its counsel, White & Case LLP, respectfully submits this application (the "Application") pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules") for entry of the proposed order attached hereto as Exhibit A authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena", collectively, the "Subpoenas") upon Equities First Holdings, LLC ("EFH"). In support of the Application, the Committee respectfully states as follows:

**Preliminary Statement**

1. In the *Declaration of Alex Mashinsky, Chief Executive Officer of Celsius Network LLC, in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 23] (the "Mashinsky Declaration"), Mr. Mashinsky states that from October 2019 to February 2021, the Debtors took out collateralized term-loans from "a private lending platform." Mashinsky Decl. ¶ 94. Mr. Mashinsky further states that when the Debtors attempted to repay these loans, the "private lending platform" was unable to return the Debtors' collateral, and the Debtors became that platform's creditors, with an approximately $509 million uncollateralized claim. *Id.* As of July 14, 2022, the Debtors were still owed approximately $439 million in aggregate principal. *Id.*

2. Notably, the Mashinsky Declaration did not identify the "private lending platform" at issue. Subsequent media reports have revealed that that platform is EFH. EFH has not appeared in the Chapter 11 Cases. It is the Committee's understanding that the Debtors still have not

2

recovered the collateral pledged to EFH, and EFH continues to owe hundreds of millions of dollars to the Debtors.

3. In connection with the discharge of its duties, the Committee believes it is necessary to serve EFH with the Subpoenas to obtain information regarding not only the above facts but all loan agreements between the Debtors and EFH, transfers of cash or crypto currency between the Debtors and EFH, the circumstances surrounding EFH's inability to return the Debtors' collateral, and related topics. Access to the information sought by the Committee will help it gain a fuller picture of the Debtors' financial affairs and the facts and circumstances surrounding the commencement of these Chapter 11 Cases. While the Committee has also sought related information from the Debtors, the Committee believes that this information can be received more quickly through targeted requests on EFH, and that EFH may have other or different information from that which the Committee may ultimately receive from the Debtors. The Committee believes this relief is particularly important in light of the Debtors' failure to disclose EFH's identity.

4. For the Court's reference, the Committee has attached as <u>Exhibit B</u> hereto true and correct copies of the proposed requests for production, interrogatories, and topics for 30(b)(6) deposition that the Committee intends to serve on EFH.

## Jurisdiction and Venue

5. This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

7. The statutory predicates for the relief requested herein are Section 105 of the Bankruptcy Code and Bankruptcy Rules 2004 and 9016.

## Background

### A. The Chapter 11 Cases

8.     On July 13, 2022 (the "Petition Date"), the Debtors filed voluntary petitions for relief in this Court under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code. No trustee has been appointed in the Chapter 11 cases. On August 18, 2022, the U.S. Trustee filed a motion requesting appointment of an examiner [Docket No. 546], which was granted on September 14, 2022 [Docket No. 820].

9.     On July 27, 2022, the U.S. Trustee appointed the Committee, which is comprised of seven members, each of whom holds crypto (or digital) assets through the Celsius platform [Docket No. 241]. The Committee's goal is to maximize the recoveries of account holders and unsecured creditors, as more fully stated in The Official Committee of Unsecured Creditors' Statement Regarding These Chapter 11 Cases [Docket No. 390].

10.     On July 29, 2022, the Committee voted to retain White & Case LLP as its counsel, subject to Bankruptcy Court approval. On August 24, White & Case LLP filed its application seeking an order authorizing its employment and retention as counsel for the Committee [Docket No. 603], which was granted on September 14, 2022 [Docket No. 815].

11.     A detailed account of the Debtors' business and the events precipitating the bankruptcy filing are included in the Declaration of Alex Mashinsky, sworn to on July 14, 2022 [Docket No. 23].

### B. The Relationship between EFH and the Debtors

12.     As described in the Mashinsky Declaration, the Debtors' business model was centered on deploying digital assets to generate revenue to support its operations and grow the business. *See* Mashinsky Declaration ¶ 13. Part of this strategy involved pledging crypto assets

4

deposited by the Debtors' customers as collateral for loans. *See id.* ("Some of Celsius' crypto is tied up in long term and illiquid crypto deployment activities; some of Celsius' crypto assets have been loaned to third parties; and some of Celsius' crypto assets have been pledged in support of borrowings or sold to generate cash used to acquire Bitcoin mining equipment and the GK8 storage business.").

13. According to the Mashinsky Declaration, between October 2019 and February 2021, the Debtors took out collateralized term-loans from "a private lending platform" to support their operations. *Id.* ¶ 94. Notably, the Debtors did not identify this "private lending platform." The Mashinsky Declaration further states that, in July 2021, the Debtors were "informed for the first time that the lender was unable to return the [Debtors'] collateral on a timely basis, resulting in [the Debtors] having an approximately $509 million uncollateralized claim against this party." *Id.* According to the Debtors, this party has made "regular principal payments to the [Debtors], and continues to make timely payments that are currently in excess of $5 million per month." *Id.* As of July 14, 2022, the aggregate principal amount owed to the Debtors stood at approximately $439 million, consisting of $361 million in USD and 3,765 BTC, the latter worth approximately $78 million. *Id.*

14. On July 15, 2022, the Financial Times published an article titled "EFH revealed as mysterious debtor to troubled crypto firm Celsius," identifying EFH as the previously unidentified "private lending platform" against whom the Debtors now hold an uncollateralized claim.[2]

15. EFH is not a party to these proceedings and has not made any appearances.

---

[2] Kadhim Shubber, "EFH revealed as mysterious debtor to troubled crypto firm Celsius," Financial Times (July 15, 2022), available at https://www.ft.com/content/70bd513e-8a10-4c96-b7e2-c43dea8df554.

5

### C. The Committee's Proposed Discovery on EFH

16. Upon discovery of EFH's identity, and due to its lack of appearance in the Chapter 11 Cases, the Committee prepared the proposed Subpoenas on EFH, including requests for production, interrogatories, and topics for a 30(b)(6) deposition. The proposed Subpoenas request information regarding the relationship between the Debtors and EFH, loan agreements between the Debtors and EFH, transfers of cash or crypto currency between the Debtors and EFH, the circumstances surrounding EFH's inability to return the Debtors' collateral, and related topics. Attached as <u>Exhibit B</u> are true and correct copies of the proposed requests for production, interrogatories, and 30(b)(6) deposition topics that the Committee seeks to serve on EFH.

### Relief Requested

17. The Committee requests that the Court enter an order, in substantially the same form as the proposed order at <u>Exhibit A</u>, pursuant to Section 105 of the Bankruptcy Code and Bankruptcy Rules 2004 and 9016, authorizing the Committee to serve EFH with the Subpoenas.

### Basis for Relief

18. Bankruptcy Rule 2004(a) provides that "[o]n motion of any party in interest, the court may order the examination of any entity." Fed. R. Bankr. P. 2004(a). Bankruptcy Rule 2004(b) provides in turn,

> The examination of an entity under this rule or of the debtor under §343 of the Code *may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate*, or to the debtor's right to a discharge.

Fed. R. Bankr. P. 2004(b) (emphasis added).

19. It is well established that the investigation envisioned by Bankruptcy Rule 2004 is broad-based, relating to any and all matters affecting the administration of the Debtors' estate, as well as the conduct, liabilities or property of the Debtors.

6

20. Indeed, discovery under Rule 2004 is broader than that available under the Federal Rules of Civil Procedure. *In re Drexel Burnham Lambert Grp., Inc.*, 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991). "As a general proposition, [Bankruptcy] Rule 2004 examinations are appropriate for revealing the nature and extent of the bankruptcy estate and for 'discovering assets, examining transactions, and determining whether wrongdoing has occurred.'" *In re Enron Corp.*, 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002) (citations omitted). As such, courts have acknowledged that "[Bankruptcy] Rule 2004 examinations are broad and unfettered and in the nature of fishing expeditions." *Id.*; *see also In re Coffee Cupboard, Inc.*, 128 B.R. 509, 514 (Bankr. E.D.N.Y. 1991); *In re Silverman*, 36 B.R. 254, 258 (Bankr. S.D.N.Y. 1984).

21. In connection with the discharge of its duties, the Committee believes it is necessary to serve EFH with the Subpoenas to obtain information regarding loan agreements between the Debtors and EFH, transfers of cash or crypto currency between the Debtors and EFH, the circumstances surrounding EFH's inability to return the Debtors' collateral, and related topics. It is the Committee's understanding that the Debtors have not recovered the collateral pledged to EFH, and EFH continues to owe hundreds of millions of dollars to the Debtors. Access to the information sought by the Committee will help it gain a fuller picture of the Debtors' financial affairs, any financial interactions and the relationship between the Debtors and EFH, and the facts and circumstances surrounding the commencement of these Chapter 11 Cases. The Committee believes this relief is particularly important in light of the Debtors' failure to disclose EFH's identity.

22. While the Committee has also sought related information from the Debtors, the Committee believes that this information can be received more quickly through targeted requests

7

on EFH, and that EFH may have other or different information from that which the Committee may ultimately receive from the Debtors.

## Proposed Procedure

23.   To the extent any examinations are required, the Committee proposes that they be held at either (i) the offices of Committee's counsel, White & Case LLP, 1221 Avenue of the Americas, New York, New York 10020; (ii) any other location as agreed by the Committee and its counsel; or (iii) if this Court does not have subpoena power to compel the testimony of EFH, at such other location as may be appropriate and permissible under Bankruptcy Rules 2004, 2005, 9005(1), and 9016.

24.   The Committee proposes to serve all subpoenas *duces tecum* at least fourteen (14) days prior to the due date for the production or inspection of any documents or electronic files, or the date of an intended deposition, if any.

## Notice

25.   Pursuant to this Court's Individual Rules, "Requests for 2004 orders may be submitted *ex parte* but the Court, in its discretion, may require notice and a hearing."

26.   The Committee has filed the Application *ex parte*. Requests for relief under Rule 2004(a) are usually granted *ex parte*. 9 Collier on Bankruptcy ¶ 2004.01[2] (15th ed. 2009), *citing 1983 Advisory Committee Note to Fed. R. Bankr. P. 2004*, *reprinted in* ch. 2004, App. 2004; *In re Sutera*, 141 B.R. 539, 540 (Bankr. D. Conn. 1992); *In re Wilcher*, 56 B.R. 428, 434 (Bankr. N.D. Ill. 1985); *In re Silverman*, 36 B.R. 254, 256-57 (Bankr. S.D.N.Y. 1984). Indeed, bankruptcy courts in this district have recently granted similar requests to serve subpoenas *ex parte*. *See, e.g.*, *In re Premiere Jewellery Inc., et al.*, Case No. 20-11484 (JLG), Docket No. 178 (S.D.N.Y. Bankr. 2020) (granting *ex parte* application to serve subpoena).

27. While the Application has been filed *ex parte*, EFH will have ample opportunity to seek from this Court protection from any Subpoena or information sought by the Subpoena issued by the Committee that EFH believes it has a basis to challenge. EFH's due process rights are thus fully preserved.

28. Based on the foregoing, the Committee submits that the Application can and should be granted *ex parte*, and that no notice should be required.

### Reservation of Rights

29. The Committee reserves all rights, claims, defenses, and remedies, including, without limitation, the right to amend, modify, or supplement this Application, to seek additional discovery from any party, add additional parties, or to raise additional grounds for granting this Application during any hearing on the Application, if one should be held.

### No Prior Relief

30. No prior request for the relief requested herein has been made to this or any other court.

[*Remainder of this page intentionally left blank*]

**WHEREFORE**, the Committee respectfully requests that this Court grant the Application and enter an order, in substantially the same form as the proposed order attached as <u>Exhibit A</u>, and grant such other and further relief as the Court determines to be just and proper.

Dated: September 29, 2022
New York, New York

/s/ *Samuel P. Hershey*
**WHITE & CASE LLP**
David M. Turetsky
Keith H. Wofford
Samuel P. Hershey
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
Email: david.turetsky@whitecase.com
kwofford@whitecase.com
sam.hershey@whitecase.com

– and –

**WHITE & CASE LLP**
Michael C. Andolina (admitted *pro hac vice*)
Gregory F. Pesce (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone: (312) 881-5400
Facsimile: (312) 881-5450
Email: mandolina@whitecase.com
gregory.pesce@whitecase.com

– and –

**WHITE & CASE LLP**
Aaron E. Colodny (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, California 90071
Telephone: (213) 620-7700
Facsimile: (213) 452-2329
Email: aaron.colodny@whitecase.com

*Counsel to the Official Committee of Unsecured Creditors*