WILLIAM K. HARRINGTON
United States Trustee
U.S. Department of Justice
Office of the United States Trustee
201 Varick Street, Room 1006
New York, NY 10014
Tel. (212) 510-0500

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| CELSIUS NETWORK LLC., *et al.*,[1] | : | Case No. 22-10964 (MG) |
| | : | |
| Debtors. | : | (Jointly Administered) |

**LIMITED OMNIBUS OBJECTION OF THE UNITED STATES TRUSTEE TO:**

**(I)   THE DEBTORS' MOTION SEEKING ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO REOPEN WITHDRAWALS FOR CERTAIN CUSTOMERS WITH RESPECT TO CERTAIN ASSETS HELD IN THE CUSTODY PROGRAM AND WITHHOLD ACCOUNTS [ECF DOC. NO. 670]  AND**

**(II)  MOTION SEEKING ENTRY OF AN ORDER PERMITTING THE SALE OF STABLECOIN IN THE ORDINARY COURSE [ECF DOC. NO. 832]**

William K. Harrington, United States Trustee for Region 2 (the "United States Trustee"), through his counsel, files this Limited Omnibus Objection (the "Objection") to (1) the motion of the Celsius Network LLC, *et. al*. (the "Debtors") for the entry of an order authorizing the Debtors to reopen withdrawals for certain customers with respect to certain assets held in the custody program and withhold accounts (the "Withdrawal Motion") [ECF Doc. No. 670] and (2) the motion of the Debtors for the entry of an order permitting the sale of stablecoin in the ordinary

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

1

course (the "Stablecoin Motion") [ECF Doc. No. 832] (together, the "Motions"). In support thereof, the United States Trustee respectfully represents as follows:

## INTRODUCTION

The Motions are premature and should be denied until after the Examiner Report is filed. First, the Withdrawal Motion seeks to impulsively distribute funds to one[2] group of creditors in advance of a fulsome understanding of the (1) Debtors' cryptocurrency holdings, (2) relationship of the Debtors' cryptocurrency balance sheet to cryptocurrency deposited by its various different groups of creditors, and (3) transfers of cryptocurrency between and among different types of accounts. Second, the Stablecoin Motion seeks to liquidate stablecoins held by the Debtors without providing information regarding ownership, segregation, or the impact of such sale on later distributions to creditors who may have stablecoins on deposit with the Debtors. Indeed, the facts necessary to evaluate these Motions are the exact facts identified by the Examiner Motion as lacking transparency and that the Examiner is required to investigate and analyze in the Examiner's Report.

Any distribution or sale at this juncture could inadvertently impact or limit distributions to other creditors in this case. The interested parties, the United States Trustee, and the Court require additional information to assess what impact such a distribution or sale would have. Accordingly, any such distribution or sale should be denied until the Examiner's Report is submitted detailing (1) the Debtors' cryptocurrency holdings, including where such holdings were stored prepetition and are stored postpetition and whether different types of accounts are commingled and (2) why there was a change in account offerings beginning in April 2022 from the Earn Program to the

---

[2] Pursuant to the Withdrawal Motion, only withdrawals for what the Debtors have deemed "pure custody assets" and "pure withhold assets" will be distributed. Interestingly, the Motion is devoid of a definition for what constitutes "pure" for either type of asset.

2

Custody Service for some customers while others were placed in a "Withhold Account." *See* Examiner Order (as defined below) at ¶¶ 3(i) and (ii).

The Debtors' Terms of Use Version 8 establishing the Custody Accounts (but silent as to the Withhold Accounts), made clear that while title to the custody assets remained with the account holder, Celsius reserved the right to comingle the digital assets. There has been no evidence[3] that the custody/withhold assets that the Debtors now seek to return or sell were or are segregated. Parties cannot evaluate if the Debtors should be making distributions or sales until it is clear how many creditors the Debtors have, what the Debtors owe, to whom, what the Debtors assets are, and how its crypto assets are held. Moreover, given that coin liabilities of $6.1 billion exceed coin assets of $3.65 billion and there has been no explanation provided as to why, to the extent custody/withhold assets were commingled, they should not bear their proportional share of the coin deficiency. Accordingly, the Motions should be denied.

## BACKGROUND

1. On July 13, 2022 (the "Petition Date"), Celsius Network LLC, Celsius KeyFi LLC, Celsius Lending LLC, Celsius Mining LLC, Celsius Network Inc., Celsius Network Limited, Celsius Networks Lending LLC, and Celsius US Holding LLC (collectively, the "Debtors") each commenced a voluntary case under Chapter 11 of the Bankruptcy Code. *See* Voluntary Petitions, SDNY Case No. 22-10964(MG), ECF Doc. No. 1. On July 19, 2022, the Court entered an Order directing that these cases be jointly administered. ECF Doc. No. 53.

2. An Official Committee of Unsecured Creditors was appointed on July 27, 2022. ECF Doc. No. 241.

3. On September 1, 2022, the Debtors filed the Withdrawal Motion.

---

[3] To date, no Schedules or Statements of Financial Affairs have been filed.

3

4. On September 15, 2022, the Debtors filed the Stablecoin Motion.

5. On September 22, 2022, First Partners, LLC, Celsius SPV Investors, LP, Celsius New SPV Investors, LP, and CDP Investissements Inc. (collectively, the "Equity Holders") filed for a Motion for Entry of an Order Directing the Appointment of an Official Preferred Equity Committee (the "Equity Committee Motion"). ECF Doc. No. 880.

6. To date, no disclosure statement or plan of reorganization has been filed.

### *Schedules, Statements of Financial Affairs, and Creditor Matrix*

7. As of the date of this Motion, no schedules or statements of financial affairs have been filed.

8. On the Petition Date, the Debtors filed its Motion Seeking Entry of an Order (I) Extending Time to File Schedules of Assets and Liabilities, Schedules of Current Income and Expenditures, Schedules of Executory Contracts and Unexpired Leases, and Statements of Financial Affairs, (II) Extending Time to File Rule 2015.3 Financial Reports and (III) Granting Related Relief 22 (the "First Extension Motion"). ECF Doc. No. 8

9. On July 19, 2022, the Court entered an order granting the First Extension Motion. ECF Doc. No. 57.

10. On August 11, 2022, the Debtors filed its Second Motion to Extend Deadline to File Schedules or Provide Required Information (the "Second Extension Motion"). ECF Doc. No. 431.

11. On August 3, 2022, the Debtors filed its Motion to File Under Seal/Debtors' *Ex Parte* Motion Pursuant to Section 107 of the Bankruptcy Code Seeking Entry of an Order (I) Authorizing the Debtors to Redact Certain Personally Identifiable Information from the Creditor

Matrix, Schedules and Statements, and Related Documents (the "Seal Motion"). ECF Doc. No. 344.

12. The Seal Motion, *inter alia*, sought to redact the names of all creditors from the Debtors' schedules and statements of financial affairs in addition to the amount owed to each creditor. *Id*.

13. On August 25, 2022, the United States Trustee filed its Amended Objection to the Seal Motion (the "Seal Objection"). ECF Doc. No. 607.

14. A hearing on the Seal Objection was conducted on September 1, 2022, with the matters continued to September 14, 2022.

15. Also on September 1, 2022, the Court entered an order granting the Second Extension Motion. ECF Doc. No. 671.

16. On September 16, 2022, the Debtors filed its Motion Seeking Entry of an Order Granting a Third Extension of Time to File Schedules and Statements of Financial Affairs (the "Third Extension Motion"). ECF Doc. No. 833. The Third Extension Motion is set for hearing on October 6, 2016.  The Third Extension Motion argues, in part, that the Debtors require an extension to file its schedules and statements of financial affairs because it is awaiting a determination by the Court on its Seal Motion which would arguably permit the Debtors to redact the identity of the Debtors' creditors along with the amounts owed to each creditor.

17. On September 28, 2022, the Court entered a Memorandum Opinion and Order granting in part, denying in part, the Debtors' Seal Motion which required, *inter alia*, the Debtors to supply the names of all of its creditors and to provide the claim amounts on the Debtors' schedules. ECF Doc. No. 910.

### *The Examiner*

18.     On August 18, 2022, the United States Trustee filed its Motion to Appoint an Examiner (the "Examiner Motion"), which, *inter alia*, detailed the lack of transparency into the Debtors' cryptocurrency holdings, business model for storing, using, or selling such cryptocurrency, and the employment of different types of accounts, including the custody and withhold accounts. ECF Doc. No. 546.

19.     On September 14, 2022, the Court entered the Order Directing the Appointment of an Examiner (the "Examiner Order"). ECF Doc. No. 820. The Examiner Order stated, in relevant part, that the scope of the Examiner (the "Examiner Scope")

> *shall* consist of:
> 
> (i)   An examination of the Debtors' cryptocurrency holdings, including a determination as to where the Debtors' cryptocurrency holdings were stored prepetition and are stored postpetition and whether different types of accounts are commingled.
> 
> (ii)  An examination as to why there was a change in account offerings beginning in April 2022 from the Earn Program to the Custody Service for some customers while others were placed in a "Withhold Account."

Examiner Order at ¶ 3(i) and (ii) (emphasis added).

20.     On September 29, 2022, the United States Trustee appointed Shoba Pillay as examiner (the "Examiner"). ECF Doc. No. 920 (the "Examiner Appointment").

21.     Also on September 29, 2022, the Court entered the Order Approving the Appointment of the Examiner. ECF Doc. No. 923.

22.     The Examiner Order further provided that the Examiner shall provide a work plan (the "Work Plan") and budget within seven days of the Examiner Appointment. Examiner Order at ¶ 7.

23. The Examiner Order further provided that the Examiner shall prepare and file a report (the "Examiner's Report") within sixty (60) days following the filing of the Work Plan. Examiner Order at ¶ 8.

**Terms of Use**

24. Beginning February 18, 2018, Celsius issued various versions of its Terms of Use. ECF No. 393. Versions 1 through 5, opened by specifying that the named Celsius contracting party was Celsius Network Limited. ECF Doc. No. 393.

25. The Terms of Use Version 6, covering the approximate period July 22, 2021 to August 2, 2021, changed the named Celsius contracting party to Celsius Network LLC. and its Affiliates. ECF Doc. No. 393, Ex. A-6.

26. Celsius revised its Terms of Use effective as of April 14, 2022, establishing, for the first time, "Custody Services." *See Declaration of Alex Mashinsky, Chief Executive Officer of the Celsius Network LLC, Providing Terms of Use Dating Back to February 18, 2018* (the "Terms of Use Declaration"), ECF Doc. No. 393, Ex. A-8 (the "Terms of Use Version 8"), Sec. 4(B). Terms of Use Version 8 made no mention of "Withhold" accounts.

27. Section 4(B) of the Terms of Use Version 8 provided:

> Title to your Eligible Digital Assets in a Custody Wallet shall at all times remain with you and not transfer to Celsius. . . . . Eligible Digital Assets in a Custody Wallet may be comingled with the Eligible Digital Assets of other Users, and Celsius is under no obligation to return the actual Eligible Digital Assets initially transferred by you to a Custody Wallet, but will return Eligible Digital Assets of the identical type reflected in your Celsius Account at the time you request such a return. . . . .

Terms of Use Version 8, Sec. 4(B); ECF Doc. No. 393, Ex. A-8.

*Expanded Coin Report*

28. On September 14, 2022, the Debtors filed a *Notice of Filing of Expanded Coin Report* (the "Expanded Coin Report"). ECF Doc. No. 811.

29. The Expanded Coin Report shows that Celsius' Total Coin Assets total $3.65 billion and its Total Coin Liabilities total $6.1 billion. *Id.*

30. Excluding the Debtors' self-issued CEL coin, the Expanded Coin Report shows Total CEL Coin Assets held by the Debtors of $928.6 million as against liabilities of $394.0 million, for the most part, respective coin liabilities exceeded the coin assets held by the Debtors. *Id.*

31. Of the $3.6 billion total coin assets held by the Debtors, $1.89 billion has been allocated to Celsius Network Limited. *Id.*

## LIMITED OBJECTIONS

Any distribution or sale should be deferred until interested parties, the United States Trustee, and the Court are able to make a determination as to:

(1) the Debtors' assets and liabilities, including the different types of creditors or account holders the Debtors have;

(2) the value of claims the Debtors has against it, and whether those claims are in cryptocurrency or valued in USD;

(3) the value of the Debtors' assets in USD;

(4) who holds title to the various coins held at the Debtor; and

(5) through what vehicle the Debtors intends to actually pay its creditors.

At this juncture, there are too many questions regarding the Debtors' cryptocurrency holdings to approve any withdrawals or sales.[4] Those questions arise both from the Debtors' lack of transparency evidenced in the Examiner Motion and the Debtors' failure to file schedules and statements of financial affairs. Moreover, the Examiner has been duly appointed to answer many of these exact questions. The Examiner's Report is forthcoming as provided for by the Examiner Order, and any proposed distribution or sale should take into account the findings of the Examiner and the Examiner's Report.

Accordingly, the Motion should be denied until the Examiner's Report is submitted.

Dated: New York, New York
September 30, 2022

                          WILLIAM K. HARRINGTON
                          UNITED STATES TRUSTEE

By:   */s/ Shara Cornell*
      Shara Cornell, Esq.
      Brian Masumoto, Esq.
      Mark Bruh, Esq.
      Trial Attorneys
      201 Varick Street, Suite 1006
      New York, New York 10014
      Tel. No. (212) 510-0500
      Fax No. (212) 668-2255

---

[4] There are also arguable concerns regarding the impact of this Motion if granted and the Equity Committee Motion which is not scheduled for hearing until October 20, 2022.