WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE, REGION 2
U.S. Department of Justice
Office of the United States Trustee
201 Varick Street, Suite 1006
New York, New York 10014
Telephone: (212) 510–0500

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------- x
*In re*                                           :  Chapter 11
                                                  :
CELSIUS NETWORK LLC., *et al.,*[1]                :  Case No. 22-10964 (MG)
                                                  :
                      Debtors.                    :  (Jointly Administered)
------------------------------------------------- x

**STATEMENT OF THE UNITED STATES TRUSTEE TO MOTION OF
COMMUNITY FIRST PARTNERS, LLC, CELSIUS SPV INVESTORS, LP,
CELSIUS NEW SPV INVESTORS, LP, AND CDP INVESTISSEMENTS
INC. FOR ENTRY OF AN ORDER DIRECTING THE APPOINTMENT
OF AN OFFICIAL PREFERRED EQUITY COMMITTEE**

TO:    **THE HONORABLE MARTIN GLENN,
       UNITED STATES BANKRUPTCY JUDGE:**

William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), hereby submits this statement (the "Statement") to the Motion of Community First Partners, LLC, Celsius SPV Investors, LP, Celsius New SPV Investors, LP, and CDP Investissements Inc. (collectively, the "Preferred Equity Holders") for Entry of an Order Directing the Appointment of an Official Preferred Equity Committee (the "Motion"). ECF No.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

880. In support thereof, the United States Trustee respectfully states that he takes no position with respect to the Motion.

## BACKGROUND

### General Background

1. On July 13, 2022 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2. The Debtors continue to operate their businesses and manage their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On July 19, 2022, the Court entered an order authorizing the joint administration and procedural consolidation of the chapter 11 cases pursuant to Bankruptcy Rule 1015(b). ECF No. 53.

3. On July 27, 2022, the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code. ECF No. 241.

4. On September 29, 2022, Shoba Pillay was Appointed Chapter 11 Examiner. ECF No. 920.

5. On or about July 19, 2022, July 28, 2022, and August 15, 2022, the United States Trustee received letters from Dennis F. Dunne, Esq. of Milbank LLP requesting the appointment of an Equity Committee.

6. On or About July 22, 2022, the United States Trustee received a letter from Joshua M. Mester, Esq. of Jones Day LLP requesting the appointment of an Equity Committee.

7. In response to a solicitation of the Debtors' position regarding the request for an appointment of an Equity Committee, the United States Trustee received a letter dated August 10, 2022 from Kirkland & Ellis LLP, setting forth its position with respect to the request.

8.      In response to a solicitation of the Committee's position regarding the request for an appointment of an Equity Committee, the United States Trustee received a letter dated August 10, 2022 from White & Case LLP on behalf of the Committee, setting forth its position with respect to the request.

## STATEMENT

### A.    The Statutory Framework

Section 1102(a)(1) of the Bankruptcy Code provides that:

> Except as provided in paragraph (3), as soon as practicable after the order for relief under chapter 11 of this title, the United States trustee shall appoint a committee of creditors holding unsecured claims and may appoint additional committees of creditors or of equity security holders as the United States Trustee deems appropriate.

11 U.S.C. §1102(a)(1). The plain language of the statute indicates that the appointment of an equity committee is a discretionary act of the United States Trustee.

Section 1102(a)(2) authorizes the Court to appoint an equity committee and provides that:

> On request of a party in interest, the court may order the appointment of additional committees of creditors or of equity security holders if **necessary** to assure adequate representation of creditors or of equity security holders. The United States trustee shall appoint any such committee.

11 U.S.C. § 1102(a)(2). (Emphasis added). "The proponents must demonstrate that appointment of an official committee is 'necessary' to adequately represent equity's interests, 'a high standard that is far more onerous than if the statute merely provided that a committee be useful or appropriate.'" *In re SunEdison, Inc.*, 556 B.R. 94, 103 (Bankr. S.D.N.Y. 2016) quoting *Eastman Kodak Co.*, 2012 Bankr. LEXIS 2944, 2012 WL 2501071, at *2 (additional citations omitted).

The Court in *In re Williams Communications Group, Inc.*, 281 B.R. 216 (Bankr. S.D.N.Y. 2002) set forth the standard for the appointment of an equity committee, emphasizing that such appointment should be the rare exception. *Id.* at 223. The Court determined that an equity committee should not be appointed unless the equity holders established that:

> (i) there is a substantial likelihood that they will receive a meaningful distribution in the case under a strict application of the absolute priority rule, and
>
> (ii) they are unable to represent their interests in the bankruptcy case without an official committee. Factors to consider include the complexity of the case; the number of shareholders, and whether the cost of the additional committee outweighs the concerns for adequate representation. *Id.* at 219

*Id.* at 223; *see also In re SunEdison, Inc.,* 556 B.R. 94, 103 (Bankr. S.D.N.Y. 2016) (Court found that the moving party failed to satisfy the high standard that an official committee was necessary to adequately represent equity interests); *Eastman Kodak* Co., 2012 Bankr. LEXIS 2944, 2012 WL 2501071 at *2 (The Court concluded that there appears to be uniform recognition that the appointment of an official committee constitutes extraordinary relief and is the exception rather than the rule in chapter 11 cases); *In re Dewey & LeBoeuf LLP*, 2012 Bankr. LEXIS 5534 at *12-3 (Noting that in the vast majority of chapter 11 cases a single committee of creditors has been deemed sufficient, the high standard for appointing an additional committee requires the moving parties to prove that they are unable to represent their interests without an official committee, while ultimately declining to appoint a committee of former partners); *In re Residential Capital, LLC*, 480 B.R. 550, 557 (Bankr. S.D.N.Y. 2012) (Concluding that the appointment of an additional committee is an extraordinary remedy that courts are reluctant to grant, the Court declined to appoint a Borrowers Committee).

The party seeking the appointment of an official equity committee bears the burden of proof. *In re SunEdison, Inc.,* 556 B.R. 94, 103 (Bankr. S.D.N.Y. 2016) (citing *Eastman Kodak*

*Co.*, 2012 Bankr. LEXIS 2944, 2012 WL 2501071, at *4); *In re Ampex Corp.,* No. 08-11094 (AJG), 2008 Bankr. LEXIS 1536, 2008 WL 2051128, at *2 (Bankr. S.D.N.Y. May 14, 2008); *Johns-Manville,* 68 B.R. 155, 158 (S.D.N.Y. 1986).

## CONCLUSION

As noted above, the United States Trustee does not take a position with respect to the Motion.

**WHEREFORE,** the United States Trustee respectfully requests that the Court grant such relief as the Court may deem just and proper.

Dated: New York, New York
October 3, 2022

Respectfully submitted,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE, Region 2

By: */s/ Shara Cornell*
Shara Cornell, Esq.
Brian Masumoto, Esq.
Mark Bruh, Esq.
Trial Attorneys
201 Varick Street, Room 1006
New York, New York 10014
Tel. (212) 510-0500