Michael D. Morris, AAG
Wisconsin Department of Justice
Wisconsin State Bar #1112934
Post Office Box 7857
Madison, WI 53707-7857
Telephone: 608-266-3936
Fax: 608-294-2907
morrismd@doj.state.wi.us

Attorney for State of Wisconsin
Department of Financial Institutions

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Celsius Network LLC, *et al.*[1], | : | Case No. 22-10964 |
| | : | |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------X

### STATE OF WISCONSIN'S JOINDER TO OBJECTIONS TO THE DEBTORS' MOTION TO SELL STABLECOIN FILED BY TEXAS AND VERMONT

The State of Wisconsin, for its Department of Financial Institutions ("Wisconsin"), hereby joins in the objections filed by the states of Texas and Vermont to the Debtors' Motion Seeking Entry of an Order (I) Permitting the Sale of Stablecoin in the Ordinary Course and (II) Granting Related Relief. (Dkt. 832.)[2] Further, Wisconsin

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

[2] The State of Wisconsin also joins the State of Vermont in its Joinder to the UST's motion. (Dkt. 730.)

objects to the same. Wisconsin requests that the Court deny the Debtors' motion. Specifically for its joinder and objection, Wisconsin states the following:

1.  On September 15, 2022, the Debtors filed a Motion Seeking Entry of An Order (I) Permitting the Sale of Stablecoin in the Ordinary Course and (II) Granting Related Relief ("Motion"). (Dkt. 832.) In the Motion, the Debtors request authority, "on a postpetition basis . . . to continue to sell and/or exchange their stablecoin for U.S. dollars." (Dkt. 832:5–6.) They assert that they currently own "eleven different forms of stablecoin totaling approximately $23 million." (Dkt. 832:8.)

2.  On September 29, 2022, the State of Texas, for its Texas State Securities Board and Texas Department of Banking, filed an objection to the Motion. (Dkt. 922.) In the objection, Texas correctly notes that, troublingly, the Debtors seek to sell such stablecoin before this Court has determined whether those assets are property of the estate. Moreover, Texas correctly states that the Motion is incredibly vague; the Debtors do not provide any information to the Court on how much stablecoin they intend to sell and how such transactions will affect the administration of this case or benefit any creditor class. Further, Texas points out that the proposed "exchange" of Debtors' stablecoin may constitute a securities transaction, for which the Debtors must be—but are not—registered with the appropriate state agencies.

3.  Likewise, the State of Vermont has objected to the Motion on the same grounds as Texas. (Dkt. 925.)

4.  Wisconsin agrees with Texas and Vermont and shares their concerns and, therefore, joins their objections to the Motion. As those states correctly point

out—and it bears repeating—the Debtors *must* operate their businesses in accordance with all applicable state laws. 11 U.S.C. § 959(b). That undoubtedly includes state securities laws, which, under the Uniform Securities Act, enacted in Wisconsin and codified in chapter 551, requires that all persons and entities engaged in the selling of non-exempt securities register with the appropriate state agency (in Wisconsin, the Wisconsin Department of Financial Institutions). To the extent that the transaction(s) contemplated by the Debtors in their opaque Motion constitutes securities transactions, they must—but have failed to—register with the appropriate state agencies before engaging in those transactions. At minimum, the Debtors should provide the Court, state regulators, and all stakeholders more detailed information about the nature and extent of the transactions than what the current Motion does.

5.    For these reasons, Wisconsin objects to the Motion and requests that the Court deny it, or, at minimum, require the Debtors to provide greater detail about the nature and extent of the contemplated transactions and whether and on what grounds they contend that such transactions are not securities transactions for which they must register with the proper state agencies. Further, Wisconsin respectfully submits that it would be prudent to first decide whether the stablecoin at issue is even property of the estate before the Debtors receive blanket authority to sell or exchange it.

Dated October 4, 2022

/s/ Michael D. Morris
MICHAEL D. MORRIS
Assistant Attorney General
State Bar #1112934

*Admitted Pro Hac Vice*

Attorney for State of Wisconsin
Department of Financial Institutions

## CERTIFICATE OF SERVICE

I certify that on the below date I caused to be served the foregoing via the ECF system on the parties who are registered to receive ECF notification in this case.

Dated: October 4, 2022

                                          /s/Michael D. Morris
                                          MICHAEL D. MORRIS
                                          Assistant Attorney General