October 6, 2022

The Honorable Chief Judge Martin Glenn
United States Bankruptcy Court for the Southern District of New York
One Bowling Green
New York, New York 10004-1408

        Re:  *In re Celsius Network LLC, et al.*, No. 22-10964 (MG)

To the Honorable Chief Judge Martin Glenn:

      At the hearing on September 14, 2022, the Court requested that the Debtors,[1] the official committee of unsecured creditors (the "Committee"), the Ad Hoc Group of Custodial Account Holders (the "Custody Ad Hoc Group"), and the Ad Hoc Group of Withhold Account Holders (the "Withhold Ad Hoc Group" and, together with the Custody Ad Hoc Group, the "Ad Hoc Groups" and, the Ad Hoc Groups together with the Debtors and the Committee, the "Parties") "meet and confer" to determine the best path forward with respect to the issues raised in, and related to the following: (a) *Debtors' Motion Seeking Entry of an Order (I) Authorizing the Debtors to Reopen Withdrawals for Certain Customers with Respect to Certain Assets Held in the Custody Program and Withhold Accounts and (II) Granting Related Relief* [Docket No. 670] (the "Custody and Withhold Motion"); (b) the *Ad Hoc Group of Withhold Account Holders' Motion for Relief from the Automatic Stay* [Docket No. 737] (the "Withhold Lift Stay Motion"); (c) and the Complaint [Adv. Pro. Docket No. 1] filed in the adversary proceeding captioned *Ad Hoc Group of Custodial Account Holders v. Celsius Network LLC, et. al.*, Adv. Pro. No. 22-10964 (MG) (Bankr. S.D.N.Y. Aug. 31, 2022) (the "Custody Complaint") (collectively, the "Custody and Withhold Issues"). *See* Sept. 14, 2022, Hr'g Tr. 114:19–116:9.

      To that end, shortly after the September 14 hearing, the Parties exchanged scheduling proposals outlining key phases and associated deadlines that each Party believed would resolve the Custody and Withhold Issues in accordance with the Court's instructions at the September 14 hearing. The Parties exchanged multiple draft proposals by email and held a "meet-and-confer" telephone conference on the morning of September 21, 2022, with the goal of resolving the open issues related to the various scheduling proposals.

      Following the meet and confer, the Parties revised their respective scheduling proposals to align with what each Party believed was necessary and appropriate based on the collective group discussion. After exchanging multiple proposals, the Parties again met and conferred on September 30, 2022, to address the final outstanding issues.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

Now, the Parties have reached an agreement on a path forward with respect to the Custody and Withhold Issues as set forth in the proposed *Joint Stipulation and Agreed Scheduling Order by and Among the Debtors, the Committee, and the Ad Hoc Groups with Respect to the Custody and Withhold Issues* (the "Stipulation and Order") attached hereto as **Exhibit A**. The Parties are fully aligned on "Phase I" and aligned on all but one issue in "Phase II." In "Phase II," the Debtors and the Committee believe it is necessary and appropriate for the Ad Hoc Groups to brief the ordinary course of business defense under section 547(c)(2)(A) of the Bankruptcy Code in addition to the ordinary business terms defense under section 547(c)(2)(B). The Ad Hoc Groups do not believe it is necessary to take discovery on and brief the ordinary course of business defense under section 547(c)(2)(A) of the Bankruptcy Code, which looks to the particular dealings between each preference defendant and the Debtors, as part of "Phase II." The Parties will address their positions on the sole outstanding issue at the status conference on October 7, 2022. *See* Stipulation and Order ¶ 10 n.4.

The Parties request that the Court resolve the outstanding Phase II issue and finalize the Stipulation and Order at the status conference scheduled for **October 7, 2022, at 10:00 AM, prevailing Eastern Time**.

Sincerely,

| */s/ Christopher S. Koenig* | */s/ Samuel P. Hershey* | */s/ Kyle J. Ortiz* | */s/ Deborah Kovsky-Apap* |
|---|---|---|---|
| Christopher S. Koenig | Samuel P. Hershey | Kyle J. Ortiz | Deborah Kovsky-Apap |
| **Kirkland & Ellis LLP** | **White & Case LLP** | **Togut, Segal & Segal LLP** | **Troutman Pepper Hamilton Sanders LLP** |
| *Counsel to the Debtors and Debtors in Possession* | *Counsel to the Committee* | *Counsel to the Custody Ad Hoc Group* | *Counsel to the Withhold Ad Hoc Group* |

# Exhibit A

Joint Stipulation and Agreed Scheduling Order by and Among the Debtors, the Committee, and the Ad Hoc Groups with Respect to the Custody and Withhold Issues

| | |
|---|---|
| Joshua A. Sussberg, P.C.<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:    (212) 446-4800<br>Facsimile:    (212) 446-4900 | Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)<br>Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)<br>Christopher S. Koenig<br>Dan Latona (admitted *pro hac vice*)<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Telephone:    (312) 862-2000<br>Facsimile:    (312) 862-2200 |

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) Case No. 22-10964 (MG) |
| Debtors. | ) (Jointly Administered) |
| AD HOC GROUP OF CUSTODIAL ACCOUNT HOLDERS, | ) |
| Plaintiff, | ) Adversary Proceeding No. 22-01142 (MG) |
| v. | ) |
| CELSIUS NETWORK LLC; CELSIUS, KEYFI LLC; CELSIUS LENDING LLC; CELSIUS MINING LLC; CELSIUS LIMITED; CELSIUS NETWORKS LENDING LLC; and CELSIUS US HOLDING LLC, | ) |
| Defendants. | ) |

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's

**JOINT STIPULATION AND AGREED SCHEDULING
ORDER BY AND AMONG THE DEBTORS, THE COMMITTEE, AND THE
AD HOC GROUPS WITH RESPECT TO THE CUSTODY AND WITHHOLD ISSUES**

This stipulation and agreed scheduling order (this "Stipulation and Order") is entered into by and among the Debtors, the official committee of unsecured creditors (the "Committee"), the Ad Hoc Group of Custodial Account Holders (the "Custody Ad Hoc Group"), and the Ad Hoc Group of Withhold Account Holders (the "Withhold Ad Hoc Group" and, together with the Custody Ad Hoc Group, the "Ad Hoc Groups" and, the Ad Hoc Groups together with the Debtors and the Committee, the "Parties").

**Recitals**

**WHEREAS**, at the hearing on September 14, 2022, the United States Bankruptcy Court for the Southern District of New York (the "Court") requested that the Parties "meet and confer" to determine the best path forward with respect to the issues raised in, and related to the following: (a) the *Debtors' Motion Seeking Entry of an Order (I) Authorizing the Debtors to Reopen Withdrawals for Certain Customers with Respect to Certain Assets Held in the Custody Program and Withhold Accounts and (II) Granting Related Relief* [Docket No. 670] (the "Custody and Withhold Motion"); (b) the *Ad Hoc Group of Withhold Account Holders' Motion for Relief from the Automatic Stay* [Docket No. 737] (the "Withhold Lift Stay Motion"); and (c) the *Complaint for Declaratory Judgment* [Adv. Pro. Docket No. 1] filed in the adversary proceeding captioned *Ad Hoc Group of Custodial Account Holders v. Celsius Network LLC, et. al.*, Case No. 22-10964, Adv. No. 22-01142 (MG) (Bankr. S.D.N.Y. Aug. 31, 2022) (the "Custody Complaint") (the Custody and Withhold Motion, the Withhold Lift Stay Motion, and the Custody Complaint, collectively, the "Custody and Withhold Issues").

---

principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

**WHEREAS**, the Parties have met and conferred and have reached an agreement on the briefing and scheduling of the Custody and Withhold Issues.

**WHEREAS**, the Parties now jointly submit this Stipulation and Order and respectfully request that the Court approve the procedures set forth below.

**IT IS THEREFORE STIPULATED AND AGREED, AND UPON COURT APPROVAL HEREOF, IT IS HEREBY ORDERED THAT**:

1. The deadline to object to the Custody and Withhold Motion is adjourned as set forth in the Phase I briefing schedule below.

2. The deadline to object to the Withhold Lift Stay Motion is adjourned pending resolution of the Custody and Withhold Issues.

3. The deadline to respond to the Custody Complaint is adjourned pending resolution of the Custody and Withhold Issues.

4. The Parties shall brief the Custody and Withhold Issues in two phases ("Phase I" and "Phase II"), as set forth herein.

**Phase I**

5. The two threshold legal issues for briefing in Phase I (collectively, the "Phase I Issues") are as follows:

- whether assets in the Custody and Withhold accounts are property of the Debtors' estates, including whether the Terms of Use are unambiguous on the issue of ownership of such assets; and

- if the assets are not property of the Debtors' estates, whether the Debtors should nonetheless be allowed to continue to hold those assets, and maintain the status quo, with respect to individuals and/or accounts where the Debtors have potentially viable claims, including, without limitation, preference claims.

6. For the avoidance of doubt, no other customer issues other than the Phase I Issues shall be adjudicated during Phase I.

7. The briefing on the Phase I Issues shall be as follows:

| Phase I Briefing | Deadline |
|---|---|
| Deadline for the Debtors to file one or more sworn declarations containing general explanations of the following (the "Declarations"):[2]<br><br>• how and when the Custody and Withhold wallets were created;<br><br>• whether the Custody and Withhold wallets have only ever held Custody and Withhold coins, respectively, and whether the Custody and Withhold wallets include coins that have been designated as pledged collateral;<br><br>• the process by which coins were transferred in and out of Custody and Withhold wallets;<br><br>• the balance of assets in Custody and Withhold accounts and Custody and Withhold liabilities in the ten (10) days before and after the pause by coin; and<br><br>• the number and types of coins that are currently in Custody and Withhold wallets as a step in an unsuccessful attempt to withdraw coins off of the platform (to the extent ascertainable). | Fourteen (14) calendar days after entry of this Stipulation and Order, by 4:00 p.m., prevailing Eastern Time |
| Deadline for the Parties to file opening briefs on Phase I Issues (which may include objections to the Custody and Withhold Motion)<br><br>Deadline to object to the Custody and Withhold Motion | Ten (10) calendar days after the Declarations are filed, by 4:00 p.m., prevailing Eastern Time |
| Deadline for the Parties to file responsive briefs on Phase I Issues | Ten (10) calendar days after the opening briefs are filed, by 4:00 p.m., prevailing Eastern Time |

---

[2] The filing of one or more Declarations as set forth herein shall not constitute a waiver or admission by any Party that such facts are relevant to Phase I Issues, and all rights are reserved with respect to the facts that are relevant to Phase I Issues. Additionally, all Parties' rights are reserved to argue in their Phase I briefs that additional facts are needed to resolve Phase I Issues. For the avoidance of doubt, the Debtors' agreement to provide a Declaration or Declarations is not an agreement that the Debtors will provide any documents, make the declarant available for deposition in connection with the Declaration, and/or that the Debtors will provide any additional discovery.

| Phase I Briefing | Deadline |
|---|---|
| Deadline to reply to any objection to the Custody and Withhold Motion | |
| Hearing to be held on:<br>• The Custody and Withhold Motion<br>• Phase I Issues | November [●], 2022, at [●]:00 a.m./p.m., prevailing Eastern Time |
| Deadline for the Custody Ad Hoc Group to file an amended Custody Complaint if it deems necessary | Two (2) calendar days after the entry of the Court's ruling with respect to the Phase I Issues, by 4:00 p.m., prevailing Eastern Time |

8. The burden on the Parties on the Phase I Issues shall not be changed by the Phase I briefing format and the burden on the Parties shall be the same as if both of the Ad Hoc Groups had commenced actions through adversary proceedings.

9. During Phase I, the Parties agree that:

- all inferences regarding the existence, validity, and merit of preference or other claims against the Custody and Withhold claimants will be drawn in favor of the Debtors' estates;

- the absence of a pending action for preference or other claims against the Custody and Withhold claimants will not constitute either a basis for the Court to rule in the Ad Hoc Groups' favor or waiver by the Debtors' estates of the right (or any party asserting rights on behalf of the estates, including, without limitation, the Debtors, the Committee, or a trust) to bring such claims; and

- the Court will not be asked to adjudicate the rights of any of the Debtors' other customers as part of Phase I and, for the avoidance of doubt, the rights of Earn and Borrow customers are fully reserved; and

**Phase II**

10. To the extent necessary and depending on the Court's ruling on the Phase I Issues (the "Phase I Order"), the Parties shall further brief the Custody and Withhold Issues in Phase II as set forth herein.

| Phase II Briefing (if necessary) | Deadline |
|---|---|
| Deadline for the Debtors to provide all Parties with the transaction history for all Custody and Withhold accounts not covered by the Custody and Withhold Motion | Ten (10) calendar days after the entry of the Phase I Order |
| The Debtors, the Ad Hoc Groups, and the Committee each to select an agreed-upon number of would-be defendants (and the Parties shall agree on the number of would-be defendants that each Party shall select after the Debtors provide all Parties with the relevant transaction history) whose transfers shall be subject to a joint motion by the Ad Hoc Groups or separate motions by the Custody Ad Hoc Group and the Withhold Ad Hoc Group for a declaratory judgment on potential preference defenses with respect to such defendants, including the safe harbor under section 546 of the Bankruptcy Code, [*the ordinary course of business defense under section 547(c)(2)(A) of the Bankruptcy Code*],[3] and the ordinary business terms defense under section 547(c)(2)(B) of the Bankruptcy Code (the "Preference Defense Motion"). The would-be defendants shall not be identified by name; rather they shall be given notice that they have been selected as would-be defendants for purposes of the Preference Defense Motion and otherwise identified as "User 1", "User 2" etc. For the avoidance of doubt, the Debtors shall not assert actual preference claims against any would-be defendants solely with respect to the Preference Defense Motion. | Seventeen (17) calendar days after the Court's entry of the Phase I Order |
| Deadline for the Ad Hoc Groups to file the Preference Defense Motion | Twenty-four (24) calendar days after the Court's entry of the Phase I Order, by 4:00 p.m., prevailing Eastern Time |
| Deadline for the Parties to complete all fact and expert discovery with respect to the issues raised in the Preference Defense Motion | Thirty-five (35) calendar days after the filing of the Preference Defense Motion |
| Deadline for the Parties to agree on stipulated facts or identify which facts are in dispute | Forty-two (42) calendar days after the filing of the Preference Defense Motion, by 4:00 p.m., prevailing Eastern Time |

---

[3] The Debtors, the Committee, and the Ad Hoc Groups are not aligned on this point. The Debtors and the Committee propose to include this defense. The Ad Hoc Groups propose to exclude this defense. The Debtors, the Committee, and the Ad Hoc Groups request that the Court determine whether this defense should be included in Phase II.

| Phase II Briefing (if necessary) | Deadline |
|---|---|
| Deadline for the Debtors and/or the Committee to file response(s) to the Preference Defense Motion[4] | Forty-nine (49) calendar days after the filing of the Preference Defense Motion, by 4:00 p.m., prevailing Eastern Time |
| Deadline for the Ad Hoc Groups to file replies, or a joint reply, in support of the Preference Defense Motion, if they deem it necessary | Fifty-six (56) calendar days after the filing of the Preference Defense Motion, by 4:00 p.m., prevailing Eastern Time |
| Hearing to be held on the Preference Defense Motion | No later than sixty (60) calendar days after the filing of the Preference Defense Motion |

11. The Parties may modify the deadlines set forth herein by (a) mutual written agreement (e-mail being sufficient) or (b) upon request and further order from the Court, which request shall be granted for good cause. The Parties agree to act in good faith in discussing any extension to the deadlines to complete substantial document production. During Phase II, the Debtors' estates are deemed to possess facially valid preference claims regarding the coins transferred from Earn to Custody and Withhold accounts held by any party that files a Preference Defense Motion.

12. Phase II shall be without prejudice to the Debtors' estates' rights to assert all available claims for preference or otherwise against any customer of the Debtors (including, for the avoidance of doubt, the bellwethers), and such claims by the Debtors' estates are expressly reserved.

---

[4] Should the Parties proceed to Phase II, the Parties agree to meet and confer regarding a more specific schedule for discovery in connection with Phase II, including, among other things, deadlines for disclosure of experts and exchange of expert reports.

13. During the pendency of the foregoing litigation, the Debtors will not seek to use the Custody Assets and/or the Withhold Assets other than as authorized by an order granting the Custody and Withhold Motion or as agreed to by the Parties in writing.

14. All rights with respect to any particular preference litigation are reserved.

15. The Parties, pursuant to this Stipulation and Order, agree (a) to the resolution in this Court pursuant to the procedures set forth in this Stipulation and Order of the Phase I Issues and Phase II Issues, (b) that the procedures shall be governed by Federal Rule of Bankruptcy Procedure 9014, except to the extent modified herein, and (c) any ruling in connection with a Phase I Issue (including in connection with the Debtors' Custody and Withhold Motion) or the Preference Defense Motion shall be immediately appealable and the Parties waive any objection to such appeal being taken immediately.

16. The Parties agree that service by e-mail on all other Parties of all discovery requests and written responses is sufficient.

17. The terms and conditions of this Stipulation and Order shall be immediately effective and enforceable upon its entry.

18. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Stipulation and Order.

**SO STIPULATED**:

New York, New York
Dated: October 6, 2022

| | |
|---|---|
| */s/ Samuel P. Hershey* | */s/ Joshua A. Sussberg* |

| | |
|---|---|
| **White & Case LLP** <br> David M. Turetsky <br> Samuel P. Hershey <br> Keith H. Wofford <br> 1221 Avenue of the Americas <br> New York, New York 10020 <br> Telephone: (212) 819-8200 <br> Facsimile: (212) 354-8113 <br> Email: david.turetsky@whitecase.com <br> sam.hershey@whitecase.com <br> kwofford@whitecase.com <br><br> -and- <br><br> **WHITE & CASE LLP** <br> Michael C. Andolina (admitted *pro hac vice*) <br> Gregory F. Pesce (admitted *pro hac vice*) <br> 111 South Wacker Drive, Suite 5100 <br> Chicago, Illinois 60654 <br> Telephone: (312) 881-5400 <br> Facsimile: (312) 881-5450 <br> Email: mandolina@whitecase.com <br> gregory.pesce@whitecase.com <br><br> -and- <br><br> **WHITE & CASE LLP** <br> Aaron E. Colodny (admitted *pro hac vice*) <br> 555 South Flower Street, Suite 2700 <br> Los Angeles, California 90012 <br> Telephone: (213) 620-7700 <br> Facsimile: (213) 452-2329 <br> Email: aaron.colodny@whitecase.com <br><br> *Counsel to the Official Committee of Unsecured Creditors* | **KIRKLAND & ELLIS LLP** <br> **KIRKLAND & ELLIS INTERNATIONAL LLP** <br> Joshua A. Sussberg, P.C. <br> 601 Lexington Avenue <br> New York, New York 10022 <br> Telephone: (212) 446-4800 <br> Facsimile: (212) 446-4900 <br> Email: jsussberg@kirkland.com <br><br> - and - <br><br> Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*) <br> Ross M. Kwasteniet, P.C. (admitted *pro hac vice*) <br> Christopher S. Koenig <br> Dan Latona (admitted *pro hac vice*) <br> 300 North LaSalle Street <br> Chicago, Illinois 60654 <br> Telephone: (312) 862-2000 <br> Facsimile: (312) 862-2200 <br> Email: patrick.nash@kirkland.com <br> ross.kwasteniet@kirkland.com <br> chris.koenig@kirkland.com <br> dan.latona@kirkland.com <br><br><br><br><br><br><br><br><br><br><br><br><br><br> *Counsel to the Debtors and Debtors in Possession* |

| */s/ Deborah Kovsky-Apap* | */s/ Kyle J. Ortiz* |
|---|---|
| **TROUTMAN PEPPER HAMILTON SANDERS LLP** | **TOGUT, SEGAL & SEGAL LLP** |
| Deborah Kovsky-Apap | Kyle J. Ortiz |
| 875 Third Avenue | Bryan M. Kotliar |
| New York, New York 10022 | One Penn Plaza, Suite 3335 |
| Telephone: (212) 704-6000 | New York, New York 10119 |
| Facsimile: (212) 704-6288 | Telephone: (212) 594-5000 |
| Email: deborah.kovsky@troutman.com | Email: kortiz@teamtogut.com |
|  | bkotliar@teamtogut.com |
|  |  |
| *Counsel to the Ad Hoc Group of Withhold Account Holders* | *Counsel to the Ad Hoc Group of Custody Account Holders* |

**IT IS SO ORDERED.**

Dated: _____
New York, New York

                                                      THE HONORABLE MARTIN GLENN
                                                      CHIEF UNITED STATES BANKRUPTCY JUDGE