**WHITE & CASE LLP**
David M. Turetsky
Keith H. Wofford
Samuel P. Hershey
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile:  (212) 354-8113
Email:  david.turetsky@whitecase.com
    kwofford@whitecase.com
    sam.hershey@whitecase.com

– and –

**WHITE & CASE LLP**
Michael C. Andolina (admitted *pro hac vice*)
Gregory F. Pesce (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone: (312) 881-5400
Facsimile:  (312) 881-5450
Email:  mandolina@whitecase.com
    gregory.pesce@whitecase.com

**WHITE & CASE LLP**
Aaron E. Colodny (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, California 90071
Telephone: (213) 620-7700
Facsimile:  (213) 452-2329
Email:  aaron.colodny@whitecase.com

*Counsel to the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' STATEMENT WITH
RESPECT TO THE DEBTORS' MOTION SEEKING ENTRY OF AN ORDER
(I) APPROVING THE BIDDING PROCEDURES IN CONNECTION WITH THE SALE
OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS, (II) SCHEDULING
CERTAIN DATES WITH RESPECT THERETO, (III) APPROVING THE FORM AND
MANNER OF NOTICE THEREOF, (IV) APPROVING CONTRACT ASSUMPTION
AND ASSIGNMENT PROCEDURES, AND (V) GRANTING RELATED RELIEF**

---

[1] The Debtors in these chapter 11 cases and the last four digits of their federal tax identification number are as follows: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

The Official Committee of Unsecured Creditors (the "**Committee**") appointed in the cases of the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") states as follows with respect to the *Debtors' Motion Seeking Entry of an Order (I) Approving the Bidding Procedures in Connection With the Sale of Substantially All of the Debtors' Assets, (II) Scheduling Certain Dates With Respect Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Approving Contract Assumption and Assignment Procedures, and (V) Granting Related Relief* [Docket No. 929] (the "**Bidding Procedures Motion**"):[2]

### Statement

1. Since the outset of these cases, the Committee and its professionals have been focused on how best to maximize recoveries for account holders and unsecured creditors. Through those efforts, the Committee and its professionals have seen that many Celsius users continue to embrace its original mission to provide transparency and service to the Celsius community. The Committee and its professionals have also recently witnessed that Chief Restructuring Officer and Acting Chief Executive Officer Chris Ferraro and many rank-and-file Celsius employees remain interested in developing a platform that is capable of providing those services to account holders in a safe, prudent manner that complies with applicable law.

2. To that end, the Committee and its professionals have been engaging in extensive dialogue with the Debtors and their advisors regarding the feasibility of a standalone plan of reorganization. The Committee and its professionals are working to evaluate whether a standalone plan of reorganization is feasible and can garner sufficient stakeholder support. The Committee and its professionals are focused on this topic because a standalone plan of reorganization—if it is

---

[2] Capitalized terms not defined herein shall have the meaning ascribed to such terms in the Bidding Procedures Motion.

feasible and can garner sufficient stakeholder support—may provide an opportunity for account holders and general unsecured creditors to achieve higher and better recoveries than those that might be achieved through a potential sale of the business to a third party. As a result, the discussions between the Debtors and the Committee—which remain ongoing—have focused on, among other issues: (a) how to provide account holders with an "in kind" recovery through the distribution of cryptocurrency or other digital assets (such as tokens) under a plan of reorganization; (b) how to provide account holders with near-term liquidity while other key case issues are being finalized; (c) how to seek to provide account holders with a more fulsome recovery through means other than cryptocurrency and digital assets held on the platform, such as the mining operation and litigation recoveries; (d) the extent, and nature, of regulatory approvals necessary to engage in lending, staking, and other similar transactions after emergence from chapter 11; and (e) the quantum of third party capital, if any, that may be necessary for the Debtors' platform, mining, and other business segments to operate in a prudent manner that complies with applicable regulations.

3.   In conjunction with those efforts, the Committee and its professionals have also engaged with other parties, including certain account holders, investors, and companies that operate in different parts of the cryptocurrency and digital assets ecosystem regarding their interest in sponsoring a potential transaction. Those discussions remain ongoing, and there is no assurance that any party will have the financial and regulatory wherewithal to propose and consummate a transaction. And regardless of the merits of any such proposal, neither the Committee nor any other party is permitted to file a plan of reorganization in these cases without the consent of the Debtors during the exclusivity periods. All that being said, the Committee believes as a result of its engagement with potentially interested parties to date that there is significant interest among

key segments of the account holder community for external parties to sponsor a restructuring transaction (including a transaction that provides equity or similar economic participation in the future value generation of the Debtors to certain account holders).  The Committee, the Debtors, and their respective advisors discussed the matter, and as a result of those discussions, the Committee and the Debtors have mutually determined that the involvement by external investors may complement ongoing efforts to evaluate the feasibility of a standalone plan of reorganization.

4.      In light of these considerations, the Committee—which is the only fiduciary solely focused on the interests of, and maximizing recoveries of, account holders and general unsecured creditors—and the Debtors and their respective advisors discussed the matter, and the Committee and the Debtors separately determined that the establishment of a clear framework for potentially interested parties to propose potential equitization, sale, or other restructuring constructs was most likely to maximize the value of the Debtors' estates.  In particular, the Committee believed that it would maximize stakeholder recoveries if the Debtors established: (a) clear deadlines for submitting proposals, including the ability to propose a transaction that would provide account holders with the opportunity to obtain near-term liquidity; (b) objective criteria for evaluating potential proposals and any financing or other contingencies associated therewith; and (c) requirements for potentially interested parties to obtain access to a virtual data room, among other topics that the Debtors and the Committee's advisors believed, based on their extensive experience in other competitive investment processes, potentially interested parties would expect.

5.      The Committee believes that the proposed Bidding Procedures—which reflect weeks of discussion between the Debtors and the Committee, as well as their respective advisors—achieve those goals and are designed to maximize value for account holders and general unsecured creditors.  Among other things, the proposed Bidding Procedures provide the Debtors and the

Committee with the flexibility to consider and explore the feasibility of a transaction involving the platform while other matters remain in process. Furthermore, following the filing of the Bidding Procedures Motion, the Committee and the Debtors have engaged in further dialogue with certain key parties, including certain regulators and potentially interested parties, regarding further enhancements to further improve upon the Bidding Procedures. Finally, the Bidding Procedures are also sufficiently flexible to permit exploration of all types of transactions involving the Debtors' business operations, thereby promoting a comprehensive process and the likelihood of achieving a value maximizing outcome for account holders and general unsecured creditors.

6. Accordingly, the Committee requests that the Court approve the Bidding Procedures Motion.

**Reservation of Rights**

7. The Committee reserves all of its rights regarding these chapter 11 cases, including concerning any potential transaction proposed in these chapter 11 cases.

[*Remainder of page intentionally left blank*]

| | |
|---|---|
| Dated: October 13, 2022<br>New York, New York | Respectfully submitted,<br><br>*/s/ Gregory F. Pesce*<br>**WHITE & CASE LLP**<br>David M. Turetsky<br>Keith H. Wofford<br>Samuel P. Hershey<br>1221 Avenue of the Americas<br>New York, New York 10020<br>Telephone: (212) 819-8200<br>Facsimile: (212) 354-8113<br>Email: david.turetsky@whitecase.com<br>         kwofford@whitecase.com<br>         sam.hershey@whitecase.com<br><br>– and –<br><br>**WHITE & CASE LLP**<br>Michael C. Andolina (admitted *pro hac vice*)<br>Gregory F. Pesce (admitted *pro hac vice*)<br>111 South Wacker Drive, Suite 5100<br>Chicago, Illinois 60606<br>Telephone: (312) 881-5400<br>Facsimile: (312) 881-5450<br>Email: mandolina@whitecase.com<br>         gregory.pesce@whitecase.com<br><br>– and –<br><br>**WHITE & CASE LLP**<br>Aaron E. Colodny (admitted *pro hac vice*)<br>555 South Flower Street, Suite 2700<br>Los Angeles, California 90071<br>Telephone: (213) 620-7700<br>Facsimile: (213) 452-2329<br>Email: aaron.colodny@whitecase.com<br><br>*Counsel to the Official Committee of Unsecured Creditors* |