JASON B. BINFORD
Texas Bar No. 24045499
LAYLA D. MILLIGAN
Texas State Bar No. 24026015
ABIGAIL R. RYAN
Texas Bar No. 24035956
ROMA N. DESAI
S.D.N.Y. Bar Number RD8227
Texas Bar No. 24095553
Assistant Attorneys General
Bankruptcy & Collections Division
P. O. Box 12548
Austin, Texas 78711-2548
P: (512) 463-2173/F: (512) 936-1409
jason.binford@oag.texas.gov
layla.milligan@oag.texas.gov
abigail.ryan@oag.texas.gov
roma.desai@oag.texas.gov

ATTORNEYS FOR THE TEXAS STATE SECURITIES BOARD
AND THE TEXAS DEPARTMENT OF BANKING

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| In re: | Chapter: 11 |
|---|---|
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**LIMITED OBJECTION OF THE TEXAS STATE SECURITIES BOARD AND THE TEXAS DEPARTMENT OF BANKING TO DEBTORS' MOTION SEEKING ENTRY OF AN ORDER (I) APPROVING THE BIDDING PROCEDURES IN CONNECTION WITH THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS, (II) SCHEDULING CERTAIN DATES WITH RESPECT THERETO, (III) APPROVING THE FORM AND MANNER OF NOTICE THEREOF, (IV) APPROVING CONTRACT ASSUMPTION AND ASSIGNMENT PROCEDURES, AND (V) GRANTING RELATED RELIEF**

The Texas State Securities Board (the "**SSB**") and the Texas Department of Banking (the "**DOB**") (together, "**Texas**"), by and through the Office of the Texas Attorney General, hereby files

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

1

this Limited Objection (the "**Objection**") to the *Debtors' Motion Seeking Entry of an Order (I) Approving the Bidding Procedures in Connection with the Sale of Substantially All of the Debtors' Assets, (II) Scheduling Certain Dates with Respect Thereof, (IV) Approving Contract Assumption and Assignment Procedures, and (V) Granting Related Relief,* [D.E. 929] (the "**Motion**"). In support of the Objection, Texas respectfully states as follows:[2]

## OVERVIEW

1.  The Debtors seek approval of bidding procedures for virtually all of its assets, including Retail Platform Assets and Remaining Assets. The final bid deadline for Retail Platform Assets is November 15, 2022, with a sale hearing to be held on November 28, 2022. However, the Examiner is currently conducting her review of Debtor assets, including crypto assets and transfers, and there are pending motions and proceedings regarding the Withhold and Custody accounts, including whether they are property of the bankruptcy estate and who are the rightful owners of the various crypto assets and accounts.

2.  While an expedited timeline for the sale of assets in this case is understandable and expected, particularly given the nature of the creditors and claims involved, the timing requested in the Motion for bids, auction, and sale hearing are too expedited in light of the pending issues regarding ownership, transfers, and status of the various crypto assets. Texas does not oppose the efforts of the Debtors to market assets for the ultimate recovery to creditors. However, such efforts should be done only after the issues of ownership and property of the estate have been fully determined by this Court.

## PROCEDURAL BACKGROUND

3.  The Debtors commenced these cases on July 13, 2022, (the "**Petition Date**") and continue to operate their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of title 11 of the United States Code (the "**Bankruptcy Code**").

---

[2] Capitalized terms not otherwise defined or provided herein have the meanings ascribed to them in the Motion or D.E. 23 (the "First Day Declaration.").

2

4. The Debtors filed the Motion on September 29, 2022, and set an objection deadline of October 13, 2022, at 4:00 p.m., prevailing Eastern Time.[3] Texas's objection deadline was extended by agreement to Friday, October 14, 2022, at 4:00 p.m., prevailing Eastern Time.

5. The hearing on the Motion is currently scheduled to take place on October 20, 2022, at 10:00 a.m., prevailing Eastern Time.

## LIMITED OBJECTION AND BASES THEREFOR

**A.    The Status of the Crypto Assets Has Not Yet Been Fully Adjudicated.**

6. The issue of whether cryptocurrency is property of the bankruptcy estate has yet to be decided by this Court. Indeed, at least two (2) constituencies are currently seeking redress of this Court to make that determination, the Custody and Withhold account holders.[4]

7. The request of the Debtors to sell assets before they have been determined to be property of the bankruptcy estate is premature and should be denied, or at a minimum, postponed until all issues of ownership have been resolved.

**B.    The Debtors Should Not be Allowed to Sell Assets While Examination Takes Place.**

8. On September 1, 2022, an *Order Directing the Appointment of an Examiner Pursuant to Section 1104(c) of the Bankruptcy Code* was entered, granting the U.S. Trustee's request to appoint an examiner to investigate certain matters, including, *inter alia*, "[a]n examination of the Debtors' cryptocurrency holdings, including a determination as to… whether different types of accounts are commingled."[5]

9. On September 29, 2022, the court entered the *Order Approving the Appointment of Chapter 11 Examiner*,[6] appointing Shoba Pillay as Examiner. The Debtors filed the present Motion on the same day.

---

[3] D.E. 929.
[4] *See* D.E. 670, 737, Adv. Proc. No. 22-01142
[5] *See* D.E. 820, para. 3(i).
[6] *See* D.E. 923.

10. On October 11, 2022, the Examiner filed a *Motion to Approve Work Plan*, currently pending before this Court and scheduled for hearing on October 21, 2022, at 12:00 p.m. prevailing Eastern Time.[7]

11. The Debtors' request to sell or exchange cryptocurrency while at this point in the examination is inappropriate and would only act to confound the examination and further muddy the already opaque waters that are the Debtors' cryptocurrency assets.

**C.   Regulators Should Be Allowed Information on Qualified Bidders and Assets to be Sold.**

12. The Debtors have included proposed terms in the Bidding Procedures that address governmental, licensing, regulatory, or other approvals required to close a proposed sale of assets. However, in light of the significant regulatory deficiencies of the Debtors, Texas respectfully requests the following provisions be added to the bidding and auction process:

- Identification of Qualified Bidders shall be provided to Texas on a confidential basis to verify regulatory status and/or ability to become regulatorily compliant in a timely manner.

- Texas shall be granted listen-only access to any auction that occurs to identify what assets are being negotiated and what entities are submitting Bids on said assets.

13. The above provisions will move the process forward and will not create an impediment to the Debtors receiving and considering Qualified Bids in a timely manner.

**RESERVATION OF RIGHTS**

Texas reserves the right to supplement this Objection or to raise additional or further objections to the Motion at or prior to the Hearing, or any other relevant hearing.

---

[7] *See* D.E. 1013.

4

## **PRAYER**

WHEREFORE premise considered, Texas requests that the Motion be denied, or, alternatively, that the relief granted to the Debtors be on an extended timeline to allow the Examiner to submit reports, allow this Court to make final determinations regarding the status of the property to be sold, and with terms that will allow for a determination of regulatory compliance, and for such other and further relief as would be appropriate.

Dated: October 14, 2022

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

SHAWN E. COWLES
Deputy Attorney General for Civil Litigation

RACHEL R. OBALDO
Assistant Attorney General
Chief, Bankruptcy & Collections Division

*/s/ Layla D. Milligan*
JASON B. BINFORD
Texas State Bar No. 24045499
LAYLA D. MILLIGAN
Texas State Bar No. 24026015
ABIGAIL R. RYAN
Texas State Bar No. 24035956
ROMA N. DESAI
S.D.N.Y. Bar No. RD8227
Texas Bar No. 24095553
Office of the Attorney General of Texas
Bankruptcy & Collections Division
P. O. Box 12548
Austin, Texas 78711-2548
Telephone: (512) 463-2173
Facsimile: (512) 936-1409
jason.binford@oag.texas.gov
layla.milligan@oag.texas.gov
abigail.ryan@oag.texas.gov
roma.desai@oag.texas.gov

ATTORNEYS FOR THE TEXAS STATE SECURITIES BOARD
AND
THE TEXAS DEPARTMENT OF BANKING

## **CERTIFICATE OF SERVICE**

      I certify that a true and correct copy of the foregoing has been served via the Court's Electronic Filing System on all parties requesting notice in this proceeding on October 14, 2022.

                                    */s/ Layla D. Milligan*
                                    LAYLA D. MILLIGAN