FISHERBROYLES LLP
Hollace T. Cohen, Esq.
445 Park Avenue, 9th Floor
New York, N.Y. 10022
Telephone:  917-365-4871
Facsimile: 212-423-0618
Email:  Hollace.cohen@fisherbroyles.com

Counsel for Vincent Theodore Goetten

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, et al., [1] | Case No. 22-10964 (MG) |
| | Jointly Administered |
| Debtors. | |

**LIMITED OBJECTION OF VINCENT THEODORE GOETTEN TO DEBTORS'
MOTION SEEKING ENTRY OF AN ORDER (I) APPROVING THE BIDDING
PROCEDURES IN CONNECTION WITH THE SALE OF SUBSTANTIALLY ALL OF
THE DEBTORS' ASSETS, (II) SCHEDULING CERTAIN DATES WITH RESPECT
THERETO, (III) APPROVING THE FORM AND MANNER OF NOTICE THEREOF,
(IV) APPROVING CONTRACT ASSUMPTION AND ASSIGNMENT PROCEDURES,
AND (V) GRANTING RELATED RELIEF**

Vincent Theodore Goetten by and through his undersigned counsel, hereby submits this limited objection ("Limited Objection") to the Debtors' Motion Seeking Entry of an Order (I) Approving the Bidding Procedures in Connection with the Sale of Substantially all of the Debtors' Assets, (II) Scheduling Certain Dates with Respect Thereto, (III) Approving the Form and Manner

---

[1] The debtors in these chapter 11 cases, along with the last digits of each Debtors' federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending, LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05 Hoboken, New Jersey 07030.

1

of Notice Thereof, (IV) Approving Contract Assumption and Assignment Procedures, and (V) Granting Related Relief filed at Docket No. 929 (the "Motion").

## BACKGROUND

1. On July 13, 2022 (the "Petition Date"), the above captioned Debtors commenced their cases under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code") that are pending before this Court.

2. On September 29, 2022, the Debtors filed the Motion.

3. Through the Motion, the Debtors seek approval of, among other things, bidding procedures, in connection with the sale of all or substantially all of the Debtors' assets, properties, goodwill and rights relating to their businesses, including the Debtors' retail platform business (the "Retail Platform Assets"), which "include any cryptocurrencies or digital assets held by the Debtors (to the extent that they comprise property of the estate as such term is defined under section 541 of the Bankruptcy Code)." [2]

4. In addition, Debtors propose to sell property of the Debtors "free and clear" of "all liens, security interests, pledges, charges, defects or similar encumbrances (collectively, the "Encumbrances")."[3]

## LIMITED OBJECTION

5. Vincent Goetten does not object, generally, to the concept of a sale process with respect to the Debtors' Assets (as defined in the Motion). He appreciates that the Assets sold (including the Retail Platform Assets) may only be Assets that are property of the Debtors' estates. However, Vincent Goetten is concerned, that there appears to be no process for assuring that

---

[2] See paragraph 6.b. of the Motion.
[3] See section I.B. paragraph 38 of the Motion.

potential purchasers of the Retail Platform Assets are informed of which digital assets currrently "held" by the Debtors for customers are <u>not</u> property of the Debtors' estates.

6.  Vincent Goetten owns 21.03745495 bitcoin (the "Bitcoin") which he pledged as collateral for a loan he received from Celsius Lending LLC ("Celsius") in the amount of $330,000 on October 26, 2021, (the "Loan"), pursuant to "Celsius Loan Terms and Conditions" (the "Loan Conditions"). The Maturity Date of the Loan was October 26, 2022. Paragraph 9 of the Early Repayment section of the Loan Conditions provides: "Should you make a full Early Repayment of your loan in accordance with the terms hereof, Celsius shall release the Collateral to your Celsius Account within ten (10) days of your full repayment." Vincent Goetten contacted Celsius on May 27, 2022, regarding his early repayment of the Loan and was told by a Celsius employee on May 29, 2022, "Once your payment is received, and the interest paid, we'll close the loan. Your locked collateral will be released back to your Celsius wallet as soon as your loan is closed." Therefore, it is clear that once repayment of the Loan occurred, the pledge by Vincent Goetten of the Bitcoin as collateral securing payment of the Loan ceased, Celsius had no property interest in the Bitcoin pledged, and all property interests in the Bitcoin were held by Vincent Goetten.

7.  On June 12, 2022, Vincent Goetten wrote to Celsius and told Celsius that he had deposited 330,000 GUSD in his account,[4] he had another 275 GUSD in his account available to pay interest, and he wanted Celsius to process payment of the Loan and closing of the Loan. However, shortly thereafter he received a notice from Celsius that they were "pausing" all withdrawals. After several emails to Celsius regarding possible repayment of the Loan, Vincent Goetten received a response from a Celsius employee indicating that, the funds for payment would

---

[4] The GUSD are stablecoins that have value equal to US dollars.

be transferred to a Custody Wallet and he was led to believe that the Bitcoin would also be transferred to a Custody Wallet when the Loan was paid.

8. On June 15, 2022, Vincent Goetten confirmed that the GUSD should be transferred to a Custody Wallet for payment of the Loan and in emails to Celsius, Vincent Goetten indicated that the Bitcoin should be moved into a Custody Account. On June 16, 2022. Celsius received 330,275 GUSD in full payment of the Loan and Vincent Goetten was notified by Celsius that the Loan was closed. On June 16, 2022, Vincent Goetten wrote to a Celsius employee "Please make sure my Collateral and the balance is now actually in the custody account."

9. On June 17, 2022. A Celsius Customer Expert wrote to Vincent Goetten that the "collateral" was deposited "back" into the Earn Account. Vincent Goetten responded that Celsius should make sure that they transfer the Bitcoin to Custody and not Earn Account because he never signed up to earn yield for his Bitcoin, he only used the Bitcoin as collateral to loans, and the Bitcoin which he owns should be in a Custody Account.

10. It was not until June 23, 2022, a week after the payment of the Loan, that Vincent Goetten received two emails from Celsius. The first email stated that, as an accredited investor residing in North Carolina, he could only have an Earn Account. The second email stated as follows: "As you are located in North Carolina, a state that does not support our Custody solution, your <u>default</u> account is Earn." Vincent Goetten never consented to the Debtors' transfer of the Bitcoin to the Earn Account. It may be questioned why at that juncture the Debtors did not transfer the Bitcoin to a "Withhold Account" as they did with other customers who resided in "Prohibited States" who could not, at least according to the Debtor, have a Custodial Account.

11. Thus, but for the "pause" commenced by the Debtors on or about June 12, 2022, Vincent Goetten would have been able to withdraw the Bitcoin from his "Earn" account as he had

4

with respect to two earlier loans from Celsius that he prepaid in January 2022. Likewise, but for his residing in North Carolina (a Prohibited State) his Bitcoin would be in a Custody Account. Further, at the very least, his Bitcoin should have been placed in a Withhold Account, rather than being placed in Earn Account. Under those circumstances the default transfer of the Bitcoin owned by Vincent Goetten to the Earn Account without his consent and based upon a unilateral, arbitrary and incorrect decision by the Debtors, did not transform the Bitcoin owned by Vincent Goetten into property of any Debtor.

12. Vincent Goetten never consented to the transfer of the Bitcoin to the Earn Account, but he opposed it. Celsius is holding the Bitcoin in the Earn Account as a default account, either as bailee, custodian or trustee of the Bitcoin. See In re Allonhill, LLC, 2019 LEXIS 1304, at *163 (Bankr. D. Del. Apr. 25, 2019) (stating that where property is held by the debtor as bailee, agent or trustee, the property does not become part of the debtor's estate). Accordingly, since the Bitcoin is not property of any Debtor's estate it cannot be sold free and clear of liens, claims and interests of Vincent Goetten.[5]

13. As stated, Vincent Goetten's primary position is that the Bitcoin is not property of the Debtors' estates and, therefore, the Bitcoin cannot be sold by the Debtors pursuant to Bankruptcy Code section 363(f). Vincent Gotten plans to file a motion or other action seeking affirmative relief (the "Future Filing") which will include the facts and law that support that the Bitcoin is property of Vincent Goetten and not property of any of the Debtors' estates. However, to the extent that there is a determination by the Court that the Debtors hold property rights in the Bitcoin that may be sold pursuant to Bankruptcy Code section 363(f), Vincent Goetten expressly

---

[5] See Section 363(f) of the Bankruptcy Code which requires that the assets to be sold free and clear must be property of the estate under section 363(b) or 363(c).

states his objection to such a sale on the basis that he does not consent to such sale to the extent that such consent would be relied upon or required by the Debtors under Bankruptcy Code section 363(f)(2).

14. For the reasons stated above, Vincent Goetten objects to the Motion to the extent that the Motion intends to sell or will result in the sale of his Bitcoin and, accordingly, requests that any order approving the Motion require the Debtors to disclose to any prospective purchasers of the Debtors' Assets that Vincent Goetten disputes that the Bitcoin is property of the Debtors' bankruptcy estates and that the Bitcoin shall be excluded from the Debtors' Assets being sold until and unless the Court rules that the Bitcoin is property of the Debtors' estates upon consideration of the Future Filing or any other procedural mechanism.

## **RESERVATION OF RIGHTS**

15. Vincent Goetten reserves all the rights, remedies, causes of action, claims and defenses at law and in equity of Vincent Goetten now existing or hereafter arising with respect to the Loan, the Bitcoin, the Celsius Loan Terms and Conditions and the Terms of Use, under the foregoing agreements and related documents, the Bankruptcy Code or applicable non bankruptcy law. Nothing herein shall be construed as a waiver of any claims, causes of action, remedies or defenses that Vincent Goetten has against any of the Debtors or any other person or entity under the Bankruptcy Code or applicable non bankruptcy law, including, without limitation, the right to move for relief from the automatic stay at any time to seek, among other things, the return of the Bitcoin.

| | |
|---|---|
| Dated: October 14, 2022<br>New York, New York | FISHERBROYLES, LLP<br>/s/ Hollace T. Cohen, Esq.<br>Hollace T. Cohen. Esq.<br>445 Park Avenue, 9th Floor<br>New York, New York 10022<br>Telephone: 917 365-4871<br>eMail: hollace.cohen@fisherbroyles.com |