**Hearing Date and Time**: November 1, 2022 at 11:00 a.m. EDT
**Objection Deadline**: October 25, 2022 at 4:00 p.m. EDT

JENNER & BLOCK LLP
Catherine L. Steege (*pro hac vice* application pending)
Vincent E. Lazar
353 N. Clark Street
Chicago, Illinois 60654
(312) 222-9350

Richard Levin
Kayvan Sadeghi
1155 Avenue of the Americas
New York, New York 10036
(212) 891-1600

*Proposed Counsel to the Examiner*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>CELSIUS NETWORK LLC, *et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-10964 (MG)<br><br>(Jointly Administered) |

**NOTICE OF HEARING ON EXAMINER'S APPLICATION FOR
ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND
EMPLOYMENT OF HURON CONSULTING SERVICES LLC AS FINANCIAL
ADVISOR TO THE EXAMINER EFFECTIVE AS OF OCTOBER 10, 2022**

PLEASE TAKE NOTICE that a hearing on the *Examiner's Application for Entry of an Order Authorizing the Employment and Retention of Huron Consulting Services LLC as Financial Advisor Effective as of October 10, 2022* (the "**Application**") will be held on November 1, 2022, at 11:00 a.m., prevailing Eastern Time (the "**Hearing**"). In accordance with General Order M-543

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

dated March 20, 2020, the Hearing will be conducted remotely using Zoom for Government. Parties wishing to appear at the Hearing, whether making a "live" or "listen only" appearance before the Court, need to make an electronic appearance through the Court's website at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl.

PLEASE TAKE FURTHER NOTICE that any responses or objections to the relief requested in the Application shall: (a) be in writing; (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York, and the *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief* [Dkt. 521]; (c) be filed electronically with the Court on the docket of *In re Celsius Network LLC*, No. 22-10964 (MG) by registered users of the Court's electronic filing system and in accordance with all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York (which are available on the Court's website at http://www.nysb.uscourts.gov); and (d) be served so as to be actually received by **October 25, 2022, at 4:00 p.m., prevailing Eastern Time**, by (i) the entities on the Master Service List available on the case website of the above-captioned debtors and debtors in possession (the "**Debtors**") at https://cases.stretto.com/celsius, and (ii) any person or entity with a particularized interest in the subject matter of the Application.

PLEASE TAKE FURTHER NOTICE that only those responses or objections that are timely filed, served, and received will be considered at the Hearing. Failure to file a timely

2

objection may result in entry of a final order granting the Application as requested by the Examiner.

PLEASE TAKE FURTHER NOTICE that copies of the Application and other pleadings filed in these chapter 11 cases may be obtained free of charge by visiting the website of Stretto at https://cases.stretto.com/celsius. You may also obtain copies of the Application and other pleadings filed in these chapter 11 cases by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

Dated: October 14, 2022
      New York, New York

Respectfully submitted,

JENNER & BLOCK LLP

By: /s/ *Vincent E. Lazar*
Catherine L. Steege (admitted *pro hac vice*)
Vincent E. Lazar
353 N. Clark Street
Chicago, IL 60654
(312) 222-9350
vlazar@jenner.com
csteege@jenner.com

Richard Levin
Kayvan Sadeghi
1155 Avenue of the Americas
New York, NY 10036
(212) 891-1600
rlevin@jenner.com
ksadeghi@jenner.com

*Proposed Counsel to the Examiner*

**Hearing Date and Time**: November 1, 2022 at 11:00 a.m. EDT
**Objection Deadline**: October 25, 2022 at 4:00 p.m. EDT

Jenner & Block LLP
Catherine L. Steege (*pro hac vice* application pending)
Vincent E. Lazar
353 N. Clark Street
Chicago, Illinois 60654
(312) 222-9350

Richard Levin
Kayvan Sadeghi
1155 Avenue of the Americas
New York, New York 10036
(212) 891-1600

*Proposed Counsel to the Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>CELSIUS NETWORK LLC, *et al.*[1]<br><br>                                    Debtors. | Chapter 11<br><br>Case No. 22-10964 (MG)<br><br>(Jointly Administered) |

**EXAMINER'S APPLICATION FOR
ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND
EMPLOYMENT OF HURON CONSULTING SERVICES LLC AS FINANCIAL
ADVISOR TO THE EXAMINER EFFECTIVE AS OF OCTOBER 10, 2022**

Shoba Pillay, Examiner in these chapter 11 cases, files this application (the "**Application**") for entry of an order, substantially in the form attached hereto as **Exhibit A** approving the employment of Huron Consulting Services LLC ("**Huron**") as her financial advisor effective as of October 10, 2022. In support of this Application, the Examiner relies upon and incorporates by

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

reference the *Declaration of Shoba Pillay* attached to this Application as **Exhibit B** (the "**Pillay Declaration**") and the *Declaration of Timothy J. Martin* (the "**Martin Declaration**") attached to this Application as **Exhibit C**, and respectfully represents:

### Jurisdiction, Venue and Authority

1. This Court has jurisdiction over this matter under 28 U.S.C. § 1334(b). Venue is proper under 28 U.S.C. § 1409. This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

2. The bases for the relief requested in this Application are sections 327(a) and 330 of title 11 of the United States Code (the "**Bankruptcy Code**"); Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"); Rules 2014-1 and 2016-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "**Local Rules**"); and the *Order Directing the Appointment of an Examiner Pursuant to Section 1104(c) of the Bankruptcy Code* [Dkt. 820] (the "**Examiner Order**"), which provides in part: "[t]he Examiner may retain attorneys and/or other professionals if he or she determines that such professionals are necessary to discharge his or her duties, all of which professionals shall file applications with this Court for approval of their retention, and each application shall be subject to Court approval under standards equivalent to those set forth in section 327 of the Bankruptcy Code." (Examiner Order ¶ 10.)

### Background

3. On July 13, 2022 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors have continued to operate their businesses and manage their affairs as debtors and debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code.

4. On August 17, 2022, this Court entered an *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief* [Dkt. 521] (the "**Interim Compensation Order**").

5. On August 18, 2022, the United States Trustee filed a motion seeking appointment of an examiner. [Dkt. 546.]

6. On September 14, 2022, the Court entered the Examiner Order, directing the appointment of an examiner under section 1104(c) to investigate:

   a. "the Debtors' cryptocurrency holdings, including a determination as to where the Debtors' cryptocurrency holdings were stored prepetition and are stored post-petition and whether different types of accounts are commingled";

   b. "why there was a change in account offerings beginning in April 2022 from the Earn Program to the Custody Service for some customers while others were placed in a 'Withhold Account'";

   c. "the Debtors' procedures for paying sales taxes, use taxes, and value-added taxes and the extent of the Debtors' compliance with any non-bankruptcy laws with respect thereto"; and

   d. "the current status of the utility obligations of the Debtors' mining business."

(Examiner Order ¶ 3.)

7. The Examiner Order also directed the examiner to "otherwise perform the duties of an examiner set forth in §§ 1106(a)(3) and 1106(a)(4) of the Bankruptcy Code," subject to the terms of the Examiner Order. (*Id.*)

8. On September 29, 2022, the United States Trustee appointed Shoba Pillay as Examiner and filed a notice of the appointment [Dkt. 920] and the Examiner Application. Also on September 29, 2022, this Court entered an order approving the appointment of the Examiner. [Dkt. 923.]

9.   Paragraph 10 of the Examiner Order authorizes the Examiner to retain counsel and other professionals subject to Court approval under Bankruptcy Code section 327(a).

## Relief Requested

10.  By this Application, the Examiner requests entry of an order under Bankruptcy Code section 327 and the Examiner Order, and in accordance with Bankruptcy Rules 2014 and 2016, Local Rules 2014-1 and 2016-1, and this Court's Interim Compensation Order, approving the employment of Huron as the Examiner's financial advisor to advise her and assist her in carrying out her duties, subject to the conditions of the engagement letter attached hereto as **Exhibit D** (the "**Engagement Letter**"). The Examiner seeks the approval effective as of October 10, 2022, the date on which Huron began its work for the Examiner. The Examiner requests that Huron be retained to perform the services described, and on the terms set forth, in this Application and the Engagement Letter.

## Huron's Qualifications

11.  The Examiner seeks the appointment of Huron to advise her and assist her in carrying out her duties because of Huron's experience, expertise, and resources. Huron specializes in providing turnaround, crisis management, and restructuring services to examiners, trustees, public and private companies, lenders, creditors, and equity holders. Huron has extensive experience in providing restructuring services in and out of chapter 11 proceedings and has an excellent reputation for the services it has rendered on behalf of debtors, creditors, and other parties in interest throughout the United States.

12.  Through her employment of Huron, the Examiner will have the benefit of the knowledge and experience of these professionals. As discussed above, Huron has substantial

expertise as a financial advisor in complex chapter 11 cases and is well qualified to perform these services and to advise the Examiner and assist her in carrying out her duties.

## Services to be Provided

13. Huron has agreed to provide services to the Examiner in accordance with the terms and conditions of the Engagement Letter. The terms of the Engagement Letter reflect the mutual agreement between the Examiner and Huron as to the substantial efforts that may be required of Huron in this engagement. The Engagement Letter provides, in consideration for the compensation thereby, that Huron will, to the extent requested by the Examiner, render the following financial advisory services:

   a. Discharge of duties and responsibilities under the Examiner Order, other orders of this Court, and applicable law.

   b. Evaluation and analysis of any financial and valuation issues raised in connection with the Investigation.

   c. Interviews, examinations, and the review of documents and other materials in connection with the Investigation.

   d. Preparation of reports and other documents necessary in the discharge of the Examiner's duties.

   e. The undertaking and additional tasks or duties that the Court may direct or that the Examiner may determine are necessary and appropriate in connection with the discharge of her duties.

## Huron's Disinterestedness

14. As described in detail in the Martin Declaration, Huron has conducted a search of its conflict database and has made other internal inquiries about connections with the Debtors and the entities and individuals listed on Schedule I to the Martin Declaration. The Martin Declaration sets forth the scope of the search and those inquiries and their results.

15. The Examiner believes that none of Huron's connections to parties in interest disqualify Huron from serving as attorneys to the Examiner.

16. Based upon the Martin Declaration, the Examiner believes that Huron is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, does not hold or represent an interest adverse to these chapter 11 cases, and that Huron's professionals do not hold or represent any interest adverse to these chapter 11 cases or their estates. Huron's disclosures in the Martin Declaration have been made based upon a review of the best information available at the time.

17. Huron has agreed to review its files periodically during these chapter 11 cases to ensure no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, Huron will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration setting forth the additional disclosures required by Bankruptcy Rule 2014(a).

## Professional Compensation

18. Huron intends to apply to the Court for allowance of compensation and reimbursement of expenses for professional services rendered to the Examiner in connection to the chapter 11 cases. Subject to Court approval and the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the United States Trustee's Fee Guidelines, as set forth in the Martin Declaration, Huron will charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect as of January 1, 2022, plus reimbursement of actual, necessary out-of-pocket expenses and other charges incurred by Huron on the Examiner's behalf. The Martin Declaration sets forth information concerning such hourly rates as

currently in effect, which are: $965-$1,315 for managing directors; $920-$950 for senior directors; $605-770 for directors; $575 for managers; and $495 for associates.

19. Huron's hourly rates are set at a level designed to compensate Huron fairly for the work of its professionals and to cover fixed and routine expenses. The hourly rates set forth above are subject to periodic adjustments (generally on January 1 of each year) to reflect economic and other conditions.

20. Huron intends to seek reimbursement for its reasonable and necessary out-of-pocket expenses (which shall be charged at cost) in connection with this engagement, such as travel, lodging, duplicating, research, messenger, and telephone charges. Huron shall seek reimbursement for these expenses at a cost consistent with Huron's standard business practices and subject to the guidelines of the United States Trustee. Huron will maintain records of fees and expenses incurred in connection with rendering the services described above, in accordance with applicable rules and guidelines.

21. The Examiner believes that Huron's rates are reasonable and comparable to the rates charged by other firms for similar services. The Examiner requests that all fees and related costs and expenses incurred by Huron be paid as administrative expenses of the estates under and subject to Bankruptcy Code sections 327, 330(a), 331, 503(b), and 507(a)(1) and this Court's Interim Compensation Order.

## Basis for Relief Requested

22. The Examiner Order authorizes the Examiner "retain attorneys and/or other professionals if he or she determines that such professionals are necessary to discharge his or her duties, all of which professionals shall file applications with this Court for approval of their

7

retention, and each application shall be subject to Court approval under standards equivalent to those set forth in section 327 of the Bankruptcy Code." (Examiner Order ¶ 10.)

23. Section 327(a) of the Bankruptcy Code provides, in part, that subject to Court approval, a trustee "may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." 11 U.S.C. § 327(a).

24. Bankruptcy Rule 2014(a) requires that an application for retention include:

> specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014.

25. The Examiner submits that for all the reasons stated above, and in the Pillay Declaration and the Martin Declaration, the retention and employment of Huron as financial advisor to the Examiner is warranted. Further, as stated in the Martin Declaration, Huron is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estates and has no connection to the Debtors, their creditors, or other parties in interest, except as may be disclosed in the Martin Declaration.

**Notice**

26.     Notice of this Application has been provided to: (a) the Debtors; (b) the Office of the U.S. Trustee; (c) the Official Committee of Unsecured Creditors; (d) the holders of the 50 largest unsecured claims against Debtors (on a consolidated basis); (e) the United States Attorney for the Southern District of New York; (f) the Internal Revenue Service; (g) the officers of the attorneys general in the states in which the Debtors operate; (h) the Securities and Exchange Commission; and (i) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002. A copy of this Application is also available on the website of the Debtors' notice and claims agent at https://cases.stretto.com/celsius. The Examiner submits that, in light of the nature of the relief requested, no other or further notice need be given.

## **Conclusion**

WHEREFORE, the Examiner respectfully requests that this Court grant the Application and enter an order, substantially in the form attached hereto as **Exhibit A**, approving her employment of Huron as financial advisor in the chapter 11 cases effective as of October 10, 2022, and granting the Examiner such other and further relief as the Court deems just and proper.

Dated: October 14, 2022
      New York, New York             Respectfully submitted,

JENNER & BLOCK LLP

By: /s/ *Vincent E. Lazar*
Catherine L. Steege (admitted *pro hac vice*)
Vincent E. Lazar
353 N. Clark Street
Chicago, IL 60654
(312) 222-9350
vlazar@jenner.com
csteege@jenner.com

Richard Levin
Kayvan Sadeghi
1155 Avenue of the Americas
New York, NY 10036
(212) 891-1600
rlevin@jenner.com
ksadeghi@jenner.com

*Proposed Counsel to the Examiner*