## **Exhibit A**

Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>CELSIUS NETWORK LLC, *et al.*[1]<br><br>                       Debtors. | Chapter 11<br><br>Case No. 22-10964 (MG)<br><br>(Jointly Administered) |

**ORDER AUTHORIZING EMPLOYMENT**
**OF HURON CONSULTING SERVICES LLC AS FINANCIAL**
**ADVISOR FOR THE EXAMINER EFFECTIVE AS OF OCTOBER 10, 2022**

Upon the *Application for Entry of an Order Authorizing the Retention and Employment of Huron Consulting Services LLC as Financial Advisor for the Examiner* (the "**Application**") of Shoba Pillay, the appointed Examiner in these chapter 11 cases, for entry of an order authorizing her to retain and employ Huron Consulting Services LLC as her financial advisor effective as of October 10, 2022, under sections 105(a), 327(a), 330, 1104 and 1106 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), and the Court's *Order Directing the Appointment of an Examiner Pursuant to Section 1104(c) of the Bankruptcy Code* [Dkt. 820] ("**Examiner Order**"); and the Court having reviewed the Application, the *Declaration of Shoba Pillay*, attached as Exhibit B to the Application (the "**Pillay Declaration**"), and the *Declaration of Timothy J. Martin*, attached as Exhibit C to the Application (the "**Martin Declaration**"); and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

having heard statements in support of the Application at a hearing held before the Court (the "**Hearing**") and any objections to the relief requested in the Application; and the Court having found that it has jurisdiction and authority over this matter under 28 U.S.C. §§ 157 and 1334, that the Application is a core proceeding under 28 U.S.C. § 157(b)(2), and that the venue of this proceeding and the Application in this district is proper under 28 U.S.C. § 1409; and the Court having found, based on the Application, the Pillay Declaration, and the Martin Declaration, that Huron does not hold or represent an interest adverse to the Debtors or their estates, that Huron is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code, and the relief requested in the Application is in the best interests of the Examiner, the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Examiner has provided appropriate notice of the Application under the circumstances and no other or further notice is required; and the Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation, it is **ORDERED**:

1. The Application is granted to the extent provided herein.

2. The Examiner's employment of Huron Consulting Services LLC ("**Huron**") as her financial advisor effective as of October 10, 2022 in accordance with the terms and conditions set forth in the Application and the Martin Declaration is approved.

3. Huron is authorized to provide the Examiner with the professional services as described in the Application. Specifically, Huron will:

    a. Discharge of duties and responsibilities under the Examiner Order, other orders of this Court, and applicable law.

    b. Evaluation and analysis of any financial and valuation issues raised in connection with the Investigation.

    c. Interviews, examinations, and the review of documents and other materials in connection with the Investigation.

    d. Preparation of reports and other documents necessary in the discharge of the Examiner's duties.

    e. The undertaking and additional tasks or duties that the Court may direct or that the Examiner may determine are necessary and appropriate in connection with the discharge of her duties;

4.     Huron shall be compensated in accordance with and shall file interim and final fee applications for allowance of its compensation and expenses and shall be subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York, dated June 17, 2013, and the *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief* [Dkt. 521].

5.     Prior to any increases in Huron's rates for any individual retained by Huron and providing services in these cases, Huron shall file a supplemental declaration with the Court and provide ten business days' notice to the Debtors, the United States Trustee, the Official Committee of Unsecured Creditors, and any other official committee appointed in this case. The supplemental affidavit shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether the Examiner has consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds

3

including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code.

6. Notwithstanding anything in the Application to the contrary, Huron shall (i) to the extent that Huron uses the services of independent contractors, subcontractors, or employees of foreign affiliates or subsidiaries (collectively, the "**Contractors**") in these cases, Huron shall pass-through the cost of such Contractors to the Debtors at the same rate that Huron pays the Contractors; (ii) seek reimbursement for actual costs only; and (iii) ensure that the Contractors are subject to the same conflict checks as required for Huron; and (iv) shall file with the Court such disclosures required by Bankruptcy Rule 2014.

7. The Examiner and Huron may take all actions necessary to effectuate the relief granted in this Order.

8. To the extent the Application, the Pillay Declaration, or the Martin Declaration are inconsistent with this Order, the terms of this Order shall govern.

9. Notice of the Application as provided therein is deemed good and sufficient notice of the Application, and the requirements of the Local Rules are satisfied by the contents of the Application.

10. This Court shall have exclusive jurisdiction to hear and determine all matters arising from or relating to this Order and its implementation.

This Order shall be effective and enforceable immediately upon its entry.

_____
The Honorable Martin Glenn
Chief United States Bankruptcy Judge