# Exhibit A

**Revised Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER (I) AUTHORIZING THE EMPLOYMENT AND RETENTION OF PERELLA WEINBERG PARTNERS LP AS INVESTMENT BANKER TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS EFFECTIVE AS OF AUGUST 2, 2022, (II) APPROVING THE TERMS OF THE PERELLA ENGAGEMENT LETTER, (III) WAIVING CERTAIN REPORTING REQUIREMENTS PURSUANT TO LOCAL RULE 2016, AND (IV) GRANTING RELATED RELIEF**

Upon the application (the "**Application**")[2] of the Committee for entry of an order (this "**Order**"): (i) authorizing the Committee to employ and retain Perella Weinberg Partners LP ("**PWP**") as its investment banker in these Chapter 11 Cases and all related matters effective as of August 2, 2022, in accordance with the terms and conditions set forth in that certain engagement letter between PWP and the Committee, dated as of August 24, 2022, attached as **Exhibit C** to the Application (the "**Engagement Letter**") pursuant to section 328(a) and 1103 of the Bankruptcy Code; (ii) approving the Application; and this Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, entered February 1, 2012; and this Court having the power to enter a final order

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these Chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

[2] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

consistent with Article III of the United States Constitution; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due, sufficient, and proper notice of the Application having been provided under the circumstances and in accordance with the Bankruptcy Rules and the Local Rules, and it appearing that no other or further notice need be provided; and a hearing having been held, if necessary, to consider the relief requested in the Application (the "**Hearing**"); and upon consideration of the Cofsky Declaration attached to the Application, and the record of the Hearing, if any, and all of the proceedings had before the Court; and the Court having found and determined that the terms and conditions of PWP's employment, including the Fee Structure set forth in the Engagement Letter are reasonable as required by section 328(a) of the Bankruptcy Code; and the Court having found and determined that PWP does not represent or hold any interest adverse to the Debtors' estates under section 1103 of the Bankruptcy Code and is a "disinterested person" as that term is defined under section 101(14) of the Bankruptcy Code, that the relief sought in the Application is necessary and in the best interests of the Committee, the Debtors, their estates, their creditors, and all parties in interest, and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Application is GRANTED as set forth herein, and the provisions set forth in the Engagement Letter (and all attachments thereto) are hereby approved. Any objections or reservations of rights filed in respect of the Application are overruled.

2. The Committee is authorized to employ and retain PWP as its investment banker in the Chapter 11 Cases, effective as of August 2, 2022, for the purposes set forth and upon the terms and conditions of the Engagement Letter.

3. The Engagement Letter, including, without limitation, the Monthly Fee, the Transaction Fee, and the Indemnity Provisions (each as defined in the Engagement Letter), is approved in all respects pursuant to section 328(a) of the Bankruptcy Code. Notwithstanding anything contained in this Order, the Application or the Engagement Letter, (a) PWP shall be entitled to receive payment of only one Transaction Fee, (b) if multiple Transactions occur, the Transaction Fee shall be payable promptly upon the consummation of the earliest Transaction, (c) upon the payment in full of the Transaction Fee to PWP, the Committee shall be entitled to terminate the services provided by PWP pursuant to the Engagement Letter, and (d) Section 1(i) of the Engagement Letter is hereby revised as follows: "A confirmed Chapter 11 plan of reorganization or liquidation going effective in connection with the Bankruptcy Cases under title 11 of the United States Code (the "Bankruptcy Code")."

4. Notwithstanding anything contained in this Order, the Application or the Engagement Letter, if the Chapter 11 cases are converted to Chapter 7 and a Transaction occurs before or after such conversion, PWP shall be entitled, without further order of the Court, to a claim for the full amount of any unpaid Monthly Fees and unpaid Transaction Fee, subject only to the Court's review and the rights of the U.S. Trustee to object under Paragraph 8 of this Order.

5. Notwithstanding anything contained in this Order, the Application or the Engagement Letter, a Transaction shall include the sale of the Debtors' mining business or retail platform business.

6. In accordance with the terms of the Engagement Letter and the terms of this Order, the Debtors shall pay PWP's fees (including the Monthly Fee and Transaction Fee) and reimburse PWP for all reasonable and documented out-of-pocket expenses incurred by PWP.

7. In the event that, during the pendency of these Chapter 11 Cases, PWP seeks reimbursement for any attorneys' fees and/or expenses pursuant to the terms of the Engagement Letter, the invoices and supporting time records from such attorneys shall be included in PWP's fee applications, and such invoices and time records shall be in compliance with the Local Rules, and shall be subject to approval of the Court under the standards of sections 330 and 331 of the Bankruptcy Code, without regard to whether such attorney has been retained under section 327 and section 328 of the Bankruptcy Code; *provided*, *however*, that PWP shall not seek reimbursement from the Debtors' estates for any fees incurred in defending any of PWP's fee applications in these Chapter 11 Cases; *provided*, *further*, that the foregoing shall not apply to fees incurred in communications and negotiations regarding fee applications.

8. PWP shall file fee applications for interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Fee Guidelines, and any other applicable procedures and orders of the Court; *provided, however*, all fees and expense reimbursements to be paid to PWP, including without limitation the Monthly Fee and Transaction Fee, shall be subject to section 328(a) of the Bankruptcy Code, and PWP's fees and expense reimbursement shall not be evaluated under the standard set forth in section 330 of the Bankruptcy Code, except that the Court and the U.S. Trustee shall retain the right and be entitled to object to PWP's fees and expenses based on the reasonableness standard provided in section 330 of the Bankruptcy Code; *provided, further*, that "reasonableness" for this purpose shall be evaluated by

comparing (among other things) the fees payable in these Chapter 11 cases to fees paid to comparable investment banking firms with similar experience and reputation offering comparable services in other chapter 11 cases and shall not be evaluated primarily on an hourly or length-of-case based criteria.

9. None of the fees payable to PWP shall constitute a "bonus" or fee enhancement under applicable law. PWP's expenses may include reasonable expenses incurred by PWP and the reasonable fees and expenses of outside counsel, if any, retained by PWP, without the need for such legal counsel to be retained as professionals in these Chapter 11 Cases, which shall be subject to review by the Court and the U.S. Trustee with an opportunity to object to fees and expenses based on the reasonableness standard provided in section 330 of the Bankruptcy Code.

10. The requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any other orders or procedures of this Court, and any guidelines established by the U.S. Trustee regarding submission and approval of fee applications are hereby modified such that PWP (a) shall be permitted to keep professional time records in half-hour (0.50) increments; (b) shall not be required to provide or conform to any schedule of hourly rates; and (c) shall be permitted to maintain time records of its services rendered for the Committee, setting forth, in summary format, a description of the services rendered and the professionals rendering such services.

11. The Indemnity Provisions set forth in the Engagement Letter are approved, subject to the following conditions during the pendency of these Chapter 11 Cases:

    a. All requests for payment of indemnity, contribution, or otherwise pursuant to the Engagement Letter shall be made by means of an interim or final fee application and shall be subject to the approval of, and review by, the Court to ensure that such payment conforms to the terms of the Engagement Letter, the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and the orders of this Court, and is reasonable based on the circumstances of the litigation or settlement in respect of which indemnity is sought; provided that in no event shall any person be indemnified or

  receive contribution to the extent that any claim arose or expense has resulted from any such losses finally judicially determined by a court of competent jurisdiction to have primarily resulted from the bad faith, self-dealing, breach of fiduciary duty, if any, gross negligence, or willful misconduct on the part of that or any other Indemnified Persons;

 b. In no event shall any Indemnified Person be indemnified or receive contribution or other payment under the Indemnity Provisions to the extent the Debtors or a representative of the estate asserts a claim for, and the Court determines by final order that such claim primarily arose out of, such Indemnified Person's bad-faith, self-dealing or breach of fiduciary duty (if any), gross negligence, or willful misconduct; and

 c. In the event that any Indemnified Person seeks reimbursement from the Debtors for attorneys' fees and expenses in connection with the Engagement Letter, the invoices and supporting time records from such attorneys shall be annexed to PWP's own applications, both interim and final, and such invoices and time records shall be subject to the U.S. Trustee Guidelines and the approval of the Court pursuant to sections 330 and 331 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 and 328 of the Bankruptcy Code. All parties in interest shall retain the right to object to any application by PWP or an Indemnified Person for indemnification, contribution, or reimbursement.

12. Except as expressly set forth herein, the terms of the Engagement Letter, including without limitation the Fee Structure, are approved pursuant to Bankruptcy Code sections 327(a) and 328(a), and the Debtors are authorized and directed to perform their payment, reimbursement, contribution and indemnification obligations and their non-monetary obligations in accordance with the terms and conditions of, and at the times specified in, the Engagement Letter.

13. PWP shall use its reasonable efforts to avoid any duplication of services provided by any of the Committee's other retained professionals in these Chapter 11 Cases.

14. To the extent the Committee wishes to expand the scope of PWP's services beyond those services set forth in the Engagement Letter or this Order, the Committee shall be required to seek further approval from this Court. The Committee shall file notice of any proposed additional

services (the "**Proposed Additional Services**") and any underlying engagement agreement with the Court and serve such notice on the U.S. Trustee, the Debtors, and any party requesting notice under Bankruptcy Rule 2002.

15. PWP will review its files periodically during the pendency of these Chapter 11 Cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, PWP will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Fed. R. Bankr. P. 2014(a).

16. Monthly Fees shall be prorated for any month in which PWP is not employed for each day of the month.

17. To the extent that the Application is inconsistent with this Order, the terms of this Order shall govern.

18. Notice of the Application as provided therein shall be deemed good and sufficient notice of the Application.

19. PWP, the Committee and the Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

20. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

21. Notwithstanding any provision to the contrary in the Application or the Engagement Letter, this Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order, including without limitation, the Transaction Fee.

Dated: _____, 2022
      New York, New York

                              _____
                              THE HONORABLE MARTIN GLENN
                              UNITED STATES BANKRUPTCY JUDGE