# Exhibit A

**Revised Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF M3 ADVISORY PARTNERS, LP AS FINANCIAL ADVISOR EFFECTIVE AS OF AUGUST 1, 2022**

Upon the application (the "**Application**")[2] of the Committee for entry of an order (this "**Order**") authorizing the employment and retention of M3 Advisory Partners, LP ("**M3**") effective as of August 1, 2022 as the Committee's financial advisor, on the terms set forth in the Engagement Letter; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due, sufficient, and proper notice of the Application having been provided under the circumstances and in accordance with the Bankruptcy Rules and the Local Rules, and it appearing that no other or further notice need be provided; and a hearing having been held, if necessary, to consider the relief requested in the Application (the "**Hearing**"); and upon consideration of the Meghji Declaration, and the record of the Hearing, if any, and all of the proceedings had before the Court; and the Court having found and determined that the terms and conditions of M3's

---

[1] The Debtors in these chapter 11 cases and the last four digits of their federal tax identification number are as follows: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

[2] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

employment, including the Fee Structure set forth in the Engagement Letter are reasonable as required by section 328(a) of the Bankruptcy Code; and the Court having found and determined that M3 does not represent or hold any interest adverse under section 1103 of the Bankruptcy Code, and is (to the extent applicable) a "disinterested person" as that term is defined under section 101(14) of the Bankruptcy Code, that the relief sought in the Application is necessary and in the best interests of the Committee, the Debtors, their estates, their creditors, and all parties in interest, and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.  The Application is granted to the extent set forth therein.

2.  The Committee is authorized to employ and retain M3 as its financial advisor in the Chapter 11 Cases, effective as of August 1, 2022, for the purposes set forth and upon the terms and conditions of the Engagement Letter.

3.  The Engagement Letter, including, without limitation, the Fee Structure and the Indemnity Provisions (each as defined in the Engagement Letter), are approved pursuant to section 328(a) of the Bankruptcy Court.

4.  M3 shall file monthly, interim and final fee applications for allowance of its compensation and expenses (including reasonable fees and expenses of external legal counsel) subject to the jurisdiction and approval of this Court under section 328(a) of the Bankruptcy Code and in accordance with the Bankruptcy Rules, the Local Rules, the guidelines established by the Office of the U.S. Trustee, and any applicable orders of the Court. The United States Trustee retains all rights to object to M3's monthly, interim and final fee applications and expense reimbursement on all grounds including, but not limited to, the reasonableness standard provided

for in section 330 of the Bankruptcy Code, and the Court retains the right to review the applications pursuant to section 330 of the Bankruptcy Code.

5. M3 is hereby authorized to keep reasonably detailed time records in half-hour increments and will submit, with any interim or final fee application, together with the time records, a narrative summary, by project category, of services rendered and will identify each professional rendering services, the category of services rendered and the amount of compensation requested.

6. The Debtors are authorized to, and shall, pay M3's compensation and reimburse M3 for its costs and expenses as provided in the Engagement Letter, in accordance with the fee application process approved by this Court. M3 may include as expenses the reasonable fees and expenses of outside counsel, if any, retained by M3, without the need for such legal counsel to be retained as professionals in these Chapter 11 Cases. M3 shall not seek reimbursement of legal fees incurred in defending applications for compensation.

7. Notwithstanding anything to the contrary in the Engagement Letter, the Indemnity Provisions are hereby modified and restated in its entirety as follows with respect to claims made during the pendency of these Chapter 11 Cases (with it being understood that the existing Indemnity Provisions shall apply at all other times):

    a. All requests for payment of indemnity, contribution, or otherwise pursuant to the Engagement Letter shall be made by means of an interim or final fee application and shall be subject to the approval of, and review by, the Court to ensure that such payment conforms to the terms of the Engagement Letter, the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and the orders of this Court, and is reasonable based on the circumstances of the litigation or settlement in respect of which indemnity is sought; provided that in no event shall any person be indemnified or receive contribution to the extent that any claim arose or expense has resulted from any such losses finally judicially determined by a court of competent jurisdiction to have primarily resulted from the bad faith, self-dealing, breach of fiduciary duty, if any, gross negligence, or willful

3

        misconduct on the part of that or any other Indemnified Persons;

    b. In no event shall any Indemnified Person be indemnified or receive contribution or other payment under the Indemnity Provisions to the extent the Debtors or a representative of the estate asserts a claim for, and the Court determines by final order that such claim primarily arose out of, such Indemnified Person's bad-faith, self-dealing or breach of fiduciary duty (if any), gross negligence, or willful misconduct; and

    c. In the event that any Indemnified Person seeks reimbursement from the Debtors for attorneys' fees and expenses in connection with the Engagement Letter, the invoices and supporting time records from such attorneys shall be annexed to M3's own applications, both interim and final, and such invoices and time records shall be subject to the U.S. Trustee Guidelines and the approval of the Court pursuant to sections 330 and 331 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code.

    d. Any limitation of liability pursuant to the terms and conditions set forth in the Application, the Engagement Letter, or the Indemnity Provisions thereto, shall not apply with respect to any losses, claims, damages or liabilities arising out of M3's engagement that resulted from the breach of contract, gross negligence, willful misconduct, or bad faith of an Indemnified Person.

8.     To the extent that the Application and Engagement Letter are inconsistent with this Order, the terms of this Order shall govern.

9.     M3 shall use its best efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases.

10.     Notwithstanding anything in the Application or the Engagement letter to the contrary, M3 shall (i) to the extent that M3 uses the services of independent contractors, or subcontractors (collectively, the "**Contractors**") in these cases, M3 shall pass-through the cost of such Contractors at the same rate that M3 pays the Contractors; (ii) seek reimbursement for actual costs only; and (iii) ensure that the Contractors are subject to the same conflict checks as required for M3 and (iv) shall file with the Court such disclosures required by Bankruptcy Rule 2014.

11.     Notice of the Application as provided therein shall be deemed good and sufficient

notice of the Application.

12. The Committee and the Debtors are authorized and empowered to take all actions necessary to effectuate the relief granted in this Order.

13. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

14. This Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order and M3's retention

Dated: _____, 2022
       New York, New York

                                                   _____
                                                 THE HONORABLE MARTIN GLENN
                                                 UNITED STATES BANKRUPTCY JUDGE