**<u>Exhibit B</u>**

**Redline**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF ELEMENTUS**
**INC. AS BLOCKCHAIN FORENSICS ADVISOR EFFECTIVE AS OF AUGUST 1, 2022**

Upon the application (the "**Application**")[2] of the Committee for entry of an order

(this "**Order**") authorizing the employment and retention of Elementus Inc. ("**Elementus**")

effective as of August 1, 2022 as the Committee's blockchain forensics advisor, on the terms set

forth in the Engagement Letter; and the Court having jurisdiction to consider the Application and

the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of

the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C.

§ 157(b)(2)(A); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and

1409; and due, sufficient, and proper notice of the Application having been provided under the

circumstances and in accordance with the Bankruptcy Rules and the Local Rules, and it

appearing that no other or further notice need be provided; and a hearing having been held, if

necessary, to consider the relief requested in the Application (the "**Hearing**"); and upon

consideration of the Galka Declaration, and the record of the Hearing, if any, and all of the

proceedings had before the Court; and the Court having found and determined that the terms and

---

[1]     The Debtors in these chapter 11 cases and the last four digits of their federal tax identification number are
as follows:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining
LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390);
and Celsius US Holding LLC (7956).  The location of Debtor Celsius Network LLC's principal place of business
and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

[2]     Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such
terms in the Application.

conditions of Elementus' employment, including the Fee Structure set forth in the Engagement Letter are reasonable as required by section 328(a) of the Bankruptcy Code; and the Court having found and determined that Elementus does not represent or hold any interest adverse under section 1103 of the Bankruptcy Code and is (to the extent applicable) a "disinterested person" as that term is defined under section 101(14) of the Bankruptcy Code, that the relief sought in the Application is necessary and in the best interests of the Committee, the Debtors, their estates, their creditors, and all parties in interest, and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The Application is granted to the extent provided herein.  The Committee is authorized to employ and retain Elementus as its blockchain forensics advisor in the Chapter 11 Cases, effective as of August 1, 2022, for the purposes set forth and upon the terms of the Engagement Letter. for the following services:

        a.   Provide advisory services with respect to on-chain flow of funds and Debtors' on-chain posture;

        b.   Assistance with mapping Debtors' entities on-chain;

        c.   Assistance with mapping Debtors' counterparties and related parties on-chain;

        d.   Assistance with tracing the flow of funds between Debtors and counterparties;

        e.   Assistance with providing a reconciliation of all Debtors' transactions on-chain;

        f.   As required, assistance with producing written reports and materials to illustrate and support on-chain findings;

        g.   Attendance at meetings and assistance in discussions with stakeholders and other third parties, as requested;

AMERICAS 117009516 v1

h.  Render such other general business consulting or such other assistance as the Committee or its counsel may deem necessary and as is ancillary to the services described above; and

i.  Such other assistance as Elementus and the Committee shall mutually agree in writing.

2.      The Engagement letter, including, without limitation, the Fee Structure ~~and the Indemnity Provisions (each~~ (as defined in the Engagement Letter), are approved pursuant to section 328(a) of the Bankruptcy Court.  The fees payable to Elementus shall be subject to review only pursuant to the standards set forth in section 328(a) of the Bankruptcy Code ~~and shall not be subject to the standard of review set forth~~ in section 330 of the Bankruptcy Code. The Debtors are authorized to, and shall, pay Elementus' fees and reimburse Elementus for its costs and expenses as provided in the Engagement Letter subject to the terms of this Order. Notwithstanding the foregoing provisions of this paragraph, the United States Trustee retains all rights to object to Elementus' interim and final fee applications on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and the Court retains the right to review the interim and final applications pursuant to section 330 of the Bankruptcy Code.

3.      Elementus shall be compensated in accordance with and will file interim and final fee applications for allowance of its compensation and expenses and shall be subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable law.

4.      Elementus shall be reimbursed only for reasonable and necessary expenses as provided by Administrative Order M-447 (*Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York Bankruptcy Cases*, dated January 29, 2013 (Morris, C.J.)), and the United States Trustee Fee Guidelines (collectively, the "**Fee**

AMERICAS 117009516 v1

Guidelines").  Elementus may include as expenses the reasonable fees and expenses of outside counsel in connection with its retention and fee applications, without the need for such legal counsel to be retained as professionals in these Chapter 11 Cases.  Elementus shall not seek reimbursement of legal fees incurred in defending applications for compensation.

5.    Prior to any increases in Elementus' rates for any individual retained by Elementus and providing services in these cases, Elementus shall file a supplemental affidavit with the Court and provide ten (10) business days' notice to the Debtors, the United States Trustee and any official committee.  The supplemental affidavit shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether Professional's client has consented to the rate increase.  The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code.

6.    Notwithstanding paragraph 14 of the Application, Elementus will charge the Committee for such expenses at rates consistent with charges made to other Elementus clients, and subject to the Local Rules, orders of the Court, and the Fee Guidelines.

7.    3. Elementus shall maintain summary time records in one hourhalf-hour increments which shall indicate the total hours incurred by each professional for each day and provide a brief description of the nature of the work performed.  Elementus is excused from all other timekeeping requirements.

8.    4. Elementus is excused from the requirement to file monthly or interim fee applications; provided that Elementus will file a final fee application with a summary of the fees earned and expenses incurred along with a summary of the fees and expenses that have been paid.  Elementus will submit, on a monthly basis, invoices (attaching the time records in

AMERICAS 117009516 v1

~~one hour~~half-hour increments as noted above) to the Debtors, the U.S. Trustee, and the Committee for payment of the fees incurred and expenses to be reimbursed for that month.  Such parties shall have fourteen (14) days to review and dispute any such invoice submitted by Elementus, and if no such disputes are received, the Debtors shall be authorized to pay such Elementus invoices without any further order of the Court.  If any party does dispute an invoice, the Debtors shall withhold the payment of the portion of the invoice that is disputed and promptly pay the remainder.  All objections that are not resolved shall be preserved and presented to this Court for determination at an appropriate time.

9.      Elementus shall use its best efforts to avoid any duplication of services provided by any of the Committee's other retained professionals in these chapter 11 cases.

10.     ~~5.~~Notwithstanding anything to the contrary in ~~this Order and any provision to the contrary in~~ the Application ~~or the~~and/or Engagement Letter, ~~the Office of the United States Trustee for the Southern District of New York shall have the right to object to Elementus' request for compensation and reimbursement based on the reasonableness standard provided in section 330 of the Bankruptcy Code.~~ Elementus is hereby authorized to keep reasonably detailed time records in half-hour increments and will submit, with any interim or final fee application, together with the time records, a narrative summary, by project category, of services rendered and will identify each professional rendering services, the category of services rendered and the amount of compensation requested.

~~6. The Indemnity Provisions set forth in the Engagement Letter are approved, subject during the pendency of these Chapter 11 Cases to the following:~~

11.     Notwithstanding anything to the contrary in the Application, or Engagement Letter or the Terms and Conditions (the "**Terms**"), the Terms are modified as followed:

AMERICAS 117009516 v1

a. Paragraphs 7 and 8.1(a), 8.1(b), 8.2, and 8.3 of the Terms are inapplicable.

b. a. All requests for payment of indemnity, contribution, or otherwisereimbursement pursuant to the Engagement Letter shall be made by means of an application (interim or final fee applicationas the case may be) and shall be subject to the approval of, and review by, the Court to ensure that such payment of such indemnity, contribution or reimbursement conforms to the terms of the Engagement Letter, the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and the orders of this Court, and Terms (as modified and restated by this Order) and is reasonable based onupon the circumstances of the litigation or settlement in respect of which indemnity, contribution or reimbursement is sought; provided that, however, in no event shall any personElementus be indemnified or receive contribution to the extent the Court determines by final order that any claim arose or expense has resulted from any such losses finally judicially determined by a court of competent jurisdiction to have primarily resulted from the bad faiththe bad-faith, self-dealing, breach of fiduciary duty, if any, gross negligence, or willful misconduct on the part of that or any other Indemnified PersonsElementus;

b. In no event shall any Indemnified Person be indemnified or receive

contribution or other payment under the Indemnity Provisions to the extent

the Debtors or a representative of the estate asserts a claim for, and the

Court determines by final order that such claim primarily arose out of,

such Indemnified Person's bad-faith, self-dealing or breach of fiduciary

duty (if any), gross negligence, or willful misconduct; and

c. In the event that any Indemnified PersonElementus seeks reimbursement from the Debtors for attorneys' fees and expenses in connection with a request for payment of indemnity, contribution or reimbursement pursuant to the Engagement Letter or the Terms (as modified and restated by this Order), the invoices and supporting time records from such attorneys shall be annexed toincluded in Elementus' own applications, both application (interim andor final, as the case may be) and such invoices and time records shall be subject to the U.S. TrusteeFee Guidelines and the approval of the Court pursuant tounder the standards of sections 330 and 331 of the Bankruptcy Code without regard to whether such attorneys haveattorney has been retained under section 327 of the Bankruptcy Code. and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code;

6

d. Elementus shall not be entitled to reimbursement by the Debtors for any fees, disbursements and other charges of Elementus' counsel other than those incurred in connection with a request of Elementus for payment of indemnity, retention of the Elementus and preparation of fee applications;

e. In no event shall Elementus be entitled to indemnification, contribution, exoneration, reimbursement of attorneys' fees or expenses, limitation on liability or allocation or apportionment of damages, indemnified or exonerated if the Debtors or representatives of the estates assert a claim, to the extent the Court determines by final order that such claim for indemnity arose out of Elementus' own bad-faith, self-dealing, breach of fiduciary duty, gross negligence, or willful misconduct on the part of Elementus; and

f. There shall be no limitation of liability of Elementus, or allocation or apportionment of damages, with respect to a claim or expense to the extent the Court determines by final order that the indemnification, contribution or reimbursement on account of such claim or expense has resulted from the bad-faith, self-dealing, breach of fiduciary duty, gross negligence or willful misconduct on the part of Elementus.

12.     7. To the extent that the Application is, Galka Declaration or Engagement Letter are inconsistent with this Order, the terms of this Order shall govern.

13.     Notwithstanding any provision to the contrary in the Engagement Letter or Terms or Conditions, any dispute relating to the services provided by Elementus shall be referred to arbitration consistent with the terms of the Engagement Letter only to the extent that this Court does not have, retain or exercise jurisdiction over the dispute, and 28 U.S.C. § 1334(e)(2) shall govern the form for resolving fee disputes.

14.     No agreement or understanding exists between Elementus and any other person, other than as permitted by section 504 of the Bankruptcy Code, to share compensation received for services rendered in connection with these cases,

AMERICAS 117009516 v1

nor shall Elementus share or agree to share compensation received for services rendered in connection with these cases with any other person other than as permitted by section 504 of the Bankruptcy Code.

15.    8. Notice of the Application as provided therein shall be deemed good and sufficient notice of the Application.

16.    9. The Committee and the Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

17.    10. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

18.    11. This Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order and the Fee Structure.

Dated: _____, 2022
New York, New York

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

AMERICAS 117009516 v1