WILLIAM K. HARRINGTON
United States Trustee
U.S. Department of Justice
Office of the United States Trustee
201 Varick Street, Room 1006
New York, NY 10014
Tel. (212) 510-0500
By:    Shara Cornell
       Trial Attorney

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------  x
*In re*                                    :    Chapter 11
                                           :
CELSIUS NETWORK LLC., *et al.*,[1]          :    Case No. 22-10964 (MG)
                                           :
                         Debtors.          :    (Jointly Administered)
------------------------------------------------  x

## NOTICE OF PRESENTMENT OF ORDER APPOINTING INDEPENDENT FEE EXAMINER AND ESTABLISHING RELATED PROCEDURES FOR THE REVIEW OF FEE APPLICATIONS OF RETAINED PROFESSIONALS

**PLEASE TAKE NOTICE** that the annexed **Order Appointing Independent Fee Examiner and Establishing Related Procedures for the Review of Fee Applications of Retained Professionals** (the "**Proposed Fee Examiner Order**") will be presented for signature to the Honorable Martin Glenn, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York (the "**Court**") for approval and signature on **October 20, 2022 at 10:00 a.m. (prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that annexed hereto is the *Declaration of Disinterestedness by Judge Christopher Sontchi* (the "**Declaration**").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

1

**PLEASE TAKE FURTHER NOTICE** that, unless a written objection to the Proposed Fee Examiner Order is served and filed with proof of service with the Clerk of the Court, and a courtesy copy is delivered to the undersigned and to the chambers of the Honorable Martin Glenn, so as to be received by **October 19, 2022 at 4:00 p.m. (prevailing Eastern Time)**, there will not be a hearing to consider the Proposed Fee Examiner Order, and such Proposed Fee Examiner Order may be signed and entered by the Court.

**PLEASE TAKE FURTHER NOTICE** that, if a written objection is timely filed and served with respect to the Proposed Fee Examiner Order, a hearing (the "**Hearing**") will be held to consider the Proposed Fee Examiner Order before the Court at the United States Bankruptcy Court on a date to be announced.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing and a failure to appear may result in relief being granted upon default.

**PLEASE TAKE FURTHER NOTICE** that copies of the Proposed Fee Examiner Order and the Declaration may be obtained free of charge by visiting the website of Stretto LLC at https://cases.stretto.com/Celsius/. You may also obtain copies of any pleadings by visiting the Bankruptcy Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

Dated: New York, New York
October 19, 2022

                        **WILLIAM K. HARRINGTON**
                        **UNITED STATES TRUSTEE, REGION 2**

                  By:      */s/ Shara Cornell*
                           Shara Cornell, Esq.
                           Trial Attorney
                           201 Varick Street, Suite 1006
                           New York, New York 10014

*Agreed to by:*

/s/ *Gregory F. Pesce*
**White & Case LLP**
David M. Turetsky
Samuel P. Hershey
Keith H. Wofford
1221 Avenue of the Americas
New York, New York 10020
Telephone:    (212) 819-8200
Facsimile:    (212) 354-8113
Email:  david.turetsky@whitecase.com
          sam.hershey@whitecase.com
          kwofford@whitecase.com

-and-

**WHITE & CASE LLP**
Michael C. Andolina (admitted *pro hac vice*)
Gregory F. Pesce (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60654
Telephone:    (312) 881-5400
Facsimile:    (312) 881-5450
Email:  mandolina@whitecase.com
          gregory.pesce@whitecase.com

-and-

**WHITE & CASE LLP**
Aaron E. Colodny (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, California 90012
Telephone:    (213) 620-7700
Facsimile:    (213) 452-2329
Email:  aaron.colodny@whitecase.com

*Counsel to the Official Committee of Unsecured Creditors*

/s/ *Joshua A. Sussberg*
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:  jsussberg@kirkland.com

- and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:  patrick.nash@kirkland.com
          ross.kwasteniet@kirkland.com
          chris.koenig@kirkland.com
          dan.latona@kirkland.com

*Counsel to the Debtors and Debtors in Possession*

## Exhibit A

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------- x
*In re*                                     :     Chapter 11
                                            :
CELSIUS NETWORK LLC., *et al.*,[1]          :     Case No. 22-10964 (MG)
                                            :
                             Debtors.       :     (Jointly Administered)
------------------------------------------------- x

### ORDER APPOINTING INDEPENDENT FEE EXAMINER AND ESTABLISHING RELATED PROCEDURES FOR THE REVIEW OF FEE APPLICATIONS OF RETAINED PROFESSIONALS

Upon consideration of the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals [ECF No. 521] (the "Interim Compensation Order") entered by the Court in these cases; upon further consideration that the size and complexity of these jointly administered chapter 11 cases will result in the filing of numerous, lengthy and complex professional fee applications; upon the Court's conclusion that the appointment of a fee examiner (the "Fee Examiner") under Bankruptcy Code section 105 appears to be in the best interests of the Debtors, their estates and creditors, and other parties-in-interest; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and this matter being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and upon the affidavit of disinterestedness of Judge Christopher Sontchi (the "Fee Examiner"), dated October 18, 2022;

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

and good and sufficient cause appearing therefor; it is hereby,

FOUND AND DETERMINED THAT:

A.      The Debtors commenced voluntary cases under chapter 11 of the Bankruptcy

Code on July 13, 2022 (the "Petition Date").

B.      The Debtors' chapter 11 cases are being jointly administered for procedural

purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure. [ECF

No. 53].

C.      On July 27, 2022, the United States Trustee appointed an official committee of

unsecured creditors (the "Official Committee") [ECF No. 241].

D.      On August 17, 2022, the Court entered the Interim Compensation Order.

E.      On September 29, 2022, the United States Trustee appointed an examiner pursuant

to Bankruptcy Code section 1104(d) (the "Examiner") and on the same date the Court entered an

order approving such appointment [ECF Nos. 920, 923].

F.      Given the size and complexity of these chapter 11 cases, the United States

Trustee proposed that the Court authorize the appointment of an independent Fee Examiner to

review and report, as appropriate, the monthly fee statements filed in accordance with the

Interim Compensation Order and all interim and final applications for allowance of

compensation and reimbursement of expenses filed by retained professionals retained or

appointed pursuant to Bankruptcy Code sections 105, 327, 1103, 1104 or similar authority or

otherwise requesting compensation and/or reimbursement of expenses on an interim basis

pursuant to the Interim Compensation Order (the "Retained Professionals"), in accordance

with Bankruptcy Code sections 327, 330, and 331 and the Interim Compensation Order

(collectively, the "Applications"), and the Debtors and the Official Committee have consented

to such proposal on the terms set forth herein.

G.      For the purposes of this Order, the term "Retained Professionals" (i) shall

specifically include (a) any and all professionals in these cases requesting compensation

and/or reimbursement of expenses on an interim basis pursuant to Bankruptcy Code sections

327, 330, 331, or 1103, (b) the Examiner and all professionals retained by the Examiner, (c)

each professional subject to the *Order Authorizing Debtors to Employ Professionals Used in*

*the Ordinary Course of Business* Nunc Pro Tunc *to the Petition Date* [ECF No. 519] (as may

be amended or supplemented from time to time, the "Ordinary Course Professionals Order")

whose fees exceed the Case Cap (as defined in the Ordinary Course Professionals Order)

applicable to such professional, solely with respect to the fees of such professional that

exceed such Case Cap, and (d) any and all professionals of any official committee of

preferred equity holders, if one is appointed.

H.      For purposes of this Order, the term "Retained Professionals shall exclude (a)

professionals retained pursuant to sections 328 and 363 of the Bankruptcy Code, (b) ordinary

course professionals employed by the Debtors pursuant to the Ordinary Course Professionals Order

whose fees do not exceed the Case Cap, and (c) any requests for compensation submitted

pursuant to Bankruptcy Code sections 503(b)(3) or 503(b)(4), and/or for making a substantial

contribution to these chapter 11 cases.

I.      Judge Christopher Sontchi, the proposed Fee Examiner, is a "disinterested

person" as that term is defined in 11 U.S.C. § 101(14).

IT IS HEREBY ORDERED THAT:

1.      The Court hereby appoints Judge Christopher Sontchi to serve as

independent fee examiner (the "Fee Examiner") in these cases, subject to the terms and

conditions of this Order and of the Interim Compensation Order, as modified herein.

2.     In the performance of his duties and powers as provided in this Order, the Fee Examiner shall enjoy the maximum immunity permitted by law from all manner of claims, demands, suits, or civil actions for all acts taken or omitted by him.  Any and all claims, demands, suits, or civil actions not brought or asserted against the Fee Examiner prior to the thirtieth (30th) calendar day after entry of an order determining the last final fee Application in these cases pursuant to Bankruptcy Code section 330 shall be barred forever and discharged, and all persons and entities shall be enjoined from prosecuting such claims in any manner thereafter. No person or entity shall seek discovery from the Fee Examiner, subpoena the Fee Examiner as a witness, or commence an action against the Fee Examiner in connection with his duties or powers hereunder except in this Court and with the prior approval of this Court, which retains exclusive jurisdiction therefor.

3.     The Fee Examiner may retain attorneys and other professionals, assistants, or consultants to the extent he deems it necessary to discharge his duties.  The Fee Examiner's retention of professionals shall be subject to Court approval under standards equivalent to Bankruptcy Code section 327, after notice and opportunity for hearing pursuant to Local Rules of this Court.

4.     The fees and expenses of the Fee Examiner and any Court-approved attorneys and professionals for the Fee Examiner shall be subject to application and review pursuant to Bankruptcy Code section 330 and shall be paid from the Debtors' estates as an expense of administration under Bankruptcy Code section 503(b)(2) and in accordance with the procedures in the Interim Compensation Order.  The Fee Examiner's compensation shall not be contingent, dependent or based on any element of success or result.  The Fee Examiner's

fees and expenses shall be subject to the information detail requirements set forth in Local

Rule 2016-1 and the applicable United States Trustee Appendix B Guidelines for

Compensation.

5.      Except as otherwise provided herein, the scope of the Fee Examiner's duties

and responsibilities shall encompass all interim and final Applications submitted after the

effective date of this Order by the Retained Professionals.  Unless the Court orders otherwise,

the scope of the Fee Examiner's duties and responsibilities shall not extend to any requests for

compensation submitted pursuant to Bankruptcy Code sections 503(b)(3) or 503(b)(4), and/or

for making a substantial contribution to these chapter 11 cases.

6.      Except as provided in Paragraph 5 above, the Fee Examiner shall review and

assess all Applications filed by Retained Professionals, and the fees and reimbursement of

expenses for which allowance is sought pursuant to the Applications for compliance with

(1) Bankruptcy Code sections 329, 330 and 331, as applicable, (2) Rule 2016 of the Federal

Rules of Bankruptcy Procedure, (3) the Interim Compensation Order (as amended herein),

and (4) Local Bankruptcy Rule 2016-1 and the applicable guidelines for compensation.  The

Fee Examiner is further authorized and shall have standing before the Court:

      (a) to prepare reports (as discussed in further detail below) for the Court to aid in the review and approval of interim and final fee Applications, which may include such matters as the efficiency and reasonableness of staffing and expenses and the appropriateness of periodic increases in hourly rates;

      (b) to require applicants for compensation to provide him such supplemental information as he may reasonably require in order to evaluate the reasonableness of any particular fee item; *provided*, however, that nothing herein shall require a Retained Professional to provide any information that would disclose privileged information, work product or anything (including potential strategies) that in the Retained Professional's reasonable discretion could be damaging or prejudicial to its clients (collectively, "Privileged Information"); *provided*, for the

5

avoidance of doubt, that a professional's general discussion of projects and tasks without reference to confidential details shall not be considered a waiver of any privilege or discovery immunity; *provided further*, if a Retained Professional or its client does provide Privileged Information to the Fee Examiner, the Fee Examiner shall treat such information as confidential and the disclosure of such information to the Fee Examiner shall not be deemed to be a waiver by the disclosing party of any applicable work product, attorney-client, or other privilege;

(c) to conduct such discovery as may be pertinent and necessary to the performance of his other duties and responsibilities after first securing approval of this Court, which may be granted only upon notice to all interested parties and opportunity for hearing, and the Court retains exclusive jurisdiction over all matters relating to such discovery; and

(d) subject to the completion of the procedures set forth in Paragraph 7 for submission of a Preliminary and Final Report (each as defined below) with respect to the applicable fees or expenses, to object to the allowance of fees or expenses sought by any Retained Professional in a fee application on the same grounds as any party in interest in this case, including based on the reasonableness standard provided in Bankruptcy Code § 330.

Notwithstanding these enumerated powers, the Court shall have the final role in evaluating or judging the legal or factual merits of any papers filed or positions taken by parties in interest or their Retained Professionals, but this restriction shall not limit the ability of the Fee Examiner to consider the factors set forth in Bankruptcy Code sections 330(a)(3)(C) and (D) in his evaluation of Applications.

7.      The Fee Examiner shall review the Applications filed by each Retained Professional. To the extent practicable, the Fee Examiner shall avoid duplicative review when reviewing (1) interim fee Applications comprised of monthly fee statements and (2) final fee Applications comprised of interim fee Applications that have already been reviewed by the Fee Examiner. After reviewing each Retained Professional's Application, the Fee Examiner shall:

(a) within thirty (30) days after a Retained Professional files an Application (or in the case of interim fee applications filed prior to entry of this Order, 30 days following service of such interim fee applications on the Fee Examiner), prepare a report on each Application (each, a "<u>Preliminary Report</u>") for which the Fee Examiner has a potential issue or objection, and serve any such Preliminary Report on the Retained Professional. The Fee Examiner's Preliminary Report shall quantify and present information relevant to whether the requested fees, disbursements, and expenses meet the applicable standards of Bankruptcy Code section 330 and Local Rule 2016-1. These Preliminary Reports are to be treated as part of settlement discussions with the Retained Professionals and, as such, shall not be discoverable. The contents of the Preliminary Report shall be maintained in confidence by such parties (other than the United States Trustee) until such time as the Fee Examiner incorporates all or any content of the Preliminary Report into a Final Report in accordance with Paragraph 7(c) below.

(b) within 14 days after service of the Preliminary Report, engage in written communication with each Retained Professional, the objective of which is to resolve matters raised in the Preliminary Report and endeavor to address and resolve, to the mutual satisfaction of the Fee Examiner and the Retained Professional, any issues identified or to amend its Application in a Preliminary Report.

(c) after a reasonable opportunity to resolve the issues identified in the Preliminary Report or amend the Application, file a final report or objection (the "<u>Final Report</u>") with the Court and note any remaining objections to the Application. The Retained Professional may file a reply to the Final Report. The Final Report shall be in a format designed to quantify and present information relevant to whether the requested fees and expenses of each Retained Professional meet the applicable standards of Bankruptcy Code section 330 and Local Rule 2016-1. The Final Report shall also inform the Court of any proposed consensual resolutions of the fee or expense reimbursement request for each Retained Professional and the basis for such proposed consensual resolution.

(d) The Fee Examiner shall file his Final Report at least ten (10) days before the hearing date on the relevant Application and shall serve a copy on the United States Trustee, counsel to the Debtors, counsel to the Official Committee and all Retained Professionals.

8.      Any of the periods set forth above may be extended with the consent of the Fee Examiner and the applicable Retained Professional.  Nothing herein shall be construed or interpreted to require the filing of Final Reports on all Applications prior to any Application and the Final Report specific thereto being considered by the Court, and the delay or adjournment of consideration of an Application shall not affect the timing of hearings on the Applications of other Retained Professionals.

9.      The Fee Examiner, the Debtors, the Official Committee and the Retained Professionals shall use best efforts to have undisputed portions of Applications both allowed by the Court and paid as soon as reasonably practicable, even if a Contested Amount remains disputed and subject to the procedures set forth above.

10.     All Retained Professionals (including attorneys, the Examiner, financial advisors, auditors, and claims consultants, but excluding all professionals retained pursuant to Bankruptcy Code Sections 328 and 363) shall cooperate with the Fee Examiner in the discharge of the Fee Examiner's duties and shall, subject to the qualification set forth in Paragraph 6(b) above with respect to privileged matters or work product, promptly respond to any reasonable request for information from the Fee Examiner.

11.     Nothing contained herein shall affect the right, if any, of any party in interest in these cases to object or otherwise respond to any interim fee Application or monthly request for compensation and reimbursement of expenses, including those of the Fee Examiner. Nothing herein shall affect any party's right to request a waiver of the requirements of Local Rule 2016-1 or the applicable Guidelines for Compensation and the requirements under Bankruptcy Code section 330, to the extent they apply.  Nothing herein shall alter or modify prior orders governing the retention of professionals.

12.     Any communication between the Fee Examiner (or any agent thereof) and any Application Recipient, as defined in the Interim Compensation Order, as amended by this Order (or any agent thereof) that pertains to the fees or expenses of any Retained Professional of another Application Recipient shall be in writing and copies thereof shall be sent to the Retained Professional whose fees or expenses are the subject of such communication, at the same time and by the same means as the communication between the Fee Examiner or the Application Recipient.

13.     The Application Recipients, as defined in the Interim Compensation Order, as amended by this Order, are authorized and empowered to take any and all actions necessary to implement and effectuate the terms of this Order, but only to the extent such actions are not inconsistent with the express terms of the Order.

14.     The Interim Compensation Order is hereby modified as follows:

(a) The Fee Examiner is designated as an additional Application Recipient entitled to receive monthly fee statements, and provide objections if appropriate, under the Compensation Procedures set forth in the Interim Compensation Order.

(b) No later than three (3) business days after the filing of each Application, the Retained Professional shall send to the Fee Examiner via electronic mail the Application, including the fee detail containing the time entries and the expense detail ("Fee Detail") in searchable electronic format (Word, LEDES, Excel or PDF format).

(c) A Retained Professional need not send to the Fee Examiner the electronic-formatted Fee Detail for any (i) Interim Fee Application if such Retained Professional has previously submitted the relevant Fee Detail with the applicable Monthly Fee Statement or otherwise or (ii) final fee Application if such Retained Professional has previously submitted the relevant Fee Detail with the applicable Interim Fee Application or otherwise. If any Retained Professional cannot reasonably convert its Fee Detail to the electronic format described above, the Fee Examiner will work with such Retained Professional to find an appropriate electronic format.

12.     All previously filed Applications and related Fee Details shall be provided to the Fee Examiner by each Retained Professional within 20 days of entry of this Order.  All previously filed Applications, all future Applications, and all other documents, notices or pleadings required to be sent to or served upon any Application Recipient under the Interim Compensation Order on and after the date hereof shall be served upon the Fee Examiner: The Honorable Christopher S. Sontchi, Delaware ADR, P.O. Box 7908, Wilmington, Delaware 19803; Email: christopher.sontchi@delawareadr.com.[3]

13.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry and shall remain in effect unless and until the Court orders otherwise.

14.     To the extent there is any inconsistency between the terms of any professional's retention agreement and this Order, the term of this Order shall govern.

15.     The Court retains jurisdiction to enforce, modify or vacate this Order after hearing upon not less than fourteen (14) days' notice to the Fee Examiner, the Debtors, the Official Committee, the Ad Hoc Committees, the Examiner, and the United States Trustee. Notwithstanding any provisions of this Order to the contrary, the Court retains ultimate authority to determine whether fees and expenses requested by any Retained Professional are necessary and reasonable under Bankruptcy Code section 330.

DATED this _____

_____
The Honorable Martin Glenn
United States Bankruptcy
Judge

---

[3] The Fee Examiner shall also be deemed to have filed a request for notice of papers filed in the chapter 11 cases under Bankruptcy Rule 2002 and the Fee Examiner shall be served with all such papers.