**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>CELSIUS NETWORK LLC, et al.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 22-10964 (MG)<br><br>Jointly Administered |

**DECLARATION OF TODD DUCHENE IN SUPPORT OF
CORE SCIENTIFIC, INC.'S MOTION FOR ENTRY OF AN ORDER
AUTHORIZING REDACTION OF CERTAIN INFORMATION AND FILING OF
CERTAIN DOCUMENTS UNDER SEAL PURSUANT TO SECTION 107(b) OF THE
BANKRUPTCY CODE, RULE 9018 OF THE FEDERAL RULES OF BANKRUPTCY
PROCEDURE AND LOCAL BANKRUPTCY RULE 9018-1 IN CONNECTION WITH
CORE SCIENTIFIC, INC.'S FORTHCOMING OBJECTION TO DEBTORS' MOTION
TO ENFORCE THE AUTOMATIC STAY AND FOR CIVIL CONTEMPT AND CORE
SCIENTIFIC INC.'S MOTION SEEKING AFFIRMATIVE RELIEF**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

I, Todd DuChene, declare under penalty of perjury:

1.  I am the Executive Vice President, Corporate Secretary, General Counsel, and Chief Compliance Officer for Core Scientific, Inc. ("**Core**"). I submit this Declaration in support of Core's *Ex-Parte Motion of Core Scientific, Inc. for Entry of an Order Authorizing Redaction of Certain Information and Filing of Certain Documents Under Seal Pursuant to Section 107(b) of the Bankruptcy Code, Rule 9018 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 9018-1 in Connection With Core Scientific Inc.'s Forthcoming Objection to Debtors' Motion to Enforce the Automatic Stay and for Civil Contempt and Core Motion Seeking Affirmative Relief* (the "**Sealing Motion**").[2] The facts set forth in this declaration are based on my own personal knowledge and my review of relevant Confidential Exhibits and Core's books and records that are maintained and used in the ordinary course of Core's business.

2.  In my positions at Core, I am responsible for, among other things, legal and compliance issues involving Core's business and, at a general level, its relationship with its customers. In that capacity, I am generally familiar with the Confidential Exhibits and Core's policy of protecting confidential business information.

3.  During my review of the Core Pleadings and the Confidential Exhibits, it became apparent that highly sensitive competitive information is included in the Confidential Exhibits. Although certain information contained in the Confidential Exhibits is needed to advance the arguments Core makes in the Core Pleadings, Core would be irreparably harmed if the Confidential Information contained therein was included on the public docket and available to competitors in

---

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Sealing Motion.

the cryptocurrency space. Such information includes, but is not limited to, highly sensitive and confidential business information such as customer invoices and competitive sales data.

4. Public disclosure of the Confidential Information would place Core at a competitive disadvantage. The Confidential Information is contained in two separate emails from Core to a variety of customers in which Core seeks payment from its customers under various purchase orders. The information to be redacted identifies the customer by name and provides specific invoice amounts for specific invoices and totals owed. The Confidential Information is not only confidential business information to Core, as it shows how much each of our customers owed, but it is also confidential information to the specific customer. Disclosure of that information to the public would provide all of Core's other customers with knowledge relating to what their competitors were paying Core for services and would provide those customers with a competitive advantage in their negotiations with Core.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on October 19, 2022, at Austin, Texas.

/s/ Todd DuChene
Todd DuChene