| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT** | Chapter 11 Case No. 22-10964 (MG) |
| **SOUTHERN DISTRICT OF NEW YORK** | (Jointly Administered) |

In re CELSIUS NETWORK LLC, *et al*[1].

# DANIEL A. FRISHBERGS' PARTIAL JOINDER TO EXAMINER'S MOTION TO CONFIRM EXAMINATION SCOPE OR ALTERNATIVELY FOR EXPANSION OF THE SCOPE OF THE EXAMINATION

Daniel A. Frishberg, a *Pro Se* filer, respectfully moves to partially join Shoba Pillay, the duly appointed Examiner, in support of her motion; expanding the examination topics, and to take account of the concerns of the Debtors' customers expressed in their *Pro Se* filings.

## INTRODUCTION

In its Order directing the appointment of an Examiner, the Court directed the Examiner to "review the *pro se* filings related to the [Examiner] Motion, to consider whether any revisions to the Scope [of her examination] are appropriate." (*See Order Directing the Appointment of an Examiner Pursuant to Section 1104(c) of the Bankruptcy Code* [Dkt. 820] (the "**Examiner Order**") ¶ 16.) Immediately following her appointment, the Examiner began her review of the more than 400 pro se filings on the docket, including those that continue to be filed, such as my motions (Dkt. 1052 and 1041).

## BACKGROUND

1. On July 13, 2022 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors have continued to operate their businesses and manage their affairs as debtors and debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code.

2. On July 27, 2022, the U.S. Trustee appointed an Official Committee of Unsecured Creditors (the "**Committee**")

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

   3. On October 10th, 2022, Daniel A. Frishberg sent the UCC a copy of his Motions[2]. It should be noted that the Motions had the suggested hearing date of October 20th, 2022, and a suggested Objection Deadline of October 17th, 2022. At the time they responded, with a no comment, and a reservation of all rights. They did not raise any issues with the timing of the hearing/objection deadline at the time. (See Exhibit A for the email)

   4. On October 11th, 2022 (at about 1:28 a.m EST), Daniel A. Frishberg served notice[3] upon all relevant parties, including the US Trustee, UCC, and Debtors/Chambers.

   5. On October 11th, 2022, Daniel A. Frishberg emailed Debtors counsel to request that they put his Motions on the agenda for the October 20th, 2022 hearing. They said that they noted his request, and made no objections or raised any issues with the timing of the hearing/objection deadline (at the time).

   6. On October 18th, 2022, at 2 a.m EST, Daniel A. Frishberg emailed Your Honor's Chambers, (with the UCC/US Trustee/Debtors counsel copied), and asked about the status of the hearing, and if it will take place on the 20th.

   7. On October 18th, 2022, at 7:24 a.m EST, counsel for the UCC responded to the email thread, and requested that the court delay setting a hearing date until the UCC can confer with the Debtors counsel (see Exhibit C).

   8. On October 18th, 2022, at 1:38 p.m EST, the Debtors counsel responded (after removing the US Trustee/Chambers) and said that they do not consent to the Motions being heard on the 20th (see Exhibit D).

   9. On October 18th, 2022, at 6:47 p.m EST, Daniel A. Frishberg replied to the email, stating that due to the urgent nature (the over $1.525m being spent daily and the extremely high risk of further dissipation of funds) that he requests the Motions be heard on the October 20th, 2022 hearing. He also stated again that no one had raised any issues with the Motions or timing of them until that day, even though they had over a week to do so.

   10. On October 18th, 2022, at 7:34 p.m EST, counsel for the UCC replied (see Exhibit E), and stated that the hearing should be delayed until November 1st to allow the various parties of interest to consider, and potentially respond to the issues at hand. It should be noted that it took Daniel A. Frishberg less than 3 days to write these Motions, and the parties (with large, expensive legal teams) would have multiple times that time to review the Motions. It should also be noted that the UCC has claimed for months that they are working to cut costs and insider clawbacks, yet they are attempting to delay (and potentially object to) the Motions that would do just that.

   11. On October 18th, 2022, at 8:04 p.m EST, the Debtors counsel replied (see Exhibit F), and stated that the Motions should be heard at the November 1st, 2022 hearing (presumably due

---

[2] They can be found here:
https://cases.stretto.com/public/x191/11749/PLEADINGS/1174910132280000000056.pdf
https://cases.stretto.com/public/x191/11749/PLEADINGS/1174910142280000000048.pdf

[3] Certificate of Service with service list:
https://cases.stretto.com/public/x191/11749/PLEADINGS/1174910182280000000078.pdf

to a short notice). It should be noted that the Debtors counsel (to the best of my knowledge) has bragged about working through the entire night in this very case, in Your Honor's courtroom. It should also be noted that both the UCC's and Debtor's counsel are some of the largest, and best law firms in the world, with their resources (and the amount of money they are being paid) 10 days notice should be sufficient, in my opinion, for such an urgent matter.

## **ARGUMENT**

Daniel A. Frishberg respectfully agrees with everything that the Examiner has stated in her motion (Dkt. 1112), except her reference to clawbacks[4], and how they should not be within her mandate. I respectfully state that the Examiner's scope *should* be **expanded** to include insider clawbacks, and potentially significant cost cutting measures since the UCC is not only **not** making *any* progress on clawbacks and cost cutting measures (in the approximately 3 months that they have existed for), but they are also directly **hindering** efforts by me to compel the Debtors (and the UCC) to do their jobs, and start clawbacks and significant cost cutting measures (which they should have been doing for months, and their inaction *almost* certainly **cost** the *estate hundreds of millions of dollars* already, and is costing more every single day).

I am not surprised that the *Debtors* oppose my motion to compel them to cut costs and start insider clawbacks, since they seem to be doing their best to spend *as much* money as they can to get DIP financing (I can't think of any other reason for their insane actions so far). Even though the Debtor's actions go directly against their fiduciary duties to the creditors. Also, basically everything the Debtors have done before and after the petition is cause to appoint a Bankruptcy Trustee[5].

I am quite shocked that the UCC is not only **not** pursuing clawbacks and forcing the Debtors to cut costs, but they are also directly preventing others from taking action (such as myself). The UCC is supposed to be advocating for the best interests of the *creditors*, not opposing them. I cannot think of a logical argument that the UCC or Debtors can make for failing to start clawbacks against known insiders, and others who have withdrawn their assets based on non-public knowledge. The fact that I, a *18 year old freshman in college* (not even in pre-law), with no legal experience have done more (at least on the docket) to pursue clawbacks (and potentially to cut costs) *than the UCC, which has a massive law fir*m (with over 2,500 lawyers as their counsel pointed out in a hearing) is tragically comedic. They are billing the estate ~$2,000 per hour, I am billing the estate at the *slightly* discounted rate of $0 an hour (so far). And yet the UCC (and Debtors) are actively delaying a critical hearing (and presumably they will object). This goes **directly** against both the Debtors and UCC's *fiduciary* duty. And to

---

[4] "Dkt. 1042 (pro se motion to compel insider clawbacks).] Because the Examiner understands that the Committee has already begun an investigation of those claims, she does not seek to include that within her mandate." https://cases.stretto.com/public/x191/11749/PLEADINGS/1174910192280000000008.pdf
[5] See Exhibit G (which a excerpt from my cost cutting motion):
https://cases.stretto.com/public/x191/11749/PLEADINGS/1174910132280000000056.pdf

add insult to injury, the Debtors and UCC counsel is billing the estate for not only **not** doing what they should be (clawbacks) but actively preventing me from doing so, while charging the estate as well. Both the Debtor's and UCC's counsel's request for payments for any actions taken to **prevent/slowdown** clawbacks and cost cutting measures should be **denied**. I am not a lawyer, but I do not believe it is standard (in any industry) to pay people/companies who actively are *not only* **not** doing **their** jobs, but **preventing** *others* from doing their jobs for them.

Since the UCC seems to be doing everything they can to slow down/stop clawbacks (which is a direct *breach* of their **fiduciary** duty), and cost cutting, the court should order the Examiner to prepare a list for clawbacks, and of cost cutting measures (as I suggested in my Motions).

As some extra incentive for the UCC/Debtor's counsel, they should **not** receive *any* payments until they institute adequate significant cost cutting measures (to be decided upon by the court/Examiner/US Trustee), and **finish** the clawbacks which they should have started as soon as they could after the petition date.

The Examiner should also look into how much damage the inaction of the Debtors counsel/UCC's counsel did to the estate (in terms of wasted expenses, and funds that have been dissipated/laundered/are now out of reach of clawbacks). Then **any** and **all** parties responsible for the inaction (such as **all** the *financial advisors, consultants, and law firms/attorneys*) should be *potentially* ordered ( after a Adversary Proceeding to be conducted by an outside law firm/conflict counsel) to **compensate** the estate for the *irrecoverable* loss of funds that have already been dissipated (and any costs associated with recovering them from the financial advisors, consultants, and law firms/attorneys).

I am not sure if the UCC can even be trusted to adequately represent the interests of the creditors, and a Chief Restructuring Officer Trustee with experience in the crypto industry *may* be the **only** option left to **salvage** this Chapter 11 Bankruptcy and prevent it from converting to a **liquidation**.

Also, the Examiner should investigate if the estate has claims against the lawyers, law firms, consultants, advisors, tax accountants, insiders, and any other parties that helped continue/perpetrate the *alleged* **massive** fraud that was Celsius.

Lastly, the Examiner should be instructed to investigate *if* a **Ponzi Scheme**[6] designation is in the best interests of the *creditors*, and if so, what would be the best clawback route to take. Ironically, I believe even if this was a Ponzi scheme, or otherwise insolvent for years, it is *possible* we could still have a reorganization. There is still an app, and a customer list, and a

---

[6] I am not saying that it is, or that it isn't a Ponzi Scheme, just that the matter should be looked into.

community, after all. Maybe the crypto industry would pay more to make this problem go away, if a **Ponzi Scheme** designation of this scale would be catastrophic to the industry and scare customers away forever. That could help make customers whole.

Respectfully Signed:

/s/<u>Daniel A. Frishberg</u>

Daniel A. Frishberg, *Pro Se*

October 19th, 2022

Exhibit A:



Pesce, Gregory
to Keith, me, Aaron, Samuel, David, Michael

Mon, Oct 10, 2:34 PM (8 days ago)

Daniel,

Thank you for your note. We are not able to comment on specific pleadings you might file.

We will note, however, that (1) the Committee has worked extensively to cut costs and provide creditors with better information regarding the costs of these cases and (2) the Committee has made it clear that it is investigating—and will take action to preserve—claims and causes of action against insiders using the appropriate the procedural frameworks under the Bankruptcy Code.

If you end up filing these motions, we will review them in due course and file any responsive pleadings that are appropriate. As such, we reserve all rights.

Please don't hesitate to contact us in the future.

Best regards,

Greg

Exhibit B:



**Wirtz, Alison**  Oct 11, 2022, 8:52 PM (7 days ago)
to Chris, Dan, me, Patrick, Josh, info@kirkland.com, Susan

Daniel,

Thank you for your email. We will be on the lookout for your motions and note your request to have them heard at the October 20th hearing.

Exhibit C:



**Pesce, Gregory**  7:24 AM (16 hours ago)
to NYSBml_Glenn's_Chambers, USTP.region02@doj.gov, USTPRegion02.NYECF@usdoj.gov, Alison, Patrick, Josh, Aaron, David, Ross, Chris, me

To The Chambers of the Honorable Martin Glenn, Chief United States Bankruptcy Judge:

The Committee's counsel plans to confer with the Debtors' counsel and Mr. Frishberg regarding this matter today.  The Committee respectfully requests that the Court defer setting a hearing regarding this motion until the Committee has the opportunity to do so.

Thank you.

Greg

**Gregory F. Pesce** | Partner

Exhibit D:



**Koenig, Chris**  1:38 PM (10 hours ago)
to #CelsiusRx, me, Ross, Gregory, Aaron, David

Mr. Frishberg - we have conferred with the Committee's counsel regarding your motion.  We do not consent to your motion being heard on 9 days' notice; the applicable bankruptcy rules require 21 days' notice of such hearing.  That said, we would consent to your motion being heard on November 1 (20 days' notice), with an objection deadline of October 28.

Please let us know if that is acceptable to you so we can report back to the Court.

Best,
Chris

**Christopher S. Koenig**

Exhibit E:



**Pesce, Gregory**  7:34 PM (4 hours ago)
to Chris, NYSBml_Glenn's_Chambers, SHARA.CORNELL@usdoj.gov, USTP.region02@doj.gov, USTPRegion02.NYECF@usdoj.gov, #CelsiusRx, Aaron, Ross, David, me

Good evening:

Mr. Frishberg copied Chief Judge Glenn's chambers and the U.S. Trustee on his response to Mr. Koenig's meet and confer message and I am therefore responding to state the Committee's position on the matter.

When Mr. Frishberg contacted the Committee's counsel regarding this matter, the Committee's counsel did not consent to the filing of these motions on shortened notice. The Committee's counsel also informed Mr. Frishberg that the Committee reserved its right to file any responsive pleadings.

The Committee respectfully submits that it is not appropriate under the circumstances to consider these matters at the Thursday, October 20, 2022 hearing. The Committee respectfully proposes that the Court set these matters for hearing at the November 1, 2022 omnibus hearing or any date thereafter when the Court is available. The Committee's proposal would permit the Committee and other parties in interest to fully consider and, if necessary, respond to, the allegations and arguments in Mr. Frishberg's motions.

Thank you, and have a great evening.

Greg

Exhibit F:



**Koenig, Chris**  Tue, Oct 18, 8:04 PM (4 hours ago)
to Gregory, me, NYSBml_Glenn's_Chambers, SHARA.CORNELL@usdoj.gov, USTP.region02@doj.gov, USTPRegion02.NYECF@usdoj.gov, #CelsiusRx, Aaron, Ross, David

Good evening,

The Debtors agree with Mr. Pesce's position on behalf of the Committee with respect to Mr. Frishberg's motion.

The Debtors likewise have not consented to the motion being heard on shortened notice at the omnibus hearing on October 20, 2022, and the Debtors do not believe that Mr. Frishberg has established sufficient cause under the circumstances for the motion to be heard on just 9 days' notice. The Debtors believe that it would be more appropriate for this motion to be heard at the following omnibus hearing on November 1, 2022, or such other date as ordered by the Court.

Kind regards,
Chris

Christopher S. Koenig

Exhibit G (an excerpt from my cost cutting Motion):
Section 1104(a) of the Bankruptcy Code provides:

At any time after the commencement of the case but before confirmation

of a plan, on request of a party in interest or the United States trustee, and

after notice and a hearing, the court **shall** order the appointment of a

trustee—

(1) **for cause, including fraud, dishonesty, incompetence, or gross**

**mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case,** or similar cause, but not including the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor;

(2) i**f such appointment is in the interests of creditors**, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor; or

(3) if grounds exist to convert or dismiss the case under section 1112, but the court determines that the appointment of a trustee or an Examiner is in the best interests of creditors and the estate.

A chapter 11 trustee may be appointed if there is "cause" or if the "appointment is in the interest of creditors, any equity security holders, and other interests of the estate." 11 U.S.C. section 1104(a)(1) and (2). Pursuant to Bankruptcy Code section 1104(a), courts have broad discretion in determining whether to appoint a Chapter 11 trustee, and may even do so *sua sponte. See In re Wings Digital Corp.*, 2005 WL 3789334 at *4 (Bankr. S.D.N.Y. 2005). The party requesting the appointment of a trustee has the burden of proof in demonstrating "cause." *See In re Ionosphere Clubs, Inc.*, 113 B.R. 164, 168 (Bankr. S.D.N.Y. 1990).

Under section 1104(a)(1), the party requesting the appointment of a trustee must

demonstrate **fraud, dishonesty, incompetence or gross mismanagement**[7] of the affairs of the debtor by current management, either before or after the commencement of the chapter 11 case. *See In re Adelphia Communications Corp.*, 342 B.R. 122, 129 (S.D.N.Y. 2006); *In re United States Communications of Westchester, Inc.*, 123 B.R. 491, 495 (Bankr. S.D.N.Y. 1991). Going further, the inquiry into whether "cause" exists for such an appointment is not limited to the enumerated list of fraud, dishonesty, incompetency or gross mismanagement, but extends to "similar cause." Factors which courts have looked to in determining whether to appoint a trustee include:

a. materiality of the misconduct;

b. **evenhandedness or lack of same in dealings with insiders or affiliated entities vis-a-vis other creditors or customers;**

c. the existence of prepetition voidable preferences or fraudulent transfers;

d. **unwillingness or inability of management to pursue estate causes of action;**

e. conflicts of interest on the part of management interfering with its ability to fulfill fiduciary duties to the debtor; and

f. **self-dealing by management or waste or squandering of corporate assets.**

---

[7] The Debtors, in various court filings including declarations effectively admitted to incompetence and gross mismangagment (rather than what may have happened: **fraud**).

*See In re Nartron Corp.*, 330 B.R. 573, 592 (Bankr. W.D. Mich. 2005) (ruling cause included, *inter alia,* failure of debtor to preserve or pursue avoidable transfer for benefit of estate). This is exactly what has happened/is currently happening. The Debtors have spent the past three months of the bankruptcy (and they must have known about the withdrawals, since they had more than a month from when they occurred to the petition date to do due diligence) not pursuing clawbacks. It will likely significantly benefit the estate, and the creditors' recovery to simply appoint a Chief Restructuring Officer Trustee.

Exhibit H: