**HEARING DATE:** October 20 at 10 AM EST
**OBJECTION DEADLINE:** October 19 at 5pm EST (or orally at the hearing)

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT** | Chapter 11 Case No. 22-10964 (MG) |
| **SOUTHERN DISTRICT OF NEW YORK** | (Jointly Administered) |

In re CELSIUS NETWORK LLC, *et al[1]*.

# NOTICE OF HEARING OF DANIEL A. FRISHBERGS' AMENDED MOTION TO COMPEL INSIDER CLAWBACKS BY THE DEBTORS/UCC

**PLEASE TAKE NOTICE** that a hearing on Daniel A. Frishbergs' Motion to Shorten Notice on *Motion for an Order To Compel Insider Clawbacks By The Debtors/UCC.* (the "Notice Motion") will be held on October 20, 2022, at 10:00 a.m., prevailing Eastern Time (the "Hearing"). In accordance with General Order M-543 dated March 20, 2020, the Hearing will be conducted remotely using Zoom for Government. Parties wishing to appear at the Hearing, whether making a "live" or "listen only" appearance before the Court, need to make an electronic appearance through the Court's website at https://ecf.nysb.uscourts.gov/cgibin/nysbAppearances.pl.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the relief requested in the Notice Motion shall: (a) be in writing or **orally** the hearing; (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York, and the Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief [Dkt. 521]; (c) if, in writing, be filed electronically with the Court on the docket of In re Celsius Network LLC, No. 22-10964 (MG) by registered users of the Court's electronic filing system and in accordance with all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York (which are available on the Court's website at http://www.nysb.uscourts.gov); and (d) be served so as to be actually received by October 19, 2022, at 5:00 p.m., prevailing Eastern Time, by (i) the entities

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

on the Master Service List available on the case website of the above-captioned debtors and debtors in possession (the "Debtors") at https://cases.stretto.com/celsius, and (ii) any person or entity with a particularized interest in the subject matter of the Notice Motion.

**PLEASE TAKE FURTHER NOTICE** that only those responses or objections that are timely filed, served, and received, or given orally at the hearing on the 20th, will be considered at the Hearing. Failure to file or assert an objection at or before the hearing may result in entry of a final order granting the Notice Motion, leading my Motion to Compel Insider Clawbacks being heard on the 20th.

**PLEASE TAKE FURTHER NOTICE** that copies of the Notice Motion and other pleadings filed in these chapter 11 cases may be obtained free of charge by visiting the website of Stretto at https://cases.stretto.com/celsius. You may also obtain copies of the Notice Motion and other pleadings filed in these chapter 11 cases by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

Respectfully Submitted:

/s/Daniel A. Frishberg

Daniel A. Frishberg, *Pro Se*, October 19th, 2022.

Hillsborough County, Florida.

**SUGGESTED HEARING DATE:** October 20 at 10 AM EST
**SUGGESTED OBJECTION DEADLINE:** October 17 at 5pm EST

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT** | Chapter 11 Case No. 22-10964 (MG) |
| **SOUTHERN DISTRICT OF NEW YORK** | (Jointly Administered) |

In re CELSIUS NETWORK LLC, *et al*[2].

# DANIEL A. FRISHBERGS' MOTION FOR A ORDER TO SHORTEN NOTICE OF DANIEL A. FRISHBERGS' AMENDED MOTION TO COMPEL INSIDER CLAWBACKS BY THE DEBTORS /UCC

I move for an order, substantially in the form attached as **Exhibit A,** authorizing myself, Daniel A. Frishberg, to present *Daniel A. Frishbergs' Motion For A Order To Shorten Notice Of Daniel A. Frishbergs' Amended Motion To Compel Insider Clawbacks By The Debtors/UCC* [Dkt. 1052] (the "Clawback Motion") on shortened notice so that it may be heard at the October 20, 2022 hearing. In support of this Motion, Daniel A. Frishberg respectfully states and represents as follows:

---

[2] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

**Authority**

This Motion is made pursuant to the Case Management Order, which provides that a party may seek relief from this Court on an expedited basis.

**Background**

1. On October 10th 2022, Daniel A. Frishberg sent a copy of the "Clawback Motion" to the UCC's counsel. The motion had the *suggested* hearing date/objection deadline at the top. Their response is attached in Exhibit B.

2. On October 11th, 2022, at or around 1:28 a.m EST; Daniel A. Frishberg sent notice of his motion to all relevant parties including Chambers, the UCC, the Debtors, and the US Trustee.

3. On October 11th, 2022, at or around 8:52 p.m EST; Daniel A. Frishberg emailed the Debtors' counsel and they said "We will be on the lookout for your motions and note your request to have them heard at the October 20th hearing."

4. On October 18th, 2022, at or around 2 a.m EST; Daniel A. Frishberg emailed Your Honor's Chambers, several attorneys for the Debtors, several attorneys for the UCC and the US Trustee to seek an update to see if the Motions will be heard at the hearing on the 20th of October, 2022.

5. On October 18th, 2022, at 7:24 a.m EST, counsel for the UCC responded to the email thread, and requested that the court delay setting a hearing date until the UCC can confer with the Debtors counsel.

6. On October 18th, 2022, at 1:38 p.m EST, the Debtors counsel responded (after removing the US Trustee/Chambers) and said that they do not consent to the Motions being heard on the 20th.

7. On October 18th, 2022, at 6:47 p.m EST, Daniel A. Frishberg replied to the email, stating that due to the urgent nature (the over $1.525m being spent daily and the extremely high risk of further dissipation of funds) that he requests the Motions be heard on the October 20th, 2022 hearing. He also stated again that no one had raised any issues with the Motions or timing of them until that day, even though they had over a week to do so.

8. 10. On October 18th, 2022, at 7:34 p.m EST, counsel for the UCC replied, and stated that the hearing should be delayed until November 1st to allow the various parties of interest to consider, and potentially respond to the issues at hand. It should be noted that it took Daniel A. Frishberg less than 3 days to write these Motions, and the parties (with *large,* **expensive** legal teams) would have multiple times that time to review the Motions. It should also be noted that the UCC has claimed for months that they are working to cut costs and insider clawbacks, yet they are attempting to delay (and potentially object to) the Motions that would do just that.

9. 11. On October 18th, 2022, at 8:04 p.m EST, the Debtors counsel replied, and stated that the Motions should be heard at the November 1st, 2022 hearing (presumably due to a short notice). It should be noted that the Debtors counsel (to the best of my knowledge) has bragged about working through the entire night in this very case, in Your Honor's courtroom. It should also be noted that both the

UCC's and Debtor's counsel are some of the largest, and best law firms in the world, with their resources (and the amount of money they are being paid) 10 days notice should be sufficient, in my opinion, for such an urgent matter.

### **RELIEF REQUESTED**

Due to the estate burning more than $1.5 million in customer funds PER DAY, this motion is urgent. The Examiner has said that she is not investigating clawbacks because the UCC is pursuing them, yet, the *UCC* is **opposing** consideration of my motion on October 20th. Both the Debtors and the UCC are represented by some of the **largest** and best law firms in the world, and they are being paid extremely well, so I think they should be more than capable of making any argument and responding to my motions in the about 10 days they had. If I can write the motions in less than 3 days (while being in class and a full time student), I am sure some of the best (and best paid) lawyers in the world, with their large law firms and almost limitless resources can file an excellent response in ~10 days.

Bankruptcy Rule 9006(c) provides that the Court, for cause shown, may in its discretion (with or without motion or notice) reduce a period in which an act is required to be performed. Fed. R. Bankr. P. 9006(c) ("[T]he court for cause shown may in its discretion with or without motion or notice order the [notice] period reduced."). *See also* Local Bankr. R. 9006-1 (authorizing the Court, for cause shown, to reduce any notice period); 11 U.S.C. § 105(a) (providing that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code); 11 U.S.C. § 102(1) (explaining that the phrase "after notice and a hearing" requires only such notice and opportunity for a

hearing as may be appropriate under the circumstances). Thus, the Court has the authority to determine appropriate notice for conducting a hearing on the matters presented by me, in my Motions.

Exhibit A:

Upon the *Daniel A. Frishberg's Motion to Shorten Notice* on on his *MOTION TO COMPEL INSIDER CLAWBACKS BY THE DEBTORS/UCC* (the "Motion"); the Court having reviewed the record and finding that notice of the Motion was good and sufficient under the circumstances; the Court having reviewed the Motion and finding good cause to grant the Motion, it is

ORDERED:

1. The Motion is granted to the extent provided herein.

2. Mr. Frishberg may present his Motion to Compel Insider Clawbacks by the Debtors/UCC for hearing, on shortened notice, at the October 20, 2022 hearing.

3. This Court shall retain jurisdiction to resolve any disputes arising or related to this Order including any discovery disputes that may arise between or among the parties and to interpret, implement, and enforce the provisions of this Order.

Exhibit B[3]:

Daniel,

Thank you for your note.  We are not able to comment on specific pleadings you might file.

We will note, however, that (1) the Committee has worked extensively to cut costs and provide creditors with better information regarding the costs of these cases and (2) the Committee has made it clear that it is investigating—and will take action to preserve—claims and causes of action against insiders using the appropriate the procedural frameworks under the Bankruptcy Code.

---

[3] Modified solely by changing double spaced to single spaced.

If you end up filing these motions, we will review them in due course and file any responsive pleadings that are appropriate.  As such, we reserve all rights.

Please don't hesitate to contact us in the future.

Best regards,

Greg