UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>CELSIUS NETWORK LLC, *et al.*,[1]<br><br>                    Debtors. | Chapter 11<br><br>Case No. 22-10964 (MG)<br><br>(Jointly Administered) |

**ORDER GRANTING MOTION OF CORE SCIENTIFIC, INC.
(I) TO COMPEL IMMEDIATE PAYMENT OF ADMINISTRATIVE
EXPENSES, AND (II) (A) FOR RELIEF FROM AUTOMATIC STAY
TO EXERCISE RIGHTS UNDER MASTER SERVICES AGREEMENT AND
RELATED ORDERS, OR (B) IN THE ALTERNATIVE, TO COMPEL ASSUMPTION
OR REJECTION OF MASTER SERVICES AGREEMENT AND RELATED ORDERS**

Upon the motion, dated October 19, 2022 (the "**Motion**"),[2] of Core Scientific, Inc. ("**Core**") for entry of an order (i) compelling immediate payment of administrative expenses, and (ii)(a) granting Core Scientific relief from the automatic stay to exercise all rights and remedies under the Agreement, or (b) in the alternative, compelling assumption or rejection of the Agreement, all as more fully set forth in the Motion; and the Court having conducted a hearing on October [●], 2022 (the "**Hearing**") to consider the issues raised in the Motion; and upon consideration of the *Mares Decl.* (ECF No. [●]), the *Pratt Decl.* (ECF No. [●]), and the *Xia Decl.* (ECF No. [●]) (the "**Declarations**"); and the Court having jurisdiction to consider the foregoing pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

Southern District of New York, dated January 31, 2012 (Preska, C.J.); and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and the Court having considered arguments made in the Motion and at the Hearing; and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon the record of the Hearing and all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED THAT:**

1. Core is granted an allowed administrative expense claim for all outstanding postpetition amounts the Debtor is obligated to pay under the Agreement, which, for the avoidance of doubt, includes all postpetition PPT Charges and interest on all past due amounts calculated at the rate set forth in Section 3(a) of the MSA (the "**Allowed Administrative Claim**").

2. The Debtors shall pay the Allowed Administrative Claim within two (2) business days of entry of this Order.

3. The Debtors shall pay to Core any amounts hereafter arising pursuant to the Agreement in accordance with the terms set forth therein, including the deadlines therein, which, for the avoidance of doubt, includes all PPT Charges.

4. The automatic stay in the Debtors' chapter 11 cases is hereby lifted to permit Core Scientific, Inc. to exercise any and all rights and remedies under the Agreement, including the

2

Effective Termination Right and any termination rights.

    5.    Pursuant to Sections 5(c) and 5(d) of the MSA, respectively:

        a.    In no event will either Core or Celsius be liable to the other for (i) lost profits, (ii) loss of business, (iii) loss of revenues (except that Celsius shall be liable for any fees or other amounts owed to Core under the MSA), (iv) loss, interruption, or use of data, or loss of use of Client Equipment (as defined in the MSA), (v) any consequential or indirect damages, or (vi) cost of cover, any incidental, special, reliance, exemplary, or punitive damages (if applicable), even if advised of the possibility of such damages; and

        b.    Core's total liability to Celsius in the aggregate for the entire Term (as defined in the MSA) (regardless of whether the claims are brought during or after the Term) with respect to all claims arising from or related to the subject matter of the MSA (including, without limitation, attorneys' fees) will not exceed an amount equal to one (1) months fee payable to Core pursuant to the applicable order.

    6.    The relief from stay granted herein shall be effective immediately upon entry of this Order and shall not be stayed under Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.

    7.    The Debtors shall assume or reject the Agreement by November 30, 2022.

    8.    The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

        9.       The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: _____
      New York, New York

                                       _____
                                       HONORABLE MARTIN GLENN
                                       CHIEF UNITED STATES BANKRUPTCY JUDGE