**WHITE & CASE LLP**
David M. Turetsky
Keith H. Wofford
Samuel P. Hershey
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
Email: david.turetsky@whitecase.com
kwofford@whitecase.com
sam.hershey@whitecase.com

**WHITE & CASE LLP**
Aaron E. Colodny (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, California 90071
Telephone: (213) 620-7700
Facsimile: (213) 452-2329
Email: aaron.colodny@whitecase.com

– and –

**WHITE & CASE LLP**
Michael C. Andolina (admitted *pro hac vice*)
Gregory F. Pesce (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone: (312) 881-5400
Facsimile: (312) 881-5450
Email: mandolina@whitecase.com
gregory.pesce@whitecase.com

*Counsel to the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

---

[1] The Debtors in these chapter 11 cases and the last four digits of their federal tax identification number are as follows: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

**OMNIBUS OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO (I) MOTION TO CONSIDER USDC INVESTORS AS SECURED CREDITORS, (II) MOTION TO CONSIDER STABLECOIN CREDITORS AS SECURED CREDITORS, AND (III) MOTION TO CONSIDER TETHERGOLD (XAUT) CREDITORS AS SECURED CREDITORS**

The Official Committee of Unsecured Creditors (the "**Committee**") of the above-captioned debtors and debtors-in-possession (collectively the "**Debtors**") files this omnibus objection to the *Motion to Consider USDC Investors as Secured Creditors* [Docket No. 950] (the "**USDC Motion**"), the *Motion to Consider Stablecoin Creditors as Secured Creditors* [Docket No. 965] (the "**Stablecoin Motion**"), and the *Motion to Consider Tethergold (XAUT) Creditors as Secured Creditors* [Docket No. 990] (the "**Tethergold Motion**" and, together with the USDC Motion and the Stablecoin Motion, the "**Putative Secured Creditor Motions**" and, the parties filing the Putative Secured Creditor Motions, the "**Putative Secured Creditors**") and respectfully states as follows:

**Objection**

1. Stablecoins are a type of cryptocurrency whose per-coin values are intended to equal the value of an associated fiat currency or precious metal. There are two primary types of stablecoins: (1) algorithmic stablecoins, in which the value of the coin is pegged to an asset which may include, among other things, fiat currency through a mathematical code and another coin, and (2) collateralized stablecoins that derive their value from an underlying reserve of assets held by the issuer of the coin, which assets can include fiat currency, precious metals, treasury bonds, securities, cash equivalents, and cryptocurrency.[2] Some collateralized stablecoins provide that the coins are redeemable for the underlying collateral. For instance, Tethergold (XAUt) may be

---

[2] There are also stablecoins that use an algorithm to stay on peg but are over-collateralized by cryptocurrency.

2

redeemed for gold bars.[3]

2. The Putative Secured Creditors assert that collateralized stablecoins should be treated as secured claims against the Debtors. USDC Motion ¶ 1; Stablecoin Motion at 1; Tethergold Motion at 1. The Putative Secured Creditors' claims arise from the Debtors' contractual obligation under the Terms of Use to return coins to account holders that transferred collateralized stablecoins to the Debtors upon such account holders' request, or other causes of action against the Debtors. Those contractual obligations or causes of action are not secured by any lien on the Debtors' assets. Accordingly, the Putative Secured Creditors do not have secured claims against the Debtors.

3. Section 506(a) of the Bankruptcy Code provides that a claim is a secured claim if the creditor has a lien on property in which the estate has an interest. *See* 11 U.S.C. § 506(a). The Bankruptcy Code defines a lien as any "charge against or interest in property to secure payment of a debt or performance of an obligation." 11 U.S.C. § 101(37). Liens must be perfected in accordance with the requirements of the Uniform Commercial Code. *See generally* N.Y. U.C.C. Art. 9. A lien can be avoided as unperfected if the creditor fails to follow these requirements. *E.g.*, *In re Castle Ventures*, 167 B.R. 758, 765 (Bankr. E.D.N.Y. May 17, 1994).

4. The Committee is cognizant of the challenges presented to users by these cases and is working expeditiously to maximize value for account holders. That said, the Putative Secured Creditors do not have liens on or other security interests in any of the Debtors' property that secure their claims against the Debtors. None of the Putative Secured Creditors has identified an agreement or introduced any evidence that would create a secured claim against the Debtors. Nor

---

[3] Tether Operations Limited, *Tether Gold – A Digital Token Backed by Physical Gold* (Jan. 28, 2022), available at https://gold.tether.to/Tether%20Gold%20Whitepaper.pdf at 8 (last visited Oct. 23, 2022).

has any Putative Secured Creditor demonstrated that, if such a security interest exists, it is properly perfected and not subject to avoidance. The obligation of the issuer of the stablecoin to trade the respective coin for collateral (if applicable) is not relevant with respect to the claimants' relationships with the Debtors and, even if it were, that obligation would be a secured obligation of the owner of the token against the issuer, not the Debtors.

5. The Committee therefore respectfully requests that the Court deny the Putative Secured Creditor Motions, as such motions lack any legal or evidentiary basis for the relief requested therein.

**Reservation of Rights**

6. The Committee reserves all of its rights to supplement or amend this Objection, to raise additional issues with the Putative Secured Creditor Motions at the hearing, and to present evidence at the hearing. The Committee reserves all rights with respect to the interests that any party may assert with respect to any stablecoin or any other digital or other asset held by the Debtors.

**Conclusion**

7. WHEREFORE, for the reasons set forth herein, the Committee respectfully requests that the Court deny the relief requested in the Putative Secured Creditor Motions, and grant such other and further relief as may be just and proper.

[*Remainder of page intentionally left blank*]

| | |
|---|---|
| Dated: October 25, 2022<br>New York, New York | Respectfully submitted,<br><br>*/s/ David M. Turetsky*<br>**WHITE & CASE LLP**<br>David M. Turetsky<br>Keith H. Wofford<br>Samuel P. Hershey<br>1221 Avenue of the Americas<br>New York, New York 10020<br>Telephone: (212) 819-8200<br>Facsimile: (212) 354-8113<br>Email: david.turetsky@whitecase.com<br>         kwofford@whitecase.com<br>         sam.hershey@whitecase.com<br><br>– and –<br><br>**WHITE & CASE LLP**<br>Michael C. Andolina (admitted *pro hac vice*)<br>Gregory F. Pesce (admitted *pro hac vice*)<br>111 South Wacker Drive, Suite 5100<br>Chicago, Illinois 60606<br>Telephone: (312) 881-5400<br>Facsimile: (312) 881-5450<br>Email: mandolina@whitecase.com<br>         gregory.pesce@whitecase.com<br><br>– and –<br><br>**WHITE & CASE LLP**<br>Aaron E. Colodny (admitted *pro hac vice*)<br>555 South Flower Street, Suite 2700<br>Los Angeles, California 90071<br>Telephone: (213) 620-7700<br>Facsimile: (213) 452-2329<br>Email: aaron.colodny@whitecase.com<br><br>*Counsel to the Official Committee of Unsecured Creditors* |