| | |
|---|---|
| Joshua A. Sussberg, P.C. | Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*) |
| **KIRKLAND & ELLIS LLP** | Ross M. Kwasteniet, P.C. (admitted *pro hac vice*) |
| **KIRKLAND & ELLIS INTERNATIONAL LLP** | Christopher S. Koenig |
| 601 Lexington Avenue | Dan Latona (admitted *pro hac vice*) |
| New York, New York 10022 | **KIRKLAND & ELLIS LLP** |
| Telephone:   (212) 446-4800 | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Facsimile:   (212) 446-4900 | 300 North LaSalle Street |
| | Chicago, Illinois 60654 |
| | Telephone:   (312) 862-2000 |
| | Facsimile:   (312) 862-2200 |

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**DEBTORS' OMNIBUS OBJECTION
TO (I) NICOLE BARSTOW'S MOTION TO
CONSIDER USDC INVESTORS AS SECURED CREDITORS,
(II) LUCAS HOLCOMB'S MOTION TO CONSIDER STABLECOIN
CREDITORS AS SECURED CREDITORS, AND (III) DOUGLAS SAKER'S MOTION
TO CONSIDER TETHERGOLD (XAUT) CREDITORS AS SECURED CREDITORS**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

**Introduction**

1.  Three individual customers (collectively, the "Movants") of the above-captioned debtors and debtors in possession (collectively, the "Debtors") each filed a motion seeking to classify claims on account of "stablecoin" deposits on the Debtors' platform as secured. *See Motion to Consider USDC Investors as Secured Creditors* [Docket No. 950] (the "Barstow Motion"), *Motion to Consider Stablecoin Creditors as Secured Creditors* [Docket No. 965] (the "Holcomb Motion"), and *Motion to Consider Tethergold (XAUT) Creditors as Secured Creditors* [Docket No. 990] (the "Saker Motion," and together with the Barstow Motion and the Holcomb Motion, the "Motions"). The Movants contend that USD Coin ("USDC") and Tether Gold deposits by account holders on the Debtors' platform give rise to secured claims for such account holders because such deposits are purportedly collateralized by tangible assets. *See* Barstow Motion ¶ 2; Holcomb Motion ¶ 1; Saker Motion ¶ 1.

2.  "Stablecoin" is an umbrella term that refers to cryptocurrency designed to be tied to another currency, commodity, or financial instrument. USDC, for example, is one of the largest stablecoins by market capitalization and purports to be collateralized by a pool of U. S. Dollars, or other cash equivalents, to "peg" its value 1:1 with the U.S. Dollar.[2] Similarly, Tether Gold purports to be collateralized by gold deposits held in vaults overseas to "peg" its value to the price of gold.[3]

3.  The "collateralization" of a stablecoin, however, is unrelated to the classification of a claim as a secured claim under title 11 of the United States Code (the "Bankruptcy Code").

---

[2]  *See* USD Coin (USDC), https://www.forbes.com/digital-assets/assets/usd-coin-usdc/?sh=75f9991d6ef5 (explaining that USDC is "an asset-backed stablecoin pegged to the US dollar at a 1:1 ratio").

[3]  *See* Frequently Asked Questions, https://gold.tether.to/faq (explaining that Tether Gold is backed by gold).

Accordingly, and as more fully set forth herein, the United States Bankruptcy Court for the Southern District of New York (the "Court") should deny the Motions.

### Objection

4. While stablecoins themselves are ostensibly backed by collateral to stabilize their value, to be entitled to secured claims against the Debtors' estates, the Movants must establish that their transactions *with the Debtors* were secured by collateral. The Movants have not met this burden.

5. The "basic federal rule" in bankruptcy is that "state law governs the substance of claims." *Raleigh v. Illinois Dept. of Revenue*, 530 U.S. 15, 20 (2000) (quoting *Butner v. United States*, 440 U.S. 48, 57 (1979)). New York law, which governs the Debtors' current terms of use, provides that "secured parties" are those who have received a security interest pursuant to a security agreement. N.Y. U.C.C. Law § 9-102(a)(73)(A). Similarly, section 506(a) of the Bankruptcy Code provides that "[a]n allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property . . . ." 11 U.S.C. § 506(a)(1); *see also* 11 U.S.C. § 101(37) (defining "lien" as a "charge against or interest in property to secure payment of a debt or performance of an obligation").

6. The Movants contend that because stablecoins are ostensibly "pegged to" or "backed by" tangible assets, customers who deposited stablecoins, including USDC and Tether Gold, on the Debtors' platform should be classified as secured creditors of the Debtors. *See* Barstow Motion ¶ 5 (seeking relief to classify individuals who hold claims on account of USDC deposits on the Debtors' platform as secured creditors); Holcomb Motion ¶ 5 (seeking relief to classify individuals who hold claims on account of stablecoin deposits on the Debtors' platform as secured creditors); Saker Motion ¶ 3 (seeking relief to classify individuals who hold claims on

account of Tether Gold deposits on the Debtors' platform as secured creditors). Such contentions, however, have no legal merit—the Debtors did not provide the alleged collateral and have not entered into security agreements or otherwise granted creditors who deposited stablecoins on the Debtors' platform a security interest in any property of the Debtors' estates. The Movants have not alleged otherwise.

7. Accordingly, the Court should deny the Motions.

## Reservation of Rights

8. This Objection is without prejudice to the rights of the Debtors to object to any claim on any grounds whatsoever. The Debtors expressly reserve all further substantive or procedural objections to the Motions at or prior to any hearing on the Motions. Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of any particular claim against the Debtors, (b) a waiver of the Debtors' rights to dispute or challenge any particular claim on any grounds, including through avoidance and/or recovery actions, (c) a promise or requirement to pay any particular claim, (d) an implication or admission that any particular claim is of a type specified or defined in this objection or any order granting the relief requested by this objection, (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law, or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this objection are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens.

| | |
|---|---|
| New York, New York<br>Dated: October 25, 2022 | */s/ Joshua A. Sussberg*<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C.<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:    (212) 446-4800<br>Facsimile:    (212) 446-4900<br>Email:          jsussberg@kirkland.com<br><br> - and -<br><br>Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)<br>Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)<br>Christopher S. Koenig<br>Dan Latona (admitted *pro hac vice*)<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Telephone:    (312) 862-2000<br>Facsimile:    (312) 862-2200<br>Email:          patrick.nash@kirkland.com<br>                     ross.kwasteniet@kirkland.com<br>                     chris.koenig@kirkland.com<br>                     dan.latona@kirkland.com<br><br>*Counsel to the Debtors and Debtors in Possession* |