<div style="display: flex; justify-content: space-between;">

Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

</div>

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**DEBTORS' OBJECTION AND RESERVATION OF RIGHTS TO**
**VÍCTOR UBIERNA DE LAS HERAS'S MOTION FOR AN ORDER PURSUANT TO**
**BANKRUPTCY RULE 2004 COMPELLING THE PRODUCTION OF DOCUMENTS**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this objection and reservation of rights (this "Objection") in response to the *Motion for an Order Pursuant to Bankruptcy Rule 2004 Compelling the Production of Documents* [Docket No. 1053] (the "Motion") filed by Víctor Ubierna de las Heras ("Movant"). In support of this Objection, the Debtors state as follows:

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

**Preliminary Statement**

1.      The Debtors are already working tirelessly to ensure timely responses to voluminous information requests from various parties in interest in these chapter 11 cases regarding key issues.  More specifically, the special committee of the board of Debtor Celsius Network Limited (the "Special Committee"), the Committee, and Shoba Pillay (the "Examiner"), the examiner appointed by the United States Bankruptcy Court for the Southern District of New York (the "Court"), are each investigating certain aspects of the Debtors' prepetition practices and the events leading up to these chapter 11 cases, and great care has been taken to avoid duplication in these efforts.  Even with these efforts, the diligence requests relating to these investigations require significant time, attention, and resources from the Debtors and their employees.

2.      Allowing Movant to pursue his discovery requests at this time would not only further strain the Debtors' limited resources, but could open the floodgates to a tidal wave of individual *pro se* discovery requests, most of which are likely to be duplicative of work these estate fiduciaries and independent third parties will complete in the coming months.  Using a few of Movant's requests as examples: Movant's discovery requests relate to insiders (*e.g.*, documents regarding "management or insiders . . . withdraw[ing] their money before the Pause" and documents "regarding the corporate expenses for insiders"), which overlap with the Committee's "close scrutiny of transfers to or for the benefit of insiders like Mr. Mashinsky" and the Committee's "wide-ranging investigation of potential claims and causes of action involving the Debtors." *See The Official Committee of Unsecured Creditors' Limited Objection and Reservation of Rights to the Motion of the United States Trustee for Entry of an Order Directing the Appointment of an Examiner* at ¶ 4 [Docket No. 758].  Similarly, Movant's requests for "[a]ny record of transactions after the Pause was instituted" and "[a]ll documents regarding the functioning of internal transfers or the accounting systems and how they are done off chain within

seconds" both risk significant overlap with the Examiner's investigation into "the Debtors' cryptocurrency holdings, including a determination as to where the Debtors' cryptocurrency holdings were stored prepetition and are stored postpetition and whether different types of accounts are comingled." *See Order Directing the Appointment of an Examiner Pursuant to Section 1104(c) of the Bankruptcy Code* [Docket No. 820].

3. Timely responses to diligence requests from the Committee and the Examiner are critical to progressing these chapter 11 cases, including maintaining the negotiated briefing schedule with respect to "custody" and "withhold" issues (the "Custody-Withhold Briefing Schedule"). *See Joint Stipulation and Agreed Scheduling Order by and Among the Debtors, the Committee, and the Ad Hoc Groups with Respect to the Custody and Withhold Issues* [Docket No. 1044]. Adding the burden of responding to individual *pro se* diligence requests could easily be the first domino in the chain, resulting in high costs and delays with little benefit in light of the ongoing investigations, which are likely to result in detailed findings that could resolve—or at least narrow—the issues that the Movant would like to explore.

4. Additionally, the Debtors are in the midst of a full-scale marketing process regarding both their mining assets and the rest of their enterprise, which involves responding to substantial diligence requests from potential purchasers. Timely responses to diligence requests promote bidder engagement, which is key to ensuring that the sales process is value-maximizing.

5. For the reasons stated herein, the Motion should be denied or, alternatively, adjourned until these investigations are completed. In the event that the Court overrules the Objection, the Debtors reserve the right to supplement this Objection and provide briefing and arguments as to the scope of discovery.

Pg 4 of 7

**Objection and Reservation of Rights**

6. Movant does not satisfy his burden of establishing "good cause" for the requested relief. When a court considers a request for discovery under rule 2004 of the Federal Rules of Bankruptcy Procedure ("Rule 2004"), it must first determine whether the discovery sought is for a proper purpose. *In re Enron Corp.*, 281 B.R. 836, 842 (Bankr. S.D.N.Y. 2002). Assuming a movant can identify a proper purpose for its inquiry, courts apply a two-pronged test to determine whether to grant Rule 2004 discovery.

7. First, the moving party must show good cause for the requested discovery by establishing that denial of its request would cause it "undue hardship or injustice." *See In re Metiom, Inc.*, 318 B.R. 263, 268 (S.D.N.Y. 2004). Second, the Court must also "balance the competing interests of the parties, weighing the relevance of and necessity of the information sought by examination." *In re Drexel Burnham Lambert Grp., Inc.*, 123 B.R. 702, 712 (Bankr. S.D.N.Y. 1991); *accord In re Coffee Cupboard, Inc.*, 128 B.R. 509, 514 (Bankr. E.D.N.Y. 1991). Only after the moving party satisfies each prong will a court order Rule 2004 discovery.

8. Where a moving party fails to meet this test, the court has the broad discretion to limit or deny a Rule 2004 request. *See* Fed. R. Bankr. P. 2004 ("On motion of any party in interest, the court *may* order the examination of any entity.") (emphasis added); *In re Bd. of Dirs. of Hopewell Int'l Ins., Ltd.*, 258 B.R. 580, 587 (Bankr. S.D.N.Y. 2001) ("[Rule 2004] giv[es] the Court significant discretion."); *Coffee Cupboard Inc.*, 128 B.R. at 516 (limiting scope of discovery based upon the "tenuous legal basis upon which the trustee might commence actions").

9. Movant does not meet his burden for succeeding on a Rule 2004 request. Movant has requested, among other items, "documents" (defined in the Motion to extend to *any* written data, including e-mails and phone communications) regarding the possibility of Celsius

4

being insolvent between 2019 and 2021, "documents" regarding "a difficulty to pay earn interest to customers," "[a]ll documents regarding the functioning of internal transfers or the accounting system and how they are done off chain within seconds," and "[a]ny record of transactions after the Pause was instituted." Motion at <u>Exhibit B</u>. Each of Movant's twelve requests is similarly broadly drafted.

10. Further, Movant's interests are well-represented, and the issues he raises are being thoroughly investigated already. These investigations encompass, among other things, the storage and movement of coins and potential claims against insiders. As such, any of Movant's requests at this stage pose a significant risk of duplication, and denial (or adjournment) of his requests is unlikely to result in any harm or prejudice. Furthermore, Movant's requests, which cover all "documents" regarding amorphous issues over a period of years (*e.g.*, all documents regarding "the possibility" of Celsius being insolvent in 2019, 2020, and 2021) are broad and onerous, and the burdens to the Debtors' estates in responding would significantly outweigh any incremental benefit to Movant.

11. At this time, the Debtors' diligence efforts are focused on complying with the ongoing investigations and completing their marketing process. The Debtors anticipate that the outcomes of the investigations and the marketing process, in conjunction with the Custody-Withhold Briefing Schedule and the briefing of other legal issues, will provide significant clarity regarding the path forward in these chapter 11 cases, including which legal and factual issues are most relevant. The relief requested by the Motion, and the countless additional requests from other account holders that may follow if the relief requested by the Motion is granted, would be an unnecessary, and likely duplicative, distraction at this critical juncture in these chapter 11 cases.

5

Accordingly, the Motion should be denied or adjourned until after the ongoing investigations are completed (including the filing of the Examiner's final report).

### Reservation of Rights

12. Nothing in this objection is intended or should be construed as (a) an admission as to the validity of any particular claim against the Debtors, (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds, (c) a promise or requirement to pay any particular claim, (d) an implication or admission that any particular claim is of a type specified or defined in this objection or any order granting the relief requested by this objection, (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law, or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this objection are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens.

[*Remainder of page intentionally left blank.*]

| | |
|---|---|
| New York, New York<br>Dated: October 25, 2022 | */s/ Joshua A. Sussberg*<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C.<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:   (212) 446-4800<br>Facsimile:    (212) 446-4900<br>Email:           jsussberg@kirkland.com<br><br> - and -<br><br>Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)<br>Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)<br>Christopher S. Koenig<br>Dan Latona (admitted *pro hac vice*)<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Telephone:   (312) 862-2000<br>Facsimile:    (312) 862-2200<br>Email:           patrick.nash@kirkland.com<br>                     ross.kwasteniet@kirkland.com<br>                     chris.koenig@kirkland.com<br>                     dan.latona@kirkland.com<br><br>*Counsel to the Debtors and Debtors in Possession* |