Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**DEBTORS' OMNIBUS OBJECTION AND RESERVATION OF
RIGHTS TO DANIEL A. FRISHBERG'S REQUESTS FOR RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this objection (this "Objection") to the (i) *Motion to Compel the Debtors to Institute Significant Cost Cutting Measures* [Docket No. 1041] (the "Cost Cutting Motion") and (ii) *Motion to Compel Insider Clawbacks by the Debtors/UCC* [Docket No. 1042] (the "Clawback Motion," and together with the Cost Cutting Motion, the "Motions")[2] filed by Daniel A. Frishberg. In support of this Objection, the Debtors state as follows.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

[2] Mr. Frishberg filed three additional motions: (a) *Daniel A. Frishbergs' Amended Motions to Compel Insider Clawbacks by the Debtors/UCC* [Docket No. 1052] (the "Amended Clawback Motion"); (b) *Daniel A. Frishbergs' Amended Motion to Compel the Debtors to Institute Significant Cost Cutting Measures* [Docket No. 1194] (the "Amended Cost Cutting Motion"); and (c) *Daniel A. Frishberg' Amended Motion to Compel Insider Clawbacks by the Debtors/UCC* [Docket No. 1199] (the "Further Amended Clawback Motion," and together with the Amended Clawback Motion and the Amended Cost Cutting Motion, the "Amended Motions"). Mr. Frishberg

**Objection**

1. The relief requested in the Motions—to the extent it has a proper basis in the Bankruptcy Code—should be denied.

**I.       The Cost Cutting Motion Does Not State a Proper Basis for Relief.**

2. As a threshold matter, the Cost Cutting Motion does not specify a proper basis for relief under the Bankruptcy Code. A debtor in possession may operate its business absent a contrary order of the court. 11 U.S.C. § 1108; *see also* 11 U.S.C. § 1107 (granting the debtor in possession the rights of a trustee). A debtor's business judgment will be respected if the debtor made an informed decision in good faith and with "the honest belief that the action taken is in the best interests of the company." *In re Integrated Res., Inc.*, 147 B.R. 650, 656 (S.D.N.Y. 1992); *In re Adelphia Commc'ns Corp.*, No. 02-41729, 2003 WL 22316543, at *29 (Bankr. S.D.N.Y. Mar. 4, 2003). If a debtor's decisions have any rational business purpose, courts traditionally defer to the debtor's business judgment. *Integrated Res.*, 147 B.R. at 656; *CRTF Corp. v. Federated Dep't Stores, Inc.*, 683 F. Supp. 422, 436 (S.D.N.Y. 1988). While operating as a debtor in possession, the debtor must exercise its own business judgment, even if constituents desire a particular course of action. *See In re Lionel Corp.*, 722 F.2d 1063, 1071 (2d Cir. 1983) (finding that where the creditors' committee's desire for a transaction was the sole basis for the debtor's decision, no sound business reason supported the debtor's decision to enter into the transaction).

3. Mr. Frishberg's Cost Cutting Motion calls for, among other measures, significant personnel reductions, reconsideration of all employee salaries, cessation of certain professional services, and consideration of a sale of the Debtors' bitcoin mining operations. Mr. Frishberg does not, and cannot, point to any authority under the Bankruptcy Code authority for his requested

---

filed the Amended Cost Cutting Motion and Further Amended Clawback Motion only one day prior to the objection deadline. The Debtors do not consent to having the Amended Motions heard at the November 1, 2022 omnibus hearing. To the extent the Court determines to hear the Amended Motions at the November 1, 2022 omnibus hearing, the Debtors reserve the right to further supplement this Objection.

relief. While creditor participation can be valuable, the debtor in possession ultimately remains responsible for the management of the estate and, in that regard, when acting in the ordinary course, generally enjoys the same autonomy as a business operating outside of chapter 11.

4. Furthermore, the Debtors have made, and continue to make, progress on managing their expenses. Mr. Frishberg's contention that the Debtors are "running a deficit of an average of $1,525,000 *per day*," Cost Cutting Motion at 2, is based on outdated information, is taken out of context of the Debtors' historical costs, and paints an incomplete picture of the Debtors' trajectory. Since the Petition Date, the Debtors reduced personnel costs by over 70% (approximately $70 million per year). The Debtors also reduced daily operational costs (not related to personnel) by more than 70% (at least $80 million per year) by eliminating marketing rewards, reducing gas fees, and instituting other cost saving measures. The Debtors continue to analyze reducing costs and streamlining their business and are targeting, at minimum, an additional $10–20 million in annual savings.

5. The relief requested in the Cost Cutting Motion has no basis in the Bankruptcy Code, is not appropriate or necessary, and should be denied.

**II.     The Clawback Motion Is Fatally Flawed.**

6. Mr. Frishberg cannot compel the Debtors (or the Official Committee of Unsecured Creditors (the "Committee")) to pursue avoidance actions under the Bankruptcy Code. A debtor's power to commence litigation on behalf of the bankruptcy estate is permitted—not mandated—by the Bankruptcy Code. *In re V. Savino Oil & Heating Co., Inc.*, 91 B.R. 655, 656 (Bankr. E.D.N.Y. 1988) ("The responsibilities of a trustee or debtor in possession to collect assets and to effectuate the policy of equality of distribution do not per se compel litigation by such fiduciaries."). As such, the debtor in possession has substantial discretion in choosing if, and when, to institute an estate cause of action. *Id.* Only when the debtor in possession abuses such discretion do creditors have the ability to request the right to intervene on behalf of the estate. *See*

3

11 U.S.C. §§ 1103(c)(5); 1107; 1109; *In re STN Enters.*, 779 F.2d 901, 904 (2d Cir. 1985) (holding that the Bankruptcy Code "impl[ies] a qualified right for creditors' committees to initiate suit [on behalf of the bankruptcy estate] with the approval of the bankruptcy court"); *Glinka v. Murad (In re Housecraft Indus. USA, Inc.)*, 310 F.3d 64, 71, n.7 (2d Cir. 2002) (expanding derivative standing to individual creditors).

7.  Mr. Frishberg cannot establish that the Debtors have unjustifiably refused to bring avoidance and recovery claims at this time. *STN Enters.*, 779 F.2d at 904. Furthermore, both the special committee of the board of Debtor Celsius Network Limited (the "Special Committee") and the Committee are currently investigating whether, and to what extent, avoidance actions exist. Mr. Frishberg should not be allowed to substitute his business judgment for that of the Special Committee.

8.  The Debtors continue to prioritize maximizing estate value and maintaining ongoing business operations. Avoidance actions are, and will remain, property of the Debtors' estates while these investigations continue. Accordingly, the Clawback Motion should be denied.

### Reservation of Rights

9.  This Objection is without prejudice to the rights of the Debtors to object to any claim on any grounds whatsoever. The Debtors expressly reserve all further substantive or procedural objections to the Motions at or prior to any hearing on the Motions. Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of the Debtors' right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Objection or any order granting the relief requested by this Objection; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to

section 365 of the Bankruptcy Code; or (f) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law.

*[Remainder of page intentionally left blank.]*

| | |
|---|---|
| New York, New York<br>Dated: October 25, 2022 | */s/ Joshua A. Sussberg*<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C.<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:    (212) 446-4800<br>Facsimile:      (212) 446-4900<br>Email:             jsussberg@kirkland.com<br><br> - and -<br><br>Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)<br>Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)<br>Christopher S. Koenig<br>Dan Latona (admitted *pro hac vice*)<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Telephone:    (312) 862-2000<br>Facsimile:      (312) 862-2200<br>Email:             patrick.nash@kirkland.com<br>                        ross.kwasteniet@kirkland.com<br>                        chris.koenig@kirkland.com<br>                        dan.latona@kirkland.com<br><br>*Counsel to the Debtors and Debtors in Possession* |