**WHITE & CASE LLP**
David M. Turetsky
Keith H. Wofford
Samuel P. Hershey
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
Email:  david.turetsky@whitecase.com
            kwofford@whitecase.com
            sam.hershey@whitecase.com

– and –

**WHITE & CASE LLP**
Michael C. Andolina (admitted *pro hac vice*)
Gregory F. Pesce (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone: (312) 881-5400
Facsimile: (312) 881-5450
Email:  mandolina@whitecase.com
            gregory.pesce@whitecase.com

**WHITE & CASE LLP**
Aaron E. Colodny (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, California 90071
Telephone: (213) 620-7700
Facsimile:  (213) 452-2329
Email:  aaron.colodny@whitecase.com

*Counsel to the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |
| | **Related Docket Nos.: 1042, 1052, 1135, 1199** |

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS'**
**OBJECTION TO DANIEL A. FRISHBERG'S MOTION TO**
<u>**COMPEL INSIDER CLAWBACKS BY THE DEBTORS/UCC**</u>

---

[1] The Debtors in these chapter 11 cases and the last four digits of their federal tax identification number are as follows: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

The Official Committee of Unsecured Creditors (the "**Committee**") of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**" or "**Celsius**") states as follows in support of this objection to the *Motion to Compel Insider Clawbacks by the Debtors/UCC* [D.I. 1042] (the "**Original Motion**") and the *Amended Motion to Compel Insider Clawbacks by the Debtors/UCC* [D.I. 1199] (the "**Amended Motion**" and, collectively, with the Original Motion, the "**Motion**"), each filed by Daniel A. Frishberg:

## OBJECTION

1. The Committee shares Mr. Frishberg's frustrations regarding the hardship he—and other account holders—have suffered as a result of the Celsius "Pause" and the Debtors' subsequent chapter 11 filings. The Committee also agrees that viable causes of action against insiders (and others) should be investigated and is committed to ensuring that those causes of action are pursued by appropriate means at the appropriate time.[2] In the Amended Motion, Mr. Frishberg asks why "no one seems to have attempted clawbacks or filed motions compelling the [D]ebtors to begin the clawbacks." Amend. Mot. at 2. Although the Committee shares in the goals that appear to be animating the Motion (i.e., to obtain a return of funds wrongfully withdrawn by insiders), the Committee does not believe that the rushed and piecemeal litigation sought by the Motion is in the current best interests of account holders and unsecured creditors.[3] The Committee, therefore, files this objection to the Motion to explain the substantial work it has done to advance the objectives set forth in the Motion and why, though it shares Mr. Frishberg's aims, the Committee opposes the relief that he seeks.

---

[2] The Committee shares Mr. Frishberg's view that Celsius' current and former executives should return any funds that were inappropriately withdrawn from the platform during the applicable preference period. To the extent the Debtors have not yet demanded return of those funds, they should do so.

[3] The Committee's position is based on its existing views of the current circumstances and immediate priorities of these chapter 11 cases. For the avoidance of any doubt, the Committee reserves all rights to seek standing and to pursue any claims on any schedule that it deems appropriate.

2.      Since its formation, the Committee has vigorously pressed its investigation of the Debtors and the circumstances leading to the "Pause" and the chapter 11 cases (including potential malfeasance by the founders and other corporate insiders). The Committee acted quickly to retain professionals capable of conducting the investigation necessary to develop the claims and causes of action for the purposes of maximizing the values that would be available to accountholders and unsecured creditors. Those retained professionals include counsel well versed in bankruptcy law, financial technology and white-collar investigations; financial advisors with extensive experience in cryptocurrency; and leading experts in block-chain technology.

3.      Since their retention, the Committee's professionals have pursued a broad investigation of the Debtors and their current and former insiders. The Committee has served hundreds of discovery requests on the Debtors and their current and former insiders (including Messrs. Mashinsky, Leon, and Goldstein) on topics including the Debtors' decision to implement the "Pause," the Debtors' prepetition investments, and the Debtors' transactions with its insiders and their affiliates. The Committee has also served third-party discovery on entities that conducted business with Celsius, and has sought discovery from Celsius' former officers and directors. The Committee has, to date, received more than 100,000 pages of documents, and counting. However, the Committee has not received all of the discovery it has requested and intends to take additional discovery. Nonetheless, as a result of its efforts, the Committee has received information regarding insider wallets, withdrawals from the platform, and CEL distributions. The Committee is devoting significant time and resources to reviewing this information, including tracing blockchain

transactions, analyzing the Debtors' financial data, and poring through tens of thousands of documents.[4]

4. Notwithstanding the Committee's great progress, its investigation is not complete and it may fall to a post-bankruptcy fiduciary (such as a litigation trustee) to investigate certain matters after the Debtors emerge from bankruptcy. Although the Committee understands Mr. Frishberg's desire to bring claims now, it firmly believes that claims should not be brought until its investigation, and the relevant facts and information, are more fully developed. Any attempt by the Committee or any other party to bring incomplete or insufficiently supported claims would be premature, potentially undermine future claims and causes of action, and risk prejudicing account holders' ultimate recoveries. For that reason, the Committee disagrees with Mr. Frishberg and opposes the Motion.[5]

## RESPONSE TO LATE AMENDMENTS

5. When Mr. Frishberg filed the Original Motion on October 11, 2022, the Committee agreed to have it heard on November 1, 2022, with an objection deadline of October 27, 2022. One week later, on October 26, 2022, Mr. Frishberg filed the Amended Motion. Aside from being filed one day before the agreed objection deadline with respect to the Original Motion and in contravention of the case management order applicable to these cases, the Amended Motion contains substantial changes to the Original Motion. Such changes include, among others, new accusations that the Committee "may have" breached its fiduciary duties by not yet pursuing

---

[4] Although the Committee is required by Court orders to maintain the confidentiality of information it has received, it is actively reviewing these materials and will seek to make them public to the extent, and as and when, appropriate.

[5] The Committee also notes that Mr. Frishberg levels a number of accusations against Mr. Mashinsky, his wife, and other insiders of the Debtors. The Committee is vigorously investigating the facts and circumstances that inform Mr. Frishberg's accusations, but notes that, as demonstrated in the Motion, those accusations currently rest on conjecture and hearsay and will need to be developed if claims are to be brought.

4

clawback claims. As an initial matter, the Committee cannot currently pursue these claims because it presently lacks standing to do so. In any event, the Committee strongly disputes any accusation that it has breached its fiduciary duties, including by not pursuing partially formed and premature claims. To the contrary, the Committee believes that it would potentially be a breach of its fiduciary duties to act on impulse and without a more complete record, thus risking account holders' ultimate recoveries. The Committee reserves the right to supplement this response in light of Mr. Frishberg's untimely amendments.[6]

---

[6] The Committee has filed this objection by the deadline established with respect to the Original Motion (while reserving all rights to supplement). Nonetheless, the Committee may request the Court's assistance in the future to ensure that all motions and other pleadings are heard in accordance with the case management order and applicable rules, so that all parties receive an appropriate period of time to respond. The Committee submits that adherence to the rules and requirements by all parties is both necessary to ensure the fairness of the process, promotes judicial economy and other efficiencies, and preserves estate resources.

| | |
|---|---|
| Dated: October 27, 2022<br>New York, New York | Respectfully submitted,<br><br>*/s/ Samuel P. Hershey*<br>**WHITE & CASE LLP**<br>David M. Turetsky<br>Keith H. Wofford<br>Samuel P. Hershey<br>1221 Avenue of the Americas<br>New York, New York 10020<br>Telephone: (212) 819-8200<br>Facsimile: (212) 354-8113<br>Email: david.turetsky@whitecase.com<br>         kwofford@whitecase.com<br>         sam.hershey@whitecase.com<br><br>– and –<br><br>**WHITE & CASE LLP**<br>Michael C. Andolina (admitted *pro hac vice*)<br>Gregory F. Pesce (admitted *pro hac vice*)<br>111 South Wacker Drive, Suite 5100<br>Chicago, Illinois 60606<br>Telephone: (312) 881-5400<br>Facsimile: (312) 881-5450<br>Email: mandolina@whitecase.com<br>         gregory.pesce@whitecase.com<br><br>– and –<br><br>**WHITE & CASE LLP**<br>Aaron E. Colodny (admitted *pro hac vice*)<br>555 South Flower Street, Suite 2700<br>Los Angeles, California 90071<br>Telephone: (213) 620-7700<br>Facsimile: (213) 452-2329<br>Email: aaron.colodny@whitecase.com<br><br>*Counsel to the Official Committee of Unsecured Creditors* |