Immanuel Herrmann
*Pro se Celsius creditor*
Admin of the Worldwide Celsius
Earn Customer Telegram group
**https://t.me/celsiusearn**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____
                                        )
In re:                                  )    Chapter 11
                                        )
CELSIUS NETWORK LLC, *et al.,*[1]       )    Case No. 22-10964 (MG)
                                        )
            Debtors.                    )    (Jointly Administered)
_____ )

**JOINDER TO EXAMINER'S MOTION TO CONFIRM EXAMINATION SCOPE OR ALTERNATIVELY FOR EXPANSION OF THE SCOPE OF THE EXAMINATION [D.R. 1112]**

Now comes Immanuel Herrmann, Celsius *pro se* creditor and files this joinder to the motion of Shoba Pillay, the Examiner, through counsel, to confirm examination scope or, alternatively, for expansion of the scope of the examination. I respectfully state as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

I agree with the Examiner and urge the court to grant the requested relief in the motion "that this Court enter an Order finding that the two topics the Examiner has identified herein fall within the scope of topics one and two of the Examiner Order or alternatively, that the Court expand the Examiner's investigation to include the two topics, and that the Court grant such other relief as may be just."

I will also add that it seems that the Debtor supports centralizing investigations under the examiner and UCC, versus opening themselves up to *pro se* requests. Notably, the Debtor takes the position in D.R. 1189–their objection to Victor Ubierna de las Heras' motion for an order pursuant to bankruptcy rule 2004–that:

> *Adding the burden of responding to individual pro se diligence requests could easily be the first domino in the chain, resulting in high costs and delays with little benefit in light of* **the ongoing investigations, which are likely to result in detailed findings that could resolve—or at least narrow—the issues that the Movant would like to explore.**

Given that the debtor takes the position that the examiner (and potentially the UCC) are already running *duplicative* investigations of *pro se* requests for information, it's critical that the court confirm this question by **clarifying** if the scope of the examiner, or else the UCC, **actually does** include the same topics that that *pro se* Movant wishes to address, along with clarifying that the issues Ms. Pilay asks to be included, are included. Otherwise, arguing such a request is "duplicative" is simply an effort to stop any investigation into these topics from taking place at all. Additionally, the Examiner should continue to review the *pro se* filings as the case unfolds. If it is, as the Debtor says, better to centralize all investigations in one place, that could indeed save time and money. But the need for

*centralization* is not an excuse to *ignore* critical issues that are central to the case and not investigate them at all.

Dated: October 27, 2022
Silver Spring, Maryland

/s/ Immanuel Herrmann
Immanuel Herrmann