Immanuel Herrmann
*Pro se Celsius creditor*
Admin of the Worldwide Celsius
Earn Customer Telegram group
**https://t.me/celsiusearn**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____
                                                          )
In re:                                                  )         Chapter 11
                                                          )
CELSIUS NETWORK LLC, *et al.*,[1]        )         Case No. 22-10964 (MG)
                                                          )
                    Debtors.                       )         (Jointly Administered)
_____ )

**PARTIAL JOINDER AND RESPONSE TO DANIEL A. FRISHBERG'S AMENDED**

**MOTION TO COMPEL INSIDER CLAWBACKS BY THE DEBTORS /UCC [D.R. 1199]**

Now comes Immanuel Herrmann, Celsius *pro se* creditor, and files this partial joinder and response to the motion of Daniel A. Frishberg, *pro se*, to compel insider clawbacks. I respectfully state as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

I agree with many of the points Mr. Frishberg makes in his motion to compel insider clawbacks. I understand from the UCC's Town Hall yesterday that they believe it will save the estate money to pursue most clawbacks post-bankruptcy. That is certainly an argument they can make, however, there needs to be, at a minimum, steps **now** to make sure that insider funds are not dissipated and to account for assets that are already on the books.

In particular, while we wait for clawbacks to begin, I urge the court to order the Debtor to produce a list of all NFTs that were purchased by the Debtor or were transferred to or from the Debtor's digital wallets, along with the following:

- A picture of each NFT
- The blockchain history of each NFT
- The purchase price of each NFT
- The sale price (if any) of each NFT
- The current wallet that each NFT resides in (if said NFT has been transferred, sold, or otherwise disposed of)

Alternatively, this could be handled as a clarification to the examiner's scope, to ensure that "cryptocurrency holdings" is defined as including NFTs, and that NFTs are documented with specificity and granularity.

I also urge the court to order declarations from the company about any transactions that may involve Monero or other privacy coins. The company never offered any Monero-related products to customers and dealings in such currencies should set off alarm bells.

Finally, I urge that efforts be made to stop the dissipation of assets by executives, which has been well-documented in this case, and is ongoing. I also have grave concerns that assets could be moved overseas, outside of the jurisdiction of U.S. courts, and that gaining access to such assets later in the case could prove difficult.

Thank you, Your Honor.

Dated: October 27, 2022
Silver Spring, Maryland

/s/ Immanuel Herrmann
Immanuel Herrmann