Víctor Ubierna de las Heras
Email: victorub@protonmail.com
Telephone +34 699760721
Pro se Creditor

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**VÍCTOR UBIERNA DE LAS HERAS' REPLY
TO DEBTORS' OBJECTION TO HIS RULE 2004
APPLICATION**

Víctor Ubierna de las Heras hereby submits this reply (the "Reply") to the objection (Docket no. 1189) (the "Rule 2004 Application Objection")[2] to and in further support of *Víctor Ubierna de las Heras' Motion For An Order Pursuant To Bankruptcy Rule 2004 Compelling The Production Of Documents* [Docket No. 1053] (the "Rule 2004 Application"), respectfully states:

The Objection to the Rule 2004 Application should be overruled, and the relief requested in the Rule 2004 Application should be granted. In further support of the Rule 2004 Application, Víctor Ubierna de las Heras, submits the following:[3]

**Reply**

### I. Creditors are not forbidden from requesting a Rule 2004 production of documents just because another party is investigating

1. Nothing in Title 11 of the US Code or the Federal Rules of Bankruptcy procedure precludes

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.
[2] The Rule 2004 Application Objection by the debtors was given docket number 1189

1

creditors from requesting 2004 examination in specific moments or circumstances. Debtors intend with their objection to prohibit creditors from making Rule 2004 applications just because an Unsecured Creditors Committee or an Examiner has been appointed. This is contrary to what the law has previously established.

2. Furthermore, in the Order directing the appointment of an Examiner, docket number 820, on its fourteenth point this Court has said that "*14. Nothing in this Order shall impede the right of the United States Trustee or any other party to request any other lawful relief*". Debtors cannot argue now that because an Examiner has been appointed to investigate certain matters creditors are barred from Rule 2004 examinations or requests for documents. The UCC has also had a chance to object to the motion. They have not done so, nor have they argued duplicate work.

3. In the 341 meeting, when the turn for creditors to ask questions started, some asked questions outside the scope of the meeting, being interrupted. It was Sarah Cornell with the US Trustee who instructed creditors who wanted to know items outside the scope of the 341 meeting to file rule 2004 requests.

4. To the extent the Rule 2004 Application is narrowed or deferred due to the "duplicative" argument made by debtors, the Court should clarify that the Examiner is investigating, and must, investigate, the matters raised on my Rule 2004 Application. Specifically, it is not yet clear if questions and documents regarding when insolvency started are covered by the existing examiner's order.

5. In docket number 1104, Ignat Tuganov, through counsel, specifically requests such clarification. To the extent my motion is denied, the motion of Ignat Tuganov to investigate if a Ponzi Scheme existed should be granted, and his proposed order should be amended clarify that it also includes "an investigation into when Celsius was first insolvent an and when Celsius Executives first knew that it was insolvent."

6. Debtors should not be allowed to, on the one hand, argue that everything is duplicate work but then,

2

on the other hand, oppose the motion by another party to clarify that the Examiner's investigation includes whether a Ponzi existed, or when the Debtor and its executives first knew the company was insolvent. They cannot both oppose my 2004 examination request on the grounds that it is "duplicative," of the Examiner and, at the same time, oppose the clarifications or expansions sought by the Examiner to her work plan. Doing so undermines their argument that the investigation is "duplicative."

## II.     Movant will suffer undue hardship or injustice if Application is denied.

7.      The Movant's ability to object or present briefs on phase I or II of the custody/earn battle will be harmed if his motion is denied or deferred. UCC has a fiduciary duty towards <u>all</u> of creditors and the Examiner is an independent investigator. However, Movant is an international customer of Celsius and thus, he only had available earn accounts. His interests may be (or are now) different than that of the whole of creditors and because of that, denying the Rule 2004 Application just because the UCC or the Examiner are investigating would cause Movant undue hardship and injustice.

8.      Movant is also considering filing a motion for an order directing the appointment of a chapter 11 trustee later in this case, based, in part, on the results of his 2004 examinations. Should this Application be denied, Movant will not be able to determine whether cause exists for him to file that motion. On one of the previous filings from Vermont it was suggested that Celsius used new customers funds to pay earn yield from existing customers. That it is, partially, why Movant wants to determine when Celsius realized it was insolvent, or what it is the same if a Ponzi Scheme existed at some points in time. It would enable Movant to pursue another requests for relief and the appointment of a trustee. Not being able to do so, if cause exists, would cause him to suffer injustice.

9.      Recently, it has been also argued recently by independent crypto forensics analysts in social media

3

that during the Pause Celsius Liquidated User Assets to Pay DeFi and FTX Loans. It's been said that over $1.1 billion in assets go to FTX; $1 billion in USDC back and a $108 mil loan from FTX is paid in the process. As obtained from https://twitter.com/MikeBurgersburg/status/1585311255002087426 :



If loans were paid by Celsius during the Pause (especially if money came from customers) it looks like there could be a very large preference claim. Rule 2004 Application from Movant targets the Freeze or Pause period on some aspects, in part to ascertain if movant should seek relief regarding the top off of these loans. Although Debtors argue duplication of work with the Examiner or the UCC to Movant's knowledge no other party is investigating this. Were the payment of this loans within the scope of the investigation from the Examiner the Court should make that clear. If not, Movant would suffer undue injustice.

III.     **Movant wants the examination of a debtor and is not a party in any other proceeding**

10. The Debtors, through their counsel, also argue that on paragraph 7 that "First, the moving party must show good cause for the requested discovery by establishing that denial of its request would cause it "undue hardship or injustice.", *citing In re Metiom, Inc., 318 B.R. 263, 268 (S.D.N.Y. 2004)*. However, when one reads that, what was seek was the Examination of a Non-Party to the bankruptcy proceeding and thus, the Court decided to apply that exception to protect that non-party. This case is radically opposed to that, Movant does not want to compel documents from a non-party, he is requesting documents from the Debtors to which he is a creditor and are subject to the principles lay out in the Bankruptcy Law.

11. Debtors also mentioned *In re Enron Corp., 281 B.R. 836, 842 (Bankr. S.D.N.Y. 2002),* In that case, it was denied plaintiff's Rule 2004 request for information obtained by the Official Committee of Unsecured Creditors from potential third-party witness to class action because class action plaintiff was seeking Rule 2004 information for purposes of discovery in class action and not in connection with bankruptcy case. Victor Ubierna de las Heras, pro se creditor, does not have any Adversary Proceeding filed against debtors nor any other type of case in other courts. Movant request this Rule 2004 discovery for use only within this bankruptcy case. Thus, this case cited by Debtors does not apply.

12. Another case cited by Debtor, in other parts of the text also says: "*The examination for this purpose is of necessity to a considerable extent a fishing examination."*. *In re Foerst, 93 F. 190, 191 (S.D.N.Y. 1899)*. Foerst was quickly followed *by In re Saur, 122 F. 101 (S.D.N.Y. 1903)*. There, creditors who had a reclamation claim against the estate applied for an order compelling the trustee to file with the referee the books and records of the bankrupt's estate. The trustee refused because the communication of the information to potential claimants would prejudice the defense of the reclamation proceeding. The District Court reversed the referee, holding that any person interested in an estate has an absolute statutory right to the inspection of all accounts and papers, and to be

furnished with information about the estate.

### IV.     Debtor's future selling of assets does not shield them from Rule 2004

13. Debtors argue that as they are in a marketing process to sell assets it would be a "distraction" for them to process the request. That the debtors have decided to sell virtually all of their assets (including the movant's customer account) does not shield them from Rule 2004. On the contrary, they should expect creditors and parties to want to know things before anything is irreversible. Furthermore, if the UCC or the Examiner are already investigating these matters, as Debtors allege, is highly probable that they've requested similar documents. Thus, it will take little or no effort for the Debtors to compile these documents. In the alternative, they should have no problem agreeing to scope expansions clarifying that all of Movant's requests are to be included in existing investigations. They cannot simultaneously argue that others are working on the exact same topics, and that they already produced these same documents for other investigations, while opposing efforts to clarify that the examiner's investigations include the same topics.

### Reservation of Rights

Nothing in this reply is intended or should be construed as a renounce to any of the rights of Víctor Ubierna de las Heras, and Movant reserves all rights, including the right to supplement this reply or make future Requests for relief. Movant reserves all of his rights, claims, defenses, and remedies, including, without limitation, the right to amend, modify, or supplement this motion and response, and to raise additional arguments regarding the Examiner's Investigation and/or Work Plan or future 2004 requests.

## **Conclusion**

For the foregoing reasons, as well as the reasons set forth in the Rule 2004 Application, Víctor Ubierna de las Heras request that the Court (a) overrule Debtors' Objection and (b) enter the proposed Rule 2004 Order.

*[Remainder of page intentionally left blank.
Signature block on next page]*

Dated: October 27, 2022

    Madrid, Spain                        Respectfully submitted,

                                            Víctor Ubierna de las Heras

                                            By: /s/ *Víctor Ubierna de las Heras*
                                            Víctor Ubierna de las Heras
                                            Pro se creditor
                                            +34 699760721
                                            victorub@protonmail.com