Immanuel Herrmann
*Pro se Celsius creditor*
Admin of the Worldwide Celsius
Earn Customer Telegram group
**https://t.me/celsiusearn**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

_____
                                                                        )
In re:                                                                )          Chapter 11
                                                                        )
CELSIUS NETWORK LLC, *et al.*,[1]         )          Case No. 22-10964 (MG)
                                                                        )
                            Debtors.                      )          (Jointly Administered)
_____)

## PARTIAL JOINDER AND RESPONSE TO DANIEL A. FRISHBERG'S AMENDED MOTION TO COMPEL THE DEBTORS TO INSTITUTE SIGNIFICANT COST CUTTING MEASURES [D.R. 1194]

Now comes Immanuel Herrmann, Celsius *pro se* creditor, and files this partial joinder and response to the motion of Daniel A. Frishberg, *pro se*, to compel the debtors to institute significant cost cutting measures. I respectfully state as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

I agree with Mr. Frishberg that "If this Chapter 11 Bankruptcy is going to be successful, it is essential that costs are cut as soon as possible" and that "it is imperative to this case that costs are cut significantly." While there are certain valuable employees, there is also an enormous lack of transparency in the case, and enormous expenses.

I also agree with Mr. Frishberg's reasons as to why "Cause Exists For The Appointment Of A Chapter 11 Trustee Under Section 1104(a)(1)," and that, while only one of six prongs are needed to justify such an appointment, **all six** prongs of the test are met in this case.

That said, there is new management at Celsius–at least with respect to day-to-day operations–and, I am informed, attempts at a standalone restructuring plan. I will be requesting a meeting with the Debtor on behalf of myself along with Earn depositor representatives, other community representatives, and *ad hoc* groups, to discuss these efforts and listen to the community's concerns. My earnest hope is that the company will discuss paths out of bankruptcy and areas where creditors are aligned with depositors (just as they did with the Preferred Equity Shareholders.) It is my view that there needs to be regular communication between the Debtor, the UCC, creditors, and creditor groups to find a path out of Chapter 11.

I am still hoping that I and other creditors can have productive discussions with the Debtor and see real progress. Therefore, I am not moving for a Chapter 11 Trustee and/or independent Chief Restructuring Officer today to rein in costs or ensure that we can get a restructuring rather than a predatory liquidation.

I do, however, seek clarity from the court on the best procedural path forward, should I choose to move forward with a request for the appointment of an *independent* Chief Restructuring Officer in the coming weeks. I believe that, if there is not a change in direction in the near future, we may soon need an independent CRO who can control expenses, pursue clawbacks, and deal with other pressing matters outlined in Mr. Frishberg's motions–while getting us a *successful restructuring* as well.

There are willing applicants; thus far I have found one experienced New York bankruptcy attorney with substantial restructuring and crypto experience and no conflicts who is very interested, and who I believe would be an excellent choice for CRO.

I have also been speaking with crypto industry candidates, and believe it would be possible to find one in short order. Should the court be willing to consider such a candidate, I am ready, willing, and able to recruit them, and return to the court with a candidate, a proposal, and a proposed order, in the appropriate type of motion.

Should the need arise:
- I could file a motion to appoint a CRO with the powers of a Chapter 11 Trustee.
- I could file a motion to compel the debtor to appoint a CRO through other means, such as management changes.
- If the court takes no position on the best path forward, I could file both motions–one for a CRO by court appointment such as a "motion to compel"–and the other for a CRO with the powers of a Chapter 11 Trustee, such as a "motion for the appointment of a chapter 11 trustee." The court could decide, at that time, which motion is appropriate.

I believe that in the *Courdert Brothers* case, there was the selection of a Chief Restructuring Officer to address cash burn–a situation not dissimilar to Mr. Frishberg's motion–and that in that case, the CRO was not a Chapter 11 Trustee or, at least, that the CRO was not appointed directly by the office of the U.S. Trustee.

I continue to believe that a restructuring is possible. However, should the debtor seek multiple exclusivity extensions while continuing to burn cash, or put forward a restructuring plan that is simply not viable, then the time for an *independent* CRO–someone who can put forward a standalone restructuring that is in the best interests of creditors–may soon arrive.

Thank you, Your Honor.

Dated: October 27, 2022
Silver Spring, Maryland

/s/ Immanuel Herrmann
Immanuel Herrmann