Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Counsel to the Debtors and Debtors in Possession*

FILED
OCT 29 2022
US BANKRUPTCY COURT
SO. DIST OF NEW YORK

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**DEBTORS' STATEMENT REGARDING**
**NOVEMBER 1 HEARING ON DEBTORS' MOTION SEEKING**
**ENTRY OF AN ORDER (I) PERMITTING THE SALE OF STABLECOIN**
**IN THE ORDINARY COURSE AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") submit this statement regarding the November 1, 2022 hearing (the "Hearing") regarding the *Debtors' Motion Seeking Entry of an Order (I) Permitting the Sale of Stablecoin in the Ordinary Course and (II) Granting Related Relief* [Docket No. 832] (the "Motion").[2]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

**Statement**

1.      Since filing the Motion on September 15, 2022, the Debtors have received a number of responses—direct and indirect, formal and informal—to the Motion.[3] Many of these responses cite the need for a resolution of the predicate legal issue of the title of the digital assets transferred to the Debtors' "Earn" program (*i.e.*, whether or not such assets are property of the estate) as a reason to delay or deny ruling on the Motion.

2.      The Debtors agree that the status of the "Earn" assets is a gating issue that must be resolved. To ensure maximum notice and an opportunity for all parties to be heard, the Debtors will be filing a motion to establish a briefing schedule on key issues in these chapter 11 cases, including regarding the issue of whether "Earn" assets are property of the Debtors' estates.

3.      In light of the foregoing, the Debtors do not intend to request a ruling on the Motion at the Hearing on November 1, and instead will use the Hearing as a status conference regarding the Motion. Prior to the ultimate hearing on the Motion, the Debtors will file a reply to the

---

[3] The Debtors received the following objections (the "Objections") on or before the October 25, 2022 objection deadline: (a) *Objection to the proposed sale of stable-coins by Celsius* filed by Georgios Papadakis [Docket No. 853]; (b) *Objection to docket #832, the debtors' motion permitting the sale of stable coins* filed by Rebecca Gallagher [Docket No. 901]; (c) *Objection of the Texas State Securities Board and the Texas Department of Banking to Debtors' Motion Seeking Entry of an Order (I) Permitting the Sale of Stablecoin in the Ordinary Course and (II) Granting Related Relief* [Docket No. 922]; (d) *Objection* filed by the Vermont Department of Financial Regulation [Docket No. 925]; (e) *Limited Omnibus Objection of the United States Trustee to: (I) The Debtors' Motion Seeking Entry of an Order Authorizing the Debtors to Reopen Withdrawals for Certain Customers with Respect to Certain Assets Held in the Custody Program and Withhold Accounts [ECF Doc. No. 670] and (II) Motion Seeking Entry of an Order Permitting the Sale of Stablecoin in the Ordinary Course [ECF Doc. No. 832]* [Docket No. 933]; (f) *Omnibus Objection to Court Filings Taking Positions on Which Coins are Customer Property, D.R. NOS. 855, 737, 760, and 662* filed by Immanuel Herrmann [Docket No. 954]; (g) *State of Wisconsin's Joinder to Objections to the Debtors Motion to Sell Stablecoin Filed by Texas and Vermont* [Docket No. 967]; (h) *Víctor Ubierna de Las Heras Joinder to Objection to the Debtors' Motion to Sell Stablecoin Filed by the United States Trustee and the States of Texas, Vermont and Wisconsin* [Docket No. 970]; (i) *State of Washington's Joinder to Objections to the Debtors' Motion to Sell Stablecoin Filed by Texas, Vermont and the United States Trustee* [Docket No. 1085]; and (j) *The Official Committee of Unsecured Creditors' Objection to the Debtors' Motion Seeking Entry of an Order (I) Permitting the Sale of Stablecoin in the Ordinary Course and (II) Granting Related Relief* [Docket No. 1186].

2

Objections and produce any necessary evidence in support of the Motion in accordance with the *Case Management Procedures* [Docket No. 1181].

### **Reservation of Rights**

4. The Debtors expressly reserve all substantive and procedural responses to the Objections. Nothing in this Statement is intended or should be construed as (a) an admission as to the validity of any particular claim against the Debtors, (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds, (c) a promise or requirement to pay any particular claim, (d) an implication or admission that any particular claim is of a type specified or defined in the Motion, (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law, or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens.

*[Remainder of the page intentionally left blank]*

| | |
|---|---|
| New York, New York<br>Dated: October 29, 2022 | */s/ Joshua A. Sussberg*<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C.<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:     (212) 446-4800<br>Facsimile:     (212) 446-4900<br>Email:            jsussberg@kirkland.com<br><br> - and -<br><br>Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)<br>Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)<br>Christopher S. Koenig<br>Dan Latona (admitted *pro hac vice*)<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Telephone:     (312) 862-2000<br>Facsimile:     (312) 862-2200<br>Email:            patrick.nash@kirkland.com<br>                      ross.kwasteniet@kirkland.com<br>                      chris.koenig@kirkland.com<br>                      dan.latona@kirkland.com<br><br>*Counsel to the Debtors and Debtors in Possession* |