**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

## ORDER AUTHORIZING EXAMINER TO CONDUCT 2004 EXAMINATIONS

Upon the Examiner's Motion for an Order Authorizing the Examiner to Conduct 2004 Examinations (the "**Motion**")[2]; the Court finding that the notice of the Motion is good and sufficient under the circumstances; the Court having reviewed the Motion and finding good cause to grant the Motion, it is ORDERED:

1. The Motion is granted to the extent provided herein.

2. The Examiner is hereby authorized, pursuant to Bankruptcy Rule 2004, to demand and compel by way of subpoena: (i) the oral examination, under oath, of Discovery Parties; and (ii) the production of documents that may be relevant to the Investigation or lead the Examiner to information that is relevant to the Investigation.

3. The Examiner is hereby authorized to use the following procedures in connection with the Examiner's issuance of any subpoena:

    a. Except as otherwise agreed by the Examiner, or subsequently ordered by the Court, a Discovery Party to which a subpoena which seeks documents (whether or not it also seeks

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.
[2] Capitalized terms that are not otherwise defined herein are intended to have the same meaning attributed to them in the Motion.

testimony) is directed shall, within 7 days of service of such subpoena produce all non-privileged documents responsive to such subpoena;

b.      Except as otherwise agreed by the Examiner, or subsequently ordered by the Court, if the subpoena so directs, the Discovery Party may be required to appear for the oral examination within 7 days of service of a deposition subpoena on the Discovery Party, which notice is deemed to be reasonable;

c.      If a Discovery Party objects to producing documents or appearing for examination, the Discovery Party must file and serve within seven (7) days of service of a subpoena, a motion seeking a protective order, which the Court shall hear on shortened notice, no later than 5 days from the filing of such motion (subject to the Court's availability); and

d.      Nothing herein limits the substantive rights of any Discovery Party or other party under applicable law to object to any subpoena the Examiner may serve.

4.      The fact that the Examiner has issued a Rule 2004 subpoena or otherwise sought discovery from any Person shall be without prejudice to the rights of the official committee of unsecured creditors to seek or receive any discovery from any Person.

5.      The rights of all parties in interest to seek to issue their own discovery are preserved.

6.      This Court shall retain jurisdiction to resolve any disputes arising or related to this Order including any discovery disputes that may arise between or among the parties and to interpret, implement, and enforce the provisions of this Order.

Dated:  October 31, 2022
        New York, New York

                                            /s/ Martin Glenn
                                            MARTIN GLENN
                                            Chief United States Bankruptcy Judge