Hearing Date and Time: November 1, 2022 at 11:00 a.m. (EDT)
Objection Deadline: October 29, 2022 at 4:00 p.m. (EDT)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>CELSIUS NETWORK LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br>Case No. 22-10964 (MG)<br>(Jointly Administered)<br><br>Re: Docket Nos. 1104 & 1112 |

**REPLY OF IGNAT TUGANOV TO**
**(A) THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS'**
**OMNIBUS RESPONSE TO MOTIONS RELATING TO THE**
**SCOPE OF THE EXAMINATION AND**
**(B) DEBTORS' STATEMENT AND RESERVATION OF RIGHTS**

Ignat Tuganov, by and through his undersigned counsel, hereby submits this Reply to (i) the *Official Committee of Unsecured Creditors' (the "Committee") Omnibus Response to Motions Relating to the Scope of the Examination* [Dkt. No. 1230] (the "Committee's Response") and (ii) the *Debtors' Statement and Reservation of Rights Regarding (I) the Examiner's Motion to Confirm Examination Scope or Alternatively For Expansion of the Scope of Investigation and (II) Ignat Tuganov's (A) Response to Examiner's Motion to Approve Work Plan and (B) Motion to Clarify or Expand Scope of Examiner's Investigation* [Dkt. No. 1229] (the "Debtors' Statement"), and respectfully represents as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

1. On September 14, 2022, this Court entered an *Order Directing the Appointment an Examiner Pursuant to Section 1104(c) of the Bankruptcy Code* [Dkt. No. 820] (the "Examiner Order"). [2]

2. On October 18, 2022, Ignat Tuganov, a creditor that holds an earn account with the Debtors, filed *Ignat Tuganov's (A) Response to Examiner's Motion to Approve Work Plan and (B) Motion to Clarify or Expand Scope of Examiner's Investigation* [Dkt. No. 1104] (the "Tuganov Motion"), requesting that (i) the Examiner's Work Plan be amended to specifically provide that the Examiner will investigate, among other things, whether the Debtors engaged in a Ponzi scheme and, if so, when the Ponzi scheme began and the consequences thereof and (ii) that the Ponzi investigation be completed as soon as practicable and its conclusions be included in the Examiner's report.

3. On the same day, the Examiner filed a *Motion to Confirm Examination Scope or Alternatively For Expansion of the Scope of the Investigation* [Dkt. No. 1112] (the "Examiner's Motion").

4. In response to both the Tuganov Motion and the Examiner's Motion, the Committee filed the Committee's Response, objecting to the relief requested by Mr. Tuganov essentially on the grounds that the Committee should be tasked with the Ponzi investigation and not the Examiner. At the same time, the Debtors filed the Debtors' Statement claiming that expanding the Scope of Investigation is "adequate as-is" and that requiring the Examiner to undertake a Ponzi analysis would be duplicative of the Committee's work on the Ponzi issue.

---

[2] All capitalized terms not otherwise defined herein shall have the same meaning as is ascribed to such terms in the Examiner's Order.

5. While the Committee may be capable of conducting a Ponzi investigation, it has not committed to do so, it has not been ordered by this Court to do so, neither the Committee nor the Debtors have provided evidence that such an investigation is underway, and it has never suggested that it would be willing to make the results of such an investigation public. As the Committee admits, "the Debtors' prepetition business practices warrant scrutiny," but the best the Committee can say is that "the matters cited by Mr. Tuganov [a Ponzi investigation] are well within the ambit of the Committee's ongoing investigation." *See* Committee' Response ¶ 15.³ The fact that the Committee *could* conduct a Ponzi investigation begs the question of whether it *is undertaking or has undertaken* such an investigation and whether it plans to disclose the results of its investigation to anyone other than its own members, leaving all other stakeholders in this case completely in the dark.

6. Not only does this case need someone to undertake a Ponzi investigation, the results of such an investigation need to be disclosed to all stakeholders in these cases for several reasons. First, the treatment of all creditors could be significantly affected by the results of such an investigation. Under a Ponzi scheme, all creditors, regardless of whether they provided goods and services to the Debtors or whether they provided investment capital to the Debtors would all be deemed victims of the Debtors' Ponzi scheme and would all be treated on a *pari passu* basis. It is, therefore, crucial that this determination be made as early in these cases as possible and as expeditiously as is reasonable so that parties-in-interest can assess their respective rights and

---

³ The Committee also suggests that, because any standalone plan or a purchaser of the Debtors' business or assets will require proof that the Debtors' business (or assets) is not continuing to be conducted as a Ponzi scheme, an investigation into the Debtors' past practices is unnecessary. *See* Committee's Response ¶ 16. The argument makes no sense, as it is the Debtors' historical practices that warrant scrutiny and may give rise to significant governmental claims, not whether the business can be run successfully as a legitimate business in the future.

claims. Second, a Ponzi scheme determination could risk claims being asserted by government agencies (especially given the ongoing Federal and State regulatory investigations) for restitution and forfeiture that would need to be addressed. Third, like Foucault's Pendulum, a Ponzi determination affects all aspects of the plan process. One way to resolve the issues that a Ponzi determination would create is by including all stakeholders, including regulatory agencies, in a mediation process to negotiate a satisfactory chapter 11 plan.[4] While the Debtors' goal to move this case forward is commendable, doing so in a vacuum, in a piecemeal fashion, may not be helpful.

7. The Examiner is tasked with an investigation that appears to be focused, in part, on facts and circumstances that could, without much new work, support a Ponzi scheme analysis without delay. To expand the Scope of Investigation to expressly provide for a Ponzi scheme analysis would not, contrary to the Debtors' allegation, be a significant expansion of scope, nor would it be duplicative of the Committee's work, as there has been no indication that the Committee has been undertaking a Ponzi investigation. If it has begun doing so, presumably it can share its initial findings with the Examiner.

8. Given that the Examiner is an independent party in these cases, is focused on conducting an investigation into the Debtors' business practices, and is not distracted by other important matters in these cases, it seems most efficient and appropriate for this Court to clarify or amend

---

[4] For example, in *In re Woodbridge Group of Companies, LLC*, Delaware Chapter 11 Case No. 17-12560, a Ponzi scheme analysis lead to a mediation effort early in the chapter 11 cases involving all creditors and investors and resulted in a successful plan of reorganization that provided all stakeholders, including numerous "mom and pop" retail investors, with a substantial return of their investment. The Examiner's report (due on December 10th) together with a Ponzi report (done either by the Examiner or the Committee) would be an important part of such a mediation.

the Scope of Investigation to explicity include a Ponzi scheme analysis so that it is clear that such an investigation and analysis is being diligently and expeditiously performed.

9. On the other hand, if the Committee has truly spent time and money investigating whether the Debtors' businesses were conducted, at some point, as a Ponzi scheme, then the Committee should commit to continue that investigation expeditiously and prepare and file a report of its findings and conclusions within an expedited time frame similar to the Examiner's report so that this case can truly move forward on a path toward plan confirmation and creditor distributions.

**CONCLUSION**

For the reasons stated herein, Ignat Tuganav respectfully requests that the relief requested in the Tuganov Motion be granted in all respects.

Dated: New York, New York
October 31, 2022

                                              VENABLE LLP

By:    /s/ Jeffrey S. Sabin
       Jeffrey S. Sabin
       Carol Weiner Levy
       Arie Peled
       1270 Avenue of the Americas, 24th Floor
       New York, New York 10020
       Telephone: 212-503-0672
       Facsimile: 212-307-5598
       jssabin@venable.com
       cwlevy@venable.com
       apeled@venable.com

and

Andrew Currie (admitted *pro hac vice*)
600 Massachusetts Avenue, NW
Washington, DC 20001
Telephone: 202-344-4586
Facsimile: 202-344-8300
ajcurrie@venable.com

*Counsel for Ignat Tuganov*