**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|   |   |   |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## JOINT STIPULATION AND AGREED ORDER
## BY AND AMONG DEBTORS AND BRADLEY CONDIT
## GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY

This Joint Stipulation and Agreed Order (this "Stipulation") is made and entered into by

and among:  (a) Celsius Network LLC, and certain of its subsidiaries and affiliates, as debtors-in-

possession in the above-captioned chapter 11 cases (the "Debtors"); and (b) Bradley Condit

(the "Plaintiff" and together with the Debtors, the "Parties").  The Parties hereby stipulate and

agree as follows:

## RECITALS

**WHEREAS**, on June 28, 2022, the Plaintiff filed a complaint against Celsius Network

LLC (the "Celsius Defendant") styled as *Bradley Condit v. Celsius Network LLC and Yaron*

*Shalem*, Civil Action No. 22-cv-5452 (the "Condit Civil Action") in the U.S. District Court for the

Southern District of New York (the "District Court");

**WHEREAS**, on July 13, 2022 (the "Petition Date"), each of the Debtors filed voluntary

petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code")

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court");

**WHEREAS**, since the Petition Date, the Condit Civil Action has been stayed by operation of the automatic stay arising under section 362 of the Bankruptcy Code;

**WHEREAS**, On September 1, 2022, the Plaintiff filed the *Motion of Bradley Condit for Entry of an Order Pursuant to 11 U.S.C. § 362(d)(1) for Relief from the Automatic Stay* [Docket No. 684] (the "Motion").[2]

**WHEREAS**, the Plaintiff seeks relief from the automatic stay to proceed with the Condit Civil Action against the Celsius Defendant for the limited purpose of recovering solely from the proceeds of the Debtors' employment practices liability insurance policies (the "Employment Practices Policies")[3] and not from any of the Debtors or their estates; and

**WHEREAS**, the Debtors consent to limited relief from the automatic stay solely to the extent provided in this Stipulation.

**NOW, THEREFORE, IT IS STIPULATED AND AGREED AND, UPON APPROVAL BY THE BANKRUPTCY COURT OF THIS STIPULATION, IT IS SO ORDERED AS FOLLOWS:**

1.      The foregoing recitals are incorporated herein by reference.

2.      The automatic stay of section 362 of the Bankruptcy Code is hereby modified with respect to the Condit Civil Action solely to the limited extent necessary to enable (a) the claims

---

[2]      Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

[3]      The Employment Practices Policies are: (a) that certain Private Company Platinum Protection Policy by and between Celsius Network Inc. and United States Fire Insurance Company a/k/a Crum & Forster effective from September 1, 2021 through September 1, 2022 (Policy No. 574-102279-8); (b) that certain excess liability insurance policy by and between Celsius Network, Inc. and Amtrust Underwriters, Inc on behalf of Associated Industries Insurance Company, Inc. effective from September 1, 2021 through September 1, 2022 (Policy No. ANV157488A); and (c) any similar predecessor employment practices liability policies to the foregoing.

asserted in the Condit Civil Action to proceed to final judgment or settlement and (b) the Plaintiff to recover any final judgment or settlement solely from proceeds of the Employment Practices Policies.

3.      The Plaintiff agrees and acknowledges that:  (a) any amounts recovered by the Plaintiff by a final order or settlement in the Condit Civil Action shall be limited solely to proceeds available from the Employment Practices Policies and, to the extent that the Employment Practices Policies are subject to any self-insured retention, any amounts recoverable by the Plaintiff shall be further limited to the amount that exceeds the applicable self-insured retention and Plaintiff shall not assert a claim for such self-insured retention in these chapter 11 cases; (b) the Plaintiff may only prosecute the Condit Civil Action (and enforce any judgment obtained on account of the same) with respect to proceeds available from the Employment Practices Policies, subject to the limitations set forth in this Stipulation, and at no cost to the Debtors or their estates; and (c) in no event shall the Plaintiff be entitled to any recovery or remuneration from the Debtors or their estates.

4.      For the avoidance of doubt, nothing herein is intended, or shall be construed, to limit Plaintiff in any way from prosecuting the Condit Civil Action (and enforcing any judgment obtained on account of the same) with respect to proceeds available from Defendant Yaron Shalem, or from any other proper person or entity, subject to the limitations contained in this Stipulation.

5.      Any judgment(s) obtained by the Plaintiff in the Condit Civil Action shall not be asserted as a claim in the chapter 11 cases.

6.      The Debtors' notice, claims, and balloting agent is hereby authorized to take any action necessary to effectuate the relief granted in this Stipulation.

7.      Nothing herein (a) precludes or limits, in any way, the rights of any insurer to contest and/or litigate the existence, primacy, and/or scope of available coverage under any allegedly applicable insurance policy or to otherwise assert any defenses to coverage or (b) constitutes, or should be construed as, a determination or admission that any of Plaintiff's claims are covered by any insurance policy.  Any and all rights and defenses of the applicable insurer, including the right to dispute the validity of the Plaintiff's claims and the applicability of insurance coverage, are expressly preserved and shall not be altered, abridged, or modified by the terms of this Stipulation.

8.      The Plaintiff shall file this Stipulation in the court in which the Condit Civil Action is pending after the approval by the Bankruptcy Court.

9.      By entering into this Stipulation, the Debtors are not waiving, and will not be deemed to have waived, any available rights, counterclaims, or defenses, including at law, equity, or otherwise, with respect to the Condit Civil Action.

10.      By entering into this Stipulation, except as explicitly set forth herein, Plaintiff is not waiving, and will not be deemed to have waived, any available rights, claims, or defenses, including at law, equity, or otherwise, with respect to the Condit Civil Action.

11.      Neither this Stipulation nor any negotiations and writings in connection herewith will in any way be construed as or deemed to be evidence of, or an admission on behalf of any Party regarding, any claim or right that such Party may have against the other Party in the Condit Civil Action.

12.      Neither this Stipulation, nor any terms contained herein, shall be offered as evidence in any legal or administrative proceeding among or between the Parties, other than as may be necessary:  (a) to obtain approval of and to enforce this Stipulation; (b) to seek damages

or injunctive relief in connection therewith; or (c) to prove that the automatic stay has been modified to allow prosecution of the Condit Civil Action in accordance with the terms of this Stipulation.

13.    Nothing in this Stipulation or the relief sought herein shall constitute or be deemed: (a) an allowance of administrative expense claims under section 503(b) of the Bankruptcy Code; (b) an assumption or rejection of an executory contract or unexpired lease under section 365 of the Bankruptcy Code; (c) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (d) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds whatsoever; (e) a promise or requirement to pay any claim; (f) an implication or admission that any particular claim is of a type specified or defined in the Stipulation or a finding that any particular claim is an administrative expense claim or other priority claim; (g) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' bankruptcy estates; (h) a waiver or limitation of the Debtors', or any insurers', rights under the Bankruptcy Code or any other applicable nonbankruptcy law; or (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to this Stipulation are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

14.    In the event that the District Court determines that the Employment Practices Policies are not applicable to the Condit Civil Action, (a) within ten business days of any such determination, (i) the Parties shall seek relief from this Court ordering that this Stipulation is no

longer in force and (ii) Plaintiff shall file a notice of withdrawal of the Motion and (b) the automatic stay shall resume in effect with respect to the Condit Civil Action.

15.      Each of the Parties to this Stipulation represents and warrants it is duly authorized to enter into and be bound by this Stipulation.

16.      This Stipulation may be executed in identical counterparts, including by facsimile and/or electronic mail, each of which shall be deemed an original, but all of which together constitute one and the same instrument.

17.      This Stipulation represents the entire agreement by and between the Parties with respect to the subject matter hereof, and all prior understandings or agreements, if any, are merged into this Stipulation.

18.      The Bankruptcy Court retains exclusive jurisdiction with respect to any disputes arising from or other actions to interpret, administer, or enforce the terms and provisions of this Stipulation, and the Parties hereby consent to such jurisdiction to resolve any disputes or controversies arising from or related to the implementation of this Stipulation.

**IT IS SO ORDERED.**

Dated:  October 31, 2022
        New York, New York

                                        _____/s/ Martin Glenn_____
                                        MARTIN GLENN
                                        Chief United States Bankruptcy Judge

STIPULATED AND AGREED TO THIS 27TH DAY OF OCTOBER, 2022:

<table>
<tr><td>New York, New York<br>Dated: October 27, 2022</td><td>

*/s/ Joshua A. Sussberg*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:    jsussberg@kirkland.com

 - and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:    patrick.nash@kirkland.com
    ross.kwasteniet@kirkland.com
    chris.koenig@kirkland.com
    dan.latona@kirkland.com

*Counsel to the Debtors and*
*Debtors in Possession*

*/s/ M. Todd Parker*

**PARKER POHL LLP**
M. Todd Parker
David Pohl
Wendy Tannenbaum
99 Park Ave., Suite 1510
New York, New York 10016
Telephone:    (212) 202-8886
Facsimile:    (646) 924-3100
Email:    todd.parker@parkerpohl.com
    david.pohl@parkerpohl.com
    wendy.tannenbaum@parkerpohl.com

*Counsel to Bradley Condit*

</td></tr>
</table>