**US Bankruptcy Court
Southern District of New York**

_____

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC,) | | Case No. 22-10964 |
| Debtor) | | |
| _____) | | |

**<u>RE: DEBTORS' OBJECTION TO CREDITOR'S NOTICE OF MOTION AND MOTION SEEKING FOR RULING OF FULL TITLE OF OWNERSHIP OF FUNDS WITH RESPECT TO USERS WHO HAVE BEEN BLOCKED ACCESS BY DEBTOR PRIOR TO BANKRUPTCY AND TO REQUEST DISCLOSURE FROM DEBTOR ON THE NUMBER AND AMOUNT OF SUSPENDED/CLOSED ACCOUNTS WHICH FUNDS STILL KEPT BY DEBTOR</u>**

1. Debtor's legal representative, Kirkland, has written an objection of motion regarding objection to lifting the automatic stay. (Court docket 1106) However, the motion was requesting a declaration to title of ownership by suspended/ closed account users and to release the relevant info regarding the statistics of these accounts. (Court docket 877)

Kirkland has not provided any valid argument to object the title of ownership of funds to suspended/ closed account holders nor to the release the number of accounts, value of accounts and date of suspension to those accounts. Debtor has acted against the favour of suspended/ closed accounts by not releasing the date of suspension/ closure.

In fact, Kirkland has acknowledged in their section of "Factual background" that is in support of title of ownership of funds by suspended/ closed account users, by quoting that:

A) In their point 5, *"April 2022 Terms of Use do not differentiate between "suspended" and "closed" accounts and that accordingly, when an account is suspended, the Debtors are required to return assets to the account holder in the same way as if the account was closed. "*

B) In their point 6, *"once an Earn Account is suspended or closed and stops earning rewards, such account no longer qualifies as an Earn Account, the customer is no longer a valid customer of the Debtors and, therefore, the Debtors do not hold title to the assets in any of her suspended Earn Accounts. "*

It shows that Kirkland agrees to the validity of the statements made in the motion.

2. Upon the date when account suspension/ termination was made by the Debtor, title of ownership of funds has returned back to us.

Debtor has sued Prime Trust to return the remaining of their funds back to them upon contract termination, but they themselves refused to return any of our funds back to us upon the end of our service contract.

3. In their objection point 7 to 9, Kirkland has tried to shift the focus by quoting the reasons why the account was suspended/ terminated in the first place, which was never what was argued against. Yet, since the Debtor has terminated the accounts, in my case specifically, by referring to and exercising their right on Terms of Use section 5A and 5C, by the principle of reciprocity, they

should have therefore honored and followed their Terms of Use per section 19A to return the funds.

Not to mention that the version of Terms of Use that we read and relied upon when we signed up for Debtor's service and opened our accounts, before they changed their terms in April 2022, such sections of 5A and 5C did not exist.

In addition, Debtor's Customer Support team have also told their users that they could register for new accounts with a different email as long as they go through the KYC again by submitting relevant identification documents. (See "Exhibit A")

Exhibit A:

> Jun 12, 20:23 CEST
>
> Hello ***,
>
> Thank you for contacting Celsius Network.
>
> Unfortunately, there is no option for having a side account but you can use a different email and register a new account on your name and where you can deposit your ETH ( if that option suits you) and get an interest payment. You will have to do also again the KYC process but at this moment that is the only thing which might be interesting for you to explore because we still didn't limit our users to one-person-one-account (this could happen in the future updates but currently it is not a priority so as adding a side account).
>
> If there is anything else we can help you with please contact us.
>
> Best regards,
>
> Customer Support | Celsius Network

4. In their objection point 2, Kirkland falsely argued that it was "*inappropriate and premature to decide Kwok's issues on an individual basis, and the Motion should be denied*". This motion is regarding all users whose accounts have been suspended/ closed before the bankruptcy petition, not just to me as an individual.

5. Following the above argument, I would like to refer to Joinder submitted by Luca Zara (receipt # 1666183914), another suspended/ closed account user who have received an email reply on April 12. His email reply contains exactly the same wording as what I have received, *"Referral awards and any interest credited to this account will be cancelled and any deposits not already withdrawn will be returned within the next 30 days".* However, he has still not yet received his funds as promised by the Compliance Team. (See "Exhibit B")

Exhibit B:



6. Luca has replied to Debtor's email on 21 April but has not received email ever since, despite multiple follow up attempts by him. (See "Exhibit C")

Exhibit C:



7. As it can be seen, there are suspended/ closed account users who have been promised the return of funds within 30 days as early as mid April, or possibly even earlier, but the Debtor has not kept up with their promise as well. Kirkland's argument to deny my motion in their objection point 9-10 is not valid for suspended/ closed account users as a whole accordingly.

8. Debtor did not provide any notification on the event of account suspension, nor provide any details to suspended/ closed account users regarding the processing of return of funds, which almost looks like Debtor has no intention to fulfil their obligation to return the funds, unlike what they have stated in section 19A of their own Terms of Use.

This resonates with a case made by another suspended account user who has filed a report (report # 147907269) to Federal Trade Commission (FTC) back in May, stating that Debtor has used faulty referral system and promo codes to lure new customers and then suspend them to keep their funds without intention to return them. I am not certain about the accuracy/ details of this FTC report and I do not know how/ where to verify it, but it is made aware to me that Celsius has refused to process the return of funds to other suspended/ closed account users as well. (See "Exhibit D")

Exhibit D:



See "Exhibit E" for another suspended account user found back in April, which again shows that Debtor had no intention to return funds after blocking user's account.

Exhibit E:



9. There was no excuse as to why funds were not actively returned back to us, as stated in section 19A, "*Any Digital Assets that Celsius returns to you will be sent to the designated withdrawal*

*addresses in your user profile on the Celsius platform for each respective Digital Asset you hold.*" The "whitelisted address" we put in could have been used to receive the return of our funds once our accounts were suspended/ terminated by Celsius, instead, Debtor has decided to keep our funds indefinitely unless suspended/ closed account users actively emailed/ contacted the Debtor pursuing the return of funds, back and forth.

10. Such suspended/ closed accounts have been denied login to accounts and access to funds or withdrawals since account suspension, prior to Debtor pausing withdrawal on June 12. In my case, since mid May, which denied my rights to handle my funds since then. It could be earlier for some other suspended users depending on the date of suspension. All these funds have been kept in the platform for months while users could not do anything about their funds and has been dragged on until Debtor filed for ch 11 petition.

Kirkland has mentioned a few dates which email conversations were kept, but intentionally avoided mentioning the date which my account was suspended/ closed, which was in mid May, to which since then the title of ownership of funds should have already returned back to me and the funds return should have been processed.

11. As an entity, there would be a procedure and timeline in which such fund return should be processed, such timeline appears to be 30 days, as seen from me and Luca's email. This timeline would only be reasonable to be counted from the date of suspension, not from the date which email was sent to or received from Debtor, reasoned as follow:

A) If the suspended/ closed account holders do not actively contact Debtor pursuing the return of funds, or were not able to contact Debtor due to their own circumstances, or failed to receive any response from Debtor, does that mean the Debtor does not have the obligation to return funds anymore and get to keep the funds forever to themselves, which it does not have title of ownership to?

B) Per section 19A, Debtor has obligation to return the funds "*If your Celsius Account has a balance when we close it, we will repay and return the remaining Digital Assets to you*", which is regardless of whether the suspended/ closed account users have contacted them or not.

C) Counting 30 days from email reply also subject suspended/ closed account users to moral risks, that the Debtor get to choose not to reply to such emails or intentionally prolong the email reply process in order to avoid returning the funds as stated in their Terms of Use section 19A. In my case, it has taken one week to receive the reply to my email, leading to what Kirkland stated in their objection point 10, "*Prior to the expiration of the thirty days (which would have occurred on July 20, 2022), the Debtors filed for chapter 11 on July 13, 2022, and the automatic stay went into effect.*".

In Luca's case, he did not receive any further reply regarding his return of funds since April 12.

As it can been seen, there was a wide range of days to which email was replied by Debtor, or were never even replied to. Moral risks is a valid concern in this ch 11 case where we now see lots of insider withdrawals with the Schedule of Assets and Liabilities have been released. .

12. Should Debtor comes out of chapter 11 process, suspended/ closed accounts hold no position in the company after reorganization as we were no longer valid customers of Debtor from the date when Debtor froze/ closed our accounts per Terms of Use. We would like to know how the funds in our suspended/ closed accounts would be dealt with once a plan is voted on and moved forward and start operating as a new/ reorganized company.

13. Since suspended/ closed accounts have title of ownership to their funds, such accounts should be considered alongside custody/ withhold accounts, which they have been declared the title of ownership of funds to and be considered in the upcoming hearing regarding the *Joint Stipulation and Agreed Scheduling Order By and Among the Debtors, the Committee, and the Ad Hoc Groups with Respect to the Custody and Withhold Issues.*

Date: 10/24/2022

Respectfully submitted,
Kwok Mei Po
Non-US Creditor with account access blocked in May