Hearing Date: **April 19, 2023, at 11:00 a.m.** (prevailing Eastern Time)
Objection Deadline: **April 12, 2023, at 4:00 p.m.** (prevailing Eastern Time)

Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:     (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | Case No. 22-10943 (MEW) |
| Debtors. | (Jointly Administered) |

**NOTICE OF HEARING ON DEBTORS' SECOND MOTION FOR
ENTRY OF AN ORDER (I) EXTENDING THE TIME TO FILE NOTICES
OF REMOVAL OF CIVIL ACTIONS AND (II) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE** that a hearing on the *Debtors' Second Motion For Entry of an Order (I) Extending the Time to File Notices of Removal of Civil Actions and (II) Granting Related Relief* (the "Motion") will be held on **April 19, 2023, at 11:00 a.m., prevailing Eastern Time** (the "Hearing"). In accordance with General Order M-543 dated March 20, 2020, the Hearing will be conducted telephonically. Any parties wishing to participate must do so by making arrangements through CourtSolutions by visiting https://www.court-solutions.com.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the relief requested in the Motion shall: (a) be in writing; (b) conform to the Federal Rules of Bankruptcy

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

Procedure, the Local Bankruptcy Rules for the Southern District of New York, and all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York; (c) be filed electronically with the Court on the docket of *In re Voyager Digital Holdings, Inc.*, No. 22-10943 (MEW) by registered users of the Court's electronic filing system and in accordance with all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York (which are available on the Court's website at http://www.nysb.uscourts.gov); and (d) be served so as to be actually received by **April 12, 2023, at 4:00 p.m., prevailing Eastern Time** by (i) the entities on the Master Service List available on the case website of the above-captioned debtors and debtors in possession (the "Debtors") at https://cases.stretto.com/Voyager and (ii) any person or entity with a particularized interest in the subject matter of the Motion.

**PLEASE TAKE FURTHER NOTICE** that only those responses or objections that are timely filed, served, and received will be considered at the Hearing. Failure to file a timely objection may result in entry of a final order granting the Motion as requested by the Debtors.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion and other pleadings filed in these chapter 11 cases may be obtained free of charge by visiting the website of Stretto at https://cases.stretto.com/Voyager. You may also obtain copies of the Motion and other pleadings filed in these chapter 11 cases by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

[*Remainder of page intentionally left blank*]

| | |
|---|---|
| Dated: April 3, 2023<br>New York, New York | */s/ Joshua A. Sussberg*<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C.<br>Christopher Marcus, P.C.<br>Christine A. Okike, P.C.<br>Allyson B. Smith (admitted *pro hac vice*)<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:  (212) 446-4800<br>Facsimile:   (212) 446-4900<br>Email:         jsussberg@kirkland.com<br>                   cmarcus@kirkland.com<br>                   christine.okike@kirkland.com<br>                   allyson.smith@kirkland.com<br><br>*Counsel to the Debtors and Debtors in Possession* |

Hearing Date: April 19, 2023, at 11:00 a.m. (prevailing Eastern Time)
Objection Deadline: April 12, 2023, at 4:00 p.m. (prevailing Eastern Time)

Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:      (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | Case No. 22-10943 (MEW) |
| Debtors. | (Jointly Administered) |

**DEBTORS' SECOND MOTION FOR ENTRY
OF AN ORDER (I) EXTENDING THE TIME TO FILE NOTICES
OF REMOVAL OF CIVIL ACTIONS AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state the following in support of this motion (this "Motion"):

**Relief Requested**

1.     The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), (a) extending the period within which the Debtors may remove civil actions pursuant to 28 U.S.C. § 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") to the later of (i) October 2, 2023 (or 180 days from the current deadline

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

to remove actions)[2] and (ii) the first day that is 30 days after entry of an order terminating the automatic stay provided by section 362 of the Bankruptcy Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") with respect to the particular action sought to be removed, without prejudice to the Debtors' right to seek further extensions, and (b) granting related relief.

## Jurisdiction and Venue

2.  The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, entered February 1, 2012. The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.  The bases for the relief requested herein are 28 U.S.C. § 1452, section 105(a) of the Bankruptcy Code, Bankruptcy Rules 9006 and 9027, and rule 9006-2 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

## Background

5.  On July 5, 2022 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. A detailed description of the facts and circumstances of these chapter 11 cases is set forth in the *Declaration of Stephen Ehrlich, Chief*

---

[2]  Calculated in accordance with Bankruptcy Rule 9006(a).

2

*Executive Officer of the Debtors, in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 15] (the "First Day Declaration"), incorporated by reference herein.[3]

6.     The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. These chapter 11 cases have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 18]. On July 19, 2022, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed an official committee of unsecured creditors [Docket No. 102] (the "Committee").

7.     On September 14, 2022, the Debtors filed the First Removal Motion, which was approved pursuant to the *Order (I) Extending the Time to File Notices of Removal of Civil Actions and (II) Granting Related Relief* [Docket No. 471] (the "Initial Removal Order"). The Initial Removal Order extended the statutory period within which the Debtors may file notices of removal of the Actions, as defined herein, (the "Removal Period") by 180 days to the later of (a) April 3, 2023 and (b) the first day that is 30 days after entry of an order terminating the automatic stay provided by section 362 of the Bankruptcy Code with respect to the particular Action sought to be removed. The extension was without prejudice to the Debtors' rights to seek further extensions of the Removal Period.

8.     On March 8, 2023, the Court entered the *Amended Order (I) Approving the Second Amended Disclosure Statement and (II) Confirming the Third Amended Joint Plan of Voyager*

---

[3] Capitalized terms not defined herein shall have the meanings ascribed to such terms in the First Day Declaration, the *Third Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 1138] (the "Plan"), or the *Debtors' Motion for Entry of an Order (I) Extending the Time to File Notices of Removal of Civil Actions and (II) Granting Related Relief* [Docket No. 424] (the "First Removal Motion"), as applicable.

3

*Digital Holdings, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 1159] (the "Confirmation Order").

### The Actions

9. The Debtors are party to a number of civil actions and administrative proceedings commenced prepetition and pending in various jurisdictions (collectively, the "Prepetition Actions"). Additionally, if commenced in compliance with the exceptions to the automatic stay imposed by section 362 of the Bankruptcy Code, parties may commence civil actions against the Debtors during the pendency of these chapter 11 cases (collectively, the "Postpetition Actions," and together with the Prepetition Actions, collectively, the "Actions"). These Actions may be subject to removal pursuant to 28 U.S.C. § 1452, and, as of the date hereof, the Removal Period has not yet expired.

10. Throughout these chapter 11 cases, the Debtors have worked diligently on a number of critical matters but have not yet determined which Actions, if any, they may seek to remove. Among other things, the Debtors and their professionals have been focused on:

- obtaining relief that has enabled the Debtors to continue to maintain their platform, operations, and workforce, including obtaining approval of a number of "first day" motions, "second day" motions, and retention applications;

- preparing for and attending various hearings, including the first and second day hearings, omnibus hearings, and the Confirmation Hearing, among others;

- preparing and filing the Debtors' schedules of assets and liabilities and statements of financial affairs;

- retaianing various professionals critical to the success of the Debtors' chapter 11 cases;

- engaging with and responding to diligence requests from the U.S. Trustee and the Committee;

- conducting and completing two extensive and rigorous marketing processes for a sale of substantially all of the Debtors' assets on expedited timelines;

4

- obtaining Court approval to, and processing all customer withdrawals from the MC FBO Accounts[4];

- forming a special committee and completing an investigation of, among other things, the Debtors' historical transactions;

- implementing a key employee retention program;

- filing a chapter 11 plan and related disclosure statement;

- commencing and completing solicitation of the Plan;

- addressing numerous questions, concerns, and issues raised by employees, vendors, customers, and other parties in interest;

- drafting and filing omnibus claim objections;

- defending against complex adversary proceedings;

- negotiating and finalizing a settlement with FTX/Alameda with respect to its loan claim; and

- obtaining confirmation of the Plan, and litigating appeals thereof.

11. As a result, the Debtors respectfully submit the extension requested herein will provide the Debtors with an appropriate amount of time to determine which Actions, if any, they may seek to remove.

**Basis for Relief**

12. Bankruptcy Rule 9027 and 28 U.S.C. § 1452 govern the removal of pending civil actions related to bankruptcy cases.[5]

---

[4] As defined in the *Debtors' Motion Seeking Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (D) Continue to Perform Intercompany Transactions, (II) Granting Superpriority Administrative Expense Status to Postpetition Intercompany Balances, and (III) Granting Related Relief* [Docket No. 10].

[5] *See, e.g.*, *In re Danbury Square Assocs., Ltd. P'Ship*, 153 B.R. 657, 659 n.1 (Bankr. S.D.N.Y. 1993) (citing Bankruptcy Rule 9027(a) and stating that "[a] petition for removal of a case pursuant to 28 U.S.C. § 1452 from a state court to federal court is properly filed with the clerk of the bankruptcy court for the district and division within which is located the state court where the civil action is pending."); *Jandous Elec. Constr. Corp. v. City of*
(Continued…)

5

13. Specifically, 28 U.S.C. § 1452(a) provides:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).

14. Bankruptcy Rule 9027(a)(2) sets forth the time periods for filing notices to remove claims or causes of action and provides, with regard to prepetition actions, in pertinent part:

> If the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may be filed [in the bankruptcy court] only within the longest of (A) 90 days after the order for relief in the case under the [Bankruptcy] Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the [Bankruptcy] Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).

15. With respect to postpetition actions, Bankruptcy Rule 9027(a)(3) provides:

> If the claim or cause of action is asserted in another court after the commencement of a case under the [Bankruptcy] Code, a notice of removal may be filed with the clerk only within the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed, or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons.

Fed. R. Bankr. P. 9027(a)(3).

16. Bankruptcy Rule 9006(b) permits a court to extend the time period provided by Bankruptcy Rule 9027 to remove actions for cause shown, and specifically states:

---

*N.Y. (In re Jandous Elect Constr. Corp.)*, 106 B.R. 48, 49 (Bankr. S.D.N.Y. 1989) ("Bankruptcy Rule 9027 governs the removal of civil actions pending in nonbankruptcy courts to the bankruptcy court.").

6

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order.

Fed. R. Bankr. P. 9006(b)(1).

17. It is well established that Bankruptcy Rule 9006(b) authorizes the Court to enlarge the Removal Period provided under 28 U.S.C. § 1452 and Bankruptcy Rule 9027. *See*, *e.g.*, *In re Fairfield Sentry Ltd. Litig.*, 458 B.R. 665, 691 (S.D.N.Y. 2011) ("Bankruptcy Rule 9006(b)(1) allows the bankruptcy court to enlarge the time for removal before the time for removal expires *sua sponte*."); *In re Jandous Electric Const. Corp.*, 106 B.R. 48, 50 (Bankr. S.D.N.Y. 1989) (holding that the period in which to file motion to remove may be expanded pursuant to Bankruptcy Rule 9006). Further, the Removal Period may be extended under Bankruptcy Rule 9006(b)(1) where, as here, "the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order."

18. The Debtors are seeking to extend the Removal Period deadline under Bankruptcy Rule 9027(a)(2)(A), which would otherwise expire on April 3, 2023, to ensure the Debtors' right to remove is preserved and that creditors are on notice of such extended removal deadline.[6]

19. The Debtors' decision regarding whether to seek removal of any particular Action depends on a number of factors, including: (a) the importance of the Action to the resolution of these chapter 11 cases; (b) the time required to complete the Action in its current venue; (c) the presence of federal subject matter jurisdiction in the proceeding that may allow one or more

---

[6] Consistent with Local Rule 9006-2, this Motion is being filed prior to the expiration of the Removal Period; thus, the Debtors submit that the Removal Period shall be automatically extended until the Court resolves the Motion if the Motion is not resolved before April 3, 2023.

7

aspects thereof to be heard by a federal court; (d) the relationship between the Action and the matters to be considered in connection with the Debtors' reorganization process, claims allowance process, and assumption or rejection of executory contracts and unexpired leases; and (e) the progress made to date in the applicable Action. Accordingly, to make the appropriate determination as to whether they should seek removal, the Debtors must analyze each Action following the full consideration of the foregoing factors.

20. For the reasons set forth above, however, the Debtors have not yet had the opportunity to properly consider, or make decisions concerning, the removal of the Actions. Accordingly, the Debtors request that the Court extend the Removal Period as set forth herein, without prejudice to the Debtors' right to seek further extensions. The Debtors believe that extending the Removal Period as requested herein will provide the Debtors' management and advisors sufficient time to consider and make fully informed decisions concerning the removal of the Actions, thereby ensuring that the Debtors can appropriately exercise the rights granted by 28 U.S.C. § 1452.

21. Further, the rights of any party to the Actions will not be unduly prejudiced by the Debtors' requested extension. Given that section 362(a) of the Bankruptcy Code automatically stays actions against the Debtors, most of the Actions will not proceed in their respective courts during these chapter 11 cases, even absent the relief requested herein. Moreover, if the Debtors ultimately seek to remove any action pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027, any party to such action may seek to have such action remanded pursuant to 28 U.S.C. § 1452(b), which provides that "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." Importantly, the relief requested herein

does not limit or alter any party's rights under 28 U.S.C. § 1452(b) to seek a remand. Accordingly, the Debtors submit that cause exists for the relief requested herein.

22. Courts in this jurisdiction have granted removal period extensions similar to the extension requested herein. *See, e.g.*, *In re GTT Communications*, No. 21-11880 (MEW) (Bankr. S.D.N.Y. Aug. 10, 2022) (granting second extension of the removal period from July 28, 2022 through the later of (a) December 31, 2022 and (b) the first day that is 30 days after entry of an order terminating the automatic stay with respect to the particular action sought to be removed); *In re Frontier Comm's Corp.*, No. 20-22476 (RDD) (Bankr. S.D.N.Y. April 12, 2021) (granting second extension of the removal period through the later of (a) 180 days from the first deadline to remove actions and (b) the first day that is 30 days after entry of an order terminating the automatic stay with respect to the particular action sought to be removed); *In re Avianca Holdings S.A.*, No. 20-11133 (MG) (Bankr. S.D.N.Y. Jan. 19, 2021) (same); *In re Windstream Holdings, Inc.*, No. 19-22312 (RDD) (Bankr. S.D.N.Y. Nov. 21, 2019) (granting second extension of the removal period through and including the date on which an order is entered confirming a chapter 11 plan); *In re Avaya Inc.*, No. 17-10089 (SMB) (Bankr. S.D.N.Y. July 24, 2017) (granting second, 180-day extension of the removal period through the effective date).[7]

23. Accordingly, for the reasons set forth above, the Debtors submit that cause exists for the Court to extend the Removal Deadline to the later of (a) October 2, 2023 and (b) the first day that is 30 days after entry of an order terminating the automatic stay provided by section 362 of the Bankruptcy Code with respect to the particular Action sought to be removed, without prejudice to the Debtors' rights to seek further extensions.

---

[7] Because of the voluminous nature of the orders cited herein, they are not attached to this Motion. Copies of these orders are available upon request of Debtors' counsel.

## Motion Practice

24. This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this Motion. Accordingly, the Debtors submit that this Motion satisfies Local Rule 9013-1(a).

## Notice

25. The Debtors will provide notice of this Motion to the following parties and/or their respective counsel, as applicable: (a) the U.S. Trustee; (b) the Committee; (c) the lender under the Debtors' prepetition loan facility; (d) the United States Attorney's Office for the Southern District of New York; (e) the Internal Revenue Service; (f) the Toronto Stock Exchange; (g) the attorneys general in the states where the Debtors conduct their business operations; and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

26. No prior request for the relief sought in this Motion has been made to this or any other court.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors respectfully request that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

| | |
|---|---|
| Dated: April 3, 2023<br>New York, New York | */s/ Joshua A. Sussberg*<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C.<br>Christopher Marcus, P.C.<br>Christine A. Okike, P.C.<br>Allyson B. Smith (admitted *pro hac vice*)<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:  (212) 446-4800<br>Facsimile:   (212) 446-4900<br>Email:   jsussberg@kirkland.com<br>            cmarcus@kirkland.com<br>            christine.okike@kirkland.com<br>            allyson.smith@kirkland.com<br><br>*Counsel to the Debtors and Debtors in Possession* |

**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) ) ) | Case No. 22-10943 (MEW) |
| Debtors. | ) ) | (Jointly Administered) |

**ORDER (I) FURTHER EXTENDING THE TIME TO FILE NOTICES
OF REMOVAL OF CIVIL ACTIONS AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") granting the Debtors an extension to file notices of removal of Actions pursuant to 28 U.S.C. § 1452, section 105(a) of the Bankruptcy Code, and Bankruptcy Rules 9006(b) and 9027, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital, Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The time period by which the Debtors may file notices of removal in this Court with respect to the Actions pursuant to Bankruptcy Rule 9027(a)(2) is extended through and including the later of (a) October 2, 2023 and (b) the first day that is 30 days after entry of an order terminating the automatic stay provided by section 362 of the Bankruptcy Code with respect to the particular Action sought to be removed.

3. This Order is without prejudice to the Debtors' right to request a further extension of time to file notices of removal of any or all of the Actions.

4. This Order shall be without prejudice to any position the Debtors may take regarding whether section 362 of the Bankruptcy Code applies to stay any Action.

5. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

6. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

7. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

8. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2023

                                        THE HONORABLE MICHAEL E. WILES
                                        UNITED STATES BANKRUPTCY JUDGE