**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**JOINT STIPULATION AND AGREED ORDER BETWEEN THE DEBTORS AND THE COMMITTEE WITH RESPECT TO CRYPTOCURRENCY SECURITY**

This stipulation and agreed order (the "Stipulation and Order") is entered into by and among Celsius Network LLC and its affiliated debtors and debtors in possession (the "Debtors") and the Official Committee of Unsecured Creditors (the "Committee" and, together with the Debtors, the "Parties"), each of which agrees and stipulates to the following:

**RECITALS**

**WHEREAS**, on July 13, 2022, each of the Debtors filed a petition with the United States Bankruptcy Court for the Southern District of New York (the "Court") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and the Debtors filed certain first day motions requesting operational relief, including the *Debtors' Motion Seeking Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (D) Continue to Perform Intercompany Transactions, (II) Granting Superpriority Administrative Expense Status to Postpetition Intercompany Balances, and (III) Granting Related Relief* [Docket No. 21] (the "Cash Management Motion"), pursuant to which the Debtors requested authority to continue

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

operating their cash and cryptocurrency management system.

**WHEREAS**, the Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

**WHEREAS**, on July 27, 2022, the United States Trustee (the "UST") appointed the Committee, comprised of seven account holders of the Debtors. *See* [Docket No. 241].

**WHEREAS**, on August 9, 2022, the Committee objected to the Cash Management Motion on a variety of bases, including that the Committee believed that, to ensure that the cryptocurrency, crypto tokens, digital assets, and other cryptocurrency assets (collectively, "Cryptocurrency") in the possession of the Debtors would be "protected and managed prudently," the Debtors' ability to conduct Cryptocurrency transactions should be restricted. *See The Official Committee of Unsecured Creditors' Limited Objection to the Debtors' Cash Management Motion* [Docket No. 401] (the "UCC Cash Management Objection"), ¶ 14.

**WHEREAS**, the Debtors and the Committee do not believe that section 345 of the Bankruptcy Code applies to the Cryptocurrency but, to the extent that it does, an exemption is warranted because Cryptocurrency cannot be stored in a traditional bank the same way that fiat currency can be stored and the protocols set forth in this Stipulation and Order represent a better and more appropriate security solution for the Debtors' Cryptocurrency holdings.

**WHEREAS**, on September 2, 2022, the Court entered the *Third Interim Order (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (D) Continue to Perform Intercompany Transactions, (II) Granting Superpriority Administrative Expense Status to Postpetition Intercompany Balances, and (III) Granting Related Relief* [Docket No. 699] (the "Third Interim Cash Management Order"), which (among other things) restricted the Debtors' ability to transfer Cryptocurrency absent further Court

2

order. *See* Third Interim Cash Management Order, ¶¶ 5-7.

**WHEREAS**, the Committee and the Debtors have engaged in discussions regarding best practices and appropriate protections for the Debtors' ongoing management and safeguarding of Cryptocurrency held on the Debtors' platform.

**WHEREAS**, on August 26, 2022, the Committee sent a letter to the Debtors, requesting the implementation of certain changes to the Debtors' practices for authorizing transfers and holding the keys to the Debtors' private wallets (the "Account Keys"), including that the Debtors (i) transfer authority to implement transactions to named individuals located in the United States and (ii) transfer the Account Keys to a well-capitalized institutional custodian that (x) holds a banking or trust license, (y) operates within the United States and is within the jurisdiction of this Court, and (z) is otherwise acceptable to the Committee and the Court (an "Acceptable Custodian").

**WHEREAS**, on August 22, 2022, the Debtors filed the *Budget and Coin Report* [Docket No. 447, Exhibit A], which disclosed that, as of July 29, 2022, the Debtors held approximately USD $3.8 billion of Cryptocurrency in various digital "wallets." The majority of the Cryptocurrency in the Debtors' control (including inbound coins from "DeFi," staking rewards, and user deposits, the "Controlled Cryptocurrency") is stored by the Debtors using software produced by Fireblocks Inc. ("Fireblocks").

**WHEREAS,** the Debtors have historically utilized a multi-party computation system to authorize transactions on the Fireblocks workspace, which required an external wallet to first be "whitelisted" and, second, that the ultimate transaction be approved by a quorum of authorized individuals who hold a portion of Account Keys with each wallet requiring a unique combination of authorizations for any Cryptocurrency transaction in accordance with such wallet's applicable policies. The Committee does not object to the use of the Fireblocks workspace, subject to the terms of this Stipulation and Order.

**WHEREAS**, the Debtors formerly utilized an automatic authorization system (the "Automatic System") with respect to transactions below a certain dollar amount threshold.

**WHEREAS**, the Debtors have removed access to Fireblocks from all individuals who were previously authorized to initiate transactions (*i.e.*, traders and coin deployment specialists).

**WHEREAS**, the Debtors have (i) frozen their workspaces at Fireblocks (except for the workspace owned by Debtor Celsius Mining LLC related to its Bitcoin mining operations pursuant to the *Order (I) Permitting Sale of the Debtors' Mined Bitcoin in the Ordinary Course and (II) Granting Related Relief* [Docket No. 514] (the "Mined Bitcoin Order")) and (ii) changed their protocols to require the written and verbal consent of all four U.S. based authorized individuals (the "U.S. Authorized Individual(s)") and at least one of two non-U.S. based authorized individuals (the "Non-U.S. Authorized Individual(s)," and, collectively with the U.S. Authorized Individuals, the "Authorized Individual(s)") to unlock such workspaces.

**WHEREAS**, the Automatic System has been deactivated and no transactions can currently occur without written and verbal authorization of the quorum of Authorized Individuals described above.

**WHEREAS**, physical backup of and access to the Account Keys and certain of the existing custodians for Controlled Cryptocurrency are located outside the United States.

**WHEREAS**, the Parties have agreed to the requirements set forth in this Stipulation and Order to further protect the Account Keys and prevent unauthorized transactions.

**WHEREAS**, the Parties now jointly submit this Stipulation and Order and respectfully request that the Court approve the procedures set forth below.

**IT IS THEREFORE STIPULATED AND AGREED, AND UPON BANKRUPTCY COURT APPROVAL HEREOF, IT IS HEREBY ORDERED THAT**:

1. The Debtors shall maintain at least four U.S. Authorized Individuals. The identities of the Authorized Individuals shall be disclosed to the Committee in advance of the

Transfer Date (as defined below). If the Committee has any objections to any person serving as an Authorized Individual, the Debtors shall work in good faith with the Committee to resolve the objection (including replacing such person as an Authorized Individual if such objection cannot be otherwise resolved). On or before the Transfer Date, the Debtors shall coordinate with Fireblocks and the Acceptable Custodian to distribute new Account Keys to any new Authorized Individuals, as reconstituted consistent with this paragraph 1.

2. The Debtors shall select an Acceptable Custodian from a list of entities provided by the Committee to (i) hold the backup for the Account Keys and (ii) implement transfers of Controlled Cryptocurrency as authorized pursuant to the terms of this Stipulation and Order. The Debtors shall provide an estimate of the Acceptable Custodian's costs to the Committee and update the Debtors' budget to account for such costs. If the Debtors and the Committee have not reached agreement on an Acceptable Custodian by September 23, 2022 or such later date as may be agreed by the Debtors and the Committee (e-mail being sufficient), then the Debtors may submit their proposed Acceptable Custodian for approval and the Court shall determine whether the Debtors' proposed Acceptable Custodian shall be approved. For the avoidance of doubt, any Acceptable Custodian must (i) hold a banking or trust charter, (ii) be subject to federal or State supervision as a banking or trust entity, and (iii) operate within the United States and be subject to the jurisdiction of this Court. Notwithstanding the provisions of the Third Interim Cash Management Order and any further interim or final orders entered with respect to the Cash Management Motion, the Debtors shall transfer the backup for the Account Keys to an Acceptable Custodian by October 4, 2022, or such later date as may be agreed upon by the Debtors and the Committee (e-mail being sufficient) (the "Transfer Date"). If no Acceptable Custodian is identified that is willing to provide the services described in this Stipulation and Order on terms that are reasonably acceptable to the Debtors and the Committee, following discussions with the Debtors, the Committee, and any such proposed

5

Acceptable Custodians (including, without limitation, with respect to the security of the Acceptable Custodian, the policies and procedures that the Acceptable Custodian would adopt in connection with its role under this Stipulation and Order, and the costs related to the Acceptable Custodian's services), then the Debtors and the Committee agree to negotiate in good faith regarding appropriate modifications to this Stipulation and Order. In the event that there is no agreement with respect to any such modifications, the Parties shall seek further order of this Court. For the avoidance of doubt, prior to the Transfer Date and until such further modifications are agreed upon or a further order of the Court is obtained, transfers of Controlled Cryptocurrency shall be governed by paragraph 4 below.

3. On or before the Transfer Date, each of the Authorized Individuals shall consent in writing (which may be via e-mail) to: (i) be subject to the jurisdiction of this Court; and (ii) comply with the terms of this Stipulation and Order.

4. The Authorized Individuals may not authorize the transfer of any Controlled Cryptocurrency except (i) as set forth in an order of the Court (including the Mined Bitcoin Order) and (ii) as authorized by at least four Authorized Individuals, including at least three U.S. Authorized Individuals. Prior to the transfer of the Account Keys to an Acceptable Custodian, the Debtors agree that any transfer of Controlled Cryptocurrency must receive prior approval by the Special Committee of Celsius Network Ltd, with notice given to the Committee prior to such approval.

5. The Acceptable Custodian shall not implement any transfer of Controlled Cryptocurrency unless (i) authorized by the requisite Authorized Individuals as set forth in paragraph 4 above and (ii) approved by the Special Committee of Celsius Network Ltd. The Debtors shall concurrently provide notice of the authorization of any transfer by the Authorized Individuals to the Committee, and absent an emergency, the Special Committee shall not approve such transaction before the expiration of the 48 hours after giving of such notice to the

6

Committee (which may be via e-mail).

6. As contemplated by the *Stipulation and Agreed Order Regarding Framework for the Distribution of the Debtors' Reporting Information to the Committee* [Docket No. 668], the Debtors shall provide weekly reporting on each Friday to the Committee of coin counts and values with prices for each coin type for all Controlled Cryptocurrency. The Debtors shall report the value of Cryptocurrency by reference to a market data price feed agreed to by the Committee.

7. Absent the advanced written consent from the Committee or further order of the Court, the Debtors shall not (i) change the Authorized Individuals, (ii) add additional Authorized Individuals, (iii) unfreeze any of the Debtors' Fireblocks workspaces (except for the workspace for Celsius Mining LLC solely as it relates to the sale of mined Bitcoin pursuant to the Mined Bitcoin Order), (iv) change the requirements to transfer Cryptocurrency from the Debtors' wallets set forth in this Stipulation and Order, (v) hold Cryptocurrency with any entity other than the Acceptable Custodian, or (vi) otherwise modify any process set forth in this Stipulation and Order, including the reporting obligations set forth in paragraph 6 above; *provided* that the Debtors (A) may unfreeze any of the Debtors' Fireblocks workspaces solely as necessary to securely store new Cryptocurrency that comes to the Debtors from unaffiliated third parties, whether as repayment of a loan, a return of Cryptocurrency previously posted as collateral or staked, or otherwise and (B) shall provide the Committee with concurrent notice of any such action. Further, the Debtors shall ensure that inbound coins from DeFi, staking rewards, and user deposits shall continue to be placed with the Acceptable Custodian, and be subject to the same controls as all other Cryptocurrency as set forth herein.

8. The transfer of the Account Keys shall not alter any account holders' rights to or property interests in the Cryptocurrency assets transferred to and held by the Debtors.

9. The Committee is authorized to seek emergency relief from the Court on

7

three (3) calendar days' notice if counsel to the Committee reasonably believes that the Debtors have not complied or are not complying with any provision of this Stipulation and Order.

10. The Parties agree that the names of the Authorized Individuals and the Acceptable Custodian shall remain confidential except on an as-needed basis.

11. This Stipulation and Order shall not become effective unless and until it is approved by the Court.

12. This Stipulation and Order shall be binding on and inure to the benefit of the Parties and their respective heirs, executors, administrators, successors, and permitted assigns.

13. Neither this Stipulation and Order nor any right or interest hereunder may be assigned in whole or in part by either of the Parties without the prior consent of the other Party.

14. The Parties are authorized to take all actions necessary to effectuate the relief set forth in this Stipulation and Order.

15. The Court shall have exclusive jurisdiction to resolve any and all disputes related to this Stipulation and Order. Each of the Parties irrevocably consents for all purposes of this Stipulation and Order to the jurisdiction of the Court and agrees that venue is proper in the Court.

16. Nothing in this Stipulation and Order, whether express or implied, shall be construed to give to any person or entity other than the Parties any legal or equitable right, remedy, interest, or claim under or in respect of this Stipulation and Order.

17. This Stipulation and Order represents the Parties' mutual understandings and supersedes all prior agreements whether in oral or written form.

18. This Stipulation and Order shall be effective and enforceable immediately upon entry.

**SO STIPULATED:**

Dated: September 13, 2022

| THE DEBTORS | THE COMMITTEE |
|---|---|
| Kirkland & Ellis LLP | White & Case LLP |
| Kirkland & Ellis International LLP | /s/ *Keith H. Wofford* |
| /s/ *Joshua A. Sussberg* | David M. Turetsky |
| Joshua A. Sussberg, P.C. | Samuel P. Hershey |
| 601 Lexington Avenue | Keith H. Wofford |
| New York, New York 10022 | 1221 Avenue of the Americas |
| Telephone: (212) 446-4800 | New York, New York 10020 |
| Facsimile: (212) 446-4900 | Telephone: (212) 819-8200 |
| Email: jsussberg@kirkland.com | Facsimile: (212) 354-8113 |
| | Email: david.turetsky@whitecase.com |
| – and – | sam.hershey@whitecase.com |
| | kwofford@whitecase.com |
| Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*) | |
| Ross M. Kwasteniet, P.C. (admitted *pro hac vice*) | – and – |
| Christopher S. Koenig | |
| Dan Latona (admitted *pro hac vice*) | Michael C. Andolina (admitted *pro hac vice*) |
| 300 North LaSalle Street Chicago, Illinois 60654 | Gregory F. Pesce (admitted *pro hac vice*) |
| Telephone: (312) 862-2000 | 111 South Wacker Drive, Suite 5100 |
| Facsimile: (312) 862-2200 | Chicago, Illinois 60606 |
| Email: patrick.nash@kirkland.com | Telephone: (312) 881-5400 |
| ross.kwasteniet@kirkland.com | Facsimile: (312) 881-5450 |
| chris.koenig@kirkland.com | Email: mandolina@whitecase.com |
| dan.latona@kirkland.com | gregory.pesce@whitecase.com |
| | |
| *Proposed Counsel to the Debtors and Debtors-in-Possession* | – and – |
| | |
| | Aaron E. Colodny (admitted *pro hac vice*) |
| | 555 South Flower Street, Suite 2700 |
| | Los Angeles, California 90071 |
| | Telephone: (213) 620-7700 |
| | Facsimile: (213) 452-2329 |
| | Email: aaron.colodny@whitecase.com |
| | |
| | *Proposed Counsel to the Official Committee of Unsecured Creditors* |

**IT IS SO ORDERED.**

Dated:  November 2, 2022
        New York, New York

                                           **/s/ Martin Glenn**
                                            MARTIN GLENN
                              Chief United States Bankruptcy Judge