UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: ) | NOT FOR PUBLICATION |
| ) | |
| CELSIUS NETWORK LLC, *et al.*, ) | Chapter 11 |
| ) | Case No. 22-10964 (MG) |
| ) | |
| Debtors. ) | (Jointly Administered) |
| ) | |

**MEMORANDUM OPINION AND ORDER DENYING
VICTOR UBIERNA DE LAS HERAS' MOTION FOR AN ORDER PURSUANT TO
BANKRUPTCY RULE 2004 COMPELLING THE PRODUCTION OF DOCUMENTS**

*A P P E A R A N C E S:*

VICTOR UBIERNA DE LA HERAS
*Pro se creditor*

KIRKLAND & ELLIS LLP
*Attorneys for the Debtor*
601 Lexington Avenue
New York, NY 10022
By:    Joshua Sussberg, Esq.
       Patrick J. Nash, Jr., Esq.
       Ross M. Kwasteniet, Esq.
       Christopher S. Koenig, Esq.
       Dan Latona, Esq.


**MARTIN GLENN
CHIEF UNITED STATES BANKRUPTCY JUDGE**

Pending before the Court is *pro se* creditor Víctor Ubierna de las Heras' ("Heras") motion (the "Motion," ECF Doc. # 1053) for entry of an order pursuant to Fed. R. Bankr. P. 2004 for the production of documents. The Motion attaches a proposed order (the "Proposed Order") as Exhibit A and a list of requested documents (the "Document Request") as Exhibit B. The objection deadline was October 25, 2022, at 4:00 p.m. The Debtors filed an objection (the

1

"Debtors' Objection," ECF Doc.# 1189.) Heras also filed a reply (the "Reply," ECF Doc. # 1219.)

For the following reasons, Heras' Motion is **DENIED**.

# I. BACKGROUND

## A. The Motion

The Motion seeks an order compelling the Debtors to produce certain documents. (Motion ¶ 17). The documents requested relate to several issues: 1) whether Celsius was insolvent in 2019; 2) whether yields to existing customers were being paid with the assets of new investors; 3) whether an insider took a loan in the period just before the petition date 4) whether account funds were comingled; 5) whether the wife of former Chief Executive Officer Alex Mashinsky was selling t-shirts at the 341 meeting of creditors; and 6) whether insider transfers were locked following the Celsius "pause." (Motion ¶¶ 2–6.)

## B. The Debtors' Objection

The Debtors' Objection argues that Heras has not shown good cause for a Rule 2004 Examination. (Debtors Objection ¶ 9.) Specifically, the Debtors argue that Heras' interests are well represented in that the issues he raises are being thoroughly investigated and granting the Motion would risk duplication of efforts. (*Id.* ¶ 10.) The Debtors also argue that, if the Court grants the Motion, the Debtors would be flooded with similar motions from creditors, which would take away from the Debtors' efforts to comply with ongoing investigations and complete their marketing process. (*Id.* ¶ 11.)

## C. The Reply

The Reply argues that creditors are not forbidden from requesting a Rule 2004 production of documents just because another party is investigating. (Reply ¶¶ 1–6.) The Reply also argues that because the Official Committee of Unsecured Creditors (the "Committee") is a fiduciary to

*all* creditors, they may not be adequately representing his specific interests. (*Id.* ¶¶ 7–12.) Finally, the Reply argues that the fact that the Debtors are busy with their marketing process does not shield them from Rule 2004 discovery. (*Id.* ¶ 13.)

### D. The Appointment of the Examiner

On September 14, 2022, the Court issued the *Order Directing the Appointment of an Examiner Pursuant to Section 1104(c) of the Bankruptcy Code* (the "Examiner Order, ECF Doc. # 820), directing the appointment of an Examiner under section 1104(c) to investigate:

1. the Debtors' cryptocurrency holdings, including a determination as to where the Debtors' cryptocurrency holdings were stored prepetition and are stored postpetition and whether different types of accounts are commingled;

2. why there was a change in account offerings beginning in April 2022 from the Earn Program to the Custody Service for some customers while others were placed in a "Withhold Account";

3. the Debtors' procedures for paying sales taxes, use taxes, and value added taxes and the extent of the Debtors' compliance with any non-bankruptcy laws with respect thereto;

4. the current status of the utility obligations of the Debtors' mining business and;

5. otherwise perform the duties of an examiner set forth in §§ 1106(a)(3) and 1106(a)(4) of the Bankruptcy Code.

(Examiner Order ¶ 3.)

The Examiner Order further provides that subject to its terms: "the Debtors shall provide to the Examiner all non-privileged documents and information within their possession that the Examiner reasonably deems relevant to perform the Investigation." (Examiner Order at ¶ 6.) On September 29, 2022, the United States Trustee appointed Shoba Pillay as Examiner. Upon her appointment, the Examiner began investigating certain aspects of the Debtors' prepetition practices and the events leading up to these Chapter 11 Cases. (Debtors' Objection ¶ 1.)

On October 18, 2022, the Examiner filed a motion to expand the scope of her investigation. ("Motion to Expand Scope," ECF Doc. # 1112.) The Motion to Expand Scope explains that the Examiner Order provides that the scope may be expanded as follows:

> Once the Examiner is appointed, the Examiner and the Examiner's professionals shall consult with the Committee, the Debtors, and the United States Trustee, and review the pro se filings related to the Motion, to consider whether any revisions to the Scope are appropriate. Any proposed revisions to the Scope should be included in an application to the Court to amend this Order.

(Examiner Order ¶ 16.)

The Examiner Order also provides that its entry is:

> without prejudice to (i) the right of any party to seek relief from the Court to further expand the Scope of the Investigation, and (ii) the right of the Examiner to seek such other relief from the Court as he or she may deem appropriate in furtherance of the discharge of his or her duties and the investigation.

(Examiner Order ¶ 13.)

In response to the Motion to Expand Scope, both Debtors and the Committee filed additional statements. The Motion to Expand was granted at the hearing on November 1, 2022. (ECF Doc. # 1260.)

Additionally, on October 31, 2022, the Court entered an order authorizing the Examiner to conduct Rule 2004 examinations, including compelling the production of documents. (ECF doc. # 1232.)

## II. LEGAL STANDARD

Rule 2004 of the Federal Rules of Bankruptcy Procedure provides that "[o]n motion of any party in interest, the court may order the examination of any entity." FED. R. BANKR. P. 2004(a). The examination may relate to "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge . . . ." FED. R. BANKR. P. 2004(b).

4

In granting a Rule 2004 examination request, the Court is required to make a finding of good cause for the examination. *See In re Metiom, Inc.,* 318 B.R. 263, 268 (S.D.N.Y. 2004). In addition, the court must weigh the relevance of the discovery against the burden it will impose on the producing party. *In re Drexel Burnham Lambert Grp., Inc.,* 123 B.R. 702, 712 *(*Bankr. S.D.N.Y. 1991) ("Rule 2004 requires that we balance the compelling interests of the parties, weighing the relevance of and necessity of the information sought by examination."); *see also In re Texaco*, 79 B.R. 551, 553 (Bankr. S.D.N.Y. 1987) ("[T]he examination should not be so broad as to be more disruptive and costly to the [producing party] than beneficial to the [requesting party].")

### III. DISCUSSION

Here, Heras has shown not shown good cause for him to conduct a Rule 2004 examination. The Court has already appointed an Examiner to investigate. (Examiner Order ¶ 3 (directing the Examiner to look into among other things, commingling of pre-petition funds)). In addition, the Committee is authorized under 11 U.S.C. § 1103(c)(2) to "investigate the acts, conduct, assets, liabilities, and financial condition of the debtor, the operation of the debtor's business and the desirability of the continuance of such business, and any other matter relevant to the case or to the formulation of a plan." The Committee's counsel is conducting an investigation into certain of the Debtors' pre-petition practices, as is the special committee of the board of Debtor Celsius Network Limited. (Debtors' Objection ¶ 1.)

Considering these ongoing investigations, the Court concludes that permitting private-party discovery at this time under Rule 2004 would duplicate efforts, wasting estate resources. Heras argues these ongoing investigations do not adequately represent his interests, but the Court disagrees. The burden on the Debtors of private discovery outweighs the relevance of Heras' requested discovery. *Drexel Burnham Lambert*, 123 B.R. at 712 ("Rule 2004 requires that we

balance the compelling interests of the parties, weighing the relevance of and necessity of the information sought by examination."). The Court finds that good cause is lacking to permit unsecured creditors to launch their own discovery, given the burden and expense that will necessarily arise from such investigations, further jeopardizing the recoveries for all creditors.

### IV. CONCLUSION

For the reasons explained above, the Motion is **DENIED**.

**IT IS SO ORDERED.**

Dated:   November 2, 2022
         New York, New York

*Martin Glenn*
MARTIN GLENN
Chief United States Bankruptcy Judge