UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>CELSIUS NETWORK LLC, *et al.*,<br><br>                    Debtors. | NOT FOR PUBLICATION<br><br>Chapter 11<br>Case No. 22-10964 (MG)<br><br>(Jointly Administered) |

### MEMORANDUM OPINION AND ORDER DENYING DANIEL A. FRISHBERG'S MOTION TO COMPEL THE DEBTORS OR UCC TO BRING INSIDER CLAWBACK ACTIONS

*A P P E A R A N C E S:*

DANIEL A. FRISHBERG
*Pro se creditor*

KIRKLAND & ELLIS LLP
*Attorneys for the Debtor*
601 Lexington Avenue
New York, NY 10022
By:    Joshua Sussberg, Esq.
       Patrick J. Nash, Jr., Esq.
       Ross M. Kwasteniet, Esq.
       Christopher S. Koenig, Esq.
       Dan Latona, Esq.

**MARTIN GLENN**
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

   Pending before the Court is *pro se* creditor Daniel A. Frishberg's ("Mr. Frishberg") *Amended Motion to Compel Insider Clawbacks by the Debtors/UCC*[1] ("Amended Motion," ECF Doc. # 1052). The Amended Motion amends Mr. Frishberg's motion filed two days earlier (ECF Doc. # 1042) and seeks an order compelling the debtors and debtors in possession (collectively,

---

[1]    The Amended Motion does not define "UCC," but the Court interprets it to refer to the Official Committee of Unsecured Creditors (the "Committee"). This memorandum opinion and order uses the term "Committee" in place of where Mr. Frishberg uses "UCC."

"Celsius" or "Debtors") to "clawback" assets withdrawn by Debtors' insiders, such as former CEO Alexander Mashinsky ("Mashinsky"), Mr. Mashinsky's family, or others with non-public Celsius information (collectively, "Insiders"). On October 26, 2022, Mr. Frishberg filed an untimely second amended motion seeking the same relief; the untimely filing will not be considered by the Court.

The Committee and the Debtors filed objections. (Respectively, "Debtors' Objection," ECF Doc. # 1211 and "Committee Objection," ECF Doc. # 1212.) Immanuel Herrmann, a *pro se* creditor, joined in support of the Amended Motion. (ECF Doc. # 1218.) Mr. Frishberg filed a reply on October 31, 2022. ("Reply," ECF Doc. # 1256.)

For the following reasons, Mr. Frishberg's Motion is **DENIED**.

## I. BACKGROUND

Cryptocurrency is a difficult asset to recover, and unlike fiat currencies, there are no centralized entities that can be ordered to either reverse transactions or freeze funds. (Amended Motion at 5.) A type of cryptocurrency called "Monero" can be particularly difficult to trace. (*Id.* at 7.) All Monero transactions are private and anonymous, and holders can trade Monero for other forms of cryptocurrency without using an exchange. (*Id.*) The Amended Motion asserts that cryptocurrencies like Monero make it possible for holders to make assets untraceable to government agencies and federal investigators in a matter of minutes. (*Id.*) Mr. Frishberg represents that the *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* shows that many Insiders, including Mashinsky and his family, withdrew tens of millions of dollars in the days leading up to the bankruptcy filing. (*Id.* at 4.) Mr. Frishberg asserts that these withdrawals were based upon non-public information, and that clawbacks are urgent because of the ease with which cryptocurrency can be hidden, laundered, or dissipated. (*Id.* at 3.)

The Amended Motion seeks entry of an order requiring, *inter alia*, that the Debtors or Committee "claw back" any assets withdrawn in the past year by Insiders. (Motion at 4.) The Amended Motion further requests that the Insiders reimburse the estate for costs associated with the clawbacks. (*Id.*) Mr. Frishberg contends that the preferential payments made in the past year, at a time when Celsius was, according to the Amended Motion, "very likely already insolvent," likely constitutes property of the estate. (*Id.*) Additionally, Mr. Frishberg represents that Celsius purchased millions of dollars' worth of "CEL," Celsius's native cryptocurrency utility token, before and after the Debtors froze withdrawals, transfers, and activity on their platform on June 12, 2022. (*Id.* at 5.)

The Amended Motion argues that these purchases and withdrawals by Insiders constitute embezzlement under 11 U.S.C. § 153 ("Embezzlement Against Estate),[2] thus justifying the clawbacks. (*Id.*) Finally, the Amended Motion states that the clawbacks are necessary and urgent because of the risk that the assets will leave the United States' jurisdiction, making future clawbacks more difficult or impossible. (*Id.* at 8.)

**A. The Debtors' Objection**

The Debtors object first on procedural grounds, noting that a debtor's power to commence litigation on behalf of the bankruptcy estate is permitted—not mandated—by the Bankruptcy Code. *In re V. Savino Oil & Heating Co., Inc.*, 91 B.R. 655, 656 (Bankr. E.D.N.Y.

---

[2] Section 153 states, in full:
 a) A person described in subsection (b) who knowingly and fraudulently appropriates to the person's own use, embezzles, spends, or transfers any property or secretes or destroys any document belonging to the estate of a debtor shall be fined under this title, imprisoned not more than 5 years, or both.
 b) A person described in this subsection is one who has access to property or documents belonging to an estate by virtue of the person's participation in the administration of the estate as a trustee, custodian, marshal, attorney, or other officer of the court or as an agent, employee, or other person engaged by such an officer to perform a service with respect to the estate.

11 U.S.C. § 153.

1988) ("The responsibilities of a trustee or debtor in possession to collect assets and to effectuate the policy of equality of distribution do not per se compel litigation by such fiduciaries."). They argue that the debtor in possession has substantial discretion in choosing if, and when, to institute an estate cause of action. *Id*.

The Debtors assert that only when the debtor in possession abuses such discretion can creditors request the right to intervene on behalf of the estate. (Debtors Objection ¶ 6. (citing 4 11 U.S.C. §§ 1103(c)(5), 1107, 1109; *In re STN Enters.*, 779 F.2d 901, 904 (2d Cir. 1985) (holding that the Bankruptcy Code "impl[ies] a *qualified* right for creditors' committees to initiate suit [on behalf of the bankruptcy estate] with the approval of the bankruptcy court") (emphasis added); *Glinka v. Murad (In re Housecraft Indus. USA, Inc.)*, 310 F.3d 64, 71, n.7 (2d Cir. 2002) (expanding derivative standing to individual creditors).)

The Amended Motion seeks avoidance of Insider withdrawals. The Debtors Objection observes that Mr. Frishberg cannot establish that the Debtors have unjustifiably refused to bring avoidance and recovery claims at this time. (Debtors Objection ¶ 7.) The Debtors submit that both the special committee of the board of Debtor Celsius Network Limited and the Committee are currently investigating whether, and to what extent, avoidance actions exist. (*Id.*) This subject is also an appropriate subject for investigation by the Examiner that has been appointed in these cases.

**B. The Committee Objection**

The Committee agrees that viable causes of action against insiders (and others) should be investigated, but the Committee does not believe that the piecemeal litigation sought by the Amended Motion is in the current best interests of account holders and unsecured creditors. (Committee Objection ¶ 1.) The Committee filed its objection to explain the substantial work it

has done to advance the objectives set forth in the Amended Motion and why, though it shares Mr. Frishberg's aims, the Committee opposes the relief that he seeks. (*Id.*)

The Committee firmly believes that claims should not be brought until its investigation, and the relevant facts and information, are more fully developed. (*Id.* ¶ 4.) Moreover, the Committee asserts that any attempt by the Committee or any other party to bring incomplete or insufficiently supported claims would be premature, potentially undermine future claims and causes of action, and risk prejudicing account holders' ultimate recoveries. (*Id.*) In response to the Amended Motion's statements regarding why the Committee failed to bring the claims contained in Mr. Frishberg's motion, the Committee notes that it presently lacks standing to do so. (*Id.* ¶ 5.)

## II.    DISCUSSION

Mr. Frishberg's *concerns* have considerable merit, but his Motion lacks a proper legal basis. More importantly, now is not the time to launch litigation before potential claims have been fully investigated by the Committee or Examiner, or by the numerous state or federal regulatory agencies or prosecutors that are now or may in the future conduct investigations and evaluate claims. The lack of cryptocurrency regulation and the ease with which cryptocurrency can be moved and owned anonymously—both hallmarks which have been celebrated by cryptocurrency advocates—complicate the traditional processes of Chapter 11 bankruptcy. The risk that cryptocurrency belonging to the estate will end up beyond the Debtor's reach and the jurisdiction of this Court is serious. It is important that assets properly belonging to the estate do not leave the estate, and that any assets that have wrongfully been withdrawn from the estate are returned efficiently. Notwithstanding the seriousness of this issue, the Court **SUSTAINS** the objections of the Debtors and Committee and **DENIES** the Amended Motion.

As a threshold matter, Mr. Frishberg fails to demonstrate that he has standing to compel the Debtors or the Committee to initiate clawbacks of funds withdrawn by Insiders. A creditor has standing to do so where the debtors or debtors in possession have abused their discretion to bring these claims in the first instance. *In re STN Enters.*, 779 F.2d at 904. The Committee also recognizes that it, too, would not have standing to bring such a claim at this juncture. (Committee Objection ¶ 5.) The Court cannot grant Mr. Frishberg's Amended Motion where he lacks the standing to compel the actions he seeks.

Even if Mr. Frishberg had standing, the Amended Motion fails to state facts to support its argument that Insiders embezzled property of the estate under 11 U.S.C. § 153. It does not assert that the Insiders qualify as persons to whom section 153 applies, i.e., a person who engages in the administration of the estate "as a trustee, custodian, marshal, attorney, or other officer of the court or as an agent, employee, or other person engaged by such an officer to perform a service with respect to the estate." 11 U.S.C. § 153(b). The statute on its face appears to deal with post-petition transfers from an estate, rather than pre-petition transfers that Mr. Frishberg alleges. Section 547 and 548 of the Bankruptcy Code, and any applicable state law, may also supply bases for recovery against Insiders, but it must be recognized that Insiders, like other potential transferor defendants, may also have numerous defenses. In short, these types of claims are complicated and, it is hoped, made on a complete analysis of the facts and law *before* they are asserted.

Furthermore, even if Mashinsky or other Insiders qualified as a person under section 153(b), this Court has yet to determine which assets are and are not property of the estate. Section 153 requires a showing that the Insiders knowingly and fraudulently transferred estate property, and it is not clear from the Amended Motion that any Insiders fraudulently transferred

property that the Insiders knew to be property of the estate.[3] *Id.* § 153(a). To put a finer point on it, the Amended Motion does not assert that Insiders transferred assets that the Insiders knew were property of the state and did so fraudulently.

### III.    CONCLUSION

Mr. Frishberg lacks standing to compel the Debtors or the Committee to initiate clawbacks; thus, as a procedural matter, the Court must deny the Motion. Moreover, the Amended Motion does not assert and is not supported by facts that constitute embezzlement of estate assets under 11 U.S.C. § 153.

For the reasons explained above, the Court **SUSTSAINS** the Debtors' and Committee's objections and **DENIES** Mr. Frishberg's Amended Motion.

**IT IS SO ORDERED.**

Dated:    November 2, 2022
          New York, New York

                                            *Martin Glenn*
                                         MARTIN GLENN
                                Chief United States Bankruptcy Judge

---

[3] At the November 1, 2022 hearing, the Court directed counsel for the Debtors, Committee, State Securities Regulators, and other parties in interest to agree on an expedited schedule for briefing and an evidentiary hearing to resolve whether crypto assets in Earn Accounts are property of the estate.