**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

CELSIUS NETWORK LLC, et al.,

Debtors.

Case No. 22-10964 (MG)

**ORDER DENYING DEBTORS' KERP SEALING MOTION AND DENYING WITHOUT PREJUDICE DEBTORS' KERP MOTION**

Debtors filed a motion for approval of a Key Employee Retention Plan. ("KERP Motion," ECF Doc. # 1021.) The Official Committee of Unsecured Creditors ("Committee") filed a statement supporting the Debtors' KERP Motion. ("Committee's Statement," ECF Doc. # 1187.) The Debtors also filed a motion authorizing the Debtors to redact and file under seal certain information related to the KERP. (KERP Sealing Motion," ECF Doc. # 1020.) The United States Trustee filed an objection to the KERP Motion and KERP Sealing Motion. ("UST Objection," ECF Doc. # 1207.) *Pro se* account holder Victor Ubierna de las Heras filed an objection to the KERP Sealing Motion and to the KERP Motion. (ECF Doc. # 1202.) The Court heard brief argument about the KERP Motion and Sealing Motion on November 1, 2022.

First, the KERP Sealing Motion is **DENIED**. The proposed redactions essentially prevent anyone who does not see the unredacted motion from having any idea what the Debtors are asking the Court to approve. Second, even the unredacted papers filed in support of the motion, make it impossible for the Court or other parties in interest to evaluate the merits of the proposed KERP. Absent a sufficient evidentiary basis for the Court to decide whether the proposed KERP satisfies the high standards that must be met

1

before a court approves a KERP, the KERP Motion is **DENIED WITHOUT PREJUDICE.**

The Court will not provide an extensive legal analysis of the requirements for approval of a KERP in this Order.  But it is undisputed that KERP payments to "insiders" must satisfy the exacting requirements of section 503(c)(1) of the Bankruptcy Code to be approved.  KERP payments to "non-insiders" are tested against the more permissive standard of section 503(c)(3), but even then, the Debtor must establish a nexus between the KERP and the results sought to be achieved.  The Debtors have not provided enough information to determine who is an insider and, even assuming that the proposed recipients are not insiders, the Debtors have not provided enough information for the Court to evaluate the relationship between the proposed KERP payments and the results sought to be achieved.

The Committee's Statement emphasizes that since the start of these cases, the Debtors have begun to right size their workforce based upon their current business operations.  As a result of employee departures, as of the filing of the KERP Motion, "the Debtors had approximately 274 employees (down from over 900 employees at the beginning of 2022).  The reduction in force has saved the Debtors tens of millions of dollars annually in compensation costs." (Committee's Statement ¶ 1.)  The Committee's Statement likewise makes the point that "the Committee also recognizes that many of the Debtors' remaining employees possess important institutional knowledge regarding the Debtors' businesses, have taken on increased responsibilities as part of these chapter 11 cases, and face uncertainty while working for a company in chapter 11." *Id.* ¶ 2.  All of

this may well be true, but it is not competent evidence on which the Court can decide the KERP Motion.

The Court recognizes that under the facts and circumstances of this case, the Debtors *may* be able to make the factual showing required to obtain Court approval for the KERP. But the record before the Court does not permit it to do so now. In any renewed KERP motion, which the Court is prepared to hear on shortened notice (a hearing may be scheduled for a date other than an omnibus hearing date), the Debtors will have to provide evidentiary support for the findings they seek to have the Court make.

The Committee's Statement also explains that it "understands that each proposed KERP participant now has increased (and is expected to continue to shoulder) responsibilities related to the restructuring process that are beyond their formal titles, job descriptions, and prepetition responsibilities as a result of the headcount reductions and the administration of these chapter 11 cases." *Id.* ¶ 4. It may well be that the Debtors' professionals persuaded the Committee on this important point, but neither the proposed redacted *nor* unredacted record allows the Court to reach this same conclusion.

If the Debtors are going to renew their motion for approval of a KERP, they will have to provide a *public* evidentiary record that establishes that each of the proposed KERP recipients is not an insider, and that each of the proposed recipients, *based on the job responsibilities that each recipient is expected to perform*, is expected to fulfill job responsibilities related to the restructuring process (either in a standalone plan or proposed going concern sale) beyond what they were expected to do before bankruptcy.

A few last comments on sealing. For both competitive reasons and physical risks potentially faced by its employees, the Court will permit the Debtors to redact the *names* of each proposed KERP recipient from the public record, provided that the Court, the UST, the Committee and the Examiner are each provided with unredacted information. A code sheet can be used, using the codes in the redacted filing for each proposed KERP recipient. The redacted public record must also include the current salary information in reasonably narrow dollar ranges (but not the exact salary amount for each employee) and the proposed KERP payments (again in reasonably narrow dollar ranges (but not the exact dollar amounts)). The unredacted filing should include the precise salary amounts and KERP payments, and again be provided to the Court, UST, the Committee and the Examiner.

Counsel for the Debtors, Committee and UST shall confer about any other information that the UST wants to receive in connection with the proposed KERP. If any discovery disputes cannot be resolved consensually, any of those parties can request a conference with the Court to resolve the dispute. If the UST seeks to take depositions of any of the any of Debtors employees or advisors in connection with the design of the KERP, the Debtors should cooperate in arranging those depositions expeditiously. Only counsel for the Debtors, Committee, UST, and any counsel for the witness(es), may be present and participate in the questioning. Transcripts of the depositions shall be filed on the docket, subject to a possible sealing and redaction motion that is expeditiously made after the transcripts are prepared.

Contact my Courtroom Deputy to schedule any expedited hearing on a renewed KERP motion.

**IT IS SO ORDERED.**

Dated:    November 2, 2022
         New York, New York

                                    *Martin Glenn*
                                    MARTIN GLENN
                                    Chief United States Bankruptcy Judge