UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: ) | NOT FOR PUBLICATION |
| ) | |
| ) | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*, ) | Case No. 22-10964 (MG) |
| ) | |
| Debtors. ) | (Jointly Administered) |
| ) | |

**MEMORANDUM OPINION AND ORDER DENYING
DANIEL A. FRISHBERG'S MOTION FOR AN ORDER
COMPELLING THE DEBTORS TO INSTITUTE COST SAVING MEASURES**

*A P P E A R A N C E S:*

DANIEL A. FRISHBERG
*Pro se creditor*

KIRKLAND & ELLIS LLP
*Attorneys for the Debtor*
601 Lexington Avenue
New York, NY 10022
By:   Joshua Sussberg, Esq.
      Patrick J. Nash, Jr., Esq.
      Ross M. Kwasteniet, Esq.
      Christopher S. Koenig, Esq.
      Dan Latona, Esq.

IMMANUEL HERRMANN
*Pro se creditor*


**MARTIN GLENN
CHIEF UNITED STATES BANKRUPTCY JUDGE**

   Pending before the Court is *pro se* creditor Daniel A. Frishberg's ("Frishberg") motion

(the "Motion," ECF Doc. # 1041) for entry of an order compelling the above captioned debtors and

debtors in possession (collectively, the "Debtors" or "Celsius" ) to institute significant cost saving

measures.  On October 26, 2022, Frishberg filed an untimely Amended Motion (the "Amended

Motion," ECF Doc. # 1199) seeking the same relief.  The Debtors filed an objection (the "Debtors'

Objection," ECF Doc. # 1211). Immanuel Herrmann, a *pro se* creditor, filed a partial joinder to the Motion [ECF Doc. # 1220].

For the following reasons, Frishberg's Motion is **DENIED**.

## I.     BACKGROUND

### A.  Factual Background

On August 17, 2022, the Court entered the *Final Order (I) Authorizing the Debtors to (A) Pay Prepetition Employee Wages, Salaries, Other Compensation, and Reimbursable Expenses And (B) Continue Employee Benefits Programs and (II) Granting Related Relief* (the "Employee Wages Order," ECF Doc. # 518), which authorizes the Debtors to pay salary obligations in the ordinary course. On October 11, 2022, the Debtors filed the *Motion for Entry of an Order (i) Approving the Debtors' Key Employee Retention Plan and (II) Granting Related Relief* (the "KERP Motion," ECF Doc. # 1021). The KERP Motion was heard at the November 1, 2022 Omnibus Hearing. The Committee also filed a response to the KERP Motion (the "Committee Response," ECF Doc. # 1187). The Committee Response notes that since the beginning of these Chapter 11 Cases, the Committee has worked with and pushed the Debtors to reduce overhead and cut costs. (Committee Response ¶ 2 n. 3.) The Committee claims that Debtors have acted and significantly reduced their cash burn. (*Id.*) They note that as a result of steps taken by the Debtors, as of the date the KERP Motion was filed, the Debtors had approximately 274 employees, down from over 900 at the beginning of 2022.[1] (*Id.* ¶ 1.)

Other steps have also been taken to control the costs in this case. On October 20, 2022, the Court entered an order appointing Christopher Sontchi, as an independent fee examiner (the "Fee Examiner"). (ECF Doc. # 1151.)

---

[1] On November 2, 2022, the Court entered an order denying the KERP Motion without prejudice. *See* "KERP Denial Order," ECF Doc. # 1268.

### B. The Motion

The Motion seeks an order compelling the Debtors to institute cost saving measures. (Motion at 2.) Specifically, the Motion asks the Court to order the Debtors to stop paying "any and all bonuses/unnecessary benefits/perks/rewards" other than employee salaries and that the Debtors make significant cuts to personnel. (*Id.* At 4—5.) The Motion also requests that the Court enter an order requiring the Debtors to submit an anonymized list of all their employees/contractors, along with the person's job title, and their total salary. (*Id.* at 5.) Finally, the Motion asks that the Examiner, UCC and/or US Trustee investigate the best way to cut costs and present their finding at a hearing. (*Id.* at 7.) If the Debtors "continue to be unable to properly fulfill their fiduciary duties," Frishberg asks that the Court appoint a Chapter 11 Trustee, and Frishberg reserves the right to do so. (*Id.* at 12.)

## II.  **DEBTORS' OBJECTION**

The Debtors argue that, as a threshold matter, the Cost Cutting Motion does not specify a proper basis for relief under the Bankruptcy Code. (Debtors' Objection ¶ 2.) Thus, the Debtors contend that absent a contrary order from the Court, a debtor may operate its business using its business judgment. (*Id.*) Further, the Debtors note that they have made and continue to make progress on "managing their expenses." (*Id.* ¶ 4.) The Debtors claim they have reduced personnel costs by approximately 70% (approximately $70 million per year) and have also reduced daily operational costs by more than 70% (at least $80 million per year.). (*Id.* ¶ 5.)

### III.   THE REPLY

The Reply argues that this Court should construe Frishberg's pleadings liberally and that he does not need to state a basis for the requested relief. (Reply at 3.) He also argues that the Debtors' spending is not reasonable, such that cost cutting measures are necessary. (*Id.* at 4.)

### IV.   LEGAL STANDARD

"A debtor in possession in the absence of a Chapter 11 trustee, has the rights and powers of a trustee and is empowered by the Code to continue operating its business and managing the property of its estate." *In re Johns-Manville Corp.*, 60 B.R. 612, 615 (Bankr. S.D.N.Y. 1986). A debtor's business judgment will be respected if the debtor made an informed decision in good faith and with "the honest belief that the action taken is in the best interests of the company." *In re Integrated Res., Inc.*, 147 B.R. 650, 656 (S.D.N.Y. 1992). While operating as a debtor in possession, the debtor must exercise its own business judgment, even if constituents desire a particular course of action. *See In re Lionel Corp.*, 722 F.2d 1063, 1071 (2d Cir. 1983) (finding that where the creditors' committee's desire for a transaction was the sole basis for the debtor's decision, no sound business reason supported the debtor's decision to enter into the transaction).

### V.   DISCUSSION

Frishberg's Motion, even when liberally construed, provides no legal support for his requested relief. As the debtors in possession, the Debtors have the right to run their business according to their informed business judgment. *See Johns-Manville* 60 B.R. at 615. Frishberg wishes that the Debtors would take a different course. But as the Debtors point out, while creditor participation can be valuable, and the Committee and the Debtors have worked cooperatively to monitor and control business expenses, the debtor in possession ultimately remains responsible for the management of the estate and, in that regard, when acting in the

ordinary course, generally enjoys the same autonomy as a business operating outside of chapter 11. (Debtors' Objection ¶ 3.) Further, the Debtors have instituted significant cost cutting measures during these Chapter 11 Cases, and thus there appears to be no basis for the Court to override the Debtors' business judgment. *See In re Integrated Res., Inc.*, 147 B.R. at 656 ("Courts are loath to interfere with corporate decisions absent a showing of bad faith, self-interest, or gross negligence.")

Additionally, there are mechanisms for this Court to monitor costs, notwithstanding the Court's deference to the business judgments of the Debtors. The Court thoroughly reviewed the Debtors' employee wage obligations before entering the Employee Wage Order, which gave the Debtors the right to honor salary obligations in the ordinary course. (*See* Employee Wage Order ¶ 2.) The Employee Wage Order also requires the Debtors to provide the Committee and U.S. Trustee with notice if they make any material modifications to their compensation structure and prohibits them from awarding non-ordinary course bonuses without further order of this Court. (*Id.* ¶¶ 4,6.) Accordingly, part of Frishberg's requested relief, that the Debtors "stop paying any and all bonuses/unnecessary benefits/perk/rewards (in effect, anything other than the original salary)" is largely already in effect. (Motion at 4). The Debtors cannot pay non-ordinary course bonuses without further order of this Court. While the initial KERP Motion was denied, the Debtors may renew their motion on a proper evidentiary showing to justify the payment of bonuses to non-insiders. All parties-in-interest, including Mr. Frishberg, will have an opportunity to review and object to any renewed KERP motion.

## VI. CONCLUSION

For the foregoing reasons, the Motion is **DENIED**.

**IT IS SO ORDERED.**

Dated:   November 2, 2022
        New York, New York

*Martin Glenn*
MARTIN GLENN
Chief United States Bankruptcy Judge