**WALLER LANSDEN DORTCH & DAVIS, LLP**
Tyler N. Layne
511 Union Street, Suite 2700
Nashville, TN 37219
Telephone: (615) 244-6380
Facsimile: (615) 244-6804
Email: tyler.layne@wallerlaw.com

*Counsel for RH Montgomery Properties, Inc.*

**WALLER LANSDEN DORTCH & DAVIS, LLP**
Morris D. Weiss
100 Congress Avenue, 18th Floor
Austin, Texas 78704
Telephone: (512) 685-6400
Email: morris.weiss@wallerlaw.com

*Counsel for RH Montgomery Properties, Inc.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) ) | Case No. 22-10964 (MG) |
| Debtors. | ) ) ) | (Jointly Administered) |

**RH MONTGOMERY PROPERTIES, INC.'S LIMITED OBJECTION TO THE DEBTORS' MOTION SEEKING ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO REOPEN WITHDRAWALS FOR CERTAIN CUSTOMERS WITH RESPECT TO CERTAIN ASSETS HELD IN THE CUSTODY PROGRAM AND WITHHOLD ACCOUNTS AND (II) GRANTING RELATED RELIEF**

RH Montgomery Properties, Inc. ("RHMP") hereby submits this limited objection (the "Limited Objection") to the *Debtors' Motion Seeking Entry of an Order (I) Authorizing the Debtors to Reopen Withdrawals for Certain Customers with Respect to Certain Assets Held in the Custody Program and Withhold Accounts and (II) Granting Related Relief* (Dkt. No. 670) (the "Limited Withdrawal Motion").[2] In support of this Limited Objection, RHMP respectfully states as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Limited Withdrawal Motion or Ad Hoc Group Brief and Limited Objection, as applicable.

041945-25331/4862-5205-2796.11                     1

**Limited Objection**

1. RHMP currently holds certain digital assets in a custody wallet maintained by the Debtors. RHMP agrees in part and objects in part to the Limited Withdrawal Motion. RHMP agrees that the Custody Assets should be returned immediately but objects to the conditions and limitations on such return requested by the Debtors in the Limited Withdrawal Motion. RHMP further objects for the reasons set forth in the *Ad Hoc Group of Custodial Account Holders' (A) Phase I Opening Brief and (B) Limited Objection to the Debtors' Motion Seeking Entry of an Order (I) Authorizing the Debtors to Reopen Withdrawals for Certain Customers with Respect to Certain Assets Held in the Custody PProgram and Withhold Accounts and (II) Granting Related Relief* (Dkt. No. 1292) (the "Ad Hoc Group Brief and Limited Objection"), which is expressly incorporated by reference herein.

2. The Custody Assets are not property of the Debtors' estates under the unambiguous Terms of Use. Specifically, under the Terms of Use, "[t]itle to any . . . Eligible Digital Assets in a Custody Wallet shall at all times remain with [the user] and not transfer to Celsius." Terms of Use, § 4(B). The Terms of Use further provide that "Celsius will not transfer, sell, loan or otherwise rehypothecate Eligible Digital Assets held in a Custody Wallet unless specifically instructed by [the user], except as required by a valid court order, competent regulatory agency, government agency or applicable law." *Id.*

3. Section 33 of the Terms of Use contains a choice of law provision selecting New York law as binding on the relationship between the Debtors and account holders. *See* Terms of Use, § 33. Under New York state law, the unambiguous Terms of Use make it clear that the Custody Assets are not property of the Debtors' Estates. Written agreements that are "complete, clear and unambiguous on [their] face . . . must be enforced according to the plain meaning of

[their] terms." *Greenfield v. Philles Records*, 98 N.Y.2d 562, 569 (2002) (citation omitted). Here, the Terms of Use were drafted unambiguously with the intent of keeping title to Custody Assets with the customer, as indicated in the Terms of Use and conceded by the Debtors.

4. The existence of potential preference actions against the owners of Custody Assets does not give the Debtors the right to withhold assets that are not property of the estate. The Debtors have no authority, under the Bankruptcy Code or binding Second Circuit law, to continue withholding assets solely because the owner of those assets could be the target of preference actions in the future. Under Section 541(a)(3) of the Bankruptcy Code, property of the estate includes "[a]ny interest in property that the trustee recovers under section . . . 550." 11 U.S.C. § 541(a)(3). However, if property that is the target of an avoidance action "is included in the § 541(a)(1) definition of property of the estate, then § 541(a)(3) is rendered meaningless with respect to property recovered pursuant to fraudulent transfer actions." *In re Colonial Realty Co.*, 980 F.2d 125, 131 (2d Cir. 1992) (citing *In re Saunders*, 101 B.R. 303, 305 (Bankr. N.D. Fla. 1989)).[3] The *Colonial Realty* court goes on to note that "[fraudulently transferred] property is not to be considered property of the estate until it is recovered." *Id.*

5. Furthermore, the Debtors cannot meet the standard for, and have not even attempted to seek, remedial relief such as prejudgment attachment or an injunction under the Federal Rules of Bankruptcy Procedure or state law to continue withholding the Custody Assets. Withholding the Custody Assets without meeting any legal standard for doing so violates the rights of the owners of such Custody Assets under the Due Process Clause of the United States Constitution. *See Rajala v. Gardner*, 709 F.3d 1031, 1039 (10th Cir. 2013) (noting that a violation of the Due

---

[3] While *Colonial Realty* considered the interplay of Sections 541(a)(1) and 541(a)(3) with respect to fraudulent transfers, the same analysis should apply with respect to all avoidance actions, including preference actions.

Process Clause could occur "by allowing a trustee to enjoin another party's property rights based only on the allegation of fraud.").

6. For the reasons set forth above, entry of the Debtors' Limited Withdrawal Motion should be conditioned upon the Debtors honoring the withdrawals of all Custody Assets. RHMP reserves its right to be heard with respect to the Phase I Issues (as defined in the Scheduling Order) and the Limited Withdrawal Motion. RHMP further reserves all claims and causes of action against the Debtors, including, without limitation, claims and causes of action related to the withholding of the digital assets in RHMP's custody wallet.

*[Remainder of Page Intentionally Left Blank]*

Dated: November 5, 2022

        Respectfully submitted,

        */s/ Tyler N. Layne*
        Tyler N. Layne
        Waller Lansden Dortch & Davis, LLP
        511 Union Street, Suite 2700
        Nashville, TN 37219
        Telephone: (615) 244-6380
        Facsimile: (615) 244-6804
        Email: tyler.layne@wallerlaw.com

        - and -

        Morris D. Weiss
        100 Congress Avenue, 18th Floor
        Austin, Texas 78701
        Telephone: (512) 685-6400
        Email: morris.weiss@wallerlaw.com

        *Counsel for RH Montgomery Properties, Inc.*