Víctor Ubierna de las Heras
Email: victorub@protonmail.com
Telephone +34 699760721
Pro se Creditor

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                                : Chapter 11
                                                     :
**CELSIUS NETWORK LLC, *et al.*,**                   : Case No. 22-10964 (MG)
                                                     :
                    Debtors[1]                       : (Jointly Administered)
---------------------------------------------------------------x

**NOTICE OF OBJECTION TO FIRST FEE STATEMENT OF M3 (Dk 1287)**

.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030

Víctor Ubierna de las Heras, pro se Creditor[2], hereby files this Notice of Objection to Fee Statement (the "**Objection**") to the *First Monthly Statement of M3 Advisory Partners, LP for Interim Compensation and Reimbursement of Expenses as Financial Advisor for the Official Committee of Unsecured Creditors for the Period From August 1, 2022 Through August 31, 2022 (the "Monthly Statement"),* Docket Number 1287. (the "**Fee Statement**") and respectfully states as follows:

## PRELIMINARY STATEMENT

1. This Notice of Objection to Fee Statement is limited to some of the Expenses detailed on Exhibit D, specifically meals over $20 and those not necessary, and to any workday detailed in exhibit E exceeding 15 hours a day as it can not be for "actual services". Also, to one of the technology expenses detailed on exhibit D, that in Asana.

2. From the beginning of this case, the anger and indignation of many creditors has been evident. Creditors are concerned about how much money is left in Celsius and on what it is being spent on. That is why when they read the First Fee Statement of M3 Advisory Partners many were angered at the amount. Creditors on Social Media were even more angered when they knew of all the meals that M3 is trying to charge the estate.

3. This creditor however understands that attorneys and other professionals are necessary in this case, but this does not mean that M3 expenses, and others, should not be adequate and supervised by creditors and other parties. The guidelines from this Court clearly establish that "*In any event, the expense for an individual's meal may not exceed $20.00."*. However, as detailed in Exhibit D of the Fee Statement, this is not the case, as multiple business meals

---

[2] Pro se Creditor is an international creditor. English is not his native language and hereby apologizes in the case any mistakes appear in this objection. 0

exceeded that $20 cap. Furthermore, not all the business meals detailed in Exhibit D were necessary. Additionally, not all technology expenses were necessary or fair.

4. The total amount of business meals over $20 is $709.59, the amount for the Asana software is $659.40 and the hours nor for actual services are those that combined give over 15 hours a workday.

## FACTUAL BACKGROUND

5. On August 17, 2022, was signed and entered the Order (I) Establishing Procedures For Interim Compensation And Reimbursement Of Expenses For Retained Professionals And (Ii) Granting Related Relief, Docket Number 521.

6. On October 18, 2022, was signed and entered the Order Authorizing Employment And Retention Of M3 Advisory Partners, Lp As Financial Advisor Effective As Of August 1, 2022. Docket Number 1098.

7. On November 4, 2022, was filed and entered s First Monthly Statement of M3 Advisory Partners, LP for Interim Compensation and Reimbursement of Expenses as Financial Advisor for the Official Committee of Unsecured Creditors for the Period From August 1, 2022 Through August 31, 2022 (the "Monthly Statement"). Docket Number 1287.

## ARGUMENT

### Not necessary meals and over the cap

1. This Court has in effect Rule 2016-1 COMPENSATION OF PROFESSIONALS – Amended August 1, 2013 (a) *"A person requesting an award of compensation or reimbursement of expenses for a professional must comply with the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases promulgated by the Court, which shall be available on the Court's website*

3

(*http://www.nysb.uscourts.gov/sites/default/files/m447.pdf)*".

2. The document on that link, General Order M-447, ADMINISTRATIVE ORDER, Superseding General Orders M-104, M-151, M-291, M-389, M-446 in RE: Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York is very clear. On page 6, on the section F.3.II dedicated to Provisions Regarding Disbursements clearly states that: "***In any event, the expense for an individual's meal may not exceed $20.00***" (Emphasis added). However, when studying Exhibit D of the Fee Statement most of the business meals exceeded that $20 cap. Some by only cents, but others by nearly 50%. For Example, Grant Goldstein on August 17, 2022, spent $34.06 on business meals or William Foster on August 10, 2022, spent $30. Accordingly, all business meals submitted on Exhibit D of the Fee Statement over $20 should be denied in accordance with General Order M-447 for the Southern District of New York.

3. Furthermore, there are days for which businesses meals expenses are detailed in Exhibit D and that person has worked almost nothing on that day. For example, William Foster on August 10, 2022, only worked for 3.3 hours, as detailed in Exhibit E:

| | | | | |
|---|---|---|---|---|
| | | | prepare analysis related to proposals received to date | |
| 8/10/2022 | Biggs, Truman | Miscellaneous Motions | Review De Minimis Asset Sales Motion filed in Celsius Chapter 11 | 0.3 |
| 8/10/2022 | Foster, William | General Correspondence with UCC & UCC Counsel | Participated in communication with W&C and PWP regarding strategy on first day memos and second day hearing materials | 2.3 |
| 8/10/2022 | Foster, William | General Correspondence with UCC & UCC Counsel | Participated in daily call with W&C and PWP to discuss key next steps and work deliverables | 1.0 |
| 8/11/2022 | Greenhaus, Eric | General Correspondence with UCC & UCC Counsel | Attend daily UCC professionals catch-up call including broad teams from White & Case, M3, PWP, and Elementus | 0.5 |

But when Exhibit D is analyzed, for that day Mr. Foster is trying to recover a business meal expense of $30:

| | | | | |
|---|---|---|---|---|
| 8/9/2022 | $20.27 | Business Meals | Seth Herman | 810 Deli |
| 8/9/2022 | $14.15 | Taxi/Car Service | Seth Herman | Medallion 8C88 |
| 8/10/2022 | $18.00 | Business Meals | Seth Herman | 810 Deli |
| 8/10/2022 | $19.82 | Business Meals | Truman Biggs | Cocu |
| 8/10/2022 | $30.00 | Business Meals | William Foster | Uber Eats |
| 8/11/2022 | $19.82 | Business Meals | Truman Biggs | Cocu |
| 8/12/2022 | $20.76 | Business Meals | Truman Biggs | Five Guys |

Not only that expense is over the $20 cap, but it can not be awarded by the court as a "*reimbursement for actual, necessary expenses*" as it can not deemed to be necessary having only worked three ours.

4. This pro se creditor also objects to the expense detailed as technology in Asana for the "M3 team". M3 has detailed in Exhibit A of the Fee Statement that 11 employees are working on the Celsius project. Were we to divide this $659.40 by 11 we obtain $59.94 per person.



As detailed on Asana's website the cost of business accounts on its platform is of $24.99 if billed anually or $30.49 if billed monthly. However, 30.49*11= $335.39. Either M3 has acquired this software for more people than the number working on the Celsius project (thus being a non-reimbursable overhead or has acquired it at a cost almost the double to what it is announced on the website or has acquired it for a period longer than that submitted on this Fee Statement (August=1 month). In fact, the amount billed is very similar to what two months would cost.

5

What is more and should also be explained is if this is a Software they previously used for their day to day operations. Why are Celsius creditors footing the bill for M3 to use project management software? Was advising in the Celsius bankruptcy their first project?

## Not actual services

5. Also, when one reads Exhibit E of the Fee Statement there are things that seem quite odd. There are days in which people at M3 work for more than twelve hours a day. Even more than 17! For example, Truman Biggs on August 18, 2022, has registered to be paid 17.8 hours:

Case No: 22-10964
Case Name: Celsius Network, LLC et al.
M3 Advisory Partners, LP
Fee Application Period: Aug 1 2022 - Aug 31 2022

### Exhibit E - Time Detail by Task by Professional

| Date | Name | Task Category | Detail | Hours |
|---|---|---|---|---|
| 8/18/2022 | Biggs, Truman | General Correspondence with UCC & UCC Counsel | Analyze information from Elementus re: initial investigation findings | 2.8 |
| 8/18/2022 | Biggs, Truman | General Correspondence with UCC & UCC Counsel | Prepare final presentation slides re: investigation findings and open items | 2.8 |
| 8/18/2022 | Biggs, Truman | General Correspondence with UCC & UCC Counsel | Revise presentation re: Elementus status | 2.6 |
| 8/18/2022 | Biggs, Truman | Cash Budget and Financing | Review updated mining financial model provided by the Debtors | 2.4 |
| 8/18/2022 | Biggs, Truman | General Correspondence with UCC & UCC Counsel | Prepare initial draft of presentation re: Elemenuts status updates | 1.8 |
| 8/18/2022 | Biggs, Truman | Business Plan | Prepare for and participate in call with Celsius Mining with K Wofford (W&C), M Rahmani (PWP), J Schiffrin (M3), et al to discuss their business plan | 1.8 |
| 8/18/2022 | Biggs, Truman | General Correspondence with UCC & UCC Counsel | Prepare management summary of key investigation take-aways and next steps | 1.7 |
| 8/18/2022 | Biggs, Truman | General Correspondence with UCC & UCC Counsel | Participate in daily advisors call with G Pesce (W&C), K Cofsky (PWP), J Schiffrin (M3), et al to discuss key items in case | 0.8 |
| 8/18/2022 | Biggs, Truman | Financial & Operational Matters | Review Mining Presentation provided to the UCC Advisors on 8/18/22 and prepare questions for the Mining Management Team | 0.6 |
| 8/18/2022 | Biggs, Truman | General Correspondence with UCC & UCC Counsel | Discuss key items in case, as it relates to Elementus workstreams with B Young (Elementus) | 0.5 |
| 8/18/2022 | Foster, William | Business Plan | Updated illustrative presentation and ran new scenarios based on comments from team as well as provided comments | 2.6 |

2,8+2,8+2,6+2,4+1,8+1,8
+1,7+0,8+0,6+0,5

= 17,8

How does a person work 17.8 on a single day? For that day, Mr. Biggs is also trying to recover a meal from Gastro Market. It seems impossible that a person is able to work 17+ hours a single day and also has time to eat from Gastro Market. As an illustrative example, to achieve a workday of 17.8 hours Mr. Bigs would have started working at 06:00 to finish at 23:48 nonstop, not even to eat as he ordered. This workday can not be awarded by the court as having been for "actual" expenses as it is almost impossible for it to be true. Additionally, Seth Herman on August 9,2022, has registered 15.4 hours. How does a person work for 15 hours in a single day? That would have required that this employee this day started working for example at 7.20 am and finished at 23.00 pm without any any interruption whatsoever. Considering that persons do eat (Mr. Herman has also charged the estate for a business meal of $20.27 that day) and persons need time to eat what has been billed on the Fee Statement seems even more unlikely to be true. Considering that 11 U.S. Code § 330 - Compensation of officers says that:

> *(1)After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, a consumer privacy ombudsman appointed under section 332, an examiner, an ombudsman appointed under section 333, or a professional person employed under section 327 or 1103—*
>
> *(A)*
>
> *reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person; and (...)*

6. It clearly seems that the Court should not award this compensation requested or that at least it should require more information for it to be awarded. This because charges for 15+ hours a day seem likely to not be for "actual services".

## CONCLUSION

WHEREFORE, Víctor Ubierna de las Heras respectfully requests that the expenses in

business meals above $20 be denied and that working days over 15 hours are not found to be for actual services.

## **RESERVATION OF RIGHTS**

Víctor Ubierna de las Heras reserves all rights, including to supplement this Objection or object to further Fee Statements.

[Signature block on next page]

**Notice**

Notice of this Objection has been given in accordance with the *Order (I) Establishing Procedures For Interim Compensation And Reimbursement Of Expenses For Retained Professionals And (Ii) Granting Related Relief, Docket Number 521*. Victor Ubierna de las Heras submits that such notice is sufficient, and no other or further notice need be provided.

Dated: November 7, 2022

Madrid, Spain                     Respectfully submitted,

Víctor Ubierna de las Heras

By: /s/ *Víctor Ubierna de las Heras*
Víctor Ubierna de las Heras
Pro se creditor
+34 699760721
victorub@protonmail.com