| | |
|---|---|
| Joshua A. Sussberg, P.C._ | Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*) |
| **KIRKLAND & ELLIS LLP** | Ross M. Kwasteniet, P.C. (admitted *pro hac vice*) |
| **KIRKLAND & ELLIS INTERNATIONAL LLP** | Christopher S. Koenig |
| 601 Lexington Avenue | Dan Latona (admitted *pro hac vice*) |
| New York, New York 10022 | **KIRKLAND & ELLIS LLP** |
| Telephone:  (212) 446-4800 | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Facsimile:  (212) 446-4900 | 300 North LaSalle Street |
| | Chicago, Illinois 60654 |
| | Telephone:  (312) 862-2000 |
| | Facsimile:  (312) 862-2200 |

*Counsel to the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## ADDENDUM TO CONFIDENTIALITY AGREEMENT
## AND STIPULATED PROTECTIVE ORDER

This addendum (this "Addendum") to the *Confidentiality Agreement and Stipulated Protective Order* [Dkt. No. 790] (the "Protective Order")[2] is entered into by and among: (a) the debtors and debtors in possession (collectively, the "Debtors") in the above captioned chapter 11 cases (the "Chapter 11 Cases"); and (b) Benny Wong ("Wong" and with the Debtors, the "Parties").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Protective Order.

**Recitals**

**WHEREAS**, on July 13, 2022, the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code");

**WHEREAS**, on September 13, 2022, the Court entered the Protective Order;

**WHEREAS**, on September 19, 2022, the the Court entered the *Order (I) Authorizing the Debtors to Prepare a Consolidated List of Creditors In Lieu of Submitting A Separate Mailing Matrix for Each Debtor, (II) Authorizing the Debtors to File a Consolidated List of the Debtors' Fifty Largest Unsecured Creditors, (III) Authorizing the Debtors to Redact Certain Personally Identifiable Information, (IV) Approving the Form and Manner of Notifying Creditors of Commencement of These Chapter 11 Cases, and (V) Granting Related Relief* [Dkt. No. 55] (the "Creditor Matrix Order");

**WHEREAS**, pursuant to paragraph 7 of the Creditor Matrix Order, the Debtors must provide, under seal, an unredacted version of the Creditor Matrix, Schedules and Statements (each as defined in the Creditor Matrix Order), and any other filings redacted pursuant to the Creditor Matrix Order to any party in interest upon a request to the Debtors (email being sufficient) that is reasonably related to the chapter 11 cases;

**WHEREAS**, Wong is a member of that certain ad hoc group of withhold account holders represented by Troutman Pepper Hamilton Sanders LLP;

**WHEREAS**, Wong has sought certain Discovery Material (as defined in the Protective Order) from the Debtors that are included in the Creditor Matrix;

**WHEREAS**, the Parties wish to facilitate and expedite the production, exchange, and treatment of such Discovery Material pursuant to the terms of the Protective Order and the Creditor Matrix Order;

**NOW, THEREFORE, IT IS HEREBY STIPULATED, AGREED, AND, UPON COURT APPROVAL HEREOF, IT IS ORDERED** that the following terms will supplement and modify the Protective Order and govern requests for and production and handling of Discovery Material exchanged between the Parties with respect to the Motion:

1. The Parties shall submit this Addendum to the Court for approval. The Parties shall abide by the terms of this Addendum and the Protective Order even if this Addendum is not entered by the Court for any reason, unless the Court orders otherwise.

2. Wong shall be a Party to the Protective Order (as defined therein).

3. Wong certifies and agrees that Wong has read and understands, and agrees to be bound by, the terms of the Protective Order. Wong further certifies that Wong will not use Discovery Material for any purpose other than the Chapter 11 Cases, and will not disclose or cause Discovery Material to be disclosed to anyone not expressly permitted by the Protective Order to receive Discovery Material. Wong agrees to be bound by the terms and conditions of the Protective Order.

4. Wong certifies and agrees that Wong understands that he is to retain in confidence from all individuals not expressly permitted to receive Discovery Material, whether at home or at work, all copies of any Discovery Material, and that he will carefully maintain such materials in a manner consistent with the Protective Order. Wong acknowledges that the return or destruction of Discovery Material shall not relieve Wong from any other continuing obligations imposed upon him by the Protective Order.

5. Wong acknowledges and agrees that Wong is aware that by receiving Discovery Material (a) Wong may be receiving material non-public information about companies and (b) there exist laws which may restrict or prohibit investments related to such companies as a result

of the receipt of such information. Notwithstanding the foregoing, no provision of this Addendum or the Protective Order shall constitute a finding under the federal securities laws or be construed as an admission by any Party as to whether crypto tokens or transactions involving crypto tokens are securities or whether federal or state securities laws apply to any of the Debtors' activities.

6.   The provisions of this Addendum constitute an Order of this Court and violations of the provisions of this Addendum are subject to enforcement and the imposition of legal sanctions in the same manner as any other Order of the Court. This Court retains jurisdiction to interpret and enforce this Addendum.

[*Remainder of page intentionally left blank*]

**SO STIPULATED:**

Dated: November 10, 2022
/s/ [signature]
Benny Wong

/s/ *Joshua A. Sussberg*
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900
Email:  jsussberg@kirkland.com

-and-

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200
Email:  patrick.nash@kirkland.com
         ross.kwasteniet@kirkland.com
         chris.koenig@kirkland.com
         dan.latona@kirkland.com

*Counsel to the Debtors and Debtors in Possession*

**SO ORDERED:**

Dated: _____, 2022
New York, New York

_____
THE HONORABLE MARTIN GLENN
CHIEF UNITED STATES BANKRUPTCY JUDGE