Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:   (212) 446-4800
Facsimile:    (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:   (312) 862-2000
Facsimile:    (312) 862-2200

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**NOTICE OF FILING OF PROPOSED SCHEDULING ORDER REGARDING TITLE TO EARN PROGRAM ASSETS AND THE SALE OF CERTAIN STABLECOINS**

**PLEASE TAKE NOTICE** that on September 15, 2022, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed the *Debtors' Motion Seeking Entry of an Order (I) Permitting the Sale of Stablecoin in the Ordinary Course and (II) Granting Related Relief* [Docket No. 832] (the "Motion").[2]

**PLEASE TAKE FURTHER NOTICE** that on November 1, 2022, the Court held a status conference regarding the Motion (the "Status Conference").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

**PLEASE TAKE FURTHER NOTICE** that, as discussed at the Status Conference, the Debtors committed to file an amended motion (the "Amended Motion") on full notice in accordance with the Bankruptcy Rules and the *Amended Final Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief* [Docket No. 1181].

**PLEASE TAKE FURTHER NOTICE** that the findings the Debtors will seek in connection with the Amended Motion (the "Requested Findings") shall include: (1) ownership rights to assets transferred by Account Holders designated to be part of the "Earn" program, based on the unambiguous plain language of each version of the Terms of Use (if more than one version is applicable); (2) whether each applicable version of the Terms of Use forms a binding contract with users who transferred assets to the Debtors while such Terms of Use were in effect (*i.e.*, whether the elements of a contract are present); (3) whether subsequent amendments to the Terms of Use are binding on users who transferred their assets to the Debtors prior to the effectiveness of the subsequently amended Terms of Use (*e.g.*, whether a user who deposited coins in July 2020 is bound by the April 2022 Terms of Use); and (4) whether the specific stablecoin sought to be sold is property of the Debtors' estates (if not covered by the previous three issues); *provided*, *however*, that the foregoing shall not preclude the Debtors from responding to any objections to the Amended Motion that are beyond the scope of the Requested Findings. The Amended Motion will not seek findings with respect to (1) the ownership of assets in the Debtors' "Borrow" program or "Custody" service or "Withhold" accounts or (2) whether any Account Holder has valid defenses to the purported contract between Account Holders and the Debtors under the Terms of Use, and all parties' rights are reserved with respect to each of the foregoing; *provided that* notwithstanding the foregoing, the Debtors shall seek approval from the

Court in the Amended Motion to sell stablecoins free and clear of any interest pursuant to section 363(f) of the Bankruptcy Code and any party seeking to prevent any such free and clear sale pursuant to section 363(f) bears the burden of proof on the issue of the validity, priority, or extent of such interest pursuant to section 363(p) of the Bankruptcy Code.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Court's direction, the Debtors provided all represented parties that engaged with the Debtors regarding the Motion (the "Consultation Parties") an opportunity to confer regarding a briefing and discovery schedule with respect to the Amended Motion.

**PLEASE TAKE FURTHER NOTICE** that the Debtors provided a courtesy e-mail notice to the *pro se* creditors that objected to the Motion in advance of this filing, notifying them of the proposed briefing and discovery schedule and the Debtors' intention to submit it to the Court for approval.

**PLEASE TAKE FURTHER NOTICE** that the Debtors hereby submit the *Proposed Scheduling Order* attached hereto as **Exhibit A** (the "Proposed Scheduling Order"), to establish certain dates and deadlines regarding the Amended Motion.

**PLEASE TAKE FURTHER NOTICE** that the Proposed Scheduling Order reflects feedback from the official committee of unsecured creditors (the "Committee") and the other Consultation Parties, and neither the Committee nor any other Consultation Party objected to the schedule set forth in the Proposed Scheduling Order.

**PLEASE TAKE FURTHER NOTICE** that the Debtors received e-mail objections to the Proposed Scheduling Order from the following *pro se* creditors: (a) Maximilian Frederick; (b) Rebecca Gallagher; (c) Immanuel Herrmann; (d) Georgios Papadakis; (e) Víctor Ubierna; and (f) Jeremy Hoffing.

**PLEASE TAKE FURTHER NOTICE** that notwithstanding the e-mail objections from the *pro se* creditors on the Proposed Scheduling Order, the Debtors submit that the Proposed Scheduling Order is necessary and appropriate under the circumstances and should be entered by the Court.

**PLEASE TAKE FURTHER NOTICE** that in the event the Court would like a hearing on the Proposed Scheduling Order, the Debtors request the Court sets a status conference on the Proposed Scheduling Order for the hearing on November 15, 2022, at 2:00 p.m., prevailing Eastern Time.

**PLEASE TAKE FURTHER NOTICE** that copies of the Proposed Scheduling Order and other pleadings filed in the above-captioned chapter 11 cases may be obtained free of charge by visiting the website of Stretto at http://www.cases.stretto.com/celsius. You may also obtain copies of any pleadings by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

| | |
|---|---|
| New York, New York<br>Dated: November 10, 2022 | */s/ Joshua A. Sussberg*<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C.<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:    (212) 446-4800<br>Facsimile:    (212) 446-4900<br>Email:         jsussberg@kirkland.com<br><br> - and -<br><br>Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)<br>Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)<br>Christopher S. Koenig<br>Dan Latona (admitted *pro hac vice*)<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Telephone:    (312) 862-2000<br>Facsimile:    (312) 862-2200<br>Email:         patrick.nash@kirkland.com<br>                   ross.kwasteniet@kirkland.com<br>                   chris.koenig@kirkland.com<br>                   dan.latona@kirkland.com<br><br>*Counsel to the Debtors and Debtors in Possession* |

## Exhibit A

**Proposed Scheduling Order**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

|   |   |   |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**ORDER SETTING A BRIEFING AND DISCOVERY SCHEDULE REGARDING
TITLE TO EARN PROGRAM ASSETS AND THE SALE OF CERTAIN STABLECOINS**

As discussed at the November 1, 2022 status conference (the "Status Conference") regarding the *Debtors' Motion Seeking Entry of an Order (I) Permitting the Sale of Stablecoin in the Ordinary Course and (II) Granting Related Relief* [Docket No. 832] (the "Motion"), the above-captioned debtors and debtors in possession (collectively, the "Debtors") requested entry of an order (this "Order") setting a schedule (the "Amended Motion Briefing Schedule") for the Debtors to submit an amended motion (the "Amended Motion") and for related responses and discovery; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

of the Order is appropriate under the circumstances and no other notice need be provided; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Amended Motion Briefing and Discovery Schedule is approved as follows:

| Event | Date |
|---|---|
| Deadline for Debtors to File Amended Motion and Supporting Declarations | November 10, 2022, by 11:59 p.m., prevailing Eastern Time |
| Deadline for the Committee to File Written Deposition Questions on the Docket | November 14, 2022, by 5:00 p.m., prevailing Eastern Time |
| Deadline for Notification of Intent to Orally Depose Declarants | November 14, 2022, by 5:00 p.m., prevailing Eastern Time |
| Deadline for Debtors to Answer Written Deposition Questions and to File Written Depositions on the Docket | November 18, 2022, by 5:00 p.m., prevailing Eastern Time |
| Deadline to Conduct Oral Depositions of Declarants | November 22, 2022, by 5:00 p.m., prevailing Eastern Time |
| Deadline to Object to the Amended Motion | November 29, 2022, by 5:00 p.m., prevailing Eastern Time |
| Deadline for Replies in Support of the Amended Motion **Hard Deadline on All Filings** (*pro se* included) | **December 2, 2022, by 5:00 p.m., prevailing Eastern Time** |
| Hearing Date on the Debtors' Amended Motion | December 5, 2022, 10:00 a.m., prevailing Eastern Time (to be continued December 6, 2022, 10:00 a.m., prevailing Eastern Time, if necessary) |

2. Prior to the "Deadline for the Committee to Submit Written Deposition Questions," the official committee of unsecured creditors (the "Committee") shall consult with the United States Trustee for the Southern District of New York (the "U.S. Trustee"), the state regulators, and any other parties that indicate an interest in the written depositions on the substance of those questions. Questions may be submitted to the Committee by email at CelsiusCommitteeInquiries@ra.kroll.com before November 12, 2022. Questions should be

2

limited to the scope of the Amended Motion. The Committee is not obligated to ask any specific question submitted. For the avoidance of doubt, the Committee is the only party permitted to submit written deposition questions to the Debtors in connection with the Amended Motion and the Debtors shall not be required to respond to any other written deposition questions; *provided, however*, that any party may attend the oral depositions and ask questions in compliance with the requirements of paragraph 6 of this Order.

3. The findings the Debtors will seek in connection with the Amended Motion (the "Requested Findings") shall include: (1) ownership rights to assets transferred by Account Holders designated to be part of the "Earn" program, based on the unambiguous plain language of each version of the Terms of Use (if more than one version is applicable); (2) whether each applicable version of the Terms of Use forms a binding contract with users who transferred assets to the Debtors while such Terms of Use were in effect (*i.e.*, whether the elements of a contract are present); (3) whether subsequent amendments to the Terms of Use are binding on users who transferred their assets to the Debtors prior to the effectiveness of the subsequently amended Terms of Use (*e.g.*, whether a user who deposited coins in July 2020 is bound by the April 2022 Terms of Use); and (4) whether the specific stablecoin sought to be sold is property of the Debtors' estates (if not covered by the previous three issues); *provided, however*, that the foregoing shall not preclude the Debtors from responding to any objections to the Amended Motion that are beyond the scope of the Requested Findings. The Amended Motion will not seek findings with respect to (1) the ownership of assets in the Debtors' "Borrow" program or "Custody" service or "Withhold" accounts or (2) whether any Account Holder has valid defenses to the purported contract between Account Holders and the Debtors under the Terms of Use, and all parties' rights are reserved with respect to each of the foregoing; *provided that* notwithstanding the foregoing, the Debtors shall

3

seek approval from the Court in the Amended Motion to sell stablecoins free and clear of any interest pursuant to section 363(f) of the Bankruptcy Code and any party seeking to prevent any such free and clear sale pursuant to section 363(f) bears the burden of proof on the issue of the validity, priority, or extent of such interest pursuant to section 363(p) of the Bankruptcy Code.

4. For the avoidance of doubt, any party in interest seeking to object to the Debtors' right to title and ownership of any and all assets held in the Debtors' "Earn" program shall file such objection by November 29, 2022, by 5:00 p.m., prevailing Eastern Time. The failure to file a timely objection may result in the entry of a final order finding that any and all such assets in the Debtors' "Earn" program are property of the Debtors' estates.

5. Unless otherwise ordered by the Court, depositions shall be limited to the individuals providing declarations in support of the Amended Motion.

6. The Debtors shall only be required to make each declarant available for one deposition of one day (not to exceed seven hours). Such depositions will be conducted in accordance with the Federal Rules of Bankruptcy Procedure. Such depositions will be held at the offices of Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, or such other location designated by the Debtors. Parties may attend the deposition in person or remotely. Parties attending any deposition in person shall be permitted to ask questions before parties attending such deposition remotely. Any party wishing to attend the deposition must send a written request to attend such deposition to Debtors' counsel at CelsiusCreditorQuestions@kirkland.com by November 17, 2022 at 5:00 p.m. prevailing Eastern Time. Such written request must indicate whether the party intends to attend in person or remotely. The Debtors are not obligated to honor any request to participate submitted after the deadline on November 17, 2022. Any party noticing a deposition shall, in such notice, provide an e-mail address for parties who are not available to

4

attend the deposition to utilize to submit questions for consideration by parties who will be participating in the deposition. To avoid the duplication of questions at any deposition, parties are encouraged to consolidate questions prior to the start of any such deposition.

7.       **The Court will not consider any filings submitted after December 2, 2022 at 5:00 p.m., prevailing Eastern Time**. The notice of hearing for the Amended Motion shall include instructions regarding e-mail submission of *pro se* filings to ensure timely receipt by all parties.

8.       Notwithstanding any applicable Bankruptcy Rules, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

9.       This Court retains exclusive jurisdiction with respect to all matters arising from or related to this Order.

10.      Upon entry of this Order, the Debtors shall promptly serve this Order upon all parties in interest, which may be via electronic mail.

New York, New York
 Dated: _____, 2022

　　　　　　　　　　　　　　　　　　　　　THE HONORABLE MARTIN GLENN
　　　　　　　　　　　　　　　　　　　　　CHIEF UNITED STATES BANKRUPTCY JUDGE

5