Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig

Dan Latona (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

### NOTICE OF HEARING ON DEBTORS' MOTION SEEKING ENTRY OF AN ORDER (I) SETTING A BRIEFING SCHEDULE AND (II) GRANTING RELATED RELIEF

**PLEASE TAKE NOTICE** that a hearing on the *Debtors' Motion Seeking Entry of an Order (I) Setting A Briefing Schedule and (II) Granting Related Relief* (the "Motion") will be held on **December 5, 2022, at 2:00 p.m., prevailing Eastern Time** (the "Hearing") before the Honorable Martin Glenn, Chief United States Bankruptcy Judge. In accordance with General Order M-543 dated March 20, 2020, the Hearing will be conducted remotely using Zoom for Government. Parties wishing to appear at the Hearing, whether making a "live" or "listen only"

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

appearance before the Court, need to make an electronic appearance (an "eCourtAppearance") through the Court's website at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl. Electronic appearances (eCourtAppearances) need to be made by **4:00 p.m., prevailing Eastern Time, the business day before the hearing (i.e., on December 4, 2022)**.

**PLEASE TAKE FURTHER NOTICE** that due to the large number of expected participants in the Hearing and the Court's security requirements for participating in a Zoom for Government audio and video hearing, all persons seeking to attend the Hearing at 2:00 p.m., prevailing Eastern Time, on December 5, 2022, must connect to the Hearing beginning at 1:00 p.m., prevailing Eastern Time, on December 5, 2022. When parties sign in to Zoom for Government and add their names, they must type in the first and last name that will be used to identify them at the Hearing. Parties that type in only their first name, a nickname or initials will not be admitted into the Hearing. When seeking to connect for either audio or video participation in a Zoom for Government Hearing, you will first enter a "Waiting Room," in the order in which you seek to connect. Court personnel will admit each person to the Hearing from the Waiting Room after confirming the person's name (and telephone number, if a telephone is used to connect) with their eCourtAppearance. Because of the large number of expected participants, you may experience a delay in the Waiting Room before you are admitted to the Hearing.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the relief requested in the Motion shall: (a) be in writing; (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York; (c) be filed electronically with the Court on the docket of *In re Celsius Network LLC*, No. 22-10964 (MG) by registered users of the Court's electronic filing system and

in accordance with all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York (which are available on the Court's website at http://www.nysb.uscourts.gov); and (d) be served in accordance with the *Amended Final Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief* [Docket No. 1181] (the "Case Management Order") by **December 2, 2022, at 4:00 p.m., prevailing Eastern Time**, to (i) the entities on the Master Service List (as defined in the Case Management Order and available on the case website of the Debtors at https://cases.stretto.com/celsius) and (ii) any person or entity with a particularized interest in the subject matter of the Motion.

**PLEASE TAKE FURTHER NOTICE** that only those responses or objections that are timely filed, served, and received will be considered at the Hearing. Failure to file a timely objection may result in entry of a final order granting the Motion as requested by the Debtors.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion and other pleadings filed in these chapter 11 cases may be obtained free of charge by visiting the website of Stretto at https://cases.stretto.com/celsius. You may also obtain copies of the Motion and other pleadings filed in these chapter 11 cases by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

*[Remainder of page intentionally left blank]*

New York, New York
Dated: November 14, 2022

*/s/ Joshua A. Sussberg*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:          jsussberg@kirkland.com

- and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:          patrick.nash@kirkland.com
                    ross.kwasteniet@kirkland.com
                    chris.koenig@kirkland.com
                    dan.latona@kirkland.com

*Counsel to the Debtors and Debtors in Possession*

Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) |
| | ) |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) |
| | ) |
| Debtors. | ) |
| | ) |

Chapter 11

Case No. 22-10964 (MG)

(Jointly Administered)

## DEBTORS' MOTION
## SEEKING ENTRY OF AN ORDER (I) SETTING
## A BRIEFING SCHEDULE AND (II) GRANTING RELATED RELIEF

The above-captioned debtors and debtors in possession (collectively, the "Debtors")

respectfully state the following in support of this motion (this "Motion"):

**Preliminary Statement**

1.    The Debtors commenced these chapter 11 cases to utilize the breathing spell

afforded by the automatic stay to develop and implement a value-maximizing transaction as

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification
number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius
Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks
Lending LLC (3390); and Celsius US Holding LLC (7956).  The location of Debtor Celsius Network LLC's
principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05,
Hoboken, New Jersey 07030.

promptly as possible.  To accomplish their goal, the Debtors are currently pursuing a two-track path of marketing their assets for sale and developing a standalone reorganization plan.

2.      However, these cases present novel, significant legal issues that are matters of first impression and must be resolved in order for these cases to reach a value-maximizing conclusion. Indeed, various stakeholders, including the Committee, certain equity holders, state and federal regulators, and a number of additional creditor constituencies have emerged and voiced their opinions at hearings, through motions and letters to the Court, and on social media, and have identified key legal issues that must be resolved in order for a chapter 11 plan to be confirmed. Between the *sui generis* legal issues presented by the Debtors' cryptocurrency business and the stakeholder involvement in these cases, there is the potential for a hotly-contested, value-destructive plan process unless certain key issues are resolved ahead of a confirmation hearing.

3.      Further, while the Debtors commenced these chapter 11 cases with significant unencumbered cash, chapter 11 is a costly endeavor.  With significant portions of revenue-generating operations paused for the foreseeable future, liquidity is starting to wane. Notwithstanding prudent cost-cutting measures, ranging from reductions in force, rejection of certain leases, and other initiatives, current forecasts estimate that the Debtors will run out of cash as early as January 2023.  The Debtors' mining assets, which are a crown jewel to either be monetized or reorganized around, also require certain capital infusions in the coming months to remain viable and operating in the ordinary course.

4.      Faced with the competing views on certain fundamental legal questions and a shortening runway, the Debtors must forge ahead towards a resolution of these key legal issues. To address gating questions about whether assets in the custody and withhold program constitute

property of the estates, the Court approved a streamlined process to resolve these important matters before the end of the year.[2]  The Debtors expect that the issue of ownership of cryptocurrency in the Earn program will be resolved at the omnibus hearing on December 5, 2022.

5.        In addition to those issues, the Debtors believe another key issue must be resolved at this time, namely which Debtor entities are liable to account holders under the global contract (the "Terms of Use") between Celsius Network LLC and its account holders (the "Briefed Legal Issue").

6.        This issue has already sparked significant debate among the Debtors, stakeholders, and observers alike, and goes to the very core of any chapter 11 plan proposed in these cases.  *See, e.g.*, *Motion of Community First Partners, LLC, Celsius SPV Investors, LP, Celsius New SPV Investors, LP, and CDP Investissements Inc. for Entry of an Order Direct the Appointment of an Official Preferred Equity Committee* [Docket No. 880]; *Series B Preferred Holders' Motion Pursuant to Bankruptcy Rule 1009 for Entry of an Order Directing the Debtors to Amend Their Schedules* [Docket No. 1183].

7.        Rather than forging ahead with a proposed chapter 11 plan and related disclosure statement now, with uncertainty around this threshold question, the Debtors believe it is appropriate and value-maximizing to brief this issue ahead of the plan confirmation process so that a chapter 11 plan can be proposed consistent with the Court's ruling.

8.        To that end, the Debtors seek approval of a briefing schedule that will allow this issue to be resolved expediently and minimize costs before embarking on the plan confirmation process.  To forge ahead without this clarity would invariably waste time, resources, and customer trust.  The process of plan solicitation will require considerable outreach and engagement with the

---

[2]      A trial on this issue is currently scheduled for December 7 and 8, 2022.

customer constituency that is less familiar with the process than sophisticated holders of funded debt typically found in other large chapter 11 cases. Additionally, re-soliciting a plan is not an option from a timing perspective, given the Debtors' liquidity profile. The old adage to "measure twice, cut once" is apropos. By resolving this issue prior to proposing a chapter 11 plan, the Debtors hope to provide all parties in interest with the requisite clarity necessary to develop a confirmable chapter 11 plan while minimizing expense, thereby maximizing value for all stakeholders.

9.      The Debtors have socialized a version of this briefing schedule with key stakeholders, including counsel to the Committee and counsel to certain equity holders. The equity holders have agreed to the proposed schedule.

10.      Finally, following the resolution of the issue of ownership of cryptocurrency in the Earn program, the Debtors will also seek to resolve another important and related issue: whether assets constituting collateral for loans are property of the Debtors' estates. The Debtors propose that following the ruling on the Earn Program issues, the Court hold a status conference on a schedule for briefing the ownership of the Collateral Assets.

### **Relief Requested**

11.      The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), (a) establishing certain dates and deadlines governing the briefing and resolution of the legal issue of against which Debtor entities account holders have claims on account of cryptocurrency deposited on the Debtors' platform and (b) granting related relief.

### **Jurisdiction and Venue**

12.      The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern

District of New York, entered February 1, 2012.  The Debtors confirm their consent to the Court

entering a final order in connection with this Motion to the extent that it is later determined that

the Court, absent consent of the parties, cannot enter final orders or judgments in connection

herewith consistent with Article III of the United States Constitution.

13.    Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

14.    The statutory bases for the relief requested herein include section 105(a) of title 11

of the United States Code (the "Bankruptcy Code"), Rules 3020(b), 7042, and 9014(c) of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 16(b) of the Federal

Rules of Civil Procedure (the "Rules").

## Background

15.    The Debtors, together with their non-Debtor affiliates (collectively, "Celsius"), are

one of the largest and most sophisticated cryptocurrency-based finance platforms in the world and

provide financial services to institutional, corporate, and retail clients across more than

100 countries.  Celsius was created in 2017 to be one of the first cryptocurrency platforms to which

users could transfer their crypto assets and (a) earn rewards on crypto assets and/or (b) take loans

using those transferred crypto assets as collateral.  Headquartered in Hoboken, New Jersey, Celsius

has more than 1.7 million registered users and approximately 300,000 active users with account

balances greater than $100.

16.    On July 13, 2022 (the "Petition Date"), each of the Debtors filed a voluntary

petition for relief under chapter 11 of the Bankruptcy Code.  A detailed description of the facts

and circumstances of these chapter 11 cases is set forth in the *Declaration of Robert Campagna,*

*Managing Director of Alvarez & Marsal North America, LLC, in Support of Chapter 11 Petitions*

*and First Day Motions* [Docket No. 22] (the "Campagna Declaration").[3]  The Debtors commenced these chapter 11 cases to provide Celsius an opportunity to stabilize its business and consummate a comprehensive restructuring transaction that maximizes value for stakeholders.

17.    The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  These chapter 11 cases have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 53].  On July 27, 2022, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed an official committee of unsecured creditors [Docket No. 241] (the "Committee").  On September 29, 2022, the Court entered an order approving the appointment of an examiner (the "Examiner") [Docket No. 923].

### Briefing Schedule

18.    While the Debtors endeavor to move these chapter 11 cases in an expedient manner, it is imperative to resolve the Briefed Legal Issue.  The Debtors believe it is appropriate to enter an order setting a briefing schedule to ensure the logical, expeditious, and economical resolution of this issue ahead of proposing a chapter 11 plan.  Proceeding in this manner will ensure that significant time and resources are not wasted trying to solicit and pursue a chapter 11 plan that would, at best, be heavily contested, and at worst may be unconfirmable.

19.    Accordingly, the Debtors propose the briefing schedule set forth below (subject to the Court's availability, as applicable):

| Briefed Legal Issue | Deadline |
| --- | --- |
| **Phase I Briefing** | |
| Deadline for the Parties to file opening briefs of no more than 30 pages on the Briefed Legal Issue | December 19, 2022, by 4:00 p.m., prevailing Eastern Time |

---

[3]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Campagna Declaration.

| Briefed Legal Issue | Deadline |
|---|---|
| Deadline for parties in interest to file joinders to the initial position papers and identify any additional arguments or claims that uniformly apply to account holders not stated in the initial position papers | January 4, 2023, by 4:00 p.m., prevailing Eastern Time |
| Deadline for any parties in interest to file responsive briefs of no more than 30 pages on Briefed Legal Issue | January 20, 2023, by 4:00 p.m., prevailing Eastern Time |
| Phase I Hearing to be held on Briefed Legal Issue | On a date to be scheduled by the Court |

20.     The Parties will prepare briefs on the Briefed Legal Issue on a schedule that will run parallel to the resolution of the Earn, Custody, and Withhold issues, and comports with other milestones, such as the Examiner's Report and sale hearings.  If, at the Phase I hearing, the Court determines that further factual development is necessary to resolve the Briefed Legal Issue, the Parties will work together to develop a discovery schedule for Phase II based on the Court's ruling at the conclusion of Phase I.  This sequencing allows the Parties to potentially resolve the Briefed Legal Issue without incurring the costs and the delay of discovery, except to the extent the Court determines that such discovery is needed to resolve the Briefed Legal Issue.  Additionally, by resolving the Briefed Legal Issue before the Debtors attempt to solicit a plan, the Debtors have a stronger chance of proposing a confirmable plan and avoiding the costs of protracted plan confirmation litigation and soliciting a second plan.

21.     The Debtors shared a draft of this briefing schedule with the Committee and Community First Partners, LLC, Celsius SPV Investors, LP, Celsius New SPV Investors, LP, and CDP Investissements Inc. (collectively, the "Series B Preferred Shareholders" and the Series B Preferred Shareholders together with the Committee and the Debtors, the "Parties").  The Parties were not able to come to unanimous agreement on this approach, however the Debtors will continue to engage with all parties in interest in an effort to develop a consensual schedule in advance of a hearing on this Motion.

## Property of the Estates Briefing Schedule

22.     The Court is expected to resolve whether assets in the Earn Program are property of the Debtors' estates in ruling on the *Debtors' Amended Motion Seeking Entry of an Order (I) Permitting the Sale of Stablecoin in the Ordinary Course and (II) Granting Related Relief*, filed contemporaneously herewith.  This resolution is necessarily connected to the issue of whether assets constituting collateral for loans (the "Collateral Assets") are property of the Debtors' estates. Assets in the Earn Program and the Collateral Assets are both governed by the Debtors' Terms of Use.  In resolving the Earn Program issues the Court will need to interpret language in the Debtors' Terms of Use that will clarify what questions remain with respect to the Collateral Assets.  The Debtors believe that a determination on the Collateral Assets will be ripe for briefing following the Court's ruling on the Earn Program issues.  As such, the Debtors propose that following the ruling on the Earn Program issues, the Court hold a status conference on a schedule for briefing the ownership of the Collateral Assets.

## Basis for Relief

23.     Pursuant to section 105(a) of the Bankruptcy Code, a court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [Title 11]." 11 U.S.C. § 105(a).  The Second Circuit has interpreted section 105 to allow courts to "police their dockets and afford [parties] appropriate relief."  *In re Casse*, 198 F.3d 327, 336 (2d Cir. 1999); *see also* 2 Collier on Bankruptcy ¶ 105.01 (Richard Levin & Henry J. Sommer eds., 16th ed.) ("Bankruptcy courts . . . through the general grant of power in section 105, are able to police their

dockets and afford appropriate relief.") (citing *In re Oi Brasil Holdings Coöperatief U.A.*, 578 B.R. 169, 201 (Bankr. S.D.N.Y. 2017)).

24.     Bankruptcy Rule 7042, made applicable to contested matters by Bankruptcy Rule 9014(c), incorporates the provisions of Rule 42 of the Federal Rules of Civil Procedure (the "Rules"), which provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42. Resolving the Briefed Legal Issue through the proposed briefing schedule promotes the goals of convenience, expediency, and economy of Bankruptcy Rule 7042(b).

25.     Rule 16(b) requires entry of a scheduling order in adversary proceedings in bankruptcy cases. *See* Fed. R. Bankr. P. 7016. Although the proposal or confirmation of a chapter 11 plan is not an adversary proceeding, many of the principles underlying Rule 16 are equally applicable to what are likely to be contested confirmation proceedings. Specifically, "the rule's purpose is to provide for the judicial control over a case, streamline proceedings, maximize the efficiency of the court system, and actively manage the timetable of case preparation to expedite the speedy and efficient disposition of cases." *Paoli v. Stetser*, No. 12-66-GMS-CJB, 2013 WL 2154393, at *2 (D. Del. May 16, 2013) (internal quotation marks and citation omitted). That purpose is as relevant here as it is in any adversary proceeding.

26.     The Debtors' proposed briefing schedule is designed to promote the goals of convenience, expediency, and economy set forth in Bankruptcy Rule 7042(b) and Rule 16. It provides for judicial control over the case, streamlines proceedings, maximizes efficiency, and manages the timetable of preparation for filing a plan and an eventual confirmation hearing to expedite the speedy and efficient disposition of this case. The Debtors' proposed briefing schedule

achieves that goal while allowing any objectors the opportunity to be heard. Once completed, it provides the certainty upon which the Debtors can bring these cases to a prompt and value-maximizing conclusion.

27.    Bankruptcy courts in large chapter 11 cases in this district and others have authorized procedures or schedules similar to those requested in this Motion to streamline the process of resolving certain consequential legal issues and reduce the expense of the administration of the bankruptcy estates. *See, e.g.,* Order, *In re Solstice Mktg. Concepts LLC*, No. 21-10306 (MG) (Bankr. S.D.N.Y. May 13, 2021) [Docket No. 147]; Order*, In re Motors Liquidation Co.*, No. 09-50026 (Bankr. S.D.N.Y. May 16, 2014) [Docket No. 12697]; Stipulated Order, *In re Calpine Corp.*, No. 05-60200 (Bankr. S.D.N.Y. Jan. 31, 2011) [Docket No. 8220]; Order, *In re Lyondell Chem. Co.*, No. 09-10023 (Bankr. S.D.N.Y. Aug. 11, 2009) [Docket No. 2477]; Order, *In re Dana Corp.*, No. 06-10354 (Bankr. S.D.N.Y. Oct. 13, 2006) [Docket No. 3865]; Order, *In re PG&E Corp.*, No. 19-30088 (Bankr. N.D. Cal. Oct. 31, 2019) [Docket No. 4540]; Order, *In re Emas Chiyoda Subsea Ltd.*, No. 17-31146 (Bankr. S.D. Tex. Jan. 18, 2018) [Docket No. 816]; Order, *In re Vanguard Nat. Res., LLC*, No. 17-30560 (Bankr. S.D. Tex. Dec. 19, 2017) [Docket No. 1607]; Agreed Order, *In re Asarco LLC*, No. 05-21207 (Bankr. S.D. Tex. Mar. 15, 2012) [Docket No. 16568]. Courts have also ordered parties to comply with briefing schedules *sua sponte* and without citing to any particular statutory authority. *See, e.g.,* Order, *In re Residential Cap., LLC*, No. 12-12020 (MG) (Bankr. S.D.N.Y. Mar. 4, 2014) [Docket No. 6592]; Order, *In re Residential Cap., LLC*, No. 12-12020 (MG) (Bankr. S.D.N.Y. Oct. 3, 2012) [Docket No. 1703]. In *PG&E*, a briefing schedule was used to address discrete legal issues ahead of the debtors drafting and soliciting their chapter 11 plan. *See* Order, *In re PG&E Corp.*, No. 19-30088 (Bankr. N.D. Cal. Oct. 31, 2019) [Docket No. 4540].

Much like in *PG&E*, the Debtors seek to address a global legal issue, the resolution of which is essential before the Debtors can even hope to propose a plan.

28.    Nor is a briefing schedule like the one proposed a novel concept outside of these chapter 11 cases. Bankruptcy Rules 3020(b)(1) and (2) provide for the Court to fix a time for the hearing on the confirmation of a plan of reorganization and the time by which objections to that plan are to be filed. Fed. R. Bankr. P. 3020(b). The Debtors' proposed briefing schedule provides a similar structure for pre-confirmation briefing that is designed to support a timely plan confirmation hearing. The only difference is that the Debtors propose to resolve barriers to chapter 11 plan confirmation prior to the expensive and time-consuming process of plan solicitation.

29.    The Debtors request the Court set a briefing schedule for the resolution of the Briefed Legal Issue, because the resolution of the issue is in the interest of judicial economy. While the Debtors could propose a chapter 11 plan prior to resolution of the issue, creditors and other parties in interest have differing views and would no doubt object to any such chapter 11 plan for the reasons this briefing schedule aims to resolve. Rather than expending estate resources developing a chapter 11 plan while the Briefed Legal Issue remains unresolved and incurring the expenses to solicit a plan, tabulate votes, and prosecute a hotly-contested plan confirmation, the Debtors want to forge ahead in the most efficient manner possible. Accordingly, the Debtors' proposed schedule is appropriate and should be approved.

## Motion Practice

30.    This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this Motion. Accordingly, the Debtors submit that this Motion satisfies Local Rule 9013-1(a).

**<u>Notice</u>**

31.     The Debtors will provide notice of this Motion to the following parties or their respective counsel:  (a) the U.S. Trustee; (b) counsel to the Committee; (c) the United States Attorney's Office for the Southern District of New York; (d) the Internal Revenue Service; (e) the offices of the attorneys general in the states in which the Debtors operate; (f) the Securities and Exchange Commission; and (g) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**<u>No Prior Request</u>**

32.     No prior request for the relief sought in this Motion has been made to this or any other court.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors request that the Court enter the Order, granting the relief

requested herein and such other relief as the Court deems appropriate under the circumstances.

| | |
|---|---|
| New York, New York | /s/ Joshua A. Sussberg |
| Dated: November 14, 2022 | **KIRKLAND & ELLIS LLP** |
| | **KIRKLAND & ELLIS INTERNATIONAL LLP** |

Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:           jsussberg@kirkland.com

- and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200
Email:           patrick.nash@kirkland.com
                 ross.kwasteniet@kirkland.com
                 chris.koenig@kirkland.com
                 dan.latona@kirkland.com

*Counsel to the Debtors and Debtors in Possession*

## Exhibit A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) Case No. 22-10964 (MG) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

## ORDER (I) SETTING A
## BRIEFING SCHEDULE AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") setting a briefing schedule and (b) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing thereon were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      All objections that have not been withdrawn, waived, or otherwise resolved, if any, are overruled on the merits with prejudice.  All withdrawn objections are deemed withdrawn with prejudice.

3.      Any interested parties shall brief the issue of "which Debtors are liable to account holders under the global contract (the "Terms of Use") between Celsius Network LLC and its account holders" (the "Briefed Legal Issue").  For the avoidance of doubt, the Debtors, the Series B Preferred Holders (Community First Partners, LLC, Celsius SPV Investors, LP, Celsius New SPV Investors, LP, and CDP Investissements Inc.), and the Official Committee of Unsecured Creditors shall be Parties.

4.      The schedule for the resolution of the Briefed Legal Issue shall be as follows:

| Briefed Legal Issue | Deadline |
|---|---|
| **Phase I Briefing** ||
| Deadline for the Parties to file opening briefs of no more than 30 pages on the Briefed Legal Issue | December 19, 2022, by 4:00 p.m., prevailing Eastern Time |
| Deadline for parties in interest to file joinders to the initial position papers and identify any additional arguments or claims that uniformly apply to account holders not stated in the initial position papers | January 4, 2023, by 4:00 p.m., prevailing Eastern Time |
| Deadline for any parties in interest to file responsive briefs of no more than 30 pages on Briefed Legal Issue | January 20, 2023, by 4:00 p.m., prevailing Eastern Time |
| Phase I Hearing to be held on Briefed Legal Issue | On a date to be scheduled by the Court |

5.      This Order shall not prejudice the rights of any party in interest to seek briefing on any other legal issues beyond the Briefed Legal Issue.

6.      The schedule for Phase II of this process, including timing and scope of any discovery, will be decided at the conclusion of Phase I.

7.      The Court's findings of fact, conclusions of law, rulings and orders regarding the Briefed Legal Issue shall be binding on all account holders and other parties in interest for all purposes, including in connection with confirmation of a chapter 11 plan, in these cases, regardless of whether any such party participated in the Briefed Legal Issue process.  In the event that the Court concludes that the account holders do not have claims against every Debtor based on the Terms of Use at the conclusion of either Phase I or Phase II (the "Court Ruling"): (i) the Debtors shall amend their Schedules to remove account holder claims scheduled against any and all Debtors found not to be liable to account holders pursuant to the Court Ruling, within five (5) business days of such ruling; (ii) the Debtors shall provide notice of any such amendment to all affected creditors within five (5) business days of the filing of such amendment; and (iii) the Debtors (or any successor to the Debtors pursuant to a chapter 11 plan) shall, prior to any deadline for filing objections to claims set by the Court pursuant to a chapter 11 plan or otherwise, seek to disallow and expunge from the claims register all proofs of claim filed by account holders against those Debtors that the Court Ruling determines not to be liable to such account holders, to the extent such proofs of claim are inconsistent with the Court Ruling.

8.      Notwithstanding any applicable Bankruptcy Rules, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

9.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to this Order.

3

10.     Upon entry of this Order, the Debtors shall promptly serve this Order upon all

parties in interest, which may be via e-mail to account holders.

New York, New York
Dated: _____, 2022

_____
THE HONORABLE MARTIN GLENN
CHIEF UNITED STATES BANKRUPTCY JUDGE