Dennis F. Dunne
Nelly Almeida
**MILBANK LLP**
55 Hudson Yards
New York, NY 10001
Tel: (212) 530-5000
Fax: (212) 660-5219

Andrew M. Leblanc
Melanie Westover Yanez
**MILBANK LLP**
1850 K Street, NW, Suite 1100
Washington, DC 20006
Tel: (202) 835-7500
Fax: (202) 263-7586

*Counsel to Community First Partners, LLC,
Celsius SPV Investors, LP, and Celsius
New SPV Investors, LP*

Joshua M. Mester (admitted *pro hac vice*)
**JONES DAY**
555 South Flower Street
Fiftieth Floor
Los Angeles, CA 90071
Tel:  (213) 489-3939
Fax: (213) 243-2539

*Counsel to CDP Investissements Inc.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

# NOTICE OF FILING REVISED PROPOSED
# ORDER PURSUANT TO BANKRUPTCY RULE 1009
# DIRECTING THE DEBTORS TO AMEND THEIR SCHEDULES

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

**PLEASE TAKE NOTICE** that on October 25, 2022, Community First Partners, LLC, Celsius SPV Investors, LP, Celsius New SPV Investors, LP, and CDP Investissements Inc. (collectively, the "Series B Preferred Holders") filed the *Series B Preferred Holders' Motion Pursuant to Bankruptcy Rule 1009 for Entry of an Order Directing the Debtors to Amend Their Schedules* [Dkt. No. 1183] (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that the Series B Preferred Holders, with the consent of the Debtors, hereby file a revised proposed *Order Pursuant to Bankruptcy Rule 1009 Directing the Debtors to Amend Their Schedules in Certain Circumstances*, attached hereto as **Exhibit A** (the "Revised Proposed Order").

**PLEASE TAKE FURTHER NOTICE** that, attached hereto as **Exhibit B**, is a comparison between the Revised Proposed Order and the proposed order attached to the Motion as Exhibit A.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion and other pleadings filed in these chapter 11 cases may be obtained free of charge by visiting the website of Stretto at https://cases.stretto.com/celsius.  You may also obtain copies of the Motion and other pleadings filed in these chapter 11 cases by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

*[Remainder of page intentionally left blank]*

Dated: November 14, 2022
      New York, New York

/s/ *Dennis F. Dunne*
Dennis F. Dunne
Nelly Almeida
**MILBANK LLP**
55 Hudson Yards
New York, NY 10001
Tel: (212) 530-5000
Fax: (212) 660-5219
Email: ddunne@milbank.com
        nalmeida@milbank.com

- and -

Andrew M. Leblanc
Melanie Westover Yanez
**MILBANK LLP**
1850 K Street, NW, Suite 1100
Washington, DC 20006
Tel: (202) 835-7500
Fax: (202) 263-7586
Email: aleblanc@milbank.com
        mwyanez@milbank.com

*Counsel to Community First Partners, LLC, Celsius SPV Investors, LP, and Celsius New SPV Investors, LP*

/s/ *Joshua M. Mester*
Joshua M. Mester
**JONES DAY**
555 South Flower Street
Fiftieth Floor
Los Angeles, CA 90071
Tel: (213) 489-3939
Fax: (213) 243-2539
Email: jmester@jonesday.com

*Counsel to CDP Investissements Inc.*

## Exhibit A

**Revised Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER PURSUANT TO BANKRUPTCY RULE 1009 DIRECTING THE
DEBTORS TO AMEND THEIR SCHEDULES IN CERTAIN CIRCUMSTANCES**

Upon the motion (the "Motion")[2] of the Series B Preferred Holders for entry of an order (this "Order") directing the Debtors to amend their Schedules of Assets and Liabilities (the "Schedules"), as more fully set forth in the Motion; and the Debtors having consented to the entry of this Order; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, dated January 31, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is appropriate pursuant to Bankruptcy Rule 1009; and it appearing that notice of the Motion has been given as set forth in the Motion and that such notice is adequate under the circumstances

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

and no other or further notice need be given; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefore, it is **HEREBY ORDERED THAT**:

1. The Motion is granted as set forth herein.

2. All objections that have not been withdrawn, waived, or otherwise resolved, if any, are hereby denied or overruled on the merits with prejudice. All withdrawn objections are deemed withdrawn with prejudice.

3. A conversion table (the "Conversion Table") shall be filed within three (3) days of entry of this Order, that reflects the Debtors' view of the rate of conversion of all cryptocurrency listed in the Debtors' Schedules to the lawful currency of the United States ("US Dollars") as of the Petition Date. The Debtors shall consult the official committee of unsecured creditors and the Series B Preferred Holders prior to filing the Conversion Table.

4. To the extent that the US Dollar amount of any account holder's cryptocurrency coin balance is relevant in any future proceeding in these cases, parties in interest may use the Conversion Table to calculate the US Dollar amount of such account holder's claim as of the Petition Date.

5. All parties reserve rights to contest the conversion rates set forth in the Conversion Table.

6. To the extent that the Court makes a determination that (i) renders listing the US Dollar amount of any account holder's cryptocurrency coin balance appropriate, or (ii) scheduling the US Dollar amount of any account holder's cryptocurrency coin balance is otherwise required, in each case the Debtors shall amend their Schedules within five (5) business

days of such Court determination to include such account holder's claim in US Dollars as of the Petition Date, using the Conversion Table to calculate the US Dollar amount of the cryptocurrency coin balance for such account holder, without further action by any parties in interest or further order of the Court.

7. All parties in interest's rights are reserved with respect to the issues of whether (i) account holder claims, or distributions on account of such claims, are required to be stated in US Dollars or determined by reference to US Dollars, pursuant to the Bankruptcy Code, Bankruptcy Rules, or otherwise, and (ii) the US Dollar amount of an account holder's claim based on their cryptocurrency coin balance is relevant in any future proceeding in these cases.

8. Until and to the extent that the Court determines that the US Dollar amount of account holders' cryptocurrency coin balance is relevant in these chapter 11 cases, no party in interest is required to file an objection to a Scheduled claim or a proof of claim that is not stated in US Dollars solely on the basis that such claims should be reflected in US Dollars. All parties in interest's rights are reserved with respect to the allowance or disallowance of any such Scheduled claim or proof of claim and any and all defenses or objections thereto.

9. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2022
       New York, New York

                                                                               _____
                                                                               MARTIN GLENN
                                                                               CHIEF UNITED STATES BANKRUPTCY JUDGE

**Exhibit B**

**Redline**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*[1] | ) ) | Case No. 22-10964 (MG) |
| Debtors. | ) ) ) | (Jointly Administered) |

**ORDER PURSUANT TO BANKRUPTCY RULE 1009**
**DIRECTING**
**THE DEBTORS TO AMEND THEIR SCHEDULES IN CERTAIN CIRCUMSTANCES**

Upon the motion (the "Motion")[2] of the Series B Preferred Holders for entry of an order (this "Order") directing the Debtors to amend their Schedules of Assets and Liabilities (the "Schedules"), as more fully set forth in the Motion**; and the Debtors having consented to the entry of this Order**; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, dated January 31, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is appropriate pursuant to Bankruptcy Rule 1009; and it appearing that notice of the Motion has

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

been given as set forth in the Motion and that such notice is adequate under the circumstances and no other or further notice need be given; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefore, it is **HEREBY ORDERED THAT**:

1. The Motion is granted as set forth herein.

2. All objections that have not been withdrawn, waived, or otherwise resolved, if any, are hereby denied or overruled on the merits with prejudice. All withdrawn objections are deemed withdrawn with prejudice.

3. ~~The Debtors are directed to amend the Schedules to denominate each claim in their respective Schedules E/F in U.S. dollar amounts as of the Petition Date.~~

3. **A conversion table (the "Conversion Table") shall be filed within three (3) days of entry of this Order, that reflects the Debtors' view of the rate of conversion of all cryptocurrency listed in the Debtors' Schedules to the lawful currency of the United States ("US Dollars") as of the Petition Date. The Debtors shall consult the official committee of unsecured creditors and the Series B Preferred Holders prior to filing the Conversion Table.**

4. **To the extent that the US Dollar amount of any account holder's cryptocurrency coin balance is relevant in any future proceeding in these cases, parties in interest may use the Conversion Table to calculate the US Dollar amount of such account holder's claim as of the Petition Date.**

5. **All parties reserve rights to contest the conversion rates set forth in the Conversion Table.**

**6.** **To the extent that the Court makes a determination that (i) renders listing the US Dollar amount of any account holder's cryptocurrency coin balance appropriate, or (ii) scheduling the US Dollar amount of any account holder's cryptocurrency coin balance is otherwise required, in each case the Debtors shall amend their Schedules within five (5) business days of such Court determination to include such account holder's claim in US Dollars as of the Petition Date, using the Conversion Table to calculate the US Dollar amount of the cryptocurrency coin balance for such account holder, without further action by any parties in interest or further order of the Court.**

**7.** **All parties in interest's rights are reserved with respect to the issues of whether (i) account holder claims, or distributions on account of such claims, are required to be stated in US Dollars or determined by reference to US Dollars, pursuant to the Bankruptcy Code, Bankruptcy Rules, or otherwise, and (ii) the US Dollar amount of an account holder's claim based on their cryptocurrency coin balance is relevant in any future proceeding in these cases.**

**8.** **Until and to the extent that the Court determines that the US Dollar amount of account holders' cryptocurrency coin balance is relevant in these chapter 11 cases, no party in interest is required to file an objection to a Scheduled claim or a proof of claim that is not stated in US Dollars solely on the basis that such claims should be reflected in US Dollars. All parties in interest's rights are reserved with respect to the allowance or disallowance of any such Scheduled claim or proof of claim and any and all defenses or objections thereto.**

**9.** ~~4.~~ This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

3

Dated: _____, 2022
       New York, New York

                                          _____
                                          MARTIN GLENN
                                          CHIEF UNITED STATES BANKRUPTCY JUDGE