UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>CELSIUS NETWORK LLC, *et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-10964 (MG)<br><br>(Jointly Administered) |

**STIPULATION AND AGREED ORDER**
**MODIFYING SCOPE OF EXAMINER ORDER**

This stipulation and agreed order ("Stipulation and Order") is entered into by and among Shoba Pillay, examiner in these chapter 11 cases (the "Examiner"); the Official Committee of Unsecured Creditors (the "Committee"); and Ignat Tuganov ("Tuganov").

**Recitals**

A.  On July 13, 2022 (the "Petition Date"), each of the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors have continued to operate their businesses and manage their affairs as debtors and debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code.

B.  On July 27, 2022, the U.S. Trustee appointed the Committee.

C.  On September 14, 2022, the Court entered an Order directing the appointment of an examiner (the "Examiner Order") and directed an examination of the following topics:

    (i)    An examination of the Debtors' cryptocurrency holdings, including a determination as to where the Debtors' cryptocurrency

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

    holdings were stored prepetition and are stored postpetition and whether different types of accounts are commingled.

    (ii)    An examination as to why there was a change in account offerings beginning in April 2022 from the Earn Program to the Custody Service for some customers while others were placed in a "Withhold Account."

    (iii)    An examination of the Debtors' procedures for paying sales taxes, use taxes, and value added taxes and the extent of the Debtors' compliance with any non-bankruptcy laws with respect thereto.

    (iv)    An examination of the current status of the utility obligations of the Debtors' mining business.

(Examiner Order ¶ 3.)

    D.    On September 29, 2022, the United States Trustee appointed Shoba Pillay as Examiner and filed a notice of the appointment [Dkt. 920] and an application to approve the appointment of the Examiner. [Dkt. 921.] On that same date, the Court entered an order approving the appointment of the Examiner. [Dkt. 923.]

    E.    On October 11, 2022, the Examiner filed, in accordance with paragraph 7 of the Examiner Order, her *Motion to Approve Work Plan* [Dkt. 1013] ("Work Plan Motion").

    F.    On October 18, 2022, Tuganov filed his *Response to Examiner's Motion To Approve Work Plan and Motion To Clarify or Expand Scope of Examiner's Investigation* [Dkt. 1104] ("Tuganov Motion"). The Tuganov Motion requested that the scope of the Examiner's investigation be clarified or expanded to include an examination of "whether Debtors' business operations amounted to a Ponzi scheme." (*Id.* ¶ 9.)

    G.    Also on October 18, 2022, the Examiner filed her motion to *Confirm Examination Scope or Alternatively for Expansion of the Scope of the Examination* [Dkt. 1112] ("Scope Motion"). In the Scope Motion, the Examiner requested entry of an order providing that:

    i.    topic (i) in the Examiner Order includes an examination of the Debtors' CEL tokens, including why and how other digital assets were converted into CEL tokens, and how these tokens were marketed, stored, and traded – including whether any

2

       of the Debtors' trading practices involving CEL tokens generally or determinations of CEL tokens awarded as part of the Earn Rewards program – impacted their value, and

    ii.    topic (ii) in the Examiner Order includes an examination of the representations Debtors generally made in public representations to customers to attract them to their platform and about their cryptocurrency holdings and account offerings.

    H.    On November 1, 2022, the Court heard argument on the Work Plan Motion, Tuganov Motion, and Scope Motion. The Court entered orders granting the Work Plan Motion and Scope Motion [Dkt. 1260, 1261], and directed the Examiner, Committee, and other parties to confer about which party should undertake an investigation into whether the Debtors' operations involved a Ponzi scheme.

    I.    The Examiner, Committee, and Tuganov have met and conferred regarding an investigation into whether the Debtors' operations involved a Ponzi scheme, and respectfully request that the Court approve this Stipulation and Order as set forth below.

**IT IS STIPULATED AND AGREED, AND UPON COURT APPROVAL HEREOF, IT IS HEREBY ORDERED THAT:**

    1.    The scope of the Examiner's factual investigation and report is expanded to include an investigation and report on whether the Debtors used new deposits being made by customers to make payments or otherwise meet obligations to existing customers at a time when the Debtors had no other sources (whether liquid or which could have been monetized) from which to make such payments or meet such obligations (the "Examination Topic").

    2.    Except as modified hereby and in the Order granting the Scope Motion, the Examiner Order remains in full force and effect.

    3.    Nothing herein shall preclude the Committee from conducting its own investigation regarding the Debtors, including whether the Debtors' estates have claims or causes of action

3

against any person or entity, including with respect to any facts or circumstances related to the Examination Topic.

**SO STIPULATED:**

Dated: November 14, 2022

| | |
|---|---|
| _/s/ Vincent E. Lazar_ | _/s/ Gregory F. Pesce_ |
| **JENNER & BLOCK LLP** | **WHITE & CASE LLP** |
| Catherine L. Steege (admitted _pro hac vice_) | David M. Turetsky |
| Vincent E. Lazar | Keith H. Wofford |
| 353 N. Clark Street | Samuel P. Hershey |
| Chicago, IL 60654 | 1221 Avenue of the Americas |
| (312) 222-9350 | New York, New York 10020 |
| vlazar@jenner.com | Telephone: (212) 819-8200 |
| csteege@jenner.com | Facsimile: (212) 354-8113 |
| | david.turetsky@whitecase.com |
| | kwofford@whitecase.com |
| Richard Levin | sam.hershey@whitecase.com |
| Kayvan Sadeghi | |
| 1155 Avenue of the Americas | Michael C. Andolina (admitted _pro hac vice_) |
| New York, NY 10036 | Gregory F. Pesce (admitted _pro hac vice_) |
| (212) 891-1600 | 111 South Wacker Drive, Suite 5100 |
| rlevin@jenner.com | Chicago, Illinois 60606 |
| ksadeghi@jenner.com | (312) 881-5400 |
| | mandolina@whitecase.com |
| _Counsel to the Examiner_ | gregory.pesce@whitecase.com |
| | |
| | Aaron E. Colodny (admitted _pro hac vice_) |
| | 555 South Flower Street, Suite 2700 |
| | Los Angeles, California 90071 |
| | Telephone: (213) 620-7700 |
| | aaron.colodny@whitecase.com |
| | |
| | _Counsel to the Official Committee of Unsecured Creditors_ |

*/s/ Jeffrey S. Sabin*
**VENABLE LLP**
Jeffrey S. Sabin
Carol Weiner Levy
Arie Peled
1270 Avenue of the Americas
24th Floor
New York, New York 10020
(212) 503-0896
JSSabin@venable.com
CWeinerLevy@venable.com
APeled@venable.com

Andrew J. Currie (admitted pro hac vice)
600 Massachusetts Avenue, NW
Washington, DC 20001
Telephone: (202) 344-4586
Facsimile: (202) 344-8300
Email: AJCurrie@venable.com

*Counsel for Ignat Tuganov*


**IT IS SO ORDERED.**

Dated:  November 14, 2022
        New York, New York

                                              **/s/ Martin Glenn**
                                                 MARTIN GLENN
                                  Chief United States Bankruptcy Judge