UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

CELSIUS NETWORK LIMITED and
CELSIUS KEYFI LLC,

                    Plaintiffs,

       v.

JASON STONE and KEYFI INC.,

                    Defendants.

Adversary Proceeding
No. 22-01139 (MG)

---

### *EX-PARTE* MOTION FOR ENTRY OF AN ORDER AUTHORIZING CELSIUS TO REDACT AND FILE UNDER SEAL CERTAIN CONFIDENTIAL INFORMATION RELATED TO THE MOTION FOR PRELIMINARY INJUNCTION PURSUANT TO RULE 7065 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

Plaintiffs Celsius Network LLC and Celsius Network Limited (together, "Celsius"), hereby submit this motion (the "Motion") pursuant to section 107(b) of chapter 11 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1 of the Local Rules of Bankruptcy Procedure (the "Local Rules"), for entry of an order granting leave to redact and file under seal references to a certain contractual arrangement as set forth in the Motion for Preliminary Injunction (the "PI Motion"), the Declaration of Shiran Kleiderman in Support of Plaintiffs' Motion for Preliminary Injunction (the "Kleiderman Declaration"), the Declaration of Ron Sabo in Support of Plaintiffs' Motion for Preliminary Injunction (the "Sabo Declaration"), and the Declaration of Mitchell Hurley in Support of Plaintiffs' Motion for Preliminary Injunction (the "Hurley Declaration").

In support of this Motion, Celsius respectfully submits as follows:

**BACKGROUND**

1. On August 23, 2022, Celsius filed an adversary complaint against Jason Stone and KeyFi Inc. (the "Defendants"). *See generally* Adversary Complaint, *Celsius Network Ltd. et al. v. Stone et al.*, Adv. No. 22-01139-mg (Bankr. S.D.N.Y. Aug. 23, 2022) [ECF No. 1] (the "Complaint").

2. On October 13, 2022, Celsius filed an amended adversary complaint against Defendants. *See generally* First Amended Complaint, *Celsius Network Ltd. et al. v. Stone et al.*, Adv. No. 22-01139-mg (Bankr. S.D.N.Y. Aug. 23, 2022) [ECF No. 10] (the "Amended Complaint").

3. Currently pending before the Court is this Motion to redact certain confidential information regarding a confidential agreement from any paper filed with the Court, as the terms of such agreement require Celsius to keep the agreement and the terms thereof confidential.

4. Celsius anticipates filing the PI Motion to seek a preliminary injunction against Defendants to prevent the dissipation of the assets sought to be recovered by Celsius in the above-captioned adversary proceeding is appropriate under Federal Rules of Civil Procedure 65 as made applicable by Bank Rule 7065.

5. Included in the PI Motion, Kleiderman Declaration, Sabo Declaration, and Hurley Declaration (and exhibit thereto) are references to a contract between Celsius and another entity relating to the Celsius Staked ETH (as such term is defined in the PI Motion) (the "Confidential Agreement"). The terms of the Confidential Agreement require that the agreement and the terms thereof remain confidential. Celsius included a short discussion of the Confidential Agreement in

the PI Motion to provide the Court with full context related to the Celsius Staked ETH, but the Confidential Agreement is in no way dispositive of any issue concerning the Celsius Staked ETH.

6. Accordingly, Celsius requests entry of an order authorizing Celsius to redact the references to the Confidential Agreement in the PI Motion, Kleiderman Declaration, Sabo Declaration, and Hurley Declaration (and exhibit thereto) and to file the unredacted PI Motion, Kleiderman Declaration, Sabo Declaration, and Hurley Declaration (and exhibit thereto) under seal. Celsius proposes providing unredacted copies of the PI Motion, Kleiderman Declaration, Sabo Declaration, and Hurley Declaration (and exhibits thereto), on a confidential basis, to (a) the Court, (b) Defendants, (c) the United States Trustee (the "U.S. Trustee"), (c) any party in interest that requests such documents, and (d) any other party as may be ordered by the Court.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of the United States District Court for the Southern District of New York (the "Southern District of New York") referring to the Bankruptcy Judges of the Southern District of New York all cases and proceedings arising under title 11 of the Bankruptcy Code.

8. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

9. By this Motion, Celsius requests entry of the Proposed Order, substantially in the form attached hereto as Exhibit A, authorizing Celsius to redact and file the PI Motion, Kleiderman Declaration, Sabo Declaration, and Hurley Declaration (and exhibit thereto), under seal to protect the confidential Staking Services Agreement entered into by Celsius and another entity.

**BASIS FOR RELIEF**

10. Bankruptcy Code section 107(b) provides, in relevant part: "On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—(1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . ." 11 U.S.C. § 107(b)(1).

11. Parsing the language of section 107(b), courts have emphasized that once the court determines the information falls within section 107(b), the court "is required to protect [the movant] and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994) (emphasis in original). Section 107(b) expressly authorizes the court to grant protection, where warranted, to an entity's confidential commercial information. Unlike Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require the movant to demonstrate "good cause." *Orion Pictures*, 21 F.3d at 28. This protection is not limited to the debtor; it extends to creditors and other parties in interest. *See In re Borders Grp., Inc.*, 462 B.R. 42, 48 (Bankr. S.D.N.Y. 2011) (granting motion to seal share purchase agreement between the debtors and a purchaser to protect the information of the purchaser and the company whose stock was being sold).

12. Further, Bankruptcy Rule 9018 defines the procedures by which a party may move for relief under Bankruptcy Code section 107(b), providing, in relevant part, that on motion "the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ." Fed. R. Bankr. P. 9018.

13. Though the Court has limited the redaction of information relating to the Debtors' creditors, *see Memorandum Opinion and Order on the Debtors' Sealing Motion* [ECF 910],

Celsius is not proposing to redact or seal information relating to creditors. Rather, Celsius proposes to redact only references to the Confidential Agreement, the disclosure of which is not necessary for the public to understand the evidence offered or relief requested in the PI Motion. The Confidential Agreement is largely ancillary to the relief sought, and Celsius has only included it to provide the Court with full context related to the Celsius Staked ETH discussed in the PI Motion. Celsius believes that redaction is clearly required under the terms of the Confidential Agreement and wishes to honor its contractual obligations with a commercial counterparty. Therefore, when weighing the prejudice to Celsius from disclosure of its contractual relationship under the Contractual Agreement against the need for public disclosure, the balance weighs in Celsius' favor.

14. Celsius therefore submits that good cause exists to authorize Celsius to redact and file under seal the PI Motion, Kleiderman Declaration, Sabo Declaration, and Hurley Declaration (and exhibit thereto).

15. The unredacted versions of the PI Motion, Kleiderman Declaration, Sabo Declaration, and Hurley Declaration (and exhibit thereto) will be retrieved and disposed of by the Plaintiffs at the conclusion of the matter.

## NO PRIOR REQUEST

16. No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, Celsius respectfully requests that the Court (i) enter an order substantially in the form attached hereto as <u>Exhibit A</u> and (ii) grant such other and further relief as the Court may deem proper.

Dated: November 14, 2022
New York, New York

        AKIN, GUMP, STRAUSS, HAUER & FELD LLP

By: */s/ Mitchell P. Hurley*
Mitchell P. Hurley
Dean L. Chapman Jr.
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
mhurley@akingump.com
dchapman@akingump.com

Elizabeth D. Scott (admitted *pro hac vice*)
2300 N. Field Street, Suite 1800
Dallas, TX 75201
Telephone: (214) 969-2800
Facsimile: (214) 969-4343
edscott@akingump.com

*Special Litigation Counsel for Debtors and Plaintiffs Celsius Network Limited and Celsius KeyFi LLC*

| TABLE OF EXHIBITS | |
|---|---|
| Exhibit A | Order Authorizing Celsius To Redact And File Under Seal Certain Confidential Information Related To The Motion For Preliminary Injunction Pursuant To Rule 7065 Of The Federal Rules Of Bankruptcy Procedure |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CELSIUS NETWORK LIMITED and<br>CELSIUS KEYFI LLC,<br><br>      Plaintiffs,<br><br>  v.<br><br><br>JASON STONE and KEYFI INC.,<br><br>      Defendants. | Adversary Proceeding<br>No. 22-01139 (MG) |

**ORDER AUTHORIZING CELSIUS TO REDACT AND FILE UNDER SEAL CERTAIN
CONFIDENTIAL INFORMATION RELATED TO THE MOTION FOR PRELIMINARY
INJUNCTION PURSUANT TO RULE 7065 OF THE
FEDERAL RULES OF BANKRUPTCY PROCEDURE**

Upon the motion (the "Motion")[1] of Celsius Network Limited and Celsius Network LLC (together, "Celsius"), for entry of an order pursuant to section 107(b) of chapter 11 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1 of the Local Rules of Bankruptcy Procedure (the "Local Rules"), for entry of an order authorizing Celsius to redact and file under seal the Motion for Preliminary Injunction (the "PI Motion"), the Declaration of Shiran Kleiderman in Support of Plaintiffs' Motion for Preliminary Injunction (the "Kleiderman

---

[1] The Motion refers to the Ex-Parte Motion for Entry of an Order Authorizing Celsius to Redact and File Under Seal Certain Confidential Information Related to the Motion for Preliminary Injunction Pursuant to Rule 7065 of the Federal Rules of Bankruptcy Procedure.

Declaration"), the Declaration of Ron Sabo in Support of Plaintiffs' Motion for Preliminary Injunction (the "Sabo Declaration"), and the Declaration of Mitchell Hurley in Support of Plaintiffs' Motion for Preliminary Injunction (the "Hurley Declaration"), as more fully set forth in the Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and upon any hearing held on the Motion; and all objections, if any, to the relief requested in the Motion having been withdrawn, resolved, or overruled by this Court; and this Court having determined that the legal and factual bases set forth in the Motion justify the relief granted herein' and it appearing that the relief requested herein is necessary to avoid harm to Celsius; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted. All responses and objections not withdrawn or resolved by this Order are overruled in all respects.

2. Pursuant to section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1, Celsius is authorized to redact and file under seal the PI Motion, Kleiderman Declaration, Sabo Declaration, and Hurley Declaration (and exhibit thereto).

3. Celsius shall submit unredacted copies of the PI Motion, Kleiderman Declaration, Sabo Declaration, and Hurley Declaration (and exhibit thereto) to the Clerk of this Court under seal in an envelope, clearly indicating that the same has been filed under seal.

4. Except as otherwise provided by further order of this Court, the PI Motion, Kleiderman Declaration, Sabo Declaration, and Hurley Declaration (and exhibit thereto) shall remain under seal and confidential and shall not be made available without the prior written consent of Celsius to any party other than (i) the Court, (ii) Defendants Jason Stone and KeyFi, Inc., and (iii) the U.S. Trustee.

5. Unredacted copies of the PI Motion, Kleiderman Declaration, Sabo Declaration, and Hurley Declaration (and exhibit thereto) shall not be filed on the public docket and shall remain permanently under seal, except as otherwise provided by a further order of this Court. Upon conclusion of the matter, the Clerk's Office is directed to release any hard copies of, or electronic storage devices of, the PI Motion, Kleiderman Declaration, Sabo Declaration, and Hurley Declaration (and exhibit thereto) for disposal by the Plaintiffs.

6. Nothing in this Order shall restrict in any way the right of any party in interest or the U.S. Trustee to seek relief from this Court to unseal any part of the PI Motion, Kleiderman Declaration, Sabo Declaration, and Hurley Declaration (and exhibit thereto).

7. Celsius is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

8. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and enforcement of this Order.

Dated: _____, 2022
     New York, New York

                        _____
                        THE HONORABLE MARTIN GLENN
                        UNITED STATES BANKRUPTCY JUDGE