# Exhibit 41

September 12, 2022 Letter from K. Roche to M. Hurley



September 12, 2022

**Via Email**

Mitchell Hurley
One Bryant Park
New York, New York 10036
mhurley@akingump.com

Re: *Celsius Network Ltd. et al. v. Stone et al.*, No. 22-01139 (Bankr. S.D.N.Y.)

Dear Mitchell:

    I write in response to your September 9, 2022, letter requesting that KeyFi, Inc. and Mr. Stone (collectively, the "KeyFi Parties") agree to prepare a declaration that identifies the use and disposition of the funds the KeyFi Parties received pursuant to agreements with Celsius Network Limited, Celsius Keyfi LLC, and their officers (together "Celsius"). Additionally, you assert that the KeyFi Parties should agree to a "voluntary injunction" wherein they agree not to use, transfer, or otherwise utilize any of the property that Celsius paid the KeyFi parties. Because neither request is grounded in law or fact, we must respectfully refuse.

    As you are well aware, KeyFi recently brought an action in New York Supreme Court wherein KeyFi explained that Mr. Stone and KeyFi were authorized to take certain profits as part of the profit share under the Celsius-KeyFi Asset Purchase Agreement. *See KeyFi, Inc. v. Celsius Network Limited*, No. 652367/2022 (N.Y. Sup. Ct.) ¶ 89. While that matter was automatically stayed by Celsius's subsequent bankruptcy, the fact remains that KeyFi's use of funds provided to it in 2021, in accordance with an asset purchase agreement are not estate property and there is simply no basis for requiring the KeyFi parties to undergo an invasive accounting of their uses of those proceeds in advance of the resolution of this litigation.

    Indeed, Celsius's adversary complaint effectively concedes as much, insofar as it asserts a claim for an accounting. *See Celsius Network Limited v. Stone*, 22-01139, ¶¶ 71–73. Your September 9, 2022, letter seeks to short-circuit the adversary proceeding by getting the remedy of an accounting before the KeyFi Parties have even had a chance to answer the Complaint.

    Likewise, the request for a "voluntary injunction" is unsupported by law or fact. The only basis you assert for the KeyFi Parties agreeing to such an injunction is your assertion that the relevant assets must be "preserved during the pendency of the Adversary Proceeding and remain available to satisfy any judgment that Celsius may obtain." You offer no basis to suggest that the KeyFi Parties are taking any steps to frustrate any judgment Celsius might ultimately obtain other

Mitchell Hurley
September 12, 2022
Page 2 of 2

than a vague reference to the use of Tornado Cash. This fear, without more, does not justify any injunction. *See Coventry Capital US LLC v. EEA Life Settlements, Inc.*, 2018 WL 7080327, at *2 (S.D.N.Y. Dec. 17, 2018) (refusing to enter a preliminary injunction where the movant had failed to make a "clear showing" that the defendant might be rendered judgment proof).

  As the respective complaints make clear, Celsius and the KeyFi Parties clearly disagree regarding the profit share that KeyFi is entitled to under the Asset Purchase Agreement. That disagreement will be tested through the litigation. Prior to that resolution, however, there simply is no basis to assert that you are entitled to the relief your letter seeks. The KeyFi Parties therefore respectfully will not agree to submit any declaration or voluntary injunction not otherwise required by the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure.

  Nothing contained in this letter is intended to be a waiver of the KeyFi Parties' rights, remedies, claims, and defenses, all of which are expressly reserved.

        Sincerely,

        /s/ *Kyle Roche*
        Kyle Roche