**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER (I) SETTING BAR DATES
FOR SUBMITTING PROOFS OF CLAIM,
(II) APPROVING PROCEDURES FOR SUBMITTING PROOFS OF CLAIM,
(III) APPROVING NOTICE THEREOF, AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Bar Date Order") pursuant to Bankruptcy Rule 3003(c)(3) (a) setting Bar Dates for creditors to submit Proofs of Claim in these chapter 11 cases, (b) approving the procedures described herein for submitting Proofs of Claim in these chapter 11 cases and the form of the Proof of Claim attached thereto as Exhibit B, (c) approving the form and manner of service of the notice of the Bar Dates, substantially in the form attached thereto as Exhibit C (the "Bar Date Notice"), including the publication version of the Bar Date Notice, substantially in the form attached thereto as Exhibit D, and allowing for publication notice as described in this Motion, and (d) granting related relief, all as more fully set forth in the Motion;

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion, the *Series B Preferred Holders' Limited Objection to Debtors' Motion for Entry of an Order Setting Bar Dates for Submitting Proofs of Claim and Granting Related Relief* (ECF Doc. # 1184) (the "Objection"), or the *Debtors' Reply to Series B Preferred Holders' Limited Objection to Debtors' Motion for Entry of an Order Setting Bar Dates for Submitting Proofs of Claim and Granting Related Relief* (ECF Doc. # 1331), as applicable.

and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this is a core proceeding pursuant to 28 U.S.C.§ 157(b); and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on thereon were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. Except as otherwise provided herein, all persons and entities including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts, that assert a claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtors that arose before the Petition Date, including claims pursuant to section 503(b)(9) of the Bankruptcy Code (each, a "503(b)(9) Claim"), shall submit a written proof of such Claim so that it is ***actually received*** by Stretto, Inc. (the "Notice and Claims Agent") on or before the later of **5:00 p.m. prevailing**

**Eastern Time on January 3, 2023** (the "General Claims Bar Date"), in accordance with this Bar Date Order.

3. Notwithstanding any other provision of this Bar Date Order, Proofs of Claim submitted by governmental units must be submitted so as to be *actually received* by the Notice and Claims Agent before **5:00 p.m. prevailing Eastern Time on January 10, 2023** (the "Governmental Bar Date").

4. Any person or entity that holds a Claim arising from the rejection of an executory contract or unexpired lease must submit a Proof of Claim based on such rejection on or before the later of (a) the General Claims Bar Date and (b) any date this Court may fix in the applicable order authorizing such rejection and, if no such date is provided, thirty days from the date of entry of such order. The Debtors will provide notice of the Rejection Bar Date to the contract or lease counterparty whose contract or lease is being rejected at the time the Debtors reject such executory contract or unexpired lease.

5. The Debtors shall amend the Schedules as necessary to comply with any opinion or order of this Court with respect to the Account Holder Claim Ruling and the Denomination Issue. If the Debtors amend or supplement their Schedules subsequent to the date hereof, the Debtors shall provide notice of any amendment or supplement to the holders of Claims affected thereby. The Debtors shall also provide such holders with notice that they will be afforded at least thirty-five days from the date of such notice to submit Proofs of Claim with respect to Claims affected by the amendment or supplement of the Schedules or otherwise be forever barred from doing so.

6. In accordance with Bankruptcy Rule 3003(c)(2) and the Guidelines, any holder of a Claim that is not excepted from the requirements of the Bar Date Order and fails to timely submit

a Proof of Claim in the appropriate form shall be forever barred, estopped, and enjoined from (a) asserting such Claim against the Debtors and their chapter 11 estates, (b) voting on any chapter 11 plan filed in this case on account of such Claim, and (c) participating in any distribution in these chapter 11 cases on account of such Claim.

7. As appropriate, the Debtors' Notice and Claims Agent shall email and mail (where applicable address information is available) Retail Creditors with instructions on filing a Proof of Claim and where the Email Notice is sent, substantially in the form annexed as Exhibit E in the Motion and hereby approved, the Debtors shall provide Retail Creditors with a link to the Notice and Claims Agent's website with access to Proofs of Claim forms substantially similar to the Form of Proof of Claim annexed as Exhibit C to the Motion, which is hereby approved.

8. The following procedures for the submission of Proofs of Claim asserting Claims against the Debtors in these chapter 11 cases shall apply:

a) Each Proof of Claim must: (i) be written in English; (ii) set forth (A) for any Claim based on cryptocurrency(ies) held in an account on the Debtors' platform, the number of units of each cryptocurrency held in such account[3] and (B) in the case of any other Claim, the amount of such Claim denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; (iv) be signed or electronically transmitted through the interface available on the Notice and Claims Agent's website at http://cases.stretto.com/celsius by the claimant or by an authorized agent or legal representative of the claimant; and (v) unless otherwise consented to by the Debtors in writing, include supporting documentation unless voluminous, in which

---

[3] For the avoidance of doubt, all claims for cryptocurrency held by any holder must clearly state (a) each type of cryptocurrency held and (b) the number of units of each cryptocurrency held, and (c) the type of account (Earn, Custody, Borrow, or Withhold).

4

        case a summary must be attached or an explanation provided as to why documentation is not available.[4]

  b) In addition to the requirements set forth in (a) above, any Proof of Claim asserting a 503(b)(9) Claim must also: (i) include the value of the goods delivered to and received by the Debtors in the 20 days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) Claim is being asserted; (iii) attach documentation of any reclamation demand made to any Debtor under section 546(c) of the Bankruptcy Code (if applicable); and (iv) set forth whether any portion of the 503(b)(9) Claim was satisfied by payments made by the Debtors pursuant to any order of the Bankruptcy Court authorizing the Debtors to pay prepetition Claims.

  c) Parties who wish to receive a proof of receipt of their Proofs of Claim from the Notice and Claims Agent must also include with their Proof of Claim a copy of their Proof of Claim and a self-addressed, stamped envelope.

  d) Each Proof of Claim must specify by name and case number the Debtor against which the Claim is submitted by checking the applicable box at the top of the proposed Proof of Claim Form. Each Proof of Claim will include the option to submit Claims against "All Debtors." A Proof of Claim submitted under Case No. 22-10964 or that does not identify a Debtor will be deemed as submitted only against Celsius Network LLC. A Proof of Claim that names a subsidiary Debtor but is submitted under Case No. 22-10964 will be treated as having been submitted against the subsidiary Debtor with a notation that a discrepancy in the submission exists.

  e) If the holder asserts separate Claims against different Debtors, a separate Proof of Claim form must be submitted with respect to each Claim; *provided* that a claim that indicates it is filed against each Debtor by checking the box titled "All Debtors (Account Holder Claim)" shall be deemed to have been filed against each Debtor without the need to file additional claims.

  f) Each Proof of Claim, including supporting documentation, must be submitted so that the Notice and Claims Agent **actually receives** the Proof of Claim on or before the applicable Bar Date

---

[4] Supporting documentation may include, but is not limited to, a .csv report of the claimants' account with the Debtors.

5

by: (i) electronically using the interface available on the Notice and Claims Agent's website at https://cases.stretto.com/celsius, or (ii) first-class U.S. Mail, overnight mail, or other hand-delivery system, which Proof of Claim must include an *original* signature, at the following address: Celsius Claims Processing, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602.

**PROOFS OF CLAIM MUST BE SUBMITTED BY MAIL, BY HAND, OR THROUGH THE STRETTO WEBSITE.  PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED AND WILL NOT BE DEEMED TIMELY SUBMITTED.**

9. Persons or entities need *not* submit a Proof of Claim on behalf of a Claim in these chapter 11 cases on or prior to the applicable bar date if the Claim falls into one of the following categories:

   a) any Claim that has already been asserted in a Proof of Claim against the Debtors with the clerk of the Bankruptcy Court for the Southern District of New York in a form substantially similar to Official Bankruptcy Form No. 410 (unless such person or entity wishes to assert the Claim against a Debtor not identified in the prior Proof of Claim, in which case an additional Proof of Claim must be filed);

   b) any Claim that is listed on the Schedules filed by the Debtors, provided that (i) the Claim is not scheduled as "disputed," "contingent," or "unliquidated"; (ii) the claimant does not disagree with the amount, nature, and priority of the Claim as set forth in the Schedules; and (iii) the claimant does not dispute that the Claim is an obligation only of the specific Debtor against which the Claim is listed in the Schedules;

   c) any Claim that has previously been allowed by order of this Court;

   d) any Claim that has already been paid in full by any of the Debtors;

   e) any Claim for which a different deadline has previously been fixed by this Court;

   f) any Claim held by a Debtor against another Debtor or any of the non-Debtor subsidiaries (whether direct or indirect) of Celsius Network, Inc.;

6

g) any Claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course, provided that any person or entity asserting a Claim entitled to administrative expense status under section 503(b)(9) of the Bankruptcy Code must assert such Claim by filing a request for payment or a Proof of Claim on or prior to the General Claims Bar Date;

h) any Claim based on an equity interest in the Debtors;

i) any Claim held by a current employee of the Debtors if an order of the Court authorizes the Debtors to honor such Claim in the ordinary course of business as a wage, commission, or benefit; any current or former employee must submit a Proof of Claim by the General Claims Bar Date for all other Claims arising before the Petition Date, including Claims for wrongful termination, discrimination, harassment, hostile work environment, and retaliation;

j) any Claim held by a current officer or director for indemnification, contribution, or reimbursement;

k) any Claim for fees and expenses of professionals retained in these chapter 11 cases, including those retained pursuant to the *Order Authorizing the Retention and Compensation of Professionals Utilized in the Ordinary Course of Business* [Docket No. 519]; and

l) any Claim held by any person or entity solely against a non Debtor entity.

10. Nothing in this Bar Date Order shall prejudice the right of the Debtors or any other party in interest to dispute or assert offsets or defenses to any Claim reflected in the Schedules.

11. The notice substantially in the form annexed as Exhibit C to the Motion is approved and shall be deemed adequate and sufficient if served by email or first-class mail at least thirty-five days prior to the General Claims Bar Date on:

a) the Master Service List (as defined in the Case Management Procedures);

b) all known creditors and other known holders of potential Claims against the Debtors as of the date of entry of the Bar Date Order,

       including all persons or entities listed in the Schedules for which the Debtors have mailing addresses or email addresses;

    c) all entities that have filed Proofs of Claim in these chapter 11 cases as of the date of the Bar Date Order;

    d) all known non-Debtor equity and interest holders of the Debtors as of the date the Bar Date Order is entered;

    e) all entities who are party to executory contracts and unexpired leases with the Debtors;

    f) all entities who are party to litigation with the Debtors;

    g) all current and former employees (to the extent that contact information for former employees is available in the Debtors' records);

    h) all regulatory authorities that regulate the Debtors' businesses, including consumer protection, environmental, and permitting authorities; and

    i) all taxing authorities for the jurisdictions in which the Debtors maintain or conduct business.

12. After the initial emailing and mailing of the Bar Date Notices and Proof of Claim Forms, the Debtors may, in their discretion, make supplemental mailings of notices, including in the event that: (a) notices are returned by the post office with forwarding addresses; (b) notices served by email are confirmed to be undeliverable; (c) certain parties acting on behalf of parties in interest decline to pass along notices to these parties and instead return their names and addresses to the Debtors for direct mailing; and (d) additional potential claimants become known to the Debtors. In this regard, the Debtors may make supplemental mailings of the Bar Date Notices and Proof of Claim Forms in these and similar circumstances at any time up to twenty-one days in advance of the applicable Bar Date, with any such mailings being deemed timely and the appropriate Bar Date being applicable to the recipient creditors.

13. Pursuant to Bankruptcy Rules 2002(f) and 2002(*l*), the Debtors shall publish a form of the Bar Date Notice (modified as necessary but consistent with the requirements of the

Guidelines), substantially in the form annexed as <u>Exhibit D</u> to the Motion, on one occasion in each of *The New York Times* (National Edition), *USA Today*, and *CoinDesk* (CoinDesk.com) at least twenty-eight days prior to the General Claims Bar Date, which publication is hereby approved and shall be deemed good, adequate, and sufficient publication notice of the General Claims Bar Date.

14. Any person or entity who desires to rely on the Schedules will have the responsibility for determining that such person's or entity's Claim is accurately listed in the Schedules.

15. Notwithstanding anything to the contrary in the Motion, this Order, or any findings announced at the hearing to consider the Motion, if any, nothing in the Motion, this Order, or announced at the hearing to consider the Motion, if any, constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis is expressly reserved.

16. The Debtors' and their Notice and Claims Agent are authorized to take all actions and make any payments necessary to effectuate the relief granted pursuant to this Bar Date Order in accordance with the Motion.

17. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of the Local Rules of this Court are satisfied by such notice.

18. Notwithstanding anything to the contrary, the terms and conditions of this Bar Date Order are immediately effective and enforceable upon its entry.

19. Entry of this Bar Date Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing a date by which holders of Claims or interests not subject to the

General Claims Bar Date established herein must submit such Proofs of Claim or interest or be barred from doing so.

20. The Bankruptcy Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Bar Date Order.

**IT IS SO ORDERED.**

Dated: November 16, 2022
       New York, New York

                                            **/s/ Martin Glenn**
                                            MARTIN GLENN
                             Chief United States Bankruptcy Judge