WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE, REGION 2
U.S. Department of Justice
Office of the United States Trustee
201 Varick Street, Suite 1006
New York, New York 10014
Telephone: (212) 510–0500

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------- x
                                                        :
In re                                                   :   Chapter 11
                                                        :
   CELSIUS NETWORK LLC., et al.,¹                       :   Case No. 22-10964 (MG)
                                                        :
                                                        :   Jointly Administered
                                            Debtors.    :
------------------------------------------------------- x
```

**PLEASE TAKE NOTICE** that a hearing on the application (the "<u>Rule 2004</u>

<u>Application</u>") of William K. Harrington, United States Trustee for Region 2 (the "<u>United States</u>

<u>Trustee</u>") for an Order Authorizing the United States Trustee to Conduct Rule 2004 Examination

of Willis Towers Watson ("<u>Willis Towers</u>"), before The Honorable Martin Glenn, United States

Bankruptcy Judge, in the United States Bankruptcy Court, One Bowling Green, New York, New

York 10004 shall take place on November 15, 2022 at 10:00 a.m. prevailing Eastern Time (the

"<u>Hearing</u>").

**P**LEASE TAKE FURTHER NOTICE that any responses or objections to the relief

requested in the Rule 2004 Application shall: (a) be in writing; (b) conform to the Federal Rules of

---

¹ The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

1

Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York; (c) be filed electronically with the Court on the docket of *In re Celsius Network LLC*, No. 22-10964 (MG) by registered users of the Court's electronic filing system and in accordance with all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York (which are available on the Court's website at http://www.nysb.uscourts.gov); and (d) be served so as to be actually received by November 28, 2022, at 4:00 p.m., prevailing Eastern Time, by (i) the entities on the Master Service List available on the case website of the above-captioned debtors and debtors in possession (the "Debtors") at https://cases.stretto.com/celsius, and (ii) any person or entity with a particularized interest in the subject matter of the Rule 2004 Application.

 **PLEASE TAKE FURTHER NOTICE** that in accordance with General Order M-543 dated March 20, 2020, the Hearing will be conducted remotely using Zoom for Government. Parties wishing to appear at the Hearing, whether making a "live" or "listen only" appearance before the Court, need to make an electronic appearance through the Court's website at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl.

 **PLEASE TAKE FURTHER NOTICE** that copies of the Rule 2004 Application and other pleadings filed in these chapter 11 cases may be obtained free of charge by visiting the website of Stretto at https://cases.stretto.com/celsius. You may also obtain copies of the Rule 2004 Application and other pleadings filed in these chapter 11 cases by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

**PLEASE TAKE FURTHER NOTICE** that failure to timely serve and file a response

may result in the entry of an order granting the relief sought in the Rule 2004 Application without

hearing.

Dated:  New York, New York
          November 17, 2022

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE, REGION 2

By:   /s/ Shara Cornell
          Shara Cornell
          Trial Attorney
          201 Varick Street, Room 1006
          New York, New York 10014
          Tel. No. (212) 510-0500
          Fax No. (212) 668-2255

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------- x
                                        :

In re                                       :    Chapter 11

                                          :

    CELSIUS NETWORK LLC., *et al.*,[1]     :    Case No. 22-10964 (MG)

                                          :

                                          :    Jointly Administered

                               Debtors.   :

---------------------------------------------------- x

**APPLICATION OF THE UNITED STATES TRUSTEE FOR AN ORDER
AUTHORIZING THE UNITED STATES TRUSTEE TO CONDUCT
A 2004 EXAMINATION OF WILLIS TOWERS WATSON**

**TO:   THE HONORABLE MARTIN GLENN,
       CHIEF UNITED STATES BANKRUPTCY JUDGE:**

       Pursuant to 11 U.S.C. §§105(a), 1106(a)(3)-(4) & (b), 1109(b), Fed. R. Bankr. P. 2004

("Rule 2004") and Rule 2004-1 of the Local Rules of this Court (the "Local Rules"), the United

States Trustee for Region 2, William K. Harrington ("United States Trustee") submits this

application (the "Rule 2004 Application") for an order authorizing the United States Trustee to

demand and compel by way of *subpoena* (i) the oral examination under oath of Willis Towers

Watson ("Willis Towers") regarding the documents and the examination topics identified in

Schedule A attached to the Rule 2004 Application, as the documents and examination topics

relate to the administration of the estate of the Celsius Network LLC, *et al*. (the "Debtors"); (2)

the production of documents that may be relevant; and (3) granting such other reliefs as this

Court deems just and proper.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

**Requested Date & Location for Production of Documents identified in Schedule A:**[1]
**December 12, 2022 by 4 o'clock p.m. EST**
**Office of the United States Trustee, Attention Shara Claire Cornell, Esq.**
**201 Varick Street – Room 1006**
**New York, New York 10014**
**Shara.Cornell@usdoj.gov**

**Requested Date and Location for Examination:**
**TBD - VIRTUAL**

# INTRODUCTION

Willis Towers is an unretained professional that has received at least $225,000 in unauthorized post-petition transfers from the Debtors for restructuring services. Professionals that are hired by debtors and debtors-in-possessions that are used in order to further the administration of the bankruptcy estate must be retained during the course of a bankruptcy case. The Bankruptcy Rules and Bankruptcy Code further require that in order to be retained and subsequently paid by the bankruptcy estate, such proposed professional must submit to certain requirements, including, but not limited to, declaring their disinterestedness, performing conflict checks, and providing contemporaneous and accurate time entries. Even though Willis Towers was hired by the Debtors a mere ten days in advance of this bankruptcy filing and was clearly engaged for the purposes of furthering the Debtors restructuring efforts, upon information and belief, Willis Towers has failed to perform any of the prerequisites for retention and payment. In order to more fully investigate the relationship and payments made by or on behalf of the Debtors in these bankruptcy cases (the "Investigation"), the United States Trustee requests the

---

[1] For purposes of this request for production of documents, the United States Trustee agrees the documents set forth in Schedule A may be produced by Willis Towers by first class mail to Shara Cornell, Office of the United States Trustee, 201 Varick Street, New York, New York 10014, other delivery service, or electronic delivery (e-mail) provided the documents are **actually received** in the Office of the United States Trustee no later than **December 12, 2022 at 4:00 p.m.**

authority to issue a *subpoena* authorizing the oral examination under oath of Willis Towers and the request of documents relevant to the Investigation.

## BACKGROUND

1.  On July 13, 2022 (the "Petition Date"), the Debtors filed voluntary petitions for relief in this Court under chapter 11 of the Bankruptcy Code. ECF Doc. No. 1.

2.  On October 11, 2022, the Debtors filed its Motion for Entry of Order (I) Approving the Debtors' Key Employee Retention Plan and (II) Granting Related Relief (the "Bonus Motion"). ECF Doc. No. 1021. On that same date, the Debtors filed the Declaration of Josephine Gartrell in Support of the Bonus Motion (the "Gartrell Declaration"). ECF Doc. No. 1023.

3.  The Gartrell Declaration states that the Debtors "engaged [Willis Towers] to provide certain compensation consulting services." Gartrell Declaration at ¶ 1.

4.  The Gartrell Declaration describes Willis Towers as:

    an international professional services firm offering a wide variety of services to public and private clients, including expert analysis of executive and management compensation. WTW designs and delivers solutions that manage risk, optimize benefits, cultivate talent, and expand the power of capital to protect and strengthen institutions and individuals. WTW focuses on two key business segments: health, wealth, and career & risk and broking.

Gartrell Declaration at ¶ 5.

5.  The Gartrell Declaration does not state when Willis Towers was engaged or what their fees are. *See* Declaration of Shara Cornell (the "Cornell Decl.") at ¶ 5.

6.  The Gartrell Declaration does not attach its engagement letter with the Debtors. Cornell Decl. at ¶ 5.

7.  The Gartrell Declaration does not state the scope of services provided by Willis Towers. Cornell Decl. at ¶ 5.

8. The Gartrell Declaration does not state that any conflicts checks were performed. Cornell Decl. at ¶ 5.

9. In response to its inquiries, the Debtors provided to the United States Trustee a copy of the Willis Towers engagement letter (the "Engagement Letter"). Cornell Decl. at ¶ 6. The Engagement Letter stated that Willis Towers became engaged by the Debtors on July 5, 2022, just six days prior to the Petition Date. The Engagement Letter further stated that Willis Towers would "serve as a restructuring advisor." Cornell Decl. at ¶ 6.

## AUTHORITY FOR THE RELIEF REQUESTED

10. Bankruptcy Rule 2004(a) provides that upon the motion of a party in interest, the court may order the examination of an entity regarding the acts, conduct, property, liabilities, or financial condition of the debtor or any matter that may affect the administration of the estate of the debtor. Courts that have analyzed Bankruptcy Rule 2004 have recognized the right of a party in interest to conduct a 2004 examination, and the permitted scope of that examination is extremely broad. *See, e.g., In re Texaco, Inc*., 79 B.R. 551, 553 (Bankr. S.D.N.Y. 1987) (*citing Keene Corp. v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 42 B.R. 362 (S.D.N.Y. 1984)).

11. The Debtors' monthly operating reports do not attach its bank statements. Those bank statements, upon information and belief, have only been provided to the United States Trustee. Upon a thorough analysis of those bank statements, the United States Trustee determined that on the following dates, the Debtors made unauthorized post-petition payments to Willis Towers:

| Date of Payment | Payment Amount |
|---|---|
| August 9, 2022 | $75,000 |
| August 18, 2022 | $75,000 |
| September 27, 2022 | $75,000 |

12.     Since the bank statements were not attached to the monthly operating reports or otherwise filed on the docket, interested parties or the Court would not be aware of these payments or the relationship between Willis Towers and the Debtors.

13.     The Gartrell Declaration, a mere 8 page declaration, states that Willis Towers was retained for the purposes of providing "consulting services." Gartrell Declaration at ¶ 1.  The Gartrell Declaration makes no mention of when Willis Towers was engaged by the Debtors, what their fees are, how their fees are calculated, or how or when payments would be remitted.

14.     The Debtors combined failure with the Gartrell Declaration to provide parties with the requisite information to evaluate the relationship between the Debtors and Willis Towers and the payment therefrom, requires this Investigation.

WHEREFORE, the United States Trustee respectfully requests the entry of an order substantially:

a.     Authorizing the issuance of a *subpoena duces tecum* compelling Willis Towers to produce the documents identified in Schedule A attached to this Application;

b.     Compelling Willis Towers to appear for an examination and to answer any and all questions regarding the documents and the topics identified in Schedule B attached to the Application, because the documents and examination topics as the documents relate to the administration of the Debtors' estate; and

    c.   Granting such other relief as this court deems just and proper.

Dated: New York, New York
         November 17, 2022

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE, REGION 2


By:   /s/ Shara Cornell           
      Shara Cornell
      Trial Attorney
      201 Varick Street, Room 1006
      New York, New York 10014
      Tel. No. (212) 510-0500
      Fax No. (212) 668-2255

<u>**SCHEDULE A**</u>
<u>**Schedule of Documents to be Produced**</u>

**I.        <u>Definitions</u>**

1.        "All documents" shall mean every document within your possession, custody, or control, whether an original or copy, as above defined.

2.        "Communication" means the transmittal of information in the form of facts, ideas, inquiries or otherwise, whether written or oral, including correspondence and telephonic communications.

3.        "Debtor"  or "Debtors" shall mean the Celsius Network LLC, *et al*.

4.        "Document" or "documents" shall have the broadest possible meaning under the Federal Rules of Civil Procedure, including, but not limited to, the definitions in Federal Rule of Civil Procedure 34.

5.        "Person" refers to natural persons, proprietorships, corporations, partnerships, trusts, joint ventures, groups, associations, organizations, governmental units, estates and the United States Trustee.

6.        "You," "your" or "yours" refers to Willis Towers Watson, and any business operated by Willis Towers Watson.

7.        The term "representative" means and includes any and all agents, employees, servants, officers, directors, attorneys, accountants, and consultants who act or have acted on your behalf.

8.        The term "acting on your behalf" includes, but is not limited to, your representatives, agents, attorneys, members, or investigators, whether hired or appointed by you, your attorneys or representatives.

9.        The term "employee" means employees, partners, agents, associates, or anyone

acting on your behalf or purporting to act on your behalf.

10.     The term "person" means any individual, partnership, firm, association, joint venture, corporation, estate, trust, receiver, any group or combination acting as a unit or any other business, governmental, or legal entity.

11.     The term "communication" shall mean and include any oral or written expression, statement or utterance of any nature, and made by or to anyone, including without limitation, correspondence, conversations, agreements, or other understandings between or among two or more persons.

12.     The term "relating to" and "pertaining to" as used herein shall mean mentioning, discussing, including, summarizing, describing, reflecting, containing, referring to, relating to, depicting, connected with, embodying, evidencing, constituting, concerning, reporting, purporting or involving an act, occurrence, event, transaction, fact, thing, or course of dealing.

13.     The term "and" or "or" shall be construed either disjunctively or conjunctively or both, as necessary to bring within the scope of any request for admission all responses which might otherwise be construed to be outside the scope.

14.     The singular form of a word should be interpreted as plural and the plural should be interpreted as singular to give the word or words the broadest possible meaning.

15.     The masculine gender or any word shall be construed to include the masculine, feminine, and neuter gender.

## II. **Instructions**

1. In responding to these requests, please furnish all documents in your possession, custody, or control at the time of production, except for such documents as are privileged.

2. This Request is continuing. Please supplement your response whenever you subsequently locate any document responsive to the Request or otherwise necessary in accordance with the FRCP, as made applicable to this adversary proceeding under applicable FRBP.

3. Please furnish all documents as they are kept in the usual course of business, together with all files in which the documents may be kept in the usual course of business, or organize and label the produced documents to correspond with the categories listed in this Request.

4. If you claim any form of privilege, whether based on statute or otherwise, as a ground for not producing a document, please state the following in your response hereto:

    a. Identify the document as to its type;

    b. Identify the document as to its date;

    c. Identify the document as to its length, by number of pages;

    d. Identify the document as to its author;

    e. Identify the document as to its subject matter;

    f. Identify the document as to the person(s) to whom it was directed, sent or received;

    g. Identify the privilege or doctrine which is claimed as to the document; and

    h. Identify the complete basis for claiming the privilege or doctrine as to the document.

Notwithstanding your objection, please produce any document which also contains non-privileged information which is responsive to this Request, but that portion of the document for which the objection is asserted may be redacted, provided the information requested above is furnished.

5. Each document requested herein is requested to be produced in its entirety without deletion or excisions (except as qualified by Instruction no. 4 above), regardless of whether you consider the entire document to be relevant or responsive to these requests.

**III. Relevant Time Period**

Unless otherwise indicated, the relevant time period for these requests for production of documents is from June 1, 2022 until the day the documents requested hereunder are produced.

**IV. Documents Requested**

Request No. 1

Provide all invoices from Willis Towers Watson to the Debtors or any affiliate of the Debtors.

Request No. 2

Provide proof of all payments from Willis Towers Watson from the Debtors or any affiliates of the Debtors.

Request No. 3

Provide all communications regarding scope of the work to be performed by Willis Towers Watson for the Debtors or any affiliate of the Debtors.

Request No. 4

Provide any contemporaneous time records kept for any work performed for the Debtors or any affiliates of the Debtors.

<u>Request No. 5</u>

Provide the results and dates of any connection or conflict checked performed prior to the engagement of Willis Towers Watson by the Debtors or any affiliate of the Debtors.

**<u>SCHEDULE B</u>**
**<u>Topics for Examination</u>**

1.    The engagement of Willis Towers Watson by the Debtors.

2.    Willis Towers Watson's fee detail and invoicing of the Debtors.

3.    Willis Towers Watson's compensation structure.

4.    Willis Towers Watson's procedures for conducting connection searches.