**UNITED STATES BANKRUPTCY COURT**      Chapter 11 Case No. 22-10964 (MG)

**SOUTHERN DISTRICT OF NEW YORK**      (Jointly Administered)

In re CELSIUS NETWORK LLC, *et al[1].,*

## <u>DANIEL A. FRISHBERGS' OBJECTION TO DEBTORS' PROPOSED SCHEDULING ORDER REGARDING TITLE TO EARN PROGRAM ASSETS AND THE SALE OF CERTAIN STABLECOINS AND  DEBTORS' AMENDED MOTION FOR ENTRY OF AN ORDER (I) ESTABLISHING OWNERSHIP OF ASSETS IN THE DEBTORS' EARN PROGRAM, (II) PERMITTING THE SALE OF STABLECOIN IN THE ORDINARY COURSE AND (III) GRANTING RELATED RELIEF</u>

Daniel A. Frishberg ("<u>Mr. Frishberg</u>") files this objection (the "<u>Objection</u>") to *Debtors's Proposed Scheduling Order Regarding Title To Earn Program Assets And The Sale Of Certain Stablecoins* and *Debtors' Amended Motion For Entry  Of A Order (I) Establishing Ownership Of Assets In The Debtors' Earn Program, (II) Permitting The Sale Of Stablecoin In The Ordinary Course And (III) Granting Related Relief* [Docket No. 1325 (the "<u>Motion</u>"), Docket No. 1324 ("the <u>Scheduling Order</u>")). In support of this Objection, Mr. Frishberg states as follows:

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

**Preliminary Statement**

Mr. Frishberg objects to the Motion and Scheduling order for the simple fact that his property rights will be affected, his assets could be declared property of another and his assets could potentially end up being sold *without* **due process**[2]. Mr. Frishberg should be given sufficient time to conduct discovery, including deposing witnesses, to be able to prove his case. The hearing must also "be 'at a meaningful time and in a meaningful manner.'" (*See Armstrong v. Manzo, (1965))*. I do not believe that with this proposed scheduling order (which is still not even approved by this Court) I am able to sufficiently do that, since the Debtors propose to *only* allow the depositions of the so-called "Declarants" that wrote declarations in support of the Motion and Proposed Scheduling Order by Friday, on the following Monday and Tuesday, that is **not** *adequate* **due proces**s.

Mr. Frishberg's assets *should* be **removed** from not only the property being potentially classified as property of the estate, but also the upcoming sale, and not be sold, converted, transferred, or dissipated in any way, shape or form *until* Mr. Frishberg is able to **adequately** make his case as to why the assets are **not property of the estate** under Bankruptcy 11 U.S. Code § 541, **due to the material breach of contract that occurred pre-petition**. It would be an egregious violation of Mr. Frishberg's **due process rights**, and a mockery of justice to *not only* allow his assets to be declared property of the estate, but to also to allow the sale of his assets to proceed "free and clear", *without* allowing him to **fully** and **properly** be heard on the rights to *his* assets. Declaring Mr. Frishberg's assets property of the estate, and/or selling them, without

---

[2] *See Grannis v. Ordean*

**allowing a full judicial process**, including **discovery, and depositions[3], admissions and interrogatories with proper notice** would be a *clear* violation[4] of the **5th, and 14th Amendment's, specifically the Due Process Clause**[5].

## Argument

1. **Any Ruling On Mr. Frishberg's Assets, Or The Sale of Mr. Frishberg's Assets Must Be Delayed Until Proper Due Process is Able to be Adjudicated.**

As was affirmed in *Goldberg v. Kelly*, I must be allowed to cross-examine witnesses, and have a proper discovery on a reasonable timeline. "Thus a recipient is not permitted to present evidence to that official orally, or to confront or cross-examine adverse witnesses. **These omissions are fatal to the constitutional adequacy of the procedures[6]**" (*Goldberg v. Kelly (1970))*. Not allowing me *sufficient* time to conduct discovery, including but not limited to analyzing all of the documents that Celsius has that relate to my case, deposing everyone with relevant information to my case, and than having sufficient time to incorporate it into my amended motion, before finally having a hearing on it, and potentially calling witnesses at said hearing, would be a blatant violation of my **due process** rights..

As the Supreme Court stated in *Goldberg*[7]: "In almost every setting where important decisions turn on questions of fact[8], **due process requires an opportunity to confront and**

---

[3] *See ICC v. Louisville & N.R. Co* (1913), *Willner v. Committee on Character & Fitness* (1963),

[4] I reserve **any and *all* rights**, including the right to appeal my case fully.

[5] *See Barron v City of Baltimore* (1833), *Goldberg v. Kelly (1970), Mathews v. Eldridge, 424 U.S. 319 (1976)*

[6] Emphasis added.

[7] Emphasis added.

[8] Such as, "Did Mr. Frishberg close his account pre-petition" and "Does Celsius, or Mr. Frishberg own Mr. Frishberg's assets?", etc.

**cross-examine adverse witnesses**[9]. E.g., *ICC v. Louisville & N.R. Co* (1913); *Willner v. Committee on Character & Fitness* (1963). What we said in *Greene v. McElroy* (1959), is particularly pertinent here: 'Certain principles have remained relatively immutable in our jurisprudence. One of these is that where governmental action[10] seriously injures an individual, and the reasonableness of the action depends on **fact findings, the evidence** used to prove the Government's case must be **disclosed to the individual so that he has an opportunity to show that it is untrue**. While this is important in the case of documentary evidence, it is even more important where the evidence **consists of the testimony of individuals** whose memory might be faulty or who, in fact, might be **perjurers** or **persons motivated by malice, vindictiveness, intolerance, prejudice, or jealousy**. We have formalized these protections in the requirements of **confrontation and cross-examination.** They have ancient roots. They find expression in the **Sixth Amendment**….. It has spoken out **not only in criminal cases**".

While the Celsius case is unique (as I doubt *any* case covers this exact issue: a breach of contract involving a sum below the preferential claim limit of $7,575, involving large amounts of fraud, and cryptocurrencies), due process is required in all cases. As the Supreme Court stated, I must be allowed to do **discovery, interrogatories, admissions and depose and cross examine witnesses**, specifically ones such as Alexander Mashisnky, whoever was in charge of closing accounts at Celsius, whoever drafted the contract I signed[11] and all of the support staff who I interacted with/the head of the support team, to determine what exactly happened, and why my

---

[9] Emphasis added.
[10] The government action in this case being a ruling issued (by a member of the judiciary branch, a part of the federal government) before I am able to fully present my case.
[11] Celsius *claims* I signed the latest version of the TOS, I have several conflicting memories of me both signing, and declining the TOS, hence I would like proof that I actually signed it, otherwise this entire case is pointless since my assets should have been returned months before the petition due to lack of signing the contract.

account was not closed, as it should have been. This case does not involve direct government

action against my assets, but it does involve the Judicial branch of the federal government who's

ruling could deprive me of my assets, without the opportunity for proper **due process**.


While, admittedly, there is no _definitive_ list[12] of the "required procedures" that **due**

**process** _requires_, Judge Henry Friendly generated a list[13] that even to this day, remains highly

influential, as to both content and the relative priority:

1. An unbiased tribunal.

2. Notice of the proposed action and the grounds asserted for it (which has not been

   provided yet; this Court has still not approved the scheduling order, yet, we are moving

   forward as if it has been, with no certainty and no notice).

3. **Opportunity to present reasons why the proposed action should not be taken (which**
   **I am doing in this objection**.)

4. <u>**The right to present evidence, including the right to call witnesses (which I am being**</u>
   <u>**deprived of.)**</u>

5. **The right to know opposing evidence (which is being dramatically curtailed to the**
   **point of absurdity.)**

6. <u>**The right to cross-examine adverse witnesses (which was just announced at 12:16**</u>
   <u>**and 12:27pm TODAY, and severely curtailed, with a 5pm same-day deadline to**</u>
   <u>**participate.)**</u>

---

[12] https://www.law.cornell.edu/wex/due_process
[13] https://scholarship.law.upenn.edu/cgi/viewcontent.cgi?article=5317&context=penn_law_review,
emphasis added.

7.  **A decision based exclusively on the evidence presented (which will be nearly impossible based upon the *likely* lack of answers by the Debtor)**

8.  Opportunity to be represented by counsel.

9.  **Requirement that the tribunal prepare a record of the evidence presented.**

10. **Requirement that the tribunal prepare written findings of fact and reasons for its decision.**

This is not a list of procedures which are required to prove due process, but rather a list of the kinds of procedures that might be claimed in a "due process" argument, roughly in order of their perceived importance.

### 2. The Debtors' Timeline And Restrictions Violate Mr. Frishberg's Due Process Rights.

The proposed timeline, including a severely restricted, and rushed discovery process is a violation of due process, the Debtors cannot decide what evidence I am able to access, I must have access to all relevant information to prepare my Motion and/or Objection, and it must be on an appropriate timeline. A *fundamental requirement* of **due process** is "the opportunity to be heard" ( *See Grannis v. Ordean),* so I **must** be given that opportunity, and the hearing **must** be "at a meaningful time and in a meaningful manner" (*See Armstrong v. Manzo, (1965))*. This cannot happen on the Debtors *proposed* Scheduling Order. Mr. Frishberg is a full time student in college, the fairly large amount of filings/motions/etc that have been going on is already quite a lot, and he has already been getting about 6 or so hours of sleep a night to be able to keep up (due to working on motions/filings late into the night), so I request that the court take that into consideration when setting a timeline[14].

---

[14] SCOTUS also noted that *pro se* plaintiffs should be afforded "special solicitude." *Rabin v. Dep't of State* No. 95-4310,1997 U.S. Dist. LEXIS 15718

*Goldberg v. Kelly (1970)* "an effective opportunity to defend by confronting any adverse witnesses and by presenting his own arguments and evidence orally. These rights are important in cases…… where recipients have challenged proposed terminations as resting on incorrect or misleading factual premises or on misapplication of rules or policies to the facts of particular cases". While Mr. Frishberg's scenario is not the *exact* same one as in *Goldberg v. Kelly*, it is *similar enough*. Mr. Frishberg **must** be allowed to **fully** litigate the matter of who *his* assets belong to. The fact of the matter is, that the Debtors cannot be allowed to sell my assets, as they do not belong to them. Just because they are bankrupt, and have possession of *Mr. Frishberg's assets*, does not mean that they can take *my* property and distribute it to their creditors. Bankruptcy proceedings do **not** supersede Mr. Frishberg's **property rights**, as the Debtors themselves have so *ironically* pointed out:  "*See Pearlman v. Reliance Ins. Co.*, 371 U.S. 132, 135-36 (1962) ("**The Bankruptcy Act simply does not authorize a [debtor] to distribute other people's property among a bankrupt's creditors[15] . . . [S]uch property rights existing before bankruptcy in persons other than the bankrupt must be recognized and respected in bankruptcy[16].**")". The Debtors *claim* to own *my* assets, but I dispute their claim, as the **material breach of contract** caused them to lose the title (assuming they actually held any, which has not been established yet) to the assets before the petition was filed. Regardless, this Objection is not the time, nor place for me to make and argue my case[17]. That will be happening in my Motion, which will be coming at a later date. The Objection simply seeks to have a reasonable timeline

---

[15]Emphasis added.
[16]Emphasis added.
[17] It is also not the time, nor the place for the Debtors to seek to argue my case, both the merits, or anything about it. The only thing that is currently relevant is the timeline and the fact that my rights are likely being infringed upon with this rushed scheduling order. I am interested in (and as the law requires) proper due process, and not simply the appearance of due process.

which allows me to be able to conduct discovery, and depose witnesses, conduct

admissions/interrogatories etc.


## Conclusion

The Debtors' *proposed* Scheduling Order and Motion violates Mr. Frishberg's rights,

including his **due process** and **property** rights. Not only is it extremely restricted with the kind

of discovery allowed, but it is extremely rushed and disorganized. Only **today**, after 12pm, were

the final dates and times of depositions announced. Written answers to the UCC's depositions are

due Friday at 5pm, leaving me essentially no time to prepare follow-up questions, and for the

Debtor to prepare answers (versus simply stating "I don't know," and if they say "I don't know,"

or decline to answer, there is no time for me to and seek answers in this process.) Allowing this

Scheduling Order to stand is violation of Mr. Frishberg's rights, and for those, and the reasons

above, the Debtors' *proposed* Scheduling Order and Motion should be **<u>DENIED</u>**, and this

Objection should be **<u>SUSTAINED</u>**.


Respectfully Signed:

*<u>/s/Daniel A. Frishberg</u>*

Daniel A. Frishberg, *Pro Se*

11/17/2022