| | |
|---|---|
| Joshua A. Sussberg, P.C. | Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*) |
| **KIRKLAND & ELLIS LLP** | Ross M. Kwasteniet, P.C. (admitted *pro hac vice*) |
| **KIRKLAND & ELLIS INTERNATIONAL LLP** | Christopher S. Koenig |
| 601 Lexington Avenue | Dan Latona (admitted *pro hac vice*) |
| New York, New York 10022 | **KIRKLAND & ELLIS LLP** |
| Telephone:    (212) 446-4800 | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Facsimile:    (212) 446-4900 | 300 North LaSalle Street |
| | Chicago, Illinois 60654 |
| | Telephone:    (312) 862-2000 |
| *Counsel to the Debtors and Debtors in Possession* | Facsimile:    (312) 862-2200 |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**DEBTORS' *EX PARTE* MOTION FOR
ENTRY OF AN ORDER (I) AUTHORIZING ALL
PARTIES TO REDACT AND FILE UNDER SEAL THE NAMES
OF CERTAIN CONFIDENTIAL PARTIES IN INTEREST RELATED
TO THE POTENTIAL SALE OF CERTAIN OR SUBSTANTIALLY ALL
OF THE DEBTORS' ASSETS AND THE POTENTIAL PROCUREMENT OF
DEBTOR-IN-POSSESSION FINANCING AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state the following in support of this motion (this "Motion"):

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

**Relief Requested**

1. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"): (a) authorizing all parties to redact and file under seal the names of the Confidential Parties (as defined herein) related to the potential sale of certain or substantially all of the Debtors' assets and the potential procurement of debtor-in-possession financing; and (b) granting related relief.

**Jurisdiction and Venue**

2. The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012. The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 9013-1 and 9018-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

**Background**

5. The Debtors, together with their non-Debtor affiliates (collectively, "Celsius"), are one of the largest and most sophisticated cryptocurrency based finance platforms in the world and provide financial services to institutional, corporate, and retail clients across more than 100 countries. Celsius was created in 2017 to be one of the first cryptocurrency platforms to which

users could transfer their crypto assets and (a) earn rewards on crypto assets and/or (b) take loans using those transferred crypto assets as collateral. Headquartered in Hoboken, New Jersey, Celsius has more than 1.7 million registered users and approximately 300,000 active users with account balances greater than $100.

6. On July 13, 2022 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. A detailed description of the facts and circumstances of these chapter 11 cases is set forth in the *Declaration of Robert Campagna, Managing Director of Alvarez & Marsal North America, LLC, in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 22] (the "Campagna Declaration").[2] The Debtors commenced these chapter 11 cases to provide Celsius an opportunity to stabilize its business and consummate a comprehensive restructuring transaction that maximizes value for stakeholders.

7. The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. These chapter 11 cases have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 53]. On July 27, 2022, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed an official committee of unsecured creditors [Docket No. 241] (the "Committee"). On September 14, 2022, the Court entered an order directing the appointment of an examiner (the "Examiner") [Docket No. 820].

**Marketing Process**

8. As further described in the *Debtors' Motion Seeking Entry of (I) an Order (A) Approving Bidding Procedures for the Potential Sale of Certain of the Debtors' Assets,*

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Campagna Declaration or the Bidding Procedures Motions (as defined herein), as applicable.

3

*(B) Scheduling Certain Dates with Respect Thereto, (C) Approving the Form and Manner of Notice Thereof, (D) Approving Bid Protections, (E) Approving Contract Assumption and Assignment Procedures, (II) an Order Authorizing the Debtors to Enter Into a Definitive Purchase Agreement, and (III) Granting Related Relief* [Docket No. 188] (the "GK8 Bidding Procedures Motion") and the *Debtors' Motion Seeking Entry of an Order (I) Approving the Bidding Procedures in Connection with the Sale of Substantially All of the Debtors' Assets, (II) Scheduling Certain Dates with Respect Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Approving Contract Assumption and Assignment Procedures, and (V) Granting Related Relief* [Docket No. 929] (the "Whole Company Bidding Procedures Motion," and together with the GK8 Bidding Procedures Motion, the "Bidding Procedures Motions"), the Debtors and their advisors continue to engage in a process that began prior to the Petition Date to market and explore a potential sale of the interests in non-Debtor GK8 Ltd. in addition to a potential sale of certain or substantially all of the Debtors' assets. The Debtors also have explored in the past, and may in the future continue to explore potential opportunities for debtor-in-possession financing with interested parties.

9.  On September 2, 2022, the Court entered the *Order Authorizing the Debtors to File Under Seal the Names of Certain Confidential Parties in Interest Related to the Debtors' Potential Sale of Certain Assets* [Docket No. 697]. This order granted the Debtors authority to redact and file under seal any document that would reveal the identity of the parties who had signed non-disclosure agreements or expressed interest in acquiring interests in non-Debtor GK8 Ltd. (the "GK8 Assets"). Since then, the Debtors have begun a marketing process for the sale of substantially all of their assets. *See Order (I) Approving the Bidding Procedures in Connection with the Sale of Substantially All of the Debtors' Assets, (II) Scheduling Certain Dates with Respect*

4

*Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Approving Contract Assumption and Assignment Procedures, and (V) Granting Related Relief* [Docket No. 1272]. As such, there are now additional Confidential Parties in these chapter 11 cases (the "Confidential Parties")—the identities of which are commercially sensitive information.

10. On September 16, 2022, in response to the respective applications (the "Initial Retention Applications"), the Court authorized the retention of the following professionals in these chapter 11 cases: Kirkland & Ellis LLP ("Kirkland"); Alvarez & Marsal North America, LLC ("A&M"); Centerview Partners LLC ("Centerview"); Stretto Inc. ("Stretto"); Latham & Watkins ("Latham"); and Akin Gump Strauss Hauer & Feld LLP ("Akin").[3] Concurrent with the filing of this Motion, the Debtors filed the *Debtors' Application For Entry of an Order (I) Authorizing the Retention and Employment of Ernst & Young LLP as Tax Compliance and Tax Advisory Services Provider, Effective as of July 13, 2022, and (II) Granting Related Relief*, which seeks to retain Ernst & Young LLP ("EY LLP")[4] as tax compliance and tax advisory services provider (the "EY LLP Application").[5]

---

[3] Joshua Sussberg, a partner at Kirkland, submitted a declaration in support of the Kirkland retention application (the "Sussberg Declaration"). Robert Campagna, a managing director of A&M, submitted a declaration in support of the A&M retention application (the "Campagna Declaration"). Marc Puntus, a partner and co-head at Centerview, submitted a declaration in support of the Centerview retention application (the "Puntus Declaration"). Sheryl Betance, a senior managing director at Stretto, submitted a declaration in support of the Stretto retention application (the "Betance Declaration"). John J. Sikora Jr., a partner at Latham, submitted a declaration in support of the Latham retention application (the "Sikora Declaration"). Mitchell Hurley, a partner at Akin, submitted a declaration in support of the Akin retention application (the "Hurley Declaration")

[4] Kirkland, A&M, Centerview, Stretto, Latham, Akin , and EY LLP together are the "Professionals."

[5] The EY LLP Application contains accompanying declarations from Elizabeth Harvey, a partner at EY LLP (the "Harvey Declaration"), Yoav Shwartz, a partner at Kost Forer Gabbay & Kasierer (the "Shwartz Declaration"), and Martin Flashner, an independent contractor retained by Kost Forer Gabbay & Kaiserer (the "Flashner Declaration"). Together, the Sussberg Declaration, Campagna Declaration, Puntus Declaration, Betance Declaration, Sikora Declaration, Hurley Declaration, Harvey Declaration, Shwartz Declaration, and Flashner Declaration are the "Professional Declarations."

11. In connection with their respective retentions, the Professionals searched the name of each party in interest identified by the Debtors to determine whether any potential conflicts or other relationship existed that precluded the Professionals from meeting the disinterestedness standard under the Bankruptcy Code. The results of such searches, along with the names and entities included in each search, are annexed to each Professional Declaration. Other professionals representing various stakeholders in these chapter 11 cases—including the Committee and the Examiner—may utilize similar processes to determine any potential conflicts. At the time the Initial Retention Applications were approved, the identities of the Confidential Parties were not yet known. As such, Kirkland, A&M, Centerview, Stretto, Latham, and Akin plan to file supplemental declarations setting forth the results of the searches on the Confidential Parties. Other professionals may also file supplemental declarations setting forth similar search results.

12. If the identities of the Confidential Parties were made publicly available, the Debtors would be in violation of certain non-disclosure agreements entered into by the Debtors and the Confidential Parties that require the identities of the Confidential Parties to remain confidential. Additionally, disclosure of the Confidential Parties' identities may unduly disrupt the Debtors' efforts to consummate a going-concern transaction. Due to the inherently competitive nature of this process, revealing potential counterparties may chill the marketing process by preventing current potential counterparties from moving forward with negotiations and deterring potential counterparties from getting involved in the sale process. Disclosing the identities of the potential counterparties before a transaction is negotiated in violation of the underlying confidentiality agreements could severely hamper the sensitive negotiations between the Debtors and the potential counterparties, to the detriment of the marketing process, and interfere with the Debtors' ability to maximize the value of their estates.

13. Importantly, the Professionals have not represented and will not represent any of the Confidential Parties in connection with any matter in these chapter 11 cases. Thus, the Professionals' connections to the Confidential Parties do not preclude the Professionals from meeting the disinterestedness standard under section 327(a) of the Bankruptcy Code.

14. Unredacted versions of any document filed on the docket of these chapter 11 cases that would reveal the identity of the Confidential Parties, including the Professional Declarations (collectively, the "Sealed Documents"), will be provided to the Court clerk's office in accordance with Local Rule 9037-1(c). The Debtors will also provide the U.S. Trustee with the unredacted versions of the Professional Declarations.

## Basis for Relief

### I. Redacting the Names of the Confidential Parties Is Warranted Under Section 107(b)(1) of the Bankruptcy Code to Protect the Competitiveness of the Marketing Process.

15. Section 107(b) of the Bankruptcy Code provides bankruptcy courts with authority to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. Specifically, section 107(b) of the Bankruptcy Code provides, in relevant part, that "[o]n request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may: (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information[.]" 11 U.S.C. § 107(b).

16. Bankruptcy Rule 9018 defines the procedures by which a party may move for relief pursuant to section 107(b) of the Bankruptcy Code. Specifically, Bankruptcy Rule 9018 provides, in relevant part, that, upon motion, "the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018.

7

17.    If the material sought to be protected satisfies one of the categories identified in section 107(b) of the Bankruptcy Code, "the court is *required* to protect a requesting party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994) (emphasis in original). Stated differently, section 107(b) of the Bankruptcy Code does not require a party seeking its protections to demonstrate "good cause." *In re Orion Pictures Corp.*, 21 F.3d at 28. "Courts have supervisory power over their records and files and may deny access to those records and files to prevent them from being used for an improper purpose." *In re Kaiser Aluminum Corp.*, 327 B.R. 554, 560 (D. Del. 2005). Courts are required to provide such protections "generally where open inspection may be used as a vehicle for improper purposes." *In re Orion Pictures Corp.*, 21 F.3d at 27. Indeed, the "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *See In re Glob. Crossing Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003).

18.    Confidential commercial information has been defined as information which would cause "an unfair advantage to competitors by providing them information as to the commercial operations of the debtor." *In re Orion Pictures Corp.*, 21 F.3d at 27. Commercial information need not rise to the level of a trade secret to be protected under section 107(b)(1) of the Bankruptcy Code. *Id*. at 28; *In re Borders Group, Inc.*, 462 B.R. 42, 47 (Bankr. S.D.N.Y. 2011). Rather, as this Court has recognized, confidential commercial information includes situations where a bankruptcy court may reasonably determine that allowing such disclosure would have a chilling effect on business negotiations. *In re Borders Group*, 462 B.R. at 47. This Court has granted the sealing of certain limited information in the context of a potential sale on grounds that "dissemination of these details could negatively affect the sale process, and, therefore, run against

8

the Trustee's goal and duty to maximize the [debtors'] estate." *See In re MF Global*, No. 11-2790 (MG) SIPA, 2012 WL 3260393, at *3 (Bankr. S.D.N.Y. Aug. 12, 2012).

19.  Further, this Court and others have held that confidential commercial information includes information related to a debtor's contractual non-disclosure agreements. *See In re Celsius Network LLC*, No. 22-10964 (MG) (Bankr. S.D.N.Y. Sept. 1, 2022) (sealing confidential information in connection with the potential sale of certain assets); *In re Windstream Holdings, Inc.*, No. 19-22312 (RDD) (Bankr. S.D.N.Y. Aug. 2, 2022) (sealing confidential information in connection with a retention application filed by certain of the debtors' proposed retained professionals); *In re Carlson Travel, Inc.*, No. 90017 (MI) (Bankr. S.D. Tex. Jan. 10, 2022) (authorizing the debtors to seal the identities of certain confidential parties pursuant to non-disclosure agreements); *In re Washington Prime Group, Inc.*, No. 21-31948 (MI) (Bankr. S.D. Tex. July 23, 2021) (same).[6]

20.  The Debtors submit that, in the context of a potential sale of certain or substantially all of their assets and the Debtors' duty to maximize the value of their estates, the names of the Confidential Parties constitute confidential commercial information that may be protected under section 107(b)(1) of the Bankruptcy Code and Bankruptcy Rule 9018. The Confidential Parties are participants in the Debtors' efforts to negotiate a going-concern transaction for the benefit of all of their stakeholders. The Debtors are required to maintain the confidentiality of the identities of certain of the Confidential Parties pursuant to certain non-disclosure agreements, and public disclosure of such identities may impair any sale process by chilling ongoing discussions and discouraging further engagement by other potential bidders. Such parties have an expectation of

---

[6]  Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request to the Debtors' counsel.

privacy and such expectation is reasonable given the requirement that such Confidential Parties enter into non-disclosure agreements to receive diligence related to a possible transaction.

21. Due to the inherently competitive nature of the ongoing marketing process, it is imperative that the identities of the Confidential Parties, including those party to a non-disclosure agreement, remain confidential lest parties be discouraged from participating in discussions with the Debtors in connection with a possible transaction. Breaching a non-disclosure agreement may not independently be dispositive here. It is the chilling effect that such a breach may have on the sale, combined with the negative impact that revealing the identities of Confidential Parties may have on the competitiveness of the sale, that warrants granting of the relief requested. *See In re MF Global*, No. 11-2790 (MG) SIPA, 2012 WL 3260393, at *3 (sealing list of memberships of debtor on various exchanges, the public dissemination thereof would have harmed the sale process).

22. The Debtors have narrowly tailored the request set forth in this Motion to protect only the kind of commercially sensitive information that is entitled to be protected under section 107 of the Bankruptcy Code. Indeed, the Professionals, collectively, have disclosed numerous connections to potential parties in interest and request authority to maintain the confidentiality of a limited number of Confidential Parties at this time, together with any future parties who (a) have executed nondisclosure agreements requiring the Debtors to maintain the confidentiality of their identities and/or (b) other parties who reasonably express interest in acquiring substantially all of the Debtors' assets, certain of the Debtors' assets, or providing debtor-in-possession financing.

23. As a result, authorizing the names of the Confidential Parties to be filed under seal and to be redacted in any filing by any party is the best method to ensure transparency with respect to information disclosure while still preventing the negative implications of public disclosure.

## II. The Court Should Authorize the Professionals to Redact the Names of the Confidential Parties

24. The Debtors request authority for all parties to file redacted versions of the names of the Confidential Parties with respect to the Sealed Documents. The Debtors will provide the Court, the U.S. Trustee, and counsel to the Committee with unredacted versions of the Sealed Documents. The Debtors further request that the Order authorizing the seal remain for the duration of these chapter 11 cases so as not to frustrate the purpose of the Order. At the conclusion of these chapter 11 cases, the Debtors will request to retrieve and dispose of the Sealed Documents in compliance with Local Rule 9018-1.

25. This proposed format for disclosure is carefully tailored to provide appropriate levels of information in these cases while still maintaining confidentiality of "commercial information" where truly necessary.

### Motion Practice

26. This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this Motion. Accordingly, the Debtors submit that this Motion satisfies Local Rule 9013-1(a).

### Notice

27. The Debtors will provide notice of this Motion to the following parties or their respective counsel: (a) the U.S. Trustee; (b) counsel to the Committee; (c) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); (d) the United States Attorney's Office for the Southern District of New York; (e) the Internal Revenue Service; (f) the

11

offices of the attorneys general in the states in which the Debtors operate; (g) the Securities and Exchange Commission; and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

28. No prior request for the relief sought in this Motion has been made to this or any other court.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors request that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

| | |
|---|---|
| New York, New York<br>Dated: November 18, 2022 | */s/ Joshua A. Sussberg*<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C.<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:   (212) 446-4800<br>Facsimile:    (212) 446-4900<br>Email:          joshua.sussberg@kirkland.com<br><br> - and -<br><br>Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)<br>Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)<br>Christopher S. Koenig<br>Dan Latona (admitted *pro hac vice*)<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Telephone:   (312) 862-2000<br>Facsimile:    (312) 862-2200<br>Email:          patrick.nash@kirkland.com<br>                     ross.kwasteniet@kirkland.com<br>                     chris.koenig@kirkland.com<br>                     dan.latona@kirkland.com<br><br>*Counsel to the Debtors and Debtors in Possession* |

## Exhibit A

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER (I) AUTHORIZING
ALL PARTIES TO REDACT AND FILE UNDER
SEAL THE NAMES OF CERTAIN CONFIDENTIAL
PARTIES IN INTEREST RELATED TO THE POTENTIAL SALE
OF CERTAIN OR SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS
AND THE POTENTIAL PROCUREMENT OF DEBTOR-IN-POSSESSION
FINANCING AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), authorizing all parties to (a) redact and file under seal the names of the Confidential Parties related to the potential sale of certain or substantially all of the Debtors' assets and the potential procurement of debtor-in-possession financing and (b) granting related relief, all as more fully set forth in the Motion; and upon the Campagna Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these cases in this district is proper pursuant to

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Motion.

28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing thereon were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing (if any) before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing (if any) establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefore, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. All parties are authorized, pursuant to sections 105(a) and 107(b)(1) of the Bankruptcy Code to file (i) the Sealed Documents in a form redacted as to the names and identifiable information of the Confidential Parties and (ii) the unredacted versions of the Sealed Documents under seal pursuant to section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1.

3. The unredacted versions of the Sealed Documents shall not be made available to any party (other than those specified in paragraph 5 of this Order) without the Debtors' consent, may not be filed on the public docket, and shall remain under seal until further order of the Court.

4. Any party filing any Sealed Documents shall submit unredacted copies of the Sealed Documents to the clerk of the Court in an envelope under seal, clearly indicating that the same has been filed under seal by order of the Court.

5. Any party filing any Sealed Documents are authorized to cause the unredacted versions of the Sealed Documents to be served on and made available, on a confidential basis, to:

(a) the Court; (b) the U.S. Trustee; (c) the Debtors; (d) the Committee's professionals and, subject to agreed confidentiality protocols or by further order of the Court, the members of the Committee; and (d) any other party as may be ordered by the Court or agreed to in writing by the Debtors, as applicable, in each case under appropriate confidentiality agreements reasonably satisfactory to the Debtors, that preserve the confidentiality of the names of the Confidential Parties (and any information derived therefrom).

6. For the avoidance of doubt, this Order is without prejudice to the rights of the U.S. Trustee or any party in interest to seek to unseal the Sealed Documents, or any part thereof.

7. The Confidential Parties and any party authorized to receive the unredacted versions of the Sealed Documents shall be authorized and directed to redact specific references to the information set forth therein from pleadings filed on the public docket maintained in these chapter 11 cases.

8. Any party who receives the names of the Confidential Parties in accordance with this Order shall not disclose or otherwise disseminate this information to any other person or entity, including in response to a request under the Freedom of Information Act.

9. The Debtors shall retrieve from the clerk of the Court and dispose of all unredacted versions of the Sealed Documents at the conclusion of these chapter 11 cases.

10. The requirements set forth in Local Rules 9013-1 and 9018-1 are satisfied by the contents of the Motion.

11. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

12. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2022

_____
THE HONORABLE MARTIN GLENN
CHIEF UNITED STATES BANKRUPTCY JUDGE