**WHITE & CASE LLP**
David M. Turetsky
Keith H. Wofford
Samuel P. Hershey
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile:  (212) 354-8113
Email:  david.turetsky@whitecase.com
        kwofford@whitecase.com
        sam.hershey@whitecase.com

– and –

**WHITE & CASE LLP**
Michael C. Andolina (admitted *pro hac vice*)
Gregory F. Pesce (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone: (312) 881-5400
Facsimile:  (312) 881-5450
Email:  mandolina@whitecase.com
        gregory.pesce@whitecase.com

**WHITE & CASE LLP**
Aaron E. Colodny (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, California 90071
Telephone: (213) 620-7700
Facsimile:  (213) 452-2329
Email:  aaron.colodny@whitecase.com

*Counsel to the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**RESPONSE OF THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS TO DANIEL A. FRISHBERG'S OBJECTION TO
DEBTORS' PROPOSED SCHEDULING ORDER REGARDING TITLE TO
EARN PROGRAM ASSETS AND THE SALE OF CERTAIN STABLECOINS**

---

[1] The Debtors in these chapter 11 cases and the last four digits of their federal tax identification number are as follows: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

Pursuant to the Court's *Order Requiring Debtors and the Official Committee of Unsecured Creditors to Respond to Creditor Objection* [Docket No. 1396], the Official Committee of Unsecured Creditors (the "**Committee**") appointed in the chapter 11 cases of the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") respectfully states as follows in response to *Daniel A. Frishberg's Objection to Debtors' Proposed Scheduling Order Regarding Title to Earn Program Assets and the Sale of Certain Stablecoins and Debtors' Amended Motion for Entry of an Order (I) Establishing Ownership of Assets in the Debtors' Earn Program, (II) Permitting the Sale of Certain Stablecoins in the Ordinary Course and (III) Granting Related Relief* [Docket No. 1400]:

## RESPONSE

1.    The Committee agrees with Mr. Frishberg that all account holders should have an opportunity to be heard on whether the cryptocurrency held by the Debtors is property of the estate or property of the account holders, as is required by the Bankruptcy Code and the Constitution. With that in mind, the Committee worked with the Debtors to construct a litigation schedule to reach a resolution on the ownership and other associated issues that would provide all parties with an appropriate opportunity to take discovery (including by providing all account holders with an ability to ask questions through written and oral depositions) and would move the chapter 11 cases forward to facilitate the proposal of a plan and distributions to account holders and unsecured creditors in a timely fashion. In light of the compressed timetable over the Thanksgiving holiday, the Debtors and the Committee made two agreements: (1) defenses to the formation of a contract with respect to all account holders who transferred cryptocurrency to the Debtors, such as fraud, mistake, and misrepresentation would be fully reserved and would not be tried at this time; and (2) in lieu of potentially voluminous written discovery, the Committee would work with the United

2

States Trustee, various state regulatory authorities, and *pro se* account holders to coordinate written deposition questions. Docket No. 1324 (the "**Proposed Scheduling Order**"). Notwithstanding the reservation of potential defenses and concentrated discovery, to the extent account holders that transferred more than $1 billion of stablecoin to the Debtors wish to contest the sale of that stablecoin on account of an alleged ownership interest, those account holders should have an opportunity to obtain discovery related to this issue in advance of the hearing on the Motion (which is currently scheduled to be held on December 5, 2022). The Committee's agreement to the proposed litigation schedule assumed the Debtors' cooperation in providing all parties the information needed to develop a full and fair record on the issues.

2. The Committee collected and submitted 45 written deposition questions to the Debtors, including questions based on the Committee's conversations with account holders. Docket No. 1345, Ex. A (the "**Written Deposition Questions**"). The Committee was clear that the Written Deposition Questions included questions from account holders "that are relevant to whether Account Holders that transferred stablecoin to the Debtors in connection with the Earn program may have [an] interest in" the stablecoin that the Debtors seek to sell. *E.g.*, Written Deposition Questions at 3.

3. The Debtors refused to respond to 30 of the 45 questions, and provided incomplete answers to many of those questions that they did answer. *See, generally*, Docket No. 1406 (the "**Responses and Objections**"). The Debtors refused to answer, or incompletely answered, questions relevant to the plain language and acceptance of the Terms of Use, including questions regarding: (1) whether the terms were provided to account holders in languages other than English, (2) how the Terms of Use were approved, (3) versions of the Terms of Use before Version 6, which the Debtors admit not all of their account holders accepted, (4) whether the Debtors considered the

3

transfer of cryptocurrency from an account holder to the Debtors to be a loan (as it is described in the versions of the Terms of Use on which the Debtors rely), and (5) other communications sent to account holders with respect to Terms of Use (Version 6).  *See* Responses and Objections Nos. 1, 2, 3, 6, 7, 14, 17, 18, 19, 32.  The Debtors also refused to answer questions from account holders who transferred stablecoins to the Debtors and who contest the sale of what the accounts holders contend are their assets.  *See, e.g.,* Responses and Objections Nos. 25-45.  Finally, the Debtors refused to identify the individuals who have knowledge relevant to the respective questions or produce documents that the Debtors relied on to answer the questions, as requested.  *See* Written Deposition Questions, Instructions 1 & 3.

4. The Debtors assert that each question they refused to answer "seeks information that is potentially relevant to only individualized contract defenses," is not relevant to the ownership rights under the unambiguous plain language of the Terms of Use, or is irrelevant to the issue of who owns the assets associated with Earn accounts.  *See, e.g.*, Responses and Objections 32 (asserting that whether the transaction between account holders and Celsius was a loan is irrelevant because it pertains to the tax treatment of assets).  The Committee disagrees that several requests are not relevant to the contract issues brought by the Motion. The Debtors' Responses and Objections also completely ignore that many of the Written Deposition Questions are relevant to the Debtors' request to sell stablecoin and whether account holders have an interest in the stablecoin.

5. The Committee has supported the quick resolution of these issues and the Debtors' expressed desire to be able fund these chapter 11 cases in a responsible manner.  However, the proposed expedited timetable requires cooperation from the Debtors.  Although the Debtors have acknowledged the importance of transparency, their actions—and, specifically, their lack of any

4

response to the thoughtful questions from their account holders—say otherwise. It is also unclear whether the Debtors' declarants (who were not disclosed prior to the agreement with respect to the Scheduling Order), will be able to answer the Written Deposition Questions posed by the Committee, the United States Trustee, regulatory authorities, and account holders, or any other questions asked at those declarants' depositions. Indeed, Mr. Ferraro only joined the Debtors in March 2022. Mr. Blonstein specifically disclaimed knowledge of "when the Terms of Use were published or specifically how the Terms of Use have changed over time" and did not explain whether he has any personal knowledge of the process for soliciting acceptance of the Terms of Use. Docket No. 1327 ¶ 2 (stating that "all facts in this Declaration are based upon [Mr. Blonstein's] discussions with other members of Celsius' management team and advisors, his review of relevant documents and information concerning Celsius' Terms of Use . . . that were provided to him in connection with this Declaration.").

6. The schedule negotiated by the Committee does not have time built in for the discovery disputes that the Debtors now seem intent on having. To the extent the Debtors' declarants are not able to answer relevant questions or the Debtors do not otherwise change their position with respect to many of the written discovery requests, the Committee believes that these issues are incapable of resolution on the timetable sought by the Debtors. The Committee further believes that the Debtors' continued failure to constructively engage in the discovery process (and with account holders) threatens to deprive all account holders—including Mr. Frishberg—of their due process and other rights. Lastly, the Committee notes that it is incumbent upon the Debtors to live up to the commitment (and fiduciary duty) to do right by account holders and unsecured creditors on these and other matters – the Committee will demand nothing less.

| | |
|---|---|
| Dated:  November 20, 2022<br>New York, New York | Respectfully submitted,<br><br>*/s/ Aaron Colodny*<br>**WHITE & CASE LLP**<br>David M. Turetsky<br>Keith H. Wofford<br>Samuel P. Hershey<br>1221 Avenue of the Americas<br>New York, New York 10020<br>Telephone: (212) 819-8200<br>Facsimile:  (212) 354-8113<br>Email:  david.turetsky@whitecase.com<br>           kwofford@whitecase.com<br>           sam.hershey@whitecase.com<br><br>– and –<br><br>**WHITE & CASE LLP**<br>Michael C. Andolina (admitted *pro hac vice*)<br>Gregory F. Pesce (admitted *pro hac vice*)<br>111 South Wacker Drive, Suite 5100<br>Chicago, Illinois 60606<br>Telephone: (312) 881-5400<br>Facsimile:  (312) 881-5450<br>Email:  mandolina@whitecase.com<br>           gregory.pesce@whitecase.com<br><br>– and –<br><br>**WHITE & CASE LLP**<br>Aaron E. Colodny (admitted *pro hac vice*)<br>555 South Flower Street, Suite 2700<br>Los Angeles, California 90071<br>Telephone: (213) 620-7700<br>Facsimile:  (213) 452-2329<br>Email:  aaron.colodny@whitecase.com<br><br>*Counsel to the Official Committee of Unsecured Creditors* |