**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, et al.,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## <u>AFFIDAVIT OF SERVICE</u>

I, Janira N. Sanabria, depose and say that I am employed by Stretto, the claims and noticing agent for the Debtors in the above-captioned cases.

On November 16, 2022, at my direction and under my supervision, employees of Stretto caused the following documents to be served via electronic mail on twenty-five (25) Confidential Parties[2] not included herein:

- **Bidding Procedures for the Potential Sale of Certain of the Debtors' Assets** (attached hereto as **<u>Exhibit A</u>**)

- **Notice of Auction for the Potential Sale of Certain of the Debtors' Assets Free and Clear of Any and All Claims, Interests, and Encumbrances** (attached hereto as **<u>Exhibit B</u>**)

- **Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases** (Docket No. 1300)

Furthermore, on November 16, 2022, at my direction and under my supervision, employees of Stretto caused the following documents to be served via first-class mail on the service list attached hereto as **<u>Exhibit C</u>**, and via electronic mail on the service list attached hereto as **<u>Exhibit D</u>**:

- **Notice of Status Conference Regarding the Custody and Withhold Issues** (Docket No. 1370)

- **Notice of Rejection of Certain Executory Contracts** (Docket No. 1379)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (0143); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

[2] The Debtors are authorized pursuant to The Order Authorizing the Debtors to File Under Seal the Names of Certain Confidential Parties in Interest Related to the Debtors' Potential Sale of Certain Assets [Docket No. 697] to redact as to the names and identifiable information of the confidential parties

Furthermore, on November 16, 2022, at my direction and under my supervision, employees of Stretto caused the following documents to be served via first-class mail on the service list attached hereto as **Exhibit E**, and via electronic mail on the service list attached hereto as **Exhibit F**:

**Notice of Rejection of Certain Executory Contracts** (Docket No. 1379)

Dated: November 18, 2022

_____
Janira N. Sanabria

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of Florida,
County of Santa Rosa

Subscribed and sworn to (or affirmed) before me on this 18th day of November 2022, by Janira N. Sanabria, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Signature: _____

ROBERT R. OTWELL, JR.
MY COMMISSION # HH 301772
EXPIRES: August 17, 2026

# **Exhibit A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## BIDDING PROCEDURES FOR THE
## POTENTIAL SALE OF CERTAIN OF THE DEBTORS' ASSETS

On July 13, 2022, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Court").

On November 2, 2022, the Court entered the *Order (I) Approving the Bidding Procedures in Connection With the Sale of Substantially All of the Debtors' Assets, (II) Scheduling Certain Dates With Respect Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Approving Contract Assumption And Assignment Procedures, and (V) Granting Related Relief* [Docket No. 1272] (the "Bidding Procedures Order"),[2] by which the Court approved the following procedures (the "Bidding Procedures").

These Bidding Procedures set forth the process for potential auctions (each auction, an "Auction") for the sale (each sale, a "Sale") of all or a portion of the Debtors' assets, properties, goodwill, and rights relating to their businesses (collectively, the "Assets"), including:

> (i)      the assets, properties, goodwill, and rights relating to their businesses comprising the Debtors' retail platform business (the "Retail Platform Assets"), including customer earn accounts and coin balances, retail and institutional lending portfolio, swap services, staking platform, CelPay (the Debtors' cryptocurrency payment and transfer feature), and CelsiusX (the Debtors' decentralized finance arm that utilizes wrapped cryptocurrency tokens to bridge centralized finance infrastructure to decentralized finance

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

[2]  All capitalized terms used but not immediately defined shall have the meanings ascribed to them elsewhere in these Bidding Procedures.

opportunities), and any cryptocurrencies or digital assets held by the Debtors (to the extent that they comprise property of the estate as such term is defined under section 541 of the Bankruptcy Code); and

(ii)     the GK8 Assets, as defined in the *Order (I) Approving Bidding Procedures for the Potential Sale of Certain of the Debtors' Assets, (II) Scheduling Certain Dates with Respect Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Approving Contract Assumption and Assignment Procedures, and (V) Granting Related Relief* (the "GK8 Bidding Procedures Order") [Docket No. 687].[3]

To the extent that these Bidding Procedures require the Debtors to consult with or receive the consent of the Official Committee of Unsecured Creditors (the "Committee") in connection with making a determination or taking any action, or in connection with any other matter related to these Bidding Procedures or at an Auction (as defined below), if any, the Debtors shall do so in a regular and timely manner prior to making such determination or taking any such action. All decisions made by the Debtors pursuant to these Bidding Procedures must be approved by the Special Committee of the Board of Debtor Celsius Network Limited.

The Debtors and the Committee are evaluating whether the value of the estates would be maximized through a stand-alone restructuring or a sale of some or all of the Assets. Therefore, the bidding and sale process will be administered by the Debtors, in consultation with the Committee, and subject to the consent rights of the Committee herein. The Debtors may sell, some, all, or none of the Assets, and the parties may not give special consideration to any potential Bid proposed by an insider or an affiliate of any insider (as such term is defined in 11 U.S.C. §101(31)). Without the prior written consent of the Debtors and the Committee, no insider of the Debtors or entity affiliated with any insider of the Debtors may (i) communicate with any Potential Bidder or Bidder about its potential Bid or Bid, or (ii) receive or be given access to any non-public information or documentation related to a Bid or potential Bid.

---

**Copies of the Bidding Procedures Order or other documents related thereto are available upon request to Stretto, Inc. by calling (855) 423-1530 (Domestic) or (949) 669-5873 (International) or visiting the Debtors' restructuring website at (https://cases.stretto.com/celsius).**

---

## I.     Important Dates and Deadlines, including Contingent Dates for the Retail Platform Assets.

These Bidding Procedures set forth the terms by which prospective bidders, if any, may qualify for and participate in an Auction, thereby competing to make the highest or otherwise best offer or combination of offers to purchase the Debtors' Assets. The Assets will be offered for sale

---

[3]     These Bidding Procedures only apply to the bidding and sale of the GK8 Assets to the extent they are not sold pursuant to the GK8 Bidding Procedures Order. The sale of the Debtors' cryptocurrency mining business and related assets, properties, goodwill, and rights relating to their businesses (collectively, the "Mining Assets") under these Bidding Procedures will be overseen by the Mining Restructuring Officer.

through an Auction.  The Debtors may consider bids from multiple bidders (including multiple bids submitted by the same bidder) for the assets in any combination.

The Bidding Procedures provide separate deadlines for the sale of the Retail Platform Assets and any Remaining Assets (as defined below), and allow flexibility to sell the Assets together or separately, depending on which transaction creates the most value.

If the Debtors and the Committee jointly determine in their reasonable discretion that it is in the best interests of the Debtors' estates to conduct a sale of the Retail Platform Assets independently from the Debtors' other Assets, then the Debtors will file a Notice of Auction for Sale of Retail Platform Assets on the docket on or before December 13, 2022, and provide all interested parties with notice of an Auction (email being sufficient), including the date, time, and place of an Auction (if one is held), the respective deadlines related thereto, and no other or further notice of such Auction shall be required.

The key dates and deadlines for the bidding and sale of the Retail Platform Assets, which are subject to the right of the Debtors, with the consent of the Committee (such consent not to be unreasonably withheld), to modify the following dates as provided herein, are as follows:

| Event or Deadline | Date and Time[4] |
|---|---|
| Initial Bid Deadline for Retail Platform Assets | November 21, 2022 at 4:00 p.m. (prevailing Eastern Time) |
| Final Bid Deadline for Retail Platform Assets | December 12, 2022 at 4:00 p.m. (prevailing Eastern Time) |
| Auction for Retail Platform Assets | December 15, 2022 at 10:00 a.m. (prevailing Eastern Time) via remote video or such other means as determined by the Debtors after consultation with the Committee |
| Cure Objection Deadline for Retail Platform Assets | December 19, 2022 at 4:00 p.m. (prevailing Eastern Time) |
| Sale Objection Deadline for Retail Platform Assets | December 19, 2022 at 4:00 p.m. (prevailing Eastern Time) |
| Sale Hearing for Retail Platform Assets | December 22, 2022 at 10:00 a.m. (prevailing Eastern Time) or as soon thereafter as the Court's calendar permits |

There will be a subsequent process to solicit bids for the Sale of the Debtors' Assets, including the Mining Assets (all remaining unsold Assets, the "Remaining Assets").  If any of the Retail Platform Assets are not sold pursuant to a Sale in the process reflected above, then the Remaining Assets shall include such unsold Retail Platform Assets.

---

[4]    All dates and deadlines are subject to Bankruptcy Rule 9006.

The key dates and deadlines for the bidding and sale of the Remaining Assets, which are subject to the right of the Debtors, with the consent of the Committee (such consent not to be unreasonably withheld), to modify the following dates as provided herein, are as follows:

| Event or Deadline | Date and Time[5] |
|---|---|
| Final Bid Deadline for Remaining Assets | December 12, 2022 at 4:00 p.m. (prevailing Eastern Time) |
| Auction for Remaining Assets | December 15, 2022 at 10:00 a.m. (prevailing Eastern Time) via remote video or such other means as determined by the Debtors after consultation with the Committee |
| Cure Objection Deadline for Remaining Assets | December 19, 2022 at 4:00 p.m. (prevailing Eastern Time) |
| Sale Objection Deadline for Remaining Assets | December 19, 2022 at 4:00 p.m. (prevailing Eastern Time) |
| Sale Hearing for Remaining Assets | December 22, 2022 at 10:00 a.m. (prevailing Eastern Time) or as soon thereafter as the Court's calendar permits |

## II.    Public Announcement of Auction.

As soon as reasonably practicable after entry of the Bidding Procedures Order, the Debtors shall (a) serve on the Notice Parties (as defined below) a notice of the potential Auction and Sale (the "Sale Notice"), (b) post the Sale Notice on their restructuring website, https://cases.stretto.com/celsius, (c) publish the Sale Notice, with any modifications necessary for ease of publication, once in the *The New York Times* (national edition) and *CoinDesk* (CoinDesk.com), to provide notice to any other potential interested parties.

## III.    Potential Bidder Requirements.

To participate in the bidding process or otherwise be considered for any purpose hereunder, a person or entity (other than any Stalking Horse Bidder) interested in purchasing the Assets (a "Potential Bidder") must deliver or have previously delivered to the Debtors the following documents (collectively, the "Preliminary Bid Documents"):

a.    an executed confidentiality agreement (a "Confidentiality Agreement") in form and substance acceptable to the Debtors, in consultation with the Committee;

b.    preliminary proof by the Potential Bidder of its financial capacity to close the proposed transaction (which may include current audited or verified financial statements of, or verified financial commitments ("Financial Statements") obtained by, the Potential Bidder (or, if the Potential Bidder is an entity formed for the

---

[5]    All dates and deadlines are subject to Bankruptcy Rule 9006.

purpose of acquiring the property to be sold, the party that will bear liability for a breach) as well as an overview of any recent transactions), the adequacy of which must be acceptable to the Debtors, in consultation with the Committee;

c.      preliminary proof by the Potential Bidder of its ability to receive any and all necessary governmental, licensing, regulatory, and other approvals, and to provide adequate assurance of future performance under any executory contracts and unexpired leases to be assumed by the Debtors and assigned to such Potential Bidder, pursuant to section 365 of the Bankruptcy Code, in connection with any transaction;

d.      identity of the Potential Bidder, including its legal name, jurisdiction and form of organization, and details regarding the ownership and capital structure of the Potential Bidder, as well as the identity of any controlling persons, significant direct or indirect equity or debt investors, and/or guarantors of such entity;

e.      a list with the names and contact information for any financial, legal and other advisors the Potential Bidder has engaged to assist in connection with the proposed Sale; and

f.      a description of the nature and extent of any due diligence the Potential Bidder wishes to conduct.

The Committee's counsel and other professional advisors retained in these chapter 11 cases (the "Committee Professionals")[6] may communicate with, meet with, and provide information to Potential Bidders, subject to any confidentiality protocols established with the Debtors. The Committee Professionals will reasonably consult with, and reasonably coordinate with, the Debtors' professionals regarding the marketing process contemplated by the Bidding Procedures (including communications involving, and any information provided to, Potential Bidders). Each Potential Bidder shall comply with all reasonable requests for information and due diligence access by the Debtors, the Committee, or their advisors regarding the ability of such Potential Bidder, as applicable, to consummate a proposed Sale. Promptly after a Potential Bidder delivers Preliminary Bid Documents, the Debtors shall (i) provide copies of all Preliminary Bid Documents to the Committee and (ii) determine, in consultation with the Committee, and notify each Potential Bidder as to whether such Potential Bidder has submitted acceptable Preliminary Bid Documents. In the event that the Debtors deem that a Potential Bidder has not met the requirements for being deemed an Acceptable Bidder, the Debtors must promptly inform the Committee of such determination (and the reasons therefor). Only those Potential Bidders that have submitted acceptable Preliminary Bid Documents to the reasonable satisfaction of the Debtors and their advisors may submit bids to purchase the Debtors' Assets. The Debtors reserve the right to work with any Potential Bidder to cure any deficiencies in the Preliminary Bid Documents.

The Debtors will provide regular updates to the Committee Professionals regarding Potential Bidders, including a telephone conference to occur not less than once per week, and allow

---

[6]     The Committee Professionals include White & Case, LLP, Perella Weinberg Partners LP, and M3 Partners, LP.

the Committee Professionals to participate in all management presentations and formal meetings that include Potential Bidders.

## IV.    Non-Binding Indications of Interest for Retail Platform Assets.

Any party interested in purchasing some or all of the Retail Platform Assets shall submit a non-binding indication of interest (an "Indication of Interest") (email being sufficient) to (a) the Debtors' counsel, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Joshua A. Sussberg, P.C. (joshua.sussberg@kirkland.com) and Tommy Scheffer (tommy.scheffer@kirkland.com), and 300 North LaSalle, Chicago, Illinois 60654, Attn.: Patrick J. Nash, Jr., P.C. (patrick.nash@kirkland.com), Ross M. Kwasteniet, P.C. (ross.kwasteniet@kirkland.com), Christopher S. Koenig (chris.koenig@kirkland.com), and Dan Latona (dan.latona@kirkland.com); (b) the Debtors' investment bank, Centerview Partners LLC, 31 West 52nd Street, New York, New York 10019, Attn.: Marc Puntus (mpuntus@centerview.com), Ryan Kielty (rkielty@centerview.com), Sean Carmody (scarmody@centerview.com) and Seth Lloyd (slloyd@centerview.com); (c) counsel to the Committee of Unsecured Creditors, White & Case LLP, 111 South Wacker Drive Suite 5100, Chicago, Illinois 60606, Attn: Gregory F. Pesce (gregory.pesce@whitecase.com) and  200 S. Biscayne Blvd, Miami FL 33131, Attn: Gregory Warren (gregory.warren@whitecase.com); and (d) the Committee's investment banker, Perella Weinberg Partners, LP 767 Fifth Avenue, 5th Floor, New York, New York 10153, Attn: Kevin Cofsky (kcofsky@pwpartners.com) and Matthew Rahmani (mrahmani@pwpartners.com) so as to be **actually received no later than 4:00 p.m. (prevailing Eastern Time) on November 21, 2022 (the "Initial Bid Deadline")**. The Initial Bid Deadline may be extended without notice or hearing by the Debtors, after consultation with the Committee.

The Indication of Interest should (i) set forth a proposed purchase price for the proposed transaction, including by identifying separately any cash and non-cash components of the proposed transaction consideration, which non-cash components may include equity in a Debtor, a reorganized Debtor, or another entity proposed by a Potential Bidder, as applicable, and (ii) identify any proposed conditions to closing the transaction.

Submitting an Indication of Interest by the Initial Bid Deadline does not obligate the submitting party to submit a formal bid or participate in the sale process and does not exempt the submitting party from also having to submit a Qualified Bid by the Final Bid Deadline to participate in an Auction, each as defined below.  For the avoidance of any doubt, any formal Bid for the Retail Platform Assets must be submitted by the Final Bid Deadline of December 12, 2022 at 4:00 p.m. (prevailing Eastern Time) even if such party submits an Indication of Interest.

## V.    Obtaining Due Diligence Access.

Only Potential Bidders that have submitted acceptable Preliminary Bid Documents to the reasonable satisfaction of the Debtors and their advisors, in consultation with the Committee, including any Stalking Horse Bidder (if any), and the Committee Professionals shall be eligible to receive due diligence information and access to the Debtors' electronic data room and to additional non-public information regarding the Debtors.  All due diligence requests must be directed to Centerview Partners LLC ("Centerview") as set forth in Section V.A. below.  The Debtors will

provide to each Potential Bidder reasonable due diligence information, as requested by such Potential Bidder in writing, as soon as reasonably practicable after such request, and the Debtors shall post substantially all written due diligence provided to any Potential Bidder to the Debtors' electronic data room.  Potential Bidders will not, directly or indirectly, contact or initiate or engage in discussions in respect of matters relating to the Debtors or a potential transaction with any insider (as defined in section 101(31) of the Bankruptcy Code), affiliate of any insider, account holder, customer, supplier, or contractual counterparty of the Debtors without the prior written consent of the Debtors; *provided* that pursuant to these Bidding Procedures (including the confidentiality protocols established with the Debtors) and in compliance with any applicable Confidentiality Agreement, any Potential Bidder may contact, initiate, or engage in discussions with the Committee Professionals, subject to the Committee's obligations under the Bidding Procedures Order.  The due diligence period will end on the respective Final Bid Deadline (as defined herein) and, subsequent to the Final Bid Deadline, the Debtors shall have no obligation to furnish any due diligence information.

In connection with the provision of due diligence information to Potential Bidders, the Debtors shall not furnish any confidential information relating to the Debtors or a potential transaction to any person except a Potential Bidder or such Potential Bidder's duly authorized representatives to the extent provided in an applicable Confidentiality Agreement, and the Committee.

The Debtors and their advisors shall coordinate all reasonable requests for additional information and due diligence access from Potential Bidders; *provided* that the Debtors may decline to provide such information to Potential Bidders that, in the Debtors' reasonable business judgment and in consultation with the Committee have not established, or who have raised doubt, that such Potential Bidders intend in good faith to, or have the capacity to, consummate any Sale. For any Bidder that is a competitor, account holder, or customer of the Debtors or is affiliated with any competitors, account holders, or customers of the Debtors, the Debtors reserve the right, in consultation with the Committee, to withhold or modify any diligence materials that the Debtors, in their sole discretion, determine are business-sensitive or otherwise inappropriate for disclosure to such bidder.

### A.  Communications with Potential Bidders (including Qualified Bidders).

Notwithstanding anything to the contrary in these Bidding Procedures, all substantive direct communications, including any diligence requests, with Potential Bidders and Qualified Bidders shall be through Centerview (email being sufficient).

**Centerview Partners LLC, 31 West 52nd Street, New York, New York 10019, Attn.: Sean Carmody (scarmody@centerview.com), Ryan Kielty (rkielty@centerview.com), Seth Lloyd (slloyd@centerview.com), Marc Puntus (mpuntus@centerview.com), Ryan Kielty (rkielty@centerview.com), shall coordinate all requests for additional information and due diligence access on behalf of the Debtors.**

## B.   Due Diligence from Potential Bidders (including Qualified Bidders).

Each Potential Bidder (including any Qualified Bidder) shall comply with all reasonable requests for additional information and due diligence access requested by the Debtors, in consultation with the Committee, or their advisors regarding the ability of such Potential Bidder (including any Qualified Bidder) to consummate its contemplated transaction.  Failure by a Potential Bidder (including any Qualified Bidder) to comply with such reasonable requests for additional information and due diligence access may be a basis for the Debtors, in consultation with the Committee, to determine that such bidder is no longer a Qualified Bidder or that a bid made by such bidder is not a Qualified Bid.

## VI.   Stalking Horse Bidders and Bid Protections.

The Debtors shall be authorized, but not obligated, in an exercise of their business judgment, after consultation with the Committee, to select one or more Qualified Bidders to act as stalking horse bidders in connection with a Sale (each, a "Stalking Horse Bidder"), and enter into purchase agreement with respect to a Sale with such Stalking Horse Bidder (each such agreement, a "Stalking Horse Agreement"); *provided* that, in the event the Debtors seek to select one or more bidders to act as the Stalking Horse Bidder and enter into a Stalking Horse Agreement with such Stalking Horse Bidder, the Debtors shall promptly file with the Court and serve on the Notice Parties a notice of hearing on the same and the Court shall hold a hearing to consider approval of the designation of the Stalking Horse Bidder and Stalking Horse Agreement to be held on the first date the Court is available that is at least five business days after filing such notice, with objections due at 4:00 p.m. (prevailing Eastern Time) the day prior to such hearing.  The bid protections provided in a Stalking Horse Agreement (if any) shall be described in detail, including the amount and calculation of such bid protections, in the notice of hearing to consider the selection of the Stalking Horse Bidder and Stalking Horse Agreement and such bid protections shall be subject to the approval of the Court in all respects.

## VII.   Bid Requirements.

To be selected to acquire some or all of the Assets or to be eligible to participate in an Auction, if applicable, a Potential Bidder (other than a Stalking Horse Bidder) must deliver to the Debtors and their advisors a written, irrevocable, and binding offer for purchase of the Assets (the "Bid") that must be determined by the Debtors in their business judgment, in consultation with the Committee, to satisfy each of the following conditions (collectively, the "Bid Requirements"):

a.   **Identity**: Each Bid must fully disclose the identity of each entity and each entity's shareholders, partners, investors, and ultimate controlling entities that will be bidding for or purchasing the applicable assets or otherwise participating in connection with such Bid, and the complete terms of any such participation, along with sufficient evidence that the Potential Bidder is legally empowered to complete the transactions on the terms contemplated by the parties.  Each Bid must also include contact information for the specific person(s) whom Centerview and Kirkland & Ellis LLP ("Kirkland") should contact regarding such Bid;

b.    **Identity of Assets and Purchase Price:** Each Bid must clearly state which Assets (including Mining Assets and Retail Platform Assets) the Potential Bidder seeks to acquire along with which liabilities and obligations the Potential Bidder agrees to assume.  Each Bid must clearly set forth the purchase price to be paid, including cash and non-cash components, if any, which non-cash components may include equity in a Debtor, a reorganized Debtor, or another entity proposed by a Potential Bidder as applicable (collectively, the "<u>Purchase Price</u>").  The Purchase Price should be a single value in U.S. Dollars for the total enterprise value of the Assets the Potential Bidder seeks to acquire on a cash-free, debt-free basis.

c.    **Good Faith Deposit:**  Each Bid must be accompanied must be accompanied by a cash deposit equal to the greater of $20,000,000.00 and ten percent of non-coin related value in cash, submitted by wire transfer of immediately available funds to an escrow account to be identified and established by the Debtors (the "<u>Good Faith Deposit</u>").  To the extent a Qualified Bid is modified before, during, or after an Auction in any manner that increases the purchase price contemplated by such Qualified Bid, the Debtors reserve the right to require that such Qualified Bidder (as defined below) increase its Good Faith Deposit so that it equals ten percent of the increased Purchase Price;

d.    **Markup of the Purchase Agreement:** Each Bid must be accompanied by executed transaction documents, including a draft purchase agreement, the form of which will be provided to any Potential Bidder prior to the respective Final Bid Deadline and in the case of an Auction with a Stalking Horse Bidder, a markup of the Stalking Horse Agreement, including the exhibits, schedules and ancillary agreements related thereto and any other related material documents integral to such Bid pursuant to which the Potential Bidder proposes to effectuate the proposed Sale, along with copies that are marked to reflect any amendments and modifications from the form purchase agreement provided to such Potential Bidder, which amendments and modifications may not be materially more burdensome or otherwise materially inconsistent with these Bidding Procedures. The Debtors, in their reasonable business judgment and after consultation with the Committee, will determine whether any such amendments and modifications are materially more burdensome;

e.    **Committed Financing:** Each Bid must include committed financing, documented to the Debtors' reasonable satisfaction, after consultation with the Committee, that demonstrates the Potential Bidder has received sufficient debt and equity funding commitments to satisfy such Potential Bidder's Purchase Price and other obligations under its Bid, including the identity and contact information of the specific person(s) or entity(s) responsible for such committed financing whom Centerview and Kirkland should contact regarding such committed financing. Such funding commitment shall not be subject to any internal approval, syndication requirements, diligence or credit committee approvals, and shall have covenants and conditions reasonably acceptable to the Debtors, in consultation with the Committee;

f.  **Pro Forma Capital Structure:** Each Bid must include a description of the Bidder's pro forma capital structure;

g.  **Contingencies; No Financing or Diligence Outs:** Any Bid shall not be conditioned on the obtaining or the sufficiency of financing, any internal approval, or on the outcome or review of due diligence, but may be subject to the accuracy at the closing of the specified representations and warranties, which shall not be more burdensome, in the Debtors' reasonable business judgment, after consultation with the Committee, than those contemplated by the Stalking Horse Bid, if any, and each Bid must identify with particularity each and every condition to closing, including the executory contracts and unexpired leases for which assumption and assignment is required.  The Potential Bidders are expected to have completed all of their due diligence by the respective Final Bid Deadline, including all business, legal, accounting, and other confirmatory diligence.  The extent and nature of any remaining due diligence should be set forth in a specific list attached to each Bid;

h.  **As-Is, Where-Is:** Each Bid must include a written acknowledgement and representation that the Potential Bidder: (i) has had an opportunity to conduct any and all due diligence prior to making its offer; (ii) has relied solely upon its own independent review, investigation, and/or inspection of any documents and/or the assets in making its Bid; and (iii) did not rely upon any written or oral statements, representations, promises, warranties, or guaranties whatsoever, whether express, implied, by operation of law, or otherwise, regarding the assets or completeness of any information provided in connection therewith or an Auction, except as expressly stated in the Potential Bidder's proposed purchase agreement;

i.  **Authorization:** Each Bid must contain evidence that the Potential Bidder has obtained authorization or approval from its shareholders and/or its board of managers or directors, as applicable, with respect to the submission of its Bid and the consummation of the transactions contemplated in such Bid;

j.  **Adequate Assurance of Future Performance:** Each Bid must (i) identify the Contracts to be assumed and assigned in connection with the proposed Sale, (ii) provide for the payment of all Cure Costs related to such Contract by the Potential Bidder and (iii) demonstrate, in the Debtors' reasonable business judgment after consultation with the Committee, that the Potential Bidder can provide adequate assurance of future performance under all such Contracts;

k.  **Government Approvals:** Each Bid, including the Stalking Horse Bid (if any), must include (i) a description of all governmental, licensing, regulatory, or other approvals or consents that are required to close the proposed Sale, together with evidence satisfactory to the Debtors after consultation with the Committee, of the ability to obtain such consents or approvals in a timely manner and (ii) a description of any material contingencies or other conditions that will be imposed upon, or that will otherwise apply to, the obtainment or effectiveness of any such consents or approvals;

10

l.   **Government Approvals Timeframe:** Each Bid must set forth (i) an estimated timeframe for obtaining any required governmental, licensing, regulatory, or other approvals or consents for consummating any proposed Sale, and (ii) the basis for such estimate;

m.   **Compliance with Bankruptcy Code and Non-Bankruptcy Law; Acknowledgment:** Each Bid must comply in all respects with the Bankruptcy Code and any applicable non-bankruptcy law.  Each Bid must also include a written acknowledgment that the Bidder agrees to all of the terms of the Sale set forth in these Bidding Procedures;

n.   **Irrevocable:** A Potential Bidder's Bid must be binding and irrevocable unless and until the Debtors accept a higher Bid and such Potential Bidder is not selected as the Backup Bidder (as defined herein);

o.   **No Fees:** Other than a Stalking Horse Bidder (solely to the extent the Court approves any Bid Protections under the Stalking Horse Agreement), each Potential Bidder presenting a Bid or Bids will bear its own costs and expenses (including legal fees) in connection with the proposed transaction, and by submitting its Bid is agreeing to refrain from and waive any assertion or request for breakup fee, transaction fee, termination fee, expense reimbursement, or any similar type of payment or reimbursement on any basis, including under section 503(b) of the Bankruptcy Code; *provided* that the Debtors are authorized in their discretion, after consultation with the Committee, to provide certain bid protections to one or more Stalking Horse Bidders solely in accordance with these Bidding Procedures;

p.   **Adherence to Bidding Procedures:** By submitting its Bid, each Potential Bidder is agreeing to abide by and honor the terms of these Bidding Procedures and agrees not to submit a Bid or seek to reopen the sale process, or an Auction (if held), after conclusion of the selection of the Successful Bidder (as defined herein);

q.   **Consent to Jurisdiction:** The Potential Bidder must submit to the jurisdiction of the Court and waive any right to a jury trial in connection with any disputes relating to the Debtors' qualification of Bids, an Auction (if held), the construction and enforcement of these Bidding Procedures, the Sale documents, and the Closing, as applicable;

r.   **Backup Bid:** Each Bid shall provide that the Potential Bidder will serve as a backup bidder if the Potential Bidder's bid is the next highest or otherwise best bid;

s.   **Expected Closing Date:** A Bid by a Potential Bidder must be reasonably likely (based on availability of financing, antitrust, or other regulatory issues, experience, and other considerations) to be consummated, if selected as the Successful Bid, within a timeframe acceptable to the Debtors, after consultation with the Committee; and

t.   **Employees:**  Each Bid must detail the treatment of the any of the Debtors' employees.

Only Bids fulfilling all of the preceding requirements contained in this section may, at the Debtors' reasonable discretion, in consultation with the Committee, be deemed to be "Qualified Bids," and only those parties submitting Qualified Bids may, at the Debtors' reasonable discretion, in consultation with the Committee, be deemed to be "Qualified Bidders."

The Debtors shall provide regular updates to the Committee Professionals on potential Bids, Bids, and Qualified Bids, including a telephone conference to occur not less than once per week, and allow the Committee Professionals to participate in all management presentations and formal meetings that include Potential Bidders.  For the avoidance of doubt, the Committee Professionals shall not participate in presentations and meetings between the Debtors' advisors and the Special Committee of the Board of Directors of Debtor Celsius Network Limited.

Within one business day after the respective Final Bid Deadline, the Debtors shall determine, after consultation with the Committee, which Potential Bidders are Qualified Bidders and will notify the Potential Bidders whether Bids submitted constitute Qualified Bids, which will enable such Qualified Bidders to participate in an Auction.  Any Bid that is not deemed a Qualified Bid shall not be considered by the Debtors; *provided*, *however*, that if the Debtors receive a Bid prior to the respective Final Bid Deadline (as defined below) that does not satisfy the requirements of a Qualified Bid, the Debtors, in consultation with the Committee, may (i) provide the Potential Bidder with the opportunity to remedy any deficiencies prior to an Auction, and (ii) in consultation with the Committee, waive certain requirements for good cause.  A Stalking Horse Bidder (if any) shall be deemed to be a Qualified Bidder, a Stalking Horse Bid shall be deemed a Qualified Bid, and a Stalking Horse Bidder (if any) may participate in an Auction with respect to the Debtors' assets.

## VIII.   Final Bid Deadlines.

Binding Bids to acquire some or all of the Retail Platform Assets must be received (email being sufficient) by (a) the Debtors' counsel, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Joshua A. Sussberg, P.C. (joshua.sussberg@kirkland.com) and Tommy Scheffer (tommy.scheffer@kirkland.com); and 300 North LaSalle, Chicago, Illinois 60654, Attn.: Patrick J. Nash, Jr., P.C. (patrick.nash@kirkland.com), Ross M. Kwasteniet, P.C. (ross.kwasteniet@kirkland.com), Christopher S. Koenig (chris.koenig@kirkland.com), and Dan Latona (dan.latona@kirkland.com); (b) the Debtors' investment bank Centerview Partners LLC, 31 West 52nd Street, New York, New York 10019, Attn.: Marc Puntus (mpuntus@centerview.com), Ryan Kielty (rkielty@centerview.com), Sean Carmody (scarmody@centerview.com) and Seth Lloyd (slloyd@centerview.com); (c) counsel to the Committee of Unsecured Creditors, White & Case LLP, 111 South Wacker Drive Suite 5100, Chicago, Illinois 60606, Attn: Gregory F. Pesce (gregory.pesce@whitecase.com) and  200 S. Biscayne Blvd, Miami FL 33131, Attn: Gregory Warren (gregory.warren@whitecase.com); and (d) the Committee's investment banker, Perella Weinberg Partners, LP, 767 Fifth Avenue, 5th Floor, New York, New York 10153, Attn: Kevin Cofsky (kcofsky@pwpartners.com) and Matthew Rahmani (mrahmani@pwpartners.com); so as to be **actually received no later than 4:00 p.m. (prevailing Eastern Time) on December 12, 2022 (the "Final Bid Deadline for Retail Platform Assets")**.

Binding Bids to acquire the <u>Remaining Assets</u>,[7] must be received (email being sufficient) by (a) the Debtors' counsel, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Joshua A. Sussberg, P.C. (joshua.sussberg@kirkland.com) and Tommy Scheffer (tommy.scheffer@kirkland.com); and 300 North LaSalle, Chicago, Illinois 60654, Attn: Patrick J. Nash, Jr., P.C. (patrick.nash@kirkland.com), Ross M. Kwasteniet, P.C. (ross.kwasteniet@kirkland.com), Christopher S. Koenig (chris.koenig@kirkland.com), and Dan Latona (dan.latona@kirkland.com); (b) the Debtors' investment bank Centerview Partners LLC, 31 West 52nd Street, New York, New York 10019, Attn.: Marc Puntus (mpuntus@centerview.com), Ryan Kielty (rkielty@centerview.com), Sean Carmody (scarmody@centerview.com), and Seth Lloyd (slloyd@centerview.com); and (c) counsel to the Committee of Unsecured Creditors, White & Case LLP, 111 South Wacker Drive Suite 5100, Chicago, Illinois 60606, Attn: Gregory F. Pesce (gregory.pesce@whitecase.com) and 200 S. Biscayne Blvd, Miami FL 33131, Attn: Gregory Warren (gregory.warren@whitecase.com); and (d) the Committee's investment banker, Perella Weinberg Partners, LP, 767 Fifth Avenue, 5th Floor, New York, New York 10153, Attn: Kevin Cofsky (kcofsky@pwpartners.com) and Matthew Rahmani (mrahmani@pwpartners.com); so as to be **actually received no later than 4:00 p.m. (prevailing Eastern Time) on December 12, 2022 (the "Final Bid Deadline for Remaining Assets.")**[8]

## IX.    Evaluation of Qualified Bids.

Prior to an Auction (if held) the Debtors, the Committee, and their advisors will evaluate Qualified Bids, and the Debtors will identify the Qualified Bid(s) that is, in the Debtors' reasonable business judgment after consultation with the Committee, the highest or otherwise best Bid (the "<u>Starting Bid</u>"). In the event a Stalking Horse Bidder is selected, the Starting Bid shall include the amount provided for in the Stalking Horse Bid, *plus* the amount of the bid protections (if any), *plus* either $500,000 or such other amount as determined by the Debtors in consultation with the Committee. In addition, prior to the selection of the Successful Bidder, the Debtors may, in the Debtors' reasonable business judgment, in consultation with the Committee, engage in negotiations with bidders with respect to their Bids. For the avoidance of doubt, the Debtors, in consultation with the Committee, may select more than one Qualified Bid to collectively serve as the Starting Bid in an Auction (if held) if each such Qualified Bid contemplates the purchase of different assets. In conducting the evaluation of the Qualified Bids, the Debtors and the Committee will take into consideration the following non-exclusive factors:

a.    the amount of the Purchase Price of the Qualified Bid;

b.    the value to be provided to the Debtors under the Bid, including the net economic effect upon the Debtors' estates, taking into account any Stalking Horse Bidder's rights to any Bid Protections;

---

[7]    The binding Bid may seek to acquire any Retail Platform Assets not sold pursuant to a Sale Order as part of its Bid to acquire the Remaining Assets.

[8]    Both the Final Bid Deadline for Retail Platform Assets and the Final Bid Deadline for Remaining Assets are each referred to herein as a "<u>Final Bid Deadline</u>."

c.    the proposed changes or modifications to the form purchase agreement delivered in connection with such Qualified Bid and the comparative favorability of the terms set forth in such proposed purchase agreement versus any Stalking Horse Agreements, to the extent applicable;

d.    the Assets and liabilities included or excluded from the Qualified Bid and any executory contracts or leases or other liabilities proposed to be assumed;

e.    any benefit to the Debtors' bankruptcy estates from any assumption of liabilities or waiver of liabilities;

f.    the certainty of a Qualified Bid leading to a confirmed plan (whether the Plan or some other plan);

g.    the transaction structure and execution risk, including conditions to, timing of, and certainty of closing; termination provisions; availability of financing and financial wherewithal to meet all commitments; and required governmental or other approvals; and

h.    any other factors the Debtors may, consistent with their fiduciary duties, reasonably deem relevant.

Within 24 hours of the determination of the Starting Bid, but in no event later than 24 hours before an Auction, the Debtors will (1) notify any Stalking Horse Bidder(s) as to which Qualified Bid is the Starting Bid and (2) distribute a copy of the Starting Bid to each Qualified Bidder who has submitted a Qualified Bid.

Within 24 hours after the Final Bid Deadline, but in no event later than 24 hours before the start of the Auction (if any), the Debtors shall provide the identities of any Qualified Bidders on a confidential basis to (1) counsel to the Office of the Attorney General for the State of Texas, (2) counsel to the National Association of Attorneys General, and (3) counsel to the Vermont Department of Financial Regulation.

If any Bid is determined by the Debtors, after consultation with the Committee, not to be a Qualified Bid, the Debtors will refund such Qualified Bidder's Good Faith Deposit within five business days after the Final Bid Deadline.

## X.    No Qualified Bids.

If no Qualified Bids other than a Stalking Horse Bid (if applicable) are received by the applicable Final Bid Deadline, then the Debtors may cancel the applicable Auction and may decide, in the Debtors' reasonable business judgment, with the consent of the Committee (such consent not to be unreasonably withheld), to designate a Stalking Horse Bid as the Successful Bid and pursue entry of a Sale Order approving a Sale of the respective Assets to the Stalking Horse Bidder pursuant to the Stalking Horse Agreement.  The Debtors shall promptly file notice of cancellation of any Auction and designation of the Stalking Horse Bid as the Successful Bid with the Bankruptcy Court.

XI.    **Auction.**

If one or more Qualified Bids are received by the respective Final Bid Deadline with respect to the applicable Assets, then the Debtors shall conduct an Auction with respect to such Assets.  An Auction for the Retail Platform Assets shall commence on **December 15, 2022 at 10:00 a.m. (prevailing Eastern Time)**.  An Auction for the Remaining Assets shall commence on **December 15, 2022 at 10:00 a.m. (prevailing Eastern Time)**.  Auctions will be conducted at such times via remote video, or such later time or other place as the Debtors determine, in consultation with the Committee, in which case the Debtors shall timely notify all Qualified Bidders of such later time or other place, and file a notice of the change on the Court's docket for these chapter 11 cases.

Any Auction will be conducted in accordance with the following procedures (the "Auction Procedures"):

a.    except as otherwise provided herein, an Auction will be conducted openly;

b.    only Qualified Bidders, including any Stalking Horse Bidders (if any), shall be entitled to bid at an Auction;

c.    the Qualified Bidders, including any Stalking Horse Bidders (if any), shall appear at an Auction via remote video or through duly authorized representatives via remote video at an Auction;

d.    only the following parties shall be permitted to attend an Auction:  the U.S. Trustee, the Examiner, and any consumer privacy ombudsman appointed pursuant to section 332 of the Bankruptcy Code in these chapter 11 cases (each of the foregoing on a listen-only basis); authorized representatives of each of the Qualified Bidders (including any Stalking Horse Bidders), the Debtors and their respective advisors, the Committee and their respective advisors, and any other creditor party who makes a written request upon the Debtors to attend an Auction; *provided* that such request shall be actually received by the Debtors' counsel no later than 24 hours prior to the commencement of an Auction; *provided*, *further* that the Debtors reserve the right to retract their permission at any point during an Auction if such creditor party does not act in good faith and in orderly fashion during an Auction;

e.    Bids at an Auction, including any Bids by any Stalking Horse Bidder (if any), must be made in minimum increments of $500,000 (or such other amount as the Debtors may determine after consultation with the Committee) of additional value (including after payment of the Bid Protections to any Stalking Horse Bidders, if applicable);

f.    each Qualified Bidder will be permitted a reasonable time to respond to previous bids at an Auction, as determined by the Debtors, in consultation with the Committee;

g.    the bidding will be transcribed or recorded to ensure an accurate recording of the bidding at an Auction;

h.  no Qualified Bidder (or its representatives) may communicate with one another, collude, or otherwise coordinate for purposes of participating in an Auction, and each Qualified Bidder will be required to confirm on the record of an Auction that (i) it has not engaged in any collusion, coordination, or unfair competitive practices with respect to the bidding or the Sale and (ii) its Bid represents an irrevocable, binding, good faith, and bona fide offer to purchase some or all of the Assets identified in such Bid if such Bid is selected as the Successful Bid or the Backup Bid (each as defined herein); *provided*, *however*, that two or more Qualified Bidders may coordinate to the extent they wish to provide a combined bid if the Debtors approve such coordination in their reasonable discretion, in consultation with the Committee;

i.  an Auction will not close unless and until all Qualified Bidders have been given a reasonable opportunity to submit an overbid at an Auction to the then prevailing highest Bid, subject to the Debtors' right, in consultation with the Committee, to require last and final Bids to be submitted on a "blind" basis;

j.  the Court and the Debtors will not consider bids made after an Auction has been closed;

k.  the Debtors reserve the right, in their reasonable business judgment, in consultation with the Committee, to adjourn an Auction one or more times to, among other things, (i) facilitate discussions between the Debtors and Qualified Bidders, (ii) allow Qualified Bidders to consider how they wish to proceed, and (iii) provide Qualified Bidders the opportunity to provide the Debtors with such additional evidence as the Debtors, in their reasonable business judgment, in consultation with the Committee, may require that the Qualified Bidder has sufficient internal resources or has received sufficient non-contingent debt and/or equity funding commitments to consummate the proposed transaction at the prevailing amount.  In the event an Auction is adjourned, the Debtors shall promptly file a Notice with Court of such adjournment and include the date for the continued Auction; and

l.  an Auction will be governed by such other Auction Procedures as may be announced by the Debtors and their advisors following consultation with the Committee, from time to time on the record at an Auction; *provided* that such other Auction Procedures are (a) not inconsistent with the Bidding Procedures Order, these Bidding Procedures, the Bankruptcy Code, or any other order of the Court, (b) disclosed orally or in writing to all Qualified Bidders, and (c) reasonably determined by the Debtors to further the goal of attaining the highest or otherwise best offer for the assets, as applicable.

For the avoidance of doubt, nothing in an Auction Procedures (if an Auction is held) will prevent the Debtors from exercising their respective fiduciary duties under applicable law (as reasonably determined in good faith by the Debtors, with notice to the Committee).

## XII.  Acceptance of the Successful Bid.

An Auction shall continue until only one Qualified Bid is the highest or otherwise best bid to purchase the respective Assets in the Debtors' reasonable business judgment, in a manner

16

consistent with the exercise of their fiduciary duties, after consultation with the Committee, and outlined below in further detail, (a "Successful Bid"), and that further bidding is unlikely to result in a different Successful Bid or Successful Bids that would be acceptable to the Debtors, at which point, an Auction will be closed.  When determining the highest or otherwise best Qualified Bid, as compared to other Qualified Bids, the Debtors may consider the following factors in addition to any other factors that the Debtors deem appropriate: (a) the amount and nature of the total consideration; (b) the likelihood of the Qualified Bidder's ability to close a transaction and the timing thereof; (c) the net economic effect of any changes to the value to be received by each of the Debtors' estates from the transaction contemplated by the Bid documents; and (d) the tax consequences of such Qualified Bid.

Any Qualified Bidder that submits a Successful Bid will be deemed a "Successful Bidder" with respect to the applicable Assets.  The Debtors shall file a notice setting forth the results of an Auction (if any) and identify any Successful Bidder with the Court at least three business days prior to the respective sale hearing (each sale hearing, a "Sale Hearing") and shall seek Bankruptcy Court approval to enter into a binding purchase agreement with the Successful Bidder on the terms of the Successful Bid (the order approving such entry, the "Sale Order").  For the avoidance of doubt, a Sale Order shall deem the Debtors' selection of the Successful Bid final and, subject to the designation of the Backup Bid (defined below), the Debtors shall not solicit or accept any further bids or offers to submit a bid after such selection for the respective Assets; *provided* that notwithstanding anything to the contrary in these Bidding Procedures, nothing in these Bidding Procedures shall require the board of directors, board of managers, or such similar governing body of any Debtor to take or refrain from taking any action that would be inconsistent with applicable law or its fiduciary obligations under applicable law.

The Debtors shall, subject to the Committee's consent (such consent shall not be unreasonably withheld) seek to sell the Retail Platform Assets at the Sale Hearing for the Retail Platform Assets.  If any of the Retail Platform Assets are sold at such Sale Hearing, they will no longer be considered part of the Remaining Assets subject to a future Sale and must be removed from any pending Bid for the Remaining Assets.

Within one business day of the selection of the Successful Bidder, such Successful Bidder shall make a cash deposit that, when aggregated with its Good Faith Deposit, is in an amount equal to ten percent of the Successful Bid, submitted by wire transfer of immediately available funds to an escrow account to be identified and established by the Debtors pursuant to a customary and reasonable escrow agreement.  Each Successful Bidder and the Debtors shall, as soon as commercially reasonable and practicable, complete and sign all agreements, contracts, instruments, or other documents evidencing and containing the terms upon which each such Successful Bid was made.

## XIII.  Designation of Backup Bidder.

The Qualified Bidder with the second highest or otherwise best bid or combination of bids (the "Backup Bid") to purchase any or all of the applicable Assets (the "Backup Bidder") will be determined by the Debtors, in consultation with the Committee, at the conclusion of an Auction and will be announced at that time to all the Qualified Bidders participating in an Auction.  If for any reason a Successful Bidder fails to consummate the purchase of such Assets within the time

permitted after the entry of the Sale Order, then the Backup Bidder will automatically be deemed to have submitted the Successful Bid for such Assets, and the Backup Bidder shall be deemed a Successful Bidder for such Assets and shall be required to consummate any Sale with the Debtors as soon as is commercially practicable without further order of the Court; *provided* that the Debtors shall file a notice with the Court that such Backup Bidder has been deemed the Successful Bidder. The Backup Bidder shall be required to keep its Backup Bid open and irrevocable until the closing of the transaction with the applicable Successful Bidder.  The Backup Bidder's Good Faith Deposit shall be held in escrow until the closing of the transaction with the applicable Successful Bidder.

## XIV.    Approval of Sale.

The Debtors will present the results of an Auction  (if any) to the Court for approval at the Sale Hearing, at which certain findings will be sought from the Court regarding the respective Auction, including, among other things, that: (a) an Auction was conducted, and the Successful Bidder was selected, in accordance with the Bidding Procedures; (b) an Auction was fair in substance and procedure; (c) the Successful Bid was a Qualified Bid as defined in the Bidding Procedures; and (d) consummation of any Sale as contemplated by the Successful Bid in an Auction will provide the highest or otherwise best offer for the Debtors and the Debtors' respective Assets, and is in the best interests of the Debtors and their estates.

If the Debtors timely file a Notice of Auction for Sale of Retail Platform Assets, then a Sale Hearing for the Retail Platform Assets will be scheduled to commence on **December 22, 2022 at 10:00 a.m. (prevailing Eastern Time)**, or as soon thereafter as counsel may be heard, before the Honorable Martin Glenn, United States Bankruptcy Court for the Southern District of New York.

The Sale Hearing for the Remaining Assets is presently scheduled to commence on **December 22, 2022 at 10:00 a.m. (prevailing Eastern Time)**, or as soon thereafter as counsel may be heard, before the Honorable Martin Glenn, United States Bankruptcy Court for the Southern District of New York

## XV.    Return of Good Faith Deposit.

The Good Faith Deposit of a Successful Bidder shall, upon consummation of any Sale, be credited to the purchase price paid for the applicable Assets.  If a Successful Bidder fails to consummate any Sale, then the Good Faith Deposit shall be forfeited to, and retained irrevocably by, the Debtors, and all parties in interest, and the Debtors specifically, reserve the right to seek all available damages from the defaulting Successful Bidder.

The Good Faith Deposit of any Qualified Bidders that are not Successful Bidders or Backup Bidders will be returned within five business days after the respective Auction or upon the permanent withdrawal of the proposed Sale, and the Good Faith Deposit of any Backup Bidders will be returned within five business days after the consummation of any Sale or upon the permanent withdrawal of the proposed Sale.

## XVI.    Reservation of Rights.

The Debtors, in consultation with the Committee, reserve their rights to modify these Bidding Procedures in their reasonable business judgment in a manner consistent with the exercise of their fiduciary duties, and in any manner that will best promote the goals of the bidding process, or impose, at or before an Auction, additional customary terms and conditions on a Sale, including, without limitation: (a) amending or extending the deadlines set forth in these Bidding Procedures related to any of the Assets, including those specifically associated with the sale of the Retail Platform Assets, (b) determining whether to sell the Retail Platform Assets separately or collectively with other Assets; (c) adjourning an Auction; (d) adding procedural rules that are reasonably necessary or advisable under the circumstances for conducting an Auction; (e) canceling an Auction; (f) rejecting any or all Bids or Qualified Bids; and (g) adjusting the applicable minimum overbid increment, including by requesting that Qualified Bidders submit last or final bids on a "blind" basis.  For the avoidance of doubt, the Debtors reserve the right, with consent from the Committee, at any point prior to the selection of a Successful Bidder to terminate the Sale processes contemplated hereunder with respect to any or all of the Debtors' Assets and seek to sell any or all assets pursuant to section 363(b) of the Bankruptcy Code.

## XVII.  Consent to Jurisdiction.

All Qualified Bidders at an Auction will be deemed to have consented to the core jurisdiction of the Bankruptcy Court and waived any right to a jury trial in connection with any disputes relating to a Sale, the respective Auction and the construction and enforcement of these Bidding Procedures, or any written indications of interest, Preliminary Bid Documents, or the Bid documents, as applicable, and consented to the entry of a final order or judgment in any way related to these Bidding Procedures, the bid process, an Auction, the Sale Hearing, or the construction and enforcement of any agreement or any other document relating to a Sale if it is determined that the Bankruptcy Court would lack Article III jurisdiction to enter such a final order or judgment absent the consent of the parties.

Any parties raising a dispute relating to these Bidding Procedures must request that such dispute be heard by the Bankruptcy Court on an expedited basis.

## XVIII. Fiduciary Out.

Notwithstanding anything to the contrary in these Bidding Procedures, nothing in these Bidding Procedures or the Bidding Procedures Order shall require a Debtor or the board of directors, board of managers, or similar governing body of a Debtor, after consulting with counsel, to take any action or to refrain from taking any action related to any Sale to the extent taking or failing to take such action would be inconsistent with applicable law or its fiduciary obligations under applicable law; *provided* that the Debtors shall consult with the Committee promptly after exercising any fiduciary out in accordance with these Bidding Procedures, and nothing in this Section XVIII shall modify or supersede any consultation or consent rights of the Committee set forth in these Bidding Procedures or the Bidding Procedures Order.

Furthermore, notwithstanding anything to the contrary in these Bidding Procedures, through the date of an Auction, nothing in these Bidding Procedures or the Bidding Procedures

Order shall diminish the right of the Debtors and their respective directors, officers, employees, investment bankers, attorneys, accountants, consultants, and other advisors or representatives to: (a) consider, respond to, and facilitate alternate proposals for sales or other restructuring transactions involving any or all of the Debtors' Assets (each an "Alternate Proposal"); (b) provide access to non-public information concerning the Debtors to any entity or enter into confidentiality agreements or nondisclosure agreements with any entity; (c) maintain or continue discussions or negotiations with respect to Alternate Proposals; (d) otherwise cooperate with, assist, participate in, or facilitate any inquiries, proposals, discussions, or negotiation of Alternate Proposals; and (e) enter into or continue discussions or negotiations with holders of claims against or equity interests in a Debtor or any other party in interest in these chapter 11 cases (including the Committee and the United States Trustee), or any other entity regarding Alternate Proposals. The Debtors shall promptly distribute any Alternate Proposal (and any response thereto) to the Committee.

# **Exhibit B**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## NOTICE OF AUCTION FOR THE POTENTIAL
## SALE OF CERTAIN OF THE DEBTORS' ASSETS FREE AND
## CLEAR OF ANY AND ALL CLAIMS, INTERESTS, AND ENCUMBRANCES

**PLEASE TAKE NOTICE** that the above-captioned debtors and debtors in possession (collectively, the "Debtors") are soliciting offers for the purchase of certain of the Debtors' assets and assumption of certain liabilities of the Debtors consistent with the bidding procedures (the "Bidding Procedures")[2] approved by the United States Bankruptcy Court for the Southern District of New York (the "Court") by entry of an order on November 2, 2022 [Docket No. 1272] (the "Bidding Procedures Order"). **All interested bidders should carefully read the Bidding Procedures and Bidding Procedures Order**. To the extent that there are any inconsistencies between this notice and the Bidding Procedures or the Bidding Procedures Order, the Bidding Procedures or the Bidding Procedures Order, as applicable, shall govern in all respects.

---

**Copies of the Bidding Procedures Order or other documents related thereto are available upon request to Stretto, Inc. by calling (855) 423-1530 (Domestic) or (949) 669-5873 (International) or visiting the Debtors' restructuring website at (https://cases.stretto.com/celsius).**

---

**PLEASE TAKE FURTHER NOTICE** that the Initial Bid Deadline is **November 21, 2022, at 4:00 p.m. (prevailing Eastern Time)**, and that any person or entity interested in purchasing some or all of the Retail Platform Assets must comply with the requirements set forth in the Bidding Procedures

**PLEASE TAKE FURTHER NOTICE** that the Final Bid Deadline for some or all of the Retail Platform Assets is **December 12, 2022 at 4:00 p.m. (prevailing Eastern Time)**, and that

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Bidding Procedures Order or the Bidding Procedures, as applicable.

any person or entity that wishes to participate in an Auction for the Retail Platform Assets must comply with the participation requirements, bid requirements, and other requirements set forth in the Bidding Procedures.

**PLEASE TAKE FURTHER NOTICE** that, the Debtors may conduct an Auction for the Retail Platform Assets, at which time they will consider proposals submitted to the Debtors and their professionals, by and pursuant to the Bidding Procedures as set forth in the Bidding Procedures Order, on **December 15, 2022 at 10:00 a.m. (prevailing Eastern Time)**, via remote video.

**PLEASE TAKE FURTHER NOTICE** that, the Debtors expect to seek approval of the Sale (if any) of some or all of the Retail Lending Assets at the Sale Hearing, which is presently scheduled to commence on **December 22, 2022 at 10:00 a.m. (prevailing Eastern Time)**, or as soon thereafter as counsel may be heard, before the Honorable Martin Glenn, United States Bankruptcy Court for the Southern District of New York.

**PLEASE TAKE FURTHER NOTICE** that the Final Bid Deadline for the Remaining Assets is **December 12, 2022 at 4:00 p.m. (prevailing Eastern Time)**, and that any person or entity that wishes to participate in an Auction must comply with the participation requirements, bid requirements, and other requirements set forth in the Bidding Procedures.

**PLEASE TAKE FURTHER NOTICE** that the Debtors may conduct an Auction for the Remaining Assets, at which time they will consider proposals submitted to the Debtors and their professionals, by and pursuant to the Bidding Procedures as set forth in the Bidding Procedures Order, on **December 15, 2022 at 10:00 a.m. (prevailing Eastern Time)**, via remote video or such other means.

**PLEASE TAKE FURTHER NOTICE** that the Debtors expect to seek approval of the Sale (if any) of the Remaining Assets at the Sale Hearing, which is presently scheduled to commence on **December 22, 2022 at 10:00 a.m. (prevailing Eastern Time)**, or as soon thereafter as counsel may be heard, before the Honorable Martin Glenn, United States Bankruptcy Court for the Southern District of New York

**PLEASE TAKE FURTHER NOTICE** that, except as otherwise set forth in the Bidding Procedures Order with respect to objections to proposed cure amounts or the assumption and assignment of Assigned Contracts, objections, if any, to a proposed Sale **must**: (a) be in writing; (b) conform to the applicable provisions of the Bankruptcy Rules and the Local Rules; (c) state with particularity the legal and factual basis for the objection and the specific grounds therefor; and (d) be filed with the Court by **December 19, 2022 at 4:00 p.m.** (prevailing Eastern Time).

## <u>CONSEQUENCES OF FAILING TO TIMELY MAKE AN OBJECTION</u>

**ANY PARTY OR ENTITY THAT FAILS TO TIMELY MAKE AN OBJECTION TO A SALE ON OR BEFORE THE SALE OBJECTION DEADLINE IN ACCORDANCE WITH THE BIDDING PROCEDURES ORDER SHALL BE FOREVER BARRED FROM ASSERTING ANY OBJECTION TO SUCH SALE, INCLUDING WITH RESPECT TO THE TRANSFER OF THE SELLING DEBTORS' ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS, EXCEPT AS SET FORTH IN THE APPLICABLE PURCHASE AGREEMENT(S).**

## NO SUCCESSOR OR TRANSFEREE LIABILITY

The Sale Order (if any) is expected to provide, among other things, that the Successful Bidder from the Sale will have no responsibility for, and the assets will be sold free and clear of, any successor liability, including the following:

To the greatest extent allowable by applicable law, the Successful Bidder shall not be deemed, as a result of any action taken in connection with the Stalking Horse Agreement (in the case where a Stalking Horse Bidder is the Successful Bidder) or a separate purchase agreement entered into with the Successful Bidder (if a Stalking Horse Bidder is not the Successful Bidder), the consummation of the Sale, or the transfer or operation of the assets, to (a) be a legal successor, or otherwise be deemed a successor to the Debtors (other than with respect to any obligations as an assignee under the Assigned Contracts arising after the Effective Date); (b) have, de facto or otherwise, merged with or into the Debtors; or (c) be an alter ego or mere continuation or substantial continuation of the Debtors, in the case of each of (a), (b), and (c), including, without limitation, within the meaning of any foreign, federal, state or local revenue law, pension law, the Employee Retirement Income Security Act, the Consolidated Omnibus Budget Reconciliation Act, the WARN Act (29 U.S.C. §§ 2101 et seq.), the Fair Labor Standard Act, Title VII of the Civil Rights Act of 1964 (as amended), the Age Discrimination and Employment Act of 1967 (as amended), the Federal Rehabilitation Act of 1973 (as amended), the National Labor Relations Act (29 U.S.C. § 151, et seq.), environmental liabilities, debts, claims or obligations, any liabilities, debts or obligations of or required to be paid by the Debtors for any taxes of any kind for any period, labor, employment, or other law, rule or regulation (including without limitation filing requirements under any such laws, rules or regulations), or under any products liability law or doctrine with respect to the Debtors' liability under such law, rule or regulation or doctrine. All rights of any party to set off any claims, debts or obligations owed by or to the Successful Bidder in connection with the assets shall be extinguished on the Effective Date pursuant to the Sale Order. Other than as expressly set forth in the Stalking Horse Agreement (or another Successful Bidder's purchase agreement, as applicable) with respect to Assumed Liabilities, the Successful Bidder shall not have any responsibility for (a) any liability or other obligation of the Debtors or related to the assets or (b) any claims (as such term is defined by section 101(5) of the Bankruptcy Code) against the Debtors or any of their predecessors or affiliates. To the greatest extent allowed by applicable law, the Successful Bidder shall have no liability whatsoever with respect to the Debtors' (or their predecessors' or affiliates') respective businesses or operations or any of the Debtors' (or their predecessors' or affiliates') obligations based, in whole or part, directly or indirectly, on any theory of successor or vicarious liability of any kind or character, or based upon any theory of antitrust, environmental, successor or transferee liability, de facto merger or substantial continuity, labor and employment or products liability, whether known or unknown as of the Effective Date, now existing or hereafter arising, asserted or unasserted, fixed or contingent, liquidated or unliquidated, including liabilities on account of any taxes arising, accruing or payable under, out of, in connection with, or in any way relating to the operation of the assets prior to the Effective Date. The Stalking Horse Bidder would not have entered into the Stalking Horse Agreement but for the foregoing protections against potential claims based upon "successor liability" theories.

**PLEASE TAKE FURTHER NOTICE** that the Debtors reserve the right, subject to the Bidding Procedures, in their reasonable business judgment and subject to the exercise of their fiduciary duties, to modify the Bidding Procedures and/or to terminate discussions with any Potential Bidders at any time, to the extent not materially inconsistent with the Bidding Procedures.

**PLEASE TAKE FURTHER NOTICE** that copies of the Bidding Procedures Motion, Bidding Procedures, and Bidding Procedures Order, as well as all related exhibits, are available: (a) free of charge upon request to Stretto, Inc. (the notice and claims agent retained in these chapter 11 cases) by (a) calling (855) 423-1530  (Domestic) or (949) 669-5873 (International); (b) visiting the Debtors' restructuring website at (https://cases.stretto.com/Celsius); or (c) for a fee via PACER by visiting (https://www.deb.uscourts.gov/).

*[Remainder of page intentionally left blank]*

New York, New York
Dated: November 7, 2022

_/s/ Joshua A. Sussberg_

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:        jsussberg@kirkland.com

 - and -

Patrick J. Nash, Jr., P.C. (admitted _pro hac vice_)
Ross M. Kwasteniet, P.C. (admitted _pro hac vice_)
Christopher S. Koenig
Dan Latona (admitted _pro hac vice_)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:        patrick.nash@kirkland.com
              ross.kwasteniet@kirkland.com
              chris.koenig@kirkland.com
              dan.latona@kirkland.com

_Counsel to the Debtors and Debtors in Possession_

# **Exhibit C**

 STRETTO

**Exhibit C**
Served via First-Class Mail

| NAME | ATTENTION | ADDRESS 1 | ADDRESS 2 | ADDRESS 3 | CITY | STATE | ZIP | COUNTRY |
|---|---|---|---|---|---|---|---|---|
| AD HOC GROUP OF CUSTODIAL ACCOUNT HOLDERS | C/O TOGUT SEGAL & SEGAL LLP | ATTN: KYLE J. ORTIZ & BRYAN M. KOTLIAR | ONE PENN PLAZA | SUITE 3335 | NEW YORK | NY | 10119 | |
| AD HOC GROUP OF WITHHOLD ACCOUNT HOLDER | C/O TROUTMAN PEPPER HAMILTON SANDERS LLP | ATTN: DEBORAH KOVSKY-APAP | 4000 TOWN CENTER | SUITE 1800 | SOUTHFIELD | MI | 48075 | |
| ADRIAN PEREZ-SIAM | C/O DUANE MORRIS LLP | ATTN: LAWRENCE J. KOTLER & MALCOLM M. BATES | 30 S. 17TH STREET | | PHILADELPHIA | PA | 19103-4196 | |
| ALABAMA OFFICE OF THE ATTORNEY GENERAL | | 501 WASHINGTON AVE | | | MONTGOMERY | AL | 36104 | |
| ALAMEDA RESEARCH LLC AND AFFILIATES | C/O SULLIVAN & CROMWELL LLP | ATTN: ANDREW G. DIETDERICH, BRIAN D. GLUECKSTEIN, & BENJAMIN S. BELLER | 125 BROAD ST | | NEW YORK | NY | 10004 | |
| ALASKA OFFICE OF THE ATTORNEY GENERAL | | 1031 W 4TH AVE | SUITE 200 | | ANCHORAGE | AK | 99501 | |
| ALTCOINTRADER (PTY) LTD | | 229 ONTDEKKERS RD, HORIZON | | | ROODEPOORT | | 1724 | SOUTH AFRICA |
| AMTRUST NORTH AMERICA, INC. ON BEHALF OF ASSOCIATED INDUSTRIES INSURANCE COMPANY INC. | C/O MAURICE WUTSCHER LLP | ATTN: THOMAS R. DOMINCZYK | 5 WALTER FORAN BLVD | SUITE 2007 | FLEMINGTON | NJ | 08822 | |
| ANABELLE DIAS | C/O MCCARTER & ENGLISH, LLP | ATTN: DAVID J. ADLER | WORLDWIDE PLAZA | 825 EIGHTH AVE 31ST FLOOR | NEW YORK | NY | 10019 | |
| ARIZONA OFFICE OF THE ATTORNEY GENERAL | | 2005 N CENTRAL AVE | | | PHOENIX | AZ | 85004 | |
| ARKANSAS OFFICE OF THE ATTORNEY GENERAL | | 323 CENTER ST | SUITE 200 | | LITTLE ROCK | AR | 72201 | |
| B2C2 LTD | | 86-90 PAUL ST | | | LONDON | | EC2A 4NE | UNITED KINGDOM |
| BAKER, DOMINIC JOHN | | ON FILE | | | | | | |
| BRANDON VOSS | ATTN: STUART P. GELBERG, ESQ. | 600 OLD COUNTRY ROAD SUITE 410 | | | GARDEN CITY | NY | 11530 | |
| CALIFORNIA OFFICE OF THE ATTORNEY GENERAL | | PO BOX 944255 | | | SACRAMENTO | CA | 94244-2550 | |
| CHANG, RICKIE | | ON FILE | | | | | | |
| CHRISTOPHER J. LITTLE | C/O MCCARTER & ENGLISH, LLP | ATTN: DAVID J. ADLER | WORLDWIDE PLAZA | 825 EIGHTH AVE 31ST FLOOR | NEW YORK | NY | 10019 | |
| CLINT PETTY | ATTN: STUART P. GELBERG, ESQ. | 600 OLD COUNTRY RD | SUITE 410 | | GARDEN CITY | NY | 11530 | |
| COLORADO OFFICE OF THE ATTORNEY GENERAL | | RALPH L. CARR JUDICIAL BUILDING | 1300 BROADWAY | 10TH FLOOR | DENVER | CO | 80203 | |
| CONNECTICUT OFFICE OF THE ATTORNEY GENERAL | | 165 CAPITOL AVE | | | HARTFORD | CT | 6106 | |
| CORE SCIENTIFIC, INC. | C/O WEIL GOTSHAL & MANGES LLP | ATTN: RAY C. SCHROCK, P.C., DAVID J. LENDER, & RONIT J. BERKOVICH | 767 FIFTH AVE | | NEW YORK | NY | 10153 | |
| COVARIO AG | | LANDYS GYR STRASSE 1 | | | ZUG | | 6300 | SWITZERLAND |
| CRED INC. LIQUIDATION TRUST | C/O MCDERMOTT WILL & EMERY LLP | ATTN: DARREN AZMAN | ONE VANDERBILT AVE | | NEW YORK | NY | 10017-3852 | |
| CRED INC. LIQUIDATION TRUST | C/O MCDERMOTT WILL & EMERY LLP | ATTN: GREGG STEINMAN | 333 SE 2ND AVE | SUITE 4500 | MIAMI | FL | 33131-2184 | |
| CRYPTO10 SP -SEGREGATED PORTFOLIO OF INVICTUS CAPITAL FINANCIAL TECHNOLOGIES SPC | | 67 FORT ST | 1ST FLOOR | ARTEMIS HOUSE | GEORGE TOWN | | KY1-1102 | CAYMAN ISLANDS |
| DEFERRED 1031 EXCHANGE, LLC | | LAKELAND AVE. | | | DOVER | DE | 19901 | |
| DEKKER, CARLOS C | | ON FILE | | | | | | |
| DELAWARE DEPARTMENT OF JUSTICE | | CARVEL STATE OFFICE BUILDING | 820 N FRENCH ST | | WILMINGTON | DE | 19801 | |
| DENTZEL, ZARYN | | ON FILE | | | | | | |
| DEPARTMENT OF TREASURY | INTERNAL REVENUE SERVICE | PO BOX 7346 | | | PHILADELPHIA | PA | 19101-7346 | |
| DIANA THANT AND NATAKOM CHULAMORKODT | C/O MEYER, SUOZZI, ENGLISH & KLEIN, PC | ATTN: EDWARD J. LOBELLO & JORDAN D. WEISS | 1350 BROADWAY | SUITE 1420 | NEW YORK | NY | 10018 | |
| DIFIORE, THOMAS ALBERT | | ON FILE | | | | | | |
| DISTRICT OF COLUMBIA OFFICE OF THE ATTORNEY GENERAL | | 400 6TH STREET NW | | | WASHINGTON | DC | 20001 | |
| DIXON, SIMON | | ON FILE | | | | | | |
| DOWNS, BRADLEY JAMES | | ON FILE | | | | | | |
| DR. ASHRAF ELSHAFEI | C/O ARENTFOX SCHIFF LLP | ATTN: JEFFREY R. GLEIT & ALLISON H. WEISS | 1301 AVENUE OF THE AMERICAS | 42ND FLOOR | NEW YORK | NY | 10019 | |
| EMIL PILACIK, JR. AND EMCO TECHNOLOGY, INC. | ATTN: WILLIAM D. SCHROEDER, JR. | 920 LENMAR DR | | | BLUE BELL | PA | 19422 | |
| FARR, NICHOLAS | | ON FILE | | | | | | |
| FEDERAL TRADE COMMISSION | ATTN: KATHERINE JOHNSON & KATHERINE AIZPURU | 600 PENNSYLVANIA AVE NW | MAIL STOP CC-9528 | | WASHINGTON | DC | 2058 | |
| FEE EXAMINER, CHRISTOPHER S. SONTCHI | C/O GODFREY & KAHN, S.C. | ATTN: KATHERINE STADLER | ONE EAST MAIN STREET, SUITE 500 | | MADISON | WI | 53703 | |
| FLORIDA OFFICE OF THE ATTORNEY GENERAL | | THE CAPITOL PL-01 | | | TALLAHASSEE | FL | 32399 | |
| GEORGIA OFFICE OF THE ATTORNEY GENERAL | BERNADETT ROSSZER FIGUEROA | 40 CAPITOL SQ SW | | | ATLANTA | GA | 30334 | |
| HAWAII OFFICE OF THE ATTORNEY GENERAL | | 425 QUEEN ST | | | HONOLULU | HI | 96813 | |
| ICB SOLUTIONS | | W ROYAL FOREST BLVD | | | COLUMBUS | OH | 43214 | |
| IDAHO OFFICE OF THE ATTORNEY GENERAL | | 700 W JEFFERSON ST | SUITE 210 | PO BOX 83720 | BOISE | ID | 83720 | |
| IGNAT TUGANOV | C/O VENABLE LLP | ATTN: ANDREW J. CURRIE | 600 MASSACHUSETTS AVE NW | | WASHINGTON | DC | 20001 | |
| IGNAT TUGANOV | C/O VENABLE LLP | ATTN: JEFFREY S. SABIN, CAROL WEINER LEVY, & JAMIE L. EDMONSON | 1270 AVENUE OF THE AMERICAS | 24TH FLOOR | NEW YORK | NY | 10020 | |
| ILLINOIS OFFICE OF THE ATTORNEY GENERAL | | ARIE PELED | JAMES R. THOMPSON CENTER | 100 W RANDOLPH ST | CHICAGO | IL | 60601 | |
| ILLUMITI CORP A/K/A SYNTAX SYSTEMS USA LP | C/O SILLS CUMMIS & GROSS PC | ATTN: GREGORY A. KOPACZ | ONE RIVERFRONT PLAZA | | NEWARK | NJ | 07102 | |
| INDIANA OFFICE OF THE INDIANA ATTORNEY GENERAL | | INDIANA GOVERNMENT CENTER SOUTH | 302 W WASHINGTON ST | 5TH FLOOR | INDIANAPOLIS | IN | 46204 | |
| INVICTUS CAPITAL FINANCIAL TECHNOLOGIES SPC | | 67 FORT ST | | | GRAND CAYMAN | | KY1-1102 | CAYMAN ISLANDS |
| IOWA OFFICE OF THE ATTORNEY GENERAL | | HOOVER STATE OFFICE BUILDING | 1305 E WALNUT ST | | DES MOINES | IA | 50319 | |
| JASON STONE AND KEYFI INC. | C/O KYLE ROCHE P.A. | ATTN: KYLE W. ROCHE, ESQ. | 260 MADISON AVE | 8TH FLOOR | NEW YORK | NY | 10016 | |
| JEFFRIES, DAVID | | ON FILE | | | | | | |
| JOHN DZARAN | C/O MCCARTER & ENGLISH, LLP | ATTN: DAVID J. ADLER | WORLDWIDE PLAZA | 825 EIGHTH AVE 31ST FLOOR | NEW YORK | NY | 10019 | |
| JOHN MARCHIONI | C/O BLANK ROME LLP | ATTN: EVAN J. ZUCKER | 1271 AVENUE OF THE AMERICAS | | NEW YORK | NY | 10020 | |
| JONATHAN JERRY SHROYER | C/O HOPKINS & CARLEY, ALC | ATTN: MONIQUE D. JEWETT-BREWSTER | 70 S FIRST ST | | SAN JOSE | CA | 95113 | |
| JYOTI SUKHNANI | ATTN: STUART P. GELBERG, ESQ. | 600 OLD COUNTRY RD | SUITE 410 | | GARDEN CITY | NY | 11530 | |
| KANSAS OFFICE OF THE ATTORNEY GENERAL | ATTN: ATTORNEY GENERAL DEREK SCHMIDT | 120 SW 10TH AVE | 2ND FLOOR | | TOPEKA | KS | 66612 | |
| KEITH SUCKNO | C/O MCCARTER & ENGLISH, LLP | ATTN: DAVID J. ADLER | WORLDWIDE PLAZA | 825 EIGHTH AVE 31ST FLOOR | NEW YORK | NY | 10019 | |
| KENTUCKY OFFICE OF THE ATTORNEY GENERAL | ATTN: DANIEL CAMERON | 700 CAPITAL AVE | SUITE 118 | | FRANKFORT | KY | 40601 | |
| KOHJI, HIROKADO | | ON FILE | | | | | | |
| KYLE FARMERY | ATTN: STUART P. GELBERG, ESQ. | 600 OLD COUNTRY RD | SUITE 410 | | GARDEN CITY | NY | 11530 | |
| LOUISIANA OFFICE OF THE ATTORNEY GENERAL | DEPARTMENT OF JUSTICE | 300 CAPITAL DR | | | BATON ROUGE | LA | 70802 | |
| LYLLOFF, SANDER | | ON FILE | | | | | | |
| MAINE OFFICE OF THE ATTORNEY GENERAL | | 6 STATE HOUSE STATION | | | AUGUSTA | ME | 04333 | |
| MARTIN LANGLOIS | C/O MCCARTER & ENGLISH, LLP | ATTN: DAVID J. ADLER | WORLDWIDE PLAZA | 825 EIGHTH AVE 31ST FLOOR | NEW YORK | NY | 10019 | |
| MARYLAND OFFICE OF THE ATTORNEY GENERAL | | 200 ST. PAUL PLACE | | | BALTIMORE | MD | 21202 | |
| MASSACHUSETTS ATTORNEY GENERAL'S OFFICE | | 1 ASHBURTON PLACE | 20TH FLOOR | | BOSTON | MA | 02108 | |
| MATTHEW PINTO | C/O WEIR GREENBLATT PIERCE LLP | ATTN: BONNE R. GOLUB | 667 MADISON AVE | 5TH FLOOR | NEW YORK | NY | 10065 | |
| MATTHEW PINTO | C/O WEIR GREENBLATT PIERCE LLP | ATTN: JEFFREY S. CIANCIULLI & MICHAEL P. BROADHURST | 1339 CHESTNUT ST | SUITE 500 | PHILADELPHIA | PA | 19107 | |
| MCCLINTOCK, MICHAEL | | ON FILE | | | | | | |
| MCMULLEN, BRIAN | | ON FILE | | | | | | |
| MICHIGAN DEPARTMENT OF ATTORNEY GENERAL | | 525 W OTTAWA ST | | | LANSING | MI | 48906 | |
| MICHIGAN DEPARTMENT OF TREASURY | | CADILLAC PLACE BUILDING | 3030 W GRAND BLVD | SUITE 10-200 | DETROIT | MI | 48202 | |
| MINNESOTA OFFICE OF THE ATTORNEY GENERAL | ATTN: JUANDISHA HARRIS | 445 MINNESOTA ST | SUITE 1400 | | ST. PAUL | MN | 55101 | |
| MISSISSIPPI OFFICE OF THE ATTORNEY GENERAL | | WALTER SILLERS BUILDING | 550 HIGH ST | PO BOX 220 | JACKSON | MS | 39201 | |

 STRETTO

**Exhibit C**
Served via First-Class Mail

| NAME | ATTENTION | ADDRESS 1 | ADDRESS 2 | ADDRESS 3 | CITY | STATE | ZIP | COUNTRY |
|---|---|---|---|---|---|---|---|---|
| MISSOURI OFFICE OF THE ATTORNEY GENERAL | | SUPREME COURT BUILDING | 207 W HIGH ST | | JEFFERSON CITY | MO | 65101 | |
| MONIKA KOSA | C/O MCCARTER & ENGLISH, LLP | ATTN: DAVID J. ADLER | WORLDWIDE PLAZA | 825 EIGHTH AVE 31ST FLOOR | NEW YORK | NY | 10019 | |
| MONTANA OFFICE OF THE ATTORNEY GENERAL | | JUSTICE BUILDING, 3RD FLOOR | 215 N SANDERS | PO BOX 201401 | HELENA | MT | 59602 | |
| MURPHY, JR, THOMAS PATRICK | | ON FILE | | | | | | |
| NEBRASKA OFFICE OF THE ATTORNEY GENERAL | | 2115 STATE CAPITOL | | | LINCOLN | NE | 68509 | |
| NEVADA OFFICE OF THE ATTORNEY GENERAL | NH DEPARTMENT OF JUSTICE | OLD SUPREME COURT BUILDING | 100 N CARSON ST | | CARSON CITY | NV | 89701 | |
| NEW HAMPSHIRE OFFICE OF THE ATTORNEY GENERAL | | 33 CAPITOL ST | | | CONCORD | NH | 3301 | |
| NEW JERSEY BUREAU OF SECURITIES | C/O MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP | ATTN: JEFFREY BERNSTEIN, ESQ. | 570 BROAD ST | | NEWARK | NJ | 07102 | |
| NEW JERSEY BUREAU OF SECURITIES | C/O MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP | ATTN: VIRGINIA T. SHEA | 1300 MT. KEMBLE AVENUE | P.O. BOX 2075 | MORRISTOWN | NJ | 07962-2075 | |
| NEW JERSEY OFFICE OF THE ATTORNEY GENERAL | | RICHARD J. HUGHES JUSTICE COMPLEX | 25 MARKET ST 8TH FL, WEST WING | BOX 080 | TRENTON | NJ | 8611 | |
| NEW MEXICO OFFICE OF THE ATTORNEY GENERAL | | 408 GALISTEO ST | VILLAGRA BUILDING | | SANTA FE | NM | 87501 | |
| NEW SPANISH RIDGE, LLC, MRK SPANISH RIDGE, LLC & PREH SPANISH RIDGE, LLC | C/O LEVIN EPSTEIN & ASSOCIATES PC | ATTN: JOSHUA D. LEVIN-EPSTEIN, ESQ. | 60 E 42ND ST | SUITE 4700 | NEW YORK | NY | 10165 | |
| NEW SPANISH RIDGE, LLC, MRK SPANISH RIDGE, LLC AND PREH SPANISH RIDGE, LLC | C/O FISHERBROYLES, LLP | ATTN: CARL D. NEFF | CSC STATION 112 SOUTH FRENCH STREET | | WILMINGTON | DE | 19801 | |
| NEW SPANISH RIDGE, LLC, MRK SPANISH RIDGE, LLC AND PREH SPANISH RIDGE, LLC | C/O FISHERBROYLES, LLP | ATTN: THOMAS R. WALKER | 945 EAST PACES FERRY ROAD, NE SUITE 2000 | | ATLANTA | GA | 30326 | |
| NEW YORK OFFICE OF THE ATTORNEY GENERAL | | THE CAPITOL | 2ND FLOOR | | ALBANY | NY | 12224 | |
| NHAT VAN MEYER | C/O MEYER, SUOZZI, ENGLISH & KLEIN, P.C. | ATTN: EDWARD J. LOBELLO & JORDAN D. WEISS | 1350 BROADWAY, SUITE 1420 | | NEW YORK | NY | 10018 | |
| NOL MYER | C/O MEYER, SUOZZI, ENGLISH & KLEIN, P.C. | ATTN: EDWARD J. LOBELLO & JORDAN D. WEISS | 1350 BROADWAY, SUITE 1420 | | NEW YORK | NY | 10018 | |
| NORTH CAROLINA OFFICE OF THE ATTORNEY GENERAL | | 114 W EDENTON ST | | | RALEIGH | NC | 27603 | |
| NORTH DAKOTA OFFICE OF THE ATTORNEY GENERAL | STATE CAPITOL | 600 E BOULEVARD AVE | DEPT. 125 | | BISMARCK | ND | 58505 | |
| OFFICE OF THE UNITED STATES TRUSTEE FOR THE SOUTHERN DISTRICT OF NEW YORK | ATTN: SHARA CORNELL, MARK BRUH, & BRIAN S. MASUMOTO | 201 VARICK ST | ROOM 1006 | | NEW YORK | NY | 10014 | |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS | C/O WHITE & CASE LLP | ATTN: AARON E. COLODNY | 555 S FLOWER ST | SUITE 2700 | LOS ANGELES | CA | 90071 | |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS | C/O WHITE & CASE LLP | ATTN: DAVID M. TURETSKY & SAMUEL P. HERSHEY | 1221 AVENUE OF THE AMERICAS | | NEW YORK | NY | 10020 | |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS | C/O WHITE & CASE LLP | ATTN: MICHAEL C. ANDOLINA & GREGORY F. PESCE | 111 S WACKER DR | SUITE 5100 | CHICAGO | IL | 60606 | |
| OHIO OFFICE OF THE ATTORNEY GENERAL | | STATE OFFICE TOWER | 30 E BROAD ST | 14TH FLOOR | COLUMBUS | OH | 43215 | |
| OKLAHOMA OFFICE OF THE ATTORNEY GENERAL | | 313 NE 21ST ST | | | OKLAHOMA CITY | OK | 73105 | |
| ORACLE AMERICA, INC. | C/O BUCHALTER, A PROFESSIONAL CORPORATION | ATTN: SHAWN M. CHRISTIANSON, ESQ. | 425 MARKET ST | SUITE 2900 | SAN FRANCISCO | CA | 94105-3493 | |
| OREGON OFFICE OF THE ATTORNEY GENERAL | | 1162 COURT ST NE | | | SALEM | OR | 97301-4096 | |
| PAOLA LEANO PERALTA | C/O MCCARTER & ENGLISH, LLP | ATTN: DAVID J. ADLER | WORLDWIDE PLAZA | 825 EIGHTH AVE 31ST FLOOR | NEW YORK | NY | 10019 | |
| PARK, SEONG | | ON FILE | | | | | | |
| PENNSYLVANIA OFFICE OF THE ATTORNEY GENERAL | | STRAWBERRY SQUARE 16TH FL | | | HARRISBURG | PA | 17120 | |
| PERRY, BRETT ALAN | | ON FILE | | | | | | |
| PETER POLOMBO | C/O NORGAARD O'BOYLE & HANNON | ATTN: BRIAN G. HANNON, ESQ. & MARK E. NORGAARD, ESQ. | 184 GRAND AVE | | ENGLEWOOD | NJ | 07631 | |
| PHAROS USD FUND SP & PHAROS FUND SP | | LANDMARK SQUARE, 1ST FLOOR | 64 EARTH CLOSE | PO BOX 715 | GRAND CAYMAN | | KY-1107 | Cayman Islands |
| RESOURCES CONNECTION, LLC, DBA RESOURCES GLOBAL PROFESSIONALS, AKA RGP | C/O FORTIS LLP | ATTN: PAUL R. SHANKMAN | 650 TOWN CENTER DR | SUITE 1530 | COSTA MESA | CA | 92626 | |
| RH MONTGOMERY PROPERTIES, INC. | C/O WALLER LANSDEN DORTCH & DAVIS LLP | ATTN: MORRIS D. WEISS | 100 CONGRESS AVE | 18TH FLOOR | AUSTIN | TX | 78704 | |
| RH MONTGOMERY PROPERTIES, INC. | C/O WALLER LANSDEN DORTCH & DAVIS LLP | ATTN: TYLER N. LAYNE | 511 UNION ST | SUITE 2700 | NASHVILLE | TN | 37219 | |
| RHODE ISLAND OFFICE OF THE ATTORNEY GENERAL | | 150 S MAIN ST | | | PROVIDENCE | RI | 2903 | |
| RIPPLE LABS INC. | C/O DAVIS WRIGHT TREMAINE LLP | ATTN: ALEXANDRA STEINBERG BARRAGE & HUGH MCCULLOUGH | 1251 SIXTH AVE | 21ST FLOOR | NEW YORK | NY | 10020 | |
| SAENZ, JESUS ARMANDO | | ON FILE | | | | | | |
| SAP AMERICA, INC. AND SAP NATIONAL SECURITY SERVICES, INC. | C/O BROWN & CONNERY LLP | ATTN: JULIE F. MONTGOMERY, ESQ. | 6 N BROAD ST | SUITE 100 | WOODBURY | NJ | 08096 | |
| SECURITIES & EXCHANGE COMMISSION | | 100 F ST NE | | | WASHINGTON | DC | 20549 | |
| SECURITIES & EXCHANGE COMMISSION | NEW YORK REGIONAL OFFICE | 100 PEARL ST | SUITE 20-100 | | NEW YORK | NY | 10004-2616 | |
| SECURITIES AND EXCHANGE COMMISSION | ATTN: REGIONAL DIRECTOR NEW YORK REGIONAL OFFICE | 200 VESEY ST SUITE 400 | BROOKFIELD PLACE | | NEW YORK | NY | 10281-1022 | |
| SIGNATURE BANK | C/O GOETZ FITZPATRICK LLP | ATTN: SCOTT D. SIMON, ESQ. | ONE PENN PLAZA | 31ST FLOOR | NEW YORK | NY | 10119 | |
| SOUTH CAROLINA OFFICE OF THE ATTORNEY GENERAL | | REMBERT C. DENNIS BLDG | 1000 ASSEMBLY ST | ROOM 519 | COLUMBIA | SC | 29201 | |
| SOUTH DAKOTA OFFICE OF THE ATTORNEY GENERAL | | 1302 E HIGHWAY 14 | SUITE 1 | | PIERRE | SD | 57501-8501 | |
| SOUTHERN DISTRICT OF NEW YORK UNITED STATES ATTORNEYS OFFICE | | ONE ST. ANDREWS PLAZA | | | NEW YORK | NY | 10007 | |
| STEWART, RUSSELL GARTH | | ON FILE | | | | | | |
| STROBILUS LLC | | ON FILE | | | | | | |
| SYMBOLIC CAPITAL PARTNERS LTD. AND PROFLUENT TRADING UK LTD | C/O MINTZ & GOLD LLP | ATTN: ANDREW R. GOTTESMAN, ESQ. & AMIT SONDHI, ESQ. | 600 THIRD AVE | 25TH FLOOR | NEW YORK | NY | 10016 | |
| TAN, RICHARD | | ON FILE | | | | | | |
| TAN, YAN | | ON FILE | | | | | | |
| TENNESSEE DEPARTMENT OF COMMERCE AND INSURANCE | C/O TENNESSEE ATTORNEY GENERALS OFFICE, BANKRUPTCY DIVISION | ATTN: MARVIN E. CLEMENTS, JR. | PO BOX 20207 | | NASHVILLE | TN | 37202-0207 | |
| TENNESSEE OFFICE OF THE ATTORNEY GENERAL | | PO BOX 20207 | | | NASHVILLE | TN | 37202-0207 | |
| TEXAS DEPARTMENT OF BANKING | C/O OFFICE OF THE ATTORNEY GENERAL OF TEXAS BANKRUPTCY & COLLECTIONS DIVISION | ATTN: LAYLA D. MILLIGAN, ABIGAIL R. RYAN, JASON B. BINFORD, ROMA N. DESAI, ASSISTANT ATTORNEYS GENERAL | PO BOX 12548 MC008 | | AUSTIN | TX | 78711-2548 | |
| TEXAS OFFICE OF THE ATTORNEY GENERAL | | 300 W 15TH ST | BANKRUPTCY & COLLECTIONS DIVISION | OFFICE OF THE ATTORNEY GENERAL OF TEXAS | AUSTIN | TX | 78701 | |
| TEXAS STATE SECURITIES BOARD | ATTN: JASON B. BINFORD, LAYLA D. MILLIGAN, ABIGAIL R. RYAN & ROMA N. DESAI | PO BOX 12548 MC 008 | | | AUSTIN | TX | 78711-2548 | |
| THE CAEN GROUP LLC | | ON FILE | | | | | | |
| THOMAS DIFIORE | C/O PRYOR CASHMAN LLP | ATTN: SETH H. LIEBERMAN & MATTHEW W. SILVERMAN | 7 TIMES SQUARE | | NEW YORK | NY | 10036-6569 | |
| TRUSSELL, MARK | | ON FILE | | | | | | |
| TYCHALSKI, GEORGE | | ON FILE | | | | | | |
| UTAH OFFICE OF THE ATTORNEY GENERAL | ATTN: SEAN D. REYES | UTAH STATE CAPITOL COMPLEX | 350 N STATE ST | SUITE 230 | SALT LAKE CITY | UT | 84114 | |
| VAN, LOC TRUYEN | | ON FILE | | | | | | |
| VERMONT DEPARTMENT OF FINANCIAL REGULATION | ATTN: JENNIFER ROOD, ESQ. | 89 MAIN ST | 3RD FLOOR | | MONTPELIER | VT | 05620 | |
| VERMONT OFFICE OF THE ATTORNEY GENERAL | | 109 STATE ST | | | MONTPELIER | VT | 5609 | |

 STRETTO

**Exhibit C**
Served via First-Class Mail

| NAME | ATTENTION | ADDRESS 1 | ADDRESS 2 | ADDRESS 3 | CITY | STATE | ZIP | COUNTRY |
|---|---|---|---|---|---|---|---|---|
| VICKERS, LISA T. | C/O BERLINER & PILSON, ESQS | ATTN: RICHARD J. PILSON, ESQ | 40 CUTTERMILL RD | SUITE 308 | GREAT NECK | NY | 11021 | |
| VILLINGER, CHRISTOPHER | | ON FILE | | | | | | |
| VINCENT THEODORE GOETTEN | C/O FISHERBROYLES, LLP | ATTN: HOLLACE T. COHEN, ESQ. | 445 PARK AVE | 9TH FLOOR | NEW YORK | NY | 10022 | |
| VINCENT, CAROLYN MARGARET | | ON FILE | | | | | | |
| VIRGINIA OFFICE OF THE ATTORNEY GENERAL | | 202 N NINTH ST | | | RICHMOND | VA | 23219 | |
| WASHINGTON DEPARTMENTS OF REVENUE, LABOR & INDUSTRIES, AND EMPLOYMENT SECURITY | ATTN: DINA L. YUNKER, ASSISTANT ATTORNEY GENERAL | BANKRUPTCY & COLLECTIONS UNIT | 800 FIFTH AVE | SUITE 2000 | SEATTLE | WA | 98104-3188 | |
| WASHINGTON OFFICE OF THE ATTORNEY GENERAL | | 1125 WASHINGTON ST SE | | | OLYMPIA | WA | 98501 | |
| WASHINGTON OFFICE OF THE ATTORNEY GENERAL | | PO BOX 40100 | | | OLYMPIA | WA | 98504-00 | |
| WASHINGTON STATE DEPARTMENT OF FINANCIAL INSTITUTIONS | ATTN: STEPHEN MANNING | OFFICE OF THE ATTORNEY GENERAL OF WASHINGTON GOVERNMENT COMPLIANCE AND ENFORCEMENT DIVISION | GOVERNMENT COMPLIANCE AND ENFORCEMENT DIVISION | PO BOX 40100 | OLYMPIA | WA | 98504-4010 | |
| WEST VIRGINIA OFFICE OF THE ATTORNEY GENERAL | STATE CAPITOL | 1900 KANAWHA BLVD E | BUILDING 1 | ROOM E-26 | CHARLESTON | WV | 25305 | |
| WILCOX, WAYLON J | | ON FILE | | | | | | |
| WISCONSIN OFFICE OF THE ATTORNEY GENERAL | | 17 W MAIN ST | ROOM 114 EAST P | | MADISON | WI | 53702 | |
| WYOMING OFFICE OF THE ATTORNEY GENERAL | | 109 STATE CAPITOL | | | CHEYENNE | WY | 82002 | |
| YASMINE PETTY | ATTN: STUART P. GELBERG, ESQ. | 600 OLD COUNTRY RD | SUITE 410 | | GARDEN CITY | NY | 11530 | |
| YATES-WALKER, JOSH OISIN | | ON FILE | | | | | | |
| YOON, ANDREW | | ON FILE | | | | | | |
| ZIGLU LIMITED | | 1 POULTRY | | | LONDON | | EC2R8EJ | UNITED KINGDOM |

# **Exhibit D**



**Exhibit D**
Served via Electronic Mail

| NAME | ATTENTION 1 | ATTENTION 2 | EMAIL |
|---|---|---|---|
| | | | KORTIZ@TEAMTOGUT.COM |
| | | | BKOTLIAR@TEAMTOGUT.COM |
| | | | DPERSON@TEAMTOGUT.COM |
| | | | AODEN@TEAMTOGUT.COM |
| | | | AGLAUBACH@TEAMTOGUT.COM |
| | | | EBLANDER@TEAMTOGUT.COM |
| | | | ARODRIGUEZ@TEAMTOGUT.COM |
| | | | BKOTLIAR@TEAMTOGUT.COM |
| | | | GQUIST@TEAMTOGUT.COM |
| AD HOC GROUP OF CUSTODIAL ACCOUNT HOLDERS | C/O TOGUT SEGAL & SEGAL LLP | ATTN: KYLE J. ORTIZ & BRYAN M. KOTLIAR | ASTOLP@TEAMTOGUT.COM |
| AD HOC GROUP OF WITHHOLD ACCOUNT HOLDER | C/O TROUTMAN PEPPER HAMILTON SANDERS LLP | ATTN: DEBORAH KOVSKY-APAP | DEBORAH.KOVSKY@TROUTMAN.COM |
| | | | KAY.KRESS@TROUTMAN.COM |
| ADRIAN PEREZ-SIAM | C/O DUANE MORRIS LLP | ATTN: LAWRENCE J. KOTLER & MALCOLM M. BATES | LJKOTLER@DUANEMORRIS.COM |
| | | | MBATES@DUANEMORRIS.COM |
| ALABAMA OFFICE OF THE ATTORNEY GENERAL | | | CONSUMERINTEREST@ALABAMAAG.GOV |
| | | | DIETDERICHA@SULLCROM.COM |
| ALAMEDA RESEARCH LLC AND AFFILIATES | C/O SULLIVAN & CROMWELL LLP | ATTN: ANDREW G. DIETDERICH, BRIAN D. GLUECKSTEIN, & BENJAMIN S. BELLER | GLUECKSTEINB@SULLCROM.COM |
| | | | BELLERB@SULLCROM.COM |
| ALASKA OFFICE OF THE ATTORNEY GENERAL | | | ATTORNEY.GENERAL@ALASKA.GOV |
| ALTCOINTRADER (PTY) LTD | | | RICHARD@ALTCOINTRADER.CO.ZA |
| AMTRUST NORTH AMERICA, INC. ON BEHALF OF ASSOCIATED INDUSTRIES INSURANCE COMPANY INC. | C/O MAURICE WUTSCHER LLP | ATTN: THOMAS R. DOMINCZYK | TDOMINCZYK@MAURICEWUTSCHER.COM |
| | | | THOMAS-DOMINCZYK-5025@ECF.PACERPRO.COM |
| ANABELLE DIAS | C/O MCCARTER & ENGLISH, LLP | ATTN: DAVID J. ADLER | DADLER@MCCARTER.COM |
| ARIZONA OFFICE OF THE ATTORNEY GENERAL | | | AGINFO@AZAG.GOV |
| ARKANSAS OFFICE OF THE ATTORNEY GENERAL | | | OAG@ARKANSASAG.GOV |
| B2C2 LTD | | | MIDDLEOFFICE@B2C2.COM |
| BAKER, DOMINIC JOHN | | | |
| BRANDON VOSS | ATTN: STUART P. GELBERG, ESQ. | | SPG@13TRUSTEE.NET |
| CALIFORNIA OFFICE OF THE ATTORNEY GENERAL | | | XAVIER.BECERRA@DOJ.CA.GOV |
| CELSIUS NETWORK LLC, ET AL. | C/O KIRKLAND & ELLIS LLP | ATTN: JOSHUA A. SUSSBERG | JSUSSBERG@KIRKLAND.COM |
| | | | PATRICK.NASH@KIRKLAND.COM |
| CELSIUS NETWORK LLC, ET AL. | C/O KIRKLAND & ELLIS LLP | ATTN: PATRICK J. NASH, JR. & ROSS M. KWASTENIET | ROSS.KWASTENIET@KIRKLAND.COM |
| CHANG, RICKIE | | | |
| CHRISTOPHER J. LITTLE | C/O MCCARTER & ENGLISH, LLP | ATTN: DAVID J. ADLER | DADLER@MCCARTER.COM |
| CLINT PETTY | ATTN: STUART P. GELBERG, ESQ. | | SPG@13TRUSTEE.NET |
| COLORADO OFFICE OF THE ATTORNEY GENERAL | | | CORA.REQUEST@COAG.GOV |
| CONNECTICUT OFFICE OF THE ATTORNEY GENERAL | | | ATTORNEY.GENERAL@CT.GOV |
| | | | RAY.SCHROCK@WEIL.COM |
| CORE SCIENTIFIC, INC. | C/O WEIL GOTSHAL & MANGES LLP | ATTN: RAY C. SCHROCK, P.C., DAVID J. LENDER, & RONIT J. BERKOVICH | DAVID.LENDER@WEIL.COM |
| | | | RONIT.BERKOVICH@WEIL.COM |
| COVARIO AG | | | CELSIUSBANKRUPTCY@COVAR.IO |
| | | | MARK.BANNER@COVAR.IO |
| | | | DAZMAN@MWE.COM |
| | | | MCO@MWE.COM |
| CRED INC. LIQUIDATION TRUST | C/O MCDERMOTT WILL & EMERY LLP | ATTN: DARREN AZMAN | CGREER@MWE.COM |
| CRED INC. LIQUIDATION TRUST | C/O MCDERMOTT WILL & EMERY LLP | ATTN: GREGG STEINMAN | GSTEINMAN@MWE.COM |
| CRYPTO10 SP -SEGREGATED PORTFOLIO OF INVICTUS CAPITAL FINANCIAL TECHNOLOGIES SPC | | | C10_SPC@INVICTUSCAPITAL.COM |
| DEFERRED 1031 EXCHANGE,  LLC | | | DANIEL@INVICTUSCAPITAL.COM |
| | | | CIADONISI@DEFERRED1031.COM |
| DEKKER, CARLOS C | | | |
| | | | ATTORNEY.GENERAL@STATE.DE.US |
| DELAWARE DEPARTMENT OF JUSTICE | | | ATTORNEY.GENERAL@DELAWARE.GOV |
| DENTZEL, ZARYN | | | |
| | | | ELOBELLO@MSEK.COM |
| DIANA THANT AND NATAKOM CHULAMORKODT | C/O MEYER, SUOZZI, ENGLISH & KLEIN, PC | ATTN: EDWARD J. LOBELLO & JORDAN D. WEISS | JWEISS@MSEK.COM |
| DIFIORE, THOMAS ALBERT | | | |
| DISTRICT OF COLUMBIA OFFICE OF THE ATTORNEY GENERAL | | | OAG@DC.GOV |
| DIXON, SIMON | | | |
| DOWNS, BRADLEY JAMES | | | |
| | | | JEFFREY.GLEIT@AFSLAW.COM |
| | | | ALLISON.WEISS@AFSLAW.COM |
| | | | LISA.INDELICATO@AFSLAW.COM |
| DR. ASHRAF ELSHAFEI | C/O ARENTFOX SCHIFF LLP | ATTN: JEFFREY R. GLEIT & ALLISON H. WEISS | ALYSSA.FIORENTINO@AFSLAW.COM |
| | | | SCHROEDER@JRLAW.ORG |
| EMIL PILACIK, JR. AND EMCO TECHNOLOGY, INC. | ATTN: WILLIAM D. SCHROEDER, JR. | | HEALEY@JRLAW.ORG |



**Exhibit D**
Served via Electronic Mail

| NAME | ATTENTION 1 | ATTENTION 2 | EMAIL |
|------|-------------|-------------|-------|
| FARR, NICHOLAS | | | |
| FEDERAL TRADE COMMISSION | ATTN: KATHERINE JOHNSON & KATHERINE AIZPURU | | KJOHNSON3@FTC.GOV<br>KAIZPURU@FTC.GOV |
| FEE EXAMINER, CHRISTOPHER S. SONTCHI | C/O GODFREY & KAHN, S.C. | ATTN: KATHERINE STADLER | KSTADLER@GKLAW.COM |
| FEINTISCH, ADAM MICHAEL | | | |
| FITE, JACOB BENJAMIN | | | |
| FLORIDA OFFICE OF THE ATTORNEY GENERAL | | | ASHLEY.MOODY@MYFLORIDALEGAL.COM |
| GEORGIA OFFICE OF THE ATTORNEY GENERAL | BERNADETT ROSSZER FIGUEROA | | brosszer@law.ga.gov |
| HAWAII OFFICE OF THE ATTORNEY GENERAL | | | HAWAIIAG@HAWAII.GOV |
| ICB SOLUTIONS | | | DUFFYS2@GMAIL.COM |
| IDAHO OFFICE OF THE ATTORNEY GENERAL | | | STEPHANIE.GUYON@AG.IDAHO.GOV |
| IGNAT TUGANOV | C/O VENABLE LLP | ATTN: ANDREW J. CURRIE | AJCURRIE@VENABLE.COM |
| IGNAT TUGANOV | C/O VENABLE LLP | ATTN: JEFFREY S. SABIN, CAROL WEINER LEVY, & ARIE PELED | JSSABIN@VENABLE.COM<br>CWEINERLEVY@VENABLE.COM<br>APELED@VENABLE.COM |
| ILLINOIS OFFICE OF THE ATTORNEY GENERAL | | | INFO@LISAMADIGAN.ORG |
| ILLUMITI CORP A/K/A SYNTAX SYSTEMS USA LP | C/O SILLS CUMMIS & GROSS PC | ATTN: GREGORY A. KOPACZ | GKOPACZ@SILLSCUMMIS.COM |
| INVICTUS CAPITAL FINANCIAL TECHNOLOGIES SPC | | | C20_SPC@INVICTUSCAPITAL.COM<br>DANIEL@INVICTUSCAPITAL.COM |
| IOWA OFFICE OF THE ATTORNEY GENERAL | | | CONSUMER@AG.IOWA.GOV |
| JASON STONE AND KEYFI INC. | C/O KYLE ROCHE P.A. | ATTN: KYLE W. ROCHE, ESQ. | KYLE@KYLEROCHE.LAW |
| JEFFRIES, DAVID | | | |
| JOHN DZARAN | C/O MCCARTER & ENGLISH, LLP | ATTN: DAVID J. ADLER | DADLER@MCCARTER.COM |
| JOHN MARCHIONI | C/O BLANK ROME LLP | ATTN: EVAN J. ZUCKER | EVAN.ZUCKER@BLANKROME.COM<br>EDOCKETING@BLANKROME.COM |
| JONATHAN JERRY SHROYER | C/O HOPKINS & CARLEY, ALC | ATTN: MONIQUE D. JEWETT-BREWSTER | MJB@HOPKINSCARLEY.COM<br>EAMARO@HOPKINSCARLEY.COM |
| JYOTI SUKHNANI | ATTN: STUART P. GELBERG, ESQ. | | SPG@13TRUSTEE.NET |
| KANSAS OFFICE OF THE ATTORNEY GENERAL | ATTN: ATTORNEY GENERAL DEREK SCHMIDT | | DEREK.SCHMIDT@AG.KS.GOV |
| KEITH SUCKNO | C/O MCCARTER & ENGLISH, LLP | ATTN: DAVID J. ADLER | DADLER@MCCARTER.COM |
| KIBLER-MELBY, CORT | | | |
| KIESER, GREGORY ALLEN | | | |
| KOHJI, HIROKADO | | | |
| KYLE FARMERY | ATTN: STUART P. GELBERG, ESQ. | | SPG@13TRUSTEE.NET |
| LOUISIANA OFFICE OF THE ATTORNEY GENERAL | DEPARTMENT OF JUSTICE | | ADMININFO@AG.STATE.LA.US |
| LYLLOFF, SANDER | | | |
| MAINE OFFICE OF THE ATTORNEY GENERAL | | | ATTORNEY.GENERAL@MAINE.GOV |
| MARTIN LANGLOIS | C/O MCCARTER & ENGLISH, LLP | ATTN: DAVID J. ADLER | DADLER@MCCARTER.COM |
| MARYLAND OFFICE OF THE ATTORNEY GENERAL | | | OAG@OAG.STATE.MD.US |
| MATTHEW PINTO | C/O WEIR GREENBLATT PIERCE LLP | ATTN: BONNIE R. GOLUB | BGOLUB@WGPLLP.COM |
| MATTHEW PINTO | C/O WEIR GREENBLATT PIERCE LLP | ATTN: JEFFREY S. CIANCIULLI & MICHAEL P. BROADHURST | JCIANCIULLI@WGPLLP.COM<br>MBROADHURST@WGPLLP.COM |
| MCCLINTOCK, MICHAEL | | | |
| MCMULLEN, BRIAN | | | |
| MICHIGAN DEPARTMENT OF TREASURY | ATTN: JUANDISHA HARRIS | | HARRISJ12@MICHIGAN.GOV |
| MINNESOTA OFFICE OF THE ATTORNEY GENERAL | | | ATTORNEY.GENERAL@AG.STATE.MN.US |
| MISSOURI OFFICE OF THE ATTORNEY GENERAL | | | CONSUMER.HELP@AGO.MO.GOV |
| MONIKA KOSA | C/O MCCARTER & ENGLISH, LLP | ATTN: DAVID J. ADLER | DADLER@MCCARTER.COM |
| MONTANA OFFICE OF THE ATTORNEY GENERAL | | | CONTACTDOJ@MT.GOV |
| MURPHY, JR, THOMAS PATRICK | | | |
| NEW HAMPSHIRE OFFICE OF THE ATTORNEY GENERAL | NH DEPARTMENT OF JUSTICE | | ATTORNEYGENERAL@DOJ.NH.GOV |
| NEW JERSEY BUREAU OF SECURITIES | C/O MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP | ATTN: JEFFREY BERNSTEIN, ESQ. | JBERNSTEIN@MDMC-LAW.COM |
| NEW JERSEY BUREAU OF SECURITIES | C/O MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP | ATTN: VIRGINIA T. SHEA | VSHEA@MDMC-LAW.COM |
| NEW MEXICO OFFICE OF THE ATTORNEY GENERAL | | | HBALDERAS@NMAG.GOV |
| NEW SPANISH RIDGE, LLC, MRK SPANISH RIDGE, LLC & PREH SPANISH RIDGE, LLC | C/O LEVIN EPSTEIN & ASSOCIATES PC | ATTN: JOSHUA D. LEVIN-EPSTEIN, ESQ. | JOSHUA@LEVINEPSTEIN.COM |
| NEW SPANISH RIDGE, LLC, MRK SPANISH RIDGE, LLC AND PREH SPANISH RIDGE, LLC | C/O FISHERBROYLES, LLP | ATTN: CARL D. NEFF | CARL.NEFF@FISHERBROYLES.COM |
| NEW SPANISH RIDGE, LLC, MRK SPANISH RIDGE, LLC AND PREH SPANISH RIDGE, LLC | C/O FISHERBROYLES, LLP | ATTN: THOMAS R. WALKER | THOMAS.WALKER@FISHERBROYLES.COM |
| NHAT VAN MEYER | C/O MEYER, SUOZZI, ENGLISH & KLEIN, P.C. | ATTN: EDWARD J. LOBELLO & JORDAN D. WEISS | ELOBELLO@MSEK.COM<br>JWEISS@MSEK.COM |



**Exhibit D**
Served via Electronic Mail

| NAME | ATTENTION 1 | ATTENTION 2 | EMAIL |
|------|-------------|-------------|-------|
| NOL MYER | C/O MEYER, SUOZZI, ENGLISH & KLEIN, P.C. | ATTN: EDWARD J. LOBELLO & JORDAN D. WEISS | ELOBELLO@MSEK.COM<br>JWEISS@MSEK.COM |
| NORTH DAKOTA OFFICE OF THE ATTORNEY GENERAL | STATE CAPITOL | | NDAG@ND.GOV |
| OFFICE OF THE UNITED STATES TRUSTEE FOR THE SOUTHERN DISTRICT OF NEW YORK | ATTN: SHARA CORNELL, MARK BRUH, & BRIAN S. MASUMOTO | | USTPREGION02.NYECF@USDOJ.GOV<br>SHARA.CORNELL@USDOJ.GOV |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS | ATTN: CAROLINE G. WARREN, THOMAS DIFIORE, SCOTT DUFFY FOR ICB SOLUTIONS, CHRISTOPHER COCO, ANDREW YOON, MARK ROBINSON, & KEITH NOYES FOR COVARIO AG | | CAROLINEGWARREN@GMAIL.COM<br>TOMDIF@GMAIL.COM<br>ICBSOLUTIONS@PROTON.ME<br>CHRISTOPHER.J.COCO@GMAIL.COM<br>CELSIUSBANKRUPTCYCASE@GMAIL.COM<br>MARKROBINSON55@GMAIL.COM<br>CELSIUSBANKRUPTCY@COVAR.IO |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS | C/O WHITE & CASE LLP | ATTN: AARON E. COLODNY | AARON.COLODNY@WHITECASE.COM |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS | C/O WHITE & CASE LLP | ATTN: DAVID M. TURETSKY & SAMUEL P. HERSHEY | DAVID.TURETSKY@WHITECASE.COM<br>SAM.HERSHEY@WHITECASE.COM<br>MCOSBNY@WHITECASE.COM<br>JDISANTI@WHITECASE.COM |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS | C/O WHITE & CASE LLP | ATTN: MICHAEL C. ANDOLINA & GREGORY F. PESCE | MANDOLINA@WHITECASE.COM<br>GREGORY.PESCE@WHITECASE.COM<br>JDISANTI@WHITECASE.COM<br>MCO@WHITECASE.COM |
| OKLAHOMA OFFICE OF THE ATTORNEY GENERAL | | | QUESTIONS@OAG.OK.GOV |
| ORACLE AMERICA, INC. | C/O BUCHALTER, A PROFESSIONAL CORPORATION | ATTN: SHAWN M. CHRISTIANSON, ESQ. | SCHRISTIANSON@BUCHALTER.COM |
| OREGON OFFICE OF THE ATTORNEY GENERAL | | | ELLEN.ROSENBLUM@DOG.STATE.OR.US<br>ATTORNEYGENERAL@DOJ.STATE.OR.US |
| PAOLA LEANO PERALTA | C/O MCCARTER & ENGLISH, LLP | ATTN: DAVID J. ADLER | DADLER@MCCARTER..COM |
| PARK, SEONG | | | |
| PERRY, BRETT ALAN | | | |
| PETER POLOMBO | C/O NORGAARD O'BOYLE & HANNON | ATTN: BRIAN G. HANNON, ESQ. & MARK E. NORGAARD, ESQ. | BHANNON@NORGAARDFIRM.COM<br>MNORGAARD@NORGAARDFIRM.COM<br>CROSE@NORGAARDFIRM.COM<br>KCIMMINO@NORGAARDFIRM.COM<br>CROSE@NORGAARDFIRM.COM |
| PETERSON, STEPHEN PAUL | | | |
| PHAROS USD FUND SP & PHAROS FUND SP | | | ADMIN@LANTERNVENTURES.COM |
| RAJ, RAFAEL | | | |
| RESOURCES CONNECTION, LLC, DBA RESOURCES GLOBAL PROFESSIONALS, AKA RGP | C/O FORTIS LLP | ATTN: PAUL R. SHANKMAN | PSHANKMAN@FORTISLAW.COM |
| RH MONTGOMERY PROPERTIES, INC. | C/O WALLER LANSDEN DORTCH & DAVIS LLP | ATTN: MORRIS D. WEISS | MORRIS.WEISS@WALLERLAW.COM<br>SHERRI.SAVALA@WALLERLAW.COM<br>ANNMARIE.JEZISEK@WALLERLAW.COM |
| RH MONTGOMERY PROPERTIES, INC. | C/O WALLER LANSDEN DORTCH & DAVIS LLP | ATTN: TYLER N. LAYNE | TYLER.LAYNE@WALLERLAW.COM<br>CHRIS.CRONK@WALLERLAW.COM |
| RHODE ISLAND OFFICE OF THE ATTORNEY GENERAL | | | AG@RIAG.RI.GOV |
| RIPPLE LABS INC. | C/O DAVIS WRIGHT TREMAINE LLP | ATTN: ALEXANDRA STEINBERG BARRAGE & HUGH MCCULLOUGH | ABARRAGE@DWT.COM<br>HUGHMCCULLOUGH@DWT.COM<br>ELAINEHUCKABEE@DWT.COM<br>SEADOCKET@DWT.COM |
| SAENZ, JESUS ARMANDO | | | |
| SAP AMERICA, INC. & SAP NATIONAL SECURITY SERVICES, INC. | C/O BROWN & CONNERY LLP | ATTN: JULIE F. MONTGOMERY, ESQ. | JMONTGOMERY@BROWNCONNERY.COM |
| SECURITIES & EXCHANGE COMMISSION | | | SECBANKRUPTCY-OGC-ADO@SEC.GOV |
| SECURITIES & EXCHANGE COMMISSION | NEW YORK REGIONAL OFFICE | | NYROBANKRUPTCY@SEC.GOV |
| SECURITIES AND EXCHANGE COMMISSION | ATTN: REGIONAL DIRECTOR NEW YORK REGIONAL OFFICE | | BANKRUPTCYNOTICESCHR@SEC.GOV<br>NYROBANKRUPTCY@SEC.GOV |
| SIGNATURE BANK | C/O GOETZ FITZPATRICK LLP | ATTN: SCOTT D. SIMON, ESQ. | SSIMON@GOETZFITZ.COM |
| STATES OF ALABAMA, ARKANSAS, CALIFORNIA, DISTRICT OF COLUMBIA, HAWAII, MAINE, MISSOURI, NEW YORK, NORTH DAKOTA AND OKLAHOMA | C/O NATIONAL ASSOCIATION OF ATTORNEYS GENERAL | ATTN: KAREN CORDRY, BANKRUPTCY COUNSEL | KCORDRY@NAAG.ORG |
| STEWART, RUSSELL GARTH | | | |
| STROBILUS LLC | | | |
| SYMBOLIC CAPITAL PARTNERS LTD. AND PROFLUENT TRADING UK LTD | C/O MINTZ & GOLD LLP | ATTN: ANDREW R. GOTTESMAN, ESQ. & AMIT SONDHI, ESQ. | GOTTESMAN@MINTZANDGOLD.COM<br>SONDHI@MINTZANDGOLD.COM |
| TAIAROA, KERI DAVID | | | |
| TAN, RICHARD | | | |
| TAN, YAN | | | |



**Exhibit D**
Served via Electronic Mail

| NAME | ATTENTION 1 | ATTENTION 2 | EMAIL |
|---|---|---|---|
| TENNESSEE DEPARTMENT OF COMMERCE AND INSURANCE | C/O TENNESSEE ATTORNEY GENERALS OFFICE, BANKRUPTCY DIVISION | ATTN: MARVIN E. CLEMENTS, JR. | AGBANKNEWYORK@AG.TN.GOV |
| TEXAS DEPARTMENT OF BANKING | C/O OFFICE OF THE ATTORNEY GENERAL OF TEXAS BANKRUPTCY & COLLECTIONS DIVISION | ATTN: LAYLA D. MILLIGAN, ABIGAIL R. RYAN, JASON B. BINFORD, ROMA N. DESAI, ASSISTANT ATTORNEYS GENERAL | LAYLA.MILLIGAN@OAG.TEXAS.GOV<br>ABIGAIL.RYAN@OAG.TEXAS.GOV<br>JASON.BINFORD@OAG.TEXAS.GOV<br>ROMA.DESAI@OAG.TEXAS.GOV |
| TEXAS STATE SECURITIES BOARD | ATTN: JASON B. BINFORD, LAYLA D. MILLIGAN, ABIGAIL R. RYAN & ROMA N. DESAI | | JASON.BINFORD@OAG.TEXAS.GOV<br>LAYLA.MILLIGAN@OAG.TEXAS.GOV<br>ABIGAIL.RYAN@OAG.TEXAS.GOV<br>ROMA.DESAI@OAG.TEXAS.GOV |
| THE CAEN GROUP LLC | | | |
| THOMAS DIFIORE | C/O PRYOR CASHMAN LLP | ATTN: SETH H. LIEBERMAN & MATTHEW W. SILVERMAN | SLIEBERMAN@PRYORCASHMAN.COM<br>MSILVERMAN@PRYORCASHMAN.COM |
| TRUSSELL, MARK | | | |
| TYCHALSKI, GEORGE | | | |
| UTAH OFFICE OF THE ATTORNEY GENERAL | ATTN: SEAN D. REYES | | UAG@UTAH.GOV |
| VAN, LOC TRUYEN | | | |
| VERMONT DEPARTMENT OF FINANCIAL REGULATION | ATTN: JENNIFER ROOD, ESQ. | | JENNIFER.ROOD@VERMONT.GOV |
| VERMONT OFFICE OF THE ATTORNEY GENERAL | | | AGO.INFO@VERMONT.GOV |
| VICKERS, LISA T. | C/O BERLINER & PILSON, ESQS | ATTN: RICHARD J. PILSON, ESQ | RPILSON@BERLINERPILSON.COM |
| VILLINGER, CHRISTOPHER | | | |
| VINCENT THEODORE GOETTEN | C/O FISHERBROYLES, LLP | ATTN: HOLLACE T. COHEN, ESQ. | HOLLACE.COHEN@FISHERBROYLES.COM |
| VINCENT, CAROLYN MARGARET | | | |
| VIRGINIA OFFICE OF THE ATTORNEY GENERAL | | | MAIL@OAG.STATE.VA.US |
| WASHINGTON DEPARTMENTS OF REVENUE, LABOR & INDUSTRIES, AND EMPLOYMENT SECURITY | ATTN: DINA L. YUNKER, ASSISTANT ATTORNEY GENERAL | BANKRUPTCY & COLLECTIONS UNIT | DINA.YUNKER@ATG.WA.GOV<br>BCUYUNKER@ATG.WA.GOV |
| WASHINGTON STATE DEPARTMENT OF FINANCIAL INSTITUTIONS | ATTN: STEPHEN MANNING | OFFICE OF THE ATTORNEY GENERAL OF WASHINGTON GOVERNMENT COMPLIANCE AND ENFORCEMENT DIVISION | STEPHEN.MANNING@ATG.WA.GOV<br>BCUYUNKER@ATG.WA.GOV |
| WEST VIRGINIA OFFICE OF THE ATTORNEY GENERAL | STATE CAPITOL | | CONSUMER@WVAGO.GOV |
| WEXLER, KEVIN JAY | | | |
| WILCOX, WAYLON J | | | |
| WOLSTENHOLME, MACGREGOR | | | |
| WRIGHT, CHRISTOPHER | | | |
| YASMINE PETTY | ATTN: STUART P. GELBERG, ESQ. | | SPG@13TRUSTEE.NET |
| YATES-WALKER, JOSH OISIN | | | |
| YOON, ANDREW | | | |
| ZIGLU LIMITED | | | CFO@ZIGLU.IO |

# **<u>Exhibit E</u>**

**STRETTO**

**Exhibit E**

Served via First-Class Mail

| NAME | ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|---|
| MIXPANEL INC. | ONE FRONT STREET, 28TH FLOOR | SAN FRANCISCO | CA | 94111 |
| TRUSTPILOT INC. | 245 FIFTH AVENUE 5TH FLOOR | NEW YORK | NY | 10016 |
| TRUSTPILOT INC. | 5 PENN PLAZA, 6TH FLOOR | NEW YORK | NY | 10001 |
| TRUSTPILOT INC. | PO BOX 392680 | PITTSBURGH | PA | 15251-9680 |

# **Exhibit F**

**Exhibit F**

Served via Electronic Mail

| NAME | EMAIL |
|---|---|
| MIXPANEL INC. | AR@MIXPANEL.COM |
| TRUSTPILOT INC. | ACCOUNTSRECEIVABLEUS@TRUSTPILOT.COM |