<u>**Presentment Date:**</u> December 5, 2022 at 2:00 p.m. prevailing Eastern Time
<u>**Objection Deadline:**</u> December 4, 2022 at 2:00 p.m. prevailing Eastern Time

GODFREY & KAHN, S.C.
1 East Main Street
Madison, Wisconsin 53701
Telephone: (608) 257-3911
Facsimile: (608) 257-0609

Katherine Stadler

*Proposed Attorneys for the Fee Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | x | |
| In re | : | **Chapter 11** |
| | : | |
| **CELSIUS NETWORK, LLC,** *et al.,*[1] | : | **Case No. 22-10964 (MG)** |
| | : | |
| Debtors. | : | **(Jointly Administered)** |
| | x | Re: Docket Nos. 521, 1151 |

**NOTICE OF PRESENTMENT OF PROPOSED AMENDED INTERIM**
<u>**COMPENSATION AND FEE EXAMINER ORDERS**</u>

     **PLEASE TAKE NOTICE** that the Fee Examiner appointed in these cases pursuant

to the *Order Appointing Independent Fee Examiner and Establishing Related Procedures*

*for the Review of Fee Applications of Retained Professionals* [Dkt. No. 1151] (the "<u>Fee</u>

<u>Examiner Order</u>") will present the annexed *First Amended Order (I) Establishing*

*Procedures for Interim Compensation and Reimbursement of Expenses for Retained*

*Professionals and (II) Granting Related Relief* (the "<u>Proposed First Amended Interim</u>

<u>Compensation Order</u>"), attached as **Exhibit A**, and the *Amended Order Appointing*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Independent Fee Examiner and Establishing Related Procedures for the Review of Fee Applications of Retained Professionals* (the "<u>Proposed Amended Fee Examiner Order</u>"), attached as **Exhibit C**, to the Honorable Martin Glenn, Chief Judge, United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>")  for approval and signature on **December 5, 2022 at 2:00 p.m., prevailing Eastern Time** (the "<u>Presentment Date</u>").

**PLEASE TAKE FURTHER NOTICE** that a redline comparing the Proposed First Amended Compensation Order to the existing *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief* [Dkt. No. 521], is attached as **Exhibit B** and a redline comparing the Proposed Amended Fee Examiner Order to the Fee Examiner Order is attached as **Exhibit D**.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the entry of these proposed orders shall: (a) be in writing; (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York; (c) be filed electronically with the Court on the docket of *In re Celsius Network LLC*, No. 22-10964 (MG) by registered users of the Court's electronic filing system and in accordance with all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York (which are available on the Court's website at http://www.nysb.uscourts.gov); (d) be served in accordance with the *Amended Final Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief* [Docket No.

1181] (the "Case Management Order"); and (e) be served so as to be actually received by

**December 4, 2022, at 2:00 p.m., prevailing Eastern Time** (the "Objection Deadline") by

(i) the entities on the Master Service List available on the case website of the above-

captioned debtors and debtors in possession (the "Debtors") at

https://cases.stretto.com/celsius, and (ii) any person or entity with a particularized interest in

the subject matter of the proposed orders.

      **PLEASE TAKE FURTHER NOTICE** that, if no objections or other responses are

timely filed and served by the Objection Deadline with respect to the Proposed First Amended

Interim Compensation Order or Proposed Amended Fee Examiner Order, the Fee Examiner

shall, on the Presentment Date, submit the Stipulation and Order to the Court, which order the

Court may enter without further notice or opportunity to be heard.

      **PLEASE TAKE FURTHER NOTICE** that if a written objection is timely filed, the

Court will notify the moving and objecting parties of the date and time of the hearing and of the

moving party's obligation to notify all other parties entitled to receive notice. The moving and

objecting parties are required to attend the hearing, and failure to attend in person or by counsel

may result in relief being granted or denied upon default.

      **PLEASE TAKE FURTHER NOTICE** that copies of the Proposed First Amended

Interim Compensation Order and Proposed Amended Fee Examiner Order and other pleadings

filed in these Chapter 11 cases may be obtained free of charge by visiting the website of Stretto

at https://cases.streeto.com/celsius. You may also obtain copies of the proposed orders and other

pleadings filed in these Chapter 11 cases by visiting the Court's website at

https://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

Dated:  November 23, 2022.

Respectfully submitted,

**GODFREY & KAHN, S.C.**


By:/s/  *Katherine Stadler*
    Katherine Stadler NYSB 4938064
    1 East Main Street
    Madison, WI 53701
    608-257-3911
    kstadler@gklaw.com

*Proposed Attorneys for the Fee Examiner*

28319259.1

# EXHIBIT A

**PROPOSED FIRST AMENDED INTERIM COMPENSATION ORDER**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | Re: Docket No. 186, 521 |

### FIRST AMENDED ORDER (I) ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR RETAINED PROFESSIONALS AND (II) GRANTING RELATED RELIEF

Upon the *Debtors' Motion for Entry of an Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief* [Docket No. 186], the *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief* [Docket No. 521] (the "Initial Order") and the stipulation (the "Stipulation") of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), the Official Committee of Unsecured Creditors (the "UCC"), the United States Trustee for Region 2 (the "U.S. Trustee"), and the fee examiner ("Fee Examiner") appointed pursuant to the *Order Appointing Independent Fee Examiner and Establishing Related Procedures for the Review of Fee Applications of Retained Professionals* [Docket No. 1151] (the "Fee Examiner Order") for entry of an amended order (this "Amended Order") authorizing the Debtors (a) to establish procedures for interim compensation and reimbursement of expenses for professionals retained

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

or appointed pursuant to Bankruptcy Code sections 105, 327, 1103, 1104 or similar authority

(the "Retained Professionals") and (b) granting related relief, all as more fully set forth in the

Stipulation; and upon the First Day Declarations; and this Court having jurisdiction over this

matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order* of Reference

from the United States District Court for the Southern District of New York, entered February 1,

2012; and this Court having the power to enter a final order consistent with Article III of the

United States Constitution; and this Court having found that venue of these cases in this district

is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief

requested in the Stipulation is in the best interests of the Debtors' estates, their creditors, and

other parties in interest; and this Court having found that the Debtors' notice of the Stipulation

and opportunity for a hearing thereon were appropriate under the circumstances and no other

notice need be provided; and this Court having reviewed the Stipulation and having heard the

statements in support of the relief requested therein at a hearing before this Court

(the "Hearing"); and this Court having determined that the legal and factual bases set forth in the

Stipulation and at the Hearing establish just cause for the relief granted herein; and after due

deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Stipulation is granted, and the Initial Order amended as set forth herein.

2.      Except as may otherwise be provided by orders of the Court authorizing the

retention of specific professionals, all Retained Professionals, and members of the UCC and any

other statutory committee appointed in these chapter 11 cases, may seek interim compensation

and/or reimbursement of expenses in accordance with the following procedures (collectively, the

"Compensation Procedures"):

3.      Monthly Fee Statement Procedures

a.    On or after the 20th day of each month following the month for which
compensation is sought, each Retained Professional seeking compensation may
serve a monthly statement (the "Monthly Fee Statement"), on: (i) Celsius
Network LLC, 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030, Attn:
Ron Deutsch; (ii) counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington
Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C., and
Simon Briefel, and 300 North LaSalle, Chicago, Illinois 60654; Attn: Patrick J.
Nash, Jr., P.C., Ross M. Kwasteniet, P.C., Christopher S. Koenig, and Alison J.
Wirtz; (iii) the U.S. Trustee, U.S. Federal Office Building, 201 Varick Street,
Suite 1006, New York, New York 10014, Attn: Shara Cornell, Mark Bruh, and
Brian S. Masumoto; (iv) counsel to the UCC, White & Case LLP, 111 South
Wacker Drive, Suite 5100, Chicago, Illinois 60606, Attn: Gregory F. Pesce, 1221
6th Ave, New York, New York 10020, Attn: David Turetsky, and 555 South
Flower Street, Suite 2700, Los Angeles, California 90071, Attn: Aaron E.
Colodny; (v) counsel to the Chapter 11 Examiner, Jenner & Block, LLP, 353 N.
Clark Street, Chicago, Illinois 60654, Attn.: Catherine L. Steege, and Vincent E.
Lazar, (vi) counsel to the *Ad Hoc* Group of Custodial Account Holders, Togut,
Segal & Segal LLP, One Penn Plaza, Suite 3335, New York, NY 10119, Attn:
Kyle J. Ortiz and Bryan M. Kotliar; (vii) counsel to the *Ad Hoc* Group of
Withhold Account Holders, Troutman Pepper Hamilton Sanders, 875 Third
Avenue, New York, NY 10022, Attn: Deborah Kovsky-Apap; (vi) via electronic
mail to proposed counsel to the Fee Examiner, Christopher S. Sontchi, at
CelsiusFeeExaminer@gklaw.com; and (vii) any other statutory committee
appointed in these chapter 11 cases (collectively, the "Monthly Fee Statement
Recipients"). All Retained Professionals shall file their first Monthly Fee
Statement for the period from the effective date of their retention through the end
of the first full month following the effective date of their retention and otherwise
in accordance with the procedures set forth in this Amended Order.

b.    On or after the 20th day of each month following the month for which
compensation is sought, each Retained Professional may file a Monthly Fee
Statement with the Court; *however*, a courtesy copy need not be delivered to
Chambers because this Amended Order is not intended to alter the fee application
requirements outlined in sections 330 and 331 of the Bankruptcy Code. Retained
Professionals shall still be required to serve and file interim and final applications
for approval of fees and expenses in accordance with the relevant provisions of
the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

c.    Each Monthly Fee Statement must contain a list of the individuals who provided
services during the period covered by the Monthly Fee Statement, their respective
titles (*e.g.*, attorney, accountant, paralegal, etc.), their respective billing rates, the
aggregate hours spent by each individual, a reasonably detailed breakdown of the
disbursements incurred (no Retained Professional should seek reimbursement of
an expense that would otherwise not be allowed pursuant to the Local Rules and
the Court's *Amended Guidelines for Fees and Disbursements for Professionals in
Southern District of New York Bankruptcy Cases*, dated June 17, 2013, or the *U.S.
Trustee Guidelines for Reviewing Applications for Compensation and*

*Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013), and contemporaneously maintained time entries (redacted or modified to protect any privileged information) for each individual in increments of tenths (1/10) of an hour or as close thereto as practicable unless otherwise ordered by the Court.

d.    If any Monthly Fee Statement Recipient has an objection to the compensation or reimbursement sought in a particular Monthly Fee Statement (a "Monthly Fee Statement Objection"), such party shall, by no later than 12:00 p.m. (prevailing Eastern Time) on the date that is 14 days following the service of the particular Monthly Fee Statement (the "Monthly Fee Statement Objection Deadline"), serve via email upon both the Retained Professional whose Monthly Fee Statement is the subject of a Monthly Fee Statement Objection and the Monthly Fee Statement Recipients, a written "Notice of Objection to Monthly Fee Statement" setting forth the nature of the Monthly Fee Statement Objection and the amount of fees or expenses at issue.

e.    At the expiration of the Monthly Fee Statement Objection Deadline, the Debtors shall promptly pay 80% of the fees and 100% of the expenses identified in each Monthly Fee Statement to which no Monthly Fee Statement Objection has been served in accordance with paragraph (d).

f.    If a Notice of Objection to Monthly Fee Statement with respect to a particular Monthly Fee Statement is served, the Debtors shall withhold payment of only that portion of the Monthly Fee Statement to which the Monthly Fee Statement Objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (e).

g.    If a Monthly Fee Statement Objection is resolved and if the party whose Monthly Fee Statement was the subject of the Monthly Fee Statement Objection serves on all Monthly Fee Statement Recipients a statement indicating that the Monthly Fee Statement Objection has been withdrawn and describing the terms of the resolution, then the Debtors shall promptly pay, in accordance with paragraph (e), that portion of the Monthly Fee Statement that is no longer subject to the Monthly Fee Statement Objection.

h.    All Monthly Fee Statement Objections that are not resolved by the parties shall be preserved and presented to the Court at the next hearing to consider interim or final fee applications to be heard by the Court or such other date as the Court may agree.

i.    The service of a Notice of Objection to Monthly Fee Statement in accordance with paragraph (d) above shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground, whether raised in the Monthly Fee Statement Objection or not. Furthermore, the decision by any Monthly Fee Statement Recipient not to object to a Monthly Fee Statement shall not be a waiver of any kind or prejudice that

4

party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code.

4. Interim Fee Application Procedures

    a. Commencing with the period beginning July 13, 2022 and ending October 31, 2022, and for each four-month interval thereafter (each, an "Interim Fee Period"), each of the Retained Professionals shall file with the Court an application (an "Interim Fee Application") for interim Court approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be), of the compensation and reimbursement of expenses requested in the Monthly Fee Statements, if any, served during such Interim Fee Period. Each Retained Professional shall file its Interim Fee Application no later than 45 days after the end of the Interim Fee Period. For the avoidance of doubt, each Retained Professional shall file its first Interim Fee Application on or before December 15, 2022, and the first Interim Fee Application shall cover the Interim Fee Period from the Petition Date (or the effective date of the Retained Professional's retention) through and including October 31, 2022 (the "First Interim Fee Period").

    b. No later than three (3) business days after the filing of each Interim Fee Application, the Retained Professional shall send to the Fee Examiner via electronic mail to CelsiusFeeExaminer@gklaw.com and to the U.S. Trustee, via electronic mail to Shara.Cornell@usdoj.gov, Mark.Bruh@usdoj.gov, and Brian.Masumoto@usdoj.gov, the Interim Fee Application, including the fee detail containing the time entries and the expense detail ("Fee Detail") in LEDES or Excel format containing, at a minimum, the following fields for fees: invoice number, matter name, date, timekeeper name, timekeeper position/title, hourly rate, hours, fees, task description, timekeeper name, hourly rate, year of bar admission, client number, matter number, hours, and amount of fees; and the following fields for expenses: invoice number, matter name, date, name of timekeeper who incurred expense, expense category, unit cost, number of units, expense total, expense description. Failure to serve the Fee Examiner with timely Fee Detail in the required format will delay the Fee Examiner's review and recommendation of the Interim Fee Application.

    c. A Retained Professional need not send to the Fee Examiner the electronic Fee Detail for any (i) Interim Fee Application if such Retained Professional has previously submitted the relevant Fee Detail with the applicable Monthly Fee Statement or otherwise or (ii) final fee Application if such Retained Professional has previously submitted the relevant Fee Detail with the applicable Interim Fee Application, Monthly Fee Statement, or otherwise.

    d. Any Retained Professional unable to file its own Interim Fee Application with the Court shall deliver to the Debtors' attorneys a fully executed copy with original signatures, along with service copies, three business days before the

filing deadline.  The Debtors' attorneys shall file and serve such Interim Fee Application.

e.  If any party in interest other than the Fee Examiner or the U.S. Trustee has an objection to the compensation or reimbursement sought in an Interim Fee Application (an "<u>Interim Fee Application Objection</u>"), such party shall, by no later than 12:00 p.m. (prevailing Eastern Time) on the date that is 21 days following the required notice of the Interim Fee Application, file and serve an Interim Fee Application Objection setting forth the nature of the Interim Fee Application Objection and the amount of interim fees or expenses at issue.

f.  Periodically, and consistent with the terms of the Fee Examiner Order, as it may be amended, the Fee Examiner shall establish dates for hearings to consider uncontested Interim Fee Applications (an "<u>Uncontested Interim Fee Hearing</u>"), which may be scheduled for Omnibus Hearings, no earlier than 45 days after the expiration of the 45-day period set forth in paragraph 4(a), unless otherwise agreed to by the Fee Examiner, the Debtors, and the U.S. Trustee.  At least ten days prior to any Uncontested Interim Fee Hearing, the Fee Examiner shall file a report with the Court, with service upon the U.S. Trustee and all Retained Professionals, setting forth the uncontested Interim Fee Applications recommended for the Court's approval in connection with the upcoming Uncontested Interim Fee Hearing, with agreed adjustments, if any.

g.  Any Interim Fee Application that is the subject of an Interim Fee Application Objection shall be set over for treatment at such time as the Court takes up the Fee Examiner's recommendations with respect to that Interim Fee Application.

h.  Any Interim Fee Application that is the subject of a formal or informal Interim Fee Application Objection, question, or concern of the Fee Examiner and/or U.S. Trustee may be set over for hearing on a subsequent Uncontested Interim Fee Hearing Date if the objection, question, or concern is resolved.

i.  Any Interim Fee Application that is the subject of a formal Interim Fee Application Objection by the Fee Examiner or U.S. Trustee shall be scheduled for a contested hearing established by the Fee Examiner in consultation with the U.S. Trustee, the Debtors and the Court.

j.  Any Retained Professional who fails to timely file an Interim Fee Application seeking approval of compensation and expenses previously paid pursuant to a Monthly Fee Statement shall (i) be ineligible to receive further monthly payments of fees or reimbursement of expenses as provided herein until such Interim Fee Application is filed, and (ii) may be required to disgorge any fees paid since retention or the last fee application, whichever is later.

k.    The pendency of an Interim Fee Application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Fee Statement shall not disqualify a Retained Professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court.

l.    Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on the Court's interim or final allowance of compensation and reimbursement of expenses of any Retained Professionals.  Upon allowance by the Court of a Retained Professional's Interim Fee Application, the Debtors shall be authorized to promptly pay such Retained Professional all allowed requested fees (including the 20% "holdback") and expenses not previously paid.

m.    Counsel for each official committee may, in accordance with the foregoing Compensation Procedures, collect and submit statements of expenses, with supporting vouchers, from members of the committee he or she represents; *provided*, *however*, that such committee counsel ensures that these reimbursement requests comply with the Court's *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, dated June 17, 2013.

5.    The Debtors shall include all payments to Retained Professionals on their monthly operating reports, detailed so as to state the amount paid to each Retained Professional; *provided* that amounts paid to any professionals retained in the ordinary course of business in accordance with procedures approved by the Court may be stated in the aggregate on any monthly operating reports.

6.    Notice of hearings to consider Interim Fee Applications and Final Fee Applications shall be limited to the Monthly Fee Statement Recipients and any party who files a Notice of Objection to an Interim Fee Application or a notice of appearance and requests notice in these chapter 11 cases.

7.    All time periods set forth in this Amended Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

8.    The Debtors shall serve a copy of this Amended Order on each of the Retained Professionals.

7

9.      For the avoidance of doubt, nothing herein shall alter, modify, or in and way change any Retained Professional's obligation to provided Monthly Fee Statements or Fee Detail (LEDES or Excel data) to the U.S. Trustee. Furthermore, nothing herein shall alter, modify, or in any way change the U.S. Trustee's review and/or informal or formal objection process to any Retained Professional otherwise provided for by the Bankruptcy Code, Bankruptcy Rules, Local Rules, United States Trustee Guidelines, or other applicable rule or statute.

10.     Notwithstanding anything to the contrary in the Stipulation, this Order, or any findings announced at the Hearing, nothing in the Stipulation, this Amended Order, or announced at the Hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the rights of the United States Securities and Exchange Commission and the UCC to challenge transactions involving crypto tokens on any basis are expressly reserved.

11.     Notice of the Stipulation satisfies the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

12.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Amended Order are immediately effective and enforceable upon its entry.

13.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Amended Order in accordance with the Stipulation.

14.     The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Amended Order.

New York, New York
Dated: _____, 2022

_____
THE HONORABLE MARTIN GLENN
CHIEF UNITED STATES BANKRUPTCY JUDGE

28158360.5

# EXHIBIT B

### REDLINE EXISTING INTEIRM COMPENSATION ORDER (DKT. NO. 521) AGAINST PROPOSED FIRST AMENDED INTERIM COMPENSATION ORDER

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | Re: Docket No. 186, 521 |

**FIRST AMENDED ORDER (I) ESTABLISHING PROCEDURES FOR**
**INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES**
**FOR RETAINED PROFESSIONALS AND (II) GRANTING RELATED RELIEF**

Upon the ~~motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this~~ "*Debtors' Motion for Entry of an Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief* [Docket No. 186], the *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief* [Docket No. 521] (the "Initial Order") and the stipulation (the "Stipulation") of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), the Official Committee of Unsecured Creditors (the "UCC"), the United States Trustee for Region 2 (the "U.S. Trustee"), and the fee examiner ("Fee Examiner") appointed pursuant to the *Order Appointing Independent Fee Examiner and Establishing Related Procedures for the Review of Fee Applications of Retained Professionals* [Docket No. 1151] (the "Fee Examiner Order") for entry of an amended order (this "Amended Order") authorizing the

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is ~~121 River~~50 Harrison Street, ~~PH05~~Suite 209F, Hoboken, New Jersey 07030.

[2]    ~~Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.~~

Debtors (a) to establish procedures for interim compensation and reimbursement of expenses for professionals retained or appointed pursuant to Bankruptcy Code sections 105, 327, 1103, 1104 or similar authority (the "Retained Professionals") and (b) granting related relief, all as more fully set forth in the ~~Motion~~Stipulation; and upon the First Day Declarations; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order* of Reference from the United States District Court for the Southern District of New York, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the ~~Motion~~Stipulation is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the ~~Motion~~Stipulation and opportunity for a hearing thereon were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the ~~Motion~~Stipulation and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the ~~Motion~~Stipulation and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The ~~Motion~~Stipulation is granted, and the Initial Order amended as set forth herein.

2.      Except as may otherwise be provided by orders of the Court authorizing the retention of specific professionals, all Retained Professionals, and members of the ~~official~~UCC and any other statutory committee ~~of unsecured creditors, if any~~appointed in these chapter 11

2

cases, may seek interim compensation and/or reimbursement of expenses in accordance with the following procedures (collectively, the "Compensation Procedures"):

3.      Monthly Fee Statement Procedures

a.      On or after the 20th day of each month following the month for which compensation is sought, each Retained Professional seeking compensation shallmay serve a monthly statement (the "Monthly Fee Statement"), on: (i) Celsius Network LLC, 121 River50 Harrison Street, PH05Suite 209F, Hoboken, New Jersey 07030, Attn: Ron Deutsch; (ii) proposed counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C., and Simon Briefel, and 300 North LaSalle, Chicago, Illinois 60654; Attn: Patrick J. Nash, Jr., P.C., Ross M. Kwasteniet, P.C., Christopher S. Koenig, and Alison J. Wirtz; (iii) the U.S. Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Shara Cornell, Mark Bruh, and Brian S. Masumoto; (iv) proposed counsel to the official committee of unsecured creditorsUCC, White & Case LLP, 111 South Wacker Drive, Suite 5100, Chicago, Illinois 60606, Attn: Gregory F. Pesce, 1221 6th Ave, New York, New York 10020, Attn: David Turetsky, and 555 South Flower Street, Suite 2700, Los Angeles, California 90071, Attn: Aaron E. Colodny; (v) counsel to the Chapter 11 Examiner, Jenner & Block, LLP, 353 N. Clark Street, Chicago, Illinois 60654, Attn.: Catherine L. Steege, and Vincent E. Lazar, (vi) counsel to the Ad Hoc Group of Custodial Account Holders, Togut, Segal & Segal LLP, One Penn Plaza, Suite 3335, New York, NY 10119, Attn: Kyle J. Ortiz and Bryan M. Kotliar; (vii) counsel to the Ad Hoc Group of Withhold Account Holders, Troutman Pepper Hamilton Sanders, 875 Third Avenue, New York, NY 10022, Attn: Deborah Kovsky-Apap; (vi) via electronic mail to proposed counsel to the Fee Examiner, Christopher S. Sontchi, at CelsiusFeeExaminer@gklaw.com; and (vii) any other statutory committee appointed in these chapter 11 cases; and (vi) to the extent not listed herein those parties requesting notice pursuant to Bankruptcy Rule 2002 (collectively, the "ApplicationMonthly Fee Statement Recipients"). All Retained Professionals shall file their first Monthly Fee Statement for the period from the effective date of their retention through the end of the first full month following the effective date of their retention and otherwise in accordance with the procedures set forth in this Amended Order.

b.      On or after the 20th day of each month following the month for which compensation is sought, each Retained Professional shallmay file a Monthly Fee Statement with the Court; however, a courtesy copy need not be delivered to Chambers because this Amended Order is not intended to alter the fee application requirements outlined in sections 330 and 331 of the Bankruptcy Code. Retained Professionals shall still be required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

c.      Each Monthly Fee Statement must contain a list of the individuals who provided services during the period covered by the Monthly Fee Statement, their respective titles (*e.g.*, attorney, accountant, paralegal, etc.), their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the disbursements incurred (no Retained Professional should seek reimbursement of an expense that would otherwise not be allowed pursuant to the Local Rules and the Court's *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, dated June 17, 2013, or the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013), and contemporaneously maintained time entries (redacted or modified to protect any privileged information) for each individual in increments of tenths (1/10) of an hour or as close thereto as practicable unless otherwise ordered by the Court.

d.      If any ~~party in interest~~Monthly Fee Statement Recipient has an objection to the compensation or reimbursement sought in a particular Monthly Fee Statement (~~an "~~a "Monthly Fee Statement Objection"), such party shall, by no later than 12:00 p.m. (prevailing Eastern Time) on the date that is 14 days following the ~~filing~~service of the particular Monthly Fee Statement (the "Monthly Fee Statement Objection Deadline"), serve via email upon both the Retained Professional whose Monthly Fee Statement is the subject of ~~an~~a Monthly Fee Statement Objection and the ~~Application~~Monthly Fee Statement Recipients, a written "Notice of Objection to Monthly Fee Statement" setting forth the nature of the Monthly Fee Statement Objection and the amount of fees or expenses at issue.

e.      At the expiration of the Monthly Fee Statement Objection Deadline, the Debtors shall promptly pay 80% of the fees and 100% of the expenses identified in each Monthly Fee Statement to which no Monthly Fee Statement Objection has been served in accordance with paragraph (d).

f.      If a Notice of Objection to Monthly Fee Statement with respect to a particular Monthly Fee Statement is served, the Debtors shall withhold payment of only that portion of the Monthly Fee Statement to which the Monthly Fee Statement Objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (e).

g.      If ~~an~~a Monthly Fee Statement Objection is resolved and if the party whose Monthly Fee Statement was the subject of the Monthly Fee Statement Objection serves on all ~~Application~~Monthly Fee Statement Recipients a statement indicating that the Monthly Fee Statement Objection has been withdrawn and describing the terms of the resolution, then the Debtors shall promptly pay, in accordance with paragraph (e), that portion of the Monthly Fee Statement that is no longer subject to the Monthly Fee Statement Objection.

h.      All Monthly Fee Statement Objections that are not resolved by the parties shall be preserved and presented to the Court at the next hearing to consider interim or

4

final fee applications to be heard by the Court ~~in accordance with paragraph (k).~~or
such other date as the Court may agree.

i.        The service of a Notice of Objection to Monthly Fee Statement in accordance
with paragraph (d) above shall not prejudice the objecting party's right to object
to any fee application made to the Court in accordance with the Bankruptcy Code
on any ground, whether raised in the Monthly Fee Statement Objection or not.
Furthermore, the decision by any ~~party~~Monthly Fee Statement Recipient not to
object to a Monthly Fee Statement shall not be a waiver of any kind or prejudice
that party's right to object to any fee application subsequently made to the Court
in accordance with the Bankruptcy Code.

4.   Interim Fee Application Procedures

        ~~j.~~a.  Commencing with the period beginning July 13, 2022 and ending October 31,
2022, and for each four-month interval thereafter (each, an "Interim Fee
Period"), each of the ~~Retained~~ Professionals shall file with the Court an
application (an "Interim Fee Application") for interim Court approval and
allowance, pursuant to sections 330 and 331 of the Bankruptcy Code (as the
case may be), of the compensation and reimbursement of expenses requested
in the Monthly Fee Statements, if any, served during such Interim Fee Period.
Each Retained Professional shall file its Interim Fee Application no later than
45 days after the end of the Interim Fee Period.  For the avoidance of doubt,
each Retained Professional shall file its first Interim Fee Application on or
before December 15, 2022, and the first Interim Fee Application shall cover
the Interim Fee Period from the Petition Date (or the effective date of the
Retained Professional's retention) through and including October 31, 2022~~.~~
(the "First Interim Fee Period").

        b.   ~~The Debtors' attorneys shall obtain a date from the Court for the hearing to
consider Interim Fee Applications for all Professionals (the "Interim Fee
Hearing"), which shall be scheduled no earlier than 45 days after the
expiration of the 45-day period set forth in paragraph (j), unless otherwise
agreed to by the Debtors and the U.S. Trustee.  At least 30 days prior to the
Interim Fee Hearing, the Debtors' attorneys shall file a notice with the Court,
with service upon the U.S. Trustee and all Professionals, setting forth the time,
date, and location of the Interim Fee Hearing, the period covered by the
Interim Fee Applications, and the objection deadline.  Any~~No later than three
(3) business days after the filing of each Interim Fee Application, the Retained
Professional shall send to the Fee Examiner via electronic mail to
CelsiusFeeExaminer@gklaw.com and to the U.S. Trustee, via electronic mail
to Shara.Cornell@usdoj.gov, Mark.Bruh@usdoj.gov, and
Brian.Masumoto@usdoj.gov, the Interim Fee Application, including the fee
detail containing the time entries and the expense detail ("Fee Detail") in
LEDES or Excel format containing, at a minimum, the following fields for
fees: invoice number, matter name, date, timekeeper name, timekeeper
position/title, hourly rate, hours, fees, task description, timekeeper name,

hourly rate, year of bar admission, client number, matter number, hours, and amount of fees; and the following fields for expenses: invoice number, matter name, date, name of timekeeper who incurred expense, expense category, unit cost, number of units, expense total, expense description. Failure to serve the Fee Examiner with timely Fee Detail in the required format will delay the Fee Examiner's review and recommendation of the Interim Fee Application.

c.  A Retained Professional need not send to the Fee Examiner the electronic Fee Detail for any (i) Interim Fee Application if such Retained Professional has previously submitted the relevant Fee Detail with the applicable Monthly Fee Statement or otherwise or (ii) final fee Application if such Retained Professional has previously submitted the relevant Fee Detail with the applicable Interim Fee Application, Monthly Fee Statement, or otherwise.

k.d.Any Retained Professional unable to file its own Interim Fee Application with the Court shall deliver to the Debtors' attorneys a fully executed copy with original signatures, along with service copies, three business days before the filing deadline.  The Debtors' attorneys shall file and serve such Interim Fee Application.

e.  AnyIf any party in interest other than the Fee Examiner or the U.S. Trustee has an objection to the compensation or reimbursement sought in an Interim Fee Application (an "Interim Fee Application Objection"), such party shall, by no later than 12:00 p.m. (prevailing Eastern Time) on the date that is 21 days following the required notice of the Interim Fee Application, file and serve an Interim Fee Application Objection setting forth the nature of the Interim Fee Application Objection and the amount of interim fees or expenses at issue.

f.  Periodically, and consistent with the terms of the Fee Examiner Order, as it may be amended, the Fee Examiner shall establish dates for hearings to consider uncontested Interim Fee Applications (an "Uncontested Interim Fee Hearing"), which may be scheduled for Omnibus Hearings, no earlier than 45 days after the expiration of the 45-day period set forth in paragraph 4(a), unless otherwise agreed to by the Fee Examiner, the Debtors, and the U.S. Trustee.  At least ten days prior to any Uncontested Interim Fee Hearing, the Fee Examiner shall file a report with the Court, with service upon the U.S. Trustee and all Retained Professionals, setting forth the uncontested Interim Fee Applications recommended for the Court's approval in connection with the upcoming Uncontested Interim Fee Hearing, with agreed adjustments, if any.

g.  Any Interim Fee Application that is the subject of an Interim Fee Application Objection shall be set over for treatment at such time as the Court takes up the Fee Examiner's recommendations with respect to that Interim Fee Application.

6

h.   Any Interim Fee Application that is the subject of a formal or informal Interim Fee Application Objection, question, or concern of the Fee Examiner and/or U.S. Trustee may be set over for hearing on a subsequent Uncontested Interim Fee Hearing Date if the objection, question, or concern is resolved.

i.   Any Interim Fee Application that is the subject of a formal Interim Fee Application Objection by the Fee Examiner or U.S. Trustee shall be scheduled for a contested hearing established by the Fee Examiner in consultation with the U.S. Trustee, the Debtors and the Court.

l.j.   Any Retained Professional who fails to timely file an Interim Fee Application seeking approval of compensation and expenses previously paid pursuant to a Monthly Fee Statement shall (i) be ineligible to receive further monthly payments of fees or reimbursement of expenses as provided herein until such Interim Fee Application is filed, and (ii) may be required to disgorge any fees paid since retention or the last fee application, whichever is later.

m.k.   The pendency of an Interim Fee Application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Fee Statement shall not disqualify a Retained Professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court.

n.l.   Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on the Court's interim or final allowance of compensation and reimbursement of expenses of any Retained Professionals.  Upon allowance by the Court of a Retained Professional's Interim Fee Application, the Debtors shall be authorized to promptly pay such Retained Professional all allowed requested fees (including the 20% "holdback") and expenses not previously paid.

o.m.   Counsel for each official committee may, in accordance with the foregoing procedure for monthly compensation and reimbursement of professionalsCompensation Procedures, collect and submit statements of expenses, with supporting vouchers, from members of the committee he or she represents; *provided, however,* that such committee counsel ensures that these reimbursement requests comply with the Court's *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases,* dated June 17, 2013.

3.5.   The Debtors shall include all payments to Retained Professionals on their monthly operating reports, detailed so as to state the amount paid to each Retained Professional; *provided* that amounts paid to any professionals retained in the ordinary course of business in accordance

7

with procedures approved by the Court may be stated in the aggregate on any monthly operating reports.

4.6.    Notice of hearings to consider Interim Fee Applications and ~~final fee applications~~Final Fee Applications shall be limited to the ~~Application~~Monthly Fee Statement Recipients and any party who files a Notice of Objection to an Interim Fee ~~Statement~~Application or a notice of appearance and requests notice in these chapter 11 cases.

5.7.    All time periods set forth in this Amended Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

6.8.    The Debtors shall serve a copy of this Amended Order on each of the Retained Professionals.

9.    For the avoidance of doubt, nothing herein shall alter, modify, or in and way change any Retained Professional's obligation to provided Monthly Fee Statements or Fee Detail (LEDES or Excel data) to the U.S. Trustee. Furthermore, nothing herein shall alter, modify, or in any way change the U.S. Trustee's review and/or informal or formal objection process to any Retained Professional otherwise provided for by the Bankruptcy Code, Bankruptcy Rules, Local Rules, United States Trustee Guidelines, or other applicable rule or statute.

7.10.    Notwithstanding anything to the contrary in the ~~Motion~~Stipulation, this Order, or any findings announced at the Hearing, nothing in the ~~Motion~~Stipulation, this Amended Order, or announced at the Hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the rights of the United States Securities and Exchange Commission and the ~~Committee~~UCC to challenge transactions involving crypto tokens on any basis are expressly reserved.

8

8.11.    Notice of the ~~Motion~~Stipulation satisfies the requirements of Bankruptcy Rule

6004(a) and the Local Rules are satisfied by such notice.

9.12.    Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this

Amended Order are immediately effective and enforceable upon its entry.

10.13.  The Debtors are authorized to take all actions necessary to effectuate the relief

granted pursuant to this Amended Order in accordance with the ~~Motion~~Stipulation.

11.14.  The Court retains exclusive jurisdiction with respect to all matters arising from or

related to the implementation, interpretation, and enforcement of this Amended Order.

New York, New York
Dated:  _____, 2022

_____
THE HONORABLE MARTIN GLENN
CHIEF UNITED STATES BANKRUPTCY JUDGE

28330717.1

# EXHIBIT C

### PROPOSED AMENDED FEE EXAMINER ORDER

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------ x
In re                                            :    Chapter 11
                                                 :
CELSIUS NETWORK LLC., et al.,¹                   :    Case No. 22-10964 (MG)
                                                 :
                        Debtors.                 :    (Jointly Administered)
------------------------------------------------ x
                                                      Re: ECF No. 1151
```

**AMENDED ORDER APPOINTING INDEPENDENT FEE EXAMINER AND
ESTABLISHING RELATED PROCEDURES FOR THE REVIEW OF FEE
APPLICATIONS OF RETAINED PROFESSIONALS**

Upon consideration of the *Order (I) Establishing Procedures for Interim Compensation
and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief*
(the "Initial Interim Compensation Order") [ECF No. 521] and *First Amended Order (I)
Establishing Procedures for Interim Compensation and Reimbursement of Expenses for
Retained Professionals and (II)Granting Related Relief* (the "First Amended Interim
Compensation Order") [ECF No. _____] entered by the Court in these cases; upon further
consideration that the size and complexity of these jointly administered chapter 11 cases will
result in the filing of numerous, lengthy and complex professional fee applications; upon the
Court's conclusion that the appointment of a fee examiner (the "Fee Examiner") under
Bankruptcy Code section 105 appears to be in the best interests of the Debtors, their estates and
creditors, and other parties-in-interest; and the Court having jurisdiction over this matter
pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference

---

¹ The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification
number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius
Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC
(3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of
business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, NJ
07030, Hoboken, New Jersey 07030.

M-431, dated January 31, 2012 (Preska, C.J.); and this matter being a core proceeding under 28

U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and

1409; and upon the *Declaration of Christopher S. Sontchi in Conjunction With His Appointment*

*as Fee Examiner* dated October 19, 2022 [ECF No. 1117-1]; and good and sufficient cause

appearing therefor; it is hereby,

FOUND AND DETERMINED THAT:

A.    The Debtors commenced voluntary cases under chapter 11 of the Bankruptcy

Code on July 13, 2022 (the "Petition Date").

B.    The Debtors' chapter 11 cases are being jointly administered for procedural

purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure. [ECF

No. 53].

C.    On July 27, 2022, the United States Trustee appointed an official committee of

unsecured creditors (the "Official Committee") [ECF No. 241].

D.    On August 17, 2022, the Court entered the Initial Interim Compensation Order.

E.    On September 29, 2022, the United States Trustee appointed an examiner pursuant

to Bankruptcy Code section 1104(d) (the "Examiner") and on the same date the Court entered an

order approving such appointment [ECF Nos. 920, 923].

F.    On _____ ___, 2022, the Court entered the First Amended Interim

Compensation Order.

G.    Given the size and complexity of these chapter 11 cases, the United States

Trustee proposed that the Court authorize the appointment of an independent Fee Examiner to

review and report on, as appropriate, all interim and final applications for allowance of

compensation and reimbursement of expenses filed by retained professionals retained or

appointed pursuant to Bankruptcy Code sections 105, 327, 1103, 1104 or similar authority or

otherwise requesting compensation and/or reimbursement of expenses on an interim basis

pursuant to the First Amended Interim Compensation Order (the "Retained Professionals"), in

accordance with Bankruptcy Code sections 327, 330, and 331 and the First Amended Interim

Compensation Order (collectively, the "Applications"), and the Debtors and the Official

Committee have consented to such proposal on the terms set forth herein.

H.    For the purposes of this Order, the term "Retained Professionals" (i) shall

specifically include (a) any and all professionals in these cases requesting compensation

and/or reimbursement of expenses on an interim basis pursuant to Bankruptcy Code sections

327, 330, 331, or 1103, (b) the Examiner and all professionals retained by the Examiner, (c)

each professional subject to the *Order Authorizing Debtors to Employ Professionals Used in

the Ordinary Course of Business* Nunc Pro Tunc *to the Petition Date* [ECF No. 519] (as may

be amended or supplemented from time to time, the "Ordinary Course Professionals Order")

whose fees exceed the Case Cap (as defined in the Ordinary Course Professionals Order)

applicable to such professional, solely with respect to the fees of such professional that

exceed such Case Cap, and (d) any and all professionals of any official committee of

preferred equity holders, if one is appointed.

I.    For purposes of this Order, the term "Retained Professionals" shall exclude (a)

professionals retained pursuant to sections 328 and 363 of the Bankruptcy Code, (b) ordinary

course professionals employed by the Debtors pursuant to the Ordinary Course Professionals Order

whose fees do not exceed the Case Cap, and (c) any requests for compensation submitted

pursuant to Bankruptcy Code sections 503(b)(3) or 503(b)(4), and/or for making a substantial

contribution to these chapter 11 cases.

J.       Judge Christopher Sontchi, the proposed Fee Examiner, is a "disinterested person" as that term is defined in 11 U.S.C. § 101(14).

IT IS HEREBY ORDERED THAT:

1.       The Court hereby appoints Judge Christopher Sontchi to serve as the Fee Examiner in these cases, subject to the terms and conditions of this Order and of the First Amended Interim Compensation Order.

2.       In the performance of his duties and powers as provided in this Order, the Fee Examiner shall enjoy the maximum immunity permitted by law from all manner of claims, demands, suits, or civil actions for all acts taken or omitted by him.  Any and all claims, demands, suits, or civil actions not brought or asserted against the Fee Examiner prior to the thirtieth (30th) calendar day after entry of an order determining the last final fee Application in these cases pursuant to 11 U.S.C. § 330 shall be barred forever and discharged, and all persons and entities shall be enjoined from prosecuting such claims in any manner thereafter. No person or entity shall seek discovery from the Fee Examiner, subpoena the Fee Examiner as a witness, or commence an action against the Fee Examiner in connection with his duties or powers hereunder except in this Court and with the prior approval of this Court, which retains exclusive jurisdiction therefor.

3.       The Fee Examiner may retain attorneys and other professionals, assistants, or consultants to the extent he deems it necessary to discharge his duties.  The Fee Examiner's retention of professionals shall be subject to Court approval under standards equivalent to those set out in 11 U.S.C. § 327, after notice and opportunity for hearing pursuant to the Local Bankruptcy Rules of this Court.

4.       The fees and expenses of the Fee Examiner and any Court-approved attorneys

and professionals for the Fee Examiner shall be subject to application and review pursuant to

Bankruptcy Code section 330 and shall be paid from the Debtors' estates as an expense of

administration under Bankruptcy Code section 503(b)(2) and in accordance with the

procedures in the First Amended Interim Compensation Order, except that neither the Fee

Examiner nor any professional retained by him shall review their own fee applications.  The

Fee Examiner's compensation shall not be contingent, dependent or based on any element of

success or result.  The Fee Examiner's fees and expenses shall be subject to the information

detail requirements set forth in Local Bankruptcy Rule 2016-1 and the applicable United

States Trustee Appendix B Guidelines for Compensation.

5.      Except as otherwise provided herein, the scope of the Fee Examiner's duties

and responsibilities shall encompass all interim and final Applications submitted after October

20, 2022 by the Retained Professionals.  Unless the Court orders otherwise, the scope of the

Fee Examiner's duties and responsibilities shall not extend to any requests for compensation

submitted pursuant to Bankruptcy Code sections 503(b)(3) or 503(b)(4), and/or for making a

substantial contribution to these chapter 11 cases.

6.      Except as provided in Paragraph 5 above, the Fee Examiner shall review and

assess all Applications filed by Retained Professionals, and the fees and reimbursement of

expenses for which allowance is sought pursuant to the Applications for compliance with

(1) Bankruptcy Code sections 329, 330 and 331, as applicable, (2) Rule 2016 of the Federal

Rules of Bankruptcy Procedure, (3) the First Amended Interim Compensation Order (as

amended herein), and (4) Local Bankruptcy Rule 2016-1 and the applicable guidelines for

compensation.  The Fee Examiner is further authorized and shall have standing before the

Court:

(a) to prepare reports (as discussed in further detail below) for the Court to aid in the review and approval of interim and final fee Applications, which may include such matters as the efficiency and reasonableness of staffing and expenses and the appropriateness of periodic increases in hourly rates;

(b) to require applicants for compensation to provide him such supplemental information as he may reasonably require in order to evaluate the reasonableness of any particular fee item; *provided*, however, that nothing herein shall require a Retained Professional to provide any information that would disclose privileged information, work product or anything (including potential strategies) that in the Retained Professional's reasonable discretion could be damaging or prejudicial to its clients (collectively, "Privileged Information"); *provided*, for the avoidance of doubt, that a Retained Professional's general discussion of projects and tasks without reference to confidential details shall not be considered a waiver of any privilege or discovery immunity; *provided further*, if a Retained Professional or its client does provide Privileged Information to the Fee Examiner, the Fee Examiner shall treat such information as confidential and the disclosure of such information to the Fee Examiner shall not be deemed to be a waiver by the disclosing party of any applicable work product, attorney-client, or other privilege;

(c) to conduct such discovery as may be pertinent and necessary to the performance of his other duties and responsibilities after first securing approval of this Court, which may be granted only upon notice to all interested parties and opportunity for hearing, and the Court retains exclusive jurisdiction over all matters relating to such discovery; and

(d) subject to the completion of the procedures set forth in Paragraph 7 for submission of a Confidential Letter Report and Fee Examiner Summary Report (each as defined below) with respect to the applicable fees or expenses, to object to the allowance of fees or expenses sought by any Retained Professional in a fee application on the same grounds as any party in interest in this case, including based on the reasonableness standard provided in 11 U.S.C. § 330.

Notwithstanding these enumerated powers, the Court shall have the final role in evaluating or judging the legal or factual merits of any papers filed or positions taken by parties in interest or their Retained Professionals, but this restriction shall not limit the ability of the Fee

Examiner to consider the factors set forth in 11 U.S.C. §§ 330(a)(3)(C)-(D) in his evaluation of Applications.

7.      The Fee Examiner shall review the Applications filed by each Retained Professional. To the extent practicable, the Fee Examiner shall avoid duplicative review when reviewing (1) interim fee Applications comprised of monthly fee statements and (2) final fee Applications comprised of interim fee Applications that have already been reviewed by the Fee Examiner. After reviewing each Retained Professional's Application, the Fee Examiner shall:

 (a) For each Retained Professional's first interim Application, within sixty (60) days after a Retained Professional files a the Application and, thereafter, within forty-five (45) days after a Retained Professional files a second or any subsequent Application, prepare a confidential report on each Application (each, a "Confidential Letter Report") for which the Fee Examiner has a potential issue or objection, and serve any such Confidential Letter Report on the Retained Professional. The Fee Examiner's Confidential Letter Report shall quantify and present information relevant to whether the requested fees, disbursements, and expenses meet the applicable standards of 11 U.S.C. § 330 and Local Bankruptcy Rule 2016-1. These Confidential Letter Reports are to be treated as part of settlement discussions with the Retained Professionals and, as such, shall not be discoverable. The contents of the Confidential Letter Report shall be maintained in confidence by such parties until such time as the Fee Examiner incorporates all or any content of the Confidential Letter Report into a Fee Examiner Summary Report in accordance with paragraph 4(e) of the First Amended Interim Compensation Order and Paragraph 7(c) below.

 (b) within thirty 30 days after service of the Confidential Letter Report for any professional's first interim application and within 20 days after service of the Confidential Letter Report for any professional's second or any subsequent Application, engage in written communication with each Retained Professional, the objective of which is to resolve matters raised in the Confidential Letter Report and endeavor to address and resolve, to the mutual satisfaction of the Fee Examiner and the Retained Professional, any issues identified or to amend its Application in a Confidential Letter Report.

(c) after a reasonable opportunity to resolve the issues identified in the Confidential Letter Report or amend the Application, file a final report (the "Fee Examiner Summary Report") with the Court outlining in general terms the Applications recommended for Court approval on an uncontested basis, with agreed adjustments, if any.  Because all Retained Professionals and Monthly Fee Statement Recipients are users of the Court's Electronic Case Filing System, as defined in the *Amended Final Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related* Relief [ECF No. 1181] (the "Amended Case Management Procedures Order"), the filing of the Fee Examiner Summary Reports on the Court's Electronic Case Filing System shall be deemed suitable notice and no further electronic or mail service of Fee Examiner Summary Reports shall be required.[2]  The Retained Professional may file a reply to the Fee Examiner Summary Report. The Fee Examiner Summary Report shall be in a format designed to quantify and present information relevant to whether the requested fees and expenses of each Retained Professional meet the applicable standards of 11 U.S.C. § 330 and Local Bankruptcy Rule 2016-1. The Fee Examiner Summary Report shall also inform the Court of any proposed consensual resolutions of the fee or expense reimbursement request for each Retained Professional.

(d) The Fee Examiner shall file his Fee Examiner Summary Report at least ten (10) days before the hearing date on the relevant Application and each Fee Examiner Summary Report shall include a proposed order, to be e-mailed to the Court in Microsoft Word format.  The Court may, in its discretion, enter a proposed order allowing uncontested interim fee applications recommended by the Fee Examiner prior to the scheduled hearing date without further need for a hearing.

8.    The Application submission and reporting schedule for the first four interim fee periods, if applicable, shall be as follows:

---

[2] Nothing in the terms of this Order shall alter the Fee Examiner's obligation to deliver all Bankruptcy Court Filings, as defined in the Amended Case Management Procedures Order, including Fee Examiner Summary Reports, via email to the chambers of the Honorable Martin Glenn, United States Bankruptcy Court for the Southern District of New York and to the U.S. Trustee no later than the next business day following the date on which such Bankruptcy Court Filing is electronically filed.

| INTERIM FEE PERIOD | FIRST | SECOND | THIRD | FOURTH |
|---|---|---|---|---|
| DATES | July 13, 2022[3] - October 31, 2022 | November 1, 2022-February 28, 2023 | March 1, 2023-June 30, 2023 | July 1, 2023-October 31, 2023 |
| APPLICATION DEADLINE | December 15, 2022 | April 14, 2023 | August 14, 2023 | December 18, 2023 |
| CONFIDENTIAL LETTER REPORT | February 15, 2023 | May 29, 2023 | September 28, 2023 | January 6, 2024 |
| SUMMARY REPORT FOR UNCONTESTED APPLICATIONS | Ten days prior to hearing | Ten days prior to hearing | Ten days prior to hearing | Ten days prior to hearing |
| HEARING DATE FOR UNCONTESTED APPLICATIONS | April, 2023, omnibus hearing | July, 2023, omnibus hearing | November, 2023, omnibus hearing | March, 2024, omnibus hearing |

9.      Any of the Fee Examiner's reporting periods set forth in paragraph 8, above, may be extended with the consent of the Fee Examiner and the applicable Retained Professional without further order of the Court.  For all parties other than the Fee Examiner and the U.S. Trustee, the deadline to object to an Application remains governed by Fed. R. Bankr. P. 2002(a)(6) absent a Court order extending that deadline.

10.     The Fee Examiner, the Debtors, the Official Committee and the Retained Professionals shall use best efforts to have undisputed portions of Applications both allowed by the Court and paid as soon as reasonably practicable, even if a Contested Amount remains disputed and subject to the procedures set forth above.

11.     All Retained Professionals (including attorneys, the Examiner, financial advisors, auditors, and claims consultants, but excluding all professionals retained pursuant to sections 328 and 363 of the Bankruptcy Code) shall cooperate with the Fee Examiner in the discharge of the Fee Examiner's duties and shall, subject to the qualification set forth in

---

[3] Or the effective date of the professional's retention.

Paragraph 6(b) above with respect to privileged matters or work product, promptly respond to any reasonable request for information from the Fee Examiner.

12.    Nothing contained herein shall affect the right, if any, of any party in interest in these cases to object or otherwise respond to any interim fee Application, including those of the Fee Examiner.  Nothing herein shall affect any party's right to request a waiver of the requirements of Local Bankruptcy Rule 2016-1 or the applicable Guidelines for Compensation and the requirements under 11 U.S.C. § 330, to the extent they apply.  Nothing herein shall alter or modify prior orders governing the retention of professionals.

13.    Any communication between the Fee Examiner (or any agent thereof) and any Monthly Fee Statement Recipient (or any agent thereof), as defined in the First Amended Interim Compensation Order that pertains to the fees or expenses of any Retained Professional of another Monthly Fee Statement Recipient shall be in writing and copies thereof shall be sent to the Retained Professional whose fees or expenses are the subject of such communication, at the same time and by the same means as the communication between the Fee Examiner or the Monthly Fee Statement Recipient.

14.    The Monthly Fee Statement Recipients, as defined in the First Amended Interim Compensation Order, are authorized and empowered to take any and all actions necessary to implement and effectuate the terms of this Order, but only to the extent such actions are not inconsistent with the express terms of the Order.

15.    All previously filed Applications and related Fee Details (as defined in the First Amended Interim Compensation Order) shall be provided to the Fee Examiner by electronic mail only to CelsiusFeeExaminer@gklaw.com, by each Retained Professional within 20 days of entry of this Order.  All previously filed Applications, all future Applications, supporting

data, and all other documents, notices, or pleadings required to be sent to or served upon any

Monthly Statement Recipient under the First Amended Interim Compensation Order on and

after the date hereof shall be served upon the Fee Examiner by email only to

CelsiusFeeExaminer@gklaw.com.

16.    The terms and conditions of this Order shall be immediately effective and

enforceable upon its entry and shall remain in effect unless and until the Court orders

otherwise.

17.    To the extent there is any inconsistency between the terms of any Retained

Professional's retention agreement and this Order, the term of this Order shall govern.

18.    The Court retains jurisdiction to enforce, modify or vacate this Order after

hearing upon not less than fourteen (14) days' notice to the Fee Examiner, the Debtors, the

Official Committee, the *Ad Hoc* Committees, the Examiner, and the United States Trustee.

Notwithstanding any provisions of this Order to the contrary, the Court retains ultimate

authority to determine whether fees and expenses requested by any Retained Professional are

necessary and reasonable under Bankruptcy Code section 330.

DATED this _____

_____
The Honorable Martin Glenn
United States Bankruptcy
Judge

28160621.5

# EXHIBIT D

## REDLINE EXISTING FEE EXAMINER ORDER (DKT. NO. 1151) AGAINST PROPOSED AMENDED FEE EXAMINER ORDER

28330758.1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------   x
In re                                               :   Chapter 11
                                                    :
CELSIUS NETWORK LLC., et al.,¹                      :   Case No. 22-10964 (MG)
                                                    :
              Debtors.                              :   (Jointly Administered)
-------------------------------------------------   x
```
                                                        Re: ECF No. 1151

### AMENDED ORDER APPOINTING INDEPENDENT FEE EXAMINER AND ESTABLISHING RELATED PROCEDURES FOR THE REVIEW OF FEE APPLICATIONS OF RETAINED PROFESSIONALS

Upon consideration of the *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals* [ECF No. 521] (the "Interim Compensation Order")*and (II) Granting Related Relief* (the "Initial Interim Compensation Order") [ECF No. 521] and *First Amended Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II)Granting Related Relief* (the "First Amended Interim Compensation Order") [ECF No. ____] entered by the Court in these cases; upon further consideration that the size and complexity of these jointly administered chapter 11 cases will result in the filing of numerous, lengthy and complex professional fee applications; upon the Court's conclusion that the appointment of a fee examiner (the "Fee Examiner") under Bankruptcy Code section 105 appears to be in the best interests of the Debtors, their estates and creditors, and other parties-in--interest; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the

---

¹ The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River50 Harrison Street, PH05Suite 209F, Hoboken, NJ 07030, Hoboken, New Jersey 07030.

Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and this

matter being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the

Court pursuant to 28 U.S.C. §§ 1408 and 1409; and upon the ~~affidavit~~*Declaration* of

~~disinterestedness of Judge~~ *Christopher S. Sontchi* ~~(the "~~*in Conjunction With His Appointment*

*as* Fee Examiner~~"),~~ dated October ~~18~~19, 2022~~;~~ [ECF No. 1117-1]; and good and sufficient

cause appearing therefor; it is hereby,

FOUND AND DETERMINED THAT:

A.      The Debtors commenced voluntary cases under chapter 11 of the Bankruptcy

Code on July 13, 2022 (the "Petition Date").

B.      The Debtors' chapter 11 cases are being jointly administered for procedural

purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure. [ECF

No. 53].

C.      On July 27, 2022, the United States Trustee appointed an official committee of

unsecured creditors (the "Official Committee") [ECF No. 241].

D.      On August 17, 2022, the Court entered the Initial Interim Compensation Order.

E.      On September 29, 2022, the United States Trustee appointed an examiner pursuant

to Bankruptcy Code section 1104(d) (the "Examiner") and on the same date the Court entered an

order approving such appointment [ECF Nos. 920, 923~~).~~].

F.      On _____, 2022, the Court entered the First Amended Interim

Compensation Order.

~~F.~~G.      Given the size and complexity of these chapter 11 cases, the United States

Trustee proposed that the Court authorize the appointment of an independent Fee Examiner to

review and report on, as appropriate, ~~the monthly fee statements filed in accordance with the~~

~~Interim Compensation Order and~~ all interim and final applications for allowance of

compensation and reimbursement of expenses filed by retained professionals retained or

appointed pursuant to Bankruptcy Code sections 105, 327, 1103, 1104 or similar authority or

otherwise requesting compensation and/or reimbursement of expenses on an interim basis

pursuant to the First Amended Interim Compensation Order (the "Retained Professionals"), in

accordance with Bankruptcy Code sections 327, 330, and 331 and the First Amended Interim

Compensation Order (collectively, the "Applications"), and the Debtors and the Official

Committee have consented to such proposal on the terms set forth herein.

~~G.~~H.    For the purposes of this Order, the term "Retained Professionals" (i) shall

specifically include (a) any and all professionals in these cases requesting compensation

and/or reimbursement of expenses on an interim basis pursuant to Bankruptcy Code sections

327, 330, 331, or 1103, (b) the Examiner and all professionals retained by the Examiner, (c)

each professional subject to the *Order Authorizing Debtors to Employ Professionals Used in*

*the Ordinary Course of Business* Nunc Pro Tunc *to the Petition Date* [ECF No. 519] (as may

be amended or supplemented from time to time, the "Ordinary Course Professionals Order")

whose fees exceed the Case Cap (as defined in the Ordinary Course Professionals Order)

applicable to such professional, solely with respect to the fees of such professional that

exceed such Case Cap, and (d) any and all professionals of any official committee of

preferred equity holders, if one is appointed.

~~H.~~I.    For purposes of this Order, the term "Retained Professionals" shall exclude (a)

professionals retained pursuant to sections 328 and 363 of the Bankruptcy Code, (b) ordinary

course professionals employed by the Debtors pursuant to the Ordinary Course Professionals Order

whose fees do not exceed the Case Cap, and (c) any requests for compensation submitted

pursuant to Bankruptcy Code sections 503(b)(3) or 503(b)(4), and/or for making a substantial

contribution to these chapter 11 cases.

I.J.    Judge Christopher Sontchi, the proposed Fee Examiner, is a "disinterested

person" as that term is defined in 11 U.S.C. § 101(14).

IT IS HEREBY ORDERED THAT:

1.    The Court hereby appoints Judge Christopher Sontchi to serve as

independent fee examiner (the "Fee Examiner") in these cases, subject to the terms and

conditions of this Order and of the First Amended Interim Compensation Order, as modified

herein.

2.    In the performance of his duties and powers as provided in this Order, the Fee

Examiner shall enjoy the maximum immunity permitted by law from all manner of claims,

demands, suits, or civil actions for all acts taken or omitted by him.  Any and all claims,

demands, suits, or civil actions not brought or asserted against the Fee Examiner prior to the

thirtieth (30th) calendar day after entry of an order determining the last final fee Application

in these cases pursuant to Bankruptcy Code section 11 U. S. C. § 330 shall be barred forever

and discharged, and all persons and entities shall be enjoined from prosecuting such claims

in any manner thereafter. No person or entity shall seek discovery from the Fee Examiner,

subpoena the Fee Examiner as a witness, or commence an action against the Fee Examiner

in connection with his duties or powers hereunder except in this Court and with the prior

approval of this Court, which retains exclusive jurisdiction therefor.

3.    The Fee Examiner may retain attorneys and other professionals, assistants, or

consultants to the extent he deems it necessary to discharge his duties.  The Fee Examiner's

retention of professionals shall be subject to Court approval under standards equivalent to

~~Bankruptcy Code section~~those set out in 11 U.S.C. § 327, after notice and opportunity for

hearing pursuant to the Local Bankruptcy Rules of this Court.

4.      The fees and expenses of the Fee Examiner and any Court-approved attorneys

and professionals for the Fee Examiner shall be subject to application and review pursuant to

Bankruptcy Code section 330 and shall be paid from the Debtors' estates as an expense of

administration under Bankruptcy Code section 503(b)(2) and in accordance with the

procedures in the First Amended Interim Compensation Order, except that neither the Fee

Examiner nor any professional retained by him shall review their own fee applications.  The

Fee Examiner's compensation shall not be contingent, dependent or based on any element of

success or result.  The Fee Examiner's fees and expenses shall be subject to the information

detail requirements set forth in Local Bankruptcy Rule 2016-1 and the applicable United

States Trustee Appendix B Guidelines for Compensation.

5.      Except as otherwise provided herein, the scope of the Fee Examiner's duties

and responsibilities shall encompass all interim and final Applications submitted after ~~the~~

~~effective date of this Order~~October 20, 2022 by the Retained Professionals.  Unless the Court

orders otherwise, the scope of the Fee Examiner's duties and responsibilities shall not extend

to any requests for compensation submitted pursuant to Bankruptcy Code sections 503(b)(3)

or 503(b)(4), and/or for making a substantial contribution to these chapter 11 cases.

6.      Except as provided in Paragraph 5 above, the Fee Examiner shall review and

assess all Applications filed by Retained Professionals, and the fees and reimbursement of

expenses for which allowance is sought pursuant to the Applications for compliance with

(1) Bankruptcy Code sections 329, 330 and 331, as applicable, (2) Rule 2016 of the Federal

Rules of Bankruptcy Procedure, (3) the First Amended Interim Compensation Order (as

amended herein), and (4) Local Bankruptcy Rule 2016-1 and the applicable guidelines for

compensation.  The Fee Examiner is further authorized and shall have standing before the

Court:

(a) to prepare reports (as discussed in further detail below) for the Court to aid in the review and approval of interim and final fee Applications, which may include such matters as the efficiency and reasonableness of staffing and expenses and the appropriateness of periodic increases in hourly rates;

(b) to require applicants for compensation to provide him such supplemental information as he may reasonably require in order to evaluate the reasonableness of any particular fee item; *provided*, however, that nothing herein shall require a Retained Professional to provide any information that would disclose privileged information, work product or anything (including potential strategies) that in the Retained Professional's reasonable discretion could be damaging or prejudicial to its clients (collectively, "Privileged Information"); *provided*, for the avoidance of doubt, that a ~~professional's~~Retained Professional's general discussion of projects and tasks without reference to confidential details shall not be considered a waiver of any privilege or discovery immunity; *provided further*, if a Retained Professional or its client does provide Privileged Information to the Fee Examiner, the Fee Examiner shall treat such information as confidential and the disclosure of such information to the Fee Examiner shall not be deemed to be a waiver by the disclosing party of any applicable work product, attorney-client, or other privilege;

(c) to conduct such discovery as may be pertinent and necessary to the performance of his other duties and responsibilities after first securing approval of this Court, which may be granted only upon notice to all interested parties and opportunity for hearing, and the Court retains exclusive jurisdiction over all matters relating to such discovery; and

(d) subject to the completion of the procedures set forth in Paragraph 7 for submission of a ~~Preliminary and Final~~Confidential Letter Report and Fee Examiner Summary Report (each as defined below) with respect to the applicable fees or expenses, to object to the allowance of fees or expenses sought by any Retained Professional in a fee application on the same grounds as any party in interest in this case, including based on the reasonableness standard provided in ~~Bankruptcy Code~~11 U.S.C. § 330.

Notwithstanding these enumerated powers, the Court shall have the final role in evaluating or

judging the legal or factual merits of any papers filed or positions taken by parties in interest

or their Retained Professionals, but this restriction shall not limit the ability of the Fee

Examiner to consider the factors set forth in ~~Bankruptcy Code sections~~11 U.S.C. §§

330(a)(3)(C~~) and ()-~~(D) in his evaluation of Applications.

      7.     The Fee Examiner shall review the Applications filed by each Retained

Professional. To the extent practicable, the Fee Examiner shall avoid duplicative review

when reviewing (1) interim fee Applications comprised of monthly fee statements and (2)

final fee Applications comprised of interim fee Applications that have already been reviewed

by the Fee Examiner. After reviewing each Retained Professional's Application, the Fee

Examiner shall:

         (a)  For each Retained Professional's first interim Application, within ~~thirty (30~~sixty (60) days after a Retained Professional files ~~an Application (or in~~a the ~~case of interim fee applications filed prior to entry of this Order, 30~~Application and, thereafter, within forty-five (45) days ~~following service of such interim fee applications on the Fee Examiner),~~after a Retained Professional files a second or any subsequent Application, prepare a confidential report on each Application (each, a "~~Preliminary~~Confidential Letter Report") for which the Fee Examiner has a potential issue or objection, and serve any such ~~Preliminary~~Confidential Letter Report on the Retained Professional. The Fee Examiner's ~~Preliminary~~Confidential Letter Report shall quantify and present information relevant to whether the requested fees, disbursements, and expenses meet the applicable standards of ~~Bankruptcy Code section~~11 U.S.C. § 330 and Local Bankruptcy Rule 2016-1. These ~~Preliminary~~Confidential Letter Reports are to be treated as part of settlement discussions with the Retained Professionals and, as such, shall not be discoverable. The contents of the ~~Preliminary~~Confidential Letter Report shall be maintained in confidence by such parties ~~(other than the United States Trustee)~~ until such time as the Fee Examiner incorporates all or any content of the ~~Preliminary~~Confidential Letter Report into a ~~Final~~Fee Examiner Summary Report in accordance with paragraph 4(e) of

the First Amended Interim Compensation Order and Paragraph 7(c) below.

(b) within 14thirty 30 days after service of the PreliminaryConfidential Letter Report for any professional's first interim application and within 20 days after service of the Confidential Letter Report for any professional's second or any subsequent Application, engage in written communication with each Retained Professional, the objective of which is to resolve matters raised in the PreliminaryConfidential Letter Report and endeavor to address and resolve, to the mutual satisfaction of the Fee Examiner and the Retained Professional, any issues identified or to amend its Application in a PreliminaryConfidential Letter Report.

(c) after a reasonable opportunity to resolve the issues identified in the PreliminaryConfidential Letter Report or amend the Application, file a final report or objection (the "Final Fee Examiner Summary Report") with the Court and note any remaining objections tooutlining in general terms the Application.Applications recommended for Court approval on an uncontested basis, with agreed adjustments, if any.  Because all Retained Professionals and Monthly Fee Statement Recipients are users of the Court's Electronic Case Filing System, as defined in the *Amended Final Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related* Relief [ECF No. 1181] (the "Amended Case Management Procedures Order"), the filing of the Fee Examiner Summary Reports on the Court's Electronic Case Filing System shall be deemed suitable notice and no further electronic or mail service of Fee Examiner Summary Reports shall be required.[2]  The Retained Professional may file a reply to the FinalFee Examiner Summary Report. The FinalFee Examiner Summary Report shall be in a format designed to quantify and present information relevant to whether the requested fees and expenses of each Retained Professional meet the applicable standards of Bankruptcy Code section11 U.S.C. § 330 and Local Bankruptcy Rule 2016-1. The FinalFee Examiner Summary Report shall also inform the Court of any proposed consensual resolutions of the fee or expense reimbursement request for each Retained Professional and the basis for such proposed consensual resolution.

---

[2] Nothing in the terms of this Order shall alter the Fee Examiner's obligation to deliver all Bankruptcy Court Filings, as defined in the Amended Case Management Procedures Order, including Fee Examiner Summary Reports, via email to the chambers of the Honorable Martin Glenn, United States Bankruptcy Court for the Southern District of New York and to the U.S. Trustee no later than the next business day following the date on which such Bankruptcy Court Filing is electronically filed.

(d) The Fee Examiner shall file his ~~Final~~Fee Examiner Summary Report at least ten (10) days before the hearing date on the relevant Application and each Fee Examiner Summary Report shall ~~serve~~include a ~~copy on the United States Trustee, counsel~~proposed order, to ~~the Debtors, counsel~~be e-mailed to the ~~Official Committee~~Court in Microsoft Word format.  The Court may, in its discretion, enter a proposed order allowing uncontested interim fee applications recommended by the Fee Examiner prior to the scheduled hearing date without further need for a hearing.

~~(d)~~8.    The Application submission and ~~all Retained Professionals.~~reporting schedule for the first four interim fee periods, if applicable, shall be as follows:

_____

| INTERIM FEE PERIOD | FIRST | SECOND | THIRD | FOURTH |
|---|---|---|---|---|
| DATES | July 13, 2022[3] - October 31, 2022 | November 1, 2022-February 28, 2023 | March 1, 2023-June 30, 2023 | July 1, 2023-October 31, 2023 |
| APPLICATION DEADLINE | December 15, 2022 | April 14, 2023 | August 14, 2023 | December 18, 2023 |
| CONFIDENTIAL LETTER REPORT | February 15, 2023 | May 29, 2023 | September 28, 2023 | January 6, 2024 |
| SUMMARY REPORT FOR UNCONTESTED APPLICATIONS | Ten days prior to hearing | Ten days prior to hearing | Ten days prior to hearing | Ten days prior to hearing |
| HEARING DATE FOR UNCONTESTED APPLICATIONS | April, 2023, omnibus hearing | July, 2023, omnibus hearing | November, 2023, omnibus hearing | March, 2024, omnibus hearing |

8.9.    Any of the Fee Examiner's reporting periods set forth in paragraph 8, above, may be extended with the consent of the Fee Examiner and the applicable Retained Professional. Nothing herein shall be construed or interpreted to require the filing of Final Reports on all Applications prior to any Application and the Final Report specific thereto being considered by the Court, and the delay or adjournment of consideration of without further order of the Court.  For all parties other than the Fee Examiner and the U.S. Trustee, the deadline to object to an Application shall not affect the timing of hearings on the Applications of other Retained Professionals remains governed by Fed. R. Bankr. P. 2002(a)(6) absent a Court order extending that deadline.

9.10.    The Fee Examiner, the Debtors, the Official Committee and the Retained Professionals shall use best efforts to have undisputed portions of Applications both allowed by the Court and paid as soon as reasonably practicable, even if a Contested Amount remains disputed and subject to the procedures set forth above.

---

[3] Or the effective date of the professional's retention.

10.11.  All Retained Professionals (including attorneys, the Examiner, financial advisors, auditors, and claims consultants, but excluding all professionals retained pursuant to sections 328 and 363 of the Bankruptcy Code Sections 328 and 363) shall cooperate with the Fee Examiner in the discharge of the Fee Examiner's duties and shall, subject to the qualification set forth in Paragraph 6(b) above with respect to privileged matters or work product, promptly respond to any reasonable request for information from the Fee Examiner.

11.12.  Nothing contained herein shall affect the right, if any, of any party in interest in these cases to object or otherwise respond to any interim fee Application or monthly request for compensation and reimbursement of expenses, including those of the Fee Examiner. Nothing herein shall affect any party's right to request a waiver of the requirements of Local Bankruptcy Rule 2016-1 or the applicable Guidelines for Compensation and the requirements under Bankruptcy Code section11 U.S.C. § 330, to the extent they apply.  Nothing herein shall alter or modify prior orders governing the retention of professionals.

12.13.  Any communication between the Fee Examiner (or any agent thereof) and any ApplicationMonthly Fee Statement Recipient, (or any agent thereof), as defined in the First Amended Interim Compensation Order, as amended by this Order (or any agent thereof) that pertains to the fees or expenses of any Retained Professional of another ApplicationMonthly Fee Statement Recipient shall be in writing and copies thereof shall be sent to the Retained Professional whose fees or expenses are the subject of such communication, at the same time and by the same means as the communication between the Fee Examiner or the ApplicationMonthly Fee Statement Recipient.

13.14.  The ApplicationMonthly Fee Statement Recipients, as defined in the First Amended Interim Compensation Order, as amended by this Order, are authorized and

empowered to take any and all actions necessary to implement and effectuate the terms of this Order, but only to the extent such actions are not inconsistent with the express terms of the Order.

14.    The Interim Compensation Order is hereby modified as follows:

(a)  The Fee Examiner is designated as an additional Application Recipient entitled to receive monthly fee statements, and provide objections if appropriate, under the Compensation Procedures set forth in the Interim Compensation Order.

(b)  No later than three (3) business days after the filing of each Application, the Retained Professional shall send to the Fee Examiner via electronic mail the Application, including the fee detail containing the time entries and the expense detail ("Fee Detail") in searchable electronic format (Word, LEDES, Excel or PDF format).

(c)  A Retained Professional need not send to the Fee Examiner the electronic-formatted Fee Detail for any (i) Interim Fee Application if such Retained Professional has previously submitted the relevant Fee Detail with the applicable Monthly Fee Statement or otherwise or (ii) final fee Application if such Retained Professional has previously submitted the relevant Fee Detail with the applicable Interim Fee Application or otherwise. If any Retained Professional cannot reasonably convert its Fee Detail to the electronic format described above, the Fee Examiner will work with such Retained Professional to find an appropriate electronic format.

12.15.  All previously filed Applications and related Fee Details (as defined in the First Amended Interim Compensation Order) shall be provided to the Fee Examiner by electronic mail only to CelsiusFeeExaminer@gklaw.com, by each Retained Professional within 20 days of entry of this Order.  All previously filed Applications, all future Applications, supporting data, and all other documents, notices, or pleadings required to be sent to or served upon any ApplicationMonthly Statement Recipient under the First Amended Interim Compensation Order on and after the date hereof shall be served upon the Fee Examiner. The Honorable Christopher S. Sontchi, Delaware ADR, P.O. Box 7908, Wilmington, Delaware 19803; Email: christopher.sontchi@delawareadr.com.[4] by email only to CelsiusFeeExaminer@gklaw.com.

13.16.  The terms and conditions of this Order shall be immediately effective and enforceable upon its entry and shall remain in effect unless and until the Court orders otherwise.

14.17.  To the extent there is any inconsistency between the terms of any professional'sRetained Professional's retention agreement and this Order, the term of this Order shall govern.

15.18.  The Court retains jurisdiction to enforce, modify or vacate this Order after hearing upon not less than fourteen (14) days' notice to the Fee Examiner, the Debtors, the Official Committee, the *Ad Hoc* Committees, the Examiner, and the United States Trustee. Notwithstanding any provisions of this Order to the contrary, the Court retains ultimate authority to determine whether fees and expenses requested by any Retained Professional are necessary and reasonable under Bankruptcy Code section 330.

DATED this _____

---

[4] The Fee Examiner shall also be deemed to have filed a request for notice of papers filed in the chapter 11 cases under Bankruptcy Rule 2002 and the Fee Examiner shall be served with all such papers.

_____

The Honorable Martin Glenn
United States Bankruptcy
Judge

28330251.1