Christopher Little
*Pro se creditor*
November 25, 2022

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| CELSIUS NETWORK LLC, *et al*, 1 | ) ) ) | Case No. 22-10964 (MG) |
| Debtors. | ) ) |  |

**OBJECTION TO THE DEBTORS' AMENDED MOTION FOR ENTRY OF AN ORDER (I) ESTABLISHING OWNERSHIP OF ASSETS IN THE DEBTORS' EARN PROGRAM, (II) PERMITTING THE SALE OF STABLECOINS IN THE ORDINARY COURSE AND (III) GRANTING RELATED RELIEF**

I, Christopher Little, file this objection (the "Objection") to the Debtors' Amended Motion For Entry Of An Order (I) Establishing Ownership Of Assets In The Debtors' Earn Program, (II) Permitting The Sale Of Stablecoins In The Ordinary Course And (III) Granting Related Relief [Docket No. 1325 (the "Motion")].

I am a Celsius Network LLC Creditor whose digital coins are loaned to the Earn program. I hereby declare under penalty of perjury that everything in this objection is true and correct to the best of my knowledge, information, and belief.

In support of this Objection, I state and believe it is plain and clear that I retain all rights of title to my loaned digital coins due to the terms of service being ambiguous, confusing, unclear, and declared through conflicting language, and because Celsius was operating illegally by selling unregistered securities.

---

1 The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

1

**Background and Preliminary Statement**

I opened my Celsius account in January of 2022, and I loaned my digital coins to the platform on March 09, 2022.

I am not an attorney and cannot afford one due to ongoing financial difficulties related to this case. However, in an ongoing effort to maintain ownership of my digital coins, I humbly submit my pro se objection toward retaining ownership of my valuable property.

I am here to show the TOS cannot possibly be ruled legal for the following reasons:

- They are clearly ambiguous; multiple instances in the contract state we ***loan*** our assets, and another sentence refers to transferring title.

- Celsius was operating illegally by selling unregistered securities and was out of compliance with many State regulators and the SEC. Therefore, all versions of the Terms of Service contract are illegal and cannot be deemed binding over customers, and furthermore, any claim to ownership of customer coins is not legal.

**The language of each of the versions of the written TOS is ambiguous and not plain:**

As referenced in Stretto Doc 1292 Filed by Togut, Segal & Segal pgs 16 & 17 in this case:

> "30. A contract is unambiguous "if the language it uses has a 'definite and precise meaning, unattended by danger of misconception in the purport of the [agreement] itself, and concerning which there is no reasonable basis for a difference of opinion." Greenfield, 98 N.Y. 2d at 569 (citations omitted); Maverick Tube Corp., 595 F.3d at 466 ("An ambiguity exists where the terms of the contract could suggest more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement and who is cognizant of the customs, practices, usages and terminology as generally understood in the particular trade or business.") (internal quotation marks and citations omitted). Thus, "if the agreement on its face is reasonably susceptible of only one meaning, a court is not free to alter the contract to reflect its personal notions of fairness and equity." Greenfield, 98 N.Y. 2d at 569-70. (citations omitted).
>
> 31. New York courts construe issues of ambiguity against the drafting party— here, the Debtors. Jacobson v. Sassower, 66 N.Y.2d 991, 993 (1985) (1) ("[I]n cases of doubt or ambiguity, a contract must be construed most strongly against the party who prepared it, and favorably to a party who had no voice in the selection of its language."). The reason for this rule is that the party who is drafting the contract is presumably weighting the contract in its favor, and heavily."

With the Celsius Earn program, the Terms of Use were clearly ambiguous and not plain. The language used was confusing, contradictory, open to misconception, and not precise to a reasonably intelligent person. The Terms of Use are teeming with references to Earn Assets being **loaned** to the Debtors and not conveyed to the Debtors.

The Terms of Use state that debtors can both be lending their digital coins, which would imply ownership remained with the lender and transfer all rights and title to Celsius. This is confusing. To a reasonably intelligent person who has examined the Terms of Use to the best of their ability, the only logical conclusion to come to is that customer assets in Earn were just a loan.

I quote multiple instances from the TOS where this is stated:

> "CELSIUS IS A LENDING AND BORROWING PLATFORM. WHEN YOU TRANSFER DIGITAL ASSETS TO CELSIUS, THOSE DIGITAL ASSETS ARE A **LOAN** FROM YOU TO CELSIUS, IN ACCORDANCE WITH THE TERMS HEREOF. UNDER NO CIRCUMSTANCES DOES CELSIUS HOLD DIGITAL ASSETS IN CUSTODY ON YOUR BEHALF AS PART OF THE SERVICES GOVERNED BY THESE TERMS"

Stretto TOS Docket 393 page 319 of 1126

> "Your Celsius Account is not a deposit or checking account, and Celsius does not hold any Digital Assets on your behalf. All Eligible Digital Asset balances on your Account represent Digital Assets either **loaned by you to Celsius** or held by Celsius as collateral, and therefore, owned, held and/or controlled by Celsius (under the applicable Service, as further detailed herein), and subject to Celsius' obligation to deliver such Digital Assets back to you upon the termination of the applicable Service."

TOS Docket 393 page 405 (Version 6) and page 454 (Version 7)

> "B. Earn Rewards
> Our Earn Rewards service allows you to earn a financing fee from Celsius, referred to as "Rewards", in the form of Digital Assets (either in-kind, i.e. in the same Digital Asset you deliver, or in CEL Tokens, where permitted) in exchange for **entering into open-ended loans** of your Eligible Digital Assets to

---

1. https://cases.stretto.com/public/x191/11749/PLEADINGS/1174911062280000000005.pdf

Celsius under the terms hereof. By **lending** your Eligible Digital Assets to Celsius you grant Celsius all rights and title to such Digital Assets, for Celsius to use in its sole discretion.

The balance of Eligible Digital Assets **loaned** by you to Celsius, and any Rewards gained thereon (see further Section 12 below, "How Rewards are Calculated and Earned") are visible via your Celsius Account. You may **terminate any loan to Celsius at any time,** and request that Celsius return the borrowed Eligible Digital Assets and deliver any Rewards accrued from the Earn Rewards service, in each case **by transferring such Eligible Digital Assets and Rewards to your external Virtual Wallet** (in accordance with Section 11 below, "Withdrawals")."

Stretto TOS Docket 393 page 330, page 405, (Version 6), and page 455 (Version 7)

"Earn Rewards is not an investment program nor a speculative tool. Rather, you are earning Rewards as a financing fee **on the loan of Digital Assets you have transferred to Celsius,** in accordance with the rates published by Celsius from time to time, in accordance with these Terms.
By virtue of agreeing to these Terms and transferring any Eligible Digital Assets to the Virtual Wallet provided by Celsius via our platform (which, for the avoidance of doubt, shall be seen as completed only upon the receipt of such Eligible Digital Assets in the applicable Virtual Wallet controlled by Celsius), you agree **to lend** such Digital Assets to Celsius in accordance with the terms"

Stretto TOS Docket 393 page 330, page 406 (Version 6), and page 455 (Version 7)

**The terms of service do not form a binding contract because Celsius was out of compliance with many State regulators, the United States Security Commission (The SEC), and was operating illegally without the proper licenses**

The terms of service describe the contract that customers enter with Celsius as "a loan". However, regulators have found the Earn Program not to be a loan, but an unregistered security. This being the case, the Earn Program cannot legally be offered as a product, and its terms of service cannot be deemed legally binding. As such, stating that all right and title to customer digital coins belongs to Celsius becomes an immaterial point.  Such a statement cannot be seen as legally binding if the company making it is not operating legally and does not possess the proper licenses to do so presently in a reasonable amount of time.

4

The states of New Jersey, Texas, and Vermont, all filed Cease and Desist orders against Celsius.

   A. On September 17, 2021, the State of New Jersey Bureau of Securities filed a Summary Cease and Desist Order which found as a conclusion of law that Celsius offered and sold unregistered securities.

   38 The Earn Rewards product is a security as defined in N.J.S.A. 49:3-49(m).

   39 The Earn Rewards product was and is required to be registered with the Bureau pursuant to N.J.S.A. 49:3-60

   40 Celsius has offered and sold unregistered securities in violation of N.J.S.A. 49:3-60 and continues to do so.

In line 5 they stated:

   "The Bureau Chief enters this Order to protect the investing public by halting the offer and sale of these unregistered securities, and the contribution of additional assets to existing accounts. Nothing in this order shall preclude Celsius or any of its affiliates, from paying interest, also known as "Rewards" on the existing Celsius Earn Rewards accounts or refunding principal to the Earn Rewards investors consistent with Celsius Terms of Use." (1)

   B. The Texas State Securities Board filed a Notice of Hearing against Celsius on February 14, 2022, giving the following reasons:

26.   Respondents are not licensed as a Money Service Business in Texas to conduct currency exchange or money transmission activities defined by Chapter 151 of the Texas Finance Code.

27.   Respondents are not licensed with the United States Securities and Exchange Commission. Additionally, they are not registered with the Texas State Securities Board to offer or sell securities in Texas, as required by Section 12 of the Securities Act, and the Celsius Earn Interest-Bearing Accounts are not registered or permitted for sale in Texas, as required by Section 7 of the Securities Act. Accordingly, Respondents are violating laws designed to protect Texans. One of the reasons given was to protect the unsuspecting investing public from undisclosed risks.

30    Respondents are not disclosing material information necessary for investors to make an informed decision, including *critical material information about the risks* associated with purchasing its unregistered securities. (2)

---

1 https://www.nj.gov/oag/newsreleases21/Celsius-Order-9.17.21.pdf
2 https://www.ssb.texas.gov/sites/default/files/2021-09/20210917_FINAL_Celsius_NOH_js_signed.pdf

C. On August 12, 2022, the State of Vermont Department of Financial Regulation filed an Ex-Party Order to Cease and Desist operations. (1) In their filing they made the following points:

> Since June 2018, Respondents have been, at least in part, financing their asset deployment and investing activities through the sale of unregistered securities in the form of interest-earning cryptocurrency accounts (the "Celsius Earn Accounts") to residents of Vermont and other states. (Line 10)
>
> Respondents did not file or cause to be filed a registration statement with the SEC in connection with the offer and sale of the Celsius Earn Accounts. (Line 38)
>
> Respondents are not disclosing — and at all relevant times have not disclosed — material information to Celsius Earn Account investors that issuers of registered securities must include in a registration statement and provide to prospective investors in the form of a prospectus pursuant to Subchapter 3 of the Securities Act and Section 6-1 of the Vermont Securities Regulations. (Line 39).

If Celsius does not possess money transmitter licenses or licenses to sell securities, and the Earn Program is an unregistered security, then the Earn Product is illegal. If it is illegal, its terms and conditions regarding ownership are non-binding no matter the version creditors were forced to accept.

Due to all the above, I do not concede that Celsius acquired any legitimate property interest in, or ownership rights, to digital coins that I loaned to the Earn Program. They remain my property, my savings, and my digital coins which continue to belong to me.

I respectfully ask the Court to rule the Terms of Service void, non-binding, and illegal. I request that my digital coin assets; ETH, USDC Stablecoins, and BTC be ruled my property and set aside for return to me in kind from the Earn Program.

---

1 https://dfr.vermont.gov/sites/finreg/files/regbul/Celsius%20Order%20for%20Ex%20Parte%20Cease%20and%20Desist.pdf

I do not permit my USDC Stablecoins, nor any of my other digital coins, to be sold to fund the debtors' operations.

I ask to be excluded from the forced participation in a re-organization of Celsius, a company that continues to attempt to contractually deceive, mistreat, and cheat its customers.

I reserve the right to ask for a share of equity in any illiquid assets that customer digital coins have been used to purchase, a share in any future insider clawbacks, and a share in the return of loaned or staked assets to fill any shortfall in my original deposit of digital coins.

I reserve the right to file an adversary proceeding and more claims if I deem this necessary.

Notice

Notice of this Objection has been served on counsel to the Debtors, the Office of the United States Trustee, Counsel to the Committee and the Ad Hoc Groups, and all other parties who have requested notice in these cases pursuant to Bankruptcy Rule 2002. Under the Circumstances, I submit that such notice is adequate and sufficient and that no other or further notice is required.

Conclusion

1. WHEREFORE, Christopher Little, respectfully requests that this Court (i) determines that his cryptocurrency is not the property of the estate; that the Debtors' proposed Motion be DENIED, and this Objection be SUSTAINED.

2. Dated: November 25, 2022

   Brambleton, VA

Respectfully submitted,

By: /s/ Christopher Little

Pro Se Creditor

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 25, 2022, a copy of the foregoing Objection was electronically transmitted via the Court's CM/ECF system to those listed on the Court's Electronic Mail Notice list:

- **David J. Adler** dadler@mccarter.com
- **Susan L Adler** nycsa@aol.com, susannycsa@gmail.com
- **Nelly Cessiska Almeida** nalmeida@milbank.com, jbrewster@milbank.com; aheine@milbank.com; mwyanez@milbank.com; nelly-almeida8701@ecf.pacerpro.com
- **Andrea Amulic** andrea.amulic@whitecase.com, jdisanti@whitecase.com, mco@whitecase.com
- **Michael Andolina** mandolina@whitecase.com, jdisanti@whitecase.com, mco@whitecase.com
- **Darren T. Azman** dazman@mwe.com, mco@mwe.com; cgreer@mwe.com
- **Alexandra Steinberg Barrage**   abarrage@dwt.com
- **Malcolm M Bates** mbates@duanemorris.com
- **Ronit Berkovich** Ronit.Berkovich@weil.com
- **Jeffrey Bernstein** jbernstein@mdmc-law.com, kpatterson@mdmc-law.com
- **Michael P. Broadhurst** mbroadhurst@wgpllp.com
- **Dean Lindsay Chapman** dchapman@akingump.com, AGSearch-Lit@akingump.com; kmanlove@akingump.com; nymco@akingump.com
- **Michael Chen** mchen@akingump.com
- **Shawn M. Christianson** schristianson@buchalter.com, cmcintire@buchalter.com
- **Jeffrey S. Cianciulli**   jcianciulli@wgpllp.com, imarciniszyn@weirpartners.com
- **Marvin E. Clements**   agbanknewyork@ag.tn.gov
- **Hollace T. Cohen**   hollace.cohen@fisherbroyles.com
- **Aaron Colodny** aaron.colodny@whitecase.com, jdisanti@whitecase.com, mco@whitecase.com
- **Dawn R. Copley** dcopley@dickinsonwright.com, tcorey@dickinsonwright.com
- **Karen Cordry** kcordry@naag.org
- **Shara Claire Cornell** shara.cornell@usdoj.gov
- **Anthony J. DeGirolamo** tony@ajdlaw7-11.com
- **Roma N Desai** roma.desai@oag.texas.gov
- **Thomas Robert Dominczyk** tdominczyk@mauricewutscher.com, thomas-dominczyk-5025@ecf.pacerpro.com
- **Daniel Eggermann** deggermann@kramerlevin.com, corporate-reorg-1449@ecf.pacerpro.com
- **Stuart P. Gelberg** spg@13trustee.net
- **Jeffrey R. Gleit** jeffrey.gleit@afslaw.com, lisa.indelicato@afslaw.com; alyssa.fiorentino@afslaw.com
- **Brian D. Glueckstein** gluecksb@sullcrom.com, s&cmanagingclerk@sullcrom.com; brian-glueckstein-5384@ecf.pacerpro.com
- **Bonnie R. Golub** bgolub@wgpllp.com
- **Andrew R. Gottesman** gottesman@mintzandgold.com, gottesman@mintzandgold.com

9

- **Brian G. Hannon** bhannon@norgaardfirm.com, sferreira@norgaardfirm.com; kcimmino@norgaardfirm.com; crose@norgaardfirm.com
- **Juandisha Harris** harrisj12@michigan.gov
- **Samuel P Hershey** shershey@whitecase.com, mco@whitecase.com, jdisanti@whitecase.com
- **Mitchell Hurley** mhurley@akingump.com, bkemp@akingump.com; dkrasa@akingump.com
- **Monique Debrikka Jewett-Brewster** mjb@hopkinscarley.com, eamaro@hopkinscarley.com
- **Katherine Johnson** kjohnson3@ftc.gov, kaizpuru@ftc.gov
- **John Kane** jkane@akingump.com
- **Barry R. Kleiner** dkleiner@kkwc.com
- **Gregory Kopacz** gkopacz@sillscummis.com
- **Lawrence J. Kotler** ljkotler@duanemorris.com
- **Bryan Kotliar** bkotliar@teamtogut.com, eblander@teamtogut.com; jmcclain@teamtogut.com; gquist@teamtogut.com; astolp@teamtogut.com
- **Deborah Kovsky-Apap** deborah.kovsky@troutman.com, kay.kress@troutman.com
- **Erica Kravchenko** ekravchenko@bernsteinlaw.com
- **Tyler Nathaniel Layne** tyler.layne@wallerlaw.com, chris.cronk@wallerlaw.com
- **Vincent Edward Lazar** vlazar@jenner.com
- **Thomas Scott Leo** sleo@leolawpc.com, emartinez@leolawpc.com
- **Nicole A Leonard** nleonard@mdmc-law.com, sshidner@mdmc-law.com
- **Seth H. Lieberman** slieberman@pryorcashman.com, cfrench@pryorcashman.com
- **Edward J. LoBello** elobello@msek.com
- **Stephen Manning** stephen.manning@atg.wa.gov, GCEEF@atg.wa.gov
- **Hugh R. McCullough** hughmccullough@dwt.com, elainehuckabee@dwt.com; SEADocket@dwt.com
- **Joshua Mester** jmester@jonesday.com
- **Layla Milligan** Layla.Milligan@oag.texas.gov
- **Julie F. Montgomery** jmontgomery@brownconnery.com
- **Michael D. Morris** morrismd@doj.state.wi.us, radkeke@doj.state.wi.us
- **Carl D. Neff** carl.neff@fisherbroyles.com
- **Mark Norgaard** mnorgaard@norgaardfirm.com, crose@norgaardfirm.com; sferreira@norgaardfirm.com
- **Kyle J. Ortiz** kortiz@teamtogut.com, dperson@teamtogut.com; aoden@teamtogut.com; aglaubach@teamtogut.com; eblander@teamtogut.com; bkotliar@teamtogut.com; gquist@teamtogut.com; astolp@teamtogut.com; lebrahimi@teamtogut.com
- **Michael Todd Parker** todd.parker@parkerpohl.com
- **Arie Peled** aapeled@venable.com
- **Gregory F Pesce** gregory.pesce@whitecase.com, jdisanti@whitecase.com,mco@whitecase.com
- **Richard J. Pilson** richardjpilson@aol.com
- **David M Pohl** david.pohl@parkerpohl.com
- **John Reding** john.reding@ilag.gov
- **Annemarie V. Reilly** annemarie.reilly@lw.com

- **Kyle William Roche** kyle@kyleroche.law, akaradjas@rochefreedman.com
- **Jennifer Rood** jennifer.rood@vermont.gov
- **Abigail Ryan** abigail.ryan@oag.texas.gov
- **Jeffrey S. Sabin** jssabin@venable.com
- **Ray C Schrock** ray.schrock@weil.com, matthew.goren@weil.com
- **William D Schroeder** schroeder@jrlaw.org, healey@jrlaw.org
- **Paul R. Shankman** pshankman@fortislaw.com
- **Virginia T. Shea** vshea@mdmc-law.com, tcolombini@mdmc-law.com;mtaranto@mdmc-law.com
- **Paul N. Silverstein** paulsilverstein@huntonak.com
- **Scott D. Simon** ssimon@goetzfitz.com
- **Katherine Stadler** kstadler@gklaw.com, kboucher@gklaw.com
- **Catherine Steege** csteege@jenner.com, jeffrey_cross@discovery.com
- **Howard Steel** HSteel@goodwinlaw.com
- **Joshua Sussberg** jsussberg@kirkland.com, hannah-kupsky-3566@ecf.pacerpro.com
- **Lucy Thomson** lucythomson_cpo@earthlink.net
- **David Turetsky** david.turetsky@whitecase.com, jdisanti@whitecase.com,mco@whitecase.com
- **United States Trustee** USTPRegion02.NYECF@USDOJ.GOV
- **Morris D. Weiss** morris.weiss@wallerlaw.com, sherri.savala@wallerlaw.com;annmarie.jezisek@wallerlaw.com
- **Dina L. Yunker Frank** bcuyunker@atg.wa.gov
- **Evan J. Zucker** ezucker@blankrome.com, eDocketing@blankrome.com

                                         /s/ Christopher Little
                                         Christopher Little