**UNITED STATES BANKRUPTCY COURT**         Chapter 11 Case No. 22-10964 (MG)

**SOUTHERN DISTRICT OF NEW YORK**          (Jointly Administered)

In re CELSIUS NETWORK LLC, *et al[1].,*

# DANIEL A. FRISHBERGS' OBJECTION TO THE DEBTORS MOTION TO SCHEDULE AN EXPEDITED HEARING AND SHORTEN THE NOTICE PERIOD ON THE DEBTORS' (A) AMENDED MOTION FOR ENTRY OF AN ORDER (I) APPROVING THE DEBTORS' KEY EMPLOYEE RETENTION PLAN AND (II) GRANTING RELATED RELIEF AND (B) AMENDED MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO REDACT AND FILE UNDER SEAL CERTAIN CONFIDENTIAL INFORMATION RELATED TO THE DEBTORS' KEY EMPLOYEE RETENTION PLAN

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

Daniel A. Frishberg ("Mr. Frishberg") files this Objection (the "Objection") to the Debtors Amended Motion (Docket No. 1429, (the "Motion")). In support of this Objection, Mr. Frishberg states as follows:

**Preliminary Statement**

The Debtors seek to shorten notice on their Amended Motion, yet they, and this court, **denied** me the **exact** same request for my motions. I amended a motion of mine on October 13th, 2022, and yet that (18 days before the hearing) was insufficient notice. The Debtors filed the Motion 15 days before the December 5th, 2022, hearing. For that reason alone, their Motion should be **DENIED**, and my Objection should be **SUSTAINED**. Yet that is not all; not only are the Debtors being hypocritical, but they also are seeking to take up time at an extremely busy and packed hearing, other parties such as myself were unable to get a spot at that hearing, and yet the Debtors who filed later, seek to get one. If those two factors were not bad enough, the Debtors also did not consult with me to request my consent[2] (as I request their consent for any expedited timelines). They *also* **blatantly** ignored my extremely clear *Reservation Of Rights*[3]. As stated in my *Reservation Of Rights* that was filed on November 14th, 2022, "I do not consent to any procedural relief for the Debtor on **any matter**", "I do **not** consent to filings under seal or motions to shorten time, on this matter, **or any matter**, without my explicit consent or a court order allowing for such actions", "I would encourage them to attempt to talk to me at the front end versus resolving everything via the court, or submitting eleventh-hour proposed orders or stipulations that I have not reviewed, and approved", and (in my opinion this was *quite* clear, and it is unmodified): "**I consent to literally nothing, unless otherwise explicitly stated,**

---

[2] I do not grant them consent.
[3] https://cases.stretto.com/public/x191/11749/PLEADINGS/117491114228000000317.pdf

**and reserve literally any and all rights, especially ones that I do not know exist**".

## Argument

The Debtors cannot deny others (such as myself) the ability to shorten time, while simultaneously doing that for themselves. The Debtors also clearly violated the rights that I reserved for myself. Their notice is three days shorter than what they (a very large law firm with many resources) received. I am unable to adequately respond to their motion on this unacceptably short timeframe. The Debtors should wait in line with everyone else for a hearing date *instead* of **seeking to cut it**. The Debtors do **not** deserve special treatment.

The Debtor's counsel should know better than to file their Motion seeking the same relief they denied me. Kirkland and Ellis is among the top law firms in the world, so presumably, they should be able to read my reservation of rights and deduce that I would object. As the Debtors themselves said in their reply to my Objection (about them violating my due process rights): "Bankruptcy Rule 2002(a)(2) provides that "the clerk, or some other person as the court may direct, shall give . . . all creditors . . . at least 21 days' notice . . . of: . . . (2) a proposed use, sale, or lease of property of the estate other than in the ordinary course of business . . . .[4]". The Debtors here seek to use depositor money to give (what previously has been described as "bonuses to insiders" by the US Trustee) bonuses to employees of Celsius, which is most certainly not in the ordinary course of business, or they would not be filing their Motion to do so, they would simply do it. For that reason, Kirkland and Ellis should not be paid for any and all

---

[4] Fed. R. Bankr. P. 2002(a)(2).

billings[5] to do with the Motion. The Debtors Motion should be **DENIED**, and my Objection should be **SUSTAINED**.

It is also unreasonable to expect me to be able to read and respond to their Motion on such a short notice/timeline. This will happen not *only* over the Thanksgiving holidays and my birthday, but it will also occur in the lead up to, and during finals week for me[6]. I already have my hands full with objecting to the Debtors motion to extend exclusivity and the Debtors (not so sneaky) attempt to declare all "Earn" account assets property of the estate via the stablecoin motion. I also have to deal with the Debtors blatantly, not only breaking their word (as they said I would have the opportunity to depose the declarants), but also denying me my **due process** rights by not allowing me the already *extremely* **narrow** and **insufficient** discovery process, which *in itself* is grounds to deny their *insanely* restrictive, and short timelined proposed scheduling order.

**Conclusion**

For the above reasons, the Debtor's Motion should be **DENIED** (and in regards to their requests to expedite the timelines, their Motion should be **DENIED** with prejudice). The Debtors (or any other party) cannot get preferential treatment, especially when other parties requested a spot at the December 5th, 2022, hearing earlier than the Debtors and did not receive it. I'm only human, and it is already a lot of work to keep up with these world-class lawyers who sound like

---

[5] As well as compensate the estate for any increased billings by parties such as the UCC, and counsel for the examiner, etc. Billings include expenses as well.
[6] I can't exactly go up to my teacher, and say: "well I can't study for the exam now, nor can I take it, since I gotta go basically be a bankruptcy lawyer, but without the money".

they are speaking another language half the time. It's ridiculous to *not only* expect me to do that but to do so with shortened notice over **the holidays, my birthday, *and* during finals week**.

Respectfully Signed,

Daniel A. Frishberg *Pro Se*

11/23/2022

*/s/Daniel A. Frishberg*

Exhibit A (text color, and size modified):

"Daniel,

This is in regard to the amended motions you filed today, only one day prior to the objection deadline. The Debtors do not consent to any incremental relief in your amended motions filed at docket nos. 1194 and 1199 (together, the "Amended Motions") being heard on Nov. 1.

The only motions currently set for the Nov. 1 hearing are filed at docket nos. 1041 and 1042.

If you would like to have a hearing on the Amended Motions, please contact chambers and request a new hearing date.

**Dan Latona"**

Exhibit B:

" (a) *Daniel A. Frishbergs' Amended Motions to Compel Insider Clawbacks by the Debtors/UCC*

[Docket No. 1052] (the "Amended Clawback Motion")"