Hearing Date: December 5, 2022<br>Hearing Time: 2:00 p.m.

David J. Adler
McCARTER & ENGLISH, LLP
825 8th Avenue
Worldwide Plaza
New York, New York 10019
Telephone: (212) 609-6847
Facsimile: (212) 609-6921
E-mail: dadler@mccarter.com
*Attorneys for Zaryn Dentzel, Grgeory Kieser,*
*Joseph Eduardo and Michael Ronan Conlon*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | Jointly Administered |

**LIMITED OBJECTION OF CERTAIN CELSIUS BORROWERS TO DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) EXTENDING THE DEBTORS' EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF PURSUANT TO SECTION 1121 OF THE BANKRUPTCY CODE AND (II) GRANTING RELATED RELIEF (ECF DOC. #1317)**

Zaryn Dentzel, Gregory Kieser, Joseph Eduardo and Michael Ronan Conlan (collectively, the "Borrowers") by and through their counsel, McCarter & English, LLP, hereby submit this objection (the "Objection") to the motion of the above-captioned debtor in-possession (the "Debtors" or "Celsius") for the entry of an order pursuant to 11 U.S.C. § 1121(d), extending the exclusive periods during which only the Debtor may file a Chapter 11 plan and solicit acceptances thereof (the "Exclusivity Motion"; ECF Doc. #1317), and respectfully states as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business is 121 River Street, PH05, Hoboken, New Jersey 07030.

**LIMITED OBJECTION**

The Borrowers object to the Debtors' requested extension of exclusivity for an additional 141 days to file a plan until March 31, 2023 and 142 days to solicit votes on a plan (until May 31, 2023).

Given the status of these cases and the events that are transpiring in the cryptocurrency world on a daily basis, the Borrowers believe that the Debtors' requested extension of 141 days be reduced to sixty days. Sixty days should be sufficient time to determine whether a sale of the Debtors' assets will actually occur. Additionally, this additional time should provide sufficient time for the examiner to complete her report and for the Court to rule on certain threshold issues in the case – namely, the pending motions of the Debtors relating to the release of certain assets held in custodial accounts and the proposed sale of stable coins. Finally, it is the understanding of the Borrowers that the Debtors have sufficient cash flow during this sixty day period to pay administrative expenses without selling stable coins or other assets outside the ordinary course of business.

These cases are consuming enormous amounts of professional fees and the Borrowers believe that a reassessment of where these cases are headed in sixty days (rather than in 141 days) is appropriate.

Moreover, in granting this request, the Court should require the Debtors to provide greater transparency to constituents. In the Exclusivity Motion, the Debtors assert that they are "engaging with stakeholders at unprecedented levels." Exclusivity Motion at ¶4. The Borrowers do not agree with the Debtors' statement and believe that the wave of *pro se* filings in this case has occurred because the Debtors have <u>not</u> engaged sufficiently with stakeholders in this case. Accordingly, the Borrowers believe that the Debtors should provide greater transparency on their restructuring efforts (*e.g.* weekly updates on Stretto and town hall meetings).

Finally, the Borrowers also believe that the Debtors' representatives should be creating a process whereby prospective bidders can interact with the creditor groups as part of its evaluation of the assets to be acquired. In this bankruptcy, the retail customer base represents enormous value to a prospective buyer. If, for example, creditors or certain creditor groups would be willing to commit to keeping their crypto on the platform of a prospective buyer after a sale, that information would undoubtedly result in higher bids for the assets. Moreover, certain groups of creditors (such as the borrowers) have rights under 11 U.S.C. § 363(o) and discussions with those constituents would seem to be necessary in order for a bidder to adequately evaluate the value of the assets to be acquired. In conclusion, the Debtors should be focused on creating a sale process where the prospective bidders can interact with creditor constituencies to assist the bidders in evaluating the assets and maximize the bidding for the benefit of the estate.

**WHEREFORE,** the Borrowers respectfully requests that this Court enter an order limiting the extension of exclusivity to file a plan for an additional sixty days (until January 11, 2023) and to solicit votes to an additional sixty days thereafter (until March 12, 2023).

Dated: New York, New York
November 28, 2022

**McCARTER & ENGLISH, LLP**

By: /s/ David J. Adler
David J. Adler
(A member of the Firm)
Email: dadler@mccarter.com
825 8th Avenue
Worldwide Plaza
New York, New York 10019
Telephone: (212) 609-6847
Facsimile: (212) 609-6921

*Attorneys for Zaryn Dentzel, Grgeory Kieser, Joseph Eduardo and Michael Ronan Conlon*