**Víctor Ubierna de las Heras**
Email: victorub@protonmail.com
Telephone +34 699760721

Pro se Creditor

**UNITED STATES BANKRUPTCY COURTSOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |
| | **Related Docket Nos.: 1317** |

## VÍCTOR UBIERNA DE LAS HERAS OBJECTION TO DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) EXTENDING THE DEBTORS' EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF PURSUANT TO SECTION 1121 OF THE BANKRUPTCY CODE AND (II) GRANTING RELATED RELIEF

Víctor Ubierna de las Heras, *pro se* creditor, states as follows in support of this objection to the *Debtors' Motion For Entry Of An Order (I) Extending The Debtors' Exclusive Periods To File A Chapter 11 Plan And Solicit Acceptances Thereof Pursuant To Section 1121 Of The Bankruptcy Code And (Ii) Granting Related Relief*, filed by the Debtors with docket number 1317:

### OBJECTION

---

[1] The Debtors in these chapter 11 cases and the last four digits of their federal tax identification number are as follows: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030

1.  That this is the Debtors' first request to extend their Exclusive Periods says nothing and does not constitute cause for an extension. See In re General Bearing Corp., 136 B.R. 361, 367 (Bankr. S.D.N.Y. 1992). As Judge Glenn explained in the *LEXINGTON PRECISION CORP., Et.Al.* case: "Some courts have held that for the moving party to meet its burden it must produce affirmative evidence to support a finding of cause. See In re Parker Street Florist & Garden Center, Inc., 31 B.R. 206, 207 (Bankr. D. Mass. 1983) (debtor's assertion that it did not want the interference of competing plans was found insufficient to make an affirmative showing of cause).". Here, Debtors do not present any type of evidence to back up their pretension. Furthermore, if we analyze the *Adelphia* factors, Celsius fails in its pretension. One of the factors is "(f) whether the debtor has made progress in negotiations with its creditors". It is more than clear that this needs to happen, but it is still not happening. Or "(c) the existence of good faith progress toward reorganization;". Celsius in clearly not working in good faith towards reorganization when they are trying to sell everything and for example not cooperating with the UCC (see docket 1412). They do not also provide evidence as to this. Furthermore, Creditors do not want Celsius to reorg. Creditors just want Celsius to give coins back and disappear forever, as Creditors will clearly not stay in a company that has scammed them. Thus, no viable plan can be presented if Celsius does not faces the fraud allegations and just keeps fighting creditors.

2.  Debtors are seeking an exclusivity extension that is even bigger than the original exclusivity period. It is insane. Very little progress has been made. If one studies the achievements Debtors said they made they are very poor. For example, they argue that they have been successful in filing the schedules of assets and liabilities and statements

of financial affairs. Federal Rule of Bankruptcy Procedure 1007 requires Debtors to file this in the first 14 days. That 4 months later they argue that because they did that, they deserve an exclusivity extension is not right. Debtors also argue that they have been transitioning to a new senior leadership after Mashinsky's resignation. It took Celsius more than two months to do this. In contrast, in the FTX case it only took them 1 day. Celsius cannot argue progress when they are losing time month after month. Section 1121 of the Bankruptcy Code provides that for the 120 days after the date of the entry of the order for relief, the Debtor has the exclusive right to file a plan of reorganization. 11 U.S.C. § 1121(b). Here, however, Debtors request an extension of 141 days. That is even longer than the original period. The Court should deny the Motion, but if it were to grant it less time should be extended. The biding process will end in the near future. If the Court is going to grant the extension, it should only be just until after the bidding process, enabling parties to see it conclusion and argue again if exclusivity should be extended for a second time.

3. Courts has previously granted in some cases Shared Exclusivity (See In re Young Broad., Inc., No. 09-10645 (AJG) (Bankr. S.D.N.Y. Aug. 12, 2009) [Docket No. 549]). Celsius case should be one of these cases. The main goal of Chapter 11 is negotiating. Here, however Debtors and their Counsel have chosen to litigate everything. There is ongoing litigation regarding the earn issue, there is litigation and future litigation regarding both the collateral/loans issue and the equity issue is expected. Debtors have relinquished their responsibility to negotiate and reach agreements that expedite the process. Public information already published suggest that Celsius is going to run out of liquidity either in the ending of the first quarter or the beginning of the second quarter of 2023. That is even before than the extension of exclusivity shough by the

Debtors. Were the UCC able to negotiate a plan that, they should be permitted to file it. Additionally, in *In re United Press Intern., Inc., 60 B.R. 265, 271 n.12 (Bankr. D. Col. 1986),* adopted a "middle approach" providing the committee and the debtor with the exclusive right to file a plan. The court noted that "[t]he statute does not expressly prohibit this eminently sensible middle course, and I can perceive no reason to find any such prohibition by implication.". While it is true that this Court has also denied similar request (*See docket 969 in In re:BORDERS GROUP, INC., et al., Case No. 11-10614 (MG)*), but in that case the Committee acknowledged that debtors agreed to include a specific inclusion enabling the UCC to file its own plan. Thus, considering this whole paragraph, if the Court is going to grant an exclusivity extension it should also allow the UCC to file a Plan.

## **Conclusion**

For the foregoing reasons, the Court should deny the Motion. Debtors do not provide evidence of their arguments and they do not pass the Adelphia factors. Accordingly, the Court should deny the Motion or grant less time and exempt the UCC from the exclusivity.

Dated: November 28, 2022

Madrid, Spain            Respectfully submitted,

                                           Víctor Ubierna de las Heras
                                           By: /s/ Víctor Ubierna de las Heras

Víctor Ubierna de las Heras
Pro se creditor
+34 699760721
victorub@protonmail.com