UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, et al.,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## LIMITED OBJECTION

Now comes the Vermont Department of Financial Regulation (Vermont), through counsel, and objects to the Debtors' Amended Motion to Establish Ownership of Assets in the Earn Program, Sell Stablecoin in the Ordinary Course and for related relief. DE # 1325 (the "Motion"). In support of this objection, Vermont states as follows:

## INTRODUCTION

1.  The above-captioned Celsius debtors ("Debtors") commenced these bankruptcy cases by filing voluntary Chapter 11 petitions on July 13, 2022 ("Petition Date").

2.  Debtors continue to operate their businesses as Debtors in possession pursuant to 11 U.S.C. §§ 1107 and 1108. The cases are being jointly administered pursuant to an Order of this Court dated July 19, 2022. DE #53.

3.  On August 19, 2022, the first meeting of creditors was commenced pursuant to 11 U.S.C. § 341 (the "341 Meeting").

4.  On August 18, 2022, the United States Trustee filed a Motion for Entry of an Order Directing the Appointment of an Examiner (the "Examiner Motion"). On September 14, 2022, this Court entered an Order directing the United States Trustee to appoint an examiner. DE # 820. On September 29, 2022, the United States Trustee filed a Notice of Appointment. DE # 920. The Court has entered an Order Appointing an Examiner. DE # 923.

---

[1] Debtors include Celsius Network LLC, Celsius KeyFi LLC, Celsius Lending LLC, Celsius Mining LLC, Celsius Network Limited, Celsius Networks Lending LLC, and Celsius U.S. Holding LLC. The Debtor's principal place of business is 121 River Street, PH05, Hoboken, New Jersey 07030.

5.     On November 19, 2022, the Examiner filed her Interim Report. DE # 1411.

6.     Debtors' Amended Motion to Establish Ownership of Assets in the Earn Program, Sell Stablecoin and for Related Relief, DE # 1325, supplements and renews Debtors' Motion to Sell Stablecoin in the Ordinary Course and for Related Relief, DE # 832 ("the Original Stablecoin Motion"). The Motion seeks authorization to sell only Stablecoins held in Earn accounts.

7.     Since the filing of the Original Motion, briefing schedules have been established with respect to certain outstanding legal issues concerning ownership of the crypto assets held in Earn, Custody, and Withhold Accounts.  The Stablecoins at issue are held in Earn accounts.

8.     Vermont remains concerned about Debtors' Motion. Vermont objects to the Motion to the extent it purports to authorize Debtors to spend the proceeds of the sale of Stablecoin. Vermont files this limited objection because a) Ownership of the assets in the Earn program has not been determined and the Terms of Use cited by the Debtors are internally inconsistent about whether customers loaned or sold their crypto assets to Celsius; b) as was made clear by the Examiner's Interim Report, Debtors did not have adequate systems to segregate Custody or Withhold assets from Earn assets, making it difficult for any customer to understand or protect their rights, regardless of the Court's decision on ownership; and c) the future of this Chapter 11 proceeding remains unclear, thus Debtors should not be spending any cash unnecessarily.

9.     Vermont does not object to the sale of the Stablecoin held in Earn accounts to the extent the proceeds of sale are escrowed pending further Order of this Court.

## OWNERSHIP AND STATUS OF CRYPTO ASSETS REMAINS UNCLEAR

10.    This Court has not yet determined whether and to what extent various classes of crypto assets held by the Debtors are property of the bankruptcy estate.  Debtors seek authority to sell Stablecoin held in Earn accounts.

11.    Vermont takes no position on the legal question of who owns the crypto assets, including the Stablecoin held in Celsius Earn accounts. Debtors make much of portions of the Terms of Use documents applicable to most customers, arguing that those Terms of Use[2]

---

[2] Based on data provided by the Debtors, Terms of Use Versions 6 through 8 appear to be applicable to most current Celsius customers.

unambiguously convey title in the crypto assets to Celsius. Those very Terms of Use, however, contain such statements as "You grant Celsius…*for the duration of the period during which the Digital Assets are loaned to us*… all right and title to such Digital Assets, including Ownership rights." TOU, Versions 6 through 8, section 13. (emphasis added) It is not clear how ownership could be conveyed in such a temporary fashion.

12. Additionally, regardless of how the Court decides the ownership question, it seems clear the Debtors have maintained customer accounts in a fashion which will make it very difficult as a practical matter to sort out ownership and, if applicable, return crypto assets to their rightful owners. In her Interim Report, for example, the Examiner states:

"shortfalls in Custody wallets were funded by the Main wallets, where Earn deposits and other crypto assets were held, and no effort was made to segregate or separately identify any assets associated with the Withhold accounts, which were commingled in the Main wallets." *Examiner Interim Report, DE # 1411, page 13.* The Examiner goes on to note that the manner in which Celsius maintained the various accounts would make it very difficult for any customer to understand what they owned on the Petition date.[3]

13. Finally, the Debtors' path to reorganization remains murky. More than four months into the Chapter 11 case, Debtors have shown little progress toward a Chapter 11 plan and appear to be conducting little business beyond the running of the case itself. Until there is a confirmed plan or other viable exit strategy, Debtors should not be spending cash unnecessarily. Debtors appear to have sufficient current liquidity to operate in the short term without spending the proceeds of Stablecoin sales.

## CONCLUSION

For all of the reasons stated herein, Vermont objects to the Debtors' Motion and requests that, if the Court authorizes the sale of Stablecoin, all proceeds of sale be escrowed pending further order of the Court.

---

[3] The account maintenance issues are explored in more detail later in the Examiner's Interim Report, DE # 1411.

Dated: November 29, 2022

        Vermont Department of Financial Regulation

        By: */s/ Jennifer Rood*
            Jennifer.rood@vermont.gov