**FOX ROTHSCHILD LLP**
49 Market Street
Morristown, New Jersey 07960
Telephone: (973) 992-4800
Facsimile: (973) 992-9125
Michael R. Herz, Esq.

*Attorneys for Nuno Saraiva*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------- x
  In re                                                   :
                                                           : Chapter 7
  CELSIUS NETWORK LLC, *et al.*,[1]                        :
                                                           : Case No. 22-10964 (MG)
               Debtors.                  :
                                                           : Jointly Administered
------------------------------------------------------------- x

**OBJECTION AND JOINDER OF NUNO SARAIVA TO OBJECTIONS OF
OTHER EARN PROGRAM ACCOUNT HOLDERS TO DEBTORS'
AMENDED MOTION FOR ENTRY OF AN ORDER (I) ESTABLISHING
OWNERSHIP OF ASSETS IN THE DEBTORS' EARN PROGRAM, (II)
PERMITTING THE SALE OF STABLECOIN IN THE ORDINARY
COURSE AND (III) GRANTING RELATING RELIEF**

Nuno Saraiva, by and through his attorneys, Fox Rothschild LLP, hereby submits this Objection and Joinder to Objections filed by other Earn Program[2] account holders (the "Objection and Joinder") to the Debtors' *Amended Motion for Entry of an Order (I) Establishing Ownership of Assets in the Debtors' Earn Program, (II) Permitting the Sale of Stablecoin in the Ordinary Course and (III) Granting Related Relief* (the "Amended Motion") [D.I. 1325], and respectfully states:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] Unless otherwise defined, capitalized terms shall have the same meaning as set forth in the Amended Motion.

140245005.1

I.     **Background**

1.     On July 13, 2022 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code").

2.     According to the Debtors' filings, on the Petition Date, there were over 600,000 users of the Debtors' Earn Program, and the market value for digital assets tied to Earn Program users as of July 10, 2022 was $4.2 billion. *See Declaration of Alex Mashinsky, Chief Executive Officer of Celsius Network LLC, In Support of Chapter 11 Petitions and First Day Motions* at ¶ 49 [D.I. 23]. It is understood that Earn Program account holders accounted for the vast majority of the Debtors' users as of the Petition Date.

3.     Mr. Saraiva, who resides in Portugal, had an account under the Debtors' Earn Program on the Petition Date. Between December 27, 2021 and June 29, 2022, Mr. Saraiva transferred various assets into his account. The final transfer by Mr. Saraiva of assets into his account was made inadvertently on or about June 29, 2022 for the equivalent approximately $24,067.42.[3] Mr. Saraiva, realizing the mistake, promptly contacted the Debtors on July 3, 2022 to request that the funds be withdrawn. The Debtors' Customer Care Expert responded by email the following day, advising that the Debtors could not process any withdrawals, but that the Debtors' "intention is to honor all withdrawals, over time, and we will make note of your request and take it into consideration once withdrawals are possible." A copy of the email exchange between Mr. Saraiva and the Debtors' Customer Care Expert is attached as **Exhibit A**.

4.     On September 15, 2022, the Debtors filed the original version of the Amended Motion, which only sought authorization to sell Stablecoin in the ordinary course and did not include a request to establish ownership of assets in the Earn Program [D.I. 832]. On November

---

[3] Mr. Saraiva intended to make the transfer to a digital wallet with another cryptocurrency exchange.

11, 2022, the Debtors filed the Amended Motion, adding the request that the Court enter an order "establishing ownership of assets transferred into the Debtors' Earn Program (and any proceeds thereof)." Amended Motion at ¶ 5.

5.  It is understood that the Debtors and the Committee agreed to a discovery schedule with respect to the Amended Motion as set forth in a proposed scheduling order (the "Proposed Scheduling Order") [D.I. 1324]. Notably, the Proposed Scheduling Order was docketed prior to the Amended Motion being filed and includes an extremely expedited and truncated discovery schedule between the Committee and the Debtor to occur in a period of just eight (8) days between November 14, 2022 and November 22 2022.[4] The Proposed Scheduling Order allowed parties-in-interest to participate in the rushed discovery process through submitting questions to the Committee by November 12, 2022 (one day after the Amended Motion was filed) and to potentially attend depositions by submitting a written request to Debtors' counsel by November 17, 2022 (six days after the Amended Motion was filed). The Proposed Scheduling Order further provided that the "Committee is the only party permitted to submit written deposition questions to the Debtors in connection with the Amended Motion and the Debtor shall not be required to respond to any other written deposition questions." Proposed Scheduling Order at ¶ 2. According to the *Response of the Official Committee of Unsecured Creditors to Daniel A. Frishberg's Objection to Debtors' Proposed Scheduling Order Regarding Title to Earn Program Assets and the Sale of Certain Stablecoin*s, the Debtors "refused to respond to 30 of the 45 questions, and provided incomplete answers to many of those that they did answer." D.I. 1412 at ¶ 3.

---

[4] Pursuant to the Proposed Scheduling Order, the committee was to file written deposition questions and give notification of intent to orally depose declarants by November 14, 2022, while the Debtors' deadlines to respond to the written questions were due on November 18, 2022 and the deadline to conduct oral depositions was November 22, 2022.

**II.     Objection to Amended Motion and Joinder to Earn Program Account Holders' Objections to Amended Motion**

6.      The Amended Motion seeks extremely consequential relief that will potentially impact hundreds of thousands of people and billions in assets. Notwithstanding the weightiness of the requested relief and the nuanced and intricate issues involved, the Debtors have continued their pattern of playing fast and loose with peoples' lives into their bankruptcy through attempting to impose an extremely rushed process to determine the ownership of Earn Assets. In particular, the Amended Motion provided parties-in-interest with just 18 days to respond, including the Thanksgiving holiday, afforded parties with an extremely limited opportunity to participate in discovery through submitting questions to the Committee on just one day's notice, and explicitly excluded parties other than the Committee from submitting written deposition questions.[5] The Debtors also blatantly mislead Mr. Saraiva just nine (9) before the Petition Date in the aforementioned July 4, 2022 email when they stated that they intended to honor all withdrawals, over time.

7.      Mr. Saraiva therefore joins those objections filed (or to be filed) by other Earn Program account holders noting, among other things, (i) the lack of due process regarding the Amended Motion; (ii) the inconsistent terms in the Debtors' Terms of Use regarding ownership of Earn Assets, which included several terms supporting the conclusion that the Earn Program account holders retained ownership over their digital assets; (iii) whether the Terms of Use constituted a binding and enforceable contract; (iv) misleading and inconsistent public statements and marketing materials released by the Debtors; (v) whether the Earn Program rewards products

---

[5] While the Committee's efforts are certainly appreciated, Earn Program account holders may not even be constituents of the Committee depending on the determination of the ownership of the Earn Assets. As Earn Program account holders have the most directly stake under the Amended Motion, they should be afforded a full and fair opportunity to participate in the discovery process.

140245005.1

constituted unregistered securities as was being investigated by various regulatory agencies, and the impact thereof; (vi) the impact of the fact that Earn Program account holders may have had personal tax obligations with respect to the cryptocurrency in their wallets; and (vii) the Debtors' unilateral material violations of the Terms of Use. *See* objections at D.I. 1373, 1374, 1400, 1416, 1417, 1430, 1463, 1484. With respect to the last item, it is notable that the Debtor unilaterally prohibited account holders from withdrawing funds from their wallets (despite the clear language in the Terms of Use as noted in other objections), and terminated the rewards that were the essence of the Earn Program. In Mr. Saraiva's case, the fact that the Debtors would not return a mistaken transfer despite unilaterally freezing accounts, raises a host of questions about the Debtors' conduct.

8.  Mr. Saraiva, as an international account holder, was further unfairly disadvantaged and prejudiced by the Debtors due to the fact that he was not able to participate in the the Debtors' Custody Program, which apparently was created in response to investigations by various securities regulatory agencies concerning the nature of the Earn Program.

### III. The Request for a Determination of Ownership of Earn Program Assets Must be Brought by Adversary Proceeding Pursuant to Fed.R.Bankr.P. 7001

9.  The Debtors' pattern of playing fast and loose and attempt to circumvent due process for the hundreds of thousands of Earn Program account holders may be best evidenced by the fact that the Debtors are seeking this significant relief through a rushed motion and discovery process rather than through an adversary proceeding.[6] All told, the Debtors are seeking a determination of property rights through a three-week process that affords virtually no discovery opportunities for the primary stakeholders.

---

[6] Notably, a determination of ownership of assets in the Debtors' Custody program is being litigated in a pending adversary proceeding. *See* adversary proceeding number 22-01142-mg.

5

140245005.1

10. Pursuant to Federal Rule of Bankruptcy Procedure 7001 ("Rule 7001"), the following are adversary proceedings:

- "[A] proceeding to determine the validity, priority, or extent of a lien or ***other interest in property***, but not a proceeding under Rule 3012 or Rule 4003(d)." Fed.R.Bankr.P. 7001(2) (emphasis added).

- "[A] proceeding to obtain a declaratory judgment related to any of the foregoing." Fed.R.Bankr.P. 7001(9).

11. Here, the Debtors are explicitly seeking a declaration of rights in property.[7] Courts within the Second Circuit and elsewhere have regularly held that such requests must be made by adversary proceeding and not by motion pursuant to Rule 7001(2) and (9). *See, e.g. In re Eastman Kodak Co.,*, 2012 WL 2255719, *2 (Bankr. S.D.N.Y. June 15, 2012) (stating that Rule 7001(2) "makes clear" that a proceeding to determine an interest in property "is an adversary proceeding" and that Rule 7001(9) that "a proceeding to obtain a declaratory judgment relating to a proceeding described in other subsections of Rule 7001 must be commenced as an adversary proceeding."); *In re Teligent, Inc.*, 459 B.R. 190, 195 (Bankr. S.D.N.Y. 2011) ("At the outset, the request for declaratory relief is improper. A party seeking a declaratory judgment must do so by commencing an adversary proceeding); *In re Haedo*, 211 B.R. 149, 153 (Bankr. S.D.N.Y. 1997) (holding that "it would be inappropriate to deviate from the procedural requirements dictated by Rule 7001(2)" to determinate various parties respective rights in property); *In re Escobar*, 457 B.R. 229, 236 (Bankr. E.D.N.Y. 2011) (noting that "Congress, and the United States Supreme Court through the

---

[7] As noted, the Amended Motion specifically requests entry of an order "establishing ownership of assets transferred into the Debtors' Earn Program (and any proceeds thereof)." The Proposed Scheduling at paragraph 3 also states that the relief sought by the Debtors includes "ownership rights to assets transferred by Account Holders designated to be part of the 'Earn' program…"

6

140245005.1

Rules Enabling Act, 28 U.S.C. § 2075, specified in Bankruptcy Rule 7001(2) that a party seeking a judicial determination of the validity, enforceability, priority or extent of a lien or other interest in property must generally seek such relief through the filing of an adversary proceeding."); *In re Hopkins*, 346 B.R. 294, 299 (Bankr. E.D.N.Y. 2006) (observing that pursuant to Rule 7001(2), "[a]n adversary proceeding is necessary to determine the validity or extent of an interest in property."). *See also*, *Cogliano v. Anderson (In re Cogliano)*, 355 B.R. 792, 806 (9th Cir. BAP 2006) ("When a question of whether property is part of the estate is in controversy, Rule 7001(2) requires an adversary proceeding absent waiver or harmless error…"); *In re Forever 21, Inc.*, 623 B.R. 53, 63 (stating that a claim seeking a determination of an interest in property under Rule 7001(2) "is expressly required to be brought by an adversary proceeding under Rule 7001(9); *In re Porrett*, 547 B.R. 362, 364 n. 2 (Bankr. D. Idaho 2016) (observing that a request for a declaratory judgment concerning whether an asset is property of the estate normally requires an adversary proceeding); *In re Commercial Financial Services, Inc.*, 268 B.R. 579, 592 (Bankr. N.D. Okla. 2001 (noting that claims to determine parties' interests in property are "required to be brought by filing an adversary proceeding.").

12. Further, the Debtors are seeking a hasty determination of property interests in conjunction with a previously filed sale motion. However, a determination of "property of the estate through a contested matter, such as a sale motion under Section 363" is improper, as such is required to be done through an adversary proceeding under Rule 7001. *In re Whitehall Jewelers Holdings, Inc.*, 2008 WL 2951974, *6 (Bankr. D. Del. July 28, 2008).

13. Moreover, there is a pending adversary proceeding pursuant to Rule 7001(9) to determine ownership of assets in the Debtors' Custody program. *See* adversary proceeding number 22-01142-mg. The adversary proceeding should have put the Debtor on notice that a

request for a determination of ownership in property must be pursued through an adversary proceeding. It is incongruous, particularly given the much larger scope of impact, that the rights of Earn Program account holders should be subject to a much more abbreviated and summary process that is contrary to the Federal Rules of Bankruptcy Procedure.

14. Based on the foregoing, the request in the Debtors' Amended Motion for a determination of ownership of Earn Assets must be denied, as such request is required to be brought through an adversary proceeding pursuant to Rule 7001. Proceeding properly though an adversary proceeding will better ensure the due process rights and interests of the hundreds of thousands of Earn Program account holders that stand to be affected by the outcome. The current process, in comparison, affords Earn Program account holders only an extremely limited ability and timeframe to protect their rights, including virtually no discovery. Further, as noted in other objections, the Debtors' Terms of Use were far from "unambiguous," and the determination of ownership of Earn Assets will involve nuanced applications of contract law, which only further supports proceeding through an adversary proceeding as contemplated under Rule 7001.

## **RESERVATION OF RIGHTS**

15. Mr. Saraiva reserves the right to supplement this Objection and Joinder or make further objections to the Amended Motion, including in advance of the scheduled hearing on the Amended Motion. Mr. Saraiva further reserves the right to (i) respond to any claim by the Debtor or any other parties-in-interest in an adversary proceeding for a determination that the Earn Assets are property of the estate, and (ii) to make a request and/or assert a claim to establish his ownership over assets held by the Debtor and for turnover of same.

| | |
|---|---|
| Dated: Morristown, New Jersey<br>November 29, 2018 | **FOX ROTHSCHILD LLP**<br>*Attorneys for Nuno Saraiva* |
| | By: /s/ *Michael R. Herz*<br>Michael R. Herz, Esq.<br>49 Market Street<br>Morristown, New Jersey 07960<br>Telephone: (973) 992-4800<br>Facsimile: (973) 992-9125 |

9