| | |
|---|---|
| WILLIAM K. HARRINGTON<br>United States Trustee<br>U.S. Department of Justice<br>Office of the United States Trustee<br>201 Varick Street, Room 1006<br>New York, NY 10014<br>Tel. (212) 510-0500<br>By:    Shara Cornell, Esq.<br>          Brian Masumoto, Esq.<br>          Mark Bruh, Esq.<br>          Trial Attorneys | **Hearing: December 5, 2022**<br>**Objection Deadline: November 29, 2022** |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------- x
In re                                             :   Chapter 11
                                                  :
CELSIUS NETWORK LLC., *et al.,*[1]                :   Case No. 22-10964 (MG)
                                                  :
                                    Debtors.      :   (Jointly Administered)
------------------------------------------------- x

## LIMITED OBJECTION OF THE UNITED STATES TRUSTEE TO THE DEBTORS' AMENDED MOTION SEEKING ENTRY OF AN ORDER PERMITTING THE SALE OF STABLECOIN IN THE ORDINARY COURSE

**TO:    THE HONORABLE MARTIN GLENN,**
         **CHIEF UNITED STATES BANKRUPTCY JUDGE:**

William K. Harrington, United States Trustee for Region 2 (the "United States Trustee"), through his counsel, files this Limited Objection (the "Objection") to the motion (the "Stablecoin Motion") of the Celsius Network LLC, *et. al.* (the "Debtors") [ECF Doc. No. 832] and to the amended motion (the "Amended Stablecoin Motion") (the Stablecoin Motion and the Amended Stablecoin Motion, collectively, the "Motions") of the Debtors for the entry of an order authorizing

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

1

the Debtors to sell stablecoins in the ordinary course [ECF Doc. No. 1325]. In support thereof, the United States Trustee respectfully represents as follows:

### LIMITED OBJECTION

The Motions lack the required evidentiary basis showing that either (1) the Debtors own and therefore have the authority to sell the stablecoins and (2) what the proceeds of the sale of stablecoins will fund.[2]

First, the Debtors comingled assets of their customers in such a way that it is unclear how the Debtors can adequately identify the owners of the stablecoins.[3] Moreover, it is unclear how the depletion of these stablecoins will impact an in kind distribution to customers even assuming *arguendo* that the Debtors do in fact have the legal authority to sell the stablecoins and use those proceeds.[4]

Second, the Motions fail to explain how the proceeds of the sale of $18 million worth of stablecoins will be used. Even if the stablecoins are sold, according to the testimonies of Christopher Ferraro and Robert Campagna, the sale will provide just one month of additional

---

[2] On September 30, 2022, the United States Trustee filed his objection (the "Objection") to the Stablecoin Motion [ECF Doc. No. 933]. The Objection raised several issues with the Stablecoin Motion that were not cured by the Amended Stablecoin Motion. The United States Trustee incorporates by reference the Objection and asserts that it is not mooted by the filing of the Amended Stablecoin Motion.

[3] *See, generally* Interim Report of Shoba Pillay, Examiner, Dated November 19, 2022 [ECF Doc. No. 1411]; *see also* Redacted Transcript of Christopher Ferraro Dated November 21, 2022 ("Ferraro Transcript"), attached hereto as **Exhibit A**, at 98:8-100:14; Redacted Transcript of Oren Blonstein Dated November 22, 2022 ("Blonstein Transcript"), attached hereto as **Exhibit B**, at 156:25-160:3; Transcript of Robert Campagna Dated November 22, 2022 (the "Campagna Transcript"), attached as **Exhibit C**, at 34:23-35:3 and 35:13-17 ("Our understanding is that the coins cannot be traced").

[4] *See* Ferraro Transcript at 182:9-14 ("My understanding of the [B]ankruptcy [C]ode is that they have a IOU to Celsius, not the coin specifically. So we owe them consideration of that, and we hope to return it in kind. But I don't know that, if you had a stablecoin, you're going to get a stablecoin back. You might get back BTC and ETH.").

liquidity to the Debtors past its expected illiquidity in March of 2023.[5] The Debtors must adequately explain how an additional month (five months from now) justifies selling stablecoins <u>right now</u> that could arguably be used as part of an in kind distribution. Further, if the Debtors plan to use the proceeds solely to pay administrative expenses in these bankruptcy proceedings, it should state so in the Motions.

The Debtors also fail to explain the extent to which the proceeds of any stablecoins will be used to fund the mining business or GK8.[6] Currently, upon information and belief, the Debtors are funding at least part of the mining business operations through critical vendor payments.[7] Moreover, the Motions do not appear to address the funding allocation issues that exist depending on the outcome of the litigation by the preferred shareholders.[8]

---

[5] Ferraro Transcript at 106:10-23 (Q: When do the debtors project they will run out of liquidity? A: On a consolidated basis of the debtors, in the first quarter of 2023 . . . we go negative in the beginning of March.") and 107:8-10 ("Stablecoin sale would at least give us another month of runway"); Campagna Transcript at 47:2-5 ("Liquidity constraints that we're referencing here is the fact that, based upon the current forecast, the company depletes its liquidity in March of 2023") and 47:22-25 ("There is not a specific date within the month of March, but by some point – by the end of March, our projections show that the company is out of liquidity") and 48:24-49:3 ("The proposed sale of stablecoin at the level of roughly $18 million buys the company one additional month of liquidity runway roughly. It merely improves the situation; it doesn't necessarily solve it forever.").

[6] Campagna Transcript at 48:17-20 ("Q: And how do the debtors intend to fund the mining segment of the business. A: That's an open question at this moment.").

[7] Campagna Transcript at 16:22-24 ("Celsius Mining is a debtor, so yes, there are some critical vendor payments on behalf of Celsius Mining have been made.").

[8] Ferraro Transcript at 173:14-22 ("Q: All right. If successful, based on your knowledge, would it be fair to say that it is possible that certain value from either GK8 or mining might inure to those preferred shareholders and not to the debtors[sic] bankruptcy estate? A: I understand that's a risk, and I believe this is a key legal question for the judge to rule upon.").

Accordingly, for the reasons stated in the Objection and this Limited Objection, the Motions should be denied.

Dated: New York, New York
       November 28, 2022

                        WILLIAM K. HARRINGTON
                        UNITED STATES TRUSTEE

By:   */s/ Shara Cornell*
      Shara Cornell, Esq.
      Mark Bruh, Esq.
      Brian Masumoto, Esq.
      Trial Attorney
      201 Varick Street, Suite 1006
      New York, New York 10014
      Tel. No. (212) 510-0500
      Fax No. (212) 668-2255