**TROUTMAN PEPPER HAMILTON SANDERS LLP**
Deborah Kovsky-Apap
875 Third Avenue
New York, NY 10022
Telephone: (212) 704-6000
Facsimile: (212) 704-6288
Email:   deborah.kovsky@troutman.com
*Counsel to the Ad Hoc Group of*
*Withhold Account Holders*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>CELSIUS NETWORK LLC, *et al.*,[1]<br><br>　　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 22-10964 (MG)<br><br>(Jointly Administered) |

**AD HOC GROUP OF WITHHOLD ACCOUNT HOLDERS' LIMITED OBJECTION TO THE DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) EXTENDING THE DEBTORS' EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF PURSUANT TO SECTION 1121 OF THE BANKRUPTCY CODE AND (II) GRANTING RELATED RELIEF**

The Ad Hoc Group of Withhold Account Holders (the "Withhold Ad Hoc Group"), through its undersigned counsel, submits this limited objection to the motion of the above-captioned debtors-in-possession (the "Debtors") for entry of an order extending the exclusive periods during which only the Debtors may file and solicit acceptances of a chapter 11 plan (the "Exclusivity Motion") [Docket No. 1317], and respectfully states as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

-1-

The Withhold Ad Hoc Group does not oppose an extension of the Debtors' exclusive periods, but believes that the amount of time requested—141 additional days to proposed a plan, and 142 additional days to solicit it—is excessive and unwarranted. Like many of the Debtors' customers, members of the Withhold Ad Hoc Group have significant portions of their savings frozen on the Debtors' platform. They have already been denied access to their assets for over five months, since the Pause on June 12. They should not be forced to wait an addition four months just to find out how the Debtors intend to treat their claims.

The Debtors are represented by very competent counsel who were able to file plans of reorganization on the petition dates in the Voyager and BlockFi bankruptcy cases. *See In re Voyager Digital Holdings, Inc., et al.*, Case No. 22-10943 (Bankr. S.D.N.Y. July 6, 2022) [Docket No. 17] (plan filed same day as amended voluntary petition); *In re BlockFi Inc., et al.,* Case No. 22-19361 (Bankr. D.N.J. Nov. 28, 2022) [Docket No. 22] (plan filed same day as original voluntary petition). It is simply not credible that these Debtors, unlike the other large cryptocurrency platforms, need *eight months* to formulate their plan.

It seems evident to the Withhold Ad Hoc Group that these cases will be resolved in one of two ways: either through a sale and a liquidating plan, or a standalone reorganization. To the extent that the Debtors are delaying the filing of a plan because they are uncertain which path they will follow, that issue is easily resolved by filing a toggle plan, just as their counsel did on behalf of BlockFi. To the extent that the Debtors believe that the structure of their plan is somehow dependent on the content of the Examiner's final report (now anticipated to be filed on January 17, 2023), they should nonetheless be able to draft a substantially complete plan that can quickly be modified, if necessary, following issuance of the report.

Accordingly, the Withhold Ad Hoc Group believes that the Debtors' exclusivity period should extend only until January 31, 2023, two weeks following the anticipated filing of the Examiner's final report. That extension would give the Debtors ample time to determine whether a sale is likely to be consummated and to make any revisions to their plan necessitated by the Examiner's report. It would also require the Debtors to propose their plan *before* they are anticipated to run out of liquidity.

At the same time, however, the Withhold Ad Hoc Group is concerned that terminating exclusivity altogether after January 31 will lead to a free-for-all of competing (and potentially infeasible) plans, resulting in the waste of time and estate resources. The Withhold Ad Hoc Group therefore proposes that if the Debtors are unable to file a plan by January 31, 2023, exclusivity should be modified solely to permit the Official Committee of Unsecured Creditors (the "Committee")—the only entity in the case with fiduciary obligations to all of the Debtors' unsecured creditors—to file its own plan. The Withhold Ad Hoc Group understands that the Committee is prepared to do so promptly.

**WHEREFORE**, the Withhold Ad Hoc Group respectfully requests that this Court enter an order (i) limiting the extension of the Debtors' exclusivity to file a plan until January 31, 2023 and, if a plan is timely filed, to solicit votes until April 3, 2023; (ii) in the event the Debtors do not timely file a plan, modifying exclusivity from February 1, 2023 through and including March 31, 2023 to permit only the Debtors or the Committee to propose a plan, with the exclusive time to solicit such plan(s) extended 60 days from filing; and (iii) granting such other relief as the Court deems appropriate.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: November 29, 2022<br>New York, New York | /s/ Deborah Kovsky-Apap<br>**TROUTMAN PEPPER HAMILTON SANDERS LLP**<br>Deborah Kovsky-Apap<br>875 Third Avenue<br>New York, New York 10022<br>Telephone: (212) 704-6000<br>Email: deborah.kovsky@troutman.com<br><br>*Counsel to the Ad Hoc Group of Withhold Account Holders* |