LAYLA D. MILLIGAN
Texas State Bar No. 24026015
ABIGAIL R. RYAN
Texas Bar No. 24035956
ROMA N. DESAI
S.D.N.Y. Bar Number RD8227
Texas Bar No. 24095553
Assistant Attorneys General
Bankruptcy & Collections Division
P. O. Box 12548
Austin, Texas 78711-2548
P: (512) 463-2173/F: (512) 936-1409
layla.milligan@oag.texas.gov
abigail.ryan@oag.texas.gov
roma.desai@oag.texas.gov

ATTORNEYS FOR THE TEXAS STATE SECURITIES BOARD
AND THE TEXAS DEPARTMENT OF BANKING

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>CELSIUS NETWORK LLC, *et al.*,[1]<br><br>Debtors. | Chapter: 11<br><br>Case No. 22-10964 (MG)<br><br>(Jointly Administered) |

**OBJECTION OF THE TEXAS STATE SECURITIES BOARD
AND THE TEXAS DEPARTMENT OF BANKING TO DEBTORS' AMENDED
MOTION SEEKING ENTRY OF AN ORDER (I) ESTABLISHING OWNERSHIP OF
ASSETS IN THE DEBTORS' EARN PROGRAM, (II) PERMITTING THE SALE OF
STABLECOIN IN THE ORDINARY COURSE AND (III) GRANTING RELATED RELIEF**

The Texas State Securities Board (the "SSB") and the Texas Department of Banking (the "DOB") (together, "Texas"), by and through the Office of the Texas Attorney General, hereby files this Objection (the "Objection") to the *Debtors' Amended Motion Seeking Entry of an Order (I) Establishing Ownership of Assets in the Debtors' Earn Program, (II) Permitting the Sale of Stablecoin in the Ordinary Course and (III) Granting Related Relief* [D.E. 1325]. In support of the Objection,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

1

Texas respectfully states as follows:[2]

## OVERVIEW

1. The Debtors improperly seek to establish ownership of assets in the Earn program through an amended motion on an expedited basis, rather than an adversary proceeding pursuant to Bankruptcy Rule 7001. While the Debtors allege an unsubstantiated "urgent" need to establish ownership of the assets in question, procedural safeguards are in place through the Bankruptcy Rules that should be followed to allow all parties in interest to participate and be heard through the bankruptcy process.

2. Further, the Debtors' expedited motion attempts to establish ownership of Earn Assets through self-serving assertions that certain Terms of Use created a contract right of ownership by the Debtors in the Earn Assets. However, even though the Debtors have the ability to track consumers' electronic agreements to the different Terms of Use, the Debtors have failed to offer any documentation to establish that consumer investors actually *agreed* to the Terms of Use—instead, the Debtors only offer perfunctory statements by interested individuals related to how the company normally processed Terms of Use.

3. Further, the multiple variations of the Terms of Use filed by the Debtors are confusing and inconsistent at best, and the agreement of the parties to the terms is unclear. Because there may be significant defenses to the issue of whether the Terms of Use were a binding contract, a determination of whether the Terms of Use were a viable, enforceable contract without consideration of those defenses is premature.

4. Finally, the Examiner continues her review of, *inter alia*, the cryptocurrency holdings of the Debtors. The request to sell certain of these cryptocurrency assets while this examination is pending is inappropriate and untimely. There is no urgency for cash, as Debtors have indicated that

---

[2] Capitalized terms not otherwise defined or provided herein have the meanings ascribed to them in the Motion or D.E. 23 (the "First Day Declaration.").

they have liquidity into the first quarter of 2023, and the sale of stablecoin is not a time-consuming process. The pending sale of stablecoin should not occur until all parties have the benefit of the Examiner's final review and report.

5.   Based on these significant concerns, Texas respectfully requests that the Motion be denied. In the alternative, to the extent that this Court finds that the assets in the Earn program are property of the bankruptcy estate, the Court should direct the Debtors to hold any proceeds from the monetization of the stablecoin in question for the benefit of creditors and address the proceeds in a confirmable Chapter 11 Plan of Reorganization or Liquidation.

## PROCEDURAL BACKGROUND

6.   The Debtors commenced these cases on July 13, 2022, (the "Petition Date") and continue to operate their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of title 11 of the United States Code (the "Bankruptcy Code").

7.   The Debtors filed the *Debtors' Motion Seeking Entry of an Order (I) Permitting the Sale of Stablecoin in the Ordinary Course and (II) Granting Related Relief* on September 15, 2022.[3]

8.   The Debtors filed the *Debtors' Amended Motion Seeking Entry of an Order (I) Establishing Ownership of Assets in the Debtors' Earn Program, (II) Permitting the Sale of Stablecoin in the Ordinary Course and (III) Granting Related Relief* ("**Motion**") on November 11, 2022.[4] The hearing on the Motion is scheduled to take place on Monday, December 5, 2022.

## OBJECTION AND BASES THEREFOR

**A.   The Debtors' Motion is Procedurally Improper and Short-Circuits Due Process.**

9.   Pursuant to Bankruptcy Rule 7001, determination of whether an asset is property of the bankruptcy estate is to be made following the filing of an adversary proceeding.[5]

---

[3] D.E. 187.
[4] D.E. 1325.
[5] Bankruptcy Rule 7001.

3

10. In the present case, during a hearing on whether the Debtors should sell a portion of assets in which it claims an ownership interest, the Debtors posited to the Court that ownership of an entire class of assets—the Earn Assets—should be determined by the Court, and that an amended motion would be filed to address the Debtors' contentions. Rather than filing an adversary proceeding, Debtors filed the Motion.

11. Bankruptcy Rule 7001 governs the Debtors' attempt to determine its interest in the property—specifically the Earn Assets. The need for a formal adversary proceeding to determine whether the Earn Assets are property of the Estate is only bolstered by the Debtors' incomplete and contested responses to Written Deposition Questions and a myriad of issues raised in depositions of its directors and officers.[6]

12. The Debtors filed the Motion on November 11th, and on an extremely expedited schedule, has attempted to short circuit adversarial rules and guidelines and rush the issue to adjudication before this Court.

13. Debtors are aware that many, if not most, of the Earn account holders are unsophisticated consumer investors who have not formed an ad hoc committee, or, in most cases, located bankruptcy counsel to assist them in this case. Debtors appear to be using this to their advantage, by attempting to circumvent proper procedure and due process to obtain a favorable outcome.

14. While Texas cannot and does not represent the individual Earn account holders, Texas does have a vested interest in the protection of its citizenry—specifically, those citizens that may be Earn Account holders affected by the Court's ruling. Therefore, the Debtors' Motion should be denied, and the Earn Account Holders should be granted due process through an adversary proceeding to defend their position as to ownership of the funds.

---

[6] D.E. 1406; D.E. 1389; D.E. 1418.

B. **The Debtors Have Failed to Provide Sufficient Evidence that Celsius Customers Agreed to Terms of Use.**

15. The Debtors assert that because of certain language included in the Terms of Use in effect on the petition date — and/or terms that were amended over time — it is the owner of Earn Assets. The Debtor cites certain case law related to types of online agreements in the nature of terms of use for software and argues that because users had to click an agreement to access their funds, they agreed to surrender ownership of their crypto assets to the Debtors.

16. Debtors, however, have failed to show proof of acceptance by the holders of the respective Earn Assets, basing their entire argument on the statement of interested parties, including its Chief Compliance Officer, who merely state that because the company followed a certain process for forcing users to accept revised Terms of Use, all users must have agreed to those terms.[7]

17. The Declaration of Oren Blonstein includes a reference to the percentage of users who purportedly agreed to various versions of the Terms of Use.[8] However, no actual proof of that agreement, by way of documentation reflecting the date of agreement and identification of the user, has been provided. Until evidence of said agreements has been produced, the Court should deny the Debtors' request to monetize Earn Assets.

C. **A Determination of Whether Terms of Use Create a Binding and Enforceable Contract is Premature.**

18. The Terms of Use and amendments are confusing and inconsistent at best. For instance, one version of the Terms of Use referred to by the Debtors for purposes of establishing ownership of the Earn Assets states that "*in consideration for the rewards earned on your Celsius Wallet and the use of our Services, you grant Celsius...ownership rights.*" [9] Later terms include

---

[7] D.E. 1327, page 6.
[8] D.E. 1327, page 5.
[9] D.E. 393, page 198.

references to assets being *loaded* to the Debtors and/or *transferred* to the Debtors.[10]

19. While the Debtors attempt to narrow the legal issues, *inter alia*, "to whether each applicable version of the Terms of Use forms a binding contract with users," defenses to the alleged contract — including potential allegations of fraudulent inducement, illegality, duress, and impossibility — must be considered by the Court in determining whether the Terms of Use were a viable, enforceable contract.

20. These defenses, however, have been carved out from the matters at hand, including discovery conducted to date.[11] Texas requests that the Court consider all aspects of the agreements to determine whether the Terms of Use form a viable, enforceable contract, including pertinent defenses thereto. As such, the request by the Debtors of the Court to make the determination as asserted in the Motion at this time should be denied.

**D. The Examiner Has Not Yet Completed Her Final Report.**

21. The court-appointed Examiner issued an Interim Report on November 19, 2022, reflecting her investigation to date regarding issues involving the Custody and Withhold accounts.

22. The Examiner's final report is due to be issued in early December 2022, and should further address her examination of the Debtors cryptocurrency holdings, including a determination as to where the Debtors' cryptocurrency holdings were stored pre-petition and are stored post-petition, and whether different types of accounts are commingled, and an examination as to why there was a change in account offerings beginning April 2022 from the Earn Program to the Custody Service for some customers while others were placed in a "Withhold Account".[12]

23. A determination of ownership of the Earn Assets prior to the issuance of this final report would be premature. Texas urges this Court to hold its final ruling until after the final report is issued

---

[10] D.E. 393, page 273.
[11] D.E. 1325, paragraph 16.
[12] D.E. 923.

and parties have had a chance to review and address her findings.

### E. Should the Court Find Earn Assets are Property of the Bankruptcy Estate, Proceeds Should Be Held for the Benefit of Creditors and Addressed in a Plan.

24. Should the Stablecoin in question be determined to be property of the bankruptcy estate, the Debtors should not be granted permission carte blanche to dispose of assets of the bankruptcy estate without oversight.

25. The Motion is unclear as to what the Debtors intend to do with the proceeds from the monetization of the stablecoin other than a very generally, to "fund administrative costs."[13] Texas objects to any language in the proposed order that would allow use of the funds in question to pay administrative costs, and asserts that any proceeds from the Debtors' sale of stablecoin should instead be held for the benefit of creditors and addressed through a confirmable Plan of Reorganization or Liquidation.

## RESERVATION OF RIGHTS

Texas reserves the right to supplement this Objection or to raise additional or further objections to the Motion at or prior to the Hearing or any other relevant hearing.

## PRAYER

WHEREFORE premise considered, Texas requests that the Motion be denied, or, alternatively, should this Court determine that Earn Assets are property of the bankruptcy estate, that the relief granted to the Debtors be limited to selling stablecoin and holding the proceeds of such sale solely for the benefit of creditors of the bankruptcy estate.

---

[13] *See* Motion, para. 4.

7

Dated: November 29, 2022,	Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

SHAWN E. COWLES
Deputy Attorney General for Civil Litigation

RACHEL R. OBALDO
Assistant Attorney General
Chief, Bankruptcy & Collections Division

*/s/ Layla D. Milligan*
LAYLA D. MILLIGAN
Texas State Bar No. 24026015
ABIGAIL R. RYAN
Texas State Bar No. 24035956
ROMA N. DESAI
S.D.N.Y. Bar No. RD8227
Texas Bar No. 24095553
Office of the Attorney General of Texas
Bankruptcy & Collections Division
P. O. Box 12548
Austin, Texas 78711-2548
Telephone: (512) 463-2173
Facsimile: (512) 936-1409
layla.milligan@oag.texas.gov
abigail.ryan@oag.texas.gov
roma.desai@oag.texas.gov

ATTORNEYS FOR THE TEXAS STATE SECURITIES BOARD
AND
THE TEXAS DEPARTMENT OF BANKING

**CERTIFICATE OF SERVICE**

      I certify that a true and correct copy of the foregoing has been served via the Court's Electronic Filing System on all parties requesting notice in this proceeding on November 29, 2022.

                                      */s/ Layla D. Milligan*
                                      LAYLA D. MILLIGAN