Hearing Date: December 5, 2022 at 10:00 a.m.
Response Deadline: November 29, 2022

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*[1], | ) | Case No. 22-10964-MG |
| | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

_____

**RESPONSE OF THE NEW JERSEY BUREAU OF SECURITIES TO DEBTORS'
AMENDED MOTION FOR ENTRY OF AN ORDER (I) ESTABLISHING
OWNERSHIP OF ASSETS IN THE DEBTORS' EARN PROGRAM, (II) PERMITTING
THE SALE OF STABLECOIN IN THE ORDINARY COURSE AND
(III) GRANTING RELATED RELIEF [DOC. 1325]
<u>AND RESERVATION OF RIGHTS</u>**

The New Jersey Bureau of Securities (the "<u>Bureau</u>"), by and through its undersigned counsel, files this limited objection and reservation of rights (the "<u>Response</u>") to the *Debtors' Amended Motion For Entry Of An Order (I) Establishing Ownership Of Assets In The Debtors' Earn Program, (II) Permitting The Sale of Stablecoin In The Ordinary Course And (III) Granting Related Relief [Doc. 1325]* (the "<u>Motion</u>") and respectfully states the following:

Following an investigation, on September 17, 2021, the Bureau issued a Summary Cease and Desist Order (the "<u>NJ Order</u>"), effective November 1, 2021.[2] The Bureau found, as set forth in the NJ Order, that the Earn Rewards accounts were unregistered securities which were not

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LL (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, NJ 07030.

[2] To the extent there is any discrepancy between the description of the NJ Order set forth herein and the NJ Order, the NJ Order shall control.

1

exempt from registration and thus the Debtors were operating in violation of New Jersey law. The NJ Order required that effective November 1, 2021, Celsius Network, LLC

> and any person, agent, employee, broker, partner, officer, director, affiliate, successor, or stockholder thereof, under any of their direction or control shall CEASE AND DESIST from:
> a. offering for sale any security, including any Earn Rewards product, to or from New Jersey unless the security is registered with the Bureau, is a covered security, or is exempt from registration under the Securities Law;
> b. accepting any additional assets into an existing Earn Rewards account; and
> c. violating any other provisions of the Securities Law and any rules promulgated thereunder for the sale of any security in New Jersey.

(NJ Order, ¶44).

The NJ Order also made clear that it did not preclude "Celsius from paying interest, also known as "Rewards," on the existing Earn Rewards accounts or refunding principal to the Earn Rewards Investors consistent with the Celsius Terms." (NJ Order, ¶45).

The Debtors operated and marketed the Earn Program while violating New Jersey securities law. Debtors now seek a declaration that they own the Earn Assets despite contradictory and/or ambiguous language in the Terms of Use. At a minimum any determination regarding the ownership of the Earn Assets is premature.[3] In addition, the determination should be made with the procedural safeguards present in an adversary proceeding. See Fed. R. Bankr. R. 7001.

The Bureau currently takes the position that the Earn Assets are customer property. If the Court reaches a decision (including one on an interim basis) that the Debtors may sell the stablecoin, the Bureau asserts that the proceeds should be held in escrow subject to a determination

---

[3] The *Order Approving the Examiner's Motion to Confirm Examination Scope or Alternatively for Expansion of the Scope of the Examination* [Doc. 1260] expanded the Examiners scope to include, among other things, "an examination of the representations Debtors generally made in public representations to customers to attract them to their platform and about their cryptocurrency holdings and account offerings." See *Notice of Presentment of Examiner's Motion to Approve Amended Work Plan* [Doc. 1438], ¶5. Based on the extended scope, the Examiner has requested an extension of time to submit her report. A decision on the ownership of the Earn Assets should not be made prior to, at a minimum, the filing of the Examiner's final report which may provide equitable or other bases that support a finding that the Earn Accounts are customer property. Further information is needed regarding the Debtors' business practices and the build up to the Pause prior to the bankruptcy filing. Additional questions remain on issues such as whether the Pause was appropriate and whether it improperly transferred risk from the Debtors to customers.

of ownership and until after the Examiner's final report has been entered and parties have an opportunity to review it.

## JOINDER

The Bureau reserves the right to join in, and incorporate herein by reference, arguments raised in the responses filed by other parties (the "Certain Objections"), through one or more joinders and to adopt such arguments as its own, to the extent the Certain Objections are not inconsistent with the interests of the Bureau.

## RESERVATION OF RIGHTS

The Bureau reserves any and all rights to supplement and/or amend this Response, to join in additional responses filed, and to raise any and all additional objections with respect to the Motion at the hearing regardless of whether such arguments are referenced herein.

WHEREFORE, The New Jersey Bureau of Securities respectfully requests entry of an Order consistent with the relief requested in this Response and the Certain Objections to the extent not inconsistent with the interests of the Bureau and for such other relief as the Court shall deem just and proper.

Dated: November 29, 2022               Respectfully submitted,

**McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**

*/s/ Jeffrey Bernstein*
Jeffrey Bernstein
570 Broad Street
Newark, NJ 07102
Telephone: (973) 565-2183
Facsimile: (973) 622-5314
E-mail: jbernstein@mdmc-law.com

**-AND-**

Nicole Leonard, Esq.
225 Liberty Street, 36th Floor
New York, NY 10281
Phone: (973) 565-2048
nleonard@mdmc-law.com

*Counsel for the New Jersey Bureau of Securities*