Joshua A. Sussberg, P.C. Patrick J. Nash, Jr., P.C. (admitted pro hac vice)
KIRKLAND & ELLIS LLP Ross M. Kwasteniet, P.C. (admitted pro hac vice)
KIRKLAND & ELLIS INTERNATIONAL LLP Christopher S. Koenig 601
Lexington Avenue Dan Latona (admitted pro hac vice)
New York, New York 10022
KIRKLAND & ELLIS LLP Telephone: (212) 446-4800
KIRKLAND & ELLIS INTERNATIONAL LLP
Facsimile: (212) 446-4900
300 North LaSalle Street Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200 Counsel to the Debtors and Debtors in Possession

UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK )
In re:                                                      )       Chapter 11 )
CELSIUS NETWORK LLC, et al., 1                              )       Case No. 22-10964 (MG) )
           Debtors. )                                               (Jointly Administered) )

**Objection to the Amended Motion**

Recitals:
    Josh Medley (hereinafter, "Creditor") is a creditor of Celsius (hereinafter, "Debtor"). Creditor is an Account Holder under account email: medleyjosh@gmail.com. Creditor's address is 120 30th St., Boulder, Colorado, 80305, USA. Creditor has a claim against Debtor as part of its current bankruptcy proceedings, the claim is listed in Schedule **EF Part 2** - and includes the following coins:

| Coin | Earn | Custody | Withheld | Collateral on Loan |
|---|---|---|---|---|
| **Bitcoin (BTC)** | 2.019800695 | 0 | 0 | 3.90906894052208 |
| **Ethereum** | 0.100029212 | 0.00000055846 | 0 | 0 |
| **Gemini Dollar** | 0.285504652 | 3.65199566391 | 0 | 0 |
| **USD Coin** | 0 | 27847.635389 | 0 | 0 |

Objection to the Amended Motion:
    Creditor hereby objects to the amended motion, titled "NOTICE OF FILING OF PROPOSED SCHEDULING ORDER REGARDING TITLE TO EARN PROGRAM ASSETS AND THE SALE OF CERTAIN STABLECOINS" - specifically the terms of that notice in which Celsius (hereinafter, "Debtor") has requested rights to assets held in Account Holder's accounts under the heading of the "Earn" program. Creditor objects and requests the Court deny, Debtors request to the rights to these assets (in Creditors case, this would be the 2.019800695 bitcoin, as well as 0.100029212 Ether and 0.285504652 Gemini dollars), on the basis that:

1. Debtor's proposed claim to the right to these assets is specious, as it rests upon terms and conditions which were offered in the context of a fiduciary responsibility by Debtor to Creditor. Debtor betrayed, dishonored, and otherwise failed to uphold and execute their fiduciary responsibility through the act of irresponsibly, pervasively, and secretly rehypothecating account holder funds. Creditor's responsibility to Debtor depends upon the contract of this fiduciary responsibility - otherwise there is no exchange of value. As Debtor failed in their responsibility through reckless action, debtor's rights are likewise void. Therefore, Creditor requests that the Court deny Debtor's request for assets, and order that Debtor return said funds to Creditor, at the earliest possible convenience.

A platform which betrays its customers loses any rights it might have had to their trust, and their assets as well.

2. These assets were kept by Creditor, not in the "earn" category, but in the "custody" category. The erosion of debtor's rights should not hang upon these categories, as the dishonoring of duty was a general condition, not specific to any particular category. However, creditor kept their assets in "custody" so these assets should be immune to this request. Creditor requests the assets be correctly identified under "custody" in future references to the claim.

_____  11.28.2022
Josh Medley
Pro Se
120 30th St., Boulder, CO 80305
720 204 0909
medleyjosh@gmail.com