To: Chief Judge Martin Glenn

CC: Celsius Network LLC, *et al.*

Dear Chief Judge Glenn,

    Per the instructions of your Chambers I am writing this letter to the court. I hope that I was given procedurally-correct advice, and that a letter is the correct way to ask you to issue an order for a 2004 Examination on short notice, because that is the request that I am writing you with today.

    Oren Blonstein is Celsius's current Head of Innovation and Chief Compliance Officer. He also held these positions at the "<u>Pause</u>" date, and petition date (as well as earlier). I was scheduled to depose Mr. Blonstein on November 22nd, 2022. This did not happen since the Debtors counsel said that time has run out, and cannot/will not be extended due to the Federal Rules of Procedure (which I believe they meant to be) Rule 30(d)(2), contrary to what they claimed, the second sentence of it says "The court **must** allow additional time consistent with Rule 26(b)(2) if needed for a **<u>fair examination</u>** . . .." (emphasis added). Since I was not even allowed to have an examination, let alone a fair one, I should be able to question Mr. Blonstein under oath.

    As stated in *Malec v. Trs. of Boston Coll.*, 208 F.R.D. 23, 24 (D. Mass. 2002) in *Moore*: "If the parties cannot reach a stipulation, then Court intervention may be sought." *Moore v. CVS Corp.*, 2005 U.S. Dist. LEXIS 3798 (D. Va. 2005) I sought court intervention at the time of the deposition: "Can you please contact the judge? I believe he can order it extended" (page 420 of

the Mr. Blonstein deposition transcript redacted version). My request for them to contact you was denied/ignored when Ms. Brier said: "If you want to, you can file a motion. But we're not going to allow more time at this point."

The Debtors counsel (after speaking with Mr. Wofford and Ms. Shara Cornell) gave me, and curiously enough <u>other</u> *pro se* creditors a ultimatum[1]: "If we agree to extend this 20 minutes, I want on-the-record statements from every pro se creditor that you're not going to seek additional discovery or depositions from any of our three declarants in connection with this motion". I found it unusual that he attempted to get not only me, but other pro se individuals (which I have no control over) to **give up rights** for further discovery. This seems wrong, and unethical. Nonetheless I agreed to his unusual and immoral ultimatum, but he anyways decided to violate my due process rights by not allowing me to depose Mr. Blonstein.

The Debtors (through their counsel, Kirkland and Ellis) stated that "Mr. Frishberg is scheduled to attend depositions on both November 21 and 22, 2022". In their response[2] to my objection where I argued that my due process rights are being violated due to insufficient time (since the timeline was so compressed), the Debtors also stated that I can "participate in the discovery process set forth in the Proposed Scheduling Order". The Debtors even went as far as to say that they are: "making the **declarants available for depositions** *precisely* to ensure that **all parties** in interest, *including* **Mr. Frishberg**, **will have an opportunity to explore issues** relevant to the Amended Motion and the Requested Findings[3]." They also claimed: "as it relates

---

[1] Page 422 and 423.
[2] https://cases.stretto.com/public/x191/11749/PLEADINGS/1174911212280000000044.pdf
[3] Emphasis added.

to these **depositions**, **Mr. Frishberg** has suffered no **prejudice**[4]". Clearly I suffered prejudice due to being denied my due process rights to depose Mr. Blonstein

The Debtors clearly and **unambiguously** stated: "Mr. Frishberg is scheduled to attend the depositions remotely and **will have the opportunity to depose the declarants**[5]". That did not happen. I specifically mentioned how they promised in the court filing. **All** statements made by Celsius, or its representatives (such as lawyers) are binding on Celsius as judicial admissions. Judicial admissions "are formal *concessions* in the **pleadings in the case** . . . that have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact.[6]" *Hoodho v. Holder,* 558 F.3d 184, 191 (2d Cir. 2009). Statements other than pleadings, **including those made by attorneys in briefs**[7], also bind the client as judicial admissions. *See Purgess v. Sharrock*, 33 F.3d 134, 144 (2d Cir. 1994). "When a party makes a judicial admission, that party 'normally is bound [by that admission] **throughout the course of the proceeding**.'" *Hausler v. JP Morgan Chase Bank, N.A.*, 127 F. Supp. 3d 17, 37 (S.D.N.Y. 2015) (alteration in original; citation omitted).

For the above reasons, I should be allowed to question Mr. Blonstein under oath. Other pro se parties tried to make their questions shorter and quicker to allow me to be able to depose him as well, but the Debtors nonetheless ignored not only my (and other pro se') numerous objections, but *also* their own judicial admissions. The Debtors also objected to basically every single question that was asked of Mr. Blonstein, so for that reason I think the best format for my

---

[4] Emphasis added.
[5] Emphasis added,
[6] Emphasis added,
[7] Emphasis added.

questioning would be a 2004 examination. I request that the questioning take place at least 2 days before the hearing on the 5th. I am willing to do it over the weekend. I request that Your Honor issues an order for me to be able to question Mr. Blonstein via a 2004 examination (or whatever format you see fit).

Dated: November 29th, 2022,

By: Daniel A. Frishberg *Pro Se*

/s/*Daniel A. Frishberg*

Hillsborough County, Florida