| | |
|---|---|
| **WHITE & CASE LLP**<br>David M. Turetsky<br>Keith H. Wofford<br>Samuel P. Hershey<br>1221 Avenue of the Americas<br>New York, New York 10020<br>Telephone: (212) 819-8200<br>Facsimile: (212) 354-8113<br>Email: david.turetsky@whitecase.com<br>kwofford@whitecase.com<br>sam.hershey@whitecase.com | **WHITE & CASE LLP**<br>Aaron E. Colodny (admitted *pro hac vice*)<br>555 South Flower Street, Suite 2700<br>Los Angeles, California 90071<br>Telephone: (213) 620-7700<br>Facsimile: (213) 452-2329<br>Email: aaron.colodny@whitecase.com |

– and –

**WHITE & CASE LLP**
Michael C. Andolina (admitted *pro hac vice*)
Gregory F. Pesce (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone: (312) 881-5400
Facsimile: (312) 881-5450
Email: mandolina@whitecase.com
gregory.pesce@whitecase.com

*Counsel to the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

**STATEMENT OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS REGARDING DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) EXTENDING THE DEBTORS' EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF PURSUANT TO SECTION 1121 OF THE BANKRUPTCY CODE AND (II) GRANTING RELATED RELIEF**

The Official Committee of Unsecured Creditors (the "**Committee**") appointed in the cases of the above-captioned debtors and debtors-in-possession (collectively the "**Debtors**") makes the following statement in respect of the *Debtors' Motion for Entry of an Order (I) Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code and (II) Granting Related Relief* [Docket No. 1317] (the "**Motion**"):[2]

**STATEMENT**

By the Motion, the Debtors sought to extend their exclusive right to file and solicit a plan of reorganization to the end of March 2023 and May 2023, respectively — an extension of over 140 days. The Debtors do not have the luxury of time or the liquidity to sustain their request. The Debtors acknowledge that the estates will exhaust their current projected liquidity as early as January 2023[3] and no later than March 2023.[4] Indeed, the Debtors' acting CEO, Christopher Ferraro, recently acknowledged, "[d]elays hurt us, hurt the estates, hurt our customers . . . ."[5] This is undeniable as the costs of these proceedings are staggering: each additional month that the

---

[2]  Capitalized terms used herein but not otherwise defined have the meaning ascribed to them in the Motion.

[3]  *See Debtors' Motion Seeking Entry of an Order (I) Setting a Briefing Schedule and (II) Granting Related Relief* [ECF No. 1338] ¶ 3; Ferraro Dep. Tr. 106:25-107:4; Campagna Dep. Tr. 48:1-11. Copies of the relevant extracts of the Ferraro and Campagna deposition transcripts are attached hereto as Exhibits A and B, respectively.

[4]  *Debtors' Responses to Discovery Requests of the Official Committee of Unsecured Creditors in Connection with Debtors' Motion for Entry of an Order Extending the Debtors' Exclusivity Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code*, dated Nov. 28, 2022, attached hereto as Exhibit C ¶ 56 (" . . . Debtors admit that their current forecast shows that the Debtors will exhaust all unrestricted cash by no later than March 31, 2023 . . ."); Ferraro Dep. Tr. 106:14-23; Campagna Dep. Tr. 12:18-23. While the Debtors seek to sell $18 million of stablecoin, they acknowledge that the sale will not likely buy them much more than a month of additional runway. Ferraro Dep. Tr. 107:5-108:13; Campagna Dep. Tr. 49:4-7.

[5]  Ferraro Dep. Tr. 127:23-25.

1

Debtors remain in bankruptcy will cost the estates approximately $15 million.[6] And each day that the Debtors remain in bankruptcy is another day that account holders are deprived of their hard-earned savings. Simply put, time is of the essence.

To the extent direction on certain "gating" issues is needed from the Court, the Debtors will soon have answers. Next week, the Court will hear testimony and argument with respect to whether the Debtors' Terms of Use and treatment of digital assets establish that digital assets transferred by account holders to the Debtors as part of the Earn and Custody programs (and that were flagged as Withhold obligations) are property of the Debtors' estates. The Debtors have now received initial indications of interest from potential plan sponsors and are scheduled to receive final bids on December 12, 2022, followed by an auction on December 15, 2022 (if necessary). The Debtors are also developing a standalone plan for a new crypto-based financial services platform. The Debtors have solicited and received input from the Committee (including its co-chairs, who regularly speak with Mr. Ferraro and plan to continue to do so) and its advisors. Finally, the Examiner is now expected to file her final report on January 17, 2023.

The Committee also disputes that litigation of whether the Debtors' customers have claims at each Debtor entity is a prerequisite for the Debtors to file a plan and disclosure statement. The Debtors have already acknowledged that they believe that customers possess claims at every Debtor entity. Furthermore, the Debtors and the Committee each addressed this issue in connection with the request to appoint an official committee of preferred equity holders. The Debtors' request to litigate this single issue in a vacuum also ignores that, for Celsius Network Limited's preferred equity holders to recover ahead of the approximately $5.5 billion of account holders and unsecured creditors' claims, they would have to not only prevail on the customer

---

[6] Campagna Dep. Tr. 60:12-14.

2

claims issue, but also (i) invalidate the $9 billion intercompany claim owed by Celsius Network Limited to Celsius Network LLC, (ii) successfully defend against potential fraudulent transfer claims, and (iii) defeat potential requests for substantive consolidation.  In any event, the Court could take up the customer claims issue, if necessary, at plan confirmation (or, if there is concern about the estates incurring the costs of soliciting a plan prior to resolution of the issue, at the disclosure statement approval hearing).

With all of this being said, the Committee acknowledges that some additional time is needed to complete the bid process and litigation currently pending before the Court.  However, like the Borrower Group [Docket No. 1475] and the Ad Hoc Group of Withhold Account Holders [Docket No. 1494], the Committee believes that the Debtors' initial request of over 140 additional days for both its exclusive periods to file and solicit a plan was excessive and unwarranted.  After discussing its concerns with the Debtors, the Committee has agreed to support a limited extension of the Debtors' exclusive periods to both file and solicit a plan through the hearing scheduled for February 15, 2023.  The Debtors have also agreed to waive the application of the local rule that allows a debtor to automatically extend exclusivity if it files a motion by the February 15 deadline.  *See* N.Y. Bankr. L.R. 9006-2.  February 15, 2023 is the end of the road, and any further extension will require an order from this Court by that date.

The Committee urges the Debtors to move quickly to propose a plan to the Committee.  In conjunction with those efforts, the Debtors should continue to engage with their account holders regarding Celsius's efforts to develop a standalone plan.  Indeed, the viability of any standalone plan will depend on whether Celsius can earn its users' trust and vote.  Furthermore, as evidenced by the recent bankruptcy filings of FTX and BlockFi, the crypto market, and specifically the decentralized finance industry, is at a crossroads.  These cases need direction and a path forward.

To that end, the Committee will seek to find consensus with the Debtors and the other key stakeholders where it is achievable. In particular, the Committee is prepared to continue to work with the Debtors on the standalone plan. At the same time, the Committee intends to hold the Debtors' feet to the fire to ensure that the interests of account holders and unsecured creditors are served. The Committee will also work to ensure the Debtors do not unduly delay the filing of a plan (standalone or otherwise). To the extent the Debtors do not file an acceptable plan by the time afforded by this agreement, the Committee will be prepared to do so.

*[Remainder of Page Intentionally Left Blank]*

Dated: December 1, 2022
       New York, New York

Respectfully submitted,

*/s/ Gregory F. Pesce*
**WHITE & CASE LLP**
David M. Turetsky
Keith H. Wofford
Samuel P. Hershey
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile:  (212) 354-8113
Email:  david.turetsky@whitecase.com
        kwofford@whitecase.com
        sam.hershey@whitecase.com

– and –

**WHITE & CASE LLP**
Michael C. Andolina (admitted *pro hac vice*)
Gregory F. Pesce (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone: (312) 881-5400
Facsimile:  (312) 881-5450
Email:  mandolina@whitecase.com
        gregory.pesce@whitecase.com

– and –

**WHITE & CASE LLP**
Aaron E. Colodny (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, California 90071
Telephone: (213) 620-7700
Facsimile:  (213) 452-2329
Email:  aaron.colodny@whitecase.com

*Counsel to the Official Committee of Unsecured Creditors*

AMERICAS 116616989 v1