# EXHIBIT C

**Debtors' Responses to Committee's Discovery Requests on Exclusivity**

| | |
|---|---|
| Joshua A. Sussberg, P.C. | Judson Brown, P.C. (admitted *pro hac vice*) |
| **KIRKLAND & ELLIS LLP** | T.J. McCarrick (admitted *pro hac vice*) |
| **KIRKLAND & ELLIS INTERNATIONAL LLP** | Leah Hamlin (admitted *pro hac vice*) |
| 601 Lexington Avenue | **KIRKLAND & ELLIS LLP** |
| New York, New York 10022 | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Telephone: (212) 446-4800 | 1301 Pennsylvania Avenue NW |
| Facsimile: (212) 446-4900 | Washington, D.C. 20004 |
| | Telephone: (202) 389-5000 |
| | Facsimile: (202) 389-5200 |

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:   (312) 862-2000
Facsimile:   (312) 862-2200

*Counsel to the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**DEBTORS' RESPONSES TO DISCOVERY REQUESTS OF THE OFFICIAL**
**COMMITTEE OF UNSECURED CREDITORS IN CONNECTION WITH DEBTORS'**
**MOTION FOR ENTRY OF AN ORDER EXTENDING THE DEBTORS' EXCLUSIVE**
**PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF**
**PURSUANT TO SECTION 1121 OF THE BANKRUPTCY CODE**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

Pursuant to Rules 26, 33, 34, and 36 of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable to this matter by Rules 7026, 7033, 7034, 7036, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the above-captioned debtors and debtors in possession (collectively, the "Debtors"), hereby object and respond to the Discovery Requests of the Official Committee of Unsecured Creditors (the "Committee") in Connection with Debtors' Motion for Entry of an Order Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code (the "Discovery Requests"). The Committee's Discovery Requests are set forth verbatim below, each followed by the Debtors' response. Each response is made subject to the objections and conditions within that response as well as to the General Objections and Objections to Definitions set forth below.

## GENERAL OBJECTIONS

Debtors make the following general objections and objections to the Instructions (collectively, "General Objections") to the Discovery Requests, which apply to each Discovery Request regardless of whether these General Objections are specifically incorporated into any of the specific responses and objections.

1.    Debtors object to the Discovery Requests, Instructions, and Definitions to the extent they seek information not relevant to the issues posed by the *Debtors' Motion for Entry of an Order (I) Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code, and (II) Granting Related Relief* [Docket No. 1317] ("Motion to Extend"). Issues relevant to the Debtors' Motion to Extend are those that concern the limited relief sought by the Motion: that is, an extension of the Exclusive Filing Period by 141 days and an extension of the Exclusive Solicitation Period by 142 days.

2

Discovery Requests outside of that scope are overbroad, unduly burdensome, and not reasonably likely to lead to the discovery of evidence relevant to this dispute.

2. Debtors object to these Discovery Requests insofar as they seek production of responsive documents or information within seven days of the date of the Discovery Requests, which is inconsistent with the responsive time periods set forth in Federal Rules of Civil Procedure 33, 34, and 36, as incorporated by the Bankruptcy Rules.

3. Debtors will produce responsive documents, to the extent any exist, in such a manner and format as required by the Federal Rules of Civil Procedure, the Bankruptcy Rules, and the applicable Local Rules, and any agreement that may be reached by the parties. Debtors object to the extent the Discovery Requests require more than such efforts.

4. Debtors object to these Discovery Requests to the extent they seek the disclosure of information, documents, or communications protected by the attorney-client privilege, the work product exemption from discovery, and/or any other applicable constitutional, statutory, or common law privilege. No privileged information, document, or communication will intentionally be provided in response to these Discovery Requests. By responding to any particular Discovery Request, Debtors do not intend to nor do they waive any applicable privilege that they may have, and Debtors specifically intend to assert the same.

5. Inadvertent production of any document which is confidential, contains confidential information, is privileged, or was prepared in anticipation of litigation shall not constitute waiver of any privilege or of any other ground for objection of discovery of such document, the information contained therein, or the subject matter thereof, or of the Debtors' right to object to the use of that document or the information contained therein.

6.      Debtors object to the Discovery Requests as overly broad and unduly burdensome and imposing obligations beyond the obligations required under the Federal Rules of Civil Procedure, the Bankruptcy Rules, and the Local Rules to the extent they seek information that is not "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Debtors' production of any documents in response to these Discovery Requests shall not be an admission of the relevance of any such information.

7.      Debtors object to the Discovery Requests to the extent they request documents or seek information already known to the Committee, in the Committee's possession, or information that is as readily available to the Committee as it is to Debtors.

8.      Debtors object to the Discovery Requests as overly broad and unduly burdensome to the extent they seek documents or request information that is published, publicly available, or otherwise generally accessible to all parties.

9.      Debtors object to each Discovery Request to the extent that it is vague, ambiguous, and unclear, including the use of terms that are not defined and/or not otherwise susceptible to any single meaning.

10.     Debtors object to the Discovery Requests to the extent they presume facts. Debtors submit these responses and objections without waiver of any right to object to any requested discovery, and without affirming any conclusory or argumentative statements made by Committee in these Discovery Requests. In providing responses and objections to these Discovery Requests, Debtors do not waive, and expressly reserve, all objections as to competency, relevancy, materiality, and admissibility of the responses or subject matter thereof as well as all objections to any other discovery requests in this or any other proceeding.

11.     Debtors object to these Discovery Requests to the extent they request Debtors to provide documents or information not in their possession, custody, or control, including any documents from any third-party suppliers. Any such Discovery Request is overbroad, unduly burdensome, inconsistent with, and imposes obligations beyond, the obligations required under the Federal Rules of Civil Procedure, the Bankruptcy Rules, and the Local Rules.

12.     Debtors object to the Discovery Requests to the extent they purport to require Debtors to produce documents and/or things that do not already exist and/or call for information in a format other than that in which it is ordinarily kept by Debtors.

13.     Debtors object to these Discovery Requests to the extent they purport to require the use of unreasonably burdensome or expensive data recovery processes to identify "all" or "any" documents or things requested.

14.     Debtors specify that their responses are based upon the knowledge, information, and belief that they have acquired to the present date. These responses and objections, and any subsequent document production are, therefore, subject to change. Pursuant to the applicable provisions of the Federal Rules of Civil Procedure, the Bankruptcy Rules, the Local Rules, and any other applicable rules, Debtors reserve their right to amend these responses, assert additional objections, and supplement any document production in the future in response to these Discovery Requests.

15.     Debtors object to the Committee's definitions and instructions to the extent they purport to alter the plain meaning and/or scope of any specific Discovery Request, at least on the ground that such alteration renders the Request vague, ambiguous, overbroad, and uncertain. Debtors' responses to such Discovery Requests shall not be construed as an admission, agreement, or acquiescence to such a definition.

16. Debtors object to each Discovery Request to the extent it is vague, ambiguous, confusing, fails to adequately define terms, or fails to describe the documents or information sought with reasonable particularity. Subject to and without waiver of their other objections, Debtors will answer only to the extent that they understand the Request. Debtors further object to each Request to the extent it purports to attribute any special or unusual meaning to any terms or phrases.

## **OBJECTIONS TO DEFINITIONS**

Debtors assert these Objections to Definitions with respect to each Discovery Request propounded by the Committee. Any responses to the Discovery Requests shall be subject to and without waiver of these Objections.

1. Debtors object to the definition of the terms "any" and "each" as vague and ambiguous to the extent it seeks to define such terms beyond their ordinary meaning. Subject to and without waiver of their other objections, Debtors will answer only to the extent that they understand the Discovery Request.

2. Debtors object to the definition of the terms "Debtors," "You," and "Your," as overbroad, unduly burdensome, not proportional or relevant to the needs of the case, vague, and ambiguous to the extent that the terms purport to require Debtors to produce documents and things from persons or entities outside of their possession, custody, or control, or from Debtors' former employees, agents, attorneys, advisors, and representatives that are not parties to these cases and over which the Court lacks jurisdiction.

3. Debtors object to the definition of the term "Communication" as overbroad, unduly burdensome, not proportional or relevant to the needs of this case, vague, and ambiguous to the extent it departs from or expands upon the definition of "Communication" set forth in S.D.N.Y.

6

Local Rule 26.3(c)(1). Therefore, Debtors will construe "Communication" in accordance with the definition provided in Local Rule 26.3(c)(1).

4. Debtors object to the definition of the term "Document(s)" to the extent it departs from or expands upon the definition of "Document" set forth in S.D.N.Y. Local Rule 26.3(c)(2), as applied to these proceedings under S.D.N.Y. Local Bankruptcy Rule 7026-1, as overbroad, unduly burdensome and inconsistent with, and imposing obligations beyond, the obligations required under the Federal Rules of Civil Procedure, the Bankruptcy Rules, and the Local Rules. Debtors further object to this definition because it seeks discovery that is not proportional to the needs of the case and the burden or expense of finding, collecting, and producing responsive documents outweighs its likely benefit. Therefore, Debtors will construe the term "Document" in accordance with the definition provided in Local Rule 26.3(c)(1).

5. Debtors object to the definition of the terms "[c]oncerning," "regarding," "in connection with," "relating to," and/or "referring to" as vague and ambiguous to the extent it seeks to define that term beyond its ordinary meaning. Subject to and without waiver of their other objections, Debtors will answer only to the extent that they understand the Discovery Request.

6. Debtors object to the definition of the term "Petition Date" insofar as it is defined as June 13, 2022. The Debtors filed their Chapter 11 petitions in this action on July 13, 2022. Therefore, Debtors will construe the term "Petition Date" as referring to July 13, 2022.

7. Debtors object to the definition of the term "Special Committee" as vague and ambiguous to the extent it defines that term to include "any other organizational body of any Debtor that has authority to bind any such Debtor with respect to any restructuring, recapitalization, reorganization, or similar transaction or proposed transaction in connection with

7

the Chapter 11 Cases or otherwise." Therefore, Debtors will construe the term "Special Committee" to refer to David Barse and Alan Carr.

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION ¶ 51:**

All Documents and Communications between the Debtors and Alex Mashinsky since September 27, 2022.

**RESPONSE TO REQUEST FOR PRODUCTION ¶ 51:**

Debtors reassert and incorporate each of their General Objections and Objections to Definitions set forth above. Debtors further object to this Request for Production as overbroad, unduly burdensome, and not proportional or relevant to the needs and issues of the Debtors' Motion to Extend. Debtors will not produce documents in response to this Request for Production.

**REQUEST FOR PRODUCTION ¶ 52:**

All Documents and Communications between the Debtors and any Preferred Equity Holder concerning these Chapter 11 Cases since the Petition Date with respect to:

    a. any proposed plan of reorganization, term sheet, restructuring proposal, or other document, concerning a restructuring of the Debtors' liabilities or assets;

    b. the preparation of the Debtors' schedules of assets and liabilities and statements of financial affairs, including the Debtors' determination to schedule Customer claims at each Debtor entity; and

    c. the Scheduling Motion.

**RESPONSE TO REQUEST FOR PRODUCTION ¶ 52:**

Debtors reassert and incorporate each of their General Objections and Objections to Definitions set forth above. Debtors further object to this Request for Production as overbroad, unduly burdensome, and not proportional or relevant to the needs and issues of the Debtors' Motion to Extend.

8

Subject to and without waiving their objections, Debtors will produce (i) communications between the Debtors' counsel and counsel to the Preferred Equity Holders since July 13, 2022, that are located pursuant to the parties' agreed-upon custodians and search parameters; and (ii) communications between the Special Committee and any Preferred Equity Holder concerning any proposed, potential, or other restructuring of the Debtors' assets and liabilities.

Further answering, the Debtors state that they will produce documents responsive to category (i) by November 29, 2022, and that there are no documents responsive to category (ii).

**REQUEST FOR PRODUCTION ¶ 53:**

Documents sufficient to identify exhaustion of all unrestricted cash.

**RESPONSE TO REQUEST FOR PRODUCTION ¶ 53:**

Debtors reassert and incorporate each of their General Objections and Objections to Definitions set forth above. Debtors further object to this Request for Production as overbroad, unduly burdensome, and not proportional or relevant to the needs and issues of the Debtors' Motion to Extend. Debtors further object to this Request for Production as duplicative of other discovery requests, including the Committee's Requests for Admission and Interrogatories served concurrently with the Requests for Production. Debtors will not produce documents in response to this Request for Production but instead will provide responses to the Committee's Requests for Admission and Interrogatories that concern Debtors' projection of unrestricted cash exhaustion.

**REQUEST FOR PRODUCTION ¶ 54:**

Documents sufficient to identify all litigation hold notices in effect regarding any of the Debtors and their non-Debtor affiliates, and the dates on which those hold notices took effect.

**RESPONSE TO REQUEST FOR PRODUCTION ¶ 54:**

Debtors reassert and incorporate each of their General Objections and Objections to Definitions set forth above. Debtors further object to this Request for Production as overbroad, unduly burdensome, and not proportional or relevant to the needs and issues of the Debtors' Motion to Extend. Debtors will not produce documents in response to this Request for Production.

## RESPONSES TO REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION ¶ 55:**

Admit that the Debtors do not presently intend to file a plan of reorganization or disclosure statement until after a decision by the Court is entered on the matters identified for briefing in the Scheduling Motion.

**RESPONSE TO REQUEST FOR ADMISSION ¶ 55:**

Debtors reassert and incorporate each of their General Objections and Objections to Definitions set forth above. Debtors further object to this Request for Admission as overbroad, unduly burdensome, and not proportional or relevant to the needs and issues of the Debtors' Motion to Extend.

Subject to and without waiving their objections, Debtors deny Request for Admission ¶ 55.

**REQUEST FOR ADMISSION ¶ 56:**

Admit that the Debtors' current forecasts show that the Debtors will exhaust all unrestricted cash by no later than March 31, 2023.

**RESPONSE TO REQUEST FOR ADMISSION ¶ 56:**

Debtors reassert and incorporate each of their General Objections and Objections to Definitions set forth above. Debtors further object to this Request for Admission as overbroad,

unduly burdensome, and not proportional or relevant to the needs and issues of the Debtors' Motion to Extend.

Subject to and without waiving their objections, Debtors admit that their current forecast shows that the Debtors will exhaust all unrestricted cash by no later than March 31, 2023, which is based on a variety of assumptions that the Debtors and their advisors have determined to be reasonable in the circumstances. The Debtors further state that this forecast could be affected by various factors, some of which are outside of the Debtors' control, including but not limited to, the anticipated sale of GK8, the sale of stablecoins, the payment of professional fees, and the resolution of disputes concerning the ownership of Earn, Withhold, and Custody assets.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY ¶ 57:**

>Identify any privilege on which the Debtors are relying as a basis for withholding production of any Document or Communication between the Debtors and/or the Special Committee, on the one hand, and any Preferred Equity Holder, on the other hand, as well as the basis for such privilege.

**RESPONSE TO INTERROGATORY ¶ 57:**

Debtors reassert and incorporate each of their General Objections and Objections to Definitions set forth above. Debtors further object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or immunity. Debtors further object to this Interrogatory as seeking information that is not proportional or relevant to the needs and issues of the Debtors' Motion to Extend.

Subject to and without waiving their objections, Debtors state that they have not withheld any document or communication between the Debtors and/or the Special Committee, on the one hand, and any Preferred Equity Holder, on the other hand, on the basis of privilege.

11

**INTERROGATORY ¶ 58:**

To the extent that You deny Request for Admission #2 (Paragraph 56), identify the date on which the Debtors currently forecast that they will exhaust all unrestricted cash.

**RESPONSE TO INTERROGATORY ¶ 58:**

Debtors reassert and incorporate each of their General Objections and Objections to Definitions set forth above. Debtors further object to this Interrogatory as seeking information that is not proportional or relevant to the needs and issues of the Debtors' Motion to Extend. Debtors refer to their response to Request for Admission ¶ 56.

**INTERROGATORY ¶ 59:**

Identify all personal, professional or financial connections between the members of the Special Committee and any Preferred Equity Holder.

**RESPONSE TO INTERROGATORY ¶ 59:**

Debtors reassert and incorporate each of their General Objections and Objections to Definitions set forth above. Debtors further object to this Interrogatory as vague and ambiguous, including with respect to the phrase "personal, professional, or financial connections." Debtors further object to this Interrogatory as seeking information that is not proportional or relevant to the needs and issues of the Debtors' Motion to Extend.

Subject to and without waiving their objections, Debtors state that the members of the Special Committee have no personal, professional, or financial connections to any Preferred Equity Holder.

**INTERROGATORY ¶ 60:**

Identify all Documents and witnesses that the Debtors intend to rely on at the hearing on the Exclusivity Motion.

**RESPONSE TO INTERROGATORY ¶ 60:**

Debtors reassert and incorporate each of their General Objections and Objections to Definitions set forth above. Debtors further object to this Interrogatory as premature at this stage.

Subject to and without waiving their objections, Debtors state that they will identify documents and witnesses upon which the Debtors intend to rely at the hearing on the Motion to Extend in advance of the hearing.

|  |  |
|---|---|
| Washington, D.C.<br>Dated: November 28, 2022 | */s/ Judson Brown, P.C.*<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Judson Brown, P.C. (admitted *pro hac vice*)<br>T.J. McCarrick (admitted *pro hac vice*)<br>Leah Hamlin (admitted *pro hac vice*)<br>1301 Pennsylvania Avenue NW<br>Washington, D.C. 20004<br>Telephone:   (202) 389-5000<br>Facsimile:    (202) 389-5200<br>Email:         judson.brown@kirkland.com<br>                    tj.mccarrick@kirkland.com<br>                    leah.hamlin@kirkland.com<br><br>- and -<br><br>Joshua A. Sussberg, P.C.<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:   (212) 446-4800<br>Facsimile:    (212) 446-4900<br>Email:         jsussberg@kirkland.com<br><br> - and -<br><br>Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)<br>Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)<br>Christopher S. Koenig<br>Dan Latona (admitted *pro hac vice*)<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Telephone:   (312) 862-2000<br>Facsimile:    (312) 862-2200<br>Email:         patrick.nash@kirkland.com<br>                    ross.kwasteniet@kirkland.com<br><br>*Counsel to the Debtors and*<br>*Debtors in Possession* |