Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

Judson Brown, P.C. (admitted *pro hac vice*)
T.J. McCarrick (admitted *pro hac vice*)
Leah Hamlin (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
1301 Pennsylvania Avenue NW
Washington, D.C. 20004
Telephone:     (202) 389-5000
Facsimile:     (202) 389-5200

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200

*Counsel to the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) Case No. 22-10964 (MG) |
| | ) |
| Debtors. | ) (Jointly Administered) |

**DEBTORS' *EX PARTE* MOTION FOR ENTRY OF
AN ORDER AUTHORIZING THE DEBTORS TO REDACT
AND FILE UNDER SEAL CERTAIN CONFIDENTIAL INFORMATION
RELATED TO THE DEBTORS' RESPONSE TO DANIEL FRISHBERG'S LETTER**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state the following in support of this *ex parte* motion (this "Motion"):

**Relief Requested**

1. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), authorizing the Debtors to redact and file under seal certain portions of the deposition transcripts of Christopher Ferraro (the "Ferraro Transcript") and Oren Blonstein (the "Blonstein Transcript") related to the Debtors' reorganization plans and Mr. Ferraro and Mr. Blonstein's personal financial information (the "Confidential Information").

**Jurisdiction and Venue**

2. The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, entered February 1, 2012. The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

4. The bases for the relief requested herein are sections 105(a), 107(b), and 107(c) of title 11 of the United States Code (the "Bankruptcy Code"), rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 9013-1, 9018-1, and 9037-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

**Background**

5. On November 21, 2022, Debtors' Chief Executive Officer, Christopher Ferraro, sat for deposition in connection with *Debtors' Amended Motion for Entry of an Order (I) Establishing Onwership of Assets in the Debtors' Earn Program, (II) Permitting the Sale of Stablecoin In the Ordinary Course and (III) Granting Related Relief* [Docket No. 1325] (the "Stablecoin Motion"). The following day, November 22, 2022, Debtors' Head of Innovation and Chief Compliance Officer, Oren Blonstein, was deposed in connection with the same. On November 30, 2022, *pro se* creditor, Daniel Frishberg, filed a letter with this Court seeking additional deposition time for Oren Blonstein. *See* Dkt. 1534.

6. Debtors now seek to file a response letter to Mr. Frishberg's request for additional deposition time for Mr. Blonstein. In connection with that response, Debtors intend to attach the full deposition transcripts for both Mr. Ferraro and Mr. Blonstein (collectively, the "Transcripts").

7. Portions of the Transcripts contain information related to general outlines of the Debtors' Chapter 11 reorganization plan, as well as discussions with the Debtors' advisors and the Official Committee of Unsecured Creditors (the "Committee") regarding such plan. The Transcripts also contain personal financial information of the deponents.

8. In order to protect such information from unnecessary and potentially detrimental public disclosure, Debtors seek to redact limited portions of the Transcripts that discuss the

3

Debtors' reorganization plans and the personal financial information of Mr. Ferraro and Mr. Blonstein.

### Basis for Relief

**I. Redacting the Information Related to the Debtors' Ongoing Reorganization Plans is Warranted Under Section 107(b) of the Bankruptcy Code.**

9. Section 107(b) of the Bankruptcy Code provides bankruptcy courts with authority to issue orders that will protect entities from the potential harm that may result from the disclosure of certain confidential information. This section provides, in relevant part:

> (b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may:
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or **commercial information**; or
>
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b) (emphasis added).

10. Bankruptcy Rule 9018 defines the procedures by which a party may move for relief under section 107(b) of the Bankruptcy Code. Specifically, Bankruptcy Rule 9018 provides, in relevant part, that, upon motion, "the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018.

11. If the material sought to be protected satisfies one of the categories identified in section 107(b) of the Bankruptcy Code, "the court is *required* to protect a requesting party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994) (emphasis in original). Stated differently, section 107(b) of the Bankruptcy Code does not require a party seeking its protections to demonstrate "good cause." *Orion Pictures*, 21 F.3d at 28. "Courts have supervisory power

4

over their records and files and may deny access to those records and files to prevent them from being used for an improper purpose." *In re Kaiser Aluminum Corp.*, 327 B.R. 554, 560 (D. Del. 2005). Courts are required to provide such protections "generally where open inspection may be used as a vehicle for improper purposes." *Orion Pictures*, 21 F.3d at 27. Indeed, the "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *See In re Glob. Crossing Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003). Confidential commercial information need not rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code.[2] Courts have also held that the resulting sealing order should be broad (*i.e.*, "any order which justice requires"). *See, e.g.*, *In re Glob. Crossing, Ltd.*, 295 B.R. at 724 (citing Bankruptcy Rule 9018).

12. The Debtors submit that the reorganization plan information contained in the Transcripts constitutes confidential commercial information that may be protected under section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018. Most notably, those reorganization efforts are subject to a number of confidentiality and non-disclosure agreements. Moreover, Debtors' efforts to develop a reorganization plan are ongoing, and public disclosure of those plans threatens to potentially undermine those efforts. As this Court is surely aware, there is intense public attention focused on these Chapter 11 cases. Therefore, any disclosure of the Debtors' confidential reorganization plans is likely to be heavily scrutinized and discussed. At this early stage in the Debtors' Chapter 11 cases, such intense public scrutiny could disrupt those efforts and materially impair the chances of successful reorganization.

---

[2] *See In re Northstar Energy, Inc.*, 315 B.R. 425, 429 (Bankr. E.D. Tex. 2004) ("A bankruptcy court is required to seal 'documentary information filed in court that does not rise to the level of a trade secret but that is so critical to the operations of the entity seeking the protective order that its disclosure will unfairly benefit that entity's competitors.'"); *see also Orion Pictures*, 21 F.3d at 27–28 (holding that section 107(b)(1) creates an exception to the general rule that court records are open to examination by the public and, under this exception, an interested party must show only that the information it wishes to seal is "confidential" and "commercial" in nature).

13. Furthermore, information regarding the Debtors' reorganization plans is wholly irrelevant to the Court's evaluation of Mr. Frishberg's request for additional deposition time or any of the issues presented in the Stablecoin Motion. Thus, the sealing of this information would not impair public knowledge of these matters and would serve only protect against potential harm to the Debtors' estates and stakeholders resulting from disclosure of such information.

14. The Debtors have narrowly tailored the request set forth in this Motion to protect only the kind of commercially sensitive information that is entitled to be protected under section 107 of the Bankruptcy Code. As a result, the Debtors believe that authorizing information related to the Debtors' ongoing reorganization plans to be redacted and filed under seal is the best method to ensure transparency with respect to information disclosure while still preventing the negative implications of public disclosure.

## II. Redacting Mr. Ferraro and Mr. Blonstein's Personal Financial Information is Warranted Under Section 107(c) of the Bankruptcy Code.

15. Section 107(c) of the Bankruptcy Code authorizes courts to issue orders that will protect information that would create "undue risk of identity theft or unlawful injury to the individual or the individual's property." 11 U.S.C. § 107(c)(1). Section 107(c) of the Bankruptcy Code protects "means of identification" from being publicly disclosed. 11 U.S.C. § 107(c)(1)(A). Means of identification includes "any name or number that may be used, along or in conjunction with any other information, to identify a specific individual[.]" 18 U.S.C. § 1028(d)(7).

16. As noted by Collier on Bankruptcy, "[s]ection 107(c) gives the court broad discretion to protect an individual with respect to any information, including identifying information, in a paper filed or to be filed with the court to the extent that the court finds that disclosure of the information would create an undue risk of identity theft or unlawful injury to the individual or the individual's property." 2 COLLIER ON BANKRUPTCY ¶ 107.04 (16th ed.).

Stated differently, "[t]he types of information that can be protected by the court are unlimited" and go beyond the types of identification referenced in Bankruptcy Code section 107(c)(1)(A), especially in light of the broad language in Bankruptcy Code section 107(c)(1)(B) authorizing protection of "other information." *Id.*

17. The Debtors submit that the personal financial information included in the Transcripts, including personal tax information and personal salary information, warrants redaction under Section 107(c). Public disclosure of this personal financial information, particularly individual tax and compensation information, puts Mr. Ferraro and Mr. Blonstein at real risk of becoming targets of identity theft, blackmail, harassment, and stalking, or other harm. *See, e.g.*, *Koch v. Greenberg*, 2009 WL 2143634, at *8 (S.D.N.Y. July 14, 2009) (ordering the sealing and redaction of an individual's personal financial information).

18. Similar to above, Mr. Ferraro and Mr. Blonstein's personal financial information is not relevant to the Court's evaluation of Mr. Frishberg's request for additional deposition time or any issue raised by the Stablecoin Motion. Thus, the public's ability to evaluate the issues presented in that request or the Stablecoin Motion is not impaired by the Debtors' proposed redactions.

19. The Debtors further request that the Order authorizing the seal remain for the duration of these chapter 11 cases so as not to frustrate the purpose of the Order. This proposed format for disclosure is carefully tailored to provide appropriate levels of information in these cases while still maintaining confidentiality of "commercial information" where truly necessary.

## Notice

20. The Debtors will provide notice of this Motion to the following parties and/or their respective counsel, as applicable: (a) the U.S. Trustee; (b) the Committee; (c) Mr. Frishberg; and

(d) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Debtors respectfully request that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Washington, D.C.
Dated: December 1, 2022

/s/ T.J. McCarrick
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Judson Brown, P.C. (admitted *pro hac vice*)
T.J. McCarrick (admitted *pro hac vice*)
Leah Hamlin (admitted *pro hac vice*)
1301 Pennsylvania Avenue NW
Washington, D.C. 20004
Telephone:     (202) 389-5000
Facsimile:      (202) 389-5200
Email:            judson.brown@kirkland.com
                     tj.mccarrick@kirkland.com
                     leah.hamlin@kirkland.com

- and -

Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:      (212) 446-4900
Email:            jsussberg@kirkland.com

 - and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:      (312) 862-2200
Email:            patrick.nash@kirkland.com
                     ross.kwasteniet@kirkland.com

*Counsel to the Debtors and
Debtors in Possession*

**Exhibit A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER AUTHORIZING THE DEBTORS TO REDACT
AND FILE UNDER SEAL CERTAIN CONFIDENTIAL INFORMATION
RELATED TO THE DEBTORS' RESPONSE TO DANIEL FRISHBERG'S LETTER**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), authorizing the Debtors to redact and file under seal certain portions of the deposition transcripts of Christopher Ferraro (the "Ferraro Transcript") and Oren Blonstein (the "Blonstein Transcript") (collectively, the "Transcripts"); and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

2

no other notice need be provided; and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Debtors are authorized, pursuant to sections 105(a), 107(b), and 107(c) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1, to file the Transcripts under seal.

3. The unredacted versions of the Transcripts shall remain confidential and shall not be made available to anyone other than the Receiving Parties without the Debtors' consent, may not be filed on the public docket, and shall remain under seal until further order of the Court.

4. The Debtors shall submit unredacted copies of the Transcripts to the Clerk of the Court in an envelope under seal, clearly indicating that the same has been filed under seal by order of the Court.

5. The Clerk of this Court shall treat the Confidential Information contained in the Transcripts as confidential, and counsel for the Debtors shall contact the Clerk's Office regarding the return or disposition of the Transcripts as soon as practicable following the effective date of any chapter 11 plan in this case or any successor cases.

6. The Debtors are authorized to cause the unredacted versions of the Transcripts to be served on and made available, on a confidential basis, to the Receiving Parties.

7. Any party authorized to receive the unredacted versions of the Transcripts shall be authorized and directed, subject to Local Rule 9037-1, to redact specific references to the information set forth therein from pleadings filed on the public docket maintained in these

chapter 11 cases. If the Confidential Information is attached or referred to in any future pleadings or documents filed with this Court relating to these chapter 11 cases, this Order shall apply to such pleading or document.

8. Any party who receives the Confidential Information in accordance with this Order shall not disclose or otherwise disseminate this information to any other person or entity, including in response to a request under the Freedom of Information Act.

9. Nothing in this Order shall restrict in any way the right of any party in interest or the U.S. Trustee to seek relief from this Court to unseal any part of the Transcripts.

10. The requirements set forth in Local Rules 9013-1, 9018-1, and 9037-1 are satisfied by the contents of the Motion.

11. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

12. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

14. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2022

_____
THE HONORABLE MARTIN GLENN
CHIEF UNITED STATES BANKRUPTCY JUDGE