# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

T.J. McCarrick
To Call Writer Directly:
+1 202 389 3136
tj.mccarrick@kirkland.com

1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
United States

+1 202 389 5000

www.kirkland.com

Facsimile:
+1 202 389 5200

December 1, 2022

**Via E-mail**

The Honorable Martin Glenn
U.S. Bankruptcy Court for the Southern
District of New York
One Bowling Green
New York, NY 100004-4551

Re: *In re Celsius Network LLC*, Case No. 22-10964 (MG) (Bankr. S.D.N.Y.)

Dear Chief Judge Glenn:

This responds to Mr. Frishberg's letter, submitted November 30, 2022, regarding additional deposition time for Oren Blonstein in connection with Celsius' motion to sell stablecoin. ECF No. 1325 Mr. Frishberg's request lacks merit from a procedural and a substantive perspective, and it should be denied. The Federal Rules of Civil Procedure, made applicable to this contested matter through Federal Rule of Bankruptcy Procedure 9014(c), protect the the judicial system's, estate's, and witness's time from such waste, and there is no call to subject Mr. Blonstein to another round of questioning on issues fully explored by Mr. Frishberg's fellow creditors.

***First***, Mr. Frishberg's request contravenes Federal Rule of Civil Procedure 30(d)(1), which imposes a limit of 7 hours on any fact deposition. *See* Fed. R. Civ. P. 30(d)(1) ("Unless otherwise stipulated or ordered by the court, a deposition is limited to one day of 7 hours."). The "presumptive" 7-hour time limit on depositions "is precisely what it appears to be—a *limit* on discovery" that is "controlling," absent agreement between the parties. *Carling v. Peters*, 2012 WL 1438261, at *1 (S.D.N.Y. Apr. 24, 2012) (emphasis in original). There is no question that Mr. Blonstein was questioned for 7 hours on the record, and nothing in Mr. Frishberg's letter suggests otherwise.

***Second***, nor has Mr. Frishberg made the "strong showing" required to subject Mr. Blonstein to additional deposition time. *See CSI Inv. Partners II, L.P. v. Cendant Corp.*, 2004 WL 2053253, at *1 (S.D.N.Y. Sept. 13, 2004). A "party moving to re-open a deposition must make a showing of good cause." *See Jibowu v. Target Corp.*, 2018 WL 5624145, at *1

## KIRKLAND & ELLIS LLP

The Honorable Martin Glenn
December 1, 2022
Page 2

(E.D.N.Y. Oct. 30, 2018). No such cause exists here. Mr. Frishberg does not identify a single question or topic—not a single one—inadequately addressed by the UCC, the U.S. Trustee, State regulators, or his fellow *pro se* creditors. Consequently, even taking Mr. Frishberg's representations at face value, any "*de minimis* loss of time" of 20 minutes of questioning does not warrant re-opening or extending Mr. Blonstein's deposition, nor does it accord with the principles of proportionality codified in the Federal Rules of Civil Procedure. *See Williams v. Fire Sprinkler Assocs. Inc.*, 2017 WL 1156012, at *3 (E.D.N.Y. Mar. 27, 2017) (rejecting request for 11 additional minutes of deposition questioning).

Setting aside this failure of proof, Mr. Frishberg's request does not satisfy the standard for good cause. To level set, all creditors, including *pro se* creditors like Mr. Frishberg, understood that the depositions for this motion would be limited to 7 hours. As explained in the introduction to the UCC's written deposition questions, the depositions of Mr. Blonstein and other witnesses deposed in connection with the stablecoin motion would "last no more than seven hours on the record." *See* UCC's Written Dep. Questions (ECF No. 1345-1) ¶ 5. Given the number of parties expected to participate, the UCC—following consultation with *pro se* creditors—proposed a rough time allocation for questioning, under which 3 hours would be "reserved" for the UCC, 1 hour for the U.S. Trustee, 1 hour for State regulators, and 2 hours for *pro se* account holders. *See id.* Although not required, Celsius afforded *pro se* creditors any unused time in excess of their allotment, ultimately giving those creditors the same (if not more) on-the-record time than the UCC—a statutory committee that represents all unsecured creditors. Celsius gave *pro se* creditors the opportunity to go off the record and allocate the remaining time among themselves, and during their questioning, Celsius repeatedly provided *pro se* creditors with updates about the remaining time in Mr. Blonstein's deposition. *See* Ex. A (11/22/22 O. Blonstein Dep. Tr.) at 324:3–10 ("MS. BRIER: Okay. So we've got a little over an hour and a half, folks, left. If you want to figure out how to divide up that time."). That the creditors squandered their time (as set out below) is not the fault of Mr. Blonstein, and it does not entitle Mr. Frishberg to additional deposition time here.

Subjecting Mr. Blonstein to additional deposition questioning is particularly inappropriate given that he (and other Celsius witnesses) spent considerable time answering questions that have no bearing whatsoever on the narrow scope of the stablecoin motion. Entirely absent from Mr. Frishberg's letter is the fact that much of Mr. Blonstein's time was spent answering questions about: (i) his personal tax returns, *see* Ex. A (11/22/22 O. Blonstein Dep. Tr.) at 81:3-82:8, 326:21-329:19); (ii) his salary, *id.* at 186:15-190:6; (iii) his involvement in marketing and Celsius' marketing practices, *id.* at 83:24-90:13, 248:7-249:23; (iv) communications with regulatory bodies, *id.* at 221:20-223:20, 232:2-234:1, 314:17-319:6; and (v) the debtors' plans for reorganization, *id.* at 235:7-236:16. "Why [creditors] did not get to" other areas of inquiry thus "begs the question as to what [they] w[ere] doing" for the 7 hours of Mr. Blonstein's deposition, and Mr. Frishberg has not met his burden of establishing good

# KIRKLAND & ELLIS LLP

The Honorable Martin Glenn
December 1, 2022
Page 3

cause, "especially due to the lack of explanation for [the] failure to more efficiently allocate [the creditors'] topical inquiries." *See Williams*, 2017 WL 1156012, at *4; *see also Jibowu*, 2018 WL 5624145, at *2 ("25 pages of the deposition transcript were spent discussing Ms. Jibowu's resume, time that might better have been spent on the topics defendants argue were not sufficiently addressed."). Indeed, it is telling that the U.S. Trustee's response to Mr. Frishberg's request for additional time was to implicitly acknowledge that much of the questioning was well outside the scope of the pending motion *See* Ex. A at 422:14-17 ("MS. CORNELL: What if we limit the scope to just the motion; I mean, if we truly limit the scope of the questions?").

Mr. Blonstein's deposition also did not occur on a blank slate. The day before Mr. Blonstein's deposition, creditors questioned Celsius' Chief Executive Officer, Chris Ferraro, about a host of far-afield issues, including the status of plan confirmation, Ex. B (11/21/22 C. Ferraro Dep. Tr.) 122:19-128:2; whether he received letters from creditors filed on the docket regarding the bankruptcy, *id.* at 128:8-131:18, 227:12-228:25; his salary, *id.* at 138:19-140:16; the tax treatment of Celsius assets, *id.* at 345:21-347:22; Celsius' prior business relationships with companies purportedly owned or operated by the wife of Celsius' former Chief Executive Officer, Alex Mashinsky, *id.* at 269:4-273:2; and insider clawbacks, *id.* at 337:20-339:19. Mr. Frishberg, in particular, questioned Mr. Ferraro on a number of issues irrelevant to the stablecoin motion, including alleged modifications to dates on which awards were paid out, *id.* at 369:5-13; an alleged 41,000-coin discrepancy in bitcoin, *id.* at 369:14-374:19; the process for closing customer accounts, *id.* at 380:18-382:14; and pausing withdrawals, *id.* at 390:7-392:7. While understandably of interest—and recognizing Mr. Frishberg's frustration that he was unable to question Mr. Blonstein—nothing in the law, the record, or Mr. Frishberg's prior questioning, supports re-opening Mr. Blonstein's deposition.

***Third***, the suggestion that it was procedurally improper to terminate Mr. Blonstein's deposition after 7 hours of record time lacks merit. Mr. Frishberg does not deny that Mr. Blonstein answered all non-privileged questions put to him during his deposition. Indeed, the transcript of that deposition exceeds 400 pages. *See generally* Ex. A (11/22/22 O. Blonstein Dep. Tr.). Neither Celsius nor its counsel was required to afford Mr. Frishberg or other *pro se* creditors additional time beyond the 7 hours required by Rule 30(d)(1), and nothing in law or equity compelled Celsius or its counsel to force Mr. Blonstein to remain available after 7:00 p.m. two days before Thanksgiving, whether to sit for additional questioning of an undefined scope or to resolve this matter with the Court.

Equally misleading is the suggestion that Celsius somehow personally guaranteed Mr. Frishberg deposition time through statements in its pleadings. It is of course true that Celsius made Mr. Blonstein and other declarants available "to ensure that all parties, including Mr. Frishberg, will have an opportunity to explore issues relevant to the [a]mended [m]otion and the

**KIRKLAND & ELLIS LLP**

The Honorable Martin Glenn
December 1, 2022
Page 4

[r]equested [f]indings." *See* Debtors' Resp. to Daniel A. Frishberg's Objection to Debtors' Proposed Scheduling Order (ECF No. 1414) ¶ 27. But nothing in that statement (or any other) gave creditors license to question Mr. Blonstein or other declarants in excess of the time provided for in the Federal Rules. To the contrary, the very next sentence of Celsius' response to Mr. Frishberg's objection (which is omitted from his motion) states that Mr. Frishberg "will have the opportunity to depose the declarants within the scope of, and in a manner consistent with, the [p]roposed [s]cheduling [o]rder," *id.*, which expressly states that Celsius "shall only be required to make each declarant available for one deposition of one day (not to exceed seven hours)," Notice of Filing of Proposed Scheduling Order (ECF No. 1324) ¶ 6.

***Finally***, it is inaccurate to suggest that Mr. Blonstein only would have been required to sit for 20 minutes of additional testimony. Apart from Mr. Frishberg, ***other*** *pro se* creditors suggested that they intended to seek additional deposition time with Mr. Blonstein in connection with the motion at issue. *See* Ex. A (11/22/22 O. Blonstein Dep. Tr.) at 420:13-17 ("MR. HERMANN: I would just like to formally object on the record and note that [ ] I will be filing in my objections tomorrow that we were not able to complete the questions."); *see also* 11/30/22 D. Frishberg Ltr. at 3 ("Debtors nonetheless ignored not only my (and other pro se') numerous objections … ."). It is for this reason that Celsius' counsel sought a representation that no creditor would "seek additional discovery or depositions from any of [the] declarants in connection with this motion"—a representation that was not made by each *pro se* creditor on the record. Ex. A (11/22/22 O. Blonstein Dep. Tr.) at 422:18-423:3. Short of a global agreement between the parties (and particularly given the UCC's and *pro se* creditors' failure to limit their questions to in scope issues despite Celsius' and the UCC's agreement), there was no path for allowing additional deposition time of undefined scope and duration, which Celsius was not obligated to offer in any event.

*          *          *

For the entirety of his 7-hour deposition, Mr. Blonstein was "cooperative and answered the questions asked of [him]." *See Jibowu*, 2018 WL 5624145, at *3. Mr. Blonstein did "not need to be examined concerning a large number of documents," and Mr. Frishberg has not identified "additional relevant areas of inquiry." *Id.* at *2. It was the creditors who "controlled the structure of [Mr. Blonstein's] deposition," and they were free (as a group) "to alter [their] questioning or move on if too much time was taken up" on irrelevant issues. *See Williams*, 2017 WL 1156012, at *3. "Given these circumstances, the burden of continuing the deposition for [20] minutes of time would outweigh the potential benefit to be achieved," and Mr. Frishberg's request should be denied. *See id.*

**KIRKLAND & ELLIS LLP**

The Honorable Martin Glenn
December 1, 2022
Page 5

Sincerely,

/s/ *T.J. McCarrick*

T.J. McCarrick

cc:     Counsel of Record