UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | x | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| CELSIUS NETWORK, LLC, *et al.*,[1] | : | Case No. 22-10964 (MG) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | x | |

---

### ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF GODFREY & KAHN, S.C., AS ATTORNEYS FOR THE FEE EXAMINER, EFFECTIVE AS OF OCTOBER 13, 2022

Upon the *Application of the Fee Examiner for Entry of an Order Authorizing the Retention and Employment of Godfrey & Kahn, S.C., as Attorneys for the Fee Examiner, Effective as of October 13, 2022* (the "Application"), for entry of an order authorizing Godfrey & Kahn, S.C. ("Godfrey & Kahn") as the Fee Examiner's counsel effective as of October 13, 2022, under sections 105(a), 327(a), 330, 1104 and 1106 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), and the Court's *Order Appointing Independent Fee Examiner and Establishing Related Procedures for the Review of Fee Applications of Retained Professionals* (ECF Doc. # 1151) (the "Fee Examiner Order"); and the Court having reviewed the Application, the *Declaration of Katherine Stadler in Support of Application for Entry of an Order Authorizing the Retention and Employment of Godfrey &*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

*Kahn, S.C., as Attorneys for the Fee Examiner, Effective as of October 13, 2022* (the "Stadler Declaration") ECF Doc. # 1302); and having heard statements in support of the Application at a hearing held before the Court (the "Hearing") and any objections to the relief requested in the Application; and the Court having found that it has jurisdiction and authority over this matter under 28 U.S.C. §§ 157 and 1334, that the Application is a core proceeding under 28 U.S.C. § 157(b)(2), and that the venue of this proceeding and the Application in this district is proper under 28 U.S.C. § 1409; and the Court having found, based on the Application and the Stadler Declaration, that Godfrey & Kahn does not hold or represent an interest adverse to the Debtors or their estates, that Godfrey & Kahn is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code, and the relief requested in the Application is in the best interests of the Fee Examiner, the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Fee Examiner has provided appropriate notice of the Application under the circumstances and no other or further notice is required; and the Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation, it is **ORDERED**:

1. The Application is granted to the extent set forth herein.

2. The Fee Examiner is authorized to retain and employ Godfrey & Kahn as his attorneys effective as of October 13, 2022 in accordance with the terms and conditions set forth in the Application and the Stadler Declaration.

3. Godfrey & Kahn is authorized to provide the Fee Examiner with the professional services as described in the Application and the Stadler Declaration. Specifically, but without limitation, Godfrey & Kahn will render the following legal services:

  a. Monitoring, reviewing and, where appropriate, objecting to applications for fees and expenses filed by Retained Professionals;[2]

  b. Establishing measures to help the Court ensure that compensation and expenses paid by the Estate are reasonable, actual, and necessary under (1) Bankruptcy Code sections 329, 330 and 331, as applicable, (2) Rule 2016 of the Federal Rules of Bankruptcy Procedure, (3) the Interim Compensation Order, and (4) Local Bankruptcy Rule 2016-1 and the applicable guidelines for compensation.

  c. Reviewing all interim and final Applications submitted after the effective date of the Fee Examiner Order by the Retained Professionals.

  d. Interposing objections to, and being heard in any hearing or other proceedings to consider interim and final applications for fees and reimbursement of expenses filed by Retained Professionals to the extent permitted by the Bankruptcy Code;

  e. Serving objections to monthly statements, in whole or in part, precluding the payment of the amount questioned;

  f. Preparing applications in connection with the Fee Examiner's retention of other professionals and consultants to assist the Fee Examiner in discharging his duties;

  g. Conducting discovery in the event of a contested matter between the Fee Examiner and any Retained Professional;

  h. Negotiating with the Retained Professionals regarding objections to interim and final fee applications and monthly statements and consensually resolving such objections where possible;

---

[2] Terms not defined in this pleading have the meaning ascribed to them in the Fee Examiner Order.

3

    i.  Presenting reports, on a timely basis, to the Retained Professionals with respect to the Fee Examiner's review of interim and final fee applications before filing an objection to applications for compensation;

    j.  Periodically, consistent with the Fee Examiner Order and at the Fee Examiner's direction, filing summary reports with the Court on the Retained Professionals' applications;

    k.  Establishing guidelines and requirements for the preparation and submission to the Fee Examiner of non-binding budgets by Retained Professionals;

    l.  Where necessary, attending meetings between the Fee Examiner and the Retained Professionals; and

    m.  Such other services as the Fee Examiner may request.

  4.  Godfrey & Kahn shall be compensated in accordance with and shall file interim and final fee applications for allowance of its compensation and expenses and shall be subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York, dated June 17, 2013, and the *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief* (ECF Doc. # 521).

  5.  Prior to any increases in Godfrey & Kahn's rates for any individual employed by Godfrey & Kahn and providing services in these cases, Godfrey & Kahn shall file a supplemental declaration with the Court and provide ten business days' notice to the Debtors, the United States Trustee, the Official Committee of Unsecured Creditors, and any other official committee appointed in this case. The supplemental declaration shall explain the basis for the

4

requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether the Fee Examiner has consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code.

6. Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the Local Rules are satisfied by the contents of the Application.

7. To the extent the Application or the Stadler Declaration are inconsistent with this Order, the terms of this Order shall govern.

8. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**IT IS SO ORDERED.**

Dated:  December 2, 2022
         New York, New York

                                    /s/ Martin Glenn
                                    MARTIN GLENN
                                    Chief United States Bankruptcy Judge