**WALLER LANSDEN DORTCH & DAVIS, LLP**
Tyler N. Layne
511 Union Street, Suite 2700
Nashville, TN 37219
Telephone: (615) 244-6380
Facsimile: (615) 244-6804
Email: tyler.layne@wallerlaw.com

**WALLER LANSDEN DORTCH & DAVIS, LLP**
Morris D. Weiss
100 Congress Avenue, 18th Floor
Austin, Texas 78704
Telephone: (512) 685-6400
Email: morris.weiss@wallerlaw.com

*Counsel for RH Montgomery Properties, Inc.*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**RH MONTGOMERY PROPERTIES, INC.'S RESPONSE TO THE DEBTORS' AND THE CREDITORS' COMMITTEE PHASE I OPENING BRIEFS AND IN SUPPORT OF RH MONTGOMERY'S LIMITED OBJECTION**

RH Montgomery Properties, Inc. ("RHMP") hereby submits this response (this "Response")[2] to the opening briefs regarding Phase I Issues filed by the Debtors [Docket No. 1291] (the "Debtors' Brief") and the Creditors' Committee [Docket. No. 1290] (the "UCC Brief") and in support of *RH Montgomery Properties, Inc.'s Limited Objection to the Debtors' Motion Seeking Entry of an Order (I) Authorizing the Debtors to Reopen Withdrawals for Certain Custody Program and Withhold Accounts and (II) Granting Related Relief, filed November 5, 2022* [Docket No. 1293] (the "RHMP Limited Objection"). In support of the Response, RHMP respectfully states as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

[2] Capitalized terms used but not defined in this Response shall have the meanings ascribed to them in the Ad Hoc Group Response (as defined herein).

## RESPONSE

1.       RHMP agrees with every key stakeholder in these Chapter 11 Cases that Custody Assets are not property of the estate. *See* Debtors' Br. ¶¶ 12-22; UCC Br. ¶¶ 35-39; AHG Opening Br. ¶¶ 26-33. RHMP does not believe, however, that the Debtors and the Creditors' Committee have set forth any legal or equitable basis for withholding Custody Assets pending the result of potential (and, at this point, entirely theoretical) preference actions. In furtherance of this Response, RHMP expressly incorporates the *Ad Hoc Group of Custodial Account Holders' Response to Debtors' and the Creditors' Committee's Phase I Openings Brief* (Docket No. 1572) (the "Ad Hoc Group Response") by reference herein.

2.       In particular, RHMP agrees with the Ad Hoc Group that the burden should be on the Debtors to demonstrate a valid basis for withholding assets that the Debtors concede are not property of the estate rather than being distributed promptly to the rightful owners of such assets. Neither the Debtors nor the Creditors' Committee met that burden. The Debtors and the Creditors' Committee rely on inapposite provisions of the Terms of Use that, taken to their logical conclusion, would permit the Debtors to withhold the Custody Assets for an indefinite period for any reason or no reason at all. Furthermore, as more fully set forth in the Ad Hoc Group Response, the Debtors and Creditors' Committee also rely upon provisions of the Bankruptcy Code to justify withholding the Custody Assets that would only apply if the Custody Assets were property of the estate, which the Debtors and Creditors' Committee concede they are not. Contrary to the assertions in the Debtors' and Creditors' Committee's opening briefs, the Debtors cannot use the Bankruptcy Code or this Court's equitable powers to expand their rights to withhold the Custody Assets. Instead, the Debtors only have the same property rights they held on the Petition Date, resulting in the inescapable conclusion that the Custody Assets must be released.

3. RHMP also agrees with the Ad Hoc Group that the Debtors' request for a Section 105(a) injunction is procedurally improper and that such an extraordinary remedy is unjustified. The Debtors' potential difficulties in collecting judgments with respect to preference actions that have not been commenced and that may ultimately be unsuccessful pales in comparison to the harm being suffered by the owners of Custody Assets who cannot deploy their assets in the way that makes the most financial sense for each owner.

4. Accordingly, RHMP requests that the Court (a) overrule any request by the Debtors or Creditors' Committee to permit the Debtors to continue to withhold the Custody Assets, (b) condition the entry of the Debtors' Limited Withdrawal Motion upon the Debtors honoring the withdrawals of all Custody Assets by non-insiders and (c) grant any and all other further relief as may be just and proper.

*[Remainder of Page Intentionally Left Blank]*

Dated: December 2, 2022

        Respectfully submitted,

        */s/ Tyler N. Layne*
        Tyler N. Layne
        Waller Lansden Dortch & Davis, LLP
        511 Union Street, Suite 2700
        Nashville, TN 37219
        Telephone: (615) 244-6380
        Facsimile: (615) 244-6804
        Email: tyler.layne@wallerlaw.com

        - and -

        Morris D. Weiss
        Waller Lansden Dortch & Davis, LLP
        100 Congress Avenue, 18th Floor
        Austin, Texas 78701
        Telephone: (512) 685-6400
        Email: morris.weiss@wallerlaw.com

        *Counsel for RH Montgomery Properties, Inc.*