Dennis F. Dunne
Nelly Almeida
**MILBANK LLP**
55 Hudson Yards
New York, NY 10001
Tel: (212) 530-5000
Fax: (212) 660-5219

Andrew M. Leblanc
Melanie Westover Yanez
**MILBANK LLP**
1850 K Street, NW, Suite 1100
Washington, DC 20006
Tel: (202) 835-7500
Fax: (202) 263-7586

*Counsel to Community First Partners, LLC,
Celsius SPV Investors, LP, and Celsius
New SPV Investors, LP*

Joshua M. Mester (admitted *pro hac vice*)
**JONES DAY**
555 South Flower Street
Fiftieth Floor
Los Angeles, CA 90071
Tel:  (213) 489-3939
Fax: (213) 243-2539

*Counsel to CDP Investissements Inc.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**SERIES B PREFERRED HOLDERS' STATEMENT REGARDING
THE DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) EXTENDING
THE DEBTORS' EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN
AND SOLICIT ACCEPTANCES THEREOF PURSUANT TO SECTION 1121
OF THE BANKRUPTCY CODE AND (II) GRANTING RELATED RELIEF**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

Community First Partners, LLC, Celsius SPV Investors, LP, Celsius New SPV Investors, LP, and CDP Investissements Inc. (collectively, the "Series B Preferred Holders"), as beneficial holders, or investment advisors or managers of beneficial holders, of Series B Preferred Shares issued by Celsius Network Limited (together with its affiliated debtors and debtors in possession, the "Debtors"), by and through their undersigned counsel, respectfully state as follows in respect of the *Debtors' Motion For Entry of an Order (I) Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code and (II) Granting Related Relief* [Dkt. No. 1317] (the "Motion"):[2]

## Statement

1. The Series B Preferred Holders take no position on whether the relief requested in the Motion is appropriate, but respond directly and promptly to certain assertions made by the Committee in its statement (the "Committee's Statement") regarding the Motion, filed just yesterday.[3] Under the guise of a statement on the propriety of extending exclusivity, the Committee attacks the *Debtors' Motion Seeking Entry of an Order (I) Setting a Briefing Schedule and (II) Granting Related Relief* [Dkt. No. 1338] (the "Proposed Briefing Schedule Motion"), scheduled to be heard on Thursday, December 8, 2022.[4] To be clear, the Series B Preferred Holders will address fully each of the Committee's anticipated objections to the Proposed Briefing Schedule Motion at the appropriate time, and the filing of this statement in no way concedes any point in the Committee's Statement not addressed directly herein.

---

[2]  Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

[3]  *Statement of the Official Committee of Unsecured Creditors Regarding Debtors' Motion for Entry of an Order (I) Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code and (II) Granting Related Relief* [Dkt. No. 1536].

[4]  *See Notice of Adjournment of Hearing on Certain Motions* [Dkt. No. 1524], filed November 30, 2022.

2. The Proposed Briefing Schedule Motion proposes a process to resolve the outstanding question raised on the first day of these cases – which Debtor entities are liable to customers under the global contract between Celsius Network LLC and its customers (the "Terms of Use"). Throughout these cases, the parties have acknowledged that this is a gating issue in need of resolution in short order.[5]

3. First, it is surprising if not unbelievable that the Committee asserts that there is no need to go forth with the Proposed Briefing Schedule Motion because the Committee claims the "Debtors have already acknowledged that they believe customers have claims at every Debtor entity."[6] In fact, the Debtors have stated just the opposite. When they chose to schedule customer claims against every Debtor entity for administrative ease (and without acknowledging claims against non-Debtor entities in the corporate structure), the Debtors stated the following:

> For the avoidance of doubt, **it is not the intent of the Debtors to create any presumption that account holders have claims against each Debtor entity**, as that issue is disputed by certain holders of the Series B Preferred Shares issued by Celsius Network Limited, and **no creditor or other party should rely on the fact that the account holder claims are scheduled at each Debtor entity as dispositive as to this legal issue, which will be decided in the Account Holder Claim Ruling**.[7]

4. The Proposed Briefing Schedule Motion sets forth the procedures that will result in the Account Holder Claim Ruling. Without such basic information, it is hard to imagine how the Debtors can formulate any confirmable plan.

---

[5] *See, e.g.*, *Global Notes and Statement of Limitations, Methodology And Disclaimers Regarding The Debtors' Schedules of Assets and Liabilities* [(the "Schedules")] *and Statements of Financial Affairs* [Dkt. No. 974] (the "Global Notes") pp. 3-4; *The Official Committee of Unsecured Creditors' Limited Objection to the Debtors' Cash Management Motion* [Dkt. No. 401] ¶ 2 ("[W]hile the Debtors have acknowledged that account holders may have claims against multiple Debtor entities, the Court has not yet adjudicated the matter, and the Committee expects that the [Series B Preferred Holders] will contest the matter."); *First Day Hearing Presentation* [Dkt. No. 45] at 3 ("Legal issues critical to the outcome of this case include . . . [w]hich Celsius entities do customers have claims against?").

[6] Committee's Statement at 2.

[7] Global Notes at 3-4 (emphasis added).

3

5. Second, the Committee asserts that it and the Debtors already "addressed" the question of customer claim liability in connection with the Series B Preferred Holders' request for the appointment of a preferred equity committee. While the Committee may believe it has already made its arguments in connection with this issue, the parties have not briefed, and have not been required to brief, such issue and the Court certainly has not issued any determination in connection therewith.[8] In fact, the Court has even acknowledged that it "has yet to rule on the issue."[9]

6. Moreover, the Debtors recently provided notice to customers of the bar date that reminded customers of the limitations of the Schedules included in the Global Notes, and informed them that the Debtors filed the Proposed Briefing Schedule Motion seeking to establish the process to resolve the issue of which Debtor entities are liable to customers under the Terms of Use.[10] The Bar Date Order further requires the Debtors to amend the Schedules to comply with any opinion or order of the Court regarding the Account Holder Claim Ruling.[11] Accordingly, there is no doubt that the question of customer claim liability is a critical, unresolved legal issue and that the expeditious and economical resolution thereof is in the interests of all stakeholders.

7. As noted herein, the Series B Preferred Holders will address the additional issues raised by the Committee regarding the Proposed Briefing Schedule Motion at the appropriate time.

---

[8] The only determination the Court has made with respect to the customer claim issue is that the Debtors have reserved all their rights with respect thereto. 10/20/22 Hr'g Tr. 48:20-23.

[9] *Memorandum Opinion and Order Denying Motion for the Appointment of an Official Preferred Equity Committee* [Dkt. No. 1166] at 13.

[10] *See Order (I) Setting Bar Dates for Submitting Proofs of Claim, (II) Approving Procedures for Submitting Proofs of Claim (III) Approving Notice Thereof, and (IV) Granting Related Relief* [Dkt. No. 1368] (the "Bar Date Order").

[11] *Id.* ¶ 5.

4

**Reservation of Rights**

8. The Series B Preferred Holders reserve their rights to supplement or amend this statement, raise additional issues regarding the Motion, and present evidence at the hearing on the Motion.

Dated: December 2, 2022
 New York, New York

/s/ *Dennis Dunne*
Dennis F. Dunne
Nelly Almeida
**MILBANK LLP**
55 Hudson Yards
New York, NY 10001
Tel: (212) 530-5000
Fax: (212) 660-5219

- and -

Andrew M. Leblanc
Melanie Westover Yanez
**MILBANK LLP**
1850 K Street, NW, Suite 1100
Washington, DC 20006
Tel: (202) 835-7500
Fax: (202) 263-7586

*Counsel to Community First Partners, LLC, Celsius SPV Investors, LP, and Celsius New SPV Investors, LP*

/s/ *Joshua Mester*
Joshua M. Mester (admitted *pro hac vice*)
**JONES DAY**
555 South Flower Street
Fiftieth Floor
Los Angeles, CA 90071
Tel: (213) 489-3939
Fax: (213) 243-2539

*Counsel to CDP Investissements Inc.*