| | |
|---|---|
| Joshua A. Sussberg, P.C. | Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*) |
| **KIRKLAND & ELLIS LLP** | Ross M. Kwasteniet, P.C. (admitted *pro hac vice*) |
| **KIRKLAND & ELLIS INTERNATIONAL LLP** | Christopher S. Koenig |
| 601 Lexington Avenue | Dan Latona (admitted *pro hac vice*) |
| New York, New York 10022 | **KIRKLAND & ELLIS LLP** |
| Telephone:  (212) 446-4800 | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Facsimile:  (212) 446-4900 | 300 North LaSalle Street |
| | Chicago, Illinois 60654 |
| | Telephone:  (312) 862-2000 |
| | Facsimile:  (312) 862-2200 |

*Counsel to the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**JOINT STIPULATION AND AGREED ORDER BY AND AMONG**
**THE DEBTORS AND THE WITHHOLD AD HOC GROUP REGARDING**
**CERTAIN TRANSFERS BETWEEN EARN AND WITHHOLD ACCOUNTS**

This Joint Stipulation and Agreed Order (this "Stipulation") is made and entered into by and among: (a) Celsius Network LLC, and certain of its subsidiaries and affiliates, as debtors in possession in the above-captioned chapter 11 cases (the "Debtors"); and (b) the Ad Hoc Group of Withhold Account Holders (the "Withhold Ad Hoc Group" and together with the Debtors, the "Parties").[2] The Parties hereby stipulate and agree as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison St., Suite 209F, Hoboken, New Jersey 07030.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the *Debtors' Memorandum of Law Regarding Phase I Custody and Withhold Issues* [Docket No. 1291].

## RECITALS

**WHEREAS**, on October 13, 2022, the Parties, the Committee, and the Custody Ad Hoc Group entered into the *Joint Stipulation and Agreed Scheduling Order By and Among the Debtors, the Committee, and the Ad Hoc Groups with Respect to the Custody and Withhold Issues* [Docket. No. 1044] (the "Scheduling Order"), which provided for the scheduling for the briefing of certain issues related to the *Debtors' Motion Seeking Entry of an Order (I) Authorizing the Debtors to Reopen Withdrawals for Certain Customers with Respect to Certain Assets Held in the Custody Program and Withhold Accounts and (II) Granting Related Relief* [Docket No. 670] (the "Custody and Withhold Motion"), the *Ad Hoc Group of Withhold Account Holders' Motion for Relief from the Automatic Stay* [Docket No. 737] (the "Withhold Lift Stay Motion"), and the *Ad Hoc Group of Custodial Account Holders v. Celsius Network LLC, et. al.*, Case No. 22-10964, Adv. No. 22-01142 (MG) (Bankr. S.D.N.Y. Aug. 31, 2022) (the "Custody Complaint");

**WHEREAS**, each member of the Withhold Ad Hoc Group provided a declaration in connection with the initial briefing of the Phase I Issues (as defined in the Scheduling Order) [Docket No. 1289];

**WHEREAS**, the Debtors had requested that the Withhold Ad Hoc Group provide supplemental declarations concerning certain transfers of coin balances from the Earn Program to the Withhold Accounts (the "Coin Transfer Request");

**WHEREAS**, the Parties have entered into this Stipulation regarding certain coin transfers in order to resolve the Coin Transfer Request.

**NOW, THEREFORE, IT IS STIPULATED AND AGREED AND, UPON APPROVAL BY THE BANKRUPTCY COURT OF THIS STIPULATION, IT IS SO ORDERED AS FOLLOWS:**

2

1. The foregoing recitals are incorporated herein by reference.

2. The Parties agree that solely for the purposes of the Phase I Issues, it is assumed that members of the Withhold Ad Hoc Group transferred (as recorded in the .csv reports pulled by each member of the Withhold Ad Hoc Group) coins from the Earn Program, which were recorded in the .csv report of each member of the Withhold Ad Hoc Group as a transfer to a "Withhold Account" on the following dates:

| Member of Withhold Ad Hoc Group | Date(s) of Transfer |
|---|---|
| Bastani | 6/6/2022; 6/11/2022 |
| Coolen | 6/10/2022 |
| Drevon | 6/12/2022 |
| Fulton | 6/12/2022 |
| Hoffman | 5/31/2022; 6/11/2022 |
| Holz | 6/4/2022; 6/12/2022 |
| Johnson | 6/12/2022 |
| Lovette | 6/11/2022; 6/12/2022 |
| Martinez | 6/12/2022 |
| Reina | 6/11/2022; 6/12/2022; 6/13/2022 |
| Riskin | 6/12/2022 |
| Schilling | 5/9/2022; 6/12/2022 |
| Wong | 6/13/2022 |

3. By entering into this Stipulation, except as otherwise explicitly set forth herein, the Parties are not waiving, and will not be deemed to have waived, any available rights, counterclaims, or defenses, including at law, equity, or otherwise, with respect to the Withhold Assets.

4. Each of the Parties to this Stipulation represents and warrants it is duly authorized to enter into and be bound by this Stipulation.

5. This Stipulation may be executed in identical counterparts, including by facsimile and/or electronic mail, each of which shall be deemed an original, but all of which together constitute one and the same instrument.

6.       This Stipulation represents the entire agreement by and between the Parties with respect to the subject matter hereof, and all prior understandings or agreements, if any, are merged into this Stipulation.

7.       The Bankruptcy Court retains exclusive jurisdiction with respect to any disputes arising from or other actions to interpret, administer, or enforce the terms and provisions of this Stipulation, and the Parties hereby consent to such jurisdiction to resolve any disputes or controversies arising from or related to the implementation of this Stipulation.

**IT IS SO ORDERED.**

New York, New York  
Dated: _____, 2022

                                                THE HONORABLE MARTIN GLENN  
                                                CHIEF UNITED STATES BANKRUPTCY JUDGE

STIPULATED AND AGREED TO THIS 2nd DAY OF DECEMBER, 2022:

| | |
|---|---|
| New York, New York<br>Dated: December 2, 2022 | */s/ Joshua A. Sussberg*<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C.<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:     (212) 446-4800<br>Facsimile:       (212) 446-4900<br>Email:              jsussberg@kirkland.com<br><br> - and -<br><br>Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)<br>Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)<br>Christopher S. Koenig<br>Dan Latona (admitted *pro hac vice*)<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Telephone:     (312) 862-2000<br>Facsimile:       (312) 862-2200<br>Email:              patrick.nash@kirkland.com<br>                        ross.kwasteniet@kirkland.com<br>                        chris.koenig@kirkland.com<br>                        dan.latona@kirkland.com<br><br>*Counsel to the Debtors and*<br>*Debtors in Possession*<br><br><br>*/s/ Deborah Kovsky-Apap*<br>**TROUTMAN PEPPER HAMILTON**<br>**SANDERS LLP**<br>Deborah Kovsky-Apap<br>875 Third Avenue<br>New York, New York 10022<br>Telephone:     (212) 704-6000<br>Facsimile:       (212) 704-6288<br>Email:              deborah.kovsky@troutman.com<br><br>*Counsel to the Ad Hoc Group*<br>*of Withhold Account Holders* |