**WHITE & CASE LLP**
David M. Turetsky
Keith H. Wofford
Samuel P. Hershey
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile:  (212) 354-8113
Email:  david.turetsky@whitecase.com
        kwofford@whitecase.com
        sam.hershey@whitecase.com

**WHITE & CASE LLP**
Aaron E. Colodny (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, California 90071
Telephone: (213) 620-7700
Facsimile:  (213) 452-2329
Email:  aaron.colodny@whitecase.com

– and –

**WHITE & CASE LLP**
Michael C. Andolina (admitted *pro hac vice*)
Gregory F. Pesce (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone: (312) 881-5400
Facsimile:  (312) 881-5450
Email:  mandolina@whitecase.com
        gregory.pesce@whitecase.com

*Counsel to the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS'**
**OBJECTION TO DEBTORS' MOTION SEEKING ENTRY OF AN ORDER**
**(I) SETTING A BRIEFING SCHEDULE AND (II) GRANTING RELATED RELIEF**

---

[1] The Debtors in these chapter 11 cases and the last four digits of their federal tax identification number are as follows: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

The Official Committee of Unsecured Creditors (the "**Committee**") appointed in the cases of the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") states as follows in support of this objection to *Debtors' Motion Seeking Entry of an Order (I) Setting a Briefing Schedule and (II) Granting Related Relief* [Docket No. 1338] (the "**Motion**"):[2]

**Objection**

1. The existence of customer claims against every Debtor is manifest from the plain language of the Terms of Use that the Debtors have otherwise contended are "clear and unambiguous".[3] Indeed, the Debtors have acknowledged that they are each liable to customers and have each included account holder claims on their schedules. Nonetheless, certain holders of Series B preferred equity interests issued by Celsius Network Limited that are, by all evidence, deeply out of the money, have indicated that they disagree. By the Motion, the Debtors seek to establish a briefing schedule on this issue solely with regard to the Debtors' Terms of Use (Phase I), with the possibility of subsequent (and undefined) discovery and further briefing to follow (Phase II). The Court should decline that request.

2. The Debtors do not have the luxury of time or the liquidity to pursue their requested schedule. It has been months since the Debtors hit "Pause" and left their customers stranded without access to billions of dollars in digital assets. Moreover, the Debtors acknowledge that the estates will exhaust their current projected liquidity as early as January 2023[4] and no later than

---

[2] Capitalized terms not defined herein shall have the meaning ascribed to such terms in the Motion.

[3] *See e.g. Debtors' Amended Motion For Entry Of An Order (I) Establishing Ownership Of Assets In The Debtors' Earn Program, (II) Permitting The Sale Of Stablecoin In The Ordinary Course And (Iii) Granting Related Relief* [Docket No. 1325]; *Debtors' Reply In Support Of Debtors' Amended Motion For Entry Of An Order (I) Establishing Ownership Of Assets In The Debtors' Earn Program, (II) Permitting The Sale Of Stablecoin In The Ordinary Course, And (III) Granting Related Relief And Response To Certain Objections Thereto* [Docket No. 1578].

[4] *See Debtors' Motion Seeking Entry of an Order (I) Setting a Briefing Schedule and (II) Granting Related Relief* [Docket No. 1338] ¶ 3; Campagna Dep. Tr. 48:1-11. A copy of the relevant extracts of the Campagna deposition

March 2023[5] absent liquidating digital assets that a chapter 11 plan could otherwise distribute to account holders. Simply put, time is of the essence for the Debtors to emerge from bankruptcy and for distributions to be made to their account holders.

3.  The time is, therefore, ripe for the Debtors (or, if the Debtors are unwilling or unable to do so, for the Committee) to file a chapter 11 plan. To the extent direction on certain "gating" issues is needed from the Court, the Debtors will soon have answers on nearly all of them, and there is no basis for further delay.[6]

4.  It is against this backdrop that the Debtors have proposed a briefing schedule that would needlessly distract from the immediate development and pursuit of a plan and extend the timeline of these chapter 11 cases. The Committee disputes that litigation of whether the Debtors' customers have claims at each Debtor entity under the Terms of Use is a prerequisite for the Debtors to file and pursue confirmation of a chapter 11 plan. The Debtors have each scheduled customer claims and those claims are deemed allowed unless an objecting party sustains its burden to show otherwise.[7] Thus far, no party has done so.[8] Moreover, for the preferred equity holders

---

transcript is attached hereto as Exhibit A.

[5] *Debtors' Responses to Discovery Requests of the Official Committee of Unsecured Creditors in Connection with Debtors' Motion for Entry of an Order Extending the Debtors' Exclusivity Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code*, dated Nov. 28, 2022, attached hereto as Exhibit B ¶ 56 (". . . Debtors admit that their current forecast shows that the Debtors will exhaust all unrestricted cash by no later than March 31, 2023 . . ."); Ferraro Dep. Tr. 106:25-107:4. A copy of the relevant extracts of the Ferraro deposition transcript is attached hereto as Exhibit C.

[6] *See Statement of the Official Committee of Unsecured Creditors Regarding Debtors' Motion for Entry of an Order (I) Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code and (II) Granting Related Relief* [Docket No. 1536] at 2.

[7] *See* 11 U.S.C. § 1111(a) (a proof of claim is "deemed" filed for any claim or interest that is scheduled other than as disputed, contingent or unliquidated); Fed. R. Bankr. P. 3003(b)(1) (debtor's schedules constitute *prima facie* evidence of the validity and amount of creditor's claims); 11 U.S.C. § 502(a) (a claim in respect of which a proof of claim is filed is deemed allowed); *see also In re LATAM Airlines Grp. S.A.*, No.20-11254, 2022 Bankr. LEXIS 1178, at *24 (Bankr. S.D.N.Y. 2022) (a properly scheduled claim is deemed allowed unless a party in interest objects and the objecting party bears the initial burden of producing prima facie evidence that refutes at least one of the allegations essential to the claim).

[8] The preferred equity holders have indicated their position in unrelated briefing. *See Motion of Community First Partners, LLC, Celsius SPV Investors, LP, Celsius New SPV Investors, LP, and CDP Investissements Inc. for*

2

to recover ahead of the approximately $5.5 billion of account holders and unsecured creditors' claims, they would have to not only prevail on the customer claims issue, but also (i) invalidate the $9 billion intercompany claim owed by Celsius Network Limited to Celsius Network LLC,[9] (ii) successfully defend against potential claims or causes of action involving the Debtors, and (iii) defeat potential requests for substantive consolidation. To the extent that the preferred equity holders wish to take on these issues, the Committee submits that these arguments should be addressed together in connection with plan confirmation. Debtors routinely pursue plans that require judicial determinations on key issues at confirmation—including the issues identified herein—and the Committee fails to see why these cases should be different, particularly in light of the Debtors' current exigent circumstances.

5.  As of the filing of this objection, the Committee is continuing to discuss the requested relief with the Debtors. To the extent that a resolution is not reached prior to the hearing, the Committee requests that the Court deny the Motion and take up these issues, if necessary, in connection with plan confirmation. To that end, if the Court wishes to establish a plan confirmation litigation schedule on these issues now, it should direct the parties to negotiate an appropriate schedule (or submit competing schedules) for trying all relevant issues, not just the

---

*Entry of an Order Direct the Appointment of an Official Preferred Equity Committee* [Docket No. 880] (contending that customers have claims only against customer-facing entities and that non-customer-facing entities "drive value" to equity holders); *Series B Preferred Holders' Motion Pursuant to Bankruptcy Rule 1009 for Entry of an Order Directing the Debtors to Amend Their Schedules* [Docket No. 1183] (requesting that Debtors add U.S. dollar amounts to coin counts in schedules and reserving rights to "seek further relief with respect to the Schedules at a later date as may be necessary, including, without limitation, with respect to the Debtors' choice to schedule customer claims against each Debtor as "undisputed . . ."). Nonetheless, that is not a substitute for a claims objection. *See Global Notes and Statement of Limitations, Methodology and Disclaimers Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* [Docket No. 974] at 3-4 (the "**Global Notes and Schedules**"). While the Global Notes and Schedules contain a reservation of rights regarding parties' ability to dispute the proper subjects of customer claims, a reservation of rights by the Debtors cannot substitute for the preferred equity holders actually raising this dispute in a proper, non-advisory manner. Indeed, the Global Notes and Schedules contemplate that any objection to the Schedules must be raised by the preferred equity holders. The Debtors cannot delay the plan process to do this work for them.

[9]  *See* Global Notes and Schedules at ECF p. 34.

3

Terms of Use.  Alternatively, to the extent that the Court determines that it is prudent to consider the existence of customer claims against every Debtor entity under the Terms of Use prior to plan confirmation, the Court should similarly direct the parties to negotiate an appropriate schedule (or submit competing schedules) for considering that issue and any other relevant issues in connection with approval of a disclosure statement.  In no event should the litigation of these issues be a basis to further delay the plan process.

## Reservation of Rights

6.     The Committee reserves all of its rights to supplement or amend this Objection and to raise additional issues with the Motion at the hearing, and to present evidence at the hearing.

## Conclusion

7.     WHEREFORE, for the reasons set forth herein, the Committee respectfully requests that the Court deny the relief requested in the Motion, and grant such other and further relief as may be just and proper.

AMERICAS 116616989 v1

Dated: December 4, 2022
       New York, New York

Respectfully submitted,

*/s/ Gregory F. Pesce*
**WHITE & CASE LLP**
David M. Turetsky
Keith H. Wofford
Samuel P. Hershey
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
Email: david.turetsky@whitecase.com
      kwofford@whitecase.com
      sam.hershey@whitecase.com

– and –

**WHITE & CASE LLP**
Michael C. Andolina (admitted *pro hac vice*)
Gregory F. Pesce (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone: (312) 881-5400
Facsimile: (312) 881-5450
Email: mandolina@whitecase.com
      gregory.pesce@whitecase.com

– and –

**WHITE & CASE LLP**
Aaron E. Colodny (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, California 90071
Telephone: (213) 620-7700
Facsimile: (213) 452-2329
Email: aaron.colodny@whitecase.com

*Counsel to the Official Committee of Unsecured Creditors*