| | |
|---|---|
| Joshua A. Sussberg, P.C. | Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*) |
| **KIRKLAND & ELLIS LLP** | Ross M. Kwasteniet, P.C. (admitted *pro hac vice*) |
| **KIRKLAND & ELLIS INTERNATIONAL LLP** | Christopher S. Koenig |
| 601 Lexington Avenue | Dan Latona (admitted *pro hac vice*) |
| New York, New York 10022 | **KIRKLAND & ELLIS LLP** |
| Telephone:  (212) 446-4800 | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Facsimile:  (212) 446-4900 | 300 North LaSalle Street |
| | Chicago, Illinois 60654 |
| | Telephone:  (312) 862-2000 |
| | Facsimile:  (312) 862-2200 |

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**SECOND AMENDED[2] AGENDA FOR HEARINGS ON**
**DEBTORS' AMENDED EARN/STABLECOIN MOTION TO BE HELD**
**DECEMBER 5, 2022, AT 10:00 A.M. (PREVAILING EASTERN TIME)**
**AND DECEMBER 6, 2022, AT 10:00 A.M. (PREVAILING EASTERN TIME)**

| | |
|---|---|
| Time and Date of Hearing: | December 5, 2022, at 10:00 a.m. (prevailing Eastern Time) |
| | December 6, 2022, at 10:00 a.m. (prevailing Eastern Time) |
| Location of Hearing: | The Honorable Chief Judge Martin Glenn |
| | United States Bankruptcy Court for the Southern District of New York |
| | Alexander Hamilton U.S. Custom House |
| | One Bowling Green, Courtroom No. 523 |
| | New York, New York 10004 |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] **Amended items appear in bold.**

| | |
|---|---|
| Hearing Attendance Instructions: | In accordance with General Order M-543 ("General Order M-543"), dated March 20, 2020, the Hearing will take place in a hybrid fashion both in person and via Zoom for Government. Those wishing to participate in the Hearing in person may appear before the Honorable Martin Glenn, Chief United States Bankruptcy Judge, in the United States Bankruptcy Court for the Southern District of New York, in Courtroom No. 523, located at One Bowling Green, New York, New York 10004-1408. Those wishing to participate in the Hearing in person are required to wear a mask when not speaking or presenting. Parties wishing to appear at the Hearings live or via Zoom, whether making a "live" or "listen only" appearance before the Court, need to make an electronic appearance through the Court's website at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl. Electronic appearances (eCourtAppearances) need to be made by **4:00 p.m. (prevailing Eastern Time) on December 2, 2022, and on or before 4:00 p.m. (prevailing Eastern Time) on December 5, 2022.**<br><br>Due to the large number of expected participants in the Hearing and the Court's security requirements for participating in a Zoom for Government audio and video hearing, all persons seeking to attend the Hearing scheduled to commence at 10:00 a.m., December 5, 2022 (prevailing Eastern Time), must connect to the Hearing beginning at 9:00 a.m., December 5, 2022 (prevailing Eastern Time). All persons seeking to attend the Hearing scheduled to commence at 10:00 a.m., December 6, 2022 (prevailing Eastern Time), must connect to the Hearing beginning at 9:00 a.m., December 6, 2022 (prevailing Eastern Time).<br><br>When parties sign into Zoom for Government and add their names, they must type in the first and last name that will be used to identify them at the Hearing. Parties that type in only their first name, a nickname or initials will not be admitted into the Hearing. When seeking to connect for either audio or video participation in a Zoom for Government Hearing, you will first enter a "Waiting Room," in the order in which you seek to connect. Court personnel will admit each person to the Hearing from the Waiting Room after confirming the person's name (and telephone number, if a telephone is used to connect) with their eCourtAppearance. Because of the large number of expected participants, you may experience a delay in the Waiting Room before you are admitted to the Hearing. |
| Copies of Motions: | A copy of each pleading may be obtained free of charge by visiting the website of Stretto at https://cases.stretto.com/Celsius. You may also obtain copies of any pleadings by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein. |

**I.  Contested Matter.**

1.  **Earn/Stablecoin Motion.** Debtors' Amended Motion for Entry of an Order (I) Establishing Ownership of Assets in the Debtors' Earn Program, (II) Permitting the Sale of Stablecoin in the Ordinary Course and (III) Granting Related Relief [Docket No. 1325].

    Objection Deadline:  The objection deadline for the amended motion was November 29, 2022, at 5:00 p.m. (prevailing Eastern Time).

    Responses Received:

    (1)  Objection to the Proposed Sale of Stablecoins by Celsius [Docket No. 853].

    (2)  Objection to Debtors' Motion Permitting the Sale of Stablecoins [Docket No. 901].

    (3)  Objection of the Texas State Securities Board and the Texas Department of Banking to Debtors' Motion Seeking Entry of an Order (I) Permitting the Sale of Stablecoin in the Ordinary Course and (II) Granting Related Relief [Docket No. 922].

    (4)  Objection of the Vermont Department of Financial Regulation to the Debtors' Motion to Sell Stablecoin in the Ordinary Course and for Related Relief [Docket No. 925].

    (5)  Limited Omnibus Objection of the United States Trustee to: (I) the Debtors' Motion Seeking Entry of an Order Authorizing the Debtors to Reopen Withdrawals for Certain Customers with Respect to Certain Assets Held in the Custody Program and Withhold Accounts and Motion Seeking Entry of an Order Permitting the Sale of Stablecoin in the Ordinary Course [Docket No. 933].

    (6)  Omnibus Objection to Court Filings Taking Positions on which Coins Are Customer Property [Docket No. 954].

    (7)  State of Wisconsin's Joinder to Objections to the Debtors' Motion to Sell Stablecoin Filed by Texas and Vermont [Docket No. 967].

    (8)  Víctor Ubierna De Las Heras Joinder to Objection to the Debtors' Motion to Sell Stablecoin Filed by the United States Trustee and the States of Texas, Vermont and Wisconsin [Docket No. 970].

    (9)  Amended Supplemental Response, Declaration, Exhibit, and Request for Relief [Docket No. 1058].

    (10) State of Washington's Joinder to Objections to the Debtors' Motion to Sell Stablecoin Filed by Texas, Vermont and the United States Trustee [Docket No. 1085].

(11) Supplemental Declaration and Supplemental Exhibits C and D—Addenda to Amended Supplemental Response, Declaration, Exhibit, and Request for Relief [Docket No. 1086].

(12) The Official Committee of Unsecured Creditors' Objection to the Debtors' Motion Seeking Entry of an Order (I) Permitting the Sale of Stablecoin in the Ordinary Course and (II) Granting Related Relief [Docket No. 1186].

(13) Response to the Debtors' Declaration in Support of Earn Program Assets Being Deemed Property of the Creditors [Docket No. 1253]

(14) Daniel A. Frishberg's Objection to Debtors' Proposed Scheduling Order Regarding Title to Earn Program Assets and the Sale of Certain Stablecoins and Debtors' Amended Motion for Entry of an Order (I) Establishing Ownership of Assets in the Debtors' Earn Program, (II) Permitting the Sale of Stablecoin in the Ordinary Course and (III) Granting Related Relief [Docket No. 1400].

(15) Rebecca Gallagher's Objection to the Debtors' Amended Motion for Entry of an Order (I) Establishing Ownership of Assets in the Debtors' Earn Program, (II) Permitting the Sale of Stablecoins in the Ordinary Course and (III) Granting Related Relief [Docket No. 1416].

(16) Omnibus Objection and Reservation of Rights to the Debtors' Proposed Scheduling Order and the Debtors' Amended Motion for Entry of an Order (I) Establishing Ownership of Assets in the Debtors' Earn Program, (II) Permitting the Sale of Stablecoin in the Ordinary Course and (III) Granting Related Relief [Docket No. 1417].

(17) Objection to Debtors' Amended Motion for Entry of an Order (I) Establishing Ownership of Assets in the Debtors' Earn Program, (II) Permitting the Sale of Stablecoin in the Ordinary Course, and (III) Granting Related Relief [Docket No. 1430].

(18) Objection to the Debtors' Amended Motion for Entry of an Order (I) Establishing Ownership of Assets in the Debtors' Earn Program, (II) Permitting the Sale of Stablecoins in the Ordinary Course and (III) Granting Related Relief [Docket No. 1463].

(19) Objection to Motion to Sell Any Coins [Docket No. 1464].

(20) Limited Objection of the Vermont Department of Financial Regulation to the Debtors' Amended Motion to Establish Ownership of Assets in the Earn Program, Sell Stablecoin in the Ordinary Course and for Related Relief [Docket No. 1484].

(21) Objection and Joinder of Nuno Saraiva to Objections of Other Earn Program Account Holders to Debtors' Amended Motion for Entry of an Order (I) Establishing Ownership of Assets in the Debtors' Earn Program, (II) Permitting the Sale of Stablecoin in the Ordinary Course and (III) Granting Related Relief [Docket No. 1485].

(22) Joinder in Objection to Debtors' Amended Motion for Entry of an Order (I) Establishing Ownership of Assets in the Debtors' Earn Program, (II) Permitting the Sale of Stablecoin in the Ordinary Course and (III) Granting Related Relief [Docket No. 1486].

(23) Limited Objection of the United States Trustee to the Debtors' Amended Motion Seeking Entry of an Order Permitting the Sale of Stablecoin in the Ordinary Course [Docket No. 1489].

(24) Objection and Reservation of Rights to Debtor's Motion for Entry of an Order (I) Establishing Ownership of Assets in the Debtors' Earn Program, (II) Permitting the Sale of Stablecoin in the Ordinary Course and (III) Granting Related Relief [Docket No. 1490].

(25) Objection and Reservation of Rights to Debtor's Motion for Entry of an Order (I) Establishing Ownership of Assets in the Debtors' Earn Program, (II) Permitting the Sale of Stablecoin in the Ordinary Course and (III) Granting Related Relief [Docket No. 1491].

(26) Limited Objection of the Coordinating States with Respect to the Debtors' Amended Motion for Entry of an Order (I) Establishing Ownership of Assets in the Debtors' Earn Program, (II) Permitting the Sale of Stablecoin in the Ordinary Course and (III) Granting Related Relief [Docket No. 1492].

(27) Ignat Tuganov's Objection to the Debtors' Amended Motion Seeking Entry of an Order (I) Establishing Ownership of Assets in the Debtors' Earn Program, (II) Permitting the Sale of Stablecoin in the Ordinary Course and (III) Granting Related Relief [Docket No. 1495].

(28) Objection of the Texas State Securities Board and the Texas Department of Banking to Debtors' Amended Motion Seeking Entry of an Order (I) Establishing Ownership of Assets in the Debtors' Earn Program, (II) Permitting the Sale of Stablecoin in the Ordinary Course and (III) Granting Related Relief [Docket No. 1496].

(29) State of Washington's Joinder to Limited Objection of the Coordinating States and Vermont with Respect to the Debtors' Amended Motion for Entry of an Order (I) Establishing Ownership of Assets in the Debtors' Earn Program, (II) Permitting the Sale of Stablecoin in the Ordinary Course and (III) Granting Related Relief [Docket No. 1497].

(30) Response of the New Jersey Bureau of Securities to Debtors' Amended Motion for Entry of an Order (I) Establishing Ownership of Assets in the Debtors' Earn Program, (II) Permitting the Sale of Stablecoin in the Ordinary Course and (III) Granting Related Relief [Docket No. 1498].

(31) Joinder of Matthew Pinto in Objections to Debtors' Amended Motion for Entry of an Order (I) Establishing Ownership of Assets in the Debtors' Earn Program, (II) Permitting the Sale of Stablecoin

22-10964-mg    Doc 1595    Filed 12/04/22    Entered 12/04/22 22:30:00    Main Document
                                    Pg 6 of 11

(cont.) in the Ordinary Course and (III) Granting Related Relief [Docket No. 1499].

(32) The Official Committee of Unsecured Creditors' Limited Objection with Respect to the Debtors' Amended Motion for Entry of an Order (I) Establishing (I) Establishing Ownership of Assets in the Debtors' Earn Program, (II) Permitting the Sale of Stablecoin in the Ordinary Course and (III) Granting Related Relief [Docket No. 1502].

(33) Joinder of Josh Tornetta in Objections to the Debtors' Amended Motion for Entry of an Order (I) Establishing (I) Establishing Ownership of Assets in the Debtors' Earn Program, (II) Permitting the Sale of Stablecoin in the Ordinary Course and (III) Granting Related Relief [Docket No. 1503].

(34) Objection to Debtors' Amended Motion for Entry of an Order (I) Establishing (I) Establishing Ownership of Assets in the Debtors' Earn Program, (II) Permitting the Sale of Stablecoin in the Ordinary Course and (III) Granting Related Relief [Docket No. 1506].

(35) Objection to Debtors' Amended Motion for Entry of an Order (I) Establishing (I) Establishing Ownership of Assets in the Debtors' Earn Program, (II) Permitting the Sale of Stablecoin in the Ordinary Course and (III) Granting Related Relief [Docket No. 1507].

(36) Voltan Altunbay's Objection to Debtors' Amended Motion for Entry of an Order (I) Establishing (I) Establishing Ownership of Assets in the Debtors' Earn Program, (II) Permitting the Sale of Stablecoin in the Ordinary Course and (III) Granting Related Relief [Docket No. 1511].

(37) Objection to Debtors' Amended Motion for Entry of an Order (I) Establishing (I) Establishing Ownership of Assets in the Debtors' Earn Program, (II) Permitting the Sale of Stablecoin in the Ordinary Course and (III) Granting Related Relief, Including the Amended Motion Itself [Docket No. 1515].

(38) Voltan Altunbay's Objection to Debtors' Amended Motion for Entry of an Order (I) Establishing (I) Establishing Ownership of Assets in the Debtors' Earn Program, (II) Permitting the Sale of Stablecoin in the Ordinary Course and (III) Granting Related Relief, Including the Amended Motion Itself [Docket No. 1516].

(39) Georges Georgiou's Objection to Debtors' Amended Motion for Entry of an Order (I) Establishing (I) Establishing Ownership of Assets in the Debtors' Earn Program, (II) Permitting the Sale of Stablecoin in the Ordinary Course and (III) Granting Related Relief [Docket No. 1517].

(40) Supplemental Omnibus Objection and Reservation of Rights to the Debtors' Proposed Scheduling Order, and the Debtors' Amended Motion for Entry of an Order (I) Establishing Ownership of Assets in the Debtors' Earn Program, (II) Permitting the Sale of Stablecoin

        in the Ordinary Course and (III) Granting Related Relief [Docket No. 1519].

(41)    Daniel A. Frishberg's Joinder in Objections to the Debtors' Amended Motion for Entry of an Order (I) Establishing Ownership of Assets in the Debtors' Earn Program, (II) Permitting the Sale of Stablecoin in the Ordinary Course, and (III) Granting Related Relief [Docket No. 1533].

(42)    Victor Ubierna de las Heras' Objection to Debtors' Amended Motion for Entry of an Order (I) Establishing Ownership of Assets in the Debtors' Earn Program, (II) Permitting the Sale of Stablecoin in the Ordinary Course and (III) Granting Related Relief [Docket No. 1535].

(43)    Joinder in Various Objections and Reservation of Rights to Debtors' Motion for Entry of an Order (I) Establishing Ownership of Assets in the Debtors' Earn Program, (II) Permitting the Sale of Stablecoin in the Ordinary Course and (III) Granting Related Relief [Docket No. 1537].

(44)    Joinder in Various Objections and Reservation of Rights to Debtors' Motion for Entry of an Order (I) Establishing Ownership of Assets in the Debtors' Earn Program, (II) Permitting the Sale of Stablecoin in the Ordinary Course and (III) Granting Related Relief [Docket No. 1538].

(45)    Letter Objection to Debtors Claiming Title to the Assets I Deposited in Celsius Earn Program [Docket No. 1545].

(46)    Letter Objection Opposing to the Sale of Assets, Asking for Ownership of my Assets and Full Restitution [Docket No. 1554].

(47)    **Three Hundred and Ninety Seven Celsius Creditors Respond to D.R. 1502: Formal Expression of Dissatisfaction with the Official Committee of Unsecured Creditors' Limited Objection to the Debtors' Amended Motion for Entry of an Order (I) Establishing Ownership of Assets in the Debtors' Earn Program, (II) Permitting the Sale of Stablecoin in the Ordinary Course and (III) Granting Related Relief [Docket No. 1559].**

<u>Related Documents</u>:

(1)    Debtors' Motion Seeking Entry of an Order (I) Permitting the Sale of Stablecoin in the Ordinary Course and (II) Granting Related Relief [Docket No. 832].

(2)    Amended Notice of Hearing on Debtors' Motion Seeking Entry of an Order (I) Permitting the Sale of Stablecoin in the Ordinary Course and (II) Granting Related Relief [Docket No. 855].

7

(3)   Notice of Adjournment of Hearing [Docket No. 936].

(4)   Letter to The Honorable Martin Glenn Regarding Difference Between the Stablecoin Holders and Holders of Other Cryptocurrencies [Docket No. 1076].

(5)   Debtors' Statement Regarding November 1 Hearing on Debtors' Motion Seeking Entry of an Order (I) Permitting the Sale of Stablecoin in the Ordinary Course and (II) Granting Related Relief [Docket No. 1228].

(6)   Debtors' Amended Motion for Entry of an Order (I) Establishing Ownership of Assets in the Debtors' Earn Program, (II) Permitting the Sale of Stablecoin in the Ordinary Course and (III) Granting Related Relief [Docket No. 1325].

(7)   Declaration of Christopher Ferraro, Interim Chief Executive Officer, Chief Restructuring Officer, and Chief Financial Officer of the Debtors, in Support of the Debtors' Motion Regarding Ownership of Earn Assets and the Sale of Stablecoin [Docket No. 1326].

(8)   Declaration of Oren Blonstein, Head of Innovation and Chief Compliance Officer of the Debtors, in Support of the Debtors' Motion Regarding Ownership of Earn Assets and the Sale of Stablecoin [Docket No. 1327].

(9)   Declaration of Robert Campagna, Managing Director of Alvarez & Marsal North America, LLC, in Support of the Debtors' Motion Regarding Ownership of Earn Assets and the Sale of Stablecoin [Docket No. 1328].

(10)  Official Committee of Unsecured Creditors' Written Deposition Questions for the Debtors in Connection with the Debtors' Amended Motion for Entry of an Order (I) Establishing Ownership of Assets in the Debtors' Earn Program, (II) Permitting the Sale of Stablecoin in the Ordinary Course of Business and (III) Granting Related Relief [Docket No. 1345].

(11)  Notice of Deposition of Oren Blonstein in Connection with Debtors' Amended Motion for Entry of an Order (I) Establishing Ownership of Assets in the Debtors' Earn Program, (II) Permitting the Sale of Stablecoin in the Ordinary Course and (III) Granting Related Relief [Docket No. 1388].

(12)  Notice of Deposition of Christopher Ferraro in connection with Debtors' Amended Motion for Entry of an Order (I) Establishing Ownership of Assets in the Debtors' Earn Program, (II) Permitting the Sale of Stablecoin in the Ordinary Course and (III) Granting Related Relief [Docket No. 1389].

(13)  Order Requiring Debtors and the Official Committee of Unsecured Creditors to Respond to Creditor Objection [Docket No. 1396].

(14) Debtors' Responses and Objections to Official Committee of Unsecured Creditors Written Deposition Questions for the Debtors in Connection with the Debtors' Amended Motion for Entry of Order (I) Establishing Ownership Assets in the Debtors Earn Program, (II) Permitting the Sale of Stablecoin in the Ordinary Course and (III) Granting Related Relief [Docket No. 1406].

(15) Response of the Official Committee of Unsecured Creditors to Daniel A. Frishberg's Objection to Debtors' Proposed Scheduling Order Regarding Title to Earn Program Assets and the Sale of Certain Stablecoins [Docket No. 1412].

(16) Debtors' Response to Daniel Frishberg's Objection to Debtors' Proposed Scheduling Order Regarding Title to Earn Program Assets and the Sale of Certain Stablecoins [Docket No. 1414].

(17) Official Committee of Unsecured Creditors' Notice of Deposition of Robert Campagna in connection with Debtors' Amended Motion for Entry of an Order (I) Establishing Ownership of Assets in the Debtors' Earn Program, (II) Permitting the Sale of Stablecoin in the Ordinary Course and (III) Granting Related Relief [Docket No. 1418].

(18) Letter Requesting to Extend Deadline for Immanuel Herrmann to Object to the Debtors' Amended Motion for Entry of an Order (I) Establishing Ownership of Assets in the Debtors' Earn Program, (II) Permitting the Sale of Stablecoin in the Ordinary Course and (III) Granting Related Relief [Docket No. 1474].

(19) Memorandum Order Denying Immanuel Herrmann's Request to Extend the Deadline to Object to the Debtors' Amended Motion for Entry of an Order (I) Establishing Ownership of Assets in the Debtors' Earn Program, (II) Permitting the Sale of Stablecoin in the Ordinary Course and (III) Granting Related Relief [Docket No. 1482].

(20) Statement and Reservation of Rights in Connection with the Debtors' Amended Motion for an Order Establishing Ownership of Assets in the Debtors' Earn Program and Permitting the Sale of Stablecoin in the Ordinary Course [Docket No. 1493].

(21) Declaration of Aaron E. Colodny in Support of the Official Committee of Unsecured Creditors' Limited Objection with Respect to the Debtors' Amended Motion for Entry of an Order (I) Establishing Ownership of Assets in the Debtors' Earn Program, (II) Permitting the Sale of Stablecoin in the Ordinary Course and (III) Granting Related Relief [Docket No. 1504].

(22) Debtors' Reply in Support of Debtors' Amended Motion for Entry of an Order (I) Establishing Ownership of Assets in the Debtors' Earn Program, (II) Permitting the Sale of Stablecoin in the Ordinary Course, and (III) Granting Related Relief and Response to Certain Objections Thereto [Docket No. 1578].

(23) Supplemental Declaration of Oren Blonstein, Head of Innovation and Chief Compliance Officer of the Debtors, in Support of the Debtors' Motion Regarding Ownership of Earn Assets and the Sale of Stablecoin [Docket No. 1584].

(24) Debtors' Witness List and Exhibit List for Matters Set for Hearing December 5, 2022 [Docket No. 1590].

**Status**:   This matter is going forward.

[*Remainder of page intentionally left blank*]

| | |
|---|---|
| New York, New York<br>Dated: December 4, 2022 | /s/ Joshua A. Sussberg<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C.<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:  (212) 446-4800<br>Facsimile:   (212) 446-4900<br>Email:         jsussberg@kirkland.com<br><br> - and -<br><br>Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)<br>Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)<br>Christopher S. Koenig<br>Dan Latona (admitted *pro hac vice*)<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Telephone:  (312) 862-2000<br>Facsimile:   (312) 862-2200<br>Email:         patrick.nash@kirkland.com<br>                    ross.kwasteniet@kirkland.com<br>                    chris.koenig@kirkland.com<br>                    dan.latona@kirkland.com<br><br>*Counsel to the Debtors and Debtors in Possession* |