Michael S. Etkin, Esq.  
Andrew Behlmann, Esq.  
**LOWENSTEIN SANDLER LLP**  
One Lowenstein Drive  
Roseland, New Jersey 07068  
Telephone: (973) 597-2500  
Facsimile: (973) 597-2333  

Phillip Khezri, Esq.  
**LOWENSTEIN SANDLER LLP**  
1251 Avenue of the Americas  
17th Floor  
New York, New York 10020  
Telephone: (212) 262-6700  
Facsimile: (212) 262-7402  

*Bankruptcy Counsel to Proposed Lead Plaintiffs*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| CELSIUS NETWORK LLC, et al.,[1] | : | Case No. 22-10964 (MG) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

------------------------------------------------------------x

## SECURITIES LEAD PLAINTIFFS'
## LIMITED OBJECTION TO THE SALE OF THE GK8 ASSETS

The proposed lead plaintiffs ("Proposed Lead Plaintiffs")[2] in the securities fraud class action captioned as *Taylor Goines, Individually and on Behalf of Itself and All Others Similarly Situated v. Celsius Network, LLC, Celsius Lending, LLC, Celsius KeyFi LLC, Alexander Mashinsky, Shlomi "Daniel" Leon, David Barse, And Alan Jeffrey Carr,* Case No. 2:22-cv-04560-KM-ESK (the "Securities Litigation"), pending in the United States District Court for the District of New Jersey, for the putative class he seeks to represent in the Securities Litigation (the "Proposed Class"), hereby submits this limited objection (the "Objection") to the *Debtors' Motion Seeking Entry of (I) an Order (A) Approving Bidding Procedures for the Potential Sale*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

[2] The Proposed Lead Plaintiffs consist of Zack Kaplan, Michael Kaplan, Eli Kaplan, Ben Kaplan and Michael Mazzotta.

-1-

*of Certain of the Debtors' Assets, (B) Scheduling Certain Dates With Respect Thereto, (C) Approving the Form and Manner of Notice Thereof, (D) Approving Bid Protections, (E) Approving Contract Assumption And Assignment Procedures, (II) an Order Authorizing the Debtors to Enter Into a Definitive Purchase Agreement, and (III) Granting Related Relief* (the "Sale Motion") [Docket No. 188], pursuant to which the Debtors seek authority to sell (the "Sale") the GK8 Assets. In support of this Objection, the Proposed Lead Plaintiffs respectfully state as follows:

**RELEVANT BACKGROUND**

**A.    The Securities Litigation**

1.    The Securities Litigation is a federal securities class action filed on July 13, 2022. By motion dated September 13, 2022 [Securities Litigation Docket No. 16], the Proposed Lead Plaintiffs sought appointment as lead plaintiffs and Scott+Scott Attorneys at Law LLP ("Scott+Scott") and Radice Law Firm ("Radice") as Lead and Liaison Counsel, respectively, in the Securities Litigation.

2.    The complaint filed in the Securities Litigation (the "Complaint") asserts claims on behalf of the Proposed Class, comprised of all persons, other than the Defendants, who purchased Celsius financial products by way of a Celsius Earn Rewards Account, CEL tokens and/or Celsius loans (collectively referred to as the "Celsius Financial Products") from February 9, 2018 to the July 13. 2022.

3.    The Complaint generally alleges that the Defendants violated sections 5 and 12(a)(1) of the Securities Act of 1933 (the "Securities Act"); Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §78j(b), and Rule 10b-5(b) promulgated thereunder, 17 C.F.R. §240.10b-5(b); Section 20(a) of the Securities Act; and Section 15 of the Securities Act.

      **B.**      **Relevant Bankruptcy Proceedings**

4. On July 13, 2022 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5. On July 25, 2022, the Debtors filed the Sale Motion for the GK8 Assets. On December 2, 2022, the Debtors filed the Notice of Successful Bidder [Docket No. 1549] declaring Galaxy Digital Trading LLC (the "Buyer") as the Successful Bidder with respect to the GK8 Assets. On December 2, 2022, the Debtors filed a copy of the asset purchase agreement for the GK8 Assets (the "APA") [Docket No. 1586].

## OBJECTION

6. The Proposed Lead Plaintiffs do not object to the Sale as a general matter. However, any order approving the Sale (the "Sale Approval Order") should require the Buyer to preserve books, records, and other evidence potentially relevant to the Securities Litigation for the duration of the Securities Litigation. At the very least, the Sale Approval Order should incorporate an evidence preservation requirement substantially similar to the obligation imposed on parties to the Securities Litigation pursuant to the Private Securities Litigation Reform Act of 1995.

7. The GK8 Assets to be acquired by the Buyer presumably will include books, records, documents, and other evidence potentially relevant to the Securities Litigation (the "Potentially Relevant Books and Records").

8. Section 6.2(c) of the APA provides:

> For a period [ ] commencing on the Closing Date and ending on the later of (i) the date that is eighteen (18) months following the Closing Date and (ii) the closing of the Bankruptcy Case, Purchaser will provide Seller and its Affiliates and its and their Advisors with reasonable access, during normal business hours, and upon reasonable advance notice, to the books and records, including work papers, schedules, memoranda, Tax Returns, Tax schedules, Tax rulings, and other documents (for the purpose of examining and copying) relating to the Acquired

3

Assets, the Excluded Assets, the Assumed Liabilities, or the Excluded Liabilities with respect to periods or occurrences prior to the Closing Date, and reasonable access, during normal business hours, and upon reasonable advance notice, to employees, officers, Advisors, accountants, offices, and properties of Purchaser (including for the purpose of better understanding the books and records). Unless otherwise consented to in writing by Seller, Purchaser will not, for a period of three (3) years following the Closing Date, destroy, alter or otherwise dispose of any of the books and records of the Company and its Subsidiaries without first offering to surrender to Seller such books and records or any portion thereof that Purchaser may intend to destroy, alter, or dispose of. From and after the Closing, Purchaser will, and will cause its employees to, provide Seller and its Affiliates with reasonable assistance, support, and cooperation with their wind-down and related activities (e.g., helping to locate documents or information related to preparation of Tax Returns or prosecution or processing of insurance/benefit claims).

9. While the APA does require the Buyer to retain copies of the Potentially Relevant Books and Records for a limited period of time, it does not expressly require the Buyer to preserve Potentially Relevant Books and Records for the duration of the Securities Litigation, which will likely exceed the retention period set forth in the APA.

10. The Bankruptcy Code requires the Debtors to maintain and preserve Potentially Relevant Books and Records, unless authorized by order of the Court to abandon or sell them after notice and an opportunity to be heard. *See* 11 U.S.C. §§ 363(b)(1) and 554(a); *see also* Fed. R. Bankr. P. 6004 and 6007(a). In addition, the parties to the Securities Litigation are subject to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4, which requires such parties to preserve Potentially Relevant Books and Records, providing in pertinent part that

> any party to the action with actual notice of the allegations contained in the complaint shall treat all documents, data compilations (including electronically recorded or stored data), and tangible objects that are in the custody or control of such person and that are relevant to the allegations, as if they were the subject of a continuing request for production of documents from an opposing party under the Federal Rules of Civil Procedure.

4

15 U.S.C. § 78u-4(b)(3)(C)(i). This mandatory requirement is subject to "sanction for willful violation." 15 U.S.C. § 78u-4(b)(3)(C)(ii).

11. Certain of the Debtors were named as defendants in the Securities Litigation and currently remain as defendants (although protected by the automatic stay). To the extent the Proposed Lead Plaintiffs and/or the Proposed Class are able to pursue claims against the defendant-Debtors in the future (subject to the availability of insurance proceeds and any other terms agreed to by the parties or by an order of the Court), they may need access to the Potentially Relevant Books and Records.

12. Permitting the potential loss, destruction, or unavailability of any Potentially Relevant Books and Records through the sale of the GK8 Assets, even if inadvertent, would materially prejudice the Proposed Lead Plaintiffs and the Proposed Class in the prosecution of the Securities Litigation. Moreover, any such loss, destruction, or unavailability, even if unintentional, would contravene the very intent of the PSLRA's evidence preservation mandate and the common-law duty of parties to preserve evidence. Significantly, by virtue of the automatic stay under section 362 of the Bankruptcy Code and/or the PSLRA discovery stay under 15 U.S.C. § 78u-4(b)(3)(C)(i), the Proposed Lead Plaintiffs are presently precluded from obtaining discovery absent further order of the relevant courts.

13. In similar situations, courts recognize that "some action must be taken to [en]sure that documents held by the [debtors] are retained until discovery . . . can commence" in securities actions. *See Payne v. Deluca*, 2005 U.S. Dist. LEXIS 35891, at *12 (W.D. Pa. Dec. 20, 2005). Although the Proposed Lead Plaintiffs are not aware of any plans to dispose of Potentially Relevant Books and Records, nor can the Buyer dispose of such books and records for a period of three (3) years from the closing of the Sale pursuant to the terms of the APA, the

possibility of Potentially Relevant Books and Records being lost, destroyed, or otherwise rendered unavailable prior to the completion of the Securities Litigation – intentionally or not – is very real absent an affirmative obligation imposed by the Court in the context of the Sale. The severity of the harm that any such destruction or loss would cause warrants the imposition of an affirmative duty to preserve any Potentially Relevant Books and Records and, at the very least, to provide counsel for the Proposed Lead Plaintiffs and the Proposed Class with sufficient notice and an opportunity to be heard prior to any intended destruction or other disposition thereof. *Cf. In re Royal Ahold N.V. Sec. & ERISA Litig.*, 220 F.R.D. 246, 251 (D. Md. 2004) (recognizing that "plaintiffs' showing of necessity to preserve evidence appear[ed] substantial" where the company was "undertaking a wide ranging corporate reorganization" which "create[s] a reasonable concern that documents may be lost"); *see also In re Massey Energy Co. Sec. Litig.*, 2011 U.S. Dist. LEXIS 111175, at *23 (S.D. W. Va. Sept. 28, 2011) (permitting plaintiff in securities class action to issue evidence preservation subpoenas); *In re Nat'l Century Fin. Enters.*, 347 F. Supp. 2d 538, 541-52 (S.D. Ohio 2004) (granting securities plaintiffs' motion for authority to issue preservation subpoena to non-party where relevant documents would likely be destroyed because of that party's bankruptcy); *Vezzetti v. Remec, Inc.*, 2001 U.S. Dist. LEXIS 10462, at *9 (S.D. Cal. July 23, 2001) (granting securities plaintiff's motion to issue preservation subpoenas to non-parties).

14. Accordingly, in an abundance of caution and to prevent the significant harm that would befall the Proposed Lead Plaintiffs and the Proposed Class from the destruction, loss, or unavailability of Potentially Relevant Books and Records, the Sale Approval Order should include the following provision (the "Document Preservation Provision"):

> Until the entry of a final order of judgment or settlement in the litigation captioned as *Taylor Goines, Individually and on Behalf*

6

*of Itself and All Others Similarly Situated v. Celsius Network, LLC, Celsius Lending, LLC, Celsius KeyFi LLC, Alexander Mashinsky, Shlomi "Daniel" Leon, David Barse, And Alan Jeffrey Carr,* Case No. 2:22-cv-04560-KM-ESK (the "Securities Litigation"), pending in the United States District Court for the District of New Jersey, the Debtors and the Buyer and any other transferee of the Debtors' books, records, documents, files, electronic data (in whatever format, including native format), or any tangible object potentially relevant to the Securities Litigation, wherever stored (collectively, the "Potentially Relevant Books and Records") shall preserve and maintain the Potentially Relevant Books and Records, and shall not destroy, abandon, transfer, or otherwise render unavailable such Potentially Relevant Books and Records without providing counsel to the plaintiffs in the Securities Litigation at least sixty days' advance written notice and an opportunity to object and be heard by a court of competent jurisdiction. In the event the plaintiffs in the Securities Litigation timely object to any such destruction, abandonment, or transfer, the Potentially Relevant Books and Records shall be preserved pending a final order of the Bankruptcy Court or other court of competent jurisdiction.

## **RESERVATION OF RIGHTS**

15. In the event the Debtors seek to consummate the Sale on terms other than those reflected in the APA, the Proposed Lead Plaintiffs (a) respectfully submit that any such alternate Sale should not be approved unless the applicable Sale Approval Order contains the Document Preservation Provision and (b) reserve the right to object to approval of such Sale on any other basis, whether or not asserted herein.

[ *signature page follows* ]

Dated: December 6, 2022

Respectfully submitted,

 /s/ Michael S. Etkin

Michael S. Etkin, Esq.
Andrew Behlmann, Esq.
**LOWENSTEIN SANDLER LLP**
One Lowenstein Drive
Roseland, New Jersey 07068
Telephone:   (973) 597-2500
Facsimile:    (973) 597-2333
Email:         metkin@lowenstein.com
Email:         abehlmann@lowenstein.com

-and-

Phillip Khezri, Esq.
**LOWENSTEIN SANDLER LLP**
1251 Avenue of the Americas, 17th Floor
New York, New York 10020
Telephone:   (212) 262-6700
Facsimile:    (212) 262-7402
Email:         pkhezri@lowenstein.com

*Bankruptcy Counsel to the Proposed Lead Plaintiffs and the Proposed Class*

8