Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) ) | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) ) ) | Case No. 22-10964 (MG) |
| Debtors. | ) ) ) | (Jointly Administered) |

**NOTICE OF HEARING OF DEBTORS' SUPPLEMENTAL MOTION
SEEKING ENTRY OF (I) AN ORDER (A) APPROVING BIDDING PROCEDURES
FOR THE POTENTIAL SALE OF CERTAIN OF THE DEBTORS' ASSETS,
(B) SCHEDULING CERTAIN DATES WITH RESPECT THERETO, (C) APPROVING
THE FORM AND MANNER OF NOTICE THEREOF, (D) APPROVING BID
PROTECTIONS, (E) APPROVING CONTRACT ASSUMPTION AND ASSIGNMENT
PROCEDURES, (II) AN ORDER AUTHORIZING THE DEBTORS TO ENTER INTO A
DEFINITIVE PURCHASE AGREEMENT, AND (III) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE** that a hearing on the *Debtors' Supplemental Motion Seeking*

*Entry of (I) An Order (A) Approving Bidding Procedures for the Potential Sale of Certain of the*

*Debtors' Assets, (B) Scheduling Certain Dates with Respect Thereto, (C) Approving the Form and*

*Manner of Notice Thereof, (D) Approving Bid Protections, (E) Approving Contract Assumption*

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*and Assignment Procedures, (II) an Order Authorizing the Debtors to Enter Into a Definitive Purchase Agreement, and (III) Granting Related Relief* (the "Motion") will be held on **December 8, 2022, at 9:00 a.m., prevailing Eastern Time** (the "Hearing") before the Honorable Martin Glenn, Chief United States Bankruptcy Judge.  In accordance with General Order M-543 dated March 20, 2020, the Hearing will take place in a hybrid fashion both in person and via Zoom for Government.  Those wishing to participate in the Hearing in person may appear before the Honorable Martin Glenn, Chief United States Bankruptcy Judge, in the United Stated Bankruptcy Court for the Southern District of New York, in Courtroom No. 523, located at One Bowling Green, New York, New York 10004-1408.  Those wishing to participate in the Hearing in person are required to wear a mask when not speaking or presenting.  Parties wishing to appear at the Hearing live or via Zoom, whether making a "live" or "listen only" appearance before the Court, need to make an electronic appearance (an "eCourtAppearance") through the Court's website at https://ecf.nysb.uscourts.gov/cgibin/nysbAppearances.pl.         Electronic         appearances (eCourtAppearances) need to be made by **4:00 p.m., prevailing Eastern Time, on December 7, 2022**.

     **PLEASE TAKE FURTHER NOTICE** that due to the large number of expected participants in the Hearing and the Court's security requirements for participating in a Zoom for Government audio and video hearing, all persons seeking to attend the Hearing at 9:00 a.m., prevailing Eastern Time on December 8, 2022, must connect to the Hearing beginning at 8:00 a.m., prevailing Eastern Time on December 8, 2022.  When parties sign in to Zoom for Government and add their names, they must type in the first and last name that will be used to identify them at the Hearing.  Parties that type in only their first name, a nickname, or initials will not be admitted into the Hearing.  When seeking to connect for either audio or video participation in a Zoom for

2

Government Hearing, you will first enter a "Waiting Room" in the order in which you seek to connect.  Court personnel will admit each person to the Hearing from the Waiting Room after confirming the person's name (and telephone number, if a telephone is used to connect) with their eCourtAppearance.  Because of the large number of expected participants, you may experience a delay in the Waiting Room before you are admitted to the Hearing.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion and other pleadings filed in these chapter 11 cases may be obtained free of charge by visiting the website of Stretto at https://cases.stretto.com/celsius.  You may also obtain copies of the Motion and other pleadings filed in these chapter 11 cases by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

*[Remainder of page intentionally left blank]*

New York, New York

Dated: December 6, 2022

*/s/ Joshua A. Sussberg*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:          jsussberg@kirkland.com

 - and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200
Email:          patrick.nash@kirkland.com
                ross.kwasteniet@kirkland.com
                chris.koenig@kirkland.com
                dan.latona@kirkland.com

*Counsel to the Debtors and Debtors in Possession*

Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**DEBTORS' SUPPLEMENTAL MOTION SEEKING ENTRY OF (I) AN ORDER (A) APPROVING BIDDING PROCEDURES FOR THE POTENTIAL SALE OF CERTAIN OF THE DEBTORS' ASSETS, (B) SCHEDULING CERTAIN DATES WITH RESPECT THERETO, (C) APPROVING THE FORM AND MANNER OF NOTICE THEREOF, (D) APPROVING BID PROTECTIONS, (E) APPROVING CONTRACT ASSUMPTION AND ASSIGNMENT PROCEDURES, (II) AN ORDER AUTHORIZING THE DEBTORS TO ENTER INTO A DEFINITIVE PURCHASE AGREEMENT, AND (III) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state

the following in support of this motion (this "Motion"):

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

## Relief Requested

1.      The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Sale Order"), (a) authorizing the Debtors to enter into a definitive purchase agreement in the form attached as Exhibit 1 to the Sale Order (the "APA"), including the approval of the "Extraordinary Provisions" as defined herein, and (b) granting related relief.  Specifically, the Debtors hereby file this Motion to supplement the *Debtors' Motion Seeking Entry of (I) An Order (A) Approving Bidding Procedures for the Potential Sale of Certain of the Debtors' Assets, (B) Scheduling Certain Dates with Respect Thereto, (C) Approving the Form and Manner of Notice Thereof, (D) Approving Bid Protections, (E) Approving Contract Assumption and Assignment Procedures, (II) an Order Authorizing the Debtors to Enter Into a Definitive Purchase Agreement, and (III) Granting Related Relief* [Docket No. 188] (the "Bidding Procedures and Sale Motion") to conspicuously disclose any "Extraordinary Provisions" in the APA in accordance with the Sale Guidelines (as defined herein).[2]

## Preliminary Statement

2.      As discussed in the Kielty Declaration,[3] filed contemporaneously herewith, the Debtors, in June 2022, began a marketing process designed to identify potential bidders for and maximize the value of the GK8 business.  As the bidding process unfolded, prospective bidders indicated an asset sale was the only structure in which bidders were willing to bid and none of the bidders were willing to acquire the GK8 Assets without the retention of certain members of the

---

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Bidding Procedures Order or the Bidding Procedures and Sale Motion, as applicable.

[3]     *Declaration of Ryan Kielty in Support of Entry of an Order (I) Approving the Sale of the Debtors' GK8 Assets Free and Clear of All Claims, Liens, Rights, Interests and Encumbrances, (II) Authorizing the Debtors to Enter Into and Perform Their Obligations Under the Asset Purchase Agreement, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* (the "Kielty Declaration")

GK8 senior management team.   Furthermore, GK8's co-founders indicated that they were unwilling to remain with GK8 without certainty regarding their future.  After the Debtors and their advisors continued to negotiate with Galaxy Digital Trading, LLC ("Galaxy"), FTX Trading Ltd. ("FTX") and 101 affiliates filed for relief under the United States Bankruptcy Code.  The FTX filing significantly disrupted the cryptocurrency community and resulted in Bitcoin prices declining approximately twenty-five percent.

3.       Despite this challenging market backdrop, the Debtors and their advisors continued to negotiate with Galaxy on its bid, and on December 2, 2022, selected Galaxy as the Successful Bidder.  The resulting asset purchase agreement was the product of hard-fought negotiations between the Debtors and Galaxy, which agreement was conditioned on the retention of GK8's co-founders.  In turn, the co-founders indicated they were unwilling to be retained by the Purchaser other than under the terms agreed upon with Galaxy.  The proposed sale maximizes the value of the GK8 Assets for the benefit of the Debtors' estates.  The Debtors file this motion to comply with the Sale Guidelines (as defined herein).

<u>**Jurisdiction and Venue**</u>

4.       The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012.  The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

5.       Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6.      The statutory bases for the relief requested herein are sections 105(a), 363, and 365 of title 11 of the United States Code (the "Bankruptcy Code"), rules 2002, 6004, 6006(a), and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the *Guidelines for the Conduct of Asset Sales* established and adopted by the Court on November 19, 2009, pursuant to General Order M-383, and as updated on June 17, 2013 (the "Sale Guidelines").

## Background

7.      The Debtors, together with their non-Debtor affiliates (collectively, "Celsius"), are one of the largest and most sophisticated cryptocurrency-based finance platforms in the world and provide financial services to institutional, corporate, and retail clients across more than 100 countries.  Celsius was created in 2017 to be one of the first cryptocurrency platforms to which users could transfer their crypto assets and (a) earn rewards on crypto assets and/or (b) take loans using those transferred crypto assets as collateral.  Headquartered in Hoboken, New Jersey, Celsius has more than 1.7 million registered users and approximately 300,000 active users with account balances greater than $100.

8.      On July 13, 2022 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  A detailed description of the facts and circumstances of these chapter 11 cases is set forth in the *Declaration of Robert Campagna, Managing Director of Alvarez & Marsal North America, LLC, in Support of Chapter 11 Petitions and First Day Motions* (the "Campagna Declaration") [Docket No. 22].  The Debtors commenced these chapter 11 cases to provide Celsius an opportunity to stabilize its business and consummate a comprehensive restructuring transaction that maximizes value for stakeholders.

9.      The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The chapter 11 cases of the Debtors have been consolidated for procedural purposes only and are jointly administered

pursuant to Bankruptcy Rule 1015(b) [Docket No. 53].  On July 27, 2022, the United States Trustee

for the Southern District of New York (the "U.S. Trustee") appointed an official committee of

unsecured creditors in the Debtors' chapter 11 cases [Docket No. 241] (the "Committee").   On

September 29, 2022, the Court entered an order appointing an examiner in the Debtors' chapter 11

cases [Docket No. 920].

### Basis for Relief

10.     On July 25, 2022, the Debtors filed the Bidding Procedures and Sale Motion

seeking approval of certain bidding procedures for the sale (the "Sale") of the GK8 assets

(the "GK8 Assets") and the entry into a definitive purchase agreement for the Sale.

11.     On September 1, 2022, the Court entered the *Order (I) Approving Bidding

Procedures for the Potential Sale of Certain of the Debtors' Assets, (II) Scheduling Certain Dates

With Respect Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Approving

Contract Assumption and Assignment Procedures, (V) Granting Related Relief* [Docket No. 687]

(the "Bidding Procedures Order") approving bidding procedures for the Sale.

12.     As described in the Kielty Declaration, filed contemporaneously herewith, since

the filing of the Bidding Procedures and Sale Motion, the Debtors and their advisors marketed the

GK8 Assets to maximize the value of their estates.  After due deliberation, the Debtors, in a sound

exercise of their business judgment, and in consultation with their advisors and interested

Consultation Parties, selected a Successful Bidder and, on December 2, 2022, the Debtors and the

Successful Bidder executed the APA for the Sale.  On December 2, 2022, the Debtors filed the

*Notice of Successful Bidder* [Docket No. 1549].

13.     As noted in the Bidding Procedures and Sale Motion, section I.D of the Sale

Guidelines    provides    that    debtors    must    conspicuously    disclose    notable    provisions

(the "Extraordinary Provisions") in connection with the conduct of certain asset sales.

14.     In accordance with the Sale Guidelines, the Debtors conspicuously disclosed in the Bidding Procedures and Sale Motion that any definitive purchase agreement may include the following Extraordinary Provisions:

a.      In connection with the proposed Bidding Procedures Order and Sale Order, the Debtors seek waiver of the 14-day stay provided in Bankruptcy Rule 6004(h) on grounds set forth below.

b.      In connection with the proposed Sale Order, the Debtors anticipate seeking to limit successor liability of the purchaser of the GK8 Assets, as conspicuously provided in the proposed Sale Notice and on grounds set forth below.

*See* Bidding Procedures and Sale Motion ¶ 26.

15.     Now that the APA has been executed, the Debtors are hereby supplementing their disclosures of the Extraordinary Provisions contemplated under the APA.[4]

### Additional Extraordinary Provisions

16.     As noted above, section I.D of the Sale Guidelines provides that debtors must "conspicuously in a separate section of the sale motion" disclose any Extraordinary Provisions in connection with the conduct of certain asset sales.

### I.      Agreements With Management

17.     Specifically, pursuant to Section I.D.2. of the Sale Guidelines:

"[t]he sale motion must disclose whether the proposed buyer has discussed or entered into any agreements with management or key employees regarding compensation or future employment, the material terms of any such agreements,

---

[4]   The Debtors previously reserved the right to file and serve any supplemental pleadings or declarations that the Debtors deem appropriate or necessary in their reasonable business judgment, including supplemental pleadings or declarations that modify disclosures in connection with relief sought in the form of certain Extraordinary Provisions in support of their request for entry the Sale Order. *See* Bidding Procedures and Sale Motion at 3 n.2. For the avoidance of doubt, by this Motion, the Debtors are not seeking to alter the Extraordinary Provisions disclosed in the Bidding Procedures and Sale Motion. Rather, this Motion merely seeks to supplement these Extraordinary Provisions to the extent discussed herein.

and what measures have been taken to ensure the fairness of the sale and the proposed transaction in the light of any such agreements."

The Debtors disclose that the Sale includes the following additional Extraordinary Provision:

a.    **Agreements with Management**:  Concurrently with the signing of the APA, and as a material inducement for the Successful Bidder to enter into the APA, each of the GK8 management team members has agreed with the Successful Bidder to a term sheet setting forth the material terms of (i) a non-competition and non-solicitation agreement with the Successful Bidder, and (ii) an employment agreement with the Successful Bidder, which will become effective as of the closing date of the APA.

b.    **Agreements with Key Employees**.  Additionally, in accordance with section 6.3(g) of the APA, promptly following the execution of the APA, the Debtors will summon each employee employed by the Debtors who is located in Israel to a hearing in accordance with Israeli law and notify such employee of the Sale and the expected rehire of such employees by the Successful Bidder, subject to the termination of the employment of each such employee as of and subject to the occurrence of the closing and such employee's execution of a customary employment agreement with the Successful Bidder, which will be on substantially comparable terms as those currently in effect.  Each employee will have four days to decide whether to accept such offer from the Successful Bidder.  Effectively, this situation is akin to a fire-and-hire arrangement.[5]

APA at Section 6(g).

18.    The material terms of the agreements with management and employees are included in Exhibit E to the APA.  Specifically, upon closing of the Sale, Lior Lamesh, co-founder and chief executive officer of GK8 Ltd., and Shahar Shamai, co-founder and chief technology officer of GK8 Ltd. (collectively, "GK8 Management"), along with approximately forty of GK8's employees (together with GK8 Management, the "Transferred Employees"), shall each enter into a definitive employment agreement with the Successful Bidder.  In addition to their base salary, the Transferred Employees will be eligible for discretionary annual bonuses, time-based cash

---

[5]    It is common practice in Israel for a company purchasing another company to first terminate and then subsequently re-hire any employees they wish to retain from the purchased company.

retention awards, time-based equity awards, performance-based cash retention awards, and performance-based equity awards paid by the Successful Bidder. Each of these additional forms of compensation are within the confines of the performance-based vesting criteria set in place after extensive negotiations between the Successful Bidder and the Debtors. The arrangements between the Successful Bidders and the Transferred Employees also include provisions laying out the process for termination, non-competition agreements, and non-solicitation agreements during a "restrictive period."

19.     Several measures have been taken to ensure the fairness of the Sale, including but not limited to, the extensive, arm's length negotiations between the GK8 Management and the Successful Bidder over several months on the terms of the Transferred Employees' employment by the Successful Bidder. The terms of the Transferred Employees' retention, which constitute an integral part of the Sale, are fair, the result of a strong marketing process, and are in the best interest of all stakeholders.

**II.     Record Retention**

20.     Section I.D.9 of the Sale Guidelines provides that "[i]f the debtor proposes to sell substantially all of its assets, the sale motion must confirm that the debtor will retain, or have reasonable access to, its books and records to enable it to administer its bankruptcy case."

21.     The Debtors disclose that the APA includes the following additional Extraordinary Provision:

a.     **Access to Information**. For a period between eighteen months after the closing of the Sale and the end of these chapter 11 cases, the Successful Bidder will provide GK8 with reasonable access to GK8's books and records. The Successful Bidder will not, for a period of three years following the closing date, destroy, alter, or otherwise dispose of any of GK8's books and records without first offering to surrender to GK8 such books and records or any portion thereof that the Successful Bidder may intend to destroy, alter, or dispose of. The Successful Bidder will cause its

8

employees to provide GK8 with reasonable assistance, support, and cooperation with their wind-down and related activities.

APA at Section 6.2

### III.    Avoidance Actions

22.    Section I.D.11 of the Sale Guidelines provides that "[i]f the debtor seeks to sell its rights to pursue avoidance claims under chapter 5 of the Bankruptcy Code, the sale motion must so state and provide an explanation of the basis therefor."

23.    The Debtors disclose that the APA includes the following additional Extraordinary Provision:

a.    **Avoidance Actions**.  The APA and proposed form of Sale Order require that the Debtors transfer to the Purchaser the Debtors' rights to pursue avoidance actions related exclusively to GK8.  In light of the extensive marketing and open nature of Sale and the necessity of such condition to induce Galaxy to enter into the APA, balanced against the benefits of the Sale, the Debtors believe including this finding in the Sale Order is appropriate and reasonable.  Specifically, under the APA, Galaxy has agreed to acquire all of the Acquired Assets (as defined in the APA), including all demands, allowances, refunds (other than Tax refunds), rebates (including any vendor or supplier rebates, but excluding Tax rebates), express or implied guarantees, warranties, representations, covenants, indemnities, rights, claims, counterclaims, demands, defenses, credits, causes of action, rights of set off, rights of recovery or rights of recoupment, including rights under vendors' and manufacturers' warranties, indemnities and guaranties, in each case arising out of or relating to events occurring on or prior to the Closing Date (as defined in the APA) with respect to GK8 or any of the Acquired Assets or Assumed Liabilities (as defined in the APA).

APA at Section 1.1(g).

24.    While the Debtors have not specifically analyzed which avoidance actions are subject to the Sale, Galaxy, by purchasing the avoidance actions, provides finality to the Sale process as the cost of purchasing the avoidance actions of speculative value outweigh the benefit of the Sale.

25.    Accordingly, the Debtors request that the Court enter the Sale Order approving entry into a definitive purchase agreement, including approval of the Extraordinary Provisions.

9

## Waiver of Bankruptcy Rule 6004(a) and 6004(h)

26.      To implement the foregoing successfully, the Debtors request that the Court enter

an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and

that the Debtors have established cause to exclude such relief from the fourteen-day stay period

under Bankruptcy Rule 6004(h).

## Reservation of Rights

27.      Nothing contained in this Motion or any actions taken pursuant to any order

granting the relief requested by this Motion is intended or should be construed as (a) an admission

as to the validity of any particular claim against the Debtors, (b) a waiver of the Debtors' rights to

dispute any particular claim on any grounds, (c) a promise or requirement to pay any particular

claim, (d) an implication or admission that any particular claim is of a type specified or defined in

this Motion or any order granting the relief requested by this Motion, (e) a request or authorization

to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, (f) a

waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law,

or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise)

satisfied pursuant to this Motion are valid, and the Debtors expressly reserve their rights to contest

the extent, validity, or perfection or seek avoidance of all such liens.  If the Court grants the relief

sought herein, any payment made pursuant to the Court's order is not intended and should not be

construed as an admission as to the validity of any particular claim or a waiver of the Debtors'

rights to subsequently dispute such claim.

## Motion Practice

28.      This Motion includes citations to the applicable rules and statutory authorities upon

which the relief requested herein is predicated and a discussion of their application to this Motion.

Accordingly, this Motion satisfies Local Rule 9013-1(a).

## **Notice**

29.     The Debtors will provide notice of this Motion to the following parties or their respective counsel:  (a) the U.S. Trustee; (b) counsel to the Committee; (c) the United States Attorney's Office for the Southern District of New York; (d) the Internal Revenue Service; (e) the offices of the attorneys general in the states in which the Debtors operate; (f) the Securities and Exchange Commission; (g) the Successful Bidder; and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **No Prior Request**

30.     No prior request for the relief sought in this Motion has been made to this or any other court.


[*Remainder of page intentionally left blank*]

11

WHEREFORE, the Debtors request that the Court enter the Sale Order granting the relief

requested herein and such other relief as the Court deems appropriate under the circumstances.

New York, New York
Dated: December 6, 2022

*/s/ Joshua A. Sussberg*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:       (212) 446-4800
Facsimile:       (212) 446-4900
Email:            jsussberg@kirkland.com

 - and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:       (312) 862-2000
Facsimile:       (312) 862-2200
Email:            patrick.nash@kirkland.com
                    ross.kwasteniet@kirkland.com
                    chris.koenig@kirkland.com
                    dan.latona@kirkland.com

*Counsel to the Debtors and Debtors in Possession*

**<u>Exhibit A</u>**

**Proposed Sale Order**

**[Filed at Docket No. 1615]**