Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**DECLARATION OF**
**RYAN KIELTY IN SUPPORT OF ENTRY**
**OF AN ORDER (I) APPROVING THE SALE OF THE DEBTORS'**
**GK8 ASSETS FREE AND CLEAR OF ALL CLAIMS, LIENS, RIGHTS,**
**INTERESTS AND ENCUMBRANCES, (II) AUTHORIZING THE DEBTORS**
**TO ENTER INTO AND PERFORM THEIR OBLIGATIONS UNDER THE ASSET**
**PURCHASE AGREEMENT, (III) ASSUME AND ASSIGN CERTAIN EXECUTORY**
**CONTRACTS AND UNEXPIRED LEASE, AND (IV) GRANTING RELATED RELIEF**

I, Ryan Kielty, hereby declare under penalty of perjury:

1.      I am a Partner of the Debt Advisory and Restructuring Practice of Centerview

Partners LLC ("Centerview"), a full-service independent investment banking firm with its

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

principal offices at 31 West 52nd Street, 22nd Floor, New York, New York 10019.  Centerview

has been engaged as the investment banker for the debtors and debtors in possession (collectively,

the "Debtors") in the above-captioned chapter 11 cases, which appointment was approved pursuant

to the *Order (I) Authorizing the Employment and Retention of Centerview Partners LLC As

Investment Banker for the Debtors Effective as of July 13, 2022, (II) Approving the Terms of the

Centerview Agreement, (III) Waiving Certain Reporting Requirements Pursuant to Local Rule

2016-2, and (IV) Granting Related Relief* [Docket No. 846].

2.        I submit this declaration (this "Declaration") in support of the relief requested in

the *Debtors' Motion Seeking Entry of (I) An Order (A) Approving Bidding Procedures for the

Potential Sale of Certain of the Debtors' Assets, (b) Scheduling Certain Dates with Respect

Thereto, (C) Approving the Form and manner of Notice Thereof, (D) Approving Bid Protections,

(E) Approving Contract Assumption and Assignment Procedures, (II) An Order Authorizing The

Debtors To Enter Into A Definitive Purchase Agreement, and (III) Granting Related Relief*

[Docket  No. 188] (the "Motion") and, specifically, the sale of the assets of GK8 Ltd., GK8 USA

LLC, and GK8 UK Limited (collectively, the "GK8 Assets") to the Successful Bidder.

3.        Unless otherwise indicated, all facts set forth in this Declaration are based upon

(a) my attendance and oversight of the sale process, (b) information learned from my review of

relevant documents, (c) information I received from members of the Debtors' management, or

(d) my past experience advising both distressed and non-distressed businesses and companies and

their stakeholders.  I am not being specifically compensated for this testimony other than through

payments that are proposed to be received by Centerview as a professional retained by the Debtors.

If I were called upon to testify, I could and would competently testify to the facts set forth herein.

I am authorized to submit this Declaration on behalf of the Debtors.

**Qualifications**

4.     I am a Partner of the Debt Advisory and Restructuring Group of Centerview, which is a full-service independent investment banking firm providing financial advisory services, including mergers and acquisitions and restructuring advice, across a broad range of industries. Centerview and its senior professionals have extensive experience in the reorganization and restructuring of distressed companies, both out-of-court and in chapter 11 proceedings.

5.     Prior to and since joining Centerview in 2011, I have advised companies in numerous in-court and out-of-court restructurings, recapitalizations, and reorganizations, and I have experience in structuring, negotiating, and executing sales during chapter 11.  Before Centerview, I was an Associate of Miller Buckfire & Co., an investment bank and advisory firm that provided financial advisory services to constituents in a broad range of restructuring and corporate finance transactions.  I received my B.A. *with distinction* from Villanova University.

6.     Centerview was engaged by the Debtors in June of 2022 to serve as their investment banker and evaluate various strategic alternatives to maximize recovery for the Debtors' estates.  I have been involved as a senior member of the Centerview team throughout our engagement. Immediately following Centerview's retention by the Debtors, the Debtors and its advisors evaluated potential strategic alternatives for GK8.  After careful consideration, the Debtors determined a marketing process should be conducted to maximize the value of GK8 due in part to (a) uncertainty as to the value of the Celsius platform and the negative impact of the chapter 11 filing, (b) the potential for key customer losses emanating from GK8's continued ownership by the Debtors, (c) potential senior management and employee departures that would negatively impact GK8, (d) liquidity required to build out the GK8 business, and (e) GK8's negative free cash flow profile.

**Marketing Process**

7.        Beginning in June 2022, at the direction of the Debtors' Board of Directors, Centerview began a marketing process designed to identify potential bidders for and maximize the value of the GK8 business, either through an equity sale or an asset sale (the "GK8 Business").

8.        The Debtors, in consultation with Centerview and the unsecured creditors committee, identified approximately forty-four parties whom they believed may be interested in a potential purchase of the GK8 Business (the "Sale"). The list of parties included strategic parties, other companies in the cryptocurrency ecosystem, scaled fintech companies, and traditional financial institutions (collectively, the "Contact Parties"). As of the date hereof, approximately thirty parties executed Non-Disclosure Agreements in connection with the evaluation of a transaction for the GK8 Business. Restricted parties were granted access to a virtual data room populated with diligence materials to facilitate their assessment of the GK8 Business. Parties expressing interest were also given the opportunity to discuss the business and technology with GK8's management team.

9.        To facilitate a competitive marketing process, on July 25, 2022, the Debtors filed the Motion to establish bidding procedures relating to the Sale. On September 1, 2022, the Court entered the *Order (I) Approving Bidding Procedures for the Potential Sale of Certain of the Debtors' Assets, (II) Scheduling Certain Dates with Respect Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Approving Contract Assumption and Assignment Procedures, and (V) Granting Related Relief* [Docket No. 687] (the "Bidding Procedures Order") approving bidding procedures for the Sale (the "Bidding Procedures").[2]

---

[2]    Capitalized terms used but not defined herein have the meanings ascribed to them in the Sale Order or the Bidding Procedures Order, as applicable.

4

10.     Over the following months, negotiations intensified with certain potential bidders, and Centerview continued to work with interested parties to provide diligence materials for bidders to formulate bids.  On or around the Initial Bid Deadline, on August 15, 2022, Centerview received initial, non-binding bids from six interested parties.  The special committee of Debtor Celsius Network Limited's board of directors, in consultation with the Consultation Parties, advanced four parties into the second round.  Of the two parties who were not advanced to the second round, one bidder indicated value well below the other non-binding bids and one bidder was unable to demonstrate financial capacity to close a transaction.  Centerview worked with the second-round parties to facilitate diligence and create competitive tension in order to maximize the value of the GK8 Business.  Specifically, Centerview continued to supplement the virtual data room in response to additional diligence requests and held virtual and in-person diligence sessions with GK8 management.  During the second round, all prospective bidders indicated an asset sale was the only structure in which bidders were willing to bid and none of the bidders were willing to acquire the GK8 Assets without the retention of certain members of the GK8 senior management team.

11.     The Debtors' requested updated bids and draft asset purchase agreements at an interim non-binding bid deadline on October 8, 2022.  Centerview received three updated non-binding bids; two in the form of marked up asset purchase agreements.  One second round bidder withdrew from the process at this time.  Centerview continued to engage with three bidders, including facilitating negotiations with senior management on key retention terms and facilitating additional diligence with the third bidder in the hopes that such bidder would improve their purchase price and provide a marked-up asset purchase agreement.

5

12.     On the Final Bid Deadline, the Debtors received a revised bid and deposit from one strategic investor, Galaxy Digital ("Galaxy" or the "Purchaser").  The Debtors engaged with the Purchaser on the terms of their proposed asset purchase agreement for the sale of the GK8 Assets (the "APA"), including terms and conditions of a management and employee retention package, which was the subject of extensive negotiation between the parties and was a necessary component of the execution of the APA because the bid was conditioned upon retaining management—Lior Lamesh, GK8's co-founder and chief executive officer, and Shahar Shamai, GK8's co-founder and chief technology officer, who informed me they were unwilling to be retained by the Purchaser other than under the terms agreed upon.  On November 11, 2022, FTX Trading Ltd. ("FTX") and 101 affiliates filed for relief under the United States Bankruptcy Code.  The FTX filing significantly disrupted the crypto community and resulted in Bitcoin prices declining approximately twenty-five percent.  Despite this challenging market backdrop, the Debtors and their advisors continued to negotiate with Galaxy on its bid.  On December 2, 2022, in an exercise of the Debtors' business judgment and in consultation with the Consultation Parties, the Debtors determined that the Galaxy was a Qualified Bid and the Successful Bid.  As a result, and in accordance with the Bidding Procedures, no Auction was held.  During the period between the Final Bid Deadline and the cancellation of the Auction, the Debtors and its advisors also continued to engage with other interested parties, but Galaxy remained the only Qualified Bid.  The APA was the subject of extensive and hard-fought, arm's-length negotiations with the Successful Bidder.

13.     In addition to overseeing the marketing process, I often personally communicated with potential bidders who contacted me.  In these communications, I encouraged potential bidders to increase price and decrease conditionality associated with their bids with the goal of maximizing

value and minimizing execution risk.  The marketing process involved the Debtors working closely

with each interested party, answering numerous requests for additional information, holding

several conferences with GK8's senior management team, and diligently scrutinizing the viability

of each bid that was received.    Throughout this process, Centerview maintained constant

communication (often daily) with the Debtors, the Debtors' other advisors and the unsecured

creditors committee and its advisors to ensure that interested stakeholders were involved in the

marketing process.  Centerview also was in constant communication with Houlihan Lokey, the

investment banker for the preferred equity holders.

### The Sale

14.     On December 2, 2022, the Debtors and Galaxy executed the APA memorializing

the terms of the Successful Bid.  The Debtors and the Purchaser agreed in principle to a sale of the

GK8 Assets, on the terms as set forth in the APA attached to the Sale Order as Exhibit A.  The APA

provides $44,100,000 of aggregate deal consideration equal to (a) the assumption of Assumed

Liabilities and (b) a cash payment of $44,000,000 (the "Purchase Price").  The APA contemplates

the purchase of all assets of the GK8 Business, to the extent disclosed to the Purchaser, free and

clear of any liens or encumbrances and the assumption of liabilities associated with the GK8 Assets

and all other liabilities of the GK8 Business, to the extent known to the Purchaser, and excluding

customer-related liabilities that may potentially be asserted against the GK8 business arising under

Celsius' terms of use.  The APA also contemplates the assumption and assignment to the Purchaser

of substantially all contracts of the GK8 Business.

15.     Based on my experience and involvement in the marketing process and the Sale,

I agree with the Debtors' business judgement that the Successful Bid is the highest and best offer

for the GK8 Assets.  Given the challenging circumstances of these chapter 11 cases, the adequacy

and fair value of the Purchase Price and the steep decline in technology, fintech and crypto related

asset prices since the Debtors' purchase of GK8 in November 2021, I believe that the proposed

Sale constitutes a reasonable and sound exercise of the Debtors' business judgment.  For the

foregoing reasons, I believe that the Sale as contemplated by the APA is in the best interests of the

Debtors, their estates, their creditors, and other parties in interest and is necessary and appropriate

to maximize the value of the Debtors' estates.  No other person, entity, or group of entities has

offered a Qualified Bid to purchase the GK8 Business.  Accordingly, I believe that Galaxy's bid

should be considered the Successful Bid and that the Court should enter the Sale Order and approve

the Sale.

16.     I have no reason to believe that Galaxy did not act in good faith in connection with

the Sale.  I am not aware of any side deals or other arrangements that would evidence a lack of

good faith.  I also believe that the APA and the proposed Sale are the product of good-faith,

arm's-length negotiations between sophisticated and well-represented parties.

## Conclusion

17.     Based on the foregoing, I believe that Sale is in the best interests of the Debtors,

their estates, creditors, and other parties in interest, and that the terms of the APA reflect the highest

and best available bid for the GK8 Assets in the current circumstances.  Accordingly, I believe that

Galaxy's bid should be considered the Successful Bid and that the Court should enter the Sale

Order and approve the Sale.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct.

Dated:  December 6, 2022               */s/ Ryan Kielty*
_____
                                       Name:  Ryan Kielty
                                       Title:   Partner
                                                Centerview Partners LLC