Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Counsel to the Initial Debtors and Debtors in Possession*

*Proposed Counsel to the GK8 Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Initial Debtors' Cases Jointly Administered) |
| | ) | |
| | ) | (Joint Administration of GK8 Debtors' Cases Requested) |
| | ) | |

**NOTICE OF HEARING ON DEBTORS' MOTION**
**FOR ENTRY OF AN ORDER (I) APPLYING CERTAIN**
**ORDERS IN THE INITIAL DEBTORS' CHAPTER 11 CASES TO GK8 LTD.,**
**GK8 USA LLC, AND GK8 UK LIMITED AND (II) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE** that a hearing on the *Debtors' Motion for Entry of an Order*

*(I) Applying Certain Orders in the Initial Debtors' Chapter 11 Cases to GK8 Ltd., GK8 USA LLC,*

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Network Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 USA LLC (9450); and GK8 UK Limited (0893).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*and GK8 UK Limited and (II) Granting Related Relief* (the "Motion") will be held on **December 8, 2022, at 9:00 a.m., prevailing Eastern Time** (the "Hearing").   In accordance with General Order M-543 dated March 20, 2020, the Hearing will take place in a hybrid fashion both in person and via Zoom for Government.  Those wishing to participate in the Hearing in person may appear before the Honorable Martin Glenn, Chief United States Bankruptcy Judge, in the United Stated Bankruptcy Court for the Southern District of New York, in Courtroom No. 523, located at One Bowling Green, New York, New York 10004-1408.  Those wishing to participate in the Hearing in person are required to wear a mask when not speaking or presenting.  Parties wishing to appear at the Hearing live or via Zoom, whether making a "live" or "listen only" appearance before the Court, need to make an electronic appearance (an "eCourtAppearance") through the Court's website at https://ecf.nysb.uscourts.gov/cgibin/nysbAppearances.pl.   Electronic appearances (eCourtAppearances) need to be made by **4:00 p.m., prevailing Eastern Time, on December 7, 2022**.

**PLEASE TAKE FURTHER NOTICE** that due to the large number of expected participants in the Hearing and the Court's security requirements for participating in a Zoom for Government audio and video hearing, all persons seeking to attend the Hearing at 9:00 a.m., prevailing Eastern Time on December 8, 2022 must connect to the Hearing beginning at 8:00 a.m., prevailing Eastern Time on December 8, 2022.  When parties sign in to Zoom for Government and add their names, they must type in the first and last name that will be used to identify them at the Hearing.  Parties that type in only their first name, a nickname, or initials, will not be admitted into the Hearing.  When seeking to connect for either audio or video participation in a Zoom for Government Hearing, you will first enter a "Waiting Room" in the order in which you seek to connect.  Court personnel will admit each person to the Hearing from the Waiting Room after

confirming the person's name (and telephone number, if a telephone is used to connect) with their eCourtAppearance.  Because of the large number of expected participants, you may experience a delay in the Waiting Room before you are admitted to the Hearing.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion and other pleadings filed in these chapter 11 cases may be obtained free of charge by visiting the website of Stretto at https://cases.stretto.com/celsius.  You may also obtain copies of the Motion and other pleadings filed in these chapter 11 cases by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

*[Remainder of page intentionally left blank]*

New York, New York
Dated:  December 7, 2022

_/s/ Joshua A. Sussberg_
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:          jsussberg@kirkland.com

 - and -

Patrick J. Nash, Jr., P.C. (admitted _pro hac vice_)
Ross M. Kwasteniet, P.C. (admitted _pro hac vice_)
Christopher S. Koenig
Dan Latona (admitted _pro hac vice_)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:          patrick.nash@kirkland.com
                   ross.kwasteniet@kirkland.com
                   chris.koenig@kirkland.com
                   dan.latona@kirkland.com

_Counsel to the Initial Debtors and Debtors in
Possession_

_Proposed Counsel to the GK8 Debtors and Debtors in
Possession_

Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Counsel to the Initial Debtors and Debtors in Possession*

*Proposed Counsel to the GK8 Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) Case No. 22-10964 (MG) |
| | ) |
| Debtors. | ) (Initial Debtors' Cases Jointly |
| | ) Administered) |
| | ) |
| | ) (Joint Administration of GK8 |
| | ) Debtors' Cases Requested) |
| | ) |

**DEBTORS' MOTION FOR**
**ENTRY OF AN ORDER (I) APPLYING CERTAIN**
**ORDERS IN THE INITIAL DEBTORS' CHAPTER 11 CASES TO GK8 LTD.,**
**GK8 USA LLC, AND GK8 UK LIMITED AND (II) GRANTING RELATED RELIEF**

Celsius Network LLC and certain of its affiliates, as debtors and debtors in possession

(collectively, the "Initial Debtors"), together with GK8 Ltd., GK8 USA LLC, and GK8 UK

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Network Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 USA LLC (9450); and GK8 UK Limited (0893).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

Limited, as debtors and debtors in possession (collectively, the "GK8 Debtors," and together with the Initial Debtors, the "Debtors," and together with certain of their non-Debtor affiliates, collectively, "Celsius") state as follows in support of this motion (this "Motion").[2]

## Preliminary Statement

1.    Celsius acquired GK8—a blockchain security company offering financial institutions an end-to-end platform, or "vault," for managing blockchain-based assets on their own—in October 2021.  Celsius intended to integrate GK8 into its platform to enhance Celsius' ability to provide consumers with custody services by April 2022.  In light of its own liquidity position, however, Celsius was not able to integrate GK8's operations into its platform.  As such, prior to the date hereof (the "GK8 Petition Date"), the Initial Debtors began a marketing process designed to identify potential bidders for, and maximize the value of, GK8.[3]  On September 1, 2022, the Court entered the Bidding Procedures Order[4] approving bidding procedures for the sale of the GK8 assets.

2.    As the Debtors' advisors engaged with potential bidders, certain parties expressed concerns about structuring a sale transaction as an equity sale, which would not have allowed for the transfer of the GK8 Debtors' assets free and clear of certain potential Celsius-related

---

[2]    The facts and circumstances supporting this Motion are set forth in the *Declaration of Christopher Ferraro, Director and Chief Financial Officer of GK8 Ltd., in Support of Chapter 11 Petitions and First Day Motions* (the "Ferraro Declaration"), filed contemporaneously herewith.

[3]    A detailed description of the facts and circumstances of such marketing process is set forth in the *Declaration of Ryan Kielty in Support of Entry of an Order (I) Approving the Sale of the Debtors' GK8 Assets Free and Clear of All Claims, Liens, Rights, Interests and Encumbrances, (II) Authorizing the Debtors to Enter Into and Perform Their Obligations Under the Asset Purchase Agreement, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* (the "Kielty Declaration"), filed contemporaneously herewith.

[4]    "Bidding Procedures Order" means the *Order (I) Approving Bidding Procedures for the Potential Sale of Certain of the Debtors' Assets, (II) Scheduling Certain Dates with Respect Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Approving Contract Assumption and Assignment Procedures, and (V) Granting Related Relief* [Docket No. 687].

liabilities.[5]  In light of these concerns, the Debtors and their advisors analyzed potential alternative transaction structures that would maximize the value of the GK8 assets and provide comfort that a purchaser could integrate those assets free and clear of the Celsius-related liabilities.  Because the GK8 Debtors' business is located in Israel, the Debtors engaged local Israeli counsel, Fischer (FBC & Co.), to analyze the most efficient and value-maximizing transaction structure.  After substantial diligence, the Debtors and their advisors determined that filing chapter 11 cases for the GK8 Debtors and seeking recognition proceedings in the Israeli Court (as defined herein) to enforce the Sale (as defined herein) in Israel would maximize the value of the GK8 assets for the benefit of the purchaser and all of the Debtors' stakeholders.

3.      As set forth in the Kielty Declaration, after a months-long marketing process, the Debtors identified a Successful Bidder (as defined in the Bidding Procedures Order) for the sale of the GK8 Debtors' assets.   In consultation with the Successful Bidder, the GK8 Debtors now seek to pursue a sale (the "Sale"), pursuant to section 363 of the Bankruptcy Code, free and clear of liens, claims, encumbrances, and other interests.   The parties have structured the Sale to minimize the impact of the chapter 11 filing to the GK8 business and ensure a seamless transition to the Successful Bidder, as the APA contemplates the assumption of substantially all liabilities of GK8 and the assumption and assignment of substantially all of GK8's contracts.

4.      Following the sale hearing, the Debtors intend to seek ancillary relief in Israel in the District Court of Tel Aviv (the "Israeli Court") pursuant to the Insolvency and Economic Rehabilitation Act (2018) (Israel).[6]  The Debtors expect that the Israeli Court will hear the foreign

---

[5]     *See Debtors' Motion Seeking Entry of an Order (I) Setting a Briefing Schedule and (II) Granting Related Relief* [Docket No. 1338].

[6]     Contemporaneously herewith, the Debtors filed the *Debtors' Motion for Entry of an Order (I) Authorizing Christopher Ferraro to Act as Foreign Representative and (II) Granting Related Relief* (the "Foreign

representative's application for recognition within forty-five to sixty days after the commencement of the recognition proceedings in Israel, after which the GK8 Debtors and the Seller will consummate the Sale.

## **Relief Requested**

5.      The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), (a) applying certain orders previously entered in the Initial Debtors' chapter 11 cases (collectively, and as set forth below, the "Initial Orders") to the GK8 Debtors in their respective chapter 11 cases, effective as of the GK8 Petition Date and (b) granting related relief.  Specifically, the Debtors request that the Court (as defined herein) apply the Initial Orders identified on Exhibit 1 annexed to **Exhibit A** attached hereto to the GK8 Debtors and their respective chapter 11 cases.  For the avoidance of doubt, the Initial Orders will remain in full force and effect, as applicable, with respect to the Initial Debtors and will govern the GK8 Debtors' activities as described in this Motion and/or as modified by the Order.

## **Jurisdiction and Venue**

6.      The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012.  The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

---

Representative Motion") seeking entry of an order authorizing Christopher Ferraro to act as foreign representative on behalf of the Debtors' estates in legal proceedings in the Israeli Court.

7.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

8.      The statutory bases for the relief requested herein are sections 105(a), 363, 1107(a), and 1108 of title 11 of the United States Code (the "Bankruptcy Code"), rules 1015, 6003, and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 9013-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

### Background

9.       Celsius is one of the largest and most sophisticated cryptocurrency-based finance platforms in the world and provide financial services to institutional, corporate, and retail clients across more than 100 countries.  Celsius was created in 2017 to be one of the first cryptocurrency platforms to which users could transfer their crypto assets and (a) earn rewards on crypto assets and/or (b) take loans using those transferred crypto assets as collateral.  Headquartered in Hoboken, New Jersey, Celsius has more than 1.7 million registered users and approximately 300,000 active users with account balances greater than $100.

10.      On July 13, 2022 (the "Petition Date"), each of the Initial Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  A detailed description of the facts and circumstances of these chapter 11 cases is set forth in the *Declaration of Robert Campagna, Managing Director of Alvarez & Marsal North America, LLC, in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 22].  The Initial Debtors commenced these chapter 11 cases to provide Celsius an opportunity to stabilize its business and consummate a comprehensive restructuring transaction that maximizes value for stakeholders.

11.      On the GK8 Petition Date, each of the GK8 Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  A detailed description of the facts and

circumstances of these chapter 11 cases is set forth in the Ferraro Declaration, filed contemporaneously with this Motion and incorporated herein by reference.

12.     The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The chapter 11 cases of the Initial Debtors have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 53].  Concurrent with the filing of this Motion, the Debtors have also filed a motion requesting procedural consolidation and joint administration of the chapter 11 cases of the GK8 Debtors with the chapter 11 cases of the Initial Debtors pursuant to Bankruptcy Rule 1015(b).  On July 27, 2022, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed an official committee of unsecured creditors in the Initial Debtors' chapter 11 cases [Docket No. 241] (the "Committee").  On September 29 2022, the Court entered an order appointing an examiner in the Initial Debtors' chapter 11 cases [Docket No. 920].

### The GK8 Debtors' Chapter 11 Cases[7]

13.     To eliminate the need to file duplicative applications and motions and to reduce the burden on this Court and parties in interest, the Debtors seek to apply the Initial Orders to the GK8 Debtors, certain of which with slight modifications, as outlined herein.  Had the GK8 Debtors filed chapter 11 petitions at the same time as the Initial Debtors, the GK8 Debtors would have requested substantially similar relief.  By filing this Motion, the Debtors seek to streamline the process for requesting such relief and utilize a process that promotes judicial efficiency while at the same time

---

[7]     Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the applicable Initial Order.

providing the same requisite facts and justification for such relief as if the GK8 Debtors had filed such motions.

14.     The Debtors do ***not*** request that all orders entered in the Initial Debtors' chapter 11 cases apply to the GK8 Debtors and their chapter 11 cases.  Rather, the Debtors seek only necessary relief to administer the GK8 Debtors' chapter 11 cases and ordinary course business operations. Upon entry of the Order, each of the Initial Orders would apply to the GK8 Debtors as if the GK8 Debtors commenced their chapter 11 cases on the Initial Petition Date, with the exception that such orders would be effective as of the GK8 Petition Date and modified as set forth in the Order.[8] The relief requested herein is necessary for the GK8 Debtors to smoothly transition into chapter 11 with minimal delay, cost, and expense for the benefit of all parties in interest.

**I.      Overview.**

15.     As outlined below, each of the GK8 Debtors is an indirect wholly owned subsidiary of Initial Debtor Celsius Network Limited:

---

[8]     To the extent that the GK8 Debtors identify any additional orders entered in the Initial Debtors' chapter 11 cases or orders pending, as of the GK8 Petition Date, in the Initial Debtors' chapter 11 cases that should be made applicable to the GK8 Debtors' chapter 11 cases, the Debtors propose that they file a notice with the Court identifying any such additional orders and, absent any objection, such orders be deemed applicable to the GK8 Debtors effective as of the date provided in such notice.

7



## II.    Initial Orders.

16.    The Initial Orders provide necessary relief for the GK8 Debtors to maintain their ordinary course operations.  Accordingly, the Debtors request that the following orders apply to the GK8 Debtors, effective as of the GK8 Petition Date, subject to the modifications described herein and the Order.

| **Administrative and Procedural First Day Initial Orders** | |
|---|---|
| **Docket No.** | **Order Title** |
| 54 | *Order (I) Authorizing and Approving the Appointment of Stretto, Inc. as Claims and Noticing Agent and (II) Granting Related Relief* |
| 55 | *Order (I) Authorizing the Debtors to Prepare a Consolidated List of Creditors in Lieu of Submitting a Separate Mailing Matrix for Each Debtor, (II) Authorizing the Debtors to File a Consolidated List of the Debtors' Fifty Largest Unsecured Creditors, (III) Authorizing the Debtors to Redact Certain Personally Identifiable Information, (IV) Approving the Form and Manner of Notifying Creditors of Commencement of These Chapter 11 Cases, and (V) Granting Related Relief* |
| 60 | *Order (I) Restating and Enforcing the Worldwide Automatic Stay, Anti-Discrimination Provisions, and Ipso Facto Protections of the Bankruptcy Code, (II) Approving the Form and Manner of Notice, and (III) Granting Related Relief* |
| 685 | *Order Granting a Second Extension of Time to File Schedules and Statements of Financial Affairs* |
| 910 | *Memorandum Opinion and Order on the Debtors' Sealing Motion* |
| 1181 | *Amended Final Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief* |
| **Operational First Day Initial Orders** | |
| **Docket No.** | **Order Title** |
| 518 | *Final Order (I) Authorizing the Debtors to (A) Pay Prepetition Employee Wages, Salaries, Other Compensation, and Reimbursable Expenses and (B) Continue Employee Benefits Programs and (II) Granting Related Relief* |
| 520 | *Final Order (I) Authorizing the Debtors to Pay Prepetition Claims of Certain Critical Vendors, Foreign Vendors, 503(B)(9) Claimants, and Lien Claimants, (II) Granting Administrative Expense Priority to All Undisputed Obligations on Account of Outstanding Orders, and (III) Granting Related Relief* |
| 521 | *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief* |
| 524 | *Final Order (I) Authorizing the Debtors to (A) Pay Their Obligations Under Prepetition Insurance Policies, (B) Continue to Pay Certain Brokerage Fees, (C) Renew, Supplement, Modify, or Purchase Insurance Coverage, and (D) Maintain Their Surety Bond Program and (II) Granting Related Relief* |
| 525 | *Final Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and Preferred Stock and (II) Granting Related Relief* |
| 526 | *Final Order (I) Authorizing the Payment of Certain Taxes and Fees and (II) Granting Related Relief* |
| 668 | *Stipulation and Agreed Order Regarding Framework for the Distribution of the Debtors' Reporting Information to the Committee* |
| 1153 | *Order (I) Extending the Time to File Notices of Removal of Civil Actions and (II) Granting Related Relief* |
| **Second Day Initial Orders** | |

| Docket No. | Order Title |
|---|---|
| 687 | *Order (I) Approving Bidding Procedures for the Potential Sale of Certain of the Debtors' Assets, (II) Scheduling Certain Dates with Respect Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Approving Contract Assumption and Assignment Procedures, and (V) Granting Related Relief* |
| 840 | *Order (I) Authorizing Debtors to Serve Certain Parties by E-Mail and (II) Granting Related Relief* |
| **Retention Initial Orders** | |
| Docket No. | Order Title |
| 838 | *Order Authorizing the Retention and Employment of Latham & Watkins LLP as Special Counsel to the Debtors Effective as of the Petition Date* |
| 841 | *Order Authorizing the Retention and Employment of Stretto, Inc. as Administrative Advisor to the Debtors and Debtors in Possession Effective as of July 13, 2022* |
| 842 | *Order Authorizing Debtors to Employ and Retain Alvarez & Marsal North America, LLC as Financial Advisor to the Debtors and Debtors in Possession Effective as of July 13, 2022* |
| 843 | *Order Authorizing the Retention and Employment of Akin Gump Strauss Hauer & Feld LLP as Special Litigation Counsel for the Debtors and Debtors in Possession Effective as of the Petition Date* |
| 845 | *Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtors and Debtors in Possession Effective as of July 13, 2022* |
| 846 | *Order (I) Authorizing the Employment and Retention of Centerview Partners LLC as Investment Banker for the Debtors Effective as of July 13, 2022, (II) Approving the Terms of the Centerview Agreement, (III) Waiving Certain Reporting Requirements Pursuant to Local Rule 2016-2, and (IV) Granting Related Relief* |
| **Operational Initial Order** | |
| Docket No. | Order Title |
| 1368 | *Order (I) Setting Bar Dates for Submitting Proofs of Claim, (II) Approving Procedures for Submitting Proofs of Claim, (III) Approving Notice Thereof, and (IV) Granting Related Relief* |

## III.   Administrative and Procedural Initial Orders

### A.   Retention of Stretto, Inc. as Claims and Noticing Agent.

17.    The Debtors seek to apply the relief granted in the *Order (I) Authorizing and Approving the Appointment of Stretto, Inc. as Claims and Noticing Agent and (II) Granting*

10

*Related Relief* [Docket No. 54] (the "<u>Stretto Claims and Noticing Agent Retention Order</u>") and the services and terms contemplated thereunder to the GK8 Debtors.

**B.   Consolidated Creditor Matrix Relief.**

18.    The Debtors seek to apply the relief granted in the *Order (I) Authorizing the Debtors to Prepare a Consolidated List of Creditors in Lieu of Submitting a Separate Mailing Matrix for Each Debtor, (II) Authorizing the Debtors to File a Consolidated List of the Debtors' Fifty Largest Unsecured Creditors, (III) Authorizing the Debtors to Redact Certain Personally Identifiable Information, (IV) Approving the Form and Manner of Notifying Creditors of Commencement of These Chapter 11 Cases, and (V) Granting Related Relief* [Docket No. 55] (the "<u>Consolidated Creditor Matrix Order</u>") to the GK8 Debtors.

19.    Pursuant to the Consolidated Creditor Matrix Order, the GK8 Debtors will (a) maintain one consolidated creditor matrix for the GK8 Debtors (the "<u>GK8 Creditor Matrix</u>"), (b) maintain one consolidated list of the top 20 unsecured creditors for all GK8 Debtors, (c) be authorized to redact certain personal identification information, and (d) serve the GK8 Debtors' notice of commencement, substantially in the form annexed as <u>Exhibit 2</u> to **Exhibit A** attached hereto, on the GK8 Creditor Matrix.

20.    For the avoidance of doubt, the Initial Debtors and the GK8 Debtors shall maintain top unsecured creditors lists in separate, consolidated formats to ensure ease of service on applicable parties in interest.  On a go-forward basis, all filings in the Debtors' chapter 11 cases will be served on the top 50 consolidated list of unsecured creditors for the Initial Debtors and the

top 20 consolidated list of unsecured creditors for the GK8 Debtors.  Where service is required on the full creditor matrix, only the applicable creditor matrix will be utilized.

### C.    Automatic Stay Relief.

21.    The Debtors seek to apply the relief granted in the *Order (I) Restating and Enforcing the Worldwide Automatic Stay, Anti-Discrimination Provisions, and Ipso Facto Protections of the Bankruptcy Code, (II) Approving the Form and Manner of Notice, and (III) Granting Related Relief* [Docket No. 60] (the "Automatic Stay Order") to the GK8 Debtors.

### D.    Schedules and Statements of Financial Affairs Relief.

22.    The Debtors seek to apply the relief granted in the *Order Granting a Second Extension of Time to File Schedules and Statements of Financial Affairs* [Docket No. 685] (the "SOFA Order") to the GK8 Debtors.

23.    The Debtors seek to extend the deadline by which the GK8 Debtors must file the Schedules and Statements by forty-four days (for a total of fifty-eight days after the GK8 Petition Date), to and including February 3, 2023.

### E.    Redaction Relief.

24.    The Debtors seek to apply the relief granted in the *Memorandum Opinion and Order on the Debtors' Sealing Motion* [Docket No. 910] (the "Redaction Order") to the GK8 Debtors.

### F.    Case Management Relief.

25.    The Debtors seek to apply the relief granted in the *Amended Final Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and*

*(II) Granting Related Relief* [Docket No. 1181] (the "Case Management Order") to the GK8 Debtors.

**IV.    Operational First Day Initial Orders.**

    **A.    Wages Relief.**

26.    The Debtors seek to apply the relief granted in the *Final Order (I) Authorizing the Debtors to (A) Pay Prepetition Employee Wages, Salaries, Other Compensation, and Reimbursable Expenses and (B) Continue Employee Benefits Programs and (II) Granting Related Relief* [Docket No. 518] (the "Wages Order") to the GK8 Debtors.

27.    The Debtors seek authorization to continue and/or modify, change, or discontinue the Compensation and Benefits and to honor and pay, in the ordinary course of business and in accordance with the GK8 Debtors' prepetition policies and practices, any obligations on account of the Compensation and Benefits, irrespective of whether such obligations arose prepetition or postpetition.  In addition, the Debtors seek authorization to provide eligible employees of the GK8 Debtors paid time off, among other benefits.

28.    The GK8 Debtors estimate that, as of the GK8 Petition Date, accrued and unpaid Compensation and Benefits will be as follows:

| RELIEF SOUGHT | Approximate Amount Accrued as of GK8 Petition Date[9] |
|---|---|
| **Compensation** | |
| Unpaid Employee Compensation Obligations | $68,000 |
| Unpaid Independent Contractor Obligations | $4,000 |
| Non-Employee Director Compensation | - |
| Withholding Obligations | $23,000 |

---

[9]    As of the GK8 Petition Date, certain employees have also accumulated accrued and unpaid paid time off.  These liabilities are contingent and only necessitate cash payments if such employees resign or are terminated without cause.  As such, these contingent amounts are not listed here.

| | |
|---|---|
| Unpaid Payroll Processing Fees | $10,000 |
| Reimbursable Expenses | $32,000 |
| Abacus Labs Fees[10] | - |
| Corporate Cards | $2,000 |
| ***Compensation Total*** | $139,000 |
| **Benefits** | |
| Benefits Obligations | $122,000 |
| Unpaid Smart Pension Obligations | - |
| Non-Insider Severance Benefits | - |
| Non-Insider Ad Hoc Bonuses | - |
| ***Benefits and Other Programs Total*** | $122,000 |
| **Total Compensation and Benefits** | $261,000 |

### B.    Critical Vendors Relief

29.    The Debtors seek to apply the relief granted in the *Final Order (I) Authorizing the Debtors to Pay Prepetition Claims of Certain Critical Vendors, Foreign Vendors, 503(B)(9) Claimants, and Lien Claimants, (II) Granting Administrative Expense Priority to All Undisputed Obligations on Account of Outstanding Orders, and (III) Granting Related Relief* [Docket No. 520] (the "Critical Vendors Order") to the GK8 Debtors.  As of the GK8 Petition Date, approximately $[140,000] on account of claims of Foreign Vendors in Israel is accrued and outstanding.

### C.    Interim Compensation Relief.

30.    The Debtors seek to apply the relief granted in the *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals*

---

[10]    Abacus Labs provides reimbursable expense reporting services to the Initial Debtors.  Reimbursable expenses include, among others, air travel, meal allowances, car mileage allowances, and business-related entertainment.

*and (II) Granting Related Relief* [Docket No. 521] (the "Interim Compensation Order") to the GK8 Debtors.

### D.    Insurance Relief.

31.    The Debtors seek to apply the relief granted in the *Final Order (I) Authorizing the Debtors to (A) Pay Their Obligations Under Prepetition Insurance Policies, (B) Continue to Pay Certain Brokerage Fees, (C) Renew, Supplement, Modify, or Purchase Insurance Coverage, and (D) Maintain Their Surety Bond Program and (II) Granting Related Relief* [Docket No. 524] (the "Insurance Order") to the GK8 Debtors.

32.    In the ordinary course of business, the GK8 Debtors maintain two insurance policies (the "GK8 Insurance Policies") that are obtained through USI Insurance Services and URI and administered by Lloyd's Underwriter Syndicate and Fenix, respectively.  A schedule of the GK8 Insurance Policies is annexed as Exhibit 3 to **Exhibit A** attached hereto.  As of the GK8 Petition Date, the GK8 Debtors paid approximately $[62,000] in Insurance Premiums, excluding applicable taxes and deductibles, over the past twelve months. As of the GK8 Petition Date, approximately $1,800 in insurance obligations on account of the GK8 Insurance Policies is accrued and outstanding.

### E.    NOL Relief.

33.    The Debtors seek to apply the relief granted in the *Final Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness*

*with Respect to Common Stock and Preferred Stock and (II) Granting Related Relief* [Docket No. 525] (the "NOL Order") to the GK8 Debtors.

**F.      Taxes Relief.**

34.      The Debtors seek to apply the relief granted in the *Final Order (I) Authorizing the Payment of Certain Taxes and Fees and (II) Granting Related Relief* [Docket No. 526] (the "Taxes Order") to the GK8 Debtors.

35.      The GK8 Debtors pay or remit, as applicable, Taxes and Fees to various federal, state, and local governments, including taxing and licensing authorities (collectively, the "GK8 Taxing Authorities") on a periodic basis (monthly, quarterly, semi-annually, or annually) depending on the nature and incurrence of particular taxes or fees ("GK8 Taxes and Fees") and as required by applicable laws and regulations.  A schedule identifying the GK8 Taxing Authorities is annexed as Exhibit 4 to **Exhibit A** attached hereto.[11]

36.      The GK8 Debtors estimate that, as of the date hereof, approximately $[3,700] is accrued and outstanding on account of the franchise tax for the State of Delaware and unpaid city taxes to Tel Aviv.

**G.      Reporting Framework Relief.**

37.      The Debtors seek to apply the relief granted in the *Stipulation and Agreed Order Regarding Framework for the Distribution of the Debtors' Reporting Information to the Committee* [Docket No. 668] (the "Reporting Framework Stipulation and Order") to the GK8 Debtors.

---

[11]    Although Exhibit 4 is intended to be comprehensive, the GK8 Debtors may have inadvertently omitted GK8 Taxing Authorities.

### H.    Removal Period Relief.

38.    The Debtors seek to apply the relief granted in the *Order (I) Extending the Time to File Notices of Removal of Civil Actions and (II) Granting Related Relief* [Docket No. 1153] (the "<u>Removal Order</u>") to the GK8 Debtors.

## V.    Second Day Initial Orders.

### A.    Bidding Procedures Relief.

39.    The Debtors seek to apply the relief granted in the Bidding Procedures Order to the GK8 Debtors.

### B.    E-Mail Service Relief.

40.    The Debtors seek to apply the relief granted in the *Order (I) Authorizing Debtors to Serve Certain Parties by E-Mail and (II) Granting Related Relief* [Docket No. 840] (the "<u>E-mail Service Order</u>") to the GK8 Debtors.

## VI.    Retention Orders.

41.    The GK8 Debtors seek to apply the relief granted in the following retention applications:

- **Retention of Latham & Watkins LLP as Special Counsel to the GK8 Debtors.**
  *Order Authorizing the Retention and Employment of Latham & Watkins LLP as Special Counsel to the Debtors Effective as of the Petition Date* [Docket No. 838] (the "<u>Latham Retention Order</u>"), and the services and terms contemplated thereunder.

- **Retention of Stretto, Inc. as Administrative Advisor to the GK8 Debtors.**
  *Order Authorizing the Retention and Employment of Stretto, Inc. as Administrative Advisor to the Debtors and Debtors in Possession Effective as of July 13, 2022* [Docket No. 841] (the "<u>Stretto Administrative Advisor Retention Order</u>"), and the services and terms contemplated thereunder.

- **Retention of Alvarez & Marsal North America, LLC as Financial Advisor to the GK8 Debtors.**
  *Order Authorizing Debtors to Employ and Retain Alvarez & Marsal North America, LLC as Financial Advisor to the Debtors and Debtors in Possession Effective as of July 13, 2022* [Docket No. 842] (the "<u>A&M Retention Order</u>"), and the services and terms contemplated thereunder.

- **Retention of Akin Gump Strauss Hauer & Feld LLP as Special Litigation Counsel to the GK8 Debtors.**
  *Order Authorizing the Retention and Employment of Akin Gump Strauss Hauer & Feld LLP as Special Litigation Counsel for the Debtors and Debtors in Possession Effective as of the Petition Date* [Docket No. 843] (the "<u>Akin Retention Order</u>"), and the services and terms contemplated thereunder.

- **Retention of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Counsel to the GK8 Debtors.**
  *Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtors and Debtors in Possession Effective as of July 13, 2022* [Docket No. 845] (the "<u>K&E Retention Order</u>"), and the services and terms contemplated thereunder.

- **Retention of Centerview Partners LLC as Investment Banker to the GK8 Debtors.**
  *Order (I) Authorizing the Employment and Retention of Centerview Partners LLC as Investment Banker for the Debtors Effective as of July 13, 2022, (II) Approving the Terms of the Centerview Agreement, (III) Waiving Certain Reporting Requirements Pursuant to Local Rule 2016-2, and (IV) Granting Related Relief* [Docket No. 846] (the "<u>Centerview Retention Order</u>"), and the services and terms contemplated thereunder.

## VII.   Operational Initial Order.

### A.   Bar Date Relief.

42.   The Debtors seek to apply the relief granted in the *Order (I) Setting Bar Dates for Submitting Proofs of Claim, (II) Approving Procedures for Submitting Proofs of Claim, (III) Approving Notice Thereof, and (IV) Granting Related Relief* [Docket No. 1368] (the "<u>Bar Date Order</u>") to the GK8 Debtors.

43.   The Debtors do not seek to impose the bar date set for the Initial Debtors to their chapter 11 cases.  Rather, the GK8 Debtors seek authority to establish supplemental bar dates,

pursuant to the Bar Date Order, without further order of the Court, when the GK8 Debtors file their schedules of assets and liabilities to provide adequate notice and opportunity to submit a proof of claim to parties holding claims affected thereby.

### Basis for Relief

44.    Section 105(a) of the Bankruptcy Code provides, in relevant part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  Pursuant to section 105(a) of the Bankruptcy Code, courts have "discretion to accommodate the unique facts of a case consistent with the policies or directives set by the other applicable substantive provisions of the Bankruptcy Code."  *See In re Oi Brasil Holdings Cooperatief U.A.*, 578 B.R. 169, 201 (Bankr. S.D.N.Y. 2017), *reconsideration denied*, 582 B.R. 358 (Bankr. S.D.N.Y. 2018) (citing *Sears, Roebuck & Co. v. Spivey*, 265 B.R. 357, 371 (E.D.N.Y. 2001) ("Section 105 of the Bankruptcy Code bestows on bankruptcy courts a specific equitable power to act in accordance with principles of justice and fairness")).

45.    The relief requested by this Motion seeks to implement the Bankruptcy Code's policies and principles by directing that the Initial Orders, each of which were authorized by an applicable provision of the Bankruptcy Code and for which the Court has already made the requisite factual findings, be made applicable to the GK8 Debtors' chapter 11 cases. *See In re Casse*, 198 F.3d 327, 336 (2d. Cir. 1999) ("The basic purpose of section 105 is to assure the bankruptcy courts power to take whatever action is appropriate or necessary in aid of the exercise of their jurisdiction.").  While each of the Initial Orders has an independent basis for entry, the Initial Orders are equally applicable to the GK8 Debtors' chapter 11 cases, and the Debtors are *not* seeking relief other than what was previously approved by the Court or inconsistent with the Bankruptcy Code.

19

46.     The relief requested in this Motion is necessary for the GK8 Debtors to smoothly transition into chapter 11 and protect and maximize the value of the GK8 Debtors' estates for the benefit of all parties in interest.  Had the GK8 Debtors filed chapter 11 petitions at the same time as the Initial Debtors, they would have sought the relief requested in the Initial Orders, and each of those orders likely would apply to the GK8 Debtors already.  By proceeding in the manner of this Motion, the Debtors seek to streamline the process for requesting such relief, while at the same time providing the same requisite facts and justifications for such relief as if the GK8 Debtors had filed such motions, thereby maximizing the value of their estates and obviating unnecessary duplication.  Moreover, the relief requested in this Motion is narrowly tailored to those circumstances where the failure to obtain such relief would cause severe interruptions to and interferences with the ongoing operation of the GK8 Debtors' business, thereby causing immediate and irreparable harm to the GK8 Debtors and their estates.

47.     Furthermore, to the extent that section 363 of the Bankruptcy Code is applicable to the relief provided in the Initial Orders, the GK8 Debtors are entitled to the relief provided under such orders.  Specifically, section 363(c)(1) of the Bankruptcy Code provides that a debtor in possession "may enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business, without notice or a hearing, and may use property of the estate in the ordinary course of business without notice or a hearing."  11 U.S.C. § 363(c)(1).

48.     In addition, section 363(b)(1) of the Bankruptcy Code authorizes a bankruptcy court, after notice and a hearing, to authorize a debtor to "use, sell, or lease, other than in the ordinary course of business, property of the estate."  11 U.S.C. § 363(b).  Courts in the Second Circuit have granted a debtor's request to use property of the estate outside of the ordinary course of business upon a finding that such use is supported by sound business reasons.

*See In re Chateaugay Corp.*, 973 F.2d 141 (2d Cir. 1992) (holding that the approval of section 363(b) sale is appropriate if good business reasons exist for such sale); *see also In re MF Glob. Ltd.*, 535 B.R. 596, 605 (Bankr. S.D.N.Y. 2015) (holding that courts consider whether a debtor exhibited sound business judgment in analyzing a request for relief pursuant to section 363(b)(1) of the Bankruptcy Code); *In re Borders Grp., Inc.*, 453 B.R. 477, 482 (Bankr. S.D.N.Y. 2011) (same); *In re Glob. Crossing, Ltd.*, 295 B.R. 726, 744 n. 58 (Bankr. S.D.N.Y. 2003) ("[T]he Court does not believe that it is appropriate for a bankruptcy court to substitute its own business judgment for that of the [d]ebtors and their advisors, so long as they have satisfied the requirements articulated in the case law.").

49.    Here, the Debtors only seek authority to administer the chapter 11 cases of the GK8 Debtors and continue their operations in the ordinary course of business.  Nonetheless, to the extent that the relief requested in this Motion would permit the GK8 Debtors to use estate property outside of the ordinary course of business, cause exists for the Court to grant such permission.  *See, e.g.*, *Armstrong v. LaSalle Bank Nat'l Ass'n*, 446 F.3d 728, 733 (7th Cir. 2006) (noting that "business-judgment rule . . . decrees a light hand for a court asked to invalidate a business decision").  Courts also deem appropriate the authorization of payment of prepetition obligations, such as prepetition obligations subject to the Initial Orders, where necessary to preserve the estate. *See, e.g.*, *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 174 (Bankr. S.D.N.Y. 1989) (authorizing debtor to pay prepetition wages); *Armstrong World Indus., Inc. v. James A. Phillips, Inc. (In re James A. Phillips, Inc.)*, 29 B.R. 391, 398 (Bankr. S.D.N.Y. 1983) (authorizing the payment of prepetition claims to suppliers); *see also, e.g.*, *In re Kmart Corp.*, 359 F.3d 871, 872 (7th Cir. 2004) (recognizing that payment of prepetition claims may be permitted under section 363, but holding that debtor's evidentiary record did not support paying prepetition claims of vendors);

21

*In re Tropical Sportswear Int'l Corp.*, 320 B.R. 15, 20 (Bankr. M.D. Fla. 2005) (recognizing that section 363 of the Bankruptcy Code is a source of authority to pay certain prepetition payments and section 105 of the Bankruptcy Code may be used to fill in gaps).

50.     In the Debtors' business judgment, the GK8 Debtors must continue to operate in the ordinary course of business under the Initial Orders to maximize value for the benefit of their stakeholders.  Accordingly, the Court should enter an order applying the Initial Orders to the GK8 Debtors' chapter 11 cases.

51.     Similar relief has been granted to subsequently-filed debtors in other complex chapter 11 cases in this district and others.  *See, e.g.*, *In re SunEdison, Inc.*, No. 16-10992 (SMB) (Bankr. S.D.N.Y. Apr. 25, 2016) [Docket No. 66] (applying order granting joint administration to any future filing of any debtor affiliate); *In re Dynegy Inc.*, No. 12-36728 (CGM) (Bankr. S.D.N.Y. July 10, 2012) [Docket Nos. 20–25] (entering orders applying certain orders in original debtors' cases to subsequent debtors); *In re Extended Stay, Inc.*, No. 09-13764 (JMP) (Bankr. S.D.N.Y. Mar. 16, 2010) [Docket No. 850] (same); *In re Alta Mesa Res., Inc.*, No. 19-35133 (Bankr. S.D. Tex. Jan. 15, 2020) [Docket No. 870] (applying certain orders in initial debtors' cases to subsequent debtors); *In re GenOn Energy, Inc.*, No. 17-33695 (Bankr. S.D. Tex. Oct. 17, 2018) [Docket No. 1893] (same).

**The Requirements of Bankruptcy Rule 6003(b) Are Satisfied**

52.     Bankruptcy Rule 6003 empowers a court to grant relief within the first twenty-one days after the GK8 Petition Date "to the extent that relief is necessary to avoid immediate and irreparable harm."  As set forth in this Motion, the Debtors believe an immediate and orderly transition into chapter 11 is critical to the viability of their operations and that any delay in granting the relief requested could hinder the Debtors efforts and cause irreparable harm.  Furthermore, the failure to receive the requested relief during the first twenty-one days of these chapter 11 cases

would severely disrupt the Debtors' operations at this critical juncture.  Accordingly, the Debtors submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 to support the relief requested herein.

### Waiver of Bankruptcy Rule 6004(a) and 6004(h)

53.    To implement the foregoing successfully, the Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the fourteen-day stay period under Bankruptcy Rule 6004(h)

### Reservation of Rights

54.    Nothing contained in this Motion or any actions taken pursuant to any order granting the relief requested by this Motion is intended or should be construed as (a) an admission as to the validity of any particular claim against the Debtors, (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds, (c) a promise or requirement to pay any particular claim, (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion, (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law, or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens.  If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be

construed as an admission as to the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

## **Motion Practice**

55.    This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this Motion. Accordingly, this Motion satisfied Local Rule 9013-1(a).

## **Notice**

56.    The Debtors will provide notice of this Motion to the following parties or their respective counsel:  (a) the U.S. Trustee; (b) counsel to the Committee; (c) the holders of the twenty largest unsecured claims against the GK8 Debtors (on a consolidated basis); (d) the United States Attorney's Office for the Southern District of New York; (e) the Internal Revenue Service; (f) the offices of the attorneys general in the states in which the Debtors operate; (g) the Securities and Exchange Commission; and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **No Prior Request**

57.    No prior request for the relief sought in this Motion has been made to this or any other court.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors request that the Court enter the Order granting the relief

requested herein and such other relief as the Court deems appropriate under the circumstances.

New York, New York
Dated: December 7, 2022

*/s/ Joshua A. Sussberg*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:       (212) 446-4800
Facsimile:       (212) 446-4900
Email:           jsussberg@kirkland.com

- and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:       (312) 862-2000
Facsimile:       (312) 862-2200
Email:           patrick.nash@kirkland.com
                 ross.kwasteniet@kirkland.com
                 chris.koenig@kirkland.com
                 dan.latona@kirkland.com

*Counsel to the Initial Debtors and Debtors in Possession*

*Proposed Counsel to the GK8 Debtors and Debtors in Possession*

## <u>Exhibit A</u>

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*, [1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Initial Debtors' Cases Jointly Administered) |
| | ) | |
| | ) | (Joint Administration of GK8 Debtors' Cases Requested) |
| | ) | |

**ORDER (I) APPLYING CERTAIN ORDERS IN INITIAL
DEBTORS' CHAPTER 11 CASES TO, GK8 LTD, GK8 USA LLC,
AND GK8 UK LIMITED AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the GK8 Debtors for entry of an order (this "Order"),

(a) applying the Initial Orders to the GK8 Debtors in their respective chapter 11 cases, effective as

of the GK8 Petition Date and (b) granting related relief, all as more fully set forth in the Motion;

and upon the Ferraro Declaration; and this Court having jurisdiction over this matter pursuant to

28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States

District Court for the Southern District of New York, entered February 1, 2012; and this Court

having the power to enter a final order consistent with Article III of the United States Constitution;

and this Court having found that venue of these cases in this district is proper pursuant to

28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this

Court having found that the Debtors' notice of the Motion and opportunity for a hearing thereon

were appropriate under the circumstances and no other notice need be provided; and this Court

having reviewed the Motion and having heard the statements in support of the relief requested

therein at a hearing before this Court (the "Hearing"); and this Court having determined that the

legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief

granted herein; and after due deliberation and sufficient cause appearing therefore, it is HEREBY

ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      The Initial Orders entered in the Initial Debtors' chapter 11 cases and identified on

**Exhibit 1** attached hereto are hereby applicable to and binding on the GK8 Debtors as if entered

individually, effective as of the GK8 Petition Date.  All references to "Debtors" in the Initial

Orders shall be deemed to include the "GK8 Debtors" pursuant to the terms of this Order.

3.      The form of Notice of Commencement attached hereto as **Exhibit 2** is hereby

approved.  Service of the Notice of Commencement shall be deemed adequate and sufficient notice

of:  (a) the commencement of these chapter 11 cases; and (b) the scheduling of the meeting of

creditors under section 341 of the Bankruptcy Code, if applicable.

4.      Paragraph 6 of the Consolidated Creditor Matrix Order is modified to read the

following:

> "The *Initial* Debtors are authorized to file a consolidated list of the fifty largest
> unsecured creditors *and the GK8 Debtors are authorized to file a consolidated list
> of the twenty largest unsecured creditors* in their respective chapter 11 cases in
> lieu of each *Initial* Debtor *and each GK8 Debtor* filing a list of its twenty largest
> unsecured creditors."

5.      Notwithstanding anything to the contrary herein, nothing in this Order shall be

construed to confer, create, or imply joint and several liability between the Initial Debtors and the

2

GK8 Debtors. The Debtors and the Committee reserve all rights with respect to any potential joint and several liability between the Initial Debtors and the GK8 Debtors.

6.      The time within which the GK8 Debtors must file the Schedules and Statements is extended for forty-four days (for a total of fifty-eight days after the GK8 Petition Date), to and including February 3, 2023, without prejudice to the Debtors' right to seek additional extensions.

7.      To the extent that the GK8 Debtors identify any additional orders entered in the Initial Debtors' chapter 11 cases or orders pending, as of the GK8 Petition Date, in the Initial Debtors' chapter 11 cases that should be made applicable to the GK8 Debtors' chapter 11 cases, the Debtors shall file a notice with the Court identifying any such additional orders and, absent any objection, such orders shall be deemed applicable to the GK8 Debtors effective as of the date provided in such notice.

8.      Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of the GK8 Debtors' estates and/or the Initial Debtors' estates.

9.      The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

10.     Notwithstanding anything to the contrary in the Motion, this Order, or any findings announced at the Hearing, nothing in the Motion, this Order, or announced at the Hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis are expressly reserved.

11.     Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission by the Debtors or the Committee as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' or the Committee's respective rights to dispute any particular claim on any grounds; (c) a promise or requirement by the Debtors or any third party (including any member of the Committee) to pay any particular claim; (d) an implication or admission by the Debtors or the Committee that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization by any Debtor to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' or the Committee's rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors or the Committee that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors and the Committee each expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens. Any payment made pursuant to this Order is not intended and should not be construed as an admission by the Debtors or the Committee as to the validity of any particular claim or a waiver of the Debtors' and the Committee's respective rights to subsequently dispute such claim.

12.     The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Order.

13.     Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

14.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

15.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

16.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2022

_____
THE HONORABLE MARTIN GLENN
CHIEF UNITED STATES BANKRUPTCY JUDGE

## **Exhibit 1**

Initial Orders

| **Administrative and Procedural First Day Initial Orders** | |
|---|---|
| Docket No. | Order Title |
| 54 | *Order (I) Authorizing and Approving the Appointment of Stretto, Inc. as Claims and Noticing Agent and (II) Granting Related Relief* |
| 55 | *Order (I) Authorizing the Debtors to Prepare a Consolidated List of Creditors in Lieu of Submitting a Separate Mailing Matrix for Each Debtor, (II) Authorizing the Debtors to File a Consolidated List of the Debtors' Fifty Largest Unsecured Creditors, (III) Authorizing the Debtors to Redact Certain Personally Identifiable Information, (IV) Approving the Form and Manner of Notifying Creditors of Commencement of These Chapter 11 Cases, and (V) Granting Related Relief* |
| 60 | *Order (I) Restating and Enforcing the Worldwide Automatic Stay, Anti-Discrimination Provisions, and Ipso Facto Protections of the Bankruptcy Code, (II) Approving the Form and Manner of Notice, and (III) Granting Related Relief* |
| 685 | *Order Granting a Second Extension of Time to File Schedules and Statements of Financial Affairs* |
| 910 | *Memorandum Opinion and Order on the Debtors' Sealing Motion* |
| 1181 | *Amended Final Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief* |
| **Operational First Day Initial Orders** | |
| Docket No. | Order Title |
| 518 | *Final Order (I) Authorizing the Debtors to (A) Pay Prepetition Employee Wages, Salaries, Other Compensation, and Reimbursable Expenses and (B) Continue Employee Benefits Programs and (II) Granting Related Relief* |
| 520 | *Final Order (I) Authorizing the Debtors to Pay Prepetition Claims of Certain Critical Vendors, Foreign Vendors, 503(B)(9) Claimants, and Lien Claimants, (II) Granting Administrative Expense Priority to All Undisputed Obligations on Account of Outstanding Orders, and (III) Granting Related Relief* |
| 521 | *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief* |
| 524 | *Final Order (I) Authorizing the Debtors to (A) Pay Their Obligations Under Prepetition Insurance Policies, (B) Continue to Pay Certain Brokerage Fees, (C) Renew, Supplement, Modify, or Purchase Insurance Coverage, and (D) Maintain Their Surety Bond Program and (II) Granting Related Relief* |
| 525 | *Final Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and Preferred Stock and (II) Granting Related Relief* |
| 526 | *Final Order (I) Authorizing the Payment of Certain Taxes and Fees and (II) Granting Related Relief* |
| 668 | *Stipulation and Agreed Order Regarding Framework for the Distribution of the Debtors' Reporting Information to the Committee* |
| 1153 | *Order (I) Extending the Time to File Notices of Removal of Civil Actions and (II) Granting Related Relief* |

| **Second Day Initial Orders** | |
|---|---|
| Docket No. | Order Title |
| 687 | *Order(I) Approving Bidding Procedures for the Potential Sale of Certain of the Debtors' Assets, (II) Scheduling Certain Dates with Respect Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Approving Contract Assumption and Assignment Procedures, and (V) Granting Related Relief* |
| 840 | *Order (I) Authorizing Debtors to Serve Certain Parties by E-Mail and (II) Granting Related Relief* |
| **Retention Initial Orders** | |
| Docket No. | Order Title |
| 838 | *Order Authorizing the Retention and Employment of Latham & Watkins LLP as Special Counsel to the Debtors Effective as of the Petition Date* |
| 841 | *Order Authorizing the Retention and Employment of Stretto, Inc. as Administrative Advisor to the Debtors and Debtors in Possession Effective as of July 13, 2022* |
| 842 | *Order Authorizing Debtors to Employ and Retain Alvarez & Marsal North America, LLC as Financial Advisor to the Debtors and Debtors in Possession Effective as of July 13, 2022* |
| 843 | *Order Authorizing the Retention and Employment of Akin Gump Strauss Hauer & Feld LLP as Special Litigation Counsel for the Debtors and Debtors in Possession Effective as of the Petition Date* |
| 845 | *Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtors and Debtors in Possession Effective as of July 13, 2022* |
| 846 | *Order (I) Authorizing the Employment and Retention of Centerview Partners LLC as Investment Banker for the Debtors Effective as of July 13, 2022, (II) Approving the Terms of the Centerview Agreement, (III) Waiving Certain Reporting Requirements Pursuant to Local Rule 2016-2, and (IV) Granting Related Relief* |
| **Operational Initial Order** | |
| Docket No. | Order Title |
| 1368 | *Order (I) Setting Bar Dates for Submitting Proofs of Claim, (II) Approving Procedures for Submitting Proofs of Claim, (III) Approving Notice Thereof, and (IV) Granting Related Relief* |

**Exhibit 2**

Notice of Commencement

| Information to identify the case: | | |
|---|---|---|

Debtors:   __GK8 Ltd.__
           Name

EIN   5 1 – 5 8 8 1 2 0 9

__GK8 UK Limited__
Name

EIN   1 4 – 1 3 0 8 9 3

__GK8 USA LLC__
Name

EIN   8 8 – 1 9 8 9 4 5 0

United States Bankruptcy Court for the: __Southern District of New York__
(State)

Date case filed for chapter 11:   __12/7/2022__
MM / DD / YYYY

Case Number:   __22-10964 (MG) (Jointly Administered)__

## Official Form 309F1 (For Corporations or Partnerships)

# Notice of Chapter 11 Bankruptcy Case                                    10/20

**For the debtor listed above, a case has been filed under chapter 11 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors and debtors, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtor or the debtor's property. For example, while the stay is in effect, creditors cannot sue, assert a deficiency, repossess property, or otherwise try to collect from the debtor. Creditors cannot demand repayment from the debtor by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees.

Confirmation of a chapter 11 plan may result in a discharge of debt. A creditor who wants to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadline specified in this notice. (See line 11 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at https://pacer.uscourts.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**Do not file this notice with any proof of claim or other filing in the case.**

1.   **Debtors' full name:  See chart below.**

     **List of Jointly Administered Cases**

| No. | Debtor | Former Name | Address | Case No. | EIN # |
|---|---|---|---|---|---|
| 1 | GK8 Ltd. | Puzzzle Cybersecurity Ltd. | Daniel Frisch 3 Street, Tel Aviv-Yafo, Israel, 6473104 | [•] | 51-5881209 |
| 2 | GK8 UK Limited | N/A | Daniel Frisch 3 Street, Tel Aviv-Yafo, Israel, 6473104 | [•] | 14-130893 |
| 3 | GK8 USA LLC | N/A | Daniel Frisch 3 Street, Tel Aviv-Yafo, Israel, 6473104 | [•] | 88-1989450 |

| | | |
|---|---|---|
| **2.  All other names used in the last 8 years** | See chart above | |
| **3.  Address** | See chart above | |
| **4.  Debtor's attorney**<br>Name and address | Joshua A. Sussberg, P.C.<br>Kirkland & Ellis LLP<br>Kirkland & Ellis International LLP<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:  (212) 446-4800<br>Facsimile:   (212) 446-4900<br><br>Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)<br>Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)<br>Christopher S. Koenig<br>Dan Latona (admitted *pro hac vice*)<br>Kirkland & Ellis LLP<br>Kirkland & Ellis International LLP<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Telephone:  (312) 862-2000<br>Facsimile:   (312) 862-2200 | |
| **5.  Bankruptcy clerk's office**<br>Documents in this case may be filed at this address. You may inspect all records filed in this case at this office or online at https://pacer.uscourts.gov. | U.S. Bankruptcy Court<br>Southern District of New York<br>One Bowling Green<br>New York, NY 10004<br><br>All documents in this case are available free of charge on the website of the Debtors' notice and claims agent at https://cases.stretto.com/Celsius | Hours open<br>8:30 a.m. to 5:00 p.m. (prevailing Eastern Time)[1]<br><br>Contact phone:<br>(212) 668-2870 |
| **6.  Meeting of creditors**<br>The debtor's representative must attend the meeting to be questioned under oath. Creditors may attend, but are not required to do so. | **To be determined.** | |

---

[1]  Please reference the Court's website for operating procedures in response to the COVID-19 pandemic:  http://www.nysb.uscourts.gov/general-orders-and-guidance-created-covid-19.

| 7. Proof of claim deadline | Deadline for filing proof of claim: | Not yet set. If a deadline is set, a notice will be sent at a later time. |
|---|---|---|
| | A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.uscourts.gov or any bankruptcy clerk's office. | |
| | Your claim will be allowed in the amount scheduled unless: | |
| | ☒ your claim is designated as *disputed*, *contingent*, or *unliquidated*; ☒ you file a proof of claim in a different amount; or ☒ you receive another notice. | |
| | If your claim is not scheduled or if your claim is designated as *disputed*, *contingent*, or *unliquidated*, you must file a proof of claim or you might not be paid on your claim and you might be unable to vote on a plan. You may file a proof of claim even if your claim is scheduled. | |
| | You may review the schedules at the bankruptcy clerk's office or online at https://pacer.uscourts.gov. | |
| | Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits a creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial. | |
| 8. Exception to discharge deadline The bankruptcy clerk's office must receive a complaint and any required filing fee by the following deadline. | If § 523(c) applies to your claim and you seek to have it excepted from discharge, you must start a judicial proceeding by filing a complaint by the deadline stated below. Deadline for filing the complaint: | To be determined. |
| 9. Creditors with a foreign address | If you are a creditor receiving notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. | |
| 10. Filing a Chapter 11 bankruptcy case | Chapter 11 allows debtors to reorganize or liquidate according to a plan. A plan is not effective unless the court confirms it. You may receive a copy of the plan and a disclosure statement telling you about the plan, and you may have the opportunity to vote on the plan. You will receive notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the debtor will remain in possession of the property and may continue to operate its business. | |
| 11. Discharge of debts | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. See 11 U.S.C. § 1141(d). A discharge means that creditors may never try to collect the debt from the debtor except as provided in the plan. If you want to have a particular debt owed to you excepted from the discharge and § 523(c) applies to your claim, you must start a judicial proceeding by filing a complaint and paying the filing fee in the bankruptcy clerk's office by the deadline. | |

## **Exhibit 3**

GK8 Insurance Policies

| Type of Coverage | Insurance Carrier(s) | Policy Number | Policy Term |
|---|---|---|---|
| E&O Insurance | Lloyd's Underwriter Syndicate No. 2012 AAL | CRM2200000001-000 | 8/1/2022 - 8/1/2023 |
| Office Insurance | Fenix | 22/019/063/1245481 | 12/1/2022 - 11/30/2023 |

## **Exhibit 4**

GK8 Taxing Authorities

| Authority | Address | Type |
|---|---|---|
| Delaware Division of Revenue | 820 N. French Street<br>Wilmington, DE 19801 | Franchise Tax |
| Israel Taxes Authority | Tax Office Tel Aviv 4<br>125 Menachem Begin Rd.<br>Tel Aviv, Israel | Withholding Tax<br>Social Security and<br>Social Benefits |
| Tel Aviv Municipality | 69 Even Gvirol Street<br>Tel Aviv-Yafo, Israel | City Tax |