Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Counsel to the Initial Debtors and Debtors in Possession*

*Proposed Counsel to the GK8 Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Initial Debtors' Cases Jointly Administered) |
| | (Joint Administration of GK8 Debtors' Cases Requested) |

**NOTICE OF HEARING ON**
**DEBTORS' MOTION FOR ENTRY OF AN**
**ORDER (I) AUTHORIZING CHRISTOPHER FERRARO TO ACT AS**
**FOREIGN REPRESENTATIVE AND (II) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE** that a hearing on the *Debtors' Motion for Entry of an Order*

*(I) Authorizing Christopher Ferraro to Act as Foreign Representative and (II) Granting Related*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Relief* (the "Motion") will be held on **December 8, 2022, at 9:00 a.m., prevailing Eastern Time** (the "Hearing"). In accordance with General Order M-543 dated March 20, 2020, the Hearing will take place in a hybrid fashion both in person and via Zoom for Government. Those wishing to participate in the Hearing in person may appear before the Honorable Martin Glenn, Chief United States Bankruptcy Judge, in the United Stated Bankruptcy Court for the Southern District of New York, in Courtroom No. 523, located at One Bowling Green, New York, New York 10004-1408. Those wishing to participate in the Hearing in person are required to wear a mask when not speaking or presenting. Parties wishing to appear at the Hearing live or via Zoom, whether making a "live" or "listen only" appearance before the Court, need to make an electronic appearance (an "eCourtAppearance") through the Court's website at https://ecf.nysb.uscourts.gov/cgibin/nysbAppearances.pl. Electronic appearances (eCourtAppearances) need to be made by **4:00 p.m., prevailing Eastern Time, on December 7, 2022**.

**PLEASE TAKE FURTHER NOTICE** that due to the large number of expected participants in the Hearing and the Court's security requirements for participating in a Zoom for Government audio and video hearing, all persons seeking to attend the Hearing at 9:00 a.m., prevailing Eastern Time on December 8, 2022 must connect to the Hearing beginning at 8:00 a.m., prevailing Eastern Time on December 8, 2022. When parties sign in to Zoom for Government and add their names, they must type in the first and last name that will be used to identify them at the Hearing. Parties that type in only their first name, a nickname, or initials, will not be admitted into the Hearing. When seeking to connect for either audio or video participation in a Zoom for Government Hearing, you will first enter a "Waiting Room" in the order in which you seek to connect. Court personnel will admit each person to the Hearing from the Waiting Room after

2

confirming the person's name (and telephone number, if a telephone is used to connect) with their eCourtAppearance. Because of the large number of expected participants, you may experience a delay in the Waiting Room before you are admitted to the Hearing.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion and other pleadings filed in these chapter 11 cases may be obtained free of charge by visiting the website of Stretto at https://cases.stretto.com/celsius. You may also obtain copies of the Motion and other pleadings filed in these chapter 11 cases by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

[*Remainder of page intentionally left blank*]

| | |
|---|---|
| New York, New York<br>Dated: December 7, 2022 | */s/ Joshua A. Sussberg*<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C.<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:   (212) 446-4800<br>Facsimile:    (212) 446-4900<br>Email:           jsussberg@kirkland.com<br><br> - and -<br><br>Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)<br>Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)<br>Christopher S. Koenig<br>Dan Latona (admitted *pro hac vice*)<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Telephone:   (312) 862-2000<br>Facsimile:    (312) 862-2200<br>Email:           patrick.nash@kirkland.com<br>                     ross.kwasteniet@kirkland.com<br>                     chris.koenig@kirkland.com<br>                     dan.latona@kirkland.com<br><br>*Counsel to the Initial Debtors and Debtors in Possession*<br><br>*Proposed Counsel to the GK8 Debtors and Debtors in Possession* |

| | |
|---|---|
| Joshua A. Sussberg, P.C. | Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*) |
| **KIRKLAND & ELLIS LLP** | Ross M. Kwasteniet, P.C. (admitted *pro hac vice*) |
| **KIRKLAND & ELLIS INTERNATIONAL LLP** | Christopher S. Koenig |
| 601 Lexington Avenue | Dan Latona (admitted *pro hac vice*) |
| New York, New York 10022 | **KIRKLAND & ELLIS LLP** |
| Telephone:    (212) 446-4800 | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Facsimile:    (212) 446-4900 | 300 North LaSalle Street |
| | Chicago, Illinois 60654 |
| | Telephone:    (312) 862-2000 |
| | Facsimile:    (312) 862-2200 |

*Counsel to the Initial Debtors and Debtors in Possession*

*Proposed Counsel to the GK8 Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Initial Debtors' Cases Jointly Administered) |
| | ) | |
| | ) | (Joint Administration of GK8 Debtors' Cases Requested) |

**DEBTORS' MOTION FOR ENTRY OF**
**AN ORDER (I) AUTHORIZING CHRISTOPHER FERRARO TO ACT**
**AS FOREIGN REPRESENTATIVE AND (II) GRANTING RELATED RELIEF**

Celsius Network LLC and certain of its affiliates, as debtors and debtors in possession (collectively, the "Initial Debtors"), together with GK8 Ltd., GK8 USA LLC, and GK8 UK Limited, as debtors and debtors in possession (collectively, the "GK8 Debtors," and together with

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

the Initial Debtors, the "Debtors," and together with certain of their non-Debtor affiliates, collectively, "Celsius") state as follows in support of this motion (this "Motion"):

### Relief Requested

1.  The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"): (a) authorizing Christopher Ferraro to act as foreign representative on behalf of the Debtors' estates (the "Foreign Representative") in legal proceedings in the Israeli Court (as defined below); and (b) granting related relief.

### Jurisdiction and Venue

2.  The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012. The Debtors confirm their consent to the Court, pursuant to rule 7008 of the Federal rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.  The bases for the relief requested herein are sections 105, 1107, and 1505 of title 11 of the United States Code (the "Bankruptcy Code"), rules 6003 and 6004 of the Bankruptcy Rules, and rule 9013-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

**Background**

5.     The Debtors, together with their non-Debtor affiliates (collectively, "Celsius"), are one of the largest and most sophisticated cryptocurrency based finance platforms in the world and provide financial services to institutional, corporate, and retail clients across more than 100 countries. Celsius was created in 2017 to be one of the first cryptocurrency platforms to which users could transfer their crypto assets and (a) earn rewards on crypto assets and/or (b) take loans using those transferred crypto assets as collateral. Headquartered in Hoboken, New Jersey, Celsius has more than 1.7 million registered users and approximately 300,000 active users with account balances greater than $100.

6.     On July 13, 2022 (the "Petition Date"), each of the Initial Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. A detailed description of the facts and circumstances of these chapter 11 cases is set forth in the *Declaration of Robert Campagna, Managing Director of Alvarez & Marsal North America, LLC, in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 22]. The Initial Debtors commenced these chapter 11 cases to provide Celsius an opportunity to stabilize its business and consummate a comprehensive restructuring transaction that maximizes value for stakeholders.

7.     On December 7, 2022 (the "GK8 Petition Date"), each of the GK8 Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. A detailed description of the facts and circumstances of these chapter 11 cases is set forth in the *Declaration of Christopher Ferraro, Director and Chief Financial Officer of the GK8 Ltd., in Support of Chapter 11 Petitions*

*and First Day Motions* (the "Ferraro Declaration"), filed contemporaneously with this Motion and incorporated herein by reference.[2]

8.  The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The chapter 11 cases of the Initial Debtors have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 53]. Concurrent with the filing of this Motion, the Debtors have also filed a motion requesting procedural consolidation and joint administration of the chapter 11 cases of the GK8 Debtors with the chapter 11 cases of the Initial Debtors pursuant to Bankruptcy Rule 1015(b). On July 27, 2022, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed an official committee of unsecured creditors in the Initial Debtors' chapter 11 cases [Docket No. 241] (the "Committee"). On September 29, 2022, the Court entered an order appointing an examiner in the Initial Debtors' chapter 11 cases [Docket No. 920].

**Appointment of a Foreign Representative**

9.  Christopher Ferraro, Director and Chief Financial Officer of GK8 Ltd., and Chief Restructuring Officer, Chief Financial Officer, and Interim Chief Executive Officer of Celsius Network Limited, as the proposed Foreign Representative, will seek ancillary relief in Israel on behalf of the Debtors in the District Court of Tel Aviv (the "Israeli Court") pursuant to the Insolvency and Economic Rehabilitation Act (2018) (Israel) (the "IERA").

10. The purpose of the ancillary proceeding (the "Israeli Proceeding") is to request that the Israeli Court recognize the chapter 11 cases of the Debtors as "foreign main proceedings" under

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Ferraro Declaration.

4

the applicable provisions of the IERA. Such recognition will allow the foreign representative to, among other things, seek an order from the Israeli Court, protecting the Debtors' assets and operations in Israel and staying self-help remedies by creditors, stakeholders, and any other parties in interest following the commencement of the chapter 11 cases. As part of the Israeli Proceeding, the Foreign Representative will also seek to obtain an order from the Israeli Court recognizing any order approving the sale of the GK8 Debtors' assets (the "Sale Order") entered by the Court.

11. The Debtors request authorization to appoint Christopher Ferraro as Foreign Representative in connection with the Israeli Proceeding to satisfy the requirements of the IERA. Specifically, section 300 of the IERA provides, among other things, that (a) a foreign representative[3] may apply to the applicable court in Israel for the recognition of the "foreign proceeding" in respect of which he or she is a foreign representative,[4] (b) the application must be accompanied by a declaration of (or on behalf of) the foreign representative identifying all the known foreign proceedings against the foreign representative; and (c) a certified copy of the instrument, however designated, authorizing the foreign representative to act in that capacity or a certificate from the foreign court affirming the foreign representative's authority to act in that capacity.

12. Absent an order of this Court, the Debtors may find it difficult to satisfy the requirements set out in the IERA for an application recognizing these chapter 11 cases.

---

[3] A "foreign representative" is defined in section 293 of the IERA to mean "[a person or body] who is authorized in a foreign proceeding, to manage the debtor's rehabilitation or liquidation proceedings, including one appointed on an interim basis, and including [a person or body] who was authorized in a foreign proceeding to act as a foreign representative and granted with the powers and authority granted to a foreign representative herein [*i.e.*, in the IERA]."

[4] A "foreign proceeding" is defined in section 293 of the IERA to mean "a judicial or administrative proceeding in a foreign country, in accordance with the applicable laws [in that foreign country] governing insolvency, in which the debtor's relationship with its creditors is jointly regulated and supervised, whether on an interim or permanent basis, and in which the debtor's assets and affairs are subject to the supervision and authority of the applicable foreign competent authority, for the purpose of the debtor's economic rehabilitation or liquidation."

5

Accordingly, for Mr. Ferraro to be recognized as the Foreign Representative in the Israeli Proceeding, and thereby apply to have the chapter 11 cases of the Debtors, as well as any Sale Order entered by the Court, recognized by the Israeli Court, this Court must enter an order authorizing Mr. Ferraro to act as the Foreign Representative in the Israeli Proceeding. If the order is entered, Mr. Ferraro will be able to file such order with the Israeli Court as the instrument authorizing him to act as the Foreign Representative pursuant to section 300 of the IERA. At this time, the GK8 Debtors have no intention of seeking recognition in any other jurisdictions.

## Basis for Relief

13. Although the provisions of chapter 15 of the Bankruptcy Code generally do not apply to other chapters of the Bankruptcy Code, pursuant to section 103(k)(1) of the Bankruptcy Code, section 1505 of the Bankruptcy Code applies to any case under the Bankruptcy Code. Specifically, section 103(k)(1) of the Bankruptcy Code provides that "[c]hapter 15 applies only in a case under such chapter, except that—(1) sections 1505, 1513, and 1514 apply in all cases under this title." 11 U.S.C. § 103(k)(1).

14. Section 1505 of the Bankruptcy Code allows a debtor in possession to obtain a court order recognizing the debtor in possession as the foreign representative of the debtor's estate, in order to submit a petition to a foreign court requesting recognition of the debtor's chapter 11 case and any other relief permitted by applicable foreign law. Specifically, section 1505 of the Bankruptcy Code provides:

> A trustee or another entity (including an examiner) may be authorized by the court to act in a foreign country on behalf of an estate created under section 541. An entity authorized to act under this section may act in any way permitted by the applicable foreign law.

11 U.S.C. § 1505.

15. Furthermore, section 1107(a) of the Bankruptcy Code provides, in relevant part, that:

> [s]ubject to any limitations on a trustee serving in a case under this chapter, and to such limitations or conditions as the court prescribes, a debtor in possession shall have all the rights, other than the rights to compensation under section 330 of this title, and powers, and shall perform all the functions and duties . . . of a trustee serving in a case under this chapter.

11 U.S.C. § 1107(a).

16. Sections 1107 and 1505 of the Bankruptcy Code confer upon Mr. Ferraro sufficient rights, powers, and duties to act as Foreign Representative of the Debtors' estates. However, to avoid any possible confusion or doubt regarding this authority and to comply with the requirements of section 293 of the IERA, the Debtors seek entry of an order, pursuant to section 1505 of the Bankruptcy Code, authorizing Mr. Ferraro to act as the Foreign Representative of the Debtors estates including with respect to the recognition of any Sale Order entered by the Court, in the Israeli Proceeding.

17. This relief will allow coordination of the chapter 11 cases and the Israeli Proceeding and provide an effective mechanism to protect and maximize the value of the Debtors' assets and estates. Specifically, the Israeli Proceeding will allow the Debtors to seek orders of the Israeli Court, ensuring that the relief granted in this Court, including the entry of any Sale Order, is enforceable in Israel and that creditors in the United States and Israel are subject to similar stays as a result of the commencement of these chapter 11 cases.

18. Courts in this district and others routinely grant relief similar to that requested herein in other large chapter 11 cases where a debtor has foreign assets or operations requiring a recognition proceeding. *See, e.g.*, *In re Voyager Digital Holdings, Inc.*, No. 22-10943 (MEW) (Bankr. S.D.N.Y. July 7, 2022); *In re Sungard AS New Holdings, LLC*, No. 22-90018 (Bankr.

7

S.D. Tex. Apr. 12, 2022); *In re BJ Servs., LLC*, No. 20-33627 (Bankr. S.D. Tex. Aug. 10, 2020); *In re Hollander Sleep Prods., LLC*, No. 19-11608 (MEW) (Bankr. S.D.N.Y. May 22, 2019); *In re CGG Holdings (U.S.) Inc.*, No. 17-11637 (MG) (Bankr. S.D.N.Y. June 15, 2017).

19. Accordingly, the relief requested herein is necessary and appropriate and should be granted in all respects.

**The Requirements of Bankruptcy Rule 6003 Are Satisfied**

20. Bankruptcy Rule 6003 empowers a court to grant relief within the first twenty-one days after the GK8 Petition Date "to the extent that relief is necessary to avoid immediate and irreparable harm." As set forth in this Motion, the Debtors believe an immediate and orderly transition into chapter 11 is critical to the viability of their operations and that any delay in granting the relief requested could hinder the Debtors efforts and cause irreparable harm. Furthermore, the failure to receive the requested relief during the first twenty-one days of these chapter 11 cases would severely disrupt the Debtors' operations at this critical juncture. Accordingly, the Debtors submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 to support the relief requested herein.

**Waiver of Bankruptcy Rules 6004(a) and 6004(h)**

21. The Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the fourteen-day stay period under Bankruptcy Rule 6004(h).

**Motion Practice**

22. This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this Motion. Accordingly, this Motion satisfies Local Rule 9013-1(a).

**Notice**

23.  The Debtors will provide notice of this Motion to the following parties or their respective counsel: (a) the U.S. Trustee; (b) counsel to the Committee; (c) the holders of the twenty largest unsecured claims against the GK8 Debtors (on a consolidated basis); (d) the United States Attorney's Office for the Southern District of New York; (e) the Internal Revenue Service; (f) the offices of the attorneys general in the states in which the Debtors operate; (g) the Securities and Exchange Commission; and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**No Prior Request**

24.  No prior request for the relief sought in this Motion has been made to this or any other court.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors request that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

| | |
|---|---|
| New York, New York<br>Dated: December 7, 2022 | */s/ Joshua A. Sussberg*<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C.<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:    (212) 446-4800<br>Facsimile:    (212) 446-4900<br>Email:    jsussberg@kirkland.com<br><br> - and -<br><br>Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)<br>Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)<br>Christopher S. Koenig<br>Dan Latona (admitted *pro hac vice*)<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Telephone:    (312) 862-2000<br>Facsimile:    (312) 862-2200<br>Email:    patrick.nash@kirkland.com<br>            ross.kwasteniet@kirkland.com<br>            chris.koenig@kirkland.com<br>            dan.latona@kirkland.com<br><br>*Counsel to the Initial Debtors and Debtors in Possession*<br><br>*Proposed Counsel to the GK8 Debtors and Debtors in Possession* |

10

**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) ) ) | Case No. 22-10964 (MG) |
| Debtors. | ) ) ) | (Initial Debtors' Cases Jointly Administered) |
| | ) ) ) ) | (Joint Administration of GK8 Debtors' Cases Requested) |

**ORDER (I) AUTHORIZING CHRISTOPHER FERRARO TO ACT AS FOREIGN REPRESENTATIVE AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"): (a) authorizing Christopher Ferraro to act as foreign representative on behalf of the Debtors' estates (the "Foreign Representative") in the Israeli Proceeding; and (b) granting related relief, all as more fully set forth in the Motion; and upon the Ferraro Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing thereon were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. Christopher Ferraro is hereby authorized to: (a) act as the Foreign Representative of the Debtors in the Israeli Proceeding; (b) seek recognition of the Debtors' chapter 11 cases in the Israeli Proceeding; (c) request that the Israeli Court lend assistance to this Court in protecting the property of the Debtors' estates; (d) seek recognition of any Sale Order entered by the Court in the Israeli Proceeding; and (e) seek any other appropriate relief from the Israeli Court that Christopher Ferraro deems just and proper in the furtherance of the protection of the Debtors' estates.

3. This Court requests the aid and assistance of the Israeli Court to recognize the Debtors' chapter 11 cases as a "foreign main proceeding" and Christopher Ferraro as a "foreign representative" pursuant to the Insolvency and Economic Rehabilitation Act (2018) (Israel), and to recognize and give full force and effect to this Order.

4. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003.

5. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

6. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

7. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

8. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2022

THE HONORABLE MARTIN GLENN
CHIEF UNITED STATES BANKRUPTCY JUDGE