Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Counsel to the Initial Debtors and Debtors in
Possession*

*Proposed Counsel to the GK8 Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Initial Debtors' Cases Jointly Administered) |
| | ) | |
| | ) | |
| | ) | (Joint Administration of GK8 Debtors' Cases Requested) |
| | ) | |

**DECLARATION OF CHRISTOPHER FERRARO,**
**DIRECTOR AND CHIEF FINANCIAL OFFICER OF GK8 LTD.,**
**IN SUPPORT OF CHAPTER 11 PETITIONS AND FIRST DAY MOTIONS**

I, Christopher Ferraro, Chief Financial Officer of GK8 Ltd. and Director of GK8 Ltd., GK8

UK Limited, and GK8 USA LLC (collectively, "<u>GK8</u>" or the "<u>GK8 Debtors</u>," and together with

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

the other above-captioned debtors and debtors-in-possession, the "Debtors"), hereby declare under penalty of perjury:

1.      I am the Chief Financial Officer of GK8 Ltd. and a Director of each of the GK8 Debtors.  I was appointed as Chief Financial Officer of GK8 Ltd. on July 12, 2022 and was appointed as a Director of each of the GK8 Debtors on October 25, 2022.  I am also the Interim Chief Executive Officer, Chief Restructuring Officer, and Chief Financial Officer of Celsius Network LLC.  I was appointed as Chief Financial Officer of Celsius Network LLC on July 11, 2022 and was appointed as interim Chief Executive Officer and Chief Restructuring Officer of Celsius Network LLC on September 27, 2022.  I have approximately two decades of experience in financial planning and analysis activities, asset and liability management, and product control.

2.      I am generally familiar with the GK8 Debtors' day-to-day operations, business and financial affairs, and books and records.  Except as otherwise indicated, all facts in this declaration (this "Declaration") are based upon my personal knowledge, my discussions with other members of GK8's management team and advisors, my review of relevant documents and information concerning GK8's operations and financial affairs, or my opinions based upon my experience and knowledge.  I am over the age of 18 and authorized to submit this Declaration on behalf of the GK8 Debtors.  If called upon to testify, I could and would testify competently to the facts set forth in this Declaration.

3.      I submit this Declaration to provide an overview of the GK8 Debtors, their affairs, and their chapter 11 cases, and to support the GK8 Debtors' chapter 11 petitions, Joint Administration Motion, Omnibus Motion, Cash Management Motion, and Foreign Representative Motion (each as defined herein).

## The Debtors and Their Chapter 11 Cases

4.      On July 13, 2022 (the "Initial Petition Date"), Celsius Network LLC, together with certain of the above-captioned debtors and debtors-in-possession (collectively, the "Initial Debtors," and together with certain of their non-debtor affiliates, collectively, "Celsius"), filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court").  On the date hereof (the "GK8 Petition Date"), each of the GK8 Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the Court. The GK8 Debtors filed these chapter 11 cases solely to pursue and implement a sale transaction that will maximize the value of the GK8 assets free and clear of all liens, claims, encumbrances, and other interests.[2]

## The GK8 Debtors

**A.      Overview of the GK8 Debtors' Operations.**

5.      GK8 is a blockchain security company offering financial institutions an end-to-end platform, or "vault," for managing blockchain-based assets on their own.  GK8's unique self-custody vault solution allows users to create, sign, and send blockchain transactions safely without internet connection.  To that end, GK8's patented technology is paired with proprietary multi-party computation to achieve "cold" security with "hot" functionality[3]—in other words, by

---

[2]    A detailed description of the facts and circumstances of the marketing process related to such sale transaction is set forth in the *Declaration of Ryan Kielty in Support of Entry of an Order (I) Approving the Sale of the Debtors' GK8 Assets Free and Clear of All Claims, Liens, Rights, Interests and Encumbrances, (II) Authorizing the Debtors to Enter Into and Perform Their Obligations Under the Asset Purchase Agreement, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief*, filed contemporaneously herewith.

[3]    A "hot" wallet is one that is always connected to the internet and a cryptocurrency network.  Because of this feature, hot wallets tend to be more susceptible to hacks and theft.  In comparison, a "cold" wallet is not connected to the internet, which makes it difficult for hackers to remotely steal the cryptocurrency stored there.

never receiving any input from the internet while still enabling the user to unidirectionally send blockchain transactions, a user's assets can be managed while remaining fully secure.

6.       The platform uses military grade hardware security that meets the highest industry standards and a self-destructive hardware security module that protects keys from physical attacks. GK8's platform is asset-agnostic and supports a vast number of cryptocurrencies, allowing its users to offer services to a wide array of customers without the need for customization. The platform supports all Ethereum Virtual Machines—software that executes smart contracts and computes the state of the Ethereum network after each new block is added to the chain—all Ethereum and Tezos smart contracts (including NFTs), and all hundreds of thousands of ERC-20 tokens (such as USDT).[4]   GK8's end-to-end product infrastructure also allows for an array of services such as DeFi, tokenization, trading, custody, and staking.   GK8's customers include institutional clients, such as financial institutions and cryptocurrency firms who collectively manage over $10 billion in assets.

**B.      GK8 Debtors' Prepetition Corporate and Capital Structure.**

7.       As set forth on the corporate structure chart attached hereto as **Exhibit A**, Debtor Celsius Network Limited directly owns 100 percent of the equity of non-Debtor Celsius Network IL Ltd., which in turn directly owns 100 percent of the equity of Debtor GK8 Ltd.  In turn, Debtor GK8 Ltd. directly owns 100 percent of each of Debtor GK8 UK Limited and Debtor GK8 USA LLC.[5]

---

[4]    ERC-20 is the technical standard for fungible tokens created using the Ethereum.

[5]    Substantially all assets and liabilities of the GK8 Debtors are held by GK8 Ltd.  GK8 UK Limited and GK8 USA LLC are currently dormant entities.

8.      As of the GK8 Petition Date, the GK8 Debtors do not have any long-term or funded debt.  The majority of the GK8 Debtors' liabilities relate to trade payables, employee-related payables, intercompany obligations, and potential claims by account holders.  The Debtors believe that registered users on their platform may be able to assert claims against each of their affiliates, which includes the GK8 Debtors (collectively, the "Celsius Claims").  There are hundreds of thousands of active users with approximately $5.29 billion in aggregate claims against the Debtors, which may be asserted against each of the GK8 Debtors.  The GK8 Debtors have approximately $1.6 million in cash on hand.

## First Day Relief

9.      Concurrently with the commencement of the GK8 Debtors' chapter 11 cases, I understand that the GK8 Debtors filed the Joint Administration Motion,[6] Omnibus Motion,[7] Cash Management Motion,[8] and Foreign Representative Motion.[9]

### A.      Joint Administration Motion.

10.     The GK8 Debtors seek entry of an order directing the joint administration of the GK8 Debtors' chapter 11 cases with the jointly administered Initial Debtors' chapter 11 cases for procedural purposes only.  Entry of the order directing joint administration of these chapter 11

---

[6]   "Joint Administration Motion" means the *Debtors' Amended Motion seeking Entry of an Order (I) Directing Joint Administration of the Chapter 11 Cases and (II) Granting Related Relief.*

[7]   "Omnibus Motion" means the *Debtors' Motion for Entry of an Order (I) Applying Certain Orders in the Initial Debtors' Chapter 11 Cases to GK8 Ltd., GK8 USA LLC, and GK8 UK Limited and (II) Granting Related Relief.*

[8]   "Cash Management Motion" means the *Debtors' Motion Seeking Entry of Interim and Final Orders (I) Authorizing the GK8 Debtors to (A) Continue to Operate Their GK8 Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing GK8 Business Forms, and (D) Continue to Perform GK8 Intercompany Transactions, (II) Granting Superpriority Administrative Expense Status to Postpetition GK8 Intercompany Balances, and (III) Granting Related Relief.*

[9]   "Foreign Representative Motion" means the *Debtors' Motion for Entry of an Order (I) Authorizing Christopher Ferraro to Act as Foreign Representative and (II) Granting Related Relief.*

cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration also will allow the U.S. Trustee and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.  Moreover, joint administration will not adversely affect the Debtors' respective constituencies because the Joint Administration Motion seeks only administrative, not substantive, consolidation of the Debtors' estates.  Parties in interest will not be harmed by the relief requested; instead, parties in interest will benefit from the cost reductions associated with the joint administration of these chapter 11 cases.  I believe that the relief requested in the Joint Administration Motion is in the best interest of the GK8 Debtors' estates, their creditors, and all other parties in interest.

       **B.**     **Omnibus Motion.**

       11.     To eliminate the need to file duplicative applications and motions and reduce the burdens on the Court and parties in interest, I understand that the GK8 Debtors seek entry of an order applying certain orders previously entered in the Initial Debtors' chapter 11 cases (the "Initial Orders") to the GK8 Debtors in their chapter 11 cases.  Had the GK8 Debtors filed chapter 11 petitions at the same time as the Initial Debtors, each GK8 Debtor would have requested entry of the Initial Orders at that time with the Initial Debtors.  I understand that the Debtors seek to streamline the motion process in connection with the relief requested, while at the same time providing the same requisite facts as if the GK8 Debtors filed such motions.  I believe that the relief requested in the Omnibus Motion is necessary for the GK8 Debtors to smoothly transition

into chapter 11 with minimum delay, cost, and expense to the benefit of the Debtors' estates and all parties in interest.

### C.      Cash Management Motion.

12.      I understand that the GK8 Debtors seek authorization to continue to operate their cash management system, honor certain prepetition obligations related thereto, maintain existing business forms in the ordinary course of business, and continue to perform intercompany transactions consistent with historical practice.  The GK8 cash management system consists of a single bank account held by Debtor GK8 Ltd. and maintained at Bank Hapoalim.  The GK8 cash management system is critical to the GK8 Debtors' business, as it streamlines the GK8 Debtors' ability to collect, transfer, and disburse cash generated from their operations and to facilitate cash monitoring, forecasting, and reporting.  Any interruption of the GK8 Debtors' cash management system would have an immediate and significant adverse effect on the GK8 Debtors' operations and ability to preserve assets to the detriment of their estates and stakeholders.  Accordingly, I believe that the relief requested in the Cash Management Motion is in the best interests of the GK8 Debtors' estates, their stakeholders, and all parties in interest.

### D.      Foreign Representative Motion.

13.      I understand that the Debtors seek to appoint me as foreign representative to pursue ancillary relief in Israel on behalf of the Debtors in the District Court of Tel Aviv (the "Israeli Court").  I understand the purpose of the ancillary Israeli proceeding is to request that the Israeli Court recognize the chapter 11 cases of the Debtors as "foreign main proceedings" under the applicable provisions of the Insolvency and Economic Rehabilitation Act (2018) (Israel).  Such recognition will allow the foreign representative to, among other things, seek an order from the Israeli Court protecting the GK8 Debtors' assets and operations in Israel and staying self-help

remedies by creditors, stakeholders, and any other parties in interest following the commencement

of the chapter 11 cases, and obtain an order from the Israeli Court recognizing any order entered

by the Court approving the sale of the GK8 assets.

14.    This recognition is necessary to protect and maximize the value of the GK8

Debtors' assets.  Accordingly, I believe that the appointment of a foreign representative for the

GK8 Debtors' chapter 11 cases is in the best interests of the Debtors' estates, their stakeholders,

and all parties in interest.

### **Information Required by Local Bankruptcy Rule 1007-2**

15.    Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York

requires disclosure of certain information related to the GK8 Debtors, which I have provided in

the exhibits attached hereto as **Exhibit B** through **Exhibit M**.  Specifically, these exhibits contain

the following information with respect to the GK8 Debtors (on a consolidated basis, unless

otherwise noted):[10]

- **Exhibit B**.  Pursuant to Local Bankruptcy Rule 1007-2(a)(3), the exhibit provides the names and addresses of the members of, and attorneys for, any committee organized prior to the order for relief in these chapter 11 cases, and a brief description of the circumstances surrounding the formation of the committee.

- **Exhibit C**.  Pursuant to Local Bankruptcy Rule 1007-2(a)(4), the exhibit provides the following information with respect to each of the holders of the GK8 Debtors' 20 largest unsecured claims, excluding claims of insiders:  the creditors name; the address (including the number, street, apartment, or suite number, and zip code, if not included in the post office address); the telephone number; the name(s) of the person(s) familiar with the GK8 Debtors' account; the nature and approximate amount of the claim;

---

[10]    The information contained in **Exhibit B** through **Exhibit M** attached to this Declaration does not constitute an admission of liability by, nor is it binding on, the Debtors.  The Debtors reserve all rights to assert that any debt or claim listed herein is a disputed claim or debt, and to challenge the priority, nature, amount, or status of any such claim or debt.

and an indication of whether the claim is contingent, unliquidated, disputed, or partially secured.

- **Exhibit D**.  Pursuant to Local Bankruptcy Rule 1007-2(a)(5), the exhibit provides the following information with respect to each of the holders of the five largest secured claims against the GK8 Debtors:  the creditor's name; address (including the number, street, apartment, or suite number, and zip code, if not included in the post office address); the amount of the claim; a brief description of the claim; an estimate of the value of the collateral securing the claim; and an indication of whether the claim or lien is disputed at this time.

- **Exhibit E**.  Pursuant to Local Bankruptcy Rule 1007-2(a)(6), the exhibit provides a summary of the GK8 Debtors' assets and liabilities.

- **Exhibit F**.  Pursuant to Local Bankruptcy Rule 1007-2(a)(7), the exhibit provides a summary of the publicly held securities of the GK8 Debtors.

- **Exhibit G**.  Pursuant to Local Bankruptcy Rule 1007-2(a)(8), the exhibit provides the following information with respect to any property in possession or custody of any custodian, public officer, mortgagee, pledge, assignee of rents, or secured creditors, or agent for such entity:  the name; address; and telephone number of such entity and the court in which any proceeding relating thereto is pending.

- **Exhibit H**.  Pursuant to Local Bankruptcy Rule 1007-2(a)(9), the exhibit provides a list of property comprising the premises owned, leased, or held under other arrangement from which the GK8 Debtors operate their business.

- **Exhibit I**.  Pursuant to Local Bankruptcy Rule 1007-2(a)(10), the exhibit sets forth the location of the GK8 Debtors' substantial assets, the location of their books and records, and the nature, location, and value of any assets held by the GK8 Debtors outside the territorial limits of the United States.

- **Exhibit J**.  Pursuant to Local Bankruptcy Rule 1007-2(a)(11), the exhibit provides a list of the nature and present status of each action or proceeding, pending or threatened, against the GK8 Debtors or their property where a judgment or seizure of their property may be imminent.

- **Exhibit K**.  Pursuant to Local Bankruptcy Rule 1007-2(a)(12), the exhibit sets forth a list of the names of the individuals who comprise

the GK8 Debtors' existing senior management, their tenure with the GK8 Debtors, and a brief summary of their relevant responsibilities and experience.

- **Exhibit L**.  Pursuant to Local Bankruptcy Rules 1007-2(b)(1)-(2)(A) and (C), the exhibit provides the estimated amount of payroll to the GK8 Debtors' employees (exclusive of officers, directors, and stockholders), the estimated amounts to be paid to officers, stockholders, and directors, and the estimated amounts to be paid to financial and business consultants retained by the GK8 Debtors, for the 30-day period following the GK8 Petition Date.

- **Exhibit M**.  Pursuant to Local Bankruptcy Rule 1007-2(b)(3), the exhibit provides a schedule, for the 30-day period following the GK8 Petition Date, of estimated cash receipts and disbursements, net gain or loss, obligations and receivables expected to accrue but remain unpaid, other than professional fees, and any other information relevant to an understanding of the foregoing.

*[Remainder of page intentionally left blank]*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct to the best of my knowledge, information, and belief.

Dated: December 7, 2022
New York, New York

*/s/ Christopher Ferraro*

Name: Christopher Ferraro
Title:  Director and Chief Financial
        Officer of GK8 Ltd.

**<u>Exhibit A</u>**

**Corporate Organizational Structure**

# *Organizational Structure*

## *Filing Entity Analysis*



Legend:
- Non-Filing Entity
- Initial Filing Entity
- GK8 Filing Entity

Celsius Network Inc. (Del.)
- Celsius Networks Lending LLC (Del.)
- Celsius Network Limited (UK)
  - Celsius Network Europe d.o.o. Beograd (Serbia)
  - Celsius EU UAB (Lithuania)
  - Celsius Network IL Ltd (Israel)
    - Celsius Network IL Ltd. – Bulgaria Branch
    - GK8 Ltd. (Israel)
      - GK8 USA LLC (Del.)
      - GK8 UK Limited (UK)
  - Celsius US Holding LLC (Del.)
    - Celsius Mining LLC (Del.)
      - Celsius Mining IL Ltd (Israel)
    - Celsius Network LLC (Del.)
    - Celsius Lending LLC (Del.)
    - Celsius US LLC (Del.)
      - Celsius Management Corp (Del.)
    - Celsius Operations LLC (Del.)
    - Celsius KeyFi LLC (Del.)
    - KN Media Manager, LLC (Del.)
  - Celsius Services CY Ltd (Cyprus)
  - Celsius (AUS) Pty Ltd. (Australia)
  - Celsius Network Limited (Gibraltar)

**<u>Exhibit B</u>**

**Committees Organized Prepetition**

Pursuant to Local Rule 1007-2(a)(3), to the best of the GK8 Debtors' knowledge, there were, prior to the GK8 Petition Date, no committees formed to participate in the GK8 Debtors' restructuring efforts.

## Exhibit C

### Consolidated List of the Holders of the GK8 Debtors' 20 Largest Unsecured Claims

Pursuant to Local Rule 1007-2(a)(4), the following is a consolidated list of the GK8 Debtors' creditors holding the 20 largest unsecured claims (the "GK8 Creditor Matrix") based on the GK8 Debtors' unaudited books and records as of the GK8 Petition Date.[1]  The GK8 Creditor Matrix has been prepared in accordance with Bankruptcy Rule 1007(d) and does not include (i) persons who come within the definition of "insider" set forth in section 101(31) of the Bankruptcy Code or (ii) secured creditors, unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims.

---

[1]   The GK8 Creditor Matrix excludes creditors that may otherwise have been included therein on account of any potential Celsius Claims.

Fill in this information to identify the case:

United States Bankruptcy Court for the: Southern District of New York

Case number (If known): _____

☐ Check if this is an amended filing

## Official Form 204[1]

# Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders                              12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | ISRAEL INNOVATION AUTHORITY TECHNOLOGY PARK, DERECH AGUDAT SPORT HAPOEL 2 JERUSALEM, ISRAEL  95102 | EMAIL - contactus@innovationisrael.org.il PHONE - 972-3-7157900 | Trade Payable | | | | $          63,200 |
| 2 | DOIT INTERNATIONAL DAVID ELAZAR 12 TEL AVIV, ISRAEL | PHONE - 408-831-3500 | Trade Payable | | | | $          20,806 |
| 3 | 10BIS DERECH BEGIN 146 TEL AVIV, ISRAEL | EMAIL - info@10bis.co.il PHONE -  972-3-5630100 | Trade Payable | | | | $          10,742 |
| 4 | KOST FORER GABBAY & KASIERER, A MEMBER OF ERNST & YOUNG GLOBAL 144 MENACHEM BEGIN RD, 6492102 TEL AVIV, ISRAEL | PHONE - 972-3-6232525 | Professional Services | | | | $            7,547 |
| 5 | TECHEN DANIEL FRISCH 3 TEL AVIV, ISRAEL | PHONE - 972-3-6963707 | Trade Payable | | | | $            6,820 |
| 6 | NIKI GA MANAGEMENT AND MAINTENANCE LTD 23 BAR KOCHVA BNEI BRAK, ISRAEL  5126002 | EMAIL - info@niki-nikayon.com PHONE - 972-3-691979 | Trade Payable | | | | $            4,766 |
| 7 | GUBERMAN CONSULTING YAD HARUTZIM 12 TEL AVIV, ISRAEL | EMAIL - info@Guberman.co.il PHONE - 972-3-5372237 | Professional Services | | | | $            4,604 |
| 8 | NEOT AVIV IBN GABIROL 30 TEL AVIV, ISRAEL | EMAIL - office@keret.co.il PHONE - 6957455-3-972 | Trade Payable | | | | $            3,581 |
| 9 | TEL AVIV MUNICIPALITY SHLOMO IBN GABIROL ST 69 TEL AVIV, ISRAEL | EMAIL - reinach_j@mail.tel-aviv.gov.il PHONE - 972-3-7253861 | Taxes | | | | $            3,103 |
| 10 | XTRA MILE LTD. HATAMAR 75 NEVE YAMIN, ISRAEL  4492000 | EMAIL - info@xtra-mile.co PHONE - 972 77-321-3100 | Trade Payable | | | | $            3,009 |
| 11 | MICHAEL CIMO ADDRESS REDACTED | REDACTED | Employee Compensation | | | | $            2,145 |
| 12 | YEHUDA SHARFI DAM HAMACCABIM 11 TEL AVIV - JAFFA , ISRAEL | PHONE - 972-52-2752187 | Trade Payable | | | | $            2,143 |
| 13 | G. E. EHRLICH (1995) LTD. THE ROGOVIN-TIDHAR TOWER 15TH FLOOR 11 MENACHEM BEGIN ROAD RAMAT-GAN, ISRAEL  5268104 | EMAIL - info@ipatent.co.il PHONE - 972-73-7919199 FAX - | Trade Payable | | | | $            1,757 |
| 14 | DANIEL IBRAHIM ADDRESS REDACTED | REDACTED | Employee Compensation | | | | $            1,284 |
| 15 | MOVILEI HOVALOT | REDACTED | Trade Payable | | | | $               937 |
| 16 | ERAN TROMER ADDRESS REDACTED | REDACTED | Contractor Payable | | | | $               387 |
| 17 | ELIE SIMON ADDRESS REDACTED | REDACTED | Contractor Payable | | | | $               387 |
| 18 | BLOCKDAEMON 1055 WEST 7TH STREET LOS ANGELES, CA  90017 | EMAIL - accounting@blockdaemon.com PHONE - 310-598-9993 | Trade Payable | | | | $               387 |
| 19 | YHM TECHNOLOGY LTD DERECH BEGIN 132 TEL AVIV, ISRAEL | EMAIL - office@yhmtech.co.il | Trade Payable | | | | $               286 |
| 20 | SHUFERSAL 30 SHMOTKIN BENYAMIN STREET PO BOX 15103 RISHON LE-ZION, ISRAEL | PHONE - 972-3-956-8848 | Trade Payable | | | | $               194 |

1    This list excludes creditors that may otherwise have been included herein on account of any potential Celsius Claims.

**Exhibit D**

**Holders of the GK8 Debtors' 5 Largest Secured Claims**

Pursuant to Local Rule 1007-2(a)(5), to the best of the GK8 Debtors' knowledge, there were, prior to the GK8 Petition Date, no secured claims held against the GK8 Debtors.

## Exhibit E

### Summary of the GK8 Debtors' Assets and Liabilities

Pursuant to Local Rule 1007-2(a)(6), the following are estimates of the GK8 Debtors' total assets and liabilities on a consolidated basis. The following financial data is the latest available information and reflects the GK8 Debtors' financial condition, as consolidated with their affiliated debtors and non-debtors as of the GK8 Petition Date.

The information contained herein shall not constitute an admission of liability by, nor is it binding on, the GK8 Debtors. The GK8 Debtors reserve all rights to assert that any debt or claim included herein is a disputed claim or debt, and to challenge the priority, nature, amount, or status of any such claim or debt.

| Assets and Liabilities | Amount (Approximate) |
|---|---|
| Total Assets (Book Value as of September 30, 2022) | $2,700,000 |
| Total Liabilities (Book Value as of September 30, 2022) | $5,292,658,871[1] |

---

[1] This amount includes approximately $1.3 million in GK8 specific liabilities and an estimated $5.29 billion in Celsius Claims.

## **Exhibit F**

### **Summary of the Publicly Held Securities of the GK8 Debtors**

Pursuant to Local Rule 1007-2(a)(7), the GK8 Debtors have no classes of shares of stock, debentures, or other securities of the GK8 Debtors that are publicly held.

**<u>Exhibit G</u>**

**Summary of the GK8 Debtors' Property Held by Third Parties**

      Pursuant to Local Rule 1007-2(a)(8), to the best of the GK8 Debtors' knowledge, as of the GK8 Petition Date, none of the GK8 Debtors' property is in the possession or custody of any custodian, public officer, mortgagee, pledge, assignee of rents, secured creditor, or agent for any such entity.

## <u>Exhibit H</u>

**Summary of the GK8 Debtors' Property From Which the GK8 Debtors Operate Their Business**

   Pursuant to Local Rule 1007-2(a)(9), the following lists the location of the premises owned, leased, or held under other arrangement from which the GK8 Debtors operate their business as of the GK8 Petition Date.

| Debtor | Street Address | City | Country | Leased or Owned |
|---|---|---|---|---|
| GK8 Ltd. | Daniel Frisch 3 Street | Tel Aviv | Israel | Leased |
| GK8 USA LLC | Daniel Frisch 3 Street | Tel Aviv | Israel | Leased |
| GK8 UK Limited | Daniel Frisch 3 Street | Tel Aviv | Israel | Leased |

## **Exhibit I**

### **Location of GK8 Debtors' Assets, Books, and Records**

Pursuant to Local Rule 1007-2(a)(10), the following lists the locations of the GK8 Debtors' substantial assets, the location of their books and records, and the nature, location, and value of any assets held by the GK8 Debtors outside the territorial limits of the United States.

### **Location of GK8 Debtors' Substantial Assets**

As of September 30, 2022, the GK8 Debtors had assets of approximately $2,700,000 as provided in **Exhibit E**, substantially all of which are cash in banks, accounts receivable, and office equipment located in Israel.

### **Books and Records**

The GK8 Debtors' books and records are stored digitally and securely by cloud computing service providers.

### **GK8 Debtors' Assets Outside the United States**

Substantially all of the GK8 Debtors' assets are located outside of the territorial limits of the United States.

**<u>Exhibit J</u>**

**Summary of Legal Actions against the GK8 Debtors**

Pursuant to Local Rule 1007-2(a)(11), there are no material actions and proceedings pending or threatened against the GK8 Debtors or their properties where a judgment against the GK8 Debtors or a seizure of their property may be imminent as of the GK8 Petition Date.

## Exhibit K

### The GK8 Debtors' Senior Management

Pursuant to Local Rule 1007-2(a)(12), the following schedule provides the names of the individuals who constitute the GK8 Debtors' existing senior management, their tenure with the GK8 Debtors, and a brief summary of their responsibilities and relevant experience as of the GK8 Petition Date.

| Name / Position | Relevant Experience / Responsibilities | Tenure |
|---|---|---|
| *Lior Lamesh*, Chief Executive Officer | Lior Lamesh is a co-founder of GK8 and has been the Chief Executive Officer of GK8 Ltd. since 2018.  Prior to co-founding GK8, Lior was a cybersecurity expert for two years in the Office of the Prime Minister of Israel.  He was also a cybersecurity software engineer at Cigol Digital Systems Ltd. and spent four years in the Israeli Air Force.  Lior earned a Bachelor of Science in computer science and a Master of Business Administration from Bar-Ilan University located in Tel Aviv, Israel. | 2018 – Present |
| *Shahar Shamai*, Chief Technology Officer | Shahar Shamai is a co-founder of GK8 and has been the Chief Technology Officer of GK8 Ltd. since 2018.  Prior to co-founding GK8, Shahar worked as a cybersecurity expert in the Office of the Prime Minister of Israel for five years and as a hardware engineer with AA Lab Systems for three years.  Shahar earned a Bachelor of Science in computer science from the College of Management Academic Studies and a Master in computer science from Tel Aviv University. | 2018 – Present |
| *Christopher Ferraro*, Director and Chief Financial Officer | Christopher Ferraro is the Chief Financial Officer of GK8 Ltd. and a Director of each of the GK8 Debtors.  He was appointed as Chief Financial Officer of GK8 Ltd. on July 12, 2022 and was appointed as a Director of each of the GK8 Debtors on October 25, 2022.  He is also the Interim Chief Executive Officer, Chief Restructuring Officer, and Chief Financial Officer of Celsius Network LLC.  He was appointed as Chief Financial Officer of Celsius Network LLC on July 11, 2022 and was appointed as interim Chief Executive Officer and Chief Restructuring Officer of Celsius Network LLC on September 27, 2022.  He has approximately two decades of experience in financial planning and analysis, asset and liability management, and product control, spanning time at Cerberus Operations & Advisory Company and JP Morgan Chase & Co. | 2022 – Present |

| Name / Position | Relevant Experience / Responsibilities | Tenure |
|---|---|---|
| *Mark Mayerfeld*, Chief Revenue Officer | Mark Mayerfeld is the Chief Revenue Officer of the GK8 Debtors. He has over twenty-five years of experience in international high-tech SaaS sales. Prior to joining GK8, he served as the Chairman of an independent brokerage firm. He successfully negotiated multi-million-dollar deals with banks and brokers in Europe, US, APAC and South Africa. | 2020 – Present |
| *Ron Deutsch*, General Counsel | Ron Deutsch is the General Counsel and Head of M&A of Celsius Network LLC and a Director and the General Counsel of GK8 Ltd. Prior to joining Celsius, Ron practiced at top AmLaw 100 firms focusing his practice on corporate transactions, representing private and public companies, private investment funds, and their portfolio companies in complex deals, including mergers and acquisitions, strategic transactions, leveraged buyouts, joint ventures, divestitures, restructurings, growth equity investments, and governance matters. | 2021 – Present |
| *Adam Schreiber*, Vice President – Research and Development | Adam Schreiber is the Vice President of Research and Development of the GK8 Debtors. He has held various management roles in a number of technology startups and was a cybersecurity software developer for five years in the Office of the Prime Minister of Israel. | 2021 – Present |
| *Roni Cohen Pavon*, Director | Roni Cohen Pavon is the Chief Revenue Officer of Celsius Network LLC and a Director of the GK8 Debtors. Before joining Celsius, Roni was a Partner at an Israeli law firm and focused on advising cryptocurrency and financial services companies. | 2021 – Present |

<u>**Exhibit L**</u>

**The GK8 Debtors' Payroll for the 30-Day Period
Following the Filing of the GK8 Debtors' Chapter 11 Petitions**

Pursuant to Local Rules 1007-2(b)(1)–(2)(A) and (C), the following provides, for the 30-day period following the GK8 Petition Date, the estimated amount of weekly payroll to the GK8 Debtors' employees (exclusive of officers, directors, and stockholders), the estimated amount paid and proposed to be paid to officers, stockholders, and directors, and the amount paid or proposed to be paid to financial and business consultants retained by the GK8 Debtors.

| Payments | Payment Amount |
|---|---|
| Payments to employees (not including officers, directors, and stockholders) | $400,000 |
| Payments to officers, directors, and stockholders | $0 |
| Payments to financial and business consultants | $4,000 |

## Exhibit M

### The GK8 Debtors' Estimated Cash Receipts and Disbursements for
### the 30-Day Period Following the Filing of the GK8 Chapter 11 Petitions

Pursuant to Local Rule 1007-2(b)(3), the following provides, for the 30-day period following the GK8 Petition Date, the GK8 Debtors' estimated cash receipts and disbursements, net cash gain or loss, and obligations and receivables expected to accrue that remain unpaid, other than professional fees.

| Type | Amount |
|------|--------|
| Cash Receipts | $50,000 |
| Cash Disbursements | $450,000 |
| Net Cash Gain | ($400,000) |
| Unpaid Obligations (excluding professional fees) | $150,000 |
| Unpaid Receivables (excluding professional fees) | $50,000 |