| | |
|---|---|
| Joshua A. Sussberg, P.C.<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:   (212) 446-4800<br>Facsimile:    (212) 446-4900 | Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)<br>Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)<br>Christopher S. Koenig<br>Dan Latona (admitted *pro hac vice*)<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Telephone:   (312) 862-2000<br>Facsimile:    (312) 862-2200 |

*Counsel to the Initial Debtors and Debtors in Possession*

*Proposed Counsel to the GK8 Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Initial Debtors' Cases Jointly Administered) |
| | ) | |
| | ) | (Joint Administration of GK8 Debtors' Cases Requested) |

**NOTICE OF FILING OF REVISED**
**PROPOSED ORDER (I) APPLYING CERTAIN**
**ORDERS IN THE INITIAL DEBTORS' CHAPTER 11 CASES TO, GK8 LTD.,**
**GK8 USA LLC, AND GK8 UK LIMITED AND (II) GRANTING RELATED RELIEF**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

**PLEASE TAKE NOTICE** that on December 7, 2022, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed the *Debtors' Motion for Entry of an Order (I) Applying Certain Orders in the Initial Debtors' Chapter 11 Cases to, GK8 Ltd., GK8 USA LLC, and GK8 UK Limited and (II) Granting Related Relief* [Docket No. 1626] (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that the Debtors hereby file a revised proposed *Order (I) Applying Certain Orders in the Initial Debtors' Chapter 11 Cases to, GK8 Ltd., GK8 USA LLC, and GK8 UK Limited and (II) Granting Related Relief*, attached hereto as **Exhibit A** (the "Revised Proposed Order").

**PLEASE TAKE FURTHER NOTICE THAT** a comparison between the Revised Proposed Order and the order filed with the Motion is attached hereto as **Exhibit B**.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion and other pleadings filed in the above-captioned chapter 11 cases may be obtained free of charge by visiting the website of Stretto at http://www.cases.stretto.com/celsius. You may also obtain copies of any pleadings by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

[*Remainder of page intentionally left blank.*]

| | |
|---|---|
| New York, New York<br>Dated: December 7, 2022 | */s/ Joshua A. Sussberg*<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C.<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:    (212) 446-4800<br>Facsimile:    (212) 446-4900<br>Email:    jsussberg@kirkland.com<br><br> - and -<br><br>Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)<br>Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)<br>Christopher S. Koenig<br>Dan Latona (admitted *pro hac vice*)<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Telephone:    (312) 862-2000<br>Facsimile:    (312) 862-2200<br>Email:    patrick.nash@kirkland.com<br>    ross.kwasteniet@kirkland.com<br>    chris.koenig@kirkland.com<br>    dan.latona@kirkland.com<br><br>*Counsel to the Initial Debtors and*<br>*Debtors in Possession*<br><br>*Proposed Counsel to the GK8 Debtors and*<br>*Debtors in Possession* |

# Exhibit A

## Revised Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Initial Debtors' Cases Jointly Administered) |
| | ) | |
| | ) | (Joint Administration of GK8 Debtors' Cases Requested) |
| | ) | |

**ORDER (I) APPLYING CERTAIN ORDERS IN INITIAL
DEBTORS' CHAPTER 11 CASES TO, GK8 LTD., GK8 USA LLC,
AND GK8 UK LIMITED AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the GK8 Debtors for entry of an order (this "Order"), (a) applying the Initial Orders to the GK8 Debtors in their respective chapter 11 cases, effective as of the GK8 Petition Date and (b) granting related relief, all as more fully set forth in the Motion; and upon the Ferraro Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

Court having found that the Debtors' notice of the Motion and opportunity for a hearing thereon were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Initial Orders entered in the Initial Debtors' chapter 11 cases and identified on **Exhibit 1** attached hereto are hereby applicable to and binding on the GK8 Debtors as if entered individually, effective as of the GK8 Petition Date. All references to "Debtors" in the Initial Orders shall be deemed to include the "GK8 Debtors" pursuant to the terms of this Order.

3. The form of Notice of Commencement attached hereto as **Exhibit 2** is hereby approved. Service of the Notice of Commencement shall be deemed adequate and sufficient notice of: (a) the commencement of these chapter 11 cases; and (b) the scheduling of the meeting of creditors under section 341 of the Bankruptcy Code, if applicable.

4. Paragraph 6 of the Consolidated Creditor Matrix Order is modified to read the following:

> "The *Initial* Debtors are authorized to file a consolidated list of the fifty largest unsecured creditors *and the GK8 Debtors are authorized to file a consolidated list of the twenty largest unsecured creditors* in their respective chapter 11 cases in lieu of each *Initial* Debtor *and each GK8 Debtor* filing a list of its twenty largest unsecured creditors."

5. Notwithstanding anything to the contrary herein, nothing in this Order shall be construed to confer, create, or imply joint and several liability between the Initial Debtors and the

2

GK8 Debtors. The Debtors and the Committee reserve all rights with respect to any potential joint and several liability between the Initial Debtors and the GK8 Debtors.

6. The time within which the GK8 Debtors must file the Schedules and Statements is extended for thirty days (for a total of forty-four days after the GK8 Petition Date), to and including January 20, 2023, without prejudice to the Debtors' right to seek additional extensions.

7. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of the GK8 Debtors' estates and/or the Initial Debtors' estates.

8. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

9. Notwithstanding anything to the contrary in the Motion, this Order, or any findings announced at the Hearing, nothing in the Motion, this Order, or announced at the Hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis are expressly reserved.

10. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission by the Debtors or the Committee as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' or the Committee's respective rights to dispute any particular claim on any grounds; (c) a promise or requirement by the Debtors or any third party (including any member of the Committee) to pay any particular claim; (d) an implication or admission by the Debtors or the

Committee that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization by any Debtor to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' or the Committee's rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors or the Committee that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors and the Committee each expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens. Any payment made pursuant to this Order is not intended and should not be construed as an admission by the Debtors or the Committee as to the validity of any particular claim or a waiver of the Debtors' and the Committee's respective rights to subsequently dispute such claim.

11. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Order.

12. Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

13. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

14. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

15.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2022

                                    THE HONORABLE MARTIN GLENN
                                    CHIEF UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit B</u>**

**Redline**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
|  | ) |  |
| Debtors. | ) | (Initial Debtors' Cases Jointly Administered) |
|  | ) |  |
|  | ) | (Joint Administration of GK8 Debtors' Cases Requested) |
|  | ) |  |

**ORDER (I) APPLYING CERTAIN ORDERS IN INITIAL
DEBTORS' CHAPTER 11 CASES TO, GK8 LTD., GK8 USA LLC,
AND GK8 UK LIMITED AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the GK8 Debtors for entry of an order (this "Order"), (a) applying the Initial Orders to the GK8 Debtors in their respective chapter 11 cases, effective as of the GK8 Petition Date and (b) granting related relief, all as more fully set forth in the Motion; and upon the Ferraro Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing thereon were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Initial Orders entered in the Initial Debtors' chapter 11 cases and identified on **Exhibit 1** attached hereto are hereby applicable to and binding on the GK8 Debtors as if entered individually, effective as of the GK8 Petition Date. All references to "Debtors" in the Initial Orders shall be deemed to include the "GK8 Debtors" pursuant to the terms of this Order.

3. The form of Notice of Commencement attached hereto as **Exhibit 2** is hereby approved. Service of the Notice of Commencement shall be deemed adequate and sufficient notice of: (a) the commencement of these chapter 11 cases; and (b) the scheduling of the meeting of creditors under section 341 of the Bankruptcy Code, if applicable.

4. Paragraph 6 of the Consolidated Creditor Matrix Order is modified to read the following:

> "The *Initial* Debtors are authorized to file a consolidated list of the fifty largest unsecured creditors *and the GK8 Debtors are authorized to file a consolidated list of the twenty largest unsecured creditors* in their respective chapter 11 cases in lieu of each *Initial* Debtor *and each GK8 Debtor* filing a list of its twenty largest unsecured creditors."

5. Notwithstanding anything to the contrary herein, nothing in this Order shall be construed to confer, create, or imply joint and several liability between the Initial Debtors and

the GK8 Debtors. The Debtors and the Committee reserve all rights with respect to any potential joint and several liability between the Initial Debtors and the GK8 Debtors.

6. The time within which the GK8 Debtors must file the Schedules and Statements is extended for ~~forty-four~~thirty days (for a total of ~~fifty-eight~~forty-four days after the GK8 Petition Date), to and including ~~February 3~~January 20, 2023, without prejudice to the Debtors' right to seek additional extensions.

~~7. To the extent that the GK8 Debtors identify any additional orders entered in the Initial Debtors' chapter 11 cases or orders pending, as of the GK8 Petition Date, in the Initial Debtors' chapter 11 cases that should be made applicable to the GK8 Debtors' chapter 11 cases, the Debtors shall file a notice with the Court identifying any such additional orders and, absent any objection, such orders shall be deemed applicable to the GK8 Debtors effective as of the date provided in such notice.~~

7. ~~8.~~ Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of the GK8 Debtors' estates and/or the Initial Debtors' estates.

8. ~~9.~~ The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

9. ~~10.~~ Notwithstanding anything to the contrary in the Motion, this Order, or any findings announced at the Hearing, nothing in the Motion, this Order, or announced at the Hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities

3

and Exchange Commission to challenge transactions involving crypto tokens on any basis are expressly reserved.

10.   ~~11.~~ Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission by the Debtors or the Committee as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' or the Committee's respective rights to dispute any particular claim on any grounds; (c) a promise or requirement by the Debtors or any third party (including any member of the Committee) to pay any particular claim; (d) an implication or admission by the Debtors or the Committee that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization by any Debtor to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' or the Committee's rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors or the Committee that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors and the Committee each expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens. Any payment made pursuant to this Order is not intended and should not be construed as an admission by the Debtors or the Committee as to the validity of any particular claim or a waiver of the Debtors' and the Committee's respective rights to subsequently dispute such claim.

11.   ~~12.~~ The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely

4

on the Debtors' designation of any particular check or electronic payment request as approved by this Order.

12.  ~~13.~~ Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

13.  ~~14.~~ Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

14.  ~~15.~~ The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

15.  ~~16.~~ This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2022

> THE HONORABLE MARTIN GLENN
> CHIEF UNITED STATES BANKRUPTCY JUDGE