Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200

*Counsel to the Initial Debtors and Debtors in Possession*

*Proposed Counsel to the GK8 Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Initial Debtors' Cases Jointly Administered) |
| | (Joint Administration of GK8 Debtors' Cases Requested) |

**NOTICE OF HEARING ON DEBTORS' SUPPLEMENTAL MOTION SEEKING ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING THE GK8 DEBTORS TO (A) CONTINUE TO OPERATE THE GK8 CASH MANAGEMENT SYSTEM, (B) HONOR CERTAIN PREPETITION OBLIGATIONS RELATED THERETO, (C) MAINTAIN EXISTING GK8 BUSINESS FORMS, AND (D) CONTINUE TO PERFORM GK8 INTERCOMPANY TRANSACTIONS, (II) GRANTING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS TO POSTPETITION GK8 INTERCOMPANY BALANCES, AND (III) GRANTING RELATED RELIEF**

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 USA LLC (9450); and GK8 UK Limited (0893).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

**PLEASE TAKE NOTICE** that a hearing on the *Debtors' Supplemental Motion seeking Entry of Interim and Final Orders (I) Authorizing the GK8 Debtors to (A) Continue to Operate the GK8 Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing GK8 Business forms, and (D) Continue to Perform GK8 Intercompany Transactions, (II) Granting Superpriority Administrative Expense Status to Postpetition GK8 Intercompany Balances, and (III) Granting Related Relief* (the "Motion") will be held on **December 8, 2022, at 9:00 a.m., prevailing Eastern Time** (the "Hearing").  In accordance with General Order M-543 dated March 20, 2020, the Hearing will take place in a hybrid fashion both in person and via Zoom for Government.  Those wishing to participate in the Hearing in person may appear before the Honorable Martin Glenn, Chief United States Bankruptcy Judge, in the United Stated Bankruptcy Court for the Southern District of New York, in Courtroom No. 523, located at One Bowling Green, New York, New York 10004-1408.  Those wishing to participate in the Hearing in person are required to wear a mask when not speaking or presenting.  Parties wishing to appear at the Hearing live or via Zoom, whether making a "live" or "listen only" appearance before the Court, need to make an electronic appearance (an "eCourtAppearance") through the Court's website at https://ecf.nysb.uscourts.gov/cgibin/nysbAppearances.pl. Electronic appearances (eCourtAppearances) need to be made by **4:00 p.m., prevailing Eastern Time, on December 7, 2022**.

**PLEASE TAKE FURTHER NOTICE** that due to the large number of expected participants in the Hearing and the Court's security requirements for participating in a Zoom for Government audio and video hearing, all persons seeking to attend the Hearing at 9:00 a.m., prevailing Eastern Time on December 8, 2022 must connect to the Hearing beginning at 8:00 a.m., prevailing Eastern Time on December 8, 2022.  When parties sign in to Zoom for Government and

add their names, they must type in the first and last name that will be used to identify them at the Hearing.  Parties that type in only their first name, a nickname, or initials, will not be admitted into the Hearing.  When seeking to connect for either audio or video participation in a Zoom for Government Hearing, you will first enter a "Waiting Room" in the order in which you seek to connect.  Court personnel will admit each person to the Hearing from the Waiting Room after confirming the person's name (and telephone number, if a telephone is used to connect) with their eCourtAppearance.  Because of the large number of expected participants, you may experience a delay in the Waiting Room before you are admitted to the Hearing.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion and other pleadings filed in these chapter 11 cases may be obtained free of charge by visiting the website of Stretto at https://cases.stretto.com/celsius.  You may also obtain copies of the Motion and other pleadings filed in these chapter 11 cases by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

*[Remainder of page intentionally left blank]*

New York, New York                    */s/ Joshua A. Sussberg*
Dated:  December 8, 2022               **KIRKLAND & ELLIS LLP**
                                       **KIRKLAND & ELLIS INTERNATIONAL LLP**
                                       Joshua A. Sussberg, P.C.
                                       601 Lexington Avenue
                                       New York, New York 10022
                                       Telephone:      (212) 446-4800
                                       Facsimile:      (212) 446-4900
                                       Email:          jsussberg@kirkland.com

                                        - and -

                                       Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
                                       Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
                                       Christopher S. Koenig
                                       Dan Latona (admitted *pro hac vice*)
                                       300 North LaSalle Street
                                       Chicago, Illinois 60654
                                       Telephone:      (312) 862-2000
                                       Facsimile:      (312) 862-2200
                                       Email:          patrick.nash@kirkland.com
                                                       ross.kwasteniet@kirkland.com
                                                       chris.koenig@kirkland.com
                                                       dan.latona@kirkland.com

                                       *Counsel to the Initial Debtors and Debtors in
                                       Possession*

                                       *Proposed Counsel to the GK8 Debtors and Debtors in
                                       Possession*

Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200

*Counsel to the Initial Debtors and Debtors in Possession*

*Proposed Counsel to the GK8 Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Initial Debtors' Cases Jointly Administered) |
| | (Joint Administration of GK8 Debtors' Cases Requested) |

**DEBTORS' SUPPLEMENTAL MOTION SEEKING ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING THE GK8 DEBTORS TO (A) CONTINUE TO OPERATE THE GK8 CASH MANAGEMENT SYSTEM, (B) HONOR CERTAIN PREPETITION OBLIGATIONS RELATED THERETO, (C) MAINTAIN EXISTING GK8 BUSINESS FORMS, AND (D) CONTINUE TO PERFORM GK8 INTERCOMPANY TRANSACTIONS, (II) GRANTING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS TO POSTPETITION GK8 INTERCOMPANY BALANCES, AND (III) GRANTING RELATED RELIEF**

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

Celsius Network LLC and certain of its affiliates, as debtors and debtors in possession (collectively, the "Initial Debtors"), together with GK8 Ltd., GK8 USA LLC, and GK8 UK Limited (collectively, the "GK8 Debtors," and together with the Initial Debtors, the "Debtors"), as debtors and debtors in possession, state the following in support of this motion (this "Motion"):

## Jurisdiction and Venue

1.      The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012.  The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are sections 105, 345, 363, 364, and 503 of title 11 of the United States Code (the "Bankruptcy Code"), rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 9013-1(a) of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

## Background

4.      On December 7, 2022 (the "GK8 Petition Date"), each of the GK8 Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  A detailed description of the facts and circumstances of these chapter 11 cases is set forth in the *Declaration of Christopher Ferraro, Director and Chief Financial Officer of the GK8 Debtors, in Support of Chapter 11*

2

*Petitions and First Day Motions* (the "Ferraro Declaration"), filed contemporaneously with this Motion and incorporated herein by reference.[2]

5.      The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The chapter 11 cases of the Initial Debtors have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 53].  On July 27, 2022, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed an official committee of unsecured creditors in the Initial Debtors' cases [Docket No. 241] (the "Committee"). On September 14, 2022, the Court entered an order appointing an examiner in the Initial Debtors' cases [Docket No. 820].

6.      On the GK8 Petition Date, the GK8 Debtors filed a motion requesting procedural consolidation and joint administration of the chapter 11 cases of the GK8 Debtors with the chapter 11 cases of the Initial Debtors pursuant to Bankruptcy Rule 1015(b).  [Docket No. 1632].

7.      Also on the GK8 Petition Date, the GK8 Debtors filed the GK8 *Debtors' Motion Seeking Entry of Interim and Final Orders (I) Authorizing the GK8 Debtors to (A) Continue to Operate the GK8 Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing GK8 Business Forms, and (D) Continue to Perform GK8 Intercompany Transactions, (II) Granting Superpriority Administrative Expense Status to Postpetition GK8 Intercompany Balances, and (III) Granting Related Relief* (the "Cash Management Motion") [Docket No.  1627].[3]

---

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Ferraro Declaration.

[3]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Cash Management Motion.

3

8.     The Cash Management Motion described the GK8 Debtors Cash Management System and requested that the Court (a) authorize the GK8 Debtors to (i) continue to operate the GK8 Cash Management System (as defined therein), (ii) honor certain prepetition obligations related thereto, (iii) maintain existing GK8 Business Forms (as defined therein) in the ordinary course of business, and (iv) continue to perform GK8 Intercompany Transactions (as defined therein) consistent with historical practice; (b) grant superpriority administrative expense status to postpetition intercompany balances; and (c) grant related relief.

9.     As stated in the Cash Management Motion, the GK8 Debtors' Bank Account is located at Bank Hapoalim, which is a party to a uniform depository agreement with the U.S. Trustee and is designated as an authorized depository in the Southern District of New York pursuant to the U.S. Trustee Guidelines.  It is unclear, however, whether only the New York branch of Bank Hapoalim is an authorized depository or whether the designation extends to the Israeli branch of Bank Hapoalim, where the GK8 Debtors maintain their Bank Account.

10.     In an abundance of caution, and as set forth below, the GK8 Debtors seek an extension of time to comply with or seek a waiver of the requirements of section 345(b) of the Bankruptcy Code, in order to continue discussions with Bank Hapoalim and the U.S. Trustee regarding the collateralization of the Bank Account.

## Relief Requested

11.     The Debtors therefore seek to amend the proposed Interim and Final Orders attached to the Cash Management Motion, and seek entry of the interim and final orders, substantially in the forms attached hereto as **Exhibit A** and **Exhibit B**, to include an extension of time to comply with, or seek waiver of the requirements of, section 345(b) of the Bankruptcy Code

4

for forty-five (45) days (or such later time as may be agreed by the U.S. Trustee or as approved by the Court).

### The Cash Management System

**I.     The GK8 Bank Account and Flow of Funds.**

12.     As described in the Cash Management Motion, as of the GK8 Petition Date, the GK8 Cash Management System, a schematic of which is attached as Exhibit 1 to **Exhibit A** and **Exhibit B** hereto, is comprised of one bank account (the "GK8 Bank Account") held by GK8 Ltd. and maintained at Bank Hapoalim. The GK8 Bank Account is funded by revenue generated by the GK8 Debtors, miscellaneous inflows (*e.g.*, VAT refunds), and intercompany transfers from Celsius Network IL Ltd. The GK8 Bank Account in turn makes disbursements to fund the general operating expenses, including payroll, accounts payable, and tax obligations, of the GK8 Debtors. The GK8 Bank Account is a multicurrency account that transacts in Israeli New Shekels, United States Dollars, Euro, and Pounds.

13.     As of the GK8 Petition Date, the GK8 Debtors have approximately $1.6 million of cash on hand. GK8 does not hold cryptocurrency assets on behalf of its customers. Rather, GK8 provides a self-custody solution for its customers, which allows them to hold cryptocurrency assets on their own.

**II.    Compliance with the Bankruptcy Code and U.S. Trustee Guidelines.**

14.     As described in the Cash Management Motion, Bank Hapoalim is a party to a uniform depository agreement with the U.S. Trustee and is designated as an authorized depository in the Southern District of New York by the U.S. Trustee pursuant to the U.S. Trustee Guidelines. The GK8 Bank Account, however, is located at a Bank Hapoalim branch in Israel and the GK8 Debtors are in the process of determining whether the collateralization of the funds extends to the

Israeli branch of Bank Hapoalim. In the event that the GK8 Bank Account does not comply with the requirements of section 345(b) of the Bankruptcy Code or the U.S. Trustee Guidelines, the Debtors hereby request that the Court provide the Debtors with forty-five (45) days, without prejudice to seeking an additional extension from the entry of the Interim Order, to either (a) bring the GK8 Bank account into compliance with section 345(b) of the Bankruptcy Code and U.S. Trustee Guidelines or (b) to seek appropriate relief from the Court.

## **Basis for Relief**

**I.      The Court Should Extend the Time to Comply with Section 345(b) of the Bankruptcy Code.**

15.      Section 345(a) of the Bankruptcy Code governs a debtor's cash deposits during a chapter 11 case and authorizes deposit or investment of money of estates, such as cash, as "will yield the maximum reasonable net return on such money, taking into account the safety of such deposit or investment." For deposits that are not "insured or guaranteed by the United States or by a department, agency or instrumentality of the United States or backed by the full faith and credit of the United States," section 345(b) of the Bankruptcy Code provides that the estate must require from the entity with which the money is deposited or invested a bond in favor of the United States secured by the undertaking of a corporate security, "unless the court for cause orders otherwise." Additionally, under the U.S. Trustee Guidelines, debtors in possession must, among other things, close prepetition bank accounts and open new "debtor in possession" operating, payroll, and tax accounts at one or more approved depositories.

16.      Courts may waive compliance with the Bankruptcy Code section 345 and the U.S. Trustee Guidelines for "cause." In evaluating whether "cause" exists, courts have considered a number of factors such as: (1) the sophistication of the debtor's business; (2) the size of the debtor's business operations; (3) the amount of the investments involved; (4) the bank ratings (Moody's

6

and Standard & Poor) of the financial institutions where the debtor in possession funds are held; (5) the complexity of the case; (6) the safeguards in place within the debtor's own business for ensuring the safety of the funds; (7) the debtor's ability to reorganize in the face of a failure of one or more of the financial institutions; (8) the benefit to the debtor; (9) the harm, if any, to the debtor; (10) the harm, if any, to the estate; and (11) the reasonableness of the debtor's request for relief from section 345(b) requirements in light of the overall circumstances of the case. *See In re Serv. Merch. Co., Inc.*, 240 B.R. 894, 896 (Bankr. M.D. Tenn. 1999).

17.    Because the GK8 Debtors operate in Israel, the GK8 Bank Account in Israel is vital to the Cash Management System.  Requiring the GK8 Debtors to transfer funds to an authorized depository in the United States would be unduly burdensome to the Debtors' operations and potentially cause severe tax consequences to the detriment of the Debtors' estates.  In addition, requiring the GK8 Debtors to post a bond would similarly place a needless administrative and financial burden on the Debtors, imposing unnecessary and avoidable costs on the Debtors' estates to the detriment of their efforts to maximize value for stakeholders. In the event that the GK8 Bank Account does not comply with the requirements of section 345(b) of the Bankruptcy Code, the Debtors request that the Court provide the Debtors with forty-five (45) days, without prejudice to seeking an additional extension from the entry of the Interim Order, to bring the GK8 Bank Account into compliance with section 345(b) of the Bankruptcy Code or to seek appropriate relief from the Court.

18.    Courts in this district have granted relief similar to that requested herein in other complex chapter 11 cases.  *See, e.g., In re Celsius Network LLC*, No. 22-10964 (MG) (Bankr. S.D.N.Y. Oct. 21, 2022) (granting an extension of 45 days from the petition date to comply with section 345(b) of the Bankruptcy Code and U.S. Trustee Guidelines on an interim basis and

waiving section 345(b) or any of the U.S. Trustee Guidelines on a final basis) [Docket Nos. 56, 513, 699, 1152]); *In re Revlon, Inc.*, No. 22-10760 (DSJ) (Bankr. S.D.N.Y. June 17, 2022) (granting an extension of 45 days from the petition date to comply with section 345(b) of the Bankruptcy Code and U.S. Trustee Guidelines on an interim basis); *In re SAS AB*, No. 22-10925 (MEW) (Bankr. S.D.N.Y. Nov 28, 2022) (fourth interim order granting an additional sixty (60) days to comply with section 345(b) of the Bankruptcy Code and U.S. Trustee Guidelines); *In re Pareteum Corp.*, No. 22-10615 (LGB) (Bankr. S.D.N.Y. June 8, 2022) (granting an extension of 45 days from the petition date to comply with U.S. Trustee Guidelines on an interim basis and waiving the U.S. Trustee Guidelines on a final basis); *In re Grupo Posadas S.A.B. de C.V.*, No. 21-11831 (SHL) (Bankr. S.D.N.Y. Dec. 9, 2021) (granting an extension of sixty (60) days from the petition date to comply with U.S. Trustee guidelines on an interim basis and waiving the U.S. Trustee Guidelines on a final basis); *In re GBG USA Inc.*, No. 21-11369 (MEW) (Bankr. S.D.N.Y. Sept. 1, 2021) (granting 45 day extension to comply with U.S. Trustee guidelines on an interim basis ); *In re Lakeland Tours, LLC*, 20-11647 (JLG) (Bankr. S.D.N.Y. Aug 6, 2020) (same); *In re Jason Indus., Inc.*, No. 20-22766 (RDD) (Bankr. S.D.N.Y. July 27, 2020) (same).[4]

### The Requirements of Bankruptcy Rule 6003(b) Are Satisfied

19.     Bankruptcy Rule 6003 empowers a court to grant relief within the first twenty-one days after the GK8 Petition Date "to the extent that relief is necessary to avoid immediate and irreparable harm."  As set forth in this Motion, the Debtors believe an immediate and orderly transition into chapter 11 is critical to the viability of their operations and that any delay in granting the relief requested could hinder the Debtors efforts and cause irreparable harm.  Furthermore, the

---

[4]    Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

failure to receive the requested relief during the first twenty-one days of these chapter 11 cases would severely disrupt the Debtors' operations at this critical juncture. Accordingly, the Debtors submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 to support the relief requested herein.

### Waiver of Bankruptcy Rule 6004(a) and 6004(h)

20.    To implement the foregoing successfully, the Debtors request that the Court enter an order providing that notices of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the 14 day stay period under Bankruptcy Rule 6004(h).

### Reservation of Rights

21.    Nothing contained in this Motion or any actions taken pursuant to any order granting the relief requested by this Motion is intended or should be construed as (a) an admission as to the validity of any particular claim against the Debtors, (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds, (c) a promise or requirement to pay any particular claim, (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion, (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law, or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens. If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should

9

not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

## **Motion Practice**

22.     This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this Motion. Accordingly, the Debtors submit that this Motion satisfies Local Rule 9013-1(a).

## **Notice**

23.     The Debtors will provide notice of this Motion to the following parties or their respective counsel:  (a) the U.S. Trustee; (b) the holders of the twenty largest unsecured claims against the GK8 Debtors (on a consolidated basis); (c) the United States Attorney's Office for the Southern District of New York; (d) the Internal Revenue Service; (e) the offices of the attorneys general in the states in which the Debtors operate; (f) the Securities and Exchange Commission; (g) Bank Hapoalim; (h) the Committee; and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **No Prior Request**

24.     No prior request for the relief sought in this Motion has been made to this or any other court.

*[Remainder of page intentionally left blank]*

10

WHEREFORE, the Debtors request that the Court enter the Interim Order and Final Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

New York, New York
Dated: December 8, 2022

/s/ Joshua A. Sussberg

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:      (212) 446-4900
Email:           jsussberg@kirkland.com

 - and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:      (312) 862-2200
Email:           patrick.nash@kirkland.com
                     ross.kwasteniet@kirkland.com
                     chris.koenig@kirkland.com
                     dan.latona@kirkland.com

*Counsel to the Initial Debtors and Debtors in Possession*

*Proposed Counsel to the GK8 Debtors and Debtors in Possession*

**<u>Exhibit A</u>**

**Proposed Interim Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ) | Chapter 11 |
| In re: ) | |
| ) | Case No. 22-10964 (MG) |
| CELSIUS NETWORK LLC, *et al.*,[1] ) | |
| ) | (Initial Debtors' Cases Jointly |
| Debtors. ) | Administered) |
| ) | |
| ) | (Joint Administration of GK8 |
| ) | Debtors' Cases Requested) |
| ) | |

**INTERIM ORDER (I) AUTHORIZING THE GK8 DEBTORS
TO (A) CONTINUE TO OPERATE THE GK8 CASH MANAGEMENT
SYSTEM, (B) HONOR CERTAIN PREPETITION OBLIGATIONS RELATED
THERETO, (C) MAINTAIN EXISTING GK8 BUSINESS FORMS, AND (D) CONTINUE
TO PERFORM GK8 INTERCOMPANY TRANSACTIONS, (II) GRANTING
SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS TO POSTPETITION GK8
INTERCOMPANY BALANCES, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession

(collectively, the "Debtors") for entry of an interim order (this "Interim Order"), (a) authorizing,

but not directing, the GK8 Debtors to (i) continue to operate their cash management system

(the "GK8 Cash Management System"), (ii) honor certain prepetition obligations related thereto,

(iii) maintain existing GK8 Business Forms in the ordinary course of business, and (iv) continue to

perform GK8 Intercompany Transactions consistent with historical practice, (b) granting

superpriority administrative expense status to postpetition intercompany balances, (c) granting

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification
number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius
Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks
Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8
USA LLC (9450).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors'
service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

related relief, and (d) scheduling a final hearing to consider approval of the Motion on a final basis, all as more fully set forth in the Motion; and upon the Ferraro Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012; and that this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefore, it is HEREBY ORDERED THAT:

1.      The Motion is granted on an interim basis as set forth herein.

2.      The final hearing (the "Final Hearing") on the Motion shall be held on _____, 2023, at__:__ _.m., prevailing Eastern Time.  Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on _____, 2023, and shall be served on:  (a)  the Debtors, Celsius Network LLC, 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030, Attn: Ron Deutsch; (b) counsel to the Initial Debtors and proposed counsel to the GK8 Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York

2

10022, Attn: Joshua A. Sussberg, P.C. and Simon Briefel, and 300 North LaSalle, Chicago, Illinois 60654, Attn: Patrick J. Nash, Jr., P.C., Ross M. Kwasteniet, P.C., Christopher S. Koenig, and Dan Latona; (c) U.S. Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Shara Cornell, Mark Bruh, and Brian S. Masumoto; (d) White & Case LLP, 111 South Wacker Drive, Suite 5100, Chicago, Illinois 6060, Attn: Gregory F. Pesce, and 55 South Flower Street, Suite 2700, Los Angeles, CA 90071, Attn: Aaron Colodny and (e) counsel to any statutory committee appointed in these chapter 11 cases.

3.     Subject to paragraph 15, and except as otherwise provided in any order of the Court entered in the Debtors' cases, including, without limitation, the *Order (I) Permitting the Sale of the Debtors' Mined Bitcoin in the Ordinary Course and (II) Granting Related Relief* [Docket No. 514] and any order regarding the sale of the GK8 Assets, the GK8 Debtors are authorized, on an interim basis and in their sole discretion, to:  (a) continue operating the GK8 Cash Management System, substantially as illustrated on **Exhibit 1** attached hereto; (b) honor their prepetition obligations related thereto; and (c) continue to perform GK8 Intercompany Transactions consistent with historical practice; *provided* that all GK8 Intercompany Transactions affiliate shall be only in cash, and not in cryptocurrency, crypto tokens, or other cryptocurrency assets; *provided, further*, that all GK8 Intercompany Transactions, whether between GK8 Debtors or between any Debtor and any non-Debtor affiliate, shall (A) constitute an allowed claim against the applicable Debtor or a loan to the applicable non-Debtor affiliate, and (B) with respect to GK8 Intercompany Transactions, be governed by the budget (the "Budget") and other reporting requirements set forth in the *Stipulation and Agreed Order Regarding Framework for the Distribution of the Debtors' Reporting Information to the Committee* [Docket No. 969] unless the Debtors obtain consent from the Committee, with notice to the U.S. Trustee, or pursuant to a further order from this Court after

3

notice and a hearing; *provided, further,* that, from the date of this Order, any GK8 Intercompany Transaction to a GK8 Debtor (directly or indirectly through non-debtor affiliate Celsius Network IL Ltd) that exceeds $750,000 in the aggregate shall not be permitted without prior written consent from the Committee (email shall suffice) or further order by the Court.

4.       The Debtors are authorized, on an interim basis and in their sole discretion, to: (a) continue to use, with the same account number, GK8 Bank Account in existence as of the GK8 Petition Date, as identified on __**Exhibit 2**__ attached hereto; (b) treat the GK8 Bank Account for all purposes as accounts of the Debtors as debtors in possession; (c) deposit funds in and withdraw funds from the GK8 Bank Account by all usual means, including checks, wire transfers, and other debits; and (d) otherwise perform their obligations under the documents governing the GK8 Bank Account.

5.       The Debtors are authorized, but not directed, to continue using, in their present form, the GK8 Business Forms, as well as checks and other documents related to the GK8 Bank Account existing immediately before the GK8 Petition Date, without reference to the Debtors' status as debtors in possession; *provided* that once the GK8 Debtors have exhausted their existing stock of GK8 Business Forms, the Debtors shall ensure that any new GK8 Business Forms are clearly labeled "Debtor-In-Possession"; *provided*, *further*, that with respect to any GK8 Business Forms that exist or are generated electronically, to the extent reasonably practicable, the GK8 Debtors shall ensure that such electronic GK8 Business Forms are clearly labeled "Debtor-In-Possession."

6.       Bank Hapoalim is authorized to continue to maintain, service, and administer the GK8 Bank Account as accounts of the GK8 Debtors as debtors in possession without interruption and in the ordinary course, and to receive, process, honor, and pay, to the extent of available funds,

any and all checks, drafts, wires, and ACH transfers issued and drawn on the GK8 Bank Account after the GK8 Petition Date by the holders or makers thereof, as the case may be.

7.    Bank Hapoalim, provided with notice of this Interim Order maintaining, shall not honor or pay any bank payments drawn on the GK8 Bank Account, or otherwise issued before the GK8 Petition Date, absent further direction from the GK8 Debtors.

8.    The GK8 Debtors will maintain records in the ordinary course reflecting transfers of cash, if any, including GK8 Intercompany Transactions, so as to permit all such transactions to be ascertainable.

9.    In the course of providing cash management services to the GK8 Debtors, Bank Hapoalim is authorized, without further order of the Court, to deduct the applicable fees and expenses associated with the nature of the deposit and cash management services rendered to the GK8 Debtors, whether arising prepetition or postpetition, from the appropriate accounts of the GK8 Debtors, and further, to charge back to, and take and apply reserves from, the appropriate accounts of the GK8 Debtors any amounts resulting from returned checks or other returned items, including returned items that result from ACH transactions, wire transfers, merchant services transactions or other electronic transfers of any kind, regardless of whether such items were deposited or transferred prepetition or postpetition and regardless of whether the returned items relate to prepetition or postpetition items or transfers.

10.    Bank Hapoalim is authorized to debit the GK8 Bank Account in the ordinary course of business without the need for further order of the Court for:  (a) all checks drawn on the GK8 Bank Account that are cashed at Bank Hapoalim's counters or exchanged for cashier's checks by the payees thereof prior to the GK8 Petition Date; (b) all checks or other items deposited the GK8 Bank Account with Bank Hapoalim prior to the GK8 Petition Date which have been dishonored

or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the GK8 Debtors were responsible for such items prior to the GK8 Petition Date; (c) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to Bank Hapoalim as service charges for the maintenance of the GK8 Cash Management System; and (d) all reversals, returns, refunds, and chargebacks of checks, deposited items, and other debits credited to GK8 Debtor's account after the GK8 Petition Date, regardless of the reason such item is returned or reversed (including, without limitation, for insufficient funds or a consumer's statutory right to reverse a charge).

11.    Bank Hapoalim may rely on the representations of the GK8 Debtors with respect to whether any check or other payment order drawn or issued by the GK8 Debtors prior to the GK8 Petition Date should be honored pursuant to this or any other order of the Court, and Bank Hapoalim shall not have any liability to any party for relying on such representations by the GK8 Debtors as provided for herein.

12.    Any agreements existing between the GK8 Debtors and Bank Hapoalim shall continue to govern the postpetition cash management relationship between the GK8 Debtors and Bank Hapoalim, subject to applicable bankruptcy or other law, all of the provisions of such agreements, including the termination, fee provisions, rights, benefits, offset rights and remedies afforded under such agreements shall remain in full force and effect absent further order of the Court or, with respect to any such agreement with Bank Hapoalim, unless the GK8 Debtors and Bank Hapoalim agree otherwise, and any other legal rights and remedies afforded to Bank Hapoalim under applicable law shall be preserved, subject to applicable bankruptcy law.

13.    The requirement to establish separate bank accounts for cash collateral and/or tax payments is hereby waived on an interim basis pending a final hearing on the Motion.

14.    Subject to paragraphs 3 and 15, notwithstanding anything to the contrary set forth herein, the GK8 Debtors are authorized, but not directed, to continue GK8 Intercompany Transactions between and among Debtor entities arising from or related to the operation of their business in the ordinary course; *provided* that, with respect to any and all GK8 Intercompany Transactions authorized in this Interim Order, each GK8 Debtor shall (a) continue to pay its own obligations consistent with such Debtor's past practice with respect to GK8 Intercompany Transactions and related obligations, and in no event shall any of the Debtors pay for the prepetition or postpetition obligations incurred or owed by any of the other Debtors in a manner inconsistent with past practices and (b) beginning on the GK8 Petition Date, maintain (i) current records of intercompany balances; (ii) a Debtor by Debtor summary on a monthly basis of any postpetition GK8 Intercompany Transactions involving the transfer of cash for the preceding month (to be available on the 21st day of the following month); and (iii) reasonable access to the GK8 Debtors' advisors and Committee with respect to such records.

15.    All postpetition transfers and payments from a GK8 Debtor to another Debtor under any postpetition GK8 Intercompany Transactions authorized hereunder are hereby accorded superpriority administrative expense status under section 503(b) of the Bankruptcy Code.

16.    Notwithstanding the Debtors' use of a consolidated GK8 Cash Management System, the Debtors shall calculate quarterly fees (to be paid in U.S. dollars) under 28 U.S.C. § 1930(a)(6) based on the disbursements of each GK8 Debtor, regardless of which entity pays those disbursements.  For the avoidance of doubt, all disbursements pursuant to the foregoing shall be made in U.S. dollars.

17.    The GK8 Debtors and Bank Hapoalim may, without further order of the Court, agree to and implement changes to the GK8 Cash Management System and procedures in the

7

ordinary course of business, including, without limitation, the opening and closing of bank accounts; *provided* that in the event the GK8 Debtors open a new bank account they shall open one at an authorized depository; *provided*, *further*, that within five business days the GK8 Debtors shall give notice of the opening of any new bank accounts or closing of the GK8 Bank Account to the U.S. Trustee and the Committee.

18.    Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed: (a) an admission as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Interim Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens.  Any payment made pursuant to this Interim Order is not intended and should not be construed as an admission as the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

19.    The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on

the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order.

20.    Nothing in this Interim Order shall modify or impair the ability of any party in interest to contest how the Debtors account, including, without limitation, the validity or amount set forth in such accounting for any GK8 Intercompany Transaction or GK8 Intercompany Balance.  The rights of all parties in interest with the respect thereto are fully preserved.

21.    To the extent the GK8 Bank Account is not in compliance with section 345(b) of the Bankruptcy Code or any of the U.S. Trustee Guidelines, the GK8 Debtors shall have until a date that is forty-five (45) days from which the Interim Order is entered, without prejudice to seeking an additional extension, to come into compliance with section 345(b) of the Bankruptcy Code and the U.S. Trustee Guidelines; *provided* that nothing herein shall prevent the Debtors or the U.S. Trustee from seeking further relief from the Court to the extent that an agreement cannot be reached.  The Debtors may obtain a further extension of the 45-day period referenced above by written stipulation with the U.S. Trustee and filing such stipulation on the Court's docket without the need for further Court order.

22.    As soon as practicable after entry of this Interim Order, the Debtors shall serve a copy of this Interim Order on Bank Hapoalim.

23.    The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

24.    Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

25.    Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

26.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

27.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

New York, New York
Dated: _____, 2022

_____
THE HONORABLE MARTIN GLENN
CHIEF UNITED STATES BANKRUPTCY JUDGE

## <u>Exhibit 1</u>

**GK8 Cash Management System Schematic**

# GK8 Debtors – Cash Schematic



**Legend**

| | |
|---|---|
| | Debtor Bank Account |
| | Non-Debtor Affiliate |
| | External Counterparty |
| | Customers |
| → | Direct Payment |
| ⇢ | Funding |

**<u>Exhibit 2</u>**

**Bank Account**

| No. | Entity | Bank | Location | Description | Account No. |
|-----|--------|------|----------|-------------|-------------|
| 1. | GK8 Ltd. | Bank Hapoalim | Israel | Operations | xxx8598 |

## Exhibit B

**Proposed Final Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Initial Debtors' Cases Jointly Administered) |
|  | (Joint Administration of GK8 Debtors' Cases Requested) |

**FINAL ORDER (I) AUTHORIZING THE GK8 DEBTORS
TO (A) CONTINUE TO OPERATE THE GK8 CASH MANAGEMENT
SYSTEM, (B) HONOR CERTAIN PREPETITION OBLIGATIONS RELATED
THERETO, (C) MAINTAIN EXISTING GK8 BUSINESS FORMS, AND (D) CONTINUE
TO PERFORM GK8 INTERCOMPANY TRANSACTIONS, (II) GRANTING
SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS TO POSTPETITION
INTERCOMPANY BALANCES, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of a final order (this "Final Order"), (a) authorizing, but not directing, the GK8 Debtors to (i) continue to operate their cash management system (the "GK8 Cash Management System"), (ii) honor certain prepetition obligations related thereto, (iii) maintain existing GK8 Business Forms in the ordinary course of business, and (iv) continue to perform GK8 Intercompany Transactions consistent with historical practice, (b) granting superpriority administrative expense status to postpetition intercompany balances, and (c) granting

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2]  Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

related relief, all as more fully set forth in the Motion; and upon the Ferraro Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order* of Reference from the United States District Court for the Southern District of New York, entered February 1, 2012; and that this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefore, it is HEREBY ORDERED THAT:

1.    The Motion is granted on a final basis as set forth herein.

2.    Subject to paragraph 14 and the provisions in this paragraph 2, and except as otherwise provided in any order of the Court entered in the Debtors' chapter 11 cases, including without limitation, the *Order (I) Permitting the Sale of the Debtors' Mined Bitcoin in the Ordinary Course and (II) Granting Related Relief* [Docket No. 514] and any order regarding the sale of the GK8 Assets, the GK8 Debtors are authorized, in their discretion, to: (a) continue operating the GK8 Cash Management System, substantially as illustrated on **Exhibit 1** attached hereto; (b) honor their prepetition obligations related thereto; and (c) continue to perform GK8

2

Intercompany Transactions consistent with historical practice; *provided* that all GK8 Intercompany Transactions shall be only in cash, and not in cryptocurrency, crypto tokens, or other cryptocurrency assets; *provided, further,* that all GK8 Intercompany Transactions, whether between GK8 Debtors or between any Debtor and any non-Debtor affiliate, shall (A) constitute an allowed claim against the applicable Debtor or a loan to the applicable non-Debtor affiliate, and (B) with respect to GK8 Intercompany Transactions, be governed by the budget (the "Budget") and other reporting requirements set forth in the *Stipulation and Agreed Order Regarding Framework for the Distribution of the Debtors' Reporting Information to the Committee* [Docket No. 969] unless the Debtors obtain consent from the Committee, with notice to the U.S. Trustee, or pursuant to a further order from this Court after notice and a hearing; *provided, further,* that, from the date of this Order, any GK8 Intercompany Transaction to a GK8 Debtor (directly or indirectly through non-debtor affiliate Celsius Network IL Ltd) that exceeds $750,000 in the aggregate shall not be permitted without prior written consent from the Committee (email shall suffice) or further order by the Court.

3.      The Debtors are authorized, in their reasonable discretion, in consultation with the advisors to the Committee (email shall suffice), with notice to the U.S. Trustee, to: (a) continue to use, with the same account number, GK8 Bank Account in existence as of the GK8 Petition Date, as identified on **Exhibit 2** attached hereto; (b) treat the GK8 Bank Account for all purposes as an account of the Debtors as debtors in possession; (c) deposit funds in and withdraw funds from the GK8 Bank Account by all usual means, including checks, wire transfers, and other debits; and (d) otherwise perform their obligations under the documents governing the GK8 Bank Account.

3

4.     The Debtors are authorized, but not directed, in consultation with the advisors to the Committee (email shall suffice), with notice to the U.S. Trustee, to continue using, in their present form, the GK8 Business Forms, as well as checks and other documents related to the GK8 Bank Account existing immediately before the GK8 Petition Date, without reference to the GK8 Debtors' status as debtors in possession; *provided* that once the GK8 Debtors have exhausted their existing stock of GK8 Business Forms, the GK8 Debtors shall ensure that any new GK8 Business Forms are clearly labeled "Debtor-In-Possession"; *provided*, *further*, that with respect to any GK8 Business Forms that exist or are generated electronically, to the extent reasonably practicable, the GK8 Debtors shall ensure that such electronic GK8 Business Forms are clearly labeled "Debtor-In-Possession."

5.     Bank Hapoalim is authorized to continue to maintain, service, and administer the GK8 Bank Account as accounts of the GK8 Debtors as debtors in possession without interruption and in the ordinary course, and to receive, process, honor, and pay, to the extent of available funds, any and all checks, drafts, wires, and ACH transfers issued and drawn on the GK8 Bank Account after the GK8 Petition Date by the holders or makers thereof, as the case may be.

6.     Bank Hapoalim, provided with notice of this Final Order, shall not honor or pay any bank payments drawn on the GK8 Bank Account, or otherwise issued before the GK8 Petition Date, absent further direction from the GK8 Debtors.

7.     The GK8 Debtors shall maintain records in the ordinary course reflecting transfers and including GK8 Intercompany Transactions, so as to permit all such transactions to be ascertainable.

8.     In the course of providing cash management services to the GK8 Debtors, Bank Hapoalim is authorized, without further order of the Court, to deduct the applicable fees and

4

expenses associated with the nature of the deposit and cash management services rendered to the GK8 Debtors, whether arising prepetition or postpetition, from the appropriate accounts of the GK8 Debtors, and further, to charge back to, and take and apply reserves from, the appropriate accounts of the GK8 Debtors any amounts resulting from returned checks or other returned items, including returned items that result from ACH transactions, wire transfers, merchant services transactions or other electronic transfers of any kind, regardless of whether such items were deposited or transferred prepetition or postpetition and regardless of whether the returned items relate to prepetition or postpetition items or transfers.

9.      Bank Hapoalim is authorized to debit the GK8 Bank Account in the ordinary course of business without the need for further order of the Court for:  (a) all checks drawn on the GK8 Bank Account that are cashed at Bank Hapoalim's counters or exchanged for cashier's checks by the payees thereof prior to the GK8 Petition Date; (b) all checks or other items deposited in the GK8 Bank Account with Bank Hapoalim prior to the GK8 Petition Date which have been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the GK8 Debtors were responsible for such items prior to the GK8 Petition Date; (c) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to Bank Hapoalim as service charges for the maintenance of the GK8 Cash Management System; and (d) all reversals, returns, refunds, and chargebacks of checks, deposited items, and other debits credited to GK8 Debtor's account after the GK8 Petition Date, regardless of the reason such item is returned or reversed (including, without limitation, for insufficient funds or a consumer's statutory right to reverse a charge).

10.     Bank Hapoalim may rely on the representations of the GK8 Debtors with respect to whether any check or other payment order drawn or issued by the GK8 Debtors prior to the

GK8 Petition Date should be honored pursuant to this or any other order of the Court, and Bank Hapoalim shall not have any liability to any party for relying on such representations by the GK8 Debtors as provided for herein.

11.    Any agreements existing between the GK8 Debtors and Bank Hapoalim shall continue to govern the postpetition cash management relationship between the GK8 Debtors and Bank Hapoalim, subject to applicable bankruptcy or other law; all of the provisions of such agreements, including the termination, fee provisions, rights, benefits, offset rights and remedies afforded under such agreements shall remain in full force and effect absent further order of the Court or, with respect to any such agreement with Bank Hapoalim, unless the GK8 Debtors with the consent of the Committee, which consent may not be unreasonably withheld, and Bank Hapoalim agree otherwise; and any other legal rights and remedies afforded to Bank Hapoalim under applicable law shall be preserved, subject to applicable bankruptcy law.

12.    The requirement to establish separate bank accounts for cash collateral and/or tax payments is hereby waived.

13.    Subject to paragraphs 2 and 14, the GK8 Debtors are authorized, but not directed, to continue GK8 Intercompany Transactions in cash between and among Debtor entities arising from or related to the operation of their business in the ordinary course; *provided* that, with respect to any and all GK8 Intercompany Transactions authorized in this Final Order, each GK8 Debtor shall (a) continue to pay its own obligations consistent with such GK8 Debtor's past practice with respect to GK8 Intercompany Transactions and related obligations, and in no event shall any of the Debtors pay for the prepetition or postpetition obligations incurred or owed by any of the other Debtors in a manner inconsistent with past practices and (b) beginning on the GK8 Petition Date, maintain (i) current records of intercompany balances, (ii) a Debtor by Debtor summary on a

monthly basis of any postpetition GK8 Intercompany Transactions involving the transfer of cash for the preceding month (to be available on the 21st day of the following month), and (iii) reasonable access to such records for the U.S. Trustee and the advisors to the Committee. A monthly summary of such Intercompany Transactions between the Debtors shall be provided to (a) the U.S. Trustee and (b) the advisors to the Committee on the 21st day of the following month.

14.    All postpetition transfers and payments from a GK8 Debtor to another Debtor under any postpetition GK8 Intercompany Transactions authorized hereunder are hereby accorded superpriority administrative expense status under sections 503(b) and 364(c)(1) of the Bankruptcy Code.

15.    With respect to the GK8 Intercompany Transactions authorized hereunder, all parties reserve all rights and arguments with respect to the impact that any such GK8 Intercompany Transactions should have on future recoveries or distributions in these chapter 11 cases.

16.    Notwithstanding the GK8 Debtors' use of a consolidated GK8 Cash Management System, the GK8 Debtors shall calculate quarterly fees (to be paid in U.S. dollars) under 28 U.S.C. § 1930(a)(6) based on the disbursements of each GK8 Debtor, regardless of which entity pays those disbursements.  For the avoidance of doubt, all disbursements pursuant to the foregoing shall be made in U.S. dollars.

17.    The GK8 Debtors and Bank Hapoalim may, without further order of the Court, agree to and implement changes to the GK8 Cash Management System and procedures in the ordinary course of business, including, without limitation, the opening and closing of bank accounts; *provided* that in the event the GK8 Debtors open a new bank account they shall open one at an authorized depository; *provided*, *further*, that the GK8 Debtors shall give five business days' advance notice (email shall suffice) of (a) the opening of any new bank accounts or closing

of the GK8 Bank Account and (b) any material changes to the GK8 Cash Management System and procedures to the U.S. Trustee, the advisors to the Committee, and counsel to any other statutory committee appointed in these chapter 11 cases.

18.    Notwithstanding any language to the contrary in the Motion, the Interim Order, or this Final Order no provision of the Motion or Final Order shall constitute a finding as to whether the GK8 Cash Management System complies with federal or state securities laws, and the right of the United States Securities and Exchange Commission and the Committee to challenge such transactions on any basis are expressly reserved.

19.    Notwithstanding anything to the contrary in the Motion, this Final Order, or any findings announced at the Hearing, nothing in the Motion, this Final Order, or announced at the Hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission and the Committee to challenge transactions involving crypto tokens on any basis are expressly reserved.

20.    Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed:  (a) an admission by the Debtors or the Committee as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' or the Committee's respective rights to dispute any particular claim on any grounds; (c) a promise or requirement by the Debtors or any third party (including any member of the Committee) to pay any particular claim; (d) an implication or admission by the Debtors or the Committee that any particular claim is of a type specified or defined in this Final Order or the Motion; (e) a request or authorization by any Debtor to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' or the

8

Committee's respective rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors or the Committee that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors and the Committee each expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens. Any payment made pursuant to this Final Order is not intended and should not be construed as an admission by the Debtors or the Committee as to the validity of any particular claim or a waiver of the Debtors' and the Committee's respective rights to subsequently dispute such claim.

21.    The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Final Order.

22.    Nothing in this Final Order shall modify or impair the ability of any party in interest to contest how the Debtors account for any GK8 Intercompany Transaction or GK8 Intercompany Balance, including, without limitation, the validity or amount set forth in such accounting. The rights of all parties in interest with the respect thereto are fully preserved.

23.    To the extent the GK8 Bank Account is not in compliance with section 345(b) of the Bankruptcy Code or the U.S. Trustee Guidelines, the requirement for the GK8 Debtors to come into compliance with section 345(b) of the Bankruptcy Code and U.S. Trustee Guidelines is waived.

24.     As soon as practicable after entry of this Final Order, the Debtors shall serve a copy of this Final Order on Bank Hapoalim.

25.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

26.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

27.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order.

28.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

New York, New York
Dated: _____, 2022

_____
THE HONORABLE MARTIN GLENN
CHIEF UNITED STATES BANKRUPTCY JUDGE

## **Exhibit 1**

**GK8 Cash Management System Schematic**



**Legend**

- Debtor Bank Account
- Non-Debtor Affiliate
- External Counterparty
- Customers
- Direct Payment
- Funding

Celsius Network IL Ltd
Bank of Jerusalem
x17294

Customers[1]

[1] Includes Debtor Celsius Network Ltd (UK)

Intercompany funding from non-Debtor parent

GK8 Ltd
Operations Account
Bank Hapoalim
xxx28598
(Curr: ILS, USD, EUR, GBP)

External Vendors / Payroll

## Exhibit 2

**Bank Account**

| No. | Entity | Bank | Location | Description | Account No. |
|---|---|---|---|---|---|
| 1. | GK8 Ltd. | Bank Hapoalim | Israel | Operations | xxx8598 |