Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

*Counsel to the Initial Debtors and*
*Debtors in Possession*

*Proposed Counsel to the GK8 Debtors*
*and Debtors in Possession*

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) ) | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) ) | Case No. 22-10964 (MG) |
| Debtors. | ) ) | (Initial Debtors' Cases Jointly Administered) |
| | ) ) ) | (Joint Administration of GK8 Debtors' Cases Requested) |
| | ) ) | |

**NOTICE OF FILING OF REVISED PROPOSED INTERIM AND FINAL ORDERS (I) AUTHORIZING THE GK8 DEBTORS TO (A) CONTINUE TO OPERATE THE GK8 CASH MANAGEMENT SYSTEM, (B) HONOR CERTAIN PREPETITION OBLIGATIONS RELATED THERETO, (C) MAINTAIN EXISTING GK8 BUSINESS FORMS, AND (D) CONTINUE TO PERFORM GK8 INTERCOMPANY TRANSACTIONS, (II) GRANTING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS TO POSTPETITION GK8 INTERCOMPANY BALANCES, AND (III) GRANTING RELATED RELIEF**

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

**PLEASE TAKE NOTICE** that on December 7, 2022, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed the *Debtors' Supplemental Motion Seeking Entry of Interim and Final Orders (I) Authorizing the GK8 Debtors to (A) Continue to Operate the GK8 Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing GK8 Business Forms, and (D) Continue to Perform GK8 Intercompany Transactions, (II) Granting Superpriority Administrative Expense Status to Postpetition GK8 Intercompany Balances, and (III) Granting Related Relief* [Docket No. 1639] (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that the Debtors hereby file a revised proposed *Interim Order (I) Authorizing the GK8 Debtors to (A) Continue to Operate the GK8 Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing GK8 Business Forms, and (D) Continue to Perform GK8 Intercompany Transactions, (II) Granting Superpriority Administrative Expense Status to Postpetition GK8 Intercompany Balances, and (III) Granting Related Relief* attached hereto as **Exhibit A** (the "Revised Proposed Interim Order").

**PLEASE TAKE FURTHER NOTICE** that a comparison between the Revised Proposed Interim Order and the interim order filed with the Motion is attached hereto as **Exhibit A-1**.

**PLEASE TAKE FURTHER NOTICE** that the Debtors hereby file a revised proposed *Final Order (I) Authorizing the GK8 Debtors to (A) Continue to Operate the GK8 Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing GK8 Business Forms, and (D) Continue to Perform GK8 Intercompany Transactions, (II) Granting Superpriority Administrative Expense Status to Postpetition GK8 Intercompany Balances, and (III) Granting Related Relief* attached hereto as **Exhibit B** (the "Revised Proposed Final Order").

**PLEASE TAKE FURTHER NOTICE** that a comparison between the Revised Proposed Final Order and the final order filed with the Motion is attached hereto as **Exhibit B-1**.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion and other pleadings filed in the above-captioned chapter 11 cases may be obtained free of charge by visiting the website of Stretto at http://www.cases.stretto.com/celsius.  You may also obtain copies of any pleadings by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

*[Remainder of page intentionally left blank.]*

New York, New York
Dated: December 8, 2022

*/s/ Joshua A. Sussberg*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:        jsussberg@kirkland.com

- and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:        patrick.nash@kirkland.com
              ross.kwasteniet@kirkland.com
              chris.koenig@kirkland.com
              dan.latona@kirkland.com

*Counsel to the Initial Debtors and*
*Debtors in Possession*

*Proposed Counsel to the GK8 Debtors and*
*Debtors in Possession*

**Exhibit A**

**Revised Proposed Interim Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Initial Debtors' Cases Jointly Administered) |
| | (Joint Administration of GK8 Debtors' Cases Requested) |

**INTERIM ORDER (I) AUTHORIZING THE GK8 DEBTORS
TO (A) CONTINUE TO OPERATE THE GK8 CASH MANAGEMENT
SYSTEM, (B) HONOR CERTAIN PREPETITION OBLIGATIONS RELATED
THERETO, (C) MAINTAIN EXISTING GK8 BUSINESS FORMS, AND (D) CONTINUE
TO PERFORM GK8 INTERCOMPANY TRANSACTIONS, (II) GRANTING
SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS TO POSTPETITION GK8
INTERCOMPANY BALANCES, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession

(collectively, the "Debtors") for entry of an interim order (this "Interim Order"), (a) authorizing,

but not directing, the GK8 Debtors to (i) continue to operate their cash management system

(the "GK8 Cash Management System"), (ii) honor certain prepetition obligations related thereto,

(iii) maintain existing GK8 Business Forms in the ordinary course of business, and (iv) continue to

perform GK8 Intercompany Transactions consistent with historical practice, (b) granting

superpriority administrative expense status to postpetition intercompany balances, (c) granting

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2]     Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

related relief, and (d) scheduling a final hearing to consider approval of the Motion on a final basis, all as more fully set forth in the Motion; and upon the Ferraro Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012; and that this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefore, it is HEREBY ORDERED THAT:

1.      The Motion is granted on an interim basis as set forth herein.

2.      The final hearing (the "Final Hearing") on the Motion shall be held on _____, 2023, at__:__ _.m., prevailing Eastern Time.  Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on _____, 2023, and shall be served on:  (a)  the Debtors, Celsius Network LLC, 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030, Attn: Ron Deutsch; (b) counsel to the Initial Debtors and proposed counsel to the GK8 Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York

10022, Attn: Joshua A. Sussberg, P.C. and Simon Briefel, and 300 North LaSalle, Chicago, Illinois

60654, Attn: Patrick J. Nash, Jr., P.C., Ross M. Kwasteniet, P.C., Christopher S. Koenig, and Dan

Latona; (c) U.S. Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York,

New York 10014, Attn: Shara Cornell, Mark Bruh, and Brian S. Masumoto; (d) White & Case

LLP, 111 South Wacker Drive, Suite 5100, Chicago, Illinois 6060, Attn: Gregory F. Pesce, and 55

South Flower Street, Suite 2700, Los Angeles, CA 90071, Attn: Aaron Colodny and (e) counsel to

any statutory committee appointed in these chapter 11 cases.

3.    Subject to paragraph 15, and except as otherwise provided in any order of the Court

entered in the Debtors' cases, including, without limitation, the *Order (I) Permitting the Sale of*

*the Debtors' Mined Bitcoin in the Ordinary Course and (II) Granting Related Relief* [Docket No.

514] and any order regarding the sale of the GK8 Assets, the GK8 Debtors are authorized, on an

interim basis and in their sole discretion, to:  (a) continue operating the GK8 Cash Management

System, substantially as illustrated on **Exhibit 1** attached hereto; (b) honor their prepetition

obligations related thereto; and (c) continue to perform GK8 Intercompany Transactions consistent

with historical practice; *provided* that all GK8 Intercompany Transactions affiliate shall be only in

cash, and not in cryptocurrency, crypto tokens, or other cryptocurrency assets; *provided, further*,

that all GK8 Intercompany Transactions, whether between GK8 Debtors or between any Debtor

and any non-Debtor affiliate, shall (A) constitute an allowed claim against the applicable Debtor

or a loan to the applicable non-Debtor affiliate, and (B) with respect to GK8 Intercompany

Transactions, be governed by the budget (the "Budget") and other reporting requirements set forth

in the *Stipulation and Agreed Order Regarding Framework for the Distribution of the Debtors'*

*Reporting Information to the Committee* [Docket No. 969] unless the Debtors obtain consent from

the Committee, with notice to the U.S. Trustee, or pursuant to a further order from this Court after

3

notice and a hearing; *provided, further,* that, from the date of this Order, any GK8 Intercompany Transaction to a GK8 Debtor (directly or indirectly through non-debtor affiliate Celsius Network IL Ltd) that exceeds $750,000 in the aggregate shall not be permitted without prior written consent from the Committee (email shall suffice) or further order by the Court.

4.    The Debtors are authorized, on an interim basis and in their sole discretion, to: (a) continue to use, with the same account number, GK8 Bank Account in existence as of the GK8 Petition Date, as identified on **Exhibit 2** attached hereto; (b) treat the GK8 Bank Account for all purposes as accounts of the Debtors as debtors in possession; (c) deposit funds in and withdraw funds from the GK8 Bank Account by all usual means, including checks, wire transfers, and other debits; and (d) otherwise perform their obligations under the documents governing the GK8 Bank Account.

5.    The Debtors are authorized, but not directed, to continue using, in their present form, the GK8 Business Forms, as well as checks and other documents related to the GK8 Bank Account existing immediately before the GK8 Petition Date, without reference to the Debtors' status as debtors in possession; *provided* that once the GK8 Debtors have exhausted their existing stock of GK8 Business Forms, the Debtors shall ensure that any new GK8 Business Forms are clearly labeled "Debtor-In-Possession"; *provided*, *further*, that with respect to any GK8 Business Forms that exist or are generated electronically, to the extent reasonably practicable, the GK8 Debtors shall ensure that such electronic GK8 Business Forms are clearly labeled "Debtor-In-Possession."

6.    Bank Hapoalim is authorized to continue to maintain, service, and administer the GK8 Bank Account as accounts of the GK8 Debtors as debtors in possession without interruption and in the ordinary course, and to receive, process, honor, and pay, to the extent of available funds,

any and all checks, drafts, wires, and ACH transfers issued and drawn on the GK8 Bank Account

after the GK8 Petition Date by the holders or makers thereof, as the case may be.

7.      Bank Hapoalim, provided with notice of this Interim Order maintaining, shall not

honor or pay any bank payments drawn on the GK8 Bank Account, or otherwise issued before the

GK8 Petition Date, absent further direction from the GK8 Debtors.

8.      The GK8 Debtors will maintain records in the ordinary course reflecting transfers

of cash, if any, including GK8 Intercompany Transactions, so as to permit all such transactions to

be ascertainable.

9.      In the course of providing cash management services to the GK8 Debtors, Bank

Hapoalim is authorized, without further order of the Court, to deduct the applicable fees and

expenses associated with the nature of the deposit and cash management services rendered to the

GK8 Debtors, whether arising prepetition or postpetition, from the appropriate accounts of the

GK8 Debtors, and further, to charge back to, and take and apply reserves from, the appropriate

accounts of the GK8 Debtors any amounts resulting from returned checks or other returned items,

including returned items that result from ACH transactions, wire transfers, merchant services

transactions or other electronic transfers of any kind, regardless of whether such items were

deposited or transferred prepetition or postpetition and regardless of whether the returned items

relate to prepetition or postpetition items or transfers.

10.     Bank Hapoalim is authorized to debit the GK8 Bank Account in the ordinary course

of business without the need for further order of the Court for:  (a) all checks drawn on the GK8

Bank Account that are cashed at Bank Hapoalim's counters or exchanged for cashier's checks by

the payees thereof prior to the GK8 Petition Date; (b) all checks or other items deposited the GK8

Bank Account with Bank Hapoalim prior to the GK8 Petition Date which have been dishonored

or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the GK8 Debtors were responsible for such items prior to the GK8 Petition Date; (c) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to Bank Hapoalim as service charges for the maintenance of the GK8 Cash Management System; and (d) all reversals, returns, refunds, and chargebacks of checks, deposited items, and other debits credited to GK8 Debtor's account after the GK8 Petition Date, regardless of the reason such item is returned or reversed (including, without limitation, for insufficient funds or a consumer's statutory right to reverse a charge).

11.     Bank Hapoalim may rely on the representations of the GK8 Debtors with respect to whether any check or other payment order drawn or issued by the GK8 Debtors prior to the GK8 Petition Date should be honored pursuant to this or any other order of the Court, and Bank Hapoalim shall not have any liability to any party for relying on such representations by the GK8 Debtors as provided for herein.

12.     Any agreements existing between the GK8 Debtors and Bank Hapoalim shall continue to govern the postpetition cash management relationship between the GK8 Debtors and Bank Hapoalim, subject to applicable bankruptcy or other law, all of the provisions of such agreements, including the termination, fee provisions, rights, benefits, offset rights and remedies afforded under such agreements shall remain in full force and effect absent further order of the Court or, with respect to any such agreement with Bank Hapoalim, unless the GK8 Debtors and Bank Hapoalim agree otherwise, and any other legal rights and remedies afforded to Bank Hapoalim under applicable law shall be preserved, subject to applicable bankruptcy law.

13.     The requirement to establish separate bank accounts for cash collateral and/or tax payments is hereby waived on an interim basis pending a final hearing on the Motion.

14.     Subject to paragraphs 3 and 15, notwithstanding anything to the contrary set forth herein, the GK8 Debtors are authorized, but not directed, to continue GK8 Intercompany Transactions between and among Debtor entities arising from or related to the operation of their business in the ordinary course; *provided* that, with respect to any and all GK8 Intercompany Transactions authorized in this Interim Order, each GK8 Debtor shall (a) continue to pay its own obligations consistent with such Debtor's past practice with respect to GK8 Intercompany Transactions and related obligations, and in no event shall any of the Debtors pay for the prepetition or postpetition obligations incurred or owed by any of the other Debtors in a manner inconsistent with past practices and (b) beginning on the GK8 Petition Date, maintain (i) current records of intercompany balances; (ii) a Debtor by Debtor summary on a monthly basis of any postpetition GK8 Intercompany Transactions involving the transfer of cash for the preceding month (to be available on the 21st day of the following month); and (iii) reasonable access to the GK8 Debtors' advisors and Committee with respect to such records.

15.     All postpetition transfers and payments from a GK8 Debtor to another Debtor under any postpetition GK8 Intercompany Transactions authorized hereunder are hereby accorded superpriority administrative expense status under section 503(b) of the Bankruptcy Code.

16.     Notwithstanding the Debtors' use of a consolidated GK8 Cash Management System, the Debtors shall calculate quarterly fees (to be paid in U.S. dollars) under 28 U.S.C. § 1930(a)(6) based on the disbursements of each GK8 Debtor, regardless of which entity pays those disbursements.  For the avoidance of doubt, all disbursements pursuant to the foregoing shall be made in U.S. dollars.

17.     The GK8 Debtors and Bank Hapoalim may, without further order of the Court, agree to and implement changes to the GK8 Cash Management System and procedures in the

7

ordinary course of business, including, without limitation, the opening and closing of bank accounts; *provided* that in the event the GK8 Debtors open a new bank account they shall open one at an authorized depository; *provided*, *further*, that within five business days the GK8 Debtors shall give notice of the opening of any new bank accounts or closing of the GK8 Bank Account to the U.S. Trustee and the Committee.

18.     Notwithstanding anything to the contrary in this Interim Order, nothing herein shall be interpreted as authorizing the Debtors to restart their platform, including the Swap Service, Earn program, retail lending, institutional lending, and Custody Service (as defined, as applicable, in the Mashinsky Declaration) or otherwise allow the buying, selling, trading, or withdrawal of cryptocurrency assets on the Debtors' platform absent further order of the court.

19.     Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed: (a) an admission as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Interim Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens.  Any payment made pursuant to this Interim Order is not intended and should not be construed as an admission as the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

20.     The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order.

21.     Nothing in this Interim Order shall modify or impair the ability of any party in interest to contest how the Debtors account, including, without limitation, the validity or amount set forth in such accounting for any GK8 Intercompany Transaction or GK8 Intercompany Balance.  The rights of all parties in interest with the respect thereto are fully preserved.

22.     To the extent the GK8 Bank Account is not in compliance with section 345(b) of the Bankruptcy Code or any of the U.S. Trustee Guidelines, the GK8 Debtors shall have until a date that is forty-five (45) days from which the Interim Order is entered, without prejudice to seeking an additional extension, to come into compliance with section 345(b) of the Bankruptcy Code and the U.S. Trustee Guidelines; *provided* that nothing herein shall prevent the Debtors or the U.S. Trustee from seeking further relief from the Court to the extent that an agreement cannot be reached.  The Debtors may obtain a further extension of the 45-day period referenced above by written stipulation with the U.S. Trustee and filing such stipulation on the Court's docket without the need for further Court order.

23.     As soon as practicable after entry of this Interim Order, the Debtors shall serve a copy of this Interim Order on Bank Hapoalim.

24.     The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

25.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

26.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

27.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

28.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

New York, New York
Dated: _____, 2022

_____
THE HONORABLE MARTIN GLENN
CHIEF UNITED STATES BANKRUPTCY JUDGE

## **Exhibit 1**

**GK8 Cash Management System Schematic**



Celsius Network IL Ltd.
Bank of Jerusalem
x17294

Customers[1]

[1] Includes Debtor Celsius Network Ltd (UK)

Intercompany funding from non-Debtor parent

GK8 Ltd.
Operations Account
Bank Hapoalim
xxx28598
(Curr: ILS, USD, EUR, GBP)

External Vendors / Payroll

Debtor Bank Account

Non-Debtor Affiliate

External Counterparty

Customers

Direct Payment

Funding

**<u>Exhibit 2</u>**

**Bank Account**

| No. | Entity | Bank | Location | Description | Account No. |
|---|---|---|---|---|---|
| 1. | GK8 Ltd. | Bank Hapoalim | Israel | Operations | xxx8598 |

**<u>Exhibit A-1</u>**

**Redline**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

―――――――――――――――――――――――――――――

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Initial Debtors' Cases Jointly |
| | ) | Administered) |
| | ) | |
| | ) | (Joint Administration of GK8 |
| | ) | Debtors' Cases Requested) |
| | ) | |

―――――――――――――――――――――――――――――

**INTERIM ORDER (I) AUTHORIZING THE GK8 DEBTORS
TO (A) CONTINUE TO OPERATE THE GK8 CASH MANAGEMENT
SYSTEM, (B) HONOR CERTAIN PREPETITION OBLIGATIONS RELATED
THERETO, (C) MAINTAIN EXISTING GK8 BUSINESS FORMS, AND (D) CONTINUE
TO PERFORM GK8 INTERCOMPANY TRANSACTIONS, (II) GRANTING
SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS TO POSTPETITION GK8
INTERCOMPANY BALANCES, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an interim order (this "Interim Order"), (a) authorizing, but not directing, the GK8 Debtors to (i) continue to operate their cash management system (the "GK8 Cash Management System"), (ii) honor certain prepetition obligations related thereto, (iii) maintain existing GK8 Business Forms in the ordinary course of business, and (iv) continue to perform GK8 Intercompany Transactions consistent with historical practice, (b) granting superpriority administrative expense status to postpetition intercompany balances, (c)

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

granting related relief, and (d) scheduling a final hearing to consider approval of the Motion on a final basis, all as more fully set forth in the Motion; and upon the Ferraro Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012; and that this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefore, it is HEREBY ORDERED THAT:

1.      The Motion is granted on an interim basis as set forth herein.

2.      The final hearing (the "Final Hearing") on the Motion shall be held on _____, 2023, at__:__ _.m., prevailing Eastern Time.  Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on _____, 2023, and shall be served on:  (a) the Debtors, Celsius Network LLC, 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030, Attn: Ron Deutsch; (b) counsel to the Initial

Debtors and proposed counsel to the GK8 Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C. and Simon Briefel, and 300 North LaSalle, Chicago, Illinois 60654, Attn: Patrick J. Nash, Jr., P.C., Ross M. Kwasteniet, P.C., Christopher S. Koenig, and Dan Latona; (c) U.S. Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Shara Cornell, Mark Bruh, and Brian S. Masumoto; (d) White & Case LLP, 111 South Wacker Drive, Suite 5100, Chicago, Illinois 6060, Attn: Gregory F. Pesce, and 55 South Flower Street, Suite 2700, Los Angeles, CA 90071, Attn: Aaron Colodny and (e) counsel to any statutory committee appointed in these chapter 11 cases.

3.    Subject to paragraph 15, and except as otherwise provided in any order of the Court entered in the Debtors' cases, including, without limitation, the *Order (I) Permitting the Sale of the Debtors' Mined Bitcoin in the Ordinary Course and (II) Granting Related Relief* [Docket No. 514] and any order regarding the sale of the GK8 Assets, the GK8 Debtors are authorized, on an interim basis and in their sole discretion, to:  (a) continue operating the GK8 Cash Management System, substantially as illustrated on Exhibit 1 attached hereto; (b) honor their prepetition obligations related thereto; and (c) continue to perform GK8 Intercompany Transactions consistent with historical practice; *provided* that all GK8 Intercompany Transactions affiliate shall be only in cash, and not in cryptocurrency, crypto tokens, or other cryptocurrency assets; *provided, further*, that all GK8 Intercompany Transactions, whether between GK8 Debtors or between any Debtor and any non-Debtor affiliate, shall (A) constitute an allowed claim against the applicable Debtor or a loan to the applicable non-Debtor affiliate, and (B) with respect to GK8 Intercompany Transactions, be governed by the budget (the "Budget") and other reporting

3

requirements set forth in the *Stipulation and Agreed Order Regarding Framework for the Distribution of the Debtors' Reporting Information to the Committee* [Docket No. 969] unless the Debtors obtain consent from the Committee, with notice to the U.S. Trustee, or pursuant to a further order from this Court after notice and a hearing; *provided, further,* that, from the date of this Order, any GK8 Intercompany Transaction to a GK8 Debtor (directly or indirectly through non-debtor affiliate Celsius Network IL Ltd) that exceeds $750,000 in the aggregate shall not be permitted without prior written consent from the Committee (email shall suffice) or further order by the Court.

4.      The Debtors are authorized, on an interim basis and in their sole discretion, to: (a) continue to use, with the same account number, GK8 Bank Account in existence as of the GK8 Petition Date, as identified on Exhibit 2 attached hereto; (b) treat the GK8 Bank Account for all purposes as accounts of the Debtors as debtors in possession; (c) deposit funds in and withdraw funds from the GK8 Bank Account by all usual means, including checks, wire transfers, and other debits; and (d) otherwise perform their obligations under the documents governing the GK8 Bank Account.

5.      The Debtors are authorized, but not directed, to continue using, in their present form, the GK8 Business Forms, as well as checks and other documents related to the GK8 Bank Account existing immediately before the GK8 Petition Date, without reference to the Debtors' status as debtors in possession; *provided* that once the GK8 Debtors have exhausted their existing stock of GK8 Business Forms, the Debtors shall ensure that any new GK8 Business Forms are clearly labeled "Debtor-In-Possession"; *provided, further*, that with respect to any GK8 Business Forms that exist or are generated

electronically, to the extent reasonably practicable, the GK8 Debtors shall ensure that such electronic GK8 Business Forms are clearly labeled "Debtor-In-Possession."

6.      Bank Hapoalim is authorized to continue to maintain, service, and administer the GK8 Bank Account as accounts of the GK8 Debtors as debtors in possession without interruption and in the ordinary course, and to receive, process, honor, and pay, to the extent of available funds, any and all checks, drafts, wires, and ACH transfers issued and drawn on the GK8 Bank Account after the GK8 Petition Date by the holders or makers thereof, as the case may be.

7.      Bank Hapoalim, provided with notice of this Interim Order maintaining, shall not honor or pay any bank payments drawn on the GK8 Bank Account, or otherwise issued before the GK8 Petition Date, absent further direction from the GK8 Debtors.

8.      The GK8 Debtors will maintain records in the ordinary course reflecting transfers of cash, if any, including GK8 Intercompany Transactions, so as to permit all such transactions to be ascertainable.

9.      In the course of providing cash management services to the GK8 Debtors, Bank Hapoalim is authorized, without further order of the Court, to deduct the applicable fees and expenses associated with the nature of the deposit and cash management services rendered to the GK8 Debtors, whether arising prepetition or postpetition, from the appropriate accounts of the GK8 Debtors, and further, to charge back to, and take and apply reserves from, the appropriate accounts of the GK8 Debtors any amounts resulting from returned checks or other returned items, including returned items that result from ACH transactions, wire transfers, merchant services transactions or other electronic transfers of any kind, regardless of whether such items were deposited or transferred

prepetition or postpetition and regardless of whether the returned items relate to prepetition or postpetition items or transfers.

10. Bank Hapoalim is authorized to debit the GK8 Bank Account in the ordinary course of business without the need for further order of the Court for: (a) all checks drawn on the GK8 Bank Account that are cashed at Bank Hapoalim's counters or exchanged for cashier's checks by the payees thereof prior to the GK8 Petition Date; (b) all checks or other items deposited the GK8 Bank Account with Bank Hapoalim prior to the GK8 Petition Date which have been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the GK8 Debtors were responsible for such items prior to the GK8 Petition Date; (c) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to Bank Hapoalim as service charges for the maintenance of the GK8 Cash Management System; and (d) all reversals, returns, refunds, and chargebacks of checks, deposited items, and other debits credited to GK8 Debtor's account after the GK8 Petition Date, regardless of the reason such item is returned or reversed (including, without limitation, for insufficient funds or a consumer's statutory right to reverse a charge).

11. Bank Hapoalim may rely on the representations of the GK8 Debtors with respect to whether any check or other payment order drawn or issued by the GK8 Debtors prior to the GK8 Petition Date should be honored pursuant to this or any other order of the Court, and Bank Hapoalim shall not have any liability to any party for relying on such representations by the GK8 Debtors as provided for herein.

12. Any agreements existing between the GK8 Debtors and Bank Hapoalim shall continue to govern the postpetition cash management relationship between the GK8

Debtors and Bank Hapoalim, subject to applicable bankruptcy or other law, all of the provisions of such agreements, including the termination, fee provisions, rights, benefits, offset rights and remedies afforded under such agreements shall remain in full force and effect absent further order of the Court or, with respect to any such agreement with Bank Hapoalim, unless the GK8 Debtors and Bank Hapoalim agree otherwise, and any other legal rights and remedies afforded to Bank Hapoalim under applicable law shall be preserved, subject to applicable bankruptcy law.

13.    The requirement to establish separate bank accounts for cash collateral and/or tax payments is hereby waived on an interim basis pending a final hearing on the Motion.

14.    Subject to paragraphs 3 and 15, notwithstanding anything to the contrary set forth herein, the GK8 Debtors are authorized, but not directed, to continue GK8 Intercompany Transactions between and among Debtor entities arising from or related to the operation of their business in the ordinary course; *provided* that, with respect to any and all GK8 Intercompany Transactions authorized in this Interim Order, each GK8 Debtor shall (a) continue to pay its own obligations consistent with such Debtor's past practice with respect to GK8 Intercompany Transactions and related obligations, and in no event shall any of the Debtors pay for the prepetition or postpetition obligations incurred or owed by any of the other Debtors in a manner inconsistent with past practices and (b) beginning on the GK8 Petition Date, maintain (i) current records of intercompany balances; (ii) a Debtor by Debtor summary on a monthly basis of any postpetition GK8 Intercompany Transactions involving the transfer of cash for the preceding month (to be available on the

21st day of the following month); and (iii) reasonable access to the GK8 Debtors' advisors and Committee with respect to such records.

15.     All postpetition transfers and payments from a GK8 Debtor to another Debtor under any postpetition GK8 Intercompany Transactions authorized hereunder are hereby accorded superpriority administrative expense status under section 503(b) of the Bankruptcy Code.

16.     Notwithstanding the Debtors' use of a consolidated GK8 Cash Management System, the Debtors shall calculate quarterly fees (to be paid in U.S. dollars) under 28 U.S.C. § 1930(a)(6) based on the disbursements of each GK8 Debtor, regardless of which entity pays those disbursements.  For the avoidance of doubt, all disbursements pursuant to the foregoing shall be made in U.S. dollars.

17.     The GK8 Debtors and Bank Hapoalim may, without further order of the Court, agree to and implement changes to the GK8 Cash Management System and procedures in the ordinary course of business, including, without limitation, the opening and closing of bank accounts; *provided* that in the event the GK8 Debtors open a new bank account they shall open one at an authorized depository; *provided*, *further*, that within five business days the GK8 Debtors shall give notice of the opening of any new bank accounts or closing of the GK8 Bank Account to the U.S. Trustee and the Committee.

18.     Notwithstanding anything to the contrary in this Interim Order, nothing herein shall be interpreted as authorizing the Debtors to restart their platform, including the Swap Service, Earn program, retail lending, institutional lending, and Custody Service (as defined, as applicable, in the Mashinsky Declaration) or otherwise allow the buying,

selling, trading, or withdrawal of cryptocurrency assets on the Debtors' platform absent further order of the court.

19. ~~18.~~ Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed: (a) an admission as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Interim Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens. Any payment made pursuant to this Interim Order is not intended and should not be construed as an admission as the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

20. ~~19.~~ The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order.

21.    20. Nothing in this Interim Order shall modify or impair the ability of any party in interest to contest how the Debtors account, including, without limitation, the validity or amount set forth in such accounting for any GK8 Intercompany Transaction or GK8 Intercompany Balance.  The rights of all parties in interest with the respect thereto are fully preserved.

22.    21. To the extent the GK8 Bank Account is not in compliance with section 345(b) of the Bankruptcy Code or any of the U.S. Trustee Guidelines, the GK8 Debtors shall have until a date that is forty-five (45) days from which the Interim Order is entered, without prejudice to seeking an additional extension, to come into compliance with section 345(b) of the Bankruptcy Code and the U.S. Trustee Guidelines; *provided* that nothing herein shall prevent the Debtors or the U.S. Trustee from seeking further relief from the Court to the extent that an agreement cannot be reached.  The Debtors may obtain a further extension of the 45-day period referenced above by written stipulation with the U.S. Trustee and filing such stipulation on the Court's docket without the need for further Court order.

23.    22. As soon as practicable after entry of this Interim Order, the Debtors shall serve a copy of this Interim Order on Bank Hapoalim.

24.    23. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

25.    24. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

26.    ~~25.~~ Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

27.    ~~26.~~ The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

28.    ~~27.~~ This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

New York, New York
Dated: _____, 2022

_____
THE HONORABLE MARTIN GLENN
CHIEF UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit B</u>**

**Revised Proposed Final Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Initial Debtors' Cases Jointly |
| | ) | Administered) |
| | ) | |
| | ) | (Joint Administration of GK8 |
| | ) | Debtors' Cases Requested) |
| | ) | |

_____

**FINAL ORDER (I) AUTHORIZING THE GK8 DEBTORS
TO (A) CONTINUE TO OPERATE THE GK8 CASH MANAGEMENT
SYSTEM, (B) HONOR CERTAIN PREPETITION OBLIGATIONS RELATED
THERETO, (C) MAINTAIN EXISTING GK8 BUSINESS FORMS, AND (D) CONTINUE
TO PERFORM GK8 INTERCOMPANY TRANSACTIONS, (II) GRANTING
SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS TO POSTPETITION
INTERCOMPANY BALANCES, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession

(collectively, the "Debtors") for entry of a final order (this "Final Order"), (a) authorizing, but not

directing, the GK8 Debtors to (i) continue to operate their cash management system (the "GK8

Cash Management System"), (ii) honor certain prepetition obligations related thereto,

(iii) maintain existing GK8 Business Forms in the ordinary course of business, and (iv) continue

to perform GK8 Intercompany Transactions consistent with historical practice, (b) granting

superpriority administrative expense status to postpetition intercompany balances, and (c) granting

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

related relief, all as more fully set forth in the Motion; and upon the Ferraro Declaration; and this

Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended*

*Standing Order* of Reference from the United States District Court for the Southern District of

New York, entered February 1, 2012; and that this Court having the power to enter a final order

consistent with Article III of the United States Constitution; and this Court having found that venue

of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409;

and this Court having found that the relief requested in the Motion is in the best interests of the

Debtors' estates, their creditors, and other parties in interest; and this Court having found that the

Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and

no other notice need be provided; and this Court having reviewed the Motion and having heard the

statements in support of the relief requested therein at a hearing, if any, before this Court

(the "Hearing"); and this Court having determined that the legal and factual bases set forth in the

Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the

proceedings had before this Court; and after due deliberation and sufficient cause appearing

therefore, it is HEREBY ORDERED THAT:

1.  The Motion is granted on a final basis as set forth herein.

2.  Subject to paragraph 14 and the provisions in this paragraph 2, and except as

otherwise provided in any order of the Court entered in the Debtors' chapter 11 cases, including

without limitation, the *Order (I) Permitting the Sale of the Debtors' Mined Bitcoin in the Ordinary*

*Course and (II) Granting Related Relief* [Docket No. 514] and any order regarding the sale of the

GK8 Assets, the GK8 Debtors are authorized, in their discretion, to: (a) continue operating the

GK8 Cash Management System, substantially as illustrated on **Exhibit 1** attached hereto;

(b) honor their prepetition obligations related thereto; and (c) continue to perform GK8

Intercompany Transactions consistent with historical practice; *provided* that all GK8 Intercompany Transactions shall be only in cash, and not in cryptocurrency, crypto tokens, or other cryptocurrency assets; *provided, further*, that all GK8 Intercompany Transactions, whether between GK8 Debtors or between any Debtor and any non-Debtor affiliate, shall (A) constitute an allowed claim against the applicable Debtor or a loan to the applicable non-Debtor affiliate, and (B) with respect to GK8 Intercompany Transactions, be governed by the budget (the "Budget") and other reporting requirements set forth in the *Stipulation and Agreed Order Regarding Framework for the Distribution of the Debtors' Reporting Information to the Committee* [Docket No. 969] unless the Debtors obtain consent from the Committee, with notice to the U.S. Trustee, or pursuant to a further order from this Court after notice and a hearing; *provided, further,* that, from the date of this Order, any GK8 Intercompany Transaction to a GK8 Debtor (directly or indirectly through non-debtor affiliate Celsius Network IL Ltd) that exceeds $750,000 in the aggregate shall not be permitted without prior written consent from the Committee (email shall suffice) or further order by the Court.

3.      The Debtors are authorized, in their reasonable discretion, in consultation with the advisors to the Committee (email shall suffice), with notice to the U.S. Trustee, to: (a) continue to use, with the same account number, GK8 Bank Account in existence as of the GK8 Petition Date, as identified on **Exhibit 2** attached hereto; (b) treat the GK8 Bank Account for all purposes as an account of the Debtors as debtors in possession; (c) deposit funds in and withdraw funds from the GK8 Bank Account by all usual means, including checks, wire transfers, and other debits; and (d) otherwise perform their obligations under the documents governing the GK8 Bank Account.

4.      The Debtors are authorized, but not directed, in consultation with the advisors to the Committee (email shall suffice), with notice to the U.S. Trustee, to continue using, in their present form, the GK8 Business Forms, as well as checks and other documents related to the GK8 Bank Account existing immediately before the GK8 Petition Date, without reference to the GK8 Debtors' status as debtors in possession; *provided* that once the GK8 Debtors have exhausted their existing stock of GK8 Business Forms, the GK8 Debtors shall ensure that any new GK8 Business Forms are clearly labeled "Debtor-In-Possession"; *provided*, *further*, that with respect to any GK8 Business Forms that exist or are generated electronically, to the extent reasonably practicable, the GK8 Debtors shall ensure that such electronic GK8 Business Forms are clearly labeled "Debtor-In-Possession."

5.      Bank Hapoalim is authorized to continue to maintain, service, and administer the GK8 Bank Account as accounts of the GK8 Debtors as debtors in possession without interruption and in the ordinary course, and to receive, process, honor, and pay, to the extent of available funds, any and all checks, drafts, wires, and ACH transfers issued and drawn on the GK8 Bank Account after the GK8 Petition Date by the holders or makers thereof, as the case may be.

6.      Bank Hapoalim, provided with notice of this Final Order, shall not honor or pay any bank payments drawn on the GK8 Bank Account, or otherwise issued before the GK8 Petition Date, absent further direction from the GK8 Debtors.

7.      The GK8 Debtors shall maintain records in the ordinary course reflecting transfers and including GK8 Intercompany Transactions, so as to permit all such transactions to be ascertainable.

8.      In the course of providing cash management services to the GK8 Debtors, Bank Hapoalim is authorized, without further order of the Court, to deduct the applicable fees and

4

expenses associated with the nature of the deposit and cash management services rendered to the GK8 Debtors, whether arising prepetition or postpetition, from the appropriate accounts of the GK8 Debtors, and further, to charge back to, and take and apply reserves from, the appropriate accounts of the GK8 Debtors any amounts resulting from returned checks or other returned items, including returned items that result from ACH transactions, wire transfers, merchant services transactions or other electronic transfers of any kind, regardless of whether such items were deposited or transferred prepetition or postpetition and regardless of whether the returned items relate to prepetition or postpetition items or transfers.

9.      Bank Hapoalim is authorized to debit the GK8 Bank Account in the ordinary course of business without the need for further order of the Court for:  (a) all checks drawn on the GK8 Bank Account that are cashed at Bank Hapoalim's counters or exchanged for cashier's checks by the payees thereof prior to the GK8 Petition Date; (b) all checks or other items deposited in the GK8 Bank Account with Bank Hapoalim prior to the GK8 Petition Date which have been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the GK8 Debtors were responsible for such items prior to the GK8 Petition Date; (c) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to Bank Hapoalim as service charges for the maintenance of the GK8 Cash Management System; and (d) all reversals, returns, refunds, and chargebacks of checks, deposited items, and other debits credited to GK8 Debtor's account after the GK8 Petition Date, regardless of the reason such item is returned or reversed (including, without limitation, for insufficient funds or a consumer's statutory right to reverse a charge).

10.     Bank Hapoalim may rely on the representations of the GK8 Debtors with respect to whether any check or other payment order drawn or issued by the GK8 Debtors prior to the

GK8 Petition Date should be honored pursuant to this or any other order of the Court, and Bank Hapoalim shall not have any liability to any party for relying on such representations by the GK8 Debtors as provided for herein.

11.    Any agreements existing between the GK8 Debtors and Bank Hapoalim shall continue to govern the postpetition cash management relationship between the GK8 Debtors and Bank Hapoalim, subject to applicable bankruptcy or other law; all of the provisions of such agreements, including the termination, fee provisions, rights, benefits, offset rights and remedies afforded under such agreements shall remain in full force and effect absent further order of the Court or, with respect to any such agreement with Bank Hapoalim, unless the GK8 Debtors with the consent of the Committee, which consent may not be unreasonably withheld, and Bank Hapoalim agree otherwise; and any other legal rights and remedies afforded to Bank Hapoalim under applicable law shall be preserved, subject to applicable bankruptcy law.

12.    The requirement to establish separate bank accounts for cash collateral and/or tax payments is hereby waived.

13.    Subject to paragraphs 2 and 14, the GK8 Debtors are authorized, but not directed, to continue GK8 Intercompany Transactions in cash between and among Debtor entities arising from or related to the operation of their business in the ordinary course; *provided* that, with respect to any and all GK8 Intercompany Transactions authorized in this Final Order, each GK8 Debtor shall (a) continue to pay its own obligations consistent with such GK8 Debtor's past practice with respect to GK8 Intercompany Transactions and related obligations, and in no event shall any of the Debtors pay for the prepetition or postpetition obligations incurred or owed by any of the other Debtors in a manner inconsistent with past practices and (b) beginning on the GK8 Petition Date, maintain (i) current records of intercompany balances, (ii) a Debtor by Debtor summary on a

6

monthly basis of any postpetition GK8 Intercompany Transactions involving the transfer of cash for the preceding month (to be available on the 21st day of the following month), and (iii) reasonable access to such records for the U.S. Trustee and the advisors to the Committee. A monthly summary of such Intercompany Transactions between the Debtors shall be provided to (a) the U.S. Trustee and (b) the advisors to the Committee on the 21st day of the following month.

14.     All postpetition transfers and payments from a GK8 Debtor to another Debtor under any postpetition GK8 Intercompany Transactions authorized hereunder are hereby accorded superpriority administrative expense status under sections 503(b) and 364(c)(1) of the Bankruptcy Code.

15.     With respect to the GK8 Intercompany Transactions authorized hereunder, all parties reserve all rights and arguments with respect to the impact that any such GK8 Intercompany Transactions should have on future recoveries or distributions in these chapter 11 cases.

16.     Notwithstanding the GK8 Debtors' use of a consolidated GK8 Cash Management System, the GK8 Debtors shall calculate quarterly fees (to be paid in U.S. dollars) under 28 U.S.C. § 1930(a)(6) based on the disbursements of each GK8 Debtor, regardless of which entity pays those disbursements.  For the avoidance of doubt, all disbursements pursuant to the foregoing shall be made in U.S. dollars.

17.     The GK8 Debtors and Bank Hapoalim may, without further order of the Court, agree to and implement changes to the GK8 Cash Management System and procedures in the ordinary course of business, including, without limitation, the opening and closing of bank accounts; *provided* that in the event the GK8 Debtors open a new bank account they shall open one at an authorized depository; *provided*, *further*, that the GK8 Debtors shall give five business days' advance notice (email shall suffice) of (a) the opening of any new bank accounts or closing

of the GK8 Bank Account and (b) any material changes to the GK8 Cash Management System and procedures to the U.S. Trustee, the advisors to the Committee, and counsel to any other statutory committee appointed in these chapter 11 cases.

18.     Notwithstanding any language to the contrary in the Motion, the Interim Order, or this Final Order no provision of the Motion or Final Order shall constitute a finding as to whether the GK8 Cash Management System complies with federal or state securities laws, and the right of the United States Securities and Exchange Commission and the Committee to challenge such transactions on any basis are expressly reserved.

19.     Notwithstanding anything to the contrary in the Motion, this Final Order, or any findings announced at the Hearing, nothing in the Motion, this Final Order, or announced at the Hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission and the Committee to challenge transactions involving crypto tokens on any basis are expressly reserved.

20.     Notwithstanding anything to the contrary in this Final Order, nothing herein shall be interpreted as authorizing the Debtors to restart their platform, including the Swap Service, Earn program, retail lending, institutional lending, and Custody Service (as defined, as applicable, in the Mashinsky Declaration) or otherwise allow the buying, selling, trading, or withdrawal of cryptocurrency assets on the Debtors' platform absent further order of the court.

21.     Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed:  (a) an admission by the Debtors or the Committee as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' or the Committee's respective rights to dispute any particular claim on any

grounds; (c) a promise or requirement by the Debtors or any third party (including any member of the Committee) to pay any particular claim; (d) an implication or admission by the Debtors or the Committee that any particular claim is of a type specified or defined in this Final Order or the Motion; (e) a request or authorization by any Debtor to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' or the Committee's respective rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors or the Committee that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors and the Committee each expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens. Any payment made pursuant to this Final Order is not intended and should not be construed as an admission by the Debtors or the Committee as to the validity of any particular claim or a waiver of the Debtors' and the Committee's respective rights to subsequently dispute such claim.

22.     The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Final Order.

23.     Nothing in this Final Order shall modify or impair the ability of any party in interest to contest how the Debtors account for any GK8 Intercompany Transaction or GK8 Intercompany Balance, including, without limitation, the validity or amount set forth in such accounting. The rights of all parties in interest with the respect thereto are fully preserved.

9

24.     To the extent the GK8 Bank Account is not in compliance with section 345(b) of the Bankruptcy Code or the U.S. Trustee Guidelines, the requirement for the GK8 Debtors to come into compliance with section 345(b) of the Bankruptcy Code and U.S. Trustee Guidelines is waived.

25.     As soon as practicable after entry of this Final Order, the Debtors shall serve a copy of this Final Order on Bank Hapoalim.

26.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

27.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

28.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order.

29.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

New York, New York
Dated: _____, 2022

_____
THE HONORABLE MARTIN GLENN
CHIEF UNITED STATES BANKRUPTCY JUDGE

## **Exhibit 1**

**GK8 Cash Management System Schematic**

**GK8 Debtors – Cash Schematic**

**Legend**

*Celsius Network IL Ltd.*
Bank of Jerusalem
x17294

Customers[1]

[1] Includes Debtor Celsius Network Ltd (UK)

Intercompany funding from non-Debtor parent

*GK8 Ltd.*
Operations Account
Bank Hapoalim
xxx28598
(Curr: ILS, USD, EUR, GBP)

External Vendors / Payroll

Debtor Bank Account

Non-Debtor Affiliate

External Counterparty

Customers

→ Direct Payment

⇢ Funding

1

**<u>Exhibit 2</u>**

**Bank Account**

| No. | Entity | Bank | Location | Description | Account No. |
|-----|--------|------|----------|-------------|-------------|
| 1. | GK8 Ltd. | Bank Hapoalim | Israel | Operations | xxx8598 |

## Exhibit B-1

**Redline**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

|   |   |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) Case No. 22-10964 (MG) |
| | ) |
| Debtors. | ) (Initial Debtors' Cases Jointly |
| | ) Administered) |
| | ) |
| | ) (Joint Administration of GK8 |
| | ) Debtors' Cases Requested) |
| | ) |

_____

**FINAL ORDER (I) AUTHORIZING THE GK8 DEBTORS
TO (A) CONTINUE TO OPERATE THE GK8 CASH MANAGEMENT
SYSTEM, (B) HONOR CERTAIN PREPETITION OBLIGATIONS RELATED
THERETO, (C) MAINTAIN EXISTING GK8 BUSINESS FORMS, AND (D) CONTINUE
TO PERFORM GK8 INTERCOMPANY TRANSACTIONS, (II) GRANTING
SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS TO POSTPETITION
INTERCOMPANY BALANCES, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of a final order (this "Final Order"), (a) authorizing, but not directing, the GK8 Debtors to (i) continue to operate their cash management system (the "GK8 Cash Management System"), (ii) honor certain prepetition obligations related thereto, (iii) maintain existing GK8 Business Forms in the ordinary course of business, and (iv) continue to perform GK8 Intercompany Transactions consistent with historical practice, (b) granting superpriority administrative expense status to postpetition intercompany balances, and

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

(c) granting related relief, all as more fully set forth in the Motion; and upon the Ferraro Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order* of Reference from the United States District Court for the Southern District of New York, entered February 1, 2012; and that this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefore, it is HEREBY ORDERED THAT:

1.      The Motion is granted on a final basis as set forth herein.

2.      Subject to paragraph 14 and the provisions in this paragraph 2, and except as otherwise provided in any order of the Court entered in the Debtors' chapter 11 cases, including without limitation, the *Order (I) Permitting the Sale of the Debtors' Mined Bitcoin in the Ordinary Course and (II) Granting Related Relief* [Docket No. 514] and any order regarding the sale of the GK8 Assets, the GK8 Debtors are authorized, in their discretion, to: (a) continue operating the GK8 Cash Management System, substantially as illustrated on Exhibit 1 attached hereto; (b) honor their prepetition obligations related thereto; and

2

(c) continue to perform GK8 Intercompany Transactions consistent with historical practice; *provided* that all GK8 Intercompany Transactions shall be only in cash, and not in cryptocurrency, crypto tokens, or other cryptocurrency assets; *provided, further*, that all GK8 Intercompany Transactions, whether between GK8 Debtors or between any Debtor and any non-Debtor affiliate, shall (A) constitute an allowed claim against the applicable Debtor or a loan to the applicable non-Debtor affiliate, and (B) with respect to GK8 Intercompany Transactions, be governed by the budget (the "Budget") and other reporting requirements set forth in the *Stipulation and Agreed Order Regarding Framework for the Distribution of the Debtors' Reporting Information to the Committee* [Docket No. 969] unless the Debtors obtain consent from the Committee, with notice to the U.S. Trustee, or pursuant to a further order from this Court after notice and a hearing; *provided, further,* that, from the date of this Order, any GK8 Intercompany Transaction to a GK8 Debtor (directly or indirectly through non-debtor affiliate Celsius Network IL Ltd) that exceeds $750,000 in the aggregate shall not be permitted without prior written consent from the Committee (email shall suffice) or further order by the Court.

3. The Debtors are authorized, in their reasonable discretion, in consultation with the advisors to the Committee (email shall suffice), with notice to the U.S. Trustee, to: (a) continue to use, with the same account number, GK8 Bank Account in existence as of the GK8 Petition Date, as identified on Exhibit 2 attached hereto; (b) treat the GK8 Bank Account for all purposes as an account of the Debtors as debtors in possession; (c) deposit funds in and withdraw funds from the GK8 Bank Account by all usual means, including checks, wire transfers, and other debits; and (d) otherwise perform their obligations under the documents governing the GK8 Bank Account.

4.      The Debtors are authorized, but not directed, in consultation with the advisors to the Committee (email shall suffice), with notice to the U.S. Trustee, to continue using, in their present form, the GK8 Business Forms, as well as checks and other documents related to the GK8 Bank Account existing immediately before the GK8 Petition Date, without reference to the GK8 Debtors' status as debtors in possession; *provided* that once the GK8 Debtors have exhausted their existing stock of GK8 Business Forms, the GK8 Debtors shall ensure that any new GK8 Business Forms are clearly labeled "Debtor-In-Possession"; *provided*, *further*, that with respect to any GK8 Business Forms that exist or are generated electronically, to the extent reasonably practicable, the GK8 Debtors shall ensure that such electronic GK8 Business Forms are clearly labeled "Debtor-In-Possession."

5.      Bank Hapoalim is authorized to continue to maintain, service, and administer the GK8 Bank Account as accounts of the GK8 Debtors as debtors in possession without interruption and in the ordinary course, and to receive, process, honor, and pay, to the extent of available funds, any and all checks, drafts, wires, and ACH transfers issued and drawn on the GK8 Bank Account after the GK8 Petition Date by the holders or makers thereof, as the case may be.

6.      Bank Hapoalim, provided with notice of this Final Order, shall not honor or pay any bank payments drawn on the GK8 Bank Account, or otherwise issued before the GK8 Petition Date, absent further direction from the GK8 Debtors.

7.      The GK8 Debtors shall maintain records in the ordinary course reflecting transfers and including GK8 Intercompany Transactions, so as to permit all such transactions to be ascertainable.

8.    In the course of providing cash management services to the GK8 Debtors, Bank Hapoalim is authorized, without further order of the Court, to deduct the applicable fees and expenses associated with the nature of the deposit and cash management services rendered to the GK8 Debtors, whether arising prepetition or postpetition, from the appropriate accounts of the GK8 Debtors, and further, to charge back to, and take and apply reserves from, the appropriate accounts of the GK8 Debtors any amounts resulting from returned checks or other returned items, including returned items that result from ACH transactions, wire transfers, merchant services transactions or other electronic transfers of any kind, regardless of whether such items were deposited or transferred prepetition or postpetition and regardless of whether the returned items relate to prepetition or postpetition items or transfers.

9.    Bank Hapoalim is authorized to debit the GK8 Bank Account in the ordinary course of business without the need for further order of the Court for:  (a) all checks drawn on the GK8 Bank Account that are cashed at Bank Hapoalim's counters or exchanged for cashier's checks by the payees thereof prior to the GK8 Petition Date; (b) all checks or other items deposited in the GK8 Bank Account with Bank Hapoalim prior to the GK8 Petition Date which have been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the GK8 Debtors were responsible for such items prior to the GK8 Petition Date; (c) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to Bank Hapoalim as service charges for the maintenance of the GK8 Cash Management System; and (d) all reversals, returns, refunds, and chargebacks of checks, deposited items, and other debits credited to GK8 Debtor's account after the GK8 Petition Date, regardless of the reason such item is

5

returned or reversed (including, without limitation, for insufficient funds or a consumer's statutory right to reverse a charge).

10.    Bank Hapoalim may rely on the representations of the GK8 Debtors with respect to whether any check or other payment order drawn or issued by the GK8 Debtors prior to the GK8 Petition Date should be honored pursuant to this or any other order of the Court, and Bank Hapoalim shall not have any liability to any party for relying on such representations by the GK8 Debtors as provided for herein.

11.    Any agreements existing between the GK8 Debtors and Bank Hapoalim shall continue to govern the postpetition cash management relationship between the GK8 Debtors and Bank Hapoalim, subject to applicable bankruptcy or other law; all of the provisions of such agreements, including the termination, fee provisions, rights, benefits, offset rights and remedies afforded under such agreements shall remain in full force and effect absent further order of the Court or, with respect to any such agreement with Bank Hapoalim, unless the GK8 Debtors with the consent of the Committee, which consent may not be unreasonably withheld, and Bank Hapoalim agree otherwise; and any other legal rights and remedies afforded to Bank Hapoalim under applicable law shall be preserved, subject to applicable bankruptcy law.

12.    The requirement to establish separate bank accounts for cash collateral and/or tax payments is hereby waived.

13.    Subject to paragraphs 2 and 14, the GK8 Debtors are authorized, but not directed, to continue GK8 Intercompany Transactions in cash between and among Debtor entities arising from or related to the operation of their business in the ordinary course; *provided* that, with respect to any and all GK8 Intercompany Transactions authorized in

6

this Final Order, each GK8 Debtor shall (a) continue to pay its own obligations consistent with such GK8 Debtor's past practice with respect to GK8 Intercompany Transactions and related obligations, and in no event shall any of the Debtors pay for the prepetition or postpetition obligations incurred or owed by any of the other Debtors in a manner inconsistent with past practices and (b) beginning on the GK8 Petition Date, maintain (i) current records of intercompany balances, (ii) a Debtor by Debtor summary on a monthly basis of any postpetition GK8 Intercompany Transactions involving the transfer of cash for the preceding month (to be available on the 21st day of the following month), and (iii) reasonable access to such records for the U.S. Trustee and the advisors to the Committee.  A monthly summary of such Intercompany Transactions between the Debtors shall be provided to (a) the U.S. Trustee and (b) the advisors to the Committee on the 21st day of the following month.

14.    All postpetition transfers and payments from a GK8 Debtor to another Debtor under any postpetition GK8 Intercompany Transactions authorized hereunder are hereby accorded superpriority administrative expense status under sections 503(b) and 364(c)(1) of the Bankruptcy Code.

15.    With respect to the GK8 Intercompany Transactions authorized hereunder, all parties reserve all rights and arguments with respect to the impact that any such GK8 Intercompany Transactions should have on future recoveries or distributions in these chapter 11 cases.

16.    Notwithstanding the GK8 Debtors' use of a consolidated GK8 Cash Management System, the GK8 Debtors shall calculate quarterly fees (to be paid in U.S. dollars) under 28 U.S.C. § 1930(a)(6) based on the disbursements of each GK8 Debtor,

regardless of which entity pays those disbursements. For the avoidance of doubt, all disbursements pursuant to the foregoing shall be made in U.S. dollars.

17. The GK8 Debtors and Bank Hapoalim may, without further order of the Court, agree to and implement changes to the GK8 Cash Management System and procedures in the ordinary course of business, including, without limitation, the opening and closing of bank accounts; *provided* that in the event the GK8 Debtors open a new bank account they shall open one at an authorized depository; *provided*, *further*, that the GK8 Debtors shall give five business days' advance notice (email shall suffice) of (a) the opening of any new bank accounts or closing of the GK8 Bank Account and (b) any material changes to the GK8 Cash Management System and procedures to the U.S. Trustee, the advisors to the Committee, and counsel to any other statutory committee appointed in these chapter 11 cases.

18. Notwithstanding any language to the contrary in the Motion, the Interim Order, or this Final Order no provision of the Motion or Final Order shall constitute a finding as to whether the GK8 Cash Management System complies with federal or state securities laws, and the right of the United States Securities and Exchange Commission and the Committee to challenge such transactions on any basis are expressly reserved.

19. Notwithstanding anything to the contrary in the Motion, this Final Order, or any findings announced at the Hearing, nothing in the Motion, this Final Order, or announced at the Hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission and the Committee to challenge transactions involving crypto tokens on any basis are expressly reserved.

8

20.    Notwithstanding anything to the contrary in this Final Order, nothing herein shall be interpreted as authorizing the Debtors to restart their platform, including the Swap Service, Earn program, retail lending, institutional lending, and Custody Service (as defined, as applicable, in the Mashinsky Declaration) or otherwise allow the buying, selling, trading, or withdrawal of cryptocurrency assets on the Debtors' platform absent further order of the court.

21.    ~~20.~~ Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed: (a) an admission by the Debtors or the Committee as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' or the Committee's respective rights to dispute any particular claim on any grounds; (c) a promise or requirement by the Debtors or any third party (including any member of the Committee) to pay any particular claim; (d) an implication or admission by the Debtors or the Committee that any particular claim is of a type specified or defined in this Final Order or the Motion; (e) a request or authorization by any Debtor to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' or the Committee's respective rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors or the Committee that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors and the Committee each expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens. Any payment made pursuant to this Final Order is not intended and should not be construed as an admission by the Debtors or the Committee as

to the validity of any particular claim or a waiver of the Debtors' and the Committee's respective rights to subsequently dispute such claim.

22.    21.  The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Final Order.

23.    22.  Nothing in this Final Order shall modify or impair the ability of any party in interest to contest how the Debtors account for any GK8 Intercompany Transaction or GK8 Intercompany Balance, including, without limitation, the validity or amount set forth in such accounting.  The rights of all parties in interest with the respect thereto are fully preserved.

24.    23.  To the extent the GK8 Bank Account is not in compliance with section 345(b) of the Bankruptcy Code or the U.S. Trustee Guidelines, the requirement for the GK8 Debtors to come into compliance with section 345(b) of the Bankruptcy Code and U.S. Trustee Guidelines is waived.

25.    24.  As soon as practicable after entry of this Final Order, the Debtors shall serve a copy of this Final Order on Bank Hapoalim.

26.    25.  Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

27.    26. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

28.    27. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order.

29.    28. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

New York, New York
Dated: _____, 2022

THE HONORABLE MARTIN GLENN
CHIEF UNITED STATES BANKRUPTCY JUDGE

11