UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER (I) APPLYING CERTAIN ORDERS IN INITIAL
DEBTORS' CHAPTER 11 CASES TO, GK8 LTD., GK8 USA LLC,
AND GK8 UK LIMITED AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the GK8 Debtors for entry of an order (this "Order"), (a) applying the Initial Orders to the GK8 Debtors in their respective chapter 11 cases, effective as of the GK8 Petition Date and (b) granting related relief, all as more fully set forth in the Motion; and upon the Ferraro Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing thereon were appropriate under the circumstances and no other notice need be provided; and this Court

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is HEREBY ORDERED THAT:

1.  The Motion is granted as set forth herein.

2.  The Initial Orders entered in the Initial Debtors' chapter 11 cases and identified on **Exhibit 1** attached hereto are hereby applicable to and binding on the GK8 Debtors as if entered individually, effective as of the GK8 Petition Date. All references to "Debtors" in the Initial Orders shall be deemed to include the "GK8 Debtors" pursuant to the terms of this Order.

3.  The form of Notice of Commencement attached hereto as **Exhibit 2** is hereby approved. Service of the Notice of Commencement shall be deemed adequate and sufficient notice of: (a) the commencement of these chapter 11 cases; and (b) the scheduling of the meeting of creditors under section 341 of the Bankruptcy Code, if applicable.

4.  Paragraph 6 of the Consolidated Creditor Matrix Order is modified to read the following:

    "The *Initial* Debtors are authorized to file a consolidated list of the fifty largest unsecured creditors *and the GK8 Debtors are authorized to file a consolidated list of the twenty largest unsecured creditors* in their respective chapter 11 cases in lieu of each *Initial* Debtor *and each GK8 Debtor* filing a list of its twenty largest unsecured creditors."

5.  Notwithstanding anything to the contrary herein, nothing in this Order shall be construed to confer, create, or imply joint and several liability between the Initial Debtors and the GK8 Debtors. The Debtors and the Committee reserve all rights with respect to any potential joint and several liability between the Initial Debtors and the GK8 Debtors.

6. The time within which the GK8 Debtors must file the Schedules and Statements is extended for thirty days (for a total of forty-four days after the GK8 Petition Date), to and including January 20, 2023, without prejudice to the Debtors' right to seek additional extensions.

7. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of the GK8 Debtors' estates and/or the Initial Debtors' estates.

8. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

9. Notwithstanding anything to the contrary in the Motion, this Order, or any findings announced at the Hearing, nothing in the Motion, this Order, or announced at the Hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis are expressly reserved.

10. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission by the Debtors or the Committee as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' or the Committee's respective rights to dispute any particular claim on any grounds; (c) a promise or requirement by the Debtors or any third party (including any member of the Committee) to pay any particular claim; (d) an implication or admission by the Debtors or the Committee that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization by any Debtor to assume any agreement, contract, or lease pursuant

to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' or the Committee's rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors or the Committee that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors and the Committee each expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens. Any payment made pursuant to this Order is not intended and should not be construed as an admission by the Debtors or the Committee as to the validity of any particular claim or a waiver of the Debtors' and the Committee's respective rights to subsequently dispute such claim.

11.     The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Order.

12.     Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

13.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

14.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

15.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this

**IT IS SO ORDERED.**

Dated:  December 9, 2022
          New York, New York

                                                      **/s/ Martin Glenn**
                                                    MARTIN GLENN
                                          Chief United States Bankruptcy Judge

# Exhibit 1

Initial Orders

| **Administrative and Procedural First Day Initial Orders** ||
|---|---|
| Docket No. | Order Title |
| 54 | *Order (I) Authorizing and Approving the Appointment of Stretto, Inc. as Claims and Noticing Agent and (II) Granting Related Relief* |
| 55 | *Order (I) Authorizing the Debtors to Prepare a Consolidated List of Creditors in Lieu of Submitting a Separate Mailing Matrix for Each Debtor, (II) Authorizing the Debtors to File a Consolidated List of the Debtors' Fifty Largest Unsecured Creditors, (III) Authorizing the Debtors to Redact Certain Personally Identifiable Information, (IV) Approving the Form and Manner of Notifying Creditors of Commencement of These Chapter 11 Cases, and (V) Granting Related Relief* |
| 60 | *Order (I) Restating and Enforcing the Worldwide Automatic Stay, Anti-Discrimination Provisions, and Ipso Facto Protections of the Bankruptcy Code, (II) Approving the Form and Manner of Notice, and (III) Granting Related Relief* |
| 685 | *Order Granting a Second Extension of Time to File Schedules and Statements of Financial Affairs* |
| 910 | *Memorandum Opinion and Order on the Debtors' Sealing Motion* |
| 1181 | *Amended Final Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief* |
| **Operational First Day Initial Orders** ||
| Docket No. | Order Title |
| 518 | *Final Order (I) Authorizing the Debtors to (A) Pay Prepetition Employee Wages, Salaries, Other Compensation, and Reimbursable Expenses and (B) Continue Employee Benefits Programs and (II) Granting Related Relief* |
| 520 | *Final Order (I) Authorizing the Debtors to Pay Prepetition Claims of Certain Critical Vendors, Foreign Vendors, 503(B)(9) Claimants, and Lien Claimants, (II) Granting Administrative Expense Priority to All Undisputed Obligations on Account of Outstanding Orders, and (III) Granting Related Relief* |
| 521 | *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief* |
| 524 | *Final Order (I) Authorizing the Debtors to (A) Pay Their Obligations Under Prepetition Insurance Policies, (B) Continue to Pay Certain Brokerage Fees, (C) Renew, Supplement, Modify, or Purchase Insurance Coverage, and (D) Maintain Their Surety Bond Program and (II) Granting Related Relief* |
| 525 | *Final Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and Preferred Stock and (II) Granting Related Relief* |
| 526 | *Final Order (I) Authorizing the Payment of Certain Taxes and Fees and (II) Granting Related Relief* |
| 668 | *Stipulation and Agreed Order Regarding Framework for the Distribution of the Debtors' Reporting Information to the Committee* |
| 1153 | *Order (I) Extending the Time to File Notices of Removal of Civil Actions and (II) Granting Related Relief* |

| **Second Day Initial Orders** | |
|---|---|
| Docket No. | Order Title |
| 687 | *Order(I) Approving Bidding Procedures for the Potential Sale of Certain of the Debtors' Assets, (II) Scheduling Certain Dates with Respect Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Approving Contract Assumption and Assignment Procedures, and (V) Granting Related Relief* |
| 840 | *Order (I) Authorizing Debtors to Serve Certain Parties by E-Mail and (II) Granting Related Relief* |
| **Operational Initial Order** | |
| Docket No. | Order Title |
| 1368 | *Order (I) Setting Bar Dates for Submitting Proofs of Claim, (II) Approving Procedures for Submitting Proofs of Claim, (III) Approving Notice Thereof, and (IV) Granting Related Relief* |

**Exhibit 2**

Notice of Commencement

| Information to identify the case: | | |
|---|---|---|
| Debtors: | GK8 Ltd.<br>Name | EIN  5 1 – 5 8 8 1 2 0 9 |
| | GK8 UK Limited<br>Name | EIN  1 4 – 1 3 0 8 9 3 |
| | GK8 USA LLC<br>Name | EIN  8 8 – 1 9 8 9 4 5 0 |
| United States Bankruptcy Court for the: Southern District of New York<br>(State) | | Date case filed for chapter 11:  12/7/2022<br>MM / DD / YYYY |
| Case Number:  22-10964 (MG) (Jointly Administered) | | |

Official Form 309F1 (For Corporations or Partnerships)

# Notice of Chapter 11 Bankruptcy Case                                                 10/20

For the debtor listed above, a case has been filed under chapter 11 of the Bankruptcy Code. An order for relief has been entered.

This notice has important information about the case for creditors and debtors, including information about the meeting of creditors and deadlines. Read both pages carefully.

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtor or the debtor's property. For example, while the stay is in effect, creditors cannot sue, assert a deficiency, repossess property, or otherwise try to collect from the debtor. Creditors cannot demand repayment from the debtor by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees.

Confirmation of a chapter 11 plan may result in a discharge of debt. A creditor who wants to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadline specified in this notice. (See line 11 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at https://pacer.uscourts.gov).

The staff of the bankruptcy clerk's office cannot give legal advice.

Do not file this notice with any proof of claim or other filing in the case.

1. Debtors' full name: **See chart below.**

    List of Jointly Administered Cases

| No. | Debtor | Former Name | Address | Case No. | EIN # |
|---|---|---|---|---|---|
| 1 | GK8 Ltd. | Puzzzle Cybersecurity Ltd. | Daniel Frisch 3 Street, Tel Aviv-Yafo, Israel, 6473104 | 22-11643 | 51-5881209 |
| 2 | GK8 UK Limited | N/A | Daniel Frisch 3 Street, Tel Aviv-Yafo, Israel, 6473104 | 22-11645 | 14-130893 |
| 3 | GK8 USA LLC | N/A | Daniel Frisch 3 Street, Tel Aviv-Yafo, Israel, 6473104 | 22-11644 | 88-1989450 |

| | | |
|---|---|---|
| 2. | **All other names used in the last 8 years** | See chart above |
| 3. | **Address** | See chart above |
| 4. | **Debtor's attorney**<br>Name and address | Joshua A. Sussberg, P.C.<br>Kirkland & Ellis LLP<br>Kirkland & Ellis International LLP<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:  (212) 446-4800<br>Facsimile:    (212) 446-4900<br><br>Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)<br>Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)<br>Christopher S. Koenig<br>Dan Latona (admitted *pro hac vice*)<br>Kirkland & Ellis LLP<br>Kirkland & Ellis International LLP<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Telephone:  (312) 862-2000<br>Facsimile:    (312) 862-2200 |
| 5. | **Bankruptcy clerk's office**<br>Documents in this case may be filed at this address. You may inspect all records filed in this case at this office or online at https://pacer.uscourts.gov. | U.S. Bankruptcy Court<br>Southern District of New York<br>One Bowling Green<br>New York, NY 10004<br><br>All documents in this case are available free of charge on the website of the Debtors' notice and claims agent at https://cases.stretto.com/Celsius | Hours open<br>8:30 a.m. to 5:00 p.m. (prevailing Eastern Time)[1]<br><br>Contact phone:<br>(212) 668-2870 |
| 6. | **Meeting of creditors**<br>The debtor's representative must attend the meeting to be questioned under oath. Creditors may attend, but are not required to do so. | **To be determined.** |

---

[1] Please reference the Court's website for operating procedures in response to the COVID-19 pandemic: http://www.nysb.uscourts.gov/general-orders-and-guidance-created-covid-19.

| | | | |
|---|---|---|---|
| 7. | **Proof of claim deadline** | **Deadline for filing proof of claim:** | **Not yet set. If a deadline is set, a notice will be sent at a later time.** |
| | | A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.uscourts.gov or any bankruptcy clerk's office. | |
| | | Your claim will be allowed in the amount scheduled unless: | |
| | | ☒ your claim is designated as *disputed*, *contingent*, or *unliquidated*; <br> ☒ you file a proof of claim in a different amount; or <br> ☒ you receive another notice. | |
| | | If your claim is not scheduled or if your claim is designated as *disputed*, *contingent*, or *unliquidated*, you must file a proof of claim or you might not be paid on your claim and you might be unable to vote on a plan. You may file a proof of claim even if your claim is scheduled. | |
| | | You may review the schedules at the bankruptcy clerk's office or online at https://pacer.uscourts.gov. | |
| | | Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits a creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial. | |
| 8. | **Exception to discharge deadline** <br> The bankruptcy clerk's office must receive a complaint and any required filing fee by the following deadline. | If § 523(c) applies to your claim and you seek to have it excepted from discharge, you must start a judicial proceeding by filing a complaint by the deadline stated below. <br><br> **Deadline for filing the complaint:** | **To be determined.** |
| 9. | **Creditors with a foreign address** | If you are a creditor receiving notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. | |
| 10. | **Filing a Chapter 11 bankruptcy case** | Chapter 11 allows debtors to reorganize or liquidate according to a plan. A plan is not effective unless the court confirms it. You may receive a copy of the plan and a disclosure statement telling you about the plan, and you may have the opportunity to vote on the plan. You will receive notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the debtor will remain in possession of the property and may continue to operate its business. | |
| 11. | **Discharge of debts** | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. See 11 U.S.C. § 1141(d). A discharge means that creditors may never try to collect the debt from the debtor except as provided in the plan. If you want to have a particular debt owed to you excepted from the discharge and § 523(c) applies to your claim, you must start a judicial proceeding by filing a complaint and paying the filing fee in the bankruptcy clerk's office by the deadline. | |

**Exhibit 3**

GK8 Insurance Policies

| Type of Coverage | Insurance Carrier(s) | Policy Number | Policy Term |
|---|---|---|---|
| E&O Insurance | Lloyd's Underwriter Syndicate No. 2012 AAL | CRM2200000001-000 | 8/1/2022 - 8/1/2023 |
| Office Insurance | Fenix | 22/019/063/1245481 | 12/1/2022 - 11/30/2023 |

# Exhibit 4

GK8 Taxing Authorities

| Authority | Address | Type |
|---|---|---|
| Delaware Division of Revenue | 820 N. French Street<br>Wilmington, DE 19801 | Franchise Tax |
| Israel Taxes Authority | Tax Office Tel Aviv 4<br>125 Menachem Begin Rd.<br>Tel Aviv, Israel | Withholding Tax<br>Social Security and Social Benefits |
| Tel Aviv Municipality | 69 Even Gvirol Street<br>Tel Aviv-Yafo, Israel | City Tax |