| | |
|---|---|
| Joshua A. Sussberg, P.C.<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:  (212) 446-4800<br>Facsimile:  (212) 446-4900 | Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)<br>Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)<br>Christopher S. Koenig<br>Dan Latona (admitted *pro hac vice*)<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Telephone:  (312) 862-2000<br>Facsimile:  (312) 862-2200 |

*Counsel to the Initial Debtors and Debtors in Possession*

*Proposed Counsel to the GK8 Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**DEBTORS' STATEMENT IN SUPPORT OF ENTRY OF THE**
**ORDER (I) APPROVING THE SALE OF THE GK8 DEBTORS'**
**ASSETS FREE AND CLEAR OF ALL CLAIMS, LIENS, RIGHTS,**
**INTERESTS AND ENCUMBRANCES, (II) AUTHORIZING THE GK8**
**DEBTORS TO ENTER INTO AND PERFORM THEIR OBLIGATIONS**
**UNDER THE ASSET PURCHASE AGREEMENT, (III) AUTHORIZING**
**THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY**
**CONTRACTS AND UNEXPIRED LEASES, AND (IV) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") submit this Statement in support of the entry of the *Order (I) Approving the Sale of the GK8*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 USA LLC (9450); and GK8 UK Limited (0893).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Debtors' Assets Free and Clear of All Claims, Liens, Rights, Interests and Encumbrances, (II) Authorizing the GK8 Debtors to Enter Into and Perform Their Obligations Under the Asset Purchase Agreement, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* [Docket No. 1615] (the "Sale Order"). In support this Statement, the Debtors submit the following:

### Introduction

1. The Debtors seek entry of the Sale Order and approval of the asset purchase agreement, dated December 2, 2022 (the "APA"), by and among Galaxy Digital Trading LLC ("Galaxy") and the above captioned debtors and debtors in possession GK8 Ltd., GK8 USA LLC, and GK8 UK Limited (collectively, the "GK8 Debtors").[2] Entering into the APA and consummating the sale transaction is a sound exercise of the GK8 Debtors' business judgment as the Galaxy bid, as set forth in the Kielty Declaration,[3] is the highest and best offer for the GK8 Assets.

2. The Debtors submit this Statement in support of entry of the Sale Order to set forth whether certain causes of action owned by the GK8 Debtors are being transferred to Galaxy under the APA. The Debtors also submit the *Declaration of Holden Bixler in Support of the Order (I) Approving the Sale of the GK8 Debtors' Assets Free and Clear of All Claims, Liens, Rights, Interests and Encumbrances, (II) Authorizing the GK8 Debtors to Enter Into and Perform Their Obligations Under the Asset Purchase Agreement, (III) Authorizing the Assumption and*

---

[2] Capitalized terms not defined herein shall have the meanings ascribed to such terms in the Sale Order or the APA, as applicable.

[3] "Kielty Declaration" means the *Declaration of Ryan Kielty in Support of Entry of an Order (I) Approving the Sale of the Debtors' GK8 Assets Free and Clear of All Claims, Liens, Rights, Interests and Encumbrances, (II) Authorizing the Debtors to Enter Into and Perform Their Obligations Under the Assets Purchase Agreement, (III) Assume and Assign Certain Executory Contracts and Unexpired Lease, and (IV) Granting Related Relief* [Docket No. 1622].

2

*Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* (the "Bixler Declaration"), filed contemporaneously herewith

## I. Celsius' Acquisition of GK8.

3. In October 2021, Debtor Celsius Network Limited executed the share purchase agreement, dated October 28, 2021, by and among Celsius Network Limited, GK8 Ltd., and the shareholders of GK8 Ltd. (the "2021 SPA"), acquiring the GK8 business for approximately $115 million, consisting of approximately $100 million in USD and approximately $15 million in CEL token and equity. Prior to its acquisition of the GK8 Debtors, Debtor Celsius Network Limited was a customer of the GK8 business. This relationship provided the foundation for Celsius and GK8 to engage in extensive discussions, which resulted in a purchase price and terms that were competitive relative to the market at the time.[4] At the time, Bitcoin was trading at approximately $61,892.40.[5] Both Celsius and GK8 were represented by separate counsel and negotiated the 2021 SPA in good faith and at arms' length.

4. As part of the acquisition process, the Debtors and GK8 co-founders, Lior Lamesh and Shahar Shamai, entered into employment agreements. Each agreement provided that Mr. Lamesh and Mr. Shamai, as Chief Executive Officer and Chief Technology Officer of GK8 Ltd., respectively, would earn a gross monthly salary of NIS 50,000[6] and the equivalent of $75,000 in CEL tokens that were subject to vesting over the course of three years. Specifically, one third of the CEL tokens was to vest upon the completion of one full year, and one twelfth of the CEL tokens was to vest upon the completion of each full quarter thereafter until the lapse of three full

---

[4] For example, in March 2021, Paypal acquired Curv for approximately $200 million; in May 2021, Galaxy acquired BitGo for approximately $1.2 billion; and in November 2021, Coinbase, acquired Unbound Security for approximately $235 million.

[5] Closing price on October 29, 2021.

[6] As of the date hereof, NIS 50,000 is equivalent to approximately $14,600.

3

years of employment. As a result of each Initial Debtor filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code on July 13, 2022, however, none of the CEL tokens that were scheduled to be distributed to GK8 employees in connection with their compensation packages vested and, as a result, were never distributed.

## II. Pre-Closing Causes of Action of the GK8 Debtors Transferred to the Purchaser Are Not Valuable Causes of Action.

5. Section 1.1 of the APA sets forth the list of "Acquired Assets" that Seller shall sell, transfer, assign, convey and deliver to Purchaser under the APA. APA § 1.1. Under section 1.1(g) of the APA, "Acquired Assets" includes:

> all demands, allowances, refunds (other than Tax refunds), rebates (including any vendor or supplier rebates, but excluding Tax rebates), express or implied guarantees, warranties, representations, covenants, indemnities, rights, claims, counterclaims, demands, defenses, credits, causes of action, rights of set off, rights of recovery or rights of recoupment, including rights under vendors' and manufacturers' warranties, indemnities and guaranties, in each case arising out of or relating to events occurring on or prior to the Closing Date with respect to the Business or any of the Acquired Assets or Assumed Liabilities (in each case, other than against any Seller or any of its Affiliates, except pursuant to the CE Commercial Agreement).

APA § 1.1(g).

6. Pursuant to section 1.1(g) of the APA, any pre-closing causes of action (that are not Excluded Assets) the GK8 Debtors (*i.e.*, **not** the Initial Debtors or any Affiliates) may have against parties other than the GK8 Debtors or their affiliates are Acquired Assets. Any pre-closing cause of action that the GK8 Debtors may have against any of their employees to avoid certain payments received, including those in connection with the redemption of CEL tokens, would therefore be transferred to the Purchaser.

7. First, with respect to employee compensation, the GK8 co-founders' employment agreements were executed in connection with Celsius' acquisition of GK8, and, post-acquisition,

4

GK8 employees' salaries were established by the GK8 management team. Prior to the GK8 Petition Date, all payments made to GK8 employees on account of compensation and in accordance with such aforementioned agreements. Accordingly, such payments are likely shielded from avoidance under section 547(c) of the Bankruptcy Code. Thus, following a review of the transactions between the GK8 Debtors and their current employees, the GK8 Debtors do not believe that the costs of pursuing speculative claims against employees outweigh the benefits of the sale transaction.

8. Second, the GK8 Debtors do not have any pending litigation, nor are the GK8 Debtors aware of any material vendor or contract counterparty disputes—any such claims would be of speculative and de minimis value and likely would not outweigh the benefit of the sale transaction. Furthermore, pursuant to the relief granted under the Omnibus Order[7] and Sale Order, the GK8 Debtors expect to pay their outstanding prepetition obligations to vendors and contract counterparties in full.

9. Additionally, section 1.1 of the APA provides that:

"[n]otwithstanding anything to the contrary herein, Sellers agree that to the extent any Affiliate of a Seller (other than any other Seller, but including CE Seller) owns or holds any assets, properties or rights exclusively related to the Business that otherwise would have been an Acquired Asset if owned or held by any Seller as of immediately prior to the Closing, such assets, properties and rights shall be deemed to be Acquired Assets hereunder and Sellers shall cause such Acquired Assets then owned or held by such Affiliate to be sold, transferred, assigned and delivered by such Affiliate to Purchaser or its designee for no additional consideration (as if such Affiliate was a Seller hereunder) in accordance with the terms and conditions of this Agreement."

APA § 1.1.

---

[7] "Omnibus Order" means the *Order (I) Applying Certain Orders in Initial Debtors' Chapter 11 Cases to GK8 Ltd., GK8 USA LLC, and GK8 UK Limited and (II) Granting Related Relief* [Docket No. 1655].

5

10. Thus, to the extent an Affiliate of any of the GK8 Debtors holds "any assets, properties or rights *exclusively* related to the Business," those assets, properties, and/or rights would transfer to the Purchaser *solely to the extent* such assets, properties, and rights *exclusively* relate to the Business.[8]  The GK8 Debtors historically operated as a separate business from that of the Initial Debtors—for example, prior to the Initial Debtors' Petition Date, GK8 was funded from revenue generated in the ordinary course of its business (which was higher during that period) and cash reserves.  Moreover, the Initial Debtors operated as a cryptocurrency-based finance platform, while the GK8 Debtors operate a blockchain security company that was never integrated with the Initial Debtors' platform.  Accordingly, the GK8 Debtors do not believe that any Affiliate holds "any assets, properties or rights *exclusively* related to the Business."

### III. Causes of Actions Where Any GK8 Debtors and Any of Their Affiliates are Co-Plaintiffs are Excluded Assets.

11. Section 1.2 of the APA sets forth the list of "Excluded Assets" that shall not be sold, transferred, assigned, conveyed, or delivered to the Purchaser.  APA § 1.2.  Pursuant to section 1.2(p)(i), "Excluded Assets" include "any claims or causes of action where any [of the GK8 Debtors] and any of their Affiliates[9] are co-plaintiffs."  APA § 1.2(p)(i).  As such, causes of action where any of the GK8 Debtors and any of their Affiliates are co-plaintiffs in an action are Excluded Assets that are not transferred to Galaxy under the APA.

---

[8] "Business" means the business conducted by the Company and its Subsidiaries as of the date of this Agreement.

[9] "Affiliates" means "with respect to any Person, any other Person that, directly or indirectly through one or more intermediaries, controls, or is controlled by, or is under common control with, such Person, and the term control" (including the terms "controlled by" and "under common control with") means the possession, directly or indirectly, of the power to direct or cause the direction of the management and policies of such Person, whether through ownership of voting securities, by Contract or otherwise."

6

### IV. Any Liability, Such as an Intercompany Loan, Owed By the GK8 Debtors to Any Affiliate is an Excluded Liability.

12. Section 1.4 of the APA sets forth the list of "Excluded Liabilities" of the GK8 Debtors that shall not be assumed by Galaxy. APA§ 1.4. Pursuant to section 1.4(b) of the APA, "Excluded Liabilities" include "any Liability to any direct or indirect member, shareholder or Affiliates of [the GK8 Debtors] (including any intercompany loans owed to any Affiliate or [the GK8 Debtors]) other than pursuant to the CE Commercial Agreement".

13. During the chapter 11 cases, the Initial Debtors, via non-Debtor Celsius Network IL Ltd., periodically provide Debtor GK8 Ltd. with funding to cover certain operational and administrative expenses to bridge the GK8 Debtors to consummation of the sale transaction. Since August 2022, non-Debtor Celsius IL Ltd. has remitted $1.5 million, in three $500,000 installments, to Debtor GK8 Ltd. pursuant to the Final Cash Management Order.[10] Pursuant to section 1.4(b) of the APA, such intercompany loans are Excluded Liabilities that are not assumed by the Purchaser.

*[Remainder of page intentionally left blank]*

---

[10] "Final Cash Management Order" means the *Final Order (I) Authorizing the Debtors to (A) Continue to Operate Their Existing Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (D) Continue to Perform Intercompany Transactions, (II) Granting Superpriority Administrative Expense Status to Postpetition Intercompany Balances, and (III) Granting Related Relief* [Docket No. 1152].

| | |
|---|---|
| New York, New York<br>Dated: December 12, 2022 | */s/ Joshua A. Sussberg*<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C.<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:    (212) 446-4800<br>Facsimile:     (212) 446-4900<br>Email:           jsussberg@kirkland.com<br><br> - and -<br><br>Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)<br>Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)<br>Christopher S. Koenig<br>Dan Latona (admitted *pro hac vice*)<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Telephone:    (312) 862-2000<br>Facsimile:     (312) 862-2200<br>Email:           patrick.nash@kirkland.com<br>                      ross.kwasteniet@kirkland.com<br>                      chris.koenig@kirkland.com<br>                      dan.latona@kirkland.com<br><br>*Counsel to the Initial Debtors and Debtors in Possession*<br><br>*Proposed Counsel to the GK8 Debtors and Debtors in Possession* |