Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Counsel to the Initial Debtors and Debtors in Possession*

*Proposed Counsel to the GK8 Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**DECLARATION OF HOLDEN BIXLER
IN SUPPORT OF THE ORDER (I) APPROVING THE SALE OF THE
GK8 DEBTORS' ASSETS FREE AND CLEAR OF ALL CLAIMS, LIENS,
RIGHTS, INTERESTS AND ENCUMBRANCES, (II) AUTHORIZING THE
GK8 DEBTORS TO ENTER INTO AND PERFORM THEIR OBLIGATIONS
UNDER THE ASSET PURCHASE AGREEMENT, (III) AUTHORIZING
THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY
CONTRACTS AND UNEXPIRED LEASES, AND (IV) GRANTING RELATED RELIEF**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

I, Holden Bixler, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief.

1. I am a Managing Director with Alvarez & Marsal North America, LLC (together with its wholly-owned subsidiaries and independent contractors and also with employees of its professional service provider affiliates, all of which are wholly owned by its parent company and employees, "A&M"), a global restructuring advisory services firm and a restructuring advisor to the above-captioned debtors and debtors in possession (collectively, the "Debtors").[2] I received my bachelor's degree from the University of Illinois. I also received a law degree from Indiana University. I have over fifteen years of distressed company advisory experience. I specialize in bankruptcy case administration, including the management and reconciliation of claims. Among other topics, I advise clients with respect to schedule and statement preparation and other chapter 11 reporting requirements.

2. The statements in this declaration (this "Declaration") are, except where specifically noted, based on my personal knowledge or opinion, on information that I have received from the Debtors' employees or advisors, employees of A&M working directly with me or under my supervision, direction, or control, or from the Debtors' books and records maintained in the ordinary course of their business. Neither A&M nor I am being specifically compensated for this testimony, other than compensation to A&M as a professional services firm employed by

---

[2] Capitalized terms not defined herein shall have the meanings ascribed to such terms in the *Debtors' Statement in Support of Entry of the Order (I) Approving the Sale of the GK8 Debtors' Assets Free and Clear of All Claims, Liens, Rights, Interests and Encumbrances, (II) Authorizing the GK8 Debtors to Enter Into and Perform Their Obligations Under the Asset Purchase Agreement, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief*, filed contemporaneously herewith.

2

the Debtors. If I were called upon to testify, I could and would competently testify to the facts set forth herein on that basis.

3. I submit this Declaration in support of the entry of the Sale Order[3] to inform the analysis as to whether certain causes of action owned by the GK8 Debtors are being transferred to Galaxy under the asset purchase agreement, dated December 2, 2022 (the "APA"), by and among Galaxy Digital Trading LLC ("Galaxy") and Debtors GK8 Ltd., GK8 USA LLC, and GK8 UK Limited (collectively, the "GK8 Debtors").

I. **GK8 Debtors' Employees**

   A. **CEL Trading**

4. A&M reviewed the Celsius platform's transaction-level data dating back to the date Celsius purchased the equity of GK8 Ltd. in October 2021 to determine whether employees of the GK8 Debtors traded on the Celsius platform. For the avoidance of doubt, S. Daniel Leon was included in this review, and as set forth in the Initial Debtors' *Statement of Financial Affairs for Debtor Celsius Network LLC* [Docket No. 973], all of Mr. Leon's payments were made by, and trading activity was at, the Initial Debtor entities, not the GK8 Debtor entities.

5. Based on my discussions with the Debtors' employees, I understand that the GK8 employees were never provided CEL token. I also understand that GK8 employees were not provided CEL token as ordinary course compensation.

6. A&M's review revealed that two GK8 employees potentially held accounts in Celsius' earn program (the "Earn Program"). A&M is not able to confirm without further inquiry

---

[3] *Order (I) Approving the Sale of the GK8 Debtors' Assets Free and Clear of All Claims, Liens, Rights, Interests and Encumbrances, (II) Authorizing the GK8 Debtors to Enter Into and Perform Their Obligations Under the Asset Purchase Agreement, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* [Docket No. 1615].

whether those identified individuals are the GK8 employees who own Earn Program accounts. Of those two potential GK8 employees, one GK8 employee ("GK8 Employee 1") withdrew approximately $200 from the Initial Debtors platform on June 12, 2022; the other GK8 employee ("GK8 Employee 2") never made any withdrawals. The Earn Program balances for each employee as of July 13, 2022, are reflected below:

| Employee Name | Coin | Earn Balance | Earn Value in USD |
|---|---|---|---|
| GK8 Employee 1 | BTC | 0.023123264 | $468.61 |
| GK8 Employee 1 | ETH | 4.546661555 | $5,063.05 |
| GK8 Employee 1 | USDC | 0.788864169 | $0.79 |
| GK8 Employee 2 | BTC | 0.009314932 | $188.77 |
| GK8 Employee 2 | ETH | 0.008608514 | $9.59 |

      B.    **Bonuses in CEL Token and Fiat**

7.    A&M reviewed whether employees of the GK8 Debtors received any CEL token as a result of Celsius' acquisition of GK8 Ltd. The Debtors' records reflect that Lior Lamesh and Shahar Shamai, as chief executive officer and chief technology officer of GK8 Ltd., respectively, would be eligible to earn a gross monthly salary of NIS 50,000[4] and the equivalent of $75,000 in CEL tokens that were subject to vesting requirements over the course of three years pursuant to the employment contracts each individual executed in connection with Celsius' acquisition of GK8. Specifically, one third of the CEL tokens were to vest upon the completion of one full year, and one twelfth of the CEL tokens were to vest upon the completion of each full quarter thereafter

---

[4]    As of the date hereof, NIS 50,000 is the equivalent to approximately $14,600.

4

until the lapse of three full years of employment. None of these CEL tokens were transferred to Mr. Lamesh or Mr. Shamai.

8.  A&M confirmed that, in connection with Celsius' acquisition of GK8 Ltd., certain GK8 employees were also scheduled to receive retention bonuses in the form of, among other things, CEL token, subject to the applicable vesting periods. As a result of each Initial Debtors filing voluntary petitions for relief under the Bankruptcy Code on July 13, 2022, however, none of the CEL tokens were distributed to GK8 employees.

C.  **Material Reimbursable Expenses**

9.  Given the expedited timeframe for the submission of this Declaration, A&M was unable to conduct a fulsome review of any material departures from the typical benefits that GK8 employees received. Nevertheless, the Debtors' records indicate that, since the acquisition of GK8 in October 2021, approximately NIS 113,000[5] was paid to GK8 employees on account of travel-related reimbursements. These travel-related reimbursements were paid in addition to the GK8 employees' base salary and the bonuses described herein.

II.  **Contract Counterparties and Other Trade Counterparties**

10. A&M completed a preliminary, categorical, review of potential preference recoveries in relation to the sale of the GK8 Assets for non-insider vendor-related transfers within the ninety days prior to the GK8 Petition Date. Given the expedited timeframe for the submission of this Declaration, however, A&M was unable to conduct a fulsome review of all of the potential claims outstanding related to vendors and other contract counterparties of the GK8 Debtors. A&M's preliminary review suggests that transfers made by the GK8 between September 1, 2022,

---

[5] As of the date hereof, NIS 113,000 is the equivalent of approximately $33,000.

through December 8, 2022, appear to have been made to categories of vendors with a low or no likelihood of material preference recovery, such as vendors without a U.S. presence and vendors that would need to be sued in the district in which they reside; however, a detailed review of vendor categorization and a vendor-level recovery analysis would be necessary to confirm this. Furthermore, the GK8 Debtors expect to pay in full nearly all of their vendors and contract counterparties through the relief granted in the Omnibus Motion and Sale Order.

### III. Certain Other Potential Avoidance Actions

11. It is my understanding that, from the date GK8 Ltd. was acquired by Celsius through the middle of August 2022, the GK8 business was funded solely from revenue and cash held on GK8 Ltd.'s balance sheet. During the chapter 11 cases, the Initial Debtors, via non-Debtor Celsius Network IL Ltd., periodically provided Debtor GK8 Ltd. with funding to cover certain operational and administrative expenses to bridge the GK8 Debtors to consummation of the sale transaction. Since August 2022, non-Debtor Celsius IL Ltd. has remitted $1.5 million, in three $500,000 installments, to Debtor GK8 Ltd. pursuant to the Final Cash Management Order.[6]

12. It is my understanding that S. Daniel Leon, Christopher Ferraro, and Roni Pavon were all, at one point, directors of the GK8 Debtors. I understand, however, that prior to the GK8 Petition Date, S. Daniel Leon resigned his position as a director at GK8. As a result, Mr. Ferraro and Mr. Pavon remain the only directors of the GK8 Debtors. I further understand that Mr. Ferraro serves as the chief financial officer of the GK8 Debtors and Ron Deutsch serves as their general

---

[6] "Final Cash Management Order" means the *Final Order (I) Authorizing the Debtors to (A) Continue to Operate Their Existing Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (D) Continue to Perform Intercompany Transactions, (II) Granting Superpriority Administrative Expense Status to Postpetition Intercompany Balances, and (III) Granting Related Relief* [Docket No. 1152].

counsel. It is my understanding that all compensation paid to Mr. Leon, Mr. Ferraro, Mr. Pavon, and Mr. Deutsch is/was paid by the Initial Debtors, not the GK8 Debtors.

[*Remainder of page intentionally left blank*]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: December 12, 2022  
New York, New York

*/s/ Holder Bixler*  
Name: Holder Bixler  
Title: Managing Director  
   Alvarez & Marsal North America, LLC