**WHITE & CASE LLP**
David M. Turetsky
Samuel P. Hershey
Andrew T. Zatz
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile:  (212) 354-8113
Email:  david.turetsky@whitecase.com
            sam.hershey@whitecase.com
            azatz@whitecase.com

– and –

**WHITE & CASE LLP**
Keith H. Wofford
Southeast Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131
Telephone: (305) 371-2700
Facsimile:  (305) 358-5744
Email:  kwofford@whitecase.com

**WHITE & CASE LLP**
Michael C. Andolina (admitted *pro hac vice*)
Gregory F. Pesce (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone: (312) 881-5400
Facsimile:  (312) 881-5450
Email:  mandolina@whitecase.com
            gregory.pesce@whitecase.com

– and –

**WHITE & CASE LLP**
Aaron E. Colodny (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, California 90071
Telephone: (213) 620-7700
Facsimile:  (213) 452-2329
Email:  aaron.colodny@whitecase.com

*Counsel to the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' MEMORANDUM OF LAW WITH RESPECT TO THE PROPOSED SALE OF THE GK8 ASSETS**

The Official Committee of Unsecured Creditors (the "**Committee**") appointed in the cases

of the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**")[2] submits

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2]  The Debtors consist of (i) Celsius Network LLC and certain of its affiliates that initiated these chapter 11 cases

this memorandum of law with respect to entry of the Debtors' proposed *Order (I) Approving the Sale of the GK8 Debtors' Assets Free and Clear of All Claims, Liens, Rights, Interests And Encumbrances, (II) Authorizing the GK8 Debtors to Enter into and Perform their Obligations under the Asset Purchase Agreement, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* [Docket No. 1673] (the "**Sale Order**" and the sale to be approved, the "**Sale**").

## PRELIMINARY STATEMENT

1. The Committee has conducted diligence and provided input to the Debtors throughout their highly-publicized marketing process for the GK8 Debtors' assets. Following a competitive and open bidding process, the Committee believes the Sale Order should be entered and that the proposed Sale of the GK8 Debtors' assets to Galaxy Digital Trading LLC ("**Galaxy**") should be approved and consummated expeditiously. The Galaxy bid is the highest and best bid received by the Debtors, and the pursuit of the Sale under the circumstances is a valid exercise of the Debtors' business judgment.

2. At the December 8 hearing to approve the Sale, the Court requested that the Debtors and the Committee each submit a memorandum of law describing their investigations with respect to avoidance actions to be sold to Galaxy under the Asset Purchase Agreement attached as Exhibit A to the Sale Order (the "**APA**") and the basis for their conclusions that the price paid for such avoidance actions is fair and appropriate. In response to the Court's request, the Committee submits this memorandum of law and states as follows:

---

on July 13, 2022 (collectively, the "**Initial Debtors**"), and (ii) GK8 Ltd., GK8 USA LLC, and GK8 UK (collectively, the "**GK8 Debtors**"), each of which filed their voluntary petitions on December 7, 2022.

**MEMORANDUM OF LAW**

I. **The Proposed Sale Satisfies the Requirements of Section 363(b)**

3. The Committee believes the Debtors have satisfied their burden under section 363(b)(1) of the Bankruptcy Code to sell the GK8 Debtors' assets (the "**GK8 Assets**") to Galaxy under the APA and Sale Order. Section 363(b)(1) of the Bankruptcy Code provides that a debtor, "after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Bankruptcy courts will authorize a sale of a debtor's assets if there is a sound business justification for doing so. *See, e.g., In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989). The decision to sell estate property is subject to the debtor's business judgment, and the goal is to maximize value for the benefit of the estate by obtaining the highest and best offer. *See Official Comm. of Subordinated Bondholders v. Integrated Res., Inc.* (*In re Integrated Res., Inc.*), 147 B.R. 650, 659 (S.D.N.Y. 1992); *In re Metaldyne Corp.*, 409 B.R. 661, 668 (Bankr. S.D.N.Y. 2009).

4. The Debtors' highly publicized sale process for the GK8 Assets included many potential bidders and several rounds of negotiations over the course of approximately five months. The Committee was involved and kept informed throughout the entire process, and the Committee believes the Debtors and its advisors took every action possibly to maximize the value of the bids and opportunities for parties to make a bid. The Committee views Galaxy's bid—which includes aggregate consideration of $44,000,000 in cash and approximately $100,000 of assumed liabilities—as the highest and best offer that the Debtors received for the GK8 Assets. *See Declaration of Ryan Kielty in Support of Entry of an Order (I) Approving the Sale of the Debtors' GK8 Assets Free and Clear Of All Claims, Liens, Rights, Interests and Encumbrances, (II) Authorizing the Debtors to Enter into and Perform Their Obligations under the Asset Purchase*

*Agreement, (III) Assume and Assign Certain Executory Contracts and Unexpired Lease, and (IV) Granting Related Relief* [Docket No. 1622] ¶ 14.

5. The Committee has considered whether affording more time to the sale process would result in a higher bid. The value of the GK8 Assets significantly depends on retaining its two founders, Lior Lamesh and Shar Shamai. If the Sale is not finalized soon, there is a legitimate risk that the founders would leave GK8, which would likely decimate the value of the GK8 Assets. There is no reason to believe that more time would result in a better offer. Therefore, there is well-founded urgency to finalize the Sale to Galaxy.

6. The proposed Sale Order requires that the Sale proceeds be held by the GK8 Debtors until further order of the Court after notice and a hearing. Sale Order ¶ 9. The Committee anticipates that such proceeds will eventually be distributed to creditors under a plan of reorganization or otherwise used by the Debtors for the benefit of its creditors during these chapter 11 cases. Denying the sale would forego liquidity that can be used to benefit the estate and leave the future value of the GK8 Assets highly uncertain.

7. For the foregoing reasons, the Committee believes there is a sound business justification for the proposed Sale, and the Debtors have properly exercised their business judgment in pursuing the consummation of the Galaxy bid.

**II.    The Committee's Analysis of the Avoidance Actions Subject to the Sale**

8. As disclosed by the Debtors, section 1.1(g) of the APA requires that the Debtors transfer to Galaxy certain avoidance actions "related exclusively to GK8." *See* Supplemental Sale Motion [Docket No. 1620] at ¶ 23. In particular, section 1.1(g) of the APA lists the following as "Acquired Assets":

> all demands, allowances, refunds (other than Tax refunds), rebates (including any vendor or supplier rebates, but excluding Tax

>rebates), express or implied guarantees, warranties, representations, covenants, indemnities, rights, *claims*, counterclaims, demands, defenses, credits, *causes of action*, rights of set off, *rights of recovery or rights of recoupment*, including rights under vendors' and manufacturers' warranties, indemnities and guarantees, in each case *arising out of or relating to events occurring on or prior to the Closing Date with respect to the Business or any of the Acquired Assets or Assumed Liabilities* (in each case, other than against any Seller or any of its Affiliates, except pursuant to the CE Commercial Agreement)

APA § 1.1(g) (emphasis added). Such claims and causes of action would necessarily include any avoidance actions arising under the Bankruptcy Code.

### A.  The Purchased Claims Are Only Those Exclusively Held by the GK8 Debtors

9.  The APA is clear that only those claims belonging exclusively to the GK8 Debtors are being acquired. Only the GK8 Debtors are "Sellers" under the APA,[3] and the APA does not purport to transfer any claims or causes of action where any GK8 Debtor is a co-plaintiff with any affiliate. *See* APA § 1.2(p) (providing that "any claims or causes of action where any Seller and any of their Affiliates are co-plaintiffs" are excluded from the sale). Therefore, any claims or causes of action held by entities other than the GK8 Debtors are not contemplated to be sold. To ensure this is clear, the Debtors submitted a revised Sale Order that includes the following additional language:

>Notwithstanding anything to the contrary herein, the Acquired Assets shall not include any claims or causes of action (including avoidance claims under chapter 5 of the Bankruptcy Code) that belong to any Initial Debtor or any Affiliate of an Initial Debtor (other than a GK8 Debtor).

Sale Order ¶ 27. Therefore, only the avoidance claims belonging to the GK8 Debtors merit investigation.

---

[3] GK8 Ltd.'s direct parent, non-debtor affiliate Celsius Network IL Ltd., is also party to the APA, but only with respect to its rights under two agreements as detailed in section 1.1 of the APA. Celsius Network IL Ltd. is not transferring any claims or causes of action.

5

### B.  The Potential Avoidance Actions Held Exclusively by the GK8 Debtors Are Speculative and Outweighed by the Benefits of the Sale

10.     The Committee and the Debtors analyzed the avoidance actions that the Debtors believe may be solely held by the GK8 Debtors, which will be sold to Galaxy under the APA. After review and based on the Debtor's declaration of Holden Bixler in support of the Sale Order [Docket No. 1672] (the "**Bixler Declaration**"), the Committee has concluded that the potential avoidance claims are of limited value (if any) and are outweighed by the benefits of the Sale. The Bixler Declaration establishes the following facts:

- No GK8 employees were ever provided with CEL token as compensation or otherwise;

- Two GK8 employees potentially held accounts in the Earn Program with balances totaling less than $5,750 of value as of July 13, 2022;

- Between these two employees, only approximately $200 was withdrawn;

- Certain GK8 employees (including GK8's founders) were awarded CEL token as compensation but none of it vested prior to the bankruptcy filings by the Initial Debtors and, thus, none of the CEL tokens were distributed; and

- The GK8 Debtors do not appear to own any material sources of recovery against vendors or other contract counterparties.

11.     Further, Celsius negotiated the employment agreements for the founders of GK8, Lior Lamesh and Shar Shamai, at arms'-length when Celsius acquired GK8 in October 2021. After the acquisition, salaries for the GK8 employees were determined by GK8 management. The payments made under these employment agreements likely qualify as ordinary course compensation and, thus, would not be subject to preference claims under Section 547(c) of the Bankruptcy Code.

### CONCLUSION

12.     Given the limited pool of potential avoidance actions being sold under the APA,

there are not many categories of avoidance actions to investigate. Payments to employees were either made by the Initial Debtors or were ordinary course salary payments negotiated at arms'-length. No pending or potential causes of action against any other third party (such as vendors or other contract counterparties) has been identified. Therefore, the Committee concludes that the price to be paid by Galaxy for the avoidance actions is fair and reasonable in light of the overall transaction, and the Sale should be approved.

*[Remainder of page intentionally left blank]*

Dated:  December 12, 2022
        New York, New York

Respectfully submitted,

*/s/ David M. Turetsky*
**WHITE & CASE LLP**
David M. Turetsky
Samuel P. Hershey
Andrew T. Zatz
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile:  (212) 354-8113
Email:  david.turetsky@whitecase.com
        sam.hershey@whitecase.com
        azatz@whitecase.com

– and –

**WHITE & CASE LLP**
Keith H. Wofford
Southeast Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131
Telephone: (305) 371-2700
Facsimile:  (305) 358-5744
Email: kwofford@whitecase.com

– and –

**WHITE & CASE LLP**
Michael C. Andolina (admitted *pro hac vice*)
Gregory F. Pesce (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone: (312) 881-5400
Facsimile:  (312) 881-5450
Email:  mandolina@whitecase.com
        gregory.pesce@whitecase.com

– and –

**WHITE & CASE LLP**
Aaron E. Colodny (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, California 90071
Telephone: (213) 620-7700
Facsimile:  (213) 452-2329
Email:  aaron.colodny@whitecase.com

*Counsel to the Official Committee of Unsecured Creditors*