**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**ORDER (I) APPROVING THE SALE OF THE GK8 DEBTORS'
ASSETS FREE AND CLEAR OF ALL CLAIMS, LIENS, RIGHTS,
INTERESTS AND ENCUMBRANCES, (II) AUTHORIZING THE GK8
DEBTORS TO ENTER INTO AND PERFORM THEIR OBLIGATIONS
UNDER THE ASSET PURCHASE AGREEMENT, (III) AUTHORIZING
THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY
CONTRACTS AND UNEXPIRED LEASES, AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession

(collectively, the "Debtors") for entry of an order (this "Sale Order") (a) authorizing and approving

GK8 Ltd, GK8 UK Limited, and GK8 USA LLC (collectively, the "GK8 Debtors" and all Debtors

other than the GK8 Debtors, the "Initial Debtors") entry into and performance under the terms and

conditions of the Asset Purchase Agreement substantially in the form attached hereto as **Exhibit A**

(the "APA"), whereby the GK8 Debtors have agreed to sell, and Galaxy Digital Trading LLC

(the "Successful Bidder") has agreed to purchase, all of the assets of the GK8 Debtors (as that term

is defined in the APA, the "Acquired Assets"), and the GK8 Debtors have agreed to transfer and

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2]  Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion or the APA, as applicable.

the Successful Bidder has agreed to assume liabilities (the "Assumed Liabilities") other than those specifically as set forth and defined in the APA (the "Excluded Liabilities" and collectively, and including all actions taken or required to be taken in connection with the implementation and consummation of the APA, the "Sale"), (b) authorizing and approving the Sale of the Acquired Assets free and clear of any and all liens, claims, interests, and encumbrances, (c) authorizing the assumption and assignment to the Successful Bidder of contracts (as that term is defined in the APA, the "Assigned Contracts") in accordance with the provisions of the *Order (I) Approving Bidding Procedures for the Potential Sale of Certain of the Debtors' Assets, (II) Scheduling Certain Dates with Respect Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Approving Contract Assumption and Assignment Procedures, and (V) Granting Related Relief* [Docket No. 687] (the "Bidding Procedures Order") and the APA, all as more fully set forth in the Motion; and upon the Ferraro Declaration; and upon the Kielty Declaration; and this Court having entered the Bidding Procedures Order on September 1, 2022; and the Court having conducted a hearing on the Motion on December 8, 2022 (the "Sale Hearing"), at which time all interested parties were offered an opportunity to be heard with respect to the Motion; and the Court, having reviewed and considered the Motion and the APA, approved the Bidding Procedures Order, and all objections to the Sale and the APA filed in accordance with the Bidding Procedures Order; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these chapter 11 cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the

Debtors' estates, their creditors, and other parties in interest; and this Court having found that the

Debtors' notice of the Motion and the APA and opportunity for a hearing thereon were appropriate

under the circumstances and no other notice need be provided; and this Court having reviewed the

Motion and the APA and having heard the statements in support of the relief requested therein at

the Sale Hearing; and this Court having determined that the legal and factual bases set forth in the

Motion and at the Sale Hearing establish just cause for the relief granted herein; and after due

deliberation and sufficient cause appearing therefore, THE COURT HEREBY FINDS AS

FOLLOWS:

## Final Order

A.      This Sale Order constitutes a final and appealable order within the meaning of

28 U.S.C. § 158(a).  Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), and to any extent

necessary under Bankruptcy Rule 9014 and Federal Rule of Civil Procedure 54(b), as made

applicable by Bankruptcy Rule 7054, the Court expressly finds that there is no just reason for delay

in the implementation of this Sale Order, and expressly directs entry of judgment as set forth

herein.

## I.      Notice of the Sale, APA, Sale Hearing, and the Cure Costs

B.      As evidenced by the affidavits of service previously filed with this Court, proper,

timely, adequate, and sufficient notice of the Motion, Sale Hearing, APA, and Sale has been

provided in accordance with sections 102(1), 363, and 365 of the Bankruptcy Code and

Bankruptcy Rules 2002, 6004, 6006, and 9014.  The Debtors have complied with all obligations

to provide notice of the Motion, Sale Hearing, APA, and Sale as required by the Bidding

Procedures Order.  The foregoing notice was good, sufficient, and appropriate under the

circumstances, and no other or further notice of the Motion, Sale Hearing, APA, or Sale is required.

C.       A reasonable opportunity to object or to be heard regarding the relief requested in the Motion was afforded to all interested persons and entities.

D.       In accordance with the Bidding Procedures Order, the Debtors have served a notice of their intent to assume and assign the Assigned Contracts and of the Cure Costs (as defined in the APA) upon each non-Debtor counterparty to an Assigned Contract.  The service and provision of such notice was good, sufficient, and appropriate under the circumstances, and no further notice need be given in respect of assumption and assignment of the Assigned Contracts or establishing a Cure Cost for the respective Assigned Contracts.  Non-Debtor counterparties to the Assigned Contracts had an adequate opportunity to object to assumption and assignment of the applicable Assigned Contracts and the Cure Costs set forth in the notice (including objections related to the adequate assurance of future performance and objections based on whether applicable law excuses the non-Debtor counterparty from accepting performance by, or rendering performance to, the Successful Bidder for purposes of section 365(c)(1) of the Bankruptcy Code).  All objections, responses, or requests for adequate assurance, if any, have been resolved.

## II.    **Highest and Best Offer**

E.       As demonstrated by the evidence proffered or adduced at the Sale Hearing and the representations of counsel made on the record at the Sale Hearing, the Debtors conducted a sale process in accordance with, and otherwise complied in all respects with, the Bidding Procedures Order.

F.       The Acquired Assets were adequately marketed by the Debtors, and the consideration provided by the Successful Bidder under the APA constitutes the highest or otherwise best offer and provides fair and reasonable consideration to the Debtors for the Sale of the Acquired Assets and the assumption of the Assumed Liabilities.  The GK8 Debtors' determination that the consideration provided by the Successful Bidder under the APA constitutes

the highest and best offer for the Acquired Assets constitutes a valid and sound exercise of the Debtors' business judgment.

G.      Approval of the Motion and the APA, and the consummation of the Sale contemplated thereby, is in the best interests of the Debtors, their respective creditors, estates, and other parties in interest.  The GK8 Debtors have demonstrated good, sufficient, and sound business reasons and justifications for entering into the Sale and the performance of their obligations under the APA.

H.      The consummation of the Sale outside a plan of reorganization pursuant to the APA neither impermissibly restructures the rights of the GK8 Debtors' creditors nor impermissibly dictates the terms of a liquidating plan of reorganization for the Debtors.

I.      Entry of an order approving the APA and all the provisions thereof is a necessary condition precedent to Successful Bidder's consummation of the Sale, as set forth in the APA.

**III.    Good Faith of Successful Bidder**

J.      The APA and the Sale contemplated thereunder were proposed, negotiated, and entered into by and among the GK8 Debtors and the Successful Bidder without collusion, in good faith, and at arm's-length, and there is no evidence that the sale price was controlled by Potential Bidders at the Sale.

**IV.    Validity of Transfer**

K.      The special committee of the board of directors of Debtor Celsius Network Limited, and each applicable Debtors' board of directors or managers or managing members, as applicable, authorized the execution, delivery, and approval of the APA and associated sale process, the Sale of the Acquired Assets, and the assignment of the Assumed Liabilities to the Successful Bidder. The Debtors and their affiliates:  (i) have full corporate power and authority to execute and deliver the APA and all other documents contemplated thereby, as applicable; (ii) have all of the power

and authority necessary to consummate the Sale; and (iii) have taken all action necessary to authorize and approve the APA and to consummate the Sale, and no further consents or approvals are required for the Debtors to consummate the transactions contemplated by the APA, except as otherwise set forth in the APA.  The Acquired Assets constitute property of the GK8 Debtors' estates within the meaning of section 541(a) of the Bankruptcy Code and title thereto is presently vested in the GK8 Debtors' estates.

### V.    Section 363(f) Is Satisfied

L.    The Sale of the Acquired Assets to the Successful Bidder and the assumption and assignment to the Successful Bidder of the Assigned Contracts under the terms of the APA meets the applicable provisions of section 363(f) of the Bankruptcy Code because any entity asserting an interest in such assets could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest, and the interest will attach to the proceeds in the same order of priority that the holder of the interest had prior to the sale, such that the Sale of the Acquired Assets will be free and clear of any and all liens, claims, interests, and encumbrances, other than the Permitted Encumbrances, and will not subject the Successful Bidder to any liability for any liens, claims, interests, and encumbrances, other than the Permitted Encumbrances, whatsoever (including, without limitation, under any theory of equitable law, antitrust, or successor or transferee liability), except as expressly provided in the APA with respect to the Excluded Liabilities.  All holders of liens, claims, interests, and encumbrances who did not object, or withdrew their objections to the Sale, are deemed to have consented to the Sale pursuant to section 363(f)(2) of the Bankruptcy Code, and all holders of liens, claims, interests, and encumbrances, other than the Permitted Encumbrances, are adequately protected—thus satisfying section 363(e) of the Bankruptcy Code—by having their liens, claims, interests, and encumbrances, if any, other than the Permitted Encumbrances, attach to the proceeds of the Sale ultimately attributable to the property against or

in which they assert liens, claims, interests, and encumbrances, or other specifically dedicated funds, in the same order of priority and with the same validity, force, and effect that such holder had prior to the Sale, subject to any rights, claims and defenses of the GK8 Debtors or their estates, as applicable, or as otherwise provided herein.

M.      The transfer of the Acquired Assets to the Successful Bidder under the APA will be a legal, valid, and effective transfer of all of the legal, equitable, and beneficial right, title, and interest in and to the Acquired Assets free and clear of all liens, claims, interests, and encumbrances.  The GK8 Debtors may sell their interests in the Acquired Assets free and clear of all liens, claims, interests, and encumbrances because, in each case, one or more of the standards set forth in section 363(f) has been satisfied.

## VI.    Assumption and Assignment of the Assigned Contracts

N.      The assumption and assignment of the Assigned Contracts pursuant to the terms of this Sale Order are integral to the APA, are in the best interests of the Debtors, GK8 Debtors, and their respective estates, creditors, and other parties in interest, and represent the reasonable exercise of sound and prudent business judgment by the Debtors and GK8 Debtors.

O.      The Debtors have met all requirements of section 365(b) of the Bankruptcy Code for each of the Assigned Contracts.  The GK8 Debtors and/or the Successful Bidder, as applicable under the APA, have (i) cured and/or provided adequate assurance of cure of any default existing prior to the Closing under all of the Assigned Contracts, within the meaning of section 365(b)(1)(A) of the Bankruptcy Code and (ii) provided compensation or adequate assurance of compensation to any counterparty for actual pecuniary loss to such party resulting from a default prior to the Closing under any of the Assigned Contracts, within the meaning of section 365(b)(1)(B) of the Bankruptcy Code.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:**

    **I.**    <u>**General Provisions**</u>

    1.    All objections, statements, or reservation of rights to the Motion or relief requested therein that have not been withdrawn, waived, or settled as announced to the Court at the Sale Hearing or by stipulation filed with the Court or as resolved in this Sale Order are, except as provided in other orders of the Court, hereby overruled on the merits with prejudice.  All persons and entities given notice of the Motion that failed to timely object thereto are deemed to consent to the relief sought therein including, without limitation, all non-Debtor counterparties to the Assigned Contracts and have waived any objection.

    2.    Where appropriate herein, findings of fact shall be deemed conclusions of law and conclusions of law shall be deemed findings of fact.

    **II.**    <u>**Approval of the APA**</u>

    3.    The APA is approved, and all of the terms and conditions thereof, and all of the transactions contemplated therein, are approved in all respects.  The failure to specifically include any particular provision of the APA in this Sale Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the APA be authorized and approved in its entirety.

    4.    The Debtors and GK8 Debtors are authorized to: (a) take any and all actions necessary or appropriate to perform, consummate, implement, and close the Sale without further order of the Court, including the Sale to Successful Bidder of the Acquired Assets, in accordance with the terms and conditions set forth in the APA and this Order; (b) to assume and assign any and all Assigned Contracts; and (c) to take all further actions and to execute and deliver the APA and any and all additional instruments and documents that may be (i) reasonably requested by the Successful Bidder for the purpose of assigning, transferring, granting, conveying, and conferring

to the Successful Bidder, or reducing to possession, the Acquired Assets, (ii) necessary, appropriate, or desirable to the performance of the obligations contemplated by the APA, and (iii) as may be reasonably requested by Successful Bidder to implement the APA and consummate the Sale in accordance with the terms thereof, all without further order of the Court.

5.      All persons and entities are prohibited and enjoined from taking any action to adversely affect or interfere with, or which would be inconsistent with, the ability of the GK8 Debtors or the other Debtors to transfer the Acquired Assets to the Successful Bidder in accordance with the APA and this Sale Order.

6.      Nothing contained in any chapter 11 plan confirmed in these chapter 11 cases or the order confirming any such chapter 11 plan shall conflict with or derogate from the provisions of the APA or this Sale Order, and to the extent of any conflict or derogation between this Sale Order or the APA and such future plan or order, the terms of this Sale Order and the APA shall control.

## III.    <u>Sale and Transfer Free and Clear of Liens, Claims, Interests, and Encumbrances</u>

7.      At Closing, all of the GK8 Debtors' right, title, and interest in and to, and possession of, the Acquired Assets shall be immediately vested in the Successful Bidder pursuant to sections 105(a), 363(b), 363(f), and 365 of the Bankruptcy Code free and clear of all liens, claims, interests, and encumbrances to the fullest extent permitted by law, with such liens, claims, interests, and encumbrances shall attaching to the proceeds in the same order of priority that they had in the Acquired Assets prior to the Sale.  All persons or entities, presently or on or after the Closing, in possession of some or all of the Acquired Assets, are directed to surrender possession of the Acquired Assets to the Successful Bidder or its respective designees on the Closing or at such time thereafter as the Successful Bidder may request.

8.      This Sale Order:  (a) shall be effective as a determination that, as of the Closing, (i) no claims other than Assumed Liabilities will be assertable against the Successful Bidder or any of its respective assets, (ii) the Acquired Assets shall have been transferred to the Successful Bidder free and clear of all liens, claims, interests, and encumbrances, other than the Permitted Encumbrances, and (iii) the conveyances described herein have been effected; and (b) is and shall be binding upon and govern the acts of all entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, registrars of patents, trademarks or other intellectual property, administrative agencies, governmental departments, secretaries of state, federal, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any lease, and each of the foregoing persons and entities is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the APA provided that nothing herein shall relieve any entity of the obligation to pay any filing fees required under non-bankruptcy law.  The Acquired Assets are sold free and clear of any reclamation rights. For the avoidance of doubt, all liens, claims, interests, and encumbrances on the Acquired Assets attach to the proceeds of the Sale ultimately attributable to the property against which such liens, claims, interests, and encumbrances applied or other specifically dedicated funds, in the same order of priority and with the same validity, force, and effect that such liens, claims, interests, and encumbrances applied prior to the Sale, subject to any rights, claims, and defenses of the Debtors or their estates, as applicable, or as otherwise provided herein.

9.    The cash proceeds of the Sale shall be held by GK8 Debtor GK8 Ltd., and GK8

Ltd. (and/or such other GK8 Debtor that is allocated Sale proceeds pursuant to the second sentence

of this paragraph 9) shall retain the Sale proceeds and, notwithstanding anything to the contrary in

the *Final Order (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management*

*System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing*

*Business Forms, and (D) Continue to Perform Intercompany Transactions, (II) Granting*

*Superpriority Administrative Expense Status to Postpetition Intercompany Balances, and*

*(III) Granting Related Relief* [Docket No. 1152], or any other order of the Court relating to the

subject matter thereof, not use, sell, or lease such proceeds, and such proceeds shall not otherwise

flow through the Debtors' cash management system absent further order of the Court after notice

and a hearing, and all parties' rights are reserved with respect to any such request.  The Debtors

may only allocate Sale proceeds to a GK8 Debtor other than GK8 Ltd. with (i) consent

from counsel to the Official Committee of Unsecured Creditors and consent from Milbank LLP

and Jones Day, as counsel to certain preferred equity holders or (ii) further order of the Court after

notice and a hearing; *provided* that, if such allocation could impose any tax or withholding

obligation or otherwise have an adverse tax effect on the Successful Bidder Group, the GK8

Debtors shall promptly notify the Successful Bidder of the proposed allocation of the Sale proceeds

and such allocation shall require a prior written consent of the Successful Bidder.   For the

avoidance of doubt, the Successful Bidder shall not be liable for the use, distribution, or allocation

of proceeds by or among the GK8 Debtors or their non-Debtor subsidiaries.

10.    Except as otherwise provided in the APA, and with respect to the Assumed

Liabilities, all persons and entities (and their respective successors and assigns), including, but not

limited to, all debt security holders, equity security holders, affiliates, governmental, tax and

regulatory authorities, lenders, customers, vendors, employees, trade creditors, litigation claimants, and other creditors holding claims arising under or out of, in connection with, or in any way relating to, the GK8 Debtors, the Acquired Assets, and the ownership, Sale, or operation of the Acquired Assets prior to Closing or the transfer of the Acquired Assets to the Successful Bidder, are barred from asserting such claims against the Successful Bidder, its property or the Acquired Assets.  Following the Closing, no holder of any claim shall interfere with the Successful Bidder's title to or use and enjoyment of the Acquired Assets based on or related to any such claim, or based on any action the GK8 Debtors or the other Debtors, as applicable, may take in their respective chapter 11 cases.

11.    If any person or entity that has filed financing statements, mortgages, mechanic's claims, lis pendens, or other documents or agreements evidencing claims against or in the GK8 Debtors or the Acquired Assets shall not have delivered to the GK8 Debtors prior to the Closing of the Sale, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of all claims that the person or entity has with respect to the GK8 Debtors or the Acquired Assets or otherwise, then only with regard to the Acquired Assets that are purchased by the Successful Bidder pursuant to the APA and this Sale Order:  (a) the GK8 Debtors are hereby authorized and directed to execute and file such statements, instruments, releases, and other documents on behalf of the person or entity with respect to the Acquired Assets; (b) the Successful Bidder is hereby authorized to file, register, or otherwise record a certified copy of this Sale Order, which, once filed, registered, or otherwise recorded, shall constitute conclusive evidence of the release of all liens, claims, interests, and encumbrances against the Successful Bidder and the Acquired Assets; and (c) upon consummation of the Sale, the Successful Bidder may seek in this Court or any other court to compel appropriate parties to

execute termination statements, instruments of satisfaction, and releases of all claims and liens that are extinguished or otherwise released pursuant to this Sale Order under section 363 of the Bankruptcy Code, and any other provisions of the Bankruptcy Code, with respect to the Acquired Assets.  This Sale Order is deemed to be in recordable form sufficient to be placed in the filing or recording system of each and every federal, state, or local government agency, department, or office.  Notwithstanding the foregoing, the provisions of this Sale Order authorizing the Sale and assignment of the Acquired Assets free and clear of claims and liens shall be self-executing, and neither the Debtors, GK8 Debtors, nor Successful Bidder shall be required to execute or file releases, termination statements, assignments, consents, or other instruments to effectuate, consummate, and implement the provisions of this Sale Order.

12.    None of the Successful Bidder, any of its affiliates, present or contemplated members, officers, directors, shareholders, or any of their respective successors and assigns (each such entity individually and taken together, the "Successful Bidder Group") shall be deemed, as a result of any action taken in connection with the APA, the consummation of the Sale contemplated by the APA, or the transfer, operation, or use of the Acquired Assets to:  (a) be a legal successor, or otherwise be deemed a successor to the GK8 Debtors (other than, for the Successful Bidder, with respect to any obligations as an assignee under the Assigned Contracts arising after the Closing) to the fullest extent provided by law; (b) have, de facto or otherwise, merged with or into the GK8 Debtors; or (c) be an alter ego or a mere continuation or substantial continuation of the GK8 Debtors or the enterprise of the GK8 Debtors including, without limitation, within the meaning of any foreign, federal, state, or local revenue law, pension law, ERISA, tax law, labor law, products liability law, employment law, environmental law, or other law, rule, or regulation (including without limitation filing requirements under any such laws, rules or regulations), or

under any products liability law or doctrine with respect to the GK8 Debtors' liability under such law, rule or regulation, or doctrine.

13.    The Successful Bidder shall not have any responsibility for (a) any liability or other obligation of the GK8 Debtors or the other Debtors or related to the Acquired Assets other than as expressly set forth in the APA (including the Assumed Liabilities) or (b) any claims against the GK8 Debtors or the other Debtors or any of their predecessors or affiliates.  Except as expressly provided in the APA with respect to the Successful Bidder, the Successful Bidder shall have no liability whatsoever with respect to the GK8 Debtors or the other Debtors (or their predecessors' or affiliates') respective businesses or operations or any of the GK8 Debtors' or the other Debtors (or their predecessors' or affiliates') obligations (as described below, "Successor or Transferee Liability") based, in whole or part, directly or indirectly, on any theory of successor or vicarious liability of any kind or character, or based upon any theory of antitrust, environmental, successor or transferee liability, de facto merger or substantial continuity, labor and employment or products liability, whether known or unknown as of the Closing, now existing or hereafter arising, asserted or unasserted, fixed or contingent, liquidated or unliquidated, including liabilities on account of any taxes arising, accruing or payable under, out of, in connection with, or in any way relating to the operation of the Acquired Assets prior to the Closing.

14.    Except with respect to the Assumed Liabilities, effective upon the Closing, all persons and entities are forever prohibited and enjoined from commencing or continuing in any matter any action or other proceeding, whether in law or equity, in any judicial, administrative, arbitral or other proceeding against the Successful Bidder, or its assets (including the Acquired Assets), with respect to any (a) claim or (b) Successor or Transferee Liability including, without limitation, the following actions with respect to clauses (a) and (b):  (i) commencing or continuing

any action or other proceeding pending or threatened; (ii) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order; (iii) creating, perfecting, or enforcing any lien, claim, interest, or encumbrance; (iv) asserting any setoff, right of subrogation, or recoupment of any kind; (v) commencing or continuing any action, in any manner or place, that does not comply with, or is inconsistent with, the provisions of this Sale Order or other orders of this Court, or the agreements or actions contemplated or taken in respect hereof; or (vi) revoking, terminating, or failing, or refusing to renew any license, permit, or authorization to operate any of the Acquired Assets or conduct any of the businesses operated with such assets.

### IV.    **Good Faith Purchaser**

15.    The Successful Buyer is entitled to the protections afforded under section 363(m) of the Bankruptcy Code.  The Sale contemplated by the APA is undertaken by the Successful Bidder without collusion and in good faith, as that term is defined in section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale (including the assumption and assignment of the Assigned Contracts), unless such authorization and consummation of such Sale are duly and properly stayed pending such appeal.

16.    No evidence has been offered showing that the Debtors, GK8 Debtors, nor the Successful Bidder has engaged in any action or inaction that would cause or permit the Sale to be avoided or costs or damages to be imposed under section 363(n) of the Bankruptcy Code.

### V.    **Assumption and Assignment of Assigned Contracts**

17.    The GK8 Debtors are authorized and directed at the Closing to assume and assign each of the Assigned Contracts to the Successful Bidder pursuant to sections 105(a) and 365 of the Bankruptcy Code and to execute and deliver to the Successful Bidder such documents or other

instruments as may be necessary to assign and transfer the Assigned Contracts to the Successful

Bidder. The payment of the applicable Cure Costs (if any) shall: (a) effect a cure of all defaults

existing thereunder as of the Closing; (b) compensate for any actual pecuniary loss to such

non-Debtor counterparty resulting from such default; and (c) together with the assumption of the

Assigned Contracts by the Debtors and the assignment of the Assigned Contracts to the Successful

Bidder, constitute adequate assurance of future performance thereof.

18.     Pursuant to section 365(f) of the Bankruptcy Code, subject to the payment of the

applicable Cure Costs, the Assigned Contracts to be assumed and assigned under the APA shall

be assigned and transferred to, and remain in full force and effect for the benefit of, the Successful

Bidder notwithstanding any provision in the contracts or other restrictions prohibiting their

assignment or transfer. Except as otherwise provided in section 365(c) of the Bankruptcy Code,

any provisions in any Assigned Contract that prohibit or condition the assignment of such

Assigned Contract to the Successful Bidder or allow the counterparty to such Assigned Contract

to terminate, recapture, impose any penalty, condition on renewal or extension, or modify any term

or condition upon the assignment of such Assigned Contract to the Successful Bidder, constitute

unenforceable anti-assignment provisions that are void and of no force and effect. All other

requirements and conditions under sections 363 and 365 of the Bankruptcy Code for the

assumption by the GK8 Debtors and assignment to the Successful Bidder of the Assigned

Contracts have been satisfied. Upon the Closing, in accordance with sections 363 and 365 of the

Bankruptcy Code, the Successful Bidder shall be fully and irrevocably vested with all right, title,

and interest of the GK8 Debtors under the Assigned Contracts, and such Assigned Contracts shall

remain in full force and effect for the benefit of the Successful Bidder. Each non-Debtor

counterparty to the Assigned Contracts shall be forever barred, estopped, and permanently

enjoined from: (a) asserting against the GK8 Debtors or the Successful Bidder or their respective property any assignment fee, acceleration, default, breach or claim or pecuniary loss, or condition to assignment existing, arising or accruing as of the Closing or arising by reason of the Closing, including any breach related to or arising out of change-in-control provisions in such Assigned Contracts, or any purported written or oral modification to the Assigned Contracts and (b) asserting against the Successful Bidder (or its property, including the Acquired Assets) any claim, counterclaim, defense, breach, condition, setoff asserted, or assertable against the GK8 Debtors existing as of the Closing or arising by reason of the Closing.

19.     Upon the Closing and the payment of the relevant Cure Costs, if any, the Successful Bidder shall be deemed to be substituted for the GK8 Debtors as a party to the applicable Assigned Contracts, and the GK8 Debtors shall be released, pursuant to section 365(k) of the Bankruptcy Code, from any liability under the Assigned Contracts. There shall be no rent accelerations, assignment fees, increases, or any other fees charged to the Successful Bidder or GK8 Debtors as a result of the assumption and assignment of the Assigned Contracts. The failure of the GK8 Debtors or the Successful Bidder to enforce at any time one or more terms or conditions of any Assigned Contract or Assigned Lease shall not be a waiver of such terms or conditions or of the right of the GK8 Debtors or the Successful Bidder, as the case may be, to enforce every term and condition of such Assigned Contract. The validity of the assumption and assignment of any Assigned Contract to the Successful Bidder shall not be affected by any existing dispute between the Debtors and any counterparty to such Assigned Contract or Assigned Lease. Any party that may have had the right to consent to the assignment of any Assigned Contract is deemed to have consented for the purposes of section 365(e)(2)(A)(ii) of the Bankruptcy Code.

20.     All defaults or other obligations of the GK8 Debtors under the Assigned Contracts arising or accruing after the Sale Objection Deadline and prior to the Closing (without giving effect to any acceleration clauses or any default provisions of the kind specified in section 365(b)(2) of the Bankruptcy Code) shall be cured on the Closing, or as soon thereafter as reasonably practicable.

## VI.    <u>Other Provisions</u>

21.     To the maximum extent permitted by applicable law, and in accordance with the APA, the Successful Bidder shall be authorized, as of the Closing, to operate under any license, permit, registration, and governmental authorization or approval (collectively, the "<u>Licenses</u>") of the GK8 Debtors with respect to the Acquired Assets.  To the extent the Successful Bidder cannot operate under any Licenses in accordance with the previous sentence, such Licenses shall be in effect while the Successful Bidder, with assistance from the GK8 Debtors, works promptly and diligently to apply for and secure all necessary government approvals for new issuance of Licenses to the Successful Bidder.  The GK8 Debtors shall maintain the Licenses in good standing to the fullest extent allowed by applicable law for the Successful Bidder's benefit until equivalent new Licenses are issued to the Successful Bidder.

22.     The Successful Bidder shall not be required to seek or obtain relief from the automatic stay under section 362 of the Bankruptcy Code to enforce any of its remedies under the APA or any other Sale-related document.  The automatic stay imposed by section 362 of the Bankruptcy Code is modified solely to the extent necessary to implement the preceding sentence; *provided*, *however*, that this Court shall retain exclusive jurisdiction over any and all disputes with respect thereto.

23.     The terms and provisions of the APA and this Sale Order shall be binding in all respects upon the GK8 Debtors, their affiliates, their estates, all creditors of (whether known or

unknown) and holders of equity interests in any GK8 Debtor, any holders of claims against or on

all or any portion of the Acquired Assets, all counterparties to the Assigned Contracts, the

Successful Bidder, and all of their respective successors and assigns including, but not limited to,

any subsequent trustee(s), examiner(s) or receiver(s) appointed in any of the Debtors' chapter 11

cases or upon conversion to Chapter 7 under the Bankruptcy Code, as to which trustee(s),

examiner(s) or receiver(s) such terms and provisions likewise shall be binding.  The APA shall not

be subject to rejection or avoidance by the GK8 Debtors, their estates, their creditors, their

shareholders, or any trustee(s), examiner(s), or receiver(s).

24.    The APA may be modified, amended, or supplemented by the parties thereto in

accordance with the terms thereof, without further order of the Court; *provided* that any such

modification, amendment, or supplement does not have a material adverse effect on the Debtors'

estates or their creditors.

25.    The Court shall retain exclusive jurisdiction to, among other things, interpret,

implement, and enforce the terms and provisions of this Sale Order and the APA, all amendments

thereto and any waivers and consents thereunder and each of the agreements executed in

connection therewith to which the GK8 Debtors are a party or which has been assigned by the

Debtors to the Successful Bidder, and to adjudicate, if necessary, any and all disputes concerning

or relating in any way to the Sale.  This Court retains jurisdiction to compel delivery of the

Acquired Assets, to protect the Successful Bidder and its assets, including the Acquired Assets,

against any claims and Successor and Transferee Liability and to enter orders, as appropriate,

pursuant to sections 105, 363 or 365 (or other applicable provisions) of the Bankruptcy Code

necessary to transfer the Acquired Assets and the Assigned Contracts to the Successful Bidder.

26.    Until the entry of a final order of judgment or settlement in the litigation captioned as *Taylor Goines, Individually and on Behalf of Itself and All Others Similarly Situated v. Celsius Network, LLC, Celsius Lending, LLC, Celsius KeyFi LLC, Alexander Mashinsky, Shlomi "Daniel" Leon, David Barse, And Alan Jeffrey Carr*, Case No. 2:22-cv-04560-KM-ESK (the "Securities Litigation"), pending in the United States District Court for the District of New Jersey, the Debtors, Reorganized Debtors, or any successor or transferee of the Debtors' books, records, documents, files, electronic data (in whatever format, including native format), or any tangible object potentially relevant to the Securities Litigation, wherever stored (collectively, the "Potentially Relevant Books and Records") shall preserve and maintain the Potentially Relevant Books and Records in their current format existing as of the Closing Date (and shall have no obligation to update the format of the Potentially Relevant Books and Records), and shall not destroy, abandon, transfer, or otherwise render unavailable such Potentially Relevant Books and Records without providing counsel to the plaintiffs in the Securities Litigation at least sixty days' advance written notice (email being sufficient) and an opportunity to object and be heard by a court of competent jurisdiction.  In the event the plaintiffs in the Securities Litigation timely object to any such destruction, abandonment, or transfer, the Potentially Relevant Books and Records shall be preserved pending a final order of the Bankruptcy Court or other court of competent jurisdiction. For the avoidance of doubt, the Successful Bidder shall not be deemed a successor or transferee of the Potentially Relevant Books and Records.

27.    Notwithstanding anything to the contrary herein, the Acquired Assets shall not include any claims or causes of action (including avoidance claims under chapter 5 of the Bankruptcy Code) that belong to any Initial Debtor or any Affiliate of an Initial Debtor (other than a GK8 Debtor).

28.     Notwithstanding anything to the contrary in the Motion, this Sale Order, or any findings announced at the Hearing, nothing in the Motion, this Sale Order, or announced at the Hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the rights of the United States Securities and Exchange Commission and the Committee to challenge transactions involving crypto tokens on any basis are expressly reserved.

29.     Notwithstanding the possible applicability of Rules 6004(h), 6006(d), 7062 and 9014 of the Bankruptcy Rules or otherwise, the terms and conditions of this Order shall be effective immediately upon entry and the Debtors, GK8 Debtors, and Successful Bidder are authorized to close the Sale immediately upon entry of this Order.

30.     All time periods set forth in this Sale Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

31.     To the extent there are any inconsistencies between the terms of this Sale Order and the APA, the terms of this Sale Order shall control.

32.     The APA and the Sale contemplated hereunder shall not be subject to any bulk sales laws or any similar law of any state or jurisdiction.

**IT IS SO ORDERED.**

Dated:  December 13, 2022
        New York, New York

_____/s/ Martin Glenn_____
Chief United States Bankruptcy Judge

**<u>Exhibit A</u>**

**Asset Purchase Agreement**

**[Filed at Docket No. 1586]**