UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**DECLARATION OF DISINTERESTEDNESS
OF MCMILLAN LLP PURSUANT TO THE ORDER
AUTHORIZING THE RETENTION AND COMPENSATION OF
PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

I, Paul Boshyk, declare under penalty of perjury:

1. I am a Partner of McMillan LLP, located at Brookfield Place, 181 Bay Street, Suite 4400, Toronto, Ontario, M5J 2T3 (the "Firm").

2. Celsius Network LLC and the other above-captioned debtors and debtors in possession (collectively, the "Debtors"), have requested that the Firm provide Canadian employment advice relating to Advisory Agreement services to the Debtors, and the Firm has consented to provide such services.

3. The Firm may have performed services in the past, may currently perform services, and may perform services in the future in matters unrelated to these chapter 11 cases for persons that are parties in interest in the Debtors' chapter 11 cases. The Firm, however, does not perform services for any such person in connection with these chapter 11 cases, or have any relationship

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates.

4. As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants, and parties in interest in these chapter 11 cases.

5. Neither I nor any principal, partner, director, or officer, of, or professional employed by, the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Firm.

6. Neither I nor any principal, partner, director, or officer, of, or professional employed by, the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which the Firm is to be employed.

7. The arrangements for compensation and reimbursement of the Firm include the following fee structure:

    a. Average hourly rate (if applicable): USD$565.00

    b. Estimated average monthly compensation based on prepetition retention (if applicable): N/A.

8. As of the date on which the Debtors commenced these chapter 11 cases (the "Petition Date"), the Debtors owed the Firm USD$621.50 for prepetition services, the payment of which is subject to limitations contained in title 11 of the United States Code, 11 U.S.C. §§ 101–1532.

9. As of the Petition Date, the Firm was not party to an agreement for indemnification with certain of the Debtors.

10. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

[*Remainder of Page Intentionally Left Blank*]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date:  November 24, 2022

_____
Paul Boshyk, McMillan LLP