AKIN GUMP STRAUSS HAUER & FELD LLP
Mitchell P. Hurley
Dean L. Chapman Jr.
John P. Kane
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
*Special Litigation Counsel*
*to the Debtors and the Debtors in Possession*

**UNITED STATES DISTRICT BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | Jointly Administered |

**FIRST INTERIM FEE APPLICATION OF**
**AKIN GUMP STRAUSS HAUER & FELD LLP AS**
**SPECIAL LITIGATION COUNSEL TO THE DEBTORS AND**
**DEBTORS IN POSSESSION FOR ALLOWANCE OF COMPENSATION**
**FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR**
**THE PERIOD JULY 13, 2022 THROUGH AND INCLUDING OCTOBER 31, 2022**

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network, Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

| General Information | |
|---|---|
| Name of Applicant: | Akin Gump Strauss Hauer & Feld LLP ("Akin Gump") |
| Authorized to Provide Services to: | Debtors and Debtors in Possession |
| Petition Date: | July 13, 2022 |
| Retention Date: | September 16, 2022, *nunc pro tunc* to July 13, 2022 |
| Prior Applications: | 0 |

| Summary of Fees and Expenses Sought in this Application | |
|---|---|
| Time Period Covered by this Application: | July 13, 2022 through and including October 31, 2022 (the "Compensation Period") |
| Amount of Compensation Sought as Actual, Reasonable and Necessary for the Compensation Period: | $2,322,174.60 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary for the Compensation Period: | $107,347.68 |
| Total Compensation and Expenses Requested for the Compensation Period: | $2,429,522.28 |

| Summary of Fees, Professionals, Rates and Budget in this Application | |
|---|---|
| Compensation Sought in this Application Already Paid Pursuant to the Interim Compensation Order[2] But Not Yet Allowed (80% of Fees): | $1,333,358.64 |
| Expenses Sought in this Application Already Paid Pursuant to the Interim Compensation Order But Not Yet Allowed (100% of Expenses): | $97,728.97 |

---

[2]    "Interim Compensation Order" means that certain *Order (i) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (ii) Granting Related Relief.*

| | |
|---|---|
| Total Compensation and Expenses Sought in this Application Already Paid Pursuant to the Interim Compensation Order But Not Yet Allowed: | $1,431,087.61 |
| Total Compensation and Expenses Sought in this Application Not Yet Paid: | $998,434.67 |
| Voluntary Fee Waiver and Expense Reduction in this Compensation Period: | $36,444.64[3] |

| *Summary of Fees and Expenses Sought in this Application* | |
|---|---|
| Blended Rate in this Application for All Attorneys: | $1,090.93 |
| Blended Rate in this Application for All Timekeepers: | $1,083.61 |
| Number of Timekeepers Included in this Application: | 22 (21 attorneys; 1 paraprofessional) |
| Number of Attorneys Billing Fewer than 15 Hours to the Case During the Compensation Period: | 4 |
| Increase in Rates Since Date of Retention: | 0 |
| Interim or Final Application: | Interim |

---

[3]    Akin Gump voluntarily reduced its fees and expenses prior to the filing of each applicable Monthly Fee Statement (defined herein). The aggregated amounts of such voluntary reductions were: (i) $35,284.30 for fee reductions and (ii) $1,159.74 for expense reductions.

## SUMMARY OF MONTHLY FEE STATEMENTS

| FEE STATEMENT | DATE FILED | DOCKET NO. | PERIOD COVERED | FEES REQUESTED | EXPENSES REQUESTED | FEES PAID | EXPENSES PAID |
|---|---|---|---|---|---|---|---|
| First Monthly Fee Statement | 10/14/22 | 1072 | 7/13/2022 – 8/31/2022 | $698,716.80 (80% of $ $873,396.00)[4] | $43,181.76 | $698,716.80 | $43,181.76 |
| Second Monthly Fee Statement | 11/18/2022 | 1407 | 9/01/2022 – 9/30/2022 | $634,641.84 (80% of $793,302.30) | $54,547.21 | $634,641.84 | $54,547.21 |
| Third Monthly Fee Statement | 12/12/2022 | 1668 | 10/01/2022 – 10/31/2022 | $524,514.24 (80% of $655,642.80) | $9,618.71 | $0.00 Objections due 12/27/200, 12:00 p.m. ET | $0.00 Objections due 12/27/200, 12:00 p.m. ET |

Summary of Any Objections to Monthly Fee Statements:  None

Compensation and Expenses Sought in This Application Not Yet Paid:  $998,434.67

---

[4]  Akin Gump identified an error in the First Monthly Fee Application that overcharged the Debtors by $166.50, reducing the total fees owed to $873,229.50.  Akin Gump will credit the Debtors any overpayment against any future payments owed to Akin Gump.  For the avoidance of doubt, unless noted otherwise, the numbers included elsewhere in this Application have been adjusted, to the extent necessary, to take into account this corrected amount.

## COMPENSATION BY PROFESSIONAL
### JULY 13, 2022 THROUGH AND INCLUDING OCTOBER 31, 2022

| Name of Professional | Position | Department | Year Admitted | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|---|
| Dean L. Chapman | Partner | Litigation | 2009 | $1,260.00 | 298.9 | $376,614.00 |
| Mitchell P. Hurley | Partner | Litigation | 1997 | $1,597.50 | 422.7 | $675,263.25 |
| Eli Miller | Partner | Corporate | 2009 | $1,120.50 | 5.6 | $6,274.80 |
| Arik Preis | Partner | Financial Restructuring | 2001 | $1,597.50 | 9.0 | $14,377.50 |
| Elizabeth Scott | Partner | Litigation | 2007 | $1,120.50 | 257.8 | $288,864.90 |
| Joanna F. Newdeck | Senior Counsel | Financial Restructuring | 2005 | $1,170.00 | 85.8 | $100,386.00 |
| Nathaniel B. Botwinick | Counsel | Litigation | 2017 | $949.50 | 39.5 | $37,505.25 |
| Kristen W. Chin | Counsel | Litigation | 2015 | $981.00 | 24.5 | $24,034.50 |
| John P. Kane | Counsel | Litigation | 2016 | $1,017.00 | 113.6 | $115,531.20 |
| Erin Parlar | Counsel | Litigation | 2015 | $1,071.00 | 5.2 | $5,569.20 |
| Sarah K. Withers | Counsel | Corporate | 2014 | $963.00 | 5.6 | $5,392.80 |
| Braden Allman | Associate | Litigation | 2018 | $846.00 | 37.3 | $31,555.80 |
| Michael Chen | Associate | Litigation | 2019 | $832.50 | 108.3 | $90,159.75 |
| Patrick Glackin | Associate | Litigation | 2019 | $832.50 | 106.7 | $88,827.75 |
| Jillian R. Kulikowski | Associate | Litigation | 2019 | $832.50 | 23.4 | $19,480.50 |
| Jessica Mannon | Associate | Litigation | 2017 | $846.00 | 332.9 | $281,633.40 |
| Dara Mouhot | Associate | Litigation | 2022 | $603.00 | 15.5 | $9,346.50 |
| Michaela Pickus | Associate | Litigation | 2018 | $904.50 | 27.2 | $24,602.40 |
| Erica N. Reeves | Associate | Financial Restructuring | 2021 | $639.00 | 15.2 | $9,712.80 |
| Michael Stanley | Associate | Litigation | 2022 | $544.50 | 109.2 | $59,459.40 |
| Kaila Zaharis | Associate | Financial Restructuring | 2022 | $639.00 | 77.1 | $49,266.90 |
| Brenda Kemp | Paralegal | Financial Restructuring | N/A | $378.00 | 22.0 | $8,316.00 |

**TOTAL FEES**
**JULY 13, 2022 THROUGH AND INCLUDING OCTOBER 31, 2022**

| PROFESSIONALS | BLENDED RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|
| Partners | $1,369.61 | 994.0 | $1,361,394.45 |
| Senior Counsel / Counsel | $1,051.86 | 274.2 | $288,418.95 |
| Associates | $778.66 | 852.8 | $664,045.20 |
| Paraprofessionals and Other Non-Legal Staff | $378.00 | 22.0 | $8,316.00 |
| **Blended Attorney Rate** | **$1,090.93** | | |
| **Blended Rate for All Timekeepers** | **$1,083.61** | | |
| **Total Fees Incurred** | | **2,143.0** | **$2,322,174.60** |

## COMPENSATION BY PROJECT CATEGORY
## JULY 13, 2022 THROUGH AND INCLUDING OCTOBER 31, 2022

| Task Code | Matter | Hours | Value ($) |
|---|---|---|---|
| 2 | Akin Gump Monthly and Interim Fee Applications | 68.7 | $52,312.50 |
| 3 | Retention of Professionals | 143.2 | $149,964.75 |
| 4 | Case Administration | 18.4 | $21,718.35 |
| 5 | Stone/KeyFi | 1,388.7 | $1,469,127.60 |
| 6 | Prime Trust | 421.8 | $511,434.90 |
| 8 | Hearings | 39.4 | $46,558.80 |
| 9 | Rhodium | 62.8 | $71,057.70 |
| **TOTAL:** | | **2,143.0** | **$2,322,174.60** |

**EXPENSE SUMMARY**

**JULY 13, 2022 THROUGH AND INCLUDING OCTOBER 31, 2022**

| Disbursement Activity | Amount ($) |
|---|---|
| Computerized Legal Research - Lexis - In Contract 30% Discount | $1,490.45 |
| Computerized Legal Research - Westlaw - In Contract 30% Discount | $59,241.53 |
| Computerized Legal Research - Westlaw - Out of Contract | $184.42 |
| Computerized Legal Research - Courtlink - In Contract 50% Discount | $171.54 |
| Computerized Legal Research - Other | $10.90 |
| Duplication - In House | $112.60 |
| Filing Fees | $900.00 |
| Imaging/Computerized Litigation Support | $962.50 |
| Meals – Overtime | $80.00 |
| Professional Fees - Consultant Fees | $41,210.00 |
| Prof Fees – Process Server | $2,207.88 |
| Research | $165.85 |
| Local Transportation - Overtime | $610.01 |
| **Total:** | **$107,347.68** |

AKIN GUMP STRAUSS HAUER & FELD LLP
Mitchell P. Hurley
Dean L. Chapman Jr.
John P. Kane
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
*Special Litigation Counsel*
*to the Debtors and the Debtors in Possession*

**UNITED STATES DISTRICT BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | Jointly Administered |

**FIRST INTERIM FEE APPLICATION OF**
**AKIN GUMP STRAUSS HAUER & FELD LLP AS**
**SPECIAL LITIGATION COUNSEL TO THE DEBTORS AND**
**DEBTORS IN POSSESSION FOR ALLOWANCE OF COMPENSATION**
**FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR**
**THE PERIOD JULY 13, 2022 THROUGH AND INCLUDING OCTOBER 31, 2022**

Akin Gump Strauss Hauer & Feld LLP ("Akin Gump"), special litigation counsel to the

debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11

cases (the "Chapter 11 Cases"), hereby submits its first application (the "Application"), pursuant

to sections 330(a) and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule

2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2016-1 of

the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), requesting

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network, Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

interim allowance of compensation for services rendered to the Debtors for the period July 13, 2022 through and including October 31, 2022 (the "<u>Compensation Period</u>") and for reimbursement of expenses incurred in connection therewith.  In support of this Application, Akin Gump submits the declaration of Mitchell P. Hurley, a partner at Akin Gump, which declaration is attached hereto as **<u>Exhibit A</u>** and incorporated by reference into this Application.  In further support of this Application, Akin Gump respectfully represents as follows:

## <u>INTRODUCTION</u>

1.       By this Application, Akin Gump seeks (i) interim allowance of compensation for the professional services rendered by Akin Gump during the Compensation Period in the amount of $2,322,174.60, representing 2,121.0 hours of professional services and 22.0 hours of paraprofessional and other non-legal services and (ii) reimbursement of actual and necessary expenses incurred by Akin Gump during the Compensation Period in the amount of $107,347.68.

2.       This Application has been prepared in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief* [Docket No. 186] (the "<u>Interim Compensation Order</u>"), the *Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York* (June 17, 2013) promulgated pursuant to Local Bankruptcy Rule 2016-1(a) (the "<u>Local Guidelines</u>") and the *United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases*, effective as of November 1, 2013 (the "<u>U.S. Trustee Guidelines</u>" and, together with the Local Guidelines, the "<u>Fee Guidelines</u>").

3.       In accordance with Local Rule 2016-1, the Debtors have been given the opportunity to review this Application and have approved the compensation and reimbursement of expenses requested herein.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

5.      Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6.      The statutory bases for the relief requested herein are Bankruptcy Code sections 330 and 331, Bankruptcy Rule 2016 and Local Rule 2016-1.

## BACKGROUND

### A.      The Debtors' Chapter 11 Cases

7.      On July 13, 2022 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  A detailed description of the facts and circumstances of these Chapter 11 Cases is set forth in the *Declaration of Alex Mashinsky, Chief Executive Officer of Celsius Network LLC, in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 23] (the "Mashinsky First Day Declaration") and the *Declaration of Robert Campagna, Managing Director of Alvarez & Marsal North America, LLC, in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 22] (the "Campagna Declaration").[2]

8.      On August 17, 2022, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered the *Order (i) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (ii) Granting Related Relief* [Docket No. 521].

---

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Mashinsky First Day Declaration or the Application (defined herein), as applicable.

**B.      Retention of Akin Gump as Special Litigation Counsel**

9.      On August 8, 2022, the Debtors filed the *Debtors' Application for Entry of an Order Authorizing the Retention and Employment Akin Gump Strauss Hauer & Feld LLP as Special Litigation Counsel for the Debtors and Debtors in Possession Effective as of the Petition Date* [Docket No. 392] (the "Initial Retention Application").  On August 31, 2022, Akin Gump filed the supplemental declaration of Mitchell P. Hurley in further support of the Initial Retention Application [Docket No. 649].

10.      On September 16, 2022, the Court entered the *Order Authorizing the Retention and Employment Akin Gump Strauss Hauer & Feld LLP as Special Litigation Counsel for the Debtors and Debtors in Possession Effective as of the Petition Date* [Docket No. 843] (the "Initial Retention Order").

11.      On November 11, 2022, the Debtors filed and served the *Notice of Proposed Additional Services, Effective as of October 14, 2022, With Respect to the Retention and Employment of Akin Gump Strauss Hauer & Feld LLP as Special Litigation Counsel for the Debtors and Debtors in Possession* [Docket No. 1330] (the "Notice of Additional Services") in accordance with the Initial Retention Order (together with the Initial Retention Application, the "Akin Retention Application").  On November 30, 2022, the Court entered an order approving the Notice of Additional Services [Docket No. 1521] (together with the Initial Retention Order, the "Retention Order").

12.      The Retention Order authorizes the Debtors to retain and employ Akin Gump as its special litigation counsel in the Chapter 11 Cases in accordance with Akin Gump's normal hourly rates and disbursement policies, as of the Petition Date, as contemplated by the Akin Retention Application.  Specifically, the Retention Order authorizes Akin Gump to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.  This

Application is Akin Gump's first interim application for compensation and reimbursement of expenses.

**C.      Prior Fee Statements Filed During the Compensation Period**

13.      On October 14, 2022, Akin Gump filed and served the *First Monthly Fee Statement of Akin Gump Strauss Hauer & Feld LLP for Compensation for Services Rendered and Reimbursement of Expenses as Special Litigation Counsel to the Debtors for the Period of July 13, 2022 Through August 31, 2022* [Docket No. 1072] (the "<u>First Monthly Fee Statement</u>"),[3] pursuant to which Akin Gump sought payment of (i) $698,716.80 (80% of $873,396.00)[4] as compensation for professional services rendered and (ii) $43,181.76 for reimbursement of expenses.  Akin Gump did not receive any objections to the First Monthly Fee Statement and received payment in respect thereof on October 31, 2022.

14.      On November 18, 2022, Akin Gump filed and served the *Second Monthly Fee Statement of Akin Gump Strauss Hauer & Feld LLP for Compensation for Services Rendered and Reimbursement of Expenses as Special Litigation Counsel to the Debtors for the Period of September 1, 2022 Through September 31, 2022* [Docket No. 1407] (the "<u>Second Monthly Fee Statement</u>"),[5] pursuant to which Akin Gump sought payment of (i) $634,641.84 (80% of $793,302.30) as compensation for professional services rendered and (ii) $54,547.21 for reimbursement of expenses.  Akin Gump did not receive any objections to the Second Monthly Fee Statement and received payment in respect thereof on December 15, 2022.

---

[3]  A copy of the First Monthly Fee Statement can be accessed at: https://cases.stretto.com/public/x191/11749/ PLEADINGS/1174910152280000000013.pdf.

[4]  Akin Gump identified an error in the First Monthly Fee Application that overcharged the Debtors by $166.50, reducing the total fees owed to $873,229.50.  Akin Gump will credit the Debtors any overpayment against any future payments owed to Akin Gump.  For the avoidance of doubt, unless noted otherwise, the numbers included elsewhere in this Application have been adjusted, to the extent necessary, to take into account this corrected amount.

[5]  A copy of the Second Monthly Fee Statement can be accessed at: https://cases.stretto.com/public/x191/11749/ PLEADINGS/1174911182280000000148.pdf.

15.    On December 12, 2022, Akin Gump filed and served the *Third Monthly Fee Statement of Akin Gump Strauss Hauer & Feld LLP for Compensation for Services Rendered and Reimbursement of Expenses as Special Litigation Counsel to the Debtors for the Period of October 1, 2022 Through October 31, 2022* [Docket No. 1668] (the "Third Monthly Fee Statement" and, together with the First Monthly Fee Statement and the Second Monthly Fee Statement, the "Monthly Fee Statements"),[6] pursuant to which Akin Gump sought payment of (i) $524,514.24 (80% of $655,642.80) as compensation for professional services rendered and (ii) $9,618.71 for reimbursement of expenses.  As of the date of this Application, Akin Gump has not received any objections to the Third Monthly Fee Statement.

### SUMMARY OF PROFESSIONAL COMPENSATION AND REIMBURSEMENT OF EXPENSES REQUESTED

16.    By this Application, Akin Gump requests allowance of interim compensation for professional services rendered during the Compensation Period in the amount of $2,322,174.60 and expense reimbursements of $107,347.68.[7]  During the Compensation Period, Akin Gump attorneys and paraprofessionals expended a total of 2,143.0 hours for which compensation is sought.

17.    The fees charged by Akin Gump in the Chapter 11 Cases are billed in accordance with Akin Gump's existing billing rates and procedures in effect during the Compensation Period. The rates Akin Gump charges for the services rendered by its professionals and paraprofessionals in the Chapter 11 Cases are the same rates Akin Gump charges for professional and paraprofessional services rendered in comparable non-bankruptcy related matters, subject to an agreed-upon 10% discount on its standard rates for all timekeepers.  Such fees are reasonable based

---

[6]    A copy of the Third Monthly Fee Statement can be accessed at: https://cases.stretto.com/public/x191/11749/PLEADINGS/1174912122280000000126.pdf.

[7]    Akin Gump voluntarily reduced its fees and expenses prior to the filing of each applicable Monthly Fee Statement. The aggregated amounts of such voluntary reductions were: (i) $35,284.30 for fee reductions and (ii) $1,159.74 for expense reductions. For the avoidance of doubt, these voluntary reductions do not include the aggregated fee reduction resulting from the agreed-upon 10% discount.

on the customary compensation charged by comparably skilled practitioners in comparable non-bankruptcy cases in a competitive national legal market.  The disclosures required by the U.S. Trustee Guidelines regarding the customary and comparable compensation are annexed hereto as **Exhibit B**.

18.    Akin Gump maintains computerized records of the time spent by all Akin Gump professionals and paraprofessionals in connection with the Chapter 11 Cases.  A summary of compensation by timekeeper is attached hereto in **Exhibit C**, and a summary of compensation by task code against budgeted hours and fees for the Compensation Period is attached hereto in **Exhibit D**.  The itemized time records for Akin Gump professionals and paraprofessionals performing services during the Compensation Period have been filed and served in the Monthly Fee Statements in accordance with the Interim Compensation Order.

19.    Akin Gump also maintains records of all actual and necessary out-of-pocket expenses incurred in connection with the rendition of its professional services.  A summary of the categories of expenses and amounts for which reimbursement is requested by this Application is attached hereto as **Exhibit E**.

20.    Akin Gump's staffing plan for the Compensation Period is attached hereto as **Exhibit F**.

**SUMMARY OF SERVICES PERFORMED BY
AKIN GUMP DURING THE COMPENSATION PERIOD**

21.    The services provided by Akin Gump during the Compensation Period were actual and necessary for the administration of the Chapter 11 Cases, performed at the request of the Debtors and commensurate with the complexity and significance of the Specified Litigation Matters and the Additional Matters (together, the "Litigation Matters").  The variety and complexity of the Litigation Matters and the need to act or respond to such issues on an expedited basis during the Compensation Period required the expenditure of significant time by Akin Gump professionals and paraprofessionals from numerous legal disciplines.

22.     The following is a summary of the professional services rendered by Akin Gump during the Compensation Period.  This summary is organized in accordance with Akin Gump's internal system of task codes established in connection with Akin Gump's retention based on the Fee Guidelines.  In classifying services into task codes, Akin Gump attempted to place the services performed in the category that most closely related to the services provided.

23.     Moreover, the following summary of services rendered during the Compensation Period is not intended to be a detailed description of the work performed.  Rather, it merely is an attempt to highlight certain of those areas in which services were rendered, as well as to identify certain of the matters and issues that Akin Gump was required to address during the Compensation Period.

**A.     Akin Gump Monthly and Interim Fee Applications (Task Code 2)**

| Total Hours | Fees |
|:---:|:---:|
| 68.7 | $52,312.50 |

24.     This category includes time spent by Akin Gump attorneys in connection with the preparation of Akin Gump's Monthly Fee Statements.  Akin Gump attorneys expended significant time during the Compensation Period reviewing Akin Gump's monthly invoices in order to protect privileged and confidential information and to ensure accuracy and compliance with the Interim Compensation Order, Local Rules and U.S. Trustee Guidelines.

25.     Pursuant to the Interim Compensation Order, each of the Monthly Fee Statements and this Application contain a list of individuals who rendered services to the Debtors during the relevant compensation period, information as to each individual's title, billing rate and hours worked and a comprehensive breakdown of the fees incurred and disbursements expended.

B.     **Retention of Professionals (Task Code 3)**

| Total Hours | Fees |
|---|---|
| 143.2 | $149,964.75 |

26.     This category includes time spent by Akin Gump attorneys and paraprofessionals in coordination with the Debtors to prepare and file Akin Gump's retention application and order relating thereto.  Specifically, during the Compensation Period, Akin Gump spent considerable time drafting Akin Gump's retention application and conducting a robust and thorough conflicts check with respect to the applicable parties in interest.  After filing Akin Gump's retention application on August 8, 2022 [Docket No. 392], Akin Gump worked to revise its proposed order in accordance with comments and/or requests made by the U.S. Trustee.  Furthermore, in response to comments and/or requests made by the U.S. Trustee, Akin Gump prepared and, on August 31, 2022, filed (i) a supplemental declaration in support of its retention application [Docket No. 649] and (ii) a revised proposed order [Docket No. 656].  On September 16, 2022, the Court entered the Initial Retention Order and, on October 12, 2022, Akin Gump filed an unredacted version of its retention application [Docket No. 1032] in compliance with the Court's *Memorandum Opinion and Order on the Debtors' Sealing Motion* [Docket No. 910].

27.     In addition, during the Compensation Period, Akin Gump began to draft the Notice of Additional Services, which was filed on November 11, 2022 and approved by the Court on November 30, 2022.

28.     The time spent by Akin Gump attorneys in this category ensured that the Debtors were able to retain Akin Gump to address the Litigation Matters that have arisen during the course of the Chapter 11 Cases without undue delay.

## C.  Case Administration (Task Code 4)

| Total Hours | Fees |
|---|---|
| 18.4 | $21,718.35 |

29.  This category includes time spent by Akin Gump attorneys and paraprofessionals in connection with various case administration matters in furtherance of the Chapter 11 Cases. Specifically, during the Compensation Period, Akin Gump, among other things, spent time:  (i) preparing and filing a *pro hac vice* motion for one of its attorneys; (ii) monitoring the Court's docket in the Chapter 11 Cases and circulating relevant filings to members of the Akin Gump team; (iii) preparing a budget for the Debtors with respect to Akin Gump's services; (iv) communicating with the Debtors' bankruptcy counsel with respect to general case issues; and (v) performing other administrative tasks that enabled Akin Gump to represent the Debtors in the Chapter 11 Cases with respect to the Litigation Matters in an efficient and cost effective manner.

30.  Akin Gump's attention to the administrative matters reflected in this category enabled the Akin Gump team to function in a coordinated manner and avoid duplicating efforts with respect to various work streams.

## D.  Stone/KeyFi (Task Code 5)[8]

| Total Hours | Fees |
|---|---|
| 1,388.7 | $1,469,127.60 |

31.  This category includes time spent by Akin Gump professionals engaged in connection with the adversary proceeding styled, *Celsius Network Limited and Celsius Network LLC v. Jason Stone and KeyFi, Inc.*, Adv. No. 22-01139 (MG), which was filed on was filed on August 23, 2022 (the "Stone Adversary Proceeding").  During the Compensation Period, Akin Gump attorneys, among other things, worked extensively to research and review relevant documents and agreements relating to potential claims against Jason Stone ("Stone") and KeyFi,

---

[8]  Capitalized terms used in this Stone/KeyFi summary, but not otherwise defined herein, shall have the meanings given to them in the Stone Adversary Proceeding (defined herein).

Inc. ("KeyFi" and together with Stone, the "Stone Defendants").  Akin Gump attorneys prepared

detailed analyses reflecting this review and research and, based on this analysis, prepared and filed

a complaint against the Stone Defendants pursuant to Bankruptcy Code section 542 seeking,

among other things, turnover of unreturned assets.  *See generally* Adversary Complaint, *Celsius*

*Network Limited and Celsius Network LLC v. Jason Stone and KeyFi, Inc.*, Adv. No. 22-01139

(Bankr. S.D.N.Y. Aug. 23, 2022) [Adv. Pro. No. 1] (the "Initial Stone Complaint").

      32.    In connection with the Initial Stone Complaint, Akin Gump attorneys engaged in

initial discovery and case management efforts in coordination with the Stone Defendants' counsel,

including (i) preparing and conducting the initial scheduling and case management conference

with counsel to the Stone Defendants and (ii) preparing and filing the Joint Rule 26(f) Report [Adv.

Pro. No. 8] and proposed case management and scheduling order.  Akin Gump attorneys also spent

time analyzing relevant background documents and preparing initial discovery requests to the

Stone Defendants, including initial interrogatories and requests for production, and analyzing and

preparing initial disclosures from the Debtors.

      33.    Moreover, during the Compensation Period, both prior to and following the filing

of the Initial Stone Complaint, Akin Gump attorneys engaged in extensive communications with

counsel for the Stone Defendants, which included multiple calls and conferences as well as written

communications.  On September 22, 2022, the Stone Defendants filed a motion to dismiss the

Initial Stone Complaint [Adv. Pro. No. 7] (the "Initial Motion to Dismiss"), which Akin Gump

analyzed and worked on developing a go-forward strategy with respect thereto.

      34.    Akin Gump attorneys researched, prepared and subsequently filed, on October 13,

2022, an amended complaint [Adv. Pro. No. 10] (the "Amended Stone Complaint" and, together

with the Initial Stone Complaint, the "Stone Complaint") which, among other things, asserted

claims for turnover, conversion, fraudulent representation, breach of fiduciary duty, unjust

enrichment, replevin and accounting, against one or both of the Stone Defendants.  On October

27, 2022, the Stone Defendants filed a motion to dismiss all claims alleged in the Amended Stone

Complaint other than Celsius' claim for breach of fiduciary duty (the "Stone Motion to Dismiss")

[Adv. Pro. No. 17] to which Akin Gump subsequently analyzed and researched issues in

connection therewith and began to draft a response. The response to the Stone Motion to Dismiss

ultimately was filed on November 28, 2022 [Adv. Pro. No. 31] and heard by the Court on

December 5, 2022. The Court indicated it would deny the Stone Motion to Dismiss [Adv. Pro.

No. 47] in its entirety during the December 5, 2022 hearing, and issued a 28-page written opinion

to that effect dated December 8, 2022.

35.    Due to the nature of the activities alleged in the Stone Complaint, Akin Gump

attorneys engaged in extensive review of relevant records, communications and documents during

the Compensation Period to begin determining what, if any, injunctive relief should be sought

against the Stone Defendants to, among other things, preserve the status quo and preserve the

possibility of obtaining and collecting a judgment following the conclusion of the action. Akin

Gump attorneys researched and reviewed relevant standards for injunctive relief, and prepared

letters dated September 9 and 13, 2022 seeking the Stone Defendants' agreement to proposed

voluntary injunctive relief, which the Stone Defendants rejected. Akin Gump professionals also

reviewed and prepared materials in support of the *Motion of Plaintiffs for Preliminary Injunction*

*Pursuant to Rule 7065 of the Federal Rules of Bankruptcy Procedure* [Adv. Pro. Nos. 20, 21] (the

"Preliminary Injunction Motion"), which was ultimately filed November 14, 2022. In that regard,

during the Compensation Period, Akin Gump attorneys engaged in numerous calls and discussions

with key individuals concerning the evidentiary basis for the Preliminary Injunction Motion and

preparation of declarations and other supporting materials.

36.    Moreover, critically, during the Compensation Period, Akin Gump attorneys

searched, collected and reviewed thousands of documents from many Celsius custodians. During

the course of the review, Akin Gump attorneys prepared certain preliminary analyses and chronologies.

**E.        Prime Trust (Task Code 6)**[9]

| Total Hours | Fees |
|:---:|:---:|
| 421.8 | $511,434.90 |

37.        During the Compensation Period, Akin Gump negotiated a settlement with Prime Trust resulting in Celsius getting substantial all the relief it sought, including the turnover to the estates of assets worth more than $15 million (at recent prices), in connection with the adversary proceeding commenced by Akin Gump on behalf of Celsius styled, *Celsius Network Limited and Celsius Network LLC v. Prime Trust, LLC*, Adversary Proceeding No. 22-01140, which was filed on August 23, 2022 (the "Prime Trust Adversary Proceeding" and, together with the Stone Adversary Proceeding, the "Adversary Proceedings").  During the Compensation Period, Akin Gump professionals, among other things (i) conducted significant legal research and review of relevant documents and agreements regarding potential claims against Prime Trust, LLC ("Prime Trust"), as further set forth in the Prime Trust Adversary Proceeding, (ii) prepared detailed analyses reflecting this review and research and (iii) prepared and filed an adversary complaint against Prime Trust pursuant to Bankruptcy Code section 542 seeking, among other things, turnover of certain unreturned assets.  *See generally Adversary Complaint, Celsius Network Ltd. v. Prime Trust, LLC*, Adv. No. 22-01140-mg (Bankr. S.D.N.Y. Aug. 23, 2022) [Adv. Pro. No. 1] (the "Prime Trust Complaint").

38.        Thereafter, upon filing and serving the Prime Trust Complaint, Akin Gump attorneys engaged in initial discovery and case management efforts in coordination with Prime Trust's counsel, including preparing for and conducting the initial scheduling and case management conference with Prime Trust's counsel pursuant to Federal Rule of Civil Procedure

---

[9]     Capitalized terms used in this Prime Trust summary, but not otherwise defined herein, shall have the meanings given to them in the Prime Trust Adversary Proceeding (defined herein).

26(f) and preparing and filing the *Joint Rule 26(f) Report* [Adv. Pro. No. 7] and proposed *Case Management and Scheduling Order* [Adv. Pro. No. 7-1]. Akin Gump attorneys also spent time analyzing and preparing initial discovery requests to Prime Trust, including initial interrogatories and requests for production, and analyzing and preparing initial disclosures from Celsius.

39.    Moreover, during the Compensation Period, Akin Gump attorneys prepared a further demand letter seeking voluntary return of all Celsius user assets in Prime Trust's possession, including the assets sought by the complaint. Thereafter, Akin Gump engaged in extensive negotiations with counsel for Prime Trust regarding the allegations in the Complaint and demand letter and other efforts to reach a consensual resolution of the claims asserted in the Prime Trust Adversary Proceeding. In connection therewith, Akin Gump attorneys held multiple calls and conferences and engaged in extensive correspondence with Prime Trust's counsel. Through Akin Gump's negotiations with counsel for Prime Trust, Prime Trust and Celsius were ultimately able to reach a resolution of the Prime Trust Adversary Proceeding, and Akin Gump attorneys spent time during the Compensation Period preparing, revising and negotiating the *Stipulation to Settle and Discontinue Adversary Proceeding* [Adv. Pro. No. No. 13-2] (the "Stipulation" or the "Prime Trust Settlement"). The Stipulation provides for, other things, the return of crypto assets worth approximately $15.2 million (at recent prices).

40.    Following execution of the Stipulation, Akin Gump attorneys prepared for and participated in the initial pretrial conference regarding the Prime Trust Adversary Proceeding on October 20, 2022, during which Celsius notified the Court of the Stipulation. At the Court's direction, Akin Gump attorneys additionally conferred with representatives of the U.S. Trustee the Official Committee of Unsecured Creditors ("UCC") and other parties in interest concerning the Stipulation. Those discussions resulted in agreement by Prime Trust and Celsius to revisions to the Stipulation based on comments from the UCC and the SEC.

41.      Finally, during the Compensation Period, Akin Gump attorneys spent time preparing the *Motion to Approve the Settlement with Prime Trust, LLC Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure* [Adv. Pro. No. 13] (the "9019 Motion"), as well as a proposed *Order Granting Motion to Approve Settlement with Prime Trust, LLC Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure* [Adv. Pro. No. 13-1], which were later filed on November 14, 2022.

42.      Throughout the preparation and filing of the Complaint, the Stipulation and the 9019 Motion, Akin Gump attorneys worked closely with Celsius' other advisors and internal legal team and communicated regularly with the special committee regarding the Prime Trust Adversary Proceeding.

**F.      Hearings (Task Code 8)**

| Total Hours | Fees |
|:---:|:---:|
| 39.4 | $46,558.80 |

43.      This category includes time spent by Akin Gump attorneys in connection with pertinent Court hearings held during the Compensation Period, including the hearings on Akin Gump's retention application.   In addition to the hearings involving Akin Gump's retention application, Akin Gump attorneys reviewed upcoming hearing agendas and kept apprised of issues on connection therewith.   In light of Akin Gump's role as special litigation counsel in these Chapter 11 Cases, Akin Gump attorneys, among other things (i) attended such other hearings in order to stay apprised of information that could be relevant with respect to general case matters and the Litigation Matters and (ii) participated in various status conferences and hearings with respect to the Adversary Proceedings.

**G.      Rhodium (Task Code 9)**

| Total Hours | Fees |
|:-----------:|:----:|
| 62.80 | $71,057.70 |

44.      During the Compensation Period, Akin Gump worked to preserve value for the Debtors' and their creditors related to the Debtors' *Simple Agreement for Future Equity* ("SAFE") with Rhodium Enterprises, Inc. ("Rhodium"). Rhodium recently announced a plan of merger ("Merger") with SilverSun Technologies, Inc. ("SilverSun"), as described in the SilverSun Form 8-K dated September 29, 2022. In connection therewith, Akin Gump attorneys researched issues concerning the Debtors' rights under the SAFE in light of the Merger. Akin Gump attorneys prepared legal memoranda regarding Celsius' rights under the SAFE, and drafted formal correspondence to Rhodium regarding the Debtors' treatment in the Merger. In addition, on behalf of the Debtors, Akin Gump has engaged with Rhodium's counsel on these issues, including a potential settlement of matters raised by Akin Gump in its correspondence on behalf of Celsius. Those discussions are ongoing.

## ACTUAL AND NECESSARY DISBURSEMENTS

45.      Akin Gump seeks allowance of reimbursement of expenses in the amount of $107,347.68 for expenses incurred during the Compensation Period in the course of providing professional services to the Debtors. Akin Gump's disbursement policies pass through all out-of-pocket expenses at actual cost or an estimated actual cost when the actual cost is difficult to determine. For example, as it relates to computerized research, Akin Gump believes that it does not make a profit on that service as a whole although the cost of any particular search is difficult to ascertain. Other reimbursable expenses (whether the service is performed by Akin Gump in-house or through a third-party vendor) include, but are not limited to, overtime meals, deliveries, court costs and filing fees, transcript fees, computerized research and overtime travel.

## FACTORS TO BE CONSIDERED IN AWARDING ATTORNEYS' FEES

46.    Bankruptcy Code section 330 provides, in relevant part, that the Court may award to a professional person "reasonable compensation for actual, necessary services rendered[.]" *See* 11 U.S.C. § 330(a)(1).  In turn, Bankruptcy Code section 330 provides as follows:

> In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (A)    the time spent on such services;
>
> (B)    the rates charged for such services;
>
> (C)    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
>
> (E)    with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F)    whether the compensation is reasonably based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

47.    The clear congressional intent and policy expressed in Bankruptcy Code section 330 is to provide for adequate compensation in order to continue to attract qualified and competent bankruptcy practitioners to bankruptcy cases.  *In re Drexel Burnham Lambert Grp., Inc.*, 133 B.R. 13, 20 (Bankr. S.D.N.Y. 1991) ("Congress' objective in requiring that the market, not the Court, establish attorneys' rates was to ensure that bankruptcy cases were staffed by appropriate legal specialists."); *In re Busy Beaver Bldg. Ctrs., Inc.*, 19 F.3d 833, 850 (3d. Cir. 1994) (citations and internal quotations omitted) ("Congress rather clearly intended to provide sufficient economic incentive to lure competent bankruptcy specialists to practice in the bankruptcy courts.").

48.    In assessing the "reasonableness" of the fees requested, the Second Circuit has stated that courts should consider the factors enumerated in *Johnson v. Ga. Highway Express, Inc.*, while also incorporating the "lodestar method." *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany and Albany County Bd. of Elections,* 522 F.3d 182, 190 (2d Cir. 2007) (citing *Johnson v. Ga. Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron,* 489 U.S. 87, 92–93, 96 (1989)). The "lodestar method" of calculating the reasonable fee contemplates "the number of hours reasonably expended . . . multiplied by a reasonable hourly rate." *See Hensley v. Eckerhart et al.*, 461 U.S. 424, 433 (1983); *Gisbrecht v. Barnhart*, 535 U.S. 789, 801 (2002); *Perdue v. Kenny A.*, 130 S.Ct. 1662, 1672 (2010); *In re Drexel Burnham Lambert Grp., Inc.* 133 B.R. 13 (Bankr. S.D. N.Y. 1991). The factors set forth in *Johnson* and *In re First Colonial Corp. of Am.*, 544 F.2d 1291, 1298-99 (5th Cir. 1977) have been adopted by most courts.[10] *See In re Nine Assocs., Inc.*, 76 B.R. 943, 945 (S.D.N.Y. 1987) (adopting *First Colonial/Johnson* analysis); *In re Cuisine Magazine, Inc.*, 61 B.R. 210, 212-13 (Bankr. S.D.N.Y 1986) (same); *Green v. City of New York*, 403 Fed. Appx. 626, 629 (2d Cir. 2010) (summary order); *see generally* 3 COLLIER ON BANKRUPTCY ¶ 330.03[9] (Lawrence P. King ed., 16th ed. 2016) (describing *First Colonial* and *Johnson* as the "leading cases to be considered in determining a reasonable allowance of compensation").

49.    Akin Gump respectfully submits that a consideration of these factors should result in the Court's allowance of the full compensation sought in this Application.

    a.    <u>Time and Labor Required</u>.  Akin Gump billed a total of 2,121.0 hours of professional services and 22.0 hours of paraprofessional services during the Compensation Period.  Akin Gump has taken care to ensure that the time spent by its professionals and paraprofessionals was actually necessary and appropriate to ensure adequate representation of the Debtors.  As evidenced by this Application, Akin Gump attorneys and paraprofessionals worked diligently and efficiently without unnecessary duplication of efforts throughout the

---

[10]    The factors articulated by the Fifth Circuit in *First Colonial*, were first articulated by the Fifth Circuit in *Johnson,* with the *First Colonial* court adding the factor of the "spirit of economy," which was later rejected by Congress. *See Stroock & Stroock & Lavan v. Hillsborough Holdings Corp. (In re Hillsborough Holdings Corp.)*, 127 F.3d 1398, 1403 (11th Cir. 1997).

Compensation Period. Akin Gump's representation of the Debtors has required it to balance the need to provide quality services with the need to act quickly and represent the Debtors in the Litigation Matters in an effective, efficient and timely manner. Akin Gump submits that the hours spent were reasonable given the complexity of the Litigation Matters, the significant legal and business issues raised, the pleadings filed in the Adversary Proceedings and the obstacles faced by the Debtors with respect thereto.

b. <u>Novelty and Difficulty of the Questions</u>. Akin Gump tasked knowledgeable attorneys to research, analyze and provide advice on difficult and complex issues with respect to the Litigation Matters. As further described herein, Akin Gump's skilled teams assisted the Debtors in filing and prosecuting the Adversary Proceedings and otherwise assisting with the Litigation Matters.

c. <u>Skill Requisite to Perform the Legal Services Properly</u>. Akin Gump believes that its recognized experience and expertise with respect to, among other things, the Litigation Matters as well as general litigation matters, its ability to draw from highly experienced professionals in Akin Gump's practice and its creative approach to issues has benefited the Debtors and their creditors. Due to the nature and complexity of the legal issues presented with respect to the Litigation Matters, Akin Gump was required to exhibit a high degree of legal skill in areas related to, *inter alia*, bankruptcy and litigation matters. To date, Akin Gump was able to successfully negotiate the Prime Trust Settlement, to achieve complete denial of the Stone Motion to Dismiss, is diligently prosecuting the Stone Adversary Proceeding and is in the initial phases of assessing and pursuing the Additional Matters, in each instance for the benefit of the Debtors and their creditors.

d. <u>Preclusion of Other Employment by Applicant Due to Acceptance of the Engagement</u>. Due to the size of Akin Gump's financial restructuring and litigation departments, Akin Gump's representation of the Debtors as special litigation counsel did not preclude its acceptance of new clients, but the demands for immediate and substantive action with respect to the Litigation Matters imposed significant burdens on Akin Gump professionals working concurrently on other matters.

e. <u>Customary Fee</u>. As set forth herein and in the Initial Retention Application, Akin Gump agreed to provide a 10% discount to its standard billing rates for this engagement. With the exception of this 10% discount, the rates Akin Gump charges for the services rendered by its professionals and paraprofessionals in the Chapter 11 Cases are the same rates Akin Gump charges for professional and paraprofessional services rendered in comparable nonbankruptcy matters. Akin Gump's fee structure also is equivalent to the fee structure used by Akin Gump for restructuring, workout, bankruptcy, insolvency and comparable matters, as well as similar complex corporate and litigation matters, whether in-court or otherwise, regardless of whether a fee application is required. The firm's customary hourly rates and rate structure reflect that restructuring and related matters typically involve great complexity, numerous tasks requiring a high level of expertise and severe time pressures, as is the case here. Except with respect to the 10% discount described herein, Akin Gump's rate structure

19

is similar to the rate structure used by other, similar law firms that work on other, similar matters.

f.  <u>Whether the Fee is Fixed or Contingent</u>.  Pursuant to Bankruptcy Code sections 330 and 331, all fees sought by professionals employed under Bankruptcy Code section 1103 are contingent pending final approval by the Court, and are subject to adjustment depending upon the services rendered and the results obtained. The contingency of full and actual compensation to Akin Gump increased the risk Akin Gump was assuming by representing the Debtors in the Chapter 11 Cases.  Despite this risk, Akin Gump has achieved and will continue to strive for excellent and tangible results for the Debtors and the estates.

g.  <u>Time Limitations Imposed by the Client or Other Circumstances</u>.  During the Compensation Period, Akin Gump was under time pressure with respect to certain of the Litigation Matters as it was in the best interests of the estates to file the Adversary Proceedings and otherwise begin to assess the other Litigation Matters expeditiously.

h.  <u>Amount Involved and Results Obtained</u>.  Akin Gump attorneys and paraprofessionals worked diligently to maximize value for the Debtors' estates and creditors.  As a result of its efforts during the Compensation Period, Akin Gump was able to obtain significant positive results for the Debtors.  Among other things, as further described herein, Akin Gump was able to assist the Debtors in negotiating the Prime Trust Settlement and successfully defend the Stone Motion to Dismiss.  In addition, Akin Gump is diligently litigating the Stone Adversary Proceeding and is otherwise pursuing the Additional Matters for the benefit of the Debtors and their creditors.  Akin Gump further submits that the fees requested in this Application are reasonable and appropriate when considering the results obtained on behalf of the Debtors as more fully described herein.

i.  <u>Experience, Reputation and Ability of Attorneys</u>.  Akin Gump is a full-service law firm with extensive experience handling a broad range of legal issues in a wide range of industries.  Further, Akin Gump has extensive experience representing companies in litigation matters, both in and out of chapter 11 cases. Akin Gump's experience enabled it to perform the services described herein competently and expeditiously.

j.  <u>"Undesirability" of the Cases</u>.  This factor is not applicable to the Chapter 11 Cases.

k.  <u>Nature and Length of Professional Relationship</u>.  This Court (i) entered the Initial Retention Order on September 16, 2022 authorizing the Debtors to employ Akin Gump as special litigation counsel with respect to the Specified Litigation Matters, as of the Petition Date and (ii) on November 30, 2022, entered the order approving the Notice of Additional Services.  In addition, since March 2021, Akin Gump has performed legal work for Celsius Network and certain of its affiliates.

20

50.    For the reasons set forth above, the services rendered by Akin Gump were necessary and beneficial to the Debtors and consistently performed in a timely manner.  The compensation sought in this Application is reasonable in light of the value of such services to the Debtors, Akin Gump's demonstrated skill and expertise in bankruptcy and litigation (as well as other areas of expertise relevant to the Litigation Matters) and the customary compensation charged by comparably skilled practitioners at Akin Gump.  Accordingly, Akin Gump respectfully submits that the Court should approve the compensation for professional services and reimbursement of expenses sought herein.

51.    No agreement or understanding exists between Akin Gump and any other person for the sharing of any compensation to be received for professional services rendered or to be rendered in connection with the Chapter 11 Cases.  No prior application has been made in this Court or in any other court for the relief requested herein as it relates to the Compensation Period.

### ATTORNEY STATEMENT PURSUANT TO U.S. TRUSTEE GUIDELINES

52.    The following is provided in response to the request for additional information set forth in ¶ C.5. of the U.S. Trustee Guidelines.

**Question**:    Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period?  If so, please explain.

Response:    Yes, as set forth in the Initial Retention Application and herein, Akin Gump agreed to provide a 10% discount to its standard billing rates for this engagement, which standard rates are consistent with (i) market rates for comparable services and (ii) the rates that Akin Gump charges and will charge other comparable chapter 11 clients, regardless of the location of the chapter 11 case.

**Question**:    If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client?

Response:    As further detailed on Exhibit D attached hereto, Akin Gump did not exceed the total fees budgeted for the Compensation Period

**Question**:    Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case?

21

Response:      No.

**Question**:   Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.). If so, please quantify by hours and fees.

Response:      Yes.  During the Compensation Period 68.7 hours and $52,312.50 in fees were billed to Task Code 2 (Akin Gump Monthly and Interim Fee Applications).  As further described herein, the work billed in this category included, without limitation, time spent reviewing time records for compliance with the Fee Guidelines.

**Question**:   Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.

Response:      See above.

**Question**:   If the fee application includes any rate increases since retention: (i) Did your client review and approve those rate increases in advance? (ii) Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458?

Response:      Not applicable.

## **RESERVATION OF RIGHTS**

To the extent that there are services rendered or expenses incurred that relate to the Compensation Period but were not processed prior to the preparation of the Application, Akin Gump reserves the right to request additional compensation for such services and reimbursement of such expenses in a future application.

*[Reminder of page intentionally left blank.]*

## <u>CONCLUSION</u>

WHEREFORE, Akin Gump respectfully requests: (i) an interim allowance of compensation for professional services rendered during the Compensation Period in the amount of $2,322,174.60 and expense reimbursement in the amount of $107,347.68; (ii) the allowance of such compensation for professional services rendered and reimbursement of actual and necessary expenses incurred be without prejudice to Akin Gump's right to seek additional compensation for services performed and expenses incurred during the Compensation Period which were not processed at the time of the Application; and (iii) such other and further relief as the Court deems just, proper and equitable.

Dated: December 15, 2022
New York, New York

**AKIN GUMP STRAUSS HAUER & FELD LLP**

By: */s/ Mitchell P. Hurley*
      Mitchell P. Hurley
      Dean L. Chapman
      John P. Kane
      One Bryant Park
      New York, New York 10036
      Telephone: (212) 872-1000
      Facsimile: (212) 872-1002
      mhurley@akingump.com
      dchapman@akingump.com
      jkane@akingump.com

      *Special Litigation Counsel to the Debtors and Debtors
       in Possession*

# EXHIBIT A

**CERTIFICATION OF MITCHELL P. HURLEY**

**UNITED STATES DISTRICT BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | Jointly Administered |

### CERTIFICATION UNDER THE FEE GUIDELINES IN RESPECT OF THE FIRST INTERIM FEE APPLICATION OF AKIN GUMP STRAUSS HAUER & FELD LLP AS SPECIAL LITIGATION COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR THE <u>PERIOD JULY 13, 2022 THROUGH AND INCLUDING OCTOBER 31, 2022</u>

I, Mitchell P. Hurley, hereby certify that:

1.      I am a partner with Akin Gump,[2] with responsibility for the Litigation Matters in these Chapter 11 Cases.  Akin Gump is special litigation counsel to the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>").

2.      In accordance with the Fee Guidelines, this certification is made with respect to the Application, for interim allowance of compensation and reimbursement of expenses incurred during the Compensation Period.

3.      In respect of section B.1 of the Local Guidelines, I certify that:

(a)      I have read the Application;
(b)      to the best of my knowledge, information, and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Fee Guidelines;

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network, Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2]     Capitalized terms used herein but otherwise not defined shall have the meanings ascribed to such terms in the Application.

(c)    the fees and disbursements sought are billed at rates in accordance with those customarily charged by Akin Gump and generally accepted by Akin Gump's clients, subject to the 10% discount that Akin Gump has agreed to provide to the Debtors in connection with the Litigation Matters; and

(d)    in providing a reimbursable service, Akin Gump does not make a profit on that service, whether the service is performed by Akin Gump in-house or through a third party.

4.     In accordance with section B.2 of the Local Guidelines and as required by the Interim Compensation Order, I certify that Akin Gump has complied with those provisions requiring it to provide the Debtors with a statement of Akin Gump's fees and disbursements accrued during the previous month, although, due to administrative limitations, such statements were not always provided within the timeframe set forth in the Local Guidelines.

5.     In respect of section B.3 of the Local Guidelines, I certify that the Debtors and the U.S. Trustee are each being provided with a copy of the Application.

Dated: New York, New York              By:  */s/ Mitchell P. Hurley*
December 15, 2022                    Mitchell P. Hurley

## <u>EXHIBIT B</u>

**CUSTOMARY AND COMPARABLE COMPENSATION DISCLOSURE**

| Blended Hourly Rates | | |
|---|---|---|
| **Category of Timekeeper** | **Billed by NY and Dallas Offices for Preceding Year[1]** | **Billed in this Application** |
| Partner | $1,280.23 | $1,369.61 |
| Senior Counsel and Counsel | $979.59 | $1,051.86 |
| Associate | $696.10 | $778.66 |
| Paraprofessionals and Other Non-Legal Staff | $344.45 | $378.00 |
| **All Timekeepers Aggregated** | **$961.55** | **$1,083.61** |

---

[1] Consistent with the U.S. Trustee Guidelines, this Exhibit B discloses the blended hourly rate for the aggregate of all timekeepers in the domestic offices of Akin Gump in which timekeepers collectively billed more than 10% of the hours to these cases during the Compensation Period (i.e., the New York and Dallas offices), segregated by category, and excluding all data from timekeepers practicing primarily in the financial restructuring group. This data is based on information from a rolling 12-month period ending October 31, 2022.

## **EXHIBIT C**

**SUMMARY OF COMPENSATION BY TIMEKEEPER**

| Name of Professional | Position | Department | Year Admitted | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|---|
| Dean L. Chapman | Partner | Litigation | 2009 | $1,260.00 | 298.9 | $376,614.00 |
| Mitchell P. Hurley | Partner | Litigation | 1997 | $1,597.50 | 422.7 | $675,263.25 |
| Eli Miller | Partner | Corporate | 2009 | $1,120.50 | 5.6 | $6,274.80 |
| Arik Preis | Partner | Financial Restructuring | 2001 | $1,597.50 | 9.0 | $14,377.50 |
| Elizabeth Scott | Partner | Litigation | 2007 | $1,120.50 | 257.8 | $288,864.90 |
| Joanna F. Newdeck | Senior Counsel | Financial Restructuring | 2005 | $1,170.00 | 85.8 | $100,386.00 |
| Nathaniel B. Botwinick | Counsel | Litigation | 2017 | $949.50 | 39.5 | $37,505.25 |
| Kristen W. Chin | Counsel | Litigation | 2015 | $981.00 | 24.5 | $24,034.50 |
| John P. Kane | Counsel | Litigation | 2016 | $1,017.00 | 113.6 | $115,531.20 |
| Erin Parlar | Counsel | Litigation | 2015 | $1,071.00 | 5.2 | $5,569.20 |
| Sarah K. Withers | Counsel | Corporate | 2014 | $963.00 | 5.6 | $5,392.80 |
| Braden Allman | Associate | Litigation | 2018 | $846.00 | 37.3 | $31,555.80 |
| Michael Chen | Associate | Litigation | 2019 | $832.50 | 108.3 | $90,159.75 |
| Patrick Glackin | Associate | Litigation | 2019 | $832.50 | 106.7 | $88,827.75 |
| Jillian R. Kulikowski | Associate | Litigation | 2019 | $832.50 | 23.4 | $19,480.50 |
| Jessica Mannon | Associate | Litigation | 2017 | $846.00 | 332.9 | $281,633.40 |
| Dara Mouhot | Associate | Litigation | 2022 | $603.00 | 15.5 | $9,346.50 |
| Michaela Pickus | Associate | Litigation | 2018 | $904.50 | 27.2 | $24,602.40 |
| Erica N. Reeves | Associate | Financial Restructuring | 2021 | $639.00 | 15.2 | $9,712.80 |
| Michael Stanley | Associate | Litigation | 2022 | $544.50 | 109.2 | $59,459.40 |
| Kaila Zaharis | Associate | Financial Restructuring | 2022 | $639.00 | 77.1 | $49,266.90 |
| Brenda Kemp | Paralegal | Financial Restructuring | N/A | $378.00 | 22.0 | $8,316.00 |

## EXHIBIT D

**SUMMARY OF COMPENSATION BY TASK CODE
AGAINST BUDGETED HOURS AND FEES**

| Task Code | Task Code Category | Hours Budgeted (Low – High) | Amount Budgeted (Low – High) | Actual Hours | Actual Amount |
|---|---|---|---|---|---|
| 2 | Akin Gump Monthly and Interim Fee Applications | 65 - 140 | $60,000 - $125,000 | 68.7 | $52,312.50 |
| 3 | Retention of Professionals | 135 - 155 | $145,000 - $165,000 | 143.2 | $149,964.75 |
| 4 | Case Administration | 20 - 40 | $25,000 - $45,000 | 18.4 | $21,718.35 |
| 5 | Stone/KeyFi | 1,425 - 1,625 | $1,700,000 - $1,925,000 | 1,388.7 | $1,469,127.60 |
| 6 | Prime Trust | 476 - 700 | $550,000 - $750,000 | 421.8 | $511,434.90 |
| 8 | Hearings | 5 - 25 | $5,000 - $30,000 | 39.4 | $46,558.80 |
| 9 | Rhodium | NA | NA | 62.8 | $71,057.70 |
| **TOTAL** | | **2,126 – 2,685** | **$2,485,000 - $3,040,000** | **2,143.0** | **$2,322,174.60** |

As detailed herein, the total fees sought in the Application, as compared to the fees budgeted for the Compensation Period, were below the lowest estimated amount. As noted in the Application, during the Compensation Period, the Notice of Additional Services was filed pursuant to which Akin Gump began work on the Rhodium matter in October 2022. Because the budget that Akin Gump provided to the Debtors did not contemplate the Rhodium matter, no fees were budgeted for this specific matter. In addition, the fees and hours estimated for the Hearing matter were greater than those budgeted for that task in light of, among other things, the additional retention hearing scheduled for Akin Gump's application and the hearings and scheduling conferences on the Adversary Proceedings; further, this Hearing matter included certain time billed by attorneys for preparing for such hearings and/or status conferences. Notwithstanding the foregoing, as noted herein, the total fees sought for the Compensation Period are below the lowest budgeted amount.

## **EXHIBIT E**

**SUMMARY OF EXPENSES BY CATEGORY**

| Disbursement Activity | Amount ($) |
|---|---|
| Computerized Legal Research - Lexis - In Contract 30% Discount | $1,490.45 |
| Computerized Legal Research - Westlaw - In Contract 30% Discount | $59,241.53 |
| Computerized Legal Research - Westlaw - Out of contract | $184.42 |
| Computerized Legal Research - Courtlink - In Contract 50% discount | $171.54 |
| Computerized Legal Research - Other | $10.90 |
| Duplication - In House | $112.60 |
| Filing Fees | $900.00 |
| Imaging/Computerized Litigation Support | $962.50 |
| Meals – Overtime | $80.00 |
| Professional Fees - Consultant Fees | $41,210.00 |
| Prof Fees – Process Server | $2,207.88 |
| Research | $165.85 |
| Local Transportation - Overtime | $610.01 |
| **Total:** | **$107,347.68** |

# **EXHIBIT F**

## **STAFFING PLAN**

| Category of Timekeeper | Number of Timekeepers Expected to Work on Matter During the Compensation Period | Average Hourly Rate (with 10% discount) (2022) |
|---|---|---|
| Partner | 3 | $1,340 |
| Senior Counsel and Counsel | 1 | $1,170 |
| Associate | 4 | $800 |
| Paralegals & Non-Legal Staff | 1 | $430 |