**Hearing Date and Time:** April 2023 Omnibus Hearing (TBD)
**Objection Deadline** (for parties other than the Fee Examiner and U.S. Trustee): January 5, 2023, 12:00 p.m. EST

Timothy Martin
**HURON CONSULTING SERVICES LLC**
92 Hayden Ave.
Lexington, MA 02421
Tel: (617) 266-5530

*Financial Advisor to the Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, INC., *et al.*,[1] | Case No. 22-10964(MG) |
| Debtors. | (Jointly Administered) |

**SUMMARY COVER SHEET TO FIRST INTERIM FEE
APPLICATION OF HURON CONSULTING SERVICES LLC
AS FINANCIAL ADVISOR TO THE EXAMINER FOR THE PERIOD FROM
OCTOBER 10, 2022, THROUGH AND INCLUDING OCTOBER 31, 2022**

| Name of Applicant: | Huron Consulting Services LLC, Financial Advisor to the Examiner |
|---|---|
| Date of Retention | November 1, 2022, effective as of the October 10, 2022 |
| Period for Which Fees and s are Incurred: | October 10, 2022 through October 31, 2022 |
| Amount of Compensation Sought as Actual, Reasonable, and Necessary: | $518,063.00 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary: | $0.00 |
| Compensation Sought in this Application Already Paid Pursuant to a Monthly Compensation Order but Not Yet Allowed: | $0.00 |
| Expense Reimbursement Sought in this | $0.00 |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Ltd. (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

| | |
|---|---|
| Application Already Paid Pursuant to a Monthly Compensation Order but Not Yet Allowed: | |
| Total Balance Due Pursuant to this Application: | $518,063.00 |
| Total compensation approved to date by Interim Order: | None |
| Total expenses approved to date by Interim Order: | None |
| Total allowed compensation paid to date: | None |
| Total allowed expenses reimbursed to date: | None |
| Number of professionals included in this application: | 8 |
| Number of professionals billing fewer than 15 hours: | 7 |
| Type of fee statement or application | Interim Fee Application |
| Blended rate in this application for all timekeepers: | $923.63 |
| Are any rates higher than those approved or disclosed at retention? | No. |
| Difference between fees budgeted and compensation sought: | $31,937.00 less than budgeted.[2] |

| Name of Professional Individual | Position of the Applicant, Prior Relevant Experience, Areas of Expertise and Years of Practice | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Timothy Martin, CIRA, CTP, CFE, CCFI | Managing Director | 1,095 | 149.6 | $163,812.00 |
| Robert Barnett | Managing Director | 1,020 | 32.3 | 32,946.00 |
| Michael Boyer, MBA, CIRA, CCE | Senior Director | 920 | 65.2 | 59,984.00 |
| Anju Joseph | Senior Director | 920 | 39.3 | 36,156.00 |
| Robert Loh, CIRA, CFE, CFCS, CCA, CCE | Senior Director | 920 | 118.9 | 109,388.00 |
| Jean-Louis Sorondo | Senior Director | 950 | 77.5 | 73,625.00 |
| Ching Wei Tan | Director | 770 | 12.7 | 9,779.00 |
| Amanda Quintile | Associate | 495 | 65.4 | 32,373.00 |
| **Total Professional Charges** | | | **560.9** | **$518,063.00** |

---

[2] Huron began submitting monthly budgets to the Fee Examiner in December 2022. For the Interim Period, Huron budgeted $550,000.00.

2

Timothy Martin
**HURON CONSULTING SERVICES LLC**
92 Hayden Ave.
Lexington, MA 02421
Tel: (617) 266-5530
tmartin@hcg.com

*Financial Advisor to the Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>CELSIUS NETWORK, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-10964(MG)<br><br>(Jointly Administered) |

**FIRST INTERIM FEE APPLICATION OF HURON CONSULTING SERVICES LLC AS FINANCIAL ADVISOR TO THE EXAMINER FOR THE PERIOD FROM <u>OCTOBER 10, 2022, THROUGH AND INCLUDING OCTOBER 31, 2022</u>**

Huron Consulting Services LLC ("**Huron**"), Financial Advisor to the Examiner, hereby submits its first interim fee application (the "**Fee Application**") for interim allowance and approval of compensation for professional services provided in the amount of $518,063.00 for the period from October 10, 2022, through and including October 31, 2022 (the "**Fee Period**") in accordance with sections 327, 330, and 331 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the United

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

States Bankruptcy Court for the Southern District of New York (the "**Local Rules**"), and the *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief* [Dkt. 521] ("**Interim Compensation Order**"); the Court's *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, dated July 17, 2013 (the "**Local Guidelines**"); the United States Trustee's *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Large Chapter 11 Cases Effective as of November 1, 2013* (the "**UST Guidelines**"); and the *Order Appointing Independent Fee Examiner and Establishing Related Procedures for the Review of Fee Applications of Retained Professionals* (the "**Fee Examiner Order**") [Dkt. 1151]. In support of this Application, Huron submits the *Certification of Timothy Martin* (the "**Martin Certification**"), attached hereto as **Exhibit A**, and respectfully represents as follows:

## PRELIMINARY STATEMENT

1.  On October 14, 2022, the Examiner filed her *Application for Entry of an Order Authorizing the Employment and Retention of Huron Consulting Services LLC as Financial Advisor Effective as of October 10, 2022* [Dkt. 1070], which included a copy of the engagement letter between Huron and the Examiner and was approved by the terms of the Retention Order [Dkt. 1262] (the "**Retention Order**"). During the Interim Period, Huron worked for or on behalf of the Examiner and with the Examiner's counsel and reviewed and analyzed large volume of data and records, interviewed current and former Celsius personnel and customers, engaged in numerous information-gathering discussions with the various interested parties, including the Debtors, and assisted with the Examiner's Interim Report ("**Interim Report**"), which was filed with the Court on November 19, 2022 [Dkt. 1411]. Huron submits that its work during the

Interim Period was necessary for, and beneficial to, the Examiner in these chapter 11 cases, and respectfully requests that the Court award the fees requested in this Interim Fee Application.

## JURISDICTION

1. The United States Bankruptcy Court for the Southern District of New York has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are Bankruptcy Code sections 330 and 331, Bankruptcy Rule 2016, and Local Rule 2016-1.

## BACKGROUND AND CASE STATUS

4. On July 13, 2022 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors have continued to operate their businesses and manage their affairs as debtors and debtors in possession under Bankruptcy Code sections 1107(a) and 1108.

5. On August 18, 2022, the United States Trustee filed a motion seeking appointment of an examiner. [Dkt. 546.]

6. On September 14, 2022, the Court entered the *Order Directing the Appointment of an Examiner Pursuant to Section 1104(c) of the Bankruptcy Code* [Dkt. 820] ("**Examiner Order**"), directing the appointment of an examiner under section 1104(c) to investigate:

   a. "the Debtors' cryptocurrency holdings, including a determination as to where the Debtors' cryptocurrency holdings were stored prepetition and are stored post petition and whether different types of accounts are commingled";

      b.    "why there was a change in account offerings beginning in April 2022 from the Earn Program to the Custody Service for some customers while others were placed in a 'Withhold Account'";

      c.    "the Debtors' procedures for paying sales taxes, use taxes, and value-added taxes and the extent of the Debtors' compliance with any non-bankruptcy laws with respect thereto"; and

      d.    "the current status of the utility obligations of the Debtors' mining business."

(Examiner Order ¶ 3.)

7. The Examiner Order also directed the examiner to "otherwise perform the duties of an examiner set forth in §§ 1106(a)(3) and 1106(a)(4) of the Bankruptcy Code," subject to the terms of the Examiner Order. (*Id.*)

8. On September 29, 2022, the United States Trustee appointed Shoba Pillay as Examiner and filed a notice of the appointment [Dkt. 920] and the Examiner Application. Also on September 29, 2022, this Court entered an order approving the appointment of the Examiner. [Dkt. 923.]

9. On October 11, 2022, the Examiner filed her Work Plan, in accordance with paragraph 7 of the Examiner Order [Dkt. 1013-1] ("**Initial Work Plan**"). Under the Examiner Order, the Examiner's final report was due 60 days after the filing of her Initial Work Plan—i.e., December 10, 2022—absent further order of the Court on notice to all parties. (Examiner Order ¶ 8.)

10. On October 11, 2022, the Bankruptcy Court entered a scheduling order to address claims made by two ad hoc groups. These groups claim that the crypto assets held in what Celsius called Custody and Withhold accounts are property of the account holders, rather than property of Celsius' bankruptcy estates. (*See Joint Stipulation and Agreed Scheduling Order By and Among the Debtors, The Committee, The Ad Hoc Groups With Respect to Custody and*

*Withhold Issues* [Dkt. 1044] ("**Phase I Order**").) Because of factual overlap between this claim and the Examiner's investigation, the Court directed the Examiner to file an Interim Report by November 19, 2022 addressing several factual issues:

- how and when the Custody and Withhold wallets were created;

- whether the Custody and Withhold wallets have only ever held Custody and Withhold Coins, respectively, and whether the Custody and Withhold wallets include coins that have been designated as pledged collateral;

- the process by which coins were transferred in and out of Custody and Withhold wallets;

- the balance of assets in Custody and Withhold accounts and Custody and Withhold liabilities in the ten (10) days before and after the pause by coin;

- the number and types of coins that are currently in Custody and Withhold wallets as a step in an unsuccessful attempt to withdraw coins off of the platform (to the extent ascertainable).

(*Id.* ¶ 7.)

11. On November 1, 2022, the Court entered an Order Approving Examiner's Motion to Confirm Examination Scope or Alternatively for Expansion of the Scope of the Examination [Dkt. 1260] ("**First Scope Order**"), which clarified that:

a. Topic (i) set forth in the Examiner Order includes an examination of the Debtors' CEL tokens, including why and how other digital assets were converted into CEL tokens, and how these tokens were marketed, stored, and traded – including whether any of the Debtors' trading practices involving CEL tokens generally or determinations of CEL tokens awarded as part of the Earn Rewards program – impacted their value, and

b. Topic (ii) set forth in the Examiner Order includes an examination of the representations Debtors generally made in public representations to customers to attract them to their platform and about their cryptocurrency holdings and account offerings.

(*Id.* ¶¶ 2-3.)

12. On November 14, 2022, the Court entered a Stipulation and Agreed Order Modifying Scope of Examiner Order [Dkt. 1343] ("**Second Scope Order**," and together with the

First Scope Order, the "**Examiner Orders**") under which the "[t]he scope of the Examiner's factual investigation and report is expanded to include an investigation and report on whether the Debtors used new deposits being made by customers to make payments or otherwise meet obligations to existing customers at a time when the Debtors had no other sources (whether liquid or which could have been monetized) from which to make such payments or meet such obligations." (*Id.* ¶ 1.).

13. On November 19, 2022, the Examiner filed the Interim Report, addressing the issues identified in the Phase I Order.

14. On December 2, 2022, the Court entered an Order Approving Amended Work Plan [Dkt. 1562], which approved the Examiner's Amended Work Plan [Dkt. 1438-1] ("**Amended Work Plan**") and extended the Examiner's deadline to file her Final Report ("**Final Report**") to January 17, 2023. The Amended Work Plan estimates the total fees for the Examiner and Jenner & Block would aggregate approximately $6 to $7 million in light of the clarified and expanded scope of the Examiner's investigation. (*Id.* ¶ 29.)

15. On December 8, 2022, the Court entered an order [Dkt. 1645] extending the Debtors' exclusive periods to file and solicit acceptances to a chapter 11 plan to February 15, 2023. No plan or disclosure statement has been filed in these chapter 11 cases. Paragraph 10 of the Examiner Order authorizes the Examiner to retain counsel and other professionals subject to Court approval under Bankruptcy Code section 327(a).

### **HURON'S STATEMENT AND REQUEST**

16. All services provided by Huron during this Fee Period were performed for or on behalf of the Examiner.

17. Huron has received no payment and no promises of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters

covered by this Interim Fee Application. There is, and has been, no agreement or understanding between Huron and any other entity for the sharing of compensation to be received for services rendered in these cases.

18. Pursuant to the engagement letter between Huron and the Examiner [Dkt. 1070-4] (the "**Engagement Letter**"), as approved by the terms of the Retention Order [Dkt. 1262], Huron is entitled to compensation for fees earned in its role assisting the Examiner during the pendency of these chapter 11 cases.

19. Attached hereto as **Exhibit A** is a certification by the undersigned Managing Director of Huron regarding compliance with the Local Guidelines.

20. Attached hereto as **Exhibit B** is a summary of Huron's professionals by individual, setting forth the (a) name and title of each individual who provided services during the Fee Period, (b) aggregate hours spent by each individual, (c) hourly billing rate for each such individual at Huron's current billing rates, and (d) amount of fees earned by each Huron professional. The blended hourly billing rate of Huron timekeepers during the Fee Period is approximately $889.66.

21. Attached hereto as **Exhibit C** is a summary of the services rendered and compensation sought, by project category, for the Fee Period. The project categories for the fee period included:

    a. **Task 1 - Crypto Analysis**. In accordance with the Court-ordered investigation of the Debtors' storage and transfer of cryptocurrency (Examiner Order ¶ 3(i)), analyses and fact finding related to the Debtor's cryptocurrency assets, including Freeze/Coin Reports, Earn,

       Custody and Withheld accounts, crypto tracing, asset tracking, and related data forensics.

b. **Task 2 - Tax Analysis.** In accordance with the Court-ordered investigation of the Debtors' tax law compliance (Examiner Order ¶ 3(iii)), analyses and fact finding related to the Debtor's tax obligations.

c. **Task 3 - Utility Obligations.** In accordance with the Court-ordered investigation of the Debtors' utility obligations and mining business (Examiner Order ¶ 3(iv)), analyses and fact finding related to the Debtor's mining business including analyses of utility and hosting obligations.

d. **Task 4 - Billing and Fee Applications.** Fees associated with Huron's retention and preparation of fee statements and applications.

e. **Task 5 - Investigation Planning and Coordination.** Internal meetings or meeting with counsel related to investigation planning, strategy, and coordination of efforts.

f. **Task 6 - Communications with Parties in Interest.** Calls and/or emails with Debtor and UCC advisors and other parties in interest.

22.    Attached hereto as **Exhibit D** are itemized time records of Huron's professionals for the Fee Period and summary materials related thereto.

### HURON'S REQUESTED COMPENSATION AND REIMBURSEMENT SHOULD BE ALLOWED

23.    Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for

actual necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent, and the value of such services, taking into account all relevant factors, including—
>
> (a)  the time spent on such services;
>
> (b)  the rates charged for such services;
>
> (c)  whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (d)  whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
>
> (e)  whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

24.    Huron respectfully submits that the services for which it seeks compensation in this Fee Application were, at the time rendered, necessary for and beneficial to the Examiner and were rendered for or on behalf of the Examiner. Huron further believes that it performed the services for the Examiner economically, effectively, and efficiently, and the results obtained benefited the Examiner. Huron further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Examiner in the performance of their duties.

25. In sum, Huron respectfully submits that the professional services provided by Huron on behalf of the Examiner during these chapter 11 cases were necessary and appropriate given the complexity of these chapter 11 cases, the time expended by Huron, the nature and extent of Huron's services provided, the value of Huron's services, and the cost of comparable services outside of bankruptcy, all of which are relevant factors set forth in section 330 of the Bankruptcy Code. Accordingly, Huron respectfully submits that approval of the compensation sought herein is warranted and should be approved. To the extent that this Application is not in compliance with the Local Guidelines or any provision of the Interim Compensation Order, Huron respectfully requests that such Local Guidelines or provisions of the Interim Compensation Order be waived to the extent that any deviations are not material.

## RESERVATION OF RIGHTS

26. It is possible that some professional time expended or expenses incurred during the Fee Period are not reflected in this Application. Huron reserves the right to include such amounts in future fee applications.

## NO PRIOR REQUEST

27. No prior application for the relief requested herein has been made to this or any other court.

(*Signature page follows.*)

WHEREFORE, Huron respectfully requests that the Court enter an order (a) awarding Huron's interim compensation for professional and paraprofessional services provided during the Fee Period in the amount of $518,063.00; (b) authorizing and directing the Debtors to remit payment to Huron for such fees; and (c) granting such other relief as is appropriate under the circumstances.

Dated: December 15, 2022
Lexington, MA

Respectfully submitted,

 /s/ Timothy Martin
Timothy Martin
**HURON CONSULTING SERVICES LLC**
92 Hayden Ave
Lexington, MA 02421
Tel: (617) 266-5530
tmartin@hcg.com

*Financial Advisor to the Examiner*