Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Counsel to the Initial Debtors and Debtors in
Possession*

*Proposed Counsel to the GK8 Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**SUMMARY COVER SHEET TO**
**THE FIRST INTERIM FEE APPLICATION OF KIRKLAND & ELLIS LLP**
**AND KIRKLAND & ELLIS INTERNATIONAL LLP, ATTORNEYS FOR**
**THE DEBTORS AND DEBTORS IN POSSESSION, FOR THE INTERIM FEE**
**PERIOD FROM JULY 13, 2022 THROUGH AND INCLUDING OCTOBER 31, 2022**

In accordance with the Local Bankruptcy Rules for the Southern District of New York, Kirkland & Ellis LLP and Kirkland & Ellis International LLP (together, "K&E"), attorneys for the above-captioned debtors and debtors in possession (collectively, the "Debtors"), submit this summary (this "Summary") of fees and expenses sought as actual, reasonable, and necessary in

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

the fee application to which this Summary is attached (the "Fee Application")[2] for the period from July 13, 2022 through October 31, 2022 (the "First Interim Fee Period").

K&E submits the Fee Application as an interim fee application in accordance with the *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief* [Docket No. 521] (the "Interim Compensation Order"),[3] which permits K&E to file interim fee applications every four months.

| General Information | |
|---|---|
| Name of Applicant: | Kirkland & Ellis LLP and Kirkland & Ellis International LLP |
| Authorized to Provide Services to: | Celsius Network LLC, *et al.* |
| Petition Date: | July 13, 2022 |
| Date of Order Authorizing the Debtors to Retain K&E [Docket No. 845]: | September 16, 2022, effective as of July 13, 2022 |

| Summary of Fees and Expenses Sought in the Fee Application | |
|---|---|
| Period for Which Compensation and Reimbursement is Sought in the Fee Application: | July 13, 2022 through October 31, 2022 |
| Voluntary Fee Waiver and Expense Reduction in this Fee Period: | Reduced fees by $379,794.25 and expenses by $13,212.53.[4] |
| Amount of Compensation Sought as Actual, Reasonable, and Necessary for the Fee Period: | $19,844,014.00 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary for the Fee Period: | $258,925.90 |

---

[2] Capitalized terms used but not otherwise defined in this Summary shall have the meanings ascribed to such terms in the Fee Application.

[3] Following entry of the Interim Compensation Order, counsel to the Fee Examiner filed a *Notice of Presentment of Proposed Amended Interim Compensation and Fee Examiner Orders* [Docket No. 1445] and an amended Interim Compensation Order is pending.

[4] K&E voluntarily reduced its fees and expenses by the amounts described above and consequently does not seek payment of these fees and expenses in this Fee Application.

Total Compensation and Expense
Reimbursement Requested for the Fee Period:          $20,102,939.90

## *Rate Increases Applicable to the Fee Period*

Total Amount of Compensation
Sought for the Fee Period, Calculated
Using Rates as of the Date of Retention:             $19,844,014.00

## *Summary of Past Requests for Compensation and Prior Payments*

Total Amount of Compensation Previously
Requested Pursuant to the Interim Compensation     $7,119,352.69
Order to Date:

Total Amount of Expense
Reimbursement Previously Requested
Pursuant to the Interim Compensation Order to      $120,234.29
Date:

Total Compensation Approved
Pursuant to the Interim Compensation Order to      $0.00
Date:

Total Amount of Expense Reimbursement Approved
Pursuant to the Interim Compensation Order to      $0.00
Date:

Total Allowed Compensation Paid to Date:           $0.00

Total Allowed Expenses Paid to Date:               $0.00

Compensation Sought in
this Application Already Paid Pursuant to
the Interim Compensation Order But Not Yet         $19,844,014.00
Allowed:

Expenses Sought In This
Application Already Paid Pursuant to the
Interim Compensation Order But Not Yet Allowed:    $258,925.90

New York, New York
Dated: December 15, 2022

*/s/ Joshua A. Sussberg*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:       (212) 446-4800
Facsimile:       (212) 446-4900
Email:           joshua.sussberg@kirkland.com

- and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:       (312) 862-2000
Facsimile:       (312) 862-2200
Email:           patrick.nash@kirkland.com
                 ross.kwasteniet@kirkland.com
                 chris.koenig@kirkland.com
                 dan.latona@kirkland.com

*Counsel to the Initial Debtors and Debtors in
Possession*

*Proposed Counsel to the GK8 Debtors and
Debtors in Possession*

Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Counsel to the Initial Debtors and Debtors in Possession*

*Proposed Counsel to the GK8 Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**FIRST INTERIM FEE APPLICATION OF KIRKLAND & ELLIS LLP AND KIRKLAND & ELLIS INTERNATIONAL LLP, ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION, FOR THE INTERIM FEE PERIOD FROM JULY 13, 2022 THROUGH AND INCLUDING OCTOBER 31, 2022**

Kirkland & Ellis LLP and Kirkland & Ellis International LLP (together, "K&E"), attorneys for the above-captioned debtors and debtors in possession (collectively, the "Debtors"), hereby submit their first interim fee application (the "Fee Application") for allowance of compensation for professional services provided in the amount of $19,844,014.00 and reimbursement of actual

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

and necessary expenses in the amount of $258,925.90 that K&E incurred for the period from July 13, 2022 through October 31, 2022 (the "Fee Period"). In support of this Fee Application, K&E submits the declaration of Patrick J. Nash, Jr., president of Patrick J. Nash, Jr., P.C., a partner of K&E, (the "Nash Declaration"), which is attached hereto as **Exhibit A** and incorporated by reference. In further support of this Fee Application, K&E respectfully states as follows.

## Jurisdiction and Venue

1.      The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012. The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), rule 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), and the *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief* [Docket No. 521] (the "Interim Compensation Order").[2]

---

[2]    Following entry of the Interim Compensation Order, counsel to the Fee Examiner filed a *Notice of Presentment of Proposed Amended Interim Compensation and Fee Examiner Orders* [Docket No. 1445] and an amended Interim Compensation Order is pending.

## Background

4.      The Debtors, together with their non-Debtor affiliates (collectively, "Celsius"), are one of the largest and most sophisticated cryptocurrency based finance platforms in the world and provide financial services to institutional, corporate, and retail clients across more than 100 countries.  Celsius was created in 2017 to be one of the first cryptocurrency platforms to which users could transfer their crypto assets and (a) earn rewards on crypto assets and/or (b) take loans using those transferred crypto assets as collateral.  Headquartered in Hoboken, New Jersey, Celsius has more than 1.7 million registered users and approximately 300,000 active users with account balances greater than $100.

5.      On July 13, 2022 (the "Petition Date"), certain of the Debtors (collectively, the "Initial Debtors") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  On December 7, 2022, GK8 Ltd., GK8 UK Limited, and GK8 USA LLC (collectively, the "GK8 Debtors" and together with the Initial Debtors, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  A detailed description of the facts and circumstances of these chapter 11 cases is set forth in the *Declaration of Robert Campagna, Managing Director of Alvarez & Marsal North America, LLC, in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 20] (the "Campagna Declaration") and the *Declaration of Christopher Ferraro, Director and Chief Financial Officer of GK8 Ltd., in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 1629] (the "Ferraro Declaration").[3]  The Debtors commenced these chapter 11 cases to provide Celsius an opportunity to stabilize its business and consummate a comprehensive restructuring transaction that maximizes value for stakeholders.

---

[3]    Capitalized terms used but otherwise defined herein shall have the meanings ascribed to them in the Campagna Declaration, the Ferraro Declaration, or the Amended Interim Compensation Order, as applicable.

6.      The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  These chapter 11 cases have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket Nos. 53 & 1648].  On July 27, 2022, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed an official committee of unsecured creditors [Docket No. 241] (the "Committee").  On September 14, 2022, the Court entered an order directing the appointment of an examiner [Docket No. 820].  On October 20, 2022, the Court entered an order appointing Judge Christopher S. Sontchi as fee examiner [Docket No. 1151].

## Preliminary Statement

7.      During the Fee Period, K&E represented the Debtors professionally and diligently, advising them on a variety of complex matters and issues, as a result of which the Debtors took action to maximize the value of their estates for the benefit of all parties in interest.

8.      With K&E's advice and counsel, the Debtors accomplished, among other things, the following achievements in the first four months of these chapter 11 cases:

- stabilizing the Debtors' business operations following their transition into chapter 11 by obtaining relief to continue operating in the ordinary course of business, including approval of a number of "first day" and "second day" motions after resolving issues raised by the Committee, the U.S. Trustee, and other key stakeholders;

- obtaining relief to improve operational liquidity to navigate through these chapter 11 cases, including relief to monetize mined Bitcoin in the ordinary course of the Debtors' business [Docket No. 514] and approving expedited procedures for the sale or abandonment of certain de minimis assets [Docket No. 692];

- addressing numerous questions, concerns, and issues raised by employees, vendors, account holders, and other parties in interest;

- implementing a number of prudent, cost-cutting measures to optimize the Debtors' working capital expenditures, including instituting a number of reductions in force, rejecting burdensome executory contracts and unexpired leases, resulting in

4

approximately $70 million of annual headcount cost savings and $80 million of non-headcount annual cost savings;

- negotiating more favorable go-forward terms with vendors, which has led to the reduction of non-mining expenditures from approximately $6.1 million to $1.6 million per month and reductions of mining expenditures from approximately $21.3 million to $13 million per month;

- addressing the concerns of and questions from the Committee, U.S. Trustee, and the Court regarding the Debtors' cash management, enhanced cryptocurrency security, and business operations, among other things, and developing cash and cryptocurrency reporting and security protocols;

- conducting an internal investigation led by the Special Committee, facilitating the investigation being conducted by the Committee, answering inquiries from state and federal regulators in connection with the Debtors' other advisors, and working with the Examiner while she conducts her examination;

- preparing and filing the Debtors' schedules of assets and liabilities and statements of financial affairs, which totaled approximately 30,000 pages, following the review and analysis of information related to hundreds of thousands of claims, assets, and contracts of each of the Debtors;

- filing a motion to establish the claims bar dates in these chapter 11 cases to facilitate the timely administration of the Debtors' claims pool [Docket No. 1019];

- engaging with and responding to diligence requests from the Committee, the U.S. Trustee, the ad hoc groups, and the Examiner, which has resulted in over 100,000 documents produced, over 450 diligence requests answered, weekly calls with the Committee, daily interactions between the Debtors' advisors and the Committee, and two in-person meetings with the Committee;

- holding a number of weekly calls between the Debtors' management team and their advisors to review, coordinate and produce diligence responses as quickly as possible;

- filing a motion to permit access to certain custody and withhold assets to customers, which resulted in a comprehensive briefing schedule and initial declarations filed [Docket Nos. 670, 988, 996, 1044, 1192, 1289–93];

- filing a motion to permit the Debtors to sell stablecoins for U.S. dollars, which will provide liquidity as these chapter 11 cases progress [Docket No. 832];

- working with advisors to develop a business plan that will form the fundamental underpinnings for a standalone reorganization and engaging with the Committee and other parties in interest on strategic alternatives and optimal go-forward strategies;

- advancing the sale and marketing processes for both the sale of the GK8 assets and substantially all of the Debtors' assets, executing confidentiality agreements with approximately thirty interested parties, convening approximately twenty meetings between management and prospective buyers, and providing access to hundreds of relevant and confidential documents to potential bidders; and

- preparing for and participating in six hearings and numerous status conferences regarding critical operational relief and threshold legal questions.

9.      Given these accomplishments and the complexities of the Debtors' business and restructuring, K&E submits that the compensation and expense reimbursement sought herein for the necessary and beneficial professional services K&E provided to the Debtors during the Fee Period are reasonable and appropriate, commensurate with the scale, nature, and complexity of these chapter 11 cases, and should be approved.

## Case Status Summary

10.      In response to precarious business conditions—the onset of a "crypto winter," the well-publicized collapse of Luna, the failure of other crypto funds and exchanges, and a proverbial "run on the bank," the Debtors commenced these chapter 11 cases to utilize the breathing spell afforded by the automatic stay and develop and implement a value-maximizing transaction as promptly as possible.  Since the inception of these chapter 11 cases and during the Fee Period, the Debtors and their advisors focused on stabilizing operations and ensuring a soft landing in chapter 11 initially, and from there, charting a path forward to a value-maximizing emergence from chapter 11.

11.      These chapter 11 cases present significant legal issues that are matters of first impression that must be resolved before these cases can reach a value-maximizing conclusion, all while the Debtors navigate operations in a nascent industry plagued with unprecedented headwinds, uncertainty, and distrust.  To facilitate the meaningful participation of the Debtors' key constituents in the formulation of a chapter 11 plan, the Debtors have been working to resolve

the complex issues in these cases.  To that end, the Debtors are engaging with stakeholders, including the Committee, certain equity holders, state and federal regulators, dozens of account holders, ad hoc groups of custody and withhold account users, and a number of additional creditor constituencies.  Indeed, the Debtors have held countless conferences, made members of management available for informal interviews and examination under oath, provided stakeholders access to hundreds of thousands of documents, and developed a comprehensive reporting package and disclosures regarding the Debtors' fiat currency, coins, and coin security, all in an effort to engage with these constituencies.  The Debtors have also been cooperating with the Examiner's investigation and, in connection therewith, have produced thousands of documents and made their employees available for dozens of formal and informal interviews with the Examiner and her advisors.

12.      The Debtors remain focused on developing a value-maximizing transaction.  The Debtors are advancing the resolution of certain gating issues to such a transaction, including whether cryptocurrency assets in the custody, withhold, and earn programs are property of the estates, and whether account holders have claims at every legal entity.  Moreover, the Debtors and their advisors, in collaboration with other parties in interest, are actively developing the structure for a standalone reorganization that will focus on Celsius' areas of strength and potential growth, while eliminating noncompliant and unprofitable offerings.  In parallel, the Debtors are running a robust marketing process for a sale of some or all of the Debtors' assets, and obtained approval for their bidding procedures in relation thereto [Docket No. 1167].  During the Fee Period, the Debtors took certain steps to monetize certain assets as well, including obtaining court approval to sell GK8, obtaining approval to sell certain *de minimis* assets, and filing a motion to sell stablecoin.

13.      Finally, the Debtors have accomplished a great deal from an administrative and

operational perspective.  On October 5, 2022, each of the Initial Debtors filed its schedules of financial affairs and statements of assets and liabilities—a major undertaking for a company of this size and complexity, requiring a significant investment of time and energy on the part of Company management, various other employees, and the Debtors' advisors.  The Initial Debtors also participated in two meetings of creditors (on August 19, 2022 and October 13, 2022) pursuant to section 341 of the Bankruptcy Code for the purpose of providing information on a variety of topics, including the circumstances and progress of these cases.  On November 16, 2022, the Debtors received approval from the Court to establish bar dates for filing proofs of claim in these chapter 11 cases [Docket No. 1368].  On December 8, 2022, the Debtors obtained the first extension of the exclusive period to file and solicit a chapter 11 plan [Docket No. 1645].[4]

### The Debtors' Retention of K&E

14.    On September 16, 2022, the Court entered the *Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtors and Debtors in Possession Effective as of July 13, 2022* [Docket No. 845] (the "Retention Order"), attached hereto as **Exhibit B** and incorporated by reference.[5] The Retention Order authorizes the Debtors to compensate and reimburse K&E in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Interim Compensation Order.  The Retention Order also authorizes the Debtors to compensate K&E at K&E's hourly rates charged for services of this type and to reimburse K&E for K&E's actual and necessary out-of-pocket expenses incurred, subject to application to this Court.  The particular terms of K&E's

---

[4]    The Debtors' request for this relief and the approval thereof was secured after the Fee Period.

[5]    The Debtors are seeking to extend the Retention Order to the GK8 Debtors pursuant to *Debtors' Motion For Entry of an Order (I) Applying Certain Orders in the Initial Debtors' Chapter 11 Cases to GK8 Ltd., GK8 USA LLC, and GK8 UK Limited and (II) Granting Related Relief* [Docket No. 1626].

engagement are detailed in the engagement letter by and between K&E and the Debtors, effective

as of July 13, 2022 and attached hereto as **Exhibit C** (the "Engagement Letter").

15.     The Retention Order authorizes K&E to provide the following services consistent

with and in furtherance of the services enumerated above:

a.      advising the Debtors with respect to their powers and duties as
        debtors-in-possession in the continued management and operation of their
        businesses and properties;

b.      preparing pleadings, including motions, applications, answers, orders,
        reports, and papers necessary or otherwise beneficial to the administration
        of the Debtors' estates and consistent with the services identified in the
        Retention Order;

c.      appearing before the Court and any appellate courts to represent the interests
        of the Debtors' estates before those courts in connection with the services
        in the Retention Order; and

d.      performing all other legal services reasonably necessary or otherwise
        beneficial for the Debtors in connection with these chapter 11 cases.

**Disinterestedness of K&E**

16.     To the best of the Debtors' knowledge and as disclosed in the *Declaration of*

*Patrick J. Nash, Jr. in Support of the Debtors' Application for the Entry of an Order Authorizing*

*the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP*

*as Attorneys for the Debtors and Debtors in Possession Effective as of  the Petition Date*

[Docket No. 360] and the *First Supplemental Declaration of Patrick J. Nash, Jr. in Support of the*

*Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kirkland*

*& Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtors and Debtors in*

*Possession Effective as of July 13, 2022* [Docket No. 629] (collectively, the "K&E Declarations"),

(a) K&E is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code,

as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest

adverse to the Debtors' estates and (b) K&E has no connection to the Debtors, their creditors, or

other parties in interest, except as may be disclosed in the K&E Declarations.

17.    K&E may have in the past represented, may currently represent, and likely in the future will represent parties in interest in connection with matters unrelated to the Debtors in these chapter 11 cases.  In the K&E Declarations, K&E disclosed its connections to parties in interest that it has been able to ascertain using its reasonable efforts.  K&E will update the K&E Declarations, as appropriate, if K&E becomes aware of relevant and material new information.

18.    K&E performed the services for which it is seeking compensation on behalf of the Debtors and their estates, and not on behalf of any committee, creditor, or other entity.

19.    Except to the extent of the advance payments paid to K&E that K&E previously disclosed to this Court in the K&E Declarations, K&E has received no payment and no promises for payment from any source other than the Debtors for services provided or to be provided in any capacity whatsoever in connection with these chapter 11 cases.

20.    Pursuant to Bankruptcy Rule 2016(b), K&E has not shared, nor has K&E agreed to share (a) any compensation it has received or may receive with another party or person other than with the partners, counsel, and associates of K&E or (b) any compensation another person or party has received or may receive.

**Summary of Compliance with the Interim Compensation Order**

21.    This Fee Application has been prepared in accordance with the Interim Compensation Order.

22.    K&E seeks interim compensation for professional services rendered to the Debtors during the Fee Period in the amount of $19,844,014.00 and reimbursement of actual and necessary expenses incurred in connection with providing such services in the amount of $258,925.90. During the Fee Period, K&E attorneys and paraprofessionals expended a total of 19,105.70 hours for which compensation is requested.

23.     In accordance with the Interim Compensation Order, as of the date hereof, K&E has received payments totaling $6,958,878.37 ($6,838,644.00 of which was for services provided and $120,234.47 of which was for reimbursement of expenses) for the Fee Period.  Accordingly, by this Fee Application, and to the extent such amounts have not been paid by the time of the hearing on this Fee Application, K&E seeks payment of the remaining $13,144,061.43, which amount represents the entire amount of unpaid fees and expenses incurred between July 13, 2022 and October 31, 2022.[6]

24.     In response to K&E's monthly fee statement for the month of July, Mr. Victor Ubierna de las Heras, a *pro se* creditor, filed his *Notice of Objection to Fee Statement (Dk 1071)* [Docket No. 1163] (the "Ubierna de las Heras Objection").  In his Objection, Mr. Ubierna de las Heras argues that certain time entries in the Automatic Stay Matter Number related to a motion to extend the automatic stay to directors should not be billed because the motion was never filed and certain former directors, including Alex Mashinsky, should not be defended.  *See* Ubierna de las Heras Objection, pp. 3-5.  Section 330 of the Bankruptcy Code requires only that "services were…beneficial at the time at which the service was rendered…." 11 U.S.C. § 330(3)(C).  K&E prepared the motion to extend the automatic stay to directors based on its reasonable belief that it would be beneficial to the Debtors' estates.  While the circumstances that would precipitate the filing of this motion did not occur, K&E believed at the time, based on their extensive bankruptcy experience, that preparing this motion was necessary.  To that end, K&E submits that these time entries are reasonable and necessary and respectfully request that the Ubierna de las Heras Objection be overruled.  K&E reserves all rights to address the Ubierna de las Heras Objection in greater detail in a future reply in support of this Interim Fee Application and at the hearing

---

[6]    This amount also reflects the 20% holdback for the Fee Period.

regarding the Interim Fee Application.

**Fees and Expenses Incurred During Fee Period**

A.     **Customary Billing Disclosures**.

25.     K&E's hourly rates are set at a level designed to compensate K&E fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses.  The hourly rates and corresponding rate structure utilized by K&E in these chapter 11 cases are equivalent to the hourly rates and corresponding rate structure used by K&E for other restructuring matters, as well as similar complex corporate, securities, and litigation matters whether in court or otherwise, regardless of whether a fee application is required.  The rates and rate structure reflect that such restructuring and other complex matters typically are national in scope and typically involve great complexity, high stakes, and severe time pressures.  For the convenience of the Court and all parties in interest, attached hereto as **Exhibit D** is K&E's budget and staffing plan for this Fee Period and attached hereto as **Exhibit E** is a summary of blended hourly rates for timekeepers who billed to non-bankruptcy matters and blended hourly rates for timekeepers who billed to the Debtors during the Fee Period.

B.     **Fees Incurred During Fee Period**.

26.     In the ordinary course of K&E's practice, K&E maintains computerized records of the time expended to render the professional services required by the Debtors and their estates. For the convenience of the Court and all parties in interest, attached hereto as **Exhibit F** is a summary of fees incurred and hours expended during the Fee Period, setting forth the following information:

- the name of each attorney and paraprofessional for whose work on these chapter 11 cases compensation is sought;

- each attorney's year of bar admission and area of practice concentration;

- the aggregate time expended and fees billed by each attorney and each paraprofessional during the Fee Period;

- the hourly billing rate for each attorney and each paraprofessional at K&E's current billing rates;

- the hourly billing rate for each attorney and each paraprofessional as disclosed in the first interim application;

- the number of rate increases since the inception of the case; and

- a calculation of total compensation requested using the rates disclosed in the *Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtors and Debtors in Possession Effective as of July 13, 2022* [Docket No. 360] (the "Retention Application").

**C.  Expenses Incurred During Fee Period.**

27.     In the ordinary course of K&E's practice, K&E maintains a record of expenses incurred in the rendition of the professional services required by the Debtors and their estates and for which reimbursement is sought.   K&E currently charges $0.16 per page for standard duplication in its offices in the United States.  Notwithstanding the foregoing and consistent with the Local Rules, K&E charged no more than $0.10 per page for standard duplication services in these chapter 11 cases.  K&E does not charge its clients for incoming facsimile transmissions.

28.     For the convenience of the Court and all parties in interest, attached hereto as **Exhibit G** is a summary for the Fee Period, setting forth the total amount of reimbursement sought with respect to each category of expenses for which K&E is seeking reimbursement.

<u>**Summary of Legal Services Rendered During the Fee Period**</u>

29.     As discussed above, during the Fee Period, K&E provided extensive and important professional services to the Debtors in connection with these chapter 11 cases.  These services were often performed under severe time constraints and were necessary to address a multitude of critical issues both unique to these chapter 11 cases and typically faced by large corporate debtors

13

in similar cases of this magnitude and complexity.

30.    To provide a meaningful summary of K&E's services provided on behalf of the Debtors and their estates, K&E has established, in accordance with its internal billing procedures, certain subject matters categories (each, a "Matter Category") in connection with these chapter 11 cases.  The following is a summary of the fees and hours billed for each Matter Category in the Fee Period:[7]

| Matter Number | Project Category Description | Hours | | Total Compensation | |
|---|---|---|---|---|---|
| | | Budgeted | Billed | Budgeted | Billed |
| Bankruptcy Preparation | | | | | |
| 2 | Chapter 11 Bankruptcy Filing | 285 - 371 | 670 | $312,500 - $405,000 | $672,198.00 |
| Bankruptcy Proceedings | | | | | |
| 6 | Case Administration | 110 -143 | 1,197.30 | $125,000 - $165,000 | $1,101,466.00 |
| 10 | Official Committee Matters and Meetings | 655 - 852 | 1,050.90 | $750,000 - $975,000 | $1,121,401.00 |
| 15 | SOFAs and Schedules | 635 - 826 | 757.20 | $687,500 - $895,000 | $856,324.00 |
| 18 | Disclosure Statement, Plan, Confirmation | 1,360 - 1,768 | 252.40 | $1,500,000 - $1,950,000 | $302,219.50 |
| 20 | K&E Retention and Fee Matters | 355 - 462 | 783.50 | $375,000 - $490,000 | $692,748.00 |
| 21 | Non-K&E Retention and Fee Matters | 460 - 598 | 455.30 | $500,000 - $650,000 | $448,053.50 |
| 23 | Non-Working Travel | 25 - 33 | 32 | $32,250 - $40,000 | $41,744.00 |
| 24 | U.S. Trustee Communications & Reporting | 205 - 267 | 365.90 | $250,000 - $325,000 | $393,103.50 |
| 43 | Examiner Matters | N/A | 401.80 | - | $451,359.50 |
| Operational Issues | | | | | |
| 5 | Business Operations | 555 - 722 | 556.50 | $625,000 - $815,000 | $646,265.50 |
| 7 | Cash Management and DIP Financing | 585 - 761 | 488.70 | $687,500 - $895,000 | $497,468.50 |

---

[7]    In certain instances, K&E may have billed the same amount of fees, but different amount of hours to different Matter Categories.  This difference is the result of different staffing of each such matter category.

| Matter Number | Project Category Description | Hours | | Total Compensation | |
|---|---|---|---|---|---|
| 8 | Customer and Vendor Communications | 565 - 735 | 468.90 | $625,000 - $815,000 | $460,500.50 |
| 12 | Corp., Governance, & Securities Matters | 420 - 546 | 470.10 | $500,000 - $650,000 | $533,890.50 |
| 13 | Employee Matters | 635 - 826 | 995.50 | $750,000 - $975,000 | $1,115,752.50 |
| 17 | Insurance and Surety Matters | 220 - 286 | 55.40 | $250,000 - $325,000 | $62,976.00 |
| 22 | Tax Matters | 410 - 533 | 256.40 | $531,250 - $690,000 | $335,887.00 |
| 26 | Special Committee Matters | 435 - 566 | 1,876.50 | $500,000 - $615,000 | $2,064,686.00 |
| Adversarial Matters | | | | | |
| 3 | Adversary Proceeding & Contested Matters | 675 - 878 | 1,657.80 | $750,000 - $975,000 | $1,716,651.50 |
| 4 | Automatic Stay Matters | 320 - 416 | 538.40 | $375,000 - $490,000 | $540,071.50 |
| 9 | Claims Administration and Objections | 345 - 449 | 448.80 | $375,000 - $490,000 | $440,170.50 |
| 16 | Hearings | 115 - 150 | 836.10 | $125,000 - $165,000 | $851,667.00 |
| 27 | Stone Litigation | N/A | 22.70 | N/A | $33,092.50 |
| 28 | Prime Trust Litigation | N/A | 7.70 | N/A | $11,061.00 |
| 30 | Stakehound Litigation | N/A | 1.60 | N/A | $1,440.00 |
| 31 | Badger DAO Litigation | N/A | 3.40 | N/A | $3,519.00 |
| 33 | Reliz Limited Litigation | N/A | 0.50 | N/A | $922.50 |
| 41 | Tether Limited Litigation | N/A | 9.10 | N/A | $9,918.00 |
| 42 | Core Scientific Litigation | N/A | 894.40 | N/A | $894,567.00 |
| Asset-Related Issues | | | | | |
| 11 | Use, Sale, and Disposition of Property | 795 - 1,034 | 3,071.30 | $875,000 - $1,140,000 | $3,023,803.50 |
| 14 | Executory Contracts and Unexpired Leases | 485 - 631 | 290.80 | $500,000 - $650,000 | $282,309.50 |
| 19 | International Issues | 215 - 280 | 188.80 | $250,000 - $325,000 | $236,777.00 |
| Expenses | | | | | |
| 25 | Expenses | N/A | N/A | N/A | N/A |
| **Totals** | | 11,080- 14,404 | **19,105.70** | **$12,500,00 0-** | **$19,844,014.0 0** |

| Matter Number | Project Category Description | Hours | | Total Compensation | |
|---|---|---|---|---|---|
| | | | | $16,270,000 | |

31.    The following is a summary, by Matter Category, of the most significant professional services provided by K&E during the Fee Period.  This summary is organized in accordance with K&E's internal system of matter numbers.  The detailed descriptions demonstrate that K&E was heavily involved in performing services for the Debtors on a daily basis, often including night and weekend work, to meet the needs of the Debtors' estates in these chapter 11 cases.  A schedule setting forth a description of the Matter Categories utilized in this case, the number of hours expended by K&E partners, associates and paraprofessionals by matter, and the aggregate fees associated with each matter is attached hereto as **Exhibit H**.

32.    In addition, K&E's computerized records of time expended providing professional services to the Debtors and their estates are attached hereto as **Exhibit I**, and K&E's records of expenses incurred during the Fee Period in the rendition of professional services to the Debtors and their estates are attached as **Exhibit J**.

(a)    **Chapter 11 Bankruptcy Filing Matter No. 2**

Total Fees:    $672,198.00
Total Hours:    670.00

33.    This Matter Category includes time spent by K&E attorneys and paraprofessionals providing services relating to the filing of the Debtors' chapter 11 petitions and various "first day" pleadings and related notices during the initial days of these chapter 11 cases, including, without limitation, (a) reviewing and revising the Debtors' petitions and "first day" motions, proposed orders, affidavits and notices; and (b) preparing for the "first day" hearing, including drafting hearing notices, agendas, talking points, and related materials, and preparing potential witnesses in connection with certain of the first day motions.

34. Specifically, the Debtors filed several motions seeking orders authorizing the Debtors to pay various prepetition claims. Entry of these orders eased the strain on the Debtors' relationships with employees, vendors, customers, insurance providers and sureties, and taxing authorities as a consequence of the commencement of these chapter 11 cases. Among other things, these orders authorized the Debtors to (a) pay certain critical vendors, suppliers, and lien claimants; (b) pay certain prepetition employee wages and benefits; (c) maintain cash management systems; (d) use prepetition bank accounts, checks and other business forms; (e) make tax payments to federal, local, and state taxing authorities; (f) prohibit utility companies from discontinuing services; and (g) maintain prepetition insurance policies and enter into new insurance policies.

**(b)    Adversary Proceeding & Contested Matters Matter No. 3**

Total Fees:    $1,716,651.50
Total Hours:    1,657.80

35. This Matter Category includes time spent by K&E attorneys and paraprofessionals providing services relating to litigation, adversary proceedings, or other adversarial matters. Specifically, K&E attorneys and paraprofessionals spent time:

(i) researching, analyzing, and preparing litigation strategies regarding ongoing and potential adversary proceedings and contested matters;

(ii) conducting discovery and preparing extensive briefing regarding the foregoing adversary proceedings and contested matters;

(iii) reviewing and analyzing discovery matters regarding the foregoing adversary proceedings and contested matters;

(iv) negotiating, drafting and reviewing settlement agreements; and

(v) coordinating and communicating with the Debtors, the Debtors' advisors, and relevant stakeholders regarding the foregoing activities.

(c)    **Automatic Stay Matters Matter No. 4**[8]

Total Fees:    $540,071.50
Total Hours:   538.40

36.    This Matter Category includes time spent by K&E attorneys and paraprofessionals

providing services relating to the imposition of the automatic stay.  Specifically, K&E attorneys

and paraprofessionals spent time:

(i)    responding to formal and informal inquiries from certain parties in interest for relief from the automatic stay;

(ii)    drafting, revising, and researching pleadings and responding to requests for relief from the automatic stay; and

(iii)    coordinating and communicating with the Debtors, the Debtors' advisors, and relevant stakeholders regarding the foregoing activities.

(d)    **Business Operations Matter No. 5**

Total Fees:    $646,265.50
Total Hours:   556.50

37.    It is important that the Debtors and their advisors create and implement an all-

encompassing and cohesive strategy for maintaining business operations with minimal disruptions

during the course of the Debtors' chapter 11 cases.  K&E attorneys and paraprofessionals spent

time developing a strategy with the Debtors to ensure a smooth transition into chapter 11 and to

ensure that going forward their business operations continue without interruption.  Specifically,

K&E attorneys and paraprofessionals spent time strategizing with management and the Debtors'

other advisors regarding processes to stabilize the business, maintain the security of digital assets,

optimize the mining business segment, and ensure uninterrupted operations while in chapter 11.

---

[8]    The Debtors received the Ubierna de las Heras Objection in response to the *First Monthly Fee Statement of Kirkland & Ellis LLP and Kirkland & Ellis International LLP for Compensation for Services and Reimbursement of Expenses as Counsel to the Debtors and Debtors in Possession for the Period From July 13, 2022 through July 31, 2022* [Docket No. 1071].  The Debtors submit that all time included in this matter is reasonable and warranted, and will respond to the arguments raised therein in greater detail in a reply prior to the Interim Fee Hearing.

(e)     **Case Administration Matter No. 6**

Total Fees:     $1,101,466.00
Total Hours:    1,197.30

38.     This Matter Category includes time spent on a variety of tasks that were necessary

to ensure the efficient and smooth administration of legal services related to the Debtors'

chapter 11 cases.  Specifically, K&E attorneys and paraprofessionals spent time:

     (i)     coordinating, managing, and administering these chapter 11 cases
on a daily basis, including monitoring critical dates and maintaining
a case calendar, task lists, and work-in-progress reports;

     (ii)    attending case status conferences with the Debtors' management
team and the other retained professionals in these chapter 11 cases;

     (iii)   establishing procedures for case administration and docket
monitoring;

     (iv)   ensuring compliance with the service and notice requirements of the
Bankruptcy Code, the Bankruptcy Rules, and the Local Rules,
including coordinating service of pleadings and other related notices
with Stretto,[9] the claims and noticing agent retained in these chapter
11 cases;

     (v)    facilitating compliance with all of the other applicable requirements
of the Bankruptcy Code, Bankruptcy Rules, Local Rules, and orders
or procedures issued by the Bankruptcy Court; and

     (vi)   conducting regular conferences internally with restructuring,
corporate, and litigation teams, and with the Debtors and their other
advisors regarding the overall case status and high-level strategy.

39.     Time billed to this Matter Category also includes work and meetings related to

multiple matters such that the time cannot be easily allocated to one of the other matters.

(f)     **Cash Management and DIP Financing Matter No. 7**

---

[9]     To the extent possible, K&E paraprofessionals attended to these matters.  In addition, K&E paraprofessionals
monitored the dockets for these chapter 11 cases to track the filing of pleadings and to remain apprised of critical
dates, including those related to such pleadings.  For each pleading filed, K&E paraprofessionals ensured that the
appropriate attorneys and personnel of the Debtors and their other advisors remained apprised of the filed
documents and relevant objection and response deadlines, hearing dates, and other critical dates.

Total Fees:    $497,468.50
Total Hours:   488.70

40.    This Matter Category includes time spent by K&E attorneys and paraprofessionals during the Fee Period analyzing bank account opening and closures and authorized depositories as well as obtaining the Court's approval for the Debtors' continued use of their cash management system on a final basis.  Specifically, K&E attorneys and paraprofessionals spent time:

(i)    filing and obtaining court approval of the *Interim Order (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (D) Continue to Perform Intercompany Transactions, (II) Granting Superpriority Administrative Expense Status to Postpetition Intercompany Balances, and (III) Granting Related Relief* [Docket No. 56]; the *Second Interim Order (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (D) Continue to Perform Intercompany Transactions, (II) Granting Superpriority Administrative Expense Status to Postpetition Intercompany Balances, and (III) Granting Related Relief* [Docket No. 513]; and the *Third Interim Order (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (D) Continue to Perform Intercompany Transactions, (II) Granting Superpriority Administrative Expense Status to Postpetition Intercompany Balances, and (III) Granting Related Relief* [Docket No. 699];

(ii)   filing and obtaining court approval of the *Final Order (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (D) Continue to Perform Intercompany Transactions, (II) Granting Superpriority* Administrative *Expense Status to Postpetition Intercompany Balances, and (III) Granting Related Relief* [Docket No. 1152]; and

(iii)  negotiating with the U.S. Trustee and the Committee to resolve formal and informal objections to the foregoing and providing the U.S. Trustee and Committee with all required reporting under the applicable cash management orders.

    **(g)**    <u>**Customer and Vendor Communications Matter No. 8**</u>

        Total Fees:    $460,500.50
        Total Hours:  468.90

41.    This Matter Category includes time spent by K&E attorneys and paraprofessionals advising the Debtors on creditor communications and vendor issues, including with respect to first day relief and postpetition business activities.  Specifically, K&E attorneys and paraprofessionals spent time:

        (i)    negotiating and executing critical vendor agreements;

        (ii)    coordinating with the Committee and U.S. Trustee concerning critical vendor reporting and approvals;

        (iii)    researching and analyzing issues raised by various vendors and creditors and coordinating with the Debtors' advisors with respect thereto; and

        (iv)    corresponding with various vendors and creditors with respect to their inquiries.

    **(h)**    <u>**Claims Administration and Objections Matter No. 9**</u>

        Total Fees:    $440,170.50
        Total Hours:  448.80

42.    This Matter Category includes time K&E attorneys and paraprofessionals spent on matters related to claims administration and claims-related issues.  Specifically, K&E attorneys and paraprofessionals spent time:

        (i)    drafting and filing the *Debtors' Motion For Entry of an Order (I) Setting Bar Dates For Submitting Proof of Claim, (II) Approving Procedures for Submitting Proofs of Claim, (III) Approving Notice Thereof, and (IV) Granting Related Relief* [Docket No. 1019] (the "<u>Bar Date Motion</u>");

        (ii)    responding to the *Series B Preferred Holders' Motion Pursuant to Bankruptcy Rule 1009 for Entry of an Order Directing the Debtors to Amend their Schedules* [Docket. No. 1183] and analyzed where customers have claims against Debtor entities;

(iii)     responding to various inquiries about filing claims, the Bar Date Motion and related order, and claims resolution from various parties;

(iv)     coordinating with Stretto and other parties regarding bar date notices; and

(v)     coordinating with Alvarez & Marsal ("<u>A&M</u>"), the Debtors' financial advisor, and Stretto regarding the claims resolution process.

**(i)     <u>Official Committee Matters and Meetings Matter No. 10</u>**

Total Fees:     $1,121,401.00
Total Hours:    1,050.90

43.     This Matter Category includes time spent by K&E attorneys providing services relating to statutory committees.  Specifically, K&E attorneys and paraprofessionals spent time:

(i)     meeting and corresponding with the Committee's advisors to provide updates as to developments in the cases;

(ii)     coordinating with the Debtors to provide the Committee access to the Debtors' employees for formal and informal interviews;

(iii)     producing over 22,000 documents in response to Committee requests;

(iv)     attending weekly case status conferences with the Committee;

(v)     responding to formal and informal objections to various operational motions from the Committee; and

(vi)     drafting and filing the *Debtors' Objection to Motion For Entry of an Order Directing the Appointment of an Official Preferred Equity Committee* [Docket No. 1045].

**(j)     <u>Use, Sale, and Disposition of Property Matter No. 11</u>**

Total Fees:     $3,023,803.50
Total Hours:    3,071.30

44.     This Matter Category includes time spent by K&E attorneys and paraprofessionals providing services relating to the Debtors' property interests.  Specifically, K&E attorneys and paraprofessionals spent time:

(i)     drafting and filing *Debtors' Motion Seeking Entry of an Order (I) Approving the Bidding Procedures in Connection with the Sale of Substantially All of the Debtors' Assets, (II) Scheduling Certain Dates With Respect Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Approving Contract Assumption and Assignment Procedures, and (V) Granting Related Relief* [Docket No. 929] (the "Bidding Procedures Motion");

(ii)    drafting and filing *Debtors' Motion Seeking Entry of (I) an Order (A) Approving the Bidding Procedures for the Potential Sale of Certain of the Debtors' Assets, (B) Scheduling Certain Dates With Respect Thereto, (C) Approving the Form and Manner of Notice Thereof, (D) Approving Bid Protections, (E) Approving Assumption and Assignment Procedures, (II) an Order Authorizing the Debtors to Enter into a Definitive Purchase Agreement, and (III) Granting Related Relief* [Docket No. 188] (the "GK8 Bidding Procedures Motion");

(iii)   drafting and filing *Debtors' Motion Seeking Entry of an Order (I) Permitting the Sale of the Debtors' Mined Bitcoin in the Ordinary Course and (II) Granting Related Relief* [Docket No. 187];

(iv)    drafting and filing *Debtors' Motion to Approve Procedures for De Minimis Asset Transactions* [Docket No. 189];

(v)     reviewing, analyzing, and revising bid proposals, and communicating with potential bidders regarding bid proposals;

(vi)    responding to diligence requests regarding the foregoing potential bidders;

(vii)   drafting, revising, and negotiating deal documentation associated with the GK8 sale;

(viii)  analyzing strategy and approach with the Debtors and their other advisors regarding the GK8 sale; and

(ix)    negotiating and engaging with several bidders and other stakeholders regarding the GK8 sale.

**(k)    Corp., Governance, & Securities Matters Matter No. 12**

Total Fees:    $533,890.50
Total Hours:   470.10

45.    This Matter Category includes time spent by K&E attorneys and paraprofessionals

advising the Debtors and the Board of Directors (the "<u>Board</u>") regarding corporate matters.

Specifically, K&E attorneys and paraprofessionals spent time:

(i)     researching and preparing materials regarding nondisclosure agreements;

(ii)    analyzing, discussing, and addressing various corporate governance and structuring issues;

(iii)   complying with corporate governance requirements, including drafting minutes, Board resolutions, certificates, and amendments to corporate documents, as necessary;

(iv)    drafting board and shareholder resolutions; and

(v)     complying with securities regulations, including research and preparation of materials pertaining to securities-related disclosures and regulatory requirements.

**(l)    <u>Employee Matters Matter No. 13</u>**

Total Fees:     $1,115,752.50
Total Hours:    995.50

46.     The Debtors and K&E believe that a successful reorganization depends on retaining

the workforce, thereby ensuring continuity of the Debtors' business.  As a result, this Matter

Category includes time spent by K&E attorneys and paraprofessionals addressing employee issues.

Specifically, K&E attorneys spent time:

(i)     filing and obtaining court approval of the *Final Order (I) Authorizing the Debtors to (A) Pay Prepetition Wages, Salaries, Other Compensation, and Reimbursable Expenses and (B) Continue Employee Benefits Programs and (II) Granting Related Relief* [Docket No. 518] and obtaining court approval of the *Order Authorizing the Debtors to (I) Pay Non-Insider Severance Benefits and (II) Granting Related Relief* [Docket No. 688] following a contested hearing;

(ii)    drafting and filing the *Debtors' Motion for Entry of an Order (I) Approving the Debtors' Key Employee Retention Plan and (II) Granting Related Relief* [Docket No. 1021];

(iii)   drafting and filing *Debtors' Motion for Entry of an Order Authorizing the Debtors to Redact and File Under Seal Certain*

*Confidential Information Related to the Debtors' Key Employee Retention Plan* [Docket No. 1020];

(iv)    drafting and filing *Debtors' Amended Motion for Entry of an Order Authorizing the Debtors to Redact and File Under Seal Certain Confidential Information Related to the Debtors' Key Employee Retention Plan* [Docket No. 1020]; and

(v)    responding to formal and informal objections to the foregoing, including drafting and filing the *Omnibus Reply in Support of Debtors' Motion for Entry of an Order (I) Approving the Debtors' Key Employee Retention Plan and (II) Granting Related Relief and Motion for Entry of an Order Authorizing the Debtors to Redact and File Under Seal Certain Confidential Information Related to the Debtors' Key Employee Retention Plan* [Docket No. 1231].

**(m)    Executory Contracts and Unexpired Leases Matter No. 14**

Total Fees:    $282,309.50
Total Hours:    290.80

47.    This Matter Category includes time spent by K&E attorneys examining issues related to the Debtors' executory contracts and unexpired leases.  K&E attorneys spent time researching, analyzing, renegotiating, or rejecting the Debtors' obligations under their various executory contracts.  Specifically, K&E attorneys spent time:

(i)    researching, analyzing, and renegotiating the Debtors' obligations under their various executory contracts and unexpired leases;

(ii)    coordinating with the Debtor and the Debtors' other advisors to identify and analyze contracts and leases for potential assumption or rejection;

(iii)    drafting and revising pleadings in connection with potential adversary proceedings involving contract counterparties; and

(iv)    coordinating and communicating with the Debtors, the Debtors' advisors, and relevant stakeholders regarding the foregoing activities.

**(n)    SOFAs and Schedules Matter No. 15**

Total Fees:    $856,324.00
Total Hours:    757.20

25

48.     This Matter Category includes time spent by K&E attorneys and paraprofessionals providing services related to advising the Debtors, Stretto, and other advisors in connection with the preparation, review, revision, and filing of the Debtors' schedules of assets and liabilities and statements of financial affairs (the "Schedules and Statements").  Specifically, K&E attorneys and paraprofessionals spent time:

(i)      drafting and filing the *Debtors' Ex Parte Motion Pursuant to Section 107 of the Bankruptcy Code Seeking Entry of an Order (I) Authorizing the Debtors to Redact Certain Personally Identifiable Information From the Creditor Matrix, Schedules and Statements, and Related Documents and (II) Granting Related Relief* [Docket No. 344];

(ii)     drafting and filing the *Debtors' Motion Pursuant to Section 107 of the Bankruptcy Code Seeking Entry of an Order (I) Authorizing the Debtors to (A) Redact Individual Names, and (B) Implement an Anonymized Identification Process, and (II) Granting Related Relief* [Docket No. 639] (the "Anonymization Motion");

(iii)    drafting and filing the *Debtors' Supplemental Reply in Support of the Debtors' Requests to (A) Redact Certain Personally Identifiable Information of Individuals and United Kingdom and European Union Member Countries' Citizens and (B) Implement an Anonymized Identification Process* [Docket No. 782];

(iv)    preparing unredacted Schedules and Statements pursuant to the Court's *Memorandum Opinion and Order on the Debtors' Sealing Motion* [Docket No. 910];

(v)     advising the Debtors regarding drafting the Schedules and Statements, attending regular conferences with the Debtors and their advisors regarding the same; and

(vi)    conferring and corresponding with the Debtors and K&E professionals regarding the Schedules and Statements.

**(o)    Hearings Matter No. 16**

Total Fees:    $851,667.00
Total Hours:   836.10

49.     This Matter Category includes time spent by K&E attorneys and paraprofessionals

providing services related to preparing for and attending several hearings during the Fee Period
(each a "Hearing" and, collectively, the "Hearings"), including preparing agendas, orders, and
binders related to Hearings, settling orders before and after Hearings, and corresponding with
various parties in preparation for, and after the Hearings.  These services also included conferences
to discuss multiple matters scheduled for a specific Hearing and coordinating Hearing logistics.
During the Fee Period, K&E attorneys and paraprofessionals spent considerable time preparing
for and attending Hearings including:

> (i)      the "first day" hearing on July 18, 2022;
>
> (ii)     the "second day" hearing held on August 16, 2022;
>
> (iii)    the hearing on September 1, 2022;
>
> (iv)     the hearing on September 14, 2022;
>
> (v)      the hearing on October 6, 2022; and
>
> (vi)     the hearing on October 20, 2022.

**(p)    Insurance and Surety Matters Matter No. 17**

> Total Fees:     $62,976.00
> Total Hours:    55.40

50.      This Matter Category includes time spent by K&E attorneys and paraprofessionals
providing services related to ensuring that the Debtors' insurance policies continue to be
maintained during these chapter 11 cases.  Specifically, K&E attorneys and paraprofessionals
spent time:

> (i)      reviewing and analyzing insurance contracts;
>
> (ii)     ensuring the Debtors maintained sufficient insurance coverage as
>          required by the chapter 11 operating guidelines; and
>
> (iii)    coordinating and communicating with the Debtors, the Debtors'
>          advisors, insurance brokers, and relevant stakeholders regarding the
>          foregoing activities.

**(q)    Disclosure Statement, Plan, Confirmation Matter No. 18**

Total Fees:    $302,219.50
Total Hours:    252.40

51.    This Matter Category includes time spent by K&E attorneys and paraprofessionals providing services related to developing a plan of reorganization and disclosure statement in connection with these chapter 11 cases.  Specifically, K&E attorneys and paraprofessionals spent time:

(i)    drafting the *Debtors' Motion for Entry of an Order (I) Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code and (II) Granting Related Relief* [Docket No. 1317];[10]

(ii)    researching, reviewing, and evaluating precedent and case law regarding potential chapter 11 plan terms; and

(iii)    corresponding with parties in interest regarding the terms of a potential restructuring transaction.

**(r)    International Issues Matter No. 19**

Total Fees:    $236,777.00
Total Hours:    188.80

52.    This Matter Category includes time spent by K&E attorneys and paraprofessionals on a variety of tasks that were necessary to ensure compliance with non-U.S. law.  Specifically, K&E attorneys and paraprofessionals spent time:

(i)    researching and corresponding with foreign counsel regarding chapter 11 issues under non-U.S. law, including analyzing, discussing, and addressing the treatment of loans at U.K., Israeli entities and various foreign corporate governance and structuring issues; and

(ii)    analyzing transaction structuring issues under non-U.S. law concerning the sale of GK8.

---

[10]    The Debtors secured approval of this relief after the Fee Period.

(s)    **K&E Retention and Fee Matters Matter No. 20**

Total Fees:    $692,748.00
Total Hours:    783.50

53.    This Matter Category includes time spent by K&E attorneys and paraprofessionals providing services related to the retention of K&E as the Debtors' counsel. Specifically, K&E attorneys and paraprofessionals spent time:

(i)    preparing pleadings and a comprehensive conflict analysis necessary to obtain the order of the Court approving the employment of K&E to represent the Debtors;

(ii)    analyzing objections to K&E's retention and preparing replies and preparing for a hearing regarding the same;

(iii)    implementing internally established procedures which require the continuous analysis of potential new conflicts;

(iv)    preparing updated professional disclosures for filing with the Court;

(v)    preparing and distributing K&E's monthly fee statements in accordance with the Interim Compensation Order;

(vi)    filing an unredacted version of the retention application following the Court's ruling regarding sealing;

(vii)    telephone conferences and correspondence with the U.S. Trustee regarding K&E's retention and responding to questions and comments regarding the same; and

(viii)    reviewing all time entries to ensure compliance with the Interim Compensation Order and applicable provisions of the Bankruptcy Code, and to make necessary redactions to preserve the confidentiality of the work performed for the Debtors.

(t)    **Non-K&E Retention and Fee Matters Matter No. 21**

Total Fees:    $448,053.50
Total Hours:    455.30

54.    This Matter Category includes time spent by K&E attorneys and paraprofessionals providing services related to ensuring the retention of the Debtors' other professionals in these chapter 11 cases. Specifically, K&E attorneys and paraprofessionals spent time:

(i)    engaging with the U.S. Trustee and the Debtors' other advisors regarding both informal comments and objections provided by the U.S. Trustee, with respect to the Debtors' advisors retention applications and related retention orders;

(ii)   drafting and filing the *Debtors' Motion Authorizing the Debtors the Retention and Compensation Professionals Utilized in the Ordinary Course of Business* [Docket No. 190];

(iii)  reviewing retention applications filed by the Committee's professionals;

(iv)   commenting on other advisors' engagement letters and retention applications;

(v)    assisting the Debtors' other advisors regarding their respective fee statements and redacted and unredacted retention applications; and

(vi)   coordinating with the Debtors and their other advisors with respect to ordinary course professional compensation and complying with the related disclosure requirements of applicable provisions of the Bankruptcy Code.

**(u)    Tax Matters Matter No.  22**

Total Fees:    $335,887.00
Total Hours:   256.40

55.    This Matter Category includes time spent by K&E attorneys and paraprofessionals conducting legal research, preparing correspondence and pleadings, and generally advising the Debtors on tax issues relating to or arising during the chapter 11 cases.  During the Fee Period, K&E attorneys were responsible for researching and analyzing certain tax issues arising in connection with the Debtors' business operations, including the following:

(i)    researching and analyzing taxation-related issues related to the Debtors' restructuring and net operating loss matters;

(ii)   researching and corresponding with foreign counsel regarding U.K. tax issues;

(iii)  corresponding with the Internal Revenue Service and other taxing authorities regarding Debtors' tax obligations; and

(iv)  coordinating and communicating with the Debtors, the Debtors'
      advisors, and relevant stakeholders regarding the foregoing
      activities.

(v)  **Non-Working Travel Matter No. 23**

     Total Fees:    $41,744.00
     Total Hours:   32.00

56.     This Matter Category includes time spent by K&E attorneys and paraprofessionals
providing services relating to traveling in connection with their representation of the Debtors. The
amounts presented for review and the request for payment in the Fee Application reflect a
reduction of one half the charges for travel time.

(w)  **U.S. Trustee Communications & Reporting Matter No. 24**

     Total Fees:    $393,103.50
     Total Hours:   365.90

57.     This Matter Category includes time spent by K&E attorneys and paraprofessionals
preparing for and attending initial debtor interviews, 341 meetings, and corresponding with the
U.S. Trustee with respect to the following issues:

(i)    responding to questions and comments regarding relief requested in
       the Debtors' first and second day motions;

(ii)   conducting discussions, phone calls and correspondence with the
       U.S. Trustee regarding K&E's retention and responding to questions
       and comments regarding the same;

(iii)  participating in weekly discussions with the U.S. Trustee concerning
       critical vendor payments;

(iv)   corresponding and conferencing with the U.S. Trustee concerning
       coin reports and budget reports;

(v)    coordinating efforts among the Debtors and their other professionals
       to address various concerns and issues raised by the U.S. Trustee
       and the Committee with respect to the retention of the Debtors' other
       professionals and ensuring that these professionals were ultimately
       retained without any objection to assist in the Debtors' chapter 11
       cases;

31

(vi)    responding to questions and comments from the U.S. Trustee regarding the Anonymization Motion;

(vii)    advising and preparing the Debtors for the initial Debtor interview and two meetings with creditors pursuant to section 341 of the Bankruptcy Code; and

(viii)    preparing reports in compliance with the U.S. Trustee's chapter 11 operating guidelines.

**(x)    Special Committee Matters Matter No. 26**

Total Fees:    $2,064,686.00
Total Hours:  1,876.50

58.    This Matter Category includes time spent by K&E attorneys and paraprofessionals providing services relating to the Special Committee. Specifically, K&E attorneys spent time:

(i)    meeting and corresponding with the Special Committee to provide updates as to developments in the cases;

(ii)    providing relevant information and access to the Debtors and their records as requested, and responding to Special Committee inquiries;

(iii)    preparing materials for and attending board meetings in connection with the chapter 11 process;

(iv)    analyzing, discussing, and addressing various corporate governance and structuring issues;

(v)    interviewing witnesses and reviewing diligence concerning the Special Committee investigation; and

(vi)    coordinating and communicating with the Special Committee regarding its investigation.

**(y)    Stone Litigation Matter No. 27**

Total Fees:    $33,092.50
Total Hours:  22.70

59.    This Matter Category includes time spent by K&E attorneys and paraprofessionals providing services relating to the adversary proceeding *Celsius Network Limited et al. v. Stone et al.* [Case No. 22-01139]. Specifically, K&E attorneys and paraprofessionals spent time:

32

(i)      assisting Akin Gump Strauss Hauer & Feld LLP ("Akin"), the Debtors' Special Litigation Counsel, with litigation preparation and discovery matters; and

(ii)     coordinating and communicating with the Debtors, the Debtors' advisors, and relevant stakeholders regarding the foregoing activities.

**(z)     Prime Trust Litigation Matter No. 28**

Total Fees:    $11,061.00
Total Hours:   7.70

60.    This Matter Category includes time spent by K&E attorneys and paraprofessionals providing services relating the adversary proceeding *Celsius Network Limited et al. v. Prime Trust, LLC* [Case No. 22-01140]. Specifically, K&E attorneys and paraprofessionals spent time:

(i)      assisting Akin, as the Debtors' Special Litigation Counsel, with litigation preparation and discovery matters; and

(ii)     coordinating and communicating with the Debtors, the Debtors' advisors, and relevant stakeholders regarding the foregoing activities.

**(aa)    Stake Hound Litigation Matter No. 30**

Total Fees:    $1,440.00
Total Hours:   1.60

61.    This Matter Category includes time spent by K&E attorneys and paraprofessionals providing services relating potential litigation between the Debtors and Stakehound S.A. Specifically, K&E attorneys and paraprofessionals spent time:

(i)      researching, analyzing, and preparing litigation strategies regarding the foregoing potential litigation;

(ii)     reviewing and analyzing diligence regarding the foregoing potential litigation; and

(iii)    coordinating and communicating with the Debtors, the Debtors' advisors, and relevant stakeholders regarding the foregoing activities.

**(bb)    Badger DAO Litigation Matter No. 31**

33

Total Fees:    $3,519.00
Total Hours:   3.40

62.    This Matter Category includes time spent by K&E attorneys and paraprofessionals

providing services relating potential litigation between the Debtors and Badger DAO.

Specifically, K&E attorneys and paraprofessionals spent time:

    (i)     researching, analyzing, and preparing litigation strategies regarding the foregoing potential litigation;

    (ii)    reviewing and analyzing diligence regarding the foregoing potential litigation; and

    (iii)   coordinating and communicating with the Debtors, the Debtors' advisors, and relevant stakeholders regarding the foregoing activities.

**(cc)    <u>Reliz Limited Litigation Matter No. 33</u>**

Total Fees:    $922.50
Total Hours:   3.40

63.    This Matter Category includes time spent by K&E attorneys and paraprofessionals

providing services relating potential litigation between the Debtors and Reliz Limited.

Specifically, K&E attorneys and paraprofessionals spent time:

    (i)     researching, analyzing, and preparing litigation strategies regarding the foregoing potential litigation;

    (ii)    reviewing and analyzing diligence regarding the foregoing potential litigation; and

    (iii)   coordinating and communicating with the Debtors, the Debtors' advisors, and relevant stakeholders regarding the foregoing activities.

**(dd)    <u>Tether Limited Litigation Matter No 41</u>**

Total Fees:    $9,918.00
Total Hours:   9.10

64.    This Matter Category includes time spent by K&E attorneys and paraprofessionals

providing services relating potential litigation between the Debtors and Tether Limited.

Specifically, K&E attorneys and paraprofessionals spent time:

(i)     researching, analyzing, and preparing litigation strategies regarding the foregoing potential litigation;

(ii)    reviewing and analyzing diligence regarding the foregoing potential litigation; and

(iii)   coordinating and communicating with the Debtors, the Debtors' advisors, and relevant stakeholders regarding the foregoing activities.

**(ee)   Core Scientific Litigation Matter   No. 42**

Total Fees:    $894,567.00
Total Hours:   894.40

65.    This Matter Category includes time spent by K&E attorneys and paraprofessionals

providing services relating to litigation between the Debtors and Core Scientific, Inc.  Specifically,

K&E attorneys and paraprofessionals spent time:

(i)     researching, analyzing, and preparing litigation strategies regarding the foregoing adversary proceeding;

(ii)    conducting discovery, depositions, and preparing extensive briefing regarding the foregoing adversary proceeding;

(iii)   reviewing and analyzing discovery matters regarding the foregoing adversary proceeding; and

(iv)    drafting and filing *Debtors' Motion to Enforce the Automatic Stay and for Civil Contempt* [Docket No. 917];

(v)     responding to *Motion of Core Scientific, Inc. (I) to Compel Immediate Payment of Administrative Expenses and (II)(A) For Relief From Automatic Stay to Exercise Their Rights Under Master Services Agreements and Related Order or (B) in the Alternative, to Compel Assumption or Rejection of Master Services Agreement and Related Orders* [Docket No. 1144]; and

(vi)    coordinating and communicating with the Debtors, the Debtors' advisors, and relevant stakeholders regarding the foregoing activities.

**(ff)   Examiner Matters Matter No. 43**

Total Fees:    $451,359.50
Total Hours:   401.80

66.     This Matter Category includes time spent by K&E attorneys and paraprofessionals

providing services relating to the Examiner.  Specifically, K&E attorneys spent time:

(i)     drafting and filing the *Debtors' Response and Limited Objection to the Motion of the United States Trustee for Entry of an Order Directing the Appointment of an Examiner* [Docket No. 757];

(ii)    meeting and corresponding with the Examiner;

(iii)   providing relevant information and access to the Debtors and their records as requested, and responding to Examiner inquiries;

(iv)    preparing Debtors' employees for interviews with the Examiner and coordinating the Debtors' counsel regarding these interviews; and

(v)     analyzing, discussing, and addressing various issues relating to Examiner requests.

**Actual and Necessary Expenses Incurred by K&E**

67.     As set forth in **Exhibit I** attached hereto, and as summarized in **Exhibit G** attached

hereto, K&E has incurred a total of $258,925.90 in expenses on behalf of the Debtors during the

Fee Period.  These charges are intended to reimburse K&E's direct operating costs, which are not

incorporated into the K&E hourly billing rates.   K&E charges external copying and computer

research at the provider's cost without markup.  Only clients who actually use services of the types

set forth in **Exhibit I** of this Fee Application are separately charged for such services.  The effect

of including such expenses as part of the hourly billing rates would impose that cost upon clients

who do not require extensive photocopying and other facilities and services.

**Reasonable and Necessary Services Provided by K&E**

**A.      Reasonable and Necessary Fees Incurred in Providing Services to the Debtors.**

68.     The foregoing professional services provided by K&E on behalf of the Debtors

during the Fee Period were reasonable, necessary, and appropriate to the administration of these

chapter 11 cases and related matters.

69.     Many of the services performed by partners and associates of K&E were provided by K&E's Restructuring Group.  K&E has a prominent practice in this area and enjoys a national and international reputation for its expertise in financial reorganizations and restructurings of troubled companies, with over 175 attorneys focusing on this area of the law.  The attorneys at K&E have represented either the debtor or the creditors' committee or have acted as special counsel in many large chapter 11 cases.

70.     In addition, due to the facts and circumstances of these chapter 11 cases, attorneys from K&E's litigation, corporate and tax groups were heavily involved with K&E's representation of the Debtors.  These practice groups also enjoy a national and international reputation for their expertise.  Overall, K&E brings to these chapter 11 cases a particularly high level of skill and knowledge, which inured to the benefit of the Debtors and all stakeholders.

**B.     Reasonable and Necessary Expenses Incurred in Providing Services to the Debtors.**

71.     The time constraints imposed by the circumstances of these chapter 11 cases required K&E attorneys and other employees to devote substantial time during the evenings and on weekends to perform services on behalf of the Debtors.  These services were essential to meet deadlines, respond to daily inquiries from various creditors and other parties in interest on a timely basis, and satisfy the demands of the Debtors' businesses and ensure the orderly administration of their estates.  Consistent with firm policy, and as further disclosed in the Retention Application, K&E attorneys and other K&E employees who worked late in the evenings or on weekends were reimbursed for their reasonable meal and transportation costs.  K&E's regular practice is not to include components for those charges in overhead when establishing billing rates, but rather to charge its clients for these and all other out-of-pocket disbursements incurred during the regular course of the rendition of legal services.

72.     In addition, due to the location of the Debtors' businesses, co-counsel, creditors, and other parties in interest in relation to K&E's offices, frequent multi-party telephone conferences involving numerous parties were required.  On many occasions, the exigencies and circumstances of these chapter 11 cases required overnight delivery of documents and other materials.  The disbursements for such services are not included in K&E's overhead for the purpose of setting billing rates and K&E has made every effort to minimize its disbursements in these chapter 11 cases.  The actual expenses incurred in providing professional services were necessary, reasonable, and justified under the circumstances to serve the needs of the Debtors in these chapter 11 cases.

73.     Among other things, K&E makes sure that all overtime meals, travel meals, hotel rates, and airfares are reasonable and appropriate expenses for which to seek reimbursement.  Specifically, K&E regularly reviews its bills to ensure that the Debtors are only billed for services that were actual and necessary and, where appropriate, prorates expenses.  In that regard, K&E will waive certain fees and reduce its expenses if necessary.  In the Fee Period, K&E voluntarily reduced its fees by $379,794.25 and expenses by $13,212.53.  Consequently, K&E does not seek payment of such fees or reimbursement of such expenses in the Fee Application.

### K&E's Requested Compensation and Reimbursement Should be Allowed

74.     Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation.  Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses."  11 U.S.C. § 330(a)(1).  Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent, and the value of such services, taking into account all relevant factors, including—
>
> (a)   the time spent on such services;
>
> (b)   the rates charged for such services;
>
> (c)   whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (d)   whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
>
> (e)   whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

75.    K&E respectfully submits that the services for which it seeks compensation in this Fee Application were, at the time rendered, necessary for and beneficial to the Debtors and their estates and were rendered to protect and preserve the Debtors' estates.  K&E further believes that it performed the services for the Debtors economically, effectively, and efficiently, and the results obtained benefited not only the Debtors, but also the Debtors' estates and the Debtors' constituents.  K&E further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors, their estates, and all parties in interest.

76.    During the Fee Period, K&E's hourly billing rates for attorneys ranged from $660 to $1,845.  The hourly rates and corresponding rate structure utilized by K&E in these chapter 11 cases are equivalent to the hourly rates and corresponding rate structure used by K&E for restructuring, workout, bankruptcy, insolvency, and comparable matters, and similar complex corporate, securities, and litigation matters, whether in court or otherwise, regardless of whether a fee application is required.  K&E strives to be efficient in the staffing of matters.  These rates and

the rate structure reflect that such matters are typically national in scope and involve great complexity, high stakes, and severe time pressures—all of which were present in these chapter 11 cases.

77.    Moreover, K&E's hourly rates are set at a level designed to compensate K&E fairly for the work of its attorneys and paraprofessionals and to cover certain fixed and routine overhead expenses.  Hourly rates vary with the experience and seniority of the individuals assigned.  These hourly rates are subject to periodic adjustments to reflect economic and other conditions and are consistent with the rates charged elsewhere.

78.    In sum, K&E respectfully submits that the professional services provided by K&E on behalf of the Debtors and their estates during these chapter 11 cases were necessary and appropriate given the complexity of these chapter 11 cases, the time expended by K&E, the nature and extent of K&E's services provided, the value of K&E's services, and the cost of comparable services outside of bankruptcy, all of which are relevant factors set forth in section 330 of the Bankruptcy Code.  Accordingly, K&E respectfully submits that approval of the compensation sought herein is warranted and should be approved.

79.    No previous application for the relief sought herein has been made to this or any other Court.

**Reservation of Rights and Notice**

80.    It is possible that some professional time expended or expenses incurred during the Fee Period are not reflected in the Fee Application.  K&E reserves the right to include such amounts in future fee applications.  In addition, the Debtors have provided notice of this Fee Application to:  (a) the U.S. Trustee; (b) counsel to the Committee; (c) the Examiner and her counsel; (d) the Fee Examiner and his counsel; (e) counsel to the Ad Hoc Group of Custodial Account Holders; (f) counsel to the Ad Hoc Group of Withhold Account Holders; (g) the United

States Attorney's Office for the Southern District of New York; (h) the Internal Revenue Service; (i) the offices of the attorneys general in the states in which the Debtors operate; (j) the Securities and Exchange Commission; and (k) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").

### No Prior Request

81.     No prior application for the relief requested herein has been made to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, K&E respectfully requests that the Court enter an order (a) awarding K&E interim compensation for professional and paraprofessional services provided during the Fee Period in the amount of $19,844,014.00, and reimbursement of actual, reasonable and necessary expenses incurred in the Fee Period in the amount of $258,925.90; (b) authorizing and directing the Debtors to remit payment to K&E for such fees and expenses; and (c) granting such other relief as is appropriate under the circumstances.

New York, New York
Dated: December 15, 2022

/s/ Joshua A. Sussberg
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:       (212) 446-4800
Facsimile:       (212) 446-4900
Email:           joshua.sussberg@kirkland.com

- and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:       (312) 862-2000
Facsimile:       (312) 862-2200
Email:           patrick.nash@kirkland.com
                 ross.kwasteniet@kirkland.com
                 chris.koenig@kirkland.com
                 dan.latona@kirkland.com

*Counsel to the Initial Debtors and Debtors in Possession*

*Proposed Counsel to the GK8 Debtors and Debtors in Possession*