Víctor Ubierna de las Heras
Email: victorub@protonmail.com
Telephone +34 699760721

Pro se Creditor

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### VÍCTOR UBIERNA DE LAS HERAS JOINDER AND SUPPLEMENT TO MOTION APPOINTING A MEDIATOR

Víctor Ubierna de las Heras, pro se creditor, hereby submits this Joinder and Supplement to, *Immanuel Herrmann's Motion For the Entry of an Order (I) Appointing a ChapterEleven Mediator (II) Directing Mandatory Mediation and (III) Granting Related Relief* [Dkt. No.1630] (the "Herrmann Motion"), and respectfully represents as follows:

1. Mediation, as defined by the English Cambridge Dictionary, is "the process of talking to two separate people or groups involved in a disagreement to try to help them to agree or find a solution to their problems". This is more than needed in this case. Here, the debtors through their counsel Kirkland and Ellis have chosen to litigate every single aspect. Instead of resolving some issues in the process of plan confirmation they are litigating everything and further litigation is in the horizon. This is both time consuming and resources

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

consuming in a case that does not have the luxury of losing time or resources. Further, it is not beneficial to judicial economy. Even if mediation is not successful it would help the Court and the Debtors See, e.g., Garland v. Rockford Mfg. Co., Case No. 18-cv-00277, 2019 U.S. Dist. LEXIS 154292, at *5 (E.D. Tenn. Aug. 20, 2019) ("[E]ven if the parties' dispute is not settled during the mediation process, mediation often forces the parties to reevaluate their claims and positions and serves to narrow and classify issues.") (Internal quotations omitted)".

2. Here, a great number of issues need a solution. The Examiner, among other matters, is investigating whether Celsius made misrepresentations to customers. Based on the high number of letters submitted to date to the court there is a high probability that misrepresentations will be outlined. Both in Twitter and Telegram high number of creditors are coordinating to submit claims based on fraud, damages for liquidated loans, emails sent by Key or VIP Account Managers days before the Pause, and a large etcetera. Will Debtors reach some kind of settlement or they intend to litigate every single of these claims? Further, if the Court finds that earn assets are property of the estate lot of creditors will try to argue individual defenses. We could even see how the preferred B equity holders submit a claim because they were also defrauded by Mashinsky and Celsius. There is not an exit path from Chapter 11 that doesn't involve mediation to resolve all this issues.

3. To the extent that we can compare this Chapter 11 case to the recent Boy Scouts of America case, there are similar aspects that also warrant the appointment of a mediator. In that case, victims of sexual abuse were seeking damages payment. Here, victims of fraud (and other things) will try to collect everything that Debtors have. At some point as in that case, the insurance companies that Debtors listed in Docket 973 and 974

will also come here to fight their arguments. Even if not, there is not a better path to resolve these issues than mediation. Were the examiner to find that at some points rewards were funded by the deposits of new customers, a mediator would also be helpful. In the Boy Scouts of America case it was the Debtors who requested the appointment of a mediator. Here, instead of fighting creditors Celsius should have requested the same. Now, we need to approve Mr. Herrman motion. However, pro se creditors should not have to pay anything for mediation.

4. The Court has the power to order parties to participate in mediation. In re Atl. Pipe Corp., 304 F.3d 135, 140 (1st Cir. 2002) ("There are four potential sources of judicial authority for ordering mandatory non-binding mediation of pending cases, namely (a) the court's local rules, (b) an applicable statute, (c) the Federal Rules of Civil Procedures, and (d) the court's inherent powers."); In re A.T. Reynolds & Sons, Inc., 424 B.R. 76, 85 (Bankr. S.D.N.Y. 2010) ("While it goes without saying that a court may not order a party to settle, this Court has authority to order the parties to participate in the process of mediation, which entails discussion and risk analysis."), rev'd on other grounds, 452 B.R. 374 (S.D.N.Y. 2011).

5. Here, local Rule 9019-1 ALTERNATIVE DISPUTE RESOLUTION – Amended August 1, 2013 says that "*Alternative dispute resolution shall be conducted in the manner required by the Procedures Governing Mediation of Matters and the Use of Early Neutral Evaluation and Mediation/Voluntary Arbitration in Bankruptcy Cases and Adversary Proceedings, which shall be available on the Court's web site ([http://www.nysb.uscourts.gov/content/mediation-procedures](http://www.nysb.uscourts.gov/content/mediation-procedures))*". And those procedures state that: "*1.1 By Court Order. The Court may order assignment of a matter to mediation upon its own motion, or upon a motion by any party in interest or the U.S. Trustee*". Thus,

        upon Mr. Herrman motion and Mr. Tuganov joinder and supplement the Court should order that the matters they both explain, including the Adversary Proceedings in these case, be assigned to a mediator.

6.    Thus, I join with, and supplements, Inmanuel Herrman motion For The Entry Of An Order (I) Appointing A Chapter Eleven Mediator (Ii) Directing Mandatory Mediation And (Iii) Granting Related Relief and I formally ask the court to enter an order appointing a mediator (the "Mediator") in these Chapter 11 Cases, in accordance with the *Procedures Governing Mediation of Matters and the Use of Early Neutral Evaluation and Mediation/Voluntary Arbitration in Bankruptcy Cases and Adversary Proceedings (General Order M-390)* ("SDNY Mediation Protocol"), to mediate any and all matters explained by Mr. Herrman and Mr. Tuganov and in any and all Adversary Proceedings not resolved to date and presented at a later date. I also supplement his motion by asking that pro se creditors do not have to bear the mediation cost. I further join Mr. Tuganov in his docket 1680 document.

## NOTICE

7.    Notice of this Joinder and Supplement is served on the Debtors, counsel for the UCC, the Office of the United States Trustee and those parties who are on the 2002 list available at the Stretto website.

Dated: December 16, 2022

Madrid, Spain        Respectfully submitted,

                                                Víctor Ubierna de las Heras
                                        By: /s/ Víctor Ubierna de las Heras

Víctor Ubierna de las Heras
Pro se creditor
+34 699760721
victorub@protonmail.com