LAYLA D. MILLIGAN
Texas State Bar No. 24026015
ABIGAIL R. RYAN
Texas State Bar No. 24035956
ROMA N. DESAI
S.D.N.Y. Bar Number RD8227
Texas State Bar No. 24095553
AUTUMN D. HIGHSMITH
Texas State Bar No. 24048806
Assistant Attorneys General
Bankruptcy & Collections Division
P. O. Box 12548
Austin, Texas 78711-2548
P: (512) 463-2173/F: (512) 936-1409
layla.milligan@oag.texas.gov
abigail.ryan@oag.texas.gov
roma.desai@oag.texas.gov
autumn.highsmith@oag.texas.gov

ATTORNEYS FOR THE TEXAS STATE SECURITIES BOARD
AND THE TEXAS DEPARTMENT OF BANKING

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>CELSIUS NETWORK LLC, *et al.*[1],<br><br>        Debtors. | Chapter: 11<br><br>Case No. 22-10964 (MG)<br><br>(Jointly Administered) |

**LIMITED OMNIBUS OBJECTION OF THE TEXAS STATE SECURITIES**
**BOARD AND THE TEXAS DEPARTMENT OF BANKING TO MOTION FOR**
**THE ENTRY OF AN ORDER (I) APPOINTING A CHAPTER ELEVEN MEDIATOR**
**(II) DIRECTING MANDATORY MEDIATION AND (III) GRANTING RELATED RELIEF**

The Texas State Securities Board (the "**SSB**") and the Texas Department of Banking (the "**DOB**") (together, "**Texas**" or the "**State**"), by and through the Office of the Texas Attorney General, hereby files this Limited Omnibus Objection (the "**Objection**") to the *Motion for the Entry of an Order (I) Appointing a Chapter Eleven Mediator (II) Directing Mandatory Mediation and (III) Granting*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

1

*Related Relief, Ignat Tuganov's Joinder and Supplement to Motion Appointing a Mediator,* and *Victor Ubierna De Las Heras Joinder and Supplement to Motion Appointing a Mediator* ("**Motions**") [Dkt. Nos. 1630, 1680, 1722]. In support of the Objection, the State respectfully states as follows:[2]

## OVERVIEW

While Texas understands and respects this Court's authority to order parties to mediation, under the current circumstances, the State objects to being ordered to mediation because there are no clear disputes for the State to mediate, and the cost of such an ill-defined mediation would be borne by Texas taxpayers. If, however, this Court orders the State to mediation, Texas will mediate in good faith, but requests that the issues to be mediated be clearly set out and that the cost of such mediation be borne by other parties.

## LIMITED OBJECTION

1.      A precursor to mediation is that there is an actual dispute to mediate. Once there is a dispute, mediation is generally a voluntary process; however, courts may order mandatory mediation. *In re A.T. Reynolds & Sons, Inc.*, 452 B.R. 374, 381 (S.D.N.Y. 2011). Once ordered, the parties must mediate in good faith. *Id*.

2.      In the current case, the Movants, Mr. Immanuel Herrmann, pro se, and Mr. Ignat Tuganov, through Counsel, seek an order requiring that mediation be conducted and directing certain parties, including Texas, be involved in the requested mediation.

3.      While the State generally supports the concept of mediation, and believes that, in certain circumstances, mediation can be an efficient and cost-saving measure, under the current facts, mediation would not serve these goals because there are no clearly defined issues or disputes for the State to mediate and the cost of such ill-defined mediation would be borne by Texas taxpayers.

4.      Should the Court order mediation, the State requests that the Court set out specific

---

[2] Capitalized terms not otherwise defined or provided herein have the meanings ascribed to them in the Motion or D.E. 23 (the "First Day Declaration.").

issues that the State is to mediate and require the cost of such mediation be borne by parties other than the State.

## **RESERVATION OF RIGHTS**

Texas reserves the right to supplement this Objection or to raise additional or further objections to the Motions at or prior to the Hearing or any other relevant hearing.

## **PRAYER**

WHEREFORE premise considered, the Texas SSB and DOB request that the Motions be denied as filed, or, in the alternative, should the Court determine that mediation is appropriate, that specific issues to be mediated be clearly set out and that the cost of such mediation not be borne in whole or part by the State.

Dated: December 16, 2022,                    Respectfully submitted,


KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

SHAWN E. COWLES
Deputy Attorney General for Civil Litigation

RACHEL R. OBALDO
Assistant Attorney General
Chief, Bankruptcy & Collections Division

*/s/ Layla D. Milligan*
LAYLA D. MILLIGAN
Texas State Bar No. 24026015
ABIGAIL R. RYAN
Texas State Bar No. 24035956
ROMA N. DESAI
S.D.N.Y. Bar No. RD8227
Texas State Bar No. 24095553
AUTUMN D. HIGHSMITH
Texas State Bar No. 24048806
Office of the Attorney General of Texas
Bankruptcy & Collections Division
P. O. Box 12548
Austin, Texas 78711-2548
Telephone: (512) 463-2173
Facsimile: (512) 936-1409
layla.milligan@oag.texas.gov
abigail.ryan@oag.texas.gov
roma.desai@oag.texas.gov
autumn.highsmith@oag.texas.gov

ATTORNEYS FOR THE TEXAS STATE SECURITIES BOARD
AND
THE TEXAS DEPARTMENT OF BANKING

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing has been served via the Court's Electronic Filing System on all parties requesting notice in this proceeding on December 16, 2022.

*<u>/s/ Layla D. Milligan</u>*
LAYLA D. MILLIGAN