**WHITE & CASE LLP**
David M. Turetsky
Samuel P. Hershey
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
Email: david.turetsky@whitecase.com
    sam.hershey@whitecase.com

– and –

**WHITE & CASE LLP**
Michael C. Andolina (admitted *pro hac vice*)
Gregory F. Pesce (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone: (312) 881-5400
Facsimile: (312) 881-5450
Email: mandolina@whitecase.com
    gregory.pesce@whitecase.com

**WHITE & CASE LLP**
Keith H. Wofford
Southeast Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131
Telephone: (305) 371-2700
Facsimile: (305) 358-5744
Email: kwofford@whitecase.com

– and –

**WHITE & CASE LLP**
Aaron E. Colodny (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, California 90071
Telephone: (213) 620-7700
Facsimile: (213) 452-2329
Email: aaron.colodny@whitecase.com

*Counsel to the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |
| | **Re. Docket Nos. 1630, 1680 & 1722** |

### THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' OBJECTION TO IMMANUEL HERRMANN'S MOTION FOR THE ENTRY OF AN ORDER (I) APPOINTING A CHAPTER ELEVEN MEDIATOR (II) DIRECTING MANDATORY MEDIATION AND (III) GRANTING RELATED RELIEF

The Official Committee of Unsecured Creditors (the "**Committee**") appointed in the cases

of the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") states as

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

follows in support of this objection to *Immanuel Herrmann's Motion for the Entry of an Order (I) Appointing a Chapter Eleven Mediator (II) Directing Mandatory Mediation and (III) Granting Related Relief* [Docket No. 1630] (the "**Mediation Motion**"), *Ignat Tuganov's Joinder and Supplement to Motion Appointing a Mediator* [Docket No. 1680], and *Víctor Ubierna de Las Heras Joinder and Supplement to Motion Appointing a Mediator* [Docket No. 1722]:

## Objection

1. Although no doubt well intentioned, the Mediation Motion should be denied because the appointment of a mediator with no framework from which to mediate is unlikely to succeed and would add both time and expense to these chapter 11 cases at this time.

2. Since its appointment, the Committee has pushed the Debtors to develop and propose a plan that will return value to Celsius's customers as quickly as possible. Although there is no doubt work that remains to be done, the Committee believes that significant progress has been made toward achieving this objective. The parties have briefed and argued key gating issues—such as the ownership of digital assets transferred to the Debtors in connection with the Earn, Custody, and Withhold programs—and are awaiting decisions by this Court that will inform how customer claims or property interests can be addressed by a plan. The Debtors have also submitted a proposed scheduling order to address the issue of whether customers have claims at every entity on an expedited basis. Moreover, the Debtors' marketing process is significantly advanced, which will, in turn, soon crystallize the alternative transactions available to the Debtors in formulating a plan, and the Examiner will file her report no later than January 17, 2023. The Debtors will have to file a chapter 11 plan in short order and, to that end, the Committee—whose membership reflects the diverse interests of the creditor body—expects to negotiate the terms of a plan with the Debtors consistent with the process envisioned by the Bankruptcy Code. The

Committee also expects that the Debtors will appropriately engage with regulators, their account holder constituents, and other parties in interest to develop a viable plan before their exclusive periods expire on February 15, 2023.

3. The initiation of mediation at this time—particularly of the magnitude proposed by Mr. Herrmann and Mr. Tuganov—would inject a new large-scale unstructured process into these cases. The proposed mediation that is unbounded in scope and participants risks being a hindrance rather than a help to the reorganization process. It would also likely add expense rather than reducing it, as these cases cannot be put on hold if there is any hope of the Debtors emerging from chapter 11 in the near future. This is not to say that the Committee would oppose mediation should the appropriate circumstances arise or that the Debtors should not engage with their account holders and creditors. The Debtors must move quickly to propose a plan within their exclusive period, which Mr. Herrmann supported extending. Dec. 5, 2022 Hr'g Tr. at 212:18-213:15.

4. The Committee understands that many creditors, including Mr. Herrmann, are frustrated by the communication of the Debtors. The Committee has brought greater transparency and continued to push the Debtors to disclose additional public information, including monthly budgets and coin reports, and has requested additional detail in those reports such as individual line items for receipts and disbursements attributed to the Debtors' mining operations. At the Committee's request, the Debtors filed an updated coin report on December 12, 2022 [Docket No. 1676] and a statement on December 15, 2022 [Docket No. 1714] detailing the marketing process to accompany the recent date extension and have committed to having Interim CEO Christopher Ferraro provide all parties with an update on the Debtors' marketing process at the December 20, 2022 hearing. The Committee continues to urge the Debtors (including the Special Committee and Mr. Ferraro) to speak with the user community to explain their plans for the

chapter 11 plan process outside of the courtroom. Put simply, the Debtors will need to get creditor support for a chapter 11 plan in short order.

5. For its part, the Committee has made it a priority to communicate with account holders and other unsecured creditors and taken numerous steps to establish clear lines of communication with account holders, including:

- Received approval of an information sharing protocol to ensure the Committee and other creditors had access to significantly more information than typically provided to creditors in bankruptcy cases as well as authority to maintain certain information platforms, including the Twitter account @CelsiusUCC;[2]

- Created a website maintained by the Committee's claims and noticing agent, Kroll Restructuring Administration, to provide information regarding the cases and assist creditors and account holders in understanding the bankruptcy process and post updated answers to frequently asked questions, which may be accessed at https://cases.ra.kroll.com/CelsiusCommittee/FAQ-Index;

- Responded to hundreds of personal email questions;

- Held four town halls via Twitter Spaces on September 28, 2022, October 7, 2022, October 27, 2022, and, most recently, December 6, 2022 following the Earn hearing to explain the Committee's position on the Earn disputes in detail;

- Spent hundreds of hours communicating with account holders in addition to hundreds of hours communicating directly with the members of the Committee and attending weekly (and often more frequent) Committee meetings;[3]

- Engaged with Mr. Herrmann on multiple occasions to discuss his concerns, including the formulation of the written deposition questions to the Debtors in connection with the Earn dispute. Additionally, upon reviewing the Mediation Motion, the Committee contacted Mr. Herrmann to seek his views on how communication between the Committee and account holders could be improved and requested a list of positions Mr. Herrmann believes any potential restructuring or sale transaction should address; and

- Posted multiple case updates on the Committee's website, including an overview with respect to the Examiner's interim report and a concise summary of the

---

[2] *Order Clarifying the Requirement to Provide Access to Confidential or Privileged Information and Approving a Protocol Regarding Creditor Requests for Information* [Docket No. 828].

[3] *Application of White & Case LLP for Compensation for Services Rendered and Reimbursement of Expenses as Counsel to the Official Committee of Unsecured Creditors of Celsius Network LLC, et al., for the Period from July 29, 2022 through October 31, 2022* [Docket No. 1715] at 12.

4

      Committee's limited objection to the Debtors' amended motion to sell stablecoin: available at https://cases.ra.kroll.com/CelsiusCommittee/Home-CelsiusInfo.

The Committee will continue its efforts to provide transparency to account holders and unsecured creditors. It also speaks regularly with the state regulators and counsel for and members of various ad hoc groups including the loan group, custody group, and withhold group.

      6.      Finally, Mr. Herrmann asserts that a mediator is necessary "to bring more voices from [] involved creditors to the table." Mediation Mot. at 9. Mr. Herrman lists an extremely broad list of topics that he asserts could be mediated, each of which will likely be addressed in the Debtors' plan. Individual issues (or edge cases) with respect to specific account holders, if not addressed in the proposed plan, will be handled as part of the claims process. At the end of the day, Mr. Herrmann's request appears to be focused on the Debtors providing more information to him and other creditors that he speaks with regarding the plan process and getting himself a more prominent seat at the negotiating table. The role of a mediator is to mediate discrete legal disputes between parties—not to transmit information or provide one party with a bully pulpit. As stated above, the Debtors should communicate with all account holders and the Court will ensure that all account holders are provided with adequate information before voting on a plan and the requirements of the Bankruptcy Code are met for any sale to be approved or plan to be confirmed. There may be a time where mediation may be appropriate, but that time is not now.

## Conclusion

      WHEREFORE, for the reasons set forth herein, the Committee respectfully requests that the Court deny the Mediation Motion and grant such other relief as is just and proper under the circumstances.

Dated:  December 17, 2022            Respectfully submitted,
        New York, New York

/s/ *Aaron E. Colodny*
**WHITE & CASE LLP**
David M. Turetsky
Samuel P. Hershey
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
Email: david.turetsky@whitecase.com
       sam.hershey@whitecase.com

– and –

**WHITE & CASE LLP**
Michael C. Andolina (admitted *pro hac vice*)
Gregory F. Pesce (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone: (312) 881-5400
Facsimile: (312) 881-5450
Email: mandolina@whitecase.com
       gregory.pesce@whitecase.com

– and –

**WHITE & CASE LLP**
Keith H. Wofford
Southeast Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131
Telephone: (305) 371-2700
Facsimile: (305) 358-5744
Email: kwofford@whitecase.com

– and –

**WHITE & CASE LLP**
Aaron E. Colodny (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, California 90071
Telephone: (213) 620-7700
Facsimile: (213) 452-2329
Email: aaron.colodny@whitecase.com

*Counsel to the Official Committee of Unsecured Creditors*