UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, et al.,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## JOINDER AND LIMITED OBJECTION

Now comes the Vermont Department of Financial Regulation (Vermont), through counsel, pursuant to FRCP Rule 20 and joins in the Limited Objections of the Coordinating States and the State of Texas to the Motions of creditors Herrmann and Tuganov for an Order Directing the Appointment of a Chapter 11 Mediation and Compelling Mandatory Mediation. In support of this joinder, Vermont states as follows:

1. The above-captioned Celsius debtors commenced these bankruptcy cases by filing voluntary Chapter 11 petitions on July 13, 2022 (Petition Date).

2. Debtors continue to operate their businesses as Debtors in possession pursuant to 11 U.S.C.§§ 1107 and 1108. The cases are being jointly administered pursuant to an Order of this Court dated July 19, 2022, DE # 53.

3. On August 19, 2022, the first meeting of creditors was commenced pursuant to 11 U.S.C. § 341 (the 341 meeting).

4. An Examiner has been filed in this case and has filed her Preliminary Report. DE#1411.

5. As of the Petition Date, at least 40 state securities regulators were engaged in a multistate investigation arising from, inter alia, concerns about potential unregistered securities activity, mismanagement, securities fraud, and market manipulation by Celsius and its principals.

---

[1] Debtors include Celsius Network LLC, Celsius KeyFi LLC, Celsius Lending LLC, Celsius Mining LLC, Celsius Network Limited, Celsius Networks Lending LLC, and Celsius U.S. Holding LLC. The Debtor's principal place of business is 121 River Street, PH05, Hoboken, New Jersey 07030.

6. On December 7, 2022, pro se creditor Immanuel Herrmann filed a Motion to Appoint a Chapter 11 Mediator and to Compel Mandatory Compel Mediation. DE # 1630. On December 13, 2022, creditor Ignat Tuganov filed a Joinder requesting that several parties, including certain states, be ordered to participate in mediation. DE#1680.

7. Vermont recognizes that mediation can be effective to resolve disputes on discreet issues and that mediation may be appropriate to resolve some of those issues at a later point in the case. At present, however, significant issues of asset ownership are under advisement, and the Examiner appointed by this Court has not yet completed her work. As a result, mediation seems premature. Court rulings and the Examiner's findings may resolve key issues in the case or at least she additional light on them.

8. Moreover, Vermont does not believe that mediation would be either cost effective or efficient to resolve issues of regulatory compliance. It is not appropriate for states to be ordered or compelled to mediate those issues, nor fair that state taxpayers be required to bear the cost of such mediation. A reorganized debtor will have to emerge from Chapter 11 willing and able to operate in compliance with state and federal law. Mediation will not alter that reality.

9. As a result, Vermont joins in the Limited Objections of the State of Texas and the Coordinating States and respectfully requests that mediation not be ordered at this time.

Dated: December 19, 2022

Vermont Department of Financial Regulation

By: */s/ Jennifer Rood*
Jennifer.rood@vermont.gov