TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Kyle J. Ortiz
Bryan M. Kotliar
Jared C. Borriello

*Counsel to the Ad Hoc Group of Custodial Account Holders*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
: 
In re:                                                   :   Chapter 11
:
CELSIUS NETWORK LLC, et al.,[1]                          :   Case No. 22-10964 (MG)
:
:   (Jointly Administered)
Debtors.                              :
:
------------------------------------------------------------x

## AD HOC GROUP OF CUSTODIAL ACCOUNT HOLDERS' JOINDER TO MOTION APPOINTING A MEDIATOR

The Ad Hoc Group of Custodial Account Holders (the "Ad Hoc Group"), by and through its undersigned counsel, hereby submits this joinder (this "Joinder") to *Immanuel Hermann's Motion for the Entry of an Order (I) Appointing a Chapter Eleven Mediator, (II) Directing Mandatory Mediation and (III) Granting Relate Relief*, filed on December 7, 2022 [Docket No. 1630] (the "Mediation Motion"), and respectfully state:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

## STATEMENT IN SUPPORT OF MEDIATION MOTION

1. The Ad Hoc Group is comprised of individual account holders that used the Debtors' Custody Service. These Chapter 11 Cases have passed the five-month mark, and despite stating their intentions to return cryptocurrency to customers at the outset of these Chapter 11 Cases, as of the date hereof, not a single coin has been returned.

2. At the hearing held on December 7, 2022 (the "December 7 Hearing"), the Court orally approved the relief requested in the *Debtors' Motion Seeking Entry of an Order (I) Authorizing the Debtors to Reopen Withdrawals for Certain Customers with Respect to Certain Assets Held in the Custody Program and Withhold Accounts and (II) Granting Related Relief* [Docket No. 670] (the "Limited Withdrawal Motion"). Pursuant to the Limited Withdrawal Motion, the Debtors will honor some, but not all, withdrawals of Custody Assets. In particular, the Debtors will not allow withdrawals of any Custody Assets where (a) the Custody Assets were transferred from the Earn Program for more (subject to an exception where the value of such Custody Assets is less than $7,575 in value as of the Petition Date) or (b) the Debtors have potential claims or causes of action against the Custody Service user, such as preferences, or on account of outstanding loans under the Debtors' Borrow Program.

3. The approval of the Limited Withdrawal Motion is an important step towards returning Custody Assets to their title owners. However, the Court ruled at the December 7 Hearing that the substantial majority of Custody Assets will not be returned to users until there is greater clarity on the outcome of preference and loan claims in these Chapter 11 Cases. That clarity may be obtained pursuant to "Phase II" under the *Joint Stipulation and Agreed Scheduling Order By and Among the Debtors, the Committee, and the Ad Hoc Groups with Respect to Custody and Withhold Issues* [Docket No.

2

1044] through continued time-consuming and expensive litigation with respect to Custody and Withhold issues. Alternatively, that clarity can be obtained by other means, such as pursuant to a chapter 11 plan of reorganization where preference claims against retail customers are waived and released or pursuant to a sale of assets that generates a similar result.

4. While the Debtors aspire to confirm a chapter 11 plan of reorganization, apparently little progress has been made to date, and no plan has been filed as of the date hereof. Nearly every motion in these Chapter 11 Cases have been contested, and the Debtors continue to pursue litigation on many fronts with both customers and their shareholders alike. Even if a chapter 11 plan can be filed in the near term, it too will likely be the subject of heavily contested, complex, and protracted litigation that will be value destructive for all of the parties-in-interest and further push out the timeline of these Chapter 11 Cases.

5. Time is of the essence. Hundreds of thousands of customers entrusted their cryptocurrency to the Debtors. Many, if not most, of these customers have experienced significant financial hardship as a result of the filing of these Chapter 11 Cases. That harm is compounded daily as these Chapter 11 Cases linger. Furthermore, estate professionals have incurred and continue to incur millions of dollars in fees and expenses per month, which threaten to diminish creditors' recoveries and the Debtors' liquidity position such that the Debtors may have to start (with Court permission) liquidating cryptocurrency transferred into the Earn Program to fund these Chapter 11 Cases. All of this increases the risk that a chapter 11 plan in the future may not be possible.

6. Rather than waiting for that day to come, the Ad Hoc Group supports the proactive appointment of a mediator to start the process of mediating plan issues that

the Debtors, the Creditors' Committee, and the other parties-in-interest know will need to be resolved and push the parties towards consensual discussions for a value-maximizing outcome for these Chapter 11 Cases before it is too late.

### CONCLUSION

WHEREFORE, for the reasons set forth herein, the Ad Hoc Group hereby joins the Mediation Motion. Nothing contained herein shall constitute a waiver of any rights or remedies of the Ad Hoc Group under applicable bankruptcy or non-bankruptcy law, including, without limitation, the right to amend, modify, or supplement this Joinder, or raise any other additional arguments at a later date.

DATED:    December 19, 2022
          New York, New York

                              AD HOC GROUP OF CUSTODIAL
                              ACCOUNT HOLDERS
                              By its Counsel,
                              TOGUT, SEGAL & SEGAL LLP
                              By:

                              /s/ Bryan M. Kotliar
                              KYLE J. ORTIZ
                              BRYAN M. KOTLIAR
                              JARED C. BORRIELLO
                              One Penn Plaza, Suite 3335
                              New York, New York 10119
                              (212) 594-5000
                              kortiz@teamtogut.com
                              bkotliar@teamtogut.com
                              jborriello@teamtogut.com