**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|   |   |   |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) | Re: Docket No. 186, 521 |

**FIRST AMENDED ORDER (I) ESTABLISHING PROCEDURES FOR
INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES
FOR RETAINED PROFESSIONALS AND (II) GRANTING RELATED RELIEF**

Upon the *Debtors' Motion for Entry of an Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief* [Docket No. 186], the *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief* [Docket No. 521] (the "Initial Order") and the stipulation (the "Stipulation") of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), the Official Committee of Unsecured Creditors (the "UCC"), the United States Trustee for Region 2 (the "U.S. Trustee"), and the fee examiner ("Fee Examiner") appointed pursuant to the *Order Appointing Independent Fee Examiner and Establishing Related Procedures for the Review of Fee Applications of Retained Professionals* [Docket No. 1151] (the "Fee Examiner Order") for entry of an amended order (this "Amended Order") authorizing the Debtors (a) to establish procedures for interim compensation and reimbursement of expenses for professionals retained

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

or appointed pursuant to Bankruptcy Code sections 105, 327, 1103, 1104 or similar authority (the "Retained Professionals") and (b) granting related relief, all as more fully set forth in the Stipulation; and upon the First Day Declarations; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order* of Reference from the United States District Court for the Southern District of New York, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Stipulation is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Stipulation and opportunity for a hearing thereon were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Stipulation and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Stipulation and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Stipulation is granted, and the Initial Order amended as set forth herein.

2. Except as may otherwise be provided by orders of the Court authorizing the retention of specific professionals, all Retained Professionals, and members of the UCC and any other statutory committee appointed in these chapter 11 cases, may seek interim compensation and/or reimbursement of expenses in accordance with the following procedures (collectively, the "Compensation Procedures"):

3. Monthly Fee Statement Procedures

a. On or after the 20th day of each month following the month for which compensation is sought, each Retained Professional seeking compensation may serve a monthly statement (the "Monthly Fee Statement"), on: (i) Celsius Network LLC, 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030, Attn: Ron Deutsch; (ii) counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C., and Simon Briefel, and 300 North LaSalle, Chicago, Illinois 60654; Attn: Patrick J. Nash, Jr., P.C., Ross M. Kwasteniet, P.C., Christopher S. Koenig, and Alison J. Wirtz; (iii) the U.S. Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Shara Cornell, Mark Bruh, and Brian S. Masumoto; (iv) counsel to the UCC, White & Case LLP, 111 South Wacker Drive, Suite 5100, Chicago, Illinois 60606, Attn: Gregory F. Pesce, 1221 6th Ave, New York, New York 10020, Attn: David Turetsky, and 555 South Flower Street, Suite 2700, Los Angeles, California 90071, Attn: Aaron E. Colodny; (v) counsel to the Chapter 11 Examiner, Jenner & Block, LLP, 353 N. Clark Street, Chicago, Illinois 60654, Attn.: Catherine L. Steege, and Vincent E. Lazar, (vi) counsel to the *Ad Hoc* Group of Custodial Account Holders, Togut, Segal & Segal LLP, One Penn Plaza, Suite 3335, New York, NY 10119, Attn: Kyle J. Ortiz and Bryan M. Kotliar; (vii) counsel to the *Ad Hoc* Group of Withhold Account Holders, Troutman Pepper Hamilton Sanders, 875 Third Avenue, New York, NY 10022, Attn: Deborah Kovsky-Apap; (vi) via electronic mail to proposed counsel to the Fee Examiner, Christopher S. Sontchi, at CelsiusFeeExaminer@gklaw.com; and (vii) any other statutory committee appointed in these chapter 11 cases (collectively, the "Monthly Fee Statement Recipients"). All Retained Professionals shall file their first Monthly Fee Statement for the period from the effective date of their retention through the end of the first full month following the effective date of their retention and otherwise in accordance with the procedures set forth in this Amended Order.

b. On or after the 20th day of each month following the month for which compensation is sought, each Retained Professional may file a Monthly Fee Statement with the Court; *however*, a courtesy copy need not be delivered to Chambers because this Amended Order is not intended to alter the fee application requirements outlined in sections 330 and 331 of the Bankruptcy Code. Retained Professionals shall still be required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

c. Each Monthly Fee Statement must contain a list of the individuals who provided services during the period covered by the Monthly Fee Statement, their respective titles (*e.g.*, attorney, accountant, paralegal, etc.), their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the disbursements incurred (no Retained Professional should seek reimbursement of an expense that would otherwise not be allowed pursuant to the Local Rules and the Court's *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, dated June 17, 2013, or the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and*

*Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013), and contemporaneously maintained time entries (redacted or modified to protect any privileged information) for each individual in increments of tenths (1/10) of an hour or as close thereto as practicable unless otherwise ordered by the Court.

d. If any Monthly Fee Statement Recipient has an objection to the compensation or reimbursement sought in a particular Monthly Fee Statement (a "Monthly Fee Statement Objection"), such party shall, by no later than 12:00 p.m. (prevailing Eastern Time) on the date that is 14 days following the service of the particular Monthly Fee Statement (the "Monthly Fee Statement Objection Deadline"), serve via email upon both the Retained Professional whose Monthly Fee Statement is the subject of a Monthly Fee Statement Objection and the Monthly Fee Statement Recipients, a written "Notice of Objection to Monthly Fee Statement" setting forth the nature of the Monthly Fee Statement Objection and the amount of fees or expenses at issue.

e. At the expiration of the Monthly Fee Statement Objection Deadline, the Debtors shall promptly pay 80% of the fees and 100% of the expenses identified in each Monthly Fee Statement to which no Monthly Fee Statement Objection has been served in accordance with paragraph (d).

f. If a Notice of Objection to Monthly Fee Statement with respect to a particular Monthly Fee Statement is served, the Debtors shall withhold payment of only that portion of the Monthly Fee Statement to which the Monthly Fee Statement Objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (e).

g. If a Monthly Fee Statement Objection is resolved and if the party whose Monthly Fee Statement was the subject of the Monthly Fee Statement Objection serves on all Monthly Fee Statement Recipients a statement indicating that the Monthly Fee Statement Objection has been withdrawn and describing the terms of the resolution, then the Debtors shall promptly pay, in accordance with paragraph (e), that portion of the Monthly Fee Statement that is no longer subject to the Monthly Fee Statement Objection.

h. All Monthly Fee Statement Objections that are not resolved by the parties shall be preserved and presented to the Court at the next hearing to consider interim or final fee applications to be heard by the Court or such other date as the Court may agree.

i. The service of a Notice of Objection to Monthly Fee Statement in accordance with paragraph (d) above shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground, whether raised in the Monthly Fee Statement Objection or not. Furthermore, the decision by any Monthly Fee Statement Recipient not to object to a Monthly Fee Statement shall not be a waiver of any kind or prejudice that

party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code.

4. Interim Fee Application Procedures

   a. Commencing with the period beginning July 13, 2022 and ending October 31, 2022, and for each four-month interval thereafter (each, an "Interim Fee Period"), each of the Retained Professionals shall file with the Court an application (an "Interim Fee Application") for interim Court approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be), of the compensation and reimbursement of expenses requested in the Monthly Fee Statements, if any, served during such Interim Fee Period. Each Retained Professional shall file its Interim Fee Application no later than 45 days after the end of the Interim Fee Period. For the avoidance of doubt, each Retained Professional shall file its first Interim Fee Application on or before December 15, 2022, and the first Interim Fee Application shall cover the Interim Fee Period from the Petition Date (or the effective date of the Retained Professional's retention) through and including October 31, 2022 (the "First Interim Fee Period").

   b. No later than three (3) business days after the filing of each Interim Fee Application, the Retained Professional shall send to the Fee Examiner via electronic mail to CelsiusFeeExaminer@gklaw.com and to the U.S. Trustee, via electronic mail to Shara.Cornell@usdoj.gov, Mark.Bruh@usdoj.gov, and Brian.Masumoto@usdoj.gov, the Interim Fee Application, including the fee detail containing the time entries and the expense detail ("Fee Detail") in LEDES or Excel format containing, at a minimum, the following fields for fees: invoice number, matter name, date, timekeeper name, timekeeper position/title, hourly rate, hours, fees, task description, timekeeper name, hourly rate, year of bar admission, client number, matter number, hours, and amount of fees; and the following fields for expenses: invoice number, matter name, date, name of timekeeper who incurred expense, expense category, unit cost, number of units, expense total, expense description. Failure to serve the Fee Examiner with timely Fee Detail in the required format will delay the Fee Examiner's review and recommendation of the Interim Fee Application.

   c. A Retained Professional need not send to the Fee Examiner the electronic Fee Detail for any (i) Interim Fee Application if such Retained Professional has previously submitted the relevant Fee Detail with the applicable Monthly Fee Statement or otherwise or (ii) final fee Application if such Retained Professional has previously submitted the relevant Fee Detail with the applicable Interim Fee Application, Monthly Fee Statement, or otherwise.

   d. Any Retained Professional unable to file its own Interim Fee Application with the Court shall deliver to the Debtors' attorneys a fully executed copy with original signatures, along with service copies, three business days before the

5

filing deadline.  The Debtors' attorneys shall file and serve such Interim Fee Application.

e.  If any party in interest other than the Fee Examiner or the U.S. Trustee has an objection to the compensation or reimbursement sought in an Interim Fee Application (an "<u>Interim Fee Application Objection</u>"), such party shall, by no later than 12:00 p.m. (prevailing Eastern Time) on the date that is 21 days following the required notice of the Interim Fee Application, file and serve an Interim Fee Application Objection setting forth the nature of the Interim Fee Application Objection and the amount of interim fees or expenses at issue.

f.  Periodically, and consistent with the terms of the Fee Examiner Order, as it may be amended, the Fee Examiner shall establish dates for hearings to consider uncontested Interim Fee Applications (an "<u>Uncontested Interim Fee Hearing</u>"), which may be scheduled for Omnibus Hearings, no earlier than 45 days after the expiration of the 45-day period set forth in paragraph 4(a), unless otherwise agreed to by the Fee Examiner, the Debtors, and the U.S. Trustee.  At least ten days prior to any Uncontested Interim Fee Hearing, the Fee Examiner shall file a report with the Court, with service upon the U.S. Trustee and all Retained Professionals, setting forth the uncontested Interim Fee Applications recommended for the Court's approval in connection with the upcoming Uncontested Interim Fee Hearing, with agreed adjustments, if any.

g.  Any Interim Fee Application that is the subject of an Interim Fee Application Objection shall be set over for treatment at such time as the Court takes up the Fee Examiner's recommendations with respect to that Interim Fee Application.

h.  Any Interim Fee Application that is the subject of a formal or informal Interim Fee Application Objection, question, or concern of the Fee Examiner and/or U.S. Trustee may be set over for hearing on a subsequent Uncontested Interim Fee Hearing Date if the objection, question, or concern is resolved.

i.  Any Interim Fee Application that is the subject of a formal Interim Fee Application Objection by the Fee Examiner or U.S. Trustee shall be scheduled for a contested hearing established by the Fee Examiner in consultation with the U.S. Trustee, the Debtors and the Court.

j.  Any Retained Professional who fails to timely file an Interim Fee Application seeking approval of compensation and expenses previously paid pursuant to a Monthly Fee Statement shall (i) be ineligible to receive further monthly payments of fees or reimbursement of expenses as provided herein until such Interim Fee Application is filed, and (ii) may be required to disgorge any fees paid since retention or the last fee application, whichever is later.

    k. The pendency of an Interim Fee Application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Fee Statement shall not disqualify a Retained Professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court.

    l. Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on the Court's interim or final allowance of compensation and reimbursement of expenses of any Retained Professionals. Upon allowance by the Court of a Retained Professional's Interim Fee Application, the Debtors shall be authorized to promptly pay such Retained Professional all allowed requested fees (including the 20% "holdback") and expenses not previously paid.

    m. Counsel for each official committee may, in accordance with the foregoing Compensation Procedures, collect and submit statements of expenses, with supporting vouchers, from members of the committee he or she represents; *provided*, *however*, that such committee counsel ensures that these reimbursement requests comply with the Court's *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, dated June 17, 2013.

5. The Debtors shall include all payments to Retained Professionals on their monthly operating reports, detailed so as to state the amount paid to each Retained Professional; *provided* that amounts paid to any professionals retained in the ordinary course of business in accordance with procedures approved by the Court may be stated in the aggregate on any monthly operating reports.

6. Notice of hearings to consider Interim Fee Applications and Final Fee Applications shall be limited to the Monthly Fee Statement Recipients and any party who files a Notice of Objection to an Interim Fee Application or a notice of appearance and requests notice in these chapter 11 cases.

7. All time periods set forth in this Amended Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

8. The Debtors shall serve a copy of this Amended Order on each of the Retained Professionals.

7

9.      For the avoidance of doubt, nothing herein shall alter, modify, or in and way change any Retained Professional's obligation to provided Monthly Fee Statements or Fee Detail (LEDES or Excel data) to the U.S. Trustee. Furthermore, nothing herein shall alter, modify, or in any way change the U.S. Trustee's review and/or informal or formal objection process to any Retained Professional otherwise provided for by the Bankruptcy Code, Bankruptcy Rules, Local Rules, United States Trustee Guidelines, or other applicable rule or statute.

10.     Notwithstanding anything to the contrary in the Stipulation, this Order, or any findings announced at the Hearing, nothing in the Stipulation, this Amended Order, or announced at the Hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the rights of the United States Securities and Exchange Commission and the UCC to challenge transactions involving crypto tokens on any basis are expressly reserved.

11.     Notice of the Stipulation satisfies the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

12.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Amended Order are immediately effective and enforceable upon its entry.

13.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Amended Order in accordance with the Stipulation.

14.     The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Amended Order.

**IT IS SO ORDERED.**

Dated:  December 19, 2022
        New York, New York

                                             /s/ Martin Glenn
                                            MARTIN GLENN
                                    Chief United States Bankruptcy Judge