**WHITE & CASE LLP**
David M. Turetsky
Samuel P. Hershey
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile:  (212) 354-8113
Email:  david.turetsky@whitecase.com
         sam.hershey@whitecase.com
         azatz@whitecase.com

– and –

**WHITE & CASE LLP**
Keith H. Wofford
Southeast Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131
Telephone: (305) 371-2700
Facsimile:  (305) 358-5744
Email:  kwofford@whitecase.com

**WHITE & CASE LLP**
Michael C. Andolina (admitted *pro hac vice*)
Gregory F. Pesce (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone: (312) 881-5400
Facsimile:  (312) 881-5450
Email:  mandolina@whitecase.com
         gregory.pesce@whitecase.com

– and –

**WHITE & CASE LLP**
Aaron E. Colodny (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, California 90071
Telephone: (213) 620-7700
Facsimile:  (213) 452-2329
Email:  aaron.colodny@whitecase.com

*Counsel to the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**CERTIFICATE OF NO OBJECTION UNDER 28 U.S.C. § 1746 REGARDING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF GORNITZKY & CO. AS ISRAELI COUNSEL EFFECTIVE AS OF NOVEMBER 2, 2022**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

Pursuant to 28 U.S.C. § 1746 and Rule 9075-2 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), and in accordance with this Court's case management procedures set forth in the *Amended Final Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief*, entered on October 25, 2022 [Docket No. 1181] (the "**Amended Case Management Order**"), the undersigned hereby certifies as follows:

1. On July 13, 2022, Celsius Network LLC and its affiliated debtors and debtors in possession (collectively, the "**Debtors**") commenced these voluntary cases under chapter 11 of title 11 of the U.S. Code.[2] On November 7, 2022, the Official Committee of Unsecured Creditors (the "**Committee**") filed *The Official Committee of Unsecured Creditors' Application for Entry of an Order Authorizing the Employment and Retention of Gornitzky & Co. as Israeli Counsel Effective as of November 2, 2022* (the "**Retention Application**"). Attached to the Retention Application was a proposed order approving the Retention Application (the "**Proposed Order**").

2. The Committee served the Retention Application and Proposed Order as reflected in the affidavit of service filed at Docket No. 1363.

3. Paragraph 32 of the Amended Case Management Order provides "[i]f no Objection to a Request for Relief is filed after the Request for Relief is filed and served in a timely fashion, the movant may email a proposed order granting the Request for Relief to the Court's chambers . . . along with a certificate of no objection . . . stating that no Objection has been filed or served on the movant. By filing such certification, counsel for the movant represents to the Court that the movant is unaware of any Objection to the Request for Relief and that counsel has reviewed the

---

[2] Debtors GK8 Ltd., GK8 USA LLC, and GK8 UK each commenced their voluntary cases on December 7, 2022, and on December 8, 2022, this Court ordered for each of their cases to be jointly administered with the Debtors' cases. [Docket No. 1648].

Court's docket and no Objection appears thereon."

4.    The hearing on the Retention Application was initially scheduled for December 5, 2022. On November 28, 2022, the hearing was adjourned to December 20, 2022. *See Notice of Adjournment of the Official Committee of Unsecured Creditors' Application for Entry of an Order Authorizing the Employment and Retention of Gornitzky & Co. as Israeli Counsel Effective as of November 2, 2022* [Docket No. 1478] (the "**Notice of Adjournment**"). The Notice of Adjournment provides that responses to the Retention Application were due no later than December 13, 2022, at 4:00 p.m., prevailing Eastern Time (the "**Objection Deadline**").

5.    On December 13, 2022 the Committee sent a letter to Chambers of Chief Judge Martin Glenn requesting to extend the Objection Deadline for the U.S. Trustee to December 14, 2022 at 4:00 p.m. (prevailing Eastern Time) to resolve certain questions. The Committee has addressed those questions, and the U.S. Trustee has agreed to the relief requested in the Retention Application as set forth in the *Amended Proposed Order* attached hereto as **Exhibit A** (the "**Amended Proposed Order**").

6.    Local Rule 9075-2 provides that a motion or application may be granted without a hearing if (a) no objections or responsive pleadings have been filed or served before 48 hours after the relevant objection deadline, and (b) the attorney for the entity that filed the pleading complies with the relevant procedural and notice requirements.

7.    As of the filing of this certificate, to the best of my knowledge, no responsive pleadings to the Retention Application have been (a) filed with the Court on the docket of the above-captioned chapter 11 cases or (b) served on the Committee or their counsel.

8.    Accordingly, the Committee respectfully requests entry of the Amended Proposed Order in accordance with the Amended Case Management Order and Local Rule 9075-2. A redline

comparison of the Proposed Order and the Amended Proposed Order is attached hereto as **Exhibit B**.

9. I hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated:   December 19, 2022
        New York, New York

Respectfully submitted,

*/s/ Gregory F. Pesce*
**WHITE & CASE LLP**
David M. Turetsky
Samuel P. Hershey
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile:  (212) 354-8113
Email:  david.turetsky@whitecase.com
       sam.hershey@whitecase.com
       azatz@whitecase.com

– and –

**WHITE & CASE LLP**
Keith H. Wofford
Southeast Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131
Telephone: (305) 371-2700
Facsimile:  (305) 358-5744
Email: kwofford@whitecase.com

– and –

**WHITE & CASE LLP**
Michael C. Andolina (admitted *pro hac vice*)
Gregory F. Pesce (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone: (312) 881-5400
Facsimile:  (312) 881-5450
Email:  mandolina@whitecase.com
       gregory.pesce@whitecase.com

– and –

**WHITE & CASE LLP**
Aaron E. Colodny (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, California 90071
Telephone: (213) 620-7700
Facsimile:  (213) 452-2329
Email:  aaron.colodny@whitecase.com

## Exhibit A

**Amended Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

### ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF GORNITZKY & CO. AS ISRAELI COUNSEL EFFECTIVE AS OF NOVEMBER 2, 2022

Upon the application (the "**Application**")[2] of the Official Committee of Unsecured Creditors (the "**Committee**") of Celsius Network LLC and its affiliated debtors and debtors in possession (collectively, the "**Debtors**") for entry of an order (this "**Order**") authorizing the employment and retention of Gornitzky & Co. ("**GNY**") effective as of November 2, 2022 as Israeli counsel; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due, sufficient, and proper notice of the Application having been provided under the circumstances and in accordance with the Bankruptcy Rules and the Local Rules, and it appearing that no other or further notice need be provided; and a hearing having been held, if necessary, to consider the relief requested in the Application (the "**Hearing**"); and upon consideration of the Declarations attached to the Application, and the record of the Hearing, if any, and all of the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

proceedings had before the Court; and the Court having found and determined that GNY does not represent or hold any interest adverse under section 1103 of the Bankruptcy Code, and is (to the extent applicable) a "disinterested person" as that term is defined under section 101(14) of the Bankruptcy Code, that the relief sought in the Application is necessary and in the best interests of the Committee, the Debtors, their estates, their creditors, and all parties in interest, and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.  The Application is granted to the extent provided herein.

2.  The Committee is authorized pursuant to sections 328 and 1103 of the Bankruptcy Code to employ and retain GNY as its Israeli counsel in these chapter 11 cases, effective as of November 2, 2022, in accordance with the terms and conditions, and to provide the services, set forth in the Engagement Letter.

3.  In connection with the chapter 11 cases, GNY shall be compensated and reimbursed for expenses in accordance with, and will file, applications for allowance of its compensation and expenses and shall be subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any applicable orders of the Court, and pursuant to any additional procedures this Court deems appropriate.

4.  GNY shall make a reasonable effort to comply with U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* effective as of November 1, 2013.

5.  GNY shall use its best efforts to avoid any duplication of services provided by any

2

of the Committee's other retained professionals in these chapter 11 cases.

6. Prior to any increases in GNY's hourly rates for providing services in these chapter 11 cases, GNY shall file and serve a supplemental declaration at least fourteen days before such rate increases take effect. The supplemental declaration shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether the Committee has consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code.

7. Notwithstanding any provision to the contrary in the Engagement Letter, any dispute relating to the services provided by GNY shall be referred to arbitration consistent with the terms of the Engagement Letter only to the extent that this Court does not have, retain or exercise jurisdiction over the dispute, and 28 U.S.C. § 1334(e)(2) shall govern the forum for resolving fee disputes.

8. Notwithstanding anything to the contrary in the Engagement Letter, GNY shall not withdraw as Committee's counsel prior to the effective date of any chapter 11 plan confirmed in these chapter 11 cases without prior approval of the Court in accordance with Local Bankruptcy Rule 2090-1(e).

9. Notwithstanding anything to the contrary in the Engagement Letter, any applications filed by GNY for allowance of its compensation and expenses will be denominated in United States dollars and any payments made to GNY as Israeli counsel to the Committee in these chapter 11 cases will be in United States dollars.

10. Notice of the Application as provided therein shall be deemed good and sufficient notice of the Application.

3

11. The Committee and the Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

12. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13. To the extent that the Application, the Declarations attached thereto, or the Engagement Letter are inconsistent with this Order, the terms of this Order shall govern.

14. This Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____, 2022
      New York, New York

                                                 THE HONORABLE MARTIN GLENN
                                                 UNITED STATES BANKRUPTCY JUDGE

# Exhibit B

**Redline of Amended Proposed Order against Filed Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF GORNITZKY & CO. AS ISRAELI COUNSEL EFFECTIVE AS OF NOVEMBER 2, 2022

Upon the application (the "**Application**")[2] of the Official Committee of Unsecured Creditors (the "**Committee**") of Celsius Network LLC and its affiliated debtors and debtors in possession (collectively, the "**Debtors**") for entry of an order (this "**Order**") authorizing the employment and retention of Gornitzky & Co. ("**GNY**") effective as of November 2, 2022 as Israeli counsel; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due, sufficient, and proper notice of the Application having been provided under the circumstances and in accordance with the Bankruptcy Rules and the Local Rules, and it appearing that no other or further notice need be provided; and a hearing having been held, if necessary, to consider the relief requested in the Application (the "**Hearing**"); and upon

---

[1] The Debtors in these chapter 11 cases ~~and~~, along with the last four digits of ~~their~~each Debtor's federal tax identification number, are ~~as follows~~: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); ~~and~~ Celsius US Holding LLC (7956); GK8 Ltd (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is ~~121 River~~50 Harrison Street, ~~PH05~~Suite 209F, Hoboken, New Jersey 07030.

[2] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

consideration of the Declarations attached to the Application, and the record of the Hearing, if any, and all of the proceedings had before the Court; and the Court having found and determined that GNY does not represent or hold any interest adverse under section 1103 of the Bankruptcy Code, and is (to the extent applicable) a "disinterested person" as that term is defined under section 101(14) of the Bankruptcy Code, that the relief sought in the Application is necessary and in the best interests of the Committee, the Debtors, their estates, their creditors, and all parties in interest, and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Application is granted to the extent provided herein.

2. The Committee is authorized pursuant to sections 328 and 1103 of the Bankruptcy Code to employ and retain GNY as its Israeli counsel in these chapter 11 cases, effective as of November 2, 2022, in accordance with the terms and conditions, and to provide the services, set forth in the Engagement Letter.

3. In connection with the chapter 11 cases, GNY shall be compensated and reimbursed for expenses in accordance with, and will file, applications for allowance of its compensation and expenses and shall be subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any applicable orders of the Court, and pursuant to any additional procedures this Court deems appropriate.

4. GNY shall make a reasonable effort to comply with U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in*

*Larger Chapter 11 Cases* effective as of November 1, 2013.

5. GNY shall use its best efforts to avoid any duplication of services provided by any of the Committee's other retained professionals in these chapter 11 cases.

6. Prior to any increases in GNY's hourly rates for providing services in these chapter 11 cases, GNY shall file and serve a supplemental declaration at least fourteen days before such rate increases take effect. The supplemental declaration shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether the Committee has consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code.

7. Notwithstanding any provision to the contrary in the Engagement Letter, any dispute relating to the services provided by GNY shall be referred to arbitration consistent with the terms of the Engagement Letter only to the extent that this Court does not have, retain or exercise jurisdiction over the dispute, and 28 U.S.C. § 1334(e)(2) shall govern the forum for resolving fee disputes.

8. Notwithstanding anything to the contrary in the Engagement Letter, GNY shall not withdraw as Committee's counsel prior to the effective date of any chapter 11 plan confirmed in these chapter 11 cases without prior approval of the Court in accordance with Local Bankruptcy Rule 2090-1(e).

9. Notwithstanding anything to the contrary in the Engagement Letter, any applications filed by GNY for allowance of its compensation and expenses will be denominated in United States dollars and any payments made to GNY as Israeli counsel to the Committee in these chapter 11 cases will be in United States dollars.

3

10. ~~7.~~ Notice of the Application as provided therein shall be deemed good and sufficient notice of the Application.

11. ~~8.~~ The Committee and the Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

12. ~~9.~~ The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13. ~~10.~~ To the extent that the Application, the Declarations attached thereto, or the Engagement Letter are inconsistent with this Order, the terms of this Order shall govern.

14. ~~11.~~ This Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____, 2022
      New York, New York

                                                 _____
                                                 THE HONORABLE MARTIN GLENN
                                                 UNITED STATES BANKRUPTCY JUDGE

| Summary report: Litera Compare for Word 11.3.0.46 Document comparison done on 12/16/2022 10:16:56 AM ||
|---|---|
| **Style name:** 2_WC_StandardSet ||
| **Intelligent Table Comparison:** Active ||
| **Original DMS:** iw://AMERICAS_DMS/AMERICAS/118425192/1 ||
| **Modified DMS:** iw://AMERICAS_DMS/AMERICAS/118425192/2 ||
| **Changes:** ||
| Add | 17 |
| Delete | 11 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 28 |