Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Counsel to the Initial Debtors and Debtors in Possession*

*Proposed Counsel to the GK8 Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

### NOTICE OF FILING OF REVISED PROPOSED ORDER (I) AUTHORIZING THE RETENTION AND EMPLOYMENT OF ERNST & YOUNG LLP AS TAX COMPLIANCE AND TAX ADVISORY SERVICES PROVIDER, EFFECTIVE AS OF JULY 13, 2022, AND (II) GRANTING RELATED RELIEF

**PLEASE TAKE NOTICE** that on November 18, 2022, the above-captioned debtors and

debtors in possession (collectively, the "Debtors") filed the *Debtors' Application for Entry of an*

*Order (I) Authorizing the Retention and Employment of Ernst & Young LLP as Tax Compliance*

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 USA LLC (9450); and GK8 UK Limited (0893).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

*and Tax Advisory Services Provider, Effective as of July 13, 2022, and (II) Granting Related Relief* [Docket No. 1404] (the "Motion").

PLEASE TAKE FURTHER NOTICE that the Debtors hereby submit a revised *Proposed Order (I) Authorizing the Retention and Employment of Ernst & Young LLP as Tax Compliance and Tax Advisory Services Provider, Effective as of July 13, 2022, and (II) Granting Related Relief* attached hereto as **Exhibit A** (the "Revised Proposed Order").

PLEASE TAKE FURTHER NOTICE that a comparison between the proposed order filed as Exhibit A to the Motion (the "Proposed Order") and the Revised Proposed Order is attached hereto as **Exhibit B**.

PLEASE TAKE FURTHER NOTICE that copies of the Motion, the Proposed Order, the Revised Proposed Order, and other pleadings filed in the above-captioned chapter 11 cases may be obtained free of charge by visiting the website of Stretto at http://www.cases.stretto.com/celsius. You may also obtain copies of any pleadings by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

[*Remainder of page intentionally left blank*]

New York, New York
Dated:  December 19, 2022

_/s/ Joshua A. Sussberg_

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:            jsussberg@kirkland.com

 - and -

Patrick J. Nash, Jr., P.C. (admitted _pro hac vice_)
Ross M. Kwasteniet, P.C. (admitted _pro hac vice_)
Christopher S. Koenig
Dan Latona (admitted _pro hac vice_)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200
Email:            patrick.nash@kirkland.com
                    ross.kwasteniet@kirkland.com
                    chris.koenig@kirkland.com
                    dan.latona@kirkland.com

_Counsel to the Initial Debtors and Debtors in Possession_

_Proposed Counsel to the GK8 Debtors and Debtors in Possession_

## Exhibit A

**Revised Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

### REVISED PROPOSED ORDER (I) AUTHORIZING THE RETENTION AND EMPLOYMENT OF ERNST & YOUNG LLP AS TAX COMPLIANCE AND TAX ADVISORY SERVICES PROVIDER, EFFECTIVE AS OF JULY 13, 2022, AND (II) GRANTING RELATED RELIEF

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) authorizing the Debtors to retain and employ Ernst & Young LLP, a member firm of Ernst & Young Global Limited ("EYGL") in the United States ("EY LLP"), as the Debtors' tax compliance services and tax advisory services provider, effective as of July 13, 2022 in accordance with the terms and conditions set forth in the Engagement Letters, copies of which are attached as **Exhibit 1**, **Exhibit 2**, **Exhibit 3**, and **Exhibit 4**, respectively, to this Order, and (b) granting related relief, all as more fully set forth in the Application; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012; and upon the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 USA LLC (9450); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

Declarations; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these chapter 11 cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that EY LLP does not hold or represent an adverse interest to the Debtors or their estates and is disinterested under 11 U.S.C. § 101(14); and this Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Application and opportunity for a hearing thereon were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Application; and this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is HEREBY ORDERED THAT:

1.      The Application is granted as set forth herein.

2.      In accordance with sections 327(a) and 328 of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rules 2014-1 and 2016-1, the Debtors are authorized to employ and retain EY LLP as the Debtors' tax compliance and tax advisory services provider, effective as of July 13, 2022 in accordance with the terms and conditions set forth in the Application and Engagement Letters, as modified by this Order.

3.      Notwithstanding anything to the contrary to the Application, EY LLP shall not perform additional services outside the scope of the Engagement Letters without further order of the Court, to be obtained pursuant to the process set forth in paragraph 14 to this Order.

4.      Services other than those set forth in the Application that the Debtors may request that EY LLP provide during the court of these chapter 11 cases, and as agreed to by EY LLP, shall

be subject to separate application and order of this Court, pursuant to the process set forth in paragraph 14 of this Order.

5.      EY LLP shall be compensated in accordance with and will file interim and final fee applications for allowance of its compensation and expenses and shall be subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines, this Order, and any other applicable orders of this Court.

6.      The terms of the Engagement Letters, including without limitation, the compensation provisions, are reasonable terms and conditions of employment and are hereby approved, subject to the modifications set forth herein.

7.      The Engagement Letters shall not be binding upon any Chapter 11 or Chapter 7 trustee appointed in these cases.

8.      Consistent with, and subject to, the terms of the Engagement Letters and this Order, EY LLP is hereby authorized to perform the Services provided for in the Engagement Letter.

9.      EY LLP is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code as required by section 327(a) of the Bankruptcy Code.

10.     EY LLP shall file monthly, interim, and final fee applications for the allowance of compensation for services rendered and reimbursement of expenses incurred in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines, and any other applicable procedures and orders of this Court and consistent with the proposed compensation set forth in the Engagement Letters.

11.     EY LLP's fixed fees pursuant to the Engagement Letters (and any supplemental engagement agreements or statements of work subsequently approved in these cases) shall be subject to the standard of review set forth in section 330 of the Bankruptcy Code.  EY LLP shall

3

keep reasonably detailed time records in half-hour increments and will submit, with any interim

or final fee application, together with the time records, a narrative summary, by project category,

of services rendered and will identify each professional rendering services, the category of services

rendered, and the total amount of compensation requested by EY LLP.

12.    EY LLP's hourly fees pursuant to the Engagement Letters (and any supplemental

engagement agreements or statements of work subsequently approved in these cases) shall be

subject to the standard of review set forth in section 330 of the Bankruptcy Code.  With respect to

the Advisory SOW, EY LLP shall keep reasonably detailed time records in one-tenth (1/10) hour

increments and will submit with any fee application, together with the time records, a narrative

summary (by project category) of services rendered and will identify each professional rendering

services, the category of services rendered, and the total amount of compensation requested by EY

LLP.  With respect to the Compliance SOWs, EY LLP will keep summary time records in half-

hour increments describing the EY LLP's daily activities and the identity of persons who

performed such tasks for Services performed under the Compliance SOWs.

13.    EY LLP will not charge the Debtors' estates for time spent preparing or reviewing

any invoices or time records submitted in support of any fee application or monthly fee statement

filed in these chapter 11 cases, *provided* that time spent on privilege analysis related to such fee

applications or monthly fee statements may be compensable by the Debtors estates.

14.    To the extent the Debtors and EY LLP enter into any additional engagement letters

or statements of work, the Debtors will file such engagement letters or statements of work with

the Court and serve such engagement letters or statements of work upon the U.S. Trustee, counsel

for the Committee, and any party requesting notice under Bankruptcy Rule 2002.  If any party

objects to the additional services to be provided by EY LLP within fourteen days of such new

engagement letters or statements of work being filed and served, the Debtors will promptly

schedule a hearing before the Court.  All additional services will be subject to the provisions of

this Order.  To the extent no related timely objections are filed, such additional engagement letters

shall be deemed approved pursuant to this Order.

     15.     Notwithstanding anything to the contrary in the Application or Engagement Letters,

the indemnification provisions are hereby modified and restated in its entirety as follows:

    (i)     All requests for payment pursuant to the Engagement Letters of indemnity, contribution or reimbursement for services other than those described in the Engagement Letters shall be made by means of an application (interim or final as the case may be) and shall be subject to review by the Court to ensure that payment of such indemnity, contribution or reimbursement conforms to the terms of the Engagement Letters (as modified and restated by this Order) and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity, contribution or reimbursement is sought; *provided, however*, in no event shall EY LLP be indemnified to the extent the Court determines by final order that any claim or expense has resulted from the bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence or willful misconduct on the part of EY LLP;

    (ii)     In the event that EY LLP seeks reimbursement from the Debtors for attorneys' fees in connection with a request for payment of indemnity, contribution or reimbursement pursuant to the Engagement Letters (as modified and restated by this Order), the invoices and supporting time records from such attorneys shall be included in EY LLP's application (interim or final as the case may be) and such invoices and time records shall be subject to the Fee Guidelines and the approval of the Court under the standards of sections 330 and 331 of the Bankruptcy Code without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code;

    (iii)     EY LLP shall not be entitled to reimbursement by the Debtors for any fees, disbursements and other charges of EY LLP's counsel other than those incurred in connection with a request of EY LLP for payment of indemnity, contribution, retention of EY LLP and preparation of fee applications;

    (iv)    In no event shall EY LLP be entitled to indemnification, contribution, or reimbursement of attorneys' fees or expenses to the extent the Court determines by final order that such claim for indemnity arose out of EY LLP's own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct on the part of EY LLP.

16.    Prior to any increases in EY LLP's hourly rates pertaining to the Debtors, EY LLP shall file a supplemental declaration with this Court, and provide five business days' notice to the Debtors, the U.S. Trustee, and any official committee. The supplemental declaration shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtors have consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in Section 330 of the Bankruptcy Code.

17.    Any controversy or claim with respect to, in connection with, arising out of, or in any way related to the Engagement Letters or to the services provided thereunder (including any such matter involving any parent, subsidiary, affiliate, successor in interest or agent of the Debtors or their subsidiaries or of EY LLP) shall be brought in the Bankruptcy Court or the applicable district court (if such district court withdraws the reference), unless the Bankruptcy Court, or the district court upon withdrawal of the reference, does not have or retain jurisdiction over the claim or controversy.

18.    Notwithstanding anything to the contrary in the Application or the Engagement Letters, EY LLP shall not be entitled to reimbursement for fees and expenses of their counsel incurred in connection with any objection to their fees. In the event that, during the pendency of these chapter 11 cases, EY LLP seeks reimbursement for any attorneys' fees or expenses, the invoices and supporting time records from such attorneys shall be included in the respective fee applications, and such invoices and time records shall be in compliance with the Local Rules and

subject to any U.S. Trustee Guidelines and Court approval under the standards of sections 330 and

331 of the Bankruptcy Code, without regard to whether such attorney has been retained under

section 327 of the Bankruptcy Code; *provided* that EY LLP shall not seek reimbursement from the

Debtors' estates for any fees incurred in defending any of their fee applications in these chapter 11

cases.

19.     Notwithstanding anything in the Engagement Letters to the contrary, EY Israel

shall apply any remaining amount of its prepetition credit balance as a credit toward postpetition

fees and expenses after such postpetition fees and expenses are approved pursuant to the first order

of the Court awarding fees and expenses to EY LLP.

20.     EY LLP will review its files periodically during the pendency of these chapter 11

cases to determine whether any disqualifying conflicts or other circumstances exist or arise.  If any

new relevant facts or relationships are discovered or arise, EY LLP will use reasonable efforts to

identify such further developments and will promptly file a supplemental declaration, as required

by Bankruptcy Rule 2014(a).

21.     EY LLP shall use its reasonable efforts to avoid any duplication of services

provided by any of the Debtors' other retained professionals in these chapter 11 cases.

22.     Notwithstanding anything in this Application or the Engagement Letters to the

contrary, (a) to the extent that EY LLP uses the services of independent contractors,

subcontractors, or employees of foreign affiliates or subsidiaries (collectively, the "Contractors")

in these chapter 11 cases, EY LLP shall pass through the cost of the Contractors to the applicable

Debtors at the same rate that they pay the Contractors and (b) seek reimbursement for actual costs

only.  Contractors from whom EY LLP seeks to pass through fees on an hourly basis to the

applicable Debtors shall be subject to the same conflict checks as required for EY LLP, and such

Contractors shall file with the Court such disclosures as required by Bankruptcy Rule 2014.

23. To the extent that the express provisions of this Order are inconsistent with the

provisions of the Application, the Declarations, or the Engagement Letters, the provisions of this

Order shall control.

24. The Debtors and EY LLP are authorized and empowered to take all actions

necessary to implement the relief granted in and pursuant to this Order.

25. Notice of the Application as provided therein shall be deemed good and sufficient

notice of such Application, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules

are satisfied by such notice.

26. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order

are immediately effective and enforceable upon its entry.

27. The terms and conditions of this Order shall be immediately effective and

enforceable upon its entry.

28. Notwithstanding any provision to the contrary in the Application or the

Engagement Letters, the Court shall retain jurisdiction to hear and to determine all matters arising

from or related to implementation, interpretation, or enforcement of this Order and EY LLP's

retention.


New York, New York
Dated: _____, 2022

_____
THE HONORABLE MARTIN GLENN
CHIEF UNITED STATES BANKRUPTCY JUDGE

**Exhibit B**

**Redline**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

~~ORDER~~REVISED PROPOSED ORDER **(I) AUTHORIZING THE** ~~RETENTION AND EMPLOYMENT OF ERNST & YOUNG~~RETENTION AND EMPLOYMENT OF ERNST & YOUNG **LLP** ~~AS~~ AS **TAX** ~~COMPLIANCE AND TAX ADVISORY SERVICES~~COMPLIANCE AND TAX ADVISORY SERVICES **PROVIDER,**
**EFFECTIVE AS OF JULY 13, 2022** ~~AND (II) GRANTING RELATED RELIEF~~, AND (II) GRANTING RELATED RELIEF

Upon the application (the "<u>Application</u>")[2] of the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") for entry of an order (this "<u>Order</u>"), (a) authorizing the Debtors to retain and employ Ernst & Young LLP, a member firm of Ernst & Young Global Limited ("<u>EYGL</u>") in the United States ("<u>EY LLP</u>"), as the Debtors' tax compliance services and tax advisory services provider, effective as of July 13, 2022 in accordance with the terms and conditions set forth in the Engagement Letters, copies of which are attached as **Exhibit 1**, **Exhibit 2**, **Exhibit 3**, and **Exhibit 4**, respectively, to this Order, and (b) granting related relief, all as more fully set forth in the Application; and this Court having jurisdiction over this matter

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); ~~and~~ Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 USA LLC (9450); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012; and upon the Declarations; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these chapter 11 cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that EY LLP does not hold or represent an adverse interest to the Debtors or their estates and is disinterested under 11 U.S.C. § 101(14); and this Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Application and opportunity for a hearing thereon were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Application; and this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is HEREBY ORDERED THAT:

1.      The Application is granted as set forth herein.

2.      In accordance with sections 327(a) and 328 of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rules 2014-1 and 2016-1, the Debtors are authorized to employ and retain EY LLP as the Debtors' tax compliance and tax advisory services provider, effective as of July 13, 2022in, in accordance with the terms and conditions set forth in the Application and Engagement Letters, as modified by this Order.

3.      Notwithstanding anything to the contrary to the Application, EY LLP shall not perform additional services outside the scope of the Engagement Letters without further order of the Court, to be obtained pursuant to the process set forth in paragraph 14 to this Order.

2

4.      Services other than those set forth in the Application that the Debtors may request that EY LLP provide during the court of these chapter 11 cases, and as agreed to by EY LLP, shall be subject to separate application and order of this Court, pursuant to the process set forth in paragraph 14 of this Order.

5.      3. EY LLP shall be compensated in accordance with and will file interim and final fee applications for allowance of its compensation and expenses and shall be subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines, this Order, and any other applicable orders of this Court.

6.      4. The terms of the Engagement Letters, including without limitation, the compensation provisions, are reasonable terms and conditions of employment and are hereby approved, subject to the modifications set forth herein.

7.      The Engagement Letters shall not be binding upon any Chapter 11 or Chapter 7 trustee appointed in these cases.

8.      5. Consistent with, and subject to, the terms of the Engagement Letters and this Order, EY LLP is hereby authorized to perform the Services provided for in the Engagement Letter.

9.      6. EY LLP is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code as required by section 327(a) of the Bankruptcy Code.

10.      7. EY LLP shall file monthly, interim, and final fee applications for the allowance of compensation for services rendered and reimbursement of expenses incurred in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines, and any other applicable procedures and orders of this Court and consistent with the proposed compensation set forth in the Engagement Letters.

3

11.    8.   EY LLP's fixed fees pursuant to the Engagement Letters (and any supplemental engagement agreements or statements of work subsequently approved in these cases) shall be subject to the standard of review set forth in section 330 of the Bankruptcy Code. EY LLP shall keep reasonably detailed time records in half-hour increments and will submit, with any interim or final fee application, together with the time records, a narrative summary, by project category, of services rendered and will identify each professional rendering services, the category of services rendered, and the total amount of compensation requested by EY LLP.

12.    9.   EY LLP's hourly fees pursuant to the Engagement Letters (and any supplemental engagement agreements or statements of work subsequently approved in these cases) shall be subject to the standard of review set forth in section 330 of the Bankruptcy Code. With respect to the Advisory SOW, EY LLP shall keep reasonably detailed time records in one-tenth (1/10) hour increments and will submit with any fee application, together with the time records, a narrative summary (by project category) of services rendered and will identify each professional rendering services, the category of services rendered, and the total amount of compensation requested by EY LLP.  With respect to the Compliance SOWs, EY LLP will keep summary time records in half-hour increments describing the EY LLP's daily activities and the identity of persons who performed such tasks for Services performed under the Compliance SOWs.

13.    EY LLP will not charge the Debtors' estates for time spent preparing or reviewing any invoices or time records submitted in support of any fee application or monthly fee statement filed in these chapter 11 cases, *provided* that time spent on privilege analysis related to such fee applications or monthly fee statements may be compensable by the Debtors estates.

4

14.    ~~10.~~ To the extent the Debtors and EY LLP enter into any additional engagement letters or statements of work, the Debtors will file such engagement letters or statements of work with the Court and serve such engagement letters or statements of work upon the U.S. Trustee, counsel for the Committee, and any party requesting notice under Bankruptcy Rule 2002.  If any party objects to the additional services to be provided by EY LLP within fourteen days of such new engagement letters or statements of work being filed and served, the Debtors will promptly schedule a hearing before the Court.  All additional services will be subject to the provisions of this Order.  To the extent no related timely objections are filed, such additional engagement letters shall be deemed approved pursuant to this Order.

~~11. The indemnification provisions included in the Engagement Letters are approved, subject to the following:~~

~~(a) EY LLP shall not be entitled to indemnification, contribution, or reimbursement for services other than those described in the Engagement Letters and the Application, unless such services and indemnification therefor are approved by the Court; provided, that to the extent additional engagement letter(s) are filed with the Court and no parties object to such engagement letter(s) in accordance with the procedures described in paragraph 10, such engagement letter(s) shall be deemed approved by the Court;~~

~~(b) The Debtors shall have no obligation to indemnify EY LLP, or provide contribution or reimbursement to EY LLP, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from EY LLP's actual fraud, bad faith, self-dealing, breach of fiduciary duty (if any such duty exists), gross negligence or wilful misconduct; (ii) judicially determined (the determination having become final), to be based on a breach of EY LLP's contractual obligations to the Debtors; or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) immediately above, but determined by this Court, after notice and a hearing, to be a claim or expense for which EY LLP should not receive indemnity, contribution, or reimbursement under the terms of EY's retention by the Debtors pursuant to the terms of the Engagement Letters and Application, as modified by this Order; and~~

5

(c) If, before the earlier of: (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal); and (ii) the entry of an order closing these chapter 11 cases, EY LLP believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Engagement Letters (as modified by this Order) and Application, including without limitation the advancement of defense costs, EY LLP must file an application in this Court, and the Debtors may not pay any such amounts to EY LLP before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by EY LLP for indemnification, contribution, and/or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify EY LLP. All parties in interest shall retain the right to object to any demand by EY LLP for indemnification, contribution, and/or reimbursement.

15.    Notwithstanding anything to the contrary in the Application or Engagement Letters, the indemnification provisions are hereby modified and restated in its entirety as follows:

(i)    All requests for payment pursuant to the Engagement Letters of indemnity, contribution or reimbursement for services other than those described in the Engagement Letters shall be made by means of an application (interim or final as the case may be) and shall be subject to review by the Court to ensure that payment of such indemnity, contribution or reimbursement conforms to the terms of the Engagement Letters (as modified and restated by this Order) and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity, contribution or reimbursement is sought; *provided, however*, in no event shall EY LLP be indemnified to the extent the Court determines by final order that any claim or expense has resulted from the bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence or willful misconduct on the part of EY LLP;

(ii)    In the event that EY LLP seeks reimbursement from the Debtors for attorneys' fees in connection with a request for payment of indemnity, contribution or reimbursement pursuant to the Engagement Letters (as modified and restated by this Order), the invoices and supporting time records from such attorneys shall be included in EY LLP's application (interim or final as the case may be) and such invoices and time records shall be subject to the Fee Guidelines and the approval of the Court under the standards of sections 330 and 331 of the Bankruptcy Code without regard to

6

whether such attorney has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code;

(iii)    EY LLP shall not be entitled to reimbursement by the Debtors for any fees, disbursements and other charges of EY LLP's counsel other than those incurred in connection with a request of EY LLP for payment of indemnity, contribution, retention of EY LLP and preparation of fee applications;

(iv)    In no event shall EY LLP be entitled to indemnification, contribution, or reimbursement of attorneys' fees or expenses to the extent the Court determines by final order that such claim for indemnity arose out of EY LLP's own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct on the part of EY LLP.

16.    ~~12.~~ Prior to any increases in EY LLP's hourly rates pertaining to the Debtors, EY LLP shall file a supplemental declaration with this Court, and provide five business days' notice to the Debtors ~~and,~~ the U.S. Trustee, and any official committee. The supplemental declaration shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtors have consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in Section 330 of the Bankruptcy Code.

17.    Any controversy or claim with respect to, in connection with, arising out of, or in any way related to the Engagement Letters or to the services provided thereunder (including any such matter involving any parent, subsidiary, affiliate, successor in interest or agent of the Debtors or their subsidiaries or of EY LLP) shall be brought in the Bankruptcy Court or the applicable district court (if such district court withdraws the reference), unless the Bankruptcy Court, or the district court upon withdrawal of the reference, does not have or retain jurisdiction over the claim or controversy.

18.    ~~13.~~ Notwithstanding anything to the contrary in the Application or the Engagement Letters, EY LLP shall not be entitled to reimbursement for fees and expenses of their counsel incurred in connection with any objection to their fees.  In the event that, during the pendency of these chapter 11 cases, EY LLP seeks reimbursement for any attorneys' fees or expenses, the invoices and supporting time records from such attorneys shall be included in the respective fee applications, and such invoices and time records shall be in compliance with the Local Rules and subject to any U.S. Trustee Guidelines and Court approval under the standards of sections 330 and 331 of the Bankruptcy Code, without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code; *provided* that EY LLP shall not seek reimbursement from the Debtors' estates for any fees incurred in defending any of their fee applications in these chapter 11 cases.

19.    ~~14.~~ Notwithstanding anything in the Engagement Letters to the contrary, EY ~~LLP~~Israel shall apply any remaining amount of its prepetition ~~retainer or~~ credit balance as a credit toward postpetition fees and expenses after such postpetition fees and expenses are approved pursuant to ~~an~~the first order of the Court awarding fees and expenses to EY LLP.

20.    ~~15.~~ EY LLP will review its files periodically during the pendency of these chapter 11 cases to determine whether any disqualifying conflicts or other circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, EY LLP will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

21.    ~~16.~~ EY LLP shall use its reasonable efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases.

8

22.   ~~17.~~ Notwithstanding anything in this Application or the Engagement Letters to the contrary, (a) to the extent that EY LLP uses the services of independent contractors, subcontractors, or employees of foreign affiliates or subsidiaries (collectively, the "Contractors") in these chapter 11 cases, EY LLP shall pass through the cost of the Contractors to the applicable Debtors at the same rate that they pay the Contractors and (b) seek reimbursement for actual costs only. Contractors from whom EY LLP seeks to pass through fees on an hourly basis to the applicable Debtors shall be subject to the same conflict checks as required for EY LLP, and such Contractors shall file with the Court such disclosures as required by Bankruptcy Rule 2014.

23.   ~~18.~~ To the extent that the express provisions of this Order are inconsistent with the provisions of the Application, the Declarations, or the Engagement Letters, the provisions of this Order shall control.

24.   ~~19.~~ The Debtors and EY LLP are authorized and empowered to take all actions necessary to implement the relief granted in and pursuant to this Order.

25.   ~~20.~~ Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

26.   ~~21.~~ Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

27.   ~~22.~~ The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

28.   ~~23.~~ Notwithstanding any provision to the contrary in the Application or the Engagement Letters, the Court shall retain jurisdiction to hear and to determine all matters

9

arising from or related to implementation, interpretation, or enforcement of this Order and

~~EY's~~EY LLP's retention.


New York, New York
Dated: _____, 2022

                                            **THE HONORABLE MARTIN GLENN**
                                            **CHIEF UNITED STATES BANKRUPTCY JUDGE**