UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF GORNITZKY & CO. AS ISRAELI COUNSEL EFFECTIVE AS OF NOVEMBER 2, 2022

Upon the application (the "**Application**")[2] of the Official Committee of Unsecured Creditors (the "**Committee**") of Celsius Network LLC and its affiliated debtors and debtors in possession (collectively, the "**Debtors**") for entry of an order (this "**Order**") authorizing the employment and retention of Gornitzky & Co. ("**GNY**") effective as of November 2, 2022 as Israeli counsel; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due, sufficient, and proper notice of the Application having been provided under the circumstances and in accordance with the Bankruptcy Rules and the Local Rules, and it appearing that no other or further notice need be provided; and a hearing having been held, if necessary, to consider the relief requested in the Application (the "**Hearing**"); and upon consideration of the Declarations attached to the Application, and the record of the Hearing, if any, and all of the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

proceedings had before the Court; and the Court having found and determined that GNY does not represent or hold any interest adverse under section 1103 of the Bankruptcy Code, and is (to the extent applicable) a "disinterested person" as that term is defined under section 101(14) of the Bankruptcy Code, that the relief sought in the Application is necessary and in the best interests of the Committee, the Debtors, their estates, their creditors, and all parties in interest, and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Application is granted to the extent provided herein.

2. The Committee is authorized pursuant to sections 328 and 1103 of the Bankruptcy Code to employ and retain GNY as its Israeli counsel in these chapter 11 cases, effective as of November 2, 2022, in accordance with the terms and conditions, and to provide the services, set forth in the Engagement Letter.

3. In connection with the chapter 11 cases, GNY shall be compensated and reimbursed for expenses in accordance with, and will file, applications for allowance of its compensation and expenses and shall be subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any applicable orders of the Court, and pursuant to any additional procedures this Court deems appropriate.

4. GNY shall make a reasonable effort to comply with U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* effective as of November 1, 2013.

5. GNY shall use its best efforts to avoid any duplication of services provided by any

AMERICAS 118425192

of the Committee's other retained professionals in these chapter 11 cases.

6. Prior to any increases in GNY's hourly rates for providing services in these chapter 11 cases, GNY shall file and serve a supplemental declaration at least fourteen days before such rate increases take effect. The supplemental declaration shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether the Committee has consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code.

7. Notwithstanding any provision to the contrary in the Engagement Letter, any dispute relating to the services provided by GNY shall be referred to arbitration consistent with the terms of the Engagement Letter only to the extent that this Court does not have, retain or exercise jurisdiction over the dispute, and 28 U.S.C. § 1334(e)(2) shall govern the forum for resolving fee disputes.

8. Notwithstanding anything to the contrary in the Engagement Letter, GNY shall not withdraw as Committee's counsel prior to the effective date of any chapter 11 plan confirmed in these chapter 11 cases without prior approval of the Court in accordance with Local Bankruptcy Rule 2090-1(e).

9. Notwithstanding anything to the contrary in the Engagement Letter, any applications filed by GNY for allowance of its compensation and expenses will be denominated in United States dollars and any payments made to GNY as Israeli counsel to the Committee in these chapter 11 cases will be in United States dollars.

10. Notice of the Application as provided therein shall be deemed good and sufficient notice of the Application.

11.    The Committee and the Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

12.    The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13.    To the extent that the Application, the Declarations attached thereto, or the Engagement Letter are inconsistent with this Order, the terms of this Order shall govern.

14.    This Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**IT IS SO ORDERED.**

Dated:  December 20, 2022
         New York, New York

                                    **/s/ Martin Glenn**
                                    MARTIN GLENN
                          Chief United States Bankruptcy Judge