**Hearing Date: January 24, 2022, at 10:00 a.m. EST**
**Objection Deadline: January 17, 2022, at 4:00 p.m. EST**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered.) |
| | ) | |

# NOTICE OF HEARING FOR DANIEL A. FRISHBERG'S MOTION FOR RECONSIDERATION OF GK8 SALE AND OTHER REQUESTED RELIEF

**PLEASE TAKE NOTICE** that a hearing on *Daniel A. Frishberg's Motion For Reconsideration Of The GK8 Sale and Other Requested Relief* (the "Motion"), will be held on January 24th, 2023, at 10:00 a.m., prevailing Eastern Time (the "Hearing") before the Honorable Martin Glenn, Chief United States Bankruptcy Judge.

**PLEASE TAKE FURTHER NOTICE** that in accordance with General Order M-543 dated March 20, 2020, the Hearing will be conducted remotely using Zoom for Government. Parties wishing to appear at the Hearing, whether making a "live" or "listen only" appearance before the Court, need to make an electronic appearance through the Court's website at

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl. Electronic appearances (eCourtAppearances) need to be made by 4:00 p.m. (prevailing Eastern Time), the business day before the hearing (i.e., on January 23rd, 2023.)

**PLEASE TAKE FURTHER NOTICE** that due to the large number of expected participants in the Hearing and the Court's security requirements for participating in a Zoom for Government audio and video hearing, all persons seeking to attend the Hearing at 10:00 a.m., prevailing Eastern Time on January 24th, 2023, must connect to the Hearing beginning at 9:00 a.m., prevailing Eastern Time on January 24th, 2023. When parties sign in to Zoom for Government and add their names, they must type in the first and last name that will be used to identify them at the Hearing. Parties that type in only their first name, a nickname, or initials will not be admitted into the Hearing. When seeking to connect for either audio or video participation in a Zoom for Government Hearing, you will first enter a "Waiting Room" in the order in which you seek to connect. Court personnel will admit each person to the Hearing from the Waiting Room after confirming the person's name (and telephone number, if a telephone is used to connect) with their eCourtAppearance. Because of the large number of expected participants, you may experience a delay in the Waiting Room before you are admitted to the Hearing.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion and other pleadings filed in these chapter 11 cases may be obtained free of charge by visiting the website of Stretto at https://cases.stretto.com/celsius. You may also obtain copies of the Motion and other pleadings filed in these chapter 11 cases by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,² | ) ) ) | Case No. 22-10964 (MG) |
| Debtors. | ) ) | (Jointly Administered.) |

# DANIEL A. FRISHBERGS' MOTION FOR RECONSIDERATION OF GK8 SALE AND OTHER REQUESTED RELIEF

Daniel A. Frishberg ("Mr. Frishberg", "I", and "me"), hereby file this motion (the "Motion") for reconsideration of the GK8 sale. Mr. Frishberg respectfully states in support of his Motion as follows:

## INTERPRETATION OF THIS MOTION

As I am a *Pro Se* filer, and I do not understand the law as well as a lawyer would, I ask that you do as The Supreme Court Of The United States³ said: "a *pro se* complaint, 'however inartful pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers' and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the

---

² The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

³ To be referred to as "SCOTUS" from henceforth.

plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' Id., at 520 521, quoting *Conley v. Gibson*, 355 U.S. 41,45 46 (1957)." Rule 8 provides that "'pleadings shall be so construed as to do substantial justice." As SCOTUS stated: "We frequently have stated that *pro se* pleadings are to be given a liberal construction. *Baldwin County Welcome Center v. Brown.*'" SCOTUS also noted that *pro se* plaintiffs should be afforded "special solicitude." *Rabin v. Dep't of State*. Your Honor has the ability "liberally" construe my requests. I ask that if anything is in the wrong format, or cites the wrong federal code, etc, that Your Honor allows me to fix it, instead of dismissing this motion. As SCOTUS said: "The district judge should have explain[ed] the correct form to the *pro se* plaintiff so that Owens could have amended his pleadings accordingly. Instead of simply dismissing the complaints for naming federal agencies as the defendants, it would have been appropriate for the district judge to explain the correct form to the *pro se* plaintiff so that Platsky could have amended his pleadings accordingly see *Henry Platsky, Plaintiff-appellant, v. Central Intelligence Agency*.

# GOALS

The goals of this Motion is for the court to rule on the following items:

1. **What are all of the insurance policies that Celsius Networks LLC, and its subsidiaries/entities it controls (like GK8), including all international entities?**

2. **What is the value of the policies that are held, and who underwrote them.**

3. **Did Celsius make misrepresentations about the insurance policies and what they covered?**

4. **Do the creditors/Celsius customers have claims against the insurance, including against or through GK8?**

5. **Is the appointment of an expert insurance examiner needed?**

6. **Did the Debtors and/or Galaxy Digital conceal information from the court and/or creditors?**

# INTRODUCTION

New evidence has emerged related to the sale of GK8, as described in the *Declaration of Dr. Jonathan Levy*[4], (the "Declaration"), when I obtained it[5] on December 23, 2023. I attempted to object to the sale on December 12th, understanding that the December 8 hearing had already concluded, with some of this information, but not all of it. However, this Declaration raises a number of new issues, including the existence of *additional* insurance that I didn't know about on the 12th.

**According to the Declaration the Debtors seem to have hidden assets (a total of $1.55 billion worth of insurance) from both this Court, and its creditors.**

The Declaration also states that the buyers of GK8 (Galaxy Digital) have known about the existence of the insurance for some time now, at least since December 15. I believe that the sale of GK8 to Galaxy Digital **cannot** meet the "good faith" clause of Section 363(m) of the Bankruptcy Code until these insurance policies are examined and disclosed, and as such, the sale should not be allowed to proceed until these issues are resolved..

# ARGUMENT

1. **Good Faith**

---

[4] As seen in Docket No. 1784, Exhibit A.
[5] I obtained a slightly different version on December 20th, 2022.

There are a number of things that *appear* to have happened. It *appears* that the Debtors have hidden substantial assets. An insurance policy from AON is not stated in any court records that I could find (and the amount of the insurance is not mentioned also). The Debtors and AON (a subsidiary of theirs, AON Risk Services Northeast, INC) do have a nondisclosure agreement listed in Docket No. 7, but the policy itself is not disclosed anywhere that I can find it.

It *appears* that the sale of GK8 to Galaxy Digital without disclosure of insurance policies that GK8 holds **fails to satisfy the criteria for a good faith purchase under 11 USC § 363(m)**. Galaxy Digital was informed of the insurance policies by December 15th, 2022 (at a minimum) and the sale is still not yet finalized. The insurance policies must not be sold, and must stay in the estate, until more is known.

The Debtors failed to inform the court, or creditors, of the existence, and of the value of the insurance policies that they are attempting to sell along with GK8. Galaxy Digital has also known (as of **at least** December 15th, 2022) about the existence of the insurance (and may have known earlier that it existed from their due diligence, but this material information was not disclosed to the court or creditors.

Galaxy Digital has done nothing since finding out about the existence of the policies to inform the court, clarify the terms of the sale (and whether it would extinguish insurance claims that could be extremely valuable to customers), or otherwise clarify the details of the insurance and what claims may be covered. The sale(as far as I know) is not yet consummated, as it works its way through the Israeli courts. This raises questions around whether proper disclosures are

being made as the sale is finalized, and whether Galaxy is moving the sales process forward as a good faith purchaser under 11 USC § 363(m).

2. **Bankruptcy Fraud**

If things are as they appear, then the Debtors, their counsel, and any other parties (such as Galaxy Digital) privy to this plan, may have committed bankruptcy fraud by concealing information (and assets) from both the court and from creditors.

In *United States v. Hughes*, 401 F.3d 540 (4th Cir. 2005), the appeals court found that bankruptcy fraud included understating the Debtors assets (it also included some irrelevant sentencing critiques). In *United States v. Levine*, 970 F.2d 681 (10th Cir. 1992), the Debtors hid assets, and it was ruled to be bankruptcy fraud.

**To be clear**, I am **not** saying that the Debtors, or any associated parties committed bankruptcy fraud, but I am saying that it looks very bad. They *seem* to have hidden information from both the court, and creditors. If things are the way they appear to be, it would be grounds to appoint a Chapter 11 Trustee, and it would only add to the mountain of conditions that have been met to appoint a Chapter 11 Trustee.

3. **Precedent**

Under Rule 60(b) (emphasis added):, a district court "may relieve a party" from the effects of a "final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) **newly discovered evidence** which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3)

**fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party**; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . . ; or (6) any other reason justifying relief from the operation of the judgment." FED. R. CIV. P. 60(b). "The burden of establishing at least one of these 'exacting substantive requirements' is on the movant," and a determination of whether that showing has been made is within the district court's discretion. *Resolution Trust Corp. v. Holmes*, 846 F. Supp. 1310, 1314 (S. D. Tex. 1994) (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173-75 (5th Cir. 1990), cert. denied, 510 U.S. 859 (1993)).

## CONCLUSION

For all of the above reasons, this Motion should be **GRANTED**.

## REQUEST FOR RELIEF

I request that Your Honor orders the following:

1. That any sale of GK8 (or any other entities) does not include the sale of the ~$1,550,000,000 in insurance policies (or whatever the total is, which may be unknown due to the lack of disclosure from the Debtors), and those claims stay with the estate, unless ordered otherwise by this court, after a full judicial process.
2. That the Debtors, UCC and Galaxy Digital sign declarations clarifying what actually happened with the insurance, and whether and when they were aware of it.
3. That the US Trustee's office, and/or the Department of Justice investigates the Debtors' actions to see if bankruptcy fraud occurred.

4. That the claims that the estate holds (in the form of the insurance policies, as well as claims for any potential misconduct/breach of fiduciary duty by any and all individuals/companies, including professionals) be appraised.

5. And that the court orders, (to quote Dr. Levy): "I recommend that an expert insurance examiner should be retained to verify the existence of the policies mentioned herein, examine them and to determine whether wrongful conduct of some sort has occurred by GK8, Celsius Network and third parties which resulted in concealment of material facts from creditors and deceived the public between June 5, 2022 and July 8, 2022 when Celsius Network held out to its investors and potential investors including the creditors the existence of $750 million in asset insurance. The sale of GK8 should not be consummated until these issues are resolved to the Court's satisfaction". Or alternatively, that the court orders the Examiner's scope to be expanded to include these insurance claims, and for the Examiner to submit a supplemental report before any sale of insurance claims takes place.

6. The court rules that creditors have claims against GK8, and all associated entities.

7. Any other actions and/or relief that this court sees fit to grant.

Respectfully Signed,

Daniel Frishberg, *Pro Se*

12/27/2022,

Broward County, Florida, USA,

*/s/Daniel A, Frishberg*

**Affidavit Of Service**

I, Daniel A. Frishberg, hereby certify that I served the above Motion to the relevant parties on the master list (including Galaxy Digital) via email. I also certify that I served my letter on this matter (Docket No. 1784) to the relevant parties on the master list (including Galaxy Digital) via email.

Respectfully Signed,

Daniel Frishberg, *Pro Se*

12/27/2022,

Broward County, Florida, USA,

*/s/Daniel A, Frishberg*


https://cases.stretto.com/public/x191/11749/PLEADINGS/1174912232280000000086.pdf

(Docket No. 1784)