Hearing Date:  **January 10, 2023 at 11:00 a.m. (prevailing Eastern Time)**
Objection Deadline:  **January 6, 2023 at 4:00 p.m. (prevailing Eastern Time)**

Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200

*Counsel to the Initial Debtors and Debtors in Possession*

*Proposed Counsel to the GK8 Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF HEARING ON DEBTORS' MOTION SEEKING ENTRY OF AN ORDER (I) EXTENDING THE BAR DATES FOR SUBMITTING PROOFS OF CLAIM, (II) APPROVING NOTICE THEREOF, AND (III) GRANTING RELATED RELIEF**

        **PLEASE TAKE NOTICE** that a hearing on the *Debtors' Motion Seeking Entry of an Order (I) Extending the Bar Dates for Submitting Proofs of Claim, (II) Approving Notice Thereof, and (III) Granting Related Relief* (the "Motion") will be held on **January 10, 2023, at 11:00 a.m., prevailing Eastern Time** (the "Hearing") before the Honorable Martin Glenn, Chief United States

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

Bankruptcy Judge.  In accordance with General Order M-543 dated March 20, 2020, the Hearing

will be conducted remotely using Zoom for Government.  Parties wishing to appear at the Hearing,

whether making a "live" or "listen only" appearance before the Court, need to make an electronic

appearance    (an "eCourtAppearance")    through    the    Court's    website    at

https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl.    Electronic    appearances

(eCourtAppearances) need to be made by **4:00 p.m., prevailing Eastern Time, the business day

before the Hearing (i.e., on January 9, 2023)**.

     **PLEASE TAKE FURTHER NOTICE** that due to the large number of expected

participants in the Hearing and the Court's security requirements for participating in a Zoom for

Government audio and video hearing, all persons seeking to attend the Hearing at 11:00 a.m.,

prevailing Eastern Time on January 10, 2023 must connect to the Hearing beginning at 10:00 a.m.,

prevailing Eastern Time on January 10, 2023.  When parties sign in to Zoom for Government and

add their names, they must type in the first and last name that will be used to identify them at the

Hearing.  Parties that type in only their first name, a nickname, or initials will not be admitted into

the Hearing.  When seeking to connect for either audio or video participation in a Zoom for

Government Hearing, you will first enter a "Waiting Room" in the order in which you seek to

connect.  Court personnel will admit each person to the Hearing from the Waiting Room after

confirming the person's name (and telephone number, if a telephone is used to connect) with their

eCourtAppearance.  Because of the large number of expected participants, you may experience a

delay in the Waiting Room before you are admitted to the Hearing.

     **PLEASE TAKE FURTHER NOTICE** that any responses or objections to the relief

requested in the Motion shall:  (a) be in writing; (b) conform to the Federal Rules of Bankruptcy

Procedure, the Local Bankruptcy Rules for the Southern District of New York, and all General

Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York; (c) be filed electronically with the Court on the docket of *In re Celsius Network LLC*, No. 22-10964 (MG) by registered users of the Court's electronic filing system and in accordance with all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York (which are available on the Court's website at http://www.nysb.uscourts.gov); and (d) be served in accordance with the *Amended Final Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief,* [Docket No. 1181] (the "Case Management Order") by **January 6, 2023, at 4:00 p.m., prevailing Eastern Time**, to (i) the entities on the Master Service List (as defined in the Case Management Order and available on the case website of the Debtors at https://cases.stretto.com/celsius) and (ii) any person or entity with a particularized interest in the subject matter of the Motion.

        **PLEASE TAKE FURTHER NOTICE** that only those responses or objections that are timely filed, served, and received will be considered at the Hearing.  Failure to file a timely objection may result in entry of a final order granting the Motion as requested by the Debtors.

        **PLEASE TAKE FURTHER NOTICE** that copies of the Motion and other pleadings filed in these chapter 11 cases may be obtained free of charge by visiting the website of Stretto at https://cases.stretto.com/celsius.  You may also obtain copies of the Motion and other pleadings filed in these chapter 11 cases by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

New York, New York
Dated: December 30, 2022

*/s/ Joshua A. Sussberg*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:        (212) 446-4800
Facsimile:        (212) 446-4900
Email:            jsussberg@kirkland.com

- and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:        (312) 862-2000
Facsimile:        (312) 862-2200
Email:            patrick.nash@kirkland.com
                  ross.kwasteniet@kirkland.com
                  chris.koenig@kirkland.com
                  dan.latona@kirkland.com

*Counsel to the Initial Debtors and Debtors in Possession*

*Proposed Counsel to the GK8 Debtors and Debtors in Possession*

**Hearing Date: January 10, 2023 at 11:00 a.m. (prevailing Eastern Time)**
**Objection Deadline: January 6, 2023 at 4:00 p.m. (prevailing Eastern Time)**

Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Counsel to the Debtors and Debtors in Possession*

*Proposed Counsel to the GK8 Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## DEBTORS' MOTION SEEKING ENTRY OF AN ORDER (I) EXTENDING THE BAR DATES FOR SUBMITTING PROOFS OF CLAIM, (II) APPROVING NOTICE THEREOF, AND (III) GRANTING RELATED RELIEF

The above-captioned debtors and debtors in possession (collectively, the "Debtors")

respectfully state the following in support of this motion (this "Motion"): [2]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the *Order (I) Setting Bar Dates for Submitting Proofs of Claim, (II) Approving Procedures for Submitting Proofs of Claim, (III) Approving Notice Thereof, and (IV) Granting Related Relief* [Docket No. 1368].

### Relief Requested

1.      The Debtors seek entry of an order, substantially in the form attached hereto as

**Exhibit A** (the "Order"):  (a) extending the Bar Dates (as defined herein) to February 9, 2023 with

respect to the Initial Debtors (as defined herein), (b) approving the form and manner of service of

the notice of the Extended Claims Bar Dates, including notice from the Notice and Claims Agent

(as defined herein) via the Debtors' mobile application, attached hereto as **Exhibit B**, with a link

to the Notice of Extended Claims Bar Dates posted on the Notice and Claims Agent's website,

attached hereto as **Exhibit C**, and (c) granting related relief.

### Jurisdiction and Venue

2.      The United States Bankruptcy Court for the Southern District of New York

(the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the

*Amended Standing Order of Reference* from the United States District Court for the Southern

District of New York, entered February 1, 2012.  The Debtors confirm their consent to the Court

entering a final order in connection with this Motion to the extent that it is later determined that

the Court, absent consent of the parties, cannot enter final orders or judgments in connection

herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are section 105 of title 11 of the United

States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rules 3003(c)(3) and 9006(b)(1)

of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the *Procedural*

*Guidelines for Filing Requests for Orders to Set the Last Date for Filing Proofs of Claim* of the

United States Bankruptcy Court for the Southern District of New York (the "Guidelines").

**Background**

5.      The Debtors, together with their non-Debtor affiliates (collectively, "Celsius"), are one of the largest and most sophisticated cryptocurrency-based finance platforms in the world and provide financial services to institutional, corporate, and retail clients across more than 100 countries.  Celsius was created in 2017 to be one of the first cryptocurrency platforms to which users could transfer their crypto assets and (a) earn rewards on crypto assets and/or (b) take loans using those transferred crypto assets as collateral.  Headquartered in Hoboken, New Jersey, Celsius has more than 1.7 million registered users and approximately 300,000 active users with account balances greater than $100.

6.      On July 13, 2022 (the "Petition Date"), each of the Initial Debtors[3] filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. A detailed description of the facts and circumstances of these chapter 11 cases is set forth in the *Declaration of Robert Campagna, Managing Director of Alvarez & Marsal North America, LLC, in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 22]. The Initial Debtors commenced these chapter 11 cases to provide Celsius an opportunity to stabilize its business and consummate a comprehensive restructuring transaction that maximizes value for stakeholders.

7.      On December 7, 2022, each of the GK8 Debtors[4] filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. A detailed description of the facts and circumstances of the chapter 11 cases of the GK8 Debtors is set forth in the *Declaration of Christopher Ferraro,*

---

[3]   The "Initial Debtors" include, collectively:  Celsius Network LLC, Celsius KeyFi LLC, Celsius Lending LLC, Celsius Mining LLC, Celsius Network Inc., Celsius Network Limited, Celsius Networks Lending LLC, and Celsius US Holding LLC.

[4]   The "GK8 Debtors" include, collectively: GK8 Ltd., GK8 UK Limited, and GK8 USA LLC.

*Director and Chief Financial Officer of the GK8 Ltd., in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 1629].

8.      The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  These chapter 11 cases have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket Nos. 53, 1648].  On July 27, 2022, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed an official committee of unsecured creditors for the Initial Debtors [Docket No. 241] (the "Committee").  On September 29, 2022, the Court entered an order appointing an examiner for the Initial Debtors [Docket No. 923].

## The Existing Bar Dates

9.      On November 16, 2022, the Court entered the *Order (I) Setting Bar Dates for Submitting Proofs of Claim, (II) Approving Procedures for Submitting Proofs of Claim, (III) Approving Notice Thereof, and (IV) Granting Related Relief* [Docket No. 1368] (the "Bar Date Order"), which, among other things, established:  (a) 5:00 p.m. prevailing Eastern Time on January 3, 2023 (the "General Claims Bar Date"), as the deadline for all persons and entities that assert a "claim" (as defined in section 101(5) of the Bankruptcy Code) against the Initial Debtors that arose before the Petition Date (each, a "Claim"), including any claim pursuant to section 503(b)(9) of the Bankruptcy Code, to submit a written proof of such Claim so that it is actually received by Stretto, Inc. (the "Notice and Claims Agent"); and (b) 5:00 p.m. prevailing Eastern Time on January 10, 2023 (the "Governmental Bar Date" and, together with the General Claims Bar Date, the "Bar Dates"), as the deadline for all governmental units that assert a Claim against the Initial Debtors that arose before the Petition Date to submit a written proof of such Claim so that it is actually received by the Notice and Claims Agent.  Notice of the Bar Date Order

4

was provided in accordance with the procedures outlined therein.  The Debtors believe that the existing Bar Dates were properly approved and noticed pursuant to the Bankruptcy Code, Bankruptcy Rules, and Court orders.  Nevertheless, in consultation with the Committee and certain governmental units, the Debtors agreed to extend the Bar Dates as set forth herein.

10.    Except as specifically provided herein, the relief granted in the Bar Date Order is unchanged, and, ***at this time, to the extent an account holder agrees with the amount of his or her claim set forth in the Schedules, there is no need to file an additional Proof of Claim to ensure that such Claim is asserted against each Initial Debtor entity.***  For the avoidance of doubt, nothing contained herein is intended as, or should be construed as, an admission or stipulation of the validity of any claim against any Debtor, any assertion made therein or herein, or a waiver of any Debtor's rights to dispute any claim or assert any cause of action or defense against any party.

## The Extended Bar Dates

11.    Except as otherwise set forth herein, the Debtors seek to establish **5:00 p.m., prevailing Eastern Time, on February 9, 2023** (the "Extended Claims Bar Dates") as the deadline by which all persons and entities, including governmental units, must submit Proofs of Claim against the Initial Debtors.  This date is thirty-seven days after the original General Claims Bar Date of January 3, 2023, thirty days after the original Governmental Bar Date of January 10, 2023, and twenty-nine days after January 11, 2023, the date of service of the Notice of Extended Claims Bar Dates as set forth herein and therefore complies with the Guidelines, which permit a reduced notice period (as short as twenty-one days after mailing) upon a showing of cause in accordance with Bankruptcy Rules 2002(a)(7) and 9006(c)(2).

12.    For the avoidance of any doubt, the Debtors do not seek to impose the Extended Claims Bar Dates on claims against the GK8 Debtors.  Rather, as detailed in the *Debtors' Motion for Entry of an Order (I) Applying Certain Orders in the Initial Debtors' Chapter 11 Cases to GK8*

*Ltd., GK8 USA LLC, and GK8 UK Limited and (II) Granting Related Relief* [Docket No. 1626], the GK8 Debtors will establish supplemental bar dates, pursuant to the Bar Date Order, without further order of the Court, when the GK8 Debtors file their schedules of assets and liabilities to provide adequate notice and opportunity to submit a proof of claim to parties holding claims affected thereby.

### Notice of the Extended Claims Bar Dates

13.      Consistent with the procedures described in the Bar Date Order, in accordance with the Guidelines, and with the assistance of their Notice and Claims Agent, the Debtors will provide each retail account holder (each, a "Retail Account Holder") with a notification via the Debtors' mobile application, attached hereto as **Exhibit B**, with a link to the Notice of Extended Claims Bar Dates, attached hereto as **Exhibit C**, which will be filed on the docket and posted to the Debtors' Notice and Claims Agent's website.

### Basis for Relief

**I.     Extending the Bar Dates is Warranted.**

14.      Bankruptcy Rule 3003(c)(3) governs the submission of Proofs of Claim in a chapter 11 case and provides, in relevant part, that "[t]he court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed." *See also In re Sasson Jeans, Inc.*, 96 B.R. 457, 459 (Bankr. S.D.N.Y. 1989) (citing *In re South Atl. Fin. Corp.*, 767 F.2d 814, 917 (11th Cir. 1985) (explaining that "for cause" is the standard for when a party moves for an extension prior to the expiration of the bar date)).  Moreover, section 105 of the Bankruptcy Code grants courts broad authority and discretion to take actions and implement procedures necessary to administer a bankruptcy case.  *In re Pincus*, 280 B.R. 303, 311 (Bankr. S.D.N.Y. 2002) (stating that section 105(a) of the Bankruptcy Code provides "the basis for a bankruptcy court's broad exercise of power in administering a bankruptcy case"); *In re Oi Brasil Holdings Cooperatief U.A.*,

6

578 B.R. 169, 201 (Bankr. S.D.N.Y. 2017) (stating that section 105(a) of the Bankruptcy Code provides courts with "discretion to accommodate the unique facts of a case consistent with the policies or directives set by the other applicable substantive provisions of the Bankruptcy Code.").

15.    The Bankruptcy Code vests courts with broad discretion to decide whether to enlarge time periods, and courts "should be liberal in granting extensions of time sought before the period to act has elapsed, so long as the moving party has not been guilty of negligence or bad faith and the privilege of extension has not been abused." 10 Collier on Bankruptcy ¶ 9006.06; *see also Bryant v. Smith*, 165 B.R. 176, 182 (W.D. Va. 1994) ("'Cause shown' is a liberal standard investing the bankruptcy judge with considerable flexibility."). As such, the Southern District of New York has previously granted similar relief. *See, e.g.*, *Order (I) Extending the General Bar Date for A Limited Period and (II) Approving the Form and Manner of Notice Thereof*, *In re Purdue Pharma L.P.*, No. 19-23649 (Bankr. S.D.N.Y. June 3, 2020) [Purdue Pharma Docket No. 1221] (extending the general bar date by thirty days).

## II.    The Extended Claims Bar Dates Will Benefit Retail Account Holders.

16.    The Debtors are actively pursuing a dual-track sales process and standalone reorganization. The Court is currently considering whether the assets in the Earn Program are property of the Debtors' estates. The Examiner is expected to file her final report on January 17, 2023. By the date of the Extended Claims Bar Dates, each of these events will have occurred (or will be imminently occurring. Depending on the outcomes of these important events, many Retail Account Holders' claims may be impacted. Extending the General Claims Bar Date allows Retail Account Holders to account for these developments before submitting their proofs of claims. Given the sheer number of potential claimants in these chapter 11 cases, it is important that the Debtors receive accurate information and limit the need for amended Proofs of Claim to be filed. Extending the General Claims Bar Date facilitates a cost-effective, efficient claims process for

Retail Account Holders and helps conserve estate resources to the benefit of the Debtors'
unsecured creditors.

## **Reservation of Rights**

17.    Nothing contained in this Motion or any actions taken pursuant to any order
granting the relief requested by this Motion is intended or should be construed as (a) an admission
as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' or the
Committee's rights to dispute any particular claim on any grounds; (c) a promise or requirement
to pay any particular claim; (d) an implication or admission that any particular claim is of a type
specified or defined in this Motion or any order granting the relief requested by this Motion; (e) a
request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the
Bankruptcy Code; (f) a waiver or limitation of the Debtors' or any party in interest's rights under
the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens
(contractual, common law, statutory, or otherwise) satisfied pursuant to this Motion are valid, and
the Debtors and the Committee expressly reserve their rights to contest the extent, validity, or
perfection or seek avoidance of all such liens.  If the Court grants the relief sought herein, any
payment made pursuant to the Court's order is not intended and should not be construed as an
admission as to the validity of any particular claim or a waiver of the Debtors' rights to
subsequently dispute such claim.

## **Motion Practice**

18.    This Motion includes citations to the applicable rules and statutory authorities upon
which the relief requested herein is predicated and a discussion of their application to this Motion.
Accordingly, the Debtors submit that this Motion satisfies Local Rule 9013-1(a).

## **Notice**

19.    The Debtors will provide notice of this Motion to the following parties or their

respective counsel:  (a) the U.S. Trustee; (b) counsel to the Committee; (c) the United States

Attorney's Office for the Southern District of New York; (d) the Internal Revenue Service; (e) the

offices of the attorneys general in the states in which the Debtors operate; (f) the Securities and

Exchange Commission; and (g) any party that has requested notice pursuant to Bankruptcy Rule

2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further

notice need be given.

## **No Prior Request**

20.    No prior request for the relief sought in this Motion has been made to this or any

other court.


*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors request that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

New York, New York
Dated: December 30, 2022

/s/ Joshua A. Sussberg

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:       (212) 446-4800
Facsimile:       (212) 446-4900
Email:            jsussberg@kirkland.com

 - and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:       (312) 862-2000
Facsimile:       (312) 862-2200
Email:            patrick.nash@kirkland.com
                  ross.kwasteniet@kirkland.com
                  chris.koenig@kirkland.com
                  dan.latona@kirkland.com

*Counsel to the Debtors and Debtors in Possession*

*Proposed Counsel to the GK8 Debtors and Debtors in Possession*

**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## ORDER (I) EXTENDING THE BAR DATES FOR SUBMITTING PROOFS OF CLAIM, (II) APPROVING NOTICE THEREOF, AND (III) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") seeking entry of an order (this "Extended Bar Date Order"), (a) extending the Bar Dates to February 9, 2023 with respect to the Initial Debtors, (b) approving the form and manner of service of the notice of the Extended Claims Bar Dates, including the notice from the Notice and Claims Agent via the Debtors' mobile application, attached to the Motion as Exhibit B, with a link to the Notice of Extended Claims Bar Dates, attached to the Motion as Exhibit C, and (c) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

having found that this is a core proceeding pursuant to 28 U.S.C.§ 157(b); and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing thereon were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.     The Motion is granted as set forth herein.

2.     The General Claims Bar Date is hereby extended and, notwithstanding anything to the contrary in the Motion or this Extended Bar Date Order, all persons and entities including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts, that assert a claim (as defined in section 101(5) of the Bankruptcy Code) against the Initial Debtors that arose before the Petition Date, including claims pursuant to section 503(b)(9) of the Bankruptcy Code (each, a "503(b)(9) Claim"), shall submit a written proof of such Claim so that it is actually received by Stretto, Inc. (the "Notice and Claims Agent") on or before **5:00 p.m. prevailing Eastern Time on February 9, 2023** (the "Extended Claims Bar Dates"), in accordance with this Extended Bar Date Order.

3.     The Governmental Bar Date is hereby extended and, notwithstanding anything to the contrary in the Motion or this Extended Bar Date Order, Proofs of Claim submitted by governmental units must be submitted so as to be actually received by the Notice and Claims Agent before the Extended Claims Bar Dates, in accordance with this Extended Bar Date Order.

2

4.      In accordance with Bankruptcy Rule 3003(c)(2) and the Guidelines, any holder of a Claim that is not excepted from the requirements of the Extended Bar Date Order or the Bar Date Order, as applicable, and fails to timely submit a Proof of Claim in the appropriate form shall be forever barred, estopped, and enjoined from (a) asserting such Claim against the Initial Debtors and their chapter 11 estates, (b) voting on any chapter 11 plan filed in this case on account of such Claim, and (c) participating in any distribution in these chapter 11 cases on account of such Claim.

5.      For the avoidance of any doubt, the Extended Claim Bar Date does not apply to claims against the GK8 Debtors.

6.      For the avoidance of any doubt, as detailed in the original Bar Date Order, persons or entities need ***not*** submit a Proof of Claim on behalf of a Claim in these chapter 11 cases on or prior to the applicable bar date if the Claim falls into one of the following categories:

a.   any Claim that has already been asserted in a Proof of Claim against the Debtors with the clerk of the Bankruptcy Court for the Southern District of New York in a form substantially similar to Official Bankruptcy Form No. 410 (unless such person or entity wishes to assert the Claim against a Debtor not identified in the prior Proof of Claim, in which case an additional Proof of Claim must be filed);

b.   any Claim that is listed on the Schedules filed by the Debtors, provided that (i) the Claim is not scheduled as "disputed," "contingent," or "unliquidated"; (ii) the claimant does not disagree with the amount, nature, and priority of the Claim as set forth in the Schedules; and (iii) the claimant does not dispute that the Claim is an obligation only of the specific Debtor against which the Claim is listed in the Schedules;

c.   any Claim that has previously been allowed by order of this Court;

d.   any Claim that has already been paid in full by any of the Debtors;

e.   any Claim for which a different deadline has previously been fixed by this Court;

f.   any Claim held by a Debtor against another Debtor or any of the non-Debtor subsidiaries (whether direct or indirect) of Celsius Network, Inc.;

g.  any Claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course, provided that any person or entity asserting a Claim entitled to administrative expense status under section 503(b)(9) of the Bankruptcy Code must assert such Claim by filing a request for payment or a Proof of Claim on or prior to the Extended Claims Bar Dates;

h.  any Claim based on an equity interest in the Debtors;

i.  any Claim held by a current employee of the Debtors if an order of the Court authorizes the Debtors to honor such Claim in the ordinary course of business as a wage, commission, or benefit; any current or former employee must submit a Proof of Claim by the Extended Claims Bar Dates for all other Claims arising before the Petition Date, including Claims for wrongful termination, discrimination, harassment, hostile work environment, and retaliation;

j.  any Claim held by a current officer or director for indemnification, contribution, or reimbursement;

k.  any Claim for fees and expenses of professionals retained in these chapter 11 cases, including those retained pursuant to the Order Authorizing the Retention and Compensation of Professionals Utilized in the Ordinary Course of Business [Docket No. 519]; and

l.  any Claim held by any person or entity solely against a non Debtor entity.

7.    Nothing in this Extended Bar Date Order shall prejudice the right of the Debtors or any other party in interest to dispute or assert offsets or defenses to any Claim reflected in the Schedules.

8.    The Notice and Claims Agent shall provide notice to Retail Account Holders via the Debtors' mobile application with the relevant notice of the Extended Claims Bar Dates, substantially in the form annexed as Exhibit B and Exhibit C to the Motion, and such notices are hereby approved.

9.    Except for the relief granted in this Extended Bar Date Order that specifically supersedes the original Bar Date Order, the Bar Date Order remains fully valid and enforceable.

10.    The notice substantially in the form annexed as Exhibit C to the Motion is approved and shall be deemed adequate and sufficient notice.

4

11.     Any person or entity who relies on the Schedules will have the responsibility for determining that such person's or entity's Claim is accurately listed in the Schedules.

12.     Notwithstanding anything to the contrary in the Motion, this Extended Bar Date Order, or any findings announced at the Hearing, nothing in the Motion, this Extended Bar Date Order, or announced at the Hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis are expressly reserved.

13.     Notwithstanding the relief granted in this Extended Bar Date Order and any actions taken pursuant to such relief, nothing in this Extended Bar Date Order shall be deemed: (a) an admission as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' or the official committee of unsecured creditors' (the "Committee") rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Extended Bar Date Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' or any party in interest's rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors and the Committee expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens.  Any payment made pursuant to this Order is not intended and should not be construed as an admission as the validity of any particular claim or a waiver of the Debtors' or the Committee's rights to subsequently dispute such claim.

14.     The Debtors and their Notice and Claims Agent are authorized to take all actions

and make any payments necessary to effectuate the relief granted in this Extended Bar Date Order

in accordance with the Motion.

15.     Notice of the Motion as provided therein shall be deemed good and sufficient notice

of such Motion and the requirements of the Local Rules of this Court are satisfied by such notice.

16.     Notwithstanding anything to the contrary, the terms and conditions of this Extended

Bar Date Order are immediately effective and enforceable upon its entry.

17.     Entry of this Extended Bar Date Order is without prejudice to the right of the

Debtors to seek a further order of this Court fixing a date by which holders of Claims or interests

not subject to the Extended Claims Bar Dates established herein must submit such Proofs of Claim

or interest or be barred from doing so.

18.     This Court retains exclusive jurisdiction with respect to all matters arising from or

related to the implementation, interpretation, and enforcement of this Extended Bar Date Order.

New York, New York
Dated: _____, 2023

_____
THE HONORABLE MARTIN GLENN
CHIEF UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit B</u>**

**Mobile App Pop Up Notice**

The deadline to submit a Proof of Claim has been extended to February 9, 2023. More information can be found at: [link].

**<u>Exhibit C</u>**

**Notice of Extended Claims Bar Dates**

Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Counsel to the Initial Debtors and Debtors in Possession*

*Proposed Counsel to the GK8 Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF EXTENDED DEADLINE**
**FOR REQUIRING SUBMISSION OF PROOFS**
**OF CLAIM IN THE ABOVE-CAPTIONED CHAPTER 11 CASES**

**TO:    ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST ANY DEBTOR LISTED ON PAGE 2 OF THIS NOTICE IN THE ABOVE-CAPTIONED CHAPTER 11 CASES.**

The United States Bankruptcy Court for the Southern District of New York (the "<u>Bankruptcy Court</u>") has entered an order (the "<u>Extended Bar Date Order</u>") establishing **5:00 p.m. prevailing Eastern Time on February 9, 2023** (the "<u>Extended Claims Bar Dates</u>"), as the last date for each person or entity[2] (including individuals, partnerships, corporations, joint ventures, and trusts) to

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2]    As used herein, the term "entity" has the meaning given to it in section 101(15) of title 11 of the United States
(Continued)

submit a Proof of Claim against any of the Debtors listed on page 2 of this notice (collectively, the "Debtors").

Except for those holders of the claims listed below that are specifically excluded from the Extended Claims Bar Dates submission requirement, the Extended Claims Bar Dates and the procedures set forth in the original Bar Date Notice for submitting proofs of claim (each, a "Proof of Claim") apply to all Claims (defined below) against the Debtors that arose prior to **July 13, 2022** (the "Petition Date"), the date on which the Debtors commenced cases under chapter 11 of the United States Bankruptcy Code, **including parties asserting Claims pursuant to section 503(b)(9) of the Bankruptcy Code (each, a "503(b)(9) Claim")**.[3]

> **A holder of a possible Claim against the Debtors should consult an attorney regarding any matters not covered by this notice, such as whether the holder should submit a Proof of Claim.**

### Debtors in these Chapter 11 Cases

| Debtor Name | Last Four Digits of Tax Identification Number | Case Number |
|---|---|---|
| Celsius Network LLC | 2148 | 22-10964 |
| Celsius KeyFi LLC | 4414 | 22-10967 |
| Celsius Lending LLC | 8417 | 22-10970 |
| Celsius Mining LLC | 1387 | 22-10968 |
| Celsius Network Inc. | 1219 | 22-10965 |
| Celsius Network Limited | 8554 | 22-10966 |
| Celsius Networks Lending LLC | 3390 | 22-10969 |
| Celsius US Holding LLC | 7956 | 22-10971 |
| GK8 Ltd. | 1209 | 22-11643 |
| GK8 UK Limited | 0893 | 22-11644 |
| GK8 USA LLC | 9450 | 22-11645 |

### Who Must Submit a Proof of Claim

You **MUST** submit a Proof of Claim to vote on a chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' estates if you have a Claim that arose before the Petition Date and it is *not* one of the types of Claims described under the heading "Claims for Which Proofs of Claim Need Not Be Filed" below. Claims based on acts or omissions of the Debtors that occurred before the Petition Date must be submitted on or prior to the Extended Claims Bar Dates, even if such Claims are not now fixed, liquidated, or certain or did not mature or become fixed, liquidated, or certain before the Petition Date.

---

Code (the "Bankruptcy Code"), and includes all persons, estates, trusts and the United States trustee. Furthermore, the terms "person" and "governmental unit" have the meanings given to them in sections 101(41) and 101(27) of the Bankruptcy Code, respectively.

[3]  "503(b)(9) Claims" are Claims on account of goods received by a Debtor within 20 days before the Petition Date, where such goods were sold to the Debtor in the ordinary course of such Debtor's business. *See* 11 U.S.C. § 503(b)(9).

Under section 101(5) of the Bankruptcy Code and as used in this notice, "<u>Claim</u>" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

## The Debtors' Schedules and Access Thereto

You may be listed as the holder of a Claim against one or more of the Debtors in the Debtors' Schedules of Assets and Liabilities and/or Schedules of Executory Contracts and Unexpired Leases (collectively, the "<u>Schedules</u>").

Copies of the Debtors' Schedules are available: (a) from the Notice and Claims Agent by calling 855-423-1530 for callers in the United States or by calling 949-669-5873 for callers outside the United States and/or visiting the Debtors' restructuring website at: http://cases.stretto.com/celsius; (b) by written request to Debtors' counsel at the address and telephone number set forth below; and/or (c) for inspection on the Bankruptcy Court's Internet Website at http://ecf.nysb.uscourts.gov. A login and password to the Bankruptcy Court's Public Access to Electronic Court Records are required to access this information and can be obtained at http://www.pacer.psc.uscourts.gov. Copies of the Schedules may also be examined between the hours of 8:30 a.m. and 4:00 p.m., Monday through Friday, at the Office of the Clerk of the Bankruptcy Court, One Bowling Green, New York, New York 10004.

If you rely on the Debtors' Schedules, it is your responsibility to determine that the Claim is accurately listed in the Schedules.

As set forth above, if you agree with the nature, amount, and classification of your Claim as listed in the Debtors' Schedules, and if you do not dispute that your Claim is only against the Debtor specified by the Debtors, and if your Claim is **not** described as "disputed," "contingent," or "unliquidated," **you need not submit a Proof of Claim**. Otherwise, or if you decide to submit a Proof of Claim, you must do so before the Extended Claims Bar Dates in accordance with the procedures set forth in this notice.

## Reservation of Rights

Nothing contained in this Bar Date Notice is intended, or should be construed, as a waiver of the Debtors' right to: (a) dispute, or assert offsets or defenses against, any submitted Proof of Claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, or classification of such claims; (b) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Schedules.

## Consequences of Failure to Submit a Proof of Claim by the Applicable Bar Date

ANY HOLDER OF A CLAIM THAT IS <u>NOT</u> LISTED IN THIS NOTICE AS A CLAIM EXCEPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER AND THAT FAILS TO TIMELY SUBMIT A PROOF OF CLAIM IN THE APPROPRIATE FORM WILL BE

FOREVER BARRED, ESTOPPED, AND ENJOINED FROM (1) ASSERTING SUCH CLAIM AGAINST THE DEBTORS AND THEIR CHAPTER 11 ESTATES, (2) VOTING ON ANY CHAPTER 11 PLAN OF REORGANIZATION FILED IN THESE CASES ON ACCOUNT OF SUCH CLAIM, AND (3) PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM.

**BY ORDER OF THE COURT**

New York, New York
Dated:  January 11, 2023

_/s/ Joshua A. Sussberg_

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:        (212) 446-4800
Facsimile:        (212) 446-4900
Email:            jsussberg@kirkland.com

- and -

Patrick J. Nash, Jr., P.C. (admitted _pro hac vice_)
Ross M. Kwasteniet, P.C. (admitted _pro hac vice_)
Christopher S. Koenig
Dan Latona (admitted _pro hac vice_)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:        (312) 862-2000
Facsimile:        (312) 862-2200
Email:            patrick.nash@kirkland.com
                  ross.kwasteniet@kirkland.com
                  chris.koenig@kirkland.com
                  dan.latona@kirkland.com

_Counsel to the Initial Debtors and Debtors in Possession_

_Proposed Counsel to the GK8 Debtors and Debtors in Possession_

5