# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

Dan Latona
To Call Writer Directly:
+1 312 862 3445
dan.latona@kirkland.com

300 North LaSalle
Chicago, IL 60654
United States

+1 312 862 2000

www.kirkland.com

Facsimile:
+1 312 862 2200

January 2, 2023

**By eFile & E-mail**

Hon. Martin Glenn
Chief United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Courtroom 523
New York, NY 10004-1408

Re: *In re Celsius Network LLC,* No. 22-10964 (MG) – Daniel A. Frishbergs' [sic] Motion for Reconsideration of GK8 Sale and Other Requested Relief [Docket No. 1794] (the "Motion")

Dear Chief Judge Glenn:

The Debtors anticipate objecting to the Motion prior to the objection deadline. Prior to then, the Debtors wish to correct the record regarding a number of misleading and inaccurate statements in the Motion[1] with respect to GK8's[2] arrangement with Aon. The Motion incorrectly alleges that the Debtors have valuable insurance policies from Aon being sold to Galaxy Digital Trading LLC that could benefit account holders of the Debtors. The Motion misunderstands the arrangement between GK8 and Aon, pursuant to which GK8 referred ***its institutional customers*** to Aon as a broker, which would facilitate those customers' ability to purchase insurance for its cryptocurrency holdings on GK8's platform from third-party insurers. Contrary to the Motion's confused allegations, no insurance policies are being sold pursuant to the GK8 sale from which the Debtors' account holders may recover, as described herein.

---

[1] The Debtors question the threshold premise of the Motion that "new evidence has emerged" regarding the GK8 sale. The sole basis for reconsideration is a purported declaration by Dr. Jonathan Levy that serves as the foundation for the misleading and inaccurate statements in the Motion. To the extent Mr. Frishberg intends to present Dr. Levy as a witness in support of the Motion, the Debtors reserve their rights to notice Dr. Levy for deposition.

[2] "GK8" means, collectively, GK8 Ltd., GK8 USA LLC, and GK8 UK Limited.

KIRKLAND & ELLIS LLP

Prior to Celsius's acquisition of GK8, GK8 entered into an arrangement with Aon, an insurance broker, where GK8 referred its customers (*i.e.*, those institutional customers that stored cryptocurrency on GK8's platform) to Aon which, in turn, would facilitate the underwriting of insurance policies between GK8's customers and certain insurers in the London insurance market. Neither Celsius nor GK8 ever purchased any insurance policy under the referral arrangement. Any GK8 customer referred to Aon under this arrangement was required to complete an independent application with the underwriting insurance company. Those applications would be reviewed by the insurer's underwriting team, and the particular insurance company reserved the right, in its sole discretion, to issue any policies to any referred GK8 customer. At the time the referral arrangement was implemented between GK8 and Aon, Aon advised GK8 that GK8's customers could potentially access up to $500 million in coverage in the London insurance market, which was subsequently increased to $750 million.

In October 2022, GK8 entered into a similar arrangement with another insurance broker, USI. GK8 (and Celsius) similarly did not purchase an insurance policy under the arrangement with USI. The arrangement with USI is similar to GK8's arrangement with Aon—GK8 refers its customers to USI, which in turn facilitates the GK8 customer's ability to procure insurance via third-party insurers against theft of their assets on the GK8 platform.

In connection with the sale and GK8's chapter 11 filing, GK8 disclosed two insurance policies in the *Debtors' Motion for Entry of an Order (I) Applying Certain Orders in the Initial Debtors' Chapter 11 Cases to GK8 Ltd., GK8 USA LLC, and GK8 UK Limited and (II) Granting Related Relief* [Docket No. 1626]: an errors and omissions policy and an office insurance policy. Both policies are being sold to Galaxy Digital Trading LLC as part of the sale of GK8's assets, and both policies will be produced to Mr. Frishberg. Neither policy provides any coverage to an account holder of the Debtors.

Celsius, in turn, stores cryptocurrency on Fireblocks,[3] which owns an insurance policy that provides coverage for digital assets that are stolen following a cyber breach of Fireblocks's software or any malicious or intentional misbehavior or fraud committed by Fireblocks employees. The aggregate limit of this policy is $30 million. The limit is a shared limit accessible by all customers on a first-come, first-served basis. In the event of a theft (as defined in the relevant policy) of Celsius's assets from Fireblocks, Celsius would assert a claim with Fireblocks, which would file a claim with its insurers. If the insurers pay out on the claim to Fireblocks, then Fireblocks would in turn pay Celsius. This policy also covers Errors and Omissions / Professional Liability Insurance and Cyber / Privacy Liability Insurance. The combined aggregate limit for

---

[3] As set forth in the *Public Coins and Budget Report* [Docket No. 1676], Celsius Network LLC stored approximately $1.4 million of its own cryptocurrency on GK8's platform, which is in the process of being transferred back to Celsius.

## KIRKLAND & ELLIS LLP

these two types of losses is $12.5 million. This policy is owned by Fireblocks, not by Celsius (which, for the avoidance of doubt, is not being sold in the GK8 sale).

Celsius currently has two NDAs with Aon as disclosed in the Debtors' schedules and statements. The NDA dated November 17, 2021 was executed in connection with a request for proposal that Celsius conducted for broker services. During the RFP, Celsius supplied all participants with confidential business information upon which the participants relied to submit their responses. The NDA executed in February 2022 was for Celsius to conduct initial discussions with Aon on procuring a policy for GK8 that would operate in a similar fashion to the Fireblocks policy noted above. To evaluate the potential of creating such a program with insurers, Celsius provided Aon with confidential business information of GK8. Due to competing priorities, this project did not come to fruition, and GK8 did not purchase a policy.

The reference to the Aon arrangement on the Celsius's website referenced that insurance coverage was available to GK8 customers—*i.e.*, that entities that stored cryptocurrency on GK8's platform could purchase insurance via the referral arrangement with Aon.

The Debtors reserve all rights with respect to the Motion.

Sincerely,

*/s/ Dan Latona*

Dan Latona

cc:    Daniel Frishberg