Hearing Date: January 24, 2023 at 10:00 a.m. (prevailing Eastern Time)
Objection Deadline: January 17, 2023 at 4:00 p.m. (prevailing Eastern Time)

| | |
|---|---|
| Joshua A. Sussberg, P.C.<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:    (212) 446-4800<br>Facsimile:    (212) 446-4900 | Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)<br>Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)<br>Christopher S. Koenig<br>Dan Latona (admitted *pro hac vice*)<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Telephone:    (312) 862-2000<br>Facsimile:    (312) 862-2200 |

*Counsel to the Initial Debtors and Debtors in Possession*

*Proposed Counsel to the GK8 Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF HEARING ON DEBTORS' MOTION**
**SEEKING ENTRY OF AN ORDER (I) AUTHORIZING**
**THE DEBTORS TO RETURN POSTPETITION CRYPTOCURRENCY**
**TRANSFERS TO ACCOUNT HOLDERS AND (II) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE** that a hearing on the *Debtors' Motion Seeking Entry of an Order (I) Authorizing the Debtors to Return Postpetition Cryptocurrency Transfers to Account Holders and (II) Granting Related Relief* (the "Motion") will be held on **January 24, 2023 at**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are : Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

**10:00 a.m., prevailing Eastern Time** (the "Hearing").  In accordance with General Order M-543 dated March 20, 2020, the Hearing will be conducted remotely using Zoom for Government. Parties wishing to appear at the Hearing, whether making a "live" or "listen only" appearance before the Court, need to make an electronic appearance (an "eCourtAppearance") through the Court's website at https://ecf.nysb.uscourts.gov/cgibin/nysbAppearances.pl.  Electronic appearances (eCourtAppearances) need to be made by **4:00 p.m., prevailing Eastern Time, the business day before the Hearing (*i.e.*, on January 23, 2023)**.

**PLEASE TAKE FURTHER NOTICE** that due to the large number of expected participants in the Hearing and the Court's security requirements for participating in a Zoom for Government audio and video hearing, all persons seeking to attend the Hearing at 10:00 a.m., prevailing Eastern Time on January 24, 2023, must connect to the Hearing beginning at 9:00 a.m., prevailing Eastern Time on January 24, 2023.  When parties sign in to Zoom for Government and add their names, they must type in the first and last name that will be used to identify them at the Hearing.  Parties that type in only their first name, a nickname, or initials will not be admitted into the Hearing.  When seeking to connect for either audio or video participation in a Zoom for Government Hearing, you will first enter a "Waiting Room" in the order in which you seek to connect.  Court personnel will admit each person to the Hearing from the Waiting Room after confirming the person's name (and telephone number, if a telephone is used to connect) with their eCourtAppearance.  Because of the large number of expected participants, you may experience a delay in the Waiting Room before you are admitted to the Hearing.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the relief requested in the Amended Motion shall:  (a) be in writing; (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and all

General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York; (c) be filed electronically with the Court on the docket of *In re Celsius Network LLC*, No. 22-10964 (MG) by registered users of the Court's electronic filing system and in accordance with all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York (which are available on the Court's website at http://www.nysb.uscourts.gov); and (d) be served in accordance with the *Amended Final Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief* [Docket No. 1181] (the "Case Management Order") by **January 17, 2023, at 4:00 p.m., prevailing Eastern Time**, to (i) the entities on the Master Service List (as defined in the Case Management Order and available on the case website of the Debtors at https://cases.stretto.com/celsius) and (ii) any person or entity with a particularized interest in the subject matter of the Amended Motion.

**PLEASE TAKE FURTHER NOTICE** that only those responses or objections that are timely filed, served, and received will be considered at the Hearing. Failure to file a timely Objection may result in entry of a final order granting the Amended Motion as requested by the Debtors.

**PLEASE TAKE FURTHER NOTICE** that copies of the Amended Motion and other pleadings filed in these chapter 11 cases may be obtained free of charge by visiting the website of Stretto at https://cases.stretto.com/Celsius. You may also obtain copies of the Amended Motion and other pleadings filed in these chapter 11 cases by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

| | |
|---|---|
| New York, New York<br>Dated: January 3, 2023 | */s/ Joshua A. Sussberg*<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C.<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:     (212) 446-4800<br>Facsimile:      (212) 446-4900<br>Email:             jsussberg@kirkland.com<br><br> - and -<br><br>Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)<br>Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)<br>Christopher S. Koenig<br>Dan Latona (admitted *pro hac vice*)<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Telephone:     (312) 862-2000<br>Facsimile:      (312) 862-2200<br>Email:             patrick.nash@kirkland.com<br>                      ross.kwasteniet@kirkland.com<br>                      chris.koenig@kirkland.com<br>                      dan.latona@kirkland.com<br><br>*Counsel to the Initial Debtors and Debtors in Possession*<br><br>*Proposed Counsel to the GK8 Debtors and Debtors in Possession* |

Hearing Date: January 24, 2023 at 10:00 a.m. (prevailing Eastern Time)
Objection Deadline: January 17, 2023 at 4:00 p.m. (prevailing Eastern Time)

Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:   (212) 446-4800
Facsimile:   (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:   (312) 862-2000
Facsimile:   (312) 862-2200

*Counsel to the Initial Debtors and Debtors in Possession*

*Proposed Counsel to the GK8 Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**DEBTORS' MOTION SEEKING
ENTRY OF AN ORDER (I) AUTHORIZING
THE DEBTORS TO RETURN POSTPETITION CRYPTOCURRENCY
TRANSFERS TO ACCOUNT HOLDERS AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state the following in support of this motion (this "Motion"):

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

**Preliminary Statement**[2]

1.  To date, one of the largest focuses of these chapter 11 cases has been determining the ownership of the digital assets held on the Debtors' cryptocurrency platform. Issues regarding title to the assets associated with the Debtors' "Earn" program, "Custody" program, and "Withhold" accounts have been extensively briefed, and the Court has held at least "Phase I" hearings on these matters. To date, however, all briefing and argument has focused on *prepetition* activities and claims. Postpetition, the Debtors have continued to receive inbound transfers of cryptocurrency, which the Debtors are not able to prevent notwithstanding the cessation of their customer-facing services during these chapter 11 cases.

2.  More specifically, the Debtors have received approximately 10,984 postpetition transfers, worth $1,382,328.00 (valued as of December 6, 2022) (the "Postpetition Transfers").[3] Account holders have recently began requesting the return of their Postpetition Transfers. Because the Debtors generally agree that such Postpetition Transfers should be returned to account holders, the Debtors file this Motion to obtain authority to do so regardless of whether a transferor has specifically requested a return of their Postpetition Transfer to ensure a uniform approach and a streamlined process.[4]

3.  It is unclear exactly why the Debtors have been the recipients of such a large number of Postpetition Transfers, but what is clear is that the transferors would not have intended

---

[2]   Capitalized terms used but not defined in this section shall have the meanings ascribed to such terms elsewhere in the Motion.

[3]   These figures reflect calculations as of December 23, 2022.

[4]   For the avoidance of doubt, the Debtors do not concede any allegations or legal conclusions in any filings requesting the return of such assets, notwithstanding the Debtors' agreement regarding the appropriate outcome.

2

to make such transfers and, at the end of the day, the transferors will likely be entitled to a return of the Postpetition Transfers, either because such transfers give rise to administrative claims (which must be paid in full to confirm a chapter 11 plan) or based on general principles of equity.[5]

4. As a result, the proposed relief would change only the timing of the returns, without effect to the ultimate recovery of any account holder. Because parties have started to request return of their Postpetition Transfers, however, the Debtors believe that the relief requested in the Motion is in the best interests of their estates and would promote an efficient resolution of all potential claims regarding Postpetition Transfers that may otherwise result in repetitive briefing and unnecessary administrative costs. The Debtors therefore request that the Court grant the Motion.

**Relief Requested**

5. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), authorizing the Debtors to return Postpetition Transfers (net of any "gas" fees) and granting related relief.[6]

**Jurisdiction and Venue**

6. The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012. The Debtors confirm their consent to the Court

---

[5] See, e.g., Letter Requesting clarification on the status of transfer of asset funds made after the bankruptcy filing of Celsius, and whether these funds will be returned in full and/or are excluded from the Bankruptcy Estate [Docket No. 1781].

[6] As reflected in the Proposed Order, and in accordance with the recently entered *Order (I) Authorizing the Debtors to Reopen Withdrawals for Certain Customers With Respect to Certain Assets Held in the Custody Program and Withhold Accounts and (II) Granting Related Relief* (the "Custody Order") [Docket No. 1767], the Debtors believe that the Postpetition Transfers should be withdrawn net of any "gas" or transaction fees required to effectuate the withdrawal or transfer of such assets to account holders.

3

entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

7. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

8. The statutory bases for the relief requested herein are sections 105(a), 503, and 541 of title 11 of the United States Code (the "Bankruptcy Code") and rule 9013-1(a) of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

## Background

9. The Debtors, together with their non-Debtor affiliates (collectively, "Celsius"), are one of the largest and most sophisticated cryptocurrency based finance platforms in the world and provide financial services to institutional, corporate, and retail clients across more than 100 countries. Celsius was created in 2017 to be one of the first cryptocurrency platforms to which users could transfer their crypto assets and (a) earn rewards on crypto assets and/or (b) take loans using those transferred crypto assets as collateral. Headquartered in Hoboken, New Jersey, Celsius has more than 1.7 million registered users and approximately 300,000 active users with account balances greater than $100.

10. On July 13, 2022, the initial Debtors each filed a voluntary petition or relief under chapter 11 of the Bankruptcy Code, with the GK8 Debtors commencing additional cases on December 7, 2022. A detailed description of the facts and circumstances of these chapter 11 cases is set forth in the *Declaration of Robert Campagna, Managing Director of Alvarez & Marsal North*

*America, LLC, in Support of Chapter 11 Petitions and First Day Motions* (the "Campagna Declaration") [Docket No. 22].[7]

11. The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. These chapter 11 cases have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket Nos. 53, 1648]. On July 27, 2022, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed an official committee of unsecured creditors [Docket No. 241] (the "Committee"). On August 18, 2022, the U.S. Trustee filed a motion for the entry of an order directing the appointment of an examiner pursuant to 11 U.S.C. § 1104(c) [Docket No. 546]. On September 14, 2022, the Court entered an order directing the appointment of an examiner [Docket No. 820]. On September 29, 2022, the Court approved the appointment of the examiner [Docket No. 923].

## The Postpetition Transfers

12. Facing a "run on the bank," Celsius paused all withdrawals, swaps, and transfers on its platform on June 12, 2022 (the "Pause"). In connection therewith, Celsius limited its engagement in asset deployment to conserve its remaining assets, and approximately a month after the beginning of the Pause, the Debtors commenced these chapter 11 cases. Notwithstanding the Pause, the Debtors were unable to prevent transfers onto their platform, and the Debtors have continued to receive postpetition inbound cryptocurrency transfers.

13. As of December 23, 2022, approximately 2,805 distinct users had made Postpetition Transfers onto the Debtors' platform (the "Postpetition Transferors"). The total dollar

---

[7] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Campagna Declaration.

5

value of the Postpetition Transfers is approximately $1,382,328.00.[8]  Of these Postpetition Transfers, approximately 130 transfers were valued at $1,000 or more.  The Debtors have not provided customer-facing services in respect of the Postpetition Transfers.

### Basis for Relief

14. The Postpetition Transferors may have administrative claims against the Debtors' estates for providing postpetition benefits to the Debtors such that they will ultimately be entitled to a return of the Postpetition Transfers, which returns should occur sooner than later to avoid unnecessary complications in these chapter 11 cases.

15. Pursuant to Section 541 of the Bankruptcy Code, "all legal or equitable interests of the debtor in property as of the commencement of the case" becomes property of a debtor's estate. 11 U.S.C. § 541(a)(1).  The same is true for "property that the estate acquires after the commencement of the case." 11 U.S.C. § 541(a)(7).  On their face, these provisions seem clear relating to a debtor's interest in postpetition property.  Under the circumstances, however, the Postpetition Transfers may give rise to administrative claims such that the Postpetition Transferors will ultimately be entitled to the full value of the Postpetition Transfers.  As such, the Debtors believe it is most appropriate to return the Postpetition Transfers as soon as possible to prevent hardships to account holders and to promote the efficient administration of the claims associated with the Postpetition Transfers.

16. Section 503 of the Bankruptcy Code entitles a creditor to an administrative claim for "the actual, necessary costs and expenses of preserving the estate". 11 U.S.C. 503(b)(1)(A). In analyzing whether a claim is administrative in nature, courts look at whether a claim "arose

---

[8] This amount is based on the conversion rate of various coins to U.S. Dollars calculated as of December 6, 2022. While this figure is specific, the figure is still approximate given the fluctuations in the value of cryptocurrencies.

from a transaction with or on account of consideration furnished to the debtor-in-possession, and . . . the transaction or consideration directly benefitted the debtor-in-possession." *Id.*

17. To the extent that Postpetition Transfers became property of the Debtors' estates,[9] the Postpetition Transferors benefitted the estates by providing the Debtors with something of value (*i.e.*, the Postpetition Transfers). The Debtors did not, however, provide any services on account of the Postpetition Transfers, so the Postpetition Transfers are entirely gratuitous. As a result, the Postpetition Transferors likely have postpetition claims for the entirety of the value transferred, which may be entitled to administrative priority on account to the associated benefit to the estates.

18. In light of the Debtors' position on this matter, the Debtors believe it would be both inequitable and inefficient to only return Postpetition Transfers to parties who specifically request a return. Further, given the volatility in cryptocurrency markets, delay in returning the Postpetition Transfers could result in complications in fixing the value of the associated administrative claims if the value of the cryptocurrency transferred dramatically changes.[10] Accordingly, the Debtors request that they be allowed to return Postpetition Transfers to the Postpetition Transferors as soon as reasonably practicable.

### Waiver of Bankruptcy Rule 6004(a) and 6004(h)

19. To implement the foregoing efficiently, the Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and

---

[9] Certain Postpetition Transfers went to custody accounts. For simplicity, this Motion refers to all Postpetition Transfers solely as Postpetition Transfers, without regard to the property rights the Debtors may otherwise have in such assets.

[10] The Debtors do not take a position at this time on when or how cryptocurrency claims should be valued but are aware that there are differing viewpoints on this issue.

7

that the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

### Reservation of Rights

20. Nothing contained in this Motion or any actions taken pursuant to any order granting the relief requested by this Motion is intended or should be construed as (a) an admission as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds, including with respect to what constitutes property of the estate; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law including with respect to any avoidance actions; (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens; or (h) a waiver of, or concession or admission relating to, any cause of action or right of the Debtors. If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

### Motion Practice

21. This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this Motion. Accordingly, the Debtors submit that this Motion satisfies Local Rule 9013-1(a).

8

**Notice**

22.  The Debtors will provide notice of this Motion to the following parties or their respective counsel: (a) the U.S. Trustee; (b) counsel to the Committee; (c) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); (d) the United States Attorney's Office for the Southern District of New York; (e) the Internal Revenue Service; (f) the offices of the attorneys general in the states in which the Debtors operate; (g) the Securities and Exchange Commission; (h) the Postpetition Transferors; and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**No Prior Request**

23.  No prior request for the relief sought in this Motion has been made to this or any other Court.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

| | |
|---|---|
| New York, New York<br>Dated: January 3, 2023 | */s/ Joshua A. Sussberg*<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C.<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:   (212) 446-4800<br>Facsimile:    (212) 446-4900<br>Email:           jsussberg@kirkland.com<br><br> - and -<br><br>Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)<br>Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)<br>Christopher S. Koenig<br>Dan Latona (admitted *pro hac vice*)<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Telephone:   (312) 862-2000<br>Facsimile:    (312) 862-2200<br>Email:           patrick.nash@kirkland.com<br>                     ross.kwasteniet@kirkland.com<br>                     chris.koenig@kirkland.com<br>                     dan.latona@kirkland.com<br><br>*Counsel to the Initial Debtors and Debtors in Possession*<br><br>*Proposed Counsel to the GK8 Debtors and Debtors in Possession* |

**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**ORDER (I) AUTHORIZING THE DEBTORS
TO RETURN POSTPETITION CRYPTOCURRENCY TRANSFERS
TO ACCOUNT HOLDERS AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), authorizing the Debtors to return Postpetition Transfers and granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and the Order and opportunity for a hearing thereon were appropriate under the

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is HEREBY ORDERED THAT:

1. The Motion is granted on a final basis as set forth herein.

2. The Debtors are authorized to return the Postpetition Transfers subject to the terms of this Order.

3. Postpetition Transfers shall be permitted to be withdrawn by account holders, net of any gas fees or transaction costs in order to effectuate the withdrawal or transfer of digital assets to account holders.

4. In the event the Debtors reopen withdrawals in accordance with this Order, (a) the Debtors shall file a notice listing the affected Postpetition Transferors and detailing how the Postpetition Transferors may effectuate withdrawals on the docket in these chapter 11 cases; and (b) the Debtors shall not permit account holders to transfer assets between programs of the Debtors.

5. Notwithstanding anything in this Order to the contrary, this Order does not authorize the Debtors to permit withdrawals of any cryptocurrency other than Postpetition Transfers.

6. For the avoidance of any doubt, account holder withdrawals permitted pursuant to this Order will be in cryptocurrency, not in fiat currency.

7. Notwithstanding anything to the contrary in the Motion, this Order, or any findings announced at the Hearing, nothing in the Motion, this Order, or announced at the Hearing

constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis are expressly reserved.

8. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any particular claim against the Debtors; (b) a waiver of the rights of any Debtor or the Committee to dispute any particular claim on any grounds, including with respect to what constitutes property of the estate, any avoidance actions, and any right to setoff; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the rights of any Debtor or the Committee under the Bankruptcy Code or any other applicable law including with respect to any avoidance actions and any right to setoff; (g) a concession by the Debtors or the Committee that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens; or (h) a waiver of, or concession or admission relating to, any cause of action or right of the Debtors. Without limiting the generality of the foregoing, any payment made pursuant to this Order is not intended and should not be construed as an admission regarding the validity of any particular claim or a waiver or prejudice of the Debtors' rights (or the rights of any successor to the Debtors or of any entity that has or acquires standing to assert rights on behalf of the Debtors or their estates) to subsequently dispute such claim or pursue such rights.

9. Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

3

10. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

11. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

12. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2023

                                                THE HONORABLE MARTIN GLENN
                                                CHIEF UNITED STATES BANKRUPTCY JUDGE