Hon. Martin Glenn
Chief United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Courtroom 523
New York, NY 10004-1408

Re: *In re Celsius Network LLC, No. 22-10964 (MG) – Daniel A. Frishberg's Motion for Reconsideration of GK8 Sale and Other Requested Relief* [Docket No. 1794]

Dear Chief Judge Glenn:

This is in response to the letter by the Debtors' counsel Mr. Latona dated January 3, 2022.

The Debtors through their counsel have made several important (judicial[1]) admissions:

1. The Celsius Network Debtors **never** had a crypto or digital asset insurance policy for $750 million or alternatively refuse to disclose it.

2. The GK8 Debtors never had $500 million or $750 million in digital asset insurances but only $750,000.

3. The Debtors have turned over the attached GK8 Digital Asset Loss policy with Lloyds 2012 Syndicate – and the maximum aggregate loss is a mere **$750,000 (Seven hundred and fifty thousand US dollars)** which *somehow* has allowed the Israeli company GK8 to **continually** claim a **billion** dollars or more of pooled and non-pooled insurance (which they are still claiming to this day).

    Notwithstanding Dr. Levy's declaration (which he provided to me for the reasons he states himself in the declaration), my own factual declaration, which I am submitting today, sets forth the same **massive** misrepresentations made by GK8 and Celsius to the public including creditors. In the case of Celsius, these misrepresentations were made in the period of three weeks prior to the Chapter 11 filings and in the case of GK8 these misrepresentations are ongoing **throughout the entire Chapter 11 process**.

---

[1] These statements are binding on Celsius as judicial admissions. Judicial admissions "are formal concessions in the pleadings in the case . . . that have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact." *Hoodho v. Holder*, 558 F.3d 184, 191 (2d Cir. 2009)12 . Statements other than pleadings, including those made by attorneys in briefs, also bind the client as judicial admissions. See *Purgess v. Sharrock*, 33 F.3d 134, 144 (2d Cir. 1994). "When a party makes a judicial admission, that party 'normally is bound [by that admission] throughout the course of the proceeding.' " *Hausler v. JP Morgan Chase Bank*, N.A., 127 F. Supp. 3d 17, 37 (S.D.N.Y. 2015).

The $750,000 digital asset policy with Lloyds has been "kited" or inflated. Any reasonable consumer reading the **bold** marketing claims of billions in insurance made by the Debtors would conclude that this involves crypto asset insurance policies held by the debtors. As stated in my declaration, I concluded that Celsius was advertising $750 million of insurance on customer deposits.

Here there is a *prima facie* case of insurance fraud as the existence of a mere $750,000 insurance policy does not explain the claims of over a billion dollars in insurance by the Debtors. Furthermore, the Debtors continue to engage in this misrepresentation. Perhaps there is another explanation, but a plain reading of the claims of digital asset insurance surely bolsters Dr. Levy's recommendation that the Court appoint an expert or examiner.

We already have an examiner in this case. Here, as one of my requests for relief, I seek a narrow review of a billion dollars in verified discrepancies involving digital asset insurance made to consumers and creditors. That review could be from the examiner and her team, or from a limited-scope insurance examiner (or both–Ms. Pilay's team could simply engage an insurance examiner as a professional for the purpose of this limited examination.) I also seek a stay of the sale of GK8, at the very least until a decision from the January 24th, 2023, hearing comes down.

This Court has recognized that ongoing fraud by a Chapter 11 debtor warrants extraordinary remedies such as an examiner or trustee. For example, in *In re McCordi Corp.*, 6 B.R. 172 (SDNY 1981) a check kiting scheme by the Chapter 11 debtor was found to be sufficient reason for appointment of a **trustee**. Here, the Debtor cannot explain the **billion** dollar discrepancy. They claimed $750 million in insurance until the eve of their bankruptcy and, to this day, continue the practice of digital asset insurance inflation on the GK8 website.

Creditors need to know, at a minimum, if they have been the victim of a hoax and potentially criminal act which should be referred for prosecution and restitution or if digital asset insurance touted publicly *somehow* exists despite the *paltry* face value of the *single* Lloyds policy. At a ***bare minimum***, the scope of the examiner's report should be expanded to include this (or a supplemental report on this matter ordered, if adding this would delay the report.)

I am separately filing a *Declaration and Verified Exhibits* in support of my motion for reconsideration today. I intend to present all of these documents as evidence in support of my motion at the hearing.

Respectfully Signed,

Daniel Frishberg, *Pro Se*
01/04/2023
*/s/Daniel A. Frishberg*