UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER DENYING KWOK MEI PO'S MOTION SEEKING A RULING OF FULL OWNERSHIP OF FUNDS**

Pending before the Court is the motion (the "Motion," ECF Doc. # 877) of Kwok Mei Po ("Po"), a Celsius Earn Account Holder,[2] seeking a ruling that she has full title to and ownership of the funds in her blocked or suspended Earn Accounts. Po argues that Celsius improperly blocked or suspended her accounts because, Celsius alleged, Earn Account Holders were only permitted to have a single account ("Single Account Rule") and she and some of her family members had multiple accounts. (Motion at 1.) The Celsius compliance team ("Compliance Team") also suspended her accounts because she purportedly misused the referral program, which violated Celsius's terms of use. (*See* Motion, Exhibit 1.) The Compliance Team notified Po by email on June 20, 2022 that "[r]eferral awards and any interest credited to this account will therefore be cancelled and any deposits not already withdrawn will be returned within the next

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] All capitalized terms not otherwise defined shall have the meanings ascribed to them in the Memorandum Opinion and Order Regarding Ownership of Earn Account Assets (the "Earn Opinion," ECF Doc. # 1822.)

30 days." (*Id.*) Celsius failed to return the cryptocurrency in the accounts to Po before Celsius froze all account withdrawals.

Celsius's terms of use, revised on April 14, 2022 (the "Terms Version 8"), provided that Celsius:

> [Has] the right to suspend, freeze or close your Celsius Account at any time for any reason without advance notice, including by blocking your access to the Celsius Account or the Services. If your Celsius Account has a balance when we close it, we will repay and return the remaining Digital Assets to you, including accrued Rewards earned (if applicable) until the close date, less any applicable Obligations, withholding tax and other applicable deductions, unless prohibited by applicable law. In the event of irregular activity, we may hold assets until we close your Celsius Account.

(ECF Doc. # 393, Exhibit A-8, § 19.) Although the Terms Version 8 were effective when the Compliance Team blocked/suspended Po's accounts, Po disputes whether there was any Single Account Rule in effect when she opened each of the accounts in question. Additionally, Po argues that the Terms of Use make clear that Celsius "had an "obligation to transfer digital assets to users upon the termination of such loans or repayment of such borrowing in connection with these services." (*Id.*, § 2.)

It is not clear whether Po's accounts were "suspended" or "closed," and whether her suspension was functionally equivalent to "termination" under the Debtors' Terms of Use. If the suspension of her accounts constituted termination of the agreement, it is not clear why the assets were not returned to her before Celsius froze all Earn Account activity.

At a hearing on November 1, 2022, the Court directed the Debtors to submit a supplemental filing detailing the specifics of each entry in the Debtors' Schedules with respect to Po's accounts and any legal arguments against her motion. Per the Court's direction, the Debtors filed a supplemental objection to the Motion ("ECF Doc. # 1307), which included the declaration Charles Roberts, Celsius's Deputy Compliance Officer ("Roberts Declaration").

The Roberts Declaration lays out the details of nine accounts (each, an "Account"), four of which were registered under Po's name (Accounts 1–4); one of which never completed registration (Account 5); two of which appear to be registered to Po's mother (Accounts 6 and 7); one of which appears to be registered to her father (Account 8); and one of which appears to be registered to her brother (Account 9). (Roberts Decl. ¶¶ 5–9.) All Accounts are Earn Accounts.[3] (*Id.*)

The Debtors submit that Po violated the Single Account Rule, regardless of the terms of use in place when she created her accounts, because she assented to the rule in the April 2022 Terms of Use by logging in from Accounts 2, 4, 5, 7, 8, and 9. (Roberts Decl. ¶ 17.) However, of that list, only Accounts 2, 4, and 5 belong to Po. Account 7 belongs to her mother, Account 8 belongs to her father, and Account 9 belongs to her brother.

With respect to Po's accounts—1, 2, 3, 4, and 5—the Debtors state that Po accepted the Terms Version 8 for Accounts 2, 4, and 5. (*Id.* ¶ 17.) But the Debtors also state that Account 3—which purportedly *did not* accept the April 2022 Terms of Use—was Po's only active account. (*Id.* ¶ 10.) The Roberts Declaration confusingly represents that Po violated the Single Account Rule that she agreed to from the two accounts that were not active and one account which never completed registration. The other accounts that the Debtor represents accepted the Terms Version 8—Accounts 7, 8, and 9—were each registered to a different person, which complies with the Single Account Rule.

Po has alleged a colorable claim that Celsius breached its contract with Po when it froze or suspended her accounts. Alternatively, Po has alleged a colorable claim that Celsius breached

---

[3] For the avoidance of doubt, to the extent Po has assets in Custody or Withhold Accounts her rights with respect to such assets are expressly reserved and nothing in this Order is a determination as to her rights with respect these assets.

its contract even if Celsius had the right to freeze or suspend her accounts by failing to return her funds.

On January 4, 2022, the Court entered the *Memorandum Opinion and Order Regarding Ownership of Earn Account Assets* (the "Earn Opinion," ECF Doc. # 1822). For the reasons discussed in the Earn Opinion, as an Earn Account holder, the funds in Po's Accounts are property of Celsius's bankruptcy estates. (*See, e.g.,* Earn Opinion at 43 ("These allegations may (or may not) have merit, and the creditors' rights with respect to such claims are explicitly reserved for the claims resolution process.")

Any claim by Po that Celsius breached its contract with her or otherwise committed actionable wrongs by blocking or suspending her accounts would not affect the ownership of cryptocurrency deposited in Po's Earn Accounts. As the Earn Opinion explains, the cryptocurrency deposited in Earn Accounts became property of Celsius. If Po believes she has compensable claims against Celsius (beyond the amount on deposit in her accounts) based on improperly suspending or freezing her accounts, or failing to return funds upon closing her accounts, she can file a proof of claim and assert such claims in the claims-allowance process. But the cryptocurrency in Po's Earn Accounts was and remains property of the estate.

Accordingly, Po's Motion is DENIED.

**IT IS SO ORDERED.**

Dated:  January 6, 2023
          New York, New York

                                          **/s/ Martin Glenn**
                                          MARTIN GLENN
                                          Chief United States Bankruptcy Judge