Presentment Date: **January 20, 2023, at 4:00 p.m. (prevailing Eastern Time)**
Objection Deadline: **January 17, 2023, at 4:00 p.m. (prevailing Eastern Time)**

| | |
|---|---|
| Joshua A. Sussberg, P.C. | Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*) |
| **KIRKLAND & ELLIS LLP** | Ross M. Kwasteniet, P.C. (admitted *pro hac vice*) |
| **KIRKLAND & ELLIS INTERNATIONAL LLP** | Christopher S. Koenig |
| 601 Lexington Avenue | Dan Latona (admitted *pro hac vice*) |
| New York, New York 10022 | **KIRKLAND & ELLIS LLP** |
| Telephone:    (212) 446-4800 | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Facsimile:    (212) 446-4900 | 300 North LaSalle Street |
| | Chicago, Illinois 60654 |
| | Telephone:    (312) 862-2000 |
| | Facsimile:    (312) 862-2200 |

*Counsel to the Initial Debtors and Debtors in Possession*

*Proposed Counsel to the GK8 Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF PRESENTMENT AND OPPORTUNITY**
**FOR HEARING ON THE DEBTORS' APPLICATION**
**FOR ENTRY OF AN ORDER PURSUANT TO SECTION 327(E)**
**OF THE BANKRUPTCY CODE AUTHORIZING AND APPROVING**
**THE RETENTION AND EMPLOYMENT OF FISCHER (FBC & CO.) AS**
**SPECIAL COUNSEL FOR THE DEBTORS EFFECTIVE AS OF DECEMBER 7, 2022**

**PLEASE TAKE NOTICE** that the above-captioned debtors and debtors in possession

(collectively, the "Debtors") will present the *Debtors' Application for Entry of an Order Pursuant*

*to Section 327(e) of the Bankruptcy Code Authorizing and Approving the Retention and*

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Employment of Fischer (FBC & Co.) as Special Counsel for the Debtors Effective as of December 7, 2022* (the "Application") to the Honorable Martin Glenn, Chief United States Bankruptcy Judge, for approval and signature on January 20, 2023, at 4:00 p.m., prevailing Eastern Time (the "Presentment Date").

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the relief requested in the Application shall:  (a) be in writing; (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York; (c) be filed electronically with the Court on the docket of *In re Celsius Network LLC*, No. 22-10964 (MG) by registered users of the Court's electronic filing system and in accordance with all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York (which are available on the Court's website at http://www.nysb.uscourts.gov; and (d) be served in accordance with the *Amended Final Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief* [Docket No. 1181] (the "Case Management Order") by **January 17, 2023, at 4:00 p.m., prevailing Eastern Time** (the "Objection Deadline"), to (i) the entities on the Master Service List (as defined in the Case Management Order) available on the case website of the Debtors at https://cases.stretto.com/celsius and (ii) any person or entity with a particularized interest in the subject matter of the Application.

**PLEASE TAKE FURTHER NOTICE** that if no objections or other responses are timely filed and served by the Objection Deadline with respect to the Application, the Debtors shall, on the Presentment Date, submit the Application to the Court, which order the Court may enter without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that if a written objection is timely filed, the Court will notify the moving and objecting parties of the date and time of the hearing and of the moving party's obligation to notify all other parties entitled to receive notice.  The moving and objecting parties are required to attend the hearing, and failure to attend in person or by counsel may result in relief being granted or denied upon default.

**PLEASE TAKE FURTHER NOTICE** that copies of the Application and other pleadings filed in these chapter 11 cases may be obtained free of charge by visiting the website of Stretto at https://cases.stretto.com/celsius.   You may also obtain copies of the Application and other pleadings filed in these chapter 11 cases by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

*[Remainder of page intentionally left blank]*

New York, New York
Dated: January 6, 2023

*/s/ Joshua A. Sussberg*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:           joshua.sussberg@kirkland.com

  - and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200
Email:           patrick.nash@kirkland.com
                 ross.kwasteniet@kirkland.com
                 chris.koenig@kirkland.com
                 dan.latona@kirkland.com

*Counsel to the Initial Debtors and Debtors in Possession*

*Proposed Counsel to the GK8 Debtors and Debtors in Possession*

4

**Presentment Date: January 20, 2023, at 4:00 p.m. (prevailing Eastern Time)**
**Objection Deadline: January 17, 2023, at 4:00 p.m. (prevailing Eastern Time)**

Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200

*Counsel to the Debtors and Debtors in Possession*

*Proposed Counsel to the GK8 Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**DEBTORS' APPLICATION FOR ENTRY OF**
**AN ORDER PURSUANT TO SECTION 327(E) OF THE**
**BANKRUPTCY CODE AUTHORIZING AND APPROVING**
**THE RETENTION AND EMPLOYMENT OF FISCHER (FBC & CO.) AS**
**SPECIAL COUNSEL FOR THE DEBTORS EFFECTIVE AS OF DECEMBER 7, 2022**

Celsius Network LLC and certain of its affiliates, as debtors and debtors in possession

(collectively, the "Initial Debtors"), together with GK8 Ltd., GK8 USA LLC, and GK8 UK

Limited, as debtors and debtors in possession (collectively, the "GK8 Debtors," and together with

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

the Initial Debtors, the "Debtors") state the following in support of this application (this "Application"):

## Relief Requested

1.      The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), pursuant to section 327(e) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), authorizing the Debtors to retain and employ Fischer (FBC & Co.) ("Fischer" or the "Firm") as special counsel to the Debtors ("Special Counsel") for the matters described herein, effective as of December 7, 2022, pursuant to the terms and conditions set forth in the engagement letter between the Debtors and Fischer, dated as of December 6, 2022 (the "Engagement Letter"), attached as Exhibit 1 to the Order.

2.      In support of this Application, the Debtors submit the (a) *Declaration of Avraham Well in Support of the Debtors' Application for Entry of an Order Pursuant to Section 327(e) of the Bankruptcy Code Authorizing and Approving the Retention and Employment of Fischer (FBC & Co.) as Special Counsel for the Debtors Effective as of December 7, 2022* (the "Well Declaration"), attached hereto as **Exhibit B**, and (b) *Declaration of Christopher Ferraro in Support of Debtors' Application for Entry of an Order Pursuant to Section 327(e) of the Bankruptcy Code Authorizing and Approving the Retention and Employment of Fischer (FBC & Co.) as Special Counsel for the Debtors Effective as of December 7, 2022* (the "Ferraro Declaration"), attached hereto as **Exhibit C**.

## Jurisdiction and Venue

3.      The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the

*Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012. The Debtors confirm their consent to the Court entering a final order in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      The statutory bases for the relief requested herein are section 327(e) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1.

### **Background**

6.      The Debtors, together with their non-Debtor affiliates (collectively, "Celsius"), are one of the largest and most sophisticated cryptocurrency-based finance platforms in the world and provide financial services to institutional, corporate, and retail clients across more than 100 countries. Celsius was created in 2017 to be one of the first cryptocurrency platforms to which users could transfer their crypto assets and (a) earn rewards on crypto assets and/or (b) take loans using those transferred crypto assets as collateral. Headquartered in Hoboken, New Jersey, Celsius has more than 1.7 million registered users and approximately 300,000 active users with account balances greater than $100.

7.      On July 13, 2022, each of the Initial Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. A detailed description of the facts and circumstances of these chapter 11 cases is set forth in the the Declaration of Robert Campagna, Managing Director of Alvarez & Marsal North America, LLC, in Support of Chapter 11 Petitions and First

Day Motions [Docket No. 22] (the "Campagna Declaration").[2]  The Debtors commenced these chapter 11 cases to provide Celsius an opportunity to stabilize its business and consummate a comprehensive restructuring transaction that maximizes value for stakeholders.

8.      On December 7, 2022 (the "GK8 Petition Date"), each of the GK8 Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  A detailed description of the facts and circumstances of these chapter 11 cases is set forth in the *Declaration of Christopher Ferraro, Director and Chief Financial Officer of the GK8 Debtors, in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 1629].

9.      The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  These chapter 11 cases have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket Nos. 53 and 1648].  On July 27, 2022, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed an official committee of unsecured creditors in the Initial Debtors' cases [Docket No. 241] (the "Committee"). On September 29, 2022, the Court entered an order appointing an examiner in the Initial Debtors' cases [Docket No. 920].  On October 20, 2022, the Court entered an order approving the appointment of an independent fee examiner [Docket No. 1151] (the "Fee Examiner").

**Scope of Fischer's Services**

10.      Prior to the GK8 Petition Date, the GK8 Debtors retained Fischer to represent them in connection with all matters related to their chapter 11 cases, including the structuring and negotiation of the asset purchase agreement (the "APA") for the sale of the assets of the GK8

---

[2]      Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Campagna Declaration.

Debtors (the "Sale") and the implementation of the Sale in connection with these chapter 11 cases and recognition proceeding commenced in Israel (the "Israeli Recognition Proceeding"). In particular, Fischer's services include (a) initiating and representing the Debtors in the Israeli Recognition Proceeding and advising the Debtors on all matters relating thereto, (b) advising and representing the Debtors on all Israeli matters relating to the Sale, and (c) providing Israeli legal advice on all other matters of relevance which might arise during these chapter 11 cases (collectively, the "Services").

11.     As discussed below, Fischer has extensive experience representing non-Israeli-based clients in connection with local law implications, and Fischer has, prior to the GK8 Petition Date, gained extensive institutional knowledge regarding the GK8 Debtors' operations in Israel.  Fischer's continued services are necessary to ensure a smooth and efficient process in the GK8 Debtors' chapter 11 cases.

12.     The Services will be provided to the Debtors in accordance with the Engagement Letter.

13.     Fischer will not serve as the Debtors' general or special counsel on matters not set forth in this Application and will not advise the Debtors or their estates with respect to their duties under the Bankruptcy Code.  As noted below, Fischer will coordinate with the Debtors' other advisors to avoid duplication of services.

14.     Subject to approval of this Application, Fischer informed the Debtors that it is willing to serve as the Debtors' Special Counsel and perform the Services.

### Fischer's Qualifications

15.     The Debtors seek approval of Fischer's retention as their Special Counsel because of its experience representing the GK8 Debtors prior to the GK8 Petition Date and its familiarity with the relevant transactions and the GK8 Debtors' business.  Fischer assisted the GK8 Debtors

with the Services prior to the GK8 Petition Date, performing substantial work in connection with

the structuring and negotiation of the Sale, filing of the GK8 Debtors for chapter 11, and preparing

the Israeli Recognition Proceeding.  Fischer is a full-service Israeli law firm with more than three

hundred practicing lawyers with extensive experience in a variety of areas, operating as a one-stop

shop offering high-quality, diverse, and multidisciplinary legal services.  Fischer has advised on

numerous restructuring matters and is one of the leading insolvency and debt restructuring law

firms in Israel, providing advice to, among others, debtors, creditors, companies, bondholders'

representatives and controlling shareholders.  Fischer has been involved in nearly all of Israel's

most significant debt arrangements.  Additionally, Fischer has highly specialized skills and

in-depth knowledge of the GK8 Debtors' business in Israel.

16.    Fischer will provide the Debtors, particularly GK8 Ltd., an entity incorporated in

Israel, and its two Debtor subsidiaries, with legal advice with respect to Israeli law and regulations,

including in connection with the Israeli Recognition Proceeding before the District Court of Tel

Aviv pursuant to the Insolvency and Economic Rehabilitation Act (2018) (Israel).  Replacing

Fischer would force the Debtors to bear unnecessary costs as alternative counsel familiarized itself

with the relevant background, facts, and transactions, potentially delaying the closing of the sale

of the assets of the GK8 Debtors.

17.    Fischer's lawyers have worked closely with the Debtors' personnel and advised

them about Israeli legal issues, including those related to corporate and restructuring matters.

Fischer therefore has experience and familiarity with the Debtors and their personnel in addition

to its subject matter expertise, both of which are relevant to the work the Firm is engaged to

perform as Special Counsel.  Fischer does not have offices in the Unites States and does not

practice law in the United States.  The services rendered and functions performed by Fischer, as

Special Counsel, during these chapter 11 cases, are not duplicative of work performed by Kirkland & Ellis LLP ("K&E") or any other law firm retained by the Debtors and are limited to the matters set forth herein.

### Fischer's Disinterestedness

18.     In connection with its proposed retention by the Debtors in these chapter 11 cases, Fischer received and reviewed a list of parties in interest (the "Potential Parties in Interest") from the Debtors, in which is attached as Schedule 1 to the Well Declaration.  To the extent Fischer's review of the Potential Parties in Interest indicated that it has some relationship with the Potential Parties in Interest in matters unrelated to these chapter 11 cases, it is indicated in the results of the analysis of the Potential Parties in Interest List in Schedule 2 to the Well Declaration.

19.     To the best of the Debtors' knowledge, information, and belief, except as disclosed in the Well Declaration, Fischer represents that it neither holds nor represents any interest that is adverse to the Debtors' estates or with respect to the matters on which Fischer is to be employed. Accordingly, the retention of Fischer meets the requirements set forth in section 327(e) of the Bankruptcy Code.  To the extent that Fischer discovers any new relevant facts or relationships bearing on the matters described herein during the period of its retention, Fischer will use reasonable efforts to promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

### Fischer's Compensation

20.     Fischer intends to apply for compensation for professional services rendered on an hourly basis and the reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and orders of this Court.

21.     Compensation will be payable to Fischer on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by the Firm.  The hourly rates and

corresponding rate structure for the Services are similar to those Fischer uses in similar complex corporate matters.

22.    Fischer's rates are subject to periodic adjustments typically performed on an annual basis so as to reflect economic and other market conditions.  Work is assigned among the attorneys and other professionals to meet the Debtors' needs, including timing requirements, in an economically efficient manner.  The current hourly rates for the Services range as follows:

| Billing Category | Rates[3] |
|---|---|
| Partners | 1,250 – 2,200[4] shekels |
| Associates | 680 – 1,250 shekels |
| Article Clerks | 400 shekels |

23.    Fischer's hourly rates are set at a level designed to fairly compensate the Firm for the work of its attorneys and other professionals and to cover fixed and routine overhead expenses.  Hourly rates vary with the experience and seniority of the individuals assigned and are subject to periodic adjustments to reflect economic and other conditions (which adjustments will be reflected in the first Fischer application following such adjustments).[5]

24.    In addition to the hourly billing rates set forth herein, Fischer customarily charges its clients for all identifiable, non-overhead expenses incurred, including photocopying charges, print jobs, travel and related expenses, transcripts, computer research, and similar items.

---

[3]    Rates are reflected in new Israeli shekels and do not include applicable discounts — in particular, a 10% discount during the course of this representation — and Israeli VAT (currently 17%), chargeable as required by law.

[4]    At the conversion rate as of the date of the Engagement Letter (1 USD = 3.42 NIS), the equivalent amounts in USD are as follows:  approximately $365 to $645 for partners; approximately $200 to $365 for associate attorneys; and approximately $120 for article clerks.  These amounts are provided for reference purposes only.

[5]    Fischer's billing rates are typically revised annually in line with Fischer's policies.  Accordingly, Fischer's billing rates may increase during the course of these chapter 11 cases.  As set forth in the Order, Fischer will provide ten business days' notice to the Debtors, the U.S. Trustee, and any official committee or designated in these chapter 11 cases before implementing any periodic increases and will file any such notice with the Court.

Accordingly, Fischer's rates and policies, as stated in the Well Declaration, are reasonable and customary.

25.     With the assistance and advice of K&E, Fischer will apply to the Court for allowance of compensation and reimbursement of expenses for all professional services performed and expenses incurred after the GK8 Petition Date in accordance with Administrative Order M-447 (*Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, dated January 29, 2013 (Morris, C.J.)), the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of the Court.

26.     To the best of the Debtors' knowledge, no partner or associate of Fischer has received or been promised any compensation for legal services rendered or to be rendered in any capacity in connection with these chapter 11 cases, other than as permitted by the Bankruptcy Code.  Fischer has agreed not to share compensation received in connection with these chapter 11 cases with any other person, except as permitted by section 504(b) of the Bankruptcy Code and Bankruptcy Rule 2016(b), in respect of sharing of compensation among Fischer's partners.

**Compensation Received by Fischer from the Debtors**

27.     As of the GK8 Petition Date, the Debtors did not owe Fischer any amounts for legal services rendered before the GK8 Petition Date, and Fischer is not a creditor of the Debtors.

28.     As set forth in the Well Declaration, during the 90-day period prior to the GK8 Petition Date, Fischer received payments and advances in the aggregate amount of NIS 723,180.05 (including VAT), which at the conversion rate as of the GK8 Petition Date (1 USD = 3.42 NIS) is approximately $211,456, for services performed and expenses incurred.

**No Duplication of Services**

29.      The Debtors intend the Services to complement, not duplicate, the services being rendered by any other professional retained in these chapter 11 cases.  Fischer understands that the Debtors have retained and may retain additional professionals during the term of their engagement and agrees to work cooperatively with such professionals to avoid any duplications or services.

**Basis for Relief**

30.      The proposed retention of Fischer as Special Counsel to the Debtors is appropriate under section 327(e) of the Bankruptcy Code.  Specifically, pursuant to section 327(e) of the Bankruptcy Code, the Debtors may, with this Court's approval:

> [E]mploy, for a specified special purpose . . . an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e).

31.      Moreover, Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

32.      Importantly, section 327(e) of the Bankruptcy Code does not require that Fischer be a "disinterested person" as defined in section 101(14) of the Bankruptcy Code, but only that Fischer not hold any interests adverse to the Debtors or their estates with respect to the Services.

10

In considering whether to appoint special counsel under section 327(e) of the Bankruptcy Code, courts generally consider whether "(1) the representation is in the best interest of the estate, (2) the attorney represented the debtor in the past, (3) the attorney is for a specific purpose approved by the court, other than to represent the debtor in conducting the case, (4) the attorney does not represent or hold an interest adverse to the debtor or the debtor's estate." *In re Woodworkers Warehouse, Inc.*, 323 B.R. 403, 406 (Bankr. D. Del. 2005); *see also In re AroChem Corp.*, 176 F.3d 610, 622 (2d Cir. 1999) (noting that "where the interest of the special counsel and the interest of the estate are identical with respect to the matter for which special counsel is retained, there is no conflict and the representation can stand").

33.     Fischer's proposed retention meets the four prerequisites for retention of special counsel under section 327(e) of the Bankruptcy Code:  (a) the proposed retention is for the specific purpose of representing the Debtors for the identified Services, which does not include representing the Debtors in its chapter 11 cases; (b) Fischer has previously represented the GK8 Debtors; (c) the proposed retention is in the best interests of the Debtors' estate because Fischer is well-qualified and it would waste significant time, effort, and money for the Debtors to have sought replacement counsel; and (d) Fischer does not hold or represent any interest adverse to the Debtors or their estates with respect to the Services provided.

34.     Attorneys retained pursuant to section 327(e) of the Bankruptcy Code are not required to meet the "disinterested" standard set forth in section 327(a) of the Bankruptcy Code. *See In re Diva Jewelry Design, Inc.*, 367 B.R. 463, 469 (Bankr. S.D.N.Y. 2007) (noting that retention under 327(a) standard is more rigorous standard, "as opposed to a special counsel, whose appointment is governed by section 327(e), [for which the standard is] whether the professional (a) is 'disinterested' and (b) holds or represents an interest 'adverse to the estate.'"); *In re*

*Hempstead Realty Assocs.*, 34 B.R. 624, 626 (Bankr. S.D.N.Y. 1983) ("The disinterest[ed] requirement stated in [Bankruptcy] Code § 327(a) is not repeated in subsection (e) with respect to attorneys who are retained "for a specified special purpose."); *In re West Delta Oil Co., Inc.*, 432 F.3d 347, 357 (5th Cir. 2005) ("[S]pecial counsel employed under § 327(e) need only avoid possessing interests 'adverse to the debtor or to the estate *with respect to the matter on which such attorney is to be employed*.'") (emphasis in original); *In re Imperial Corp. of Am.*, 181 B.R. 501, 506 (Bankr. S.D. Cal. 1995) ("Under Section 327(e), special counsel need not be disinterested but merely not represent or hold any interest adverse to the debtor or to the estate with respect to matters on which counsel is to be employed.").

35.     To the best of the Debtors' knowledge, the partners and associates of Fischer do not hold or represent any interest adverse to the Debtors or their estates with respect to the Services, which are important to ensuring the success of these chapter 11 cases by ensuring the closing of the Sale, including through the successful prosecution of the Israeli Recognition Proceeding and ensuring compliance with the APA and Israeli law.  Retention of Fischer as Special Counsel is in the best interests of the Debtors' estate and satisfies all other applicable standards for retention under the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

## **Motion Practice**

36.     This Application includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this Application.  Accordingly, the Debtors submit that this Application satisfies Local Rule 9013-1(a).

## **Notice**

37.     The Debtors will provide notice of this Application to the following parties or their respective counsel:  (a) the U.S. Trustee; (b) counsel to the Committee; (c) the United States Attorney's Office for the Southern District of New York; (d) the Internal Revenue Service; (e) the

offices of the attorneys general in the states in which the Debtors operate; (f) the Securities and

Exchange Commission; (g) the Fee Examiner, and (h) any party that has requested notice pursuant

to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested,

no other or further notice need be given.

## **No Prior Request**

38.     No prior request for the relief sought in this Application has been made to this or

any other court.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors request that the Court enter the Order, substantially in the form

attached hereto as **<u>Exhibit A</u>**, granting the relief requested herein and granting such other relief as

is just and proper.

Dated:  January 6, 2023                          /s/ Christopher Ferraro
         New York, New York                      Christopher Ferraro
                                                 Interim Chief Executive Officer, Chief
                                                 Restructuring Officer, and Chief Financial
                                                 Officer
                                                 Celsius Network LLC

## Exhibit A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

### ORDER PURSUANT TO SECTION 327(E) OF THE BANKRUPTCY CODE AUTHORIZING AND APPROVING THE RETENTION AND EMPLOYMENT OF FISCHER (FBC & CO.) AS SPECIAL COUNSEL FOR THE DEBTORS EFFECTIVE AS OF DECEMBER 7, 2022

Upon the application (the "Application")[2] of the Debtors for entry of an order (this "Order") pursuant to section 327(e) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1 authorizing the Debtors to retain Fischer (FBC & Co.) ("Fischer") as special counsel to the Debtors with respect to the Services, all as more fully set forth in the Application, the *Declaration of Avraham Well in Support of the Debtors' Application for Entry of an Order Pursuant to Section 327(e) of the Bankruptcy Code Authorizing and Approving the Retention and Employment of Fischer (FBC & Co.) as Special Counsel for the Debtors Effective as of December 7, 2022* (the "Well Declaration"), and the *Declaration of Christopher Ferraro in Support of Debtors' Application for Entry of an Order Pursuant to Section 327(e) of the Bankruptcy Code Authorizing and Approving the Retention and Employment of Fischer (FBC & Co.) as Special Counsel for the Debtors Effective as of December 7, 2022* (the "Ferraro

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Application.

Declaration"); and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334 and the *Amended Standing Order of Reference* from the United States District Court for the

Southern District of New York, entered February 1, 2012; and this Court having the power to enter

a final order consistent with Article III of the United States Constitution; and this Court having

found that venue of these cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409;

and this Court having found that the relief requested in the Application is in the best interests of

the Debtors' estates, their creditors, and other parties in interest; and this Court having found that

the Debtors' notice of the Application and opportunity for a hearing thereon were appropriate

under the circumstances and no other notice need be provided; and this Court having reviewed the

Application and having heard the statements in support of the relief requested therein at a hearing

before this Court (the "Hearing"); and this Court having determined that the legal and factual bases

set forth in the Application and at the Hearing establish just cause for the relief granted herein; and

after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Application is granted as set forth herein.

2.      Pursuant to section 327(e) of the Bankruptcy Code, Bankruptcy Rules 2014 and

2016, and Local Rules 2014-1 and 2016-1, the Debtors are authorized to retain Fischer as special

counsel for the Debtors, effective as of December 7, 2022, and Fischer is authorized to perform

the legal services described in the Application.

3.      Fischer shall apply for compensation for professional services rendered and

reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in

compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the

Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court.

4.      Prior to any increase in Fischer's rates for any individual providing services in these chapter 11 cases, Fischer shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtors, the U.S. Trustee, the Fee Examiner, and any official committee.  The supplemental affidavit shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtors have consented to the rate increase.  The U.S. Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code.

5.      In the event of any inconsistency between the Application, the Well Declaration, the Engagement Letter, and this Order, the terms of this Order shall govern.

6.      Fischer shall use its best efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases.

7.      The relief granted herein shall be binding upon any chapter 11 trustee appointed in any of these chapter 11 cases or upon any chapter 7 trustee appointed in the event of a subsequent conversion of any of these chapter 11 cases to cases under chapter 7.

8.      Notwithstanding any provision to the contrary in the Engagement Letter, any dispute relating to the services provided by Fischer shall be referred to arbitration consistent with terms of the Engagement Letter only to the extent that this Court does not have, retain, or exercise jurisdiction over the dispute, and 28 U.S.C. § 1334(e)(2) shall govern the forum for resolving fee disputes.

9.      Notwithstanding anything to the contrary in the Engagement Letter, Fischer shall not withdraw as Debtor's counsel prior to the effective date of any chapter 11 plan confirmed in

3

these chapter 11 cases without prior approval of the Court in accordance with Local Bankruptcy Rules 2090-(e).

10.     Notwithstanding anything to the contrary in the Engagement Letter, any applications filed by Fischer for allowance of its compensation and expenses will be denominated in United States dollars.

11.     Notice of the Application as provided therein is good and sufficient notice of such Application and the requirements of Bankruptcy Rule 6004(h) and the Local Rules are satisfied by such notice.

12.     Notwithstanding any provision in the Bankruptcy Rules to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

13.     The Debtors are authorized to take all reasonable actions necessary to effectuate the relief granted in this Order in accordance with the Application.

14.     This Court retains exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2023

_____
THE HONORABLE MARTIN GLENN
CHIEF UNITED STATES BANKRUPTCY JUDGE

## **Exhibit 1**

**Engagement Letter**

DocuSign Envelope ID: A8DB6ACE-3CCE-460F-A4C5-37363C92800A

**FISCHER**
F|B|C|&|Co    www.fbclawyers.com

146 Menachem Begin Rd., Tel Aviv 6492103, Israel | Tel. 972.3.694.4111, Fax. 972.3.609.1116

December 6, 2022

**Via Email**

To: GK8 Ltd.
Attn: Ron Deutsch, General Counsel

Re: **Legal Services**

Dear Ron,

Thank you for approaching Fischer (FBC & Co.) to advise GK8 Ltd. ("GK8") and its affiliated entities listed below[1] (collectively, the "Client"), in connection with the Israeli legal aspects of the global bankruptcy proceedings of certain affiliated entities in the Client's group of companies[2] (the "Representation"). As part of our Representation, we will represent and assist the Client to (i) carry out its duties under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), (ii) seek ancillary relief in Israel on behalf of GK8 and certain affiliated entities in the Client's group of companies pursuant to the Insolvency and Economic Rehabilitation Act (2018) (Israel) (the "IERA"), and (iii) take any additional actions necessary to advance the Client's rights and obligations under the Bankruptcy Code and the IERA. This letter describes our terms of engagement.

Billing Procedures

We charge for legal services of the type to be provided in the Representation based upon our guideline hourly rates established for each of our attorneys and other professionals and the time they spend on your matters. Assuming that payment to us will be made in Israeli Shekels, our current hourly guideline rates are: NIS $1,250 - 2,200$ for partners; NIS 680 - 1250 for associate attorneys; and NIS 400 for Article Clerks.[3] We would apply a 10% discount on these rates during the course of the Representation. These rates do not include Israeli VAT (currently 17%), which will be charged as required by law. We reassess our guideline hourly rates from time to time, usually on an annual basis.

For representations of this nature, we bill for services on a monthly basis. Our invoices will include detail as to the time charges incurred by each attorney working on the Representation. Our rates are based on receiving payment within thirty (30) days of our invoice.

---

[1] GK8 Ltd. (IL); GK8 UK Limited (UK); and GK8 USA LLC (Del.).

[2] Celsius Network LLC (Del.); Celsius KeyFi LLC (Del.); Celsius Lending LLC (Del.); Celsius Mining LLC (Del.); Celsius Network Inc. (Del.); Celsius Network Limited (UK); Celsius Networks Lending LLC (Del.); and Celsius US Holding LLC (Del.).

[3] At today's conversion rate (1 USD = 3.42 NIS), the equivalent amounts in USD are as follows: approximately USD $365 - 645$ for partners; approximately USD $200 - 365$ for associate attorneys; and approximately USD 120 for Article Clerks. These amounts are provided for reference purposes only. As indicated above, unless otherwise agreed between Fischer and the Client, payment will be made in NIS and will not be tied to today's conversion rate or to any other specific conversion rate.

DocuSign Envelope ID: F3D09ACE-5CCE-48BF-A4C5-9780SC92609A

**FISCHER**
F|B|C|&|Co

146 Menachem Begin Rd., Tel Aviv 6492103, Israel | Tel. 972.3.694.4111, Fax. 972.3.609.1116

www.fbclawyers.com

<u>Reimbursement of Expenses</u>

In addition to our hourly fees, we will charge for out-of-pocket fees and expenses, with any material amounts subject to the Client's prior approval.

<u>Dispute Resolution</u>

We pride ourselves on maintaining good working relationships with our clients. In the unlikely event resolution of disputes between us were required, such disputes will be resolved through arbitration in Tel Aviv pursuant to the substantive law of the State of Israel (without reference to its conflict of laws provisions). If any dispute is not resolved in this manner, then it shall be subject to the exclusive jurisdiction of the competent courts of the Central District, Israel.

We trust that our professional experience and expertise will enable us to provide you with effective and efficient service in this matter.

If the terms of this letter are agreeable to you, kindly countersign in the space below and return a copy of the countersigned copy of the letter to us.

Please do not hesitate to contact us if you have any questions concerning anything outlined in this letter or any other aspect of our proposed engagement.

Sincerely yours,

FISCHER (FBC & Co.)

Agreed and Accepted:

DocuSigned by:

Ron Deutsch

E2E23C810E9341D...

On behalf of GK8 Ltd.

## Exhibit B

**Well Declaration**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**DECLARATION OF
AVRAHAM WELL IN SUPPORT OF
THE DEBTORS' APPLICATION FOR ENTRY
OF AN ORDER PURSUANT TO SECTION 327(E) OF
THE BANKRUPTCY CODE AUTHORIZING AND APPROVING
THE RETENTION AND EMPLOYMENT OF FISCHER (FBC & CO.) AS
SPECIAL COUNSEL FOR THE DEBTORS EFFECTIVE AS OF DECEMBER 7, 2022**

I, Avraham Well, hereby declare that the following statements are true and correct to the

best of my knowledge after due inquiry as described herein:

1.      I am a partner of the law firm of Fischer (FBC & Co.) ("Fischer"), an Israeli law firm

located at 146 Menachem Begin Rd., Tel Aviv, Israel 6492103.  I am a member in good standing

of the Israeli bar since 1989 and will lead Fischer's representation of the Debtors as special counsel

("Special Counsel") in connection with the Services (as defined below).  There are no disciplinary

proceedings pending against me in any jurisdiction.

2.      I submit this declaration (this "Declaration") in support of the application

(the "Application")[2] of the above-captioned debtors and debtors in possession (collectively,

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

the "Debtors") for authority to retain Fischer as the Debtors' Special Counsel, which is filed contemporaneously herewith.

3.      Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge, information supplied to me by other Fischer professionals or paraprofessionals, or my review of relevant documents.  To the extent any information disclosed herein requires amendment or modification as additional party-in-interest information becomes available to Fischer, a supplemental declaration will be submitted to this Court reflecting such amended or modified information.

### Scope of Services to Be Provided

4.      Prior to the GK8 Petition Date, the GK8 Debtors retained Fischer to represent them in connection with all Israeli matters related to these chapter 11 cases, including the structuring and negotiation of the asset purchase agreement (the "APA") for the sale of the assets of the GK8 Debtors (the "Sale") and the implementation of the Sale in connection with these chapter 11 cases and recognition proceeding commenced in Israel (the "Israeli Recognition Proceeding").  The GK8 Debtors retained Fischer based on Fischer's reputation and expertise in providing corporate and restructuring advice with a focus on Israeli law.   In particular, Fischer's services include (a) initiating and representing the Debtors in the Israeli Recognition Proceeding and advising the Debtors on all matters relating thereto, (b) advising and representing the Debtors on all Israeli matters relating to the Sale, and (c) providing Israeli legal advice on all other matters of relevance which might arise during these chapter 11 cases (collectively, the "Services").

5.      The Services will be provided to the Debtors in accordance with the engagement letter dated December 6, 2022 (the "Engagement Letter"), a copy of which is attached to the Order as Exhibit 1.

2

6.     Fischer will not serve as the Debtors' general or special counsel on matters not set forth in the Application and will not advise the Debtors or their estates with respect to their duties under the Bankruptcy Code.  As noted below, Fischer will coordinate with the Debtors' other advisors to avoid duplication of services.

### Fischer's Qualifications

7.     I understand that the Debtors selected Fischer to provide the Services due to the Firm's national reputation in Israel and its expertise in insolvency and debt restructuring matters. Fischer is a full-service Israeli law firm with more than three hundred practicing lawyers with extensive experience in a variety of areas, operating as a one-stop shop offering high-quality, diverse, and multidisciplinary legal services.  Fischer has advised on numerous restructuring matters and is one of the leading insolvency and debt restructuring law firms in Israel, providing advice to, among others, debtors, creditors, companies, bondholders' representatives, and controlling shareholders.  Fischer has been involved in nearly all of Israel's most significant debt arrangements.  Additionally, Fischer has highly specialized skills and in-depth knowledge of the GK8 Debtors' business in Israel and assisted the Debtors prior to the GK8 Petition Date, including by performing substantial work in connection with the structuring and negotiation of the Sale, the filing of the GK8 Debtors for chapter 11, and the preparation of the Israeli Recognition Proceeding.

8.     Fischer will provide the Debtors, particularly GK8 Ltd., an entity incorporated in Israel, and its two Debtor subsidiaries, with legal advice with respect to Israeli laws and regulations, including in connection with the Israeli Recognition Proceeding before the District Court of Tel Aviv (the "Israeli Court") pursuant to the Insolvency and Economic Rehabilitation Act (2018) (Israel).

9.      Fischer's lawyers have worked closely with the Debtors' personnel and advised them about issues dealing with Israeli law, including issues related to corporate and restructuring matters.  Fischer therefore has experience and familiarity with the Debtors and their personnel in addition to its subject matter expertise, both of which are relevant to the work the Firm is engaged to perform as Special Counsel.  Fischer does not have offices in the Unites States and does not practice law in the United States.  The services rendered and functions performed by Fischer, as Israeli counsel, during these chapter 11 cases are not duplicative of work performed by Kirkland & Ellis LLP ("K&E") or any other law firm retained by the Debtors and are limited to the matters set forth in the Application and Engagement Letter.

10.     Given Fischer's experience and knowledge in these fields, Fischer is both well qualified and uniquely positioned to represent the Debtors as Special Counsel in connection with the GK8 Sale and any other Israel-related matters related to these chapter 11 cases pursuant to section 327(e) of the Bankruptcy Code.

### Fischer's Disclosure Procedures

11.     In accordance with Bankruptcy Rule 2014(a), prior to filing the Application, Fischer conducted a review with respect to Fischer's connection to the Debtors and the matters on which Fischer was to be retained based upon a list of interested parties supplied by counsel to the Debtors.

12.     To conduct this review, Fischer performed a conflict check of the names of the parties set forth in **Schedule 1** attached hereto (the "Potential Parties in Interest") to determine whether Fischer has any connection to such parties and, if so, whether such connections relate in any way to the proposed representation of the Debtors in these chapter 11 cases.[3]

---

[3]    To perform the conflict check on the Potential Parties in Interest, Fischer's administrative team conducted a search in its internal document management system to assess whether any of Fischer's previous or current clients match a name included in the list of Potential Parties in Interest.  **Schedule 2** includes the identity of Potential Parties in Interest that Fischer currently represents or has represented based on that review.  The administrative team then

4

13.    To the best of my knowledge and information, Fischer does not hold or represent any interest that is adverse to the Debtors or their estates with respect to the matters on which Fischer is to be employed and, aside from the connections listed in **Schedule 2** attached hereto, does not have any connections to the Potential Parties in Interest listed in **Schedule 1**.

14.    In light of the possibility that certain Potential Parties in Interest related to Fischer's proposed representation may not have been identified on **Schedule 1**, Fischer may have represented, may currently represent, or may in the future represent such entities in matters wholly unrelated to these chapter 11 cases that may be Potential Parties in Interest in these chapter 11 cases.

15.    This Declaration is based on Fischer's conflict check for the names on **Schedule 1**, but the information herein may have changed without our knowledge and may change during these chapter 11 cases.  To the extent that Fischer becomes aware of any such additional Potential Parties in Interest related to Fischer's proposed representation, Fischer will promptly conduct new conflict checks with respect to the new potential parties in interest and file a supplemental declaration, if necessary.  Additionally, to the extent that disclosures for new connections to existing Potential Parties in Interest are discovered, Fischer will file a supplemental declaration regarding the same.

### **Fischer's Rates and Billing Practices**

16.    Fischer's rates are subject to periodic adjustments typically performed on an annual basis so as to reflect economic and other market conditions.  Work is assigned among the attorneys

---

sent the list of such parties included in **Schedule 1** to each partner at Fischer and certain associates.  Fischer then reviewed and determined that such representations do not relate to the proposed representation of the Debtors, their chapter 11 cases, or such entities claims against and interest in the Debtors, except as disclosed in **Schedule 2**.

and other professionals to meet the Debtors' needs, including timing requirements, in an economically efficient manner. The current hourly rates for the Services range as follows:

| Billing Category | Rates[4] |
|---|---|
| Partners | 1,250 – 2,200[5] shekels |
| Associates | 680 – 1,250 shekels |
| Article Clerks | 400 shekels |

17.    Fischer's hourly rates are set at a level designed to compensate Fischer fairly for the work of its attorneys and professional staff and to cover fixed and routine expenses. Hourly rates vary with the experience and seniority of the individuals assigned. These hourly rates are subject to periodic adjustments to reflect economic and other conditions (which adjustments will be reflected in the first Fischer fee application following such adjustments) and are consistent with the rates charged elsewhere.[6]

18.    Consistent with Fischer's policy with respect to its other clients, Fischer will continue to seek reimbursement for expenses and other charges incurred in the rendition of the Services. It is Fischer's policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client. It is also Fischer's policy to charge its clients only the amount actually incurred by Fischer in connection with such items.

---

[4]    Rates are reflected in new Israeli shekels and do not include applicable discounts—in particular, a 10% discount during the course of this representation—and Israeli VAT (currently 17%), chargeable as required by law.

[5]    At the conversion rate as of the date of the Engagement Letter (1 USD = 3.42 NIS), the equivalent amounts in USD are as follows: approximately $365 to $645 for partners; approximately $200 to $365 for associate attorneys; and approximately $120 for article clerks. These amounts are provided for reference purposes only.

[6]    Fischer's billing rates are typically revised annually in line with Fischer's policies. Accordingly, Fischer's billing rates may increase during the course of these chapter 11 cases. As set forth in the Order, Fischer will provide ten business-days' notice to the Debtors, the United States Trustee, and any official committee appointed or designated in these chapter 11 cases before implementing any periodic increases and will file any such notice with the Court.

19.     Fischer will apply to the Court for allowance of compensation and reimbursement of
expenses incurred after December 7, 2022, in accordance with Administrative Order M-447
(*Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New
York Bankruptcy Cases,* dated January 29, 2013 (Morris, C.J.)), and the *U.S. Trustee Guidelines
for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11
U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases,* effective November 1, 2013 (collectively,
the "Fee Guidelines"), the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules,
the Local Rules, and any applicable orders of the Court.

20.     Fischer will use its best efforts to avoid duplicating services rendered by the Debtors'
other retained professionals.

21.     Neither Fischer, nor any partner or associate thereof, has received or been promised
any compensation for legal services rendered or to be rendered in any capacity in connection with
the chapter 11 cases, other than as permitted by the Bankruptcy Code.  Fischer has agreed not to
share compensation received in connection with these chapter 11 cases with any other person,
except as permitted by section 504(b) of the Bankruptcy Code and Bankruptcy Rule 2016(b) in
respect of sharing of compensation among Fischer's partners.

22.     Fischer will provide notice to the Debtors, the U.S. Trustee for the Southern District
of New York, the official committee of unsecured creditors appointed in these chapter 11 cases,
and the Fee Examiner, of any change in Fischer's hourly rates.  Fischer will also file a notice of
any such change in hourly rates with the Court.  In addition, Fischer will charge for expenses in a
manner and at rates consistent with charges made generally to its other clients and in accordance
with the Bankruptcy Rules, the Local Rules, and any applicable orders of this Court.

## Compensation Received by Fischer from the Debtors

23.    As of December 7, 2022, the Debtors did not owe Fischer any amounts for legal services rendered before December 7, 2022, and Fischer is not a creditor of the Debtors.

24.    As set forth in the chart below, during the 90-day period prior to the GK8 Petition Date, Fischer received payments and advances in the aggregate amount of NIS 723,180.05 (including VAT), which at the conversion rate as of the GK8 Petition Date (1 USD = 3.42 NIS) is approximately $211,456, for services performed and expenses incurred.

| Transaction | Invoice Date | Payment Date | Amount Invoiced | Date Range of Services | Amount Paid | Fee Advance Balance |
|---|---|---|---|---|---|---|
| Invoice | November 15, 2022 | November 27, 2022 | NIS 378,030.05 | Through November 15, 2022 | NIS 378,030.05 | NIS 0 |
| Retainer (Fee Advance) | November 15, 2022 | November 27, 2022 | NIS 263,250.00 | Retainer | NIS 263,250.00 | NIS 263,250.00 |
| Invoice | December 5, 2022 | December 5, 2022 | NIS 339,836.80 | November 15, 2022 – December 5, 2022 | NIS 263,250.00 Retainer Used[7] | NIS 0 |
| Invoice | December 6, 2022 | December 6, 2022 | NIS 81,900 | December 1, 2022 – December 6, 2022 | NIS 81,900 | NIS 0 |

## Statement Regarding U.S. Trustee Guidelines

25.    The following information is provided in response to the request for additional information set forth in Paragraph D.l of the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases.*

1.    **Question:**    Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?

Response:    Fischer and the Debtors agreed to a 10% discount for the Services during the course of the representation.

2.    **Question:**    Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case?

---

[7]    Balance of NIS 76,586.80 remaining from concurrent invoice written off.

|  | Response: | No. |
|---|---|---|

3.         **Question:**      If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition.  If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.

Response:      In the 12 months leading up to the GK8 Petition Date, Fischer used the following rates for services rendered on behalf of the Debtors for matters billed in NIS:  approximately NIS 1,250 to 2,200 for partners; NIS 680 to 1,250 for associates; and NIS 400 for article clerks.  At the conversion rate as of the date of the Engagement Letter (1 USD = 3.42 NIS), the equivalent amounts in USD are as follows:  approximately $365 to $645 for partners; approximately $200 to $365 for associate attorneys; and approximately $120 for article clerks.[8]    All material financial terms have remained unchanged since the prepetition period.

4.         **Question:**      Has your client approved your prospective budget and staffing plan, and, if so for what budget period?

Response      Fischer will provide the Debtors with a prospective budget and staffing plan setting forth the types of timekeepers, numbers thereof, and applicable hourly rates it expects during these chapter 11 cases.

### Statement of Disinterestedness

26.   Based on the conflicts search conducted to date as described herein, to the best of my knowledge, except as stated herein, and insofar as I have been able to ascertain, (a) Fischer is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, (b) Fischer does not represent or hold any interest adverse to the Debtors or to the Debtors' estates in connection with any of the Services as required by section 327(e) of the Bankruptcy Code, and (c) Fischer has no connection to the Debtors or the Potential Parties in Interest set forth in **Schedule 1** attached hereto, except as disclosed in **Schedule 2** attached hereto.  Accordingly, based

---

[8]     USD amounts are provided for reference purposes only.

9

upon the foregoing, I submit that the requirements for Fischer's retention as Special Counsel for

the Debtors have been met.

[*Remainder of page intentionally left blank*]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge, and belief.

Dated: January 6, 2023                    Respectfully submitted,

*/s/ Avraham Well*
Avraham Well
Partner of Fischer (FBC & Co.)

**Schedule 1 to Well Declaration**

**List of Parties in Interest**

### 1.  Bankruptcy Examiner & Professionals

Huron Consulting Services LLC
Houlihan Lokey
Jenner & Block LLP
Shoba Pillay

### 2.  Bankruptcy Judge & Staff

Glenn, Martin
Anderson, Deanna
Barajas, Andres
Slemmer, Daniel
Ziesing, "Frances" Annie

### 3.  Bankruptcy Professionals - Other

Pepper Hamilton LLP
Togut, Segal & Segal
C Street Advisory Group
Deloitte & Touche LLP

### 4.  Bankruptcy Professionals - Retained

Alvarez & Marsal
Centerview Partners
EY
Kirkland & Ellis LLP
Latham & Watkins LLP
Stretto

### 5.  GK8 Contract Counterparties

| | |
|---|---|
| Dolt International | Prosegur Custodia De Activos Digitales |
| 2nd Market | S.L.U. |
| Bank Hapoalim | ProxiBit |
| Bits of Gold LTD | Reblonde Public Relations |
| Explorium Ltd. | Simon, Elie |
| Guberman Consulting | SolidBlock Inc |
| Hamilton's Reserve Inc. | Tezos Foundation |
| IOTA Stiftung (IOTA Foundation) | Vast Bank, National Association |
| Kirobo Ltd. | Chainalysis Inc. |
| Maven Digital Ltd | DV Chain, LLC |
| Niki GA Management and Maintenance Ltd | eToro Ltd. |
| Noet Aviv Ltd | Prosegur Crypto |
| Oobit Technologies Pte. Ltd | ConsenSys Software Inc. |

### 6. Debtors

GK8 Ltd (Israel)
GK8 UK Limited
GK8 USA LLC

### 7. Directors/Officers

| | |
|---|---|
| Barse, David | Sunada-Wong, Rodney |
| Bentov, Tal | Tosi, Laurence Anthony |
| Blonstein, Oren | Cohen-Pavon, Roni |
| Bodnar, Guillermo | Albert, David |
| Bolger, Rod | Alisie, Adrian |
| Carr, Alan Jeffrey | Ayalon, Amir |
| Cohen-Pavon, Roni | Barwick, Christy |
| Denizkurdu, Aslihan | Beaudry, Jeremie Robert |
| Deutsch, Ron | Fan, Jiayi "Jenny" |
| Dubel, John Stephen | Ferraro, Christopher |
| Goldstein, Nuke | Holert, Patrick |
| Kleiderman, Shiran | Konduru, Subramaniam Vijay |
| Lamesh, Lior | Lawlor, Quinn |
| Leon, S. Daniel | Sabo, Ron |
| Mashinsky, Alex | Shalem, Yaron |
| Nadkarni, Tushar | Van Etten, Frank |
| Nathan, Gilbert | Mayerfeld, Mark |
| Ramos, Trunshedda W. | Schreiber, Adam |
| Shamai, Shahar | |

### 8. Fee Examiner and Professsionals

Godfrey & Kahn, S.C.
Sontchi, Christopher S.

### 9. Insurance

Lloyd's of London
Evertas Insurance Agency LLC
Menora Mivtachim Group
USI Insurance Services, LLC

### 10. Debtors' Known Affiliates

| | |
|---|---|
| Celsius (AUS) Pty Ltd. (Australia) | Celsius Network IL Ltd. (Israel) |
| Celsius EU UAB (Lithuania) | Celsius Network Inc. |
| Celsius KeyFi LLC | Celsius Network Limited (UK) |
| Celsius Lending LLC | Celsius Network LLC |
| Celsius Management Corp | Celsius Networks Lending LLC |
| Celsius Mining IL Ltd | Celsius Operations LLC |
| Celsius Mining LLC | Celsius Services CY Ltd (Cyprus) |
| Celsius Network (Gibraltar) Limited | Celsius US Holding LLC |
| Celsius Network Europe d.o.o. Beograd (Serbia) | Celsius US LLC (Formerly Celsius Money) |

Celsius Network IL Ltd. – Bulgaria Branch          KN Media Manager, LLC

## 11. Ordinary Course Professionals

Jackson Lewis P.C.
McCarthy Tetrault LLP
Taylor Wessing LLP
A. Georgiou & Co LLC
Advokatu Kontora Sorainen IR Partneriai
Buckley LLP
CMS Cameron McKenna Nabarro Olswang LLP
Finnegan, Henderson, Farabow, Garrett &
Dunner, LLP
Holley Nethercote Pty Ltd.
Uría Menéndez Abogados, S.L.P
Wilson Sonsini Goodrich & Rosati

## 12. GK8 Purchaser

Galaxy Digital LLC

## 13. U.S. Trustee Office

Allen, Joseph
Black, Christine
Harrington, William K.
Leonhard, Alicia
Penpraze, Lisa
Riffkin, Linda
Schmitt, Kathleen
Abriano, Victor
Arbeit, Susan
Bruh, Mark
Cornell, Shara
Gannone, James
Joseph, Nadkarni
Masumoto, Brian S.

Mendoza, Ercilia A.
Moroney, Mary V.
Morrissey, Richard C.
Ogunleye, Alaba
Rodriguez, Ilusion
Schwartz, Andrea B.
Schwartzberg, Paul K.
Scott, Shannon
Sharp, Sylvester
Tiantian, Tara
Velez-Rivera, Andy
Vescovacci, Madeleine
Wells, Annie
Zipes, Greg M.

## 14. UCC Members

Covario AG
ICB Solutions
Caroline Warren
Christopher Coco
Mark Robinson
Andrew Yoon
Keith Noyes
Scott Duffy
Thomas DiFiore

**15. UCC Professionals**

Elementus
M3 Partners, LLC
Kroll Restructuring Administration LLC
White & Case LLP
Perella Weinberg Partners

**16. Vendors**

| | |
|---|---|
| Atlassian | Jumbo stock |
| EY | Kasafot Magen |
| Gett | KINOLIFE LLC |
| Gsuite | kuperpan |
| Jetbrains | Leadmetrix |
| Juliet International Limited | Lermont Ltd. |
| Monday.com | Levy Cohen |
| Prescient | Linkedin |
| UPS | Mei Avivim |
| Wolt | Michael Cimo (Statera Bellus) |
| Blockdaemon Inc. | Mitugon |
| A. Kfir holdings | Moya |
| Adam Milo | Nachmias Grinberg |
| Adobe products | Namlessplace |
| Altsholer benefits | Natan Zecharia |
| Anat Raziel | Nespresso |
| Andromeda | Niki-nikayon |
| Anna Pitzman | Nisha |
| Ascential Events (Europe) Limited | Noam Rozenthal |
| Asha Gabai | Patentic |
| Asher Harel | Patrner |
| Asher Hersgkowitz | Pesach Zilberman |
| Avishar | Praktal computers |
| Aviv Reut | Reblonde |
| Avner Mor | Securelogic Ltd. |
| Bari Catz | SFDC Ireland Limited |
| Bernard Kulysz | Shani solutions |
| Blockfrost.io | Shekel Ofek |
| BuyMe | Sherfi Yehuda, construction |
| Cellcom | Shimrit |
| Central Park | Shlomo Kezas |
| Chamber of Commerce Tel Aviv | Shloofta |
| Cleargate | Slack |
| CTI Solutions | Softsale |
| Cyberforce Global Limited | Somech Hikin |
| Dalia Mintz | Sponja cleaning |
| Dana Lev | Stot and May |
| Decode | Superpharm |

4

Diesenhaus
DLC Distributed Ledger Consulting GmbH
Doit
Dor-aviv.
E.C electricity
Eitan Shopen
EMET
Eran Tromer
Etherscan
Evan Ferrante
Evertas - USI Insurance Services
Frankfurt School
Gorfriends
Grammerly
Hagal Hayarok
Haim Levy
Hanoch medical service
Herman systems
Hot Mobile
Howden Insurance Brokers Limited
HR Marketing
Invoice Maven
Israeli Innovation Authority
Issaschar brothers
Jack Villacis
Jobinfo

Switchup
TDSD Ltd.
Team Netcon
Tel Aviv city tax
The Block Crypto
Timeclock 365
Tomer Zusman
USA Strong Inc
Value financial services
World travel
Yaniv Taieb
Yeshayaho Blumfeld
YHM Technologies
Yigal Arnon
Zeplin Unc.
ZoomInfo
10Bis
Daniel Ibrahim
Elie Simon
G. E. Ehrlich (1995) LTD.
Neot Aviv
Shufersal
Techen
Tel Aviv Municipality

## Schedule 2 to Well Declaration

### Current and Former Clients

| Matched Entity | Category with Respect to Party in Interest[1] | Relationship to Fischer |
|---|---|---|
| 10Bis | Vendors | Current client |
| Adam Milo | Vendors | Current client |
| Altsholer benefits | Vendors | Current client |
| Andromeda | Vendors | Current client |
| Bank Hapoalim | Contract Counterparties | Current client |
| BuyMe | Vendors | Current client |
| Cellcom | Vendors | Current client |
| Dalia Mintz | Vendors | Current client |
| Deloitte & Touche LLP | Bankruptcy Professionals - Other | Current client |
| Diesenhaus | Vendors | Current client |
| eToro Ltd | Contract Counterparties | Current client |
| EY | Bankruptcy Professionals - Retained | Current client |
| Gett | Vendors | Current client |
| Guberman Consulting | Contract Counterparties | Current client |
| Hot Mobile | Vendors | Current client |
| Latham &Watkins LLP | Bankruptcy Professionals - Retained | Referring client(s) to Fischer |
| Menora Mivtachim Group | Insurance | Current client |
| Monday.com | Vendors | Current client |
| Shufersal | Vendors | Current client |
| Switchup | Vendors | Current client |
| Tomer Zusman | Vendors | Current client |
| Wilson Sonsini Goodrich & Rosati | Ordinary Course Professionals | Referring client(s) to Fischer |

---

[1]    Some of the entities are listed in more than one of the categories of Potential Parties in Interest set forth in Schedule 1.  To avoid duplication, I have listed each such Interested Party in only one applicable category in this Schedule 2.

## Exhibit C

**Ferraro Declaration**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## DECLARATION OF CHRISTOPHER FERRARO IN SUPPORT OF THE DEBTORS' APPLICATION FOR THE ENTRY OF AN ORDER PURSUANT TO SECTION 327(E) OF THE BANKRUPTCY CODE AUTHORIZING AND APPROVING THE RETENTION AND EMPLOYMENT OF FISCHER (FBC & CO.) AS SPECIAL COUNSEL FOR THE DEBTORS EFFECTIVE AS OF DECEMBER 7, 2022

I, Christopher Ferraro, interim Chief Executive Officer, Chief Financial Officer, and Chief Restructuring Officer of Celsius Network LLC, being duly sworn, state the following under penalty of perjury:

1.    I am the interim Chief Executive Officer, Chief Financial Officer, and Chief Restructuring Officer of Celsius Network LLC located at 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

2.    I submit this declaration (this "Declaration") in support of the *Debtors' Application for Entry of an Order Authorizing and Approving the Retention and Employment of Fischer (FBC & Co.) as Special Counsel for the Debtors Effective as of December 7, 2022* (the "Application"),[2] submitted contemporaneously herewith, seeking entry of an order authorizing the Debtors to

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

employ and retain Fischer (FBC & Co.) ("Fischer") as their special counsel in these chapter 11 cases effective as of December 7, 2022.  Except as otherwise noted, all facts in this Declaration are based on my personal knowledge of the matters set forth herein, information gathered from my review of relevant documents, and information supplied to me by other members of the Debtors' management and the Debtors' advisors.

### The Debtors' Selection of Fischer

3.      As Chief Financial Officer, I am involved in and knowledgeable about retaining and supervising outside counsel.  It is my strong belief that it is critical to select outside counsel with the utmost care to maximize the value of the Debtors' estates, while at the same time focusing on costs to ensure that the Debtors' limited resources are being appropriately utilized.

4.      The Debtors selected Fischer to represent them in connection with all Israeli matters related to these chapter 11 cases based on Fischer's reputation and expertise in providing corporate and restructuring advice with a focus on Israeli law.  The Debtors interviewed one other Israeli firm prior to retaining Fischer to provide the Services.

5.      I understand that Fischer's insolvency and debt restructuring practice has deep experience in a wide variety of restructuring engagements, having represented debtors, creditors, companies, bondholders' representatives and controlling shareholders and many of a variety of significant debt arrangements.

6.      Furthermore, in the three months leading to GK8 Debtors' chapter 11 filings, Fischer has assisted the GK8 Debtors in (a) preparing for the Israeli Recognition Proceeding and advising the GK8 Debtors on all matters relating thereto, (b) advising and representing the GK8 Debtors on all Israeli matters relating to the Sale, and (c) providing Israeli legal advice on all other matters of relevance which might arise during these chapter 11 cases.  During this time, Fischer has become

2

familiar with the GK8 Debtors' business, as well as with the specific factual and legal issues raised in the Sale.

7.    If required to retain different counsel to provide the Fischer Services, I believe that the Debtors will be forced to expend significant resources and expense to familiarize such counsel with (a) the complex issues raised in connection with the Sale, the Israeli Recognition Proceeding, and these chapter 11 cases and (b) the status of matters that Fischer has handled or intends to handle for the Debtors.

8.    I believe, for all the aforementioned reasons, that Fischer is both well-qualified and uniquely suited to represent the Debtors in connection with these matters in an efficient and timely manner.

### Rate Structure

9.    In the normal course of business, the Debtors typically monitor legal fees and expenses incurred by the Debtors and report to the applicable law firm any concerns regarding the reasonableness of such fees and expenses.  Any issues regarding such fees and expenses are typically then addressed informally between the Debtors and the firm.  I intend to adopt the same practice with Fischer in connection with this engagement.

10.    Fischer has informed the Debtors that its billing rates and the material terms of the engagement are comparable to (a) Fischer's standard rates and the material terms for non-bankruptcy engagement and (b) the billing rates of other comparably skilled counsel.

### Cost Supervision

11.    I understand that, consistent with Fischer's policy with respect to its other clients, Fischer will continue to seek reimbursement for expenses and other charges incurred in the rendition of services, as more particularly described in the Well Declaration.  I understand that it

is Fischer's policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client.  I also understand that it is Fischer's policy to charge its clients only the amount actually incurred by Fischer in connection with such items.

12.    The Debtors understand that it is their responsibility to track their professionals' billing practices to be sure that the fees and expenses the estates pay are fair and reasonable, and the Debtors will review the fee statements of Fischer and of all of the Debtors' other professionals to ensure that continues to be the case.

13.    Fischer will provide the Debtors with a prospective budget and staffing plan to ensure that Fischer's staffing with respect to the representation of the Debtors is appropriate to meet the Debtors' needs and expectations during these chapter 11 cases.  Fischer will finalize the prospective budget and staffing plan in connection with Fischer's first interim fee application.

*[Remainder of page intentionally left blank]*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated:  January 6, 2023

Respectfully submitted,

*Christopher Ferraro*

Name:   Christopher Ferraro
Title:     Interim Chief Executive Officer, Chief Financial Officer, and Chief Restructuring Officer