| | |
|---|---|
| Joshua A. Sussberg, P.C. | Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*) |
| **KIRKLAND & ELLIS LLP** | Ross M. Kwasteniet, P.C. (admitted *pro hac vice*) |
| **KIRKLAND & ELLIS INTERNATIONAL LLP** | Christopher S. Koenig |
| 601 Lexington Avenue | Dan Latona (admitted *pro hac vice*) |
| New York, New York 10022 | **KIRKLAND & ELLIS LLP** |
| Telephone:    (212) 446-4800 | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Facsimile:    (212) 446-4900 | 300 North LaSalle Street |
| | Chicago, Illinois 60654 |
| | Telephone:    (312) 862-2000 |
| | Facsimile:    (312) 862-2200 |

*Counsel to the Initial Debtors and Debtors in Possession*

*Proposed Counsel to the GK8 Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**CERTIFICATE OF NO OBJECTION
REGARDING THE DEBTORS' MOTION SEEKING
ENTRY OF AN ORDER(I) EXTENDING THE BAR DATES
FOR SUBMITTING PROOFS OF CLAIM, (II) APPROVING
NOTICE THEREOF, AND (III) GRANTING RELATED RELIEF**

Pursuant to 28 U.S.C. § 1746, rule 9075-2 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), and in accordance with this Court's case management procedures set forth in the *Amended Final Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief* [Docket No. 1181]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

(the "Case Management Order"), the undersigned counsel for the above-captioned debtors and debtors in possession (the "Debtors") hereby certifies as follows:

1. On December 30, 2022, the Debtors filed the *Debtors' Motion Seeking Entry of an Order (I) Extending the Bar Dates for Submitting Proofs of Claim, (II) Approving Notice Thereof, and (III) Granting Related Relief* [Docket No. 1803] (the "Motion").

2. In accordance with the Case Management Order, responses or objections to the Motion and the relief requested therein were due no later than January 6, 2023, at 4:00 p.m., prevailing Eastern Time (the "Objection Deadline"). Local Rule 9075-2 provides that the Motion may be granted without a hearing if (a) no objections or other responsive pleadings have been filed on or before the applicable objection deadline and (b) the attorney for the entity that filed the Motion complies with such rule.

3. As of the filing of this certificate of no objection, more than forty-eight hours have elapsed since the Objection Deadline and, to the best of my knowledge, no responsive pleading to the Motion has been (a) filed with the Court on the docket of the above-captioned chapter 11 cases or (b) served on the Debtors or their counsel.

4. Accordingly, the Debtors respectfully request entry of the proposed order attached hereto as **Exhibit A** (the "Proposed Order") at the Court's earliest convenience. If not entered prior to the hearing, the Debtors will seek entry of the Proposed Order at the hearing scheduled for 11:00 a.m., prevailing Eastern Time, on January 10, 2023, before the Honorable Martin Glenn, Chief United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York 10004-1408.

| | |
|---|---|
| New York, New York<br>Dated: January 9, 2023 | */s/ Joshua A. Sussberg*<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C.<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:   (212) 446-4800<br>Facsimile:    (212) 446-4900<br>Email:           joshua.sussberg@kirkland.com<br><br> - and -<br><br>Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)<br>Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)<br>Christopher S. Koenig<br>Dan Latona (admitted *pro hac vice*)<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Telephone:    (312) 862-2000<br>Facsimile:     (312) 862-2200<br>Email:            patrick.nash@kirkland.com<br>                      ross.kwasteniet@kirkland.com<br>                      chris.koenig@kirkland.com<br>                      dan.latona@kirkland.com<br><br>*Counsel to the Initial Debtors and Debtors in Possession*<br><br>*Proposed Counsel to the GK8 Debtors and Debtors in Possession* |

## Exhibit A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**ORDER (I) EXTENDING THE BAR DATES FOR SUBMITTING PROOFS OF CLAIM, (II) APPROVING NOTICE THEREOF, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") seeking entry of an order (this "Extended Bar Date Order"), (a) extending the Bar Dates to February 9, 2023 with respect to the Initial Debtors, (b) approving the form and manner of service of the notice of the Extended Claims Bar Dates, including the notice from the Notice and Claims Agent via the Debtors' mobile application, attached to the Motion as Exhibit B, with a link to the Notice of Extended Claims Bar Dates, attached to the Motion as Exhibit C, and (c) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

having found that this is a core proceeding pursuant to 28 U.S.C.§ 157(b); and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing thereon were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The General Claims Bar Date is hereby extended and, notwithstanding anything to the contrary in the Motion or this Extended Bar Date Order, all persons and entities including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts, that assert a claim (as defined in section 101(5) of the Bankruptcy Code) against the Initial Debtors that arose before the Petition Date, including claims pursuant to section 503(b)(9) of the Bankruptcy Code (each, a "503(b)(9) Claim"), shall submit a written proof of such Claim so that it is actually received by Stretto, Inc. (the "Notice and Claims Agent") on or before **5:00 p.m. prevailing Eastern Time on February 9, 2023** (the "Extended Claims Bar Dates"), in accordance with this Extended Bar Date Order.

3. The Governmental Bar Date is hereby extended and, notwithstanding anything to the contrary in the Motion or this Extended Bar Date Order, Proofs of Claim submitted by governmental units must be submitted so as to be actually received by the Notice and Claims Agent before the Extended Claims Bar Dates, in accordance with this Extended Bar Date Order.

2

4.      In accordance with Bankruptcy Rule 3003(c)(2) and the Guidelines, any holder of a Claim that is not excepted from the requirements of the Extended Bar Date Order or the Bar Date Order, as applicable, and fails to timely submit a Proof of Claim in the appropriate form shall be forever barred, estopped, and enjoined from (a) asserting such Claim against the Initial Debtors and their chapter 11 estates, (b) voting on any chapter 11 plan filed in this case on account of such Claim, and (c) participating in any distribution in these chapter 11 cases on account of such Claim.

5.      For the avoidance of any doubt, the Extended Claim Bar Date does not apply to claims against the GK8 Debtors.

6.      For the avoidance of any doubt, as detailed in the original Bar Date Order, persons or entities need *not* submit a Proof of Claim on behalf of a Claim in these chapter 11 cases on or prior to the applicable bar date if the Claim falls into one of the following categories:

   a. any Claim that has already been asserted in a Proof of Claim against the Debtors with the clerk of the Bankruptcy Court for the Southern District of New York in a form substantially similar to Official Bankruptcy Form No. 410 (unless such person or entity wishes to assert the Claim against a Debtor not identified in the prior Proof of Claim, in which case an additional Proof of Claim must be filed);

   b. any Claim that is listed on the Schedules filed by the Debtors, provided that (i) the Claim is not scheduled as "disputed," "contingent," or "unliquidated"; (ii) the claimant does not disagree with the amount, nature, and priority of the Claim as set forth in the Schedules; and (iii) the claimant does not dispute that the Claim is an obligation only of the specific Debtor against which the Claim is listed in the Schedules;

   c. any Claim that has previously been allowed by order of this Court;

   d. any Claim that has already been paid in full by any of the Debtors;

   e. any Claim for which a different deadline has previously been fixed by this Court;

   f. any Claim held by a Debtor against another Debtor or any of the non-Debtor subsidiaries (whether direct or indirect) of Celsius Network, Inc.;

    g. any Claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course, provided that any person or entity asserting a Claim entitled to administrative expense status under section 503(b)(9) of the Bankruptcy Code must assert such Claim by filing a request for payment or a Proof of Claim on or prior to the Extended Claims Bar Dates;

    h. any Claim based on an equity interest in the Debtors;

    i. any Claim held by a current employee of the Debtors if an order of the Court authorizes the Debtors to honor such Claim in the ordinary course of business as a wage, commission, or benefit; any current or former employee must submit a Proof of Claim by the Extended Claims Bar Dates for all other Claims arising before the Petition Date, including Claims for wrongful termination, discrimination, harassment, hostile work environment, and retaliation;

    j. any Claim held by a current officer or director for indemnification, contribution, or reimbursement;

    k. any Claim for fees and expenses of professionals retained in these chapter 11 cases, including those retained pursuant to the Order Authorizing the Retention and Compensation of Professionals Utilized in the Ordinary Course of Business [Docket No. 519]; and

    l. any Claim held by any person or entity solely against a non Debtor entity.

7. Nothing in this Extended Bar Date Order shall prejudice the right of the Debtors or any other party in interest to dispute or assert offsets or defenses to any Claim reflected in the Schedules.

8. The Notice and Claims Agent shall provide notice to Retail Account Holders via the Debtors' mobile application with the relevant notice of the Extended Claims Bar Dates, substantially in the form annexed as Exhibit B and Exhibit C to the Motion, and such notices are hereby approved.

9. Except for the relief granted in this Extended Bar Date Order that specifically supersedes the original Bar Date Order, the Bar Date Order remains fully valid and enforceable.

10. The notice substantially in the form annexed as Exhibit C to the Motion is approved and shall be deemed adequate and sufficient notice.

4

11. Any person or entity who relies on the Schedules will have the responsibility for determining that such person's or entity's Claim is accurately listed in the Schedules.

12. Notwithstanding anything to the contrary in the Motion, this Extended Bar Date Order, or any findings announced at the Hearing, nothing in the Motion, this Extended Bar Date Order, or announced at the Hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis are expressly reserved.

13. Notwithstanding the relief granted in this Extended Bar Date Order and any actions taken pursuant to such relief, nothing in this Extended Bar Date Order shall be deemed: (a) an admission as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' or the official committee of unsecured creditors' (the "Committee") rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Extended Bar Date Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' or any party in interest's rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors and the Committee expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens. Any payment made pursuant to this Order is not intended and should not be construed as an admission as the validity of any particular claim or a waiver of the Debtors' or the Committee's rights to subsequently dispute such claim.

14. The Debtors and their Notice and Claims Agent are authorized to take all actions and make any payments necessary to effectuate the relief granted in this Extended Bar Date Order in accordance with the Motion.

15. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of the Local Rules of this Court are satisfied by such notice.

16. Notwithstanding anything to the contrary, the terms and conditions of this Extended Bar Date Order are immediately effective and enforceable upon its entry.

17. Entry of this Extended Bar Date Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing a date by which holders of Claims or interests not subject to the Extended Claims Bar Dates established herein must submit such Proofs of Claim or interest or be barred from doing so.

18. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Extended Bar Date Order.

New York, New York
Dated: _____, 2023

                                           THE HONORABLE MARTIN GLENN
                                           CHIEF UNITED STATES BANKRUPTCY JUDGE