JENNER & BLOCK LLP
Catherine L. Steege (admitted *pro hac vice*)
Vincent E. Lazar
353 N. Clark Street
Chicago, Illinois 60654
(312) 222-9350

Richard Levin
Kayvan Sadeghi
1155 Avenue of the Americas
New York, New York 10036
(212) 891-1600

*Counsel to the Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>CELSIUS NETWORK LLC, *et al.*[1]<br><br>　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 22-10964 (MG)<br><br>(Jointly Administered) |

**EXAMINER'S MOTION TO EXTEND**
**DEADLINE FOR EXAMINER'S FINAL REPORT**

　　　　Shoba Pillay, Examiner in these chapter 11 cases, respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, extending the deadline for submission of the Examiner's final report (the "Final Report") to January 30, 2023.

**Jurisdiction and Venue**

　　　　1.　　The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Ltd. (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

Standing Order of Reference from the United States District Court for the Southern District of New York, entered February 1, 2012.

2. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are Rule 9006(c) of the Federal Rules of Bankruptcy Procedure and Rule 9006-1 of the Local Bankruptcy Rules for the Southern District of New York.

**Basis for Relief**

4. On September 14, 2022, the Court entered an order directing the appointment of an Examiner (the "Examiner Order"). [Dkt. 820.]

5. On September 29, 2022, the United States Trustee appointed Shoba Pillay as Examiner and filed a notice of the appointment [Dkt. 920] and the application for the appointment [Dkt. 921]. Also on September 29, 2022, this Court entered an order approving the appointment of the Examiner. [Dkt. 923.]

6. On October 11, 2022, the Examiner filed, in accordance with paragraph 7 of the Examiner Order, her Work Plan [Dkt. 1013-1] ("Original Work Plan"). Under the Examiner Order, the Final Report was to be due 60 days after the filing of her Original Work Plan—i.e., December 10, 2022—absent further order of the Court on notice to all parties. (Examiner Order ¶ 8.) On November 1, 2022, the Court entered an order approving the Examiner's Original Work Plan. [Dkt. 1261.] The order provides that if the Examiner seeks to materially modify the Work Plan, she will seek approval of any such modification by further order of the Court. (*Id.*)

7. Following the approval of the Original Work Plan, the Court entered four Orders modifying the work the Examiner was directed to do. *First*, the Court directed the Examiner to file an interim report by November 19, 2022 addressing certain factual issues related to the claims

2

made by two *ad hoc* groups that the crypto assets held in Custody and Withhold accounts are property of the account holders, rather than the property of the Debtors' bankruptcy estates. (*See Joint Stipulation and Agreed Scheduling Order By and Among the Debtors, The Committee, The Ad Hoc Groups With Respect to Custody and Withhold Issues*, Adv. Pro. 22-01142 [Dkt. 12].)

8. *Second*, on November 1, 2022, the Court entered an *Order Approving Examiner's Motion to Confirm Examination Scope or Alternatively for Expansion of the Scope of the Examination* [Dkt. 1260], which clarified that:

   a. topic (i) in the Examiner Order includes an examination of the Debtors' CEL tokens, including why and how other digital assets were converted into CEL tokens, and how these tokens were marketed, stored, and traded – including whether any of the Debtors' trading practices involving CEL tokens generally or determinations of CEL tokens awarded as part of the Earn Rewards program – impacted their value, and

   b. topic (ii) in the Examiner Order includes an examination of the representations Debtors generally made in public representations to customers to attract them to their platform and about their cryptocurrency holdings and account offerings.

(*Id.* ¶ 7.)

9. *Third*, on November 14, 2022, the Court entered a *Stipulation and Agreed Order Modifying Scope of Examiner Order* [Dkt. 1343] under which "[t]he scope of the Examiner's factual investigation and report is expanded to include an investigation and report on whether the Debtors used new deposits being made by customers to make payments or otherwise meet obligations to existing customers at a time when the Debtors had no other sources (whether liquid or which could have been monetized) from which to make such payments or meet such obligations." (*Id.* ¶ 1.) On November 19, 2022, the Examiner filed her *Interim Report of Shoba Pillay, Examiner* [Dkt. 1411], which addressed matters relevant to the Custody and Withhold Issues.

3

10. *Fourth,* on December 2, 2022, the Court entered the *Order Approving Examiner's Amended Work Plan* [Dkt. 1562], which approved the Examiner's *Amended Work Plan* [Dkt. 1438-1] and extended the deadline for the Examiner's Final Report from December 10, 2022 to January 17, 2023. The Examiner had requested this extension because of, among other reasons, limitations on the Debtors' abilities "to produce certain financial and other reports" and "to produce requested information on an expedited basis."

11. The Examiner's investigation has continued in earnest. The Examiner has collected and reviewed more than 650,000 pages of documents and formally interviewed 45 current and former Celsius personnel and customers. However, the production of documents to the Examiner was delayed, and many documents are still being produced.

12. The Debtors have produced 369,962 pages of documents during the past week alone, and several thousand (if not more) additional documents are still in the process of being produced.

13. Additionally, several witness interviews were delayed, and as a result, at least five witness interviews are scheduled for this week.

14. In light of these delays, the Examiner requests a 13-day extension of the deadline to file her Final Report: to January 30, 2023 from January 17, 2023. This extension is necessary to review, analyze and incorporate the information gathered during the Examiner's investigation into the Final Report in accordance with the Examiner's investigative mandate under the Examiner Order.

15. In accordance with the Examiner Order, the Examiner has consulted with counsel to the Debtors and counsel to the Official Committee of Unsecured Creditors ("UCC") regarding

the requested extension. The Debtors and UCC have indicated that they do not object to the Motion.

16.     The Examiner has provided notice of this Motion to the above-named parties and to the 2002 Service List maintained by Stretto in these chapter 11 cases.

(*Signature page follows.*)

WHEREFORE, the Examiner respectfully requests that this Court enter the proposed Order, attached hereto as **Exhibit A**, extending the deadline for the Examiner to submit her Final Report to January 30, 2023.

Dated: January 11, 2023
New York, New York

Respectfully submitted,

JENNER & BLOCK LLP

By: /s/ *Vincent E. Lazar*
Catherine L. Steege (admitted *pro hac vice*)
Vincent E. Lazar
353 N. Clark Street
Chicago, IL 60654
(312) 222-9350
vlazar@jenner.com
csteege@jenner.com

Richard Levin
Kayvan Sadeghi
1155 Avenue of the Americas
New York, NY 10036
(212) 891-1600
rlevin@jenner.com
ksadeghi@jenner.com

*Counsel to the Examiner*