**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,¹ | ) ) ) | Case No. 22-10964 (MG) |
| Debtors. | ) ) | (Jointly Administered.) |

Hon. Martin Glenn Chief
United States Bankruptcy Judge
United States Bankruptcy
Court Southern District of New York
One Bowling Green, Courtroom 523 New York, NY 10004-1408

Re: *In re Celsius Network LLC, No. 22-10964 (MG) – Daniel A. Frishberg's Motion for Reconsideration of GK8 Sale and Other Requested Relief* [Docket No. 1794]

Dear Chief Judge Glenn:

On December 28th, 2022, I requested discovery for my Motion (ECF Docket No. 1794) from the Debtors. After exchanging a few emails, they replied back on December 31st, 2022, with "We will respond in due course" (which they also said on December 28th, 2022, *see* **Exhibit B**). On January 2nd, 2023, the Debtors provided me with the GK8 Lloyds 2012 Syndicate E&O insurance policy. On January 3rd, 2023, the Debtors provided me with the GK8 office insurance policy (in Hebrew). On January 6th, 2023, I wrote to the Debtors (*see* **Exhibit**

---

¹ The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

**D**) to request discovery. The Debtors replied to me, and flat out refused to provide me with any discovery "absent an order from Judge Glenn directing" them to provide me with discovery. The Supreme Court Of The United States held in *Owens v. Zucker*[2], that *pro se* pleadings, "such as those asserted by petitioner, however inartful pleaded, are sufficient to call for **the opportunity to offer supporting evidence**."[3]

While I do have some evidence such as the Levy Declaration (*see* exhibits in ECF Docket No. 1784, ECF Docket No. 1826) which is now supported by the Lloyds 2012 Syndicate Insurance Policy which shows Dr. Levy was correct that GK8 and Celsius Network LLC misrepresented and are boldly misrepresenting the existence of over a billion dollars in insurance when the maximum aggregate face value of the only policy produced is a mere $750,000. But to be able to sufficiently present my case, I need to obtain more evidence (*see* **Exhibit D**), which is exactly what discovery is for. Discovery is defined by US courts as: "Procedures used to obtain disclosure of evidence before trial[4]". The Debtors stated: "[T]he Debtors also reserve the right to seek discovery into, *at a minimum*, **your communications about the issues raised in your adversary complaint and the Chapter 11 cases more broadly.**[5]" ( this was after I requested discovery from them in my Adversary Proceedings (ECF Docket No, 1652, Adv. Pro. 22-01179 (MG)). They are effectively asking me with no legal justification to provide them **everything** (including privileged information) and are offering (in the GK8 Motion) nothing in return other than they extremely limited information they have provided so far. The Debtors also said that

---

[2] https://www.supremecourt.gov/DocketPDF/18/18-7897/88306/20190215150435558_00000007.pdf
[3] (Emphasis added.)
[4] https://www.uscourts.gov/glossary#letter_d
[5] (Emphasis added.)

they: "[R]eiterate that they also intend to pursue discovery into communications about the issues raised in your adversary complaint and the Chapter 11 cases more broadly, including **communications (whether by Twitter public or private message or otherwise) with persons other than Celsius and its representatives[6]**." "The Debtors expect those communications will be preserved, as they are plainly relevant to the subject matter raised in your adversary proceeding and also speak to other relevant issues, such as bias[7]." The fact that a small creditor[8] has seemingly caught a billion dollar corporation lying about insurance policies is not bias, it is called acting in the public interest. Digging into my private communications is highly improper unless Debtors are challenging my status as a bona fide creditor[9], as I unlike the Debtor, Celsius Network LLC, am not the one who lied about the existence of a $750 million insurance scheme in support of unregistered securities under state Blue Sky Laws in the week(s) prior to the bankruptcy filing.[10]

    The Debtors literally want my Twitter tweets and private messages (which are *completely* irrelevant to my Adversary Proceeding), but are unwilling to provide insurance policies, previously disclosed NDA's, and statements confirming or denying the existence of either potentially **billions** in insurance or an ongoing scheme to fraudulently inflate insurance that they have disclosed but not provided.

---

[6] Their request is extremely broad, they are asking for literally all communications (since presumably they already have communications that included them, and from public forums).
[7] (Emphasis added).
[8] I continue to hold that I should not be a creditor. Any use of "creditor" or similar terms are simply for ease of reading for Your Honor. All rights reserved.
[9] I continue to hold that I should not be a creditor. Any use of "creditor" or similar terms are simply for ease of reading for Your Honor. All rights reserved.
[10] Blue sky laws are state-level, **anti-fraud** regulations that require **issuers** of securities to be registered and to disclose details of their offerings. Blue sky laws create **liability** for **issuers**, allowing legal authorities and investors to bring action against them for failing to live up to the laws' provisions.

I suggest the method of discovery (for judicial economy and speed) written depositions/interrogatories/admissions in addition to the production of documents such as any other insurance policies and the AON NDA's. Normally I would also request oral depositions of some key figures (such as the ones who claimed the insurance existed and extensively advertised it), but I cannot afford to pay for oral deposition costs such as transcripts and a court reporter, so written depositions will have to suffice.

Respectfully Signed:

Daniel A. Frishberg, *Pro Se*

January 9th, 2023,

Florida, USA

/s/*Daniel A. Frishberg*

**EXHIBITS:**

## Exhibit A (December 28th, 2022, 7:14 PM EST):

"Daniel,

As communicated to you on December 13 (please see attached), neither the Initial Debtors nor GK8 Debtors are party to any insurance policies with Aon. Thus, we are unable to produce anything in that regard.  In short, prior to the purchase of GK8 by Celsius, GK8 entered into a referral arrangement with Aon, an insurance broker, where GK8 would refer its customers (*i.e.,* customers that stored cryptocurrency on GK8's platform, ***not*** on Celsius's platform) to Aon who, in turn, would facilitate the underwriting of insurance policies between those referred GK8 customers and certain insurers in the London insurance market.  That is, GK8 provided an opportunity for its customers (*i.e.*, not Celsius customers) to purchase insurance from a third-party underwriter. GK8 never purchased any policy under the referral arrangement. Celsius, which stored a nominal amount of its own cryptocurrency on the GK8 platform, never purchased a policy under this arrangement.  The current referral arrangement with USI is similar.

Furthermore, your request for all "insurance policies that are held by Celsius, its subsidiaries, GK8, etc (basically anything held by the estate)" is broad, vague, and (except for anything re GK8) outside the scope of your motion reconsidering the sale of GK8.

Regarding the Aon NDAs:  the NDA dated November 17, 2021 was executed in connection with an RFP that Celsius conducted for broker services.   The NDA dated February 2022 was for the purpose of initial discussions with Aon on procuring an insurance policy for GK8.  Due to competing priorities, this project did not come to fruition, and GK8 did not purchase any policy.

Additionally, your request to produce "any other information that is relevant to my motion" is too broad and vague.

Finally, please inform us how you came across the purported declaration of Dr. Levy and whether you plan on presenting him as a witness at the hearing? If so, we will issue a notice of deposition to Dr. Levy. If not, please inform us what evidence you intend to present given that the sole legal basis of your motion was "new evidence" and, aside from Dr. Levy's declaration, you offer nothing additional in your motion.

The Debtors reserve all rights, including challenging the purported origination and authenticity of the Dr. Levy declaration, and with respect to your interference in the GK8 sale process.

**Dan Latona"**

### Exhibit B (December 28th, 2022, 10:28 PM EST):

"Daniel, your email is received. We will respond in due course.

To be clear, the Debtors dispute every baseless allegation in your email below.

**Dan Latona"**


### Exhibit C (January 2nd, 2023 5:01 PM EST):

"Daniel,

The E&O policy disclosed in our motion [Docket No. 1626] is attached. We will provide a copy of the office insurance policy tomorrow. Those are the only two insurance policies being sold.

As I have communicated to you twice already, Celsius (as an institutional customer storing its own crypto on GK8's platform) did ***not*** take advantage of the referral arrangement with Aon and purchase insurance; that is, there currently is no (and never has been any) Celsius or GK8 insurance policy issued or underwritten by Aon.

The Debtors will not produce any insurance policies owned by Celsius Network Ltd or any other non-GK8 Debtors because those policies are not part of the GK8 sale and are therefore outside the scope of the relief requested in your motion. Celsius owns certain D&O policies that cover the GK8 Debtors as subsidiaries, but those are not being sold and are disclosed in the Debtors' Schedules & Statements.

Finally, while we do not doubt Dr. Levy's existence, we question the origination and authenticity of his purported declaration. Please inform of us how you came across the declaration and whether you intend to present Dr. Levy as a witness in support of your motion. To the extent you do not affirmatively answer, we will notice Dr. Levy for deposition in the coming weeks and reserve our rights to conduct discovery on his purported findings. We also reserve our rights to notice you for deposition regarding your discovery of the declaration. If you do not intend to present Dr. Levy, what evidence do you plan to present so that the Debtors can conduct their own discovery.

**Dan Latona"**

**Exhibit D (January 6th, 2023, 6:41 PM EST)**

"Dear Dan/Kirkland Team,

I would like the following information for discovery:

1.   The two AON NDA's, and any documentation, emails or other forms of data which support the existence of the $750 million of insurance claimed on the Celsius Networks website in June and July (seen at this link:

https://web.archive.org/web/20220705003008/https://celsius.network/ ). Seen in the link is [Celsius's] website on July 5th, 2022.

2.   In the absence of any information supporting the existence of the purported $750 million, please provide a sworn, verified statement that no such insurance existed.

I will also like to conduct interrogatories/admissions/written depositions.

Sincerely,

Daniel Frishberg"

**Exhibit E (January 6th, 2023, 6:51 PM EST):**

"Danny -

We're not producing any documents to you absent an order from Judge Glenn directing us to do so.

Patrick J. Nash Jr."

**Exhibit F (January 6th, 2023, 7:09 PM EST):**

"Proceed as you see fit. We'll respond accordingly.

Patrick J. Nash Jr."