**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## ORDER PURSUANT TO SECTION 327(E) OF THE BANKRUPTCY CODE AUTHORIZING AND APPROVING THE RETENTION AND EMPLOYMENT OF FISCHER (FBC & CO.) AS SPECIAL COUNSEL FOR THE DEBTORS EFFECTIVE AS OF DECEMBER 7, 2022

Upon the application (the "Application")[2] of the Debtors for entry of an order (this "Order") pursuant to section 327(e) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1 authorizing the Debtors to retain Fischer (FBC & Co.) ("Fischer") as special counsel to the Debtors with respect to the Services, all as more fully set forth in the Application, the *Declaration of Avraham Well in Support of the Debtors' Application for Entry of an Order Pursuant to Section 327(e) of the Bankruptcy Code Authorizing and Approving the Retention and Employment of Fischer (FBC & Co.) as Special Counsel for the Debtors Effective as of December 7, 2022* (the "Well Declaration"), and the *Declaration of Christopher Ferraro in Support of Debtors' Application for Entry of an Order Pursuant to Section 327(e) of the Bankruptcy Code Authorizing and Approving the Retention and Employment of Fischer (FBC & Co.) as Special Counsel for the Debtors Effective as of December 7, 2022* (the "Ferraro

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2]    Capitalized terms used but not defined herein have the meanings ascribed to them in the Application.

Declaration"); and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334 and the *Amended Standing Order of Reference* from the United States District Court for the

Southern District of New York, entered February 1, 2012; and this Court having the power to enter

a final order consistent with Article III of the United States Constitution; and this Court having

found that venue of these cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409;

and this Court having found that the relief requested in the Application is in the best interests of

the Debtors' estates, their creditors, and other parties in interest; and this Court having found that

the Debtors' notice of the Application and opportunity for a hearing thereon were appropriate

under the circumstances and no other notice need be provided; and this Court having reviewed the

Application and having heard the statements in support of the relief requested therein at a hearing

before this Court (the "Hearing"); and this Court having determined that the legal and factual bases

set forth in the Application and at the Hearing establish just cause for the relief granted herein; and

after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Application is granted as set forth herein.

2.      Pursuant to section 327(e) of the Bankruptcy Code, Bankruptcy Rules 2014 and

2016, and Local Rules 2014-1 and 2016-1, the Debtors are authorized to retain Fischer as special

counsel for the Debtors, effective as of December 7, 2022, and Fischer is authorized to perform

the legal services described in the Application.

3.      Fischer shall apply for compensation for professional services rendered and

reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in

compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the

Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court.

4.      Prior to any increase in Fischer's rates for any individual providing services in these chapter 11 cases, Fischer shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtors, the U.S. Trustee, the Fee Examiner, and any official committee. The supplemental affidavit shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtors have consented to the rate increase. The U.S. Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code.

5.      In the event of any inconsistency between the Application, the Well Declaration, the Engagement Letter, and this Order, the terms of this Order shall govern.

6.      Fischer shall use its best efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases.

7.      The relief granted herein shall be binding upon any chapter 11 trustee appointed in any of these chapter 11 cases or upon any chapter 7 trustee appointed in the event of a subsequent conversion of any of these chapter 11 cases to cases under chapter 7.

8.      Notwithstanding any provision to the contrary in the Engagement Letter, any dispute relating to the services provided by Fischer shall be referred to arbitration consistent with terms of the Engagement Letter only to the extent that this Court does not have, retain, or exercise jurisdiction over the dispute, and 28 U.S.C. § 1334(e)(2) shall govern the forum for resolving fee disputes.

9.      Notwithstanding anything to the contrary in the Engagement Letter, Fischer shall not withdraw as Debtor's counsel prior to the effective date of any chapter 11 plan confirmed in

these chapter 11 cases without prior approval of the Court in accordance with Local Bankruptcy Rules 2090-(e).

10.     Notwithstanding anything to the contrary in the Engagement Letter, any applications filed by Fischer for allowance of its compensation and expenses will be denominated in United States dollars.

11.     Notice of the Application as provided therein is good and sufficient notice of such Application and the requirements of Bankruptcy Rule 6004(h) and the Local Rules are satisfied by such notice.

12.     Notwithstanding any provision in the Bankruptcy Rules to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

13.     The Debtors are authorized to take all reasonable actions necessary to effectuate the relief granted in this Order in accordance with the Application.

14.     This Court retains exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**IT IS SO ORDERED.**

Dated:  January 23, 2023
             New York, New York


                                                    **/s/ Martin Glenn**
                                                    MARTIN GLENN
                                                    Chief United States Bankruptcy Judge