UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) ) ) | Case No. 22-10964 (MG) |
| Debtors. | ) ) ) | (Jointly Administered.) |

# DANIEL A. FRISHBERGS' REPLY TO THE DEBTORS' OBJECTION TO DANIEL A, FRISHBERGS' MOTION FOR RECONSIDERATION OF GK8 SALE AND OTHER REQUESTED RELIEF

Daniel A. Frishberg ("Mr. Frishberg", "I", and "me"), hereby file this Reply (the "Reply") to *The Debtors' Objection To Daniel A. Frishberg's Motion For Reconsideration Of The GK8 Sale And Other Requested Relief* (the "Objection", ECF Docket No. 1869). Mr. Frishberg respectfully states in support of his Reply as follows:

## Preliminary Statement

Mr. Frishberg would like to note that on the morning of January 20th, 2023, he sent the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

Debtors and UCC an email proposing a settlement. In exchange for withdrawing his Motion, the Debtors would agree to expand the Examiner's scope and have her examine the Debtors' narrow claims around insurance, specifically those made on Celsius' website between the dates of June 5th, 2022 and July 8th, 2022 in which Celsius Network presented the existence of $750 million in insurance through GK8 to its now creditors, and customers such as Mr. Frishberg[2]. This was to be done via a stipulation with the Debtors, UCC, and any other necessary parties. Along with the email, I sent an attachment containing a suggestion for a part of the proposed stipulation (*see* **Exhibit A**). On January 21st, 2023, the Debtors replied, but their reply is confidential and I[3] will not disclose it. It should also be noted that as of the time of the last revision of this document (late evening of January 22nd, 2023), the Debtors have still not provided discovery (other than what was published on the docket earlier in January such as the two insurance policies for GK8).

This Motion[4] is not untimely or meritless, and it should be granted. Contrary to the Debtors' claims, I am not filing my Motion under FRBP 60(b) or FRBP 3008[5] and *only* raising these issues in this motion I had also objected to the sale on December 12, 2022 (the day before the entry of the sale order on ECF Docket No. 1686, and attempted to raise these issues then as well, however, the objection was never docketed.)

In any case, I ask that Your Honor (as the US Supreme Court requires a *Pro Se*'s requests to be "liberally" interpreted) liberally construes the scope of my Motion, which includes considering that I had objected on December 12, 2022, and that the motion can be construed as a

---

[2] In Mr. Frishberg's case, he ceased being a customer on July 5th, 2022.
[3] The Debtors may disclose it if they wish, as is their right. All rights reserved.
[4] ECF Docket No. 1794, the "Motion".
[5] It was titled that way by the court, and not me. I did not intend for the court to interpret it that way.

motion to clarify or expand the examiner's scope, which has no deadline. Even if the Debtors did not actually have the $750 million in insurance they claimed; a <u>finding of fact</u> is important to creditors because many relied on this potentially false statement made by the Debtors. GK8 **<u>voluntarily submitted</u>** to this Court's jurisdiction, as it was not obligated to file for bankruptcy inside the US as it is an international company based in Israel. They *chose to do so*, and they submitted themselves to US Jurisdiction, so they have to be fully honest with creditors. As regulators have said, "sunlight is the best disinfectant". Celsius seemingly engaged in what amounts to fraudulent misrepresentation/insurance fraud to the creditors in the weeks leading up to the petition. GK8 was involved with that misrepresentation because they stated without qualification to all the world that Celsius had insurance *through its subsidiary* GK8 (as well as separately without mentions of GK8). The Debtors have also not answered how many insurance policies were sold purportedly through the GK8-Aon plc arrangement, and how much GK8 was earning for these purported sales. All we now know is that GK8 had a measly $750,000 in insurance that was not obtained through Aon plc which was never disclosed until recently (and it was only disclosed because of my motion). Any delays caused, are solely due to the Debtor's concealment of their previous misrepresentations. The Debtors call me "confused", and they are technically correct. I was confused due to their actions. I took the Debtors at their face value, and filed this in good faith on the assumption that the Debtors did not lie about holding $750m in insurance policies, but they did.

## **<u>Argument</u>**

The Debtors' claims that the postings on various websites (such as Celsius or GK8's) were clearly talking about purported *<u>hypothetical</u>* insurance are complete nonsense. The plain meaning

is there for all to see. No matter how much they try to avoid the subject, it is critical that we talk about insurance, and specifically the advertised insurance on Celsius's website during the critical period of June-July 2022. Celsius claimed that it had $750m worth of insurance (in one case with GK8 mentioned, in another without the mention of GK8), it is now clear (by the Debtor's own apparent admissions) that the **insurance never existed**. It should not surprise the Court that I was confused about insurance when I initially filed the objection and the motion, given that **Celsius had claimed the insurance existed on their website.** Celsius's website, as clearly laid out in my Declaration (ECF Docket No. 1826), unambiguously stated that Celsius held $750m in insurance (see Exhibit A of the *Frishberg Declaration*). First it was claimed that Celsius had $750m of insurance through GK8, and later that Celsius had $750m of insurance. Yet debtors continue to obfuscate when they simply need to admit their conduct and submit to an insurance examiner.

Celsius has transferred various contracts to GK8, including some insurance policies (which I believe are the ones disclosed and approved in the sale, *see* ECF Docket No. 1647). The issue is that I and other creditors may have claims against those insurance policies, specifically the Errors and Omissions policy. We may have claims against the insurance companies who partnered with GK8. The Errors and Omissions insurance should be held back from the sale, and left for myself, and **anyone else** that has claims against it, as I relied on the (apparent) misrepresentation of the existence of $750m of insurance, which according to the Debtors themselves does not exist and which warrants a finding of fraud. The issues at hand are pivoting more from insurance and its effects on the GK8 sale, to insurance, and how GK8 plays into an increased potential recovery around insurance.

Another big question is: what really is Fireblocks LLC? The Debtors have yet to actually release their contracts with them or even list them as a vendor and as such it is unknown how much Fireblocks LLC is/was being paid. The Debtors say things (paraphrasing) like: "The coins are being held at FireBlocks." And say that FireBlocks is or was their custodian. Or that they have $30 million in insurance (yet again) through FireBlocks. If FireBlocks is Celsius's custodian, then they may have potential liability for the fraudulent actions of Celsius and its management. The Debtors appear to be deliberately concealing their relationship with FireBlocks LLC. The relationship should be fully disclosed and explained.

Respectfully Signed,

Daniel Frishberg, *Pro Se*

01/22/2023,

Florida, USA,

*/s/Daniel A, Frishberg*

**Exhibit A:**

Between approximately June 5th, 2022 and July 8th, 2022, the common website for the Debtors, Celsius Network LLC, Celsius Network Lending LLC, and Celsius Network Ltd and non debtor Celsius EU UAB carried the following legends:



Celsius's website as of June 6th, 2022;
https://web.archive.org/web/20220606133917/https://celsius.network



Celsius's website as of July 5th, 2022:
https://web.archive.org/web/20220705003008/https://celsius.network/

At no time relevant to the above did debtors known collectively as GK8 (GK8 Ltd, GK8 USA LLC, GK8 UK Ltd.) possess $750 million in insurance for assets in GK8.

At no time relevant to the above did the debtors Celsius Network LLC, Celsius Network Lending LLC, and Celsius Network Ltd and non debtor Celsius EU UAB possess $750 million in insurance.

*[Rest of page left intentionally blank]*