Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Counsel to the Initial Debtors and Debtors in Possession*

*Proposed Counsel to the GK8 Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## NOTICE OF FILING OF REVISED
## PROPOSED ORDER (I) AUTHORIZING
## (A) THE TRANSFER OF CRYPTOCURRENCY
## ASSETS SERVING AS COLLATERAL ON ACCOUNT
## OF INSTITUTIONAL LOANS IN THE ORDINARY COURSE
## OF BUSINESS AND (B) THE EXERCISE OF THE DEBTORS'
## RIGHTS AND REMEDIES PROVIDED UNDER EACH MASTER
## LENDING AGREEMENT AND (II) GRANTING RELATED RELIEF

**PLEASE TAKE NOTICE** that on January 3, 2023, the above-captioned debtors and

debtors in possession (collectively, the "Debtors") filed the *Debtors' Motion Seeking Entry of an*

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Order (I) Authorizing (A) The Transfer of Cryptocurrency Assets Serving as Collateral on Account of Institutional Loans in The Ordinary Course of Business and (B) The Exercise of The Debtors' Rights and Remedies Provided Under Each Master Lending Agreement and (II) Granting Related Relief* [Docket No. 1818] (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that the Debtors hereby submit the *Order (I) Authorizing (A) The Transfer of Cryptocurrency Assets Serving as Collateral on Account of Institutional Loans in The Ordinary Course of Business and (B) The Exercise of The Debtors' Rights and Remedies Provided Under Each Master Lending Agreement and (II) Granting Related Relief* attached hereto as **Exhibit A** (the "Revised Proposed Order").

**PLEASE TAKE FURTHER NOTICE** that a comparison between the proposed order filed as **Exhibit A** to the Motion (the "Proposed Order") and the Revised Proposed Order is attached hereto as **Exhibit B**.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion, the Proposed Order, the Revised Proposed Order, and other pleadings filed in the above-captioned chapter 11 cases may be obtained free of charge by visiting the website of Stretto at http://www.cases.stretto.com/celsius. You may also obtain copies of any pleadings by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

*[Remainder of page intentionally left blank]*

2

New York, New York
Dated: January 23, 2023

/s/ Joshua A. Sussberg
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:            joshua.sussberg@kirkland.com

- and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois  60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200
Email:            patrick.nash@kirkland.com
                      ross.kwasteniet@kirkland.com
                      chris.koenig@kirkland.com
                      dan.latona@kirkland.com

*Counsel to the Initial Debtors and Debtors in Possession*

*Proposed Counsel to the GK8 Debtors and Debtors in Possession*

**<u>Exhibit  A</u>**

**Revised Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER (I) AUTHORIZING
(A) THE TRANSFER OF CRYPTOCURRENCY
ASSETS SERVING AS COLLATERAL ON ACCOUNT
OF INSTITUTIONAL LOANS IN THE ORDINARY COURSE
OF BUSINESS AND (B) THE EXERCISE OF THE DEBTORS'
RIGHTS AND REMEDIES PROVIDED UNDER EACH MASTER
LENDING AGREEMENT AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") seeking entry of an order (this "Order"), (a) authorizing the Debtors to, consistent with past practice and in the ordinary course of business, (i) transfer cryptocurrency assets serving as collateral on account of loans to institutional customers upon repayment of each loan, (ii) exercise their rights provided under each Master Lending Agreement (each a "MLA") to apply cryptocurrency assets serving as collateral on account of institutional loans at the prevailing market price to the balance of such outstanding loans, including principal and any accrued interest, or, in the alternative, to sell such collateral and retain the proceeds, and close out such loans, (iii) exercise other rights and remedies provided for under the MLAs, and amend terms through

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

the mutual assent of the parties and (iv) engage in other ordinary course of business transactions necessary to manage the Debtors' lending positions, including, but not limited to, entry into workout agreements and acceptance of partial repayment in the form of digital assets, cash, or equity and (b) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these chapter 11 cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing thereon were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing (if any) before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing (if any) establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      Pursuant to section 363(b) of the Bankruptcy Code, the Debtors are authorized, but not directed, in consultation with the advisors to the Official Committee of Unsecured Creditors (the "Committee") to exercise their rights under each MLA with respect to each corresponding outstanding institutional loan without further notice and hearing; *provided* that the Debtors shall

not effectuate any transfer of cryptocurrency assets without the prior consent (email shall suffice) of the Committee or, if the Committee does not consent, further order of the Court.

3.    Notwithstanding section 552 of the Bankruptcy Code, upon exercise of the Debtors' preexisting rights to issue margin calls to each institutional loan to each institutional loan counterparty and accept any related cryptocurrency assets transferred to satisfy such margin call, in consultation with the advisors to the Committee, the transferred cryptocurrency assets shall be deemed to constitute collateral for the applicable institutional loan.

4.    Under section 363(b)(1) of the Bankruptcy Code, the Debtors are authorized, but not directed, in consultation with the advisors to the Committee, to apply any payments made by institutional loan counterparties to the balance of existing loans, including principal and any accrued interest, or, in the alternative, to sell such collateral and retain the proceeds, and close out such loans, on a postpetition basis consistent with prepetition practices and in the ordinary course of business without further notice and hearing; *provided* that any sale or transfer of cryptocurrency being held as collateral shall be subject to the *Final Order (I) Authorizing The Debtors to (A) Continue to Operate Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (D) Continue to Perform Intercompany Transactions, (II) Granting Superpriority Administrative Expense Status to Postpetition Intercompany Balances, and (III) Granting Related Relief* [Docket No. 1152] (the "Final Cash Management Order"); *provided, further*, that the Debtors shall not sell such collateral without the Committee's consent (email shall suffice) or, if the Committee does not consent, further order of the Court.

5.    Pursuant to section 363(b)(1) of the Bankruptcy Code, the Debtors are authorized, but not directed, in consultation with the advisors to the Committee, to exercise all other remedies

3

available to them under the MLAs, and amend terms through the mutual assent of the parties, on a postpetition basis consistent with prepetition practices and in the ordinary course of business without further notice and hearing; *provided* that the Debtors shall not enter into any agreement or amendment to an agreement with an institutional loan counterparty with respect to its outstanding institutional loan without the Committee's consent (email shall suffice).

6.      Pursuant to section 363(b) of the Bankruptcy Code, the Debtors are authorized, but not directed, in consultation with the advisors to the Committee, to engage in all other ordinary course of business transactions necessary to manage the institutional loan portfolio, including, but not limited to, entry into workout agreements and acceptance of partial payment in the form of digital assets, cash or equity, on a postpetition basis consistent with prepetition practices and in the ordinary course of business without further notice or hearing; *provided* that any sale or transfer of cryptocurrency being held as collateral shall be subject to the Final Cash Management Order; *provided, further*, that the Debtors shall not enter into any agreement or amendment to an agreement with an institutional loan counterparty with respect to its outstanding institutional loan without the Committee's consent (email shall suffice).

7.      Notwithstanding anything to the contrary herein, any amounts received from loan counterparties in connection with the relief requested herein are subject to the applicable provisions of the Final Cash Management Order or any subsequent order of the Court with respect to the Debtors' cash management system.

8.      Notwithstanding anything to the contrary in the Motion, this Order, or any findings announced at the Hearing, nothing in the Motion, this Order, or announced at the Hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions

involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis are expressly reserved.

9.　　Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' or the Committee's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' or any party in interest's rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors and the Committee expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens. Any payment made pursuant to this Order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' or the Committee's rights to subsequently dispute such claim.

10.　　The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or are otherwise deemed waived.

11.　　Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

12.　　Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

13.　　The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

14.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2023

THE HONORABLE MARTIN GLENN
CHIEF UNITED STATES BANKRUPTCY JUDGE

## Exhibit  B

**Redline**

*[Different first page link-to-previous setting changed from on in original to off in modified.].*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER (I) AUTHORIZING**
**(A) THE TRANSFER OF CRYPTOCURRENCY**
**ASSETS SERVING AS COLLATERAL ON ACCOUNT**
**OF INSTITUTIONAL LOANS IN THE ORDINARY COURSE**
**OF BUSINESS AND (B) THE EXERCISE OF THE DEBTORS'**
**RIGHTS AND REMEDIES PROVIDED UNDER EACH MASTER**
**LENDING AGREEMENT AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") seeking entry of an order (this "Order"), (a) authorizing the Debtors to, consistent with past practice and in the ordinary course of business, (i) transfer cryptocurrency assets serving as collateral on account of loans to institutional customers upon repayment of each loan, (ii) exercise their rights provided under each Master Lending Agreement (each a "MLA") to apply

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

cryptocurrency assets serving as collateral on account of institutional loans at the prevailing market price to the balance of such outstanding loans, including principal and any accrued interest, or, in the alternative, to sell such collateral and retain the proceeds, and close out such loans, (iii) exercise other rights and remedies provided for under the MLAs, ~~including, but not limited to, netting, setoff, and amendment of~~and amend terms through the mutual assent of the parties and (iv) engage in other ordinary course of business transactions necessary to manage the Debtors' lending positions, including, but not limited to, entry into workout agreements and acceptance of partial repayment in the form of digital assets, cash, or equity and (b) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these chapter 11 cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing thereon were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing (if any) before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing (if any) establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      Pursuant to section 363(~~e)(1~~b) of the Bankruptcy Code, the Debtors are authorized, but not directed, ~~to transfer cryptocurrency assets serving as collateral on account of each~~in consultation

with the advisors to the Official Committee of Unsecured Creditors (the "Committee") to exercise their rights under each MLA with respect to each corresponding outstanding institutional loan ~~to the respective loan counterparty, whether currently held or received in the future, on a postpetition basis consistent with prepetition practices and in the ordinary course of business~~ without further notice and hearing; *provided* that the Debtors shall not effectuate any transfer of cryptocurrency assets without the prior consent (email shall suffice) of the Committee or, if the Committee does not consent, further order of the Court.

3.      Notwithstanding section 552 of the Bankruptcy Code, upon exercise of the Debtors' preexisting rights to issue margin calls to each institutional loan to each institutional loan counterparty and accept any related cryptocurrency assets transferred to satisfy such margin call, in consultation with the advisors to the Committee, the transferred cryptocurrency assets shall be ~~security~~deemed to constitute collateral for the applicable institutional loan.

4.      ~~Pursuant to~~Under section 363(~~e~~b)(1) of the Bankruptcy Code, the Debtors are authorized, but not directed, in consultation with the advisors to the Committee, to apply any payments made by institutional loan counterparties to the balance of existing loans, including principal and any accrued interest, or, in the alternative, to sell such collateral and retain the proceeds, and close out such loans, on a postpetition basis consistent with prepetition practices and in the ordinary course of business without further notice and hearing~~.~~; *provided* that any sale or transfer of cryptocurrency being held as collateral shall be subject to the *Final Order (I) Authorizing The Debtors to (A) Continue to Operate Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (D) Continue to Perform Intercompany Transactions, (II) Granting Superpriority Administrative Expense Status to Postpetition Intercompany Balances, and (III) Granting Related Relief* [Docket No. 1152] (the "Final Cash Management Order"); *provided, further,* that the Debtors shall not sell such collateral without the

Committee's consent (email shall suffice) or, if the Committee does not consent, further order of the Court.

5.     Pursuant to section 363(eb)(1) of the Bankruptcy Code, the Debtors are authorized, but not directed, in consultation with the advisors to the Committee, to exercise all other remedies available to them under the MLAs, ~~including, but not limited to, netting, setoff,~~ and amend~~ing~~ terms through the mutual assent of the parties, on a postpetition basis consistent with prepetition practices and in the ordinary course of business without further notice and hearing; *provided* that the Debtors shall not enter into any agreement or amendment to an agreement with an institutional loan counterparty with respect to its outstanding institutional loan without the Committee's consent (email shall suffice).

6.     Pursuant to section 363(e)(1b) of the Bankruptcy Code, the Debtors are authorized, but not directed, in consultation with the advisors to the Committee, to engage in all other ordinary course of business transactions necessary to manage the institutional loan portfolio, including, but not limited to, entry into workout agreements and acceptance of partial payment in the form of digital assets, cash or equity, on a postpetition basis consistent with prepetition practices and in the ordinary course of business without further notice or hearing; *provided* that any sale or transfer of cryptocurrency being held as collateral shall be subject to the Final Cash Management Order; *provided, further, that* the Debtors shall not enter into any agreement or amendment to an agreement with an institutional loan counterparty with respect to its outstanding institutional loan without the Committee's consent (email shall suffice).

7.     Notwithstanding anything to the contrary herein, any amounts received from loan counterparties in connection with the relief requested herein are subject to the applicable provisions of the Final ~~Order (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (D) Continue to Perform Intercompany Transactions, (II) Granting~~

*Superpriority Administrative Expense Status to postpetition Intercompany Balances, and (III) Granting Related Relief* [Docket No. 1152] and any other Cash Management Order or any subsequent order of the Court relating to the subject matter hereof with respect to the Debtors' cash management system.

8.      Notwithstanding anything to the contrary in the Motion, this Order, or any findings announced at the Hearing, nothing in the Motion, this Order, or announced at the Hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis are expressly reserved.

9.      Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed:  (a) an admission as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' or the Committee's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' or any party in interest's rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors and the Committee expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens.  Any payment made pursuant to this Order is not intended and should not be construed as an admission as the validity of any particular claim or a waiver of the Debtors' or the Committee's rights to subsequently dispute such claim.

10.     The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or are otherwise deemed waived.

11.     Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

12.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

13.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

14.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2023

THE HONORABLE MARTIN GLENN
CHIEF UNITED STATES BANKRUPTCY JUDGE