Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Counsel to the Initial Debtors and Debtors in Possession*

*Proposed Counsel to the GK8 Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**AMENDED[2] AGENDA FOR HEARING TO BE HELD**
**JANUARY 24, 2023, AT 10:00 A.M. (PREVAILING EASTERN TIME)**

Time and Date of Hearing:    January 24, 2023, at 10:00 a.m. (prevailing Eastern Time)

Location of Hearing:    The Honorable Chief Judge Martin Glenn
United States Bankruptcy Court for the
Southern District of New York
Alexander Hamilton U.S. Custom House
One Bowling Green, Courtroom No. 523
New York, New York 10004

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2]    **Amended items appear in bold.**

| | |
|---|---|
| Hearing Attendance Instructions: | In accordance with General Order M-543 ("General Order M-543"), dated March 20, 2020, the Hearing will only be conducted using Zoom for Government.  Parties wishing to appear at the Hearing, whether making a "live" or "listen only" appearance before the Court, need to make an electronic appearance through the Court's website at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl **on or before 4:00 p.m. (prevailing Eastern Time) on January 23, 2023**. |
| | Due to the large number of expected participants in the Hearing and the Court's security requirements for participating in a Zoom for Government audio and video hearing, all persons seeking to attend the 10:00 a.m., January 24, 2023 (prevailing Eastern Time) Hearing must connect to the Hearing beginning at 9:00 a.m., January 24, 2023 (prevailing Eastern Time).  When parties sign into Zoom for Government and add their names, they must type in the first and last name that will be used to identify them at the Hearing. Parties that type in only their first name, a nickname or initials will not be admitted into the Hearing.  When seeking to connect for either audio or video participation in a Zoom for Government Hearing, you will first enter a "Waiting Room," in the order in which you seek to connect.  Court personnel will admit each person to the Hearing from the Waiting Room after confirming the person's name (and telephone number, if a telephone is used to connect) with their eCourtAppearance.  Because of the large number of expected participants, you may experience a delay in the Waiting Room before you are admitted to the Hearing. |
| Copies of Motions: | A copy of each pleading may be obtained free of charge by visiting the website of Stretto at https://cases.stretto.com/Celsius.  You may also obtain copies of any pleadings by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein. |

## I.    Company Status Update.

1.    **Status Update**.  Status Update on Company's Mining Operations provided by Christopher Ferraro, Interim Chief Executive Officer, Chief Restructuring Officer, and Chief Financial Officer of the Debtors.

## II.   Uncontested Matters.

2.    **Postpetition Transfers Motion**.  Debtors' Motion Seeking Entry of an Order (I) Authorizing the Debtors to Return Postpetition Cryptocurrency Transfers to Account Holders and (II) Granting Related Relief [Docket No. 1817].

<u>Objection Deadline</u>: January 17, 2023, at 4:00 p.m. (prevailing Eastern Time).

<u>Responses Received</u>:  None.

<u>Related Documents</u>:

(1)    Letter re Extension of Deadlines of Certain Motions [Docket No. 1859].

(2)    Memorandum Order Denying Request for Extension of Objection Deadline for the Official Committee of Unsecured Creditors [Docket No. 1867].

(3)    **Notice of Filing of Revised Proposed Order (I) Authorizing the Debtors to Return Postpetition Cryptocurrency Transfers to Account Holders and (II) Granting Related Relief [Docket No. 1918].**

**Status**:  This matter is going forward.

3.    **Motion to Credit Flare Tokens**.  Debtors' Motion for Entry of an Order Authorizing the Debtors to Credit Flare Tokens to Eligible Account Holders [Docket No. 1819].

<u>Objection Deadline</u>: January 17, 2023, at 4:00 p.m. (prevailing Eastern Time).

<u>Responses Received</u>:  None.

<u>Related Documents</u>:

(1)    Letter re Extension of Deadlines of Certain Motions [Docket No. 1859].

(2)    Memorandum Order Denying Request for Extension of Objection Deadline for the Official Committee of Unsecured Creditors' [Docket No. 1867].

(3)    **Notice of Filing of Revised Proposed Order (I) Authorizing the Debtors to Credit Flare Token to Eligible Account Holders [Docket No. 1913].**

**Status**:  This matter is going forward.

4.    **Final Hearing on GK8 Cash Management Motion**.  Debtors' Motion Seeking Entry of Final Order (I) Authorizing the GK8 Debtors to (A) Continue to Operate the GK8 Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing GK8 Business Forms, and (D) Continue to Perform GK8 Intercompany Transactions, (II) Granting Superpriority Administrative Expense Status to Postpetition GK8 Intercompany Balances, and (III) Granting Related Relief [Docket No. 1627].

Objection Deadline:  January 17, 2023, at 4:00 p.m. (prevailing Eastern Time).

Responses Received:  None.

Related Documents:

(1)    Debtors' Supplemental Motion Seeking Entry of Final Order (I) Authorizing the GK8 Debtors to (A) Continue to Operate the GK8 Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing GK8 Business Forms, and (D) Continue to Perform GK8 Intercompany Transactions, (II) Granting Superpriority Administrative Expense Status to Postpetition GK8 Intercompany Balances, and (III) Granting Related Relief [Docket No. 1639].

(2)    Notice of Filing of Revised Proposed Interim and Final Orders (I) Authorizing the GK8 Debtors to (A) Continue to Operate the GK8 Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing GK8 Business Forms, and (D) Continue to Perform GK8 Intercompany Transactions, (II) Granting Superpriority Administrative Expense Status to Postpetition GK8 Intercompany Balances, and (III) Granting Related Relief [Docket No. 1643].

(3)    Interim Order (I) Authorizing the GK8 Debtors to (A) Continue to Operate the GK8 Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing GK8 Business Forms, and (D) Continue to Perform GK8 Intercompany Transactions, (II) Granting Superpriority Administrative Expense Status to Postpetition GK8 Intercompany Balances, and (III) Granting Related Relief [Docket No. 1653].

(4)    **Notice of Filing of Proposed Second Interim Order (I) Authorizing the GK8 Debtors to (A) Continue to Operate the GK8 Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing GK8 Business Forms, and (D) Continue to Perform GK8**

**Intercompany Transactions, (II) Granting Superpriority Administrative Expense Status to Postpetition GK8 Intercompany Balances, and (III) Granting Related Relief [Docket No. 1917].**

(5) **Stipulation Extending Time to Comply with Section 345(b) of the Bankruptcy Code and U.S. Trustee Guidelines [Docket No. 1912].**

**Status**:  This matter is going forward.

## III.    Contested Matters.

5.    **De Minimis Asset Sale Notice.**  Notice of Sale of Certain De Minimis Assets [Docket No. 1853].

Objection Deadline: January 18, 2023, at 4:00 p.m. (prevailing Eastern Time).

Responses Received:

(1)    Victor Ubierna de las Heras Objection to Debtors' Sale of Certain De Minimis Assets [Docket No. 1855].

(2)    **Debtors' Reply in Support of Debtors' Sale of Certain De Minimis Assets [Docket No. 1919].**

Related Documents:

(1)    Notice of Hearing of Debtors' Sale of Certain De Minimis Assets [Docket No. 1879].

(2)    **Declaration of Patrick Holert, Chief Operating Officer of Celsius Mining LLC, in Support of the Sale of Certain De Minimis Assets [Docket No. 1921].**

**Status**:  This matter is going forward.

6.    **Institutional Loans Motion.**  Debtors' Motion Seeking Entry of an Order (I) Authorizing (A) the Transfer of Cryptocurrency Assets Serving as Collateral on Account of Institutional Loans in the Ordinary Course of Business and (B) the Exercise of the Debtors' Rights and Remedies Provided Under Each Master Lending Agreement and (II) Granting Related Relief [Docket No. 1818].

Objection Deadline: January 17, 2023, at 4:00 p.m. (prevailing Eastern Time).

Responses Received:

(1)    Objection of Ad Hoc Group of Borrowers to Debtors' Motion for Entry of an Order (I) Authorizing (A) the Transfer of Cryptocurrency Assets Serving as Collateral on Account of Institutional Loans in the Ordinary Course of Business and (B) the Exercise of the Debtors' Rights and Remedies Provided Under Each Master Lending Agreement and (II) Granting Related Relief [Docket No. 1871].

(2)    Amended Objection of Ad Hoc Group of Borrowers to Debtors' Motion for Entry of an Order (I) Authorizing (A) the Transfer of Cryptocurrency Assets Serving as Collateral on Account of Institutional Loans in the Ordinary Course of Business and (B) the Exercise of the Debtors' Rights and Remedies Provided Under Each Master Lending Agreement and (II) Granting Related Relief [Docket No. 1874].

(3)    **Debtors' Reply in Support of Debtors' Motion Seeking Entry of an Order (I) Authorizing (A) the Transfer of Cryptocurrency Assets Serving as Collateral on Account of Institutional Loans in the Ordinary Course of Business and (B) the Exercise of the Debtors' Rights and Remedies Provided Under Each Master Lending Agreement and (II) Granting Related Relief [Docket No. 1923].**

Related Documents:

(1)    Letter re Extension of Deadlines of Certain Motions [Docket No. 1859].

(2)    Memorandum Order Denying Request for Extension of Objection Deadline for the Official Committee of Unsecured Creditors' [Docket No. 1867].

(3)    **Notice of Filing of Revised Proposed Order (I) Authorizing (A) the Transfer of Cryptocurrency Assets Serving as Collateral on Account of Institutional Loans in the Ordinary Course of Business and (B) the Exercise of the Debtors' Rights and Remedies Provided Under Each Master Lending Agreement and (II) Granting Related Relief [Docket No. 1924].**

**Status**:   This matter is going forward.

7.    **Motion for Reconsideration of GK8 Sale**.  Daniel A. Frishberg's Motion for Reconsideration of the GK8 Sale and Other Requested Relief [Docket No. 1794].

6

<u>Objection Deadline</u>: January 17, 2023, at 4:00 p.m. (prevailing Eastern Time).

<u>Responses Received</u>:

(1)     Letter Regarding Daniel Frishberg's Motion for Reconsideration of GK8 Sale and Other Requested Relief [Docket No. 1806].

(2)     Debtors' Objection to Daniel A. Frishberg's Motion for Reconsideration of GK8 Sale and Other Requested Relief [Docket No. 1869].

(3)     **Daniel A. Frishberg's Reply to the Debtors' Objection to Daniel A. Frishberg's Motion for Reconsideration of GK8 Sale and Other Requested Relief [Docket No. 1911].**

<u>Related Documents</u>:

(1)     Response Letter to the Honorable Martin Glenn, Dated 1/4/2023 [Docket No. 1824].

(2)     Declaration and Verified Exhibits in Support of Motion for Reconsideration of GK8 Sale and Other Requested Relief [Docket No. 1826].

(3)     Order Denying Daniel Frishberg's Request for an Evidentiary Hearing on January 24, 2023 [Docket No. 1828].

(4)     Letter to the Honorable Martin Glenn [Docket No. 1852].

(5)     Letter to the Honorable Martin Glenn re Request That Your Honor Instruct Kirkland & Ellis to Not Bill for the Increased Costs Associated with Passing Messages Through the Court [Docket No. 1866].

(6)     Declaration of Melissa Workman in Support of Debtors' Objection to Daniel A. Frishberg's Motion for Reconsideration of GK8 Sale and Other Requested Relief [Docket No. 1870].

**Status**:   This matter is going forward.

8.     **Motion to Ensure Earn Program Assets Receive Same Standing as Custody**.   Verified Motion Seeking to Preserve My Right for Determination That My Personal Earn Program Assets Receive the Same Standing as Custody Accounts and Are Not Property of These Estates and Request for Hearing [Docket No. 1346].

<u>Objection Deadline</u>: January 17, 2023, at 4:00 p.m. (prevailing Eastern Time).

Responses Received:

(1)     Debtors' Omnibus Objection to Certain Motions Set for the January 24, 2023 Omnibus Hearing [Docket No. 1872].

(2)     **Reply in Support of Kulpreet Khanuja's (Claimant) Motion to Preserve my Right for Determination that My Personal Earn Program Assets Receive the Same Standing as Custody Accounts and Are Not Property of These Estates and Request for Hearing [Docket No. 1909].**

Related Documents:

(1)     Amended Verified Motion Seeking to Preserve My Right for Determination That My Personal Earn Program Assets Receive the Same Standing as Custody Accounts and Are Not Property of These Estates and Request for Hearing [Docket No. 1816].

**Status**:   This matter is going forward.

9.      **Motion for Ownership of Assets**.  Rebecca Gallagher's Motion for Entry of an Order to Rule that Ownership of All the Coins She Deposited into the Celsius Earn Platform Belong to Her and Not the Debtors, and that She Retains All Rights of Title Due to Fraudulent Misrepresentation, Oral Modification to the Terms of Service, the Terms of Service Being Ambiguous and Not Plain, and Because Celsius Was Operating Illegally by Selling Unregistered Securities [Docket No. 1508].

Objection Deadline: January 17, 2023, at 4:00 p.m. (prevailing Eastern Time).

Responses Received:

(1)     Debtors' Omnibus Objection to Certain Motions Set for the January 24, 2023 Omnibus Hearing [Docket No. 1872].

(2)     **Rebecca Gallagher's Response to the Debtors' Omnibus Objection [Doc. No. 1872] to Her Motion Set for the January 24, 2023 Omnibus Hearing for Entry of an Order (I) Establishing Ownership of Assets in the Earn Program, (II) Permitting the Sale of Stablecoins in the Ordinary Course and (III) Granting Related Relief [Doc No 1508] [Docket No. 1908].**

Related Documents:

(1)     Letter to the Honorable Martin Glenn, Dated 7/19/2022 re: That All Unsecured Creditors Be Able to Receive Their Funds Back in

the Crypto They Sent to Celsius and That Title to Our Coins and Life Savings Be Restored [Docket No. 136].

(2)    Objection to Debtors' Motion Permitting the Sale of Stablecoins [Docket No. 901].

(3)    Debtors' Amended Motion for Entry of an Order (I) Establishing Ownership of Assets in the Debtors' Earn Program, (II) Permitting the Sale of Stablecoin in the Ordinary Course and (III) Granting Related Relief [Docket No. 1325].

(4)    Rebecca Gallagher's Objection to the Debtors' Amended Motion for Entry of an Order (I) Establishing Ownership of Assets in the Debtors' Earn Program, (II) Permitting the Sale of Stablecoins in the Ordinary Course and (III) Granting Related Relief [Docket No. 1416].

**Status**:  This matter is going forward.

10.    **Motion to Rule Stablecoins and Assets in Earn Not Property of the Estate**. Marc Benzaken's Motion Seeking a Ruling From This Court That Stablecoins and Assets in Earn Currently Held by Celsius *et. al.* Are Not Property of the Estate, That Michael Benzaken's Returned Collateral, Outstanding Collateral, As Well As All Assets on His Celsius User Account, Are Not, Nor Have They Ever Been, Nor Ought They Ever Be Property of the Estate Under 11 USC § 541 [Docket No. 1510].

Objection Deadline: January 17, 2023, at 4:00 p.m. (prevailing Eastern Time).

Responses Received:

(1)    Debtors' Omnibus Objection to Certain Motions Set for the January 24, 2023 Omnibus Hearing [Docket No. 1872].

Related Documents:

(1)    Amended Motion to Approve a Ruling That the Stablecoins and Assets in Earned Accounts Are Not Property of the Estate, That the Assets and Collateral on Account Are Also Not Property of the Estate, and That All of the Digital Assets Held Within His Earn Account Be Re-Characterized and Treated No Differently Than Those Assets Held Within His Custody Accounts Under 11 U.S.C. § 541 [Docket No. 1814].

**Status**:  This matter is going forward.

IV.    **Status Conference on Custody and Withhold Matters.**

> **Related Documents:**
>
> (1)    **Order (I) Authorizing the Debtors to Reopen Withdrawals for Certain Customers with Respect to Certain Assets Held in the Custody Program and Withhold Accounts and (II) Granting Related Relief [Docket No. 1767].**
>
> (2)    **Order Directing Certain Parties to Confer Regarding Custody Assets Shortfall Issue [Docket No. 1880].**

V.    **Withdrawn Matters.**

> 11.    **Motion to Rule Stablecoins and Assets in Earn Not Property of the Estate.**  Michael Benzaken's Motion Seeking a Ruling From This Court That the Stablecoins and Assets in Earn Currently Held by Celsius *et. al.* Are Not Property of the Estate, That Michael Benzaken's Returned Collateral, Outstanding Collateral, As Well As All Assets on His Celsius User Account, Are Not, Nor Have They Ever Been, Nor Ought They Ever Be Property of the Estate Under 11 U.S.C. § 541 [Docket No. 1512].
>
> Objection Deadline: January 17, 2023, at 4:00 p.m. (prevailing Eastern Time).
>
> Responses Received:
>
> (1)    Debtors' Omnibus Objection to Certain Motions Set for the January 24, 2023 Omnibus Hearing [Docket No. 1872].
>
> Related Documents:  None.
>
> **Status:   This motion has been withdrawn.**

VI.    **Adjourned Matters.**

> 12.    Frishberg v. Celsius Network LLC.  Pre-Trial Conference.
>
> Related Documents:
>
> (1)    Complaint for Declaratory Judgment [Docket No. 1].
>
> (2)    Summons with Notice of Pre-Trial Conference Issued by Clerk's Office with Pre-Trial Conference Set [Docket No. 2].
>
> **Status**:  This matter has been adjourned to February 15, 2023, at 10:00 a.m. (prevailing Eastern Time).

13.    **Shanks v. Celsius Network LLC**.  Pre-Trial Conference.

Related Documents:

(1)    Complaint for Declaratory Judgment [Docket No. 1].

(2)    Summons with Notice of Pre-Trial Conference Issued by Clerk's Office with Pre-Trial Conference Set [Docket No. 3].

(3)    Amended Complaint for Declaratory Judgment [Docket No. 8].

(4)    Joint Stipulation and Agreed Order By and Among the Debtors and Fred M. Shanks Regarding Debtors' time to Respond to Mr. Shanks' Complaint [Docket No. 9].

**Status**:  This matter has been adjourned to February 15, 2023, at 10:00 a.m. (prevailing Eastern Time).

14.    **Sale Hearing**.  Hearing to Approve Sale of Substantially All of the Debtors' Assets.

Related Documents:

(1)    Debtors' Motion Seeking Entry of an Order (I) Approving the Bidding Procedures in Connection With the Sale of Substantially All of the Debtors' Assets, (II) Scheduling Certain Dates With Respect Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Approving Contract Assumption and Assignment Procedures, and (V) Granting Related Relief [Docket No. 929].

(2)    Order (I) Approving the Bidding Procedures in Connection With the Sale of Substantially all of the Debtors Assets (II) Scheduling Certain Dates With Respect Thereto, (III) Approving the Form an Manner of Notice Thereof, (IV) Approving Contract Assumption and Assignment Procedures, and (V) Granting Related Relief [Docket No. 1272].

(3)    Notice of Amended Dates and Deadlines with Respect to Bidding Procedures for the Potential Sale of Substantially All of the Debtors' Assets [Docket No. 1713].

(4)    Debtors' Statement with Respect to Adjourning Certain Dates and Deadlines for the Sale of Potentially All of the Debtors' Assets [Docket No. 1714].

(5)    Second Notice of Amended Dates and Deadlines with Respect to Bidding Procedures for the Potential Sale of Substantially All of the Debtors' Assets [Docket No. 1844].

**Status**: This matter has been adjourned to February 15, 2023, at 10:00 a.m. (prevailing Eastern Time).

15. **Motion to Release Loan Repayment or Collateral**. Motion to Release Loan Repayment or Collateral Due Upon Loan Completion [Docket No. 1649].

Objection Deadline: January 17, 2023, at 4:00 p.m. (prevailing Eastern Time).

Responses Received: None.

Related Documents: None.

**Status**: This matter has been adjourned to February 15, 2023, at 10:00 a.m. (prevailing Eastern Time).

16. **Status Conference re Core Scientific Dispute**.

Related Documents:

(1)    Debtors' Motion to Enforce the Automatic Stay and for Civil Contempt [Docket No. 917].

(2)    Letter on Behalf of Core Scientific, Inc. [Docket No. 997].

(3)    Letter in Response to Core Scientific [Docket No. 1003].

(4)    Joint Stipulation and Agreed Scheduling Order by and Among the Debtors, the Official Committee of Unsecured Creditors, and Core Scientific, Inc. with Respect to Schedule [Docket No. 1114].

(5)    *Ex-Parte* Motion of Core Scientific, Inc. for Entry of an Order Authorizing Redaction of Certain Information and Filing of Certain Documents Under Seal Pursuant to Section 107(b) of the Bankruptcy Code, Rule 9018 of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 9018-1 in Connection With Core Scientific, Inc.'s Forthcoming Objection to Debtors' Motion to Enforce the Automatic Stay and for Civil Contempt and Core Scientific, Inc.'s Motion Seeking Affirmative Relief filed by Theodore Elias Tsekerides on behalf of Core Scientific, Inc. [Docket No. 1130].

(6)    Declaration of Todd Duchene in Support of Core Scientific, Inc.'s Motion for Entry of an Order Authorizing Redaction of Certain Information and Filing of Certain Documents Under Seal Pursuant to Section 107(b) of the Bankruptcy Code, Rule 9018 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy

Rule 9018-1 in Connection With Core Scientific, Inc.'s Forthcoming Objection to Debtors' Motion to Enforce the Automatic Stay and for Civil Contempt and Core Scientific, Inc.'s Motion Seeking Affirmative Relief [Docket No. 1132].

(7)     Order Authorizing Redaction of Certain Information and Filing of Certain Documents Under Seal Pursuant to Section 107(b) of the Bankruptcy Code, Rule 9018 of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 9018-1 in Connection With Core Scientific, Inc.'s Forthcoming Objection to Debtors' Motion to Enforce the Automatic Stay and for Civil Contempt and Core Scientific, Inc.'s Motion Seeking Affirmative Relief [Docket No. 1133].

(8)     The Official Committee of Unsecured Creditors' Joinder to the Debtors' Motion to Enforce the Automatic Stay and for Civil Contempt [Docket No. 1139].

(9)     Core Scientific, Inc.'s Objection to Debtors' Motion to Enforce the Automatic Stay and for Civil Contempt [Docket No. 1140].

(10)    Declaration of Jeff Pratt in Support of Core Scientific, Inc.'s Opposition to Debtors' Motion to Enforce the Automatic Stay and For Civil Contempt [Docket No. 1141].

(11)    Declaration of Monica Xia in Support of Core Scientific, Inc.'s Opposition to Debtors' Motion to Enforce the Automatic Stay and for Civil Contempt [Docket No. 1142].

(12)    Declaration of KC Mares [Docket No. 1143].

(13)    Core Scientific, Inc.'s Motion to Compel Immediate Payment of Administrative Expenses and for Relief from Automatic Stay or, in the Alternative, to Compel Assumption or Rejection of the Master Letter re Request for Informal Conference with the Court [Docket No. 1182].

(14)    Letter re Response to Request for Informal Conference with the Court, Pursuant to Local Rule 7007-1(b) [Docket No. 1200].

(15)    Joint Stipulation and Agreed Amended Scheduling Order [Docket No. 1283].

(16)    Letter re Adjournment of November 18, 2022 Hearing Date and Interim Deadlines [Docket No. 1322].

(17)    Order Scheduling Status Conference Regarding Core Scientific Motions [Docket No. 1366].

(18)    Notice of Adjournment of Hearing and Status Conference [Docket No. 1694].

(19)    Notice of Adjournment of Hearing [Docket No. 1841].

(20)    **Notice of Adjournment [Docket No. 1907].**

**Status**:    This matter has been adjourned to February 15, 2023, at 10:00 a.m. (prevailing Eastern Time).

[*Remainder of page intentionally left blank*]

New York, New York
Dated: January 23, 2023

_/s/ Joshua A. Sussberg_
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:           joshua.sussberg@kirkland.com

- and -

Patrick J. Nash, Jr., P.C. (admitted _pro hac vice_)
Ross M. Kwasteniet, P.C. (admitted _pro hac vice_)
Christopher S. Koenig
Dan Latona (admitted _pro hac vice_)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200
Email:           patrick.nash@kirkland.com
                 ross.kwasteniet@kirkland.com
                 chris.koenig@kirkland.com
                 dan.latona@kirkland.com

_Counsel to the Initial Debtors and Debtors in
Possession_

_Proposed Counsel to the GK8 Debtors and Debtors in
Possession_