**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**SECOND INTERIM ORDER (I) AUTHORIZING THE GK8 DEBTORS
TO (A) CONTINUE TO OPERATE THE GK8 CASH MANAGEMENT
SYSTEM, (B) HONOR CERTAIN PREPETITION OBLIGATIONS RELATED
THERETO, (C) MAINTAIN EXISTING GK8 BUSINESS FORMS, AND (D) CONTINUE
TO PERFORM GK8 INTERCOMPANY TRANSACTIONS, (II) GRANTING
SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS TO POSTPETITION GK8
INTERCOMPANY BALANCES, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession

(collectively, the "Debtors") for entry of a second interim order (this "Second Interim Order"),

(a) authorizing, but not directing, the GK8 Debtors to (i) continue to operate their cash

management system (the "GK8 Cash Management System"), (ii) honor certain prepetition

obligations related thereto, (iii) maintain existing GK8 Business Forms in the ordinary course of

business, and (iv) continue to perform GK8 Intercompany Transactions consistent with historical

practice, (b) granting superpriority administrative expense status to postpetition intercompany

balances, (c) granting related relief, and (d) scheduling a final hearing to consider approval of the

Motion on a final basis, all as more fully set forth in the Motion; and upon the Ferraro Declaration;

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012; and that this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefore, it is HEREBY ORDERED THAT:

1.    The Motion is granted on an interim basis as set forth herein.

2.    The final hearing (the "Final Hearing") on the Motion shall be held on February 15, 2023, at 10:00 a.m., prevailing Eastern Time, using Zoom for Government.  Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m.[3], prevailing Eastern Time, on February 8, 2023, and shall be served on:  (a) the Debtors, Celsius Network LLC,

---

[3]    The Court shall provide a Zoom link to those persons who have made an eCourtAppearance by 4 PM the business day before the hearing. Any party appearing at, listening to, or observing the Hearing, must make an electronic appearance, an eCourtAppearance, by using the eCourtAppearance portal located on the Court's website, https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl, or by clicking the "eCourtAppearances" tab on Chief Judge Glenn's page of the Court's website at, http://www.nysb.uscourts.gov/content/chief-judge-martin-glenn. After the deadline to make appearances passes, the Court will send Outlook invitations to those persons who made eCourtAppearances, using the email addresses submitted with those appearances.

50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030, Attn: Ron Deutsch; (b) counsel to

the Initial Debtors and proposed counsel to the GK8 Debtors, Kirkland & Ellis LLP, 601 Lexington

Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C. and Simon Briefel, and 300

North LaSalle, Chicago, Illinois 60654, Attn: Patrick J. Nash, Jr., P.C., Ross M. Kwasteniet, P.C.,

Christopher S. Koenig, and Dan Latona; (c) U.S. Trustee, U.S. Federal Office Building, 201

Varick Street, Suite 1006, New York, New York 10014, Attn: Shara Cornell, Mark Bruh, and

Brian S. Masumoto; (d) White & Case LLP, 111 South Wacker Drive, Suite 5100, Chicago,

Illinois 6060, Attn: Gregory F. Pesce, and 55 South Flower Street, Suite 2700, Los Angeles, CA

90071, Attn: Aaron Colodny and (e) counsel to any statutory committee appointed in these chapter

11 cases.

3.        Subject to paragraph 15, and except as otherwise provided in any order of the Court

entered in the Debtors' cases, including, without limitation, the *Order (I) Permitting the Sale of

the Debtors' Mined Bitcoin in the Ordinary Course and (II) Granting Related Relief* [Docket No.

514] and any order regarding the sale of the GK8 Assets, the GK8 Debtors are authorized, on an

interim basis and in their sole discretion, to:  (a) continue operating the GK8 Cash Management

System, substantially as illustrated on **Exhibit 1** attached hereto; (b) honor their prepetition

obligations related thereto; and (c) continue to perform GK8 Intercompany Transactions consistent

with historical practice; *provided* that all GK8 Intercompany Transactions affiliate shall be only in

cash, and not in cryptocurrency, crypto tokens, or other cryptocurrency assets; *provided, further*,

that all GK8 Intercompany Transactions, whether between GK8 Debtors or between any Debtor

and any non-Debtor affiliate, shall (A) constitute an allowed claim against the applicable Debtor

or a loan to the applicable non-Debtor affiliate, and (B) with respect to GK8 Intercompany

Transactions, be governed by the budget (the "Budget") and other reporting requirements set forth

3

in the *Stipulation and Agreed Order Regarding Framework for the Distribution of the Debtors'*
*Reporting Information to the Committee* [Docket No. 969] unless the Debtors obtain consent from
the Committee, with notice to the U.S. Trustee, or pursuant to a further order from this Court after
notice and a hearing; *provided, further,* that, from the date of this Order, any GK8 Intercompany
Transaction to a GK8 Debtor (directly or indirectly through non-debtor affiliate Celsius Network
IL Ltd) that exceeds $750,000 in the aggregate shall not be permitted without prior written consent
from the Committee (email shall suffice) or further order by the Court.

4.      The Debtors are authorized, on an interim basis and in their sole discretion, to:
(a) continue to use, with the same account number, GK8 Bank Account in existence as of the GK8
Petition Date, as identified on **Exhibit 2** attached hereto; (b) treat the GK8 Bank Account for all
purposes as accounts of the Debtors as debtors in possession; (c) deposit funds in and withdraw
funds from the GK8 Bank Account by all usual means, including checks, wire transfers, and other
debits; and (d) otherwise perform their obligations under the documents governing the GK8 Bank
Account.

5.      The Debtors are authorized, but not directed, to continue using, in their present
form, the GK8 Business Forms, as well as checks and other documents related to the GK8 Bank
Account existing immediately before the GK8 Petition Date, without reference to the Debtors'
status as debtors in possession; *provided* that once the GK8 Debtors have exhausted their existing
stock of GK8 Business Forms, the Debtors shall ensure that any new GK8 Business Forms are
clearly labeled "Debtor-In-Possession"; *provided*, *further*, that with respect to any GK8 Business
Forms that exist or are generated electronically, to the extent reasonably practicable, the GK8
Debtors shall ensure that such electronic GK8 Business Forms are clearly labeled
"Debtor-In-Possession."

6.      Bank Hapoalim is authorized to continue to maintain, service, and administer the

GK8 Bank Account as accounts of the GK8 Debtors as debtors in possession without interruption

and in the ordinary course, and to receive, process, honor, and pay, to the extent of available funds,

any and all checks, drafts, wires, and ACH transfers issued and drawn on the GK8 Bank Account

after the GK8 Petition Date by the holders or makers thereof, as the case may be.

7.      Bank Hapoalim, provided with notice of this Second Interim Order maintaining,

shall not honor or pay any bank payments drawn on the GK8 Bank Account, or otherwise issued

before the GK8 Petition Date, absent further direction from the GK8 Debtors.

8.      The GK8 Debtors will maintain records in the ordinary course reflecting transfers

of cash, if any, including GK8 Intercompany Transactions, so as to permit all such transactions to

be ascertainable.

9.      In the course of providing cash management services to the GK8 Debtors, Bank

Hapoalim is authorized, without further order of the Court, to deduct the applicable fees and

expenses associated with the nature of the deposit and cash management services rendered to the

GK8 Debtors, whether arising prepetition or postpetition, from the appropriate accounts of the

GK8 Debtors, and further, to charge back to, and take and apply reserves from, the appropriate

accounts of the GK8 Debtors any amounts resulting from returned checks or other returned items,

including returned items that result from ACH transactions, wire transfers, merchant services

transactions or other electronic transfers of any kind, regardless of whether such items were

deposited or transferred prepetition or postpetition and regardless of whether the returned items

relate to prepetition or postpetition items or transfers.

10.     Bank Hapoalim is authorized to debit the GK8 Bank Account in the ordinary course

of business without the need for further order of the Court for:  (a) all checks drawn on the GK8

Bank Account that are cashed at Bank Hapoalim's counters or exchanged for cashier's checks by the payees thereof prior to the GK8 Petition Date; (b) all checks or other items deposited the GK8 Bank Account with Bank Hapoalim prior to the GK8 Petition Date which have been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the GK8 Debtors were responsible for such items prior to the GK8 Petition Date; (c) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to Bank Hapoalim as service charges for the maintenance of the GK8 Cash Management System; and (d) all reversals, returns, refunds, and chargebacks of checks, deposited items, and other debits credited to GK8 Debtor's account after the GK8 Petition Date, regardless of the reason such item is returned or reversed (including, without limitation, for insufficient funds or a consumer's statutory right to reverse a charge).

11.     Bank Hapoalim may rely on the representations of the GK8 Debtors with respect to whether any check or other payment order drawn or issued by the GK8 Debtors prior to the GK8 Petition Date should be honored pursuant to this or any other order of the Court, and Bank Hapoalim shall not have any liability to any party for relying on such representations by the GK8 Debtors as provided for herein.

12.     Any agreements existing between the GK8 Debtors and Bank Hapoalim shall continue to govern the postpetition cash management relationship between the GK8 Debtors and Bank Hapoalim, subject to applicable bankruptcy or other law, all of the provisions of such agreements, including the termination, fee provisions, rights, benefits, offset rights and remedies afforded under such agreements shall remain in full force and effect absent further order of the Court or, with respect to any such agreement with Bank Hapoalim, unless the GK8 Debtors and

Bank Hapoalim agree otherwise, and any other legal rights and remedies afforded to Bank Hapoalim under applicable law shall be preserved, subject to applicable bankruptcy law.

13.    The requirement to establish separate bank accounts for cash collateral and/or tax payments is hereby waived on an interim basis pending a final hearing on the Motion.

14.    Subject to paragraphs 3 and 15, notwithstanding anything to the contrary set forth herein, the GK8 Debtors are authorized, but not directed, to continue GK8 Intercompany Transactions between and among Debtor entities arising from or related to the operation of their business in the ordinary course; *provided* that, with respect to any and all GK8 Intercompany Transactions authorized in this Second Interim Order, each GK8 Debtor shall (a) continue to pay its own obligations consistent with such Debtor's past practice with respect to GK8 Intercompany Transactions and related obligations, and in no event shall any of the Debtors pay for the prepetition or postpetition obligations incurred or owed by any of the other Debtors in a manner inconsistent with past practices and (b) beginning on the GK8 Petition Date, maintain (i) current records of intercompany balances; (ii) a Debtor by Debtor summary on a monthly basis of any postpetition GK8 Intercompany Transactions involving the transfer of cash for the preceding month (to be available on the 21st day of the following month); and (iii) reasonable access to the GK8 Debtors' advisors and Committee with respect to such records.

15.    All postpetition transfers and payments from a GK8 Debtor to another Debtor under any postpetition GK8 Intercompany Transactions authorized hereunder are hereby accorded superpriority administrative expense status under section 503(b) of the Bankruptcy Code.

16.    Notwithstanding the Debtors' use of a consolidated GK8 Cash Management System, the Debtors shall calculate quarterly fees (to be paid in U.S. dollars) under 28 U.S.C. § 1930(a)(6) based on the disbursements of each GK8 Debtor, regardless of which entity pays

those disbursements.  For the avoidance of doubt, all disbursements pursuant to the foregoing shall

be made in U.S. dollars.

17.      The GK8 Debtors and Bank Hapoalim may, without further order of the Court,

agree to and implement changes to the GK8 Cash Management System and procedures in the

ordinary course of business, including, without limitation, the opening and closing of bank

accounts; *provided* that in the event the GK8 Debtors open a new bank account they shall open

one at an authorized depository; *provided*, *further*, that within five business days the GK8 Debtors

shall give notice of the opening of any new bank accounts or closing of the GK8 Bank Account to

the U.S. Trustee and the Committee.

18.      Notwithstanding anything to the contrary in this Second Interim Order, nothing

herein shall be interpreted as authorizing the Debtors to restart their platform, including the Swap

Service, Earn program, retail lending, institutional lending, and Custody Service (as defined, as

applicable, in the Mashinsky Declaration) or otherwise allow the buying, selling, trading, or

withdrawal of cryptocurrency assets on the Debtors' platform absent further order of the court.

19.      Notwithstanding the relief granted in this Second Interim Order and any actions

taken pursuant to such relief, nothing in this Second Interim Order shall be deemed: (a) an

admission as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors'

rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any

particular claim; (d) an implication or admission that any particular claim is of a type specified or

defined in this Second Interim Order or the Motion; (e) a request or authorization to assume any

agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or

limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a

concession by the Debtors that any liens (contractual, common law, statutory, or otherwise)

satisfied pursuant to the Motion are valid, and the Debtors expressly reserve their rights to contest

the extent, validity, or perfection or seek avoidance of all such liens.  Any payment made pursuant

to this Second Interim Order is not intended and should not be construed as an admission as the

validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such

claim.

20.     The banks and financial institutions on which checks were drawn or electronic

payment requests made in payment of the prepetition obligations approved herein are authorized

and directed to receive, process, honor, and pay all such checks and electronic payment requests

when presented for payment, and all such banks and financial institutions are authorized to rely on

the Debtors' designation of any particular check or electronic payment request as approved by this

Second Interim Order.

21.     Nothing in this Second Interim Order shall modify or impair the ability of any party

in interest to contest how the Debtors account, including, without limitation, the validity or amount

set forth in such accounting for any GK8 Intercompany Transaction or GK8 Intercompany

Balance.  The rights of all parties in interest with the respect thereto are fully preserved.

22.     To the extent the GK8 Bank Account is not in compliance with section 345(b) of

the Bankruptcy Code or any of the U.S. Trustee Guidelines, the GK8 Debtors shall have until

February 7, 2023, without prejudice to seeking an additional extension, to come into compliance

with section 345(b) of the Bankruptcy Code and the U.S. Trustee Guidelines; *provided* that nothing

herein shall prevent the Debtors or the U.S. Trustee from seeking further relief from the Court to

the extent that an agreement cannot be reached.  The Debtors may obtain a further extension of the

period referenced above by written stipulation with the U.S. Trustee and filing such stipulation on

the Court's docket without the need for further Court order.

9

23.     As soon as practicable after entry of this Second Interim Order, the Debtors shall

serve a copy of this Second Interim Order on Bank Hapoalim.

24.     The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

25.     Notice of the Motion as provided therein shall be deemed good and sufficient notice

of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied

by such notice.

26.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Second

Interim Order are immediately effective and enforceable upon its entry.

27.     The Debtors are authorized to take all actions necessary to effectuate the relief

granted in this Second Interim Order in accordance with the Motion.

28.     This Court retains exclusive jurisdiction with respect to all matters arising from or

related to the implementation, interpretation, and enforcement of this Second Interim Order.

**IT IS SO ORDERED.**

Dated:   January 24, 2023
              New York, New York


                                                       **/s/ Martin Glenn**
                                                        MARTIN GLENN
                                                Chief United States Bankruptcy Judge

**Exhibit 1**

**GK8 Cash Management System Schematic**





1

## **Exhibit 2**

**Bank Account**

| No. | Entity | Bank | Location | Description | Account No. |
|-----|--------|------|----------|-------------|-------------|
| 1. | GK8 Ltd. | Bank Hapoalim | Israel | Operations | xxx8598 |