UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*, | ) ) ) | Case No. 22-10964 (MG) |
| Debtors. | ) ) ) | (Jointly Administered) |

### ORDER DENYING REBECCA GALLAGHER'S MOTION SEEKING A RULING THAT ALL THE COINS DEPOSTIED IN CELSIUS EARN ARE HER PROPERTY

Pending before the Court is the motion (the "Motion," ECF Doc. # 1508) of Rebecca Gallagher ("Gallagher"), a Celsius Earn Account Holder,[1] seeking a ruling that her Earn Assets are her property and not property of the bankruptcy estates of the above-captioned debtors and debtors in possession, ("Debtors" or "Celsius"). The Debtors filed an omnibus objection to the Motion (ECF Doc. # 1872). Gallagher filed a response (ECF Doc. # 1908.)

Gallagher makes several arguments in support of the Motion, including that (1) she relied on misleading public statements from Alex Mashinsky and others prior to opening her account (Motion, at 6–8); (2) Mashinky's oral statements constituted oral modifications of the contract, since the Celsius Terms of Use did not include a clause preventing oral modifications of the contract (*Id* at 8.); (3) Celsius promised to give fair notice of changes in the Terms of Use and did not do so (*Id.* at 21); (4) because Celsius is not a bank and does not have a banking license, it does not have a claim to ownership of her assets (*Id.* at 4); (5) The Terms of Use is an illegal contract because Celsius doesn't have money transmitter licenses and Earn Assets are unregistered securities (*Id.* at 5–6.)

---

[1] All capitalized terms not otherwise defined shall have the meanings ascribed to them in the Memorandum Opinion and Order Regarding Ownership of Earn Account Assets (the "Earn Opinion," ECF Doc. # 1822).

On January 4, 2022, the Court entered the Earn Opinion. For the reasons discussed in the Earn Opinion, as an Earn Account holder, the assets in Gallagher's accounts are property of Celsius's bankruptcy estates. All of Gallagher's arguments make broad claims that apply to many, if not all, Earn Account Holders, and the Earn Opinion address each contention in detail. Consistent with the Earn Opinion, Account Holders did not retain ownership of Earn Assets, but rather possessed a contractual right to have those assets returned by Celsius upon a request to withdraw assets.

This Court also concluded in the Earn Opinion that updates to Celsius's terms of use were valid modifications to the contract between the Debtors and Account Holders. (Earn Opinion at 38; *see also id.* at 33 ("The Court empathizes with the frustrations Account Holders may feel if they did not read or understand the specific terms of the Terms of Use. Frankly, though, the rules provide needed certainty and predictability required for modern commerce in the digital era. The law in the Second Circuit is clear that clickwrap contracts such as the Terms of Use are valid and binding.")

With respect to Gallagher's other claims— namely that Alexander Mashinsky's statements misled Account Holders —the Court noted that it takes allegations such as these seriously. (*Id.* at 43.) Nonetheless, the Court concluded that these claims, which may (or may not) have merit, are reserved for the claims resolution process. (*Id.*) Finally, with respect to the legality of the contract due to any alleged regulatory or securities related issues, the Court noted that the Earn Opinion does "not decide the rights of any state or state agencies regarding whether Celsius violated state securities laws by marketing unregistered securities." (*Id.* at 31.)

/ / / / /

/ / / / /

Accordingly, Gallagher's Motion is DENIED.

**IT IS SO ORDERED.**

Dated: January 25, 2023
New York, New York

*Martin Glenn*
MARTIN GLENN
Chief United States Bankruptcy Judge