UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*, | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

### ORDER DENYING MARC BENZAKEN'S MOTION SEEKING A RULING THAT EARN ASSETS IN HIS ACCOUNT ARE NOT PROPERTY OF THE DEBTORS' ESTATES

Pending before the Court is the motion (the "Motion," ECF Doc. # 1510) of Mark Benzaken[1] ("Benzaken"), a Celsius Earn Account Holder.[2] Benzaken seeks a ruling that ownership of and title to the Earn Assets and Custody Assets in his accounts belong to him and are not property of the bankruptcy estates of the debtors and debtors in possession of the above-captioned case ("Debtors" or "Celsius"). Benzaken asserts that he created his account on the Debtors' platform no later than June 7, 2021. (Motion, at 4.) Accordingly, Benzaken would have agreed to the fifth version of Celsius's terms of use ("Terms Version 5"), effective from September 30, 2020 to July 21, 2021. (*See* "Terms Affidavit," ECF Doc. # 393, ¶ 6.) Benzaken initially states that he did not agree to any other version of the terms of use except for the version effective when he signed up for his account. (*Id.* ("I had never accepted any new [terms of use] other than that which I was originally bound upon sign up").) He represents that he did not log

---

[1] Michael Benzaken, filed a similar motion in this Court at ECF Doc. # 1512, as amended at ECF Doc. # 1814. To be clear, "Benzaken" as used in this Order refers to Marc Benzaken.

[2] All capitalized terms not otherwise defined shall have the meanings ascribed to them in the Memorandum Opinion and Order Regarding Ownership of Earn Account Assets (the "Earn Opinion," ECF Doc. # 1822.)

in to the platform again until July 25, 2022, after the debtors filed for bankruptcy on July 15, 2022. (*Id.*)

However, Benzaken also states that his last transaction on the platform was December 10, 2021, during which the seventh version of Celsius's terms of use ("Terms Version 7") was in effect. (*See* Terms Affidavit, at 6 (stating that Terms Version 7 was effective from August 3, 2021 to April 13, 2022).) The Motion argues both that Benzaken should and should not be bound to Terms Version 7,[3] and that he never accepted the eighth version of the Debtors' terms of use ("Terms Version 8"). (*Id.*)

Benzaken's primary argument is that he did not consent to a version of Celsius's terms of use which transferred title to Earn Assets in his Earn Account to the Debtors. (*Id.*) Additionally, Benzaken submits that because he only agreed to terms of use that did not provide the option of a Custody Account[4], the Earn Assets in his Earn Account should have automatically become Custody Assets and his account transformed into a Custody Account when he failed to agree to Terms Version 8—the first version that provided the option of a Custody Account. He submits that his Earn Assets should therefore be treated as Custody Assets by this Court's decisions and any relevant rules under the Bankruptcy Code. (*Id.*)

On January 4, 2022, the Court entered the *Memorandum Opinion and Order Regarding Ownership of Earn Account Assets* (the "Earn Opinion," ECF Doc. # 1822). The Debtors filed an objection the Motion, arguing that the Court's Earn Opinion address Benzaken's arguments. (*See* "Debtors' Omnibus Objection," ECF Doc. # 1872, at 5.) For example, the Debtors note that

---

[3] (Motion, at 4 ("Upon refusing to be accepted [Terms Version 8], effective April 14, 2022, and per my last transaction, 12.10.21 (Exhibit B), this means that there was nonacceptance of any [Terms Version 8] and as such I should be bound to [Terms Version 7] . . ."); *but see id.* at 5 ("I have provided overwhelming evidence that I did not accept . . . [Terms Version 7]").)

[4] Celsius introduced its Custody Program, and therefore the option for certain customers to have a Custody Account, via Terms Version 8, effective April 15, 2022. (*See* Terms Affidavit, Exhibit A-8.)

2

the Earn Opinion found that Celsius's Terms of Use unambiguously transferred right and title of Earn Assets to Celsius beginning at least with Terms Version 5.  (*Id.*)  The Earn Opinion also held that modification to the Terms of Use were valid contract modifications, and that the Court would not consider extrinsic evidence relating to the interpretation of the Terms of Use.  (*Id.*)

For the reasons discussed in the Earn Opinion, as an Earn Account holder, the assets in Benzaken's accounts are property of Celsius's bankruptcy estates.  Whether Benzaken is bound by Terms Version 5 or Terms Version 7 is irrelevant, because the Court found that Terms Version 5 stated, in relevant part, that Account Holders "grant Celsius . . . all right and title to such Digital Assets, including ownership rights." (Terms Affidavit, Ex. A-5 § 14.)  Account Holders who agreed to Terms of Use Version 5 or later, whether by signing up for the first time as Benzaken states he did, or by continuing to use the platform with an existing account, entered a contract which contained unambiguous and clear language regarding transfer of title and ownership of assets in Earn Accounts.  (*See* Earn Opinion at 39.)

Accordingly, Benzaken's Motion is DENIED.

**IT IS SO ORDERED.**

Dated:  January 25 2023
       New York, New York

*Martin Glenn*
MARTIN GLENN
Chief United States Bankruptcy Judge