UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: ) | NOT FOR PUBLICATION |
| ) | |
| ) | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*, ) | Case No. 22-10964 (MG) |
| ) | |
| Debtors. ) | (Jointly Administered) |
| ) | |

**MEMORANDUM OPINION AND ORDER DENYING DANIEL A.
FRISHBERG'S MOTION FOR RECONSIDERATION OF THE GK8 SALE**

*A P E A R A N C E S*:

DANIEL A. FRISHBERG
*Pro se creditor*

KIRKLAND & ELLIS LLP
*Attorneys for the Debtor*
601 Lexington Avenue
New York, NY 10022
   By:    Joshua Sussberg, Esq.
            Patrick J. Nash, Jr., Esq.
            Ross M. Kwasteniet, Esq.
            Christopher S. Koenig, Esq.
            Dan Latona, Esq.

**MARTIN GLENN**
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

      Pending before the Court is the motion (the "Motion," ECF Doc. # 1794) of Daniel A. Frishberg ("Frishberg") for reconsideration of the Sale (as defined below) of GK8. In connection with the Motion, Mr. Frishberg also filed a declaration and exhibits (the "Frishberg Declaration," ECF Doc. # 1826) which include the declaration of Jonathan Levy as Exhibit F (the "Levy Declaration"). Frishberg also filed letters asking the Court to order additional discovery. (ECF Doc. ## 1794, 1826.) The objection deadline was January 17, 2023 at 4:00 P.M. The Debtors filed a letter (the "Debtor Letter," ECF Doc. # 1806) and a formal objection

(the "Debtors' Objection," ECF Doc. # 1869.) Frishberg filed a reply (the "Reply," ECF Doc. # 1911). Attached to the Debtor Objection is the *Declaration of Melissa Workman in Support of Debtors' Objection to Daniel A. Frishberg's Motion for Reconsideration of GK8 Sale and Other Requested Relief* (the "Workman Declaration").

For the reasons discussed below, the Debtors' Objection is **SUSTAINED,** and Frishberg's Motion is **DENIED.**

## I.     BACKGROUND

### A.     The GK8 Business

In October 2021, the Initial Debtors expanded their business by purchasing Debtor GK8 Ltd., an Israeli company, for $115 million. (Debtors' Objection ¶ 5.) The GK8 Debtors provide a digital, self-custody platform for financial and cryptocurrency institutions to securely manage and store blockchain-based assets by providing a "cold" storage platform for crypto assets. GK8's patented technology utilizes the industry's "Cold Vault," which can create, sign, and send blockchain transactions without connecting to the internet. (*Id.*) The patented technology is paired with proprietary multi-party computation to achieve "cold" security with "hot" functionality. (*Id.*)

### B.     GK8 Insurance Referral Relationships

The GK8 Debtors had a referral relationship with Aon plc ("Aon") that predates the Initial Debtors' acquisition of the GK8 Debtors in October 2021. (*See* Workman Declaration ¶ 4.) Pursuant to that arrangement, the GK8 Debtors referred their institutional customers to Aon (as broker), which, in turn, facilitated the underwriting of insurance policies between the GK8 Debtors' customers and certain insurers in the London insurance market. (*See id.*) The Debtors aver that GK8's customers are those institutional customers that store cryptocurrency

2

on GK8's proprietary platform—*i.e.*, <u>not</u> the Debtors' retail account holders such as Mr. Frishberg. (Debtor Objection ¶ 6.)

Any customer of the GK8 Debtors referred to Aon under this arrangement was required to complete an independent application with the underwriting insurance company. (*See* Workman Declaration ¶ 4.) Those applications would be reviewed by the respective insurer's underwriting team, and the respective insurance company reserved the right, in its sole discretion, to issue any policies to any referred customer. (*See id.*) At the time the referral arrangement was implemented between the GK8 Debtors and Aon, Aon advised the GK8 Debtors that their customers could potentially access up to $500 million in coverage in the London insurance market, which was subsequently increased to $750 million. (*See id.* ¶ 5.) .) In October 2022, the GK8 Debtors entered into a similar arrangement with another insurance broker, USI Insurance Services ("USI"). (*Id.* ¶ 6.) The Debtors note that the Aon and USI referral arrangements were established so that the GK8 Debtors' institutional customers had an opportunity to purchase insurance for their cryptocurrency assets held on the GK8 Debtors' platform. (Debtors' Objection ¶ 9.) The Debtors emphasize that the GK8 Debtors are not selling any insurance policies from which the Debtors' account holders could recover because no such insurance policy exists. (*Id.*)

C.  **The GK8 Sale**

On July 25, 2022, the Initial Debtors filed the *Debtors' Motion Seeking Entry of (I) an Order (A) Approving Bidding Procedures for the Potential Sale of Certain of the Debtors' Assets, (B) Scheduling Certain Dates With Respect Thereto, (C) Approving the Form and Manner of Notice Thereof, (D) Approving Bid Protections, (E) Approving Contract Assumption and Assignment Procedures, (II) an Order Authorizing the Debtors to Enter Into a*

*Definitive Purchase Agreement, and (III) Granting Related Relief* [ECF Doc. # 188], which sought approval of bidding procedures for the sale (the "Sale") of the GK8 assets (the "GK8 Assets") and the entry into a definitive purchase agreement for the Sale.

On September 1, 2022, the Court entered the *Order (I) Approving Bidding Procedures for the Potential Sale of Certain of the Debtors' Assets, (II) Scheduling Certain Dates with Respect Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Approving Contract Assumption and Assignment Procedures, and (V) Granting Related Relief* [ECF Doc. # 687] (the "Bidding Procedures Order") approving bidding procedures for the Sale.

On December 2, 2022, the Debtors filed the *Notice of a Successful Bidder* [ECF Doc. # 1549], which designated Galaxy Digital Trading LLC ("Galaxy") as the Successful Bidder. Contemporaneously therewith, the GK8 Debtors and Galaxy executed the asset purchase agreement (the "APA") memorializing the terms of the Successful Bid. *See Notice of Filing Asset Purchase Agreement* [ECF Doc. # 1586]. The APA provides $44,100,000 of aggregate deal consideration equal to (a) the assumption of Assumed Liabilities and (b) a cash payment of $44,000,000. (Debtor Objection ¶ 12.) The APA contemplates the purchase of all GK8 Assets free and clear of any liens or encumbrances, the assumption of liabilities associated with the GK8 Assets and all other liabilities of the GK8 Debtors' business and excludes customer-related liabilities that may potentially be asserted against the GK8 Debtors' business arising under Celsius' terms of use. (*Id.*)

The deadline to object to the Sale was December 6, 2022, at 4:00 p.m. (prevailing Eastern Time). (Debtor Objection ¶ 12.) Mr. Frishberg did not object to the Sale. (*Id.*) On December 8, 2022, the Court held a hearing to approve the Sale and instructed the Debtors to

submit a memorandum of law and evidentiary support detailing the extent to which certain avoidance actions are to be sold under the APA. (Debtor Objection ¶ 16.)

On December 12, 2022, the Debtors filed the *Debtors' Statement in Support of Entry of the Order (I) Approving the Sale of the GK8 Debtors' Assets Free and Clear of All Claims, Liens, Rights, Interests and Encumbrances, (II) Authorizing the GK8 Debtors to Enter Into and Perform Their Obligations Under the Asset Purchase Agreement, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* [ECF Doc. # 1671] and the *Declaration Of Holden Bixler in Support of the Order (I) Approving the Sale of the GK8 Debtors' Assets Free and Clear of All Claims, Liens, Rights, Interests and Encumbrances, (II) Authorizing the GK8 Debtors to Enter Into and Perform Their Obligations Under the Asset Purchase Agreement, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* [ECF Doc. # 1672]. (*Id.* ¶ 17.) On December 13, 2022, the Court entered the *Order (I) Approving the Sale of the GK8 Debtors' Assets Free And Clear Of All Claims, Liens, Rights, Interests And Encumbrances, (II) Authorizing the GK8 Debtors to Enter Into and Perform Their Obligations Under the Asset Purchase Agreement, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* [ECF Doc. # 1686] (the "Sale Order"), which, among other things, approved the Sale and authorized the Debtors to enter into the APA. (*Id.* ¶ 18.)

D.     **The Motion and Reply**

On January 4, 2022, Frishberg filed the Motion, which requests that the Court reconsider the Sale Order. Frishberg asks that the Court reconsider the Motion for two reasons 1) because new evidence has emerged that indicates that the Debtors may be selling valuable insurance

policies and 2) because the Debtors have not satisfied the good faith requirement of 11 U.S.C. § 363(m). On January 23, 2023, Frishberg filed the Reply which asks the Court to consider the Motion to be an objection to the Sale or as motion to expand the examiner's scope, rather than a motion for reconsideration. (*See* Reply at 3–4.)

### E.  The Debtors' Objection

The Debtors' Objection asks the Court to overrule the Motion for two main reasons: 1) Frishberg has not shown, as required for a motion to reconsider, that any new evidence has come out since the entry of the Sale Order (Debtors' Objection ¶¶ 20–24) and 2) the Debtors have satisfied the business judgment standard. (*Id.* ¶¶ 25–28.)

## II.  LEGAL STANDARD

The standard applicable to a motion for reconsideration is identical to that of a motion to alter or amend a judgment under Federal Rule of Civil Procedure ("FRCP") 59(e). *Henderson v. Metro. Bank & Trust Co.*, 502 F. Supp. 2d 372, 375 (S.D.N.Y. 2007); *accord Samuel's Temple Church of God in Christ v. Parade Place, LLC (In re Parade Place, LLC)*, 508 B.R. 863, 868–69 (Bankr. S.D.N.Y. 2014). Rule 9023 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") incorporates FRCP 59 and provides that "[a] motion . . . to alter or amend a judgment shall be filed . . . no later than 14 days after entry of judgment." FED. R. BANKR. P. 9023 (emphasis added). In addition to Bankruptcy Rule 9023, parties can seek relief from a judgment or order under Bankruptcy Rule 9024.

Bankruptcy Rule 9024 makes FRCP 60 applicable in bankruptcy cases. "[A]ll orders of the bankruptcy court are subject to Rule 60 F. R. Civ. P." FED. R. BANKR. P. advisory committee note. FRCP 60 contains six grounds for which the court may grant relief from an order or judgment. Those grounds are: "(1) mistake, inadvertence, surprise, excusable neglect; (2) newly

discovered evidence; (3) fraud, misrepresentation, or misconduct; (4) the judgment is void; (5) the judgment has been satisfied, released, discharged, or it is no longer equitable; or (6) any other reason that justifies relief." *See In re: Residential Capital, LLC*, 2015 WL 1636440, at *4 (Bankr. S.D.N.Y. Apr. 10, 2015) (internal quotations omitted) (citing FED. R. CIV. P. 60(b)). Bankruptcy courts view a motion seeking relief pursuant to Federal Rule 60(b) as an extraordinary remedy. *See, e.g.*, *Pettle v. Bickham (In re Pettle),* 410 F.3d 189, 191 (5th Cir. 2005) ("relief under Rule 60(b) is considered an extraordinary remedy . . . [and that] the desire for a judicial process that is predictable mandates caution in reopening judgments.") (internal citations omitted).

### III.    DISCUSSION

Frishberg's Motion, even when liberally construed, provides no legal support for his requested relief and is entirely without merit for three reasons. First, Frishberg has not shown that there is new evidence or that any of the other grounds for reconsideration of a judgment are present here. Second, Frishberg has not shown that the Debtors' lacked a sound business justification for the sale. Finally, Frishberg has not demonstrated by clear and convincing evidence that the judgment was procured by fraud.

The Court also notes that Frishberg failed to move the Frishberg Declaration into evidence during the hearing. Nevertheless, because courts in this Circuit adhere to the principle of liberally construing *pro se* filings and because Frishberg is *pro se*, the Court will admit the Frishberg Declaration (ECF Doc. # 1826) into evidence. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (citing *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir.1983) ("This policy of liberally construing pro se submissions is driven by the understanding that "[i]mplicit in the right of self-representation is an obligation on the part of the court to make

reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training."). However, even with the Frishberg Declaration in evidence, Frishberg has not made the required showing for a motion for reconsideration.

### A. Lack of New Evidence

The purported legal basis for Frishberg's Motion is that new evidence came to light after entry of the Sale Order. But Frishberg has not identified any new evidence, let alone evidence that calls into question the propriety of the Sale Order. Pursuant to FRCP 60, to succeed on a motion for reconsideration, newly discovered evidence must be evidence that, "with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." *See* FRCP 60(b)(2); *see also Atlantic States Legal Found., Inc. v. Karg Bros., Inc.*, 841 F. Supp. 51, 55–56 (N.D.N.Y. 1993) (stating that "newly discovered evidence" must be in fact newly discovered or could not have been discovered by due diligence). "The burden of proof is on the party seeking relief from the judgment." *In re Koper*, 552 B.R. 208, 216 (Bankr. E.D.N.Y. 2016) (quoting *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001)). Here, the "new evidence" Frishberg refers to is statements on GK8's website about insurance arrangements, but the Frishberg Declaration explicitly acknowledges that such information was available as early as May 29, 2022.[1] Just because Frishberg was not aware of the information until after the Court entered the Sale Order, does not make the evidence new.

Further, even if this information was truly new, which it is not, the insurance arrangements of GK8 in no way call into question the propriety of the Sale Order. As set

---

[1] *See* Frishberg Declaration ¶¶ 4–9 (acknowledging information regarding the referral arrangement with Aon and USI was on the GK8 Debtors' website as early as May 29, 2022).

forth, in the Workman Declaration, "no Debtor in these chapter 11 cases, including the GK8 Debtors, ever purchased any insurance policy under the referral arrangement with Aon." (Workman Declaration ¶ 5.) Thus, the Debtors are not selling any such insurance policies as part of the GK8 sale, because none exists. (Debtors' Objection ¶ 24.) Frishberg does not contest this fact.[2] Accordingly, the insurance referral arrangements have no bearing on the Sale Order.

### B.    Satisfaction of Business Justification Standard

While the failure to satisfy the business judgment standard is not grounds for reconsideration of a judgment,[3] the Court notes that, despite Frishberg's allegations to the contrary, the Debtors have clearly satisfied the requirement. The "business judgment" rule is not an unduly strict standard; it merely requires showing that the decision to sell the property outside the ordinary course of business was based on the debtor's sound business judgment. *See In re Chateaugay Corp.*, 973 F.2d 141, 143 (2d Cir. 1992) (holding that judge determining a 363(b) application must find a good business reason to grant such application). Through the Sale, the Debtors generated approximately $44 million for their estates, which provided the Debtors with much needed liquidity. (*See* Kielty Declaration ¶ 14–15.) Furthermore, the Court concluded that the Sale constituted "a valid and sound exercise of the Debtors' business judgment." Sale Order at 4; *see also* Oct. 8, 2022, H'rg Tr. 81: 4–8 ("[The Court] think[s] that the [Kietly] Declaration, which has come into evidence, ECF 1622,

---

[2]    *See* Reply at 4 (noting that the Debtors did not purchase insurance as part of the referral arrangement).

[3]    In his Reply, Frishberg asks this Court to consider the Motion as an objection to the Sale Order or as a motion to expand the scope of the examiner's scope since he is pro se. Reply at 3–4. Being *pro se* does not exclude Frishberg from the requirement to comply with Court deadlines and requirements for filing motions. That said, even if the Court considered this to be an objection to the Sale Order, nothing in Frishberg's Objection or Reply provides grounds for denying the Sale.

9

demonstrates that the sale price of the assets of these three Debtors is fair and reasonable and it is, in the Court's view, a value maximizing transaction.").

### C.     No Showing of Fraud

Frishberg also argues that the Debtors may have committed "bankruptcy fraud" by failing to disclose the Aon and USI insurance policies. *See* Motion at 5. The burden of proof to establish fraud exists rests solely with Frishberg, who must show that the Sale was fraudulent by clear and convincing evidence. *See, e.g., In re Koper*, 560 B.R. at 76 (stating that "to prevail under Rule 60(b)(3), the movant must demonstrate by clear and convincing evidence that the order or judgment from which relief is sought was procured by fraud, misrepresentation or other misconduct.") Frishberg has not met this burden. The underlying insurance policies that Mr. Frishberg uses as the basis for his argument do not exist, and the referral arrangements were conspicuously disclosed on the GK8 Debtors' website. (*See* Workman Declaration ¶ 7.)[4] As a result, the Motion fails to meet its burden under Federal Rule 60.

### IV.     CONCLUSION

For the foregoing reasons, the Motion is **DENIED**.

**IT IS SO ORDERED.**

Dated:   January 26, 2023
         New York, New York

                                        *Martin Glenn*
                                        MARTIN GLENN
                                        Chief United States Bankruptcy Judge

---

[4]    Frishberg also requests that the Court (a) require the Office of the United Sates Trustee and the United States Department of Justice investigate the Debtors for fraud relating to the (non–existent) insurance policies, (b) require appraisal of the (non–existent) insurance policies, (c) either appoint an examiner or broaden the current examiner's scope to investigate the (non–existent) insurance policies, and (d) determine that account holders may assert claims against the GK8 Debtors. This relief is outside the scope of the Sale and is denied.