# EXHIBIT 1

Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

Judson Brown, P.C. (admitted *pro hac vice*)
T.J. McCarrick (admitted *pro hac vice*)
Leah Hamlin (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
1301 Pennsylvania Avenue NW
Washington, D.C. 20004
Telephone:     (202) 389-5000
Facsimile:     (202) 389-5200

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200

*Counsel to the Initial Debtors and
Debtors in Possession*

*Proposed Counsel to the GK8 Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**DEBTORS' RESPONSES AND OBJECTIONS TO OFFICIAL COMMITTEE OF
UNSECURED CREDITORS' FIRST SET OF REQUESTS FOR THE PRODUCTION OF
DOCUMENTS AND INTERROGATORIES TO DEBTORS REGARDING DEBTORS
THAT ARE LIABLE TO ACCOUNT HOLDERS UNDER THE GLOBAL CONTRACT
(THE "TERMS OF USE") BETWEEN CELSIUS AND ACCOUNT HOLDERS**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable to this matter by Rules 7026, 7033, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and pursuant to Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern Districts of New York (the "Local Rules"), made applicable to this matter by Rule 7026-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"), the above-captioned debtors and debtors in possession (collectively, the "Debtors"), hereby object and respond to the First Set of Requests for the Production of Documents and Interrogatories to Debtors Regarding Debtors that are Liable to Account Holders Under the Global Contract (the "Terms of Use") Between Celsius and Account Holders (collectively, the "Document Requests") of the Official Committee of Unsecured Creditors (the "UCC"). The UCC's Document Requests are set forth verbatim below, each followed by the Debtors' response. Each response is made subject to the objections and conditions within that response as well as to the General Objections and Objections to Definitions set forth below.

## **GENERAL OBJECTIONS AND OBJECTIONS TO INSTRUCTIONS**

The Debtors make the following general objections and objections to the Instructions (collectively, the "General Objections") to the Document Requests, which apply to each Document Request regardless of whether these General Objections are specifically incorporated into any of the specific responses and objections.

1.     The Debtors object to the Document Requests, Instructions, and Definitions to the extent they seek information not relevant to the issue of which Debtor entities are liable to account holders under the global contract (the "Terms of Use") between Celsius Network LLC and its account holders (the "Briefed Legal Issue"). *See Order (I) Setting Briefing Schedule and (II) Granting Related Relief* [Docket No. 1747]. Document Requests outside of that scope are

overbroad, unduly burdensome, and not reasonably likely to lead to the discovery of evidence relevant to this dispute.  The Debtors further object to the Document Requests to the extent they seek to impose obligations beyond those required under the Federal Rules, the Bankruptcy Rules, and the Local Rules.

2.      The Debtors object to these Document Requests to the extent they seek the disclosure of information protected by the attorney-client privilege, the work product exemption from discovery, and/or any other applicable constitutional, statutory, or common law privilege. No privileged information will intentionally be provided in response to these Document Requests. By responding to any particular Document Request, the Debtors do not intend to nor do they waive any applicable privilege that they may have, and Debtors specifically intend to assert the same.

3.      The Debtors object to the Document Requests to the extent they seek information already known to the UCC; information in the UCC's possession; or information that is as readily available to the UCC as it is to the Debtors, including to the extent that such information is published or publicly available or was previously provided by the Debtors to the UCC.

4.      The Debtors object to the Document Requests to the extent they presume facts.  The Debtors submit these responses and objections without waiver of any right to object to any requested discovery, and without affirming any conclusory or argumentative statements made by the UCC in these Document Requests.  In providing responses and objections to these Document Requests, the Debtors do not waive, and expressly reserve, all objections as to competency, relevancy, materiality, and admissibility of the responses or subject matter thereof as well as all objections to any other discovery requests in this or any other proceeding.

5.      The Debtors object to these Document Requests to the extent they request the Debtors to provide documents or information not in their possession, custody, or control, including

any documents from any third-party.  Any such Document Request is overbroad, unduly burdensome, inconsistent with, and imposes obligations beyond, the obligations required under the Federal Rules, the Bankruptcy Rules, and the Local Rules.

6.    The Debtors object to the Document Requests to the extent they purport to require the Debtors to produce documents and/or things that do not already exist and/or call for information in a format other than that in which it is ordinarily kept by the Debtors.

7.    The Debtors object to these Document Requests to the extent they purport to require the use of unreasonably burdensome or expensive data recovery processes to identify "all" or "any" documents or things requested.  The Debtors will conduct a reasonable search of their records for those documents they agree to produce.

8.    The Debtors object to the Document Requests to the extent they seek sensitive or proprietary business information, or material that is otherwise protected from disclosure pursuant to Federal Rule 26(b)–(c) or Federal Rule of Evidence 501.  Any information provided in response to these Document Requests shall be subject to the *Confidentiality Agreement and Stipulated Protective Order* [Docket No. 790].

9.    The Debtors specify that their responses are based upon the knowledge, information, and belief that they have acquired to the present date.  These responses and objections, and any subsequent document production are, therefore, subject to change.  Pursuant to the applicable provisions of the Federal Rules, the Bankruptcy Rules, the Local Rules, the Local Bankruptcy Rules, and any other applicable rules, the Debtors reserve their right to amend these responses and productions, assert additional objections, and supplement any responses in the future, as they complete their review and analysis in response to these Document Requests.

10.    The Debtors object to the UCC's definitions and instructions to the extent they purport to alter the plain meaning and/or scope of any specific Document Request, at least on the ground that such alteration renders the Document Request vague, ambiguous, overbroad, and uncertain.  The Debtors' responses to such Document Requests shall not be construed as an admission, agreement, or acquiescence to such a definition.

11.    The Debtors object to each Document Request to the extent it is vague, ambiguous, confusing, fails to adequately define terms, or fails to describe the information sought with reasonable particularity.  Subject to and without waiver of their other objections, the Debtors will answer only to the extent that they understand the Document Request.  The Debtors further object to each Document Request to the extent it purports to attribute any special or unusual meaning to any terms or phrases.

## OBJECTIONS TO DEFINITIONS

The Debtors assert these Objections to Definitions with respect to each Document Request propounded by the UCC.  Any responses to the Document Requests shall be subject to and without waiver of these Objections.

1.    The Debtors object to the definition of the terms "Debtors," "Celsius," "Company," "You," and "Your" as overbroad, unduly burdensome, not proportional or relevant to the needs of the case to the extent that it purports to require the Debtors to respond on behalf of "any . . . current or former Affiliates, subsidiaries, parent corporations, predecessors, or successor entities and all of their respective current or former directors, officers, employees, agents, attorneys, advisors or representatives" that are not parties to these cases and over which the Court lacks jurisdiction.

2.    The Debtors object to the definition of the term "Communication" as overbroad, unduly burdensome, not proportional or relevant to the needs of this case, vague, and ambiguous to the extent it departs from or expands upon the definition of "Communication" set forth in Local

Rule 26.3(c)(1), as incorporated by Local Bankruptcy Rule 7026-1. Therefore, the Debtors will construe "Communication" in accordance with the definition provided in Local Rule 26.3(c)(1).

3.      The Debtors object to the definition of the term "Document(s)" to the extent it departs from or expands upon the definition of "Document" set forth in Local Rule 26.3(c)(2), as applied to these proceedings under Local Bankruptcy Rule 7026-1, as overbroad, unduly burdensome and inconsistent with, and imposing obligations beyond, the obligations required under the Federal Rules, the Bankruptcy Rules, and the Local Rules. The Debtors further object to this definition because it seeks discovery that is not proportional to the needs of the case and the burden or expense of finding, collecting, and producing responsive documents outweighs its likely benefit. Therefore, the Debtors will construe the term "Document" in accordance with the definition provided in Local Rule 26.3(c)(1).

4.      The Debtors object to the definition of the terms "Concerning," "regarding," "in connection with," "relating to," and "referring to" as vague and ambiguous to the extent they seek to define those terms beyond their ordinary meaning. Subject to and without waiver of their other objections, the Debtors will answer only to the extent that they understand the Document Request.

## <u>DEBTORS' SPECIFIC OBJECTIONS AND RESPONSES TO DOCUMENT REQUESTS</u>

## <u>DOCUMENT REQUEST NO. 1</u>:

Documents sufficient to identify the corporate ownership of cryptocurrency wallets used by the Debtors.

## <u>RESPONSE TO DOCUMENT REQUEST NO. 1</u>:

The Debtors reassert and incorporate each of their General Objections and Objections to Definitions set forth above. The Debtors further object to this Document Request as vague and ambiguous, including with regard to the phrase "corporate ownership." The Debtors further object to this Document Request as overbroad, unduly burdensome, and not proportional or relevant to

the needs and issues of the Briefed Legal Issue, including to the extent it seeks documents already in the possession of the UCC. The Debtors state that the information sought by this request is better suited to being elicited through deposition. The Debtors will not produce documents in response to this Request.

**DOCUMENT REQUEST NO. 2**:

All Documents relating to or evidencing the transfer of cryptocurrency assets or cryptocurrency wallets from CNL to Celsius Network, LLC.

**RESPONSE TO DOCUMENT REQUEST NO. 2**:

The Debtors reassert and incorporate each of their General Objections and Objections to Definitions set forth above. The Debtors further object to this Document Request as vague and ambiguous, including with regard to the term "evidencing." The Debtors further object to this Document Request as overbroad, unduly burdensome, and not proportional or relevant to the needs and issues of the Briefed Legal Issue, including to the extent it seeks "All Documents" or seeks documents already in the possession of the UCC. The Debtors further object to this Request to the extent it seeks documents that are publicly available or equally available to the Series B Preferred Holders.

Subject to and without waiving the foregoing, the Debtors state that there are no additional, non-privileged responsive documents beyond what is publicly available.

**DOCUMENT REQUEST NO. 3**:

All agreements between Fireblocks and any of the Debtors.

**RESPONSE TO DOCUMENT REQUEST NO. 3**:

The Debtors reassert and incorporate each of their General Objections and Objections to Definitions set forth above. The Debtors further object to this Document Request as vague and ambiguous, including with regard to the term "agreements." The Debtors further object to this

Document Request as overbroad, unduly burdensome, and not proportional or relevant to the needs and issues of the Briefed Legal Issue, including to the extent it seeks "All agreements" or seeks documents already in the possession of the UCC.

Subject to and without waiving the foregoing, the Debtors agree to produce documents responsive to this Document Request.

**DOCUMENT REQUEST NO. 4**:

Documents sufficient to identify the amount of cryptocurrency transferred to the Debtors prior to July 22, 2021 by account holders as to whom the Debtors still had obligations as of the Petition Date.

**RESPONSE TO DOCUMENT REQUEST NO. 4**:

The Debtors reassert and incorporate each of their General Objections and Objections to Definitions set forth above. The Debtors further object to this Document Request as vague and ambiguous, including with regard to the term "obligations" and the phrase "amount of cryptocurrency." The Debtors further object to this Document Request as overbroad, unduly burdensome, and not proportional or relevant to the needs and issues of the Briefed Legal Issue, including to the extent it seeks documents already in the possession of the UCC. The Debtors further object to this Document Request to the extent it seeks documents or information that are publicly available or equally available to the UCC.

Subject to and without waiving the foregoing, the Debtors will produce financial statements as they were kept in the ordinary course of business that are located pursuant to a reasonable search.

**DOCUMENT REQUEST NO. 5**:

All Documents and Communications with account holders regarding the amendment to the Terms of Use that took effect on July 22, 2021.

**RESPONSE TO DOCUMENT REQUEST NO. 5**:

The Debtors reassert and incorporate each of their General Objections and Objections to Definitions set forth above. The Debtors further object to this Document Request as vague and ambiguous, including with regard to the term "amendment." The Debtors further object to this Document Request as overbroad, unduly burdensome, and not proportional or relevant to the needs and issues of the Briefed Legal Issue, including to the extent it seeks "All Documents and Communications." The Debtors further object to this Document Request to the extent it seeks documents that are publicly available or equally available to the UCC.

Subject to and without waiving the foregoing, the Debtors direct the UCC to the *Declaration of Oren Blonstein, Head of Innovation and Chief Compliance Officer of the Debtors, in Support of the Debtor' Motion Regarding Ownership of Earn Assets and the Sale of Stablecoin* [Docket No. 1327] and attached exhibits and the *Supplemental Declaration of Oren Blonstein, Head of Innovation and Chief Compliance Officer of the Debtors in Support of the Debtors' Motion Regarding Ownership of Earn Assets and the Sale of Stablecoin* [Docket No. 1584] and attached exhibits. Further answering, the Debtors state that there are no additional, non-privileged responsive documents beyond what is publicly available.

**DOCUMENT REQUEST NO. 6**:

> All public statements, Documents, and Communications reflecting or containing any public statements regarding the "migration" of customer accounts from CNL to Celsius Network LLC or the amendment to the Terms of Use that took effect on July 22, 2021 (including statements that have subsequently been removed from the internet).

**RESPONSE TO DOCUMENT REQUEST NO. 6**:

The Debtors reassert and incorporate each of their General Objections and Objections to Definitions set forth above. The Debtors further object to this Document Request as vague and ambiguous, including with regard to the term "migration" and the phrase public statements." The Debtors further object to this Document Request to the extent it seeks production of documents

and communications protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or immunity.  The Debtors further object to this Document Request as overbroad, unduly burdensome, and not proportional or relevant to the needs and issues of the Briefed Legal Issue, including to the extent it seeks "All public statements, Documents, and Communications."  The Debtors further object to this Document Request to the extent it seeks documents that are publicly available or equally available to the UCC.

Subject to and without waiving the foregoing, the Debtors direct the UCC to the *Declaration of Oren Blonstein, Head of Innovation and Chief Compliance Officer of the Debtors, in Support of the Debtor' Motion Regarding Ownership of Earn Assets and the Sale of Stablecoin* [Docket No. 1327] and attached exhibits and the *Supplemental Declaration of Oren Blonstein, Head of Innovation and Chief Compliance Officer of the Debtors in Support of the Debtors' Motion Regarding Ownership of Earn Assets and the Sale of Stablecoin* [Docket No. 1584] and attached exhibits.  Further answering, the Debtors state that there are no additional, non-privileged responsive documents beyond what is publicly available.

**DOCUMENT REQUEST NO. 7:**

All public statements, Documents, and Communications reflecting or containing any public statements regarding the Debtors' mining or GK8 business.

**RESPONSE TO DOCUMENT REQUEST NO. 7:**

The Debtors reassert and incorporate each of their General Objections and Objections to Definitions set forth above.  The Debtors further object to this Document Request as vague and ambiguous, including with regard to the phrases "public statements" and "GK8 business."  The Debtors further object to this Document Request to the extent it seeks production of documents or communications protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or immunity.  The Debtors further object to this Document Request as

overbroad, unduly burdensome, and not proportional or relevant to the needs and issues of the Briefed Legal Issue, including to the extent it seeks "All public statements, Documents, and Communications." The Debtors further object to this Document Request to the extent it seeks documents that are publicly available or equally available to the UCC. The Debtors will not produce documents in response to this Document Request.

**DOCUMENT REQUEST NO. 8**:

All drafts of Terms of Use versions 6, 7 and 8.

**RESPONSE TO DOCUMENT REQUEST NO. 8**:

The Debtors reassert and incorporate each of their General Objections and Objections to Definitions set forth above. The Debtors further object to this Document Request as vague and ambiguous, including with regard to the term "drafts." The Debtors further object to this Document Request to the extent it seeks production of documents or communications protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or immunity. The Debtors further object to this Document Request as overbroad, unduly burdensome, and not proportional or relevant to the needs and issues of the Briefed Legal Issue, including to the extent it seeks "All drafts." The Debtors further object to this Document Request to the extent it seeks documents that are publicly available or equally available to the UCC.

Subject to and without waiving the foregoing, the Debtors direct the UCC to the the *Declaration of Alex Mashinsky, Chief Executive Officer of Celsius Network LLC, Providing Terms of Use Dating Back to February 18, 2018* [Docket No. 393]. Further answering, the Debtors state there are no additional, non-privileged responsive documents beyond what is publicly available.

**DOCUMENT REQUEST NO. 9**:

Documents sufficient to identify any documents or witnesses you intend to rely on or introduce at the Evidentiary Hearing described in the Scheduling Order.

**RESPONSE TO DOCUMENT REQUEST NO. 9**:

The Debtors reassert and incorporate each of their General Objections and Objections to Definitions set forth above.  The Debtors further object to this Document Request to the extent it seeks production of documents or communications protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or immunity.  The Debtors further object to this Document Request as premature.

Subject to and without waiving the foregoing, the Debtors will produce all documents upon which they intend to rely at the hearing on the Briefed Legal Issue in advance of the hearing.

**DOCUMENT REQUEST NO. 10**:

Documents sufficient to identify the total amount of cryptocurrency that was transferred to the Debtors by account holders prior to the issuance of Terms of Use Version 6 where the Debtors were obligated to return such cryptocurrency on the Petition Date.

**RESPONSE TO DOCUMENT REQUEST NO. 10**:

The Debtors reassert and incorporate each of their General Objections and Objections to Definitions set forth above.  The Debtors further object to this Document Request as vague and ambiguous, including with regard to the phrases "total amount of cryptocurrency" and "obligated to return."  The Debtors further object to this Document Request as duplicative of other Document Requests, including but not limited to Request No. 4.  The Debtors further object to this Document Request to the extent it seeks documents that are publicly available or equally available to the UCC.  The Debtors will not produce documents in response to this Document Request.

*[Remainder of page intentionally left blank]*

Washington, D.C.
Dated: January 10, 2023

/s/ Judson Brown, P.C.

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Judson Brown, P.C. (admitted *pro hac vice*)
T.J. McCarrick (admitted *pro hac vice*)
Leah Hamlin (admitted *pro hac vice*)
1301 Pennsylvania Avenue NW
Washington, D.C. 20004
Telephone:    (202) 389-5000
Facsimile:    (202) 389-5200
Email:    judson.brown@kirkland.com
         tj.mccarrick@kirkland.com
         leah.hamlin@kirkland.com

- and -

Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:    jsussberg@kirkland.com

 - and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:    patrick.nash@kirkland.com
         ross.kwasteniet@kirkland.com

*Counsel to the Debtors and*
*Debtors in Possession*

*Proposed Counsel to the GK8 Debtors and*
*Debtors in Possession*