# EXHIBIT 2

Dennis F. Dunne
Nelly Almeida
**MILBANK LLP**
55 Hudson Yards
New York, NY 10001
Tel:  (212) 530-5000
Fax: (212) 660-5219

Andrew M. Leblanc
Melanie Westover Yanez
**MILBANK LLP**
1850 K Street, NW, Suite 1100
Washington, DC 20006
Tel:  (202) 835-7500
Fax: (202) 263-7586

*Counsel to Community First Partners, LLC,*
*Celsius SPV Investors, LP, and*
*Celsius New SPV Investors, LP*

Joshua M. Mester (admitted *pro hac vice*)
**JONES DAY**
555 South Flower Street
Fiftieth Floor
Los Angeles, CA 90071
Tel:  (213) 489-3939
Fax: (213) 243-2539

*Counsel to CDP Investissements Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**SERIES B PREFERRED HOLDERS' RESPONSES AND OBJECTIONS TO THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS' FIRST SET OF REQUESTS
FOR THE PRODUCTION OF DOCUMENTS AND INTERROGATORIES TO
SERIES B PREFERRED HOLDERS REGARDING DEBTORS THAT ARE LIABLE TO
ACCOUNT HOLDERS UNDER THE GLOBAL CONTRACT (THE "TERMS OF USE")
BETWEEN CELSIUS AND ACCOUNT HOLDERS**

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 USA LLC (9450); and GK8 UK Limited (0893).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, made applicable to the above-captioned chapter 11 cases by Rules 7026, 7034, and 9014 of the Federal Rules of Bankruptcy Procedure, Community First Partners, LLC, Celsius SPV Investors, LP, Celsius New SPV Investors, LP, and CDP Investissements Inc. (collectively, the "Series B Preferred Holders"), as beneficial holders, or investment advisors or managers of beneficial holders, of Series B Preferred Shares issued by Celsius Network Limited, by and through their undersigned counsel, hereby respond and object (through these "Responses and Objections") to the requests for the production of documents and interrogatories issued by the Official Committee of Unsecured Creditors (the "UCC") to the Series B Preferred Holders (each a "Request" or "Interrogatory", as applicable, and collectively, the "Requests") dated December 30, 2022, emailed by counsel for the UCC on that same date.[2]

## GENERAL OBJECTIONS

The following general responses and objections (the "General Objections") apply to each and every one of the Requests propounded by the UCC, and shall have the same force and effect as if set forth in full in each of the specific Responses and Objections set forth below.

1.      The Series B Preferred Holders object to the Requests, including the definitions and instructions therein, to the extent that they seek to impose obligations on the Series B Preferred Holders beyond those imposed by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the Local Rules of the United States Bankruptcy Court for the Southern District of New York, and the *Order (I) Setting a Briefing Schedule and (II) Granting Related Relief* [Dkt. No. 1747] (the "Scheduling Order"). Nothing in these Responses and Objections, including the use of defined terms from the Requests, may be construed as an acceptance,

---

[2]     Capitalized terms not defined herein shall have the meanings set forth in the Requests.

endorsement, or adoption by the Series B Preferred Holders of any instruction or definition set forth in the Requests.

2.      The Series B Preferred Holders object to the Requests to the extent that they call for information that is outside the scope of, not relevant to, nor proportional to the needs presented by the Briefed Legal Issue, as contemplated in the Scheduling Order.

3.      The Series B Preferred Holders object to the Requests to the extent that they call for the production of documents outside of the Series B Preferred Holders' possession, custody, and control, or which cannot be practicably identified or obtained by the Series B Preferred Holders without undue burden or expense.

4.      The Series B Preferred Holders object to the Requests to the extent that they seek information or documents that are (a) a matter of public record, (b) already in the possession, custody or control of the UCC or its counsel, or (c) obtainable from sources that are more convenient, less burdensome, or less expensive than the Series B Preferred Holders.

5.      The Series B Preferred Holders object to the Requests to the extent they require the Series B Preferred Holders to create or generate documents that do not currently exist.

6.      The Series B Preferred Holders object to the Requests to the extent that they are duplicative, unduly burdensome, vague, ambiguous, or would require the Series B Preferred Holders to speculate as to the nature or scope of the documents requested.

7.      The Series B Preferred Holders object to the Requests to the extent that they seek information or documents protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, immunity, or protection, law, or rule.  Inadvertent production or disclosure, if any, of any such document or portion of any such document, or other information, is not intended to be, and shall not operate as, a waiver of the applicable privilege, protection or

immunity, in whole or in part.  Nor is any such inadvertent production intended to be, nor shall it constitute, a waiver of the right to object to any use of such document or the information contained therein.  The Series B Preferred Holders reserve the right to demand the return or destruction of all copies of any such document inadvertently produced in response to the Requests, including, without limitation, pursuant to the *Confidentiality Agreement and Stipulated Protective Order* [Dkt. No. 790].

8.     The Series B Preferred Holders' Responses and Objections are based on information currently available to the Series B Preferred Holders, and the Series B Preferred Holders reserve the right to amend, supplement, or correct any and all Responses and Objections, but assume no obligation to do so other than as may be required by law.  The Series B Preferred Holders' failure to object, in whole or in part, to a Request is not an acknowledgment that any responsive documents or information exist or can be located among the Series B Preferred Holders' records.  The Series B Preferred Holders further reserve the right to object to a Request or parts thereof after a response or partial response is provided.  Neither a written response to a Request nor the Series B Preferred Holders' response that the Series B Preferred Holders will conduct a reasonable search in response to a Request may be interpreted to confirm that any non-privileged documents or information responsive to the Request exist.

9.     The Series B Preferred Holders respond to the Requests without conceding, and on the contrary reserving and intending to reserve, all objections with respect to the relevance or materiality of the Requests, all information or documents produced pursuant to the Requests, and the contents of such documents.  These Responses and Objections are further made without waiver of, or prejudice to, any objections to the admissibility of the information or documents produced in response to the Requests in this matter or in any related or subsequent action or proceeding.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.      The Series B Preferred Holders object to the Definition of "Debtors," "Celsius," or the "Company" as overly broad and unduly burdensome, specifically to the extent that it purports to render the Requests as seeking documents or communications about, or information related to, all "current or former Affiliates, subsidiaries, parent corporations, predecessors, or successor entities and all [. . .] current or former directors, officers, employees, agents, attorneys, advisors, and representatives" of the "debtors and debtors in possession."  The Series B Preferred Holders will interpret "Debtors," for purposes of these Requests, to mean the above-captioned Debtors and debtors in possession, and the Series B Preferred Holders will interpret "Celsius" or the "Company," for purposes of these Requests, to mean Celsius Network Inc. and its affiliated Debtors and non-Debtors, as identified in the "Celsius Organizational Chart" set forth in Exhibit A to the *Declaration of Alex Mashinsky, Chief Executive Officer of Celsius Network LLC, In Support of Chapter 11 Petitions and First Day Motions* [Dkt. No. 23].

2.      The Series B Preferred Holders object to the definitions of "Communication" and "Document(s)" as overly broad, unduly burdensome, and to the extent it purports to impose obligations on the Series B Preferred Holders beyond those set forth in the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the Local Rules of the United States Bankruptcy Court for the Southern District of New York, and/or any other applicable rules, orders, or law.

3.      The Series B Preferred Holders object to the definition of "Identify" on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and on the grounds that it seeks documents, communications, people, and "other fact[s], location[s], person[s], thing[s], or procedure[s]" that are neither relevant to this matter nor reasonably calculated to lead to the discovery of admissible evidence.  The Series B Preferred Holders further object to the definition

to the extent it purports to impose obligations on the Series B Preferred Holders beyond those set forth in the Scheduling Order.[3]

4.     The Series B Preferred Holders object to Instruction No. 1 to the extent it purports to impose obligations on the Series B Preferred Holders beyond those imposed by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the Local Rules of the United States Bankruptcy Court for the Southern District of New York, and the Scheduling Order. The Series B Preferred Holders further object to Instruction No. 1 to the extent it purports to require the production of documents outside the Series B Preferred Holders' possession, custody, or control. The Series B Preferred Holders will only produce responsive, non-privileged documents within their possession, custody, or control. The Series B Preferred Holders further object to Instruction No. 1 as overly broad and unduly burdensome, specifically to the extent that it purports to require the production of documents or communications from all the Series B Preferred Holders' "current or former Affiliates, subsidiaries, parent corporations, predecessors, or successor entitles [*sic*] and all of their respective current or former directors, officers, employees, agents, attorneys, advisors, and representatives, or other person acting or purporting to act on [the Series B Preferred Holders'] behalf." The Series B Preferred Holders further object to Instruction No. 1 as calling for privileged information to the extent this definition is read to include the Series B Preferred Holders' attorneys and any privileged or confidential documents related thereto. The Series B Preferred Holders further object to the extent that this definition may include persons over whom the Series B Preferred Holders have no control and/or of whom the Series B Preferred Holders may not be aware.

---

[3]     "Discovery requests to be limited to requests for production and, unless otherwise agreed between the propounding party and the receiving party, ***interrogatories shall be limited to requesting the identities of individuals with knowledge***. There will be no substantive or contention interrogatories and no requests for admission." Scheduling Order ¶ 4 (emphasis added).

5.      The Series B Preferred Holders object to Instruction No. 11 to the extent it requires detailed descriptions of processes and documents destroyed, lost or not in the Series B Preferred Holders' possession as unduly burdensome, not proportional to the needs of this matter, and beyond what is required by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the Local Rules of the United States Bankruptcy Court for the Southern District of New York, and/or any other applicable rules, orders, or law.

6.      The Series B Preferred Holders object to Instruction No. 13 to the extent it requires the identity of individuals or description of documents or information not within the Series B Preferred Holders' knowledge or possession as unduly burdensome, not proportional to the needs of this matter, and beyond what is required by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the Local Rules of the United States Bankruptcy Court for the Southern District of New York, and/or any other applicable rules, orders, or law.

7.      The Series B Preferred Holders object to Instruction No. 14 to the extent it calls for the production of a detailed privilege log as unduly burdensome and not proportional to the needs of this matter.

8.      The Series B Preferred Holders object to the lack of any relevant time period covered by the Requests for the collection of documents.  This lack of any requested time frame renders the Requests overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.  The Series B Preferred Holders are willing to review Documents between the period July 1, 2021 and July 8, 2022.

**SPECIFIC OBJECTIONS AND RESPONSES TO DOCUMENT REQUESTS**

**DOCUMENT REQUEST NO. 1**

All Documents and Communications between the Debtors and the Series B Preferred Holders regarding any investment in the Debtors by the Series B Preferred Holders.

**RESPONSE TO DOCUMENT REQUEST NO. 1**

In addition to the foregoing General Objections and Objections to Definitions and Instructions, the Series B Preferred Holders further object to this Request on the grounds that it is overly broad, unduly burdensome, disproportionate to the needs of this matter, and outside the scope of permissible discovery, as it seeks documents and communications wholly irrelevant to the Briefed Legal Issue. The Series B Preferred Holders further object to this Request, as it calls for "[a]ll Documents and Communications" and is therefore overly broad and unduly burdensome. The Series B Preferred Holders further object to this Request to the extent it seeks information that is readily available to and more appropriately provided by the Debtors. The Series B Preferred Holders further object to this Request to the extent it seeks information that is already in the UCC's possession, custody, or control, or that is duplicative of documents or information already provided to, or requested by, the UCC from the Debtors.

The Series B Preferred Holders will not search for or produce documents or communications responsive to this Request.

**DOCUMENT REQUEST NO. 2**

All Documents and Communications disclosed, shared or exchanged between the Debtors and the Series B Preferred Holders in connection with any investment in the Debtors by the Series B Preferred Holders, including, without limitation, Documents and Communications concerning the Terms of Use.

**RESPONSE TO DOCUMENT REQUEST NO. 2**

In addition to the foregoing General Objections and Objections to Definitions and Instructions, the Series B Preferred Holders further object to this Request on the grounds that it is overly broad, unduly burdensome, disproportionate to the needs of this matter, and outside the scope of permissible discovery, as it seeks documents and communications wholly irrelevant to the Briefed Legal Issue. The Series B Preferred Holders further object to this Request, as it calls

for "[a]ll Documents and Communications" and is therefore overly broad and unduly burdensome. The Series B Preferred Holders further object to this Request to the extent it seeks information that is readily available to and more appropriately provided by the Debtors.  The Series B Preferred Holders further object to this Request to the extent it seeks information that is already in the UCC's possession, custody, or control, or that is duplicative of documents or information already provided to, or requested by, the UCC from the Debtors.

The Series B Preferred Holders will not search for or produce documents or communications responsive to this Request.

## DOCUMENT REQUEST NO. 3

All Documents and Communications concerning any review, diligence or investigation of the Debtors by the Series B Preferred Holders, including, without limitation, their agents, retained professionals, consultants or third-parties retained by you in connection with any actual or potential investment in the Debtors by the Series B Preferred Holders (including, without limitation, Deloitte Touche Tohmatsu Limited and its affiliates and related entities).

## RESPONSE TO DOCUMENT REQUEST NO. 3

In addition to the foregoing General Objections and Objections to Definitions and Instructions, the Series B Preferred Holders further object to this Request on the grounds that it is overly broad, unduly burdensome, disproportionate to the needs of this matter, and outside the scope of permissible discovery, as it seeks documents and communications wholly irrelevant to the Briefed Legal Issue.  The Series B Preferred Holders further object to this Request, as it calls for "[a]ll Documents and Communications" and is therefore overly broad and unduly burdensome. The Series B Preferred Holders further object to this Request to the extent it seeks information that is readily available to and more appropriately provided by the Debtors.   The Series B Preferred Holders further object to this Request to the extent it seeks information that is already in the UCC's possession, custody, or control, or that is duplicative of documents or information already provided to, or requested by, the UCC from the Debtors.

The Series B Preferred Holders will not search for or produce documents or communications responsive to this Request.

## DOCUMENT REQUEST NO. 4

All Documents and Communications concerning Celsius Mining LLC, GK8 Ltd. or their affiliates and any potential transaction proposed by the Debtors or the Series B Preferred Equity Holders regarding Celsius Mining LLC, GK8 Ltd, or its affiliates.

## RESPONSE TO DOCUMENT REQUEST NO. 4

In addition to the foregoing General Objections and Objections to Definitions and Instructions, the Series B Preferred Holders further object to this Request to the extent it calls for "[a]ll Documents and Communications" and is therefore overly broad, unduly burdensome and disproportionate to the needs of this matter. The Series B Preferred Holders further object to this Request to the extent it seeks information that is readily available to and more appropriately provided by the Debtors. The Series B Preferred Holders further object to this Request to the extent it seeks information that is already in the UCC's possession, custody, or control, or that is duplicative of documents or information already provided to, or requested by, the UCC from the Debtors.

The Series B Preferred Holders contend that this Request is more appropriately directed to the Debtors, and thus will not search for documents or communications responsive to this Request at this time.

## DOCUMENT REQUEST NO. 5

All Documents and Communications with the Debtors regarding their Schedules of Assets and Liabilities or which Debtor entities are liable to the Debtors' account holders.

## RESPONSE TO DOCUMENT REQUEST NO. 5

Subject to and without waiving the foregoing objections, the General Objections, or the Objections to Definitions and Instructions, the Series B Preferred Holders will produce a

presentation, titled "Factors Disputing the Existence of Customer Claims at All Celsius Entities" and dated September 29, 2022, that was presented to the Special Committee of the Debtors' Board of Directors by the Series B Preferred Holders.  In addition, the Series B Preferred Holders will conduct a targeted and reasonable search and will produce non-privileged documents and communications that contain the term "Terms of Use" or "TOU" or that refer to or discuss provisions of the Terms of Use and the existence or non-existence of customer liability at any Celsius entity, to the extent that any exist.  The Series B Preferred Holders further object to this Request to the extent it seeks information that is already in the UCC's possession, custody, or control, or that is duplicative of documents or information already provided to, or requested by, the UCC from the Debtors.

**DOCUMENT REQUEST NO. 6**

All Documents and Communications concerning Your contention that the Debtors' account holders' claims are not allowable against every Debtor.

**RESPONSE TO DOCUMENT REQUEST NO. 6**

Subject to and without waiving the foregoing objections, the General Objections, or the Objections to Definitions and Instructions, the Series B Preferred Holders will produce all exhibits attached to the *Declaration of Melanie Westover Yanez in Support of Series B Preferred Holders' Opening Brief on the Issue of Which Debtors are Liable to Customers Under the Terms of Use* [Dkt. No. 1796].  In addition, the Series B Preferred Holders will conduct a targeted and reasonable search and will produce non-privileged documents and communications that contain the term "Terms of Use" or "TOU" or that refer to or discuss provisions of the Terms of Use and the existence or non-existence of customer liability at any Celsius entity, to the extent that any exist.

**DOCUMENT REQUEST NO. 7**

Documents sufficient to identify any documents or witnesses you intend to rely on or introduce at the Evidentiary Hearing described in the Scheduling Order.

**RESPONSE TO DOCUMENT REQUEST NO. 7**

In addition to the foregoing General Objections and Objections to Definitions and Instructions, the Series B Preferred Holders further object to this Request on the grounds that the Series B Preferred Holders have not yet identified documents or witnesses that the Series B Preferred Holders intend to rely upon or introduce at the evidentiary hearing related to the Briefed Legal Issue.

Subject to and without waiving the foregoing objections, the General Objections, or the Objections to Definitions and Instructions, the Series B Preferred Holders will disclose any witnesses and produce a copy of responsive, non-privileged documents in response to this Request in compliance with the Scheduling Order and with the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, and the Local Rules of the United States Bankruptcy Court for the Southern District of New York.

## SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 8**

Identify all individuals with knowledge of any investment in the Debtors by the Series B Preferred Holders.

**RESPONSE TO INTERROGATORY NO. 8**

In addition to the foregoing General Objections and Objections to Definitions and Instructions, the Series B Preferred Holders further object to this Interrogatory on the grounds that it is outside the scope of permissible discovery, as it seeks information wholly irrelevant to the Briefed Legal Issue. The Series B Preferred Holders further object to this Interrogatory, as it requests "all individuals with knowledge" of "and is therefore overly broad and unduly burdensome.

**INTERROGATORY NO. 9**

Identify all individuals with knowledge of any review, diligence or investigation of the Debtors by the Series B Preferred Holders.

**RESPONSE TO INTERROGATORY NO. 9**

In addition to the foregoing General Objections and Objections to Definitions and Instructions, the Series B Preferred Holders further object to this Interrogatory on the grounds that it is outside the scope of permissible discovery, as it seeks information wholly irrelevant to the Briefed Legal Issue. The Series B Preferred Holders further object to this Interrogatory, as it requests "all individuals with knowledge" and is therefore overly broad and unduly burdensome.

**INTERROGATORY NO. 10**

Identify all individuals with knowledge of any potential transaction proposed by the Debtors or the Series B Preferred Equity Holders regarding Celsius Mining LLC, GK8 Ltd, or its affiliates.

**RESPONSE TO INTERROGATORY NO. 10**

In addition to the foregoing General Objections and Objections to Definitions and Instructions, the Series B Preferred Holders further object to this Interrogatory to the extent it relates to disclosures made by the Debtors about the existence or non-existence of customer liability in connection with any transaction regarding Celsius Mining LLC, GK8 Ltd, or its affiliates, and contend the Interrogatory is more appropriately directed to the Debtors. The Series B Preferred Holders further object to this Interrogatory, as it requests "all individuals with knowledge" and is therefore overly broad and unduly burdensome.

*[Remainder of page intentionally left blank.]*

Dated:    New York, New York
             January 11, 2023

*/s/ Melanie Westover Yanez*

Dennis F. Dunne
Nelly Almeida
**MILBANK LLP**
55 Hudson Yards
New York, NY 10001
Tel:  (212) 530-5000
Fax: (212) 660-5219
Email: ddunne@milbank.com
       nalmeida@milbank.com

- and -

Andrew M. Leblanc
Melanie Westover Yanez
**MILBANK LLP**
1850 K Street, NW, Suite 1100
Washington, DC 20006
Tel:  (202) 835-7500
Fax: (202) 263-7586
Email: aleblanc@milbank.com
       mwyanez@milbank.com

*Counsel to Community First Partners, LLC,*
*Celsius SPV Investors, LP, and Celsius*
*New SPV Investors, LP*

*/s/ Joshua M. Mester*

Joshua M. Mester
**JONES DAY**
555 South Flower Street
Fiftieth Floor
Los Angeles, CA 90071
Tel:  (213) 489-3939
Fax: (213) 243-2539
Email: jmester@jonesday.com

*Counsel to CDP Investissements Inc.*