**Hearing Date: February 15, 2023, at 10:00 a.m. (prevailing Eastern Time)**
**Objection Deadline: February 13, at 4:00 p.m. (prevailing Eastern Time)**

Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Counsel to the Initial Debtors and Debtors in Possession*

*Proposed Counsel to the GK8 Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**NOTICE OF HEARING ON THE DEBTORS' MOTION**
**FOR AN ORDER (I) APPROVING (A) OMNIBUS CLAIMS OBJECTION**
**PROCEDURES AND FORM OF NOTICE, (B) OMNIBUS SUBSTANTIVE**
**CLAIMS OBJECTIONS, AND (C) SATISFACTION PROCEDURES AND**
**FORM OF NOTICE, AND (II) MODIFYING BANKRUPTCY RULE 3007(e)(6)**

**PLEASE TAKE NOTICE** that a hearing on the *Debtors' Motion for an Order (I) Approving (A) Omnibus Claims Objection Procedures and Form of Notice, (B) Omnibus Substantive Claims Objections, and (C) Satisfaction Procedures and Form of Notice, and (II) Modifying Bankruptcy Rule 3007(e)(6)* (the "Motion") will be held on **February 15, 2023, at**

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

**10:00 a.m., prevailing Eastern Time** (the "Hearing") before the Honorable Martin Glenn, Chief United States Bankruptcy Judge.  In accordance with General Order M-543 dated March 20, 2020, the Hearing will be conducted remotely using Zoom for Government.  Parties wishing to appear at the Hearing, whether making a "live" or "listen only" appearance before the Court, need to make an electronic appearance (an "eCourtAppearance") through the Court's website at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl.  Electronic appearances (eCourtAppearances) need to be made by **4:00 p.m., prevailing Eastern Time, the business day before the hearing (i.e., on February 14, 2023)**.

 **PLEASE TAKE FURTHER NOTICE** that due to the large number of expected participants in the Hearing and the Court's security requirements for participating in a Zoom for Government audio and video hearing, all persons seeking to attend the Hearing at 10:00 a.m., prevailing Eastern Time on February 15, 2023, must connect to the Hearing beginning at 9:00 a.m., prevailing Eastern Time on February 15, 2023.  When parties sign in to Zoom for Government and add their names, they must type in the first and last name that will be used to identify them at the Hearing.  Parties that type in only their first name, a nickname or initials will not be admitted into the Hearing.  When seeking to connect for either audio or video participation in a Zoom for Government Hearing, you will first enter a "Waiting Room," in the order in which you seek to connect.  Court personnel will admit each person to the Hearing from the Waiting Room after confirming the person's name (and telephone number, if a telephone is used to connect) with their eCourtAppearance.  Because of the large number of expected participants, you may experience a delay in the Waiting Room before you are admitted to the Hearing.

 **PLEASE TAKE FURTHER NOTICE** that any responses or objections to the relief requested in the Motion shall:  (a) be in writing; (b) conform to the Federal Rules of Bankruptcy

Procedure, the Local Bankruptcy Rules for the Southern District of New York, and all General

Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern

District of New York; (c) be filed electronically with the Court on the docket of *In re Celsius

Network LLC*, No. 22-10964 (MG) by registered users of the Court's electronic filing system and

in accordance with all General Orders applicable to chapter 11 cases in the United States

Bankruptcy Court for the Southern District of New York (which are available on the Court's

website at http://www.nysb.uscourts.gov); and (d) be served in accordance with the *Amended

Final Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures

and (II) Granting Related Relief,* [Docket No. 1181] (the "Case Management Order") by

**February 13, 2023, at 4:00 p.m., prevailing Eastern Time**, to (i) the entities on the Master

Service List (as defined in the Case Management Order and available on the case website of

the Debtors at https://cases.stretto.com/celsius) and (ii) any person or entity with a particularized

interest in the subject matter of the Motion.

      **PLEASE TAKE FURTHER NOTICE** that only those responses or objections that are

timely filed, served, and received will be considered at the Hearing.  Failure to file a timely

objection may result in entry of a final order granting the Motion as requested by the Debtors.

      **PLEASE TAKE FURTHER NOTICE** that copies of the Motion and other pleadings

filed in these chapter 11 cases may be obtained free of charge by visiting the website of Stretto at

https://cases.stretto.com/celsius.  You may also obtain copies of the Motion and other pleadings

filed in these chapter 11 cases by visiting the Court's website at http://www.nysb.uscourts.gov in

accordance with the procedures and fees set forth therein.

New York, New York
Dated: February 1, 2023

/s/ Joshua A. Sussberg
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:        (212) 446-4800
Facsimile:         (212) 446-4900
Email:             jsussberg@kirkland.com

- and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:        (312) 862-2000
Facsimile:         (312) 862-2200
Email:             patrick.nash@kirkland.com
                   ross.kwasteniet@kirkland.com
                   chris.koenig@kirkland.com
                   dan.latona@kirkland.com

*Counsel to the Initial Debtors and Debtors in Possession*
*Proposed Counsel to the GK8 Debtors and Debtors in Possession*

4

Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Counsel to the Initial Debtors and Debtors in Possession*

*Proposed Counsel to the GK8 Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**DEBTORS' MOTION FOR AN ORDER**
**(I) APPROVING (A) OMNIBUS CLAIMS OBJECTION**
**PROCEDURES AND FORM OF NOTICE, (B) OMNIBUS SUBSTANTIVE**
**CLAIMS OBJECTIONS, AND (C) SATISFACTION PROCEDURES AND**
**FORM OF NOTICE AND (II) MODIFYING BANKRUPTCY RULE 3007(e)(6)**

The above-captioned debtors and debtors in possession (collectively, the "Debtors")

respectfully state the following in support of this motion (this "Motion"):

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

## Relief Requested

1.       The Debtors seek entry of an order, substantially in the form attached hereto as

**Exhibit A** (the "Order"):  (a) approving the objection procedures described herein; (b) authorizing

the Debtors to assert substantive objections to "claims" (collectively, "Claims"), as that term is

defined in section 101(5) of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy

Code"), including requests for payment of administrative expense claims

(collectively, "Administrative Claims"), in an omnibus format pursuant to rules 3007(c) and

3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); (c) approving

the satisfaction procedures and form of notice described herein; and (d) modifying Bankruptcy

Rule 3007(e)(6).

## Jurisdiction

2.       The United States Bankruptcy Court for the Southern District of New York

(the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the

*Amended Standing Order of Reference* from the United States District Court for the Southern

District of New York, entered February 1, 2012.  The Debtors confirm their consent to the Court

entering a final order in connection with this Motion to the extent that it is later determined that

the Court, absent consent of the parties, cannot enter final orders or judgments in connection

herewith consistent with Article III of the United States Constitution.

3.       Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.       The statutory bases for the relief requested herein are sections 105(a) and 502(a) of

the Bankruptcy Code and Bankruptcy Rule 3007.

## Background

5.       The Debtors, together with their non-Debtor affiliates (collectively, "Celsius"), are

one of the largest and most sophisticated cryptocurrency based finance platforms in the world and

provide financial services to institutional, corporate, and retail clients across more than 100 countries. Celsius was created in 2017 to be one of the first cryptocurrency platforms to which users could transfer their crypto assets and (a) earn rewards on crypto assets and/or (b) take loans using those transferred crypto assets as collateral. Headquartered in Hoboken, New Jersey, Celsius has more than 1.7 million registered users and approximately 300,000 active users with account balances greater than $100.

6.      On July 13, 2022 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. A detailed description of the facts and circumstances of these chapter 11 cases is set forth in the *Declaration of Robert Campagna, Managing Director of Alvarez & Marsal North America, LLC, in Support of Chapter 11 Petitions and First Day Motions* (the "Campagna Declaration").[2] The Debtors commenced these chapter 11 cases to provide Celsius an opportunity to stabilize its business and consummate a comprehensive restructuring transaction that maximizes value for stakeholders.

7.      The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. These chapter 11 cases have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 53]. On July 27, 2022, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed an official committee of unsecured creditors [Docket No. 241] (the "Committee"). On September 14, 2022, the Court entered an order directing the appointment of an examiner [Docket No. 820].

---

[2]      Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Campagna Declaration.

**Claims Reconciliation Process**

8.      On October 5, 2022, all Debtors except for GK8 Ltd., GK8 UK, and GK8 USA LLC[3] filed their respective schedules of assets and liabilities (as amended from time to time, the "Schedules") [Docket No. 974] pursuant to Bankruptcy Rule 1007 and the orders extending time to file schedules of assets and liabilities [Docket Nos. 57 and 431], among other things.

9.      On November 16. 2022, the Court entered an order [Docket No. 1368] (the "Bar Date Order") establishing certain dates and deadlines for filing proofs of Claims (collectively, the "Proofs of Claim") in these chapter 11 cases.  Specifically, among other things, the Court established (a) January 3, 2023, at 5:00 p.m., prevailing Eastern Time, as the last date and time for certain creditors other than governmental units to file Proofs of Claim based on prepetition Claims, including Administrative Claims, against any Debtor (the "Original Claims Bar Date"), (b) January 10, 2023, at 5:00 p.m., prevailing Eastern Time, as the last date and time for each governmental unit to file Proofs of Claim against any Debtor (the "Original Governmental Bar Date"), (c) the later of (i) the Original Claims Bar Date or the Governmental Bar Date, each as applicable, or (ii) any date this Court may fix in the applicable order authorizing the rejection of an executory contract or unexpired lease and, if no such date is provided, thirty days from the date of entry of such order as the deadline by which claimants asserting Claims resulting from the Debtors' rejection of an executory contract or unexpired lease must file Proofs of Claim for damages arising from such rejection, and (d) the later of (i) the Claims Bar Date or the Governmental Bar Date, each as applicable, or (ii) thirty-five days after the date on which the Debtors provided notice of an amendment or supplement to the Schedules as the deadline for when

---

[3]     GK8 Ltd., GK8 UK, and GK8 USA LLC, who filed their respective petitions for bankruptcy on December 7, 2022, filed their respective schedules on January 20, 2023, in their respective cases.

4

claimants holding Claims that the filing, amendment, or supplement affected must file Proofs of Claim with respect to such claim.

10.    Stretto, Inc. (the "Claims and Noticing Agent") emailed notice of the Original Bar Date Order to thousands of potential claimants timely and in accordance with the procedures outlined therein [Docket No. 1660].  An employee of the Claims and Noticing Agent directed and supervised the delivery of the notice via electronic mail upon the service list attached thereto as Exhibit A.

11.    On January 10, 2023, the Court entered an order [Docket No. 1846] (the "Amended Bar Date Order") extending the dates and deadlines for filing Proofs of Claim in these chapter 11 cases.  Specifically, among other things, the Court established February 9, 2023, at 5:00 p.m., prevailing Eastern Time, as the last date and time for all creditors, including governmental units, to file Proofs of Claim based on prepetition Claims, including Administrative Claims, against any Debtor (the "Extended Claims Bar Date").  For the avoidance of doubt, the Original Governmental Bar Date was also extended to February 9, 2023, at 5:00 p.m., prevailing Eastern Time.

12.    The Claims and Noticing Agent emailed notice of the Amended Bar Date Order to thousands of potential claimants timely and in accordance with the procedures outlined therein [Docket No. 1938].  An employee of the Claims and Noticing Agent directed and supervised the delivery of the notice via electronic mail upon the service list attached thereto as Exhibit A.

13.    As of the date hereof, approximately 22,585 Proofs of Claim have been filed against the Debtors, totaling approximately $1,468,662,582.[4]  The Debtors, together with their advisors, will soon commence the claims reconciliation process and anticipate that they will object to a

---

[4]    The total value of the filed Proofs of Claim does not include approximately 11,799 claims filed solely in digital assets without including a liquidated claim amount and one claim incorrectly filed in the amount of $117.9 quadrillion.

substantial number of Proofs of Claim asserted against the Debtors in accordance with Bankruptcy Rule 3007(d), which authorizes the Debtors to object to multiple Claims in an omnibus fashion based on certain enumerated grounds, and on additional grounds not set forth in Bankruptcy Rule 3007(d). It would be time-consuming for the Debtors to prepare and file individual pleadings for each objection not specifically set forth in Bankruptcy Rule 3007(d). Authority to object to multiple Proofs of Claim in an omnibus basis on grounds other than those set forth in Bankruptcy Rule 3007(d) will ease the administrative and financial burden associated with the claims reconciliation process. Accordingly, the Debtors request authority to file omnibus objections in accordance with the relief sought herein as well as to provide notices of satisfaction to claimants asserting Claims that have been satisfied in full.

## Proposed Objection Procedures

14.     The Debtors seek approval of the procedures attached as <u>Exhibit 1</u> to the Order (the "<u>Objection Procedures</u>") to expedite and complete the Claims reconciliation process in a timely, efficient, and cost-effective manner. The Objection Procedures describe the key aspects of the Debtors' proposed Claims objection process, such as (a) the form of omnibus objection (each, an "<u>Omnibus Objection</u>"), (b) the types of exhibits and supporting documentation that will be included with each Omnibus Objection, (c) the form of notice that will be provided to affected creditors (the "<u>Objection Notice</u>"), (d) information for creditors on how they may attempt to informally resolve the objection to their Claim or file a formal response to the objection to their Claim, (e) the implications of failing to resolve or respond to such objection timely, and (f) information relating to filing replies, obtaining discovery, and hearings. In addition, the

Objection Procedures and Objection Notice,[5] substantially in the form attached as Exhibit 2 to the

Order, will contain the procedural safeguards for Omnibus Objections set forth in Bankruptcy

Rule 3007(e)(1)–(e)(5) to protect the due process rights of creditors.

### Proposed Satisfaction Procedures

15.     The Debtors also seek approval of the procedures for filing and serving notices of

satisfaction of Claims, which will further streamline the Claims reconciliation process.  The form

of notice of satisfaction, attached as Exhibit 4 to the Order (the "Notice of Satisfaction"),[6] will

comply with the satisfaction procedures attached as Exhibit 3 to the Order (the "Satisfaction

Procedures").  Such procedures provide information about objecting to the Notice of Satisfaction

and/or filing a formal response thereto as well as the implications of failing to object or respond to

such Notice of Satisfaction in timely manner and in accordance with the procedures.  The Notice

of Satisfaction will notify certain claimants of the Debtors' belief that their Claims have been

satisfied in full either pursuant to an order of the Court or otherwise.  Such notice will also state

that these Claims will be expunged from the Claims Register as a result of their satisfaction.

16.     The Debtors have incorporated safeguards into the Satisfaction Procedures and the

Notice of Satisfaction to protect the due process rights of creditors.  For example, the Notice of

Satisfaction will include (a) the name of the claimant, (b) the Proof of Claim number

(if applicable), (c) the amount for which each particular Claim has been satisfied to the extent

applicable, and (d) the objection date and procedures for objecting to the Notice of Satisfaction.

---

[5]    The Objection Notice generally will be in the form attached to Exhibit 2, but it may be tailored to address issues
specific to particular creditors, Claims, or objections, as necessary and appropriate.

[6]    The Notice of Satisfaction generally will be in the form attached to Exhibit 4, but it may be tailored to address
issues specific to particular creditors, Claims, or objections, as necessary and appropriate.

**Relief Pursuant to Bankruptcy Rule 3007(c)**

17.     Although the Debtors expect to object to a number of Claims on the grounds
enumerated in Bankruptcy Rule 3007(d), certain Claims necessitate objections on additional
grounds not set forth expressly therein (collectively, the "Additional Grounds").  The Additional
Grounds include the following:

a.      the Claims are inconsistent with the Debtors' books and records;

b.      Claims for the return of cryptocurrency are asserted partially or fully in U.S.
Dollars rather than cryptocurrency;

c.      the Claims fail to specify the amount or assert the amount as "unliquidated";

d.      the Claims fail to specify sufficiently the basis for the Claim or provide
sufficient supporting documentation for such Claim;

e.      the Claims seek to recover amounts for which the Debtors are not liable;

f.      the Claims are classified incorrectly or improperly;

g.      the Claims are filed against non-Debtors, the wrong Debtor, or are filed
against multiple Debtors, except to the extent permitted under the Original
or Amended Bar Date Order;

h.      the Claims are disallowed pursuant to section 502 of the Bankruptcy Code;

i.      the Claim has been satisfied in full by a party that is not a Debtor;

j.      one or more of the Debtors' insurers are obligated to satisfy the Claims;

k.      the claimant has withdrawn the Claim formally pursuant to either a pleading
or the entry of a Court order;

l.      the Claim includes CEL or other cryptocurrency rewards obtained in
violation of the Terms of Use; and

m.      the Claimant has multiple Celsius accounts in violation of the Terms of Use.

The Debtors seek authority to object to multiples Claims on the Additional Grounds outlined above
in an Omnibus Objection pursuant to Bankruptcy Rule 3007(c).  This will allow the Debtors to

minimize the cost, confusion, and delay attendant to preparing and filing individual objections on a Claim-by-Claim basis.

18.    Additionally, modification of Bankruptcy Rule 3007(e)(6) to allow the Debtors to object to up to 250 Proofs of Claim in a single omnibus objection will further minimize costs and enable the Debtors to execute an efficient and expedient Claims resolution process.  Over 22,585 Proofs of Claim have been filed, which makes the limitations imposed under Bankruptcy Rule 3007(e)(6) burdensome and counterproductive.  Specifically, adherence to this rule would lead to redundancies and could be confusing for creditors asserting multiple Claims against one or more of the Debtors in these chapter 11 cases.  This could create unintended and unforeseeable issues for creditors with multiple Claims as well as complicate the Court's docket.  The relief requested herein is intended to maximize value without scarifying the procedural safeguards contained in Bankruptcy Rule 3007(e) and the additional protections set forth in the Objection Procedures.

## Basis for Relief

19.    Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects."  11 U.S.C. § 502(a).  Bankruptcy Rule 3001 states that "a proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim."  *See* Fed. R. Bankr. P. 3001.  Under section 1111(a) of the Bankruptcy Code, scheduled claims are treated as proofs of claim.  *See* 11 U.S.C. § 1111(a) ("A proof of claim . . . is deemed filed under section 501 of this title for any claim . . . that appears in the schedules . . . except a claim . . . that is scheduled as disputed, contingent or unliquidated.").  As such, the Debtors must review and reconcile all scheduled Claims and over 22,585 filed Proofs of Claim in these chapter 11 cases as part of the Claims reconciliation process.

20.     In addition, Bankruptcy Rule 3007(c) affords bankruptcy courts the discretion to authorize omnibus objections based upon grounds beyond those explicitly delineated in Bankruptcy Rule 3007(d).  *See* Fed. R. Bankr. P. 3007(c) ("Unless otherwise ordered by the court or permitted by subdivision (d), objections to more than one Claim shall not be joined in a single objection.").  Section 105(a) of the Bankruptcy Code provides that a bankruptcy court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions [of the Bankruptcy Code]."  11 U.S.C. § 105.  Thus, a bankruptcy court has power to fashion any order or decree that is in the interest of preserving or protecting the value of a debtor's assets.  *See Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1069 (2d Cir. 1983) ("[A] bankruptcy judge must have substantial freedom to tailor his orders to meet differing circumstances."); *In re Keene Corp.*, 168 B.R. 285, 292 (Bankr. S.D.N.Y. 1994) (the court can "use its equitable powers to assure the orderly conduct of the reorganization proceedings").

21.     It is within this Court's power under section 105(a) of the Bankruptcy Code and Bankruptcy Rule 3007, each as applicable, to authorize the Debtors to file Omnibus Objections consistent with the Objection Procedures and send Notices of Satisfaction consistent with the Satisfaction Procedures.  Bankruptcy Rule 3007(c) contemplates an order modifying the limitation set forth therein on joining claims in a single objection, which is what the Debtors seek authority to do pursuant to the relief requested in this Motion.  Moreover, Bankruptcy Rule 3007(d) already allows multiple claims against different entities to be included in one omnibus objection. The Debtors merely seek to add to the circumstances under which one omnibus objection can be filed for administrative convenience.

22.     In addition, the proposed Objection Procedures and Satisfaction Procedures conform to the spirit of Bankruptcy Rule 3007.  They balance the due process rights of creditors

with the efficient administration of large chapter 11 cases. The Objection Procedures and Satisfaction Procedures provide a framework for the careful review, prosecution, and reconciliation of Claims by, among other things: (a) providing greater certainty in administering the objection process; (b) promoting the consensual resolution of Claims objections or, alternatively, establishing efficient and fair mechanisms to (i) settle Claims objections and (ii) notify creditors of the satisfaction of Claims; and (c) reducing the cost, time, and delay of preparing numerous Claims objections.

23.    Further, the proposed Objection Procedures include safeguards that respect creditors' due process rights. For example, the Debtors are required to serve the Objection Notice and Notice of Satisfaction on affected creditors in full compliance with the requirements in the Bankruptcy Code and Bankruptcy Rules (except Bankruptcy Rule 3007(e)(6)). Each notice will contain information about how affected creditors can resolve objections to Claims formally and/or informally and will include the deadline to file responses to the applicable Omnibus Objections. The notices will also have a customized schedule attached thereto that will reference the claimant's specific Claim that is subject to an objection or could be deemed satisfied. Therefore, the Debtors intend to implement a Claims reconciliation process that goes beyond what is required in Bankruptcy Rule 3007 and the Bankruptcy Code. *See In re The Great Atl. & Pac. Tea Co., Inc.*, No. 10-24549 (RDD) (Bankr. S.D.N.Y. Dec. 14, 2012), Hr'g Tr. 9:9–12, 12:15–19 (approving similar omnibus objection procedures while noting "I'm satisfied that you're not going beyond what was intended in [Bankruptcy] 3007 dealing with omnibus objections" because the individualized notice makes it so that "this isn't even an omnibus objection" but rather "an omnibus hearing" on similar claims objections).

11

24.      Similarly, if the Debtors are allowed to object to Claims on Additional Grounds in

an omnibus format and include up to 250 Claims in an Omnibus Objection, they will be more

efficient and cost-effective in administering the Claims resolution process.  All parties in interest

will benefit from fewer pleadings and hearings and greater efficiency.  Ultimately, through a

well-organized process, estate value will be preserved, and limited resources will be expended on

reconciling Claims.

25.      Further, the Notice of Satisfaction will bring certainty to the Claims resolution

process, which will involve reconciling over 22,585 Proofs of Claim for the Debtors.  Such notice

and Satisfaction Procedures will allow claimants to know when their Claims have been satisfied

in accordance with the Bankruptcy Code and can reduce needless litigation and uncertainty around

whether and when such Claims have been resolved on a final basis.

26.      In addition, similar relief has routinely been granted in other large chapter 11 cases.

*See*, *e.g.*, *In re Solstice Marketing Concepts LLC*, No. 21-10306 (MG) (Bankr. S.D.N.Y. May 10,

2022) [Docket No. 217]; *In re KG Winddown, LLC*, No. 20-11723 (MG) (Bankr. S.D.N.Y. Jan. 28,

2021 [Docket No. 432]; *In re Avianca Holdings S.A.*, No. 20-11133 (MG) (Bankr. S.D.N.Y. Nov.

16, 2020) [Docket No. 1179]; *In re Windstream Holdings, Inc.*, No. 19-22312 (RDD) (Bankr.

S.D.N.Y. Oct. 10, 2019) [Docket No. 1141]; *In re Aegerion Pharmaceuticals, Inc.*, No. 19-11632

(MG) (Bankr. S.D.N.Y. Aug. 20, 2019) [Docket No. 240].[7]

27.      The Debtors believe that the relief requested herein appropriately balances judicial

and administrative efficiency with due process rights.  Specifically, the procedures and notices

---

[7]      Due to the voluminous nature of these orders referenced herein, copies of such orders are not attached to this
Motion.  Copies of the orders are available upon request to the Debtors' counsel.

preserve and protect estate assets and are designed to streamline the Claims reconciliation process.

Accordingly, the Debtors respectfully request that the Court approve the relief requested herein.

## **Motion Practice**

28.     This motion includes citations to the applicable rules and statutory authorities upon

which the relief requested herein is predicated and a discussion of its application to this motion.

Accordingly, the Debtors submit that this motion satisfies Local Rule 9013-1(a).

## **Notice**

29.     The Debtors will provide notice of this Motion to the following parties or their

respective counsel:  (a) the U.S. Trustee; (b) counsel to the Committee; (c) the holders of the 50

largest unsecured claims against the Debtors (on a consolidated basis); (d) the United States

Attorney's Office for the Southern District of New York; (e) the Internal Revenue Service; (f) the

offices of the attorneys general in the states in which the Debtors operate; (g) the Securities and

Exchange Commission; and (h) any party that has requested notice pursuant to Bankruptcy

Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or

further notice need be given.

## **No Prior Request**

30.     No prior request for the relief sought in this motion has been made to this or any

other court.

WHEREFORE, the Debtors respectfully requests that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

New York, New York
Dated: February 1, 2023

*/s/ Joshua A. Sussberg*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:        jsussberg@kirkland.com

 - and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:        patrick.nash@kirkland.com
              ross.kwasteniet@kirkland.com
              chris.koenig@kirkland.com
              dan.latona@kirkland.com

*Counsel to the Initial Debtors and Debtors in Possession*
*Proposed Counsel to the GK8 Debtors and Debtors in Possession*

**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER (I) APPROVING (A) OMNIBUS CLAIMS OBJECTION**
**PROCEDURES, (B) OMNIBUS SUBSTANTIVE CLAIMS OBJECTIONS**
**AND FORM OF NOTICE, AND (C) SATISFACTION PROCEDURES AND**
**FORM OF NOTICE AND (II) MODIFYING BANKRUPTCY RULE 3007(e)(6)**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order (this "Order");  (a) approving the Objection Procedures and the Objection Notice attached hereto, (b) authorizing the Debtors to assert substantive objections to Claims (including requests for payment of Administrative Claims) in an omnibus format pursuant to Bankruptcy Rules 3007(c) and 3007(d), (c) approving the Satisfaction Procedures and the form of Notice of Satisfaction attached hereto, (d) modifying the requirement in Bankruptcy Rule 3007(e)(6) to allow the Debtors to file Omnibus Objections containing objections to up to 250 Claims, and (e) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012; and this Court having the power to enter

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing thereon were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT

1.      The Motion is granted to the extent set forth herein.

2.      Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, or the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules") and pursuant to Bankruptcy Rule 3007(c), the Debtors may file Omnibus Objections that include objections to Claims (including requests for payment of Administrative Claims) on any bases set forth in Bankruptcy Rule 3007(d) or the Additional Grounds.

3.      Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules, the Debtors may object to up to 250 Claims in a single Omnibus Objection on any of the bases set forth in Bankruptcy Rule 3007(d) or the Additional Grounds.

4.      The Objection Procedures attached hereto as **Exhibit 1** are approved and the Debtors may file and prosecute any Omnibus Objections in accordance with the Objection Procedures and the other procedural safeguards set forth in Bankruptcy Rule 3007(e) except as stated in paragraph 3.

2

5.      The form of Objection Notice attached hereto as **Exhibit 2** is approved. The Debtors are authorized to mail or email Objection Notices in accordance with the Objection Procedures.

6.      The Satisfaction Procedures attached hereto as **Exhibit 3** are approved.

7.      The form of Notice of Satisfaction attached to the Order as **Exhibit 4** is approved. The Debtors are authorized to mail or email Notices of Satisfaction in accordance with the Satisfaction Procedures that notify certain claimants of the Debtors' belief that those Claims have been satisfied in full and will be expunged from the Claims Register absent a timely response from the Claim holder.  If no response is received timely from the recipient of the Notice of Satisfaction, the Debtors or the Claims and Noticing Agent acting on the Debtors' behalf are authorized to expunge such Claim from the Claims Register and such recipient shall not be treated as a creditor with respect to the Claim for purposes of distribution.

8.      For the avoidance of doubt, the Debtors may include scheduled Claims in Omnibus Objections.

9.      The terms, conditions, and provisions of this Order shall be immediately effective and enforceable upon entry hereof.

10.      Notwithstanding anything to the contrary in the Motion, this Order, or any findings announced at the Hearing, nothing in the Motion, this Order, or announced at the Hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis are expressly reserved.

11.      Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any

particular claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens.  Any payment made pursuant to this Order is not intended and should not be construed as an admission as the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

12.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

13.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2023

_____
THE HONORABLE MARTIN GLENN
CHIEF UNITED STATES BANKRUPTCY JUDGE

## **Exhibit 1**

### **Objection Procedures**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| | ) |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) Case No. 22-10964 (MG) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**PROCEDURES FOR FILING AND SERVING OMNIBUS CLAIMS OBJECTIONS**

On [●], 2023, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered the *Order (I) Approving (A) Omnibus Claims Objection Procedures and Form of Notice, (B) Omnibus Substantive Claims Objections, and (C) Satisfaction Procedures and Form of Notice and (II) Modifying Bankruptcy Rule 3007(e)(6)* [Docket No. [●]] (the "Order") in the chapter 11 cases of the above-captioned debtors (collectively, the "Debtors").[2]  Among other things, the Order approved these omnibus objection procedures.

**Omnibus Objections**

1.    <u>Grounds for Omnibus Objections</u>.  In addition to those grounds expressly set forth in Bankruptcy Rule 3007(d), the Debtors may file omnibus objections (each, an "Omnibus Objection") to Claims, in whole or part, on the following grounds:

  a.    the Claims are inconsistent with the Debtors' books and records;

  b.    Claims for the return of cryptocurrency are asserted partially or fully in U.S. Dollars rather than cryptocurrency;

  c.    the Claims fail to specify the amount or assert the amount as "unliquidated";

  d.    the Claims fail to specify sufficiently the basis for the Claim or provide sufficient supporting documentation for such Claim;

  e.    the Claims seek to recover amounts for which the Debtors are not liable;

  f.    the Claims are classified incorrectly or improperly;

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2]    All capitalized terms used but not otherwise defined herein have the meanings given to them in the Order.

g.    the Claims are filed against non-Debtors, the wrong Debtor, or are filed against multiple Debtors, except to the extent permitted under the Original or Amended Bar Date Order;

h.    the Claims are disallowed pursuant to section 502 of the Bankruptcy Code;

i.    the Claim has been satisfied in full by a party that is not a Debtor;

j.    one or more of the Debtors' insurers are obligated to satisfy the Claims;

k.    the claimant has withdrawn the Claim formally pursuant to either a pleading or the entry of a Court order;

l.    the Claim includes CEL or other cryptocurrency rewards obtained in violation of the Terms of Use; and

m.    the Claimant has multiple Celsius accounts in violation of the Terms of Use.

2.    <u>Form of Omnibus Objection</u>.  Each Omnibus Objection will be numbered consecutively regardless of basis.

3.    <u>Supporting Documentation</u>.  To the extent appropriate, an affidavit or declaration may be provided in connection with an Omnibus Objection from a party with knowledge of the Debtors' books and records and the manner in which they are maintained that states that such party has reviewed the Claims included therein and applicable supporting information and documentation provided therewith, made reasonable efforts to research the Claim on the Debtors' books and records, and determined that the books and records do not reflect the debt or the amount of debt that is alleged in the Claim.

4.    <u>Claims Exhibits</u>.  An exhibit or exhibits listing the Claims that are subject to the particular Omnibus Objection will be attached thereto.  Each exhibit will include only the Claims for which there is a common basis for the objection.  Claims that have more than one basis for objection will be on one exhibit with reference to all of the bases for objecting to the Claims; *provided* that such exhibit will only include Claims for which there are common bases for the objection.  The Debtors' right to object to a Claim on an additional basis or bases will not be waived if such Claim has been included on an exhibit to either a previous or the same Omnibus Objection.  The exhibits will include the following information and be alphabetized based on claimant:

a.    the Claims that are the subject of the Omnibus Objection and, if applicable, the Proof of Claim number(s) or schedule number(s) related thereto from the Claims Register;

b.    the asserted amount of the Claim;

c.    the grounds for the Omnibus Objection;

    d.      a cross-reference to the section in the Omnibus Objection discussing such Claim; and

    e.      other information, as applicable, including (i) the proposed classification of Claims the Debtors seek to reclassify, (ii) the reduced Claim amount(s) of Claims the Debtors seek to reduce, or (iii) the surviving Claims, if any, of groups of Claims the Debtors seek to expunge.

5.      <u>Objection Notice</u>. An objection notice, substantially in the form attached to the Order as <u>Exhibit 2</u>, will accompany each omnibus objection (the "<u>Objection Notice</u>") to address a particular creditor, Claim, or objection and will include the following:

    a.      a description of the basic nature of the Omnibus Objection;

    b.      information about the rights that creditors may have as a result of the Omnibus Objection and that failure to file a response may result in the Omnibus Objection being granted as to the claimant's Claim;

    c.      procedures for filing a written response (each, a "<u>Response</u>") to the objection, including all relevant dates and deadlines related thereto;

    d.      the hearing date, if applicable, and related information; and

    e.      a description of how copies of Proofs of Claim, the Omnibus Objection, and other pleadings filed in the chapter 11 cases may be obtained.

6.      <u>Notice and Service</u>. Each Omnibus Objection will be filed with the Court and served upon (a) the affected claimant party set forth on the Proof of Claim or their respective attorney of record, (b) the U.S. Trustee, (c) the official committee of unsecured creditors, and (d) parties that have filed a request for service of papers under Bankruptcy Rule 2002.

7.      <u>Omnibus Hearings</u>. Each Omnibus Objection shall be set for hearing no less than thirty (30) days after service of the Omnibus Objection (the "<u>Hearing</u>"). The Debtors may request at the Hearing that the Court enter an order granting the Omnibus Objection with respect to each Claim subject to the Omnibus Objection when either (a) no Response has been filed in accordance with the proposed response procedures with respect to the Claim(s) or (b) a Response has been filed in accordance with the proposed response procedures with respect to the Claim(s), but such Response has been resolved prior to the Hearing. If a Response to an objection to a Claim cannot be resolved and a hearing is determined to be necessary, the Debtors shall file with the Court and serve on the affected claimant(s) a notice of the hearing to the extent the Debtors did not file a notice of hearing previously. Notwithstanding the Case Management Order, the Debtors may adjourn Hearings regarding Omnibus Objections to subsequent hearing dates without further order of the Court.

8.      <u>Contested Matter</u>. Each Claim subject to an Omnibus Objection along with any Responses thereto shall constitute a separate contested matter as contemplated in Bankruptcy Rule 9014, and any order that the Court may enter with respect to an Omnibus Objection will be

deemed a separate order with respect to such Claim. The Debtors may, in their discretion and in accordance with other orders of this Court or the provisions of the Bankruptcy Code and the Bankruptcy Rules, settle the priority, amount, and validity of such contested Claims without any further notice to or action, order, or approval of the Court.

## Responses to Omnibus Objections

9.    <u>Parties Required to File a Response</u>.    Any party who disputes an Omnibus Objection is required to file a Response in accordance with the procedures set forth herein. If a party's Claim is subject to an Omnibus Objection and does not file and serve a Response in compliance with the procedures below, the Court may grant the Omnibus Objection with respect to such Claim without further notice to the claimant.

10.    <u>Response Contents</u>. Each Response must contain the following (at a minimum):

a.    a caption stating the name of the Court, the name of the Debtors, the case number, the title of the Omnibus Objection to which the Response is directed, and, if applicable, the Proof of Claim number(s) related thereto from the Claims Register;

b.    a concise statement setting forth the reasons why the Court should not grant the Omnibus Objection with respect to such Claim, including the specific factual and legal bases upon which the claimant will rely in opposing the Omnibus Objection;

c.    a copy of any other documentation or other evidence of the Claim, to the extent not already included with the Proof of Claim, upon which the claimant will rely in opposing the Omnibus Objection; *provided, however*, that the claimant need not disclose confidential, proprietary, or otherwise protected information in the Response; *provided, further, however,* that the claimant shall disclose to the Debtors all information and provide copies of all documents that the claimant believes to be confidential, proprietary, or otherwise protected and upon which the claimant intends to rely in support of its Claim, subject to appropriate confidentiality constraints; and

d.    the following contact information for the responding party:

(i)    the name, address, telephone number, and email address of the responding claimant or the claimant's attorney or designated representative to whom the attorneys for the Debtors should serve a reply to the Response, if any; or

(ii)    the name, address, telephone number, and email address of the party with authority to reconcile, settle, or otherwise resolve the Omnibus Objection on the claimant's behalf.

4

11.    <u>Filing and Service of the Response</u>. A Response will be deemed timely only if it is filed with the Court and served so as to be *actually received* at or before 4:00 p.m. (prevailing Eastern Time) on the day that is seven (7) calendar days before the Hearing (the "<u>Response Deadline</u>") unless the Debtors consent to an extension in writing and the parties file a letter with the Court setting out the request in accordance with the Case Management Order. A Response must be filed with the Court and served timely on the following parties, with a copy to the Court's chambers:

a.   **Debtors.** Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C. (jsussberg@kirkland.com) and Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654, Attn: Patrick J. Nash, P.C. (patrick.nash@kirkland.com), Ross M. Kwasteniet, P.C. (ross.kwasteniet@kirkland.com), Christopher S. Koenig (chris.koenig@kirkland.com), and Dan Latona (dan.latona@kirkland.com);

b.   **Committee.** White & Case LLP, 1221 Avenue of the Americas, New York, New York 10020, Attn: David Turetsky (david.turetsky@whitecase.com) and Samuel P. Hershey (sam.hershey@whitecase.com), White & Case, 111 South Wacker Drive, Suite 5100, Chicago, Illinois 60606, Attn: Michael C. Andolina (mandolina@whitecase.com) and Gregory F. Pesce (gregory.pesce@whitecase.com), White & Case LLP, 200 South Biscayne Blvd., Suite 4900, Miami, Florida 33133, Attn: Keith H. Wofford (kwofford@whitecase.com), and White & Case LLP, 555 South Flower Street, Suite 2700, Los Angeles, California 90071, Attn: Aaron E. Colodny (aaron.colodny@whitecase.com); and

c.   **U.S. Trustee.** The Office of the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York, 10014, Attn: Shara Cornell (shara.cornell@usdoj.gov), Mark Bruh (mark.bruh@usdoj.com), and Brian S. Masumoto (brian.masumoto@usdoj.com).

12.    <u>Discovery</u>. If the Debtors determine that discovery is necessary in advance of a hearing on an Omnibus Objection, the Debtors will serve notice on the affected claimant and its counsel of record that the scheduled hearing will be treated as a status conference during which the parties will request that the Court issue a scheduling order to facilitate dismissal or resolution of the litigation. Such notice may be incorporated into the initial agenda letter for the hearing or may be provided in a separate notice. In accordance with Local Rule 9014-2, the first hearing on any contested Omnibus Objection with respect to a particular Claim will not be an evidentiary hearing, and there is no need for any witnesses to appear at such hearing unless the Court orders otherwise in accordance with Local Rule 9014-2.

13.    <u>Failure to Respond</u>. A Response that is not filed and served on or before the Response Deadline or such other date as agreed with the Debtors, in accordance with the procedures set forth herein, may not be considered at the Hearing before the Court. **Absent reaching an agreement with the Debtors that resolves the Omnibus Objection to a Claim, failure to both file and serve a Response timely as set forth herein may result in the Court granting the Omnibus Objection without further notice or hearing**. Affected creditors will be served with such order once it has been entered.

14.     <u>Reply to a Response</u>.  The Debtors shall be permitted to file a reply to any Response no later than three (3) business days before the Hearing with respect to the relevant Omnibus Objection.

## **Miscellaneous**

15.     <u>Additional Information</u>.  Copies of the Motion and other pleadings filed in these chapter 11 cases may be obtained free of charge by visiting the case website of the Debtors at https://cases.stretto.com/celsius.  You may also obtain copies of the Motion and other pleadings filed in these chapter 11 cases by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

16.     <u>Reservation of Rights</u>.  NOTHING IN ANY NOTICE SHALL BE DEEMED TO CONSTITUTE A WAIVER OF ANY RIGHTS OF THE DEBTORS OR ANY OTHER PARTY IN INTEREST TO DISPUTE ANY CLAIMS, ASSERT COUNTERCLAIMS, RIGHTS OF OFFSET OR RECOUPMENT, DEFENSES, OBJECT TO ANY CLAIMS ON ANY GROUNDS NOT PREVIOUSLY RAISED IN AN OBJECTION (UNLESS THE COURT HAS ALLOWED THE CLAIM OR ORDERED OTHERWISE), OR SEEK TO ESTIMATE ANY CLAIM AT A LATER DATE.  AFFECTED PARTIES WILL BE PROVIDED APPROPRIATE NOTICE THEREOF AT SUCH TIME.

**<u>Exhibit 2</u>**

**Objection Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

---

**NOTICE OF OBJECTION TO YOUR PROOF OF CLAIM AND DEADLINE
TO FILE A RESPONSE WITH THE BANKRUPTCY COURT**

      **PLEASE TAKE NOTICE** that the above-captioned debtors and debtors in possession (collectively, the "Debtors") are objecting to your Claim(s)[2] pursuant to the attached objection (the "Objection").

> **YOU SHOULD LOCATE YOUR NAME AND YOUR CLAIM(S) ON THE SCHEDULES ATTACHED HERETO.  PLEASE TAKE NOTICE THAT YOUR CLAIM(S) MAY BE DISALLOWED, EXPUNGED, RECLASSIFIED, REDUCED, OR OTHERWISE AFFECTED AS A RESULT OF THE OBJECTION.  THEREFORE, PLEASE READ THIS NOTICE AND THE ACCOMPANYING OBJECTION VERY CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY.  IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

### Important Information Regarding the Objection

      <u>Grounds for the Objection</u>.  Pursuant to the Objection, the Debtors are seeking to [disallow/expunge/reclassify/reduce] your Claim(s) listed in the table listed in the table attached hereto as **Exhibit A** on the grounds that your Claim(s) [is/are] [●].  The Claim(s) subject to the Objection may also be found on the schedules attached to the Objection, a copy of which has been provided with this notice.

      <u>Objection Procedures</u>.  On [●], 2023, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order [Docket No. [●]] approving procedures for filing and resolving objections to Claims asserted against the Debtors in the chapter 11 cases.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2]    All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection Procedures.

***Please review the Objection Procedures to ensure your response to the Objection, if any, is filed and served timely and correctly***.

### Resolving the Objection

Resolving Objections.  Certain of the Debtors' advisors will be available to discuss and resolve consensually the Objection to your Claim(s) without the need for filing a formal response or attending a hearing.  Please contact Kirkland & Ellis LLP, the Debtors' restructuring counsel, via e-mail at CelsiusClaimsProcedures@kirkland.com, within twenty calendar days after the date of this notice or such other date as the Debtors may agree in writing.  Please have your Proof(s) of Claim and any related material available for any such discussions.

Parties Required to File a Response.  If you are not able to resolve consensually the Objection filed with respect to your Claim as set forth above, you must file a response (each, a "Response") with the Court in accordance with the procedures described below.

Response Contents.  Each Response must contain the following (at a minimum):

    a.    a caption stating the name of the Court, the name of the Debtors, the case number, the title of the Omnibus Objection to which the Response is directed, and, if applicable, the Proof of Claim number(s) related thereto from the Claims Register;

    b.    a concise statement setting forth the reasons why the Court should not grant the Omnibus Objection with respect to your Claim, including the specific factual and legal bases upon which the claimant will rely in opposing the Omnibus Objection;

    c.    a copy of any other documentation or other evidence of the Claim, to the extent not already included with the Proof of Claim, upon which the claimant will rely in opposing the Omnibus Objection; *provided, however*, that the claimant need not disclose confidential, proprietary, or otherwise protected information in the Response; *provided, further, however,* that the claimant shall disclose to the Debtors all information and provide copies of all documents that the claimant believes to be confidential, proprietary, or otherwise protected and upon which the claimant intends to rely in support of its Claim, subject to appropriate confidentiality constraints; and

    d.    the following contact information for the responding party:

        (i)    the name, address, telephone number, and email address of the responding claimant or the claimant's attorney or designated representative to whom the attorneys for the Debtors should serve a reply to the Response, if any; or

        (ii)    the name, address, telephone number, and email address of the party with authority to reconcile, settle, or otherwise resolve the Omnibus Objection on the claimant's behalf.

Notice and Service.  Your Response must be filed with the Court and served so as to be *actually received* on or before **4:00 p.m. (prevailing Eastern Time) on [●]**, unless the Debtors consent to an extension in writing (the "Response Deadline").  A Response must be filed with the Court and served timely on the following parties, with a copy to the Court's chambers:

a. **Debtors.**  Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C. (jsussberg@kirkland.com) and Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654, Attn: Patrick J. Nash, P.C. (patrick.nash@kirkland.com),          Ross          M.          Kwasteniet,          P.C. (ross.kwasteniet@kirkland.com),          Christopher          S.          Koenig (chris.koenig@kirkland.com), and Dan Latona (dan.latona@kirkland.com);

b. **Committee.**  White & Case LLP, 1221 Avenue of the Americas, New York, New York 10020, Attn: David Turetsky (david.turetsky@whitecase.com) and Samuel P. Hershey (sam.hershey@whitecase.com), White & Case, 111 South Wacker Drive, Suite 5100, Chicago, Illinois 60606, Attn: Michael C. Andolina (mandolina@whitecase.com) and Gregory F. Pesce (gregory.pesce@whitecase.com), White & Case LLP, 200 South Biscayne Blvd., Suite 4900, Miami, Florida 33133, Attn: Keith H. Wofford (kwofford@whitecase.com), and White & Case LLP, 555 South Flower Street, Suite 2700, Los Angeles, California 90071, Attn: Aaron E. Colodny (aaron.colodny@whitecase.com); and

c. **U.S. Trustee.**  The Office of the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York, 10014, Attn: Shara Cornell (shara.cornell@usdoj.gov), Mark Bruh (mark.bruh@usdoj.com), and Brian S. Masumoto (brian.masumoto@usdoj.com).

Failure to Respond.  A Response that is not filed and served in accordance with the procedures set forth herein may not be considered at the Hearing before the Court.  **Failure to both file and serve a Response timely as set forth herein may result in the Court granting the Objection without further notice or hearing**.  Affected creditors will be served with a copy of the order once it has been entered.

## Hearing on the Objection

Date, Time and Location.  A hearing (the "Hearing") on the Objection will be held on [●], at [●] a/p.m., prevailing Eastern Time, before the Honorable Martin Glenn, Chief United States Bankruptcy Judge for the Southern District of New York.  In accordance with General Order M-543 dated March 20, 2020, the Hearing will be conducted remotely using Zoom for Government.  Parties wishing to appear at the Hearing, whether making a "live" or "listen only" appearance before the Court, need to make an electronic appearance (an "eCourtAppearance") through the Court's website at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl. Electronic appearances (eCourtAppearances) need to be made by 4:00 p.m., prevailing Eastern Time, the business day before the hearing (i.e., on [●], [●]).

Due to the large number of expected participants in the Hearing and the Court's security requirements for participating in a Zoom for Government audio and video hearing, all persons

3

seeking to attend the Hearing at [●]:00 a/p.m., prevailing Eastern Time on [●] must connect to the Hearing beginning at [●]:00 a/p.m., prevailing Eastern Time on [●].  When parties sign in to Zoom for Government and add their names, they must type in the first and last name that will be used to identify them at the Hearing.  Parties that type in only their first name, a nickname or initials will not be admitted into the Hearing.  When seeking to connect for either audio or video participation in a Zoom for Government Hearing, you will first enter a "Waiting Room," in the order in which you seek to connect.  Court personnel will admit each person to the Hearing from the Waiting Room after confirming the person's name (and telephone number, if a telephone is used to connect) with their eCourtAppearance.  Because of the large number of expected participants, you may experience a delay in the Waiting Room before you are admitted to the Hearing.

The hearing may be adjourned to a subsequent date in these cases in the Court's discretion. Notwithstanding the Case Management Order, the Debtors may adjourn Hearings regarding Omnibus Objections to subsequent hearing dates without further order of the Court.  **You must attend the Hearing if you disagree with the Objection and have filed a Response that remains unresolved prior to the Hearing.**  If such Claims cannot be resolved and a hearing is determined to be necessary, the Debtors shall file with the Court and serve on the affected claimants a notice of the hearing to the extent the Debtors did not file a notice of hearing previously.

Discovery.  If the Debtors determine that discovery is necessary in advance of a hearing on an Objection, the Debtors will serve notice on the affected claimant and its counsel of record that the scheduled hearing will be treated as a status conference during which the parties will request that the Court issue a scheduling order to facilitate dismissal or resolution of the litigation.  Such notice may be incorporated into the initial agenda letter for the hearing or may be provided in a separate notice.  In accordance with Local Rule 9014-2, the first hearing on any contested Omnibus Objection with respect a particular Claim will not be an evidentiary hearing, and there is no need for any witnesses to appear at such hearing unless the Court orders otherwise in accordance with Local Rule 9014-2.

## Additional Information

Additional Information.  Copies of these procedures, the Order, the Motion, or any other pleadings filed in these chapter 11 cases may be obtained free of charge by visiting the case website of the Debtors at https://cases.stretto.com/celsius.  You may also obtain copies of these documents and other pleadings filed in these chapter 11 cases by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.  **Please do not contact the Court to discuss the merits of any Claim or any Objection filed with respect thereto**.

## Reservation of Rights

**NOTHING IN ANY NOTICE SHALL BE DEEMED TO CONSTITUTE A WAIVER OF ANY RIGHTS OF THE DEBTORS OR ANY OTHER PARTY IN INTEREST TO DISPUTE ANY CLAIMS, ASSERT COUNTERCLAIMS, RIGHTS OF OFFSET OR RECOUPMENT, DEFENSES, OBJECT TO ANY CLAIMS ON ANY GROUNDS NOT PREVIOUSLY RAISED IN AN OBJECTION (UNLESS THE COURT HAS ALLOWED THE CLAIM OR ORDERED OTHERWISE), OR SEEK TO ESTIMATE ANY CLAIM AT**

**A LATER DATE.    AFFECTED PARTIES WILL BE PROVIDED APPROPRIATE NOTICE THEREOF AT SUCH TIME.**

[*Remainder of page intentionally left blank*]

New York, New York
Dated: [●], 2023

*/s/ DRAFT*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:          jsussberg@kirkland.com

- and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200
Email:          patrick.nash@kirkland.com
                ross.kwasteniet@kirkland.com
                chris.koenig@kirkland.com
                dan.latona@kirkland.com

*Counsel to the Initial Debtors and Debtors in Possession*
*Proposed Counsel to the GK8 Debtors and Debtors in Possession*

6

**Exhibit A**

| Claimant Name | Claim No. | Debtor | Asserted Claim Amount[1] | Basis For Objection | Proposed Treatment | Surviving Claim No. |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

---

[1]    Asserted Claim amounts listed as $0.00 reflect that the Claim amount asserted on the Proof of Claim is "unliquidated."

**<u>Exhibit 3</u>**

**Satisfaction Procedures**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**PROCEDURES FOR FILING AND SERVING**
**NOTICES OF SATISFACTION OF CLAIMS**

On [●], 2023, the above-captioned debtors and debtors in possession (collectively, the "Debtors"),[2] filed the *Debtors' Motion for an Order Approving (A) Omnibus Claims Objection Procedures and Form of Notice, (B) Omnibus Substantive Claims Objections, and (C) Satisfaction Procedures and Form of Notice and (II) Modifying Bankruptcy Rule 3007(e)(6)* (the "Motion") with the United States Bankruptcy Court for the Southern District of New York (the "Court"). On [●], the Court entered an order [Docket No. [●]] (the "Order") approving the Motion, including these procedures for serving notices of satisfaction of claims (the "Satisfaction Procedures").

### Satisfaction Procedures

1.      Grounds for Satisfaction Procedures.  The Debtors may file and serve notices of satisfaction in the form attached hereto as **Exhibit A** (each, a "Notice of Satisfaction") with respect to Claims subject to Proofs of Claims or on the Schedules.  A Notice of Satisfaction may be sent on the grounds that such Claims have been satisfied in full according to the Debtors books and records, including pursuant to any confirmed chapter 11 plan or an order of the Court.

### Responses to Notices of Satisfaction

2.      Parties Required to File a Response.  Any party who disagrees with a Notice of Satisfaction is required to file a response (each, a "Response") in accordance with the procedures set forth herein; *provided*, *however*, that such party may not object to any amount that the Court has approved pursuant to an order.  **If a claimant whose Claim is subject to a Notice of Satisfaction does not file and serve a Response in compliance with the procedures below, the**

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2]      All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

**Debtors are authorized to instruct the Claims and Noticing Agent to expunge such Claim from the Claims Register without further notice to the claimant.**

3.      <u>Response Contents</u>.  Each Response to a Notice of Satisfaction must contain the following (at a minimum):

a.      a caption stating the name of the Court, the name of the Debtors, the case number, the Notice of Satisfaction to which the Response is directed, and, if applicable, the Proof of Claim number(s) related thereto from the Claims Register;

b.      a concise statement setting forth the reasons why the Court should not enter the order with respect to the Notice of Satisfaction regarding such Claim, including the specific factual and legal bases upon which the claimant will rely in opposing the Notice of Satisfaction;

c.      a copy of any other documentation or other evidence of the Claim, to the extent not already included with the Proof of Claim (if applicable), upon which the claimant will rely in opposing the Notice of Satisfaction; *provided, however*, that the claimant need not disclose confidential, proprietary, or otherwise protected information in the Response; *provided, further, however,* that the claimant shall disclose to the Debtors all information and provide copies of all documents that the claimant believes to be confidential, proprietary, or otherwise protected and upon which the claimant intends to rely in support of its Claim, subject to appropriate confidentiality constraints; and

d.      the following contact information for the responding party:

(i)      the name, address, telephone number, and email address of the responding claimant or the claimant's attorney or designated representative to whom the attorneys for the Debtors should serve a reply to the Response, if any; or

(ii)      the name, address, telephone number, and email address of the party with authority to reconcile, settle, or otherwise resolve the Notice of Satisfaction on the claimant's behalf.

4.      <u>Filing and Service of the Response</u>.  Your Response must be filed with the Court and served so as to be actually received on or before **4:00 p.m. (prevailing Eastern Time) on [●],** unless the Debtors consent to an extension in writing (the "<u>Response Deadline</u>").  A Response must be filed with the Court and served timely on the following parties, with a copy to the Court's chambers:

a.      **Debtors.** Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C. (jsussberg@kirkland.com) and Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654, Attn: Patrick J. Nash, P.C. (patrick.nash@kirkland.com),           Ross          M.          Kwasteniet,          P.C.

2

(ross.kwasteniet@kirkland.com), Christopher S. Koenig (chris.koenig@kirkland.com), and Dan Latona (dan.latona@kirkland.com);

b. **Committee.** White & Case LLP, 1221 Avenue of the Americas, New York, New York 10020, Attn: David Turetsky (david.turetsky@whitecase.com) and Samuel P. Hershey (sam.hershey@whitecase.com), White & Case, 111 South Wacker Drive, Suite 5100, Chicago, Illinois 60606, Attn: Michael C. Andolina (mandolina@whitecase.com) and Gregory F. Pesce (gregory.pesce@whitecase.com), White & Case LLP, 200 South Biscayne Blvd., Suite 4900, Miami, Florida 33133, Attn: Keith H. Wofford (kwofford@whitecase.com), and White & Case LLP, 555 South Flower Street, Suite 2700, Los Angeles, California 90071, Attn: Aaron E. Colodny (aaron.colodny@whitecase.com); and

c. **U.S. Trustee.** The Office of the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York, 10014, Attn: Shara Cornell (shara.cornell@usdoj.gov), Mark Bruh (mark.bruh@usdoj.com), and Brian S. Masumoto (brian.masumoto@usdoj.com).

5.    <u>Failure to Respond</u>.  A Response that is not filed and served in accordance with the procedures set forth herein may not be considered at the Hearing before the Court.  **Absent reaching an agreement with the Debtors resolving the Response to the Notice of Satisfaction, failure to file and serve a Response timely as set forth herein may result in the Debtors causing its Claims and Noticing Agent to expunge such Claims from the Claims Register, and such claimant shall not be treated as a creditor with respect to the Claim for purposes of distribution**.

<u>**Hearing on the Response**</u>

6.    <u>Date, Time and Location</u>.  If you file a Response, a hearing (the "<u>Hearing</u>") on the Response will be held on the date set forth in the Notice of Satisfaction, before the Honorable Martin Glenn, Chief United States Bankruptcy Judge for the Southern District of New York.  In accordance with General Order M-543 dated March 20, 2020, the Hearing will be conducted remotely using Zoom for Government.  Parties wishing to appear at the Hearing, whether making a "live" or "listen only" appearance before the Court, need to make an electronic appearance (an "<u>eCourtAppearance</u>") through the Court's website at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl.  Electronic appearances (eCourtAppearances) need to be made by 4:00 p.m., prevailing Eastern Time, the business day before the hearing.

7.    Due to the large number of expected participants in the Hearing and the Court's security requirements for participating in a Zoom for Government audio and video hearing, all persons seeking to attend the Hearing must connect to the Hearing an hour earlier than the Hearing start time.  When parties sign in to Zoom for Government and add their names, they must type in the first and last name that will be used to identify them at the Hearing.  Parties that type in only their first name, a nickname or initials will not be admitted into the Hearing.  When seeking to connect for either audio or video participation in a Zoom for Government Hearing, you will first enter a "Waiting Room," in the order in which you seek to connect.  Court personnel will admit each person to the Hearing from the Waiting Room after confirming the person's name (and

3

telephone number, if a telephone is used to connect) with their eCourtAppearance.  Because of the large number of expected participants, you may experience a delay in the Waiting Room before you are admitted to the Hearing.

8.      The hearing may be adjourned to a subsequent date in these cases in the Court's discretion. Notwithstanding the Case Management Order, the Debtors may adjourn Hearings regarding Omnibus Objections to subsequent hearing dates without further order of the Court. **You must attend the Hearing if you disagree with the Notice of Satisfaction and have filed a Response that remains unresolved prior to the Hearing.**

9.      <u>Reply to a Response</u>.  The Debtors shall be permitted to file a reply to any Response no later than three (3) business days before the Hearing with respect to the relevant Notice of Satisfaction.

## **<u>Miscellaneous</u>**

10.      <u>Additional Information</u>.  Copies of these procedures, the Order, the Motion, or any other pleadings filed in these chapter 11 cases may be obtained free of charge by visiting the case website of the Debtors at https://cases.stretto.com/celsius.  You may also obtain copies of these documents and other pleadings filed in these chapter 11 cases by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.  **Please do not contact the Court to discuss the merits of any Claim or any Objection filed with respect thereto**.

## **<u>Reservation of Rights</u>**

**NOTHING IN ANY NOTICE SHALL BE DEEMED TO CONSTITUTE A WAIVER OF ANY RIGHTS OF THE DEBTORS OR ANY OTHER PARTY IN INTEREST TO DISPUTE ANY CLAIMS, ASSERT COUNTERCLAIMS, RIGHTS OF OFFSET OR RECOUPMENT, DEFENSES, OBJECT TO ANY CLAIMS ON ANY GROUNDS NOT PREVIOUSLY RAISED IN AN OBJECTION (UNLESS THE COURT HAS ALLOWED THE CLAIM OR ORDERED OTHERWISE), OR SEEK TO ESTIMATE ANY CLAIM AT A LATER DATE.  AFFECTED PARTIES WILL BE PROVIDED APPROPRIATE NOTICE THEREOF AT SUCH TIME.**

*[Remainder of page intentionally left blank.]*

New York, New York
Dated: [●], 2023

*/s/ DRAFT*
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900
Email:         jsussberg@kirkland.com

  - and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200
Email:         patrick.nash@kirkland.com
               ross.kwasteniet@kirkland.com
               chris.koenig@kirkland.com
               dan.latona@kirkland.com

*Counsel to the Initial Debtors and Debtors in Possession*
*Proposed Counsel to the GK8 Debtors and Debtors in Possession*

**<u>Exhibit 4</u>**

**Notice of Satisfaction of Claims**

1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## NOTICE OF SATISFACTION OF CLAIMS

   **PLEASE TAKE NOTICE THAT** the above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] have identified you as holding the below Claim(s) against the Debtors, which have been satisfied in full according to the Debtors' books and records.

> **YOU SHOULD LOCATE YOUR NAME AND YOUR CLAIM(S) ON THE SCHEDULE ATTACHED HERETO. PLEASE TAKE NOTICE THAT YOUR CLAIM(S) MAY BE EXPUNGED FROM THE CLAIM REGISTER AND YOU SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO THE CLAIM FOR PURPOSE OF DISTRIBUTION AS A RESULT OF THE NOTICE OF SATISFACTION. THEREFORE, PLEASE READ THIS NOTICE VERY CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

### <u>Important Information Regarding the Notice of Satisfaction</u>

   <u>Grounds for the Notice of Satisfaction</u>. The Debtors are seeking to expunge your Claim(s) listed in the table attached hereto as **<u>Exhibit A</u>** on the grounds that such Claim(s), have been satisfied in full according to the Debtors' books and records.

   <u>Notice of Satisfaction Procedures</u>. On [●], 2023 the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order [Docket No. [●]] approving procedures for serving Notices of Satisfaction of Claims asserted against the Debtors in the chapter 11 cases (the "Satisfaction Procedures"). *Please review the Satisfaction Procedures to ensure your response, if any, is timely and correctly filed and served. You may obtain a copy as set forth on page 3 hereof*.

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2]   All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

### Resolving the Notice of Satisfaction

<u>Resolving Notice of Satisfactions</u>.  The Debtors intend to facilitate the consensual resolution of your Claim.  Therefore, certain of the Debtors' advisors will be available to discuss and potentially resolve the Notice of Satisfaction of Claims without the need for filing a formal response or attending a hearing.

<u>Parties Required to File a Response</u>.  Any party who disagrees with this Notice of Satisfaction and is unable to consensually resolve the Notice of Satisfaction filed with respect to your Claim must file a response (each, a "<u>Response</u>") with the Court in accordance with the procedures described below; *provided*, *however*, that such party may not object to any amount that the Court has approved previously pursuant to an order.  **The failure to file a Response as provided below may result in the expungement of your affected Claim.**

<u>Response Contents</u>.  Each Response must contain the following (at a minimum):

a.    a caption stating the name of the Court, the name of the Debtors, the case number, the Notice of Satisfaction to which the Response is directed, and, if applicable, the Proof of Claim number(s) related thereto from the Claims Register;

b.    a concise statement setting forth the reasons why the Court should not enter the order with respect to the Notice of Satisfaction regarding such Claim, including the specific factual and legal bases upon which the claimant will rely in opposing the Notice of Satisfaction;

c.    a copy of any other documentation or other evidence of the Claim, to the extent not already included with the Proof of Claim (if applicable), upon which the claimant will rely in opposing the Notice of Satisfaction; *provided, however*, that the claimant need not disclose confidential, proprietary, or otherwise protected information in the Response; *provided, further, however,* that the claimant shall disclose to the Debtors all information and provide copies of all documents that the claimant believes to be confidential, proprietary, or otherwise protected and upon which the claimant intends to rely in support of its Claim, subject to appropriate confidentiality constraints; and

d.    the following contact information for the responding party:

(i)    the name, address, telephone number, and email address of the responding claimant or the claimant's attorney or designated representative to whom the attorneys for the Debtors should serve a reply to the Response, if any; or

2

(ii)     the name, address, telephone number, and email address of the party
         with authority to reconcile, settle, or otherwise resolve the Notice of
         Satisfaction on the claimant's behalf.

11.    <u>Notice and Service</u>.  Your Response must be filed with the Court and served so as
to be *actually received* on or before **4:00 p.m. (prevailing Eastern Time) on [●]**, unless the
Debtors consent to an extension in writing (the "<u>Response Deadline</u>").  A Response must be filed
with the Court and served timely on the following parties, with a copy to the Court's chambers:

a.  **Debtors.**  Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022,
    Attn: Joshua A. Sussberg, P.C. (jsussberg@kirkland.com) and Kirkland & Ellis LLP,
    300 North LaSalle Street, Chicago, Illinois 60654, Attn: Patrick J. Nash, P.C.
    (patrick.nash@kirkland.com),        Ross        M.        Kwasteniet,        P.C.
    (ross.kwasteniet@kirkland.com),            Christopher            S.            Koenig
    (chris.koenig@kirkland.com), and Dan Latona (dan.latona@kirkland.com);

b.  **Committee.**  White & Case LLP, 1221 Avenue of the Americas, New York, New York
    10020, Attn: David Turetsky (david.turetsky@whitecase.com) and Samuel P. Hershey
    (sam.hershey@whitecase.com), White & Case, 111 South Wacker Drive, Suite 5100,
    Chicago, Illinois 60606, Attn: Michael C. Andolina (mandolina@whitecase.com) and
    Gregory F. Pesce (gregory.pesce@whitecase.com), White & Case LLP, 200 South
    Biscayne Blvd., Suite 4900, Miami, Florida 33133, Attn: Keith H. Wofford
    (kwofford@whitecase.com), and White & Case LLP, 555 South Flower Street, Suite
    2700,  Los  Angeles,  California  90071,  Attn:  Aaron  E.  Colodny
    (aaron.colodny@whitecase.com); and

c.  **U.S. Trustee.**  The Office of the United States Trustee, U.S. Federal Office Building,
    201 Varick Street, Suite 1006, New York, New York, 10014, Attn: Shara Cornell
    (shara.cornell@usdoj.gov), Mark Bruh (mark.bruh@usdoj.com), and Brian S.
    Masumoto (brian.masumoto@usdoj.com).

<u>Failure to Respond</u>.  A Response that is not filed and served on or before the Response
Deadline in accordance with the procedures set forth herein may not be considered at the Hearing
before the Court.  **Absent reaching an agreement with the Debtors resolving the Response to
the Notice of Satisfaction, failure to file and serve a Response timely as set forth herein may
result in the Debtors causing its Claims and Noticing Agent to expunge such Claims from the
Claims Register, and such claimant shall not be treated as a creditor with respect to the
Claim for purposes of distribution**.  Affected creditors will be served with such order once it has
been entered.

### Hearing on the Notice of Satisfaction

<u>Date, Time and Location</u>.  If you file a Response, a hearing (the "<u>Hearing</u>") on the Notice
of Satisfaction will be held on [●], at [●] a/p.m., prevailing Eastern Time, before the Honorable
Martin Glenn, Chief United States Bankruptcy Judge for the Southern District of New York.  In
accordance with General Order M-543 dated March 20, 2020, the Hearing will be conducted
remotely using Zoom for Government.  Parties wishing to appear at the Hearing, whether making

a "live" or "listen only" appearance before the Court, need to make an electronic appearance (an "eCourtAppearance") through the Court's website at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl. Electronic appearances (eCourtAppearances) need to be made by 4:00 p.m., prevailing Eastern Time, the business day before the hearing (i.e., on [●], [●]).

Due to the large number of expected participants in the Hearing and the Court's security requirements for participating in a Zoom for Government audio and video hearing, all persons seeking to attend the Hearing at [●]:00 a/p.m., prevailing Eastern Time on [●] must connect to the Hearing beginning at [●]:00 a/p.m., prevailing Eastern Time on [●]. When parties sign in to Zoom for Government and add their names, they must type in the first and last name that will be used to identify them at the Hearing. Parties that type in only their first name, a nickname or initials will not be admitted into the Hearing. When seeking to connect for either audio or video participation in a Zoom for Government Hearing, you will first enter a "Waiting Room," in the order in which you seek to connect. Court personnel will admit each person to the Hearing from the Waiting Room after confirming the person's name (and telephone number, if a telephone is used to connect) with their eCourtAppearance. Because of the large number of expected participants, you may experience a delay in the Waiting Room before you are admitted to the Hearing.

The hearing may be adjourned to a subsequent date in these cases in the Court's discretion. Notwithstanding the Case Management Order, the Debtors may adjourn Hearings regarding Omnibus Objections to subsequent hearing dates without further order of the Court. **You must attend the Hearing if you disagree with the Notice of Satisfaction and have filed a Response that has not been resolved prior to the Hearing.**

## Miscellaneous

Additional Information. Copies of these procedures, the Order, the Motion, or any other pleadings filed in these chapter 11 cases may be obtained free of charge by visiting the case website of the Debtors at https://cases.stretto.com/celsius. You may also obtain copies of these documents and other pleadings filed in these chapter 11 cases by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein. **Please do not contact the Court to discuss the merits of any Claim or any Objection filed with respect thereto.**

## Reservation of Rights

**NOTHING IN ANY NOTICE SHALL BE DEEMED TO CONSTITUTE A WAIVER OF ANY RIGHTS OF THE DEBTORS OR ANY OTHER PARTY IN INTEREST TO DISPUTE ANY CLAIMS, ASSERT COUNTERCLAIMS, RIGHTS OF OFFSET OR RECOUPMENT, DEFENSES, OBJECT TO ANY CLAIMS ON ANY GROUNDS NOT PREVIOUSLY RAISED IN AN OBJECTION (UNLESS THE COURT HAS ALLOWED THE CLAIM OR ORDERED OTHERWISE), OR SEEK TO ESTIMATE ANY CLAIM AT A LATER DATE. AFFECTED PARTIES WILL BE PROVIDED APPROPRIATE NOTICE THEREOF AT SUCH TIME.**

New York, New York
Dated: [●], 2023

*/s/ DRAFT*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:          jsussberg@kirkland.com

- and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200
Email:          patrick.nash@kirkland.com
                ross.kwasteniet@kirkland.com
                chris.koenig@kirkland.com
                dan.latona@kirkland.com

*Counsel to the Initial Debtors and Debtors in Possession*
*Proposed Counsel to the GK8 Debtors and Debtors in Possession*

5

**Exhibit A**

| Claimant Name | Claim / Schedule No. | Total Claim Value |
|---|---|---|
| | | |