**Víctor Ubierna de las Heras**
**Email: victorub@protonmail.com**
**Telephone +34 699760721**

Pro se Creditor

**UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Related Docket Nos.: 1940** |

**VÍCTOR UBIERNA DE LAS HERAS' OBJECTION TO DEBTORS' SECOND MOTION FOR ENTRY OF AN ORDER (I) EXTENDING THE DEBTORS' EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF PURSUANT TO SECTION 1121 OF THE BANKRUPTCY CODE AND (II) GRANTING RELATED RELIEF**

Víctor Ubierna de las Heras, *pro se* creditor, states as follows in support of this objection to the *Debtors' Second Motion for Entry of an Order (I) Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code and (II) Granting Related Relief (the "Motion")*, filed by the Debtors with docket number 1940:

**OBJECTION**

1. Valentine's Day is end of the road. That is a statement made by the Official Committee

---

[1] The Debtors in these chapter 11 cases and the last four digits of their federal tax identification number are as follows: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030

1

of Unsecured Creditors in Twitter[2]. However, that is not only the position of the UCC. Hundreds of creditors also think that Valentine´s day should be the end of the road[3]. Celsius was a fraudulent company and they cannot be trusted with any reorganization. Some of the bids received by the company were predatory, but other were of the liking of creditors. At least two of the bids were better liked than the plan outlined by Celsius. There are concerns among creditors that Celsius rejected one of the bids because it did not provide a solution for the CEL token. Now, after the Examiner's report, we know that Celsius manipulated the CEL price using customers coins to enrich Mashinsky. Further, a lot of creditors have showed their rejection to the new token proposed, as it is likely to be very volatile and people will end up losing even more money.

Although this creditor recognizes that the Court cannot sustain tens or hundreds of creditors filing their plans, at the very least the UCC and the Ad Hoc groups should be able to propose alternative plans to that of the Debtors, that to date they have not filed.

---

[2] https://twitter.com/CelsiusUcc/status/1599100867264663552

[3] Some, but not all, of the comments are as follows:
- "They should stand behind their words and hold them to the Valentine's Day deadline, imo." Ruppi Macho (https://twitter.com/realrephy/status/1617931703598854144?s=20)
- "Please file your plan now @CelsiusUcc - Celsius will not produce a viable plan by Valentine's Day or by any other day. Their team is unwilling and unable. Simon Ulrich (https://twitter.com/realSimonUlrich/status/1599124249515814912?s=20)
- "@CelsiusUcc  DO NOT let them get more exclusivity! Grow some and take control and put a better plan in place for all creditors from 15th Feb onwards!!" Digitechnomad (https://twitter.com/digitechnomad/status/1618570749480165377?s=20)
- "I agree with this position. The hand of Celsius must be forced to release a plan by way of this motion being rejected. Celsius was given enough time to bake a plan." Ali Demirtas (https://twitter.com/AliDTwitt/status/1618580603989037059?s=20)
- "You said it @CelsiusUcc  . February 15th is the end of the road. Stop this shitshow it's killing our health! No more extensions ! We want to get out of it in the next months and access our funds. Gluke Crypto Legend (https://twitter.com/gluke_legend/status/1618563531531784192?s=20)
- "@CelsiusUcc  This dragging of feet by @CelsiusNetwork  is becoming a pattern. Creditors cannot miss the top of the bill run. We need our coins asap. Please stand by your words." Mudli Mc Skipper (https://twitter.com/MudSkip09179379/status/1618516233175052288?s=20)
- "In three weeks we find whether the UCC has the integrity to stand by their word to not allow extension of Celsius's February 15 exclusivity deadline." Cameron Crews (https://twitter.com/camcrews/status/1618383008326905856?s=20 )

This *pro se* creditor also objected to the first exclusivity extension and in that hearing, Debtors told the Court that they even agreed with the UCC that they will not use a bridge order to extend exclusivity. They lied to creditors, as Celsius used to do prepetition.

Debtors do not meet the burden necessary to grant them a second exclusivity extension.

See In re General Bearing Corp., 136 B.R. 361, 367 (Bankr. S.D.N.Y. 1992). As Judge Glenn explained in the *LEXINGTON PRECISION CORP., Et.Al*. case: "Some courts have held that for the moving party to meet its burden it must produce affirmative evidence to support a finding of cause. See In re Parker Street Florist & Garden Center, Inc., 31 B.R. 206, 207 (Bankr. D. Mass. 1983) (debtor's assertion that it did not want the interference of competing plans was found insufficient to make an affirmative showing of cause).". Here, Debtors do not present any type of evidence to back up their pretension. Furthermore, if we analyze the *Adelphia* factors, Celsius fails in its pretension. One of the factors is "(f) whether the debtor has made progress in negotiations with its creditors". It is more than clear that this needs to happen, but it is still not happening. Celsius has not negotiated it plan with Creditors and a not insignificant number of them has already expressed their rejection of the proposal mentioned. Further, negotiations with regulators has not happened until very recently, thus slowing things unnecessarily. Thus, Celsius fails in this factor and an exclusivity extension should not be granted.

Furthermore, another one of the factors is "(c) the existence of good faith progress toward reorganization;". Celsius in clearly not working in good faith towards reorganization when they are not accepting bids that seem good to creditors. They are

  also not working in good faith if they do not acknowledge the fraud that Celsius committed prepetition. They also need to not delete videos or statements from Youtube, as we know they did. Not a good faith reorganization can happen if Celsius does not acknowledge the mistakes done in the past. They do not also provide evidence as to this. Furthermore, Creditors do not want Celsius to reorg. Creditors just want Celsius to give coins back and disappear forever, as Creditors will clearly not stay in a company that has scammed them. Thus, no viable plan can be presented if Celsius does not faces the fraud allegations and just keeps fighting creditors.

2. Debtors are seeking an exclusivity extension that will move some of the dates to near a year into this chapter 11 case and past a year mark on the Pause date. Although they say otherwise, in reality very little progress has been made. If one studies the achievements Debtors said they made they are very poor. For example, they argue that they have been successful in filing the schedules of assets and liabilities and statements of financial affairs. Federal Rule of Bankruptcy Procedure 1007 requires Debtors to file this in the first 14 days. That 4 months later they argue that because they did that, they deserve an exclusivity extension is not right. Debtors also argue that they have been transitioning to a new senior leadership after Mashinsky's resignation. It took Celsius more than two months to do this. In contrast, in the FTX case it only took them 1 day.

3. This is also not their first extension. One extension was granted so they could complete the auction process and however, they have failed in that and now Debtors request a second extension. Celsius cannot argue progress when they are losing time month after month. Section 1121 of the Bankruptcy Code provides that for the 120 days after the date of the entry of the order for relief, the Debtor has the exclusive right to file a plan

4

of reorganization. 11 U.S.C. § 1121(b). Here, however, Debtors request a second extension of days. That is even longer than the original period. The Court should deny the Motion, but if it were to grant it less time should be extended and enabling the UCC and the Ad Hocs to propose their respective plans.

4. Courts has previously granted in some cases Shared Exclusivity (See In re Young Broad., Inc., No. 09-10645 (AJG) (Bankr. S.D.N.Y. Aug. 12, 2009) [Docket No. 549]). Celsius case should be one of these cases. The main goal of Chapter 11 is negotiating. Here, however Debtors and their Counsel have chosen to litigate everything. There is ongoing litigation regarding the earn issue, there is litigation and future litigation regarding both the collateral/loans issue and the equity issue is expected. Debtors have relinquished their responsibility to negotiate and reach agreements that expedite the process. Public information already published suggest that Celsius is going to run out of liquidity either in the ending of the first quarter or the beginning of the second quarter of 2023. That is even before than the extension of exclusivity shough by the Debtors. Were the UCC able to negotiate a plan that, they should be permitted to file it. Additionally, in *In re United Press Intern., Inc., 60 B.R. 265, 271 n.12 (Bankr. D. Col. 1986),* adopted a "middle approach" providing the committee and the debtor with the exclusive right to file a plan. The court noted that "[t]he statute does not expressly prohibit this eminently sensible middle course, and I can perceive no reason to find any such prohibition by implication.". While it is true that this Court has also denied similar request (*See docket 969 in In re:BORDERS GROUP, INC., et al., Case No. 11-10614 (MG)*), but in that case the Committee acknowledged that debtors agreed to include a specific inclusion enabling the UCC to file its own plan. Thus, considering this whole paragraph, if the Court is going to grant a second exclusivity extension it should also

allow the UCC and some other parties to file a Plan.

## Conclusion

For the foregoing reasons, the Court should deny the Motion and reject a second exclusivity extension. Debtors do not provide evidence of their arguments and they do not pass the Adelphia factors. Accordingly, the Court should deny the Motion or grant less time and exempt the UCC and others from the exclusivity.

Dated: February 07, 2023

Madrid, Spain            Respectfully submitted,

                                                                  Víctor Ubierna de las Heras
                                                    By: /s/ Víctor Ubierna de las Heras

Víctor Ubierna de las Heras
Pro se creditor
+34 699760721
victorub@protonmail.com