**Presentment Date: February 23, 2023 at 4:00 p.m. (prevailing Eastern Time)**
**Objection Deadline: February 20, 2023 at 4:00 p.m. (prevailing Eastern Time)**

Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Counsel to the Initial Debtors and Debtors in Possession*

*Proposed Counsel to the GK8 Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

### NOTICE OF PRESENTMENT OF DEBTORS' SUPPLEMENTAL APPLICATION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE EXPANDED SCOPE OF EMPLOYMENT AND RETENTION OF CENTERVIEW PARTNERS LLC AS INVESTMENT BANKER FOR THE DEBTORS EFFECTIVE AS OF JULY 13, 2022 AND (II) GRANTING RELATED RELIEF

**PLEASE TAKE NOTICE** that the above-captioned debtors and debtors in possession (collectively, the "Debtors") will present the *Debtors' Supplemental Application For Entry of an Order (I) Authorizing the Expanded Scope of Employment and Retention of Centerview Partners*

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*LLC as Investment Banker for the Debtors Effective as of July 13, 2022 and (II) Granting Related Relief* (the "<u>Supplemental Application</u>") and the related order attached to the Supplemental Application as <u>Exhibit A</u> (the "<u>Order</u>"), to the Honorable Martin Glenn, Chief United States Bankruptcy Judge, for approval and signature on **February 23, at 4:00 p.m., prevailing Eastern Time** (the "<u>Presentment Date</u>").

 **PLEASE TAKE FURTHER NOTICE** that any responses or objections to the relief requested in the Supplemental Application shall: (a) be in writing; (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York; (c) be filed electronically with the Court on the docket of *In re Celsius Network LLC*, No. 22-10964 (MG) by registered users of the Court's electronic filing system and in accordance with all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York (which are available on the Court's website at http://www.nysb.uscourts.gov); and (d) be served in accordance with the *Amended Final Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief* [Docket No. 1181] by **February 20, at 4:00 p.m. (prevailing Eastern Time)** (the "<u>Objection Deadline</u>"), by (i) the entities on the Master Service List available on the case website of the Debtors at https://cases.stretto.com/celsius and (ii) any person or entity with a particularized interest in the subject matter of the Supplemental Application.

 **PLEASE TAKE FURTHER NOTICE** that if no objections or other responses are timely filed and served by the Objection Deadline with respect to the Supplemental Application and Order, the Debtors shall, on the Presentment Date, submit the Supplemental Application and Order to the Court, which order the Court may enter without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that if a written objection is timely filed, the Court will notify the moving and objecting parties of the date and time of the hearing and of the moving party's obligation to notify all other parties entitled to receive notice.  The moving and objecting parties are required to attend the hearing, and failure to attend in person or by counsel may result in relief being granted or denied upon default.

**PLEASE TAKE FURTHER NOTICE** that copies of the Supplemental Application and Order and other pleadings filed in these chapter 11 cases may be obtained free of charge by visiting the website of Stretto at https://www.cases.stretto.com/celsius.  You may also obtain copies of the Supplemental Application and Order and other pleadings filed in these chapter 11 cases by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

[*Remainder of page intentionally left blank*]

New York, New York
Dated: February 7, 2023

/s/ Joshua A. Sussberg
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900
Email:         jsussberg@kirkland.com

 - and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200
Email:         patrick.nash@kirkland.com
               ross.kwasteniet@kirkland.com
               chris.koenig@kirkland.com
               dan.latona@kirkland.com

*Counsel to the Initial Debtors and Debtors in Possession*

*Proposed Counsel to the GK8 Debtors and Debtors in Possession*

**Presentment Date: February 23, 2023 at 4:00 p.m. (prevailing Eastern Time)**
**Objection Deadline: February 20, 2023 at 4:00 p.m. (prevailing Eastern Time)**

Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Counsel to the Initial Debtors and Debtors in Possession*

*Proposed Counsel to the GK8 Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**DEBTORS' SUPPLEMENTAL APPLICATION FOR
ENTRY OF AN ORDER (I) AUTHORIZING THE EXPANDED
SCOPE OF EMPLOYMENT AND RETENTION OF CENTERVIEW
PARTNERS LLC AS INVESTMENT BANKER FOR THE DEBTORS
EFFECTIVE AS OF JULY 13, 2022 AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state

the following in support of this supplemental application (this "Supplemental Application"):

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

### Relief Requested

1.      The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"): (a) authorizing the Debtors to expand the scope of the original retention of Centerview Partners LLC ("Centerview") to provide additional services in connection with Core Scientific, Inc.'s ("Core") potential Restructuring,[2] including exploring potential financings, asset sales, or other strategic transactions pursuant to the engagement letter amendment (the "Amendment") between Centerview and certain of the Debtors, annexed as Exhibit 1 to **Exhibit A** attached hereto, and (b) granting related relief.   In support of this Supplemental Application, the Debtors submit the declaration of Marc Puntus (the "Puntus Declaration"), a copy of which is attached hereto as **Exhibit B** and incorporated herein by reference.

### Jurisdiction and Venue

2.      The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012.  The Debtors confirm their consent to the Court entering a final order in connection with this Supplemental Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue in this Court is proper under 28 U.S.C. §§ 1408 and 1409.

---

[2]   "Restructuring" shall mean any recapitalization or restructuring (including, without limitation, through any exchange, conversion, cancellation, forgiveness, structured resolution or settlement, retirement refinancing, purchase or repurchase and/or a material modification or amendment to the terms, conditions or covenants thereof) of the Company's preferred equity and/or debt securities and/or bank or other credit facilities and/or all other indebtedness, obligations or liabilities (including, without limitation, partnership interests, lease obligations, trade credit facilities, customer-related obligations and/or contract, tort and contingent obligations), including pursuant to a repurchase or an exchange transaction, a Plan (as defined in the Initial Engagement Letter) or a solicitation of consents, waivers, acceptances or authorizations.

4.      The statutory bases for the relief requested herein are sections 327, 328, 330, and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

## **Background**

5.      The Debtors, together with their non-Debtor affiliates (collectively, "Celsius"), are one of the largest and most sophisticated cryptocurrency-based finance platforms in the world and provide financial services to institutional, corporate, and retail clients across more than 100 countries. Celsius was created in 2017 to be one of the first cryptocurrency platforms to which users could transfer their crypto assets and (a) earn rewards on crypto assets and/or (b) take loans using those transferred crypto assets as collateral.  Headquartered in Hoboken, New Jersey, Celsius has more than 1.7 million registered users and approximately 300,000 active users with account balances greater than $100.

6.      On July 13, 2022 (the "Petition Date"), each of the Initial Debtors[3] filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. A detailed description of the facts and circumstances of these chapter 11 cases is set forth in the *Declaration of Robert Campagna, Managing Director of Alvarez & Marsal North America, LLC, in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 22]. The Initial Debtors commenced these chapter 11 cases to provide Celsius an opportunity to stabilize its business and consummate a comprehensive restructuring transaction that maximizes value for stakeholders.

---

[3]    The "Initial Debtors" include, collectively: Celsius Network LLC, Celsius KeyFi LLC, Celsius Lending LLC, Celsius Mining LLC, Celsius Network Inc., Celsius Network Limited, Celsius Networks Lending LLC, and Celsius US Holding LLC.

7.      On December 7, 2022, each of the GK8 Debtors[4] filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. A detailed description of the facts and circumstances of the chapter 11 cases of the GK8 Debtors is set forth in the *Declaration of Christopher Ferraro, Director and Chief Financial Officer of the GK8 Ltd., in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 1629].

8.      The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. These chapter 11 cases have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket Nos. 53, 1648]. On July 27, 2022, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed an official committee of unsecured creditors for the Initial Debtors [Docket No. 241] (the "Committee"). On September 29, 2022, the Court entered an order appointing an examiner for the Initial Debtors [Docket No. 923].

9.      On December 21, 2022, Core filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  In connection therewith, Core is evaluating various operational and balance sheet restructuring alternatives.  As holder of over $130 million of claims against Core's estates, the Debtors are one of the largest creditors in Core's chapter 11 cases.  Specifically, the Debtors' claims include: (i) an approximately $80 million secured claim pursuant to the Debtors' 25% ownership of notes issued under the Secured Convertible Note Purchase Agreement dated as of April 19, 2021 ("April Convertible Notes"); (ii) approximately $22 million in deposits and other prepaid fees in connection with the Debtors' hosting contract with Core; and (iii) a rejection damages claim arising from the rejection of the Debtors' hosting contract with Core pursuant to

---

[4]      The "GK8 Debtors" include, collectively: GK8 Ltd., GK8 UK Limited, and GK8 USA LLC.

the *Order Authorizing Rejection of Executory Contracts with Celsius Mining, LLC* [Core Docket No. 232] entered on January 4, 2023.

### The Initial Retention Order

10.     On September 16, 2022, the Court entered the *Order (I) Authorizing the Employment and Retention of Centerview Partners LLC as Investment Banker for the Debtors Effective as of July 13, 2022, (II) Approving the Terms of the Centerview Agreement, (III) Waiving Certain Reporting Requirements Pursuant to Local Rule 2016-2, and (IV) Granting Related Relief* [Docket No. 846] (the "Initial Retention Order").  The Initial Retention Order was supported by an engagement letter by and between Centerview and certain of the Debtors, dated June 19, 2022, as amended by that certain amended engagement letter between Centerview and certain of the Debtors dated August 2, 2022, which set forth the terms and conditions of Centerview's retention as investment banker for the Debtors (the "Initial Engagement Letter").[5]  The Initial Retention Order authorized Centerview to serve as the Debtors' investment banker, effective as of July 13, 2022, in accordance with the terms of the Initial Engagement Letter.  Importantly, the Initial Retention Order, after negotiations with the UCC, specifically carved out any services related to the Debtors' holdings of the April Convertible Notes and did not, of course, contemplate the possibility that Centerview would provide services on behalf of the Debtors as a significant creditor of Core's in connection with its Restructuring.

### Centerview's Expanded Retention

11.     Subject to further order of the Court, and as set forth in the Puntus Declaration and the Amendment, and in consideration for the compensation contemplated therein, Centerview will

---

[5]     The Initial Engagement Letter is attached to Centerview's Initial Retention Order as Exhibit 1.  The Initial Application, including its exhibits, contains a description of Centerview's qualifications.

5

provide certain additional services to preserve the Debtors' interests in and claims to Core's estates while exploring potential financing, asset sale, or other strategic transaction opportunities to unlock value for all of the Debtors' stakeholders ("Additional Services").  Since filing for chapter 11, Centerview has actively participated in discussions, negotiations, and diligence with Core and its stakeholders, including an ad hoc group of Core Convertible Noteholders, related to potential asset disposition, combination and related transactions between Core and the Debtors.  In addition, Centerview was previously engaged with Core and various stakeholders regarding Core's proposed debtor-in-possession financing and Restructuring Support Agreement.  Given the fluidity of the situation, as evidenced by Core's recent decision to replace its debtor-in-possession financing and eliminate the Restructuring Support Agreement, there is now a "blank slate" to evaluate alternative transactions which requires the Debtors to retain an investment banker to defend their claims in Core's chapter 11 cases.

12.    The Amendment incorporates the Additional Services and the related fees (as described below) into the Initial Engagement Letter by way of adding to Paragraph 2(b) of the Initial Engagement Letter.  As set forth in the Amendment, the Debtors propose that all terms and conditions of the Initial Engagement Letter (as modified by the Initial Retention Order) be expanded to cover the Additional Services and related fees, including (a) the indemnification provisions outlined in the Initial Application and (b) the reimbursement of reasonable and documented expenses.

13.    The Additional Services performed by Centerview will not duplicate or overlap with the other services performed by the Debtors' other retained consultants and advisors. Centerview understands that the Debtors have retained and may retain additional professionals during the term of the Initial Engagement Letter (as modified by the Amendment), and, as set forth

6

in the Puntus Declaration, Centerview agreed to work cooperatively with the Debtors to avoid duplication of services.

### Professional Compensation

14.     The Debtors understand and have agreed that Centerview will apply to the Court for allowances of compensation and reimbursement of expenses in accordance with General Order M-412 (*Order Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals, dated December 21, 2010* (Gonzalez, C.J.)), Administrative Order M-447 (*Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases, dated January 29, 2013* (Morris, C.J.)), and the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330* (Appendix A to 28 C.F.R. § 58) (collectively, the "Fee Guidelines"), the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of the Court, both in connection with the Supplemental Application and the interim and final fee applications to be filed by Centerview in these chapter 11 cases, in accordance with the terms and conditions of the Initial Engagement Letter (as modified by the Amendment). Moreover, the Debtors are advised that Centerview intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Fee Guidelines.

15.     Subject to approval by the Court, and as more fully set forth in the Amendment, the Debtors have negotiated a transaction fee of $1.5 million (the "Core Transaction Fee") to be paid by the Debtors for the services of Centerview in connection with a Core Restructuring.  The Core Transaction Fee will be paid following the Court's approval of this Supplemental Application if at

7

any time during the Fee Period[6] Core consummates a Restructuring. In the event of the consummation of a sale or other strategic transaction between Core and Celsius Mining LLC triggering a fee under the Initial Engagement Letter, 50% of the Core Transaction Fee will be credited against the Mining Sale Transaction Fee.[7]

16.     The compensation arrangements contained in the Amendment are highly beneficial to the Debtors' estates as they provide proper inducement for Centerview to act expeditiously and prudently with respect to the matters for which it will be employed. As set forth in the Initial Application, the Debtors believe that Centerview is uniquely capable of providing the services that the Debtors require in connection within the time requirements extant in the case.

17.     Consistent with the Initial Application, Centerview's decision to assist the Debtors is conditioned upon its ability to be retained in accordance with the terms of the Initial Engagement Letter (as modified by the Amendment) pursuant to section 328(a) of the Bankruptcy Code, and not section 330 of the Bankruptcy Code. Accordingly, because the Debtors are seeking to retain Centerview under Bankruptcy Code section 328(a), the Debtors believe that Centerview's compensation should not be subject to any additional standard of review under section 330 of the Bankruptcy Code and does not constitute a "bonus" or fee enhancement under applicable law; however, as is the practice for cases within this District, under the Proposed Order, the U.S. Trustee shall retain rights to respond or object to Centerview's interim and final applications for compensation based on the reasonableness standard provided for in Bankruptcy Code section 330; *provided*, that, with respect to the U.S. Trustee's retention of rights under section 330, it is

---

[6]    "Fee Period" shall mean the term of Centerview's engagement or within the twelve full months following the termination of Centerview's engagement.

[7]    "Mining Sale Transaction Fee" shall mean 1.25% of the Aggregate Consideration (as defined in the Initial Engagement Letter) of a sale of all or substantially all of the assets or equity interests of Celsius Mining LLC and Celsius Mining Ltd.

understood and agreed that reasonableness for this purpose shall be evaluated by comparing the fees payable in these cases to fees paid to other investment banking firms offering comparable services in other chapter 11 cases and shall not be evaluated primarily on the basis of time committed or the length of these cases.

18.    The terms of the Amendment were negotiated between the Debtors and Centerview and reflect the Debtors' evaluation of the extensive work that has and will be performed by Centerview on behalf of the Debtors, and its expertise in such matters. The Debtors likewise believe that the compensation structure is consistent with, and typical of, compensation arrangements entered into by Centerview and other comparable firms in connection with the rendering of similar services under similar circumstances.  As a consequence of these discussions and arm's-length negotiations, the Debtors believe that the compensation structure is reasonable, market-based, and designed to compensate Centerview fairly for its work and to cover customary overhead expenses.

19.    Subject to the Court's approval, and pursuant to the terms and conditions of the Amendment, the Debtors understand that Centerview intends to apply to the Court for allowance of compensation and reimbursement of expenses for the Additional Services, in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court.

## No Duplication of Services

20.    The Debtors intend that the services of Centerview will complement, and not duplicate, the services rendered by any other professional retained in these chapter 11 cases.  To the best of the Debtors' knowledge, Centerview understands that the Debtors have retained, and may retain additional professionals during the term of the engagement and will work cooperatively

with such professionals to integrate any respective work conducted by the professional on behalf of the Debtors.

### Centerview's Disinterestedness

21.       Centerview has reviewed the list of parties-in-interest provided by the Debtors.  To the best of Centerview's knowledge, information, and belief, as of the date hereof, and except to the extent disclosed herein or in the Puntus Declaration, Centerview:   (a) believes it is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code; (b) does not hold or represent an interest materially adverse to the Debtors' estates; and (c) has no material connection to the Debtors, their creditors, or other parties-in-interest except as disclosed in the Puntus Declaration.

22.       The Debtors are informed that Centerview will not share any compensation to be paid by the Debtors, in connection with services to be performed after the Petition Date, with any other person, other than principals and employees of Centerview, to the extent required by section 504 of the Bankruptcy Code.

### Basis for Relief

**I.       The Debtors Should Be Permitted to Retain and Employ Centerview on the Terms of the Engagement Letter (As Modified by the Amendment) Pursuant to Section 327 and 328 of the Bankruptcy Code.**

23.       Section 327(a) of the Bankruptcy Code, which provides that a debtor is authorized to employ professional persons "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtors] in carrying out the [debtors'] duties under this title."[8]  As discussed above and as further detailed in the Puntus Declaration, to the best of the Debtors' knowledge, Centerview is a "disinterested person" within the meaning of

---

[8]       11 U.S.C. § 327(a).

section 101(14) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estates.

24.     Furthermore, the Debtors seek approval of the Amendment, including the compensation set forth therein, pursuant to section 328(a) of the Bankruptcy Code, and the retention of Centerview under the terms described in this Supplemental Application are appropriate under section 328(a) of the Bankruptcy Code.

25.     Section 328(a) of the Bankruptcy Code authorizes the employment of a professional person "on any reasonable terms and conditions of employment, including on a retainer . . ."[9] Section 328 of the Bankruptcy Code permits the compensation of professionals on more flexible terms that reflect the nature of their services and market conditions.  As the United States Court of Appeals for the Fifth Circuit has recognized:

> Prior to 1978 the most able professionals were often unwilling to work for bankruptcy estates where their compensation would be subject to the uncertainties of what a judge thought the work was worth after it had been done.  That uncertainty continues under the present §330 of the Bankruptcy Code, which provides that the court award to professional consultants "reasonable compensation" based on relevant factors of time and comparable costs, etc.  Under present §328 the professional may avoid that uncertainty by obtaining court approval of compensation agreed to with the trustee (or debtor or committee).[10]

26.     Furthermore, under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, certain modifications were made to section 328(a) of the Bankruptcy Code, which now provides as follows:

> The trustee, or a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms

---

[9]     11 U.S.C. § 328(a).

[10]    *In re National Gypsum Co.*, 123 F.3d 861, 862 (5th Cir. 1997) (internal citations omitted).

and conditions of employment, including on a retainer, on an hourly bases, on a fixed percentage fee basis, or on a contingent fee basis.[11]

Section 328(a) of the Bankruptcy Code, as amended, makes clear that debtors may retain, subject to bankruptcy court approval, professionals on a fixed-fee basis such as the Core Transaction Fee.

27.     Additionally, as indicated above, notwithstanding their retention pursuant to section 328(a) of the Bankruptcy Code, Centerview intends to submit applications for payment of compensation in these chapter 11 cases.  Centerview intends to apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with these chapter 11 cases, pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code and applicable Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court, with certain limited modifications as set forth in the Order.

28.     Furthermore, the Core Transaction Fee appropriately reflects the nature and scope of the Additional Services, Centerview's substantial experience and expertise in the provision of such services in the context of chapter 11 cases, and the compensation arrangement typically agreed to by Centerview and other leading professional services firms for engagements of this nature.

### Motion Practice

29.     This Supplemental Application includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this Supplemental Application. Accordingly, this Supplemental Application satisfies Local Rule 9013-1(a).

---

[11]    11 U.S.C. § 328(a).

## Notice

30.     The Debtors will provide notice of this Supplemental Application to the following

parties or their respective counsel: (a) the U.S. Trustee; (b) counsel to the Committee; (c) the

United States Attorney's Office for the Southern District of New York; (d) the Internal Revenue

Service; (e) the offices of the attorneys general in the states in which the Debtors operate; (f) the

Securities and Exchange Commission; and (g) any party that has requested notice pursuant to

Bankruptcy Rule 2002. In light of the nature of the relief requested, no other or further notice need

be given.

## No Prior Request

31.     Except as provided by the Initial Application, no prior request for the relief sought

in this Supplemental Application has been made to this or any other court.


[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors request that the Court enter the Order granting the relief

requested herein and such other relief as the Court deems appropriate under the circumstances.

| | |
|---|---|
| New York, New York<br>Dated: February 7, 2023 | */s/ Joshua A. Sussberg*<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C.<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:     (212) 446-4800<br>Facsimile:     (212) 446-4900<br>Email:        jsussberg@kirkland.com<br><br> - and -<br><br>Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)<br>Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)<br>Christopher S. Koenig<br>Dan Latona (admitted *pro hac vice*)<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Telephone:     (312) 862-2000<br>Facsimile:     (312) 862-2200<br>Email:        patrick.nash@kirkland.com<br>            ross.kwasteniet@kirkland.com<br>            chris.koenig@kirkland.com<br>            dan.latona@kirkland.com<br><br>*Counsel to the Initial Debtors and Debtors in Possession*<br><br>*Proposed Counsel to the GK8 Debtors and Debtors in Possession* |

## **Exhibit A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) Case No. 22-10964 (MG) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**ORDER (I) AUTHORIZING THE EXPANDED**
**SCOPE OF EMPLOYMENT AND RETENTION OF CENTERVIEW**
**PARTNERS LLC AS INVESTMENT BANKER FOR THE DEBTORS**
**EFFECTIVE AS OF JULY 13, 2022 AND (II) GRANTING RELATED RELIEF**

Upon the supplemental application (the "<u>Supplemental Application</u>")[2] of the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") for entry of an order (this "<u>Order</u>"): (a) authorizing the Debtors to expand the scope of the original retention of Centerview Partners LLC ("<u>Centerview</u>") in accordance with the engagement letter amendment (the "<u>Amendment</u>") between Centerview and certain of the Debtors, dated as of February 7, 2023, a copy of which is attached hereto as **<u>Exhibit 1</u>** to this Order, and (b) granting related relief, all as more fully set forth in the Supplemental Application and the Puntus Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012; and this Court having the power to enter a final order

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2]     Capitalized terms used in this Order and not immediately defined have the meanings given to such terms in the Supplemental Application.

consistent with Article III of the United States Constitution; and this Court having found that venue

of these chapter 11 cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this

Court having found that the relief requested in the Supplemental Application is in the best interests

of the Debtors' estates, their creditors, and other parties in interest; and this Court having found

that the Debtors' notice of the Supplemental Application and opportunity for a hearing thereon

were appropriate under the circumstances and no other notice need be provided; and this Court

having reviewed the Supplemental Application and having heard the statements in support of the

relief requested therein at a hearing (if any) before this Court (the "Hearing"); and this Court

having determined that the legal and factual bases set forth in the Supplemental Application and

at the Hearing (if any) establish just cause for the relief granted herein; and after due deliberation

and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Supplemental Application is granted as set forth herein, and the provisions set

forth in the Amendment (and all attachments thereto) are hereby approved, to the extent provided

herein and except as otherwise expressly modified herein to the contrary.

2.      In accordance with section 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy

Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1, the Debtors, solely as debtors in

possession, are authorized to expand the scope of Centerview's employment and retention in

accordance with the terms and conditions set forth in the Supplemental Application and the

Amendment, attached hereto as **Exhibit 1**, incorporated herein by reference and as modified

herein, to pay fees and reimburse expenses, and to provide indemnification, contribution, and/or

reimbursement to Centerview on the terms and at the times specified in the Initial Engagement

Letter and the Amendment, as modified herein, effective as of July 13, 2022.

3.      The terms of the Amendment are approved in all respects except as limited or modified herein. For the avoidance of doubt, as set forth in the Amendment, the terms of the Initial Engagement Letter (as modified by the Initial Retention Order) shall apply to the Additional Services including: (a) the indemnification provisions outlined in the Initial Application as modified by the order entered September 16, 2022 and (b) the reimbursement of reasonable and documented expenses.

4.      The compensation provisions of the Amendment, including with respect to the Core Transaction Fee, are reasonable terms and conditions of employment as required under section 328(a) of the Bankruptcy Code, and are hereby approved pursuant to section 328(a) of the Bankruptcy Code.  Centerview's fees and reasonable and documented out-of-pocket expenses shall be compensated and reimbursed pursuant to section 328(a) of the Bankruptcy Code in accordance with the terms of, and at the times specified by, the Initial Engagement Letter (as modified by the Amendment).

5.      Notwithstanding anything to the contrary herein or in the Supplemental Application, and/or the Initial Engagement Letter, as amended by the Amendment, Centerview shall file interim and final fee applications for allowance of compensation and reimbursement of reasonable and documented out-of-pocket expenses pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Court Guidelines, the U.S. Trustee Guidelines, and any other procedures or orders of the Court; *provided*, *however*, that the U.S. Trustee retains all rights to respond or object to Centerview's interim and final applications for compensation (including, without limitation, the Core Transaction Fee) and reimbursement of out-of-pocket expenses pursuant to section 330 of the Bankruptcy Code, and the Court retains jurisdiction to consider the U.S. Trustee's response or objection to Centerview's interim and final

fee applications pursuant to section 330 of the Bankruptcy Code; *provided*, *further*, that "reasonableness" for this purpose shall be evaluated by comparing (among other things) the fees payable in these chapter 11 cases to fees paid to comparable investment banking firms with similar experience and reputation offering comparable services in other chapter 11 cases and shall not be evaluated primarily on an hourly or length-of-case based criteria.

6.      Centerview shall use its reasonable efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases.

7.      Centerview shall have a continuing duty to review whether any new material facts or relationships bearing on the matters described herein arise during the pendency of these chapter 11 cases.  If such materials facts or relationships are discovered or otherwise arise, Centerview will use reasonable efforts to provide the Court with a supplemental declaration disclosing such new materials facts or relationships.

8.      The Debtors and Centerview are authorized and empowered to take all actions necessary to implement the relief granted in and pursuant to this Order.

9.      Notice of the Supplemental Application as provided therein shall be deemed good and sufficient notice of such Supplemental Application and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

10.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11.      Notwithstanding any provision to the contrary in the Supplemental Application, Engagement Letter, or Amendment, the Court shall retain jurisdiction to hear and to determine all matters arising from or related to implementation, interpretation, or enforcement of this Order and Centerview's retention.

12.    To the extent that there is any inconsistency between the Engagement Letter,

Amendment, Supplemental Application, Puntus Declaration, and this Order, the provisions of this

Order shall apply.

New York, New York
Dated: _____, 2023

_____
THE HONORABLE MARTIN GLENN
CHIEF UNITED STATES BANKRUPTCY
JUDGE

## **Exhibit 1**

**Amendment**

CENTERVIEW PARTNERS

Centerview Partners LLC
31 West 52nd Street
New York, NY 10019

February 7, 2023

CONFIDENTIAL
Celsius Network LLC
50 Harrison St., Suite 209F
Hoboken, NJ 07030
Attention: Chris Ferraro

Dear Mr. Ferraro:

Reference is made to the letter agreement, dated as of August 2, 2022 (the "Engagement Letter") and later restated and approved by the United States Bankruptcy Court Southern District of New York in Case No. 22-10964 on September 16, 2022, between Celsius Network LLC (the "Debtors") and Centerview Partners LLC ("Centerview"). Capitalized terms used and not defined herein shall have the meanings given to them in the Engagement Letter. The Debtors and Centerview hereby agree that the following provision is added to paragraph 2(b) of the Engagement Letter:

> "If at any time during the Fee Period, Core Scientific, Inc. ("Core") consummates a Restructuring, including of its Secured Convertible Note Purchase Agreement dated as of April 19, 2021 ("April Convertible Notes"), of debt owned by and any claims held by the Debtors (as rejection damage claims or otherwise), Centerview shall receive a transaction fee ("Core Transaction Fee") contingent upon the consummation of a Core Restructuring and payable at the closing thereof equal to $1,500,000.

> In the event of the consummation of a merger or related combination transaction between Core and Celsius Mining LLC, 50% of the Core Transaction Fee paid shall be credited against and reduce the Mining Sale Transaction Fee payable pursuant to paragraph 2(b)."

The Debtors and Centerview acknowledge and agree that the Engagement Letter (except to the extent expressly amended hereby) shall remain in full force and effect in accordance with its terms.

DocuSign Envelope ID: 4E36E8D6-3F29-4223-A52B-DBCE12378F79

Very truly yours,

CENTERVIEW PARTNERS LLC

By: _____
     Name: Marc Puntus
     Title: Partner

Accepted and agreed as of the date written above.

CELSIUS NETWORK LLC

By: _____
     Name: Chris Ferraro
     Title: Interim Chief Executive Officer

## Exhibit B

**Puntus Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**DECLARATION OF MARC PUNTUS IN**
**SUPPORT OF THE DEBTORS' SUPPLEMENTAL APPLICATION**
**FOR ENTRY OF AN ORDER (I) AUTHORIZING THE EXPANDED**
**SCOPE OF EMPLOYMENT AND RETENTION OF CENTERVIEW**
**PARTNERS LLC AS INVESTMENT BANKER FOR THE DEBTORS**
**EFFECTIVE AS OF JULY 13, 2022 AND (II) GRANTING RELATED RELIEF**

I, Marc Puntus, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that:

1.        I am a Partner in and Co-Head of the Debt Advisory and Restructuring Practice of Centerview Partners LLC ("Centerview").[2]

2.        I am authorized to submit this declaration (the "Declaration") in support of the *Debtors' Supplemental Application for Entry of an Order (I) Authorizing the Expanded Scope of Employment and Retention of Centerview Partners LLC as Investment Banker for the Debtors Effective as of July 13, 2022 and (II) Granting Related Relief* (the "Supplemental Application").

3.        The facts set forth in this Declaration are based upon my personal knowledge, upon information and belief, or upon client matter records kept in the ordinary course of business that

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2]    Capitalized terms used but otherwise not defined herein shall have the meanings ascribed to them in the Application or the Engagement Letter, as applicable.

were reviewed either by me or by employees of Centerview under my supervision and direction. If called upon and sworn as a witness, I could and would testify competently to the facts set forth herein.

### Centerview's Disinterestedness

4.      To the best of my knowledge and belief after reasonable inquiry, other than as disclosed in this Declaration, the Initial Declaration,[3] the First Supplemental Declaration,[4] or the Initial Application (or its exhibits),[5] neither I, Centerview, nor any Centerview employees participating in Centerview's engagement with the Debtors (a) is related to or has any connection with the U.S. Trustee for the Southern District of New York or anyone employed in the Office of the U.S. Trustee for the Southern District of New York or (b) holds or represents any interest adverse to the Debtors or their estates, its creditors, or equity security holders in these chapter 11 cases.  Centerview is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code.

5.      Given the large number of parties-in-interest in these chapter 11 cases, and despite the efforts to identify and disclose Centerview's relationships with parties-in-interest in these chapter 11 cases, Centerview is unable to state with certainty that every client relationship or other connection has been disclosed in the Prior Declarations.  Centerview has informed the Debtors

---

[3]      "Initial Declaration" shall mean that *Declaration of Marc Puntus in Support of the Debtors' Application for Entry of an Order (I) Authorizing the Employment and Retention of Centerview Partners LLC as Investment Banker for the Debtors Effective as of July 13, 2022, (II) Approving the Terms of the Centerview Agreement, (III) Waiving Certain Reporting Requirements Pursuant to Local Rule 2016-2, and (IV) Granting Related Relief* [Docket No. 362].

[4]      "First Supplemental Declaration" shall mean that *First Supplemental Declaration of Marc Puntus in Support of the Debtors' Application for Entry of an Order (I) Authorizing the Employment and Retention of Centerview Partners LLC as Investment Banker for the Debtors Effective as of July 13, 2022, (II) Approving the Terms of the Centerview Agreement, (III) Waiving Certain Requirements Pursuant to Local Rule 2016-2, and (IV) Granting Related Relief* [Docket No. 784] (together with the Initial Declaration, the "Prior Declarations").

[5]      The Initial Declaration, attached as Exhibit B to the Initial Application, contains a description of Ceneterview's undertaking to determine potential relationships with parties-in-interest and is hereby incorporated by reference.

that if any new material facts or relationships bearing on the matters described herein are discovered or otherwise arise during the pendency of these chapter 11 cases, Centerview will use reasonable efforts to provide the Court with a supplemental declaration disclosing such new material facts or relationships.

6.    No promises have been received by Centerview, or by any employee thereof, as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code.

7.    I am generally familiar with the Bankruptcy Code and the Bankruptcy Rules, and Centerview will comply with them, subject to the Orders of this Court.

### Centerview's Expanded Retention

8.    Subject to further order of the Court, and as set forth in the Amendment, and in consideration for the compensation contemplated therein, Centerview will provide certain additional services to preserve the Debtors' interests in and claims to Core's estates while exploring potential financing, asset sale, or other strategic transaction opportunities to unlock value for all of the Debtors' stakeholders ("Additional Services").

9.    The Amendment incorporates the Additional Services and the related fees (as described below) into the Initial Engagement Letter by way of adding to Paragraphs 2(b) of the Initial Engagement Letter.  As set forth in the Amendment, the Debtors propose that all terms and conditions of the Initial Engagement Letter (as modified by the Initial Retention Order) be expanded to cover the Additional Services and related fees, including (a) the indemnification provisions outlined in the Initial Application and (b) the reimbursement of reasonable and documented expenses.

10.     The Additional Services performed by Centerview will not duplicate or overlap with the other services performed by the Debtors' other retained consultants and advisors. Centerview understands that the Debtors have retained and may retain additional professionals during the term of the Initial Engagement Letter (as modified by the Amendment). Centerview agrees to work cooperatively with the Debtors to avoid duplication of services.

### Professional Compensation

11.     Subject to Court approval, and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and such other procedures as may be fixed by order of the Court, the Debtors will compensate Centerview in accordance with the terms and conditions provided in the Initial Engagement Letter (as modified by the Amendment). Centerview intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Fee Guidelines.

12.     Subject to approval by the Court, and as more fully set forth in the Amendment, the Debtors have negotiated a transaction fee of $1.5 million (the "Core Transaction Fee") to be paid by the Debtors for the services of Centerview in connection with a Core Restructuring. The Core Transaction Fee will be paid following the Court's approval of this Supplemental Application if at any time during the Fee Period[6] Core consummates a Restructuring. In the event of the consummation of a sale or other strategic transaction between Core and Celsius Mining LLC triggering a fee under the Initial Engagement Letter, 50% of the Core Transaction Fee will be credited against the Mining Sale Transaction Fee.

13.     The compensation arrangements contained in the Amendment are highly beneficial to the Debtors' estates as they provide proper inducement for Centerview to maximize and resolve

---

[6]    "Fee Period" shall mean the term of Centerview's engagement or within the twelve full months following the termination of Centerview's engagement.

the Debtors' interests in and claims to Core's estates and to explore potential value maximizing transactions in connection therewith. Since Core's chapter 11 filing, Centerview has actively participated in discussions, negotiations, and diligence with Core and its stakeholders, including an ad hoc group of Core Convertible Noteholders, related to potential asset disposition, combination and related transactions between Core and the Debtors. In addition, Centerview was previously engaged with Core and various stakeholders regarding Core's proposed debtor-in-possession financing and Restructuring Support Agreement. Given the fluidity of the situation, as evidenced by Core's recent decision to replace its debtor-in-possession financing and eliminate the Restructuring Support Agreement, there is now a "blank slate" to evaluate alternative transactions which requires the Debtors to retain an investment banker to defend their claims in Core's chapter 11 cases.

14.     The terms of the Amendment were negotiated between the Debtors and Centerview, and reflect the Debtors' evaluation of the extensive work that has and will be performed by Centerview on behalf of the Debtors and its expertise in such matters. The Debtors likewise believe that the compensation structure is consistent with, and typical of, compensation arrangements entered into by Centerview and other comparable firms in connection with the rendering of similar services under similar circumstances.

15.     Subject to the Court's approval, and pursuant to the terms and conditions of the Amendment, the Debtors understand that Centerview intends to apply to the Court for allowance of compensation and reimbursement of expenses for the Additional Services, in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court. The Debtors understand that Centerview intends to file interim and final fee applications for the allowance of compensation for the Core

Transaction Fee in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of the Court, including any order granting the Supplemental Application (to the extent compliance is not waived).

[*Remainder of page intentionally left blank*]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated:  February 7, 2023

*/s/ Marc Puntus*

Marc Puntus
Partner
Centerview Partners LLC