WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE, REGION 2
U.S. Department of Justice
Office of the United States Trustee
Alexander Hamilton Customs House
One Bowling Green, Suite 256
New York, New York 10004
Telephone: (212) 510–0500
By:    Shara Cornell, Esq.
        Trial Attorney

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- x
                                                    :
In re                                         :    Chapter 11
                                                    :
CELSIUS NETWORK LLC, *et al.*,[1]    :    Case No. 22-10964 (MG)
                                                    :
                                                    :    Jointly Administered
                             Debtors.  :
---------------------------------------------------------- x

**LIMITED OBJECTION TO THE DEBTORS' SECOND MOTION TO
EXTEND EXCLUSIVITY PERIOD FOR FILING A CHAPTER 11 PLAN
AND DISCLOSURE STATEMENT**

**TO:**    **THE HONORABLE MARTIN GLENN,
           CHIEF UNITED STATES BANKRUPTCY JUDGE:**

This limited objection (the "**Objection**"), is filed on behalf of William K. Harrington, the United States Trustee for Region 2 ("**United States Trustee**"), to the Second Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement (the "**Second Exclusivity Motion**") filed on behalf of Celsius Network LLC, *et al.* (the "**Debtors**"). The United States Trustee respectfully represents and states as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

1

The Debtors seek an extension of exclusivity to file a plan 44 days from February 15, 2023 to March 31, 2023. The Debtors also seek an extension to exclusively solicit a plan to and including June 31, 2023 (the "**Proposed Solicitation Deadline**"). The Proposed Solicitation Deadline is inappropriate in light of the facts and circumstances of this case. There are no reasons provided in the Second Exclusivity Motion warranting an extension of the plan process another five months.

Bankruptcy Code section 1121 provides in relevant part:

> (b) Except as otherwise provided in this section, only the debtor may file a plan until after 120 days after the date of the order for relief under this chapter.
>
> (c) Any party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may file a plan if and only if— …. (2) the debtor has not filed a plan before 120 days after the date of the order for relief under this chapter; or (3) the debtor has not filed a plan that has been accepted, before 180 days after the date of the order for relief under this chapter, by each class of claims or interests that is impaired under the plan.
>
> (d)(1) Subject to paragraph (2), on request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.

11 U.S.C. § 1121. The party seeking an extension of exclusivity has the burden of proving cause. *E.g., In re Borders Group, Inc.*, 460 B.R. 818, 821 (Bankr. S.D.N.Y. 2011); *In re R.G. Pharmacy, Inc.*, 374 B.R. 484, 487 (Bankr. D. Conn. 2007).

In determining whether there is cause to extend the exclusivity period, some courts have looked to the following nine factors: (1) the size and complexity of the case; (2) the necessity for sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information; (3) the existence of good faith progress toward reorganization; (4) the fact that the debtor is paying its bills as they become due; (5) whether the debtor has demonstrated reasonable prospects for filing a viable plan; (6) whether the debtor has made progress in negotiations with

its creditors; (7) the amount of time which has elapsed in the case; (8) whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and (9) whether an unresolved contingency exists. *E.g., In re Borders Group, Inc.*, 460 B.R. at 822; *In re Adelphia Communications Corp.*, 352 B.R. 578, 587 (Bankr. S.D.N.Y. 2006); *In re R.G. Pharmacy, Inc.*, 374 B.R. at 487; 7 Collier on Bankruptcy ¶ 1121.06[2], at 1121-11 (16th ed. 2020). Other courts have relied on the following four factors: (1) the debtor's use of the exclusivity period to force creditors to accept an unsatisfactory or unconfirmable plan; (2) the debtor's delay in filing a plan; (3) gross mismanagement of the debtor's operations; and (4) acrimonious relations between the debtor's principals. *In re Fansteel, Inc.*, 2017 Bankr.LEXIS 551, at [*3] (Bankr. S.D. Iowa, February 28, 2017); *In re Situation Management Systems, Inc.*, 252 B.R. 859, 863 (Bankr. D. Mass. 2000); *In re Texaco, Inc.*, 81 B.R. 806, 812 (Bankr. S.D.N.Y. 1988) ("[I]n those cases where the exclusivity periods were reduced, factors such as gross mismanagement of the debtor's operations … were major obstacles to a successful reorganization and were regarded as 'cause' for the reduction of the exclusivity periods."); 7 Collier on Bankruptcy ¶ 1121.06[2], at 1121-11 to 1121-12 (16th ed. 2020).

Given the rate at which professionals are consuming Debtors' assets, a further extension through June 31st without a proper basis is inappropriate. Notwithstanding the Debtors' lip service to the volume of creditors in this case needing to be sent the plan and disclosure statement, it cites to no other case being granted <u>such a long extension for solicitation during one motion</u> for exclusivity. *See, e.g. In re All Year Holdings Ltd*, Case No. 21–12051 (MG): ECF Dkt. No. 335 (January 20, 2023) (29 days to solicit after filing plan); ECF Dkt. No. 194 (August 25, 2022) (33 days to solicit after filing plan); ECF Dkt. No. 86 (April 19, 2022) (62 days to solicit after filing plan); *see also In re Hermitage Offshore Servs. Ltd.*, Case No. 20–11850 (MG): ECF Dkt. No. 213

3

(March 8, 2021) (61 days to solicit after filing plan); ECF Dkt. No. 252 (March 18, 2021) (61 days to solicit after filing plan); *In re Frontier Comm'cns Corp.*, Case No. 20–22476 (RDD): ECF Dkt. No. 1589 (February 23, 2021) (62 days to solicit after filing plan); ECF Dkt. No. 917 (August 11, 2020) (62 days to solicit after filing).

Indeed, the Second Exclusivity Motion makes no mention as to the reasons for the Proposed Solicitation Deadline, which is 92 days after the proposed deadline for filing a plan. Extending exclusivity to solicit leaves a three month gap from when the Debtors intend to file a plan to when the plan must be sent to all its creditors, notwithstanding further dates necessary for balloting and for hearings on the disclosure statement and then on the plan. This proposed procedure begs the question of whether the Debtors already anticipate the need for an additional three months to amend the plan after filing in March before soliciting at the end of June. It is also questionable if the extended dates for solicitation have something to do with regulatory approval of licensing and what impact that would have on whatever plan is filed by the Debtors. There are a lot of open questions as why the length of extension is requested. Nevertheless, there is no basis given to extend this case another five months just for the filing and soliciting of a plan.[2]

WHEREFORE, the United States Trustee respectfully requests that the Court deny the relief requested in its current form, and grant such other relief as is just and proper.

Dated: New York, New York
February 8, 2023

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE, REGION 2

By:    */s/ Shara Cornell*
Shara Cornell, Esq.
U.S. Department of Justice
Office of the United States Trustee
One Bowling Green, Suite 256
New York, New York 10004

---

[2] The United States Trustee reserves its rights to supplement or amend this Objection should the Debtors amend the Second Exclusivity Motion or provide additional information thereto.