Daniel A. Frishberg,

*Pro Se*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) ) | Case No. 22-10964 (MG) |
| Debtors. | ) ) ) | (Jointly Administered.) |

# DANIEL A. FRISHBERGS' LIMITED OBJECTION TO THE DEBTORS' SECOND MOTION FOR ENTRY OF AN ORDER (I) EXTENDING THE DEBTORS' EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF PURSUANT TO SECTION 1121 OF THE BANKRUPTCY CODE AND (II) GRANTING RELATED RELIEF

Daniel A. Frishberg ("Mr. Frishberg") files this Limited Objection (the "Limited Objection") to the *Debtors' Second Motion for Entry of an Order (I) Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

*1121 of the Bankruptcy Code and (II) Granting Related Relief* (Docket No. 1940, the "<u>Motion</u>".

In support of his Limited Objection, Mr. Frishberg respectfully states the following:

**Pro Se Relief**

Mr. Frishberg repeats and reincorporates his previous requests around *pro se* relief.

**<u>Introduction</u>**

Exclusivity cannot be extended due to improper venue. Under USC 28 §§ 1406, 1408, and 1409, the current venue **<u>is not, and never was, correct, or proper</u>**. The Debtor's state "Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409," but their statement is incorrect. The Motion should be **<u>DENIED</u>** for the time being (until there is a proper venue), and Mr. Frishberg's Objection be **<u>SUSTAINED</u>**, for the below reasons. In the event that this court chooses to extend Exclusivity, I request that they also expand it to include the UCC and the other Ad Hoc groups (including, if possible, the unofficial Earn Ad Hoc).

**<u>Argument</u>**

The Debtors also claim that staked ETH cannot be unstaked until 2026. This (assuming they are referring to ETH staked on the blockchain, and not a DEFI protocol) is false. ETH can start to be withdrawn after the Shanghai update (to the Ethereum network). This update is currently planned[2] for **<u>March, 2023</u>**, which is not, as the Debtors claim, in 2026.

---

[2] https://decrypt.co/resources/what-is-ethereums-shanghai-upgrade
**https://capital.com/ethereum-shanghai-capella-public-testnet-february-launch**

For judicial economy, Mr. Frishberg repeats, realleges and incorporates Mr. Ubierna de las Heras's objection (ECF Docket No. 1996[3], and the Withhold Ad Hoc's objection, (ECF Docket No. 2008). He also repeats, realleges, and incorporates any other objections to exclusivity (which have not yet been docketed), and reserves the right to unrepeat, unreallege, and unincorporate the objections which are still undocketed, and have not been filed yet. For judicial economy Mr. Frishberg also repeats and realleges his objections based on venue being not correct and proper (ECF Dockets 1823, and 1977). Mr. Frishberg, lastly, repeats, realleges and incorporates his arguments from his Motion for a Chapter 11 Trustee (ECF Docket No. 1975[4]).

## Conclusion

For all of the aforementioned reasons, the Debtor's Motion should be **DENIED**, and this Objection should be **SUSTAINED**. In the alternative, the Exclusivity should be expanded to include the UCC and Ad Hoc groups (including any future groups, such as an Earn group).

Respectfully Signed,

Daniel Frishberg, *Pro Se*

02/08/2023

*/s/Daniel A. Frishberg*

---

[3] https://cases.stretto.com/public/x191/11749/PLEADINGS/1174902072380000000040.pdf
[4] https://cases.stretto.com/public/x191/11749/PLEADINGS/1174902022380000000104.pdf

**CERTIFICATE OF SERVICE**

I certify that on Wednesday, February 8th, 2023, a true and correct copy Daniel A. Frishberg's Limited Objection to the *Debtors' Second Motion for Entry of an Order (I) Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code and (II) Granting Related Relief* (Docket No. 1940), was filed with the Clerk of the United States Bankruptcy Court in the Southern District of New York served upon the Core/2002 service list by electronic mail, in accordance with the SDNY Bankruptcy Court's *Amended Final Order (I) Establishing Certain Notice, Case Management, And Administrative Procedures, And (II) Granting Related Relief* (ECF Docket No. 1181).

Respectfully Signed,

Daniel Frishberg, *Pro Se*

02/08/2023

*/s/Daniel A. Frishberg*