| | |
|---|---|
| Joshua A. Sussberg, P.C. | Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*) |
| **KIRKLAND & ELLIS LLP** | Ross M. Kwasteniet, P.C. (admitted *pro hac vice*) |
| **KIRKLAND & ELLIS INTERNATIONAL LLP** | Christopher S. Koenig |
| 601 Lexington Avenue | Dan Latona (admitted *pro hac vice*) |
| New York, New York 10022 | **KIRKLAND & ELLIS LLP** |
| Telephone:  (212) 446-4800 | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Facsimile:  (212) 446-4900 | 300 North LaSalle Street |
| | Chicago, Illinois 60654 |
| | Telephone:  (312) 862-2000 |
| | Facsimile:  (312) 862-2200 |

*Counsel to the Initial Debtors and Debtors in Possession*

*Proposed Counsel to the GK8 Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**DECLARATION OF ROBERT CAMPAGNA**
**IN SUPPORT OF THE DEBTORS' MOTION SEEKING ENTRY OF**
**INTERIM AND FINAL ORDERS (I) AUTHORIZING THE GK8 DEBTORS TO**
**(A) CONTINUE TO OPERATE THE GK8 CASH MANAGEMENT SYSTEM,**
**(B) HONOR CERTAIN PREPETITION OBLIGATIONS RELATED THERETO,**
**(C) MAINTAIN EXISTING GK8 BUSINESS FORMS, AND (D) CONTINUE TO**
**PERFORM GK8 INTERCOMPANY TRANSACTIONS, (II) GRANTING**
**SUPERPRIORITY ADMINISTRATION EXPENSE STATUS TO POSTPETITION**
**GK8 INTERCOMPANY BALANCES, AND (III) GRANTING RELATED RELIEF**

I, Robert Campagna, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

1.      I am a Managing Director with Alvarez & Marsal North America, LLC (together with its wholly-owned subsidiaries and independent contractors and also with employees of its professional service provider affiliates, all of which are wholly owned by its parent company and employees, "<u>A&M</u>"), a global restructuring advisory services firm and a restructuring advisor to the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>").[2]

2.      The statements in this declaration (this "<u>Declaration</u>") are, except where specifically noted, based on my personal knowledge or opinion, on information that I have received from the Debtors' employees or advisors, employees of A&M working directly with me or under my supervision, direction, or control, or from the Debtors' books and records maintained in the ordinary course of their business.  Neither A&M nor I am being specifically compensated for this testimony, other than compensation to A&M as a professional services firm employed by the Debtors.  If I were called upon to testify, I could and would competently testify to the facts set forth herein on that basis.

3.      I submit this declaration (this "<u>Declaration</u>") in support of the Motion.

## The GK8 Bank Account

4.      As of December 7, 2022 (the "<u>GK8 Petition Date</u>"), the GK8 Cash Management System consisted of one bank account (ending 8598) held by GK8 Ltd. and maintained at the Tel

---

[2] Capitalized terms not defined herein shall have the meanings ascribed to such terms in the *Debtors' Motion Seeking Entry of Interim and Final Orders (I) Authorizing the GK8 Debtors to (A) Continue to Operate the GK8 Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing GK8 Business Forms, and (D) Continue to Perform GK8 Intercompany Transactions, (II) Granting Superpriority Administrative Expense Status to Postpetition GK8 Intercompany Balances, and (III) Granting Related Relief.* [Docket No. 1627] or the *Debtors' Supplemental Motion Seeking Entry of Interim and Final Orders (I) Authorizing the GK8 Debtors to (A) Continue to Operate the GK8 Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing GK8 Business Forms, and (D) Continue to Perform GK8 Intercompany Transactions, (II) Granting Superpriority Administrative Expense Status to Postpetition GK8 Intercompany Balances, and (III) Granting Related Relief* [Docket No. 1639] as applicable (collectively, the "Motion").

Aviv, Israel branch of Bank Hapoalim (the "Original GK8 Bank Account"). On January 30, 2023, in order to optimize back-office functionality, Bank Hapoalim assigned GK8 Ltd. a new bank account (ending 8591) to be maintained at its Herzliya branch (the "Current GK8 Bank Account"). The Current GK8 Bank Account replaced the Original GK8 Bank Account. In furtherance thereof, on January 30, 2023, Bank Hapoalim swept all funds in the Original GK8 Bank Account to the Current GK8 Bank Account. The Current GK8 Bank Account is, in essence, identical to the Original GK8 Bank Account, and the GK8 Cash Management System otherwise functions exactly the same way as described in the Motion.

5. The New York branch of Bank Hapoalim is a party to a uniform depository agreement with the office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"), and, as such, is designated as an authorized depository in the Southern District of New York pursuant to the U.S. Trustee Guidelines. Neither the Tel Aviv nor Herzliya branches of Bank Hapoalim, however, are parties to a uniform depository agreement with the U.S. Trustee. Thus, the Debtors seek a waiver of the requirements to comply with section 345(b) of the Bankruptcy Code with respect to the Original GK8 Bank Account and Current GK8 Bank Account.

6. I believe a waiver of the requirement to comply with section 345(b) of the Bankruptcy Code with respect to the Current GK8 Bank Account and Original GK8 Bank Account is warranted. It is my understanding that Bank Hapoalim, headquartered in Tel Aviv, is a major Israeli bank and the second largest in Israel. It is also my understanding, that Bank Hapoalim's international presence consists primarily of the New York branch, which chiefly serves Israeli companies operating in the United States. Bank Hapoalim's Condensed Quarterly Financial Statements as of September 30, 2022, states that Bank Hapoalim had NIS 658.336 billion in total assets and NIS 527.699 billion in total deposits from the public (which is approximately $189

billion (USD) and $152 billion (USD), respectively, based on a conversion rate of NIS 3.48 to 1 USD).[3] It is my understanding that Bank Hapoalim is publicly traded on the Tel Aviv Stock Exchange (ticker symbol POLI), and has a total market capitalization of approximately $11.6 billion as of February 8, 2023.[4] Bank Hapoalim discloses its financial statements publicly and assesses its capital-adequacy based on the Basel III directives.[5]

7. Based on A&M's review and understanding of the GK8 Cash Management System, I believe that the Current GK8 Bank Account and Original GK8 Bank Account at Bank Hapoalim in Israel are vital to the GK8 Cash Management System and the Debtors' ongoing operations. Furthermore, I believe that requiring the GK8 Debtors to transfer funds to an authorized depository in the United States is unnecessary and would be unduly burdensome to the Debtors' operations and detrimental to the Debtors' estates. Similarly, given Bank Hapoalim's strong asset base, worldwide reputation, and general financial stability, it is my belief that requiring the GK8 Debtors to post a bond for the purposes of coming into compliance with section 345(b) of the Bankruptcy Code would place a needless administrative and financial burden on the Debtors, thereby imposing unnecessary and avoidable costs on the Debtors' estates to the detriment of stakeholders.

[*Remainder of page intentionally left blank*]

---

[3] *See* Bank Hapoalim, *Condensed Quarterly Financial Statements as at September 30, 2022 (Q3 2022)* (Sept. 30, 2022), https://www.bankhapoalim.com/sites/bnhpcom/files/media/DohotKaspiem/12001223e.pdf.

[4] *Bank Hapoalim B.M.*, WALL ST. J. https://www.wsj.com/market-data/quotes/il/poli (last visited Feb. 8, 2023).

[5] Bank Hapoalim, *Condensed Quarterly Financial Statements as at September 30, 2022 (Q3 2022)*.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: February 9, 2023  
New York, New York

*/s/ Robert Campagna*  
Name: Robert Campagna  
Title:  Managing Director  
Alvarez & Marsal North America, LLC