# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

Judson D. Brown, P.C.
To Call Writer Directly:
+1 202 389 5082
jdbrown@kirkland.com

1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
United States

+1 202 389 5000

www.kirkland.com

Facsimile:
+1 202 389 5200

February 12, 2023

**By eFile**

Honorable Martin Glenn
Chief United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Courtroom 523
New York, NY 10004-1408

Re:   *In re Celsius Network LLC*, Bankruptcy Case No. 22-10964 (MG)

Dear Chief Judge Glenn:

We write on behalf of the Debtors in response to the letter filed by Daniel Frishberg and Immanuel Herrmann ("Movants") on February 8, 2023 [Dkt. No. 2018]. The Movants ask the Court to compel the Debtors to respond to discovery requests made in connection with the Movants' Application for the Appointment of a Chapter 11 Trustee ("Motion") [Dkt. No. 1975], which is set for hearing on February 15, 2023. The Movants, however, had not actually served any discovery requests—seeking either documents or depositions—on the Debtors when they filed their letter. In fact, the Movants did not serve the Debtors with any document requests until February 10, 2023—just three business days before the hearing—and they still have not asked the Debtors for a single deposition. For the following reasons, the Movants' request to compel discovery should be denied.

***First***, discovery is unnecessary because it will not "yield any information that might affect the outcome" of the Motion. *In re Khachikyan*, 335 B.R. 121, 127 (B.A.P. 9th Cir. 2005) (affirming denial of a continuance to conduct discovery in a contested matter). The Motion fails as a matter of law. The Motion is based, in part, on allegations of past misconduct by former management and employees.[1] But misconduct by former management is insufficient to establish cause to appoint a trustee. *See* 11 U.S.C. § 1104(a)(1) ("cause" for a trustee's appointment

---

[1] Movants rely primarily on the Examiner's Report [Dkt. No. 1956], which is inadmissible hearsay. Regardless, the Examiner's Report is focused on conduct of past management, and so any discovery into the "source documents" (*see* Dkt. No. 2018 at 2) would not be relevant to establishing cause for a trustee. *See* 11 U.S.C. § 1104(a)(1).

# KIRKLAND & ELLIS LLP

Honorable Martin Glenn
February 12, 2023
Page 2

includes misconduct "by **current** management" (emphasis added)); *see also* Debtors' Objection to the Motion to Appoint a Chapter 11 Trustee ("Objection") [Dkt. No. 2035] ¶¶ 6–11. Movants' grievances about the terms of a potential reorganization plan are premature plan objections and are not a basis for appointing a trustee. *Id.* ¶ 12. And Movants' second guessing of decisions committed to the discretion of the Debtors and their advisors, such as the timing of filing avoidance actions, is baseless and plainly does not demonstrate "gross mismanagement" necessary for the appointment of a trustee. *Id.* ¶¶ 13–14. In all events, the appointment of a trustee is not in the best interest of the Estate at this juncture in the case, *id.* ¶¶ 20–21, —indeed, even the Official Committee of Unsecured Creditors opposes the Motion—so no discovery is warranted.

**Second**, Movants' discovery requests are unduly burdensome. *In re Residential Cap., LLC*, 480 B.R. 529, 542 (Bankr. S.D.N.Y. 2012) (Glenn, J.) ("Rule 26(b)(2) directs the court to limit or forbid unduly burdensome discovery."). Movants' letter—filed one week before the hearing—seeks to compel 8-hour depositions of each of the Debtors' Special Committee members. The Special Committee is navigating the Debtors through a complex restructuring effort and actively negotiating with a potential plan sponsor. Requiring the Special Committee members to sit for depositions of any length—and certainly for depositions longer than is authorized by the Federal Rules—is a waste of Estate resources and will distract these two key individuals from their important duties, particularly for a motion that fails as a matter of law. The Special Committee and its advisors need to stay focused on determining the best path forward, not be distracted by discovery proceedings for a meritless motion. *See id.* at 545 ("This is truly a situation where the requested discovery must be stayed to protect a debtor from unreasonable burden that threatens administration of these bankruptcy cases."); *see also In re Serendipity Labs, Inc.*, 2020 WL 5900052, at *3 (Bankr. W.D. Mich. Oct. 5, 2020) ("After considering the obvious burden of requiring a Steelcase representative to prepare for and give testimony by tomorrow, . . . the court finds that the burden or expense of the proposed discovery outweighs its likely benefit.").

**Third**, Movants' requests are untimely. Movants filed their Motion on February 1. They waited a week to file their letter with the Court and waited even longer to serve any discovery requests on the Debtors. They only served document requests on February 10—just three business days before the hearing—and they still have not served notices of deposition. These deficiencies are prejudicial to the Debtors and an independently sufficient basis to deny discovery. *See In re Rosebud Farm, Inc.*, 619 B.R. 202, 209 (Bankr. N.D. Ill. 2020), *aff'd in part*, *remanded in part on other grounds*, 638 B.R. 600 (N.D. Ill. 2022) (denying discovery in a contested matter where creditor unreasonably delayed in serving discovery requests); *In re Atlas Computers, Inc.*, 2012 WL 3018256, at *6 n.28 (Bankr. N.D. Okla. July 24, 2012), *aff'd*, 2014 WL 1267007 (N.D. Okla. Mar. 26, 2014) ("To the extent the Finley Claimants were 'denied' discovery in this matter, it was because they did not comply with the Federal Rules of

# KIRKLAND & ELLIS LLP

Honorable Martin Glenn
February 12, 2023
Page 3

Bankruptcy Procedure and Federal Rules of Civil Procedure or because the discovery they sought was overly broad, untimely, or otherwise improper.").

  For the reasons stated above, the Movants' request to compel discovery should be denied.

            Sincerely,

            */s/ Judson D. Brown*

            Judson D. Brown, P.C.

cc:  All counsel of record
    Daniel A. Frishberg
    Immanuel Herrmann