Christopher Lee Shanks
308 Main Street
#621
Canon City, CO 81212
Pro Se

## UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF NEW YORK

CELSIUS NETWORK LLC, *ET AL.,*                  ) Chapter 11
                                                )
Debtors[1]                                      )
                                                )
_____         ) Case No.: 22-10964 (MG)
                                                )
Christopher Lee Shanks                           ) (Jointly Administered.)
                                                )
                    Plaintiff                   )
                                                )
v.                                              ADV. PRO. NO. 22-_____(MG)

CELSIUS NETWORK LLC; CELSIUS KEYFI LLC;

CELSIUS LENDING LLC; CELSIUS MINING LLC;

CELSIUS NETWORK INC.; CELSIUS NETWORK

LIMITED; CELSIUS NETWORKS LENDING LLC;

and CELSIUS US HOLDING LLC.

_____
                    Defendants

# **INTERPRETATION OF THIS ADVERSARY PROCEEDING**

_____

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); and Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

As I am a Pro Se filer, and I do not understand the law as well as a lawyer would, and I ask that you do as

the Supreme Court of The United States (hereinafter "SCOTUS") said: "*a pro se complaint, 'however*

*inartful pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers' and*

*can only be dismissed for failure to state a claim if it appears "beyond doubt that the plaintiff can prove*

*no set of facts in support of his claim which would entitle him to relief."* Id., at 520, 521, quoting Conley

v. Gibson, 355 U.S. 41,45 46 (1957)." Rule 8 provides that "*pleadings shall be so construed as to do*

*substantial justice.*" As SCOTUS stated: "*We frequently have stated that pro se pleadings are to be given*

*a liberal construction. Baldwin County Welcome Center v. Brown.*". It is well established that a court is

ordinarily obligated to afford a special solicitude to pro se litigants. See Estelle v. Gamble, 429 U.S. 97,

106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d

Cir.2006); see also McDonald v. Head Criminal Court Supervisor Officer, 850 F.2d 121, 124 (2d Cir

.1988). I ask that if anything is in the wrong format, or cites the wrong federal code, etc, that Your Honor

allow me to fix it, instead of dismissing this Adversary Proceeding.

## **COMPLAINT FOR DECLARATORY JUDGMENT**

I, Christopher Lee Shanks, Borrower (collectively, "Plaintiff" and/or "Borrower"), bring this Complaint

(hereinafter "Complaint") against the debtors and debtors in possession (collectively, the "Debtors",

"They", "Them", "Celsius" and "Defendants") in the above-captioned chapter 11 cases (the "Chapter 11

Cases"), and allege and state the following:

## **PRELIMINARY STATEMENT**

1. Prior to the Petition Date, the Debtors offered a series of crypto currency programs, including an "earn" account and a "borrow" account. Each account was governed by certain agreements (collectively, the "**Account Agreements**")[2].

2. With respect to the borrow program, a Celsius customer could become a "borrower" by entering into an agreement with Celsius (a "**Loan Agreement**") pursuant to which she/he would receive either fiat[3] currency or stablecoins in exchange for posting his/her cryptocurrency as collateral with Celsius (the "**Collateral**"). When a loan was issued (the "**Loan**"), Celsius provided the borrower with a Truth in Lending Act Statement ("**TILA Statement**"), which detailed the cost of the loan (principal and interest payments to be made) under the terms of the loan. Once the Loan is repaid, the Debtors were obligated under the Loan Agreement to release the Collateral to the Borrower.

3. Unlike the Earn program, the Loan Agreement did not transfer title of the cryptocurrency to Celsius. This was explained on February 10, 2020 by Aliza Landes, then Vice President of Retail Lending, who described taking a retail loan as "*you're not going into debt, you're borrowing against something that you own.*" Celsius Network AMA – Ask Aliza Anything!, YouTube (February 10, 2020), https://youtu.be/RIfECR1Ghhk?t=2106.

4. Plaintiff seeks a judgment declaring that:

    a. The Collateral is not property of the estate, it should be returned to the Borrower;

    b. The Debtors should be compelled to provide an accounting and turnover the Collateral;

    c. The Loan Agreements are consumer credit transactions under the Truth in Lending Act and are entitled to the protection afforded to such transactions under section 363(o) of title 11.

    d. The Debtors engaged in deceptive business practices;

---

[2]  The Loan Agreements are set forth in the Declaration of Alex Mashinsky dated August 10, 2023 (ECF Docket #393) and is incorporated herein by reference.

[3]  "Fiat" currency refers to legal tender issued by a government that is not backed by any commodities, such as gold or silver.

e.   The Debtors committed consumer fraud;

f.   The Debtors committed **fraud in the inducement** and/or made certain misrepresentations to the Borrower which render the Loans void and unenforceable;

g.   The Debtors breached the Loan Agreement;

h.   The Debtors forced default on Plaintiff's loan; and/or

i.   The Debtors have been unjustly enriched by the Collateral.

## THE PARTIES

5.   Plaintiff, Christopher Lee Shanks, the Borrower.

6.   The Defendants are the Debtors in the above-captioned Chapter 11 Cases. The Debtors' names and addresses are set forth in each of their respective voluntary petitions for chapter 11 relief. The corporate organization of the Debtors, as well as their jurisdictions of formation, are set forth in **Exhibit A** to the *Declaration of Alex Mashinsky, Chief Executive Officer of Celsius Network LLC, in Support of Chapter 11 Petitions and First Day Motions*, filed on July 14, 2022 (ECF Docket # 23) (the "First Day Declaration").

## JURISDICTION AND VENUE

7.   This adversary proceeding arises in and relates to the Chapter 11 Cases pending before the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") under title 11.

8.   The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 157 and 1334. The adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (G), (K) and/or (O).

9.   Venue is proper pursuant to 28 U.S.C. § 1408 and 1409.

10.  The statutory predicates for the relief requested herein are Title 11 §105, 363 and 541 of the and Title 11 § 7001(1) and 7001(9).

# **BACKGROUND AND FACTS**

11. On or about March 2018, the Debtors launched their "crypto asset-based finance platform" (the "Celsius Platform"). ECF Docket # 1411, p. 7.

12. The Debtors offered a borrow program to their customers which allowed Borrowers to post cryptocurrency assets as security in exchange for a loan in fiat currency or stablecoin.

13. Prior to the Petition Date, Plaintiff entered into a Loan Agreement (#45846) with the Debtors.

14. On or about October 6th 2021, the Debtors breached contract with Plaintiff by not providing the excess BTC due to the appreciation of its value when Plaintiff initiated a Reverse Margin Call. **Exhibit B** & **B2**.

15. On or about November 8th 2021, the Debtors provided no response to Plaintiff's initial Reverse Margin Call and willfully continued to breach contract by not providing the excess BTC when Plaintiff initiated another Reverse Margin Call. **Exhibit C.**

16. On or about June 12, 2022, the Debtors froze the ability of the Borrowers to withdrawals, transfers, and swaps of any funds from and to their accounts on the Celsius Platform. **https://celsiusnetwork.medium.com/a-memo-to-the-celsius-community-59532a06ecc6.**

17. On June 13th 2022, Celsius initiated a Margin Call on Plaintiff due to the value depreciation of BTC. Plaintiff immediately opened a help desk ticket #1012354 with Celsius attempting to resolve the matter due to Debtors actions on June 12th preventing withdrawals, swaps, and transfers on their platform. **See exhibit D.**

18. On June 15th 2022, Celsius still failed to provide any correspondence to help resolve the matter that was created by their actions, and forced Plaintiff into default on the loan. **See exhibit E.**

19. When Celsius liquidated Plaintiff's BTC:

    a.  -7.01754386 was loan principal liquidation;

    b.  -0.052386953 BTC was loan interest liquidation;

    c.  and -0.212097924 was operation cost.

     d.   This left a BTC balance of 1.433533 allowed to be withdrawn by Plaintiff. **See Exhibit F.**

20. On July 11th 2022, Plaintiff requested to withdraw his cryptocurrency from Celsius's platform and was denied. **See exhibit G.**

21. On November 19, 2022, the Examiner issued the Interim Report of Shoba Pillay, Examiner (ECF Docket # 1411, the "Interim Examiner Report"). The Plaintiff incorporates by reference all statements contained in the Interim Examiner Report as if fully set forth at length herein.

22. On January 31, 2023, the Examiner issued the Final Report of Shoba Pillay, Examiner (ECF Docket # 1956, the "Final Examiner's Report"). The Plaintiff incorporates by reference all statements contained in the Final Examiner's Report as if fully set forth at length herein.

23. Celsius promoted and advertised its services, using social media. In particular, Mr. Alex Mashinsky would host weekly AMAs (Ask Mashinsky Anything) ("AMAs") on youtube.com[4]. The AMAs were abundant with repeated misrepresentations concerning the financial stability of Celsius, the risks associated with depositing cryptcocurrency at Celsius, its regulatory compliance, its transparency and ownership of the cryptocurrency assets, including the ownership of the Collateral on the Celsius Platform.

24. Among other things, the following false representations were made during the AMAs:

    a.   **Representations concerning Celsius' Financial Stability**

         • *A run on the bank cannot happen at Celsius because Celsius never lends more than what it has …we always have enough coins and enough collateral and so on to return all the assets to all of our users*. Celsius, Expansion in Asia with Special Guest Lennis Lai (OkEx) - Celsius AMA, YouTube (April 30, 2021), https://www.youtube.com/live/LaIfR4BuIno?feature=share&t=4048.

    b.   **Representations concerning Bankruptcy of Celsius**

---

[4]   Celsius has hundreds of these marketing videos on its Youtube.com channel. See
https://www.youtube.com/@CelsiusNetwork/videos

- On March 25, 2021, Mashinsky, posted on Twitter, in reply to a Twitter user who
  asked what would happen to their coins in the event of Celsius's bankruptcy,
  that "*all coins are returned to their owners even in the case of bankruptcy*".



25. In a November 26, 2019 AMA, Mr. Mashinsky stated "*[t]hese are your coins, not our coins.*
*Whatever you put in, if you put in one Bitcoin, you will be withdrawing one Bitcoin . . . It's*
*always your Bitcoin. Always your Ether. Always your CEL Token.*"
https://www.youtube.com/live/H1n5g7uJyvQ?feature=share&t=2171.

26. On February 10, 2020, Aliza Landes, the Vice President of Retail Lending, described taking a
retail loan as "*you're not going into debt, you're just borrowing against something you own*."
Celsius, Celsius Network AMA – Ask Aliza Anything!, YouTube (February 10, 2020),
https://youtu.be/RIfECR1Ghhk?t=2108.

27. On July 24, 2020, Mr. Mashinsky stated: "*[W]hen you give us bitcoin it's not like it's ours, right?*
*It's yours legally. It is still your bitcoin. The only thing we do is when you lend us your bitcoin,*
*we lend them to people who pay us interest. When they return them, it goes back to the wallet and*
*it's still yours from that wallet.*" Celsius Network AMA with Alex Mashinsky and HFN's Roni
CohenPavon, YouTube (July 24, 2020), https://www.youtube.com/live/kC-
89USzxaM?feature=share&t=4601

28. As detailed at length in the Final Examiner's Report, Celsius knew that the representations identified above were false. See Examiner's Report, Part II, Article VI,G at p. 256-67 entitled "**Celsius did not Correct Its Misleading and Inaccurate Statements**" ("the Examiner found no evidence that anyone at Celsius suggested or executed on a process of correcting or retracting inaccurate and misleading statements that Celsius' employees identified and removed (or attempted to remove) between May 2021 and June 2022.")(emphasis supplied).

29. In reasonable reliance upon the Debtors' misrepresentations, Plaintiff entered into a Loan Agreement (#45846) in exchange for pledging his collateral to Celsius. Approximate BTC collateralized is 8.7073065.

30. The Debtors agreed to return the Collateral to the Borrowers' Deposit Accounts, once the Loans were repaid. See,ECF Docket # 393, at p. 684, 698, 729, 760, 793, 827, 861 and 896 ("*Within ten (10) days of your full repayment of the [outstanding Loan Amount or Principal amount and all outstanding Obligations], Celsius shall release all remaining collateral to your Celsius Account*.").

31. The Debtors' obligation to return the Collateral to the Borrowers did not vary based on whether the account of the Borrower. Instead, the Loan Terms define "Account" as "your account with Celsius set up and maintained pursuant to the Network Terms." Docket # 393, at p. 681, 695, 726, 757, 790, 824, 858 and 892. Similarly, the General Terms define the phrase "Celsius Account" as "a User's designated user account on the Celsius website or mobile application…" ECF Docket # 393, at p. 274, 401 and 526.

# **FIRST CLAIM FOR RELIEF**

## **(Declaratory Judgment Pursuant to Bankruptcy Rule 7001(9) that Collateral is Not Property of the Estate)**

32. The Collateral is not property of the Debtors's estates.

33. The Loan Agreement did not transfer title to Celsius. Rather, under the Loan Agreement, the Borrower consented to Celsius's use of the Collateral during the loan period.

34. The Debtors repeatedly represented that the Collateral was the property of the Borrower.

35. For example, during weekly livestream conversations, the Debtors's co-founder and majority owner, Alex Mashinsky, repeatedly represented to each of the Borrowers that the Collateral "*are your coins, not our coins.*" ECF Docket # 1956, p. 10.

36. Based on the foregoing and the facts incorporated herein by reference, the Plaintiff is entitled to a judgment declaring that the Collateral is not property of the Debtors's bankruptcy estates pursuant to section 541(d) of the Bankruptcy Code.

## SECOND CLAIM FOR RELIEF

### (Accounting and Turnover of Collateral)

37. The Loan Terms make clear that the Debtors only hold possession, not ownership, of the Collateral. ECF Docket # 393, p. 736, 768, 801, 835, 869 and 886 (Debtors "*shall have actual possession of, and a first priority security interest in the collateral*" only).

38. As a "Pledgee" and/or secured lienholder, the Debtors do not own the Collateral.

39. The Plaintiff is entitled to a judgment compelling the Debtors to provide an accounting and turnover of the Collateral.

## THIRD CLAIM FOR RELIEF

### (Declaratory Judgment Pursuant to Bankruptcy Rule 7001(9) that the Loans are Entitled to the Protections under 11 U.S.C § 363(o))

40. The Borrower is a consumer.

41. The Debtors extended the Loans to consumer Borrowers primarily for personal, family or household purposes.

42. In connection with the Loans, the Borrowers were provided with TILA Statements.

43. The Loans constitute consumer credit transactions and are entitled to the protections under Section 363(o) of the Bankruptcy Code.

## FOURTH CLAIM FOR RELIEF

### (Deceptive Trade Practices)

44. Each of the Debtors misrepresented material facts concerning the transfer of the Collateral to the Celsius Platform.

45. The Debtors' co-founder and majority owner, Alex Mashinsky, repeatedly represented to each of the Borrowers that the Collateral "*are your coins, not our coins.*" ECF Docket # 1956, p. 10.

46. The Debtors also represented that they would only possess, not own, the Collateral once such assets were transferred to the Celsius Platform for the loan program. ECF Docket # 393, p. 736, 768, 801, 835, 869 and 886 (Debtors "*shall have actual possession of, and a first priority security interest in the Collateral*" only); see also ECF Docket # 393, p. 690 705-06, 903 (identifying Debtors' rights as "pledgee").

47. The Debtors further made false and misleading claims as set forth above and detailed in the Final Examiner's Report. Among other things, those false and misleading claims related to:

    a.  their financial health;

    b.  their compliance with applicable laws and regulations;

    c.  their ability to meet obligations;

    d.  their ability to safeguard customer assets; and

    e.  their revenue sources

48. The Debtors engaged in deceptive trade practices by, among other things: (1) advertising goods or services with intent not to sell them as advertised; and (2) engaging in other conduct which similarly creates a likelihood of confusion or of misunderstanding, including, without limitation, the Debtors' purported rights regarding the Collateral.

49. As a direct and proximate result of these deceptive trade practices, the Borrower incurred losses, suffered harm, including monetary damages, and litigation costs.

# FIFTH CLAIM FOR RELIEF

## (Consumer Fraud)

50. The Borrower is a consumer.

51. Each of the Debtors misrepresented material facts concerning the "borrow" program and the borrower's rights in the Collateral.

52. For example, during weekly livestream conversations, the Debtors' co-founder and majority owner, Alex Mashinsky, repeatedly represented to each of the Borrowers that the Collateral "*are your coins, not our coins*." ECF Docket # 1956, p. 10.

53. The Debtors also represented that they would only possess, not own, the Collateral once such assets were transferred to the Celsius Platform for the loan program. ECF Docket # 393, p. 736, 768, 801, 835, 869 and 886 (Debtors "*shall have actual possession of, and a first priority security interest in the Collateral"* only); see also ECF Docket # 393, p. 690, 705-06, 903 (identifying Debtors' rights as "pledgee").

54. The Debtors engaged in unlawful practices (i.e. consumer fraud) by, among other things misrepresenting, deceiving, fraudulently stating, fraudulently promising, unfairly endorsing, suppressing or concealing material facts concerning Celsius and the "borrow" program, including, without limitation, false and misleading claims as detailed in the Examiner's Report concerning, inter alia:

    a.  The Debtors' financial health;

    b.  The Debtors' compliance with applicable laws and regulations;

    c.  The Debtors' ability to meet obligations;

    d.  The Debtors' ability to safeguard customer assets; and

    e.  The Debtors' revenue sources.

55. The Debtors made these misrepresentations of material facts and/or actively concealed these material facts in connection with inducing consumers to open or maintain accounts on the Celsius Platform.

56. The Debtors made these misrepresentations with the intent of inducing reasonable consumers, such as the Borrowers, to rely on such misrepresentations

57. The Borrowers reasonably relied upon the Debtors' misrepresentations, to their detriment.

58. As a direct and proximate result of these unlawful practices, the Borrower incurred losses, suffered harm, including monetary damages, and costs of litigation.

## SIXTH CLAIM FOR RELIEF

### (Fraudulent Misrepresentations)

59. The Debtors had a duty to communicate information to the Borrowers in an accurate and truthful manner.

60. As detailed in the Final Examiner's Report, the Debtors made factual representations to the Borrowers regarding the Celsius Platform and their respective accounts thereon, including, without limitation, false and misleading claims about, inter alia:

   a. The Debtors' financial health;

   b. The Debtors' compliance with applicable laws and regulations;

   c. The Debtors' ability to meet obligations;

   d. The Debtors' ability to safeguard customer assets;

   e. The Debtors' revenue sources.

61. Each of these representations were material to the Borrowers' decision to transfer the Collateral to the Celsius Platform

62. Each of the Debtors' representations of material facts were false, as the Debtors intentionally and knowingly mischaracterized how the Collateral would be handled on the Celsius Platform, among other things.

63. The Debtors:

   a. knew that their representations of material fact were false and misleading at the time that they represented the information to the Borrowers

   b. misrepresented the material facts with reckless indifference to their truth; and/or

    c.   should have known and/or had knowledge that their representations of material facts were false and misleading at the time that they represented the information to the Borrowers.

64. The Debtors intentionally communicated the inaccurate information to the Borrowers for the purpose of inducing the Borrowers to rely on those misrepresentations.

65. The Borrower justifiably relied upon the Debtors' misrepresentations of material facts to their detriment.

66. The Borrowers' reliance on the Debtors' misrepresentations of material facts were reasonable.

67. But for the Debtors' fraudulent representations, the Borrower would not have entered the Loan Agreement.

68. As a direct and proximate result of these unlawful practices, the Borrower incurred losses, suffered harm, including monetary damages, and costs of litigation.


## EIGHTH CLAIM FOR RELIEF
### (Declaratory Judgment Pursuant to Bankruptcy Rule 7001(9) that the Loan Agreements are not Enforceable)


69. The Borrower is an individual consumer.

70. The Borrower's Loan is a consumer loan.

71. The Debtors breached the Loan Agreement by, among other things, engaging in the fraudulent conduct described above and as detailed in the Final Examiner's Report.

72. The Debtors repeatedly misrepresented information to the Borrowers, including, without limitation, how Celsius would treat the Collateral on its platform.

73. The Debtors knowingly misrepresented facts to the Borrowers to induce the borrowers to enter the Loan Agreements.

74. But for the Debtors' conduct, the Borrower would not have entered into the Loan Agreements.

75. As a result of the Debtors' conduct and in accordance with various consumer protection statutes, the Borrowers' Loans are void and unenforceable.

# NINTH CLAIM FOR RELIEF

## (Declaratory Judgment that the Loans are Void and Unenforceable Due to Fraudulent Inducement)

76. As set forth in the Final Examiner's Report, the Debtors made numerous representations concerning:

    a.   the Debtors' financial health;

    b.   the Debtors' compliance with applicable laws and regulations;

    c.   the Debtors' ability to meet obligations;

    d.   the Debtors' ability to safeguard customer assets; and/or

    e.   Debtors' revenue sources

77. Those representations were false.

78. As detailed in the Final Examiner's Report, the Debtors were aware of the falsity of these statements.

79. The Borrower reasonably relied upon the Debtors' fraudulent misrepresentations when entering into the Loan Agreement.

80. The Borrower has been harmed by the Debtors' unlawful, unfair, fraudulent and unconscionable behavior.

81. As a result, the Borrower is entitled to have the Loan Agreement rescinded.

# TENTH CLAIM FOR RELIEF
## (Breach of Contract)

82. To the extent that the Loan Agreement constitute binding contracts, the Debtors were obligated to fulfill both the express and implied terms thereof.

83. The Debtors materially breached the express and implied terms of the Loan Agreement by, among other things, misrepresenting how the Collateral would be treated by the Debtors on the Celsius Platform.

84. Additionally, since at least June 12, 2022, the Debtors have prevented the Borrower from recovering their Collateral, even though the Loan Terms provide, "*[b]oth you and/or Celsius may, for any or no reason, terminate the Loan within thirty (30) days prior notice in writing to the other party.*". ECF Docket # 323, p. 895.

85. Due to the foregoing actions of the Debtors, Plaintiff was not able to perform according to the agreement, forcing Plaintiff into a default. Plaintiff incurred a loss by the actions of the Debtors.

86. When Celsius liquidated Plaintiff's Bitcoin:

    a.   -7.01754386 was loan principal liquidation;

    b.   -0.052386953 BTC was loan interest liquidation;

    c.   and -0.212097924 was operation cost.

    d.   This left a Bitcoin balance of 1.433533 allowed to be withdrawn by Plaintiff. **See Exhibit L.**

87. Had the Debtors permitted the Borrowers to repay or refinance their Loans, then each of the Borrowers would have been entitled to the release of their Collateral. ECF Docket # 323, p. 896.

88. As a result of the Debtors' material breaches of the Loan Agreement, the Borrower incurred loss, suffered significant harms, including, but not limited to, monetary damages, and litigation costs.

## **ELEVENTH CLAIM FOR RELIEF**
### **(Unjust Enrichment)**

89. To the extent that the Collateral is property of the Debtors' bankruptcy estates, the Debtors' bankruptcy estates have been unjustly enriched.

90. The Debtors repeatedly represented that the Collateral was the property of the Borrowers.

91. In reliance on the Debtors' representations, the Borrowers transferred the Collateral onto the Celsius Platform.

92. To the extent the Collateral is determined to be property of the Debtors' bankruptcy estates, the transfers of the Collateral to the Debtors enriched the Debtors' bankruptcy estates by the value of the Collateral.

93. To the extent the Borrowers cannot withdraw the Collateral from Celsius, the transfers of the Collateral impoverished the Borrowers by the value of the Collateral.

94. It is inequitable and unjust to permit the Debtors' bankruptcy estates to continue to retain the Collateral.

## <u>CONCLUSION</u>

WHEREFORE, the Plaintiff respectfully requests that this Court enter a judgment and award damages against the Debtors, plus pre-judgment interest, post-judgment interest, Plaintiff's time, costs of this litigation, and any additional relief or sanctions this Court deems necessary.

/s/ Christopher Lee Shanks
Christopher Lee Shanks

Date Electronically signed: 9th day of February 2023

From: **Chris** shanksc@protonmail.com
Subject: Reverse margin call
Date: October 6, 2021 at 10:40 AM
To: loans@celsius.network

C

To whom it May concern,

I am looking to release excess collateral on my loan. Please and thank you.


Sent from ProtonMail mobile



≡ Sign in

Celsius Network > Borrow > Loans

🔍 Search

**Articles in this section** ⌄

# What is a Reverse Margin Call?

2 years ago · Updated

Follow

When your locked collateral has increased in value, you may ask that some of your collateral be released back to you. The process of releasing collateral back to you is called a reverse margin call.

We do reverse margin calls at the middle and end of each month.

When you request a reverse margin call, the lending team will add your loan to the queue for the next round of reverse margin calls.

Please note some guidelines:

1. When calculating how much collateral can be released, we use your collateral's ten-day low.
2. Borrowers are eligible for a reverse margin call only if their LTV as noted in the contract decreases at least 50%. (For example, a borrower started with a 50% LTV, but the value of the collateral has appreciated such that the current LTV is 25%.)
3. Reverse margin calls are unavailable for CEL backed loans.

The released collateral will be placed in your Celsius wallet.

To request a reverse margin call, contact loans@celsius.network.

  

Was this article helpful?

| Yes | No |
|-----|-----|

146 out of 169 found this helpful

Have more questions? **Submit a request**

Return to top ^

## Recently viewed articles

Margin Call FAQ

Custody FAQ

How do I apply for a USD loan?

## Related articles

Margin Call FAQ

Why does the interest rate vary on loans?

Can you sell my collateral to close my loan early?

How to close a loan via the Celsius app?

Can I have multiple loans?

*Some of Celsius' products and services are presently unavailable and, therefore, some content on this page may not be up to date at this time. As more fully explained in our Blog, Celsius and certain of its affiliates have filed voluntary petitions for Chapter 11 Bankruptcy relief to stabilize our business and implement a restructuring that aims to maximize value for all stakeholders. For general information, please visit this website.*

Powered by Zendesk

**From:** **Chris** shanksc@protonmail.com
**Subject:** Re: Reverse margin call
**Date:** November 8, 2021 at 10:45 PM
**To:** loans@celsius.network



To Whom It May Concern,

I've requested a reverse margin call on October 6th 2021 and have heard nothing back. It is now Nov 8th and this is my second reverse margin call request. Please let me know what I need to do to release excess Bitcoin collateral. Please and thank you.

------- Original Message -------
On Wednesday, October 6th, 2021 at 10:40 AM, Chris <shanksc@protonmail.com> wrote:

> To whom it May concern,
>
> I am looking to release excess collateral on my loan. Please and thank you.
>
> Sent from ProtonMail mobile

From:    **Celsius Network** zendesk@celsius.network
Subject: Ticket Received - Re: [Celsius] Action Required - Resolve Margin Call for Loan #45846 - (1012354)
Date:    June 13, 2022 at 6:15 PM
To:      Chris Shanks shanksc@protonmail.com



##- Please type your reply above this line -##

Dear Chris,

Thank you for emailing us at Celsius.

We have received your inquiry. Our aim is to get back to you as soon as possible – within 24 hours where possible.

Your inquiry has been assigned number: 1012354
Please use this conversation for any follow-up communication. Opening a new inquiry unfortunately won't help us answer you any quicker.

Important note: if you are contacting us from an email address not associated with your Celsius account, please switch to that email and contact us again. This allows our team to verify your identity when we reach your inquiry.

Do you want to receive live assistance? Call us at 1-866-HODL-NOW (1-866-463-5669).
Our Customer Care Center is available Monday – Friday, from 8AM – 11PM EST.

Did you know that our Help Center has more than 200 articles and Celsius tips and tricks? Click below to take a look around.
https://support.celsius.network/hc/en-us

We'll be back in touch shortly with a response to your inquiry.

Sincerely,
Celsius

This email is a service from Celsius Network. Delivered by **Zendesk**



**From:** **Chris Shanks** shanksc@protonmail.com
**Subject:** Re: [Celsius] Loan Closure and Liquidation: Confirmation - [June 15, 2022 9:32 AM]
**Date:** June 15, 2022 at 1:55 PM
**To:** Celsius app@celsius.network

---

I have responded to previous emails (see attachment), included support@celsius.com with inquiry id# 1012354 (received automated response. see attachment) yet still am being liquidated with no support responses?

Thanks,

Chris Shanks

On Jun 15, 2022, at 3:32 AM, Celsius <app@celsius.network> wrote:



# Loan Liquidation - Confirmation
# June 15, 2022 9:32 AM

**Dear Christopher Lee Shanks,**

Your active loan 45846 has reached its liquidation threshold. Because you have not resolved your outstanding margin call or responded to our previous communications, we have closed your loan and liquidated the amount of collateral needed to cover your principal loan amount and any outstanding interest due. The remaining collateral that was not liquidated has been unlocked and returned to your Celsius account. If you have any questions or require additional assistance, please respond to this email or reach out to our team directly at **loans@celsius.network**.

| | |
|---|---|
| **Collateral amount unlocked:** <br> *Amount user remain with after paying with collateral in coin* | $28,838.75 |
| **Collateral amount liquidated:** <br> *Total actual liquidation amount in coin, principal, interest. Liquidation cost* | $147,351.85 |
| **Operational cost:** <br> *Total actual operational cost payed* | $4,291.80 |

Please feel free to contact Celsius Loans Support if you have any questions.



**Celsius Network LLC**
121 River St, PH05
Hoboken, NJ 07030 USA

**Celsius EU UAB**
Gedimino pr. 20
Vilnius 01103, Lithuania

**Celsius Network Limited**
The Harley Building, 77-79
New Cavendish Street
London W1W 6XB, United
Kingdom

**Celsius Lending LLC**
121 River St, PH05
Hoboken, NJ 07030 USA

**© Celsius 2022**

From: "Celsius Network" <zendesk@celsius.network>
Subject: **Ticket Received - Re: [Celsius] Action Required - Resolve Margin Call for Loan #45846 - (1012354)**
Date: June 13, 2022 at 6:15:57 PM MDT
To: "Chris Shanks" <shanksc@protonmail.com>
Reply-To: "Celsius Network" <zendesk@celsius.network>

##- Please type your reply above this line -##

Dear Chris,

Thank you for emailing us at Celsius.

We have received your inquiry. Our aim is to get back to you as soon as possible – within 24 hours where possible.

Your inquiry has been assigned number: 1012354
Please use this conversation for any follow-up communication. Opening a new inquiry unfortunately won't help us answer you any quicker.

Important note: if you are contacting us from an email address not associated with your Celsius account, please switch to that email and contact us again. This allows our team to verify your identity when we reach your inquiry.

Do you want to receive live assistance? Call us at 1–866–HODL–NOW (1–866–463–5669).
Our Customer Care Center is available Monday – Friday, from 8AM – 11PM EST.

Did you know that our Help Center has more than 200 articles and Celsius tips and tricks? Click below to take a look around.
https://support.celsius.network/hc/en-us

We'll be back in touch shortly with a response to your inquiry.

Sincerely,
Celsius

This email is a service from Celsius Network. Delivered by Zendesk

[WPPSW-CYB22]

From: "Chris" <shanksc@protonmail.com>
Subject: **Re: [Celsius] Action Required - Resolve Margin Call for Loan #45846**
Date: June 13, 2022 at 6:15:35 PM MDT
To: <app@celsius.network>
Cc: "support" <support@celsius.com>
Reply-To: "Chris" <shanksc@protonmail.com>

To Whom it may concern,

How can I make a payment if accounts are frozen? In good faith, I have been attempting to make the margin call but cannot do so because of freezing the accounts.

-------- Original Message --------
On Jun 13, 2022, 17:13, Celsius < app@celsius.network> wrote:



# Action Required - Resolve Margin Call for Loan #45846

Dear Christopher Lee Shanks,

The LTV for your active loan #45846 has reached 65.00% and a margin call has been issued. Your current LTV is 72.42%, to keep your loan active and avoid liquidation, you must resolve the margin call by adding enough collateral to rebalance the LTV back to the contracted rate of 50.00%.

Below is an overview of your loan details and the amount of crypto you need to add to resolve the margin call:

| | |
|---|---|
| **Due Date:** | June 14, 2022 3:12 AM (UTC) |
| **Collateral Amount Due:** | 3.89600714 BTC |

*\* The amount is an estimate and may fluctuate based on the actual value at the time the digital currency is locked.*

| | |
|---|---|
| **Loan Number:** | 45846 |
| **Loan Amount:** | 142,000 USD |
| **APR:** | 8.95% |
| **Origination Date:** | May 25, 2021 9:06 AM |
| **Maturity Date:** | May 25, 2024 12:00 AM |
| **Current Collateral Balance:** | 8.70722001 BTC |

| | |
|---|---|
| **Contract LTV:** | 50.00% |
| **Current LTV:** | 72.42% |
| **Margin Call LTV trigger:** | 65.00% |
| **Liquidation LTV trigger:** | 80.00% |

According to the loan Terms and Agreement, if a margin call is not re-solved within 24 hours and/or if your loan LTV reaches 80.00% or more, Celsius may have to liquidate your collateral to cover the principal loan amount. There is a 3% operational charge for the liquidation of collateral.

If you have any questions or require additional assistance, please contact loans@celsius.network.

Additional Margin Call Resources:
Margin Call Management
Margin Call FAQs
Tutorial - How To Resolve a Margin Call

**Celsius Network LLC**
121 River St, PH05
Hoboken, NJ 07030 USA

**Celsius EU UAB**
Gedimino pr. 20
Vilnius 01103, Lithuania

**Celsius Network Limited**
The Harley Building, 77-79
New Cavendish Street
London W1W 6XB, United
Kingdom

**Celsius Lending LLC**
121 River St, PH05
Hoboken, NJ 07030 USA

© Celsius 2022

| Internal id | Date and time | Transaction type |
|---|---|---|
| af7f06e4-f218-487e-9fd2-3f4328a1b346 | 7/8/22 5:00 | Reward |
| 86555a95-d1c0-43e9-bbca-657ff3fe4a7d | 7/8/22 5:00 | Reward |
| e627b39d-d5b7-4d7c-b724-8855d745bc85 | 7/8/22 5:00 | Reward |
| 06686df7-bbe6-462d-8a24-195c455cdb37 | 7/8/22 5:00 | Reward |
| 125da4e7-c8bf-444a-8285-cbe98345ef9d | 7/8/22 5:00 | Reward |
| 45e208da-4352-4b5a-ac62-39cfd1a3b418 | 7/1/22 5:00 | Reward |
| c734e91e-62d3-420d-9e3b-8ac3c8d13b31 | 7/1/22 5:00 | Reward |
| ed2545f6-c1c1-4710-9de9-ed5233cb1f05 | 7/1/22 5:00 | Reward |
| 58e28f3d-8ebf-41bc-ab68-dafd7aaa476e | 7/1/22 5:00 | Reward |
| 7f12ac64-df13-48c9-b116-dc20cbc1e2c9 | 7/1/22 5:00 | Reward |
| 512903f8-b096-444e-9136-d0a82117400b | 6/24/22 5:00 | Reward |
| 6b7bd8ac-eaf4-48e8-beec-cfa3389c8ae6 | 6/24/22 5:00 | Reward |
| 6adaf8ba-411d-4f02-90c8-82817d48015a | 6/24/22 5:00 | Reward |
| 5b39d5b6-5877-494d-88ff-c995d17a34d5 | 6/24/22 5:00 | Reward |
| 5eef91c8-47e3-4eb8-97c6-197e96c36900 | 6/24/22 5:00 | Reward |
| 4a3ffe95-08b7-4443-be2b-ddd27fedf65e | 6/17/22 5:00 | Reward |
| 8f999b3d-3610-4ddc-b2e2-534e4a52d892 | 6/17/22 5:00 | Reward |
| 19316d2e-a5a4-4109-851a-2dc35d673e21 | 6/17/22 5:00 | Reward |
| 84b3a646-9cbb-48d7-b7e5-f937df820173 | 6/17/22 5:00 | Reward |
| 2d879187-f818-40dd-8c2a-d016681fea50 | 6/17/22 5:00 | Reward |
| 926df2dc-5d0c-477d-8a27-bc9000e0f826 | 6/15/22 9:32 | Operation cost |
| 17123a56-e9f9-4e17-bf6f-9a6bb80d1d9b | 6/15/22 9:32 | Loan Interest Liquidation |
| 69e673d8-968b-4252-afb5-aaa708352221 | 6/15/22 9:32 | Loan Principal Liquidation |
| a34ff292-730b-484d-b9f1-71a6fbe9a530 | 6/15/22 9:32 | Collateral |

| Coin type | Coin amount | USD Value | Original Rewa | Reward Amou | Confirmed |
|---|---|---|---|---|---|
| MCDAI | 0.0060495 | 0.0060495 | MCDAI | | Yes |
| CEL | 0.67397724 | 0.49059091 | CEL | | Yes |
| LTC | 1.8574E-06 | 9.9289E-05 | LTC | | Yes |
| BTC | 0.00075422 | 16.6133536 | BTC | | Yes |
| ETH | 4.73E-07 | 0.00059343 | ETH | | Yes |
| MCDAI | 0.00604427 | 0.00604427 | MCDAI | | Yes |
| CEL | 0.67326798 | 0.42556192 | CEL | | Yes |
| BTC | 0.00075387 | 14.6596357 | BTC | | Yes |
| LTC | 1.8568E-06 | 9.7907E-05 | LTC | | Yes |
| ETH | 4.72E-07 | 0.00049602 | ETH | | Yes |
| ETH | 4.72E-07 | 0.00054214 | ETH | | Yes |
| CEL | 0.67255946 | 0.69554854 | CEL | | Yes |
| BTC | 0.00075351 | 15.862849 | BTC | | Yes |
| MCDAI | 0.00603905 | 0.00603905 | MCDAI | | Yes |
| LTC | 1.8562E-06 | 0.00010356 | LTC | | Yes |
| CEL | 0.67185169 | 0.37388412 | CEL | | Yes |
| MCDAI | 0.00603383 | 0.00603383 | MCDAI | | Yes |
| BTC | 0.00020016 | 4.11948182 | BTC | | Yes |
| ETH | 4.71E-07 | 0.00051395 | ETH | | Yes |
| LTC | 1.8555E-06 | 8.5689E-05 | LTC | | Yes |
| BTC | -0.21209792 | -4291.8015 | | | Yes |
| BTC | -0.05238695 | -1060.05 | | | Yes |
| BTC | -7.01754386 | -142000 | | | Yes |
| BTC | 8.70722001 | 176190.597 | | | Yes |

**From:** **Chris Shanks** shanksc@protonmail.com
**Subject:** Re: Re: [Celsius Network] Request to withdraw my funds
**Date:** July 11, 2022 at 8:55 PM
**To:** Celsius Network zendesk@celsius.network

CS

Hi,

I am not asking anyone to make any commitments about withdrawals. I am requesting, by demand, to manually withdraw all of my property from the Celsius platform. I did not give authorization to freeze my property from withdrawal. From the canned responses, it sounds like it is in danger by staying on your platform and is not safe. Please escalate this to your manager.

Thanks,

Chris Shanks

On Jul 11, 2022, at 8:40 PM, Celsius Network <zendesk@celsius.network> wrote:

##- Please type your reply above this line -##

Your request (#1038793) has been updated. To add additional comments, reply to this email.



### Customer Care Expert (Celsius Network)
Jul 12, 2022, 02:40 UTC

Hello Chris,

Thank you for your prompt response.

We are unable to make any commitments about withdrawals at this time. Our team is working diligently around the clock. We will continue to share information with the community as and when appropriate. More information is available through our official channels (app notifications, website and blog) and you can also subscribe to our newsletter through the Celsius website.

For additional assistance, please reply to this email or simply call us at 1-866-HODL-NOW (1-866-463-5669). We are looking forward to your call!

Best regards and HODL on!

Read our FAQs and learn more from our Help Center
https://support.celsius.network/hc/en-us



### Chris Shanks



Jul 12, 2022, 02:35 UTC

Hello,

The in-house issues and mismanagement of the company's finances are not of my concern nor problems that I am required or agreed to help resolve. I am requesting to manually withdraw all of my property (crypto) from your platform.

Thanks,

Chris Shanks

> On Jul 11, 2022, at 8:13 PM, Celsius Network
> <zendesk@celsius.network> wrote:
>
> Celsius recently ann

Reminder: Be aware of phishing sites and always make sure you are visiting the official https://celsius.network website and app. Celsius will never ask you for confidential information such as passwords, private keys, seed phrases, or secret codes. You should store this information privately and securely and report any suspicious activity.

©2022 Celsius Network

121 River Street,  Ste PH05
Hoboken, NJ 07030 USA
Registered as a Money Services Business (MSB) number 31000192265811 with the US Financial Crimes Enforcement Network (FinCEN).

Celsius is not a bank, depository institution, custodian or fiduciary and the assets in your Celsius account are not insured by any private or governmental insurance plan (including FDIC or SIPC), nor are they covered by any compensation scheme (including FSCS).

Holding, trading or using crypto assets carry significant risks, please carefully read our Risk Disclosure page. Celsius does not provide any financial, legal or tax advice, nor should this email be viewed as an offer or inducement to make any financial decision.



**Customer Care Expert** (Celsius Network)

Jul 12, 2022, 02:13 UTC

Hello Chris,

Thank you for connecting with Celsius, we greatly appreciate your patience while we review your important request.

We understand you are inquiring on withdrawing your crypto at this time and would gladly advise you on this.

Celsius recently announced to the community that we are pausing all withdrawals, Swap, and transfers between accounts. This necessary action has been taken to stabilize liquidity and operations. More information is available in a blog posted at blog.celsius.network..

Best regards and HODL on!

Read our FAQs and learn more from our Help Center
https://support.celsius.network/hc/en-us



**Chris Shanks**

Jul 12, 2022, 01:27 UTC

To Whom It May Concern,

I am requesting to manually withdraw all of my crypto funds. I cannot seem to do so from the app.

Thanks,

Chris Shanks

Reminder: Be aware of phishing sites and always make sure you are visiting the official https://celsius.network website and app. Celsius will never ask you for confidential information such as passwords, private keys, seed phrases, or secret codes. You should store this information privately and securely and report any suspicious activity.

©2022 Celsius Network

121 River Street,  Ste PH05
Hoboken, NJ 07030 USA
Registered as a Money Services Business (MSB) number 31000192265811 with the US Financial Crimes Enforcement Network (FinCEN).

Celsius is not a bank, depository institution, custodian or fiduciary and the assets in your Celsius account are not insured by any private or governmental insurance plan (including FDIC or SIPC), nor are they covered by any compensation scheme (including FSCS).


Holding, trading or using crypto assets carry significant risks, please carefully read our Risk Disclosure page. Celsius does not provide any financial, legal or tax advice, nor should this email be viewed as an offer or inducement to make any financial decision.

This email is a service from Celsius Network. Delivered by Zendesk

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

Case Name: CELSIUS CHAPTER 11

Case No. 22-10964

### IN FORMA PAUPERIS

I, Christopher Lee Shanks, hereby apply to the court for permission to waive the filing
fee without prepayment of costs or security thereof. In support of this application, I
declare that:

1. I am unable to pay the costs of this lawsuit and I am unable to give security
   thereof.
2. I am a citizen of the United States, and a Coloradan.
3. I am unable to pay the costs of this lawsuit because I am a father of two as well as
   a husband. My wife works once a week and I am the main source of financial
   stability. This fee would cause undo hardship that I have already incurred due to
   the actions of the defendant.
4. I certify that I am the party filing this lawsuit and that the facts stated herein are
   true and correct to the best of my knowledge and belief.

Wherefore, it is respectfully requested that this Court waive the filing fee in this case.

/s/ Christopher Lee Shanks
Signature of filer Date: February 9th 2023

Name of Filer: Christopher Lee Shanks
Telephone: 4696195685
E-mail: shanksc@protonmail.com
Address: 308 Main street, #621,
City: Canon City,
State: Colorado
Zip code: 81212