WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE, REGION 2
U.S. Department of Justice
Office of the United States Trustee
One Bowling Green
New York, New York 10004
Telephone: (212) 510–0500
By:    Shara Cornell, Esq.
        Trial Attorney

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | Jointly Administered |

**UNITED STATES TRUSTEE'S MOTION FOR ORDER TO SHOW CAUSE
WHY THE DEBTORS SHOULD NOT RETAIN WILLIS TOWERS WATSON**

TO:    THE HONORABLE MARTIN GLENN,
        CHIEF UNITED STATES BANKRUPTCY JUDGE:

William K. Harrington, the United States Trustee for Region 2 ("United States Trustee"), hereby respectfully moves the Court ("Motion") for an order to show cause why Willis Towers Watson ("WTW") should not be retained by Celsius Network LLC and its affiliated debtors ("Debtors") under 11 U.S.C. §§ 327 and/or 328 in their jointly administered bankruptcy cases. In support thereof, the United States Trustee states:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

## FACTS

1. On July 13, 2022 ("Petition Date"), the Debtors filed voluntary petitions for relief in this Court under chapter 11 of the Bankruptcy Code. ECF Doc. No. 1.

2. On October 11, 2022, the Debtors filed their Motion for Entry of Order (I) Approving the Debtors' Key Employee Retention Plan and (II) Granting Related Relief ("Bonus Motion"). ECF Doc. No. 1021. In tandem, the Debtors filed the Declaration of Josephine Gartrell in Support of the Bonus Motion ("Gartrell Declaration"). ECF Doc. No. 1023. Ms. Gartrell is a Senior Director at WTW. *Id.*, ¶ 1, at 1.

3. The Gartrell Declaration states that the Debtors "engaged WTW to provide certain compensation consulting services." *Id.*

4. The Gartrell Declaration describes WTW as:

> an international professional services firm offering a wide variety of services to public and private clients, including expert analysis of executive and management compensation. WTW designs and delivers solutions that manage risk, optimize benefits, cultivate talent, and expand the power of capital to protect and strengthen institutions and individuals. WTW focuses on two key business segments: health, wealth, and career & risk and broking.

Gartrell Declaration at ¶ 5, at 3.

5. The Gartrell Declaration does not state when WTW was engaged or how fees are calculated. *See* Declaration of Shara Cornell ("Cornell Decl.") at ¶ 5.

6. The Gartrell Declaration does not attach its engagement letter with the Debtors. *Id.*

7. The Gartrell Declaration does not state the scope of services provided by WTW. *Id.*

8. The Gartrell Declaration does not state that any conflict checks were performed. *Id*.

9. Bank statements provided to the United States Trustee in support of the Debtors' monthly operating reports reflect that the Debtors have made at least five (5) unauthorized post-petition payments totaling $375,000 to WTW, as follows:

| Date of Payment | Payment Amount |
| --- | --- |
| August 9, 2022 | $ 75,000 |
| August 18, 2022 | $ 75,000 |
| September 27, 2022 | $ 75,000 |
| October 3, 2022 | $ 75,000 |
| October 28, 2022 | $ 75,000 |
| Total | **$375,000** |

Cornell Decl. at ¶ 6.

10. On November 17, 2022, the United States Trustee filed his Application for an Order Authorizing the United States Trustee to Conduct a 2004 Examination of WTW ("Rule 2004 Application"). ECF Dkt. No. 1392.

11. In response to the Rule 2004 Application, WTW provided the United States Trustee with certain documents relating to its engagement with the Debtors.

12. One of those documents was WTW's engagement letter with the Debtors, which was signed by Ms. Gartrell on behalf of WTW on July 3, 2022 ("Engagement Letter"). Cornell Decl. at ¶ 7. The Debtors counter-signed, and "accepted and agreed" to the terms of, the Engagement Letter on July 5, 2022, just six days prior to the Petition Date. *Id*.

13. The Engagement Letter stated that WTW would "serve as a restructuring advisor to Celsius Network Limited." Cornell Decl. at ¶ 7.

14. In addition to the Engagement Letter, the Debtors also provided the United States Trustee with copies of seven (7) invoices issued by WTW to the Debtors after the Petition Date. Each invoice is in the sum of $75,000, totaling invoices to the bankruptcy estates of $525,000. Cornell Decl. at ¶ 8.

15. To date, despite engaging WTW as their "restructuring advisor" over six months ago, and despite receiving invoices of at least $525,000 from WTW and paying at least $375,000 post-petition, the Debtors have not filed an application in this Court to retain WTW in these cases pursuant to 11 U.S.C. §§ 327, 328 or other Bankruptcy Code provision. Cornell Decl. at ¶ 3.

16. No application for similar relief has been made.

## ARGUMENT

17. By this Motion, the United States Trustee requests that the Court enter an order to show cause why WTW should not be retained by the Debtors pursuant to 11 U.S.C. §§ 327 and/or 328.

18. Section 327(a) of the Bankruptcy Code empowers the trustee, with the Court's approval, to employ professionals "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." 11 U.S.C. § 327(a).

19. Section 328(a) of the Bankruptcy Code authorizes the employment of a professional person "on any reasonable terms and conditions of employment, including on a retainer." 11 U.S.C. § 328(a).

4

20.  A "chapter 11 debtor in possession and its professionals owe fiduciary duties – such as the classic duties of care and loyalty – to the estate." *In re Easterday Ranches, Inc.*, 647 B.R. 236, 247 (Bankr. E.D. Wash. 2022).

21.  Therefore, it is important that the Debtors demonstrate for the record why they should not publicly retain WTW under the applicable statutes, and even more so in light of the fact that these are cases where there is a lot of interests among the constituents, why they have delayed so long in doing so.

## CONCLUSION

**WHEREFORE,** the United States Trustee respectfully requests that the Court order the Debtors to appear and show cause why WTW should not be retained by the Debtors.

Dated: New York, New York
February 13, 2023

Respectfully submitted,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE, Region 2

By: */s/ Shara Cornell*
Shara Cornell, Esq.
Trial Attorney
One Bowling Green
New York, New York 10004
Tel. (212) 510-0500