Karen Cordry
D.C. Bar No. 278051
Bankruptcy Counsel,
National Association of Attorneys General
1850 M St., NW, 12th Floor
Washington, DC 20036
Telephone: (301) 933-3640
kcordry@naag.org

ATTORNEY FOR THE STATES OF ALABAMA, ARKANSAS, ARIZONA
DISTRICT OF COLUMBIA, HAWAII, IDAHO, MAINE, NORTH CAROLINA,
NORTH DAKOTA, OKLAHOMA, AND THE CALIFORNIA DFPI

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            : CHAPTER 11
In re:                                                      :
                                                            : Case No. 22-10964
CELSIUS NETWORK LLC, *et al.*,[1]                           :
                                                            :
                                                            : (Joint Administration Requested)
        Debtors.[2]                                         :
------------------------------------------------------------x

**STATEMENT OF UNDERSIGNED STATES WITH RSPECT TO MOTIONS FOR
EXTENSION AND/OR MODIFICATION OF EXCLUSIVITY
<u>ORDER AND APPOINTMENT OF TRUSTEE</u>**

In the last few weeks, there have been a substantial number of pleadings and factual developments taking place in this case. Rather than trying to take a position with respect to each filing, the undersigned states ("the States") submit the following views with respect to the current posture of this case and what steps should be taken going forward.[2] In that regard, the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030. They are collectively referred to below as "the Debtors."

[2] The Undersigned States are those represented by Ms. Cordry listed above as well as the States of Tennessee, Vermont, and Wisconsin, whose signature blocks are appended at the end and who have agreed to this joint filing.

States believe certain points are not in significant dispute and their positions are taken based on the assumptions below.

1.      Despite having been pending since early July, the case is not yet in a position to move towards presentation of a plan for approval by the creditors.   The Debtors have asked for another six week extension of exclusivity and then an additional three months of time to carry out its solicitation of votes, meaning that a confirmation hearing would not take place until mid-summer or later.

2.      This is a case that has been bleeding funds, both operationally and for the costs of professionals.  Although the Debtor's latest filings indicate a variety of measures they are taking to try to ensure continued solvency, it is far from clear that it can do so during the extended period being proposed for the current plan process.

3.      The filings last week by the Unsecured Creditors' Committee ("the UCC") indicate that there is a possible reorganization scenario being worked on with an outside party but there is not yet any actual agreement with that outside party and no assurance that one will be reached.  Those pleadings further indicate that the UCC is unwilling to extend the discussions past the hearing this week, at least not without being given the option to propose their own process of orderly liquidation.

4.      There are also a substantial number of filings by individual creditors and "Ad Hoc" creditor committees that are dissatisfied with the pace and direction of the case and also appear to support an orderly liquidation process.  As part of that dissatisfaction, there has been a creditor-filed motion for appointment of a trustee, following the submission at the end of January of the devastating report of the Examiner, Ms. Pillay.  (Dkt. No. 1956).

5.      A major part of that report focuses on the numerous examples of misconduct and self-dealing by the Debtors' former president, Mr. Mashinsky but, to date, Debtors' current management has not yet initiated any action against Mr. Mashinsky.  The Debtors assert that they are in the process of "finalizing a stipulation with the Committee that would assign estate claims against former management to a litigation trust which would pursue these claims for the benefit of the customers."  (Dkt. No. 2035, par. 14.)  That is welcome news but it does little to mitigate the concern with the amount of time it has taken to this point to be ready to move forward, particularly in light of the issues concerning Mr. Mashinsky that have been apparent from the opening days of the case.

6.      The Debtors also point to the fact that there is now a Special Committee of directors that took over operational and strategic decision-making from Mr. Mashinsky and is assertedly free from the allegations of misconduct against prior him and other parts of prior management. (Dkt. No. 2035, pars. 1, 11).  What the Debtors do not mention is that the Special Committee members, Mr. Barse and Mr. Carr, were appointed just days prior to the bankruptcy filing – presumably at Mr. Mashinsky's direction – as he was still in control of the company at that point.  (See attached news article reporting on the appointments.  (Exhibit 1))  This point was not addressed in the Examiner's report, but we expect confirmation of that information and those directors connections with Mr. Mashinsky can be determined with minimal discovery.  Those facts and the degree of their actual independence in light thereof are plainly relevant to the question of whether a trustee should, or indeed must, be appointed at this time.

7.      While there might be valid concerns, in terms of cost and delay, in bringing in a trustee if a plan proposal is imminent, it is still not clear if there is any plan truly on the horizon.  The States expect that this week's hearing will bring substantial clarity on that point particularly

in light of the UCC's designation of that date as a cut-off point for its support of any such proposal  As such, and because we believe issues regarding a trustee may need more development and limited discovery, the States would suggest the February 15th hearing should be a status conference on that motion that could be used to set a short timetable for any discovery and further briefing of the motion on the merits, if necessary.

8.      With respect to exclusivity, we believe any extension should depend on whether at this week's hearing, the Debtors can put plan terms on the table that are: a) agreed to by the sponsoring parties (including the third-party who is being negotiated with currently); b) likely to be confirmable (including likely to garner the necessary creditor support); c) regulatorily compliant; and d) feasible to move forward with in light of the Debtor's limited solvency period. If those basic criteria cannot be met, we do not believe that exclusivity should be extended and that, instead, the parties should be looking towards moving this case into a posture of orderly liquidation.  If any extension is granted (either to the Debtors or also to the UCC to submit its own plan), it should be expressly directed towards moving forward with that goal of liquidation under current management or a trustee as the court determines on that issue in the subsequent hearing discussed above.

Dated: December 16, 2022      Respectfully submitted,

ATTORNEY FOR THE STATES OF ALABAMA,
ARKANSAS, DISTRICT OF COLUMBIA, HAWAII, MAINE,
NEW YORK, NORTH CAROLINA, NORTH DAKOTA,
OKLAHOMA,  AND THE CALIFORNIA DFPI

/s/ Karen Cordry

Karen Cordry
Bankruptcy Counsel
National Association of Attorneys General
1850 M St., NW, 12th Floor
Washington, DC

Phone: 301-933-3640
kcordry@naag.org

JONATHAN SKRMETTI
Tennessee Attorney General and Reporter

Electronically signed by:
s/Marvin E. Clements, Jr.
MARVIN E. CLEMENTS, JR., (TN BPR 016031)
Senior Assistant Attorney General
Tennessee Attorney General's Office
Bankruptcy Division
P.O. Box 20707
Nashville, TN 37202
(615) 741-1935
(615) 741-3334 (FAX)
Mavin.clements@ag.tn.gov


VERMONT DEPARTMENT OF FINANCIAL REGULATION

Electronically signed by:
s/Jennifer Rood
JENNIFER ROOD
Assistant General Counsel
Vermont Department of Financial Regulation
89 Main Street, Third Floor
Montpelier, VT 05620
(802)828-5672
Jennifer.rood@vermont.gov

JOSHUA L. KAUL
Attorney General of Wisconsin

Electronically signed by:
s/Michael D. Morris
MICHAEL D. MORRIS
Assistant Attorney General, State Bar #1112934

Attorneys for Wisconsin Department of Financial Institutions
Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-3936
(608) 294-2907 (Fax)
morrismd@doj.state.wi.us

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served via the Court's Electronic Filing System on all parties requesting notice in this proceeding on December 16, 2022.

/s/   Karen Cordry
Karen Cordry,
Bankruptcy Counsel
National Association of Attorneys General

EXHIBIT 1

[https://blockworks.co/news/celsius-reorganizes-board-of-directors-amid-liquidity-issues]

# Celsius Reorganizes Board of Directors Amid Liquidity Issues

Crypto lender adds David Barse and Alan Jeffrey Carr, terminates three others

BY BEN STRACK/
JULY 6, 2022 01:27 PM



Crypto lender Celsius Network has reorganized its board of directors as it works to stabilize its liquidity and operations amid the ongoing crypto bear market.

Finance executives David Barse and Alan Jeffrey Carr were appointed as directors on June 28 and June 29, respectively, according to a Wednesday filing.

Barse is the founder and CEO of index company XOUT Capital and founder of private family office DMB Holdings. Carr is the CEO of Drivetrain, a fiduciary services firm that leads complex restructurings and litigations and manages portfolios in distressed investments.

The executives are now directors alongside Celsius CEO Alex Mashinsky and Shlomi Daniel Leon, Celsius's co-founder and chief strategy officer.

Barse and Carr did not immediately respond to requests for comment.

[Emphasis added below.]

**The Wednesday filing also revealed that Celsius Network terminated Gilbert Nathan, John Stephen Dubel and Laurence Anthony Tosi as directors at the end of last month.**

**Dubel's termination follows his appointment just one week earlier, the filing indicates. Dubel is the founder of Dubel & Associates, a provider of restructuring services to underperforming companies. He was [named the chief restructuring officer](#) of SunEdison in 2016.**

**Tosi is the founder of growth equity firm WestCap. He was previously the chief financial officer of Airbnb and The Blackstone Group, as well as the chief operating officer and a managing partner at Merrill Lynch.**

**It appears that [Nathan](#) is a managing member of consulting and advisory firm Jackson Square Advisors.**

Celsius did not immediately return Blockworks' request for comment.

The director changes come after Celsius [paused](#) withdrawals and transfers on its platform on June 12. The platform's native token, CEL, had sunk more than 60% — from $2 to $0.77 — throughout May, as markets reeled from the collapse of algorithmic stablecoin TerraUSD (UST).

CEL reached a two-year low of $0.28 after it suspended withdrawals but has since rebounded almost 200% to $0.836 as of 1:00 pm ET.

 In a [blog post](#) on June 30, the firm said it was working to stabilize liquidity and operations.

"We continue to take important steps to preserve and protect assets and explore options available to us," the company wrote in the post. "These options include pursuing strategic transactions as well as a restructuring of our liabilities, among other avenues."