Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:      (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois  60654
Telephone:     (312) 862-2000
Facsimile:      (312) 862-2200

*Counsel to the Debtors and Debtors in Possession*

*Proposed Counsel to the GK8 Debtors and Debtors in Possession*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**DECLARATION OF ALAN CARR,
DIRECTOR OF CELSIUS NETWORK LIMITED, IN SUPPORT
OF (I) THE DEBTORS' SECOND EXCLUSIVITY EXTENSION AND (II) THE
DEBTORS' OBJECTION TO THE MOTION TO APPOINT A CHAPTER 11 TRUSTEE**

I, Alan Carr, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1.  I am a member of the Board of Directors of Celsius Network Limited (the "Board"), and a member of the special committee (the "Special Committee") appointed by the Board. Celsius

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

Network LLC, along with certain of its subsidiaries and affiliates, are debtors and debtors in possession in the jointly administered chapter 11 cases of *In re Celsius Network LLC, et al.*, No. 22-10964 (MG) (collectively, the "Debtors").

2. I am familiar with the *Debtors' Objection to Immanuel Herrmann and Daniel A. Frishberg's Motion to Appoint a Chapter 11 Trustee* (the "Objection") and the *Debtors' Second Motion for Entry of an Order (I) Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code and (II) Granting Related Relief* [Docket No. 1940] (the "Second Exclusivity Motion")[2] and submit this declaration (this "Declaration") in support of thereof. In addition, as a member of the Special Committee, I am personally familiar with the Debtors' day-to-day operations, financial affairs, and restructuring efforts. Unless otherwise indicated, the statements set forth in this Declaration are based upon (a) my personal knowledge of the Debtors' business and operations, (b) my personal knowledge of the actions taken by the Special Committee, or (c) information learned from my review of relevant documents. If I were called upon to testify, I could and would competently testify to the facts set forth herein.

### Professional Background and Experience

3. I am the managing member and chief executive officer of Drivetrain, LLC ("Drivetrain"). I was a founding partner of Drivetrain when it was formed in 2013 to provide experienced professionals to act in a fiduciary capacity (*e.g.*, liquidation or litigation trustee, independent examiner, plan administrator), to serve on boards of directors as independent directors, and to act in a representative capacity on creditors' committees or on boards of directors

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection or the Second Exclusivity Motion, as applicable.

2

as observers. Drivetrain is comprised of former lawyers and investment professionals with extensive experience in building businesses, leading complex restructurings and litigations, managing distressed portfolios, and maximizing value for stakeholders.

4. I am a 1992 graduate of Brandeis University and a 1995 graduate of Tulane Law School. I practiced as a corporate restructuring attorney for eight years (1995-2003), first with Ravin, Sarasohn, Baumgarten, Fisch and Rosen and then with Skadden, Arps, Slate, Meagher & Flom. In 2003, I joined Strategic Value Partners, a distressed investment fund, where I was a managing director until 2013 when I founded Drivetrain.

5. My experience serving as an independent director includes serving on the boards of directors/managers of: (a) LightSquared, Inc. & LightSquared, L.P.; (b) Midstates Petroleum Company, Inc.; (c) FR AFG Holdings, Inc. (AF Global); (d) Sherwin Alumina Company LLC; (e) New Page Corporation; (f) American Gilsonite Company; (g) UCI Holdings Limited; (h) Fieldwood Energy LLC; (i) Sears Holdings Corp; (j) Ruby Pipeline, LLC; and (k) Toys "R" Us-Delaware, Inc.

6. Based upon my experience as a corporate restructuring lawyer, investor and independent fiduciary in distressed situations, I have deep experience with, understanding of, and appreciation for the complexity and nuances inherent in restructuring issues related to, among others: (a) a company's operating liquidity and cash flow; (b) enterprise and asset valuation; (c) loan documents, security interests and creditor rights; (d) fiduciary duties of directors and officers; and (e) the statutory provisions and applicable case law of the Bankruptcy Code. I also have a deep practical understanding of the impact of financial distress and chapter 11 on operating businesses as well as on their employees, vendors and customers.

**Appointment and Authority of the Special Committee**

7. On June 30, 2022, I was appointed to the Board as a disinterested director. I was appointed as director by certain Series B Preferred Holders.[3] Around the same time, the Board reconstituted the Special Committee and appointed David Barse and myself as the sole members thereof. Neither Mr. Barse nor I directly hold any interest in or any claims against the Debtors. As disclosed in the Debtors' schedules and statements [Case No. 22-10966, Docket No. 6], the David M. Barse 2012 Trust owns 49 shares, or approximately 0.03%, of series B preferred equity in Debtor Celsius Network Limited.

8. The Special Committee's responsibilities are defined in the *Charter of the Special Committee of the Board of Directors of Celsius Network Limited*, dated August 2, 2022 (the "Charter"), and include reviewing, negotiating, analyzing, and approving any potential transactions to address the Debtors' liabilities in light of prevailing industry conditions and the Company's liquidity demands and operational results. In addition, the Board delegated to the Special Committee the responsibility and authority to authorize the Debtors to initiate these chapter 11 cases.

9. The Board also delegated to the Special Committee the authority to take all action with respect to the development and implementation of the Company's operational and financial restructuring. As a result, the Special Committee has, in effect, a grant of near total authority to to take all necessary actions for the duration of the Debtors' chapter 11 cases. The Special Committee continues to independently review, evaluate, and negotiate potential transactions with parties in interest and has the sole authority to approve and authorize such a transaction.

---

[3] Collectively, WestCap SOF II Celsius 2021 Aggregator, LP, WestCap Celsius Co-Invest 2021, LLC, and WestCap SOF II IEW 2021 Co-Invest, LP.

10. The Special Committee also has the authority to review, evaluate, negotiate, approve, and authorize any other matter in which the Special Committee determined there was an actual or perceived conflict of interest between interested members of the Board and the Debtors.

11. The Special Committee was delegated further authority to investigate credible allegations of misconduct by the Company or its current or former employees, officers, and directors, and implement any necessary remedies, including disciplinary action, in connection with any such investigation. The Special Committee's investigation is ongoing.

12. As part of this mandate, the Board irrevocably delegated to the Special Committee the authority to (a) terminate any officer or employee of Celsius Network Limited and its direct and indirect subsidiaries and (b) remove and appoint any director of direct and indirect subsidiaries of Celsius Network Limited.

13. Prior to the Debtors filing their schedules and statements in these chapter 11 cases, the Debtors' advisors informed the Special Committee that Mr. Mashinsky and Mr. Leon initiated several million dollars in withdrawals from the Debtors' retail platform in the ninety days before the Petition Date. The Special Committee met numerous times with the Debtors' advisors to discuss this information and conduct further analysis. At the direction of the Special Committee, the Debtors' advisors shared this information with the official committee of unsecured creditors.

14. On or around September 23, 2022, the Special Committee resolved that Mr. Mashinsky and Mr. Leon be terminated if they did not immediately resign from their positions with Celsius Network Limited and its subsidiary entities. On September 27, 2022, Mr. Mashinsky resigned as Chief Executive Officer of Celsius Network Limited and from all other positions at the Company except for his directorship on the Board. While the Special Committee meets on a very regular basis, the Board has not met since Mr. Mashinsky's termination and given the broad

delegation of authority to the Special Committee, I do not expect the Board will meet again. In any event, Mr. Mashinsky has had no involvement with or influence over the Debtors' governance since his termination. I would not condone any effort by Mr. Mashinsky to influence the Debtors' governance in any way and would act within my power to stop any effort by Mr. Mashinsky to exert such influence. On October 2, 2022, Mr. Leon resigned as Chief Strategy Officer of Celsius Network Limited and from all other positions at the Company.

15. The Special Committee further resolved that Chris Ferraro be appointed Chief Restructuring Officer and interim Chief Executive Officer of Celsius Network Limited and its direct and indirect subsidiaries. Mr. Ferraro reports directly to the Special Committee.

## Administration of These Chapter 11 Cases

16. Pursuant to the Charter, the Special Committee, in consultation with the Debtors' advisors, has advised on and directed the Debtors' restructuring efforts since the Petition Date. Among other things, the Special Committee has:

- authorized the Debtors to file the *Debtors' Motion Seeking Entry of an Order (I) Approving the Bidding Procedures in Connection With The Sale of Substantially All of the Debtors' Assets, (II) Scheduling Certain Dates With Respect Thereto (III) Approving the Form and Manner of Notice Thereof, (IV) Approving Contract Assumption and Assignment Procedures, and (V) Granting Related Relief* [Docket No. 929];

- authorized the filing of the *Debtors' Motion Seeking Entry of an Order (I) Setting a Briefing Schedule and (II) Granting Related Relief* [Docket No. 1338] resulting in litigation with the Series B Preferred Equity Holders regarding the presence of account-holder claims at each Debtor entity;

- authorized the scheduling of account holder claims at each Debtor entity;

- authorized the Debtors to file the *Debtors' Motion Seeking Entry of (I) An Order (A) Approving Bidding Procedures for the Potential Sale of Certain of the Debtors' Assets, (B) Scheduling Certain Dates With Respect Thereto, (C) Approving the Form and Manner of Notice Thereof, (D) Approving Bid Protections, (E) Approving Contract Assumption and Assignment Procedures, (II) an Order Authorizing the Debtors to Enter Into a Definitive Purchase Agreement, and (III) Granting Related Relief* [Docket No. 188],

6

       evaluated proposed bids for the GK8 assets, and approved the sale transaction for such assets; and

- participated in negotiations with potential plan sponsors concerning the details of a proposed transaction and evaluated the prospects for a standalone reorganization.

17. In each instance, the Special Committee directed the Debtors' restructuring strategy without any involvement from Mr. Mashinsky or Mr. Leon. Neither Mr. Barse nor myself has had any contact with either Mr. Mashinsky or Mr. Leon since their resignations. Mr. Mashinsky remains a shareholder of Celsius Network Limited and a member of the Board. The Special Committee determined that Mr. Mashinsky could not be involuntarily removed as a director of the Board given his equity holdings. The Board has not met since the Petition Date and has no decision-making authority with respect to the Debtors' restructuring given the broad delegation of authority to the Special Committee. Furthermore, Mr. Mashinsky had no control or influence over the Debtors' operations or restructuring efforts since he resigned.

       [*Remainder of page intentionally left blank*]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: February 13, 2023

/s/ Alan Carr
Name: Alan Carr
Title: Board Member, Special Committee Member
Celsius Network Limited