Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Counsel to the Initial Debtors and Debtors in Possession*

*Proposed Counsel to the GK8 Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## AGENDA FOR HEARING TO BE HELD
## FEBRUARY 15, 2023, AT 10:00 A.M. (PREVAILING EASTERN TIME)

Time and Date of Hearing:    February 15, 2023, at 10:00 a.m. (prevailing Eastern Time)

Location of Hearing:         The Honorable Chief Judge Martin Glenn
                             United States Bankruptcy Court for the
                             Southern District of New York
                             Alexander Hamilton U.S. Custom House
                             One Bowling Green, Courtroom No. 523
                             New York, New York 10004

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

| | |
|---|---|
| Hearing Attendance: Instructions: | In accordance with General Order M-543 ("General Order M-543"), dated March 20, 2020, the Hearing will only be conducted using Zoom for Government.  Parties wishing to appear at the Hearing, whether making a "live" or "listen only" appearance before the Court, need to make an electronic appearance through the Court's website at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl **on or before 4:00 p.m. (prevailing Eastern Time) on February 14, 2023**. |
| | Due to the large number of expected participants in the Hearing and the Court's security requirements for participating in a Zoom for Government audio and video hearing, all persons seeking to attend the 10:00 a.m., February 15, 2023 (prevailing Eastern Time) Hearing must connect to the Hearing beginning at 9:00 a.m., February 15, 2023 (prevailing Eastern Time).  When parties sign into Zoom for Government and add their names, they must type in the first and last name that will be used to identify them at the Hearing.  Parties that type in only their first name, a nickname or initials will not be admitted into the Hearing.  When seeking to connect for either audio or video participation in a Zoom for Government Hearing, you will first enter a "Waiting Room," in the order in which you seek to connect.  Court personnel will admit each person to the Hearing from the Waiting Room after confirming the person's name (and telephone number, if a telephone is used to connect) with their eCourtAppearance.  Because of the large number of expected participants, you may experience a delay in the Waiting Room before you are admitted to the Hearing. |
| Copies of Motions: | A copy of each pleading may be obtained free of charge by visiting the website of Stretto at https://cases.stretto.com/Celsius.  You may also obtain copies of any pleadings by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein. |

## I.    Company Status Update.

1.    **Status Update**.  Status Update provided by Christopher Ferraro, Interim Chief Executive Officer, Chief Restructuring Officer, and Chief Financial Officer of the Debtors.

## II.    Consumer Privacy Ombudsman Update.

2.    **Consumer Privacy Ombudsman Report**.  Consumer Privacy Ombudsman Lucy L. Thomson, Esq., will provide a summary of her *First Report to the Court* filed on January 27, 2023 [Docket No. 1948].

III.   **Uncontested Matters**.

3.   **GK8 Cash Management Motion.**   Final Hearing regarding the Debtors' Supplemental Motion (I) Authorizing the GK8 Debtors to (A) Continue to Operate the GK8 Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing GK8 Business Forms, and (D) Continue to Perform GK8 Intercompany Transactions, (II) Granting Superpriority Administrative Expense Status to Postpetition GK8 Intercompany Balances, and (III) Granting Related Relief [Docket No. 1639].

Objection Deadline:   The initial objection deadline was January 17, 2023, at 4:00 p.m. (prevailing Eastern Time).   The objection deadline was extended to February 8, 2023, at 4:00 p.m. (prevailing Eastern Time).

Responses Received:  None.

Related Documents:

(1)   Debtors' Motion Seeking Entry of Final Order (I) Authorizing the GK8 Debtors to (A) Continue to Operate the GK8 Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing GK8 Business Forms, and (D) Continue to Perform GK8 Intercompany Transactions, (II) Granting Superpriority Administrative Expense Status to Postpetition GK8 Intercompany Balances, and (III) Granting Related Relief [Docket No. 1627].

(2)   Notice of Filing of Revised Proposed Interim and Final Orders (I) Authorizing the GK8 Debtors to (A) Continue to Operate the GK8 Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing GK8 Business Forms, and (D) Continue to Perform GK8 Intercompany Transactions, (II) Granting Superpriority Administrative Expense Status to Postpetition GK8 Intercompany Balances, and (III) Granting Related Relief [Docket No. 1643].

(3)   Interim Order (I) Authorizing the GK8 Debtors to (A) Continue to Operate the GK8 Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing GK8 Business Forms, and (D) Continue to Perform GK8 Intercompany Transactions, (II) Granting Superpriority Administrative Expense Status to Postpetition GK8 Intercompany Balances, and (III) Granting Related Relief [Docket No. 1653].

(4)   Letter re Request that the sale of GK8 to Galaxy Digital be stayed pending my motion for reconsideration, which will be filed in the coming days and heard before this court on January 24th, 2023 [Docket No. 1784].

3

(5)     Stipulation Extending Time to Comply with Section 345(b) of the Bankruptcy Code and U.S. Trustee Guidelines [Docket No. 1912].

(6)     Notice of Filing of Proposed Second Interim Order (I) Authorizing the GK8 Debtors to (A) Continue to Operate the GK8 Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing GK8 Business Forms, and (D) Continue to Perform GK8 Intercompany Transactions, (II) Granting Superpriority Administrative Expense Status to Postpetition GK8 Intercompany Balances, and (III) Granting Related Relief [Docket No. 1917].

(7)     Second Interim Order (I) Authorizing the GK8 Debtors to (A) Continue to Operate the GK8 Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing GK8 Business Forms, and (D) Continue to Perform GK8 Intercompany Transactions, (II) Granting Superpriority Administrative Expense Status to Postpetition GK8 Intercompany Balances, and (III) Granting Related Relief [Docket No. 1930].

(8)     Stipulation Further Extending Time to Comply with Section 345(b) of the Bankruptcy Code and U.S. Trustee Guidelines [Docket No. 2002].

(9)     Declaration of Robert Campagna in Support of the Debtors' Motion Seeking Entry of Interim and Final Orders (I) Authorizing the GK8 Debtors to (A) Continue to Operate the GK8 Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing GK8 Business Forms, and (D) Continue to Perform GK8 Intercompany Transactions, (II) Granting Superpriority Administration Expense Status to Postpetition GK8 Intercompany Balances, and (III) Granting Related Relief [Docket No. 2021].

**Status**:    This matter is going forward.

4.    **Sale of Bitmain Coupons**.    Debtors' Motion Seeking Entry of an Order (I) Authorizing (A) the Sale of Bitmain Coupons and (B) the Conversion of Bitmain Credits Into Mining Rigs and Assignment of Rights in Such Mining Rigs, and (II) Granting Related Relief [Docket No. 2022].

Objection Deadline:  February 13, 2023, at 4:00 p.m. (prevailing Eastern Time).

Responses Received:  None.

Related Documents:

(1)     Debtors' Motion to Schedule an Expedited Hearing and Shorten the Notice Period on the Debtors' Motion Seeking Entry of an Order (I) Authorizing (A) the Sale of Bitmain Coupons and (B) the Conversion

of Bitmain Credits into Mining Rigs and Assignment of Rights in Such Mining Rigs, and (II) Granting Related Relief [Docket No. 2024].

(2)    Order Scheduling an Expedited Hearing and Shortening the Notice Period on the Debtors' Motion Seeking Entry of an Order (I) Authorizing (A) the Sale of Bitmain Coupons and (B) the Conversion of Bitmain Credits into Mining Rigs and Assignment of Rights in Such Mining Rigs, and (II) Granting Related Relief [Docket No. 2026].

(3)    Declaration of Christopher Ferraro, Interim Chief Executive Officer, Chief Restructuring Officer, and Chief Financial Officer of the Debtors, in Support of the Debtors' Motion Seeking Entry of an Order (I) Authorizing (A) the Sale of Bitmain Coupons and (B) the Conversion of Bitmain Credits Into Mining Rigs and Assignment of Rights in Such Mining Rigs, and (II) Granting Related Relief [Docket No. 2023].

**Status**:    This matter is going forward.

## IV.    **Contested Matters.**

5.    **Claims Objection Procedures**. Debtors' Motion for an Order (I) Approving (A) Omnibus Claims Objection Procedures and Form of Notice, (B) Omnibus Substantive Claims Objections, and (C) Satisfaction Procedures and Form of Notice, and (II) Modifying Bankruptcy Rule 3007(e)(6) [Docket No. 1972].

Responses Received:

(1)    Víctor Ubierna de las Heras' Limited Objection to Debtors' Motion for an Order (I) Approving (A) Omnibus Claims Objection Procedures and Form of Notice, (B) Omnibus Substantive Claims Objections, and (C) Satisfaction Procedures and Form of Notice, and (II) Modifying Bankruptcy Rule 3007(e)(6) [Docket No. 2040].

Related Documents:  None.

**Status**:    This matter is going forward.

6.    **Motion to Extend Exclusivity**. Debtors' Second Motion for Entry of an Order (I) Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code and (II) Granting Related Relief [Docket No. 1940].

Objection Deadline:  February 8, 2023, at 4:00 p.m. (prevailing Eastern Time).

Responses Received:

(1)    Victor Ubierna de las Heras' Objection to Debtors' Second Motion for Entry of an Order (I) Extending the Debtors' Exclusive Periods to File a

Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code and (II) Granting Related Relief [Docket No. 1996].

(2)     Objection of the Ad Hoc Group of Withhold Account Holders and Other Transferees to the Debtors' Second Motion for Entry of an Order (I) Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code and (II) Granting Related Relief [Docket No. 2008].

(3)     Limited Objection to the Debtors' Second Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement [Docket No. 2010].

(4)     The Official Committee of Unsecured Creditors' Objection to the Debtors' Second Exclusivity Motion [Docket No. 2011].

(5)     Objection Of The Ad Hoc Group of Borrowers and Joinder In Limited Objection Of The United States Trustee To Debtors' Second Motion To Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement [Docket No. 2013].

(6)     Daniel A. Frishbergs' [sic] Limited Objection to the Debtors' Second Motion for Entry of an Order (I) Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code and (II) Granting Related Relief [Docket No. 2014].

(7)     Immanuel Herrmann's Objection to the Debtors' Second Motion for Entry of an Order (I) Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code and (II) Granting Related Relief [Docket No. 2015].

(8)     Joinder of the Texas State Securities Board and Texas Department of Banking to the United States Trustee's Limited Objection to the Debtor's Second Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement [Docket No. 2038].

(9)     Statement of Undersigned States with Respect to Motion for Extension and/or Modification of Exclusivity Order and Appointment of Trustee [Docket No. 2043].

Related Documents:

(1)     Debtors' Motion for Entry of an Order (I) Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code and (II) Granting Related Relief [Docket No. 1317].

(2)     Order (I) Extending the Debtor's Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances thereof and (II) Granting Related Relief [Docket No. 1645].

(3)     Declaration of Christopher Ferraro, Interim Chief Executive Officer, Chief Restructuring Officer, and Chief Financial Officer of the Debtors, in Support of (I) the Debtors' Second Exclusivity Extension and (II) the Debtors' Objection to the Motion to Appoint a Chapter 11 Trustee [Docket No. 2046].

(4)     Declaration of Alan Carr, Director of Celsius Network Limited, in Support of (I) the Debtors' Second Exclusivity Extension and (II) the Debtors' Objection to the Motion to Appoint a Chapter 11 Trustee [Docket No. 2047].

**Status**:     This matter is going forward.

7.     **Chapter 11 Trustee Motion**.  Immanuel Herrmann and Daniel A. Frishberg's Motion to Appoint a Chapter 11 Trustee [Docket No. 1975].

Objection Deadline:  February 12, 2023, at 4:00 p.m. (prevailing Eastern Time).

Responses Received:

(1)     Victor Ubierna de Las Heras' Statement in Support of Immanuel Herrmann and Daniel A. Frishberg's Motion to Appoint a Chapter 11 Trustee [Docket No. 2020].

(2)     Objection of the Official Committee of Unsecured Creditors to Immanuel Herrmann and Daniel A. Frishberg's Motion to Appoint a Chapter 11 Trustee [Docket No. 2034].

(3)     Debtors' Objection to Immanuel Herrmann and Daniel A. Frishberg's Motion to Appoint a Chapter 11 Trustee [Docket No. 2035].

Related Documents:

(1)     Letter re Request that this Court compel discovery from the Debtors with respect to our motion (our request for depositions is below), and to inform the Court that we intend to enter evidence into the record in support of our motion, including portions of the Examiners report, etc. [Docket No. 2018].

(2)     Letter Opposing Discovery Requests [Docket No. 2036].

(3)     Statement of Undersigned States with Respect to Motion for Extension and/or Modification of Exclusivity Order and Appointment of Trustee [Docket No. 2043].

(4)     Declaration of Christopher Ferraro, Interim Chief Executive Officer, Chief Restructuring Officer, and Chief Financial Officer of the Debtors, in Support of (I) the Debtors' Second Exclusivity Extension and (II) the Debtors' Objection to the Motion to Appoint a Chapter 11 Trustee [Docket No. 2046].

(5)     Declaration of Alan Carr, Director of Celsius Network Limited, in Support of (I) the Debtors' Second Exclusivity Extension and (II) the Debtors' Objection to the Motion to Appoint a Chapter 11 Trustee [Docket No. 2047].

**Status**:     This matter is going forward as a status conference.

8.     **U.S. Trustee Show Cause Motion**.  United States Trustee's Motion for Order to Show Cause Why the Debtors Should Not Retain Willis Towers Watson [Docket No. 2042].

Related Documents:

(1)     Declaration of Josephine Gartrell in Support of Debtors' Motion for Entry of an Order (I) Approving the Debtors' Key Employee Retention Plan and (II) Granting Related Relief [Docket No. 1023].

(2)     Application of the United States Trustee for An Order Authorizing the United States Trustee to Conduct a 2004 Examination of Willis Towers Watson [Docket No. 1392].

**Status**:     This matter is going forward.

## V.     Status Conferences/Adversary Proceedings.

9.     **Custody/Withhold Phase II Litigation**.     Status Conference on Custody/Withhold Phase II Litigation.

**Status**:     This matter is going forward.

10.     **Celsius Network Limited, *et al*. v. Stone, *et al*.  (Adv. Proc. No. 22-00139)**. Case Management Conference.

Related Documents:

(1)     Motion of Plaintiffs for Preliminary Injunction Pursuant to Rule 7065 of the Federal Rules of Bankruptcy Procedure [Docket No. 20].

(2)     Memorandum in Support of Motion for Preliminary Injunction [Docket No. 21].

(3)     Declaration of Shiran Kleiderman in Support of Celsius' Motion for Preliminary Injunction [Docket No. 22].

(4)     Declaration of Ron Sabo in Support of Celsius' Motion for Preliminary Injunction [Docket No. 23].

(5)     Declaration of Mitchell P. Hurley in Support of Celsius' Motion for a Preliminary Injunction [Docket No. 24]

(6)     Declaration of Patrick Holert in Support of Celsius' Motion for Preliminary Injunction [Docket No. 25].

(7)     *Ex-parte* Motion for Entry of an Order Authorizing Celsius to Redact and File Under Seal Certain Confidential Information Related to the Motion for Preliminary Injunction Pursuant to Rule 7065 of the Federal Rules of Bankruptcy Procedure [Docket No. 26].

(8)     Corrected Declaration of Ron Sabo in Support of Celsius' Motion for Preliminary Injunction [Docket No. 27].

(9)     Defendants Jason Stone and KeyFi Inc.'s Opposition to Motion for Preliminary Injunction [Docket No. 32].

(10)    Affidavit of Jason Stone in Support of Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction [Docket No. 33].

(11)    Affidavit of Kyle Roche in Support of Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction [Docket No. 34].

(12)    Plaintiffs' Reply Memorandum in Support of Motion for Preliminary Injunction [Docket No. 42].

(13)    Supplemental Declaration of Mitchell P. Hurley in Further Support of Celsius' Motion for a Preliminary Injunction [Docket No. 43].

(14)    Declaration of Alex Mashinsky in Support of Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction [Docket No. 44].

(15)    Reply Declaration of Patrick Holert in Further Support of Celsius' Motion for Preliminary Injunction [Docket No. 45].

(16)    Stipulated Order Governing Taking of Depositions in Connection with Motion of Plaintiffs for Preliminary Injunction Pursuant to Rule 7065 of the Federal Rules of Bankruptcy Procedure [Docket No. 51].

(17)    Letter re Schedule for Supplemental PI Briefing [Docket No. 65].

(18)    Memorandum Order Endorsing Proposed Schedule for Supplemental PI Briefing [Docket No. 66].

(19)    Joint Stipulation and Order Further Extending Deadline to Consent to Trial Conducted by Bankruptcy Court [Docket No. 70].

(20)    Letter re Amended Schedule for Supplemental Briefing Relating to Plaintiffs' Motion for a Preliminary Injunction [Docket No. 74].

(21)    Memorandum Order Endorsing Proposed Amended Schedule for Supplemental Briefing Relating to Plaintiffs' Motion for a Preliminary Injunction [Docket No. 75].

**Status**:    This matter is going forward.

11.    **Frishberg v. Celsius Network LLC, *et al*.  (Adv. Proc. No. 22-01179)**.  Pre-Trial Conference.

Related Documents:

(1)    Complaint against Celsius Network LLC, Celsius KeyFi LLC, Celsius Mining LLC, Celsius Network Inc., Celsius Network Limited, Celsius Networks Lending LLC, Celsius US Holding LLC [Docket No. 1].

(2)    Summons with Notice of Pre-Trial Conference [Docket No. 2].

**Status**:    This matter is going forward.

12.    **Shanks v. Celsius Network LLC, *et al*.  (Adv. Proc. No. 22-01190)**.  Pre-Trial Conference.

Related Documents:

(1)    Complaint against Celsius Network LLC, et al, Celsius Network LLC, Celsius KeyFi LLC, Celsius Lending LLC, Celsius Mining LLC, Celsius Network Inc., Celsius Network Limited, Celsius Networks Lending LLC, Celsius US Holding LLC [Docket No. 1].

(2)    Summons with Notice of Pre-Trial Conference [Docket No. 3].

(3)    Amended Complaint Against All Defendants [Docket No. 8].

(4)    Joint Stipulation and Agreed Order by and Among the Debtors and Fred M. Shanks Regarding Debtors' Time to Respond to Mr. Shanks' Complaint [Docket No. 9].

(5)    Joint Stipulation and Agreed Order by and Among the Debtors and Fred M. Shanks Regarding Debtors' Time to Respond to Mr. Shanks' Complaint [Docket No. 10].

  (6)  Motion to Respond to Writ of Discovery of Evidence 15 Days Prior to the Court Summons [Docket No. 11].

  **Status**:  This matter is going forward.

**VI.**  **Adjourned Matters.**

13.  **Loan Repayment Motion**.  Motion to Release Loan Repayment or Collateral Due Upon Loan Completion [Docket No. 1649].

  Objection Deadline:  February 8, 2023, at 4:00 p.m. (prevailing Eastern Time).

  Responses Received:

  (1)  Debtors' Objection to Vincent J. Burniske's Motion to Release Loan Repayment or Collateral Due Upon Loan Completion [Docket No. 2012].

  (2)  Response of the Ad Hoc Group of Borrowers to the Debtors' Objection to Vincent J. Burniske's Motion to Release Loan Repayment or Collateral Due Upon Loan Completion (ECF Doc. # 2012) [Docket No. 2041].

  Related Documents:  None.

  **Status**:  This matter has been adjourned to a date to be determined by the Court.

14.  **Sale Hearing**.  Sale Hearing for Retail Platform Assets and Remaining Assets [Docket No. 929].

  Objection Deadline:  The initial objection deadline for the Sale of the Retail Platform Assets was November 22, 2022, at 4:00 p.m. (prevailing Eastern Time), and the initial objection deadline for the Sale of the Remaining Assets was December 14, 2022, at 4:00 p.m. (prevailing Eastern Time).  The objection deadlines for both the Sale of the Retail Platform Assets and the Sale of the Remaining Assets were first extended to December 19, 2022, at 4:00 p.m. (prevailing Eastern Time), then to January 18, 2023, at 4:00 p.m. (prevailing Eastern Time), then to February 8, 2023, at 4:00 p.m. (prevailing Eastern Time), then to February 13, 2023, at 4:00 p.m. (prevailing Eastern Time), and finally to March 1, 2023, at 4:00 p.m. (prevailing Eastern Time).

  Responses Received:

  (1)  Objection to Motion for an Order Approving Bidding Procedures and for Related Relief [Docket No. 1040].

  (2)  Objection of the United States Trustee to Debtors' Motion Seeking Entry of an Order (I) Approving the Bidding Procedures in Connection with the Sale of Substantially All of the Debtors' Assets, (II) Scheduling Certain

Dates with Respect Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Approving Contract Assumption and Assignment Procedures, and (V) Granting Related Relief [Docket No. 1047].

(3)     Daniel A. Frishberg's Omnibus Objection to Debtors' Motion Seeking Entry of an Order (I) Approving the Bidding Procedures in Connection with the Sale of Substantially All of the Debtors' Assets, (II) Scheduling Certain Dates with Respect Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Approving Contract Assumption and Assignment Procedures, and (V) Granting Related Relief and to All Motions Granting Kirkland and Ellis' Associated Legal Fees, Auction Fees, and Any Other Fees or Costs Incurred with Respect to this Auction Thus Far [Docket No. 1054]

(4)     Limited Objection to the Debtor's Motion Approving Bidding Procedures and for Related Relief (D.R. 929) [Docket No. 1056].

(5)     Limited Objection of the Texas State Securities Board and the Texas Department of Banking to Debtors' Motion Seeking Entry of an Order (I) Approving the Bidding Procedures in Connection with the Sale of Substantially All of the Debtors' Assets, (II) Scheduling Certain Dates with Respect Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Approving Contract Assumption and Assignment Procedures, and (V) Granting Related Relief [Docket No. 1059].

(6)     Limited Objection of Vincent Theodore Goetten to Debtors' Motion Seeking Entry of an Order (I) Approving the Bidding Procedures in Connection with the Sale of Substantially All of the Debtors' Assets, (II) Scheduling Certain Dates with Respect Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Approving Contract Assumption and Assignment Procedures, and (V) Granting Related Relief [Docket No. 1063].

(7)     Supplemental Limited Objection of Immanuel Herrmann to the Debtors' Motion Seeking Entry of an Order (I) Approving the Bidding Procedures in Connection with the Sale of Substantially All of the Debtors' Assets, (II) Scheduling Certain Dates with Respect Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Approving Contract Assumption and Assignment Procedures, and (V) Granting Related Relief (Supplemental to D.R. 1056; Objection to D.R. 929) [Docket No. 1080].

Related Documents:

(1)     The Official Committee of Unsecured Creditors' Statement with Respect to the Debtors' Motion Seeking Entry of an Order (I) Approving the Bidding Procedures in Connection with the Sale of Substantially All of the Debtors' Assets, (II) Scheduling Certain Dates with Respect Thereto,

(III) Approving the Form and Manner of Notice Thereof, (IV) Approving Contract Assumption and Assignment Procedures, and (V) Granting Related Relief [Docket No. 1046].

(2)    Notice of Filing Further Revised Proposed Order (I) Approving the Bidding Procedures in Connection with the Sale of Substantially All of the Debtors Assets, (II) Scheduling Certain Dates with Respect Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Approving Contract Assumption and Assignment Procedures, and (V) Granting Related Relief [Docket No. 1148].

(3)    Memorandum Opinion and Order Granting Motion to Approve Bidding Procedures in Connection With the Sale of Substantially all the Debtor's Assets [Docket No. 1167].

(4)    Notice of Filing Revised Proposed Order (I) Approving the Bidding Procedures in Connection with the Sale of Substantially All of the Debtors Assets, (II) Scheduling Certain Dates with Respect Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Approving Contract Assumption and Assignment Procedures, and (V) Granting Related Relief [Docket No. 1179].

(5)    Order (I) Approving the Bidding Procedures in Connection With the Sale of Substantially all of the Debtors Assets (II) Scheduling Certain Dates With Respect Thereto, (III) Approving the Form an Manner of Notice Thereof, (IV) Approving Contract Assumption and Assignment Procedures, and (V) Granting Related Relief [Docket No. 1272].

(6)    Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases [Docket No. 1300].

(7)    Notice of Amended Dates and Deadlines with Respect to Bidding Procedures for the Potential Sale of Substantially All of the Debtors' Assets [Docket No. 1713].

(8)    Debtors' Statement with Respect to Adjourning Certain Dates and Deadlines for the Sale of Potentially All of the Debtors' Assets [Docket No. 1714].

(9)    Second Notice of Amended Dates and Deadlines with Respect to Bidding Procedures for the Potential Sale of Substantially All of the Debtors' Assets [Docket No. 1844].

(10)    Third Notice of Amended Dates and Deadlines with Respect to Bidding Procedures for the Potential Sale of Substantially All of the Debtors' Assets [Docket No. 1959].

(11) Fourth Notice of Amended Dates and Deadlines with Respect to Bidding Procedures for the Potential Sale of Substantially All of the Debtors' Assets [Docket No. 2006].

**Status**: This matter has been adjourned to March 8, 2023, at 10:00 a.m. (prevailing Eastern Time).

15. **Core Scientific Dispute**. Status Conference on Celsius/Core Scientific Dispute.

Related Documents:

(1) Debtors' Motion to Enforce the Automatic Stay and for Civil Contempt [Docket No. 917].

(2) Letter re Request for Status Conference Concerning *In re Celsius Network LLC*, Chapter 11 Case No. 22-10964 (MG) [Docket No. 997].

(3) Letter in Response to Core Scientific re *In re Celsius Network LLC*, No. 22-10964 (MG) – Debtors' Motion to Enforce the Stay and for Contempt Sanctions [Docket No. 1003].

(4) Joint Stipulation and Agreed Scheduling Order by and Among the Debtors, the Official Committee of Unsecured Creditors, and Core Scientific, Inc. with Respect to Schedule [Docket No. 1114].

(5) *Ex-parte* Motion of Core Scientific, Inc. for Entry of an Order Authorizing Redaction of Certain Information and Filing of Certain Documents Under Seal Pursuant to Section 107(b) of the Bankruptcy Code, Rule 9018 of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 9018-1 in Connection With Core Scientific, Inc.'s Forthcoming Objection to Debtors' Motion to Enforce the Automatic Stay and for Civil Contempt and Core Scientific, Inc.'s Motion Seeking Affirmative Relief [Docket No. 1130].

(6) Declaration of Todd Duchene in Support of Core Scientific, Inc.'s Motion for Entry of an Order Authorizing Redaction of Certain Information and Filing of Certain Documents Under Seal Pursuant to Section 107(b) of the Bankruptcy Code, Rule 9018 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 9018-1 in Connection With Core Scientific, Inc.'s Forthcoming Objection to Debtors' Motion to Enforce the Automatic Stay and for Civil Contempt and Core Scientific, Inc.'s Motion Seeking Affirmative Relief [Docket No. 1132].

(7) Order Authorizing Redaction of Certain Information and Filing of Certain Documents Under Seal Pursuant to Section 107(b) of the Bankruptcy Code, Rule 9018 of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 9018-1 in Connection With Core Scientific, Inc.'s Forthcoming Objection to Debtors' Motion to Enforce the Automatic Stay

and for Civil Contempt and Core Scientific, Inc.'s Motion Seeking Affirmative Relief [Docket No. 1133].

(8)    The Official Committee of Unsecured Creditors' Joinder to the Debtors' Motion to Enforce the Automatic Stay and for Civil Contempt [Docket No. 1139].

(9)    Core Scientific, Inc.'s Objection to Debtors' Motion to Enforce the Automatic Stay and for Civil Contempt [Docket No. 1140].

(10)   Declaration of Jeff Pratt in Support of Core Scientific, Inc.'s Opposition to Debtors' Motion to Enforce the Automatic Stay and For Civil Contempt [Docket No. 1141].

(11)   Declaration of Monica Xia in Support of Core Scientific, Inc.'s Opposition to Debtors' Motion to Enforce the Automatic Stay and for Civil Contempt [Docket No. 1142].

(12)   Declaration of KC Mares [Docket No. 1143].

(13)   Motion of Core Scientific, Inc. (I) to Compel Immediate Payment of Administrative Expenses and (II) (A) for Relief from Automatic Stay to Exercise Rights Under Master Services Agreement and Related Orders or (B) in the Alternative, to Compel Assumption or Rejection of Master Services Agreement and Related Orders [Docket No. 1144].

(14)   Letter re *In re Celsius Network LLC*, No. 22-10964 (MG) – Request for Informal Conference with the Court, Pursuant to Local Rule 7007-1(b) [Docket No. 1182].

(15)   Letter re *In re Celsius Network LLC*, No. 22-10964 (MG) – Response to Request for Informal Conference with the Court, Pursuant to Local Rule 7007-1(b) [Docket No. 1200].

(16)   Joint Stipulation and Agreed Amended Scheduling Order by and among the Debtors, the Official Committee of Unsecured Creditors, and Core Scientific, Inc. with Respect to Schedule [Docket No. 1283].

(17)   Order Scheduling Status Conference Regarding Core Scientific Motions [Docket No. 1366].

(18)   Notice of Adjournment [Docket No. 1694].

(19)   Notice of Adjournment [Docket No. 1841].

(20)   Notice of Adjournment [Docket No. 1907].

**Status**:    This matter has been adjourned.

New York, New York
Dated: February 13, 2023

_/s/ Joshua A. Sussberg_

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:        joshua.sussberg@kirkland.com

  - and -

Patrick J. Nash, Jr., P.C. (admitted _pro hac vice_)
Ross M. Kwasteniet, P.C. (admitted _pro hac vice_)
Christopher S. Koenig
Dan Latona (admitted _pro hac vice_)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:        patrick.nash@kirkland.com
              ross.kwasteniet@kirkland.com
              chris.koenig@kirkland.com
              dan.latona@kirkland.com

_Counsel to the Initial Debtors and Debtors in Possession_

_Proposed Counsel to the GK8 Debtors and Debtors in Possession_