**Hearing Date: March 8, 2023, at 10:00 a.m. (prevailing Eastern Time)**
**Objection Deadline: March 1, 2023, at 4:00 p.m. (prevailing Eastern Time)**

**WHITE & CASE LLP**
David M. Turetsky
Samuel P. Hershey
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
Email: david.turetsky@whitecase.com
      sam.hershey@whitecase.com

– and –

**WHITE & CASE LLP**
Michael C. Andolina (admitted *pro hac vice*)
Gregory F. Pesce (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone: (312) 881-5400
Facsimile: (312) 881-5450
Email: mandolina@whitecase.com
      gregory.pesce@whitecase.com

**WHITE & CASE LLP**
Aaron Colodny (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, California 90071
Telephone: (213) 620-7700
Facsimile: (213) 452-2329
Email: aaron.colodny@whitecase.com

– and –

**WHITE & CASE LLP**
Keith H. Wofford
Southeast Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131
Telephone: (305) 371-2700
Facsimile: (305) 358-5744
Email: kwofford@whitecase.com

*Counsel to the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO APPROVE JOINT STIPULATION AND AGREED ORDER BETWEEN THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND THE DEBTORS WITH RESPECT TO CERTAIN CLAIMS AND <u>CAUSES OF ACTION BELONGING TO THE DEBTORS' ESTATES</u>**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

**PLEASE TAKE NOTICE** that a hearing on the *Official Committee of Unsecured Creditors' Motion to Approve Joint Stipulation and Agreed Order Between the Official Committee of Unsecured Creditors and the Debtors with Respect to Certain Claims and Causes of Action Belonging to the Debtors' Estates* (the "**Motion**") will be held on **March 8, 2023, at 10:00 a.m., prevailing Eastern Time** (the "**Hearing**"). In accordance with General Order M-543 dated March 20, 2020, the Hearing will be conducted remotely using Zoom for Government. Parties wishing to appear at the Hearing, whether making a "live" or "listen only" appearance before the Court, need to make an electronic appearance through the Court's website at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl. Electronic appearances (eCourtAppearances) need to be made by **4:00 p.m., prevailing Eastern Time, the business day before the hearing (*i.e.*, on March 7, 2023).**

**PLEASE TAKE FURTHER NOTICE** that due to the large number of expected participants in the Hearing and the Court's security requirements for participating in a Zoom for Government audio and video hearing, all persons seeking to attend the Hearing at 10:00 a.m., prevailing Eastern Time on March 8, 2023 must connect to the Hearing beginning at 9:00 a.m., prevailing Eastern Time on March 8, 2023. When parties sign in to Zoom for Government and add their names, they must type in the first and last name that will be used to identify them at the Hearing. Parties that type in only their first name, a nickname, or initials will not be admitted into the Hearing. When seeking to connect for either audio or video participation in a Zoom for Government Hearing, you will first enter a "Waiting Room," in the order in which you seek to connect. Court personnel will admit each person to the Hearing from the Waiting Room after confirming the person's name (and telephone number, if a telephone is used to connect) with their eCourtAppearance. Because of the large number of expected participants, you may experience a delay in the Waiting Room before you are admitted to the Hearing.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the relief requested in the Motion shall: (a) be in writing; (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York, and the *Amended Final Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief* [Docket No. 1181]; (c) be filed electronically with the Court on the docket of *In re Celsius Network LLC,* No. 22-10964 (MG) by registered users of the Court's electronic filing system and in accordance with all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York (which are available on the Court's website at http://www.nysb.uscourts.gov); and (d) be served so as to be actually received by **March 1, 2023, at 4:00 p.m., prevailing Eastern Time**, by (i) the entities on the Master Service List available on the case website of the above-captioned debtors and debtors in possession (the "**Debtors**") at https://cases.stretto.com/celsius and (ii) any person or entity with a particularized interest in the subject matter of the Motion.

**PLEASE TAKE FURTHER NOTICE** that only those responses or objections that are timely filed, served, and received will be considered at the Hearing. Failure to file a timely objection may result in entry of a final order granting the Motion as requested by the Committee.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion and other pleadings filed in these chapter 11 cases may be obtained free of charge by visiting the website of Stretto at https://cases.stretto.com/celsius. You may also obtain copies of the Motion and other pleadings filed in these chapter 11 cases by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

Dated: February 14, 2023
New York, New York

Respectfully submitted,

*/s/ Aaron Colodny*

**WHITE & CASE LLP**
David M. Turetsky
Samuel P. Hershey
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile:  (212) 354-8113
Email:  david.turetsky@whitecase.com
           sam.hershey@whitecase.com

– and –

**WHITE & CASE LLP**
Michael C. Andolina (admitted *pro hac vice*)
Gregory F. Pesce (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone: (312) 881-5400
Facsimile:  (312) 881-5450
Email:  mandolina@whitecase.com
           gregory.pesce@whitecase.com

– and –

**WHITE & CASE LLP**
Keith H. Wofford
Southeast Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131
Telephone: (305) 371-2700
Facsimile:  (305) 358-5744
Email: kwofford@whitecase.com

– and –

**WHITE & CASE LLP**
Aaron E. Colodny (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, California 90071
Telephone: (213) 620-7700
Facsimile:  (213) 452-2329
Email:  aaron.colodny@whitecase.com

*Counsel to the Official Committee of Unsecured Creditors*

**Hearing Date: March 8, 2023, at 10:00 a.m. (prevailing Eastern Time)**
**Objection Deadline: March 1, 2023, at 4:00 p.m. (prevailing Eastern Time)**

**WHITE & CASE LLP**
David M. Turetsky
Samuel P. Hershey
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
Email: david.turetsky@whitecase.com
      sam.hershey@whitecase.com

– and –

**WHITE & CASE LLP**
Michael C. Andolina (admitted *pro hac vice*)
Gregory F. Pesce (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone: (312) 881-5400
Facsimile: (312) 881-5450
Email: mandolina@whitecase.com
      gregory.pesce@whitecase.com

**WHITE & CASE LLP**
Aaron Colodny (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, California 90071
Telephone: (213) 620-7700
Facsimile: (213) 452-2329
Email: aaron.colodny@whitecase.com

– and –

**WHITE & CASE LLP**
Keith H. Wofford
Southeast Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131
Telephone: (305) 371-2700
Facsimile: (305) 358-5744
Email: kwofford@whitecase.com

*Counsel to the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
TO APPROVE JOINT STIPULATION AND AGREED ORDER BETWEEN
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND THE
DEBTORS WITH RESPECT TO CERTAIN CLAIMS AND CAUSES OF
ACTION BELONGING TO THE DEBTORS' ESTATES**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

**TABLE OF CONTENTS**

**Page**

PRELIMIMINARY STATEMENT ............................................................................................. 1

JURISDICTION AND VENUE ................................................................................................... 4

RELIEF REQUESTED ................................................................................................................ 4

FACTUAL BACKGROUND ....................................................................................................... 4

BASIS FOR RELIEF ................................................................................................................... 5

CONCLUSION ............................................................................................................................ 8

# **TABLE OF AUTHORITIES**

**Page(s)**

### CASES

*Commodore Int'l Ltd. v. Gould* (*In re Commodore Int'l Ltd.*),
    262 F.3d 96 (2d Cir. 2001) ...................................................................................................5

*Glinka v. Murad* (*In re Housecraft Indus. USA, Inc.*),
    310 F.3d 64 (2d Cir. 2002) ....................................................................................................5

*Official Comm. of Unsecured Creditors v. I. Hyman Corp.* (*In re Joyanna Holitogs, Inc.*),
    21 B.R. 323 (Bankr. S.D.N.Y. 1982) .....................................................................................5

*Unsecured Creditors Comm. v. Noyes* (*In re STN Enters.*),
    779 F.2d 901 (2d Cir. 1985) ..................................................................................................5

### STATUTES AND OTHER AUTHORITY

11 U.S.C. § 105 ..............................................................................................................................4

11 U.S.C. § 1103 ................................................................................................................... 3, 4, 5, 7

11 U.S.C. § 1109 ................................................................................................................... 3, 4, 5, 7

i

The Official Committee of Unsecured Creditors (the "**Committee**") of the above-captioned debtors and debtors-in-possession (collectively the "**Debtors**," and together with their non-Debtor affiliates, "**Celsius**") files this *Motion of the Official Committee of Unsecured Creditors to Approve Joint Stipulation and Agreed Order Between the Official Committee of Unsecured Creditors and the Debtors with Respect to Certain Claims and Causes of Action Belonging to the Debtors' Estates* (the "**Motion**") and respectfully requests entry of the proposed agreed order and stipulation attached as **Exhibit 1** to the Motion (the "**Stipulation and Agreed Order**").

## PRELIMIMINARY STATEMENT

1. The Committee has been actively investigating the Debtors and the actions of their current and former directors, officers, and employees for the last six months. During that time, the Committee has reviewed tens of thousands of documents and, in cooperation with the examiner, conducted more than 25 interviews with current and former employees of the Debtors. The Committee has also spoken with many victims that have been affected by the actions of the Debtors' former directors and officers. The Committee's investigation has uncovered significant claims and causes of action based on fraud, recklessness, gross mismanagement, and self-interested conduct by the Debtors' former directors and officers.

2. The Committee has shared its current findings with the Debtors, including the proposed Complaint attached as **Exhibit 2** (the "**Complaint**"). That Complaint would bring claims and causes of action against the following prospective defendants:

- **Alexander Mashinsky**, the co-founder, director, and former CEO of Celsius;

- **Shlomi Daniel Leon**, the co-founder, director, and former Chief Strategy Officer and Chief Operating Officer of Celsius;

- **Hanoch "Nuke" Goldstein**, the co-founder and former Chief Technology Officer of Celsius;

1

- **Harumi Urata-Thompson**, the former Chief Financial Officer and Chief Investment Officer of Celsius;

- **Jeremie Beaudry**, the former General Counsel and Chief Compliance Officer of Celsius;

- **Johannes Treutler**, the former head of Celsius' trading desk and person in charge of purchasing CEL tokens on behalf of Celsius;

- **Aliza Landes**, the former Vice President of Lending of Celsius and spouse of Mr. Leon;

- **Kristine Meehan Mashinsky**, the spouse of Mr. Mashinsky; and

- Entities owned by the foregoing individuals (collectively, the "**Prospective Defendants**").

3.  Mr. Mashinsky, Mr. Leon, Mr. Goldstein, Mr. Beaudry, Ms. Urata-Thompson, and Mr. Treutler breached their fiduciary obligations to Celsius. Those parties were aware Celsius was promising its customers interest payments that it could not afford and did nothing to fix the problem. They made negligent, reckless (and sometimes self-interested) investments that caused Celsius to lose *more than $1 billion in a single year*. Their mismanagement (or worse) caused Celsius to lose nearly a *quarter of a billion dollars* because they could not adequately account for the company's assets and liabilities. After that loss, they did not invest in or develop the company's systems to adequately fix the issue, resulting in further losses. They caused Celsius to spend *hundreds of millions of dollars* transferred by customers to inflate the price of CEL tokens, for their direct benefit. They secretly sold *tens of millions* of CEL tokens (or were aware of such sales) as they directed Celsius to purchase the CEL tokens on public markets. They sat idly by as Mr. Mashinsky recklessly bet hundreds of millions of dollars on the movement of the cryptocurrency market. They covered up Mr. Mashinsky's repeated lies about Celsius' investments and financial condition. Finally, when it became apparent that Celsius would be required to file for bankruptcy, the Prospective Defendants withdrew assets from the sinking ship,

2

while actively encouraging customers to keep their assets on the Celsius platform.

4. Either by direct action or systematic omission, each of the Prospective Defendants abused the trust of Celsius and its customers and is liable to Celsius (and those creditors) for the damage they caused. By this Motion, the Committee seeks the entry of an order approving the Stipulation and Agreed Order between the Debtors and the Committee that will ensure that claims and causes of action against the Prospective Defendants' and other directors, officers, and employees of Celsius are preserved and prosecuted for the benefit of the victims of the Prospective Defendants' negligent, reckless, and fraudulent conduct and provides a mechanism for the Committee to take immediate action if necessary.

5. The Committee understands that the Debtors intend to propose a plan of reorganization in short order. The Debtors have agreed that any such plan will include a litigation trust or other similar entity that will prosecute the claims and causes of action set forth in the Complaint, all other claims and causes of action against the Prospective Defendants, and other claims and causes of action identified and agreed to by the Debtors and the Committee. The Debtors have also agreed that they will not seek a release or exculpation with respect to any of the Prospective Defendants or any defendants with respect to claims and causes of action that the Debtors and the Committee have agreed to transfer to the litigation trust.

6. Many government organizations are also investigating the Prospective Defendants, including the Attorney General for the State of New York who has already brought a lawsuit against Mr. Mashinsky. The Committee intends to work with those organizations to ensure that any recovery from Mr. Mashinsky and his co-conspirators is returned to the victims who were harmed by their actions.

7. The Committee's investigation is not complete. This is one step in a series of

actions that the Committee intends to take to ensure that the value of claims and causes of action against those responsible for the harm caused by Celsius is maximized and made available to account holders and unsecured creditors.

## JURISDICTION AND VENUE

8.  The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for this Motion are sections 105(a), 1103(c)(2) and (5), and 1109(b) of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

## RELIEF REQUESTED

9.  By this Motion, pursuant to sections 105(a), 1103(c)(2) and (5), and 1109(b) of the Bankruptcy Code, the Committee requests entry of the Proposed Order attached as **Exhibit 1** approving the Stipulation and Agreed Order.

## FACTUAL BACKGROUND

10. The factual background underlying this Motion is set forth in the Complaint attached to this Motion as **Exhibit 2**, which is incorporated herein by reference.

11. The Committee's statutory mandate includes the investigation of potential claims and causes of action of the Debtors. To that end, since its appointment, the Committee has and continues to investigate the Debtors and the circumstances that led to the filing of these chapter 11 cases, including reviewing tens of thousands of documents and conducting more than 25 interviews of current or former Celsius employees and creditors. That investigation remains ongoing. Through those efforts, the Committee identified and developed claims and causes of action against certain of the Debtors' insiders and members of management, including those set

4

forth in the Complaint, that the Committee believes could provide a significant recovery to the Debtors' estates.

12. On February 4, 2023, the Committee sent a letter to the Debtors requesting standing to pursue claims and causes of action against the Prospective Defendants. On February 8, 2023, the Debtors, through counsel, formally informed the Committee that they would contribute such claims to a litigation trust as part of any plan. On February 14, 2023, the Debtors and the Committee entered into the Stipulation and Agreed Order.

## BASIS FOR RELIEF

13. The Bankruptcy Code provides for the establishment of an official committee of unsecured creditors to protect the rights of its constituents and similarly situated creditors, and authorizes the official unsecured creditors' committee to "perform such other services as are in the interest of those represented." 11 U.S.C. § 1103(c)(5). Section 1103 of the Bankruptcy Code authorizes official committees to "investigate the acts, conduct, assets, liabilities, and financial condition of the debtor, the operation of the debtor's business and the desirability of the continuance of such business, and any other matter relevant to the case or the formulation of a plan." 11 U.S.C. § 1103(c)(2). Moreover, section 1109(b) of the Bankruptcy Code provides, in relevant part, that "a party in interest, including . . . a creditors' committee . . . may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b). The right to "appear and be heard" includes the right to assert claims on behalf of the debtors. *See, e.g.*, *Official Comm. of Unsecured Creditors v. I. Hyman Corp.* (*In re Joyanna Holitogs, Inc.*), 21 B.R. 323, 326 (Bankr. S.D.N.Y. 1982). Further, there is "an implied . . . right for creditors' committees to initiate adversary proceedings in the name of the debtor in possession." *Unsecured Creditors Comm. v. Noyes* (*In re STN Enters.*), 779 F.2d 901, 904 (2d Cir. 1985).

14. The Second Circuit has held that "[a] creditors' committee may acquire standing to pursue the debtor's claims if (1) the committee has the consent of the debtor in possession or trustee, and (2) the court finds that suit by the committee is (a) in the best interest of the bankruptcy estate, and (b) is 'necessary and beneficial' to the fair and efficient resolution of the bankruptcy proceedings." *Commodore Int'l Ltd. v. Gould* (*In re Commodore Int'l Ltd.*), 262 F.3d 96, 100 (2d Cir. 2001); *see also Glinka v. Murad* (*In re Housecraft Indus. USA, Inc.*), 310 F.3d 64, 70 (2d Cir. 2002).

15. Here, the Stipulation and Agreed Order requests a finding that the pursuit of the claims set forth in the Complaint is in the best interest of the Debtors' estate and necessary and beneficial to the fair and efficient resolution of the bankruptcy proceedings. Both the Committee and the Debtors agree that is the case.

16. The Complaint would bring claims and causes of action against the Prospective Defendants to return millions of dollars removed from the Celsius platform in the months prior to the Pause and recover damages from billions of dollars that were lost by the Prospective Defendants' negligent, reckless, and self-interested conduct. The facts set forth in the Complaint are supported by the report issued by the independent examiner who was appointed in these cases. *See* Dkt. No. 1956. The Committee believes the claims have substantial merit. The prosecution of the claims (and others which will be brought at the appropriate time) could return significant value to the Debtors' estate and its creditors.

17. Moreover the Committee is proceeding in an efficient manner. It conducted its investigation alongside the Examiner to the greatest extent practicable to minimize duplication of effort. It negotiated and agreed to the Stipulation and Agreed Order with the Debtors which ensures that the claims set forth in the Complaint, and others identified by the Committee and

6

agreed to by the Debtors, will be preserved for the benefit of creditors and contributed to a liquidating trust under any plan proposed or supported by the Debtors. The Stipulation and Agreed Order also provides the Committee with a mechanism to seek an expedited hearing if necessary to prevent the dissipation of the value of the claims and causes of action in the Complaint. The Committee is monitoring the cryptocurrency wallets of the Prospective Defendants and is prepared to act if necessary.[2] At this time, however, the Committee is focused on maximizing value for account holders, hopefully through a plan of reorganization that returns as much value to account holders as possible. If there becomes an immediate need to prosecute the Complaint, the Committee will not hesitate to do so.

## MOTION PRACTICE

18.  This Motion includes citations to the applicable rules and statutory authorities upon which the relief herein is predicated and a discussion of their application to this Motion. Accordingly, the Committee submits that this Motion satisfies Local Rule 9013-1(a).

## NOTICE

19.  The Committee will provide notice of this Motion to the following parties or their respective counsel: (a) the U.S. Trustee; (b) the Debtors; (c) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); (d) the United States Attorney's Office for the Southern District of New York; (e) the Internal Revenue Service; (f) the offices of the attorneys general in the states in which the Debtors operate; (g) the Securities and Exchange Commission; (h) the Chapter 11 examiner; and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Committee submits that, in light of the nature of the relief requested, no other or

---

[2] For instance, two days before this Motion was filed, Mr. Mashinsky swapped CEL for USDT and ETH worth approximately $48,000 and transferred that cryptocurrency to a Coinbase address.

7

further notice need be given.

## RESERVATION OF RIGHTS

20. The Committee reserves all of its rights to supplement or amend this Motion and the Complaint.

## CONCLUSION

21. WHEREFORE, for the reasons set forth herein, the Committee respectfully requests that the Court enter an order granting the relief requested herein and other relief as the Court deems appropriate under the circumstances.

Dated: February 14, 2023  Respectfully submitted,
New York, New York

*/s/ Aaron Colodny*
**WHITE & CASE LLP**
David M. Turetsky
Samuel P. Hershey
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile:  (212) 354-8113
Email: david.turetsky@whitecase.com
sam.hershey@whitecase.com

– and –

**WHITE & CASE LLP**
Michael C. Andolina (admitted *pro hac vice*)
Gregory F. Pesce (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone: (312) 881-5400
Facsimile:  (312) 881-5450
Email: mandolina@whitecase.com
gregory.pesce@whitecase.com

– and –

**WHITE & CASE LLP**

>Keith H. Wofford
>Southeast Financial Center
>200 South Biscayne Blvd., Suite 4900
>Miami, Florida 33131
>Telephone: (305) 371-2700
>Facsimile:  (305) 358-5744
>Email: kwofford@whitecase.com
>
>– and –
>
>**WHITE & CASE LLP**
>Aaron E. Colodny (admitted *pro hac vice*)
>555 South Flower Street, Suite 2700
>Los Angeles, California 90071
>Telephone: (213) 620-7700
>Facsimile:  (213) 452-2329
>Email:  aaron.colodny@whitecase.com
>
>*Counsel to the Official Committee of Unsecured Creditors*