| | |
|---|---|
| Joshua A. Sussberg, P.C. | Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*) |
| **KIRKLAND & ELLIS LLP** | Ross M. Kwasteniet, P.C. (admitted *pro hac vice*) |
| **KIRKLAND & ELLIS INTERNATIONAL LLP** | Christopher S. Koenig |
| 601 Lexington Avenue | Dan Latona (admitted *pro hac vice*) |
| New York, New York 10022 | **KIRKLAND & ELLIS LLP** |
| Telephone: (212) 446-4800 | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Facsimile: (212) 446-4900 | 300 North LaSalle Street |
| | Chicago, Illinois 60654 |
| | Telephone: (312) 862-2000 |
| | Facsimile: (312) 862-2200 |

*Counsel to the Initial Debtors and Debtors in Possession*

*Proposed Counsel to the GK8 Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**DEBTORS' REPLY IN SUPPORT OF DEBTORS' MOTION FOR
AN ORDER (I) APPROVING (A) OMNIBUS CLAIMS OBJECTION
PROCEDURES AND FORM OF NOTICE, (B) OMNIBUS SUBSTANTIVE
CLAIMS OBJECTIONS, AND (C) SATISFACTION PROCEDURES AND
FORM OF NOTICE, AND (II) MODIFYING BANKRUPTCY RULE 3007(E)(6)**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this reply (this "Reply") in support of the *Debtors' Motion for an Order (I) Approving (A) Omnibus Claims Objection Procedures and Form of Notice, (B) Omnibus Substantive Claims*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Objections, and (C) Satisfaction Procedures and Form of Notice, and (II) Modifying Bankruptcy Rule 3007(e)(6)* [Docket No. 1972] (the "Motion")[2] and in response to the limited objection filed with respect thereto by Victor Ubierna de las Heras [Docket No. 2039] (the "Limited Objection"). In support of this Reply, the Debtors state the following:

### Reply

1. As of February 8, 2023, approximately 22,900 Proofs of Claims have been filed. As the Debtors prepare to file a plan and disclosure statement, and commence solicitation of such plan, it is necessary for the Debtors to commence the claims reconciliation process to ensure a fair and equitable voting process. As further set forth in the Motion, the Debtors are seeking approval of Objection Procedures so that the Claims reconciliation process is conducted in a timely, efficient, and cost-effective manner.

2. In response to the Motion, one Limited Objection was filed. In addition, the Debtors received comments from the Committee, which have been incorporated in the revised proposed order filed contemporaneously herewith, and other informal comments from creditors, which have been resolved. The Limited Objection does not object to the relief requested in the Motion or the Objection Procedures themselves, rather, in the Limited Objection, Mr. Ubierna de las Heras objects to specific language in the Objection Procedures and the Objection Notice related to discovery. Specifically, Mr. Ubierna de las Heras is concerned that certain language in the Objection Procedures and the Objection Notice might confuse creditors about their right to seek discovery should their Claim be objected to. In the Limited Objection, Mr. Ubierna de las Heras includes suggested modifications to the language in the Objection Procedures and the Objection

---

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

2

Notice to clarify that, if the Debtors object to a Claim, both the Debtors and the claimant may seek discovery.

3. The Debtors understand and appreciate Mr. Ubierna de las Heras' concerns and do not seek to confuse or mislead creditors. In response to the Limited Objection, the Debtors have included language in section 10, "Response Contents," of Exhibit 1 and the "Response Contents" section of Exhibit 2 attached to the revised proposed order that states the following:

> For the avoidance of doubt, a Response may also, but is not required to, include a statement that discovery is necessary to resolve the Omnibus Objection. The statement needs only to clarify that the affected claimant believes discovery is necessary, but does not need to set forth the discovery requested. If the affected claimant includes such statement in his or her Response, such claimant must serve notice of his or her request in accordance with the below. The scheduled hearing will then be treated as a status conference during which the parties will request that the Court issue a scheduling order to discuss what, if any, discovery is necessary to facilitate dismissal or resolution of the litigation. Such notice must be provided in a separate notice. In accordance with Local Rule 9014-2, the first hearing on any contested Omnibus Objection with respect to a particular Claim will not be an evidentiary hearing, and there is no need for any witnesses to appear at such hearing unless the Court orders otherwise in accordance with Local Rule 9014-2.

4. The Debtors believe that this language appropriately addresses Mr. Ubierna de las Heras' concerns and there are no other outstanding objections to the Motion.

## **Conclusion**

5. Accordingly, for the reasons set forth herein and in the Motion, the Debtors request that the Court approve the Motion.

WHEREFORE, the Debtors submit that the Court should overrule the Limited Objection and grant the relief requested in the Motion as modified by the revised proposed order.

| | |
|---|---|
| New York, New York<br>Dated: February 14, 2023 | */s/ Joshua A. Sussberg*<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C.<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:     (212) 446-4800<br>Facsimile:      (212) 446-4900<br>Email:            jsussberg@kirkland.com<br><br> - and -<br><br>Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)<br>Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)<br>Christopher S. Koenig<br>Dan Latona (admitted *pro hac vice*)<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Telephone:     (312) 862-2000<br>Facsimile:      (312) 862-2200<br>Email:            patrick.nash@kirkland.com<br>                        ross.kwasteniet@kirkland.com<br>                        chris.koenig@kirkland.com<br>                        dan.latona@kirkland.com<br><br>*Counsel to the Initial Debtors and Debtors in Possession*<br><br>*Proposed Counsel to the GK8 Debtors and Debtors in Possession* |