Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200

*Counsel to the Initial Debtors and Debtors in Possession*

*Proposed Counsel to the GK8 Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF FILING OF**
**REVISED PROPOSED ORDER (I) APPROVING**
**(A) OMNIBUS CLAIMS OBJECTION PROCEDURES,**
**(B) OMNIBUS SUBSTANTIVE CLAIMS OBJECTIONS AND**
**FORM OF NOTICE, AND (C) SATISFACTION PROCEDURES AND**
**FORM OF NOTICE AND (II) MODIFYING BANKRUPTCY RULE 3007(e)(6)**

**PLEASE TAKE NOTICE** that on February 1, 2023, the above-captioned debtors and

debtors in possession (collectively, the "Debtors") filed the *Debtors' Motion for an Order*

*(I) Approving (A) Omnibus Claims Objection Procedures and Form of Notice, and (B) Omnibus*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Substantive Claims Objections, and (C) Satisfaction Procedures and Form of Notice, and (II) Modifying Bankruptcy Rule 3007(e)(6)* [Docket No. 1972] (the "<u>Motion</u>").

**PLEASE TAKE FURTHER NOTICE** that the Debtors hereby submit a revised proposed *Order (I) Approving (A) Omnibus Claims Objection Procedures and Form of Notice, and (B) Omnibus Substantive Claims Objections, and (C) Satisfaction Procedures and Form of Notice, and (II) Modifying Bankruptcy Rule 3007(e)(6)* attached hereto as **<u>Exhibit A</u>** (the "<u>Revised Proposed Order</u>").

**PLEASE TAKE FURTHER NOTICE** that a comparison between the proposed order filed as <u>Exhibit A</u> to the Motion (the "<u>Proposed Order</u>") and the Revised Proposed Order is attached hereto as **<u>Exhibit B</u>**.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion, the Proposed Order, the Revised Proposed Order, and other pleadings filed in the above-captioned chapter 11 cases may be obtained free of charge by visiting the website of Stretto at http://www.cases.stretto.com/celsius.  You may also obtain copies of any pleadings by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

*[Remainder of page intentionally left blank]*

New York, New York
Dated:  February 14, 2023

/s/ Joshua A. Sussberg

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:       (212) 446-4800
Facsimile:        (212) 446-4900
Email:             joshua.sussberg@kirkland.com

- and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:       (312) 862-2000
Facsimile:        (312) 862-2200
Email:             patrick.nash@kirkland.com
                     ross.kwasteniet@kirkland.com
                     chris.koenig@kirkland.com
                     dan.latona@kirkland.com

*Counsel to the Initial Debtors and Debtors in Possession*

*Proposed Counsel to the GK8 Debtors and Debtors in Possession*

**<u>Exhibit A</u>**

**Revised Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## ORDER (I) APPROVING (A) OMNIBUS CLAIMS OBJECTION PROCEDURES, (B) OMNIBUS SUBSTANTIVE CLAIMS OBJECTIONS AND FORM OF NOTICE, AND (C) SATISFACTION PROCEDURES AND FORM OF NOTICE AND (II) MODIFYING BANKRUPTCY RULE 3007(e)(6)

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order (this "Order");  (a) approving the Objection Procedures and the Objection Notice attached hereto, (b) authorizing the Debtors to assert substantive objections to Claims (including requests for payment of Administrative Claims) in an omnibus format pursuant to Bankruptcy Rules 3007(c) and 3007(d), (c) approving the Satisfaction Procedures and the form of Notice of Satisfaction attached hereto, (d) modifying the requirement in Bankruptcy Rule 3007(e)(6) to allow the Debtors to file Omnibus Objections containing objections to up to 250 Claims, and (e) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012; and this Court having the power to enter

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing thereon were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT

1. The Motion is granted to the extent set forth herein.

2. Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, or the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules") and pursuant to Bankruptcy Rule 3007(c), the Debtors may file Omnibus Objections that include objections to Claims (including requests for payment of Administrative Claims) on any bases set forth in Bankruptcy Rule 3007(d) or the Additional Grounds.  For the avoidance of doubt, Debtors GK8 Ltd., GK8 UK Limited, and GK8 USA LLC may also file Omnibus Objections on the terms set forth in this Order.

3. Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules, the Debtors may object to up to 250 Claims in a single Omnibus Objection on any of the bases set forth in Bankruptcy Rule 3007(d) or the Additional Grounds.

4. The Objection Procedures attached hereto as **Exhibit 1** are approved and the Debtors may file and prosecute any Omnibus Objections in accordance with the Objection

Procedures and the other procedural safeguards set forth in Bankruptcy Rule 3007(e) except as stated in paragraph 3.

5.      The form of Objection Notice attached hereto as **Exhibit 2** is approved. The Debtors are authorized to mail or email Objection Notices in accordance with the Objection Procedures.

6.      The Satisfaction Procedures attached hereto as **Exhibit 3** are approved.

7.      The form of Notice of Satisfaction attached to the Order as **Exhibit 4** is approved. The Debtors are authorized, with prior notice to the Committee, to mail or email Notices of Satisfaction in accordance with the Satisfaction Procedures that notify certain claimants of the Debtors' belief that those Claims have been satisfied in full and will be expunged from the Claims Register absent a timely response from the Claim holder.  If no response is received timely from the recipient of the Notice of Satisfaction, the Debtors or the Claims and Noticing Agent acting on the Debtors' behalf are authorized to expunge such Claim from the Claims Register and such recipient shall not be treated as a creditor with respect to the Claim for purposes of distribution.

8.      For the avoidance of doubt, the Debtors may include scheduled Claims in Omnibus Objections.

9.      The terms, conditions, and provisions of this Order shall be immediately effective and enforceable upon entry hereof.

10.     Notwithstanding anything to the contrary in the Motion, this Order, or any findings announced at the Hearing, nothing in the Motion, this Order, or announced at the Hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis are expressly reserved.

11.     Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens.  Any payment made pursuant to this Order is not intended and should not be construed as an admission as the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

12.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

13.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2023

_____
THE HONORABLE MARTIN GLENN
CHIEF UNITED STATES BANKRUPTCY JUDGE

## **Exhibit 1**

### **Objection Procedures**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

## PROCEDURES FOR FILING AND SERVING OMNIBUS CLAIMS OBJECTIONS

On [●], 2023, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered the *Order (I) Approving (A) Omnibus Claims Objection Procedures and Form of Notice, (B) Omnibus Substantive Claims Objections, and (C) Satisfaction Procedures and Form of Notice and (II) Modifying Bankruptcy Rule 3007(e)(6)* [Docket No. [●]] (the "Order") in the chapter 11 cases of the above-captioned debtors (collectively, the "Debtors").[2]  Among other things, the Order approved these omnibus objection procedures.

### Omnibus Objections

1.    <u>Grounds for Omnibus Objections</u>.  In addition to those grounds expressly set forth in Bankruptcy Rule 3007(d), the Debtors may file omnibus objections (each, an "Omnibus Objection") to Claims, in whole or part, on the following grounds:

      a.    the Claims are inconsistent with the Debtors' books and records;

      b.    Claims for the return of cryptocurrency are asserted partially or fully in U.S. Dollars rather than cryptocurrency;

      c.    the Claims fail to specify the amount or assert the amount as "unliquidated";

      d.    the Claims fail to specify sufficiently the basis for the Claim or provide sufficient supporting documentation for such Claim;

      e.    the Claims seek to recover amounts for which the Debtors are not liable;

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2]    All capitalized terms used but not otherwise defined herein have the meanings given to them in the Order.

f.       the Claims are classified incorrectly or improperly;

g.       the Claims are filed against non-Debtors, the wrong Debtor, or are filed against multiple Debtors, except to the extent permitted under the Original or Amended Bar Date Order;

h.       the Claims have been disallowed pursuant to section 502 of the Bankruptcy Code;

i.       the Claim has been satisfied in full by a party that is not a Debtor;

j.       it is determined by an order of the Court, or other court of competent jurisdiction, that one or more of the Debtors' insurers are obligated to satisfy the Claims;

k.       the claimant has withdrawn the Claim formally pursuant to either a pleading or the entry of a Court order;

l.       the Claim includes CEL or other cryptocurrency rewards obtained in violation of the Terms of Use; and

m.       the Claimant has multiple Celsius accounts in violation of the Terms of Use.

2.       <u>Form of Omnibus Objection</u>.    Each Omnibus Objection will be numbered consecutively regardless of basis.

3.       <u>Supporting Documentation</u>.  To the extent appropriate, an affidavit or declaration may be provided in connection with an Omnibus Objection from a party with knowledge of the Debtors' books and records and the manner in which they are maintained that states that such party has reviewed the Claims included therein and applicable supporting information and documentation provided therewith, made reasonable efforts to research the Claim on the Debtors' books and records, and determined that the books and records do not reflect the debt or the amount of debt that is alleged in the Claim.

4.       <u>Claims Exhibits</u>.  An exhibit or exhibits listing the Claims that are subject to the particular Omnibus Objection will be attached thereto.  Each exhibit will include only the Claims for which there is a common basis for the objection.  Claims that have more than one basis for objection will be on one exhibit with reference to all of the bases for objecting to the Claims; *provided* that such exhibit will only include Claims for which there are common bases for the objection.  The Debtors' right to object to a Claim on an additional basis or bases will not be waived if such Claim has been included on an exhibit to either a previous or the same Omnibus Objection.  The exhibits will include the following information and be alphabetized based on claimant:

a.       the Claims that are the subject of the Omnibus Objection and, if applicable, the Proof of Claim number(s) or schedule number(s) related thereto from the Claims Register;

2

  b.  the asserted amount of the Claim;

  c.  the grounds for the Omnibus Objection;

  d.  a cross-reference to the section in the Omnibus Objection discussing such Claim; and

  e.  other information, as applicable, including (i) the proposed classification of Claims the Debtors seek to reclassify, (ii) the reduced Claim amount(s) of Claims the Debtors seek to reduce, or (iii) the surviving Claims, if any, of groups of Claims the Debtors seek to expunge.

  5.  <u>Objection Notice</u>.  An objection notice, substantially in the form attached to the Order as <u>Exhibit 2</u>, will accompany each omnibus objection (the "<u>Objection Notice</u>") to address a particular creditor, Claim, or objection and will include the following:

  f.  a description of the basic nature of the Omnibus Objection;

  g.  information about the rights that creditors may have as a result of the Omnibus Objection and that failure to file a response may result in the Omnibus Objection being granted as to the claimant's Claim;

  h.  procedures for filing a written response (each, a "<u>Response</u>") to the objection, including all relevant dates and deadlines related thereto;

  i.  the hearing date, if applicable, and related information; and

  j.  a description of how copies of Proofs of Claim, the Omnibus Objection, and other pleadings filed in the chapter 11 cases may be obtained.

  6.  <u>Notice and Service</u>.  Each Omnibus Objection will be filed with the Court and served upon (a) the affected claimant party set forth on the Proof of Claim or their respective attorney of record, (b) the U.S. Trustee, (c) the official committee of unsecured creditors, and (d) parties that have filed a request for service of papers under Bankruptcy Rule 2002.

  7.  <u>Omnibus Hearings</u>.  Each Omnibus Objection shall be set for hearing no less than thirty (30) days after service of the Omnibus Objection (the "<u>Hearing</u>").  The Debtors may request at the Hearing that the Court enter an order granting the Omnibus Objection with respect to each Claim subject to the Omnibus Objection when either (a) no Response has been filed in accordance with the proposed response procedures with respect to the Claim(s) or (b) a Response has been filed in accordance with the proposed response procedures with respect to the Claim(s), but such Response has been resolved prior to the Hearing.  If a Response to an objection to a Claim cannot be resolved and a hearing is determined to be necessary, the Debtors shall file with the Court and serve on the affected claimant(s) a notice of the hearing to the extent the Debtors did not file a notice of hearing previously.  Notwithstanding the Case Management Order, the Debtors may adjourn Hearings regarding Omnibus Objections to subsequent hearing dates without further order of the Court.

8.      Contested Matter.  Each Claim subject to an Omnibus Objection along with any Responses thereto shall constitute a separate contested matter as contemplated in Bankruptcy Rule 9014, and any order that the Court may enter with respect to an Omnibus Objection will be deemed a separate order with respect to such Claim.  The Debtors may, in their discretion and in accordance with other orders of this Court or the provisions of the Bankruptcy Code and the Bankruptcy Rules, settle the priority, amount, and validity of such contested Claims without any further notice to or action, order, or approval of the Court.

## Responses to Omnibus Objections

9.      Parties Required to File a Response.  Any party who disputes an Omnibus Objection is required to file a Response in accordance with the procedures set forth herein.  If a party's Claim is subject to an Omnibus Objection and does not file and serve a Response in compliance with the procedures below, the Court may grant the Omnibus Objection with respect to such Claim without further notice to the claimant.

10.     Response Contents.  Each Response must contain the following (at a minimum):

k.      a caption stating the name of the Court, the name of the Debtors, the case number, the title of the Omnibus Objection to which the Response is directed, and, if applicable, the Proof of Claim number(s) related thereto from the Claims Register;

l.      a concise statement setting forth the reasons why the Court should not grant the Omnibus Objection with respect to such Claim, including the specific factual and legal bases upon which the claimant will rely in opposing the Omnibus Objection;

m.      a copy of any other documentation or other evidence of the Claim, to the extent not already included with the Proof of Claim, upon which the claimant will rely in opposing the Omnibus Objection; *provided, however*, that the claimant need not disclose confidential, proprietary, or otherwise protected information in the Response; *provided, further, however,* that the claimant shall disclose to the Debtors all information and provide copies of all documents that the claimant believes to be confidential, proprietary, or otherwise protected and upon which the claimant intends to rely in support of its Claim, subject to appropriate confidentiality constraints; and

n.      the following contact information for the responding party:

(i)     the name, address, telephone number, and email address of the responding claimant or the claimant's attorney or designated representative to whom the attorneys for the Debtors should serve a reply to the Response, if any; or

(ii)    the name, address, telephone number, and email address of the party with authority to reconcile, settle, or otherwise resolve the Omnibus Objection on the claimant's behalf.

For the avoidance of doubt, a Response may also, but is not required to, include a statement that discovery is necessary to resolve the Omnibus Objection. The statement needs only to clarify that the affected claimant believes discovery is necessary, but does not need to set forth the discovery requested. If the affected claimant includes such statement in his or her Response, such claimant must serve notice of his or her request in accordance with the below. The scheduled hearing will then be treated as a status conference during which the parties will request that the Court issue a scheduling order to discuss what, if any, discovery is necessary to facilitate dismissal or resolution of the litigation. Such notice must be provided in a separate notice. In accordance with Local Rule 9014-2, the first hearing on any contested Omnibus Objection with respect to a particular Claim will not be an evidentiary hearing, and there is no need for any witnesses to appear at such hearing unless the Court orders otherwise in accordance with Local Rule 9014-2.

11.    <u>Filing and Service of the Response</u>. A Response will be deemed timely only if it is filed with the Court and served so as to be *actually received* at or before 4:00 p.m. (prevailing Eastern Time) on the day that is seven (7) calendar days before the Hearing (the "<u>Response Deadline</u>") unless the Debtors consent to an extension in writing and the parties file a letter with the Court setting out the request in accordance with the Case Management Order. A Response must be filed with the Court and served timely on the following parties, with a copy to the Court's chambers:

a.    **Debtors.** Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C. (jsussberg@kirkland.com) and Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654, Attn: Patrick J. Nash, P.C. (patrick.nash@kirkland.com), Ross M. Kwasteniet, P.C. (ross.kwasteniet@kirkland.com), Christopher S. Koenig (chris.koenig@kirkland.com), and Dan Latona (dan.latona@kirkland.com);

b.    **Committee.** White & Case LLP, 1221 Avenue of the Americas, New York, New York 10020, Attn: David Turetsky (david.turetsky@whitecase.com) and Samuel P. Hershey (sam.hershey@whitecase.com), White & Case, 111 South Wacker Drive, Suite 5100, Chicago, Illinois 60606, Attn: Michael C. Andolina (mandolina@whitecase.com) and Gregory F. Pesce (gregory.pesce@whitecase.com), White & Case LLP, 200 South Biscayne Blvd., Suite 4900, Miami, Florida 33133, Attn: Keith H. Wofford (kwofford@whitecase.com), and White & Case LLP, 555 South Flower Street, Suite 2700, Los Angeles, California 90071, Attn: Aaron E. Colodny (aaron.colodny@whitecase.com); and

c.    **U.S. Trustee.** The Office of the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York, 10014, Attn: Shara Cornell (shara.cornell@usdoj.gov), Mark Bruh (mark.bruh@usdoj.gov), and Brian S. Masumoto (brian.masumoto@usdoj.com).

12.    <u>Discovery</u>. If the Debtors determine that discovery is necessary in advance of a hearing on an Omnibus Objection, the Debtors will serve notice on the affected claimant and its counsel of record that the scheduled hearing will be treated as a status conference during which the parties will request that the Court issue a scheduling order to facilitate dismissal or resolution of the litigation. Such notice may be incorporated into the initial agenda letter for the hearing or

5

may be provided in a separate notice.  In accordance with Local Rule 9014-2, the first hearing on any contested Omnibus Objection with respect to a particular Claim will not be an evidentiary hearing, and there is no need for any witnesses to appear at such hearing unless the Court orders otherwise in accordance with Local Rule 9014-2.

13.    <u>Failure to Respond</u>.  A Response that is not filed and served on or before the Response Deadline or such other date as agreed with the Debtors, in accordance with the procedures set forth herein, may not be considered at the Hearing before the Court.  **Absent reaching an agreement with the Debtors that resolves the Omnibus Objection to a Claim, failure to both file and serve a Response timely as set forth herein may result in the Court granting the Omnibus Objection without further notice or hearing**.  Affected creditors will be served with such order once it has been entered.

14.    <u>Reply to a Response</u>.  The Debtors shall be permitted to file a reply to any Response no later than three (3) business days before the Hearing with respect to the relevant Omnibus Objection.

## **Miscellaneous**

15.    <u>Additional Information</u>.  Copies of the Motion and other pleadings filed in these chapter 11 cases may be obtained free of charge by visiting the case website of the Debtors at https://cases.stretto.com/celsius.  You may also obtain copies of the Motion and other pleadings filed in these chapter 11 cases by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

16.    <u>Reservation of Rights</u>.  NOTHING IN ANY NOTICE SHALL BE DEEMED TO CONSTITUTE A WAIVER OF ANY RIGHTS OF THE DEBTORS OR ANY OTHER PARTY IN INTEREST TO DISPUTE ANY CLAIMS, ASSERT COUNTERCLAIMS, RIGHTS OF OFFSET OR RECOUPMENT, DEFENSES, OBJECT TO ANY CLAIMS ON ANY GROUNDS NOT PREVIOUSLY RAISED IN AN OBJECTION (UNLESS THE COURT HAS ALLOWED THE CLAIM OR ORDERED OTHERWISE), OR SEEK TO ESTIMATE ANY CLAIM AT A LATER DATE.  AFFECTED PARTIES WILL BE PROVIDED APPROPRIATE NOTICE THEREOF AT SUCH TIME.

**Exhibit 2**

**Objection Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF OBJECTION TO YOUR PROOF OF CLAIM AND DEADLINE
TO FILE A RESPONSE WITH THE BANKRUPTCY COURT**

   **PLEASE TAKE NOTICE** that the above-captioned debtors and debtors in possession (collectively, the "Debtors") are objecting to your Claim(s)[2] pursuant to the attached objection (the "Objection").

> **YOU SHOULD LOCATE YOUR NAME AND YOUR CLAIM(S) ON THE SCHEDULES ATTACHED HERETO.  PLEASE TAKE NOTICE THAT YOUR CLAIM(S) MAY BE DISALLOWED, EXPUNGED, RECLASSIFIED, REDUCED, OR OTHERWISE AFFECTED AS A RESULT OF THE OBJECTION.  THEREFORE, PLEASE READ THIS NOTICE AND THE ACCOMPANYING OBJECTION VERY CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY.  IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

**<u>Important Information Regarding the Objection</u>**

   <u>Grounds for the Objection</u>.  Pursuant to the Objection, the Debtors are seeking to [disallow/expunge/reclassify/reduce] your Claim(s) listed in the table attached hereto as **<u>Exhibit A</u>** on the grounds that your Claim(s) [is/are] [●].  The Claim(s) subject to the Objection may also be found on the schedules attached to the Objection, a copy of which has been provided with this notice.

   <u>Objection Procedures</u>.  On [●], 2023, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order [Docket No. [●]] approving procedures for filing and resolving objections to Claims asserted against the Debtors in the chapter 11 cases.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection Procedures.

***Please review the Objection Procedures to ensure your response to the Objection, if any, is filed and served timely and correctly***.

### **Resolving the Objection**

*Resolving Objections*.  Certain of the Debtors' advisors will be available to discuss and resolve consensually the Objection to your Claim(s) without the need for filing a formal response or attending a hearing.  Please contact Kirkland & Ellis LLP, the Debtors' restructuring counsel, via e-mail at CelsiusClaimsProcedures@kirkland.com, within twenty calendar days after the date of this notice or such other date as the Debtors may agree in writing.  Please have your Proof(s) of Claim and any related material available for any such discussions.

*Parties Required to File a Response*.  If you are <u>not</u> able to resolve consensually the Objection filed with respect to your Claim as set forth above, you must file a response (each, a "<u>Response</u>") with the Court in accordance with the procedures described below.

*Response Contents*.  Each Response must contain the following (at a minimum):

a.      a caption stating the name of the Court, the name of the Debtors, the case number, the title of the Omnibus Objection to which the Response is directed, and, if applicable, the Proof of Claim number(s) related thereto from the Claims Register;

b.      a concise statement setting forth the reasons why the Court should not grant the Omnibus Objection with respect to your Claim, including the specific factual and legal bases upon which the claimant will rely in opposing the Omnibus Objection;

c.      a copy of any other documentation or other evidence of the Claim, to the extent not already included with the Proof of Claim, upon which the claimant will rely in opposing the Omnibus Objection; *provided, however*, that the claimant need not disclose confidential, proprietary, or otherwise protected information in the Response; *provided, further, however,* that the claimant shall disclose to the Debtors all information and provide copies of all documents that the claimant believes to be confidential, proprietary, or otherwise protected and upon which the claimant intends to rely in support of its Claim, subject to appropriate confidentiality constraints; and

d.      the following contact information for the responding party:

(i)      the name, address, telephone number, and email address of the responding claimant or the claimant's attorney or designated representative to whom the attorneys for the Debtors should serve a reply to the Response, if any; or

(ii)      the name, address, telephone number, and email address of the party with authority to reconcile, settle, or otherwise resolve the Omnibus Objection on the claimant's behalf.

For the avoidance of doubt, a Response may also, but is not required to, include a statement that discovery is necessary to resolve the Omnibus Objection. The statement needs only to clarify that the affected claimant believes discovery is necessary, but does not need to set forth the discovery requested. If the affected claimant includes such statement in his or her Response, such claimant must serve notice of his or her request in accordance with the below. The scheduled hearing will then be treated as a status conference during which the parties will request that the Court issue a scheduling order to discuss what, if any, discovery is necessary to facilitate dismissal or resolution of the litigation. Such notice must be provided in a separate notice. In accordance with Local Rule 9014-2, the first hearing on any contested Omnibus Objection with respect to a particular Claim will not be an evidentiary hearing, and there is no need for any witnesses to appear at such hearing unless the Court orders otherwise in accordance with Local Rule 9014-2.

Notice and Service. Your Response must be filed with the Court and served so as to be *actually received* on or before **4:00 p.m. (prevailing Eastern Time) on [●]**, unless the Debtors consent to an extension in writing (the "Response Deadline"). A Response must be filed with the Court and served timely on the following parties, with a copy to the Court's chambers:

a. **Debtors.** Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C. (jsussberg@kirkland.com) and Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654, Attn: Patrick J. Nash, P.C. (patrick.nash@kirkland.com), Ross M. Kwasteniet, P.C. (ross.kwasteniet@kirkland.com), Christopher S. Koenig (chris.koenig@kirkland.com), and Dan Latona (dan.latona@kirkland.com);

b. **Committee.** White & Case LLP, 1221 Avenue of the Americas, New York, New York 10020, Attn: David Turetsky (david.turetsky@whitecase.com) and Samuel P. Hershey (sam.hershey@whitecase.com), White & Case, 111 South Wacker Drive, Suite 5100, Chicago, Illinois 60606, Attn: Michael C. Andolina (mandolina@whitecase.com) and Gregory F. Pesce (gregory.pesce@whitecase.com), White & Case LLP, 200 South Biscayne Blvd., Suite 4900, Miami, Florida 33133, Attn: Keith H. Wofford (kwofford@whitecase.com), and White & Case LLP, 555 South Flower Street, Suite 2700, Los Angeles, California 90071, Attn: Aaron E. Colodny (aaron.colodny@whitecase.com); and

c. **U.S. Trustee.** The Office of the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York, 10014, Attn: Shara Cornell (shara.cornell@usdoj.gov), Mark Bruh (mark.bruh@usdoj.com), and Brian S. Masumoto (brian.masumoto@usdoj.com).

Failure to Respond. A Response that is not filed and served in accordance with the procedures set forth herein may not be considered at the Hearing before the Court. **Failure to both file and serve a Response timely as set forth herein may result in the Court granting the Objection without further notice or hearing**. Affected creditors will be served with a copy of the order once it has been entered.

## Hearing on the Objection

Date, Time and Location. A hearing (the "Hearing") on the Objection will be held on [●], at [●] a/p.m., prevailing Eastern Time, before the Honorable Martin Glenn, Chief United States Bankruptcy Judge for the Southern District of New York. In accordance with General Order M-543 dated March 20, 2020, the Hearing will be conducted remotely using Zoom for Government. Parties wishing to appear at the Hearing, whether making a "live" or "listen only" appearance before the Court, need to make an electronic appearance (an "eCourtAppearance") through the Court's website at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl. Electronic appearances (eCourtAppearances) need to be made by 4:00 p.m., prevailing Eastern Time, the business day before the hearing (i.e., on [●], [●]).

Due to the large number of expected participants in the Hearing and the Court's security requirements for participating in a Zoom for Government audio and video hearing, all persons seeking to attend the Hearing at [●]:00 a/p.m., prevailing Eastern Time on [●] must connect to the Hearing beginning at [●]:00 a/p.m., prevailing Eastern Time on [●]. When parties sign in to Zoom for Government and add their names, they must type in the first and last name that will be used to identify them at the Hearing. Parties that type in only their first name, a nickname or initials will not be admitted into the Hearing. When seeking to connect for either audio or video participation in a Zoom for Government Hearing, you will first enter a "Waiting Room," in the order in which you seek to connect. Court personnel will admit each person to the Hearing from the Waiting Room after confirming the person's name (and telephone number, if a telephone is used to connect) with their eCourtAppearance. Because of the large number of expected participants, you may experience a delay in the Waiting Room before you are admitted to the Hearing.

The hearing may be adjourned to a subsequent date in these cases in the Court's discretion. Notwithstanding the Case Management Order, the Debtors may adjourn Hearings regarding Omnibus Objections to subsequent hearing dates without further order of the Court. **You must attend the Hearing if you disagree with the Objection and have filed a Response that remains unresolved prior to the Hearing.** If such Claims cannot be resolved and a hearing is determined to be necessary, the Debtors shall file with the Court and serve on the affected claimants a notice of the hearing to the extent the Debtors did not file a notice of hearing previously.

Discovery. If the Debtors determine that discovery is necessary in advance of a hearing on an Objection, the Debtors will serve notice on the affected claimant and its counsel of record that the scheduled hearing will be treated as a status conference during which the parties will request that the Court issue a scheduling order to facilitate dismissal or resolution of the litigation. Such notice may be incorporated into the initial agenda letter for the hearing or may be provided in a separate notice. In accordance with Local Rule 9014-2, the first hearing on any contested Omnibus Objection with respect a particular Claim will not be an evidentiary hearing, and there is no need for any witnesses to appear at such hearing unless the Court orders otherwise in accordance with Local Rule 9014-2.

## Additional Information

Additional Information. Copies of these procedures, the Order, the Motion, or any other pleadings filed in these chapter 11 cases may be obtained free of charge by visiting the case website

4

of the Debtors at https://cases.stretto.com/celsius.  You may also obtain copies of these documents and other pleadings filed in these chapter 11 cases by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.  **Please do not contact the Court to discuss the merits of any Claim or any Objection filed with respect thereto**.

### **Reservation of Rights**

**NOTHING IN ANY NOTICE SHALL BE DEEMED TO CONSTITUTE A WAIVER OF ANY RIGHTS OF THE DEBTORS OR ANY OTHER PARTY IN INTEREST TO DISPUTE ANY CLAIMS, ASSERT COUNTERCLAIMS, RIGHTS OF OFFSET OR RECOUPMENT, DEFENSES, OBJECT TO ANY CLAIMS ON ANY GROUNDS NOT PREVIOUSLY RAISED IN AN OBJECTION (UNLESS THE COURT HAS ALLOWED THE CLAIM OR ORDERED OTHERWISE), OR SEEK TO ESTIMATE ANY CLAIM AT A LATER DATE.  AFFECTED PARTIES WILL BE PROVIDED APPROPRIATE NOTICE THEREOF AT SUCH TIME.**

*[Remainder of page intentionally left blank]*

New York, New York
Dated: [●], 2023

*/s/ DRAFT*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:        jsussberg@kirkland.com

- and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:        patrick.nash@kirkland.com
              ross.kwasteniet@kirkland.com
              chris.koenig@kirkland.com
              dan.latona@kirkland.com

*Counsel to the Initial Debtors and Debtors in Possession*
*Proposed Counsel to the GK8 Debtors and Debtors in Possession*

**Exhibit A**

| Claimant Name | Claim No. | Debtor | Asserted Claim Amount[1] | Basis For Objection | Proposed Treatment | Surviving Claim No. |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

---

[1]    Asserted Claim amounts listed as $0.00 reflect that the Claim amount asserted on the Proof of Claim is "unliquidated."

**<u>Exhibit 3</u>**

**Satisfaction Procedures**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## PROCEDURES FOR FILING AND SERVING
## NOTICES OF SATISFACTION OF CLAIMS

On [●], 2023, the above-captioned debtors and debtors in possession (collectively, the "Debtors"),[2] filed the *Debtors' Motion for an Order Approving (A) Omnibus Claims Objection Procedures and Form of Notice, (B) Omnibus Substantive Claims Objections, and (C) Satisfaction Procedures and Form of Notice and (II) Modifying Bankruptcy Rule 3007(e)(6)* (the "Motion") with the United States Bankruptcy Court for the Southern District of New York (the "Court"). On [●], the Court entered an order [Docket No. [●]] (the "Order") approving the Motion, including these procedures for serving notices of satisfaction of claims (the "Satisfaction Procedures").

### Satisfaction Procedures

1. <u>Grounds for Satisfaction Procedures</u>. The Debtors may file and serve notices of satisfaction in the form attached hereto as **Exhibit A** (each, a "Notice of Satisfaction") with respect to Claims subject to Proofs of Claims or on the Schedules. A Notice of Satisfaction may be sent on the grounds that such Claims have been satisfied in full according to the Debtors books and records, including pursuant to any confirmed chapter 11 plan or an order of the Court.

### Responses to Notices of Satisfaction

2. <u>Parties Required to File a Response</u>. Any party who disagrees with a Notice of Satisfaction is required to file a response (each, a "Response") in accordance with the procedures set forth herein; *provided*, *however*, that such party may not object to any amount that the Court has approved pursuant to an order. **If a claimant whose Claim is subject to a Notice of Satisfaction does not file and serve a Response in compliance with the procedures below, the**

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2]  All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

**Debtors are authorized to instruct the Claims and Noticing Agent to expunge such Claim from the Claims Register without further notice to the claimant.**

3.    <u>Response Contents</u>.  Each Response to a Notice of Satisfaction must contain the following (at a minimum):

    a.    a caption stating the name of the Court, the name of the Debtors, the case number, the Notice of Satisfaction to which the Response is directed, and, if applicable, the Proof of Claim number(s) related thereto from the Claims Register;

    b.    a concise statement setting forth the reasons why the Court should not enter the order with respect to the Notice of Satisfaction regarding such Claim, including the specific factual and legal bases upon which the claimant will rely in opposing the Notice of Satisfaction;

    c.    a copy of any other documentation or other evidence of the Claim, to the extent not already included with the Proof of Claim (if applicable), upon which the claimant will rely in opposing the Notice of Satisfaction; *provided, however*, that the claimant need not disclose confidential, proprietary, or otherwise protected information in the Response; *provided, further, however,* that the claimant shall disclose to the Debtors all information and provide copies of all documents that the claimant believes to be confidential, proprietary, or otherwise protected and upon which the claimant intends to rely in support of its Claim, subject to appropriate confidentiality constraints; and

    d.    the following contact information for the responding party:

        (i)    the name, address, telephone number, and email address of the responding claimant or the claimant's attorney or designated representative to whom the attorneys for the Debtors should serve a reply to the Response, if any; or

        (ii)    the name, address, telephone number, and email address of the party with authority to reconcile, settle, or otherwise resolve the Notice of Satisfaction on the claimant's behalf.

4.    <u>Filing and Service of the Response</u>.  Your Response must be filed with the Court and served so as to be actually received on or before **4:00 p.m. (prevailing Eastern Time) on [●],** unless the Debtors consent to an extension in writing (the "<u>Response Deadline</u>").  A Response must be filed with the Court and served timely on the following parties, with a copy to the Court's chambers:

    a.    **Debtors.**  Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C. (jsussberg@kirkland.com) and Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654, Attn: Patrick J. Nash, P.C. (patrick.nash@kirkland.com),                  Ross        M.        Kwasteniet,        P.C.

(ross.kwasteniet@kirkland.com), Christopher S. Koenig (chris.koenig@kirkland.com), and Dan Latona (dan.latona@kirkland.com);

b. **Committee.** White & Case LLP, 1221 Avenue of the Americas, New York, New York 10020, Attn: David Turetsky (david.turetsky@whitecase.com) and Samuel P. Hershey (sam.hershey@whitecase.com), White & Case, 111 South Wacker Drive, Suite 5100, Chicago, Illinois 60606, Attn: Michael C. Andolina (mandolina@whitecase.com) and Gregory F. Pesce (gregory.pesce@whitecase.com), White & Case LLP, 200 South Biscayne Blvd., Suite 4900, Miami, Florida 33133, Attn: Keith H. Wofford (kwofford@whitecase.com), and White & Case LLP, 555 South Flower Street, Suite 2700, Los Angeles, California 90071, Attn: Aaron E. Colodny (aaron.colodny@whitecase.com); and

c. **U.S. Trustee.** The Office of the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York, 10014, Attn: Shara Cornell (shara.cornell@usdoj.gov), Mark Bruh (mark.bruh@usdoj.com), and Brian S. Masumoto (brian.masumoto@usdoj.com).

5.    <u>Failure to Respond</u>.  A Response that is not filed and served in accordance with the procedures set forth herein may not be considered at the Hearing before the Court.  **Absent reaching an agreement with the Debtors resolving the Response to the Notice of Satisfaction, failure to file and serve a Response timely as set forth herein may result in the Debtors causing its Claims and Noticing Agent to expunge such Claims from the Claims Register, and such claimant shall not be treated as a creditor with respect to the Claim for purposes of distribution**.

**<u>Hearing on the Response</u>**

6.    <u>Date, Time and Location</u>.  If you file a Response, a hearing (the "<u>Hearing</u>") on the Response will be held on the date set forth in the Notice of Satisfaction, before the Honorable Martin Glenn, Chief United States Bankruptcy Judge for the Southern District of New York.  In accordance with General Order M-543 dated March 20, 2020, the Hearing will be conducted remotely using Zoom for Government.  Parties wishing to appear at the Hearing, whether making a "live" or "listen only" appearance before the Court, need to make an electronic appearance (an "<u>eCourtAppearance</u>") through the Court's website at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl.  Electronic appearances (eCourtAppearances) need to be made by 4:00 p.m., prevailing Eastern Time, the business day before the hearing.

7.    Due to the large number of expected participants in the Hearing and the Court's security requirements for participating in a Zoom for Government audio and video hearing, all persons seeking to attend the Hearing must connect to the Hearing an hour earlier than the Hearing start time.  When parties sign in to Zoom for Government and add their names, they must type in the first and last name that will be used to identify them at the Hearing.  Parties that type in only their first name, a nickname or initials will not be admitted into the Hearing.  When seeking to connect for either audio or video participation in a Zoom for Government Hearing, you will first enter a "Waiting Room," in the order in which you seek to connect.  Court personnel will admit each person to the Hearing from the Waiting Room after confirming the person's name (and

telephone number, if a telephone is used to connect) with their eCourtAppearance.  Because of the large number of expected participants, you may experience a delay in the Waiting Room before you are admitted to the Hearing.

8.      The hearing may be adjourned to a subsequent date in these cases in the Court's discretion.  Notwithstanding the Case Management Order, the Debtors may adjourn Hearings regarding Omnibus Objections to subsequent hearing dates without further order of the Court. **You must attend the Hearing if you disagree with the Notice of Satisfaction and have filed a Response that remains unresolved prior to the Hearing.**

9.      <u>Reply to a Response</u>.  The Debtors shall be permitted to file a reply to any Response no later than three (3) business days before the Hearing with respect to the relevant Notice of Satisfaction.

### Miscellaneous

10.      <u>Additional Information</u>.  Copies of these procedures, the Order, the Motion, or any other pleadings filed in these chapter 11 cases may be obtained free of charge by visiting the case website of the Debtors at https://cases.stretto.com/celsius.  You may also obtain copies of these documents and other pleadings filed in these chapter 11 cases by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.  **Please do not contact the Court to discuss the merits of any Claim or any Objection filed with respect thereto**.

### Reservation of Rights

**NOTHING IN ANY NOTICE SHALL BE DEEMED TO CONSTITUTE A WAIVER OF ANY RIGHTS OF THE DEBTORS OR ANY OTHER PARTY IN INTEREST TO DISPUTE ANY CLAIMS, ASSERT COUNTERCLAIMS, RIGHTS OF OFFSET OR RECOUPMENT, DEFENSES, OBJECT TO ANY CLAIMS ON ANY GROUNDS NOT PREVIOUSLY RAISED IN AN OBJECTION (UNLESS THE COURT HAS ALLOWED THE CLAIM OR ORDERED OTHERWISE), OR SEEK TO ESTIMATE ANY CLAIM AT A LATER DATE.  AFFECTED PARTIES WILL BE PROVIDED APPROPRIATE NOTICE THEREOF AT SUCH TIME.**

*[Remainder of page intentionally left blank.]*

New York, New York
Dated: [●], 2023

*/s/ DRAFT*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900
Email:            jsussberg@kirkland.com

- and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200
Email:            patrick.nash@kirkland.com
                      ross.kwasteniet@kirkland.com
                      chris.koenig@kirkland.com
                      dan.latona@kirkland.com

*Counsel to the Initial Debtors and Debtors in
Possession*
*Proposed Counsel to the GK8 Debtors and Debtors in
Possession*

5

**<u>Exhibit 4</u>**

**Notice of Satisfaction of Claims**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

## NOTICE OF SATISFACTION OF CLAIMS

     **PLEASE TAKE NOTICE THAT** the above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] have identified you as holding the below Claim(s) against the Debtors, which have been satisfied in full according to the Debtors' books and records.

> **YOU SHOULD LOCATE YOUR NAME AND YOUR CLAIM(S) ON THE SCHEDULE ATTACHED HERETO.  PLEASE TAKE NOTICE THAT YOUR CLAIM(S) MAY BE EXPUNGED FROM THE CLAIM REGISTER AND YOU SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO THE CLAIM FOR PURPOSE OF DISTRIBUTION AS A RESULT OF THE NOTICE OF SATISFACTION.  THEREFORE, PLEASE READ THIS NOTICE VERY CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY.  IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

### Important Information Regarding the Notice of Satisfaction

     <u>Grounds for the Notice of Satisfaction</u>.  The Debtors are seeking to expunge your Claim(s) listed in the table attached hereto as **Exhibit A** on the grounds that such Claim(s), have been satisfied in full according to the Debtors' books and records.

     <u>Notice of Satisfaction Procedures</u>.  On [●], 2023 the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order [Docket No. [●]] approving procedures for serving Notices of Satisfaction of Claims asserted against the Debtors in the chapter 11 cases (the "Satisfaction Procedures").  *Please review the Satisfaction Procedures to ensure your response, if any, is timely and correctly filed and served.  You may obtain a copy as set forth on page 3 hereof.*

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2]   All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

## **Resolving the Notice of Satisfaction**

Resolving Notice of Satisfactions.    The Debtors intend to facilitate the consensual resolution of your Claim.  Therefore, certain of the Debtors' advisors will be available to discuss and potentially resolve the Notice of Satisfaction of Claims without the need for filing a formal response or attending a hearing.

Parties Required to File a Response.    Any party who disagrees with this Notice of Satisfaction and is unable to consensually resolve the Notice of Satisfaction filed with respect to your Claim must file a response (each, a "Response") with the Court in accordance with the procedures described below; *provided*, *however*, that such party may not object to any amount that the Court has approved previously pursuant to an order.  **The failure to file a Response as provided below may result in the expungement of your affected Claim.**

Response Contents.  Each Response must contain the following (at a minimum):

a.    a caption stating the name of the Court, the name of the Debtors, the case number, the Notice of Satisfaction to which the Response is directed, and, if applicable, the Proof of Claim number(s) related thereto from the Claims Register;

b.    a concise statement setting forth the reasons why the Court should not enter the order with respect to the Notice of Satisfaction regarding such Claim, including the specific factual and legal bases upon which the claimant will rely in opposing the Notice of Satisfaction;

c.    a copy of any other documentation or other evidence of the Claim, to the extent not already included with the Proof of Claim (if applicable), upon which the claimant will rely in opposing the Notice of Satisfaction; *provided, however*, that the claimant need not disclose confidential, proprietary, or otherwise protected information in the Response; *provided, further, however,* that the claimant shall disclose to the Debtors all information and provide copies of all documents that the claimant believes to be confidential, proprietary, or otherwise protected and upon which the claimant intends to rely in support of its Claim, subject to appropriate confidentiality constraints; and

d.    the following contact information for the responding party:

(i)    the name, address, telephone number, and email address of the responding claimant or the claimant's attorney or designated representative to whom the attorneys for the Debtors should serve a reply to the Response, if any; or

(ii)    the name, address, telephone number, and email address of the party with authority to reconcile, settle, or otherwise resolve the Notice of Satisfaction on the claimant's behalf.

11.    Notice and Service.  Your Response must be filed with the Court and served so as to be *actually received* on or before **4:00 p.m. (prevailing Eastern Time) on [●]**, unless the Debtors consent to an extension in writing (the "Response Deadline").  A Response must be filed with the Court and served timely on the following parties, with a copy to the Court's chambers:

a.    **Debtors.**  Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C. (jsussberg@kirkland.com) and Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654, Attn: Patrick J. Nash, P.C. (patrick.nash@kirkland.com),        Ross        M.        Kwasteniet,        P.C. (ross.kwasteniet@kirkland.com),        Christopher        S.        Koenig (chris.koenig@kirkland.com), and Dan Latona (dan.latona@kirkland.com);

b.    **Committee.**  White & Case LLP, 1221 Avenue of the Americas, New York, New York 10020, Attn: David Turetsky (david.turetsky@whitecase.com) and Samuel P. Hershey (sam.hershey@whitecase.com), White & Case, 111 South Wacker Drive, Suite 5100, Chicago, Illinois 60606, Attn: Michael C. Andolina (mandolina@whitecase.com) and Gregory F. Pesce (gregory.pesce@whitecase.com), White & Case LLP, 200 South Biscayne Blvd., Suite 4900, Miami, Florida 33133, Attn: Keith H. Wofford (kwofford@whitecase.com), and White & Case LLP, 555 South Flower Street, Suite 2700, Los Angeles, California 90071, Attn: Aaron E. Colodny (aaron.colodny@whitecase.com); and

c.    **U.S. Trustee.**  The Office of the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York, 10014, Attn: Shara Cornell (shara.cornell@usdoj.gov), Mark Bruh (mark.bruh@usdoj.com), and Brian S. Masumoto (brian.masumoto@usdoj.com).

Failure to Respond.  A Response that is not filed and served on or before the Response Deadline in accordance with the procedures set forth herein may not be considered at the Hearing before the Court.  **Absent reaching an agreement with the Debtors resolving the Response to the Notice of Satisfaction, failure to file and serve a Response timely as set forth herein may result in the Debtors causing its Claims and Noticing Agent to expunge such Claims from the Claims Register, and such claimant shall not be treated as a creditor with respect to the Claim for purposes of distribution**.  Affected creditors will be served with such order once it has been entered.

## Hearing on the Notice of Satisfaction

Date, Time and Location.  If you file a Response, a hearing (the "Hearing") on the Notice of Satisfaction will be held on [●], at [●] a/p.m., prevailing Eastern Time, before the Honorable Martin Glenn, Chief United States Bankruptcy Judge for the Southern District of New York.  In accordance with General Order M-543 dated March 20, 2020, the Hearing will be conducted remotely using Zoom for Government.  Parties wishing to appear at the Hearing, whether making

a "live" or "listen only" appearance before the Court, need to make an electronic appearance (an "eCourtAppearance") through the Court's website at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl. Electronic appearances (eCourtAppearances) need to be made by 4:00 p.m., prevailing Eastern Time, the business day before the hearing (i.e., on [●], [●]).

Due to the large number of expected participants in the Hearing and the Court's security requirements for participating in a Zoom for Government audio and video hearing, all persons seeking to attend the Hearing at [●]:00 a/p.m., prevailing Eastern Time on [●] must connect to the Hearing beginning at [●]:00 a/p.m., prevailing Eastern Time on [●]. When parties sign in to Zoom for Government and add their names, they must type in the first and last name that will be used to identify them at the Hearing. Parties that type in only their first name, a nickname or initials will not be admitted into the Hearing. When seeking to connect for either audio or video participation in a Zoom for Government Hearing, you will first enter a "Waiting Room," in the order in which you seek to connect. Court personnel will admit each person to the Hearing from the Waiting Room after confirming the person's name (and telephone number, if a telephone is used to connect) with their eCourtAppearance. Because of the large number of expected participants, you may experience a delay in the Waiting Room before you are admitted to the Hearing.

The hearing may be adjourned to a subsequent date in these cases in the Court's discretion. Notwithstanding the Case Management Order, the Debtors may adjourn Hearings regarding Omnibus Objections to subsequent hearing dates without further order of the Court. **You must attend the Hearing if you disagree with the Notice of Satisfaction and have filed a Response that has not been resolved prior to the Hearing.**

## Miscellaneous

Additional Information. Copies of these procedures, the Order, the Motion, or any other pleadings filed in these chapter 11 cases may be obtained free of charge by visiting the case website of the Debtors at https://cases.stretto.com/celsius. You may also obtain copies of these documents and other pleadings filed in these chapter 11 cases by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein. **Please do not contact the Court to discuss the merits of any Claim or any Objection filed with respect thereto**.

## Reservation of Rights

**NOTHING IN ANY NOTICE SHALL BE DEEMED TO CONSTITUTE A WAIVER OF ANY RIGHTS OF THE DEBTORS OR ANY OTHER PARTY IN INTEREST TO DISPUTE ANY CLAIMS, ASSERT COUNTERCLAIMS, RIGHTS OF OFFSET OR RECOUPMENT, DEFENSES, OBJECT TO ANY CLAIMS ON ANY GROUNDS NOT PREVIOUSLY RAISED IN AN OBJECTION (UNLESS THE COURT HAS ALLOWED THE CLAIM OR ORDERED OTHERWISE), OR SEEK TO ESTIMATE ANY CLAIM AT A LATER DATE. AFFECTED PARTIES WILL BE PROVIDED APPROPRIATE NOTICE THEREOF AT SUCH TIME.**

New York, New York
Dated: [●], 2023

*/s/ DRAFT*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:        jsussberg@kirkland.com

 - and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:        patrick.nash@kirkland.com
              ross.kwasteniet@kirkland.com
              chris.koenig@kirkland.com
              dan.latona@kirkland.com

*Counsel to the Initial Debtors and Debtors in Possession*
*Proposed Counsel to the GK8 Debtors and Debtors in Possession*

5

**Exhibit A**

| Claimant Name | Claim / Schedule No. | Total Claim Value |
|---|---|---|
|  |  |  |

**Exhibit B**

**Redline**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

### ORDER (I) APPROVING (A) OMNIBUS CLAIMS OBJECTION PROCEDURES, (B) OMNIBUS SUBSTANTIVE CLAIMS OBJECTIONS AND FORM OF NOTICE, AND (C) SATISFACTION PROCEDURES AND FORM OF NOTICE AND (II) MODIFYING BANKRUPTCY RULE 3007(e)(6)

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order (this "Order"); (a) approving the Objection Procedures and the Objection Notice attached hereto, (b) authorizing the Debtors to assert substantive objections to Claims (including requests for payment of Administrative Claims) in an omnibus format pursuant to Bankruptcy Rules 3007(c) and 3007(d), (c) approving the Satisfaction Procedures and the form of Notice of Satisfaction attached hereto, (d) modifying the requirement in Bankruptcy Rule 3007(e)(6) to allow the Debtors to file Omnibus Objections containing objections to up to 250 Claims, and (e) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

February 1, 2012; and this Court having the power to enter a final order consistent with Article

III of the United States Constitution; and this Court having found that venue of these cases in this

district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the

relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and

other parties in interest; and this Court having found that the Debtors' notice of the Motion and

opportunity for a hearing thereon were appropriate under the circumstances and no other notice

need be provided; and this Court having reviewed the Motion and having heard the statements in

support of the relief requested therein at a hearing before this Court (the "Hearing"); and this

Court having determined that the legal and factual bases set forth in the Motion and at the

Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient

cause appearing therefor, it is HEREBY ORDERED THAT

1. The Motion is granted to the extent set forth herein.

2. Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy

Rules, or the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules")

and pursuant to Bankruptcy Rule 3007(c), the Debtors may file Omnibus Objections that include

objections to Claims (including requests for payment of Administrative Claims) on any bases set

forth in Bankruptcy Rule 3007(d) or the Additional Grounds.  For the avoidance of doubt,

Debtors GK8 Ltd., GK8 UK Limited, and GK8 USA LLC may also file Omnibus Objections on

the terms set forth in this Order.

3. Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy

Rules, or the Local Rules, the Debtors may object to up to 250 Claims in a single Omnibus

Objection on any of the bases set forth in Bankruptcy Rule 3007(d) or the Additional Grounds.

4.      The Objection Procedures attached hereto as **Exhibit 1** are approved and the Debtors may file and prosecute any Omnibus Objections in accordance with the Objection Procedures and the other procedural safeguards set forth in Bankruptcy Rule 3007(e) except as stated in paragraph 3.

5.      The form of Objection Notice attached hereto as **Exhibit 2** is approved. The Debtors are authorized to mail or email Objection Notices in accordance with the Objection Procedures.

6.      The Satisfaction Procedures attached hereto as **Exhibit 3** are approved.

7.      The form of Notice of Satisfaction attached to the Order as **Exhibit 4** is approved. The Debtors are authorized, with prior notice to the Committee, to mail or email Notices of Satisfaction in accordance with the Satisfaction Procedures that notify certain claimants of the Debtors' belief that those Claims have been satisfied in full and will be expunged from the Claims Register absent a timely response from the Claim holder.  If no response is received timely from the recipient of the Notice of Satisfaction, the Debtors or the Claims and Noticing Agent acting on the Debtors' behalf are authorized to expunge such Claim from the Claims Register and such recipient shall not be treated as a creditor with respect to the Claim for purposes of distribution.

8.      For the avoidance of doubt, the Debtors may include scheduled Claims in Omnibus Objections.

9.      The terms, conditions, and provisions of this Order shall be immediately effective and enforceable upon entry hereof.

10.     Notwithstanding anything to the contrary in the Motion, this Order, or any findings announced at the Hearing, nothing in the Motion, this Order, or announced at the

Hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis are expressly reserved.

11.     Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens.  Any payment made pursuant to this Order is not intended and should not be construed as an admission as the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

12.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

13.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2023

_____
THE HONORABLE MARTIN GLENN

_____
CHIEF UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit 1</u>**

**Objection Procedures**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## PROCEDURES FOR FILING AND SERVING OMNIBUS CLAIMS OBJECTIONS

On [  ], 2023, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered the *Order (I) Approving (A) Omnibus Claims Objection Procedures and Form of Notice, (B) Omnibus Substantive Claims Objections, and (C) Satisfaction Procedures and Form of Notice and (II) Modifying Bankruptcy Rule 3007(e)(6)* [Docket No. [  ]] (the "Order") in the chapter 11 cases of the above-captioned debtors (collectively, the "Debtors").[2] Among other things, the Order approved these omnibus objection procedures.

### Omnibus Objections

1.    Grounds for Omnibus Objections.  In addition to those grounds expressly set forth in Bankruptcy Rule 3007(d), the Debtors may file omnibus objections (each, an "Omnibus Objection") to Claims, in whole or part, on the following grounds:

      a.      the Claims are inconsistent with the Debtors' books and records;

      b.      Claims for the return of cryptocurrency are asserted partially or fully in U.S. Dollars rather than cryptocurrency;

      c.      the Claims fail to specify the amount or assert the amount as "unliquidated";

      d.      the Claims fail to specify sufficiently the basis for the Claim or provide sufficient supporting documentation for such Claim;

      e.      the Claims seek to recover amounts for which the Debtors are not liable;

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2]    All capitalized terms used but not otherwise defined herein have the meanings given to them in the Order.

f.      the Claims are classified incorrectly or improperly;

g.      the Claims are filed against non-Debtors, the wrong Debtor, or are filed against multiple Debtors, except to the extent permitted under the Original or Amended Bar Date Order;

h.      the Claims ~~are~~have been disallowed pursuant to section 502 of the Bankruptcy Code;

i.      the Claim has been satisfied in full by a party that is not a Debtor;

j.      it is determined by an order of the Court, or other court of competent jurisdiction, that one or more of the Debtors' insurers are obligated to satisfy the Claims;

k.      the claimant has withdrawn the Claim formally pursuant to either a pleading or the entry of a Court order;

l.      the Claim includes CEL or other cryptocurrency rewards obtained in violation of the Terms of Use; and

m.      the Claimant has multiple Celsius accounts in violation of the Terms of Use.

2.      <u>Form of Omnibus Objection</u>.  Each Omnibus Objection will be numbered consecutively regardless of basis.

3.      <u>Supporting Documentation</u>.  To the extent appropriate, an affidavit or declaration may be provided in connection with an Omnibus Objection from a party with knowledge of the Debtors' books and records and the manner in which they are maintained that states that such party has reviewed the Claims included therein and applicable supporting information and documentation provided therewith, made reasonable efforts to research the Claim on the Debtors' books and records, and determined that the books and records do not reflect the debt or the amount of debt that is alleged in the Claim.

4.      <u>Claims Exhibits</u>.  An exhibit or exhibits listing the Claims that are subject to the particular Omnibus Objection will be attached thereto.  Each exhibit will include only the Claims for which there is a common basis for the objection.  Claims that have more than one basis for objection will be on one exhibit with reference to all of the bases for objecting to the Claims; *provided* that such exhibit will only include Claims for which there are common bases for the objection.  The Debtors' right to object to a Claim on an additional basis or bases will not be waived if such Claim has been included on an exhibit to either a previous or the same Omnibus Objection.  The exhibits will include the following information and be alphabetized based on claimant:

a.  the Claims that are the subject of the Omnibus Objection and, if applicable, the Proof of Claim number(s) or schedule number(s) related thereto from the Claims Register;

b.  the asserted amount of the Claim;

c.  the grounds for the Omnibus Objection;

d.  a cross-reference to the section in the Omnibus Objection discussing such Claim; and

e.  other information, as applicable, including (i) the proposed classification of Claims the Debtors seek to reclassify, (ii) the reduced Claim amount(s) of Claims the Debtors seek to reduce, or (iii) the surviving Claims, if any, of groups of Claims the Debtors seek to expunge.

5.  <u>Objection Notice</u>.  An objection notice, substantially in the form attached to the Order as <u>Exhibit 2</u>, will accompany each omnibus objection (the "<u>Objection Notice</u>") to address a particular creditor, Claim, or objection and will include the following:

a.  a description of the basic nature of the Omnibus Objection;

b.  information about the rights that creditors may have as a result of the Omnibus Objection and that failure to file a response may result in the Omnibus Objection being granted as to the claimant's Claim;

c.  procedures for filing a written response (each, a "<u>Response</u>") to the objection, including all relevant dates and deadlines related thereto;

d.  the hearing date, if applicable, and related information; and

e.  a description of how copies of Proofs of Claim, the Omnibus Objection, and other pleadings filed in the chapter 11 cases may be obtained.

6.  <u>Notice and Service</u>.  Each Omnibus Objection will be filed with the Court and served upon (a) the affected claimant party set forth on the Proof of Claim or their respective attorney of record, (b) the U.S. Trustee, (c) the official committee of unsecured creditors, and (d) parties that have filed a request for service of papers under Bankruptcy Rule 2002.

7.  <u>Omnibus Hearings</u>.  Each Omnibus Objection shall be set for hearing no less than thirty (30) days after service of the Omnibus Objection (the "<u>Hearing</u>").  The Debtors may request at the Hearing that the Court enter an order granting the Omnibus Objection with respect to each Claim subject to the Omnibus Objection when either (a) no Response has been filed in accordance with the proposed response procedures with respect to the Claim(s) or (b) a Response has been filed in accordance with the proposed response procedures with respect to the Claim(s), but such Response has been resolved prior to the Hearing.  If a Response to an objection to a Claim cannot be resolved and a hearing is determined to be necessary, the Debtors shall file with the Court and serve on the affected claimant(s) a notice of the hearing to the extent the Debtors

3

did not file a notice of hearing previously.  Notwithstanding the Case Management Order, the Debtors may adjourn Hearings regarding Omnibus Objections to subsequent hearing dates without further order of the Court.

8.    <u>Contested Matter</u>.  Each Claim subject to an Omnibus Objection along with any Responses thereto shall constitute a separate contested matter as contemplated in Bankruptcy Rule 9014, and any order that the Court may enter with respect to an Omnibus Objection will be deemed a separate order with respect to such Claim.  The Debtors may, in their discretion and in accordance with other orders of this Court or the provisions of the Bankruptcy Code and the Bankruptcy Rules, settle the priority, amount, and validity of such contested Claims without any further notice to or action, order, or approval of the Court.

### Responses to Omnibus Objections

9.    <u>Parties Required to File a Response</u>.    Any party who disputes an Omnibus Objection is required to file a Response in accordance with the procedures set forth herein.  If a party's Claim is subject to an Omnibus Objection and does not file and serve a Response in compliance with the procedures below, the Court may grant the Omnibus Objection with respect to such Claim without further notice to the claimant.

10.    <u>Response Contents</u>.  Each Response must contain the following (at a minimum):

a.    a caption stating the name of the Court, the name of the Debtors, the case number, the title of the Omnibus Objection to which the Response is directed, and, if applicable, the Proof of Claim number(s) related thereto from the Claims Register;

b.    a concise statement setting forth the reasons why the Court should not grant the Omnibus Objection with respect to such Claim, including the specific factual and legal bases upon which the claimant will rely in opposing the Omnibus Objection;

c.    a copy of any other documentation or other evidence of the Claim, to the extent not already included with the Proof of Claim, upon which the claimant will rely in opposing the Omnibus Objection; *provided, however*, that the claimant need not disclose confidential, proprietary, or otherwise protected information in the Response; *provided, further, however,* that the claimant shall disclose to the Debtors all information and provide copies of all documents that the claimant believes to be confidential, proprietary, or otherwise protected and upon which the claimant intends to rely in support of its Claim, subject to appropriate confidentiality constraints; and

d.    the following contact information for the responding party:

(i)    the name, address, telephone number, and email address of the responding claimant or the claimant's attorney or designated

4

representative to whom the attorneys for the Debtors should serve a reply to the Response, if any; or

(ii)    the name, address, telephone number, and email address of the party with authority to reconcile, settle, or otherwise resolve the Omnibus Objection on the claimant's behalf.

For the avoidance of doubt, a Response may also, but is not required to, include a statement that discovery is necessary to resolve the Omnibus Objection. The statement needs only to clarify that the affected claimant believes discovery is necessary, but does not need to set forth the discovery requested. If the affected claimant includes such statement in his or her Response, such claimant must serve notice of his or her request in accordance with the below. The scheduled hearing will then be treated as a status conference during which the parties will request that the Court issue a scheduling order to discuss what, if any, discovery is necessary to facilitate dismissal or resolution of the litigation. Such notice must be provided in a separate notice. In accordance with Local Rule 9014-2, the first hearing on any contested Omnibus Objection with respect to a particular Claim will not be an evidentiary hearing, and there is no need for any witnesses to appear at such hearing unless the Court orders otherwise in accordance with Local Rule 9014-2.

11.    <u>Filing and Service of the Response</u>.  A Response will be deemed timely only if it is filed with the Court and served so as to be *actually received* at or before 4:00 p.m. (prevailing Eastern Time) on the day that is seven (7) calendar days before the Hearing (the "<u>Response Deadline</u>") unless the Debtors consent to an extension in writing and the parties file a letter with the Court setting out the request in accordance with the Case Management Order.  A Response must be filed with the Court and served timely on the following parties, with a copy to the Court's chambers:

a.  **Debtors.**  Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C. (jsussberg@kirkland.com) and Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654, Attn: Patrick J. Nash, P.C. (patrick.nash@kirkland.com), Ross M. Kwasteniet, P.C. (ross.kwasteniet@kirkland.com), Christopher S. Koenig (chris.koenig@kirkland.com), and Dan Latona (dan.latona@kirkland.com);

b.  **Committee.**  White & Case LLP, 1221 Avenue of the Americas, New York, New York 10020, Attn: David Turetsky (david.turetsky@whitecase.com) and Samuel P. Hershey (sam.hershey@whitecase.com), White & Case, 111 South Wacker Drive, Suite 5100, Chicago, Illinois 60606, Attn: Michael C. Andolina (mandolina@whitecase.com) and Gregory F. Pesce (gregory.pesce@whitecase.com), White & Case LLP, 200 South Biscayne Blvd., Suite 4900, Miami, Florida 33133, Attn: Keith H. Wofford (kwofford@whitecase.com), and White & Case LLP, 555 South Flower Street, Suite 2700, Los Angeles, California 90071, Attn: Aaron E. Colodny (aaron.colodny@whitecase.com); and

c.  **U.S. Trustee.**  The Office of the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York, 10014, Attn: Shara Cornell (shara.cornell@usdoj.gov), Mark Bruh (mark.bruh@usdoj.com), and Brian S. Masumoto (brian.masumoto@usdoj.com).

12.    <u>Discovery</u>.  If the Debtors determine that discovery is necessary in advance of a hearing on an Omnibus Objection, the Debtors will serve notice on the affected claimant and its counsel of record that the scheduled hearing will be treated as a status conference during which the parties will request that the Court issue a scheduling order to facilitate dismissal or resolution of the litigation.  Such notice may be incorporated into the initial agenda letter for the hearing or may be provided in a separate notice.  In accordance with Local Rule 9014-2, the first hearing on any contested Omnibus Objection with respect to a particular Claim will not be an evidentiary hearing, and there is no need for any witnesses to appear at such hearing unless the Court orders otherwise in accordance with Local Rule 9014-2.

13.    <u>Failure to Respond</u>.  A Response that is not filed and served on or before the Response Deadline or such other date as agreed with the Debtors, in accordance with the procedures set forth herein, may not be considered at the Hearing before the Court.  **Absent reaching an agreement with the Debtors that resolves the Omnibus Objection to a Claim, failure to both file and serve a Response timely as set forth herein may result in the Court**

**granting the Omnibus Objection without further notice or hearing**.  Affected creditors will be served with such order once it has been entered.

14. <u>Reply to a Response</u>.  The Debtors shall be permitted to file a reply to any Response no later than three (3) business days before the Hearing with respect to the relevant Omnibus Objection.

## <u>Miscellaneous</u>

15. <u>Additional Information</u>.  Copies of the Motion and other pleadings filed in these chapter 11 cases may be obtained free of charge by visiting the case website of the Debtors at https://cases.stretto.com/celsius.  You may also obtain copies of the Motion and other pleadings filed in these chapter 11 cases by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

16. <u>Reservation of Rights</u>.  NOTHING IN ANY NOTICE SHALL BE DEEMED TO CONSTITUTE A WAIVER OF ANY RIGHTS OF THE DEBTORS OR ANY OTHER PARTY IN INTEREST TO DISPUTE ANY CLAIMS, ASSERT COUNTERCLAIMS, RIGHTS OF OFFSET OR RECOUPMENT, DEFENSES, OBJECT TO ANY CLAIMS ON ANY GROUNDS NOT PREVIOUSLY RAISED IN AN OBJECTION (UNLESS THE COURT HAS ALLOWED THE CLAIM OR ORDERED OTHERWISE), OR SEEK TO ESTIMATE ANY CLAIM AT A LATER DATE.  AFFECTED PARTIES WILL BE PROVIDED APPROPRIATE NOTICE THEREOF AT SUCH TIME.

## Exhibit 2

**Objection Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

### NOTICE OF OBJECTION TO YOUR PROOF OF CLAIM AND DEADLINE TO FILE A RESPONSE WITH THE BANKRUPTCY COURT

  **PLEASE TAKE NOTICE** that the above-captioned debtors and debtors in possession (collectively, the "Debtors") are objecting to your Claim(s)[2] pursuant to the attached objection (the "Objection").

> **YOU SHOULD LOCATE YOUR NAME AND YOUR CLAIM(S) ON THE SCHEDULES ATTACHED HERETO. PLEASE TAKE NOTICE THAT YOUR CLAIM(S) MAY BE DISALLOWED, EXPUNGED, RECLASSIFIED, REDUCED, OR OTHERWISE AFFECTED AS A RESULT OF THE OBJECTION. THEREFORE, PLEASE READ THIS NOTICE AND THE ACCOMPANYING OBJECTION VERY CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

### Important Information Regarding the Objection

  Grounds for the Objection. Pursuant to the Objection, the Debtors are seeking to [disallow/expunge/reclassify/reduce] your Claim(s) ~~listed in the table~~ listed in the table attached hereto as **Exhibit A** on the grounds that your Claim(s) [is/are] [ ]. The Claim(s) subject to the Objection may also be found on the schedules attached to the Objection, a copy of which has been provided with this notice.

  Objection Procedures. On [ ], 2023, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order [Docket No. [ ]] approving procedures for filing and resolving objections to Claims asserted against the Debtors in the

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2]   All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection Procedures.

chapter 11 cases. *Please review the Objection Procedures to ensure your response to the Objection, if any, is filed and served timely and correctly*.

## Resolving the Objection

Resolving Objections. Certain of the Debtors' advisors will be available to discuss and resolve consensually the Objection to your Claim(s) without the need for filing a formal response or attending a hearing. Please contact Kirkland & Ellis LLP, the Debtors' restructuring counsel, via e-mail at CelsiusClaimsProcedures@kirkland.com, within twenty calendar days after the date of this notice or such other date as the Debtors may agree in writing. Please have your Proof(s) of Claim and any related material available for any such discussions.

Parties Required to File a Response. If you are not able to resolve consensually the Objection filed with respect to your Claim as set forth above, you must file a response (each, a "Response") with the Court in accordance with the procedures described below.

Response Contents. Each Response must contain the following (at a minimum):

    a.    a caption stating the name of the Court, the name of the Debtors, the case number, the title of the Omnibus Objection to which the Response is directed, and, if applicable, the Proof of Claim number(s) related thereto from the Claims Register;

    b.    a concise statement setting forth the reasons why the Court should not grant the Omnibus Objection with respect to your Claim, including the specific factual and legal bases upon which the claimant will rely in opposing the Omnibus Objection;

    c.    a copy of any other documentation or other evidence of the Claim, to the extent not already included with the Proof of Claim, upon which the claimant will rely in opposing the Omnibus Objection; *provided, however*, that the claimant need not disclose confidential, proprietary, or otherwise protected information in the Response; *provided, further, however,* that the claimant shall disclose to the Debtors all information and provide copies of all documents that the claimant believes to be confidential, proprietary, or otherwise protected and upon which the claimant intends to rely in support of its Claim, subject to appropriate confidentiality constraints; and

    d.    the following contact information for the responding party:

        (i)    the name, address, telephone number, and email address of the responding claimant or the claimant's attorney or designated representative to whom the attorneys for the Debtors should serve a reply to the Response, if any; or

(ii)     the name, address, telephone number, and email address of the party with authority to reconcile, settle, or otherwise resolve the Omnibus Objection on the claimant's behalf.

For the avoidance of doubt, a Response may also, but is not required to, include a statement that discovery is necessary to resolve the Omnibus Objection. The statement needs only to clarify that the affected claimant believes discovery is necessary, but does not need to set forth the discovery requested. If the affected claimant includes such statement in his or her Response, such claimant must serve notice of his or her request in accordance with the below. The scheduled hearing will then be treated as a status conference during which the parties will request that the Court issue a scheduling order to discuss what, if any, discovery is necessary to facilitate dismissal or resolution of the litigation. Such notice must be provided in a separate notice. In accordance with Local Rule 9014-2, the first hearing on any contested Omnibus Objection with respect to a particular Claim will not be an evidentiary hearing, and there is no need for any witnesses to appear at such hearing unless the Court orders otherwise in accordance with Local Rule 9014-2.

Notice and Service. Your Response must be filed with the Court and served so as to be *actually received* on or before **4:00 p.m. (prevailing Eastern Time) on [   ]**, unless the Debtors consent to an extension in writing (the "Response Deadline"). A Response must be filed with the Court and served timely on the following parties, with a copy to the Court's chambers:

a. **Debtors.** Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C. (jsussberg@kirkland.com) and Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654, Attn: Patrick J. Nash, P.C. (patrick.nash@kirkland.com), Ross M. Kwasteniet, P.C. (ross.kwasteniet@kirkland.com), Christopher S. Koenig (chris.koenig@kirkland.com), and Dan Latona (dan.latona@kirkland.com);

b. **Committee.** White & Case LLP, 1221 Avenue of the Americas, New York, New York 10020, Attn: David Turetsky (david.turetsky@whitecase.com) and Samuel P. Hershey (sam.hershey@whitecase.com), White & Case, 111 South Wacker Drive, Suite 5100, Chicago, Illinois 60606, Attn: Michael C. Andolina (mandolina@whitecase.com) and Gregory F. Pesce (gregory.pesce@whitecase.com), White & Case LLP, 200 South Biscayne Blvd., Suite 4900, Miami, Florida 33133, Attn: Keith H. Wofford (kwofford@whitecase.com), and White & Case LLP, 555 South Flower Street, Suite 2700, Los Angeles, California 90071, Attn: Aaron E. Colodny (aaron.colodny@whitecase.com); and

c. **U.S. Trustee.** The Office of the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York, 10014, Attn: Shara Cornell (shara.cornell@usdoj.gov), Mark Bruh (mark.bruh@usdoj.com), and Brian S. Masumoto (brian.masumoto@usdoj.com).

Failure to Respond. A Response that is not filed and served in accordance with the procedures set forth herein may not be considered at the Hearing before the Court. **Failure to both file and serve a Response timely as set forth herein may result in the Court granting**

**the Objection without further notice or hearing**.  Affected creditors will be served with a copy of the order once it has been entered.

## Hearing on the Objection

Date, Time and Location.  A hearing (the "Hearing") on the Objection will be held on [ ], at [ ] a/p.m., prevailing Eastern Time, before the Honorable Martin Glenn, Chief United States Bankruptcy Judge for the Southern District of New York.  In accordance with General Order M-543 dated March 20, 2020, the Hearing will be conducted remotely using Zoom for Government.  Parties wishing to appear at the Hearing, whether making a "live" or "listen only" appearance before the Court, need to make an electronic appearance (an "eCourtAppearance") through the Court's website at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl. Electronic appearances (eCourtAppearances) need to be made by 4:00 p.m., prevailing Eastern Time, the business day before the hearing (i.e., on [ ], [ ]).

Due to the large number of expected participants in the Hearing and the Court's security requirements for participating in a Zoom for Government audio and video hearing, all persons seeking to attend the Hearing at [ ]:00 a/p.m., prevailing Eastern Time on [ ] must connect to the Hearing beginning at [ ]:00 a/p.m., prevailing Eastern Time on [ ].  When parties sign in to Zoom for Government and add their names, they must type in the first and last name that will be used to identify them at the Hearing.  Parties that type in only their first name, a nickname or initials will not be admitted into the Hearing.  When seeking to connect for either audio or video participation in a Zoom for Government Hearing, you will first enter a "Waiting Room," in the order in which you seek to connect.  Court personnel will admit each person to the Hearing from the Waiting Room after confirming the person's name (and telephone number, if a telephone is used to connect) with their eCourtAppearance.  Because of the large number of expected participants, you may experience a delay in the Waiting Room before you are admitted to the Hearing.

The hearing may be adjourned to a subsequent date in these cases in the Court's discretion.  Notwithstanding the Case Management Order, the Debtors may adjourn Hearings regarding Omnibus Objections to subsequent hearing dates without further order of the Court. **You must attend the Hearing if you disagree with the Objection and have filed a Response that remains unresolved prior to the Hearing.**  If such Claims cannot be resolved and a hearing is determined to be necessary, the Debtors shall file with the Court and serve on the affected claimants a notice of the hearing to the extent the Debtors did not file a notice of hearing previously.

Discovery.  If the Debtors determine that discovery is necessary in advance of a hearing on an Objection, the Debtors will serve notice on the affected claimant and its counsel of record that the scheduled hearing will be treated as a status conference during which the parties will request that the Court issue a scheduling order to facilitate dismissal or resolution of the litigation.  Such notice may be incorporated into the initial agenda letter for the hearing or may be provided in a separate notice.  In accordance with Local Rule 9014-2, the first hearing on any contested Omnibus Objection with respect a particular Claim will not be an evidentiary hearing,

and there is no need for any witnesses to appear at such hearing unless the Court orders otherwise in accordance with Local Rule 9014-2.

## Additional Information

Additional Information.  Copies of these procedures, the Order, the Motion, or any other pleadings filed in these chapter 11 cases may be obtained free of charge by visiting the case website of the Debtors at https://cases.stretto.com/celsius.  You may also obtain copies of these documents and other pleadings filed in these chapter 11 cases by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein. **Please do not contact the Court to discuss the merits of any Claim or any Objection filed with respect thereto**.

## Reservation of Rights

**NOTHING IN ANY NOTICE SHALL BE DEEMED TO CONSTITUTE A WAIVER OF ANY RIGHTS OF THE DEBTORS OR ANY OTHER PARTY IN INTEREST TO DISPUTE ANY CLAIMS, ASSERT COUNTERCLAIMS, RIGHTS OF OFFSET OR RECOUPMENT, DEFENSES, OBJECT TO ANY CLAIMS ON ANY GROUNDS NOT PREVIOUSLY RAISED IN AN OBJECTION (UNLESS THE COURT HAS ALLOWED THE CLAIM OR ORDERED OTHERWISE), OR SEEK TO ESTIMATE ANY CLAIM AT A LATER DATE.  AFFECTED PARTIES WILL BE PROVIDED APPROPRIATE NOTICE THEREOF AT SUCH TIME.**

[*Remainder of page intentionally left blank*]

New York, New York
Dated: [   ], 2023

*/s/ DRAFT*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:       (212) 446-4900
Email:             jsussberg@kirkland.com

- and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:       (312) 862-2200
Email:             patrick.nash@kirkland.com
                       ross.kwasteniet@kirkland.com
                       chris.koenig@kirkland.com
                       dan.latona@kirkland.com

*Counsel to the Initial Debtors and Debtors in Possession*

*Proposed Counsel to the GK8 Debtors and Debtors in Possession*

*[Different first page link-to-previous setting changed from on in original to off in modified.].*

**Exhibit A**

| Claimant Name | Claim No. | Debtor | Asserted Claim Amount[1] | Basis For Objection | Proposed Treatment | Surviving Claim No. |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

---

[1]    Asserted Claim amounts listed as $0.00 reflect that the Claim amount asserted on the Proof of Claim is "unliquidated."

## Exhibit 3

**Satisfaction Procedures**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**PROCEDURES FOR FILING AND SERVING**
**NOTICES OF SATISFACTION OF CLAIMS**

On [  ], 2023, the above-captioned debtors and debtors in possession (collectively, the "Debtors"),[2] filed the *Debtors' Motion for an Order Approving (A) Omnibus Claims Objection Procedures and Form of Notice, (B) Omnibus Substantive Claims Objections, and (C) Satisfaction Procedures and Form of Notice and (II) Modifying Bankruptcy Rule 3007(e)(6)* (the "Motion") with the United States Bankruptcy Court for the Southern District of New York (the "Court"). On [  ], the Court entered an order [Docket No. [  ]] (the "Order") approving the Motion, including these procedures for serving notices of satisfaction of claims (the "Satisfaction Procedures").

### Satisfaction Procedures

1.     Grounds for Satisfaction Procedures.  The Debtors may file and serve notices of satisfaction in the form attached hereto as **Exhibit A** (each, a "Notice of Satisfaction") with respect to Claims subject to Proofs of Claims or on the Schedules.  A Notice of Satisfaction may be sent on the grounds that such Claims have been satisfied in full according to the Debtors books and records, including pursuant to any confirmed chapter 11 plan or an order of the Court.

### Responses to Notices of Satisfaction

2.     Parties Required to File a Response.  Any party who disagrees with a Notice of Satisfaction is required to file a response (each, a "Response") in accordance with the procedures set forth herein; *provided*, *however*, that such party may not object to any amount that the Court has approved pursuant to an order.  **If a claimant whose Claim is subject to a Notice of**

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2]     All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

**Satisfaction does not file and serve a Response in compliance with the procedures below, the Debtors are authorized to instruct the Claims and Noticing Agent to expunge such Claim from the Claims Register without further notice to the claimant.**

3.    <u>Response Contents</u>.  Each Response to a Notice of Satisfaction must contain the following (at a minimum):

      a.    a caption stating the name of the Court, the name of the Debtors, the case number, the Notice of Satisfaction to which the Response is directed, and, if applicable, the Proof of Claim number(s) related thereto from the Claims Register;

      b.    a concise statement setting forth the reasons why the Court should not enter the order with respect to the Notice of Satisfaction regarding such Claim, including the specific factual and legal bases upon which the claimant will rely in opposing the Notice of Satisfaction;

      c.    a copy of any other documentation or other evidence of the Claim, to the extent not already included with the Proof of Claim (if applicable), upon which the claimant will rely in opposing the Notice of Satisfaction; *provided, however*, that the claimant need not disclose confidential, proprietary, or otherwise protected information in the Response; *provided, further, however,* that the claimant shall disclose to the Debtors all information and provide copies of all documents that the claimant believes to be confidential, proprietary, or otherwise protected and upon which the claimant intends to rely in support of its Claim, subject to appropriate confidentiality constraints; and

      a.    the following contact information for the responding party:

          (i)    the name, address, telephone number, and email address of the responding claimant or the claimant's attorney or designated representative to whom the attorneys for the Debtors should serve a reply to the Response, if any; or

          (ii)    the name, address, telephone number, and email address of the party with authority to reconcile, settle, or otherwise resolve the Notice of Satisfaction on the claimant's behalf.

4.    <u>Filing and Service of the Response</u>.  Your Response must be filed with the Court and served so as to be actually received on or before **4:00 p.m. (prevailing Eastern Time) on [  ],** unless the Debtors consent to an extension in writing (the "<u>Response Deadline</u>").   A Response must be filed with the Court and served timely on the following parties, with a copy to the Court's chambers:

      a.    **Debtors.**  Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C. (jsussberg@kirkland.com) and Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654, Attn: Patrick J. Nash,

2

P.C. (patrick.nash@kirkland.com), Ross M. Kwasteniet, P.C. (ross.kwasteniet@kirkland.com), Christopher S. Koenig (chris.koenig@kirkland.com), and Dan Latona (dan.latona@kirkland.com);

b. **Committee.** White & Case LLP, 1221 Avenue of the Americas, New York, New York 10020, Attn: David Turetsky (david.turetsky@whitecase.com) and Samuel P. Hershey (sam.hershey@whitecase.com), White & Case, 111 South Wacker Drive, Suite 5100, Chicago, Illinois 60606, Attn: Michael C. Andolina (mandolina@whitecase.com) and Gregory F. Pesce (gregory.pesce@whitecase.com), White & Case LLP, 200 South Biscayne Blvd., Suite 4900, Miami, Florida 33131, Attn: Keith H. Wofford (kwofford@whitecase.com), and White & Case LLP, 555 South Flower Street, Suite 2700, Los Angeles, California 90071, Attn: Aaron E. Colodny (aaron.colodny@whitecase.com); and

c. **U.S. Trustee.** The Office of the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York, 10014, Attn: Shara Cornell (shara.cornell@usdoj.gov), Mark Bruh (mark.bruh@usdoj.com), and Brian S. Masumoto (brian.masumoto@usdoj.com).

5.     Failure to Respond.  A Response that is not filed and served in accordance with the procedures set forth herein may not be considered at the Hearing before the Court.  **Absent reaching an agreement with the Debtors resolving the Response to the Notice of Satisfaction, failure to file and serve a Response timely as set forth herein may result in the Debtors causing its Claims and Noticing Agent to expunge such Claims from the Claims Register, and such claimant shall not be treated as a creditor with respect to the Claim for purposes of distribution**.

## Hearing on the Response

6.     Date, Time and Location.  If you file a Response, a hearing (the "Hearing") on the Response will be held on the date set forth in the Notice of Satisfaction, before the Honorable Martin Glenn, Chief United States Bankruptcy Judge for the Southern District of New York.  In accordance with General Order M-543 dated March 20, 2020, the Hearing will be conducted remotely using Zoom for Government.  Parties wishing to appear at the Hearing, whether making a "live" or "listen only" appearance before the Court, need to make an electronic appearance (an "eCourtAppearance") through the Court's website at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl.  Electronic appearances (eCourtAppearances) need to be made by 4:00 p.m., prevailing Eastern Time, the business day before the hearing.

7.     Due to the large number of expected participants in the Hearing and the Court's security requirements for participating in a Zoom for Government audio and video hearing, all persons seeking to attend the Hearing must connect to the Hearing an hour earlier than the Hearing start time.  When parties sign in to Zoom for Government and add their names, they must type in the first and last name that will be used to identify them at the Hearing.  Parties that type in only their first name, a nickname or initials will not be admitted into the Hearing.  When seeking to connect for either audio or video participation in a Zoom for Government Hearing,

3

you will first enter a "Waiting Room," in the order in which you seek to connect. Court personnel will admit each person to the Hearing from the Waiting Room after confirming the person's name (and telephone number, if a telephone is used to connect) with their eCourtAppearance. Because of the large number of expected participants, you may experience a delay in the Waiting Room before you are admitted to the Hearing.

8.     The hearing may be adjourned to a subsequent date in these cases in the Court's discretion. Notwithstanding the Case Management Order, the Debtors may adjourn Hearings regarding Omnibus Objections to subsequent hearing dates without further order of the Court. **You must attend the Hearing if you disagree with the Notice of Satisfaction and have filed a Response that remains unresolved prior to the Hearing.**

9.     <u>Reply to a Response</u>.  The Debtors shall be permitted to file a reply to any Response no later than three (3) business days before the Hearing with respect to the relevant Notice of Satisfaction.

### Miscellaneous

10.    <u>Additional Information</u>.  Copies of these procedures, the Order, the Motion, or any other pleadings filed in these chapter 11 cases may be obtained free of charge by visiting the case website of the Debtors at https://cases.stretto.com/celsius.  You may also obtain copies of these documents and other pleadings filed in these chapter 11 cases by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.  **Please do not contact the Court to discuss the merits of any Claim or any Objection filed with respect thereto**.

### Reservation of Rights

**NOTHING IN ANY NOTICE SHALL BE DEEMED TO CONSTITUTE A WAIVER OF ANY RIGHTS OF THE DEBTORS OR ANY OTHER PARTY IN INTEREST TO DISPUTE ANY CLAIMS, ASSERT COUNTERCLAIMS, RIGHTS OF OFFSET OR RECOUPMENT, DEFENSES, OBJECT TO ANY CLAIMS ON ANY GROUNDS NOT PREVIOUSLY RAISED IN AN OBJECTION (UNLESS THE COURT HAS ALLOWED THE CLAIM OR ORDERED OTHERWISE), OR SEEK TO ESTIMATE ANY CLAIM AT A LATER DATE.  AFFECTED PARTIES WILL BE PROVIDED APPROPRIATE NOTICE THEREOF AT SUCH TIME.**

*[Remainder of page intentionally left blank.]*

New York, New York
Dated: [  ], 2023

*/s/ DRAFT*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:          jsussberg@kirkland.com

- and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200
Email:          patrick.nash@kirkland.com
                ross.kwasteniet@kirkland.com
                chris.koenig@kirkland.com
                dan.latona@kirkland.com

*Counsel to the Initial Debtors and Debtors in Possession*

*Proposed Counsel to the GK8 Debtors and Debtors in Possession*

**<u>Exhibit 4</u>**

**Notice of Satisfaction of Claims**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

## NOTICE OF SATISFACTION OF CLAIMS

**PLEASE TAKE NOTICE THAT** the above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] have identified you as holding the below Claim(s) against the Debtors, which have been satisfied in full according to the Debtors' books and records.

> **YOU SHOULD LOCATE YOUR NAME AND YOUR CLAIM(S) ON THE SCHEDULE ATTACHED HERETO.  PLEASE TAKE NOTICE THAT YOUR CLAIM(S) MAY BE EXPUNGED FROM THE CLAIM REGISTER AND YOU SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO THE CLAIM FOR PURPOSE OF DISTRIBUTION AS A RESULT OF THE NOTICE OF SATISFACTION. THEREFORE, PLEASE READ THIS NOTICE VERY CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY.  IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

### Important Information Regarding the Notice of Satisfaction

Grounds for the Notice of Satisfaction.  The Debtors are seeking to expunge your Claim(s) listed in the table attached hereto as **Exhibit A** on the grounds that such Claim(s), have been satisfied in full according to the Debtors' books and records.

Notice of Satisfaction Procedures.  On [  ], 2023 the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order [Docket No. [  ]] approving procedures for serving Notices of Satisfaction of Claims asserted against the Debtors in the chapter 11 cases (the "Satisfaction Procedures").  ***Please review the Satisfaction Procedures to***

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2]    All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

*ensure your response, if any, is timely and correctly filed and served.  You may obtain a copy
as set forth on page 3 hereof.*

## **Resolving the Notice of Satisfaction**

Resolving Notice of Satisfactions.    The Debtors intend to facilitate the consensual
resolution of your Claim.  Therefore, certain of the Debtors' advisors will be available to discuss
and potentially resolve the Notice of Satisfaction of Claims without the need for filing a formal
response or attending a hearing.

Parties Required to File a Response.    Any party who disagrees with this Notice of
Satisfaction and is unable to consensually resolve the Notice of Satisfaction filed with respect to
your Claim must file a response (each, a "Response") with the Court in accordance with the
procedures described below; *provided*, *however*, that such party may not object to any amount
that the Court has approved previously pursuant to an order.  **The failure to file a Response as
provided below may result in the expungement of your affected Claim.**

Response Contents.  Each Response must contain the following (at a minimum):

    a.      a caption stating the name of the Court, the name of the Debtors,
the case number, the Notice of Satisfaction to which the Response
is directed, and, if applicable, the Proof of Claim number(s) related
thereto from the Claims Register;

    b.      a concise statement setting forth the reasons why the Court should
not enter the order with respect to the Notice of Satisfaction
regarding such Claim, including the specific factual and legal
bases upon which the claimant will rely in opposing the Notice of
Satisfaction;

    c.      a copy of any other documentation or other evidence of the Claim,
to the extent not already included with the Proof of Claim (if
applicable), upon which the claimant will rely in opposing the
Notice of Satisfaction; *provided, however,* that the claimant need
not disclose confidential, proprietary, or otherwise protected
information in the Response; *provided, further, however,* that the
claimant shall disclose to the Debtors all information and provide
copies of all documents that the claimant believes to be
confidential, proprietary, or otherwise protected and upon which
the claimant intends to rely in support of its Claim, subject to
appropriate confidentiality constraints; and

    d.      the following contact information for the responding party:

        (i)      the name, address, telephone number, and email address of the
responding claimant or the claimant's attorney or designated

2

representative to whom the attorneys for the Debtors should serve a reply to the Response, if any; or

(ii)    the name, address, telephone number, and email address of the party with authority to reconcile, settle, or otherwise resolve the Notice of Satisfaction on the claimant's behalf.

11.    <u>Notice and Service</u>.  Your Response must be filed with the Court and served so as to be *actually received* on or before **4:00 p.m. (prevailing Eastern Time) on [  ]**, unless the Debtors consent to an extension in writing (the "<u>Response Deadline</u>").  A Response must be filed with the Court and served timely on the following parties, with a copy to the Court's chambers:

a.  **Debtors.**  Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C. (jsussberg@kirkland.com) and Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654, Attn: Patrick J. Nash, P.C.     (patrick.nash@kirkland.com),     Ross     M.     Kwasteniet,     P.C. (ross.kwasteniet@kirkland.com),     Christopher     S.     Koenig (chris.koenig@kirkland.com), and Dan Latona (dan.latona@kirkland.com);

b.  **Committee.**  White & Case LLP, 1221 Avenue of the Americas, New York, New York 10020, Attn: David Turetsky (david.turetsky@whitecase.com) and Samuel P. Hershey (sam.hershey@whitecase.com), White & Case, 111 South Wacker Drive, Suite    5100,    Chicago,    Illinois    60606,    Attn:    Michael    C.    Andolina (mandolina@whitecase.com) and Gregory F. Pesce (gregory.pesce@whitecase.com), White & Case LLP, 200 South Biscayne Blvd., Suite 4900, Miami, Florida 33133, Attn: Keith H. Wofford (kwofford@whitecase.com), and White & Case LLP, 555 South Flower Street, Suite 2700, Los Angeles, California 90071, Attn: Aaron E. Colodny (aaron.colodny@whitecase.com); and

c.  **U.S. Trustee.**  The Office of the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York, 10014, Attn: Shara Cornell (shara.cornell@usdoj.gov), Mark Bruh (mark.bruh@usdoj.com), and Brian S. Masumoto (brian.masumoto@usdoj.com).

<u>Failure to Respond</u>.  A Response that is not filed and served on or before the Response Deadline in accordance with the procedures set forth herein may not be considered at the Hearing before the Court.  **Absent reaching an agreement with the Debtors resolving the Response to the Notice of Satisfaction, failure to file and serve a Response timely as set forth herein may result in the Debtors causing its Claims and Noticing Agent to expunge such Claims from the Claims Register, and such claimant shall not be treated as a creditor with respect to the Claim for purposes of distribution**.  Affected creditors will be served with such order once it has been entered.

## Hearing on the Notice of Satisfaction

Date, Time and Location. If you file a Response, a hearing (the "Hearing") on the Notice of Satisfaction will be held on [  ], at [  ] a/p.m., prevailing Eastern Time, before the Honorable Martin Glenn, Chief United States Bankruptcy Judge for the Southern District of New York. In accordance with General Order M-543 dated March 20, 2020, the Hearing will be conducted remotely using Zoom for Government. Parties wishing to appear at the Hearing, whether making a "live" or "listen only" appearance before the Court, need to make an electronic appearance (an "eCourtAppearance") through the Court's website at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl. Electronic appearances (eCourtAppearances) need to be made by 4:00 p.m., prevailing Eastern Time, the business day before the hearing (i.e., on [  ], [  ]).

Due to the large number of expected participants in the Hearing and the Court's security requirements for participating in a Zoom for Government audio and video hearing, all persons seeking to attend the Hearing at [  ]:00 a/p.m., prevailing Eastern Time on [  ] must connect to the Hearing beginning at [  ]:00 a/p.m., prevailing Eastern Time on [  ]. When parties sign in to Zoom for Government and add their names, they must type in the first and last name that will be used to identify them at the Hearing. Parties that type in only their first name, a nickname or initials will not be admitted into the Hearing. When seeking to connect for either audio or video participation in a Zoom for Government Hearing, you will first enter a "Waiting Room," in the order in which you seek to connect. Court personnel will admit each person to the Hearing from the Waiting Room after confirming the person's name (and telephone number, if a telephone is used to connect) with their eCourtAppearance. Because of the large number of expected participants, you may experience a delay in the Waiting Room before you are admitted to the Hearing.

The hearing may be adjourned to a subsequent date in these cases in the Court's discretion. Notwithstanding the Case Management Order, the Debtors may adjourn Hearings regarding Omnibus Objections to subsequent hearing dates without further order of the Court. **You must attend the Hearing if you disagree with the Notice of Satisfaction and have filed a Response that has not been resolved prior to the Hearing.**

## Miscellaneous

Additional Information. Copies of these procedures, the Order, the Motion, or any other pleadings filed in these chapter 11 cases may be obtained free of charge by visiting the case website of the Debtors at https://cases.stretto.com/celsius. You may also obtain copies of these documents and other pleadings filed in these chapter 11 cases by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein. **Please do not contact the Court to discuss the merits of any Claim or any Objection filed with respect thereto**.

## Reservation of Rights

**NOTHING IN ANY NOTICE SHALL BE DEEMED TO CONSTITUTE A WAIVER OF ANY RIGHTS OF THE DEBTORS OR ANY OTHER PARTY IN**

4

**INTEREST TO DISPUTE ANY CLAIMS, ASSERT COUNTERCLAIMS, RIGHTS OF OFFSET OR RECOUPMENT, DEFENSES, OBJECT TO ANY CLAIMS ON ANY GROUNDS NOT PREVIOUSLY RAISED IN AN OBJECTION (UNLESS THE COURT HAS ALLOWED THE CLAIM OR ORDERED OTHERWISE), OR SEEK TO ESTIMATE ANY CLAIM AT A LATER DATE.  AFFECTED PARTIES WILL BE PROVIDED APPROPRIATE NOTICE THEREOF AT SUCH TIME.**

New York, New York
Dated: [   ], 2023

*/s/ DRAFT*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:        (212) 446-4800
Facsimile:        (212) 446-4900
Email:              jsussberg@kirkland.com

- and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:        (312) 862-2000
Facsimile:        (312) 862-2200
Email:              patrick.nash@kirkland.com
                        ross.kwasteniet@kirkland.com
                        chris.koenig@kirkland.com
                        dan.latona@kirkland.com

*Counsel to the Initial Debtors and Debtors in Possession*

*Proposed Counsel to the GK8 Debtors and Debtors in Possession*

6

**Exhibit A**

| Claimant Name | Claim / Schedule No. | Total Claim Value |
|---|---|---|
|  |  |  |