Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Counsel to the Initial Debtors and Debtors in Possession*

*Proposed Counsel to the GK8 Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF FILING OF PROPOSED FINAL ORDER**
**(I) AUTHORIZING THE GK8 DEBTORS TO (A) CONTINUE**
**TO OPERATE THE GK8 CASH MANAGEMENT SYSTEM,**
**(B) HONOR CERTAIN PREPETITION OBLIGATIONS RELATED THERETO,**
**(C) MAINTAIN EXISTING GK8 BUSINESS FORMS, AND (D) CONTINUE TO**
**PERFORM GK8 INTERCOMPANY TRANSACTIONS, (II) GRANTING**
**SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS TO POSTPETITION**
**GK8 INTERCOMPANY BALANCES, AND (III) GRANTING RELATED RELIEF**

　　　　**PLEASE TAKE NOTICE** that on December 7, 2022, the above-captioned debtors and

debtors in possession (collectively, the "Debtors") filed the *Debtors' Motion Seeking Entry of*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are : Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Interim and Final Orders (I) Authorizing the GK8 Debtors to (A) Continue to Operate the GK8 Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing GK8 Business Forms, and (D) Continue to Perform GK8 Intercompany Transactions, (II) Granting Superpriority Administrative Expense Status to Postpetiition GK8 Intercompany Balances, and (III) Granting Related Relief* [Docket No. 1627] (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that on December 9, 2022, the Court entered the *Interim Order (I) Authorizing the GK8 Debtors to (A) Continue to Operate The GK8 Cash Management System, (B) Honor Certain Prepetition Obligations Related  Thereto, (C) Maintain Existing GK8 Business Forms, and (D) Continue to Perform GK8 Intercompany Transactions, (II) Granting Superpriority Administrative Expense Status To Postpetition GK8 Intercompany Balances, and (III) Granting Related Relief* [Docket No. 1653] (the "Interim Order").

**PLEASE TAKE FURTHER NOTICE** that on January 24, 2023, the Court entered the *Second Interim Order (I) Authorizing the GK8 Debtors to (A) Continue to Operate The GK8 Cash Management System, (B) Honor Certain Prepetition Obligations Related  Thereto, (C) Maintain Existing GK8 Business Forms, and (D) Continue to Perform GK8 Intercompany Transactions, (II) Granting Superpriority Administrative Expense Status To Postpetition GK8 Intercompany Balances, and (III) Granting Related Relief* [Docket No. 1930] (the "Second Interim Order").

**PLEASE TAKE FURTHER NOTICE** that the Debtors hereby submit a proposed *Final Order (I) Authorizing the GK8 Debtors to (A) Continue to Operate The GK8 Cash Management System, (B) Honor Certain Prepetition Obligations Related  Thereto, (C) Maintain Existing GK8 Business Forms, and (D) Continue to Perform GK8 Intercompany Transactions, (II) Granting Superpriority Administrative Expense Status To Postpetition GK8 Intercompany Balances, and (III) Granting Related Relief* attached hereto as **Exhibit A** (the "Proposed Final Order").

**PLEASE TAKE FURTHER NOTICE** that a comparison between the Proposed Final Order and the Second Interim Order is attached hereto as **<u>Exhibit B</u>**.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion, the Interim Order, the Second Interim Order, the Proposed Final Order, and other pleadings filed in the above-captioned chapter 11 cases may be obtained free of charge by visiting the website of Stretto at http://www.cases.stretto.com/celsius.  You may also obtain copies of any pleadings by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

*[Remainder of page intentionally left blank]*

New York, New York                    /s/ Joshua A. Sussberg
Dated:  February 15, 2023             **KIRKLAND & ELLIS LLP**
                                      **KIRKLAND & ELLIS INTERNATIONAL LLP**
                                      Joshua A. Sussberg, P.C.
                                      601 Lexington Avenue
                                      New York, New York 10022
                                      Telephone:      (212) 446-4800
                                      Facsimile:      (212) 446-4900
                                      Email:          joshua.sussberg@kirkland.com

                                       - and -

                                      Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
                                      Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
                                      Christopher S. Koenig
                                      Dan Latona (admitted *pro hac vice*)
                                      300 North LaSalle Street
                                      Chicago, Illinois 60654
                                      Telephone:      (312) 862-2000
                                      Facsimile:      (312) 862-2200
                                      Email:          patrick.nash@kirkland.com
                                                      ross.kwasteniet@kirkland.com
                                                      chris.koenig@kirkland.com
                                                      dan.latona@kirkland.com

                                      *Counsel to the Initial Debtors and Debtors in
                                      Possession*

                                      *Proposed Counsel to the GK8 Debtors and Debtors in
                                      Possession*

## Exhibit A

**Proposed Final Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) Case No. 22-10964 (MG) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

### FINAL ORDER (I) AUTHORIZING THE GK8 DEBTORS TO (A) CONTINUE TO OPERATE THE GK8 CASH MANAGEMENT SYSTEM, (B) HONOR CERTAIN PREPETITION OBLIGATIONS RELATED THERETO, (C) MAINTAIN EXISTING GK8 BUSINESS FORMS, AND (D) CONTINUE TO PERFORM GK8 INTERCOMPANY TRANSACTIONS, (II) GRANTING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS TO POSTPETITION GK8 INTERCOMPANY BALANCES, AND (III) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of a final order (this "Final Order"), (a) authorizing, but not directing, the GK8 Debtors to (i) continue to operate their cash management system (the "GK8 Cash Management System"), (ii) honor certain prepetition obligations related thereto, (iii) maintain existing GK8 Business Forms in the ordinary course of business, and (iv) continue to perform GK8 Intercompany Transactions consistent with historical practice, (b) granting superpriority administrative expense status to postpetition intercompany balances, and (c) granting related relief, all as more fully set forth in the Motion; and upon the Ferraro Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended*

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2]  Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

*Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefore, it is HEREBY ORDERED THAT:

1.      The Motion is granted on a final basis as set forth herein.

2.      Subject to paragraph 14, and except as otherwise provided in any order of the Court entered in the Debtors' cases, including, without limitation, the *Order (I) Permitting the Sale of the Debtors' Mined Bitcoin in the Ordinary Course and (II) Granting Related Relief* [Docket No. 514] and any order regarding the sale of the GK8 Assets, the GK8 Debtors are authorized, on a final basis and in their sole discretion, to:  (a) continue operating the GK8 Cash Management System, substantially as illustrated on **Exhibit 1** attached hereto; (b) honor their prepetition obligations related thereto; and (c) continue to perform GK8 Intercompany Transactions consistent with historical practice; *provided* that all GK8 Intercompany Transactions shall be only in cash, and not in cryptocurrency, crypto tokens, or other cryptocurrency assets;

*provided, further*, that all GK8 Intercompany Transactions, whether between GK8 Debtors or between any Debtor and any non-Debtor affiliate, shall (A) constitute an allowed claim against the applicable Debtor or a loan to the applicable non-Debtor affiliate, and (B) with respect to GK8 Intercompany Transactions, be governed by the budget (the "Budget") and other reporting requirements set forth in the *Stipulation and Agreed Order Regarding Framework for the Distribution of the Debtors' Reporting Information to the Committee* [Docket No. 969] unless the Debtors obtain consent from the Committee, with notice to the U.S. Trustee, or pursuant to a further order from this Court after notice and a hearing; *provided, further,* that, from the date of this Order, any GK8 Intercompany Transaction to a GK8 Debtor (directly or indirectly through non-debtor affiliate Celsius Network IL Ltd) that exceeds $750,000 in the aggregate shall not be permitted without prior written consent from the Committee (email shall suffice) or further order by the Court.

3.     The Debtors are authorized, on a final basis and in their sole discretion, to: (a) continue to use, with the same account numbers, the GK8 Bank Accounts,[3] as identified on **Exhibit 2** attached hereto; (b) treat the GK8 Bank Accounts for all purposes as accounts of the Debtors as debtors in possession; (c) deposit funds in and withdraw funds from the GK8 Bank Accounts by all usual means, including checks, wire transfers, and other debits; and (d) otherwise perform their obligations under the documents governing the GK8 Bank Accounts.

---

[3]   "GK8 Bank Accounts" shall include the GK8 Bank Account (as defined in the Motion) and the Current GK8 Bank Account (as defined in the Campagna Declaration) (ending in 8591) held by GK8 Ltd. and maintained at the Herzliya, Israel branch of Bank Hapoalim, as further described in the *Declaration of Robert Campagna in Support of the Debtors' Motion Seeking Entry of Interim and Final Orders (I) Authorizing the GK8 Debtors to (A) Continue to Operate the GK8 Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing GK8 Business Forms, and (D) Continue to Perform GK8 Intercompany Transactions, (II) Granting Superpriority Administration Expense Status to Postpetition GK8 Intercompany Balances, and (III) Granting Related Relief* [Docket No. 2021] (the "Campagna Declaration").

4.      The Debtors are authorized, but not directed, to continue using, in their present form, the GK8 Business Forms, as well as checks and other documents related to the GK8 Bank Accounts existing immediately before the GK8 Petition Date, without reference to the Debtors' status as debtors in possession; *provided* that once the GK8 Debtors have exhausted their existing stock of GK8 Business Forms, the Debtors shall ensure that any new GK8 Business Forms are clearly labeled "Debtor-In-Possession"; *provided*, *further*, that with respect to any GK8 Business Forms that exist or are generated electronically, to the extent reasonably practicable, the GK8 Debtors shall ensure that such electronic GK8 Business Forms are clearly labeled "Debtor-In-Possession."

5.      Bank Hapoalim is authorized to continue to maintain, service, and administer the GK8 Bank Accounts as accounts of the GK8 Debtors as debtors in possession without interruption and in the ordinary course, and to receive, process, honor, and pay, to the extent of available funds, any and all checks, drafts, wires, and ACH transfers issued and drawn on the GK8 Bank Accounts after the GK8 Petition Date by the holders or makers thereof, as the case may be.

6.      Bank Hapoalim, provided with notice of this Final Order, shall not honor or pay any bank payments drawn on the GK8 Bank Accounts, or otherwise issued before the GK8 Petition Date, absent further direction from the GK8 Debtors.

7.      The GK8 Debtors will maintain records in the ordinary course reflecting transfers of cash, if any, including GK8 Intercompany Transactions, so as to permit all such transactions to be ascertainable.

8.      In the course of providing cash management services to the GK8 Debtors, Bank Hapoalim is authorized, without further order of the Court, to deduct the applicable fees and expenses associated with the nature of the deposit and cash management services rendered to the

4

GK8 Debtors, whether arising prepetition or postpetition, from the appropriate accounts of the GK8 Debtors, and further, to charge back to, and take and apply reserves from, the appropriate accounts of the GK8 Debtors any amounts resulting from returned checks or other returned items, including returned items that result from ACH transactions, wire transfers, merchant services transactions or other electronic transfers of any kind, regardless of whether such items were deposited or transferred prepetition or postpetition and regardless of whether the returned items relate to prepetition or postpetition items or transfers.

9.       Bank Hapoalim is authorized to debit the GK8 Bank Accounts in the ordinary course of business without the need for further order of the Court for:  (a) all checks drawn on the GK8 Bank Accounts that are cashed at Bank Hapoalim's counters or exchanged for cashier's checks by the payees thereof prior to the GK8 Petition Date; (b) all checks or other items deposited the GK8 Bank Accounts with Bank Hapoalim prior to the GK8 Petition Date which have been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the GK8 Debtors were responsible for such items prior to the GK8 Petition Date; (c) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to Bank Hapoalim as service charges for the maintenance of the GK8 Cash Management System; and (d) all reversals, returns, refunds, and chargebacks of checks, deposited items, and other debits credited to GK8 Debtor's account after the GK8 Petition Date, regardless of the reason such item is returned or reversed (including, without limitation, for insufficient funds or a consumer's statutory right to reverse a charge).

10.      Bank Hapoalim may rely on the representations of the GK8 Debtors with respect to whether any check or other payment order drawn or issued by the GK8 Debtors prior to the GK8 Petition Date should be honored pursuant to this or any other order of the Court, and Bank

Hapoalim shall not have any liability to any party for relying on such representations by the GK8 Debtors as provided for herein.

11.     Any agreements existing between the GK8 Debtors and Bank Hapoalim shall continue to govern the postpetition cash management relationship between the GK8 Debtors and Bank Hapoalim, subject to applicable bankruptcy or other law, all of the provisions of such agreements, including the termination, fee provisions, rights, benefits, offset rights and remedies afforded under such agreements shall remain in full force and effect absent further order of the Court or, with respect to any such agreement with Bank Hapoalim, unless the GK8 Debtors and Bank Hapoalim agree otherwise, and any other legal rights and remedies afforded to Bank Hapoalim under applicable law shall be preserved, subject to applicable bankruptcy law.

12.     The requirement to establish separate bank accounts for cash collateral and/or tax payments is hereby waived.

13.     Subject to paragraphs 2 and 14, notwithstanding anything to the contrary set forth herein, the GK8 Debtors are authorized, but not directed, to continue GK8 Intercompany Transactions between and among Debtor entities arising from or related to the operation of their business in the ordinary course; *provided* that, with respect to any and all GK8 Intercompany Transactions authorized in this Final Order, each GK8 Debtor shall (a) continue to pay its own obligations consistent with such GK8 Debtor's past practice with respect to GK8 Intercompany Transactions and related obligations, and in no event shall any of the GK8 Debtors pay for the prepetition or postpetition obligations incurred or owed by any of the other GK8 Debtors in a manner inconsistent with past practices and (b) beginning on the GK8 Petition Date, maintain (i) current records of intercompany balances; (ii) a Debtor by Debtor summary on a monthly basis of any postpetition GK8 Intercompany Transactions involving the transfer of cash for the

preceding month (to be available on the 21st day of the following month); and (iii) reasonable access to the GK8 Debtors' advisors and Committee with respect to such records.

14.     All postpetition transfers and payments from a GK8 Debtor to another Debtor under any postpetition GK8 Intercompany Transactions authorized hereunder are hereby accorded superpriority administrative expense status under section 503(b) of the Bankruptcy Code.

15.     Notwithstanding the Debtors' use of a consolidated GK8 Cash Management System, the Debtors shall calculate quarterly fees (to be paid in U.S. dollars) under 28 U.S.C. § 1930(a)(6) based on the disbursements of each GK8 Debtor, regardless of which entity pays those disbursements.  For the avoidance of doubt, all disbursements pursuant to the foregoing shall be made in U.S. dollars.

16.     The GK8 Debtors and Bank Hapoalim may, without further order of the Court, agree to and implement changes to the GK8 Cash Management System and procedures in the ordinary course of business, including, without limitation, the opening and closing of bank accounts; *provided* that in the event the GK8 Debtors open a new bank account they shall open one at an authorized depository; *provided*, *further*, that within five business days the GK8 Debtors shall give notice of the opening of any new bank accounts or closing of the GK8 Bank Accounts to the U.S. Trustee and the Committee.

17.     Notwithstanding anything to the contrary in this Final Order, nothing herein shall be interpreted as authorizing the Debtors to restart their platform, including the Swap Service, Earn program, retail lending, institutional lending, and Custody Service (as defined, as applicable, in the Mashinsky Declaration) or otherwise allow the buying, selling, trading, or withdrawal of cryptocurrency assets on the Debtors' platform absent further order of the court.

18.     Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed: (a) an admission as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Final Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens.  Any payment made pursuant to this Final Order is not intended and should not be construed as an admission as the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

19.     The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Final Order.

20.     Nothing in this Final Order shall modify or impair the ability of any party in interest to contest how the Debtors account, including, without limitation, the validity or amount set forth in such accounting for any GK8 Intercompany Transaction or GK8 Intercompany Balance.  The rights of all parties in interest with the respect thereto are fully preserved.

8

21.     To the extent the GK8 Bank Accounts are not in compliance with section 345(b) of the Bankruptcy Code or any of the U.S. Trustee Guidelines, the requirements of section 345(b) of the Bankruptcy Code and the U.S. Trustee Guidelines are hereby waived.

22.     As soon as practicable after entry of this Final Order, the Debtors shall serve a copy of this Final Order on Bank Hapoalim.

23.     The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

24.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

25.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

26.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

27.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

New York, New York
Dated: _____, 2023

_____
THE HONORABLE MARTIN GLENN
CHIEF UNITED STATES BANKRUPTCY JUDGE

9

**Exhibit 1**

**GK8 Cash Management System Schematic**



**<u>Exhibit 2</u>**

**GK8 Bank Accounts**

| No. | Entity | Bank | Location | Description | Account No. |
|-----|--------|------|----------|-------------|-------------|
| 1. | GK8 Ltd. | Bank Hapoalim | Herzliya, Israel | Operations | xxx8591 |
| 2. | GK8 Ltd. | Bank Hapoalim | Tel Aviv, Israel | Operations | xxx8598[1] |

---

[1]   The bank account held by GK8 Ltd. and maintained at the Tel Aviv, Israel branch of Bank Hapoalim (the "Original GK8 Bank Account") is no longer active.  Any funds deposited into the Original GK8 Bank Account are automatically swept into the new bank account held by GK8 Ltd. and maintained at the Herzliya, Israel branch of Bank Hapoalim.

## Exhibit B

### Redline

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

## ~~SECOND INTERIM~~FINAL ORDER (I) AUTHORIZING THE GK8 DEBTORS TO (A) CONTINUE TO OPERATE THE GK8 CASH MANAGEMENT SYSTEM, (B) HONOR CERTAIN PREPETITION OBLIGATIONS RELATED THERETO, (C) MAINTAIN EXISTING GK8 BUSINESS FORMS, AND (D) CONTINUE TO PERFORM GK8 INTERCOMPANY TRANSACTIONS, (II) GRANTING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS TO POSTPETITION GK8 INTERCOMPANY BALANCES, AND (III) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of a ~~second interim~~final order (this "~~Second Interim~~Final Order"), (a) authorizing, but not directing, the GK8 Debtors to (i) continue to operate their cash management system (the "GK8 Cash Management System"), (ii) honor certain prepetition obligations related thereto, (iii) maintain existing GK8 Business Forms in the ordinary course of business, and (iv) continue to perform GK8 Intercompany Transactions consistent with historical practice, (b) granting superpriority administrative expense status to postpetition intercompany balances, and (c) granting related relief, ~~and (d) scheduling a final hearing to consider approval of the Motion on a final basis,~~ all as more fully set forth in the

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

Motion; and upon the Ferraro Declaration; and this Court having jurisdiction over this matter

pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the

United States District Court for the Southern District of New York, entered February 1, 2012;

and ~~that~~ this Court having the power to enter a final order consistent with Article III of the

United States Constitution; and this Court having found that venue of this proceeding and the

Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having

found that the relief requested in the Motion is in the best interests of the Debtors' estates, their

creditors, and other parties in interest; and this Court having found that the Debtors' notice of the

Motion and opportunity for a hearing on the Motion were appropriate under the circumstances

and no other notice need be provided; and this Court having reviewed the Motion and having

heard the statements in support of the relief requested therein at a hearing before this Court (the

"Hearing"); and this Court having determined that the legal and factual bases set forth in the

Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the

proceedings had before this Court; and after due deliberation and sufficient cause appearing

therefore, it is HEREBY ORDERED THAT:

1.     The Motion is granted on ~~an interim~~**a final** basis as set forth herein.¶

~~2.     The final hearing (the "Final Hearing") on the Motion shall be held on February~~

~~15, 2023, at 10:00 a.m., prevailing Eastern Time, using Zoom for Government.  Any objections~~

~~or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m.,~~

~~prevailing Eastern Time, on February 8, 2023, and shall be served on:  (a) the Debtors, Celsius~~

~~Network LLC, 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030, Attn: Ron Deutsch;~~

~~(b) counsel to the Initial Debtors and proposed counsel to the GK8 Debtors, Kirkland & Ellis~~

~~LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C. and~~

Simon Briefel, and 300 North LaSalle, Chicago, Illinois 60654, Attn: Patrick J. Nash, Jr., P.C., Ross M. Kwasteniet, P.C., Christopher S. Koenig, and Dan Latona; (c) U.S. Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Shara Cornell, Mark Bruh, and Brian S. Masumoto; (d) White & Case LLP, 111 South Wacker Drive, Suite 5100, Chicago, Illinois 6060, Attn: Gregory F. Pesce, and 55 South Flower Street, Suite 2700, Los Angeles, CA 90071, Attn: Aaron Colodny and (e) counsel to any statutory committee appointed in these chapter 11 cases.

**2.** ~~3.~~ Subject to paragraph ~~15~~**14**, and except as otherwise provided in any order of the Court entered in the Debtors' cases, including, without limitation, the *Order (I) Permitting the Sale of the Debtors' Mined Bitcoin in the Ordinary Course and (II) Granting Related Relief* [Docket No. 514] and any order regarding the sale of the GK8 Assets, the GK8 Debtors are authorized, on ~~an interim~~**a final** basis and in their sole discretion, to:  (a) continue operating the GK8 Cash Management System, substantially as illustrated on **Exhibit 1** attached hereto; (b) honor their prepetition obligations related thereto; and (c) continue to perform GK8 Intercompany Transactions consistent with historical practice; *provided* that all GK8 Intercompany Transactions ~~affiliate~~ shall be only in cash, and not in cryptocurrency, crypto tokens, or other cryptocurrency assets; *provided, further*, that all GK8 Intercompany Transactions, whether between GK8 Debtors or between any Debtor and any non-Debtor affiliate, shall (A) constitute an allowed claim against the applicable Debtor or a loan to the applicable non-Debtor affiliate, and (B) with respect to GK8 Intercompany Transactions, be governed by the budget (the "Budget") and other reporting requirements set forth in the *Stipulation and Agreed Order Regarding Framework for the Distribution of the Debtors' Reporting Information to the Committee* [Docket No. 969] unless the Debtors obtain consent

from the Committee, with notice to the U.S. Trustee, or pursuant to a further order from this Court after notice and a hearing; *provided, further,* that, from the date of this Order, any GK8 Intercompany Transaction to a GK8 Debtor (directly or indirectly through non-debtor affiliate Celsius Network IL Ltd) that exceeds $750,000 in the aggregate shall not be permitted without prior written consent from the Committee (email shall suffice) or further order by the Court.

**3.**    ~~4.~~ The Debtors are authorized, on ~~an interim~~ **a final** basis and in their sole discretion, to: (a) continue to use, with the same account number**s, the** GK8 Bank ~~Account in existence as of the GK8 Petition Date~~**Accounts**,[3] as identified on **Exhibit 2** attached hereto; (b) treat the GK8 Bank Account**s** for all purposes as accounts of the Debtors as debtors in possession; (c) deposit funds in and withdraw funds from the GK8 Bank Account**s** by all usual means, including checks, wire transfers, and other debits; and (d) otherwise perform their obligations under the documents governing the GK8 Bank Account**s**.

**4.**    ~~5.~~ The Debtors are authorized, but not directed, to continue using, in their present form, the GK8 Business Forms, as well as checks and other documents related to the GK8 Bank Account**s** existing immediately before the GK8 Petition Date, without reference to the Debtors' status as debtors in possession; *provided* that once the GK8 Debtors have exhausted their existing stock of GK8 Business Forms, the Debtors shall ensure that any new GK8 Business Forms are clearly labeled "Debtor-In-Possession"; *provided, further,* that with respect to any

---

[3]    **"GK8 Bank Accounts" shall include the GK8 Bank Account (as defined in the Motion) and the Current GK8 Bank Account (as defined in the Campagna Declaration) (ending in 8591) held by GK8 Ltd. and maintained at the Herzliya, Israel branch of Bank Hapoalim, as further described in the *Declaration of Robert Campagna in Support of the Debtors' Motion Seeking Entry of Interim and Final Orders (I) Authorizing the GK8 Debtors to (A) Continue to Operate the GK8 Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing GK8 Business Forms, and (D) Continue to Perform GK8 Intercompany Transactions, (II) Granting Superpriority Administration Expense Status to Postpetition GK8 Intercompany Balances, and (III) Granting Related Relief* [Docket No. 2021] (the "Campagna Declaration").**

4

GK8 Business Forms that exist or are generated electronically, to the extent reasonably practicable, the GK8 Debtors shall ensure that such electronic GK8 Business Forms are clearly labeled "Debtor-In-Possession."

**5.** 6. Bank Hapoalim is authorized to continue to maintain, service, and administer the GK8 Bank Accounts as accounts of the GK8 Debtors as debtors in possession without interruption and in the ordinary course, and to receive, process, honor, and pay, to the extent of available funds, any and all checks, drafts, wires, and ACH transfers issued and drawn on the GK8 Bank Accounts after the GK8 Petition Date by the holders or makers thereof, as the case may be.

**6.** 7. Bank Hapoalim, provided with notice of this Second Interim**Final** Order maintaining, shall not honor or pay any bank payments drawn on the GK8 Bank Accounts, or otherwise issued before the GK8 Petition Date, absent further direction from the GK8 Debtors.

**7.** 8. The GK8 Debtors will maintain records in the ordinary course reflecting transfers of cash, if any, including GK8 Intercompany Transactions, so as to permit all such transactions to be ascertainable.

**8.** 9. In the course of providing cash management services to the GK8 Debtors, Bank Hapoalim is authorized, without further order of the Court, to deduct the applicable fees and expenses associated with the nature of the deposit and cash management services rendered to the GK8 Debtors, whether arising prepetition or postpetition, from the appropriate accounts of the GK8 Debtors, and further, to charge back to, and take and apply reserves from, the appropriate accounts of the GK8 Debtors any amounts resulting from returned checks or other returned items, including returned items that result from ACH transactions, wire transfers, merchant services transactions or other electronic transfers of any kind, regardless of whether such items

were deposited or transferred prepetition or postpetition and regardless of whether the returned items relate to prepetition or postpetition items or transfers.

**9.**    ~~10.~~ Bank Hapoalim is authorized to debit the GK8 Bank Account**s** in the ordinary course of business without the need for further order of the Court for:  (a) all checks drawn on the GK8 Bank Account**s** that are cashed at Bank Hapoalim's counters or exchanged for cashier's checks by the payees thereof prior to the GK8 Petition Date; (b) all checks or other items deposited the GK8 Bank Account**s** with Bank Hapoalim prior to the GK8 Petition Date which have been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the GK8 Debtors were responsible for such items prior to the GK8 Petition Date; (c) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to Bank Hapoalim as service charges for the maintenance of the GK8 Cash Management System; and (d) all reversals, returns, refunds, and chargebacks of checks, deposited items, and other debits credited to GK8 Debtor's account after the GK8 Petition Date, regardless of the reason such item is returned or reversed (including, without limitation, for insufficient funds or a consumer's statutory right to reverse a charge).

**10.**    ~~11.~~ Bank Hapoalim may rely on the representations of the GK8 Debtors with respect to whether any check or other payment order drawn or issued by the GK8 Debtors prior to the GK8 Petition Date should be honored pursuant to this or any other order of the Court, and Bank Hapoalim shall not have any liability to any party for relying on such representations by the GK8 Debtors as provided for herein.

**11.**    ~~12.~~ Any agreements existing between the GK8 Debtors and Bank Hapoalim shall continue to govern the postpetition cash management relationship between the GK8 Debtors and Bank Hapoalim, subject to applicable bankruptcy or other law, all of the provisions of such

6

agreements, including the termination, fee provisions, rights, benefits, offset rights and remedies afforded under such agreements shall remain in full force and effect absent further order of the Court or, with respect to any such agreement with Bank Hapoalim, unless the GK8 Debtors and Bank Hapoalim agree otherwise, and any other legal rights and remedies afforded to Bank Hapoalim under applicable law shall be preserved, subject to applicable bankruptcy law.

**12.**    ~~13.~~ The requirement to establish separate bank accounts for cash collateral and/or tax payments is hereby waived ~~on an interim basis pending a final hearing on the Motion~~.

**13.**    ~~14.~~ Subject to paragraphs ~~3~~**2** and ~~15~~**14**, notwithstanding anything to the contrary set forth herein, the GK8 Debtors are authorized, but not directed, to continue GK8 Intercompany Transactions between and among Debtor entities arising from or related to the operation of their business in the ordinary course; *provided* that, with respect to any and all GK8 Intercompany Transactions authorized in this ~~Second Interim~~**Final** Order, each GK8 Debtor shall (a) continue to pay its own obligations consistent with such **GK8** Debtor's past practice with respect to GK8 Intercompany Transactions and related obligations, and in no event shall any of the **GK8** Debtors pay for the prepetition or postpetition obligations incurred or owed by any of the other **GK8** Debtors in a manner inconsistent with past practices and (b) beginning on the GK8 Petition Date, maintain (i) current records of intercompany balances; (ii) a Debtor by Debtor summary on a monthly basis of any postpetition GK8 Intercompany Transactions involving the transfer of cash for the preceding month (to be available on the 21st day of the following month); and (iii) reasonable access to the GK8 Debtors' advisors and Committee with respect to such records.

**14.**    ~~15.~~ All postpetition transfers and payments from a GK8 Debtor to another Debtor under any postpetition GK8 Intercompany Transactions authorized hereunder are hereby

accorded superpriority administrative expense status under section 503(b) of the Bankruptcy Code.

15.   16. Notwithstanding the Debtors' use of a consolidated GK8 Cash Management System, the Debtors shall calculate quarterly fees (to be paid in U.S. dollars) under 28 U.S.C. § 1930(a)(6) based on the disbursements of each GK8 Debtor, regardless of which entity pays those disbursements.  For the avoidance of doubt, all disbursements pursuant to the foregoing shall be made in U.S. dollars.

16.   17. The GK8 Debtors and Bank Hapoalim may, without further order of the Court, agree to and implement changes to the GK8 Cash Management System and procedures in the ordinary course of business, including, without limitation, the opening and closing of bank accounts; *provided* that in the event the GK8 Debtors open a new bank account they shall open one at an authorized depository; *provided*, *further*, that within five business days the GK8 Debtors shall give notice of the opening of any new bank accounts or closing of the GK8 Bank Accounts to the U.S. Trustee and the Committee.

17.   18. Notwithstanding anything to the contrary in this Second Interim**Final** Order, nothing herein shall be interpreted as authorizing the Debtors to restart their platform, including the Swap Service, Earn program, retail lending, institutional lending, and Custody Service (as defined, as applicable, in the Mashinsky Declaration) or otherwise allow the buying, selling, trading, or withdrawal of cryptocurrency assets on the Debtors' platform absent further order of the court.

18.   19. Notwithstanding the relief granted in this Second Interim**Final** Order and any actions taken pursuant to such relief, nothing in this Second Interim**Final** Order shall be deemed: (a) an admission as to the validity of any particular claim against the Debtors; (b) a waiver of the

8

Debtors' rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this ~~Second Interim~~**Final** Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens.  Any payment made pursuant to this ~~Second Interim~~**Final** Order is not intended and should not be construed as an admission as the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

**19.**    ~~20.~~ The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this ~~Second Interim~~**Final** Order.

**20.**    ~~21.~~ Nothing in this ~~Second Interim~~**Final** Order shall modify or impair the ability of any party in interest to contest how the Debtors account, including, without limitation, the validity or amount set forth in such accounting for any GK8 Intercompany Transaction or GK8 Intercompany Balance.  The rights of all parties in interest with the respect thereto are fully preserved.

**21.** ~~22.~~ To the extent the GK8 Bank Account~~s is~~ **are** not in compliance with section 345(b) of the Bankruptcy Code or any of the U.S. Trustee Guidelines, the ~~GK8 Debtors shall have until February 7, 2023, without prejudice to seeking an additional extension, to come into compliance with~~**requirements of** section 345(b) of the Bankruptcy Code and the U.S. Trustee Guidelines~~; *provided* that nothing herein shall prevent the Debtors or the U.S. Trustee from seeking further relief from the Court to the extent that an agreement cannot be reached. The Debtors may obtain a further extension of the period referenced above by written stipulation with the U.S. Trustee and filing such stipulation on the Court's docket without the need for further Court order~~ **are hereby waived**.

**22.** ~~23.~~ As soon as practicable after entry of this ~~Second Interim~~**Final** Order, the Debtors shall serve a copy of this ~~Second Interim~~**Final** Order on Bank Hapoalim.

**23.** ~~24.~~ The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

**24.** ~~25.~~ Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

**25.** ~~26.~~ Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this ~~Second Interim~~**Final** Order are immediately effective and enforceable upon its entry.

**26.** ~~27.~~ The Debtors are authorized to take all actions necessary to effectuate the relief granted in this ~~Second Interim~~**Final** Order in accordance with the Motion.

**27.** ~~28.~~ This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this ~~Second Interim~~**Final** Order.

10

New York, New York
Dated: _____, 2023

_____

THE HONORABLE MARTIN GLENN
CHIEF UNITED STATES BANKRUPTCY JUDGE

## **Exhibit 1**

**GK8 Cash Management System Schematic**



**<u>Exhibit 2</u>**

**<u>GK8</u> Bank Account<u>s</u>**

| No. | Entity | Bank | Location | Description | Account No. |
|---|---|---|---|---|---|
| **1.** | **GK8 Ltd.** | **Bank Hapoalim** | **Herzliya, Israel** | **Operations** | **xxx8591** |
| ~~1.~~**2.** | GK8 Ltd. | Bank Hapoalim | **Tel Aviv,** Israel | Operations | xxx8598[1] |

---

[1]    **The bank account held by GK8 Ltd. and maintained at the Tel Aviv, Israel branch of Bank Hapoalim (the "Original GK8 Bank Account") is no longer active.  Any funds deposited into the Original GK8 Bank Account are automatically swept into the new bank account held by GK8 Ltd. and maintained at the Herzliya, Israel branch of Bank Hapoalim.**