**Hearing Date: March 8, 2023, at 11:00 a.m. (prevailing Eastern Time)**
**Objection Deadline: March 1, 2023, at 4:00 p.m. (prevailing Eastern Time)**

Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200

*Counsel to the Initial Debtors and Debtors in Possession*

*Proposed Counsel to the GK8 Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## NOTICE OF HEARING ON DEBTORS' MOTION SEEKING ENTRY OF AN ORDER (I) STRIKING CERTAIN ITEMS FROM APPELLANTS' DESIGNATION OF RECORD ON APPEAL AND (II) GRANTING RELATED RELIEF

**PLEASE TAKE NOTICE** that a hearing on the *Debtors' Motion Seeking Entry of an Order (I) Striking Certain Items from Appellants' Designation of Record on Appeal, and (II) Granting Related Relief* (the "Motion") will be held on **March 8, 2023, at 11:00 a.m. prevailing Eastern Time** (the "Hearing") before the Honorable Martin Glenn, Chief United States

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

Bankruptcy Judge.  In accordance with General Order M-543 dated March 20, 2020, the Hearing will be conducted remotely using Zoom for Government.  Parties wishing to appear at the Hearing, whether making a "live" or "listen only" appearance before the Court, need to make an electronic appearance     (an "eCourtAppearance")     through     the     Court's     website     at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl.          Electronic     appearances (eCourtAppearances) need to be made by **4:00 p.m., prevailing Eastern Time, the business day before the hearing (*i.e.*, on March 7, 2023)**.

   **PLEASE TAKE FURTHER NOTICE** that due to the large number of expected participants in the Hearing and the Court's security requirements for participating in a Zoom for Government audio and video hearing, all persons seeking to attend the Hearing at 11:00 a.m., prevailing Eastern Time on March 8, 2023 must connect to the Hearing beginning at 10:00 a.m., prevailing Eastern Time on March 8, 2023.  When parties sign in to Zoom for Government and add their names, they must type in the first and last name that will be used to identify them at the Hearing.  Parties that type in only their first name, a nickname or initials will not be admitted into the Hearing.  When seeking to connect for either audio or video participation in a Zoom for Government Hearing, you will first enter a "Waiting Room," in the order in which you seek to connect.  Court personnel will admit each person to the Hearing from the Waiting Room after confirming the person's name (and telephone number, if a telephone is used to connect) with their eCourtAppearance.  Because of the large number of expected participants, you may experience a delay in the Waiting Room before you are admitted to the Hearing.

   **PLEASE TAKE FURTHER NOTICE** that any responses or objections to the relief requested in the Motion shall:  (a) be in writing; (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and all General

2

Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York; (c) be filed electronically with the Court on the docket of *In re Celsius Network LLC*, No. 22-10964 (MG) by registered users of the Court's electronic filing system and in accordance with all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York (which are available on the Court's website at http://www.nysb.uscourts.gov; and (d) be served in accordance with the *Amended Final Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief,* [Docket No. 1181] (the "Case Management Order") by **March 1, 2023, at 4:00 p.m., prevailing Eastern Time**, to (i) the entities on the Master Service List (as defined in the Case Management Order and available on the case website of the Debtors at https://cases.stretto.com/celsius and (ii) any person or entity with a particularized interest in the subject matter of the Motion.

**PLEASE TAKE FURTHER NOTICE** that only those responses or objections that are timely filed, served, and received will be considered at the Hearing.  Failure to file a timely objection may result in entry of a final order granting the Motion as requested by the Debtors.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion and other pleadings filed in these chapter 11 cases may be obtained free of charge by visiting the website of Stretto at https://cases.stretto.com/celsius.  You may also obtain copies of the Motion and other pleadings filed in these chapter 11 cases by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

New York, New York
Dated: February 15, 2023

/s/ Joshua A. Sussberg

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:         jsussberg@kirkland.com

 - and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:         patrick.nash@kirkland.com
                ross.kwasteniet@kirkland.com
                chris.koenig@kirkland.com
                dan.latona@kirkland.com

*Counsel to the Initial Debtors and Debtors in Possession*

*Proposed Counsel to the GK8 Debtors and Debtors in Possession*

**Hearing Date:  March 8, 2023, at 11:00 a.m. (prevailing Eastern Time)**
**Objection Deadline:  March 1, 2023, at 4:00 p.m. (prevailing Eastern Time)**

| | |
|---|---|
| Joshua A. Sussberg, P.C. | Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*) |
| **KIRKLAND & ELLIS LLP** | Ross M. Kwasteniet, P.C. (admitted *pro hac vice*) |
| **KIRKLAND & ELLIS INTERNATIONAL LLP** | Christopher S. Koenig |
| 601 Lexington Avenue | Dan Latona (admitted *pro hac vice*) |
| New York, New York 10022 | **KIRKLAND & ELLIS LLP** |
| Telephone:  (212) 446-4800 | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Facsimile:  (212) 446-4900 | 300 North LaSalle Street |
| | Chicago, Illinois 60654 |
| | Telephone:  (312) 862-2000 |
| | Facsimile:  (312) 862-2200 |

*Counsel to the Initial Debtors and Debtors in Possession*

*Proposed Counsel to the GK8 Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## DEBTORS' MOTION SEEKING ENTRY OF AN ORDER (I) STRIKING CERTAIN ITEMS FROM APPELLANTS' DESIGNATION OF RECORD ON APPEAL AND (II) GRANTING RELATED RELIEF

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state

the following in support of this motion (this "Motion"):

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

**Preliminary Statement**[2]

1.      After failing to introduce any evidence during the Earn Hearing, the Appellants now seek to designate more than 250 items—many of which were not in existence at the time of the Earn Hearing—for the record on appeal.  Appellants cannot, however, use the designation process to construct a record supporting their position where none exists—that is not what the process is for.  Fed. R. Bankr. P. 8009(e) (providing that the record on appeal should "accurately disclose[] what occurred in the bankruptcy court").  Accordingly, the Court should strike all items in the Appellant's Designation that the Court did not consider in rendering the Earn Opinion.  *See id.* ("If an item has been improperly designated as part of the record on appeal, a party may move to strike that item."); *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, No. ADV 08-01789 BRL, 2010 WL 8815208 at *2 (Bankr. S.D.N.Y. Aug. 3, 2010) (striking from the appellant's designation of record pleadings in the bankruptcy court regarding a different matter that were "not considered by [the bankruptcy court] in rendering the [appealed] decision," and "completely irrelevant to any issue presented in connection with [the] appeal").

**Relief Requested**

2.      The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), (a) striking certain items in the Appellants' Designation from the record on appeal, and (b) granting related relief.

**Jurisdiction and Venue**

3.      The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the

---

[2]      Terms capitalized but not defined in the Preliminary Statement shall have the meanings ascribed to such terms elsewhere in this Motion.

*Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012. The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      The statutory basis for the relief requested herein is rule 8009(e) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## Background

6.      On November 11, 2022, the Debtors filed the *Debtors' Amended Motion for Entry of an Order (I) Establishing Ownership of Assets in the Debtors' Earn Program, (II) Permitting the Sale of Stablecoin in the Ordinary Course, and (III) Granting Related Relief* [Docket No. 1325] (the "Earn Motion"), seeking entry of an order (a) establishing that assets transferred into the Debtors' Earn Program are property of the Debtors' estates, and (b) authorizing the Debtors to sell certain stablecoins pursuant to 11 U.S.C. § 363. *See* Earn Motion ¶ 5.[3]  In support of the Earn Motion, the Debtors filed three declarations (collectively, the "Earn Declarations" and the declarants, the "Earn Declarants")[4] simultaneously therewith. On November 21 and 22, 2022,

---

[3]    Notwithstanding that the Debtors filed the Earn Motion on full notice (twenty-three days before the Earn Hearing), the Debtors explicitly declined to seek findings with respect to "whether any Account Holder has valid defenses to the purported contract between Account Holders and the Debtors under the Terms of Use," in order to streamline the discovery process. *See* Earn Motion at ¶ 16 (emphasizing that "all parties' rights are reserved with respect to" Account Holders' contract defenses).

[4]    *See Declaration of Chris Ferraro, Interim Chief Executive Officer, Chief Restructuring Officer, and Chief Financial Officer, in Support of the Debtors' Motion Regarding Ownership of Earn Assets and the Sale of Stablecoin* [Docket No. 1326]; *Declaration of Oren Blonstein, Head of Innovation and Chief Compliance Officer of the Debtors, in Support of the Debtors' Motion Regarding Ownership of Earn Assets and the Sale of Stablecoin* [Docket No. 1327]; *Declaration of Robert Campagna, Managing Director of Alvarez & Marsal North America, LLC, in Support of the Debtors' Motion Regarding Ownership of Earn Assets and the Sale of Stablecoin* [Docket No. 1328].

parties in interest, including the U.S. Trustee, the Official Committee of Unsecured Creditors (the "Committee"), and several of the Appellants, participated in depositions of the Earn Declarants.[5]   The Debtors ultimately received dozens of responses to the Earn Motion. *Memorandum Opinion and Order Regarding Ownership of Earn Account Assets* [Docket No. 1822] (the "Earn Opinion") at 13 (describing the responses, and, such responses described in the Earn Opinion, collectively, the "Earn Responses").   On December 2, 2022, in response to the objections and in further support of the Earn Motion, the Debtors filed the *Debtors' Reply in Support of Debtors' Amended Motion for Entry of an Order (I) Establishing Ownership of Assets in the Debtors' Earn Program, (II) Permitting the Sale of Stablecoin in the Ordinary Course, and (III) Granting Related Relief and Response to Certain Objections Thereto* [Docket No. 1578] (the "Earn Reply") and *Supplemental Declaration of Oren Blonstein, Head of Innovation and Chief Compliance Officer of the Debtors, in Support of the Debtors' Motion Regarding Ownership of Earn Assets and the Sale of Stablecoin* [Docket No. 1584] (the "Supplemental Blonstein Declaration").

7.       On December 5, 2022, the Court held an evidentiary hearing regarding the Earn Motion (the "Earn Hearing").   During the Earn Hearing, each Earn Declarant provided testimony (including on cross examination).   The Debtors also established, without objection, an evidentiary record consisting of: the three Earn Declarations, the Supplemental Blonstein Declaration, and Exhibits A-1 to A-8 attached to the *Declaration of Alex Mashinsky, Chief Executive Officer of Celsius Network LLC, Providing Terms of Use Dating Back to February 18, 2018* [Docket No.

---

[5]      Additionally, pursuant to the Court's order, the Debtors allowed Frishberg to depose Oren Blonstein via Zoom for one hour on December 2, 2022.  *See Order Requiring Debtors to Allow Daniel Frishberg to Depose Mr. Blonstein for A Limited Period and Scope* [Docket No. 1542]; *Daniel Frishberg's Notice of Deposition of Oren Blonstein* [Docket No. 1577].

393] (the "<u>Terms of Use Declaration</u>").[6] Despite the opportunity to do so, neither the Appellants nor any other objectors introduced any evidence during the Earn Hearing. *See* Earn Opinion at 37 ("The Court provided a chance for objectors to submit evidence. None did.").[7]

8.      On January 4, 2023, the Court issued the Earn Opinion. In doing so, the Court emphasized that both the requested findings and the evidentiary record were narrow and reiterated that the Court could "consider only evidence admitted into the record." *Id.* Thus, "*on the evidence before it,*" the Court ruled "that the Terms of Use formed a valid, enforceable contract between the Debtors and Account Holders, and that the Terms unambiguously transfer title and ownership of Earn Assets deposited into Earn Accounts from Accounts Holders to the Debtors." *Id.* at 30 (emphasis added); *see id.* at 31 ("Based on the *limited* scope of findings sought by the [Earn] Motion, the Court's decision does not determine . . . whether any individual Account Holder has valid defenses to the contract between Account Holders and the Debtors." (emphasis added)).

9.      On January 18, 2023, Daniel A. Frishberg, Georges Georgiou, Immanuel J. Herrmann, Kulpreet Khanuja, Christopher J. Little, and Luke P. Nowak (collectively, the "<u>Appellants</u>") filed the *Notice of Appeal and Statement of Election* and the *Motion to Authorize Certain Procedural Relief, And, If Needed, for Leave to Appeal* [Docket No. 1894] seeking leave

---

[6]    *See* Earn Hearing Tr. 32:13–15; 51:2–7; 71:9–12; *see also id.* at 75:17–20 (admitting "pages 14 through 679 of [ECF Docket Number 393]"). These exhibits are version one through version eight of the Terms of Use, and the redlines between each version and the previous one. For the avoidance of doubt, the Terms of Use Declaration itself, and other exhibits attached thereto, were not admitted into evidence. *See* Earn Hearing Tr. 75:11–16 ("The declaration is not itself there.").

[7]    *See also* Earn Hearing Tr. 103:20–23 ("Do any of the objectors wish to offer evidence in support of their objections? The Court has read all the objections. Hearing no response, the Court determines that the objectors have rested as well."); *id.* at 106: 3–6 ("The objectors did not put in any evidence of any of Mr. Mashinsky's videos or anything else that he's allegedly said. It's not in the record. The record is closed. And so if objectors had evidence they wanted to offer, they had their chance and they didn't."); 163:8–10 ("The evidence, the record is closed and I'm not going to hear any additional evidence.").

to appeal of the Earn Opinion (the "Appeal").[8]  On February 2, 2023, the Debtors filed the *Debtors' Response in Opposition to Appellants' Motion for Leave to Appeal* [Appeal Docket No. 3] (the "Response") at the United States District Court for the Southern District of New York (the "District Court").[9]

10.    On February 1, 2023, the Appellants filed the *Appellants' Statement of Issues to Be Presented and Designation of Items to Be Included in the Record of Appeal* [Docket No. 1976] (the "Designation"), raising five questions on appeal and designating as the record on appeal 250 filings from the bankruptcy docket (fifty-five of which were filed after the Earn Hearing), four filings in various adversary proceedings, and four transcripts from depositions of the Earn Declarants.[10]

## Basis for Relief

11.    The Debtors seek to strike all items in the Appellants' Designation that (i) were not admitted into evidence during the Earn Hearing or (ii) could not otherwise have been properly considered by the Court in reaching the Earn Opinion.  "[T]he touchstone for the designation of [a] matter as part of the record [for appeal] is whether the matter was before the lower court (or at least considered by that court) in entering the order or judgment appealed from."  *In re Ames Dep't Stores, Inc.*, 320 B.R. 518, 521 (Bankr. S.D.N.Y. 2005).  "[I]f an item was not considered by the court, it should be stricken from the record on appeal."  *In re Bear Stearns High-Grade Structured Credit Strategies Master Fund, Ltd.*, 389 B.R. 325, 339 (S.D.N.Y. 2008) (quoting *Ames*, 320 B.R.

---

[8]    The case is *In re Celsius Network LLC*, 1:23-cv-00523-JPO (S.D.N.Y. January 20, 2023) (the "Appeal Docket").

[9]    A detailed summary of the procedural history of the Appeal before this Motion can be found in the Response.

[10]    The Designation was docketed at the Appeal Docket on February 15, 2023, notwithstanding that under Bankruptcy Rule 8009(a)(2), "[w]ithin 14 days after being served [the Designation]," the Debtors may "file with the bankruptcy clerk and serve on the appellant a designation of additional items to be included in the record." Fed. R. Bankr. P. 8009(a)(2).

at 521) (internal quotation marks omitted); *see* Bankruptcy Rule 8009(e)(1) ("If an item has been improperly designated as part of the record on appeal, a party may move to strike that item."); *In re Enron Corp.*, No. 02 CIV. 5638 (BSJ), 2003 WL 223455, at *4 n.3 (S.D.N.Y. Feb. 3, 2003) ("On appeal, this Court will only consider the record that was before the bankruptcy court."). The party seeking to expand the record on appeal bears the burden of persuasion. *See Ames*, 320 B.R. at 522 n.8 (Bankr. S.D.N.Y. 2005) ("[T]he parties seeking to expand the record should have the burden of moving before the [a]ppellate [c]ourt, as well as the burden of persuasion." (quoting Tr. of Feb. 10, 2005 at 5–6, *Enron Power Mktg. Inc. v. Nevada Power Co. (In re Enron Corp.)*, No. 02-2520 (Bankr. S.D.N.Y. 2002))); *cf. In re Lehman Brothers Inc.*, No. 15-cv-6829, 2016 WL 316857 at *5 (S.D.N.Y. Jan. 26, 2016) (declining appellants' "attempts to plug the hole" on appeal with evidence not properly admitted at the bankruptcy court).

12.    The evidentiary record at the Earn Hearing consisted of: (i) the Earn Declarations, (ii) the Supplemental Blonstein Declaration, (iii) Exhibits A-1 to A-8 of the Terms of Use Declaration, and (iv) the testimony of the Earn Declarants. The Court further stated on the record that it had read and considered all filings made in connection with the Earn Motion.[11] Only these items should be included in the record on appeal. *See Ames*, 320 B.R. at 522 ("[T]he touchstone for the designation of matter as part of the record is whether the matter was before the lower court (or at least considered by that court) in entering the order or judgment appealed from.").

13.    Notwithstanding the fact that the Court has repeatedly emphasized the limitations of the record, Appellants' proposed Designation includes hundreds of letters, briefs, motions, and even certificates of service that (1) were not admitted, or even offered, into evidence during the

---

[11]    *See* Earn Hearing Tr. 27:3 ("I've read everything."); Earn Opinion at 30 ("The Court has read every submission filed in connection with the [Earn] Motion.").

Earn Hearing, and (2) were not referenced by Court as having been considered in reaching the

Earn Opinion.  Indeed, the Designation even includes fifty-five items that were not filed until after

the Earn Hearing, as well as others that were not filed until after the entry of the Earn Opinion.

14.    The Court should strike all such items in the Designation from the record on appeal

as items not considered in rendering the Earn Opinion.  *See Ames*, 320 B.R. at 521 ("[I]f an item

was not considered by the court, it should be stricken from the record on appeal."); *In re Candor*

*Diamond Corp.*, 26 B.R. 844, 847 (Bankr. S.D.N.Y. 1983) (striking from the record on appeal

"items [that were] not necessary for the District Court to have a full understanding of the particular

proceeding being reviewed by it"); *In re Burgess*, No. 19-20092, 2020 WL 6840784 at *2 (Bankr.

D. Me. Oct. 6, 2020) (striking from the appellant's designation of record items that were filed after

the appealed order had been entered); *In re Saco Loc. Dev. Corp*., 13 B.R. 226, 229 (Bankr. D.

Me. 1981) (holding that depositions "cannot be part of the record on appeal" when they were not

offered into evidence during the hearing and were filed after the appealed order was entered).

15.    Appellants, who bear the burden of persuasion, make no justifications as to why

any of these irrelevant items should be included in the record on appeal.  Nor can they.  In reality,

the Designation is an improper attempt to remedy the Appellants' failure to offer evidence at the

Earn Hearing, despite the clear opportunity to do so.  *See* Earn Opinion at 37 ("The Court provided

a chance for objectors to submit evidence.  None did.").  While the Debtors understand that the

Appellants are *pro se*, the invitation to introduce evidence was explicit: "Do any of the objectors

wish to offer evidence in support of their objections?"  Earn Hearing Tr. 103:20–21.  On this basis,

the Court denied an Appellant's request to reopen the evidentiary record less than two hours after

the record had closed[12]—the result should not change now.  *See In re Imperial Petroleum Recovery*

---

[12]    *See* Earn Hearing. at 153:2–13 (MR. HERRMANN: "I'll start out by just respectfully asking if you would
consider reopening the opportunity to submit evidence . . ."; THE COURT: "I'm not reopening the record, Mr.

*Corp.*, No. 13-30466, 2022 WL 90607, at *4 (Bankr. S.D. Tex. Jan. 7, 2022) ("Defendants cannot use their designation to create a version of the appellate record that does not reflect Defendants' presentation of evidence in the Bankruptcy Court."); *Lehman Brothers*, 2016 WL 316857 at *5 (declining to consider an item not considered by or authenticated before the bankruptcy court even though "accept[ing] this inappropriate appellate submission . . . could offer a 'practical' way to resolve the issue without a remand").

16.     Moreover, striking items from the record on appeal that were never considered by the Bankruptcy Court and that are, regardless of such consideration, irrelevant to the substance of the issues discussed in the Earn Opinion cannot prejudice the Appellants.  *See In re No Rust Rebar, Inc.*, No. 21-12188-PDR, 2022 WL 17365811 (Bankr. S.D. Fla. Dec. 1, 2022) ("[B]ecause the items were not relied upon by the Court, were not raised by any party for consideration, were not referenced in any way in reaching the ultimate decision [on the appellee's motion for approving a settlement], and would be inappropriate or irrelevant to the issue of approving or denying the [s]ettlement even had they been properly raised, the Court can see no basis by which the [a]ppellant will be unduly prejudiced by the striking of these items from the Designation.").

17.     Therefore, the Court should reject the Designation as to each of the items in Exhibit 1 to the Order, so as to relieve the District Court of "the burden of resolving frivolous designations of overzealous [appellants] at the very outset of an appeal."  *Ames*, 320 B.R. at 521 n.4.

---

Herrmann. That's what this hearing was about.  I understand that you're a pro se creditor and there are many other pro se creditors.  But I follow the rules.  Evidence was submitted in support and that's where we are.").

## Motion Practice

18.     This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of its application to this Motion. Accordingly, the Debtors submit that this Motion satisfies Local Rule 9013-1(a).

## Notice

19.     The Debtors will provide notice of this Motion to the following parties or their respective counsel: (a) the U.S. Trustee; (b) counsel to the Committee; (c) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); (d) the United States Attorney's Office for the Southern District of New York; (e) the Internal Revenue Service; (f) the offices of the attorneys general in the states in which the Debtors operate; (g) the Securities and Exchange Commission; (h) the Appellants; and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

20.     No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Debtors respectfully requests that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

New York, New York
Dated: February 15, 2023

/s/ Joshua A. Sussberg

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:        jsussberg@kirkland.com

 - and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:        patrick.nash@kirkland.com
              ross.kwasteniet@kirkland.com
              chris.koenig@kirkland.com
              dan.latona@kirkland.com

*Counsel to the Initial Debtors and Debtors in Possession*

*Proposed Counsel to the GK8 Debtors and Debtors in Possession*

**<u>Exhibit A</u>**

**Order**

**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

### ORDER (I) STRIKING CERTAIN ITEMS FROM APPELLANTS' DESIGNATION OF RECORD ON APPEAL AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) striking certain items from Appellants' designation of record on appeal, and (b) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing thereon were appropriate under

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted on a final basis as set forth herein.

2.      Notwithstanding the designation of such items in *Appellants' Statement of Issues to Be Presented and Designation of Items to Be Included in the Record of Appeal* [Docket No. 1976], all items in the table attached hereto as **Exhibit 1** are hereby stricken from the record on appeal for *In re Celsius Network LLC*, 23-cv-00523-JPO (S.D.N.Y. January 20, 2023).

3.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2023

_____
THE HONORABLE MARTIN GLENN
CHIEF UNITED STATES BANKRUPTCY JUDGE

2

**Exhibit 1**

**Items Stricken from the Record on Appeal**

Note: Appellants designated several docket entries twice in their Designation. The duplicative designations are highlighted in yellow.

| Docket No. | Docket Entry |
|---|---|
| 45 | Statement/First Day Hearing Presentation filed by Joshua Sussberg on behalf of Celsius Network LLC. (Sussberg, Joshua) |
| 120 | Letter to The Honorable Martin Glenn, dated 7/21/2022 Re: request you throw out the ToS that Celsius deceptively states that depositors lent our cryptocurrency to Celsius, as this was never advertised this way; hold Celsius Network accountable for misrepresenting delta-neutral risk and hold Celsius accountable for misrepresenting to customers its balance sheet insolvency position since 2021, and incorrectly stating to customers that it had enough reserves to meet obligations. Filed by Brandon Lipin. (Suarez, Aurea) |
| 121 | Letter to The Honorable Martin Glenn, dated 7/21/2022 Re: Encourage the court to request and view these AMA's as they are blatantly the opposite of what they are saying now. Filed by William Ennis. (Suarez, Aurea) |
| 123 | Letter to The Honorable Martin Glenn, dated 7/21/2022 Re: Pointing out the incompetencies, fraud, and Ponzi nature of Celsius Network, and putting the interest of unsecured creditors first and do what is right for those that have risked their life savings with Celsius. The harm that Celsius has caused is staggering. Filed by Kevin Vong. (Suarez, Aurea) |
| 124 | Letter dated 7/21/2022 Re: Please take into consideration my and many others' thoughts and concerns. The money I deposited is meant as my life savings and I know I'm one of many in this situation. Filed by Stephen Richardson. (Suarez, Aurea) |
| 126 | Letter to The Honorable Martin Glenn, dated 7/21/2022 Re: Request that all funds be seized and removed from Mr. Mashinsky control, and that the 120 days should be denied and immediately turn over control of all funds to the Trustee. Filed by Robert J. Cominos. (Suarez, Aurea) |
| 129 | Letter dated 7/21/2022 Re: In recent months they have intensified the payment for referrals (similar to a ponzi scheme) and invited several people to be "ambassadors" in this project to publicize the platform, and large payments made to major creditors before filing for bankruptcy. Filed by Felipe Lordelo. (Suarez, Aurea) |
| 153 | Letter to Judge Glenn dated 7/22/2022 Re: Request to Not Allow Celsius to Implement Recovery Plan under Alex Mashinsky; Request to Allow the Simon Dixon Plan for Recovery Filed by Pablo Sturm Hernandez. (Acosta, Annya) |
| 187 | Motion to Authorize / Debtors' Motion Seeking Entry of an Order (I) Permitting the Sale of the Debtors' Mined Bitcoin in the Ordinary Course |

| Docket No. | Docket Entry |
|---|---|
| | and (II) Granting Related Relief filed by Joshua Sussberg on behalf of Celsius Network LLC |
| 188 | Motion to Approve / Debtors' Motion Seeking Entry of (I) an Order (A) Approving Bidding Procedures for the Potential Sale of Certain of the Debtors' Assets, (B) Scheduling Certain Dates with Respect Thereto, (C) Approving the Form and Manner of Notice Thereof, (D) Approving Bid Protections, (E) Approving Contract Assumption and Assignment Procedures, (II) an Order Authorizing the Debtors to Enter into A Definitive Purchase Agreement, and (III) Granting Related Relief filed by Joshua Sussberg on behalf of Celsius Network LLC |
| 301 | Order, Signed on 8/1/2022, That Debtors File Terms of Use. (related document(s)[23]) |
| 371 | [Re: Bitcoin sale] Objection to Motion Objection of the Texas State Securities Board to Debtors' Motion Seeking Entry of an Order (related document(s)[187]) filed by Layla Milligan on behalf of Texas State Securities Board |
| 390 | Statement / The Official Committee of Unsecured Creditors' Statement Regarding These Chapter 11 Cases filed by David Turetsky on behalf of The Official Committee of Unsecured Creditors |
| 393 | Declaration of Alex Mashinsky, Chief Executive Officer of Celsius Network LLC, Providing Terms of Use Dating Back to February 18, 2018 filed by Joshua Sussberg on behalf of Celsius Network LLC <br><br> Note: **_only_** page 14 to page 679 of the above Declaration, _i.e._, Exhibit A-1 to Exhibit A-8, is included in the record on appeal.  _See Earn Hearing Tr_. 75:17–20 (admitting "pages 14 through 679 of [ECF Docket Number 393]"). The Declaration itself (page 1 to page 13), and other exhibits attached thereto (page 680 to page 1126), are excluded from the record on appeal. _See Earn Hearing Tr_. 75:11–16 ("The declaration is not itself there."). |
| 394 | Statement / Notice of Filing of Declaration of Alex Mashinsky, Chief Executive Officer of Celsius Network LLC, Providing Terms of Use Dating Back to February 18, 2018 (related document(s)[301]) filed by Joshua Sussberg on behalf of Celsius Network LLC |
| 400 | [Re: Bitcoin sale, etc.] Objection to Motion (related document(s)[189]) filed by Shara Claire Cornell on behalf of United States Trustee |
| 428 | Objection to Motion Seeking Entry of an Order (I) Permitting the Sale of the Debtors' Mined Bitcoin in the Ordinary Course and (II) Granting Related Relief (related document(s)[187]) filed by David Turetsky on behalf of The Official Committee of Unsecured Creditors |
| 430 | Objection to Motion Seeking Entry of (I) an Order (A) Approving Bidding Procedures for the Potential Sale of Certain of the Debtors Assets, (B) Scheduling Certain Dates with Respect Thereto, (C) Approving the Form and Manner of Notice Thereof, (D) Approving Bid Protections, (E) Approving Contract Assumption and Assignment Procedures, (II) an Order |

| Docket No. | Docket Entry |
|---|---|
|  | Authorizing the Debtors to Enter into a Definitive Purchase Agreement, and (III) Granting Related Relief (related document(s)[188]) filed by David Turetsky on behalf of The Official Committee of Unsecured Creditors. (Attachments: # (1) Exhibit A: Official Committee of Unsecured Creditor's Proposed Modifications) (Turetsky, David) |
| 453 | [Re: Bitcoin sale] Objection Supplemental Exhibit to the Objection of the Texas State Securities Board to Debtors' Motion Seeking Entry of an Order (related document(s)[371]) filed by Layla Milligan on behalf of Texas State Securities Board |
| 514 | Order, Signed on 8/17/2022, (I) Permitting the Sale of the Debtors' Mined Bitcoin in the Ordinary Course and (II) Granting Related Relief (Related Doc # [187]) |
| 662 | [Custody accounts]¬†Adversary case 22-01142. Complaint against Celsius Network LLC, Celsius Keyfi LLC, Celsius Lending LLC, Celsius Mining LLC, Celsius Network Inc., Celsius Network Limited, Celsius Networks Lending LLC, Celsius US Holding LLC (Fee Amount $ 350.). Nature(s) of Suit: (91 (Declaratory judgment) Filed by Bryan Kotliar, Kyle J. Ortiz on behalf of Ad Hoc Group of Custodial Account Holders |
| 670 | Motion to Authorize / Debtors' Motion Seeking Entry of an Order (I) Authorizing the Debtors to Reopen Withdrawals for Certain Customers with Respect to Certain Assets Held in the Custody Program and Withhold Accounts and (II) Granting Related Relief filed by Joshua Sussberg on behalf of Celsius Network LLC |
| 737 | Motion for Relief from Stay/Ad Hoc Group of Withhold Account Holders' Motion for Relief from The Automatic Stay filed by Deborah Kovsky-Apap on behalf of Ad Hoc Group of Withhold Account Holders |
| 738 | Letter to The Honorable Martin Glenn, dated 8/29/2022 Re: Request to order Celsius to return my cryptocurrencies. Filed by Andreas Kumar. (Suarez, Aurea) |
| 739 | Letter to The Honorable Martin Glenn, dated 9/1/2022 Re: Return of full invested funds maintained in both "Custody" and "Earn" portions of my account. Filed by Corey D. Dahlquist |
| 740 | Letter to The Honorable Martin Glenn, dated 9/2/2022 Re: Request to release to us, the account holders, our cryptocurrency, and any further debt shall be that of Celsius and its investors, etc. Filed by Dean & Cheryl Pick |
| 753 | Objection (related document(s)[670]) filed by John Smith |
| 797 | Letter to The Honorable Martin Glenn, dated 9/8/2022 Re: Seeking justice for my son and requesting return of all banked cryptocurrency with Celsius. Filed by Rasika Harshey |
| 835 | Letter Dated 9/12/2022 to Judge Martin Glenn In Re: Return of Celsius Life Savings Filed by Marc Herouard |
| 877 | Motion to Approve /Motion Seeking a Ruling of Full Title of Ownership of Funds With Respect to Users Who Have Been Blocked Access By Debtor Prior to Bankruptcy and to Request Disclosure From Debtor on the Number |

| Docket No. | Docket Entry |
|---|---|
|  | and Amount of Suspended/Closed Accounts Which Funds Still Kept by Debtor. filed by Kwok Mei Po |
| 877 | Motion to Approve/Motion Seeking a Ruling of Full Title of Ownership of Funds With Respect to Users Who Have Been Blocked Access By Debtor Prior to Bankruptcy and to Request Disclosure From Debtor on the Number and Amount of Suspended/Closed Accounts Which Funds Still Kept by Debtor. filed by Kwok Mei Po. |
| 882 | Order Signed on 9/23/2022, Setting Hearing Schedule on Motion Filed by Kwok Mei Po. (ECF DOC. # 877). Hearing to be held on 11/1/2022 at 11:00 AM at Videoconference (ZoomGov) (MG). |
| 913 | Letter to The Honorable Martin Glenn, dated 9/28/2022 Re: Request to Make All Account Holders the FIRST and PRIMARY Creditors In This Case and for Celsius to Not Have the Opportunity to Secure All of Our Assets at the Market Bottom For Pennies on the Dollar, etc. Filed by Travis Rodgers |
| 914 | Objection (related document(s)[737], [670], [662]) filed by Cameron Crews |
| 929 | Motion to Approve / Debtors' Motion Seeking Entry of an Order (I) Approving the Bidding Procedures in Connection with the Sale of Substantially All of the Debtors' Assets, (II) Scheduling Certain Dates with Respect Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Approving Contract Assumption and Assignment Procedures, and (V) Granting Related Relief filed by Joshua Sussberg on behalf of Celsius Network LLC |
| 950 | Motion to Allow/Motion To Consider All USDC Investors And Account Holders of Celsius Network, LLC As Secured Creditors Instead of Unsecured Creditors filed by Nicole Barstow |
| 951 | Motion to Join (related document(s)[914]) filed by Jarno Oberg |
| 965 | Motion to Allow/Motion to Consider Stablecoin Creditors as Secured Creditors. filed by Lucas Holcomb |
| 967 | Objection to Motion Joining Texas and Vermont's Objections to Debtors' Motion to Sell Stablecoin (related document(s)[832]) filed by Michael D. Morris on behalf of State of Wisconsin - Dep't of Financial Instutions |
| 988 | Notice of Proposed Order / Letter and Proposed Joint Stipulation and Agreed Scheduling Order by and Among the Debtors, the Committee, and the Ad Hoc Groups with Respect to the Custody and Withhold Issues (related document(s)[737], [670]) filed by Joshua Sussberg on behalf of Celsius Network LLC |
| 990 | Motion to Allow/Motion to Consider Tethergold (XAUT) Creditors as Secured Creditors. filed by Douglas Saker |
| 1040 | Objection to Motion for an Order Approving Bidding Procedures and for Related Relief (related document(s)[929]) filed by Jennifer Rood on behalf of Vermont Dept. of Financial Regulation |
| 1043 | Response /Supplemental Response, Declaration and Request For Relief (related document(s)[954]) filed by Immanuel Herrmann |

| Docket No. | Docket Entry |
|---|---|
| 1044 | Joint Stipulation and Agreed Scheduling Order signed on 10/11/2022 By and Among the Debtors, the Committee, and the Ad Hoc Groups with Respect to the Custody and Withhold Issues. Status Conference to be held on 11/22/2022 at 10:00 AM at Videoconference (ZoomGov) (MG) |
| 1046 | Statement/The Official Committee of Unsecured Creditors' Statement with Respect to the Debtors' Motion Seeking Entry of an Order (I) Approving the Bidding Procedures in Connection with the Sale of Substantially All of the Debtors' Assets, (II) Scheduling Certain Dates with Respect Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Approving Contract Assumption and Assignment Procedures, and (V) Granting Related Relief (Related Document(s)[929]) filed by Gregory F Pesce on behalf of The Official Committee of Unsecured Creditors. (Pesce, Gregory) |
| 1047 | Objection to Motion (related document(s)[929]) filed by Shara Claire Cornell on behalf of United States Trustee |
| 1051 | Motion to Join Objection Filed by Vermont to Debtors' Motion For An Order Approving Bid Procedures and Related Relief (related document(s)[1040]) filed by Victor Ubierna de las Heras |
| 1054 | Objection /Omnibus Objection (related document(s)[929]) filed by Daniel Frishberg |
| 1056 | Objection to Motion /Limited Objection (related document(s)[929]) filed by Immanuel Herrmann |
| 1058 | Response /AMENDED Supplemental Response, Declaration and Request For Relief (related document(s)[1043], [954]) filed by Immanuel Herrmann |
| 1059 | Objection to Motion Limited Objection of the Texas State Securities Board and the Texas Department of Banking to Debtor's Motion Seeking Entry of an Order (related document(s)[929]) filed by Layla Milligan on behalf of Texas Department of Banking, Texas State Securities Board |
| 1062 | Letter To The Honorable Martin Glenn, dated 10/14/2022 Re: Urging that Celsius release at least some Custody account assets in whole, and not treat them the same as all other Celsius account holders. Filed by James Steven Liepa |
| 1063 | Objection to Motion (Limited Objection of Vincent Theodore Goetten) (related document(s)[929]) filed by Hollace T. Cohen on behalf of Vincent Theodore Goetten |
| 1065 | Objection to Motion filed by Karen Cordry on behalf of Alabama, Arkansas, California, District of Columbia, Hawaii, Maine, Missouri, North Dakota, and Oklahoma |
| 1069 | Letter To The Honorable Martin Glenn, dated 10/14/2022 Re: Requesting return of crypto assets to the individual creditors. Filed by Natasha Ramsoomair |
| 1073 | Digital Assets: Consultation Paper Signed on 10/17/2022 by Chief Judge Martin Glenn |
| 1076 | Letter to The Honorable Martin Glenn, dated 10/15/2022 Re: Difference Between the Stablecoin Holders and Holders of Other Cryptocurrencies. |

| Docket No. | Docket Entry |
|---|---|
| | Filed by Susan Kendall |
| 1104 | Motion to Authorize IGNAT TUGANOVS (A) RESPONSE TO EXAMINERS MOTION TO APPROVE WORK PLAN, AND (B) MOTION TO CLARIFY OR EXPAND SCOPE OF EXAMINERS INVESTIGATION filed by Jeffrey S. Sabin on behalf of Ignat Tuganov with hearing to be held on 11/1/2022 at 11:00 AM at Videoconference (ZoomGov) (MG). (Attachments: # (1) Exhibit A - Proposed Order) (Sabin, Jeffrey) |
| 1106 | Objection to Motion / Debtors' Objection to Creditor's Notice of Motion and Motion Seeking for Ruling of Full Title of Ownership of Funds with Respect to Users Who Have Been Blocked Access by Debtor Prior to Bankruptcy and to Request Disclosure from Debtor on the Number and Amount of Suspended/Closed Accounts Which Funds Still Kept by Debtor (related document(s)[877]) filed by Joshua Sussberg on behalf of Celsius Network LLC |
| 1106 | Debtors' Objection to Creditors' Notice of Motion and Motion Seeking for Ruling of Full Title of Ownership of Funds with Respect to Users Who Have Been Blocked Access by Debtor Prior to Bankruptcy and to Request Disclosure from Debtor on the Number and Amount of Suspended/Closed Accounts Which Funds Still Kept by Debtor |
| 1121 | Motion to Join (related document(s)[877]) filed by Luca Zara |
| 1121 | JOINDER TO MOTION SEEKING FOR RULING OF FULL TITLE OF OWNERSHIP OF FUNDS WITH RESPECT TO USERS WHO HAVE BEEN BLOCKED ACCESS BY DEBTOR PRIOR TO BANKRUPTCY AND TO REQUEST DISCLOSURE FROM DEBTOR ON THE NUMBER AND AMOUNT OF SUSPENDED/CLOSED ACCOUNTS WHICH FUNDS STILL KEPT BY DEBTOR |
| 1162 | Letter to The Honorable Martin Glenn, dated 10/20/2022 Re: investigate Alex Mashinskys handling of affairs and his AMA (Ask Me Anything) videos, etc. Filed by Damien Raymond. |
| 1185 | Omnibus Objection to Motion / Omnibus Objection of the Official Committee of Unsecured Creditors to (I) Motion to Consider USDC Investors as Secured Creditors, (II) Motion to Consider Stablecoin Creditors as Secured Creditors, and (III) Motion to Consider Tethergold (XAUT) Creditors as Secured Creditors (related document(s)[950], [990], [965]) filed by David Turetsky on behalf of The Official Committee of Unsecured Creditors |
| 1188 | Objection / Debtors' Omnibus Objection to (I) Nicole Barstow's Motion to Consider USDC Investors as Secured Creditors, (II) Lucas Holcomb's Motion to Consider Stablecoin Creditors as Secured Creditors, and (III) Douglas Saker's Motion to Consider Tethergold (Xaut) Creditors as Secured Creditors (related document(s)[950], [990], [965]) filed by Joshua Sussberg on behalf of Celsius Network LLC |
| 1192 | Declaration / Declaration of Oren Blonstein, Head of Innovation and Chief |

| Docket No. | Docket Entry |
|---|---|
|  | Compliance Officer of Celsius Network Limited, with Respect to Certain Phase I Issues Pursuant to the Joint Stipulation and Agreed Scheduling Order by and Among the Debtors, the Committee, and the Ad Hoc Groups with Respect to the Custody and Withhold Issues filed by Joshua Sussberg on behalf of Celsius Network LLC |
| 1201 | Objection (related document(s)[1185]) filed by Jack Cel |
| 1213 | Motion to Allow/Objection to (related document(s) 1185, 1188), and Motion To Consider All USDC Investors And Account Holders of Celsius Network, LLC As Secured Creditors Instead of Unsecured Creditors and for Such Other and Further Relief filed by Jack Cel |
| 1221 | Response/Statement in Regards to Ignat Tuganov's (A) Response to Examier's Motion to Approve Work Plan, and (B) Motion to Clarify or Expand Scope of the Investigation (Dk. 1104) (related document(s)[1104]) filed by Victor Ubierna. (Ho, Amanda) |
| 1222 | Motion to Join/Partial Joinder and Response to Ignat Tuganov's (A) Response to Examiner's Motion to Approve Work Plan, and (B) Motion to Clarify or Expand Scope of the Investigation filed by Immanuel Herrmann. (Ho, Amanda) |
| 1223 | Motion to Allow/Motion to Include "Control on Collateral" as part of Security Perfection in Re-Considering Stablecoin Holders as Secured Creditors filed by Jack C. |
| 1228 | Statement Regarding November 1 Hearing on Debtors' Motion Seeking Entry of an Order (I) Permitting the Sale of Stablecoin in the Ordinary Course and (II) Granting Related Relief (related document(s)[832]) filed by Joshua Sussberg on behalf of Celsius Network LLC |
| 1229 | Statement and Reservation of Rights Regarding (I) The Examiner's Motion to Confirm Examination Scope or Alternatively for Expansion of the Scope of the Examination and (II) Ignat Tuganov's (A) Response to Examiner's Motion to Approve Work Plan, and (B) Motion to Clarify or Expand Scope of Examiner's Investigation (related document(s)[1112], [1104]) filed by Joshua Sussberg on behalf of Celsius Network LLC. (Gomez, Jessica) |
| 1237 | Reply to Motion / Reply of Ignat Tuganov to the Official Committee of Unsecured Creditors' Omnibus Response to Motions Relating to the Scope of the Examination, and the Debtors Statement and Reservation of Rights Re:[1229][1230] filed by Jeffrey S. Sabin on behalf of Ignat Tuganov. (Sabin, Jeffrey) |
| 1249 | Letter /Demand Letter dated 6/15/2022 sent to Alex Mashinsky, Celsius, Inc., et al, prior to the filing of Bankruptcy Filed by Thomas A. Hall |
| 1251 | Objection (related document(s)[1106], [877]) filed by Kwok Mei Po |
| 1251 | Objection (related document(s)[1106], [877]) filed by Kwok Mei Po. |
| 1253 | Response (related document(s)[1228], [832]) filed by Kulpreet Khanuja |
| 1263 | Response (related document(s)[1228]) filed by Immanuel Herrmann |
| 1276 | Amended Motion to Allow/AMENDED Motion To Include a Request that all Unaccredited Investors in Celsius Network, LLC, et al, to be Allowed to |

| Docket No. | Docket Entry |
|---|---|
| | Have Priority Unsecured, Rather than General Unsecured, Creditor Status for the Reasons Outlined in this Motion, and Response to the Objections of the Debtor, etc. (related document(s)950, 1185) filed by Nicole Barstow |
| 1277 | Statement /Reservation of Rights Over Crypto Assets I Deposited Into Celsius Network, LLC., etc., (related document(s)[319]) filed by Travis Rodgers |
| 1280 | Transcript regarding Hearing Held on 11/1/2022 at 11:15am RE: Status Conference RE: Debtors Motion seeking Entry of an Order (I) Permitting the Sale of Stablecoin in the Ordinary Course and (II) Granting Related Relief; et al. Remote electronic access to the transcript is restricted until 2/2/2023. The transcript may be viewed at the Bankruptcy Court Clerks Office |
| 1289 | Memorandum of Law / Ad Hoc Group of Withhold Account Holders' Phase I Brief Pursuant to the Joint Stipulation and Agreed Scheduling Order By and Among the Debtors, the Committee, and the Ad Hoc Groups With Respect to the Custody and Withhold Issues (related document(s)1044) filed by Deborah Kovsky-Apap on behalf of Ad Hoc Group of Withhold Account Holders |
| 1290 | Statement /The Official Committee of Unsecured Creditors' (A) Opening Brief on Phase I Custody and Withhold Issues and (B) Statement in Partial Support of and Limited Objection to Debtors' Custody and Withhold Motion (related document(s)[670]) filed by Aaron Colodny on behalf of The Official Committee of Unsecured Creditors. (Attachments: # (1) Exhibit A - Illustrative Coin Movement Schematic) |
| 1291 | Memorandum of Law / Debtors' Memorandum of Law Regarding Phase I Custody and Withhold Issues (related document(s)[1044]) filed by Joshua Sussberg on behalf of Celsius Network LLC |
| 1292 | Memorandum of Law /Ad Hoc Group of Custodial Account Holders' (A) Phase I Opening Brief and (B) Limited Objection to the Debtors' Motion Seeking Entry of an Order (I) Authorizing the Debtors to Reopen Withdrawals for Certain Customers with Respect to Certain Assets Held in the Custody Program and Withhold Accounts and (II) Granting Related Relief (related document(s)[670], [1044]) filed by Kyle J. Ortiz on behalf of Ad Hoc Group of Custodial Account Holders |
| 1307 | Objection to Motion / Debtors' Supplemental Objection to Creditor's Notice of Motion and Motion Seeking a Ruling of Full Title of Ownership of Funds With Respect to Users Who Have Been Blocked Access By Debtor Prior to Bankruptcy and to Request Disclosure From Debtor on the Number and Amount of Suspended/Closed Accounts Which Funds Still Kept by Debtor (related document(s)[877]) filed by Joshua Sussberg on behalf of Celsius Network LLC |
| 1307 | DEBTORS' SUPPLEMENTAL OBJECTION TO CREDITOR'S NOTICE OF MOTION AND MOTION SEEKING FOR RULING OF FULL TITLE OF OWNERSHIP OF FUNDS WITH RESPECT TO USERS WHO HAVE BEEN BLOCKED ACCESS BY DEBTOR PRIOR TO BANKRUPTCY |

8

| Docket No. | Docket Entry |
|---|---|
| | AND TO REQUEST DISCLOSURE FROM DEBTOR ON THE NUMBER AND AMOUNT OF SUSPENDED/CLOSED ACCOUNTS WHICH FUNDS STILL KEPT BY DEBTOR |
| 1311 | Statement /Joinder of Adrian Perez-Siam to RH Montgomery Properties, Inc.s Limited Objection to the Debtors Motion Seeking Entry of an Order (I) Authorizing the Debtors to Reopen Withdrawals for Certain Customers with Respect to Certain Assets Held in the Custody Program and Withhold Accounts and (II) Granting Related Relief (related document(s)[1293], [670]) filed by Lawrence J. Kotler on behalf of Adrian Perez-Siam |
| 1340 | Order, Signed on 11/14/2022, Requiring Debtors to Provide Kwok Mei Po With Account Transaction Records. (related document(s)[1307], [877]) |
| 1340 | Order, Signed on 11/14/2022, Requiring Debtors to Provide Kwok Mei Po With Account Transaction Records. (related document(s)[1307], [877]) |
| 1343 | Stipulation and Agreed Order, Signed on 11/14/2022, Modifying Scope of Examiner Order. (related document(s)[1341]) (Anderson, Deanna) |
| 1345 | Statement / Official Committee of Unsecured Creditors' Written Deposition Questions for the Debtors in Connection with the Debtors' Amended Motion for Entry of an Order (I) Establishing Ownership of Assets in the Debtors' Earn Program, (II) Permitting the Sale of Stablecoin in the Ordinary Course of Business and (III) Granting Related Relief (related document(s)[1328], [1324]) filed by Samuel P Hershey on behalf of The Official Committee of Unsecured Creditors |
| 1346 | Motion to Allow/Motion and request a hearing to ensure that my digital assets (Earn program deposits) are deemed my property (property of creditor/customer) and so that my Earn account receives equal standing (seniority/preference) in bankruptcy proceedings with Custody Accounts. filed by Kulpreet Khanuja |
| 1347 | Statement of Reservation of Rights filed by Daniel Frishberg |
| 1373 | Supplemental Motion to Approve /SUPPLEMENTAL Motion Seeking a Ruling of Full Title of Ownership of Funds With Respect to Users Who Have Been Blocked Access By Debtor Prior to Bankruptcy and to Request Disclosure From Debtor on the Number and Amount of Suspended/Closed Accounts Which Funds Still Kept by Debtor (related document(s)[877]) ; and Response to (related document(s)[1307]) filed by Kwok Mei Po |
| 1373 | Supplemental Motion to Approve /SUPPLEMENTAL Motion Seeking a Ruling of Full Title of Ownership of Funds With Respect to Users Who Have Been Blocked Access By Debtor Prior to Bankruptcy and to Request Disclosure From Debtor on the Number and Amount of Suspended/Closed Accounts Which Funds Still Kept by Debtor (related document(s)[877]) ; and Response to (related document(s)[1307]) filed by Kwok Mei Po. |
| 1374 | Letter to The Honorable Martin Glenn, dated 11/16/2022 Re: Supporting Creditors Who Have Assets in Suspended Earn Accounts. Filed by Jarno Oberg |
| 1374 | LETTER TO JUDGE GLENN IN SUPPORT OF CREDITORS WHO |

| Docket No. | Docket Entry |
|---|---|
| | **HAVE ASSETS IN SUSPENDED EARN ACCOUNTS** |
| 1389 | Notice to Take Depositions / Notice of Deposition of Christopher Ferraro in connection with Debtors' Amended Motion for Entry of an Order (I) Establishing Ownership of Assets in the Debtors' Earn Program, (II) Permitting the Sale of Stablecoin in the Ordinary Course and (III) Granting Related Relief (related document(s)[1325]) filed by Aaron Colodny on behalf of The Official Committee of Unsecured Creditors |
| 1401 | Motion to Join (related document(s)[1373], [1251], [877]) filed by Immanuel Herrmann |
| 1401 | Motion to Join (related document(s)[1373], [1251], [877]) filed by Immanuel Herrmann |
| 1406 | Response to Motion / Debtors Responses and Objections to Official Committee of Unsecured Creditors Written Deposition Questions for the Debtors in Connection with the Debtors Amended Motion for Entry of Order (I) Establishing Ownership Assets in the Debtors Earn Program, (II) Permitting the Sale of Stablecoin in the Ordinary Course and (III) Granting Related Relief (related document(s)[1325]) filed by Joshua Sussberg on behalf of Celsius Network LLC |
| 1412 | Statement of the Unsecured Creditors' Committee in Response to Daniel A. Frishberg's Objection to Debtors' Proposed Scheduling Order Regarding Title to Earn Program Assets and the Sale of Certain Stablecoins filed by Andrea Amulic on behalf of The Official Committee of Unsecured Creditors |
| 1414 | Response / Debtors' Response to Daniel A. Frishberg's Objection to Debtors' Proposed Scheduling Order Regarding Title to Earn Program Assets and the Sale of Certain Stablecoins (related document(s)[1400], [1412]) filed by Joshua Sussberg on behalf of Celsius Network LLC |
| 1418 | Notice to Take Depositions / Official Committee of Unsecured Creditors' Notice of Deposition of Robert Campagna in connection with Debtors' Amended Motion for Entry of an Order (I) Establishing Ownership of Assets in the Debtors' Earn Program, (II) Permitting the Sale of Stablecoin in the Ordinary Course and (III) Granting Related Relief (related document(s)[1325]) filed by Aaron Colodny on behalf of The Official Committee of Unsecured Creditors |
| 1453 | Affidavit of Service re: Debtors Ex Parte Motion for Entry of an Order (I) Authorizing All Parties to Redact and File Under Seal the Names of Certain Confidential Parties in Interest Related to the Potential Sale of Certain or Substantially All of the Debtors Assets and the Potential Procurement of Debtor-In-Possession Financing and (II) Granting Related Relief (Docket No. 1402), Notice of Presentment on Debtors Application for Entry of an Order (I) Authorizing the Retention and Employment of Ernst & Young LLP as Tax Compliance and Tax Advisory Services Provider, Effective as of July 13, 2022, and (II) Granting Related Relief (Docket No. 1404), Debtors Responses and Objections to Official Committee of Unsecured Creditors Written Deposition Questions for the Debtors in Connection With the |

| Docket No. | Docket Entry |
|---|---|
|  | Debtors Amended Motion for Entry of Order (I) Establishing Ownership Assets in the Debtors Earn Program, (II) Permitting the Sale of Stablecoin in the Ordinary Course and (III) Granting Related Relief (Docket No. 1406), and Monthly Fee Statement of Akin Gump Strauss Hauer & Feld LLP for Professional Services Rendered and Reimbursement of Expenses Incurred as Special Litigation Counsel to the Debtors for the Period of September 1, 2022 Through September 30, 2022 (Docket No. 1407) (related document(s)[1402], [1407], [1404], [1406]) filed by Stretto, Inc.(Klamser, Robert) |
| 1504 | Declaration / Declaration of Aaron Colodny in support of The Official Committee of Unsecured Creditors' Limited Objection with respect to the Debtors' Amended Motion for Entry of an Order (I) Establishing Ownership of Assets in the Debtors Earn Program, (II) Permitting the Sale of Stablecoin in the Ordinary Course and (III) Granting Related Relief (related document(s)[1502]) filed by Aaron Colodny on behalf of The Official Committee of Unsecured Creditors |
| 1505 | Motion to Allow Secured Creditor Status And Deny Debtors' Request To Deem My Loan to Them as Unsecured, and Deny the Debtors the Ability to Sell My Assets in the Earned Program 'Free and Clear" of the Lien/Security Interest of a Secured Party. filed by Nicole Barstow |
| 1508 | Motion to Authorize /Motion for entry of an order to rule that ownership of ALL the coins she deposited into the Celsius Earn platform belong to her and not the Debtors, and that she retains all rights of title due to fraudulent misrepresentation, oral modification to the terms of service, the terms of service being ambiguous and not plain, and because Celsius was operating illegally by selling unregistered securities (related document(s)[1325], [901], [1416], [136]) filed by Rebecca Gallagher |
| 1510 | Motion to Approve /Motion Seeking a Ruling From This Court That Stablecoins and Assets in Earn Currently Held by Celsius et. al. are not property of the estate, that Michael Benzakens Returned Collateral, Outstanding Collateral, as well as all Assets on his Celsius User Account, Are Not, Nor Have They Ever Been, Nor Ought They Ever Be Property of the Estate Under 11 USC ¬ß 541 filed by Marc Benzaken |
| 1512 | Motion to Approve a ruling that the stablecoins and assets in earned accounts are not property of the estate, that the assets and collateral on account are also not property of the estate, and that all of the digital assets held within his earn account be re-categorized and treated no differently than those assets held within his custody accounts under 11 USC ¬ß 541. filed by Michael Benzaken |
| 1531 | Declaration / Supplemental Declaration of Oren Blonstein, Head of Innovation and Chief Compliance Officer of Celsius Network Limited, with Respect to Certain Phase I Issues Pursuant to the Joint Stipulation and Agreed Scheduling Order by and among the Debtors, the Committee, and the Ad Hoc Groups with Respect to the Custody and Withhold Issues (related |

| Docket No. | Docket Entry |
|---|---|
| | document(s)[1192], [1044]) filed by Joshua Sussberg on behalf of Celsius Network LLC |
| 1532 | Declaration / Supplemental Declaration of Oren Blonstein, Head of Innovation and Chief Compliance Officer of Celsius Network Limited, with Respect to the Custody and Withhold Issues (related document(s)[1192], [670], [1044]) filed by Joshua Sussberg on behalf of Celsius Network LLC |
| 1534 | Letter to The Honorable Martin Glenn, dated 12/1/2022 Re: Depositions Filed by Daniel Frishberg. (Suarez, Aurea) |
| 1540 | Letter / Response Regarding Additional Deposition Time for Oren Blonstein in Connection with Celsius' Motion to Sell Stablecoin (related document(s)[1325]) Filed by Joshua Sussberg on behalf of Celsius Network LLC. (Attachments: # (1) Exhibit A - Oren Blonstein Deposition Transcript (Redacted) # (2) Exhibit B - Christopher Ferraro Deposition Transcript (Redacted))(Sussberg, Joshua) |
| 1542 | Order signed on 12/1/2022 Requiring Debtors to Allow Daniel Frishberg to Depose Mr. Blonstein for a Limited Period and Scope. (Gomez, Jessica) |
| 1553 | Motion to Join (related document(s)[1475]) filed by Immanuel Herrmann. (Suarez, Aurea) |
| 1561 | Certificate of Service for Joinder to Objection to Motion for Entry of an Order (i) Establishing Ownership of Assets in the Debtors EARN Program, (ii) Permitting the Sale of Stablecoin in the Ordinary Course, and (iii) Granting Related Relief (related document(s)[1503]) Filed by Emily K. Devan on behalf of Josh Tornetta |
| 1563 | Joint Stipulation and Agreed Order, signed on 12/2/2022, By and Among the Debtors and the Withhold Ad Hoc Group Regarding Cryptocurrency Amounts to Satisfy Withhold Liabilities. (related document(s)[1550]) |
| 1565 | Omnibus Reply to Motion / Debtors' Omnibus Reply in Support of Debtors' Motion Seeking Entry of an Order (I) Authorizing the Debtors to Reopen Withdrawals for Certain Customers with Respect to Certain Assets Held in the Custody Program and Withhold Accounts and (II) Granting Related Relief (related document(s)[670]) filed by Joshua Sussberg on behalf of Celsius Network LLC |
| 1567 | Memorandum of Law / Debtors' Responsive Brief on Phase I Custody and Withhold Issues (related document(s)[670]) filed by Joshua Sussberg on behalf of Celsius Network LLC |
| 1571 | Response / The Official Committee of Unsecured Creditors' Response Brief on Phase I Custody and Withhold Issues (related document(s)[1044]) filed by Aaron Colodny on behalf of The Official Committee of Unsecured Creditors |
| 1572 | Response /Ad Hoc Group of Custodial Account Holders' Response to the Debtors' and the Creditors' Committee's Phase I Opening Briefs (related document(s)[1291], [1290]) filed by Kyle J. Ortiz on behalf of Ad Hoc Group of Custodial Account Holders |
| 1573 | Opposition Brief / Ad Hoc Group of Withhold Account Holders' Phase I |

| Docket No. | Docket Entry |
|---|---|
| | Response Brief with Respect to the Custody and Withhold Issues filed by Deborah Kovsky-Apap on behalf of Ad Hoc Group of Withhold Account Holders |
| 1574 | Response to the Debtors' and Creditors' Committee Phase I Opening Briefs and in Support of RH Montgomery's Limited Objection (related document(s)[1291], [1290], [1293]) filed by Tyler Nathaniel Layne on behalf of RH Montgomery Properties, Inc. |
| 1576 | Affidavit / Third Supplemental Verified Statement Pursuant to Bankruptcy Rule 2019 (related document(s)[1288], [736], [632]) Filed by Deborah Kovsky-Apap on behalf of Ad Hoc Group of Withhold Account Holders |
| 1577 | Notice to Take Depositions / Daniel Frishberg's Notice of Deposition of Oren Blonstein (related document(s)[1542]) filed by Joshua Sussberg on behalf of Celsius Network LLC. (Sussberg, Joshua) |
| 1579 | Statement / Series B Preferred Holders' Statement Regarding The Debtors' Motion for Entry of an Order (I) Extending The Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of The Bankruptcy Code and (II) Granting Related Relief (related document(s)[1317]) filed by Nelly Cessiska Almeida on behalf of Celsius New SPV Investors, LP, Celsius SPV Investors, LP, Community First Partners, LLC |
| 1580 | Stipulation / Joint Stipulation and Agreed Order by and Among the Debtors, the Ad Hoc Groups, and the Official Committee of Unsecured Creditors Regarding the Admissibility of the Interim Examiner Report for the Phase I Issues Hearing Filed by Joshua Sussberg on behalf of Celsius Network LLC |
| 1581 | Stipulation / Joint Stipulation and Agreed Order by and Among the Debtors and the Withhold Ad Hoc Group Regarding Certain Transfers Between Earn and Withhold Accounts Filed by Joshua Sussberg on behalf of Celsius Network LLC |
| 1590 | Statement / Debtors' Witness List and Exhibit List for Matters Set for Hearing December 5, 2022 (Hearing to be Held in a Hybrid Fashion Both in Person and via Zoom for Government) filed by Joshua Sussberg on behalf of Celsius Network LLC |
| 1592 | Objection to Motion / The Official Committee of Unsecured Creditors' Objection to Debtors' Motion Seeking Entry of an Order (I) Setting A Briefing Schedule and (II) Granting Related Relief (related document(s)[1338]) filed by Gregory F Pesce on behalf of The Official Committee of Unsecured Creditors |
| 1593 | Statement / Debtors' Witness List and Exhibit List for Matters Set for Hearing December 5, 2022 (Hearing to be Held in a Hybrid Fashion Both in Person and via Zoom for Government) filed by Joshua Sussberg on behalf of Celsius Network LLC. with hearing to be held on 12/5/2022 at 10:00 AM at Videoconference (ZoomGov) (MG) (Sussberg, Joshua) |
| 1595 | Notice of Agenda / Second Amended Agenda for Hearings on Debtors' Amended Earn/Stablecoin Motion to be Held December 5, 2022 at 10:00 |

| Docket No. | Docket Entry |
|---|---|
| | a.m. and December 6, 2022 at 10:00 a.m. (Hearing to Take Place in a Hybrid Fashion Both in Person and via Zoom for Government) filed by Joshua Sussberg on behalf of Celsius Network LLC. with hearing to be held on 12/5/2022 at 10:00 AM at Videoconference (ZoomGov) (MG) (Sussberg, Joshua) |
| 1597 | Statement / Notice of Filing December 5, 2022, Hearing Presentation filed by Joshua Sussberg on behalf of Celsius Network LLC |
| 1603 | Motion to Join (related document(s)[1430], [1492]) filed by Jarno Oberg |
| 1618 | Letter /Personal Letter Between Thomas Hall and Alex Mashinsky, Re: Release of my funds on 06/15/2022 one month prior to filing for Chapter 11. Filed by Thomas A. Hall |
| 1623 | Stipulation / Joint Stipulation and Agreed Order by and Among the Debtors, the Ad Hoc Groups, and the Official Committee of Unsecured Creditors Regarding the Phase I Issues Hearing Filed by Joshua Sussberg on behalf of Celsius Network LLC |
| 1631 | Statement / Series B Preferred Holders' Statement (A) In Support of Debtors' Motion Seeking Entry of an Order (I) Setting a Briefing Schedule and (II) Granting Related Relief and (B) In Response to The Committee's Objection (related document(s)[1338], [1592]) filed by Nelly Cessiska Almeida on behalf of Celsius New SPV Investors, LP, Celsius SPV Investors, LP, Community First Partners, LLC |
| 1649 | Motion to Authorize /Motion to Release Loan Repayment or Colllateral Due Upon Loan Completion. filed by Vincent Burniske |
| 1652 | Adversary case 22-01179. Complaint against Celsius Network LLC, Celsius Keyfi LLC, Celsius Mining LLC, Celsius Network Inc., Celsius Network Limited, Celsius Networks Lending LLC, Celsius US Holding LLC (Fee Amount $ 350.) (Receipt Number 61416.). Nature(s) of Suit: (11 (Recovery of money/property - 542 turnover of property)), (12 (Recovery of money/property - 547 preference)), (13 (Recovery of money/property - 548 fraudulent transfer)), (14 (Recovery of money/property - other)) Filed by Daniel Frishberg |
| 1657 | Letter to The Honorable Martin Glenn, dated 12/9/2022 Re: Request for restitution of funds deposited under the Terms of Service Version 4 and prior. Filed by Romuald Tendille |
| 1659 | Letter to The Honorable Martin Glenn, dated 12/7/2022 Re: Assets deposited prior to Terms of Service Version 5 and untouched since that date. Filed by Romuald Tendille |
| 1680 | Statement / Ignat Tuganov's Joinder and Supplement to Motion Appointing a Mediator (related document(s)[1630]) filed by Jeffrey S. Sabin on behalf of Ignat Tuganov. (Sabin, Jeffrey) |
| 1684 | Transcript regarding Hearing Held on 12/07/2022 At 9:00 AM RE: Phase I Of Hybrid Trial RE: Withhold Account Holders.; Motion Seeking Entry Of An Order (I) Authorizing The Debtors To Reopen Withdrawals For Certain Customers With Respect To Certain Assets Held In The Custody Program |

| Docket No. | Docket Entry |
|---|---|
|  | And Withhold Accounts And (II) Granting Related Relief. Remote electronic access to the transcript is restricted until 3/13/2023 |
| 1697 | Letter to The Honorable Martin Glenn, dated 12/14/2022 Re: I would like my percentage of cryptocoins back and take the chance that the market will come back eventually. Filed by David Dalhart |
| 1747 | Order, Signed on 12/19/2022, (I) Setting A Briefing Schedule and (II) Granting Related Relief. (related document(s)[1338], [1729]) |
| 1755 | Notice of Proposed Order / Notice of Filing Revised Proposed Order (I) Authorizing the Debtors to Reopen Withdrawals for Certain Customers with Respect to Certain Assets Held in the Custody Program and Withhold Accounts and (II) Granting Related Relief (related document(s)[670]) filed by Joshua Sussberg on behalf of Celsius Network LLC |
| 1767 | Order, Signed on 12/20/2022, (I) Authorizing the Debtors to Reopen Withdrawals for Certain Customers With Respect to Certain Assets held in the Custody Program and Withhold Accounts and (II) Granting Related Relief (Related Doc # [670], [1755]) |
| 1768 | Letter to The Honorable Martin Glenn, dated 11/29/2022 Re: Return of balance held by Celsius. Filed by Brock Johnson |
| 1769 | Letter to The Honorable Martin Glenn, dated 12/11/22 Re: Return of Coins investment Filed by Suzanne Kleiman |
| 1780 | Motion to Approve /Motion for entry of an order to rule that (1) ownership of ALL the coins deposited by me into the Celsius Earn platform belong to me and not the Debtors, (2) that the coins are due to me in kind as BTC, MATIC, OMG and not in another form, and (3) that the Earn account receives equal standing (seniority/preference) in bankruptcy proceedings with Custody Accounts. filed by Connie Kwan |
| 1795 | Memorandum of Law / Series B Preferred Holders' Opening Brief on the Issue of which Debtors are Liable to Customers Under the Terms of Use filed by Nelly Cessiska Almeida on behalf of Celsius New SPV Investors, LP, Celsius SPV Investors, LP, Community First Partners, LLC |
| 1796 | Declaration of Melanie Westover Yanez in Support of Series B Preferred Holders' Opening Brief on the Issue of which Debtors are Liable to Customers Under the Terms of Use (related document(s)[1795]) filed by Nelly Cessiska Almeida on behalf of Celsius New SPV Investors, LP, Celsius SPV Investors, LP, Community First Partners, LLC |
| 1797 | Memorandum of Law / The Official Committee of Unsecured Creditors' Opening Brief Regarding Debtors that are Liable to Account Holders Under the Global Contract (the "Terms of Use") between Celsius and Account Holders (related document(s)[1747]) filed by Aaron Colodny on behalf of The Official Committee of Unsecured Creditors |
| 1798 | Declaration of Aaron Colodny in support of The Official Committee of Unsecured Creditors' Opening Brief Regarding Debtors that are Liable to Account Holders Under the Global Contract (the "Terms of Use") between Celsius and Account Holders (related document(s)[1797]) filed by Aaron |

15

| Docket No. | Docket Entry |
|---|---|
|  | Colodny on behalf of The Official Committee of Unsecured Creditors |
| 1799 | Memorandum of Law / Debtors' Opening Brief Regarding Account Holders' Claims Issues filed by Joshua Sussberg on behalf of Celsius Network LLC |
| 1809 | Letter to The Honorable Martin Glenn, dated 12/3/2022 Re: Not provided the option to contest the sale of Celsius assets, etc. Filed by Stephen James Petlenk |
| 1811 | Letter To The Honorable Martin Glenn, dated 12/30/2022 Re: Requesting return of original deposit amounts in the same manner as they are being returned to those who hold Custody Assets and Withhold Assets. Filed by L. Carla Marshall. (Suarez, Aurea) |
| 1812 | Statement /Notice Declaring Celsius Network Operated as a Ponzi Scheme From 2021-2022. filed by Cameron Crews |
| 1813 | Motion to Authorize /Motion for entry of an order to rule that (1) ownership of ALL the coins he deposited into the Celsius Earn platform belong to him and not the Debtors, (2) that the coins are due to him in kind as AVAX, BTC, CEL, ETH, LINK, MATIC, USDC and not in another form, and (3) that the Earn account receives equal standing (seniority/preference) in bankruptcy proceedings with Custody Accounts. filed by Daron Stevens |
| 1814 | Amended Motion to Approve a ruling that the stablecoins and assets in earned accounts are not property of the estate, that the assets and collateral on account are also not property of the estate, and that all of the digital assets held within his earn account be re-categorized and treated no differently than those assets held within his custody accounts under 11 USC ¬ß 541. (related document(s)[1510]) filed by Michael Benzaken |
| 1816 | Amended Motion to Allow/Amended Verified Motion Seeking to Preserve My Right For Determination That My Personal Earn Program Assets Receive The Same Atanding as Custody Accounts and Are Not Property of These Estates and Request For Hearing (related document(s)1346) filed by Kulpreet Khanuja |
| 1830 | Order, Signed on 1/6/2023, Denying Douglas Saker's Motion to be Considered to be a Secured Creditor (Related Doc # [990]) |
| 1831 | Order, Signed on 1/6/2023, Denying Lucas Holcomb's Motion to be Considered a Secured Creditor (Related Doc # [965]) |
| 1832 | Order, Signed on 1/6/2023, Denying Nicole Barstow's Motions to be Considered a Secured Creditor (Related Doc # [950], Doc # [1276], Doc # [1505]) |
| 1833 | Order, Signed on 1/6/2023, Denying Kwok Mei Pos Motion Seeking a Ruling of Full Ownership of Funds (Related Doc ## [877], [1307], [1373], [1822]) |
| 1833 | Order, Signed on 1/6/2023, Denying Kwok Mei Pos Motion Seeking a Ruling of Full Ownership of Funds |
| 1839 | Letter to The Honorable Martin Glenn, dated 1/5/2023 Re: Request my Celsius account be considered a Custody account, which in fact it originally was. I also hope that Celsius deceitful and unscrupulous actions regarding |

16

| Docket No. | Docket Entry |
|---|---|
| | the handling of Earn accounts be carefully traced back and investigated. Filed by Godfrey Thomson |
| 1854 | Letter to The Honorable Martin Glenn, dated 1/11/2023 Re: Return all assets in crypto and money currency to every individual investors. Filed by Long Ngo. (Suarez, Aurea) |
| 1868 | Letter to The Honorable Martin Glenn Re: Why the exact cryptocurrencies themselves should be returned in full, because of the trust arrangement, and the maxims of equity. Filed by Perry T. Plotkin |
| 1872 | Objection / Debtors' Omnibus Objection to Certain Motions Set for the January 24, 2023 Omnibus Hearing (related document(s)[1510], [1508], [1346], [1512], [1816], [1814]) filed by Joshua Sussberg on behalf of Celsius Network LLC |
| 1877 | Transcript regarding Hearing Held on 1/11/2023 at 9:00am RE: Motion of Plaintiffs for Preliminary Injunction Pursuant to Rule 7065 of the Federal Rules of Bankruptcy Procedure. Remote electronic access to the transcript is restricted until 4/18/2023 |
| 1891 | Letter to The Honorable Martin Glenn, dated 1/6/2023 Re: Ruling on who owns the assest, and my concerns, etc. Filed by Travis Cleary |
| 1908 | Response (related document(s)[1508], [1872]) filed by Rebecca Gallagher |
| 1909 | Response /Reply (related document(s)[1872], [1816]) filed by Kulpreet Khanuja |
| 1910 | Letter to The Honorable Martin Glenn, dated 1/22/2023 Re: Request to reconsider the ramifications of your opinion as to the ownership of our deposits. Filed by David Dalhart |
| 1926 | Notice of Withdrawal (related document(s)[1510]) filed by Michael Benzaken. (Suarez, Aurea) |
| 1933 | Order, Signed on 1/25/2023, Denying Rebecca Gallagher's Motion Seeking a Ruling That all the Coins Deposited in Celsius Earn are her Property (Related Doc # [1508]) |
| 1934 | Order, Signed on 1/25/2023, Denying Kulpreet Khanuja's Motion Seeking a Ruling That Personal Earn Assets are not Property of the Debtors' Estates (Related Doc # [1816]) |
| 1935 | Order, Signed on 1/25/2023, Denying Marc Benzaken's Motion Seeking a Ruling That Earn Assets in his Account are not Property of the Debtors' Estates (Related Doc # [1510]) |
| 1949 | Statement / Notice of Filing of Transcript from Omnibus Hearing Held on January 24, 2023 filed by Joshua Sussberg on behalf of Celsius Network LLC |
| 1956 | Examiner's Report / Final Report of Shoba Pillay, Examiner Filed by Vincent Edward Lazar on behalf of Shoba Pillay |
| Adversary Case#22-01139D.R. 64 | Transcript regarding Hearing Held on 1/10/2023 at 10:57am RE: Status Conference. Remote electronic access to the transcript is restricted until 4/13/2023. The transcript may be viewed at the Bankruptcy Court Clerks Office. [Transcription Service Agency: Veritext Legal Solutions.]. (See the |

17

| Docket No. | Docket Entry |
|---|---|
| | Courts Website for contact information for the Transcription Service Agency.). Notice of Intent to Request Redaction Deadline Due By 1/20/2023. Statement of Redaction Request Due By 2/3/2023. Redacted Transcript Submission Due By 2/13/2023. Transcript access will be restricted through 4/13/2023. (Garcia, Pedro) |
| Adversary Case#22-01139 D.R. 67 | Transcript regarding Hearing Held on 1/11/2023 at 9:00am RE: Motion of Plaintiffs for Preliminary Injunction Pursuant to Rule 7065 of the Federal Rules of Bankruptcy Procedure. Remote electronic access to the transcript is restricted until 4/18/2023. The transcript may be viewed at the Bankruptcy Court Clerks Office. [Transcription Service Agency: Veritext Legal Solutions.]. (See the Courts Website for contact information for the Transcription Service Agency.) (RE: related document(s) [22], [34], [20], [32], [58], [52], [28], [29], [21], [53], [24], [51], [43], [44], [27], [33], [23], [42], [57], [25], [45]). Notice of Intent to Request Redaction Deadline Due By 1/25/2023. Statement of Redaction Request Due By 2/8/2023. Redacted Transcript Submission Due By 2/21/2023. Transcript access will be restricted through 4/18/2023. (Garcia, Pedro) |
| Adversary Case#22-01142, D.R. 10 | Notice of Proposed Order / Notice of Filing of Revised Proposed Joint Stipulation and Agreed Scheduling Order by and Among the Debtors, the Committee, and the Ad Hoc Groups with Respect to the Custody and Withhold Issues (related document(s)[9]) filed by Joshua Sussberg on behalf of Celsius Keyfi LLC, Celsius Lending LLC, Celsius Mining LLC, Celsius Network Inc., Celsius Network LLC, Celsius Network Limited, Celsius Networks Lending LLC, Celsius US Holding LLC. (Sussberg, Joshua) |
| Adversary Case#22-01142, D.R. 11 | Transcript regarding Hearing Held on 10/7/2022 at 10:03am RE: Ad Hoc Group of Withhold Account Holders Motion for Relief from The Automatic Stay. Remote electronic access to the transcript is restricted until 1/9/2023. The transcript may be viewed at the Bankruptcy Court Clerks Office. [Transcription Service Agency: Veritext Legal Solutions.]. (See the Courts Website for contact information for the Transcription Service Agency.) (RE: related document(s) [4], [7], [8], [1], [6]). Notice of Intent to Request Redaction Deadline Due By 10/18/2022. Statement of Redaction Request Due By 11/1/2022. Redacted Transcript Submission Due By 11/14/2022. Transcript access will be restricted through 1/9/2023. (Garcia, Pedro) |
| Adversary Case #22-01142, D.R. 9 | Notice of Proposed Order/Letter and Proposed Joint Stipulation and Agreed Scheduling Order by and Among the Debtors, the Committee, and the Ad Hoc Groups with Respect to the Custody and Withhold Issues (Related Document(s)[1]) filed by Joshua Sussberg on behalf of Celsius Keyfi LLC, Celsius Lending LLC, Celsius Mining LLC, Celsius Network Inc., Celsius Network LLC, Celsius Network Limited, Celsius Networks Lending LLC, Celsius US Holding LLC. (Sussberg, Joshua) |