UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**FIFTH DECLARATION OF GREGORY F. PESCE IN SUPPORT OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF WHITE & CASE LLP AS COUNSEL EFFECTIVE AS OF JULY 29, 2022**

I, Gregory F. Pesce, pursuant to 28 U.S.C. § 1746, hereby declare that the following is true and correct to the best of my knowledge, information, and belief:

1. I am a partner of the firm of White & Case LLP ("**White & Case**" or the "**Firm**"), an international law firm, which maintains offices for the practice of law at, among other locations, 111 South Wacker Drive, Suite 5100, Chicago, Illinois 60606. Among other admissions, I am a member in good standing of the Bar of the State of Illinois and I have been admitted to practice in Illinois. I have been admitted *pro hac vice* in connection with the above-captioned cases. There are no disciplinary proceedings pending against me in any jurisdiction.

2. I submit this fifth declaration (the "**Fifth Declaration**") pursuant to sections 328(a) and 1103 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2014(a) and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1, 2016-1 and Rule 9013-1 of the Local Rules for the United States Bankruptcy Court for the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

Southern District of New York (the "**Local Rules**") in support of the *Official Committee of Unsecured Creditors' Application for Entry of an Order Authorizing the Employment and Retention of White & Case LLP as Counsel Effective as of July 29, 2022* [Docket No. 603] (the "**Application**") for the Official Committee of Unsecured Creditors (the "**Committee**").[2] My first declaration was submitted as Exhibit B to the Application (the "**First Declaration**"). My second declaration was filed on September 14, 2022 [Docket No. 814] (the "**Second Declaration**"). My third declaration was filed on October 27, 2022 [Docket No. 1215] (the "**Third Declaration**"). My fourth declaration was filed on December 16, 2022 [Docket No. 1727] (the "**Fourth Declaration**") (collectively, the "**Prior Declarations**").

3.  On September 15, 2022, the Court entered the *Order Authorizing the Employment and Retention of White & Case LLP as Counsel Effective as of July 29, 2022* [Docket No. 829] (the "**Retention Order**").

4.  To the extent that White & Case determines that any information disclosed herein requires amendment or modification upon White & Case's completion of further analysis or as additional information becomes available to it, a supplemental declaration will be submitted to the Court reflecting same. Except as otherwise noted, I have personal knowledge of the matters set forth herein.[3]

5.  As noted in the Prior Declarations, White & Case has reviewed and will continue to review its files periodically during these chapter 11 cases with respect to known and newly-identified parties in interest. If any new relevant facts or relationship are discovered or arise, White

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

[3] Certain of the disclosures herein relate to matters within the knowledge of attorneys or employees of White & Case and are based on information provided by them.

2

& Case will use reasonable efforts to identify such developments and will promptly file a supplemental declaration.

**Supplemental Disclosure Regarding FTX Digital Markets Ltd. Matters**

6.      In my Fourth Declaration, I disclosed that White & Case was engaged by Brian C. Simms, Kevin G. Cambridge, and Peter Greaves, in their capacities as joint provisional liquidators of FTX Digital Markets Ltd. (the "**FTX Digital Markets JPLs**" of "**FTX Digital Markets**"), to advise the FTX Digital Markets JPLs with respect to the chapter 15 case of FTX Digital Markets and the chapter 11 cases of FTX Trading Ltd. and its affiliated debtors (collectively, the "**FTX Digital Markets Matters**").

7.      Out of an abundance of caution, White & Case has taken certain steps in light of the fact that certain Debtors may hold claims against certain affiliates of FTX Digital Markets, including that: (a) White & Case's engagement letter with the FTX Digital Markets JPLs carves out all Celsius-related issues from White & Case's representation of the FTX Digital Markets JPLs, which means that White & Case will not represent the FTX Digital Markets JPLs with respect to Celsius-related matters; (b) as disclosed in my Fourth Declaration, White & Case has established an ethical wall between the attorneys representing the FTX Digital Markets JPLs in connection with the FTX Digital Markets Matters and the attorneys representing the Committee in connection with these chapter 11 cases; (c) consistent with the ethical wall that White & Case established, the separate teams of White & Case professionals representing the Committee and the FTX Digital Markets JPLs in connection with the FTX Digital Markets Matters are each prevented from accessing documents, information, and work product related to the other team's matter, and each team has been directed by White & Case's general counsel in writing to refrain from discussing the other team's engagement; (d) consistent with the ethical wall that White & Case established,

3

the White & Case attorneys representing the Committee ceased working on any matters related to FTX Digital Markets or the FTX Digital Markets JPLs as of November 15, 2022; and (e) on January 31, 2023, the Committee filed an application to retain Selendy Gay Elsberg PLLC as co-counsel to address matters in these chapter 11 cases involving FTX Digital Markets or the FTX Digital Markets JPLs [Docket No. 1964] (the "**Selendy Gay Retention Application**").

8.  White & Case's separate representation of the FTX Digital Markets JPLs in connection with the FTX Digital Markets Matters does not preclude White & Case from meeting the standard for the retention of Committee counsel under the Bankruptcy Code. Nevertheless, out of an abundance of caution, White & Case will voluntarily reduce its fees (which are *de minimis*) with respect to any time associated solely with respect to bringing Selendy Gay Elsberg PLLC up to speed as co-counsel in connection with the FTX Digital Markets Matters. Furthermore, on February 1, 2023, and on February 14, 2023, White & Case shared prior versions of this Fifth Declaration with the U.S. Trustee. In connection therewith, White & Case committed to include any relevant provisions regarding the foregoing matters in connection with an order granting the Selendy Gay Retention Application (which has an objection deadline on March 1, 2023). White & Case is prepared to engage with the U.S. Trustee on that matter ahead of the hearing on the Selendy Gay Retention Application.

9.  For the avoidance of any doubt, White & Case's representation of the FTX Digital Markets JPLs is not related to the Debtors or these chapter 11 cases. White & Case will not represent any entity, other than the Committee, in connection with these chapter 11 cases. Based on the foregoing, I do not believe that White & Case's representation of the FTX Digital Markets JPLs in connection with the FTX Digital Markets Matters precludes White & Case from meeting the standard for the retention of Committee counsel under the Bankruptcy Code.

4

**Supplemental Disclosure Regarding Figure Matters**

10. On February 14, 2022, the Debtors announced an agreement with NovaWulf Digital Management L.P. ("**NovaWulf**") pursuant to which NovaWulf has agreed, subject to the terms of forthcoming definitive documentation, to sponsor a plan of reorganization in these chapter 11 cases (the "**NovaWulf Transaction**"). In connection with the NovaWulf Transaction, certain Celsius account holders will receive tokens that are capable of being traded on the Provenance blockchain, which is used by Figure Technologies, Inc. ("**Figure**"), a registered broker-dealer that operates an alternative trading system approved to transfer digital assets. Provenance was developed by Figure and the Provenance Blockchain Foundation Inc. ("**Provenance Inc.**"). In addition, certain account holders will receive a digital asset known as HASH 2.0, which is the utility token used to pay certain transaction fees on the Provenance blockchain. Paul, Weiss, Rifkind, Wharton & Garrison LLP is acting as counsel to NovaWulf in connection with the NovaWulf Transaction. Davis Polk & Wardwell LLP is acting as counsel to Figure in connection with the NovaWulf Transaction.

11. White & Case has in the past represented and currently represents Figure in certain transactional and regulatory matters (the "**Figure Matters**"). Without limiting the foregoing, during the period of June 1, 2021 through July 31, 2022, White & Case represented Figure on certain issues associated with the destruction of a digital asset known as HASH 1.0 and the creation of HASH 2.0. During the period of April 1, 2021 through September 30, 2021, White & Case also represented Figure in connection with forming Provenance Inc., which administers the Provenance blockchain utilized by HASH 2.0. For the annual period ending December 31, 2022, White & Case collected $336,397.50 in connection with the Figure Matters, which represented 0.01% of White & Case's revenues.

12. For the avoidance of any doubt, White & Case's representation of Figure is not

related to the Debtors or these chapter 11 cases. White & Case will not represent any entity, other than the Committee, in connection with these chapter 11 cases. Based on the foregoing, I do not believe that White & Case's representation of Figure in connection with the Figure Matters precludes White & Case from meeting the standard for the retention of Committee counsel under the Bankruptcy Code.

## Reaffirmation of Statement of Disinterestedness

13.     Based on the foregoing, to the best of my knowledge and insofar as I have been able to ascertain, (a) White & Case is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, (b) White & Case holds no interest adverse under section 1103(b) of the Bankruptcy Code, and (c) White & Case has no connection to the Debtors, their creditors, or other parties in interest, except as may be disclosed in the Application, the Prior Declarations, or this Fifth Declaration. Accordingly, I respectfully submit that the requirements for White & Case's retention as attorneys for the Committee have been met.

[*Remainder of Page Intentionally Left Blank*]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: February 17, 2023
      Chicago, Illinois

*/s/ Gregory F. Pesce*
Gregory F. Pesce
Partner, White & Case LLP