Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200

*Counsel to the Initial Debtors and Debtors in Possession*

*Proposed Counsel to the GK8 Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**NOTICE OF FILING FURTHER REVISED
PROPOSED ORDER (I) AUTHORIZING THE CONVERSION
OF BITMAIN CREDITS INTO MINING RIGS AND ASSIGNMENT OF
RIGHTS IN SUCH MINING RIGS, AND (II) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE** that on February 9, 2023, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed the *Debtors' Motion Seeking Entry of an Order (I) Authorizing (A) the Sale of Bitmain Coupons and (B) the Conversion of Bitmain Credits*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Into Mining Rigs and Assignment of Rights in Such Mining Rigs, and (II) Granting Related Relief* [Docket No. 2022] (the "Motion").[2]

**PLEASE TAKE FURTHER NOTICE** that on February 15, 2023, the Debtors filed the *Notice of Filing Revised Proposed Order (I) Authorizing (A) the Sale of Bitmain Coupons and (B) the Conversion of Bitmain Credits Into Mining Rigs and Assignment of Rights In Such Mining Rigs, and (II) Granting Related Relief* [Docket No. 2069].

**PLEASE TAKE FURTHER NOTICE** that on February 15, 2023, the Debtors filed the *Notice of Filing Further Revised Proposed Order (I) Authorizing (A) the Sale of Bitmain Coupons and (II) Granting Related Relief* [Docket No. 2080] (the "Notice of Further Revised Proposed Sale Order").

**PLEASE TAKE FURTHER NOTICE** that the Debtors hereby submit a further revised *Proposed Order (I) Authorizing the Conversion of Bitmain Credits Into Mining Rigs and Assignment of Rights In Such Mining Rigs, and (II) Granting Related Relief* attached hereto as **Exhibit A** (the "Bitmain Credit Monetization Order").

**PLEASE TAKE FURTHER NOTICE** that a comparison between the proposed order filed as Exhibit A to the Notice of Further Revised Proposed Sale Order and the Bitmain Credit Monetization Order is attached hereto as **Exhibit B**.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion, the Bitmain Credit Monetization Order, and other pleadings filed in the above-captioned chapter 11 cases may be obtained free of charge by visiting the website of Stretto at http://www.cases.stretto.com/celsius. You may also obtain copies of the Motion, the Bitmain Credit Monetization Order, and other

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

pleadings by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

[*Remainder of page intentionally left blank*]

| | |
|---|---|
| New York, New York<br>Dated: February 22, 2023 | */s/ Joshua A. Sussberg*<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C.<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:   (212) 446-4800<br>Facsimile:    (212) 446-4900<br>Email:          jsussberg@kirkland.com<br><br> - and -<br><br>Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)<br>Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)<br>Christopher S. Koenig<br>Dan Latona (admitted *pro hac vice*)<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Telephone:   (312) 862-2000<br>Facsimile:    (312) 862-2200<br>Email:          patrick.nash@kirkland.com<br>                    ross.kwasteniet@kirkland.com<br>                    chris.koenig@kirkland.com<br>                    dan.latona@kirkland.com<br><br>*Counsel to the Initial Debtors and Debtors in Possession*<br><br>*Proposed Counsel to the GK8 Debtors and Debtors in Possession* |

# Exhibit A

**Bitmain Credit Monetization Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**ORDER (I) AUTHORIZING THE CONVERSION
OF BITMAIN CREDITS INTO MINING RIGS AND ASSIGNMENT OF
RIGHTS IN SUCH MINING RIGS, AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), authorizing, but not requiring the Debtors to monetize the Bitmain Credits, all as more fully set forth in the Motion; and upon the Ferraro Declaration and the *Supplemental Declaration of Christopher Ferraro in Support of Entry of an Order (I) Authorizing the Conversion of Bitmain Credits Into Mining Rigs and Assignment of Rights in Such Mining Rigs, and (II) Granting Related Relief* [Docket No. 2124]; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are : Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] Capitalized terms used but not defined herein have the meanings given to such terms in the Motion.

of these cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing thereon were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing (the "Hearing") before this Court; and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. Pursuant to sections 105(a) and 363 of the Bankruptcy Code and Bankruptcy Rule 6004, the Debtors are authorized, but not directed, in their reasonable business judgement and with the consent of the Committee, to monetize the Bitmain Credits by (i) using the Bitmain Credits to enter purchase orders for Mining Rigs from Bitmain for the express purpose of selling the rights to receive such Mining Rigs to a third-party purchaser, and (ii) selling any interest or future interest in such purchase orders to a third-party for cash consideration.

3. Notwithstanding anything to the contrary herein, upon the Debtors' conversion of the Bitmain Credits into Mining Rigs for the eventual assignment of such rights in such Mining Rigs, such cash proceeds shall be subject to the applicable provisions of the *Final Order (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (D) Continue to Perform Intercompany Transactions, (II) Granting Superpriority Administrative Expense Status to Postpetition Intercompany Balances, and (III) Granting Related Relief*

[Docket No. 1152]; *provided* that any consideration the Debtors receive from a third-party purchaser in connection with the Bitmain Credit Monetization process shall be held in escrow pending the closing of the related sale of any interest in any purchase order for Mining Rigs. The full payment necessary to monetize the Bitmain credits shall be paid to the Debtors by third-party purchasers in cash or by cash-equivalent undertaking, such as a letter of credit from a regulated financial institution, prior to placement of an order with Bitmain using such credits, unless previously consented to in writing by the Committee, or permitted by further order of this Court.

4. Notwithstanding anything to the contrary in the Motion, this Order, or any findings announced at the Hearing, nothing in the Motion, this Order, or announced at the Hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis are expressly reserved.

5. Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

6. Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

7. Nothing in any order of the Court in these chapter 11 cases shall conflict with or derogate from the terms of this Order.

8. To the extent the provisions of this Order are inconsistent with the Motion, the provisions of this Order shall control.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

10.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2023

                                    THE HONORABLE MARTIN GLENN
                                    CHIEF UNITED STATES BANKRUPTCY JUDGE

**Exhibit B**

**Redline**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) Case No. 22-10964 (MG) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**ORDER (I) AUTHORIZING THE ~~SALE~~CONVERSION
OF BITMAIN ~~COUPONS~~ CREDITS INTO MINING RIGS AND ASSIGNMENT OF
RIGHTS IN SUCH MINING RIGS, AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), authorizing, but not requiring the Debtors to ~~sell~~monetize the Bitmain ~~Coupons~~Credits, all as more fully set forth in the Motion; and upon the Ferraro Declaration~~;~~ and the *Supplemental Declaration of Christopher Ferraro in Support of Entry of an Order (I) Authorizing the Conversion of Bitmain Credits Into Mining Rigs and Assignment of Rights in Such Mining Rigs, and (II) Granting Related Relief* [Docket No. 2124]; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these cases in this district is proper pursuant to

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are : Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] Capitalized terms used but not defined herein have the meanings given to such terms in the Motion.

28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion ~~with respect to the Bitmain Coupons~~ is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing thereon were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing (the "Hearing") before this Court; and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. Pursuant to sections 105(a) and 363 of the Bankruptcy Code and Bankruptcy Rule 6004, the Debtors are authorized, but not directed, in their reasonable business judgement and with the consent of the Committee, to ~~sell~~monetize the Bitmain ~~Coupons, in whole or in part, to any bona fide,~~Credits by (i) using the Bitmain Credits to enter purchase orders for Mining Rigs from Bitmain for the express purpose of selling the rights to receive such Mining Rigs to a third-party purchaser, and (ii) selling any interest or future interest in such purchase orders to a third-party for cash consideration.

3. Notwithstanding anything to the contrary herein, upon the Debtors' ~~sale~~conversion of the Bitmain ~~Coupons~~Credits into Mining Rigs for the eventual assignment of such rights in such Mining Rigs, such cash proceeds shall be subject to the applicable provisions of the *Final Order (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (D) Continue to Perform Intercompany Transactions, (II)*

2

*Granting Superpriority Administrative Expense Status to Postpetition Intercompany Balances, and (III) Granting Related Relief* [Docket No. 1152]; *provided* that any consideration the Debtors receive from a third party purchaser in connection with the Bitmain Credit Monetization process shall be held in escrow pending the closing of the related sale of any interest in any purchase order for Mining Rigs. The full payment necessary to monetize the Bitmain credits shall be paid to the Debtors by third-party purchasers in cash or by cash-equivalent undertaking, such as a letter of credit from a regulated financial institution, prior to placement of an order with Bitmain using such credits, unless previously consented to in writing by the Committee, or permitted by further order of this Court.

4. Notwithstanding anything to the contrary in the Motion, this Order, or any findings announced at the Hearing, nothing in the Motion, this Order, or announced at the Hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis are expressly reserved.

5. Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

6. Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

7. Nothing in any order of the Court in these chapter 11 cases shall conflict with or derogate from the terms of this Order.

8. To the extent the provisions of this Order are inconsistent with the Motion, the provisions of this Order shall control.

9. The Debtors are authorized to take all actions necessary to effectuate the relief

granted in this Order in accordance with the Motion.

10.   This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2023

                THE HONORABLE MARTIN GLENN
                CHIEF UNITED STATES BANKRUPTCY JUDGE