**Hearing Date: March 8, 2023, at 11:00 a.m. (prevailing Eastern Time)**
**Objection Deadline: March 5, 2023, at 4:00 p.m. (prevailing Eastern Time)**

Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

*Counsel to the Initial Debtors and Debtors in Possession*

*Proposed Counsel to the GK8 Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| Debtors. | ) | (Jointly Administered) |

**NOTICE OF HEARING ON DEBTORS' MOTION SEEKING ENTRY OF AN ORDER (I) STRIKING CERTAIN ITEMS FROM KULPREET KHANUJA' DESIGNATION OF RECORD ON APPEAL AND (II) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE** that a hearing on the *Debtors' Motion Seeking Entry of an Order (I) Striking Certain Items from Kulpreet Khanuja's Designation of Record on Appeal, and (II) Granting Related Relief* (the "Motion") will be held on **March 8, 2023, at 11:00 a.m. prevailing Eastern Time** (the "Hearing") before the Honorable Martin Glenn, Chief United States

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

Bankruptcy Judge. In accordance with General Order M-543 dated March 20, 2020, the Hearing will be conducted remotely using Zoom for Government. Parties wishing to appear at the Hearing, whether making a "live" or "listen only" appearance before the Court, need to make an electronic appearance (an "eCourtAppearance") through the Court's website at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl. Electronic appearances (eCourtAppearances) need to be made by **4:00 p.m., prevailing Eastern Time, the business day before the hearing (*i.e.*, on March 7, 2023)**.

**PLEASE TAKE FURTHER NOTICE** that due to the large number of expected participants in the Hearing and the Court's security requirements for participating in a Zoom for Government audio and video hearing, all persons seeking to attend the Hearing at 11:00 a.m., prevailing Eastern Time on March 8, 2023 must connect to the Hearing beginning at 10:00 a.m., prevailing Eastern Time on March 8, 2023. When parties sign in to Zoom for Government and add their names, they must type in the first and last name that will be used to identify them at the Hearing. Parties that type in only their first name, a nickname or initials will not be admitted into the Hearing. When seeking to connect for either audio or video participation in a Zoom for Government Hearing, you will first enter a "Waiting Room," in the order in which you seek to connect. Court personnel will admit each person to the Hearing from the Waiting Room after confirming the person's name (and telephone number, if a telephone is used to connect) with their eCourtAppearance. Because of the large number of expected participants, you may experience a delay in the Waiting Room before you are admitted to the Hearing.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the relief requested in the Motion shall: (a) be in writing; (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and all General

Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York; (c) be filed electronically with the Court on the docket of *In re Celsius Network LLC*, No. 22-10964 (MG) by registered users of the Court's electronic filing system and in accordance with all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York (which are available on the Court's website at http://www.nysb.uscourts.gov; and (d) be served in accordance with the *Amended Final Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief*, [Docket No. 1181] (the "Case Management Order") by **March 5, 2023, at 4:00 p.m., prevailing Eastern Time**, to (i) the entities on the Master Service List (as defined in the Case Management Order and available on the case website of the Debtors at https://cases.stretto.com/celsius and (ii) any person or entity with a particularized interest in the subject matter of the Motion.

**PLEASE TAKE FURTHER NOTICE** that only those responses or objections that are timely filed, served, and received will be considered at the Hearing. Failure to file a timely objection may result in entry of a final order granting the Motion as requested by the Debtors.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion and other pleadings filed in these chapter 11 cases may be obtained free of charge by visiting the website of Stretto at https://cases.stretto.com/celsius. You may also obtain copies of the Motion and other pleadings filed in these chapter 11 cases by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.


New York, New York
Dated: February 22, 2023

*/s/ Joshua A. Sussberg*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email: jsussberg@kirkland.com

\- and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: patrick.nash@kirkland.com
ross.kwasteniet@kirkland.com
chris.koenig@kirkland.com
dan.latona@kirkland.com

*Counsel to the Initial Debtors and Debtors in Possession*

*Proposed Counsel to the GK8 Debtors and Debtors in Possession*

**Hearing Date: March 8, 2023, at 11:00 a.m. (prevailing Eastern Time)**
**Objection Deadline: March 5, 2023, at 4:00 p.m. (prevailing Eastern Time)**

Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

*Counsel to the Initial Debtors and Debtors in Possession*

*Proposed Counsel to the GK8 Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| Debtors. | ) | (Jointly Administered) |

**DEBTORS' MOTION SEEKING ENTRY OF AN ORDER (I) STRIKING CERTAIN ITEMS FROM KULPREET KHANUJA'S DESIGNATION OF RECORD ON APPEAL AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state the following in support of this motion (this "Motion"):

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

## **Preliminary Statement**[2]

1. After failing to introduce any evidence during the Earn Hearing, Mr. Khanuja now seeks a third bite at the apple to build a record, requesting to designate more than 250 items for the record on appeal of a related order for which only eight filings are relevant. Mr. Khanuja cannot, however, use the designation process to construct a record supporting his position where none exists—that is not what the process is for. Fed. R. Bankr. P. 8009(e) (providing that the record on appeal should "accurately disclose[] what occurred in the bankruptcy court"). Accordingly, the Court should strike all items in the Appellant's Designation that the Court did not consider in rendering the Khanuja Order. *See id.* ("If an item has been improperly designated as part of the record on appeal, a party may move to strike that item."); *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, No. ADV 08-01789 BRL, 2010 WL 8815208 at *2 (Bankr. S.D.N.Y. Aug. 3, 2010) (striking from the appellant's designation of record pleadings in the bankruptcy court regarding a different matter that were "not considered by [the bankruptcy court] in rendering the [appealed] decision," and "completely irrelevant to any issue presented in connection with [the] appeal").

## **Relief Requested**[3]

2. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), (a) striking certain items in the Khanuja Designation (defined below) from the record on appeal, and (b) granting related relief.

---

[2] Terms capitalized but not defined in the Preliminary Statement shall have the meanings ascribed to such terms elsewhere in this Motion.

[3] The Debtors believe that both the Earn Designation and the Khanuja Designation are premature because both the Earn Opinion and the Khanuja Order are interlocutory and as such, can only be appealed after the District Court has granted leave. *See generally* Earn Appeal Response; Khanuja Appeal Response.

Pursuant to Bankruptcy Rule 8009, the Earn Opinion Appellants and Mr. Khanuja must file and serve the designation of record and statement of issues on appeal "within 14 days *after* an order granting leave to appeal is

## **Jurisdiction and Venue**

3. The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012. The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The statutory basis for the relief requested herein is rule 8009(e) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## **Background**

6. On November 14, 2022, Mr. Khanuja filed the *Verified Motion Seeking to Preserve My Right for Determination That My Personal Earn Program Assets Receive the Same Standing as Custody Accounts and Are Not Property of These Estates and Request for Hearing* [Docket No. 1346] (the "Khanuja Motion"), requesting a ruling from the Court that the digital assets he transferred into the Debtors' "Earn" program (the "Earn Program," Mr. Khanuja's account in the Earn Program, an "Earn Account," and such assets, including any proceeds thereof, the "Earn

entered." Fed. R. Bankr. P. 8009(a)(1)(B)(ii) (emphasis added). "A designation and statement served prematurely must be treated as served on the first day on which filing is timely." Fed. R. Bankr. P. 8009(a). The Debtors oppose, and, to date, the District Court has not granted, leave to appeal either the Earn Opinion or the Khanuja Order. Therefore, the Debtors only file this Motion and the Earn Appeal Motion to Strike out of an abundance of caution—in case the District Court finds, before March 8, 2023, that either the Earn Opinion or the Khanuja Order is a final order and can be appealed as of right. Absent such a finding, the Debtors intend to request the Court to adjourn the hearing on this Motion and the other motions to strike the Debtors have filed until after the District Court grants leave for one or more of the pending appeals.

Assets") were his property, and not property of the Debtors' estates. *See* Khanuja Motion at 1 ("I serve this motion and request a hearing to ensure that my digital assets (Earn Program deposits) are deemed my property (property of creditor/customer) . . . .").

7. On January 2, 2023, Mr. Khanuja filed the *Amended Verified Motion Seeking to Preserve My Right for Determination That My Personal Earn Program Assets Receive the Same Standing as Custody Accounts and Are Not Property of These Estates and Request for Hearing* [Docket No. 1816] (the "Amended Khanuja Motion"), renewing his requests.

8. On January 4, 2023, the Court entered the *Memorandum Opinion and Order Regarding Ownership of Earn Account Assets* [Docket No. 1822] (the "Earn Opinion").[4] On January 17, 2023, the Debtors filed the *Debtors' Omnibus Objection to Certain Motions Set for the January 24, 2023 Omnibus Hearing* [Docket No. 1872] (the "Khanuja Objection"), arguing that the Amended Khanuja Motion should be denied following the Earn Opinion and that the claims Mr. Khanuja raised in the Amended Khanuja Motion were reserved for the claims resolution process. Khanuja Objection ¶¶ 10–14; *id.* Exhibit A at 10–13.

9. On January 18, 2023, Mr. Khanuja, along with Daniel A. Frishberg, Georges Georgiou, Immanuel J. Herrmann, Christopher J. Little, and Luke P. Nowak (collectively, the "Earn Opinion Appellants") filed the *Notice of Appeal and Statement of Election* and the *Motion to Authorize Certain Procedural Relief, and, If Needed, for Leave to Appeal* [Docket No. 1894] seeking leave to appeal of the Earn Opinion (such motion, the "Earn Appeal Motion for Leave," and such appeal, the "Earn Appeal").[5] On February 2, 2023, the Debtors filed the

---

[4] The Debtors recounted the procedural history of the Earn Opinion, including the discovery conducted before and the evidentiary record established during the evidentiary hearing on December 5, 2022 (the "Earn Hearing") in the *Debtors' Motion Seeking Entry of an Order (I) Striking Certain Items from Appellants' Designation of Record on Appeal and (II) Granting Related Relief* [Docket No. 2085] (the "Earn Appeal Motion to Strike").

[5] *In re Celsius Network LLC*, 1:23-cv-00523-JPO (S.D.N.Y. Jan. 20, 2023) (the "Earn Appeal Docket").

*Debtors' Response in Opposition to Appellants' Motion for Leave to Appeal* [Earn Appeal Docket No. 3] (the "Earn Appeal Response") at the United States District Court for the Southern District of New York (the "District Court").

10. On January 22, 2023, Mr. Khanuja filed the *Reply in Support of Kulpreet Khanuja's (Claimant) Motion to Preserve My Right for Determination that My Personal Earn Program Assets Receive the Same Standing as Custody Accounts and Are Not Property of These Estates and Request for Hearing* [Docket No. 1909] (the "Khanuja Reply"), arguing that the adjudication of certain contract defense claims should not be delayed. On January 24, 2023, the Court heard arguments regarding the Amended Khanuja Motion (the "Khanuja Hearing"). The Khanuja Hearing was not an evidentiary hearing, and Mr. Khanuja did not request to admit any evidence at the Khanuja Hearing.

11. On January 25, 2023, the Court entered an order denying the Amended Khanuja Motion. *See Order Denying Kulpreet Khanuja's Motion Seeking a Ruling That Personal Earn Assets Are Not Property of the Debtors' Estates* [Docket No. 1934] (the "Khanuja Order"). In the Khanuja Order, the Court only cited to the Amended Khanuja Motion, the Terms of Use Declaration [Docket No. 393], the Khanuja Reply, the Earn Opinion, and the *Order Denying Kwok Mei Po's Motion Seeking a Ruling of Full Ownership of Funds* [Docket No. 1833] (the "Kwok Order").

12. On February 1, 2023, the Earn Opinion Appellants filed the *Appellants' Statement of Issues to Be Presented and Designation of Items to Be Included in the Record of Appeal* [Docket No. 1976] (the "Earn Designation"), raising five questions on appeal and seeking to designate as the record for the Earn Appeal 250 filings from the bankruptcy docket (fifty-five of which were

filed after the Earn Hearing), four filings in various adversary proceedings, and four transcripts from depositions of three declarants.

13. Also on February 1, 2023, Mr. Khanuja filed his own *Notice of Appeal and Statement of Election* [Docket No. 1974] to appeal the Khanuja Order (such notice, the "Khanuja Notice of Appeal," and such appeal, the "Khanuja Appeal").[6] Mr. Khanuja did not file a motion for leave to appeal. On February 15, 2023, the Debtors filed the *Debtors' Response to Kulpreet Khanuja's Notice of Appeal* [Khanuja Appeal Docket No. 3] (the "Khanuja Appeal Response") with the District Court.

14. On February 13, 2023, Mr. Khanuja filed the *Statement of Issues to Be Presented and Designation of Items to Be Included in the Record of Appeal* [Docket No. 2063] (the "Khanuja Designation"), raising seven questions on appeal (five of which were repeated from the Earn Designation) and designating as the record for the Khanuja Appeal 252 filings from the bankruptcy docket (250 of which were repeated from the Earn Designation). The two additional filings designated in the Khanuja Designation are Mr. Khanuja's *Notice of Appeal and Statement of Election* [Docket No. 1974], and the *Complaint for Declaratory Judgment* in Adversary Proceeding No. 23-01007 brought by the Ad Hoc Group of Borrowers [Docket No. 2001].

15. On February 15, 2023, the Debtors filed the Earn Appeal Motion to Strike, requesting that the Court strike the majority of items the Earn Opinion Appellants designated for the record in the Earn Appeal because they were (1) not admitted, or even offered, into evidence during the Earn Hearing, and (2) were not referenced by Court as having been considered in reaching the Earn Opinion. Earn Appeal Motion to Strike ¶ 13. The Earn Appeal Motion for Leave remains pending before Judge J. Paul Oetken. On February 17, 2023, the Earn Opinion

---

[6] *In re Celsius Network LLC*, 1:23-cv-01243-JHR (S.D.N.Y. Feb. 14, 2023) (the "Khanuja Appeal Docket").

Appellants, including Mr. Khanuja, filed a letter on the Earn Appeal Docket requesting that Judge Oetken consolidate the Earn Appeal and the Khanuja Appeal, arguing that the Amended Khanuja Motion was "a motion to lift the automatic stay," that it was treated as such by the Court, and that the Khanuja Order was a "lift-stay order" appealable as of right pursuant to *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 140 S. Ct. 582 (2020). *Letter* [Earn Appeal Docket No. 7] at 1, 2. To streamline the appeal and to provide certainty for the imminent plan of reorganization, the Debtors support consolidating the Earn Appeal and the Khanuja Appeal.[7]

**Basis for Relief**

16. The Debtors seek to strike all items in the Khanuja Designation, except for the Amended Khanuja Motion, the Terms of Use Declaration, the Khanuja Reply, the Earn Opinion, the Kwok Order, the Khanuja Order, the transcript of the Khanuja Hearing, and the Khanuja Notice of Appeal. "[T]he touchstone for the designation of [a] matter as part of the record [for appeal] is whether the matter was before the lower court (or at least considered by that court) in entering the order or judgment appealed from." *In re Ames Dep't Stores, Inc.*, 320 B.R. 518, 521 (Bankr. S.D.N.Y. 2005). "[I]f an item was not considered by the court, it should be stricken from the record on appeal." *In re Bear Stearns High-Grade Structured Credit Strategies Master Fund, Ltd.*, 389 B.R. 325, 339 (S.D.N.Y. 2008) (quoting *Ames*, 320 B.R. at 521) (internal quotation marks omitted); *see* Bankruptcy Rule 8009(e)(1) ("If an item has been improperly designated as part of the record on appeal, a party may move to strike that item."); *In re Enron Corp.*, No. 02 CIV. 5638

[7] The Debtors' support of Mr. Khanuja and the other Earn Opinion Appellants' request to consolidate the Earn Appeal and the Khanuja Appeal does not constitute an agreement with, or a waiver of their right to object to, any contentions in the Letter, including but not limited to that the Amended Khanuja Motion was "a motion to lift the automatic stay," that it was treated as such by the Court or the Debtors, or that the Khanuja Order was appealable as of right. Any contention that the Debtors treated Mr. Khanuja's motion as a lift-stay motion is a further attempt to rewrite the record. The relevant filings do not cite, much less discuss, section 362 of the Bankruptcy Code. *See* Amended Khanuja Motion; Earn Opinion; Khanuja Order.

(BSJ), 2003 WL 223455, at *4 n.3 (S.D.N.Y. Feb. 3, 2003) ("On appeal, this Court will only consider the record that was before the bankruptcy court."). The party seeking to expand the record on appeal bears the burden of persuasion. *See Ames,* 320 B.R. at 522 n.8 (Bankr. S.D.N.Y. 2005) ("[T]he parties seeking to expand the record should have the burden of moving before the [a]ppellate [c]ourt, as well as the burden of persuasion." (quoting Tr. of Feb. 10, 2005 at 5–6, *Enron Power Mktg. Inc. v. Nevada Power Co. (In re Enron Corp.)*, No. 02-2520 (Bankr. S.D.N.Y. 2002))).

17. Mr. Khanuja did not request an evidentiary hearing, the Khanuja Hearing was not an evidentiary hearing, and Mr. Khanuja did not request to admit any evidence at the Khanuja Hearing. As such, there was no evidentiary record before the Court when it denied the Amended Khanuja Motion. Accordingly, the only items the Court considered in entering the Khanuja Order are those cited in the Khanuja Order, and the Court should strike all other items in the Khanuja Designation from the record for the Khanuja Appeal. *See Ames*, 320 B.R. at 521 ("[I]f an item was not considered by the court, it should be stricken from the record on appeal."); *In re Candor Diamond Corp.*, 26 B.R. 844, 847 (Bankr. S.D.N.Y. 1983) (striking from the record on appeal "items [that were] not necessary for the District Court to have a full understanding of the particular proceeding being reviewed by it"); *In re Burgess,* No. 19-20092, 2020 WL 6840784 at *2 (Bankr. D. Me. Oct. 6, 2020) (striking from the appellant's designation of record items that were filed after the appealed order had been entered); *In re Saco Loc. Dev. Corp*., 13 B.R. 226, 229 (Bankr. D. Me. 1981) (holding that depositions "cannot be part of the record on appeal" when they were not offered into evidence during the hearing and were filed after the appealed order was entered).

18. Mr. Khanuja, who bears the burden of persuasion, makes no justifications as to why any of the items in the Khanuja Designation should be included in the record on appeal. *See Ames*,

320 B.R. at 522 n.8 (Bankr. S.D.N.Y. 2005) ("[T]he parties seeking to expand the record should have the burden of moving before the [a]ppellate [c]ourt, as well as the burden of persuasion." (quoting Tr. of Feb. 10, 2005 at 5–6, *Enron Power Mktg. Inc. v. Nevada Power Co. (In re Enron Corp.)*, No. 02-2520 (Bankr. S.D.N.Y. 2002))). Nor can he. Therefore, the Court should deny Mr. Khanuja's attempt to rewrite the record on appeal through the Khanuja Designation. *See In re Imperial Petroleum Recovery Corp*., No. 13-30466, 2022 WL 90607, at *4 (Bankr. S.D. Tex. Jan. 7, 2022) ("Defendants cannot use their designation to create a version of the appellate record that does not reflect Defendants' presentation of evidence in the Bankruptcy Court.").

19. Striking items from the record on appeal that were never considered by the Court and that are, regardless of such consideration, irrelevant to the substance of the issues discussed in the Khanuja Order cannot prejudice Mr. Khanuja. *See In re No Rust Rebar, Inc*., No. 21-12188-PDR, 2022 WL 17365811 (Bankr. S.D. Fla. Dec. 1, 2022) ("[B]ecause the items were not relied upon by the Court, were not raised by any party for consideration, were not referenced in any way in reaching the ultimate decision [on the appellee's motion for approving a settlement], and would be inappropriate or irrelevant to the issue of approving or denying the [s]ettlement even had they been properly raised, the Court can see no basis by which the [a]ppellant will be unduly prejudiced by the striking of these items from the Designation.").

20. Therefore, the Court should reject the Khanuja Designation, except for the Amended Khanuja Motion, the Terms of Use Declaration, the Khanuja Reply, the Earn Opinion, the Kwok Order, the Khanuja Order, the transcript of the Khanuja Hearing, and the Khanuja Notice of Appeal, so as to relieve the District Court of "the burden of resolving frivolous designations of overzealous [appellants] at the very outset of an appeal." *Ames*, 320 B.R. at 521 n.4.

**Motion Practice**

21. This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of its application to this Motion. Accordingly, the Debtors submit that this Motion satisfies Local Rule 9013-1(a).

**Notice**

22. The Debtors will provide notice of this Motion to the following parties or their respective counsel: (a) the U.S. Trustee; (b) counsel to the Committee; (c) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); (d) the United States Attorney's Office for the Southern District of New York; (e) the Internal Revenue Service; (f) the offices of the attorneys general in the states in which the Debtors operate; (g) the Securities and Exchange Commission; (h) Mr. Khanuja; and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**No Prior Request**

23. No prior request for the relief sought in this Motion has been made to this or any other court with respect to the Khanuja Appeal. *See* Earn Appeal Motion to Strike (requesting the Court strike items in the Earn Designation from the appellate record of the Earn Appeal).

WHEREFORE, the Debtors respectfully requests that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

New York, New York
Dated: February 22, 2023

*/s/ Joshua A. Sussberg*
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email: jsussberg@kirkland.com

- and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: patrick.nash@kirkland.com
ross.kwasteniet@kirkland.com
chris.koenig@kirkland.com
dan.latona@kirkland.com

*Counsel to the Initial Debtors and Debtors in Possession*

*Proposed Counsel to the GK8 Debtors and Debtors in Possession*

**Exhibit A**

**Order**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**ORDER (I) STRIKING CERTAIN ITEMS FROM KULPREET KHANUJA'S DESIGNATION OF RECORD ON APPEAL AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) striking certain items from Kulpreet Khanuja's designation of record on appeal, and (b) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing thereon were appropriate under the circumstances and no other notice need be provided; and this Court

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on a final basis as set forth herein.

2. Notwithstanding the designation of such items in Kulpreet Khanuja's *Statement of Issues to Be Presented and Designation of Items to Be Included in the Record of Appeal* [Docket No. 2063], all items therein are hereby stricken from the record on appeal for *In re Celsius Network LLC*, 1:23-cv-01243-JHR (S.D.N.Y. Feb. 14, 2023), ***except*** the following items:

| Docket No. | Docket Entry |
|---|---|
| 393 | Declaration of Alex Mashinsky, Chief Executive Officer of Celsius Network LLC, Providing Terms of Use Dating Back to February 18, 2018 Filed by Joshua Sussberg on Behalf of Celsius Network LLC. (Sussberg, Joshua) |
| 1816 | Amended Motion to Allow/Amended Verified Motion Seeking to Preserve My Right For Determination That My Personal Earn Program Assets Receive The Same Standing as Custody Accounts and Are Not Property of These Estates and Request For Hearing (Related Document(s)1346) filed by Kulpreet Khanuja. (Suarez, Aurea) |
| 1822 | Memorandum Opinion and Order, Signed on 1/4/2023, Regarding Ownership of Earn Account Assets. (Related Document(s)[1325], [832]) (Anderson, Deanna) |
| 1833 | Order, Signed on 1/6/2023, Denying Kwok Mei Pos Motion Seeking a Ruling of Full Ownership of Funds (Related Doc ## [877], [1307], [1373], [1822]). (Anderson, Deanna) |
| 1872 | Objection / Debtors' Omnibus Objection to Certain Motions Set for the January 24, 2023 Omnibus Hearing (related document(s)[1510], [1508], [1346], [1512], [1816], [1814]) filed by Joshua Sussberg on behalf of Celsius Network LLC. with hearing to be held on 1/24/2023 at 02:00 PM at Videoconference (ZoomGov) (MG) Objections due by 1/17/2023, (Sussberg, Joshua) |
| 1934 | Order, Signed on 1/25/2023, Denying Kulpreet Khanuja's Motion Seeking a Ruling That Personal Earn Assets are not Property of the Debtors' Estates (Related Doc # [1816]). (Anderson, Deanna) |
| 1949 | Statement / Notice of Filing of Transcript from Omnibus Hearing Held on January 24, 2023 filed by Joshua Sussberg on behalf of Celsius Network LLC. (Sussberg, Joshua) |

| | |
|---|---|
| 1974 | Notice of Appeal (related document(s)[1934]) filed by Kulpreet Khanuja. (Rouzeau, Anatin) |

3. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: ____________, 2023

_______________________________________
THE HONORABLE MARTIN GLENN
CHIEF UNITED STATES BANKRUPTCY JUDGE