**Hearing Date: March 8, 2023, at 11:00 a.m. (prevailing Eastern Time)**
**Objection Deadline: March 5, 2023, at 4:00 p.m. (prevailing Eastern Time)**

Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200

*Counsel to the Initial Debtors and Debtors in Possession*

*Proposed Counsel to the GK8 Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF HEARING ON DEBTORS'**
**MOTION SEEKING ENTRY OF AN ORDER (I) STRIKING**
**CERTAIN ITEMS FROM COURTNEY BURKS STEADMAN'S**
**DESIGNATION OF RECORD ON APPEAL AND (II) GRANTING RELATED RELIEF**

        **PLEASE TAKE NOTICE** that a hearing on the *Debtors' Motion Seeking Entry of an*

*Order (I) Striking Certain Items from Courtney Burks Steadman's Designation of Record on*

*Appeal, and (II) Granting Related Relief* (the "Motion") will be held on **March 8, 2023, at 11:00**

**a.m. prevailing Eastern Time** (the "Hearing") before the Honorable Martin Glenn, Chief United

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

States Bankruptcy Judge.  In accordance with General Order M-543 dated March 20, 2020, the

Hearing will be conducted remotely using Zoom for Government.  Parties wishing to appear at the

Hearing, whether making a "live" or "listen only" appearance before the Court, need to make an

electronic    appearance    (an "eCourtAppearance")    through    the    Court's    website    at

https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl.        Electronic        appearances

(eCourtAppearances) need to be made by **4:00 p.m., prevailing Eastern Time, the business day**

**before the hearing (*i.e.*, on March 7, 2023)**.

PLEASE TAKE FURTHER NOTICE that due to the large number of expected

participants in the Hearing and the Court's security requirements for participating in a Zoom for

Government audio and video hearing, all persons seeking to attend the Hearing at 11:00 a.m.,

prevailing Eastern Time on March 8, 2023 must connect to the Hearing beginning at 10:00 a.m.,

prevailing Eastern Time on March 8, 2023.  When parties sign in to Zoom for Government and

add their names, they must type in the first and last name that will be used to identify them at the

Hearing.  Parties that type in only their first name, a nickname or initials will not be admitted into

the Hearing.  When seeking to connect for either audio or video participation in a Zoom for

Government Hearing, you will first enter a "Waiting Room," in the order in which you seek to

connect.  Court personnel will admit each person to the Hearing from the Waiting Room after

confirming the person's name (and telephone number, if a telephone is used to connect) with their

eCourtAppearance.  Because of the large number of expected participants, you may experience a

delay in the Waiting Room before you are admitted to the Hearing.

PLEASE TAKE FURTHER NOTICE that any responses or objections to the relief

requested in the Motion shall:  (a) be in writing; (b) conform to the Federal Rules of Bankruptcy

Procedure, the Local Bankruptcy Rules for the Southern District of New York, and all General

Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York; (c) be filed electronically with the Court on the docket of *In re Celsius Network LLC*, No. 22-10964 (MG) by registered users of the Court's electronic filing system and in accordance with all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York (which are available on the Court's website at http://www.nysb.uscourts.gov; and (d) be served in accordance with the *Amended Final Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief,* [Docket No. 1181] (the "Case Management Order") by **March 5, 2023, at 4:00 p.m., prevailing Eastern Time**, to (i) the entities on the Master Service List (as defined in the Case Management Order and available on the case website of the Debtors at https://cases.stretto.com/celsius and (ii) any person or entity with a particularized interest in the subject matter of the Motion.

**PLEASE TAKE FURTHER NOTICE** that only those responses or objections that are timely filed, served, and received will be considered at the Hearing.  Failure to file a timely objection may result in entry of a final order granting the Motion as requested by the Debtors.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion and other pleadings filed in these chapter 11 cases may be obtained free of charge by visiting the website of Stretto at https://cases.stretto.com/celsius.  You may also obtain copies of the Motion and other pleadings filed in these chapter 11 cases by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

New York, New York
Dated:  February 23, 2023

*/s/ Joshua A. Sussberg*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:            jsussberg@kirkland.com

 - and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:            patrick.nash@kirkland.com
                      ross.kwasteniet@kirkland.com
                      chris.koenig@kirkland.com
                      dan.latona@kirkland.com

*Counsel to the Initial Debtors and Debtors in*
*Possession*

*Proposed Counsel to the GK8 Debtors and Debtors in*
*Possession*

**Hearing Date: March 8, 2023, at 11:00 a.m. (prevailing Eastern Time)**
**Objection Deadline: March 5, 2023, at 4:00 p.m. (prevailing Eastern Time)**

Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Counsel to the Initial Debtors and Debtors in Possession*

*Proposed Counsel to the GK8 Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) ) ) | Case No. 22-10964 (MG) |
| Debtors. | ) ) ) | (Jointly Administered) |

**DEBTORS' MOTION SEEKING ENTRY OF AN ORDER**
**(I) STRIKING CERTAIN ITEMS FROM COURTNEY BURKS STEADMAN'S**
**DESIGNATION OF RECORD ON APPEAL AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state

the following in support of this motion (this "Motion"):

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

## Relief Requested[2]

1.      The Debtors seek entry of an order, substantially in the form attached hereto as

**Exhibit A** (the "Order"), (a) striking the items the Debtors requested to be stricken in the Earn

Appeal Motion to Strike, (b) striking additional items designated in the Steadman Designation,

and (c) granting related relief.

## Jurisdiction and Venue

2.      The United States Bankruptcy Court for the Southern District of New York

(the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the

*Amended Standing Order of Reference* from the United States District Court for the Southern

District of New York, entered February 1, 2012.  The Debtors confirm their consent to the Court

entering a final order in connection with this Motion to the extent that it is later determined that

the Court, absent consent of the parties, cannot enter final orders or judgments in connection

herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory basis for the relief requested herein is rule 8009(e) of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

---

[2]     Terms capitalized but not defined in the "Relief Requested" section shall have the meanings ascribed to such terms elsewhere in this Motion. The Debtors believe that both the Steadman Designation and the Earn Designation are premature because the Earn Opinion is interlocutory and as such, can only be appealed after the District Court has granted leave. *See generally* Earn Appeal Response.  Pursuant to Bankruptcy Rule 8009, Ms. Steadman and the Earn Opinion Appellants must file and serve the designation of record and statement of issues on appeal "within 14 days *after* an order granting leave to appeal is entered." Fed. R. Bankr. P. 8009(a)(1)(B)(ii) (emphasis added).  "A designation and statement served prematurely must be treated as served on the first day on which filing is timely." Fed. R. Bankr. P. 8009(a).  The District Court has not granted leave to appeal the Earn Opinion.  Therefore, the Debtors only file this Motion out of abundance of caution—in case the District Court finds, before March 8, 2023, that the Earn Opinion is a final order appealable as of right.  Absent such a finding, the Debtors intend to request the Court to adjourn the hearing on this Motion and the Earn Appeal Motion to Strike until after the District Court grants leave to appeal the Earn Opinion.  The Debtors reincorporate Earn Appeal Motion to Strike and file this Motion to address the incremental items proposed to be designated in the Steadman Designation.

**Background**[3]

5.        On November 11, 2022, the Debtors filed the *Debtors' Amended Motion for Entry of an Order (I) Establishing Ownership of Assets in the Debtors' Earn Program, (II) Permitting the Sale of Stablecoin in the Ordinary Course, and (III) Granting Related Relief* [Docket No. 1325] (the "Earn Motion"), seeking entry of an order (a) establishing that assets transferred into the Debtors' Earn Program are property of the Debtors' estates, and (b) authorizing the Debtors to sell certain stablecoins pursuant to 11 U.S.C. § 363. *See* Earn Motion ¶ 5. The Debtors ultimately received dozens of responses to the Earn Motion, including Ms. Steadman's *Joinder in Various Objections and Reservation of Rights to Debtor's Motion for Entry of an Order (I) Establishing Ownership of Assets in the Debtors' Earn Program, (II) Permitting the Sale of Stablecoin in the Ordinary Course and (III) Granting Related Relief* [Docket No. 1537]. *See* Earn Opinion at 13 (describing the responses).

6.        During the Earn Hearing, Ms. Steadman made an appearance through her attorney but did not offer any evidence into the record, despite the opportunity to do so. Earn Hr'g Tr. 19:24–20:2 ("Mark Lindsay . . . on behalf of . . . Courtney Burkes [*sic*] Steadman"); *see* Earn Opinion at 37 ("The Court provided a chance for objectors to submit evidence. None did.").[4] On January 4, 2023, the Court issued the Earn Opinion.

---

3       A detailed recount of the procedural history of the *Memorandum Opinion and Order Regarding Ownership of Earn Account Assets* [Docket No. 1822] (the "Earn Opinion"), including the discovery conducted before and the evidentiary record established during the evidentiary hearing on December 5, 2022 (the "Earn Hearing") can be found in the *Debtors' Motion Seeking Entry of an Order (I) Striking Certain Items from Appellants' Designation of Record on Appeal and (II) Granting Related Relief* [Docket No. 2085] (the "Earn Appeal Motion to Strike").

4       *See also* Earn Hr'g Tr. 103:20–23 ("Do any of the objectors wish to offer evidence in support of their objections? The Court has read all the objections. Hearing no response, the Court determines that the objectors have rested as well."); *id.* at 106: 3–6 ("The objectors did not put in any evidence of any of Mr. Mashinsky's videos or anything else that he's allegedly said. It's not in the record. The record is closed. And so if objectors had evidence they wanted to offer, they had their chance and they didn't."); 163:8–10 ("The evidence, the record is closed and I'm not going to hear any additional evidence.").

7.      On January 18, 2023, Daniel A. Frishberg, Georges Georgiou, Immanuel J. Herrmann, Kulpreet Khanuja, Christopher J. Little, and Luke P. Nowak (collectively, the "Earn Opinion Appellants") filed the *Notice of Appeal and Statement of Election* and the *Motion to Authorize Certain Procedural Relief, And, If Needed, for Leave to Appeal* [Docket No. 1894] seeking leave to appeal of the Earn Opinion (such motion, the "Earn Appeal Motion for Leave" and such appeal, the "Earn Appeal").[5]  On February 2, 2023, the Debtors filed the *Debtors' Response in Opposition to Appellants' Motion for Leave to Appeal* [Earn Appeal Docket No. 3] (the "Earn Appeal Response") at the United States District Court for the Southern District of New York (the "District Court").

8.      On February 1, 2023, the Earn Opinion Appellants filed the *Appellants' Statement of Issues to Be Presented and Designation of Items to Be Included in the Record of Appeal* [Docket No. 1976] (the "Earn Designation"), raising five questions on appeal and seeking to designate as the record for the Earn Appeal 250 filings from the bankruptcy docket (fifty-five of which were filed after the Earn Hearing), four filings in various adversary proceedings, and four transcripts from depositions of three declarants.

9.      On February 1, 2023, Ms. Steadman filed her own *Notice of Appeal and Statement of Election* [Docket No. 1973], appealing the Earn Opinion (the "Steadman Appeal").[6]  On February 15, 2023, the District Court referred the Steadman Appeal to Judge J. Paul Oetken, who presides over the Earn Appeal, as "possibly related to" the Earn Appeal.  On February 17, 2023, the Steadman Appeal was reassigned to Judge Oetken.

---

[5]     The case is *In re Celsius Network LLC*, 1:23-cv-00523-JPO (S.D.N.Y. January 20, 2023) (the "Earn Appeal Docket").

[6]     *In re Celsius Network LLC*, 1:23-cv-01302-JPO (S.D.N.Y. Feb. 15, 2023) (the "Steadman Appeal Docket").

10.     On February 15, 2023, the Debtors filed the Earn Appeal Motion to Strike, requesting that the Court strike the majority of items the Earn Opinion Appellants designated for the record in the Earn Appeal because they were (1) not admitted, or even offered, into evidence during the Earn Hearing, and (2) were not referenced by Court as having been considered in reaching the Earn Opinion.  Earn Appeal Motion to Strike ¶ 13.  The Earn Appeal Motion for Leave remains pending before Judge Oetken.

11.     On February 15, 2023, Ms. Steadman filed her *Statement of Issues to Be Presented and Designation of Items to Be Included in the Record of Appeal* [Docket No. 2121] (the "Steadman Designation"), designating as record for the Steadman Appeal "all documents" designated by the Earn Opinion Appellants and Mr. Khanuja in their respective appeals,[7] and four additional items that were filed after the Earn Hearing.  *See* Steadman Designation at 2.

### Basis for Relief[8]

12.     Ms. Steadman incorporates the Earn Designation into the Steadman Designation, and the Debtors similarly incorporate the Earn Appeal Motion to Strike because Ms. Steadman is appealing the same opinion arising out of the same proceeding.  Additionally, Ms. Steadman seeks to designate four additional items (docket numbers 1649, 2001, 2012, 2041) to the record on appeal.  The Court should reject Ms. Steadman's designation of these items because they were each filed after the Earn Hearing and could therefore not have been considered by the Court in rendering the Earn Opinion.  *See In re Bear Stearns High-Grade Structured Credit Strategies*

---

[7]     *See* Earn Designation; *Statement of Issues to Be Presented and Designation of Items to Be Included in the Record of Appeal* [Docket No. 2063] (the "Khanuja Designation").  Given that the Steadman Designation incorporated the Khanuja Designation by reference, this Motion incorporates by reference the *Debtors' Motion Seeking Entry of an Order (I) Striking Certain Items from Kulpreet Khanuja's Designation of Record on Appeal and (II) Granting Related Relief* (the "Khanuja Appeal Motion to Strike"), filed simultaneously herewith.

[8]     A detailed explanation of why the majority of items in the Earn Designation should be stricken from the record for the Earn Appeal can be found in the Earn Motion to Strike.

*Master Fund, Ltd.*, 389 B.R. 325, 339 (S.D.N.Y. 2008) ("[I]f an item was not considered by the

court, it should be stricken from the record on appeal." *In re Ames Dep't Stores, Inc.*, 320 B.R.

518, 521 (Bankr. S.D.N.Y. 2005)); *In re Burgess*, No. 19-20092, 2020 WL 6840784 at \*2 (Bankr.

D. Me. Oct. 6, 2020) (striking from the appellant's designation of record items that were filed after

the appealed order had been entered).

## Motion Practice

13.     This Motion includes citations to the applicable rules and statutory authorities upon

which the relief requested herein is predicated and a discussion of its application to this Motion.

Accordingly, the Debtors submit that this Motion satisfies Local Rule 9013-1(a).

## Notice

14.     The Debtors will provide notice of this Motion to the following parties or their

respective counsel: (a) the U.S. Trustee; (b) counsel to the Committee; (c) the holders of the 50

largest unsecured claims against the Debtors (on a consolidated basis); (d) the United States

Attorney's Office for the Southern District of New York; (e) the Internal Revenue Service; (f) the

offices of the attorneys general in the states in which the Debtors operate; (g) the Securities and

Exchange Commission; (h) Courtney Burks Steadman, Daniel A. Frishberg, Georges Georgiou,

Immanuel J. Herrmann, Kulpreet Khanuja, Christopher J. Little, and Luke P. Nowak; and (i) any

party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in

light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

15.     No prior request for the relief sought in this Motion has been made to this or any

other court. *See* Earn Appeal Motion to Strike (requesting the Court strike items in the Earn

Designation from the appellate record of the Earn Appeal); Khanuja Appeal Motion to Strike

(requesting the Court strike items in the Khanuja Designation).

WHEREFORE, the Debtors respectfully requests that the Court enter the Order granting

the relief requested herein and such other relief as the Court deems appropriate under the

circumstances.

New York, New York
Dated: February 23, 2023

*/s/ Joshua A. Sussberg*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:          jsussberg@kirkland.com

- and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200
Email:          patrick.nash@kirkland.com
                ross.kwasteniet@kirkland.com
                chris.koenig@kirkland.com
                dan.latona@kirkland.com

*Counsel to the Initial Debtors and Debtors in Possession*

*Proposed Counsel to the GK8 Debtors and Debtors in Possession*

**Exhibit A**

**Order**

**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER (I) STRIKING CERTAIN ITEMS FROM COURTNEY BURKS STEADMAN'S DESIGNATION OF RECORD ON APPEAL AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) striking certain items from Courtney Burks Steadman's designation of record on appeal, and (b) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing thereon

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

were appropriate under the circumstances and no other notice need be provided; and this Court

having reviewed the Motion and having heard the statements in support of the relief requested

therein at a hearing before this Court (the "Hearing"); and this Court having determined that the

legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief

granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY

ORDERED THAT:

1.      The Motion is granted on a final basis as set forth herein.

2.      Notwithstanding the designation of such items in Courtney Burks Steadman's

*Statement of Issues to Be Presented and Designation of Items to Be Included in the Record of*

*Appeal* [Docket No. 2121] (the "Steadman Designation"), all items the Debtors requested to be

stricken in the Earn Appeal Motion to Strike and the four additional items (Docket Nos 1649,

2001, 2012, and 2041) designated in the Steadman Designation shall be stricken from the record

on appeal for *In re Celsius Network LLC*, 1:23-cv-01302-JPO (S.D.N.Y. Feb. 15, 2023).

3.      This Court retains exclusive jurisdiction with respect to all matters arising from or

related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2023

THE HONORABLE MARTIN GLENN
CHIEF UNITED STATES BANKRUPTCY JUDGE