**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

### SUPPLEMENTAL ORDER (I) APPLYING CERTAIN ORDERS IN INITIAL DEBTORS' CHAPTER 11 CASES TO GK8 LTD., GK8 USA LLC, AND GK8 UK LIMITED AND (II) GRANTING RELATED RELIEF

Upon the *Debtors' Motion for Entry of an Order (I) Applying Certain Orders in the Initial Debtors' Chapter 11 Cases to GK8 Ltd., GK8 USA LLC, and GK8 UK Limited and (II) Granting Related Relief* (ECF Doc. # 1626) (the "Motion")[2] of the GK8 Debtors for entry of an order (this "Order"), (a) applying the Initial Orders to the GK8 Debtors in their respective chapter 11 cases, effective as of the GK8 Petition Date and (b) granting related relief, all as more fully set forth in the Motion; and upon the supplemental declarations (the "Supplemental Declarations") in support of the retention of Akin Gump Strauss Hauer & Feld LLP (ECF Doc. # 1932), Alvarez & Marsal North America, LLC (ECF Doc. # 1785), Centerview Partners LLC (ECF Doc. # 1985), Kirkland & Ellis LLP and Kirkland & Ellis International LLP (ECF Doc. # 1731), Latham & Watkins LLP (ECF Doc. # 1937), and Stretto, Inc. (ECF Doc. # 1950) (collectively, the "Debtor Professionals"); and upon the Ferraro Declaration; and this Court having jurisdiction over this

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 USA LLC (9450); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing thereon were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      The Initial Orders entered in the Initial Debtors' chapter 11 cases and identified on **Exhibit 1** attached hereto are hereby applicable to and binding on the GK8 Debtors as if entered individually, effective as of the GK8 Petition Date.  All references to "Debtors" in the Initial Orders shall be deemed to include the "GK8 Debtors" pursuant to the terms of this Order.

3.      Notwithstanding anything to the contrary herein, nothing in this Order shall be construed to confer, create, or imply joint and several liability between the Initial Debtors and the GK8 Debtors.  The Debtors and the Committee reserve all rights with respect to any potential joint and several liability between the Initial Debtors and the GK8 Debtors.

4.      Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of the GK8 Debtors' estates and/or the Initial Debtors' estates.

5.      The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

6.      Notwithstanding anything to the contrary in the Motion, this Order, or any findings announced at the Hearing, nothing in the Motion, this Order, or announced at the Hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis are expressly reserved.

7.      Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission by the Debtors or the Committee as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' or the Committee's respective rights to dispute any particular claim on any grounds; (c) a promise or requirement by the Debtors or any third party (including any member of the Committee) to pay any particular claim; (d) an implication or admission by the Debtors or the Committee that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization by any Debtor to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' or the Committee's rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors or the Committee that any liens (contractual, common law, statutory, or otherwise)

satisfied pursuant to the Motion are valid, and the Debtors and the Committee each expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens. Any payment made pursuant to this Order is not intended and should not be construed as an admission by the Debtors or the Committee as to the validity of any particular claim or a waiver of the Debtors' and the Committee's respective rights to subsequently dispute such claim.

8.      The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Order.

9.      Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

10.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

11.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

12.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**IT IS SO ORDERED.**

Dated:  February 24, 2023
        New York, New York

                                        _____/s/ Martin Glenn_____
                                            MARTIN GLENN
                                     Chief United States Bankruptcy Judge

## **Exhibit 1**

Initial Orders

| Retention Initial Orders | |
|---|---|
| Docket No. | Order Title |
| 838 | *Order Authorizing the Retention and Employment of Latham & Watkins LLP as Special Counsel to the Debtors Effective as of the Petition Date* |
| 841 | *Order Authorizing the Retention and Employment of Stretto, Inc. as Administrative Advisor to the Debtors and Debtors in Possession Effective as of July 13, 2022* |
| 842 | *Order Authorizing Debtors to Employ and Retain Alvarez & Marsal North America, LLC as Financial Advisor to the Debtors and Debtors in Possession Effective as of July 13, 2022* |
| 843 | *Order Authorizing the Retention and Employment of Akin Gump Strauss Hauer & Feld LLP as Special Litigation Counsel for the Debtors and Debtors in Possession Effective as of the Petition Date* |
| 845 | *Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtors and Debtors in Possession Effective as of July 13, 2022* |
| 846 | *Order (I) Authorizing the Employment and Retention of Centerview Partners LLC as Investment Banker for the Debtors Effective as of July 13, 2022, (II) Approving the Terms of the Centerview Agreement, (III) Waiving Certain Reporting Requirements Pursuant to Local Rule 2016-2, and (IV) Granting Related Relief* |