**Hearing Date: March 8, 2023**
                                                      **Hearing Time: 10:00 a.m.**

David J. Adler
McCARTER & ENGLISH, LLP
825 8th Avenue
Worldwide Plaza
New York, New York 10019
Telephone: (212) 609-6847
Facsimile: (212) 609-6921
E-mail: dadler@mccarter.com
*Attorneys for Ad Hoc Group of Borrowers*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| In re: | Chapter 11 |
|---|---|
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | Jointly Administered |

**RESPONSE OF THE AD HOC GROUP OF BORROWERS TO THE
DEBTORS' SECOND MOTION TO EXTEND EXCLUSIVITY PERIOD
FOR FILING A CHAPTER 11 PLAN AND DISCLOSURE STATEMENT**

       The Ad Hoc Group of Borrowers (the "**Ad Hoc Group**"),[2] by and through its attorneys,

McCarter & English, LLP, hereby files this response ("**Response**") to the Debtors' Second

Motion To Extend Exclusivity Period For Filing A Chapter 11 Plan And Disclosure Statement

(ECF Doc. #1940) and respectfully states as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business is 121 River Street, PH05, Hoboken, New Jersey 07030.

[2] The members of the Ad Hoc Group (collectively, the "**Borrowers**") are set forth in certain statements (the "**Rule 2019 Statements**") filed by McCarter & English, LLP from time to time pursuant to Rule 2019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"). On or about January 23, 2023, the McCarter Firm filed the *First Supplemental Verified Statement Pursuant to Bankruptcy Rule 2019* [ECF Doc. # 1920], which is the most recent Rule 2019 Statement identifying the members of the Ad Hoc Group. Additional members continue to join the Ad Hoc Group on an ongoing basis, and the McCarter Firm will file additional Rule 2019 Statements as necessary to comply with Bankruptcy Rule 2019.

**RESPONSE**

The Ad Hoc Group incorporates by reference the arguments set forth in the *Objection Of The Ad Hoc Group Of Borrowers And Joinder In Limited Objection Of The United States Trustee To Debtors' Second Motion To Extend Exclusivity* (ECF Doc. # 2013) ("**Limited Objection**").

Since filing the Limited Objection, the Debtors have presented an outline of a recovery plan to the Ad Hoc Group. *See Debtors' Statement with Respect to the Status of the Debtors' Chapter 11 Plan Process* (ECF Doc. # 2066); *see also Debtors' Motion for Entry of an Order (I) Authorizing and Approving Certain Bid Protections for the Proposed Plan Sponsor and (II) Granting Related Relief*, Exhibit 3 (Retail Loan Settlement Agreement General Terms & Borrow Settlement Term Sheet (the "**Term Sheet**")).

The Ad Hoc Group have had several discussions with the estate fiduciaries (and the Plan Sponsor) since filing the Limited Objection. The Ad Hoc Group is hopeful that the parties can reach resolution on the treatment of the loan claims under a plan of reorganization. Nonetheless, they are several key gating issues that must be resolved for this process to move forward and should be considered in determining whether to extend exclusivity. First, can the Plan Sponsor offer the election to *all* Borrowers regardless of where they reside?[3] In other words, will the Plan Sponsor have the necessary licenses to allow borrowers in *all* jurisdictions to make the election identified in the Term Sheet? If the answer to this question is no, it would make little sense to continue exclusivity for a proposal that will provide different treatment to borrowers *in the same class* depending on where they reside.

Second, the Term Sheet envisions a five (5) year loan term from the Effective Date. In

---

[3] Certain Borrowers in the Ad Hoc Group reside in Australia, Canada, the United Arab Emirates, Spain, Sweden and Switzerland.

the cryptocurrency world, five years is longer than eternity.  Given this lengthy period, any proposal that allows borrowers to elect and continue their loan **must** establish appropriate safeguards to ensure that distributions from the estate on behalf of the electing borrowers (*i.e.* the collateral) will be held by the Plan Sponsor (or its designee) **solely** for the benefit of electing borrowers.  Without an appropriate structure to ensure the return of collateral in the event of a future insolvency, the election proposal in the Term Sheet is doomed to failure.  Moreover, the Ad Hoc Group is aware of other entities in the crypto lending space that would be willing to create such a structure.  Accordingly, if the Plan Sponsor cannot provide adequate measures to safeguard the collateral of electing borrowers, the Ad Hoc Group would respectfully requests that exclusivity be terminated so that other alternative options may be explored sooner rather than later.

**WHEREFORE,** the Ad Hoc Group of Borrowers respectfully requests that this Court condition the continuation of exclusivity based on whether the Term Sheet (as may be amended) provides the protections discussed above.

Dated: New York, New York
March 1, 2023

                                                        **McCARTER & ENGLISH, LLP**

By:   */s/ David J. Adler*
       David J. Adler
       (A member of the Firm)
       Email: dadler@mccarter.com
       825 8th Avenue
       Worldwide Plaza
       New York, New York 10019
       Telephone: (212) 609-6847
       Facsimile: (212) 609-6921
       *Attorneys for Ad Hoc Group of Borrowers*

ME1 44295804v.1