UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) Case No. 22-10964 (MG) |
| Debtors. | ) (Jointly Administered) |

COVER SHEETS FOR FIRST INTERIM FEE APPLICATION
OF ERNST & YOUNG LLP FOR COMPENSATION FOR SERVICES
RENDERED AND REIMBURSEMENT OF EXPENSES AS TAX COMPLIANCE
AND TAX ADVISORY SERVICES PROVIDER FOR
THE TIME PERIOD JULY 13, 2022 THROUGH OCTOBER 31, 2022

| Name of Applicant: | Ernst & Young LLP ("EY LLP") |
|---|---|
| Authorized to Provide Professional Services To: | The Debtors |
| Date of Retention: | December 20, 2022 (*effective as of* July 13, 2022) |
| Time Period Covered by this Application: | July 13, 2022 through October 31, 2022 |
| Total Fees Requested in This Application: | $778,680.00 |
| Total Expenses Requested in This Application: | $-0- |
| Total Fees and Expenses Requested in This Application: | $778,680.00 |

This is a ___ monthly  X  interim ___ final application.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

## Summary of Monthly Fee Statements for First Interim Fee Period

| Fee Statement | Date Filed | Docket No. | Period Covered | Fees Requested | Expenses Requested | Fees Paid | Expenses Paid |
|---|---|---|---|---|---|---|---|
| Combined First Monthly Fee Statement | 2/20/2023 | 2109 | 7/13/22 - 10/31/22 | $622.944.00 (80% of $778,680.00) | $0.00 | $0.00 | $0.00 |

2

## SUMMARY BY PROFESSIONAL

| Last Name | First Name | Title | Time | Hourly Rate | Total Individual Fees |
|---|---|---|---|---|---|
| Arbogast | Tyler | Partner/Principal | 13.3 | $1,250.00 | $16,625.00 |
| Buonaguro | Paul | Manager | 1.0 | $850.00 | $850.00 |
| Carr | Russell | Partner/Principal | 19.1 | $1,250.00 | $23,875.00 |
| Diner | Eitan | Senior | 26.5 | $600.00 | $15,900.00 |
| DiPalma | Vincent | Manager | 4.0 | $850.00 | $3,400.00 |
| Enzor | Brett | Partner/Principal | 0.6 | $1,250.00 | $750.00 |
| Ferrari | Richard | Partner/Principal | 0.2 | $1,250.00 | $250.00 |
| Flagg | Nancy | Executive Director | 50.3 | $1,150.00 | $57,845.00 |
| Gatt | Katherine | Senior Manager | 13.0 | $950.00 | $12,350.00 |
| Griffin | John | Executive Director | 8.2 | $1,150.00 | $9,430.00 |
| Harvey | Elizabeth | Partner/Principal | 85.7 | $1,250.00 | $107,125.00 |
| Hill | Jeanne | Senior Manager | 17.8 | $950.00 | $16,910.00 |
| Hill | Jeffrey | Partner/Principal | 30.1 | $1,250.00 | $37,625.00 |
| Lambert | Karen | Executive Director | 4.5 | $1,150.00 | $5,175.00 |
| Lin | Ziwei | Senior | 4.1 | $600.00 | $2,460.00 |
| Lubic | Jacob | Staff | 13.9 | $400.00 | $5,560.00 |
| Marenco | Eli | Senior Manager | 2.9 | $950.00 | $2,755.00 |
| Morris | John | Executive Director | 5.4 | $1,150.00 | $6,210.00 |
| Musano | Matthew | Senior Manager | 0.6 | $950.00 | $570.00 |
| Peabody | Brian | Partner/Principal | 0.5 | $1,250.00 | $625.00 |
| Rash | Jeffrey | Executive Director | 2.0 | $1,150.00 | $2,300.00 |
| Sapir | Eric | Executive Director | 150.0 | $1,150.00 | $172,500.00 |
| Schaulewicz | David | Senior Manager | 14.1 | $950.00 | $13,395.00 |
| Schmierer | Richard | Senior Manager | 1.2 | $950.00 | $1,140.00 |
| Shwartz | Yoav | Partner/Principal | 143.5 | $1,250.00 | $179,375.00 |
| Stevens | Matthew | Partner/Principal | 15.5 | $1,250.00 | $19,375.00 |
| Thompson | Jeffrey | Executive Director | 4.5 | $1,150.00 | $5,175.00 |
| Tuchinsky | Maria | Senior Manager | 31.1 | $950.00 | $29,545.00 |
| Wallerstein | Ariel | Senior | 12.6 | $600.00 | $7,560.00 |
| Wehr | Robert | Senior Manager | 5.1 | $950.00 | $4,845.00 |
| Wetherington | Trevor | Executive Director | 3.2 | $1,150.00 | $3,680.00 |
| Yahalom | Raz | Senior | 22.5 | $600.00 | $13,500.00 |
| Chenchinski | Amir | Partner | 29.0 | n/a | Fixed Fee |
| Edri | Meir | Senior | 15.9 | n/a | Fixed Fee |
| Wasserman | Ofer | Senior Manager | 51.6 | n/a | Fixed Fee |
| **Total** | | | **803.5** | | **$778,680.00** |

## SUMMARY BY CATEGORY

| Time Category | Category Descriptions | Total Hours | Total Fees |
|---|---|---|---|
| Tax Compliance | Prepare Tax Returns | 96.5 | Fixed Fee |
| Federal Tax Service | Federal Tax Consulting | 594.9 | $668,610.00 |
| State and Local Tax Services | Indirect Tax Consulting | 112.1 | $110,070.00 |
| | **Total** | **803.5** | **$778,680.00** |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) |
| | ) Case No. 22-10964 (MG) |
| Debtors. | ) |
| | ) (Jointly Administered) |
| | ) |

**FIRST INTERIM FEE APPLICATION OF ERNST & YOUNG LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS TAX COMPLIANCE AND TAX ADVISORY SERVICES PROVIDER FOR THE TIME PERIOD JULY 13, 2022 THROUGH OCTOBER 31, 2022**

Pursuant to Sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the *First Amended Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief* [Docket No. 1745] (the "Amended Interim Compensation Order") approving procedures for professional compensation requests in these cases, Ernst & Young LLP ("EY LLP") hereby files this Interim Application for compensation as a retained professional to the above-captioned Debtors (this "Application").[2]  By this Application, EY LLP respectfully requests allowance and payment of $778,680.00 as compensation and reimbursement of $0.00 in expenses, with respect to services it provided to the Debtors during the period from July 13, 2022 through October 31, 2022 (the "Fee

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the *Debtors' Application for Entry of an Order (I) Authorizing the Retention and Employment of Ernst & Young LLP as Tax Compliance and Tax Advisory Services Provider, Effective as of July 31, 2022 and (II) Granting Related Relief* [Docket No. 1404] (the "Application for Retention").

Period") In support of this Application, EY LLP submits the verification of Elizabeth Harvey, a partner with the firm of EY LLP (the "Harvey Verification").

## Background

1. On July 13, 2022 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code").

2. The Debtors' retention of EY LLP was approved by the *Order (I) Authorizing the Retention and Employment of Ernst & Young LLP as Tax Compliance and Tax Advisory Services Provider, Effective as of July 13, 2022, and (II) Granting Related Relief* [Docket No. 1766].

3. EY LLP is authorized to be compensated under the terms set forth in the engagement letters between the Debtors and EY LLP, and to be reimbursed for actual and necessary out-of-pocket expenses.

## Compensation Paid and Its Source

4. All services for which EY LLP requests compensation were performed for or on behalf of the Debtors. EY LLP has received no payment and no promises for payment from any source other than the Debtors for services rendered or to be rendered in any capacity in connection with the matters covered by this Application.

## Supporting Detail

5. The services provided by EY LLP during the Compensation Period were actual and necessary for the administration of the Chapter 11 Cases, performed at the request of the Debtors and commensurate with the complexity and significance of this matter. The variety and complexity of the issues in the Chapter 11 Cases and the need to act or respond to such issues on

2

an expedited basis during the Compensation Period required the expenditure of significant time by EY LLP professionals.

6. As disclosed in the Harvey Declaration in support of the Application for Retention, services pursuant to the Tax Compliance SOW will be provided for a fixed fee of (a) $52,150 for compliance services for Celsius Network Inc. for the period ended December 31, 2021 and (b) $52,850 for tax compliance services for Celsius US Holding LLC and its U.S. subsidiaries for the period ended December 31, 2021. To note, the Tax Compliance fees have been prepaid, and EY LLP will not charge the Debtors additional fees for this work.

7. The supporting detail for this Application is attached hereto as **Exhibit A**. **Exhibit A** contains the daily time information for each EY LLP professional performing services during the period from July 13, 2022 through October 31, 2022.

## Applicable Law

8. Section 330(a)(1) of the Bankruptcy Code provides, in relevant part, as follows:

(a) (1) After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a … professional person employed under section 327 or 1103 –

> (A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person; and
>
> (B) reimbursement for actual, necessary expenses.

9. Section 330 of the Bankruptcy Code prescribes the general standards for determining the reasonableness of the amount of compensation sought by a professional. *See* 3 *Collier on Bankruptcy* ¶ 331.03 at 331-12. Congress enacted section 330 of the Bankruptcy Code to liberalize the practice of granting the allowance of compensation to professionals in bankruptcy cases in order to ensure that professionals be reasonably compensated and that future professionals not be deterred from taking bankruptcy cases due to a failure to pay adequate

3

compensation. *See In re Ames Dep't Stores, Inc.*, 76 F.3d 66, 72 (2d Cir. 1996) (quoting *In re UNR Indus., Inc.*, 986 F.2d 207, 208-09 (7th Cir. 1993)).

10. Section 330(a) of the Bankruptcy Code provides for the compensation of reasonable and necessary services rendered by professionals based on the time, the nature, the extent and the value of such services, and the cost of comparable services other than in a case under the Bankruptcy Code. *See* 11 U.S.C. § 330. The test for determining necessity is objective; focusing on what services a reasonable professional would have performed under the same circumstances. *See, e.g.*, *In re Angelika Films 57th, Inc.*, 227 B.R. 29, 42 (Bankr. S.D.N.Y. 1998). This test does not rely on hindsight to determine the ultimate success or failure of the professional's actions. *See id.*; *In re Keene Corp.*, 205 B.R. 690, 696 (Bankr. S.D.N.Y. 1997). Ultimately, if the services of a professional are reasonably likely to benefit the debtor's estate, they should be compensable. *See Angelika Films*, 227 B.R. at 42.

11. EY LLP respectfully submits that the compensation sought in this Application is necessary and reasonable. The services that EY LLP rendered to the Debtors during the Fee Period required a high degree of professional competence. EY LLP performed efficiently, effectively and economically, and the results obtained have benefited the Debtors, their estates and creditors.

**WHEREFORE,** EY LLP hereby respectfully requests allowance and payment of $778,680.00 as compensation and reimbursement of $0.00 in expenses, with respect to services it provided to the Debtors during the Fee Period. EY LLP also respectfully requests that it be granted such other and further relief as the Court may deem just and proper.

Dated: March 2, 2023

                                                                      */s/ Elizabeth Harvey*
                                                                      Elizabeth Harvey
                                                                      Partner, Ernst & Young LLP

## **VERIFICATION**

I hereby certify that:

1. I am a partner with the firm of Ernst & Young LLP ("EY LLP"). This certification is made pursuant to the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York* (the "Amended Guidelines"), in support of the foregoing fee application of EY LLP (the "Application").

2. I hereby certify as follows: (a) I have read the Application; (b) to the best of my knowledge, information and belief formed after reasonable inquiry, the fees and disbursements sought in the Application fall within the Amended Guidelines, except as specifically noted herein or in the Application; (c) except to the extent that fees or disbursements are prohibited by the Amended Guidelines, the fees and disbursements sought are billed at rates and in accordance with practices customarily employed by EY LLP and generally accepted by EY LLP's clients; and (d) in providing a service for which EY LLP seeks reimbursement of expenses, EY LLP does not make a profit on the service, whether the service is performed by EY LLP in-house or through a third party.

Dated: March 2, 2023

/s/ Elizabeth Harvey
Elizabeth Harvey
Partner, Ernst & Young LLP