Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**REPLY IN SUPPORT OF**
**DEBTORS' MOTIONS SEEKING ENTRY OF AN**
**ORDER (I) STRIKING CERTAIN ITEMS FROM APPELLANTS'**
**DESIGNATION OF RECORD ON APPEAL AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") submit this reply ("Reply") in support of the *Debtors' Motion Seeking Entry of an Order (I) Striking Certain Items from Appellants' Designation of Record on Appeal, and (II) Granting Related Relief* [Docket No. 2085], the *Debtors' Motion Seeking Entry of an Order (I) Striking Certain Items from Kulpreet Khanuja's Designation of Record on Appeal, and (II) Granting*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Related Relief* [Docket No. 2126], and the *Debtors' Motion Seeking Entry of an Order (I) Striking Certain Items from Courtney Burks Steadman's Designation of Record on Appeal, and (II) Granting Related Relief* [Docket No. 2127] (collectively, the "Motions")[2] and in response to the *Omnibus Objection to the Debtors' Motion to Strike* [Docket No. 2164] (the "Objection" filed by the "Objectors").[3] In support of the Motions and this Reply, the Debtors state the following:

## Reply

1. Bankruptcy Rule 8009 and related case law are clear that only items before the court in rendering an appealed order should be included in the record on appeal. Fed. R. Bankr. P. 8009(e) (providing that the record on appeal should "accurately disclose[] what occurred in the bankruptcy court"); *In re Bear Stearns High-Grade Structured Credit Strategies Master Fund, Ltd.*, 389 B.R. 325, 339 (S.D.N.Y. 2008) ("The touchstone for the designation of matter as part of the record is whether the matter was before the lower court (or at least considered by that court) in entering the order or judgment appealed from." (quoting *In re Ames Dep't Stores, Inc.*, 320 B.R. 518, 521 (Bankr. S.D.N.Y. 2005) (internal quotation marks omitted)). The Objectors summarily dismiss this binding authority, arguing that is "largely irrelevant" because it applies to scenarios in which there was no error, and they concede they erred in failing to introduce evidence during the Earn Hearing. Obj. at 15 ("The thin record that was entered into evidence *in support* [sic] *of the Amended Stablecoin Motion* was a direct result of error or accident on the part of *pro se* creditors . . ." (emphasis added)); *id.* ("In this case, appellants *do argue omission by a combination of error, accident, and lack of due process . . . .*" (emphasis in original)). The text the Objectors

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motions, as applicable.

[3] "Objectors" means Daniel A. Frishberg, Georges Georgiou, Immanuel J. Herrmann, Christopher J. Little, Luke P. Nowak, and Courtney Burks Steadman. Mr. Kulpreet Khanuja, one of the Earn Opinion Appellants and the sole appellant in the Khanuja Appeal, did not sign the Objection. *See* Objection at 2.

2

emphasize in their attempts to distinguish this binding authority, however, is taken completely out of context.[4] In fact, the very case the Objectors cite instead supports the Debtors' position: "[T]he lower court [has] authority to augment the record on appeal when the parties dispute whether the record truly discloses what occurred in the lower court, but even that court may not 'add to the record on appeal matters that did not occur there in the course of proceedings leading to the judgment under review.'" *Dicola v. American S.S. Owners Mut. Prot. Indemn. Ass'n (In re Prudential Lines, Inc.)*, 1994 WL 142017, at *3 (S.D.N.Y. Apr. 20, 1994) (quoting *Fassett v. Delta Kappa Epsilon (New York)*, 807 F.2d 1150, 1165 (3d Cir. 1986)) (declining to supplement the record on appeal with "materials which relate to proceedings held in the bankruptcy court many months after the appealed decisions were made").

2. Simply put, the record of the Earn Hearing is what it is. *See Ames*, 320 B.R. at 521 ("[T]he touchstone for the designation of [a] matter as part of the record [for appeal] is whether the matter was before the lower court (or at least considered by that court) in entering the order or judgment appealed from."). The Objectors' proposed record, by their own admission, reflects a hypothetical hearing that could have, but did not, occur. For example, the Objection requests that the record include "[i]tems that creditors *intended to enter into the record*, but were unable to enter because [they] missed the Court's prompt to enter evidence," such as "[a]nything referenced in an objection or other reply to the original Stablecoin Motion and/or the Amended Motion," including "depositions, the Declaration of Alex Mashinsky (D.R. 393), a certified transcript of an AMA, and

---

[4] The Objectors cite/emphasize a citation to *Prudential Lines* in *Ames* as follows: "(Since appellant seeking to supplement record on appeal ***did not*** argue that materials should be added to record by reason of their omission by error or accident, appellant 'should have made its application to the bankruptcy court in the first instance.')." Objection at 15 (emphasis in original). The referenced language from *Prudential Lines* concerns the proper venue for a dispute over the contents of the record on appeal, clarifying that the bankruptcy court is the proper forum for such a dispute (but suggesting that if an item was excluded from the record purely by accident, the appellate court may have been permitted to address the issue).

3

many other items from these cases." Obj. at 8–9 (emphasis added). In fact, fifty-five items in the proposed Designation were filed *after* the conclusion of the Earn Hearing.

3. The Objection reflects the Appellants' lack of understanding of the process, not an actual deficiency in process. The Appellants could not have been given a clearer opportunity to present evidence at the Earn Hearing, and they simply failed to do so. *See* Earn Hr'g Tr. 103:20–23 ("Do any of the objectors wish to offer evidence in support of their objections? . . . Hearing no response, the Court determines that the objectors have rested as well."); Obj. at 15 (admitting error/omission). In contrast, the Appellants' proposed solution—to have the record on appeal include hundreds of documents without such documents even being *offered* as evidence—would deprive the Debtors of due process by denying the Debtors the opportunity to challenge the admissibility of any proposed evidence.[5] As this Court has acknowledged, several inflammatory items the Objectors seek to include in the record are likely inadmissible. *See* Jan. 24 Hr'g Tr. at 100:10 (THE COURT: "[T]he [Examiner's] report is hearsay. It is not evidence."); Feb. 15 Hr'g Tr. at 92:19–24 (THE COURT: "[T]he [documents used in the Examiner's report] d[on't] become not hearsay when you [Mr. Herrmann] get them from the Examiner. . . . The Examiner conducted interviews; it's all hearsay. The documents have to be authenticated. It doesn't create admissible evidence just because the Examiner turns them over to you."). Depriving the Debtors of the opportunity to "defend" the record under these circumstances threatens severe prejudice.

4. In short, the Objectors' request to "correct" the record to remedy alleged procedural deficiencies is itself procedurally improper, unworkable, and would only serve to confuse the

---

[5] For the avoidance of doubt, the Debtors reserve all rights regarding evidentiary disputes, and nothing herein shall be construed as an admission.

record.[6] Aside from the request for a remedial record designation, the Objection primarily consists of unsubstantiated allegations of prejudice and malfeasance. Therefore, the Debtors respectfully request that the Court overrule the Objection and limit the record on appeal to the items the Court considered in ruling on the Earn Motion, including (for the avoidance of doubt) any items the Debtors proposed to strike that the Court considered, so that the record on appeal "accurately discloses what occurred in the bankruptcy court." Fed. R. Bankr. Pro. 8009(e).

*[Remainder of page intentionally left blank]*

---

[6] The authority the Objectors cite regarding including items from closely related proceedings is the exception, not the rule, and is similarly unpersuasive. *See In re Food Fair, Inc.*, 15 B.R. 569, 572 (Bankr. S.D.N.Y. 1981) (allowing a limited exception to the baseline rule regarding record designation). The court in *Food Fair* allowed a single agreement that was properly admitted in a related adversary proceeding to be included in the record on appeal, notwithstanding that it was not before the court in the proceeding regarding the appealed orders. *See id.* (acknowledging that the fact that the contract was not before the court at the time the appealed orders were entered "would ordinarily bar its inclusion in the record on appeal"). Further, the *Food Fair* court noted that "[t]he appellate court should be informed that such materials were not considered by the trial court in reaching its decision in the matter on appeal." *Id.* Applying the *Food Fair* exception to hundreds of documents in the present matter—most of which were not presented as evidence in any proceeding—would result in an unwieldy and confusing record. The comparison is therefore inapposite.

| | |
|---|---|
| New York, New York<br>Dated: March 6, 2023 | /s/ Joshua A. Sussberg<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C.<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:  (212) 446-4800<br>Facsimile:  (212) 446-4900<br>Email:  jsussberg@kirkland.com<br><br> - and -<br><br>Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)<br>Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)<br>Christopher S. Koenig<br>Dan Latona (admitted *pro hac vice*)<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Telephone:  (312) 862-2000<br>Facsimile:  (312) 862-2200<br>Email:  patrick.nash@kirkland.com<br>           ross.kwasteniet@kirkland.com<br>           chris.koenig@kirkland.com<br>           dan.latona@kirkland.com<br><br>*Counsel to the Debtors and Debtors in Possession* |