Daniel A. Frishberg, *Pro Se*
Georges Georgiou, *Pro Se*
Immanuel J. Herrmann, *Pro Se*
Kulpreet Khanuja, *Pro Se*
Christopher J. Little, *Pro Se*
Luke P. Nowak, *Pro Se*
Courtney Burks Steadman, *Pro Se*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.,*[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**RESPONSE TO THE DEBTORS REPLY IN SUPPORT OF DEBTORS' MOTIONS SEEKING ENTRY OF AN ORDER (I) STRIKING CERTAIN ITEMS FROM APPELLANTS' DESIGNATION OF RECORD ON APPEAL AND (II) GRANTING RELATED RELIEF**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

**JOINDER OF KULPREET KHANUJA TO THE ORIGINAL OMNIBUS OBJECTION**

Kulpreet Khanuka joins in D.R. 2164, the *Omnibus Objection to the Debtors' Motion to Strike.*

**JURISDICTION**

The Appellants note the District Court has consolidated the Burks Steadman Appeal and the original appeal, is considering consolidating the Khanuja appeal with the original appeal, and has issued orders in the case, including directing the Debtors to file a reply, which was filed on Friday, March 3. The Appellants want to make sure that the Bankruptcy Court retains jurisdiction to consider this motion.

**THE APPELLANTS AND THE DEBTORS HAVE NARROWED OUR ISSUES, BUT DISPUTES REMAIN**

In their original Motions to Strike, the Debtors proposed striking many documents, including documents that were considered by this Court in rendering the Earn decision. Some of the Appellants met with the Debtors on March 6 and made progress in narrowing the issues for consideration by the Court. The Debtors have consented in their reply, D.R. 2187, to including "items the Court considered in ruling on the Earn Motion, including (for the avoidance of doubt) any items the Debtors proposed to strike that the Court considered."

In addition, the Appellants have identified categories of documents, and have begun discussions with the Debtors to narrow issues to the extent possible and reduce the burden on the Court. We ask that the Court weigh in on categories where disputes with the Debtors remain (to

the extent possible). We will then work with the Debtors to narrow the issues and agree to strike certain documents from the record on appeal. The categories are below:

| Category | Status* |
| --- | --- |
| All terms of use (D.R. 393) | The parties consent to include. |
| All depositions | The Appellants seek to include; the Debtors do not consent. The Appellants argue that we were not given a proper opportunity to call deponents as witnesses at the hearing, or to cross-reference deposition with declarations submitted, and that–in some instances–witness depositions contradicted declarations that the Debtors submitted and entered into evidence and show that the contracts were not clear and unambiguous. Furthermore, filings in the cases are full of quotes from deposition transcripts. We ask that the Court allow these to be entered into the record on appeal, as background. |
| Original Stablecoin Motion and all responses to it | The parties consent to include. |
| Amended Stablecoin Motion and all responses to it | The parties consent to include. |
| Proposed Scheduling Order (D.R. 1324) and all responses to it | The Appellants seek to include; The Debtors are reviewing. Appellants will follow up with the Court if we cannot resolve. |
| Certain motions filed by individual creditors and related filings, i.e. motions from Rebecca Gallagher, Kwok Mei Po | The Appellants seek to include; the Debtors do not consent.[2] The Appellants ask that the Court clarify if it considered any such motions as background to the Earn order and/or the Khanuja order, and, even if not, that the Court order such items included in the record on appeal as background. |
| Full transcripts of hearings, including the original and amended stable coin motions, and the hearing where the judge asked the | The Debtors consented to two hearings: the scheduling hearing where the Stablecoin Motion was scheduled, and the Earn hearing |

---

[2] The Khanuja appeal may soon be consolidated with the other appeals; presumably, the Debtors do not seek to strike the Khanuja motion and related filings considered by this Court from a consolidated record on appeal, but do seek to strike other similar motions, such as the Gallagher motion.

| | |
|---|---|
| Debtors to schedule the amended stable coin motion | on December 5. Appellants are reviewing other hearings and will follow up with the Debtors to discuss further (and the Court, if needed.)[3] |
| Custody Adversary Proceeding; Withhold Lift-Stay Motion; Borrower Motion and related filings | The Appellants seek to include; the Debtors do not consent. In our Omnibus Objection, Appellants provided caselaw in support of including related Adversary Proceedings in the record on Appeal, even if they were not included in the record or considered by the Court, and ask that these be included in the record. (We will provide a list that includes which documents are in this category.) |
| Certain other filings to provide background on these cases (statements, letters, and other misc. filings) | The Appellants reserve their rights to seek to include other filings. The Debtors do not consent to entering other filings at this time. We will provide the Debtors a list of any filings we seek to include in the record, try to resolve, and forward to the Court for a decision if we cannot resolve the dispute. |
| A copy of the case docket | For avoidance of Doubt, the appellants request that a copy of the docket itself, including docket entries after December 5, be included in the record on appeal as background, so that, to the extent documents are stricken, we can reference the docket itself. |

\* The Debtors have informed the Appellants that they reserve all rights on individual documents and which category they fall into. The Appellants will continue to work with the Debtors to categorize documents and minimize disputes.

**RESERVATION OF RIGHTS**

The Appellants reserve all rights on individual documents and which category they fall into. In the event of a dispute we cannot resolve with the Debtors, we reserve the right to have the Bankruptcy Court and/or the District Court resolve the dispute. We also reserve the right to seek to enter additional items into the record on appeal that are not described above, to make

---

[3] Presumably, the transcript from the Khanuja hearing will also be included in a consolidated record on appeal.

corrections or supplements to the list above later, and to otherwise oppose striking documents or seek to expand or supplement the record on appeal in the Bankruptcy Court and/or the District Court.

| | |
|---|---|
| */s/ Kulpreet Khanuja* <br> Kulpreet Khanuja <br> March 06, 2023 | */s/ Immanuel Herrmann* <br> Immanuel Herrmann <br> March 6, 2023 |
| */s/ Luke Nowak* <br> Luke Nowak <br> March 06, 2023 | *s/ Christopher J. Little* <br> Christopher J. Little <br> March 6, 2023 |
| */s/ Georges Georgiou* <br> Georges Georgiou <br> March 6, 2023 | *Daniel A. Frishberg* <br> Daniel A. Frishberg <br> March 6, 2023 |
| */s/ Courtney Burks Steadman* <br> Courtney Burks Steadman <br> March 6, 2023 | |