**Exhibit B**

22-10964-mg Doc 2193-2 Filed 03/07/23 Entered 03/07/23 15:19:39 Exhibit B Pg 1 of 9

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|                                        |   |                       |
|----------------------------------------|---|-----------------------|
| In re:                                 | ) | Chapter 11            |
|                                        | ) |                       |
| CELSIUS NETWORK LLC, *et al.*,[1]      | ) | Case No. 22-10964 (MG)|
|                                        | ) |                       |
| Debtors.                               | ) | (Jointly Administered)|
|                                        | ) |                       |

**JOINT STIPULATION AND AGREED ORDER BETWEEN**
**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
**AND THE DEBTORS WITH RESPECT TO CERTAIN CLAIMS**
**AND CAUSES OF ACTION BELONGING TO THE DEBTORS' ESTATES**

This stipulation and agreed order (the "**Stipulation and Order**") is entered into by and among the Official Committee of Unsecured Creditors (the "**Committee**") and the above-captioned debtors and debtors in possession (collectively, the "**Debtors**," and together with the Committee, the "**Parties**"), each of which agrees as stipulates to the following:

**RECITALS**

**WHEREAS**, on July 13, 2022, certain of the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") with the United States Bankruptcy Court for the Southern District of New York (the "**Court**").

**WHEREAS**, on July 27, 2022, the United States Trustee appointed the Committee. *See* [Docket No. 241].

**WHEREAS**, on December 7, 2022, Debtors GK8 Ltd, GK8 UK Limited, and GK8 USA

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

LLC, filed voluntary petitions under chapter 11 of the Bankruptcy Code with the Court.

**WHEREAS**, the Debtors and Committee have been negotiating the framework of a plan of reorganization for the Debtors.

**WHEREAS**, on February 7, 2023, the Committee sent the Debtors a draft of the proposed complaint (the "**Complaint**") attached as **Exhibit 2** to the *Motion of the Official Committee of Unsecured Creditors to Approve Joint Stipulation and Agreed Order Between the Official Committee of Unsecured Creditors and the Debtors with Respect to Certain Claims and Causes of Action Belonging to the Debtors' Estates* (the "**Motion**") and requested standing to pursue the claims set forth therein.

**WHEREAS**, on or around February 14, 2023, the Debtors, at the direction of the special committee of the Board of Directors of certain of the Debtors (the "**Special Committee**") agreed to the terms of this Stipulation and Order.

**WHEREAS**, the Parties now jointly submit this Stipulation and Order and respectfully request that the Court approve the stipulation set forth below.

**IT IS THEREFORE STIPULATED AND AGREED, AND UPON COURT APPROVAL HEREOF, IT IS HEREBY ORDERED THAT:**

1. The Motion is granted.

2. The pursuit of the claims and causes of action set forth in the Complaint (the "**Complaint Claims**") is in the best interest of the Debtors' estate and necessary to a fair and efficient resolution of these chapter 11 cases.

3. Any plan of reorganization or liquidation proposed or supported by the Debtors shall include a "litigation trust" or other similar entity to which, except as otherwise agreed by the Debtors and the Committee, the Debtors or their successor shall transfer (1) the Complaint

Claims and all other claims and causes of action against the prospective defendants identified therein and (2) the Debtors' rights and obligations under any applicable director and officers insurance policies. solely to the extent permitted under the terms of such insurance policies, the Bankruptcy Code or other applicable law.  For the avoidance of doubt, nothing in this stipulation shall determine whether the claims asserted in the litigation styled as *Taylor Goines, Individually and on Behalf of Itself and All Others Similarly Situated v. Celsius Network, LLC, Celsius Lending, LLC, Celsius KeyFi LLC, Alexander Mashinsky, Shlomi "Daniel" Leon, David Barse, and Alan Jeffrey Carr*, Case No. 2:22-cv-04560-KM-ESK (the "**Securities Litigation**"), pending in the United States District Court for the District of New Jersey are property of the estate and are subject to this paragraph 3 and all parties reserve all right with respect to the same.

    4.    The Debtors and the Committee shall coordinate in good faith to identify additional claims and causes of action based on, arising out of, or related to (1) prepetition conduct of the Debtors, their non-Debtor affiliates (together with the Debtors, "**Celsius**"), and current and former directors, officers, and employees of Celsius (the "**Celsius Claims**") and (2) other claims and causes of actions of the Debtors against third parties (the "**Third Party Claims**," together with the Celsius Claims and the Complaint Claims, the "**Subject Claims**") that should be transferred to a "litigation trust" or other similar entity pursuant to any plan proposed or supported by the Debtors.  Such claims or causes of action may be identified by category, defendant or otherwise.  The Debtors and the Committee shall agree on the Subject Claims to be transferred to the litigation trust.  Any disagreement shall be resolved by the Court at the confirmation hearing with respect to any such plan.

    5.    Any plan shall provide that such litigation trust shall be adequately funded, as agreed by the Debtors and the Committee, to pursue the Subject Claims transferred to the

litigation trust. To the extent any such plan is confirmed and becomes effective, any amount recovered on behalf of the Subject Claims shall be distributed to holders of claims and/or interests pursuant to the terms set forth in such plan.

6. In the event that either the Debtors or the Committee determines that it is necessary to pursue any Subject Claim, including the Complaint Claims, prejudgment remedies, or other actions with respect to such Subject Claims, prior to the effective date of the plan, including, but not limited to motions (a) to grant the Committee leave, standing, and authority to prosecute the Complaint Claims, (b) for temporary restraining orders, (c) for preliminary injunctions, or (d) for attachment, both the Debtors and the Committee consent to such matters being heard by the Court on an emergency basis, with a hearing on such matters to be conducted as soon as practicably possible. For the avoidance of doubt, all rights are reserved with respect to whether any such relief should be granted.

7. The Debtors and any successor thereto (to the extent reasonably practicable) shall continue to cooperate in the Committee's investigation of the Subject Claims, including by producing documents and employees for interviews and coordinating with former officers, directors, and employees of Celsius as reasonably requested by the Committee.

8. Any proposed defendants in (1) the Complaint, (2) any amended version thereof which the Committee is granted standing to pursue by order of the Court or as otherwise agreed to by the Debtors, or (3) any other Subject Claim that the Debtors and the Committee agree to assign to the liquidating trust shall not receive a release or be exculpated in any plan proposed by or supported by the Debtors.

9. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Stipulation and Order.

10. This Stipulation and Order shall not become effective unless and until it is approved by the Court.

11. This Stipulation and Order shall be binding on and inure to the benefit of the Parties and their respective heirs, executors, administrators, successors, and permitted assigns.

12. The Parties are authorized to take all actions necessary to effectuate the relief set forth in this Stipulation and Order.

13. The Court shall have exclusive jurisdiction to resolve any and all disputes related to this Stipulation and Order. Each of the Parties irrevocably consents for all purposes of this Stipulation and Order to the jurisdiction of the Court and agrees that venue is proper in the Court.

14. Nothing in this Stipulation and Order, whether express or implied, shall be construed to give to any person or entity other than the Parties any legal or equitable right, remedy, interest, or claim under or in respect of this Stipulation and Order.

15. This Stipulation and Order represents the Parties' mutual understandings and supersedes all prior agreements whether in oral or written form.

16. This Stipulation and Order shall be effective and enforceable immediately upon entry.

**SO STIPULATED:**

Dated: ~~February 14~~March 7, 2023

*/s/ Aaron E. Colodny*  
**WHITE & CASE LLP**  
David M. Turetsky  
Samuel P. Hershey  
1221 Avenue of the Americas  
New York, New York 10020  
Telephone: (212) 819-8200  

*/s/ Ross M. Kwasteniet*  
**KIRKLAND & ELLIS LLP**  
**KIRKLAND & ELLIS INTERNATIONAL LLP**  
Joshua A. Sussberg, P.C.  
601 Lexington Avenue  
New York, New York 10022  

5

Facsimile: (212) 354-8113
Email: david.turetsky@whitecase.com
      sam.hershey@whitecase.com

– and –

**WHITE & CASE LLP**
Michael C. Andolina (admitted *pro hac vice*)
Gregory F. Pesce (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone: (312) 881-5400
Facsimile: (312) 881-5450
Email: mandolina@whitecase.com
 gregory.pesce@whitecase.com

– and –

**WHITE & CASE LLP**
Keith H. Wofford
Southeast Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131
Telephone: (305) 371-2700
Facsimile: (305) 358-5744
Email: kwofford@whitecase.com

– and –

**WHITE & CASE LLP**
Aaron E. Colodny (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, California 90071
Telephone: (213) 620-7700
Facsimile: (213) 452-2329
Email: aaron.colodny@whitecase.com

*Counsel to the Official Committee of Unsecured Creditors*

Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email: jsussberg@kirkland.com

– and –

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: patrick.nash@kirkland.com
      ross.kwasteniet@kirkland.com
      chris.koenig@kirkland.com
      dan.lantona@kirkland.com

*Counsel to the Initial Debtors and Debtors in Possession*

*Proposed Counsel to the GK8 Debtors and Debtors in Possession*

**SO ORDERED:**

Dated: _____, 2023
      New York, New York

                                    _____
                                    THE HONORABLE MARTIN GLENN
                                    CHIEF UNITED STATES BANKRUPTCY JUDGE

| Summary report: Litera Compare for Word 11.3.0.46 Document comparison done on 3/7/2023 11:51:05 AM | |
|---|---|
| **Style name:** 2_WC_StandardSet | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:** iw://AMERICAS_DMS/AMERICAS/120388072/1 | |
| **Modified DMS:** iw://AMERICAS_DMS/AMERICAS/120388072/4 | |
| **Changes:** | |
| Add | 3 |
| Delete | 2 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 5 |