## Exhibit A

**Revised Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*, [1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

## ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF SELENDY GAY ELSBERG PLLC AS CO-COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS EFFECTIVE AS OF JANUARY 8, 2023

Upon the application (the "**Application**")[2] of the Official Committee of Unsecured Credi-

tors (the "**Committee**") of Celsius Network LLC and its affiliated debtors and debtors in posses-

sion (collectively, the "**Debtors**") for entry of an order (this "**Order**") authorizing the employment

and retention of Selendy Gay Elsberg PLLC ("**Selendy Gay Elsberg**") effective as of January 8,

2023 as the Committee's co-counsel on the Specified Matters; and the Court having jurisdiction

to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157

---

[1] The Debtors in these chapter 11 cases and the last four digits of their federal tax identification number are as follows: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Application. For the avoidance of any doubt, the Application includes *The Official Committee of Unsecured Creditors' Application for Entry of an Order Authorizing the Employment and Retention of Selendy Gay Elsberg PLLC as Co-Counsel Effective as of January 8, 2023* [Docket No. 1964] and incorporates by reference the *Second Declaration of Jennifer M. Selendy in Support of The Official Committee of Unsecured Creditors' Application for Entry of an Order Authorizing the Employment and Retention of Selendy Gay Elsberg PLLC as Co-Counsel Effective as of January 8, 2023* filed on March 7, 2023.

and 1334; and consideration of the Application and the relief requested therein being a core pro-

ceeding pursuant to 28 U.S.C. § 157(b)(2)(A); and venue being proper before this Court pursuant

to 28 U.S.C. §§ 1408 and 1409; and due, sufficient, and proper notice of the Application having

been provided under the circumstances and in accordance with the Bankruptcy Rules and the Local

Rules, and it appearing that no other or further notice need be provided; and a hearing having been

held, if necessary, to consider the relief requested in the Application (the "**Hearing**"); and upon

consideration of the Declarations attached to the Application, and the record of the Hearing, if any,

and all of the proceedings had before the Court; and the Court having found and determined that

Selendy Gay Elsberg does not represent or hold any interest adverse under section 1103 of the

Bankruptcy Code, and is (to the extent applicable) a "disinterested person" as that term is defined

under section 101(14) of the Bankruptcy Code, that the relief sought in the Application is necessary

and in the best interests of the Committee, the Debtors, their estates, their creditors, and all parties

in interest, and that the legal and factual bases set forth in the Application establish just cause for

the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.    The Application is granted to the extent provided herein. The Committee is author-

ized pursuant to sections 328 and 1103 to employ and retain Selendy Gay Elsberg as its co-counsel

in these chapter 11 cases, effective as of January 8, 2023, in accordance with the terms and condi-

tions set forth in the Application, and to provide the services set forth in the Application. The

Committee is authorized to employ and retain Selendy Gay Elsberg in connection with the Speci-

fied Matters, including for the avoidance of any doubt, matters in connection with confirmation of

a chapter 11 plan related thereto.

2.      In connection with the chapter 11 cases, Selendy Gay Elsberg shall be compensated in accordance with, and will file, interim and final fee applications for allowance of its compensation and expenses and shall be subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any applicable orders of the Court and the Fee Examiner, and pursuant to any additional procedures this Court deems appropriate.

3.      Selendy Gay Elsberg shall be reimbursed for reasonable and necessary expenses.

4.      Further, Selendy Gay Elsberg shall make a reasonable effort to comply with U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* effective as of November 1, 2013.

5.      To the extent that the Application and the Declarations of Jennifer M. Selendy and Thomas DiFiore are inconsistent with this Order, the terms of this Order shall govern.

6.      Selendy Gay Elsberg shall use its best efforts to avoid any duplication of services provided by any of the Committee's other retained professionals in these chapter 11 cases.

7.      Prior to any increases in Selendy Gay Elsberg's rates for any individual retained by Selendy Gay Elsberg and providing services in these cases, Selendy Gay Elsberg shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtors and the United States Trustee. The supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether Selendy Gay Elsberg's client has consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code.

8.      To the extent the Committee wishes to expand the scope of Selendy Gay Elsberg's

services beyond those services set forth in the Application or this Order, the Committee shall file

notice of any proposed additional services (the "**Proposed Additional Services**") and, to the ex-

tent necessary, any supplemental declaration in support thereof, and serve such notice on the U.S.

Trustee, the Debtors and any party requesting notice under Bankruptcy Rule 2002. The Committee

shall provide all such parties with not less than fourteen (14) days' notice of the Proposed Addi-

tional Services and an opportunity to object (the "**Objection Deadline**"). If no such party files an

objection by the Objection Deadline, the Proposed Additional Services and the underlying engage-

ment agreement, if any, may be approved by the Court by further order without further notice or

hearing.

9.      Notice of the Application as provided therein shall be deemed good and sufficient

notice of the Application.

10.     The Committee and the Debtors are authorized and empowered to take all actions

necessary to implement the relief granted in this Order.

11.     The terms and conditions of this Order shall be immediately effective and enforce-

able upon its entry.

12.     This Court shall retain exclusive jurisdiction to hear and determine all matters aris-

ing from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____, 2023
        New York, New York

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE