Presentment Date: March 8, 2023 at 11:00 a.m. (prevailing Eastern Time)
Objection Deadlines: February 20, 2023 and March 6, 2023 at 4:00 p.m. (prevailing Eastern Time)

Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:   (212) 446-4800
Facsimile:   (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:   (312) 862-2000
Facsimile:   (312) 862-2200

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF FILING OF FURTHER REVISED
PROPOSED ORDER (I) AUTHORIZING THE EXPANDED
SCOPE OF EMPLOYMENT AND RETENTION OF CENTERVIEW
PARTNERS LLC AS INVESTMENT BANKER FOR THE DEBTORS
EFFECTIVE AS OF JULY 13, 2022 AND (II) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE** that on February 8, 2023, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed a notice of presentment with respect to the *Debtors' Supplemental Application for Entry of an Order (I) Authorizing the Expanded Scope of Employment and Retention of Centerview Partners LLC as Investment Banker for the Debtors Effective as of July 13, 2022 and (II) Granting Related Relief* [Docket No. 2005]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

(the "Supplemental Application") and the related order attached to the Supplemental Application as Exhibit A.

**PLEASE TAKE FURTHER NOTICE** that on March 7, 2023 the Debtors filed the *Notice of Filing of Revised Proposed Order (I) Authorizing the Expanded Scope of Employment and Retention of Centerview Partners LLC as Investment Banker for the Debtors Effective as of July 13, 2022 and (II) Granting Related Relief* [Docket No. 2189] which included a revised proposed order attached thereto as Exhibit A (the "Revised Order").

**PLEASE TAKE FURTHER NOTICE** that the Debtors hereby submit a further revised proposed *Order (I) Authorizing the Expanded Scope of Employment and Retention of Centerview Partners LLC as Investment Banker for the Debtors Effective as of July 13, 2022 and (II) Granting Related Relief* attached hereto as **Exhibit A** (the "Further Revised Order").

**PLEASE TAKE FURTHER NOTICE** that a comparison between the Revised Order and Further Revised Order is attached hereto as **Exhibit B**.

**PLEASE TAKE FURTHER NOTICE** that copies of the Supplemental Application and other pleadings filed in these chapter 11 cases may be obtained free of charge by visiting the website of Stretto at https://www.cases.stretto.com/celsius.  You may also obtain copies of the Supplemental Application and other pleadings filed in these chapter 11 cases by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

[*Remainder of page intentionally left blank*]

| | |
|---|---|
| New York, New York<br>Dated: March 7, 2023 | */s/ Joshua A. Sussberg*<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C.<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:     (212) 446-4800<br>Facsimile:     (212) 446-4900<br>Email:            jsussberg@kirkland.com<br><br> - and -<br><br>Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)<br>Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)<br>Christopher S. Koenig<br>Dan Latona (admitted *pro hac vice*)<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Telephone:     (312) 862-2000<br>Facsimile:     (312) 862-2200<br>Email:            patrick.nash@kirkland.com<br>                       ross.kwasteniet@kirkland.com<br>                       chris.koenig@kirkland.com<br>                       dan.latona@kirkland.com<br><br>*Counsel to the Debtors and Debtors in Possession* |

## Exhibit A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER (I) AUTHORIZING THE EXPANDED
SCOPE OF EMPLOYMENT AND RETENTION OF CENTERVIEW
PARTNERS LLC AS INVESTMENT BANKER FOR THE DEBTORS
EFFECTIVE AS OF JULY 13, 2022 AND (II) GRANTING RELATED RELIEF**

Upon the supplemental application (the "Supplemental Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"): (a) authorizing the Debtors to expand the scope of the original retention of Centerview Partners LLC ("Centerview") in accordance with the engagement letter amendment (the "Amendment") between Centerview and certain of the Debtors, dated as of February 7, 2023, a copy of which is attached hereto as **Exhibit 1** to this Order, and (b) granting related relief, all as more fully set forth in the Supplemental Application and the Puntus Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012; and this Court having the power to enter a final order

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] Capitalized terms used in this Order and not immediately defined have the meanings given to such terms in the Supplemental Application.

consistent with Article III of the United States Constitution; and this Court having found that venue of these chapter 11 cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Supplemental Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Supplemental Application and opportunity for a hearing thereon were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Supplemental Application and having heard the statements in support of the relief requested therein at a hearing (if any) before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Supplemental Application and at the Hearing (if any) establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.  The Supplemental Application is granted solely as set forth herein, and the provisions set forth in the Amendment (and all attachments thereto) are hereby approved, to the extent provided herein and except as otherwise expressly modified herein to the contrary.

2.  In accordance with section 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1, the Debtors, solely as debtors in possession, are authorized to expand the scope of Centerview's employment and retention in accordance with the terms and conditions set forth in the Supplemental Application and the Amendment, attached hereto as **Exhibit 1**, incorporated herein by reference and as modified herein, to pay fees and reimburse expenses, and to provide indemnification, contribution, and/or reimbursement to Centerview on the terms and at the times specified in the Initial Engagement Letter and the Amendment, as modified herein, effective as of July 13, 2022. Notwithstanding the terms set forth in the Initial Engagement Letter (as modified by the Initial Retention Order),

2

Supplemental Application, and Amendment, effective as of January 2, 2023, the term "Monthly Advisory Fee" shall be replaced in its entirety as follows:

(a) **Monthly Advisory Fee**.  A monthly financial advisory fee of $250,000 (the "Monthly Advisory Fee"), which shall be inclusive of the Monthly Advisory Fee that may be payable under the Initial Engagement Letter and which shall be due and paid by the Debtors on the second day of every month starting January 2, 2023 for the period commencing as of such date until the earlier of (a) the effective date of a chapter 11 plan for Core Scientific, Inc. and its debtor affiliates in their chapter 11 cases (the "Core Scientific Effective Date") and (b) the effective date of a chapter 11 plan for the Debtors in their chapter 11 cases (the "Celsius Effective Date").  For the avoidance of doubt, the Monthly Advisory Fee will not be credited against any Restructuring Fee.  To the extent that the Core Scientific Effective Date occurs before the Celsius Effective Date, the Monthly Advisory Fee effective as of such date for all periods on and after such date will be reduced from $250,000 to $200,000 thereafter, and 50% of the amount of any subsequent Monthly Advisory Fees paid to Centerview will be credited (but only once) against any Restructuring Fee.

3. For the avoidance of doubt, the Monthly Advisory Fee shall supersede the Core Transaction Fee referenced in the Amendment, and no Core Transaction Fee shall be payable notwithstanding anything to the contrary in the Amendment.

4. The terms of the Amendment are approved in all respects except as limited or modified herein.  For the avoidance of doubt, as set forth in the Amendment, the terms of the Initial Engagement Letter (as modified by the Initial Retention Order) shall apply to the Additional Services including: (a) the indemnification provisions outlined in the Initial Application as modified by the order entered September 16, 2022 and (b) the reimbursement of reasonable and documented expenses.

5. The compensation provisions of the Amendment, including with respect to the Monthly Advisory Fee, are reasonable terms and conditions of employment as required under section 328(a) of the Bankruptcy Code, and are hereby approved pursuant to section 328(a) of the Bankruptcy Code.  Centerview's fees and reasonable and documented out-of-pocket expenses shall be compensated and reimbursed pursuant to section 328(a) of the Bankruptcy Code in

3

accordance with the terms of, and at the times specified by, the Initial Engagement Letter (as modified by the Amendment).

6. Notwithstanding anything to the contrary herein or in the Supplemental Application, and/or the Initial Engagement Letter, as amended by the Amendment, Centerview shall file interim and final fee applications for allowance of compensation and reimbursement of reasonable and documented out-of-pocket expenses pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Court Guidelines, the U.S. Trustee Guidelines, and any other procedures or orders of the Court; *provided*, *however*, that the U.S. Trustee retains all rights to respond or object to Centerview's interim and final applications for compensation (including, without limitation, the Core Transaction Fee) and reimbursement of out-of-pocket expenses pursuant to section 330 of the Bankruptcy Code, and the Court retains jurisdiction to consider the U.S. Trustee's response or objection to Centerview's interim and final fee applications pursuant to section 330 of the Bankruptcy Code; *provided*, *further*, that "reasonableness" for this purpose shall be evaluated by comparing (among other things) the fees payable in these chapter 11 cases to fees paid to comparable investment banking firms with similar experience and reputation offering comparable services in other chapter 11 cases and shall not be evaluated primarily on an hourly or length-of-case based criteria.

7. Centerview shall use its reasonable efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases.

8. Centerview shall have a continuing duty to review whether any new material facts or relationships bearing on the matters described herein arise during the pendency of these chapter 11 cases. If such materials facts or relationships are discovered or otherwise arise, Centerview

4

will use reasonable efforts to provide the Court with a supplemental declaration disclosing such new materials facts or relationships.

9. The Debtors and Centerview are authorized and empowered to take all actions necessary to implement the relief granted in and pursuant to this Order.

10. Notice of the Supplemental Application as provided therein shall be deemed good and sufficient notice of such Supplemental Application and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

11. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. Notwithstanding any provision to the contrary in the Supplemental Application, Engagement Letter, or Amendment, the Court shall retain jurisdiction to hear and to determine all matters arising from or related to implementation, interpretation, or enforcement of this Order and Centerview's retention.

13. To the extent that there is any inconsistency between the Engagement Letter, Amendment, Supplemental Application, Puntus Declaration, and this Order, the provisions of this Order shall apply.

14. The Official Committee of Unsecured Creditors and any other party in interest each reserves all of its rights with respect to any subsequent request to amend, restate, waive, or otherwise modify the Initial Engagement Letter or the Amendment.

New York, New York  
Dated: _____, 2023

                                      THE HONORABLE MARTIN GLENN  
                                      CHIEF UNITED STATES BANKRUPTCY  
                                      JUDGE

# Exhibit 1

**Amendment**

CENTER|VIEW PARTNERS

Centerview Partners LLC
31 West 52nd Street
New York, NY 10019

February 7, 2023

CONFIDENTIAL
Celsius Network LLC
50 Harrison St., Suite 209F
Hoboken, NJ 07030
Attention: Chris Ferraro

Dear Mr. Ferraro:

Reference is made to the letter agreement, dated as of August 2, 2022 (the "Engagement Letter") and later restated and approved by the United States Bankruptcy Court Southern District of New York in Case No. 22-10964 on September 16, 2022, between Celsius Network LLC (the "Debtors") and Centerview Partners LLC ("Centerview"). Capitalized terms used and not defined herein shall have the meanings given to them in the Engagement Letter. The Debtors and Centerview hereby agree that the following provision is added to paragraph 2(b) of the Engagement Letter:

> "If at any time during the Fee Period, Core Scientific, Inc. ("Core") consummates a Restructuring, including of its Secured Convertible Note Purchase Agreement dated as of April 19, 2021 ("April Convertible Notes"), of debt owned by and any claims held by the Debtors (as rejection damage claims or otherwise), Centerview shall receive a transaction fee ("Core Transaction Fee") contingent upon the consummation of a Core Restructuring and payable at the closing thereof equal to $1,500,000.
>
> In the event of the consummation of a merger or related combination transaction between Core and Celsius Mining LLC, 50% of the Core Transaction Fee paid shall be credited against and reduce the Mining Sale Transaction Fee payable pursuant to paragraph 2(b)."

The Debtors and Centerview acknowledge and agree that the Engagement Letter (except to the extent expressly amended hereby) shall remain in full force and effect in accordance with its terms.

DocuSign Envelope ID: 4E36F8D6-3F29-4223-A52B-DBCF12778F79

2

        Very truly yours,

        CENTERVIEW PARTNERS LLC

        By: *[signature: Marc Puntus]*
        Name: Marc Puntus
        Title: Partner

Accepted and agreed as of the date written above.

CELSIUS NETWORK LLC

By: *[DocuSigned by: Chris Ferraro, 1315E92CCA0F408...]*
Name: Chris Ferraro
Title: Interim Chief Executive Officer

**<u>Exhibit B</u>**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER (I) AUTHORIZING THE EXPANDED
SCOPE OF EMPLOYMENT AND RETENTION OF CENTERVIEW
PARTNERS LLC AS INVESTMENT BANKER FOR THE DEBTORS
EFFECTIVE AS OF JULY 13, 2022 AND (II) GRANTING RELATED RELIEF**

Upon the supplemental application (the "Supplemental Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"): (a) authorizing the Debtors to expand the scope of the original retention of Centerview Partners LLC ("Centerview") in accordance with the engagement letter amendment (the "Amendment") between Centerview and certain of the Debtors, dated as of February 7, 2023, a copy of which is attached hereto as **Exhibit 1** to this Order, and (b) granting related relief, all as more fully set forth in the Supplemental Application and the Puntus Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] Capitalized terms used in this Order and not immediately defined have the meanings given to such terms in the Supplemental Application.

District of New York, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these chapter 11 cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Supplemental Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Supplemental Application and opportunity for a hearing thereon were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Supplemental Application and having heard the statements in support of the relief requested therein at a hearing (if any) before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Supplemental Application and at the Hearing (if any) establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Supplemental Application is granted solely as set forth herein, and the provisions set forth in the Amendment (and all attachments thereto) are hereby approved, to the extent provided herein and except as otherwise expressly modified herein to the contrary.

2. In accordance with section 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1, the Debtors, solely as debtors in possession, are authorized to expand the scope of Centerview's employment and retention in accordance with the terms and conditions set forth in the Supplemental Application and the Amendment, attached hereto as **Exhibit 1**, incorporated herein by reference and as modified herein, to pay fees and reimburse expenses, and to provide indemnification, contribution, and/or reimbursement to Centerview on the terms and at the times specified in the

Initial Engagement Letter and the Amendment, as modified herein, effective as of July 13, 2022. Notwithstanding the terms set forth in the Initial Engagement Letter (as modified by the Initial Retention Order), Supplemental Application, and Amendment, effective as of January 2, 2023, the term "Monthly Advisory Fee" shall be replaced in its entirety as follows:

(a)  **Monthly Advisory Fee**.  A monthly financial advisory fee of $250,000 (the "Monthly Advisory Fee"), which shall be inclusive of the Monthly Advisory Fee that may be payable under the Initial Engagement Letter and which shall be due and paid by the Debtors on the second day of every month starting January 2, 2023 for the period commencing as of such date until the earlier of (a) the effective date of a chapter 11 plan for Core Scientific, Inc. and its debtor affiliates in their chapter 11 cases (the "Core Scientific Effective Date") and (b) the effective date of a chapter 11 plan for the Debtors in their chapter 11 cases (the "Celsius Effective Date").  For the avoidance of doubt, the Monthly Advisory Fee will not be credited against any Restructuring Fee.  To the extent that the Core Scientific Effective Date occurs before the Celsius Effective Date, the Monthly Advisory Fee effective as of such date for all periods on and after such date will be reduced from $250,000 to $200,000 thereafter, and 50% of the amount of any subsequent Monthly Advisory Fees paid to Centerview will be credited (but only once) against any Restructuring Fee.

3.    For the avoidance of doubt, the Monthly Advisory Fee shall supersede the Core Transaction Fee referenced in the Amendment, and no Core Transaction Fee shall be payable notwithstanding anything to the contrary in the Amendment.

4.    The terms of the Amendment are approved in all respects except as limited or modified herein.  For the avoidance of doubt, as set forth in the Amendment, the terms of the Initial Engagement Letter (as modified by the Initial Retention Order) shall apply to the Additional Services including: (a) the indemnification provisions outlined in the Initial Application as modified by the order entered September 16, 2022 and (b) the reimbursement of reasonable and documented expenses.

5.    The compensation provisions of the Amendment, including with respect to the Monthly Advisory Fee, are reasonable terms and conditions of employment as required under

3

section 328(a) of the Bankruptcy Code, and are hereby approved pursuant to section 328(a) of the Bankruptcy Code. Centerview's fees and reasonable and documented out-of-pocket expenses shall be compensated and reimbursed pursuant to section 328(a) of the Bankruptcy Code in accordance with the terms of, and at the times specified by, the Initial Engagement Letter (as modified by the Amendment).

6. Notwithstanding anything to the contrary herein or in the Supplemental Application, and/or the Initial Engagement Letter, as amended by the Amendment, Centerview shall file interim and final fee applications for allowance of compensation and reimbursement of reasonable and documented out-of-pocket expenses pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Court Guidelines, the U.S. Trustee Guidelines, and any other procedures or orders of the Court; *provided*, *however*, that the U.S. Trustee retains all rights to respond or object to Centerview's interim and final applications for compensation (including, without limitation, the Core Transaction Fee) and reimbursement of out-of-pocket expenses pursuant to section 330 of the Bankruptcy Code, and the Court retains jurisdiction to consider the U.S. Trustee's response or objection to Centerview's interim and final fee applications pursuant to section 330 of the Bankruptcy Code; *provided*, *further*, that "reasonableness" for this purpose shall be evaluated by comparing (among other things) the fees payable in these chapter 11 cases to fees paid to comparable investment banking firms with similar experience and reputation offering comparable services in other chapter 11 cases and shall not be evaluated primarily on an hourly or length-of-case based criteria.

7. Centerview shall use its reasonable efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases.

4

8. Centerview shall have a continuing duty to review whether any new material facts or relationships bearing on the matters described herein arise during the pendency of these chapter 11 cases. If such materials facts or relationships are discovered or otherwise arise, Centerview will use reasonable efforts to provide the Court with a supplemental declaration disclosing such new materials facts or relationships.

9. The Debtors and Centerview are authorized and empowered to take all actions necessary to implement the relief granted in and pursuant to this Order.

10. Notice of the Supplemental Application as provided therein shall be deemed good and sufficient notice of such Supplemental Application and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

11. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. Notwithstanding any provision to the contrary in the Supplemental Application, Engagement Letter, or Amendment, the Court shall retain jurisdiction to hear and to determine all matters arising from or related to implementation, interpretation, or enforcement of this Order and Centerview's retention.

13. To the extent that there is any inconsistency between the Engagement Letter, Amendment, Supplemental Application, Puntus Declaration, and this Order, the provisions of this Order shall apply.

14. The Official Committee of Unsecured Creditors **and any other party in interest each** reserves all of its rights with respect to any subsequent request to amend, restate, waive, or otherwise modify the Initial Engagement Letter or the Amendment.

New York, New York
Dated: _____, 2023

5

THE HONORABLE MARTIN GLENN
CHIEF UNITED STATES BANKRUPTCY
JUDGE