Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**AMENDED[2] AGENDA FOR HEARING TO BE HELD**
**MARCH 8, 2023, AT 11:00 A.M. (PREVAILING EASTERN TIME)**

Time and Date of Hearing:    March 8, 2023, at 11:00 a.m. (prevailing Eastern Time)

Location of Hearing:        The Honorable Chief Judge Martin Glenn
                United States Bankruptcy Court for the
                Southern District of New York
                Alexander Hamilton U.S. Custom House
                One Bowling Green, Courtroom No. 523
                New York, New York 10004

Hearing Attendance:    In accordance with General Order M-543 ("General Order
Instructions:        M-543"), dated March 20, 2020, the Hearing will only be conducted

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2]    **Amended items appear in bold.**

using Zoom for Government. Parties wishing to appear at the Hearing, whether making a "live" or "listen only" appearance before the Court, need to make an electronic appearance through the Court's website at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl **on or before 4:00 p.m. (prevailing Eastern Time) on March 7, 2023**.

Due to the large number of expected participants in the Hearing and the Court's security requirements for participating in a Zoom for Government audio and video hearing, all persons seeking to attend the 11:00 a.m., March 8, 2023 (prevailing Eastern Time) Hearing must connect to the Hearing beginning at 10:00 a.m., March 8, 2023 (prevailing Eastern Time). When parties sign into Zoom for Government and add their names, they must type in the first and last name that will be used to identify them at the Hearing. Parties that type in only their first name, a nickname or initials will not be admitted into the Hearing. When seeking to connect for either audio or video participation in a Zoom for Government Hearing, you will first enter a "Waiting Room," in the order in which you seek to connect. Court personnel will admit each person to the Hearing from the Waiting Room after confirming the person's name (and telephone number, if a telephone is used to connect) with their eCourtAppearance. Because of the large number of expected participants, you may experience a delay in the Waiting Room before you are admitted to the Hearing.

Copies of Motions:           A copy of each pleading may be obtained free of charge by visiting the website of Stretto at https://cases.stretto.com/Celsius. You may also obtain copies of any pleadings by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

## I.    <u>Uncontested Matters</u>.

1.    **Application to Employ Selendy Gay Elsberg PLLC**. The Official Committee of Unsecured Creditors' Application for Entry of an Order Authorizing the Employment and Retention of Selendy Gay Elsberg PLLC as Co-Counsel Effective as of January 8, 2023 [Docket No. 1964].

<u>Objection Deadline</u>: The initial objection deadline was March 1, 2023, at 4:00 p.m. (prevailing Eastern Time). The objection deadline was extended to March 6, 2023, at 4:00 p.m. (prevailing Eastern Time).

Responses Received:  None.

Related Documents:

(1)    Memorandum Endorsed Order Extending Deadline to Object [Docket No. 2156].

(2)    **Second Declaration of Jennifer M. Selendy in Support of the Official Committee of Unsecured Creditors' Application for Entry of an Order Authorizing the Employment and Retention of Selendy Gay Elsberg PLLC as Co-Counsel [Docket No. 2191].**

(3)    **Notice of Filing of Revised Order Authorizing the Employment and Retention of Selendy Gay Elsberg PLLC as Co-Counsel for the Official Committee of Unsecured Creditors Effective as of January 8, 2023 [Docket No. 2194].**

**Status**:    This matter is going forward.

## II.    **Company Status Update.**

2.    **Status Update**.  Status Update provided by Christopher Ferraro, Interim Chief Executive Officer, Chief Restructuring Officer, and Chief Financial Officer of the Debtors.

Related Documents:

(1)    **Notice of Filing of March 8, 2023, Hearing Presentation [Docket No. 2197].**

## III.    **Contested Matters.**

3.    **Motion to Extend Exclusivity**.  Debtors' Second Motion for Entry of an Order (I) Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code and (II) Granting Related Relief [Docket No. 1940].

Objection Deadline:    The initial objection deadline was February 8, 2023, at 4:00 p.m. (prevailing Eastern Time).  The deadline was extended to March 1, 2023, at 4:00 p.m. (prevailing Eastern Time).

Responses Received:

(1)    Victor Ubierna de las Heras' Objection to Debtors' Second Motion for Entry of an Order (I) Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code and (II) Granting Related Relief [Docket No. 1996].

(2)    Objection of the Ad Hoc Group of Withhold Account Holders and Other Transferees to the Debtors' Second Motion for Entry of an Order (I) Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code and (II) Granting Related Relief [Docket No. 2008].

(3)    Limited Objection to the Debtors' Second Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement [Docket No. 2010].

(4)    The Official Committee of Unsecured Creditors' Objection to the Debtors' Second Exclusivity Motion [Docket No. 2011].

(5)    Objection Of The Ad Hoc Group of Borrowers and Joinder In Limited Objection Of The United States Trustee To Debtors' Second Motion To Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement [Docket No. 2013].

(6)    Daniel A. Frishbergs' [sic] Limited Objection to the Debtors' Second Motion for Entry of an Order (I) Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code and (II) Granting Related Relief [Docket No. 2014].

(7)    Immanuel Herrmann's Objection to the Debtors' Second Motion for Entry of an Order (I) Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code and (II) Granting Related Relief [Docket No. 2015].

(8)    Joinder of the Texas State Securities Board and Texas Department of Banking to the United States Trustee's Limited Objection to the Debtor's Second Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement [Docket No. 2038].

(9)    Statement of Undersigned States With Respect to Motion for Extension and/or Modification of Exclusivity Order and Appointment of Trustee [Docket No. 2043].

(10)    Letter from Five Hundred and Fourteen Celsius Creditors Opposing Exclusivity Extension [Docket No. 2057].

(11)    Joinder of the New Jersey Bureau of Securities to (A) the United States Trustee's Limited Objection to the Debtors' Second Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement [Doc. 2010] and (B) the Joinder of the Texas State Securities Board and Texas Department of Banking [Doc. 2038]; and Reservation of Rights [Docket No. 2058].

4

(12)    Renewed Objection of the Ad Hoc Group of Withhold Account Holders and
        Other Transferees to the Debtors' Second Motion for Entry of an Order
        (I) Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and
        Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy
        Code and (II) Granting Related Relief [Docket No. 2157].

(13)    Response of the Ad Hoc Group of Borrowers to the Debtors' Second
        Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and
        Disclosure Statement [Docket No. 2158].

(14)    Immanuel Herrmann's Objection and Reservation of Rights to the Debtors'
        Second Motion for Entry of an Order (I) Extending the Debtors' Exclusive
        Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant
        to Section 1121 of the Bankruptcy Code and (II) Granting Related Relief
        [Docket No. 2162].

(15)    Daniel A. Frishbergs' [sic] Second Limited Objection to the Debtors'
        Second Motion for Entry of an Order (I) Extending the Debtors' Exclusive
        Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant
        to Section 1121 of the Bankruptcy Code and (II) Granting Related Relief
        [Docket No. 2163].

(16)    Víctor Ubierna de las Heras Joinder to Renewed Objection of the Ad Hoc
        Group of Withhold Account Holders and Other Transferees to the Debtors'
        Second Motion for Entry of an Order (I) Extending the Debtors' Exclusive
        Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant
        to Section 1121 of the Bankruptcy Code and (II) Granting Related Relief
        [Docket No. 2168].

(17)    Daniel A. Frishbergs [sic] Amended Second Limited Objection to the
        Debtors' Second Motion for Entry of an Order (I) Extending the Debtors'
        Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof
        Pursuant to Section 1121 of the Bankruptcy Code and (II) Granting Related
        Relief [Docket No. 2184].

Related Documents:

(1)    Debtors' Motion for Entry of an Order (I) Extending the Debtors' Exclusive
       Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant
       to Section 1121 of the Bankruptcy Code and (II) Granting Related Relief
       [Docket No. 1317].

(2)    Order (I) Extending the Debtor's Exclusive Periods to File a Chapter 11
       Plan and Solicit Acceptances thereof and (II) Granting Related Relief
       [Docket No. 1645].

(3)    Notice of Court's Oral Ruling on Debtors' Motion for Entry of an Order
       (I) Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and

Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code and (II) Granting Related Relief [Docket No. 1764].

(4)     Declaration of Christopher Ferraro, Interim Chief Executive Officer, Chief Restructuring Officer, and Chief Financial Officer of the Debtors, in Support of (I) the Debtors' Second Exclusivity Extension and (II) the Debtors' Objection to the Motion to Appoint a Chapter 11 Trustee [Docket No. 2046].

(5)     Declaration of Alan Carr, Director of Celsius Network Limited, in Support of (I) the Debtors' Second Exclusivity Extension and (II) the Debtors' Objection to the Motion to Appoint a Chapter 11 Trustee [Docket No. 2047].

(6)     Proposed Witness List and Exhibit List for the 2/15/23 Hearing on Movants' Application for the Appointment of a Trustee and Debtors' Second Motion for Entry of an Order (I) Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code and (II) Granting Related Relief [Docket No. 2052].

(7)     Debtors' Statement With Respect to the Status of the Debtors' Chapter 11 Plan Process [Docket No. 2066].

(8)     Debtors' Reply in Support of Debtors' Second Motion for Entry of an Order (I) Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code and (II) Granting Related Relief [Docket No. 2067].

(9)     Notice of Filing of Revised Proposed Order (I) Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code and (II) Granting Related Relief [Docket No. 2068].

(10)    Bridge Order Pending a Hearing on the Debtors' Second Motion for Entry of an Order (I) Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code and (II) Granting Related Relief [Docket No. 2088].

(11)    Notice of Adjournment of Hearing on Debtors' Second Motion for Entry of an Order (I) Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code and (II) Granting Related Relief [Docket No. 2101].

(12)    Statement of the Official Committee of Unsecured Creditors Regarding the Debtors' Exclusive Periods [Docket No. 2159].

(13)    Supplemental Reply in Support of Debtors' Second Motion for Entry of an Order (I) Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances +Thereof Pursuant to Section 1121 of the Bankruptcy Code and (II) Granting Related Relief [Docket No. 2186].

**Status**:    This matter is going forward.

4.    **Joint Stipulation Motion**.    Motion of the Official Committee of Unsecured Creditors to Approve Joint Stipulation and Agreed Order Between the Official Committee of Unsecured Creditors and the Debtors With Respect to Certain Claims and Causes of Action Belonging to the Debtors' Estates [Docket No. 2054].

Objection Deadline:  March 1, 2023, at 4:00 p.m. (prevailing Eastern Time).

Responses Received:

(1)    Proposed Securities Lead Plaintiffs' Limited Objection to Motion of the Official Committee of Unsecured Creditors to Approve Joint Stipulation and Agreed Order Between the Official Committee of Unsecured Creditors and the Debtors With Respect to Certain Claims and Causes of Action Belonging to the Debtors' Estates [Docket No. 2154].

Related Documents:

(1)    Amended Notice of Motion of the Official Committee of Unsecured Creditors to Approve Joint Stipulation and Agreed Order Between the Official Committee of Unsecured Creditors and the Debtors With Respect to Certain Claims and Causes of Action Belonging to the Debtors' Estates [Docket No. 2059].

(2)    **Notice of Revised Joint Stipulation and Agreed Order Between the Official Committee of Unsecured Creditors and the Debtors With Respect to Certain Claims and Causes of Action Belonging to the Debtors' Estates [Docket No. 2193].**

**Status**:    This matter is going forward.

5.    **Motion to Strike (Frishberg, *et al.* Appeal)**.  Debtors' Motion Seeking Entry of an Order (I) Striking Certain Items from Appellants' Designation of Record on Appeal and (II) Granting Related Relief [Docket No. 2085].

Objection Deadline:  March 1, 2023, at 4:00 p.m. (prevailing Eastern Time).

Responses Received:

(1)    Omnibus Objection to the Debtors' Motion to Strike [Docket No. 2164].

7

    (2)    Reply in Support of Debtors' Motions Seeking Entry of an Order (I) Striking Certain Items from Appellants' Designation of Record on Appeal and (II) Granting Related Relief [Docket No. 2187].

    (3)    **Response to the Debtors [sic] Reply in Support of Debtors' Motions Seeking Entry of an Order (I) Striking Certain Items From Appellants' Designation of Record on Appeal and (II) Granting Related Relief [and] Joinder of Kulpreet Khanuja to the Original Omnibus Objection [Docket No. 2192].**

Related Documents:

    (1)    Appellants' Statement of Issues to Be Presented and Designation of Items to Be Included in the Record of Appeal [Docket No. 1976].

**Status**:    This matter is going forward.

6.    **Motion to Strike (Khanuja Appeal)**.  Debtors' Motion Seeking Entry of an Order (I) Striking Certain Items from Kulpreet Khanuja's Designation of Record on Appeal and (II) Granting Related Relief [Docket No. 2126].

Objection Deadline:  March 1, 2023, at 4:00 p.m. (prevailing Eastern Time).

Responses Received:

    (1)    Omnibus Objection to the Debtors' Motion to Strike [Docket No. 2164].

    (2)    Reply in Support of Debtors' Motions Seeking Entry of an Order (I) Striking Certain Items from Appellants' Designation of Record on Appeal and (II) Granting Related Relief [Docket No. 2187].

    (3)    **Response to the Debtors [sic] Reply in Support of Debtors' Motions Seeking Entry of an Order (I) Striking Certain Items From Appellants' Designation of Record on Appeal and (II) Granting Related Relief [and] Joinder of Kulpreet Khanuja to the Original Omnibus Objection [Docket No. 2192].**

Related Documents:

    (1)    Statement of Issues to Be Presented and Designation of Items to be Included in the Record of Appeal [Docket No. 2063].

**Status**:    This matter is going forward.

7.    **Motion to Strike (Steadman Appeal)**.  Debtors' Motion Seeking Entry of an Order (I) Striking Certain Items from Courtney Burks Steadman's Designation of Record on Appeal and (II) Granting Related Relief [Docket No. 2127].

Objection Deadline:  March 1, 2023, at 4:00 p.m. (prevailing Eastern Time).

Responses Received:

(1)    Omnibus Objection to the Debtors' Motions to Strike [Docket No. 2164].

(2)    Reply in Support of Debtors' Motions Seeking Entry of an Order (I) Striking Certain Items from Appellants' Designation of Record on Appeal and (II) Granting Related Relief [Docket No. 2187].

Related Documents:

(3)    Statement of Issues to Be Presented and Designation of Items to be Included in the Record of Appeal [Docket No. 2121].

(4)    **Response to the Debtors [sic] Reply in Support of Debtors' Motions Seeking Entry of an Order (I) Striking Certain Items From Appellants' Designation of Record on Appeal and (II) Granting Related Relief [and] Joinder of Kulpreet Khanuja to the Original Omnibus Objection [Docket No. 2192].**

**Status**:    This matter is going forward.

IV.    **Status Conferences/Adversary Proceedings.**

8.    **Frishberg v. Celsius Network LLC,** *et al*. **(Adv. Proc. No. 22-01179)**.  Pre-Trial Conference.

Related Documents:

(1)    Complaint against Celsius Network LLC, Celsius KeyFi LLC, Celsius Mining LLC, Celsius Network Inc., Celsius Network Limited, Celsius Networks Lending LLC, Celsius US Holding LLC [Docket No. 1].

(2)    Summons With Notice of Pre-Trial Conference [Docket No. 2].

(3)    Motion for Relief from Court Fee [Docket No. 3].

(4)    Order Denying Motion Seeking a Waiver of the Filing Fee for Adversary Proceeding Complaint [Docket No. 4].

(5)    Joint Stipulation and Agreed Order by and Among the Debtors and Daniel Frishberg Regarding Debtors' Time to Respond to Mr. Frishberg's Complaint [Docket No. 5].

(6)     Order to Show Cause Why the Action Should Not Be Dismissed for Failure to Pay the Filing Fee [Docket No. 6].

(7)     Notice of Adjournment [Docket No. 8].

(8)     Order Granting Request to Seal Financial Information [Docket No. 10].

**Status**:    This matter is going forward.

9.    **Celsius Network Limited v. Fabric Ventures Group SARL (Adv. Proc. No. 23-01002)**.  Pre-Trial Conference.

Related Documents:

(1)     Complaint against Fabric Ventures Group SARL [Docket No. 1].

(2)     Summons With Notice of Pre-Trial Conference [Docket No. 2].

(3)     Revised Summons With Notice of Pre-Trial Conference [Docket No. 3].

**Status**:    This matter is going forward.

10.    **Valeriya Yanchuk v. GK8 Ltd., GK8 UK Limited, and GK8 U.S.A. LLC (Adv. Proc. No. 23-01003)**.  Pre-Trial Conference.

Related Documents:

(1)     Complaint against GK8 Ltd., GK8 UK Limited, and GK8 U.S.A. LLC [Docket No. 1].

(2)     Summons With Notice of Pre-Trial Conference [Docket No. 2].

(3)     Revised Summons With Notice of Pre-Trial Conference [Docket No. 3].

**Status**:    This matter is going forward.

**V.**    **Uncontested Matters.**

11.    **Application to Employ Selendy Gay Elsberg PLLC**.  The Official Committee of Unsecured Creditors' Application for Entry of an Order Authorizing the Employment and Retention of Selendy Gay Elsberg PLLC as Co-Counsel Effective as of January 8, 2023 [Docket No. 1964].

Objection Deadline:  The initial objection deadline was March 1, 2023, at 4:00 p.m. (prevailing Eastern Time).  The objection deadline was extended to March 6, 2023, at 4:00 p.m. (prevailing Eastern Time).

Responses Received:  None.

Related Documents:

(1)    Memorandum   Endorsed   Order   Extending   Deadline   to   Object
[Docket No. 2156].

(2)    **Second Declaration of Jennifer M. Selendy in Support of the Official
Committee of Unsecured Creditors' Application for Entry of an Order
Authorizing the Employment and Retention of Selendy Gay Elsberg
PLLC as Co-Counsel [Docket No. 2191].**

(3)    **Notice of Filing of Revised Order Authorizing the Employment and
Retention of Selendy Gay Elsberg PLLC as Co-Counsel for the Official
Committee of Unsecured Creditors Effective as of January 8, 2023
[Docket No. 2194].**

**Status**:    This matter is going forward.

VI.    **Resolved Matters.**

12.    **Motion for Show Cause Order**.   United States Trustee's Motion for Order to
Show Cause Why the Debtors Should Not Retain Willis Towers Watson
[Docket No. 2042].

Objection Deadline:  The objection deadline was set for March 1, 2023, at 4:00 p.m.
(prevailing Eastern Time) upon agreement by the parties.  On March 1, 2023, the
parties settled the dispute.

Responses Received:  None.

Related Documents:

(1)    Application of the United States Trustee for an Order Authorizing the
United States Trustee to Conduct a 2004 Examination of Willis Towers
Watson [Docket No. 1392].

(2)    Amended Notice of Presentment [Docket No. 1398].

(3)    Letter re Extension of Deadline to Object to Application of the United States
Trustee for an Order Authorizing the United States Trustee to Conduct a
2004 Examination of Willis Towers Watson [Docket No. 1444].

(4)    Memorandum   Endorsed   Order   Extending   Deadline   to   Object
[Docket No. 1446].

(5)    Letter re Extension of Deadline to Object to Application of the United States Trustee for an Order Authorizing the United States Trustee to Conduct a 2004 Examination of Willis Towers Watson [Docket No. 1556].

(6)    Memorandum Endorsed Order Extending Deadline to Object [Docket No. 1613].

(7)    Letter re Extension of Deadline to Object to Application of the United States Trustee for an Order Authorizing the United States Trustee to Conduct a 2004 Examination of Willis Towers Watson [Docket No. 1679].

(8)    Letter re Extension of Deadline to Object to Application of the United States Trustee for an Order Authorizing the United States Trustee to Conduct a 2004 Examination of Willis Towers Watson [Docket No. 1703].

(9)    Memorandum Endorsed Order Extending Deadline to Object [Docket No. 1706].

(10)   Letter re Extension of Deadline to Object to Application of the United States Trustee for an Order Authorizing the United States Trustee to Conduct a 2004 Examination of Willis Towers Watson [Docket No. 1771].

(11)   Memorandum Endorsed Order Extending Deadline to Object [Docket No. 1774].

(12)   Willis Towers Watson US LLC's Objection to the Application of the United States Trustee for an Order Authorizing the United States Trustee to Conduct a 2004 Examination of Willis Towers Watson [Docket No. 1829].

(13)   Order (i) Authorizing the Issuance of *Subpoena Duces Tecum* and (ii) an Order Compelling Willis Towers Watson to Appear for Examination Pursuant to Fed. R. Bankr. P. 2004 [Docket No. 1928].

(14)   Notice of Hearing for the United States Trustee's Motion for Order to Show Cause why the Debtors Should Not Retain Willis Towers Watson [Docket No. 2044].

(15)   Order Directing Debtors to Show Cause Why They Should Not Retain Willis Towers Watson [Docket No. 2087].

**Status**:    This matter has been consensually resolved through the Debtors' agreement to file a retention application.

## VII.    Adjourned Matters

13.    **Sale Hearing**.  Sale Hearing for Retail Platform Assets and Remaining Assets.

<u>Objection Deadline</u>:  The initial objection deadline for the Sale of the Retail Platform Assets was November 22, 2022, at 4:00 p.m. (prevailing Eastern Time), and the initial objection deadline for the Sale of the Remaining Assets was December 14, 2022, at 4:00 p.m. (prevailing Eastern Time).  The objection deadlines for both the Sale of the Retail Platform Assets and the Sale of the Remaining Assets were first extended to December 19, 2022, at 4:00 p.m. (prevailing Eastern Time), then to January 18, 2023, at 4:00 p.m. (prevailing Eastern Time), then to February 8, 2023, at 4:00 p.m. (prevailing Eastern Time), then to February 13, 2023, at 4:00 p.m. (prevailing Eastern Time), and finally to March 1, 2023, at 4:00 p.m. (prevailing Eastern Time).

<u>Responses Received</u>:

(1)     Objection to Motion for an Order Approving Bidding Procedures and for Related Relief [Docket No. 1040].

(2)     Objection of the United States Trustee to Debtors' Motion Seeking Entry of an Order (I) Approving the Bidding Procedures in Connection With the Sale of Substantially All of the Debtors' Assets, (II) Scheduling Certain Dates With Respect Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Approving Contract Assumption and Assignment Procedures, and (V) Granting Related Relief [Docket No. 1047].

(3)     Daniel A. Frishbergs' [sic] Omnibus Objection to Debtors' Motion Seeking Entry of an Order (I) Approving the Bidding Procedures in Connection With the Sale of Substantially All of the Debtors' Assets, (II) Scheduling Certain Dates With Respect Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Approving Contract Assumption and Assignment Procedures, and (V) Granting Related Relief and to All Motions Granting Kirkland and Ellis' Associated Legal Fees, Auction Fees, and Any Other Fees or Costs Incurred With Respect to this Auction Thus Far [Docket No. 1054].

(4)     Limited Objection to the Debtor's Motion Approving Bidding Procedures and for Related Relief (D.R. 929) [Docket No. 1056].

(5)     Limited Objection of the Texas State Securities Board and the Texas Department of Banking to Debtors' Motion Seeking Entry of an Order (I) Approving the Bidding Procedures in Connection With the Sale of Substantially All of the Debtors' Assets, (II) Scheduling Certain Dates With Respect Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Approving Contract Assumption and Assignment Procedures, and (V) Granting Related Relief [Docket No. 1059].

(6)     Limited Objection of Vincent Theodore Goetten to Debtors' Motion Seeking Entry of an Order (I) Approving the Bidding Procedures in Connection With the Sale of Substantially All of the Debtors' Assets,

(II) Scheduling Certain Dates With Respect Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Approving Contract Assumption and Assignment Procedures, and (V) Granting Related Relief [Docket No. 1063].

(7)     Supplemental Limited Objection of Immanuel Herrmann to the Debtors' Motion Seeking Entry of an Order (I) Approving the Bidding Procedures in Connection With the Sale of Substantially All of the Debtors' Assets, (II) Scheduling Certain Dates With Respect Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Approving Contract Assumption and Assignment Procedures, and (V) Granting Related Relief (Supplemental to D.R. 1056; Objection to D.R. 929) [Docket No. 1080].

Related Documents:

(1)     Debtors' Motion Seeking Entry of an Order (I) Approving the Bidding Procedures in Connection With the Sale of Substantially All of the Debtors' Assets, (II) Scheduling Certain Dates With Respect Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Approving Contract Assumption and Assignment Procedures, and (V) Granting Related Relief [Docket No. 929].

(2)     The Official Committee of Unsecured Creditors' Statement With Respect to the Debtors' Motion Seeking Entry of an Order (I) Approving the Bidding Procedures in Connection With the Sale of Substantially All of the Debtors' Assets, (II) Scheduling Certain Dates With Respect Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Approving Contract Assumption and Assignment Procedures, and (V) Granting Related Relief [Docket No. 1046].

(3)     Notice of Filing Further Revised Proposed Order (I) Approving the Bidding Procedures in Connection With the Sale of Substantially All of the Debtors Assets, (II) Scheduling Certain Dates With Respect Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Approving Contract Assumption and Assignment Procedures, and (V) Granting Related Relief [Docket No. 1148].

(4)     Memorandum Opinion and Order Granting Motion to Approve Bidding Procedures in Connection With the Sale of Substantially all the Debtor's Assets [Docket No. 1167].

(5)     Notice of Filing Revised Proposed Order (I) Approving the Bidding Procedures in Connection With the Sale of Substantially All of the Debtors Assets, (II) Scheduling Certain Dates With Respect Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Approving Contract Assumption and Assignment Procedures, and (V) Granting Related Relief [Docket No. 1179].

(6)     Order (I) Approving the Bidding Procedures in Connection With the Sale of Substantially all of the Debtors Assets (II) Scheduling Certain Dates With Respect Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Approving Contract Assumption and Assignment Procedures, and (V) Granting Related Relief [Docket No. 1272].

(7)     Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases [Docket No. 1300].

(8)     Notice of Amended Dates and Deadlines With Respect to Bidding Procedures for the Potential Sale of Substantially All of the Debtors' Assets [Docket No. 1713].

(9)     Debtors' Statement With Respect to Adjourning Certain Dates and Deadlines for the Sale of Potentially All of the Debtors' Assets [Docket No. 1714].

(10)    Second Notice of Amended Dates and Deadlines With Respect to Bidding Procedures for the Potential Sale of Substantially All of the Debtors' Assets [Docket No. 1844].

(11)    Third Notice of Amended Dates and Deadlines With Respect to Bidding Procedures for the Potential Sale of Substantially All of the Debtors' Assets [Docket No. 1959].

(12)    Fourth Notice of Amended Dates and Deadlines With Respect to Bidding Procedures for the Potential Sale of Substantially All of the Debtors' Assets [Docket No. 2006].

(13)    Fifth Notice of Amended Dates and Deadlines With Respect to Bidding Procedures for the Potential Sale of Substantially All of the Debtors' Assets [Docket No. 2123].

(14)    Notice of (I) Selection of Stalking Horse Bidder and (II) Amended Dates and Deadlines With Respect to Bidding Procedures for the Potential Sale of Substantially All of the Debtors' Assets [Docket No. 2150].

(15)    Notice of Adjournment of Hearing on the Sale of Substantially All of the Debtors' Assets [Docket No. 2185].

**Status**:     This matter has been adjourned.

14.     **Core Scientific Dispute**.  Status Conference on Celsius/Core Scientific Dispute.

Related Documents:

(1)     Debtors' Motion to Enforce the Automatic Stay and for Civil Contempt [Docket No. 917].

15

(2)     Letter re Request for Status Conference Concerning *In re Celsius Network LLC*, Chapter 11 Case No. 22-10964 (MG) [Docket No. 997].

(3)     Letter in Response to Core Scientific re *In re Celsius Network LLC*, No. 22-10964 (MG) – Debtors' Motion to Enforce the Stay and for Contempt Sanctions [Docket No. 1003].

(4)     Joint Stipulation and Agreed Scheduling Order by and Among the Debtors, the Official Committee of Unsecured Creditors, and Core Scientific, Inc. With Respect to Schedule [Docket No. 1114].

(5)     *Ex-parte* Motion of Core Scientific, Inc. for Entry of an Order Authorizing Redaction of Certain Information and Filing of Certain Documents Under Seal Pursuant to Section 107(b) of the Bankruptcy Code, Rule 9018 of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 9018-1 in Connection With Core Scientific, Inc.'s Forthcoming Objection to Debtors' Motion to Enforce the Automatic Stay and for Civil Contempt and Core Scientific, Inc.'s Motion Seeking Affirmative Relief [Docket No. 1130].

(6)     Declaration of Todd Duchene in Support of Core Scientific, Inc.'s Motion for Entry of an Order Authorizing Redaction of Certain Information and Filing of Certain Documents Under Seal Pursuant to Section 107(b) of the Bankruptcy Code, Rule 9018 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 9018-1 in Connection With Core Scientific, Inc.'s Forthcoming Objection to Debtors' Motion to Enforce the Automatic Stay and for Civil Contempt and Core Scientific, Inc.'s Motion Seeking Affirmative Relief [Docket No. 1132].

(7)     Order Authorizing Redaction of Certain Information and Filing of Certain Documents Under Seal Pursuant to Section 107(b) of the Bankruptcy Code, Rule 9018 of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 9018-1 in Connection With Core Scientific, Inc.'s Forthcoming Objection to Debtors' Motion to Enforce the Automatic Stay and for Civil Contempt and Core Scientific, Inc.'s Motion Seeking Affirmative Relief [Docket No. 1133].

(8)     The Official Committee of Unsecured Creditors' Joinder to the Debtors' Motion to Enforce the Automatic Stay and for Civil Contempt [Docket No. 1139].

(9)     Core Scientific, Inc.'s Objection to Debtors' Motion to Enforce the Automatic Stay and for Civil Contempt [Docket No. 1140].

(10)    Declaration of Jeff Pratt in Support of Core Scientific, Inc.'s Opposition to Debtors' Motion to Enforce the Automatic Stay and For Civil Contempt [Docket No. 1141].

(11)    Declaration of Monica Xia in Support of Core Scientific, Inc.'s Opposition to Debtors' Motion to Enforce the Automatic Stay and for Civil Contempt [Docket No. 1142].

(12)    Declaration of KC Mares [Docket No. 1143].

(13)    Motion of Core Scientific, Inc. (I) to Compel Immediate Payment of Administrative Expenses and (II) (A) for Relief from Automatic Stay to Exercise Rights Under Master Services Agreement and Related Orders or (B) in the Alternative, to Compel Assumption or Rejection of Master Services Agreement and Related Orders [Docket No. 1144].

(14)    Letter re *In re Celsius Network LLC*, No. 22-10964 (MG) – Request for Informal Conference With the Court, Pursuant to Local Rule 7007-1(b) [Docket No. 1182].

(15)    Letter re *In re Celsius Network LLC*, No. 22-10964 (MG) – Response to Request for Informal Conference With the Court, Pursuant to Local Rule 7007-1(b) [Docket No. 1200].

(16)    Joint Stipulation and Agreed Amended Scheduling Order by and among the Debtors, the Official Committee of Unsecured Creditors, and Core Scientific, Inc. With Respect to Schedule [Docket No. 1283].

(17)    Order Scheduling Status Conference Regarding Core Scientific Motions [Docket No. 1366].

(18)    Notice of Adjournment [Docket No. 1694].

(19)    Notice of Adjournment [Docket No. 1841].

(20)    Notice of Adjournment [Docket No. 1907].

(21)    Notice of Adjournment [Docket No. 2055].

**Status**:    This matter has been adjourned to April 18, 2023, at 11:00 a.m. (prevailing Eastern Time).

[*Remainder of page intentionally left blank*]

New York, New York
Dated:  March 7, 2023

/s/ Joshua A. Sussberg

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:            joshua.sussberg@kirkland.com

- and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200
Email:            patrick.nash@kirkland.com
                     ross.kwasteniet@kirkland.com
                     chris.koenig@kirkland.com
                     dan.latona@kirkland.com

*Counsel to the Debtors and Debtors in Possession*