WILLIAM K. HARRINGTON
United States Trustee
U.S. Department of Justice
Office of the United States Trustee
One Bowling Green
New York, NY 10004
Tel. (212) 510-0500

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------- x
*In re*                                         :    Chapter 11
                                                :
CELSIUS NETWORK LLC., *et al.,*[1]              :    Case No. 22-10964 (MG)
                                                :
                        Debtors.                :    (Jointly Administered)
------------------------------------------------- X

**OBJECTION OF THE UNITED STATES TRUSTEE TO DEBTORS'
MOTION FOR AN ORDER (I) AUTHORIZING THE DEBTORS TO
ENTER INTO WITNESS COOPERATION AGREEMENTS WITH
CERTAIN CURRENT AND FORMER EMPLOYEES, (II) AUTHORIZING
REIMBURSEMENT OF PAST AND FUTURE OUT-OF-POCKET
EXPENSES OF COOPERATING WITNESSES, INCLUDING
ATTORNEY'S FEES, AND (III) GRANTING RELATED RELIEF**

William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), through his counsel, files this Objection (the "Objection") to the *Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to Enter into Witness Cooperation Agreements with Certain Current and Former Employees, (II) Authorizing Reimbursement of Past and Future Out-Of-Pocket Expenses of Cooperating Witnesses, Including Attorney's Fees, and (III) Granting Related Relief* (the "Motion") (ECF Doc. No. 2147). In support thereof, the United States Trustee respectfully represents as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

## BACKGROUND

### A. General Background

1.      On July 13, 2022 (the "Petition Date"), Celsius Network LLC, Celsius KeyFi LLC, Celsius Lending LLC, Celsius Mining LLC, Celsius Network Inc., Celsius Network Limited, Celsius Networks Lending LLC, and Celsius US Holding LLC (collectively, the "Debtors") each commenced a voluntary case under Chapter 11 of the Bankruptcy Code. *See* Voluntary Petitions, SDNY Case No. 22-10964(MG), ECF Doc. No. 1. On July 19, 2022, the Court entered an Order directing that these cases be jointly administered. ECF Doc. No. 53.

2.      An Official Committee of Unsecured Creditors was appointed on July 27, 2022. ECF Doc. No. 241.

3.      On October 5, 2022, debtor Celsius Network Limited – one of the affiliated debtors – filed a Statement of Financial Affairs. SDNY Case No. 22-10966 (MG), ECF Doc. No. 6. Paul Hastings LLP ("Paul Hastings") is listed among the recipients of "payments or transfers to creditors within 90 days before filing this case." SDNY Case No. 22-10966 (MG), ECF Doc. No. 6, pg. 40 of 64. In fact, that payment was made just one day before the Petition Date.[2] While the payment itself was disclosed, the basis for the payment was not disclosed. *See id*.   Upon information and belief, the payment was "an advance retainer for Paul Hastings' representation of the Officers" in connection with Celsius's "Indemnification Obligations." Voyager Murphy Declaration at ¶ 5.

---

[2] *See also In re Voyager Digital Holdings Inc., et al.*, Case No. 10943 (MEW) Supplemental Declaration of Matthew M. Murphy in Support of the Paul Hastings Retention Application ("Voyager Murphy Declaration"), ECF Doc. No. 1053 at ¶ 5.

4.  On November 22, 2022, the Debtors filed their Amended Motion for Entry of an

Order Approving the Debtors Key Employee Retention Plan (the "KERP Motion"). ECF Doc. No.

1426.

5.  The KERP Motion stated in part that:

In addition to their regular responsibilities, these key employees also have
shouldered the burden of extensive chapter 11-related tasks, including, among
others:

- receiving and reviewing nearly 300 diligence requests from the
Committee, over 100 diligence requests from the U.S. Trustee, and
produced over 100,000 documents; . . .

- responding to over fifty requests from the Examiner and participating in
numerous telephone and Zoom conferences with the Examiner; . . .

KERP Motion at ¶ 3.

### B. The Motion

6.  The Debtors seek entry of an order (a) authorizing the Debtors to enter into

agreements with certain current and former employees (the "Employees"), (b) authorizing

reimbursement of out of pocket expenses of the Employees, including attorneys' fees, and (c)

granting related relief.  Motion at ¶ 7.

7.  As part of the Debtors' ongoing chapter 11 cases and general investigations into

Celsius and its prepetition business practices, various Employees have been participating in the

investigations.  Motion at ¶ 15.

8.  Specifically, the Debtors argue that such participation "has included reviewing

documents related to a Securities and Exchange Commission proffer, preparing them for

interviews with the Examiner, the Committee, and/or the Debtors' Special Committee, responding

to subpoenas, reviewing documents and preparing for a Commodity Futures Trading Commission

proffer, and responding to Rule 2004 Requests from the Committee." Motion at ¶ 16.

9.      Within thirty days after executing a Cooperation Agreement, Employees seeking reimbursement of his or her status (the "Past Reimbursement Request") shall provide an invoice of expenses, including Employee Counsel fees and expenses.  The Debtors shall not pay more than $3 million for Past Reimbursement Requests without seeking further Court approval.  Motion at ¶ 20.

10.     After any employee is designated by the Debtors, the Debtors shall be authorized to pay 100% of expenses to each Employee and/or Employee counsel (the "Future Reimbursement Requests") up to a cap of $40,000 per month on average over a rolling three-month period per Employee or $240,000 in the aggregate.  Motion at ¶ 21.

11.     The designation of the Employees under the Motion and/or the identities of respective counsel will not be provided to the Court, the United States Trustee, or interested parties.

12.     The United States Trustee is not listed as a notice party under the Motion. Motion, at  ¶ 20(a).

## **ARGUMENT**

The Motion seeks an order pursuant to 11 U.S.C. §§ 363 and 503 to pay reimbursement of out of pocket expenses, including payment to unretained counsel in connection to voluntary interviews of the Debtors' Employees. These Employees have purportedly been interviewed and answered questions by the Examiner, the Committee, and various governmental units about the Debtors' business and operations.

The Debtors have failed to provide even one case citation where similar expenses or a similar procedure have been approved. Furthermore, beyond vague assertions about potential indemnification claims that could be asserted, the Debtors have failed to discuss any concrete benefits to the Debtors and the estate that would justify the payments. Instead, the Debtors rely on

mere conjecture that without reimbursing attorneys' fees – in some instances, potentially as much as nine months after they were incurred – would in some way hinder the ongoing abilities of various parties to continue investigating the Debtors. And notably, the Debtors already have qualified counsel to represent it, Kirkland & Ellis LLP ("Kirkland"). Kirkland is presumably present at all of the interviews and involved in (if not overseeing) all of the diligence and document requests that are alluded to in the Motion to represent the interests of the Debtors.

Moreover, the Debtors suggest that these Employees have been involved in the "production of over 200,000 documents, over 1,000 individual diligence requests answered, weekly calls with the Committee, daily interactions between the Debtors' advisors and the Committee, and a number of in-person meetings." Motion at ¶ 15. However, it is presumed that such efforts were made within the course and scope of their employment by the Debtors. Further, presumably many of the Employees are also recipients of Key Employee Retention Program awards. The Debtors have strenuously argued that those award recipients should receive bonuses for responding to a magnitude of diligence requests as well as appearing at a myriad of meetings since the Chapter 11 petitions were filed. *See* Amended Motion for Entry of an Order Approving the Debtors Key Employee Retention Plan, at ¶ 3.

Additionally, it is unclear in the Motion as to whether this $3,000,000 initial payment is a floor for outgoing payments (and whether it includes the $750,000 amount funded pre-petition for the Debtors for such representation) as the Motion appears to contemplate an ongoing procedure for additional future payments.

Critically, the Debtors have failed to provide any employee contract that obligates the Debtors to shoulder the costs of separate and distinct outside counsel, especially in light of the continued employment of Kirkland as representative for the Debtors. Indeed, the Debtors provide

no factual basis for the Debtors' alleged desire to pay these costs and expenses. Moreover, the Debtors have not met their burden pursuant to 11 U.S.C. § 503(b)(1) which requires a showing that such expenses are "actual, necessary costs and expenses of preserving the estate." 11 U.S.C. § 503(b)(1); *see generally In re Oldco M Corp.*, 438 B.R. 775, 780 (Bankr. S.D.N.Y. 2010).

Additionally, the Debtors must disclose what prepetition and postpetition payments have been made to or on behalf of the Employees, as well as any commitments to make any such payments. To date, no such disclosure has been made. Moreover, no disclosure or retention of any "pool" counsel in these bankruptcy cases have been made either. Specifically, the Debtors made a payment to Paul Hastings of $750,000, and are yet to explain to this Court the purpose of that payment or how it was used. If Paul Hastings is a recipient of further funds from the Debtors without retention, this should be disclosed as well.

The United States Trustee reserves any and all rights, remedies and obligations to, *inter alia*, complement, supplement, augment, alter, and/or modify this Objection and to conduct any and all discovery as may be deemed necessary or as may be required and to assert such other grounds as may become apparent upon further factual discovery, assert further and additional objections at any hearing on the Motion, and to take whatever other actions are deemed necessary, justifiable, and appropriate.

**CONCLUSION**

WHEREFORE, the Motion should be denied.

Dated:  New York, New York
        March 14, 2023

                                    WILLIAM K. HARRINGTON
                                    UNITED STATES TRUSTEE

                          By:    */s/ Shara Cornell*
                                 Shara Cornell, Esq.
                                 Mark Bruh, Esq.
                                 Brian Masumoto, Esq.
                                 Trial Attorneys
                                 Alexander Hamilton Custom House
                                 One Bowling Green, Room 534
                                 New York, New York 10004
                                 Tel. No. (212) 510-0500
                                 Fax No. (212) 668-2255