Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF DEADLINE
REQUIRING SUBMISSION OF PROOFS OF CLAIM
AGAINST THE GK8 DEBTORS ON OR BEFORE APRIL 18, 2023,
AND RELATED PROCEDURES FOR SUBMITTING PROOFS
OF CLAIM IN THE CHAPTER 11 CASES OF THE GK8 DEBTORS**

**TO:    ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST ANY GK8 DEBTOR LISTED ON PAGE 3 OF THIS NOTICE IN THE ABOVE-CAPTIONED CHAPTER 11 CASES.**

The United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered (a) an order (the "Initial Bar Date Order") authorizing the Debtors to establish supplemental bar dates in the event the Debtors amend or supplement their Schedules of Assets and Liabilities and/or Schedules of Executory Contracts and Unexpired Leases and (b) an order (the "Omnibus Order," together with the Initial Bar Date Order, the "Bar Date Orders") applying such relief to the GK8 Debtors. On January 20, 2023, Debtors GK8 Ltd., GK8 UK Limited, and GK8 USA LLC (collectively, the "GK8 Debtors") filed their Schedules of Assets and Liabilities and Schedules of Executory Contract and Unexpired Leases (collectively, the "GK8 Schedules"). As such, pursuant to the Bar Date Orders, the Debtors have established **5:00 p.m. prevailing Eastern Time on April 18, 2023** (the "GK8 Claims Bar Date") as the last date for each person or entity[2] (including individuals, partnerships, corporations, joint ventures, and trusts) to submit a Proof of Claim against any of the **GK8 Debtors** listed on page 3 of this notice.

Except for those holders of the claims listed below that are specifically excluded from the GK8 Claims Bar Date submission requirement, the GK8 Bar Dates[3] and the procedures set forth below for submitting proofs of claim (each, a "Proof of Claim") apply to all Claims (defined below) against the GK8 Debtors that arose prior to **December 7, 2022** (the "GK8 Petition Date"), the date on which the GK8 Debtors commenced cases under chapter 11 of the United States Bankruptcy Code, **including parties asserting Claims pursuant to section 503(b)(9) of the Bankruptcy Code (each, a "503(b)(9) Claim")**.[4]

In addition, governmental units have until **5:00 p.m. prevailing Eastern Time on June 5, 2023** (the date that is the first business day following 180 days after the order for relief) (the "GK8 Governmental Bar Date"), to submit Proofs of Claim.

> **A holder of a possible Claim against the GK8 Debtors should consult an attorney regarding any matters not covered by this notice, such as whether the holder should submit a Proof of Claim.**
>
> **IN ACCORDANCE WITH THE BANKRUPTCY COURT'S OPINION DATED MARCH 9, 2023 [DOCKET NO. 2205], CUSTOMERS THAT TRANSFERRED CRYPTOCURRENCY ASSETS TO CELSIUS' PLATFORM DO NOT HOLD A CLAIM ON ACCOUNT OF SUCH CRYPTOCURRENCY ASSETS AGAINST THE GK8 DEBTORS. AS SUCH, CELSIUS CUSTOMERS DO NOT NEED TO FILE A CLAIM AGAINST ANY OF THE GK8 DEBTORS ON ACCOUNT OF SUCH ASSETS TO PRESERVE THEIR RIGHTS.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] As used herein, the term "entity" has the meaning given to it in section 101(15) of title 11 of the United States Code (the "Bankruptcy Code"), and includes all persons, estates, trusts and the United States trustee. Furthermore, the terms "person" and "governmental unit" have the meanings given to them in sections 101(41) and 101(27) of the Bankruptcy Code, respectively.

[3] Defined collectively as the GK8 Rejection Bar Date (as defined herein), the GK8 Claims Bar Date, the Supplemental Bar Date (as defined herein), and the GK8 Governmental Bar Date.

[4] "503(b)(9) Claims" are Claims on account of goods received by a GK8 Debtor within 20 days before the GK8 Petition Date, where such goods were sold to the GK8 Debtor in the ordinary course of such Debtor's business. *See* 11 U.S.C. § 503(b)(9).

2

**GK8 Debtors in these Chapter 11 Cases**

| Debtor Name | Last Four Digits of Tax Identification Number | Case Number |
|---|---|---|
| GK8 Ltd. | 1209 | 22-11643 |
| GK8 USA LLC | 9450 | 22-11644 |
| GK8 UK Limited | 0893 | 22-11645 |

**Who Must Submit a Proof of Claim**

You MUST submit a Proof of Claim to vote on a chapter 11 plan filed by the GK8 Debtors or to share in distributions from the GK8 Debtors' estates if you have a Claim that arose before the GK8 Petition Date and it is *not* one of the types of Claims described under the heading "Claims for Which Proofs of Claim Need Not Be Filed" below. Claims based on acts or omissions of the GK8 Debtors that occurred before the GK8 Petition Date must be submitted on or prior to the applicable GK8 Bar Date, even if such Claims are not now fixed, liquidated, or certain or did not mature or become fixed, liquidated, or certain before the GK8 Petition Date.

Under section 101(5) of the Bankruptcy Code and as used in this notice, "Claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

**What To Submit**

The GK8 Debtors are providing a link to access a Proof of Claim form on the website of the Debtors' notice and claims agent, Stretto, Inc. (the "Notice and Claims Agent"). Creditors will receive one notification even though Claims may be scheduled at multiple or all Debtors. You may utilize the Proof of Claim form(s) to submit your Claim.

Your Proof of Claim form must not contain complete social security numbers or taxpayer identification numbers (only the last four digits), a complete birth date (only the year), the name of a minor (only the minor's initials) or a financial account number (only the last four digits of such financial account).

Additional Proof of Claim forms may be obtained by contacting Stretto, by calling 855-423-1530 for callers in the United States or by calling 949-669-5873 for callers outside the United States and/or visiting the Debtors' restructuring website at: http://cases.stretto.com/celsius.

The following procedures for the submission of Proofs of Claim against the GK8 Debtors in these chapter 11 cases shall apply:

    a) Each Proof of Claim must: (i) be written in English; (ii) set forth the amount of such Claim denominated in United States dollars; (iii) conform substantially with Official Form 410; (iv) be signed or electronically transmitted through the interface

3

available on the Notice and Claims Agent's website at http://cases.stretto.com/celsius by the claimant or by an authorized agent or legal representative of the claimant; and (v) unless otherwise consented to by the Debtors in writing, include supporting documentation unless voluminous, in which case a summary must be attached or an explanation provided as to why documentation is not available.[5]

b) In addition to the requirements set forth in (a) above, any Proof of Claim asserting a 503(b)(9) Claim must also: (i) include the value of the goods delivered to and received by the GK8 Debtors in the twenty days prior to the GK8 Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) Claim is being asserted; (iii) attach documentation of any reclamation demand made to any GK8 Debtor under section 546(c) of the Bankruptcy Code (if applicable); and (iv) set forth whether any portion of the 503(b)(9) Claim was satisfied by payments made by the GK8 Debtors pursuant to any order of the Bankruptcy Court authorizing the GK8 Debtors to pay prepetition Claims.

c) Parties who wish to receive proof of receipt of their Proofs of Claim from the Notice and Claims Agent must also include with their Proof of Claim a copy of their Proof of Claim and a self-addressed, stamped envelope.

d) Each Proof of Claim must specify by name and case number the GK8 Debtor against which the Claim is submitted by checking the applicable box at the top of the proposed Proof of Claim Form. A Proof of Claim submitted under Case No. 22-11643 or that does not identify a GK8 Debtor will be deemed as submitted only against GK8 Ltd. A Proof of Claim that names a subsidiary GK8 Debtor but is submitted under Case No. 22-11643 will be treated as having been submitted against the subsidiary GK8 Debtor with a notation that a discrepancy in the submission exists.

e) If the holder asserts separate Claims against different GK8 Debtors, a separate Proof of Claim form must be submitted with respect to each Claim.

f) Pursuant to Bankruptcy Rule 3003(c)(2), if a claim is scheduled as contingent, unliquidated, or disputed, a creditor must file a

---

[5] Supporting documentation may include, but is not limited to, a .csv report of the claimants' account with the Debtors.

        Proof of Claim in order to preserve rights with respect to such Claim. For the avoidance of doubt, nothing contained herein is intended as, or should be construed as, an admission or stipulation of the validity of any claim against any Debtor, any assertion made therein or herein, or a waiver of any Debtor's rights to dispute any claim or assert any cause of action or defense against any party.

    g) Receipt of Service: Any claimant wishing to receive acknowledgment that Stretto received its Proof of Claim must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to Stretto) and (ii) a self-addressed, stamped envelope.

### When and Where To Submit

Each Proof of Claim, including supporting documentation, must be submitted so that the Notice and Claims Agent *actually receives* the Proof of Claim on or before the applicable GK8 Bar Date by: (i) electronically using the interface available on the Notice and Claims Agent's website at https://cases.stretto.com/celsius, or (ii) first-class U.S. Mail, overnight mail, or other hand-delivery system, which Proof of Claim must include an *original* signature, at the following address: Celsius Claims Processing, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602.

**PROOFS OF CLAIM MUST BE SUBMITTED BY MAIL, BY HAND, OR THROUGH THE STRETTO WEBSITE.  PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL <u>NOT</u> BE ACCEPTED AND WILL <u>NOT</u> BE DEEMED TIMELY SUBMITTED.**

### Claims for Which Proofs of Claim Need Not Be Filed

Persons or entities need *not* submit a Proof of Claim on behalf of a Claim in these chapter 11 cases on or prior to the applicable GK8 Bar Date if the Claim falls into one of the following categories:

    a) any Claim that has already been asserted in a Proof of Claim against any or all of the GK8 Debtors, with the clerk of the Bankruptcy Court for the Southern District of New York in a form substantially similar to Official Bankruptcy Form No. 410 (unless such person or entity wishes to assert the Claim against a GK8 Debtor not identified in the prior Proof of Claim, in which case an additional Proof of Claim must be filed);

    b) any Claim that is listed on the GK8 Schedules filed by the GK8 Debtors, provided that (i) the Claim is not scheduled as "disputed," "contingent," or "unliquidated"; (ii) the claimant does not disagree with the amount, nature, and priority of the Claim as set forth in the GK8 Schedules; and (iii) the claimant does not dispute that the Claim is an obligation only of the

5

specific GK8 Debtor against which the Claim is listed in the GK8 Schedules;

c)  any Claim that has previously been allowed by order of this Court;

d)  any Claim that has already been paid in full by any of the GK8 Debtors;

e)  any Claim for which a different deadline has previously been fixed by this Court;

f)  any Claim held by a GK8 Debtor against another GK8 Debtor or any of the non-Debtor subsidiaries (whether direct or indirect) of Celsius Network, Inc.;

g)  any Claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course, provided that any person or entity asserting a Claim entitled to administrative expense status under section 503(b)(9) of the Bankruptcy Code must assert such Claim by filing a request for payment or a Proof of Claim on or prior to the GK8 Claims Bar Date;

h)  any Claim based on an equity interest in the GK8 Debtors;

i)  any Claim held by a current employee of the GK8 Debtors if an order of the Court authorizes the GK8 Debtors to honor such Claim in the ordinary course of business as a wage, commission, or benefit; any current or former employee must submit a Proof of Claim by the GK8 Claims Bar Date for all other Claims arising before the GK8 Petition Date, including Claims for wrongful termination, discrimination, harassment, hostile work environment, and retaliation;

j)  any Claim held by a current officer or director for indemnification, contribution, or reimbursement;

k)  any Claim for fees and expenses of professionals retained in these chapter 11 cases, including those retained pursuant to the *Order Authorizing the Retention and Compensation of Professionals Utilized in the Ordinary Course of Business* [Docket No. 519]; and

l)  any Claim held by any person or entity solely against a non-Debtor entity.

6

> THIS NOTICE IS BEING SENT TO MANY PERSONS AND ENTITIES THAT HAVE HAD SOME RELATIONSHIP WITH OR HAVE DONE BUSINESS WITH THE GK8 DEBTORS, BUT MAY NOT HAVE AN UNPAID CLAIM AGAINST THE GK8 DEBTORS.  THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES <u>NOT</u> MEAN THAT YOU HAVE A CLAIM OR THAT THE GK8 DEBTORS OR THE BANKRUPTCY COURT BELIEVE THAT YOU HAVE ANY CLAIM.

### Executory Contracts and Unexpired Leases

If you have a Claim arising from the rejection of an executory contract or unexpired lease, you must submit your Proof of Claim based on such rejection on or before the later of (a) the GK8 Claims Bar Date and (b) any date the Bankruptcy Court may fix in the applicable order authorizing such rejection and, if no such date is provided, thirty days from the date of entry of such order (the "<u>GK8 Rejection Bar Date</u>").  The GK8 Debtors will provide notice of the GK8 Rejection Bar Date to the contract or lease counterparty whose contract or lease is being rejected at the time the GK8 Debtors reject any executory contract or unexpired lease.

### Supplemental Bar Date

In the event the GK8 Debtors amend or supplement the GK8 Schedules, the GK8 Debtors shall give notice of any such amendment to the holders of any Claim affected thereby, and such holders shall be afforded at least thirty-five days from the date on which such notice is given to submit a Proof of Claim with respect to such amended Claim (any such date, a "<u>Supplemental Bar Date</u>") or be forever barred from doing so.

### The Debtors' Schedules and Access Thereto

You may be listed as the holder of a Claim against one or more of the GK8 Debtors in the GK8 Schedules.

Copies of the GK8 Schedules are available: (a) from the Notice and Claims Agent by calling 855-423-1530 for callers in the United States or by calling 949-669-5873 for callers outside the United States and/or visiting the Debtors' restructuring website at: http://cases.stretto.com/celsius; (b) by written request to Debtors' counsel at the address and telephone number set forth below; and/or (c) for inspection on the Bankruptcy Court's Internet Website at http://ecf.nysb.uscourts.gov.  A login and password to the Bankruptcy Court's Public Access to Electronic Court Records are required to access this information and can be obtained at http://www.pacer.psc.uscourts.gov.  Copies of the GK8 Schedules may also be examined between the hours of 8:30 a.m. and 4:00 p.m., Monday through Friday, at the Office of the Clerk of the Bankruptcy Court, One Bowling Green, New York, New York 10004.

If you rely on the GK8 Schedules, it is your responsibility to determine that the Claim is accurately listed in the GK8 Schedules.

As set forth above, if you agree with the nature, amount, and classification of your Claim as listed in the GK8 Schedules, and if you do not dispute that your Claim is only against the GK8 Debtor specified by the GK8 Debtors, and if your Claim is **not** described as "disputed,"

7

"contingent," or "unliquidated," **you need not submit a Proof of Claim**. Otherwise, or if you decide to submit a Proof of Claim, you must do so before the applicable GK8 Bar Date in accordance with the procedures set forth in this notice.

**Please note that if you believe that you have a Claim or Claims against one or more GK8 Debtors separate and apart from the Claim or Claims set forth on the GK8 Schedules, you are required to submit such Claim or Claims by the applicable GK8 Bar Date.**

### Reservation of Rights

Nothing contained in this Bar Date Notice is intended, or should be construed, as a waiver of the GK8 Debtors' right to: (a) dispute, or assert offsets or defenses against, any submitted Proof of Claim or any claim listed or reflected in the GK8 Schedules as to the nature, amount, liability, or classification of such claims; (b) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the GK8 Schedules.

### Consequences of Failure to Submit a Proof of Claim by the Applicable GK8 Bar Date

ANY HOLDER OF A CLAIM THAT IS <u>NOT</u> LISTED IN THIS NOTICE AS A CLAIM EXCEPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDERS AND THAT FAILS TO TIMELY SUBMIT A PROOF OF CLAIM IN THE APPROPRIATE FORM WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM (1) ASSERTING SUCH CLAIM AGAINST THE GK8 DEBTORS AND THEIR CHAPTER 11 ESTATES, (2) VOTING ON ANY CHAPTER 11 PLAN OF REORGANIZATION FILED IN THESE CASES ON ACCOUNT OF SUCH CLAIM, AND (3) PARTICIPATING IN ANY DISTRIBUTION IN THE GK8 DEBTORS' CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM.

[*Remainder of page intentionally left blank*]

| | |
|---|---|
| New York, New York<br>Dated:  March 14, 2023 | */s/ Joshua A. Sussberg*<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C.<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:    (212) 446-4800<br>Facsimile:    (212) 446-4900<br>Email:    jsussberg@kirkland.com<br><br> - and -<br><br>Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)<br>Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)<br>Christopher S. Koenig<br>Dan Latona (admitted *pro hac vice*)<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Telephone:    (312) 862-2000<br>Facsimile:    (312) 862-2200<br>Email:    patrick.nash@kirkland.com<br>              ross.kwasteniet@kirkland.com<br>              chris.koenig@kirkland.com<br>              dan.latona@kirkland.com<br><br>*Counsel to the Debtors and Debtors in Possession* |