*Jason Amerson,*

*Pro Se*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, et al.,1 | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered.) |
| | ) | |
| | ) | |

# JASON AMERSON'S MOTION FOR

# ENTRY OF AN ORDER (I) TO REQUEST AN INJUNCTION OR

# SANCTION ON INAPPROPRIATE COMMUNICATIONS

# BETWEEN DEBTOR AND UNSECURED CREDITOR(S), (II)

# GRANTING RELATED RELIEF

The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030

Jason Amerson ("Mr. Amerson") files this Motion for Entry of an Order (I) *To Request an Injunction or Sanction on Inappropriate Communications Between Debtor and Unsecured Creditor(s),* (II) *Granting Related Relief.*  In support of his Motion, Mr. Amerson respectfully states the following:

*Pro Se Relief*

*Mr. Amerson asks and requests pro se relief with this motion.*

## **Introduction**

All unsecured creditors should receive fair and equitable treatment and the Debtor, Unsecured Creditors Committee (hereinafter referred to as "UCC") and Creditors alike should abide by the engagement processes as outlined in the bankruptcy code.  The interests or opinions of any single creditor should not receive preferential treatment or be assigned elevated status for consideration over those of any other Creditor(s).  Against this notion, the Debtor's legal counsel, Kirkland & Ellis, is purported to have engaged in private and direct conversation(s) with Celsius Unsecured Creditor, Mr. Simon Dixon, prior to March 1st, 2023.  Unsecured Creditors are represented by the Unsecured Creditors Committee (UCC) and have been instructed to engage via the CelsiusCommitteeInquiries@Whitecase.com email address as well as other methods as described on the UCC FAQ Website, https://cases.ra.kroll.com/CelsiusCommittee/FAQ-Index

## Argument

The Debtor's legal counsel, Kirkland & Ellis, has engaged in private and direct communication(s) with Celsius unsecured creditor, Mr. Simon Dixon, prior to March 1st, 2023 (ref. Exhibit A). This engagement, as purported by Mr. Dixon, is in connection with the Debtor's efforts to obtain an acceptable bid with respect to the formulation of a plan during its exclusivity period. In adherence with bankruptcy code § 1103, in its obligation to formulate a plan, the Debtor may receive advice and guidance from the UCC or their designated legal counsel on their behalf, not an individual creditor. It is my position that no creditor shall be given special, preferential, or exclusive access by and to the Debtor's legal counsel. Considering the evidence that Mr. Dixon, through his competing company Bank to the Future, formally submitted a failed bid on the Debtor's assets, these communications may represent egregious conflicts of interests (ref. Exhibit B). Further amplifying that conflict is Mr. Dixon's assertion that the Debtor's legal counsel accepted and agreed to take actionable measures based on Mr. Dixon's directives. Additionally, after the bidding process concluded in late 2022, and prior to any disclosures that Mr. Dixon's bid was rejected, Mr. Dixon was hostile towards Celsius Network, as evidenced by his comments in a YouTube video he produced and published on December 2nd, 2022, where Mr. Dixon said *"Celsius, who is definitely not your friend, prefers predatory cash offers to giving shares to Creditors. They would much rather sell your assets to Predators rather than sell or give your shares to Creditors"* (ref Exhibit C). The video also contains several profanity laced hostile remarks towards Celsius Network however the above quote conveys the primary sentiment of Mr. Dixon's message. To the best of my knowledge,

Mr. Dixon is neither a certified financial advisor, nor is he a licensed attorney and is not an

official or unofficial spokesperson for the UCC.  It is my position that this activity between

Debtor and Creditor constitutes a subversion of due process between the Unsecured Creditors

and their appointed UCC representatives.

**EXHIBIT A :** Twitter tweet published by Celsius Creditor, Simon Dixon on March 1st, 2023
https://twitter.com/SimonDixonTwitt/status/1630875917672128514?s=20
**EXHIBIT B :** Tweet published on Twitter by Celsius Creditor, Simon Dixon on February 8th, 2023
https://twitter.com/SimonDixonTwitt/status/1623409643996479488?s=20
**EXHIBIT C :** YouTube video produced and published on December 2nd, 2022 by Celsius Creditor, Simon Dixon (reference
timestamp 1m:10s-1m:31s) https://www.youtube.com/watch?v=UqtKVnTqAHI&t=70s

## **Conclusion**

It is reasonable to surmise that Mr. Dixon is beholden to his personal interests, which include those of his competing company Bank to the Future, and thus it would be inappropriate for the Debtor's legal counsel to receive and act on Mr. Dixon's counseling provided therein.  The Debtor's legal counsel holds the proper experience and resources to navigate the Debtor successfully through the bankruptcy process without unsolicited influence from potentially hostile creditors.  **Should the Court determine** that private and direct communication(s) **in fact occurred** between Debtor and Creditor as described above, for all of the aforementioned reasons, this Motion should be **GRANTED**, thus ensuring that fair and equal treatment of all Unsecured Creditors' interests are properly represented **solely** through the UCC  in accordance with bankruptcy code § 1103.

## **Relief**

The relief that I am seeking is for this Court to issue an injunction or sanction against the Debtor and the Debtor's legal counsel, Kirkland & Ellis, barring any further private and direct communications with Unsecured Creditors, mainly Mr. Simon Dixon, without the express written consent and direct supervision of the Unsecured Creditors Committee.  Should the Honorable Judge Martin Glenn determine that such activities are not restricted by the bankruptcy code, it is then requested that this Court compel the Debtor to allow for equal access to all Creditors who have similar interests to communicate directly with the Debtor's designated legal counsel.

Respectfully Signed,

Jason Amerson, *Pro Se*

03/14/2023

*/s/Jason Amerson*

**CERTIFICATE OF SERVICE**


I certify that on Tuesday, March 14th, 2023, a true and correct copy of Jason Amerson's Motion

for Entry of an Order *(I) To Request an Injunction or Sanction on Inappropriate*

*Communications Between Debtor and Unsecured Creditor(s), (II) Granting Related Relief*


Respectfully Signed,

Jason Amerson, *Pro Se*

03/14/2023

*/s/Jason Amerson*

**EXHIBIT A :**

Twitter tweet published by Celsius Creditor, Simon Dixon on March 1st, 2023

https://twitter.com/SimonDixonTwitt/status/1630875917672128514?s=20



**EXHIBIT B :**

Tweet published on Twitter by Celsius Creditor, Simon Dixon on February 8th, 2023

https://twitter.com/SimonDixonTwitt/status/1623409643996479488?s=20



**EXHIBIT C :**

YouTube video produced and published on December 2nd, 2022 by Celsius Creditor, Simon

Dixon (reference timestamp 1m:10s-1m:31s)

https://www.youtube.com/watch?v=UqtKVnTqAHI&t=70s

