Daniel A. Frishberg, *Pro Se*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

# **OBJECTION TO DEBTORS' OBJECTION TO PROOF OF CLAIM NO. 24480 OF DANIEL A. FRISHBERG**

I, Daniel A. Frishberg, respectfully submit this *Objection to Debtors' Objection to Proof of Claim No. 24480 of Daniel A. Frishberg*.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

**REQUEST FOR ADJOURNMENT AND CONSOLIDATION**

This is the improper manner to resolve numerous of my claims (if not all of them), in particular <u>if my assets are property of the estate</u> (as the Debtors claim), as I have filed a amended Adversary Proceeding, and served the summons, I request that for judicial economy, this matter be heard alongside other Adversary Proceedings, such as the Loans Adversary Proceeding, the Georgiou *et. al.* Adversary Proceeding, (since the Custody and Withhold Adversary Proceedings are more advanced), as I have some common issues with them, mainly being that my assets are not property of the Debtors, as well as some claims for unjust enrichment, fraudulent misrepresentation, etc. For judicial economy I shall not make my full argument here. Simply put, the Debtors are ***once again*** attempting to circumvent statutory protections provided by an Adversary Proceeding, and ***once again*** sidestep Rule 7001, and they cannot be allowed to do so. Dismissing my claims, would de facto end my Adversary proceeding, since I am unable to bring any claim **including that my assets are not property of the estate** in the Adversary Proceeding. If this court does dismiss my claims, I request that Your Honor grants me leave to appeal, so we can avoid wasting time (and money) arguing if this is a final order, or not. As you likely know, in the Earn Order Appeal, the Debtors are claiming that it is not a final order, while simultaneously claiming (in their very Objection) that the Earn Order resolves "<u>Earn</u>" property rights with finality.

**OBJECTION**

The Debtors are trying to imply that I didn't make out a *prima facie* case. Not so:

1. I filed a timely "claim based on a Writing" pursuant to FRBP 3001(c)(1).

2. The Bankruptcy Code creates a rebuttable presumption that a proof of claim is *prima facie* evidence of the claim's validity and amount. Rule 3001(f) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") provides that "[a] proof of claim executed and filed in accordance with these rules shall constitute *prima facie* evidence of the validity and amount of the claim." The party objecting to the claim has the burden of introducing evidence sufficient to rebut the presumption of validity. *See generally* Collier on Bankruptcy ¶ 3001.09[2] (16th ed. 2019).

3. As a threshold matter, the Debtors have failed to introduce any evidence to rebut my crypto claim, which does not match their schedules. There is, however, evidence that the Debtors have the ability to edit transactions *after* they take place, in particular, to change the account label.

4. The evidence that Celsius has edited transactions after the fact in a sworn declaration that has come to light (the Georgiou Declaration[2]), and after the Simon Dixon matter, which involved 289 missing Bitcoin (and which, I believe, the Debtors resolved on their own by filing an update to their schedules ***after*** the bar date, and I intend to conduct further discovery into this matter as an issue of credibility of the Debtor's schedules).[3] So, while

---

[2] See 23-01016-mg D.R. 1 paragraph 30:
*Further, in what can only be called a questionable behavior, Celsius marked the transaction as "Canceled", overriding their own transaction data to suggest the withdrawal was never actually confirmed. Georgiou Decl. at ¶ 15. Specifically, the Debtors overrode their own internal historical transaction data7 as shown on their January 21, 2023, transaction history report, at internal identification number of e6eb60dd-054d-4c43-9762-19dfd29909ff, which was altered to suggest Mr. Georgiou's withdrawal had not been confirmed by changing to an annotation "No" under the Confirmed column of the transaction data. Id. This is patently inaccurate, as the Debtors' own internal historical transaction data of July 1, 2022, with Celsius internal identification numbers of 7f01f54f-3ff8-4c98-8697-e115bdf874c2 for 0.0001BTC and e6eb60dd-054d-4c43-9762- 19dfd29909ff for 26.532841BTC, evidence that Mr. Georgiou's withdrawals were in fact confirmed as can be seen by the annotation "Yes" under the Confirmed column of the transaction data. Id.*

[3] See: https://twitter.com/SimonDixonTwitt/status/1629418463679709184
"The #Celsius hole is deeper than we think. On my account alone 289 #Bitcoin ($8.8m) was literally taken

my claim form is <u>presumptively correct</u> and I have *evidence* in support of it based on my transactions with Celsius, including contracts I signed and communications with the Debtors, the Debtors have a very serious credibility problem with their *purported* statements and schedules, as it has been shown that the Debtors can, and have modified information.

5. Their statements cannot be *presumptively* correct, in particular, when there is contradictory evidence such as the Terms of Use, and various depositions, which make it clear that my account was supposed to be closed, and my assets withdrawn/moved to Custody, after the termination of the Terms of Use (bar a few irrelevant survival provisions). It is not my burden to prove where the assets were initially transferred and whether they were later placed into Earn by Celsius, but Celsius' burden. What I know is that I did not place them there, or consent for them to be placed there. Only if Celsius can prove that the assets were properly in Earn in the first place, does that Earn decision *perhaps* kick in (but the Earn decision did not address the Loan agreements, or the interaction between loan agreements and the Earn agreements, and is currently under appeal.)

6. The Debtors have failed to produce *any* evidence whatsoever that my assets are contractually an Earn deposit,

7. Furthermore, the Debtors state that I am among people who "transferred their digital assets in the Debtors' 'Earn' program." Not so. If my assets were actually transferred to

---

from me using a database entry on the date of the pause based upon an earlier loan application they never paid me. That's more than mismanagement, that #SBF style embezzlement." I intend to conduct discovery into this matter, to determine how I can know that Celsius didn't edit its books and records to convert my coins to "Earn" *some time after* they were initially placed into Custody, and without my consent.

the Earn program after the termination of the contract, it was, in fact, the Debtors, not me, who "transferred these assets into the 'Earn' program (without my consent or any contractual basis for doing so.) Additionally, the Debtors state that "all Account Holders are similarly situated." False. Not all (alleged) Earn account holders closed their accounts prepetition. The vast majority of Earn customers placed their assets into their Earn account, rather than the Debtors doing it. In addition, (contrary to the claims made by the Debtors) not all Earn account holders relied on AMAs and other false statements by the Debtors in deciding to keep their coins in the app.

8. Moving on to the other claims (for things other than crypto), the Debtors' reply is completely frivolous and without merit. Though it shows great knowledge of the law and pleading standards for each cause of action, dismissing a claim at the outset, before discovery and before a proper trial, is absurd. The Debtors claim that "Mr. Frishberg's Claim is not adequately pleaded and would be prohibitively expensive and time consuming to litigate." It's impossible to "adequately plead" these causes of action without discovery. Also, a claim form is not meant to "adequately plead" my case, for that, my Adversary Proceeding, with the proper statutory protections, is the proper forum. What I attached was a plain statement of the facts that led to my claim. Because discovery and litigation is inconvenient, the Debtors seek to dismiss my claims. It was my understanding that a proof of claim was supposed to be a brief, concise statement of facts to alert the Debtors of what claims I may bring. Notably the Debtors have objected to the claims of three (*purported*) Earn customers, and no Custody, Loans, or Withhold customers. It should be noted that two of the test cases are appellants to the Earn Order

Appeal, and all three are self represented. The Debtors also left out that the Borrowers[4] provided a template, and that many of the claims in my claim form (and Adversary Proceeding) are based, in part, on that template (while I 100% stand behind everything in my form and was careful to only include AMAs I actually listened to, sources I relied on, and my individual situation, and allege everything with particularity, etc.)

It is clear that I have a contractual Custody claim, and that, to the extent that custody account holders do not get 100% back for any reason, or the accounts are underfunded due to Celsius disregarding the contract terms and mislabeling customer deposits pre-petition, I have other claims as well.

On the other hand, if this is treated as a breach of contract, then I suppose I would *in the alternative,* have claims for conversion and other torts, given that we have property claims, but not enough coins are there. Perhaps, at that point, we can settle with the Debtor and find a mutually-agreeable path forward.

Rather, Celsius *placed* it in Earn of its own volition, without my consent. While Celsius *may* have loaned *themselves* my Ethereum upon my account/contract termination and used it as they saw fit, I didn't loan it to them, and they had no contractual basis to place it into the Earn program.

---

[4] While I, unlike Mr. Herrmann never had a loan with the Borrow program, multiple of my claims are directly based on ones made by the Borrowers.

**ARGUMENTS INCORPORATED BY REFERENCE**

I incorporate, repeat and reallege all relevant arguments from my Adversary Proceedings, claims forms, all previous filings I have made in this court, as well as any other relevant filings made by any party in these cases.

**DISCOVERY IS NECESSARY TO RESOLVE THIS OBJECTION**

This Objection cannot be resolved without the Debtors providing discovery, which should include, but is not limited to: sworn declarations from all of the individuals that I communicated with both pre and post petition in regards to my account closure (such as how I was told several weeks after my petition that my requested account closure was still being worked on), as well as depositions of those individuals as needed. I also need the Debtors to prove that the schedules/other documents were not modified (potentially by previous management, as was done to Simon Dixon) to falsely list my assets as Earn, as in the Celsius app it shows that I was paid rewards on a certain date, but email that I received at the time say it was paid at another date (*see* Exhibit A, B, C, D), regardless of the fact, the Debtors have not shown any proof that those payments were actually made, and even if they did, all they would prove is that they breached the contract. To address some of my claims such as unjust enrichment, fraudulent misrepresentation, etc, I would need to depose (and likely cross examine in court, since the Debtors insist that depositions are inadmissible) several individuals whose statements I relied on, such as Rod Bolger, Alex Mashinsky, Nuke Goldstein, etc. I obviously reserve all rights to conduct further discovery, as well as to conduct discovery in my AP.

**I WILL ONLY PROVIDE MY PHONE NUMBER AND ADDRESS UNDER SEAL**

The directions for a reply in paragraph 10 require that I provide "the name, address, telephone number, and email address of the responding claimant." My email address is known to the Debtors, as is all of the other info. I decline to provide my email address, address or telephone number on the record in a public filing and informally request that the Court amend its order to not require this on the docket, since the Debtors already have it for all customers. If the Court orders that I provide this information, I will do so under seal at a later date, or informally provide this information to the Debtors (they have it already.) I would assume that most people have already provided this information via Stretto as well, when they submitted their claim form.

**I RESERVE ALL OWNERSHIP RIGHTS, STATUTORY PROTECTIONS, AND THE RIGHT TO PROPERLY LITIGATE STATE LAW CLAIMS**

I am filing this reply without any prejudice to my position that I owned these coins on the Petition Date.

I expressly reserve *all* rights to supplement and/or amend my claim, and my response, in light of the Court's recent ruling that Earn customers only have *contract* claims against LLC (noting that many of my claims are not contract claims). I believe that I have claims against the entities that held Custody assets, as my assets were in Custody at the time of the petition (and if they were not, they should have, as they were being held in Constructive trust, if not an express trust). I reserve the right to file additional, contingent, or other claims, as more information is forthcoming relevant to claims, including but not limited to acts or conduct of the Debtors that will be determined in discovery.

Nothing contained herein shall prejudice or limit the rights of the Claimant from filing any proceeding or taking any action concerning its Claim, and Claimant expressly reserves the right to (1) have final orders in non-core matters entered only after *de novo* review by a District Court Judge, (2) to trial by jury in any proceeding so triable in this case or any case, controversy, or proceeding related to this claim or this case, (such as his Adversary Proceeding, which he has already requested) (3) to have the District Court withdraw the reference in any matter subject to mandatory or discretionary withdrawal, (4) to any other rights, claims, actions, setoffs, or recoupments to which I may be entitled, in law or in equity, all of which rights, claims, actions, setoffs, and recoupments I expressly reserve.

I am not a lawyer, therefore, this pleading should be liberally construed. I reserve the right to correct mistakes that I may have made, or to correct procedural issues that may have arisen, in this claim.

# **CERTIFICATE OF SERVICE**

I certify that on Wednesday, March 14th, 2023, a true and correct copy *Objection To Debtors' Objection To Proof Of Claim No. 24480 Of Daniel A. Frishberg*, was filed with the Clerk of the United States Bankruptcy Court in the Southern District of New York, and served upon the Core/2002 service list by electronic mail, in accordance with the SDNY Bankruptcy Court's *Amended Final Order (I) Establishing Certain Notice, Case Management, And Administrative Procedures, And (II) Granting Related Relief* (ECF Docket No. 1181).

Respectfully Signed,

Daniel Frishberg, *Pro Se*

03/11/2023

/s/*Daniel A. Frishberg*

7:31

# Transaction history

Send CSV to Email

| | | |
|---|---|---|
| R | **$0.07**<br>0.01285873 UNI | UNI Reward<br>13 Jul 2022 |
| R | **$1.71**<br>0.00154246 ETH | ETH Reward<br>13 Jul 2022 |
| R | **$0.67**<br>0.00003319 BTC | BTC Reward<br>13 Jul 2022 |
| R | **$2.33**<br>0.00186218 ETH | ETH Reward<br>08 Jul 2022 |
| R | **$0.09**<br>0.01553408 UNI | UNI Reward<br>08 Jul 2022 |
| R | **$0.88**<br>0.00004007 BTC | BTC Reward<br>08 Jul 2022 |
| R | **$1.95**<br>0.00186010 ETH | ETH Reward<br>01 Jul 2022 |
| R | **$0.77**<br>0.00004002 BTC | BTC Reward<br>01 Jul 2022 |
| R | **$0.07**<br>0.01552670 UNI | UNI Reward<br>01 Jul 2022 |

**EXHIBIT A**



EXHIBIT B

**Exhibit C**



**EXHIBIT D:**

