Immanuel J. Herrmann, *Pro Se*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**RESPONSE TO DEBTORS' OBJECTION TO PROOF OF CLAIM NO. 24604 OF IMMANUEL HERRMANN**

I, Immanuel Herrmann, respectfully submit this *Response to Debtors' Objection to Proof of Claim No. 24604 of Immanuel Herrmann.*

**OBJECTION**

The Debtors' objections are without merit. Rather than addressing the merits of my claim, the Debtors made a series of hyper-technical arguments in a desperate attempt to dismiss my claim.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

In particular, the Debtors have attached a table of causes of action and pleading standards, cherry-picked sentences from my claim form that make their case, and then *declared* that my claim did not meet the appropriate pleading standards–without rebutting the statements in my form in detail and explaining how such statements were deficient and did not meet those standards–in other words, while they cite what is required to plead a claim, they only then *assert* that I did not meet the burden, in a chart they attached to their objection, with their cherry-picked snippets from my claim addendum.

The Debtors conveniently ignore all of the documents I have incorporated by reference which sets forth in great detail the causes of action that customers have against the Debtors.

To address the Debtors hyper-technical arguments, and not waste judicial resources, I will amend my claim to address their objections from their chart (D.R. 2105, Exhibit B) and to reflect other developments in the case including the *Memorandum Opinion signed Regarding Which Debtor Entities Have Liability for Customer Claims Under the Terms of Use* (D.R. 2205).[2]

The Debtors seem to be implying that I didn't make out a *prima facie* case in my addendum. Not so:

1. I filed a timely "claim based on a Writing" pursuant to FRBP 3001(c)(1).
2. Rule 3001(f) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") provides that "[a] proof of claim executed and filed in accordance with these rules shall constitute *prima facie* evidence of the validity and amount of the claim." The party

---

[2] As a result of this decision, I respectfully suggest that the Court inquire whether the Debtors intend to amend their schedules at the hearing on March 21.

objecting to the claim has the burden of ***introducing evidence*** sufficient to rebut the presumption of validity. *See generally* Collier on Bankruptcy ¶ 3001.09[2] (16th ed. 2019). (Emphasis added.)

3. Incorporated into my proof of claim is a mountain of evidence about the wrongdoing of Celsius, in addition to the contractual language upon which I relied in constructing my claim. In contrast Debtors have entered no evidence in support of their objection, but only hyper-technical legal arguments.

4. Although the Debtors have not met their burden and have introduced no evidence whatsoever to rebut my scheduling of claims, or my non-crypto claims, due to the Debtor's Objections, the recent decision on which customers have claims against which entities, and to ease the burden on the Court, I will be amending my claim to further address the Debtors' objections in the format of their chart (D.R. 2105, Exhibit B).

5. The Debtors further seek to have certain parts of my crypto claim changed to reflect their schedules (from being Custody and Withhold claims respectively, to Earn.) In the case of assets that I claimed as Custody and Withhold, there was a clear contractual basis to do so, in addition to extrinsic evidence. The issue of claim *type* is separate from the issue of the claim *amount*–and it is entirely glossed over in the Debtors' response, except in a footnote. That issue will require discovery into how and why Celsius "grandfathered in" loan collateral after April 15, 2022 and what the contractual basis was for doing so; how Celsius was required to treat unaccredited customers in general, and in the state of Maryland, following the pay-off of a loan, both before and after April 15, 2022. It will require discovery into communications with the states of New Jersey and New York as well given Celsius' operations there. It will also require briefing of an issue that has been

raised by the *ad hoc* group of Borrowers in D.R. 2105, which is: upon repayment of a loan, "whether the provision in the loan terms of use that the collateral would be returned to the customers' earn account is [an invalid] and unenforceable provision."

6. Additionally, the Debtors blithely suggest that "all Account Holders are similarly situated." That statement is a convenient way to avoid dealing with the issues on their merits, including what direct communications Celsius made to the claimant, the contracts that the claimant signed with Celsius Lending LLC and Celsius Network LLC, the statements that the claimant relied upon, the state that the claimant lives in, and the laws of the states where Celsius operated.

7. I have claims against third parties that are embedded in claims against Celsius, which may be more valuable than the Estate causes of action against such parties. The Debtors' objection to my claim therefore seems premature, given that the UCC informed me that a proposed plan may allow the contribution of third-party claims to a litigation trust for the pursuit and recovery for all creditors.

**STATEMENT REGARDING DISCOVERY**

Pursuant to paragraph 10 of the Order (i) Approving (a) Omnibus Claims Objection Procedures, (b) Omnibus Substantive Claims Objections and form of Notice, and (c) Satisfaction Procedures and Form of Notice and (ii) Modifying Bankruptcy Rule 3007(e)(6) (D.R. 2090), discovery is necessary to prove my claim, including:

- All materials that were provided to the examiner to demonstrate that Celsius made false statements, and that they were aware of such statements, and did nothing to correct them. (Which I was informed by the Examiner's office are expected to be released at a future

date, so, rather than being a burden, this is already in progress, but they are not yet available to my knowledge.)

- Depositions, requests for admission, and/or interrogatories to show that Celsius employees and executives made false statements, that they were aware of such statements being false at the time, and did nothing to correct them.

- Additional discovery on returned collateral and loans matters partly covered in previous depositions, including cross-examination of declarants and entry of statements around these issues into the record.

- All communications with the state of Maryland regarding whether Celsius was licensed to originate loans in my state (Maryland).

- All communications with the states of New Jersey and New York regarding whether Celsius was licensed to originate loans in those states.

- All communications with the states of Maryland, New Jersey, New York, and the Federal Government regarding Celsius' Earn program and/or Loans programs, with respect to unaccredited investors.

- In the case of any declarations filed by Celsius in response to my claim, the opportunity to cross-examine the declarant before such declaration is entered into evidence.

I reserve all rights to ask for additional discovery in a future filing.

**NOTICE OF INTENT TO AMEND AND RESERVATION OF RIGHTS**

I plan to amend my claim form in light of the Debtors' objection. Now that there has been an extension of time to reply, I also reserve the right to amend and/or supplement this response. I incorporate the reservation of rights from my claim form.

Respectfully,

Immanuel Herrmann
*Pro Se*
*/s/ Immanuel Herrmann*
March 14, 2023

**CERTIFICATE OF SERVICE**

I certify that on Tuesday, March 14, 2023, a true and correct copy of the *Response to Debtors' Objection to Proof of Claim No. 24604 of Immanuel Herrmann* was filed with the Clerk of the United States Bankruptcy Court in the Southern District of New York served upon Chambers, the U.S. Trustee, the Unsecured Creditors Committee, and the Debtors, following the instructions in the *Order (a) approving the Objection Procedures and the Objection Notice attached hereto, (b) authorizing the Debtors to assert substantive objections to Claims (including requests for payment of Administrative Claims) in an omnibus format pursuant to Bankruptcy Rules 3007(c) and 3007(d), (c) approving the Satisfaction Procedures and the form of Notice of Satisfaction attached hereto, (d) modifying the requirement in Bankruptcy Rule 3007(e)(6)* (D.R. 2090.)

*/s/ Immanuel Herrmann*
Immanuel Herrmann
*Pro Se*
March 24, 2023