*Jason Amerson,*

*Pro Se*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____
                                        )
In re:                                  )    Chapter 11
                                        )
CELSIUS NETWORK LLC, et al.,1           )    Case No. 22-10964 (MG)
                                        )
            Debtors.                    )    (Jointly Administered.)
                                        )
_____)

# JASON AMERSON'S MOTION FOR ENTRY OF AN ORDER (I) TO REQUEST THE COURT TO INVESTGATE IF THE DEBTOR AND/OR DEBTOR'S LEGAL COUNSEL AIDED IN GRANTING FINANCIAL RELIEF TO AN UNSECURED CREDITOR AFTER THE FEBRUARY 9TH, 2023 PROOF OF CLAIM BAR DATE OCCURRED, (II) TO REQUEST THE COURT TO REMEDY ANY CLEAR VIOLATIONS OF BANKRUPTCY LAW IF SUCH ACTS ARE FOUND TO BE TRUE (III) GRANTING RELATED RELIEF

---

The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030

Jason Amerson ("Mr. Amerson") files this Motion for Entry of an Order (I) *To Request the Court to Investigate if the Debtor and/or Debtor's Legal Counsel Aided in Granting Financial Relief to an Unsecured Creditor <u>after</u> the February 9th, 2023 Proof of Claim Bar Date Occurred, (II) To Request the Court to Remedy Any Clear Violations of Bankruptcy Law if Such Acts are Found to be True,* (II) *Granting Related Relief*. In support of his Motion, Mr. Amerson respectfully states the following:

*Pro Se Relief*

*Mr. Amerson asks and requests pro se relief with this motion.*

## Introduction

The general Bar Date for submitting a Proof of Claim against Celsius Network has undergone several extensions. The final Bar Date set by the Court was February 9th, 2023. Unsecured Creditors were advised on multiple occasions to be cognizant of this deadline, should they chose to file a Proof of Claim (ref Exhibit A, B, C, D). It was made amply clear that no consideration would be given to claims submitted <u>*after*</u> the Bar Date. The Proof of Claim submission process was outlined step by step on the Stretto website at the following link:

https://case.stretto.com/celsius/file-a-claim

**EXHIBIT A :** Bar Date deadline notification email received on February 2nd, 2023 from Celsius
**EXHIBIT B :** Celsius @CelsiusNetwork Tweet published on February 2nd, 2023 regarding the Bar Date
**EXHIBIT C :** Celsius UCC @CelsiusUCC Tweet published on February 9th, 2023 regarding the Bar Date
**EXHIBIT D :** Docket # 1846 filed on January 10th, 2023 to extend the Celsius Bar Date to February 9th, 2023

It has come to my attention that a Celsius Unsecured Creditor may have received preferential treatment and potentially been granted a significant financial recovery of assets *after* the Court-ordered Proof of Claim Bar Date deadline of the February 9th, 2023. The Unsecured Creditor has provided evidence to suggest he received special treatment directly from the Debtor and their legal counsel, Kirkland & Ellis.

Specifically, on February 25th, 2023, an Unsecured Creditor, Mr. Simon Dixon purported on Twitter to be missing approximately 289 Bitcoin from his Celsius app balance. He subsequently tweeted on February 27th, 2023 a Celsius app screenshot showing the 289 Bitcoin as being "Locked" accompanied by Mr. Dixon's own words "STOLEN from my account on the day of the pause." (ref Exhibit E). According to Mr. Dixon his Celsius balance had $8.8 million USD unaccounted for since June 12th, 2022. (ref Exhibit F), a significant discrepancy, which Mr. Dixon neglected to notice until 8 months later on February 27th, 2023. Upon discovering this deficit in his account balance, Mr. Dixon purports to have sought and was granted relief whereby his missing 289 Bitcoin will be returned to his account after having reached out directly for assistance to the Kirkland & Ellis and the Debtor (ref Exhibit G). Mr. Dixon published on Twitter that his balance should have reflected a total of 600 Bitcoin; however, Docket # 974 indicates his Bitcoin balance on Celsius currently stands at ~300 Bitcoin (ref Exhibit H, I). Mr. Dixon made clear in several Tweets that he attempted to take out a loan; however, the loan was never issued and his 289 Bitcoin collateral remain locked (ref Exhibit J). Docket # 973 does indicate Mr. Dixon initiated a loan requested on June 9th (ref Exhibit K).

**EXHIBIT E :** Tweet published on Twitter by Celsius Unsecured Creditor, Simon Dixon on February 25th, 2023
**EXHIBIT F :** Tweet published on Twitter by Celsius Unsecured Creditor, Simon Dixon on February 25th, 2023
**EXHIBIT G :** Tweet published on Twitter by Celsius Unsecured Creditor, Simon Dixon on March 8th, 2023
**EXHIBIT H :** Tweet published on Twitter by Celsius Unsecured Creditor, Simon Dixon on February 25th, 2023
**EXHIBIT I :** Tweet published on Twitter by Celsius Unsecured Creditor, Simon Dixon on February 25th, 2023
**EXHIBIT J :** Data from Stretto Docket # 974 filed on October 5th, 2022
**EXHIBIT K :** Data from Stretto Docket # 973 filed on October 5th, 2022

## **Argument**

It is the general expectation by all Unsecured Creditors that they will receive fair and equitable treatment by the Court and the bankruptcy code as much as permitted by law. In that vein, the bankruptcy code outlines a process that should be adhered to by all parties if it is to remain just and impartial. The bankruptcy code itself was created with this goal in mind. I would argue that by allowing any single Creditor or group of Creditors to receive special or elevated access above other Creditors is a direct violation of the spirit of the law. In fact, I would submit it is the duty of the Court to maintain fair and equitable treatment wherever possible. This holds true for the Debtors legal counsel as well as any agents before the Court.

Mr. Dixon's claimed to have received financial relief by engaging directly with the Debtor's legal counsel, Kirkland & Ellis and Celsius *after* the Proof of Claim Bar Date would represent a serious breach and potentially even require a significant judicial remedy by the Court upon the Debtor and their Legal Counsel. The evidence put forth by Mr. Dixon appears to support his claim that he received preferential treatment. Celsius has roughly 600,000 active Customers who are also Unsecured Creditors in the Celsius bankruptcy. They are *all* at the mercy of the Court and only ask for fair and equitable treatment. The Court may need to consider corrective and/or punitive measures to ensure any trust instilled in the Court is not jeopardized for the remainder of this bankruptcy.

## Conclusion

This matter is not fully resolved, and it may be necessary for the Court to step in to address potential conflicts or violations that *may* have occurred.  **Should the Court determine** that Mr. Dixon's claims of financial recovery granted by Kirkland & Ellis and Celsius *after* the Bar Date **in fact occurred**, I would implore the Court, for all of the aforementioned reasons, this Motion should be **GRANTED**, thus ensuring that fair and equitable treatment of all Unsecured Creditors' interests are properly represented and maintained in accordance with bankruptcy law.

## Relief

The relief that I am seeking from this Court is for Your Honor to first inquire with the Debtor's legal counsel and the Debtor on this matter to determine if the Unsecured Creditor, Mr. Simon Dixon, was granted financial relief *after* the Proof of Claim Bar Date; secondly, if such actions constitute a violation of bankruptcy law.  Should Your Honor conclude that such activities were inconsistence with bankruptcy code, I would ask this Court to consider appropriate corrective and punitive measures in order to restore Creditors' trust in the Court.  As for what specific measures may be necessary, I will defer to the experience and wisdom of the Honorable Judge Martin Glenn regarding judicial enforcement based upon his understanding of the law.

Respectfully Signed,
Jason Amerson, *Pro Se*
03/15/2023
*/s/Jason Amerson*

## CERTIFICATE OF SERVICE

I certify that on Wednesday, March 15th, 2023, a true and correct copy of Jason Amerson's Motion for Entry of an Order *(I) To Request the Court to Investigate if the Debtor and/or Debtor's Legal Counsel Aided in Granting Financial Relief to an Unsecured Creditor after the February 9th, 2023 Proof of Claim Bar Date Occurred, (II) To Request the Court to Remedy Any Clear Violations of Bankruptcy Law if Such Acts are Found to be True,* (II) *Granting Related Relief*.

Respectfully Signed,

Jason Amerson, *Pro Se*

03/15/2023

*/s/Jason Amerson*

**EXHIBIT A :**

Bar Date deadline notification email received on February 2nd, 2023 from Celsius.





Dear Customer,

As a reminder, our motion requesting an extension of the general Bar Date was approved by the Court earlier this year. The Bar Date is the deadline for all customers to file a claim. In approving this motion, the <u>Bar Date was extended to February 9, 2023 at 5:00 pm ET</u>.

Customers who agree with Celsius' scheduling of their claims as filed in the Schedules of Assets and Liabilities do not need to submit a Proof of Claim. Those who disagree with the claim as filed, or believe that they have a claim or claims against one or more Debtors separate and apart from the return of cryptocurrency set forth on the Schedules of Assets and Liabilities will need to submit proof of claim. The filed claim amount will supersede the amount listed in the Schedules. You can file a claim electronically through the Stretto website or by printing and mailing a claim form.

Upon submitting your form online, you will receive a confirmation email with a reference number for your proof of claim. If you choose to mail your claim, it must be received by the date and time above and you will need to submit two copies with a self-addressed and stamped return envelope to receive confirmation of receipt.

Additional information about our proofs of claim process can be found on the Stretto website. You may also recall that we created this video to help explain the claims process.

Celsius

**EXHIBIT B :**

Celsius @CelsiusNetwork Tweet published on February 2nd, 2023 regarding the Bar Date.

https://twitter.com/CelsiusNetwork/status/1621187989433982979?s=20



**EXHIBIT C :**

Celsius UCC @CelsiusUCC Tweet published on February 9th, 2023 regarding the Bar Date.

https://twitter.com/CelsiusUcc/status/1623673652465045505?s=20



**EXHIBIT D :**

Docket # 1846 filed on January 10th, 2023 to extend the Celsius Bar Date to February 9th, 2023

https://cases.stretto.com/public/x191/11749/PLEADINGS/1174901102380000000031.pdf

22-10964-mg    Doc 1846    Filed 01/10/23    Entered 01/10/23 09:34:53    Main Document
Pg 1 of 6

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) Chapter 11 |
| CELSIUS NETWORK LLC, et al.,[1] | ) Case No. 22-10964 (MG) |
| Debtors. | ) (Jointly Administered) |

**ORDER (I) EXTENDING THE BAR DATES FOR SUBMITTING PROOFS OF CLAIM, (II) APPROVING NOTICE THEREOF, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") seeking entry of an order (this "Extended Bar Date Order"), (a) extending the Bar Dates to February 9, 2023 with respect to the Initial Debtors, (b) approving the form and manner of service of the notice of the Extended Claims Bar Dates, including the notice from the Notice and Claims Agent via the Debtors' mobile application, attached to the Motion as Exhibit B, with a link to the Notice of Extended Claims Bar Dates, attached to the Motion as Exhibit C, and (c) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

**EXHIBIT E :**

Twitter tweet published by Celsius Unsecured Creditor, Simon Dixon on February 25th, 2023

https://twitter.com/SimonDixonTwitt/status/1629426001389268993?s=20



**EXHIBIT F :**

Twitter tweet published by Celsius Unsecured Creditor, Simon Dixon on February 27th, 2023

https://twitter.com/SimonDixonTwitt/status/1630139252485832708?s=20



**EXHIBIT G :**

Tweet published on Twitter by Unsecured Celsius Creditor, Simon Dixon on March 8th, 2023

https://twitter.com/SimonDixonTwitt/status/1633413679231250432?s=20



**EXHIBIT H :**

Tweet published on Twitter by Celsius Unsecured Creditor, Simon Dixon on February 25th, 2023

https://twitter.com/SimonDixonTwitt/status/1629689941499281408?s=20



**EXHIBIT I :**

Tweets published on Twitter by Celsius Unsecured Creditor, Simon Dixon on February 25th, 2023

https://twitter.com/SimonDixonTwitt/status/1629690911402737664?s=20

https://twitter.com/SimonDixonTwitt/status/1629688665902399488?s=20



**EXHIBIT J :**

Data from Stretto Docket # 974 filed on October 5th, 2022

https://cases.stretto.com/public/x191/11749/CORRESPONDENCE/1174909152250000000280.pdf



**EXHIBIT K :**

Data from Stretto Docket # 973 filed on October 5th, 2022

https://cases.stretto.com/public/x191/11749/CORRESPONDENCE/1174910062250000000022.pdf

| USER NAME | DATE | ACCOUNT TYPE | DESCRIPTIVE | PURPOSE | COIN | COIN QUANTITY | COIN USD |
|---|---|---|---|---|---|---|---|
| SIMON DIXON | 6/9/2022 | Earn | Outgoing | Collateral | BTC | (289.169295478) | ($8,800,000.00) |
| SIMON DIXON | 6/12/2022 | Earn | Outgoing | Collateral | BTC | (289.169295478) | ($8,800,000.00) |
| SIMON DIXON | 6/12/2022 | Earn | Incoming | Collateral | BTC | 289.169295478 | $8,800,000.00 |