**Hearing Date: March 21, 2023**
**Hearing Time: 10:00 a.m.**

David J. Adler
McCARTER & ENGLISH, LLP
825 8th Avenue
Worldwide Plaza
New York, New York 10019
Telephone: (212) 609-6847
Facsimile: (212) 609-6921
E-mail: dadler@mccarter.com
*Attorneys for Ad Hoc Group of Borrowers*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | Jointly Administered |

**OBJECTION OF THE AD HOC GROUP OF BORROWERS TO
THE DEBTORS' MOTION FOR AN ORDER (I) AUTHORIZING AND
APPROVING CERTAIN BID PROTECTIONS FOR THE PROPOSED PLAN
SPONSOR AND (II) GRANTING RELATED RELIEF (ECF DOC. #2151)**

The Ad Hoc Group of Borrowers (the "**Ad Hoc Group**"),[2] by and through its attorneys, McCarter & English, LLP, hereby files this Objection ("**Objection**") to the Debtors' Motion For An Order (I) Authorizing And Approving Certain Bid Protections For The Proposed Pan Sponsor And (II) Granting Related Relief (the "**Bid Protections Motion**"; ECF Doc. #2151) and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business is 121 River Street, PH05, Hoboken, New Jersey 07030.

[2] The members of the Ad Hoc Group (collectively, the "**Borrowers**") are set forth in certain statements (the "**Rule 2019 Statements**") filed by McCarter & English, LLP from time to time pursuant to Rule 2019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"). On or about January 23, 2023, the McCarter Firm filed the *First Supplemental Verified Statement Pursuant to Bankruptcy Rule 2019* [ECF Doc. # 1920], which is the most recent Rule 2019 Statement identifying the members of the Ad Hoc Group. Additional members continue to join the Ad Hoc Group on an ongoing basis, and the McCarter Firm will file additional Rule 2019 Statements as necessary to comply with Bankruptcy Rule 2019.

respectfully states as follows:

## OBJECTION

1.  On March 14, 2023, the Ad Hoc Group filed a preliminary response and joinder to the Bid Protections Motion (the "**Response**"; ECF Doc. # 2225). The Response joined in the Objection of the United States Trustee and incorporated by reference the arguments set forth in the *Objection Of The United States Trustee to Motion for Entry of an Order (I) Authorizing and Approving Certain Bid Protections for the Proposed Plan Sponsor and (II) Granting Related Relief Ad Hoc Group Of Borrowers And Joinder In Limited Objection Of The United States Trustee To Debtors' Second Motion To Extend Exclusivity* (ECF Doc. # 2218) (the "**US Trustee Objection**").

2.  As noted in the Response, the Ad Hoc Group received a revised term sheet on March 13, 2023 and wanted additional time to review it before responding to the Bid Protections Motion. Having reviewed the revised term sheet, the Ad Hoc Group requests that the Bid Protections Motion be denied for the following reasons: (i) the proposed transaction lacks adequate safeguards to Borrowers electing Treatment A[3] (the "**Electing Borrowers**") both in terms of safeguarding the Electing Borrowers' collateral in the event of a future insolvency and by pegging the Electing Borrowers' recovery to the ratio of ETH/BTC as of the Effective Date; (ii) the Plan Sponsor/Newco has failed to demonstrate that it will have all the required regulatory approvals to offer Treatment A to all Borrowers who wish to make the election; (iii) the compensation to be paid to the Manager is excessive; (iv) the break-up fee is excessive; and (v) the entry into the Bid Protections is premature without further clarity on whether the assets of all of the debtor entities (including the mining operation) will be available to satisfy customer

---

[3] Capitalized terms not defined herein shall have such meanings ascribed to them in the Bid Protections Motion.

claims.

### A. Collateral of Electing Borrowers

3.  For Electing Borrowers, the restructuring transaction provides that Newco will hold title to the Collateral. Bid Protections Motion at p. 124. This proposal is unworkable in its current form because no borrower will elect Treatment A and pay interest on a "settled loan" when the collateral may be subject to future impairment (either through insolvency, loss or by claims asserted by other creditors of the Newco entity). In order for Treatment A to be a viable proposal, it must establish a framework to safeguard the collateral of the Electing Borrowers from, among other things, future insolvency risk.

4.  Second, the term sheet provides that the recovery to Electing Borrowers whose collateral consists of BTC is pegged to the ratio of the price of ETH to BTC as of the Effective Date. This creates potentially enormous "directional risk" to the borrower who posted BTC as collateral (the "**Electing BTC Borrower**").[4] Assume that on the Effective Date, it takes fifteen ETH to purchase one BTC. That ratio then becomes the peg which determines the *future* recovery to Electing BTC Borrowers. Now assume that on the repayment date of the Settled Loan, it takes thirty ETH to purchase one BTC. In that scenario, the recovery to the Electing BTC Borrower will be slashed in half and she/he will only recover 42.5% of the Excess BTC Collateral (rather than 85%).

5.  The Court should not approve the Bid Protections Motion when the impact of this event is borne *solely* by the Electing BTC Borrower and has no impact on either the Management Fee or the Incentive Fee proposed to be paid under the Plan Support Agreement (see point C.

---

[4] Approximately 65-70% of the collateral posted by the active borrowers consists of BTC.

*infra*). From the view of the Ad Hoc Group, either the Plan Sponsor, Newco or the Manager should hedge the risk. bear its loss (via a reduction in the Management Fee/Incentive Fee) or provide another mechanism to mitigate the potential exposure to the Electing BTC Borrower.[5]

### B. Regulatory Approvals

6. The borrowers of Celsius are nationwide and worldwide. Included in the Ad Hoc Group are international borrowers from Australia, Canada, Germany, Spain, Switzerland, Sweden and the United Arab Emirates. The Plan Sponsor/Newco has not demonstrated that it will have all of the required regulatory approvals both domestically and internationally to offer Treatment A to all Borrowers. As a result, the Ad Hoc Group believes approval of the Bid Protections Motion is premature.

### C. Compensation to the Manager

7. The Ad Hoc Group previously joined in the UST Objection and incorporates and restates such objections with respect to the proposed compensation to be paid to the Manager. Both the Management Fee and Incentive Fee appear to be excessive in this case. The Management Fee is 2% on the first $2 billion in Management Fee Based Amount ($40 million per year) and thereafter declines to 1.50% for Management Fee Based Amounts over $3 billion. *See* Bid Protections Motion at 129-130. In addition, starting upon the second anniversary after the Effective Date, the Management Fee calculation includes "the aggregate trading value of all ESTs." *Id.* at p. 130. Linking the Management Fee (and the "Incentive Fee") to the value of the EST token may create short term incentives to inflate the price of the EST token.[6] Such incentives may include undertaking risky actions in order to maximize the Management Fee. In

---

[5] The Borrowers believe that proposals that have been made by other potential plan sponsors do not have this directional risk.
[6] *See e.g.* Examiner's Final Report (ECF Doc. #1956) at pp. 76-124.

4

ME1 44412553v.1

the event that those risky actions backfire, the fallout will be borne by the Electing Borrowers. As a result, the Ad Hoc Group believes that the proposed compensation to the Manager as it is presently structured should ***not*** be approved.

### D. The Break Up Fee is Excessive

8. The Ad Hoc Group objects to the $5 million proposed break-up fee. As noted by the US Trustee, break-up fees are typically in the range of 3%. In addition, given that there is an auction scheduled for April 17, 2023, and there is at least one other interested prospective bidder, the Ad Hoc Group respectfully requests that the Court defer consideration until after that date.[7]

### E. The Bid Protections Motion is Premature

9. In light of the Court's ruling last week that the terms of use limit customers' contractual claims to LLC, the Ad Hoc Group believes that approval of the Bid Protections Motion is premature. *See In re Celsius Network LLC*, 2023 WL 2421038 (Bankr. S.D.N.Y, March 9, 2023). The Ad Hoc Group believes that the Court should defer consideration of the Bid Protections Motion until after it determines whether the intercompany claims or substantive consolidation result in *all* of the Debtors' assets (including the Debtors' mining operations) being available to pay customer claims. Moving forward with the Plan Support Agreement (and thereafter a Disclosure Statement) in the absence of resolving these issues will provide unclear information to customers about their ultimate recovery in these cases.

---

[7] To the extent that the Court considers the Bid Protections Motion, the Ad Hoc Group believes that a break-up fee not to exceed $1 million would be reasonable given the contemplated $40-45 million proposed investment of the Plan Sponsor.

## CONCLUSION

**WHEREFORE,** for the reasons stated in the Response and in this Objection, the Ad Hoc Group of Borrowers respectfully requests that this Court deny the Bid Protections Motion and grant such other relief as is just and appropriate.

Dated: New York, New York
March 16, 2023

                                                    **McCARTER & ENGLISH, LLP**

By: */s/ David J. Adler*
David J. Adler
(A member of the Firm)
Email: dadler@mccarter.com
825 8th Avenue
Worldwide Plaza
New York, New York 10019
Telephone: (212) 609-6847
Facsimile: (212) 609-6921
*Attorneys for Ad Hoc Group of Borrowers*

ME1 44412553v.1