**Presentment Date and Time**: March 28, 2023 at 12:00 p.m. EDT
**Objection Deadline**: March 28, 2023 at 12:00 p.m. EDT

JENNER & BLOCK LLP
Catherine L. Steege (admitted *pro hac vice*)
Vincent E. Lazar
353 N. Clark Street
Chicago, Illinois 60654
(312) 222-9350

Richard Levin
Kayvan Sadeghi
1155 Avenue of the Americas
New York, New York 10036
(212) 891-1600

*Counsel to the Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>CELSIUS NETWORK LLC, *et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-10964 (MG)<br><br>(Jointly Administered) |

**NOTICE OF HEARING ON EXAMINER'S MOTION**
**FOR ENTRY OF AN ORDER DISCHARGING EXAMINER**

PLEASE TAKE NOTICE that the Examiner will present the attached *Motion for Entry of Order Discharging Examiner* (the "**Motion**") to the Honorable Martin Glenn, Chief United States Bankruptcy Judge, on **March 28, 2023, at 12:00 p.m.** Eastern Daylight Time (the "**Presentment Date**").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

Any responses or objections to the relief requested in the Motion shall: (a) be in writing; (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York, and the *Amended Final Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief* [Dkt. 1181]; (c) be filed electronically with the Court on the docket of *In re Celsius Network LLC*, No. 22-10964 (MG) by registered users of the Court's electronic filing system and in accordance with all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York (which are available on the Court's website at http://www.nysb.uscourts.gov); and (d) be served so as to be actually received by **March 28, 2023 at 12:00 p.m.**, Eastern Daylight Time (the "**Objection Deadline**"), by (i) the entities on the Master Service List available on the case website of the above-captioned debtors and debtors in possession (the "**Debtors**") at https://cases.stretto.com/celsius, and (ii) any person or entity with a particularized interest in the subject matter of the Motion.

PLEASE TAKE FURTHER NOTICE that if no objections or other responses are timely filed and served by the Objection Deadline with respect to the Motion, the Examiner shall, on the Presentment Date, submit the proposed Order Approving the Examiner's Amended Work Plan to the Court, which order the Court may enter without further notice or opportunity to be heard.

PLEASE TAKE FURTHER NOTICE that copies of the Motion and other pleadings filed in these chapter 11 cases may be obtained free of charge by visiting the website of Stretto at https://cases.stretto.com/celsius. You may also obtain copies of the Motion and other pleadings filed in these chapter 11 cases by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

Dated: March 21, 2023

Respectfully submitted,

JENNER & BLOCK LLP

By: /s/ *Vincent E. Lazar*
Catherine L. Steege (admitted *pro hac vice*)
Vincent E. Lazar
353 N. Clark Street
Chicago, IL 60654
(312) 222-9350
vlazar@jenner.com
csteege@jenner.com

Richard Levin
Kayvan Sadeghi
1155 Avenue of the Americas
New York, NY 10036
(212) 891-1600
rlevin@jenner.com
ksadeghi@jenner.com

JENNER & BLOCK LLP
Catherine L. Steege (admitted *pro hac vice*)
Vincent E. Lazar
353 N. Clark Street
Chicago, Illinois 60654
(312) 222-9350

Richard Levin
Kayvan Sadeghi
1155 Avenue of the Americas
New York, New York 10036
(212) 891-1600

*Counsel to the Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>CELSIUS NETWORK LLC, *et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-10964 (MG)<br><br>(Jointly Administered) |

**EXAMINER'S MOTION FOR ENTRY OF ORDER DISCHARGING EXAMINER**

Shoba Pillay, Examiner in these chapter 11 cases, respectfully requests that the Court enter an order (the "**Discharge Order**"), substantially in the form attached hereto as **Exhibit A**: (i) discharging the Examiner; (ii) relieving the Examiner and her professionals from discovery obligations in connection with the Examiner's investigation, the Interim Report, and the Final Report; (iii) authorizing the retention or disposition of documents and information in the possession of the Examiner and his Professionals; (iv) confirming the Examiner and her

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

professionals are entitled to quasi-judicial immunity, to the extent authorized under applicable law, in connection the Examiner's investigation, the Interim Report, and the Final Report; (v) authorizing payment of fees and reimbursement of expenses incurred in certain post-discharge activities of the Examiner and her professionals; and (vi) such other relief the Court deems just and proper.

## Jurisdiction and Venue

1.  This Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334. Venue is proper under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for relief requested in the Motion are sections 105(a) and 1106(b) of the Bankruptcy Code.

## Background

2.  On September 14, 2022, the Court entered an order directing the appointment of an Examiner (the "**Examiner Order**"). [Dkt. 820.]

3.  On September 29, 2022, the United States Trustee appointed Shoba Pillay as Examiner and filed a notice of the appointment [Dkt. 920] and the application for the appointment [Dkt. 921]. Also on September 29, 2022, this Court entered an order approving the appointment of the Examiner. [Dkt. 923.]

4.  On October 4, 2022, the Examiner filed an application for an order authorizing the retention and employment of Jenner & Block LLP as her counsel effective September 29, 2022. [Dkt. 962.] The Court entered an order approving the Examiner's application retain Jenner & Block on November 1, 2022. [Dkt. 1259.]

5.  On October 14, 2022, the Examiner filed an application for an order authorizing the retention and employment of Huron Consulting Services LLC as her financial advisor effective

2

October 10, 2022. [Dkt. 1070.] The Court entered an order approving the Examiner's application to retain Huron Consulting on November 1, 2022. [Dkt. 1262.]

6. On October 11, 2022, the Examiner filed, in accordance with paragraph 7 of the Examiner Order, her Work Plan [Dkt. 1013-1] ("**Original Work Plan**"). On November 1, 2022, the Court entered an order [Dkt. 1261] (the "**Work Plan Order**") approving the Examiner's Original Work Plan.

7. Following entry of the Work Plan Order, the Court entered three Orders modifying the work the Examiner was directed to do. *First*, the Court directed the Examiner to file an Interim Report by November 19, 2022 addressing certain factual issues related to the claims made by two *ad hoc* groups that the crypto assets held in Celsius-denominated Custody and Withhold accounts are property of the account holders, rather than the property of the Debtors' bankruptcy estates. (*See Joint Stipulation and Agreed Scheduling Order By and Among the Debtors, The Committee, The Ad Hoc Groups With Respect to Custody and Withhold Issues*, Adv. Pro. 22-01142 [Dkt. 12] ("**Scheduling Order**").) *Second*, on November 1, 2022, the Court entered an *Order Approving Examiner's Motion to Confirm Examination Scope or Alternatively for Expansion of the Scope of the Examination* [Dkt. 1260] ("**Clarification Order**"), which clarified that:

   a. topic (i) in the Examiner Order includes an examination of the Debtors' CEL tokens, including why and how other digital assets were converted into CEL tokens, and how these tokens were marketed, stored, and traded – including whether any of the Debtors' trading practices involving CEL tokens generally or determinations of CEL tokens awarded as part of the Earn Rewards program – impacted their value, and

   b. topic (ii) in the Examiner Order includes an examination of the representations Debtors generally made in public representations to customers to attract them to their platform and about their cryptocurrency holdings and account offerings.

(*Id.* ¶ 7.) *Finally*, on November 14, 2022, the Court entered a *Stipulation and Agreed Order Modifying Scope of Examiner Order* [Dkt. 1343] (together with the Examiner Order, the Work

3

Plan Order, the Scheduling Order, and the Clarification Order, the "**Examination Orders**") under which "[t]he scope of the Examiner's factual investigation and report is expanded to include an investigation and report on whether the Debtors used new deposits being made by customers to make payments or otherwise meet obligations to existing customers at a time when the Debtors had no other sources (whether liquid or which could have been monetized) from which to make such payments or meet such obligations." (*Id.* ¶ 1.)

8. On November 19, 2022, the Examiner filed her *Interim Report of Shoba Pillay, Examiner* [Dkt. 1411] (the "**Interim Report**"), which addressed the Custody and Withhold issues.

9. On January 11, 2023, the Examiner filed her *Motion to Extend Deadline for Examiner's Final Report* [Dkt. 1850] requesting an extension of the deadline for her final report from January 17, 2023 to January 30, 2023 because of, among other things, delays the Examiner encountered in the Debtors' production of documents and scheduling of witness interviews.

10. Later on January 11, 2023, the Court entered an order extending the deadline for the final report to January 30, 2023. [Dkt. 1851.]

11. On January 31, 2023, the Examiner filed her *Final Report of Shoba Pillay, Examiner* [Dkt. 1956] (the "**Final Report**"), which addressed the remaining topics for investigation identified in the Examination Orders.

## Discussion

### A. Discharge

12. The Examiner filed the Final Report on January 31, 2023 and has completed the duties mandated by the Examiner Orders. The Examiner therefore requests to be discharged from any further obligations with respect to her duties as Examiner.

4

**B.      Discovery Obligations**

13.     The Examiner requests appropriate protections for herself and her professionals against discovery. An examiner is an independent, third-party fiduciary to the Court. *In re Baldwin United Corp.*, 46 B.R. 314, 316 (Bankr. S.D. Ohio 1985). She is "disinterested and non-adversarial" and "answers solely to the Court." *Id.* Thus, an examiner does not

> act as a conduit of information to fuel the litigation fires of third-party litigations. The prospect of an Examiner being required to indiscriminately produce investigative materials obtained through promises of confidentiality and reliance upon [a court's] orders raises grave concerns touching both the integrity of the Bankruptcy Court's process, as well as the integrity of the statutory position of the Examiner.

*Id.*; *see In re New Century TRS Holdings, Inc.*, 407 B.R. 558, 566 (Bankr. D. Del. 2009) (quoting *Baldwin United*). "A contrary rule would allow the parties to use a bankruptcy examiner as a discovery short- cut and would only invite further demands on such officers, potentially leading to substantial encroachment on judicial integrity and efficiency." *Vietnam Veterans Found. v. Erdman*, 1987 WL 9033, *2 (D.D.C. March 19, 1987). Accordingly, courts routinely deny third-party requests to obtain documents and other information obtained by an examiner during the investigation but not filed with the courts, as that information is not a judicial record under section 107 of the Bankruptcy Code. *See In re Fibermark, Inc.*, 330 B.R. 480, 505, 510 (Bankr. D. Vt. 2005); *In re Apex Oil Co.*, 101 B.R. 92, 104 (Bankr. E.D. Mo. 1989).

14.     The Examiner requests that the Court enter an Order precluding the issuance or service of any discovery request upon the Examiner or his professionals, except (i) to the extent discovery is authorized by a court of competent jurisdiction upon good cause shown and after notice and an opportunity for the Examiner to object; (ii) to the extent discovery seeks non-privileged information that cannot reasonably be obtained from any other source; and (iii) with respect to matters relating to the retention or compensation of the Examiner and her professionals.

5

15. Similar relief has been routinely granted by this and other bankruptcy courts. *See, e.g., In re Cred Inc.*, No. 20-12836 (Bankr. D. Del. Jun. 11, 2021) [Dkt. 832]; *In re Firestar Diamond, Inc.*, No. 18-10509 (Bankr. S.D.N.Y. Apr. 2, 2020) [Dkt. 1461]; *In re DACCO Transmission Parts (NY), Inc.*, No. 16-13245 (Bankr. S.D.N.Y. May 12, 2017) [Dkt. 494]; *In re Caesars Ent. Operating Co., Inc.*, No. 15-01145 (Bankr. N.D. Ill. July 20, 2016) [Dkt. 4424]; *In re Residential Capital, LLC*, No. 12-12020 (MG) (Bankr. S.D.N.Y. Sept. 24, 2013) [Dkt. 5187]; *In re Lehman Brothers Holdings, Inc.*, No. 08-13555 (Bankr. S.D.N.Y. July 13, 2010) [Dkt. 10169].

    **C.**    **Disposition of Documents and Information**

16. The Examiner and her professionals request that the Discharge Order provide that the Examiner shall retain all materials currently in their possession relating to the Debtors or the Examiner's performance of her duties in these cases for at least one year following the entry of this Order.

    **D.**    **Quasi-Judicial Immunity**

17. The Examiner requests the Discharge Order confirm that that Examiner and her professionals are entitled to quasi-judicial immunity and any other protections available under applicable law. *See In re Baldwin United Corp.*, 46 B.R. 314, 316–17 (Bankr. S.D. Ohio 1985) (an examiner "constitutes a court fiduciary and is amenable to no other purpose or interested party" and therefore "is entitled to some immunity from the whirlwind of litigation commonly attendant to large Chapter 11 cases"); *Kovalesky v. Carpenter*, 1997 WL 630144, at *4 (S.D.N.Y. Oct. 9, 1997) (an examiner is "considered a quasi-judicial officer similar to a trustee, receiver, referee, conservator, special master, magistrate or prosecutor"). Accordingly, the Examiner respectfully requests confirmation that the Examiner and her counsel are entitled to quasi-judicial immunity

6

and the protections afforded quasi-judicial officers under applicable law in in connection with the Examiner's investigation, the Interim Report, and the Final Report.

### E.  Post-Discharge Fees and Expenses

18. The Examiner requests authorization for post-discharge compensation and reimbursement of expenses incurred in connection with any cooperation, assistance, or transition service and in objecting to, opposing, or otherwise responding to any request for discovery.[2] If such fees and expenses do not exceed $50,000 per month, the Examiner and her professionals request authority to submit to the Debtors invoices indicating the nature of the services rendered and calculated in accordance with the billing practices employed by the Examiner and her professionals in this case, which the Debtors shall be authorized to pay without further order of the Court. If the Debtors dispute any such invoice, the Examiner and her professionals may request, by motion, that such disputed fees or expenses be approved by this Court and shall not be required to file a fee application. If fees and expenses exceed $50,000 in any month, the Examiner and her professionals will submit a fee application for Court approval.

(*Signature page follows.*)

---

[2] The Examiner and her professionals will file final applications for compensation and reimbursement of expenses incurred up to and including the date of the entry of the Discharge Order in accordance with the *First Amended Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals* [Dkt. 1745] and *Amended Order Appointing Independent Fee Examiner and Establishing Related Procedures for the Review of Fee Applications of Retained Professionals* [Dkt. 1746]. The post-discharge fees and expenses addressed in the Motion are limited to those incurred after the date of the entry of the Discharge Order.

7

WHEREFORE, the Examiner respectfully requests that this Court enter an Order, substantially in the form attached hereto as **Exhibit A**: (i) discharging the Examiner; (ii) relieving the Examiner and her professionals from discovery obligations in connection with the Examiner's investigation, the Interim Report, and the Final Report; (iii) authorizing the retention or disposition of documents and information in the possession of the Examiner and his Professionals; (iv) confirming the Examiner and her professionals are entitled to quasi-judicial immunity, to the extent authorized under applicable law, in connection the Examiner's investigation, the Interim Report, and the Final Report; (v) authorizing payment of fees and reimbursement of expenses incurred in certain post-discharge activities of the Examiner and her professionals; and (vi) such other relief the Court deems just and proper.

Dated: March 21, 2023
      New York, New York

Respectfully submitted,

JENNER & BLOCK LLP

By: /s/ *Vincent E. Lazar*
Catherine L. Steege (admitted *pro hac vice*)
Vincent E. Lazar
353 N. Clark Street
Chicago, IL 60654
(312) 222-9350
vlazar@jenner.com
csteege@jenner.com

Richard Levin
Kayvan Sadeghi
1155 Avenue of the Americas
New York, NY 10036
(212) 891-1600
rlevin@jenner.com
ksadeghi@jenner.com

*Counsel to the Examiner*