# Exhibit A

PROPOSED ORDER

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.* | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

## ORDER DISCHARGING EXAMINER

Upon the Examiner's *Motion for Entry of Order Discharging Examiner* [Dkt. _] (the "**Motion**")[1]; and due and proper notice of the Motion having been given; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought by the Examiner, as set forth in the Motion, is necessary and in the best interest of the Debtors, their estates, creditors, and all parties-in-interest; and after due deliberation and finding good cause to grant the Motion, it is **ORDERED**:

1.    Effective on the entry of this order, the appointment of the Examiner is terminated, and except as provided in this Order, the Examiner and her professionals are discharged from any further obligations or duties.

2.    The Examiner and her professionals shall not be subject to any discovery process, whether informal or informal, related to or arising from the performance of the Examiner's duties in these cases, except as follows:

   a. The Examiner and her professionals shall comply with any order to provide discovery issued by a court of competent jurisdiction, provided that they have been given notice and an opportunity to object to such order;

---

[1] Capitalized terms not otherwise defined herein have the meaning provided in the Motion.

  b. The Examiner and her professionals are not released from any obligation to provide discovery that is non-privileged and that cannot reasonably be obtained from any other source; and

  c. The Examiner and her professionals are not released from any obligation to provide discovery in matters relating to the retention or compensation of the Examiner and her professionals.

 3. The Examiner and her professionals shall be entitled to quasi-judicial immunity, and any protections afforded quasi-judicial officers under applicable law, in connection with the Examiner's investigation, the Interim Report, and the Final Report.

 4. The Examiner and her professionals shall retain all materials currently in their possession relating to the Debtors or the Examiner's performance of her duties in these cases for at least one year following the entry of this Order.

 5. The Examiner and her professionals shall be entitled to reimbursement of any fees and expenses incurred (including professional fees and expenses) in connection with any cooperation, assistance, or transition service they provide pursuant to this Order or in objecting to, opposing, or otherwise responding to any request for discovery. To the extent that such fees and expenses do not exceed $50,000 per month, the Examiner and her professionals may submit invoices to the Debtors. Notice of any such invoices shall be provided to the United States Trustee and the Official Committee of Unsecured Creditors. Such invoices shall be reasonably detailed, shall indicate the nature of the services rendered, and shall be calculated in accordance with the billing practices employed by the Examiner and her professionals in this case. The Debtors shall be authorized to pay such invoices without further order of the Court. If the Debtors dispute any such invoice, the Examiner and her professionals may request, by motion, that such disputed fees

2

or expenses be approved by this Court and shall not be required to file a fee application. If fees and expenses exceed $50,000 in any month, a fee application shall be submitted.

6. Nothing herein shall be deemed to prohibit the Examiner from voluntarily providing assistance or responding to requests for information, as she in her discretion deems appropriate, to the Debtors, the United States Trustee, government agencies, or parties in these bankruptcy cases.

7. This Court shall retain jurisdiction, pursuant to 28 U.S.C. 157(b) and 1334(b), over any and all claims against the Examiner or her professionals relating to the performance of the Examiner's duties in these cases.

Dated: _____, 2023

  _____
  The Honorable Martin Glenn
  Chief United States Bankruptcy Judge