Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) ) | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) ) ) | Case No. 22-10964 (MG) |
| Debtors. | ) ) ) | (Jointly Administered) |

**NOTICE OF FILING OF REVISED PROPOSED ORDER**
**(I) AUTHORIZING AND APPROVING CERTAIN BID PROTECTIONS**
**FOR  THE PROPOSED PLAN SPONSOR AND (II) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE** that on March 1, 2023, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed the *Debtors' Motion for Entry of an Order (I) Authorizing and Approving Certain Bid Protections for the Proposed Plan Sponsor and (II) Granting Related Relief* [Docket No. 2151] (the "Motion").[2]

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

**PLEASE TAKE FURTHER NOTICE** that the Debtors hereby file a revised proposed *Order (I) Authorizing and Approving Certain Bid Protections for the Proposed Plan Sponsor and (II) Granting Related Relief* attached hereto as **Exhibit A** (the "Revised Proposed Order").

**PLEASE TAKE FURTHER NOTICE** that a comparison between the Revised Proposed Order and the Order is attached hereto as **Exhibit B**.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion, the Revised Proposed Order, and other pleadings filed in the above-captioned chapter 11 cases may be obtained free of charge by visiting the website of Stretto at http://www.cases.stretto.com/celsius.  You may also obtain copies of any pleadings by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

*[Remainder of page intentionally left blank]*

New York, New York
Dated:  March 22, 2023

/s/ Joshua A. Sussberg

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900
Email:           joshua.sussberg@kirkland.com

 - and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200
Email:           patrick.nash@kirkland.com
                 ross.kwasteniet@kirkland.com
                 chris.koenig@kirkland.com
                 dan.latona@kirkland.com

*Counsel to the Debtors and Debtors in Possession*

**<u>Exhibit A</u>**

**Revised Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

### ORDER (I) AUTHORIZING AND APPROVING CERTAIN BID PROTECTIONS FOR THE PROPOSED PLAN SPONSOR AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) authorizing and approving the Break-Up Fee and Expense Reimbursement as set forth in the Plan Sponsor Agreement; and (b) granting related relief, all as more fully set forth in the Motion; and upon the Puntus Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these chapter 11 cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing thereon were appropriate

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "<u>Hearing</u>"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, **IT IS HEREBY FOUND AND DETERMINED THAT**:

A.    <u>Bid Protections</u>.  The Bid Protections (i) have been negotiated by the Debtors, the Committee, and the Plan Sponsor and their respective advisors at arms'-length and in good faith and (ii) are necessary to ensure that the Plan Sponsor will continue to pursue, and, ultimately, consummate the Restructuring Transactions set forth in the Plan Sponsor Agreement.  The Bid Protections, to the extent payable under the Plan Sponsor Agreement (a)(x) are actual and necessary costs and expenses of preserving the Debtors' estates within the meaning of section 503(b) of the Bankruptcy Code and (y) shall be treated as an allowed administrative expense claim against the Debtors' estates pursuant to sections 105(a), 503(b), and 507(a)(2) of the Bankruptcy Code; (b) are commensurate to the real and material benefits conferred upon the Debtors' estates by the Plan Sponsor and (c) are fair, reasonable, and appropriate, including in light of the size, nature, and complexity of the Restructuring Transactions and the significant efforts that have been and will continue to be expended by the Plan Sponsor in connection therewith.  The Bid Protections are a material inducement for, and condition of, the Plan Sponsor's execution of the Plan Sponsor Agreement.  The Plan Sponsor is unwilling to remain obligated to consummate the Restructuring Transactions or otherwise be bound under the Plan Sponsor Agreement absent approval of the Bid Protections.

B.      <u>Adequate Notice</u>.  Due and proper notice of the relief requested in the Motion and a reasonable opportunity to object or be heard regarding the relief granted herein has been afforded to all parties in interest in these chapter 11 cases.

C.      <u>Relief is Warranted</u>.  The Debtors has articulated good and sufficient reasons for approving the Bid Protections, and the legal and factual bases set forth in the Motion and the Puntus Declaration establish just and sufficient cause to grant the relief requested therein.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:**

1.      The Motion is granted as set forth herein.

2.      The Bid Protections are approved in their entirety, subject to the terms of the Plan Sponsor Agreement.

3.      The Debtors are authorized to pay the Break-Up Fee and the Expense Reimbursement in cash or by wire transfer of immediately available funds in accordance with the terms of the Plan Sponsor Agreement without further action or order by the Court; *provided*, *however*, that the Expense Reimbursement shall not exceed $13 million.

4.      The Break-Up Fee and Expense Reimbursement, to the extent payable under the Plan Sponsor Agreement, shall constitute allowed administrative expense claims against the Debtors' estates pursuant to section 105(a), 503(b), and 507(a)(2) of the Bankruptcy Code.

5.      If, at any time after the entry of this Order, the Debtors, the Committee, and their respective advisors determine that an Orderly Wind Down (as defined in the Plan Term Sheet) is in the best interests of the Debtors' estates due to complications or delays in implementing NewCo, the Debtors and Committee may move for an Orderly Wind Down at any time by providing written notice to the Plan Sponsor and after notice and hearing before the Court.  The Debtors shall file the Wind-Down Procedures (as defined in the Plan Term Sheet) within fourteen days of deciding

to implement an Orderly Wind Down.

6.     Notwithstanding anything to the contrary in the Motion, this Order, or any findings announced at the Hearing, nothing in the Motion, this Order, or announced at the Hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis are expressly reserved.

7.     Except with respect to the Bid Protections and any actions taken pursuant to such relief, the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens. Any payment made pursuant to this Order is not intended and should not be construed as an admission as the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

8.     Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

9.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

4

10.    The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

11.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2023

_____
THE HONORABLE MARTIN GLENN
CHIEF UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit B</u>**

**Redline**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER (I) AUTHORIZING AND APPROVING CERTAIN BID PROTECTIONS
FOR THE PROPOSED PLAN SPONSOR AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) authorizing and approving the Break Up Fee and Expense Reimbursement as set forth in the Plan Sponsor Agreement; and (b) granting related relief, all as more fully set forth in the Motion; and upon the Puntus Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these chapter 11 cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

thereon were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, **IT IS HEREBY FOUND AND DETERMINED THAT**:

A.       Bid Protections. The Bid Protections (i) have been negotiated by the Debtors, the Committee, and the Plan Sponsor and their respective advisors at arms'-length and in good faith and (ii) are necessary to ensure that the Plan Sponsor will continue to pursue, and, ultimately, consummate the Restructuring Transactions set forth in the Plan Sponsor Agreement. The Bid Protections, to the extent payable under the Plan Sponsor Agreement (a)(x) are actual and necessary costs and expenses of preserving the Debtors' estates within the meaning of section 503(b) of the Bankruptcy Code and (y) shall be treated as an allowed administrative expense claim against the Debtors' estates pursuant to sections 105(a), 503(b), and 507(a)(2) of the Bankruptcy Code; (b) are commensurate to the real and material benefits conferred upon the Debtors' estates by the Plan Sponsor and (c) are fair, reasonable, and appropriate, including in light of the size, nature, and complexity of the Restructuring Transactions and the significant efforts that have been and will continue to be expended by the Plan Sponsor in connection therewith. The Bid Protections are a material inducement for, and condition of, the Plan Sponsor's execution of the Plan Sponsor Agreement. The Plan Sponsor is unwilling to remain obligated to consummate the Restructuring Transactions or otherwise be bound under the Plan Sponsor Agreement absent approval of the Bid Protections.

B.    <u>Adequate Notice</u>.  Due and proper notice of the relief requested in the Motion and a reasonable opportunity to object or be heard regarding the relief granted herein has been afforded to all parties in interest in these chapter 11 cases.

C.    <u>Relief is Warranted</u>.  The Debtors has articulated good and sufficient reasons for approving the Bid Protections, and the legal and factual bases set forth in the Motion and the Puntus Declaration establish just and sufficient cause to grant the relief requested therein.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:**

1.    The Motion is granted as set forth herein.

2.    The Bid Protections are approved in their entirety, subject to the terms of the Plan Sponsor Agreement.

3.    The Debtors are authorized to pay the Break-Up Fee and the Expense Reimbursement in cash or by wire transfer of immediately available funds in accordance with the terms of the Plan Sponsor Agreement without further action or order by the Court; *provided, however,* that the Expense Reimbursement shall not exceed $13 million.

4.    The Break-Up Fee and Expense Reimbursement, to the extent payable under the Plan Sponsor Agreement, shall constitute allowed administrative expense claims against the Debtors' estates pursuant to section 105(a), 503(b), and 507(a)(2) of the Bankruptcy Code.

5.    If, at any time after the entry of this Order, the Debtors, the Committee, and their respective advisors determine that an Orderly Wind Down (as defined in the Plan Term Sheet) is in the best interests of the Debtors' estates due to complications or delays in implementing NewCo, the Debtors and Committee may move for an Orderly Wind Down at any time by providing written notice to the Plan Sponsor and after notice and hearing before the Court.  The Debtors shall file the Wind-Down Procedures (as defined in the Plan Term Sheet) within

fourteen days of deciding to implement an Orderly Wind Down.

6.      Notwithstanding anything to the contrary in the Motion, this Order, or any findings announced at the Hearing, nothing in the Motion, this Order, or announced at the Hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis are expressly reserved.

7.      Except with respect to the Bid Protections and any actions taken pursuant to such relief, the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens.  Any payment made pursuant to this Order is not intended and should not be construed as an admission as the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.  ~~Notwithstanding anything to the contrary contained in this paragraph 8,~~

8.      Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

4

9.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order

are immediately effective and enforceable upon its entry.

10.      The Debtors are authorized to take all actions necessary to effectuate the relief

granted in this Order in accordance with the Motion.

11.      This Court retains exclusive jurisdiction with respect to all matters arising from or

related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2023

_____
THE HONORABLE MARTIN GLENN
CHIEF UNITED STATES BANKRUPTCY JUDGE