UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

### JOINT STIPULATION AND AGREED ORDER BETWEEN
### THE DEBTORS AND CIRCLE REJECTING THE SERVICES AGREEMENT

This stipulation and agreed order (the "Stipulation and Order") is made on March 15, 2023 (the "Effective Date"), by Debtor Celsius Network Limited ("Celsius") and Circle Internet Financial, LLC and Circle UK Trading Company Limited (collectively, "Circle" and, together with Celsius, the "Parties") as set forth below.

### RECITALS

WHEREAS, on September 15, 2021, Celsius and Circle entered into that certain *Master Services Agreement By and Among Celsius Network Limited and Circle Internet Financial, LLC and Circle UK Trading Company Limited* (the "Services Agreement") pursuant to which Circle provides Celsius with various financial services and resells U.S. Dollar-collateralized Stablecoin ("USDC") for Celsius.

WHEREAS, on July 13, 2022 (the "Petition Date"), each of the above-captioned debtors and debtors in possession (the "Debtors"), including Celsius, filed a petition with the United States

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

Bankruptcy Court for the Southern District of New York (the "Court") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

WHEREAS, Celsius is operating its businesses and managing its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

WHEREAS, on July 25, 2022, the Debtors filed the *Debtors' Motion For Entry of an Order (I) Authorizing and Approving Procedures to Reject, Assume, or Assume and Assign Executory Contracts and Unexpired Leases and (II) Granting Related Relief* [Docket No. 185] and, on August 17, 2022, the Court entered the revised *Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases and (II) Granting Related Relief* [Docket No. 517].

WHEREAS, following arm's-length negotiations, the Parties have reached an agreement regarding the rejection of the Services Agreement.

NOW, IT IS THEREFORE STIPULATED AND AGREED, AND UPON APPROVAL BY THE COURT OF THIS STIPULATION AND ORDER, IT IS SO ORDERED AS FOLLOWS:

1. The Services Agreement shall be deemed rejected pursuant to section 365(a) of the Bankruptcy Code effective as of the date of approval of this Stipulation and Order (the "Rejection Date").

2. In connection with the rejection of the Services Agreement, Circle shall initiate the return to Celsius of the USDC assets that it holds on behalf of Celsius as of the Rejection Date pursuant to the Services Agreement (the "Outstanding USDC Assets") as soon as reasonably practicable after entry of this Stipulation and Order but in no event later than March 31, 2023 absent agreement from the Debtors or further order of the Court.

3. The Outstanding USDC Assets as described in paragraph 2 of this Stipulation and Order shall be sent from Circle to Celsius at a blockchain address to be identified by Celsius.

4. To the extent that a customer files an unauthorized claim with Circle regarding their deposit in Celsius following the Effective Date and Circle is obligated to return any amount of the Outstanding USDC Assets to customers following the National Automated Clearinghouse Association ("NACHA") requirements, the Parties shall make reasonable and good faith efforts to negotiate an agreement regarding the return of the corresponding amount of Outstanding USDC Assets from Celsius to Circle.

5. This Stipulation and Order shall not become effective unless and until it is approved by the Court.

6. Circle fully, finally, and forever releases and discharges the Debtors, their estates, and their property or their successors, of and from any and all claims, debts, demands, actions, causes of actions, suits, controversies, proceedings, accounts, covenants, agreements, promises, judgments, executions, damages, attorney fees, costs (including out-of-pocket expenses, court costs, expert witness fees, etc.), and any other liabilities of any nature whatsoever arising under the Services Agreement and/or as a result of the rejection, whether sounding in contract, tort, or otherwise, whether matured or unmatured, accrued or unaccrued, liquidated or unliquidated, absolute or contingent, known or unknown, whether now existing or that might arise hereafter.

7. Upon the Rejection Date, each Party stipulates and agrees that no Party has any further obligations required under the Services Agreement.

8. This Stipulation and Order shall be binding on and inure to the benefit of the Parties and their respective heirs, executors, administrators, successors, and permitted assigns.

9. Neither this Stipulation and Order nor any right or interest hereunder may be assigned in whole or in part by either of the Parties without the prior consent of the other Party.

10. Circle and the Debtors are authorized to take all actions necessary to effectuate the relief requested in this Stipulation and Order.

11. The Court shall have exclusive jurisdiction to resolve any and all disputes related to this Stipulation and Order. Each of the Parties irrevocably consents for all purposes of this Stipulation and Order to the jurisdiction of the Court and agrees that venue is proper in the Court.

12. Nothing in this Stipulation and Order, whether express or implied, shall be construed to give to any person or entity other than the Parties any legal or equitable right, remedy, interest, or claim under or in respect of this Stipulation and Order.

13. This Stipulation and Order represents the Parties' mutual understandings and supersedes all prior agreements whether in oral or written form.

14. This Stipulation and Order shall be effective and enforceable immediately upon entry.

**IT IS SO ORDERED.**

Dated: March 27, 2023
      New York, New York

                                              /s/ Martin Glenn
                                                MARTIN GLENN
                                    Chief United States Bankruptcy Judge

**STIPULATED AND AGREED TO ON March 15, 2023:**

New York, New York
Dated: March 15, 2023

| | |
|---|---|
| */s/ Joshua A. Sussberg* | */s/ Jeremy Fox-Geen* |
| **KIRKLAND & ELLIS LLP** | **Circle Internet Financial, LLC** |
| **KIRKLAND & ELLIS INTERNATIONAL LLP** | Jeremy Fox-Geen |
| Joshua A. Sussberg, P.C. | Chief Financial Officer |
| 601 Lexington Avenue | 90 High St., Suite 1701 |
| New York, New York 10022 | Boston, MA 02110 |
| Telephone:  (212) 446-4800 | Email:  jeremy.foxgeen@circle.com |
| Facsimile:  (212) 446-4900 | |
| Email:  jsussberg@kirkland.com | |

- and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200
Email:  patrick.nash@kirkland.com
ross.kwasteniet@kirkland.com
christopher.koenig@kirkland.com
dan.latona@kirkland.com

*Counsel to the Debtors and
Debtors in Possession*