Karen Cordry
D.C. Bar No. 278051
Bankruptcy Counsel,
National Association of Attorneys General
1850 M St., NW, 12th Floor
Washington, DC 20036
Telephone: (301) 933-3640
kcordry@naag.org

COUNSEL FOR ALABAMA, ARKANSAS, ARIZONA, DISTRICT OF
COLUMBIA, HAWAII, IDAHO, MAINE, NORTH CAROLINA,
NORTH DAKOTA, OKLAHOMA, and the CALIFORNIA COMMISSIONER OF DFPI

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

```
----------------------------------------------------------------x
                                              : CHAPTER 11
In re:                                        :
                                              : Case No. 22-10964
CELSIUS NETWORK LLC, et al.,¹                 :
                                              :
                                              : (Joint Administration Requested)
              Debtors.²                       :
----------------------------------------------------------------x
```

## RESPONSE OF UNDERSIGNED STATES TO DEBTORS' MOTION
## FOR ORDER AUTHORIZING AND APPROVING CERTAIN BID
## PROTECTIONS FOR THE PROPOSED PLAN SPONSOR

On March 23, 2023, the Court held a hearing on the Debtors' motion to provide certain

bid protections to its proposed plan sponsor (Docket No. 2151). At the hearing, the Court

inquired of two States that were present about their views and requested that the States in general

provide their views by today. The Debtors participated in a meeting with a number of States and

other governmental entities on Friday, March 24, 2023, described the plan process and the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

motion, and answered questions with respect thereto.  It was clear that no party was willing to take a formal position on the ultimate validity of any plan proposal until the actual documents were prepared and filed, and some states had some concerns about certain limited aspects of the tentative plan terms with respect to their respective state laws.  It equally did not appear that there was any strong opposition to the current motion.

The undersigned, as designated counsel for a number of the States on the call, agreed to draft a statement of position that each State (whether or not represented by her) would be invited to sign onto as it chose and, if there were a state-specific concern to so note on their response. Attached is the statement that was circulated and the signature pages of the states that have responded to this point, which are Alabama, Arkansas, California, District of Columbia, Hawaii, Maine, North Dakota, Oklahoma, Tennessee, Texas, Vermont, Washington, and Wisconsin  In that regard, in light of the short turn-around time, it is unlikely that all state counsel were able to obtain a final response from the responsible officials within this time period.  The undersigned would note that the absence of a State from the attached should not be taken as a statement of position, either positive or negative.

Dated: Match 28, 2023

Respectfully submitted,

Karen Cordry,

*/s/ Karen Cordry*

Karen Cordry
Bankruptcy Counsel
National Association of Attorneys General
1850 M St., NW, 12th Floor
Washington, DC
Phone: 301-933-3640
kcordry@naag.org

ATTORNEY FOR THE STATES OF ALABAMA, ARKANSAS, DISTRICT OF COLUMBIA, HAWAII, IDAHO, MAINE, NORTH CAROLINA, North Dakota, OKLAHOMA,

SOUTH CAROLINA, and the CALIFORNIA
COMMISSIONER OF DFPI

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served via the Court's Electronic
Filing System on all parties requesting notice in this proceeding on March 28, 2023.

*/s/ Karen Cordry*
Karen Cordry,
Bankruptcy Counsel

States' Statement of Position on Proposed Celsius Plan Structure

The undersigned states (the "States") hereby submit the following statement in response to the Court's inquiry and request for comment at the March 23, 2023 hearing regarding potential concerns of regulatory authorities that might affect the viability of the Debtors' proposed plan structure and the proposed Motion for Entry of an Order Authorizing and Approving Certain Bid Protections for the Proposed Plan Sponsor (Dkt. No. 2151).  More specifically, the Court has requested from the States any input that will assist the Court in its assessment of whether it should approve the Debtors' motion to provide protection to the current bidder for its assets.  The States note the following in response to that request:

1.      The States have received and reviewed certain documents filed by the Debtors that provide a general outline of what is intended to be included in the plan (Dkt. Nos. 2066 and 2151); accordingly, this statement is based on said documents and are without prejudice to any position they will take when actual plan documents are filed by the Debtors.

2.      Since no proposed actual formal plan and disclosure statements have been provided to them or filed with the Court, nothing stated herein by any undersigned state shall be taken as a binding statement of its position on the merits, legality, and/or appropriateness of the provisions of such documents if and when they are filed.

3.      The States note that the Debtors have provided the attached document (Exhibit 1) that set out the licenses held in the various States by certain entities (including Figure Lending, Figure Payment, Figure Securities and Anchorage Federal Trust) with which they have indicated they intend to contract to perform certain functions under the plan.  The States will review such licensure information and determine their applicability to the actual plan when proposed and the functions of those entities thereunder but they appreciate this information from the Debtors and look at it as helpful information for their review of the plan.  The States have been advised by the Debtors that they intend that any activities that would require licensing will be carried out by those separate entities.  To the extent that NewCo would itself carry out any such activities that would require licensing, it would need to do so in a timely fashion in order to obviate any concerns of the States.  The States will review the filed plan to determine if they agree with the Debtors' assessment in that regard.

4.      The States further note that the Debtors have indicated that creation of the EST/MST tokens could be viewed as the issuance of securities but that, if so, they intend to rely on the Section 1145 protections.  The States leave this issue to the Court for its review and reserve all rights to respond to any such plan proposal when made.

5.      The States note that the general description of the plan currently proposes only four activities that the Debtors plan to engage in immediately following confirmation but that it reserves the right to expand into other business activities at a later date, subject to compliance with any necessary regulatory provisions.  The States do not take any position with respect to such future activities and will address them in the ordinary course if and when such actions are proposed.  As such, nothing in this statement should be construed so as to bind the States with respect to whether any such future business activities and licensure thereof will be approved.

6.      Within those limits and reservations of rights, and unless explicitly noted below for any one or more of the undersigned states (Statement of Specific Reservation, below), the States are not

currently aware of any specific issues in the general plan outline that the Debtors have provided in Docket Nos. 2066 and 2151 that would inherently preclude it from being able to propose a plan and disclosure statement that could comply with their applicable statutory and administrative requirements. As such, they are not asking the Court to deny the Debtor's bid protection motion.


STATE OF _____
Signed Electronically by:

/s/ _____

STATEMENT OF SPECIFIC RESERVATION (if any)

currently aware of any specific issues in the general plan outline that the Debtors have provided in Docket Nos. 2066 and 2151 that would inherently preclude it from being able to propose a plan and disclosure statement that could comply with their applicable statutory and administrative requirements. As such, they are not asking the Court to deny the Debtor's bid protection motion.

Dated:  March 27, 2023
/s/Andrew O. Schiff
Assistant Attorney General
Alabama Securities Commission
445 Dexter Avenue—Suite 12000
Montgomery, Alabama 36104
(334) 242-2984
(334) 242-0240 (fax)
andrew.schiff@asc.alabama.gov

currently aware of any specific issues in the general plan outline that the Debtors have provided in
Docket Nos. 2066 and 2151 that would inherently preclude it from being able to propose a plan and
disclosure statement that could comply with their applicable statutory and administrative requirements.
As such, they are not asking the Court to deny the Debtor's bid protection motion.

STATE OF ARKANSAS

Signed Electronically by:
/s/_J. Campbell McLaurin____
 J. CAMPBELL MCLAURIN III
 Commissioner (Interim)
 Arkansas Securities Department
 1 Commerce Way, Suite 402
 Little Rock, Arkansas 72202
 www.securities.arkansas.gov

currently aware of any specific issues in the general plan outline that the Debtors have provided in Docket Nos. 2066 and 2151 that would inherently preclude it from being able to propose a plan and disclosure statement that could comply with their applicable statutory and administrative requirements. As such, they are not asking the Court to deny the Debtor's bid protection motion.

CLOTHILDE V. HEWLETT
COMMISSIONER
CALIFORNIA DEPARTMENT OF FINANCIAL PROTECTION AND INNOVATION

Signed Electronically by:

/s/ Mary Ann Smith_____

MARY ANN SMITH
Deputy Commissioner
Enforcement Division

STATEMENT OF SPECIFIC RESERVATION

1.       The California Department of Financial Protection and Innovation ("Cal. DFPI"), in addition to its authority as state securities regulator, regulates lending under the California Financing Law (CFL) (Cal Fin. Code § 21000 et seq.) Cal. DFPI expects all persons who must obtain a CFL license, including CFL licensee Figure Lending, to continually comply with the CFL.

2.       In addition to the general reservations set forth by the States, Cal. DFPI notes that with respect to California Retail Borrowers who may elect Treatment A (Dkt. 2151, ex. 3, pp. 121 – 126), so-called proposed "Settled Loans" (*Id.* at p. 123), certain provisions may not conform to the CFL. Cal. DFPI expects that the Plan Sponsor can address how a Settled Loan is either (a) not subject to the CFL, (b) not subject to provisions of the CFL that would conflict with the Settled Loans, or (c) complies with the CFL.

3.       For example, Treatment A proposes to expressly disallow prepayments. (Dkt. 2151, p. 123.) However, for consumer loans, California Financial Code section 22337(c) requires a licensee to "[p]ermit payment to be made in advance in any amount of any contract of loan at any time." California Financial Code section 22307.5 provides, "A licensee shall not charge, impose, or receive any penalty for the prepayment of a loan." Furthermore, California Financial Code section 22337(e) provides that each licensed finance lender shall, "[u]pon repayment of any loan in full, release all security for the loan."

4.       In addition, questions remain concerning whether a CFL licensee may lawfully accelerate repayment in the event of a default on a Cryptocurrency Call (dkt. 2151, p. 125; Cal. Code Regs., tit. 10, § 1448(a)), whether Settled Loans of under $10,000 would include unlawful balloon terms (Cal. Fin. Code § 22307(b); Cal. Code Regs., tit. 10 § 1453, 1570), and whether the proposed recovery to the lender in the event of liquidation violates California Financial Code section 22320.5, limiting delinquency fees.

5.       The previous examples are not an exhaustive analysis of all potential areas of concern relating to CFL compliance. Ultimately, the responsibility of complying with the CFL rests with the licensee.

currently aware of any specific issues in the general plan outline that the Debtors have provided in Docket Nos. 2066 and 2151 that would inherently preclude it from being able to propose a plan and disclosure statement that could comply with their applicable statutory and administrative requirements. As such, they are not asking the Court to deny the Debtor's bid protection motion.

DISTRICT OF COLUMBIA
Signed Electronically by:

/s/ *Stephen Bouchard*

    Stephen Bouchard
    Associate Commissioner for Securities
    District of Columbia Department of Insurance, Securities and Banking

currently aware of any specific issues in the general plan outline that the Debtors have provided in Docket Nos. 2066 and 2151 that would inherently preclude it from being able to propose a plan and disclosure statement that could comply with their applicable statutory and administrative requirements. As such, they are not asking the Court to deny the Debtor's bid protection motion.

STATE OF HAWAII

Dated:  March 27, 2023                 /s/ Rayni M. Nakamura-Watanabe
Honolulu, Hawaii                       Rayni M. Nakamura-Watanabe
                                       Acting Supervising Attorney
                                       State of Hawaii
                                       Department of Commerce and Consumer Affairs
                                       Securities Enforcement Branch
                                       335 Merchant Street, Suite 205
                                       Honolulu, Hawaii 96813
                                       Telephone:      (808) 586-2740
                                       Facsimile:      (808) 586-3977
                                       Email:          RNakamur@dcca.hawaii.gov

STATE OF MAINE (Acting Maine Securities Administrator)

Signed Electronically this 27th day of March 2023 by:

/s/ *Gregg D. Bernstein*

Gregg D. Bernstein
Assistant Attorney General
6 State House Station
Augusta, Maine
04333
(207) 626-8517
gregg.bernstein@maine.gov

currently aware of any specific issues in the general plan outline that the Debtors have provided in Docket Nos. 2066 and 2151 that would inherently preclude it from being able to propose a plan and disclosure statement that could comply with their applicable statutory and administrative requirements. As such, they are not asking the Court to deny the Debtor's bid protection motion.


STATE OF NORTH DAKOTA
Signed Electronically by:


  /s/ Carl M. Karpinski
Carl M. Karpinski
Enforcement Attorney
North Dakota Securities Department
600 East Boulevards Ave.
State Capitol- 14th Floor
Bismarck, ND 58505-0510
(701) 328-2910

currently aware of any specific issues in the general plan outline that the Debtors have provided in Docket Nos. 2066 and 2151 that would inherently preclude it from being able to propose a plan and disclosure statement that could comply with their applicable statutory and administrative requirements. As such, they are not asking the Court to deny the Debtor's bid protection motion.


STATE OF OKLAHOMA

Signed Electronically by:

*/s/ Gerri Kavanaugh*

Gerri Kavanaugh, General Counsel, OBA No. 16732
Oklahoma Department of Securities
204 North Robinson Avenue, Suite 400
Oklahoma City, OK 73102
Telephone: (405) 280-7700
Facsimile: (405) 280-7742
Email: gkavanaugh@securities.ok.gov

currently aware of any specific issues in the general plan outline that the Debtors have provided in Docket Nos. 2066 and 2151 that would inherently preclude it from being able to propose a plan and disclosure statement that could comply with their applicable statutory and administrative requirements. As such, they are not asking the Court to deny the Debtor's bid protection motion.

STATE OF TENNESSEE

/s/  Marvin E. Clements, Jr.

JONATHAN SKRMETTI
Tennessee Attorney General and Reporter

Marvin E. Clements, Jr. (TN BPR 016031)
Senior Assistant Attorney General
Tennessee Attorney General's Office
Bankruptcy Division
P.O. Box 20207
Nashville, TN  37202

Phone: (615) 741-1935
Fax: (615) 741-3334

Marvin.Clements@ag.tn.gov
Attorney for Tennessee Department of Commerce
and Insurance and Tennessee Department of Financial Institutions

currently aware of any specific issues in the general plan outline that the Debtors have provided in Docket Nos. 2066 and 2151 that would inherently preclude it from being able to propose a plan and disclosure statement that could comply with their applicable statutory and administrative requirements. As such, they are not asking the Court to deny the Debtor's bid protection motion.

STATE OF TEXAS

*/s/ Layla D. Milligan*
LAYLA D. MILLIGAN
Texas State Bar No. 24026015
ABIGAIL R. RYAN
Texas State Bar No. 24035956
ROMA N. DESAI
S.D.N.Y. Bar No. RD8227
Texas Bar No. 24095553
AUTUMN D. HIGHSMITH
Texas Bar No. 24048806
Office of the Attorney General of Texas
Bankruptcy & Collections Division
P. O. Box 12548
Austin, Texas 78711-2548
Telephone: (512) 463-2173
Facsimile: (512) 936-1409
layla.milligan@oag.texas.gov
abigail.ryan@oag.texas.gov
roma.desai@oag.texas.gov
autumn.highsmith@oag.texas.gov

ATTORNEYS FOR THE TEXAS STATE SECURITIES BOARD
AND TEXAS DEPARTMENT OF BANKING

currently aware of any specific issues in the general plan outline that the Debtors have provided in Docket Nos. 2066 and 2151 that would inherently preclude it from being able to propose a plan and disclosure statement that could comply with their applicable statutory and administrative requirements. As such, they are not asking the Court to deny the Debtor's bid protection motion.


**STATE OF VERMONT**

Signed Electronically by:

Vermont Department of Financial Regulation

/s/ _____Jennifer Rood
 Assistant General Counsel
 89 Main Street, Third Floor
 Montpelier, VT 05620
(802)828-5672
Jennifer.rood@vermont.gov

currently aware of any specific issues in the general plan outline that the Debtors have provided in Docket Nos. 2066 and 2151 that would inherently preclude it from being able to propose a plan and disclosure statement that could comply with their applicable statutory and administrative requirements. As such, they are not asking the Court to deny the Debtor's bid protection motion.

Signed Electronically by:

ROBERT FERGUSION
Attorney General of Washington

/s/ Julia Eisentrout WSBA No. 42007 for
STEPHEN S. MANNING
Washington State Bar No. 36965
Washington Department of Financial Institutions
150 Israel Rd. SW
Tumwater, WA 98501
Telephone: (360) 902-8700
Fax: (360) 902-0524
stephen.manning@atg.wa.gov

Attorney for Washington Department
 of Financial Institutions

STATEMENT OF SPECIFIC RESERVATION
WASHINGTON DEPARTMENT OF FINANCIAL INSTITUTIONS

 The Washington Department of Financial Institutions ("WA DFI") submits the following Statement of Reservation as to Paragraph 3 of the Celsius States' Statement of Position:

> WA DFI adds that, pursuant to RCW 19.230.030 of the Uniform Money Services Act of Washington, chapter 19.230 Revised Code of Washington (RCW), a person may not engage in the business of money transmission, or advertise, solicit, or hold itself out as providing money transmission unless the person is licensed as a money transmitter. In addition, pursuant to RCW 31.04.035(1) of the Consumer Loan Act of Washington, chapter 31.04 RCW, no person may make a loan, secured or unsecured, without first obtaining and maintaining a license. WA DFI notes that the Debtors should be aware of these requirements pursuant to the consent order dated September 16, 2019.

> WA DFI has been advised by the Debtors that pursuant to the plan, NewCo would neither be engaging in money transmission activity, nor engaging in any new lending activity. Rather, the only relevant business currently contemplated by NewCo would be servicing existing loans.

> WA DFI has further been advised by the Debtors that they intend that any activities that require licensing will be carried out on NewCo's behalf by the above-named separate entities. WA DFI would need to further review such activity, as any entity holding itself out as providing money transmission must first obtain a license pursuant to RCW 19.230.030. Having a licensed money transmitter perform services on an unlicensed entity's behalf by agreement is insufficient and constitutes unlicensed activity pursuant to the Uniform Money Services Act of Washington.

currently aware of any specific issues in the general plan outline that the Debtors have provided in Docket Nos. 2066 and 2151 that would inherently preclude it from being able to propose a plan and disclosure statement that could comply with their applicable statutory and administrative requirements. As such, they are not asking the Court to deny the Debtor's bid protection motion.

STATE OF WISCONSIN
Signed Electronically by:

/s/ Michael D. Morris
MICHAEL D. MORRIS
Assistant Attorney General
State Bar #1112934

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-3936
(608) 294-2907 (Fax)
morrismd@doj.state.wi.us

Attorney for State of Wisconsin
Department of Financial Institutions

/s/ Karen Cordry
Karen Cordry,
Bankruptcy Counsel