Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF HEARING ON MOTION**
**FOR ENTRY OF AN ORDER (I) APPROVING**
**THE SETTLEMENT BY AND AMONG THE DEBTORS AND**
**ODETTE WOHLMAN AND (II) GRANTING RELATED RELIEF**

    **PLEASE TAKE NOTICE** that a hearing on the *Motion for Entry of an Order*

*(I) Approving the Settlement by and Among the Debtors and Odette Wohlman and (II) Granting*

*Related Relief* (the "Motion") will be held on **April 18, 2023, at 10:00 a.m., prevailing Eastern**

**Time** (the "Hearing") before the Honorable Martin Glenn, Chief United States Bankruptcy Judge.

In accordance with General Order M-543 dated March 20, 2020, the Hearing will be conducted

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification
    number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius
    Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks
    Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8
    USA LLC (9450).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors'
    service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

remotely using Zoom for Government.  Parties wishing to appear at the Hearing, whether making a "live" or "listen only" appearance before the Court, need to make an electronic appearance (an "eCourtAppearance") through the Court's website at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl.  Electronic appearances (eCourtAppearances) need to be made by **4:00 p.m., prevailing Eastern Time, the business day before the Hearing (i.e., on April 17, 2023)**.

PLEASE TAKE FURTHER NOTICE that due to the large number of expected participants in the Hearing and the Court's security requirements for participating in a Zoom for Government audio and video hearing, all persons seeking to attend the Hearing at 10:00 a.m., prevailing Eastern Time on April 18, 2023 must connect to the Hearing beginning at 9:00 a.m., prevailing Eastern Time on April 18, 2023.  When parties sign in to Zoom for Government and add their names, they must type in the first and last name that will be used to identify them at the Hearing.  Parties that type in only their first name, a nickname, or initials will not be admitted into the Hearing.  When seeking to connect for either audio or video participation in a Zoom for Government Hearing, you will first enter a "Waiting Room" in the order in which you seek to connect.  Court personnel will admit each person to the Hearing from the Waiting Room after confirming the person's name (and telephone number, if a telephone is used to connect) with their eCourtAppearance.  Because of the large number of expected participants, you may experience a delay in the Waiting Room before you are admitted to the Hearing.

PLEASE TAKE FURTHER NOTICE that any responses or objections to the relief requested in the Motion shall:  (a) be in writing; (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York; (c) be filed electronically with the Court on the docket of *In re Celsius*

2

*Network LLC*, No. 22-10964 (MG) by registered users of the Court's electronic filing system and in accordance with all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York (which are available on the Court's website at http://www.nysb.uscourts.gov; and (d) be served in accordance with the *Amended Final Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief,* [Docket No. 1181] (the "Case Management Order") by **April 11, 2023, at 4:00 p.m., prevailing Eastern Time**, to (i) the entities on the Master Service List (as defined in the Case Management Order and available on the case website of the Debtors at https://cases.stretto.com/celsius) and (ii) any person or entity with a particularized interest in the subject matter of the Motion.

**PLEASE TAKE FURTHER NOTICE** that only those responses or objections that are timely filed, served, and received will be considered at the Hearing.  Failure to file a timely objection may result in entry of a final order granting the Motion as requested by the Debtors.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion and other pleadings filed in these chapter 11 cases may be obtained free of charge by visiting the website of Stretto at https://cases.stretto.com/celsius.  You may also obtain copies of the Motion and other pleadings filed in these chapter 11 cases by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

*[Remainder of page intentionally left blank]*

New York, New York
Dated: March 28, 2023

/s/ Joshua A. Sussberg

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900
Email:          joshua.sussberg@kirkland.com

  - and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200
Email:          patrick.nash@kirkland.com
                 ross.kwasteniet@kirkland.com
                 chris.koenig@kirkland.com
                 dan.latona@kirkland.com

*Counsel to the Debtors and Debtors in Possession*

Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**MOTION FOR ENTRY OF AN ORDER**
**(I) APPROVING THE SETTLEMENT BY AND AMONG THE**
**DEBTORS AND ODETTE WOHLMAN AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") state

the following in support of this motion (this "<u>Motion</u>"):

**<u>Introduction</u>**[2]

1.    By this Motion, the Debtors seek approval of a settlement by and between Celsius

Network Ltd ("<u>Celsius Network</u>") and Odette Wohlman ("<u>Ms. Wohlman</u>" and together with

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2]    Capitalized terms used but not defined in this section shall have the meanings ascribed to them later in the Motion, as applicable.

Celsius Network, the "Parties") that resolves disputes between the Parties related to the alleged wrongful termination of Ms. Wohlman's employment with Celsius Network.

2.      The Settlement (as defined below) is the result of good-faith negotiations between the Parties and fully resolves the disputes between the Parties.  Under the terms of the Settlement, the Debtors will provide Ms. Wohlman £85,000 in full satisfaction of Ms. Wohlman's complaint to the London (Central) Employment Tribunal (the "Employment Tribunal") without an admission of liability.

3.      The Settlement would save the Debtors the significant expense and uncertainty, resources, and distraction of further litigation with Ms. Wohlman and provide resolution of these issues so the Debtors can focus on confirmation of a plan in these chapter 11 cases.  Notably, the official committee of unsecured creditors (the "Committee") supports the Settlement. Accordingly, for the reasons set forth below, the Settlement is in the best interests of the Debtors' estates, and the Court should approve this Motion.

### Relief Requested

4.      The Parties seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"):  (a) approving the settlement (the "Settlement") as embodied in the settlement agreement attached to the Order as Exhibit 1 (the "Settlement Agreement"), by and among the Parties; and (b) granting related relief.

### Jurisdiction and Venue

5.      The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012.  The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that

2

the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

6.       Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

7.       The statutory bases for the relief requested herein are sections 105(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code") and rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**Background**

8.       On July 14, 2022, the Debtors filed their *Motion Seeking Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Pay Prepetition Employee Wages, Salaries, Other Compensation, and Reimbursable Expenses, and (B) Continue Employee Benefits Programs and (II) Granting Related Relief* [Docket No. 19] (the "Wages Motion"), which, in part, sought authorization to pay prepetition Non-Insider Severance Benefits[3] to certain employees who executed separation agreements with the Debtors.

9.       On August 25, 2022, Ms. Wohlman, a former employee of the Debtors, filed, through her counsel, her *Limited Objection of Odette Wohlman to Debtor's* [sic] *Motion Seeking Entry of Interim and Final Orders (1)* [sic] *Authorizing the Debtors to (A) Pay Prepetition Employee Wages, Salaries, Other Compensation and Reimbursable Expenses and (B) Continue Employee Benefits Programs and (II) Granting Related Relief* [Docket No. 613] (the "Objection"), objecting to the payment of Non-Insider Severance Benefits to the extent such payments did not include severance and notice pay that Ms. Wohlman believed she was owed.

---

[3]    "Non-Insider Severance Benefits" shall have the meaning ascribed to it in the Wages Motion.

3

10.    Shortly thereafter, on August 30, 2022, the Debtors filed the *Declaration of Robert Campagna, Managing Director of Alvarez & Marsal North America, LLC, in Support of the Debtors' Motion Seeking Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Pay Prepetition Employee Wages, Salaries, Other Compensation, and Reimbursable Expenses and (B) Continue Employee Benefits Programs and (II) Granting Related Relief* [Docket No. 636] (the "Campagna Wages Declaration"), detailing the notice pay that the Debtors intended to pay Ms. Wohlman and explaining that, because Ms. Wohlman did not sign a separation agreement with Celsius Network as was required to receive severance pay, the Debtors did not owe her severance pay but would provide the statutorily required notice pay.

11.    The Court overruled Ms. Wohlman's Objection in its *Order Authorizing the Debtors to (I) Pay Non-Insider Severance Benefits and (II) Granting Related Relief* [Docket No. 668], authorizing, but not directing, the Debtors to pay severance pay and notice pay obligations to the former employees identified in Exhibit A and Exhibit B to the Campagna Wages Declaration.

12.    On November 7, 2022, the Debtors received a letter from the Employment Tribunal indicating that Ms. Wohlman filed a complaint in the Employment Tribunal alleging that Celsius Network discriminated against her because of her alleged disability, failed to make reasonable adjustments for such disability, and unfairly dismissed Ms. Wohlman as a result of her alleged disability or for making a protected disclosure of such disability.  The Debtors subsequently engaged Taylor Wessing LLP to represent Celsius Network in the Employment Tribunal proceedings and negotiation of the Settlement.[4]

---

[4]    On August 17, 2022, the Court authorized the Debtors to retain and compensate Taylor Wessing LLP in the ordinary course of business.  *See Order Authorizing the Retention and Compensation of Professionals Utilized in the Ordinary Course of Business* [Docket No. 519].

13.    On November 14, 2022, Celsius Network submitted its Grounds of Resistance to the Employment Tribunal, denying each of Ms. Wohlman's allegations and requesting that the Employment Tribunal exercise its discretion to stay all proceedings related to Ms. Wohlman's complaint until the conclusion of the Debtors' chapter 11 cases.[5]  Celsius Network argued that, while the stay may not be automatically recognized in the United Kingdom as a matter of English law, the Employment Tribunal should nevertheless recognize the global stay against the Debtors, including Celsius Network, and temporarily halt litigation of Ms. Wohlman's claims as a matter of due process and parity of treatment of creditors.[6]

14.    On December 13, 2022, the Employment Tribunal continued Celsius Network's application for stay of the proceedings related to Ms. Wohlman's complaint and requested additional briefing.

15.    Shortly after Ms. Wohlman filed her claim in the Employment Tribunal, the Debtors weighed the relative costs of litigating Ms. Wohlman's claims in the Employment Tribunal and the costs of negotiating a settlement agreement with Ms. Wohlman and determined that the costs and uncertainty associated with continuing litigation substantially outweighed the benefits of a potential settlement.  Specifically, litigating Ms. Wohlman's claims would cost the Debtors' estates approximately $100,000 in professional and court fees, in addition to, if Ms. Wolhman's claim is successful, the amount that Ms. Wohlman requested from the Employment Tribunal proceedings (approximately £350,000).  The Parties therefore began discussions on a

---

[5]    *See, e.g.*, *Order (I) Restating and Enforcing the Worldwide Automatic Stay, Anti-Discrimination Provisions, and Ipso Facto Protections of the Bankruptcy Code, (II) Approving the Form and Manner of Notice, and (III) Granting Related Relief* [Docket No. 60] (enforcing the automatic stay worldwide).

[6]    For the avoidance of any doubt, while the Debtors do not agree that the filing of the Employment Tribunal complaint was not a violation of the automatic stay, the Debtors agree not to prosecute such stay violation before the Bankruptcy Court subject to the Settlement being agreed to and consummated.

potential settlement of Ms. Wohlman's claims against Celsius Network.  On or around March 17, 2023, after several weeks of extensive good faith and arm's-length negotiations, the Parties reached an agreement in principle, and the Settlement was finalized on March 27, 2023.  The Settlement Agreement is attached to the Order as Exhibit 1.

### The Settlement[7]

16.    Pursuant to the Settlement, the Debtors shall pay to Ms. Wohlman a one-time payment of £85,000, without admitting any liability.  The Settlement resolves all outstanding disputes between the Parties and constitutes a full and final satisfaction of any and all existing and future claims brought by Ms. Wohlman against Celsius Network, its Group Members—including all of the Debtors in these chapter 11 cases—or any of its or their officers, employees, shareholders, consultants, or agents arising out of Ms. Wohlman's employment with Celsius Network and subsequent termination.

17.    The Settlement is in the best interests of the Debtors and their creditors.  The Settlement resolves a significant dispute between the Parties—the outcome of which is inherently uncertain—saving the Debtors the additional expense, resources, and distraction of further litigation with Ms. Wohlman.  Accordingly, the Debtors seek approval to enter into and perform under the Settlement.

---

[7]    Capitalized terms used but not otherwise defined in this section shall have the meanings ascribed to them in the Settlement Agreement.  The following summary of the Settlement is provided for illustrative purpose only and is qualified in its entirety by reference to the Settlement Agreement.  In the event of any inconsistency between this summary and the Settlement Agreement, the Settlement Agreement controls in all respects.  Furthermore, this summary shall not be used to construe or interpret the terms of the Settlement Agreement or intent of the Parties.

## Basis for Relief

### I.    The Settlement is A Sound Exercise of the Debtors' Business Judgment.

18.    Bankruptcy Rule 9019(a) provides that, "after notice and a hearing, the court may approve a compromise or settlement."   Fed. R. Bankr. P. 9019(a).   A settlement under Bankruptcy Rule 9019 need not result in the best possible outcome for the debtors, but must not "fall below the lowest point in the range of reasonableness." *In re Drexel Burnham Lambert Grp., Inc.*, 134 B.R. 493, 497 (Bankr. S.D.N.Y. 1991).   In determining the range of reasonableness, the bankruptcy court need not decide issues of law and fact raised by the settlement. *See Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983) (citing *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972)).   In other words, the court does not need to conduct a "mini-trial" of the underlying facts and merits; it needs only to evaluate those facts that are necessary to allow it to assess the settlement and to make an independent judgment about the settlement. *See In re Charter Commc'ns*, 419 B.R. 221, 252 (Bankr. S.D.N.Y. 2009) ("The standard does not require that the settlement be the best the debtor could have obtained nor does it require the court to conduct a mini-trial of the questions of law and fact.").

19.    Rather, the court must be "apprised of those facts that are necessary to enable it to evaluate the settlement and to make a considered and independent judgment." *In re Dewey & LeBoeuf LLP*, 478 B.R. 627, 640–41 (Bankr. S.D.N.Y. 2012) (Glenn, J.).   In conducting this assessment, "a court may rely on the opinion[s] of the debtor, parties to the settlement, and [] professionals" in evaluating the necessary facts, and it should factor in the debtor's exercise of its business judgment in recommending the settlement. *Id.* at 641.

20.    Ultimately, the decision to accept or reject a compromise or settlement is within the sound discretion of the bankruptcy court. *Nellis v. Shugrue*, 165 B.R. 115, 123 (S.D.N.Y. 1994) ("Although a judge must consider the fairness of the settlement to the estate and its creditors, the

judge is not required to assess the minutia of each and every claim."); *Drexel Burnham*, 134 B.R.

at 496; *see also Abeles v. Infotechnology (In re Infotechnology)*, 1995 U.S. App. LEXIS 39883, at

*4–5 (2d Cir. Nov. 9, 1995) (noting that in determining whether to approve a debtor's motion to

settle a controversy, a court does not substitute its judgment for that of the debtor).

21.    A court should exercise its discretion in favor of a settlement wherever possible, as

settlements are generally favored in bankruptcy. *In re Adelphia Commc'ns Corp.*, 368 B.R. 140,

226 (Bankr. S.D.N.Y. 2007) ("As a general matter, settlements or compromises are favored in

bankruptcy and, in fact, encouraged."); *see also In re Hibbard Brown & Co.*, 217 B.R. 41, 46

(Bankr. S.D.N.Y. 1998) ("The decision to grant or deny a settlement or compromise lies squarely

within the discretion of the bankruptcy court [and such] discretion should be exercised in light of

the general public policy favoring settlements.") (citing *Nellis* 165 B.R. at 121); *In re Michael

Milken & Assocs. Secs. Litig.*, 150 F.R.D. 46, 53 (S.D.N.Y. 1993) (noting the paramount public

policy for settlements).[8]  Notably, "[s]ettlements and compromises are favored in bankruptcy as

they minimize costly litigation and further parties' interests in expediting the administration of the

bankruptcy estate." *In re LATAM Airlines Group S.A.*, 2022 WL 272167, at *12 (Bankr. S.D.N.Y.

Jan. 28, 2022) (quoting *In re MF Global Inc.*, 2012 WL 3242533, at *5 (Bankr. S.D.N.Y. Aug. 10,

2012) (Glenn, J.)).

22.    In determining whether to approve a settlement as fair and equitable and in the best

interests of the Debtors' estates under Bankruptcy Rule 9019, courts in the Second Circuit consider

the "*Iridium*" factors:   (a) the balance between the litigation's possibility of success and the

---

[8]    Furthermore, under section 105(a) of the Bankruptcy Code, the Bankruptcy Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."  Authorizing the Debtors to proceed with the Settlement falls squarely within the spirit of Bankruptcy Rule 9019 as well as the Bankruptcy Code's predilection for compromise.  Thus, to the extent necessary, relief under section 105(a) of the Bankruptcy Code is appropriate in this instance and would best harmonize the settlement processes contemplated by the Bankruptcy Code.

settlement's future benefits; (b) the likelihood of complex and protracted litigation, with its attendant expense, inconveniences, and delay; (c) the paramount interest of the creditors; (d) whether other parties in interest affirmatively support the proposed settlement; (e) the nature and breadth of releases to be obtained by officers and directors; (f) whether the competency and experience of counsel support the settlement; and (g) the extent to which the settlement is the product of arm's-length bargaining. *See In re Iridium Op. LLC*, 478 F.3d 452, 462 (2d Cir. 2007); *see also Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 292 (2d Cir. 1992); *In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 428 (S.D.N.Y. 1993), *aff'd*, 17 F.3d 600 (2d Cir. 1994).

23.    Entry into the Settlement is a sound exercise of the Debtors' business judgment and represents a fair and equitable compromise between the Parties, falls well within the range of reasonableness, and satisfies each of the *Iridium* factors. More specifically, with respect to the ***first*** and **second** *Iridium* factors, litigating Ms. Wohlman's employment claims against Celsius Network would consume significant estate resources at this critical juncture. For example, the Parties have already spent approximately four months litigating Ms. Wohlman's claims in the Employment Tribunal, with an upcoming evidentiary hearing scheduled for July 2023. In contrast, the Settlement resolves Ms. Wohlman's claims in a consensual manner and provides certainty of recovery for Ms. Wohlman without the need for further litigation. Time is of the essence in these chapter 11 cases, and it is crucial that the Debtors avoid the costs and delays associated with litigation.

24.    With respect to the ***third*** *Iridium* factor, the Settlement benefits each of the Debtors' stakeholders by maximizing value to the Debtors' estates by eliminating the uncertainty with respect to the outcome of the Employment Tribunal litigation and allowing management to concentrate its efforts on consummating a value-maximizing restructuring transaction. Moreover, the costs associated with any litigation would drain the Debtors' resources at this critical juncture.

As such, the Settlement represents a fair and consensual resolution and therefore is in the best interests of the Debtors' estates.

25.    With respect to the **fourth** *Iridium* factor, the Settlement is supported by the Committee.  As one of the non-Debtor parties with the most interest in advocating for unsecured creditors in these chapter 11 cases, the Committee's approval and acceptance of the Settlement is a good indication that such agreement is fair and equitable.

26.    With respect to the **fifth** *Iridium* factor, the releases granted by the Settlement are mutual, narrow in scope, essential to the Settlement, and are similar in nature to other settlements of the same nature in other chapter 11 cases.  Specifically, the releases granted by the Parties in the Settlement are a necessary component of the Settlement and appropriate under the circumstances.

27.    Finally, with respect to the **sixth** and **seventh** *Iridium* factors, the Settlement is the product of arm's-length bargaining between the Parties, who engaged in arm's-length negotiations, culminating in the terms proposed in the Settlement Agreement.  The Settlement was negotiated over several weeks as Ms. Wohlman's complaint was pending in the Employment Tribunal.  The Parties exchanged multiple drafts before agreeing to the terms set forth in the Settlement Agreement with meaningful concessions made by both Parties.

28.    Thus, the terms of the Settlement satisfy the requirements of Bankruptcy Rule 9019 and the Parties request that the Court approve the Settlement and authorize each of the Parties to perform thereunder.

### Waiver of Bankruptcy Rule 6004(a) and 6004(h)

29.    To implement the foregoing successfully, the Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and

that the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

## **Reservation of Rights**

30.    Except as explicitly set forth in this Motion and the Settlement (once approved by the Court and implemented in accordance with its terms), nothing contained in this Motion or any actions taken pursuant to any order granting the relief requested by this Motion is intended or should be construed as (a) an admission as to the validity of any particular claim against the Debtors, (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds, (c) a promise or requirement to pay any particular claim, (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion, (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law, or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens.  If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

## **Motion Practice**

31.    This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this Motion. Accordingly, the Debtors submit that this Motion satisfies Local Rule 9013-1(a).

11

## **Notice**

32.      The Debtors will provide notice of this Motion to the following parties or their respective counsel:  (a) the U.S. Trustee; (b) counsel to the Committee; (c) the United States Attorney's Office for the Southern District of New York; (d) the Internal Revenue Service; (e) the offices of the attorneys general in the states in which the Debtors operate; (f) the Securities and Exchange Commission; (g) Ms. Wohlman and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, no other or further notice need be given.

## **No Prior Request**

33.      No prior request for the relief sought in this Motion has been made to this or any other court.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors request that the Court enter the Order granting the relief

requested herein and such other relief as the Court deems appropriate under the circumstances.

New York, New York
Dated: March 28, 2023

*/s/ Joshua A. Sussberg*
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:          joshua.sussberg@kirkland.com

 - and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200
Email:          patrick.nash@kirkland.com
                ross.kwasteniet@kirkland.com
                chris.koenig@kirkland.com
                dan.latona@kirkland.com

*Counsel to the Debtors and Debtors in Possession*

**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

### ORDER (I) APPROVING
### THE SETTLEMENT BY AND AMONG THE DEBTORS
### AND ODETTE WOHLMAN AND (II) GRANTING RELATED RELIEF

Upon the motion (the "<u>Motion</u>")[2] of the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") for entry of an order (this "<u>Order</u>") (i) approving the Settlement, as embodied in the Settlement Agreement attached hereto as **<u>Exhibit 1</u>**, by and among the Debtors and Odette Wohlman and (ii) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors'

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

notice of the Motion and opportunity for a hearing thereon were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      The Settlement (as embodied in the Settlement Agreement attached hereto as **Exhibit 1**) and the Settlement Agreement are approved.

3.      Pursuant to Bankruptcy Rule 9019, the Parties are authorized to enter into and perform under the Settlement as embodied in the Settlement Agreement, and perform, execute, and deliver all documents, and take all actions necessary, to immediately continue and fully implement the Settlement in accordance with the terms, conditions, and agreements set forth or provided for in the Settlement Agreement.

4.      The notice requirements under Bankruptcy Rule 6004(a) are hereby waived.

5.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

6.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

7.      This Order shall bind the Parties, their estates and any successors or assigns, including without limitation any trustee, liquidating trustee, or other estate representative.

8.      The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2023

_____
THE HONORABLE MARTIN GLENN
CHIEF UNITED STATES BANKRUPTCY
JUDGE

## __EXHIBIT 1__

**Settlement Agreement**



## Advisory, Conciliation and Arbitration Service

## Agreement in respect of an Actual or Potential Claim to the Employment Tribunal

| | Claimant | | Respondent |
|---|---|---|---|
| Name: | Odette Wohlman | Name: | Celsius Network Limited |
| Address: | 61 Warwick Avenue<br>EDGWARE HA8 8UN | Address: | Taylor Wessing LLP<br>5 New Street Square<br>LONDON EC4A 3TW |
| **CASE NUMBER** | | | 2206156/2022 |

**Settlement reached on 27 March 2023 as a result of conciliation action.**

CASE NO: 2206156/2022

IN THE LONDON (CENTRAL) EMPLOYMENT TRIBUNAL

BETWEEN:

MRS O WOHLMAN

Claimant

- v -

CELSIUS NETWORK LIMITED

Respondent

WITHOUT PREJUDICE

_____

COT3 AGREEMENT

_____



The Claimant and the Respondent (together, the "parties") have agreed that:

1.      subject to the Claimant's compliance with her obligations under this COT3 the Respondent will pay the Claimant, without admission of liability the sum of £85,000 (the "Payment") which shall be subject to such prior taxation or National Insurance contributions deductions as shall be required by law.  This includes, again without admission of liability, the sum of £25,000 (the "Injury Payment") in respect of her pre-dismissal treatment and claims for related injury to feelings;

2.      the first £30,000 of the Payment together with the Injury Payment are understood by the parties not to require the deduction of tax or employee National Insurance, and the Respondent will, in accordance with the parties' understanding, make deductions on the excess i.e. £30,000;

3.      the Payment will be paid in full and final settlement of the Claimant's complaint to the Employment Tribunal (Case No. 2206156/2022) ("Application") and of all other claims, if any, (whether or not those claims are or could be in the contemplation of the Claimant and including all claims that may arise in the future) that the Claimant has or may have against the Respondent, Group Members or any of its or their officers, employees, shareholders, consultants or agents (in each case current or former) arising out of the Claimant's employment with the Respondent or its termination.  For the purposes of this agreement, "**Group Member**" means the Respondent and any "group undertaking" (as defined in section 1161 of the Companies Act 2006) of the Respondent, and which includes all of the debtors in the chapter 11 cases pending in the United States Bankruptcy Court for the Southern District of New York.  This clause does not affect the rights the Claimant and/or her husband have in respect of access to or otherwise relating to their cryptocurrency kept on the Celsius platform;

4.      the Claimant shall indemnify the Respondent in respect of any amount by way of tax, or employee National Insurance (including interest or penalty) in excess of the amounts to be deducted on £30,000 of the Payment, and shall cooperate with the Respondent in respect of any demand claim or correspondence from or with any taxation authority in respect thereof, including presenting evidence of her medical condition and injury to feelings as required in order to give effect to this agreement;

5.      the settlement shall relate specifically to the Claimant's Application and shall also apply to any claim (whether or not those claims are or could be in the contemplation of the Claimant and including all claims that may arise in the future) that the Claimant has or may have against the Respondent, Group Members or any of its or their employees, officers, shareholders, consultants or agents (in each case future, current or former) whether under common law, contract or statute in any jurisdiction including without limitation any of the United States of America or Israel and including, without limitation, any claim for compensation or otherwise relating to personal injury



or injury to feelings, breach of contract, unfair dismissal, redundancy, equal pay, sex, race, disability or age discrimination, misrepresentation relating to loss or alleged loss in any form, discrimination because of or on grounds of religion or belief or sexual orientation, pregnancy or maternity or marriage or civil partnership, harassment or for deduction of wages, working time, minimum wage, part time or fixed term work pursuant to any of the Equal Pay Act 1970, Sex Discrimination Act 1975, Race Relations Act 1976, Trade Union and Labour Relations (Consolidation) Act 1992, Disability Discrimination Act 1995, Employment Equality (Age) Regulations 2006, Protection From Harassment Act 1997, Employment Rights Act 1996, Public Interest Disclosure Act 1998, National Minimum Wage Act 1998, Employment Tribunals Act 1996, Working Time Regulations 1998, Transnational Information and Consultation of Employees Regulations 1999, Information and Consultation of Employees Regulations 2004, Part-time Workers (Prevention of Less Favourable Treatment) Regulations 2000, Fixed-term Employees (Prevention of Less Favourable Treatment) Regulations 2002, Employment Equality (Religion or Belief) Regulations 2003, Employment Equality (Sexual Orientation) Regulations 2003, Equality Act 2010, Employment Act 2002, Employment Act 2002 (Dispute Resolution) Regulations 2004, Employment Act 2008, Transfer of Undertakings (Protection of Employment) Regulations 2006, Occupational and Personal Pension Schemes (Consultation by Employers and Miscellaneous Amendment) Regulations 2006, EC law and all other relevant statutory provisions, and all other relevant statutory provisions;

6.      the Payment shall be made by the Respondent within 14 days after all the following steps have occurred: (a) an order of the United States Bankruptcy Court for the Southern District of New York approving Respondent's entry into this Agreement, (b) receipt by the Respondent of a copy of this COT3 form signed by the Claimant, and (c) a copy of notice from the Employment Tribunal dismissing her claim on withdrawal in accordance with the application referred to in clause 9;

7.      the parties shall keep the terms of this settlement (and the circumstances leading up to the termination of the Claimant's employment) confidential and agree not to disclose, communicate or otherwise make public the same to anyone with the exception of the parties' respective legal professional advisers, the relevant tax authorities, or as may be required by law or desirable in relation to the conduct of Chapter 11 of the United States Bankruptcy Code or other proceedings relating to any Group Member (including disclosure to the Official Committee of Unsecured Creditors or the United States Trustee in Respondent's chapter 11 proceedings), and in the Claimant's case of her husband to the extent required to negotiate or give effect to this agreement. Nothing in this form COT3 shall prevent the Claimant making any protected disclosure under s43A of the Employment Rights Act 1996.  The Claimant shall ensure that any professional advisers and her husband shall not divulge the terms of this settlement to any other party that is inconsistent with this paragraph;



8.      this agreement is conditional on the Respondent obtaining such approvals as may be required to give effect to it from the United States Bankruptcy Court for the Southern District of New York. The Respondent shall request that the Bankruptcy Court enter an order approving the Respondent's entry into this agreement as soon as reasonably practicable following agreement on the terms hereof and permitted by the Bankruptcy Court and any applicable rules governing the Chapter 11 proceedings.  If that approval is not given this agreement shall be ineffective ab initio and the Application may proceed;

9.      the Claimant shall write to the Employment Tribunal withdrawing her Application against the Respondent in the form attached at Schedule 1 to this agreement within [two (2) business days] of the Bankruptcy Court's entry of an order approving the Respondent's entry into this agreement with prejudice;

10.     the Claimant and the Respondent acknowledge that, following withdrawal of the Application by the Claimant, the proceedings covered by this settlement will be dismissed by the Employment Tribunal;

11.     the Respondent agrees on request from a prospective employer of the Claimant to provide to it a reference in the form attached at Schedule 2 to this agreement and will answer any related oral enquiries from third parties in a manner consistent with that reference; and

12.     the Claimant shall not make or cause to be made, whether directly or indirectly, any disparaging, derogatory or critical statements, whether orally or in writing, about the Respondent, Group Members, or any of its or their officers, employees shareholders, consultants or agents (in each case future, current or former).

13.     This Agreement shall be deemed to be without prejudice and subject to contract until such time as it is actually signed by both parties and dated, when it shall be treated as an open document evidencing a binding agreement.

14.     This Agreement constitutes the entire agreement between the parties. The Claimant acknowledges that in entering into this Agreement it does not rely on any statement, representation, assurance or warranty (whether made innocently or negligently) that is not set out in this Agreement. The Claimant agrees that it shall have no claim for innocent or negligent misrepresentation or negligent misstatement based on any statement in this Agreement.

15.     The construction, validity and performance of this Agreement and all non-contractual obligations (if any) arising from or connected with this Agreement shall be governed by the laws of England.

**acas**

16.  Each party irrevocably agrees to submit to the exclusive jurisdiction of the courts of England over any claim or matter (including any non-contractual claim) arising under or in connection with this Agreement.

Signed: ..................................    Dated: ...27/3/2023...

Claimant

Signed: .............................................    Dated: ............................................

Respondent

acas

16.    Each party irrevocably agrees to submit to the exclusive jurisdiction of the courts of England over
       any claim or matter (including any non-contractual claim) arising under or in connection with this
       Agreement.

Signed: ..............................................    Dated: ...........................................

       Claimant

Signed: ..............................................    Dated: .....3/27/23.....

       Respondent



**SCHEDULE 1**


Claimant letter to the London (Central) Employment Tribunal


WITHDRAWAL OF PROCEEDINGS


London (Central) Employment Tribunal


Date:                    [March] 2023


Dear London (Central) Employment Tribunal


**Mrs O Wohlman v Celsius Network Limited (Case Number: 2206156/2022)**

I am the Claimant in the above proceedings. I write to inform the Employment Tribunal that I hereby withdraw my claims against the Respondent in their entirety. I confirm that the parties have settled the whole of the proceedings through ACAS, by way of a COT3.

I am therefore writing to request that the proceedings in the above matter be withdrawn and ask that the Tribunal issues a judgment dismissing this claim under Rule 52 of The Employment Tribunals (Constitution and Rules of Procedure) Regulations 2013.


Yours faithfully




Odette Wohlman


Cc: Roxane Davey, r.davey@taylorwessing.com and Sean Nesbitt, s.nesbitt@taylorwessing.com

acas

**SCHEDULE 2**


Reference


[On headed notepaper of Respondent]


PRIVATE AND CONFIDENTIAL


[DATE]

Dear [NAME]


Odette Wohlman


I write further to your letter of [DATE] requesting a reference for Mrs Wohlman who has [applied to you to work OR been offered a job by you] as [POSITION].


I confirm that Mrs Wohlman started employment with Celsius Network Limited on 20 June 2021 and her employment ended with us on 1 June 2022. She was employed as an Operations Director.


It is our policy only to provide references containing information as to employees' roles and dates of employment. This should not be seen as implying any comment about the candidate or her suitability for employment as [POSITION] at [PROSPECTIVE EMPLOYER].


Yours faithfully



[NAME]

For and on behalf of Celsius Network Limited