**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, et al.,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## <u>SUPPLEMENTAL AFFIDAVIT OF SERVICE</u>

I, Monica Arellano, depose and say that I am employed by Stretto, the claims and noticing agent for the Debtors in the above-captioned cases.

On March 9, 2023, at my direction and under my supervision, employees of Stretto caused the following documents to be served via first-class mail on the service list attached hereto as **Exhibit A**, pursuant to USPS forwarding instructions:

- **Bidding Procedures for the Potential Sale of Certain of the Debtors' Assets** (attached hereto as **Exhibit B**)

- **Notice of Auction for the Potential Sale of Certain of the Debtors' Assets Free and Clear of Any and All Claims, Interests, and Encumbrances** (attached hereto as **Exhibit C**)

- **Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases** (Docket No. 1300)

Furthermore, on March 9, 2023, at my direction and under my supervision, employees of Stretto caused the following document to be served via first-class mail on the service list attached hereto as **Exhibit D**, pursuant to USPS forwarding instructions:

- **Third Monthly Fee Statement of Akin Gump Strauss Hauer & Feld LLP for Professional Services Rendered and Reimbursement of Expenses Incurred as Special Litigation Counsel to the Debtors for the Period of October 1, 2022 Through October 31, 2022** (Docket No. 1668)

[THIS SPACE INTENTIONALLY LEFT BLANK]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (0143); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

[2] The Debtors are authorized pursuant to The Order Authorizing the Debtors to File Under Seal the Names of Certain Confidential Parties in Interest Related to the Debtors' Potential Sale of Certain Assets [Docket No. 697] to redact as to the names and identifiable information of the confidential parties

Furthermore, on March 10, 2023, at my direction and under my supervision, employees of Stretto caused the following document to be served via first-class mail on Bhagamshi Kannegundla at a redacted address, pursuant to USPS forwarding instructions:

- **[Customized for Rule 3001(e)(2)] Notice of Transfer of Claim Pursuant to F.R.B.P. 3001(e)(2) [Re: Docket No. 2130]**

Furthermore, on March 10, 2023, at my direction and under my supervision, employees of Stretto caused the following document to be served via first-class mail on Paul Rink at a redacted address, pursuant to USPS forwarding instructions:

- **[Customized for Rule 3001(e)(2)] Notice of Transfer of Claim Pursuant to F.R.B.P. 3001(e)(2) [Re: Docket No. 2141]**

Furthermore, on or before March 14, 2023, at my direction and under my supervision, employees of Stretto caused the following document to be served via first-class mail on the service list attached hereto as **Exhibit E**, and one (1) confidential party not included herein, pursuant to USPS forwarding instructions:

- **Notice of Deadline Requiring Submission of Proofs of Claim on or Before January 3, 2023, and Related Procedures for Submitting Proofs of Claim in the Above-Captioned Chapter 11 Cases** (attached hereto as **Exhibit F**)

Furthermore, on or before March 15, 2023, at my direction and under my supervision, employees of Stretto caused the following documents to be served via first-class mail on Office of the United States Trustee for the Southern District of New York, Attn: Shara Cornell, Mark Bruh, & Brian S. Masumoto at 1 Bowling Grn, Ste 534, New York, NY 10004-1459, pursuant to USPS forwarding instructions:

- **Supplemental Declaration of Vicente E. Lazar in Support of the Application Authorizing the Employments of Jenner & Block LLP as Attorneys for the Examiner Effective as of September 29, 2022** (Docket No. 1608)

- **Interim Order (I) Authorizing the Gk8 Debtors to (a) Continue to Operate the GK8 Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Gk8 Business Forms, and (D) Continue to Perform GK8 Intercompany Transactions, (II) Granting Superpriority Administrative Expense Status to Postpetition GK8 Intercompany Balances, and (III) Granting Related Relief** (Docket No. 1653)

- **Order (I) Authorizing Christopher Ferraro to Act as Foreign Representative and (II) Granting Related Relief** (Docket No. 1654)

- **Order (I) Applying Certain Orders in Initial Debtors' Chapter 11 Cases to, GK8 Ltd., GK8 USA LLC, and GK8 UK Limited and (II) Granting Related Relief** (Docket No. 1655)

- **Debtors' Statement in Support of Entry of the Order (I) Approving the Sale of the GK8 Debtors' Assets Free and Clear of All Claims, Liens, Rights, Interests and**

**Encumbrances, (II) Authorizing the GK8 Debtors to Enter into and Perform Their Obligations Under the Asset Purchase Agreement, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief** (Docket No. 1671)

- **Declaration of Holden Bixler in Support of the Order (I) Approving the Sale of the GK8 Debtors' Assets Free and Clear of All Claims, Liens, Rights, Interests and Encumbrances, (II) Authorizing the GK8 Debtors to Enter into and Perform Their Obligations Under the Asset Purchase Agreement, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief** (Docket No. 1672)

- **Notice of Filing of Further Revised Proposed Order (I) Approving the Sale of the GK8 Debtors' Assets Free and Clear of All Claims, Liens, Rights, Interests and Encumbrances, (II) Authorizing the GK8 Debtors to Enter into and Perform Their Obligations Under the Asset Purchase Agreement, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief** (Docket No. 1673)

- **Public Coins and Budget Report** (Docket No. 1676)

- **Notice of Filing of Revised Proposed Order (I) Approving the Debtors' Key Employee Retention Plan and (II) Granting Related Relief** (Docket No. 1677)

- **Declaration of Disinterestedness of McMillan LLP Pursuant to the Order Authorizing the Retention and Compensation of Professionals Utilized in the Ordinary Course of Business** (Docket No. 1689)

- **Notice of Adjournment** (Docket No. 1694)

- **Notice of Filing of Further Revised Proposed Order (I) Authorizing the Debtors to Pay Certain Decentralized Finance Loans and (II) Grating Related Relief** (Docket No. 1695)

- **First Interim Fee Application of Kirkland & Ellis LLP and Kirkland & Ellis International LLP, Attorneys for the Debtors and Debtors in Possession, for the Interim Fee Period from July 13, 2022 Through and Including October 31, 2022** (Docket No. 1721)

- **Notice of Filing of Further Revised Proposed Order (I) Authorizing the Debtors to Pay Certain Decentralized Finance Loans and (II) Granting Related Relief** (Docket No. 1725)

- **Notice of Filing of Revised Proposed Order (I) Setting a Briefing Schedule and (II) Granting Related Relief** (Docket No. 1729)

- **Second Supplemental Declaration of Patrick J. Nash, Jr. In Support of the Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the**

**Debtors and Debtors in Possession Effective as of July 13, 2022** (Docket No. 1731)

- **Agenda for Hearing to Be Held December 20, 2022, at 10:00 A.M. (Prevailing Eastern Time)** (Docket No. 1735)

- **Omnibus Notice of Filing of First Interim Fee Applications for Debtor Professionals** (Docket No. 1736)

- **Second Supplemental Declaration of Robert Campagna in Support of Debtors' Application to Employ and Retain Alvarez & Marsal North America, LLC as Financial Advisor to the Debtors and Debtors in Possession Effective as of July 13, 2022** (Docket No. 1737)

- **Debtors' Objection to Immanuel Herrmann's Motion for the Entry of an Order (I) Appointing a Chapter Eleven Mediator (II) Directing Mandatory Mediation and (III) Granting Related Relief** (Docket No. 1738)

- **Notice of Filing of First Interim Fee Applications of Examiner's Professionals** (Docket No. 1740)

- **Order (I) Setting a Briefing Schedule and (II) Granting Related Relief** (Docket No. 1747)

- **Notice of Rejection of Certain Executory Contracts** (Docket No. 1753)

- **Reply in Support of Immanuel Herrmann's Motion for the Entry of an Order (I) Appointing a Chapter Eleven Mediator (II) Directing Mandatory Mediation and (III) Granting Related Relief** (Docket No. 1754)

- **Notice of Filing Revised Proposed Order (I) Authorizing the Debtors to Reopen Withdrawals for Certain Customers with Respect to Certain Assets Held in the Custody Program and Withhold Accounts and (II) Granting Related Relief** (Docket No. 1755)

- **Notice of Filing of Revised Proposed Order (I) Authorizing the Retention and Employment of Ernst & Young LLP as Tax Compliance and Tax Advisory Services Provider, Effective as of July 13, 2022, and (II) Granting Related Relief** (Docket No. 1756)

- **Notice of Cancellation of Hearing Scheduled for December 22, 2022** (Docket No. 1757)

- **Notice of Filing of December 20, 2022, Hearing Presentation** (Docket No. 1758)

- **Notice of Presentment and Opportunity for Hearing on Second Joint Stipulation and Agreed Order Between the Securities and Exchange Commission and the Debtors to Extend the deadline for Filing a Nondischargeability Complaint and Proofs of Claim** (Docket No. 1782)

- **Third Supplemental Declaration of Robert Campagna in Support of Debtors'**

**Application to Employ and Retain Alvarez & Marsal North America, LLC as Financial Advisor to the Debtors and Debtors in Possession Effective as of July 13, 2022** (Docket No. 1785)

- **Declaration of Disinterestedness of Conyers Dill & Pearman Pursuant to the Order Authorizing the Retention and Compensation of Professionals Utilized in the Ordinary Course of Business** (Docket No. 1790)

- **Notice of Adjournment** (Docket No. 1841)

- **Certificate of No Objection Regarding the Debtors' Motion Seeking Entry of an Order(I) Extending the Bar Dates for Submitting Proofs of Claim, (II) Approving Notice Thereof, and (III) Granting Related Relief** (Docket No. 1842)

- **Notice of Cancellation of Hearing Scheduled for January 10, 2023** (Docket No. 1843)

- **Second Notice of Amended Dates and Deadlines with Respect to Bidding Procedures for the Potential Sale of Substantially All of the Debtors' Assets** (Docket No. 1844)

Furthermore, on March 15, 2023, at my direction and under my supervision, employees of Stretto caused the following document to be served via first-class mail on Wilcox, Waylon J at a redacted address, pursuant to USPS forwarding instructions:

- **Notice of Adjournment of Hearing on Debtors' Second Motion for Entry of an Order (I) Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code and (II) Granting Related Relief** (Docket No. 2101)

- **Order Pursuant to Section 327(e) of the Bankruptcy Code Authorizing the Retention and Employment of A.M. Saccullo Legal, LLC as Special Counsel to the Debtors Effective as of December 1, 2022** (Docket No. 2142)

[THIS SPACE INTENTIONALLY LEFT BLANK]

Furthermore, on March 15, 2023, at my direction and under my supervision, employees of Stretto caused the following document to be served via first-class mail on the service list attached hereto as **Exhibit G**, pursuant to USPS forwarding instructions:

- **Notice of Auction for the Potential Sale of Certain of the Debtors' Assets Free and Clear of Any and All Claims, Interests, and Encumbrances** (attached hereto as **Exhibit C**)

Dated: March 20, 2023

Monica Arellano

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California,
County of Orange

Subscribed and sworn to (or affirmed) before me on this 20th day of March, 2023, by Monica Arellano, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Signature: _____

STEPHANIE M. DELGADO
Notary Public - California
Orange County
Commission # 2288834
My Comm. Expires May 17, 2023

# **<u>Exhibit A</u>**



**Exhibit A**
Served via First-Class Mail

| NAME | ADDRESS 1 | ADDRESS 2 | CITY | STATE | ZIP |
|---|---|---|---|---|---|
| CELSIUS NETWORK LLC | 121 RIVER ST | STE 1 | HOBOKEN | NJ | 07030-5982 |
| SCOTT TAYLOR | ON FILE | | | | |

# **Exhibit B**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

## BIDDING PROCEDURES FOR THE
## POTENTIAL SALE OF CERTAIN OF THE DEBTORS' ASSETS

On July 13, 2022, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Court").

On November 2, 2022, the Court entered the *Order (I) Approving the Bidding Procedures in Connection With the Sale of Substantially All of the Debtors' Assets, (II) Scheduling Certain Dates With Respect Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Approving Contract Assumption And Assignment Procedures, and (V) Granting Related Relief* [Docket No. 1272] (the "Bidding Procedures Order"),[2] by which the Court approved the following procedures (the "Bidding Procedures").

These Bidding Procedures set forth the process for potential auctions (each auction, an "Auction") for the sale (each sale, a "Sale") of all or a portion of the Debtors' assets, properties, goodwill, and rights relating to their businesses (collectively, the "Assets"), including:

(i)     the assets, properties, goodwill, and rights relating to their businesses comprising the Debtors' retail platform business (the "Retail Platform Assets"), including customer earn accounts and coin balances, retail and institutional lending portfolio, swap services, staking platform, CelPay (the Debtors' cryptocurrency payment and transfer feature), and CelsiusX (the Debtors' decentralized finance arm that utilizes wrapped cryptocurrency tokens to bridge centralized finance infrastructure to decentralized finance

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

[2]     All capitalized terms used but not immediately defined shall have the meanings ascribed to them elsewhere in these Bidding Procedures.

opportunities), and any cryptocurrencies or digital assets held by the Debtors (to the extent that they comprise property of the estate as such term is defined under section 541 of the Bankruptcy Code); and

(ii) the GK8 Assets, as defined in the *Order (I) Approving Bidding Procedures for the Potential Sale of Certain of the Debtors' Assets, (II) Scheduling Certain Dates with Respect Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Approving Contract Assumption and Assignment Procedures, and (V) Granting Related Relief* (the "GK8 Bidding Procedures Order") [Docket No. 687].[3]

To the extent that these Bidding Procedures require the Debtors to consult with or receive the consent of the Official Committee of Unsecured Creditors (the "Committee") in connection with making a determination or taking any action, or in connection with any other matter related to these Bidding Procedures or at an Auction (as defined below), if any, the Debtors shall do so in a regular and timely manner prior to making such determination or taking any such action. All decisions made by the Debtors pursuant to these Bidding Procedures must be approved by the Special Committee of the Board of Debtor Celsius Network Limited.

The Debtors and the Committee are evaluating whether the value of the estates would be maximized through a stand-alone restructuring or a sale of some or all of the Assets. Therefore, the bidding and sale process will be administered by the Debtors, in consultation with the Committee, and subject to the consent rights of the Committee herein. The Debtors may sell, some, all, or none of the Assets, and the parties may not give special consideration to any potential Bid proposed by an insider or an affiliate of any insider (as such term is defined in 11 U.S.C. §101(31)). Without the prior written consent of the Debtors and the Committee, no insider of the Debtors or entity affiliated with any insider of the Debtors may (i) communicate with any Potential Bidder or Bidder about its potential Bid or Bid, or (ii) receive or be given access to any non-public information or documentation related to a Bid or potential Bid.

> **Copies of the Bidding Procedures Order or other documents related thereto are available upon request to Stretto, Inc. by calling (855) 423-1530 (Domestic) or (949) 669-5873 (International) or visiting the Debtors' restructuring website at (https://cases.stretto.com/celsius).**

## I.   Important Dates and Deadlines, including Contingent Dates for the Retail Platform Assets.

These Bidding Procedures set forth the terms by which prospective bidders, if any, may qualify for and participate in an Auction, thereby competing to make the highest or otherwise best offer or combination of offers to purchase the Debtors' Assets. The Assets will be offered for sale

---

[3]   These Bidding Procedures only apply to the bidding and sale of the GK8 Assets to the extent they are not sold pursuant to the GK8 Bidding Procedures Order. The sale of the Debtors' cryptocurrency mining business and related assets, properties, goodwill, and rights relating to their businesses (collectively, the "Mining Assets") under these Bidding Procedures will be overseen by the Mining Restructuring Officer.

through an Auction. The Debtors may consider bids from multiple bidders (including multiple bids submitted by the same bidder) for the assets in any combination.

The Bidding Procedures provide separate deadlines for the sale of the Retail Platform Assets and any Remaining Assets (as defined below), and allow flexibility to sell the Assets together or separately, depending on which transaction creates the most value.

If the Debtors and the Committee jointly determine in their reasonable discretion that it is in the best interests of the Debtors' estates to conduct a sale of the Retail Platform Assets independently from the Debtors' other Assets, then the Debtors will file a Notice of Auction for Sale of Retail Platform Assets on the docket on or before December 13, 2022, and provide all interested parties with notice of an Auction (email being sufficient), including the date, time, and place of an Auction (if one is held), the respective deadlines related thereto, and no other or further notice of such Auction shall be required.

The key dates and deadlines for the bidding and sale of the Retail Platform Assets, which are subject to the right of the Debtors, with the consent of the Committee (such consent not to be unreasonably withheld), to modify the following dates as provided herein, are as follows:

| Event or Deadline | Date and Time[4] |
|---|---|
| Initial Bid Deadline for Retail Platform Assets | November 21, 2022 at 4:00 p.m. (prevailing Eastern Time) |
| Final Bid Deadline for Retail Platform Assets | December 12, 2022 at 4:00 p.m. (prevailing Eastern Time) |
| Auction for Retail Platform Assets | December 15, 2022 at 10:00 a.m. (prevailing Eastern Time) via remote video or such other means as determined by the Debtors after consultation with the Committee |
| Cure Objection Deadline for Retail Platform Assets | December 19, 2022 at 4:00 p.m. (prevailing Eastern Time) |
| Sale Objection Deadline for Retail Platform Assets | December 19, 2022 at 4:00 p.m. (prevailing Eastern Time) |
| Sale Hearing for Retail Platform Assets | December 22, 2022 at 10:00 a.m. (prevailing Eastern Time) or as soon thereafter as the Court's calendar permits |

There will be a subsequent process to solicit bids for the Sale of the Debtors' Assets, including the Mining Assets (all remaining unsold Assets, the "Remaining Assets"). If any of the Retail Platform Assets are not sold pursuant to a Sale in the process reflected above, then the Remaining Assets shall include such unsold Retail Platform Assets.

---

[4]    All dates and deadlines are subject to Bankruptcy Rule 9006.

The key dates and deadlines for the bidding and sale of the Remaining Assets, which are subject to the right of the Debtors, with the consent of the Committee (such consent not to be unreasonably withheld), to modify the following dates as provided herein, are as follows:

| Event or Deadline | Date and Time[5] |
|---|---|
| Final Bid Deadline for Remaining Assets | December 12, 2022 at 4:00 p.m. (prevailing Eastern Time) |
| Auction for Remaining Assets | December 15, 2022 at 10:00 a.m. (prevailing Eastern Time) via remote video or such other means as determined by the Debtors after consultation with the Committee |
| Cure Objection Deadline for Remaining Assets | December 19, 2022 at 4:00 p.m. (prevailing Eastern Time) |
| Sale Objection Deadline for Remaining Assets | December 19, 2022 at 4:00 p.m. (prevailing Eastern Time) |
| Sale Hearing for Remaining Assets | December 22, 2022 at 10:00 a.m. (prevailing Eastern Time) or as soon thereafter as the Court's calendar permits |

## II.    Public Announcement of Auction.

As soon as reasonably practicable after entry of the Bidding Procedures Order, the Debtors shall (a) serve on the Notice Parties (as defined below) a notice of the potential Auction and Sale (the "Sale Notice"), (b) post the Sale Notice on their restructuring website, https://cases.stretto.com/celsius, (c) publish the Sale Notice, with any modifications necessary for ease of publication, once in the *The New York Times* (national edition) and *CoinDesk* (CoinDesk.com), to provide notice to any other potential interested parties.

## III.    Potential Bidder Requirements.

To participate in the bidding process or otherwise be considered for any purpose hereunder, a person or entity (other than any Stalking Horse Bidder) interested in purchasing the Assets (a "Potential Bidder") must deliver or have previously delivered to the Debtors the following documents (collectively, the "Preliminary Bid Documents"):

a.    an executed confidentiality agreement (a "Confidentiality Agreement") in form and substance acceptable to the Debtors, in consultation with the Committee;

b.    preliminary proof by the Potential Bidder of its financial capacity to close the proposed transaction (which may include current audited or verified financial statements of, or verified financial commitments ("Financial Statements") obtained by, the Potential Bidder (or, if the Potential Bidder is an entity formed for the

---

[5]    All dates and deadlines are subject to Bankruptcy Rule 9006.

purpose of acquiring the property to be sold, the party that will bear liability for a breach) as well as an overview of any recent transactions), the adequacy of which must be acceptable to the Debtors, in consultation with the Committee;

c.    preliminary proof by the Potential Bidder of its ability to receive any and all necessary governmental, licensing, regulatory, and other approvals, and to provide adequate assurance of future performance under any executory contracts and unexpired leases to be assumed by the Debtors and assigned to such Potential Bidder, pursuant to section 365 of the Bankruptcy Code, in connection with any transaction;

d.    identity of the Potential Bidder, including its legal name, jurisdiction and form of organization, and details regarding the ownership and capital structure of the Potential Bidder, as well as the identity of any controlling persons, significant direct or indirect equity or debt investors, and/or guarantors of such entity;

e.    a list with the names and contact information for any financial, legal and other advisors the Potential Bidder has engaged to assist in connection with the proposed Sale; and

f.    a description of the nature and extent of any due diligence the Potential Bidder wishes to conduct.

The Committee's counsel and other professional advisors retained in these chapter 11 cases (the "Committee Professionals")[6] may communicate with, meet with, and provide information to Potential Bidders, subject to any confidentiality protocols established with the Debtors. The Committee Professionals will reasonably consult with, and reasonably coordinate with, the Debtors' professionals regarding the marketing process contemplated by the Bidding Procedures (including communications involving, and any information provided to, Potential Bidders). Each Potential Bidder shall comply with all reasonable requests for information and due diligence access by the Debtors, the Committee, or their advisors regarding the ability of such Potential Bidder, as applicable, to consummate a proposed Sale. Promptly after a Potential Bidder delivers Preliminary Bid Documents, the Debtors shall (i) provide copies of all Preliminary Bid Documents to the Committee and (ii) determine, in consultation with the Committee, and notify each Potential Bidder as to whether such Potential Bidder has submitted acceptable Preliminary Bid Documents. In the event that the Debtors deem that a Potential Bidder has not met the requirements for being deemed an Acceptable Bidder, the Debtors must promptly inform the Committee of such determination (and the reasons therefor). Only those Potential Bidders that have submitted acceptable Preliminary Bid Documents to the reasonable satisfaction of the Debtors and their advisors may submit bids to purchase the Debtors' Assets. The Debtors reserve the right to work with any Potential Bidder to cure any deficiencies in the Preliminary Bid Documents.

The Debtors will provide regular updates to the Committee Professionals regarding Potential Bidders, including a telephone conference to occur not less than once per week, and allow

---

[6]    The Committee Professionals include White & Case, LLP, Perella Weinberg Partners LP, and M3 Partners, LP.

the Committee Professionals to participate in all management presentations and formal meetings that include Potential Bidders.

## IV.    Non-Binding Indications of Interest for Retail Platform Assets.

Any party interested in purchasing some or all of the Retail Platform Assets shall submit a non-binding indication of interest (an "Indication of Interest") (email being sufficient) to (a) the Debtors' counsel, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Joshua A. Sussberg, P.C. (joshua.sussberg@kirkland.com) and Tommy Scheffer (tommy.scheffer@kirkland.com), and 300 North LaSalle, Chicago, Illinois 60654, Attn.: Patrick J. Nash, Jr., P.C. (patrick.nash@kirkland.com), Ross M. Kwasteniet, P.C. (ross.kwasteniet@kirkland.com), Christopher S. Koenig (chris.koenig@kirkland.com), and Dan Latona (dan.latona@kirkland.com); (b) the Debtors' investment bank, Centerview Partners LLC, 31 West 52nd Street, New York, New York 10019, Attn.: Marc Puntus (mpuntus@centerview.com), Ryan Kielty (rkielty@centerview.com), Sean Carmody (scarmody@centerview.com) and Seth Lloyd (slloyd@centerview.com); (c) counsel to the Committee of Unsecured Creditors, White & Case LLP, 111 South Wacker Drive Suite 5100, Chicago, Illinois 60606, Attn: Gregory F. Pesce (gregory.pesce@whitecase.com) and  200 S. Biscayne Blvd, Miami FL 33131, Attn: Gregory Warren (gregory.warren@whitecase.com); and (d) the Committee's investment banker, Perella Weinberg Partners, LP 767 Fifth Avenue, 5th Floor, New York, New York 10153, Attn: Kevin Cofsky (kcofsky@pwpartners.com) and Matthew Rahmani (mrahmani@pwpartners.com) so as to be **actually received no later than 4:00 p.m. (prevailing Eastern Time) on November 21, 2022 (the "Initial Bid Deadline")**. The Initial Bid Deadline may be extended without notice or hearing by the Debtors, after consultation with the Committee.

The Indication of Interest should (i) set forth a proposed purchase price for the proposed transaction, including by identifying separately any cash and non-cash components of the proposed transaction consideration, which non-cash components may include equity in a Debtor, a reorganized Debtor, or another entity proposed by a Potential Bidder, as applicable, and (ii) identify any proposed conditions to closing the transaction.

Submitting an Indication of Interest by the Initial Bid Deadline does not obligate the submitting party to submit a formal bid or participate in the sale process and does not exempt the submitting party from also having to submit a Qualified Bid by the Final Bid Deadline to participate in an Auction, each as defined below.  For the avoidance of any doubt, any formal Bid for the Retail Platform Assets must be submitted by the Final Bid Deadline of December 12, 2022 at 4:00 p.m. (prevailing Eastern Time) even if such party submits an Indication of Interest.

## V.    Obtaining Due Diligence Access.

Only Potential Bidders that have submitted acceptable Preliminary Bid Documents to the reasonable satisfaction of the Debtors and their advisors, in consultation with the Committee, including any Stalking Horse Bidder (if any), and the Committee Professionals shall be eligible to receive due diligence information and access to the Debtors' electronic data room and to additional non-public information regarding the Debtors.  All due diligence requests must be directed to Centerview Partners LLC ("Centerview") as set forth in Section V.A. below.  The Debtors will

provide to each Potential Bidder reasonable due diligence information, as requested by such Potential Bidder in writing, as soon as reasonably practicable after such request, and the Debtors shall post substantially all written due diligence provided to any Potential Bidder to the Debtors' electronic data room.  Potential Bidders will not, directly or indirectly, contact or initiate or engage in discussions in respect of matters relating to the Debtors or a potential transaction with any insider (as defined in section 101(31) of the Bankruptcy Code), affiliate of any insider, account holder, customer, supplier, or contractual counterparty of the Debtors without the prior written consent of the Debtors; *provided* that pursuant to these Bidding Procedures (including the confidentiality protocols established with the Debtors) and in compliance with any applicable Confidentiality Agreement, any Potential Bidder may contact, initiate, or engage in discussions with the Committee Professionals, subject to the Committee's obligations under the Bidding Procedures Order.  The due diligence period will end on the respective Final Bid Deadline (as defined herein) and, subsequent to the Final Bid Deadline, the Debtors shall have no obligation to furnish any due diligence information.

In connection with the provision of due diligence information to Potential Bidders, the Debtors shall not furnish any confidential information relating to the Debtors or a potential transaction to any person except a Potential Bidder or such Potential Bidder's duly authorized representatives to the extent provided in an applicable Confidentiality Agreement, and the Committee.

The Debtors and their advisors shall coordinate all reasonable requests for additional information and due diligence access from Potential Bidders; *provided* that the Debtors may decline to provide such information to Potential Bidders that, in the Debtors' reasonable business judgment and in consultation with the Committee have not established, or who have raised doubt, that such Potential Bidders intend in good faith to, or have the capacity to, consummate any Sale. For any Bidder that is a competitor, account holder, or customer of the Debtors or is affiliated with any competitors, account holders, or customers of the Debtors, the Debtors reserve the right, in consultation with the Committee, to withhold or modify any diligence materials that the Debtors, in their sole discretion, determine are business-sensitive or otherwise inappropriate for disclosure to such bidder.

### A.    Communications with Potential Bidders (including Qualified Bidders).

Notwithstanding anything to the contrary in these Bidding Procedures, all substantive direct communications, including any diligence requests, with Potential Bidders and Qualified Bidders shall be through Centerview (email being sufficient).

**Centerview Partners LLC, 31 West 52nd Street, New York, New York 10019, Attn.: Sean Carmody (scarmody@centerview.com), Ryan Kielty (rkielty@centerview.com), Seth Lloyd (slloyd@centerview.com), Marc Puntus (mpuntus@centerview.com), Ryan Kielty (rkielty@centerview.com), shall coordinate all requests for additional information and due diligence access on behalf of the Debtors.**

B.        **Due Diligence from Potential Bidders (including Qualified Bidders).**

Each Potential Bidder (including any Qualified Bidder) shall comply with all reasonable requests for additional information and due diligence access requested by the Debtors, in consultation with the Committee, or their advisors regarding the ability of such Potential Bidder (including any Qualified Bidder) to consummate its contemplated transaction.  Failure by a Potential Bidder (including any Qualified Bidder) to comply with such reasonable requests for additional information and due diligence access may be a basis for the Debtors, in consultation with the Committee, to determine that such bidder is no longer a Qualified Bidder or that a bid made by such bidder is not a Qualified Bid.

VI.    **Stalking Horse Bidders and Bid Protections.**

The Debtors shall be authorized, but not obligated, in an exercise of their business judgment, after consultation with the Committee, to select one or more Qualified Bidders to act as stalking horse bidders in connection with a Sale (each, a "Stalking Horse Bidder"), and enter into purchase agreement with respect to a Sale with such Stalking Horse Bidder (each such agreement, a "Stalking Horse Agreement"); *provided* that, in the event the Debtors seek to select one or more bidders to act as the Stalking Horse Bidder and enter into a Stalking Horse Agreement with such Stalking Horse Bidder, the Debtors shall promptly file with the Court and serve on the Notice Parties a notice of hearing on the same and the Court shall hold a hearing to consider approval of the designation of the Stalking Horse Bidder and Stalking Horse Agreement to be held on the first date the Court is available that is at least five business days after filing such notice, with objections due at 4:00 p.m. (prevailing Eastern Time) the day prior to such hearing.  The bid protections provided in a Stalking Horse Agreement (if any) shall be described in detail, including the amount and calculation of such bid protections, in the notice of hearing to consider the selection of the Stalking Horse Bidder and Stalking Horse Agreement and such bid protections shall be subject to the approval of the Court in all respects.

VII.    **Bid Requirements.**

To be selected to acquire some or all of the Assets or to be eligible to participate in an Auction, if applicable, a Potential Bidder (other than a Stalking Horse Bidder) must deliver to the Debtors and their advisors a written, irrevocable, and binding offer for purchase of the Assets (the "Bid") that must be determined by the Debtors in their business judgment, in consultation with the Committee, to satisfy each of the following conditions (collectively, the "Bid Requirements"):

a.    **Identity**: Each Bid must fully disclose the identity of each entity and each entity's shareholders, partners, investors, and ultimate controlling entities that will be bidding for or purchasing the applicable assets or otherwise participating in connection with such Bid, and the complete terms of any such participation, along with sufficient evidence that the Potential Bidder is legally empowered to complete the transactions on the terms contemplated by the parties.  Each Bid must also include contact information for the specific person(s) whom Centerview and Kirkland & Ellis LLP ("Kirkland") should contact regarding such Bid;

8

b.    **Identity of Assets and Purchase Price:** Each Bid must clearly state which Assets (including Mining Assets and Retail Platform Assets) the Potential Bidder seeks to acquire along with which liabilities and obligations the Potential Bidder agrees to assume. Each Bid must clearly set forth the purchase price to be paid, including cash and non-cash components, if any, which non-cash components may include equity in a Debtor, a reorganized Debtor, or another entity proposed by a Potential Bidder as applicable (collectively, the "Purchase Price"). The Purchase Price should be a single value in U.S. Dollars for the total enterprise value of the Assets the Potential Bidder seeks to acquire on a cash-free, debt-free basis.

c.    **Good Faith Deposit:** Each Bid must be accompanied must be accompanied by a cash deposit equal to the greater of $20,000,000.00 and ten percent of non-coin related value in cash, submitted by wire transfer of immediately available funds to an escrow account to be identified and established by the Debtors (the "Good Faith Deposit"). To the extent a Qualified Bid is modified before, during, or after an Auction in any manner that increases the purchase price contemplated by such Qualified Bid, the Debtors reserve the right to require that such Qualified Bidder (as defined below) increase its Good Faith Deposit so that it equals ten percent of the increased Purchase Price;

d.    **Markup of the Purchase Agreement:** Each Bid must be accompanied by executed transaction documents, including a draft purchase agreement, the form of which will be provided to any Potential Bidder prior to the respective Final Bid Deadline and in the case of an Auction with a Stalking Horse Bidder, a markup of the Stalking Horse Agreement, including the exhibits, schedules and ancillary agreements related thereto and any other related material documents integral to such Bid pursuant to which the Potential Bidder proposes to effectuate the proposed Sale, along with copies that are marked to reflect any amendments and modifications from the form purchase agreement provided to such Potential Bidder, which amendments and modifications may not be materially more burdensome or otherwise materially inconsistent with these Bidding Procedures. The Debtors, in their reasonable business judgment and after consultation with the Committee, will determine whether any such amendments and modifications are materially more burdensome;

e.    **Committed Financing:** Each Bid must include committed financing, documented to the Debtors' reasonable satisfaction, after consultation with the Committee, that demonstrates the Potential Bidder has received sufficient debt and equity funding commitments to satisfy such Potential Bidder's Purchase Price and other obligations under its Bid, including the identity and contact information of the specific person(s) or entity(s) responsible for such committed financing whom Centerview and Kirkland should contact regarding such committed financing. Such funding commitment shall not be subject to any internal approval, syndication requirements, diligence or credit committee approvals, and shall have covenants and conditions reasonably acceptable to the Debtors, in consultation with the Committee;

9

f.  **Pro Forma Capital Structure:** Each Bid must include a description of the Bidder's pro forma capital structure;

g.  **Contingencies; No Financing or Diligence Outs:** Any Bid shall not be conditioned on the obtaining or the sufficiency of financing, any internal approval, or on the outcome or review of due diligence, but may be subject to the accuracy at the closing of the specified representations and warranties, which shall not be more burdensome, in the Debtors' reasonable business judgment, after consultation with the Committee, than those contemplated by the Stalking Horse Bid, if any, and each Bid must identify with particularity each and every condition to closing, including the executory contracts and unexpired leases for which assumption and assignment is required. The Potential Bidders are expected to have completed all of their due diligence by the respective Final Bid Deadline, including all business, legal, accounting, and other confirmatory diligence. The extent and nature of any remaining due diligence should be set forth in a specific list attached to each Bid;

h.  **As-Is, Where-Is:** Each Bid must include a written acknowledgement and representation that the Potential Bidder: (i) has had an opportunity to conduct any and all due diligence prior to making its offer; (ii) has relied solely upon its own independent review, investigation, and/or inspection of any documents and/or the assets in making its Bid; and (iii) did not rely upon any written or oral statements, representations, promises, warranties, or guaranties whatsoever, whether express, implied, by operation of law, or otherwise, regarding the assets or completeness of any information provided in connection therewith or an Auction, except as expressly stated in the Potential Bidder's proposed purchase agreement;

i.  **Authorization:** Each Bid must contain evidence that the Potential Bidder has obtained authorization or approval from its shareholders and/or its board of managers or directors, as applicable, with respect to the submission of its Bid and the consummation of the transactions contemplated in such Bid;

j.  **Adequate Assurance of Future Performance:** Each Bid must (i) identify the Contracts to be assumed and assigned in connection with the proposed Sale, (ii) provide for the payment of all Cure Costs related to such Contract by the Potential Bidder and (iii) demonstrate, in the Debtors' reasonable business judgment after consultation with the Committee, that the Potential Bidder can provide adequate assurance of future performance under all such Contracts;

k.  **Government Approvals:** Each Bid, including the Stalking Horse Bid (if any), must include (i) a description of all governmental, licensing, regulatory, or other approvals or consents that are required to close the proposed Sale, together with evidence satisfactory to the Debtors after consultation with the Committee, of the ability to obtain such consents or approvals in a timely manner and (ii) a description of any material contingencies or other conditions that will be imposed upon, or that will otherwise apply to, the obtainment or effectiveness of any such consents or approvals;

10

l.      **Government Approvals Timeframe:** Each Bid must set forth (i) an estimated timeframe for obtaining any required governmental, licensing, regulatory, or other approvals or consents for consummating any proposed Sale, and (ii) the basis for such estimate;

m.      **Compliance with Bankruptcy Code and Non-Bankruptcy Law; Acknowledgment:** Each Bid must comply in all respects with the Bankruptcy Code and any applicable non-bankruptcy law. Each Bid must also include a written acknowledgment that the Bidder agrees to all of the terms of the Sale set forth in these Bidding Procedures;

n.      **Irrevocable:** A Potential Bidder's Bid must be binding and irrevocable unless and until the Debtors accept a higher Bid and such Potential Bidder is not selected as the Backup Bidder (as defined herein);

o.      **No Fees:** Other than a Stalking Horse Bidder (solely to the extent the Court approves any Bid Protections under the Stalking Horse Agreement), each Potential Bidder presenting a Bid or Bids will bear its own costs and expenses (including legal fees) in connection with the proposed transaction, and by submitting its Bid is agreeing to refrain from and waive any assertion or request for breakup fee, transaction fee, termination fee, expense reimbursement, or any similar type of payment or reimbursement on any basis, including under section 503(b) of the Bankruptcy Code; *provided* that the Debtors are authorized in their discretion, after consultation with the Committee, to provide certain bid protections to one or more Stalking Horse Bidders solely in accordance with these Bidding Procedures;

p.      **Adherence to Bidding Procedures:** By submitting its Bid, each Potential Bidder is agreeing to abide by and honor the terms of these Bidding Procedures and agrees not to submit a Bid or seek to reopen the sale process, or an Auction (if held), after conclusion of the selection of the Successful Bidder (as defined herein);

q.      **Consent to Jurisdiction:** The Potential Bidder must submit to the jurisdiction of the Court and waive any right to a jury trial in connection with any disputes relating to the Debtors' qualification of Bids, an Auction (if held), the construction and enforcement of these Bidding Procedures, the Sale documents, and the Closing, as applicable;

r.      **Backup Bid:** Each Bid shall provide that the Potential Bidder will serve as a backup bidder if the Potential Bidder's bid is the next highest or otherwise best bid;

s.      **Expected Closing Date:** A Bid by a Potential Bidder must be reasonably likely (based on availability of financing, antitrust, or other regulatory issues, experience, and other considerations) to be consummated, if selected as the Successful Bid, within a timeframe acceptable to the Debtors, after consultation with the Committee; and

t.      **Employees:** Each Bid must detail the treatment of the any of the Debtors' employees.

Only Bids fulfilling all of the preceding requirements contained in this section may, at the Debtors' reasonable discretion, in consultation with the Committee, be deemed to be "Qualified Bids," and only those parties submitting Qualified Bids may, at the Debtors' reasonable discretion, in consultation with the Committee, be deemed to be "Qualified Bidders."

The Debtors shall provide regular updates to the Committee Professionals on potential Bids, Bids, and Qualified Bids, including a telephone conference to occur not less than once per week, and allow the Committee Professionals to participate in all management presentations and formal meetings that include Potential Bidders. For the avoidance of doubt, the Committee Professionals shall not participate in presentations and meetings between the Debtors' advisors and the Special Committee of the Board of Directors of Debtor Celsius Network Limited.

Within one business day after the respective Final Bid Deadline, the Debtors shall determine, after consultation with the Committee, which Potential Bidders are Qualified Bidders and will notify the Potential Bidders whether Bids submitted constitute Qualified Bids, which will enable such Qualified Bidders to participate in an Auction. Any Bid that is not deemed a Qualified Bid shall not be considered by the Debtors; *provided*, *however*, that if the Debtors receive a Bid prior to the respective Final Bid Deadline (as defined below) that does not satisfy the requirements of a Qualified Bid, the Debtors, in consultation with the Committee, may (i) provide the Potential Bidder with the opportunity to remedy any deficiencies prior to an Auction, and (ii) in consultation with the Committee, waive certain requirements for good cause. A Stalking Horse Bidder (if any) shall be deemed to be a Qualified Bidder, a Stalking Horse Bid shall be deemed a Qualified Bid, and a Stalking Horse Bidder (if any) may participate in an Auction with respect to the Debtors' assets.

## VIII.  Final Bid Deadlines.

Binding Bids to acquire some or all of the Retail Platform Assets must be received (email being sufficient) by (a) the Debtors' counsel, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Joshua A. Sussberg, P.C. (joshua.sussberg@kirkland.com) and Tommy Scheffer (tommy.scheffer@kirkland.com); and 300 North LaSalle, Chicago, Illinois 60654, Attn.: Patrick J. Nash, Jr., P.C. (patrick.nash@kirkland.com), Ross M. Kwasteniet, P.C. (ross.kwasteniet@kirkland.com), Christopher S. Koenig (chris.koenig@kirkland.com), and Dan Latona (dan.latona@kirkland.com); (b) the Debtors' investment bank Centerview Partners LLC, 31 West 52nd Street, New York, New York 10019, Attn.: Marc Puntus (mpuntus@centerview.com), Ryan Kielty (rkielty@centerview.com), Sean Carmody (scarmody@centerview.com) and Seth Lloyd (slloyd@centerview.com); (c) counsel to the Committee of Unsecured Creditors, White & Case LLP, 111 South Wacker Drive Suite 5100, Chicago, Illinois 60606, Attn: Gregory F. Pesce (gregory.pesce@whitecase.com) and 200 S. Biscayne Blvd, Miami FL 33131, Attn: Gregory Warren (gregory.warren@whitecase.com); and (d) the Committee's investment banker, Perella Weinberg Partners, LP, 767 Fifth Avenue, 5th Floor, New York, New York 10153, Attn: Kevin Cofsky (kcofsky@pwpartners.com) and Matthew Rahmani (mrahmani@pwpartners.com); so as to be **actually received no later than 4:00 p.m. (prevailing Eastern Time) on December 12, 2022 (the "Final Bid Deadline for Retail Platform Assets")**.

12

Binding Bids to acquire the Remaining Assets,[7] must be received (email being sufficient) by (a) the Debtors' counsel, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Joshua A. Sussberg, P.C. (joshua.sussberg@kirkland.com) and Tommy Scheffer (tommy.scheffer@kirkland.com); and 300 North LaSalle, Chicago, Illinois 60654, Attn: Patrick J. Nash, Jr., P.C. (patrick.nash@kirkland.com), Ross M. Kwasteniet, P.C. (ross.kwasteniet@kirkland.com), Christopher S. Koenig (chris.koenig@kirkland.com), and Dan Latona (dan.latona@kirkland.com); (b) the Debtors' investment bank Centerview Partners LLC, 31 West 52nd Street, New York, New York 10019, Attn.: Marc Puntus (mpuntus@centerview.com), Ryan Kielty (rkielty@centerview.com), Sean Carmody (scarmody@centerview.com), and Seth Lloyd (slloyd@centerview.com); and (c) counsel to the Committee of Unsecured Creditors, White & Case LLP, 111 South Wacker Drive Suite 5100, Chicago, Illinois 60606, Attn: Gregory F. Pesce (gregory.pesce@whitecase.com) and 200 S. Biscayne Blvd, Miami FL 33131, Attn: Gregory Warren (gregory.warren@whitecase.com); and (d) the Committee's investment banker, Perella Weinberg Partners, LP, 767 Fifth Avenue, 5th Floor, New York, New York 10153, Attn: Kevin Cofsky (kcofsky@pwpartners.com) and Matthew Rahmani (mrahmani@pwpartners.com); so as to be **actually received no later than 4:00 p.m. (prevailing Eastern Time) on December 12, 2022 (the "Final Bid Deadline for Remaining Assets.")**[8]

## IX.    Evaluation of Qualified Bids.

Prior to an Auction (if held) the Debtors, the Committee, and their advisors will evaluate Qualified Bids, and the Debtors will identify the Qualified Bid(s) that is, in the Debtors' reasonable business judgment after consultation with the Committee, the highest or otherwise best Bid (the "Starting Bid"). In the event a Stalking Horse Bidder is selected, the Starting Bid shall include the amount provided for in the Stalking Horse Bid, *plus* the amount of the bid protections (if any), *plus* either $500,000 or such other amount as determined by the Debtors in consultation with the Committee. In addition, prior to the selection of the Successful Bidder, the Debtors may, in the Debtors' reasonable business judgment, in consultation with the Committee, engage in negotiations with bidders with respect to their Bids. For the avoidance of doubt, the Debtors, in consultation with the Committee, may select more than one Qualified Bid to collectively serve as the Starting Bid in an Auction (if held) if each such Qualified Bid contemplates the purchase of different assets. In conducting the evaluation of the Qualified Bids, the Debtors and the Committee will take into consideration the following non-exclusive factors:

a.    the amount of the Purchase Price of the Qualified Bid;

b.    the value to be provided to the Debtors under the Bid, including the net economic effect upon the Debtors' estates, taking into account any Stalking Horse Bidder's rights to any Bid Protections;

---

[7]    The binding Bid may seek to acquire any Retail Platform Assets not sold pursuant to a Sale Order as part of its Bid to acquire the Remaining Assets.

[8]    Both the Final Bid Deadline for Retail Platform Assets and the Final Bid Deadline for Remaining Assets are each referred to herein as a "Final Bid Deadline."

c.     the proposed changes or modifications to the form purchase agreement delivered in connection with such Qualified Bid and the comparative favorability of the terms set forth in such proposed purchase agreement versus any Stalking Horse Agreements, to the extent applicable;

d.     the Assets and liabilities included or excluded from the Qualified Bid and any executory contracts or leases or other liabilities proposed to be assumed;

e.     any benefit to the Debtors' bankruptcy estates from any assumption of liabilities or waiver of liabilities;

f.     the certainty of a Qualified Bid leading to a confirmed plan (whether the Plan or some other plan);

g.     the transaction structure and execution risk, including conditions to, timing of, and certainty of closing; termination provisions; availability of financing and financial wherewithal to meet all commitments; and required governmental or other approvals; and

h.     any other factors the Debtors may, consistent with their fiduciary duties, reasonably deem relevant.

Within 24 hours of the determination of the Starting Bid, but in no event later than 24 hours before an Auction, the Debtors will (1) notify any Stalking Horse Bidder(s) as to which Qualified Bid is the Starting Bid and (2) distribute a copy of the Starting Bid to each Qualified Bidder who has submitted a Qualified Bid.

Within 24 hours after the Final Bid Deadline, but in no event later than 24 hours before the start of the Auction (if any), the Debtors shall provide the identities of any Qualified Bidders on a confidential basis to (1) counsel to the Office of the Attorney General for the State of Texas, (2) counsel to the National Association of Attorneys General, and (3) counsel to the Vermont Department of Financial Regulation.

If any Bid is determined by the Debtors, after consultation with the Committee, not to be a Qualified Bid, the Debtors will refund such Qualified Bidder's Good Faith Deposit within five business days after the Final Bid Deadline.

## X.    No Qualified Bids.

If no Qualified Bids other than a Stalking Horse Bid (if applicable) are received by the applicable Final Bid Deadline, then the Debtors may cancel the applicable Auction and may decide, in the Debtors' reasonable business judgment, with the consent of the Committee (such consent not to be unreasonably withheld), to designate a Stalking Horse Bid as the Successful Bid and pursue entry of a Sale Order approving a Sale of the respective Assets to the Stalking Horse Bidder pursuant to the Stalking Horse Agreement. The Debtors shall promptly file notice of cancellation of any Auction and designation of the Stalking Horse Bid as the Successful Bid with the Bankruptcy Court.

XI.    **Auction.**

If one or more Qualified Bids are received by the respective Final Bid Deadline with respect to the applicable Assets, then the Debtors shall conduct an Auction with respect to such Assets. An Auction for the Retail Platform Assets shall commence on **December 15, 2022 at 10:00 a.m. (prevailing Eastern Time)**. An Auction for the Remaining Assets shall commence on **December 15, 2022 at 10:00 a.m. (prevailing Eastern Time)**. Auctions will be conducted at such times via remote video, or such later time or other place as the Debtors determine, in consultation with the Committee, in which case the Debtors shall timely notify all Qualified Bidders of such later time or other place, and file a notice of the change on the Court's docket for these chapter 11 cases.

Any Auction will be conducted in accordance with the following procedures (the "Auction Procedures"):

a.    except as otherwise provided herein, an Auction will be conducted openly;

b.    only Qualified Bidders, including any Stalking Horse Bidders (if any), shall be entitled to bid at an Auction;

c.    the Qualified Bidders, including any Stalking Horse Bidders (if any), shall appear at an Auction via remote video or through duly authorized representatives via remote video at an Auction;

d.    only the following parties shall be permitted to attend an Auction: the U.S. Trustee, the Examiner, and any consumer privacy ombudsman appointed pursuant to section 332 of the Bankruptcy Code in these chapter 11 cases (each of the foregoing on a listen-only basis); authorized representatives of each of the Qualified Bidders (including any Stalking Horse Bidders), the Debtors and their respective advisors, the Committee and their respective advisors, and any other creditor party who makes a written request upon the Debtors to attend an Auction; *provided* that such request shall be actually received by the Debtors' counsel no later than 24 hours prior to the commencement of an Auction; *provided*, *further* that the Debtors reserve the right to retract their permission at any point during an Auction if such creditor party does not act in good faith and in orderly fashion during an Auction;

e.    Bids at an Auction, including any Bids by any Stalking Horse Bidder (if any), must be made in minimum increments of $500,000 (or such other amount as the Debtors may determine after consultation with the Committee) of additional value (including after payment of the Bid Protections to any Stalking Horse Bidders, if applicable);

f.    each Qualified Bidder will be permitted a reasonable time to respond to previous bids at an Auction, as determined by the Debtors, in consultation with the Committee;

g.    the bidding will be transcribed or recorded to ensure an accurate recording of the bidding at an Auction;

h. no Qualified Bidder (or its representatives) may communicate with one another, collude, or otherwise coordinate for purposes of participating in an Auction, and each Qualified Bidder will be required to confirm on the record of an Auction that (i) it has not engaged in any collusion, coordination, or unfair competitive practices with respect to the bidding or the Sale and (ii) its Bid represents an irrevocable, binding, good faith, and bona fide offer to purchase some or all of the Assets identified in such Bid if such Bid is selected as the Successful Bid or the Backup Bid (each as defined herein); *provided*, *however*, that two or more Qualified Bidders may coordinate to the extent they wish to provide a combined bid if the Debtors approve such coordination in their reasonable discretion, in consultation with the Committee;

i. an Auction will not close unless and until all Qualified Bidders have been given a reasonable opportunity to submit an overbid at an Auction to the then prevailing highest Bid, subject to the Debtors' right, in consultation with the Committee, to require last and final Bids to be submitted on a "blind" basis;

j. the Court and the Debtors will not consider bids made after an Auction has been closed;

k. the Debtors reserve the right, in their reasonable business judgment, in consultation with the Committee, to adjourn an Auction one or more times to, among other things, (i) facilitate discussions between the Debtors and Qualified Bidders, (ii) allow Qualified Bidders to consider how they wish to proceed, and (iii) provide Qualified Bidders the opportunity to provide the Debtors with such additional evidence as the Debtors, in their reasonable business judgment, in consultation with the Committee, may require that the Qualified Bidder has sufficient internal resources or has received sufficient non-contingent debt and/or equity funding commitments to consummate the proposed transaction at the prevailing amount.  In the event an Auction is adjourned, the Debtors shall promptly file a Notice with Court of such adjournment and include the date for the continued Auction; and

l. an Auction will be governed by such other Auction Procedures as may be announced by the Debtors and their advisors following consultation with the Committee, from time to time on the record at an Auction; *provided* that such other Auction Procedures are (a) not inconsistent with the Bidding Procedures Order, these Bidding Procedures, the Bankruptcy Code, or any other order of the Court, (b) disclosed orally or in writing to all Qualified Bidders, and (c) reasonably determined by the Debtors to further the goal of attaining the highest or otherwise best offer for the assets, as applicable.

For the avoidance of doubt, nothing in an Auction Procedures (if an Auction is held) will prevent the Debtors from exercising their respective fiduciary duties under applicable law (as reasonably determined in good faith by the Debtors, with notice to the Committee).

## XII.    Acceptance of the Successful Bid.

An Auction shall continue until only one Qualified Bid is the highest or otherwise best bid to purchase the respective Assets in the Debtors' reasonable business judgment, in a manner

consistent with the exercise of their fiduciary duties, after consultation with the Committee, and outlined below in further detail, (a "Successful Bid"), and that further bidding is unlikely to result in a different Successful Bid or Successful Bids that would be acceptable to the Debtors, at which point, an Auction will be closed.  When determining the highest or otherwise best Qualified Bid, as compared to other Qualified Bids, the Debtors may consider the following factors in addition to any other factors that the Debtors deem appropriate: (a) the amount and nature of the total consideration; (b) the likelihood of the Qualified Bidder's ability to close a transaction and the timing thereof; (c) the net economic effect of any changes to the value to be received by each of the Debtors' estates from the transaction contemplated by the Bid documents; and (d) the tax consequences of such Qualified Bid.

Any Qualified Bidder that submits a Successful Bid will be deemed a "Successful Bidder" with respect to the applicable Assets.  The Debtors shall file a notice setting forth the results of an Auction (if any) and identify any Successful Bidder with the Court at least three business days prior to the respective sale hearing (each sale hearing, a "Sale Hearing") and shall seek Bankruptcy Court approval to enter into a binding purchase agreement with the Successful Bidder on the terms of the Successful Bid (the order approving such entry, the "Sale Order").  For the avoidance of doubt, a Sale Order shall deem the Debtors' selection of the Successful Bid final and, subject to the designation of the Backup Bid (defined below), the Debtors shall not solicit or accept any further bids or offers to submit a bid after such selection for the respective Assets; *provided* that notwithstanding anything to the contrary in these Bidding Procedures, nothing in these Bidding Procedures shall require the board of directors, board of managers, or such similar governing body of any Debtor to take or refrain from taking any action that would be inconsistent with applicable law or its fiduciary obligations under applicable law.

The Debtors shall, subject to the Committee's consent (such consent shall not be unreasonably withheld) seek to sell the Retail Platform Assets at the Sale Hearing for the Retail Platform Assets.  If any of the Retail Platform Assets are sold at such Sale Hearing, they will no longer be considered part of the Remaining Assets subject to a future Sale and must be removed from any pending Bid for the Remaining Assets.

Within one business day of the selection of the Successful Bidder, such Successful Bidder shall make a cash deposit that, when aggregated with its Good Faith Deposit, is in an amount equal to ten percent of the Successful Bid, submitted by wire transfer of immediately available funds to an escrow account to be identified and established by the Debtors pursuant to a customary and reasonable escrow agreement.  Each Successful Bidder and the Debtors shall, as soon as commercially reasonable and practicable, complete and sign all agreements, contracts, instruments, or other documents evidencing and containing the terms upon which each such Successful Bid was made.

## XIII.  Designation of Backup Bidder.

The Qualified Bidder with the second highest or otherwise best bid or combination of bids (the "Backup Bid") to purchase any or all of the applicable Assets (the "Backup Bidder") will be determined by the Debtors, in consultation with the Committee, at the conclusion of an Auction and will be announced at that time to all the Qualified Bidders participating in an Auction.  If for any reason a Successful Bidder fails to consummate the purchase of such Assets within the time

permitted after the entry of the Sale Order, then the Backup Bidder will automatically be deemed to have submitted the Successful Bid for such Assets, and the Backup Bidder shall be deemed a Successful Bidder for such Assets and shall be required to consummate any Sale with the Debtors as soon as is commercially practicable without further order of the Court; *provided* that the Debtors shall file a notice with the Court that such Backup Bidder has been deemed the Successful Bidder. The Backup Bidder shall be required to keep its Backup Bid open and irrevocable until the closing of the transaction with the applicable Successful Bidder. The Backup Bidder's Good Faith Deposit shall be held in escrow until the closing of the transaction with the applicable Successful Bidder.

## XIV.   Approval of Sale.

The Debtors will present the results of an Auction (if any) to the Court for approval at the Sale Hearing, at which certain findings will be sought from the Court regarding the respective Auction, including, among other things, that: (a) an Auction was conducted, and the Successful Bidder was selected, in accordance with the Bidding Procedures; (b) an Auction was fair in substance and procedure; (c) the Successful Bid was a Qualified Bid as defined in the Bidding Procedures; and (d) consummation of any Sale as contemplated by the Successful Bid in an Auction will provide the highest or otherwise best offer for the Debtors and the Debtors' respective Assets, and is in the best interests of the Debtors and their estates.

If the Debtors timely file a Notice of Auction for Sale of Retail Platform Assets, then a Sale Hearing for the Retail Platform Assets will be scheduled to commence on **December 22, 2022 at 10:00 a.m. (prevailing Eastern Time)**, or as soon thereafter as counsel may be heard, before the Honorable Martin Glenn, United States Bankruptcy Court for the Southern District of New York.

The Sale Hearing for the Remaining Assets is presently scheduled to commence on **December 22, 2022 at 10:00 a.m. (prevailing Eastern Time)**, or as soon thereafter as counsel may be heard, before the Honorable Martin Glenn, United States Bankruptcy Court for the Southern District of New York

## XV.    Return of Good Faith Deposit.

The Good Faith Deposit of a Successful Bidder shall, upon consummation of any Sale, be credited to the purchase price paid for the applicable Assets. If a Successful Bidder fails to consummate any Sale, then the Good Faith Deposit shall be forfeited to, and retained irrevocably by, the Debtors, and all parties in interest, and the Debtors specifically, reserve the right to seek all available damages from the defaulting Successful Bidder.

The Good Faith Deposit of any Qualified Bidders that are not Successful Bidders or Backup Bidders will be returned within five business days after the respective Auction or upon the permanent withdrawal of the proposed Sale, and the Good Faith Deposit of any Backup Bidders will be returned within five business days after the consummation of any Sale or upon the permanent withdrawal of the proposed Sale.

## XVI.   Reservation of Rights.

The Debtors, in consultation with the Committee, reserve their rights to modify these Bidding Procedures in their reasonable business judgment in a manner consistent with the exercise of their fiduciary duties, and in any manner that will best promote the goals of the bidding process, or impose, at or before an Auction, additional customary terms and conditions on a Sale, including, without limitation: (a) amending or extending the deadlines set forth in these Bidding Procedures related to any of the Assets, including those specifically associated with the sale of the Retail Platform Assets, (b) determining whether to sell the Retail Platform Assets separately or collectively with other Assets; (c) adjourning an Auction; (d) adding procedural rules that are reasonably necessary or advisable under the circumstances for conducting an Auction; (e) canceling an Auction; (f) rejecting any or all Bids or Qualified Bids; and (g) adjusting the applicable minimum overbid increment, including by requesting that Qualified Bidders submit last or final bids on a "blind" basis. For the avoidance of doubt, the Debtors reserve the right, with consent from the Committee, at any point prior to the selection of a Successful Bidder to terminate the Sale processes contemplated hereunder with respect to any or all of the Debtors' Assets and seek to sell any or all assets pursuant to section 363(b) of the Bankruptcy Code.

## XVII.  Consent to Jurisdiction.

All Qualified Bidders at an Auction will be deemed to have consented to the core jurisdiction of the Bankruptcy Court and waived any right to a jury trial in connection with any disputes relating to a Sale, the respective Auction and the construction and enforcement of these Bidding Procedures, or any written indications of interest, Preliminary Bid Documents, or the Bid documents, as applicable, and consented to the entry of a final order or judgment in any way related to these Bidding Procedures, the bid process, an Auction, the Sale Hearing, or the construction and enforcement of any agreement or any other document relating to a Sale if it is determined that the Bankruptcy Court would lack Article III jurisdiction to enter such a final order or judgment absent the consent of the parties.

Any parties raising a dispute relating to these Bidding Procedures must request that such dispute be heard by the Bankruptcy Court on an expedited basis.

## XVIII. Fiduciary Out.

Notwithstanding anything to the contrary in these Bidding Procedures, nothing in these Bidding Procedures or the Bidding Procedures Order shall require a Debtor or the board of directors, board of managers, or similar governing body of a Debtor, after consulting with counsel, to take any action or to refrain from taking any action related to any Sale to the extent taking or failing to take such action would be inconsistent with applicable law or its fiduciary obligations under applicable law; *provided* that the Debtors shall consult with the Committee promptly after exercising any fiduciary out in accordance with these Bidding Procedures, and nothing in this Section XVIII shall modify or supersede any consultation or consent rights of the Committee set forth in these Bidding Procedures or the Bidding Procedures Order.

Furthermore, notwithstanding anything to the contrary in these Bidding Procedures, through the date of an Auction, nothing in these Bidding Procedures or the Bidding Procedures

19

Order shall diminish the right of the Debtors and their respective directors, officers, employees, investment bankers, attorneys, accountants, consultants, and other advisors or representatives to: (a) consider, respond to, and facilitate alternate proposals for sales or other restructuring transactions involving any or all of the Debtors' Assets (each an "Alternate Proposal"); (b) provide access to non-public information concerning the Debtors to any entity or enter into confidentiality agreements or nondisclosure agreements with any entity; (c) maintain or continue discussions or negotiations with respect to Alternate Proposals; (d) otherwise cooperate with, assist, participate in, or facilitate any inquiries, proposals, discussions, or negotiation of Alternate Proposals; and (e) enter into or continue discussions or negotiations with holders of claims against or equity interests in a Debtor or any other party in interest in these chapter 11 cases (including the Committee and the United States Trustee), or any other entity regarding Alternate Proposals. The Debtors shall promptly distribute any Alternate Proposal (and any response thereto) to the Committee.

# **Exhibit C**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## NOTICE OF AUCTION FOR THE POTENTIAL
## SALE OF CERTAIN OF THE DEBTORS' ASSETS FREE AND
## CLEAR OF ANY AND ALL CLAIMS, INTERESTS, AND ENCUMBRANCES

**PLEASE TAKE NOTICE** that the above-captioned debtors and debtors in possession (collectively, the "Debtors") are soliciting offers for the purchase of certain of the Debtors' assets and assumption of certain liabilities of the Debtors consistent with the bidding procedures (the "Bidding Procedures")[2] approved by the United States Bankruptcy Court for the Southern District of New York (the "Court") by entry of an order on November 2, 2022 [Docket No. 1272] (the "Bidding Procedures Order"). **All interested bidders should carefully read the Bidding Procedures and Bidding Procedures Order**. To the extent that there are any inconsistencies between this notice and the Bidding Procedures or the Bidding Procedures Order, the Bidding Procedures or the Bidding Procedures Order, as applicable, shall govern in all respects.

---

**Copies of the Bidding Procedures Order or other documents related thereto are available upon request to Stretto, Inc. by calling (855) 423-1530 (Domestic) or (949) 669-5873 (International) or visiting the Debtors' restructuring website at (https://cases.stretto.com/celsius).**

---

**PLEASE TAKE FURTHER NOTICE** that the Initial Bid Deadline is **November 21, 2022, at 4:00 p.m. (prevailing Eastern Time)**, and that any person or entity interested in purchasing some or all of the Retail Platform Assets must comply with the requirements set forth in the Bidding Procedures

**PLEASE TAKE FURTHER NOTICE** that the Final Bid Deadline for some or all of the Retail Platform Assets is **December 12, 2022 at 4:00 p.m. (prevailing Eastern Time)**, and that

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Bidding Procedures Order or the Bidding Procedures, as applicable.

any person or entity that wishes to participate in an Auction for the Retail Platform Assets must comply with the participation requirements, bid requirements, and other requirements set forth in the Bidding Procedures.

**PLEASE TAKE FURTHER NOTICE** that, the Debtors may conduct an Auction for the Retail Platform Assets, at which time they will consider proposals submitted to the Debtors and their professionals, by and pursuant to the Bidding Procedures as set forth in the Bidding Procedures Order, on **December 15, 2022 at 10:00 a.m. (prevailing Eastern Time)**, via remote video.

**PLEASE TAKE FURTHER NOTICE** that, the Debtors expect to seek approval of the Sale (if any) of some or all of the Retail Lending Assets at the Sale Hearing, which is presently scheduled to commence on **December 22, 2022 at 10:00 a.m. (prevailing Eastern Time)**, or as soon thereafter as counsel may be heard, before the Honorable Martin Glenn, United States Bankruptcy Court for the Southern District of New York.

**PLEASE TAKE FURTHER NOTICE** that the Final Bid Deadline for the Remaining Assets is **December 12, 2022 at 4:00 p.m. (prevailing Eastern Time)**, and that any person or entity that wishes to participate in an Auction must comply with the participation requirements, bid requirements, and other requirements set forth in the Bidding Procedures.

**PLEASE TAKE FURTHER NOTICE** that the Debtors may conduct an Auction for the Remaining Assets, at which time they will consider proposals submitted to the Debtors and their professionals, by and pursuant to the Bidding Procedures as set forth in the Bidding Procedures Order, on **December 15, 2022 at 10:00 a.m. (prevailing Eastern Time)**, via remote video or such other means.

**PLEASE TAKE FURTHER NOTICE** that the Debtors expect to seek approval of the Sale (if any) of the Remaining Assets at the Sale Hearing, which is presently scheduled to commence on **December 22, 2022 at 10:00 a.m. (prevailing Eastern Time)**, or as soon thereafter as counsel may be heard, before the Honorable Martin Glenn, United States Bankruptcy Court for the Southern District of New York

**PLEASE TAKE FURTHER NOTICE** that, except as otherwise set forth in the Bidding Procedures Order with respect to objections to proposed cure amounts or the assumption and assignment of Assigned Contracts, objections, if any, to a proposed Sale **must**: (a) be in writing; (b) conform to the applicable provisions of the Bankruptcy Rules and the Local Rules; (c) state with particularity the legal and factual basis for the objection and the specific grounds therefor; and (d) be filed with the Court by **December 19, 2022 at 4:00 p.m.** (prevailing Eastern Time).

## <u>CONSEQUENCES OF FAILING TO TIMELY MAKE AN OBJECTION</u>

**ANY PARTY OR ENTITY THAT FAILS TO TIMELY MAKE AN OBJECTION TO A SALE ON OR BEFORE THE SALE OBJECTION DEADLINE IN ACCORDANCE WITH THE BIDDING PROCEDURES ORDER SHALL BE FOREVER BARRED FROM ASSERTING ANY OBJECTION TO SUCH SALE, INCLUDING WITH RESPECT TO THE TRANSFER OF THE SELLING DEBTORS' ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS, EXCEPT AS SET FORTH IN THE APPLICABLE PURCHASE AGREEMENT(S).**

## NO SUCCESSOR OR TRANSFEREE LIABILITY

The Sale Order (if any) is expected to provide, among other things, that the Successful Bidder from the Sale will have no responsibility for, and the assets will be sold free and clear of, any successor liability, including the following:

To the greatest extent allowable by applicable law, the Successful Bidder shall not be deemed, as a result of any action taken in connection with the Stalking Horse Agreement (in the case where a Stalking Horse Bidder is the Successful Bidder) or a separate purchase agreement entered into with the Successful Bidder (if a Stalking Horse Bidder is not the Successful Bidder), the consummation of the Sale, or the transfer or operation of the assets, to (a) be a legal successor, or otherwise be deemed a successor to the Debtors (other than with respect to any obligations as an assignee under the Assigned Contracts arising after the Effective Date); (b) have, de facto or otherwise, merged with or into the Debtors; or (c) be an alter ego or mere continuation or substantial continuation of the Debtors, in the case of each of (a), (b), and (c), including, without limitation, within the meaning of any foreign, federal, state or local revenue law, pension law, the Employee Retirement Income Security Act, the Consolidated Omnibus Budget Reconciliation Act, the WARN Act (29 U.S.C. §§ 2101 et seq.), the Fair Labor Standard Act, Title VII of the Civil Rights Act of 1964 (as amended), the Age Discrimination and Employment Act of 1967 (as amended), the Federal Rehabilitation Act of 1973 (as amended), the National Labor Relations Act (29 U.S.C. § 151, et seq.), environmental liabilities, debts, claims or obligations, any liabilities, debts or obligations of or required to be paid by the Debtors for any taxes of any kind for any period, labor, employment, or other law, rule or regulation (including without limitation filing requirements under any such laws, rules or regulations), or under any products liability law or doctrine with respect to the Debtors' liability under such law, rule or regulation or doctrine. All rights of any party to set off any claims, debts or obligations owed by or to the Successful Bidder in connection with the assets shall be extinguished on the Effective Date pursuant to the Sale Order. Other than as expressly set forth in the Stalking Horse Agreement (or another Successful Bidder's purchase agreement, as applicable) with respect to Assumed Liabilities, the Successful Bidder shall not have any responsibility for (a) any liability or other obligation of the Debtors or related to the assets or (b) any claims (as such term is defined by section 101(5) of the Bankruptcy Code) against the Debtors or any of their predecessors or affiliates. To the greatest extent allowed by applicable law, the Successful Bidder shall have no liability whatsoever with respect to the Debtors' (or their predecessors' or affiliates') respective businesses or operations or any of the Debtors' (or their predecessors' or affiliates') obligations based, in whole or part, directly or indirectly, on any theory of successor or vicarious liability of any kind or character, or based upon any theory of antitrust, environmental, successor or transferee liability, de facto merger or substantial continuity, labor and employment or products liability, whether known or unknown as of the Effective Date, now existing or hereafter arising, asserted or unasserted, fixed or contingent, liquidated or unliquidated, including liabilities on account of any taxes arising, accruing or payable under, out of, in connection with, or in any way relating to the operation of the assets prior to the Effective Date. The Stalking Horse Bidder would not have entered into the Stalking Horse Agreement but for the foregoing protections against potential claims based upon "successor liability" theories.

4

**PLEASE TAKE FURTHER NOTICE** that the Debtors reserve the right, subject to the Bidding Procedures, in their reasonable business judgment and subject to the exercise of their fiduciary duties, to modify the Bidding Procedures and/or to terminate discussions with any Potential Bidders at any time, to the extent not materially inconsistent with the Bidding Procedures.

**PLEASE TAKE FURTHER NOTICE** that copies of the Bidding Procedures Motion, Bidding Procedures, and Bidding Procedures Order, as well as all related exhibits, are available: (a) free of charge upon request to Stretto, Inc. (the notice and claims agent retained in these chapter 11 cases) by (a) calling (855) 423-1530  (Domestic) or (949) 669-5873 (International); (b) visiting the Debtors' restructuring website at (https://cases.stretto.com/Celsius); or (c) for a fee via PACER by visiting (https://www.deb.uscourts.gov/).

*[Remainder of page intentionally left blank]*

New York, New York                      /s/ Joshua A. Sussberg
Dated: November 7, 2022                 **KIRKLAND & ELLIS LLP**
                                        **KIRKLAND & ELLIS INTERNATIONAL LLP**
                                        Joshua A. Sussberg, P.C.
                                        601 Lexington Avenue
                                        New York, New York 10022
                                        Telephone:      (212) 446-4800
                                        Facsimile:      (212) 446-4900
                                        Email:          jsussberg@kirkland.com

                                          - and -

                                        Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
                                        Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
                                        Christopher S. Koenig
                                        Dan Latona (admitted *pro hac vice*)
                                        300 North LaSalle Street
                                        Chicago, Illinois 60654
                                        Telephone:      (312) 862-2000
                                        Facsimile:      (312) 862-2200
                                        Email:          patrick.nash@kirkland.com
                                                        ross.kwasteniet@kirkland.com
                                                        chris.koenig@kirkland.com
                                                        dan.latona@kirkland.com

                                        *Counsel to the Debtors and Debtors in Possession*

# **Exhibit D**



**Exhibit D**

Served via First-Class Mail

| NAME | ATTENTION | ADDRESS 1 | ADDRESS 2 | CITY | STATE | ZIP |
|------|-----------|-----------|-----------|------|-------|-----|
| CELSIUS NETWORK LLC | ATTN: RON DEUTSCH | 50 HARRISON ST | STE 209 | HOBOKEN | NJ | 07030-6087 |
| OFFICE OF THE UNITED STATES TRUSTEE FOR THE SOUTHERN DISTRICT OF NEW YORK | ATTN: SHARA CORNELL, MARK BRUH, & BRIAN S. MATSUMOTO | 1 BOWLING GRN | STE 534 | NEW YORK | NY | 10004-1459 |

# **Exhibit E**



**Exhibit E**
Served via First-Class Mail

| NAME | ADDRESS |
|------|---------|
| AARON ABERNATHY | ON FILE |
| AARON JONES | ON FILE |
| AARON OLINGER | ON FILE |
| AARON PROFUMO | ON FILE |
| AARON RUMINSKI | ON FILE |
| AARON WALDEN | ON FILE |
| AARON WHITFIELD | ON FILE |
| ABDUL R SHAHEIN | ON FILE |
| ABHISHEK SINGH | ON FILE |
| ADAM BELTRAN | ON FILE |
| ADAM GLAUDE | ON FILE |
| ADAM GUTTADAURO | ON FILE |
| ADAM RENARD BURTON | ON FILE |
| ADAM RICHARDSON | ON FILE |
| ADAM ROCKWELL | ON FILE |
| ADAM SCIRETTA | ON FILE |
| ADAM STANSON | ON FILE |
| ADAM WOJCIECH KOBIELA | ON FILE |
| ADITYA GUNDA | ON FILE |
| ADRIANA ROSINI | ON FILE |
| AISLING MARIA TOOLAN | ON FILE |
| ALAN CRANSTON | ON FILE |
| ALAN DALEY | ON FILE |
| ALDO TORRES JARA | ON FILE |
| ALEIA SCHIFANO | ON FILE |
| ALEJANDRO FRANCISCO | ON FILE |
| ALEKSANDR PANIN | ON FILE |
| ALEX BERTMAN | ON FILE |
| ALEX COX | ON FILE |
| ALEX HALL | ON FILE |
| ALEX HANBURY | ON FILE |
| ALEX JANUZZI | ON FILE |
| ALEX MIRAGLIOTTA | ON FILE |
| ALEX PETRE | ON FILE |
| ALEX TAUBENHEIM | ON FILE |
| ALEX VICKERY | ON FILE |
| ALEXANDER AUSTRIACO | ON FILE |
| ALEXANDER GOODMAN | ON FILE |
| ALEXANDER GRANT GULSETH | ON FILE |

In re: Celsius Network LLC, *et al.*
Case No. 22-10964 (MG)



**Exhibit E**

Served via First-Class Mail

| NAME | ADDRESS |
| --- | --- |
| ALEXANDER LEVY | ON FILE |
| ALEXANDER LITTELL | ON FILE |
| ALEXANDER MOORE | ON FILE |
| ALEXANDER MOSNICK | ON FILE |
| ALEXANDER NICHOLAS | ON FILE |
| ALEXANDER VAUGHN | ON FILE |
| ALEXANDER VOETS | ON FILE |
| ALEXANDRA TORRES | ON FILE |
| ALEXANDRIA HAYWOOD | ON FILE |
| ALEXIS LUONG | ON FILE |
| ALFRED KAYE | ON FILE |
| ALI ISMAIL | ON FILE |
| ALI LUQMAN | ON FILE |
| ALI MOHIUDDIN | ON FILE |
| ALICE KNAG | ON FILE |
| ALIREZA ESFAHANE | ON FILE |
| ALLAN DERIZE | ON FILE |
| AMIN BHOJANI | ON FILE |
| AMIR PATEL | ON FILE |
| ANAND ARAVINDAN | ON FILE |
| ANDRE PINHEIRO | ON FILE |
| ANDREW ANDRES MENDOZA HUGHES | ON FILE |
| ANDREW CENNAME | ON FILE |
| ANDREW CLEVELAND | ON FILE |
| ANDREW DAKAN | ON FILE |
| ANDREW GANSSLE | ON FILE |
| ANDREW GINN | ON FILE |
| ANDREW GOLDEN | ON FILE |
| ANDREW GOODMAN | ON FILE |
| ANDREW GRETTE | ON FILE |
| ANDREW HARRINGTON | ON FILE |
| ANDREW HARTELL | ON FILE |
| ANDREW HASKINS | ON FILE |
| ANDREW HOPKINSON | ON FILE |
| ANDREW HOPPER | ON FILE |
| ANDREW MCWILLIAMS | ON FILE |
| ANDREW ROBERTS | ON FILE |
| ANDREW STOKOLS | ON FILE |
| ANDREY TIKHONOV | ON FILE |



**Exhibit E**

Served via First-Class Mail

| NAME | ADDRESS |
|---|---|
| ANDRU BLONQUIST | ON FILE |
| ANDY DIEP | ON FILE |
| ANDY RASICO | ON FILE |
| ANGELA SIMPSON | ON FILE |
| ANGELICA RODRIGUEZ | ON FILE |
| ANGELINA GUZMAN | ON FILE |
| ANGIE BIRDSELL | ON FILE |
| ANIA MITCHELL | ON FILE |
| ANNA DEAUX | ON FILE |
| ANNALESE ABREU | ON FILE |
| ANTHONY BALLERO | ON FILE |
| ANTHONY BORTOLAZZO | ON FILE |
| ANTHONY BRYANT | ON FILE |
| ANTHONY DEITA JR | ON FILE |
| ANTHONY EVANS | ON FILE |
| ANTHONY HODGES | ON FILE |
| ANTHONY LOOMIS | ON FILE |
| ANTHONY MOCZYNSKI | ON FILE |
| ANTHONY PAGANO | ON FILE |
| ANTHONY SEBASTIAN | ON FILE |
| ANTHONY SHARP | ON FILE |
| ANTONIO FOX | ON FILE |
| ANXHELO MARA | ON FILE |
| APRIL COLSON | ON FILE |
| ARAVIND SUGUMAR | ON FILE |
| ARCADIO REYES | ON FILE |
| ARELI UBEDA | ON FILE |
| ARIANNA ESPINOSA | ON FILE |
| ARIANNA FIEDLER | ON FILE |
| ARMAN NADJAFI | ON FILE |
| ARTEMIO FIGUEROA | ON FILE |
| ARTHUR BURGER | ON FILE |
| ARTHUR TRIPLETTE | ON FILE |
| ARTURO VILLASENOR | ON FILE |
| ARVIND KROVVIDI | ON FILE |
| ASHTON DOTTERER | ON FILE |
| AUSTIN BERTRAM | ON FILE |
| AUSTIN CAMPBELL | ON FILE |
| AUSTIN LOOS | ON FILE |

In re: Celsius Network LLC, *et al.*
Case No. 22-10964 (MG)



**Exhibit E**

Served via First-Class Mail

| NAME | ADDRESS |
|------|---------|
| AUSTIN MCCULLOUGH | ON FILE |
| AUSTIN MCNULTY | ON FILE |
| AUSTIN SCOTT | ON FILE |
| AUSTIN SVERDRUP | ON FILE |
| AUSTIN VATERLAUS | ON FILE |
| AVEDIS AWANESIAN | ON FILE |
| AVERY WIETSCHNER | ON FILE |
| AYOKIITAN AKALA | ON FILE |
| BAHRAM KHOSRAVIANI | ON FILE |
| BAKISTA WAGNAC | ON FILE |
| BAN KIM | ON FILE |
| BARBARA BURKE | ON FILE |
| BARRY CASE | ON FILE |
| BARTHOLOMEW NATHANAEL INGALLINA | ON FILE |
| BASILIOS DIMITRELIAS | ON FILE |
| BEN ELLENBERG | ON FILE |
| BEN FAIRBEE | ON FILE |
| BEN WHETSTONE | ON FILE |
| BEN WORD | ON FILE |
| BENJAMIN CHAUSSEE | ON FILE |
| BENJAMIN DONALDSON | ON FILE |
| BENJAMIN FRANK | ON FILE |
| BENJAMIN GASSMANN | ON FILE |
| BENJAMIN GILMAN | ON FILE |
| BENJAMIN GLASSMAN | ON FILE |
| BENJAMIN GRISE | ON FILE |
| BENJAMIN GUJER | ON FILE |
| BENJAMIN HAMLITSCH | ON FILE |
| BENJAMIN HOLLINS | ON FILE |
| BENJAMIN JACOB MOORE | ON FILE |
| BENJAMIN JOHN ZILLY | ON FILE |
| BENJAMIN JOHNSON | ON FILE |
| BENJAMIN JONES | ON FILE |
| BENJAMIN K BANG | ON FILE |
| BENJAMIN KALT | ON FILE |
| BENJAMIN KIGER | ON FILE |
| BENJAMIN KRIEGER | ON FILE |
| BENJAMIN LA MARCA | ON FILE |
| BENJAMIN LAI | ON FILE |



**Exhibit E**
Served via First-Class Mail

| NAME | ADDRESS |
| --- | --- |
| BENJAMIN LEFF | ON FILE |
| BENJAMIN MATHEW | ON FILE |
| BENJAMIN MCCORMICK | ON FILE |
| BENJAMIN POZO | ON FILE |
| BENJAMIN QUEEN | ON FILE |
| BENJAMIN SCHUETZ | ON FILE |
| BENJAMIN WARDEN | ON FILE |
| BENJAMIN WHITSON | ON FILE |
| BENJAMIN WOODRING | ON FILE |
| BETHANIE GOURLEY | ON FILE |
| BETSY CATHEY | ON FILE |
| BILJANA GIBARAC | ON FILE |
| BOBBY BOWDEN | ON FILE |
| BOJAMES MOLAI | ON FILE |
| BONNIE LYNK | ON FILE |
| BONNIE PETRENKO | ON FILE |
| BONNIE SAE JUNG | ON FILE |
| BONNIE TOLAND | ON FILE |
| BRAD BARNETT | ON FILE |
| BRAD MCPHERSON | ON FILE |
| BRADLEY CHASE | ON FILE |
| BRADY FLYNN | ON FILE |
| BRADY SMITH | ON FILE |
| BRANDAN GERBERS | ON FILE |
| BRANDON DYLEWSKI | ON FILE |
| BRANDON SISOLA | ON FILE |
| BRANDY JOSEPH | ON FILE |
| BRAXTON THOMPSON-PRICE | ON FILE |
| BRAYDOR DEUS RODRÍGUEZ | ON FILE |
| BREANE ANGIANO | ON FILE |
| BRECK JUDD | ON FILE |
| BREE JOHNSON | ON FILE |
| BRENDA CRITCHFIELD | ON FILE |
| BRENDEN PHILLIPS | ON FILE |
| BRENDEN WARN | ON FILE |
| BRENDON ABNEY | ON FILE |
| BRENDON DUMAS | ON FILE |
| BRENDON HASTY | ON FILE |
| BRENDON STANLEY | ON FILE |

In re: Celsius Network LLC, *et al.*
Case No. 22-10964 (MG)



**Exhibit E**
Served via First-Class Mail

| NAME | ADDRESS |
|------|---------|
| BRENNAN AGEE | ON FILE |
| BRENT MORRIS | ON FILE |
| BRENTON BROWN | ON FILE |
| BRENTON STALCUP | ON FILE |
| BREONNA CLARK | ON FILE |
| BRETT SMITH | ON FILE |
| BRIAN BANNER | ON FILE |
| BRIAN CHUNG | ON FILE |
| BRIAN CLONAN | ON FILE |
| BRIAN COLLIER | ON FILE |
| BRIAN CURLISS | ON FILE |
| BRIAN D KRASKA | ON FILE |
| BRIAN DALY | ON FILE |
| BRIAN DANIEL FROBEY | ON FILE |
| BRIAN DAVID FORBIS | ON FILE |
| BRIAN DICHTER | ON FILE |
| BRIAN DOOLEY | ON FILE |
| BRIAN DRAUGELIS | ON FILE |
| BRIAN DUONG | ON FILE |
| BRIAN EDWARDS | ON FILE |
| BRIAN ESPERSON | ON FILE |
| BRIAN ESQUIVEL ALONSO | ON FILE |
| BRIAN EUTSLER | ON FILE |
| BRIAN EVANS | ON FILE |
| BRIAN FAHEY | ON FILE |
| BRIAN FINCH | ON FILE |
| BRIAN LANFAIR | ON FILE |
| BRIAN LEE | ON FILE |
| BRIAN LORD | ON FILE |
| BRIAN REILLY | ON FILE |
| BRIAN RETHMAN | ON FILE |
| BRIAN REVILL | ON FILE |
| BRIAN RHODES | ON FILE |
| BRIAN ROBBINS | ON FILE |
| BRIAN ROBERT TUNNING | ON FILE |
| BRIAN ROMERO | ON FILE |
| BRIAN RUBLE | ON FILE |
| BRIAN SATHER | ON FILE |
| BRIAN SCOTT | ON FILE |

**STRETTO**

## Exhibit E
Served via First-Class Mail

| NAME | ADDRESS |
|------|---------|
| BRIAN SCOTT COLBERT | ON FILE |
| BRIAN SHIH | ON FILE |
| BRIAN SHING CHAN | ON FILE |
| BRIAN SIEVEKING | ON FILE |
| BRIAN SLUMPFF | ON FILE |
| BRIAN SMITH | ON FILE |
| BRIAN SONNEK | ON FILE |
| BRIAN SUMNER | ON FILE |
| BRIAN THOMAS SLATER | ON FILE |
| BRIAN VANSLYKE | ON FILE |
| BRISA BOYER | ON FILE |
| BRITTANY MARINA BIANCHI | ON FILE |
| BRITTNEY GATTORNA | ON FILE |
| BROOKE FORTSON | ON FILE |
| BROOKE JAMIESON | ON FILE |
| BROOKE MATSON | ON FILE |
| BRUNO MORETZSOHN | ON FILE |
| BRYAN ASPEY | ON FILE |
| BRYAN GLAZA | ON FILE |
| BRYAN HALCOTT | ON FILE |
| BRYAN HICKEY | ON FILE |
| BRYAN HIRZEL | ON FILE |
| BRYAN JEPSON | ON FILE |
| BRYAN JORDAHL | ON FILE |
| BRYAN JOSEPH BET | ON FILE |
| BRYAN JURECZKI | ON FILE |
| BRYAN KRUEGER | ON FILE |
| BRYAN LABUTTA | ON FILE |
| BRYAN LEE MASSENZO | ON FILE |
| BRYAN MCCLENDON | ON FILE |
| BRYAN MCMASTERS | ON FILE |
| BRYAN MITCHELL | ON FILE |
| BRYAN MORGAN | ON FILE |
| BRYAN STEINMAN | ON FILE |
| BRYAN SUTTON | ON FILE |
| BRYAN TROSCLAIR | ON FILE |
| BRYANT BANKS | ON FILE |
| BRYANT CALDWELL | ON FILE |
| BRYANT CRUM | ON FILE |



**Exhibit E**

Served via First-Class Mail

| NAME | ADDRESS |
|------|---------|
| BRYANT FINKLER | ON FILE |
| BRYANT GILLIGAN | ON FILE |
| BRYCE MARCUS ANDERSON | ON FILE |
| BRYCE MILLER | ON FILE |
| BRYN DAVIS | ON FILE |
| BRYN GAUTNEY | ON FILE |
| BRYNDON MINTER | ON FILE |
| BUCHI DIAI | ON FILE |
| BUCKLIN FOLEY | ON FILE |
| BUJAR AHMETI | ON FILE |
| BUMSOO LEE | ON FILE |
| CAESAR JACKSON | ON FILE |
| CAITLIN SYMMONDS | ON FILE |
| CAITLYNN CARTMILL | ON FILE |
| CALEB CRAIG | ON FILE |
| CALEB KUO | ON FILE |
| CALEB LARISON | ON FILE |
| CALEB MORRIS | ON FILE |
| CAMERON BARRETT | ON FILE |
| CAMERON BEACH | ON FILE |
| CAMERON CASTELLANOS | ON FILE |
| CAMERON CRAMER | ON FILE |
| CAMERON HODGES | ON FILE |
| CAMERON KEITH NICKOLS | ON FILE |
| CAMERON KRUGER | ON FILE |
| CAMERON KUKLA | ON FILE |
| CAMERON LISKA | ON FILE |
| CAMERON LOMAX | ON FILE |
| CAMERON LOUIS WHITE | ON FILE |
| CAMERON NEACE | ON FILE |
| CAMERON OLEZENE | ON FILE |
| CARLOS CASARES | ON FILE |
| CARLOS GARCIA | ON FILE |
| CARLOS RUBIANO | ON FILE |
| CARLOS SCHULER | ON FILE |
| CARLOS SILVA | ON FILE |
| CARLOS SPINELLI JR | ON FILE |
| CARMINE RICCIOLI | ON FILE |
| CARSON VEST | ON FILE |



**Exhibit E**

Served via First-Class Mail

| NAME | ADDRESS |
|---|---|
| CARY TAYLOR | ON FILE |
| CASEY GOLDMAN | ON FILE |
| CASEY HAVILAND | ON FILE |
| CASEY HILL | ON FILE |
| CASEY JANDRO | ON FILE |
| CASEY JEPPESEN | ON FILE |
| CASEY LELLO | ON FILE |
| CASEY LEVI VENTERS | ON FILE |
| CASEY MILLER | ON FILE |
| CASEY PATRICK SALT | ON FILE |
| CASEY SIRIPHONE | ON FILE |
| CASEY SMITH | ON FILE |
| CASSIE PANTER | ON FILE |
| CATALINA LEYVA | ON FILE |
| CATHERINE ONG | ON FILE |
| CATHY SWOFFORD | ON FILE |
| CECILIA TRAN | ON FILE |
| CHAD WASSINK | ON FILE |
| CHAIM GLUCK | ON FILE |
| CHAKRADHAR VANGETI | ON FILE |
| CHANDLER ALLEN | ON FILE |
| CHANDLER FORTUNE | ON FILE |
| CHANDLER KLAMM | ON FILE |
| CHANDLER SPENCE | ON FILE |
| CHANDLER WILSON | ON FILE |
| CHANO MARTINEZ | ON FILE |
| CHAO LI | ON FILE |
| CHARLES HAUGABOOK | ON FILE |
| CHARLES MCCUE | ON FILE |
| CHARLES MCGUIRE | ON FILE |
| CHARLES MCSPADDEN | ON FILE |
| CHARLES MELVIN SHANNON | ON FILE |
| CHARLES NULL | ON FILE |
| CHARLES PANAGOPOULOS | ON FILE |
| CHARLES RUMMEL | ON FILE |
| CHARLES SOLOMON COHEN | ON FILE |
| CHARMI SOLANKI | ON FILE |
| CHASE BURGE | ON FILE |
| CHECK KAM | ON FILE |

In re: Celsius Network LLC, *et al.*
Case No. 22-10964 (MG)

**STRETTO**

**Exhibit E**
Served via First-Class Mail

| NAME | ADDRESS |
|------|---------|
| CHEHSIU CHEN | ON FILE |
| CHELSEA HOLLENSBE | ON FILE |
| CHERRY LIU | ON FILE |
| CHERYL PURCELL | ON FILE |
| CHIEN CHIN CHEN | ON FILE |
| CHINEDU OBOWU | ON FILE |
| CHRIS CONNELL | ON FILE |
| CHRIS COX | ON FILE |
| CHRIS DAWSON | ON FILE |
| CHRIS DEBLASIO | ON FILE |
| CHRIS FETNER | ON FILE |
| CHRIS MARTIN | ON FILE |
| CHRIS MCHALE | ON FILE |
| CHRIS RAKERS | ON FILE |
| CHRISTIAN MICHAEL PRINTY | ON FILE |
| CHRISTIAN ONA | ON FILE |
| CHRISTIAN OVALLE | ON FILE |
| CHRISTIAN PEREZ | ON FILE |
| CHRISTIAN SCHULTZ | ON FILE |
| CHRISTIAN WALTERS | ON FILE |
| CHRISTINA ESQUIBEL | ON FILE |
| CHRISTINA GORAL | ON FILE |
| CHRISTINA LIU | ON FILE |
| CHRISTINA MARCHITTI | ON FILE |
| CHRISTOPHER AGUILO | ON FILE |
| CHRISTOPHER ALLEN | ON FILE |
| CHRISTOPHER ALMONTE | ON FILE |
| CHRISTOPHER AZZARELLO | ON FILE |
| CHRISTOPHER BARLOG | ON FILE |
| CHRISTOPHER BECHLER | ON FILE |
| CHRISTOPHER CORNELLIER | ON FILE |
| CHRISTOPHER CORNING | ON FILE |
| CHRISTOPHER CURTIN | ON FILE |
| CHRISTOPHER DEAN WIGGINS | ON FILE |
| CHRISTOPHER FRITZ | ON FILE |
| CHRISTOPHER JANNES | ON FILE |
| CHRISTOPHER KNIGHT | ON FILE |
| CHRISTOPHER KOLB | ON FILE |
| CHRISTOPHER KUZMAN | ON FILE |

In re: Celsius Network LLC, *et al.*
Case No. 22-10964 (MG)



**Exhibit E**

Served via First-Class Mail

| NAME | ADDRESS |
|------|---------|
| CHRISTOPHER LOWE | ON FILE |
| CHRISTOPHER MANLEY | ON FILE |
| CHRISTOPHER MORGAN-WILSON | ON FILE |
| CHRISTOPHER STAPLES | ON FILE |
| CHRISTOPHER SUKOVICH | ON FILE |
| CHRISTOPHER VO | ON FILE |
| CHRISTOPHER VONTUNGELN | ON FILE |
| CHRISTOPHER WESTFIELD | ON FILE |
| CIPRIAN JACKSON | ON FILE |
| CLARK LANDIS | ON FILE |
| COBY SHIRAZI | ON FILE |
| CODY BARTMAN | ON FILE |
| CODY DALLAVALLE | ON FILE |
| CODY FUNDERBURK | ON FILE |
| CODY JOHNSON | ON FILE |
| CODY KITTLESON | ON FILE |
| CODY MATOUSEK | ON FILE |
| CODY SELLS | ON FILE |
| CODY WEAKLAND | ON FILE |
| CODY WILSON | ON FILE |
| CODY WOODLAND | ON FILE |
| CODY WOODWARD | ON FILE |
| CODY WRIGHT | ON FILE |
| COLIN HESTER | ON FILE |
| COLLIN BOLTZ | ON FILE |
| CONNEL WILLIAM PARSONS | ON FILE |
| CONNOR DEMORE | ON FILE |
| CONNOR GARLAND | ON FILE |
| CONNOR GOODALE | ON FILE |
| CONNOR HANSEN | ON FILE |
| CONNOR MCLEOD | ON FILE |
| CONNOR STEPHENS | ON FILE |
| CONNOR WALSH | ON FILE |
| CONOR P CAREY | ON FILE |
| CONOR PANDL | ON FILE |
| CONRAD TRUCHLY | ON FILE |
| COOPER RIBB | ON FILE |
| CORBIN LYNN | ON FILE |
| CORBIN WEIGEL | ON FILE |

In re: Celsius Network LLC, *et al.*
Case No. 22-10964 (MG)



**Exhibit E**

Served via First-Class Mail

| NAME | ADDRESS |
|------|---------|
| COREY BERRIER | ON FILE |
| COREY JOHNSON | ON FILE |
| COREY WILSON | ON FILE |
| CORY TOLAR | ON FILE |
| CRAIG ERWIN | ON FILE |
| CRAIG HISSONG | ON FILE |
| CRAIG WALKER | ON FILE |
| CURTIS BATHURST | ON FILE |
| CURTIS STAUFFER | ON FILE |
| CYNTHIA PAN | ON FILE |
| CYRUS WILKES | ON FILE |
| DAIN MCGILL | ON FILE |
| DAISUKE SUZUKI | ON FILE |
| DALE CARLE | ON FILE |
| DALE CURTIS | ON FILE |
| DALE HYMES | ON FILE |
| DALE JONES | ON FILE |
| DALE JUMPP | ON FILE |
| DALE MONTGOMERY | ON FILE |
| DALE PAYNE | ON FILE |
| DALE RAY WOLF | ON FILE |
| DALE SHEEDY | ON FILE |
| DALE WILLIAM DEXTER | ON FILE |
| DAN ADER | ON FILE |
| DAN CHRISTIAN AQUINO | ON FILE |
| DAN DANCIGER | ON FILE |
| DAN DOMANSKI | ON FILE |
| DAN MEADORS | ON FILE |
| DAN WOODS | ON FILE |
| DAN Y WU | ON FILE |
| DANA ALLEN | ON FILE |
| DANETTE STAGGS | ON FILE |
| DANIEL DAVIS | ON FILE |
| DANIEL DEGHI | ON FILE |
| DANIEL DEMOSS | ON FILE |
| DANIEL DERWISH GASTELUM | ON FILE |
| DANIEL DEYOUNG | ON FILE |
| DANIEL GARRETT | ON FILE |
| DANIEL GORSHE | ON FILE |



**Exhibit E**

Served via First-Class Mail

| NAME | ADDRESS |
|------|---------|
| DANIEL HOUCK | ON FILE |
| DANIEL JAMES VAN DEN BERG | ON FILE |
| DANIEL JOHANNED | ON FILE |
| DANIEL JOHNSON | ON FILE |
| DANIEL LOFY | ON FILE |
| DANIEL NASON | ON FILE |
| DANIEL OSBORNE | ON FILE |
| DANIEL PERALTA | ON FILE |
| DANIEL REARDON | ON FILE |
| DANIEL SANTANA VEGA | ON FILE |
| DANIEL SARGIS | ON FILE |
| DANIEL SIEVERS | ON FILE |
| DANIEL STEVEN FLORES | ON FILE |
| DANIEL STREELMAN | ON FILE |
| DANIEL SULLIVAN | ON FILE |
| DANIEL SUNG | ON FILE |
| DANIEL TCHIPROUT | ON FILE |
| DANIEL THOMAS | ON FILE |
| DANIEL TISMAL | ON FILE |
| DANIEL TOMPKINS | ON FILE |
| DANIEL TORGERSON | ON FILE |
| DANIEL TRUONG | ON FILE |
| DANIEL UFFLEMAN | ON FILE |
| DANIEL ULLRICH | ON FILE |
| DANIEL URMAN | ON FILE |
| DANIEL UTLEY | ON FILE |
| DANIEL VALENCIA | ON FILE |
| DANIEL VARGAS | ON FILE |
| DANIEL VAZQUEZ | ON FILE |
| DANIEL VIDAL | ON FILE |
| DANIEL VINCI | ON FILE |
| DANIEL VITALE | ON FILE |
| DANIEL WALLMAN | ON FILE |
| DANIEL WALSH | ON FILE |
| DANIEL WARNER | ON FILE |
| DANIEL WASHINGTON | ON FILE |
| DANIEL WASSMAN | ON FILE |
| DANIEL WEBSTER | ON FILE |
| DANIEL WEINBERG | ON FILE |

 

**Exhibit E**
Served via First-Class Mail

| NAME | ADDRESS |
| --- | --- |
| DANIEL WELLBORN | ON FILE |
| DANIEL WHITTINGSLOW | ON FILE |
| DANIEL WIRLEY | ON FILE |
| DANIEL WORTMAN | ON FILE |
| DANIEL WRIGHT | ON FILE |
| DANIEL YANG | ON FILE |
| DANIEL YEOMANS | ON FILE |
| DANIEL YOO | ON FILE |
| DANIEL ZAMORA | ON FILE |
| DARA FINCH | ON FILE |
| DARIAUS PHILSON | ON FILE |
| DARIN ELEZOVIC | ON FILE |
| DARRYL ANDERSON | ON FILE |
| DARSON GRANTHAM | ON FILE |
| DAT NGUYEN | ON FILE |
| DAVID ADALAT | ON FILE |
| DAVID AGUDELO-FRANKEL | ON FILE |
| DAVID ALBRIGHT | ON FILE |
| DAVID AMUNEKE | ON FILE |
| DAVID B FONTAINE | ON FILE |
| DAVID BARTLETT | ON FILE |
| DAVID BEARDEN | ON FILE |
| DAVID BOWERS | ON FILE |
| DAVID CHRISTIAN | ON FILE |
| DAVID COLMENARES | ON FILE |
| DAVID DAVIES | ON FILE |
| DAVID DEKKER | ON FILE |
| DAVID DETTMANN | ON FILE |
| DAVID EDWARDS-SCHOFIELD | ON FILE |
| DAVID FASANO | ON FILE |
| DAVID GAPP | ON FILE |
| DAVID GEORGIYEV | ON FILE |
| DAVID HUDSON | ON FILE |
| DAVID HUTCHESON | ON FILE |
| DAVID JOSHUA GOATES | ON FILE |
| DAVID KING | ON FILE |
| DAVID LATSHAW | ON FILE |
| DAVID LEE | ON FILE |
| DAVID LEE ELLIOT WARTH | ON FILE |



## Exhibit E
Served via First-Class Mail

| NAME | ADDRESS |
| --- | --- |
| DAVID LIEBETREU | ON FILE |
| DAVID LYNCH | ON FILE |
| DAVID MARQUESS | ON FILE |
| DAVID MEIER | ON FILE |
| DAVID MINSKY | ON FILE |
| DAVID MURPHY | ON FILE |
| DAVID NEWBOLD | ON FILE |
| DAVID POST | ON FILE |
| DAVID RANGEL | ON FILE |
| DAVID ROMANO | ON FILE |
| DAVID SHEN | ON FILE |
| DAVID SHOFFNER | ON FILE |
| DAVID VINCENT | ON FILE |
| DAVID ZARWELL | ON FILE |
| DAVINDER SINGH | ON FILE |
| DEANNA MARTINEZ | ON FILE |
| DEBORAH HURLEY | ON FILE |
| DECLAN JONES | ON FILE |
| DENA DICKINSON | ON FILE |
| DENIS KOHL | ON FILE |
| DENIZ OZGOREN | ON FILE |
| DENNIS BRYANT | ON FILE |
| DENNIS DEMPSEY | ON FILE |
| DENNIS HEALY | ON FILE |
| DENNIS MAFFEI | ON FILE |
| DEREK BEDE | ON FILE |
| DEREK DRUSSA | ON FILE |
| DEREK SCHULTE | ON FILE |
| DERRICK DICKERSON | ON FILE |
| DERRICK ESKRA | ON FILE |
| DERRICK LEONE | ON FILE |
| DESHAUN NICHOLS | ON FILE |
| DEVER CARRISON | ON FILE |
| DEVIN MOIS | ON FILE |
| DEVON SABSHIN | ON FILE |
| DEXTER DEAN BETTS | ON FILE |
| DHRUV VYAS | ON FILE |
| DHRUVALKUMAR PATEL | ON FILE |
| DIANA LEE | ON FILE |



**Exhibit E**

Served via First-Class Mail

| NAME | ADDRESS |
| --- | --- |
| DIEGO TORRES | ON FILE |
| DILLON YOUNG | ON FILE |
| DIMARCO IBARRA | ON FILE |
| DOMINIC ALLAN MARKS | ON FILE |
| DONOVAN MYERS | ON FILE |
| DONTE HARRIS-SMITH | ON FILE |
| DOUGLAS BRADY | ON FILE |
| DOUGLAS GRAHAM | ON FILE |
| DOUGLAS HALLOCK | ON FILE |
| DOUGLAS JACKSON | ON FILE |
| DOUGLAS MEYER | ON FILE |
| DRAKE DONOVAN | ON FILE |
| DREW KENYON | ON FILE |
| DUC DONG | ON FILE |
| DULUXAN SRITHARAN | ON FILE |
| DUSTIN CARTER | ON FILE |
| DUSTIN MADIGAN | ON FILE |
| DUSTIN WANG | ON FILE |
| DWAYNE GRAVES | ON FILE |
| DYLAN BLISS | ON FILE |
| DYLAN MACCARONE | ON FILE |
| EARL SO | ON FILE |
| EDDY LOPEZ | ON FILE |
| EDGARDO REYES | ON FILE |
| EDNA CEBALLOS | ON FILE |
| EDWARD HAYNIE | ON FILE |
| EDWARD ORLOWSKI | ON FILE |
| EDWARD SILVA | ON FILE |
| EDWIN FASTNACHT | ON FILE |
| EDWIN TREJO | ON FILE |
| EDWIN TSAY | ON FILE |
| EDYMARIAM CASTILLO | ON FILE |
| EDYTA KAPUSTA | ON FILE |
| ELENA GONCHAROVA | ON FILE |
| ELEXIS MENDOZA | ON FILE |
| ELIEZER KARPOVSKI | ON FILE |
| ELIZABETH ABRAMS | ON FILE |
| ELIZABETH KUKKA | ON FILE |
| ELIZABETH NUNGARAY | ON FILE |



**Exhibit E**
Served via First-Class Mail

| NAME | ADDRESS |
|------|---------|
| ELLIOT YOUNG | ON FILE |
| ELLISON BAY | ON FILE |
| EMILIE COSTIKYAN | ON FILE |
| EMILIO GABRIELE SISON | ON FILE |
| EMMA KRANTZ | ON FILE |
| EMMA WEBER | ON FILE |
| EMMANUEL CELESTIN | ON FILE |
| ENRIQUE SATURNO | ON FILE |
| ERIC AMAKER | ON FILE |
| ERIC BASAPPA | ON FILE |
| ERIC CHAI | ON FILE |
| ERIC D SEPULVEDA | ON FILE |
| ERIC DELEON | ON FILE |
| ERIC DUDLEY | ON FILE |
| ERIC JANSEN | ON FILE |
| ERIC KESSEL | ON FILE |
| ERIC KING | ON FILE |
| ERIC LEDEZMA | ON FILE |
| ERIC MATHEWS | ON FILE |
| ERIC MONROE | ON FILE |
| ERIC MORALES | ON FILE |
| ERIC SHANKS | ON FILE |
| ERIC TYRONE RAYMOND | ON FILE |
| ERIC WINECOFF | ON FILE |
| ERICA TSAI | ON FILE |
| ERICH KEMPER | ON FILE |
| ERICH STRAHM | ON FILE |
| ERICK SCHULZ | ON FILE |
| ERIN CATHERINE PISIAK | ON FILE |
| ERIN LEFEVRE | ON FILE |
| ERNEST LOWELL III MARTIN | ON FILE |
| ERNEST SMITH | ON FILE |
| ESTEVAN SANCHEZ | ON FILE |
| ETHAN CARROLL | ON FILE |
| ETHAN CELIO | ON FILE |
| ETHAN GERRITS | ON FILE |
| ETHAN WHITE | ON FILE |
| EVA HOYUEN | ON FILE |
| EVAN ARBOGAST | ON FILE |

In re: Celsius Network LLC, *et al.*
Case No. 22-10964 (MG)

STRETTO

**Exhibit E**
Served via First-Class Mail

| NAME | ADDRESS |
|---|---|
| EVAN FARRAR | ON FILE |
| EVAN LASIEWICZ | ON FILE |
| EVAN ROGERS | ON FILE |
| EVANGELOS MOUZAKITIS | ON FILE |
| EVGENII DOKUMENTOV | ON FILE |
| EYAN TOWNSEND | ON FILE |
| EZEKIAL KOLHOFF | ON FILE |
| EZEKIEL WILLIAMS | ON FILE |
| EZRA KEBRAB | ON FILE |
| FABIAN AGUDELO | ON FILE |
| FABIAN HERRERA | ON FILE |
| FABIAN PULIDO | ON FILE |
| FABIAN VEGA | ON FILE |
| FABIO BRACHO | ON FILE |
| FABIO FERNANDES | ON FILE |
| FABIO RIVERA | ON FILE |
| FAHAD ESSAM ABULJEDAYAL | ON FILE |
| FAISAL FASEEHUDDIN | ON FILE |
| FANINA PADYKULA | ON FILE |
| FAYU LAI | ON FILE |
| FEDERICO HENKEL | ON FILE |
| FELICE SACCO | ON FILE |
| FELIKS KERMAN | ON FILE |
| FELIPE JR OROPEZA | ON FILE |
| FELIX CHENG | ON FILE |
| FELIX RODRIGUEZ | ON FILE |
| FERNANDO ROLDAN | ON FILE |
| FIDEL ARROYO | ON FILE |
| FILIPP MINAYEV | ON FILE |
| FRANCES SILVA | ON FILE |
| FRANK AMATO | ON FILE |
| FRANK KOSMAN | ON FILE |
| FRANK MOLETT III | ON FILE |
| FRANK SAVEL | ON FILE |
| FRANKLYN KROGMAN | ON FILE |
| FREDDIE BARRY | ON FILE |
| FREDDIE VILLACCI JR | ON FILE |
| FREDERICK BUDDE | ON FILE |
| GABRIELLE FISCHER | ON FILE |



**Exhibit E**
Served via First-Class Mail

| NAME | ADDRESS |
|------|---------|
| GAETANO BOCCIA | ON FILE |
| GAGE O'CONNOR | ON FILE |
| GARETH ALMBERG | ON FILE |
| GARRETT PAYNE | ON FILE |
| GARY GERHARDT | ON FILE |
| GARY TRICK | ON FILE |
| GAUTHAM KORADA | ON FILE |
| GEORGE ANDREWS | ON FILE |
| GEORGE BRUSO | ON FILE |
| GEORGE LOPEZ | ON FILE |
| GEORGE VACCARO | ON FILE |
| GERARD ROJO | ON FILE |
| GERMAN OSORIO | ON FILE |
| GIAN IGNACIO LOMBARDI | ON FILE |
| GIOVANNI FIORAMONTE | ON FILE |
| GLENN LORDE | ON FILE |
| GREG BECKER | ON FILE |
| GRIGORIY BELONOZHKO | ON FILE |
| HAILEY REYNOLDS | ON FILE |
| HAN-CHE LIN | ON FILE |
| HANNAH LANDES | ON FILE |
| HANNAH MINIFIE | ON FILE |
| HANNAH SMITH | ON FILE |
| HANNIBAL HILLS | ON FILE |
| HARRY HURD | ON FILE |
| HARRY PALLEY | ON FILE |
| HARTE HAFFNER | ON FILE |
| HAYDEN STREIN | ON FILE |
| HELEN VERNON | ON FILE |
| HELENA CASWELL | ON FILE |
| HELENA CHAVEZ | ON FILE |
| HENDEL VILLAMIZAR | ON FILE |
| HENRY HABGOOD | ON FILE |
| HENRY ING | ON FILE |
| HERON BARGER | ON FILE |
| HILARION CASTRO | ON FILE |
| HOLDEN ALBIN | ON FILE |
| HOLLY ARNETT | ON FILE |
| HOLLY RIEGER | ON FILE |

In re: Celsius Network LLC, *et al.*
Case No. 22-10964 (MG)



**Exhibit E**
Served via First-Class Mail

| NAME | ADDRESS |
|------|---------|
| HOUSSEIN MHEIMID | ON FILE |
| HRISHIKESH VASUDEO SAMANT | ON FILE |
| HRISTO PETROV | ON FILE |
| HSING-HAO CHEN | ON FILE |
| HSUAN-WEN CHU | ON FILE |
| HTAY HLAING | ON FILE |
| HUALING TSOI | ON FILE |
| HUBERT JIANG | ON FILE |
| HUBERT PALAN | ON FILE |
| HUDSON SMITH | ON FILE |
| HUGH ALLEN SCHILTZ | ON FILE |
| HUMZA ARSHAD | ON FILE |
| HUNG NGUYEN | ON FILE |
| HUNSAKER LYNN | ON FILE |
| HUNTER BAUSS | ON FILE |
| HUNTER BERNDT SWANSON | ON FILE |
| HUNTER CONFER | ON FILE |
| HUNTER HAYDEN | ON FILE |
| HUNTER JENSEN | ON FILE |
| HUNTER JONES | ON FILE |
| HUNTER KINCHEN | ON FILE |
| HUNTER KNOPP | ON FILE |
| HUNTER KRAUSE | ON FILE |
| HUNTER KUTA | ON FILE |
| HUNTER MECHIGIAN | ON FILE |
| HUNTER MIX | ON FILE |
| IAN FEDELE | ON FILE |
| IAN PAQUETTE | ON FILE |
| IAN SCHULER | ON FILE |
| IAN SHAW | ON FILE |
| IGOR SOUZA MESSER | ON FILE |
| IGORS LAVRINOVICS | ON FILE |
| ILAN L SHEMTOV | ON FILE |
| ISAAC LOOMANS | ON FILE |
| ISABEL CORSINO | ON FILE |
| ISAIAH BEHYMER | ON FILE |
| ISHMAEL THOMAS | ON FILE |
| ISMAIL LAMRINI | ON FILE |
| IVAN JANSER PASSOS | ON FILE |

**Exhibit E**

Served via First-Class Mail

| NAME | ADDRESS |
|---|---|
| IVAN MARKOVIC | ON FILE |
| JACE JONES | ON FILE |
| JACELYN OSHIRO-RODONI | ON FILE |
| JACK GOODMAN | ON FILE |
| JACK LEONARD | ON FILE |
| JACK MARSTON | ON FILE |
| JACKSON PIERCE | ON FILE |
| JACKSON SAMMARTINO | ON FILE |
| JACKSON SEAL | ON FILE |
| JACKSON SIMS | ON FILE |
| JACOB ROBERTS | ON FILE |
| JACOB THORNTON | ON FILE |
| JACOB WEIKART | ON FILE |
| JADE ANUSZEK | ON FILE |
| JADON HENKE | ON FILE |
| JAI-INDER GHOTRA | ON FILE |
| JAMES A BLUM | ON FILE |
| JAMES BRISCOE | ON FILE |
| JAMES CARWILE | ON FILE |
| JAMES DOUGLAS DAVIDSON | ON FILE |
| JAMES DRISCOLLI | ON FILE |
| JAMES EVANS | ON FILE |
| JAMES HEFLIN | ON FILE |
| JAMES JOSEPH CARL | ON FILE |
| JAMES KNOX | ON FILE |
| JAMES MAI | ON FILE |
| JAMES MATTERA | ON FILE |
| JAMES MATTHEWS | ON FILE |
| JAMES MCBREEN | ON FILE |
| JAMES MCCLEARY | ON FILE |
| JAMES MCEWEN | ON FILE |
| JAMES MCLALIN | ON FILE |
| JAMES MEYERS JR | ON FILE |
| JAMES PERKINS | ON FILE |
| JAMES PICKETT | ON FILE |
| JAMES PORTER | ON FILE |
| JAMES SIMPSON | ON FILE |
| JAMES STEVENS | ON FILE |
| JAMES YANG | ON FILE |

In re: Celsius Network LLC, *et al.*
Case No. 22-10964 (MG)



## Exhibit E
Served via First-Class Mail

| NAME | ADDRESS |
|---|---|
| JAMIE CROWLEY | ON FILE |
| JAMIE DWYER | ON FILE |
| JAMIE KLEIN | ON FILE |
| JAMIE PENNINGTON | ON FILE |
| JAMIN BONTRAGER | ON FILE |
| JAMIN SOLENSKY | ON FILE |
| JAN EIDE | ON FILE |
| JANAE ABRAHAM | ON FILE |
| JAQUAN JOYE | ON FILE |
| JARED DOESCHER | ON FILE |
| JARED HERSCHEL SCHLAR | ON FILE |
| JARED MADRID | ON FILE |
| JASEN SUTHERLAND | ON FILE |
| JASON DODD | ON FILE |
| JASON HEBERT | ON FILE |
| JASON JARVIS | ON FILE |
| JASON KILBURG | ON FILE |
| JASON KIZER | ON FILE |
| JASON KOBRYA | ON FILE |
| JASON KOEBELE | ON FILE |
| JASON KOLB | ON FILE |
| JASON KRAFT | ON FILE |
| JASON KRIS NEBEKER | ON FILE |
| JASON KRUK | ON FILE |
| JASON LEE | ON FILE |
| JASON LINDSAY | ON FILE |
| JASON LOVELAND | ON FILE |
| JASON LOWERY | ON FILE |
| JASON MORAN | ON FILE |
| JASON QUAN | ON FILE |
| JAVEN BAINS | ON FILE |
| JAYMES WENCESLAO | ON FILE |
| JAYNA SUEKO YAMASHITA | ON FILE |
| JEFF SPAWTON | ON FILE |
| JEFFREY BASTIAN | ON FILE |
| JEFFREY BAUER | ON FILE |
| JEFFREY BAUMGARTNER | ON FILE |
| JEFFREY BOSTIC | ON FILE |
| JEFFREY BRIAN HELMUTH | ON FILE |



**Exhibit E**
Served via First-Class Mail

| NAME | ADDRESS |
| --- | --- |
| JEFFREY BROWNE | ON FILE |
| JEFFREY ENGEN | ON FILE |
| JEFFREY LEVIN | ON FILE |
| JEFFREY PATRICK | ON FILE |
| JEFFREY YORKE | ON FILE |
| JEN RUMINSKI | ON FILE |
| JENEICE WASCHLE | ON FILE |
| JENNERO ROSSI | ON FILE |
| JENNIFER BEAUREGARD | ON FILE |
| JENNIFER LUBKE | ON FILE |
| JENNIFER MAUGHAN | ON FILE |
| JENNIFER MCCOY | ON FILE |
| JENNIFER SALLING | ON FILE |
| JENNIFER SMITH | ON FILE |
| JERALD ROBINSON | ON FILE |
| JERAMI MARSH | ON FILE |
| JEREMEY BREATH | ON FILE |
| JEREMIAH ABELLANOSA | ON FILE |
| JEREMIAH BIRRELL | ON FILE |
| JEREMY GUEST | ON FILE |
| JEREMY LAWN | ON FILE |
| JEREMY OLSON | ON FILE |
| JEREMY OSTLER | ON FILE |
| JEREMY STEED | ON FILE |
| JERRELL BLAKE | ON FILE |
| JERRY BRODIE | ON FILE |
| JERRY CENTENO | ON FILE |
| JERRY COBLE | ON FILE |
| JERRY CZAPP | ON FILE |
| JERRY SIMMONS | ON FILE |
| JESSE ARREDONDO | ON FILE |
| JESSE BARTLETT | ON FILE |
| JESSE BURK | ON FILE |
| JESSE CUADRA | ON FILE |
| JESSE GEORGE | ON FILE |
| JESSE HWANG | ON FILE |
| JESSE LACKEY | ON FILE |
| JESSICA BAKEN | ON FILE |
| JESSICA KOLTUN | ON FILE |



## Exhibit E
Served via First-Class Mail

| NAME | ADDRESS |
| --- | --- |
| JESSICA LACKNER | ON FILE |
| JESSICA PETERSON | ON FILE |
| JESSICA PROIS | ON FILE |
| JESSICA SCOLA | ON FILE |
| JESSICA SELLS | ON FILE |
| JESSICA SORENSEN | ON FILE |
| JESSICA TILLIE | ON FILE |
| JESSICA VAUGHN | ON FILE |
| JESSICA VENCER | ON FILE |
| JESSICA WHITE | ON FILE |
| JESSICA WINTERGRASS | ON FILE |
| JESSICA WOO | ON FILE |
| JESSILIN ESTEVEZ | ON FILE |
| JESTYN SHOYOOLA | ON FILE |
| JESUS ESCOBEDO | ON FILE |
| JILL PROUT | ON FILE |
| JIMMY KIM | ON FILE |
| JIMMY NGUYEN | ON FILE |
| JIMMY SHIH | ON FILE |
| JOE BUFFO | ON FILE |
| JOETTA PALMER | ON FILE |
| JOEY NORRIS | ON FILE |
| JOHN BOCSKOVITS | ON FILE |
| JOHN COOK | ON FILE |
| JOHN GOODWIN | ON FILE |
| JOHN GOVATOS | ON FILE |
| JOHN GRAVES | ON FILE |
| JOHN GRIMM | ON FILE |
| JOHN GUTHRIE | ON FILE |
| JOHN HAMM | ON FILE |
| JOHN HAMMOND | ON FILE |
| JOHN HANCHER | ON FILE |
| JOHN HARRIS | ON FILE |
| JOHN HAUENSTEIN | ON FILE |
| JOHN HUDSON | ON FILE |
| JOHN HUGHES | ON FILE |
| JOHN IACOBONI | ON FILE |
| JOHN KOCH | ON FILE |
| JOHN KOZUCH | ON FILE |

STRETTO

**Exhibit E**

Served via First-Class Mail

| NAME | ADDRESS |
|------|---------|
| JOHN MACKENZIE | ON FILE |
| JOHN ROBERT WILLIAMS, JR | ON FILE |
| JOHN SCHEMPF | ON FILE |
| JOHN SHERMAN | ON FILE |
| JOHN SUNDEN | ON FILE |
| JOHN WALTZ | ON FILE |
| JOHN WANG | ON FILE |
| JOHN WATTS | ON FILE |
| JOHN WILLIAMS | ON FILE |
| JOHN WURM | ON FILE |
| JOHN ZAMUDIO | ON FILE |
| JOHN ZOZZARO | ON FILE |
| JOHNATHAN BISLEW | ON FILE |
| JOJIRO SHIMIZU | ON FILE |
| JON BREITLING | ON FILE |
| JON BRODSTON | ON FILE |
| JON BUTLER | ON FILE |
| JON CANALIZO | ON FILE |
| JONATHAN CLAYTON DREW | ON FILE |
| JONATHAN COACH | ON FILE |
| JONATHAN COOPER | ON FILE |
| JONATHAN FELSKE | ON FILE |
| JONATHAN HATHORNE | ON FILE |
| JONATHAN HERNANDEZ | ON FILE |
| JONATHAN HUROWITZ | ON FILE |
| JONATHAN HYDE | ON FILE |
| JONATHAN LLEDO | ON FILE |
| JONATHAN MARTIN | ON FILE |
| JONATHAN MCDILL | ON FILE |
| JONATHAN OTTO HANKIN | ON FILE |
| JONATHAN PHILLIPS | ON FILE |
| JONATHAN SANTANA | ON FILE |
| JONTAE WATKINS | ON FILE |
| JORDAN FROST | ON FILE |
| JORDAN HOBSON | ON FILE |
| JORDAN MEYER | ON FILE |
| JORDAN RILEY GOODWIN | ON FILE |
| JORDAN RIVERA | ON FILE |
| JORDAN ROBISON | ON FILE |

In re: Celsius Network LLC, *et al.*
Case No. 22-10964 (MG)



**Exhibit E**
Served via First-Class Mail

| NAME | ADDRESS |
|---|---|
| JORDAN RODRIGUEZ | ON FILE |
| JORDAN ROSS | ON FILE |
| JORDAN SARNOVSKY | ON FILE |
| JORDAN SEYMOUR | ON FILE |
| JORDAN SHOENHAIR | ON FILE |
| JORDAN SILL | ON FILE |
| JORDAN SMITH | ON FILE |
| JORDAN STALLARD | ON FILE |
| JORDAN STEPHENS | ON FILE |
| JORDAN THOMPSON | ON FILE |
| JORDAN VICTOR | ON FILE |
| JORDAN WARREN | ON FILE |
| JORDAN WEBER | ON FILE |
| JORDAN WOOTEN | ON FILE |
| JORDON COLE HANSEN | ON FILE |
| JORDON MACHLIS | ON FILE |
| JORGE ALVAREZ | ON FILE |
| JORGE ARMENDARIZ | ON FILE |
| JORGE BENCOMO | ON FILE |
| JORGE CASALLO CHIRINOS | ON FILE |
| JORGE CURIEL | ON FILE |
| JORGE DAVILA | ON FILE |
| JOSE LUIS ROQUENIGALINDO | ON FILE |
| JOSE MARTINEZ | ON FILE |
| JOSEPH DEFRANCESCO | ON FILE |
| JOSEPH DENNEY | ON FILE |
| JOSEPH EDWIN JONES | ON FILE |
| JOSEPH GIULIETTI | ON FILE |
| JOSEPH GLAZER | ON FILE |
| JOSEPH HOMOKAY | ON FILE |
| JOSEPH JOHNSON | ON FILE |
| JOSEPH KIELPINSKI | ON FILE |
| JOSEPH LEE | ON FILE |
| JOSEPH LEWIS | ON FILE |
| JOSEPH LINSCOTT | ON FILE |
| JOSEPH LUSSIER | ON FILE |
| JOSEPH MCCANN | ON FILE |
| JOSEPH MCDONALD | ON FILE |
| JOSEPH MCGRATH | ON FILE |

**STRETTO**

**Exhibit E**

Served via First-Class Mail

| NAME | ADDRESS |
|---|---|
| JOSEPH MCKISSOCK | ON FILE |
| JOSEPH MERRIMAN | ON FILE |
| JOSEPH MICHAEL BERUBE | ON FILE |
| JOSEPH PAUL | ON FILE |
| JOSEPH PERAINO | ON FILE |
| JOSEPH PERCY EDWARDS | ON FILE |
| JOSEPH PRADO | ON FILE |
| JOSEPH ROSEBROCK | ON FILE |
| JOSEPH SABULA | ON FILE |
| JOSEPH SACKETT | ON FILE |
| JOSEPH SANTOS | ON FILE |
| JOSEPH SATTERFIELD | ON FILE |
| JOSEPH SEKEL | ON FILE |
| JOSEPH SHAMBURGER | ON FILE |
| JOSEPH SOLINGER | ON FILE |
| JOSEPH SORTET | ON FILE |
| JOSEPH STANLEY | ON FILE |
| JOSEPH TESTA | ON FILE |
| JOSEPH VAVALA | ON FILE |
| JOSEPH WARNIMONT | ON FILE |
| JOSEPH ZAJAC | ON FILE |
| JOSEPH ZHANG | ON FILE |
| JOSEPHINE TESALONA | ON FILE |
| JOSH ABBATE | ON FILE |
| JOSH AMDAHL | ON FILE |
| JOSH HARLESS | ON FILE |
| JOSH LARUE | ON FILE |
| JOSH ZETTLEMOYER | ON FILE |
| JOSHOA OCASION | ON FILE |
| JOSHUA A BAILEY | ON FILE |
| JOSHUA A EMERALD | ON FILE |
| JOSHUA ALAN TAYLOR | ON FILE |
| JOSHUA ALLEY | ON FILE |
| JOSHUA ANDERSON | ON FILE |
| JOSHUA AROCHO | ON FILE |
| JOSHUA BERG | ON FILE |
| JOSHUA BISHOP | ON FILE |
| JOSHUA BLINCOE | ON FILE |
| JOSHUA BONTRAGER | ON FILE |

In re: Celsius Network LLC, *et al.*
Case No. 22-10964 (MG)



**Exhibit E**

Served via First-Class Mail

| NAME | ADDRESS |
| --- | --- |
| JOSHUA BRADFORD | ON FILE |
| JOSHUA BRADLEY | ON FILE |
| JOSHUA BRIGHT | ON FILE |
| JOSHUA BRITTON | ON FILE |
| JOSHUA BRYAN NEATHERY | ON FILE |
| JOSHUA BURDICK-WILL | ON FILE |
| JOSHUA BURMAN | ON FILE |
| JOSHUA BURY | ON FILE |
| JOSHUA BUTTON | ON FILE |
| JOSHUA CAMP | ON FILE |
| JOSHUA CANTER | ON FILE |
| JOSHUA CARDA | ON FILE |
| JOSHUA CEDENO | ON FILE |
| JOSHUA CHANDLER | ON FILE |
| JOSHUA CHRISTOPHER JENKINS | ON FILE |
| JOSHUA CHROMIAK | ON FILE |
| JOSHUA CIMARUSTI | ON FILE |
| JOSHUA CLAYPOOL | ON FILE |
| JOSHUA CONLEY | ON FILE |
| JOSHUA COPELAND | ON FILE |
| JOSHUA COULTER | ON FILE |
| JOSHUA DAVID HOERNER | ON FILE |
| JOSHUA DAVID NISSLEY | ON FILE |
| JOSHUA FOSTER | ON FILE |
| JOSHUA GORDON-BLAKE | ON FILE |
| JOSHUA GOULD | ON FILE |
| JOSHUA GUEST | ON FILE |
| JOSHUA HARTZELL | ON FILE |
| JOSHUA HENSLEE | ON FILE |
| JOSHUA JOHNSON | ON FILE |
| JOSHUA JURY | ON FILE |
| JOSHUA PARKER | ON FILE |
| JOSHUA PARKS | ON FILE |
| JOSHUA PAUL NYLUND | ON FILE |
| JOSHUA RYAN HARTSELL | ON FILE |
| JOSHUA SMITH | ON FILE |
| JOSHUA SPICER | ON FILE |
| JOSHUA STEWART | ON FILE |
| JOSHUA SUMMERS | ON FILE |

In re: Celsius Network LLC, *et al.*
Case No. 22-10964 (MG)

**STRETTO**

**Exhibit E**
Served via First-Class Mail

| NAME | ADDRESS |
|------|---------|
| JOSIAH WEBSTER | ON FILE |
| JOVAN MAGAZIN | ON FILE |
| JULIAN HARRIGAN | ON FILE |
| JULIANA PANICK | ON FILE |
| JULIANNA SAMPER | ON FILE |
| JULIE FACINE | ON FILE |
| JUSTIN CUTTER | ON FILE |
| JUSTIN DAVIS | ON FILE |
| JUSTIN DELEON | ON FILE |
| JUSTIN DIAMOND | ON FILE |
| JUSTIN KAM | ON FILE |
| JUSTIN LOPEZ | ON FILE |
| JUSTIN ROGOWAY | ON FILE |
| JUSTIN THOMAS | ON FILE |
| JUSTIN TOWNER | ON FILE |
| KADAN CHRISTOPHER WESTRA | ON FILE |
| KAI YANG | ON FILE |
| KAILASH YELASANI | ON FILE |
| KAIN MERRIHEW | ON FILE |
| KAITLIN HUMPHREY | ON FILE |
| KALI CHAUDHURI | ON FILE |
| KAMBIZ KARIMI | ON FILE |
| KARABET BARDAKJIAN | ON FILE |
| KARIE DORRANCE | ON FILE |
| KARIM MOUSSA | ON FILE |
| KARINA A ALVARADO | ON FILE |
| KARL ESTRADA | ON FILE |
| KATERYNA PARUBOCHA KIRKPATRICK | ON FILE |
| KATIE KIM | ON FILE |
| KAYLA HANSEN | ON FILE |
| KAYLA LEVAUL | ON FILE |
| KAYLA LYNN | ON FILE |
| KAYLA MARIE MINGO | ON FILE |
| KAYLA POTTER | ON FILE |
| KAYLA PRUES | ON FILE |
| KAYLA REED | ON FILE |
| KAYLEA GLEASON | ON FILE |
| KAYLEE MCCLENDON | ON FILE |
| KAYLEE RAPOZA | ON FILE |



**Exhibit E**

Served via First-Class Mail

| NAME | ADDRESS |
|---|---|
| KAYLEN CHANG | ON FILE |
| KAYLI BEIERLE | ON FILE |
| KEELAN FREITAG | ON FILE |
| KEEM IBARRA | ON FILE |
| KEENAN KEELING | ON FILE |
| KEENAN SMITH | ON FILE |
| KEINAN GREENE | ON FILE |
| KEITH MICHAEL BOUDREAU | ON FILE |
| KELLEN GALLAGHER | ON FILE |
| KELLIE STORMYRENEE AKINS | ON FILE |
| KELLY ALWOOD | ON FILE |
| KELLY BARNARD | ON FILE |
| KELLY BURFICT | ON FILE |
| KELSEY COSTLEY | ON FILE |
| KELSEY FURR | ON FILE |
| KELUN ZHANG | ON FILE |
| KEN ROCKHOLD | ON FILE |
| KENNETH SHOCKLEY | ON FILE |
| KENNETHONEAL LOW PANGILINAN | ON FILE |
| KEVIN BALKOSKI | ON FILE |
| KEVIN CARD | ON FILE |
| KEVIN CHAPMAN | ON FILE |
| KEVIN CHRISTENSEN | ON FILE |
| KEVIN JARVIS | ON FILE |
| KEVIN LARA | ON FILE |
| KEVIN LEE | ON FILE |
| KEVIN QUINN | ON FILE |
| KEVIN REED | ON FILE |
| KEVIN ROCHA | ON FILE |
| KEVIN RODRIGUEZ | ON FILE |
| KEVIN THOMPSON | ON FILE |
| KEVIN VIDA | ON FILE |
| KEVIN YUN | ON FILE |
| KHEHLOONG CHIN | ON FILE |
| KIMBERLY BAKER | ON FILE |
| KOTA WHARTON | ON FILE |
| KRAIG ANDER JAKOBSEN | ON FILE |
| KRIS CHAVEZ | ON FILE |
| KRIS FAGAN | ON FILE |





STRETTO

# Exhibit E

Served via First-Class Mail

| NAME | ADDRESS |
|---|---|
| KRIS FLEISCHLI | ON FILE |
| KRIS HOLMGREN | ON FILE |
| KRIS MAGNUSON | ON FILE |
| KRIS PETCHARAWISES | ON FILE |
| KRIS SMITH | ON FILE |
| KRISHAN RATHI | ON FILE |
| KRISHNA SEJOUR | ON FILE |
| KRISHNA TRIPATHI | ON FILE |
| KRISHNADAS VIJAYAN NAIR | ON FILE |
| KRISTEN D SAVINO | ON FILE |
| KRISTEN DAVIS | ON FILE |
| KRISTEN DIMMICK | ON FILE |
| KRISTEN MARIE STUCKER | ON FILE |
| KRISTEN SMITH | ON FILE |
| KRISTIN ARAI | ON FILE |
| KRISTINA MERCURIO | ON FILE |
| KRISTINA PERJAR | ON FILE |
| KRISTINA RATLIFF | ON FILE |
| KRISTINE DEUR | ON FILE |
| KRISTINE TOWNE | ON FILE |
| KRISTIYAN DZHAMALOV | ON FILE |
| KRISTOPHER BYRD | ON FILE |
| KRISTOPHER CHINNERY | ON FILE |
| KRISTOPHER DAVIS | ON FILE |
| KRISTOPHER EGAN | ON FILE |
| KRISTOPHER KEITH | ON FILE |
| KWAME ESSIEH | ON FILE |
| KWAME NEWTON | ON FILE |
| KYAANI ROBINSON | ON FILE |
| KYAW SOE | ON FILE |
| KYLA CHAU | ON FILE |
| KYLA STERN | ON FILE |
| KYLE ALLISON | ON FILE |
| KYLE AMARANTE | ON FILE |
| KYLE ANDERSON | ON FILE |
| KYLE MARTIN GREER | ON FILE |
| KYLE PHAN | ON FILE |
| KYLE PINKERTON | ON FILE |
| KYLE PROCTOR | ON FILE |

**Exhibit E**

Served via First-Class Mail

| NAME | ADDRESS |
|---|---|
| KYLE RAND | ON FILE |
| KYLE ROCHE | ON FILE |
| KYLE SMITH | ON FILE |
| LABHESH PATEL | ON FILE |
| LACEY TULLOSS | ON FILE |
| LAKPA SHERPA | ON FILE |
| LALINTIP VIRIYAKUNKIT | ON FILE |
| LANCE KIM | ON FILE |
| LANCE KINSTNER | ON FILE |
| LANCE LIERMAN | ON FILE |
| LANDON OAKES | ON FILE |
| LARRY GRANT BURNS | ON FILE |
| LARRY SCHOENEMAN | ON FILE |
| LARS THURFJELL | ON FILE |
| LATASHA ARTERBERRY | ON FILE |
| LATRELL HURD | ON FILE |
| LAUREN PALIUS | ON FILE |
| LAWRENCE RADICE | ON FILE |
| LAWRENCE SULLY | ON FILE |
| LAWRENCE TOTH | ON FILE |
| LAWRENCE WILLIAMS | ON FILE |
| LEARTIS BROWN | ON FILE |
| LES ALLINGER | ON FILE |
| LESLIE CATHERINE HAGELE | ON FILE |
| LESLIE WINEGARDEN | ON FILE |
| LINDA NYKIN | ON FILE |
| LOGAN ABBOTT | ON FILE |
| LORENZO FRANCO | ON FILE |
| LORENZO OBRYANT | ON FILE |
| LORI POJE | ON FILE |
| LOUIS TULIO | ON FILE |
| LUCAS AGUIAR | ON FILE |
| LUCAS BALSINDE | ON FILE |
| MADHUSHA GOONESEKERA | ON FILE |
| MADISON SZUMINSKY | ON FILE |
| MAGGIE TIFFT | ON FILE |
| MAGHAN TISL | ON FILE |
| MAGNOLIA HILLS | ON FILE |
| MAGRICELY DIAZ | ON FILE |

In re: Celsius Network LLC, *et al.*
Case No. 22-10964 (MG)



**Exhibit E**

Served via First-Class Mail

| NAME | ADDRESS |
|---|---|
| MAGUGU DAVIS | ON FILE |
| MAHESH KUMAR GHATTI | ON FILE |
| MAHIDHAR THOUTI REDDY | ON FILE |
| MAHMOUD ELMEHLAWY | ON FILE |
| MAHROD REESE | ON FILE |
| MARC CLEBANOFF | ON FILE |
| MARC SHULMAN | ON FILE |
| MARC WATKINS | ON FILE |
| MARCEL BARRAZA | ON FILE |
| MARCIA SOLORZANO | ON FILE |
| MARCUS DALEY | ON FILE |
| MARGARET KYPENA | ON FILE |
| MARI MARTINEZ | ON FILE |
| MARIA CASTILLEJOS | ON FILE |
| MARIA COLOMY | ON FILE |
| MARIA VELASQUEZ | ON FILE |
| MARIE MARSTELLER | ON FILE |
| MARIO HACKBARTH | ON FILE |
| MARK CHUPKA | ON FILE |
| MARK DAMMEYER | ON FILE |
| MARK KIMBALL | ON FILE |
| MARK PLACHOWSKI | ON FILE |
| MARK WILLIAMSON | ON FILE |
| MARK WINTERS | ON FILE |
| MARK ZYGUTIS | ON FILE |
| MARQUIS BACOTE | ON FILE |
| MARSHA LUNA | ON FILE |
| MARTHA BRANDEL | ON FILE |
| MARTIN SZETO | ON FILE |
| MARY SURRETT | ON FILE |
| MASON ERB | ON FILE |
| MATT LATIL | ON FILE |
| MATT PEGG | ON FILE |
| MATT ROLPH | ON FILE |
| MATT SCHRADER | ON FILE |
| MATT SPRENGER | ON FILE |
| MATTHEW ANDERSON | ON FILE |
| MATTHEW ANTHONY PSILOS | ON FILE |
| MATTHEW COOKE | ON FILE |

In re: Celsius Network LLC, *et al.*
Case No. 22-10964 (MG)

**STRETTO**

**Exhibit E**
Served via First-Class Mail

| NAME | ADDRESS |
| --- | --- |
| MATTHEW COSTA | ON FILE |
| MATTHEW COX | ON FILE |
| MATTHEW CRONAN | ON FILE |
| MATTHEW CUGLIETTA | ON FILE |
| MATTHEW DARLING | ON FILE |
| MATTHEW DARROW | ON FILE |
| MATTHEW DENNIS | ON FILE |
| MATTHEW DIVACK | ON FILE |
| MATTHEW HAYASHIDA | ON FILE |
| MATTHEW LONGEST | ON FILE |
| MATTHEW LU | ON FILE |
| MATTHEW MALICKI | ON FILE |
| MATTHEW MARTIN | ON FILE |
| MATTHEW MILLER | ON FILE |
| MATTHEW R LYLE | ON FILE |
| MATTHEW RONALD SCHUEN | ON FILE |
| MATTHEW RUBY | ON FILE |
| MATTHEW RUIZ | ON FILE |
| MATTHEW RUTTER | ON FILE |
| MATTHEW RYAN | ON FILE |
| MATTHEW SACK | ON FILE |
| MATTHEW SCHULTZ | ON FILE |
| MAURO PARAVANO | ON FILE |
| MAX INTROINI | ON FILE |
| MAX SHULMAN | ON FILE |
| MAX WICHMER | ON FILE |
| MAXIM ARNOLD | ON FILE |
| MAXIME GUGLIELMETTI | ON FILE |
| MAXIMILIAN BAEZ | ON FILE |
| MAXIMILIAN BENRUD | ON FILE |
| MAXWELL GREGORY LEOGRANDIS | ON FILE |
| MEAFOU POMALE-MAGA | ON FILE |
| MECCA BUTLER | ON FILE |
| MEGAN FUCHES | ON FILE |
| MEGAN GEWITZ | ON FILE |
| MEI ALVAREZ | ON FILE |
| MEILINH TRINH | ON FILE |
| MELISSA ALLINGER | ON FILE |
| MELISSA PRESS | ON FILE |



## Exhibit E
Served via First-Class Mail

| NAME | ADDRESS |
|---|---|
| MELISSA TURNER | ON FILE |
| MELVIN DUANE SYMES | ON FILE |
| MICAH GIANOULIS | ON FILE |
| MICHAEL ALTMAN | ON FILE |
| MICHAEL ATHANS | ON FILE |
| MICHAEL ATLER | ON FILE |
| MICHAEL AYERS | ON FILE |
| MICHAEL BAEZ | ON FILE |
| MICHAEL BATTERSON | ON FILE |
| MICHAEL BEHRINGER | ON FILE |
| MICHAEL BROWN | ON FILE |
| MICHAEL BURROWS | ON FILE |
| MICHAEL CARLSON | ON FILE |
| MICHAEL CATHEY | ON FILE |
| MICHAEL CAVENDER | ON FILE |
| MICHAEL CHUBB | ON FILE |
| MICHAEL DINWIDDIE | ON FILE |
| MICHAEL FELICIANO | ON FILE |
| MICHAEL FIELDMAN | ON FILE |
| MICHAEL GARRITY | ON FILE |
| MICHAEL JARANTILLA | ON FILE |
| MICHAEL KILLPACK | ON FILE |
| MICHAEL MASON | ON FILE |
| MICHAEL OBERMUELLER | ON FILE |
| MICHAEL OLAUGHLIN | ON FILE |
| MICHAEL PASSARO | ON FILE |
| MICHAEL PESCATORE | ON FILE |
| MICHAEL SIMMONS | ON FILE |
| MICHAEL SMITH | ON FILE |
| MICHAEL SNOWDEN | ON FILE |
| MICHELLE ALLEN | ON FILE |
| MICHELLE GARCIA | ON FILE |
| MICHELLE GARDNER | ON FILE |
| MICHELLE MCGUINNESS | ON FILE |
| MIESHA DAVIS | ON FILE |
| MIGUEL PINANGO | ON FILE |
| MIN HYUK LEE | ON FILE |
| MINDIE CLARK | ON FILE |
| MINDY MANN | ON FILE |

In re: Celsius Network LLC, *et al.*
Case No. 22-10964 (MG)



## Exhibit E
Served via First-Class Mail

| NAME | ADDRESS |
| --- | --- |
| MITCH SHEA | ON FILE |
| MITCHELL CARLSON | ON FILE |
| MUKUL BOKIL | ON FILE |
| MURRAY MILROY | ON FILE |
| NAM HO | ON FILE |
| NATALIE POITEVIEN | ON FILE |
| NATE BRUCE | ON FILE |
| NATHAN LEAVITT | ON FILE |
| NATHAN LEE POLZIN | ON FILE |
| NATHAN SHIFFLER | ON FILE |
| NEIW ANUSON | ON FILE |
| NELSON YEPEZ | ON FILE |
| NICCOLÓ MUTI | ON FILE |
| NICHOLAS ANDERSEN | ON FILE |
| NICHOLAS ARNESON | ON FILE |
| NICHOLAS CZOP | ON FILE |
| NICHOLAS DICIANCIA | ON FILE |
| NICHOLAS GASTELUM | ON FILE |
| NICHOLAS GIARMAN | ON FILE |
| NICHOLAS TAORAS | ON FILE |
| NICHOLAS THORNTON DUNWOODY | ON FILE |
| NICK DIGRAZIA | ON FILE |
| NICOLAS MESA | ON FILE |
| NIKKI MCCORD | ON FILE |
| NIKOLAI ZAPERO | ON FILE |
| NIRMAL PATEL | ON FILE |
| NITIN CINGIREDDY | ON FILE |
| NOAH BALCH | ON FILE |
| NOAH MILLER | ON FILE |
| NOAH TREMPS | ON FILE |
| NOLIN NGUYEN | ON FILE |
| NORMAN MORALES | ON FILE |
| OALL HAAG | ON FILE |
| OCTAVE LEPINARD | ON FILE |
| OSCAR AGUILERA | ON FILE |
| OVERBY BRANCH | ON FILE |
| PARL JOHNSON | ON FILE |
| PATRICK GROVE | ON FILE |
| PATRICK REILLY | ON FILE |



**Exhibit E**

Served via First-Class Mail

| NAME | ADDRESS |
|---|---|
| RAGHAVA PAMULAPATI | ON FILE |
| RAGHU VEER YARLAGADDA | ON FILE |
| RAJINDER PAL SINGH MATHARU | ON FILE |
| RALPH PRICE | ON FILE |
| RALPH ROMAIN | ON FILE |
| RALPH TYNAN | ON FILE |
| RAMON PERALTA | ON FILE |
| RAMYA CHEEKIREDDI | ON FILE |
| RAMZI MUASHER | ON FILE |
| RANA WILLIAMSON | ON FILE |
| RANAE ANDREWS | ON FILE |
| RANDALL BARNETT | ON FILE |
| RANDALL DAVIS | ON FILE |
| RANSLEY LAU | ON FILE |
| RAOUL MAHTANI | ON FILE |
| RAPHAEL PEEPLES | ON FILE |
| RAY LESTER | ON FILE |
| RAY LUCERO | ON FILE |
| RAY MONBERG | ON FILE |
| RAY NORBY | ON FILE |
| RAY STEPHENS | ON FILE |
| RAY VEGUILLA | ON FILE |
| RAY VILLANUEVA | ON FILE |
| RAYAN BAMDAD | ON FILE |
| RICK KIM | ON FILE |
| ROBBY RICE | ON FILE |
| ROBERT BROCKMAN | ON FILE |
| ROBERT BULGRIN | ON FILE |
| ROBERT DEROAE | ON FILE |
| ROBERT FREDERICK | ON FILE |
| ROBERT IM | ON FILE |
| ROBERT JAMES VAN KIRK IV | ON FILE |
| ROBERT KOLLENBORM | ON FILE |
| ROBERT KREN | ON FILE |
| ROBERT LAIER | ON FILE |
| ROBERT LAINEZ | ON FILE |
| ROBERT LALANE | ON FILE |
| ROBERT LAMAR | ON FILE |
| ROBERT LAURO | ON FILE |



**Exhibit E**

Served via First-Class Mail

| NAME | ADDRESS |
|---|---|
| ROBERT LEE BEERS | ON FILE |
| ROBERT LEWIS | ON FILE |
| ROBERT LIBERMAN | ON FILE |
| ROBERT LITTLE | ON FILE |
| ROBERT LUCAS TUNSTALL | ON FILE |
| ROBERT MCCABE | ON FILE |
| ROBERT MCGEE | ON FILE |
| ROBERT MEDAIROS | ON FILE |
| ROBERT MENCHES | ON FILE |
| ROBERT MICHAEL MONSEES | ON FILE |
| ROBERT MONROE | ON FILE |
| ROBERT MONTANA | ON FILE |
| ROBERT MONTERO | ON FILE |
| ROBERT MURRELL | ON FILE |
| ROBERT NELSON | ON FILE |
| ROBERT NORTON | ON FILE |
| ROBERT OSBORNE | ON FILE |
| ROBERT OSTRANDER | ON FILE |
| ROBERT OTA | ON FILE |
| ROBERT P WRIGHT | ON FILE |
| ROBERT PAUL JR GILLASPY | ON FILE |
| ROBERT PAUL LEFEVE | ON FILE |
| ROBERT PERSAUD | ON FILE |
| ROBERT PHILLIPS | ON FILE |
| ROBERT PISANO | ON FILE |
| ROBERT RAY LYNK | ON FILE |
| ROBERT REDA JR | ON FILE |
| ROBERT REECE | ON FILE |
| ROBERT REGAN | ON FILE |
| ROBERT REMBISZ | ON FILE |
| ROBERT ROBINSON | ON FILE |
| ROBERT ROLL | ON FILE |
| ROBERT ROLLER | ON FILE |
| ROBERT ROWLANDS | ON FILE |
| ROBERT RUSSELL | ON FILE |
| ROBERT RUTAN | ON FILE |
| ROBERT SHER | ON FILE |
| ROBERT SHUMATE | ON FILE |
| ROBERT SIMCOE | ON FILE |



**Exhibit E**

Served via First-Class Mail

| NAME | ADDRESS |
| --- | --- |
| ROBERT SIMONCIC | ON FILE |
| ROBERT SMITH | ON FILE |
| ROBERT SMOOT | ON FILE |
| ROBERT SPRINGER | ON FILE |
| ROBERT STANISLAW | ON FILE |
| ROBERT STANLEY | ON FILE |
| ROBERT STARK | ON FILE |
| ROBERT STEWART | ON FILE |
| ROBERT STURGILL | ON FILE |
| ROBERT TAKOVICH | ON FILE |
| ROBERT TAYLOR | ON FILE |
| ROBERT TEMPKE | ON FILE |
| ROBERT THOMAS MOON | ON FILE |
| ROBERT VAN OSS | ON FILE |
| ROBERT VAZ | ON FILE |
| ROBERT VENTRESCA | ON FILE |
| ROBERT VILIUNAS | ON FILE |
| ROBERT VILLANOVA | ON FILE |
| ROBERT WALLER | ON FILE |
| ROBERT WANG | ON FILE |
| ROBERT WAY II | ON FILE |
| ROBERT WAYNE TOWNSEND | ON FILE |
| ROBERT WEART | ON FILE |
| ROBERT WEATHERS | ON FILE |
| ROBERT WENNAGEL | ON FILE |
| ROBERT WERTZ | ON FILE |
| ROBERT WILD | ON FILE |
| ROBERT WILD JR | ON FILE |
| ROBERT WOLNIK | ON FILE |
| ROBERT WOODS | ON FILE |
| ROBERT WOOLDRIDGE | ON FILE |
| ROBERT WORTH | ON FILE |
| ROBERT YADRICK | ON FILE |
| ROBERT YAROSH | ON FILE |
| ROBERT YEH | ON FILE |
| ROBERT YU | ON FILE |
| ROBERT ZEPH | ON FILE |
| ROBERTA GRAS | ON FILE |
| ROBERTO CAMACHO | ON FILE |

In re: Celsius Network LLC, *et al.*
Case No. 22-10964 (MG)



**Exhibit E**

Served via First-Class Mail

| NAME | ADDRESS |
| --- | --- |
| ROBERTO CAMSMITH | ON FILE |
| ROBERTO CARLOS OREILLY | ON FILE |
| ROBERTO CEDENO | ON FILE |
| ROBERTO CORREA | ON FILE |
| ROBERTO DIAZ | ON FILE |
| ROBERTO GONZALEZ MEDINA | ON FILE |
| ROBERTO HERNANDEZ | ON FILE |
| ROBERTO MEDINA | ON FILE |
| ROBERTO PEREZ | ON FILE |
| ROBERTO RODRIGUEZ | ON FILE |
| ROBERTO SANCHEZ | ON FILE |
| ROBERTO VALENTIN | ON FILE |
| ROBI ROUSSET | ON FILE |
| ROBIN BODHI | ON FILE |
| ROBIN CLARY | ON FILE |
| ROBIN LARSON | ON FILE |
| ROBIN MURPHY | ON FILE |
| ROBIN ROTHMAN | ON FILE |
| ROBIN WEIZER | ON FILE |
| ROBINSON PULLA | ON FILE |
| ROBYN EVALDI | ON FILE |
| ROBYN GOLDBERG | ON FILE |
| ROBYN MILES | ON FILE |
| ROCHELLE BOLLINGER | ON FILE |
| ROCHELLE CARRINGTON | ON FILE |
| RODERICK BISHOP | ON FILE |
| RODERICK WRIGHT | ON FILE |
| RODGER RADERMAN | ON FILE |
| RODGER ROWLEY | ON FILE |
| RODNEY BAXTER | ON FILE |
| RODNEY CLEVERLEY | ON FILE |
| RODNEY COWDEN | ON FILE |
| RODNEY FIELDS | ON FILE |
| RODNEY GRA Y | ON FILE |
| RODNEY JAMES | ON FILE |
| RODNEY KESLER | ON FILE |
| ROGER COE | ON FILE |
| ROGER CULBERSON | ON FILE |
| ROGER RIACHI | ON FILE |





**Exhibit E**

Served via First-Class Mail

| NAME | ADDRESS |
|------|---------|
| ROHIT KUMAR | ON FILE |
| ROHIT RANGANATH | ON FILE |
| ROHIT REDDY GOTTAM | ON FILE |
| ROLAND FRYE | ON FILE |
| ROLAND HOPE REFRADO PARNASO | ON FILE |
| ROLAND LINDSEY | ON FILE |
| ROMADELYS CHIRINOS | ON FILE |
| ROMAN BELAIRE | ON FILE |
| ROMAN BODENMILLER | ON FILE |
| ROMAN BULGAKOV | ON FILE |
| ROMAN ESPANA | ON FILE |
| ROMMEL HIPOLITO | ON FILE |
| RON CORBETT | ON FILE |
| RONALD ALBERTO NASMYTH | ON FILE |
| RONALD ANDREWS | ON FILE |
| RONALD BRITTON | ON FILE |
| RONALD ELIZARREY JR | ON FILE |
| RONALD JUNG | ON FILE |
| RONALD PETERS | ON FILE |
| RONG LIN | ON FILE |
| RONGMEI JIANG | ON FILE |
| RONI COLLINS | ON FILE |
| ROXANE ROTHSTEIN | ON FILE |
| ROXANNA PAULIN | ON FILE |
| ROXANNE ARDARY | ON FILE |
| ROY BURLESON | ON FILE |
| ROY LENNOX | ON FILE |
| ROY WHITTEN | ON FILE |
| ROYCE CHANNEY | ON FILE |
| ROYCE OKUBO | ON FILE |
| ROYSTON DUNN | ON FILE |
| RUARDT PROZESKY | ON FILE |
| RUBEN OMEGA | ON FILE |
| RUBEN PEREZ | ON FILE |
| RUBEN QUESADA | ON FILE |
| RUDY MOGDEN | ON FILE |
| RUMMAN ZAHEER | ON FILE |
| RUSLAN OLEKSYK | ON FILE |
| RUSLAN OSTAPCIUC | ON FILE |



**Exhibit E**
Served via First-Class Mail

| NAME | ADDRESS |
| --- | --- |
| RUSSELL CHRISTOPHER | ON FILE |
| RUSSELL HOODENPYLE | ON FILE |
| RUSSELL LANE BOYD | ON FILE |
| RUSSELL MCHENRY | ON FILE |
| RUSSELL SMITH | ON FILE |
| RUSSELL VAN ZILE | ON FILE |
| RUSSELL VEGH | ON FILE |
| RUSSELL WOODBRIDGE | ON FILE |
| RUTH GILLIAM | ON FILE |
| RYAN JOSEPH CONNELLY | ON FILE |
| RYAN JOSEPH MORTTI | ON FILE |
| RYAN KIRCHNER | ON FILE |
| RYAN KNAPP | ON FILE |
| RYAN MCCORMACK | ON FILE |
| RYAN MOWER | ON FILE |
| RYAN MOYNIHAN | ON FILE |
| RYAN P GROTE | ON FILE |
| RYAN REED | ON FILE |
| RYAN REETER | ON FILE |
| RYAN RESTIVO | ON FILE |
| RYAN RIGSBY | ON FILE |
| RYAN SWINFORD | ON FILE |
| RYAN TABER | ON FILE |
| RYAN TANCREDI | ON FILE |
| RYAN WILSON | ON FILE |
| RYAN WINIARSKI | ON FILE |
| RYAN WIRTH | ON FILE |
| RYAN WONG | ON FILE |
| RYAN WROTEN | ON FILE |
| RYAN ZANKL | ON FILE |
| SAGAR NARAYAN | ON FILE |
| SAGAR PATEL | ON FILE |
| SAGI SAM BRODY | ON FILE |
| SAHAR AKBARZADEH | ON FILE |
| SAHAR KHAN | ON FILE |
| SAHR BRIMA | ON FILE |
| SAI KOSARAJU | ON FILE |
| SAI KRISHNA HARIDASS | ON FILE |
| SAI KULAKARNI | ON FILE |




**Exhibit E**

Served via First-Class Mail

| NAME | ADDRESS |
|------|---------|
| SAI MA | ON FILE |
| SAI SANKEERTH NOMULA | ON FILE |
| SAI SHARAN SIDDAMSHETTY | ON FILE |
| SAIFUL ISLAM | ON FILE |
| SALVADOR GUERRERO | ON FILE |
| SALVADOR TORAN | ON FILE |
| SALVATORE ZISA | ON FILE |
| SAM HUBERT | ON FILE |
| SAM KRUPIZARZ | ON FILE |
| SAM LIPMAN-STERN | ON FILE |
| SAM MANGIONE | ON FILE |
| SAM PLETZ | ON FILE |
| SAM POULLETTE | ON FILE |
| SAM STRATFORD | ON FILE |
| SAM TRIZZA | ON FILE |
| SAM WEIST | ON FILE |
| SAM WESTON HENDERSON | ON FILE |
| SAM WU | ON FILE |
| SAM WYNENS | ON FILE |
| SAMANTHA AYSON | ON FILE |
| SAMANTHA BENNER | ON FILE |
| SAMANTHA BLACKMAN | ON FILE |
| SAMANTHA BROWN | ON FILE |
| SAMANTHA CREECH | ON FILE |
| SAMANTHA GOMEZ | ON FILE |
| SAMANTHA HARDER | ON FILE |
| SAMER SALHANI | ON FILE |
| ZACHARY WITTHOEFT | ON FILE |
| ZACK LAVERGNE | ON FILE |
| ZACK SAMUEL | ON FILE |
| ZACKARY POWERS | ON FILE |
| ZAKI KIRIAKOS | ON FILE |
| ZALE KIAH WAMPLER | ON FILE |
| ZANDRA SOTO WASSEL | ON FILE |
| ZANE GRIFFITH | ON FILE |
| ZANE WOUK BAR-ZEV | ON FILE |
| ZAREAH GEATHERS | ON FILE |
| ZARKO ALEKSIC | ON FILE |
| ZEBULON FRANTZICH | ON FILE |

In re: Celsius Network LLC, *et al.*
Case No. 22-10964 (MG)



## Exhibit E

Served via First-Class Mail

| NAME | ADDRESS |
|---|---|
| ZECHARIAH J KIRSCHER | ON FILE |
| ZENOBIA MORANT | ON FILE |
| ZEYU ZHANG | ON FILE |
| ZHANG YUENA | ON FILE |
| ZHEN BANG YU | ON FILE |
| ZHENG WU | ON FILE |
| ZHENYUAN YOU | ON FILE |
| ZHEZHEN WANG | ON FILE |
| ZHIQIN HE | ON FILE |
| ZHIYONG ZHU | ON FILE |
| ZHOUYANG LIU | ON FILE |
| ZIAD ABDELKARIM | ON FILE |
| ZIAN VISSER FOUCHE | ON FILE |
| ZIAN XIONG | ON FILE |
| ZIED GUIZANI | ON FILE |
| ZIFUS JAMES | ON FILE |
| ZIJIAN WAN | ON FILE |
| ZIWEN SONG | ON FILE |
| ZOILO ALBERTO ROBLES | ON FILE |
| ZUBEIR HAROUN | ON FILE |
| ZUMRETA KEKIC | ON FILE |
| ZURI KIM | ON FILE |
| ZURISADAHI LOPEZ | ON FILE |

# **Exhibit F**

Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Counsel to the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF DEADLINE**
**REQUIRING SUBMISSION OF PROOFS**
**OF CLAIM ON OR BEFORE JANUARY 3, 2023,**
**AND RELATED PROCEDURES FOR SUBMITTING PROOFS**
**OF CLAIM IN THE ABOVE-CAPTIONED CHAPTER 11 CASES**

**TO:    ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST ANY DEBTOR**
**LISTED ON PAGE 2 OF THIS NOTICE IN THE ABOVE-CAPTIONED**
**CHAPTER 11 CASES.**

The United States Bankruptcy Court for the Southern District of New York
(the "Bankruptcy Court") has entered an order (the "Bar Date Order") establishing **5:00 p.m.**
**prevailing Eastern Time on January 3, 2023** (the "General Claims Bar Date"), as the last date
for each person or entity[2] (including individuals, partnerships, corporations, joint ventures, and
trusts) to submit a Proof of Claim against any of the Debtors listed on page 2 of this notice
(collectively, the "Debtors").

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification
number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius
Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks
Lending LLC (3390); and Celsius US Holding LLC (7956).  The location of Debtor Celsius Network LLC's
principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05,
Hoboken, New Jersey 07030.

Except for those holders of the claims listed below that are specifically excluded from the General Claims Bar Date submission requirement, the Bar Dates[3] and the procedures set forth below for submitting proofs of claim (each, a "Proof of Claim") apply to all Claims (defined below) against the Debtors that arose prior to **July 13, 2022** (the "Petition Date"), the date on which the Debtors commenced cases under chapter 11 of the United States Bankruptcy Code, **including parties asserting Claims pursuant to section 503(b)(9) of the Bankruptcy Code (each, a "503(b)(9) Claim")**.[4] In addition, governmental units have until **5:00 p.m. prevailing Eastern Time on January 10, 2023** (the date that is the first business day following 180 days after the order for relief) (the "Governmental Bar Date"), to submit Proofs of Claim.

> A holder of a possible Claim against the Debtors should consult an attorney regarding any matters not covered by this notice, such as whether the holder should submit a Proof of Claim.

### Debtors in these Chapter 11 Cases

| Debtor Name | Last Four Digits of Tax Identification Number | Case Number |
|---|---|---|
| Celsius Network LLC | 2148 | 22-10964 |
| Celsius KeyFi LLC | 4414 | 22-10967 |
| Celsius Lending LLC | 8417 | 22-10970 |
| Celsius Mining LLC | 1387 | 22-10968 |
| Celsius Network Inc. | 1219 | 22-10965 |
| Celsius Network Limited | 8554 | 22-10966 |
| Celsius Networks Lending LLC | 3390 | 22-10969 |
| Celsius US Holding LLC | 7956 | 22-10971 |

### Who Must Submit a Proof of Claim

You MUST submit a Proof of Claim to vote on a chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' estates if you have a Claim that arose before the Petition Date and it is *not* one of the types of Claims described under the heading "Claims for Which Proofs of Claim Need Not Be Filed" below. Claims based on acts or omissions of the Debtors that occurred before the Petition Date must be submitted on or prior to the applicable Bar Date, even if such Claims are not now fixed, liquidated, or certain or did not mature or become fixed, liquidated, or certain before the Petition Date.

---

[2]    As used herein, the term "entity" has the meaning given to it in section 101(15) of title 11 of the United States Code (the "Bankruptcy Code"), and includes all persons, estates, trusts and the United States trustee. Furthermore, the terms "person" and "governmental unit" have the meanings given to them in sections 101(41) and 101(27) of the Bankruptcy Code, respectively.

[3]    Defined collectively as the Rejection Bar Date (further defined herein), the General Claims Bar Date, the Supplemental Bar Date (further defined herein), and the Governmental Bar Date.

[4]    "503(b)(9) Claims" are Claims on account of goods received by a Debtor within 20 days before the Petition Date, where such goods were sold to the Debtor in the ordinary course of such Debtor's business. *See* 11 U.S.C. § 503(b)(9).

2

Under section 101(5) of the Bankruptcy Code and as used in this notice, "Claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

## **What To Submit**

The Debtors are providing a link to access a Proof of Claim form for use in the cases in an email sent to each Retail Creditor; if your Claim is scheduled by the Debtors, the form sets forth your name, address, and email as it is reflected in the Debtors' books and records. You will receive a different Proof of Claim form for each Claim scheduled in your name by the Debtors. Retail Creditors will receive one notification, even though Claims may be schedules at multiple or all Debtors. You may utilize the Proof of Claim form(s) provided by the Debtors to submit your Claim.

Your Proof of Claim form must not contain complete social security numbers or taxpayer identification numbers (only the last four digits), a complete birth date (only the year), the name of a minor (only the minor's initials) or a financial account number (only the last four digits of such financial account).

Additional Proof of Claim forms may be obtained by contacting the Debtors' notice and claims agent, Stretto, Inc. (the "Notice and Claims Agent"), by calling 855-423-1530 for callers in the United States or by calling 949-669-5873 for callers outside the United States and/or visiting the Debtors' restructuring website at: http://cases.stretto.com/celsius.

The following procedures for the submission of Proofs of Claim against the Debtors in these chapter 11 cases shall apply:

a)  Each Proof of Claim must: (i) be written in English; (ii) set forth (A) for any Claim based on cryptocurrency(ies) held in an account on the Debtors' platform, the number of units of each cryptocurrency held in such account[5] and (B) in the case of any other Claim, the amount of such Claim denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; (iv) be signed or electronically transmitted through the interface available on the Notice and Claims Agent's website at http://cases.stretto.com/celsius by the claimant or by an authorized agent or legal representative of the claimant; and (v) unless otherwise consented to by the Debtors in writing, include supporting documentation unless voluminous, in which case a summary must be attached or an explanation provided as to why documentation is not available.[6]

---

[5]  For the avoidance of doubt, all claims for cryptocurrency held by any holder must clearly state (i) each type of cryptocurrency held and (ii) the number of units of each cryptocurrency held.

[6]  Supporting documentation may include, but is not limited to, a .csv report of the claimants' account with the Debtors.

3

b)  In addition to the requirements set forth in (a) above, any Proof of Claim asserting a 503(b)(9) Claim must also:  (i) include the value of the goods delivered to and received by the Debtors in the 20 days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) Claim is being asserted; (iii) attach documentation of any reclamation demand made to any Debtor under section 546(c) of the Bankruptcy Code (if applicable); and (iv) set forth whether any portion of the 503(b)(9) Claim was satisfied by payments made by the Debtors pursuant to any order of the Bankruptcy Court authorizing the Debtors to pay prepetition Claims.

c)  Parties who wish to receive proof of receipt of their Proofs of Claim from the Notice and Claims Agent must also include with their Proof of Claim a copy of their Proof of Claim and a self-addressed, stamped envelope.

d)  Each Proof of Claim must specify by name and case number the Debtor against which the Claim is submitted by checking the applicable box at the top of the proposed Proof of Claim Form.  Each Proof of Claim will include the option to submit Claims against "All Debtors."  A Proof of Claim submitted under Case No. 22 10964 or that does not identify a Debtor will be deemed as submitted only against Celsius Network LLC.  A Proof of Claim that names a subsidiary Debtor but is submitted under Case No. 22 10964 will be treated as having been submitted against the subsidiary Debtor with a notation that a discrepancy in the submission exists.

e)  If the holder asserts separate Claims against different Debtors, a separate Proof of Claim form must be submitted with respect to each Claim; *provided* that a claim that indicates it is filed against each Debtor by checking the box titled "All Debtors (Account Holder Claim)" shall be deemed to have been filed against each Debtor without the need to file additional claims.

f)  The applicable terms of use governing the business relationship between the Debtors and their account holders are between each account holder, on the one hand, and Celsius Network LLC and its "Affiliates," on the other hand (as defined in the terms of use).  This may mean that account holders have claims against every Debtor and non-Debtor entity in the Debtors' corporate structure.  The Debtors understand that certain parties in interest, including certain holders of the Series B Preferred Shares issued by Celsius Network Limited, intend to argue that account holders have claims solely against Celsius Network LLC.  The Debtors expect that this legal issue will be resolved by the Court in the near term, either through a to-be-commenced adversary proceeding, a claims objection, or other litigation (the "Account Holder Claim Ruling").  Indeed, the Debtors have filed proposed procedures to address this legal issue at Dkt. No. 1338, and upon entry of an order approving such procedures, the Debtors shall provide notice thereof to all account holders.

g)  Pursuant to Bankruptcy Rule 3003(c)(2), if a claim is scheduled as contingent, unliquidated, or disputed, a creditor must file a Proof of Claim in order to preserve rights with respect to such Claim.  The Debtors have scheduled account holder Claims at each Debtor Entity and have not scheduled any such Claim as contingent, unliquidated, or disputed.  The Debtors believe that scheduling any such Claims as contingent, unliquidated, or disputed would inequitably require each account holder to file a Proof of Claim against each Debtor Entity to preserve the rights to the issues to be decided through the Account Holder Claim Ruling.  For

4

the avoidance of doubt, it is not the intent of the Debtors to create any presumption that account holders have Claims against each Debtor entity, as that issue is disputed by certain holders of the Series B Preferred Shares issued by Celsius Network Limited, and no creditor or other party should rely on the fact that the account holder claims are scheduled at each Debtor entity as dispositive as to this legal issue, which will be decided in the Account Holder Claim Ruling. To the extent the Court enters a final and non-appealable order with respect to the Account Holder Claim Ruling, the Debtors intend to amend the Schedules to the extent required by such ruling.  At this time, to the extent an account holder agrees with the amount of their claim provided in the Schedules, there is no need to file an additional Proof of Claim to ensure that such Claim is asserted against each Debtor Entity.  For the avoidance of doubt, nothing contained herein is intended as, or should be construed as, an admission or stipulation of the validity of any claim against any Debtor, any assertion made therein or herein, or a waiver of any Debtor's rights to dispute any claim or assert any cause of action or defense against any party.

h) Receipt of Service:  Any claimant wishing to receive acknowledgment that Stretto received its Proof of Claim must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to Stretto) and (ii) a self-addressed, stamped envelope.

## When and Where To Submit

Each Proof of Claim, including supporting documentation, must be submitted so that the Notice and Claims Agent ***actually receives*** the Proof of Claim on or before the applicable Bar Date by: (i) electronically using the interface available on the Notice and Claims Agent's website at https://cases.stretto.com/celsius, or (ii) first-class U.S. Mail, overnight mail, or other hand-delivery system, which Proof of Claim must include an ***original*** signature, at the following address:  Celsius Claims Processing, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602.

**PROOFS OF CLAIM MUST BE SUBMITTED BY MAIL, BY HAND, OR THROUGH THE STRETTO WEBSITE.  PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL <u>NOT</u> BE ACCEPTED AND WILL <u>NOT</u> BE DEEMED TIMELY SUBMITTED.**

## Claims for Which Proofs of Claim Need Not Be Filed

Persons or entities need ***not*** submit a Proof of Claim on behalf of a Claim in these chapter 11 cases on or prior to the applicable Bar Date if the Claim falls into one of the following categories:

a) any Claim that has already been asserted in a Proof of Claim against the Debtors with the clerk of the Bankruptcy Court for the Southern District of New York in a form substantially similar to Official Bankruptcy Form No. 410 (unless such person or entity wishes to assert the Claim against a Debtor not identified in the prior Proof of Claim, in which case an additional Proof of Claim must be filed);

b) any Claim that is listed on the Schedules filed by the Debtors, provided that (i) the Claim is not scheduled as "disputed," "contingent," or "unliquidated"; (ii) the claimant does not

5

disagree with the amount, nature, and priority of the Claim as set forth in the Schedules; and (iii) the claimant does not dispute that the Claim is an obligation only of the specific Debtor against which the Claim is listed in the Schedules;

c) any Claim that has previously been allowed by order of this Court;

d) any Claim that has already been paid in full by any of the Debtors;

e) any Claim for which a different deadline has previously been fixed by this Court;

f) any Claim held by a Debtor against another Debtor or any of the non-Debtor subsidiaries (whether direct or indirect) of Celsius Network, Inc.;

g) any Claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course, provided that any person or entity asserting a Claim entitled to administrative expense status under section 503(b)(9) of the Bankruptcy Code must assert such Claim by filing a request for payment or a Proof of Claim on or prior to the General Claims Bar Date;

h) any Claim based on an equity interest in the Debtors;

i) any Claim held by a current employee of the Debtors if an order of the Court authorizes the Debtors to honor such Claim in the ordinary course of business as a wage, commission, or benefit; any current or former employee must submit a Proof of Claim by the General Claims Bar Date for all other Claims arising before the Petition Date, including Claims for wrongful termination, discrimination, harassment, hostile work environment, and retaliation;

j) any Claim held by a current officer or director for indemnification, contribution, or reimbursement;

k) any Claim for fees and expenses of professionals retained in these chapter 11 cases, including those retained pursuant to the *Order Authorizing the Retention and Compensation of Professionals Utilized in the Ordinary Course of Business* [Docket No. 519]; and

l) any Claim held by any person or entity solely against a non Debtor entity.

> THIS NOTICE IS BEING SENT TO MANY PERSONS AND ENTITIES THAT HAVE HAD SOME RELATIONSHIP WITH OR HAVE DONE BUSINESS WITH THE DEBTORS BUT MAY NOT HAVE AN UNPAID CLAIM AGAINST THE DEBTORS.  THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS OR THE BANKRUPTCY COURT BELIEVE THAT YOU HAVE ANY CLAIM.

## Executory Contracts and Unexpired Leases

If you have a Claim arising from the rejection of an executory contract or unexpired lease, you must submit your Proof of Claim based on such rejection on or before the later of (a) the General Claims Bar Date and (b) any date the Bankruptcy Court may fix in the applicable order

authorizing such rejection and, if no such date is provided, 30 days from the date of entry of such order (the "Rejection Bar Date").  The Debtors will provide notice of the Rejection Bar Date to the contract or lease counterparty whose contract or lease is being rejected at the time the Debtors reject any executory contract or unexpired lease.

## Supplemental Bar Date

In the event the Debtors amend or supplement their Schedules, the Debtors shall give notice of any such amendment to the holders of any Claim affected thereby, and such holders shall be afforded at least 35 days from the date on which such notice is given to submit a Proof of Claim with respect to such amended Claim (any such date, a "Supplemental Bar Date") or be forever barred from doing so.

## The Debtors' Schedules and Access Thereto

You may be listed as the holder of a Claim against one or more of the Debtors in the Debtors' Schedules of Assets and Liabilities and/or Schedules of Executory Contracts and Unexpired Leases (collectively, the "Schedules").

Copies of the Debtors' Schedules are available:  (a) from the Notice and Claims Agent by calling 855-423-1530 for callers in the United States or by calling 949-669-5873 for callers outside the United States and/or visiting the Debtors' restructuring website at: http://cases.stretto.com/celsius; (b) by written request to Debtors' counsel at the address and telephone number set forth below; and/or (c) for inspection on the Bankruptcy Court's Internet Website at http://ecf.nysb.uscourts.gov.  A login and password to the Bankruptcy Court's Public Access to Electronic Court Records are required to access this information and can be obtained at http://www.pacer.psc.uscourts.gov.  Copies of the Schedules may also be examined between the hours of 8:30 a.m. and 4:00 p.m., Monday through Friday, at the Office of the Clerk of the Bankruptcy Court, One Bowling Green, New York, New York 10004.

If you rely on the Debtors' Schedules, it is your responsibility to determine that the Claim is accurately listed in the Schedules.

As set forth above, if you agree with the nature, amount, and classification of your Claim as listed in the Debtors' Schedules, and if you do not dispute that your Claim is only against the Debtor specified by the Debtors, and if your Claim is **not** described as "disputed," "contingent," or "unliquidated," **you need not submit a Proof of Claim**.  Otherwise, or if you decide to submit a Proof of Claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this notice.

**Please note that if you believe that you have a Claim or Claims against one or more Debtors separate and apart from the return of your cryptocurrency set forth on the Debtors' Schedules, you are required to submit such Claim or Claims by the applicable Bar Date.**

## Reservation of Rights

Nothing contained in this Bar Date Notice is intended, or should be construed, as a waiver of the Debtors' right to:  (a) dispute, or assert offsets or defenses against, any submitted Proof of

7

Claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, or classification of such claims; (b) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Schedules.

### Consequences of Failure to Submit a Proof of Claim by the Applicable Bar Date

ANY HOLDER OF A CLAIM THAT IS <u>NOT</u> LISTED IN THIS NOTICE AS A CLAIM EXCEPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER AND THAT FAILS TO TIMELY SUBMIT A PROOF OF CLAIM IN THE APPROPRIATE FORM WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM (1) ASSERTING SUCH CLAIM AGAINST THE DEBTORS AND THEIR CHAPTER 11 ESTATES, (2) VOTING ON ANY CHAPTER 11 PLAN OF REORGANIZATION FILED IN THESE CASES ON ACCOUNT OF SUCH CLAIM, AND (3) PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM.

*[Remainder of page intentionally left blank]*

**BY ORDER OF THE COURT**

New York, New York
Dated:  November 16, 2022

*/s/ Joshua A. Sussberg*
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:      (212) 446-4900
Email:           jsussberg@kirkland.com

 - and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:      (312) 862-2200
Email:           patrick.nash@kirkland.com
                      ross.kwasteniet@kirkland.com
                      chris.koenig@kirkland.com
                      dan.latona@kirkland.com

*Counsel to the Debtors and*
*Debtors in Possession*

# **Exhibit G**



**Exhibit G**
Served via First-Class Mail

| NAME | ADDRESS 1 | ADDRESS 2 | CITY | STATE | ZIP |
|---|---|---|---|---|---|
| ARNOLD, CHANDLER | ON FILE | | | | |
| BAREJA, SAHIL | ON FILE | | | | |
| BIN MOHD SALEH, AZRUL | ON FILE | | | | |
| CAGUIOA, CARLO | ON FILE | | | | |
| CARRIERE, DAVID | ON FILE | | | | |
| CARTER, SHAUN | ON FILE | | | | |
| CHOI, JOYCE | ON FILE | | | | |
| DAHAL, UTSAV | ON FILE | | | | |
| DE SEINGALT, BENJAMIN | ON FILE | | | | |
| MESSARI INC. | 52631 | 228 PARK AVE S | NEW YORK | NY | 10003-1502 |
| MURPHY POINDEXTER | ON FILE | | | | |
| NASH, COOPER | ON FILE | | | | |
| NEELY, STEPHANIE | ON FILE | | | | |
| PERCOCO, KATHLEEN | ON FILE | | | | |
| ROMAN, ENRIQUE | ON FILE | | | | |
| SHAPIRO, YAKOV | ON FILE | | | | |
| SIEGEL, CHARLES | ON FILE | | | | |
| SIMCOE, ROBERT | ON FILE | | | | |
| SOKOLOVITS, JAN | ON FILE | | | | |
| STANN, DAVID | ON FILE | | | | |
| TRAHANOVSKY, TORREY | ON FILE | | | | |

In re: Celsius Network LLC, *et al.*
Case No. 22-10964 (MG)