**Hearing Date and Time: April 18, 2023, at 10:00 a.m. EST**
**Objection Deadline: April 17, 2023, at 4:00 p.m. EST**

Dennis F. Dunne
Nelly Almeida
**MILBANK LLP**
55 Hudson Yards
New York, NY 10001
Tel: (212) 530-5000
Fax: (212) 660-5219

Joshua M. Mester (admitted *pro hac vice*)
**JONES DAY**
555 South Flower Street
Fiftieth Floor
Los Angeles, CA 90071
Tel: (213) 489-3939
Fax: (213) 243-2539f

*Counsel to CDP Investissements Inc.*

Andrew M. Leblanc
Melanie Westover Yanez
**MILBANK LLP**
1850 K Street, NW, Suite 1100
Washington, DC 20006
Tel: (202) 835-7500
Fax: (202) 263-7586

*Counsel to Community First Partners, LLC,*
*Celsius SPV Investors, LP, and Celsius*
*New SPV Investors, LP*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF HEARING ON SERIES B PREFERRED HOLDERS' MOTION FOR
ENTRY OF AN ORDER ESTABLISHING ESTIMATION PROCEDURE FOR THE
INTERCOMPANY CLAIM BETWEEN CELSIUS NETWORK LLC AND CELSIUS
NETWORK LIMITED IN FURTHERANCE OF FORMULATING
THE DEBTORS' PLAN OF REORGANIZATION**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

**PLEASE TAKE NOTICE** that a hearing on the *Series B Preferred Holders' Motion for Entry of an Order Establishing Estimation Procedure for the Intercompany Claim Between Celsius Network LLC and Celsius Network Limited in Furtherance of Formulating the Debtors' Plan of Reorganization* (the "Motion") will be held on **April 18, 2023, at 10:00 a.m.** (prevailing Eastern Time) (the "Hearing").

**PLEASE TAKE FURTHER NOTICE** that in accordance with General Order M-543 dated March 20, 2020, the Hearing will be conducted remotely using Zoom for Government. **Parties** wishing to appear at the Hearing, whether making a "live" or "listen only" appearance before the Court, need to make an electronic appearance through the Court's website at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl. **Electronic appearances (eCourtAppearances) need to be made by 4:00 p.m. (prevailing Eastern Time), the business day before the hearing (*i.e.*, April 17, 2023).**

**PLEASE TAKE FURTHER NOTICE** that due to the large number of expected participants in the Hearing and the Court's security requirements for participating in a Zoom for Government audio and video hearing, all persons seeking to attend the Hearing at 10:00 a.m. (prevailing Eastern Time) on April 18, 2023, must connect to the Hearing beginning at 9:00 a.m. (prevailing Eastern Time) on April 18, 2023. When parties sign in to Zoom for Government and add their names, they must type in the first and last name that will be used to identify them at the Hearing. Parties that type in only their first name, a nickname or initials will not be admitted into the Hearing. When seeking to connect for either audio or video participation in a Zoom for Government Hearing, you will first enter a "Waiting Room," in the order in which you seek to connect. Court personnel will admit each person to the Hearing from the Waiting Room after confirming the person's name (and telephone number, if a telephone is used to connect) with

2

their eCourtAppearance.  Because of the large number of expected participants, you may experience a delay in the Waiting Room before you are admitted to the Hearing.

PLEASE TAKE FURTHER NOTICE that any responses or objections to the relief requested in the Motion shall: (i) be in writing; (ii) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York; (iii) be filed electronically with the Court on the docket of *In re Celsius Network LLC*, No. 22-10964 (MG) by registered users of the Court's electronic filing system and in accordance with all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York (which are available on the Court's website at http://www.nysb.uscourts.gov); and (iv) be served so as to be actually received by **April 17, 2023, at 4:00 p.m.** (prevailing Eastern Time) by (a) the undersigned counsel, (b) the entities on the Master Service List available on the case website of the above-captioned debtors at https://cases.stretto.com/celsius, and (c) any person or entity with a particularized interest in the subject matter of the Motion.

PLEASE TAKE FURTHER NOTICE that only those responses or objections that are timely filed, served, and received will be considered at the Hearing.  Failure to file a timely objection may result in entry of a final order granting the Motion as requested by the Series B Preferred Holders (as defined in the Motion).

PLEASE TAKE FURTHER NOTICE that copies of the Motion and other pleadings filed in these chapter 11 cases may be obtained free of charge by visiting the website of Stretto at https://cases.stretto.com/celsius.  You may also obtain copies of the Motion and other pleadings

filed in these chapter 11 cases by visiting the Court's website at http://www.nysb.uscourts.gov in

accordance with the procedures and fees set forth therein.


Dated: April 4, 2023
     New York, New York

| | |
|---|---|
| */s/ Dennis F. Dunne*        | */s/ Joshua M. Mester*       |
| Dennis F. Dunne | Joshua M. Mester |
| Nelly Almeida | **JONES DAY** |
| **MILBANK LLP** | 555 South Flower Street |
| 55 Hudson Yards | Fiftieth Floor |
| New York, NY 10001 | Los Angeles, CA 90071 |
| Tel: (212) 530-5000 | Tel: (213) 489-3939 |
| Fax: (212) 660-5219 | Fax: (213) 243-2539 |
| Email: ddunne@milbank.com | Email: jmester@jonesday.com |
|      nalmeida@milbank.com | |
| | *Counsel to CDP Investissements Inc.* |
| - and - | |

Andrew M. Leblanc
Melanie Westover Yanez
**MILBANK LLP**
1850 K Street, NW, Suite 1100
Washington, DC 20006
Tel:  (202) 835-7500
Fax: (202) 263-7586
Email: aleblanc@milbank.com
     mwyanez@milbank.com

*Counsel to Community First Partners, LLC,
Celsius SPV Investors, LP, and Celsius
New SPV Investors, LP*

**Hearing Date and Time: April 18, 2023, at 10:00 a.m. EST**
**Objection Deadline: April 17, 2023, at 4:00 p.m. EST**

Dennis F. Dunne
Nelly Almeida
**MILBANK LLP**
55 Hudson Yards
New York, NY 10001
Tel: (212) 530-5000
Fax: (212) 660-5219

Andrew M. Leblanc
Melanie Westover Yanez
**MILBANK LLP**
1850 K Street, NW, Suite 1100
Washington, DC 20006
Tel: (202) 835-7500
Fax: (202) 263-7586

*Counsel to Community First Partners, LLC,*
*Celsius SPV Investors, LP, and Celsius*
*New SPV Investors, LP*

Joshua M. Mester (admitted *pro hac vice*)
**JONES DAY**
555 South Flower Street
Fiftieth Floor
Los Angeles, CA 90071
Tel: (213) 489-3939
Fax: (213) 243-2539

*Counsel to CDP Investissements Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**SERIES B PREFERRED HOLDERS' MOTION FOR ENTRY OF AN ORDER
ESTABLISHING ESTIMATION PROCEDURE FOR THE INTERCOMPANY
CLAIM BETWEEN CELSIUS NETWORK LLC AND CELSIUS NETWORK
LIMITED IN FURTHERANCE OF FORMULATING
THE DEBTORS' PLAN OF REORGANIZATION**

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

Community First Partners, LLC, Celsius SPV Investors, LP, Celsius New SPV Investors, LP, and CDP Investissements Inc. (collectively, the "Series B Preferred Holders"), as beneficial holders, or investment advisors or managers of beneficial holders, of Series B Preferred Shares issued by Celsius Network Limited ("CNL" and, together with its affiliated debtors and debtors in possession, the "Debtors"), by and through their undersigned counsel, hereby submit this motion (the "Motion"), pursuant to sections 105(a) and 502(c) of the Bankruptcy Code, for entry of an order to approve a schedule for an estimation procedure with respect to the Intercompany Claim (as defined below) in furtherance of formulating the Debtors' plan of reorganization.  In support of the Motion,[2] the Series B Preferred Holders respectfully state as follows:

## Preliminary Statement

1.      The Debtors proposed a chapter 11 plan on the premise that the Series B Preferred Holders "shall not receive any distribution," either by virtue of (i) the existence of an intercompany claim between CNL and Celsius Network LLC ("LLC"), and/or (ii) the substantive consolidation of CNL and LLC.[3]  Whether or not the Court is going to allow the substantive consolidation of CNL and LLC will be considered in connection with confirmation of the Plan.  Thus, the feasibility of the Plan may depend on the existence and amount of the intercompany claim between CNL and LLC.

2.      There has been significant uncertainty regarding the amount of such intercompany claim.  On October 5, 2022, the Debtors filed their Schedules of Assets and Liabilities and Statements of Financial Affairs (the "Schedules") that listed an undisputed intercompany claim

---

[2]     Capitalized terms used but not defined herein have the meaning ascribed to them in the *Debtors' Statement With Respect to Intercompany Claims Held By Debtor Celsius Network LLC Against Its Debtor Affiliates* [Dkt. No. 2092] (the "Debtors' Statement").

[3]     *See Joint Chapter 11 Plan of Reorganization of Celsius Network LLC and its Debtor Affiliates* [Dkt No. 2358] (the "Plan") § III(B), § IV(A).

2

of LLC against CNL (the "Intercompany Claim") in the approximate amount of $9 billion.[4]  Two

months later, the Debtors acknowledged that the "analysis of intercompany claims (including the

$9,093,663,742.78 intercompany claim from Celsius Network Limited to Celsius Network LLC

that the Debtors included in the Schedules []) [was] ongoing" and the Debtors expected that the

Intercompany Claim would be amended.[5]  Most recently, on February 16, 2023, in response to

an order from this Court, the Debtors reported that "the as-adjusted intercompany claim held by

LLC against CNL is best reflected at the pro forma amount of $3.5 billion," nearly $6 billion less

than the originally scheduled amount for such claim.[6]  The Debtors' advisors "did not, however,

complete a comprehensive analysis" of the Intercompany Claim, but rather made certain specific

adjustments to the claim.[7]  Indeed, the Series B Preferred Holders agree that certain factors not

addressed by the analysis that led to the Intercompany Claim amount set forth in the Debtors'

Statement, including, by way of example, a mark-to-market analysis of the cryptocurrencies

underlying the Intercompany Claim and the transfer of cryptoassets between CNL and LLC in

the period between the Pause Date and the Petition Date,[8] would likely significantly further

reduce the amount of the Intercompany Claim.

      3.      Nevertheless, the Debtors have asserted that given the unique nature of

cryptocurrency, the great number of intercompany transactions involved, and the failure of the

Debtors to mark-to-market the various cryptocurrencies held on the platform, it would be costly

---

[4]    *See* Schedule for Celsius Network LLC, Part 11, Question 77, Case No. 22-10964 (MG) [Dkt. No. 974];
    Schedule for Celsius Network Limited, Schedule E/F 3.18, Case No. 22-10966 (MG) [Dkt. No. 7].

[5]    *Debtors' Reply in Support of Debtors' Motion Seeking Entry of an Order (I) Setting a Briefing Schedule and
    (II) Granting Related Relief* [Dkt. No. 1619] ¶ 4.

[6]    Debtors' Statement ¶ 12.

[7]    *Id.* ¶ 7.

[8]    *Id.* ¶ 12.

and time-consuming to precisely reconstruct the Intercompany Claim.[9]  Fortunately, estimation under section 502(c) of the Bankruptcy Code provides an alternative to avoid this expensive, time-consuming claims resolution process.

4.      It is in the interests of all stakeholders to ensure a smooth confirmation process in these cases.  For that to occur, the issue of the Intercompany Claim should be resolved quickly and economically.  Thus, the quantum of the Intercompany Claim must be resolved now to ensure the formulation of a confirmable plan in these cases.  Estimation of the Intercompany Claim is the best, most efficient way to resolve this matter.  The Series B Preferred Holders have been in discussions with both the Debtors and the Official Committee of Unsecured Creditors (the "Committee") and understand that they agree that estimation of the Intercompany Claim is appropriate.  As of this filing, the parties have not been able to reach an agreement as to the specifics of the process but will continue to work toward a mutually agreeable schedule by the time of the hearing on this Motion.

5.      Accordingly, the Series B Preferred Holders seek approval of a process that would allow the Court to estimate the Intercompany Claim pursuant to sections 105 and 502(c) of the Bankruptcy Code in advance of confirmation of the Debtors' Plan.

**Factual Background**

6.      On July 13, 2022 (the "Petition Date"), many of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  On December 7, 2022, Debtors GK8 Ltd., GK8 UK Limited, and GK8 USA LLC (collectively, the "GK8 Debtors") each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to

---

[9]    *Id.*

4

operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7.    A detailed description of the Debtors' prepetition business is set forth in the *Declaration of Alex Mashinsky, Chief Executive Officer of Celsius Network LLC, in Support of Chapter 11 Petitions and First Day Motions* [Dkt. No. 23] and the *Declaration of Robert Campagna, Managing Director of Alvarez & Marsal North America, LLC, in Support of Chapter 11 Petitions and First Day Motions* [Dkt. No. 22].

8.    On October 5, 2022, the Debtors filed the Schedules. Among other intercompany claims, CNL scheduled an unsecured intercompany claim owed to LLC in the amount of approximately $9 billion (the "Scheduled Intercompany Claim").[10] The Scheduled Intercompany Claim was listed as undisputed. LLC also listed the Scheduled Intercompany Claim as an asset and described it as an "Intercompany and User Transfer [Payable/Receivable]."[11]

9.    On December 6, 2022, the Debtors reported that their "analysis of intercompany claims (including the $9,093,663,742.78 intercompany claim from [CNL] to [LLC] that the Debtors included in [the Schedules]) . . . [was] ongoing," but that, based on their analysis at that time, they expected that an amendment of the Scheduled Intercompany Claim would be required.[12]

10.    On February 6, 2023, the Court held a hearing on the question of whether Account Holders have claims against every Debtor based on the Terms of Use. Subsequently,

---

[10]    *See* Schedule for Celsius Network LLC, Part 11, Question 77, Case No. 22-10964 (MG) [Dkt. No. 974]; Schedule for Celsius Network Limited, Schedule E/F 3.18, Case No. 22-10966 (MG) [Dkt. No. 7].

[11]    *Id.*

[12]    *Debtors' Reply in Support of Debtors' Motion Seeking Entry of an Order (I) Setting a Briefing Schedule and (II) Granting Related Relief* [Dkt. No. 1619] ¶ 4.

the Court ordered the Debtors to file "information regarding the amount and type of any potential intercompany claims held by [LLC] against Debtor affiliates."[13]

11.    On February 16, 2023, more than four months after the filing of the Schedules and more than two months since reporting that they expected to amend the Scheduled Intercompany Claim, the Debtors reported the Intercompany Claim nearly ***$6 billion less*** than the Scheduled Intercompany Claim, stating that "the as adjusted intercompany claim . . . is best reflected at the pro forma amount of $3.5 billion."[14]  That dramatic reduction was the product solely of certain specific adjustments arising from the Debtors' further internal analysis.  Even so, the Debtors concede that they did not "captur[e] the full market value of coins transferred via intercompany transactions" nor did the Debtors "engage in 'mark to market' reconciliation practices to track the subsequent impact of market movements on any intercompany entries on an ongoing basis."[15]  In addition, the Debtors have alleged that "it may not be possible to fully reconstruct the Intercompany Claim" and "[i]f it were at all possible, it would be a time and cost intensive forensic accounting exercise . . . ."[16]

12.    On March 24, 2023, the Debtors filed a *Notice of Filing of Amended Global Notes, Statement of Financial Affairs 3 and 4, and Schedule F* [Dkt. No. 2311], in which they report that "[t]he Debtor's position with respect to certain intercompany claims is explained in the [Debtors' Statement]."

---

[13]    *See Order Requiring Debtors to File Information Regarding Intercompany Claims* [Dkt. No. 2017].

[14]    Debtors' Statement ¶ 12.

[15]    *Id.* ¶ 5.

[16]    *Id.* ¶ 7.

13.     On March 31, 2023, the Debtors filed the proposed Plan, under which the Series B Preferred Holders "shall not receive any distribution," either by virtue of (i) the Intercompany Claim, and/or (ii) the substantive consolidation of CNL and LLC.[17]

### Relief Requested

14.     The Series B Preferred Holders have been in discussions with the Debtors and the Committee and believe that estimation can be accomplished through streamlined discovery, limited fact depositions, and expert testimony in a brief one or two day evidentiary hearing.  All parties are continuing to work on a mutually acceptable schedule, but were unable to come to an agreement in advance of today's filing deadline for the omnibus hearing on April 18, 2023. Analysis of certain factors, such as the mark-to-market study and the customer withdrawals calculation, are appropriate for estimation and should not require endless accounting forensics. Accordingly, the Series B Preferred Holders request entry of an order, substantially in the form attached hereto as **Exhibit A**, setting the following procedure and schedule (subject to the Court's availability, as applicable) for the prompt estimation of the Intercompany Claim.[18]

| Event | Deadline |
|---|---|
| Deadline for service of document requests | April 21, 2023, by 4 p.m., prevailing Eastern Time |
| Deadline for responding to document requests | May 5, 2023, 4 p.m., prevailing Eastern Time |
| Deadline for service of interrogatories | May 8, 2023, 4 p.m., prevailing Eastern Time<br><br>Unless otherwise agreed between the propounding party and the receiving party, (i) |

---

[17]    Plan § III(B), § IV(A).

[18]    The schedule proposed in this Motion is premised upon the Debtors' milestone requiring that an order confirming the Plan be entered by June 20, 2023.  *See* Exhibit B to the *Debtors' Motion for Entry of an Order (I) Authorizing and Approving Certain Bid Protections for the Proposed Plan Sponsor and (II) Granting Related Relief* [Dkt. No. 2151], 11.  To the extent that the Debtors seek confirmation at a later date, this schedule should be adjusted accordingly.

| Event | Deadline |
|---|---|
| | there shall not be any contention interrogatories and (ii) there shall be a limit of ten (10) interrogatories served per party. |
| Deadline for response to interrogatories | Ten (10) days after service of the interrogatory (by 4:00 p.m., prevailing Eastern Time) |
| Deadline to identify experts | May 10, 2023, 4 p.m., prevailing Eastern Time |
| Completion of fact discovery, including fact depositions | May 17, 2023, by 4 p.m., prevailing Eastern Time |
| Deadline for completion and exchange of expert discovery reports | May 22, 2023, by 4 p.m., prevailing Eastern Time |
| Deadline for completion and exchange of rebuttal expert reports | June 2, 2023, by 4 p.m. prevailing Eastern Time |
| Completion of expert depositions | June 9, 2023, by 11:59 p.m., prevailing Eastern Time |
| Deadline to submit trial briefs, witness lists, and exhibit lists | June 12, 2023, by 11:59 p.m., prevailing Eastern Time |
| Deadline to submit evidentiary objections to exhibits | June 14, 2023, by 11:59 p.m., prevailing Eastern Time |
| Evidentiary Hearing | June 16, 2023 |

### Jurisdiction and Venue

15.    This Court has jurisdiction to consider the relief sought herein pursuant to 28

U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States

District Court for the Southern District of New York, dated January 31, 2012.  The Series B

Preferred Holders consent to the entry of a final order by the Court in connection with this

Motion to the extent that it is later determined that the Court, absent consent of the parties,

cannot enter final orders or judgments in connection herewith consistent with Article III of the

United States Constitution.

16.    Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

17.     The bases for the relief requested are sections 105(a) and 502(c) of the

Bankruptcy Code and the applicable Local Bankruptcy Rules for the Southern District of New

York (the "Local Rules").

## Basis for Requested Relief

18.     The Series B Preferred Holders believe it is imperative to ensure the estimation of

the Intercompany Claim, for all purposes under the Bankruptcy Code, ahead of or

contemporaneously with the Plan confirmation process.  This will ensure that significant time

and resources are not wasted trying to pursue confirmation of a chapter 11 plan that, at best,

would be heavily contested, and, at worst, may be unconfirmable.

19.     Section 502(c)(1) of the Bankruptcy Code states that "[t]here *shall* be estimated

for purpose of allowance under this section . . . any . . . unliquidated claim, the . . . liquidation of

which . . . would unduly delay the administration of the case[.]"  11 U.S.C. § 502(c)(1)

(emphasis added).  An unliquidated claim "means not ascertained in amount, not determined;

remaining unassessed or unsettled, as unliquidated damages."  *See In re U.S. Lines, Inc.*, 199

B.R. 476, 482 n.6 (Bankr. S.D.N.Y. 1996) (internal quotation marks and citation omitted); *In re*

*Mickey's Enterprises, Inc.*, 165 B.R. 188, 193 (W.D. Tex. 1994) (same); *see also In re Teigan*,

228 B.R. 720, 723 (Bankr. D.S.D. 1998) ("When considering whether a claim is unliquidated a

court generally looks to whether the claim's value has been determined or the relative ease with

which that value can be determined."); *Matter of Interco Inc.*, 137 B.R. 993, 997 (Bankr. E.D.

Mo. 1992) ("The term 'unliquidated' is not defined in the Bankruptcy Code.  Courts, however,

have consistently defined an unliquidated claim as one that is not subject to ready determination

and precision in computation of the amount due or capable of ascertainment by reference to an

agreement or by simple computation.") (internal quotation marks and citations omitted).

9

20.    The court in *In re AMR Corporation* explained that estimation "enable[es]

bankruptcy cases, and chapter 11 cases in particular, to move forward and to get recoveries into

the pockets of creditors without delaying the whole process as a consequence of a limited

number of very complex claims."  No. 11-15463 (SHL), 2021 WL 2954824, *3 (Bankr.

S.D.N.Y. July 14, 2021) (internal quotation marks and citations omitted); *see also In re*

*Chemtura Corp.*, 448 B.R. 635, 649 (Bankr. S.D.N.Y. 2011) (noting that estimation is often

necessary for "determining voting rights on a reorganization plan, gauging plan feasibility,

determining the likely aggregate amount of a related series of claims, setting claim distribution

reserves, or (though this is less commonly wise) allowing claims"); *In re Adelphia Bus. Sols.,*

*Inc.*, 341 B.R. 415, 422-23 (Bankr. S.D.N.Y. 2003) (stating that estimation facilitates a quick and

efficient reorganization).

21.    Neither the "[Bankruptcy] Code nor the Federal Rules of Bankruptcy Procedure

provides any procedures or guidelines for estimation[.]"  *In re Chemtura Corp.*, 448 B.R. at 648-

49.  Bankruptcy courts, thus, have wide discretion for determining the estimation process to be

employed in a given situation.  *Id.* ("The Court is bound by the legal rules that may govern the

ultimate value of the claim.  But there are no other limitations on the court's authority to evaluate

the claim save those general principles which should inform all decisions made pursuant to the

[Bankruptcy] Code.").  Indeed, "[f]or both procedure and analytical methodology, bankruptcy

courts may use whatever method is best suited to the contingencies of the case."  *Id.* at 649; *see*

*also In re LightSquared Inc.*, 2014 WL 5488413, at *3 (Bankr. S.D.N.Y. Oct. 30, 2014).  Such

procedural flexibility allows courts to expediently estimate claims, often engaging in "a mere

review of pleadings, briefs, and a one-day hearing involving oral argument of counsel."  *In re*

*Windsor Plumbing Supply Co., Inc.*, 170 B.R. 503, 520 (Bankr. E.D.N.Y. 1994) (citation

omitted); *see also In re Club Ventures Inv. LLC*, No. 11-10891 (ALG), 2012 WL 6139082, at *5

(Bankr. S.D.N.Y. Dec. 11, 2012) (for the purposes of estimating a claim, "the Court finds that a

review of the voluminous evidentiary materials and . . . oral argument is sufficient").

22.    Although the Debtors have failed to schedule the Scheduled Intercompany Claim

as "unliquidated," they concede elsewhere that they "did not complete a comprehensive

analysis" and the estimate is based on certain of the Debtors' prepetition account records and

other relevant documents.[19]   Accordingly, the Intercompany Claim is unliquidated.

23.    Moreover, a determination of the Intercompany Claim is necessary for gauging

the feasibility of the Plan.  As conceded by the Debtors, the Debtors' methodology for

determining the Intercompany Claim does not "captur[e] the full market value of coins

transferred via intercompany transactions" nor did the Debtors' methodology include "'mark to

market' reconciliation practices to track the subsequent impact of market movements on any

intercompany entries on an ongoing basis."[20]   Both of these factors can and must be considered

in the estimation of the Intercompany Claim before the Debtors' Plan can be confirmed.  Indeed,

the Series B Preferred Holders contend that the impact of such factors could be that value from

CNL and its subsidiaries other than LLC is available for the Series B Preferred Holders.

Confirmation of the Plan will require a determination of the Intercompany Claim to allow the

Court to conclude whether the Plan meets the requirements of the Bankruptcy Code.  Estimation

prior to confirmation allows the Court to resolve this question without unduly delaying

confirmation and distributions.

---

[19]    *See* Debtors' Statement ¶ 7.

[20]    *Id.* ¶ 5.

24.     Section 105(a) of the Bankruptcy Code codifies the Court's equitable powers and allows it to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).  Under section 105(a), courts are "empowered to invoke equitable principles to achieve fairness and justice in the reorganization process." *In re Momentum Mfg. Corp.*, 25 F.3d 1132, 1136 (2nd Cir. 1994); *see also In re Keene Corp.*, 168 B.R. 285, 292 (Bankr. S.D.N.Y. 1994) ("Under 11 U.S.C. § 105(a), the Court can use its equitable powers to assure the orderly conduct of the reorganization proceedings.") (internal quotation marks and citation omitted).

25.     Given that the fundamental policies underlying the Bankruptcy Code include both the fair and equitable treatment of all stakeholders, and speedy reorganization of chapter 11 debtors, approving a streamlined process for the estimation of the Intercompany Claim in an expeditious and economical manner is both "appropriate to carry out the provisions" of the Bankruptcy Code and will serve to "achieve fairness and justice in the reorganization process." 11 U.S.C. § 105(a); *In re Momentum Mfg. Corp.*, 25 F.3d at 1136.  The proposed schedule establishes a fair, expedient, and economical process that will allow these cases to move quickly while safeguarding all parties' due process rights.  *See e.g., In re Windsor Plumbing Supply Co., Inc.*, 170 B.R. at 521 ("[T]he Second Circuit has stated that courts should make a 'speedy and rough estimation of the claims for purposes of determining claimant's voice in the Chapter 11 proceedings . . . .'") (*citing In re Chateaugay Corp.*, 944 F.2d 997, 1006 (2d Cir.1991)).

## **Motion Practice**

26.     This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this

12

Motion.  Accordingly, the Series B Preferred Holders submit that this Motion satisfies Local Rule 9013-1(a).

## Notice

27.     Notice of this Motion has been provided in accordance with the procedures set forth in the Amended Final Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief [Dkt. No. 1181].  The Series B Preferred Holders respectfully submit that no further notice is required.

## No Prior Request

28.     No prior request for the relief sought in this Motion has been made to this or any other court.

*[Remainder of page intentionally left blank]*

## Conclusion

For the foregoing reasons, the Series B Preferred Holders respectfully request that the

Court (i) enter an order, substantially in the form attached hereto as **Exhibit A**, approving the

proposed schedule and (ii) grant the Series B Preferred Holders any other relief that is just and

proper.


Dated: April 4, 2023
     New York, New York

| | |
|---|---|
| */s/ Dennis F. Dunne* | */s/ Joshua M. Mester* |
| Dennis F. Dunne | Joshua M. Mester |
| Nelly Almeida | **JONES DAY** |
| **MILBANK LLP** | 555 South Flower Street |
| 55 Hudson Yards | Fiftieth Floor |
| New York, NY 10001 | Los Angeles, CA 90071 |
| Tel:  (212) 530-5000 | Tel:  (213) 489-3939 |
| Fax: (212) 660-5219 | Fax: (213) 243-2539 |
| Email: ddunne@milbank.com | Email: jmester@jonesday.com |
|     nalmeida@milbank.com | |
| | *Counsel to CDP Investissements Inc.* |
| - and - | |
| | |
| Andrew M. Leblanc | |
| Melanie Westover Yanez | |
| **MILBANK LLP** | |
| 1850 K Street, NW, Suite 1100 | |
| Washington, DC 20006 | |
| Tel:  (202) 835-7500 | |
| Fax: (202) 263-7586 | |
| Email: aleblanc@milbank.com | |
|     mwyanez@milbank.com | |

*Counsel to Community First Partners, LLC,*
*Celsius SPV Investors, LP, and Celsius*
*New SPV Investors, LP*

**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## ORDER APPROVING SCHEDULE FOR
## ESTIMATING INTERCOMPANY CLAIM

Upon the motion (the "Motion")[2] of the Series B Preferred Holders for entry of an order

approving a schedule for estimating the Intercompany Claim, as more fully set forth in the

Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334 and the *Amended Standing Order of Reference* from the United States District Court for the

Southern District of New York, dated January 31, 2012; and this Court having found that this is a

core proceeding pursuant to 28 U.S.C. § 157(b)(2); and finding that this Court may enter a final

order consistent with Article III of the United States Constitution; and this Court having found

that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§

1408 and 1409; and this Court having found that the relief requested in the Motion is appropriate

pursuant to sections 502(c) and 105(a) of the Bankruptcy Code; and it appearing that notice of

the Motion has been given as set forth in the Motion and that such notice is adequate under the

circumstances and no other or further notice of the Motion need be given; and the Court having

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Motion.

determined that the legal and factual bases set forth in the Motion establish just cause for the

relief granted herein; upon all of the proceedings had before the Court and after due deliberation

and sufficient cause appearing therefore, it is **HEREBY ORDERED THAT**:

1.      The Motion is granted as set forth in this Order.

2.      All objections that have not been withdrawn, waived, or otherwise resolved, if

any, are overruled on the merits with prejudice.  All withdrawn objections are deemed withdrawn

with prejudice.

3.      The Court finds that estimation of the Intercompany Claim, for all purposes under

the Bankruptcy Code, is appropriate and approves the following procedure and schedule for

conducting an evidentiary hearing to estimate the Intercompany Claim:

| Event | Deadline |
| --- | --- |
| Deadline for service of document requests | April 21, 2023, by 4 p.m., prevailing Eastern Time |
| Deadline for responding to document requests | May 5, 2023, 4 p.m., prevailing Eastern Time |
| Deadline for service of interrogatories | May 8, 2023, 4 p.m., prevailing Eastern Time<br><br>Unless otherwise agreed between the propounding party and the receiving party, (i) there shall not be any contention interrogatories and (ii) there shall be a limit of ten (10) interrogatories served per party. |
| Deadline for response to interrogatories | Ten (10) days after service of the interrogatory (by 4:00 p.m., prevailing Eastern Time) |
| Deadline to identify experts | May 10, 2023, 4 p.m., prevailing Eastern Time |
| Completion of fact discovery, including fact depositions | May 17, 2023, by 4 p.m., prevailing Eastern Time |
| Deadline for completion and exchange of expert discovery reports | May 22, 2023, by 4 p.m., prevailing Eastern Time |
| Deadline for completion and exchange of rebuttal expert reports | June 2, 2023, by 4 p.m. prevailing Eastern Time |

| **Event** | **Deadline** |
|---|---|
| Completion of expert depositions | June 9, 2023, by 11:59 p.m., prevailing Eastern Time |
| Deadline to submit trial briefs, witness lists, and exhibit lists | June 12, 2023, by 11:59 p.m., prevailing Eastern Time |
| Deadline to submit evidentiary objections to exhibits | June 14, 2023, by 11:59 p.m., prevailing Eastern Time |
| Evidentiary Hearing | June 16, 2023 |

4.      The proposed schedule may be amended upon agreement by the Series B

Preferred Holders, the Debtors, and the Committee, or upon order of this Court.

5.      Upon entry of this Order, the Debtors shall promptly serve this Order and the

approved schedule upon all parties in interest, and service via electronic mail shall be sufficient

and proper service.

6.      This Court retains exclusive jurisdiction with respect to all matters arising from or

related to the implementation, interpretation, and enforcement of this Order.


Dated: _____, 2023
          New York, New York


          _____
          MARTIN GLENN
          CHIEF UNITED STATES BANKRUPTCY JUDGE

3