Hearing Date: April 18, 2023, at 10:00 a.m. (prevailing Eastern Time)
Objection Deadline: April 15, 2023, at 4:00 p.m. (prevailing Eastern Time)

**WHITE & CASE LLP**
David M. Turetsky
Samuel P. Hershey
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
Email: david.turetsky@whitecase.com
      sam.hershey@whitecase.com

– and –

**WHITE & CASE LLP**
Michael C. Andolina (admitted *pro hac vice*)
Gregory F. Pesce (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone: (312) 881-5400
Facsimile: (312) 881-5450
Email: mandolina@whitecase.com
      gregory.pesce@whitecase.com

**WHITE & CASE LLP**
Keith H. Wofford
Southeast Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131
Telephone: (305) 371-2700
Facsimile: (305) 358-5744
Email: kwofford@whitecase.com

– and –

**WHITE & CASE LLP**
Aaron E. Colodny (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, California 90071
Telephone: (213) 620-7700
Facsimile: (213) 452-2329
Email: aaron.colodny@whitecase.com

*Counsel to the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER (I) ESTABLISHING PROCEDURES TO ESTIMATE THE INTERCOMPANY CLAIM THAT CELSIUS NETWORK, LLC HAS AGAINST CELSIUS NETWORK LIMITED AND (II) GRANTING RELATED RELIEF**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

The Official Committee of Unsecured Creditors (the "**Committee**") of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), by and through its undersigned counsel, hereby submits this motion (the "**Motion**"), pursuant to sections 105(a) and 502(c) of the Bankruptcy Code, for entry of an order approving estimation procedures with respect to the Intercompany Claim (as defined below) and respectfully states as follows:

## PRELIMINARY STATEMENT

1. On March 9, 2023, this Court ruled that account holders' contract claims under the Terms of Use are against only Celsius Network, LLC ("**LLC**") and not against Celsius Network Limited ("**CNL**").[2] As the Court noted, however, certain claims and causes of action, including the intercompany claim by LLC against CNL (the "**Intercompany Claim**"), could "increase recoveries for LLC's Customers." Customer Claims Decision at 3, n.1. Determining the amount of the Intercompany Claim may therefore be an important step in determining the rights and recoveries of account holders.

2. Estimation is appropriate under these circumstances. First, the Intercompany Claim is unliquidated, as demonstrated by the Debtors' statements and re-valuations. The Debtors initially scheduled the Intercompany Claim at approximately $9.1 billion.[3] They then released a statement providing that "the as-adjusted intercompany claim held by LLC against CNL is best reflected at the pro forma amount of $3.5 billion."[4] Now, the Committee understands that, since releasing the Intercompany Claim Statement, the Debtors have continued to analyze the

---

[2] *Memorandum Opinion Regarding Which Debtor Entities Have Liability for Customer Claims Under the Terms of Use* (ECF No. 2205) (the "**Customer Claims Decision**").

[3] *See Global Notes and Statements of Limitations, Methodology and Disclaimers Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (ECF No. 974) (the "**Schedules**") at 34.

[4] *Debtors' Statement with Respect to Intercompany Claims Held By Debtor Celsius Network LLC against its Debtor Affiliates* (ECF No. 2092) (the "**Intercompany Claim Statement**") ¶ 12.

Intercompany Claim. These fluctuations demonstrate that the value the Debtors ascribe to the Intercompany Claim should be estimated by the Court for purposes of a plan.

3. Second, estimating the Intercompany Claim will avoid undue delay in these cases. It is in the interests of all stakeholders to ensure a smooth confirmation process. For that to occur, the issue of the Intercompany Claim (and other important issues such as substantive consolidation) should be resolved on a timeline that coincides with confirmation of the Plan.[5] The Committee appreciates that estimating the Intercompany Claim is no small task. As such, this Motion proposes procedures that will allow the Intercompany Claim to be estimated at or before plan confirmation pursuant to a process that provides both oversight and transparency. Parties in interest will have an opportunity to perform their own diligence and present their findings to the Court for an ultimate determination, ensuring buy-in from all stakeholders, as well as finality and certainty on a key issue in these cases.

4. The Preferred Equity Holders do not disagree. The Committee understands that they have filed (or intend to soon file) a motion for similar procedures. Prior to the filing of this Motion, the Committee offered to propose a joint motion with an agreed-upon schedule. The Preferred Equity Holders declined, in part because of the short period of time to reach an agreement. The Committee intends to work with the Preferred Equity Holders and the Debtors to negotiate an acceptable schedule. To the extent common ground cannot be reached, it will bring the matter before the Court.

5. For these reasons, this Court should grant the Motion and establish procedures for estimating the Intercompany Claim as set forth herein.

---

[5] *Joint Chapter 11 Plan of Reorganization of Celsius Network LLC and Its Debtor Affiliates* (ECF No. 2358) (as may be amended, modified, or supplemented from time to time, the "**Plan**").

**Jurisdiction and Venue**

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, entered February 1, 2012. The Committee confirms its consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

7. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

8. The bases for the relief requested herein are sections 105 and 502(c) of title 11 of the United States Code (the "**Bankruptcy Code**") and rule 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

**BACKGROUND**

**I.    The Chapter 11 Cases**

9. On July 13, 2022 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief in this Court under Chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code. On July 27, 2022, the U.S. Trustee appointed the Committee, which is comprised of seven members, each of whom holds crypto assets through the Celsius platform (ECF No. 241). On September 14, 2022, the Court entered an order approving the appointment of Shoba Pillay as examiner pursuant to section 1104(d) of the Bankruptcy Code. (ECF No. 923).

10. On October 5, 2022, the Debtors filed their Schedules and Statements, reflecting their books and records as of the Petition Date. *See* Schedules at 2. LLC's schedules and statements listed a $9.093 billion intercompany claim due from CNL. *Id*. at 34.

11. On February 16, 2023, the Debtors filed the Intercompany Claim Statement, which explained that the Debtors and their advisors have continued to reconcile intercompany transactions between CNL and LLC since the Schedules were filed. Intercompany Claim Statement ¶ 4. In the Intercompany Claim Statement, the Debtors stated that "the Debtors and A&M believe that the as-adjusted intercompany claim held by LLC against CNL is best reflected at the pro forma amount of $3.5 billion." *Id.* ¶ 12. The Committee understands that the Debtors have since continued to analyze the Intercompany Claim.

12. The Intercompany Claim Statement described an "enormous volume of historical intercompany transactions and severe deficiencies in intercompany record keeping." *Id.* ¶ 4. As explained in the Intercompany Claim Statement, "the Debtors did not generally record prepetition intercompany transactions in their books and records contemporaneously with such transfers" and "did not record intercompany transactions at all" in "many cases." *Id.* ¶ 5. The migration of assets and liabilities from CNL to LLC was no exception to this rule. The Debtors "accounted for only the cost basis" of the assets that were transferred from CNL to LLC and failed to perform basic mark to market reconciliations to track appreciation and depreciation in cryptocurrency price movements. *See id.*

13. It is unclear whether any assets actually ever changed hands. As the Examiner found, following the migration, "crypto assets continued to be deployed directly from the same Fireblocks workspaces (or in other words, the wallets in vaults in the Celsius Network (UK) workspace were not moved to vaults in the Celsius Network (US) workspace). That arrangement continues to this day." *Final Report of Shoba Pillay, Examiner* at 366 (ECF No. 1956).

## II. The Preferred Equity Ruling

14. On March 9, this Court issued the Customer Claims Decision, which found that Celsius customers can assert contract claims under the Terms of Use solely against LLC and not

against CNL or any other Celsius entity. The Court noted, however, that certain claims and causes of action, including the Intercompany Claim, "could reduce or eliminate entirely any recovery for the Series B Preferred Equity holders . . ." Customer Claims Decision at 3, n.1. Thus, determining the amount of the Intercompany Claim is a key issue for progressing these cases toward resolution.[6]

## RELIEF REQUESTED

15. The Committee requests entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Order**"), setting procedures to estimate the Intercompany Claim for allowance purposes and granting related relief.

## ARGUMENT

### I. The Intercompany Claim Must Be Estimated.

16. Congress intended to invest the term "claim" with the "broadest possible" scope, including unliquidated and contingent claims, so that "all legal obligations of the debtor . . . will be able to be dealt with in a bankruptcy proceeding." *See In re Chateaugay Corp.*, 53 F.3d 478, 496-97 (2d Cir. 1995) (citing to H.R. Rep No. 95-595, at 310 (1977), U.C. Code Cong. & Admin. News 1978, pp. 5787, 6267). Estimation is one way in which a bankruptcy court can achieve Congress's objective, as it "provides a means for . . . reorganization, and/or distributions on claims, without awaiting the results of legal proceedings that could take a very long time to determine." *In re Chemtura Corp.*, 448 B.R. 635, 649-50 (Bankr. S.D.N.Y. 2011) (internal quotations and citation omitted); *In re Enron Corp.*, 2006 WL 544463, at *2, *5 (Bankr. S.D.N.Y. 2006); *see also In re Adelphia Bus. Sols. Inc.*, 341 B.R. 415, 422 (Bankr. S.D.N.Y. 2003).

---

[6] Consistent with the Court's statements in the Customer Claims Decision, the Committee intends to bring other claims and causes of action (for example, substantive consolidation and fraudulent conveyance) regarding account holders' rights and entitlements. The Committee intends to coordinate these actions to the extent possible on the schedule approved by the Court so that all relevant evidence and arguments can be presented to the Court efficiently.

17. Section 502(c) provides that a bankruptcy court "shall" estimate a contingent or unliquidated claim when the "fixing or liquidation" of such claim would otherwise "unduly delay the administration of the case." 11 U.S.C. § 502(c)(1); *see also In re G-I Holdings, Inc.*, 323 B.R. 583, 599 (Bankr. D.N.J. 2005) (noting that the duty to estimate contingent or unliquidated claims is a "mandatory" obligation of the court where otherwise the claim would cause undue delay); *In re Lane*, 68 B.R. 609, 611 (Bankr. D. Haw. 1986) (same). In keeping with this statutory mandate, courts have held that the prerequisites for mandatory estimation are that (a) the claim must be contingent or unliquidated and (b) the delay associated with fixing or liquidating the claim would be "undue." *In re LightSquared Inc.*, 2014 WL 5488413, at *3 (Bankr. S.D.N.Y. 2014). The Intercompany Claim meets both requirements.

### A. The Intercompany Claim Is Unliquidated.

18. "If 'the value of the claim is easily ascertainable,' it is generally viewed as liquidated. If that value depends instead on 'a future exercise of discretion, not restricted by specific criteria, the claim is unliquidated.'" *Mazzeo v. United States (In re Mazzeo)*, 131 F.3d 295, 304 (2d Cir. 1997) (citations omitted); *In re Interco, Inc.*, 137 B.R. 993, 997 (Bankr. E.D. Mo. 1992) (holding that a claim was unliquidated under 502(c) where liquidation would require resolution of several disputed issues); *In re Loya*, 123 B.R. 338, 341 (B.A.P. 9th Cir. 1991) (stating that whether a claim is unliquidated "turns on the distinction between a simple hearing to determine the amount of a certain debt, and an extensive and contested evidentiary hearing in which substantial evidence may be necessary to establish amounts or liability" (citation omitted)); *see also In re Per Fostvedt*, 823 F.2d 305, 306 (9th Cir. 1987) (holding that a claim is unliquidated if it is not subject to "ready determination and precision in computation of the amount due" (citation omitted)).

19. Here, the Intercompany Claim is unliquidated and not easily calculated. Indeed, the history of the Debtors' schedules speaks to that fact. The Debtors originally scheduled the amount of the Intercompany Claim as $9.1 billion. *See* Schedules at 34. Then, the Debtors released their Intercompany Claim Statement, providing that "the as-adjusted intercompany claim held by LLC against CNL is best reflected at the pro forma amount of $3.5 billion." Intercompany Claim Statement ¶ 12. The Committee understands that the Debtors have since continued to analyze the Intercompany Claim. These fluctuations show that the Intercompany Claim has not been liquidated.

20. Additionally, the Debtors have acknowledged that, "[d]espite best efforts to understand the complete universe of intercompany transactions, the Debtors and A&M believe that a comprehensive accounting of all intercompany transactions would require forensic analysis and be costly and time consuming, if it were even possible given the recordkeeping deficiencies." Intercompany Claim Statement ¶ 12. In other words, the Debtors acknowledge that calculating the Intercompany Claim will require substantial analysis and could be subject to competing interpretations, which further supports estimation. *Interco*, 137 B.R. at 997.

**B.    Estimation Of The Intercompany Claim Will Avoid An Undue Delay In These Chapter 11 Cases.**

21. Following the Customer Claims Decision, account holders and other parties in interest wish to determine a key issue that may affect their rights and expected recoveries in these cases. Estimating the Intercompany Claim provides the simplest and clearest path to achieving this goal. By contrast, failure to estimate the Intercompany Claim may result in confusion and uncertainty. The result will likely be a disorganized flurry of motion practice, adversary complaints, and other one-off attempts at determining parties' entitlements. Such uncoordinated

and voluminous litigation will cause confusion and delay. Allowing estimation will substantially channel the issue into a single, orderly process.

## II. The Proposed Estimation Procedures Should Be Adopted.

22. This Court has wide discretion to determine the method best suited to estimating a claim. *Chemtura Corp.*, 448 B.R. at 648; *In re Thomson McKinnon Secs., Inc.*, 191 B.R. 976, 989 (Bankr. S.D.N.Y. 1996). Indeed, overly time-consuming proceedings defeat the very purpose of section 502(c)(1), which is to avoid undue delay. *In re Windsor Plumbing Supply Co., Inc.*, 170 B.R. 503, 520 (Bankr. E.D.N.Y. 1994).

23. The procedures below propose an orderly estimation. As a first step, parties seeking to value the Intercompany Claim can take discovery of the Debtors regarding the Intercompany Claim, including the Debtors' previous efforts to value that claim. Then, in consultation with experts, parties can determine what they believe to be the correct value of the Intercompany Claim. Parties will then have an opportunity to take discovery regarding one another's estimates, culminating in an evidentiary hearing before the Court.

24. These procedures will allow for an appropriately expert-driven, adversarial process by which parties can present their findings and conclusions regarding the value of the Intercompany Claim for the Court's ultimate determination. This process will ensure that the value the Court ascribes to the Intercompany Claim is based on an evidentiary presentation and reflects input from experts, whose knowledge and skill the Court will have the opportunity to assess.

25. The proposed timeline for this process is set forth below:[7]

| Task | Deadline |
| --- | --- |
| Deadline for parties to serve written discovery on the Debtors regarding the Intercompany Claim | April 21, 2023 |

---

[7] As noted above, the Committee intends to bring certain claims and causes of action (for example, substantive

| | |
|---|---|
| Deadline for the Debtors to respond to written discovery requests | May 1, 2023 |
| Deadline for the Debtors to produce written discovery | May 5, 2023 |
| Deadline for parties to identify experts | May 10, 2023 |
| Deadline to complete fact depositions (if any) | May 12, 2023 |
| Deadline for parties to file opening briefs and expert reports | May 18, 2023 |
| Deadline for parties to file response briefs and rebuttal reports | June 2, 2023 |
| Deadline to complete expert depositions | June 13, 2023 |
| Deadline to exchange witness and exhibit lists | June 15, 2023 |
| Deadline for objections to witness and exhibit lists | June 16, 2023 |
| Estimation hearing | TBD |

26. The above schedule is intended to ensure that the amount of the Intercompany Claim can be resolved prior to the confirmation hearing. The Committee believes that this procedure is appropriate under section 502(c), ensures due process, and avoids undue delay.

**Notice**

27. The Committee will provide notice of this Motion to the following parties or their respective counsel: (a) the U.S. Trustee; (b) the Debtors; (c) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); (d) the United States Attorney's Office for the Southern District of New York; (e) the Internal Revenue Service; (f) the offices of the attorneys general in the states in which the Debtors operate; (g) the Securities and Exchange Commission; (h) the Chapter 11 examiner; and (i) any party that has requested notice pursuant to Bankruptcy

---

consolidation and fraudulent conveyance) that it believes would be helpful and efficient to brief and argue in parallel with estimation of the Intercompany Claim. The Committee intends to meet and confer with the Debtors and the Series B Preferred Holders regarding incorporating these other claims and causes of action into this schedule.

Rule 2002.  The Committee submits that, in light of the nature of the relief requested, no other or further notice need be given.

## Reservation of Rights

28.    The Committee reserves all rights to supplement, amend, or re-file this Motion.

## Conclusion

29.    WHEREFORE, for the reasons set forth herein, the Committee respectfully requests that the Court enter the Order and other relief as the Court deems just and proper.

[*Remainder of page intentionally left blank*]

Dated: April 4, 2023  Respectfully submitted,
New York, New York

*/s/ Samuel P. Hershey*
**WHITE & CASE LLP**
David M. Turetsky
Samuel P. Hershey
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
Email: david.turetsky@whitecase.com
    sam.hershey@whitecase.com

– and –

**WHITE & CASE LLP**
Michael C. Andolina (admitted *pro hac vice*)
Gregory F. Pesce (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone: (312) 881-5400
Facsimile: (312) 881-5450
Email: mandolina@whitecase.com
    gregory.pesce@whitecase.com

– and –

**WHITE & CASE LLP**
Keith H. Wofford
Southeast Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131
Telephone: (305) 371-2700
Facsimile: (305) 358-5744
Email: kwofford@whitecase.com

– and –

**WHITE & CASE LLP**
Aaron E. Colodny (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, California 90071
Telephone: (213) 620-7700
Facsimile: (213) 452-2329
Email: aaron.colodny@whitecase.com

*Counsel to the Official Committee of Unsecured Creditors*

# EXHIBIT A

**Proposed Order**

AMERICAS 116616989 v1

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER GRANTING THE MOTION OF THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN
ORDER (I) ESTABLISHING PROCEDURES TO ESTIMATE THE
INTERCOMPANY CLAIM THAT CELSIUS NETWORK, LLC HAS AGAINST
CELSIUS NETWORK LIMITED AND (II) GRANTING RELATED RELIF**

Upon the motion (ECF No. ●) (the "**Motion**")[2] of the Committee for entry of an order (this "**Order**") establishing procedures to estimate the Intercompany Claim that Celsius Network, LLC ("**LLC**") has against Celsius Network Limited ("**CNL**") for allowance purposes, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, entered February 1, 2012; and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] Capitalized terms used but not defined herein have the meanings given to them in the Motion.

found that the notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and that no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1. The Motion is granted as set forth in this Order.

2. Pursuant to Bankruptcy Code section 502(c), procedures shall be established to estimate the Intercompany Claim that LLC has against CNL for allowance purposes.

3. Estimation shall follow the below schedule:

| Task | Deadline |
|---|---|
| Deadline for parties to serve written discovery on the Debtors regarding the Intercompany Claim | April 21, 2023 |
| Deadline for the Debtors to respond to written discovery requests | May 1, 2023 |
| Deadline for the Debtors to produce written discovery | May 5, 2023 |
| Deadline for parties to identify experts | May 10, 2023 |
| Deadline to complete fact depositions (if any) | May 12, 2023 |
| Deadline for parties to file opening briefs and expert reports | May 18, 2023 |
| Deadline for parties to file response briefs and rebuttal reports | June 2, 2023 |
| Deadline to complete expert depositions | June 13, 2023 |

| Deadline to exchange witness and exhibit lists | June 15, 2023 |
| --- | --- |
| Deadline for objections to witness and exhibit lists | June 16, 2023 |
| Estimation hearing | TBD |

4. The above schedule may be modified by further order of the Court.

5. To the extent the Court conducts a hearing on estimation in accordance with the above schedule, such hearing shall occur at or before any hearing in connection with confirmation of a proposed chapter 11 plan for the Debtors.

6. Nothing in this Order shall preclude the Committee from seeking any other relief or asserting any other claim or cause of action.

7. The Committee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

8. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: _____     _____
New York, New York                           United States Bankruptcy Judge