Hearing Date: April 18, 2023, at 10:00 a.m. (prevailing Eastern Time)
Objection Deadline: April 14, 2023 (prevailing Eastern Time)

**WHITE & CASE LLP**
David M. Turetsky
Samuel P. Hershey
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile:  (212) 354-8113
Email: david.turetsky@whitecase.com
        sam.hershey@whitecase.com

– and –

**WHITE & CASE LLP**
Michael C. Andolina (admitted *pro hac vice*)
Gregory F. Pesce (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone: (312) 881-5400
Facsimile: (312) 881-5450
Email: mandolina@whitecase.com
        gregory.pesce@whitecase.com

**WHITE & CASE LLP**
Keith H. Wofford
Southeast Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131
Telephone: (305) 371-2700
Facsimile:  (305) 358-5744
Email: kwofford@whitecase.com

– and –

**WHITE & CASE LLP**
Aaron E. Colodny (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, California 90071
Telephone: (213) 620-7700
Facsimile:  (213) 452-2329
Email: aaron.colodny@whitecase.com

*Counsel to the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF FILING OF THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS' MOTION FOR ENTRY OF AN ORDER
(A) SHORTENING NOTICE FOR ITS MOTION (I) FOR AUTHORITY
TO FILE A CLASS CLAIM ASSERTING NON-CONTRACT CLAIMS ON
BEHALF OF ACCOUNT HOLDERS OR (II) TO APPOINT A THIRD-PARTY
FIDUCIARY TO ASSERT A CLASS CLAIM ON BEHALF OF ACCOUNT
HOLDERS OR (B) ALTERNATIVELY, EXTENDING THE AMENDED BAR DATE**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

**PLEASE TAKE NOTICE** that the Official Committee of Unsecured Creditors (the "**Committee**") appointed in the cases of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") has requested an expedited hearing for *The Official Committee of Unsecured Creditors' Motion for Entry of an Order (A) Shortening Notice for Its Motion (I) for Authority to File a Class Claim Asserting Non-Contract Claims on Behalf of Account Holders or (II) to Appoint a Third-Party Fiduciary to Assert a Class Claim on Behalf of Account Holders or (B) Alternatively, Extending the Amended Bar Date* (the "**Motion to Shorten**") and the *Motion of the Official Committee of Unsecured Creditors (I) for Authority to File a Class Claim Asserting Non-Contract Claims on Behalf of Account Holders or (II) to Appoint a Third-Party Fiduciary to Assert a Class Claim on Behalf of Account Holders*, filed contemporaneously herewith (the "**Motion to File a Class Claim**"), which the Committee is seeking to have heard at the hearing on **April 18, 2023, at 10:00 a.m., prevailing Eastern Time** (the "**Hearing**"). In accordance with General Order M-543 dated March 20, 2020, the Hearing will be conducted remotely using Zoom for Government. Parties wishing to appear at the Hearing, whether making a "live" or "listen only" appearance before the Court, need to make an electronic appearance through the Court's website at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl. Electronic appearances (eCourtAppearances) need to be made before **4:00 p.m., prevailing Eastern Time, the business day before the hearing (*i.e.*, April 17, 2023)**.

**PLEASE TAKE FURTHER NOTICE** that a large number of participants are expected at the Hearing, and the Court's security requirements for participating in a Zoom for Government audio and video hearing require all persons seeking to attend the Hearing at 10:00 a.m., prevailing Eastern Time, on April 18, 2023, must connect to the Hearing beginning at 9:00 a.m., prevailing Eastern Time, on April 18, 2023. When parties sign in to Zoom for Government and add their

names, they must type in the first and last name that will be used to identify them at the Hearing. Parties that type in only their first name, a nickname, or initials will not be admitted into the Hearing.   When seeking to connect for either audio or video participation in a Zoom for Government Hearing, you will first enter a "Waiting Room" in the order in which you seek to connect.   Court personnel will admit each person to the Hearing from the Waiting Room after confirming the person's name (and telephone number, if a telephone is used to connect) with his or her eCourtAppearance.   Because of the large number of expected participants, you may experience a delay in the Waiting Room before you are admitted to the Hearing.

**PLEASE TAKE FURTHER NOTICE** that any party in interest who chooses to file a response or objection to the relief requested in the Motion to Shorten or Motion to File a Class Claim must ensure that such response or objection (a) is in writing, (b) conforms to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York, and the *Amended Final Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief* [Docket No. 1181], (c) is filed electronically with the Court on the docket of *In re Celsius Network LLC,* No. 22-10964 (MG) by a registered user of the Court's electronic filing system and in accordance with all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York (which are available on the Court's website at http://www.nysb.uscourts.gov), and (d) is served so as to be actually received no later than by (i) the entities on the Master Service List available on the case website of the Debtors at https://cases.stretto.com/celsius and (ii) any person or entity with a particularized interest in the subject matter of the Motion to Shorten or Motion to File a Class Claim.

**PLEASE TAKE FURTHER NOTICE** that parties must file and serve their response or objection to the Motion to Shorten or Motion to File a Class Claim on or before **April 14, 2023**, in accordance with the foregoing paragraph.

**PLEASE TAKE FURTHER NOTICE** that no account holder should rely on the actions of the Committee to protect any non-contract claims against Celsius Network Limited. **THIS MOTION TO SHORTEN SEEKS AN EXPEDITED HEARING FOR THE MOTION SEEKING AUTHORIZATION FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO FILE A CLASS CLAIM ASSERTING NON-CONTRACT CLAIMS— SUCH AS CLAIMS FOR FRAUD, NEGLIGENT MISREPRESENTATION, OR OTHER STATUTORY OR COMMON LAW CLAIMS—ON BEHALF OF ACCOUNT HOLDERS. THE FILING AND PURSUIT OF ANY SUCH CLASS-WIDE CLAIM IS SUBJECT TO APPROVAL BY THE BANKRUPTCY COURT, AND THE BANKRUPTCY COURT HAS NOT YET AUTHORIZED THE COMMITTEE OR ANY OTHER PERSON OR ENTITY TO FILE ANY SUCH CLAIM.  THE CURRENT DEADLINE TO FILE CLAIMS IS APRIL 28, 2023.  CREDITORS SHOULD TAKE STEPS TO PROTECT THEIR RIGHTS BY FILING THEIR OWN PROOFS OF CLAIM OR TAKING ANY OTHER APPROPRIATE STEPS IF CREDITORS WISH TO ASSERT NON-CONTRACT CLAIMS—SUCH AS CLAIMS FOR FRAUD, NEGLIGENT MISREPRESENTATION, OR OTHER STATUTORY OR COMMON LAW CLAIMS.**

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion to Shorten, Motion to File a Class Claim, and other pleadings filed in these chapter 11 cases may be obtained for free on Stretto's website at https://cases.stretto.com/celsius or for a fee and in accordance with the procedures on the Court's website at http://www.nysb.uscourts.gov.

Dated:  April 10, 2023          Respectfully submitted,
       New York, New York


*/s/ Samuel P. Hershey*
**WHITE & CASE LLP**
David M. Turetsky
Samuel P. Hershey
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile:  (212) 354-8113
Email: david.turetsky@whitecase.com
      sam.hershey@whitecase.com

– and –

**WHITE & CASE LLP**
Michael C. Andolina (admitted *pro hac vice*)
Gregory F. Pesce (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone: (312) 881-5400
Facsimile:  (312) 881-5450
Email:  mandolina@whitecase.com
      gregory.pesce@whitecase.com

– and –

**WHITE & CASE LLP**
Keith H. Wofford
Southeast Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131
Telephone: (305) 371-2700
Facsimile:  (305) 358-5744
Email: kwofford@whitecase.com

– and –

**WHITE & CASE LLP**
Aaron E. Colodny (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, California 90071
Telephone: (213) 620-7700
Facsimile:  (213) 452-2329
Email:  aaron.colodny@whitecase.com

*Counsel to the Official Committee of*
*Unsecured Creditors*

**Hearing Date: April 18, 2023, at 10:00 a.m. (prevailing Eastern Time)**
**Objection Deadline: April 14, 2023 (prevailing Eastern Time)**

<p style="color:red; text-align:center">**IMPORTANT NOTICE:**</p>

<p style="color:red">**THIS MOTION TO SHORTEN IS FOR A MOTION THAT SEEKS AUTHORIZATION FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO FILE A CLASS CLAIM ASSERTING NON-CONTRACT CLAIMS—SUCH AS CLAIMS FOR FRAUD, NEGLIGENT MISREPRESENTATION, OR OTHER STATUTORY OR COMMON LAW CLAIMS—ON BEHALF OF ACCOUNT HOLDERS. THE FILING AND PURSUIT OF ANY SUCH CLASS-WIDE CLAIM IS SUBJECT TO APPROVAL BY THE BANKRUPTCY COURT, AND THE BANKRUPTCY COURT HAS NOT YET AUTHORIZED THE COMMITTEE OR ANY OTHER PERSON OR ENTITY TO FILE ANY SUCH CLAIM. THE CURRENT DEADLINE TO FILE CLAIMS IS APRIL 28, 2023. CREDITORS SHOULD TAKE STEPS TO PROTECT THEIR RIGHTS BY FILING THEIR OWN PROOFS OF CLAIM OR TAKING ANY OTHER APPROPRIATE STEPS IF CREDITORS WISH TO ASSERT NON-CONTRACT CLAIMS—SUCH AS CLAIMS FOR FRAUD, NEGLIGENT MISREPRESENTATION, OR OTHER STATUTORY OR COMMON LAW CLAIMS.**</p>

**WHITE & CASE LLP**
David M. Turetsky
Samuel P. Hershey
1221 Avenue of the Americas
New York, New York 10020
Email: david.turetsky@whitecase.com
        sam.hershey@whitecase.com

– and –

**WHITE & CASE LLP**
Michael C. Andolina (admitted *pro hac vice*)
Gregory F. Pesce (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Email: mandolina@whitecase.com
        gregory.pesce@whitecase.com

**WHITE & CASE LLP**
Keith H. Wofford
Southeast Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131
Email: kwofford@whitecase.com

– and –

**WHITE & CASE LLP**
Aaron E. Colodny (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, California 90071
Email: aaron.colodny@whitecase.com

*Counsel to the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[2] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

---

[2]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

**THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS' MOTION FOR ENTRY OF AN ORDER
(A) SHORTENING NOTICE FOR ITS MOTION (I) FOR AUTHORITY
TO FILE A CLASS CLAIM ASSERTING NON-CONTRACT CLAIMS ON
BEHALF OF ACCOUNT HOLDERS OR (II) TO APPOINT A THIRD-PARTY
FIDUCIARY TO ASSERT A CLASS CLAIM ON BEHALF OF ACCOUNT
HOLDERS OR (B) ALTERNATIVELY, EXTENDING THE AMENDED BAR DATE**

The Official Committee of Unsecured Creditors (the "**Committee**") of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**" or "**Celsius**") files this motion (the "**Motion to Shorten**") for entry of an order, substantially in the form attached hereto as **Exhibit A**, (1) shortening the notice period with respect to the *Motion of the Official Committee of Unsecured Creditors (I) for Authority to File a Class Claim Asserting Non-Contract Claims on Behalf of Account Holders or (II) to Appoint a Third-Party Fiduciary to Assert a Class Claim on Behalf of Account Holders* (the "**Motion to File a Class Claim**"), filed contemporaneously herewith, or (2) alternatively, extending the Amended Bar Date (as defined below).  In support of this Motion to Shorten, the Committee states as follows:

**Relief Requested**

1.      The Committee seeks entry of an order (a) (i) shortening the notice period with respect to the Motion to Shorten and Motion to File a Class Claim, (ii) scheduling an expedited hearing on the Motion to Shorten and Motion to File a Class Claim for **April 18, 2023, at 10:00 a.m. (prevailing Eastern Time)**, and (iii) establishing **April 14, 2023**, as the deadline for all parties in interest to object to the Motion to Shorten or Motion to File a Class Claim or (b) alternatively, extending the April 28, 2023 bar date (the "**Amended Bar Date**") to a date after this Court rules on the Motion to File a Class Claim.

2.      The Committee contacted the Debtors, the U.S. Trustee, and, out of an abundance of caution, certain holders of the series B preferred shares in Celsius Network Limited (the "**Series B Preferred Holders**") on Friday, April 7 at 10:00 a.m., prevailing Eastern Time, regarding this

Motion to Shorten and the Motion to File a Class Claim. That same day, the Committee received a response from the Debtors, the Series B Preferred Holders, and the U.S. Trustee. The Debtors do not oppose the Committee's request for shortened notice or the filing of a class claim. The Series B Preferred Holders "do not consent to either form of requested relief." The U.S. Trustee has not yet responded with a position on either motion.

## Jurisdiction and Venue

3. The United States Bankruptcy Court for the Southern District of New York (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, entered February 1, 2012. The Committee confirms its consent to the Court entering a final order in connection with this Motion to Shorten to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgment in connection herewith consistent with Article III of the United States Constitution.

4. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The bases for the relief requested herein are section 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), rules 9006 and 9007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and rule 9006-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**").

## Background

6. On July 13, 2022 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief in this Court under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code. On July 27, 2022, the U.S. Trustee appointed the Committee [Docket No. 241].

3

7.      On September 29, 2022, this Court approved the appointment of Shoba Pillay as examiner (the "**Examiner**") in these chapter 11 cases pursuant to section 1104(d) of the Bankruptcy Code.  The Examiner conducted an investigation into "the Debtors' cryptocurrency holdings" and certain prepetition conduct and communication.  *Order Directing the Appointment of an Examiner Pursuant to Section 1104(c) of the Bankruptcy Code* ¶ 3 [Docket No. 820].  On January 13, 2023, the Examiner filed a report that contained facts that, among other things, give rise to claims that Celsius Network Limited ("**CNL**") and Alex Mashinksy, who was a director of CNL and the chief executive officer of CNL, and certain other directors and officers, management, and agents defrauded account holders while operating their cryptocurrency businesses, which is consistent with the Committee's findings in its own independent investigation into the events and circumstances precipitating these chapter 11 cases.  *See Final Report of Shoba Pillay, Examiner* [Docket No. 1956]; *Notice of Filing of Revised Proposed Complaint of the Official Committee of Unsecured Creditors* [Docket No. 2349-1].  The Examiner was discharged on April 4, 2023, upon completing her duties.  *See Order Discharging Examiner* [Docket No. 2364].

*8.*      On March 9, 2023, the Court issued a memorandum decision finding "that only [Celsius Network LLC], and not any other Debtor or non-Debtor affiliates, are liable to Customers *on contract claims* under the terms of use."  *Memorandum Opinion Regarding Which Debtor Entities Have Liability for Customer Claims Under the Terms of Use* at 4 [Docket No. 2205] (the "**Customer Claims Opinion**").  However, the Court made clear that "the Terms of Use ***do not*** limit liability of LLC, Celsius Network Limited, or any other affiliate of LLC for any ***non-contract claims*** and nothing in the [Customer Claims] Opinion or this order affects the rights of Customers and other parties in interest to assert non-contract claims against LLC or any Debtor or non-Debtor affiliates, or any other entity."  *Id*. (emphasis added).  The Court further stated in its Customer

4

Claims Opinion that, "[i]mportantly, the Court finds and concludes that the terms of use do not limit Customers *(or the Committee)* from asserting non-contract claims *against CNL, or against other Debtor or non-Debtor affiliates*, such as claims for *fraud, negligent misrepresentation, or other statutory or common law claims*."  Customer Claims Opinion at 4 (emphasis added).

9.    On March 24, 2023, the Debtors amended their schedules of assets and liabilities and statements of financial affairs "to reflect that (a) contract claims related to the Debtors' Earn, Custody, and Withhold programs are only against Celsius Network LLC and not any other Debtor entity and (b) contract claims related to the Debtors' Borrow program are only against Celsius Lending LLC."  *Notice of Amended Bar Date for Submission of Proofs of Claim* at 2 [Docket No. 2310] (the "**Amended Bar Date Notice**").  The amended schedules and statements do not include non-contract claims of account holders.  *Id.* at 3 ("The Debtors have not scheduled any claims of account holders for fraud, negligent misrepresentation, or other statutory or common law claims, and have only scheduled account holder contract claims against Celsius Network LLC on account of the General Terms of Use.").  The Debtors established April 28, 2023, as the Amended Bar Date for account holders who want to assert non-contract claims against Debtor entities other than LLC.

10.    In light of the Customer Claims Opinion and the Amended Bar Date, the Committee is filing contemporaneously herewith the Motion to File a Class Claim, seeking an order (a) authorizing the Committee or other representative to file a class claim, consolidated proof of claim, or other appropriate proceeding with the Court asserting non-contract claims on behalf of account holders (the "**Class Claim**") or (b) appointing a third-party fiduciary (identified by the Committee and approved by the Court) to file such Class Claim on behalf of account holders.  The Committee is requesting that the Motion to File a Class Claim be heard on shortened notice and set for hearing on an expedited basis.

5

11.     The Court should grant this Motion to Shorten so that account holders can know whether the Committee will be permitted to file a Class Claim prior to the Amended Bar Date. ***To be clear, no account holder should rely on the actions of the Committee to protect any non-contract claims against CNL***.

12.     If this Court declines to shorten notice for the Motion to File a Class Claim, then the Committee requests an extension of the Amended Bar Date to a date after such motion is decided.  Cause exists to extend the Amended Bar Date under such circumstances.  The only way for the Committee to file a Class Claim is if this Court authorizes it to do so.  If the Court does not grant the Committee such authority prior to the Amended Bar Date, then an extension of that date is necessary for the Committee to be able to exercise such authority.  Moreover, if the Court enters an order denying the relief requested in the Motion to File a Class Claim after the Amended Bar Date, there is a risk that creditors would have not filed individual proofs of claim ahead of the Amended Bar Date in reliance on the Motion to File a Class Claim and would therefore have forfeited their opportunity to assert claims.  This Court should therefore grant the Committee's Motion to Shorten.

## <u>Argument</u>

### I.     There is Cause to Shorten Notice for and Hear on an Expedited Basis the Motion to File a Class Claim.

13.     Pursuant to Bankruptcy Rule 9007, the Court has authority to regulate the time within which, the entities to whom, and the form and matter that notice is provided.  Paragraph 18 of Exhibit 1 attached to the *Amended Final Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief* [Docket No. 1181] (the "**Amended Case Management Order**") states that a "matter shall be set for hearing at" the next omnibus hearing if a request for relief is filed and served "at least 14 days before" such

omnibus hearing.  However, Bankruptcy Rule 9006(c) and Local Rule 9006-1(b) provide that the Court may in its discretion (with or without motion or notice) reduce any such notice period for cause shown.  Moreover, paragraph 16 of the Amended Case Management Order provides that a party's right "to seek an amendment or waiver of the provisions of the Case Management Procedures from the Court upon showing of good cause including, without limitation, the right to seek emergency *ex parte* relief or relief upon shortened notice" is expressly preserved.  This Court, thus, has the authority to determine the appropriate notice for conducting a hearing on the matters raised in the Committee's Motion to File a Class Claim.

14.    Here, "cause" exists.  Following the issuance of the Customer Claims Opinion, many *pro se* account holders have expressed concern and confusion regarding how or whether to file proofs of claim asserting fraud, misrepresentation, and other common law torts.  The Committee has sought to inform its constituency through a town hall and posting frequently asked questions to its website but is concerned that members of its constituency remain uncertain.  Moreover, the Committee is anticipating a flood of claims asserting various torts to be filed on the Amended Bar Date, as there are more than 600,000 account holders who have been affected by the Debtors' misconduct.  Each individual proof of claim for non-contract claims would need to be reviewed, analyzed, and ultimately ascribed a value.  Given the lack of experience that the vast majority of the Debtors' account holders have with the chapter 11 process and their general lack of dedicated individual counsel (as reflected by the number of creditors that have appeared *pro se* in these cases) and the potential burden associated with requiring each such holder to file non-contract claims against each of the Debtors, the Committee submits that the Court should consider (and ultimately approve) the filing of a Class Claim on an expedited basis.  At the very least, expedited consideration of this issue will provide account holders with further clarity regarding

the types of claims that may be filed and by who.

15.     The Motion to File a Class Claim seeks to mitigate the burden that those proofs of claim would have on the Debtors' estates and the plan process by requesting authority for the Committee to file a Class Claim against CNL (and other Debtors as may be appropriate) in respect of facts that are common to account holders.  The Motion to Shorten would allow the Court to rule on the Motion to File a Class Claim prior to the Amended Bar Date, thus providing an opportunity for the Committee to establish a streamlined process for account holders to assert common non-contract claims (either through the class claim (if the motion is approved) or through another procedure that fairly and adequately protects account holders rights if a class claim is not an option).

16.     Moreover, there is no alternative to granting the Motion to Shorten.  The April 18 omnibus hearing is the only hearing scheduled between now and the Amended Bar Date.  The Debtors only filed their amended schedules and statements and notice of the Amended Bar Date on March 24, 2023—about two weeks ago.  The Committee did not delay in preparing the Motion to File a Class Claim.  If the Motion to Shorten is not approved, the Committee will not know whether it is authorized to file a Class Claim prior to the deadline for doing so, thus harming its constituency and creating an administrative catastrophe for the Debtors.  As such, the Motion to Shorten is therefore a critical next step for establishing a process for reconciling non-contract claims against CNL.

17.     Lastly, the Committee does not believe that any party would be prejudiced by shortening notice with respect to the Motion to File a Class Claim.  This Motion to Shorten is a procedural motion that does not infringe on any parties in interests' substantive rights to recover against the Debtors and all parties will have sufficient time to respond to the Motion to Shorten.

Moreover, the Debtors—*i.e.*, the party against whom the class claim will be asserted—are not opposed to shortening notice.

## II. Alternatively, the Amended Bar Date Should Be Extended Until the Court Rules on the Motion to File a Class Claim.

18.    Bankruptcy Rule 9006(b) states that "when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order."  Here, the Amended Bar Date has not passed.  This Court can therefore exercise its discretion to extend the time for the Committee to file a class proof of claim for non-contract claims against CNL and any other Debtor.

19.    If an expedited hearing is not granted, then the Motion to File a Class Claim will not be heard at the April 18 omnibus hearing, which is the only scheduled hearing prior to the Amended Bar Date.  The Committee will not be able to file a class claim without this Court ruling that Bankruptcy Rule 7023 applies to the claims process in these chapter 11 cases.  If such a ruling is made after the Amended Bar Date, the only way the Committee will be permitted to file its Class Claim (without the concern that the Debtors or any party in interest will file a motion to disallow the claim for untimeliness) is if the Court extends the bar date only for the Committee to file a Class Claim.  Moreover, individual creditors may have relied on the Committee filing a Class Claim based on the Court's Customer Claims Opinion.  If the Court denies the relief requested in the Motion to File a Class Claim after the Amended Bar Date Order has passed, those creditors will have forfeited their opportunities to assert claims.  The alternative relief requested is therefore appropriate; and if this Court declines to shorten notice and grant an expedited hearing, then the Committee requests that this Court extend the Amended Bar Date until the Court issues a ruling

9

on the Motion to File a Class Claim.

## **Conclusion**

20.     For the reasons stated herein, the Committee requests that the Court enter an order (a) (i) shortening the notice period with respect to the Motion to Shorten and Motion to File a Class Claim, (ii) scheduling an expedited hearing on the Motion to Shorten and Motion to File a Class Claim for **April 18, 2023, at 10:00 a.m. (prevailing Eastern Time)**, and (iii) establishing **April 14, 2023**, as the deadline for all parties in interest to object to the Motion to Shorten or Motion to File a Class Claim or (b) alternatively, extending the Amended Bar Date to a date after this Court rules on the Motion to File a Class Claim.

## **Motion Practice**

21.     This Motion to Shorten includes citations to the applicable rules and statutory authorities upon which the relief herein is predicated and a discussion of their application to this Motion to Shorten.  Accordingly, the Committee submits that this Motion to Shorten satisfies Local Rule 9013-1(a).

## **No Prior Request**

22.     The Committee has not previously sought the relief requested herein from this Court or any other court.

## **Reservation of Rights**

23.     The Committee reserves all of its rights to supplement or amend this Motion to Shorten and to present evidence at the hearing.

## **Notice**

24.     The Committee will provide notice of this Motion to Shorten to the following parties or their respective counsel: (a) the U.S. Trustee; (b) the Debtors; (c) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); (d) the United States

Attorney's Office for the Southern District of New York; (e) the Internal Revenue Service; (f) the

offices of the attorneys general in the states in which the Debtors operate; (g) the Securities and

Exchange Commission; and (h) any party that has requested notice pursuant to Bankruptcy Rule

2002. The Committee submits that no other or further notice need be given in light of the nature

of the relief requested.

[*Remainder of page left intentionally blank*]

Dated:   April 10, 2023                    Respectfully submitted,
         New York, New York

                                           /s/ Samuel P. Hershey
                                           **WHITE & CASE LLP**
                                           David M. Turetsky
                                           Samuel P. Hershey
                                           1221 Avenue of the Americas
                                           New York, New York 10020
                                           Telephone: (212) 819-8200
                                           Facsimile:  (212) 354-8113
                                           Email: david.turetsky@whitecase.com
                                                  sam.hershey@whitecase.com

                                           – and –

                                           **WHITE & CASE LLP**
                                           Michael C. Andolina (admitted *pro hac vice*)
                                           Gregory F. Pesce (admitted *pro hac vice*)
                                           111 South Wacker Drive, Suite 5100
                                           Chicago, Illinois 60606
                                           Telephone: (312) 881-5400
                                           Facsimile:  (312) 881-5450
                                           Email:  mandolina@whitecase.com
                                                   gregory.pesce@whitecase.com

                                           – and –

                                           **WHITE & CASE LLP**
                                           Keith H. Wofford
                                           Southeast Financial Center
                                           200 South Biscayne Blvd., Suite 4900
                                           Miami, Florida 33131
                                           Telephone: (305) 371-2700
                                           Facsimile:  (305) 358-5744
                                           Email: kwofford@whitecase.com

                                           – and –

                                           **WHITE & CASE LLP**
                                           Aaron E. Colodny (admitted *pro hac vice*)
                                           555 South Flower Street, Suite 2700
                                           Los Angeles, California 90071
                                           Telephone: (213) 620-7700
                                           Facsimile:  (213) 452-2329
                                           Email:  aaron.colodny@whitecase.com

                                           *Counsel to the Official Committee of*
                                           *Unsecured Creditors*

**<u>EXHIBIT A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[3] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER GRANTING THE OFFICIAL COMMITTEE OF**
**UNSECURED CREDITORS' MOTION FOR ENTRY OF AN ORDER**
**(A) SHORTENING NOTICE FOR ITS MOTION (I) FOR AUTHORITY**
**TO FILE A CLASS CLAIM ASSERTING NON-CONTRACT CLAIMS ON**
**BEHALF OF ACCOUNT HOLDERS OR (II) TO APPOINT A THIRD-PARTY**
**FIDUCIARY TO ASSERT A CLASS CLAIM ON BEHALF OF ACCOUNT**
**HOLDERS OR (B) ALTERNATIVELY, EXTENDING THE AMENDED BAR DATE**

Upon the motion (the "**Motion to Shorten**")[4] of the Official Committee of Unsecured Creditors (the "**Committee**") of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for entry of an order (this "**Order**"), order (a) (i) shortening the notice period with respect to the Motion to Shorten and Motion to File a Class Claim, (ii) scheduling an expedited hearing on the Motion to Shorten and Motion to File a Class Claim for **April 18, 2023, at 10:00 a.m. (prevailing Eastern Time)**, and (iii) establishing **April 14, 2023**, as the deadline for all parties in interest to object to the Motion to Shorten and Motion to File a Class Claim or (b) alternatively, extending the Amended Bar Date to a date after this Court rules on the Motion to File a Class Claim, as more fully set forth in the Motion to Shorten; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing*

---

[3] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[4] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion to Shorten.

*Order of Reference from the United States District Court for the Southern District of New York*, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion to Shorten in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion to Shorten having been provided, and it appearing that no other or further notice need be provided; and the Court having determined that the legal and factual bases set forth in the Motion to Shorten establish just cause for the relief granted herein; and the Court having determined that the relief requested is in the best interests of the Debtors, their estates, creditors and all parties in interest; and upon all of the proceedings brought before the Court, and after due deliberation and sufficient cause appearing therefor; it is HEREBY ORDERED THAT:

1.      The Motion to Shorten is granted as set forth herein.

2.      Notice of the Motion to Shorten and Motion to File a Class Claim as provided therein is good and sufficient.

3.      A hearing (the "**Hearing**") to consider the relief requested in the Motion to Shorten and the Motion to File a Class Claim will be held before the Honorable Martin Glenn, Chief United States Bankruptcy Judge, One Bowling Green, New York, New York 10004, on **April 18, 2023, at 10:00 a.m. (prevailing Eastern Time)**.

4.      Any parties in interest that want to file an objection or a response to the Motion to Shorten or the Motion to File a Class Claim must do so no later than **April 14, 2023**.

5.      Parties in interest that choose to file an objection or a response to the Motion to Shorten or Motion to File a Class Claim prior to the Hearing must (a) do so in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern

District of New York, and the Case Management Order, (c) file such response or objection with

the Court by registered users of the Court's case filing system, electronically in accordance with

General Order M–399 (which can be found at http://www.nysb.uscourts.gov), and (d) serve such

response or objection on the Master Service List or any person or entity entitled to notice.

6.      This Court retains exclusive jurisdiction with respect to all matters arising from or

related to the implementation, interpretation, and enforcement of this Order.


IT IS SO ORDERED.


Dated: _____
        New York, New York




                                            _____
                                                MARTIN GLENN
                                                Chief United States Bankruptcy Judge