Anthony M. Saccullo
Mark T. Hurford
**A.M. Saccullo Legal, LLC**
27 Crimson King Drive
Bear, Delaware 19701
Telephone: (302) 836-8877

*Special Counsel to the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) ) ) | Case No. 22-10964 (MG) |
| Debtors. | ) ) ) ) | (Jointly Administered) |

**COVER SHEET TO THE FIRST INTERIM APPLICATION OF A.M. SACCULLO LEGAL, LLC COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES INCURRED AS SPECIAL COUNSEL TO THE DEBTORS FOR THE <u>PERIOD FROM DECEMBER 1, 2022 THROUGH FEBRUARY 28, 2023</u>**

In accordance with Rule 2016-1 of the Local Rules of Bankruptcy Procedure, incorporating the *Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York Bankruptcy Cases* [General Order M-447], among other guidelines (the "**Local Guidelines**"), and the *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief* [ECF No.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

521] (the "**Interim Compensation Order**"), A.M. Saccullo Legal, LLC ("**AMSL**"), special counsel for the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), submits this summary (this "**Summary**") of fees and expenses sought as actual and necessary in the fee application to which this Summary is attached (the "**Application**") for the period of December 1, 2022 through February 28, 2023 (the "**Fee Period**").

| *General Information* | |
|---|---|
| **Name of Applicant:** | A.M. Saccullo Legal, LLC |
| **Role of Applicant:** | Special Counsel to the Debtors and Debtors in Possession. |
| **Authorized to Provide Services to:** | Celsius Network LLC, *et al.* |
| **Petition Date:** | July 13, 2022 |
| **Retention Date:** | February 27, 2023, effective as of December 1, 2022 |
| **Date of Order Approving Retention:** | February 27, 2023 [ECF No. 2142] |

| *Summary of Fees and Expenses Requested for the Compensation Period* | |
|---|---|
| **Time Period Covered by This Application:** | December 1, 2022 through February 28, 2023 |
| **Total Compensation Requested:** | $63,845.00 |
| **Total Expenses Requested:** | $0.00 |
| **Total Compensation and Expenses Requested:** | $63,845.00 |

| | |
|---|---|
| **Blended Rate in This Application for All Partners, Counsel, and Associates:** | $557.60 |
| **Blended Rate in This Application for All Timekeepers:** | $557.60 |
| **Number of Professionals Included in This Application:** | 4 |
| **Difference Between Fees Budgeted and Compensation Sought for This Period:** | The fees sought are $81,155 less than budgeted. |
| **Number of Professionals Billing Fewer Than 15 Hours During This Period:** | 2 |
| **Increase in Rates Since Date of Retention:** | None |

*Summary of Past Requests for Compensation and Prior Payments*

| | |
|---|---|
| **Compensation Sought in This Application Already Paid Pursuant to a Compensation Order but Not yet Allowed:** | $0.00 |
| **Expenses Sought in This Application Already Paid Pursuant to a Compensation Order but Not yet Allowed:** | $0.00 |
| **Total Compensation and Expenses Sought in This Application Already Paid Pursuant to a Compensation Order but Not yet Allowed:** | $63,845.00 |

*Summary of Rates and Other Related Information for the Compensation Period*

This is a(n):         ___ monthly         _X_ interim         ___ final application

**Summary of Prior Monthly Fee Statements of A.M. Saccullo Legal, LLC**

| Period Covered and ECF No. | Total Fees Requested | Total Expenses Requested | Total Fees and Expenses Requested | Fees Paid | Expenses Paid | Total Balance Remaining to be Paid |
|---|---|---|---|---|---|---|
| 12/1/2022 – 02/28/2023 ECF No. 2307 | $63,845.00 | $0.00 | $63,845.00 | $0.00 | $0.00 | $63,845.00 |

Anthony M. Saccullo
Mark T. Hurford
**A.M. Saccullo Legal, LLC**
27 Crimson King Drive
Bear, Delaware 19701
Telephone: (302) 836-8877

*Special Counsel to the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[2] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**FIRST INTERIM APPLICATION OF A.M. SACCULLO LEGAL, LLC COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES INCURRED AS SPECIAL COUNSEL TO THE DEBTORS FOR THE PERIOD FROM DECEMBER 1, 2022 THROUGH FEBRUARY 28, 2023**

Pursuant to sections 327, 330, and 331 of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rule 2016-1 of the Local Rules of Bankruptcy Procedure, incorporating the *Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York Bankruptcy Cases* [General Order M-447], among other guidelines (the "**Local Guidelines**"), the *United States Trustee's Guidelines for Reviewing Applications for*

---

[2] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases* effective as of November 1, 2013 (the "**U.S. Trustee Guidelines**," and together with the Local Guidelines, the "**Fee Guidelines**"), and the *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief* [ECF No. 521] (the "**Interim Compensation Order**"), A.M. Saccullo Legal, LLC ("**AMSL**"), special counsel for the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), submits this *First Interim Application of A.M. Saccullo Legal, LLC for Compensation for Services and Reimbursement of Expenses Incurred as Special Counsel to the Debtors for the Period from December 1, 2022 through February 28, 2023* (this "**Application**"). By this Application, AMSL seeks allowance of compensation for actual and necessary professional services rendered for the Debtors in the total amount of $63,845.00, and $0.00 for reimbursement of actual, necessary disbursements incurred in connection with such services, for an aggregate total of $63,845.00 during the period of December 1, 2022 through February 28, 2023 (the "**Fee Period**").

### Jurisdiction

1. The United States Bankruptcy Court for the Southern District of New York (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

3. On July 13, 2022 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their property as debtors-in-possession pursuant to sections 1107(a) and

1108 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b) [ECF No. 53]. On July 27, 2022, the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed an official committee of unsecured creditors (the "**UCC**") pursuant to section 1102 of the Bankruptcy Code [ECF No. 241]. On September 29, 2022, the Court entered an order appointing an examiner (the "**Examiner**") in the Debtors' chapter 11 cases [ECF No. 920].

4. A description of the Debtors' businesses, the reasons for commencing the chapter 11 cases, and the relief sought from the Court to facilitate effective administration of these chapter 11 cases are set forth in the (a) *Declaration of Alex Mashinsky, Chief Executive Officer of Celsius Network LLC, in Support of Chapter 11 Petitions and First Day Motions* [ECF No. 23] and (b) *Declaration of Robert Campagna, Managing Director of Alvarez & Marsal North America, LLC, in Support of Chapter 11 Petitions and First Day Motions* [ECF No. 22].

5. On August 17, 2022, the Court entered the Interim Compensation Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in these cases. On October 20, 2022, the Court entered the *Order Appointing Independent Fee Examiner and Establishing Related Procedures for the Review of Fee Applications of Retained Professionals* [ECF No. 1151], appointing Judge Christopher Sontchi to serve as the fee examiner (the "**Fee Examiner**") in these cases. On December 19, 2022, the Court entered the *First Amended Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief* [ECF No. 1745].

**The Debtors' Retention of A.M. Saccullo Legal, LLC**

6.   The *Debtors' Application for Entry of an Order Pursuant to Section 327(e) of the Bankruptcy Code Authorizing the Retention and Employment of A.M. Saccullo Legal, LLC as Special Counsel to the Debtors Effective as of December 1, 2022* was filed on February 3, 2023 [ECF No. 1984] (the "**Retention Application**").  On February 27, 2023, the Court entered the *Order Pursuant to Section 327(e) of the Bankruptcy Code Authorizing the Retention and Employment of A.M. Saccullo Legal, LLC as Special Counsel to the Debtors Effective as of December 1, 2022* [ECF No. 2142] (the "**Retention Order**"), authorizing the Debtors to retain AMSL to represent them in connection with *In re FTX Trading Ltd.*, *et al.*, Case No. 22-11068 (JTD) (Bank. D. Del. 2022), pending in the United States Bankruptcy Court for the District of Delaware (the "**FTX Chapter 11 Cases**," or, the "**FTX Debtors**").  In particular, AMSL's services include: (a) monitoring the FTX Trading Ltd. docket for filings and coordinating with the Debtors' advisors on pending matters that need responses; (b) attending hearings in the United States Bankruptcy Court for the District of Delaware; (c) providing legal advice regarding Delaware local rules, practices, and procedures; (d) drafting, reviewing and commenting on drafts of documents to ensure compliance with local rules, practices, and procedures; (e) filing documents as requested by the Debtors' advisors and coordinating for service of documents; (f) performing such other legal services as may be required or requested or as may otherwise be deemed in the interests of the Debtors and duties as set forth in the Bankruptcy Code, Bankruptcy Rules, or other applicable law; and (g) providing additional support to the Debtors' advisors as requested (collectively, the "**AMSL Services**").

7.   The Retention Order, which is attached hereto as **Exhibit B** and incorporated by reference, allows the Debtors to compensate and reimburse AMSL in accordance with sections

330 and 331 of the Bankruptcy Code and the applicable provisions of the Bankruptcy Rules, the Local Rules, the Fee Guidelines, and any applicable procedures and orders of the Court. The Retention Order also authorizes the Debtors to compensate AMSL at its hourly rates charged for services of this type and for the firm's actual, necessary expenses incurred in connection with the AMSL Services rendered during the Fee Period.

### Compensation Paid and Its Sources

8.     All services during the Fee Period for which compensation is requested by AMSL were performed for or on behalf of the Debtors and are for matters within the scope of AMSL's retention as special counsel pursuant to the Retention Order. Additionally, except for AMSL's retention by the Debtors pursuant to the Retention Order, AMSL has not received any payment or promises of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with matters covered by this Fee Application. A certification confirming AMSL's compliance with the Fee Guidelines is annexed hereto as **Exhibit A**.

9.     To the extent that billable time or disbursement charges for services rendered or expenses incurred relate to the Fee Period, but were not processed prior to the preparation of this Fee Application, AMSL reserves the right to request compensation for such services and reimbursement of such expenses in a future fee application.

### Summary of Professional Compensation and Reimbursement of Expenses Requested

10.     During the Fee Period, AMSL's professionals and paraprofessionals expended a total of 114.5 hours providing the AMSL Services. AMSL has been able to provide these services efficiently and effectively by utilizing the expertise of professionals with the appropriate level of seniority commensurate with the assignment. AMSL, in connection with the services rendered on behalf of the Debtors during the Fee Period, respectfully requests allowance of reasonable

compensation of such services rendered in the total amount of $63,845.00 and reimbursement of actual and necessary expenses incurred in the amount of $0.00, for an aggregate total of $63,845.00 for the Fee Period.

11. Annexed hereto as **Exhibit C** is a list of the AMSL professionals who provided services to the Debtors during the Fee Period, as well as each person's position with the firm, the hourly rate charged for their services, the number of hours worked on this matter, and other pertinent information. **Exhibit D** annexed hereto is a list of the categories and the total fees and total hours expended by subject matter category. **Exhibit E** annexed here confirms that AMSL is not seeking the reimbursement of expenses incurred.

12. AMSL has communicated with the Debtors' lead counsel at Kirkland & Ellis regarding budgeting and scope of work to be performed. In addition to those discussions, AMSL provided the Debtors with a budget and staffing plan for the Fee Period in accordance with the U.S. Trustee Guidelines. AMSL's budget and staffing plan are annexed hereto as **Exhibit F** and **Exhibit G**.

13. AMSL maintains computerized, detailed time records of services rendered by its professionals and paraprofessionals during the Fee Period, which are organized by project category with a daily time log describing the time spent by each timekeeper, as well as an itemization of all disbursements incurred. The detailed records for this Fee Period were appended to AMSL's combined monthly fee statement [ECF No. 2307] and are annexed hereto as **Exhibit I**.

### Case Status

14. Since the Petition Date, the Debtors have been focused on stabilizing operations and engaging with various stakeholders, including the U.S. Trustee, the Committee, the Examiner, individual customers, and other interested parties. Additionally, the Debtors have been actively

pursuing a dual-track process for emergence from bankruptcy through either a sale of some or all of the Debtors' assets or a standalone reorganization.  Moving forward, the Debtors will work towards a chapter 11 plan.

## Summary of Services Rendered

15.    AMSL provided complex and critical professional review, analysis, advice and representation of the Debtors in connection with the AMSL Services.  Summaries of the services are detailed below in accordance with AMSL's internal system of project categories:

Asset Analysis & Recovery
Total Fees: $226.00, Total Hours: 0.4

- Under this project category, AMSL reviewed a motion filed by the FTX Debtors for the turnover of assets held by Interactive Brokers.

Asset Disposition
Total Fees: $169.50, Total Hours: 0.3

- Under this project category, AMSL provided services with regards to the FTX Debtors' possible sale of assets.

Case Administration
Total Fees: $1,552.50, Total Hours: 2.9

- Under this project category, AMSL provided services with regards to the administration of the FTX Debtors' estates, including the dismissal of two entities, a complaint to determine the dischargeability of debts and an interim financial update.  AMSL also drafted Notice of Appearance.

Court Hearings
Total Fees: $1,680.00l, Total Hours: 3.2

- Under this project category, AMSL attended hearings in the FTX Chapter 11 Cases.

DIP/Cash Collateral
Total Fees: 169.50, Total Hours: 0.3

- Under this project category, AMSL reviewed a filing by the FTX Debtors regarding cash balances and disbursements.

Litigation
Total Fees: $52,426.00, Total Hours: 93.3

- Under this project category, AMSL reviewed various litigation and adversary filings in the FTX Chapter 11 Cases, including litigation related to the US Trustee's Motion to Appoint a Chapter 11 Examiner, litigation with the Voyager debtors, certain subpoenas and various rule 2004 motions on key individuals and entities. This category also includes communications regarding work to be performed and allocation thereof within AMSL. It also includes correspondence, telephone conferences and the drafting of several lengthy memoranda for the client and lead counsel at Kirkland & Ellis.

Retention/Fee Applications
Total Fees: $6,548.00, Total Hours: 12.2

- Under this project category, AMSL communicated with lead counsel at Kirkland & Ellis regarding the retention of AMSL. This category also includes drafting, reviewing and revising the retention application, as well as various communications with lead counsel regarding revisions thereto.

Retention/Fee Applications – Other Firms
Total Fees: $1,073.50, Total Hours: 1.9

- Under this project category, AMSL certain retention applications of lead counsel to the FTX Debtors and the FTX Official Committee of Unsecured Creditors, along with an objection filed by the Office of the United States Trustee.

**Actual and Necessary Expenses**

16. AMSL is not seeking the reimbursement of expenses in this Application.

**AMSL's Requested Compensation and Reimbursement Should Be Allowed**

17. Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation. Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual,

necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent, and the value of such services, taking into account all relevant factors, including –
>
>     (a)    the time spent on such services;
>
>     (b)    the rates charged for such services;
>
>     (c)    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
>     (d)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and …
>
>     (F)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

18. The foregoing professional services were performed by AMSL in an efficient manner, were necessary and appropriate to the administration of the chapter 11 cases, and were in the best interests of the Debtors, their estates, and other parties in interest. Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, issues, and tasks involved. As required by the U.S. Trustee guidelines, annexed hereto as **Exhibit H** is a chart setting forth the comparative blended rates of the professionals and paraprofessionals who rendered services with a corresponding comparison of rates for professionals and paraprofessionals not involved in these chapter 11 cases.

## Notice

20. The Debtors will provide notice of this Application in accordance with the Interim Compensation Order. The Debtors submit that no other or further notice be given.

WHEREFORE, AMSL, in connection with services rendered on behalf of the Debtors, respectfully requests allowance of reasonable compensation of such services rendered in the total amount of $63,845.00 and reimbursement of actual and $0.00 necessary expenses incurred, for an aggregate total of $63,845.00 for the Fee Period.

| | |
|---|---|
| Dated: April 14, 2023<br>Bear, Delaware | **A.M. Saccullo Legal, LLC**<br><br>By: */s/ Mark T. Hurford*<br>Anthony M. Saccullo<br>Mark T. Hurford<br>A.M. Saccullo Legal, LLC<br>27 Crimson King Drive<br>Bear, Delaware 19701<br>Telephone: (302) 836-8877<br>Facsimile: (302) 836-8787<br>Ams@saccullolegal.com<br>Mark@saccullolegal.com<br><br>*Special Counsel to the Debtors and Debtors in Possession* |