**Exhibit A**

**Certification of Compliance with Fee Guidelines**

Anthony M. Saccullo
Mark T. Hurford
**A.M. Saccullo Legal, LLC**
27 Crimson King Drive
Bear, Delaware 19701
Telephone: (302) 836-8877

*Special Counsel to the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[3] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**CERTIFICATION OF MARK T. HURFORD IN SUPPORT OF THE FIRST INTERIM APPLICATION OF A.M. SACCULLO LEGAL, LLC COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES INCURRED AS SPECIAL COUNSEL TO THE DEBTORS FOR THE PERIOD FROM DECEMBER 1, 2022 THROUGH FEBRUARY 28, 2023**

I, Mark T. Hurford, hereby certify that:

1. I am special counsel of the law firm A.M. Saccullo Legal, LLC ("**AMSL**"), a law firm located in the State of Delaware. I am admitted, practicing, and a member in good standing of the bar of the State of Delaware. I am familiar with the work performed by AMSL on behalf of the above-captioned debtors and debtors in possession ("**Debtors**").

---

[3] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

2. I have reviewed the *First Interim Application of A.M. Saccullo Legal, LLC for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Special Counsel to the Debtors for the Period from December 1, 2022 through February 28, 2023* (the "**Application**")[4] to certify to certain matters addressed in the (i) *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief* [ECF No. 521] (the "**Interim Compensation Order**"), (ii) Rule 2016-1 of the Local Rules of Bankruptcy Procedure, incorporating the *Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York Bankruptcy Cases* [General Order M-447] (the "**Local Guidelines**"), and (iii) the United States Trustee's *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases* effective as of November 1, 2013 (the "**U.S. Trustee Guidelines,**" and together with Local Guidelines, the "**Fee Guidelines**"). The Application covers the period December 1, 2022 through February 28, 2023 (the "**Fee Period**").

3. To the best of my knowledge, information and belief, the statements contained in the foregoing Application are true and accurate in all material respects and comply with the Fee Guidelines in material part. AMSL responds to the questions identified in the U.S. Trustee Guidelines as follows:

> Question 1: Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees, or terms for services pertaining to this engagement that were provided during the application period? If so, please explain.
>
> Answer: No.
>
> Question 2: If the fees sought in the Application as compared to the fees budgeted for the time period covered by the Application are higher by 10% or more, did you discuss the reasons for the variation with the client?

---

[4] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

Answer: Not applicable.

Question 3: Have any of the professionals included in the Application varied their hourly rate based on geographic location of the bankruptcy case?

Answer: No.

Question 4: Does the Application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices?

Answer: No.

Question 5: Does the Application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify hours and fees.

Answer: No.

Question 6: Did the Application include any rate increases since retention in these cases?

Answer: Yes, as disclosed in the Retention Application, AMSL's rates changed from calendar year 2022 into calendar year 2023. The change in rates is disclosed on Exhibit C attached hereto.

Question 7: Did the client agree when retaining AMSL to accept all future rate increases? If not, did AMSL inform the client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458?

Answer: The client was informed of AMSL's rates and future rate increases as part of its approval of AMSL's retention application.

Dated:  April 14, 2023                    By: /s/ Mark T. Hurford
                                          Mark T. Hurford
                                          A.M. Saccullo Legal, LLC, Special Counsel