## Exhibit B

**Retention Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) Case No. 22-10964 (MG) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**ORDER PURSUANT TO SECTION 327(E)**
**OF THE BANKRUPTCY CODE AUTHORIZING**
**THE RETENTION AND EMPLOYMENT OF A.M. SACCULLO LEGAL, LLC**
**AS SPECIAL COUNSEL TO THE DEBTORS EFFECTIVE AS OF DECEMBER 1, 2022**

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order pursuant to section 327(e) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1 authorizing the Debtors to retain A.M. Saccullo Legal, LLC as special counsel to the Debtors with respect to the AMSL Services, effective as of December 1, 2022, all as more fully set forth in the Application; and upon the Saccullo Declaration and the Ferraro Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] Capitalized terms used but not defined in this Order shall have the meanings ascribed to them in the Application.

of these cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Application and opportunity for a hearing on the Application were appropriate under the circumstances and no other notice need be provided; and the Court having determined that the relief sought in the Application is in the best interests of the Debtors, their creditors, and other parties in interest, and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Application is granted as set forth herein.

2.      Pursuant to section 327(e) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1, the Debtors are authorized to retain AMSL as special counsel for the Debtors with respect to the AMSL Services, effective as of December 1, 2022, and AMSL is authorized to perform the AMSL Services described in the Application.

3.      AMSL shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the AMSL Services in the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and the applicable provisions of the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court.

4.      Prior to any increase in AMSL's rates for any individual providing services in these chapter 11 cases, AMSL shall file a supplemental affidavit with the Court, and AMSL shall provide ten business days' notice to the Debtors, the U.S. Trustee, the Fee Examiner, and any official committee. The supplemental affidavit shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtors have consented to the rate increase. The U.S. Trustee retains all rights to object to any rate increase on

all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code.

5.      In the event of any inconsistency between the Application, the Saccullo Declaration, the Engagement Letter, and this Order, the terms of this Order shall govern.

6.      AMSL shall use its best efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases.

7.      The relief granted herein shall be binding upon any chapter 11 trustee appointed in any of these chapter 11 cases or upon any chapter 7 trustee appointed in the event of a subsequent conversion of any of these chapter 11 cases to cases under chapter 7.

8.      Notwithstanding any provision to the contrary in the Engagement Letter, any dispute relating to the AMSL Services shall be referred to arbitration consistent with the terms of the Engagement Letter only to the extent that this Court does not have, retain, or exercise jurisdiction over the dispute, and 28 U.S.C. § 1334(e)(2) shall govern the forum for resolving fee disputes.

9.      Notwithstanding anything to the contrary in the Engagement Letter, AMSL shall not withdraw as Debtors' counsel prior to the effective date of any chapter 11 plan confirmed in these chapter 11 cases without prior approval of this Court in accordance with Local Bankruptcy Rule 2090-1(e).

10.      Notice of the Application as provided therein is good and sufficient notice of such Application and the requirements of Bankruptcy Rule 6004(h) and the Local Rules are satisfied by such notice.

11.      Notwithstanding any provision in the Bankruptcy Rules to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

12.     The Debtors are authorized to take all reasonable actions necessary to effectuate

the relief granted in this Order in accordance with the Application.

13.     This Court retains exclusive jurisdiction to hear and determine all matters arising

from or related to the implementation, interpretation, and enforcement of this Order.

**IT IS SO ORDERED.**

Dated:  February 27, 2023
          New York, New York


                                        **/s/ Martin Glenn**
                                        MARTIN GLENN
                                Chief United States Bankruptcy Judge