Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:      (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:      (312) 862-2200

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**SUMMARY COVER SHEET TO THE**
**SECOND INTERIM FEE APPLICATION OF KIRKLAND & ELLIS LLP**
**AND KIRKLAND & ELLIS INTERNATIONAL LLP, ATTORNEYS FOR THE**
**DEBTORS AND DEBTORS IN POSSESSION, FOR THE INTERIM FEE PERIOD**
**FROM NOVEMBER 1, 2022, THROUGH AND INCLUDING FEBRUARY 28, 2023**

In accordance with the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"), Kirkland & Ellis LLP and Kirkland & Ellis International LLP (together, "K&E"), attorneys for the above-captioned debtors and debtors in possession (collectively, the "Debtors"), submits this summary (this "Summary") of fees and expenses sought as actual, reasonable, and necessary in the fee application to which this Summary is attached

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

(the "Fee Application")[2] for the period from November 1, 2022 through February 28, 2023 (the "Second Interim Fee Period").

K&E submits the Fee Application as an interim fee application in accordance with the *First Amended Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief* [Docket No. 1745] (the "Amended Interim Compensation Order"), which permits K&E to file interim fee applications every four months.

| General Information | |
|---|---|
| Name of Applicant: | Kirkland & Ellis LLP and Kirkland & Ellis International LLP |
| Authorized to Provide Services to: | Celsius Network LLC, *et al.* |
| Petition Date: | July 13, 2022 |
| Date of Order Authorizing the Debtors to Retain K&E [Docket No. 845]: | September 16, 2022, effective as of July 13, 2022 |

| Summary of Fees and Expenses Sought in the Fee Application | |
|---|---|
| Period for Which Compensation and Reimbursement is Sought in the Fee Application: | November 1, 2022, through February 28, 2023 |
| Voluntary Fee Waiver and Expense Reduction in this Fee Period: | Reduced fees by $708,925.25 and expenses by $71,243.35.[3] |
| Amount of Compensation Sought as Actual, Reasonable, and Necessary for the Fee Period: | $22,035,629.50 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary for the Fee Period: | $486,355.92 |
| Total Compensation and Expense Reimbursement Requested for the Fee Period: | $22,521,985.42 |

---

[2]    Capitalized terms used but not otherwise defined in this Summary shall have the meanings ascribed to such terms in the Fee Application.

[3]    K&E voluntarily reduced its fees and expenses by the amounts described above and consequently does not seek payment of these fees and expenses in this Fee Application.

| *Rate Increases Applicable to the Fee Period* | |
|---|---|
| Total Amount of Compensation Sought for the Fee Period, Calculated Using Rates as of the Date of Retention: | $21,032,576.50 |

| *Summary of Past Requests for Compensation and Prior Payments* | |
|---|---|
| Total Amount of Compensation Previously Requested Pursuant to the Amended Interim Compensation Order to Date: | $41,879,643.50 |
| Total Amount of Expense Reimbursement Previously Requested Pursuant to the Amended Interim Compensation Order to Date: | $745,281.82 |
| Total Compensation Approved Pursuant to the Amended Interim Compensation Order to Date: | $0.00 |
| Total Amount of Expense Reimbursement Approved Pursuant to the Amended Interim Compensation Order to Date: | $0.00 |
| Total Allowed Compensation Paid to Date: | $0.00 |
| Total Allowed Expenses Paid to Date: | $0.00 |
| Compensation Sought in this Application Already Paid Pursuant to the Amended Interim Compensation Order But Not Yet Allowed: | $17,628,503.60 |
| Expenses Sought In This Application Already Paid Pursuant to the Amended Interim Compensation Order But Not Yet Allowed: | $358,172.55 |

New York, New York
Dated: April 14, 2023

/s/ Joshua A. Sussberg
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900
Email:         joshua.sussberg@kirkland.com

 - and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200
Email:         patrick.nash@kirkland.com
               ross.kwasteniet@kirkland.com
               chris.koenig@kirkland.com
               dan.latona@kirkland.com

*Counsel to the Debtors and Debtors in Possession*

Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
|         Debtors. | (Jointly Administered) |

## SECOND INTERIM FEE APPLICATION OF KIRKLAND & ELLIS LLP AND KIRKLAND & ELLIS INTERNATIONAL LLP, ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION, FOR THE INTERIM FEE PERIOD FROM NOVEMBER 1, 2022, THROUGH AND INCLUDING FEBRUARY 28, 2023

Kirkland & Ellis LLP and Kirkland & Ellis International LLP (together, "K&E"), attorneys for the above-captioned debtors and debtors in possession (collectively, the "Debtors"), hereby submits their second interim fee application (the "Fee Application") for allowance of compensation for professional services provided in the amount of $22,035,629.50 and reimbursement of actual and necessary expenses in the amount of $486,355.92 that K&E incurred for the period from November 1, 2022 through February 28, 2023 (the "Fee Period"). In support

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

of this Fee Application, K&E submits the declaration of Patrick J. Nash, Jr., president of Patrick J. Nash, Jr., P.C., a partner of K&E, (the "Nash Declaration"), which is attached hereto as **Exhibit A** and incorporated by reference.    In further support of this Fee Application, K&E respectfully states as follows.

## Jurisdiction and Venue

1.      The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012.  The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), rule 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"), and the *Amended Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief* [Docket No. 1745] (the "Amended Interim Compensation Order").

## Background

4.      The Debtors, together with their non-Debtor affiliates (collectively, "Celsius"), are one of the largest and most sophisticated cryptocurrency based finance platforms in the world and provide financial services to institutional, corporate, and retail clients across more than

2

100 countries.  Celsius was created in 2017 to be one of the first cryptocurrency platforms to which users could transfer their crypto assets and (a) earn rewards on crypto assets and/or (b) take loans using those transferred crypto assets as collateral.  Headquartered in Hoboken, New Jersey, Celsius has more than 1.7 million registered users and approximately 300,000 active users with account balances greater than $100.

5.    On July 13, 2022 (the "Petition Date"), certain of the Debtors (collectively, the "Initial Debtors") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  On December 7, 2022, GK8 Ltd., GK8 UK Limited, and GK8 USA LLC (collectively, the "GK8 Debtors" and together with the Initial Debtors, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  A detailed description of the facts and circumstances of these chapter 11 cases is set forth in the *Declaration of Robert Campagna, Managing Director of Alvarez & Marsal North America, LLC, in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 20] (the "Campagna Declaration") and the *Declaration of Christopher Ferraro, Director and Chief Financial Officer of GK8 Ltd., in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 1629] (the "Ferraro Declaration").[2]  The Debtors commenced these chapter 11 cases to provide Celsius an opportunity to stabilize its business in the midst of crypto winter and consummate a comprehensive restructuring transaction that maximizes value for stakeholders.

6.    The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  These chapter 11 cases have been consolidated for procedural purposes only and are jointly administered pursuant to

---

[2]    Capitalized terms used but otherwise defined herein shall have the meanings ascribed to them in the Campagna Declaration, the Ferraro Declaration, or the Amended Interim Compensation Order, as applicable.

Bankruptcy Rule 1015(b) [Docket Nos. 53 & 1648].  On July 27, 2022, the United States Trustee

for the Southern District of New York (the "U.S. Trustee") appointed an official committee of

unsecured creditors [Docket No. 241] (the "Committee").  On September 29, 2022, the Court

entered an order approving the appointment of Shoba Pillay, as examiner (the "Examiner")

[Docket No. 923].  On April 4, 2023, the Court entered an order discharging the Examiner

[Docket No. 2364].  On October 20, 2022, the Court entered an order appointing Judge Christopher

S. Sontchi as fee examiner (the "Fee Examiner") [Docket No. 1151].

## Preliminary Statement

7.      During the Fee Period, K&E represented the Debtors professionally and diligently,

advising them on a variety of complex matters and issues.  With K&E's advice and counsel, the

Debtors accomplished, among other things, the following achievements in the Fee Period to

advance these chapter 11 cases towards a value-maximizing conclusion:

- continuing to ensure operational stability while building consensus with various stakeholders including the Committee, the Ad Hoc Group of Custodial Account Holders, the Ad Hoc Group of Withhold Account Holders, and the Ad Hoc Group of Retail Borrowers to resolve certain threshold legal questions regarding the treatment of certain customer claims and to chart a path forward to a prompt exit from chapter 11;

- researching, briefing, litigating at a week-long trial, and obtaining the Court's ruling on a number of threshold legal issues in these chapter 11 cases, including the determination that Earn assets constitute property of the Debtors' estates, and authorizing the sale of Stablecoins [Docket No. 1822] and that Custody and certain Withhold assets are not property of the Debtors' estate [Docket No. 1767];

- securing Court approval of the sale of the GK8 Debtors' assets to maximize the value of those assets [Docket No. 1686], filing the GK8 Debtors for chapter 11 to consummate the approved sale transaction, obtaining critical first-day relief for such entities, and achieving recognition of the chapter 11 cases and approval of sale order by the court in Israel;

- preparing and filing schedules of assets and liabilities and statements of financial affairs for each of the GK8 Debtors;

- in furtherance of the Court's ruling regarding the Debtors' Custody and Withhold assets, initiating the distribution of certain Custody digital assets to customers [Docket No. 1767];

- obtaining entry of the general claims bar date order in these chapter 11 cases and commencing the claims reconciliation process [Docket No. 1368];

- addressing hundreds of diligence requests, facilitating dozens of interviews, and responding to other inquiries from the Examiner, resulting in the *Interim Report of Shoba Pillay, Examiner* [Docket No. 1411] and culminating in the release of the *Final Report of Shoba Pillay, Examiner* [Docket No. 1956] (the "Examiner's Report");

- developing, filing, and obtaining approval from the Court of a key employee retention plan (the "KERP") [Docket No. 1683];

- completing the briefing and argument regarding whether customers have claims at every Debtor entity, one of the principal unresolved legal issues [Docket Nos. 1795, 1796, 1797, 1798, 1799] which resulted in the Court's ruling on the matter [Docket No. 2265];

- advancing the internal investigation led by the Special Committee regarding prepetition conduct and facilitating the investigation being conducted by the Committee;

- answering inquiries from state and federal regulators as directed by the Special Committee and in concert with the Debtors' other advisors;

- preparing for and participating in fourteen hearings and status conferences regarding critical operational relief and threshold legal questions which resulted in, among other things, approval of the general claims bar date order [Docket No. 1368], approval of the sale of the Debtors' GK8 assets [Docket No. 1686], the determination that Custody and certain Withhold assets are not property of the Debtors' estates and approving distribution of such assets [Docket No. 1767], approval of the sale of Stablecoins [Docket No. 1822], and determining at which Debtor entities customers have contractual claims [Docket No. 2265];

- conducting two robust marketing processes for the GK8 assets and Celsius platform, resulting in several bids contemplating various transaction structures involving some or all of the Debtors' assets and engaging with potential bidders to discuss and develop the various bids;

- engaging with regulators regarding the terms of a possible standalone reorganization or sale transaction to determine whether such transaction structures could be implemented in a regulatorily compliant fashion; and

- conducting a robust marketing process for the Debtors' platform and mining assets, engaging with interested bidders and the Committee to encourage parties to submit their highest and best offers, and ultimately selecting a stalking horse bidder, NovaWulf

Digital Management, LP ("NovaWulf" or the "Plan Sponsor"), and negotiating the terms of a plan framework with NovaWulf and the Committee, and entering into that certain Plan Sponsor Agreement (the "PSA") and related motion seeking bid protections for the Plan Sponsor [Docket No. 2151] on the last day of the Fee Period.

8.      Given these accomplishments and the complexities of the Debtors' business and restructuring, K&E submits that the compensation and expense reimbursement sought herein for the necessary and beneficial professional services K&E provided to the Debtors during the Fee Period are reasonable and appropriate, commensurate with the scale, nature, and complexity of these chapter 11 cases, and should be approved.

### Case Status Summary

9.      In response to precarious business conditions—the onset of a "crypto winter," the well-publicized collapse of Luna, the failure of other crypto funds and exchanges, and a proverbial "run on the bank," the Debtors commenced these chapter 11 cases to utilize the breathing spell afforded by the automatic stay and develop and implement a value-maximizing transaction as promptly as possible.   While the initial months of these chapter 11 cases were focused on stabilizing operations, laying a groundwork for a successful emergence, and developing a dual-track process to explore a sale or standalone reorganization, during the Fee Period, the Debtors and their advisors focused on advancing the marketing process, developing a possible standalone reorganization, and ultimately building consensus around a plan sponsor transaction with NovaWulf, that the Debtors believe will result in a feasible and value-maximizing emergence from chapter 11.

10.      Specifically, during the Fee Period the Debtors, in consultation with Centerview Partners LLC ("Centerview"), their investment banker, advanced the marketing process and received six non-binding bids for the Debtors' retail platform (or portions of their assets), three non-binding bids for their mining business, and certain other bids for individual assets in December

2022.   After thoroughly analyzing each bid, the Debtors' marketing process came to a value-maximizing conclusion—the Debtors, in consultation with the Committee, reached a binding agreement with NovaWulf and designated it as the stalking horse bidder.  The Debtors then entered into the PSA which included a detailed, binding plan term sheet, and the Debtors sought to provide certain bid protections and expense reimbursement for NovaWulf through the *Debtors' Motion for Entry of an Order (I) Authorizing and Approving Certain Bid Protections for the Proposed Plan Sponsor and (II) Granting Related Relief* [Docket No. 2151].

11.      In addition, these chapter 11 cases present significant legal issues that are matters of first impression and must be resolved before these cases can reach a value-maximizing conclusion.   During the Fee Period, the Debtors made substantial progress advancing their positions on threshold legal questions related to the ownership of Earn, Custody, and Withhold digital assets and the determination of which Debtor entities were subject to customer claims. These efforts culminated in multiple days of hearings and key rulings from the Court regarding the ownership of Earn, Custody, and Withhold assets, as well as where customers have claims, which provided the Debtors greater certainty as they advanced chapter 11 plan negotiations and documentation.

12.      Further, during the Fee Period, the Debtors continued to comply with requests from the Examiner appointed in these chapter 11 cases.   Indeed, the Debtors cooperated with the Examiner's investigation and, in connection therewith, produced thousands of documents and made their employees available for dozens of formal and informal interviews with the Examiner and her advisors which ultimately resulted in the Examiner's Report.   Following the release of the Examiner's Report, the Debtors have continued to work with state and federal regulatory agencies as the Debtors work to establish a framework for future operations with NovaWulf.

13.     The Debtors' advisors also conducted and completed a robust sales process for the GK8 assets to be effectuated as a section 363 sale.  This sale was approved by the Court and recognized in Israel following a sale hearing.  The Debtors successfully filed voluntary petitions for the GK8 Debtors for relief under chapter 11 of the Bankruptcy Code, filed multiple first day motions, and successfully obtained first-day relief for the GK8 Debtors and subsequently successfully applied the first-day relief from the initial Debtors to the GK8 Debtors [Docket No. 2138] and even litigated a Motion for Reconsideration of the GK8 sale [Docket No. 1941].  The proceeds from this sale will be returned to creditors through the chapter 11 plan process.

**The Debtors' Retention of K&E**

14.     On September 16, 2022, the Court entered the *Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtors and Debtors in Possession Effective as of July 13, 2022* [Docket No. 845] (the "Retention Order"), attached hereto as **Exhibit B** and incorporated by reference.[3] The Retention Order authorizes the Debtors to compensate and reimburse K&E in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and the Amended Interim Compensation Order.  The Retention Order also authorizes the Debtors to compensate K&E at K&E's hourly rates charged for services of this type and to reimburse K&E for K&E's actual and necessary out-of-pocket expenses incurred, subject to application to this Court.  The particular terms of K&E's engagement are detailed in the engagement letter by and between K&E and the Debtors, effective as of July 1, 2022 and attached hereto as **Exhibit C** (the "Engagement Letter").

---

[3]     The Retention Order extends to the GK8 Debtors pursuant to *Order (I) Applying Certain Orders in initial Debtors' Chapter 11 Cases to, GK8 LTD., GK8 USA LLC, and GK8 UK Limited and (II) Granting Related Relief* [Docket No. 1655].

15.     The Retention Order authorizes K&E to provide the following services consistent with and in furtherance of the services enumerated above:

    a.    advising the Debtors with respect to their powers and duties as debtors-in-possession in the continued management and operation of their businesses and properties;

    b.    preparing pleadings, including motions, applications, answers, orders, reports, and papers necessary or otherwise beneficial to the administration of the Debtors' estates and consistent with the services identified in the Retention Order;

    c.    appearing before the Court and any appellate courts to represent the interests of the Debtors' estates before those courts in connection with the services in the Retention Order; and

    d.    performing all other legal services reasonably necessary or otherwise beneficial for the Debtors in connection with these chapter 11 cases.

### Disinterestedness of K&E

16.     To the best of the Debtors' knowledge and as disclosed in the *Declaration of Patrick J. Nash, Jr. in Support of the Debtors' Application for the Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtors and Debtors in Possession Effective as of the Petition Date* [Docket No. 360], the *First Supplemental Declaration of Patrick J. Nash, Jr. in Support of the Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtors and Debtors in Possession Effective as of July 13, 2022* [Docket No. 629], and the *Second Supplemental Declaration of Patrick J. Nash, Jr. in Support of the Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtors and Debtors in Possession Effective as of July 13, 2022* [Docket No. 1731] (collectively, the "K&E Declarations"), (a) K&E is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section

327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estates and (b) K&E has no connection to the Debtors, their creditors, or other parties in interest, except as may be disclosed in the K&E Declarations.

17.    K&E may have in the past represented, may currently represent, and likely in the future will represent parties in interest in connection with matters unrelated to the Debtors in these chapter 11 cases.  In the K&E Declarations, K&E disclosed its connections to parties in interest that it has been able to ascertain using its reasonable efforts.  K&E will update the K&E Declarations, as appropriate, if K&E becomes aware of relevant and material new information.

18.    K&E performed the services for which it is seeking compensation on behalf of the Debtors and their estates, and not on behalf of any committee, creditor, or other entity.

19.    Except to the extent of the advance payments paid to K&E that K&E previously disclosed to this Court in the K&E Declarations, K&E has received no payment and no promises for payment from any source other than the Debtors for services provided or to be provided in any capacity whatsoever in connection with these chapter 11 cases.

20.    Pursuant to Bankruptcy Rule 2016(b), K&E has not shared, nor has K&E agreed to share (a) any compensation it has received or may receive with another party or person other than with the partners, counsel, and associates of K&E or (b) any compensation another person or party has received or may receive.

### Summary of Compliance with the Amended Interim Compensation Order

21.    This Fee Application has been prepared in accordance with the Amended Interim Compensation Order.

22.    K&E seeks interim compensation for professional services rendered to the Debtors during the Fee Period in the amount of $22,035,629.50 and reimbursement of actual and necessary expenses incurred in connection with providing such services in the amount of $486,355.92.

During the Fee Period, K&E attorneys and paraprofessionals expended a total of 20,890.30 hours for which compensation is requested.

23.    In accordance with the Amended Interim Compensation Order, as of the date hereof, K&E has received payments totaling $9,848,386.15 ($9,490,213.60 of which was for services provided and $358,172.55 of which was for reimbursement of expenses) for the Fee Period.  Accordingly, by this Fee Application, and to the extent such amounts have not been paid by the time of the hearing on this Fee Application, K&E seeks payment of the remaining $12,673,599.27, which amount represents the entire amount of unpaid fees and expenses incurred between November 1, 2022, and February 28, 2023.[4]

### Fees and Expenses Incurred During Fee Period

A.    **Customary Billing Disclosures**.

24.    K&E's hourly rates are set at a level designed to compensate K&E fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses.  The hourly rates and corresponding rate structure utilized by K&E in these chapter 11 cases are equivalent to the hourly rates and corresponding rate structure used by K&E for other restructuring matters, as well as similar complex corporate, securities, and litigation matters whether in court or otherwise, regardless of whether a fee application is required.  The rates and rate structure reflect that such restructuring and other complex matters typically are national in scope and typically involve great complexity, high stakes, and severe time pressures.  For the convenience of the Court and all parties in interest, attached hereto as **Exhibit D** is K&E's budget and staffing plan for this Fee Period and attached hereto as **Exhibit E** is a summary of blended hourly rates for timekeepers who

---

[4]    This amount also reflects the 20% holdback for the Fee Period.

billed to non-bankruptcy matters and blended hourly rates for timekeepers who billed to the Debtors during the Fee Period.

**B.      Fees Incurred During Fee Period**.

25.      In the ordinary course of K&E's practice, K&E maintains computerized records of the time expended to render the professional services required by the Debtors and their estates. For the convenience of the Court and all parties in interest, attached hereto as **Exhibit F** is a summary of fees incurred and hours expended during the Fee Period, setting forth the following information:

- the name of each attorney and paraprofessional for whose work on these chapter 11 cases compensation is sought;

- each attorney's year of bar admission and area of practice concentration;

- the aggregate time expended and fees billed by each attorney and each paraprofessional during the Fee Period;

- the hourly billing rate for each attorney and each paraprofessional at K&E's current billing rates;

- the hourly billing rate for each attorney and each paraprofessional as disclosed in the first interim application;

- the number of rate increases since the inception of the case; and

- a calculation of total compensation requested using the rates disclosed in the *Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtors and Debtors in Possession Effective as of July 13, 2022* [Docket No. 360] (the "Retention Application").

**C.      Expenses Incurred During Fee Period**.

26.      In the ordinary course of K&E's practice, K&E maintains a record of expenses incurred in the rendition of the professional services required by the Debtors and their estates and for which reimbursement is sought.    K&E currently charges $0.16 per page for standard

duplication in its offices in the United States.  Notwithstanding the foregoing and consistent with the Local Bankruptcy Rules, K&E charged no more than $0.10 per page for standard duplication services in these chapter 11 cases.  K&E does not charge its clients for incoming facsimile transmissions.

27.    For the convenience of the Court and all parties in interest, attached hereto as **Exhibit G** is a summary for the Fee Period, setting forth the total amount of reimbursement sought with respect to each category of expenses for which K&E is seeking reimbursement.

### Summary of Legal Services Rendered During the Fee Period

28.    As discussed above, during the Fee Period, K&E provided extensive and important professional services to the Debtors in connection with these chapter 11 cases.  These services were often performed under severe time constraints and were necessary to address a multitude of critical issues both unique to these chapter 11 cases and typically faced by large corporate debtors in similar cases of this magnitude and complexity.

29.    To provide a meaningful summary of K&E's services provided on behalf of the Debtors and their estates, K&E has established, in accordance with its internal billing procedures, certain subject matters categories (each, a "Matter Category") in connection with these chapter 11 cases.  The following is a summary of the fees and hours billed for each Matter Category in the Fee Period:[5]

| Matter Number | Project Category Description | Hours | | Total Compensation | |
|---|---|---|---|---|---|
| | | **Budgeted** | **Billed** | **Budgeted** | **Billed** |
| 3 | Adversary Proceeding & Contested Matters | 2,525 - 3,283 | 1,805.00 | $3,606,150 - $4,445,000 | $1,923,557.50 |
| 4 | Automatic Stay Matters | 220 - 286 | 86.20 | $195,947 - $255,000 | $74,252.50 |
| 5 | Business Operations | 740 - 963 | 330.30 | $710,315 - $925,000 | $365,229.00 |
| 6 | Case Administration | 1,350 - 1,755 | 928.70 | $1,261,881 - $1,640,000 | $897,933.00 |

---

[5]    In certain instances, K&E may have billed the same amount of fees, but different amounts of hours to different Matter Categories.  This difference is the result of different staffing of each such matter category.

| Matter Number | Project Category Description | Hours | | Total Compensation | |
|---|---|---|---|---|---|
| | | Budgeted | Billed | Budgeted | Billed |
| 7 | Cash Management and DIP Financing | 20 - 26 | 24.50 | $21,223 - $30,000 | $32,592.00 |
| 8 | Customer and Vendor Communications | 335 - 436 | 313.70 | $296,926 - $390,000 | $289,262.00 |
| 9 | Claims Administration and Objections | 465 - 605 | 966.30 | $426,434 - $550,000 | $961,669.00 |
| 10 | Official Committee Matters and Meetings | 175 - 228 | 245.20 | $158,052 - $205,000 | $278,175.00 |
| 11 | Use, Sale, and Disposition of Property | 6,020 - 7,826 | 2,971.00 | $4,790,957 - $6,525,000 | $2,759,152.00 |
| 12 | Corp., Governance, & Securities Matters | 610 - 793 | 585.80 | $545,533 - $710,000 | $814,141.50 |
| 13 | Employee Matters | 910 - 1,184 | 554.20 | $740,988 - $1,025,000 | $630,912.00 |
| 14 | Executory Contracts and Unexpired Leases | 145 - 189 | 101.70 | $145,948 - $190,000 | $93,527.50 |
| 15 | SOFAs and Schedules | 75 - 98 | 39.70 | $73,849 - $100,000 | $43,075.00 |
| 16 | Hearings | 255 - 332 | 736.10 | $263,879 - $340,000 | $629,673.50 |
| 17 | Insurance and Surety Matters | 20 - 26 | 138.40 | $16,348 - $20,000 | $150,345.50 |
| 18 | Disclosure Statement, Plan, Confirmation | 915 - 1,190 | 2,488.50 | $1,900,198 - $2,170,000 | $3,168,428.50 |
| 19 | International Issues | 40 - 52 | 19.60 | $38,448 - $50,000 | $24,709.00 |
| 20 | K&E Retention Matters | 1,275 - 1,658 | 738.10 | $467,390 - $815,000 | $675,230.50 |
| 21 | Non-K&E Retention Matters | 460 - 599 | 455.20 | $449,244 - $585,000 | $445,816.50 |
| 22 | Tax Matters | 195 - 254 | 188.20 | $191,800 - $250,000 | $266,828.50 |
| 23 | Non-Working Travel | 80 - 104 | 75.00 | $80,183 - $100,000 | $100,272.00 |
| 24 | U.S. Trustee Communications & Reporting | 105 - 137 | 87.30 | $108,290 - $140,000 | $88,566.50 |
| 25 | Expenses | 355 - 462 | - | $363,466 - $470,000 | $486,355.92 |
| 26 | Special Committee Matters | 2,360 - 3,068 | 1,564.10 | $2,421,976 - $3,150,000 | $1,678,047.50 |
| 27 | Stone Litigation | 0 | 2.50 | $0 | $4,612.50 |
| 28 | Prime Trust Litigation | 0 | 4.70 | $0 | $6,121.50 |
| 29 | Equities First Holdings Litigation | 0 | 2.90 | $0 | $1,232.50 |
| 30 | Stake Hound Litigation | 0 | 18.60 | $0 | $23,624.00 |
| 38 | Blockchain Access UK Litigation | 0 | 0.50 | $0 | $737.50 |
| 41 | Tether Limited Litigation | 0 | 6.40 | $0 | $9,132.00 |
| 42 | Core Scientific Litigation | 1,175 - 1,528 | 732.80 | $883,607 - $1,390,000 | $645,096.50 |
| 43 | Examiner Matters | 1,045 - 1,359 | 1,732.30 | 1,522,178 - $1,980,000 | $1,871,773.00 |
| 44 | GK8 | 1,270 - 1,651 | 1,583.70 | $874,447 - $1,435,000 | $1,532,140.00 |

| Matter Number | Project Category Description | Hours | | Total Compensation | |
|---|---|---|---|---|---|
| | | Budgeted | Billed | Budgeted | Billed |
| 45 | Frishberg Litigation | 50 - 66 | 94.60 | $59,515 - $80,000 | $98,683.50 |
| 46 | Core Scientific, Chapter 11 Filing | 0 | 304.90 | $0 | $354,797.50 |
| 47 | Tiffany Fong Litigation | 0 | 77.00 | $0 | $72,476.50 |
| 48 | K&E Fee Matters | 0 | 224.80 | $0 | $230,122.00 |
| 49 | Non-K&E Fee Matters | 0 | 32.30 | $0 | $32,418.00 |
| 50 | Government and Regulatory Investigations | 0 | 480.70 | $0 | $625,647.00 |
| 51 | Appeals | 0 | 148.80 | $0 | $135,619.50 |
| TOTAL | | 10,730 - 30,148 | 20,890.30 | $22,615,172 - $29,965,000 | $22,035,629.50 |

30.    The following is a summary, by Matter Category, of the most significant professional services provided by K&E during the Fee Period. This summary is organized in accordance with K&E's internal system of matter numbers. The detailed descriptions demonstrate that K&E was heavily involved in performing services for the Debtors on a daily basis, often including night and weekend work, to meet the needs of the Debtors' estates in these chapter 11 cases. A schedule setting forth a description of the Matter Categories utilized in this case, the number of hours expended by K&E partners, associates, and paraprofessionals by matter, and the aggregate fees associated with each matter is attached hereto as **Exhibit H**.

31.    In addition, K&E's computerized records of time expended providing professional services to the Debtors and their estates are attached hereto as **Exhibit I**, and K&E's records of expenses incurred during the Fee Period in the rendition of professional services to the Debtors and their estates are attached as **Exhibit J**.

(a)    **Adversary Proceeding & Contested Matters [Matter No. 3]**

Total Fees:    $1,923,557.50
Total Hours:    1,805.00

32.    This Matter Category includes time spent by K&E attorneys and paraprofessionals providing services relating to litigation, adversary proceedings, or other adversarial matters. Specifically, K&E attorneys and paraprofessionals spent time:

(i)    researching, analyzing, and preparing litigation strategies for ongoing and potential adversary proceedings and contested matters including, but not limited to, ownership of Earn, Custody, and Withhold assets, and determination of which Debtor entities are subject to contractual customer claims;

(ii)    conducting discovery and preparing extensive briefing regarding the foregoing adversary proceedings and contested matters;

(iii)    negotiating, drafting, and reviewing settlement agreements; and

(iv)    coordinating and communicating with the Debtors, the Debtors' advisors, and relevant stakeholders regarding the foregoing activities.

**(b)    Automatic Stay Matters [Matter No. 4]**

Total Fees:    $74,252.50
Total Hours:    86.20

33.    This Matter Category includes time spent by K&E attorneys and paraprofessionals providing services relating to the imposition of the automatic stay.  Specifically, K&E attorneys and paraprofessionals spent time:

(i)    responding to formal motions and informal inquiries from certain parties in interest for relief from the automatic stay;

(ii)    drafting, revising, and researching pleadings and responding to requests for relief from the automatic stay; and

(iii)    coordinating and communicating with the Debtors, the Debtors' advisors, and relevant stakeholders regarding the foregoing activities.

**(c)    Business Operations [Matter No. 5]**

Total Fees:    $365,229.00
Total Hours:    330.30

34.     It is important that the Debtors and their advisors create and implement an all-encompassing and cohesive strategy for maintaining business operations with minimal disruptions during the course of the Debtors' chapter 11 cases.   K&E attorneys and paraprofessionals spent time developing a strategy with the Debtors to ensure that their business operations continue without interruption.  Specifically, K&E attorneys and paraprofessionals spent time strategizing with management and the Debtors' other advisors regarding communications related to business updates to various stakeholders, processes to stabilize the business, maintaining the security of digital assets, optimizing the mining business segment, and ensuring uninterrupted operations while in chapter 11.

### (d)     Case Administration [Matter No. 6]

Total Fees:     $897,933.00
Total Hours:   928.70

35.     This Matter Category includes time spent on a variety of tasks that were necessary to ensure the efficient and smooth administration of legal services related to the Debtors' chapter 11 cases.  Specifically, K&E attorneys and paraprofessionals spent time:

(i)     coordinating, managing, and administering these chapter 11 cases on a daily basis, including monitoring critical dates and maintaining a case calendar, task lists, and work-in-progress reports;

(ii)    attending case status conferences with the Debtors' management team and the other retained professionals in these chapter 11 cases;

(iii)   managing procedures for case administration and docket monitoring;

(iv)    ensuring compliance with the service and notice requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules, including coordinating service of pleadings and other bankruptcy related notices with Stretto Inc. ("Stretto"),[6] the claims and noticing agent retained in these chapter 11 cases;

---

[6]    To the extent possible, K&E paraprofessionals attended to these matters.  In addition, K&E paraprofessionals monitored the dockets for these chapter 11 cases to track the filing of pleadings and to remain apprised of critical

> (v)     facilitating compliance with all of the other applicable requirements of the Bankruptcy Code, Bankruptcy Rules, Local Bankruptcy Rules, and orders or procedures issued by the Bankruptcy Court; and
>
> (vi)     conducting regular conferences internally with restructuring, corporate, and litigation teams, and with the Debtors and their other advisors regarding the overall case status and high-level strategy.

36.     Time billed to this Matter Category also includes work and meetings related to multiple matters such that the time cannot be easily allocated to one of the other matters.

**(e)     <u>Cash Management and DIP Financing [Matter No. 7]</u>**

Total Fees:     $32,592.00
Total Hours:   24.50

37.     This Matter Category includes time spent by K&E attorneys and paraprofessionals during the Fee Period analyzing banking activities at authorized depositories as well as maintaining compliance with the final cash management order [Docket No. 1152]. Specifically, K&E attorneys and paraprofessionals spent time:

> (i)     managing the Debtors' various bank account openings and closings; and
>
> (ii)     providing the U.S. Trustee and Committee with all required reporting under the applicable cash management orders.

**(f)     <u>Customer and Vendor Communications [Matter No. 8]</u>**

Total Fees:     $289,262.00
Total Hours:   313.70

38.     This Matter Category includes time spent by K&E attorneys and paraprofessionals advising the Debtors on creditor communications and vendor issues, including with respect to

---

dates, including those related to such pleadings. For each pleading filed, K&E paraprofessionals ensured that the appropriate attorneys and personnel of the Debtors and their other advisors remained apprised of the filed documents and relevant objection and response deadlines, hearing dates, and other critical dates.

postpetition business activities and the Custody withdrawal process. Specifically, K&E attorneys and paraprofessionals spent time:

    (i)    reviewing and responding to numerous creditor inquiries related to account status and eligibility for Custody withdrawals;

    (ii)    coordinating with the Committee and U.S. Trustee concerning critical vendor reporting and approvals;

    (iii)    negotiating and executing critical vendor agreements;

    (iv)    researching and analyzing issues related to various attempted phishing scams and related security concerns for creditors; and

    (v)    corresponding with various vendors and customers with respect to their inquiries.

### (g)    Claims Administration and Objections [Matter No. 9]

Total Fees:    $961,669.00
Total Hours:  966.30

39.    This Matter Category includes time K&E attorneys and paraprofessionals spent on matters related to claims administration and claims-related issues. Specifically, K&E attorneys and paraprofessionals spent time:

    (i)    responding to the *Series B Preferred Holders' Motion Pursuant to Bankruptcy Rule 1009 for Entry of an Order Directing the Debtors to Amend their Schedules* [Docket No. 1183] and analyzed where customers have claims against Debtor entities;

    (ii)    responding to various inquiries from customers and other parties about filing claims, the Bar Date Motion and related order, and claims resolution;

    (iii)    coordinating with Stretto and other parties regarding claims reconciliation;

    (iv)    coordinating with Alvarez & Marsal North America LLC ("A&M"), the Debtors' financial advisor, and Stretto regarding the claims resolution process;

    (v)    drafting, filing, and obtaining Court approval of the *Debtors' Motion for an Order (I) Approving (A) Omnibus Claims Objection Procedures and Form of Notice, (B) Omnibus Substantive Claims*

*Objections, and (C) Satisfaction Procedures and Form of Notice and (II) Modifying Bankruptcy Rule 3007(e)(6)* [Docket No. 1972]; and

(vi)    drafting, filing, and obtaining the requested relief in the *Debtors' First Omnibus Objection to Certain (A) Amended Claims, (B) Duplicate Claims, (C) Non-Debtor Claims, (D) Unsupported Claims, and (E) Inaccurately Supported Claims* [Docket No. 2103].

(h)    **Official Committee Matters and Meetings [Matter No. 10]**

Total Fees:    $278,175.00
Total Hours:   245.20

40.    This Matter Category includes time spent by K&E attorneys providing services relating to statutory committees.  Specifically, K&E attorneys and paraprofessionals spent time:

(i)    meeting and corresponding with the Committee's advisors to provide updates as to developments in the cases;

(ii)   coordinating with the Debtors to provide the Committee access to the Debtors' employees for formal and informal interviews;

(iii)  attending weekly case status conferences with the Committee;

(iv)   responding to formal and informal objections to various operational motions from the Committee.

(i)    **Use, Sale, and Disposition of Property [Matter No. 11]**

Total Fees:    $2,759,152.00
Total Hours:   2,971.00

41.    This Matter Category includes time spent by K&E attorneys and paraprofessionals providing services relating to the Debtors' property interests.  Specifically, K&E attorneys and paraprofessionals spent time:

(i)    drafting and filing various pleadings regarding ownership of Earn, Custody, and Withhold assets, including responses to multiple motions and objections from Custody and Withhold Ad Hoc Groups;

(ii)   drafting and filing motions and objections related to the sale of Stablecoins and the transfer of institutional lending collateral;

(iii)    preparing for and attending hearings regarding the foregoing matters; and

(iv)    analyzing strategies and approaches with the Debtors and their other advisors regarding the withdrawal of Custody and Withhold assets and executing the withdrawal process.

**(j)    <u>Corp., Governance, & Securities Matters [Matter No. 12]</u>**

Total Fees:    $814,141.50
Total Hours:    585.80

42.    This Matter Category includes time spent by K&E attorneys and paraprofessionals advising the Debtors and the Board of Directors (the "<u>Board</u>") regarding corporate matters. Specifically, K&E attorneys and paraprofessionals spent time:

(i)    analyzing, discussing, and addressing various corporate governance and structuring issues;

(ii)    complying with corporate governance requirements, including drafting minutes, Board resolutions, certificates, and amendments to corporate documents, as necessary;

(iii)    drafting board and shareholder resolutions; and

(iv)    complying with securities regulations, including research and preparation of materials pertaining to securities-related disclosures and regulatory requirements.

**(k)    <u>Employee Matters [Matter No. 13]</u>**

Total Fees:    $630,912.00
Total Hours:    554.20

43.    The Debtors and K&E believe that a successful reorganization depends on retaining the workforce, thereby ensuring continuity of the Debtors' business. As a result, this Matter Category includes time spent by K&E attorneys and paraprofessionals addressing employee issues. Specifically, K&E attorneys spent time:

(i)    preparing and drafting pleadings related to the KERP, review and respond to objection related thereto;

(ii)    corresponding with U.S. Trustee and various professional regarding KERP issues;

(iii)    reviewing and researching issues related to employee transaction histories, coin wallets, and related issues; and

(iv)    reviewing and analyzing data related to various employee retention and workforce related issues and regulations.

**(l)**    **Executory Contracts and Unexpired Leases [Matter No. 14]**

Total Fees:    $93,527.50
Total Hours:   101.70

44.    This Matter Category includes time spent by K&E attorneys examining issues related to the Debtors' executory contracts and unexpired leases. K&E attorneys spent time researching, analyzing, renegotiating, or rejecting the Debtors' obligations under their various executory contracts. Specifically, K&E attorneys and paraprofessionals spent time:

(i)    researching, analyzing, and renegotiating the Debtors' obligations under their various executory contracts and unexpired leases;

(ii)    coordinating with the Debtor and the Debtors' other advisors to identify and analyze contracts and leases for potential assumption or rejection;

(iii)    drafting and revising pleadings in connection with potential adversary proceedings involving contract counterparties; and

(iv)    coordinating and communicating with the Debtors, the Debtors' advisors, and relevant stakeholders regarding the foregoing activities.

**(m)**    **SOFAs and Schedules [Matter No. 15]**

Total Fees:    $43,075.00
Total Hours:   39.70

45.    This Matter Category includes time spent by K&E attorneys and paraprofessionals providing services related to advising the Debtors, Stretto, and other advisors in connection with the preparation, review, revision, and filing of the Debtors' schedules of assets and liabilities and

statements of financial affairs (the "Schedules and Statements").  Specifically, K&E attorneys and

paraprofessionals spent time:

> (i)     reviewing and analyzing motions to amend the Schedules and Statements and drafting responses related thereto;
>
> (ii)    negotiating resolutions of pleadings related to the foregoing;
>
> (iii)   drafting and filing notices related to cryptocurrency conversion rates;
>
> (iv)    advising the Debtors regarding amendments to the Schedules and Statements, attending regular conferences with the Debtors and their advisors regarding the same; and
>
> (v)     conferring and corresponding with the Debtors and K&E professionals regarding amendments to the Schedules and Statements.

**(n)    Hearings [Matter No. 16]**

Total Fees:     $ $629,673.50
Total Hours:   736.10

46.    This Matter Category includes time spent by K&E attorneys and paraprofessionals

providing services related to preparing for and attending several hearings during the Fee Period

(each a "Hearing" and, collectively, the "Hearings"), including preparing agendas, orders, and

binders related to Hearings, settling orders before and after Hearings, and corresponding with

various parties in preparation for, and after the Hearings.  These services also included conferences

to discuss multiple matters scheduled for a specific Hearing and coordinating Hearing logistics.

During the Fee Period, K&E attorneys and paraprofessionals spent considerable time preparing

for and attending Hearings including:

> (i)     the hearing on November 1, 2022;
>
> (ii)    the hearing on November 15, 2022;
>
> (iii)   the status conference on November 22, 2022;
>
> (iv)    the in-person hearings on December 5, 7, and 8, 2022;

(v)      the hearing on December 20, 2022;

(vi)     the hearing on January 3, 2022;

(vii)    the hearing on January 24, 2022;

(viii)   the in-person hearing on February 6, 2022; and

(ix)     the hearing on February 15, 2022.

**(o)      Insurance and Surety Matters [Matter No. 17]**

Total Fees:     $150,345.50
Total Hours:    138.40

47.      This Matter Category includes time spent by K&E attorneys and paraprofessionals providing services related to ensuring that the Debtors' insurance policies continue to be maintained during these chapter 11 cases.  Specifically, K&E attorneys and paraprofessionals spent time:

(i)      reviewing and analyzing insurance contracts and disputes, including research related to D&O insurance coverage;

(ii)     ensuring the Debtors maintained sufficient insurance coverage as required by the chapter 11 operating guidelines; and

(iii)    coordinating and communicating with the Debtors, the Debtors' advisors, insurance brokers, and relevant stakeholders regarding the foregoing activities.

**(p)      Disclosure Statement, Plan, Confirmation [Matter No. 18]**

Total Fees:     $3,168,428.50
Total Hours:    2,488.50

48.      This Matter Category includes time spent by K&E attorneys and paraprofessionals providing services related to developing a plan of reorganization and disclosure statement in connection with these chapter 11 cases.  Specifically, K&E attorneys and paraprofessionals spent time:

(i)      researching, drafting and filing the *Debtors' Motion for Entry of an Order (I) Extending the Debtors' Exclusive Periods to File a*

24

*Chapter 11 Plan and Solicit Acceptance Thereof Pursuant to Section 1121 of the Bankruptcy Code and (II) Granting Related Relief* [Docket No. 1317] and *Debtors' Second Motion for Entry of an Order (I) Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptance Thereof Pursuant to Section 1121 of the Bankruptcy Code and (II) Granting Related Relief* [Docket No. 1940] and negotiating with objecting parties related thereto;

(ii)     obtaining the *Order (I) Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code and (II) Granting Related Relief* [Docket No. 1645], the *Bridge Order Pending a Hearing on the Debtors' Second Motion for Entry of an Order (I) Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptance Thereof Pursuant to Section 1121 of the Bankruptcy Code and (II) Granting Related Relief* [Docket No. 2088], and the *Order (I) Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code and (II) Granting Related Relief* [Docket No. 2203];

(iii)    corresponding and coordinating valuation with various advisors and experts;

(iv)    coordinating and participate in various discussions with advisors, the Committee, and regulatory agencies related to plan constructs and potential regulatory issues;

(v)    corresponding with parties in interest regarding the terms of a potential restructuring transaction;

(vi)    corresponding with advisors, researching, and drafting related to the disclosure statement and disclosure statement motion;

(vii)    researching, reviewing, and evaluating precedent and case law regarding potential chapter 11 plan terms;

(viii)    negotiating with the Committee and NovaWulf on the plan framework, PSA, plan term sheet, and draft chapter 11 plan; and

(ix)    drafting and revising the PSA, plan term sheet, and draft chapter 11 plan.

(q)    **International Issues [Matter No. 19]**

Total Fees:    $24,709.00
Total Hours:   19.60

49.    This Matter Category includes time spent by K&E attorneys and paraprofessionals

on a variety of tasks that were necessary to ensure compliance with non-U.S. law.  Specifically,

K&E attorneys and paraprofessionals spent time:

(i)    researching and corresponding with foreign counsel regarding chapter 11 issues under non-U.S. law, including analyzing, discussing, and addressing the treatment of loans at U.K., Israeli entities and various foreign corporate governance and structuring issues; and

(ii)   analyzing transaction structuring issues under non-U.S. law concerning the sale of GK8 and the chapter 11 filing of GK8.

(r)    **K&E Retention and Fee Matters [Matter No. 20]**

Total Fees:    $274,045.00
Total Hours:   310.40

50.    This Matter Category includes time spent by K&E attorneys and paraprofessionals

providing services related to the retention and fees of K&E as the Debtors' counsel.[7]  Specifically,

K&E attorneys and paraprofessionals spent time:

(i)    implementing internally established procedures which require the continuous analysis of potential new conflicts;

(ii)   preparing updated professional disclosures for filing with the Court;

(iii)  analyzing objections to K&E's fees;

(iv)   preparing and distributing K&E's monthly fee statements in accordance with the Amended Interim Compensation Order; and

(v)    reviewing all time entries to ensure compliance with the Amended Interim Compensation Order and applicable provisions of the

---

[7]    At the request of the Fee Examiner, K&E opened matter number 48 for K&E's fee-related matters.  Accordingly, these fee-related activities are included in Matter Number 48 beginning in January 2023.

Bankruptcy Code, and to make necessary redactions to preserve the confidentiality of the work performed for the Debtors.

**(s)**    **Non-K&E Retention and Fee Matters [Matter No. 21]**

Total Fees:    $401,185.50
Total Hours:    427.70

51.    This Matter Category includes time spent by K&E attorneys and paraprofessionals providing services related to ensuring the retention and fees of the Debtors' other professionals in these chapter 11 cases.[8]  Specifically, K&E attorneys and paraprofessionals spent time:

(i)    engaging with the U.S. Trustee and the Debtors' other advisors regarding both informal comments and objections provided by the U.S. Trustee, with respect to the Debtors' advisors retention applications and related retention orders;

(ii)    commenting on other advisors' engagement letters and retention applications;

(iii)    preparing a variety of reports and declarations of disinterestedness related to various ordinary course professionals;

(iv)    assisting the Debtors' other advisors regarding their respective fee statements and redacted and unredacted retention applications; and

(v)    coordinating with the Debtors and their other advisors with respect to ordinary course professional compensation and complying with the related disclosure requirements of applicable provisions of the Bankruptcy Code.

**(t)**    **Tax Matters [Matter No. 22]**

Total Fees:    $266,828.50
Total Hours:    188.20

52.    This Matter Category includes time spent by K&E attorneys and paraprofessionals conducting legal research, preparing correspondence and pleadings, and generally advising the Debtors on tax issues relating to or arising during the chapter 11 cases.  During the Fee Period,

---

[8]    At the request of the Fee Examiner, K&E opened matter number 49 for K&E's non-K&E related fee-matters. Accordingly, these Non-K&E fee-related activities are covered in matter number 49 beginning in January 2023.

K&E attorneys were responsible for researching and analyzing certain tax issues arising in connection with the Debtors' business operations, including the following:

(i)     researching and analyzing taxation-related issues related to the Debtors' restructuring and related tax returns;

(ii)    researching and corresponding with foreign counsel regarding UK tax issues;

(iii)   corresponding with the Internal Revenue Service and other taxing authorities regarding Debtors' tax obligations;

(iv)    corresponding with the Examiner and the Committee related to various tax diligence requests and analysis of the same; and

(v)     coordinating and communicating with the Debtors, the Debtors' advisors, and relevant stakeholders regarding the foregoing activities.

**(u)    Non-Working Travel [Matter No. 23]**

Total Fees:    $100,272.00
Total Hours:   75.00

53.    This Matter Category includes time spent by K&E attorneys and paraprofessionals providing services relating to traveling in connection with their representation of the Debtors.  The amounts presented for review and the request for payment in the Fee Application reflect a reduction of one half the charges for travel time.

**(v)    U.S. Trustee Communications & Reporting [Matter No. 24]**

Total Fees:    $88,566.50
Total Hours:   87.30

54.    This Matter Category includes time spent by K&E attorneys and paraprofessionals corresponding with the U.S. Trustee with respect to the following issues:

(i)     researching and advising on various customer threats and security issues with the U.S. Trustee;

(ii)    corresponding and conferencing with the U.S. Trustee concerning coin reports and budget reports;

| | | |
|---|---|---|
| | (iii) | preparing reports in compliance with the U.S. Trustee's chapter 11 operating guidelines; |
| | (iv) | corresponding, preparing for, and conducting the GK8 section 341 meeting of creditors; and |
| | (v) | negotiating orders and responding to questions and comments from the U.S. Trustee on various motions filed during the Fee Period. |

**(w)    Special Committee Matters [Matter No. 26]**

Total Fees:    $1,678,047.50
Total Hours:   1,564.10

55.    This Matter Category includes time spent by K&E attorneys and paraprofessionals providing services relating to the Special Committee.  Specifically, K&E attorneys spent time:

| | | |
|---|---|---|
| | (i) | meeting and corresponding with the Special Committee to provide updates as to developments in the cases; |
| | (ii) | providing relevant information and access to the Debtors and their records as requested, and responding to Special Committee inquiries; |
| | (iii) | preparing materials for and attending board meetings in connection with the chapter 11 process; |
| | (iv) | analyzing, discussing, and addressing various corporate governance and structuring issues; |
| | (v) | interviewing witnesses and reviewing diligence concerning the Special Committee investigation; and |
| | (vi) | coordinating and communicating with the Special Committee regarding its investigation. |

**(x)    Stone Litigation [Matter No. 27]**

Total Fees:    $4,612.50
Total Hours:   2.50

56.    This Matter Category includes time spent by K&E attorneys and paraprofessionals providing services relating to the adversary proceeding *Celsius Network Limited et al. v. Stone et al.* [Case No. 22-01139].  Specifically, K&E attorneys and paraprofessionals spent time:

(i)      assisting Akin Gump Strauss Hauer & Feld LLP ("Akin"), the
Debtors' Special Litigation Counsel, with litigation preparation and
discovery matters; and

(ii)     coordinating and communicating with the Debtors, the Debtors'
advisors, and relevant stakeholders regarding the foregoing
activities.

(y)    **Prime Trust Litigation [Matter No. 28]**

Total Fees:    $6,121.50
Total Hours:   4.70

57.    This Matter Category includes time spent by K&E attorneys and paraprofessionals

providing services relating the adversary proceeding *Celsius Network Limited et al. v. Prime*

*Trust, LLC* [Case No. 22-01140]. Specifically, K&E attorneys and paraprofessionals spent time:

(i)      assisting Akin, as the Debtors' Special Litigation Counsel, with
reviewing and revising the Prime Trust 9019 motion and proposed
order; and

(ii)     coordinating and communicating with the Debtors, the Debtors'
advisors, and relevant stakeholders regarding the foregoing
activities.

(z)    **Equities First Holdings Litigation [Matter No. 29]**

Total Fees:    $1,232.50
Total Hours:   2.90

58.    This Matter Category includes time spent by K&E attorneys and paraprofessionals

providing services relating potential litigation between the Debtors and Equities First Holdings.

Specifically, K&E attorneys and paraprofessionals spent time researching, analyzing, and

preparing litigation strategies regarding the foregoing potential litigation.

(aa)   **Stake Hound Litigation [Matter No. 30]**

Total Fees:    $23,624.00
Total Hours:   18.60

59.    This Matter Category includes time spent by K&E attorneys providing services

relating to potential litigation between the Debtors and Stake Hound S.A. Specifically, K&E

attorneys spent time researching, analyzing, and preparing litigation strategies regarding the foregoing potential litigation.

### (bb) Blockchain Access UK Litigation [Matter No. 38]

Total Fees:     $737.50
Total Hours:   0.50

60.     This Matter Category includes time spent by K&E attorneys providing services relating to litigation between the Debtors and Blockchain Access UK Ltd in the United Kingdom. Specifically, K&E attorneys reviewed barrister expenses regarding the foregoing litigation.

### (cc) Tether Limited Litigation [Matter No. 41]

Total Fees:     $9,132.00
Total Hours:   6.40

61.     This Matter Category includes time spent by K&E attorneys and paraprofessionals providing services relating potential litigation between the Debtors and Tether Limited. Specifically, K&E attorneys and paraprofessionals spent time:

(i)     researching, analyzing, and preparing litigation strategies regarding the foregoing potential litigation; and

(ii)    coordinating and communicating with the Debtors, the Debtors' advisors, and relevant stakeholders regarding the foregoing potential litigation.

### (dd) Core Scientific Litigation [Matter No. 42]

Total Fees:     $645,096.50
Total Hours:   732.80

62.     This Matter Category includes time spent by K&E attorneys and paraprofessionals providing services relating to litigation between the Debtors and Core Scientific, Inc. Specifically, K&E attorneys and paraprofessionals spent time:

(i)     researching, analyzing, and preparing litigation strategies regarding the foregoing adversary proceeding;

31

(ii)   conducting discovery, depositions, and preparing extensive briefing and settlement negotiations regarding the foregoing adversary proceeding;

(iii)   reviewing and analyzing discovery matters for privilege and confidentiality regarding the foregoing litigation; and

(iv)   coordinating and communicating with the Debtors, the Debtors' advisors, and relevant stakeholders regarding the foregoing activities.

**(ee)   Examiner Matters [Matter No. 43]**

Total Fees:     $1,871,773.00
Total Hours:   1,732.30

63.    This Matter Category includes time spent by K&E attorneys and paraprofessionals providing services relating to the Examiner.  Specifically, K&E attorneys spent time:

(i)   meeting and corresponding with the Examiner and her professionals;

(ii)   providing relevant information and access to the Debtors and their records as requested, and responding to Examiner inquiries;

(iii)   preparing Debtors' employees for interviews with the Examiner and coordinating the Debtors' counsel regarding these interviews;

(iv)   analyzing, discussing, and addressing various issues relating to Examiner requests; and

(v)   reviewing and analyzing the Examiner's Report to communicate with the Debtors' management, the Special Committee, and various advisors related to issues therein.

**(ff)   GK8 [Matter No. 44]**

Total Fees:     $1,532,140.00
Total Hours:   1,583.70

64.    This Matter Category includes time spent by K&E attorneys and paraprofessionals providing services relating to the GK8 Debtors.  Specifically, K&E attorneys spent time:

(i)   drafting and filing various first day pleadings and preparing for and attending the first day hearing;

    (ii)    negotiating and revising the GK8 asset purchase agreement and prepare various pleadings related to authorization to complete the sale of GK8 assets;

    (iii)    negotiating and revising various non-disclosure agreements related to the GK8 sale;

    (iv)    research and respond to motion to reconsider the sale of GK8 assets;

    (v)    research, draft, and file various operations pleadings related to the GK8 Debtors and respond to objections related thereto; and

    (vi)    managing various corporate governance tasks and documents related to the GK8 Debtors and the sale of GK8 assets.

**(gg)**     **Frishberg Litigation [Matter No. 45]**

Total Fees:     $98,683.50
Total Hours:   94.60

65.     This Matter Category includes time spent by K&E attorneys and paraprofessionals providing services relating to the adversary proceeding brought by pro se creditor, Daniel Frishberg and other litigation involving Mr. Frishberg. Specifically, K&E attorneys spent time:

    (i)    corresponding with Mr. Frishberg related to various litigation issues;

    (ii)    reviewing, analyzing, and responding to pleadings filed by Mr. Frishberg; and

    (iii)    reviewing and analyzing discovery correspondence regarding the foregoing litigation.

**(hh)**     **Core Scientific, Chapter 11 Filing [Matter No. 46]**

Total Fees:     $354,797.50
Total Hours:  304.90

66.     This Matter Category includes time spent by K&E attorneys and paraprofessionals providing services relating to the Core Scientific chapter 11 bankruptcy filing. Specifically, K&E attorneys spent time:

    (i)    reviewing, analyzing, researching and drafting responses to various rejection pleading filed in the Core Scientific chapter 11 cases related to the Debtors;

    (ii)       preparing for and participating in hearings related to the foregoing; and

    (iii)      reviewing and analyzing discovery correspondence regarding the foregoing litigation.

### (ii)    Tiffany Fong Litigation [Matter No. 47]

Total Fees:    $72,476.50
Total Hours:   77.00

67.    This Matter Category includes time spent by K&E attorneys and paraprofessionals providing services relating to potential litigation against Ms. Tiffany Fong following her leak of certain confidential information.  Specifically, K&E attorneys spent time:

    (i)        researching, analyzing, and preparing litigation strategies regarding the foregoing adversary proceeding; and

    (ii)       researching and drafting pleadings related to the foregoing.

### (jj)    K&E Fee Matters [Matter No. 48]

Total Fees:    $230,122.00
Total Hours:   224.80

68.    This Matter Category includes time spent by K&E attorneys and paraprofessionals providing services related to K&E fee matters as the Debtors' counsel.[9]  Specifically, K&E attorneys and paraprofessionals spent time:

    (i)        analyzing objections to K&E's fees;

    (ii)       preparing and distributing K&E's monthly fee statements in accordance with the Amended Interim Compensation Order; and

    (iii)      reviewing all time entries to ensure compliance with the Amended Interim Compensation Order and applicable provisions of the Bankruptcy Code, and to make necessary redactions to preserve the confidentiality of the work performed for the Debtors.

---

[9]    This Matter Category was opened at the request of the Fee Examiner.  Time related to K&E's fees from January 2023 and on will be included in this Matter Category.

**(kk)** **Non-K&E Fee Matters [Matter No. 49]**

Total Fees:     $32,418.00
Total Hours:    32.30

69.     This Matter Category includes time spent by K&E attorneys and paraprofessionals providing services related to non-K&E fee matters.[10]   Specifically, K&E attorneys and paraprofessionals spent time assisting the Debtors' other advisors regarding their respective fee statements and applications.

**(ll)** **Government and Regulatory Investigations [Matter No. 50]**

Total Fees:     $625,647.00
Total Hours:    480.70

70.     This Matter Category includes time spent by K&E attorneys and paraprofessionals providing services related to governmental and regulatory investigations.   Specifically, K&E attorneys and paraprofessionals spent time:

(i)     coordinating with the Debtors and their other advisors with respect to regulatory inquiries and diligence while ensuring minimal duplication of services;

(ii)    corresponding with and presenting to various state and federal regulators related to investigations and diligence requests related thereto; and

(iii)   reviewing diligence material for privilege and confidentiality ahead of production to state and federal regulators.

**(mm)** **Appeals [Matter No. 51]**

Total Fees:     $625,647.00
Total Hours:    480.70

71.     This Matter Category includes time spent by K&E attorneys and paraprofessionals providing services related to appeals filed by various *pro se* creditors related to the *Memorandum*

---

[10]   This Matter Category was opened at the request of the Fee Examiner.  Time related to non-K&E related fee matters from January 2023 and on will be included in this Matter Category.

*Opinion and Order Regarding Ownership of Earn Account Assets* [Docket No. 1822] (the "<u>Earn
Opinion</u>"). Specifically, K&E attorneys and paraprofessionals spent time:

> (i)  reviewing and analyzing multiple pleadings related to the appeals to the Earn Opinion;
>
> (ii)  researching, analyzing, and preparing litigation strategies related to the appeals of the foregoing appeals with the Debtors and other advisors; and
>
> (iii)  researching and drafting various responsive pleadings related to the foregoing appeals.

### Actual and Necessary Expenses Incurred by K&E

72.     As set forth in **<u>Exhibit I</u>** attached hereto, and as summarized in **<u>Exhibit G</u>** attached hereto, K&E has incurred a total of $486,355.92 in expenses on behalf of the Debtors during the Fee Period. These charges are intended to reimburse K&E's direct operating costs, which are not incorporated into the K&E hourly billing rates. K&E charges external copying and computer research at the provider's cost without markup. Only clients who actually use services of the types set forth in **<u>Exhibit I</u>** of this Fee Application are separately charged for such services. The effect of including such expenses as part of the hourly billing rates would impose that cost upon clients who do not require extensive photocopying and other facilities and services.

### Reasonable and Necessary Services Provided by K&E

**A.     Reasonable and Necessary Fees Incurred in Providing Services to the Debtors.**

73.     The foregoing professional services provided by K&E on behalf of the Debtors during the Fee Period were reasonable, necessary, and appropriate to the administration of these chapter 11 cases and related matters.

74.     Many of the services performed by partners and associates of K&E were provided by K&E's Restructuring Group. K&E has a prominent practice in this area and enjoys a national and international reputation for its expertise in financial reorganizations and restructurings of

troubled companies, with over 175 attorneys focusing on this area of the law.  The attorneys at K&E have represented either the debtor or the creditors' committee or have acted as special counsel in many large chapter 11 cases.

75.    In addition, due to the facts and circumstances of these chapter 11 cases, attorneys from K&E's litigation, corporate, and tax groups were heavily involved with K&E's representation of the Debtors.  These practice groups also enjoy a national and international reputation for their expertise.  Overall, K&E brings to these chapter 11 cases a particularly high level of skill and knowledge, which inured to the benefit of the Debtors and all stakeholders.

**B.    Reasonable and Necessary Expenses Incurred in Providing Services to the Debtors.**

76.    The time constraints imposed by the circumstances of these chapter 11 cases required K&E attorneys and other employees to devote substantial time during the evenings and on weekends to perform services on behalf of the Debtors.  These services were essential to meet deadlines, respond to daily inquiries from various creditors and other parties in interest on a timely basis, and satisfy the demands of the Debtors' businesses and ensure the orderly administration of their estates.  Consistent with firm policy, and as further disclosed in the Retention Application, K&E attorneys and other K&E employees who worked late in the evenings or on weekends were reimbursed for their reasonable meal and transportation costs.  K&E's regular practice is not to include components for those charges in overhead when establishing billing rates, but rather to charge its clients for these and all other out-of-pocket disbursements incurred during the regular course of the rendition of legal services.

77.    In addition, due to the location of the Debtors' businesses, co-counsel, creditors, and other parties in interest in relation to K&E's offices, frequent multi-party telephone conferences involving numerous parties were required.  On many occasions, the exigencies and circumstances of these chapter 11 cases required overnight delivery of documents and other

materials.  The disbursements for such services are not included in K&E's overhead for the purpose of setting billing rates and K&E has made every effort to minimize its disbursements in these chapter 11 cases.  The actual expenses incurred in providing professional services were necessary, reasonable, and justified under the circumstances to serve the needs of the Debtors in these chapter 11 cases.

78.    Among other things, K&E makes sure that all overtime meals, travel meals, hotel rates, and airfares are reasonable and appropriate expenses for which to seek reimbursement. Specifically, K&E regularly reviews its bills to ensure that the Debtors are only billed for services that were actual and necessary and, where appropriate, prorates expenses.  In that regard, K&E will waive certain fees and reduce its expenses if necessary.  In the Fee Period, K&E voluntarily reduced its fees by $708,925.25 and expenses by $71,243.35.  Consequently, K&E does not seek payment of such fees or reimbursement of such expenses in the Fee Application.

### K&E's Requested Compensation and Reimbursement Should be Allowed

79.    Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation.  Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses."  11 U.S.C. § 330(a)(1).  Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent, and the value of such services, taking into account all relevant factors, including—
>
> (a)    the time spent on such services;
>
> (b)    the rates charged for such services;

(c)     whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(d)     whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

(e)     whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

80.     K&E respectfully submits that the services for which it seeks compensation in this Fee Application were, at the time rendered, necessary for and beneficial to the Debtors and their estates and were rendered to protect and preserve the Debtors' estates. K&E further believes that it performed the services for the Debtors economically, effectively, and efficiently, and the results obtained benefited not only the Debtors, but also the Debtors' estates and the Debtors' constituents. K&E further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors, their estates, and all parties in interest.

81.     During the Fee Period, K&E's hourly billing rates for attorneys ranged from $650 to $1,995 for the portion of the Fee Period from November 1, 2022 to December 31, 2022 and from $685 to $2,245 for the portion of the Fee Period from January 1, 2023 to February 28, 2023. The hourly rates and corresponding rate structure utilized by K&E in these chapter 11 cases are equivalent to the hourly rates and corresponding rate structure used by K&E for restructuring, workout, bankruptcy, insolvency, and comparable matters, and similar complex corporate, securities, and litigation matters, whether in court or otherwise, regardless of whether a fee application is required. K&E strives to be efficient in the staffing of matters. These rates and the

rate structure reflect that such matters are typically national in scope and involve great complexity, high stakes, and severe time pressures—all of which were present in these chapter 11 cases.

82.    Moreover, K&E's hourly rates are set at a level designed to compensate K&E fairly for the work of its attorneys and paraprofessionals and to cover certain fixed and routine overhead expenses.  Hourly rates vary with the experience and seniority of the individuals assigned.  These hourly rates are subject to periodic adjustments to reflect economic and other conditions and are consistent with the rates charged elsewhere.

83.    In sum, K&E respectfully submits that the professional services provided by K&E on behalf of the Debtors and their estates during these chapter 11 cases were necessary and appropriate given the complexity of these chapter 11 cases, the time expended by K&E, the nature and extent of K&E's services provided, the value of K&E's services, and the cost of comparable services outside of bankruptcy, all of which are relevant factors set forth in section 330 of the Bankruptcy Code.  Accordingly, K&E respectfully submits that approval of the compensation sought herein is warranted and should be approved.

84.    No previous application for the relief sought herein has been made to this or any other Court.

### Reservation of Rights and Notice

85.    It is possible that some professional time expended or expenses incurred during the Fee Period are not reflected in the Fee Application.  K&E reserves the right to include such amounts in future fee applications.  In addition, the Debtors have provided notice of this Fee Application to:  (a) the U.S. Trustee; (b) counsel to the Committee; (c) the Examiner and her counsel; (d) the Fee Examiner and his counsel; (e) counsel to the Ad Hoc Group of Custodial Account Holders; (f) counsel to the Ad Hoc Group of Withhold Account Holders; (g) the United States Attorney's Office for the Southern District of New York; (h) the Internal Revenue Service;

(i) the offices of the attorneys general in the states in which the Debtors operate; (j) the Securities and Exchange Commission; and (k) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"). Pursuant to the Amended Interim Compensation Order, if any party in interest other than the Fee Examiner or the U.S. Trustee wishes to object to the Fee Application, such party shall, by no later than 12:00 p.m. (prevailing Eastern Time) on the date that is 21 days following the required notice of the Fee Application, file and serve the objection setting forth the nature of the objection and the amount of interim fees or expenses at issue.

### No Prior Request

86.    No prior application for the relief requested herein has been made to this or any other court.


*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, K&E respectfully requests that the Court enter an order (a) awarding K&E interim compensation for professional and paraprofessional services provided during the Fee Period in the amount of $22,035,629.50, and reimbursement of actual, reasonable, and necessary expenses incurred in the Fee Period in the amount of $486,355.92; (b) authorizing and directing the Debtors to remit payment to K&E for such fees and expenses; and (c) granting such other relief as is appropriate under the circumstances.

| | |
|---|---|
| New York, New York<br>Dated: April 14, 2023 | */s/ Joshua A. Sussberg* |

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:        (212) 446-4800
Facsimile:        (212) 446-4900
Email:            joshua.sussberg@kirkland.com

 - and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:        (312) 862-2000
Facsimile:        (312) 862-2200
Email:            patrick.nash@kirkland.com
                  ross.kwasteniet@kirkland.com
                  chris.koenig@kirkland.com
                  dan.latona@kirkland.com

*Counsel to the Debtors and Debtors in Possession*