Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) Case No. 22-10964 (MG) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**DEBTORS' LIMITED OBJECTION**
**TO (I) THE SERIES B PREFERRED HOLDERS' MOTION**
**FOR INTERCOMPANY CLAIM ESTIMATION PROCEDURES AND**
**(II) THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS'**
**MOTION FOR INTERCOMPANY CLAIM ESTIMATION PROCEDURES**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file

this limited objection (this "Objection") in response to the *Series B Preferred Holders' Motion for*

*Entry of an Order Establishing Estimation Procedure for the Intercompany Claim Between Celsius*

*Network LLC and Celsius Network Limited in Furtherance of Formulating the Debtors' Plan of*

*Reorganization* [Docket No. 2367] (the "Series B Motion"), filed by Community First Partners,

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

LLC, Celsius SPV Investors, LP, and Celsius New SPV Investors, LP (collectively, the "Series B Preferred Holders") and the *Motion of the Official Committee of Unsecured Creditors For Entry of an Order (I) Establishing Procedures to Estimate the Intercompany Claim that Celsius Network, LLC has Against Celsius Network Limited and (II) Granting Related Relief* [Docket No. 2369] (the "Committee Motion," and, together with the Series B Motion, the "Motions," each a "Motion"), filed by the official committee of unsecured creditors (the "Committee").  In support of this Objection, the Debtors respectfully state as follows:

## Limited Objection

1.      On March 31, 2023, the Debtors filed the *Joint Chapter 11 Plan of Reorganization of Celsius Network LLC and its Debtor Affiliates* [Docket No. 2358] (the "Plan").  The Plan contemplates that Class 13 Preferred Equity Interests will not receive a distribution on their interests due either to (i) the substantive consolidation of Celsius Network Limited ("CNL") and Celsius Network LLC ("LLC") under the Plan or (ii) the allowance of an intercompany claim valued in billions of dollars.[2]  In response, citing a desire to streamline the confirmation process, the Series B Preferred Holders and the Committee each filed a Motion requesting procedures to estimate the value of the intercompany claims between CNL and LLC.  The Series B Preferred Holders and the Committee agree that the estimation of the intercompany claims is appropriate, but neither Motion proposes a schedule for briefing the closely related issues of substantive consolidation or constructive fraudulent transfer.[3]  Accordingly, the Debtors object to the Motions

---

[2]     Plan §§ III(B), IV(A); *see also Debtors' Motion for Entry of an Order (I) Authorizing and Approving Certain Bid Protections for the Proposed Plan Sponsor and (II) Granting Related Relief* [Docket No. 2151], Ex. A to Ex. B ("Account Holder Claims are senior in priority to rights of the Preferred Equityholders, either by virtue of (i) having Claims against every Debtor Entity, (ii) the existence of the CNL-Network LLC Intercompany Claim, and/or (iii) the CNL-Network LLC Consolidation.").

[3]     Both Motions acknowledge that substantive consolidation will need to be resolved through the confirmation process.  The Committee also previewed in the Committee Motion that it intends to assert a cause of action for constructive fraudulent transfer in the future.  Constructive fraudulent transfer, while not discussed in papers to

because the Debtors believe it would be most efficient for these three related issues to have the same discovery and briefing schedule.

2.      As explained in the *Debtors' Statement with Respect to Intercompany Claims Held By Debtor Celsius Network LLC Against its Debtor Affiliates* [Docket No. 2092] (the "Intercompany Statement"), the reconciliation of the Debtors' prepetition intercompany claims is likely only possible "at a very high level given the enormous volume of historical intercompany transactions and severe deficiencies in intercompany record keeping."[4]  As such, the Debtors believe that the discovery proposed in the Motions will demonstrate that "the Debtors did not generally record prepetition intercompany transactions in their books and records contemporaneously with such transfers, and in many cases did not record intercompany transactions at all."[5]  This invites, at minimum, a discussion of substantive consolidation, which is contemplated in the Plan.

3.      Similarly, the Debtors' reconciliation efforts to date have revealed that the potentially multi-billion-dollar intercompany claims relate back to the formation of LLC.  In other words, LLC may have been undercapitalized from its inception such that the transfers effectuated in connection with LLC becoming the primary customer-facing entity were constructively fraudulent. Regardless of the parties' positions, the relevant facts are undeniably inextricably linked to the discovery proposed in the Motions.

4.      This is not the first time that notions of substantive consolidation and fraudulent transfer have been raised.  Notably, the Debtors raised both concepts at a hearing on February 6,

---

date, has emerged as a third, closely related alternative theory to substantive consolidation and the existence of a large intercompany claim.

[4]      Intercompany Statement ¶ 1.

[5]      Intercompany Statement ¶ 5.

2023.  Feb. 6, 2023 Hr'g Tr. at 64:15-21 ("[T]here are certainly facts in the examiner's report that

may make [claims for substantive consolidation] appropriate…[p]erhaps a constructive fraudulent

transfer claim . . . .").

5.      Separating out the estimation of intercompany claims from issues of substantive

consolidation and constructive fraudulent transfer will not save the estates (or any party) time or

expenses.  In fact, the process proposed under the Motions could result in unnecessary costs if, for

example, the claims are estimated and later eliminated via substantive consolidation.

6.      To achieve the stated purpose of the Motions, the interrelated issues of estimation

of intercompany claims, substantive consolidation, and constructive fraudulent transfer should be

litigated  simultaneously.    The  Debtors  have  engaged  in  preliminary  discussions  with  the

Committee and the Series B Preferred Holders, and will continue to attempt to reach agreement

with the Committee and the Series B Preferred Holders in advance of the hearing.  In the meantime,

the Debtors propose the below schedule for the Court's consideration:

| Deadline | Debtors' Proposal |
|---|---|
| Deadline for (i) Debtors and/or Committee to file motion for substantive consolidation and (ii) Committee to file adversary complaint asserting constructive fraudulent conveyance claim | Monday, May 1, 2023 |
| Deadline for parties to serve written discovery | Thursday, May 4, 2023 (12 interrogatories total) |
| Deadline for responses to written discovery | Monday, May 8, 2023 |
| Deadline for substantial completion of document production | Wednesday, May 31, 2023 |
| Deadline to complete fact depositions | Thursday, June 15, 2023 |
| Deadline for expert reports | Friday, June 16, 2023 |

| | |
|---|---|
| Deadline for expert rebuttal reports | Friday, June 23, 2023 |
| Deadline to complete expert depositions | Friday, June 30, 2023 |
| Deadline for parties to file opening briefs | Friday, June 30, 2023 |
| Deadline for parties to file response briefs | Monday, July 10, 2023 |
| Deadline to exchange witness and exhibit lists | Wednesday, July 12, 2023 |
| Deadline for objections to witness and exhibit lists | Friday, July 14, 2023 |
| Trial on (i) estimation, (ii) fraudulent conveyance and (iii) subcon | Monday, July 17, 2023 |

## **Reservation of Rights**

7.      The Debtors expressly reserve all rights with respect to the Motions. Nothing contained herein is intended or should be construed as a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law.

*[Remainder of Page Intentionally Left Blank]*

New York, New York
Dated: April 15, 2023

/s/ Joshua A. Sussberg

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900
Email:          joshua.sussberg@kirkland.com

- and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200
Email:          patrick.nash@kirkland.com
                ross.kwasteniet@kirkland.com
                chris.koenig@kirkland.com
                dan.latona@kirkland.com

*Counsel to the Debtors and Debtors in Possession*