Dennis F. Dunne
Nelly Almeida
**MILBANK LLP**
55 Hudson Yards
New York, NY 10001
Tel: (212) 530-5000
Fax: (212) 660-5219

Andrew M. Leblanc
Melanie Westover Yanez
**MILBANK LLP**
1850 K Street, NW, Suite 1100
Washington, DC 20006
Tel: (202) 835-7500
Fax: (202) 263-7586

*Counsel to Community First Partners, LLC,
Celsius SPV Investors, LP, and Celsius
New SPV Investors, LP*

Joshua M. Mester (admitted *pro hac vice*)
**JONES DAY**
555 South Flower Street
Fiftieth Floor
Los Angeles, CA 90071
Tel: (213) 489-3939
Fax: (213) 243-2539

*Counsel to CDP Investissements Inc.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) Case No. 22-10964 (MG) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**LIMITED OBJECTION TO THE COMMITTEE'S MOTION TO
ESTABLISH PROCEDURES TO ESTIMATE THE INTERCOMPANY CLAIM
BETWEEN CELSIUS NETWORK LLC AND CELSIUS NETWORK LIMITED**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

Community First Partners, LLC, Celsius SPV Investors, LP, Celsius New SPV Investors, LP, and CDP Investissements Inc. (collectively, the "<u>Series B Preferred Holders</u>"), as beneficial holders, or investment advisors or managers of beneficial holders, of Series B Preferred Shares issued by Celsius Network Limited ("<u>CNL</u>" and, together with its above-captioned affiliates, the "<u>Debtors</u>"), by and through their undersigned counsel, hereby submit this limited objection and reservation of rights in connection with the *Motion of the Official Committee of Unsecured Creditors for Entry of an Order (I) Establishing Procedures to Estimate the Intercompany Claim that Celsius Network, LLC Has Against Celsius Network Limited and (II) Granting Related Relief* [Dkt. No. 2369] (the "<u>Committee Procedures Motion</u>"):[2]

**<u>Limited Objection</u>**

1.  The Committee agrees with the Series B Preferred Holders that estimation of any intercompany claim between CNL and Celsius Network LLC is appropriate in these cases.[3] The schedules and procedures for estimation (an "<u>Estimation Schedule</u>")[4] proposed by both parties are not markedly different. Nevertheless, despite working in good faith, the Series B Preferred Holders have not reached agreement with the Committee (or the Debtors) on the Estimation Schedule. The Series B Preferred Holders therefore object to the Committee Procedures Motion to the extent that (a) the Estimation Schedule proposed by the Committee differs from the Estimation Schedule set forth in the Series B Procedures Motion and (b) the Committee seeks to incorporate other claims and causes of action into the Estimation Schedule.[5]

---

[2]   Capitalized terms used but not defined herein have the meanings ascribed to them in the Committee Procedures Motion.

[3]   *Series B Preferred Holders' Motion for Entry of an Order Establishing Estimation Procedure for the Intercompany Claim Between Celsius Network LLC and Celsius Network Limited in Furtherance of Formulating the Debtors' Plan of Reorganization* [Dkt. No. 2367] (the "<u>Series B Procedures Motion</u>").

[4]   Committee Procedures Motion ¶ 25; Series B Procedures Motion ¶ 14.

[5]   *See* Committee Procedures Motion ¶ 25 n.7.

2

2.      The Series B Preferred Holders have three primary concerns with the Committee Procedures Motion.  First, the Series B Preferred Holders understand that the Committee insists that estimation of the Intercompany Claim only occur simultaneously with litigating other issues in the case that, as of this filing, have not been put before the Court.  The Committee provides potential examples of such claims and causes of action (substantive consolidation and fraudulent conveyance), but provides no further details regarding the scope or bases of such claims or the procedural posture in which they may be raised.[6]  The Series B Preferred Holders are open to considering schedules for litigating issues in the case that promote efficiency without prejudicing, among other things, their due process rights.  Accordingly, to the extent that the Court grants the Committee Procedures Motion, the Series B Preferred Holders request clarification that the Estimation Schedule is limited to the issue of estimating the Intercompany Claim.

3.      Second, the Committee's proposal for briefing estimation fails to reflect the reality that estimation of the intercompany claim primarily will be based on expert opinions.  There is no need to file opening briefs simultaneously with expert reports, prior to the completion of rebuttal expert reports or expert depositions.[7]  The exchange of initial expert reports among the parties serves the same function as opening briefs.[8]  In addition, one set of briefing for the Court that includes the facts, arguments, and opinions of both initial expert

---

[6]  *See id.*  Subsequent to the filing of the Committee Procedures Motion, counsel to the Committee has informed counsel to the Series B Preferred Holders that the Committee intends to submit a seemingly entirely new scheduling motion to incorporate the briefing of new issues into the Estimation Schedule.  To the extent that the Committee amends, supplements, or otherwise modifies the Committee Procedures Motion to do so, the Series B Preferred Holders object to such modified motion.

[7]  *See* Committee Procedures Motion ¶ 25.

[8]  The date that the Committee proposes as the deadline for filing opening briefs, just six days after completion of fact discovery, further increases the risk that such opening briefs would not shed significant light on the ultimate arguments of and facts relied on by the parties.

reports and rebuttal reports, after the close of expert discovery, will be more streamlined and efficient for the Court's consideration of the issues and conducting the evidentiary hearing. For this reason, the Series B Preferred Holders proposed a briefing structure that contemplates submission of simultaneous trial briefs following the parties' exchange of rebuttal expert reports and the close of expert discovery, eliminating the need for the parties to spend additional time and expense preparing both opening and response briefs.[9]

4. Finally, the Committee's proposed schedule was also premised on the Debtors seeking confirmation of a plan in June. The Debtors have announced that they do not intend to file a disclosure statement until April 28,[10] making a confirmation hearing unlikely to occur until late July at the earliest. Accordingly, the Series B Preferred Holders request that the aggressive schedule for claim estimation be extended as will be set forth in the Series B Preferred Holders' reply brief in further support of the Series B Procedures Motion.

## Conclusion

5. The Series B Preferred Holders therefore request that the Court grant the Series B Procedures Motion in lieu of the Committee Procedures Motion. To the extent the Court grants the Committee Procedures Motion, the Series B Preferred Holders request that the Court (i) condition such approval upon (x) revision of the Estimation Schedule as set forth in the Series B Procedures Motion and the reply in further support thereof and (y) clarification that the Estimation Schedule is limited to estimation of the Intercompany Claim and (ii) grant the Series B Preferred Holders such other and further relief as is just, proper, and equitable.

---

[9] *See* Series B Procedures Motion ¶ 14.

[10] *See* Notice of Extended Deadline to File Disclosure Statement [Dkt. No. 2412].

Dated: April 15, 2023
New York, New York

| | |
|---|---|
| */s/ Dennis F. Dunne* | */s/ Joshua M. Mester* |
| Dennis F. Dunne | Joshua M. Mester (admitted *pro hac vice*) |
| Nelly Almeida | **JONES DAY** |
| **MILBANK LLP** | 555 South Flower Street |
| 55 Hudson Yards | Fiftieth Floor |
| New York, NY 10001 | Los Angeles, CA 90071 |
| Tel: (212) 530-5000 | Tel: (213) 489-3939 |
| Fax: (212) 660-5219 | Fax: (213) 243-2539 |
| | |
| - and - | *Counsel to CDP Investissements Inc.* |
| | |
| Andrew M. Leblanc | |
| Melanie Westover Yanez | |
| **MILBANK LLP** | |
| 1850 K Street, NW, Suite 1100 | |
| Washington, DC 20006 | |
| Tel: (202) 835-7500 | |
| Fax: (202) 263-7586 | |
| | |
| *Counsel to Community First Partners, LLC, Celsius SPV Investors, LP, and Celsius New SPV Investors, LP* | |