**Hearing Date:  April 18, 2023 at 10:00 am**
**Stipulated Objection Deadline:  April 16, 2023 at 12:00 pm**

VENABLE LLP
Jeffrey S. Sabin
1270 Avenue of the Americas, 24th Floor
New York, New York 10020
Telephone (212) 503-0896
Facsimile: (212) 307-5598
Email: JSSabin@venable.com

Andrew Currie (*admitted pro hac vice*)
600 Massachusetts Avenue, NW
Washington, DC 20001
Telephone: (202) 344-4586
Facsimile: (202) 344-8300
Email: AJCurrie@venable.com

*Counsel to Ignat Tuganov*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | Jointly Administered |
| | **Re:  Dkt. No. 2399** |

**RESPONSE TO THE MOTION OF THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS (A) FOR AUTHORITY TO FILE A CLASS CLAIM
ASSERTING NON-CONTRACT CLAIMS ON BEHALF OF ACCOUNT HOLDERS OR
(B) TO APPOINT A THIRD-PARTY FIDUCIARY TO ASSERT A CLASS CLAIM
ON BEHALF OF ACCOUNT HOLDERS**

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

Ignat Tuganov ("Claimant"), a creditor of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), by and through his undersigned counsel, hereby submits this response (the "Response") to the *Motion of the Official Committee of Unsecured Creditors (I) For Authority to File a Class Claim Asserting Non-Contract Claims on Behalf of Account Holders or (II) to Appoint a Third-Party Fiduciary to Assert a Class Claim on Behalf of Account Holders* [Dkt. No. 2399] (the "Class Claim Motion") and respectfully represents as follows:

## BACKGROUND[2]

1. On July 13, 2022, certain of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. On December 7, 2022, Debtors GK8 Ltd., GK8 UK Limited, and GK8 USA LLC each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. These chapter 11 cases have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b). *See* Dkt Nos. 53 and 1648. The Debtors continue to operate their businesses as debtors-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code.

2. On July 27, 2022, the United States Trustee for the Southern District of New York appointed an official committee of unsecured creditors [Dkt No. 241] (the "Committee").

3. On March 9, 2023, the Court determined [Dkt No. 2205] (the "Customer Claims Opinion") that account holders who transferred digital assets to the Debtors may only assert contract claims under the "Terms of Use" (as defined in the Customer Claims Opinion) against Celsius Network LLC ("LLC") and not against Celsius Network Limited ("CNL") or any other affiliates of LLC.

---

[2] Capitalized terms not otherwise defined herein have the same meaning ascribed to those terms in the Class Claim Motion.

2

59564847

4. The Customer Claims Opinion also recognized that account holders may hold non-contract claims—"such as claims for fraud, negligent misrepresentation, or other statutory or common law claims"— against not just LLC but also its affiliates, including CNL, and that the Terms of Use did not preclude such claims. *Id.* at 4.

5. On March 31, 2023, the Committee filed a Notice of Appeal of the Customer Claims Opinion [Dkt No. 2356], and on April 5, 2023, *pro se* creditors Immanuel J. Herrmann and Daniel A. Frishberg filed a joint Notice of Appeal of the Customer Claims Opinion [Dkt. No. 2375].

6. As a result of the Customer Claims Opinion, on March 24, 2023, the Debtors amended their schedules of assets and liabilities and reopened the bar date [Docket No. 2310]. The current bar date is April 28, 2023 (the "Amended Bar Date"). *Id.* at 2.

7. On March 31, 2023, the Debtors filed their Joint Chapter 11 Plan of Reorganization [Dkt. No. 2358] (the "Plan") and represented that the Plan disclosure statement (the "Disclosure Statement") would be filed on April 12, 2023. *See* Debtors' Statement Regarding Plan Process [Dkt. No. 2359] (the "Plan Statement") ¶ 5.

8. On April 12, 2023, in lieu of filing the Disclosure Statement, the Debtors filed a notice further adjourning their Disclosure Statement deadline to April 28, 2023, "subject to further extensions," and indefinitely adjourned the hearing on the Disclosure Statement. *See* Notice of Extended Deadline to File Disclosure Statement [Dkt. No. 2412] (the "Extension Notice").

9. In their Extension Notice, the Debtors explained that they are still "not prepared to . . . provide estimated recoveries for the classes of creditors under the proposed Plan," the largest class of which is the holders of earn accounts (the "Earn Customers"). *Id.*

3

59564847

10.     The Debtors contemplate that voting on the Plan will begin sometime after the Court approves the Disclosure Statement that the Debtors have yet to file. *See* Plan Statement ¶ 8.

11.     On April 4, 2023, the Committee filed a motion [Dkt No. 2369] (the "Intercompany Claim Motion") through which the Committee is seeking to establish a schedule and procedures to estimate, pursuant to Section 502(c) of the Bankruptcy Code, the intercompany claim that LLC has against CNL (the "Intercompany Claim").

12.     On April 10, 2023, the Committee filed the Class Claim Motion, pursuant to which the Committee is seeking an order of this Court authorizing it and any specified lead claimant or claimants to file a class proof of claim ("Class Claim") asserting non-contract claims on behalf of account holders against CNL and any other Debtor, or in the alternative, appointing a third-party fiduciary to file and prosecute a Class Claim against CNL and other Debtor entities on behalf of all account holders, or such other representative action as may be appropriate. Class Claim Motion ¶ 7.

13.     Claimant is solely an Earn Customer and has been active in these proceedings beginning with his efforts to negotiate and expand the scope and task the Examiner with investigating facts regarding whether the Debtors operated as a Ponzi scheme [Dkt. No. 1104].

14.     Claimant has remained engaged and is in discussions with the Committee regarding significant plan and claim issues, including: (i) facts related to the ownership and treatment of different forms of liquid cryptocurrency, including stETH, (ii) matters relating to Claimant's recent adversary proceeding seeking a declaration that Debtors operated as a Ponzi scheme and seeking substantive consolidation of the Debtors, including potential ways to reduce burdens on the estate

4

59564847

in connection with this litigation; and (iii) issues concerning the Committee's Intercompany Claim Motion and Class Claim Motion.

15. Unfortunately, and notwithstanding the unambiguous facts reported by the Examiner, to date there is still significant uncertainty concerning the fate of customers' non-contract claims, the fate of the Intercompany Claim, which Debtors are liable for which claims, which Debtors own what assets, and whether substantive consolidation of some or all of the Debtors will occur (especially as the Plan confirmation process is now indefinitely delayed).

16. Claimant is appreciative of the Committee's efforts to try to maximize the recovery for unsecured creditors in the face of these uncertainties, but the Plan and the settlements with the various ad hoc groups have made clear through their starkly disparate treatment of various categories of customers that the different categories of customers are not similarly situated, and that the advancement of certain classes of customers' interests will and is occurring at the expense of other classes of customers[3]—all of whom are purportedly represented by the Committee. Accordingly, Claimant has been insistent that such differences be taken into consideration in connection with the Class Claim Motion.

**RESPONSE**

17. While Claimant does not object to the filing of an appropriate Class Claim on behalf of all account holders to protect customers and to avoid the administrative burden and attendant costs and delay of potentially tens or hundreds of thousands of additional proofs of claim being filed, the Class Claim Motion raises more questions than it answers, and the order the Committee

---

[3] For instance, as currently contemplated in the Plan, the settlement with the retail borrowers will be funded with significant amounts of cryptocurrency held by Debtors other than Celsius Networks Lending LLC ("Celsius Lending"), despite the fact that the terms of use governing the retail loans provide that retail borrowers solely have recourse against Celsius Lending for their loan-related claims.

5

seeks entered—as currently drafted—could lead to inequitable results for the largest (and least represented) constituency in these cases, namely, the Earn Customers.

18. For instance, the Committee is seeking authorization to imminently file a Class Claim asserting non-contract claims on behalf of all account holders—prior to any voting on the Plan taking place—but it fails to specify: (i) the amount of the contemplated Class Claim, (ii) whether the Class Claim will be voted in connection with the Plan, and if so, who will be entitled to direct the vote on it, and (iii) who will be entitled to settle the Class Claim.

19. The Committee also fails to specify which non-contract claims and remedies will be asserted in the Class Claim and against which Debtors. In light of the findings in the Final Examiner Report and other information that has come to light during these proceedings, any Class Claim should include, at minimum, fraud, fraudulent inducement, Ponzi, and negligent misrepresentation, and should seek restitution and/or rescission as remedies in addition to damages.

20. Given that the Committee has worked closely with the Debtors in fashioning and advancing the current Plan, *see* Dkt No. 2302, as well as the settlement agreements with the various ad hoc groups that are embedded in the Plan (none of which include the Earn Customers), *see, e.g.*, Dkt. Nos. 2148, 2334, the Committee is not impartial with respect to the Plan and should not be handed control of a Class Claim potentially valued in the billions of dollars[4] to prosecute, vote, and/or settle as it sees fit.

---

[4] While the Committee does not specify the amount of the contemplated Class Claim they seek to file, it asserts that account holders suffered "billions of dollars of damages" as a result of CNL's and potentially other Debtors and non-Debtors' fraud and negligent misrepresentations. Class Claim Motion ¶¶ 4-5.

59564847

21. Accordingly, to the extent the Court is inclined to grant the Class Claim Motion, Claimant requests that the Committee be precluded from filing, voting, or settling the Class Claim, and that the Court include the following safeguards in any order:

a. An independent third-party fiduciary (the "Fiduciary") will be appointed to file and prosecute the Class Claim, and/or 3-5 account holders—none of whom are members of the Committee—will be appointed as lead claimants (the "Lead Claimants") to prosecute the Class Claim (with the estate paying the costs of necessary professionals);

b. At least one Lead Claimant will solely have a General Earn Claim (as defined in the Plan), to ensure that the class of customers who are most disadvantaged by the Plan are represented;

c. The Lead Claimants, or, if a Fiduciary is appointed, the Fiduciary in consultation with the Lead Claimants, will file the Class Claim promptly, and such Class Claim will assert, at minimum, claims for fraud, fraudulent inducement, Ponzi, and negligent misrepresentation, and will seek restitution and/or rescission on behalf of account holders;

d. The Lead Claimants, or, if a Fiduciary is appointed, the Fiduciary in consultation with the Lead Claimants, will be authorized to direct the prosecution, voting and/or settling of the Class Claim, subject, as applicable, to Court approval;

e. The Lead Claimants, or, if a Fiduciary is appointed, the Fiduciary in consultation with the Lead Claimants, will move pursuant to Bankruptcy Rule 7023 (the "Rule 7023 Motion") to certify the class promptly after filing the Class Claim;

f. The Class Claim cannot be voted in connection with the Plan or settled unless and until a class is certified, and account holders' rights pursuant to Section 1126 of the Bankruptcy Code and Bankruptcy Rule 3018 are reserved;

g. Account holders will be afforded an adequate opportunity to opt out of the Class Claim, including: (i) at least ten (10) days after the Class Claim is filed, and (ii) if the Class Claim is settled, at least ten (10) days after such settlement is filed or, if applicable, approved by the Court, whichever is later; and

h. The Amended Bar Date will be adjourned to at least ten (10) days after the Court enters an order resolving the Rule 7023 Motion.[5]

---

[5] If the Court denies the Rule 7023 Motion, account holders should be permitted to adopt and assert the filed Class Claim as their own individual claim.

7

59564847

## RESERVATION OF RIGHTS

22. Claimant reserves all of his rights, claims, defenses, and remedies, including, without limitation, the right to amend, modify, or supplement this Response, and to raise additional arguments regarding the Class Claim Motion and/or the relief requested therein.

## CONCLUSION

23. For the reasons stated herein, Claimant respectfully requests that, to the extent the Court grants the Class Claim Motion, it appoint an independent Fiduciary and/or Lead Claimants to prosecute the Class Claim, and that any order granting such relief include the additional safeguards set out above, as well as such other and further relief as is just and proper.

Dated: New York, New York
       April 16, 2023

VENABLE LLP

By:  /s/ Jeffrey S. Sabin
Jeffrey S. Sabin
Carol Weiner Levy
Arie Peled
1270 Avenue of the Americas, 24th Floor
New York, New York 10020
Telephone: (212) 503-0896
Facsimile: (212) 307-5598
Email: JSSabin@venable.com
Email: CWeinerLevy@venable.com
Email: APeled@venable.com

- and -

Andrew J. Currie (*admitted pro hac vice*)
600 Massachusetts Avenue, NW
Washington, DC 20001
Telephone: (202) 344-4586
Facsimile: (202) 344-8300
Email: AJCurrie@venable.com

*Counsel for Ignat Tuganov*

8

59564847