## **EXHIBIT B**

Redline

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al*.,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**ORDER GRANTING THE MOTION OF THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN
ORDER (I) ESTABLISHING PROCEDURES TO ESTIMATE THE
INTERCOMPANY CLAIM THAT CELSIUS NETWORK, LLC HAS AGAINST
CELSIUS NETWORK LIMITED AND (II) GRANTING RELATED RELIF**

Upon the motion (ECF[Dkt. No. ●]2369] (the "**Motion**")[2] of the Committee for entry of an order (this "**Order**") establishing procedures to estimate the Intercompany Claim that Celsius Network, LLC ("**LLC**") has against Celsius Network Limited ("**CNL**") for allowance purposes, all as more fully set forth in the Motion; and upon the *Notice of Revised Proposed Order in Connection with the Motion of the Official Committee of Unsecured Creditors for Entry of an Order (i) Establishing Procedures to Estimate the Intercompany Claim That Celsius Network, LLC Has Against Celsius Network Limited and (ii) Granting Related Relief* [Dkt. No. ●] (the "**Notice**"); and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] Capitalized terms used but not defined herein have the meanings given to them in the Motion.

*Southern District of New York*, entered February 1, 2012; and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and that no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1. The Motion is granted as set forth in this Order.

2. Pursuant to Bankruptcy Code section 502(c), procedures shall be established to estimate the Intercompany Claim that LLC has against CNL for allowance purposes.

3. ~~Estimation~~ Litigation regarding estimation of the intercompany note claim by LLC against CNL, substantive consolidation of LLC and CNL, and the constructive fraudulent transfer claim by LLC against CNL shall follow the below schedule:

| Task | Deadline |
|---|---|
| Deadline for ~~parties to serve written discovery on the Debtors regarding the Intercompany Claim~~ (i) Debtors and/or Committee to file motion for substantive consolidation and (ii) Committee to file adversary complaint asserting | ~~April 21~~Monday, ~~2023~~May 1 |

| | |
|---|---|
| constructive fraudulent transfer claim | |
| Deadline for ~~the Debtors to respond to~~parties to serve written discovery ~~requests~~regarding (i) estimation, (ii) substantive consolidation and (iii) constructive fraudulent transfer (note: each party may propound a total of 12 interrogatories) | Thursday, May ~~1, 2023~~4 |
| Deadline for ~~the Debtors to produce~~responses to written discovery | Monday, May ~~5, 2023~~8 |
| Deadline for ~~parties to identify experts~~substantial completion of document production | Wednesday, May ~~10, 2023~~31 |
| Deadline to complete fact depositions ~~(if any)~~ | ~~May 12~~Thursday, ~~2023~~June 15 |
| Deadline for ~~parties to file opening briefs and~~ expert reports | ~~May 18~~Friday, ~~2023~~June 16 |
| Deadline for ~~parties to file response briefs and~~expert rebuttal reports | Friday, June ~~2, 2023~~23 |
| Deadline to complete expert depositions | Friday, June ~~13, 2023~~30 |
| Deadline for parties to file opening briefs | Friday, June 30 |
| Deadline for parties to file response briefs | Monday, July 10 |
| Deadline to exchange witness and exhibit lists | ~~June 15~~Wednesday, ~~2023~~July 12 |
| Deadline for objections to witness and exhibit lists | ~~June 16~~Friday, ~~2023~~July 14 |
| ~~Estimation hearing~~Trial on (i) estimation, (ii) constructive fraudulent transfer and (iii) substantive consolidation | ~~TBD~~Monday, July 17 |

4. The above schedule may be modified by further order of the Court.

5. To the extent the Court conducts a hearing on ~~estimation in accordance with~~<ins>the matters set forth in</ins> the above schedule, such hearing shall occur at or before any hearing in connection with confirmation of a proposed chapter 11 plan for the Debtors.

6. Nothing in this Order shall preclude the Committee from seeking any other relief or asserting any other claim or cause of action.

7. The Committee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

8. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: _____
_____
New York, New York                                                                                            United States Bankruptcy Judge