Dennis F. Dunne
Nelly Almeida
**MILBANK LLP**
55 Hudson Yards
New York, NY 10001
Tel: (212) 530-5000
Fax: (212) 660-5219

Andrew M. Leblanc
Melanie Westover Yanez
**MILBANK LLP**
1850 K Street, NW, Suite 1100
Washington, DC 20006
Tel: (202) 835-7500
Fax: (202) 263-7586

*Counsel to Community First Partners, LLC,
Celsius SPV Investors, LP, and Celsius
New SPV Investors, LP*

Joshua M. Mester (admitted *pro hac vice*)
**JONES DAY**
555 South Flower Street
Fiftieth Floor
Los Angeles, CA 90071
Tel: (213) 489-3939
Fax: (213) 243-2539

*Counsel to CDP Investissements Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**REPLY IN FURTHER SUPPORT OF THE
SERIES B PREFERRED HOLDERS' MOTION TO ESTABLISH
ESTIMATION PROCEDURES FOR THE INTERCOMPANY CLAIM
BETWEEN CELSIUS NETWORK LLC AND CELSIUS NETWORK LIMITED**

Community First Partners, LLC, Celsius SPV Investors, LP, Celsius New SPV Investors,

LP, and CDP Investissements Inc. (collectively, the "Series B Preferred Holders"), as beneficial

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

holders, or investment advisors or managers of beneficial holders, of Series B Preferred Shares issued by Celsius Network Limited ("CNL" and, together with its affiliated debtors in possession, the "Debtors"), hereby reply to the (i) *Debtors' Limited Objection to (I) the Series B Preferred Holders' Motion for Intercompany Claim Estimation Procedures and (II) the Official Committee of Unsecured Creditors' Motion for Intercompany Claim Estimation Procedures* [Dkt. No. 2472] (the "Debtors' Objection") and (ii) *Limited Objection of the Official Committee of Unsecured Creditors to the Series B Preferred Holders' Motion for Entry of an Order Establishing Estimation Procedure for the Intercompany Claim Between Celsius Network LLC and Celsius Network Limited in Furtherance of Formulating the Debtors' Plan of Reorganization* [Dkt. No. 2471] (the "Committee's Objection" and, together with the Debtors' Objection, the "Objections"), and in further support of the *Series B Preferred Holders' Motion for Entry of an Order Establishing Estimation Procedure for the Intercompany Claim Between Celsius Network LLC and Celsius Network Limited in Furtherance of Formulating the Debtors' Plan of Reorganization* [Dkt. No. 2367] (the "Series B Procedures Motion"),[2] state as follows:

## Reply

1. Neither of the Objections state any opposition to the intercompany claim estimation procedures proposed in the Series B Procedures Motion. Instead, the Debtors and Committee agree that estimation procedures should be established and then fault the Series B Preferred Holders for not including in the Series B Procedures Motion schedules for litigating substantive consolidation and a constructive fraudulent conveyance claim by LLC against CNL (together, the "Other Issues").[3] The Other Issues, however, (i) are not issues for the Series B

---

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Series B Procedures Motion.
[3] *See* Debtors' Objection ¶ 6; Committee's Objection ¶ 8.

Preferred Holders to bring and (ii) have not yet been put before the Court either by motion or adversary complaint. These criticisms are irrelevant to the Series B Procedures Motion.

2. The Series B Procedures Motion, like the Committee's motion for approval of an estimation schedule,[4] sets forth a schedule for resolving a critical issue of the amount of an intercompany claim between LLC and CNL. Although lobbing in the Other Issues, neither Objection even addresses the intercompany claim estimation schedule proposed in the Series B Procedures Motion.

3. *First,* as stated in their limited objection to the Committee Procedures Motion—and during each conversation the Series B Preferred Holders have had with the Debtors or the Committee, the Series B Preferred Holders are eager to be efficient and open to coordinating discovery of various issues in these cases, including the Other Issues.[5] At no point prior to the filing of the Objections, however, had either the Debtors[6] or the Committee proposed any schedule for the Other Issues.[7] To date, they still have not commenced a substantive

---

[4] Motion of the Official Committee of Unsecured Creditors for Entry of an Order (I) Establishing Procedures to Estimate the Intercompany Claim that Celsius Network, LLC Has Against Celsius Network Limited and (II) Granting Related Relief [Dkt. No. 2369] (the "Committee Procedures Motion").

[5] *See* Limited Objection to the Committee's Motion to Establish Procedures to Estimate the Intercompany Claim Between Celsius Network LLC and Celsius Network Limited [Dkt. No. 2473] (the "Series B Limited Objection") ¶ 2.

[6] Although the Debtors assert that they raised substantive consolidation and fraudulent transfer at the February 6, 2023 hearing (Debtors' Objection ¶ 4), the full quote from Debtors' counsel was to say, "There may be other claims. There may be claims for fraud, as Your Honor pointed out, there may be an intercompany claim, as Mr. Leblanc was discussing. There may be other claims arising out of the examiner's report as well. I know that substantive consolidation is an extreme remedy and disfavored, but there are certainly facts in the examiner's report that may make that at the appropriate time if we end up there. That may be something that could be pursued. Perhaps a constructive fraudulent transfer claim at the appropriate time. Again, not for today." Feb. 6, 2023 Hr'g Tr. at 64:11-21. Yet, until the Objections, neither the Debtors nor the Committee proposed any schedule for such issues.

[7] Indeed, as evidenced by the fact that the Committee and the Series B Preferred Holders endeavored to file a joint motion for Estimation Procedures (*see, e.g.,* Committee Procedures Motion ¶ 4), not once before a meet and confer on April 12, 2023, requested by the Series B Preferred Holders, did the Committee condition an intercompany claim estimation procedure on matching litigation schedules for any other matter. In addition, during that meet and confer call, the Committee and Debtors proposed global resolution of issues different than those set forth in the Objections. It is patently unreasonable for them now to complain that the Series B Procedures Motion did not address issues on which they are unclear themselves.

3

consolidation or fraudulent conveyance action and yet they seek to propose a trial schedule for both.[8] That should not be sustained. The only issue properly set forth in both the Series B Procedures Motion and the Committee Procedures Motion is the intercompany claim estimation schedule. The expanded schedules (the "Expanded Schedules") improperly set forth in the Objections (when certainly they should be the subject of new motions) are unworkable, leave fundamental issues unaddressed, and should not preclude approval of the intercompany claim estimation schedule proposed by the Series B Preferred Holders. Time is of the essence and all parties agree that the intercompany claim must be estimated.

4. Proposing the Expanded Schedules does not constitute an objection to the Series B Procedures Motion, which proposed an estimation schedule for the Intercompany Claim and did not purport to propose a litigation procedure and schedule for every issue that may need to be determined in these cases. Nor do the Objections constitute motions for approval of the Expanded Schedules. The Debtors and the Committee could have moved for approval of the Expanded Schedules at any time, as the Committee and Series B Preferred Holders did with respect to the estimation schedule, but have not done so.

5. *Second*, the Expanded Schedules are ill-conceived in that, although they espouse efficiency, they ignore certain fundamental issues. For example, the Expanded Schedules do ***not*** include a motion for the Committee to seek standing to pursue the constructive fraudulent conveyance claim nor do they specify which party will be seeking substantive consolidation—and in the case of the Committee, if it will be seeking consolidation of LLC and CNL or any other Debtors as well. In either instance, the Debtors and the Committee face a conflict of interest because they are duty-bound to act in the best interests of each estate and all unsecured

---

[8]  In fact, it seems the Committee and the Debtors are not even sure whether the Debtors or the Committee will be filing the motion seeking substantive consolidation. *See* Debtors' Objection ¶ 6; Committee's Objection ¶ 8.

creditors, respectively. For each of substantive consolidation and the proposed fraudulent conveyance claim, one or more Debtors and their respective unsecured creditors stand to lose, while one or more Debtors and their respective unsecured creditors stand to gain. Neither the Debtors nor the Committee propose any resolution for these inherent conflicts.[9] Nor do the Expanded Schedules contemplate motions to dismiss or for summary judgment that could obviate the need for an evidentiary hearing.

6.    *Third*, the Expanded Schedules simultaneously add the Other Issues[10] *and* restrict the timing for critical submissions. The parties already conceded that the schedule for claim estimation alone was aggressive (*see* Series B Procedures Motion ¶ 14 n.8, Committee Procedures Motion ¶ 3), but now with at least two other significant issues involved, the Expanded Schedules leave only one day between close of fact discovery and the exchange of the (what would be multiple) opening expert reports and only week for each of what would be numerous experts to prepare rebuttal reports. *See* Committee's Objection ¶ 8; Debtors' Objection ¶ 6. In addition, opening briefs addressing estimation *and* the Other Issues are to be filed the same day expert discovery closes, response briefs on estimation *and* the Other Issues are due only 10 days after opening briefs, and the parties are limited to 12 interrogatories on three issues, answers to which must be provided in 4 days. At a minimum, the proposed Expanded Schedules are untenable.

7.    *Finally,* since the Series B Preferred Holders filed the Series B Procedures Motion, the Debtors announced that they do not intend to file a disclosure statement in

---

[9]   Should the Committee be granted standing to pursue a fraudulent conveyance claim on behalf of LLC against CNL, who would defend such claim?

[10]  It is important to note that the Committee continues to reserve rights to assert additional claims against CNL— no doubt, to the detriment of CNL's unsecured creditors, the substance and timing of which are unknown. *See* Committee's Objection ¶ 2 n.3.

connection with the proposed Plan until April 28 or later, making a confirmation hearing unlikely to occur until late July at the earliest.[11] Accordingly, to take advantage of the additional time, the Series B Preferred Holders propose to expand the timing proposed in the Series B Procedures Motion, which all parties agreed was aggressive. Accordingly, the Series B Preferred Holders request entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Revised Proposed Order"), setting the following extended estimation schedule.

| Event | Deadline |
|---|---|
| Deadline for service of document requests | April 21, 2023, by 4 p.m., prevailing Eastern Time |
| Deadline for responding to document requests | May 12, 2023, 4 p.m., prevailing Eastern Time |
| Deadline for service of interrogatories | May 15, 2023, 4 p.m., prevailing Eastern Time<br><br>Unless otherwise agreed between the propounding party and the receiving party, (i) there shall not be any contention interrogatories and (ii) there shall be a limit of ten (10) interrogatories served per party. |
| Deadline for response to interrogatories | Ten (10) days after service of the interrogatory (by 4:00 p.m., prevailing Eastern Time) |
| Deadline to identify experts | May 19, 2023, 4 p.m., prevailing Eastern Time |
| Completion of fact discovery, including fact depositions | May 26, 2023, by 4 p.m., prevailing Eastern Time |
| Deadline for completion and exchange of expert discovery reports | June 2, 2023, by 4 p.m., prevailing Eastern Time |
| Deadline for completion and exchange of rebuttal expert reports | June 23, 2023, by 4 p.m. prevailing Eastern Time |
| Completion of expert depositions | June 30, 2023, by 11:59 p.m., prevailing Eastern Time |
| Deadline to submit trial briefs, witness lists, and exhibit lists | July 10, 2023, by 11:59 p.m., prevailing Eastern Time |

---

[11] *See* Notice of Extended Deadline to File Disclosure Statement [Dkt. No. 2412]. At the time the Series B Preferred Holders filed the Series B Procedures Motion, the Debtors had set April 12 as the filing date for the disclosure statement. *See* Debtors' Statement Regarding Plan Process [Dkt. No. 2359] ¶ 5.

6

| Event | Deadline |
|---|---|
| Deadline to submit evidentiary objections to exhibits | July 14, 2023, by 11:59 p.m., prevailing Eastern Time |
| Evidentiary Hearing | July 17, 2023 |

## Conclusion

8. For these reasons and those set forth in the Series B Procedures Motion, the Series B Preferred Holders respectfully request that the Court overrule the Objections, grant the relief requested in the Series B Procedures Motion, as modified herein, including the Revised Proposed Order, and grant the Series B Preferred Holders any other relief that is just.

*[Remainder of page intentionally left blank]*

Dated: April 17, 2023
New York, New York

| | |
|---|---|
| /s/ *Dennis F. Dunne* | /s/ *Joshua M. Mester* |
| Dennis F. Dunne | Joshua M. Mester (admitted *pro hac vice*) |
| Nelly Almeida | **JONES DAY** |
| **MILBANK LLP** | 555 South Flower Street |
| 55 Hudson Yards | Fiftieth Floor |
| New York, NY 10001 | Los Angeles, CA 90071 |
| Tel: (212) 530-5000 | Tel: (213) 489-3939 |
| Fax: (212) 660-5219 | Fax: (213) 243-2539 |
| | |
| - and - | *Counsel to CDP Investissements Inc.* |
| | |
| Andrew M. Leblanc | |
| Melanie Westover Yanez | |
| **MILBANK LLP** | |
| 1850 K Street, NW, Suite 1100 | |
| Washington, DC 20006 | |
| Tel: (202) 835-7500 | |
| Fax: (202) 263-7586 | |

*Counsel to Community First Partners, LLC,
Celsius SPV Investors, LP, and Celsius
New SPV Investors, LP*

**<u>Exhibit A</u>**

**Revised Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) ) ) | Case No. 22-10964 (MG) |
| Debtors. | ) ) ) | (Jointly Administered) |

**ORDER APPROVING SCHEDULE FOR
ESTIMATING INTERCOMPANY CLAIM**

Upon the motion (the "<u>Motion</u>")[2] of the Series B Preferred Holders for entry of an order approving a schedule for estimating the Intercompany Claim, as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, dated January 31, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and finding that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is appropriate pursuant to sections 502(c) and 105(a) of the Bankruptcy Code; and it appearing that notice of the Motion has been given as set forth in the Motion and that such notice is adequate under the circumstances and no other or further notice of the Motion need be given; and the Court having

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Motion.

determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefore, it is **HEREBY ORDERED THAT**:

1. The Motion is granted as set forth in this Order.

2. All objections that have not been withdrawn, waived, or otherwise resolved, if any, are overruled on the merits with prejudice. All withdrawn objections are deemed withdrawn with prejudice.

3. The Court finds that estimation of the Intercompany Claim, for all purposes under the Bankruptcy Code, is appropriate and approves the following process for conducting an evidentiary hearing to estimate the Intercompany Claim:

| Event | Deadline |
|---|---|
| Deadline for service of document requests | April 21, 2023, by 4 p.m., prevailing Eastern Time |
| Deadline for responding to document requests | May 12, 2023, 4 p.m., prevailing Eastern Time |
| Deadline for service of interrogatories | May 15, 2023, 4 p.m., prevailing Eastern Time<br><br>Unless otherwise agreed between the propounding party and the receiving party, (i) there shall not be any contention interrogatories and (ii) there shall be a limit of ten (10) interrogatories served per party. |
| Deadline for response to interrogatories | Ten (10) days after service of the interrogatory (by 4:00 p.m., prevailing Eastern Time) |
| Deadline to identify experts | May 19, 2023, 4 p.m., prevailing Eastern Time |
| Completion of fact discovery, including fact depositions | May 26, 2023, by 4 p.m., prevailing Eastern Time |
| Deadline for completion and exchange of expert discovery reports | June 2, 2023, by 4 p.m., prevailing Eastern Time |
| Deadline for completion and exchange of rebuttal expert reports | June 23, 2023, by 4 p.m. prevailing Eastern Time |

2

| Event | Deadline |
|---|---|
| Completion of expert depositions | June 30, 2023, by 11:59 p.m., prevailing Eastern Time |
| Deadline to submit trial briefs, witness lists, and exhibit lists | July 10, 2023, by 11:59 p.m., prevailing Eastern Time |
| Deadline to submit evidentiary objections to exhibits | July 14, 2023, by 11:59 p.m., prevailing Eastern Time |
| Evidentiary Hearing | July 17, 2023 |

4. Upon entry of this Order, the Debtors shall promptly serve this Order and the approved schedule upon all parties in interest, and service via electronic mail shall be sufficient and proper service.

5. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2023
      New York, New York

_____
MARTIN GLENN
CHIEF UNITED STATES BANKRUPTCY JUDGE

**Exhibit B**

**Revised Proposed Order Redline**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER APPROVING SCHEDULE FOR**
**ESTIMATING INTERCOMPANY CLAIM**

Upon the motion (the "Motion")[2] of the Series B Preferred Holders for entry of an order approving a schedule for estimating the Intercompany Claim, as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, dated January 31, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and finding that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is appropriate pursuant to sections 502(c) and 105(a) of the Bankruptcy Code; and it appearing that notice of the Motion has been given as set forth in the Motion and that such notice is adequate under the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Motion.

circumstances and no other or further notice of the Motion need be given; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefore, it is **HEREBY ORDERED THAT**:

1. The Motion is granted as set forth in this Order.

2. All objections that have not been withdrawn, waived, or otherwise resolved, if any, are overruled on the merits with prejudice. All withdrawn objections are deemed withdrawn with prejudice.

3. The Court finds that estimation of the Intercompany Claim, for all purposes under the Bankruptcy Code, is appropriate and approves the following procedure and schedule for conducting an evidentiary hearing to estimate the Intercompany Claim:

| Event | Deadline |
|---|---|
| Deadline for service of document requests | April 21, 2023, by 4 p.m., prevailing Eastern Time |
| Deadline for responding to document requests | May ~~5~~**12**, 2023, 4 p.m., prevailing Eastern Time |
| Deadline for service of interrogatories | May ~~8~~**15**, 2023, 4 p.m., prevailing Eastern Time<br><br>Unless otherwise agreed between the propounding party and the receiving party, (i) there shall not be any contention interrogatories and (ii) there shall be a limit of ten (10) interrogatories served per party. |
| Deadline for response to interrogatories | Ten (10) days after service of the interrogatory (by 4:00 p.m., prevailing Eastern Time) |
| Deadline to identify experts | May ~~10~~**19**, 2023, 4 p.m., prevailing Eastern Time |
| Completion of fact discovery, including fact depositions | May ~~17~~**26**, 2023, by 4 p.m., prevailing Eastern Time |
| Deadline for completion and exchange of expert discovery reports | ~~May 22~~**June 2**, 2023, by 4 p.m., prevailing Eastern Time |

2

| Event | Deadline |
|---|---|
| Deadline for completion and exchange of rebuttal expert reports | June ~~2~~23, 2023, by 4 p.m. prevailing Eastern Time |
| Completion of expert depositions | June ~~9~~30, 2023, by 11:59 p.m., prevailing Eastern Time |
| Deadline to submit trial briefs, witness lists, and exhibit lists | ~~June 12~~July 10, 2023, by 11:59 p.m., prevailing Eastern Time |
| Deadline to submit evidentiary objections to exhibits | ~~June~~July 14, 2023, by 11:59 p.m., prevailing Eastern Time |
| Evidentiary Hearing | ~~June 16~~July 17, 2023 |

4.  The proposed schedule may be amended upon agreement by the Series B Preferred Holders, the Debtors, and the Committee, or upon order of this Court.

5.  Upon entry of this Order, the Debtors shall promptly serve this Order and the approved schedule upon all parties in interest, and service via electronic mail shall be sufficient and proper service.

6.  This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.


Dated: _____, 2023
     New York, New York

                                             _____
                                             MARTIN GLENN
                                             CHIEF UNITED STATES BANKRUPTCY JUDGE