Immanuel J. Herrmann, *Pro Se*
Daniel A. Frishberg, *Pro Se*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] ) | Case No. 22-10964 (MG) |
| ) | |
| Debtors. ) | (Jointly Administered) |
| ) | |

# SUPPLEMENTAL STATEMENT REGARDING THE DEBTORS' SO-CALLED "KEIP" (THAT IS REALLY A KERP) AND JOINDER TO THE UNITED STATES TRUSTEE'S OBJECTION AND OTHER OBJECTIONS TO THE SAME

Celsius Network LLC, *et al.* creditors[2] Immanuel J. Herrmann, Daniel A. Frishberg hereby submit this supplemental statement to our filing *Objection to the Debtors' Motion for Entry of an Order (I) Approving the Debtors' Key Employee Incentive Program and (II) Granting Related Relief* (D.R. 2408) and joinder to the U.S. Trustee's *Objection to the Debtors' Motion for Entry of an Order (I) Approving the Debtors' Key Employee Incentive Program and (II) Granting Related Relief* (D.R. 2430), along with *pro se* objections D.R. 2411 (Cam Crews) and D.R. 2409 (Víctor Ubierna de las Heras). We respectfully state as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] The term "creditor" is used for judicial economy. Mr. Frishberg still maintains that he is not a creditor of the Debtors, and they are simply holding his assets and abusing the bankruptcy process to not return them.

## JOINDER

We fully join in the U.S. Trustee's Objection to the Debtors' *so-called* KEIP, in addition to the aforementioned *pro se* objections. As the U.S. Trustee's Objection, and our objection, both point out, the proposed KERP, styled as a "KEIP," is clearly impermissible.

## SUPPLEMENTAL STATEMENT

After reviewing caselaw in the district and the U.S. Trustee's Objection, it's clear to us, as *pro se* filers (which is saying a lot), that *Kirkland & Ellis* knew (or should have known) that this proposal would be flatly impermissible as drafted, because case law in this district is clear that such a plan must be truly *incentivizing*. It was beneath a firm of *Kirkland & Ellis'* caliber to file this motion in this form given existing case law on this. *Kirkland & Ellis* knew (or should have known) that this motion would be hotly contested before it was ever filed. Yet, *nevertheless*, they filed a motion that clearly would not pass muster as an "opening round." It seems doubtful that this is incompetence given the skill of this firm, rather, it is clearly *unreasonable fee padding.*

It is our position that *Kirkland & Ellis,* not creditors, should bear the full cost of ALL the legal time that went into the first draft of this Motion. All of these costs represent a waste of creditors' money and time–and this Court's time. This isn't to say that NO KEIP (that is actually a KEIP rather than a KERP) could ever get through this Court. Perhaps one could, above our strong objections. Not this motion as written, though. That one is dead on arrival. It's insulting that creditors would pay a dime for this motion, and then pay for Kirkland's "do-over," adding insult to injury.

The legal and professional fees that went into this Motion should be distributed to retirees, college students, and other customers. They need to go to Celsius creditors, not be converted into beach houses for lawyers[3].

To be clear, we oppose any KEIP whatsoever. We hope the Debtors will drop this ill-conceived idea so that we don't have to contact Congress and get Celsius executives hauled before lawmakers to make this proposal go away, as creditor Cam Crews pointed out happened in the MF Global case that was before this Court about a decade ago. We may not object to the *legal fees* the second time around (assuming the re-written motion isn't frivolous), but the whole concept still shocks the conscience and is profoundly immoral. It's time to focus on recoveries for creditors, not wasteful distractions designed to further enrich insiders and the lawyers/professionals.

We hope Kirkland & Ellis will voluntarily write off the fees for their first try at this KEIP; if we cannot convince Kirkland & Ellis to drop this, however, we will raise it with the fee examiner and/or in a future objection to professional fees.

Respectfully Signed,

| | |
|---|---|
| Immanuel J. Herrmann | Daniel A. Frishberg |
| *Pro Se* | *Pro Se* |
| /s/ Immanuel J. Herrmann | /s/ Daniel A. Frishberg |
| April 17, 2023 | April 17, 2023 |

---

[3] Such as this $38 million mansion:

https://abovethelaw.com/2023/01/kirkland-ellis-mansion-malibu-real-estate/