WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE, REGION 2
U.S. Department of Justice
Office of the United States Trustee
One Bowling Green
New York, New York 10004
Telephone: (212) 510–0500
By: Shara Cornell, Esq.
    Mark Bruh Esq.
    Brian Masumoto, Esq.
    Trial Attorneys

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re

CELSIUS NETWORK LLC, *et al.*,[1]

Debtors.

---

Chapter 11

Case No. 22-10964 (MG)

Jointly Administered

**STATEMENT OF THE UNITED STATES TRUSTEE IN RESPONSE TO THE MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS (I) FOR AUTHORITY TO FILE A CLASS CLAIM ASSERTING NON-CONTRACT CLAIMS ON BEHALF OF ACCOUNT HOLDERS OR (II) TO APPOINT A THIRD-PARTY FIDUCIARY TO ASSERT A CLASS CLAIM ON BEHALF OF ACCOUNT HOLDERS**

TO:    THE HONORABLE MARTIN GLENN,
       CHIEF UNITED STATES BANKRUPTCY JUDGE:

William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), hereby submits his statement in response to the Motion (the "Motion") of the Official

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are as follows: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 0030.

1

Committee of Unsecured Creditors (the "Committee") (I) for Authority to File a Class Claim Asserting Non-Contract Claims on Behalf of Account Holders or (II) to Appoint a Third-Party Fiduciary to Assert a Class Claim on Behalf of Account Holders (ECF Dkt. No. 2399). In support thereof, the United States Trustee respectfully states:

The Motion seeks authority to file a class claim on behalf of "account holders" – a term undefined by the Motion – against Celsius Network Limited ("CNL") and certain other unspecified non-debtors. The Motion asserts that the Committee is the appropriate party because it is "a fiduciary for all account holders," [Motion at ¶ 6], however, it is exactly because of the Committee's much broader fiduciary duties that the relief requested is inappropriate.[2]

It is well settled that statutory unsecured creditors' committees owe a fiduciary duty to the _entire class of creditors_ represented by such committee. *In re Residential Capital, LLC ("Rescap")*, 480 B.R. 550, 559 (Bankr. S.D.N.Y. 2012) (emphasis added); *see also In re Barney's, Inc.*, 197 B.R. 431, 442 (Bankr. S.D.N.Y. 1996) (stating that a "committee and its members have a fiduciary duty to all creditors represented by the committee"). "Furthermore, this fiduciary obligation is present 'whether or not a member of a particular group is included in its membership.'" *Rescap*, 480 B.R. at 559 (citing *Mirant Ams. Energy Mktg., L.P. v. Official Comm. Of Unsecured Creditors of Enron Corp.*, No. 02-cv-6274, 2003 U.S. Dist. LEXIS 18149, WL at *26, 2003 WL 22327118 (S.D.N.Y. October 9, 2003) (citation omitted)). A committee "must guide its actions so as to safeguard as much as possible the rights of minority as well as majority creditors." *Shaw & Levine v. Gulf & W. Indus., Inc. (In re The Bohack Corp.)*, 607 F.2d 258, 262

---

[2] The Motion also seeks, alternatively, for the Court to authorize a third-party fiduciary to file and prosecute a claim against CNL and other Debtor entities on behalf of all account holders. Motion at ¶ 7. The United States Trustee takes no position as to this request. However, the United States Trustee does have concerns regarding the financial strain such an appointment would have on these bankruptcy cases. Moreover, there are also questions regarding the ultimate benefit to the bankruptcy estates, although at the current juncture of these cases it is too soon to tell.

2

n.4 (2d Cir. 1979) (citing *Woods v. City Nat'l Bank & Trust Co.*, 312 U.S. 262, 61 S. Ct. 493, 85 L. Ed. 820 (1941)). "Indeed, a committee cannot advocate on behalf of individual constituents for policy as well as practical reasons." *Rescap*, 480 B.R. at 559.

The Motion seeks relief that is inconsistent with the Committee's fiduciary duties towards *all* of its constituents and instead only focuses on one subsection. Moreover, in view of the haste in which the Motion was filed, it is scarce of any facts[3] for a reasoned party to make a decision, but it does appear that there are constituents of the Committee that will not benefit from the filing of a class claim on account of account holders. Accordingly, the Committee cannot file such a class claim and fulfill its statutory fiduciary duties.

Dated: New York, New York
April 17, 2023

Respectfully submitted,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE, Region 2

By: */s/ Shara Cornell*
Shara Cornell
Trial Attorney
One Bowling Green
New York, New York 10004
Tel. (212) 510-0500

---

[3] There are even questions regarding the relationship of the different types of account holders (*i.e.,* earn vs. withhold) and how the Committee plans to parse out those issues among its constituents.