**WHITE & CASE LLP**
David M. Turetsky
Samuel P. Hershey
Joshua Weedman
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
Email: david.turetsky@whitecase.com
       sam.hershey@whitecase.com
       jweedman@whitecase.com

– and –

**WHITE & CASE LLP**
Michael C. Andolina (admitted *pro hac vice*)
Gregory F. Pesce (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone: (312) 881-5400
Facsimile: (312) 881-5450
Email: mandolina@whitecase.com
       gregory.pesce@whitecase.com

**WHITE & CASE LLP**
Keith H. Wofford
Southeast Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131
Telephone: (305) 371-2700
Facsimile: (305) 358-5744
Email: kwofford@whitecase.com

– and –

**WHITE & CASE LLP**
Aaron E. Colodny (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, California 90071
Telephone: (213) 620-7700
Facsimile: (213) 452-2329
Email: aaron.colodny@whitecase.com

*Counsel to the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' OMNIBUS REPLY TO FIRST INTERIM FEE APPLICATIONS OF RETAINED PROFESSIONALS AND JOINDER TO DEBTORS' OMNIBUS REPLY**

The Official Committee of Unsecured Creditors (the "**Committee**") appointed in the cases

of the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**")

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

respectfully states as follows:

## Background

1.    On July 13, 2022, certain of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. On December 7, 2022, Debtors GK8 Ltd., GK8 UK Limited, and GK8 USA LLC each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2.    On July 27, 2022, the U.S. Trustee for the Southern District of New York appointed the Committee [Docket No. 241].

3.    On August 17, 2022, this Court entered the *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief* (the "**Interim Compensation Order**") [Docket No. 521].

4.    On September 15, 2022, this Court entered an order authorizing the employment and retention of White & Case LLP as counsel to the Committee [Docket No. 829].

5.    On October 18, 2022, this Court entered orders authorizing the employment and retention of: (1) Perella Weinberg Partners, LP as investment banker to the Committee [Docket No. 1096]; (2) Elementus, Inc. as blockchain forensics advisor to the Committee [Docket No. 1097]; and (3) M3 Advisory Partners, LP as financial advisor to the Committee [Docket No. 1098].

6.    On October 20, 2022, this Court entered an order appointing Judge Christopher Sontchi as the Independent Fee Examiner (the "**Fee Examiner**") [Docket No. 1151] (the "**Fee Examiner Order**").

7.    On November 4, 2022, M3 filed its first monthly statement. [Docket No. 1287].

8.    On November 7, 2022, Mr. Ubiernas de las Heras, appearing *pro se*, filed the *Notice of Objection to First Fee Statement of M3* [Docket No. 1297] (the "**Ubiernas Objection**").

9.     On or about December 15, 2022, substantially all of the professionals filed their first interim fee applications for the period from the Petition Date through October 31, 2022 (the "**First Interim Fee Applications**") [Docket Nos. 1715, 1716, 1718, 1720] pursuant to the Interim Compensation Order.

10.    On December 19, 2022, this Court enter the *Amended Order Appointing Independent Fee Examiner and Establishing Related Procedures for the Review of Fee Applications of Retained Professionals* (the "**Amended Fee Examiner Order**") [Docket No. 1746].

11.    On January 4, 2023, Mr. Frishberg, appearing *pro se*, filed *Daniel A. Frishbergs'* [sic] *Omnibus Objection to the First Interim Fee Application of Kirkland & Ellis LLP and Kirkland and Ellis International LLP, Attorneys for the Debtors and Debtors in Possession, for the Interim Fee Period from July 13, 2022 Through and Including October 31, 2022 and Other Various Professionals' Fee Applications* [Docket No. 1823] ("**First Frishberg Objection**") to substantially all of the First Interim Fee Applications.[2]

12.    On February 2, 2023, Mr. Frishberg filed the *Daniel A. Frishbergs'* [sic] *Omnibus Objection to Various Professionals' Fee Applications* [Docket No. 1977] (the "**Second Frishberg Objection**", together with the First Frishberg Objection and the Ubiernas Objection, collectively, the "**Objections**"), to the December monthly statements of substantially all of the professionals.[3]

13.    As set forth in the Amended Fee Examiner Order, the Fee Examiner reviewed the

---

[2]  In the First Frishberg Objection, Mr. Frishberg objected to, among other pleadings, (1) the First Interim Fee Applications of: (a) White & Case LLP [Docket No. 1715]; (b) M3 Advisory Partners, LP [Docket No. 1716]; (c) Elementus Inc. [Docket No. 1718]; and (d) Perella Weinberg Partners LP [Docket No. 1720]; and (2) the Fourth Monthly Fee Statement of Elementus Inc. [Docket No. 1776].

[3]  In the Second Frishberg Objection, Mr. Frishberg objected to, among other pleadings, (1) the First Monthly Fee Statement of Gornitzky & Co. [Docket No. 1897]; (2) the Fifth Monthly Fee Statement of Elementus, Inc. [Docket No. 1898]; and (3) the Fourth Monthly Statement of White & Case LLP [Docket No. 1899].

First Interim Fee Applications and prepared confidential letter reports for each professional. Thereafter, throughout February and March 2023, the Fee Examiner conferred with the professionals regarding their First Interim Fee Applications and consensually resolved the concerns raised in the confidential letter reports (including, for the avoidance of any doubt, with respect to the Committee's professionals).

14. On April 7, 2023, the Fee Examiner filed the *Fee Examiner's Summary Report on Fee Review Process and First Interim Fee Applications Scheduled for Uncontested Hearing on April 18, 2023* (the "**First Interim Report**"), recommending the approval of the professionals' fees and expenses in the First Interim Fee Applications subject to the reductions therein agreed to with the professionals. [Docket No. 2387]. Further, the Fee Examiner recommended that the First Frishberg Objection be overruled. *Id*.

### Joinder

15. The Committee joins in the *Debtors' Omnibus Reply to Objections to First Interim Fee Applications of Retained Professionals* [Docket No. 2483] (the "**Debtors' Reply**") and adopts the arguments set forth in the Debtors' Reply as if those arguments were the Committee's own arguments.

### Reply

16. In addition to the arguments set forth in the Debtors' Reply, the Committee files this Reply (the "**Reply**") in support of its professionals' fee applications. Since the outset of these cases, the Committee, with the assistance of its professionals, has acquitted its fiduciary duties on behalf of account holders and other unsecured creditors to address the complex and, in many cases, novel, issues presented by these cases. Those activities have required the Committee's professionals to spend significant time addressing a variety of matters in light of the circumstances under which these cases were commenced, the significant evidence of fraud and malfeasance by

the Debtors' founders and prepetition management, and the complex issues raised by the marketing process to identify the exit strategy that maximizes value for the Committee's constituency.

## I. The Frishberg Objections Should be Overruled.

17. The Court should overrule the First Frishberg Objection and the Second Frishberg Objection (together, the "**Frishberg Objections**"), which are requests to transfer venue of these cases masquerading as fee objections. As stated in the Debtors' Reply, venue for these cases is entirely proper in this District. Moreover, no party—including the U.S. Trustee—has objected to the pendency of these cases in this District. The reason for that is obvious: venue is in fact proper in these cases.[4]

18. To the extent the Frishberg Objections are construed as an objection to the interim fee applications, the Court should also overrule the Frishberg Objections because it lacks specific objections to the fees or expenses sought by the Committee's professionals; rather, it is replete with generalized statements about the objector's opposition to the costs of the bankruptcy process overall. *See In re Blackwood Assocs., L.P.*, 165 B.R. 108, 112 (Bankr. E.D.N.Y. 1994) ("[An] [o]bjector must, at some point, identify any allegedly improper, insufficient, or excessive entries and direct the Court's attention to them. The objector should also be able to identify a reason why [such entries] . . . are not reasonable . . . and offer evidence supporting its position.") (internal citations omitted); *see also*, *Kelsey v. Great Lakes Higher Educ. Corp. (In re Kelsey)*, 272 B.R. 830, 834 (Bankr. D. Vt. 2002) ("Similarly, those challenging an attorney's fee application must articulate their objection with specificity, indicating particular entries that seem unreasonable, rather than expounding conclusory statements that applicant is seeking too much compensation.").

---

[4] Although this Court has stated that parties should not object to relief solely on procedure, the Committee includes the following statement in the interest of completeness: The Second Frishberg Objection should be overruled as procedurally improper. Mr. Frishberg is not one of the parties authorized to object to a professional's monthly statement. *See* [Docket No. 1745 ¶ 3.a., 3.d.].

19. Moreover, even if Mr. Frishberg's objections to certain time entries or expenses were valid, those concerns were addressed by the Fee Examiner's exhaustive review of the fee applications and the resolutions agreed to by the Committee's professionals. Those reductions total $353,099.34, including $252,516.61 from White & Case.

## II.    The Ubiernas Objection Should Be Overruled.

20. The Court should also overrule Mr. Ubiernas's objection for similar reasons. More specifically, Mr. Ubiernas raised three points with respect to M3's monthly statement. Specifically, Mr. Ubiernas objected to certain meal expenses, an "Asana" expense, and to fees earned on account of long hours worked by Committee professionals [Docket No. 1287].

21. In connection with the First Interim Report, M3 has agreed with the Fee Examiner to waive its expenses in connection with Asana; corrected the meal allowance to comply with the Court's guidelines; and adequately explained to the Fee Examiner the necessity of the many hours of services expended in these chapter 11 cases to the Fee Examiner. Accordingly, with respect to the two expenses, the Ubiernas Objection is moot.

22. The Court should also overrule the Ubiernas Objection with respect to his objection to the "long hours" billed by M3 for the reasons cited by the Fee Examiner in his report regarding this topic [Docket No. 2387 ¶¶ 25-27].

## Conclusion

WHEREFORE, for the reasons set forth herein, the Committee respectfully requests that the Court overrule the Objections, grant the First Interim Fee Applications, and grant such other and further relief as is just and proper.

| | |
|---|---|
| Dated: April 17, 2023<br>New York, New York | Respectfully submitted,<br><br>*/s/ Gregory F. Pesce*<br>**WHITE & CASE LLP**<br>David M. Turetsky<br>Samuel P. Hershey<br>Joshua Weedman<br>1221 Avenue of the Americas<br>New York, New York 10020<br>Telephone: (212) 819-8200<br>Facsimile:  (212) 354-8113<br>Email: david.turetsky@whitecase.com<br>          sam.hershey@whitecase.com<br>          jweedman@whitecase.com<br><br>– and –<br><br>**WHITE & CASE LLP**<br>Michael C. Andolina (admitted *pro hac vice*)<br>Gregory F. Pesce (admitted *pro hac vice*)<br>111 South Wacker Drive, Suite 5100<br>Chicago, Illinois 60606<br>Telephone: (312) 881-5400<br>Facsimile:  (312) 881-5450<br>Email:  mandolina@whitecase.com<br>           gregory.pesce@whitecase.com<br><br>– and –<br><br>**WHITE & CASE LLP**<br>Keith H. Wofford<br>Southeast Financial Center<br>200 South Biscayne Blvd., Suite 4900<br>Miami, Florida 33131<br>Telephone: (305) 371-2700<br>Facsimile:  (305) 358-5744<br>Email: kwofford@whitecase.com<br><br>– and –<br><br>**WHITE & CASE LLP**<br>Aaron E. Colodny (admitted *pro hac vice*)<br>555 South Flower Street, Suite 2700<br>Los Angeles, California 90071<br>Telephone: (213) 620-7700<br>Facsimile:  (213) 452-2329<br>Email:  aaron.colodny@whitecase.com<br><br>*Counsel to the Official Committee of Unsecured Creditors* |