UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered.) |
| | ) | |

# DANIEL A. FRISHBERGS STATEMENT ABOUT HIS FEE OBJECTION

Daniel A. Frishberg ("Mr. Frishberg") hereby files this reply/statement (the "Reply") about *Daniel A. Frishberg's Omnibus Objection to the First Interim Fee Application of Kirkland & Ellis LLP and Kirkland & Ellis International LLP, Attorneys for the Debtors and Debtors in Possession, for the Interim Fee Period from July 13, 2022 Through and Including October 31, 2022 and Other Various Professionals Fee Applications* (the "Objection", ECF Docket No. 1823) in response to the Fee Examiner's Statement (ECF Docket No. 2387), and communications from the Unsecured Creditors Committee (the "UCC"). Mr. Frishberg respectfully states as follows:

## Preliminary Statement

The Fee Examiner previously recommended that the court overrule my Objection, since he was one of the named parties that I objected to, that is no longer so, I am dropping my

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

objection to the fees of the examiner/their counsel (as well as most of my objections to fees). At the time when I filed my objection, I did not believe that the Fee Examiner did anything, as I did not see any public filings or action. I later learned that Fee Examiner's typically work behind the scenes in the shadows. Since then, the Fee Examiner has filed a Statement about what actions he has taken and how much he has saved the estate. It has also come to my attention that (at a minimum, there may be more professionals who billed) both White & Case, and Kirkland & Ellis have billed for my Objection to fees, which they **are not allowed to do due to it violating Supreme Court precedent**, so I object to those fees as well (and any associated expenses, and any other professionals which billed for fees to do with fee objections).

## Argument

I hereby officially partially withdraw[2] my objection and strike all references to the venue in my Objection. I still maintain, and believe that the venue is not correct or proper, but I withdraw it to save everyone time, and the estate money. As enough time, and estate resources are already being frivolously wasted by the Debtors via various means, including but not limited to filing a frivolous and meritless KERP (purportedly a KEIP) Motion. I also officially withdraw my Objections to the Fee Examiner's (high) fees, but not to the named (in my objection) expenses, such as food expenses over the statutory limit of $20. I withdraw all[3] Objections to fees (and reasonable expenses, ie not expenses over the statutory limit, assuming any still exist, such as the fee examiner expensing over $50 for pizza without clarifying if it was for only one person, or multiple (at least three for it to be able to be expensed).)

---

[2] Mr. Frishberg reserves all rights.
[3] Bar some fees to do with the Voyager matter.

## **Voyager**

I object to any and all fees/expenses incurred in relation to filing a motion to allow Celsius to file a late proof of claim. Those fees and expenses were 100% Kirkland & Ellis's fault. There is no excuse on Kirkland's part. As the Voyager Court noted: "Kirkland and Ellis filed a declaration at the end of August in response to this objection that said that Voyager had been a customer of Celsius, and that Voyager had withdrawn most of what had been in its accounts". Kirkland & Ellis at a minimum, should not only compensate Celsius/the estate for the lost claim, but any and all expenses/damages that were incurred attempting to clean up their mess. Either Kirkland maliciously did not file the claim (which is unlikely), or it was due to gross negligence/incompetence/malpractice. The Voyager Notice of Bar Date[4] was filed by Mr. Joshua A. Sussberg. Mr. Joshua A. Sussberg also has filed the majority of the filings in the Celsius case. So how could Mr. Sussberg not know about the *very bar date that he filed a notice for*?

**BY ORDER OF THE COURT**

| | |
|---|---|
| New York, New York | /s/ Joshua A. Sussberg |
| Dated: August 12, 2022 | **KIRKLAND & ELLIS LLP** |
| | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| | Joshua A. Sussberg, P.C. |
| | Christopher Marcus, P.C. |
| | Christine A. Okike, P.C. |
| | Allyson B. Smith (admitted *pro hac vice*) |
| | 601 Lexington Avenue |
| | New York, New York 10022 |
| | Telephone: (212) 446-4800 |
| | Facsimile: (212) 446-4900 |
| | Email: jsussberg@kirkland.com |
| | cmarcus@kirkland.com |
| | christine.okike@kirkland.com |
| | allyson.smith@kirkland.com |

*Counsel to the Debtors and Debtors in Possession*

There are many more arguments and examples to be made, but for judicial economy, and since the consequences of retaining Kirkland over numerous objections, speak for themselves, as

---

[4] https://case.stretto.com/cases/voyager/voyg%20-%20bar%20date%20notice.pdf

does the transcript from the hearing[5] in the Voyager case to allow Celsius to file a late proof of claim. As the Voyager Court noted, the blame for this lies on Kirkland & Ellis for failing to file a timely proof of claim. As the Voyager Court also noted, I (and other *pro se*) objected to Kirkland & Ellis's retention due to the conflicts with Voyager. It is now clear that there are clear, major conflicts, and they have hurt creditors significantly.

## Venue

The reason why venue is not correct and proper, is because the Debtors (presumably Kirkland & Ellis was the brains behind this) forum shopped their way to the Southern District of New York (which is quite curious since they had a very long boycott of SDNY) since the SDNY rarely appoints Trustees as a precedent, and instead prefers Examiners (even in cases that warrant it, such as this one). The Debtors now claim that even if the venue was improper, my Objection is "untimely". Not so. As they noted "*pro se* creditors ought to be provided with greater leeway than parties represented by counsel", regardless of my *pro se* status, the Objection is timely, since as the Debtors noted, most bankruptcies stretch for over 22 months. Objecting within 6 months (which is about 30% into the bankruptcy) is timely enough. I ask that this court make a ruling on whether the venue is correct and proper, before ruling on if it is timely.

The Debtors specifically forum shopped the Southern District of New York because it is *extremely* **Debtor** friendly, and they *knew* that a trustee would **not** be appointed, thereby allowing the fraudsters (some of which are still in control, and at least one[6] of which has been put

---

[5] Which will be filed on the docket immediately after this statement.
[6] Mr. Cohen participated in founding this fraudulent company, and benefited from it. According to Jason Stone (who is admittedly not the most trustworthy source, but he is a primary source) was the brains

forward frivolously for a bonus) to remain in control. Kirkland & Ellis would not lightly chose to file one of it's first bankruptcy cases in SDNY after the boycott, if they did not feel that it would represent the best chance of allowing current management to remain in control (which at the time was effectively Alex Mashinsky, who organized this entire scam, and who's greed has ruined hundreds of thousands of people's lives). Mastermind Roni Cohen Pavon, who may well be as culpable as Mashinky but is a more behind-the-scenes player, *is not only on staff*, but has t**he audacity to use creditor funds to ask this Court to approve a bonus for him** through a meritless and frankly frivolous KERP Motion styled as a KEIP, (as I and the U.S. Trustee have both noted.)

As the US Trustee noted numerous times, the Debtors never seem to have a plan, and their purported plan keeps changing. Also as the US Trustee has noted, Celsius has not been operating as a business, or having any inflows since the pause. The only inflows are either residual, or passive by staking (customers') ETH. They have had massive, exorbitant outflows.

### Excessive Fees

An example of Kirkland & Ellis filing a motion simply to collect fees is their purported KEIP Motion, which as the US Trustee pointed out, has numerous fatal flaws (other than just the participants in the plan, some of which should be in jail, and have their assets seized to benefit creditors, not be paid another bonus, on top of the millions they received in previous bonuses and salaries).

---

behind the scam. Mr. Ferraro also knew about the misrepresentations, and other crimes/wrongdoing which occurred, and yet chose to do nothing and to not blow the whistle. Mr. Ferraro, Mr. Cohen, and other insiders have benefited from this prolonged bankruptcy, collecting multiples of millions of dollars, which should be returned to creditors, and not paid to the very people responsible for this situation.

As I noted in another filing, Kirkland & Ellis should be ordered to compensate the estate for their frivolous filing of the purported KEIP motion, which (in its current form) will never pass, due to the case law of the very district which they boycotted for years, and then later forum shopped their way into. Kirkland & Ellis, and White & Case (and any other parties that billed in relation to the fee objection) should also have their fees denied for directly violating Supreme Court precedent and knowingly billing for what they themselves referred to as a Fee Objection (see Exhibit A, B, C, D and E). If Kirkland & Ellis, and White & Case do not drop their fee requests, I will object to them, regardless of whatever case management procedures/local rules purportedly say, since Supreme Court precedent overrides *any* local rule/case management procedures. If necessary, I will file a Motion to do so, asking the Court to overturn restrictions on *pro se* objections, which are likely unconstitutional.

## Fee Objection Billed For Fees Against SCOTUS Precedent

White & Case (and presumably Kirkland & Ellis) claimed that my fee objection (which they stated numerous times was a fee objection) was a motion for a change of venue disguised as a fee objection, so they claimed that they were able to bill for it. Even if this was so (which it was not), all they had to do was simply either give me a call, or send me an email informing me that it was improper, and that I should file a motion for a change of venue separate from my fee objection. They did not do that. They instead chose to bill the estate tens of thousands of dollars for unnecessary legal work. I understand that some big firms (and from what I heard, some big firm lawyers, especially New York lawyers) think that they are too high and mighty to associate/negotiate/communicate with lowly *pro se*'s such as myself, but I do not think that is the

case here (and even if it was the case, they still have a fiduciary duty to the estate, and their clients to not rack up unnecessary fees to preserve their own fragile egos), since both White & Case, and Kirkland & Ellis have communicated quite well with *pro se* (on most occasions, on a rare occasion they play the childish game of pretending to not see an email, and hoping that I go away, which clearly does not work with me), such as myself. They even were able to negotiate, and reach a deal with the *pro se* appellants (and were very close to reaching a deal with the bellwethers). The only explanation for this is that Kirkland & Ellis and White & Case wanted the legal fees, since they have both my phone number, and my email, and could have easily asked me to amend my Objection to remove mentions of venue (such as when White & Case asked me to amend my objection to a further extension of exclusivity which "erroneously" stated that they represented TerraWulf). Instead they chose to bill the estate for tens of thousands of dollars worth of unnecessary legal fees (which could have been avoided if they simply sent me an email).

  Allowing Kirkland & Ellis and White & Case (and any other professionals) to bill for a fee objection by claiming they are something which it clearly is not (since they both called it a fee objection, and it clearly had fee objection in the title and stated "I object to fees"), would set a extremely dangerous precedent. This precedent could allow someone to attempt to argue (potentially successfully) that they billed for a work to reply to a fee objection, claiming it is a transportation (or any number of various federal/state/bankruptcy codes/rules, which I do not know as I am *pro se*, and I request all of the previous *pro se* relief I requested).

For the avoidance of any doubt, I still object to any expenses that are not allowed, that have not been resolved by the fee examiner (assuming there are any, since there was not a itemized breakdown of them), such as, but not limited to expensing multiple meals within a short time span (I believe it is 8 hours per meal, or something like that), and meals over the $20 statutory limit (such as the over $50 the fee examiner expensed at a pizza place).

Respectfully Signed,

Daniel Frishberg, *Pro Se*,

/s/*Daniel A. Frishberg*

4/17/2023

# CERTIFICATE OF SERVICE

I certify that on Monday, April 17th, 2023, a true and correct copy *Daniel A. Frishbergs Statement About The Fee Objection*, was filed with the Clerk of the United States Bankruptcy Court in the Southern District of New York, and served upon the Core/2002 service list by electronic mail, in accordance with the SDNY Bankruptcy Court's *Amended Final Order (I) Establishing Certain Notice, Case Management, And Administrative Procedures, And (II) Granting Related Relief* (ECF Docket No. 1181).

Respectfully Signed,

Daniel Frishberg, *Pro Se*

04/17/2023

/s/*Daniel A. Frishberg*

**EXHIBIT A:**

| Date | Name | Hours | Description |
|---|---|---|---|
| 01/05/23 | Susan D. Golden | 1.20 | Telephone conferences with G. Pesce re Frishberg Venue/Fee objection (.4); telephone conference with C. Koenig re response to Frishberg Venue/Fee Objection (.4); correspond with D. Latona, R. Kwasteniet, P. Nash re deposition of Dr. Levy per Frishberg motion for reconsideration (.4). |

**EXHIBIT B:**

| Date | Name | Hours | Description |
|---|---|---|---|
| 01/09/23 | Rebecca J. Marston | 1.60 | Review and analyze venue research (.5); telephone conference with A. Xuan re reply to venue/fee objection (.3); correspond with A. Xuan re same (.3); correspond with J. Mudd re invoice review (privilege and confidentiality) (.5). |

**EXHIBIT C:**

| 01/12/23 | Rebecca J. Marston | 0.20 | Correspond with A. Xuan re fee/venue reply to interim fee objection. |

**EXHIBIT D:**

| 01/12/23 | Alex Xuan | 0.50 | Research re reply to pro se fee objection. |
| 01/12/23 | Tanzila Zomo | 1.00 | Draft and revise reply to Frishberg fee/venue objection. |
| 01/13/23 | Rebecca J. Marston | 1.40 | Correspond with A. Xuan, A&M re fee/venue objection to interim fee applications (.8); correspond with J. Mudd, A. Wirtz re same (.6). |

**EXHIBIT E:**

**Responding to Fee Objections or Comments**

| Date | Description | Timekeeper | Hours |
|---|---|---|---|
| 2 February 2023 | Telephone conference with G. Pesce re: Frishberg filing (0.1); review various documents re: Frishberg objection (0.4); draft joint correspondence with chambers re: same (0.3); correspond with C. Koenig and S. Golden (K&E) re: response to Frishberg filing (0.5). | S Ludovici | 1.30 |
| 3 February 2023 | Revise draft correspondence with chambers re: Frishberg objection. | S Ludovici | 0.10 |
| 7 February 2023 | Correspond with A. Wirtz and others (K&E) re: Frishberg objection (0.3); correspond with interested party re: December statement (0.2). | S Ludovici | 0.50 |