**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**ORDER GRANTING THE MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS (I) FOR AUTHORITY TO FILE A CLASS CLAIM ASSERTING NON-CONTRACT CLAIMS ON BEHALF OF ACCOUNT HOLDERS OR (II) TO APPOINT A THIRD-PARTY FIDUCIARY TO ASSERT NON-CONTRACT CLAIMS ON BEHALF OF ACCOUNT HOLDERS**

Upon the motion [Docket No. 2399] (the "**Motion**")[2] of the Committee for entry of an order (this "**Order**") authorizing the Committee and any specified lead claimant or claimants to file the class claim or other representative action (as appropriate) asserting non-contract claims of account holders against the Debtors, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, entered February 1, 2012; and this Court having found that it may enter a final order consistent with Article III of the United States Constitution and that this matter is a core matter pursuant to 28 U.S.C. § 157; and this Court having found that venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] Capitalized terms used but not defined herein have the meanings given to them in the Motion.

found that the notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and that no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court; and this Court having heard and considered any and all objections, reservations of rights, and responsive pleadings filed with respect to the Motion and statements in support thereof; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1. The Motion is granted as set forth in this Order.

2. Any objections filed with respect to the Motion are overruled with prejudice

3. Under Bankruptcy Rule 9014(c), Bankruptcy Rule 7023 shall apply in this matter. The Committee and any specified lead claimant or claimants are authorized to file the class claim asserting non-contract claims on behalf of account holders against CNL and any other Debtor. The Committee shall serve this Order and the class claim on account holders by publication on the Committee's case website and by electronic mail using the service list provided by the Debtors' claims and noticing agent.

4. The Committee is directed to file a motion under Bankruptcy Rule 7023 for certification of the class claim as soon as is practicable after the filing of the Class Claim. The Committee and other parties in interest shall meet and confer on a discovery and briefing schedule with respect to class certification, which schedule shall be subject to approval by this Court. To the extent the Court conducts a hearing on class certification, such hearing shall occur at or before any hearing in connection with confirmation of a proposed chapter 11 plan for the Debtors. For

the avoidance of doubt, litigation regarding class certification shall not preclude or delay any litigation regarding the merits of the class claim.

5. The Committee shall assert the class claim in concert with a lead claimant(s) who shall be an account holder(s) with amounts in Earn accounts. The rights of all parties in interest to object to the allowance or certification of the class claim, or to the identity of the parties who will act as class representatives with respect to the class claim, are fully preserved and may be asserted in the claims allowance or certification litigation regarding the class claim.

6. The Committee and the lead claimant(s) shall evaluate claims for fraud, fraudulent inducement, Ponzi scheme misconduct, negligent misrepresentation, restitution, and rescission as potential class claims.

7. If a class is certified under Bankruptcy Rule 7023, the Committee shall provide account holders with notice and an opportunity to opt-out of the prosecution, voting, and settlement of the class claim, with such notice and opt-out procedures subject to approval by this Court.

8. All claimants' rights under Section 1126 of the Bankruptcy Code and Bankruptcy Rule 3018 are preserved.

9. The class claim shall only assert causes of action against the Debtors.

10. The Committee shall consult with the Securities Plaintiffs regarding the claims to be asserted in the class claim.

11. The bar date for claims set forth in the *Notice of Amended Bar Date for Submission of Proofs of Claim* [Dkt. No. 2310] is tolled pending an order of the Court with respect to the certification of the putative class under Bankruptcy Rule 7023.

12. Nothing in this Order shall preclude the Committee from seeking any other relief or asserting any other claim or cause of action.

13. The Committee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

14. This Court shall retain exclusive jurisdiction to hear and determine all matters arising from the implementation of this Order.

**IT IS SO ORDERED.**

Dated: April 18, 2023
New York, New York

　　　　　　　　　　　　　　　　　　　　　　　　/s/ Martin Glenn
　　　　　　　　　　　　　　　　　　　　　　　　MARTIN GLENN
　　　　　　　　　　　　　　　　　　　　　　　　Chief United States Bankruptcy Judge