**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## ORDER (I) APPROVING THE SETTLEMENT
## BY AND AMONG THE DEBTORS, THE COMMITTEE, AND THE
## WITHHOLD AD HOC GROUP AND (II) GRANTING RELATED RELIEF

Upon the Motion[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), the Committee, and the Withhold Ad Hoc Group (collectively, the "Parties") for entry of an order (this "Order") (i) approving the Settlement, as embodied in the Settlement Agreement attached hereto as **Exhibit 1**, by and among the Parties and (ii) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the *Joint Motion for Entry of an Order (I) Approving the Settlement by and Among the Debtors, the Committee, and the Withhold Ad Hoc Group and (II) Granting Related Relief* [Docket No. 2334] (the "Motion").

the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in

interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a

hearing thereon were appropriate under the circumstances and no other notice need be provided;

and this Court having reviewed the Motion and having heard the statements in support of the relief

requested therein at a hearing before this Court (the "Hearing"); and this Court having determined

that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for

the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

HEREBY ORDERED THAT:

1.     The Motion is granted as set forth herein.

2.     The Settlement Agreement, attached hereto as **Exhibit 1**, is approved.

3.     Pursuant to Bankruptcy Rule 9019, the Parties are authorized to enter into and

perform the Settlement as embodied in the Settlement Agreement, and perform, execute, and

deliver all documents, and take all actions necessary, to immediately continue and fully implement

the Settlement in accordance with the terms, conditions, and agreements set forth or provided for

in the Settlement Agreements.

4.     Notwithstanding anything to the contrary in the Withdrawal Order and the

Withdrawal Notice, the Debtors are authorized to distribute to Settling Withhold Account Holders

the Withhold Settlement Payments.

5.     Withhold Settlement Payments shall be permitted to be withdrawn by Settling

Withhold Account Holders net of any gas fees or transaction costs (or a fee approximating such

costs) necessary to effectuate the withdrawal or transfer of Withhold Settlement Payments to

customers; *provided*, that no digital assets shall be permitted to be withdrawn unless the account

balance of the Settling Withhold Account Holder is sufficient to satisfy any gas fees or transaction

costs (or a fee approximating such costs) necessary to effectuate the withdrawal or transfer of digital assets to such Settling Withhold Account Holder.

6. The notice requirements under Bankruptcy Rule 6004(a) are hereby waived.

7. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

8. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

9. This Order shall bind the Parties, their estates and any successors or assigns, including without limitation any trustee, liquidating trustee, or other estate representative.

10. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**IT IS SO ORDERED.**

Dated: April 20, 2023
     New York, New York

                                  **/s/ Martin Glenn**
                                  MARTIN GLENN
              Chief United States Bankruptcy Judge

# EXHIBIT 1

**Settlement Agreement**

# SETTLEMENT AGREEMENT

This Settlement Agreement (this "Settlement Agreement") is made as of March 28, 2023, among Celsius Network LLC and its debtor affiliates (collectively, the "Debtors" and, together with their non-debtor affiliates, "Celsius"),[1] the Official Committee of Unsecured Creditors (the "Committee"), and members of the Ad Hoc Group of Withhold Account Holders (the "Withhold Ad Hoc Group") that execute the Settlement Agreement prior to the entry of the Settlement Order (as defined herein) (such settling members, the "Settling Withhold Account Holders," and together with the Debtors, the Committee, and the Withhold Ad Hoc Group, the "Parties") signatory hereto.  The Parties hereby agree as follows.[2]

A.    **WHEREAS**, on July 13, 2022 (the "Petition Date"), certain of the Debtors[3] filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

B.    **WHEREAS**, prior to the Petition Date, members of the Withhold Ad Hoc Group— as well as all other individuals and entities—incurred balances associated with Celsius' "Withhold" accounts (the "Withhold Accounts") by (i) transferring certain cryptocurrency assets to Celsius' platform that were not eligible for any given service and not supported on the platform (the "Ineligible Withhold Assets"); or (ii) making transfers of cryptocurrency assets from Celsius' "Earn" program in states in which Celsius did not offer the "Custody" program (the "Transferred Withhold Assets," and together with the Ineligible Withhold Assets, the "Withhold Assets").

C.    **WHEREAS**, on September 1, 2022, the Debtors filed the Withdrawal Motion, seeking the Court's authorization to return to holders of Withhold Accounts the Ineligible Withhold Assets that the Debtors believed were not property of the Debtors' estates and not subject to the Debtors' potential preference avoidance or setoff actions, among other relief.[4]

---

[1]    The Debtors include the following:  Celsius Network LLC; Celsius KeyFi LLC; Celsius Lending LLC; Celsius Mining LLC; Celsius Network Inc.; Celsius Network Limited; Celsius Networks Lending LLC; Celsius US Holding LLC; GK8 Ltd.; GK8 UK Limited; and GK8 USA LLC.

[2]    Capitalized terms used in the recitals but not otherwise defined therein shall have the meanings ascribed to them in the "Definitions" section.  Capitalized terms used but not otherwise defined in this Settlement Agreement shall have the meanings ascribed to them in the Withdrawal Order or the Settlement Term Sheet, as applicable.

[3]    Debtors GK8 Ltd., GK8 USA LLC, and GK8 UK Limited filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code on December 7, 2022.

[4]    Withdrawal Motion ¶¶ 4, 5, 10.  In the Withdrawal Motion, the Debtors requested to maintain possession of all Withhold Assets (a) that had been transferred into the Withhold Accounts from the Earn Program or the Borrow Program, with respect to which the aggregate value of such transfer(s) was equal to or greater than $7,575, or (b) that belonged to holders of Withhold Account with outstanding obligations owed to the Debtors through the Debtors' Borrow Program.  *Id.* ¶¶ 4, 6.  As of the filing of the Withdrawal Motion, however, the Debtors believed that this second exclusion pertains only to holders of assets associated with the "Custody" program (the "Custody Program," and the accounts associated with Custody Program, the "Custody Accounts").  *Id.* ¶ 6, n.5.

D.      **WHEREAS**, on September 7, 2022, the Withhold Ad Hoc Group filed the Withhold Lift Stay Motion, seeking relief from the automatic stay with respect to the Withhold Accounts and an order from the Bankruptcy Court authorizing members of the Withhold Ad Hoc Group to withdraw Withhold Assets from their Withhold Accounts.[5]

E.      **WHEREAS**, the Parties agreed to negotiate a scheduling order to resolve certain issues related to Withhold Assets on a consolidated basis.

F.      **WHEREAS**, on October 13, 2022, the Court approved the Scheduling Order whereby in Phase I (as defined in the Scheduling Order), the Parties would brief (a) whether Withhold Assets are property of the Debtors' estates, including whether Celsius' Terms of Use are unambiguous on the issue of ownership of Withhold Assets; and (b) if Withhold Assets are not property of the Debtors' estates, whether the Debtors should nonetheless be allowed to continue to hold Withhold Assets, and maintain the status quo, with respect to individuals and/or accounts where the Debtors have potentially viable claims, including, without limitation, preference claims (collectively, the "Withhold Issues").

G.      **WHEREAS**, on November 5, 2022, the Parties filed their respective opening briefs [Docket Nos. 1289, 1290, and 1291].  On December 2, 2022, the Parties filed their respective response briefs [Docket Nos. 1567, 1571, and 1573].

H.      **WHEREAS**, on December 7, 2022, the Court held a hearing (the "December 7 Hearing") on the Withhold Issues and indicated a "strong preference" for the Withhold Ad Hoc Group to proceed with Phase II (as defined in the Scheduling Order).

I.      **WHEREAS**, on December 20, 2022, the Court entered the Withdrawal Order, (a) finding that Ineligible Withhold Assets are not property of the Debtors' estates under section 541 of the Bankruptcy Code, (b) directing the Parties to meet and confer to determine which digital assets on the Debtors' platform qualify as Ineligible Withhold Assets, and (c) granting the Withdrawal Motion in part to authorize the Debtors to open withdrawals for the Ineligible Withhold Assets.[6]

J.      **WHEREAS**, as of the date hereof, the Debtors are in the process of preparing a list and distribution schedule related to the Ineligible Withhold Assets, and the Court has not ruled on whether the Transferred Withhold Assets are property of the Debtors' estates.

K.      **WHEREAS**, shortly after the December 7 Hearing, the Parties began discussions on a potential settlement of the Phase II issues and the Transferred Withhold Assets.

L.      **WHEREAS**, during the hearing on March 8, 2023, the Debtors and the Withhold Ad Hoc Group represented to the Court that the Parties have reached an agreement in principle with respect to the Transferred Withhold Assets.

---

[5]     Withhold Lift Stay Motion at 1.

[6]     Withdrawal Order ¶¶ 1–2.

M.    **WHEREAS**, following good faith and arm's-length negotiations, on March 28, 2023, the Parties reached an agreement on the terms of this settlement as set forth in the settlement term sheet attached hereto as **Exhibit A** (the "Settlement Term Sheet," and this settlement, the "Settlement").

NOW, THEREFORE, it is hereby agreed to by and among the Parties:

## Definitions

a.    "Allowed Withhold Claim" means any allowed Withhold Claim held by a Settling Withhold Account Holder, as identified in the signature pages to this Settlement Agreement, with respect to which the Debtors and the Settling Withhold Account Holder agree as to the amount.

b.    "Aggregator Wallets" has the meaning set forth in the Blonstein Declaration.

c.    "Bankruptcy Code" has the meaning set forth in the recitals.

d.    "Bankruptcy Court" has the meaning set forth in the recitals.

e.    "Blonstein Declaration" means the *Declaration of Oren Blonstein, Head of Innovation and Chief Compliance Officer of Celsius Network Limited, with Respect to Certain Phase I Issues Pursuant to the Joint Stipulation and Agreed Scheduling Order by and Among the Debtors, the Committee, and the Ad Hoc Groups with Respect to the Custody and Withhold Issues* [Docket No. 1192].

f.    "Celsius" has the meaning set forth in the preamble.

g.    "Celsius App" means the Debtors' mobile application.

h.    "Committee" has the meaning set forth in the preamble.

i.    "Conversion Table" means **Exhibit A** attached to the *Notice of Filing of Cryptocurrency Conversion Rates* [Docket No. 1420]

j.    "Debtors" has the meaning set forth in the preamble.

k.    "December 7 Hearing" has the meaning set forth in the recitals.

l.    "Earn Claim" means any account holder Claim arising out of or related to Celsius' "Earn" program.

m.    "Ineligible Withhold Assets" has the meaning set forth in the recitals.

n.    "Insider" has the meaning set forth in section 101(31) of the Bankruptcy Code.

o.    "Non-Settling Withhold Account Holders" means Holders of Withhold Claims that are either (i) not members of the Withhold Ad Hoc Group or (ii) members of the Withhold Ad Hoc Group that do not elect to participate in the Settlement.

p.       "Parties" has the meaning set forth in the preamble.

q.       "Petition Date" has the meaning set forth in the recitals.

r.       "Plan" means any joint chapter 11 plan filed by the Debtors.

s.       "Scheduling Order" means the *Joint Stipulation and Agreed Scheduling Order by and Among the Debtors, the Committee, and the Ad Hoc Groups with Respect to the Custody and Withhold Issues* [Docket No. 1044].

t.       "Settlement Agreement" has the meaning set forth in the preamble.

u.       "Settlement Motion" means the *Joint Motion for Entry of an Order (I) Approving the Settlement By and Among the Debtors, the Committee, and the Withhold Ad Hoc Group and (II) Granting Related Relief*, filed contemporaneously herewith.

v.       "Settlement Order" means any order entered by the Bankruptcy Court approving the Settlement Motion and this Settlement Agreement, which order shall be in a form reasonably acceptable to each of the Parties.

w.       "Settlement Term Sheet" has the meaning set forth in the recitals.

x.       "Settling Withhold Account Holders" has the meaning set forth in the preamble.

y.       "Transferred Withhold Assets" has the meaning set forth in the recitals.

z.       "Withdrawal Motion" means the *Debtors' Motion Seeking Entry of an Order (I) Authorizing the Debtors to Reopen Withdrawals for Certain Customers with Respect to Certain Assets Held in the Custody Program and Withhold Accounts and (II) Granting Related Relief* [Docket No. 670].

aa.      "Withdrawal Notice" means the *Notice of Schedule of Custody Users Entitled to Withdraw Certain Assets* [Docket No. 1958].

bb.      "Withdrawal Order" means the *Order (I) Authorizing the Debtors to Reopen Withdrawals for Certain Customers with Respect to Certain Assets Held in the Custody Program and Withhold Accounts and (II) Granting Related Relief* [Docket No. 1767].

cc.      "Withhold Account" has the meaning set forth in the recitals.

dd.      "Withhold Ad Hoc Group" has the meaning set forth in the preamble.

ee.      "Withhold Assets" has the meaning set forth in the recitals.

ff.      "Withhold Claim" means a claim, as defined in section 101(5) of the Bankruptcy Code, arising from transfers of cryptocurrency made in states in which the Debtors did not offer the Custody Program, which transfers were associated with balances in Withhold Accounts.

gg.    "Withhold Distribution Claim" means an Allowed Withhold Claim *minus* any Ineligible Withhold Assets.

hh.    "Withhold Issues" has the meaning set forth in the recitals.

ii.    "Withhold Lift Stay Motion" means the *Ad Hoc Group of Withhold Account Holders' Motion for Relief from the Automatic Stay* [Docket No. 737] (the "Withhold Lift Stay Motion").

jj.    "Withhold Settlement Payments" has the meaning set forth in paragraph 5.

## Agreement

1.    **Settlement Term Sheet**.  The Settlement Term Sheet attached hereto as **Exhibit A** is fully incorporated into this Settlement Agreement.  To the extent there is any inconsistency between this Settlement Agreement, on the one hand, and the Settlement Term Sheet, on the other, the terms of this Settlement Agreement shall govern and control.  For the avoidance of any doubt, any provisions set forth in the Settlement Term Sheet not otherwise explicitly discussed in this Settlement Agreement shall be deemed part of this Settlement Agreement.

2.    **For Settlement Purposes Only**.  This Settlement Agreement is for settlement purposes only.  Except as explicitly set forth in this Settlement Agreement, the fact of this Settlement Agreement or any provision herein, the negotiations or proceedings related hereto, and any actions taken hereunder shall not constitute or be construed as (a) any admission of the validity of any claim or any fact alleged by any of the Parties, (b) any admission of any wrongdoing, fault, violation of law, breach of contract, or liability of any kind on the part of Debtors, (c) any admission as to any claim or allegation made in any demand of, action against, or proceeding against Debtors, and/or (d) a waiver of any applicable defense, including, without limitation, any applicable statute of limitations.  This Settlement Agreement and its exhibits shall not be offered or admissible as evidence against Settling Withhold Account Holders or the Debtors in any action or proceeding in any forum for any purpose whatsoever, except any action or proceeding brought to enforce its terms.

3.    **Approval**.  This Settlement Agreement shall be effective on the date the Bankruptcy Court enters the Settlement Order.  Although the Parties shall sign this Settlement Agreement prior to the entry of the Settlement Order, this Settlement Agreement shall not be effective or binding on the Parties if the Settlement Order is not entered by the Bankruptcy Court.

Upon entry of the Settlement Order:

- the Withhold Ad Hoc Group shall withdraw the Withhold Lift Stay Motion with prejudice;

- the Withhold Ad Hoc Group shall be deemed to be dismissed from the Scheduling Order with prejudice;

- the Debtors and the Debtors' estates shall release any avoidance claims such entities may have against the Settling Withhold Account Holders, and the Settling Withhold Account Holders shall agree not to pursue any litigation, including seeking relief from the automatic stay, turnover, or other claims or causes of action, related to any such holder's Withhold Claims, including the recharacterization of such holder's Withhold Claim to an Earn Claim on the terms set forth in this Settlement; and

- the Parties agree that any distributions authorized by the Settlement Order that is an Unclaimed Distribution (as will be defined in the Plan) or otherwise remains undeliverable for a period of one year after the first attempt to deliver such distributions shall be deemed unclaimed property pursuant to section 347(b) of the Bankruptcy Code, except as otherwise provided in the Plan.

4.    **Offer to Members of Withhold Ad Hoc Group Only**.  The Settlement set forth in this Settlement Agreement shall be offered to only the members of the Withhold Ad Hoc Group that elect to sign the Settlement Agreement prior to the entry of the Settlement Order; *provided* that, as further set forth herein, the treatment proposed in this Settlement shall be offered to all holders of Withhold Claims pursuant to the Plan.  This Settlement is contingent on the Withhold Ad Hoc Group's agreement to dismiss the Withhold Lift Stay Motion with prejudice. Notwithstanding anything to the contrary set forth herein, the Settlement is not offered to any current or former employees or insiders of the Debtors, and no current or former employee or insider of the Debtors is eligible to participate in the Settlement.

5.    **Settlement Payments & Conditions**.  The Parties agree that any member of the Withhold Ad Hoc Group wishing to become a Settling Withhold Account Holder by executing this Settlement Agreement and becoming a Party hereto must do so prior to the entry of the Settlement Order and shall receive, in full and final satisfaction, compromise, settlement, and release of such Settling Withhold Account Holder's Allowed Withhold Claim and in exchange for such Settling Withhold Account Holder's agreement to withdraw the Withhold Lift Stay Motion with prejudice and settle the issues set forth in the Scheduling Order with respect to the Withhold Assets, a distribution comprising:

- the right to withdraw from the Debtors' platform 15 percent of the value of such Settling Withhold Account Holder's Withhold Distribution Claim in an in-kind distribution in the cryptocurrency associated with such balance (the "Withhold Settlement Payment") within 30 calendar days of the entry of the Settlement Order;[7] *plus*

---

[7]    The Withhold Settlement Payment shall be calculated by (a) converting the value of the Withhold Distribution Claim into U.S. dollar amount according to the prices of any cryptocurrency that make up the Withhold Distribution Claim on the Petition Date, as reflected in the Conversion Table, (b) calculating what the value of 15 percent of that U.S. dollar amount equals, and (c) converting the value of 15 percent of that U.S. dollar amount into cryptocurrency based on the prices of such cryptocurrency on the date the Settlement Order is entered (the "Conversion Procedure").

6

- Upon entry of the Settlement Order, a release of all avoidance actions that the Debtors' estates may assert against any such Settling Withhold Account Holder on account of such Holder's Withhold Distribution Claim.

Upon entry of the Settlement Order, the remaining 85 percent of the value of such Settling Withhold Account Holder's Withhold Distribution Claim shall be converted to an allowed Earn Claim and such Settling Withhold Account Holder shall no longer have a Withhold Claim.  For the avoidance of any doubt, any such Holder's converted Earn Claim shall receive the same treatment as all other Earn Claims under the Plan.

6.    **Treatment of Non-Settling Withhold Account Holders**.  The Parties agree that the Plan shall provide that Non-Settling Withhold Account Holders shall receive, in full and final satisfaction, compromise, settlement, and release of and in exchange for each such Holder's Allowed Withhold Claim, the following treatment:

- In the event that the class of Allowed Withhold Claims votes to accept the Plan, each Non-Settling Withhold Account Holder shall receive the Withhold Settlement Payment, calculated in accordance with the Conversion Procedure, **and** the remaining 85 percent of the value of such Holder's Withhold Distribution Claim shall be provided the same treatment as Earn Claims under the Plan; or

- In the event that the class of Allowed Withhold Claims votes to reject the Plan, 100 percent of the value of each Non-Settling Withhold Account Holder's Withhold Distribution Claim shall be provided the same treatment as Earn Claims under the Plan.

For the avoidance of any doubt, nothing herein precludes any Withhold Account Holder from withdrawing any Ineligible Withhold Assets from Celsius' platform as permitted by the Withdrawal Order, regardless of whether such Withhold Account Holder is a member of the Withhold Ad Hoc Group, or signs the Settlement Agreement.

7.    **Release & Exculpation**.  Upon entry of the Settlement Order, the Debtors and the Debtors' estates shall release any avoidance claims such entities may have against the Settling Withhold Account Holders, and the Settling Withhold Account Holders shall agree not to pursue any litigation, including seeking relief from the automatic stay, turnover, other claims or causes of action, or the recharacterization of such holder's Withhold Claim to an Earn Claim on the terms set forth in this Settlement, in each case only as related to any such holder's Withhold Claims. Notwithstanding anything to the contrary set forth herein, the Parties do not release any rights or causes of action against any Parties with respect to any assets other than Withhold Assets or any claims other than Withhold Claims, subject to the terms set forth in this Settlement Agreement, including:  (a) assets held in the Earn Program by Holders party to the Settlement; (b) assets held in the Borrow Program by Holders party to the Settlement; (c) assets associated with balances in Custody Accounts held by Holders party to the Settlement (if any); and (d) assets transferred off of Celsius' platform by Holders party to the Settlement (other than in accordance with the Withdrawal Order and/or Settlement Order).

8.      **Distribution Procedures**.  The Withhold Settlement Payment shall be made in-kind and the Debtors shall be permitted to make such payments using any combination of digital assets currently held in Aggregator Wallets in amounts sufficient to satisfy such in-kind distribution; *provided* that, in the event there are insufficient in-kind digital assets to satisfy the Withhold Settlement Payments, the remainder of such payments shall be made in cryptocurrency based on a manner that is tax-efficient.  Any distribution made in alternative cryptocurrency shall be converted using the value of the original digital asset as of the Petition Date, in accordance with the Conversion Table, into U.S. dollars, which dollars will then be converted into alternative cryptocurrency using the value of such digital asset as of the date of entry of the Settlement Order. Within 15 days of the entry of the Settlement Order, the Debtors shall notify Settling Withhold Account Holders through the Celsius App and by email, or other means, such as filing a Notice with the Bankruptcy Court, of the amount and type of digital assets that such holder will receive. Each Settling Withhold Account Holder agrees to provide the Debtors with an external wallet address through the Celsius App and comply with any KYC requirements prior to receiving any Withhold Settlement Payments.

9.      **Minimum Distributions**.  No holders of Withhold Distribution Claims that total, in the aggregate, less than $10.00 shall be entitled to a distribution under the Settlement.  Withhold Settlement Payments shall be permitted to be withdrawn by Settling Withhold Account Holders net of any gas fees or transaction costs (or a fee approximating such costs) necessary to effectuate the withdrawal or transfer of Withhold Settlement Payments to such Settling Withhold Account Holders; *provided, further*, that no digital assets shall be permitted to be withdrawn unless the account balance of the Settling Withhold Account Holder is sufficient to satisfy any gas fees or transaction costs (or a fee approximating such costs) necessary to effectuate the withdrawal or transfer of Withhold Settlement Payment to such Settling Withhold Account Holder.

10.     **Fees & Expenses**.  The Debtors will not object to or otherwise oppose the Withhold Ad Hoc Group's filing of applications pursuant to section 503(b)(3)(D) of the Bankruptcy Code for payment of the reasonable and documented fees and out of pocket expenses of Troutman Pepper Hamilton Sanders LLP, as counsel for the Withhold Ad Hoc Group, in connection with the chapter 11 cases.

11.     **Notice**.  All notices, demands, instructions, and other communications required or permitted under the Settlement Agreement to any Party (a "Notice") must be in writing, will be effective upon receipt, and must be delivered by hand delivery, overnight courier, or email.  Unless otherwise specified in a Notice sent or delivered in a manner indicated below, Notices must be sent to the Parties as indicated below:

**If to the Company:**
Celsius Network LLC
50 Harrison Street
Suite 209F
Hoboken, NJ 07030
Attn:  Ron Deutsch, General Counsel
Email: ron.deutsch@celsius.network

**with a copy to**:

Kirkland & Ellis LLP

> 601 Lexington Avenue
> New York, New York 10022
> Attn: Joshua A. Sussberg, P.C., Elizabeth Jones
> Telephone: (212) 446-4800
> Facsimile: (212) 446-4900
> Email: jsussberg@kirkland.com, elizabeth.jones@kirkland.com

> and

Kirkland & Ellis LLP

> 300 N. LaSalle Street
> Chicago, Illinois 60654
> Attn: Patrick J. Nash, Jr. P.C., Ross M. Kwasteniet, P.C., Christopher S. Koenig, and Dan Latona
> Telephone: (312) 862-2000
> Facsimile: (312) 862-2200
> Email:     patrick.nash@kirkland.com,     ross.kwasteniet@kirkland.com, chris.koenig@kirkland.com, dan.latona@kirkland.com

**If to the Withhold Ad Hoc Group:**
> Troutman Pepper Hamilton Sanders LLP
> 875 Third Avenue
> New York, New York 10022
> Attn: Deborah Kovsky-Apap
> Telephone: (212) 704-6000
> Email: deborah.kovsky@troutman.com

**If to the Committee**
> White & Case LLP
> 1221 Avenue of the Americas
> New York, New York 10020
> Attn: David M. Turetsky, Samuel P. Hershey, Keith H. Wofford
> Telephone: (212) 819-8200
> Facsimile: (212) 354-8113
> Email:     david.turetsky@whitecase.com,     sam.hershey@whitecase.com, kwofford@whitecase.com

> and

> White & Case LLP
> 111 South Wacker Drive
> Suite 5100
> Chicago, Illinois 60654
> Attn: Michael C. Andolina, Gregory F. Pesce
> Telephone: (312) 881-5400
> Facsimile: (312) 881-5450

Email: mandolina@whitecase.com, gregory.pesce@whitecase.com

and

White & Case LLP
555 South Flower Street
Suite 2700
Los Angeles, California 90012
Attn:  Aaron E. Colodny
Telephone:  (213) 620-7700
Facsimile:  (213) 452-2329

12.    **Governing Law**.  This Settlement Agreement, and any disputes related thereto, shall be governed by and be construed in accordance with (a) applicable federal law, or (b) to the extent federal law does not apply, the laws of the state of New York without regard to the rule of conflict of laws of the state of New York or any other jurisdiction that would require the application of the law of another jurisdiction.  The Parties hereto consent to submit to the jurisdiction of the appropriate federal district court for any litigation relating to this Settlement Agreement and agree not to commence any litigation relating to this Settlement Agreement except in the appropriate federal district court.

13.    **Authority**.  Each of the Parties hereto represents and warrants that it has the authority to enter into this Settlement Agreement and to undertake the transactions contemplated hereunder.

14.    **Successors and Assigns**.  The rights and obligations of each of the Parties under this Settlement Agreement shall be binding upon, and inure to the benefit of, any successor or assign of each such Party.

15.    **Non-Severability**.  Each of the terms of this Settlement Agreement is a material and integral part hereof.  Should any provision of this Settlement Agreement be held to be unenforceable or contrary to law, the entire Settlement Agreement shall be deemed null and void.

16.    **Entire Understanding**.  This Settlement Agreement constitutes the entire understanding of the Parties hereto in connection with the subject matter covered herein, and may not be amended, modified, or altered except by an agreement in writing signed by each of the Parties.

17.    **No Party Deemed Drafter**.  The signatories to this Settlement Agreement are competent persons, each of whom is experienced in business and represented by counsel. Therefore, any ambiguous language in this Settlement Agreement will not be construed against any particular Party as the drafter of such language.

18.    **Failure to Enforce**.  The failure of any Party to enforce a provision of this Settlement Agreement will not constitute a waiver of such Party's right to enforce that provision.

19.    **Counterparts**.  This Settlement Agreement may be executed in any number of counterparts and by the different Parties hereto in separate counterparts, each of which shall be deemed to be an original, but all of which taken together shall constitute one and the same document.  Delivery of an executed counterpart of this Settlement Agreement by electronic mail (to Christopher S. Koenig (chris.koenig@kirkland.com) for the Debtors; to Deborah Kovsky-Apap (deborah.kovsky@troutman.com) for the Withhold Ad Hoc Group; and to Aaron Colodny (aaron.colodny@whitecase.com) for the Committee) shall be equally effective as delivery of an original executed counterpart.

**Celsius Network LLC on behalf of itself and
its debtor affiliates**

By: _____

     **Name:  Christopher Ferraro**
     **Title: Authorized Signatory**

**Official Committee of Unsecured Creditors**

**By:** */s/ Thomas DiFiore*
      **Name:**  Thomas DiFiore
      **Title:**  Co-Chair of Official Committee of
      Unsecured Creditors

## MEMBERS OF THE
## WITHHOLD AD HOC GROUP

/s/ *Kaveh Bastani*
_____
Kaveh Bastani
Allowed Withhold Claim:  $86,657.91

/s/ *Shane Coolen*
_____
Shane Coolen
Allowed Withhold Claim:  $23,680.29

/s/ *Alvaro Drevon*
_____
Alvaro Drevon
Allowed Withhold Claim:  $11,440.39

/s/ *Larry Fulton*
_____
Larry Fulton
Allowed Withhold Claim:  $88,934.86

/s/ *Gavin Hoffman*
_____
Gavin Hoffman
Allowed Withhold Claim:  $608,481.36

/s/ *Ryan Holz*
_____
Ryan Holz
Allowed Withhold Claim:  $138,594.42

/s/ *Antonio Johnson*
_____
Antonio Johnson
Allowed Withhold Claim:  $216,567.25

/s/ *Chris Lovette*
_____
Chris Lovette
Allowed Withhold Claim:  $24,065.39

/s/ *Manuel Martinez*
_____
Manuel Martinez
Allowed Withhold Claim:  $63,414.87

/s/ *Scott Reina*
_____
Scott Reina
Allowed Withhold Claim:  $20,326.67

/s/ *Robert Riskin*
_____
Robert Riskin
Allowed Withhold Claim:  $57,778.90

/s/ *Travis Schilling*
_____
Travis Schilling
Allowed Withhold Claim:  $73,451.59

/s/ *Benny Wong*
_____
Benny Wong
Allowed Withhold Claim:  $47,990.93

## <u>Exhibit A</u>

**Settlement Term Sheet**

*3.28.23; Attorney Work Product; Privileged and Confidential; Subject to FRE 408*

**In re Celsius Network LLC, et al.**, Case No. 22-10964 (MG)

## SETTLEMENT TERM SHEET

## REGARDING WITHHOLD ASSETS

**THIS SETTLEMENT TERM SHEET (THIS "SETTLEMENT TERM SHEET") CONTAINS CERTAIN MATERIAL TERMS AND CONDITIONS OF A PROPOSED SETTLEMENT BY AND BETWEEN THE DEBTORS IN THE JOINTLY-ADMINISTERED CASES CAPTIONED IN RE CELSIUS NETWORK LLC, ET AL., CASE NO. 22-10964 (MG) (THE "DEBTORS" AND, TOGETHER WITH THEIR NON-DEBTOR AFFILIATES, "CELSIUS"), THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS (THE "COMMITTEE"), THE AD HOC GROUP OF WITHHOLD ACCOUNT HOLDERS (THE "WITHHOLD AD HOC GROUP" AND, TOGETHER WITH THE DEBTORS AND THE COMMITTEE, THE "PARTIES"). THIS SETTLEMENT TERM SHEET CONTEMPLATES A FULL AND FINAL SETTLEMENT OF ALL CLAIMS BETWEEN THE PARTIES RELATED TO THE WITHHOLD ASSETS, INCLUDING PHASE II OF THE CUSTODY AND WITHHOLD ISSUES (WITH RESPECT TO THE WITHHOLD AD HOC GROUP), AS DEFINED IN THE JOINT STIPULATION AND AGREED SCHEDULING ORDER BY AND AMONG THE DEBTORS, THE COMMITTEE, AND THE AD HOC GROUPS WITH RESPECT TO THE CUSTODY AND WITHHOLD ISSUES [DOCKET NO. 1044] (THE "SCHEDULING ORDER").[1]**

**THIS SETTLEMENT TERM SHEET DOES NOT ADDRESS ALL TERMS, CONDITIONS, OR OTHER PROVISIONS THAT WOULD BE REQUIRED IN CONNECTION WITH THE SETTLEMENT, WHICH SHALL BE SET FORTH IN THE SETTLEMENT AGREEMENT (AS DEFINED BELOW), WHICH IS SUBJECT TO AGREEMENT IN ACCORDANCE WITH THIS SETTLEMENT TERM SHEET.**

**THIS SETTLEMENT TERM SHEET IS NOT AN OFFER, ACCEPTANCE OR SOLICITATION WITH RESPECT TO ANY SECURITIES, LOANS, OR OTHER INSTRUMENTS OR A SOLICITATION OF ACCEPTANCES OF A CHAPTER 11 PLAN WITHIN THE MEANING OF SECTION 1125 OF THE BANKRUPTCY CODE. ANY SUCH OFFER, ACCEPTANCE OR SOLICITATION WILL COMPLY WITH ALL APPLICABLE LAW, INCLUDING SECURITIES LAWS AND/OR PROVISIONS OF THE BANKRUPTCY CODE TO THE EXTENT APPLICABLE. NOTHING CONTAINED IN THIS SETTLEMENT TERM SHEET SHALL BE AN ADMISSION OF FACT OR LIABILITY OR, UNTIL APPROVAL OF THE SETTLEMENT MOTION OR CONFIRMATION OF THE PLAN CONTEMPLATED HEREBY (AND THEN ONLY AS PROVIDED THEREIN), AS APPLICABLE, DEEMED BINDING ON ANY OF THE PARTIES HERETO.**

---

[1]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Scheduling Order or the *Order (I) Authorizing the Debtors to Reopen Withdrawals for Certain Customers with Respect to Certain Assets Held in the Custody Program and Withhold Accounts and (II) Granting Related Relief* [Docket No. 1767] (the "Withdrawal Order"), as applicable.

| **SETTLEMENT TERMS** | |
|---|---|
| **Settlement Summary** | The settlement (the "Settlement") between the Parties will include the following, as set forth in further detail in this Settlement Term Sheet: |
| | ▪ The Parties will file a joint motion to approve the Settlement and a settlement agreement incorporating the terms of this Settlement Term Sheet (the "Settlement Agreement"), including distribution procedures, which shall be in form and substance acceptable to each of the Parties and otherwise consistent with this Settlement Term Sheet and the Settlement Agreement (together with all exhibits attached thereto, the "Settlement Motion"), to be heard at the April 18, 2023 omnibus hearing. |
| | ▪ Subject to the terms set forth herein, it is contemplated that this Settlement shall be offered to **only** the members of the Withhold Ad Hoc Group that execute the Settlement Agreement prior to the entry of the Settlement Order [as defined herein] (collectively, the "Settling Withhold Account Holders"); *provided* that, as further set forth herein, the treatment proposed in this Settlement shall be offered to all holders of claims arising from transfers of cryptocurrency made in states in which the Debtors did not offer the Custody Program, which transfers were associated with balances in "Withhold" accounts (the "Withhold Accounts" and such cryptocurrency, the "Withhold Assets" and such claims, the "Withhold Claims") pursuant to the Debtors' chapter 11 plan (the "Plan"). |
| | ▪ The Settlement constitutes the full and final settlement of all allowed Withhold Claims (each such claim, an "Allowed Withhold Claim") held by the Settling Withhold Account Holders, as identified in the signature pages to the Settlement Agreement, against Celsius. |
| | ▪ This Settlement is contingent on the Withhold Ad Hoc Group's agreement to dismiss the Withhold Lift Stay Motion (as defined below) with prejudice. |
| | ▪ Upon entry of an order approving the Settlement Motion, which shall be in form and substance acceptable to each of the Parties and otherwise consistent with this Settlement Term Sheet and the Settlement Agreement (together with all exhibits attached thereto, the "Settlement Order"), the Withhold Ad Hoc Group shall withdraw the *Ad Hoc Group of Withhold Account Holders' Motion for Relief from the Automatic Stay* [Docket No. 737] (the "Withhold Lift Stay Motion") with prejudice. |
| | ▪ Upon entry of the Settlement Order, the Withhold Ad Hoc Group shall be deemed to be dismissed from the Scheduling Order with prejudice. |

| | |
|---|---|
| | For the avoidance of any doubt, nothing herein precludes any account holder from withdrawing any assets from Celsius' platform as permitted by the Withdrawal Order (the "Ineligible Withhold Assets"). |
| **Settlement Motion** | The Withhold Ad Hoc Group shall inform the Debtors and the Committee (a) of the members of the Withhold Ad Hoc Group that have stated their intention to participate in the Settlement and (b) that the Withhold Ad Hoc Group has agreed to withdraw the Withhold Lift Stay Motion no later than two (2) business days prior to the filing of the Settlement Motion. |
| **Withhold Claims** | "Withhold Distribution Claim" means an Allowed Withhold Claim *minus* any Ineligible Withhold Assets. |
| | Each Settling Withhold Account Holder shall receive, in full and final satisfaction and settlement of such Settling Withhold Account Holder's Allowed Withhold Claim and in exchange for such Holder's agreement to withdraw with prejudice the Withhold Lift Stay Motion and settle the issues set forth in the Scheduling Order with respect to the Withhold Assets, a distribution comprising: |
| | ▪ Within 30 calendar days of entry of the Settlement Order, the right to withdraw from the Debtors' platform 15% of the value of such Settling Withhold Account Holder's Withhold Distribution Claim in an in-kind distribution in the currency associated with such balance (the "Withhold Settlement Payment").[2] |
| | ▪ Upon entry of the Settlement Order, a release of all avoidance actions that the Debtors' estates may assert against any such Settling Withhold Account Holder on account of such Holder's Withhold Distribution Claim and not any other such avoidance actions. |
| | Upon entry of the Settlement Order, the remaining 85% of the value of such Settling Withhold Account Holder's Withhold Distribution Claim shall be converted to an allowed Earn Claim[3] and such Settling Withhold Account Holder shall no longer have a Withhold Claim.[4] |
| | All Holders of Allowed Withhold Claims that are either (i) not members of the Withhold Ad Hoc Group or (ii) members of the Withhold Ad Hoc Group that do not elect to participate in the Settlement (the "Non-Settling Withhold Account Holders") shall receive the following treatment under the Plan in full and final satisfaction, compromise, settlement, and release of and in exchange for each such Holder's Allowed Withhold Claim: |

---

[2]   The Withhold Settlement Payment shall be calculated by (a) converting the value of the Withhold Distribution Claim into U.S. dollars as of the prices of any such digital assets that make up the Withhold Distribution Claim as of the Petition Date, as reflected in the *Notice of Filing of Cryptocurrency Conversion Rates* [Docket No. 1420], (b) calculating what the value of 15% of that U.S. dollar amount equals, and (c) converting that 15% U.S. dollar amount into cryptocurrency based on the value of such cryptocurrency on the date the Settlement Order is entered.

[3]   "Earn Claim" means any account holder Claim arising out of or related to the Earn Program.

[4]   For the avoidance of doubt, any such Holder's converted Earn Claim shall receive the same treatment as all other Earn Claims under the Plan.

| | |
|---|---|
| | ▪ In the event that the class of Allowed Withhold Claims votes to accept the Plan, each Non-Settling Withhold Account Holder shall receive 15% of the value of such Holder's Withhold Distribution Claim in an in-kind distribution in the currency associated with such balance **and** the remaining 85% of the value of such Holder's Withhold Distribution Claim shall be provided the same treatment as an Earn Claim under the Plan; or<br><br>▪ In the event that the class of Allowed Withhold Claims votes to reject the Plan, 100% of the value of each Non-Settling Withhold Account Holder's Withhold Distribution Claim shall be provided the same treatment as Earn Claims under the Plan.<br><br>For the avoidance of any doubt, Non-Settling Withhold Account Holders shall not be permitted to become Settling Withhold Account Holders unless they are a member of the Withhold Ad Hoc Group and elect to participate in the Settlement prior to the entry of the Settlement Order. |
| **Release & Exculpation Provisions** | Upon entry of the Settlement Order, the Debtors and the Debtors' estates shall release any avoidance claims such entities may have against the Settling Withhold Account Holders, and the Settling Withhold Account Holders shall agree not to pursue any litigation, including seeking relief from the automatic stay, turnover, other claims or causes of action, or the recharacterization of such holder's Withhold Claim to an Earn Claim on the terms set forth in this Settlement, all only as related to any such holder's Withhold Claims.<br><br>Notwithstanding anything to the contrary set forth herein, the Parties do not release any rights or causes of action against any Parties with respect to any assets other than Withhold Assets or any claims other than Withhold Claims, subject to the terms set forth in this Settlement Term Sheet, including: (a) assets held in the Earn Program by Holders party to the Settlement; (b) assets held in the Borrow Program by Holders party to the Settlement; (c) assets associated with balances in Custody Accounts held by Holders party to the Settlement (if any); and (d) assets transferred off of Celsius' platform by Holders party to the Settlement (other than in accordance with the Withdrawal Order and/or Settlement Order). |
| **Distribution Procedures** | The Withhold Settlement Payment shall be made in-kind and the Debtors shall be permitted to make such payments using any combination of digital assets currently held in Aggregator Wallets,[5] respectively, in amounts sufficient to satisfy such in-kind distribution; *provided* that, in the event there are insufficient in-kind digital assets to satisfy the Withhold Settlement Payments, the remainder of such payments shall be made in cryptocurrency based on a manner that is tax-efficient. |
| **Fees and Expenses** | The Debtors will not object to or otherwise oppose the Withhold Ad Hoc Group's filing of applications pursuant to section 503(b)(3)(D) of the Bankruptcy Code for payment of the reasonable and documented fees and out of pocket expenses of Troutman Pepper Hamilton Sanders LLP, as counsel for the Withhold Ad Hoc Group, in connection with the chapter 11 cases. |

---

[5]    "Aggregator Wallets" shall have the meaning ascribed to it in the Blonstein Declaration.

| | |
|---|---|
| **Minimum Distributions** | No holders of Withhold Distribution Claims that total, in the aggregate, less than $10.00 shall be entitled to a distribution under the Settlement. |
| **Undeliverable Distributions** | Any distribution authorized by the Settlement Order that is an Unclaimed Distribution (as will be defined in the Plan) or otherwise remains undeliverable for a period of one year after the first attempt to deliver such distributions shall be deemed unclaimed property pursuant to section 347(b) of the Bankruptcy Code, except as otherwise provided in the Plan. |
| **Tax Matters** | The Settlement shall be structured in a tax-efficient and cost-effective manner. |