**WHITE & CASE LLP**
David M. Turetsky
Samuel P. Hershey
Joshua Weedman
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
Email: david.turetsky@whitecase.com
    sam.hershey@whitecase.com
    jweedman@whitecase.com

– and –

**WHITE & CASE LLP**
Michael C. Andolina (admitted *pro hac vice*)
Gregory F. Pesce (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone: (312) 881-5400
Facsimile: (312) 881-5450
Email: mandolina@whitecase.com
    gregory.pesce@whitecase.com

**WHITE & CASE LLP**
Keith H. Wofford
Southeast Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131
Telephone: (305) 371-2700
Facsimile: (305) 358-5744
Email: kwofford@whitecase.com

– and –

**WHITE & CASE LLP**
Aaron E. Colodny (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, California 90071
Telephone: (213) 620-7700
Facsimile: (213) 452-2329
Email: aaron.colodny@whitecase.com

*Counsel to the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

## NOTICE OF FIRST INTERIM FEE APPLICATION

**TO:**    the Debtors; counsel to the Debtors; the U.S. Trustee; counsel to the Fee Examiner; the Fee Examiner; and all parties requesting notice pursuant to Bankruptcy Rule 2002.[2]

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these Chapter 11 Cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2]    Capitalized terms used, but not defined, in this notice shall have the meaning ascribed to them in the attached Application.

**PLEASE TAKE NOTICE** that Gornitzky & Co. has filed the attached *First Application of Gornitzky & Co. for Compensation for Services Rendered and Reimbursement of Expenses as Financial Advisor to the Official Committee of Unsecured Creditors of Celsius Network LLC,* et al., *for the Period from November 2, 2022 through February 28, 2023* (the "**Application**").

**PLEASE TAKE FURTHER NOTICE** that, if any party other than the United States Trustee or the Fee Examiner wishes to file a response or objection to the Application, any such responses or objections must be filed on or before **May 12, 2023 at 12:00 p.m. (Prevailing Eastern Time)**. At the same time, you must serve a copy of the objection or response on the undersigned attorneys.

**PLEASE TAKE FURTHER NOTICE** that the U.S. Trustee and the Fee Examiner shall be entitled to review, and potentially object to, the Application by a later date pursuant to the fee review schedule set forth in the *Amended Order Appointing Independent Fee Examiner and Establishing Related Procedures For the Review of Fee Applications of Retained Professionals* [Docket No. 1746] or otherwise.

**PLEASE TAKE FURTHER NOTICE** that if any objections are timely filed in accordance with this Notice, a hearing on the Application will be held at a date and time convenient to the Court.

**PLEASE TAKE FURTHER NOTICE** THAT IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED BY THE APPLICATION WITHOUT FURTHER NOTICE OR HEARING.

[*Remainder of Page Left Intentionally Blank*]

Dated:  April 21, 2023
        New York, New York

Respectfully submitted,

*/s/ Gregory F. Pesce*

**WHITE & CASE LLP**
David M. Turetsky
Samuel P. Hershey
Joshua Weedman
1221 Avenue of the Americas
New York, New York 10020
Telephone:  (212) 819-8200
Facsimile:  (212) 354-8113
Email:  david.turetsky@whitecase.com
        sam.hershey@whitecase.com
        jweedman@whitecase.com

– and –

**WHITE & CASE LLP**
Michael C. Andolina (admitted *pro hac vice*)
Gregory F. Pesce (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone: (312) 881-5400
Facsimile:  (312) 881-5450
Email:  mandolina@whitecase.com
        gregory.pesce@whitecase.com

– and –

**WHITE & CASE LLP**
Keith H. Wofford
Southeast Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131
Telephone: (305) 371-2700
Facsimile:  (305) 358-5744
Email:  kwofford@whitecase.com

– and –

**WHITE & CASE LLP**
Aaron E. Colodny (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, California 90071
Telephone: (213) 620-7700
Facsimile:  (213) 452-2329
Email:  aaron.colodny@whitecase.com

*Counsel to the Official Committee of
Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**COVERSHEET FOR FIRST INTERIM FEE**
**APPLICATION OF GORNITZKY & CO. FOR COMPENSATION FOR SERVICES**
**RENDERED AND REIMBURSEMENT OF EXPENSES AS ISRAELI COUNSEL TO**
**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD OF**
**NOVEMBER 2, 2022 THROUGH FEBRUARY 28, 2023**

| | |
|---|---|
| **Name of Applicant:** | Gornitzky & Co. |
| **Name of Client:** | Official Committee of Unsecured Creditors |
| **Petition Date:** | July 13, 2022 |
| **Retention Date:** | December 20, 2022, effective as of November 2, 2022 |
| **Date of Order Approving Retention:** | December 20, 2022 [Docket No. 1760] |
| **Time Period Covered by Application:** | November 2, 2022 – February 28, 2023 |
| **Total Fees Requested in This Application:** | $80,396.54 |
| **Total Expenses Requested in This Application:** | $337.73 |
| **Total Fees and Expenses Requested in This Application:** | $80,734.27 |

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these Chapter 11 Cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

**Summary of Monthly Fee Statements for First Interim Period**

| Dated Filed & Docket No. | Statement Period | Total Requested Fees (100%) | Interim Fees Paid (80%) | Fee Holdback (20%) | Total Expenses Requested (100%) | Interim Expenses Paid (100%) |
|---|---|---|---|---|---|---|
| 1/20/23<br><br>Docket No. 1897 | 11/1/22-12/31/22 | $68,728.72 | $54,982.98 | $13,745.74 | $0 | $0 |
| 3/10/23<br><br>Docket No. 2213 | 1/1/23 – 1/31/23 | $8,599.50 | $6,879.60 | $1,719.9 | $337.73 | $337.73 |
| 4/21/23<br><br>Docket No. 2513 | 2/1/23-2/28/23 | $3,068.32 | TBD | TBD | $0 | TBD |
| **TOTALS** | | $80,396.54 | $61,862.58 | $15,465.64 | $337.73 | $337.73 |

**Prior Interim Compensation Orders**

None.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

### FIRST INTERIM FEE APPLICATION OF GORNITZKY & CO. FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD OF <u>NOVEMBER 2, 2022 THROUGH FEBRUARY 28, 2023</u>

Gornitzky & Co. ("**Gornitzky**"), Israeli Counsel for the Official Committee of Unsecured Creditors (the "**Committee**") appointed in the cases of the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**"), hereby files its Application (the "**Application**") for allowance of reasonable compensation for services rendered and reimbursement of actual and necessary expenses incurred on behalf of the Committee in the aggregate amount of $80,734.27 for the period November 2, 2022 through February 28, 2023 (the "**First Interim Period**"), inclusive of the aggregate holdback amounts for the First Interim Period. Gornitzky has previously been paid $61,862.57 in fees and $337.73 in expenses for services rendered and expenses incurred during the First Interim Period, and therefore Gornitzky only seeks payment of $18,533.96 which has not been paid to date for the First Interim Period.

---

[1]  The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these Chapter 11 Cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

## JURISDICTION, VENUE, AND STATUTORY PREDICATES

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and

1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue before

this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are sections 328, 330, 331, and

1103 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal

Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rule 2016-l(a) of the Local Rules of

Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the Southern

District of New York (the "**Local Rules**"), General Order M-447, the *Amended Guidelines for*

*Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*

*pursuant to Local Rule 2016-1(a) (as updated June 17, 2013)* (the "**Local Guidelines**"), and the

*U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of*

*Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective*

*November 1, 2013* (the "**U.S. Trustee Guidelines**" and, together with the Local Guidelines, the

"**Guidelines**"). Attached hereto as **Exhibit A** is a certification regarding compliance with the Local

Guidelines.

## BACKGROUND

3.      On July 13, 2022 (the "**Petition Date**"), Celsius Network LLC and certain affiliates

each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code, and,

on December 7, 2022, GK8 Ltd., GK8 USA LLC, and GK8 UK Limited each commenced

voluntary chapter 11 cases with this Court (collectively, the "**Chapter 11 Cases**"). The Chapter

2

11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b). The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.      On July 27, 2022, the Office of the United States Trustee for Region 2 (the "**U.S. Trustee**") appointed the Committee, which is comprised of seven members, each of whom holds crypto (or digital) assets through the Celsius platform [Docket No. 241]. The Committee's goal is to maximize the recoveries of account holders and unsecured creditors, as more fully stated in *The Official Committee of Unsecured Creditors' Statement Regarding These Chapter 11 Cases* [Docket No. 390]. On September 14, 2022, the Court entered an order approving the appointment of Shoba Pillay as examiner pursuant to section 1104(d) of the Bankruptcy Code [Docket No. 923]. On October 20, 2022, the Court entered an order appointing the Hon. Christopher Sontchi as fee examiner (the "**Fee Examiner**") pursuant to section 105(a) of the Bankruptcy Code [Docket No. 1151], later amended at [Docket No. 1746].

5.      On November 11, 2022 the Committee filed its *Application For Entry of an Order Authorizing the Employment and Retention of Gornitzky & Co. as Israeli Counsel as of November 2, 2022* [Docket No. 1298] (the "**Retention Application**").

6.      By order entered on December 20, 2022 [Docket No. 1760] (the "**Retention Order**"), the Court approved the Retention Application and authorized the Committee to retain Gornitzky, effective as of November 2, 2022, to serve as its Israeli Counsel in these Chapter 11 Cases. The Retention Order approved Gornitzky's compensation under section 328(a) of the Bankruptcy Code, subject to the standards of review under sections 330 and 331 of the Bankruptcy Code. Retention Order ¶ 3.

## SUMMARY OF MONTHLY STATEMENTS

7. On December 19, 2022, the Court entered the *First Amended Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief* [Docket No. 1745] (the "**Interim Compensation Procedures**"). Pursuant to the Interim Compensation Procedures, Gornitzky is authorized to file and serve monthly fee statements ("**Monthly Statements**") on the Monthly Fee Statement Recipients (as defined in the Interim Compensation Procedures). If no objections are raised prior to the expiration of the applicable objection deadline established by the Interim Compensation Procedures, the Debtors are authorized to pay 80% of the fees and 100% of the expenses identified in such Monthly Statement.

8. Gornitzky filed the Monthly Statements during the First Interim Period as set forth in the coversheet attached hereto.

9. Gornitzky received $62,200.31 from the Debtors on account of the Monthly Statements during the First Interim Period, corresponding to $61,862.57 in fees and $337.73 in expenses. The Monthly Statements submitted by Gornitzky are subject to a 20% holdback for fees as provided for in the Interim Compensation Procedures. Moreover, Gornitzky has not yet received any payment on account of the Monthly Statement for February 2023. Accordingly, Gornitzky remains to be paid $18,533.97 for fees and expenses earned in connection with providing services on behalf of the Committee during the First Interim Period.

## SUMMARY OF PROFESSIONAL COMPENSATION
## AND REIMBURSEMENT OF EXPENSES REQUESTED BY THIS APPLICATION

10. By this Application, Gornitzky seeks interim allowance and award of compensation

for the professional services rendered by Gornitzky as Israeli Counsel to the Committee during the First Interim Period with regard to (i) Gornitzky's fees for legal services in the amount of $80,396.54 and (ii) expenses in the amount of $337.73, representing actual and necessary expenses incurred by Gornitzky during the First Interim Period in connection with rendering such services.

11. **Exhibit B** to this Application sets forth a timekeeper summary that includes: (a) the name and title of each individual who provided services during the First Interim Period; (b) the aggregate hours spent by each individual for which compensation is sought by Gornitzky; (c) the hourly billing rate for each such individual; and (d) the amount of fees for each such individual for which compensation is sought by Gornitzky.

12. Due to the relatively limited scope of services that Gornitzky rendered to the Committee, Gornitzky did not use project categories for the fees incurred.

13. The underlying detail regarding services rendered and expenses incurred is attached to the Monthly Statements previously filed. [Docket Nos. 1897, 2213, 2513].

14. Gornitzky provided a copy of this Application to the Committee prior to filing, and a copy will be served on the U.S. Trustee and the Fee Examiner contemporaneously with filing. Gornitzky will work with the parties to address any comments and requested modifications to the amounts requested herein during the Fee Examiner's review period.

## SUMMARY OF SERVICES RENDERED
## DURING THE FIRST INTERIM PERIOD

15. All services for which Gornitzky requests compensation were performed during the First Interim Period on behalf of the Committee. During the First Interim Period, Gornitzky provided valuable legal services as the Committee's Israeli Counsel in connection with Galaxy

Digital Trading LLC asset purchase of GK8 LTD, including advice pertaining to the purchase

agreement and its compliance with Israeli law, regulatory requirements, court approvals, tax

implications, and various employment law matters. In addition, Gornitzky provided ongoing

counseling with respect to proceedings at the Tel Aviv District Court in connection with the

recognition of the US Chapter 11 bankruptcy as a "main proceeding."

16.     The fees charged by Gornitzky have been billed in accordance with the Retention

Order and Gornitzky's engagement letter with the Committee, and are comparable to those fees

charged by Gornitzky for professional services rendered in connection with similar chapter 11

cases and non-bankruptcy matters. Gornitzky submits that such fees are reasonable based upon the

customary compensation charged by similarly skilled practitioners in comparable bankruptcy

cases and non-bankruptcy matters in Israel.

## THE REQUESTED COMPENSATION SHOULD BE ALLOWED

17.     The Retention Order approved Gornitzky's compensation under sections 328(a),

330, and 331 of the Bankruptcy Code.

18.     Section 330 of the Bankruptcy Code provides for the award of compensation to

professionals. 11 U.S.C. § 330. Section 330, by its terms, is "subject to" the provisions of section

328 of the Bankruptcy Code. Pursuant to section 328(a) of the Bankruptcy Code, the Committee:

> [M]ay employ or authorize the employment of a professional person under
> section 327 . . . of [the Bankruptcy Code] on any reasonable terms and
> conditions of employment, including on a retainer, on an hourly basis, on a
> fixed or percentage fee basis, or on a contingent fee basis. Notwithstanding
> such terms and conditions, the court may allow compensation different from
> the compensation provided under such terms and conditions after the
> conclusion of such employment, if such terms and conditions prove to have
> been improvident in light of developments not capable of being anticipated
> at the time of the fixing of such terms and conditions.

11 U.S.C. § 328(a). Accordingly, section 328(a) of the Bankruptcy Code permits the compensation

of professionals, including legal advisors, on flexible terms that reflect the nature of their services

and prevailing market conditions for those services.

19.     If a court has entered an order authorizing a professional's employment that "pre-

approves the terms and conditions of the retention under section 328(a)," the court's "power to

amend those terms is severely constrained." *In re Smart World Techs., LLC*, 552 F.3d 228, 232-

33 (2d Cir. 2009). In that circumstance, the court may apply only the "improvident" standard of

section 328(a) in any later review of such professional's requested compensation. *Id.*

20.     Under the section 328(a) standard, a bankruptcy court wishing to render a

previously-approved fee arrangement "improvident" must find that there have been "developments

not capable of being anticipated at the time of the fixing of the terms and conditions" of the

engagement. 11 U.S.C. § 328(a). It is not enough that developments in a case are simply

unforeseen. *See In re Smart World Techs., LLC*, 552 F.3d at 234-35.

21.     Here, Gornitzky submits that the services for which it seeks compensation and the

expenses for which it seeks reimbursement in this Application were necessary for, and beneficial

to, the Committee and the Debtors' estates. During the First Interim Period, Gornitzky worked

diligently to preserve and maximize the value of the Debtors' estates for the benefit of all account

holders and general unsecured creditors. In addition, the compensation requested in this

Application is in accordance with the terms of Gornitzky's engagement letter as approved by the

Retention Order pursuant to section 328(a) of the Bankruptcy Code, and no unforeseeable

developments have arisen during the Chapter 11 Cases that would render the approval of

Gornitzky's fees to have been "improvident" within the meaning of section 328(a) of the

Bankruptcy Code.

22.      Accordingly, Gornitzky requests that the Court allow Gornitzky compensation and reimbursement of expenses in the amounts set forth herein. To the extent that any amounts for fees or expenses related to the First Interim Period were not processed prior to the preparation of this Application, Gornitzky reserves the right to request additional compensation for such services and reimbursement of such expenses in a future application.

## **NOTICE**

23.      Gornitzky will provide notice of this Application to the following parties or their respective counsel: (a) the U.S. Trustee; (b) the Debtors; (c) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); (d) the United States Attorney's Office for the Southern District of New York; (e) the Internal Revenue Service; (f) the offices of the attorneys general in the states in which the Debtors operate; (g) the Securities and Exchange Commission; (h) the Fee Examiner; and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002.

24.      Gornitzky submits that, in light of the nature of the relief requested, no other or further notice need be given.

## **CONCLUSION**

25.      Gornitzky respectfully requests that the Court enter an order (i) authorizing the interim allowance of compensation for professional services rendered during the First Interim Period and reimbursement of actual and necessary expenses incurred in the aggregate amount of $80,734.27, consisting of $80,396.54, representing 100% of fees incurred during the First Interim Period, and reimbursement of $337.73, representing 100% of actual and necessary expenses incurred during the First Interim Period, (ii) providing that the allowance of such compensation

for professional services rendered and reimbursement of actual and necessary expenses incurred be without prejudice to Gornitzky's right to seek additional compensation for services rendered and expenses incurred during the First Interim Period which were not processed at the time of the filing of this Application, (iii) directing payment by the Debtors of the difference between the amounts allowed and any amounts previously paid by the Debtors pursuant to the Interim Compensation Procedures, and (iv) granting such other or further relief as the Court deems just and proper. Gornitzky will confer with the Fee Examiner with respect to a proposed form of order after the conclusion of the Fee Examiner's review period for this Application under the Interim Compensation Procedures.

[*Remainder of Page Left Intentionally Blank*]

Dated:   April 21, 2023                    Respectfully submitted,
         Tel Aviv, Israel


                                           */s/ Amnon Biss*
                                           Amnon Biss
                                           Partner
                                           Gornitzky & Co.

## **EXHIBIT A**

**Guidelines Certification**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**CERTIFICATION UNDER GUIDELINES FOR FEES AND DISBURSEMENTS**
**FOR PROFESSIONALS IN RESPECT OF THE APPLICATION OF GORNITZKY &**
**CO. FOR COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND**
**REIMBURSEMENT OF EXPENSES INCURRED AS ISRAELI COUNSEL**
**FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
**FROM NOVEMBER 2, 2022 TO AND INCLUDING FEBRUARY 28, 2023**

I, Amnon Biss, hereby certify that:

1.     I am a partner of the firm of Gornitzky & Co. ("**Gornitzky**"), an Israeli law firm

located in the Vitania Tel-Aviv Tower, 20 Haharash St. TLV Israel 6761310. I am a member in

good standing of the Israeli bar since 2013. There are no disciplinary proceedings pending against

me in any jurisdiction.

2.     This certification is made in respect of Gornitzky's compliance with the Local

Guidelines in connection with Gornitzky's Application[2] attached hereto filed contemporaneously

herewith for interim compensation and reimbursement of expenses for the period commencing

November 2, 2022 through February 28, 2023.  The information in this certification is true and

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these Chapter 11 Cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2]     Capitalized terms used, but not defined, shall have the meaning ascribed to them in the attached Application.

correct to the best of my knowledge, information, and belief.

3.    In respect of Section B.1 of the Local Guidelines, I certify that:

a.    I have read the Application;

b.    To the best of my knowledge, information, and belief formed after reasonable inquiry, the fees and expenses sought fall within the Guidelines, except as specifically noted in this certification and described in the Application;

c.    Except to the extent that fees or disbursements are prohibited by the Local Guidelines, the fees and disbursements sought by the Application are billed at rates and in accordance with practices customarily employed by Gornitzky and generally accepted by Gornitzky's clients; and

d.    In providing any reimbursable service, Gornitzky did not make a profit on such service, whether performed by Gornitzky in-house or through a third party.

Dated: April 21, 2023                                    */s/ Amnon Biss*
                                                         Amnon Biss
                                                         Partner
                                                         Gornitzky & Co.

**Exhibit B**

**Summary of Hours and Total Fees by Professional**

| Name | Title | Hours | Rate | Total Fees |
|---|---|---|---|---|
| Assaf Y Prussak | Partner | 10 | $450.00 | $4,500.00 |
| Lilach Shamir | Senior Associate | 15.5 | $300.00 | $4,650.00 |
| Yehonatan Raff | Partner | 2 | $450.00 | $900.00 |
| Assaf Harel | Partner | 0.2 | $450.00 | $90.00 |
| Sagi Padureanu | Partner | 4 | $450.00 | $1,800.00 |
| Maya Ben Meir | Senior Associate | 82.35 | $350.00 | $28,822.50 |
| Shlomo Aviad Zider | Partner | 0.25 | $450.00 | $112.50 |
| Amnon Biss | Partner | 50.25 | $450.00 | $22,612.50 |
| May Mor | Accounting | 12 | $100.00 | $1,200.00 |
| David Goldman | Partner | 0.5 | $450.00 | $225.00 |
| Nathan Rothstein | Paralegal | 10.5 | $100.00 | $1,050.00 |
| Yuval Sheer | Advocate | 8.2 | $300.00 | $2,460.00 |
| Ido Malin | Partner | 0.65 | $450.00 | $292.50 |
| **Grand Total** | | **196.4** | | **$68,715.00** |