**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER SETTING SCHEDULE**
**REGARDING (I) ESTIMATION OF CERTAIN**
**INTERCOMPANY CONTRACT CLAIMS BETWEEN CELSIUS NETWORK**
**LLC AND CELSIUS NETWORK LIMITED, (II) SUBSTANTIVE**
**CONSOLIDATION OF CELSIUS NETWORK LLC AND CELSIUS NETWORK**
**LIMITED, AND (III) CONSTRUCTIVE FRAUDULENT TRANSFER CLAIM**

Upon the motion [Dkt. No. 2369] (the "**Motion**")[2] of the Committee for entry of an order (this "**Order**") establishing procedures to estimate the Intercompany Claim that Celsius Network LLC ("**LLC**") has against Celsius Network Limited ("**CNL**") for allowance purposes, all as more fully set forth in the Motion; and upon the *Notice of Revised Proposed Order in Connection with the Motion of the Official Committee of Unsecured Creditors for Entry of an Order (I) Establishing Procedures to Estimate the Intercompany Claim that Celsius Network, LLC has Against Celsius Network Limited and (II) Granting Related Relief* [Dkt. No. 2477] (the "**Notice**"); and the Court having determined that it is appropriate to set a schedule with respect to (a) the estimation of the Intercompany Claim by LLC against CNL for allowance purpose, (b) the substantive consolidation of LLC and CNL, and (c) a constructive fraudulent transfer claim that may

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] Capitalized terms used but not defined herein have the meanings given to them in the Motion.

be brought on behalf of LLC's estate against CNL; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, entered February 1, 2012; and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and that no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1. The Motion is granted as set forth in this Order.

2. Pursuant to Bankruptcy Code section 502(c), procedures shall be established to estimate the Intercompany Claim that LLC has against CNL for allowance purposes.

3. Litigation regarding (a) estimation of the intercompany contract claims between LLC and CNL in connection with the migration, (b) substantive consolidation of LLC and CNL, and (c) the constructive fraudulent transfer claim in connection with the migration by LLC against CNL shall follow the below schedule:

| Task | Deadline |
|---|---|
| Deadline for (i) Debtors and/or Committee to file motion for substantive consolidation and (ii) Committee to file adversary complaint asserting constructive fraudulent transfer claim | Monday, May 1, 2023 |
| Deadline for parties to serve written discovery (limited to a total of 12 interrogatories per party) | Thursday, May 4, 2023 |
| Deadline for responses to written discovery | Monday, May 8, 2023 |
| Deadline for substantial completion of document production | Wednesday, May 31, 2023 |
| Deadline to complete fact depositions | Thursday, June 15, 2023 |
| Deadline for expert reports | Friday, June 16, 2023 |
| Deadline for expert rebuttal reports | Friday, June 23, 2023 |
| Deadline to complete expert depositions | Friday, June 30, 2023 |
| Deadline for parties to file opening briefs (opening briefs to be limited to 40 pages) | Friday, June 30, 2023 |
| Deadline for parties to file response briefs (response briefs to be limited to 25 pages) | Monday, July 10, 2023 |
| Deadline to exchange witness and exhibit lists | Wednesday, July 12, 2023 |
| Deadline for objections to witness and exhibit lists | Friday, July 14, 2023 |
| Trial on (i) estimation, (ii) constructive fraudulent transfer, and (iii) substantive consolidation | Trial dates reserved the week of July 24, 2023 |

4.    The above schedule may be modified by further order of the Court (including to the extent the Court approves of any alterations to the schedule that are agreed to by the Debtors, the Committee, and the Series B Holders).

5.    To the extent the Court conducts a hearing on the matters set forth in the above schedule, such hearing shall occur at or before any hearing in connection with confirmation of a proposed chapter 11 plan for the Debtors.

6. Nothing in this Order shall preclude the Debtors or the Committee from seeking any other relief or asserting any other claim or cause of action.

7. The Debtors and the Committee are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

8. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

**IT IS SO ORDERED.**

Dated: April 24, 2023
  New York, New York

　　　　　　　　　　　　　　　　　　　　　**/s/ Martin Glenn**
　　　　　　　　　　　　　　　　　　　　　MARTIN GLENN
　　　　　　　　　　　　　　　　　　　Chief United States Bankruptcy Judge