**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>CELSIUS NETWORK, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-10964 (MG)<br><br>(Jointly Administered)<br><br>Re: ECF Doc. ## 1707, 1709, 1710, 1715, 1716, 1718, 1719, 1720, 1721 |

**OMNIBUS ORDER GRANTING APPLICATIONS FOR ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR THE FIRST INTERIM COMPENSATION PERIOD FROM JULY 13, 2022 THROUGH OCTOBER 31, 2022**

Upon consideration of the applications for allowance of interim compensation and reimbursement of expenses incurred during the period from July 13, 2022 through October 31, 2022 (the "First Interim Compensation Period") indicated as "Recommended for Approval" on the attached Exhibit A (together, the "Uncontested Applications," ECF Doc. ## 1707, 1709, 1710, 1715, 1716, 1718, 1719, 1720, and 1721), filed pursuant to the *First Amended Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief* (the "Interim Compensation Order," ECF Doc. # 1745); the *Amended Order Appointing Independent Fee Examiner and Establishing Related Procedures for the Review of Fee Applications of Retained Professional* (the "Fee Examiner

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

Order," ECF Doc. # 1746); and pursuant to 11 U.S.C. §§ 330 and 331, Rule 2016 of the Federal Rules of Bankruptcy Procedure, and Rule 2016-1 of the Local Bankruptcy Rules for the Southern District of New York; and a hearing having been held before this court to consider the Uncontested Applications on April 18, 2023; and notice having been given pursuant to Federal Rules of Bankruptcy Procedure 2002(a)(6) and (c)(2); and the Court having reviewed the Uncontested Applications and/or the summary report filed by the Fee Examiner with respect to the Uncontested Applications (*see* ECF Doc. # 2387); *Daniel A. Frishberg's Omnibus Objection to the First Interim Fee Application of Kirkland & Ellis LLP and Kirkland & Ellis International LLP, Attorneys for the Debtors and Debtors in Possession, for the Interim Fee Period From July 13, 2022 Through and Including October 31, 2022 and other Various Professionals' Fee Applications* (the "Frishberg Objection," ECF Doc. # 1823); *Daniel A. Frishberg's Omnibus Objection to Various Professionals' Fee Applications* (the "Second Frishberg Objection," ECF Doc. # 1977); the *Notice of Objection to Fee Statement* filed by Victor Ubierna de las Heras (the "Ubierna de las Heras Objection," ECF Doc. # 1163); and *Daniel A. Frishberg's Statement About His Fee Objection* [not docketed]; and the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334; (b) notice of the Uncontested Applications was adequate under the circumstances; and (c) all parties with notice of the Applications have been afforded the opportunity to be heard on the Uncontested Applications, and upon the full record of all proceedings in this case; and sufficient cause having been shown therefor, it is hereby;

[*Remainder of page intentionally left blank*]

ORDERED THAT:

1. The Frishberg Objection, the Second Frishberg Objection, and the Ubierna de las Heras Objection are overruled to the extent they apply to any of the Uncontested Applications outlined on the attached Exhibit A.

2. Each Uncontested Application is granted on an interim basis, to the extent set forth on the attached Exhibit A.

3. Each of the Uncontested Applicants is allowed (a) interim compensation for services rendered during the Compensation Period and (b) interim reimbursement for actual and necessary expenses incurred during the Compensation Period, each in the respective amounts set forth on the attached Exhibit A, including, except as otherwise indicated, any and all holdbacks.

4. To the extent not already paid pursuant to the Interim Compensation Order, the Debtors are hereby authorized and directed to pay, except as otherwise indicated on Exhibit A, each of the Uncontested Applicants 100 percent of the fees and 100 percent of the expenses listed on Exhibit A under the columns "Interim Fees Recommended for Approval" and "Interim Expenses Recommended for Approval," respectively, for services rendered and expenses incurred during the Compensation Period.

5. All fees and expenses allowed herein shall be subject to final allowance by the Court without regard to whether such amounts have been paid to the Applicant.

6. This Order shall be deemed a separate order with respect to each of the Interim Applications. Any stay of this Order pending appeal with respect to any one Uncontested Application shall only apply to the Uncontested Applicant that is the subject of such appeal and shall not operate to stay the applicability and/or finality of this Order with respect to any other Uncontested Application.

7. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this order.

8. Pursuant to the Fee Examiner's summary report, the interim fee applications listed on the attached Exhibit B are hereby adjourned for consideration at a later hearing date.

**IT IS SO ORDERED.**

Dated: April 24, 2023
       New York, New York

                                              **/s/ Martin Glenn**
                                                MARTIN GLENN
                                      Chief United States Bankruptcy Judge