**Hearing Date: May 17, 2023 at 10:00am (prevailing Eastern Time)**
**Objection Deadline: May 10, 2023 at 4:00pm  (prevailing Eastern Time)**

Daniel A. Frishberg
Immanuel J. Herrmann
*Pro Se Customer-Appellants*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.,*[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

# NOTICE OF HEARING ON CUSTOMER-APPELLANTS' MOTION TO EXPEDITE TRANSMITTAL OF THE RECORD ON APPEAL TO THE DISTRICT COURT

**PLEASE TAKE NOTICE** that a hearing on *Customer-Appellants' Motion to Expedite*

*Transmittal of the Record on Appeal to the District Court* will be held on May 17, 2022 at

10:00am (prevailing Eastern Time) (the "Hearing").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

**PLEASE TAKE FURTHER NOTICE** that in accordance with General Order M-543 dated March 20, 2020, the Hearing will be conducted remotely using Zoom for Government. Parties wishing to appear at the Hearing, whether making a "live" or "listen only" appearance before the Court, need to make an electronic appearance through the Court's website at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl. Electronic appearances (eCourtAppearances) need to be made by 4:00 p.m. (prevailing Eastern Time), the business day before the hearing (i.e., on May 16, 2023).

**PLEASE TAKE FURTHER NOTICE** that due to the large number of expected participants in the Hearing and the Court's security requirements for participating in a Zoom for Government audio and video hearing, all persons seeking to attend the Hearing at 10:00 a.m. (prevailing Eastern Time) on May 17, 2022, must connect to the Hearing beginning at 9:00 a.m. (prevailing Eastern Time) on May 17, 2022. When parties sign in to Zoom for Government and add their names, they must type in the first and last name that will be used to identify them at the Hearing. Parties that type in only their first name, a nickname or initials will not be admitted into the Hearing. When seeking to connect for either audio or video participation in a Zoom for Government Hearing, you will first enter a "Waiting Room," in the order in which you seek to connect. Court personnel will admit each person to the Hearing from the Waiting Room after confirming the person's name (and telephone number, if a telephone is used to connect) with their eCourtAppearance. Because of the large number of expected participants, you may experience a delay in the Waiting Room before you are admitted to the Hearing.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the relief requested in the Motion shall: (i) be in writing; (ii) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York; (iii) be filed electronically with the Court on the docket of *In re Celsius Network LLC*, No. 22-10964 (MG) by registered users of the Court's electronic filing system and in accordance with all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York (which are available on the Court's website at http://www.nysb.uscourts.gov); and (iv) be served so as to be actually received by May 10, 2023, at 4:00 p.m. (prevailing Eastern Time), by (a) via electronic mail at immanuelherrmann@gmail.com, (b) to the entities on the Master Service List available on the case website of the above-captioned debtors at https://cases.stretto.com/celsius, and (c) to any person or entity with a particularized interest in the subject matter of the Motion.

**PLEASE TAKE FURTHER NOTICE** that only those responses or objections that are timely filed, served, and received will be considered at the Hearing. Failure to file a timely objection may result in entry of a final order granting the Motion as requested by Daniel A. Frishberg and Immanuel J. Herrmann.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion and other pleadings filed in these chapter 11 cases may be obtained free of charge by visiting the website of Stretto at https://cases.stretto.com/celsius. You may also obtain copies of the Motion and other pleadings

filed in these chapter 11 cases by visiting the Court's website at http://www.nysb.uscourts.gov in

accordance with the procedures and fees set forth therein.


Respectfully submitted,


| | |
|---|---|
| */s/ Daniel A. Frishberg* | */s/ Immanuel Herrmann* |
| Daniel A. Frishberg | Immanuel Herrmann |
| *Pro Se* | *Pro Se* |
| April 26, 2023 | April 26, 2023 |

**Hearing Date: May 17, 2023 at 10:00am (prevailing Eastern Time)**
**Objection Deadline: May 10, 2023 at 4:00pm  (prevailing Eastern Time)**

Daniel A. Frishberg
Immanuel J. Herrmann
*Pro Se Customer-Appellants*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| CELSIUS NETWORK LLC, *et al.,*[2] | ) |
| | ) Case No. 22-10964 (MG) |
| Debtors. | ) |
| | ) (Jointly Administered) |

## CUSTOMER-APPELLANTS' MOTION TO EXPEDITE TRANSMITTAL OF THE RECORD ON APPEAL TO THE DISTRICT COURT

Immanuel J. Herrmann and Daniel A. Frishberg–Celsius Network LLC, *et al.* customers

(the "Customer-Appellants")–hereby submit this Motion (the "Motion") to expedite transmittal

of the record for our appeal of the *Order Regarding Which Debtor Entities Have Liability for*

*Customer Claims Under the Terms of Use* (the appeal of the "Customer Claims Order") Case No.

23-cv-03144 (S.D.N.Y. 2023) [rel. 23-cv-02882 (S.D.N.Y. 2023)] to the United States District

Court for the Southern District of New York, and to resolve disputes about the record on appeal

under Rule 8009, if any, at the May 17 Omnibus hearing. In support of their Motion,

Creditor-Appellants respectfully state as follows:

---

[2] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

## **RELIEF REQUESTED**

The Creditor-Appellants respectfully request, pursuant to Fed. R. Bankr. P. 8019, that the

Court enter an order ordering the Clerk of the Bankruptcy Court to expedite preparation of the

record and transmit a copy of the record on appeal to the Clerk of the U.S. District Court for the

Southern District of New York on May 17–if it has not already been transmitted by that date.


It is no understatement to say that the outcome of the issue of which entities customers

have claims against will profoundly impact the outcome and litigation schedule of these cases.

Aside from the Preferred Series B, no ***customers*** are interested in litigating matters of

substantive consolidation between Celsius Network Ltd. and Celsius Network LLC as proposed

in the Debtors' plan, nor the amount of the inter-company claims, nor constructive fraudulent

transfer claims.


This appeal, along with substantive consolidation and intercompany claims, have now

become gating issues to our emergence from Chapter 11 (which the Preferred Series B Holders

would like to delay as for as long as possible so that their well-heeled clients can extract as much

money from retail and non-accredited investors as possible).


Creditor-Appellants, and all customers, suffer and will continue to suffer irreparable harm

unless expedited review is granted, and we intend to file a Motion asking for expedited appellate

review in the District Court upon transmission of the record on appeal (and are contemplating,

and reserve the right to, after consulting with the UCC, asking for a compressed briefing

schedule as well.)

Under standard timeframes, months may pass before these issues are finally adjudicated,

and this appeal is likely to be mooted or subsumed in the Plan Confirmation process. Without

appellate review, the Celsius Chapter 11 plan could violate the absolute priority rule (if the

Customer Claims decision would have been overturned). By then, we also likely will have spent

tens of millions of dollars[3] in unnecessary litigation (if the Customer Claims decision is later

overturned but we are months into substantive consolidation, inter-company-claims litigation,

and class claims matters). This is truly a situation where rights delayed are rights denied and

expediting the process at each step, from transmission of the record to the district's review, is

crucial.

An expedited appeal in the District Court, which the Customer-Appellants' plan to

petition for, is also *essential* to ensure that this appeal is not rendered moot by the Debtors'

proposed confirmation timetable and any contemplated settlement with the Preferred

Shareholders, which, again, violates the absolute priority rule if the Customer Claims Decision is

overturned. Regardless of how the District Court rules, the Bankruptcy Court can do its part to

make sure that the appeal moves along by expediting transmission of the record.

Barring fast action by the Courts in this matter, the Debtors and the UCC may be forced

to settle the preferred matter to move forward with plan consummation if our appeal is not heard

timely, to our (and all customers') prejudice. Also, our appeal is much cheaper than other

---

[3] In addition to operating costs which are reducing creditors's recovery by over $600,000 each day.

litigations that are currently ongoing, because it doesn't require massive discovery and protracted

litigation like substantive consolidation, inter-company claims, or constructive fraudulent

transfer, but only the preparation of briefs and arguments. Therefore, it supports judicial

economy, and finality of resolving issues before Plan Confirmation, to transmit the record briskly

and keep the appeal moving.


Due to the timeframes of the auction and sale process and the Court's recent scheduling

order to wraps up intercompany claims litigation by the end of July (D.R. 2150), it is essential

that the Record on Appeal be finalized shortly after May 17 *at the latest* and that the Clerk of the

Bankruptcy Court work to prepare, and immediately transfer, the record on appeal to the District

Court.


Furthermore, to the extent that any parties have disputes with the record under Rule 8009

that they intend to adjudicate in this Court, this Motion serves as notice and the opportunity for a

hearing to adjudicate such a disputes on May 17. Creditor-Appellants are available to resolve

such disputes **before** this Motion's reply deadline, we will reply on the docket to any disputes

filed in response to this Motion, and and we ask that the Court rule on disputes (if any)

expeditiously after May 17.


It is *essential* that, if any disputes regarding the record on appeal arise, they be resolved

*with finality* at or shortly after the May 17 hearing, and not seep into late May or June. To the

extent that we cannot resolve such disputes outside of Court, we further request that objectors

respond to the Motion and provide us–and the Court–with an item-by-item list of items they

propose to strike, giving a specific reason for striking each item, so that we may respond

line-by-line *prior* to the May 17 hearing and receive a ruling and finalize the record at the May

17 hearing. Of course, we urge parties to work with us consensually on the record until the

hearing, to minimize–and hopefully fully eliminate–any disputes.

To the extent that parties insist on coming to Court to adjudicate their disputes, we urge

this Court to err on the side of a larger record and let the District Court sort things out–to keep

things moving. Time is of the essence, and rights delayed are rights denied.

## **Reservation of Rights**

The Customer-Appellants reserve all rights, including but not limited to supplementing,

amending, or re-filing this Motion.

## **Conclusion**

For the reasons set forth herein, the Customer-Appellants respectfully petition the Court

to enter an Order finalizing the record on May 17 or as soon as possible thereafter–and ordering

the Clerk to transmit the record on appeal to the District Court expeditiously, if it has not already

been transmitted by that date.

Respectfully submitted,

*/s/ Daniel A. Frishberg*                                      */s/ Immanuel Herrmann*
Daniel A. Frishberg                                           Immanuel Herrmann
*Pro Se*                                                              *Pro Se*
April 26, 2023                                                    April 26, 2023

**CERTIFICATE OF SERVICE**

       I hereby certify that on Wednesday, April 26, 2023, I filed a true and correct copy of the *Customer-Appellants' Motion to Expedite Transmittal of the Record on Appeal to the District Court* with the Clerk of the United States Bankruptcy Court in the Southern District of New York.

       I hereby further certify that on Wednesday, April 26, 2023, I served a true and correct copy of the *Customer-Appellants' Motion to Expedite Transmittal of the Record on Appeal to the District Court* upon noticed appellants, noticed appellees, and the Core/2002 service list by electronic mail in accordance with the SDNY Bankruptcy Court's *Amended Final Order (I) Establishing Certain Notice, Case Management, And Administrative Procedures, And (II) Granting Related Relief* (ECF Docket No. 1181).

Respectfully submitted,

*/s/ Daniel A. Frishberg*
Daniel A. Frishberg
*Pro Se*
Dated: April 26, 2023
Hillsborough County, Florida