WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE, REGION 2
U.S. Department of Justice
Office of the United States Trustee
One Bowling Green
New York, New York 10004
Telephone: (212) 510–0500
By: Shara Cornell, Esq.
    Trial Attorney

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- x
                                                        :
In re                                                   :  Chapter 11
                                                        :
                                                        :  Case No. 22-10964 (MG)
CELSIUS NETWORK LLC, *et al.*,[1]                       :
                                                        :  Jointly Administered
                                                        :
                                            Debtors.    x
-------------------------------------------------------

**OBJECTION OF THE UNITED STATES TRUSTEE TO THE APPLICATION OF
CONNOR NOLAN PURSUANT TO 11 U.S.C. §§ 503(b)(3)(D) AND 503(b)(4) FOR
ALLOWANCE AND PAYMENT OF PROFESSIONAL FEES AND EXPENSES
<u>INCURRED IN MAKING A SUBSTANTIAL CONTRIBUTION</u>**

TO:    THE HONORABLE MARTIN GLENN,
       CHIEF UNITED STATES BANKRUPTCY JUDGE:

William K. Harrington, the United States Trustee for Region 2 (the "<u>United States</u>

<u>Trustee</u>"), hereby submits his objection (the "<u>Objection</u>") to the Application of Connor Nolan (the

"<u>Applicant</u>") Pursuant to 11 U.S.C. §§ 503(b)(3)(D) and 503(b)(4) for Allowance and Payment of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are as follows: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

1

Professional Fees and Expenses Incurred in Making a Substantial Contribution (the "Application") (ECF Doc. No. 2045). In support thereof, the United States Trustee respectfully states:

## I. INTRODUCTION

The Bankruptcy Code provides that, in certain limited circumstances, a creditor that makes a substantial contribution in a bankruptcy case may recover its actual and necessary expenses in retaining an attorney or accountant. This provision of the Bankruptcy Code, however, is construed narrowly and is not intended to change the basic rule that an attorney must look to his own client for payment.

The Application meets none of these basic criteria. Critically, Connor Nolan ("Nolan"), the applicant, is not a creditor, does not plead that he is a creditor, and even if he was a creditor, does not bring the Application in his capacity as a creditor. Instead, Nolan brings the Application as an employee of the Debtors that was interviewed and appeared in his capacity as an employee of the Debtors. Nowhere in the Bankruptcy Code does it authorize a bankruptcy estate to pay attorneys' fees and expenses for Debtors' employees acting in their capacity as an employee, nor does the Application cite to any such authority.

Specifically, the Application seeks payment of a) fees and expenses already incurred in the sum of $207,641.48 be paid; and b) that future, reasonable legal fees and expenses his counsel incurs on his behalf through April 30, 2023 in an amount not to exceed $100,000 be paid. Assuming *arguendo* that Nolan has statutory standing to bring the Application, he has similarly failed to meet the second criteria – a demonstration that his cooperation resulted in a *substantial benefit* to the Debtors' bankruptcy estates under Sections 503(b)(3) and (4). Accordingly, the Application should be denied.

## II. FACTS

1. On July 13, 2022 (the "Petition Date"), Celsius Network LLC, Celsius KeyFi LLC, Celsius Lending LLC, Celsius Mining LLC, Celsius Network Inc., Celsius Network Limited, Celsius Networks Lending LLC, and Celsius US Holding LLC (collectively, the "Debtors") each commenced a voluntary case under Chapter 11 of the Bankruptcy Code. *See* Voluntary Petitions, SDNY Case No. 22-10964, ECF Doc. No. 1. On July 19, 2022, the Court entered an Order directing that these cases be jointly administered. ECF Doc. No. 53. An Official Committee of Unsecured Creditors was appointed on July 27, 2022. ECF Doc. No. 241.

2. On July 7, 2022, KeyFi, Inc. initiated a state court proceeding against Celsius entities. KeyFi, Inc. v. Celsius Network Ltd. and Celsius KeyFi LLC, No. 642367/2022 (N.Y. Cty. filed July 7, 2022).

3. On August 23, 2022, the Debtors filed an adversary complaint against Jason Stone and KeyFi, Inc. seeking recovery of money/property pursuant to 11 U.S.C. § 542 (the "KeyFi Litigation"). *See* Case No. 22-01139-MG (Bankr. S.D.N.Y).

4. On February 13, 2023, Nolan filed his Application. ECF Doc. No. 2045.

5. On February 28, 2023, the Debtors filed its Motion Seeking Entry of an Order (I) Authorizing the Debtors to Enter into Witness Cooperation Agreements with Certain Current and Former Employees, (II) Authorizing Reimbursement of Past and Future Out-Of-Pocket Expenses of Cooperating Witnesses, Including Attorney's Fees, and (III) Granting Related (the "Cooperating Witness Motion"). ECF Doc. No. 2147.

6. On April 14, 2023, the United States Trustee filed its Statement in Response to the Application of Connor Nolan Pursuant to §§ 503(b)(3)(D) and 503(b)(4) for Allowance and Payment of Professional Fees and Expenses Incurred (the "UST Statement"). ECF Doc. No. 2434.

The UST Statement, *inter alia*, sought the adjournment of the Application to be heard with the Cooperating Witness Motion, as they both sought payment of attorney fees of employees of the Debtors.

7. Also on April 14, 2023, the Court entered the Order Adjourning the Application of Connor Nolan and the Debtors' Cooperating Witness Motion. ECF Doc. No. 2441.

8. On April 23, 2023, the Debtors filed a Notice of Adjournment of the Application with the hearing to be held on May 17, 2023. ECF Doc. No. 2520.

### III. LEGAL STANDARDS

A. **Substantial Contribution**

  a. **11 U.S.C. § 503(b)**

Sections 503(b)(3)(D) and (4) of the Bankruptcy Code provide, in part:

> (b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including –

> \* \* \*

> (3) the actual, necessary expenses, other than compensation and reimbursement specified in paragraph (4) of this subsection, incurred by –

> \* \* \*

> (D) ***a creditor . . . or a committee representing creditors or equity security*** holders other than a committee appointed under section 1102 of this title, in making a substantial contribution in a case under chapter 9 or 11 of this title;

> \* \* \*

> (4) reasonable compensation for professional services rendered by an attorney or an accountant of an entity whose expense is allowable under paragraph (3) of this subsection, based on the time, the nature, the extent and the value of such services, and the cost of comparable

> services other than in a case under this title, and reimbursement for
> actual, necessary expenses incurred by such attorney or accountant

11 U.S.C. §§ 503(b)(3)(D) and (4) (emphasis added).

    b. **Narrow Construction**

Compensation based upon a "substantial contribution" is designed to meet policy objectives of encouraging meaningful participation in the reorganization process while keeping fees and administrative expenses at a minimum to preserve as much of the estate as possible for creditors. *In re U.S. Lines, Inc.*, 103 B.R. 427, 430 (Bankr. S.D.N.Y. 1989). Thus, Section 503(b) of the Bankruptcy Code is narrowly construed. *See In re Bayou Group LLC*, 431 B.R. 549, 560 (Bankr. S.D.N.Y. 2010) ("[T]he section's policy of promoting meaningful creditor participation in the reorganization process is in tension with the contrasting policy, noted above, that provisions establishing administrative expenses should be construed narrowly and administrative expenses kept to a minimum."); *see also In re Villa Luisa, L.L.C.*, 354 B.R. 345, 348 (Bankr. S.D.N.Y. 2006) ("Claims for substantial contribution are . . . narrowly construed and are subject to strict scrutiny") (*citing U.S. Lines*, 103 B.R. at 429); *In re Granite Partners, L.P.*, 213 B.R. 440, 445 (Bankr. S.D.N.Y. 1997) ("'substantial contribution provisions must be narrowly construed' including to 'discourage mushrooming expenses' and 'do not change the basic rule that the attorney must look to his own client for payment.'"). Moreover, Section 503(b) is the exclusive avenue for payment of administrative expenses. *See Tracy Hope Davis vs. Elliot Management Corp., et al. (In re Lehman Brothers Holdings, Inc., et. al)* ("<u>Lehman</u>"), Case No. 13-vc-02211-rjs at p. 4 of 12 (S.D.N.Y. March 31, 2014).

### c. Burden of Proof

Whether a creditor has made a substantial contribution in a reorganization case is a question of fact. *See In re Hooker Invs., Inc.*, 188 B.R. 117, 120 (S.D.N.Y. 1995). The burden of proof rests on the applicant to show by a preponderance of the evidence that the services it rendered provided a substantial benefit to the estate. *In re Best Prods. Co.*, 173 B.R. 862, 866 (Bankr. S.D.N.Y. 1994); *see also Villa Luisa*, 354 B.R. at 348 (it is exceedingly difficult to satisfy the burden of proof because a litigant is presumed to act in its own interest). To meet the evidentiary threshold, the movant must establish that "'[its] services have some causal relationship to the contribution.' Mere conclusory statements regarding the causation or provision of a substantial contribution are insufficient to establish that a substantial contribution has been made." *U.S. Lines*, 103 B.R. at 430.

### d. Actual and Demonstrable Benefit to the Estate At-Large

The inclusion of Section 503(b)(4) in the Bankruptcy Code does not change the general rule that an attorney must look to his client for payment of his fees. *Granite Partners*, 213 B.R. at 445. Rather, compensation under "substantial contribution" grounds "is limited to those extraordinary actions that lead to an 'actual and demonstrable benefit to the debtor's estate, the creditors, and to the extent relevant, the stockholders.'" *In re Randall's Island Family Golf Ctrs., Inc.*, 300 B.R. 590, 598 (Bankr. S.D.N.Y. 2003) (*quoting In re Jensen-Farley Pictures, Inc.*, 47 B.R. 557, 569 (Bankr. D. Utah 1985)); *accord Best Prods.*, 173 B.R. at 866 and *In re Alert Holdings, Inc.*, 157 B.R. 753, 757 (Bankr. S.D.N.Y. 1993).

In determining whether a creditor has made a substantial contribution, courts generally consider the following factors: (1) whether the services benefitted the creditor or all creditors (2) whether the services provided a direct, significant and demonstrable benefit to the estate; and (3)

6

whether the services rendered were duplicative of services rendered by attorneys for the committee, the committees themselves, or the debtor and its attorneys. *Best Prods.*, 173 B.R. at 865.

Active participation alone is insufficient to give rise to a substantial contribution claim. *Granite Partners*, 213 B.R. at 446; *see also In re Big Rivers Elec. Corp.*, 233 B.R. 739, 749-50 (W.D. Ky. 1998) (actions taken by claimants in doing such things as documenting transactions that formed the basis of debtor's plan of reorganization, sharing expense of audit of environmental issues relating to debtor's plans, assisting debtor in negotiating certain contracts, and analyzing debtor's manpower issues, lacked any motivation to benefit or increase the bankruptcy estate but, instead, were designed solely to increase claimant's economic position, and so claimants were not entitled to recover on their claims for substantial contribution). Participating in the negotiating, drafting, and confirmation of a reorganization plan is not sufficient to support a substantial contribution claim. *See Granite Partners*, 213 B.R. at 449; *see also In re Sentinel Mgmt.*, 404 B.R. 488, 496 (Bankr. N.D. Ill. 2009) (noting that negotiation, even when hard fought by parties involved, of a provision in Chapter 11 plan is an expected and routine activity, that does not give rise to a substantial contribution to the estate).

e. **Insubstantial and Duplicative Services are Not Compensable**

Requests for compensation for insubstantial or duplicative services or services that deplete rather than increase the size of estate assets should be denied. *U.S. Lines*, 103 B.R. at 429-430; *see also In re Asarco, LLC*, No. 05-21207, 2010 WL 3812642, at *8 (Bankr. S.D.N.Y. Tex. Sep. 28, 2010) ("Activities of a creditor or their counsel that are ordinary, expected, routine, or duplicative do not constitute a substantial contribution to a debtor's estate."). An applicant cannot recover fees related to case administration, monitoring, and education, including attending hearings, reviewing

7

documents, and consulting with clients because these services are performed for the client, not the estate. *Granite Partners*, 213 B.R. at 453-54. Further, because settlement negotiations require the participation of many parties-in-interest, they usually do not give rise to substantial contribution claims. *See Matter of Columbia Gas Sys., Inc.*, 224 B.R. 540, 549 (Bankr. D. Del. 1998) (creditor's Section 503(b) claims were rejected where the evidence showed that the participation of many parties was needed to effectuate a settlement); *see also In re Alumni Hotel Corp.*, 203 B.R. 624, 632 (Bankr. E. D. Mich. 1996) (successful reorganizations require consensual activity and if one applicant's fees are approved, others might argue they also made a substantial contribution).

### IV. OBJECTION

Connor Nolan, an employee of the Debtors, seeks payment of a) fees and expenses already incurred in the sum of $207,641.48; and b) that future legal fees and expenses his counsel incurs on his behalf through April 30, 2023 be paid in an amount not to exceed $100,000. Nolan does not allege, aver, or otherwise try to describe himself as a creditor of the Debtors. Nolan similarly does not allege that he represents a committee of creditors or equity holders. Nolan solely seeks compensation due to his employment status with the Debtors. There is absolutely no basis for this request under Section 503(b), which requires the requesting party be a creditor or a committee of creditors/equity holders. *See Lehman*, Case No. 13-vc-02211-rjs at p. 4 of 12 (S.D.N.Y. March 31, 2014) (holding that "while there can be some administrative expenses that are not listed in § 503(b), they must nonetheless fall within § 503(b)'s interstices"). Accordingly, Nolan cannot recover under 11 U.S.C. § 503(b)(3)(D).

Moreover, Nolan has not met the high burden of establishing a demonstrable benefit to the Debtors' estates. Indeed, Nolan is unable to describe any such benefit in his pleading and instead states that the Committee is "thankful for his insights and cooperation." Application at ¶ 32.

8

Moreover, Nolan's claims that his testimony related to the KeyFi Litigation was a substantial contribution does not meet the high threshold for relief. No evidence of his contribution is provided, nor is it described how his interviews actually impacted the current temporary restraining order between the parties. Moreover, the Application also seeks payment of $100,000 of future fees. No case law is cited as to speculative future benefits to the estate receiving payment pursuant to Section 503(b). Nolan has made no showing why his statements and appearances should be entitled to such extraordinary relief in the form of payment to his attorneys of more than $300,000 from the Debtors' estates. Accordingly, Nolan has failed to establish that his "services have some causal relationship to the contribution." His "[m]ere conclusory statements regarding the causation or provision of a substantial contribution are insufficient to establish that a substantial contribution has been made." *U.S. Lines*, 103 B.R. at 430.

Because compensation under "substantial contribution" "is limited to those extraordinary actions that lead to an 'actual and demonstrable benefit to the debtor's estate, the creditors, and to the extent relevant, the stockholders,'" Nolan is not entitled to relief. *See Randall's Island*, 300 B.R. at 598 (*quoting In re Jensen-Farley Pictures, Inc.*, 47 B.R. at 569)).

## V. CONCLUSION

**WHEREFORE,** the United States Trustee respectfully requests that the Court deny the Application and grant such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      May 9, 2023

Respectfully submitted,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE, Region 2

By: */s/ Shara Cornell*
Shara Cornell
Trial Attorney
One Bowling Green
New York, New York 10004
Tel. (212) 510-0500