Dennis F. Dunne  
Nelly Almeida  
**MILBANK LLP**  
55 Hudson Yards  
New York, NY 10001  
Tel: (212) 530-5000  
Fax: (212) 660-5219  

Andrew M. Leblanc  
Melanie Westover Yanez  
**MILBANK LLP**  
1850 K Street, NW, Suite 1100  
Washington, DC 20006  
Tel: (202) 835-7500  
Fax: (202) 263-7586  

*Counsel to Community First Partners, LLC, Celsius SPV Investors, LP, and Celsius New SPV Investors, LP*

Joshua M. Mester (admitted *pro hac vice*)  
**JONES DAY**  
555 South Flower Street  
Fiftieth Floor  
Los Angeles, CA 90071  
Tel: (213) 489-3939  
Fax: (213) 243-2539  

*Counsel to CDP Investissements Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**SERIES B PREFERRED HOLDERS' STATEMENT REGARDING THE CUSTOMER-APPELLANTS' MOTION FOR A STAY PENDING APPEAL**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

Community First Partners, LLC, Celsius SPV Investors, LP, Celsius New SPV Investors, LP, and CDP Investissements Inc. (collectively, the "Series B Preferred Holders"), as beneficial holders, or investment advisors or managers of beneficial holders, of Series B Preferred Shares issued by Celsius Network Limited ("CNL" and, together with its affiliated debtors and debtors in possession, the "Debtors"), by and through their undersigned counsel, hereby submit this statement (the "Statement") regarding the *Customer-Appellants' Motion for a Stay Pending Appeal of the Order Regarding Which Debtor Entities Have Liability for Customer Contract Claims Under the Terms of Use Pursuant to Federal Rule of Bankruptcy Procedure 8007* [Dkt. No. 2545] (the "Motion"), and respectfully state as follows:

## Statement

1. The Customer-Appellants make a broad and imprecise request, through their Motion, for a stay pending appeal of the Customer Claims Decision.[2] It is not clear, however, what exactly they seek to stay. If they seek to have this Court not give effect to the Customer Claims Decision while the appeals are pending, such request should be denied.

2. The Customer-Appellants have not and cannot establish (1) "a strong likelihood" of success on the merits of the appeal; (2) irreparable injury to the movant absent a stay; (3) lack of risk of substantial injury to non-movant parties; and (4) that the stay is in the public's interest. *See, e.g.*, *In re 1567 Broadway Ownership Assocs.*, 202 B.R. 549, 552-53 (S.D.N.Y. 1996); *see also In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2007). The first two factors "are the most critical." *Chevron Corp. v. Donziger*, 37 F. Supp. 3d 653, 671 (S.D.N.Y. 2014) (quoting *Nken v. Holder*, 556 U.S. 418, 434, 129 S. Ct. 1749, 1761 (2009)).

---

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

3. *First*, the Customer-Appellants fail to demonstrate a "strong likelihood" of success on the merits by simply pointing to the fact that the Official Committee of Unsecured Creditors (the "Committee") has also filed an appeal and because there was, in their words, a "thin record." *See* Motion at 17. Neither assertion makes the chances of success likely. Indeed, the Customer-Appellants have not made any argument as to the merits of their appeal or why the appeal (or even the Committee's) will be successful. *Second*, the Customer-Appellants will not be irreparably injured absent a stay. To date, the only plan proposed by the Debtors does not contemplate *any* recovery to the Series B Preferred Holders—despite the Customer Claims Decision. *See Joint Chapter 11 Plan of Reorganization of Celsius Network LLC and its Debtor Affiliates* [Dkt. No. 2358] at § 3(B)(13). *Third*, all parties in these Chapter 11 cases will be harmed if a stay is allowed that prevents the parties from negotiating or moving forward with a confirmable plan based on the law of the case.

4. *Fourth*, the public interest does not favor a stay. The Customer-Appellants' reliance on *Czyzewski v. Jevic Holding Corp.*, 580 U.S. 451 (2017) is misplaced. They imply that *any* settlement with or distribution to the Series B Preferred Holders would somehow upend the priority scheme under the Bankruptcy Code and violate *Jevic*. Motion at 5 n.7, 6, 10, 18. This is not an issue for the Court today since, as noted above, the Debtors' plan provides no recovery to the Series B Preferred Holders.[3]

---

[3] The Customer-Appellants misapprehend the Supreme Court's holding in *Jevic*, which implicated priority rules in the context of a structured dismissal. In *Jevic*, the bankruptcy court dismissed a Chapter 11 case and, rather than restoring the prepetition status quo, ordered a distribution of estate assets—consistent with a settlement agreement—that allowed secured and general unsecured creditors to recover, but entirely bypassed dissenting middle-priority creditors. 580 U.S. at 460-62. The Supreme Court held that "distribution scheme[s] *ordered in connection with the dismissal of a Chapter 11 case* cannot, without the consent of the affected parties, deviate from the basic priority rules[.]" *Id.* at 455 (emphasis added). *Jevic* is inapposite here where customers do not have any approved legal right to recover from CNL based on the Customer Claims Decision. Therefore, the customers and the Series B Preferred Holders have recoveries at separate Debtors.

3

5. The Customer-Appellants seem to complain that the Customer Claims Decision has produced additional litigation. It is correct that, as a result of this Court's ruling in the Customer Claims Decision, the *Committee* has commenced "*four* new sets of litigation *plus* this appeal: Customer Class Claims litigation, Substantive Consolidation Litigation, Constructive Fraudulent Transfers, and Inter Company Claims litigation." *See* Motion at 20 (emphasis in original).[4] The Series B Preferred Holders agree that the outcome of any one of these proposed litigation streams may or may not be necessary based on the outcome of the Customer Claims Decision appeals. Nevertheless, the Series B Preferred Holders, while pushing forward on all litigation fronts and fully prepared to continue to do so, are not opposed to staying any one of the litigation streams that the Customer-Appellants complain of, during the pendency of the Customer Claims Decision appeals, if that is what the Customer-Appellants' Motion is truly seeking. The Series B Preferred Holders object, however, to any stay of the effect of the Customer Claims Decision, and see no basis for granting such request.

6. Accordingly, the Customer-Appellants fail to meet any of the four prongs necessary for a stay pending appeal and the Motion should be denied.

## Notice

7. Notice of this Statement has been provided in accordance with the procedures set forth in the *Second Amended Final Order (I) Establishing Certain Notice, Case Management, and*

---

[4] The Customer-Appellants mistakenly assert that the Series B Preferred Holders are "exclusively" driving the litigation. *See* Motion at 19. Indeed, the Committee, the Customer-Appellants' fiduciary, requested to pursue these expensive and expedited litigation streams. *See Motion of the Official Committee of Unsecured Creditors for Entry of an Order (I) Establishing Procedures to Estimate the Intercompany Claim That Celsius Network, LLC Has Against Celsius Network Limited and (II) Granting Related Relief* [Dkt. No. 2369]; *Motion of the Official Committee of Unsecured Creditors (I) for Authority to File a Class Claim Asserting Non-Contract Claims on Behalf of Account Holders or (II) to Appoint a Third-Party Fiduciary to Assert a Class Claim on Behalf of Account Holders* [Dkt. No. 2399].

*Administrative Procedures and (II) Granting Related Relief* [Dkt. No. 2560]. The Series B Preferred Holders respectfully submit that no further notice is required.

Dated: May 10, 2023
      New York, New York

*/s/ Dennis F. Dunne*
Dennis F. Dunne
Nelly Almeida
**MILBANK LLP**
55 Hudson Yards
New York, NY 10001
Tel: (212) 530-5000
Fax: (212) 660-5219
Email: ddunne@milbank.com
      nalmeida@milbank.com

- and -

Andrew M. Leblanc
Melanie Westover Yanez
**MILBANK LLP**
1850 K Street, NW, Suite 1100
Washington, DC 20006
Tel: (202) 835-7500
Fax: (202) 263-7586
Email: aleblanc@milbank.com
      mwyanez@milbank.com

*Counsel to Community First Partners, LLC, Celsius SPV Investors, LP, and Celsius New SPV Investors, LP*

*/s/ Joshua M. Mester*
Joshua M. Mester
**JONES DAY**
555 South Flower Street
Fiftieth Floor
Los Angeles, CA 90071
Tel: (213) 489-3939
Fax: (213) 243-2539
Email: jmester@jonesday.com

*Counsel to CDP Investissements Inc.*