**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**THIRD SUPPLEMENTAL
DECLARATION OF MARC PUNTUS IN SUPPORT
OF DEBTORS' APPLICATION FOR ENTRY OF
AN ORDER (I) AUTHORIZING THE EMPLOYMENT
AND RETENTION OF CENTERVIEW PARTNERS LLC AS
INVESTMENT BANKER FOR THE DEBTORS EFFECTIVE AS OF
JULY 13, 2022, (II) APPROVING THE TERMS OF THE CENTERVIEW
AGREEMENT, (III) WAIVING CERTAIN REPORTING REQUIREMENTS
PURSUANT TO LOCAL RULE 2016-2, AND (IV) GRANTING RELATED RELIEF**

I, Marc Puntus, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that:

1. I am a Partner in and Co-Head of the Debt Advisory and Restructuring Practice of Centerview Partners LLC ("Centerview").[2] I am authorized to submit this third supplemental declaration (the "Third Supplemental Declaration") on behalf of Centerview to supplement my prior declarations that have been submitted in connection with Centerview's retention in these chapter 11 cases.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] Capitalized terms used but otherwise not defined herein shall have the meanings ascribed to them in the Application, the Engagement Letter, or the Prior Declarations, as applicable.

2.	On August 4, 2022, the Debtors filed the *Debtors' Application for Entry of an Order (I) Authorizing the Employment and Retention of Centerview Partners LLC as Investment Banker for the Debtors Effective as of July 13, 2022 (II) Approving the Terms of the Centerview Agreement, (III) Waiving Certain Reporting Requirements Pursuant to Local Rule 2016-2, and (IV) Granting Related Relief* [Docket No. 362] (the "Application"). On August 4, 2022, in connection with the Application, I submitted the *Declaration of Marc Puntus in Support of Debtors' Application for Entry of an Order (I) Authorizing the Employment and Retention of Centerview Partners LLC as Investment Banker for the Debtors Effective as of July 13, 2022, (II) Approving the Terms of the Centerview Agreement, (III) Waiving Certain Reporting Requirements Pursuant to Local Rule 2016-2, and (IV) Granting Related Relief* (the "Original Declaration"). On September 12, 2022, I submitted the *First Supplemental Declaration of Marc Puntus in Support of Debtors' Application for Entry of an Order (I) Authorizing The Employment and Retention of Centerview Partners LLC as Investment Banker for the Debtors Effective as of July 13, 2022, (II) Approving the Terms of the Centerview Agreement, (III) Waiving Certain Reporting Requirements Pursuant to Local Rule 2016-2, and (IV) Granting Related Relief* [Docket No. 784] (the "First Supplemental Declaration") to provide additional disclosures in response to requests made by the United States Trustee for the Southern District of New York (the "U.S. Trustee") and to supplement my Original Declaration in support of the Application in these chapter 11 cases.

3.	On September 16, 2022, the Court entered the *Order (I) Authorizing the Employment and Retention of Centerview Partners LLC As Investment Banker for the Debtors Effective as of July 13, 2022, (II) Approving the Terms of the Centerview Agreement, (III) Waiving*

2

*Certain Reporting Requirements Pursuant to Local Rule 2016-2, and (IV) Granting Related Relief* [Docket No. 846] (the "Retention Order").

4. On February 3, 2023, I submitted the *Second Supplemental Declaration of Marc Puntus in Support of Debtors' Application for Entry of an Order (I) Authorizing The Employment and Retention of Centerview Partners LLC as Investment Banker for the Debtors Effective as of July 13, 2022, (II) Approving the Terms of the Centerview Agreement, (III) Waiving Certain Reporting Requirements Pursuant to Local Rule 2016-2, and (IV) Granting Related Relief* [Docket No. 1985] (the "Second Supplemental Declaration" and, together with the Original Declaration and the First Supplemental Declaration, the "Prior Declarations") to provide disclosures regarding additional potential parties-in-interest.

5. The facts set forth in this Third Supplemental Declaration are based upon my personal knowledge, upon information and belief, or upon client matter records kept in the ordinary course of business that were reviewed either by me or by employees of Centerview under my supervision and direction. If called and sworn as a witness, I could and would testify competently to the facts set forth herein.

6. I submit this Third Supplemental Declaration on behalf of Centerview in further support of the Application and to supplement the disclosures set forth in the Prior Declarations in accordance with Bankruptcy Rules 2014(a) and 2016(b) and as required under the Retention Order.

**Additional Disclosures**

7. This Third Supplemental Declaration makes certain additional disclosures.

8. Subsequent to the filing of the Prior Declarations, the Debtors informed Centerview of additional potential parties in interest (the "Additional Potential Parties-In-Interest").

A categorized summary of the Additional Potential Parties-in-Interest is provided on **Schedule 1** attached hereto.

9. Generally, it is Centerview's policy to disclose entities in the capacity that they first appear in a relationships search. For example, if an entity already has been disclosed in the Prior Declarations in one capacity (*e.g.*, a customer), and the entity appears in a subsequent relationships search in a different capacity (*e.g.*, a vendor), Centerview does not disclose the same entity again in supplemental declarations unless the circumstances are such in the latter capacity that additional disclosure is required.

10. To the best of my knowledge, information, and belief, Centerview has not represented any Additional Potential Parties-in-Interest in connection with matters relating to the Debtors, their estates, assets, or businesses and will not represent other entities which are creditors of, or have other relationships to, the Debtors in matters relating to these cases.

11. As part of this inquiry, Centerview entered the names of the Additional Potential Parties-in-Interest into its computer database of existing and prior client and similar relationships. The list generated from Centerview's client database is over-inclusive. Through this process, Centerview determined that it currently has and/or formerly had a relationship with certain of the Additional Potential Parties-in-Interest (and/or their affiliates or entities that Centerview believes to be affiliates, as the case may be) on matters wholly unrelated to the Debtors or these chapter 11 cases. To the best of my knowledge, information and belief, and based on such internal review process, **Schedule 2** lists Additional Potential Parties-in-Interest (and/or their apparent affiliates or entities that Centerview believes to be affiliates, as the case may be) with which Centerview currently has or formerly had a client or similar relationship on matters wholly unrelated to the Debtors or these chapter 11 cases, including but not limited to engagements to provide financial

advisory services and entities with whom Centerview has engaged in or is currently engaged in an ordinary course business development dialogue.

12.     As part of Centerview's diverse business, Centerview appears or may appear as a financial advisor or an investment banker in numerous cases, proceedings, or transactions involving attorneys, accountants, investment bankers, and financial consultants, some of whom may represent claimants and Additional Potential Parties-in-Interest or be claimants and Additional Potential Parties-in-Interest in these cases. Further, Centerview (including its professionals through their prior employment) has in the past, and may in the future, be represented by attorneys and law firms, some of whom may be involved in these cases. In addition, Centerview (including its professionals through their prior employment) has in the past and will likely in the future be working with, against or for other professionals involved in these cases in matters unrelated to these cases. In addition, Centerview has been in the past, and likely will be in the future, engaged in matters unrelated to the Debtors or these chapter 11 cases in which it works with or against or has mutual clients with other professionals involved in these chapter 11 cases. In particular, Centerview may also be engaged to represent, or may have been engaged to represent in the past, committees or groups of lenders, creditors, or equity owners in matters unrelated to the Debtors or these chapter 11 cases, some of which may be included on the Additional Potential Parties-in-Interest list. Furthermore, as set forth on **Schedule 3**, Centerview has vendor relationships with certain of the entities listed as Additional Potential Parties-in-Interest, including law firms, unrelated to the Debtors or these chapter 11 cases. Based on our current knowledge of the entities listed as Additional Potential Parties-in-Interest in these chapter 11 cases and the professionals involved, none of these business relations constitute interests materially adverse to the Debtors in matters upon which Centerview is to be engaged in these cases.

13. Other than as referenced herein or set forth on **Schedule 2**, I am unaware of any existing or prior client or similar relationships that Centerview has had with the Additional Potential Parties-in-Interest. Centerview has not been engaged to assist any entity or person other than the Debtors on matters relating to, or in connection with, these cases. Centerview will not accept any engagement or perform any services in relation to these cases for any entity or person other than the Debtors. Centerview is a global investment banking and advisory firm. Given the size of Centerview and the breadth of Centerview's client base, it is possible that Centerview may now or in the future be engaged by one or more of the Additional Potential Parties-in-Interest in matters unrelated to the Debtors or these cases without my knowledge. In addition, the Debtors may have customers, creditors, competitors, and other parties with whom they maintain business relationships that are not listed as Additional Potential Parties-in-Interest and with whom Centerview may now or in the future have engagements or maintain material commercial or other professional relationships. To the extent that Centerview discovers any, or enters into any new material commercial or other professional relationship with Additional Potential Parties-in-Interest, it will use reasonable efforts to supplement this disclosure to the Court.

14. Further, as noted in the Original Declaration, Centerview has legal and separate affiliates and related parties (the "Corporate Group Entities") that engage in a variety of investment activities. The Corporate Group Entities operate Centerview Capital Consumer, a consumer-focused private equity and investment business and Centerview Capital Technology, a technology focused private and growth equity business. The Corporate Group Entities do not reside in the same corporate structure as Centerview. The Centerview employees providing services in connection with these chapter 11 cases have no control over investment or business decisions made for the Corporate Group Entities, and because of physical and electronic information barriers and

other compliance policies and procedures, have no access to any confidential information of the Corporate Group Entities. Likewise, the investment professionals responsible for the Corporate Group Entities' day-to-day portfolio management have no access to any confidential information relating to Centerview's work for the Debtors. Nevertheless, none of the Corporate Group Entities hold an ownership interest in, or debt of, any of the Debtors or the other Additional Potential Parties-in-Interest.[3] Based upon my understanding from Centerview's internal compliance group, Centerview's internal compliance group, which sits above Centerview's investment banking deal teams and the investment professionals within Corporate Group Entities, has real-time access to the identities of the companies in which the Corporate Group Entities invest. As part of Centerview's search for relationships between any of the Corporate Group Entities and the companies in which they are invested, on the one hand, and the Additional Potential Parties-in-Interest, on the other hand, Centerview's internal compliance group compared the Corporate Group Entities and the companies in which they are invested to the list of Additional Potential Parties-in-Interest. Centerview's internal compliance group, consistent with its standard practice, did not inform any of the Corporate Group Entities that it was conducting this comparison. Furthermore, were any of the Corporate Group Entities to make a new investment, Centerview's internal compliance group would be made aware before the investment is made and would be in a position to review that investment against the Additional Potential Parties-in-Interest and update Centerview's prior disclosures or take other action as necessary. Based on the foregoing, I believe that the Corporate Group Entities' investment activities do not present a conflict of interest with respect to Centerview's retention by the Debtors in these chapter 11 cases. If any of the Corporate

---

[3] Vehicles sponsored by Centerview Capital Consumer and Centerview Capital Technology currently have only one (1) and four (4) investments, respectively.

7

Group Entities subsequently invest in any of the Additional Potential Parties-in-Interest, or if Centerview becomes aware that any entity in which any of the Corporate Group Entities is invested subsequently becomes a Potential Party-in-Interest, Centerview will use reasonable efforts to file a supplemental declaration, as required by Bankruptcy Rule 2014(a). Moreover, I note that certain of the Additional Potential Parties-in-Interest may now or in the future invest in funds that are managed by the Corporate Group Entities or co-invest with the Corporate Group Entities, but I do not believe that these potential relationships create a conflict of interest for Centerview regarding the Debtors or these chapter 11 cases.

15. Certain employees of Centerview may have mortgages, deposits, consumer loans, investment accounts, brokerage accounts, or other banking, brokerage or customer relationships with the Debtors or institutions that are creditors, equity holders or other Additional Potential Parties-in-Interest in these chapter 11 cases. I do not believe that these relationships create a conflict of interest regarding the Debtors or their chapter 11 cases.

16. Certain employees of Centerview were formerly employed by other investment banking, financial services or other professional services firms that are among, or represent other parties that are among, the creditors, equity holders, or other Additional Potential Parties-in-Interest in these cases in connection with matters unrelated to the Debtors and the cases. I do not believe that these matters create a conflict of interest regarding the Debtors or the cases.

17. Certain employees of Centerview and certain of such persons' relatives may directly or indirectly hold, in the ordinary course, debt or equity securities of certain of the Additional Potential Parties-in-Interest. However, based upon the information that has been provided to me, I believe that any such holdings are insignificant and, to my knowledge, none of these investors controls or has any influence on such Additional Potential Parties-in-Interest.

Further, I do not believe these investments, considered separately or collectively, are material or create a conflict of interest regarding the Debtors or these chapter 11 cases.

18.    In light of the number of the Debtors' creditors, Potential Parties-in-Interest, and potential additional parties-in-interest, neither I nor Centerview am able conclusively to identify all potential relationships at this time, and we reserve the right to supplement this disclosure as additional material relationships come to our attention. In particular, among other things, Centerview may have relationships with persons who are beneficial owners of Additional Potential Parties-in-Interest and persons whose beneficial owners include Additional Potential Parties-in-Interest or persons who otherwise have relationships with Additional Potential Parties-in-Interest. Moreover, Centerview employees may have relationships with Additional Potential Parties-in-Interest, persons that may become parties-in-interest in this case, or persons that have business relationships with the Debtors or are competitors of the Debtors.

19.    Based on the foregoing, to the best of my knowledge and insofar as I have been able to ascertain after reasonable inquiry, Centerview is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code and does not hold or represent any interest materially adverse to the Debtors' estates.

[*Remainder of page left intentionally blank*]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: May 13, 2023

Respectfully submitted,

*/s/ Marc Puntus*
Marc Puntus
Partner
Centerview Partners LLC

## Schedule 1

### Additional Potential Parties in Interest

**Bankruptcy Judge**
- Bentley, Philip

**Bankruptcy Judges Staff**
- Bonnell, Julia
- Pollan, Jennifer

**Bankruptcy Professionals - Other**
- Andersen LLP
- KE Andrews

**Bankruptcy Professionals - Retained**
- A.M. Saccullo Legal, LLC
- Ernst & Young LLP
- Fischer (FBC & Co.)

**Notice of Appearance / Pro Hac Vice**
- Brett Flora
- Brown Connery
- CDP Investments Inc.
- Coan Payton & Paine
- Courtney Burks Steadman
- Illinois Secretary of State
- Joe Breher
- Josh Tornetta
- JR Law
- Keith Ryals
- Kim Flora
- Livingston PLLC
- Lowenstein Sandler LLP
- Lucy Thomson
- McElroy, Deutsch, Mulvaney & Carpenter, LLP
- Miles & Stockbridge
- Orrick, Herrington & Sutcliffe LLP
- Paul, Weiss, Rifkind, Wharton & Garrison LLP
- Pennsylvania Department of Revenue
- Pennsylvania Office of Attorney General
- Saul Ewing
- Texas Attorney General
- Wadsworth, Garber, Warner and Conrardy, P.C
- Willis Towers Watson US LLC

**Ordinary Course Professionals**
- Stout Risius Ross, LLC

**Potential Bidding Parties and Principals**
- Arrington Capital
- Asher Genoot
- Beowulf Energy LLC
- Blockchain Recovery Investment Committee
- Brown Rudnick LLP
- Carl Tipton
- David Proman
- Fahrenheit, LLC
- Gemini Trust Company, LLC
- Global X Digital, LLC
- GXD Labs LLC
- Jason New
- Joel Block
- Li Zhao
- Matt Prusak
- Michael Abbate
- Michael Cagney
- Mike Ho
- Nazar Khan
- Paul Prager
- Plutus Lending LLC (d/b/a Abra) Proof Group Capital Management LLC R
- Christian Wyatt
- Ravi Kaza
- Steven Kokinos
- Terawulf
- Terryl Zerby
- Tom Carlson
- U.S. Data Mining Group, Inc. (d/b/a US Bitcoin Corp.)
- Valon Mortgage, Inc.
- Van Eck Absolute Return Advisers Corporation
- Willkie Farr & Gallagher LLP

**Retail Customers**
- Aaron Dale Higbee
- Adam David Fritz

| | |
|---|---|
| Adam Joscelyne | Franklin Kashner |
| Adam Kryskow | George Chavous |
| Alain Bonvecchio | George Vasile |
| Alfred Bokhour | Gregory Allen Kieser |
| Amirhossein Aminsharifi | Hamad Alshamsi |
| Andy Tran | Hayden Smith |
| Annette Christine Davies | Heather Trussell |
| Ariel Ceja | Herman Vissia |
| Austin Wilcox | Hr National Pty Ltd |
| Balazs Lesko | Ivari Kuuse |
| Benjamin Julian Dame | J&J Hoffard Pty Ltd Atf Hoffard Family Trust |
| Berne Loh Tai Yuan | Jacob Daniels |
| Biao Shou | Jacob John Ring |
| Brandon Singer | Jad Jubayli |
| Brian Bang | Jansen P Del Vecchio |
| Brian Barnes | Jason Colling |
| Bryan Perl | Jeffrey J Bradian |
| Calvin Spencer Rawe | Jeffrey R Kerr |
| Cherktyek Consulting, Llc | Jianwei Hu |
| Christian Ander | JLS Projects, LLC |
| Christopher Chung | John Cioffoletti |
| Christopher James Maudlin | John Robert Kemenosh |
| Christopher Shey-Tau Sun | Johnny Piquero |
| Clarence Thomas | Jon Collins-Black |
| Clint Worden | Jonathon Robert Prendergast |
| Cort Kibler-Melby | Joseph Michael Breher |
| Craig Wilson Mcgarrah Iii | Keith Ryals |
| Daniel Miller | Kipton Ford Anderson |
| David Anthony Sims | Law Offices Of Stefan Coleman, P.A |
| David Arie Schneider | Marc Shachtman |
| David Carl Lindahl | Marcelo Tellez Anderson |
| David Dennis | Marco Bonomi |
| David Fahrney | Mario Harrison Asp |
| David Jeffries | Mark E Blair |
| David Little | Mark Finelli |
| Davis Chan | Mark Redeker |
| Dias Malayev | Mathew Salazar |
| Didier Pawlicki | Matias Ureta Montero |
| Dimitris Zourdos | Matthew Evan Scott |
| Don Hosea Smith | Melissa Ann Licari |
| Donald Jay Vinberg | Miae Kim |
| Eduardo Sy Jr Buenviaje | Michael R Blemaster |
| Four Thirteen Llc | Michael Russell Fortwengler |

2

| | |
|---|---|
| Mokrohond Btc Llc | U.S. Department of Treasury |
| Nathan Boyd | **UCC Professionals** |
| Nick Cousyn | Gornitzky & Co. |
| Nojan Jahedmanesh | M3 Advisory Partners, LP |
| Paul Daniel Storvick | Selendy Gay Elsberg PLLC |
| Paul Mcneal | **Vendors** |
| Paz Paramdeep Dhody | Acxiom LLC |
| Peter Truss | Aguilar Castillo Love, S.r.l. |
| Peter Van Newhyzen | Allied Universal |
| Pietro Vincent Licari | American Arbitration Association |
| Rebecca N Egan | Aon Consulting, Inc. |
| Rena Cannaa | Appleby (Bermuda) Limited |
| Richard Gordon | Aquatech Solutions |
| Rishi Raj Yadav | Argus, Inc. |
| Roshandip Singh | Bernstein & Andriulli |
| Ryan Yukio Nakaima | BGOV LLC |
| San Lo | Board of European Students of Technology |
| Scott Mashburn | Bureau van Dijk Electronic Publishing Inc. |
| Sergi Sagas | Classic Exhibits Inc. |
| Shawn Steven Steinborn | DD Mrcourier Services |
| Stephen Hawkins | DLA Piper |
| Steven Thayer Spiller | EcoWaste |
| Tam II Holdings LLLC | EZ Blockchain Services |
| Tarek Rajab Pacha | Fragomen, Del Rey, Bernsen & Loewy, LLP |
| Terence Foo | FTI Consulting Technology LLC |
| Terry Parker | iFinex Inc. |
| Thomas Findlan | IP House Doo |
| Thomas Foo | IVXS Technology USA |
| Thomas Schach | IW Group Services (UK) |
| Timothy Hiu Ki Lam | J.B. Hunt |
| Trent Johnson | Jackson Square Advisors, LLC |
| Umar Yusuf Girei | Lindsey R. Mullholand |
| Umesh Balani | Meltwater News US Inc |
| Vladimir Aneychik | Mothership Energy Group |
| Vladislav Adzic | New Horizon Communications |
| Wesley Geunhyuk Chang | New Horizon Communications (NHC) |
| William M Rogers | Okta, Inc. |
| Wing Hong Lai | Optimus SBR, Inc. |
| Yves Daniel Diserens | Piper Alderman |
| Zaryn Dentzel | Prescient Comply, LLC |
| 冰玉 梁 (Shawn Liang) | RailsTech, Inc. |
| **Taxing Authority/Governmental/ Regulatory Agencies** | Regulatory DataCorp Inc |
| | Salt Security, Inc |

3

| | |
|---|---|
| Sarson Funds, Inc | TAMID Group |
| Saville & Co Scrivener Notaries | The Crypto Can Man Ltd |
| Solutions Evenements | The Hartford |
| Sorainen | Uria Menendez |
| Systems MEC LLC | Vaco, LLC |

4

**Schedule 2**

| Additional Potential Party In Interest | Relationship to Debtors |
|---|---|
| Aon Consulting, Inc. | Vendors |
| Bureau van Dijk Electronic Publishing Inc. | Vendors |
| FTI Consulting Technology LLC | Vendors |
| Okta, Inc | Vendors |
| Regulatory DataCorp Inc | Vendors |
| U.S. Data Mining Group, Inc. (d/b/a US Bitcoin Corp.) | Potential Bidding Parties and Principals |

**Schedule 3**

| Additional Potential Party In Interest | Relationship to Debtors |
|---|---|
| DLA Piper | Vendors |
| New Horizon Communications (NHC) | Vendors |
| Orrick, Herrington & Sutcliffe LLP | Notice of Appearance / Pro Hac Vice |
| Paul, Weiss, Rifkind, Wharton & Garrison LLP | Notice of Appearance / Pro Hac Vice |
| Pennsylvania Department of Revenue | Notice of Appearance / Pro Hac Vice |
| U.S. Department of Treasury | Taxing Authority / Governmental/Regulatory Agencies |
| Willkie Farr & Gallagher LLP | Potential Bidding Parties and Principals |