# Exhibit 1

# Subpoena Packets

# Subpoena Package 1

# Alameda Aus Pty Ltd

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re CELSIUS NETWORK LLC, et al.,
                 Debtor

Case No. 22-10964 (MG)

Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Alameda Aus Pty Ltd
31 Egerton Street
Silvertwater NSW 2128
Australia

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|-------|---------------|
|       |               |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

  Please see the attached requests for the production of documents.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  **05/15/2023**

             CLERK OF COURT

                                     OR

_____
  *Signature of Clerk or Deputy Clerk*

_____
                     *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors  who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
    (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
    (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
    (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
    (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

***Ex Parte Order*, Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Official Committee of Unsecured Creditors to Issues *Subpoenas Duce Tecum* Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdiction over the Application; and the Application being a core proceeding; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Limited (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appearing therefor, it is

> **ORDERED**, that the Application is granted; and it is further

> **ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be, and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

> **ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of this Order and any Subpoenas issued to them or make an appropriate motion for a protective order or to quash any Subpoenas; and it is further

> **ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the production or inspection of documents or things on less than fourteen (14) days' notice; and it is further

> **ORDERED**, that the terms and conditions of this Order are immediately effective and enforceable upon its entry; and it is further

> **ORDERED**, that this Order is without prejudice to the rights of the Committee to apply for further discovery from any party or other entity or person; and it is further

> **ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order, including adjudicating any discovery disputes that may arise between or among the parties.

**IT IS SO ORDERED.**

Dated: May 11, 2023
      New York, New York

**/s/ Martin Glenn**

MARTIN GLENN

Chief United States Bankruptcy Judge

# Attachment # 2

# *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
        fgay@selendygay.com
        taganga williams@selendygay.com
        cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS
TO ALAMEDA AUS PTY LTD**

Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "Local District Rules"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*,

Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al.

(the "Committee"), by and through its undersigned counsel, hereby requests that Alameda Aus Pty

Ltd produce documents in response to the requests below within 14 days of service to the Com-

mittee's attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Americas, New York, NY

10104.

## DOCUMENT REQUESTS DEFINITIONS

1.      The singular form of a word includes the plural, and vice versa.

2.      Any tense of a verb includes all tenses.

3.      Any natural person includes that person's agents, assigns, attorneys, employees,

representatives, and successors.

4.      Any entity other than a natural person includes (a) that entity's present and former

agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, em-

ployees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors;

(b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or

owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf

of (a) or (b).

5.      "All," "any," and "each" mean any and all.

6.      "And" and "or" are construed both conjunctively and disjunctively.

7.      "Associated with" includes, but is not limited to, "affiliated with," "corresponding

to," "owned by," "controlled by," and "operated by."

8.      "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain iden-

tified as CEL.

2

9.    "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10.    "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.    "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12.    "FTX User Account" means a user account registered with the FTX Exchange.

13.    "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14.    "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15.    "Including" means including but not limited to.

16.    "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17.    "FTX Address" means a blockchain address associated with an FTX User Account.

3

18. "Identified FTX Addresses" means the following FTX Addresses, and, for the avoidance of doubt, each is an "Identified FTX Address":

  a.  0xd84c82dcfb21572b68339f14453bfe39fdc81f74

  b.  0x2be52c6e141a314778b5ea702e8a9dc87b42d126

  c.  0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

  d.  0x44f73a35b995c7a55864209468925bf450cf0a00

  e.  0x1785904b28ad668b4778618f749db6b4a04472ed

  f.  0xd7cf4d9176519142bf64111d713d3f85cdff1b67

  g.  0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

  h.  0xb4e872704625ea0f69f95c856ad49aff44da2ba4

  i.  0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

  j.  0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19. "You" and "Your" means and refers to any or all the FTX Debtors.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions and for purposes of these Requests, the following Instructions shall be followed:

1. These Requests seek production of material in Your possession, custody, or control.

2. These Requests seek production of nonprivileged material.

3. For each Request, either state that You will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons.

4. If You object to all or part of a Request, state whether You are withholding any responsive material based on that objection.

5. If You object to part of a Request, specify the part and state that You will produce documents responsive to the rest.

4

6.      If You withhold responsive information by claiming that the information is privi-
leged or subject to protection as trial-preparation material, expressly make the claim and describe
the nature of the information privileged or protected in a manner that, without revealing infor-
mation itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document
You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memoran-
dum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author,
addresses, and any other recipients of the Document; (e) where not apparent, the relationships of
the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.      If after responding to any Request You learn that Your response is in some material
respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including
May 1, 2019 through the present.

## REQUESTS

1.      Documents sufficient to identify the FTX User Account(s) associated with each
Identified FTX Address.

2.      Documents sufficient to identify the entity or individual associated with each FTX
User Account identified in response to Request No. 1, including all Know Your Customer Infor-
mation for each such entity or individual.

3.      Documents sufficient to identify all FTX User Account(s) associated with any en-
tity or individual identified in response to Request No. 2, other than FTX User Accounts identified
in response to Request No. 1.

4.    Documents sufficient to identify all FTX Address(es) associated with each FTX User Account identified in response to Request No. 1 and Request No. 3, other than the Identified FTX Addresses.

5.    Documents sufficient to show when each FTX User Account identified in response to Request No. 1 and Request No. 3 was created and, where applicable, closed.

6.    Documents sufficient to show a complete transaction history for each FTX User Account identified in response to Request No. 1 and Request No. 3.

7.    Documents sufficient to show all short positions with respect to the CEL Token on an FTX Exchange from April 1, 2022 to August 30, 2022.

8.    Documents sufficient to identify the FTX Address(es) associated with each short position identified in response to Request No. 7.

9.    Documents sufficient to identify the FTX User Account(s) associated with each FTX Address identified in response to Request No. 8.

10.    Documents sufficient to identify the entity or individual associated with each FTX User Account relating to Request No. 8, including all Know Your Customer Information for each such entity or individual.

11.    Documents sufficient to show all borrow or loan transactions associated with the positions identified in response to Request No. 7.

6

Dated:    May 15, 2023

*/s/ Jennifer M. Selendy*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, New York 10104
Tel.: 212-390-9000
jselendy@selendygay.com
fgay@selendygay.com
tagangawilliams@selendygay.com
cobrien@selendygay.com

*Co-Counsel to the Official Committee of
Unsecured Creditors*

# Subpoena Package 2

# Alameda Global Services Ltd.

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 1)

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re CELSIUS NETWORK LLC, et al.,                    Case No. 22-10964 (MG)
　　　　　　　　　Debtor

　　　　　　　　　　　　　　　　　　　　　　Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

　　　To: Alameda Global Services Ltd.
　　　Ellen L. Skelton Building, 2nd floor, Fishers Lane
　　　Road Town VG1110
　　　British Virgin Islands

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

　Please see the attached requests for the production of documents.

　　　The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  **05/15/2023**

　　　　　　　CLERK OF COURT

　　　　　　　　　　　　　　　　　　OR

　　　_____
　　　*Signature of Clerk or Deputy Clerk*

　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors  who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐  I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


    I declare under penalty of perjury that this information is true and correct.

Date: _____


                                        _____
                                                      *Server's signature*


                                        _____
                                                      *Printed name and title*


                                        _____
                                                      *Server's address*


Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

***Ex Parte Order*, Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Official Committee of Unsecured Creditors to Issues *Subpoenas Duce Tecum* Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdiction over the Application; and the Application being a core proceeding; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Limited (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appearing therefor, it is

     **ORDERED**, that the Application is granted; and it is further

     **ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be, and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

     **ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of this Order and any Subpoenas issued to them or make an appropriate motion for a protective order or to quash any Subpoenas; and it is further

     **ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the production or inspection of documents or things on less than fourteen (14) days' notice; and it is further

     **ORDERED**, that the terms and conditions of this Order are immediately effective and enforceable upon its entry; and it is further

     **ORDERED**, that this Order is without prejudice to the rights of the Committee to apply for further discovery from any party or other entity or person; and it is further

     **ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order, including adjudicating any discovery disputes that may arise between or among the parties.

**IT IS SO ORDERED.**

Dated:  May 11, 2023
      New York, New York

                          **/s/ Martin Glenn**
                          MARTIN GLENN
             Chief United States Bankruptcy Judge

# Attachment # 2

# *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
        fgay@selendygay.com
        taganagawilliams@selendygay.com
        cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[2] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS TO ALAMEDA GLOBAL SERVICES LTD.**

Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "Local District Rules"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[2] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*,

Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al.

(the "Committee"), by and through its undersigned counsel, hereby requests that Alameda Global

Services Ltd. produce documents in response to the requests below within 14 days of service to

the Committee's attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Americas, New

York, NY 10104.

## DOCUMENT REQUESTS DEFINITIONS

1.    The singular form of a word includes the plural, and vice versa.

2.    Any tense of a verb includes all tenses.

3.    Any natural person includes that person's agents, assigns, attorneys, employees, representatives, and successors.

4.    Any entity other than a natural person includes (a) that entity's present and former agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, employees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors; (b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf of (a) or (b).

5.    "All," "any," and "each" mean any and all.

6.    "And" and "or" are construed both conjunctively and disjunctively.

7.    "Associated with" includes, but is not limited to, "affiliated with," "corresponding to," "owned by," "controlled by," and "operated by."

8.    "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain identified as CEL.

2

9.  "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10.  "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.  "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12.  "FTX User Account" means a user account registered with the FTX Exchange.

13.  "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14.  "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15.  "Including" means including but not limited to.

16.  "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17.  "FTX Address" means a blockchain address associated with an FTX User Account.

3

18.    "Identified FTX Addresses" means the following FTX Addresses, and, for the avoidance of doubt, each is an "Identified FTX Address":

    a.    0xd84c82dcfb21572b68339f14453bfe39fdc81f74

    b.    0x2be52c6e141a314778b5ea702e8a9dc87b42d126

    c.    0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

    d.    0x44f73a35b995c7a55864209468925bf450cf0a00

    e.    0x1785904b28ad668b4778618f749db6b4a04472ed

    f.    0xd7cf4d9176519142bf64111d713d3f85cdff1b67

    g.    0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

    h.    0xb4e872704625ea0f69f95c856ad49aff44da2ba4

    i.    0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

    j.    0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19.    "You" and "Your" means and refers to any or all the FTX Debtors.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions and for purposes of these Requests, the following Instructions shall be followed:

1.    These Requests seek production of material in Your possession, custody, or control.

2.    These Requests seek production of nonprivileged material.

3.    For each Request, either state that You will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons.

4.    If You object to all or part of a Request, state whether You are withholding any responsive material based on that objection.

5.    If You object to part of a Request, specify the part and state that You will produce documents responsive to the rest.

4

6.      If You withhold responsive information by claiming that the information is privi-leged or subject to protection as trial-preparation material, expressly make the claim and describe the nature of the information privileged or protected in a manner that, without revealing infor-mation itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memoran-dum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author, addresses, and any other recipients of the Document; (e) where not apparent, the relationships of the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.      If after responding to any Request You learn that Your response is in some material respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## **RELEVANT TIME PERIOD**

Unless otherwise specified, these Requests cover the time period from and including May 1, 2019 through the present.

## **REQUESTS**

20.      Documents sufficient to identify the FTX User Account(s) associated with each Identified FTX Address.

21.      Documents sufficient to identify the entity or individual associated with each FTX User Account identified in response to Request No. 1, including all Know Your Customer Infor-mation for each such entity or individual.

22.      Documents sufficient to identify all FTX User Account(s) associated with any en-tity or individual identified in response to Request No. 2, other than FTX User Accounts identified in response to Request No. 1.

23.     Documents sufficient to identify all FTX Address(es) associated with each FTX User Account identified in response to Request No. 1 and Request No. 3, other than the Identified FTX Addresses.

24.     Documents sufficient to show when each FTX User Account identified in response to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.     Documents sufficient to show a complete transaction history for each FTX User Account identified in response to Request No. 1 and Request No. 3.

26.     Documents sufficient to show all short positions with respect to the CEL Token on an FTX Exchange from April 1, 2022 to August 30, 2022.

27.     Documents sufficient to identify the FTX Address(es) associated with each short position identified in response to Request No. 7.

28.     Documents sufficient to identify the FTX User Account(s) associated with each FTX Address identified in response to Request No. 8.

29.     Documents sufficient to identify the entity or individual associated with each FTX User Account relating to Request No. 8, including all Know Your Customer Information for each such entity or individual.

30.     Documents sufficient to show all borrow or loan transactions associated with the positions identified in response to Request No. 7.

Dated:   May 15, 2023

*/s/ Jennifer M. Selendy*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, New York 10104
Tel.: 212-390-9000
jselendy@selendygay.com
fgay@selendygay.com
tagangawilliams@selendygay.com
cobrien@selendygay.com

*Co-Counsel to the Official Committee of
Unsecured Creditors*

# Subpoena Package 3

# Alameda Research (Bahamas) Ltd

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 1)

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re CELSIUS NETWORK LLC, et al.,
             Debtor

Case No. 22-10964 (MG)

Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Alameda Research (Bahamas) Ltd
G.K. Symonette Building, Shirley Street
Nassau, New Providence
Bahamas

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

  Please see the attached requests for the production of documents.

      The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **05/15/2023**

          CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A)*Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

(A)*When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A)*Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A)*Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

***Ex Parte Order*, Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Official Committee of Unsecured Creditors to Issues *Subpoenas Duce Tecum* Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdiction over the Application; and the Application being a core proceeding; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appear-

ing therefor, it is

    **ORDERED**, that the Application is granted; and it is further

    **ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be,

and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

    **ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of

this Order and any Subpoenas issued to them or make an appropriate motion for a protective or-

der or to quash any Subpoenas; and it is further

    **ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the pro-

duction or inspection of documents or things on less than fourteen (14) days' notice; and it is fur-

ther

    **ORDERED**, that the terms and conditions of this Order are immediately effective and

enforceable upon its entry; and it is further

    **ORDERED**, that this Order is without prejudice to the rights of the Committee to apply

for further discovery from any party or other entity or person; and it is further

    **ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce

the terms and provisions of this Order, including adjudicating any discovery disputes that may

arise between or among the parties.

**IT IS SO ORDERED.**

Dated:  May 11, 2023
     New York, New York

                              **/s/ Martin Glenn**
                                MARTIN GLENN
               Chief United States Bankruptcy Judge

# Attachment # 2

# *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
        fgay@selendygay.com
        tagangawilliams@selendygay.com
        cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[3] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS
TO ALAMEDA RESEARCH (BAHAMAS) LTD**

Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "Local District Rules"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[3] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax
identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius
Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network
Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8
USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius
Network LLC's principal place of business and the Debtors' service address in these chapter 11
cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*,
Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al.
(the "Committee"), by and through its undersigned counsel, hereby requests that Alameda
Research (Bahamas) Ltd produce documents in response to the requests below within 14 days of
service to the Committee's attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Americas,
New York, NY 10104.

## DOCUMENT REQUESTS DEFINITIONS

1.      The singular form of a word includes the plural, and vice versa.

2.      Any tense of a verb includes all tenses.

3.      Any natural person includes that person's agents, assigns, attorneys, employees,
representatives, and successors.

4.      Any entity other than a natural person includes (a) that entity's present and former
agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, em-
ployees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors;
(b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or
owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf
of (a) or (b).

5.      "All," "any," and "each" mean any and all.

6.      "And" and "or" are construed both conjunctively and disjunctively.

7.      "Associated with" includes, but is not limited to, "affiliated with," "corresponding
to," "owned by," "controlled by," and "operated by."

8.      "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain iden-
tified as CEL.

2

9.      "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10.     "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.     "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12.     "FTX User Account" means a user account registered with the FTX Exchange.

13.     "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14.     "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15.     "Including" means including but not limited to.

16.     "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17.     "FTX Address" means a blockchain address associated with an FTX User Account.

3

18.    "Identified FTX Addresses" means the following FTX Addresses, and, for the avoidance of doubt, each is an "Identified FTX Address":

    a.        0xd84c82dcfb21572b68339f14453bfe39fdc81f74

    b.        0x2be52c6e141a314778b5ea702e8a9dc87b42d126

    c.        0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

    d.        0x44f73a35b995c7a55864209468925bf450cf0a00

    e.        0x1785904b28ad668b4778618f749db6b4a04472ed

    f.        0xd7cf4d9176519142bf64111d713d3f85cdff1b67

    g.        0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

    h.        0xb4e872704625ea0f69f95c856ad49aff44da2ba4

    i.        0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

    j.        0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19.    "You" and "Your" means and refers to any or all the FTX Debtors.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions and for purposes of these Requests, the following Instructions shall be followed:

1.    These Requests seek production of material in Your possession, custody, or control.

2.    These Requests seek production of nonprivileged material.

3.    For each Request, either state that You will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons.

4.    If You object to all or part of a Request, state whether You are withholding any responsive material based on that objection.

5.    If You object to part of a Request, specify the part and state that You will produce documents responsive to the rest.

4

6.      If You withhold responsive information by claiming that the information is privi-
leged or subject to protection as trial-preparation material, expressly make the claim and describe
the nature of the information privileged or protected in a manner that, without revealing infor-
mation itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document
You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memoran-
dum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author,
addresses, and any other recipients of the Document; (e) where not apparent, the relationships of
the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.      If after responding to any Request You learn that Your response is in some material
respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including
May 1, 2019 through the present.

## REQUESTS

20.      Documents sufficient to identify the FTX User Account(s) associated with each
Identified FTX Address.

21.      Documents sufficient to identify the entity or individual associated with each FTX
User Account identified in response to Request No. 1, including all Know Your Customer Infor-
mation for each such entity or individual.

22.      Documents sufficient to identify all FTX User Account(s) associated with any en-
tity or individual identified in response to Request No. 2, other than FTX User Accounts identified
in response to Request No. 1.

5

23.     Documents sufficient to identify all FTX Address(es) associated with each FTX
User Account identified in response to Request No. 1 and Request No. 3, other than the Identified
FTX Addresses.

24.     Documents sufficient to show when each FTX User Account identified in response
to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.     Documents sufficient to show a complete transaction history for each FTX User
Account identified in response to Request No. 1 and Request No. 3.

26.     Documents sufficient to show all short positions with respect to the CEL Token on
an FTX Exchange from April 1, 2022 to August 30, 2022.

27.     Documents sufficient to identify the FTX Address(es) associated with each short
position identified in response to Request No. 7.

28.     Documents sufficient to identify the FTX User Account(s) associated with each
FTX Address identified in response to Request No. 8.

29.     Documents sufficient to identify the entity or individual associated with each FTX
User Account relating to Request No. 8, including all Know Your Customer Information for each
such entity or individual.

30.     Documents sufficient to show all borrow or loan transactions associated with the
positions identified in response to Request No. 7.

Dated:   May 15, 2023

*/s/ Jennifer M. Selendy*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, New York 10104
Tel.: 212-390-9000
jselendy@selendygay.com
fgay@selendygay.com
tagangawilliams@selendygay.com
cobrien@selendygay.com

*Co-Counsel to the Official Committee of
Unsecured Creditors*

# Subpoena Package 4

# Alameda Research Holdings Inc.

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re CELSIUS NETWORK LLC, et al.,                    Case No. 22-10964 (MG)
                    Debtor

                    Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Alameda Research Holdings Inc.
      3500 South Dupont Highway
      Dover, DE 19901

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|-------|---------------|
|       |               |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

Please see the attached requests for the production of documents.

---

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  **05/15/2023**

            CLERK OF COURT

                                                OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors  who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

---

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or transacts business in person, if the person
        (i) is a party or a party's officer; or
        (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
    (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
    (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        (i) fails to allow a reasonable time to comply;
        (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
        (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        (i) disclosing a trade secret or other confidential research, development, or commercial information; or

        (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
    (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        (i) expressly make the claim; and
        (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

***Ex Parte Order*, Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Official Committee of Unsecured Creditors to Issues *Subpoenas Duce Tecum* Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdiction over the Application; and the Application being a core proceeding; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Limited (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appearing therefor, it is

      **ORDERED**, that the Application is granted; and it is further

      **ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be, and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

      **ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of this Order and any Subpoenas issued to them or make an appropriate motion for a protective order or to quash any Subpoenas; and it is further

      **ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the production or inspection of documents or things on less than fourteen (14) days' notice; and it is further

      **ORDERED**, that the terms and conditions of this Order are immediately effective and enforceable upon its entry; and it is further

      **ORDERED**, that this Order is without prejudice to the rights of the Committee to apply for further discovery from any party or other entity or person; and it is further

      **ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order, including adjudicating any discovery disputes that may arise between or among the parties.

**IT IS SO ORDERED.**

Dated:  May 11, 2023
       New York, New York

                                 **/s/ Martin Glenn**
                                   MARTIN GLENN
                     Chief United States Bankruptcy Judge

# Attachment # 2

# *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
      fgay@selendygay.com
      tagangawilliams@selendygay.com
      cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[4] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS
TO ALAMEDA RESEARCH HOLDINGS INC.**

      Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "Local District Rules"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[4] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*, Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al. (the "Committee"), by and through its undersigned counsel, hereby requests that Alameda Research Holdings Inc. produce documents in response to the requests below within 14 days of service to the Committee's attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Americas, New York, NY 10104.

## DOCUMENT REQUESTS DEFINITIONS

1.       The singular form of a word includes the plural, and vice versa.

2.       Any tense of a verb includes all tenses.

3.       Any natural person includes that person's agents, assigns, attorneys, employees, representatives, and successors.

4.       Any entity other than a natural person includes (a) that entity's present and former agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, employees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors; (b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf of (a) or (b).

5.       "All," "any," and "each" mean any and all.

6.       "And" and "or" are construed both conjunctively and disjunctively.

7.       "Associated with" includes, but is not limited to, "affiliated with," "corresponding to," "owned by," "controlled by," and "operated by."

8.       "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain identified as CEL.

2

9.      "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10.      "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.      "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12.      "FTX User Account" means a user account registered with the FTX Exchange.

13.      "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14.      "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15.      "Including" means including but not limited to.

16.      "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17.      "FTX Address" means a blockchain address associated with an FTX User Account.

3

18.    "Identified FTX Addresses" means the following FTX Addresses, and, for the avoidance of doubt, each is an "Identified FTX Address":

    a.    0xd84c82dcfb21572b68339f14453bfe39fdc81f74

    b.    0x2be52c6e141a314778b5ea702e8a9dc87b42d126

    c.    0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

    d.    0x44f73a35b995c7a55864209468925bf450cf0a00

    e.    0x1785904b28ad668b4778618f749db6b4a04472ed

    f.    0xd7cf4d9176519142bf64111d713d3f85cdff1b67

    g.    0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

    h.    0xb4e872704625ea0f69f95c856ad49aff44da2ba4

    i.    0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

    j.    0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19.    "You" and "Your" means and refers to any or all the FTX Debtors.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions and for purposes of these Requests, the following Instructions shall be followed:

1.    These Requests seek production of material in Your possession, custody, or control.

2.    These Requests seek production of nonprivileged material.

3.    For each Request, either state that You will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons.

4.    If You object to all or part of a Request, state whether You are withholding any responsive material based on that objection.

5.    If You object to part of a Request, specify the part and state that You will produce documents responsive to the rest.

4

6.      If You withhold responsive information by claiming that the information is privi-
leged or subject to protection as trial-preparation material, expressly make the claim and describe
the nature of the information privileged or protected in a manner that, without revealing infor-
mation itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document
You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memoran-
dum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author,
addresses, and any other recipients of the Document; (e) where not apparent, the relationships of
the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.      If after responding to any Request You learn that Your response is in some material
respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including
May 1, 2019 through the present.

## REQUESTS

20.      Documents sufficient to identify the FTX User Account(s) associated with each
Identified FTX Address.

21.      Documents sufficient to identify the entity or individual associated with each FTX
User Account identified in response to Request No. 1, including all Know Your Customer Infor-
mation for each such entity or individual.

22.      Documents sufficient to identify all FTX User Account(s) associated with any en-
tity or individual identified in response to Request No. 2, other than FTX User Accounts identified
in response to Request No. 1.

5

23.     Documents sufficient to identify all FTX Address(es) associated with each FTX User Account identified in response to Request No. 1 and Request No. 3, other than the Identified FTX Addresses.

24.     Documents sufficient to show when each FTX User Account identified in response to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.     Documents sufficient to show a complete transaction history for each FTX User Account identified in response to Request No. 1 and Request No. 3.

26.     Documents sufficient to show all short positions with respect to the CEL Token on an FTX Exchange from April 1, 2022 to August 30, 2022.

27.     Documents sufficient to identify the FTX Address(es) associated with each short position identified in response to Request No. 7.

28.     Documents sufficient to identify the FTX User Account(s) associated with each FTX Address identified in response to Request No. 8.

29.     Documents sufficient to identify the entity or individual associated with each FTX User Account relating to Request No. 8, including all Know Your Customer Information for each such entity or individual.

30.     Documents sufficient to show all borrow or loan transactions associated with the positions identified in response to Request No. 7.

Dated:    May 15, 2023

*/s/ Jennifer M. Selendy*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, New York 10104
Tel.: 212-390-9000
jselendy@selendygay.com
fgay@selendygay.com
tagangawilliams@selendygay.com
cobrien@selendygay.com

*Co-Counsel to the Official Committee of
Unsecured Creditors*

**Subpoena Package 5**

**Alameda Research KK**

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re CELSIUS NETWORK LLC, et al.,                    Case No. 22-10964 (MG)
              Debtor

                                    Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

      To: Alameda Research KK
      Minami-Azabu Oak Minami-Azabu Building 2F, 3-19-23
      19 Minamiazabu, Minato City, Tokyo 106-0047
      Japan

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

  Please see the attached requests for the production of documents.

      The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **05/15/2023**

           CLERK OF COURT

                             OR

    _____
    *Signature of Clerk or Deputy Clerk*

                                 _____
                                  *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

   *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

   *(2) Command to Produce Materials or Permit Inspection.*
      (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
      (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
         (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
         (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

   *(3) Quashing or Modifying a Subpoena.*
      (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
         (i) fails to allow a reasonable time to comply;
         (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
         (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
         (iv) subjects a person to undue burden.
      (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
         (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
      (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
         (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
         (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

   *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
      (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
      (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
      (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
      (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

   *(2) Claiming Privilege or Protection.*
      (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
         (i) expressly make the claim; and
         (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
      (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

***Ex Parte Order*, Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Official Committee of Unsecured Creditors to Issues *Subpoenas Duce Tecum* Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

## *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdiction over the Application; and the Application being a core proceeding; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Limited (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appearing therefor, it is

    **ORDERED**, that the Application is granted; and it is further

    **ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be, and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

    **ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of this Order and any Subpoenas issued to them or make an appropriate motion for a protective order or to quash any Subpoenas; and it is further

    **ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the production or inspection of documents or things on less than fourteen (14) days' notice; and it is further

    **ORDERED**, that the terms and conditions of this Order are immediately effective and enforceable upon its entry; and it is further

    **ORDERED**, that this Order is without prejudice to the rights of the Committee to apply for further discovery from any party or other entity or person; and it is further

    **ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order, including adjudicating any discovery disputes that may arise between or among the parties.

**IT IS SO ORDERED.**

Dated: May 11, 2023
    New York, New York

                               **/s/ Martin Glenn**
                                 MARTIN GLENN
                    Chief United States Bankruptcy Judge

2

# Attachment # 2

# *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
        fgay@selendygay.com
        taganga williams@selendygay.com
        cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[5] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS
TO ALAMEDA RESEARCH KK**

Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "Local District Rules"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[5] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*, Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al. (the "Committee"), by and through its undersigned counsel, hereby requests that Alameda Research KK produce documents in response to the requests below within 14 days of service to the Committee's attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Americas, New York, NY 10104.

## DOCUMENT REQUESTS DEFINITIONS

1.      The singular form of a word includes the plural, and vice versa.

2.      Any tense of a verb includes all tenses.

3.      Any natural person includes that person's agents, assigns, attorneys, employees, representatives, and successors.

4.      Any entity other than a natural person includes (a) that entity's present and former agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, employees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors; (b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf of (a) or (b).

5.      "All," "any," and "each" mean any and all.

6.      "And" and "or" are construed both conjunctively and disjunctively.

7.      "Associated with" includes, but is not limited to, "affiliated with," "corresponding to," "owned by," "controlled by," and "operated by."

8.      "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain identified as CEL.

2

9.      "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10.      "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.      "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12.      "FTX User Account" means a user account registered with the FTX Exchange.

13.      "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14.      "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15.      "Including" means including but not limited to.

16.      "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17.      "FTX Address" means a blockchain address associated with an FTX User Account.

3

18.     "Identified FTX Addresses" means the following FTX Addresses, and, for the avoidance of doubt, each is an "Identified FTX Address":

     a.     0xd84c82dcfb21572b68339f14453bfe39fdc81f74

     b.     0x2be52c6e141a314778b5ea702e8a9dc87b42d126

     c.     0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

     d.     0x44f73a35b995c7a55864209468925bf450cf0a00

     e.     0x1785904b28ad668b4778618f749db6b4a04472ed

     f.     0xd7cf4d9176519142bf64111d713d3f85cdff1b67

     g.     0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

     h.     0xb4e872704625ea0f69f95c856ad49aff44da2ba4

     i.     0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

     j.     0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19.     "You" and "Your" means and refers to any or all the FTX Debtors.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions and for purposes of these Requests, the following Instructions shall be followed:

1.     These Requests seek production of material in Your possession, custody, or control.

2.     These Requests seek production of nonprivileged material.

3.     For each Request, either state that You will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons.

4.     If You object to all or part of a Request, state whether You are withholding any responsive material based on that objection.

5.     If You object to part of a Request, specify the part and state that You will produce documents responsive to the rest.

6.      If You withhold responsive information by claiming that the information is privi-
leged or subject to protection as trial-preparation material, expressly make the claim and describe
the nature of the information privileged or protected in a manner that, without revealing infor-
mation itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document
You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memoran-
dum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author,
addresses, and any other recipients of the Document; (e) where not apparent, the relationships of
the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.      If after responding to any Request You learn that Your response is in some material
respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including
May 1, 2019 through the present.

## REQUESTS

20.     Documents sufficient to identify the FTX User Account(s) associated with each
Identified FTX Address.

21.     Documents sufficient to identify the entity or individual associated with each FTX
User Account identified in response to Request No. 1, including all Know Your Customer Infor-
mation for each such entity or individual.

22.     Documents sufficient to identify all FTX User Account(s) associated with any en-
tity or individual identified in response to Request No. 2, other than FTX User Accounts identified
in response to Request No. 1.

5

23.     Documents sufficient to identify all FTX Address(es) associated with each FTX User Account identified in response to Request No. 1 and Request No. 3, other than the Identified FTX Addresses.

24.     Documents sufficient to show when each FTX User Account identified in response to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.     Documents sufficient to show a complete transaction history for each FTX User Account identified in response to Request No. 1 and Request No. 3.

26.     Documents sufficient to show all short positions with respect to the CEL Token on an FTX Exchange from April 1, 2022 to August 30, 2022.

27.     Documents sufficient to identify the FTX Address(es) associated with each short position identified in response to Request No. 7.

28.     Documents sufficient to identify the FTX User Account(s) associated with each FTX Address identified in response to Request No. 8.

29.     Documents sufficient to identify the entity or individual associated with each FTX User Account relating to Request No. 8, including all Know Your Customer Information for each such entity or individual.

30.     Documents sufficient to show all borrow or loan transactions associated with the positions identified in response to Request No. 7.

Dated:   May 15, 2023

*/s/ Jennifer M. Selendy*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, New York 10104
Tel.: 212-390-9000
jselendy@selendygay.com
fgay@selendygay.com
tagangawilliams@selendygay.com
cobrien@selendygay.com

*Co-Counsel to the Official Committee of
Unsecured Creditors*

# Subpoena Package 6

# Alameda Research LLC

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 1)
B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re CELSIUS NETWORK LLC, et al.,
                Debtor

Case No. 22-10964 (MG)

Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Alameda Research LLC
      3500 South Dupont Highway
      Dover, DE 19901

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| | |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

   Please see the attached requests for the production of documents.

       The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  **05/15/2023**

            CLERK OF COURT

                                       OR

     _____
     *Signature of Clerk or Deputy Clerk*

                           _____
                              *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors  who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*


Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or transacts business in person, if the person
        (i) is a party or a party's officer; or
        (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
    (A)*Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
    (A)*When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        (i) fails to allow a reasonable time to comply;
        (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
        (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        (i) disclosing a trade secret or other confidential research, development, or commercial information; or

        (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    (A)*Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
    (A)*Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        (i) expressly make the claim; and
        (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

***Ex Parte Order*, Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Official Committee of Unsecured Creditors to Issues *Subpoenas Duce Tecum* Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdiction over the Application; and the Application being a core proceeding; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Limited (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appearing therefor, it is

    **ORDERED**, that the Application is granted; and it is further

    **ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be, and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

    **ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of this Order and any Subpoenas issued to them or make an appropriate motion for a protective order or to quash any Subpoenas; and it is further

    **ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the production or inspection of documents or things on less than fourteen (14) days' notice; and it is further

    **ORDERED**, that the terms and conditions of this Order are immediately effective and enforceable upon its entry; and it is further

    **ORDERED**, that this Order is without prejudice to the rights of the Committee to apply for further discovery from any party or other entity or person; and it is further

    **ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order, including adjudicating any discovery disputes that may arise between or among the parties.

**IT IS SO ORDERED.**

Dated:  May 11, 2023
      New York, New York

                                       **/s/ Martin Glenn**
                                       MARTIN GLENN
                            Chief United States Bankruptcy Judge

# Attachment # 2

# *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY 10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
    fgay@selendygay.com
    tagangawilliams@selendygay.com
    cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[6] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

## OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS TO ALAMEDA RESEARCH LLC

Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "Local District Rules"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[6] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*,

Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al.

(the "Committee"), by and through its undersigned counsel, hereby requests that Alameda

Research LLC produce documents in response to the requests below within 14 days of service to

the Committee's attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Americas, New

York, NY 10104.

## DOCUMENT REQUESTS DEFINITIONS

1.     The singular form of a word includes the plural, and vice versa.

2.     Any tense of a verb includes all tenses.

3.     Any natural person includes that person's agents, assigns, attorneys, employees,

representatives, and successors.

4.     Any entity other than a natural person includes (a) that entity's present and former

agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, em-

ployees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors;

(b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or

owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf

of (a) or (b).

5.     "All," "any," and "each" mean any and all.

6.     "And" and "or" are construed both conjunctively and disjunctively.

7.     "Associated with" includes, but is not limited to, "affiliated with," "corresponding

to," "owned by," "controlled by," and "operated by."

8.     "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain iden-

tified as CEL.

2

9.      "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10.     "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.     "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12.     "FTX User Account" means a user account registered with the FTX Exchange.

13.     "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14.     "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15.     "Including" means including but not limited to.

16.     "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17.     "FTX Address" means a blockchain address associated with an FTX User Account.

3

18.    "Identified FTX Addresses" means the following FTX Addresses, and, for the avoidance of doubt, each is an "Identified FTX Address":

     a.    0xd84c82dcfb21572b68339f14453bfe39fdc81f74

     b.    0x2be52c6e141a314778b5ea702e8a9dc87b42d126

     c.    0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

     d.    0x44f73a35b995c7a55864209468925bf450cf0a00

     e.    0x1785904b28ad668b4778618f749db6b4a04472ed

     f.    0xd7cf4d9176519142bf64111d713d3f85cdff1b67

     g.    0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

     h.    0xb4e872704625ea0f69f95c856ad49aff44da2ba4

     i.    0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

     j.    0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19.    "You" and "Your" means and refers to any or all the FTX Debtors.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions and for purposes of these Requests, the following Instructions shall be followed:

1.    These Requests seek production of material in Your possession, custody, or control.

2.    These Requests seek production of nonprivileged material.

3.    For each Request, either state that You will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons.

4.    If You object to all or part of a Request, state whether You are withholding any responsive material based on that objection.

5.    If You object to part of a Request, specify the part and state that You will produce documents responsive to the rest.

4

6.      If You withhold responsive information by claiming that the information is privileged or subject to protection as trial-preparation material, expressly make the claim and describe the nature of the information privileged or protected in a manner that, without revealing information itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memorandum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author, addresses, and any other recipients of the Document; (e) where not apparent, the relationships of the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.      If after responding to any Request You learn that Your response is in some material respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including May 1, 2019 through the present.

## REQUESTS

20.      Documents sufficient to identify the FTX User Account(s) associated with each Identified FTX Address.

21.      Documents sufficient to identify the entity or individual associated with each FTX User Account identified in response to Request No. 1, including all Know Your Customer Information for each such entity or individual.

22.      Documents sufficient to identify all FTX User Account(s) associated with any entity or individual identified in response to Request No. 2, other than FTX User Accounts identified in response to Request No. 1.

23.    Documents sufficient to identify all FTX Address(es) associated with each FTX User Account identified in response to Request No. 1 and Request No. 3, other than the Identified FTX Addresses.

24.    Documents sufficient to show when each FTX User Account identified in response to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.    Documents sufficient to show a complete transaction history for each FTX User Account identified in response to Request No. 1 and Request No. 3.

26.    Documents sufficient to show all short positions with respect to the CEL Token on an FTX Exchange from April 1, 2022 to August 30, 2022.

27.    Documents sufficient to identify the FTX Address(es) associated with each short position identified in response to Request No. 7.

28.    Documents sufficient to identify the FTX User Account(s) associated with each FTX Address identified in response to Request No. 8.

29.    Documents sufficient to identify the entity or individual associated with each FTX User Account relating to Request No. 8, including all Know Your Customer Information for each such entity or individual.

30.    Documents sufficient to show all borrow or loan transactions associated with the positions identified in response to Request No. 7.

Dated:   May 15, 2023

*/s/ Jennifer M. Selendy*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, New York 10104
Tel.: 212-390-9000
jselendy@selendygay.com
fgay@selendygay.com
tagangawilliams@selendygay.com
cobrien@selendygay.com

*Co-Counsel to the Official Committee of
Unsecured Creditors*

**Subpoena Package 7**

**Alameda Research Ltd**

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re CELSIUS NETWORK LLC, et al.,                     Case No. 22-10964 (MG)
                              Debtor

                                                       Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

> To: Alameda Research Ltd
> Tortola Pier Park, Building 1, Second Floor
> Wickhams Cay I, Tortola VG1110
> British Virgin Islands

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|-------|---------------|
|       |               |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

  Please see the attached requests for the production of documents.

          The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  **05/15/2023**

                    CLERK OF COURT                    OR

                    _____              _____
                    *Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors  who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

---

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

***Ex Parte Order*, Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Official Committee of Unsecured Creditors to Issues *Subpoenas Duce Tecum* Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

*EX PARTE* **ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS**

Upon the ex-parte application (the "Application") the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdiction over the Application; and the Application being a core proceeding; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Limited (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appearing therefor, it is

    **ORDERED**, that the Application is granted; and it is further

    **ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be, and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

    **ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of this Order and any Subpoenas issued to them or make an appropriate motion for a protective order or to quash any Subpoenas; and it is further

    **ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the production or inspection of documents or things on less than fourteen (14) days' notice; and it is further

    **ORDERED**, that the terms and conditions of this Order are immediately effective and enforceable upon its entry; and it is further

    **ORDERED**, that this Order is without prejudice to the rights of the Committee to apply for further discovery from any party or other entity or person; and it is further

    **ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order, including adjudicating any discovery disputes that may arise between or among the parties.

**IT IS SO ORDERED.**

Dated: May 11, 2023
      New York, New York

                               **/s/ Martin Glenn**
                                  MARTIN GLENN
                     Chief United States Bankruptcy Judge

# Attachment # 2

## *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY 10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
        fgay@selendygay.com
        taganga williams@selendygay.com
        cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[7] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

## OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS TO ALAMEDA RESEARCH LTD

Pursuant to Federal Rules of Bankruptcy Procedure ("<u>Bankruptcy Rule</u>") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "<u>Local District Rules</u>"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "<u>Local Bankruptcy</u>

<u>Rules</u>"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[7] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*,
Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al.
(the "Committee"), by and through its undersigned counsel, hereby requests that Alameda
Research Ltd produce documents in response to the requests below within 14 days of service to
the Committee's attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Americas, New
York, NY 10104.

## DOCUMENT REQUESTS DEFINITIONS

1.     The singular form of a word includes the plural, and vice versa.

2.     Any tense of a verb includes all tenses.

3.     Any natural person includes that person's agents, assigns, attorneys, employees,
representatives, and successors.

4.     Any entity other than a natural person includes (a) that entity's present and former
agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, em-
ployees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors;
(b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or
owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf
of (a) or (b).

5.     "All," "any," and "each" mean any and all.

6.     "And" and "or" are construed both conjunctively and disjunctively.

7.     "Associated with" includes, but is not limited to, "affiliated with," "corresponding
to," "owned by," "controlled by," and "operated by."

8.     "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain iden-
tified as CEL.

9.      "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10.      "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.      "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12.      "FTX User Account" means a user account registered with the FTX Exchange.

13.      "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14.      "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15.      "Including" means including but not limited to.

16.      "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17.      "FTX Address" means a blockchain address associated with an FTX User Account.

3

18.    "Identified FTX Addresses" means the following FTX Addresses, and, for the avoidance of doubt, each is an "Identified FTX Address":

    a.       0xd84c82dcfb21572b68339f14453bfe39fdc81f74

    b.       0x2be52c6e141a314778b5ea702e8a9dc87b42d126

    c.       0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

    d.       0x44f73a35b995c7a55864209468925bf450cf0a00

    e.       0x1785904b28ad668b4778618f749db6b4a04472ed

    f.       0xd7cf4d9176519142bf64111d713d3f85cdff1b67

    g.       0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

    h.       0xb4e872704625ea0f69f95c856ad49aff44da2ba4

    i.       0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

    j.       0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19.    "You" and "Your" means and refers to any or all the FTX Debtors.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions and for purposes of these Requests, the following Instructions shall be followed:

1.    These Requests seek production of material in Your possession, custody, or control.

2.    These Requests seek production of nonprivileged material.

3.    For each Request, either state that You will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons.

4.    If You object to all or part of a Request, state whether You are withholding any responsive material based on that objection.

5.    If You object to part of a Request, specify the part and state that You will produce documents responsive to the rest.

4

6.      If You withhold responsive information by claiming that the information is privi-

leged or subject to protection as trial-preparation material, expressly make the claim and describe

the nature of the information privileged or protected in a manner that, without revealing infor-

mation itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document

You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memoran-

dum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author,

addresses, and any other recipients of the Document; (e) where not apparent, the relationships of

the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.      If after responding to any Request You learn that Your response is in some material

respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including

May 1, 2019 through the present.

## REQUESTS

20.      Documents sufficient to identify the FTX User Account(s) associated with each

Identified FTX Address.

21.      Documents sufficient to identify the entity or individual associated with each FTX

User Account identified in response to Request No. 1, including all Know Your Customer Infor-

mation for each such entity or individual.

22.      Documents sufficient to identify all FTX User Account(s) associated with any en-

tity or individual identified in response to Request No. 2, other than FTX User Accounts identified

in response to Request No. 1.

5

23.     Documents sufficient to identify all FTX Address(es) associated with each FTX User Account identified in response to Request No. 1 and Request No. 3, other than the Identified FTX Addresses.

24.     Documents sufficient to show when each FTX User Account identified in response to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.     Documents sufficient to show a complete transaction history for each FTX User Account identified in response to Request No. 1 and Request No. 3.

26.     Documents sufficient to show all short positions with respect to the CEL Token on an FTX Exchange from April 1, 2022 to August 30, 2022.

27.     Documents sufficient to identify the FTX Address(es) associated with each short position identified in response to Request No. 7.

28.     Documents sufficient to identify the FTX User Account(s) associated with each FTX Address identified in response to Request No. 8.

29.     Documents sufficient to identify the entity or individual associated with each FTX User Account relating to Request No. 8, including all Know Your Customer Information for each such entity or individual.

30.     Documents sufficient to show all borrow or loan transactions associated with the positions identified in response to Request No. 7.

Dated:   May 15, 2023                     */s/ Jennifer M. Selendy*
                                          **SELENDY GAY ELSBERG PLLC**
                                          Jennifer M. Selendy
                                          Faith E. Gay
                                          Temidayo Aganga-Williams
                                          Claire O'Brien
                                          1290 Avenue of the Americas
                                          New York, New York 10104
                                          Tel.: 212-390-9000
                                          jselendy@selendygay.com
                                          fgay@selendygay.com
                                          tagangawilliams@selendygay.com
                                          cobrien@selendygay.com

                                          *Co-Counsel to the Official Committee of
                                          Unsecured Creditors*

# Subpoena Package 8

# Alameda Research Pte Ltd

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 1)

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re CELSIUS NETWORK LLC, et al.,
                    Debtor

Case No. 22-10964 (MG)

Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Alameda Research Pte Ltd
1 George Street #10-01
Singapore 049145
Singapore

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

  Please see the attached requests for the production of documents.

        The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  **05/15/2023**

                    CLERK OF COURT

                    OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors  who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

        I declare under penalty of perjury that this information is true and correct.

Date: _____

                                                        _____
                                                                    *Server's signature*

                                                        _____
                                                                    *Printed name and title*

                                                        _____
                                                                    *Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page )

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or transacts business in person, if the person
     (i) is a party or a party's officer; or
     (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     (i) fails to allow a reasonable time to comply;
     (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
     (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     (i) disclosing a trade secret or other confidential research, development, or commercial information; or

     (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     (i) expressly make the claim; and
     (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

***Ex Parte Order*, Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Official Committee of Unsecured Creditors to Issues *Subpoenas Duce Tecum* Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdiction over the Application; and the Application being a core proceeding; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appearing therefor, it is

**ORDERED**, that the Application is granted; and it is further

**ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be, and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

**ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of this Order and any Subpoenas issued to them or make an appropriate motion for a protective order or to quash any Subpoenas; and it is further

**ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the production or inspection of documents or things on less than fourteen (14) days' notice; and it is further

**ORDERED**, that the terms and conditions of this Order are immediately effective and enforceable upon its entry; and it is further

**ORDERED**, that this Order is without prejudice to the rights of the Committee to apply for further discovery from any party or other entity or person; and it is further

**ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order, including adjudicating any discovery disputes that may arise between or among the parties.

**IT IS SO ORDERED.**

Dated:  May 11, 2023
        New York, New York

_____**/s/ Martin Glenn**_____
        MARTIN GLENN
    Chief United States Bankruptcy Judge

# Attachment # 2

# *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
　　　 fgay@selendygay.com
　　　 tagangawilliams@selendygay.com
　　　 cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[8] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS
TO ALAMEDA RESEARCH PTE LTD**

Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "Local District Rules"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[8] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*,
Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al.
(the "Committee"), by and through its undersigned counsel, hereby requests that Alameda
Research Pte Ltd produce documents in response to the requests below within 14 days of service
to the Committee's attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Americas, New
York, NY 10104.

## DOCUMENT REQUESTS DEFINITIONS

1.  The singular form of a word includes the plural, and vice versa.

2.  Any tense of a verb includes all tenses.

3.  Any natural person includes that person's agents, assigns, attorneys, employees,
representatives, and successors.

4.  Any entity other than a natural person includes (a) that entity's present and former
agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, em-
ployees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors;
(b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or
owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf
of (a) or (b).

5.  "All," "any," and "each" mean any and all.

6.  "And" and "or" are construed both conjunctively and disjunctively.

7.  "Associated with" includes, but is not limited to, "affiliated with," "corresponding
to," "owned by," "controlled by," and "operated by."

8.  "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain iden-
tified as CEL.

2

9.      "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10.      "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.      "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12.      "FTX User Account" means a user account registered with the FTX Exchange.

13.      "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14.      "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15.      "Including" means including but not limited to.

16.      "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17.      "FTX Address" means a blockchain address associated with an FTX User Account.

3

18.    "Identified FTX Addresses" means the following FTX Addresses, and, for the
avoidance of doubt, each is an "Identified FTX Address":

   a.  0xd84c82dcfb21572b68339f14453bfe39fdc81f74

   b.  0x2be52c6e141a314778b5ea702e8a9dc87b42d126

   c.  0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

   d.  0x44f73a35b995c7a55864209468925bf450cf0a00

   e.  0x1785904b28ad668b4778618f749db6b4a04472ed

   f.  0xd7cf4d9176519142bf64111d713d3f85cdff1b67

   g.  0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

   h.  0xb4e872704625ea0f69f95c856ad49aff44da2ba4

   i.  0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

   j.  0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19.    "You" and "Your" means and refers to any or all the FTX Debtors.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions and for purposes of these
Requests, the following Instructions shall be followed:

1.    These Requests seek production of material in Your possession, custody, or control.

2.    These Requests seek production of nonprivileged material.

3.    For each Request, either state that You will produce the requested material or state
with specificity the grounds for objecting to the Request, including the reasons.

4.    If You object to all or part of a Request, state whether You are withholding any
responsive material based on that objection.

5.    If You object to part of a Request, specify the part and state that You will produce
documents responsive to the rest.

4

6.      If You withhold responsive information by claiming that the information is privi-

leged or subject to protection as trial-preparation material, expressly make the claim and describe

the nature of the information privileged or protected in a manner that, without revealing infor-

mation itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document

You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memoran-

dum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author,

addresses, and any other recipients of the Document; (e) where not apparent, the relationships of

the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.      If after responding to any Request You learn that Your response is in some material

respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including

May 1, 2019 through the present.

## REQUESTS

20.      Documents sufficient to identify the FTX User Account(s) associated with each

Identified FTX Address.

21.      Documents sufficient to identify the entity or individual associated with each FTX

User Account identified in response to Request No. 1, including all Know Your Customer Infor-

mation for each such entity or individual.

22.      Documents sufficient to identify all FTX User Account(s) associated with any en-

tity or individual identified in response to Request No. 2, other than FTX User Accounts identified

in response to Request No. 1.

23.     Documents sufficient to identify all FTX Address(es) associated with each FTX User Account identified in response to Request No. 1 and Request No. 3, other than the Identified FTX Addresses.

24.     Documents sufficient to show when each FTX User Account identified in response to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.     Documents sufficient to show a complete transaction history for each FTX User Account identified in response to Request No. 1 and Request No. 3.

26.     Documents sufficient to show all short positions with respect to the CEL Token on an FTX Exchange from April 1, 2022 to August 30, 2022.

27.     Documents sufficient to identify the FTX Address(es) associated with each short position identified in response to Request No. 7.

28.     Documents sufficient to identify the FTX User Account(s) associated with each FTX Address identified in response to Request No. 8.

29.     Documents sufficient to identify the entity or individual associated with each FTX User Account relating to Request No. 8, including all Know Your Customer Information for each such entity or individual.

30.     Documents sufficient to show all borrow or loan transactions associated with the positions identified in response to Request No. 7.

Dated:    May 15, 2023                    */s/ Jennifer M. Selendy*
                                          **SELENDY GAY ELSBERG PLLC**
                                          Jennifer M. Selendy
                                          Faith E. Gay
                                          Temidayo Aganga-Williams
                                          Claire O'Brien
                                          1290 Avenue of the Americas
                                          New York, New York 10104
                                          Tel.: 212-390-9000
                                          jselendy@selendygay.com
                                          fgay@selendygay.com
                                          taganggawilliams@selendygay.com
                                          cobrien@selendygay.com

                                          *Co-Counsel to the Official Committee of*
                                          *Unsecured Creditors*

7

# Subpoena Package 9

# Alameda Research Yankari Ltd

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 1)

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re CELSIUS NETWORK LLC, et al.,    Case No. 22-10964 (MG)
Debtor

Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Alameda Research Yankari Ltd
35 Moloney Street, Obalende
Lagos Island, Lagos 102273
Nigeria

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

Please see the attached requests for the production of documents.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **05/15/2023**

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page )

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or transacts business in person, if the person
        (i) is a party or a party's officer; or
        (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
    (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
    (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        (i) fails to allow a reasonable time to comply;
        (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
        (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        (i) disclosing a trade secret or other confidential research, development, or commercial information; or

        (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
    (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        (i) expressly make the claim; and
        (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

***Ex Parte Order*, Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Official Committee of Unsecured Creditors to Issues *Subpoenas Duce Tecum* Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdiction over the Application; and the Application being a core proceeding; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Limited (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appearing therefor, it is

    **ORDERED**, that the Application is granted; and it is further

    **ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be, and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

    **ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of this Order and any Subpoenas issued to them or make an appropriate motion for a protective order or to quash any Subpoenas; and it is further

    **ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the production or inspection of documents or things on less than fourteen (14) days' notice; and it is further

    **ORDERED**, that the terms and conditions of this Order are immediately effective and enforceable upon its entry; and it is further

    **ORDERED**, that this Order is without prejudice to the rights of the Committee to apply for further discovery from any party or other entity or person; and it is further

    **ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order, including adjudicating any discovery disputes that may arise between or among the parties.

**IT IS SO ORDERED.**

Dated:  May 11, 2023
      New York, New York

                           **/s/ Martin Glenn**
                             MARTIN GLENN
               Chief United States Bankruptcy Judge

# Attachment # 2

## *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
         fgay@selendygay.com
         tagangawilliams@selendygay.com
         cobrien@selendygay.com


*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[9] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS TO ALAMEDA RESEARCH YANKARI LTD

Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "Local District Rules"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[9] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*,
Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al.
(the "Committee"), by and through its undersigned counsel, hereby requests that Alameda
Research Yankari Ltd produce documents in response to the requests below within 14 days of
service to the Committee's attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Americas,
New York, NY 10104.

## DOCUMENT REQUESTS DEFINITIONS

1.      The singular form of a word includes the plural, and vice versa.

2.      Any tense of a verb includes all tenses.

3.      Any natural person includes that person's agents, assigns, attorneys, employees,
representatives, and successors.

4.      Any entity other than a natural person includes (a) that entity's present and former
agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, em-
ployees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors;
(b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or
owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf
of (a) or (b).

5.      "All," "any," and "each" mean any and all.

6.      "And" and "or" are construed both conjunctively and disjunctively.

7.      "Associated with" includes, but is not limited to, "affiliated with," "corresponding
to," "owned by," "controlled by," and "operated by."

8.      "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain iden-
tified as CEL.

2

9.     "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10.     "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.     "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12.     "FTX User Account" means a user account registered with the FTX Exchange.

13.     "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14.     "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15.     "Including" means including but not limited to.

16.     "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17.     "FTX Address" means a blockchain address associated with an FTX User Account.

3

18.    "Identified FTX Addresses" means the following FTX Addresses, and, for the
avoidance of doubt, each is an "Identified FTX Address":

    a.    0xd84c82dcfb21572b68339f14453bfe39fdc81f74

    b.    0x2be52c6e141a314778b5ea702e8a9dc87b42d126

    c.    0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

    d.    0x44f73a35b995c7a55864209468925bf450cf0a00

    e.    0x1785904b28ad668b4778618f749db6b4a04472ed

    f.    0xd7cf4d9176519142bf64111d713d3f85cdff1b67

    g.    0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

    h.    0xb4e872704625ea0f69f95c856ad49aff44da2ba4

    i.    0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

    j.    0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19.    "You" and "Your" means and refers to any or all the FTX Debtors.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions and for purposes of these
Requests, the following Instructions shall be followed:

1.    These Requests seek production of material in Your possession, custody, or control.

2.    These Requests seek production of nonprivileged material.

3.    For each Request, either state that You will produce the requested material or state
with specificity the grounds for objecting to the Request, including the reasons.

4.    If You object to all or part of a Request, state whether You are withholding any
responsive material based on that objection.

5.    If You object to part of a Request, specify the part and state that You will produce
documents responsive to the rest.

4

6.       If You withhold responsive information by claiming that the information is privi-
leged or subject to protection as trial-preparation material, expressly make the claim and describe
the nature of the information privileged or protected in a manner that, without revealing infor-
mation itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document
You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memoran-
dum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author,
addresses, and any other recipients of the Document; (e) where not apparent, the relationships of
the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.       If after responding to any Request You learn that Your response is in some material
respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including
May 1, 2019 through the present.

## REQUESTS

20.       Documents sufficient to identify the FTX User Account(s) associated with each
Identified FTX Address.

21.       Documents sufficient to identify the entity or individual associated with each FTX
User Account identified in response to Request No. 1, including all Know Your Customer Infor-
mation for each such entity or individual.

22.       Documents sufficient to identify all FTX User Account(s) associated with any en-
tity or individual identified in response to Request No. 2, other than FTX User Accounts identified
in response to Request No. 1.

23.    Documents sufficient to identify all FTX Address(es) associated with each FTX User Account identified in response to Request No. 1 and Request No. 3, other than the Identified FTX Addresses.

24.    Documents sufficient to show when each FTX User Account identified in response to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.    Documents sufficient to show a complete transaction history for each FTX User Account identified in response to Request No. 1 and Request No. 3.

26.    Documents sufficient to show all short positions with respect to the CEL Token on an FTX Exchange from April 1, 2022 to August 30, 2022.

27.    Documents sufficient to identify the FTX Address(es) associated with each short position identified in response to Request No. 7.

28.    Documents sufficient to identify the FTX User Account(s) associated with each FTX Address identified in response to Request No. 8.

29.    Documents sufficient to identify the entity or individual associated with each FTX User Account relating to Request No. 8, including all Know Your Customer Information for each such entity or individual.

30.    Documents sufficient to show all borrow or loan transactions associated with the positions identified in response to Request No. 7.

Dated:   May 15, 2023          */s/ Jennifer M. Selendy*

                              **SELENDY GAY ELSBERG PLLC**
                              Jennifer M. Selendy
                              Faith E. Gay
                              Temidayo Aganga-Williams
                              Claire O'Brien
                              1290 Avenue of the Americas
                              New York, New York 10104
                              Tel.: 212-390-9000
                              jselendy@selendygay.com
                              fgay@selendygay.com
                              tagangawilliams@selendygay.com
                              cobrien@selendygay.com

                              *Co-Counsel to the Official Committee of
                              Unsecured Creditors*

# Subpoena Package 10

# Alameda TR Ltd

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 1)
B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re CELSIUS NETWORK LLC, et al.,
                              Debtor

Case No. 22-10964 (MG)

Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Alameda TR Ltd
Lower Factory Road
St. John's AG-04
Antigua and Barbuda

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|-------|---------------|
|       |               |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

  Please see the attached requests for the production of documents.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  **05/15/2023**

                    CLERK OF COURT

                                             OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors  who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page )

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

   *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

   *(2) Command to Produce Materials or Permit Inspection.*
      (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
      (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
         (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
         (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

   *(3) Quashing or Modifying a Subpoena.*
      (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
         (i) fails to allow a reasonable time to comply;
         (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
         (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
         (iv) subjects a person to undue burden.
      (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
         (i) disclosing a trade secret or other confidential research, development, or commercial information; or

         (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
      (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
         (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
         (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

   *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
      (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
      (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
      (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
      (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

   *(2) Claiming Privilege or Protection.*
      (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
         (i) expressly make the claim; and
         (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
      (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

***Ex Parte Order*, Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Official Committee of Unsecured Creditors to Issues *Subpoenas Duce Tecum* Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured

Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter

11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the

"Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New

York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collec-

tively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdic-

tion over the Application; and the Application being a core proceeding; and venue of this pro-

ceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court

having found that the relief requested in the Application is in the best interest of the Debtors' es-

tates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Limited (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appearing therefor, it is

    **ORDERED**, that the Application is granted; and it is further

    **ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be, and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

    **ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of this Order and any Subpoenas issued to them or make an appropriate motion for a protective order or to quash any Subpoenas; and it is further

    **ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the production or inspection of documents or things on less than fourteen (14) days' notice; and it is further

    **ORDERED**, that the terms and conditions of this Order are immediately effective and enforceable upon its entry; and it is further

    **ORDERED**, that this Order is without prejudice to the rights of the Committee to apply for further discovery from any party or other entity or person; and it is further

    **ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order, including adjudicating any discovery disputes that may arise between or among the parties.

**IT IS SO ORDERED.**

Dated: May 11, 2023
     New York, New York

                                **/s/ Martin Glenn**
                                 MARTIN GLENN
                    Chief United States Bankruptcy Judge

# Attachment # 2

# *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
        fgay@selendygay.com
        taganga williams@selendygay.com
        cobrien@selendygay.com


*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[10] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

## OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS TO ALAMEDA TR LTD

Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "Local District Rules"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[10] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*,
Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al.
(the "Committee"), by and through its undersigned counsel, hereby requests that Alameda TR Ltd
produce documents in response to the requests below within 14 days of service to the Committee's
attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Americas, New York, NY 10104.

## DOCUMENT REQUESTS DEFINITIONS

1.    The singular form of a word includes the plural, and vice versa.

2.    Any tense of a verb includes all tenses.

3.    Any natural person includes that person's agents, assigns, attorneys, employees,
representatives, and successors.

4.    Any entity other than a natural person includes (a) that entity's present and former
agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, em-
ployees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors;
(b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or
owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf
of (a) or (b).

5.    "All," "any," and "each" mean any and all.

6.    "And" and "or" are construed both conjunctively and disjunctively.

7.    "Associated with" includes, but is not limited to, "affiliated with," "corresponding
to," "owned by," "controlled by," and "operated by."

8.    "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain iden-
tified as CEL.

2

9.      "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10.     "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.     "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12.     "FTX User Account" means a user account registered with the FTX Exchange.

13.     "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14.     "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15.     "Including" means including but not limited to.

16.     "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17.     "FTX Address" means a blockchain address associated with an FTX User Account.

3

18.    "Identified FTX Addresses" means the following FTX Addresses, and, for the avoidance of doubt, each is an "Identified FTX Address":

    a.      0xd84c82dcfb21572b68339f14453bfe39fdc81f74

    b.      0x2be52c6e141a314778b5ea702e8a9dc87b42d126

    c.      0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

    d.      0x44f73a35b995c7a55864209468925bf450cf0a00

    e.      0x1785904b28ad668b4778618f749db6b4a04472ed

    f.      0xd7cf4d9176519142bf64111d713d3f85cdff1b67

    g.      0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

    h.      0xb4e872704625ea0f69f95c856ad49aff44da2ba4

    i.      0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

    j.      0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19.    "You" and "Your" means and refers to any or all the FTX Debtors.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions and for purposes of these Requests, the following Instructions shall be followed:

1.    These Requests seek production of material in Your possession, custody, or control.

2.    These Requests seek production of nonprivileged material.

3.    For each Request, either state that You will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons.

4.    If You object to all or part of a Request, state whether You are withholding any responsive material based on that objection.

5.    If You object to part of a Request, specify the part and state that You will produce documents responsive to the rest.

4

6.      If You withhold responsive information by claiming that the information is privileged or subject to protection as trial-preparation material, expressly make the claim and describe the nature of the information privileged or protected in a manner that, without revealing information itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memorandum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author, addresses, and any other recipients of the Document; (e) where not apparent, the relationships of the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.      If after responding to any Request You learn that Your response is in some material respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including May 1, 2019 through the present.

## REQUESTS

20.     Documents sufficient to identify the FTX User Account(s) associated with each Identified FTX Address.

21.     Documents sufficient to identify the entity or individual associated with each FTX User Account identified in response to Request No. 1, including all Know Your Customer Information for each such entity or individual.

22.     Documents sufficient to identify all FTX User Account(s) associated with any entity or individual identified in response to Request No. 2, other than FTX User Accounts identified in response to Request No. 1.

23.     Documents sufficient to identify all FTX Address(es) associated with each FTX User Account identified in response to Request No. 1 and Request No. 3, other than the Identified FTX Addresses.

24.     Documents sufficient to show when each FTX User Account identified in response to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.     Documents sufficient to show a complete transaction history for each FTX User Account identified in response to Request No. 1 and Request No. 3.

26.     Documents sufficient to show all short positions with respect to the CEL Token on an FTX Exchange from April 1, 2022 to August 30, 2022.

27.     Documents sufficient to identify the FTX Address(es) associated with each short position identified in response to Request No. 7.

28.     Documents sufficient to identify the FTX User Account(s) associated with each FTX Address identified in response to Request No. 8.

29.     Documents sufficient to identify the entity or individual associated with each FTX User Account relating to Request No. 8, including all Know Your Customer Information for each such entity or individual.

30.     Documents sufficient to show all borrow or loan transactions associated with the positions identified in response to Request No. 7.

Dated:    May 15, 2023                              */s/ Jennifer M. Selendy*
                                                    **SELENDY GAY ELSBERG PLLC**
                                                    Jennifer M. Selendy
                                                    Faith E. Gay
                                                    Temidayo Aganga-Williams
                                                    Claire O'Brien
                                                    1290 Avenue of the Americas
                                                    New York, New York 10104
                                                    Tel.: 212-390-9000
                                                    jselendy@selendygay.com
                                                    fgay@selendygay.com
                                                    tagangawilliams@selendygay.com
                                                    cobrien@selendygay.com

                                                    *Co-Counsel to the Official Committee of
                                                    Unsecured Creditors*

# Subpoena Package 11

# Alameda TR Systems S. de R.L.

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 1)
B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re CELSIUS NETWORK LLC, et al.,　　　　　Case No. 22-10964 (MG)
　　　　　　　　Debtor

　　　　　　　　　　　　　　　　　　　　Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

　　　　To: Alameda TR Systems S. de R.L.
　　　　Oceania Business Plaza, 21st Floor
　　　　Punta Pacifica 0801 Panama City
　　　　Panama

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

　Please see the attached requests for the production of documents.

　　　　The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  **05/15/2023**

　　　　　　　　CLERK OF COURT
　　　　　　　　　　　　　　　　　　OR

　　　_____
　　　*Signature of Clerk or Deputy Clerk*

　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors  who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

   My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

        I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page )

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

***Ex Parte Order*, Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Official Committee of Unsecured Creditors to Issues *Subpoenas Duce Tecum* Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

## *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdiction over the Application; and the Application being a core proceeding; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Limited (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appearing therefor, it is

     **ORDERED**, that the Application is granted; and it is further

     **ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be, and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

     **ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of this Order and any Subpoenas issued to them or make an appropriate motion for a protective order or to quash any Subpoenas; and it is further

     **ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the production or inspection of documents or things on less than fourteen (14) days' notice; and it is further

     **ORDERED**, that the terms and conditions of this Order are immediately effective and enforceable upon its entry; and it is further

     **ORDERED**, that this Order is without prejudice to the rights of the Committee to apply for further discovery from any party or other entity or person; and it is further

     **ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order, including adjudicating any discovery disputes that may arise between or among the parties.

**IT IS SO ORDERED.**

Dated:  May 11, 2023
       New York, New York

                                    **/s/ Martin Glenn**
                                      MARTIN GLENN
                        Chief United States Bankruptcy Judge

# Attachment # 2

# *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
        fgay@selendygay.com
        tagangawilliams@selendygay.com
        cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[11] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS
TO ALAMEDA TR SYSTEMS S. DE R. L.**

 Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "Local District Rules"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[11] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal
tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius
Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network
Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8
USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius
Network LLC's principal place of business and the Debtors' service address in these chapter 11
cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*,

Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al.

(the "Committee"), by and through its undersigned counsel, hereby requests that Alameda TR

Systems S. de R. L. produce documents in response to the requests below within 14 days of service

to the Committee's attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Americas, New

York, NY 10104.

## DOCUMENT REQUESTS DEFINITIONS

1.      The singular form of a word includes the plural, and vice versa.

2.      Any tense of a verb includes all tenses.

3.      Any natural person includes that person's agents, assigns, attorneys, employees,

representatives, and successors.

4.      Any entity other than a natural person includes (a) that entity's present and former

agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, em-

ployees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors;

(b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or

owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf

of (a) or (b).

5.      "All," "any," and "each" mean any and all.

6.      "And" and "or" are construed both conjunctively and disjunctively.

7.      "Associated with" includes, but is not limited to, "affiliated with," "corresponding

to," "owned by," "controlled by," and "operated by."

8.      "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain iden-

tified as CEL.

2

9.      "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made
applicable to this matter by Local Bankruptcy Rule 7026-1.

10.      "FTX Debtors" means entities that have filed voluntary petitions under chapter 11
of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING
LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors"
at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.      "FTX Exchange" means the digital asset exchange(s) and related digital asset trad-
ing platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by
the FTX Debtors and certain of their non-debtor affiliates.

12.      "FTX User Account" means a user account registered with the FTX Exchange.

13.      "Futures Contract" means an agreement to buy or sell a digital asset available to
transact in on FTX Exchange in the future at a predetermined price.

14.      "Identify" has the meaning afforded to it by Local District Rule 26.3, made appli-
cable to this matter by Local Bankruptcy Rule 7026-1.

15.      "Including" means including but not limited to.

16.      "Know Your Customer Information" means information provided to the FTX Ex-
change when an FTX User Account is registered, information provided to the FTX Exchange on
an ongoing basis about the individual or entity to whom the FTX User Account is registered, in-
formation obtained by the FTX Exchange from third parties about the individual or entity to whom
the FTX User Account is registered, and information provided to the FTX Exchange about the
individual or entity to whom the FTX User Account is registered through any other diligence ef-
forts.

17.      "FTX Address" means a blockchain address associated with an FTX User Account.

3

18.    "Identified FTX Addresses" means the following FTX Addresses, and, for the avoidance of doubt, each is an "Identified FTX Address":

    a.    0xd84c82dcfb21572b68339f14453bfe39fdc81f74

    b.    0x2be52c6e141a314778b5ea702e8a9dc87b42d126

    c.    0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

    d.    0x44f73a35b995c7a55864209468925bf450cf0a00

    e.    0x1785904b28ad668b4778618f749db6b4a04472ed

    f.    0xd7cf4d9176519142bf64111d713d3f85cdff1b67

    g.    0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

    h.    0xb4e872704625ea0f69f95c856ad49aff44da2ba4

    i.    0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

    j.    0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19.    "You" and "Your" means and refers to any or all the FTX Debtors.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions and for purposes of these Requests, the following Instructions shall be followed:

1.    These Requests seek production of material in Your possession, custody, or control.

2.    These Requests seek production of nonprivileged material.

3.    For each Request, either state that You will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons.

4.    If You object to all or part of a Request, state whether You are withholding any responsive material based on that objection.

5.    If You object to part of a Request, specify the part and state that You will produce documents responsive to the rest.

4

6.      If You withhold responsive information by claiming that the information is privi-
leged or subject to protection as trial-preparation material, expressly make the claim and describe
the nature of the information privileged or protected in a manner that, without revealing infor-
mation itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document
You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memoran-
dum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author,
addresses, and any other recipients of the Document; (e) where not apparent, the relationships of
the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.      If after responding to any Request You learn that Your response is in some material
respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including
May 1, 2019 through the present.

## REQUESTS

20.     Documents sufficient to identify the FTX User Account(s) associated with each
Identified FTX Address.

21.     Documents sufficient to identify the entity or individual associated with each FTX
User Account identified in response to Request No. 1, including all Know Your Customer Infor-
mation for each such entity or individual.

22.     Documents sufficient to identify all FTX User Account(s) associated with any en-
tity or individual identified in response to Request No. 2, other than FTX User Accounts identified
in response to Request No. 1.

23.     Documents sufficient to identify all FTX Address(es) associated with each FTX User Account identified in response to Request No. 1 and Request No. 3, other than the Identified FTX Addresses.

24.     Documents sufficient to show when each FTX User Account identified in response to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.     Documents sufficient to show a complete transaction history for each FTX User Account identified in response to Request No. 1 and Request No. 3.

26.     Documents sufficient to show all short positions with respect to the CEL Token on an FTX Exchange from April 1, 2022 to August 30, 2022.

27.     Documents sufficient to identify the FTX Address(es) associated with each short position identified in response to Request No. 7.

28.     Documents sufficient to identify the FTX User Account(s) associated with each FTX Address identified in response to Request No. 8.

29.     Documents sufficient to identify the entity or individual associated with each FTX User Account relating to Request No. 8, including all Know Your Customer Information for each such entity or individual.

30.     Documents sufficient to show all borrow or loan transactions associated with the positions identified in response to Request No. 7.

6

Dated:   May 15, 2023

*/s/ Jennifer M. Selendy*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, New York 10104
Tel.: 212-390-9000
jselendy@selendygay.com
fgay@selendygay.com
tagangawilliams@selendygay.com
cobrien@selendygay.com

*Co-Counsel to the Official Committee of
Unsecured Creditors*

7

# Subpoena Package 12

# Allston Way Ltd

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 1)
B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re CELSIUS NETWORK LLC, et al.,                  Case No. 22-10964 (MG)
                    Debtor

                                                    Chapter 11

### SUBPOENA FOR RULE 2004 EXAMINATION

> To: Allston Way Ltd
> Lower Factory Road
> St. John's AG-04
> Antigua and Barbuda

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

  Please see the attached requests for the production of documents.

        The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  **05/15/2023**

              CLERK OF COURT
                                            OR

    _____
    *Signature of Clerk or Deputy Clerk*

                                    _____
                                        *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors  who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

       I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
                         *Server's signature*

_____
                      *Printed name and title*

_____
                        *Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page )

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or transacts business in person, if the person
        (i) is a party or a party's officer; or
        (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
    (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
    (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        (i) fails to allow a reasonable time to comply;
        (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
        (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        (i) disclosing a trade secret or other confidential research, development, or commercial information; or

        (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
    (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        (i) expressly make the claim; and
        (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

***Ex Parte Order*, Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Official Committee of Unsecured Creditors to Issues *Subpoenas Duce Tecum* Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

## *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdiction over the Application; and the Application being a core proceeding; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appearing therefor, it is

    **ORDERED**, that the Application is granted; and it is further

    **ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be, and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

    **ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of this Order and any Subpoenas issued to them or make an appropriate motion for a protective order or to quash any Subpoenas; and it is further

    **ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the production or inspection of documents or things on less than fourteen (14) days' notice; and it is further

    **ORDERED**, that the terms and conditions of this Order are immediately effective and enforceable upon its entry; and it is further

    **ORDERED**, that this Order is without prejudice to the rights of the Committee to apply for further discovery from any party or other entity or person; and it is further

    **ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order, including adjudicating any discovery disputes that may arise between or among the parties.

**IT IS SO ORDERED.**

Dated:  May 11, 2023
      New York, New York

                                        **/s/ Martin Glenn**
                                        MARTIN GLENN
                          Chief United States Bankruptcy Judge

# Attachment # 2

# *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
        fgay@selendygay.com
        tagangawilliams@selendygay.com
        cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[12] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS
TO ALLSTON WAY LTD**

Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "Local District Rules"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[12] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal
tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius
Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network
Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8
USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius
Network LLC's principal place of business and the Debtors' service address in these chapter 11
cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*,

Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al.

(the "Committee"), by and through its undersigned counsel, hereby requests that Allston Way Ltd

produce documents in response to the requests below within 14 days of service to the Committee's

attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Americas, New York, NY 10104.

## DOCUMENT REQUESTS DEFINITIONS

1.      The singular form of a word includes the plural, and vice versa.

2.      Any tense of a verb includes all tenses.

3.      Any natural person includes that person's agents, assigns, attorneys, employees,

representatives, and successors.

4.      Any entity other than a natural person includes (a) that entity's present and former

agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, em-

ployees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors;

(b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or

owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf

of (a) or (b).

5.      "All," "any," and "each" mean any and all.

6.      "And" and "or" are construed both conjunctively and disjunctively.

7.      "Associated with" includes, but is not limited to, "affiliated with," "corresponding

to," "owned by," "controlled by," and "operated by."

8.      "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain iden-

tified as CEL.

2

9.      "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10.      "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.      "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12.      "FTX User Account" means a user account registered with the FTX Exchange.

13.      "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14.      "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15.      "Including" means including but not limited to.

16.      "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17.      "FTX Address" means a blockchain address associated with an FTX User Account.

3

18.    "Identified FTX Addresses" means the following FTX Addresses, and, for the avoidance of doubt, each is an "Identified FTX Address":

    a.    0xd84c82dcfb21572b68339f14453bfe39fdc81f74

    b.    0x2be52c6e141a314778b5ea702e8a9dc87b42d126

    c.    0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

    d.    0x44f73a35b995c7a55864209468925bf450cf0a00

    e.    0x1785904b28ad668b4778618f749db6b4a04472ed

    f.    0xd7cf4d9176519142bf64111d713d3f85cdff1b67

    g.    0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

    h.    0xb4e872704625ea0f69f95c856ad49aff44da2ba4

    i.    0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

    j.    0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19.    "You" and "Your" means and refers to any or all the FTX Debtors.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions and for purposes of these Requests, the following Instructions shall be followed:

1.    These Requests seek production of material in Your possession, custody, or control.

2.    These Requests seek production of nonprivileged material.

3.    For each Request, either state that You will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons.

4.    If You object to all or part of a Request, state whether You are withholding any responsive material based on that objection.

5.    If You object to part of a Request, specify the part and state that You will produce documents responsive to the rest.

4

6.      If You withhold responsive information by claiming that the information is privileged or subject to protection as trial-preparation material, expressly make the claim and describe the nature of the information privileged or protected in a manner that, without revealing information itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memorandum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author, addresses, and any other recipients of the Document; (e) where not apparent, the relationships of the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.      If after responding to any Request You learn that Your response is in some material respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including May 1, 2019 through the present.

## REQUESTS

20.      Documents sufficient to identify the FTX User Account(s) associated with each Identified FTX Address.

21.      Documents sufficient to identify the entity or individual associated with each FTX User Account identified in response to Request No. 1, including all Know Your Customer Information for each such entity or individual.

22.      Documents sufficient to identify all FTX User Account(s) associated with any entity or individual identified in response to Request No. 2, other than FTX User Accounts identified in response to Request No. 1.

5

23.     Documents sufficient to identify all FTX Address(es) associated with each FTX User Account identified in response to Request No. 1 and Request No. 3, other than the Identified FTX Addresses.

24.     Documents sufficient to show when each FTX User Account identified in response to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.     Documents sufficient to show a complete transaction history for each FTX User Account identified in response to Request No. 1 and Request No. 3.

26.     Documents sufficient to show all short positions with respect to the CEL Token on an FTX Exchange from April 1, 2022 to August 30, 2022.

27.     Documents sufficient to identify the FTX Address(es) associated with each short position identified in response to Request No. 7.

28.     Documents sufficient to identify the FTX User Account(s) associated with each FTX Address identified in response to Request No. 8.

29.     Documents sufficient to identify the entity or individual associated with each FTX User Account relating to Request No. 8, including all Know Your Customer Information for each such entity or individual.

30.     Documents sufficient to show all borrow or loan transactions associated with the positions identified in response to Request No. 7.

6

Dated:   May 15, 2023

*/s/ Jennifer M. Selendy*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, New York 10104
Tel.: 212-390-9000
jselendy@selendygay.com
fgay@selendygay.com
tagangawilliams@selendygay.com
cobrien@selendygay.com

*Co-Counsel to the Official Committee of
Unsecured Creditors*

# Subpoena Package 13

# Analisya Pte Ltd

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 1)

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re CELSIUS NETWORK LLC, et al.,
                    Debtor

Case No. 22-10964 (MG)

Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Analisya Pte Ltd
8 Orange Grove Road #06-02
8 Orange Grove Road #06-02
Singapore

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|-------|---------------|
|       |               |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

  Please see the attached requests for the production of documents.

        The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  **05/15/2023**

                    CLERK OF COURT

                                                OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors  who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

 I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page )

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

***Ex Parte Order*, Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Official Committee of Unsecured Creditors to Issues *Subpoenas Duce Tecum* Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdiction over the Application; and the Application being a core proceeding; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appearing therefor, it is

**ORDERED**, that the Application is granted; and it is further

**ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be, and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

**ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of this Order and any Subpoenas issued to them or make an appropriate motion for a protective order or to quash any Subpoenas; and it is further

**ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the production or inspection of documents or things on less than fourteen (14) days' notice; and it is further

**ORDERED**, that the terms and conditions of this Order are immediately effective and enforceable upon its entry; and it is further

**ORDERED**, that this Order is without prejudice to the rights of the Committee to apply for further discovery from any party or other entity or person; and it is further

**ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order, including adjudicating any discovery disputes that may arise between or among the parties.

**IT IS SO ORDERED.**

Dated:  May 11, 2023
     New York, New York

_____
**/s/ Martin Glenn**
MARTIN GLENN
Chief United States Bankruptcy Judge

# Attachment # 2

# *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
        fgay@selendygay.com
        tagangawilliams@selendygay.com
        cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[13] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS
TO ANALISYA PTE LTD**

   Pursuant to Federal Rules of Bankruptcy Procedure ("<u>Bankruptcy Rule</u>") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "<u>Local District Rules</u>"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "<u>Local Bankruptcy</u>

<u>Rules</u>"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[13] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal
tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius
Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network
Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8
USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius
Network LLC's principal place of business and the Debtors' service address in these chapter 11
cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*,

Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al.

(the "Committee"), by and through its undersigned counsel, hereby requests that Analisya Pte Ltd

produce documents in response to the requests below within 14 days of service to the Committee's

attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Americas, New York, NY 10104.

## **DOCUMENT REQUESTS DEFINITIONS**

1.    The singular form of a word includes the plural, and vice versa.

2.    Any tense of a verb includes all tenses.

3.    Any natural person includes that person's agents, assigns, attorneys, employees, representatives, and successors.

4.    Any entity other than a natural person includes (a) that entity's present and former agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, employees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors; (b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf of (a) or (b).

5.    "All," "any," and "each" mean any and all.

6.    "And" and "or" are construed both conjunctively and disjunctively.

7.    "Associated with" includes, but is not limited to, "affiliated with," "corresponding to," "owned by," "controlled by," and "operated by."

8.    "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain identified as CEL.

2

9.     "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10.     "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.     "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12.     "FTX User Account" means a user account registered with the FTX Exchange.

13.     "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14.     "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15.     "Including" means including but not limited to.

16.     "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17.     "FTX Address" means a blockchain address associated with an FTX User Account.

3

18.    "Identified FTX Addresses" means the following FTX Addresses, and, for the avoidance of doubt, each is an "Identified FTX Address":

    a.     0xd84c82dcfb21572b68339f14453bfe39fdc81f74

    b.     0x2be52c6e141a314778b5ea702e8a9dc87b42d126

    c.     0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

    d.     0x44f73a35b995c7a55864209468925bf450cf0a00

    e.     0x1785904b28ad668b4778618f749db6b4a04472ed

    f.     0xd7cf4d9176519142bf64111d713d3f85cdff1b67

    g.     0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

    h.     0xb4e872704625ea0f69f95c856ad49aff44da2ba4

    i.     0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

    j.     0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19.    "You" and "Your" means and refers to any or all the FTX Debtors.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions and for purposes of these Requests, the following Instructions shall be followed:

1.    These Requests seek production of material in Your possession, custody, or control.

2.    These Requests seek production of nonprivileged material.

3.    For each Request, either state that You will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons.

4.    If You object to all or part of a Request, state whether You are withholding any responsive material based on that objection.

5.    If You object to part of a Request, specify the part and state that You will produce documents responsive to the rest.

4

6.      If You withhold responsive information by claiming that the information is privi-
leged or subject to protection as trial-preparation material, expressly make the claim and describe
the nature of the information privileged or protected in a manner that, without revealing infor-
mation itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document
You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memoran-
dum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author,
addresses, and any other recipients of the Document; (e) where not apparent, the relationships of
the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.      If after responding to any Request You learn that Your response is in some material
respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including
May 1, 2019 through the present.

## REQUESTS

20.     Documents sufficient to identify the FTX User Account(s) associated with each
Identified FTX Address.

21.     Documents sufficient to identify the entity or individual associated with each FTX
User Account identified in response to Request No. 1, including all Know Your Customer Infor-
mation for each such entity or individual.

22.     Documents sufficient to identify all FTX User Account(s) associated with any en-
tity or individual identified in response to Request No. 2, other than FTX User Accounts identified
in response to Request No. 1.

23.     Documents sufficient to identify all FTX Address(es) associated with each FTX User Account identified in response to Request No. 1 and Request No. 3, other than the Identified FTX Addresses.

24.     Documents sufficient to show when each FTX User Account identified in response to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.     Documents sufficient to show a complete transaction history for each FTX User Account identified in response to Request No. 1 and Request No. 3.

26.     Documents sufficient to show all short positions with respect to the CEL Token on an FTX Exchange from April 1, 2022 to August 30, 2022.

27.     Documents sufficient to identify the FTX Address(es) associated with each short position identified in response to Request No. 7.

28.     Documents sufficient to identify the FTX User Account(s) associated with each FTX Address identified in response to Request No. 8.

29.     Documents sufficient to identify the entity or individual associated with each FTX User Account relating to Request No. 8, including all Know Your Customer Information for each such entity or individual.

30.     Documents sufficient to show all borrow or loan transactions associated with the positions identified in response to Request No. 7.

Dated:    May 15, 2023

*/s/ Jennifer M. Selendy*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, New York 10104
Tel.: 212-390-9000
jselendy@selendygay.com
fgay@selendygay.com
tagangawilliams@selendygay.com
cobrien@selendygay.com

*Co-Counsel to the Official Committee of
Unsecured Creditors*

# Subpoena Package 14

# Atlantis Technology Ltd.

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 1)

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re CELSIUS NETWORK LLC, et al.,  
    Debtor

Case No. 22-10964 (MG)

Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Atlantis Technology Ltd.
Unit 3B, Bryson's Commercial Complex, Friars Hill Road
St. John's AG-04
Antigua and Barbuda

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

  Please see the attached requests for the production of documents.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  **05/15/2023**

CLERK OF COURT

OR

_____  
*Signature of Clerk or Deputy Clerk*

_____  
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors  who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page )

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

***Ex Parte Order*, Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Official Committee of Unsecured Creditors to Issues *Subpoenas Duce Tecum* Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdiction over the Application; and the Application being a core proceeding; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appear-

ing therefor, it is

**ORDERED**, that the Application is granted; and it is further

**ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be,

and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

**ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of

this Order and any Subpoenas issued to them or make an appropriate motion for a protective or-

der or to quash any Subpoenas; and it is further

**ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the pro-

duction or inspection of documents or things on less than fourteen (14) days' notice; and it is fur-

ther

**ORDERED**, that the terms and conditions of this Order are immediately effective and

enforceable upon its entry; and it is further

**ORDERED**, that this Order is without prejudice to the rights of the Committee to apply

for further discovery from any party or other entity or person; and it is further

**ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce

the terms and provisions of this Order, including adjudicating any discovery disputes that may

arise between or among the parties.

**IT IS SO ORDERED.**

Dated:  May 11, 2023
   New York, New York

_____
**/s/ Martin Glenn**
MARTIN GLENN
Chief United States Bankruptcy Judge

# Attachment # 2

# *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
        fgay@selendygay.com
        taganagawilliams@selendygay.com
        cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[14] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS
TO ATLANTIS TECHNOLOGY LTD.**

Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "Local District Rules"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[14] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal
tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius
Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network
Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8
USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius
Network LLC's principal place of business and the Debtors' service address in these chapter 11
cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*,

Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al.

(the "Committee"), by and through its undersigned counsel, hereby requests that Atlantis

Technology Ltd. produce documents in response to the requests below within 14 days of service

to the Committee's attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Americas, New

York, NY 10104.

## DOCUMENT REQUESTS DEFINITIONS

1.      The singular form of a word includes the plural, and vice versa.

2.      Any tense of a verb includes all tenses.

3.      Any natural person includes that person's agents, assigns, attorneys, employees,

representatives, and successors.

4.      Any entity other than a natural person includes (a) that entity's present and former

agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, em-

ployees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors;

(b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or

owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf

of (a) or (b).

5.      "All," "any," and "each" mean any and all.

6.      "And" and "or" are construed both conjunctively and disjunctively.

7.      "Associated with" includes, but is not limited to, "affiliated with," "corresponding

to," "owned by," "controlled by," and "operated by."

8.      "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain iden-

tified as CEL.

2

9.      "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made

applicable to this matter by Local Bankruptcy Rule 7026-1.

10.      "FTX Debtors" means entities that have filed voluntary petitions under chapter 11

of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING*

*LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors"

at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.      "FTX Exchange" means the digital asset exchange(s) and related digital asset trad-

ing platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by

the FTX Debtors and certain of their non-debtor affiliates.

12.      "FTX User Account" means a user account registered with the FTX Exchange.

13.      "Futures Contract" means an agreement to buy or sell a digital asset available to

transact in on FTX Exchange in the future at a predetermined price.

14.      "Identify" has the meaning afforded to it by Local District Rule 26.3, made appli-

cable to this matter by Local Bankruptcy Rule 7026-1.

15.      "Including" means including but not limited to.

16.      "Know Your Customer Information" means information provided to the FTX Ex-

change when an FTX User Account is registered, information provided to the FTX Exchange on

an ongoing basis about the individual or entity to whom the FTX User Account is registered, in-

formation obtained by the FTX Exchange from third parties about the individual or entity to whom

the FTX User Account is registered, and information provided to the FTX Exchange about the

individual or entity to whom the FTX User Account is registered through any other diligence ef-

forts.

17.      "FTX Address" means a blockchain address associated with an FTX User Account.

3

18.    "Identified FTX Addresses" means the following FTX Addresses, and, for the avoidance of doubt, each is an "Identified FTX Address":

a.    0xd84c82dcfb21572b68339f14453bfe39fdc81f74

b.    0x2be52c6e141a314778b5ea702e8a9dc87b42d126

c.    0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

d.    0x44f73a35b995c7a55864209468925bf450cf0a00

e.    0x1785904b28ad668b4778618f749db6b4a04472ed

f.    0xd7cf4d9176519142bf64111d713d3f85cdff1b67

g.    0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

h.    0xb4e872704625ea0f69f95c856ad49aff44da2ba4

i.    0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

j.    0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19.    "You" and "Your" means and refers to any or all the FTX Debtors.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions and for purposes of these Requests, the following Instructions shall be followed:

1.    These Requests seek production of material in Your possession, custody, or control.

2.    These Requests seek production of nonprivileged material.

3.    For each Request, either state that You will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons.

4.    If You object to all or part of a Request, state whether You are withholding any responsive material based on that objection.

5.    If You object to part of a Request, specify the part and state that You will produce documents responsive to the rest.

4

6.    If You withhold responsive information by claiming that the information is privileged or subject to protection as trial-preparation material, expressly make the claim and describe the nature of the information privileged or protected in a manner that, without revealing information itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memorandum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author, addresses, and any other recipients of the Document; (e) where not apparent, the relationships of the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.    If after responding to any Request You learn that Your response is in some material respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including May 1, 2019 through the present.

## REQUESTS

20.    Documents sufficient to identify the FTX User Account(s) associated with each Identified FTX Address.

21.    Documents sufficient to identify the entity or individual associated with each FTX User Account identified in response to Request No. 1, including all Know Your Customer Information for each such entity or individual.

22.    Documents sufficient to identify all FTX User Account(s) associated with any entity or individual identified in response to Request No. 2, other than FTX User Accounts identified in response to Request No. 1.

23.     Documents sufficient to identify all FTX Address(es) associated with each FTX User Account identified in response to Request No. 1 and Request No. 3, other than the Identified FTX Addresses.

24.     Documents sufficient to show when each FTX User Account identified in response to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.     Documents sufficient to show a complete transaction history for each FTX User Account identified in response to Request No. 1 and Request No. 3.

26.     Documents sufficient to show all short positions with respect to the CEL Token on an FTX Exchange from April 1, 2022 to August 30, 2022.

27.     Documents sufficient to identify the FTX Address(es) associated with each short position identified in response to Request No. 7.

28.     Documents sufficient to identify the FTX User Account(s) associated with each FTX Address identified in response to Request No. 8.

29.     Documents sufficient to identify the entity or individual associated with each FTX User Account relating to Request No. 8, including all Know Your Customer Information for each such entity or individual.

30.     Documents sufficient to show all borrow or loan transactions associated with the positions identified in response to Request No. 7.

6

Dated:   May 15, 2023

/s/ Jennifer M. Selendy
_____

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, New York 10104
Tel.: 212-390-9000
jselendy@selendygay.com
fgay@selendygay.com
tagangawilliams@selendygay.com
cobrien@selendygay.com

*Co-Counsel to the Official Committee of
Unsecured Creditors*

# Subpoena Package 15

# Bancroft Way Ltd

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 1)

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re CELSIUS NETWORK LLC, et al.,
                Debtor

Case No. 22-10964 (MG)

Chapter 11

### SUBPOENA FOR RULE 2004 EXAMINATION

To: Bancroft Way Ltd
Lower Factory Road
St. John's AG-04
Antigua and Barbuda

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

  Please see the attached requests for the production of documents.

      The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **05/15/2023**

                CLERK OF COURT

                                       OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

       I declare under penalty of perjury that this information is true and correct.

Date: _____

 

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page )

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or transacts business in person, if the person
     (i) is a party or a party's officer; or
     (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A)*Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A)*When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     (i) fails to allow a reasonable time to comply;
     (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
     (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     (i) disclosing a trade secret or other confidential research, development, or commercial information; or

     (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A)*Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A)*Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     (i) expressly make the claim; and
     (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

***Ex Parte Order***, **Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Official Committee of Unsecured Creditors to Issues *Subpoenas Duce Tecum* Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdiction over the Application; and the Application being a core proceeding; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appearing therefor, it is

      **ORDERED**, that the Application is granted; and it is further

      **ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be, and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

      **ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of this Order and any Subpoenas issued to them or make an appropriate motion for a protective order or to quash any Subpoenas; and it is further

      **ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the production or inspection of documents or things on less than fourteen (14) days' notice; and it is further

      **ORDERED**, that the terms and conditions of this Order are immediately effective and enforceable upon its entry; and it is further

      **ORDERED**, that this Order is without prejudice to the rights of the Committee to apply for further discovery from any party or other entity or person; and it is further

      **ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order, including adjudicating any discovery disputes that may arise between or among the parties.

**IT IS SO ORDERED.**

Dated:  May 11, 2023
       New York, New York

                         **/s/ Martin Glenn**
                           MARTIN GLENN
             Chief United States Bankruptcy Judge

# Attachment # 2

# *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
      fgay@selendygay.com
      tagangawilliams@selendygay.com
      cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[15] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS TO BANCROFT WAY LTD

Pursuant to Federal Rules of Bankruptcy Procedure ("<u>Bankruptcy Rule</u>") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "<u>Local District Rules</u>"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "<u>Local Bankruptcy</u>

<u>Rules</u>"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[15] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*,

Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al.

(the "Committee"), by and through its undersigned counsel, hereby requests that Bancroft Way

Ltd produce documents in response to the requests below within 14 days of service to the Com-

mittee's attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Americas, New York, NY

10104.

## DOCUMENT REQUESTS DEFINITIONS

1.    The singular form of a word includes the plural, and vice versa.

2.    Any tense of a verb includes all tenses.

3.    Any natural person includes that person's agents, assigns, attorneys, employees,

representatives, and successors.

4.    Any entity other than a natural person includes (a) that entity's present and former

agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, em-

ployees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors;

(b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or

owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf

of (a) or (b).

5.    "All," "any," and "each" mean any and all.

6.    "And" and "or" are construed both conjunctively and disjunctively.

7.    "Associated with" includes, but is not limited to, "affiliated with," "corresponding

to," "owned by," "controlled by," and "operated by."

8.    "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain iden-

tified as CEL.

2

9.      "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10.     "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.     "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12.     "FTX User Account" means a user account registered with the FTX Exchange.

13.     "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14.     "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15.     "Including" means including but not limited to.

16.     "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17.     "FTX Address" means a blockchain address associated with an FTX User Account.

3

18.     "Identified FTX Addresses" means the following FTX Addresses, and, for the avoidance of doubt, each is an "Identified FTX Address":

    a.    0xd84c82dcfb21572b68339f14453bfe39fdc81f74

    b.    0x2be52c6e141a314778b5ea702e8a9dc87b42d126

    c.    0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

    d.    0x44f73a35b995c7a55864209468925bf450cf0a00

    e.    0x1785904b28ad668b4778618f749db6b4a04472ed

    f.    0xd7cf4d9176519142bf64111d713d3f85cdff1b67

    g.    0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

    h.    0xb4e872704625ea0f69f95c856ad49aff44da2ba4

    i.    0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

    j.    0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19.     "You" and "Your" means and refers to any or all the FTX Debtors.

## **INSTRUCTIONS**

The preceding Definitions apply to each of these Instructions and for purposes of these Requests, the following Instructions shall be followed:

1.     These Requests seek production of material in Your possession, custody, or control.

2.     These Requests seek production of nonprivileged material.

3.     For each Request, either state that You will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons.

4.     If You object to all or part of a Request, state whether You are withholding any responsive material based on that objection.

5.     If You object to part of a Request, specify the part and state that You will produce documents responsive to the rest.

4

6.      If You withhold responsive information by claiming that the information is privi-
leged or subject to protection as trial-preparation material, expressly make the claim and describe
the nature of the information privileged or protected in a manner that, without revealing infor-
mation itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document
You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memoran-
dum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author,
addresses, and any other recipients of the Document; (e) where not apparent, the relationships of
the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.      If after responding to any Request You learn that Your response is in some material
respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including
May 1, 2019 through the present.

## REQUESTS

20.     Documents sufficient to identify the FTX User Account(s) associated with each
Identified FTX Address.

21.     Documents sufficient to identify the entity or individual associated with each FTX
User Account identified in response to Request No. 1, including all Know Your Customer Infor-
mation for each such entity or individual.

22.     Documents sufficient to identify all FTX User Account(s) associated with any en-
tity or individual identified in response to Request No. 2, other than FTX User Accounts identified
in response to Request No. 1.

23.     Documents sufficient to identify all FTX Address(es) associated with each FTX User Account identified in response to Request No. 1 and Request No. 3, other than the Identified FTX Addresses.

24.     Documents sufficient to show when each FTX User Account identified in response to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.     Documents sufficient to show a complete transaction history for each FTX User Account identified in response to Request No. 1 and Request No. 3.

26.     Documents sufficient to show all short positions with respect to the CEL Token on an FTX Exchange from April 1, 2022 to August 30, 2022.

27.     Documents sufficient to identify the FTX Address(es) associated with each short position identified in response to Request No. 7.

28.     Documents sufficient to identify the FTX User Account(s) associated with each FTX Address identified in response to Request No. 8.

29.     Documents sufficient to identify the entity or individual associated with each FTX User Account relating to Request No. 8, including all Know Your Customer Information for each such entity or individual.

30.     Documents sufficient to show all borrow or loan transactions associated with the positions identified in response to Request No. 7.

Dated:   May 15, 2023

*/s/ Jennifer M. Selendy*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, New York 10104
Tel.: 212-390-9000
jselendy@selendygay.com
fgay@selendygay.com
tagangawilliams@selendygay.com
cobrien@selendygay.com

*Co-Counsel to the Official Committee of
Unsecured Creditors*

# Subpoena Package 16

# Blockfolio, Inc.

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 1)

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

| | |
|---|---|
| In re CELSIUS NETWORK LLC, et al., <br> Debtor | Case No. 22-10964 (MG) <br><br> Chapter 11 |

### SUBPOENA FOR RULE 2004 EXAMINATION

To: Blockfolio, Inc.
   3500 South Dupont Highway
   Dover, DE 19901

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| | |
| | |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

 Please see the attached requests for the production of documents.

      The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  **05/15/2023**

              CLERK OF COURT

                                                  OR

   _____               
   *Signature of Clerk or Deputy Clerk*

                                    _____
                                        *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors  who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

***Ex Parte Order*, Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Official Committee of Unsecured Creditors to Issues *Subpoenas Duce Tecum* Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdiction over the Application; and the Application being a core proceeding; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Limited (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appearing therefor, it is

    **ORDERED**, that the Application is granted; and it is further

    **ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be, and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

    **ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of this Order and any Subpoenas issued to them or make an appropriate motion for a protective order or to quash any Subpoenas; and it is further

    **ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the production or inspection of documents or things on less than fourteen (14) days' notice; and it is further

    **ORDERED**, that the terms and conditions of this Order are immediately effective and enforceable upon its entry; and it is further

    **ORDERED**, that this Order is without prejudice to the rights of the Committee to apply for further discovery from any party or other entity or person; and it is further

    **ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order, including adjudicating any discovery disputes that may arise between or among the parties.

**IT IS SO ORDERED.**

Dated:  May 11, 2023
     New York, New York

 

                  **/s/ Martin Glenn**
                   MARTIN GLENN
           Chief United States Bankruptcy Judge

# Attachment # 2

## *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
         fgay@selendygay.com
         tagangawilliams@selendygay.com
         cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[16] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS TO BLOCKFOLIO, INC.

Pursuant to Federal Rules of Bankruptcy Procedure ("<u>Bankruptcy Rule</u>") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "<u>Local District Rules</u>"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "<u>Local Bankruptcy</u>

<u>Rules</u>"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[16] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*,

Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al.

(the "Committee"), by and through its undersigned counsel, hereby requests that Blockfolio, Inc.

produce documents in response to the requests below within 14 days of service to the Committee's

attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Americas, New York, NY 10104.

## DOCUMENT REQUESTS DEFINITIONS

1.      The singular form of a word includes the plural, and vice versa.

2.      Any tense of a verb includes all tenses.

3.      Any natural person includes that person's agents, assigns, attorneys, employees,

representatives, and successors.

4.      Any entity other than a natural person includes (a) that entity's present and former

agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, em-

ployees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors;

(b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or

owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf

of (a) or (b).

5.      "All," "any," and "each" mean any and all.

6.      "And" and "or" are construed both conjunctively and disjunctively.

7.      "Associated with" includes, but is not limited to, "affiliated with," "corresponding

to," "owned by," "controlled by," and "operated by."

8.      "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain iden-

tified as CEL.

2

9.      "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10.      "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.      "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12.      "FTX User Account" means a user account registered with the FTX Exchange.

13.      "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14.      "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15.      "Including" means including but not limited to.

16.      "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17.      "FTX Address" means a blockchain address associated with an FTX User Account.

3

18.    "Identified FTX Addresses" means the following FTX Addresses, and, for the avoidance of doubt, each is an "Identified FTX Address":

a.    0xd84c82dcfb21572b68339f14453bfe39fdc81f74

b.    0x2be52c6e141a314778b5ea702e8a9dc87b42d126

c.    0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

d.    0x44f73a35b995c7a55864209468925bf450cf0a00

e.    0x1785904b28ad668b4778618f749db6b4a04472ed

f.    0xd7cf4d9176519142bf64111d713d3f85cdff1b67

g.    0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

h.    0xb4e872704625ea0f69f95c856ad49aff44da2ba4

i.    0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

j.    0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19.    "You" and "Your" means and refers to any or all the FTX Debtors.

## **INSTRUCTIONS**

The preceding Definitions apply to each of these Instructions and for purposes of these Requests, the following Instructions shall be followed:

1.    These Requests seek production of material in Your possession, custody, or control.

2.    These Requests seek production of nonprivileged material.

3.    For each Request, either state that You will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons.

4.    If You object to all or part of a Request, state whether You are withholding any responsive material based on that objection.

5.    If You object to part of a Request, specify the part and state that You will produce documents responsive to the rest.

4

6.    If You withhold responsive information by claiming that the information is privileged or subject to protection as trial-preparation material, expressly make the claim and describe the nature of the information privileged or protected in a manner that, without revealing information itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memorandum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author, addresses, and any other recipients of the Document; (e) where not apparent, the relationships of the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.    If after responding to any Request You learn that Your response is in some material respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including May 1, 2019 through the present.

## REQUESTS

20.    Documents sufficient to identify the FTX User Account(s) associated with each Identified FTX Address.

21.    Documents sufficient to identify the entity or individual associated with each FTX User Account identified in response to Request No. 1, including all Know Your Customer Information for each such entity or individual.

22.    Documents sufficient to identify all FTX User Account(s) associated with any entity or individual identified in response to Request No. 2, other than FTX User Accounts identified in response to Request No. 1.

23.    Documents sufficient to identify all FTX Address(es) associated with each FTX User Account identified in response to Request No. 1 and Request No. 3, other than the Identified FTX Addresses.

24.    Documents sufficient to show when each FTX User Account identified in response to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.    Documents sufficient to show a complete transaction history for each FTX User Account identified in response to Request No. 1 and Request No. 3.

26.    Documents sufficient to show all short positions with respect to the CEL Token on an FTX Exchange from April 1, 2022 to August 30, 2022.

27.    Documents sufficient to identify the FTX Address(es) associated with each short position identified in response to Request No. 7.

28.    Documents sufficient to identify the FTX User Account(s) associated with each FTX Address identified in response to Request No. 8.

29.    Documents sufficient to identify the entity or individual associated with each FTX User Account relating to Request No. 8, including all Know Your Customer Information for each such entity or individual.

30.    Documents sufficient to show all borrow or loan transactions associated with the positions identified in response to Request No. 7.

6

Dated:    May 15, 2023

*/s/ Jennifer M. Selendy*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, New York 10104
Tel.: 212-390-9000
jselendy@selendygay.com
fgay@selendygay.com
tagangawilliams@selendygay.com
cobrien@selendygay.com

*Co-Counsel to the Official Committee of
Unsecured Creditors*

7

# Subpoena Package 17

# Blue Ridge Ltd

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 1)

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

### Southern District of New York

In re CELSIUS NETWORK LLC, et al.,                    Case No. 22-10964 (MG)
                    Debtor

                    Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Blue Ridge Ltd
Unit 3B, Bryson's Commercial Complex, Friars Hill Road
St. John's AG-04
Antigua and Barbuda

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

  Please see the attached requests for the production of documents.

        The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **05/15/2023**

            CLERK OF COURT                                    OR

            _____
            *Signature of Clerk or Deputy Clerk*

                                    _____
                                    *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors  who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page )

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

***Ex Parte Order*, Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Official Committee of Unsecured Creditors to Issues *Subpoenas Duce Tecum* Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdiction over the Application; and the Application being a core proceeding; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED, that the Application is granted; and it is further

ORDERED, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be, and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

ORDERED, that the FTX Debtors are directed to either timely comply with the terms of this Order and any Subpoenas issued to them or make an appropriate motion for a protective order or to quash any Subpoenas; and it is further

ORDERED, that unless otherwise ordered by this Court, no Subpoena shall seek the production or inspection of documents or things on less than fourteen (14) days' notice; and it is further

ORDERED, that the terms and conditions of this Order are immediately effective and enforceable upon its entry; and it is further

ORDERED, that this Order is without prejudice to the rights of the Committee to apply for further discovery from any party or other entity or person; and it is further

ORDERED, that this Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order, including adjudicating any discovery disputes that may arise between or among the parties.

**IT IS SO ORDERED.**

Dated:  May 11, 2023
      New York, New York

**/s/ Martin Glenn**
_____
MARTIN GLENN
Chief United States Bankruptcy Judge

# Attachment # 2

## *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY 10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
        fgay@selendygay.com
        tagangawilliams@selendygay.com
        cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[17] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

## OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS TO BLUE RIDGE LTD

Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "Local District Rules"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[17] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*,
Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al.
(the "Committee"), by and through its undersigned counsel, hereby requests that Blue Ridge Ltd
produce documents in response to the requests below within 14 days of service to the Committee's
attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Americas, New York, NY 10104.

## DOCUMENT REQUESTS DEFINITIONS

1.      The singular form of a word includes the plural, and vice versa.

2.      Any tense of a verb includes all tenses.

3.      Any natural person includes that person's agents, assigns, attorneys, employees,
representatives, and successors.

4.      Any entity other than a natural person includes (a) that entity's present and former
agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, em-
ployees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors;
(b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or
owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf
of (a) or (b).

5.      "All," "any," and "each" mean any and all.

6.      "And" and "or" are construed both conjunctively and disjunctively.

7.      "Associated with" includes, but is not limited to, "affiliated with," "corresponding
to," "owned by," "controlled by," and "operated by."

8.      "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain iden-
tified as CEL.

2

9.      "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made

applicable to this matter by Local Bankruptcy Rule 7026-1.

10.      "FTX Debtors" means entities that have filed voluntary petitions under chapter 11

of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING

LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors"

at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.      "FTX Exchange" means the digital asset exchange(s) and related digital asset trad-

ing platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by

the FTX Debtors and certain of their non-debtor affiliates.

12.      "FTX User Account" means a user account registered with the FTX Exchange.

13.      "Futures Contract" means an agreement to buy or sell a digital asset available to

transact in on FTX Exchange in the future at a predetermined price.

14.      "Identify" has the meaning afforded to it by Local District Rule 26.3, made appli-

cable to this matter by Local Bankruptcy Rule 7026-1.

15.      "Including" means including but not limited to.

16.      "Know Your Customer Information" means information provided to the FTX Ex-

change when an FTX User Account is registered, information provided to the FTX Exchange on

an ongoing basis about the individual or entity to whom the FTX User Account is registered, in-

formation obtained by the FTX Exchange from third parties about the individual or entity to whom

the FTX User Account is registered, and information provided to the FTX Exchange about the

individual or entity to whom the FTX User Account is registered through any other diligence ef-

forts.

17.      "FTX Address" means a blockchain address associated with an FTX User Account.

3

18.      "Identified FTX Addresses" means the following FTX Addresses, and, for the avoidance of doubt, each is an "Identified FTX Address":

    a.      0xd84c82dcfb21572b68339f14453bfe39fdc81f74

    b.      0x2be52c6e141a314778b5ea702e8a9dc87b42d126

    c.      0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

    d.      0x44f73a35b995c7a55864209468925bf450cf0a00

    e.      0x1785904b28ad668b4778618f749db6b4a04472ed

    f.      0xd7cf4d9176519142bf64111d713d3f85cdff1b67

    g.      0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

    h.      0xb4e872704625ea0f69f95c856ad49aff44da2ba4

    i.      0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

    j.      0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19.      "You" and "Your" means and refers to any or all the FTX Debtors.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions and for purposes of these Requests, the following Instructions shall be followed:

1.      These Requests seek production of material in Your possession, custody, or control.

2.      These Requests seek production of nonprivileged material.

3.      For each Request, either state that You will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons.

4.      If You object to all or part of a Request, state whether You are withholding any responsive material based on that objection.

5.      If You object to part of a Request, specify the part and state that You will produce documents responsive to the rest.

6.      If You withhold responsive information by claiming that the information is privi-
leged or subject to protection as trial-preparation material, expressly make the claim and describe
the nature of the information privileged or protected in a manner that, without revealing infor-
mation itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document
You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memoran-
dum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author,
addresses, and any other recipients of the Document; (e) where not apparent, the relationships of
the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.      If after responding to any Request You learn that Your response is in some material
respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including
May 1, 2019 through the present.

## REQUESTS

20.      Documents sufficient to identify the FTX User Account(s) associated with each
Identified FTX Address.

21.      Documents sufficient to identify the entity or individual associated with each FTX
User Account identified in response to Request No. 1, including all Know Your Customer Infor-
mation for each such entity or individual.

22.      Documents sufficient to identify all FTX User Account(s) associated with any en-
tity or individual identified in response to Request No. 2, other than FTX User Accounts identified
in response to Request No. 1.

23.     Documents sufficient to identify all FTX Address(es) associated with each FTX
User Account identified in response to Request No. 1 and Request No. 3, other than the Identified
FTX Addresses.

24.     Documents sufficient to show when each FTX User Account identified in response
to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.     Documents sufficient to show a complete transaction history for each FTX User
Account identified in response to Request No. 1 and Request No. 3.

26.     Documents sufficient to show all short positions with respect to the CEL Token on
an FTX Exchange from April 1, 2022 to August 30, 2022.

27.     Documents sufficient to identify the FTX Address(es) associated with each short
position identified in response to Request No. 7.

28.     Documents sufficient to identify the FTX User Account(s) associated with each
FTX Address identified in response to Request No. 8.

29.     Documents sufficient to identify the entity or individual associated with each FTX
User Account relating to Request No. 8, including all Know Your Customer Information for each
such entity or individual.

30.     Documents sufficient to show all borrow or loan transactions associated with the
positions identified in response to Request No. 7.

6

Dated:   May 15, 2023

*/s/ Jennifer M. Selendy*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, New York 10104
Tel.: 212-390-9000
jselendy@selendygay.com
fgay@selendygay.com
tagangawilliams@selendygay.com
cobrien@selendygay.com

*Co-Counsel to the Official Committee of
Unsecured Creditors*

7

**Subpoena Package 18**

**Cardinal Ventures Ltd**

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 1)

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re CELSIUS NETWORK LLC, et al.,
            Debtor

Case No. 22-10964 (MG)

Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Cardinal Ventures Ltd
Unit 3B, Bryson's Commercial Complex, Friars Hill Road
St. John's AG-04
Antigua and Barbuda

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

  Please see the attached requests for the production of documents.

          The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  **05/15/2023**

                    CLERK OF COURT

                                                OR

          _____
          *Signature of Clerk or Deputy Clerk*

                                        _____
                                        *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors  who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

***Ex Parte Order***, **Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Official Committee of Unsecured Creditors to Issues *Subpoenas Duce Tecum* Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdiction over the Application; and the Application being a core proceeding; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Limited (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appearing therefor, it is

    **ORDERED**, that the Application is granted; and it is further

    **ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be, and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

    **ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of this Order and any Subpoenas issued to them or make an appropriate motion for a protective order or to quash any Subpoenas; and it is further

    **ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the production or inspection of documents or things on less than fourteen (14) days' notice; and it is further

    **ORDERED**, that the terms and conditions of this Order are immediately effective and enforceable upon its entry; and it is further

    **ORDERED**, that this Order is without prejudice to the rights of the Committee to apply for further discovery from any party or other entity or person; and it is further

    **ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order, including adjudicating any discovery disputes that may arise between or among the parties.

**IT IS SO ORDERED.**

Dated:  May 11, 2023
       New York, New York

                                **/s/ Martin Glenn**
                                MARTIN GLENN
                  Chief United States Bankruptcy Judge

# Attachment # 2

## *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
      fgay@selendygay.com
      tagangawilliams@selendygay.com
      cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[18] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS
TO CARDINAL VENTURES LTD**

      Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "Local District Rules"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[18] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal
tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius
Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network
Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8
USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius
Network LLC's principal place of business and the Debtors' service address in these chapter 11
cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*,

Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al.

(the "Committee"), by and through its undersigned counsel, hereby requests that Cardinal Ventures

Ltd produce documents in response to the requests below within 14 days of service to the Com-

mittee's attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Americas, New York, NY

10104.

## DOCUMENT REQUESTS DEFINITIONS

1. The singular form of a word includes the plural, and vice versa.

2. Any tense of a verb includes all tenses.

3. Any natural person includes that person's agents, assigns, attorneys, employees, representatives, and successors.

4. Any entity other than a natural person includes (a) that entity's present and former agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, employees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors; (b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf of (a) or (b).

5. "All," "any," and "each" mean any and all.

6. "And" and "or" are construed both conjunctively and disjunctively.

7. "Associated with" includes, but is not limited to, "affiliated with," "corresponding to," "owned by," "controlled by," and "operated by."

8. "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain identified as CEL.

2

9.    "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10.    "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.    "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12.    "FTX User Account" means a user account registered with the FTX Exchange.

13.    "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14.    "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15.    "Including" means including but not limited to.

16.    "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17.    "FTX Address" means a blockchain address associated with an FTX User Account.

3

18.    "Identified FTX Addresses" means the following FTX Addresses, and, for the avoidance of doubt, each is an "Identified FTX Address":

    a.    0xd84c82dcfb21572b68339f14453bfe39fdc81f74

    b.    0x2be52c6e141a314778b5ea702e8a9dc87b42d126

    c.    0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

    d.    0x44f73a35b995c7a55864209468925bf450cf0a00

    e.    0x1785904b28ad668b4778618f749db6b4a04472ed

    f.    0xd7cf4d9176519142bf64111d713d3f85cdff1b67

    g.    0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

    h.    0xb4e872704625ea0f69f95c856ad49aff44da2ba4

    i.    0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

    j.    0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19.    "You" and "Your" means and refers to any or all the FTX Debtors.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions and for purposes of these Requests, the following Instructions shall be followed:

1.    These Requests seek production of material in Your possession, custody, or control.

2.    These Requests seek production of nonprivileged material.

3.    For each Request, either state that You will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons.

4.    If You object to all or part of a Request, state whether You are withholding any responsive material based on that objection.

5.    If You object to part of a Request, specify the part and state that You will produce documents responsive to the rest.

4

6.      If You withhold responsive information by claiming that the information is privi-
leged or subject to protection as trial-preparation material, expressly make the claim and describe
the nature of the information privileged or protected in a manner that, without revealing infor-
mation itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document
You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memoran-
dum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author,
addresses, and any other recipients of the Document; (e) where not apparent, the relationships of
the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.      If after responding to any Request You learn that Your response is in some material
respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including
May 1, 2019 through the present.

## REQUESTS

20.      Documents sufficient to identify the FTX User Account(s) associated with each
Identified FTX Address.

21.      Documents sufficient to identify the entity or individual associated with each FTX
User Account identified in response to Request No. 1, including all Know Your Customer Infor-
mation for each such entity or individual.

22.      Documents sufficient to identify all FTX User Account(s) associated with any en-
tity or individual identified in response to Request No. 2, other than FTX User Accounts identified
in response to Request No. 1.

23.     Documents sufficient to identify all FTX Address(es) associated with each FTX User Account identified in response to Request No. 1 and Request No. 3, other than the Identified FTX Addresses.

24.     Documents sufficient to show when each FTX User Account identified in response to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.     Documents sufficient to show a complete transaction history for each FTX User Account identified in response to Request No. 1 and Request No. 3.

26.     Documents sufficient to show all short positions with respect to the CEL Token on an FTX Exchange from April 1, 2022 to August 30, 2022.

27.     Documents sufficient to identify the FTX Address(es) associated with each short position identified in response to Request No. 7.

28.     Documents sufficient to identify the FTX User Account(s) associated with each FTX Address identified in response to Request No. 8.

29.     Documents sufficient to identify the entity or individual associated with each FTX User Account relating to Request No. 8, including all Know Your Customer Information for each such entity or individual.

30.     Documents sufficient to show all borrow or loan transactions associated with the positions identified in response to Request No. 7.

6

Dated:   May 15, 2023

*/s/ Jennifer M. Selendy*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, New York 10104
Tel.: 212-390-9000
jselendy@selendygay.com
fgay@selendygay.com
tagangawilliams@selendygay.com
cobrien@selendygay.com

*Co-Counsel to the Official Committee of*
*Unsecured Creditors*

**Subpoena Package 19**

**Cedar Bay Ltd**

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re CELSIUS NETWORK LLC, et al.,          Case No. 22-10964 (MG)
<br>          Debtor

Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Cedar Bay Ltd
Unit 3B, Bryson's Commercial Complex, Friars Hill Road
St. John's AG-04
Antigua and Barbuda

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

Please see the attached requests for the production of documents.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  **05/15/2023**

        CLERK OF COURT          OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors  who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


        I declare under penalty of perjury that this information is true and correct.

Date: _____


                                                    _____
                                                            *Server's signature*


                                                    _____
                                                            *Printed name and title*


                                                    _____
                                                            *Server's address*


Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page )

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

***Ex Parte Order*, Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Official Committee of Unsecured Creditors to Issues *Subpoenas Duce Tecum* Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdiction over the Application; and the Application being a core proceeding; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appearing therefor, it is

**ORDERED**, that the Application is granted; and it is further

**ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be, and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

**ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of this Order and any Subpoenas issued to them or make an appropriate motion for a protective order or to quash any Subpoenas; and it is further

**ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the production or inspection of documents or things on less than fourteen (14) days' notice; and it is further

**ORDERED**, that the terms and conditions of this Order are immediately effective and enforceable upon its entry; and it is further

**ORDERED**, that this Order is without prejudice to the rights of the Committee to apply for further discovery from any party or other entity or person; and it is further

**ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order, including adjudicating any discovery disputes that may arise between or among the parties.

**IT IS SO ORDERED.**

Dated: May 11, 2023
        New York, New York

                                          **/s/ Martin Glenn**
                                          MARTIN GLENN
                                Chief United States Bankruptcy Judge

# Attachment # 2

# *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
         fgay@selendygay.com
         tagangawilliams@selendygay.com
         cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[19] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS
TO CEDAR BAY LTD**

Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "Local District Rules"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[19] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*, Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al. (the "Committee"), by and through its undersigned counsel, hereby requests that Cedar Bay Ltd produce documents in response to the requests below within 14 days of service to the Committee's attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Americas, New York, NY 10104.

## DOCUMENT REQUESTS DEFINITIONS

1.      The singular form of a word includes the plural, and vice versa.

2.      Any tense of a verb includes all tenses.

3.      Any natural person includes that person's agents, assigns, attorneys, employees, representatives, and successors.

4.      Any entity other than a natural person includes (a) that entity's present and former agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, employees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors; (b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf of (a) or (b).

5.      "All," "any," and "each" mean any and all.

6.      "And" and "or" are construed both conjunctively and disjunctively.

7.      "Associated with" includes, but is not limited to, "affiliated with," "corresponding to," "owned by," "controlled by," and "operated by."

8.      "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain identified as CEL.

2

9.    "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10.    "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.    "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12.    "FTX User Account" means a user account registered with the FTX Exchange.

13.    "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14.    "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15.    "Including" means including but not limited to.

16.    "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17.    "FTX Address" means a blockchain address associated with an FTX User Account.

3

18.    "Identified FTX Addresses" means the following FTX Addresses, and, for the avoidance of doubt, each is an "Identified FTX Address":

a.    0xd84c82dcfb21572b68339f14453bfe39fdc81f74

b.    0x2be52c6e141a314778b5ea702e8a9dc87b42d126

c.    0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

d.    0x44f73a35b995c7a55864209468925bf450cf0a00

e.    0x1785904b28ad668b4778618f749db6b4a04472ed

f.    0xd7cf4d9176519142bf64111d713d3f85cdff1b67

g.    0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

h.    0xb4e872704625ea0f69f95c856ad49aff44da2ba4

i.    0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

j.    0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19.    "You" and "Your" means and refers to any or all the FTX Debtors.

## **INSTRUCTIONS**

The preceding Definitions apply to each of these Instructions and for purposes of these Requests, the following Instructions shall be followed:

1.    These Requests seek production of material in Your possession, custody, or control.

2.    These Requests seek production of nonprivileged material.

3.    For each Request, either state that You will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons.

4.    If You object to all or part of a Request, state whether You are withholding any responsive material based on that objection.

5.    If You object to part of a Request, specify the part and state that You will produce documents responsive to the rest.

4

6.      If You withhold responsive information by claiming that the information is privi-
leged or subject to protection as trial-preparation material, expressly make the claim and describe
the nature of the information privileged or protected in a manner that, without revealing infor-
mation itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document
You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memoran-
dum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author,
addresses, and any other recipients of the Document; (e) where not apparent, the relationships of
the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.      If after responding to any Request You learn that Your response is in some material
respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including
May 1, 2019 through the present.

## REQUESTS

20.      Documents sufficient to identify the FTX User Account(s) associated with each
Identified FTX Address.

21.      Documents sufficient to identify the entity or individual associated with each FTX
User Account identified in response to Request No. 1, including all Know Your Customer Infor-
mation for each such entity or individual.

22.      Documents sufficient to identify all FTX User Account(s) associated with any en-
tity or individual identified in response to Request No. 2, other than FTX User Accounts identified
in response to Request No. 1.

5

23.     Documents sufficient to identify all FTX Address(es) associated with each FTX User Account identified in response to Request No. 1 and Request No. 3, other than the Identified FTX Addresses.

24.     Documents sufficient to show when each FTX User Account identified in response to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.     Documents sufficient to show a complete transaction history for each FTX User Account identified in response to Request No. 1 and Request No. 3.

26.     Documents sufficient to show all short positions with respect to the CEL Token on an FTX Exchange from April 1, 2022 to August 30, 2022.

27.     Documents sufficient to identify the FTX Address(es) associated with each short position identified in response to Request No. 7.

28.     Documents sufficient to identify the FTX User Account(s) associated with each FTX Address identified in response to Request No. 8.

29.     Documents sufficient to identify the entity or individual associated with each FTX User Account relating to Request No. 8, including all Know Your Customer Information for each such entity or individual.

30.     Documents sufficient to show all borrow or loan transactions associated with the positions identified in response to Request No. 7.

Dated:    May 15, 2023

*/s/ Jennifer M. Selendy*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, New York 10104
Tel.: 212-390-9000
jselendy@selendygay.com
fgay@selendygay.com
tagangawilliams@selendygay.com
cobrien@selendygay.com

*Co-Counsel to the Official Committee of*
*Unsecured Creditors*

7

# Subpoena Package 20

# Cedar Grove Technology Services, Ltd.

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 1)

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re CELSIUS NETWORK LLC, et al.,  
                Debtor

Case No. 22-10964 (MG)

Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Cedar Grove Technology Services, Ltd.  
Unit 3B, Bryson's Commercial Complex, Friars Hill Road  
St. John's AG-04  
Antigua and Barbuda

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|-------|---------------|
|       |               |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

Please see the attached requests for the production of documents.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **05/15/2023**

CLERK OF COURT

OR

_____  
*Signature of Clerk or Deputy Clerk*

_____  
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A)*Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A)*When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A)*Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A)*Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

***Ex Parte Order*, Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Official Committee of Unsecured Creditors to Issues *Subpoenas Duce Tecum* Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdiction over the Application; and the Application being a core proceeding; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Limited (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appearing therefor, it is

    **ORDERED**, that the Application is granted; and it is further

    **ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be, and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

    **ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of this Order and any Subpoenas issued to them or make an appropriate motion for a protective order or to quash any Subpoenas; and it is further

    **ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the production or inspection of documents or things on less than fourteen (14) days' notice; and it is further

    **ORDERED**, that the terms and conditions of this Order are immediately effective and enforceable upon its entry; and it is further

    **ORDERED**, that this Order is without prejudice to the rights of the Committee to apply for further discovery from any party or other entity or person; and it is further

    **ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order, including adjudicating any discovery disputes that may arise between or among the parties.

**IT IS SO ORDERED.**

Dated:  May 11, 2023
      New York, New York

                                   **/s/ Martin Glenn**
                                     MARTIN GLENN
                       Chief United States Bankruptcy Judge

# Attachment # 2

# *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
        fgay@selendygay.com
        tagangawilliams@selendygay.com
        cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[20] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS TO CEDAR GROVE TECHNOLOGY SERVICES, LTD.

Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "Local District Rules"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[20] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*,

Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al.

(the "Committee"), by and through its undersigned counsel, hereby requests that Cedar Grove

Technology Services, Ltd. produce documents in response to the requests below within 14 days of

service to the Committee's attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Americas,

New York, NY 10104.

### DOCUMENT REQUESTS DEFINITIONS

1.     The singular form of a word includes the plural, and vice versa.

2.     Any tense of a verb includes all tenses.

3.     Any natural person includes that person's agents, assigns, attorneys, employees, representatives, and successors.

4.     Any entity other than a natural person includes (a) that entity's present and former agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, employees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors; (b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf of (a) or (b).

5.     "All," "any," and "each" mean any and all.

6.     "And" and "or" are construed both conjunctively and disjunctively.

7.     "Associated with" includes, but is not limited to, "affiliated with," "corresponding to," "owned by," "controlled by," and "operated by."

8.     "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain identified as CEL.

2

9.      "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10.      "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.      "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12.      "FTX User Account" means a user account registered with the FTX Exchange.

13.      "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14.      "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15.      "Including" means including but not limited to.

16.      "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17.      "FTX Address" means a blockchain address associated with an FTX User Account.

18.    "Identified FTX Addresses" means the following FTX Addresses, and, for the
avoidance of doubt, each is an "Identified FTX Address":

    a.    0xd84c82dcfb21572b68339f14453bfe39fdc81f74

    b.    0x2be52c6e141a314778b5ea702e8a9dc87b42d126

    c.    0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

    d.    0x44f73a35b995c7a55864209468925bf450cf0a00

    e.    0x1785904b28ad668b4778618f749db6b4a04472ed

    f.    0xd7cf4d9176519142bf64111d713d3f85cdff1b67

    g.    0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

    h.    0xb4e872704625ea0f69f95c856ad49aff44da2ba4

    i.    0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

    j.    0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19.    "You" and "Your" means and refers to any or all the FTX Debtors.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions and for purposes of these
Requests, the following Instructions shall be followed:

1.    These Requests seek production of material in Your possession, custody, or control.

2.    These Requests seek production of nonprivileged material.

3.    For each Request, either state that You will produce the requested material or state
with specificity the grounds for objecting to the Request, including the reasons.

4.    If You object to all or part of a Request, state whether You are withholding any
responsive material based on that objection.

5.    If You object to part of a Request, specify the part and state that You will produce
documents responsive to the rest.

4

6.      If You withhold responsive information by claiming that the information is privi-

leged or subject to protection as trial-preparation material, expressly make the claim and describe

the nature of the information privileged or protected in a manner that, without revealing infor-

mation itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document

You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memoran-

dum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author,

addresses, and any other recipients of the Document; (e) where not apparent, the relationships of

the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.      If after responding to any Request You learn that Your response is in some material

respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including

May 1, 2019 through the present.

## REQUESTS

20.      Documents sufficient to identify the FTX User Account(s) associated with each

Identified FTX Address.

21.      Documents sufficient to identify the entity or individual associated with each FTX

User Account identified in response to Request No. 1, including all Know Your Customer Infor-

mation for each such entity or individual.

22.      Documents sufficient to identify all FTX User Account(s) associated with any en-

tity or individual identified in response to Request No. 2, other than FTX User Accounts identified

in response to Request No. 1.

23.     Documents sufficient to identify all FTX Address(es) associated with each FTX User Account identified in response to Request No. 1 and Request No. 3, other than the Identified FTX Addresses.

24.     Documents sufficient to show when each FTX User Account identified in response to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.     Documents sufficient to show a complete transaction history for each FTX User Account identified in response to Request No. 1 and Request No. 3.

26.     Documents sufficient to show all short positions with respect to the CEL Token on an FTX Exchange from April 1, 2022 to August 30, 2022.

27.     Documents sufficient to identify the FTX Address(es) associated with each short position identified in response to Request No. 7.

28.     Documents sufficient to identify the FTX User Account(s) associated with each FTX Address identified in response to Request No. 8.

29.     Documents sufficient to identify the entity or individual associated with each FTX User Account relating to Request No. 8, including all Know Your Customer Information for each such entity or individual.

30.     Documents sufficient to show all borrow or loan transactions associated with the positions identified in response to Request No. 7.

Dated:   May 15, 2023

*/s/ Jennifer M. Selendy*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, New York 10104
Tel.: 212-390-9000
jselendy@selendygay.com
fgay@selendygay.com
tagangawilliams@selendygay.com
cobrien@selendygay.com

*Co-Counsel to the Official Committee of
Unsecured Creditors*

# Subpoena Package 21

# Clifton Bay Investments LLC

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 1)

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re CELSIUS NETWORK LLC, et al.,  
                Debtor

Case No. 22-10964 (MG)

Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Clifton Bay Investments LLC  
3500 South Dupont Highway  
Dover, DE 19901

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| | |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

  Please see the attached requests for the production of documents.

      The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **05/15/2023**

                CLERK OF COURT

                        OR

        _____  
        *Signature of Clerk or Deputy Clerk*

                    _____  
                    *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

      I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page )

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

***Ex Parte Order***, **Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Official Committee of Unsecured Creditors to Issues *Subpoenas Duce Tecum* Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured

Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter

11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the

"Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New

York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collec-

tively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdic-

tion over the Application; and the Application being a core proceeding; and venue of this pro-

ceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court

having found that the relief requested in the Application is in the best interest of the Debtors' es-

tates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appearing therefor, it is

    **ORDERED**, that the Application is granted; and it is further

    **ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be, and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

    **ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of this Order and any Subpoenas issued to them or make an appropriate motion for a protective order or to quash any Subpoenas; and it is further

    **ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the production or inspection of documents or things on less than fourteen (14) days' notice; and it is further

    **ORDERED**, that the terms and conditions of this Order are immediately effective and enforceable upon its entry; and it is further

    **ORDERED**, that this Order is without prejudice to the rights of the Committee to apply for further discovery from any party or other entity or person; and it is further

    **ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order, including adjudicating any discovery disputes that may arise between or among the parties.

**IT IS SO ORDERED.**

Dated: May 11, 2023
     New York, New York

                            **/s/ Martin Glenn**
                             MARTIN GLENN
               Chief United States Bankruptcy Judge

# Attachment # 2

# *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
         fgay@selendygay.com
         taganganawilliams@selendygay.com
         cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[21] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS
TO CLIFTON BAY INVESTMENTS LLC**

Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "Local District Rules"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[21] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal
tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius
Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network
Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8
USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius
Network LLC's principal place of business and the Debtors' service address in these chapter 11
cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*, Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al. (the "Committee"), by and through its undersigned counsel, hereby requests that Clifton Bay Investments LLC produce documents in response to the requests below within 14 days of service to the Committee's attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Americas, New York, NY 10104.

## DOCUMENT REQUESTS DEFINITIONS

1.    The singular form of a word includes the plural, and vice versa.

2.    Any tense of a verb includes all tenses.

3.    Any natural person includes that person's agents, assigns, attorneys, employees, representatives, and successors.

4.    Any entity other than a natural person includes (a) that entity's present and former agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, employees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors; (b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf of (a) or (b).

5.    "All," "any," and "each" mean any and all.

6.    "And" and "or" are construed both conjunctively and disjunctively.

7.    "Associated with" includes, but is not limited to, "affiliated with," "corresponding to," "owned by," "controlled by," and "operated by."

8.    "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain identified as CEL.

2

9.      "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10.      "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.      "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12.      "FTX User Account" means a user account registered with the FTX Exchange.

13.      "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14.      "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15.      "Including" means including but not limited to.

16.      "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17.      "FTX Address" means a blockchain address associated with an FTX User Account.

3

18.    "Identified FTX Addresses" means the following FTX Addresses, and, for the

avoidance of doubt, each is an "Identified FTX Address":

    a.    0xd84c82dcfb21572b68339f14453bfe39fdc81f74

    b.    0x2be52c6e141a314778b5ea702e8a9dc87b42d126

    c.    0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

    d.    0x44f73a35b995c7a55864209468925bf450cf0a00

    e.    0x1785904b28ad668b4778618f749db6b4a04472ed

    f.    0xd7cf4d9176519142bf64111d713d3f85cdff1b67

    g.    0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

    h.    0xb4e872704625ea0f69f95c856ad49aff44da2ba4

    i.    0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

    j.    0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19.    "You" and "Your" means and refers to any or all the FTX Debtors.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions and for purposes of these

Requests, the following Instructions shall be followed:

1.    These Requests seek production of material in Your possession, custody, or control.

2.    These Requests seek production of nonprivileged material.

3.    For each Request, either state that You will produce the requested material or state

with specificity the grounds for objecting to the Request, including the reasons.

4.    If You object to all or part of a Request, state whether You are withholding any

responsive material based on that objection.

5.    If You object to part of a Request, specify the part and state that You will produce

documents responsive to the rest.

4

6.      If You withhold responsive information by claiming that the information is privileged or subject to protection as trial-preparation material, expressly make the claim and describe the nature of the information privileged or protected in a manner that, without revealing information itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memorandum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author, addresses, and any other recipients of the Document; (e) where not apparent, the relationships of the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.      If after responding to any Request You learn that Your response is in some material respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including May 1, 2019 through the present.

## REQUESTS

20.      Documents sufficient to identify the FTX User Account(s) associated with each Identified FTX Address.

21.      Documents sufficient to identify the entity or individual associated with each FTX User Account identified in response to Request No. 1, including all Know Your Customer Information for each such entity or individual.

22.      Documents sufficient to identify all FTX User Account(s) associated with any entity or individual identified in response to Request No. 2, other than FTX User Accounts identified in response to Request No. 1.

5

23.    Documents sufficient to identify all FTX Address(es) associated with each FTX
User Account identified in response to Request No. 1 and Request No. 3, other than the Identified
FTX Addresses.

24.    Documents sufficient to show when each FTX User Account identified in response
to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.    Documents sufficient to show a complete transaction history for each FTX User
Account identified in response to Request No. 1 and Request No. 3.

26.    Documents sufficient to show all short positions with respect to the CEL Token on
an FTX Exchange from April 1, 2022 to August 30, 2022.

27.    Documents sufficient to identify the FTX Address(es) associated with each short
position identified in response to Request No. 7.

28.    Documents sufficient to identify the FTX User Account(s) associated with each
FTX Address identified in response to Request No. 8.

29.    Documents sufficient to identify the entity or individual associated with each FTX
User Account relating to Request No. 8, including all Know Your Customer Information for each
such entity or individual.

30.    Documents sufficient to show all borrow or loan transactions associated with the
positions identified in response to Request No. 7.

Dated:    May 15, 2023

*/s/ Jennifer M. Selendy*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, New York 10104
Tel.: 212-390-9000
jselendy@selendygay.com
fgay@selendygay.com
tagangawilliams@selendygay.com
cobrien@selendygay.com

*Co-Counsel to the Official Committee of
Unsecured Creditors*

7

# Subpoena Package 22

# Clifton Bay Investments Ltd

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 1)

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re CELSIUS NETWORK LLC, et al.,                                   Case No. 22-10964 (MG)
                         Debtor

                                                                                        Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

> To: Clifton Bay Investments Ltd
> Ellen L. Skelton Building, 2nd floor, Fishers Lane
> Road Town VG1110
> British Virgin Islands

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

  Please see the attached requests for the production of documents.

        The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  **05/15/2023**

                         CLERK OF COURT

                                                                    OR

         _____
         *Signature of Clerk or Deputy Clerk*

                                                      _____
                                                              *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors  who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


I declare under penalty of perjury that this information is true and correct.

Date: _____


_____
*Server's signature*


_____
*Printed name and title*


_____
*Server's address*


Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page )

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

***Ex Parte Order*, Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Official Committee of Unsecured Creditors to Issues *Subpoenas Duce Tecum* Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdiction over the Application; and the Application being a core proceeding; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appearing therefor, it is

    **ORDERED**, that the Application is granted; and it is further

    **ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be, and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

    **ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of this Order and any Subpoenas issued to them or make an appropriate motion for a protective order or to quash any Subpoenas; and it is further

    **ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the production or inspection of documents or things on less than fourteen (14) days' notice; and it is further

    **ORDERED**, that the terms and conditions of this Order are immediately effective and enforceable upon its entry; and it is further

    **ORDERED**, that this Order is without prejudice to the rights of the Committee to apply for further discovery from any party or other entity or person; and it is further

    **ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order, including adjudicating any discovery disputes that may arise between or among the parties.

**IT IS SO ORDERED.**

Dated:  May 11, 2023
      New York, New York

_____
**/s/ Martin Glenn**
MARTIN GLENN
Chief United States Bankruptcy Judge

# Attachment # 2

## *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
       fgay@selendygay.com
       tagangawilliams@selendygay.com
       cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[22] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS TO CLIFTON BAY INVESTMENTS LTD

Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "Local District Rules"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[22] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*,

Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al.

(the "Committee"), by and through its undersigned counsel, hereby requests that Clifton Bay

Investments Ltd produce documents in response to the requests below within 14 days of service to

the Committee's attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Americas, New

York, NY 10104.

### DOCUMENT REQUESTS DEFINITIONS

1.     The singular form of a word includes the plural, and vice versa.

2.     Any tense of a verb includes all tenses.

3.     Any natural person includes that person's agents, assigns, attorneys, employees,

representatives, and successors.

4.     Any entity other than a natural person includes (a) that entity's present and former

agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, em-

ployees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors;

(b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or

owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf

of (a) or (b).

5.     "All," "any," and "each" mean any and all.

6.     "And" and "or" are construed both conjunctively and disjunctively.

7.     "Associated with" includes, but is not limited to, "affiliated with," "corresponding

to," "owned by," "controlled by," and "operated by."

8.     "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain iden-

tified as CEL.

2

9.      "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10.     "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.     "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12.     "FTX User Account" means a user account registered with the FTX Exchange.

13.     "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14.     "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15.     "Including" means including but not limited to.

16.     "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17.     "FTX Address" means a blockchain address associated with an FTX User Account.

3

18.     "Identified FTX Addresses" means the following FTX Addresses, and, for the avoidance of doubt, each is an "Identified FTX Address":

a.      0xd84c82dcfb21572b68339f14453bfe39fdc81f74

b.      0x2be52c6e141a314778b5ea702e8a9dc87b42d126

c.      0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

d.      0x44f73a35b995c7a55864209468925bf450cf0a00

e.      0x1785904b28ad668b4778618f749db6b4a04472ed

f.      0xd7cf4d9176519142bf64111d713d3f85cdff1b67

g.      0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

h.      0xb4e872704625ea0f69f95c856ad49aff44da2ba4

i.      0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

j.      0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19.     "You" and "Your" means and refers to any or all the FTX Debtors.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions and for purposes of these Requests, the following Instructions shall be followed:

1.     These Requests seek production of material in Your possession, custody, or control.

2.     These Requests seek production of nonprivileged material.

3.     For each Request, either state that You will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons.

4.     If You object to all or part of a Request, state whether You are withholding any responsive material based on that objection.

5.     If You object to part of a Request, specify the part and state that You will produce documents responsive to the rest.

4

6.      If You withhold responsive information by claiming that the information is privi-
leged or subject to protection as trial-preparation material, expressly make the claim and describe
the nature of the information privileged or protected in a manner that, without revealing infor-
mation itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document
You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memoran-
dum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author,
addresses, and any other recipients of the Document; (e) where not apparent, the relationships of
the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.      If after responding to any Request You learn that Your response is in some material
respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including
May 1, 2019 through the present.

## REQUESTS

20.      Documents sufficient to identify the FTX User Account(s) associated with each
Identified FTX Address.

21.      Documents sufficient to identify the entity or individual associated with each FTX
User Account identified in response to Request No. 1, including all Know Your Customer Infor-
mation for each such entity or individual.

22.      Documents sufficient to identify all FTX User Account(s) associated with any en-
tity or individual identified in response to Request No. 2, other than FTX User Accounts identified
in response to Request No. 1.

5

23.     Documents sufficient to identify all FTX Address(es) associated with each FTX User Account identified in response to Request No. 1 and Request No. 3, other than the Identified FTX Addresses.

24.     Documents sufficient to show when each FTX User Account identified in response to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.     Documents sufficient to show a complete transaction history for each FTX User Account identified in response to Request No. 1 and Request No. 3.

26.     Documents sufficient to show all short positions with respect to the CEL Token on an FTX Exchange from April 1, 2022 to August 30, 2022.

27.     Documents sufficient to identify the FTX Address(es) associated with each short position identified in response to Request No. 7.

28.     Documents sufficient to identify the FTX User Account(s) associated with each FTX Address identified in response to Request No. 8.

29.     Documents sufficient to identify the entity or individual associated with each FTX User Account relating to Request No. 8, including all Know Your Customer Information for each such entity or individual.

30.     Documents sufficient to show all borrow or loan transactions associated with the positions identified in response to Request No. 7.

Dated:    May 15, 2023                    */s/ Jennifer M. Selendy*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, New York 10104
Tel.: 212-390-9000
jselendy@selendygay.com
fgay@selendygay.com
tagangawilliams@selendygay.com
cobrien@selendygay.com

*Co-Counsel to the Official Committee of
Unsecured Creditors*

# Subpoena Package 23

# Cottonwood Grove Ltd

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 1)

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re CELSIUS NETWORK LLC, et al.,                    Case No. 22-10964 (MG)
                        Debtor

                                                      Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Cottonwood Grove Ltd
2 Pacific Place,  Unit 3532-36  88 Queensway
Hong Kong Hong Kong

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|-------|---------------|
|       |               |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

  Please see the attached requests for the production of documents.

       The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  **05/15/2023**

                 CLERK OF COURT

                                                    OR

       _____
       *Signature of Clerk or Deputy Clerk*

                                            _____
                                                *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors  who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date:  _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page )

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

   *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

   *(2) Command to Produce Materials or Permit Inspection.*
      (A)*Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
      (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

   *(3) Quashing or Modifying a Subpoena.*
      (A)*When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
      (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
      (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

   *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
      (A)*Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
      (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
      (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
      (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

   *(2) Claiming Privilege or Protection.*
      (A)*Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
      (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

***Ex Parte Order*, Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Official Committee of Unsecured Creditors to Issues *Subpoenas Duce Tecum* Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdiction over the Application; and the Application being a core proceeding; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appearing therefor, it is

    **ORDERED**, that the Application is granted; and it is further

    **ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be, and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

    **ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of this Order and any Subpoenas issued to them or make an appropriate motion for a protective order or to quash any Subpoenas; and it is further

    **ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the production or inspection of documents or things on less than fourteen (14) days' notice; and it is further

    **ORDERED**, that the terms and conditions of this Order are immediately effective and enforceable upon its entry; and it is further

    **ORDERED**, that this Order is without prejudice to the rights of the Committee to apply for further discovery from any party or other entity or person; and it is further

    **ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order, including adjudicating any discovery disputes that may arise between or among the parties.

**IT IS SO ORDERED.**

Dated:  May 11, 2023
      New York, New York

                                    **/s/ Martin Glenn**
                                    MARTIN GLENN
                       Chief United States Bankruptcy Judge

# Attachment # 2

# *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
        fgay@selendygay.com
        tagangawilliams@selendygay.com
        cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[23] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS
TO COTTONWOOD GROVE LTD**

Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "Local District Rules"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[23] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal
tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius
Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network
Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8
USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius
Network LLC's principal place of business and the Debtors' service address in these chapter 11
cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*,
Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al.
(the "Committee"), by and through its undersigned counsel, hereby requests that Cottonwood
Grove Ltd produce documents in response to the requests below within 14 days of service to the
Committee's attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Americas, New York,
NY 10104.

## DOCUMENT REQUESTS DEFINITIONS

1.      The singular form of a word includes the plural, and vice versa.

2.      Any tense of a verb includes all tenses.

3.      Any natural person includes that person's agents, assigns, attorneys, employees,
representatives, and successors.

4.      Any entity other than a natural person includes (a) that entity's present and former
agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, em-
ployees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors;
(b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or
owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf
of (a) or (b).

5.      "All," "any," and "each" mean any and all.

6.      "And" and "or" are construed both conjunctively and disjunctively.

7.      "Associated with" includes, but is not limited to, "affiliated with," "corresponding
to," "owned by," "controlled by," and "operated by."

8.      "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain iden-
tified as CEL.

2

9.      "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10.     "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.     "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12.     "FTX User Account" means a user account registered with the FTX Exchange.

13.     "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14.     "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15.     "Including" means including but not limited to.

16.     "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17.     "FTX Address" means a blockchain address associated with an FTX User Account.

3

18.    "Identified FTX Addresses" means the following FTX Addresses, and, for the avoidance of doubt, each is an "Identified FTX Address":

    a.      0xd84c82dcfb21572b68339f14453bfe39fdc81f74

    b.      0x2be52c6e141a314778b5ea702e8a9dc87b42d126

    c.      0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

    d.      0x44f73a35b995c7a55864209468925bf450cf0a00

    e.      0x1785904b28ad668b4778618f749db6b4a04472ed

    f.      0xd7cf4d9176519142bf64111d713d3f85cdff1b67

    g.      0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

    h.      0xb4e872704625ea0f69f95c856ad49aff44da2ba4

    i.      0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

    j.      0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19.    "You" and "Your" means and refers to any or all the FTX Debtors.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions and for purposes of these Requests, the following Instructions shall be followed:

1.    These Requests seek production of material in Your possession, custody, or control.

2.    These Requests seek production of nonprivileged material.

3.    For each Request, either state that You will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons.

4.    If You object to all or part of a Request, state whether You are withholding any responsive material based on that objection.

5.    If You object to part of a Request, specify the part and state that You will produce documents responsive to the rest.

4

6.      If You withhold responsive information by claiming that the information is privileged or subject to protection as trial-preparation material, expressly make the claim and describe the nature of the information privileged or protected in a manner that, without revealing information itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memorandum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author, addresses, and any other recipients of the Document; (e) where not apparent, the relationships of the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.      If after responding to any Request You learn that Your response is in some material respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including May 1, 2019 through the present.

## REQUESTS

20.     Documents sufficient to identify the FTX User Account(s) associated with each Identified FTX Address.

21.     Documents sufficient to identify the entity or individual associated with each FTX User Account identified in response to Request No. 1, including all Know Your Customer Information for each such entity or individual.

22.     Documents sufficient to identify all FTX User Account(s) associated with any entity or individual identified in response to Request No. 2, other than FTX User Accounts identified in response to Request No. 1.

23.    Documents sufficient to identify all FTX Address(es) associated with each FTX User Account identified in response to Request No. 1 and Request No. 3, other than the Identified FTX Addresses.

24.    Documents sufficient to show when each FTX User Account identified in response to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.    Documents sufficient to show a complete transaction history for each FTX User Account identified in response to Request No. 1 and Request No. 3.

26.    Documents sufficient to show all short positions with respect to the CEL Token on an FTX Exchange from April 1, 2022 to August 30, 2022.

27.    Documents sufficient to identify the FTX Address(es) associated with each short position identified in response to Request No. 7.

28.    Documents sufficient to identify the FTX User Account(s) associated with each FTX Address identified in response to Request No. 8.

29.    Documents sufficient to identify the entity or individual associated with each FTX User Account relating to Request No. 8, including all Know Your Customer Information for each such entity or individual.

30.    Documents sufficient to show all borrow or loan transactions associated with the positions identified in response to Request No. 7.

6

Dated:    May 15, 2023

*/s/ Jennifer M. Selendy*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, New York 10104
Tel.: 212-390-9000
jselendy@selendygay.com
fgay@selendygay.com
tagangawilliams@selendygay.com
cobrien@selendygay.com

*Co-Counsel to the Official Committee of*
*Unsecured Creditors*

# Subpoena Package 24

# Cottonwood Technologies Ltd

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 1)

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re CELSIUS NETWORK LLC, et al.,
               Debtor

Case No. 22-10964 (MG)

Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Cottonwood Technologies Ltd
Lower Factory Road
St. John's AG-04
Antigua and Barbuda

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| | |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

  Please see the attached requests for the production of documents.

      The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **05/15/2023**

              CLERK OF COURT

                                OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors  who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

   My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

        I declare under penalty of perjury that this information is true and correct.

Date: _____

                                                              _____
                                                                          *Server's signature*

                                                              _____
                                                                          *Printed name and title*

                                                              _____
                                                                          *Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page )

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or transacts business in person, if the person
        (i) is a party or a party's officer; or
        (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
    (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
    (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        (i) fails to allow a reasonable time to comply;
        (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
        (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        (i) disclosing a trade secret or other confidential research, development, or commercial information; or

        (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
    (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        (i) expressly make the claim; and
        (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

***Ex Parte Order*, Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Official Committee of Unsecured Creditors to Issues *Subpoenas Duce Tecum* Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

## *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdiction over the Application; and the Application being a core proceeding; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Limited (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appearing therefor, it is

    **ORDERED**, that the Application is granted; and it is further

    **ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be, and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

    **ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of this Order and any Subpoenas issued to them or make an appropriate motion for a protective order or to quash any Subpoenas; and it is further

    **ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the production or inspection of documents or things on less than fourteen (14) days' notice; and it is further

    **ORDERED**, that the terms and conditions of this Order are immediately effective and enforceable upon its entry; and it is further

    **ORDERED**, that this Order is without prejudice to the rights of the Committee to apply for further discovery from any party or other entity or person; and it is further

    **ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order, including adjudicating any discovery disputes that may arise between or among the parties.

**IT IS SO ORDERED.**

Dated:  May 11, 2023
      New York, New York

                                    **/s/ Martin Glenn**
                                      MARTIN GLENN
                      Chief United States Bankruptcy Judge

# Attachment # 2

# *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
        fgay@selendygay.com
        tagangawilliams@selendygay.com
        cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[24] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS TO COTTONWOOD TECHNOLOGIES LTD

Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "Local District Rules"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[24] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*,

Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al.

(the "Committee"), by and through its undersigned counsel, hereby requests that Cottonwood

Technologies Ltd produce documents in response to the requests below within 14 days of service

to the Committee's attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Americas, New

York, NY 10104.

## DOCUMENT REQUESTS DEFINITIONS

1.      The singular form of a word includes the plural, and vice versa.

2.      Any tense of a verb includes all tenses.

3.      Any natural person includes that person's agents, assigns, attorneys, employees,

representatives, and successors.

4.      Any entity other than a natural person includes (a) that entity's present and former

agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, em-

ployees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors;

(b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or

owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf

of (a) or (b).

5.      "All," "any," and "each" mean any and all.

6.      "And" and "or" are construed both conjunctively and disjunctively.

7.      "Associated with" includes, but is not limited to, "affiliated with," "corresponding

to," "owned by," "controlled by," and "operated by."

8.      "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain iden-

tified as CEL.

2

9.      "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10.      "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.      "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12.      "FTX User Account" means a user account registered with the FTX Exchange.

13.      "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14.      "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15.      "Including" means including but not limited to.

16.      "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17.      "FTX Address" means a blockchain address associated with an FTX User Account.

3

18.     "Identified FTX Addresses" means the following FTX Addresses, and, for the avoidance of doubt, each is an "Identified FTX Address":

    a.       0xd84c82dcfb21572b68339f14453bfe39fdc81f74

    b.       0x2be52c6e141a314778b5ea702e8a9dc87b42d126

    c.       0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

    d.       0x44f73a35b995c7a55864209468925bf450cf0a00

    e.       0x1785904b28ad668b4778618f749db6b4a04472ed

    f.       0xd7cf4d9176519142bf64111d713d3f85cdff1b67

    g.       0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

    h.       0xb4e872704625ea0f69f95c856ad49aff44da2ba4

    i.       0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

    j.       0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19.     "You" and "Your" means and refers to any or all the FTX Debtors.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions and for purposes of these Requests, the following Instructions shall be followed:

1.      These Requests seek production of material in Your possession, custody, or control.

2.      These Requests seek production of nonprivileged material.

3.      For each Request, either state that You will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons.

4.      If You object to all or part of a Request, state whether You are withholding any responsive material based on that objection.

5.      If You object to part of a Request, specify the part and state that You will produce documents responsive to the rest.

4

6.      If You withhold responsive information by claiming that the information is privileged or subject to protection as trial-preparation material, expressly make the claim and describe the nature of the information privileged or protected in a manner that, without revealing information itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memorandum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author, addresses, and any other recipients of the Document; (e) where not apparent, the relationships of the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.      If after responding to any Request You learn that Your response is in some material respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including May 1, 2019 through the present.

## REQUESTS

20.      Documents sufficient to identify the FTX User Account(s) associated with each Identified FTX Address.

21.      Documents sufficient to identify the entity or individual associated with each FTX User Account identified in response to Request No. 1, including all Know Your Customer Information for each such entity or individual.

22.      Documents sufficient to identify all FTX User Account(s) associated with any entity or individual identified in response to Request No. 2, other than FTX User Accounts identified in response to Request No. 1.

23.    Documents sufficient to identify all FTX Address(es) associated with each FTX User Account identified in response to Request No. 1 and Request No. 3, other than the Identified FTX Addresses.

24.    Documents sufficient to show when each FTX User Account identified in response to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.    Documents sufficient to show a complete transaction history for each FTX User Account identified in response to Request No. 1 and Request No. 3.

26.    Documents sufficient to show all short positions with respect to the CEL Token on an FTX Exchange from April 1, 2022 to August 30, 2022.

27.    Documents sufficient to identify the FTX Address(es) associated with each short position identified in response to Request No. 7.

28.    Documents sufficient to identify the FTX User Account(s) associated with each FTX Address identified in response to Request No. 8.

29.    Documents sufficient to identify the entity or individual associated with each FTX User Account relating to Request No. 8, including all Know Your Customer Information for each such entity or individual.

30.    Documents sufficient to show all borrow or loan transactions associated with the positions identified in response to Request No. 7.

Dated:    May 15, 2023

*/s/ Jennifer M. Selendy*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, New York 10104
Tel.: 212-390-9000
jselendy@selendygay.com
fgay@selendygay.com
tagangawilliams@selendygay.com
cobrien@selendygay.com

*Co-Counsel to the Official Committee of
Unsecured Creditors*

# Subpoena Package 25

# Crypto Bahamas LLC

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re CELSIUS NETWORK LLC, et al.,                    Case No. 22-10964 (MG)
               Debtor

                                         Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Crypto Bahamas LLC
    3500 South Dupont Highway
    Dover, DE 19901

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| | |
| | |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

Please see the attached requests for the production of documents.

      The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **05/15/2023**

           CLERK OF COURT

                                 OR

      _____
      *Signature of Clerk or Deputy Clerk*

                                  _____
                                  *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

      I declare under penalty of perjury that this information is true and correct.

Date: _____

                                                            _____
                                                                        *Server's signature*

                                                            _____
                                                                        *Printed name and title*

                                                            _____
                                                                        *Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page )

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

   (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

***Ex Parte Order*, Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Official Committee of Unsecured Creditors to Issues *Subpoenas Duce Tecum* Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdiction over the Application; and the Application being a core proceeding; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appearing therefor, it is

> **ORDERED**, that the Application is granted; and it is further

> **ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be, and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

> **ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of this Order and any Subpoenas issued to them or make an appropriate motion for a protective order or to quash any Subpoenas; and it is further

> **ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the production or inspection of documents or things on less than fourteen (14) days' notice; and it is further

> **ORDERED**, that the terms and conditions of this Order are immediately effective and enforceable upon its entry; and it is further

> **ORDERED**, that this Order is without prejudice to the rights of the Committee to apply for further discovery from any party or other entity or person; and it is further

> **ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order, including adjudicating any discovery disputes that may arise between or among the parties.

**IT IS SO ORDERED.**

Dated:  May 11, 2023
        New York, New York

                                    _____**/s/ Martin Glenn**_____
                                    MARTIN GLENN
                                    Chief United States Bankruptcy Judge

# Attachment # 2

# *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
      fgay@selendygay.com
      taganagawilliams@selendygay.com
      cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[25] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS TO CRYPTO BAHAMAS LLC

Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "Local District Rules"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[25] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*,
Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al.
(the "Committee"), by and through its undersigned counsel, hereby requests that Crypto Bahamas
LLC produce documents in response to the requests below within 14 days of service to the Com-
mittee's attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Americas, New York, NY
10104.

## DOCUMENT REQUESTS DEFINITIONS

1.    The singular form of a word includes the plural, and vice versa.

2.    Any tense of a verb includes all tenses.

3.    Any natural person includes that person's agents, assigns, attorneys, employees,
representatives, and successors.

4.    Any entity other than a natural person includes (a) that entity's present and former
agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, em-
ployees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors;
(b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or
owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf
of (a) or (b).

5.    "All," "any," and "each" mean any and all.

6.    "And" and "or" are construed both conjunctively and disjunctively.

7.    "Associated with" includes, but is not limited to, "affiliated with," "corresponding
to," "owned by," "controlled by," and "operated by."

8.    "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain iden-
tified as CEL.

2

9.      "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10.      "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.      "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12.      "FTX User Account" means a user account registered with the FTX Exchange.

13.      "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14.      "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15.      "Including" means including but not limited to.

16.      "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17.      "FTX Address" means a blockchain address associated with an FTX User Account.

3

18. "Identified FTX Addresses" means the following FTX Addresses, and, for the avoidance of doubt, each is an "Identified FTX Address":

    a.    0xd84c82dcfb21572b68339f14453bfe39fdc81f74

    b.    0x2be52c6e141a314778b5ea702e8a9dc87b42d126

    c.    0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

    d.    0x44f73a35b995c7a55864209468925bf450cf0a00

    e.    0x1785904b28ad668b4778618f749db6b4a04472ed

    f.    0xd7cf4d9176519142bf64111d713d3f85cdff1b67

    g.    0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

    h.    0xb4e872704625ea0f69f95c856ad49aff44da2ba4

    i.    0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

    j.    0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19. "You" and "Your" means and refers to any or all the FTX Debtors.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions and for purposes of these Requests, the following Instructions shall be followed:

1. These Requests seek production of material in Your possession, custody, or control.

2. These Requests seek production of nonprivileged material.

3. For each Request, either state that You will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons.

4. If You object to all or part of a Request, state whether You are withholding any responsive material based on that objection.

5. If You object to part of a Request, specify the part and state that You will produce documents responsive to the rest.

6.      If You withhold responsive information by claiming that the information is privileged or subject to protection as trial-preparation material, expressly make the claim and describe the nature of the information privileged or protected in a manner that, without revealing information itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memorandum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author, addresses, and any other recipients of the Document; (e) where not apparent, the relationships of the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.      If after responding to any Request You learn that Your response is in some material respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including May 1, 2019 through the present.

## REQUESTS

20.     Documents sufficient to identify the FTX User Account(s) associated with each Identified FTX Address.

21.     Documents sufficient to identify the entity or individual associated with each FTX User Account identified in response to Request No. 1, including all Know Your Customer Information for each such entity or individual.

22.     Documents sufficient to identify all FTX User Account(s) associated with any entity or individual identified in response to Request No. 2, other than FTX User Accounts identified in response to Request No. 1.

5

23.     Documents sufficient to identify all FTX Address(es) associated with each FTX
User Account identified in response to Request No. 1 and Request No. 3, other than the Identified
FTX Addresses.

24.     Documents sufficient to show when each FTX User Account identified in response
to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.     Documents sufficient to show a complete transaction history for each FTX User
Account identified in response to Request No. 1 and Request No. 3.

26.     Documents sufficient to show all short positions with respect to the CEL Token on
an FTX Exchange from April 1, 2022 to August 30, 2022.

27.     Documents sufficient to identify the FTX Address(es) associated with each short
position identified in response to Request No. 7.

28.     Documents sufficient to identify the FTX User Account(s) associated with each
FTX Address identified in response to Request No. 8.

29.     Documents sufficient to identify the entity or individual associated with each FTX
User Account relating to Request No. 8, including all Know Your Customer Information for each
such entity or individual.

30.     Documents sufficient to show all borrow or loan transactions associated with the
positions identified in response to Request No. 7.

Dated:    May 15, 2023

*/s/ Jennifer M. Selendy*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, New York 10104
Tel.: 212-390-9000
jselendy@selendygay.com
fgay@selendygay.com
tagangawilliams@selendygay.com
cobrien@selendygay.com

*Co-Counsel to the Official Committee of
Unsecured Creditors*

7

**Subpoena Package 26**

**DAAG Trading, DMCC**

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re CELSIUS NETWORK LLC, et al.,                    Case No. 22-10964 (MG)
                              Debtor

                                                      Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

        To: DAAG Trading, DMCC
        Unit 2617 DMCC Business Center Level No. 1, Jewelry & Gemplex 3

        Dubai
        United Arab Emirates

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

  Please see the attached requests for the production of documents.

        The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **05/15/2023**

            CLERK OF COURT

                                              OR

        _____
        *Signature of Clerk or Deputy Clerk*

                                    _____
                                    *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors  who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

**Notice to the person who issues or requests this subpoena**

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

  My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


     I declare under penalty of perjury that this information is true and correct.

Date: _____


                                                    _____
                                                                *Server's signature*

                                                    _____
                                                              *Printed name and title*


                                                    _____
                                                                *Server's address*


Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page )

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

   *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

   *(2) Command to Produce Materials or Permit Inspection.*
      (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
      (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
         (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
         (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

   *(3) Quashing or Modifying a Subpoena.*
      (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
         (i) fails to allow a reasonable time to comply;
         (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
         (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
         (iv) subjects a person to undue burden.
      (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
         (i) disclosing a trade secret or other confidential research, development, or commercial information; or

         (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
      (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
         (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
         (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

   *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
      (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
      (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
      (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
      (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

   *(2) Claiming Privilege or Protection.*
      (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
         (i) expressly make the claim; and
         (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
      (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

**_Ex Parte Order_, Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Official Committee of Unsecured Creditors to Issues _Subpoenas Duce Tecum_ Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdiction over the Application; and the Application being a core proceeding; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Limited (8554); Celsius Network Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appearing therefor, it is

**ORDERED**, that the Application is granted; and it is further

**ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be, and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

**ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of this Order and any Subpoenas issued to them or make an appropriate motion for a protective order or to quash any Subpoenas; and it is further

**ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the production or inspection of documents or things on less than fourteen (14) days' notice; and it is further

**ORDERED**, that the terms and conditions of this Order are immediately effective and enforceable upon its entry; and it is further

**ORDERED**, that this Order is without prejudice to the rights of the Committee to apply for further discovery from any party or other entity or person; and it is further

**ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order, including adjudicating any discovery disputes that may arise between or among the parties.

**IT IS SO ORDERED.**

Dated:  May 11, 2023
            New York, New York

_____/s/ Martin Glenn_____
MARTIN GLENN
Chief United States Bankruptcy Judge

# Attachment # 2

# *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
      fgay@selendygay.com
      tagangawilliams@selendygay.com
      cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[26] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS TO DAAG TRADING, DMCC

      Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "Local District Rules"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[26] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*,

Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al.

(the "Committee"), by and through its undersigned counsel, hereby requests that DAAG Trading,

DMCC produce documents in response to the requests below within 14 days of service to the

Committee's attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Americas, New York,

NY 10104.

## DOCUMENT REQUESTS DEFINITIONS

1.      The singular form of a word includes the plural, and vice versa.

2.      Any tense of a verb includes all tenses.

3.      Any natural person includes that person's agents, assigns, attorneys, employees,

representatives, and successors.

4.      Any entity other than a natural person includes (a) that entity's present and former

agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, em-

ployees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors;

(b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or

owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf

of (a) or (b).

5.      "All," "any," and "each" mean any and all.

6.      "And" and "or" are construed both conjunctively and disjunctively.

7.      "Associated with" includes, but is not limited to, "affiliated with," "corresponding

to," "owned by," "controlled by," and "operated by."

8.      "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain iden-

tified as CEL.

2

9.      "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10.     "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.     "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12.     "FTX User Account" means a user account registered with the FTX Exchange.

13.     "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14.     "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15.     "Including" means including but not limited to.

16.     "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17.     "FTX Address" means a blockchain address associated with an FTX User Account.

3

18.    "Identified FTX Addresses" means the following FTX Addresses, and, for the avoidance of doubt, each is an "Identified FTX Address":

    a.      0xd84c82dcfb21572b68339f14453bfe39fdc81f74

    b.      0x2be52c6e141a314778b5ea702e8a9dc87b42d126

    c.      0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

    d.      0x44f73a35b995c7a55864209468925bf450cf0a00

    e.      0x1785904b28ad668b4778618f749db6b4a04472ed

    f.      0xd7cf4d9176519142bf64111d713d3f85cdff1b67

    g.      0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

    h.      0xb4e872704625ea0f69f95c856ad49aff44da2ba4

    i.      0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

    j.      0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19.    "You" and "Your" means and refers to any or all the FTX Debtors.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions and for purposes of these Requests, the following Instructions shall be followed:

1.    These Requests seek production of material in Your possession, custody, or control.

2.    These Requests seek production of nonprivileged material.

3.    For each Request, either state that You will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons.

4.    If You object to all or part of a Request, state whether You are withholding any responsive material based on that objection.

5.    If You object to part of a Request, specify the part and state that You will produce documents responsive to the rest.

4

6.      If You withhold responsive information by claiming that the information is privileged or subject to protection as trial-preparation material, expressly make the claim and describe the nature of the information privileged or protected in a manner that, without revealing information itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memorandum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author, addresses, and any other recipients of the Document; (e) where not apparent, the relationships of the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.      If after responding to any Request You learn that Your response is in some material respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including May 1, 2019 through the present.

## REQUESTS

20.      Documents sufficient to identify the FTX User Account(s) associated with each Identified FTX Address.

21.      Documents sufficient to identify the entity or individual associated with each FTX User Account identified in response to Request No. 1, including all Know Your Customer Information for each such entity or individual.

22.      Documents sufficient to identify all FTX User Account(s) associated with any entity or individual identified in response to Request No. 2, other than FTX User Accounts identified in response to Request No. 1.

5

23.     Documents sufficient to identify all FTX Address(es) associated with each FTX User Account identified in response to Request No. 1 and Request No. 3, other than the Identified FTX Addresses.

24.     Documents sufficient to show when each FTX User Account identified in response to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.     Documents sufficient to show a complete transaction history for each FTX User Account identified in response to Request No. 1 and Request No. 3.

26.     Documents sufficient to show all short positions with respect to the CEL Token on an FTX Exchange from April 1, 2022 to August 30, 2022.

27.     Documents sufficient to identify the FTX Address(es) associated with each short position identified in response to Request No. 7.

28.     Documents sufficient to identify the FTX User Account(s) associated with each FTX Address identified in response to Request No. 8.

29.     Documents sufficient to identify the entity or individual associated with each FTX User Account relating to Request No. 8, including all Know Your Customer Information for each such entity or individual.

30.     Documents sufficient to show all borrow or loan transactions associated with the positions identified in response to Request No. 7.

6

Dated:    May 15, 2023

*/s/ Jennifer M. Selendy*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, New York 10104
Tel.: 212-390-9000
jselendy@selendygay.com
fgay@selendygay.com
tagangawilliams@selendygay.com
cobrien@selendygay.com

*Co-Counsel to the Official Committee of*
*Unsecured Creditors*

# Subpoena Package 27

# Deck Technologies Holdings LLC

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 1)

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re CELSIUS NETWORK LLC, et al.,
        Debtor

Case No. 22-10964 (MG)

Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Deck Technologies Holdings LLC
3500 South Dupont Highway
Dover, DE 19901

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

  Please see the attached requests for the production of documents.

     The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  **05/15/2023**

           CLERK OF COURT

                                   OR

_____
 *Signature of Clerk or Deputy Clerk*

_____
                             *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors  who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

    I declare under penalty of perjury that this information is true and correct.

Date: _____

                                                    _____
                                                                    *Server's signature*

                                                    _____
                                                                    *Printed name and title*

                                                    _____
                                                                    *Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page )

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or transacts business in person, if the person
     (i) is a party or a party's officer; or
     (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     (i) fails to allow a reasonable time to comply;
     (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
     (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     (i) disclosing a trade secret or other confidential research, development, or commercial information; or

     (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     (i) expressly make the claim; and
     (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

***Ex Parte Order*, Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Official Committee of Unsecured Creditors to Issues *Subpoenas Duce Tecum* Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

*EX PARTE* **ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS
DUCES TECUM* UPON THE FTX DEBTORS**

Upon the ex-parte application (the "Application") the Official Committee of Unsecured

Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter

11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the

"Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New

York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collec-

tively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdic-

tion over the Application; and the Application being a core proceeding; and venue of this pro-

ceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court

having found that the relief requested in the Application is in the best interest of the Debtors' es-

tates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification
number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius
Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC
(3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893).
The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these
chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in
the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which
can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appearing therefor, it is

**ORDERED**, that the Application is granted; and it is further

**ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be, and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

**ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of this Order and any Subpoenas issued to them or make an appropriate motion for a protective order or to quash any Subpoenas; and it is further

**ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the production or inspection of documents or things on less than fourteen (14) days' notice; and it is further

**ORDERED**, that the terms and conditions of this Order are immediately effective and enforceable upon its entry; and it is further

**ORDERED**, that this Order is without prejudice to the rights of the Committee to apply for further discovery from any party or other entity or person; and it is further

**ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order, including adjudicating any discovery disputes that may arise between or among the parties.

**IT IS SO ORDERED.**

Dated:  May 11, 2023
New York, New York

**/s/ Martin Glenn**
MARTIN GLENN
Chief United States Bankruptcy Judge

2

# Attachment # 2

# *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
         fgay@selendygay.com
         taganagawilliams@selendygay.com
         cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[27] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS
TO DECK TECHNOLOGIES HOLDINGS LLC**

Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "Local District Rules"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[27] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*,
Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al.
(the "Committee"), by and through its undersigned counsel, hereby requests that Deck
Technologies Holdings LLC produce documents in response to the requests below within 14 days
of service to the Committee's attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Amer-
icas, New York, NY 10104.

## DOCUMENT REQUESTS DEFINITIONS

1.      The singular form of a word includes the plural, and vice versa.

2.      Any tense of a verb includes all tenses.

3.      Any natural person includes that person's agents, assigns, attorneys, employees,
representatives, and successors.

4.      Any entity other than a natural person includes (a) that entity's present and former
agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, em-
ployees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors;
(b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or
owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf
of (a) or (b).

5.      "All," "any," and "each" mean any and all.

6.      "And" and "or" are construed both conjunctively and disjunctively.

7.      "Associated with" includes, but is not limited to, "affiliated with," "corresponding
to," "owned by," "controlled by," and "operated by."

8.      "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain iden-
tified as CEL.

2

9.     "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10.     "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.     "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12.     "FTX User Account" means a user account registered with the FTX Exchange.

13.     "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14.     "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15.     "Including" means including but not limited to.

16.     "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17.     "FTX Address" means a blockchain address associated with an FTX User Account.

3

18.    "Identified FTX Addresses" means the following FTX Addresses, and, for the avoidance of doubt, each is an "Identified FTX Address":

   a.    0xd84c82dcfb21572b68339f14453bfe39fdc81f74

   b.    0x2be52c6e141a314778b5ea702e8a9dc87b42d126

   c.    0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

   d.    0x44f73a35b995c7a55864209468925bf450cf0a00

   e.    0x1785904b28ad668b4778618f749db6b4a04472ed

   f.    0xd7cf4d9176519142bf64111d713d3f85cdff1b67

   g.    0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

   h.    0xb4e872704625ea0f69f95c856ad49aff44da2ba4

   i.    0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

   j.    0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19.    "You" and "Your" means and refers to any or all the FTX Debtors.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions and for purposes of these Requests, the following Instructions shall be followed:

1.    These Requests seek production of material in Your possession, custody, or control.

2.    These Requests seek production of nonprivileged material.

3.    For each Request, either state that You will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons.

4.    If You object to all or part of a Request, state whether You are withholding any responsive material based on that objection.

5.    If You object to part of a Request, specify the part and state that You will produce documents responsive to the rest.

4

6.      If You withhold responsive information by claiming that the information is privi-
leged or subject to protection as trial-preparation material, expressly make the claim and describe
the nature of the information privileged or protected in a manner that, without revealing infor-
mation itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document
You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memoran-
dum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author,
addresses, and any other recipients of the Document; (e) where not apparent, the relationships of
the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.      If after responding to any Request You learn that Your response is in some material
respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including
May 1, 2019 through the present.

## REQUESTS

20.      Documents sufficient to identify the FTX User Account(s) associated with each
Identified FTX Address.

21.      Documents sufficient to identify the entity or individual associated with each FTX
User Account identified in response to Request No. 1, including all Know Your Customer Infor-
mation for each such entity or individual.

22.      Documents sufficient to identify all FTX User Account(s) associated with any en-
tity or individual identified in response to Request No. 2, other than FTX User Accounts identified
in response to Request No. 1.

23.     Documents sufficient to identify all FTX Address(es) associated with each FTX User Account identified in response to Request No. 1 and Request No. 3, other than the Identified FTX Addresses.

24.     Documents sufficient to show when each FTX User Account identified in response to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.     Documents sufficient to show a complete transaction history for each FTX User Account identified in response to Request No. 1 and Request No. 3.

26.     Documents sufficient to show all short positions with respect to the CEL Token on an FTX Exchange from April 1, 2022 to August 30, 2022.

27.     Documents sufficient to identify the FTX Address(es) associated with each short position identified in response to Request No. 7.

28.     Documents sufficient to identify the FTX User Account(s) associated with each FTX Address identified in response to Request No. 8.

29.     Documents sufficient to identify the entity or individual associated with each FTX User Account relating to Request No. 8, including all Know Your Customer Information for each such entity or individual.

30.     Documents sufficient to show all borrow or loan transactions associated with the positions identified in response to Request No. 7.

6

Dated:   May 15, 2023                    */s/ Jennifer M. Selendy*
                                         **SELENDY GAY ELSBERG PLLC**
                                         Jennifer M. Selendy
                                         Faith E. Gay
                                         Temidayo Aganga-Williams
                                         Claire O'Brien
                                         1290 Avenue of the Americas
                                         New York, New York 10104
                                         Tel.: 212-390-9000
                                         jselendy@selendygay.com
                                         fgay@selendygay.com
                                         tagangawilliams@selendygay.com
                                         cobrien@selendygay.com

                                         *Co-Counsel to the Official Committee of*
                                         *Unsecured Creditors*

7

# Subpoena Package 28

# Deck Technologies Inc.

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 1)

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re CELSIUS NETWORK LLC, et al.,
              Debtor

Case No. 22-10964 (MG)

Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Deck Technologies Inc.
    3500 South Dupont Highway
    Dover, DE 19901

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

  Please see the attached requests for the production of documents.

      The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **05/15/2023**

              CLERK OF COURT

                                     OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors  who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page )

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

*Ex Parte Order*, Pursuant to Fed. R. Bankr.
P. 2004, Authorizing the Official Committee
of Unsecured Creditors to Issues *Subpoenas
Duce Tecum* Upon the FTX Debtors").

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdiction over the Application; and the Application being a core proceeding; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appearing therefor, it is

**ORDERED**, that the Application is granted; and it is further

**ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be, and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

**ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of this Order and any Subpoenas issued to them or make an appropriate motion for a protective order or to quash any Subpoenas; and it is further

**ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the production or inspection of documents or things on less than fourteen (14) days' notice; and it is further

**ORDERED**, that the terms and conditions of this Order are immediately effective and enforceable upon its entry; and it is further

**ORDERED**, that this Order is without prejudice to the rights of the Committee to apply for further discovery from any party or other entity or person; and it is further

**ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order, including adjudicating any discovery disputes that may arise between or among the parties.

**IT IS SO ORDERED.**

Dated:  May 11, 2023
     New York, New York

_____
**/s/ Martin Glenn**
MARTIN GLENN
Chief United States Bankruptcy Judge

# Attachment # 2

# *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
          fgay@selendygay.com
          tagangawilliams@selendygay.com
          cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[28] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

## OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS TO DECK TECHNOLOGIES INC.

Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "Local District Rules"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[28] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*,
Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al.
(the "Committee"), by and through its undersigned counsel, hereby requests that Deck
Technologies Inc. produce documents in response to the requests below within 14 days of service
to the Committee's attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Americas, New
York, NY 10104.

## DOCUMENT REQUESTS DEFINITIONS

1.    The singular form of a word includes the plural, and vice versa.

2.    Any tense of a verb includes all tenses.

3.    Any natural person includes that person's agents, assigns, attorneys, employees,
representatives, and successors.

4.    Any entity other than a natural person includes (a) that entity's present and former
agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, em-
ployees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors;
(b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or
owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf
of (a) or (b).

5.    "All," "any," and "each" mean any and all.

6.    "And" and "or" are construed both conjunctively and disjunctively.

7.    "Associated with" includes, but is not limited to, "affiliated with," "corresponding
to," "owned by," "controlled by," and "operated by."

8.    "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain iden-
tified as CEL.

2

9.      "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10.     "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.     "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12.     "FTX User Account" means a user account registered with the FTX Exchange.

13.     "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14.     "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15.     "Including" means including but not limited to.

16.     "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17.     "FTX Address" means a blockchain address associated with an FTX User Account.

3

18.    "Identified FTX Addresses" means the following FTX Addresses, and, for the avoidance of doubt, each is an "Identified FTX Address":

a.    0xd84c82dcfb21572b68339f14453bfe39fdc81f74

b.    0x2be52c6e141a314778b5ea702e8a9dc87b42d126

c.    0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

d.    0x44f73a35b995c7a55864209468925bf450cf0a00

e.    0x1785904b28ad668b4778618f749db6b4a04472ed

f.    0xd7cf4d9176519142bf64111d713d3f85cdff1b67

g.    0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

h.    0xb4e872704625ea0f69f95c856ad49aff44da2ba4

i.    0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

j.    0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19.    "You" and "Your" means and refers to any or all the FTX Debtors.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions and for purposes of these Requests, the following Instructions shall be followed:

1.    These Requests seek production of material in Your possession, custody, or control.

2.    These Requests seek production of nonprivileged material.

3.    For each Request, either state that You will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons.

4.    If You object to all or part of a Request, state whether You are withholding any responsive material based on that objection.

5.    If You object to part of a Request, specify the part and state that You will produce documents responsive to the rest.

4

6.      If You withhold responsive information by claiming that the information is privi-
leged or subject to protection as trial-preparation material, expressly make the claim and describe
the nature of the information privileged or protected in a manner that, without revealing infor-
mation itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document
You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memoran-
dum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author,
addresses, and any other recipients of the Document; (e) where not apparent, the relationships of
the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.      If after responding to any Request You learn that Your response is in some material
respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including
May 1, 2019 through the present.

## REQUESTS

20.      Documents sufficient to identify the FTX User Account(s) associated with each
Identified FTX Address.

21.      Documents sufficient to identify the entity or individual associated with each FTX
User Account identified in response to Request No. 1, including all Know Your Customer Infor-
mation for each such entity or individual.

22.      Documents sufficient to identify all FTX User Account(s) associated with any en-
tity or individual identified in response to Request No. 2, other than FTX User Accounts identified
in response to Request No. 1.

23.    Documents sufficient to identify all FTX Address(es) associated with each FTX User Account identified in response to Request No. 1 and Request No. 3, other than the Identified FTX Addresses.

24.    Documents sufficient to show when each FTX User Account identified in response to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.    Documents sufficient to show a complete transaction history for each FTX User Account identified in response to Request No. 1 and Request No. 3.

26.    Documents sufficient to show all short positions with respect to the CEL Token on an FTX Exchange from April 1, 2022 to August 30, 2022.

27.    Documents sufficient to identify the FTX Address(es) associated with each short position identified in response to Request No. 7.

28.    Documents sufficient to identify the FTX User Account(s) associated with each FTX Address identified in response to Request No. 8.

29.    Documents sufficient to identify the entity or individual associated with each FTX User Account relating to Request No. 8, including all Know Your Customer Information for each such entity or individual.

30.    Documents sufficient to show all borrow or loan transactions associated with the positions identified in response to Request No. 7.

Dated:   May 15, 2023

*/s/ Jennifer M. Selendy*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, New York 10104
Tel.: 212-390-9000
jselendy@selendygay.com
fgay@selendygay.com
tagangawilliams@selendygay.com
cobrien@selendygay.com

*Co-Counsel to the Official Committee of
Unsecured Creditors*

# Subpoena Package 29

# Deep Creek Ltd

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 1)

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re CELSIUS NETWORK LLC, et al.,

Debtor

Case No. 22-10964 (MG)

Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Deep Creek Ltd
Unit 3B, Bryson's Commercial Complex, Friars Hill Road
St. John's AG-04
Antigua and Barbuda

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|-------|---------------|
|       |               |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

 Please see the attached requests for the production of documents.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  **05/15/2023**

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors  who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page )

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

***Ex Parte Order*, Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Official Committee of Unsecured Creditors to Issues *Subpoenas Duce Tecum* Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

## *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdiction over the Application; and the Application being a core proceeding; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appearing therefor, it is

     **ORDERED**, that the Application is granted; and it is further

     **ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be, and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

     **ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of this Order and any Subpoenas issued to them or make an appropriate motion for a protective order or to quash any Subpoenas; and it is further

     **ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the production or inspection of documents or things on less than fourteen (14) days' notice; and it is further

     **ORDERED**, that the terms and conditions of this Order are immediately effective and enforceable upon its entry; and it is further

     **ORDERED**, that this Order is without prejudice to the rights of the Committee to apply for further discovery from any party or other entity or person; and it is further

     **ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order, including adjudicating any discovery disputes that may arise between or among the parties.

**IT IS SO ORDERED.**

Dated: May 11, 2023
    New York, New York

                              **/s/ Martin Glenn**
                                MARTIN GLENN
                 Chief United States Bankruptcy Judge

# Attachment # 2

# *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
        fgay@selendygay.com
        tagangawilliams@selendygay.com
        cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[29] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS
TO DEEP CREEK LTD**

Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "Local District Rules"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[29] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal
tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius
Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network
Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8
USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius
Network LLC's principal place of business and the Debtors' service address in these chapter 11
cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*,

Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al.

(the "Committee"), by and through its undersigned counsel, hereby requests that Deep Creek Ltd

produce documents in response to the requests below within 14 days of service to the Committee's

attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Americas, New York, NY 10104.

## DOCUMENT REQUESTS DEFINITIONS

1.      The singular form of a word includes the plural, and vice versa.

2.      Any tense of a verb includes all tenses.

3.      Any natural person includes that person's agents, assigns, attorneys, employees,

representatives, and successors.

4.      Any entity other than a natural person includes (a) that entity's present and former

agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, em-

ployees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors;

(b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or

owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf

of (a) or (b).

5.      "All," "any," and "each" mean any and all.

6.      "And" and "or" are construed both conjunctively and disjunctively.

7.      "Associated with" includes, but is not limited to, "affiliated with," "corresponding

to," "owned by," "controlled by," and "operated by."

8.      "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain iden-

tified as CEL.

2

9.      "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10.      "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.      "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12.      "FTX User Account" means a user account registered with the FTX Exchange.

13.      "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14.      "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15.      "Including" means including but not limited to.

16.      "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17.      "FTX Address" means a blockchain address associated with an FTX User Account.

3

18.     "Identified FTX Addresses" means the following FTX Addresses, and, for the avoidance of doubt, each is an "Identified FTX Address":

a.      0xd84c82dcfb21572b68339f14453bfe39fdc81f74

b.      0x2be52c6e141a314778b5ea702e8a9dc87b42d126

c.      0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

d.      0x44f73a35b995c7a55864209468925bf450cf0a00

e.      0x1785904b28ad668b4778618f749db6b4a04472ed

f.      0xd7cf4d9176519142bf64111d713d3f85cdff1b67

g.      0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

h.      0xb4e872704625ea0f69f95c856ad49aff44da2ba4

i.      0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

j.      0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19.     "You" and "Your" means and refers to any or all the FTX Debtors.

## <u>INSTRUCTIONS</u>

The preceding Definitions apply to each of these Instructions and for purposes of these Requests, the following Instructions shall be followed:

1.      These Requests seek production of material in Your possession, custody, or control.

2.      These Requests seek production of nonprivileged material.

3.      For each Request, either state that You will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons.

4.      If You object to all or part of a Request, state whether You are withholding any responsive material based on that objection.

5.      If You object to part of a Request, specify the part and state that You will produce documents responsive to the rest.

4

6.      If You withhold responsive information by claiming that the information is privileged or subject to protection as trial-preparation material, expressly make the claim and describe the nature of the information privileged or protected in a manner that, without revealing information itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memorandum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author, addresses, and any other recipients of the Document; (e) where not apparent, the relationships of the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.      If after responding to any Request You learn that Your response is in some material respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including May 1, 2019 through the present.

## REQUESTS

20.      Documents sufficient to identify the FTX User Account(s) associated with each Identified FTX Address.

21.      Documents sufficient to identify the entity or individual associated with each FTX User Account identified in response to Request No. 1, including all Know Your Customer Information for each such entity or individual.

22.      Documents sufficient to identify all FTX User Account(s) associated with any entity or individual identified in response to Request No. 2, other than FTX User Accounts identified in response to Request No. 1.

5

23.     Documents sufficient to identify all FTX Address(es) associated with each FTX User Account identified in response to Request No. 1 and Request No. 3, other than the Identified FTX Addresses.

24.     Documents sufficient to show when each FTX User Account identified in response to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.     Documents sufficient to show a complete transaction history for each FTX User Account identified in response to Request No. 1 and Request No. 3.

26.     Documents sufficient to show all short positions with respect to the CEL Token on an FTX Exchange from April 1, 2022 to August 30, 2022.

27.     Documents sufficient to identify the FTX Address(es) associated with each short position identified in response to Request No. 7.

28.     Documents sufficient to identify the FTX User Account(s) associated with each FTX Address identified in response to Request No. 8.

29.     Documents sufficient to identify the entity or individual associated with each FTX User Account relating to Request No. 8, including all Know Your Customer Information for each such entity or individual.

30.     Documents sufficient to show all borrow or loan transactions associated with the positions identified in response to Request No. 7.

6

Dated:   May 15, 2023

*/s/ Jennifer M. Selendy*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, New York 10104
Tel.: 212-390-9000
jselendy@selendygay.com
fgay@selendygay.com
tagangawilliams@selendygay.com
cobrien@selendygay.com

*Co-Counsel to the Official Committee of
Unsecured Creditors*

7

# Subpoena Package 30

# Digital Custody Inc.

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 1)

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re CELSIUS NETWORK LLC, et al.,
         Debtor

Case No. 22-10964 (MG)

Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Digital Custody Inc.
122 S Phillips Ave, Suite
250 Sioux Falls, SD 57104

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|-------|---------------|
|       |               |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

Please see the attached requests for the production of documents.

      The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  **05/15/2023**

               CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors  who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*


Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page )

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
    (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
    (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
    (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
    (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

***Ex Parte Order*, Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Official Committee of Unsecured Creditors to Issues *Subpoenas Duce Tecum* Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdiction over the Application; and the Application being a core proceeding; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Limited (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appearing therefor, it is

**ORDERED**, that the Application is granted; and it is further

**ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be, and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

**ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of this Order and any Subpoenas issued to them or make an appropriate motion for a protective order or to quash any Subpoenas; and it is further

**ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the production or inspection of documents or things on less than fourteen (14) days' notice; and it is further

**ORDERED**, that the terms and conditions of this Order are immediately effective and enforceable upon its entry; and it is further

**ORDERED**, that this Order is without prejudice to the rights of the Committee to apply for further discovery from any party or other entity or person; and it is further

**ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order, including adjudicating any discovery disputes that may arise between or among the parties.

**IT IS SO ORDERED.**

Dated:  May 11, 2023
     New York, New York

                                      **/s/ Martin Glenn**
                                     MARTIN GLENN
                 Chief United States Bankruptcy Judge

# Attachment # 2

# *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
        fgay@selendygay.com
        tagangawilliams@selendygay.com
        cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[30] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS TO DIGITAL CUSTODY INC.

Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "Local District Rules"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[30] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*, Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al. (the "Committee"), by and through its undersigned counsel, hereby requests that Digital Custody Inc. produce documents in response to the requests below within 14 days of service to the Committee's attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Americas, New York, NY 10104.

## DOCUMENT REQUESTS DEFINITIONS

1.     The singular form of a word includes the plural, and vice versa.

2.     Any tense of a verb includes all tenses.

3.     Any natural person includes that person's agents, assigns, attorneys, employees, representatives, and successors.

4.     Any entity other than a natural person includes (a) that entity's present and former agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, employees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors; (b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf of (a) or (b).

5.     "All," "any," and "each" mean any and all.

6.     "And" and "or" are construed both conjunctively and disjunctively.

7.     "Associated with" includes, but is not limited to, "affiliated with," "corresponding to," "owned by," "controlled by," and "operated by."

8.     "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain identified as CEL.

2

9.      "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10.      "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.      "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12.      "FTX User Account" means a user account registered with the FTX Exchange.

13.      "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14.      "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15.      "Including" means including but not limited to.

16.      "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17.      "FTX Address" means a blockchain address associated with an FTX User Account.

3

18.     "Identified FTX Addresses" means the following FTX Addresses, and, for the avoidance of doubt, each is an "Identified FTX Address":

      a.     0xd84c82dcfb21572b68339f14453bfe39fdc81f74

      b.     0x2be52c6e141a314778b5ea702e8a9dc87b42d126

      c.     0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

      d.     0x44f73a35b995c7a55864209468925bf450cf0a00

      e.     0x1785904b28ad668b4778618f749db6b4a04472ed

      f.     0xd7cf4d9176519142bf64111d713d3f85cdff1b67

      g.     0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

      h.     0xb4e872704625ea0f69f95c856ad49aff44da2ba4

      i.     0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

      j.     0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19.     "You" and "Your" means and refers to any or all the FTX Debtors.

## **INSTRUCTIONS**

The preceding Definitions apply to each of these Instructions and for purposes of these Requests, the following Instructions shall be followed:

1.     These Requests seek production of material in Your possession, custody, or control.

2.     These Requests seek production of nonprivileged material.

3.     For each Request, either state that You will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons.

4.     If You object to all or part of a Request, state whether You are withholding any responsive material based on that objection.

5.     If You object to part of a Request, specify the part and state that You will produce documents responsive to the rest.

4

6.     If You withhold responsive information by claiming that the information is privi-
leged or subject to protection as trial-preparation material, expressly make the claim and describe
the nature of the information privileged or protected in a manner that, without revealing infor-
mation itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document
You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memoran-
dum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author,
addresses, and any other recipients of the Document; (e) where not apparent, the relationships of
the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.     If after responding to any Request You learn that Your response is in some material
respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including
May 1, 2019 through the present.

## REQUESTS

20.     Documents sufficient to identify the FTX User Account(s) associated with each
Identified FTX Address.

21.     Documents sufficient to identify the entity or individual associated with each FTX
User Account identified in response to Request No. 1, including all Know Your Customer Infor-
mation for each such entity or individual.

22.     Documents sufficient to identify all FTX User Account(s) associated with any en-
tity or individual identified in response to Request No. 2, other than FTX User Accounts identified
in response to Request No. 1.

5

23.     Documents sufficient to identify all FTX Address(es) associated with each FTX User Account identified in response to Request No. 1 and Request No. 3, other than the Identified FTX Addresses.

24.     Documents sufficient to show when each FTX User Account identified in response to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.     Documents sufficient to show a complete transaction history for each FTX User Account identified in response to Request No. 1 and Request No. 3.

26.     Documents sufficient to show all short positions with respect to the CEL Token on an FTX Exchange from April 1, 2022 to August 30, 2022.

27.     Documents sufficient to identify the FTX Address(es) associated with each short position identified in response to Request No. 7.

28.     Documents sufficient to identify the FTX User Account(s) associated with each FTX Address identified in response to Request No. 8.

29.     Documents sufficient to identify the entity or individual associated with each FTX User Account relating to Request No. 8, including all Know Your Customer Information for each such entity or individual.

30.     Documents sufficient to show all borrow or loan transactions associated with the positions identified in response to Request No. 7.

6

Dated:   May 15, 2023

*/s/ Jennifer M. Selendy*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, New York 10104
Tel.: 212-390-9000
jselendy@selendygay.com
fgay@selendygay.com
tagangawilliams@selendygay.com
cobrien@selendygay.com

*Co-Counsel to the Official Committee of
Unsecured Creditors*

# Subpoena Package 31

# Euclid Way Ltd

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re CELSIUS NETWORK LLC, et al.,                    Case No. 22-10964 (MG)
                              Debtor

                                                      Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

> To: Euclid Way Ltd
> Lower Factory Road
> St. John's AG-04
> Antigua and Barbuda

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

 Please see the attached requests for the production of documents.

        The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  **05/15/2023**

                    CLERK OF COURT                              OR

        _____
        *Signature of Clerk or Deputy Clerk*

                                              _____
                                                    *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors  who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a
person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or
regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or
transacts business in person, if the person
     (i) is a party or a party's officer; or
     (ii) is commanded to attend a trial and would not incur substantial
expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or
things at a place within 100 miles of where the person resides, is employed,
or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or
attorney responsible for issuing and serving a subpoena must take
reasonable steps to avoid imposing undue burden or expense on a person
subject to the subpoena. The court for the district where compliance is
required must enforce this duty and impose an appropriate sanction —
which may include lost earnings and reasonable attorney's fees — on a
party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce
documents, electronically stored information, or tangible things, or to
permit the inspection of premises, need not appear in person at the place of
production or inspection unless also commanded to appear for a deposition,
hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible
things or to permit inspection may serve on the party or attorney designated
in the subpoena a written objection to inspecting, copying, testing or
sampling any or all of the materials or to inspecting the premises — or to
producing electronically stored information in the form or forms requested.
The objection must be served before the earlier of the time specified for
compliance or 14 days after the subpoena is served. If an objection is made,
the following rules apply:
     (i) At any time, on notice to the commanded person, the serving party
may move the court for the district where compliance is required for an
order compelling production or inspection.
     (ii) These acts may be required only as directed in the order, and the
order must protect a person who is neither a party nor a party's officer from
significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where
compliance is required must quash or modify a subpoena that:
     (i) fails to allow a reasonable time to comply;
     (ii) requires a person to comply beyond the geographical limits
specified in Rule 45(c);
     (iii) requires disclosure of privileged or other protected matter, if no
exception or waiver applies; or
     (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a
subpoena, the court for the district where compliance is required may, on
motion, quash or modify the subpoena if it requires:
     (i) disclosing a trade secret or other confidential research,
development, or commercial information; or

     (ii) disclosing an unretained expert's opinion or information that does
not describe specific occurrences in dispute and results from the expert's
study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances
described in Rule 45(d)(3)(B), the court may, instead of quashing or
modifying a subpoena, order appearance or production under specified
conditions if the serving party:
     (i) shows a substantial need for the testimony or material that cannot
be otherwise met without undue hardship; and
     (ii) ensures that the subpoenaed person will be reasonably
compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These
procedures apply to producing documents or electronically stored
information:
   (A) *Documents.* A person responding to a subpoena to produce
documents must produce them as they are kept in the ordinary course of
business or must organize and label them to correspond to the categories in
the demand.
   (B) *Form for Producing Electronically Stored Information Not
Specified.* If a subpoena does not specify a form for producing
electronically stored information, the person responding must produce it in
a form or forms in which it is ordinarily maintained or in a reasonably
usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The
person responding need not produce the same electronically stored
information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person
responding need not provide discovery of electronically stored information
from sources that the person identifies as not reasonably accessible because
of undue burden or cost. On motion to compel discovery or for a protective
order, the person responding must show that the information is not
reasonably accessible because of undue burden or cost. If that showing is
made, the court may nonetheless order discovery from such sources if the
requesting party shows good cause, considering the limitations of Rule
26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed
information under a claim that it is privileged or subject to protection as
trial-preparation material must:
     (i) expressly make the claim; and
     (ii) describe the nature of the withheld documents, communications,
or tangible things in a manner that, without revealing information itself
privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a
subpoena is subject to a claim of privilege or of protection as trial-
preparation material, the person making the claim may notify any party that
received the information of the claim and the basis for it. After being
notified, a party must promptly return, sequester, or destroy the specified
information and any copies it has; must not use or disclose the information
until the claim is resolved; must take reasonable steps to retrieve the
information if the party disclosed it before being notified; and may
promptly present the information under seal to the court for the district
where compliance is required for a determination of the claim. The person
who produced the information must preserve the information until the claim
is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and
also, after a motion is transferred, the issuing court – may hold in contempt
a person who, having been served, fails without adequate excuse to obey
the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

***Ex Parte Order*, Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Official Committee of Unsecured Creditors to Issues *Subpoenas Duce Tecum* Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

CELSIUS NETWORK LLC, *et al.*,[1]

Debtors.

Chapter 11

Case No. 22-10964 (MG)

(Jointly Administered)

## *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdiction over the Application; and the Application being a core proceeding; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Limited (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appearing therefor, it is

> **ORDERED**, that the Application is granted; and it is further

> **ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be, and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

> **ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of this Order and any Subpoenas issued to them or make an appropriate motion for a protective order or to quash any Subpoenas; and it is further

> **ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the production or inspection of documents or things on less than fourteen (14) days' notice; and it is further

> **ORDERED**, that the terms and conditions of this Order are immediately effective and enforceable upon its entry; and it is further

> **ORDERED**, that this Order is without prejudice to the rights of the Committee to apply for further discovery from any party or other entity or person; and it is further

> **ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order, including adjudicating any discovery disputes that may arise between or among the parties.

**IT IS SO ORDERED.**

Dated:  May 11, 2023
   New York, New York

          **/s/ Martin Glenn**
           MARTIN GLENN
       Chief United States Bankruptcy Judge

# Attachment # 2

# *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
        fgay@selendygay.com
        tagangawilliams@selendygay.com
        cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[31] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS
TO EUCLID WAY LTD**

Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "Local District Rules"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[31] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*,

Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al.

(the "Committee"), by and through its undersigned counsel, hereby requests that Euclid Way Ltd

produce documents in response to the requests below within 14 days of service to the Committee's

attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Americas, New York, NY 10104.

## DOCUMENT REQUESTS DEFINITIONS

1.    The singular form of a word includes the plural, and vice versa.

2.    Any tense of a verb includes all tenses.

3.    Any natural person includes that person's agents, assigns, attorneys, employees,

representatives, and successors.

4.    Any entity other than a natural person includes (a) that entity's present and former

agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, em-

ployees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors;

(b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or

owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf

of (a) or (b).

5.    "All," "any," and "each" mean any and all.

6.    "And" and "or" are construed both conjunctively and disjunctively.

7.    "Associated with" includes, but is not limited to, "affiliated with," "corresponding

to," "owned by," "controlled by," and "operated by."

8.    "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain iden-

tified as CEL.

9.    "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10.    "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.    "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12.    "FTX User Account" means a user account registered with the FTX Exchange.

13.    "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14.    "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15.    "Including" means including but not limited to.

16.    "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17.    "FTX Address" means a blockchain address associated with an FTX User Account.

3

18.    "Identified FTX Addresses" means the following FTX Addresses, and, for the avoidance of doubt, each is an "Identified FTX Address":

    a.    0xd84c82dcfb21572b68339f14453bfe39fdc81f74

    b.    0x2be52c6e141a314778b5ea702e8a9dc87b42d126

    c.    0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

    d.    0x44f73a35b995c7a55864209468925bf450cf0a00

    e.    0x1785904b28ad668b4778618f749db6b4a04472ed

    f.    0xd7cf4d9176519142bf64111d713d3f85cdff1b67

    g.    0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

    h.    0xb4e872704625ea0f69f95c856ad49aff44da2ba4

    i.    0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

    j.    0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19.    "You" and "Your" means and refers to any or all the FTX Debtors.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions and for purposes of these Requests, the following Instructions shall be followed:

1.    These Requests seek production of material in Your possession, custody, or control.

2.    These Requests seek production of nonprivileged material.

3.    For each Request, either state that You will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons.

4.    If You object to all or part of a Request, state whether You are withholding any responsive material based on that objection.

5.    If You object to part of a Request, specify the part and state that You will produce documents responsive to the rest.

4

6.    If You withhold responsive information by claiming that the information is privileged or subject to protection as trial-preparation material, expressly make the claim and describe the nature of the information privileged or protected in a manner that, without revealing information itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memorandum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author, addresses, and any other recipients of the Document; (e) where not apparent, the relationships of the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.    If after responding to any Request You learn that Your response is in some material respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including May 1, 2019 through the present.

## REQUESTS

20.    Documents sufficient to identify the FTX User Account(s) associated with each Identified FTX Address.

21.    Documents sufficient to identify the entity or individual associated with each FTX User Account identified in response to Request No. 1, including all Know Your Customer Information for each such entity or individual.

22.    Documents sufficient to identify all FTX User Account(s) associated with any entity or individual identified in response to Request No. 2, other than FTX User Accounts identified in response to Request No. 1.

23.    Documents sufficient to identify all FTX Address(es) associated with each FTX User Account identified in response to Request No. 1 and Request No. 3, other than the Identified FTX Addresses.

24.    Documents sufficient to show when each FTX User Account identified in response to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.    Documents sufficient to show a complete transaction history for each FTX User Account identified in response to Request No. 1 and Request No. 3.

26.    Documents sufficient to show all short positions with respect to the CEL Token on an FTX Exchange from April 1, 2022 to August 30, 2022.

27.    Documents sufficient to identify the FTX Address(es) associated with each short position identified in response to Request No. 7.

28.    Documents sufficient to identify the FTX User Account(s) associated with each FTX Address identified in response to Request No. 8.

29.    Documents sufficient to identify the entity or individual associated with each FTX User Account relating to Request No. 8, including all Know Your Customer Information for each such entity or individual.

30.    Documents sufficient to show all borrow or loan transactions associated with the positions identified in response to Request No. 7.

Dated:   May 15, 2023

*/s/ Jennifer M. Selendy*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, New York 10104
Tel.: 212-390-9000
jselendy@selendygay.com
fgay@selendygay.com
tagangawilliams@selendygay.com
cobrien@selendygay.com

*Co-Counsel to the Official Committee of
Unsecured Creditors*

# Subpoena Package 32

# FTX (Gibraltar) Ltd

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 1)

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re CELSIUS NETWORK LLC, et al.,                    Case No. 22-10964 (MG)
　　　　　　　　　Debtor

　　　　　　　　　　　　　　　　　　　　　　　　Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

　　　　To: FTX (Gibraltar) Ltd
　　　　Madison Building, Midtown, Queensway
　　　　Gibraltar GX11 1AA
　　　　Gibraltar

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| | |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

　Please see the attached requests for the production of documents.

　　　　The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **05/15/2023**

　　　　　　　　CLERK OF COURT
　　　　　　　　　　　　　　　　　　　OR

　　　　　_____
　　　　　*Signature of Clerk or Deputy Clerk*

　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page )

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

***Ex Parte Order*, Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Official Committee of Unsecured Creditors to Issues *Subpoenas Duce Tecum* Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdiction over the Application; and the Application being a core proceeding; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appearing therefor, it is

 **ORDERED**, that the Application is granted; and it is further

 **ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be, and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

 **ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of this Order and any Subpoenas issued to them or make an appropriate motion for a protective order or to quash any Subpoenas; and it is further

 **ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the production or inspection of documents or things on less than fourteen (14) days' notice; and it is further

 **ORDERED**, that the terms and conditions of this Order are immediately effective and enforceable upon its entry; and it is further

 **ORDERED**, that this Order is without prejudice to the rights of the Committee to apply for further discovery from any party or other entity or person; and it is further

 **ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order, including adjudicating any discovery disputes that may arise between or among the parties.

**IT IS SO ORDERED.**

Dated: May 11, 2023
   New York, New York

**/s/ Martin Glenn**
MARTIN GLENN
Chief United States Bankruptcy Judge

# Attachment # 2

# *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
         fgay@selendygay.com
         taganagawilliams@selendygay.com
         cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[32] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS TO FTX (GIBRALTAR) LTD

Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "Local District Rules"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[32] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*,
Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al.
(the "Committee"), by and through its undersigned counsel, hereby requests that FTX (Gibraltar)
Ltd produce documents in response to the requests below within 14 days of service to the Com-
mittee's attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Americas, New York, NY
10104.

## DOCUMENT REQUESTS DEFINITIONS

1.      The singular form of a word includes the plural, and vice versa.

2.      Any tense of a verb includes all tenses.

3.      Any natural person includes that person's agents, assigns, attorneys, employees,
representatives, and successors.

4.      Any entity other than a natural person includes (a) that entity's present and former
agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, em-
ployees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors;
(b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or
owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf
of (a) or (b).

5.      "All," "any," and "each" mean any and all.

6.      "And" and "or" are construed both conjunctively and disjunctively.

7.      "Associated with" includes, but is not limited to, "affiliated with," "corresponding
to," "owned by," "controlled by," and "operated by."

8.      "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain iden-
tified as CEL.

2

9.      "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10.     "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.     "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12.     "FTX User Account" means a user account registered with the FTX Exchange.

13.     "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14.     "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15.     "Including" means including but not limited to.

16.     "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17.     "FTX Address" means a blockchain address associated with an FTX User Account.

3

18.    "Identified FTX Addresses" means the following FTX Addresses, and, for the

avoidance of doubt, each is an "Identified FTX Address":

    a.    0xd84c82dcfb21572b68339f14453bfe39fdc81f74

    b.    0x2be52c6e141a314778b5ea702e8a9dc87b42d126

    c.    0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

    d.    0x44f73a35b995c7a55864209468925bf450cf0a00

    e.    0x1785904b28ad668b4778618f749db6b4a04472ed

    f.    0xd7cf4d9176519142bf64111d713d3f85cdff1b67

    g.    0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

    h.    0xb4e872704625ea0f69f95c856ad49aff44da2ba4

    i.    0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

    j.    0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19.    "You" and "Your" means and refers to any or all the FTX Debtors.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions and for purposes of these

Requests, the following Instructions shall be followed:

1.    These Requests seek production of material in Your possession, custody, or control.

2.    These Requests seek production of nonprivileged material.

3.    For each Request, either state that You will produce the requested material or state

with specificity the grounds for objecting to the Request, including the reasons.

4.    If You object to all or part of a Request, state whether You are withholding any

responsive material based on that objection.

5.    If You object to part of a Request, specify the part and state that You will produce

documents responsive to the rest.

4

6.      If You withhold responsive information by claiming that the information is privi-
leged or subject to protection as trial-preparation material, expressly make the claim and describe
the nature of the information privileged or protected in a manner that, without revealing infor-
mation itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document
You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memoran-
dum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author,
addresses, and any other recipients of the Document; (e) where not apparent, the relationships of
the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.      If after responding to any Request You learn that Your response is in some material
respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including
May 1, 2019 through the present.

## REQUESTS

20.      Documents sufficient to identify the FTX User Account(s) associated with each
Identified FTX Address.

21.      Documents sufficient to identify the entity or individual associated with each FTX
User Account identified in response to Request No. 1, including all Know Your Customer Infor-
mation for each such entity or individual.

22.      Documents sufficient to identify all FTX User Account(s) associated with any en-
tity or individual identified in response to Request No. 2, other than FTX User Accounts identified
in response to Request No. 1.

23.    Documents sufficient to identify all FTX Address(es) associated with each FTX User Account identified in response to Request No. 1 and Request No. 3, other than the Identified FTX Addresses.

24.    Documents sufficient to show when each FTX User Account identified in response to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.    Documents sufficient to show a complete transaction history for each FTX User Account identified in response to Request No. 1 and Request No. 3.

26.    Documents sufficient to show all short positions with respect to the CEL Token on an FTX Exchange from April 1, 2022 to August 30, 2022.

27.    Documents sufficient to identify the FTX Address(es) associated with each short position identified in response to Request No. 7.

28.    Documents sufficient to identify the FTX User Account(s) associated with each FTX Address identified in response to Request No. 8.

29.    Documents sufficient to identify the entity or individual associated with each FTX User Account relating to Request No. 8, including all Know Your Customer Information for each such entity or individual.

30.    Documents sufficient to show all borrow or loan transactions associated with the positions identified in response to Request No. 7.

Dated:   May 15, 2023

*/s/ Jennifer M. Selendy*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, New York 10104
Tel.: 212-390-9000
jselendy@selendygay.com
fgay@selendygay.com
tagangawilliams@selendygay.com
cobrien@selendygay.com

*Co-Counsel to the Official Committee of
Unsecured Creditors*

7

# Subpoena Package 33

# FTX Canada Inc

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re CELSIUS NETWORK LLC, et al.,                    Case No. 22-10964 (MG)
                                    Debtor

                                        Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: FTX Canada Inc.
421 7th Avenue SW Suite 4000
Calgary AB
T2P4k9 Canada

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

  Please see the attached requests for the production of documents.

        The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

            CLERK OF COURT

                        OR

        _____        _____
        *Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors  who issues or requests this subpoena, are:

Temidayo Aganga-Williams, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104
Tel: 212-390-9000 Email: tagangawilliams@selendygay.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

***Ex Parte Order*, Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Official Committee of Unsecured Creditors to Issues *Subpoenas Duce Tecum* Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdiction over the Application; and the Application being a core proceeding; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appearing therefor, it is

      **ORDERED**, that the Application is granted; and it is further

      **ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be, and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

      **ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of this Order and any Subpoenas issued to them or make an appropriate motion for a protective order or to quash any Subpoenas; and it is further

      **ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the production or inspection of documents or things on less than fourteen (14) days' notice; and it is further

      **ORDERED**, that the terms and conditions of this Order are immediately effective and enforceable upon its entry; and it is further

      **ORDERED**, that this Order is without prejudice to the rights of the Committee to apply for further discovery from any party or other entity or person; and it is further

      **ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order, including adjudicating any discovery disputes that may arise between or among the parties.

**IT IS SO ORDERED.**

Dated:  May 11, 2023
       New York, New York

                                        **_/s/ Martin Glenn_**
                                        MARTIN GLENN
                         Chief United States Bankruptcy Judge

# Attachment # 2

## *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY 10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
       fgay@selendygay.com
       tagangawilliams@selendygay.com
       cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[33] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS
TO FTX CANADA INC**

Pursuant to Federal Rules of Bankruptcy Procedure ("<u>Bankruptcy Rule</u>") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "<u>Local District Rules</u>"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "<u>Local Bankruptcy</u>

<u>Rules</u>"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[33] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*,

Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al.

(the "Committee"), by and through its undersigned counsel, hereby requests that FTX Canada Inc

produce documents in response to the requests below within 14 days of service to the Committee's

attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Americas, New York, NY 10104.

## DOCUMENT REQUESTS DEFINITIONS

1.  The singular form of a word includes the plural, and vice versa.

2.  Any tense of a verb includes all tenses.

3.  Any natural person includes that person's agents, assigns, attorneys, employees, representatives, and successors.

4.  Any entity other than a natural person includes (a) that entity's present and former agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, employees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors; (b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf of (a) or (b).

5.  "All," "any," and "each" mean any and all.

6.  "And" and "or" are construed both conjunctively and disjunctively.

7.  "Associated with" includes, but is not limited to, "affiliated with," "corresponding to," "owned by," "controlled by," and "operated by."

8.  "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain identified as CEL.

2

9.      "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10.      "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.      "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12.      "FTX User Account" means a user account registered with the FTX Exchange.

13.      "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14.      "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15.      "Including" means including but not limited to.

16.      "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17.      "FTX Address" means a blockchain address associated with an FTX User Account.

3

18.     "Identified FTX Addresses" means the following FTX Addresses, and, for the avoidance of doubt, each is an "Identified FTX Address":

a.      0xd84c82dcfb21572b68339f14453bfe39fdc81f74

b.      0x2be52c6e141a314778b5ea702e8a9dc87b42d126

c.      0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

d.      0x44f73a35b995c7a55864209468925bf450cf0a00

e.      0x1785904b28ad668b4778618f749db6b4a04472ed

f.      0xd7cf4d9176519142bf64111d713d3f85cdff1b67

g.      0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

h.      0xb4e872704625ea0f69f95c856ad49aff44da2ba4

i.      0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

j.      0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19.     "You" and "Your" means and refers to any or all the FTX Debtors.

## **INSTRUCTIONS**

The preceding Definitions apply to each of these Instructions and for purposes of these Requests, the following Instructions shall be followed:

1.      These Requests seek production of material in Your possession, custody, or control.

2.      These Requests seek production of nonprivileged material.

3.      For each Request, either state that You will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons.

4.      If You object to all or part of a Request, state whether You are withholding any responsive material based on that objection.

5.      If You object to part of a Request, specify the part and state that You will produce documents responsive to the rest.

4

6.      If You withhold responsive information by claiming that the information is privi-

leged or subject to protection as trial-preparation material, expressly make the claim and describe

the nature of the information privileged or protected in a manner that, without revealing infor-

mation itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document

You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memoran-

dum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author,

addresses, and any other recipients of the Document; (e) where not apparent, the relationships of

the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.      If after responding to any Request You learn that Your response is in some material

respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including

May 1, 2019 through the present.

## REQUESTS

20.      Documents sufficient to identify the FTX User Account(s) associated with each

Identified FTX Address.

21.      Documents sufficient to identify the entity or individual associated with each FTX

User Account identified in response to Request No. 1, including all Know Your Customer Infor-

mation for each such entity or individual.

22.      Documents sufficient to identify all FTX User Account(s) associated with any en-

tity or individual identified in response to Request No. 2, other than FTX User Accounts identified

in response to Request No. 1.

23.     Documents sufficient to identify all FTX Address(es) associated with each FTX User Account identified in response to Request No. 1 and Request No. 3, other than the Identified FTX Addresses.

24.     Documents sufficient to show when each FTX User Account identified in response to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.     Documents sufficient to show a complete transaction history for each FTX User Account identified in response to Request No. 1 and Request No. 3.

26.     Documents sufficient to show all short positions with respect to the CEL Token on an FTX Exchange from April 1, 2022 to August 30, 2022.

27.     Documents sufficient to identify the FTX Address(es) associated with each short position identified in response to Request No. 7.

28.     Documents sufficient to identify the FTX User Account(s) associated with each FTX Address identified in response to Request No. 8.

29.     Documents sufficient to identify the entity or individual associated with each FTX User Account relating to Request No. 8, including all Know Your Customer Information for each such entity or individual.

30.     Documents sufficient to show all borrow or loan transactions associated with the positions identified in response to Request No. 7.

Dated:   May 15, 2023            */s/ Jennifer M. Selendy*
_____

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, New York 10104
Tel.: 212-390-9000
jselendy@selendygay.com
fgay@selendygay.com
tagangawilliams@selendygay.com
cobrien@selendygay.com

*Co-Counsel to the Official Committee of
Unsecured Creditors*

7

# Subpoena Package 34

# FTX Certificates GmbH

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 1)

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re CELSIUS NETWORK LLC, et al.,        Case No. 22-10964 (MG)
           Debtor

      Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: FTX Certificates GmbH
Churerstrasse 135
8808 Pfäffikon
Switzerland

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

  Please see the attached requests for the production of documents.

      The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **05/15/2023**

         CLERK OF COURT

                             OR

        _____
        *Signature of Clerk or Deputy Clerk*

                            _____
                            *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors  who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


       I declare under penalty of perjury that this information is true and correct.

Date: _____


_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*


Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or transacts business in person, if the person
     (i) is a party or a party's officer; or
     (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     (i) fails to allow a reasonable time to comply;
     (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
     (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     (i) disclosing a trade secret or other confidential research, development, or commercial information; or

     (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     (i) expressly make the claim; and
     (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

***Ex Parte Order*, Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Official Committee of Unsecured Creditors to Issues *Subpoenas Duce Tecum* Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdiction over the Application; and the Application being a core proceeding; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Limited (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appearing therefor, it is

**ORDERED**, that the Application is granted; and it is further

**ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be, and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

**ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of this Order and any Subpoenas issued to them or make an appropriate motion for a protective order or to quash any Subpoenas; and it is further

**ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the production or inspection of documents or things on less than fourteen (14) days' notice; and it is further

**ORDERED**, that the terms and conditions of this Order are immediately effective and enforceable upon its entry; and it is further

**ORDERED**, that this Order is without prejudice to the rights of the Committee to apply for further discovery from any party or other entity or person; and it is further

**ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order, including adjudicating any discovery disputes that may arise between or among the parties.

**IT IS SO ORDERED.**

Dated:  May 11, 2023
     New York, New York

_____
**/s/ Martin Glenn**
MARTIN GLENN
Chief United States Bankruptcy Judge

# Attachment # 2

# *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
        fgay@selendygay.com
        taganagwilliams@selendygay.com
        cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[34] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS
TO FTX CERTIFICATES GMBH**

Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "Local District Rules"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[34] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*,
Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al.
(the "Committee"), by and through its undersigned counsel, hereby requests that FTX Certificates
GmbH produce documents in response to the requests below within 14 days of service to the Com-
mittee's attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Americas, New York, NY
10104.

## DOCUMENT REQUESTS DEFINITIONS

1.    The singular form of a word includes the plural, and vice versa.

2.    Any tense of a verb includes all tenses.

3.    Any natural person includes that person's agents, assigns, attorneys, employees,
representatives, and successors.

4.    Any entity other than a natural person includes (a) that entity's present and former
agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, em-
ployees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors;
(b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or
owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf
of (a) or (b).

5.    "All," "any," and "each" mean any and all.

6.    "And" and "or" are construed both conjunctively and disjunctively.

7.    "Associated with" includes, but is not limited to, "affiliated with," "corresponding
to," "owned by," "controlled by," and "operated by."

8.    "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain iden-
tified as CEL.

2

9.      "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10.      "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.      "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12.      "FTX User Account" means a user account registered with the FTX Exchange.

13.      "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14.      "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15.      "Including" means including but not limited to.

16.      "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17.      "FTX Address" means a blockchain address associated with an FTX User Account.

3

18.    "Identified FTX Addresses" means the following FTX Addresses, and, for the avoidance of doubt, each is an "Identified FTX Address":

    a.    0xd84c82dcfb21572b68339f14453bfe39fdc81f74

    b.    0x2be52c6e141a314778b5ea702e8a9dc87b42d126

    c.    0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

    d.    0x44f73a35b995c7a55864209468925bf450cf0a00

    e.    0x1785904b28ad668b4778618f749db6b4a04472ed

    f.    0xd7cf4d9176519142bf64111d713d3f85cdff1b67

    g.    0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

    h.    0xb4e872704625ea0f69f95c856ad49aff44da2ba4

    i.    0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

    j.    0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19.    "You" and "Your" means and refers to any or all the FTX Debtors.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions and for purposes of these Requests, the following Instructions shall be followed:

1.    These Requests seek production of material in Your possession, custody, or control.

2.    These Requests seek production of nonprivileged material.

3.    For each Request, either state that You will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons.

4.    If You object to all or part of a Request, state whether You are withholding any responsive material based on that objection.

5.    If You object to part of a Request, specify the part and state that You will produce documents responsive to the rest.

4

6.      If You withhold responsive information by claiming that the information is privi-leged or subject to protection as trial-preparation material, expressly make the claim and describe the nature of the information privileged or protected in a manner that, without revealing infor-mation itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memoran-dum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author, addresses, and any other recipients of the Document; (e) where not apparent, the relationships of the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.      If after responding to any Request You learn that Your response is in some material respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## **RELEVANT TIME PERIOD**

Unless otherwise specified, these Requests cover the time period from and including May 1, 2019 through the present.

## **REQUESTS**

20.      Documents sufficient to identify the FTX User Account(s) associated with each Identified FTX Address.

21.      Documents sufficient to identify the entity or individual associated with each FTX User Account identified in response to Request No. 1, including all Know Your Customer Infor-mation for each such entity or individual.

22.      Documents sufficient to identify all FTX User Account(s) associated with any en-tity or individual identified in response to Request No. 2, other than FTX User Accounts identified in response to Request No. 1.

5

23.     Documents sufficient to identify all FTX Address(es) associated with each FTX User Account identified in response to Request No. 1 and Request No. 3, other than the Identified FTX Addresses.

24.     Documents sufficient to show when each FTX User Account identified in response to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.     Documents sufficient to show a complete transaction history for each FTX User Account identified in response to Request No. 1 and Request No. 3.

26.     Documents sufficient to show all short positions with respect to the CEL Token on an FTX Exchange from April 1, 2022 to August 30, 2022.

27.     Documents sufficient to identify the FTX Address(es) associated with each short position identified in response to Request No. 7.

28.     Documents sufficient to identify the FTX User Account(s) associated with each FTX Address identified in response to Request No. 8.

29.     Documents sufficient to identify the entity or individual associated with each FTX User Account relating to Request No. 8, including all Know Your Customer Information for each such entity or individual.

30.     Documents sufficient to show all borrow or loan transactions associated with the positions identified in response to Request No. 7.

6

Dated:   May 15, 2023

*/s/ Jennifer M. Selendy*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, New York 10104
Tel.: 212-390-9000
jselendy@selendygay.com
fgay@selendygay.com
tagangawilliams@selendygay.com
cobrien@selendygay.com

*Co-Counsel to the Official Committee of
Unsecured Creditors*

7

# Subpoena Package 35

# FTX Crypto Services Ltd.

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 1)

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re CELSIUS NETWORK LLC, et al.,                    Case No. 22-10964 (MG)
                        Debtor

                                                      Chapter 11

### SUBPOENA FOR RULE 2004 EXAMINATION

To: FTX Crypto Services Ltd.
Spyrou Kyprianou 23, 3rd Floor
Limassol 4001
Cyprus

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

Please see the attached requests for the production of documents.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  **05/15/2023**

                CLERK OF COURT

                                          OR

        _____
        *Signature of Clerk or Deputy Clerk*

                                  _____
                                  *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors  who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page )

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

***Ex Parte Order*, Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Official Committee of Unsecured Creditors to Issues *Subpoenas Duce Tecum* Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdiction over the Application; and the Application being a core proceeding; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Limited (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appearing therefor, it is

**ORDERED**, that the Application is granted; and it is further

**ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be, and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

**ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of this Order and any Subpoenas issued to them or make an appropriate motion for a protective order or to quash any Subpoenas; and it is further

**ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the production or inspection of documents or things on less than fourteen (14) days' notice; and it is further

**ORDERED**, that the terms and conditions of this Order are immediately effective and enforceable upon its entry; and it is further

**ORDERED**, that this Order is without prejudice to the rights of the Committee to apply for further discovery from any party or other entity or person; and it is further

**ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order, including adjudicating any discovery disputes that may arise between or among the parties.

**IT IS SO ORDERED.**

Dated:  May 11, 2023
         New York, New York

_____
          **/s/ Martin Glenn**
          MARTIN GLENN
    Chief United States Bankruptcy Judge

# Attachment # 2

# *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
          fgay@selendygay.com
          taganagawilliams@selendygay.com
          cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[35] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS
TO FTX CRYPTO SERVICES LTD.**

Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "Local District Rules"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[35] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*,

Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al.

(the "Committee"), by and through its undersigned counsel, hereby requests that FTX Crypto

Services Ltd. produce documents in response to the requests below within 14 days of service to

the Committee's attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Americas, New

York, NY 10104.

## DOCUMENT REQUESTS DEFINITIONS

1.      The singular form of a word includes the plural, and vice versa.

2.      Any tense of a verb includes all tenses.

3.      Any natural person includes that person's agents, assigns, attorneys, employees,

representatives, and successors.

4.      Any entity other than a natural person includes (a) that entity's present and former

agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, em-

ployees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors;

(b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or

owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf

of (a) or (b).

5.      "All," "any," and "each" mean any and all.

6.      "And" and "or" are construed both conjunctively and disjunctively.

7.      "Associated with" includes, but is not limited to, "affiliated with," "corresponding

to," "owned by," "controlled by," and "operated by."

8.      "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain iden-

tified as CEL.

2

9.      "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10.      "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.      "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12.      "FTX User Account" means a user account registered with the FTX Exchange.

13.      "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14.      "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15.      "Including" means including but not limited to.

16.      "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17.      "FTX Address" means a blockchain address associated with an FTX User Account.

3

18.    "Identified FTX Addresses" means the following FTX Addresses, and, for the avoidance of doubt, each is an "Identified FTX Address":

    a.    0xd84c82dcfb21572b68339f14453bfe39fdc81f74

    b.    0x2be52c6e141a314778b5ea702e8a9dc87b42d126

    c.    0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

    d.    0x44f73a35b995c7a55864209468925bf450cf0a00

    e.    0x1785904b28ad668b4778618f749db6b4a04472ed

    f.    0xd7cf4d9176519142bf64111d713d3f85cdff1b67

    g.    0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

    h.    0xb4e872704625ea0f69f95c856ad49aff44da2ba4

    i.    0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

    j.    0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19.    "You" and "Your" means and refers to any or all the FTX Debtors.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions and for purposes of these Requests, the following Instructions shall be followed:

1.    These Requests seek production of material in Your possession, custody, or control.

2.    These Requests seek production of nonprivileged material.

3.    For each Request, either state that You will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons.

4.    If You object to all or part of a Request, state whether You are withholding any responsive material based on that objection.

5.    If You object to part of a Request, specify the part and state that You will produce documents responsive to the rest.

4

6.      If You withhold responsive information by claiming that the information is privileged or subject to protection as trial-preparation material, expressly make the claim and describe the nature of the information privileged or protected in a manner that, without revealing information itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memorandum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author, addresses, and any other recipients of the Document; (e) where not apparent, the relationships of the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.      If after responding to any Request You learn that Your response is in some material respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including May 1, 2019 through the present.

## REQUESTS

20.      Documents sufficient to identify the FTX User Account(s) associated with each Identified FTX Address.

21.      Documents sufficient to identify the entity or individual associated with each FTX User Account identified in response to Request No. 1, including all Know Your Customer Information for each such entity or individual.

22.      Documents sufficient to identify all FTX User Account(s) associated with any entity or individual identified in response to Request No. 2, other than FTX User Accounts identified in response to Request No. 1.

23.     Documents sufficient to identify all FTX Address(es) associated with each FTX User Account identified in response to Request No. 1 and Request No. 3, other than the Identified FTX Addresses.

24.     Documents sufficient to show when each FTX User Account identified in response to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.     Documents sufficient to show a complete transaction history for each FTX User Account identified in response to Request No. 1 and Request No. 3.

26.     Documents sufficient to show all short positions with respect to the CEL Token on an FTX Exchange from April 1, 2022 to August 30, 2022.

27.     Documents sufficient to identify the FTX Address(es) associated with each short position identified in response to Request No. 7.

28.     Documents sufficient to identify the FTX User Account(s) associated with each FTX Address identified in response to Request No. 8.

29.     Documents sufficient to identify the entity or individual associated with each FTX User Account relating to Request No. 8, including all Know Your Customer Information for each such entity or individual.

30.     Documents sufficient to show all borrow or loan transactions associated with the positions identified in response to Request No. 7.

6

Dated:    May 15, 2023

*/s/ Jennifer M. Selendy*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, New York 10104
Tel.: 212-390-9000
jselendy@selendygay.com
fgay@selendygay.com
tagangawilliams@selendygay.com
cobrien@selendygay.com

*Co-Counsel to the Official Committee of
Unsecured Creditors*

# Subpoena Package 36

# FTX Digital Assets LLC

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 1)

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re CELSIUS NETWORK LLC, et al.,
           Debtor

Case No. 22-10964 (MG)

Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: FTX Digital Assets LLC
60 Broad St., Suite 2501
New York, NY 10004

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

  Please see the attached requests for the production of documents.

      The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **05/15/2023**

CLERK OF COURT

                                   OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page )

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

***Ex Parte Order***, **Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Official Committee of Unsecured Creditors to Issues *Subpoenas Duce Tecum* Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdiction over the Application; and the Application being a core proceeding; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Limited (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appearing therefor, it is

    **ORDERED**, that the Application is granted; and it is further

    **ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be, and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

    **ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of this Order and any Subpoenas issued to them or make an appropriate motion for a protective order or to quash any Subpoenas; and it is further

    **ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the production or inspection of documents or things on less than fourteen (14) days' notice; and it is further

    **ORDERED**, that the terms and conditions of this Order are immediately effective and enforceable upon its entry; and it is further

    **ORDERED**, that this Order is without prejudice to the rights of the Committee to apply for further discovery from any party or other entity or person; and it is further

    **ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order, including adjudicating any discovery disputes that may arise between or among the parties.

**IT IS SO ORDERED.**

Dated:  May 11, 2023
      New York, New York

**/s/ Martin Glenn**
MARTIN GLENN
Chief United States Bankruptcy Judge

# Attachment # 2

## *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
        fgay@selendygay.com
        tagangawilliams@selendygay.com
        cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[36] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

## OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS TO FTX DIGITAL ASSETS LLC

Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "Local District Rules"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[36] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*, Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al. (the "Committee"), by and through its undersigned counsel, hereby requests that FTX Digital Assets LLC produce documents in response to the requests below within 14 days of service to the Committee's attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Americas, New York, NY 10104.

## DOCUMENT REQUESTS DEFINITIONS

1.      The singular form of a word includes the plural, and vice versa.

2.      Any tense of a verb includes all tenses.

3.      Any natural person includes that person's agents, assigns, attorneys, employees, representatives, and successors.

4.      Any entity other than a natural person includes (a) that entity's present and former agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, employees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors; (b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf of (a) or (b).

5.      "All," "any," and "each" mean any and all.

6.      "And" and "or" are construed both conjunctively and disjunctively.

7.      "Associated with" includes, but is not limited to, "affiliated with," "corresponding to," "owned by," "controlled by," and "operated by."

8.      "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain identified as CEL.

2

9.      "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10.      "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.      "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12.      "FTX User Account" means a user account registered with the FTX Exchange.

13.      "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14.      "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15.      "Including" means including but not limited to.

16.      "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17.      "FTX Address" means a blockchain address associated with an FTX User Account.

3

18.    "Identified FTX Addresses" means the following FTX Addresses, and, for the
avoidance of doubt, each is an "Identified FTX Address":

    a.    0xd84c82dcfb21572b68339f14453bfe39fdc81f74

    b.    0x2be52c6e141a314778b5ea702e8a9dc87b42d126

    c.    0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

    d.    0x44f73a35b995c7a55864209468925bf450cf0a00

    e.    0x1785904b28ad668b4778618f749db6b4a04472ed

    f.    0xd7cf4d9176519142bf64111d713d3f85cdff1b67

    g.    0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

    h.    0xb4e872704625ea0f69f95c856ad49aff44da2ba4

    i.    0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

    j.    0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19.    "You" and "Your" means and refers to any or all the FTX Debtors.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions and for purposes of these
Requests, the following Instructions shall be followed:

1.    These Requests seek production of material in Your possession, custody, or control.

2.    These Requests seek production of nonprivileged material.

3.    For each Request, either state that You will produce the requested material or state
with specificity the grounds for objecting to the Request, including the reasons.

4.    If You object to all or part of a Request, state whether You are withholding any
responsive material based on that objection.

5.    If You object to part of a Request, specify the part and state that You will produce
documents responsive to the rest.

4

6.      If You withhold responsive information by claiming that the information is privi-
leged or subject to protection as trial-preparation material, expressly make the claim and describe
the nature of the information privileged or protected in a manner that, without revealing infor-
mation itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document
You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memoran-
dum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author,
addresses, and any other recipients of the Document; (e) where not apparent, the relationships of
the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.      If after responding to any Request You learn that Your response is in some material
respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including
May 1, 2019 through the present.

## REQUESTS

20.      Documents sufficient to identify the FTX User Account(s) associated with each
Identified FTX Address.

21.      Documents sufficient to identify the entity or individual associated with each FTX
User Account identified in response to Request No. 1, including all Know Your Customer Infor-
mation for each such entity or individual.

22.      Documents sufficient to identify all FTX User Account(s) associated with any en-
tity or individual identified in response to Request No. 2, other than FTX User Accounts identified
in response to Request No. 1.

23.     Documents sufficient to identify all FTX Address(es) associated with each FTX User Account identified in response to Request No. 1 and Request No. 3, other than the Identified FTX Addresses.

24.     Documents sufficient to show when each FTX User Account identified in response to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.     Documents sufficient to show a complete transaction history for each FTX User Account identified in response to Request No. 1 and Request No. 3.

26.     Documents sufficient to show all short positions with respect to the CEL Token on an FTX Exchange from April 1, 2022 to August 30, 2022.

27.     Documents sufficient to identify the FTX Address(es) associated with each short position identified in response to Request No. 7.

28.     Documents sufficient to identify the FTX User Account(s) associated with each FTX Address identified in response to Request No. 8.

29.     Documents sufficient to identify the entity or individual associated with each FTX User Account relating to Request No. 8, including all Know Your Customer Information for each such entity or individual.

30.     Documents sufficient to show all borrow or loan transactions associated with the positions identified in response to Request No. 7.

Dated:    May 15, 2023

*/s/ Jennifer M. Selendy*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, New York 10104
Tel.: 212-390-9000
jselendy@selendygay.com
fgay@selendygay.com
tagangawilliams@selendygay.com
cobrien@selendygay.com

*Co-Counsel to the Official Committee of
Unsecured Creditors*

# Subpoena Package 37

# FTX Digital Holdings (Singapore) Pte Ltd

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 1)

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re CELSIUS NETWORK LLC, et al.,                    Case No. 22-10964 (MG)
                              Debtor

                                                     Chapter 11

### SUBPOENA FOR RULE 2004 EXAMINATION

To: FTX Digital Holdings (Singapore) Pte Ltd
#11 Marina Bay Financial Centre   8 Marina Boulevard
Singapore 018981
Singapore

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|-------|---------------|
|       |               |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

Please see the attached requests for the production of documents.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **05/15/2023**

                    CLERK OF COURT

                                                     OR

      _____
      *Signature of Clerk or Deputy Clerk*

                                        _____
                                        *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors  who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

**Notice to the person who issues or requests this subpoena**

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

        I declare under penalty of perjury that this information is true and correct.

Date: _____

                                                    _____
                                                              *Server's signature*

                                                    _____
                                                              *Printed name and title*

                                                    _____
                                                              *Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

**_Ex Parte Order_, Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Official Committee of Unsecured Creditors to Issues _Subpoenas Duce Tecum_ Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdiction over the Application; and the Application being a core proceeding; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Limited (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appear-

ing therefor, it is

     **ORDERED**, that the Application is granted; and it is further

     **ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be,

and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

     **ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of

this Order and any Subpoenas issued to them or make an appropriate motion for a protective or-

der or to quash any Subpoenas; and it is further

     **ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the pro-

duction or inspection of documents or things on less than fourteen (14) days' notice; and it is fur-

ther

     **ORDERED**, that the terms and conditions of this Order are immediately effective and

enforceable upon its entry; and it is further

     **ORDERED**, that this Order is without prejudice to the rights of the Committee to apply

for further discovery from any party or other entity or person; and it is further

     **ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce

the terms and provisions of this Order, including adjudicating any discovery disputes that may

arise between or among the parties.

**IT IS SO ORDERED.**

Dated:  May 11, 2023
      New York, New York

                                         **/s/ Martin Glenn**
                                        MARTIN GLENN
                        Chief United States Bankruptcy Judge

# Attachment # 2

# *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
       fgay@selendygay.com
       tagangawilliams@selendygay.com
       cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[37] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS
TO FTX DIGITAL HOLDINGS (SINGAPORE) PTE LTD**

Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "Local District Rules"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[37] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal
tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius
Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network
Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8
USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius
Network LLC's principal place of business and the Debtors' service address in these chapter 11
cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*,
Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al.
(the "Committee"), by and through its undersigned counsel, hereby requests that FTX Digital
Holdings (Singapore) Pte Ltd produce documents in response to the requests below within 14 days
of service to the Committee's attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Amer-
icas, New York, NY 10104.

## DOCUMENT REQUESTS DEFINITIONS

1.    The singular form of a word includes the plural, and vice versa.

2.    Any tense of a verb includes all tenses.

3.    Any natural person includes that person's agents, assigns, attorneys, employees,
representatives, and successors.

4.    Any entity other than a natural person includes (a) that entity's present and former
agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, em-
ployees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors;
(b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or
owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf
of (a) or (b).

5.    "All," "any," and "each" mean any and all.

6.    "And" and "or" are construed both conjunctively and disjunctively.

7.    "Associated with" includes, but is not limited to, "affiliated with," "corresponding
to," "owned by," "controlled by," and "operated by."

8.    "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain iden-
tified as CEL.

2

9.    "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10.    "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.    "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12.    "FTX User Account" means a user account registered with the FTX Exchange.

13.    "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14.    "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15.    "Including" means including but not limited to.

16.    "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17.    "FTX Address" means a blockchain address associated with an FTX User Account.

3

18. "Identified FTX Addresses" means the following FTX Addresses, and, for the avoidance of doubt, each is an "Identified FTX Address":

    a.    0xd84c82dcfb21572b68339f14453bfe39fdc81f74

    b.    0x2be52c6e141a314778b5ea702e8a9dc87b42d126

    c.    0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

    d.    0x44f73a35b995c7a55864209468925bf450cf0a00

    e.    0x1785904b28ad668b4778618f749db6b4a04472ed

    f.    0xd7cf4d9176519142bf64111d713d3f85cdff1b67

    g.    0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

    h.    0xb4e872704625ea0f69f95c856ad49aff44da2ba4

    i.    0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

    j.    0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19. "You" and "Your" means and refers to any or all the FTX Debtors.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions and for purposes of these Requests, the following Instructions shall be followed:

1. These Requests seek production of material in Your possession, custody, or control.

2. These Requests seek production of nonprivileged material.

3. For each Request, either state that You will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons.

4. If You object to all or part of a Request, state whether You are withholding any responsive material based on that objection.

5. If You object to part of a Request, specify the part and state that You will produce documents responsive to the rest.

4

6.      If You withhold responsive information by claiming that the information is privi-
leged or subject to protection as trial-preparation material, expressly make the claim and describe
the nature of the information privileged or protected in a manner that, without revealing infor-
mation itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document
You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memoran-
dum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author,
addresses, and any other recipients of the Document; (e) where not apparent, the relationships of
the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.      If after responding to any Request You learn that Your response is in some material
respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including
May 1, 2019 through the present.

## REQUESTS

20.      Documents sufficient to identify the FTX User Account(s) associated with each
Identified FTX Address.

21.      Documents sufficient to identify the entity or individual associated with each FTX
User Account identified in response to Request No. 1, including all Know Your Customer Infor-
mation for each such entity or individual.

22.      Documents sufficient to identify all FTX User Account(s) associated with any en-
tity or individual identified in response to Request No. 2, other than FTX User Accounts identified
in response to Request No. 1.

5

23.     Documents sufficient to identify all FTX Address(es) associated with each FTX User Account identified in response to Request No. 1 and Request No. 3, other than the Identified FTX Addresses.

24.     Documents sufficient to show when each FTX User Account identified in response to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.     Documents sufficient to show a complete transaction history for each FTX User Account identified in response to Request No. 1 and Request No. 3.

26.     Documents sufficient to show all short positions with respect to the CEL Token on an FTX Exchange from April 1, 2022 to August 30, 2022.

27.     Documents sufficient to identify the FTX Address(es) associated with each short position identified in response to Request No. 7.

28.     Documents sufficient to identify the FTX User Account(s) associated with each FTX Address identified in response to Request No. 8.

29.     Documents sufficient to identify the entity or individual associated with each FTX User Account relating to Request No. 8, including all Know Your Customer Information for each such entity or individual.

30.     Documents sufficient to show all borrow or loan transactions associated with the positions identified in response to Request No. 7.

6

Dated:   May 15, 2023

*/s/ Jennifer M. Selendy*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, New York 10104
Tel.: 212-390-9000
jselendy@selendygay.com
fgay@selendygay.com
tagangawilliams@selendygay.com
cobrien@selendygay.com

*Co-Counsel to the Official Committee of
Unsecured Creditors*

7

# Subpoena Package 38

# FTX EMEA Ltd.

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

| | |
|---|---|
| In re CELSIUS NETWORK LLC, et al., | Case No. 22-10964 (MG) |
| Debtor | |
| | Chapter 11 |

## SUBPOENA FOR RULE 2004 EXAMINATION

To: FTX EMEA Ltd.
Spyrou Kyprianou 23, 3rd Floor
Limassol 4001
Cyprus

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| | |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

Please see the attached requests for the production of documents.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **05/15/2023**

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors  who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

      I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page )

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or transacts business in person, if the person
        (i) is a party or a party's officer; or
        (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
    (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
    (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        (i) fails to allow a reasonable time to comply;
        (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
        (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        (i) disclosing a trade secret or other confidential research, development, or commercial information; or

        (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
    (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        (i) expressly make the claim; and
        (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

***Ex Parte Order*, Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Official Committee of Unsecured Creditors to Issues *Subpoenas Duce Tecum* Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdiction over the Application; and the Application being a core proceeding; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Limited (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appearing therefor, it is

**ORDERED**, that the Application is granted; and it is further

**ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be, and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

**ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of this Order and any Subpoenas issued to them or make an appropriate motion for a protective order or to quash any Subpoenas; and it is further

**ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the production or inspection of documents or things on less than fourteen (14) days' notice; and it is further

**ORDERED**, that the terms and conditions of this Order are immediately effective and enforceable upon its entry; and it is further

**ORDERED**, that this Order is without prejudice to the rights of the Committee to apply for further discovery from any party or other entity or person; and it is further

**ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order, including adjudicating any discovery disputes that may arise between or among the parties.

**IT IS SO ORDERED.**

Dated:  May 11, 2023
     New York, New York

                                    **/s/ Martin Glenn**
                                   MARTIN GLENN
                Chief United States Bankruptcy Judge

# Attachment # 2

## *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
       fgay@selendygay.com
       taganga williams@selendygay.com
       cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[38] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS
TO FTX EMEA LTD.**

Pursuant to Federal Rules of Bankruptcy Procedure ("<u>Bankruptcy Rule</u>") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "<u>Local District Rules</u>"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "<u>Local Bankruptcy</u>

<u>Rules</u>"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[38] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*,

Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al.

(the "Committee"), by and through its undersigned counsel, hereby requests that FTX EMEA Ltd.

produce documents in response to the requests below within 14 days of service to the Committee's

attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Americas, New York, NY 10104.

## DOCUMENT REQUESTS DEFINITIONS

1.    The singular form of a word includes the plural, and vice versa.

2.    Any tense of a verb includes all tenses.

3.    Any natural person includes that person's agents, assigns, attorneys, employees,

representatives, and successors.

4.    Any entity other than a natural person includes (a) that entity's present and former

agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, em-

ployees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors;

(b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or

owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf

of (a) or (b).

5.    "All," "any," and "each" mean any and all.

6.    "And" and "or" are construed both conjunctively and disjunctively.

7.    "Associated with" includes, but is not limited to, "affiliated with," "corresponding

to," "owned by," "controlled by," and "operated by."

8.    "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain iden-

tified as CEL.

2

9.     "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10.     "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.     "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12.     "FTX User Account" means a user account registered with the FTX Exchange.

13.     "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14.     "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15.     "Including" means including but not limited to.

16.     "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17.     "FTX Address" means a blockchain address associated with an FTX User Account.

3

18.    "Identified FTX Addresses" means the following FTX Addresses, and, for the avoidance of doubt, each is an "Identified FTX Address":

    a.    0xd84c82dcfb21572b68339f14453bfe39fdc81f74

    b.    0x2be52c6e141a314778b5ea702e8a9dc87b42d126

    c.    0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

    d.    0x44f73a35b995c7a55864209468925bf450cf0a00

    e.    0x1785904b28ad668b4778618f749db6b4a04472ed

    f.    0xd7cf4d9176519142bf64111d713d3f85cdff1b67

    g.    0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

    h.    0xb4e872704625ea0f69f95c856ad49aff44da2ba4

    i.    0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

    j.    0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19.    "You" and "Your" means and refers to any or all the FTX Debtors.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions and for purposes of these Requests, the following Instructions shall be followed:

1.    These Requests seek production of material in Your possession, custody, or control.

2.    These Requests seek production of nonprivileged material.

3.    For each Request, either state that You will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons.

4.    If You object to all or part of a Request, state whether You are withholding any responsive material based on that objection.

5.    If You object to part of a Request, specify the part and state that You will produce documents responsive to the rest.

4

6.      If You withhold responsive information by claiming that the information is privileged or subject to protection as trial-preparation material, expressly make the claim and describe the nature of the information privileged or protected in a manner that, without revealing information itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memorandum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author, addresses, and any other recipients of the Document; (e) where not apparent, the relationships of the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.      If after responding to any Request You learn that Your response is in some material respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including May 1, 2019 through the present.

## REQUESTS

20.      Documents sufficient to identify the FTX User Account(s) associated with each Identified FTX Address.

21.      Documents sufficient to identify the entity or individual associated with each FTX User Account identified in response to Request No. 1, including all Know Your Customer Information for each such entity or individual.

22.      Documents sufficient to identify all FTX User Account(s) associated with any entity or individual identified in response to Request No. 2, other than FTX User Accounts identified in response to Request No. 1.

23.    Documents sufficient to identify all FTX Address(es) associated with each FTX User Account identified in response to Request No. 1 and Request No. 3, other than the Identified FTX Addresses.

24.    Documents sufficient to show when each FTX User Account identified in response to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.    Documents sufficient to show a complete transaction history for each FTX User Account identified in response to Request No. 1 and Request No. 3.

26.    Documents sufficient to show all short positions with respect to the CEL Token on an FTX Exchange from April 1, 2022 to August 30, 2022.

27.    Documents sufficient to identify the FTX Address(es) associated with each short position identified in response to Request No. 7.

28.    Documents sufficient to identify the FTX User Account(s) associated with each FTX Address identified in response to Request No. 8.

29.    Documents sufficient to identify the entity or individual associated with each FTX User Account relating to Request No. 8, including all Know Your Customer Information for each such entity or individual.

30.    Documents sufficient to show all borrow or loan transactions associated with the positions identified in response to Request No. 7.

Dated:    May 15, 2023

*/s/ Jennifer M. Selendy*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, New York 10104
Tel.: 212-390-9000
jselendy@selendygay.com
fgay@selendygay.com
tagangawilliams@selendygay.com
cobrien@selendygay.com

*Co-Counsel to the Official Committee of
Unsecured Creditors*

# Subpoena Package 39

# FTX Equity Record Holdings Ltd

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 1)

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re CELSIUS NETWORK LLC, et al.,                    Case No. 22-10964 (MG)
                              Debtor

                                                                     Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: FTX Equity Record Holdings Ltd
F20 Eden Plaza 1st floor
Eden Island
Seychelles

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
|   |   |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

  Please see the attached requests for the production of documents.

        The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  **05/15/2023**

                      CLERK OF COURT
                                                              OR

        _____
        *Signature of Clerk or Deputy Clerk*

                                                    _____
                                                    *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors  who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

      I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page )

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

   *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

   *(2) Command to Produce Materials or Permit Inspection.*
      (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
      (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

   *(3) Quashing or Modifying a Subpoena.*
      (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
      (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
      (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
       (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
       (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

   *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
      (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
      (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
      (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
      (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

   *(2) Claiming Privilege or Protection.*
      (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
      (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

***Ex Parte Order*, Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Official Committee of Unsecured Creditors to Issues *Subpoenas Duce Tecum* Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdiction over the Application; and the Application being a core proceeding; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Limited (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appearing therefor, it is

     **ORDERED**, that the Application is granted; and it is further

     **ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be, and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

     **ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of this Order and any Subpoenas issued to them or make an appropriate motion for a protective order or to quash any Subpoenas; and it is further

     **ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the production or inspection of documents or things on less than fourteen (14) days' notice; and it is further

     **ORDERED**, that the terms and conditions of this Order are immediately effective and enforceable upon its entry; and it is further

     **ORDERED**, that this Order is without prejudice to the rights of the Committee to apply for further discovery from any party or other entity or person; and it is further

     **ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order, including adjudicating any discovery disputes that may arise between or among the parties.

**IT IS SO ORDERED.**

Dated:  May 11, 2023
       New York, New York

                                        **/s/ Martin Glenn**
                                        MARTIN GLENN
                          Chief United States Bankruptcy Judge

# Attachment # 2

# *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
        fgay@selendygay.com
        tagangawilliams@selendygay.com
        cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[39] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS
TO FTX EQUITY RECORD HOLDINGS LTD**

Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "Local District Rules"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[39] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal
tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius
Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network
Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8
USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius
Network LLC's principal place of business and the Debtors' service address in these chapter 11
cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*,
Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al.
(the "Committee"), by and through its undersigned counsel, hereby requests that FTX Equity
Record Holdings Ltd produce documents in response to the requests below within 14 days of ser-
vice to the Committee's attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Americas,
New York, NY 10104.

## DOCUMENT REQUESTS DEFINITIONS

1.      The singular form of a word includes the plural, and vice versa.

2.      Any tense of a verb includes all tenses.

3.      Any natural person includes that person's agents, assigns, attorneys, employees,
representatives, and successors.

4.      Any entity other than a natural person includes (a) that entity's present and former
agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, em-
ployees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors;
(b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or
owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf
of (a) or (b).

5.      "All," "any," and "each" mean any and all.

6.      "And" and "or" are construed both conjunctively and disjunctively.

7.      "Associated with" includes, but is not limited to, "affiliated with," "corresponding
to," "owned by," "controlled by," and "operated by."

8.      "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain iden-
tified as CEL.

2

9.      "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10.      "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.      "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12.      "FTX User Account" means a user account registered with the FTX Exchange.

13.      "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14.      "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15.      "Including" means including but not limited to.

16.      "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17.      "FTX Address" means a blockchain address associated with an FTX User Account.

18.    "Identified FTX Addresses" means the following FTX Addresses, and, for the avoidance of doubt, each is an "Identified FTX Address":

    a.        0xd84c82dcfb21572b68339f14453bfe39fdc81f74

    b.        0x2be52c6e141a314778b5ea702e8a9dc87b42d126

    c.        0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

    d.        0x44f73a35b995c7a55864209468925bf450cf0a00

    e.        0x1785904b28ad668b4778618f749db6b4a04472ed

    f.        0xd7cf4d9176519142bf64111d713d3f85cdff1b67

    g.        0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

    h.        0xb4e872704625ea0f69f95c856ad49aff44da2ba4

    i.        0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

    j.        0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19.    "You" and "Your" means and refers to any or all the FTX Debtors.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions and for purposes of these Requests, the following Instructions shall be followed:

1.    These Requests seek production of material in Your possession, custody, or control.

2.    These Requests seek production of nonprivileged material.

3.    For each Request, either state that You will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons.

4.    If You object to all or part of a Request, state whether You are withholding any responsive material based on that objection.

5.    If You object to part of a Request, specify the part and state that You will produce documents responsive to the rest.

4

6.      If You withhold responsive information by claiming that the information is privileged or subject to protection as trial-preparation material, expressly make the claim and describe the nature of the information privileged or protected in a manner that, without revealing information itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memorandum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author, addresses, and any other recipients of the Document; (e) where not apparent, the relationships of the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.      If after responding to any Request You learn that Your response is in some material respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including May 1, 2019 through the present.

## REQUESTS

20.      Documents sufficient to identify the FTX User Account(s) associated with each Identified FTX Address.

21.      Documents sufficient to identify the entity or individual associated with each FTX User Account identified in response to Request No. 1, including all Know Your Customer Information for each such entity or individual.

22.      Documents sufficient to identify all FTX User Account(s) associated with any entity or individual identified in response to Request No. 2, other than FTX User Accounts identified in response to Request No. 1.

5

23.    Documents sufficient to identify all FTX Address(es) associated with each FTX User Account identified in response to Request No. 1 and Request No. 3, other than the Identified FTX Addresses.

24.    Documents sufficient to show when each FTX User Account identified in response to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.    Documents sufficient to show a complete transaction history for each FTX User Account identified in response to Request No. 1 and Request No. 3.

26.    Documents sufficient to show all short positions with respect to the CEL Token on an FTX Exchange from April 1, 2022 to August 30, 2022.

27.    Documents sufficient to identify the FTX Address(es) associated with each short position identified in response to Request No. 7.

28.    Documents sufficient to identify the FTX User Account(s) associated with each FTX Address identified in response to Request No. 8.

29.    Documents sufficient to identify the entity or individual associated with each FTX User Account relating to Request No. 8, including all Know Your Customer Information for each such entity or individual.

30.    Documents sufficient to show all borrow or loan transactions associated with the positions identified in response to Request No. 7.

6

Dated:    May 15, 2023                    */s/ Jennifer M. Selendy*
                                          **SELENDY GAY ELSBERG PLLC**
                                          Jennifer M. Selendy
                                          Faith E. Gay
                                          Temidayo Aganga-Williams
                                          Claire O'Brien
                                          1290 Avenue of the Americas
                                          New York, New York 10104
                                          Tel.: 212-390-9000
                                          jselendy@selendygay.com
                                          fgay@selendygay.com
                                          tagangawilliams@selendygay.com
                                          cobrien@selendygay.com

                                          *Co-Counsel to the Official Committee of
                                          Unsecured Creditors*

# Subpoena Package 40

# FTX EU Ltd.

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re CELSIUS NETWORK LLC, et al.,                    Case No. 22-10964 (MG)
                    Debtor

                                                      Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: FTX EU Ltd.
Churerstrasse 135
8808 Pfäffikon
Switzerland

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|-------|---------------|
|       |               |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

  Please see the attached requests for the production of documents.

        The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  **05/15/2023**

              CLERK OF COURT
                                              OR

        _____
        *Signature of Clerk or Deputy Clerk*

                                        _____
                                              *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors  who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

   My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

        I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page )

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

***Ex Parte Order*, Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Official Committee of Unsecured Creditors to Issues *Subpoenas Duce Tecum* Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdiction over the Application; and the Application being a core proceeding; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appearing therefor, it is

**ORDERED**, that the Application is granted; and it is further

**ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be, and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

**ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of this Order and any Subpoenas issued to them or make an appropriate motion for a protective order or to quash any Subpoenas; and it is further

**ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the production or inspection of documents or things on less than fourteen (14) days' notice; and it is further

**ORDERED**, that the terms and conditions of this Order are immediately effective and enforceable upon its entry; and it is further

**ORDERED**, that this Order is without prejudice to the rights of the Committee to apply for further discovery from any party or other entity or person; and it is further

**ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order, including adjudicating any discovery disputes that may arise between or among the parties.

**IT IS SO ORDERED.**

Dated:  May 11, 2023
         New York, New York

                                          _____**/s/ Martin Glenn**_____
                                          MARTIN GLENN
                                          Chief United States Bankruptcy Judge

2

# Attachment # 2

# *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
        fgay@selendygay.com
        tagangawilliams@selendygay.com
        cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[40] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS
TO FTX EU LTD.**

Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "Local District Rules"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[40] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal
tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius
Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network
Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8
USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius
Network LLC's principal place of business and the Debtors' service address in these chapter 11
cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*,

Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al.

(the "Committee"), by and through its undersigned counsel, hereby requests that FTX EU Ltd.

produce documents in response to the requests below within 14 days of service to the Committee's

attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Americas, New York, NY 10104.

## DOCUMENT REQUESTS DEFINITIONS

1.      The singular form of a word includes the plural, and vice versa.

2.      Any tense of a verb includes all tenses.

3.      Any natural person includes that person's agents, assigns, attorneys, employees,

representatives, and successors.

4.      Any entity other than a natural person includes (a) that entity's present and former

agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, em-

ployees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors;

(b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or

owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf

of (a) or (b).

5.      "All," "any," and "each" mean any and all.

6.      "And" and "or" are construed both conjunctively and disjunctively.

7.      "Associated with" includes, but is not limited to, "affiliated with," "corresponding

to," "owned by," "controlled by," and "operated by."

8.      "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain iden-

tified as CEL.

2

9. "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10. "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11. "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12. "FTX User Account" means a user account registered with the FTX Exchange.

13. "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14. "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15. "Including" means including but not limited to.

16. "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17. "FTX Address" means a blockchain address associated with an FTX User Account.

3

18.      "Identified FTX Addresses" means the following FTX Addresses, and, for the avoidance of doubt, each is an "Identified FTX Address":

a.        0xd84c82dcfb21572b68339f14453bfe39fdc81f74

b.        0x2be52c6e141a314778b5ea702e8a9dc87b42d126

c.        0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

d.        0x44f73a35b995c7a55864209468925bf450cf0a00

e.        0x1785904b28ad668b4778618f749db6b4a04472ed

f.        0xd7cf4d9176519142bf64111d713d3f85cdff1b67

g.        0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

h.        0xb4e872704625ea0f69f95c856ad49aff44da2ba4

i.        0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

j.        0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19.      "You" and "Your" means and refers to any or all the FTX Debtors.

## **INSTRUCTIONS**

The preceding Definitions apply to each of these Instructions and for purposes of these Requests, the following Instructions shall be followed:

1.      These Requests seek production of material in Your possession, custody, or control.

2.      These Requests seek production of nonprivileged material.

3.      For each Request, either state that You will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons.

4.      If You object to all or part of a Request, state whether You are withholding any responsive material based on that objection.

5.      If You object to part of a Request, specify the part and state that You will produce documents responsive to the rest.

4

6.      If You withhold responsive information by claiming that the information is privi-

leged or subject to protection as trial-preparation material, expressly make the claim and describe

the nature of the information privileged or protected in a manner that, without revealing infor-

mation itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document

You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memoran-

dum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author,

addresses, and any other recipients of the Document; (e) where not apparent, the relationships of

the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.      If after responding to any Request You learn that Your response is in some material

respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including

May 1, 2019 through the present.

## REQUESTS

20.      Documents sufficient to identify the FTX User Account(s) associated with each

Identified FTX Address.

21.      Documents sufficient to identify the entity or individual associated with each FTX

User Account identified in response to Request No. 1, including all Know Your Customer Infor-

mation for each such entity or individual.

22.      Documents sufficient to identify all FTX User Account(s) associated with any en-

tity or individual identified in response to Request No. 2, other than FTX User Accounts identified

in response to Request No. 1.

23.    Documents sufficient to identify all FTX Address(es) associated with each FTX User Account identified in response to Request No. 1 and Request No. 3, other than the Identified FTX Addresses.

24.    Documents sufficient to show when each FTX User Account identified in response to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.    Documents sufficient to show a complete transaction history for each FTX User Account identified in response to Request No. 1 and Request No. 3.

26.    Documents sufficient to show all short positions with respect to the CEL Token on an FTX Exchange from April 1, 2022 to August 30, 2022.

27.    Documents sufficient to identify the FTX Address(es) associated with each short position identified in response to Request No. 7.

28.    Documents sufficient to identify the FTX User Account(s) associated with each FTX Address identified in response to Request No. 8.

29.    Documents sufficient to identify the entity or individual associated with each FTX User Account relating to Request No. 8, including all Know Your Customer Information for each such entity or individual.

30.    Documents sufficient to show all borrow or loan transactions associated with the positions identified in response to Request No. 7.

6

Dated:   May 15, 2023

*/s/ Jennifer M. Selendy*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, New York 10104
Tel.: 212-390-9000
jselendy@selendygay.com
fgay@selendygay.com
tagangawilliams@selendygay.com
cobrien@selendygay.com

*Co-Counsel to the Official Committee of*
*Unsecured Creditors*

# Subpoena Package 41

# FTX Europe AG

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

| | |
|---|---|
| In re CELSIUS NETWORK LLC, et al.,<br>Debtor | Case No. 22-10964 (MG)<br><br>Chapter 11 |

## SUBPOENA FOR RULE 2004 EXAMINATION

To: FTX Europe AG
Churerstrasse 135
8808 Pfäffikon
Switzerland

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| | |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

Please see the attached requests for the production of documents.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **05/15/2023**

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

      I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
                      *Server's signature*

_____
                    *Printed name and title*

_____
                      *Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page )

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

***Ex Parte Order*, Pursuant to Fed. R. Bankr.
P. 2004, Authorizing the Official Committee
of Unsecured Creditors to Issues *Subpoenas
Duce Tecum* Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdiction over the Application; and the Application being a core proceeding; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Limited (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appear-

ing therefor, it is

**ORDERED**, that the Application is granted; and it is further

**ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be,

and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

**ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of

this Order and any Subpoenas issued to them or make an appropriate motion for a protective or-

der or to quash any Subpoenas; and it is further

**ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the pro-

duction or inspection of documents or things on less than fourteen (14) days' notice; and it is fur-

ther

**ORDERED**, that the terms and conditions of this Order are immediately effective and

enforceable upon its entry; and it is further

**ORDERED**, that this Order is without prejudice to the rights of the Committee to apply

for further discovery from any party or other entity or person; and it is further

**ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce

the terms and provisions of this Order, including adjudicating any discovery disputes that may

arise between or among the parties.

**IT IS SO ORDERED.**

Dated:  May 11, 2023
     New York, New York

 

                                  **/s/ Martin Glenn**
                                  MARTIN GLENN
                     Chief United States Bankruptcy Judge

# Attachment # 2

# *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
        fgay@selendygay.com
        taganagawilliams@selendygay.com
        cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[41] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS
TO FTX EUROPE AG**

            Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "Local District Rules"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[41] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal
tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius
Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network
Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8
USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius
Network LLC's principal place of business and the Debtors' service address in these chapter 11
cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*,
Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al.
(the "Committee"), by and through its undersigned counsel, hereby requests that FTX Europe AG
produce documents in response to the requests below within 14 days of service to the Committee's
attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Americas, New York, NY 10104.

## DOCUMENT REQUESTS DEFINITIONS

1.      The singular form of a word includes the plural, and vice versa.

2.      Any tense of a verb includes all tenses.

3.      Any natural person includes that person's agents, assigns, attorneys, employees,
representatives, and successors.

4.      Any entity other than a natural person includes (a) that entity's present and former
agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, em-
ployees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors;
(b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or
owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf
of (a) or (b).

5.      "All," "any," and "each" mean any and all.

6.      "And" and "or" are construed both conjunctively and disjunctively.

7.      "Associated with" includes, but is not limited to, "affiliated with," "corresponding
to," "owned by," "controlled by," and "operated by."

8.      "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain iden-
tified as CEL.

2

9.      "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10.      "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.      "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12.      "FTX User Account" means a user account registered with the FTX Exchange.

13.      "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14.      "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15.      "Including" means including but not limited to.

16.      "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17.      "FTX Address" means a blockchain address associated with an FTX User Account.

3

18.    "Identified FTX Addresses" means the following FTX Addresses, and, for the avoidance of doubt, each is an "Identified FTX Address":

    a.      0xd84c82dcfb21572b68339f14453bfe39fdc81f74

    b.      0x2be52c6e141a314778b5ea702e8a9dc87b42d126

    c.      0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

    d.      0x44f73a35b995c7a55864209468925bf450cf0a00

    e.      0x1785904b28ad668b4778618f749db6b4a04472ed

    f.      0xd7cf4d9176519142bf64111d713d3f85cdff1b67

    g.      0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

    h.      0xb4e872704625ea0f69f95c856ad49aff44da2ba4

    i.      0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

    j.      0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19.    "You" and "Your" means and refers to any or all the FTX Debtors.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions and for purposes of these Requests, the following Instructions shall be followed:

1.    These Requests seek production of material in Your possession, custody, or control.

2.    These Requests seek production of nonprivileged material.

3.    For each Request, either state that You will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons.

4.    If You object to all or part of a Request, state whether You are withholding any responsive material based on that objection.

5.    If You object to part of a Request, specify the part and state that You will produce documents responsive to the rest.

4

6.      If You withhold responsive information by claiming that the information is privileged or subject to protection as trial-preparation material, expressly make the claim and describe the nature of the information privileged or protected in a manner that, without revealing information itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memorandum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author, addresses, and any other recipients of the Document; (e) where not apparent, the relationships of the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.      If after responding to any Request You learn that Your response is in some material respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including May 1, 2019 through the present.

## REQUESTS

20.      Documents sufficient to identify the FTX User Account(s) associated with each Identified FTX Address.

21.      Documents sufficient to identify the entity or individual associated with each FTX User Account identified in response to Request No. 1, including all Know Your Customer Information for each such entity or individual.

22.      Documents sufficient to identify all FTX User Account(s) associated with any entity or individual identified in response to Request No. 2, other than FTX User Accounts identified in response to Request No. 1.

5

23.    Documents sufficient to identify all FTX Address(es) associated with each FTX
User Account identified in response to Request No. 1 and Request No. 3, other than the Identified
FTX Addresses.

24.    Documents sufficient to show when each FTX User Account identified in response
to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.    Documents sufficient to show a complete transaction history for each FTX User
Account identified in response to Request No. 1 and Request No. 3.

26.    Documents sufficient to show all short positions with respect to the CEL Token on
an FTX Exchange from April 1, 2022 to August 30, 2022.

27.    Documents sufficient to identify the FTX Address(es) associated with each short
position identified in response to Request No. 7.

28.    Documents sufficient to identify the FTX User Account(s) associated with each
FTX Address identified in response to Request No. 8.

29.    Documents sufficient to identify the entity or individual associated with each FTX
User Account relating to Request No. 8, including all Know Your Customer Information for each
such entity or individual.

30.    Documents sufficient to show all borrow or loan transactions associated with the
positions identified in response to Request No. 7.

6

Dated:    May 15, 2023

*/s/ Jennifer M. Selendy*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, New York 10104
Tel.: 212-390-9000
jselendy@selendygay.com
fgay@selendygay.com
tagangawilliams@selendygay.com
cobrien@selendygay.com

*Co-Counsel to the Official Committee of
Unsecured Creditors*

# Subpoena Package 42

# FTX Exchange FZE

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 1)
B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re CELSIUS NETWORK LLC, et al.,                    Case No. 22-10964 (MG)
                                  Debtor

                                                      Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: FTX Exchange FZE
c/o FTX Europe AG  Churerstrasse 135
8808 Pfäffikon
United Arab Emirates

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|-------|---------------|
|       |               |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

Please see the attached requests for the production of documents.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __05/15/2023__

                    CLERK OF COURT

                                                      OR

        _____
        *Signature of Clerk or Deputy Clerk*

                                        _____
                                        *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors  who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

**Notice to the person who issues or requests this subpoena**

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

       I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page )

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

   *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

   *(2) Command to Produce Materials or Permit Inspection.*
   (A)*Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or form requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

   *(3) Quashing or Modifying a Subpoena.*
   (A)*When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

   *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A)*Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

   *(2) Claiming Privilege or Protection.*
   (A)*Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

***Ex Parte Order*, Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Official Committee of Unsecured Creditors to Issues *Subpoenas Duce Tecum* Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdiction over the Application; and the Application being a core proceeding; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Limited (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appearing therefor, it is

    **ORDERED**, that the Application is granted; and it is further

    **ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be, and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

    **ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of this Order and any Subpoenas issued to them or make an appropriate motion for a protective order or to quash any Subpoenas; and it is further

    **ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the production or inspection of documents or things on less than fourteen (14) days' notice; and it is further

    **ORDERED**, that the terms and conditions of this Order are immediately effective and enforceable upon its entry; and it is further

    **ORDERED**, that this Order is without prejudice to the rights of the Committee to apply for further discovery from any party or other entity or person; and it is further

    **ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order, including adjudicating any discovery disputes that may arise between or among the parties.

**IT IS SO ORDERED.**

Dated:  May 11, 2023
      New York, New York

                               **/s/ Martin Glenn**
                                  MARTIN GLENN
                     Chief United States Bankruptcy Judge

# Attachment # 2

# *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
        fgay@selendygay.com
        tagangawilliams@selendygay.com
        cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[42] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS TO FTX EXCHANGE FZE

Pursuant to Federal Rules of Bankruptcy Procedure ("<u>Bankruptcy Rule</u>") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "<u>Local District Rules</u>"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "<u>Local Bankruptcy</u>

<u>Rules</u>"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[42] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*,

Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al.

(the "Committee"), by and through its undersigned counsel, hereby requests that FTX Exchange

FZE produce documents in response to the requests below within 14 days of service to the Com-

mittee's attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Americas, New York, NY

10104.

## DOCUMENT REQUESTS DEFINITIONS

1.      The singular form of a word includes the plural, and vice versa.

2.      Any tense of a verb includes all tenses.

3.      Any natural person includes that person's agents, assigns, attorneys, employees,

representatives, and successors.

4.      Any entity other than a natural person includes (a) that entity's present and former

agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, em-

ployees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors;

(b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or

owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf

of (a) or (b).

5.      "All," "any," and "each" mean any and all.

6.      "And" and "or" are construed both conjunctively and disjunctively.

7.      "Associated with" includes, but is not limited to, "affiliated with," "corresponding

to," "owned by," "controlled by," and "operated by."

8.      "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain iden-

tified as CEL.

2

9.      "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10.     "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.     "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12.     "FTX User Account" means a user account registered with the FTX Exchange.

13.     "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14.     "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15.     "Including" means including but not limited to.

16.     "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17.     "FTX Address" means a blockchain address associated with an FTX User Account.

3

18.    "Identified FTX Addresses" means the following FTX Addresses, and, for the avoidance of doubt, each is an "Identified FTX Address":

a.    0xd84c82dcfb21572b68339f14453bfe39fdc81f74

b.    0x2be52c6e141a314778b5ea702e8a9dc87b42d126

c.    0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

d.    0x44f73a35b995c7a55864209468925bf450cf0a00

e.    0x1785904b28ad668b4778618f749db6b4a04472ed

f.    0xd7cf4d9176519142bf64111d713d3f85cdff1b67

g.    0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

h.    0xb4e872704625ea0f69f95c856ad49aff44da2ba4

i.    0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

j.    0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19.    "You" and "Your" means and refers to any or all the FTX Debtors.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions and for purposes of these Requests, the following Instructions shall be followed:

1.    These Requests seek production of material in Your possession, custody, or control.

2.    These Requests seek production of nonprivileged material.

3.    For each Request, either state that You will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons.

4.    If You object to all or part of a Request, state whether You are withholding any responsive material based on that objection.

5.    If You object to part of a Request, specify the part and state that You will produce documents responsive to the rest.

4

6.      If You withhold responsive information by claiming that the information is privi-
leged or subject to protection as trial-preparation material, expressly make the claim and describe
the nature of the information privileged or protected in a manner that, without revealing infor-
mation itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document
You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memoran-
dum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author,
addresses, and any other recipients of the Document; (e) where not apparent, the relationships of
the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.      If after responding to any Request You learn that Your response is in some material
respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including
May 1, 2019 through the present.

## REQUESTS

20.     Documents sufficient to identify the FTX User Account(s) associated with each
Identified FTX Address.

21.     Documents sufficient to identify the entity or individual associated with each FTX
User Account identified in response to Request No. 1, including all Know Your Customer Infor-
mation for each such entity or individual.

22.     Documents sufficient to identify all FTX User Account(s) associated with any en-
tity or individual identified in response to Request No. 2, other than FTX User Accounts identified
in response to Request No. 1.

23.     Documents sufficient to identify all FTX Address(es) associated with each FTX User Account identified in response to Request No. 1 and Request No. 3, other than the Identified FTX Addresses.

24.     Documents sufficient to show when each FTX User Account identified in response to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.     Documents sufficient to show a complete transaction history for each FTX User Account identified in response to Request No. 1 and Request No. 3.

26.     Documents sufficient to show all short positions with respect to the CEL Token on an FTX Exchange from April 1, 2022 to August 30, 2022.

27.     Documents sufficient to identify the FTX Address(es) associated with each short position identified in response to Request No. 7.

28.     Documents sufficient to identify the FTX User Account(s) associated with each FTX Address identified in response to Request No. 8.

29.     Documents sufficient to identify the entity or individual associated with each FTX User Account relating to Request No. 8, including all Know Your Customer Information for each such entity or individual.

30.     Documents sufficient to show all borrow or loan transactions associated with the positions identified in response to Request No. 7.

6

Dated:   May 15, 2023

*/s/ Jennifer M. Selendy*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, New York 10104
Tel.: 212-390-9000
jselendy@selendygay.com
fgay@selendygay.com
tagangawilliams@selendygay.com
cobrien@selendygay.com

*Co-Counsel to the Official Committee of
Unsecured Creditors*

7

**Subpoena Package 43**

**FTX Hong Kong Ltd**

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re CELSIUS NETWORK LLC, et al.,        Case No. 22-10964 (MG)
            Debtor

Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: FTX Hong Kong Ltd
135 Bonham Strand Trade Center
Sheung Wan, Hong Kong
Hong Kong

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

  Please see the attached requests for the production of documents.

      The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **05/15/2023**

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

**Notice to the person who issues or requests this subpoena**

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

 I declare under penalty of perjury that this information is true and correct.

Date:  _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page )

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

***Ex Parte Order*, Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Official Committee of Unsecured Creditors to Issues *Subpoenas Duce Tecum* Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdiction over the Application; and the Application being a core proceeding; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Limited (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appearing therefor, it is

 **ORDERED**, that the Application is granted; and it is further

 **ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be, and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

 **ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of this Order and any Subpoenas issued to them or make an appropriate motion for a protective order or to quash any Subpoenas; and it is further

 **ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the production or inspection of documents or things on less than fourteen (14) days' notice; and it is further

 **ORDERED**, that the terms and conditions of this Order are immediately effective and enforceable upon its entry; and it is further

 **ORDERED**, that this Order is without prejudice to the rights of the Committee to apply for further discovery from any party or other entity or person; and it is further

 **ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order, including adjudicating any discovery disputes that may arise between or among the parties.

**IT IS SO ORDERED.**

Dated: May 11, 2023
   New York, New York

       **/s/ Martin Glenn**
       MARTIN GLENN
     Chief United States Bankruptcy Judge

# Attachment # 2

# *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
        fgay@selendygay.com
        tagangawilliams@selendygay.com
        cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[43] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS
TO FTX HONG KONG LTD**

           Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "Local District Rules"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[43] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal
tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius
Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network
Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8
USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius
Network LLC's principal place of business and the Debtors' service address in these chapter 11
cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*,

Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al.

(the "Committee"), by and through its undersigned counsel, hereby requests that FTX Hong Kong

Ltd produce documents in response to the requests below within 14 days of service to the Com-

mittee's attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Americas, New York, NY

10104.

## DOCUMENT REQUESTS DEFINITIONS

1.      The singular form of a word includes the plural, and vice versa.

2.      Any tense of a verb includes all tenses.

3.      Any natural person includes that person's agents, assigns, attorneys, employees,

representatives, and successors.

4.      Any entity other than a natural person includes (a) that entity's present and former

agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, em-

ployees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors;

(b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or

owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf

of (a) or (b).

5.      "All," "any," and "each" mean any and all.

6.      "And" and "or" are construed both conjunctively and disjunctively.

7.      "Associated with" includes, but is not limited to, "affiliated with," "corresponding

to," "owned by," "controlled by," and "operated by."

8.      "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain iden-

tified as CEL.

2

9.      "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10.     "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.     "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12.     "FTX User Account" means a user account registered with the FTX Exchange.

13.     "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14.     "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15.     "Including" means including but not limited to.

16.     "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17.     "FTX Address" means a blockchain address associated with an FTX User Account.

18.    "Identified FTX Addresses" means the following FTX Addresses, and, for the avoidance of doubt, each is an "Identified FTX Address":

    a.      0xd84c82dcfb21572b68339f14453bfe39fdc81f74

    b.      0x2be52c6e141a314778b5ea702e8a9dc87b42d126

    c.      0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

    d.      0x44f73a35b995c7a55864209468925bf450cf0a00

    e.      0x1785904b28ad668b4778618f749db6b4a04472ed

    f.      0xd7cf4d9176519142bf64111d713d3f85cdff1b67

    g.      0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

    h.      0xb4e872704625ea0f69f95c856ad49aff44da2ba4

    i.      0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

    j.      0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19.    "You" and "Your" means and refers to any or all the FTX Debtors.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions and for purposes of these Requests, the following Instructions shall be followed:

1.    These Requests seek production of material in Your possession, custody, or control.

2.    These Requests seek production of nonprivileged material.

3.    For each Request, either state that You will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons.

4.    If You object to all or part of a Request, state whether You are withholding any responsive material based on that objection.

5.    If You object to part of a Request, specify the part and state that You will produce documents responsive to the rest.

6.      If You withhold responsive information by claiming that the information is privi-
leged or subject to protection as trial-preparation material, expressly make the claim and describe
the nature of the information privileged or protected in a manner that, without revealing infor-
mation itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document
You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memoran-
dum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author,
addresses, and any other recipients of the Document; (e) where not apparent, the relationships of
the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.      If after responding to any Request You learn that Your response is in some material
respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including
May 1, 2019 through the present.

## REQUESTS

20.      Documents sufficient to identify the FTX User Account(s) associated with each
Identified FTX Address.

21.      Documents sufficient to identify the entity or individual associated with each FTX
User Account identified in response to Request No. 1, including all Know Your Customer Infor-
mation for each such entity or individual.

22.      Documents sufficient to identify all FTX User Account(s) associated with any en-
tity or individual identified in response to Request No. 2, other than FTX User Accounts identified
in response to Request No. 1.

5

23.     Documents sufficient to identify all FTX Address(es) associated with each FTX
User Account identified in response to Request No. 1 and Request No. 3, other than the Identified
FTX Addresses.

24.     Documents sufficient to show when each FTX User Account identified in response
to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.     Documents sufficient to show a complete transaction history for each FTX User
Account identified in response to Request No. 1 and Request No. 3.

26.     Documents sufficient to show all short positions with respect to the CEL Token on
an FTX Exchange from April 1, 2022 to August 30, 2022.

27.     Documents sufficient to identify the FTX Address(es) associated with each short
position identified in response to Request No. 7.

28.     Documents sufficient to identify the FTX User Account(s) associated with each
FTX Address identified in response to Request No. 8.

29.     Documents sufficient to identify the entity or individual associated with each FTX
User Account relating to Request No. 8, including all Know Your Customer Information for each
such entity or individual.

30.     Documents sufficient to show all borrow or loan transactions associated with the
positions identified in response to Request No. 7.

6

Dated:   May 15, 2023

*/s/ Jennifer M. Selendy*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, New York 10104
Tel.: 212-390-9000
jselendy@selendygay.com
fgay@selendygay.com
tagangawilliams@selendygay.com
cobrien@selendygay.com

*Co-Counsel to the Official Committee of
Unsecured Creditors*

7

# Subpoena Package 44

# FTX Japan Holdings K.K.

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 1)

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re CELSIUS NETWORK LLC, et al.,
                  Debtor

Case No. 22-10964 (MG)

Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: FTX Japan Holdings K.K.
3 Chrome-17 Nishikicho Kanda, Chiyoda City
Hirose Building 4F
Tokyo 1010054
Japan

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| | |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

Please see the attached requests for the production of documents.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **05/15/2023**

                  CLERK OF COURT

                                      OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*


Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page )

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

***Ex Parte Order*, Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Official Committee of Unsecured Creditors to Issues *Subpoenas Duce Tecum* Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdiction over the Application; and the Application being a core proceeding; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Limited (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appearing therefor, it is

**ORDERED**, that the Application is granted; and it is further

**ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be, and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

**ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of this Order and any Subpoenas issued to them or make an appropriate motion for a protective order or to quash any Subpoenas; and it is further

**ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the production or inspection of documents or things on less than fourteen (14) days' notice; and it is further

**ORDERED**, that the terms and conditions of this Order are immediately effective and enforceable upon its entry; and it is further

**ORDERED**, that this Order is without prejudice to the rights of the Committee to apply for further discovery from any party or other entity or person; and it is further

**ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order, including adjudicating any discovery disputes that may arise between or among the parties.

**IT IS SO ORDERED.**

Dated: May 11, 2023
         New York, New York

                                   _____/s/ Martin Glenn_____
                                   MARTIN GLENN
                                   Chief United States Bankruptcy Judge

# Attachment # 2

# *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
       fgay@selendygay.com
       tagangawilliams@selendygay.com
       cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[44] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS TO FTX JAPAN HOLDINGS K.K.**

Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "Local District Rules"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[44] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*,

Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al.

(the "Committee"), by and through its undersigned counsel, hereby requests that FTX Japan

Holdings K.K. produce documents in response to the requests below within 14 days of service to

the Committee's attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Americas, New

York, NY 10104.

## DOCUMENT REQUESTS DEFINITIONS

1.      The singular form of a word includes the plural, and vice versa.

2.      Any tense of a verb includes all tenses.

3.      Any natural person includes that person's agents, assigns, attorneys, employees,

representatives, and successors.

4.      Any entity other than a natural person includes (a) that entity's present and former

agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, em-

ployees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors;

(b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or

owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf

of (a) or (b).

5.      "All," "any," and "each" mean any and all.

6.      "And" and "or" are construed both conjunctively and disjunctively.

7.      "Associated with" includes, but is not limited to, "affiliated with," "corresponding

to," "owned by," "controlled by," and "operated by."

8.      "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain iden-

tified as CEL.

2

9.      "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10.      "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.      "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12.      "FTX User Account" means a user account registered with the FTX Exchange.

13.      "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14.      "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15.      "Including" means including but not limited to.

16.      "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17.      "FTX Address" means a blockchain address associated with an FTX User Account.

3

18.    "Identified FTX Addresses" means the following FTX Addresses, and, for the avoidance of doubt, each is an "Identified FTX Address":

    a.    0xd84c82dcfb21572b68339f14453bfe39fdc81f74

    b.    0x2be52c6e141a314778b5ea702e8a9dc87b42d126

    c.    0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

    d.    0x44f73a35b995c7a55864209468925bf450cf0a00

    e.    0x1785904b28ad668b4778618f749db6b4a04472ed

    f.    0xd7cf4d9176519142bf64111d713d3f85cdff1b67

    g.    0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

    h.    0xb4e872704625ea0f69f95c856ad49aff44da2ba4

    i.    0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

    j.    0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19.    "You" and "Your" means and refers to any or all the FTX Debtors.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions and for purposes of these Requests, the following Instructions shall be followed:

1.    These Requests seek production of material in Your possession, custody, or control.

2.    These Requests seek production of nonprivileged material.

3.    For each Request, either state that You will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons.

4.    If You object to all or part of a Request, state whether You are withholding any responsive material based on that objection.

5.    If You object to part of a Request, specify the part and state that You will produce documents responsive to the rest.

4

6.      If You withhold responsive information by claiming that the information is privileged or subject to protection as trial-preparation material, expressly make the claim and describe the nature of the information privileged or protected in a manner that, without revealing information itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memorandum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author, addresses, and any other recipients of the Document; (e) where not apparent, the relationships of the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.      If after responding to any Request You learn that Your response is in some material respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including May 1, 2019 through the present.

## REQUESTS

20.     Documents sufficient to identify the FTX User Account(s) associated with each Identified FTX Address.

21.     Documents sufficient to identify the entity or individual associated with each FTX User Account identified in response to Request No. 1, including all Know Your Customer Information for each such entity or individual.

22.     Documents sufficient to identify all FTX User Account(s) associated with any entity or individual identified in response to Request No. 2, other than FTX User Accounts identified in response to Request No. 1.

23.      Documents sufficient to identify all FTX Address(es) associated with each FTX User Account identified in response to Request No. 1 and Request No. 3, other than the Identified FTX Addresses.

24.      Documents sufficient to show when each FTX User Account identified in response to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.      Documents sufficient to show a complete transaction history for each FTX User Account identified in response to Request No. 1 and Request No. 3.

26.      Documents sufficient to show all short positions with respect to the CEL Token on an FTX Exchange from April 1, 2022 to August 30, 2022.

27.      Documents sufficient to identify the FTX Address(es) associated with each short position identified in response to Request No. 7.

28.      Documents sufficient to identify the FTX User Account(s) associated with each FTX Address identified in response to Request No. 8.

29.      Documents sufficient to identify the entity or individual associated with each FTX User Account relating to Request No. 8, including all Know Your Customer Information for each such entity or individual.

30.      Documents sufficient to show all borrow or loan transactions associated with the positions identified in response to Request No. 7.

6

Dated:    May 15, 2023

*/s/ Jennifer M. Selendy*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, New York 10104
Tel.: 212-390-9000
jselendy@selendygay.com
fgay@selendygay.com
tagangawilliams@selendygay.com
cobrien@selendygay.com

*Co-Counsel to the Official Committee of
Unsecured Creditors*

# Subpoena Package 45

# FTX Japan K.K.

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 1)
B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re CELSIUS NETWORK LLC, et al.,  
                Debtor

Case No. 22-10964 (MG)

Chapter 11

### SUBPOENA FOR RULE 2004 EXAMINATION

To: FTX Japan K.K.  
3 Chrome-17 Nishikicho Kanda, Chiyoda City Hirose Building 4F  
Tokyo 1010054  
Japan

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

Please see the attached requests for the production of documents.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **05/15/2023**

CLERK OF COURT

OR

_____  
*Signature of Clerk or Deputy Clerk*

_____  
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors  who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


I declare under penalty of perjury that this information is true and correct.

Date: _____


_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*


Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

*Ex Parte Order*, **Pursuant to Fed. R. Bankr.
P. 2004, Authorizing the Official Committee
of Unsecured Creditors to Issues** *Subpoenas
Duce Tecum* **Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdiction over the Application; and the Application being a core proceeding; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Limited (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appearing therefor, it is

     **ORDERED**, that the Application is granted; and it is further

     **ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be, and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

     **ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of this Order and any Subpoenas issued to them or make an appropriate motion for a protective order or to quash any Subpoenas; and it is further

     **ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the production or inspection of documents or things on less than fourteen (14) days' notice; and it is further

     **ORDERED**, that the terms and conditions of this Order are immediately effective and enforceable upon its entry; and it is further

     **ORDERED**, that this Order is without prejudice to the rights of the Committee to apply for further discovery from any party or other entity or person; and it is further

     **ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order, including adjudicating any discovery disputes that may arise between or among the parties.

**IT IS SO ORDERED.**

Dated:  May 11, 2023
      New York, New York

                            **/s/ Martin Glenn**
                             MARTIN GLENN
                  Chief United States Bankruptcy Judge

# Attachment # 2

# *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY 10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
      fgay@selendygay.com
      tagangawilliams@selendygay.com
      cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[45] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS
TO FTX JAPAN K.K.**

Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "Local District Rules"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[45] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal
tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius
Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network
Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8
USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius
Network LLC's principal place of business and the Debtors' service address in these chapter 11
cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*,
Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al.
(the "Committee"), by and through its undersigned counsel, hereby requests that FTX Japan K.K.
produce documents in response to the requests below within 14 days of service to the Committee's
attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Americas, New York, NY 10104.

## DOCUMENT REQUESTS DEFINITIONS

1.      The singular form of a word includes the plural, and vice versa.

2.      Any tense of a verb includes all tenses.

3.      Any natural person includes that person's agents, assigns, attorneys, employees,
representatives, and successors.

4.      Any entity other than a natural person includes (a) that entity's present and former
agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, em-
ployees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors;
(b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or
owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf
of (a) or (b).

5.      "All," "any," and "each" mean any and all.

6.      "And" and "or" are construed both conjunctively and disjunctively.

7.      "Associated with" includes, but is not limited to, "affiliated with," "corresponding
to," "owned by," "controlled by," and "operated by."

8.      "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain iden-
tified as CEL.

2

9.     "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10.     "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.     "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12.     "FTX User Account" means a user account registered with the FTX Exchange.

13.     "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14.     "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15.     "Including" means including but not limited to.

16.     "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17.     "FTX Address" means a blockchain address associated with an FTX User Account.

3

18.    "Identified FTX Addresses" means the following FTX Addresses, and, for the avoidance of doubt, each is an "Identified FTX Address":

    a.    0xd84c82dcfb21572b68339f14453bfe39fdc81f74

    b.    0x2be52c6e141a314778b5ea702e8a9dc87b42d126

    c.    0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

    d.    0x44f73a35b995c7a55864209468925bf450cf0a00

    e.    0x1785904b28ad668b4778618f749db6b4a04472ed

    f.    0xd7cf4d9176519142bf64111d713d3f85cdff1b67

    g.    0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

    h.    0xb4e872704625ea0f69f95c856ad49aff44da2ba4

    i.    0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

    j.    0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19.    "You" and "Your" means and refers to any or all the FTX Debtors.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions and for purposes of these Requests, the following Instructions shall be followed:

1.    These Requests seek production of material in Your possession, custody, or control.

2.    These Requests seek production of nonprivileged material.

3.    For each Request, either state that You will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons.

4.    If You object to all or part of a Request, state whether You are withholding any responsive material based on that objection.

5.    If You object to part of a Request, specify the part and state that You will produce documents responsive to the rest.

4

6.      If You withhold responsive information by claiming that the information is privi-leged or subject to protection as trial-preparation material, expressly make the claim and describe the nature of the information privileged or protected in a manner that, without revealing infor-mation itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memoran-dum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author, addresses, and any other recipients of the Document; (e) where not apparent, the relationships of the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.      If after responding to any Request You learn that Your response is in some material respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including May 1, 2019 through the present.

## REQUESTS

20.      Documents sufficient to identify the FTX User Account(s) associated with each Identified FTX Address.

21.      Documents sufficient to identify the entity or individual associated with each FTX User Account identified in response to Request No. 1, including all Know Your Customer Infor-mation for each such entity or individual.

22.      Documents sufficient to identify all FTX User Account(s) associated with any en-tity or individual identified in response to Request No. 2, other than FTX User Accounts identified in response to Request No. 1.

5

23.      Documents sufficient to identify all FTX Address(es) associated with each FTX User Account identified in response to Request No. 1 and Request No. 3, other than the Identified FTX Addresses.

24.      Documents sufficient to show when each FTX User Account identified in response to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.      Documents sufficient to show a complete transaction history for each FTX User Account identified in response to Request No. 1 and Request No. 3.

26.      Documents sufficient to show all short positions with respect to the CEL Token on an FTX Exchange from April 1, 2022 to August 30, 2022.

27.      Documents sufficient to identify the FTX Address(es) associated with each short position identified in response to Request No. 7.

28.      Documents sufficient to identify the FTX User Account(s) associated with each FTX Address identified in response to Request No. 8.

29.      Documents sufficient to identify the entity or individual associated with each FTX User Account relating to Request No. 8, including all Know Your Customer Information for each such entity or individual.

30.      Documents sufficient to show all borrow or loan transactions associated with the positions identified in response to Request No. 7.

6

Dated:    May 15, 2023

*/s/ Jennifer M. Selendy*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, New York 10104
Tel.: 212-390-9000
jselendy@selendygay.com
fgay@selendygay.com
tagangawilliams@selendygay.com
cobrien@selendygay.com

*Co-Counsel to the Official Committee of
Unsecured Creditors*

# Subpoena Package 46

# FTX Japan Services KK

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 1)

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re CELSIUS NETWORK LLC, et al.,    Case No. 22-10964 (MG)
  Debtor

Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: FTX Japan Services KK
3 Chrome-17 Nishikicho Kanda, Chiyoda City Hirose Building 4F
Tokyo 1010054
Japan

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|-------|---------------|
|       |               |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

  Please see the attached requests for the production of documents.

    The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  **05/15/2023**

              CLERK OF COURT

                                    OR

  _____
  *Signature of Clerk or Deputy Clerk*

                        _____
                        *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors  who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 1)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or transacts business in person, if the person
     (i) is a party or a party's officer; or
     (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     (i) fails to allow a reasonable time to comply;
     (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
     (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     (i) disclosing a trade secret or other confidential research, development, or commercial information; or

     (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     (i) expressly make the claim; and
     (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

***Ex Parte Order***, **Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Official Committee of Unsecured Creditors to Issues *Subpoenas Duce Tecum* Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

## *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured

Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter

11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the

"Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New

York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collec-

tively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdic-

tion over the Application; and the Application being a core proceeding; and venue of this pro-

ceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court

having found that the relief requested in the Application is in the best interest of the Debtors' es-

tates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Limited (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appearing therefor, it is

    **ORDERED**, that the Application is granted; and it is further

    **ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be, and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

    **ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of this Order and any Subpoenas issued to them or make an appropriate motion for a protective order or to quash any Subpoenas; and it is further

    **ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the production or inspection of documents or things on less than fourteen (14) days' notice; and it is further

    **ORDERED**, that the terms and conditions of this Order are immediately effective and enforceable upon its entry; and it is further

    **ORDERED**, that this Order is without prejudice to the rights of the Committee to apply for further discovery from any party or other entity or person; and it is further

    **ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order, including adjudicating any discovery disputes that may arise between or among the parties.

**IT IS SO ORDERED.**

Dated:  May 11, 2023
      New York, New York

 

                             **/s/ Martin Glenn**
                               MARTIN GLENN
               Chief United States Bankruptcy Judge

# Attachment # 2

# *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY 10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
        fgay@selendygay.com
        tagangawilliams@selendygay.com
        cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[46] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS
TO FTX JAPAN SERVICES KK**

Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "Local District Rules"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[46] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal
tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius
Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network
Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8
USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius
Network LLC's principal place of business and the Debtors' service address in these chapter 11
cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*,

Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al.

(the "Committee"), by and through its undersigned counsel, hereby requests that FTX Japan

Services KK produce documents in response to the requests below within 14 days of service to the

Committee's attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Americas, New York,

NY 10104.

## DOCUMENT REQUESTS DEFINITIONS

1.      The singular form of a word includes the plural, and vice versa.

2.      Any tense of a verb includes all tenses.

3.      Any natural person includes that person's agents, assigns, attorneys, employees, representatives, and successors.

4.      Any entity other than a natural person includes (a) that entity's present and former agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, employees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors; (b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf of (a) or (b).

5.      "All," "any," and "each" mean any and all.

6.      "And" and "or" are construed both conjunctively and disjunctively.

7.      "Associated with" includes, but is not limited to, "affiliated with," "corresponding to," "owned by," "controlled by," and "operated by."

8.      "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain identified as CEL.

2

9.      "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10.     "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.     "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12.     "FTX User Account" means a user account registered with the FTX Exchange.

13.     "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14.     "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15.     "Including" means including but not limited to.

16.     "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17.     "FTX Address" means a blockchain address associated with an FTX User Account.

3

18.    "Identified FTX Addresses" means the following FTX Addresses, and, for the avoidance of doubt, each is an "Identified FTX Address":

    a.    0xd84c82dcfb21572b68339f14453bfe39fdc81f74

    b.    0x2be52c6e141a314778b5ea702e8a9dc87b42d126

    c.    0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

    d.    0x44f73a35b995c7a55864209468925bf450cf0a00

    e.    0x1785904b28ad668b4778618f749db6b4a04472ed

    f.    0xd7cf4d9176519142bf64111d713d3f85cdff1b67

    g.    0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

    h.    0xb4e872704625ea0f69f95c856ad49aff44da2ba4

    i.    0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

    j.    0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19.    "You" and "Your" means and refers to any or all the FTX Debtors.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions and for purposes of these Requests, the following Instructions shall be followed:

1.    These Requests seek production of material in Your possession, custody, or control.

2.    These Requests seek production of nonprivileged material.

3.    For each Request, either state that You will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons.

4.    If You object to all or part of a Request, state whether You are withholding any responsive material based on that objection.

5.    If You object to part of a Request, specify the part and state that You will produce documents responsive to the rest.

4

6.      If You withhold responsive information by claiming that the information is privi-
leged or subject to protection as trial-preparation material, expressly make the claim and describe
the nature of the information privileged or protected in a manner that, without revealing infor-
mation itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document
You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memoran-
dum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author,
addresses, and any other recipients of the Document; (e) where not apparent, the relationships of
the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.      If after responding to any Request You learn that Your response is in some material
respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including
May 1, 2019 through the present.

## REQUESTS

20.      Documents sufficient to identify the FTX User Account(s) associated with each
Identified FTX Address.

21.      Documents sufficient to identify the entity or individual associated with each FTX
User Account identified in response to Request No. 1, including all Know Your Customer Infor-
mation for each such entity or individual.

22.      Documents sufficient to identify all FTX User Account(s) associated with any en-
tity or individual identified in response to Request No. 2, other than FTX User Accounts identified
in response to Request No. 1.

23.      Documents sufficient to identify all FTX Address(es) associated with each FTX
User Account identified in response to Request No. 1 and Request No. 3, other than the Identified
FTX Addresses.

24.      Documents sufficient to show when each FTX User Account identified in response
to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.      Documents sufficient to show a complete transaction history for each FTX User
Account identified in response to Request No. 1 and Request No. 3.

26.      Documents sufficient to show all short positions with respect to the CEL Token on
an FTX Exchange from April 1, 2022 to August 30, 2022.

27.      Documents sufficient to identify the FTX Address(es) associated with each short
position identified in response to Request No. 7.

28.      Documents sufficient to identify the FTX User Account(s) associated with each
FTX Address identified in response to Request No. 8.

29.      Documents sufficient to identify the entity or individual associated with each FTX
User Account relating to Request No. 8, including all Know Your Customer Information for each
such entity or individual.

30.      Documents sufficient to show all borrow or loan transactions associated with the
positions identified in response to Request No. 7.

Dated:   May 15, 2023

*/s/ Jennifer M. Selendy*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, New York 10104
Tel.: 212-390-9000
jselendy@selendygay.com
fgay@selendygay.com
tagangawilliams@selendygay.com
cobrien@selendygay.com

*Co-Counsel to the Official Committee of
Unsecured Creditors*

# Subpoena Package 47

# FTX Lend Inc.

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 1)

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re CELSIUS NETWORK LLC, et al.,
             Debtor

Case No. 22-10964 (MG)

Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: FTX Lend Inc.
    167 N Green Street, Suite 1102
    Chicago, IL 60607

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

  Please see the attached requests for the production of documents.

      The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **05/15/2023**

           CLERK OF COURT

                                  OR

        _____
        *Signature of Clerk or Deputy Clerk*

                                _____
                                  *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors  who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page )

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

***Ex Parte Order*, Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Official Committee of Unsecured Creditors to Issues *Subpoenas Duce Tecum* Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdiction over the Application; and the Application being a core proceeding; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appear-

ing therefor, it is

**ORDERED**, that the Application is granted; and it is further

**ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be,

and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

**ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of

this Order and any Subpoenas issued to them or make an appropriate motion for a protective or-

der or to quash any Subpoenas; and it is further

**ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the pro-

duction or inspection of documents or things on less than fourteen (14) days' notice; and it is fur-

ther

**ORDERED**, that the terms and conditions of this Order are immediately effective and

enforceable upon its entry; and it is further

**ORDERED**, that this Order is without prejudice to the rights of the Committee to apply

for further discovery from any party or other entity or person; and it is further

**ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce

the terms and provisions of this Order, including adjudicating any discovery disputes that may

arise between or among the parties.

**IT IS SO ORDERED.**

Dated:  May 11, 2023
     New York, New York

_____
**/s/ Martin Glenn**
MARTIN GLENN
Chief United States Bankruptcy Judge

# Attachment # 2

# *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
          fgay@selendygay.com
          tagangawilliams@selendygay.com
          cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[47] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS
TO FTX LEND INC.**

Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "Local District Rules"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[47] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal
tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius
Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network
Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8
USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius
Network LLC's principal place of business and the Debtors' service address in these chapter 11
cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*,
Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al.
(the "Committee"), by and through its undersigned counsel, hereby requests that FTX Lend Inc.
produce documents in response to the requests below within 14 days of service to the Committee's
attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Americas, New York, NY 10104.

## DOCUMENT REQUESTS DEFINITIONS

1.       The singular form of a word includes the plural, and vice versa.

2.       Any tense of a verb includes all tenses.

3.       Any natural person includes that person's agents, assigns, attorneys, employees,
representatives, and successors.

4.       Any entity other than a natural person includes (a) that entity's present and former
agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, em-
ployees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors;
(b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or
owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf
of (a) or (b).

5.       "All," "any," and "each" mean any and all.

6.       "And" and "or" are construed both conjunctively and disjunctively.

7.       "Associated with" includes, but is not limited to, "affiliated with," "corresponding
to," "owned by," "controlled by," and "operated by."

8.       "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain iden-
tified as CEL.

2

9.      "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10.     "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.     "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12.     "FTX User Account" means a user account registered with the FTX Exchange.

13.     "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14.     "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15.     "Including" means including but not limited to.

16.     "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17.     "FTX Address" means a blockchain address associated with an FTX User Account.

3

18.    "Identified FTX Addresses" means the following FTX Addresses, and, for the

avoidance of doubt, each is an "Identified FTX Address":

    a.       0xd84c82dcfb21572b68339f14453bfe39fdc81f74

    b.       0x2be52c6e141a314778b5ea702e8a9dc87b42d126

    c.       0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

    d.       0x44f73a35b995c7a55864209468925bf450cf0a00

    e.       0x1785904b28ad668b4778618f749db6b4a04472ed

    f.       0xd7cf4d9176519142bf64111d713d3f85cdff1b67

    g.       0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

    h.       0xb4e872704625ea0f69f95c856ad49aff44da2ba4

    i.       0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

    j.       0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19.    "You" and "Your" means and refers to any or all the FTX Debtors.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions and for purposes of these

Requests, the following Instructions shall be followed:

1.    These Requests seek production of material in Your possession, custody, or control.

2.    These Requests seek production of nonprivileged material.

3.    For each Request, either state that You will produce the requested material or state

with specificity the grounds for objecting to the Request, including the reasons.

4.    If You object to all or part of a Request, state whether You are withholding any

responsive material based on that objection.

5.    If You object to part of a Request, specify the part and state that You will produce

documents responsive to the rest.

4

6.      If You withhold responsive information by claiming that the information is privi-
leged or subject to protection as trial-preparation material, expressly make the claim and describe
the nature of the information privileged or protected in a manner that, without revealing infor-
mation itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document
You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memoran-
dum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author,
addresses, and any other recipients of the Document; (e) where not apparent, the relationships of
the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.      If after responding to any Request You learn that Your response is in some material
respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including
May 1, 2019 through the present.

## REQUESTS

20.     Documents sufficient to identify the FTX User Account(s) associated with each
Identified FTX Address.

21.     Documents sufficient to identify the entity or individual associated with each FTX
User Account identified in response to Request No. 1, including all Know Your Customer Infor-
mation for each such entity or individual.

22.     Documents sufficient to identify all FTX User Account(s) associated with any en-
tity or individual identified in response to Request No. 2, other than FTX User Accounts identified
in response to Request No. 1.

5

23.     Documents sufficient to identify all FTX Address(es) associated with each FTX User Account identified in response to Request No. 1 and Request No. 3, other than the Identified FTX Addresses.

24.     Documents sufficient to show when each FTX User Account identified in response to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.     Documents sufficient to show a complete transaction history for each FTX User Account identified in response to Request No. 1 and Request No. 3.

26.     Documents sufficient to show all short positions with respect to the CEL Token on an FTX Exchange from April 1, 2022 to August 30, 2022.

27.     Documents sufficient to identify the FTX Address(es) associated with each short position identified in response to Request No. 7.

28.     Documents sufficient to identify the FTX User Account(s) associated with each FTX Address identified in response to Request No. 8.

29.     Documents sufficient to identify the entity or individual associated with each FTX User Account relating to Request No. 8, including all Know Your Customer Information for each such entity or individual.

30.     Documents sufficient to show all borrow or loan transactions associated with the positions identified in response to Request No. 7.

6

Dated:   May 15, 2023

*/s/ Jennifer M. Selendy*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, New York 10104
Tel.: 212-390-9000
jselendy@selendygay.com
fgay@selendygay.com
tagangawilliams@selendygay.com
cobrien@selendygay.com

*Co-Counsel to the Official Committee of
Unsecured Creditors*

# Subpoena Package 48

# FTX Marketplace, Inc.

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 1)

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re CELSIUS NETWORK LLC, et al.,

Debtor

Case No. 22-10964 (MG)

Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: FTX Marketplace, Inc.
167 N Green Street, Suite 1102
Chicago, IL 60607

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|-------|---------------|
|       |               |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

Please see the attached requests for the production of documents.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **05/15/2023**

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page )

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

***Ex Parte Order*, Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Official Committee of Unsecured Creditors to Issues *Subpoenas Duce Tecum* Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:                                              Chapter 11

CELSIUS NETWORK LLC, *et al.*,[1]                   Case No. 22-10964 (MG)

Debtors.                                            (Jointly Administered)

### *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdiction over the Application; and the Application being a core proceeding; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Limited (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appearing therefor, it is

      **ORDERED**, that the Application is granted; and it is further

      **ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be, and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

      **ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of this Order and any Subpoenas issued to them or make an appropriate motion for a protective order or to quash any Subpoenas; and it is further

      **ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the production or inspection of documents or things on less than fourteen (14) days' notice; and it is further

      **ORDERED**, that the terms and conditions of this Order are immediately effective and enforceable upon its entry; and it is further

      **ORDERED**, that this Order is without prejudice to the rights of the Committee to apply for further discovery from any party or other entity or person; and it is further

      **ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order, including adjudicating any discovery disputes that may arise between or among the parties.

**IT IS SO ORDERED.**

Dated: May 11, 2023
     New York, New York

                                **/s/ Martin Glenn**
                                   MARTIN GLENN
                     Chief United States Bankruptcy Judge

# Attachment # 2

## *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
        fgay@selendygay.com
        taganagawilliams@selendygay.com
        cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[48] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS
TO FTX MARKETPLACE, INC.**

                Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "Local District Rules"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[48] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal
tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius
Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network
Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8
USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius
Network LLC's principal place of business and the Debtors' service address in these chapter 11
cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*,

Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al.

(the "Committee"), by and through its undersigned counsel, hereby requests that FTX

Marketplace, Inc. produce documents in response to the requests below within 14 days of service

to the Committee's attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Americas, New

York, NY 10104.

### DOCUMENT REQUESTS DEFINITIONS

1.      The singular form of a word includes the plural, and vice versa.

2.      Any tense of a verb includes all tenses.

3.      Any natural person includes that person's agents, assigns, attorneys, employees,

representatives, and successors.

4.      Any entity other than a natural person includes (a) that entity's present and former

agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, em-

ployees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors;

(b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or

owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf

of (a) or (b).

5.      "All," "any," and "each" mean any and all.

6.      "And" and "or" are construed both conjunctively and disjunctively.

7.      "Associated with" includes, but is not limited to, "affiliated with," "corresponding

to," "owned by," "controlled by," and "operated by."

8.      "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain iden-

tified as CEL.

2

9.      "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10.      "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.      "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12.      "FTX User Account" means a user account registered with the FTX Exchange.

13.      "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14.      "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15.      "Including" means including but not limited to.

16.      "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17.      "FTX Address" means a blockchain address associated with an FTX User Account.

3

18.    "Identified FTX Addresses" means the following FTX Addresses, and, for the avoidance of doubt, each is an "Identified FTX Address":

a.    0xd84c82dcfb21572b68339f14453bfe39fdc81f74

b.    0x2be52c6e141a314778b5ea702e8a9dc87b42d126

c.    0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

d.    0x44f73a35b995c7a55864209468925bf450cf0a00

e.    0x1785904b28ad668b4778618f749db6b4a04472ed

f.    0xd7cf4d9176519142bf64111d713d3f85cdff1b67

g.    0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

h.    0xb4e872704625ea0f69f95c856ad49aff44da2ba4

i.    0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

j.    0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19.    "You" and "Your" means and refers to any or all the FTX Debtors.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions and for purposes of these Requests, the following Instructions shall be followed:

1.    These Requests seek production of material in Your possession, custody, or control.

2.    These Requests seek production of nonprivileged material.

3.    For each Request, either state that You will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons.

4.    If You object to all or part of a Request, state whether You are withholding any responsive material based on that objection.

5.    If You object to part of a Request, specify the part and state that You will produce documents responsive to the rest.

4

6.      If You withhold responsive information by claiming that the information is privi-
leged or subject to protection as trial-preparation material, expressly make the claim and describe
the nature of the information privileged or protected in a manner that, without revealing infor-
mation itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document
You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memoran-
dum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author,
addresses, and any other recipients of the Document; (e) where not apparent, the relationships of
the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.      If after responding to any Request You learn that Your response is in some material
respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including
May 1, 2019 through the present.

## REQUESTS

20.      Documents sufficient to identify the FTX User Account(s) associated with each
Identified FTX Address.

21.      Documents sufficient to identify the entity or individual associated with each FTX
User Account identified in response to Request No. 1, including all Know Your Customer Infor-
mation for each such entity or individual.

22.      Documents sufficient to identify all FTX User Account(s) associated with any en-
tity or individual identified in response to Request No. 2, other than FTX User Accounts identified
in response to Request No. 1.

5

23.     Documents sufficient to identify all FTX Address(es) associated with each FTX User Account identified in response to Request No. 1 and Request No. 3, other than the Identified FTX Addresses.

24.     Documents sufficient to show when each FTX User Account identified in response to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.     Documents sufficient to show a complete transaction history for each FTX User Account identified in response to Request No. 1 and Request No. 3.

26.     Documents sufficient to show all short positions with respect to the CEL Token on an FTX Exchange from April 1, 2022 to August 30, 2022.

27.     Documents sufficient to identify the FTX Address(es) associated with each short position identified in response to Request No. 7.

28.     Documents sufficient to identify the FTX User Account(s) associated with each FTX Address identified in response to Request No. 8.

29.     Documents sufficient to identify the entity or individual associated with each FTX User Account relating to Request No. 8, including all Know Your Customer Information for each such entity or individual.

30.     Documents sufficient to show all borrow or loan transactions associated with the positions identified in response to Request No. 7.

Dated:    May 15, 2023

*/s/ Jennifer M. Selendy*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, New York 10104
Tel.: 212-390-9000
jselendy@selendygay.com
fgay@selendygay.com
tagangawilliams@selendygay.com
cobrien@selendygay.com

*Co-Counsel to the Official Committee of
Unsecured Creditors*

# Subpoena Package 49

# FTX Products (Singapore) Pte Ltd

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re CELSIUS NETWORK LLC, et al.,  Case No. 22-10964 (MG)
Debtor

Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: FTX Products (Singapore) Pte Ltd
1 George Street #10-11
Singapore 049145
Singapore

☐ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The examination will be recorded by this method: _____

☒ *Production*: You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

 Please see the attached requests for the production of documents.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  **05/15/2023**

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors  who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an untrained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

**_Ex Parte Order_, Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Official Committee of Unsecured Creditors to Issues _Subpoenas Duce Tecum_ Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdiction over the Application; and the Application being a core proceeding; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Limited (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appearing therefor, it is

    **ORDERED**, that the Application is granted; and it is further

    **ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be, and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

    **ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of this Order and any Subpoenas issued to them or make an appropriate motion for a protective order or to quash any Subpoenas; and it is further

    **ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the production or inspection of documents or things on less than fourteen (14) days' notice; and it is further

    **ORDERED**, that the terms and conditions of this Order are immediately effective and enforceable upon its entry; and it is further

    **ORDERED**, that this Order is without prejudice to the rights of the Committee to apply for further discovery from any party or other entity or person; and it is further

    **ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order, including adjudicating any discovery disputes that may arise between or among the parties.

**IT IS SO ORDERED.**

Dated:  May 11, 2023
      New York, New York

                                      **/s/ Martin Glenn**
                                        MARTIN GLENN
                         Chief United States Bankruptcy Judge

# Attachment # 2

# *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
    fgay@selendygay.com
    taganawilliams@selendygay.com
    cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[49] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS
TO FTX PRODUCTS (SINGAPORE) PTE LTD**

Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "Local District Rules"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[49] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal
tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius
Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network
Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8
USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius
Network LLC's principal place of business and the Debtors' service address in these chapter 11
cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*,
Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al.
(the "Committee"), by and through its undersigned counsel, hereby requests that FTX Products
(Singapore) Pte Ltd produce documents in response to the requests below within 14 days of service
to the Committee's attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Americas, New
York, NY 10104.

## DOCUMENT REQUESTS DEFINITIONS

1.      The singular form of a word includes the plural, and vice versa.

2.      Any tense of a verb includes all tenses.

3.      Any natural person includes that person's agents, assigns, attorneys, employees,
representatives, and successors.

4.      Any entity other than a natural person includes (a) that entity's present and former
agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, em-
ployees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors;
(b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or
owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf
of (a) or (b).

5.      "All," "any," and "each" mean any and all.

6.      "And" and "or" are construed both conjunctively and disjunctively.

7.      "Associated with" includes, but is not limited to, "affiliated with," "corresponding
to," "owned by," "controlled by," and "operated by."

8.      "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain iden-
tified as CEL.

2

9.      "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10.      "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.      "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12.      "FTX User Account" means a user account registered with the FTX Exchange.

13.      "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14.      "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15.      "Including" means including but not limited to.

16.      "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17.      "FTX Address" means a blockchain address associated with an FTX User Account.

3

18.     "Identified FTX Addresses" means the following FTX Addresses, and, for the
avoidance of doubt, each is an "Identified FTX Address":

    a.    0xd84c82dcfb21572b68339f14453bfe39fdc81f74

    b.    0x2be52c6e141a314778b5ea702e8a9dc87b42d126

    c.    0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

    d.    0x44f73a35b995c7a55864209468925bf450cf0a00

    e.    0x1785904b28ad668b4778618f749db6b4a04472ed

    f.    0xd7cf4d9176519142bf64111d713d3f85cdff1b67

    g.    0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

    h.    0xb4e872704625ea0f69f95c856ad49aff44da2ba4

    i.    0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

    j.    0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19.     "You" and "Your" means and refers to any or all the FTX Debtors.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions and for purposes of these
Requests, the following Instructions shall be followed:

1.     These Requests seek production of material in Your possession, custody, or control.

2.     These Requests seek production of nonprivileged material.

3.     For each Request, either state that You will produce the requested material or state
with specificity the grounds for objecting to the Request, including the reasons.

4.     If You object to all or part of a Request, state whether You are withholding any
responsive material based on that objection.

5.     If You object to part of a Request, specify the part and state that You will produce
documents responsive to the rest.

4

6.      If You withhold responsive information by claiming that the information is privi-
leged or subject to protection as trial-preparation material, expressly make the claim and describe
the nature of the information privileged or protected in a manner that, without revealing infor-
mation itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document
You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memoran-
dum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author,
addresses, and any other recipients of the Document; (e) where not apparent, the relationships of
the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.      If after responding to any Request You learn that Your response is in some material
respect incomplete or incorrect, supplement or correct Your response in a timely manner.

### RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including
May 1, 2019 through the present.

### REQUESTS

20.      Documents sufficient to identify the FTX User Account(s) associated with each
Identified FTX Address.

21.      Documents sufficient to identify the entity or individual associated with each FTX
User Account identified in response to Request No. 1, including all Know Your Customer Infor-
mation for each such entity or individual.

22.      Documents sufficient to identify all FTX User Account(s) associated with any en-
tity or individual identified in response to Request No. 2, other than FTX User Accounts identified
in response to Request No. 1.

5

23.    Documents sufficient to identify all FTX Address(es) associated with each FTX User Account identified in response to Request No. 1 and Request No. 3, other than the Identified FTX Addresses.

24.    Documents sufficient to show when each FTX User Account identified in response to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.    Documents sufficient to show a complete transaction history for each FTX User Account identified in response to Request No. 1 and Request No. 3.

26.    Documents sufficient to show all short positions with respect to the CEL Token on an FTX Exchange from April 1, 2022 to August 30, 2022.

27.    Documents sufficient to identify the FTX Address(es) associated with each short position identified in response to Request No. 7.

28.    Documents sufficient to identify the FTX User Account(s) associated with each FTX Address identified in response to Request No. 8.

29.    Documents sufficient to identify the entity or individual associated with each FTX User Account relating to Request No. 8, including all Know Your Customer Information for each such entity or individual.

30.    Documents sufficient to show all borrow or loan transactions associated with the positions identified in response to Request No. 7.

6

Dated:   May 15, 2023                    */s/ Jennifer M. Selendy*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, New York 10104
Tel.: 212-390-9000
jselendy@selendygay.com
fgay@selendygay.com
tagangawilliams@selendygay.com
cobrien@selendygay.com

*Co-Counsel to the Official Committee of
Unsecured Creditors*

# Subpoena Package 50

# FTX Property Holdings Ltd

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 1)

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re CELSIUS NETWORK LLC, et al.,
                    Debtor

Case No. 22-10964 (MG)

Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: FTX Property Holdings Ltd
G.K. Symonette Building, Shirley Street
Nassau, New Providence
Bahamas

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|-------|---------------|
|       |               |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

  Please see the attached requests for the production of documents.

        The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  **05/15/2023**

                    CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors  who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


        I declare under penalty of perjury that this information is true and correct.

Date: _____


_____
                                              *Server's signature*


_____
                                              *Printed name and title*


_____
                                              *Server's address*


Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page )

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

***Ex Parte Order*, Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Official Committee of Unsecured Creditors to Issues *Subpoenas Duce Tecum* Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdiction over the Application; and the Application being a core proceeding; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Limited (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appearing therefor, it is

**ORDERED**, that the Application is granted; and it is further

**ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be, and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

**ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of this Order and any Subpoenas issued to them or make an appropriate motion for a protective order or to quash any Subpoenas; and it is further

**ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the production or inspection of documents or things on less than fourteen (14) days' notice; and it is further

**ORDERED**, that the terms and conditions of this Order are immediately effective and enforceable upon its entry; and it is further

**ORDERED**, that this Order is without prejudice to the rights of the Committee to apply for further discovery from any party or other entity or person; and it is further

**ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order, including adjudicating any discovery disputes that may arise between or among the parties.

**IT IS SO ORDERED.**

Dated:  May 11, 2023
　　　　New York, New York

　　　　　　　　　　　　　　　　　　　　　　　**/s/ Martin Glenn**
　　　　　　　　　　　　　　　　　　　　　　MARTIN GLENN
　　　　　　　　　　　　　　　　　Chief United States Bankruptcy Judge

# Attachment # 2

## *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
        fgay@selendygay.com
        taganagawilliams@selendygay.com
        cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[50] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS TO FTX PROPERTY HOLDINGS LTD**

Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "Local District Rules"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[50] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*, Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al. (the "Committee"), by and through its undersigned counsel, hereby requests that FTX Property Holdings Ltd produce documents in response to the requests below within 14 days of service to the Committee's attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Americas, New York, NY 10104.

## DOCUMENT REQUESTS DEFINITIONS

1.    The singular form of a word includes the plural, and vice versa.

2.    Any tense of a verb includes all tenses.

3.    Any natural person includes that person's agents, assigns, attorneys, employees, representatives, and successors.

4.    Any entity other than a natural person includes (a) that entity's present and former agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, employees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors; (b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf of (a) or (b).

5.    "All," "any," and "each" mean any and all.

6.    "And" and "or" are construed both conjunctively and disjunctively.

7.    "Associated with" includes, but is not limited to, "affiliated with," "corresponding to," "owned by," "controlled by," and "operated by."

8.    "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain identified as CEL.

2

9.      "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10.     "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.     "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12.     "FTX User Account" means a user account registered with the FTX Exchange.

13.     "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14.     "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15.     "Including" means including but not limited to.

16.     "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17.     "FTX Address" means a blockchain address associated with an FTX User Account.

3

18.    "Identified FTX Addresses" means the following FTX Addresses, and, for the avoidance of doubt, each is an "Identified FTX Address":

    a.    0xd84c82dcfb21572b68339f14453bfe39fdc81f74

    b.    0x2be52c6e141a314778b5ea702e8a9dc87b42d126

    c.    0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

    d.    0x44f73a35b995c7a55864209468925bf450cf0a00

    e.    0x1785904b28ad668b4778618f749db6b4a04472ed

    f.    0xd7cf4d9176519142bf64111d713d3f85cdff1b67

    g.    0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

    h.    0xb4e872704625ea0f69f95c856ad49aff44da2ba4

    i.    0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

    j.    0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19.    "You" and "Your" means and refers to any or all the FTX Debtors.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions and for purposes of these Requests, the following Instructions shall be followed:

1.    These Requests seek production of material in Your possession, custody, or control.

2.    These Requests seek production of nonprivileged material.

3.    For each Request, either state that You will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons.

4.    If You object to all or part of a Request, state whether You are withholding any responsive material based on that objection.

5.    If You object to part of a Request, specify the part and state that You will produce documents responsive to the rest.

4

6.      If You withhold responsive information by claiming that the information is privileged or subject to protection as trial-preparation material, expressly make the claim and describe the nature of the information privileged or protected in a manner that, without revealing information itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memorandum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author, addresses, and any other recipients of the Document; (e) where not apparent, the relationships of the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.      If after responding to any Request You learn that Your response is in some material respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including May 1, 2019 through the present.

## REQUESTS

20.      Documents sufficient to identify the FTX User Account(s) associated with each Identified FTX Address.

21.      Documents sufficient to identify the entity or individual associated with each FTX User Account identified in response to Request No. 1, including all Know Your Customer Information for each such entity or individual.

22.      Documents sufficient to identify all FTX User Account(s) associated with any entity or individual identified in response to Request No. 2, other than FTX User Accounts identified in response to Request No. 1.

23.      Documents sufficient to identify all FTX Address(es) associated with each FTX User Account identified in response to Request No. 1 and Request No. 3, other than the Identified FTX Addresses.

24.      Documents sufficient to show when each FTX User Account identified in response to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.      Documents sufficient to show a complete transaction history for each FTX User Account identified in response to Request No. 1 and Request No. 3.

26.      Documents sufficient to show all short positions with respect to the CEL Token on an FTX Exchange from April 1, 2022 to August 30, 2022.

27.      Documents sufficient to identify the FTX Address(es) associated with each short position identified in response to Request No. 7.

28.      Documents sufficient to identify the FTX User Account(s) associated with each FTX Address identified in response to Request No. 8.

29.      Documents sufficient to identify the entity or individual associated with each FTX User Account relating to Request No. 8, including all Know Your Customer Information for each such entity or individual.

30.      Documents sufficient to show all borrow or loan transactions associated with the positions identified in response to Request No. 7.

6

Dated:    May 15, 2023

*/s/ Jennifer M. Selendy*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, New York 10104
Tel.: 212-390-9000
jselendy@selendygay.com
fgay@selendygay.com
tagangawilliams@selendygay.com
cobrien@selendygay.com

*Co-Counsel to the Official Committee of
Unsecured Creditors*

7

# Subpoena Package 51

# FTX Services Solutions Ltd.

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 1)

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re CELSIUS NETWORK LLC, et al.,                          Case No. 22-10964 (MG)
                         Debtor

                                                            Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: FTX Services Solutions Ltd.
Ellen L. Skelton Building, 2nd floor, Fishers Lane
Road Town VG1110
British Virgin Islands

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

  Please see the attached requests for the production of documents.

        The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  **05/15/2023**

                CLERK OF COURT                                    OR

        _____
        *Signature of Clerk or Deputy Clerk*

                                                        _____
                                                        *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors  who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

***Ex Parte Order*, Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Official Committee of Unsecured Creditors to Issues *Subpoenas Duce Tecum* Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdiction over the Application; and the Application being a core proceeding; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appearing therefor, it is

      **ORDERED**, that the Application is granted; and it is further

      **ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be, and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

      **ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of this Order and any Subpoenas issued to them or make an appropriate motion for a protective order or to quash any Subpoenas; and it is further

      **ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the production or inspection of documents or things on less than fourteen (14) days' notice; and it is further

      **ORDERED**, that the terms and conditions of this Order are immediately effective and enforceable upon its entry; and it is further

      **ORDERED**, that this Order is without prejudice to the rights of the Committee to apply for further discovery from any party or other entity or person; and it is further

      **ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order, including adjudicating any discovery disputes that may arise between or among the parties.

**IT IS SO ORDERED.**

Dated: May 11, 2023
     New York, New York

                                     **/s/ Martin Glenn**
                                     MARTIN GLENN
                 Chief United States Bankruptcy Judge

# Attachment # 2

## *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
        fgay@selendygay.com
        tagangawilliams@selendygay.com
        cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS TO FTX SERVICES SOLUTIONS LTD.

Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "Local District Rules"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*,

Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al.

(the "Committee"), by and through its undersigned counsel, hereby requests that FTX Services

Solutions Ltd. produce documents in response to the requests below within 14 days of service to

the Committee's attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Americas, New

York, NY 10104.

## DOCUMENT REQUESTS DEFINITIONS

1.      The singular form of a word includes the plural, and vice versa.

2.      Any tense of a verb includes all tenses.

3.      Any natural person includes that person's agents, assigns, attorneys, employees,

representatives, and successors.

4.      Any entity other than a natural person includes (a) that entity's present and former

agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, em-

ployees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors;

(b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or

owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf

of (a) or (b).

5.      "All," "any," and "each" mean any and all.

6.      "And" and "or" are construed both conjunctively and disjunctively.

7.      "Associated with" includes, but is not limited to, "affiliated with," "corresponding

to," "owned by," "controlled by," and "operated by."

8.      "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain iden-

tified as CEL.

2

9.      "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10.     "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.     "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12.     "FTX User Account" means a user account registered with the FTX Exchange.

13.     "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14.     "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15.     "Including" means including but not limited to.

16.     "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17.     "FTX Address" means a blockchain address associated with an FTX User Account.

3

18.    "Identified FTX Addresses" means the following FTX Addresses, and, for the avoidance of doubt, each is an "Identified FTX Address":

    a.    0xd84c82dcfb21572b68339f14453bfe39fdc81f74

    b.    0x2be52c6e141a314778b5ea702e8a9dc87b42d126

    c.    0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

    d.    0x44f73a35b995c7a55864209468925bf450cf0a00

    e.    0x1785904b28ad668b4778618f749db6b4a04472ed

    f.    0xd7cf4d9176519142bf64111d713d3f85cdff1b67

    g.    0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

    h.    0xb4e872704625ea0f69f95c856ad49aff44da2ba4

    i.    0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

    j.    0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19.    "You" and "Your" means and refers to any or all the FTX Debtors.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions and for purposes of these Requests, the following Instructions shall be followed:

1.    These Requests seek production of material in Your possession, custody, or control.

2.    These Requests seek production of nonprivileged material.

3.    For each Request, either state that You will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons.

4.    If You object to all or part of a Request, state whether You are withholding any responsive material based on that objection.

5.    If You object to part of a Request, specify the part and state that You will produce documents responsive to the rest.

4

6.      If You withhold responsive information by claiming that the information is privileged or subject to protection as trial-preparation material, expressly make the claim and describe the nature of the information privileged or protected in a manner that, without revealing information itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memorandum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author, addresses, and any other recipients of the Document; (e) where not apparent, the relationships of the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.      If after responding to any Request You learn that Your response is in some material respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including May 1, 2019 through the present.

## REQUESTS

1.      Documents sufficient to identify the FTX User Account(s) associated with each Identified FTX Address.

2.      Documents sufficient to identify the entity or individual associated with each FTX User Account identified in response to Request No. 1, including all Know Your Customer Information for each such entity or individual.

3.      Documents sufficient to identify all FTX User Account(s) associated with any entity or individual identified in response to Request No. 2, other than FTX User Accounts identified in response to Request No. 1.

5

4.      Documents sufficient to identify all FTX Address(es) associated with each FTX
User Account identified in response to Request No. 1 and Request No. 3, other than the Identified
FTX Addresses.

5.      Documents sufficient to show when each FTX User Account identified in response
to Request No. 1 and Request No. 3 was created and, where applicable, closed.

6.      Documents sufficient to show a complete transaction history for each FTX User
Account identified in response to Request No. 1 and Request No. 3.

7.      Documents sufficient to show all short positions with respect to the CEL Token on
an FTX Exchange from April 1, 2022 to August 30, 2022.

8.      Documents sufficient to identify the FTX Address(es) associated with each short
position identified in response to Request No. 7.

9.      Documents sufficient to identify the FTX User Account(s) associated with each
FTX Address identified in response to Request No. 8.

10.     Documents sufficient to identify the entity or individual associated with each FTX
User Account relating to Request No. 8, including all Know Your Customer Information for each
such entity or individual.

11.     Documents sufficient to show all borrow or loan transactions associated with the
positions identified in response to Request No. 7.

6

Dated:   May 15, 2023

*/s/ Jennifer M. Selendy*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, New York 10104
Tel.: 212-390-9000
jselendy@selendygay.com
fgay@selendygay.com
tagangawilliams@selendygay.com
cobrien@selendygay.com

*Co-Counsel to the Official Committee of
Unsecured Creditors*

# Subpoena Package 52

# FTX Structured Products AG

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 1)

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re CELSIUS NETWORK LLC, et al.,
                      Debtor

Case No. 22-10964 (MG)

Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: FTX Structured Products AG
13 Schaanerstrasse
Vaduz 9490
Liechtenstein

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
|  |  |
|  |  |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

 Please see the attached requests for the production of documents.

          The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  **05/15/2023**

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors  who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

      I declare under penalty of perjury that this information is true and correct.

Date: _____

 

                                 _____

                                         *Server's signature*

                                 _____

                                     *Printed name and title*

                                 _____

                                     *Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page )

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

***Ex Parte Order*, Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Official Committee of Unsecured Creditors to Issues *Subpoenas Duce Tecum* Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdiction over the Application; and the Application being a core proceeding; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Limited (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appearing therefor, it is

    **ORDERED**, that the Application is granted; and it is further

    **ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be, and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

    **ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of this Order and any Subpoenas issued to them or make an appropriate motion for a protective order or to quash any Subpoenas; and it is further

    **ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the production or inspection of documents or things on less than fourteen (14) days' notice; and it is further

    **ORDERED**, that the terms and conditions of this Order are immediately effective and enforceable upon its entry; and it is further

    **ORDERED**, that this Order is without prejudice to the rights of the Committee to apply for further discovery from any party or other entity or person; and it is further

    **ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order, including adjudicating any discovery disputes that may arise between or among the parties.

**IT IS SO ORDERED.**

Dated:  May 11, 2023
      New York, New York

                                **/s/ Martin Glenn**
                                 MARTIN GLENN
                  Chief United States Bankruptcy Judge

# Attachment # 2

# *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY 10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
        fgay@selendygay.com
        taganagawilliams@selendygay.com
        cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[2] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS
TO FTX STRUCTURED PRODUCTS AG**

Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "Local District Rules"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[2] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*,
Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al.
(the "Committee"), by and through its undersigned counsel, hereby requests that FTX Structured
Products AG produce documents in response to the requests below within 14 days of service to
the Committee's attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Americas, New
York, NY 10104.

## DOCUMENT REQUESTS DEFINITIONS

1.    The singular form of a word includes the plural, and vice versa.

2.    Any tense of a verb includes all tenses.

3.    Any natural person includes that person's agents, assigns, attorneys, employees,
representatives, and successors.

4.    Any entity other than a natural person includes (a) that entity's present and former
agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, em-
ployees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors;
(b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or
owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf
of (a) or (b).

5.    "All," "any," and "each" mean any and all.

6.    "And" and "or" are construed both conjunctively and disjunctively.

7.    "Associated with" includes, but is not limited to, "affiliated with," "corresponding
to," "owned by," "controlled by," and "operated by."

8.    "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain iden-
tified as CEL.

2

9.      "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10.     "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.     "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12.     "FTX User Account" means a user account registered with the FTX Exchange.

13.     "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14.     "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15.     "Including" means including but not limited to.

16.     "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17.     "FTX Address" means a blockchain address associated with an FTX User Account.

3

18.    "Identified FTX Addresses" means the following FTX Addresses, and, for the avoidance of doubt, each is an "Identified FTX Address":

    a.    0xd84c82dcfb21572b68339f14453bfe39fdc81f74

    b.    0x2be52c6e141a314778b5ea702e8a9dc87b42d126

    c.    0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

    d.    0x44f73a35b995c7a55864209468925bf450cf0a00

    e.    0x1785904b28ad668b4778618f749db6b4a04472ed

    f.    0xd7cf4d9176519142bf64111d713d3f85cdff1b67

    g.    0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

    h.    0xb4e872704625ea0f69f95c856ad49aff44da2ba4

    i.    0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

    j.    0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19.    "You" and "Your" means and refers to any or all the FTX Debtors.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions and for purposes of these Requests, the following Instructions shall be followed:

1.    These Requests seek production of material in Your possession, custody, or control.

2.    These Requests seek production of nonprivileged material.

3.    For each Request, either state that You will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons.

4.    If You object to all or part of a Request, state whether You are withholding any responsive material based on that objection.

5.    If You object to part of a Request, specify the part and state that You will produce documents responsive to the rest.

4

6.      If You withhold responsive information by claiming that the information is privi-
leged or subject to protection as trial-preparation material, expressly make the claim and describe
the nature of the information privileged or protected in a manner that, without revealing infor-
mation itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document
You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memoran-
dum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author,
addresses, and any other recipients of the Document; (e) where not apparent, the relationships of
the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.      If after responding to any Request You learn that Your response is in some material
respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including
May 1, 2019 through the present.

## REQUESTS

20.      Documents sufficient to identify the FTX User Account(s) associated with each
Identified FTX Address.

21.      Documents sufficient to identify the entity or individual associated with each FTX
User Account identified in response to Request No. 1, including all Know Your Customer Infor-
mation for each such entity or individual.

22.      Documents sufficient to identify all FTX User Account(s) associated with any en-
tity or individual identified in response to Request No. 2, other than FTX User Accounts identified
in response to Request No. 1.

5

23.     Documents sufficient to identify all FTX Address(es) associated with each FTX User Account identified in response to Request No. 1 and Request No. 3, other than the Identified FTX Addresses.

24.     Documents sufficient to show when each FTX User Account identified in response to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.     Documents sufficient to show a complete transaction history for each FTX User Account identified in response to Request No. 1 and Request No. 3.

26.     Documents sufficient to show all short positions with respect to the CEL Token on an FTX Exchange from April 1, 2022 to August 30, 2022.

27.     Documents sufficient to identify the FTX Address(es) associated with each short position identified in response to Request No. 7.

28.     Documents sufficient to identify the FTX User Account(s) associated with each FTX Address identified in response to Request No. 8.

29.     Documents sufficient to identify the entity or individual associated with each FTX User Account relating to Request No. 8, including all Know Your Customer Information for each such entity or individual.

30.     Documents sufficient to show all borrow or loan transactions associated with the positions identified in response to Request No. 7.

Dated:   May 15, 2023

*/s/ Jennifer M. Selendy*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, New York 10104
Tel.: 212-390-9000
jselendy@selendygay.com
fgay@selendygay.com
tagangawilliams@selendygay.com
cobrien@selendygay.com

*Co-Counsel to the Official Committee of
Unsecured Creditors*

7

# Subpoena Package 53

# FTX Switzerland GmbH

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re CELSIUS NETWORK LLC, et al.,
               Debtor

Case No. 22-10964 (MG)

Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: FTX Switzerland GmbH
Churerstrasse 135
8808 Pfäffikon
Switzerland

☐ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The examination will be recorded by this method: _____

☒ *Production*: You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

  Please see the attached requests for the production of documents.

      The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  **05/15/2023**

           CLERK OF COURT

                                  OR

_____
   *Signature of Clerk or Deputy Clerk*

_____
                  *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors  who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page )

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or transacts business in person, if the person
        (i) is a party or a party's officer; or
        (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
    (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
    (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        (i) fails to allow a reasonable time to comply;
        (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
        (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        (i) disclosing a trade secret or other confidential research, development, or commercial information; or

        (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
    (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        (i) expressly make the claim; and
        (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

***Ex Parte Order*, Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Official Committee of Unsecured Creditors to Issues *Subpoenas Duce Tecum* Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

## *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdiction over the Application; and the Application being a core proceeding; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appearing therefor, it is

    **ORDERED**, that the Application is granted; and it is further

    **ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be, and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

    **ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of this Order and any Subpoenas issued to them or make an appropriate motion for a protective order or to quash any Subpoenas; and it is further

    **ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the production or inspection of documents or things on less than fourteen (14) days' notice; and it is further

    **ORDERED**, that the terms and conditions of this Order are immediately effective and enforceable upon its entry; and it is further

    **ORDERED**, that this Order is without prejudice to the rights of the Committee to apply for further discovery from any party or other entity or person; and it is further

    **ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order, including adjudicating any discovery disputes that may arise between or among the parties.

**IT IS SO ORDERED.**

Dated:  May 11, 2023
       New York, New York

                                        __**/s/ Martin Glenn**__
                                         MARTIN GLENN
                       Chief United States Bankruptcy Judge

# Attachment # 2

# *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
        fgay@selendygay.com
        tagangawilliams@selendygay.com
        cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[3] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS
TO FTX SWITZERLAND GMBH**

Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "Local District Rules"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[3] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*,

Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al.

(the "Committee"), by and through its undersigned counsel, hereby requests that FTX Switzerland

GmbH produce documents in response to the requests below within 14 days of service to the Com-

mittee's attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Americas, New York, NY

10104.

## DOCUMENT REQUESTS DEFINITIONS

1.      The singular form of a word includes the plural, and vice versa.

2.      Any tense of a verb includes all tenses.

3.      Any natural person includes that person's agents, assigns, attorneys, employees,

representatives, and successors.

4.      Any entity other than a natural person includes (a) that entity's present and former

agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, em-

ployees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors;

(b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or

owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf

of (a) or (b).

5.      "All," "any," and "each" mean any and all.

6.      "And" and "or" are construed both conjunctively and disjunctively.

7.      "Associated with" includes, but is not limited to, "affiliated with," "corresponding

to," "owned by," "controlled by," and "operated by."

8.      "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain iden-

tified as CEL.

2

9.      "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10.     "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.     "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12.     "FTX User Account" means a user account registered with the FTX Exchange.

13.     "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14.     "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15.     "Including" means including but not limited to.

16.     "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17.     "FTX Address" means a blockchain address associated with an FTX User Account.

3

18.     "Identified FTX Addresses" means the following FTX Addresses, and, for the

avoidance of doubt, each is an "Identified FTX Address":

      a.      0xd84c82dcfb21572b68339f14453bfe39fdc81f74

      b.      0x2be52c6e141a314778b5ea702e8a9dc87b42d126

      c.      0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

      d.      0x44f73a35b995c7a55864209468925bf450cf0a00

      e.      0x1785904b28ad668b4778618f749db6b4a04472ed

      f.      0xd7cf4d9176519142bf64111d713d3f85cdff1b67

      g.      0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

      h.      0xb4e872704625ea0f69f95c856ad49aff44da2ba4

      i.      0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

      j.      0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19.     "You" and "Your" means and refers to any or all the FTX Debtors.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions and for purposes of these

Requests, the following Instructions shall be followed:

1.     These Requests seek production of material in Your possession, custody, or control.

2.     These Requests seek production of nonprivileged material.

3.     For each Request, either state that You will produce the requested material or state

with specificity the grounds for objecting to the Request, including the reasons.

4.     If You object to all or part of a Request, state whether You are withholding any

responsive material based on that objection.

5.     If You object to part of a Request, specify the part and state that You will produce

documents responsive to the rest.

4

6.      If You withhold responsive information by claiming that the information is privi-
leged or subject to protection as trial-preparation material, expressly make the claim and describe
the nature of the information privileged or protected in a manner that, without revealing infor-
mation itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document
You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memoran-
dum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author,
addresses, and any other recipients of the Document; (e) where not apparent, the relationships of
the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.      If after responding to any Request You learn that Your response is in some material
respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including
May 1, 2019 through the present.

## REQUESTS

20.      Documents sufficient to identify the FTX User Account(s) associated with each
Identified FTX Address.

21.      Documents sufficient to identify the entity or individual associated with each FTX
User Account identified in response to Request No. 1, including all Know Your Customer Infor-
mation for each such entity or individual.

22.      Documents sufficient to identify all FTX User Account(s) associated with any en-
tity or individual identified in response to Request No. 2, other than FTX User Accounts identified
in response to Request No. 1.

5

23.     Documents sufficient to identify all FTX Address(es) associated with each FTX User Account identified in response to Request No. 1 and Request No. 3, other than the Identified FTX Addresses.

24.     Documents sufficient to show when each FTX User Account identified in response to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.     Documents sufficient to show a complete transaction history for each FTX User Account identified in response to Request No. 1 and Request No. 3.

26.     Documents sufficient to show all short positions with respect to the CEL Token on an FTX Exchange from April 1, 2022 to August 30, 2022.

27.     Documents sufficient to identify the FTX Address(es) associated with each short position identified in response to Request No. 7.

28.     Documents sufficient to identify the FTX User Account(s) associated with each FTX Address identified in response to Request No. 8.

29.     Documents sufficient to identify the entity or individual associated with each FTX User Account relating to Request No. 8, including all Know Your Customer Information for each such entity or individual.

30.     Documents sufficient to show all borrow or loan transactions associated with the positions identified in response to Request No. 7.

Dated:    May 15, 2023

*/s/ Jennifer M. Selendy*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, New York 10104
Tel.: 212-390-9000
jselendy@selendygay.com
fgay@selendygay.com
tagangawilliams@selendygay.com
cobrien@selendygay.com

*Co-Counsel to the Official Committee of
Unsecured Creditors*

7

# Subpoena Package 54

# FTX Trading GmbH

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 1)

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re CELSIUS NETWORK LLC, et al.,                    Case No. 22-10964 (MG)
                          Debtor

                                                      Chapter 11

### SUBPOENA FOR RULE 2004 EXAMINATION

To: FTX Trading GmbH
63 Wülfeler Straße
30539 Hannover
Germany

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|-------|---------------|
|       |               |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

   Please see the attached requests for the production of documents.

          The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  **05/15/2023**

              CLERK OF COURT                        OR

              _____
              *Signature of Clerk or Deputy Clerk*

                                                    _____
                                                    *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors  who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page )

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or transacts business in person, if the person
        (i) is a party or a party's officer; or
        (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
    (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
    (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        (i) fails to allow a reasonable time to comply;
        (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
        (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        (i) disclosing a trade secret or other confidential research, development, or commercial information; or

        (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
    (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        (i) expressly make the claim; and
        (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

***Ex Parte Order*, Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Official Committee of Unsecured Creditors to Issues *Subpoenas Duce Tecum* Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdiction over the Application; and the Application being a core proceeding; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Limited (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appearing therefor, it is

    **ORDERED**, that the Application is granted; and it is further

    **ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be, and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

    **ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of this Order and any Subpoenas issued to them or make an appropriate motion for a protective order or to quash any Subpoenas; and it is further

    **ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the production or inspection of documents or things on less than fourteen (14) days' notice; and it is further

    **ORDERED**, that the terms and conditions of this Order are immediately effective and enforceable upon its entry; and it is further

    **ORDERED**, that this Order is without prejudice to the rights of the Committee to apply for further discovery from any party or other entity or person; and it is further

    **ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order, including adjudicating any discovery disputes that may arise between or among the parties.

**IT IS SO ORDERED.**

Dated:  May 11, 2023
      New York, New York

 

                           **/s/ Martin Glenn**
                             MARTIN GLENN
              Chief United States Bankruptcy Judge

# Attachment # 2

# *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
       fgay@selendygay.com
       taganagawilliams@selendygay.com
       cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[4] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS TO FTX TRADING GMBH

Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "Local District Rules"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[4] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*,

Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al.

(the "Committee"), by and through its undersigned counsel, hereby requests that FTX Trading

GmbH produce documents in response to the requests below within 14 days of service to the Com-

mittee's attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Americas, New York, NY

10104.

## DOCUMENT REQUESTS DEFINITIONS

1.      The singular form of a word includes the plural, and vice versa.

2.      Any tense of a verb includes all tenses.

3.      Any natural person includes that person's agents, assigns, attorneys, employees, representatives, and successors.

4.      Any entity other than a natural person includes (a) that entity's present and former agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, employees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors; (b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf of (a) or (b).

5.      "All," "any," and "each" mean any and all.

6.      "And" and "or" are construed both conjunctively and disjunctively.

7.      "Associated with" includes, but is not limited to, "affiliated with," "corresponding to," "owned by," "controlled by," and "operated by."

8.      "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain identified as CEL.

2

9. "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10. "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11. "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12. "FTX User Account" means a user account registered with the FTX Exchange.

13. "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14. "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15. "Including" means including but not limited to.

16. "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17. "FTX Address" means a blockchain address associated with an FTX User Account.

3

18.    "Identified FTX Addresses" means the following FTX Addresses, and, for the avoidance of doubt, each is an "Identified FTX Address":

    a.    0xd84c82dcfb21572b68339f14453bfe39fdc81f74

    b.    0x2be52c6e141a314778b5ea702e8a9dc87b42d126

    c.    0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

    d.    0x44f73a35b995c7a55864209468925bf450cf0a00

    e.    0x1785904b28ad668b4778618f749db6b4a04472ed

    f.    0xd7cf4d9176519142bf64111d713d3f85cdff1b67

    g.    0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

    h.    0xb4e872704625ea0f69f95c856ad49aff44da2ba4

    i.    0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

    j.    0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19.    "You" and "Your" means and refers to any or all the FTX Debtors.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions and for purposes of these Requests, the following Instructions shall be followed:

1.    These Requests seek production of material in Your possession, custody, or control.

2.    These Requests seek production of nonprivileged material.

3.    For each Request, either state that You will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons.

4.    If You object to all or part of a Request, state whether You are withholding any responsive material based on that objection.

5.    If You object to part of a Request, specify the part and state that You will produce documents responsive to the rest.

4

6.      If You withhold responsive information by claiming that the information is privi-leged or subject to protection as trial-preparation material, expressly make the claim and describe the nature of the information privileged or protected in a manner that, without revealing infor-mation itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memoran-dum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author, addresses, and any other recipients of the Document; (e) where not apparent, the relationships of the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.      If after responding to any Request You learn that Your response is in some material respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including May 1, 2019 through the present.

## REQUESTS

20.     Documents sufficient to identify the FTX User Account(s) associated with each Identified FTX Address.

21.     Documents sufficient to identify the entity or individual associated with each FTX User Account identified in response to Request No. 1, including all Know Your Customer Infor-mation for each such entity or individual.

22.     Documents sufficient to identify all FTX User Account(s) associated with any en-tity or individual identified in response to Request No. 2, other than FTX User Accounts identified in response to Request No. 1.

23.    Documents sufficient to identify all FTX Address(es) associated with each FTX
User Account identified in response to Request No. 1 and Request No. 3, other than the Identified
FTX Addresses.

24.    Documents sufficient to show when each FTX User Account identified in response
to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.    Documents sufficient to show a complete transaction history for each FTX User
Account identified in response to Request No. 1 and Request No. 3.

26.    Documents sufficient to show all short positions with respect to the CEL Token on
an FTX Exchange from April 1, 2022 to August 30, 2022.

27.    Documents sufficient to identify the FTX Address(es) associated with each short
position identified in response to Request No. 7.

28.    Documents sufficient to identify the FTX User Account(s) associated with each
FTX Address identified in response to Request No. 8.

29.    Documents sufficient to identify the entity or individual associated with each FTX
User Account relating to Request No. 8, including all Know Your Customer Information for each
such entity or individual.

30.    Documents sufficient to show all borrow or loan transactions associated with the
positions identified in response to Request No. 7.

Dated:   May 15, 2023

*/s/ Jennifer M. Selendy*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, New York 10104
Tel.: 212-390-9000
jselendy@selendygay.com
fgay@selendygay.com
tagangawilliams@selendygay.com
cobrien@selendygay.com

*Co-Counsel to the Official Committee of
Unsecured Creditors*

# Subpoena Package 55

# FTX Trading Ltd.

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 1)
B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re CELSIUS NETWORK LLC, et al.,                    Case No. 22-10964 (MG)
                                Debtor

                                                                  Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: FTX Trading Ltd.
10-11 Mandolin Place, Friars Hill Road
St. John's AG-04
Antigua and Barbuda

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

Please see the attached requests for the production of documents.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **05/15/2023**

                CLERK OF COURT
                                                        OR

        _____
        *Signature of Clerk or Deputy Clerk*

                                        _____
                                                *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐  I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

***Ex Parte Order*, Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Official Committee of Unsecured Creditors to Issues *Subpoenas Duce Tecum* Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdiction over the Application; and the Application being a core proceeding; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Limited (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appearing therefor, it is

    **ORDERED**, that the Application is granted; and it is further

    **ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be, and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

    **ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of this Order and any Subpoenas issued to them or make an appropriate motion for a protective order or to quash any Subpoenas; and it is further

    **ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the production or inspection of documents or things on less than fourteen (14) days' notice; and it is further

    **ORDERED**, that the terms and conditions of this Order are immediately effective and enforceable upon its entry; and it is further

    **ORDERED**, that this Order is without prejudice to the rights of the Committee to apply for further discovery from any party or other entity or person; and it is further

    **ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order, including adjudicating any discovery disputes that may arise between or among the parties.

**IT IS SO ORDERED.**

Dated:  May 11, 2023
       New York, New York

                                        **/s/ Martin Glenn**
                                        MARTIN GLENN
                        Chief United States Bankruptcy Judge

# Attachment # 2

# *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY 10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
  fgay@selendygay.com
  tagangawilliams@selendygay.com
  cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[5] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS
TO FTX TRADING LTD.**

Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "Local District Rules"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[5] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*,

Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al.

(the "Committee"), by and through its undersigned counsel, hereby requests that FTX Trading Ltd.

produce documents in response to the requests below within 14 days of service to the Committee's

attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Americas, New York, NY 10104.

## DOCUMENT REQUESTS DEFINITIONS

1.    The singular form of a word includes the plural, and vice versa.

2.    Any tense of a verb includes all tenses.

3.    Any natural person includes that person's agents, assigns, attorneys, employees, representatives, and successors.

4.    Any entity other than a natural person includes (a) that entity's present and former agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, employees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors; (b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf of (a) or (b).

5.    "All," "any," and "each" mean any and all.

6.    "And" and "or" are construed both conjunctively and disjunctively.

7.    "Associated with" includes, but is not limited to, "affiliated with," "corresponding to," "owned by," "controlled by," and "operated by."

8.    "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain identified as CEL.

2

9.      "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10.      "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.      "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12.      "FTX User Account" means a user account registered with the FTX Exchange.

13.      "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14.      "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15.      "Including" means including but not limited to.

16.      "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17.      "FTX Address" means a blockchain address associated with an FTX User Account.

3

18.     "Identified FTX Addresses" means the following FTX Addresses, and, for the
avoidance of doubt, each is an "Identified FTX Address":

    a.    0xd84c82dcfb21572b68339f14453bfe39fdc81f74

    b.    0x2be52c6e141a314778b5ea702e8a9dc87b42d126

    c.    0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

    d.    0x44f73a35b995c7a55864209468925bf450cf0a00

    e.    0x1785904b28ad668b4778618f749db6b4a04472ed

    f.    0xd7cf4d9176519142bf64111d713d3f85cdff1b67

    g.    0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

    h.    0xb4e872704625ea0f69f95c856ad49aff44da2ba4

    i.    0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

    j.    0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19.     "You" and "Your" means and refers to any or all the FTX Debtors.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions and for purposes of these
Requests, the following Instructions shall be followed:

1.     These Requests seek production of material in Your possession, custody, or control.

2.     These Requests seek production of nonprivileged material.

3.     For each Request, either state that You will produce the requested material or state
with specificity the grounds for objecting to the Request, including the reasons.

4.     If You object to all or part of a Request, state whether You are withholding any
responsive material based on that objection.

5.     If You object to part of a Request, specify the part and state that You will produce
documents responsive to the rest.

4

6.      If You withhold responsive information by claiming that the information is privi-
leged or subject to protection as trial-preparation material, expressly make the claim and describe
the nature of the information privileged or protected in a manner that, without revealing infor-
mation itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document
You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memoran-
dum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author,
addresses, and any other recipients of the Document; (e) where not apparent, the relationships of
the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.      If after responding to any Request You learn that Your response is in some material
respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including
May 1, 2019 through the present.

## REQUESTS

20.      Documents sufficient to identify the FTX User Account(s) associated with each
Identified FTX Address.

21.      Documents sufficient to identify the entity or individual associated with each FTX
User Account identified in response to Request No. 1, including all Know Your Customer Infor-
mation for each such entity or individual.

22.      Documents sufficient to identify all FTX User Account(s) associated with any en-
tity or individual identified in response to Request No. 2, other than FTX User Accounts identified
in response to Request No. 1.

23.     Documents sufficient to identify all FTX Address(es) associated with each FTX User Account identified in response to Request No. 1 and Request No. 3, other than the Identified FTX Addresses.

24.     Documents sufficient to show when each FTX User Account identified in response to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.     Documents sufficient to show a complete transaction history for each FTX User Account identified in response to Request No. 1 and Request No. 3.

26.     Documents sufficient to show all short positions with respect to the CEL Token on an FTX Exchange from April 1, 2022 to August 30, 2022.

27.     Documents sufficient to identify the FTX Address(es) associated with each short position identified in response to Request No. 7.

28.     Documents sufficient to identify the FTX User Account(s) associated with each FTX Address identified in response to Request No. 8.

29.     Documents sufficient to identify the entity or individual associated with each FTX User Account relating to Request No. 8, including all Know Your Customer Information for each such entity or individual.

30.     Documents sufficient to show all borrow or loan transactions associated with the positions identified in response to Request No. 7.

6

Dated:    May 15, 2023

*/s/ Jennifer M. Selendy*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, New York 10104
Tel.: 212-390-9000
jselendy@selendygay.com
fgay@selendygay.com
tagangawilliams@selendygay.com
cobrien@selendygay.com

*Co-Counsel to the Official Committee of
Unsecured Creditors*

7

# Subpoena Package 56

# FTX US Services, Inc.

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 1)

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re CELSIUS NETWORK LLC, et al.,
          Debtor

Case No. 22-10964 (MG)

Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: FTX US Services, Inc.
167 N Green Street, Suite 1102
Chicago, IL 60607

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|-------|---------------|
|       |               |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

  Please see the attached requests for the production of documents.

      The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  **05/15/2023**

           CLERK OF COURT

                                  OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors  who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


I declare under penalty of perjury that this information is true and correct.

Date: _____


_____
*Server's signature*


_____
*Printed name and title*


_____
*Server's address*


Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

***Ex Parte Order*, Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Official Committee of Unsecured Creditors to Issues *Subpoenas Duce Tecum* Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdiction over the Application; and the Application being a core proceeding; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appearing therefor, it is

      **ORDERED**, that the Application is granted; and it is further

      **ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be, and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

      **ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of this Order and any Subpoenas issued to them or make an appropriate motion for a protective order or to quash any Subpoenas; and it is further

      **ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the production or inspection of documents or things on less than fourteen (14) days' notice; and it is further

      **ORDERED**, that the terms and conditions of this Order are immediately effective and enforceable upon its entry; and it is further

      **ORDERED**, that this Order is without prejudice to the rights of the Committee to apply for further discovery from any party or other entity or person; and it is further

      **ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order, including adjudicating any discovery disputes that may arise between or among the parties.

**IT IS SO ORDERED.**

Dated:  May 11, 2023
      New York, New York

                                **/s/ Martin Glenn**
                                  MARTIN GLENN
                     Chief United States Bankruptcy Judge

# Attachment # 2

# *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
        fgay@selendygay.com
        taganagawilliams@selendygay.com
        cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[7] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS
TO FTX US SERVICES, INC.**

Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "Local District Rules"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[7] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax
identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius
Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network
Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8
USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius
Network LLC's principal place of business and the Debtors' service address in these chapter 11
cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*,
Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al.
(the "Committee"), by and through its undersigned counsel, hereby requests that FTX US Services,
Inc. produce documents in response to the requests below within 14 days of service to the Com-
mittee's attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Americas, New York, NY
10104.

## DOCUMENT REQUESTS DEFINITIONS

1.      The singular form of a word includes the plural, and vice versa.

2.      Any tense of a verb includes all tenses.

3.      Any natural person includes that person's agents, assigns, attorneys, employees,
representatives, and successors.

4.      Any entity other than a natural person includes (a) that entity's present and former
agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, em-
ployees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors;
(b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or
owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf
of (a) or (b).

5.      "All," "any," and "each" mean any and all.

6.      "And" and "or" are construed both conjunctively and disjunctively.

7.      "Associated with" includes, but is not limited to, "affiliated with," "corresponding
to," "owned by," "controlled by," and "operated by."

8.      "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain iden-
tified as CEL.

2

9.    "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10.    "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.    "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12.    "FTX User Account" means a user account registered with the FTX Exchange.

13.    "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14.    "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15.    "Including" means including but not limited to.

16.    "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17.    "FTX Address" means a blockchain address associated with an FTX User Account.

3

18.    "Identified FTX Addresses" means the following FTX Addresses, and, for the avoidance of doubt, each is an "Identified FTX Address":

    a.    0xd84c82dcfb21572b68339f14453bfe39fdc81f74

    b.    0x2be52c6e141a314778b5ea702e8a9dc87b42d126

    c.    0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

    d.    0x44f73a35b995c7a55864209468925bf450cf0a00

    e.    0x1785904b28ad668b4778618f749db6b4a04472ed

    f.    0xd7cf4d9176519142bf64111d713d3f85cdff1b67

    g.    0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

    h.    0xb4e872704625ea0f69f95c856ad49aff44da2ba4

    i.    0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

    j.    0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19.    "You" and "Your" means and refers to any or all the FTX Debtors.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions and for purposes of these Requests, the following Instructions shall be followed:

1.    These Requests seek production of material in Your possession, custody, or control.

2.    These Requests seek production of nonprivileged material.

3.    For each Request, either state that You will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons.

4.    If You object to all or part of a Request, state whether You are withholding any responsive material based on that objection.

5.    If You object to part of a Request, specify the part and state that You will produce documents responsive to the rest.

4

6.      If You withhold responsive information by claiming that the information is privi-
leged or subject to protection as trial-preparation material, expressly make the claim and describe
the nature of the information privileged or protected in a manner that, without revealing infor-
mation itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document
You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memoran-
dum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author,
addresses, and any other recipients of the Document; (e) where not apparent, the relationships of
the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.      If after responding to any Request You learn that Your response is in some material
respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including
May 1, 2019 through the present.

## REQUESTS

20.      Documents sufficient to identify the FTX User Account(s) associated with each
Identified FTX Address.

21.      Documents sufficient to identify the entity or individual associated with each FTX
User Account identified in response to Request No. 1, including all Know Your Customer Infor-
mation for each such entity or individual.

22.      Documents sufficient to identify all FTX User Account(s) associated with any en-
tity or individual identified in response to Request No. 2, other than FTX User Accounts identified
in response to Request No. 1.

23.    Documents sufficient to identify all FTX Address(es) associated with each FTX User Account identified in response to Request No. 1 and Request No. 3, other than the Identified FTX Addresses.

24.    Documents sufficient to show when each FTX User Account identified in response to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.    Documents sufficient to show a complete transaction history for each FTX User Account identified in response to Request No. 1 and Request No. 3.

26.    Documents sufficient to show all short positions with respect to the CEL Token on an FTX Exchange from April 1, 2022 to August 30, 2022.

27.    Documents sufficient to identify the FTX Address(es) associated with each short position identified in response to Request No. 7.

28.    Documents sufficient to identify the FTX User Account(s) associated with each FTX Address identified in response to Request No. 8.

29.    Documents sufficient to identify the entity or individual associated with each FTX User Account relating to Request No. 8, including all Know Your Customer Information for each such entity or individual.

30.    Documents sufficient to show all borrow or loan transactions associated with the positions identified in response to Request No. 7.

6

Dated:   May 15, 2023

*/s/ Jennifer M. Selendy*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, New York 10104
Tel.: 212-390-9000
jselendy@selendygay.com
fgay@selendygay.com
tagangawilliams@selendygay.com
cobrien@selendygay.com

*Co-Counsel to the Official Committee of
Unsecured Creditors*

7

# Subpoena Package 57

# FTX US Trading, Inc.

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 1)

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re CELSIUS NETWORK LLC, et al.,
          Debtor

Case No. 22-10964 (MG)

Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: FTX US Trading, Inc.
2000 Center Street, 4th Floor
Berkeley, CA 94704

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

  Please see the attached requests for the production of documents.

      The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **05/15/2023**

          CLERK OF COURT

                              OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page )

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or transacts business in person, if the person
        (i) is a party or a party's officer; or
        (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
    (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
    (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        (i) fails to allow a reasonable time to comply;
        (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
        (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        (i) disclosing a trade secret or other confidential research, development, or commercial information; or

        (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
    (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        (i) expressly make the claim; and
        (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

***Ex Parte Order*, Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Official Committee of Unsecured Creditors to Issues *Subpoenas Duce Tecum* Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdiction over the Application; and the Application being a core proceeding; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appear-
ing therefor, it is

**ORDERED**, that the Application is granted; and it is further

**ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be,
and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

**ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of
this Order and any Subpoenas issued to them or make an appropriate motion for a protective or-
der or to quash any Subpoenas; and it is further

**ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the pro-
duction or inspection of documents or things on less than fourteen (14) days' notice; and it is fur-
ther

**ORDERED**, that the terms and conditions of this Order are immediately effective and
enforceable upon its entry; and it is further

**ORDERED**, that this Order is without prejudice to the rights of the Committee to apply
for further discovery from any party or other entity or person; and it is further

**ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce
the terms and provisions of this Order, including adjudicating any discovery disputes that may
arise between or among the parties.

**IT IS SO ORDERED.**

Dated:  May 11, 2023
   New York, New York

_____
**/s/ Martin Glenn**
MARTIN GLENN
Chief United States Bankruptcy Judge

# Attachment # 2

# *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY 10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
          fgay@selendygay.com
          taganagawilliams@selendygay.com
          cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[8] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS TO FTX US TRADING, INC.**

Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "Local District Rules"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[8] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*,

Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al.

(the "Committee"), by and through its undersigned counsel, hereby requests that FTX US Trading,

Inc. produce documents in response to the requests below within 14 days of service to the Com-

mittee's attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Americas, New York, NY

10104.

## DOCUMENT REQUESTS DEFINITIONS

1.      The singular form of a word includes the plural, and vice versa.

2.      Any tense of a verb includes all tenses.

3.      Any natural person includes that person's agents, assigns, attorneys, employees,

representatives, and successors.

4.      Any entity other than a natural person includes (a) that entity's present and former

agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, em-

ployees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors;

(b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or

owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf

of (a) or (b).

5.      "All," "any," and "each" mean any and all.

6.      "And" and "or" are construed both conjunctively and disjunctively.

7.      "Associated with" includes, but is not limited to, "affiliated with," "corresponding

to," "owned by," "controlled by," and "operated by."

8.      "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain iden-

tified as CEL.

2

9.     "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10.     "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.     "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12.     "FTX User Account" means a user account registered with the FTX Exchange.

13.     "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14.     "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15.     "Including" means including but not limited to.

16.     "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17.     "FTX Address" means a blockchain address associated with an FTX User Account.

3

18.    "Identified FTX Addresses" means the following FTX Addresses, and, for the avoidance of doubt, each is an "Identified FTX Address":

    a.    0xd84c82dcfb21572b68339f14453bfe39fdc81f74

    b.    0x2be52c6e141a314778b5ea702e8a9dc87b42d126

    c.    0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

    d.    0x44f73a35b995c7a55864209468925bf450cf0a00

    e.    0x1785904b28ad668b4778618f749db6b4a04472ed

    f.    0xd7cf4d9176519142bf64111d713d3f85cdff1b67

    g.    0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

    h.    0xb4e872704625ea0f69f95c856ad49aff44da2ba4

    i.    0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

    j.    0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19.    "You" and "Your" means and refers to any or all the FTX Debtors.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions and for purposes of these Requests, the following Instructions shall be followed:

1.    These Requests seek production of material in Your possession, custody, or control.

2.    These Requests seek production of nonprivileged material.

3.    For each Request, either state that You will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons.

4.    If You object to all or part of a Request, state whether You are withholding any responsive material based on that objection.

5.    If You object to part of a Request, specify the part and state that You will produce documents responsive to the rest.

4

6.      If You withhold responsive information by claiming that the information is privi-
leged or subject to protection as trial-preparation material, expressly make the claim and describe
the nature of the information privileged or protected in a manner that, without revealing infor-
mation itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document
You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memoran-
dum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author,
addresses, and any other recipients of the Document; (e) where not apparent, the relationships of
the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.      If after responding to any Request You learn that Your response is in some material
respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including
May 1, 2019 through the present.

## REQUESTS

20.      Documents sufficient to identify the FTX User Account(s) associated with each
Identified FTX Address.

21.      Documents sufficient to identify the entity or individual associated with each FTX
User Account identified in response to Request No. 1, including all Know Your Customer Infor-
mation for each such entity or individual.

22.      Documents sufficient to identify all FTX User Account(s) associated with any en-
tity or individual identified in response to Request No. 2, other than FTX User Accounts identified
in response to Request No. 1.

23.     Documents sufficient to identify all FTX Address(es) associated with each FTX User Account identified in response to Request No. 1 and Request No. 3, other than the Identified FTX Addresses.

24.     Documents sufficient to show when each FTX User Account identified in response to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.     Documents sufficient to show a complete transaction history for each FTX User Account identified in response to Request No. 1 and Request No. 3.

26.     Documents sufficient to show all short positions with respect to the CEL Token on an FTX Exchange from April 1, 2022 to August 30, 2022.

27.     Documents sufficient to identify the FTX Address(es) associated with each short position identified in response to Request No. 7.

28.     Documents sufficient to identify the FTX User Account(s) associated with each FTX Address identified in response to Request No. 8.

29.     Documents sufficient to identify the entity or individual associated with each FTX User Account relating to Request No. 8, including all Know Your Customer Information for each such entity or individual.

30.     Documents sufficient to show all borrow or loan transactions associated with the positions identified in response to Request No. 7.

6

Dated:    May 15, 2023                    */s/ Jennifer M. Selendy*

                                                **SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, New York 10104
Tel.: 212-390-9000
jselendy@selendygay.com
fgay@selendygay.com
tagangawilliams@selendygay.com
cobrien@selendygay.com

*Co-Counsel to the Official Committee of
Unsecured Creditors*

7

# Subpoena Package 58

# FTX Ventures Ltd.

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re CELSIUS NETWORK LLC, et al.,  
　　　　　　　　Debtor

Case No. 22-10964 (MG)

Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: FTX Ventures Ltd.  
Ellen L. Skelton Building, 2nd floor, Fishers Lane  
Road Town VG1110  
British Virgin Islands

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

　Please see the attached requests for the production of documents.

　　　The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  **05/15/2023**

　　　　　　　　CLERK OF COURT

　　　　　　　　　　　　　　　　　　OR

_____  
*Signature of Clerk or Deputy Clerk*

_____  
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors  who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page )

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or transacts business in person, if the person
        (i) is a party or a party's officer; or
        (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
    (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
    (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        (i) fails to allow a reasonable time to comply;
        (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
        (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        (i) disclosing a trade secret or other confidential research, development, or commercial information; or

        (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
    (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        (i) expressly make the claim; and
        (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

***Ex Parte Order*, Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Official Committee of Unsecured Creditors to Issues *Subpoenas Duce Tecum* Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdiction over the Application; and the Application being a core proceeding; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appear-

ing therefor, it is

    **ORDERED**, that the Application is granted; and it is further

    **ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be,

and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

    **ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of

this Order and any Subpoenas issued to them or make an appropriate motion for a protective or-

der or to quash any Subpoenas; and it is further

    **ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the pro-

duction or inspection of documents or things on less than fourteen (14) days' notice; and it is fur-

ther

    **ORDERED**, that the terms and conditions of this Order are immediately effective and

enforceable upon its entry; and it is further

    **ORDERED**, that this Order is without prejudice to the rights of the Committee to apply

for further discovery from any party or other entity or person; and it is further

    **ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce

the terms and provisions of this Order, including adjudicating any discovery disputes that may

arise between or among the parties.

**IT IS SO ORDERED.**

Dated:  May 11, 2023
      New York, New York

                            **/s/ Martin Glenn**
                              MARTIN GLENN
                Chief United States Bankruptcy Judge

# Attachment # 2

# *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
         fgay@selendygay.com
         tagangawilliams@selendygay.com
         cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[9] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS
TO FTX VENTURES LTD.**

Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "Local District Rules"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[9] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*,

Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al.

(the "Committee"), by and through its undersigned counsel, hereby requests that FTX Ventures

Ltd. produce documents in response to the requests below within 14 days of service to the Com-

mittee's attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Americas, New York, NY

10104.

## DOCUMENT REQUESTS DEFINITIONS

1.      The singular form of a word includes the plural, and vice versa.

2.      Any tense of a verb includes all tenses.

3.      Any natural person includes that person's agents, assigns, attorneys, employees,

representatives, and successors.

4.      Any entity other than a natural person includes (a) that entity's present and former

agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, em-

ployees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors;

(b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or

owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf

of (a) or (b).

5.      "All," "any," and "each" mean any and all.

6.      "And" and "or" are construed both conjunctively and disjunctively.

7.      "Associated with" includes, but is not limited to, "affiliated with," "corresponding

to," "owned by," "controlled by," and "operated by."

8.      "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain iden-

tified as CEL.

2

9.    "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10.    "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.    "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12.    "FTX User Account" means a user account registered with the FTX Exchange.

13.    "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14.    "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15.    "Including" means including but not limited to.

16.    "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17.    "FTX Address" means a blockchain address associated with an FTX User Account.

3

18.     "Identified FTX Addresses" means the following FTX Addresses, and, for the avoidance of doubt, each is an "Identified FTX Address":

a.     0xd84c82dcfb21572b68339f14453bfe39fdc81f74

b.     0x2be52c6e141a314778b5ea702e8a9dc87b42d126

c.     0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

d.     0x44f73a35b995c7a55864209468925bf450cf0a00

e.     0x1785904b28ad668b4778618f749db6b4a04472ed

f.     0xd7cf4d9176519142bf64111d713d3f85cdff1b67

g.     0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

h.     0xb4e872704625ea0f69f95c856ad49aff44da2ba4

i.     0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

j.     0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19.     "You" and "Your" means and refers to any or all the FTX Debtors.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions and for purposes of these Requests, the following Instructions shall be followed:

1.     These Requests seek production of material in Your possession, custody, or control.

2.     These Requests seek production of nonprivileged material.

3.     For each Request, either state that You will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons.

4.     If You object to all or part of a Request, state whether You are withholding any responsive material based on that objection.

5.     If You object to part of a Request, specify the part and state that You will produce documents responsive to the rest.

4

6.      If You withhold responsive information by claiming that the information is privileged or subject to protection as trial-preparation material, expressly make the claim and describe the nature of the information privileged or protected in a manner that, without revealing information itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memorandum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author, addresses, and any other recipients of the Document; (e) where not apparent, the relationships of the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.      If after responding to any Request You learn that Your response is in some material respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including May 1, 2019 through the present.

## REQUESTS

20.      Documents sufficient to identify the FTX User Account(s) associated with each Identified FTX Address.

21.      Documents sufficient to identify the entity or individual associated with each FTX User Account identified in response to Request No. 1, including all Know Your Customer Information for each such entity or individual.

22.      Documents sufficient to identify all FTX User Account(s) associated with any entity or individual identified in response to Request No. 2, other than FTX User Accounts identified in response to Request No. 1.

23.     Documents sufficient to identify all FTX Address(es) associated with each FTX User Account identified in response to Request No. 1 and Request No. 3, other than the Identified FTX Addresses.

24.     Documents sufficient to show when each FTX User Account identified in response to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.     Documents sufficient to show a complete transaction history for each FTX User Account identified in response to Request No. 1 and Request No. 3.

26.     Documents sufficient to show all short positions with respect to the CEL Token on an FTX Exchange from April 1, 2022 to August 30, 2022.

27.     Documents sufficient to identify the FTX Address(es) associated with each short position identified in response to Request No. 7.

28.     Documents sufficient to identify the FTX User Account(s) associated with each FTX Address identified in response to Request No. 8.

29.     Documents sufficient to identify the entity or individual associated with each FTX User Account relating to Request No. 8, including all Know Your Customer Information for each such entity or individual.

30.     Documents sufficient to show all borrow or loan transactions associated with the positions identified in response to Request No. 7.

6

Dated:   May 15, 2023

*/s/ Jennifer M. Selendy*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, New York 10104
Tel.: 212-390-9000
jselendy@selendygay.com
fgay@selendygay.com
tagangawilliams@selendygay.com
cobrien@selendygay.com

*Co-Counsel to the Official Committee of
Unsecured Creditors*

# Subpoena Package 59

# FTX Zuma Ltd

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re CELSIUS NETWORK LLC, et al.,                    Case No. 22-10964 (MG)
                        Debtor

                                                      Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: FTX Zuma Ltd
35 Moloney Street, Obalende
Lagos Island, Lagos 102273
Nigeria

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

  Please see the attached requests for the production of documents.

        The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **05/15/2023**

            CLERK OF COURT

                                                OR

            _____
            *Signature of Clerk or Deputy Clerk*

                                        _____
                                                *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors  who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐  I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

***Ex Parte Order*, Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Official Committee of Unsecured Creditors to Issues *Subpoenas Duce Tecum* Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdiction over the Application; and the Application being a core proceeding; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appearing therefor, it is

      **ORDERED**, that the Application is granted; and it is further

      **ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be, and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

      **ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of this Order and any Subpoenas issued to them or make an appropriate motion for a protective order or to quash any Subpoenas; and it is further

      **ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the production or inspection of documents or things on less than fourteen (14) days' notice; and it is further

      **ORDERED**, that the terms and conditions of this Order are immediately effective and enforceable upon its entry; and it is further

      **ORDERED**, that this Order is without prejudice to the rights of the Committee to apply for further discovery from any party or other entity or person; and it is further

      **ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order, including adjudicating any discovery disputes that may arise between or among the parties.

**IT IS SO ORDERED.**

Dated:  May 11, 2023
      New York, New York

                                    **/s/ Martin Glenn**
                                     MARTIN GLENN
                        Chief United States Bankruptcy Judge

# Attachment # 2

# *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
       fgay@selendygay.com
       tagangawilliams@selendygay.com
       cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[10] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS
TO FTX ZUMA LTD**

Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "Local District Rules"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[10] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal
tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius
Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network
Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8
USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius
Network LLC's principal place of business and the Debtors' service address in these chapter 11
cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*, Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al. (the "Committee"), by and through its undersigned counsel, hereby requests that FTX Zuma Ltd produce documents in response to the requests below within 14 days of service to the Committee's attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Americas, New York, NY 10104.

## DOCUMENT REQUESTS DEFINITIONS

1.      The singular form of a word includes the plural, and vice versa.

2.      Any tense of a verb includes all tenses.

3.      Any natural person includes that person's agents, assigns, attorneys, employees, representatives, and successors.

4.      Any entity other than a natural person includes (a) that entity's present and former agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, employees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors; (b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf of (a) or (b).

5.      "All," "any," and "each" mean any and all.

6.      "And" and "or" are construed both conjunctively and disjunctively.

7.      "Associated with" includes, but is not limited to, "affiliated with," "corresponding to," "owned by," "controlled by," and "operated by."

8.      "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain identified as CEL.

2

9.      "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10.      "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.      "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12.      "FTX User Account" means a user account registered with the FTX Exchange.

13.      "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14.      "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15.      "Including" means including but not limited to.

16.      "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17.      "FTX Address" means a blockchain address associated with an FTX User Account.

3

18.    "Identified FTX Addresses" means the following FTX Addresses, and, for the

avoidance of doubt, each is an "Identified FTX Address":

    a.       0xd84c82dcfb21572b68339f14453bfe39fdc81f74

    b.       0x2be52c6e141a314778b5ea702e8a9dc87b42d126

    c.       0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

    d.       0x44f73a35b995c7a55864209468925bf450cf0a00

    e.       0x1785904b28ad668b4778618f749db6b4a04472ed

    f.       0xd7cf4d9176519142bf64111d713d3f85cdff1b67

    g.       0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

    h.       0xb4e872704625ea0f69f95c856ad49aff44da2ba4

    i.       0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

    j.       0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19.    "You" and "Your" means and refers to any or all the FTX Debtors.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions and for purposes of these

Requests, the following Instructions shall be followed:

1.    These Requests seek production of material in Your possession, custody, or control.

2.    These Requests seek production of nonprivileged material.

3.    For each Request, either state that You will produce the requested material or state

with specificity the grounds for objecting to the Request, including the reasons.

4.    If You object to all or part of a Request, state whether You are withholding any

responsive material based on that objection.

5.    If You object to part of a Request, specify the part and state that You will produce

documents responsive to the rest.

4

6.      If You withhold responsive information by claiming that the information is privi-
leged or subject to protection as trial-preparation material, expressly make the claim and describe
the nature of the information privileged or protected in a manner that, without revealing infor-
mation itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document
You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memoran-
dum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author,
addresses, and any other recipients of the Document; (e) where not apparent, the relationships of
the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.      If after responding to any Request You learn that Your response is in some material
respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including
May 1, 2019 through the present.

## REQUESTS

20.     Documents sufficient to identify the FTX User Account(s) associated with each
Identified FTX Address.

21.     Documents sufficient to identify the entity or individual associated with each FTX
User Account identified in response to Request No. 1, including all Know Your Customer Infor-
mation for each such entity or individual.

22.     Documents sufficient to identify all FTX User Account(s) associated with any en-
tity or individual identified in response to Request No. 2, other than FTX User Accounts identified
in response to Request No. 1.

5

23.    Documents sufficient to identify all FTX Address(es) associated with each FTX User Account identified in response to Request No. 1 and Request No. 3, other than the Identified FTX Addresses.

24.    Documents sufficient to show when each FTX User Account identified in response to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.    Documents sufficient to show a complete transaction history for each FTX User Account identified in response to Request No. 1 and Request No. 3.

26.    Documents sufficient to show all short positions with respect to the CEL Token on an FTX Exchange from April 1, 2022 to August 30, 2022.

27.    Documents sufficient to identify the FTX Address(es) associated with each short position identified in response to Request No. 7.

28.    Documents sufficient to identify the FTX User Account(s) associated with each FTX Address identified in response to Request No. 8.

29.    Documents sufficient to identify the entity or individual associated with each FTX User Account relating to Request No. 8, including all Know Your Customer Information for each such entity or individual.

30.    Documents sufficient to show all borrow or loan transactions associated with the positions identified in response to Request No. 7.

6

Dated:    May 15, 2023

*/s/ Jennifer M. Selendy*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, New York 10104
Tel.: 212-390-9000
jselendy@selendygay.com
fgay@selendygay.com
tagangawilliams@selendygay.com
cobrien@selendygay.com

*Co-Counsel to the Official Committee of
Unsecured Creditors*

# Subpoena Package 60

# GG Trading Terminal Ltd

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 1)

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re CELSIUS NETWORK LLC, et al.,          Case No. 22-10964 (MG)
       Debtor

           Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: GG Trading Terminal Ltd
70 Sir John Rogerson's Quay
Dublin D02R296
Ireland

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
|  |  |
|  |  |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

   Please see the attached requests for the production of documents.

      The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  **05/15/2023**

           CLERK OF COURT

                          OR

       _____
       *Signature of Clerk or Deputy Clerk*

                    _____
                    *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors  who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page )

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A)*Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A)*When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A)*Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A)*Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

***Ex Parte Order*, Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Official Committee of Unsecured Creditors to Issues *Subpoenas Duce Tecum* Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdiction over the Application; and the Application being a core proceeding; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appear-
ing therefor, it is

ORDERED, that the Application is granted; and it is further

ORDERED, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be,
and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

ORDERED, that the FTX Debtors are directed to either timely comply with the terms of
this Order and any Subpoenas issued to them or make an appropriate motion for a protective or-
der or to quash any Subpoenas; and it is further

ORDERED, that unless otherwise ordered by this Court, no Subpoena shall seek the pro-
duction or inspection of documents or things on less than fourteen (14) days' notice; and it is fur-
ther

ORDERED, that the terms and conditions of this Order are immediately effective and
enforceable upon its entry; and it is further

ORDERED, that this Order is without prejudice to the rights of the Committee to apply
for further discovery from any party or other entity or person; and it is further

ORDERED, that this Court shall retain jurisdiction to interpret, implement, and enforce
the terms and provisions of this Order, including adjudicating any discovery disputes that may
arise between or among the parties.

**IT IS SO ORDERED.**

Dated:  May 11, 2023
     New York, New York

                                      **/s/ Martin Glenn**
                                       MARTIN GLENN
                        Chief United States Bankruptcy Judge

# Attachment # 2

# *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
        fgay@selendygay.com
        taganagawilliams@selendygay.com
        cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[11] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS
TO GG TRADING TERMINAL LTD**

Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "Local District Rules"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[11] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal
tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius
Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network
Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8
USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius
Network LLC's principal place of business and the Debtors' service address in these chapter 11
cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*,
Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al.
(the "Committee"), by and through its undersigned counsel, hereby requests that GG Trading
Terminal Ltd produce documents in response to the requests below within 14 days of service to
the Committee's attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Americas, New
York, NY 10104.

## DOCUMENT REQUESTS DEFINITIONS

1.     The singular form of a word includes the plural, and vice versa.

2.     Any tense of a verb includes all tenses.

3.     Any natural person includes that person's agents, assigns, attorneys, employees,
representatives, and successors.

4.     Any entity other than a natural person includes (a) that entity's present and former
agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, em-
ployees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors;
(b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or
owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf
of (a) or (b).

5.     "All," "any," and "each" mean any and all.

6.     "And" and "or" are construed both conjunctively and disjunctively.

7.     "Associated with" includes, but is not limited to, "affiliated with," "corresponding
to," "owned by," "controlled by," and "operated by."

8.     "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain iden-
tified as CEL.

2

9.     "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10.     "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.     "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12.     "FTX User Account" means a user account registered with the FTX Exchange.

13.     "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14.     "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15.     "Including" means including but not limited to.

16.     "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17.     "FTX Address" means a blockchain address associated with an FTX User Account.

3

18.    "Identified FTX Addresses" means the following FTX Addresses, and, for the
avoidance of doubt, each is an "Identified FTX Address":

     a.       0xd84c82dcfb21572b68339f14453bfe39fdc81f74

     b.       0x2be52c6e141a314778b5ea702e8a9dc87b42d126

     c.       0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

     d.       0x44f73a35b995c7a55864209468925bf450cf0a00

     e.       0x1785904b28ad668b4778618f749db6b4a04472ed

     f.       0xd7cf4d9176519142bf64111d713d3f85cdff1b67

     g.       0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

     h.       0xb4e872704625ea0f69f95c856ad49aff44da2ba4

     i.       0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

     j.       0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19.    "You" and "Your" means and refers to any or all the FTX Debtors.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions and for purposes of these
Requests, the following Instructions shall be followed:

1.    These Requests seek production of material in Your possession, custody, or control.

2.    These Requests seek production of nonprivileged material.

3.    For each Request, either state that You will produce the requested material or state
with specificity the grounds for objecting to the Request, including the reasons.

4.    If You object to all or part of a Request, state whether You are withholding any
responsive material based on that objection.

5.    If You object to part of a Request, specify the part and state that You will produce
documents responsive to the rest.

4

6.      If You withhold responsive information by claiming that the information is privileged or subject to protection as trial-preparation material, expressly make the claim and describe the nature of the information privileged or protected in a manner that, without revealing information itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memorandum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author, addresses, and any other recipients of the Document; (e) where not apparent, the relationships of the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.      If after responding to any Request You learn that Your response is in some material respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including May 1, 2019 through the present.

## REQUESTS

20.      Documents sufficient to identify the FTX User Account(s) associated with each Identified FTX Address.

21.      Documents sufficient to identify the entity or individual associated with each FTX User Account identified in response to Request No. 1, including all Know Your Customer Information for each such entity or individual.

22.      Documents sufficient to identify all FTX User Account(s) associated with any entity or individual identified in response to Request No. 2, other than FTX User Accounts identified in response to Request No. 1.

23.     Documents sufficient to identify all FTX Address(es) associated with each FTX User Account identified in response to Request No. 1 and Request No. 3, other than the Identified FTX Addresses.

24.     Documents sufficient to show when each FTX User Account identified in response to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.     Documents sufficient to show a complete transaction history for each FTX User Account identified in response to Request No. 1 and Request No. 3.

26.     Documents sufficient to show all short positions with respect to the CEL Token on an FTX Exchange from April 1, 2022 to August 30, 2022.

27.     Documents sufficient to identify the FTX Address(es) associated with each short position identified in response to Request No. 7.

28.     Documents sufficient to identify the FTX User Account(s) associated with each FTX Address identified in response to Request No. 8.

29.     Documents sufficient to identify the entity or individual associated with each FTX User Account relating to Request No. 8, including all Know Your Customer Information for each such entity or individual.

30.     Documents sufficient to show all borrow or loan transactions associated with the positions identified in response to Request No. 7.

Dated:   May 15, 2023

*/s/ Jennifer M. Selendy*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, New York 10104
Tel.: 212-390-9000
jselendy@selendygay.com
fgay@selendygay.com
tagangawilliams@selendygay.com
cobrien@selendygay.com

*Co-Counsel to the Official Committee of
Unsecured Creditors*

**Subpoena Package 61**

**Global Compass Dynamics Ltd.**

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 1)

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re CELSIUS NETWORK LLC, et al.,                    Case No. 22-10964 (MG)
                              Debtor

                                                      Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

> To: Global Compass Dynamics Ltd.
> Unit 3B, Bryson's Commercial Complex, Friars Hill Road
> St. John's AG-04
> Antigua and Barbuda

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|-------|---------------|
|       |               |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

  Please see the attached requests for the production of documents.

        The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  **05/15/2023**

                    CLERK OF COURT
                                                      OR

        _____
        *Signature of Clerk or Deputy Clerk*

                                            _____
                                                *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors  who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

  My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

        I declare under penalty of perjury that this information is true and correct.

Date: _____

                                                        _____
                                                                    *Server's signature*

                                                        _____
                                                                  *Printed name and title*

                                                        _____
                                                                    *Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page )

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

*Ex Parte Order*, **Pursuant to Fed. R. Bankr.
P. 2004, Authorizing the Official Committee
of Unsecured Creditors to Issues *Subpoenas
Duce Tecum* Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdiction over the Application; and the Application being a core proceeding; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Limited (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appearing therefor, it is

    **ORDERED**, that the Application is granted; and it is further

    **ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be, and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

    **ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of this Order and any Subpoenas issued to them or make an appropriate motion for a protective order or to quash any Subpoenas; and it is further

    **ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the production or inspection of documents or things on less than fourteen (14) days' notice; and it is further

    **ORDERED**, that the terms and conditions of this Order are immediately effective and enforceable upon its entry; and it is further

    **ORDERED**, that this Order is without prejudice to the rights of the Committee to apply for further discovery from any party or other entity or person; and it is further

    **ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order, including adjudicating any discovery disputes that may arise between or among the parties.

**IT IS SO ORDERED.**

Dated:  May 11, 2023
      New York, New York

                        **/s/ Martin Glenn**
                        MARTIN GLENN
           Chief United States Bankruptcy Judge

# Attachment # 2

# *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
        fgay@selendygay.com
        taangawilliams@selendygay.com
        cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[12] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS TO GLOBAL COMPASS DYNAMICS LTD.**

Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "Local District Rules"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[12] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*,

Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al.

(the "Committee"), by and through its undersigned counsel, hereby requests that Global Compass

Dynamics Ltd. produce documents in response to the requests below within 14 days of service to

the Committee's attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Americas, New

York, NY 10104.

## DOCUMENT REQUESTS DEFINITIONS

1.      The singular form of a word includes the plural, and vice versa.

2.      Any tense of a verb includes all tenses.

3.      Any natural person includes that person's agents, assigns, attorneys, employees,

representatives, and successors.

4.      Any entity other than a natural person includes (a) that entity's present and former

agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, em-

ployees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors;

(b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or

owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf

of (a) or (b).

5.      "All," "any," and "each" mean any and all.

6.      "And" and "or" are construed both conjunctively and disjunctively.

7.      "Associated with" includes, but is not limited to, "affiliated with," "corresponding

to," "owned by," "controlled by," and "operated by."

8.      "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain iden-

tified as CEL.

2

9. "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10. "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11. "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12. "FTX User Account" means a user account registered with the FTX Exchange.

13. "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14. "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15. "Including" means including but not limited to.

16. "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17. "FTX Address" means a blockchain address associated with an FTX User Account.

3

18.    "Identified FTX Addresses" means the following FTX Addresses, and, for the

avoidance of doubt, each is an "Identified FTX Address":

    a.    0xd84c82dcfb21572b68339f14453bfe39fdc81f74

    b.    0x2be52c6e141a314778b5ea702e8a9dc87b42d126

    c.    0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

    d.    0x44f73a35b995c7a55864209468925bf450cf0a00

    e.    0x1785904b28ad668b4778618f749db6b4a04472ed

    f.    0xd7cf4d9176519142bf64111d713d3f85cdff1b67

    g.    0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

    h.    0xb4e872704625ea0f69f95c856ad49aff44da2ba4

    i.    0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

    j.    0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19.    "You" and "Your" means and refers to any or all the FTX Debtors.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions and for purposes of these

Requests, the following Instructions shall be followed:

1.    These Requests seek production of material in Your possession, custody, or control.

2.    These Requests seek production of nonprivileged material.

3.    For each Request, either state that You will produce the requested material or state

with specificity the grounds for objecting to the Request, including the reasons.

4.    If You object to all or part of a Request, state whether You are withholding any

responsive material based on that objection.

5.    If You object to part of a Request, specify the part and state that You will produce

documents responsive to the rest.

4

6.      If You withhold responsive information by claiming that the information is privi-
leged or subject to protection as trial-preparation material, expressly make the claim and describe
the nature of the information privileged or protected in a manner that, without revealing infor-
mation itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document
You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memoran-
dum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author,
addresses, and any other recipients of the Document; (e) where not apparent, the relationships of
the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.      If after responding to any Request You learn that Your response is in some material
respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including
May 1, 2019 through the present.

## REQUESTS

20.     Documents sufficient to identify the FTX User Account(s) associated with each
Identified FTX Address.

21.     Documents sufficient to identify the entity or individual associated with each FTX
User Account identified in response to Request No. 1, including all Know Your Customer Infor-
mation for each such entity or individual.

22.     Documents sufficient to identify all FTX User Account(s) associated with any en-
tity or individual identified in response to Request No. 2, other than FTX User Accounts identified
in response to Request No. 1.

23.     Documents sufficient to identify all FTX Address(es) associated with each FTX User Account identified in response to Request No. 1 and Request No. 3, other than the Identified FTX Addresses.

24.     Documents sufficient to show when each FTX User Account identified in response to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.     Documents sufficient to show a complete transaction history for each FTX User Account identified in response to Request No. 1 and Request No. 3.

26.     Documents sufficient to show all short positions with respect to the CEL Token on an FTX Exchange from April 1, 2022 to August 30, 2022.

27.     Documents sufficient to identify the FTX Address(es) associated with each short position identified in response to Request No. 7.

28.     Documents sufficient to identify the FTX User Account(s) associated with each FTX Address identified in response to Request No. 8.

29.     Documents sufficient to identify the entity or individual associated with each FTX User Account relating to Request No. 8, including all Know Your Customer Information for each such entity or individual.

30.     Documents sufficient to show all borrow or loan transactions associated with the positions identified in response to Request No. 7.

Dated:    May 15, 2023

*/s/ Jennifer M. Selendy*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, New York 10104
Tel.: 212-390-9000
jselendy@selendygay.com
fgay@selendygay.com
tagangawilliams@selendygay.com
cobrien@selendygay.com

*Co-Counsel to the Official Committee of
Unsecured Creditors*

7

# Subpoena Package 62

# Good Luck Games, LLC

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 1)

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re CELSIUS NETWORK LLC, et al.,
              Debtor

Case No. 22-10964 (MG)

Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Good Luck Games, LLC
167 N Green Street, Suite 1102
Chicago, IL 60607

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

  Please see the attached requests for the production of documents.

      The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **05/15/2023**

            CLERK OF COURT

                                       OR

_____
   *Signature of Clerk or Deputy Clerk*

_____
                *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page )

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

***Ex Parte Order*, Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Official Committee of Unsecured Creditors to Issues *Subpoenas Duce Tecum* Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdiction over the Application; and the Application being a core proceeding; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Limited (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appearing therefor, it is

     **ORDERED**, that the Application is granted; and it is further

     **ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be, and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

     **ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of this Order and any Subpoenas issued to them or make an appropriate motion for a protective order or to quash any Subpoenas; and it is further

     **ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the production or inspection of documents or things on less than fourteen (14) days' notice; and it is further

     **ORDERED**, that the terms and conditions of this Order are immediately effective and enforceable upon its entry; and it is further

     **ORDERED**, that this Order is without prejudice to the rights of the Committee to apply for further discovery from any party or other entity or person; and it is further

     **ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order, including adjudicating any discovery disputes that may arise between or among the parties.

**IT IS SO ORDERED.**

Dated:  May 11, 2023
     New York, New York

                                          **/s/ Martin Glenn**
                                          MARTIN GLENN
                        Chief United States Bankruptcy Judge

# Attachment # 2

# *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
        fgay@selendygay.com
        tagangawilliams@selendygay.com
        cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[13] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS
TO GOOD LUCK GAMES, LLC**

Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "Local District Rules"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[13] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal
tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius
Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network
Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8
USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius
Network LLC's principal place of business and the Debtors' service address in these chapter 11
cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*,
Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al.
(the "Committee"), by and through its undersigned counsel, hereby requests that Good Luck
Games, LLC produce documents in response to the requests below within 14 days of service to
the Committee's attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Americas, New
York, NY 10104.

## DOCUMENT REQUESTS DEFINITIONS

1.      The singular form of a word includes the plural, and vice versa.

2.      Any tense of a verb includes all tenses.

3.      Any natural person includes that person's agents, assigns, attorneys, employees,
representatives, and successors.

4.      Any entity other than a natural person includes (a) that entity's present and former
agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, em-
ployees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors;
(b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or
owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf
of (a) or (b).

5.      "All," "any," and "each" mean any and all.

6.      "And" and "or" are construed both conjunctively and disjunctively.

7.      "Associated with" includes, but is not limited to, "affiliated with," "corresponding
to," "owned by," "controlled by," and "operated by."

8.      "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain iden-
tified as CEL.

2

9.      "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10.     "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.     "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12.     "FTX User Account" means a user account registered with the FTX Exchange.

13.     "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14.     "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15.     "Including" means including but not limited to.

16.     "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17.     "FTX Address" means a blockchain address associated with an FTX User Account.

3

18.     "Identified FTX Addresses" means the following FTX Addresses, and, for the avoidance of doubt, each is an "Identified FTX Address":

      a.      0xd84c82dcfb21572b68339f14453bfe39fdc81f74

      b.      0x2be52c6e141a314778b5ea702e8a9dc87b42d126

      c.      0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

      d.      0x44f73a35b995c7a55864209468925bf450cf0a00

      e.      0x1785904b28ad668b4778618f749db6b4a04472ed

      f.      0xd7cf4d9176519142bf64111d713d3f85cdff1b67

      g.      0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

      h.      0xb4e872704625ea0f69f95c856ad49aff44da2ba4

      i.      0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

      j.      0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19.     "You" and "Your" means and refers to any or all the FTX Debtors.

## **INSTRUCTIONS**

The preceding Definitions apply to each of these Instructions and for purposes of these Requests, the following Instructions shall be followed:

1.     These Requests seek production of material in Your possession, custody, or control.

2.     These Requests seek production of nonprivileged material.

3.     For each Request, either state that You will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons.

4.     If You object to all or part of a Request, state whether You are withholding any responsive material based on that objection.

5.     If You object to part of a Request, specify the part and state that You will produce documents responsive to the rest.

4

6.     If You withhold responsive information by claiming that the information is privi-
leged or subject to protection as trial-preparation material, expressly make the claim and describe
the nature of the information privileged or protected in a manner that, without revealing infor-
mation itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document
You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memoran-
dum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author,
addresses, and any other recipients of the Document; (e) where not apparent, the relationships of
the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.     If after responding to any Request You learn that Your response is in some material
respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including
May 1, 2019 through the present.

## REQUESTS

20.     Documents sufficient to identify the FTX User Account(s) associated with each
Identified FTX Address.

21.     Documents sufficient to identify the entity or individual associated with each FTX
User Account identified in response to Request No. 1, including all Know Your Customer Infor-
mation for each such entity or individual.

22.     Documents sufficient to identify all FTX User Account(s) associated with any en-
tity or individual identified in response to Request No. 2, other than FTX User Accounts identified
in response to Request No. 1.

23.     Documents sufficient to identify all FTX Address(es) associated with each FTX
User Account identified in response to Request No. 1 and Request No. 3, other than the Identified
FTX Addresses.

24.     Documents sufficient to show when each FTX User Account identified in response
to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.     Documents sufficient to show a complete transaction history for each FTX User
Account identified in response to Request No. 1 and Request No. 3.

26.     Documents sufficient to show all short positions with respect to the CEL Token on
an FTX Exchange from April 1, 2022 to August 30, 2022.

27.     Documents sufficient to identify the FTX Address(es) associated with each short
position identified in response to Request No. 7.

28.     Documents sufficient to identify the FTX User Account(s) associated with each
FTX Address identified in response to Request No. 8.

29.     Documents sufficient to identify the entity or individual associated with each FTX
User Account relating to Request No. 8, including all Know Your Customer Information for each
such entity or individual.

30.     Documents sufficient to show all borrow or loan transactions associated with the
positions identified in response to Request No. 7.

Dated:   May 15, 2023

*/s/ Jennifer M. Selendy*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, New York 10104
Tel.: 212-390-9000
jselendy@selendygay.com
fgay@selendygay.com
tagangawilliams@selendygay.com
cobrien@selendygay.com

*Co-Counsel to the Official Committee of
Unsecured Creditors*

7

# Subpoena Package 63

# Goodman Investments Ltd

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 1)

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re CELSIUS NETWORK LLC, et al.,                      Case No. 22-10964 (MG)
                          Debtor

                                                        Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Goodman Investments Ltd
Trinity Chambers PO Box 4301
Road Town, Tortola VG 1110
British Virgin Islands

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|-------|---------------|
|       |               |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

  Please see the attached requests for the production of documents.

        The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  **05/15/2023**

                    CLERK OF COURT                        OR

                    _____
                    *Signature of Clerk or Deputy Clerk*

                                                          _____
                                                          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors  who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

  My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


    I declare under penalty of perjury that this information is true and correct.

Date: _____

                                        _____
                                                      *Server's signature*

                                        _____
                                                      *Printed name and title*

                                        _____
                                                      *Server's address*


Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or transacts business in person, if the person
        (i) is a party or a party's officer; or
        (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
    (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
    (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        (i) fails to allow a reasonable time to comply;
        (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
        (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        (i) disclosing a trade secret or other confidential research, development, or commercial information; or

        (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
    (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        (i) expressly make the claim; and
        (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

***Ex Parte Order***, **Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Official Committee of Unsecured Creditors to Issues *Subpoenas Duce Tecum* Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdiction over the Application; and the Application being a core proceeding; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Limited (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appearing therefor, it is

**ORDERED**, that the Application is granted; and it is further

**ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be, and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

**ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of this Order and any Subpoenas issued to them or make an appropriate motion for a protective order or to quash any Subpoenas; and it is further

**ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the production or inspection of documents or things on less than fourteen (14) days' notice; and it is further

**ORDERED**, that the terms and conditions of this Order are immediately effective and enforceable upon its entry; and it is further

**ORDERED**, that this Order is without prejudice to the rights of the Committee to apply for further discovery from any party or other entity or person; and it is further

**ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order, including adjudicating any discovery disputes that may arise between or among the parties.

**IT IS SO ORDERED.**

Dated: May 11, 2023
     New York, New York

                              **/s/ Martin Glenn**
                                 MARTIN GLENN
                Chief United States Bankruptcy Judge

# Attachment # 2

# *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
        fgay@selendygay.com
        tagangawilliams@selendygay.com
        cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[14] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS
TO GOODMAN INVESTMENTS LTD.**

Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "Local District Rules"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[14] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal
tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius
Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network
Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8
USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius
Network LLC's principal place of business and the Debtors' service address in these chapter 11
cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*,

Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al.

(the "Committee"), by and through its undersigned counsel, hereby requests that Goodman

Investments Ltd. produce documents in response to the requests below within 14 days of service

to the Committee's attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Americas, New

York, NY 10104.

## DOCUMENT REQUESTS DEFINITIONS

1.    The singular form of a word includes the plural, and vice versa.

2.    Any tense of a verb includes all tenses.

3.    Any natural person includes that person's agents, assigns, attorneys, employees, representatives, and successors.

4.    Any entity other than a natural person includes (a) that entity's present and former agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, employees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors; (b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf of (a) or (b).

5.    "All," "any," and "each" mean any and all.

6.    "And" and "or" are construed both conjunctively and disjunctively.

7.    "Associated with" includes, but is not limited to, "affiliated with," "corresponding to," "owned by," "controlled by," and "operated by."

8.    "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain identified as CEL.

2

9.      "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10.     "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.     "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12.     "FTX User Account" means a user account registered with the FTX Exchange.

13.     "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14.     "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15.     "Including" means including but not limited to.

16.     "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17.     "FTX Address" means a blockchain address associated with an FTX User Account.

3

18.    "Identified FTX Addresses" means the following FTX Addresses, and, for the avoidance of doubt, each is an "Identified FTX Address":

a.    0xd84c82dcfb21572b68339f14453bfe39fdc81f74

b.    0x2be52c6e141a314778b5ea702e8a9dc87b42d126

c.    0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

d.    0x44f73a35b995c7a55864209468925bf450cf0a00

e.    0x1785904b28ad668b4778618f749db6b4a04472ed

f.    0xd7cf4d9176519142bf64111d713d3f85cdff1b67

g.    0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

h.    0xb4e872704625ea0f69f95c856ad49aff44da2ba4

i.    0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

j.    0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19.    "You" and "Your" means and refers to any or all the FTX Debtors.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions and for purposes of these Requests, the following Instructions shall be followed:

1.    These Requests seek production of material in Your possession, custody, or control.

2.    These Requests seek production of nonprivileged material.

3.    For each Request, either state that You will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons.

4.    If You object to all or part of a Request, state whether You are withholding any responsive material based on that objection.

5.    If You object to part of a Request, specify the part and state that You will produce documents responsive to the rest.

4

6.      If You withhold responsive information by claiming that the information is privileged or subject to protection as trial-preparation material, expressly make the claim and describe the nature of the information privileged or protected in a manner that, without revealing information itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memorandum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author, addresses, and any other recipients of the Document; (e) where not apparent, the relationships of the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.      If after responding to any Request You learn that Your response is in some material respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including May 1, 2019 through the present.

## REQUESTS

20.      Documents sufficient to identify the FTX User Account(s) associated with each Identified FTX Address.

21.      Documents sufficient to identify the entity or individual associated with each FTX User Account identified in response to Request No. 1, including all Know Your Customer Information for each such entity or individual.

22.      Documents sufficient to identify all FTX User Account(s) associated with any entity or individual identified in response to Request No. 2, other than FTX User Accounts identified in response to Request No. 1.

5

23.     Documents sufficient to identify all FTX Address(es) associated with each FTX User Account identified in response to Request No. 1 and Request No. 3, other than the Identified FTX Addresses.

24.     Documents sufficient to show when each FTX User Account identified in response to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.     Documents sufficient to show a complete transaction history for each FTX User Account identified in response to Request No. 1 and Request No. 3.

26.     Documents sufficient to show all short positions with respect to the CEL Token on an FTX Exchange from April 1, 2022 to August 30, 2022.

27.     Documents sufficient to identify the FTX Address(es) associated with each short position identified in response to Request No. 7.

28.     Documents sufficient to identify the FTX User Account(s) associated with each FTX Address identified in response to Request No. 8.

29.     Documents sufficient to identify the entity or individual associated with each FTX User Account relating to Request No. 8, including all Know Your Customer Information for each such entity or individual.

30.     Documents sufficient to show all borrow or loan transactions associated with the positions identified in response to Request No. 7.

6

Dated:   May 15, 2023

*/s/ Jennifer M. Selendy*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, New York 10104
Tel.: 212-390-9000
jselendy@selendygay.com
fgay@selendygay.com
tagangawilliams@selendygay.com
cobrien@selendygay.com

*Co-Counsel to the Official Committee of
Unsecured Creditors*

# Subpoena Package 64

# Hannam Group Inc

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re CELSIUS NETWORK LLC, et al.,                     Case No. 22-10964 (MG)
              Debtor

                                                  Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Hannam Group Inc
Changjin-dong, Tower 8, 7, Jongno 5-gil
Jongno-gu, Seoul
Korea

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

  Please see the attached requests for the production of documents.

      The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  **05/15/2023**

           CLERK OF COURT
                                OR

         _____
         *Signature of Clerk or Deputy Clerk*

                                 _____
                                   *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors  who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

***Ex Parte Order*, Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Official Committee of Unsecured Creditors to Issues *Subpoenas Duce Tecum* Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdiction over the Application; and the Application being a core proceeding; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Limited (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appearing therefor, it is

      **ORDERED**, that the Application is granted; and it is further

      **ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be, and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

      **ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of this Order and any Subpoenas issued to them or make an appropriate motion for a protective order or to quash any Subpoenas; and it is further

      **ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the production or inspection of documents or things on less than fourteen (14) days' notice; and it is further

      **ORDERED**, that the terms and conditions of this Order are immediately effective and enforceable upon its entry; and it is further

      **ORDERED**, that this Order is without prejudice to the rights of the Committee to apply for further discovery from any party or other entity or person; and it is further

      **ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order, including adjudicating any discovery disputes that may arise between or among the parties.

**IT IS SO ORDERED.**

Dated:  May 11, 2023
       New York, New York

                                    __**/s/ Martin Glenn**__
                                     MARTIN GLENN
                       Chief United States Bankruptcy Judge

# Attachment # 2

# *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
        fgay@selendygay.com
        taganga williams@selendygay.com
        cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[15] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS
TO HANNAM GROUP INC**

Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "Local District Rules"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[15] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal
tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius
Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network
Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8
USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius
Network LLC's principal place of business and the Debtors' service address in these chapter 11
cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*,

Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al.

(the "Committee"), by and through its undersigned counsel, hereby requests that Hannam Group

Inc produce documents in response to the requests below within 14 days of service to the Com-

mittee's attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Americas, New York, NY

10104.

## DOCUMENT REQUESTS DEFINITIONS

1.      The singular form of a word includes the plural, and vice versa.

2.      Any tense of a verb includes all tenses.

3.      Any natural person includes that person's agents, assigns, attorneys, employees,

representatives, and successors.

4.      Any entity other than a natural person includes (a) that entity's present and former

agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, em-

ployees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors;

(b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or

owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf

of (a) or (b).

5.      "All," "any," and "each" mean any and all.

6.      "And" and "or" are construed both conjunctively and disjunctively.

7.      "Associated with" includes, but is not limited to, "affiliated with," "corresponding

to," "owned by," "controlled by," and "operated by."

8.      "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain iden-

tified as CEL.

2

9.      "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10.     "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.     "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12.     "FTX User Account" means a user account registered with the FTX Exchange.

13.     "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14.     "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15.     "Including" means including but not limited to.

16.     "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17.     "FTX Address" means a blockchain address associated with an FTX User Account.

3

18.    "Identified FTX Addresses" means the following FTX Addresses, and, for the avoidance of doubt, each is an "Identified FTX Address":

a.    0xd84c82dcfb21572b68339f14453bfe39fdc81f74

b.    0x2be52c6e141a314778b5ea702e8a9dc87b42d126

c.    0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

d.    0x44f73a35b995c7a55864209468925bf450cf0a00

e.    0x1785904b28ad668b4778618f749db6b4a04472ed

f.    0xd7cf4d9176519142bf64111d713d3f85cdff1b67

g.    0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

h.    0xb4e872704625ea0f69f95c856ad49aff44da2ba4

i.    0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

j.    0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19.    "You" and "Your" means and refers to any or all the FTX Debtors.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions and for purposes of these Requests, the following Instructions shall be followed:

1.    These Requests seek production of material in Your possession, custody, or control.

2.    These Requests seek production of nonprivileged material.

3.    For each Request, either state that You will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons.

4.    If You object to all or part of a Request, state whether You are withholding any responsive material based on that objection.

5.    If You object to part of a Request, specify the part and state that You will produce documents responsive to the rest.

4

6.      If You withhold responsive information by claiming that the information is privi-
leged or subject to protection as trial-preparation material, expressly make the claim and describe
the nature of the information privileged or protected in a manner that, without revealing infor-
mation itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document
You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memoran-
dum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author,
addresses, and any other recipients of the Document; (e) where not apparent, the relationships of
the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.      If after responding to any Request You learn that Your response is in some material
respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including
May 1, 2019 through the present.

## REQUESTS

20.     Documents sufficient to identify the FTX User Account(s) associated with each
Identified FTX Address.

21.     Documents sufficient to identify the entity or individual associated with each FTX
User Account identified in response to Request No. 1, including all Know Your Customer Infor-
mation for each such entity or individual.

22.     Documents sufficient to identify all FTX User Account(s) associated with any en-
tity or individual identified in response to Request No. 2, other than FTX User Accounts identified
in response to Request No. 1.

5

23.     Documents sufficient to identify all FTX Address(es) associated with each FTX User Account identified in response to Request No. 1 and Request No. 3, other than the Identified FTX Addresses.

24.     Documents sufficient to show when each FTX User Account identified in response to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.     Documents sufficient to show a complete transaction history for each FTX User Account identified in response to Request No. 1 and Request No. 3.

26.     Documents sufficient to show all short positions with respect to the CEL Token on an FTX Exchange from April 1, 2022 to August 30, 2022.

27.     Documents sufficient to identify the FTX Address(es) associated with each short position identified in response to Request No. 7.

28.     Documents sufficient to identify the FTX User Account(s) associated with each FTX Address identified in response to Request No. 8.

29.     Documents sufficient to identify the entity or individual associated with each FTX User Account relating to Request No. 8, including all Know Your Customer Information for each such entity or individual.

30.     Documents sufficient to show all borrow or loan transactions associated with the positions identified in response to Request No. 7.

6

Dated:    May 15, 2023

*/s/ Jennifer M. Selendy*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, New York 10104
Tel.: 212-390-9000
jselendy@selendygay.com
fgay@selendygay.com
tagangawilliams@selendygay.com
cobrien@selendygay.com

*Co-Counsel to the Official Committee of
Unsecured Creditors*

# Subpoena Package 65

# Hawaii Digital Assets Inc.

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re CELSIUS NETWORK LLC, et al.,
              Debtor

Case No. 22-10964 (MG)

Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Hawaii Digital Assets Inc.
167 N Green Street, Suite 1102
Chicago, IL 60607

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|-------|---------------|
|       |               |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

  Please see the attached requests for the production of documents.

      The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  **05/15/2023**

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors  who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

        I declare under penalty of perjury that this information is true and correct.

Date: _____

                                                    _____
                                                                *Server's signature*

                                                    _____
                                                              *Printed name and title*

                                                    _____
                                                                *Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

***Ex Parte Order*, Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Official Committee of Unsecured Creditors to Issues *Subpoenas Duce Tecum* Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdiction over the Application; and the Application being a core proceeding; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appearing therefor, it is

**ORDERED**, that the Application is granted; and it is further

**ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be, and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

**ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of this Order and any Subpoenas issued to them or make an appropriate motion for a protective order or to quash any Subpoenas; and it is further

**ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the production or inspection of documents or things on less than fourteen (14) days' notice; and it is further

**ORDERED**, that the terms and conditions of this Order are immediately effective and enforceable upon its entry; and it is further

**ORDERED**, that this Order is without prejudice to the rights of the Committee to apply for further discovery from any party or other entity or person; and it is further

**ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order, including adjudicating any discovery disputes that may arise between or among the parties.

**IT IS SO ORDERED.**

Dated:  May 11, 2023
    New York, New York

_____
    **/s/ Martin Glenn**
    MARTIN GLENN
Chief United States Bankruptcy Judge

# Attachment # 2

# *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
        fgay@selendygay.com
        tagangawilliams@selendygay.com
        cobrien@selendygay.com


*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[16] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS TO HAWAII DIGITAL ASSETS INC.

Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "Local District Rules"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[16] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal
tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius
Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network
Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8
USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius
Network LLC's principal place of business and the Debtors' service address in these chapter 11
cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*,

Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al.

(the "Committee"), by and through its undersigned counsel, hereby requests that Hawaii Digital

Assets Inc. produce documents in response to the requests below within 14 days of service to the

Committee's attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Americas, New York,

NY 10104.

## DOCUMENT REQUESTS DEFINITIONS

1.      The singular form of a word includes the plural, and vice versa.

2.      Any tense of a verb includes all tenses.

3.      Any natural person includes that person's agents, assigns, attorneys, employees,

representatives, and successors.

4.      Any entity other than a natural person includes (a) that entity's present and former

agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, em-

ployees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors;

(b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or

owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf

of (a) or (b).

5.      "All," "any," and "each" mean any and all.

6.      "And" and "or" are construed both conjunctively and disjunctively.

7.      "Associated with" includes, but is not limited to, "affiliated with," "corresponding

to," "owned by," "controlled by," and "operated by."

8.      "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain iden-

tified as CEL.

2

9.    "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10.    "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.    "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12.    "FTX User Account" means a user account registered with the FTX Exchange.

13.    "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14.    "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15.    "Including" means including but not limited to.

16.    "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17.    "FTX Address" means a blockchain address associated with an FTX User Account.

3

18.   "Identified FTX Addresses" means the following FTX Addresses, and, for the avoidance of doubt, each is an "Identified FTX Address":

a.      0xd84c82dcfb21572b68339f14453bfe39fdc81f74

b.      0x2be52c6e141a314778b5ea702e8a9dc87b42d126

c.      0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

d.      0x44f73a35b995c7a55864209468925bf450cf0a00

e.      0x1785904b28ad668b4778618f749db6b4a04472ed

f.      0xd7cf4d9176519142bf64111d713d3f85cdff1b67

g.      0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

h.      0xb4e872704625ea0f69f95c856ad49aff44da2ba4

i.      0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

j.      0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19.   "You" and "Your" means and refers to any or all the FTX Debtors.

**INSTRUCTIONS**

The preceding Definitions apply to each of these Instructions and for purposes of these Requests, the following Instructions shall be followed:

1.      These Requests seek production of material in Your possession, custody, or control.

2.      These Requests seek production of nonprivileged material.

3.      For each Request, either state that You will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons.

4.      If You object to all or part of a Request, state whether You are withholding any responsive material based on that objection.

5.      If You object to part of a Request, specify the part and state that You will produce documents responsive to the rest.

4

6.      If You withhold responsive information by claiming that the information is privileged or subject to protection as trial-preparation material, expressly make the claim and describe the nature of the information privileged or protected in a manner that, without revealing information itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memorandum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author, addresses, and any other recipients of the Document; (e) where not apparent, the relationships of the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.      If after responding to any Request You learn that Your response is in some material respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including May 1, 2019 through the present.

## REQUESTS

20.      Documents sufficient to identify the FTX User Account(s) associated with each Identified FTX Address.

21.      Documents sufficient to identify the entity or individual associated with each FTX User Account identified in response to Request No. 1, including all Know Your Customer Information for each such entity or individual.

22.      Documents sufficient to identify all FTX User Account(s) associated with any entity or individual identified in response to Request No. 2, other than FTX User Accounts identified in response to Request No. 1.

23. Documents sufficient to identify all FTX Address(es) associated with each FTX User Account identified in response to Request No. 1 and Request No. 3, other than the Identified FTX Addresses.

24. Documents sufficient to show when each FTX User Account identified in response to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25. Documents sufficient to show a complete transaction history for each FTX User Account identified in response to Request No. 1 and Request No. 3.

26. Documents sufficient to show all short positions with respect to the CEL Token on an FTX Exchange from April 1, 2022 to August 30, 2022.

27. Documents sufficient to identify the FTX Address(es) associated with each short position identified in response to Request No. 7.

28. Documents sufficient to identify the FTX User Account(s) associated with each FTX Address identified in response to Request No. 8.

29. Documents sufficient to identify the entity or individual associated with each FTX User Account relating to Request No. 8, including all Know Your Customer Information for each such entity or individual.

30. Documents sufficient to show all borrow or loan transactions associated with the positions identified in response to Request No. 7.

6

Dated:    May 15, 2023

*/s/ Jennifer M. Selendy*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, New York 10104
Tel.: 212-390-9000
jselendy@selendygay.com
fgay@selendygay.com
tagangawilliams@selendygay.com
cobrien@selendygay.com

*Co-Counsel to the Official Committee of
Unsecured Creditors*

# Subpoena Package 66

# Hilltop Technology Services LLC

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re CELSIUS NETWORK LLC, et al.,

Debtor

Case No. 22-10964 (MG)

Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Hilltop Technology Services LLC
3500 South Dupont Highway
Dover, DE 19901

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

Please see the attached requests for the production of documents.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  **05/15/2023**

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors  who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

***Ex Parte Order***, **Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Official Committee of Unsecured Creditors to Issues *Subpoenas Duce Tecum* Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdiction over the Application; and the Application being a core proceeding; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Limited (8554); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appearing therefor, it is

**ORDERED**, that the Application is granted; and it is further

**ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be, and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

**ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of this Order and any Subpoenas issued to them or make an appropriate motion for a protective order or to quash any Subpoenas; and it is further

**ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the production or inspection of documents or things on less than fourteen (14) days' notice; and it is further

**ORDERED**, that the terms and conditions of this Order are immediately effective and enforceable upon its entry; and it is further

**ORDERED**, that this Order is without prejudice to the rights of the Committee to apply for further discovery from any party or other entity or person; and it is further

**ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order, including adjudicating any discovery disputes that may arise between or among the parties.

**IT IS SO ORDERED.**

Dated: May 11, 2023
New York, New York

_____
**/s/ Martin Glenn**
MARTIN GLENN
Chief United States Bankruptcy Judge

2

# Attachment # 2

# *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
        fgay@selendygay.com
        tagangawilliams@selendygay.com
        cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[17] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS
TO HILLTOP TECHNOLOGY SERVICES LLC**

Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "Local District Rules"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[17] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*,
Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al.
(the "Committee"), by and through its undersigned counsel, hereby requests that Hilltop
Technology Services LLC produce documents in response to the requests below within 14 days of
service to the Committee's attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Americas,
New York, NY 10104.

## DOCUMENT REQUESTS DEFINITIONS

1.    The singular form of a word includes the plural, and vice versa.

2.    Any tense of a verb includes all tenses.

3.    Any natural person includes that person's agents, assigns, attorneys, employees,
representatives, and successors.

4.    Any entity other than a natural person includes (a) that entity's present and former
agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, em-
ployees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors;
(b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or
owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf
of (a) or (b).

5.    "All," "any," and "each" mean any and all.

6.    "And" and "or" are construed both conjunctively and disjunctively.

7.    "Associated with" includes, but is not limited to, "affiliated with," "corresponding
to," "owned by," "controlled by," and "operated by."

8.    "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain iden-
tified as CEL.

9.    "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10.    "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.    "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12.    "FTX User Account" means a user account registered with the FTX Exchange.

13.    "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14.    "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15.    "Including" means including but not limited to.

16.    "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17.    "FTX Address" means a blockchain address associated with an FTX User Account.

3

18.    "Identified FTX Addresses" means the following FTX Addresses, and, for the
avoidance of doubt, each is an "Identified FTX Address":

 a. 0xd84c82dcfb21572b68339f14453bfe39fdc81f74

 b. 0x2be52c6e141a314778b5ea702e8a9dc87b42d126

 c. 0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

 d. 0x44f73a35b995c7a55864209468925bf450cf0a00

 e. 0x1785904b28ad668b4778618f749db6b4a04472ed

 f. 0xd7cf4d9176519142bf64111d713d3f85cdff1b67

 g. 0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

 h. 0xb4e872704625ea0f69f95c856ad49aff44da2ba4

 i. 0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

 j. 0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19.    "You" and "Your" means and refers to any or all the FTX Debtors.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions and for purposes of these
Requests, the following Instructions shall be followed:

1.    These Requests seek production of material in Your possession, custody, or control.

2.    These Requests seek production of nonprivileged material.

3.    For each Request, either state that You will produce the requested material or state
with specificity the grounds for objecting to the Request, including the reasons.

4.    If You object to all or part of a Request, state whether You are withholding any
responsive material based on that objection.

5.    If You object to part of a Request, specify the part and state that You will produce
documents responsive to the rest.

4

6.      If You withhold responsive information by claiming that the information is privi-
leged or subject to protection as trial-preparation material, expressly make the claim and describe
the nature of the information privileged or protected in a manner that, without revealing infor-
mation itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document
You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memoran-
dum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author,
addresses, and any other recipients of the Document; (e) where not apparent, the relationships of
the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.      If after responding to any Request You learn that Your response is in some material
respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including
May 1, 2019 through the present.

## REQUESTS

20.     Documents sufficient to identify the FTX User Account(s) associated with each
Identified FTX Address.

21.     Documents sufficient to identify the entity or individual associated with each FTX
User Account identified in response to Request No. 1, including all Know Your Customer Infor-
mation for each such entity or individual.

22.     Documents sufficient to identify all FTX User Account(s) associated with any en-
tity or individual identified in response to Request No. 2, other than FTX User Accounts identified
in response to Request No. 1.

23.    Documents sufficient to identify all FTX Address(es) associated with each FTX User Account identified in response to Request No. 1 and Request No. 3, other than the Identified FTX Addresses.

24.    Documents sufficient to show when each FTX User Account identified in response to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.    Documents sufficient to show a complete transaction history for each FTX User Account identified in response to Request No. 1 and Request No. 3.

26.    Documents sufficient to show all short positions with respect to the CEL Token on an FTX Exchange from April 1, 2022 to August 30, 2022.

27.    Documents sufficient to identify the FTX Address(es) associated with each short position identified in response to Request No. 7.

28.    Documents sufficient to identify the FTX User Account(s) associated with each FTX Address identified in response to Request No. 8.

29.    Documents sufficient to identify the entity or individual associated with each FTX User Account relating to Request No. 8, including all Know Your Customer Information for each such entity or individual.

30.    Documents sufficient to show all borrow or loan transactions associated with the positions identified in response to Request No. 7.

6

Dated:   May 15, 2023

*/s/ Jennifer M. Selendy*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, New York 10104
Tel.: 212-390-9000
jselendy@selendygay.com
fgay@selendygay.com
tagangawilliams@selendygay.com
cobrien@selendygay.com

*Co-Counsel to the Official Committee of
Unsecured Creditors*

# Subpoena Package 67

# Hive Empire Trading Pty Ltd

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re CELSIUS NETWORK LLC, et al.,
                      Debtor

Case No. 22-10964 (MG)

Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Hive Empire Trading Pty Ltd
c/o FTX Trading Ltd. 10-11 Mandolin Place, Friars Hill Road
St. John's AG-04
Antigua and Barbuda

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| | |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

  Please see the attached requests for the production of documents.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **05/15/2023**

CLERK OF COURT

                                  OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or transacts business in person, if the person
     (i) is a party or a party's officer; or
     (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     (i) fails to allow a reasonable time to comply;
     (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
     (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     (i) disclosing a trade secret or other confidential research, development, or commercial information; or

     (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     (i) expressly make the claim; and
     (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

***Ex Parte Order***, **Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Official Committee of Unsecured Creditors to Issues *Subpoenas Duce Tecum* Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdiction over the Application; and the Application being a core proceeding; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appearing therefor, it is

**ORDERED**, that the Application is granted; and it is further

**ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be, and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

**ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of this Order and any Subpoenas issued to them or make an appropriate motion for a protective order or to quash any Subpoenas; and it is further

**ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the production or inspection of documents or things on less than fourteen (14) days' notice; and it is further

**ORDERED**, that the terms and conditions of this Order are immediately effective and enforceable upon its entry; and it is further

**ORDERED**, that this Order is without prejudice to the rights of the Committee to apply for further discovery from any party or other entity or person; and it is further

**ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order, including adjudicating any discovery disputes that may arise between or among the parties.

**IT IS SO ORDERED.**

Dated:  May 11, 2023
  New York, New York

_____
       **/s/ Martin Glenn**
       MARTIN GLENN
Chief United States Bankruptcy Judge

2

# Attachment # 2

# *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY 10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
        fgay@selendygay.com
        tagangawilliams@selendygay.com
        cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[18] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS TO HIVE EMPIRE TRADING PTY LTD

Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "Local District Rules"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[18] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*,

Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al.

(the "Committee"), by and through its undersigned counsel, hereby requests that Hive Empire

Trading Pty Ltd produce documents in response to the requests below within 14 days of service to

the Committee's attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Americas, New

York, NY 10104.

## DOCUMENT REQUESTS DEFINITIONS

1.      The singular form of a word includes the plural, and vice versa.

2.      Any tense of a verb includes all tenses.

3.      Any natural person includes that person's agents, assigns, attorneys, employees,

representatives, and successors.

4.      Any entity other than a natural person includes (a) that entity's present and former

agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, em-

ployees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors;

(b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or

owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf

of (a) or (b).

5.      "All," "any," and "each" mean any and all.

6.      "And" and "or" are construed both conjunctively and disjunctively.

7.      "Associated with" includes, but is not limited to, "affiliated with," "corresponding

to," "owned by," "controlled by," and "operated by."

8.      "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain iden-

tified as CEL.

2

9.      "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10.     "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.     "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12.     "FTX User Account" means a user account registered with the FTX Exchange.

13.     "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14.     "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15.     "Including" means including but not limited to.

16.     "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17.     "FTX Address" means a blockchain address associated with an FTX User Account.

3

18.    "Identified FTX Addresses" means the following FTX Addresses, and, for the avoidance of doubt, each is an "Identified FTX Address":

      a.     0xd84c82dcfb21572b68339f14453bfe39fdc81f74

      b.     0x2be52c6e141a314778b5ea702e8a9dc87b42d126

      c.     0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

      d.     0x44f73a35b995c7a55864209468925bf450cf0a00

      e.     0x1785904b28ad668b4778618f749db6b4a04472ed

      f.     0xd7cf4d9176519142bf64111d713d3f85cdff1b67

      g.     0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

      h.     0xb4e872704625ea0f69f95c856ad49aff44da2ba4

      i.     0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

      j.     0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19.    "You" and "Your" means and refers to any or all the FTX Debtors.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions and for purposes of these Requests, the following Instructions shall be followed:

1.    These Requests seek production of material in Your possession, custody, or control.

2.    These Requests seek production of nonprivileged material.

3.    For each Request, either state that You will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons.

4.    If You object to all or part of a Request, state whether You are withholding any responsive material based on that objection.

5.    If You object to part of a Request, specify the part and state that You will produce documents responsive to the rest.

4

6.      If You withhold responsive information by claiming that the information is privileged or subject to protection as trial-preparation material, expressly make the claim and describe the nature of the information privileged or protected in a manner that, without revealing information itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memorandum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author, addresses, and any other recipients of the Document; (e) where not apparent, the relationships of the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.      If after responding to any Request You learn that Your response is in some material respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including May 1, 2019 through the present.

## REQUESTS

20.      Documents sufficient to identify the FTX User Account(s) associated with each Identified FTX Address.

21.      Documents sufficient to identify the entity or individual associated with each FTX User Account identified in response to Request No. 1, including all Know Your Customer Information for each such entity or individual.

22.      Documents sufficient to identify all FTX User Account(s) associated with any entity or individual identified in response to Request No. 2, other than FTX User Accounts identified in response to Request No. 1.

23.    Documents sufficient to identify all FTX Address(es) associated with each FTX User Account identified in response to Request No. 1 and Request No. 3, other than the Identified FTX Addresses.

24.    Documents sufficient to show when each FTX User Account identified in response to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.    Documents sufficient to show a complete transaction history for each FTX User Account identified in response to Request No. 1 and Request No. 3.

26.    Documents sufficient to show all short positions with respect to the CEL Token on an FTX Exchange from April 1, 2022 to August 30, 2022.

27.    Documents sufficient to identify the FTX Address(es) associated with each short position identified in response to Request No. 7.

28.    Documents sufficient to identify the FTX User Account(s) associated with each FTX Address identified in response to Request No. 8.

29.    Documents sufficient to identify the entity or individual associated with each FTX User Account relating to Request No. 8, including all Know Your Customer Information for each such entity or individual.

30.    Documents sufficient to show all borrow or loan transactions associated with the positions identified in response to Request No. 7.

Dated:   May 15, 2023

*/s/ Jennifer M. Selendy*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, New York 10104
Tel.: 212-390-9000
jselendy@selendygay.com
fgay@selendygay.com
tagangawilliams@selendygay.com
cobrien@selendygay.com

*Co-Counsel to the Official Committee of
Unsecured Creditors*

7

# Subpoena Package 68

# Innovatia Ltd

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re CELSIUS NETWORK LLC, et al.,  
               Debtor

Case No. 22-10964 (MG)

Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Innovatia Ltd  
Karpenisiou 30  
Nicosia 1077  
Cyprus

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

  Please see the attached requests for the production of documents.

      The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **05/15/2023**

               CLERK OF COURT

OR

_____  
*Signature of Clerk or Deputy Clerk*

_____  
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

***Ex Parte Order***, **Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Official Committee of Unsecured Creditors to Issues *Subpoenas Duce Tecum* Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

## *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdiction over the Application; and the Application being a core proceeding; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Limited (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appearing therefor, it is

**ORDERED**, that the Application is granted; and it is further

**ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be, and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

**ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of this Order and any Subpoenas issued to them or make an appropriate motion for a protective order or to quash any Subpoenas; and it is further

**ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the production or inspection of documents or things on less than fourteen (14) days' notice; and it is further

**ORDERED**, that the terms and conditions of this Order are immediately effective and enforceable upon its entry; and it is further

**ORDERED**, that this Order is without prejudice to the rights of the Committee to apply for further discovery from any party or other entity or person; and it is further

**ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order, including adjudicating any discovery disputes that may arise between or among the parties.

**IT IS SO ORDERED.**

Dated:  May 11, 2023
       New York, New York

_____
              **/s/ Martin Glenn**
              MARTIN GLENN
       Chief United States Bankruptcy Judge

2

# Attachment # 2

# *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY 10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
       fgay@selendygay.com
       tagangawilliams@selendygay.com
       cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[19] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS
TO INNOVATIA LTD**

Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "Local District Rules"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[19] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal
tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius
Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network
Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8
USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius
Network LLC's principal place of business and the Debtors' service address in these chapter 11
cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*,
Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al.
(the "Committee"), by and through its undersigned counsel, hereby requests that Innovatia Ltd
produce documents in response to the requests below within 14 days of service to the Committee's
attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Americas, New York, NY 10104.

## DOCUMENT REQUESTS DEFINITIONS

1.      The singular form of a word includes the plural, and vice versa.

2.      Any tense of a verb includes all tenses.

3.      Any natural person includes that person's agents, assigns, attorneys, employees,
representatives, and successors.

4.      Any entity other than a natural person includes (a) that entity's present and former
agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, em-
ployees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors;
(b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or
owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf
of (a) or (b).

5.      "All," "any," and "each" mean any and all.

6.      "And" and "or" are construed both conjunctively and disjunctively.

7.      "Associated with" includes, but is not limited to, "affiliated with," "corresponding
to," "owned by," "controlled by," and "operated by."

8.      "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain iden-
tified as CEL.

2

9.      "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10.      "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.      "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12.      "FTX User Account" means a user account registered with the FTX Exchange.

13.      "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14.      "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15.      "Including" means including but not limited to.

16.      "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17.      "FTX Address" means a blockchain address associated with an FTX User Account.

3

18.    "Identified FTX Addresses" means the following FTX Addresses, and, for the avoidance of doubt, each is an "Identified FTX Address":

    a.      0xd84c82dcfb21572b68339f14453bfe39fdc81f74

    b.      0x2be52c6e141a314778b5ea702e8a9dc87b42d126

    c.      0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

    d.      0x44f73a35b995c7a55864209468925bf450cf0a00

    e.      0x1785904b28ad668b4778618f749db6b4a04472ed

    f.      0xd7cf4d9176519142bf64111d713d3f85cdff1b67

    g.      0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

    h.      0xb4e872704625ea0f69f95c856ad49aff44da2ba4

    i.      0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

    j.      0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19.    "You" and "Your" means and refers to any or all the FTX Debtors.

## **INSTRUCTIONS**

The preceding Definitions apply to each of these Instructions and for purposes of these Requests, the following Instructions shall be followed:

1.    These Requests seek production of material in Your possession, custody, or control.

2.    These Requests seek production of nonprivileged material.

3.    For each Request, either state that You will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons.

4.    If You object to all or part of a Request, state whether You are withholding any responsive material based on that objection.

5.    If You object to part of a Request, specify the part and state that You will produce documents responsive to the rest.

4

6.      If You withhold responsive information by claiming that the information is privileged or subject to protection as trial-preparation material, expressly make the claim and describe the nature of the information privileged or protected in a manner that, without revealing information itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memorandum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author, addresses, and any other recipients of the Document; (e) where not apparent, the relationships of the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.      If after responding to any Request You learn that Your response is in some material respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including May 1, 2019 through the present.

## REQUESTS

20.      Documents sufficient to identify the FTX User Account(s) associated with each Identified FTX Address.

21.      Documents sufficient to identify the entity or individual associated with each FTX User Account identified in response to Request No. 1, including all Know Your Customer Information for each such entity or individual.

22.      Documents sufficient to identify all FTX User Account(s) associated with any entity or individual identified in response to Request No. 2, other than FTX User Accounts identified in response to Request No. 1.

23.     Documents sufficient to identify all FTX Address(es) associated with each FTX
User Account identified in response to Request No. 1 and Request No. 3, other than the Identified
FTX Addresses.

24.     Documents sufficient to show when each FTX User Account identified in response
to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.     Documents sufficient to show a complete transaction history for each FTX User
Account identified in response to Request No. 1 and Request No. 3.

26.     Documents sufficient to show all short positions with respect to the CEL Token on
an FTX Exchange from April 1, 2022 to August 30, 2022.

27.     Documents sufficient to identify the FTX Address(es) associated with each short
position identified in response to Request No. 7.

28.     Documents sufficient to identify the FTX User Account(s) associated with each
FTX Address identified in response to Request No. 8.

29.     Documents sufficient to identify the entity or individual associated with each FTX
User Account relating to Request No. 8, including all Know Your Customer Information for each
such entity or individual.

30.     Documents sufficient to show all borrow or loan transactions associated with the
positions identified in response to Request No. 7.

Dated:    May 15, 2023

*/s/ Jennifer M. Selendy*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, New York 10104
Tel.: 212-390-9000
jselendy@selendygay.com
fgay@selendygay.com
tagangawilliams@selendygay.com
cobrien@selendygay.com

*Co-Counsel to the Official Committee of
Unsecured Creditors*

# Subpoena Package 69

# Island Bay Ventures Inc

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 1)

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re CELSIUS NETWORK LLC, et al.,
                Debtor

Case No. 22-10964 (MG)

Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Island Bay Ventures Inc
3500 South Dupont Highway
Dover, DE 19901

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| | |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

  Please see the attached requests for the production of documents.

      The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **05/15/2023**

                CLERK OF COURT

                                      OR

   _____
   *Signature of Clerk or Deputy Clerk*

                                   _____
                                    *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

   *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

   *(2) Command to Produce Materials or Permit Inspection.*
      (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
      (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
         (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
         (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

   *(3) Quashing or Modifying a Subpoena.*
      (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
         (i) fails to allow a reasonable time to comply;
         (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
         (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
         (iv) subjects a person to undue burden.
      (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
         (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
      (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
         (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
         (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

   *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
      (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
      (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
      (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
      (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

   *(2) Claiming Privilege or Protection.*
      (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
         (i) expressly make the claim; and
         (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
      (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

***Ex Parte Order***, **Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Official Committee of Unsecured Creditors to Issues *Subpoenas Duce Tecum* Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

## *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdiction over the Application; and the Application being a core proceeding; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Limited (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appearing therefor, it is

**ORDERED**, that the Application is granted; and it is further

**ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be, and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

**ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of this Order and any Subpoenas issued to them or make an appropriate motion for a protective order or to quash any Subpoenas; and it is further

**ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the production or inspection of documents or things on less than fourteen (14) days' notice; and it is further

**ORDERED**, that the terms and conditions of this Order are immediately effective and enforceable upon its entry; and it is further

**ORDERED**, that this Order is without prejudice to the rights of the Committee to apply for further discovery from any party or other entity or person; and it is further

**ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order, including adjudicating any discovery disputes that may arise between or among the parties.

**IT IS SO ORDERED.**

Dated:  May 11, 2023
         New York, New York

_____/s/ Martin Glenn_____
MARTIN GLENN
Chief United States Bankruptcy Judge

# Attachment # 2

# *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
        fgay@selendygay.com
        taganagawilliams@selendygay.com
        cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[20] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS
TO ISLAND BAY VENTURES INC**

Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "Local District Rules"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[20] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal
tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius
Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network
Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8
USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius
Network LLC's principal place of business and the Debtors' service address in these chapter 11
cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*,

Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al.

(the "Committee"), by and through its undersigned counsel, hereby requests that Island Bay

Ventures Inc produce documents in response to the requests below within 14 days of service to the

Committee's attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Americas, New York,

NY 10104.

## DOCUMENT REQUESTS DEFINITIONS

1.    The singular form of a word includes the plural, and vice versa.

2.    Any tense of a verb includes all tenses.

3.    Any natural person includes that person's agents, assigns, attorneys, employees,

representatives, and successors.

4.    Any entity other than a natural person includes (a) that entity's present and former

agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, em-

ployees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors;

(b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or

owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf

of (a) or (b).

5.    "All," "any," and "each" mean any and all.

6.    "And" and "or" are construed both conjunctively and disjunctively.

7.    "Associated with" includes, but is not limited to, "affiliated with," "corresponding

to," "owned by," "controlled by," and "operated by."

8.    "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain iden-

tified as CEL.

2

9.      "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10.      "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.      "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12.      "FTX User Account" means a user account registered with the FTX Exchange.

13.      "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14.      "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15.      "Including" means including but not limited to.

16.      "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17.      "FTX Address" means a blockchain address associated with an FTX User Account.

3

18.    "Identified FTX Addresses" means the following FTX Addresses, and, for the avoidance of doubt, each is an "Identified FTX Address":

    a.    0xd84c82dcfb21572b68339f14453bfe39fdc81f74

    b.    0x2be52c6e141a314778b5ea702e8a9dc87b42d126

    c.    0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

    d.    0x44f73a35b995c7a55864209468925bf450cf0a00

    e.    0x1785904b28ad668b4778618f749db6b4a04472ed

    f.    0xd7cf4d9176519142bf64111d713d3f85cdff1b67

    g.    0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

    h.    0xb4e872704625ea0f69f95c856ad49aff44da2ba4

    i.    0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

    j.    0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19.    "You" and "Your" means and refers to any or all the FTX Debtors.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions and for purposes of these Requests, the following Instructions shall be followed:

1.    These Requests seek production of material in Your possession, custody, or control.

2.    These Requests seek production of nonprivileged material.

3.    For each Request, either state that You will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons.

4.    If You object to all or part of a Request, state whether You are withholding any responsive material based on that objection.

5.    If You object to part of a Request, specify the part and state that You will produce documents responsive to the rest.

4

6.      If You withhold responsive information by claiming that the information is privi-
leged or subject to protection as trial-preparation material, expressly make the claim and describe
the nature of the information privileged or protected in a manner that, without revealing infor-
mation itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document
You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memoran-
dum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author,
addresses, and any other recipients of the Document; (e) where not apparent, the relationships of
the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.      If after responding to any Request You learn that Your response is in some material
respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including
May 1, 2019 through the present.

## REQUESTS

20.     Documents sufficient to identify the FTX User Account(s) associated with each
Identified FTX Address.

21.     Documents sufficient to identify the entity or individual associated with each FTX
User Account identified in response to Request No. 1, including all Know Your Customer Infor-
mation for each such entity or individual.

22.     Documents sufficient to identify all FTX User Account(s) associated with any en-
tity or individual identified in response to Request No. 2, other than FTX User Accounts identified
in response to Request No. 1.

23.      Documents sufficient to identify all FTX Address(es) associated with each FTX
User Account identified in response to Request No. 1 and Request No. 3, other than the Identified
FTX Addresses.

24.      Documents sufficient to show when each FTX User Account identified in response
to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.      Documents sufficient to show a complete transaction history for each FTX User
Account identified in response to Request No. 1 and Request No. 3.

26.      Documents sufficient to show all short positions with respect to the CEL Token on
an FTX Exchange from April 1, 2022 to August 30, 2022.

27.      Documents sufficient to identify the FTX Address(es) associated with each short
position identified in response to Request No. 7.

28.      Documents sufficient to identify the FTX User Account(s) associated with each
FTX Address identified in response to Request No. 8.

29.      Documents sufficient to identify the entity or individual associated with each FTX
User Account relating to Request No. 8, including all Know Your Customer Information for each
such entity or individual.

30.      Documents sufficient to show all borrow or loan transactions associated with the
positions identified in response to Request No. 7.

Dated:   May 15, 2023

*/s/ Jennifer M. Selendy*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, New York 10104
Tel.: 212-390-9000
jselendy@selendygay.com
fgay@selendygay.com
tagangawilliams@selendygay.com
cobrien@selendygay.com

*Co-Counsel to the Official Committee of
Unsecured Creditors*

7

# Subpoena Package 70

# Killarney Lake Investments Ltd

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 1)

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re CELSIUS NETWORK LLC, et al.,    Case No. 22-10964 (MG)
                    Debtor

                    Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Killarney Lake Investments Ltd
Ellen L. Skelton Building, 2nd floor Fishers Lane, P.O. Box 681
Road Town VG1110
British Virgin Islands

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

Please see the attached requests for the production of documents.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **05/15/2023**

                    CLERK OF COURT

                              OR

    _____
    *Signature of Clerk or Deputy Clerk*

                    _____
                    *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

**Notice to the person who issues or requests this subpoena**

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

       I declare under penalty of perjury that this information is true and correct.

Date: _____

                                         _____
                                               *Server's signature*

                                       _____
                                            *Printed name and title*

                                       _____
                                              *Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
　(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
　(B) within the state where the person resides, is employed, or transacts business in person, if the person
　　(i) is a party or a party's officer; or
　　(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
　(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
　(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
　(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
　(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
　　(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
　　(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
　(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
　　(i) fails to allow a reasonable time to comply;
　　(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
　　(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
　　(iv) subjects a person to undue burden.
　(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
　　(i) disclosing a trade secret or other confidential research, development, or commercial information; or

　　(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
　(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
　　(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
　　(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
　(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
　(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
　(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
　(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
　(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
　　(i) expressly make the claim; and
　　(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
　(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

***Ex Parte Order*, Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Official Committee of Unsecured Creditors to Issues *Subpoenas Duce Tecum* Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdiction over the Application; and the Application being a core proceeding; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Limited (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appearing therefor, it is

   **ORDERED**, that the Application is granted; and it is further

   **ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be, and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

   **ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of this Order and any Subpoenas issued to them or make an appropriate motion for a protective order or to quash any Subpoenas; and it is further

   **ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the production or inspection of documents or things on less than fourteen (14) days' notice; and it is further

   **ORDERED**, that the terms and conditions of this Order are immediately effective and enforceable upon its entry; and it is further

   **ORDERED**, that this Order is without prejudice to the rights of the Committee to apply for further discovery from any party or other entity or person; and it is further

   **ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order, including adjudicating any discovery disputes that may arise between or among the parties.

**IT IS SO ORDERED.**

Dated:  May 11, 2023
          New York, New York

_____
          **/s/ Martin Glenn**
          MARTIN GLENN
   Chief United States Bankruptcy Judge

# Attachment # 2

# *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
         fgay@selendygay.com
         tagangawilliams@selendygay.com
         cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[21] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS
TO KILLARNEY LAKE INVESTMENTS LTD**

Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "Local District Rules"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[21] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal
tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius
Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network
Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8
USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius
Network LLC's principal place of business and the Debtors' service address in these chapter 11
cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*,

Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al.

(the "Committee"), by and through its undersigned counsel, hereby requests that Killarney Lake

Investments Ltd produce documents in response to the requests below within 14 days of service to

the Committee's attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Americas, New

York, NY 10104.

## DOCUMENT REQUESTS DEFINITIONS

1.      The singular form of a word includes the plural, and vice versa.

2.      Any tense of a verb includes all tenses.

3.      Any natural person includes that person's agents, assigns, attorneys, employees,

representatives, and successors.

4.      Any entity other than a natural person includes (a) that entity's present and former

agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, em-

ployees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors;

(b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or

owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf

of (a) or (b).

5.      "All," "any," and "each" mean any and all.

6.      "And" and "or" are construed both conjunctively and disjunctively.

7.      "Associated with" includes, but is not limited to, "affiliated with," "corresponding

to," "owned by," "controlled by," and "operated by."

8.      "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain iden-

tified as CEL.

2

9.      "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10.     "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.     "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12.     "FTX User Account" means a user account registered with the FTX Exchange.

13.     "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14.     "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15.     "Including" means including but not limited to.

16.     "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17.     "FTX Address" means a blockchain address associated with an FTX User Account.

3

18.   "Identified FTX Addresses" means the following FTX Addresses, and, for the avoidance of doubt, each is an "Identified FTX Address":

    a.      0xd84c82dcfb21572b68339f14453bfe39fdc81f74

    b.      0x2be52c6e141a314778b5ea702e8a9dc87b42d126

    c.      0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

    d.      0x44f73a35b995c7a55864209468925bf450cf0a00

    e.      0x1785904b28ad668b4778618f749db6b4a04472ed

    f.      0xd7cf4d9176519142bf64111d713d3f85cdff1b67

    g.      0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

    h.      0xb4e872704625ea0f69f95c856ad49aff44da2ba4

    i.      0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

    j.      0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19.   "You" and "Your" means and refers to any or all the FTX Debtors.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions and for purposes of these Requests, the following Instructions shall be followed:

1.   These Requests seek production of material in Your possession, custody, or control.

2.   These Requests seek production of nonprivileged material.

3.   For each Request, either state that You will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons.

4.   If You object to all or part of a Request, state whether You are withholding any responsive material based on that objection.

5.   If You object to part of a Request, specify the part and state that You will produce documents responsive to the rest.

4

6.      If You withhold responsive information by claiming that the information is privi-
leged or subject to protection as trial-preparation material, expressly make the claim and describe
the nature of the information privileged or protected in a manner that, without revealing infor-
mation itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document
You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memoran-
dum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author,
addresses, and any other recipients of the Document; (e) where not apparent, the relationships of
the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.      If after responding to any Request You learn that Your response is in some material
respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including
May 1, 2019 through the present.

## REQUESTS

20.      Documents sufficient to identify the FTX User Account(s) associated with each
Identified FTX Address.

21.      Documents sufficient to identify the entity or individual associated with each FTX
User Account identified in response to Request No. 1, including all Know Your Customer Infor-
mation for each such entity or individual.

22.      Documents sufficient to identify all FTX User Account(s) associated with any en-
tity or individual identified in response to Request No. 2, other than FTX User Accounts identified
in response to Request No. 1.

5

23.     Documents sufficient to identify all FTX Address(es) associated with each FTX User Account identified in response to Request No. 1 and Request No. 3, other than the Identified FTX Addresses.

24.     Documents sufficient to show when each FTX User Account identified in response to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.     Documents sufficient to show a complete transaction history for each FTX User Account identified in response to Request No. 1 and Request No. 3.

26.     Documents sufficient to show all short positions with respect to the CEL Token on an FTX Exchange from April 1, 2022 to August 30, 2022.

27.     Documents sufficient to identify the FTX Address(es) associated with each short position identified in response to Request No. 7.

28.     Documents sufficient to identify the FTX User Account(s) associated with each FTX Address identified in response to Request No. 8.

29.     Documents sufficient to identify the entity or individual associated with each FTX User Account relating to Request No. 8, including all Know Your Customer Information for each such entity or individual.

30.     Documents sufficient to show all borrow or loan transactions associated with the positions identified in response to Request No. 7.

6

Dated:   May 15, 2023

*/s/ Jennifer M. Selendy*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, New York 10104
Tel.: 212-390-9000
jselendy@selendygay.com
fgay@selendygay.com
tagangawilliams@selendygay.com
cobrien@selendygay.com

*Co-Counsel to the Official Committee of
Unsecured Creditors*

7

# Subpoena Package 71

# Ledger Holdings Inc.

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re CELSIUS NETWORK LLC, et al.,

Debtor

Case No. 22-10964 (MG)

Chapter 11

### SUBPOENA FOR RULE 2004 EXAMINATION

To: Ledger Holdings Inc.
1110 Brickell Ave, Suite 430k-200
Miami, FL 33131

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

Please see the attached requests for the production of documents.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  **05/15/2023**

CLERK OF COURT

_____
*Signature of Clerk or Deputy Clerk*

OR

_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors  who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

***Ex Parte Order*, Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Official Committee of Unsecured Creditors to Issues *Subpoenas Duce Tecum* Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdiction over the Application; and the Application being a core proceeding; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Limited (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appearing therefor, it is

**ORDERED**, that the Application is granted; and it is further

**ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be, and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

**ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of this Order and any Subpoenas issued to them or make an appropriate motion for a protective order or to quash any Subpoenas; and it is further

**ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the production or inspection of documents or things on less than fourteen (14) days' notice; and it is further

**ORDERED**, that the terms and conditions of this Order are immediately effective and enforceable upon its entry; and it is further

**ORDERED**, that this Order is without prejudice to the rights of the Committee to apply for further discovery from any party or other entity or person; and it is further

**ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order, including adjudicating any discovery disputes that may arise between or among the parties.

**IT IS SO ORDERED.**

Dated:  May 11, 2023
         New York, New York

                                            _____/s/ Martin Glenn_____
                                            MARTIN GLENN
                                            Chief United States Bankruptcy Judge

2

# Attachment # 2

## *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
        fgay@selendygay.com
        tagangawilliams@selendygay.com
        cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[22] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS
TO LEDGER HOLDINGS INC.**

Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "Local District Rules"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[22] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal
tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius
Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network
Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8
USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius
Network LLC's principal place of business and the Debtors' service address in these chapter 11
cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*,

Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al.

(the "Committee"), by and through its undersigned counsel, hereby requests that Ledger Holdings

Inc. produce documents in response to the requests below within 14 days of service to the Com-

mittee's attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Americas, New York, NY

10104.

## DOCUMENT REQUESTS DEFINITIONS

1.    The singular form of a word includes the plural, and vice versa.

2.    Any tense of a verb includes all tenses.

3.    Any natural person includes that person's agents, assigns, attorneys, employees,

representatives, and successors.

4.    Any entity other than a natural person includes (a) that entity's present and former

agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, em-

ployees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors;

(b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or

owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf

of (a) or (b).

5.    "All," "any," and "each" mean any and all.

6.    "And" and "or" are construed both conjunctively and disjunctively.

7.    "Associated with" includes, but is not limited to, "affiliated with," "corresponding

to," "owned by," "controlled by," and "operated by."

8.    "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain iden-

tified as CEL.

2

9.    "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10.    "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.    "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12.    "FTX User Account" means a user account registered with the FTX Exchange.

13.    "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14.    "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15.    "Including" means including but not limited to.

16.    "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17.    "FTX Address" means a blockchain address associated with an FTX User Account.

3

18. "Identified FTX Addresses" means the following FTX Addresses, and, for the avoidance of doubt, each is an "Identified FTX Address":

  a.  0xd84c82dcfb21572b68339f14453bfe39fdc81f74

  b.  0x2be52c6e141a314778b5ea702e8a9dc87b42d126

  c.  0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

  d.  0x44f73a35b995c7a55864209468925bf450cf0a00

  e.  0x1785904b28ad668b4778618f749db6b4a04472ed

  f.  0xd7cf4d9176519142bf64111d713d3f85cdff1b67

  g.  0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

  h.  0xb4e872704625ea0f69f95c856ad49aff44da2ba4

  i.  0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

  j.  0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19. "You" and "Your" means and refers to any or all the FTX Debtors.

## **INSTRUCTIONS**

The preceding Definitions apply to each of these Instructions and for purposes of these Requests, the following Instructions shall be followed:

1. These Requests seek production of material in Your possession, custody, or control.

2. These Requests seek production of nonprivileged material.

3. For each Request, either state that You will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons.

4. If You object to all or part of a Request, state whether You are withholding any responsive material based on that objection.

5. If You object to part of a Request, specify the part and state that You will produce documents responsive to the rest.

4

6.      If You withhold responsive information by claiming that the information is privileged or subject to protection as trial-preparation material, expressly make the claim and describe the nature of the information privileged or protected in a manner that, without revealing information itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memorandum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author, addresses, and any other recipients of the Document; (e) where not apparent, the relationships of the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.      If after responding to any Request You learn that Your response is in some material respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including May 1, 2019 through the present.

## REQUESTS

20.     Documents sufficient to identify the FTX User Account(s) associated with each Identified FTX Address.

21.     Documents sufficient to identify the entity or individual associated with each FTX User Account identified in response to Request No. 1, including all Know Your Customer Information for each such entity or individual.

22.     Documents sufficient to identify all FTX User Account(s) associated with any entity or individual identified in response to Request No. 2, other than FTX User Accounts identified in response to Request No. 1.

5

23.     Documents sufficient to identify all FTX Address(es) associated with each FTX User Account identified in response to Request No. 1 and Request No. 3, other than the Identified FTX Addresses.

24.     Documents sufficient to show when each FTX User Account identified in response to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.     Documents sufficient to show a complete transaction history for each FTX User Account identified in response to Request No. 1 and Request No. 3.

26.     Documents sufficient to show all short positions with respect to the CEL Token on an FTX Exchange from April 1, 2022 to August 30, 2022.

27.     Documents sufficient to identify the FTX Address(es) associated with each short position identified in response to Request No. 7.

28.     Documents sufficient to identify the FTX User Account(s) associated with each FTX Address identified in response to Request No. 8.

29.     Documents sufficient to identify the entity or individual associated with each FTX User Account relating to Request No. 8, including all Know Your Customer Information for each such entity or individual.

30.     Documents sufficient to show all borrow or loan transactions associated with the positions identified in response to Request No. 7.

6

Dated:    May 15, 2023                    */s/ Jennifer M. Selendy*
                                          **SELENDY GAY ELSBERG PLLC**
                                          Jennifer M. Selendy
                                          Faith E. Gay
                                          Temidayo Aganga-Williams
                                          Claire O'Brien
                                          1290 Avenue of the Americas
                                          New York, New York 10104
                                          Tel.: 212-390-9000
                                          jselendy@selendygay.com
                                          fgay@selendygay.com
                                          tagangawilliams@selendygay.com
                                          cobrien@selendygay.com

                                          *Co-Counsel to the Official Committee of*
                                          *Unsecured Creditors*

# Subpoena Package 72

# LedgerPrime Bitcoin Yield Enhancement Fund, LLC

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re CELSIUS NETWORK LLC, et al.,
                    Debtor

Case No. 22-10964 (MG)

Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: LedgerPrime Bitcoin Yield Enhancement Fund, LLC
c/o Harneys Fiduciary (Cayman) Ltd 4th Floor, Harbour Place, 103 South Church Street
George Town KY1-1002 Cayman Islands
Cayman Islands

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

  Please see the attached requests for the production of documents.

        The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **05/15/2023**

                    CLERK OF COURT

                                                    OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

**Notice to the person who issues or requests this subpoena**

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

***Ex Parte Order***, **Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Official Committee of Unsecured Creditors to Issues *Subpoenas Duce Tecum* Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdiction over the Application; and the Application being a core proceeding; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appearing therefor, it is

**ORDERED**, that the Application is granted; and it is further

**ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be, and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

**ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of this Order and any Subpoenas issued to them or make an appropriate motion for a protective order or to quash any Subpoenas; and it is further

**ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the production or inspection of documents or things on less than fourteen (14) days' notice; and it is further

**ORDERED**, that the terms and conditions of this Order are immediately effective and enforceable upon its entry; and it is further

**ORDERED**, that this Order is without prejudice to the rights of the Committee to apply for further discovery from any party or other entity or person; and it is further

**ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order, including adjudicating any discovery disputes that may arise between or among the parties.

**IT IS SO ORDERED.**

Dated:  May 11, 2023
    New York, New York

                                        **/s/ Martin Glenn**
                                         MARTIN GLENN
                           Chief United States Bankruptcy Judge

# Attachment # 2

# *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
        fgay@selendygay.com
        tagangawilliams@selendygay.com
        cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[23] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS
TO LEDGERPRIME BITCOIN YIELD ENHANCEMENT FUND, LLC**

Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "Local District Rules"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[23] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*,
Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al.
(the "Committee"), by and through its undersigned counsel, hereby requests that LedgerPrime
Bitcoin Yield Enhancement Fund, LLC produce documents in response to the requests below
within 14 days of service to the Committee's attorneys Selendy Gay Elsberg PLLC, at 1290 Ave-
nue of the Americas, New York, NY 10104.

## DOCUMENT REQUESTS DEFINITIONS

1.      The singular form of a word includes the plural, and vice versa.

2.      Any tense of a verb includes all tenses.

3.      Any natural person includes that person's agents, assigns, attorneys, employees,
representatives, and successors.

4.      Any entity other than a natural person includes (a) that entity's present and former
agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, em-
ployees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors;
(b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or
owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf
of (a) or (b).

5.      "All," "any," and "each" mean any and all.

6.      "And" and "or" are construed both conjunctively and disjunctively.

7.      "Associated with" includes, but is not limited to, "affiliated with," "corresponding
to," "owned by," "controlled by," and "operated by."

8.      "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain iden-
tified as CEL.

9.      "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10.     "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.     "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12.     "FTX User Account" means a user account registered with the FTX Exchange.

13.     "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14.     "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15.     "Including" means including but not limited to.

16.     "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17.     "FTX Address" means a blockchain address associated with an FTX User Account.

3

18.    "Identified FTX Addresses" means the following FTX Addresses, and, for the avoidance of doubt, each is an "Identified FTX Address":

    a.    0xd84c82dcfb21572b68339f14453bfe39fdc81f74

    b.    0x2be52c6e141a314778b5ea702e8a9dc87b42d126

    c.    0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

    d.    0x44f73a35b995c7a55864209468925bf450cf0a00

    e.    0x1785904b28ad668b4778618f749db6b4a04472ed

    f.    0xd7cf4d9176519142bf64111d713d3f85cdff1b67

    g.    0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

    h.    0xb4e872704625ea0f69f95c856ad49aff44da2ba4

    i.    0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

    j.    0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19.    "You" and "Your" means and refers to any or all the FTX Debtors.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions and for purposes of these Requests, the following Instructions shall be followed:

1.    These Requests seek production of material in Your possession, custody, or control.

2.    These Requests seek production of nonprivileged material.

3.    For each Request, either state that You will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons.

4.    If You object to all or part of a Request, state whether You are withholding any responsive material based on that objection.

5.    If You object to part of a Request, specify the part and state that You will produce documents responsive to the rest.

4

6.      If You withhold responsive information by claiming that the information is privileged or subject to protection as trial-preparation material, expressly make the claim and describe the nature of the information privileged or protected in a manner that, without revealing information itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memorandum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author, addresses, and any other recipients of the Document; (e) where not apparent, the relationships of the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.      If after responding to any Request You learn that Your response is in some material respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including May 1, 2019 through the present.

## REQUESTS

20.     Documents sufficient to identify the FTX User Account(s) associated with each Identified FTX Address.

21.     Documents sufficient to identify the entity or individual associated with each FTX User Account identified in response to Request No. 1, including all Know Your Customer Information for each such entity or individual.

22.     Documents sufficient to identify all FTX User Account(s) associated with any entity or individual identified in response to Request No. 2, other than FTX User Accounts identified in response to Request No. 1.

23.     Documents sufficient to identify all FTX Address(es) associated with each FTX User Account identified in response to Request No. 1 and Request No. 3, other than the Identified FTX Addresses.

24.     Documents sufficient to show when each FTX User Account identified in response to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.     Documents sufficient to show a complete transaction history for each FTX User Account identified in response to Request No. 1 and Request No. 3.

26.     Documents sufficient to show all short positions with respect to the CEL Token on an FTX Exchange from April 1, 2022 to August 30, 2022.

27.     Documents sufficient to identify the FTX Address(es) associated with each short position identified in response to Request No. 7.

28.     Documents sufficient to identify the FTX User Account(s) associated with each FTX Address identified in response to Request No. 8.

29.     Documents sufficient to identify the entity or individual associated with each FTX User Account relating to Request No. 8, including all Know Your Customer Information for each such entity or individual.

30.     Documents sufficient to show all borrow or loan transactions associated with the positions identified in response to Request No. 7.

6

Dated:   May 15, 2023

*/s/ Jennifer M. Selendy*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, New York 10104
Tel.: 212-390-9000
jselendy@selendygay.com
fgay@selendygay.com
tagangawilliams@selendygay.com
cobrien@selendygay.com

*Co-Counsel to the Official Committee of
Unsecured Creditors*

# Subpoena Package 73

# LedgerPrime Bitcoin Yield Enhancement Master Fund LP

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re CELSIUS NETWORK LLC, et al.,                    Case No. 22-10964 (MG)
                          Debtor

                                                      Chapter 11

### SUBPOENA FOR RULE 2004 EXAMINATION

To: LedgerPrime Bitcoin Yield Enhancement Master Fund LP
c/o Harneys Fiduciary (Cayman) Ltd  4th Floor, Harbour Place, 103 South Church Street
George Town KY1-1002 Cayman Islands
Cayman Islands

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|-------|---------------|
|       |               |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

  Please see the attached requests for the production of documents.

        The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  __05/15/2023__

              CLERK OF COURT
                                                    OR

       _____
       *Signature of Clerk or Deputy Clerk*

                                          _____
                                          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors  who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

**Notice to the person who issues or requests this subpoena**

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

  My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


        I declare under penalty of perjury that this information is true and correct.

Date:  _____


                                                    _____
                                                               *Server's signature*


                                                    _____
                                                               *Printed name and title*


                                                    _____
                                                               *Server's address*


Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

***Ex Parte Order*, Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Official Committee of Unsecured Creditors to Issues *Subpoenas Duce Tecum* Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

*EX PARTE* **ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS**

Upon the ex-parte application (the "Application") the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdiction over the Application; and the Application being a core proceeding; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appearing therefor, it is

**ORDERED**, that the Application is granted; and it is further

**ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be, and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

**ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of this Order and any Subpoenas issued to them or make an appropriate motion for a protective order or to quash any Subpoenas; and it is further

**ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the production or inspection of documents or things on less than fourteen (14) days' notice; and it is further

**ORDERED**, that the terms and conditions of this Order are immediately effective and enforceable upon its entry; and it is further

**ORDERED**, that this Order is without prejudice to the rights of the Committee to apply for further discovery from any party or other entity or person; and it is further

**ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order, including adjudicating any discovery disputes that may arise between or among the parties.

**IT IS SO ORDERED.**

Dated:  May 11, 2023
     New York, New York

                                     **/s/ Martin Glenn**
                                     MARTIN GLENN
                     Chief United States Bankruptcy Judge

# Attachment # 2

## *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
        fgay@selendygay.com
        tagangawilliams@selendygay.com
        cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[24] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS
TO LEDGERPRIME BITCOIN YIELD ENHANCEMENT MASTER FUND, LP**

Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "Local District Rules"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[24] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal
tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius
Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network
Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8
USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius
Network LLC's principal place of business and the Debtors' service address in these chapter 11
cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*,

Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al.

(the "Committee"), by and through its undersigned counsel, hereby requests that LedgerPrime

Bitcoin Yield Enhancement Master Fund, LP produce documents in response to the requests below

within 14 days of service to the Committee's attorneys Selendy Gay Elsberg PLLC, at 1290 Ave-

nue of the Americas, New York, NY 10104.

## DOCUMENT REQUESTS DEFINITIONS

1.      The singular form of a word includes the plural, and vice versa.

2.      Any tense of a verb includes all tenses.

3.      Any natural person includes that person's agents, assigns, attorneys, employees,

representatives, and successors.

4.      Any entity other than a natural person includes (a) that entity's present and former

agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, em-

ployees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors;

(b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or

owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf

of (a) or (b).

5.      "All," "any," and "each" mean any and all.

6.      "And" and "or" are construed both conjunctively and disjunctively.

7.      "Associated with" includes, but is not limited to, "affiliated with," "corresponding

to," "owned by," "controlled by," and "operated by."

8.      "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain iden-

tified as CEL.

2

9.      "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10.     "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.     "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12.     "FTX User Account" means a user account registered with the FTX Exchange.

13.     "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14.     "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15.     "Including" means including but not limited to.

16.     "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17.     "FTX Address" means a blockchain address associated with an FTX User Account.

3

18.    "Identified FTX Addresses" means the following FTX Addresses, and, for the avoidance of doubt, each is an "Identified FTX Address":

      a.      0xd84c82dcfb21572b68339f14453bfe39fdc81f74

      b.      0x2be52c6e141a314778b5ea702e8a9dc87b42d126

      c.      0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

      d.      0x44f73a35b995c7a55864209468925bf450cf0a00

      e.      0x1785904b28ad668b4778618f749db6b4a04472ed

      f.      0xd7cf4d9176519142bf64111d713d3f85cdff1b67

      g.      0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

      h.      0xb4e872704625ea0f69f95c856ad49aff44da2ba4

      i.      0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

      j.      0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19.    "You" and "Your" means and refers to any or all the FTX Debtors.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions and for purposes of these Requests, the following Instructions shall be followed:

1.    These Requests seek production of material in Your possession, custody, or control.

2.    These Requests seek production of nonprivileged material.

3.    For each Request, either state that You will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons.

4.    If You object to all or part of a Request, state whether You are withholding any responsive material based on that objection.

5.    If You object to part of a Request, specify the part and state that You will produce documents responsive to the rest.

4

6.      If You withhold responsive information by claiming that the information is privileged or subject to protection as trial-preparation material, expressly make the claim and describe the nature of the information privileged or protected in a manner that, without revealing information itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memorandum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author, addresses, and any other recipients of the Document; (e) where not apparent, the relationships of the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.      If after responding to any Request You learn that Your response is in some material respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including May 1, 2019 through the present.

## REQUESTS

20.      Documents sufficient to identify the FTX User Account(s) associated with each Identified FTX Address.

21.      Documents sufficient to identify the entity or individual associated with each FTX User Account identified in response to Request No. 1, including all Know Your Customer Information for each such entity or individual.

22.      Documents sufficient to identify all FTX User Account(s) associated with any entity or individual identified in response to Request No. 2, other than FTX User Accounts identified in response to Request No. 1.

5

23.    Documents sufficient to identify all FTX Address(es) associated with each FTX User Account identified in response to Request No. 1 and Request No. 3, other than the Identified FTX Addresses.

24.    Documents sufficient to show when each FTX User Account identified in response to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.    Documents sufficient to show a complete transaction history for each FTX User Account identified in response to Request No. 1 and Request No. 3.

26.    Documents sufficient to show all short positions with respect to the CEL Token on an FTX Exchange from April 1, 2022 to August 30, 2022.

27.    Documents sufficient to identify the FTX Address(es) associated with each short position identified in response to Request No. 7.

28.    Documents sufficient to identify the FTX User Account(s) associated with each FTX Address identified in response to Request No. 8.

29.    Documents sufficient to identify the entity or individual associated with each FTX User Account relating to Request No. 8, including all Know Your Customer Information for each such entity or individual.

30.    Documents sufficient to show all borrow or loan transactions associated with the positions identified in response to Request No. 7.

Dated:   May 15, 2023

*/s/ Jennifer M. Selendy*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, New York 10104
Tel.: 212-390-9000
jselendy@selendygay.com
fgay@selendygay.com
tagangawilliams@selendygay.com
cobrien@selendygay.com

*Co-Counsel to the Official Committee of
Unsecured Creditors*

# Subpoena Package 74

# LedgerPrime Digital Asset Opportunities Fund, LLC

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 1)

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re CELSIUS NETWORK LLC, et al.,
                                      Debtor

Case No. 22-10964 (MG)

Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: LedgerPrime Digital Asset Opportunities Fund, LLC
c/o United Corporate Services Inc.
874 Walker Rd, Suite C Dover, DE 19901

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|-------|---------------|
|       |               |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

Please see the attached requests for the production of documents.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  **05/15/2023**

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors  who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

   *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

   *(2) Command to Produce Materials or Permit Inspection.*
      (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
      (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
         (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
         (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

   *(3) Quashing or Modifying a Subpoena.*
      (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
         (i) fails to allow a reasonable time to comply;
         (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
         (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
         (iv) subjects a person to undue burden.
      (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
         (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
      (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
         (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
         (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

   *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
      (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
      (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
      (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
      (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

   *(2) Claiming Privilege or Protection.*
      (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
         (i) expressly make the claim; and
         (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
      (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

***Ex Parte Order***, **Pursuant to Fed. R. Bankr.
P. 2004, Authorizing the Official Committee
of Unsecured Creditors to Issues *Subpoenas
Duce Tecum* Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdiction over the Application; and the Application being a core proceeding; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appearing therefor, it is

**ORDERED**, that the Application is granted; and it is further

**ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be, and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

**ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of this Order and any Subpoenas issued to them or make an appropriate motion for a protective order or to quash any Subpoenas; and it is further

**ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the production or inspection of documents or things on less than fourteen (14) days' notice; and it is further

**ORDERED**, that the terms and conditions of this Order are immediately effective and enforceable upon its entry; and it is further

**ORDERED**, that this Order is without prejudice to the rights of the Committee to apply for further discovery from any party or other entity or person; and it is further

**ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order, including adjudicating any discovery disputes that may arise between or among the parties.

**IT IS SO ORDERED.**

Dated:  May 11, 2023
          New York, New York

_____
          **/s/ Martin Glenn**
          MARTIN GLENN
          Chief United States Bankruptcy Judge

# Attachment # 2

# *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
        fgay@selendygay.com
        tagangawilliams@selendygay.com
        cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[25] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

## OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS TO LEDGERPRIME DIGITAL ASSET OPPORTUNITIES FUND, LLC

Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "Local District Rules"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[25] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*,
Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al.
(the "Committee"), by and through its undersigned counsel, hereby requests that LedgerPrime
Digital Asset Opportunities Fund, LLC produce documents in response to the requests below
within 14 days of service to the Committee's attorneys Selendy Gay Elsberg PLLC, at 1290 Ave-
nue of the Americas, New York, NY 10104.

## DOCUMENT REQUESTS DEFINITIONS

1.      The singular form of a word includes the plural, and vice versa.

2.      Any tense of a verb includes all tenses.

3.      Any natural person includes that person's agents, assigns, attorneys, employees,
representatives, and successors.

4.      Any entity other than a natural person includes (a) that entity's present and former
agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, em-
ployees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors;
(b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or
owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf
of (a) or (b).

5.      "All," "any," and "each" mean any and all.

6.      "And" and "or" are construed both conjunctively and disjunctively.

7.      "Associated with" includes, but is not limited to, "affiliated with," "corresponding
to," "owned by," "controlled by," and "operated by."

8.      "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain iden-
tified as CEL.

2

9.      "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10.      "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.      "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12.      "FTX User Account" means a user account registered with the FTX Exchange.

13.      "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14.      "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15.      "Including" means including but not limited to.

16.      "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17.      "FTX Address" means a blockchain address associated with an FTX User Account.

3

18.    "Identified FTX Addresses" means the following FTX Addresses, and, for the avoidance of doubt, each is an "Identified FTX Address":

    a.    0xd84c82dcfb21572b68339f14453bfe39fdc81f74

    b.    0x2be52c6e141a314778b5ea702e8a9dc87b42d126

    c.    0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

    d.    0x44f73a35b995c7a55864209468925bf450cf0a00

    e.    0x1785904b28ad668b4778618f749db6b4a04472ed

    f.    0xd7cf4d9176519142bf64111d713d3f85cdff1b67

    g.    0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

    h.    0xb4e872704625ea0f69f95c856ad49aff44da2ba4

    i.    0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

    j.    0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19.    "You" and "Your" means and refers to any or all the FTX Debtors.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions and for purposes of these Requests, the following Instructions shall be followed:

1.    These Requests seek production of material in Your possession, custody, or control.

2.    These Requests seek production of nonprivileged material.

3.    For each Request, either state that You will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons.

4.    If You object to all or part of a Request, state whether You are withholding any responsive material based on that objection.

5.    If You object to part of a Request, specify the part and state that You will produce documents responsive to the rest.

4

6.      If You withhold responsive information by claiming that the information is privi-
leged or subject to protection as trial-preparation material, expressly make the claim and describe
the nature of the information privileged or protected in a manner that, without revealing infor-
mation itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document
You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memoran-
dum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author,
addresses, and any other recipients of the Document; (e) where not apparent, the relationships of
the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.      If after responding to any Request You learn that Your response is in some material
respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including
May 1, 2019 through the present.

## REQUESTS

20.      Documents sufficient to identify the FTX User Account(s) associated with each
Identified FTX Address.

21.      Documents sufficient to identify the entity or individual associated with each FTX
User Account identified in response to Request No. 1, including all Know Your Customer Infor-
mation for each such entity or individual.

22.      Documents sufficient to identify all FTX User Account(s) associated with any en-
tity or individual identified in response to Request No. 2, other than FTX User Accounts identified
in response to Request No. 1.

5

23.     Documents sufficient to identify all FTX Address(es) associated with each FTX User Account identified in response to Request No. 1 and Request No. 3, other than the Identified FTX Addresses.

24.     Documents sufficient to show when each FTX User Account identified in response to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.     Documents sufficient to show a complete transaction history for each FTX User Account identified in response to Request No. 1 and Request No. 3.

26.     Documents sufficient to show all short positions with respect to the CEL Token on an FTX Exchange from April 1, 2022 to August 30, 2022.

27.     Documents sufficient to identify the FTX Address(es) associated with each short position identified in response to Request No. 7.

28.     Documents sufficient to identify the FTX User Account(s) associated with each FTX Address identified in response to Request No. 8.

29.     Documents sufficient to identify the entity or individual associated with each FTX User Account relating to Request No. 8, including all Know Your Customer Information for each such entity or individual.

30.     Documents sufficient to show all borrow or loan transactions associated with the positions identified in response to Request No. 7.

6

Dated:    May 15, 2023

*/s/ Jennifer M. Selendy*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, New York 10104
Tel.: 212-390-9000
jselendy@selendygay.com
fgay@selendygay.com
tagangawilliams@selendygay.com
cobrien@selendygay.com

*Co-Counsel to the Official Committee of
Unsecured Creditors*

7

**Subpoena Package 75**

**LedgerPrime Digital Asset Opportunities Master Fund LP**

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re CELSIUS NETWORK LLC, et al.,                    Case No. 22-10964 (MG)
                                    Debtor

                                                     Chapter 11

### SUBPOENA FOR RULE 2004 EXAMINATION

   To: LedgerPrime Digital Asset Opportunities Master Fund LP
   c/o Harneys Fiduciary (Cayman) Ltd 4th Floor, Harbour Place, 103 South Church Street
   George Town KY1-1002 Cayman Islands
   Cayman Islands

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|-------|---------------|
|       |               |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

   Please see the attached requests for the production of documents.

        The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **05/15/2023**

                 CLERK OF COURT

                                              OR

        _____
        *Signature of Clerk or Deputy Clerk*

                                              _____
                                              *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors  who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

**Notice to the person who issues or requests this subpoena**

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

***Ex Parte Order***, **Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Official Committee of Unsecured Creditors to Issues *Subpoenas Duce Tecum* Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdiction over the Application; and the Application being a core proceeding; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appearing therefor, it is

**ORDERED**, that the Application is granted; and it is further

**ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be, and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

**ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of this Order and any Subpoenas issued to them or make an appropriate motion for a protective order or to quash any Subpoenas; and it is further

**ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the production or inspection of documents or things on less than fourteen (14) days' notice; and it is further

**ORDERED**, that the terms and conditions of this Order are immediately effective and enforceable upon its entry; and it is further

**ORDERED**, that this Order is without prejudice to the rights of the Committee to apply for further discovery from any party or other entity or person; and it is further

**ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order, including adjudicating any discovery disputes that may arise between or among the parties.

**IT IS SO ORDERED.**

Dated:  May 11, 2023
         New York, New York

_____
            **/s/ Martin Glenn**
            MARTIN GLENN
     Chief United States Bankruptcy Judge

# Attachment # 2

# *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY 10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
        fgay@selendygay.com
        tagangawilliams@selendygay.com
        cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[26] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS TO LEDGERPRIME DIGITAL ASSET OPPORTUNITIES MASTER FUND LP

Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "Local District Rules"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[26] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*,

Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al.

(the "Committee"), by and through its undersigned counsel, hereby requests that LedgerPrime

Digital Asset Opportunities Master Fund LP produce documents in response to the requests below

within 14 days of service to the Committee's attorneys Selendy Gay Elsberg PLLC, at 1290 Ave-

nue of the Americas, New York, NY 10104.

## DOCUMENT REQUESTS DEFINITIONS

1.     The singular form of a word includes the plural, and vice versa.

2.     Any tense of a verb includes all tenses.

3.     Any natural person includes that person's agents, assigns, attorneys, employees,

representatives, and successors.

4.     Any entity other than a natural person includes (a) that entity's present and former

agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, em-

ployees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors;

(b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or

owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf

of (a) or (b).

5.     "All," "any," and "each" mean any and all.

6.     "And" and "or" are construed both conjunctively and disjunctively.

7.     "Associated with" includes, but is not limited to, "affiliated with," "corresponding

to," "owned by," "controlled by," and "operated by."

8.     "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain iden-

tified as CEL.

2

9.      "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10.     "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.     "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12.     "FTX User Account" means a user account registered with the FTX Exchange.

13.     "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14.     "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15.     "Including" means including but not limited to.

16.     "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17.     "FTX Address" means a blockchain address associated with an FTX User Account.

3

18. "Identified FTX Addresses" means the following FTX Addresses, and, for the avoidance of doubt, each is an "Identified FTX Address":

    a.    0xd84c82dcfb21572b68339f14453bfe39fdc81f74

    b.    0x2be52c6e141a314778b5ea702e8a9dc87b42d126

    c.    0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

    d.    0x44f73a35b995c7a55864209468925bf450cf0a00

    e.    0x1785904b28ad668b4778618f749db6b4a04472ed

    f.    0xd7cf4d9176519142bf64111d713d3f85cdff1b67

    g.    0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

    h.    0xb4e872704625ea0f69f95c856ad49aff44da2ba4

    i.    0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

    j.    0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19. "You" and "Your" means and refers to any or all the FTX Debtors.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions and for purposes of these Requests, the following Instructions shall be followed:

1. These Requests seek production of material in Your possession, custody, or control.

2. These Requests seek production of nonprivileged material.

3. For each Request, either state that You will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons.

4. If You object to all or part of a Request, state whether You are withholding any responsive material based on that objection.

5. If You object to part of a Request, specify the part and state that You will produce documents responsive to the rest.

4

6.      If You withhold responsive information by claiming that the information is privi-

leged or subject to protection as trial-preparation material, expressly make the claim and describe

the nature of the information privileged or protected in a manner that, without revealing infor-

mation itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document

You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memoran-

dum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author,

addresses, and any other recipients of the Document; (e) where not apparent, the relationships of

the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.      If after responding to any Request You learn that Your response is in some material

respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including

May 1, 2019 through the present.

## REQUESTS

20.      Documents sufficient to identify the FTX User Account(s) associated with each

Identified FTX Address.

21.      Documents sufficient to identify the entity or individual associated with each FTX

User Account identified in response to Request No. 1, including all Know Your Customer Infor-

mation for each such entity or individual.

22.      Documents sufficient to identify all FTX User Account(s) associated with any en-

tity or individual identified in response to Request No. 2, other than FTX User Accounts identified

in response to Request No. 1.

23.     Documents sufficient to identify all FTX Address(es) associated with each FTX User Account identified in response to Request No. 1 and Request No. 3, other than the Identified FTX Addresses.

24.     Documents sufficient to show when each FTX User Account identified in response to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.     Documents sufficient to show a complete transaction history for each FTX User Account identified in response to Request No. 1 and Request No. 3.

26.     Documents sufficient to show all short positions with respect to the CEL Token on an FTX Exchange from April 1, 2022 to August 30, 2022.

27.     Documents sufficient to identify the FTX Address(es) associated with each short position identified in response to Request No. 7.

28.     Documents sufficient to identify the FTX User Account(s) associated with each FTX Address identified in response to Request No. 8.

29.     Documents sufficient to identify the entity or individual associated with each FTX User Account relating to Request No. 8, including all Know Your Customer Information for each such entity or individual.

30.     Documents sufficient to show all borrow or loan transactions associated with the positions identified in response to Request No. 7.

6

Dated:   May 15, 2023

*/s/ Jennifer M. Selendy*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, New York 10104
Tel.: 212-390-9000
jselendy@selendygay.com
fgay@selendygay.com
tagangawilliams@selendygay.com
cobrien@selendygay.com

*Co-Counsel to the Official Committee of
Unsecured Creditors*

7

# Subpoena Package 76

# LedgerPrime LLC

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 1)

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re CELSIUS NETWORK LLC, et al.,
                Debtor

Case No. 22-10964 (MG)

Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: LedgerPrime LLC
    1209 Orange St Corporation Trust Center
    Wilmington, DE 19901

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|-------|---------------|
|       |               |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

 Please see the attached requests for the production of documents.

    The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **05/15/2023**

                    CLERK OF COURT                         OR

        _____
        *Signature of Clerk or Deputy Clerk*

                                            _____
                                                 *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

***Ex Parte Order***, **Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Official Committee of Unsecured Creditors to Issues *Subpoenas Duce Tecum* Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured

Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter

11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the

"Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New

York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collec-

tively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdic-

tion over the Application; and the Application being a core proceeding; and venue of this pro-

ceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court

having found that the relief requested in the Application is in the best interest of the Debtors' es-

tates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Limited (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appear-

ing therefor, it is

**ORDERED**, that the Application is granted; and it is further

**ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be,

and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

**ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of

this Order and any Subpoenas issued to them or make an appropriate motion for a protective or-

der or to quash any Subpoenas; and it is further

**ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the pro-

duction or inspection of documents or things on less than fourteen (14) days' notice; and it is fur-

ther

**ORDERED**, that the terms and conditions of this Order are immediately effective and

enforceable upon its entry; and it is further

**ORDERED**, that this Order is without prejudice to the rights of the Committee to apply

for further discovery from any party or other entity or person; and it is further

**ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce

the terms and provisions of this Order, including adjudicating any discovery disputes that may

arise between or among the parties.

**IT IS SO ORDERED.**

Dated:  May 11, 2023
      New York, New York

**/s/ Martin Glenn**
MARTIN GLENN
Chief United States Bankruptcy Judge

# Attachment # 2

## *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
          fgay@selendygay.com
          tagangawilliams@selendygay.com
          cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[27] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS TO LEDGERPRIME LLC

        Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "Local District Rules"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[27] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*,

Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al.

(the "Committee"), by and through its undersigned counsel, hereby requests that LedgerPrime

LLC produce documents in response to the requests below within 14 days of service to the Com-

mittee's attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Americas, New York, NY

10104.

## DOCUMENT REQUESTS DEFINITIONS

1.      The singular form of a word includes the plural, and vice versa.

2.      Any tense of a verb includes all tenses.

3.      Any natural person includes that person's agents, assigns, attorneys, employees,

representatives, and successors.

4.      Any entity other than a natural person includes (a) that entity's present and former

agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, em-

ployees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors;

(b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or

owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf

of (a) or (b).

5.      "All," "any," and "each" mean any and all.

6.      "And" and "or" are construed both conjunctively and disjunctively.

7.      "Associated with" includes, but is not limited to, "affiliated with," "corresponding

to," "owned by," "controlled by," and "operated by."

8.      "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain iden-

tified as CEL.

2

9.      "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10.     "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.     "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12.     "FTX User Account" means a user account registered with the FTX Exchange.

13.     "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14.     "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15.     "Including" means including but not limited to.

16.     "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17.     "FTX Address" means a blockchain address associated with an FTX User Account.

3

18.   "Identified FTX Addresses" means the following FTX Addresses, and, for the
avoidance of doubt, each is an "Identified FTX Address":

    a.    0xd84c82dcfb21572b68339f14453bfe39fdc81f74

    b.    0x2be52c6e141a314778b5ea702e8a9dc87b42d126

    c.    0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

    d.    0x44f73a35b995c7a55864209468925bf450cf0a00

    e.    0x1785904b28ad668b4778618f749db6b4a04472ed

    f.    0xd7cf4d9176519142bf64111d713d3f85cdff1b67

    g.    0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

    h.    0xb4e872704625ea0f69f95c856ad49aff44da2ba4

    i.    0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

    j.    0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19.   "You" and "Your" means and refers to any or all the FTX Debtors.

### INSTRUCTIONS

The preceding Definitions apply to each of these Instructions and for purposes of these
Requests, the following Instructions shall be followed:

1.   These Requests seek production of material in Your possession, custody, or control.

2.   These Requests seek production of nonprivileged material.

3.   For each Request, either state that You will produce the requested material or state
with specificity the grounds for objecting to the Request, including the reasons.

4.   If You object to all or part of a Request, state whether You are withholding any
responsive material based on that objection.

5.   If You object to part of a Request, specify the part and state that You will produce
documents responsive to the rest.

4

6.      If You withhold responsive information by claiming that the information is privi-
leged or subject to protection as trial-preparation material, expressly make the claim and describe
the nature of the information privileged or protected in a manner that, without revealing infor-
mation itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document
You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memoran-
dum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author,
addresses, and any other recipients of the Document; (e) where not apparent, the relationships of
the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.      If after responding to any Request You learn that Your response is in some material
respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including
May 1, 2019 through the present.

## REQUESTS

20.      Documents sufficient to identify the FTX User Account(s) associated with each
Identified FTX Address.

21.      Documents sufficient to identify the entity or individual associated with each FTX
User Account identified in response to Request No. 1, including all Know Your Customer Infor-
mation for each such entity or individual.

22.      Documents sufficient to identify all FTX User Account(s) associated with any en-
tity or individual identified in response to Request No. 2, other than FTX User Accounts identified
in response to Request No. 1.

23.     Documents sufficient to identify all FTX Address(es) associated with each FTX User Account identified in response to Request No. 1 and Request No. 3, other than the Identified FTX Addresses.

24.     Documents sufficient to show when each FTX User Account identified in response to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.     Documents sufficient to show a complete transaction history for each FTX User Account identified in response to Request No. 1 and Request No. 3.

26.     Documents sufficient to show all short positions with respect to the CEL Token on an FTX Exchange from April 1, 2022 to August 30, 2022.

27.     Documents sufficient to identify the FTX Address(es) associated with each short position identified in response to Request No. 7.

28.     Documents sufficient to identify the FTX User Account(s) associated with each FTX Address identified in response to Request No. 8.

29.     Documents sufficient to identify the entity or individual associated with each FTX User Account relating to Request No. 8, including all Know Your Customer Information for each such entity or individual.

30.     Documents sufficient to show all borrow or loan transactions associated with the positions identified in response to Request No. 7.

6

Dated:   May 15, 2023

*/s/ Jennifer M. Selendy*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, New York 10104
Tel.: 212-390-9000
jselendy@selendygay.com
fgay@selendygay.com
tagangawilliams@selendygay.com
cobrien@selendygay.com

*Co-Counsel to the Official Committee of*
*Unsecured Creditors*

# Subpoena Package 77

# LedgerPrime Ventures, LP

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re CELSIUS NETWORK LLC, et al.,                     Case No. 22-10964 (MG)
                          Debtor

                                                       Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: LedgerPrime Ventures, LP
4th Floor, Harbour Place, 103 South Church Street
George Town KY1-1002
Cayman Islands

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

  Please see the attached requests for the production of documents.

        The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  **05/15/2023**

                CLERK OF COURT
                                                OR

        _____
        *Signature of Clerk or Deputy Clerk*

                                        _____
                                        *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors  who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

 (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

***Ex Parte Order*, Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Official Committee of Unsecured Creditors to Issues *Subpoenas Duce Tecum* Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

## *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdiction over the Application; and the Application being a core proceeding; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Limited (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appearing therefor, it is

    **ORDERED**, that the Application is granted; and it is further

    **ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be, and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

    **ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of this Order and any Subpoenas issued to them or make an appropriate motion for a protective order or to quash any Subpoenas; and it is further

    **ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the production or inspection of documents or things on less than fourteen (14) days' notice; and it is further

    **ORDERED**, that the terms and conditions of this Order are immediately effective and enforceable upon its entry; and it is further

    **ORDERED**, that this Order is without prejudice to the rights of the Committee to apply for further discovery from any party or other entity or person; and it is further

    **ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order, including adjudicating any discovery disputes that may arise between or among the parties.

**IT IS SO ORDERED.**

Dated:  May 11, 2023
      New York, New York

                                 **/s/ Martin Glenn**
                                  MARTIN GLENN
                     Chief United States Bankruptcy Judge

# Attachment # 2

## *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
        fgay@selendygay.com
        tagangawilliams@selendygay.com
        cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[28] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS
TO LEDGERPRIME VENTURES, LP**

Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "Local District Rules"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[28] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal
tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius
Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network
Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8
USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius
Network LLC's principal place of business and the Debtors' service address in these chapter 11
cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*,

Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al.

(the "Committee"), by and through its undersigned counsel, hereby requests that LedgerPrime

Ventures, LP produce documents in response to the requests below within 14 days of service to

the Committee's attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Americas, New

York, NY 10104.

## DOCUMENT REQUESTS DEFINITIONS

1.      The singular form of a word includes the plural, and vice versa.

2.      Any tense of a verb includes all tenses.

3.      Any natural person includes that person's agents, assigns, attorneys, employees,

representatives, and successors.

4.      Any entity other than a natural person includes (a) that entity's present and former

agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, em-

ployees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors;

(b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or

owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf

of (a) or (b).

5.      "All," "any," and "each" mean any and all.

6.      "And" and "or" are construed both conjunctively and disjunctively.

7.      "Associated with" includes, but is not limited to, "affiliated with," "corresponding

to," "owned by," "controlled by," and "operated by."

8.      "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain iden-

tified as CEL.

2

9.      "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10.     "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.     "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12.     "FTX User Account" means a user account registered with the FTX Exchange.

13.     "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14.     "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15.     "Including" means including but not limited to.

16.     "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17.     "FTX Address" means a blockchain address associated with an FTX User Account.

3

18.    "Identified FTX Addresses" means the following FTX Addresses, and, for the avoidance of doubt, each is an "Identified FTX Address":

   a.      0xd84c82dcfb21572b68339f14453bfe39fdc81f74

   b.      0x2be52c6e141a314778b5ea702e8a9dc87b42d126

   c.      0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

   d.      0x44f73a35b995c7a55864209468925bf450cf0a00

   e.      0x1785904b28ad668b4778618f749db6b4a04472ed

   f.      0xd7cf4d9176519142bf64111d713d3f85cdff1b67

   g.      0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

   h.      0xb4e872704625ea0f69f95c856ad49aff44da2ba4

   i.      0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

   j.      0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19.    "You" and "Your" means and refers to any or all the FTX Debtors.

## **INSTRUCTIONS**

The preceding Definitions apply to each of these Instructions and for purposes of these Requests, the following Instructions shall be followed:

1.    These Requests seek production of material in Your possession, custody, or control.

2.    These Requests seek production of nonprivileged material.

3.    For each Request, either state that You will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons.

4.    If You object to all or part of a Request, state whether You are withholding any responsive material based on that objection.

5.    If You object to part of a Request, specify the part and state that You will produce documents responsive to the rest.

6.      If You withhold responsive information by claiming that the information is privi-
leged or subject to protection as trial-preparation material, expressly make the claim and describe
the nature of the information privileged or protected in a manner that, without revealing infor-
mation itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document
You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memoran-
dum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author,
addresses, and any other recipients of the Document; (e) where not apparent, the relationships of
the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.      If after responding to any Request You learn that Your response is in some material
respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including
May 1, 2019 through the present.

## REQUESTS

20.     Documents sufficient to identify the FTX User Account(s) associated with each
Identified FTX Address.

21.     Documents sufficient to identify the entity or individual associated with each FTX
User Account identified in response to Request No. 1, including all Know Your Customer Infor-
mation for each such entity or individual.

22.     Documents sufficient to identify all FTX User Account(s) associated with any en-
tity or individual identified in response to Request No. 2, other than FTX User Accounts identified
in response to Request No. 1.

23.     Documents sufficient to identify all FTX Address(es) associated with each FTX User Account identified in response to Request No. 1 and Request No. 3, other than the Identified FTX Addresses.

24.     Documents sufficient to show when each FTX User Account identified in response to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.     Documents sufficient to show a complete transaction history for each FTX User Account identified in response to Request No. 1 and Request No. 3.

26.     Documents sufficient to show all short positions with respect to the CEL Token on an FTX Exchange from April 1, 2022 to August 30, 2022.

27.     Documents sufficient to identify the FTX Address(es) associated with each short position identified in response to Request No. 7.

28.     Documents sufficient to identify the FTX User Account(s) associated with each FTX Address identified in response to Request No. 8.

29.     Documents sufficient to identify the entity or individual associated with each FTX User Account relating to Request No. 8, including all Know Your Customer Information for each such entity or individual.

30.     Documents sufficient to show all borrow or loan transactions associated with the positions identified in response to Request No. 7.

6

Dated:    May 15, 2023

*/s/ Jennifer M. Selendy*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, New York 10104
Tel.: 212-390-9000
jselendy@selendygay.com
fgay@selendygay.com
tagangawilliams@selendygay.com
cobrien@selendygay.com

*Co-Counsel to the Official Committee of
Unsecured Creditors*

7

# Subpoena Package 78

# Liquid Financial USA Inc.

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page)

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re CELSIUS NETWORK LLC, et al.,
                    Debtor

Case No. 22-10964 (MG)

Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Liquid Financial USA Inc.
c/o FTX Japan Holdings K.K. 3 Chrome-17 Nishikicho Kanda, Chiyoda City
Hirose Building 4F
Tokyo 1010054
Japan

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|-------|---------------|
|       |               |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

  Please see the attached requests for the production of documents.

      The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **05/15/2023**

                    CLERK OF COURT

                                             OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors  who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

  I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

***Ex Parte Order*, Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Official Committee of Unsecured Creditors to Issues *Subpoenas Duce Tecum* Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdiction over the Application; and the Application being a core proceeding; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Limited (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appearing therefor, it is

**ORDERED**, that the Application is granted; and it is further

**ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be, and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

**ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of this Order and any Subpoenas issued to them or make an appropriate motion for a protective order or to quash any Subpoenas; and it is further

**ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the production or inspection of documents or things on less than fourteen (14) days' notice; and it is further

**ORDERED**, that the terms and conditions of this Order are immediately effective and enforceable upon its entry; and it is further

**ORDERED**, that this Order is without prejudice to the rights of the Committee to apply for further discovery from any party or other entity or person; and it is further

**ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order, including adjudicating any discovery disputes that may arise between or among the parties.

**IT IS SO ORDERED.**

Dated: May 11, 2023
      New York, New York

                                                 **/s/ Martin Glenn**
                                                MARTIN GLENN
                             Chief United States Bankruptcy Judge

# Attachment # 2

## *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
        fgay@selendygay.com
        taganga williams@selendygay.com
        cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[29] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS
TO LIQUID FINANCIAL USA INC.**

Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "Local District Rules"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[29] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*,

Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al.

(the "Committee"), by and through its undersigned counsel, hereby requests that Liquid Financial

USA Inc. produce documents in response to the requests below within 14 days of service to the

Committee's attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Americas, New York,

NY 10104.

## DOCUMENT REQUESTS DEFINITIONS

1.      The singular form of a word includes the plural, and vice versa.

2.      Any tense of a verb includes all tenses.

3.      Any natural person includes that person's agents, assigns, attorneys, employees,

representatives, and successors.

4.      Any entity other than a natural person includes (a) that entity's present and former

agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, em-

ployees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors;

(b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or

owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf

of (a) or (b).

5.      "All," "any," and "each" mean any and all.

6.      "And" and "or" are construed both conjunctively and disjunctively.

7.      "Associated with" includes, but is not limited to, "affiliated with," "corresponding

to," "owned by," "controlled by," and "operated by."

8.      "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain iden-

tified as CEL.

2

9.      "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10.     "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.     "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12.     "FTX User Account" means a user account registered with the FTX Exchange.

13.     "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14.     "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15.     "Including" means including but not limited to.

16.     "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17.     "FTX Address" means a blockchain address associated with an FTX User Account.

3

18.     "Identified FTX Addresses" means the following FTX Addresses, and, for the
avoidance of doubt, each is an "Identified FTX Address":

    a.      0xd84c82dcfb21572b68339f14453bfe39fdc81f74

    b.      0x2be52c6e141a314778b5ea702e8a9dc87b42d126

    c.      0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

    d.      0x44f73a35b995c7a55864209468925bf450cf0a00

    e.      0x1785904b28ad668b4778618f749db6b4a04472ed

    f.      0xd7cf4d9176519142bf64111d713d3f85cdff1b67

    g.      0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

    h.      0xb4e872704625ea0f69f95c856ad49aff44da2ba4

    i.      0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

    j.      0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19.     "You" and "Your" means and refers to any or all the FTX Debtors.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions and for purposes of these
Requests, the following Instructions shall be followed:

1.     These Requests seek production of material in Your possession, custody, or control.

2.     These Requests seek production of nonprivileged material.

3.     For each Request, either state that You will produce the requested material or state
with specificity the grounds for objecting to the Request, including the reasons.

4.     If You object to all or part of a Request, state whether You are withholding any
responsive material based on that objection.

5.     If You object to part of a Request, specify the part and state that You will produce
documents responsive to the rest.

4

6.      If You withhold responsive information by claiming that the information is privileged or subject to protection as trial-preparation material, expressly make the claim and describe the nature of the information privileged or protected in a manner that, without revealing information itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memorandum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author, addresses, and any other recipients of the Document; (e) where not apparent, the relationships of the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.      If after responding to any Request You learn that Your response is in some material respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including May 1, 2019 through the present.

## REQUESTS

20.     Documents sufficient to identify the FTX User Account(s) associated with each Identified FTX Address.

21.     Documents sufficient to identify the entity or individual associated with each FTX User Account identified in response to Request No. 1, including all Know Your Customer Information for each such entity or individual.

22.     Documents sufficient to identify all FTX User Account(s) associated with any entity or individual identified in response to Request No. 2, other than FTX User Accounts identified in response to Request No. 1.

23.     Documents sufficient to identify all FTX Address(es) associated with each FTX User Account identified in response to Request No. 1 and Request No. 3, other than the Identified FTX Addresses.

24.     Documents sufficient to show when each FTX User Account identified in response to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.     Documents sufficient to show a complete transaction history for each FTX User Account identified in response to Request No. 1 and Request No. 3.

26.     Documents sufficient to show all short positions with respect to the CEL Token on an FTX Exchange from April 1, 2022 to August 30, 2022.

27.     Documents sufficient to identify the FTX Address(es) associated with each short position identified in response to Request No. 7.

28.     Documents sufficient to identify the FTX User Account(s) associated with each FTX Address identified in response to Request No. 8.

29.     Documents sufficient to identify the entity or individual associated with each FTX User Account relating to Request No. 8, including all Know Your Customer Information for each such entity or individual.

30.     Documents sufficient to show all borrow or loan transactions associated with the positions identified in response to Request No. 7.

6

Dated:    May 15, 2023                    */s/ Jennifer M. Selendy*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, New York 10104
Tel.: 212-390-9000
jselendy@selendygay.com
fgay@selendygay.com
tagangawilliams@selendygay.com
cobrien@selendygay.com

*Co-Counsel to the Official Committee of
Unsecured Creditors*

**Subpoena Package 79**

**Liquid Securities Singapore Pte Ltd**

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re CELSIUS NETWORK LLC, et al.,                    Case No. 22-10964 (MG)
                    Debtor

                    Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Liquid Securities Singapore Pte Ltd
30 Cecil Street #19-08 Prudential Tower
Singapore 049712
Singapore

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

  Please see the attached requests for the production of documents.

        The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  **05/15/2023**

                    CLERK OF COURT

                                                              OR

          _____
          *Signature of Clerk or Deputy Clerk*

                                                _____
                                                *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors  who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

       I declare under penalty of perjury that this information is true and correct.

Date: _____

 

                          _____
                                      *Server's signature*

                          _____
                                  *Printed name and title*

                          _____
                                  *Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

***Ex Parte Order*, Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Official Committee of Unsecured Creditors to Issues *Subpoenas Duce Tecum* Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdiction over the Application; and the Application being a core proceeding; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Limited (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appear-

ing therefor, it is

     **ORDERED**, that the Application is granted; and it is further

     **ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be,

and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

     **ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of

this Order and any Subpoenas issued to them or make an appropriate motion for a protective or-

der or to quash any Subpoenas; and it is further

     **ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the pro-

duction or inspection of documents or things on less than fourteen (14) days' notice; and it is fur-

ther

     **ORDERED**, that the terms and conditions of this Order are immediately effective and

enforceable upon its entry; and it is further

     **ORDERED**, that this Order is without prejudice to the rights of the Committee to apply

for further discovery from any party or other entity or person; and it is further

     **ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce

the terms and provisions of this Order, including adjudicating any discovery disputes that may

arise between or among the parties.

**IT IS SO ORDERED.**

Dated:  May 11, 2023
     New York, New York

                                            **/s/ Martin Glenn**
                                          MARTIN GLENN
                           Chief United States Bankruptcy Judge

# Attachment # 2

# *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
      fgay@selendygay.com
      taganga williams@selendygay.com
      cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[30] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS TO LIQUID SECURITIES SINGAPORE PTE LTD

Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "Local District Rules"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[30] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*,

Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al.

(the "Committee"), by and through its undersigned counsel, hereby requests that Liquid Securities

Singapore Pte Ltd produce documents in response to the requests below within 14 days of service

to the Committee's attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Americas, New

York, NY 10104.

## DOCUMENT REQUESTS DEFINITIONS

1.      The singular form of a word includes the plural, and vice versa.

2.      Any tense of a verb includes all tenses.

3.      Any natural person includes that person's agents, assigns, attorneys, employees,

representatives, and successors.

4.      Any entity other than a natural person includes (a) that entity's present and former

agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, em-

ployees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors;

(b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or

owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf

of (a) or (b).

5.      "All," "any," and "each" mean any and all.

6.      "And" and "or" are construed both conjunctively and disjunctively.

7.      "Associated with" includes, but is not limited to, "affiliated with," "corresponding

to," "owned by," "controlled by," and "operated by."

8.      "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain iden-

tified as CEL.

2

9.     "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10.    "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.    "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12.    "FTX User Account" means a user account registered with the FTX Exchange.

13.    "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14.    "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15.    "Including" means including but not limited to.

16.    "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17.    "FTX Address" means a blockchain address associated with an FTX User Account.

18.    "Identified FTX Addresses" means the following FTX Addresses, and, for the
avoidance of doubt, each is an "Identified FTX Address":

a.    0xd84c82dcfb21572b68339f14453bfe39fdc81f74

b.    0x2be52c6e141a314778b5ea702e8a9dc87b42d126

c.    0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

d.    0x44f73a35b995c7a55864209468925bf450cf0a00

e.    0x1785904b28ad668b4778618f749db6b4a04472ed

f.    0xd7cf4d9176519142bf64111d713d3f85cdff1b67

g.    0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

h.    0xb4e872704625ea0f69f95c856ad49aff44da2ba4

i.    0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

j.    0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19.    "You" and "Your" means and refers to any or all the FTX Debtors.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions and for purposes of these
Requests, the following Instructions shall be followed:

1.    These Requests seek production of material in Your possession, custody, or control.

2.    These Requests seek production of nonprivileged material.

3.    For each Request, either state that You will produce the requested material or state
with specificity the grounds for objecting to the Request, including the reasons.

4.    If You object to all or part of a Request, state whether You are withholding any
responsive material based on that objection.

5.    If You object to part of a Request, specify the part and state that You will produce
documents responsive to the rest.

4

6.      If You withhold responsive information by claiming that the information is privi-

leged or subject to protection as trial-preparation material, expressly make the claim and describe

the nature of the information privileged or protected in a manner that, without revealing infor-

mation itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document

You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memoran-

dum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author,

addresses, and any other recipients of the Document; (e) where not apparent, the relationships of

the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.      If after responding to any Request You learn that Your response is in some material

respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including

May 1, 2019 through the present.

## REQUESTS

20.    Documents sufficient to identify the FTX User Account(s) associated with each

Identified FTX Address.

21.    Documents sufficient to identify the entity or individual associated with each FTX

User Account identified in response to Request No. 1, including all Know Your Customer Infor-

mation for each such entity or individual.

22.    Documents sufficient to identify all FTX User Account(s) associated with any en-

tity or individual identified in response to Request No. 2, other than FTX User Accounts identified

in response to Request No. 1.

23.    Documents sufficient to identify all FTX Address(es) associated with each FTX User Account identified in response to Request No. 1 and Request No. 3, other than the Identified FTX Addresses.

24.    Documents sufficient to show when each FTX User Account identified in response to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.    Documents sufficient to show a complete transaction history for each FTX User Account identified in response to Request No. 1 and Request No. 3.

26.    Documents sufficient to show all short positions with respect to the CEL Token on an FTX Exchange from April 1, 2022 to August 30, 2022.

27.    Documents sufficient to identify the FTX Address(es) associated with each short position identified in response to Request No. 7.

28.    Documents sufficient to identify the FTX User Account(s) associated with each FTX Address identified in response to Request No. 8.

29.    Documents sufficient to identify the entity or individual associated with each FTX User Account relating to Request No. 8, including all Know Your Customer Information for each such entity or individual.

30.    Documents sufficient to show all borrow or loan transactions associated with the positions identified in response to Request No. 7.

6

Dated:    May 15, 2023

*/s/ Jennifer M. Selendy*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, New York 10104
Tel.: 212-390-9000
jselendy@selendygay.com
fgay@selendygay.com
tagangawilliams@selendygay.com
cobrien@selendygay.com

*Co-Counsel to the Official Committee of
Unsecured Creditors*

7

# Subpoena Package 80

# LiquidEX LLC

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 1)

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re CELSIUS NETWORK LLC, et al.,  
　　　　　　　Debtor

Case No. 22-10964 (MG)

Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: LiquidEX LLC  
c/o FTX Japan Holdings K.K. 3 Chrome-17 Nishikicho Kanda, Chiyoda City  
Hirose Building 4F  
Tokyo 1010054  
Japan

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

Please see the attached requests for the production of documents.

　　The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **05/15/2023**

　　　　　　CLERK OF COURT

OR

_____  
*Signature of Clerk or Deputy Clerk*

_____  
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

***Ex Parte Order*, Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Official Committee of Unsecured Creditors to Issues *Subpoenas Duce Tecum* Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdiction over the Application; and the Application being a core proceeding; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Limited (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appearing therefor, it is

**ORDERED**, that the Application is granted; and it is further

**ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be, and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

**ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of this Order and any Subpoenas issued to them or make an appropriate motion for a protective order or to quash any Subpoenas; and it is further

**ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the production or inspection of documents or things on less than fourteen (14) days' notice; and it is further

**ORDERED**, that the terms and conditions of this Order are immediately effective and enforceable upon its entry; and it is further

**ORDERED**, that this Order is without prejudice to the rights of the Committee to apply for further discovery from any party or other entity or person; and it is further

**ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order, including adjudicating any discovery disputes that may arise between or among the parties.

**IT IS SO ORDERED.**

Dated:  May 11, 2023
      New York, New York

                                               **/s/ Martin Glenn**
                                                MARTIN GLENN
                               Chief United States Bankruptcy Judge

# Attachment # 2

# *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
        fgay@selendygay.com
        tagangawilliams@selendygay.com
        cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[31] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS
TO LIQUIDEX LLC**

      Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "Local District Rules"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[31] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*,
Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al.
(the "Committee"), by and through its undersigned counsel, hereby requests that LiquidEX LLC
produce documents in response to the requests below within 14 days of service to the Committee's
attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Americas, New York, NY 10104.

## DOCUMENT REQUESTS DEFINITIONS

1.      The singular form of a word includes the plural, and vice versa.

2.      Any tense of a verb includes all tenses.

3.      Any natural person includes that person's agents, assigns, attorneys, employees,
representatives, and successors.

4.      Any entity other than a natural person includes (a) that entity's present and former
agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, em-
ployees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors;
(b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or
owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf
of (a) or (b).

5.      "All," "any," and "each" mean any and all.

6.      "And" and "or" are construed both conjunctively and disjunctively.

7.      "Associated with" includes, but is not limited to, "affiliated with," "corresponding
to," "owned by," "controlled by," and "operated by."

8.      "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain iden-
tified as CEL.

2

9.      "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10.      "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.      "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12.      "FTX User Account" means a user account registered with the FTX Exchange.

13.      "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14.      "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15.      "Including" means including but not limited to.

16.      "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17.      "FTX Address" means a blockchain address associated with an FTX User Account.

3

18.    "Identified FTX Addresses" means the following FTX Addresses, and, for the

avoidance of doubt, each is an "Identified FTX Address":

     a.    0xd84c82dcfb21572b68339f14453bfe39fdc81f74

     b.    0x2be52c6e141a314778b5ea702e8a9dc87b42d126

     c.    0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

     d.    0x44f73a35b995c7a55864209468925bf450cf0a00

     e.    0x1785904b28ad668b4778618f749db6b4a04472ed

     f.    0xd7cf4d9176519142bf64111d713d3f85cdff1b67

     g.    0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

     h.    0xb4e872704625ea0f69f95c856ad49aff44da2ba4

     i.    0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

     j.    0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19.    "You" and "Your" means and refers to any or all the FTX Debtors.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions and for purposes of these

Requests, the following Instructions shall be followed:

1.    These Requests seek production of material in Your possession, custody, or control.

2.    These Requests seek production of nonprivileged material.

3.    For each Request, either state that You will produce the requested material or state

with specificity the grounds for objecting to the Request, including the reasons.

4.    If You object to all or part of a Request, state whether You are withholding any

responsive material based on that objection.

5.    If You object to part of a Request, specify the part and state that You will produce

documents responsive to the rest.

6.      If You withhold responsive information by claiming that the information is privileged or subject to protection as trial-preparation material, expressly make the claim and describe the nature of the information privileged or protected in a manner that, without revealing information itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memorandum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author, addresses, and any other recipients of the Document; (e) where not apparent, the relationships of the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.      If after responding to any Request You learn that Your response is in some material respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including May 1, 2019 through the present.

## REQUESTS

20.      Documents sufficient to identify the FTX User Account(s) associated with each Identified FTX Address.

21.      Documents sufficient to identify the entity or individual associated with each FTX User Account identified in response to Request No. 1, including all Know Your Customer Information for each such entity or individual.

22.      Documents sufficient to identify all FTX User Account(s) associated with any entity or individual identified in response to Request No. 2, other than FTX User Accounts identified in response to Request No. 1.

23.    Documents sufficient to identify all FTX Address(es) associated with each FTX
User Account identified in response to Request No. 1 and Request No. 3, other than the Identified
FTX Addresses.

24.    Documents sufficient to show when each FTX User Account identified in response
to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.    Documents sufficient to show a complete transaction history for each FTX User
Account identified in response to Request No. 1 and Request No. 3.

26.    Documents sufficient to show all short positions with respect to the CEL Token on
an FTX Exchange from April 1, 2022 to August 30, 2022.

27.    Documents sufficient to identify the FTX Address(es) associated with each short
position identified in response to Request No. 7.

28.    Documents sufficient to identify the FTX User Account(s) associated with each
FTX Address identified in response to Request No. 8.

29.    Documents sufficient to identify the entity or individual associated with each FTX
User Account relating to Request No. 8, including all Know Your Customer Information for each
such entity or individual.

30.    Documents sufficient to show all borrow or loan transactions associated with the
positions identified in response to Request No. 7.

6

Dated:   May 15, 2023

/s/ Jennifer M. Selendy

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, New York 10104
Tel.: 212-390-9000
jselendy@selendygay.com
fgay@selendygay.com
tagangawilliams@selendygay.com
cobrien@selendygay.com

*Co-Counsel to the Official Committee of
Unsecured Creditors*

# Subpoena Package 81

# LT Baskets Ltd.

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 1)

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re CELSIUS NETWORK LLC, et al.,                     Case No. 22-10964 (MG)
                              Debtor

                                                       Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

> To: LT Baskets Ltd.
> Lower Factory Road
> St. John's AG-04
> Antigua and Barbuda

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|-------|---------------|
|       |               |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

  Please see the attached requests for the production of documents.

       The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **05/15/2023**

                    CLERK OF COURT

                                            OR

       _____
       *Signature of Clerk or Deputy Clerk*

                                            _____
                                            *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

      I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or transacts business in person, if the person
     (i) is a party or a party's officer; or
     (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     (i) fails to allow a reasonable time to comply;
     (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
     (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     (i) disclosing a trade secret or other confidential research, development, or commercial information; or

     (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     (i) expressly make the claim; and
     (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

***Ex Parte Order*, Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Official Committee of Unsecured Creditors to Issues *Subpoenas Duce Tecum* Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdiction over the Application; and the Application being a core proceeding; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Limited (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appearing therefor, it is

**ORDERED**, that the Application is granted; and it is further

**ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be, and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

**ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of this Order and any Subpoenas issued to them or make an appropriate motion for a protective order or to quash any Subpoenas; and it is further

**ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the production or inspection of documents or things on less than fourteen (14) days' notice; and it is further

**ORDERED**, that the terms and conditions of this Order are immediately effective and enforceable upon its entry; and it is further

**ORDERED**, that this Order is without prejudice to the rights of the Committee to apply for further discovery from any party or other entity or person; and it is further

**ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order, including adjudicating any discovery disputes that may arise between or among the parties.

**IT IS SO ORDERED.**

Dated:  May 11, 2023
    New York, New York

_____
**/s/ Martin Glenn**
MARTIN GLENN
Chief United States Bankruptcy Judge

# Attachment # 2

# *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY 10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
        fgay@selendygay.com
        tagangawilliams@selendygay.com
        cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[32] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS
TO LT BASKETS LTD.**

           Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "Local District Rules"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[32] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal
tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius
Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network
Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8
USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius
Network LLC's principal place of business and the Debtors' service address in these chapter 11
cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*,

Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al.

(the "Committee"), by and through its undersigned counsel, hereby requests that LT Baskets Ltd.

produce documents in response to the requests below within 14 days of service to the Committee's

attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Americas, New York, NY 10104.

## DOCUMENT REQUESTS DEFINITIONS

1.      The singular form of a word includes the plural, and vice versa.

2.      Any tense of a verb includes all tenses.

3.      Any natural person includes that person's agents, assigns, attorneys, employees,

representatives, and successors.

4.      Any entity other than a natural person includes (a) that entity's present and former

agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, em-

ployees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors;

(b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or

owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf

of (a) or (b).

5.      "All," "any," and "each" mean any and all.

6.      "And" and "or" are construed both conjunctively and disjunctively.

7.      "Associated with" includes, but is not limited to, "affiliated with," "corresponding

to," "owned by," "controlled by," and "operated by."

8.      "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain iden-

tified as CEL.

2

9.      "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10.      "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.      "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12.      "FTX User Account" means a user account registered with the FTX Exchange.

13.      "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14.      "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15.      "Including" means including but not limited to.

16.      "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17.      "FTX Address" means a blockchain address associated with an FTX User Account.

3

18.    "Identified FTX Addresses" means the following FTX Addresses, and, for the avoidance of doubt, each is an "Identified FTX Address":

      a.      0xd84c82dcfb21572b68339f14453bfe39fdc81f74

      b.      0x2be52c6e141a314778b5ea702e8a9dc87b42d126

      c.      0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

      d.      0x44f73a35b995c7a55864209468925bf450cf0a00

      e.      0x1785904b28ad668b4778618f749db6b4a04472ed

      f.      0xd7cf4d9176519142bf64111d713d3f85cdff1b67

      g.      0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

      h.      0xb4e872704625ea0f69f95c856ad49aff44da2ba4

      i.      0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

      j.      0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19.    "You" and "Your" means and refers to any or all the FTX Debtors.

## **INSTRUCTIONS**

The preceding Definitions apply to each of these Instructions and for purposes of these Requests, the following Instructions shall be followed:

1.    These Requests seek production of material in Your possession, custody, or control.

2.    These Requests seek production of nonprivileged material.

3.    For each Request, either state that You will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons.

4.    If You object to all or part of a Request, state whether You are withholding any responsive material based on that objection.

5.    If You object to part of a Request, specify the part and state that You will produce documents responsive to the rest.

4

6.      If You withhold responsive information by claiming that the information is privileged or subject to protection as trial-preparation material, expressly make the claim and describe the nature of the information privileged or protected in a manner that, without revealing information itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memorandum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author, addresses, and any other recipients of the Document; (e) where not apparent, the relationships of the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.      If after responding to any Request You learn that Your response is in some material respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including May 1, 2019 through the present.

## REQUESTS

20.      Documents sufficient to identify the FTX User Account(s) associated with each Identified FTX Address.

21.      Documents sufficient to identify the entity or individual associated with each FTX User Account identified in response to Request No. 1, including all Know Your Customer Information for each such entity or individual.

22.      Documents sufficient to identify all FTX User Account(s) associated with any entity or individual identified in response to Request No. 2, other than FTX User Accounts identified in response to Request No. 1.

23.    Documents sufficient to identify all FTX Address(es) associated with each FTX
User Account identified in response to Request No. 1 and Request No. 3, other than the Identified
FTX Addresses.

24.    Documents sufficient to show when each FTX User Account identified in response
to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.    Documents sufficient to show a complete transaction history for each FTX User
Account identified in response to Request No. 1 and Request No. 3.

26.    Documents sufficient to show all short positions with respect to the CEL Token on
an FTX Exchange from April 1, 2022 to August 30, 2022.

27.    Documents sufficient to identify the FTX Address(es) associated with each short
position identified in response to Request No. 7.

28.    Documents sufficient to identify the FTX User Account(s) associated with each
FTX Address identified in response to Request No. 8.

29.    Documents sufficient to identify the entity or individual associated with each FTX
User Account relating to Request No. 8, including all Know Your Customer Information for each
such entity or individual.

30.    Documents sufficient to show all borrow or loan transactions associated with the
positions identified in response to Request No. 7.

Dated:    May 15, 2023

*/s/ Jennifer M. Selendy*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, New York 10104
Tel.: 212-390-9000
jselendy@selendygay.com
fgay@selendygay.com
tagangawilliams@selendygay.com
cobrien@selendygay.com

*Co-Counsel to the Official Committee of
Unsecured Creditors*

# Subpoena Package 82

# Maclaurin Investments Ltd.

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 1)

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re CELSIUS NETWORK LLC, et al.,                    Case No. 22-10964 (MG)
                          Debtor

                                                      Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

> To: Maclaurin Investments Ltd.
> F20 Eden Plaza 1st Floor
> Eden Island
> Seychelles

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|-------|---------------|
|       |               |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

  Please see the attached requests for the production of documents.

        The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  **05/15/2023**

                    CLERK OF COURT
                                                    OR

        _____
        *Signature of Clerk or Deputy Clerk*

                                        _____
                                            *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors  who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

***Ex Parte Order***, **Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Official Committee of Unsecured Creditors to Issues *Subpoenas Duce Tecum* Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdiction over the Application; and the Application being a core proceeding; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Limited (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appearing therefor, it is

    **ORDERED**, that the Application is granted; and it is further

    **ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be, and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

    **ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of this Order and any Subpoenas issued to them or make an appropriate motion for a protective order or to quash any Subpoenas; and it is further

    **ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the production or inspection of documents or things on less than fourteen (14) days' notice; and it is further

    **ORDERED**, that the terms and conditions of this Order are immediately effective and enforceable upon its entry; and it is further

    **ORDERED**, that this Order is without prejudice to the rights of the Committee to apply for further discovery from any party or other entity or person; and it is further

    **ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order, including adjudicating any discovery disputes that may arise between or among the parties.

**IT IS SO ORDERED.**

Dated:  May 11, 2023
      New York, New York

                                   **/s/ Martin Glenn**
                                   MARTIN GLENN
                     Chief United States Bankruptcy Judge

# Attachment # 2

# *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
    fgay@selendygay.com
    taganga williams@selendygay.com
    cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[33] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS TO MACLAURIN INVESTMENTS LTD.**

Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "Local District Rules"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[33] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*,

Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al.

(the "Committee"), by and through its undersigned counsel, hereby requests that Maclaurin

Investments Ltd. produce documents in response to the requests below within 14 days of service

to the Committee's attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Americas, New

York, NY 10104.

## DOCUMENT REQUESTS DEFINITIONS

1.    The singular form of a word includes the plural, and vice versa.

2.    Any tense of a verb includes all tenses.

3.    Any natural person includes that person's agents, assigns, attorneys, employees,

representatives, and successors.

4.    Any entity other than a natural person includes (a) that entity's present and former

agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, em-

ployees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors;

(b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or

owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf

of (a) or (b).

5.    "All," "any," and "each" mean any and all.

6.    "And" and "or" are construed both conjunctively and disjunctively.

7.    "Associated with" includes, but is not limited to, "affiliated with," "corresponding

to," "owned by," "controlled by," and "operated by."

8.    "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain iden-

tified as CEL.

2

9.      "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10.      "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.      "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12.      "FTX User Account" means a user account registered with the FTX Exchange.

13.      "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14.      "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15.      "Including" means including but not limited to.

16.      "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17.      "FTX Address" means a blockchain address associated with an FTX User Account.

3

18.     "Identified FTX Addresses" means the following FTX Addresses, and, for the avoidance of doubt, each is an "Identified FTX Address":

    a.    0xd84c82dcfb21572b68339f14453bfe39fdc81f74

    b.    0x2be52c6e141a314778b5ea702e8a9dc87b42d126

    c.    0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

    d.    0x44f73a35b995c7a55864209468925bf450cf0a00

    e.    0x1785904b28ad668b4778618f749db6b4a04472ed

    f.    0xd7cf4d9176519142bf64111d713d3f85cdff1b67

    g.    0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

    h.    0xb4e872704625ea0f69f95c856ad49aff44da2ba4

    i.    0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

    j.    0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19.     "You" and "Your" means and refers to any or all the FTX Debtors.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions and for purposes of these Requests, the following Instructions shall be followed:

1.     These Requests seek production of material in Your possession, custody, or control.

2.     These Requests seek production of nonprivileged material.

3.     For each Request, either state that You will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons.

4.     If You object to all or part of a Request, state whether You are withholding any responsive material based on that objection.

5.     If You object to part of a Request, specify the part and state that You will produce documents responsive to the rest.

4

6.      If You withhold responsive information by claiming that the information is privileged or subject to protection as trial-preparation material, expressly make the claim and describe the nature of the information privileged or protected in a manner that, without revealing information itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memorandum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author, addresses, and any other recipients of the Document; (e) where not apparent, the relationships of the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.      If after responding to any Request You learn that Your response is in some material respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including May 1, 2019 through the present.

## REQUESTS

20.     Documents sufficient to identify the FTX User Account(s) associated with each Identified FTX Address.

21.     Documents sufficient to identify the entity or individual associated with each FTX User Account identified in response to Request No. 1, including all Know Your Customer Information for each such entity or individual.

22.     Documents sufficient to identify all FTX User Account(s) associated with any entity or individual identified in response to Request No. 2, other than FTX User Accounts identified in response to Request No. 1.

5

23.    Documents sufficient to identify all FTX Address(es) associated with each FTX User Account identified in response to Request No. 1 and Request No. 3, other than the Identified FTX Addresses.

24.    Documents sufficient to show when each FTX User Account identified in response to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.    Documents sufficient to show a complete transaction history for each FTX User Account identified in response to Request No. 1 and Request No. 3.

26.    Documents sufficient to show all short positions with respect to the CEL Token on an FTX Exchange from April 1, 2022 to August 30, 2022.

27.    Documents sufficient to identify the FTX Address(es) associated with each short position identified in response to Request No. 7.

28.    Documents sufficient to identify the FTX User Account(s) associated with each FTX Address identified in response to Request No. 8.

29.    Documents sufficient to identify the entity or individual associated with each FTX User Account relating to Request No. 8, including all Know Your Customer Information for each such entity or individual.

30.    Documents sufficient to show all borrow or loan transactions associated with the positions identified in response to Request No. 7.

Dated:   May 15, 2023

*/s/ Jennifer M. Selendy*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, New York 10104
Tel.: 212-390-9000
jselendy@selendygay.com
fgay@selendygay.com
tagangawilliams@selendygay.com
cobrien@selendygay.com

*Co-Counsel to the Official Committee of
Unsecured Creditors*

# Subpoena Package 83

# Mangrove Cay Ltd

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 1)

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

| | |
|---|---|
| In re CELSIUS NETWORK LLC, et al., | Case No. 22-10964 (MG) |
| Debtor | |
| | Chapter 11 |

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Mangrove Cay Ltd
Unit 3B, Bryson's Commercial Complex, Friars Hill Road
St. John's AG-04
Antigua and Barbuda

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| | |
| | |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

Please see the attached requests for the production of documents.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  **05/15/2023**

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an untrained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

***Ex Parte Order***, **Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Official Committee of Unsecured Creditors to Issues *Subpoenas Duce Tecum* Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdiction over the Application; and the Application being a core proceeding; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Limited (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appearing therefor, it is

     **ORDERED**, that the Application is granted; and it is further

     **ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be, and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

     **ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of this Order and any Subpoenas issued to them or make an appropriate motion for a protective order or to quash any Subpoenas; and it is further

     **ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the production or inspection of documents or things on less than fourteen (14) days' notice; and it is further

     **ORDERED**, that the terms and conditions of this Order are immediately effective and enforceable upon its entry; and it is further

     **ORDERED**, that this Order is without prejudice to the rights of the Committee to apply for further discovery from any party or other entity or person; and it is further

     **ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order, including adjudicating any discovery disputes that may arise between or among the parties.

**IT IS SO ORDERED.**

Dated:  May 11, 2023
      New York, New York

                                      **/s/ Martin Glenn**
                                      MARTIN GLENN
                       Chief United States Bankruptcy Judge

# Attachment # 2

# *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
        fgay@selendygay.com
        tagangawilliams@selendygay.com
        cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[34] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

## OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS TO MANGROVE CAY LTD

Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "Local District Rules"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[34] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*,

Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al.

(the "Committee"), by and through its undersigned counsel, hereby requests that Mangrove Cay

Ltd produce documents in response to the requests below within 14 days of service to the Com-

mittee's attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Americas, New York, NY

10104.

## DOCUMENT REQUESTS DEFINITIONS

1.      The singular form of a word includes the plural, and vice versa.

2.      Any tense of a verb includes all tenses.

3.      Any natural person includes that person's agents, assigns, attorneys, employees,

representatives, and successors.

4.      Any entity other than a natural person includes (a) that entity's present and former

agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, em-

ployees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors;

(b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or

owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf

of (a) or (b).

5.      "All," "any," and "each" mean any and all.

6.      "And" and "or" are construed both conjunctively and disjunctively.

7.      "Associated with" includes, but is not limited to, "affiliated with," "corresponding

to," "owned by," "controlled by," and "operated by."

8.      "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain iden-

tified as CEL.

2

9.    "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10.    "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.    "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12.    "FTX User Account" means a user account registered with the FTX Exchange.

13.    "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14.    "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15.    "Including" means including but not limited to.

16.    "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17.    "FTX Address" means a blockchain address associated with an FTX User Account.

3

18. "Identified FTX Addresses" means the following FTX Addresses, and, for the avoidance of doubt, each is an "Identified FTX Address":

a.     0xd84c82dcfb21572b68339f14453bfe39fdc81f74

b.     0x2be52c6e141a314778b5ea702e8a9dc87b42d126

c.     0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

d.     0x44f73a35b995c7a55864209468925bf450cf0a00

e.     0x1785904b28ad668b4778618f749db6b4a04472ed

f.     0xd7cf4d9176519142bf64111d713d3f85cdff1b67

g.     0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

h.     0xb4e872704625ea0f69f95c856ad49aff44da2ba4

i.     0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

j.     0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19. "You" and "Your" means and refers to any or all the FTX Debtors.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions and for purposes of these Requests, the following Instructions shall be followed:

1.     These Requests seek production of material in Your possession, custody, or control.

2.     These Requests seek production of nonprivileged material.

3.     For each Request, either state that You will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons.

4.     If You object to all or part of a Request, state whether You are withholding any responsive material based on that objection.

5.     If You object to part of a Request, specify the part and state that You will produce documents responsive to the rest.

4

6.      If You withhold responsive information by claiming that the information is privileged or subject to protection as trial-preparation material, expressly make the claim and describe the nature of the information privileged or protected in a manner that, without revealing information itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memorandum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author, addresses, and any other recipients of the Document; (e) where not apparent, the relationships of the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.      If after responding to any Request You learn that Your response is in some material respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including May 1, 2019 through the present.

## REQUESTS

20.     Documents sufficient to identify the FTX User Account(s) associated with each Identified FTX Address.

21.     Documents sufficient to identify the entity or individual associated with each FTX User Account identified in response to Request No. 1, including all Know Your Customer Information for each such entity or individual.

22.     Documents sufficient to identify all FTX User Account(s) associated with any entity or individual identified in response to Request No. 2, other than FTX User Accounts identified in response to Request No. 1.

5

23.    Documents sufficient to identify all FTX Address(es) associated with each FTX User Account identified in response to Request No. 1 and Request No. 3, other than the Identified FTX Addresses.

24.    Documents sufficient to show when each FTX User Account identified in response to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.    Documents sufficient to show a complete transaction history for each FTX User Account identified in response to Request No. 1 and Request No. 3.

26.    Documents sufficient to show all short positions with respect to the CEL Token on an FTX Exchange from April 1, 2022 to August 30, 2022.

27.    Documents sufficient to identify the FTX Address(es) associated with each short position identified in response to Request No. 7.

28.    Documents sufficient to identify the FTX User Account(s) associated with each FTX Address identified in response to Request No. 8.

29.    Documents sufficient to identify the entity or individual associated with each FTX User Account relating to Request No. 8, including all Know Your Customer Information for each such entity or individual.

30.    Documents sufficient to show all borrow or loan transactions associated with the positions identified in response to Request No. 7.

6

Dated:    May 15, 2023                    */s/ Jennifer M. Selendy*
                                          **SELENDY GAY ELSBERG PLLC**
                                          Jennifer M. Selendy
                                          Faith E. Gay
                                          Temidayo Aganga-Williams
                                          Claire O'Brien
                                          1290 Avenue of the Americas
                                          New York, New York 10104
                                          Tel.: 212-390-9000
                                          jselendy@selendygay.com
                                          fgay@selendygay.com
                                          tagangawilliams@selendygay.com
                                          cobrien@selendygay.com

                                          *Co-Counsel to the Official Committee of*
                                          *Unsecured Creditors*

7

# Subpoena Package 84

# North Dimension Inc

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re CELSIUS NETWORK LLC, et al.,                    Case No. 22-10964 (MG)
                              Debtor

                                                     Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: North Dimension Inc
    3500 South Dupont Highway
    Dover, DE 19901

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|-------|---------------|
|       |               |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

  Please see the attached requests for the production of documents.

        The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  **05/15/2023**

                    CLERK OF COURT
                                                           OR

        _____
        *Signature of Clerk or Deputy Clerk*

                                                   _____
                                                        *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors  who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

# PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

***Ex Parte Order*, Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Official Committee of Unsecured Creditors to Issues *Subpoenas Duce Tecum* Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdiction over the Application; and the Application being a core proceeding; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Limited (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appearing therefor, it is

**ORDERED**, that the Application is granted; and it is further

**ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be, and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

**ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of this Order and any Subpoenas issued to them or make an appropriate motion for a protective order or to quash any Subpoenas; and it is further

**ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the production or inspection of documents or things on less than fourteen (14) days' notice; and it is further

**ORDERED**, that the terms and conditions of this Order are immediately effective and enforceable upon its entry; and it is further

**ORDERED**, that this Order is without prejudice to the rights of the Committee to apply for further discovery from any party or other entity or person; and it is further

**ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order, including adjudicating any discovery disputes that may arise between or among the parties.

**IT IS SO ORDERED.**

Dated:  May 11, 2023
    New York, New York

_____
 **/s/ Martin Glenn**
MARTIN GLENN
Chief United States Bankruptcy Judge

2

# Attachment # 2

# *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
      fgay@selendygay.com
      tagangawilliams@selendygay.com
      cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[35] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

## OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS TO NORTH DIMENSION INC

      Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "Local District Rules"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[35] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*,

Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al.

(the "Committee"), by and through its undersigned counsel, hereby requests that North Dimension

Inc produce documents in response to the requests below within 14 days of service to the Com-

mittee's attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Americas, New York, NY

10104.

## DOCUMENT REQUESTS DEFINITIONS

1.    The singular form of a word includes the plural, and vice versa.

2.    Any tense of a verb includes all tenses.

3.    Any natural person includes that person's agents, assigns, attorneys, employees,

representatives, and successors.

4.    Any entity other than a natural person includes (a) that entity's present and former

agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, em-

ployees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors;

(b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or

owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf

of (a) or (b).

5.    "All," "any," and "each" mean any and all.

6.    "And" and "or" are construed both conjunctively and disjunctively.

7.    "Associated with" includes, but is not limited to, "affiliated with," "corresponding

to," "owned by," "controlled by," and "operated by."

8.    "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain iden-

tified as CEL.

2

9.    "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10.    "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.    "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12.    "FTX User Account" means a user account registered with the FTX Exchange.

13.    "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14.    "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15.    "Including" means including but not limited to.

16.    "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17.    "FTX Address" means a blockchain address associated with an FTX User Account.

3

18.    "Identified FTX Addresses" means the following FTX Addresses, and, for the avoidance of doubt, each is an "Identified FTX Address":

a.    0xd84c82dcfb21572b68339f14453bfe39fdc81f74

b.    0x2be52c6e141a314778b5ea702e8a9dc87b42d126

c.    0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

d.    0x44f73a35b995c7a55864209468925bf450cf0a00

e.    0x1785904b28ad668b4778618f749db6b4a04472ed

f.    0xd7cf4d9176519142bf64111d713d3f85cdff1b67

g.    0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

h.    0xb4e872704625ea0f69f95c856ad49aff44da2ba4

i.    0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

j.    0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19.    "You" and "Your" means and refers to any or all the FTX Debtors.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions and for purposes of these Requests, the following Instructions shall be followed:

1.    These Requests seek production of material in Your possession, custody, or control.

2.    These Requests seek production of nonprivileged material.

3.    For each Request, either state that You will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons.

4.    If You object to all or part of a Request, state whether You are withholding any responsive material based on that objection.

5.    If You object to part of a Request, specify the part and state that You will produce documents responsive to the rest.

4

6.      If You withhold responsive information by claiming that the information is privileged or subject to protection as trial-preparation material, expressly make the claim and describe the nature of the information privileged or protected in a manner that, without revealing information itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memorandum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author, addresses, and any other recipients of the Document; (e) where not apparent, the relationships of the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.      If after responding to any Request You learn that Your response is in some material respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including May 1, 2019 through the present.

## REQUESTS

20.      Documents sufficient to identify the FTX User Account(s) associated with each Identified FTX Address.

21.      Documents sufficient to identify the entity or individual associated with each FTX User Account identified in response to Request No. 1, including all Know Your Customer Information for each such entity or individual.

22.      Documents sufficient to identify all FTX User Account(s) associated with any entity or individual identified in response to Request No. 2, other than FTX User Accounts identified in response to Request No. 1.

23.     Documents sufficient to identify all FTX Address(es) associated with each FTX User Account identified in response to Request No. 1 and Request No. 3, other than the Identified FTX Addresses.

24.     Documents sufficient to show when each FTX User Account identified in response to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.     Documents sufficient to show a complete transaction history for each FTX User Account identified in response to Request No. 1 and Request No. 3.

26.     Documents sufficient to show all short positions with respect to the CEL Token on an FTX Exchange from April 1, 2022 to August 30, 2022.

27.     Documents sufficient to identify the FTX Address(es) associated with each short position identified in response to Request No. 7.

28.     Documents sufficient to identify the FTX User Account(s) associated with each FTX Address identified in response to Request No. 8.

29.     Documents sufficient to identify the entity or individual associated with each FTX User Account relating to Request No. 8, including all Know Your Customer Information for each such entity or individual.

30.     Documents sufficient to show all borrow or loan transactions associated with the positions identified in response to Request No. 7.

6

Dated:   May 15, 2023

*/s/ Jennifer M. Selendy*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, New York 10104
Tel.: 212-390-9000
jselendy@selendygay.com
fgay@selendygay.com
tagangawilliams@selendygay.com
cobrien@selendygay.com

*Co-Counsel to the Official Committee of
Unsecured Creditors*

**Subpoena Package 85**

**North Dimension Ltd**

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 1)

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re CELSIUS NETWORK LLC, et al.,
                    Debtor

Case No. 22-10964 (MG)

Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

> To: North Dimension Ltd
> Tortola Pier Park, Building 1, Second Floor
> Wickhams Cay I, Tortola VG1110
> British Virgin Islands

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

  Please see the attached requests for the production of documents.

        The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  **05/15/2023**

                    CLERK OF COURT

                                                OR

          _____
          *Signature of Clerk or Deputy Clerk*

                                        _____
                                        *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors  who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

---

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

***Ex Parte Order***, **Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Official Committee of Unsecured Creditors to Issues *Subpoenas Duce Tecum* Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdiction over the Application; and the Application being a core proceeding; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Limited (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appearing therefor, it is

**ORDERED**, that the Application is granted; and it is further

**ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be, and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

**ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of this Order and any Subpoenas issued to them or make an appropriate motion for a protective order or to quash any Subpoenas; and it is further

**ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the production or inspection of documents or things on less than fourteen (14) days' notice; and it is further

**ORDERED**, that the terms and conditions of this Order are immediately effective and enforceable upon its entry; and it is further

**ORDERED**, that this Order is without prejudice to the rights of the Committee to apply for further discovery from any party or other entity or person; and it is further

**ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order, including adjudicating any discovery disputes that may arise between or among the parties.

**IT IS SO ORDERED.**

Dated:  May 11, 2023
New York, New York

_____
**/s/ Martin Glenn**
MARTIN GLENN
Chief United States Bankruptcy Judge

2

# Attachment # 2

# *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
    fgay@selendygay.com
    taganagawilliams@selendygay.com
    cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[36] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS TO NORTH DIMENSION LTD

Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "Local District Rules"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[36] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*,
Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al.
(the "Committee"), by and through its undersigned counsel, hereby requests that North Dimension
Ltd produce documents in response to the requests below within 14 days of service to the Com-
mittee's attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Americas, New York, NY
10104.

## DOCUMENT REQUESTS DEFINITIONS

1.      The singular form of a word includes the plural, and vice versa.

2.      Any tense of a verb includes all tenses.

3.      Any natural person includes that person's agents, assigns, attorneys, employees,
representatives, and successors.

4.      Any entity other than a natural person includes (a) that entity's present and former
agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, em-
ployees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors;
(b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or
owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf
of (a) or (b).

5.      "All," "any," and "each" mean any and all.

6.      "And" and "or" are construed both conjunctively and disjunctively.

7.      "Associated with" includes, but is not limited to, "affiliated with," "corresponding
to," "owned by," "controlled by," and "operated by."

8.      "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain iden-
tified as CEL.

2

9.      "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10.      "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.      "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12.      "FTX User Account" means a user account registered with the FTX Exchange.

13.      "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14.      "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15.      "Including" means including but not limited to.

16.      "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17.      "FTX Address" means a blockchain address associated with an FTX User Account.

3

18.     "Identified FTX Addresses" means the following FTX Addresses, and, for the avoidance of doubt, each is an "Identified FTX Address":

      a.      0xd84c82dcfb21572b68339f14453bfe39fdc81f74

      b.      0x2be52c6e141a314778b5ea702e8a9dc87b42d126

      c.      0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

      d.      0x44f73a35b995c7a55864209468925bf450cf0a00

      e.      0x1785904b28ad668b4778618f749db6b4a04472ed

      f.      0xd7cf4d9176519142bf64111d713d3f85cdff1b67

      g.      0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

      h.      0xb4e872704625ea0f69f95c856ad49aff44da2ba4

      i.      0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

      j.      0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19.     "You" and "Your" means and refers to any or all the FTX Debtors.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions and for purposes of these Requests, the following Instructions shall be followed:

1.     These Requests seek production of material in Your possession, custody, or control.

2.     These Requests seek production of nonprivileged material.

3.     For each Request, either state that You will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons.

4.     If You object to all or part of a Request, state whether You are withholding any responsive material based on that objection.

5.     If You object to part of a Request, specify the part and state that You will produce documents responsive to the rest.

4

6.      If You withhold responsive information by claiming that the information is privileged or subject to protection as trial-preparation material, expressly make the claim and describe the nature of the information privileged or protected in a manner that, without revealing information itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memorandum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author, addresses, and any other recipients of the Document; (e) where not apparent, the relationships of the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.      If after responding to any Request You learn that Your response is in some material respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including May 1, 2019 through the present.

## REQUESTS

20.      Documents sufficient to identify the FTX User Account(s) associated with each Identified FTX Address.

21.      Documents sufficient to identify the entity or individual associated with each FTX User Account identified in response to Request No. 1, including all Know Your Customer Information for each such entity or individual.

22.      Documents sufficient to identify all FTX User Account(s) associated with any entity or individual identified in response to Request No. 2, other than FTX User Accounts identified in response to Request No. 1.

23.    Documents sufficient to identify all FTX Address(es) associated with each FTX User Account identified in response to Request No. 1 and Request No. 3, other than the Identified FTX Addresses.

24.    Documents sufficient to show when each FTX User Account identified in response to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.    Documents sufficient to show a complete transaction history for each FTX User Account identified in response to Request No. 1 and Request No. 3.

26.    Documents sufficient to show all short positions with respect to the CEL Token on an FTX Exchange from April 1, 2022 to August 30, 2022.

27.    Documents sufficient to identify the FTX Address(es) associated with each short position identified in response to Request No. 7.

28.    Documents sufficient to identify the FTX User Account(s) associated with each FTX Address identified in response to Request No. 8.

29.    Documents sufficient to identify the entity or individual associated with each FTX User Account relating to Request No. 8, including all Know Your Customer Information for each such entity or individual.

30.    Documents sufficient to show all borrow or loan transactions associated with the positions identified in response to Request No. 7.

6

Dated:    May 15, 2023

/s/ Jennifer M. Selendy

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, New York 10104
Tel.: 212-390-9000
jselendy@selendygay.com
fgay@selendygay.com
tagangawilliams@selendygay.com
cobrien@selendygay.com

*Co-Counsel to the Official Committee of
Unsecured Creditors*

# Subpoena Package 86

# North Wireless Dimension Inc.

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 1)

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re CELSIUS NETWORK LLC, et al.,
                    Debtor

Case No. 22-10964 (MG)

Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: North Wireless Dimension Inc.
     Jacob Simmons, 1191 2nd Ave 10th Floor
     Seattle, WA 98101

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

 Please see the attached requests for the production of documents.

        The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  **05/15/2023**

CLERK OF COURT

                                                                    OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors  who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

***Ex Parte Order*, Pursuant to Fed. R. Bankr.
P. 2004, Authorizing the Official Committee
of Unsecured Creditors to Issues *Subpoenas
Duce Tecum* Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdiction over the Application; and the Application being a core proceeding; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Limited (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appearing therefor, it is

    **ORDERED**, that the Application is granted; and it is further

    **ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be, and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

    **ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of this Order and any Subpoenas issued to them or make an appropriate motion for a protective order or to quash any Subpoenas; and it is further

    **ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the production or inspection of documents or things on less than fourteen (14) days' notice; and it is further

    **ORDERED**, that the terms and conditions of this Order are immediately effective and enforceable upon its entry; and it is further

    **ORDERED**, that this Order is without prejudice to the rights of the Committee to apply for further discovery from any party or other entity or person; and it is further

    **ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order, including adjudicating any discovery disputes that may arise between or among the parties.

**IT IS SO ORDERED.**

Dated:  May 11, 2023
      New York, New York

                              **/s/ Martin Glenn**
                                MARTIN GLENN
                   Chief United States Bankruptcy Judge

# Attachment # 2

# *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
        fgay@selendygay.com
        tagangawilliams@selendygay.com
        cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[37] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS TO NORTH WIRELESS DIMENSION INC.

Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "Local District Rules"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[37] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*, Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al. (the "Committee"), by and through its undersigned counsel, hereby requests that North Wireless Dimension Inc. produce documents in response to the requests below within 14 days of service to the Committee's attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Americas, New York, NY 10104.

## DOCUMENT REQUESTS DEFINITIONS

1.    The singular form of a word includes the plural, and vice versa.

2.    Any tense of a verb includes all tenses.

3.    Any natural person includes that person's agents, assigns, attorneys, employees, representatives, and successors.

4.    Any entity other than a natural person includes (a) that entity's present and former agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, employees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors; (b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf of (a) or (b).

5.    "All," "any," and "each" mean any and all.

6.    "And" and "or" are construed both conjunctively and disjunctively.

7.    "Associated with" includes, but is not limited to, "affiliated with," "corresponding to," "owned by," "controlled by," and "operated by."

8.    "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain identified as CEL.

2

9.     "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10.     "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.     "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12.     "FTX User Account" means a user account registered with the FTX Exchange.

13.     "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14.     "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15.     "Including" means including but not limited to.

16.     "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17.     "FTX Address" means a blockchain address associated with an FTX User Account.

3

18.     "Identified FTX Addresses" means the following FTX Addresses, and, for the

avoidance of doubt, each is an "Identified FTX Address":

        a.        0xd84c82dcfb21572b68339f14453bfe39fdc81f74

        b.        0x2be52c6e141a314778b5ea702e8a9dc87b42d126

        c.        0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

        d.        0x44f73a35b995c7a55864209468925bf450cf0a00

        e.        0x1785904b28ad668b4778618f749db6b4a04472ed

        f.        0xd7cf4d9176519142bf64111d713d3f85cdff1b67

        g.        0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

        h.        0xb4e872704625ea0f69f95c856ad49aff44da2ba4

        i.        0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

        j.        0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19.     "You" and "Your" means and refers to any or all the FTX Debtors.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions and for purposes of these

Requests, the following Instructions shall be followed:

1.     These Requests seek production of material in Your possession, custody, or control.

2.     These Requests seek production of nonprivileged material.

3.     For each Request, either state that You will produce the requested material or state

with specificity the grounds for objecting to the Request, including the reasons.

4.     If You object to all or part of a Request, state whether You are withholding any

responsive material based on that objection.

5.     If You object to part of a Request, specify the part and state that You will produce

documents responsive to the rest.

4

6.      If You withhold responsive information by claiming that the information is privi-
leged or subject to protection as trial-preparation material, expressly make the claim and describe
the nature of the information privileged or protected in a manner that, without revealing infor-
mation itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document
You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memoran-
dum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author,
addresses, and any other recipients of the Document; (e) where not apparent, the relationships of
the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.      If after responding to any Request You learn that Your response is in some material
respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including
May 1, 2019 through the present.

## REQUESTS

20.      Documents sufficient to identify the FTX User Account(s) associated with each
Identified FTX Address.

21.      Documents sufficient to identify the entity or individual associated with each FTX
User Account identified in response to Request No. 1, including all Know Your Customer Infor-
mation for each such entity or individual.

22.      Documents sufficient to identify all FTX User Account(s) associated with any en-
tity or individual identified in response to Request No. 2, other than FTX User Accounts identified
in response to Request No. 1.

23.      Documents sufficient to identify all FTX Address(es) associated with each FTX
User Account identified in response to Request No. 1 and Request No. 3, other than the Identified
FTX Addresses.

24.      Documents sufficient to show when each FTX User Account identified in response
to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.      Documents sufficient to show a complete transaction history for each FTX User
Account identified in response to Request No. 1 and Request No. 3.

26.      Documents sufficient to show all short positions with respect to the CEL Token on
an FTX Exchange from April 1, 2022 to August 30, 2022.

27.      Documents sufficient to identify the FTX Address(es) associated with each short
position identified in response to Request No. 7.

28.      Documents sufficient to identify the FTX User Account(s) associated with each
FTX Address identified in response to Request No. 8.

29.      Documents sufficient to identify the entity or individual associated with each FTX
User Account relating to Request No. 8, including all Know Your Customer Information for each
such entity or individual.

30.      Documents sufficient to show all borrow or loan transactions associated with the
positions identified in response to Request No. 7.

Dated:   May 15, 2023            */s/ Jennifer M. Selendy*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, New York 10104
Tel.: 212-390-9000
jselendy@selendygay.com
fgay@selendygay.com
tagangawilliams@selendygay.com
cobrien@selendygay.com

*Co-Counsel to the Official Committee of
Unsecured Creditors*

# Subpoena Package 87

# Paper Bird Inc

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re CELSIUS NETWORK LLC, et al.,

               Debtor

Case No. 22-10964 (MG)

Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Paper Bird Inc
    3500 South Dupont Highway
    Dover, DE 19901

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| | |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

  Please see the attached requests for the production of documents.

       The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **05/15/2023**

           CLERK OF COURT

                               OR

           _____
            *Signature of Clerk or Deputy Clerk*

                                _____
                                *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors  who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

  My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

    I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or transacts business in person, if the person
        (i) is a party or a party's officer; or
        (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
    (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
    (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        (i) fails to allow a reasonable time to comply;
        (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
        (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        (i) disclosing a trade secret or other confidential research, development, or commercial information; or

        (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
    (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        (i) expressly make the claim; and
        (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

***Ex Parte Order*, Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Official Committee of Unsecured Creditors to Issues *Subpoenas Duce Tecum* Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdiction over the Application; and the Application being a core proceeding; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Limited (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appearing therefor, it is

**ORDERED**, that the Application is granted; and it is further

**ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be, and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

**ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of this Order and any Subpoenas issued to them or make an appropriate motion for a protective order or to quash any Subpoenas; and it is further

**ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the production or inspection of documents or things on less than fourteen (14) days' notice; and it is further

**ORDERED**, that the terms and conditions of this Order are immediately effective and enforceable upon its entry; and it is further

**ORDERED**, that this Order is without prejudice to the rights of the Committee to apply for further discovery from any party or other entity or person; and it is further

**ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order, including adjudicating any discovery disputes that may arise between or among the parties.

**IT IS SO ORDERED.**

Dated:  May 11, 2023
     New York, New York

_____**/s/ Martin Glenn**_____
MARTIN GLENN
Chief United States Bankruptcy Judge

# Attachment # 2

# *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
        fgay@selendygay.com
        tagangawilliams@selendygay.com
        cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[38] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS
TO PAPER BIRD INC**

Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "Local District Rules"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[38] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal
tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius
Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network
Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8
USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius
Network LLC's principal place of business and the Debtors' service address in these chapter 11
cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*,

Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al.

(the "Committee"), by and through its undersigned counsel, hereby requests that Paper Bird Inc

produce documents in response to the requests below within 14 days of service to the Committee's

attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Americas, New York, NY 10104.

## DOCUMENT REQUESTS DEFINITIONS

1.      The singular form of a word includes the plural, and vice versa.

2.      Any tense of a verb includes all tenses.

3.      Any natural person includes that person's agents, assigns, attorneys, employees,

representatives, and successors.

4.      Any entity other than a natural person includes (a) that entity's present and former

agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, em-

ployees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors;

(b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or

owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf

of (a) or (b).

5.      "All," "any," and "each" mean any and all.

6.      "And" and "or" are construed both conjunctively and disjunctively.

7.      "Associated with" includes, but is not limited to, "affiliated with," "corresponding

to," "owned by," "controlled by," and "operated by."

8.      "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain iden-

tified as CEL.

2

9.      "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10.     "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.     "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12.     "FTX User Account" means a user account registered with the FTX Exchange.

13.     "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14.     "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15.     "Including" means including but not limited to.

16.     "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17.     "FTX Address" means a blockchain address associated with an FTX User Account.

3

18.    "Identified FTX Addresses" means the following FTX Addresses, and, for the
avoidance of doubt, each is an "Identified FTX Address":

a.    0xd84c82dcfb21572b68339f14453bfe39fdc81f74

b.    0x2be52c6e141a314778b5ea702e8a9dc87b42d126

c.    0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

d.    0x44f73a35b995c7a55864209468925bf450cf0a00

e.    0x1785904b28ad668b4778618f749db6b4a04472ed

f.    0xd7cf4d9176519142bf64111d713d3f85cdff1b67

g.    0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

h.    0xb4e872704625ea0f69f95c856ad49aff44da2ba4

i.    0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

j.    0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19.    "You" and "Your" means and refers to any or all the FTX Debtors.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions and for purposes of these
Requests, the following Instructions shall be followed:

1.    These Requests seek production of material in Your possession, custody, or control.

2.    These Requests seek production of nonprivileged material.

3.    For each Request, either state that You will produce the requested material or state
with specificity the grounds for objecting to the Request, including the reasons.

4.    If You object to all or part of a Request, state whether You are withholding any
responsive material based on that objection.

5.    If You object to part of a Request, specify the part and state that You will produce
documents responsive to the rest.

4

6.      If You withhold responsive information by claiming that the information is privi-leged or subject to protection as trial-preparation material, expressly make the claim and describe the nature of the information privileged or protected in a manner that, without revealing infor-mation itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memoran-dum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author, addresses, and any other recipients of the Document; (e) where not apparent, the relationships of the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.      If after responding to any Request You learn that Your response is in some material respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including May 1, 2019 through the present.

## REQUESTS

20.      Documents sufficient to identify the FTX User Account(s) associated with each Identified FTX Address.

21.      Documents sufficient to identify the entity or individual associated with each FTX User Account identified in response to Request No. 1, including all Know Your Customer Infor-mation for each such entity or individual.

22.      Documents sufficient to identify all FTX User Account(s) associated with any en-tity or individual identified in response to Request No. 2, other than FTX User Accounts identified in response to Request No. 1.

23.      Documents sufficient to identify all FTX Address(es) associated with each FTX User Account identified in response to Request No. 1 and Request No. 3, other than the Identified FTX Addresses.

24.      Documents sufficient to show when each FTX User Account identified in response to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.      Documents sufficient to show a complete transaction history for each FTX User Account identified in response to Request No. 1 and Request No. 3.

26.      Documents sufficient to show all short positions with respect to the CEL Token on an FTX Exchange from April 1, 2022 to August 30, 2022.

27.      Documents sufficient to identify the FTX Address(es) associated with each short position identified in response to Request No. 7.

28.      Documents sufficient to identify the FTX User Account(s) associated with each FTX Address identified in response to Request No. 8.

29.      Documents sufficient to identify the entity or individual associated with each FTX User Account relating to Request No. 8, including all Know Your Customer Information for each such entity or individual.

30.      Documents sufficient to show all borrow or loan transactions associated with the positions identified in response to Request No. 7.

6

Dated:   May 15, 2023

*/s/ Jennifer M. Selendy*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, New York 10104
Tel.: 212-390-9000
jselendy@selendygay.com
fgay@selendygay.com
tagangawilliams@selendygay.com
cobrien@selendygay.com

*Co-Counsel to the Official Committee of
Unsecured Creditors*

# Subpoena Package 88

# Pioneer Street Inc.

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 1)

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re CELSIUS NETWORK LLC, et al.,
                    Debtor

Case No. 22-10964 (MG)

Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Pioneer Street Inc.
         167 N Green Street, Suite 1102
         Chicago, IL 60607

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|-------|---------------|
|       |               |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

  Please see the attached requests for the production of documents.

        The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  **05/15/2023**

              CLERK OF COURT

                                                            OR

    _____
    *Signature of Clerk or Deputy Clerk*

                                          _____
                                          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors  who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

       I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or transacts business in person, if the person
     (i) is a party or a party's officer; or
     (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     (i) fails to allow a reasonable time to comply;
     (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
     (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     (i) disclosing a trade secret or other confidential research, development, or commercial information; or

     (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     (i) expressly make the claim; and
     (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

***Ex Parte Order***, **Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Official Committee of Unsecured Creditors to Issues *Subpoenas Duce Tecum* Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdiction over the Application; and the Application being a core proceeding; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Limited (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appearing therefor, it is

     **ORDERED**, that the Application is granted; and it is further

     **ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be, and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

     **ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of this Order and any Subpoenas issued to them or make an appropriate motion for a protective order or to quash any Subpoenas; and it is further

     **ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the production or inspection of documents or things on less than fourteen (14) days' notice; and it is further

     **ORDERED**, that the terms and conditions of this Order are immediately effective and enforceable upon its entry; and it is further

     **ORDERED**, that this Order is without prejudice to the rights of the Committee to apply for further discovery from any party or other entity or person; and it is further

     **ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order, including adjudicating any discovery disputes that may arise between or among the parties.

**IT IS SO ORDERED.**

Dated:  May 11, 2023
      New York, New York

                                  **/s/ Martin Glenn**
                                   MARTIN GLENN
                  Chief United States Bankruptcy Judge

# Attachment # 2

# *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
        fgay@selendygay.com
        tagangawilliams@selendygay.com
        cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[39] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

## OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS TO PIONEER STREET INC.

Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "Local District Rules"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[39] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*,

Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al.

(the "Committee"), by and through its undersigned counsel, hereby requests that Pioneer Street

Inc. produce documents in response to the requests below within 14 days of service to the Com-

mittee's attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Americas, New York, NY

10104.

## DOCUMENT REQUESTS DEFINITIONS

1.      The singular form of a word includes the plural, and vice versa.

2.      Any tense of a verb includes all tenses.

3.      Any natural person includes that person's agents, assigns, attorneys, employees,

representatives, and successors.

4.      Any entity other than a natural person includes (a) that entity's present and former

agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, em-

ployees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors;

(b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or

owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf

of (a) or (b).

5.      "All," "any," and "each" mean any and all.

6.      "And" and "or" are construed both conjunctively and disjunctively.

7.      "Associated with" includes, but is not limited to, "affiliated with," "corresponding

to," "owned by," "controlled by," and "operated by."

8.      "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain iden-

tified as CEL.

2

9.      "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10.     "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.     "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12.     "FTX User Account" means a user account registered with the FTX Exchange.

13.     "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14.     "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15.     "Including" means including but not limited to.

16.     "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17.     "FTX Address" means a blockchain address associated with an FTX User Account.

3

18.    "Identified FTX Addresses" means the following FTX Addresses, and, for the avoidance of doubt, each is an "Identified FTX Address":

    a.    0xd84c82dcfb21572b68339f14453bfe39fdc81f74

    b.    0x2be52c6e141a314778b5ea702e8a9dc87b42d126

    c.    0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

    d.    0x44f73a35b995c7a55864209468925bf450cf0a00

    e.    0x1785904b28ad668b4778618f749db6b4a04472ed

    f.    0xd7cf4d9176519142bf64111d713d3f85cdff1b67

    g.    0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

    h.    0xb4e872704625ea0f69f95c856ad49aff44da2ba4

    i.    0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

    j.    0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19.    "You" and "Your" means and refers to any or all the FTX Debtors.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions and for purposes of these Requests, the following Instructions shall be followed:

1.    These Requests seek production of material in Your possession, custody, or control.

2.    These Requests seek production of nonprivileged material.

3.    For each Request, either state that You will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons.

4.    If You object to all or part of a Request, state whether You are withholding any responsive material based on that objection.

5.    If You object to part of a Request, specify the part and state that You will produce documents responsive to the rest.

4

6.      If You withhold responsive information by claiming that the information is privi-
leged or subject to protection as trial-preparation material, expressly make the claim and describe
the nature of the information privileged or protected in a manner that, without revealing infor-
mation itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document
You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memoran-
dum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author,
addresses, and any other recipients of the Document; (e) where not apparent, the relationships of
the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.      If after responding to any Request You learn that Your response is in some material
respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including
May 1, 2019 through the present.

## REQUESTS

20.      Documents sufficient to identify the FTX User Account(s) associated with each
Identified FTX Address.

21.      Documents sufficient to identify the entity or individual associated with each FTX
User Account identified in response to Request No. 1, including all Know Your Customer Infor-
mation for each such entity or individual.

22.      Documents sufficient to identify all FTX User Account(s) associated with any en-
tity or individual identified in response to Request No. 2, other than FTX User Accounts identified
in response to Request No. 1.

23.    Documents sufficient to identify all FTX Address(es) associated with each FTX User Account identified in response to Request No. 1 and Request No. 3, other than the Identified FTX Addresses.

24.    Documents sufficient to show when each FTX User Account identified in response to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.    Documents sufficient to show a complete transaction history for each FTX User Account identified in response to Request No. 1 and Request No. 3.

26.    Documents sufficient to show all short positions with respect to the CEL Token on an FTX Exchange from April 1, 2022 to August 30, 2022.

27.    Documents sufficient to identify the FTX Address(es) associated with each short position identified in response to Request No. 7.

28.    Documents sufficient to identify the FTX User Account(s) associated with each FTX Address identified in response to Request No. 8.

29.    Documents sufficient to identify the entity or individual associated with each FTX User Account relating to Request No. 8, including all Know Your Customer Information for each such entity or individual.

30.    Documents sufficient to show all borrow or loan transactions associated with the positions identified in response to Request No. 7.

6

Dated:    May 15, 2023               */s/ Jennifer M. Selendy*

                                     **SELENDY GAY ELSBERG PLLC**
                                     Jennifer M. Selendy
                                     Faith E. Gay
                                     Temidayo Aganga-Williams
                                     Claire O'Brien
                                     1290 Avenue of the Americas
                                     New York, New York 10104
                                     Tel.: 212-390-9000
                                     jselendy@selendygay.com
                                     fgay@selendygay.com
                                     tagangawilliams@selendygay.com
                                     cobrien@selendygay.com

                                     *Co-Counsel to the Official Committee of
                                     Unsecured Creditors*

# Subpoena Package 89

# Quoine India Pte Ltd

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 1)

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re CELSIUS NETWORK LLC, et al.,  
　　　　　　　　Debtor

Case No. 22-10964 (MG)

Chapter 11

### SUBPOENA FOR RULE 2004 EXAMINATION

To: Quoine India Pte Ltd  
F-143 Richmond Park DLF City  
Phase-4 Gurugram 122009  
India

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

　Please see the attached requests for the production of documents.

　　　The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **05/15/2023**

　　　　　　　　CLERK OF COURT

OR

_____  
*Signature of Clerk or Deputy Clerk*

_____  
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors  who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

  My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

        I declare under penalty of perjury that this information is true and correct.

Date: _____

                                                      _____
                                                                *Server's signature*

                                                      _____
                                                                *Printed name and title*

                                                      _____
                                                                *Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

***Ex Parte Order*, Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Official Committee of Unsecured Creditors to Issues *Subpoenas Duce Tecum* Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdiction over the Application; and the Application being a core proceeding; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Limited (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appearing therefor, it is

    **ORDERED**, that the Application is granted; and it is further

    **ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be, and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

    **ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of this Order and any Subpoenas issued to them or make an appropriate motion for a protective order or to quash any Subpoenas; and it is further

    **ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the production or inspection of documents or things on less than fourteen (14) days' notice; and it is further

    **ORDERED**, that the terms and conditions of this Order are immediately effective and enforceable upon its entry; and it is further

    **ORDERED**, that this Order is without prejudice to the rights of the Committee to apply for further discovery from any party or other entity or person; and it is further

    **ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order, including adjudicating any discovery disputes that may arise between or among the parties.

**IT IS SO ORDERED.**

Dated:  May 11, 2023
      New York, New York

                                     **/s/ Martin Glenn**
                                     MARTIN GLENN
                 Chief United States Bankruptcy Judge

# Attachment # 2

# *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
        fgay@selendygay.com
        tagangawilliams@selendygay.com
        cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[40] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

## OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS TO QUOINE INDIA PTE LTD

Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "Local District Rules"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[40] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*,

Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al.

(the "Committee"), by and through its undersigned counsel, hereby requests that Quoine India Pte

Ltd produce documents in response to the requests below within 14 days of service to the Com-

mittee's attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Americas, New York, NY

10104.

## DOCUMENT REQUESTS DEFINITIONS

1.      The singular form of a word includes the plural, and vice versa.

2.      Any tense of a verb includes all tenses.

3.      Any natural person includes that person's agents, assigns, attorneys, employees,

representatives, and successors.

4.      Any entity other than a natural person includes (a) that entity's present and former

agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, em-

ployees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors;

(b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or

owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf

of (a) or (b).

5.      "All," "any," and "each" mean any and all.

6.      "And" and "or" are construed both conjunctively and disjunctively.

7.      "Associated with" includes, but is not limited to, "affiliated with," "corresponding

to," "owned by," "controlled by," and "operated by."

8.      "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain iden-

tified as CEL.

2

9.     "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10.     "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.     "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12.     "FTX User Account" means a user account registered with the FTX Exchange.

13.     "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14.     "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15.     "Including" means including but not limited to.

16.     "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17.     "FTX Address" means a blockchain address associated with an FTX User Account.

3

18. "Identified FTX Addresses" means the following FTX Addresses, and, for the avoidance of doubt, each is an "Identified FTX Address":

    a.    0xd84c82dcfb21572b68339f14453bfe39fdc81f74

    b.    0x2be52c6e141a314778b5ea702e8a9dc87b42d126

    c.    0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

    d.    0x44f73a35b995c7a55864209468925bf450cf0a00

    e.    0x1785904b28ad668b4778618f749db6b4a04472ed

    f.    0xd7cf4d9176519142bf64111d713d3f85cdff1b67

    g.    0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

    h.    0xb4e872704625ea0f69f95c856ad49aff44da2ba4

    i.    0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

    j.    0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19. "You" and "Your" means and refers to any or all the FTX Debtors.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions and for purposes of these Requests, the following Instructions shall be followed:

1. These Requests seek production of material in Your possession, custody, or control.

2. These Requests seek production of nonprivileged material.

3. For each Request, either state that You will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons.

4. If You object to all or part of a Request, state whether You are withholding any responsive material based on that objection.

5. If You object to part of a Request, specify the part and state that You will produce documents responsive to the rest.

4

6.      If You withhold responsive information by claiming that the information is privi-
leged or subject to protection as trial-preparation material, expressly make the claim and describe
the nature of the information privileged or protected in a manner that, without revealing infor-
mation itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document
You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memoran-
dum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author,
addresses, and any other recipients of the Document; (e) where not apparent, the relationships of
the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.      If after responding to any Request You learn that Your response is in some material
respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including
May 1, 2019 through the present.

## REQUESTS

20.      Documents sufficient to identify the FTX User Account(s) associated with each
Identified FTX Address.

21.      Documents sufficient to identify the entity or individual associated with each FTX
User Account identified in response to Request No. 1, including all Know Your Customer Infor-
mation for each such entity or individual.

22.      Documents sufficient to identify all FTX User Account(s) associated with any en-
tity or individual identified in response to Request No. 2, other than FTX User Accounts identified
in response to Request No. 1.

23.     Documents sufficient to identify all FTX Address(es) associated with each FTX User Account identified in response to Request No. 1 and Request No. 3, other than the Identified FTX Addresses.

24.     Documents sufficient to show when each FTX User Account identified in response to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.     Documents sufficient to show a complete transaction history for each FTX User Account identified in response to Request No. 1 and Request No. 3.

26.     Documents sufficient to show all short positions with respect to the CEL Token on an FTX Exchange from April 1, 2022 to August 30, 2022.

27.     Documents sufficient to identify the FTX Address(es) associated with each short position identified in response to Request No. 7.

28.     Documents sufficient to identify the FTX User Account(s) associated with each FTX Address identified in response to Request No. 8.

29.     Documents sufficient to identify the entity or individual associated with each FTX User Account relating to Request No. 8, including all Know Your Customer Information for each such entity or individual.

30.     Documents sufficient to show all borrow or loan transactions associated with the positions identified in response to Request No. 7.

6

Dated:   May 15, 2023

*/s/ Jennifer M. Selendy*
**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, New York 10104
Tel.: 212-390-9000
jselendy@selendygay.com
fgay@selendygay.com
tagangawilliams@selendygay.com
cobrien@selendygay.com

*Co-Counsel to the Official Committee of
Unsecured Creditors*

# Subpoena Package 90

# Quoine Pte Ltd

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re CELSIUS NETWORK LLC, et al.,
          Debtor

Case No. 22-10964 (MG)

Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Quoine Pte Ltd
8 Orange Grove Road
Singapore 258342
Singapore

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|-------|---------------|
|       |               |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

  Please see the attached requests for the production of documents.

        The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  **05/15/2023**

          CLERK OF COURT

                              OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors  who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

*Ex Parte Order*, **Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Official Committee of Unsecured Creditors to Issues** *Subpoenas Duce Tecum* **Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdiction over the Application; and the Application being a core proceeding; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Limited (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appear-
ing therefor, it is

**ORDERED**, that the Application is granted; and it is further

**ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be,
and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

**ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of
this Order and any Subpoenas issued to them or make an appropriate motion for a protective or-
der or to quash any Subpoenas; and it is further

**ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the pro-
duction or inspection of documents or things on less than fourteen (14) days' notice; and it is fur-
ther

**ORDERED**, that the terms and conditions of this Order are immediately effective and
enforceable upon its entry; and it is further

**ORDERED**, that this Order is without prejudice to the rights of the Committee to apply
for further discovery from any party or other entity or person; and it is further

**ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce
the terms and provisions of this Order, including adjudicating any discovery disputes that may
arise between or among the parties.

**IT IS SO ORDERED.**

Dated:  May 11, 2023
      New York, New York

**/s/ Martin Glenn**
MARTIN GLENN
Chief United States Bankruptcy Judge

# Attachment # 2

# *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY 10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
    fgay@selendygay.com
    taganagawilliams@selendygay.com
    cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[41] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS
TO QUOINE PTE LTD**

Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "Local District Rules"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[41] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*,
Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al.
(the "Committee"), by and through its undersigned counsel, hereby requests that Quoine Pte Ltd
produce documents in response to the requests below within 14 days of service to the Committee's
attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Americas, New York, NY 10104.

## DOCUMENT REQUESTS DEFINITIONS

1.      The singular form of a word includes the plural, and vice versa.

2.      Any tense of a verb includes all tenses.

3.      Any natural person includes that person's agents, assigns, attorneys, employees,
representatives, and successors.

4.      Any entity other than a natural person includes (a) that entity's present and former
agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, em-
ployees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors;
(b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or
owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf
of (a) or (b).

5.      "All," "any," and "each" mean any and all.

6.      "And" and "or" are construed both conjunctively and disjunctively.

7.      "Associated with" includes, but is not limited to, "affiliated with," "corresponding
to," "owned by," "controlled by," and "operated by."

8.      "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain iden-
tified as CEL.

2

9.      "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10.     "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.     "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12.     "FTX User Account" means a user account registered with the FTX Exchange.

13.     "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14.     "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15.     "Including" means including but not limited to.

16.     "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17.     "FTX Address" means a blockchain address associated with an FTX User Account.

3

18.    "Identified FTX Addresses" means the following FTX Addresses, and, for the avoidance of doubt, each is an "Identified FTX Address":

a.    0xd84c82dcfb21572b68339f14453bfe39fdc81f74

b.    0x2be52c6e141a314778b5ea702e8a9dc87b42d126

c.    0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

d.    0x44f73a35b995c7a55864209468925bf450cf0a00

e.    0x1785904b28ad668b4778618f749db6b4a04472ed

f.    0xd7cf4d9176519142bf64111d713d3f85cdff1b67

g.    0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

h.    0xb4e872704625ea0f69f95c856ad49aff44da2ba4

i.    0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

j.    0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19.    "You" and "Your" means and refers to any or all the FTX Debtors.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions and for purposes of these Requests, the following Instructions shall be followed:

1.    These Requests seek production of material in Your possession, custody, or control.

2.    These Requests seek production of nonprivileged material.

3.    For each Request, either state that You will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons.

4.    If You object to all or part of a Request, state whether You are withholding any responsive material based on that objection.

5.    If You object to part of a Request, specify the part and state that You will produce documents responsive to the rest.

4

6.    If You withhold responsive information by claiming that the information is privi-
leged or subject to protection as trial-preparation material, expressly make the claim and describe
the nature of the information privileged or protected in a manner that, without revealing infor-
mation itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document
You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memoran-
dum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author,
addresses, and any other recipients of the Document; (e) where not apparent, the relationships of
the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.    If after responding to any Request You learn that Your response is in some material
respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including
May 1, 2019 through the present.

## REQUESTS

20.    Documents sufficient to identify the FTX User Account(s) associated with each
Identified FTX Address.

21.    Documents sufficient to identify the entity or individual associated with each FTX
User Account identified in response to Request No. 1, including all Know Your Customer Infor-
mation for each such entity or individual.

22.    Documents sufficient to identify all FTX User Account(s) associated with any en-
tity or individual identified in response to Request No. 2, other than FTX User Accounts identified
in response to Request No. 1.

23.     Documents sufficient to identify all FTX Address(es) associated with each FTX User Account identified in response to Request No. 1 and Request No. 3, other than the Identified FTX Addresses.

24.     Documents sufficient to show when each FTX User Account identified in response to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.     Documents sufficient to show a complete transaction history for each FTX User Account identified in response to Request No. 1 and Request No. 3.

26.     Documents sufficient to show all short positions with respect to the CEL Token on an FTX Exchange from April 1, 2022 to August 30, 2022.

27.     Documents sufficient to identify the FTX Address(es) associated with each short position identified in response to Request No. 7.

28.     Documents sufficient to identify the FTX User Account(s) associated with each FTX Address identified in response to Request No. 8.

29.     Documents sufficient to identify the entity or individual associated with each FTX User Account relating to Request No. 8, including all Know Your Customer Information for each such entity or individual.

30.     Documents sufficient to show all borrow or loan transactions associated with the positions identified in response to Request No. 7.

6

Dated:   May 15, 2023

*/s/ Jennifer M. Selendy*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, New York 10104
Tel.: 212-390-9000
jselendy@selendygay.com
fgay@selendygay.com
tagangawilliams@selendygay.com
cobrien@selendygay.com

*Co-Counsel to the Official Committee of
Unsecured Creditors*

# Subpoena Package 91

# Quoine Vietnam Co. Ltd

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 1)

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re CELSIUS NETWORK LLC, et al.,                    Case No. 22-10964 (MG)
                      Debtor

                                                      Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Quoine Vietnam Co. Ltd
Empress Tower, 138-142 Hai Ba Trung Street
Da Kao Ward, District 1, Ho Chi Minh City
Vietnam

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|-------|---------------|
|       |               |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

  Please see the attached requests for the production of documents.

       The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  **05/15/2023**

                      CLERK OF COURT

                                              OR

       _____
       *Signature of Clerk or Deputy Clerk*

                                              _____
                                              *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors  who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

   *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

   *(2) Command to Produce Materials or Permit Inspection.*
      (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
      (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
         (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
         (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

   *(3) Quashing or Modifying a Subpoena.*
      (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
         (i) fails to allow a reasonable time to comply;
         (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
         (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
         (iv) subjects a person to undue burden.
      (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
         (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
      (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
         (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
         (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

   *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
      (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
      (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
      (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
      (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

   *(2) Claiming Privilege or Protection.*
      (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
         (i) expressly make the claim; and
         (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
      (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

*Ex Parte Order*, **Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Official Committee of Unsecured Creditors to Issues** *Subpoenas Duce Tecum* **Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdiction over the Application; and the Application being a core proceeding; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appearing therefor, it is

**ORDERED**, that the Application is granted; and it is further

**ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be, and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

**ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of this Order and any Subpoenas issued to them or make an appropriate motion for a protective order or to quash any Subpoenas; and it is further

**ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the production or inspection of documents or things on less than fourteen (14) days' notice; and it is further

**ORDERED**, that the terms and conditions of this Order are immediately effective and enforceable upon its entry; and it is further

**ORDERED**, that this Order is without prejudice to the rights of the Committee to apply for further discovery from any party or other entity or person; and it is further

**ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order, including adjudicating any discovery disputes that may arise between or among the parties.

**IT IS SO ORDERED.**

Dated:  May 11, 2023
New York, New York

_____
**/s/ Martin Glenn**
MARTIN GLENN
Chief United States Bankruptcy Judge

# Attachment # 2

# *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY 10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
      fgay@selendygay.com
      taganagawilliams@selendygay.com
      cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[42] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS TO QUOINE VIETNAM CO. LTD

Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "Local District Rules"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[42] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*,

Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al.

(the "Committee"), by and through its undersigned counsel, hereby requests that Quoine Vietnam

Co. Ltd produce documents in response to the requests below within 14 days of service to the

Committee's attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Americas, New York,

NY 10104.

## DOCUMENT REQUESTS DEFINITIONS

1.      The singular form of a word includes the plural, and vice versa.

2.      Any tense of a verb includes all tenses.

3.      Any natural person includes that person's agents, assigns, attorneys, employees,

representatives, and successors.

4.      Any entity other than a natural person includes (a) that entity's present and former

agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, em-

ployees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors;

(b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or

owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf

of (a) or (b).

5.      "All," "any," and "each" mean any and all.

6.      "And" and "or" are construed both conjunctively and disjunctively.

7.      "Associated with" includes, but is not limited to, "affiliated with," "corresponding

to," "owned by," "controlled by," and "operated by."

8.      "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain iden-

tified as CEL.

2

9.      "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10.     "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.     "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12.     "FTX User Account" means a user account registered with the FTX Exchange.

13.     "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14.     "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15.     "Including" means including but not limited to.

16.     "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17.     "FTX Address" means a blockchain address associated with an FTX User Account.

3

18.    "Identified FTX Addresses" means the following FTX Addresses, and, for the avoidance of doubt, each is an "Identified FTX Address":

     a.     0xd84c82dcfb21572b68339f14453bfe39fdc81f74

     b.     0x2be52c6e141a314778b5ea702e8a9dc87b42d126

     c.     0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

     d.     0x44f73a35b995c7a55864209468925bf450cf0a00

     e.     0x1785904b28ad668b4778618f749db6b4a04472ed

     f.     0xd7cf4d9176519142bf64111d713d3f85cdff1b67

     g.     0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

     h.     0xb4e872704625ea0f69f95c856ad49aff44da2ba4

     i.     0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

     j.     0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19.    "You" and "Your" means and refers to any or all the FTX Debtors.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions and for purposes of these Requests, the following Instructions shall be followed:

1.    These Requests seek production of material in Your possession, custody, or control.

2.    These Requests seek production of nonprivileged material.

3.    For each Request, either state that You will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons.

4.    If You object to all or part of a Request, state whether You are withholding any responsive material based on that objection.

5.    If You object to part of a Request, specify the part and state that You will produce documents responsive to the rest.

4

6.      If You withhold responsive information by claiming that the information is privi-

leged or subject to protection as trial-preparation material, expressly make the claim and describe

the nature of the information privileged or protected in a manner that, without revealing infor-

mation itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document

You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memoran-

dum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author,

addresses, and any other recipients of the Document; (e) where not apparent, the relationships of

the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.      If after responding to any Request You learn that Your response is in some material

respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including

May 1, 2019 through the present.

## REQUESTS

20.      Documents sufficient to identify the FTX User Account(s) associated with each

Identified FTX Address.

21.      Documents sufficient to identify the entity or individual associated with each FTX

User Account identified in response to Request No. 1, including all Know Your Customer Infor-

mation for each such entity or individual.

22.      Documents sufficient to identify all FTX User Account(s) associated with any en-

tity or individual identified in response to Request No. 2, other than FTX User Accounts identified

in response to Request No. 1.

23.     Documents sufficient to identify all FTX Address(es) associated with each FTX User Account identified in response to Request No. 1 and Request No. 3, other than the Identified FTX Addresses.

24.     Documents sufficient to show when each FTX User Account identified in response to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.     Documents sufficient to show a complete transaction history for each FTX User Account identified in response to Request No. 1 and Request No. 3.

26.     Documents sufficient to show all short positions with respect to the CEL Token on an FTX Exchange from April 1, 2022 to August 30, 2022.

27.     Documents sufficient to identify the FTX Address(es) associated with each short position identified in response to Request No. 7.

28.     Documents sufficient to identify the FTX User Account(s) associated with each FTX Address identified in response to Request No. 8.

29.     Documents sufficient to identify the entity or individual associated with each FTX User Account relating to Request No. 8, including all Know Your Customer Information for each such entity or individual.

30.     Documents sufficient to show all borrow or loan transactions associated with the positions identified in response to Request No. 7.

6

Dated:    May 15, 2023

*/s/ Jennifer M. Selendy*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, New York 10104
Tel.: 212-390-9000
jselendy@selendygay.com
fgay@selendygay.com
tagangawilliams@selendygay.com
cobrien@selendygay.com

*Co-Counsel to the Official Committee of
Unsecured Creditors*

# Subpoena Package 92

# Strategy Ark Collective Ltd.

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re CELSIUS NETWORK LLC, et al.,  
                    Debtor

Case No. 22-10964 (MG)

Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Strategy Ark Collective Ltd.  
Unit 3B, Bryson's Commercial Complex, Friars Hill Road  
St. John's AG-04  
Antigua and Barbuda

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

  Please see the attached requests for the production of documents.

      The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  **05/15/2023**

                    CLERK OF COURT

OR

_____  
*Signature of Clerk or Deputy Clerk*

_____  
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors  who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or transacts business in person, if the person
        (i) is a party or a party's officer; or
        (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
    (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
    (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        (i) fails to allow a reasonable time to comply;
        (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
        (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        (i) disclosing a trade secret or other confidential research, development, or commercial information; or

        (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
    (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        (i) expressly make the claim; and
        (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

***Ex Parte Order*, Pursuant to Fed. R. Bankr.
P. 2004, Authorizing the Official Committee
of Unsecured Creditors to Issues *Subpoenas
Duce Tecum* Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdiction over the Application; and the Application being a core proceeding; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Limited (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appear-

ing therefor, it is

   **ORDERED**, that the Application is granted; and it is further

   **ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be,

and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

   **ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of

this Order and any Subpoenas issued to them or make an appropriate motion for a protective or-

der or to quash any Subpoenas; and it is further

   **ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the pro-

duction or inspection of documents or things on less than fourteen (14) days' notice; and it is fur-

ther

   **ORDERED**, that the terms and conditions of this Order are immediately effective and

enforceable upon its entry; and it is further

   **ORDERED**, that this Order is without prejudice to the rights of the Committee to apply

for further discovery from any party or other entity or person; and it is further

   **ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce

the terms and provisions of this Order, including adjudicating any discovery disputes that may

arise between or among the parties.

**IT IS SO ORDERED.**

Dated:  May 11, 2023
      New York, New York

_____
**/s/ Martin Glenn**
MARTIN GLENN
Chief United States Bankruptcy Judge

# Attachment # 2

# *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
       fgay@selendygay.com
       tagangawilliams@selendygay.com
       cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[44] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS
TO STRATEGY ARK COLLECTIVE LTD.**

Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "Local District Rules"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[44] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal
tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius
Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network
Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8
USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius
Network LLC's principal place of business and the Debtors' service address in these chapter 11
cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*,

Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al.

(the "Committee"), by and through its undersigned counsel, hereby requests that Strategy Ark

Collective Ltd. produce documents in response to the requests below within 14 days of service to

the Committee's attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Americas, New

York, NY 10104.

## DOCUMENT REQUESTS DEFINITIONS

1.    The singular form of a word includes the plural, and vice versa.

2.    Any tense of a verb includes all tenses.

3.    Any natural person includes that person's agents, assigns, attorneys, employees,

representatives, and successors.

4.    Any entity other than a natural person includes (a) that entity's present and former

agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, em-

ployees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors;

(b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or

owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf

of (a) or (b).

5.    "All," "any," and "each" mean any and all.

6.    "And" and "or" are construed both conjunctively and disjunctively.

7.    "Associated with" includes, but is not limited to, "affiliated with," "corresponding

to," "owned by," "controlled by," and "operated by."

8.    "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain iden-

tified as CEL.

2

9.     "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10.    "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.    "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12.    "FTX User Account" means a user account registered with the FTX Exchange.

13.    "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14.    "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15.    "Including" means including but not limited to.

16.    "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17.    "FTX Address" means a blockchain address associated with an FTX User Account.

3

18.    "Identified FTX Addresses" means the following FTX Addresses, and, for the avoidance of doubt, each is an "Identified FTX Address":

a.    0xd84c82dcfb21572b68339f14453bfe39fdc81f74

b.    0x2be52c6e141a314778b5ea702e8a9dc87b42d126

c.    0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

d.    0x44f73a35b995c7a55864209468925bf450cf0a00

e.    0x1785904b28ad668b4778618f749db6b4a04472ed

f.    0xd7cf4d9176519142bf64111d713d3f85cdff1b67

g.    0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

h.    0xb4e872704625ea0f69f95c856ad49aff44da2ba4

i.    0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

j.    0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19.    "You" and "Your" means and refers to any or all the FTX Debtors.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions and for purposes of these Requests, the following Instructions shall be followed:

1.    These Requests seek production of material in Your possession, custody, or control.

2.    These Requests seek production of nonprivileged material.

3.    For each Request, either state that You will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons.

4.    If You object to all or part of a Request, state whether You are withholding any responsive material based on that objection.

5.    If You object to part of a Request, specify the part and state that You will produce documents responsive to the rest.

4

6.      If You withhold responsive information by claiming that the information is privi-
leged or subject to protection as trial-preparation material, expressly make the claim and describe
the nature of the information privileged or protected in a manner that, without revealing infor-
mation itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document
You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memoran-
dum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author,
addresses, and any other recipients of the Document; (e) where not apparent, the relationships of
the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.      If after responding to any Request You learn that Your response is in some material
respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including
May 1, 2019 through the present.

## REQUESTS

20.     Documents sufficient to identify the FTX User Account(s) associated with each
Identified FTX Address.

21.     Documents sufficient to identify the entity or individual associated with each FTX
User Account identified in response to Request No. 1, including all Know Your Customer Infor-
mation for each such entity or individual.

22.     Documents sufficient to identify all FTX User Account(s) associated with any en-
tity or individual identified in response to Request No. 2, other than FTX User Accounts identified
in response to Request No. 1.

23.     Documents sufficient to identify all FTX Address(es) associated with each FTX User Account identified in response to Request No. 1 and Request No. 3, other than the Identified FTX Addresses.

24.     Documents sufficient to show when each FTX User Account identified in response to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.     Documents sufficient to show a complete transaction history for each FTX User Account identified in response to Request No. 1 and Request No. 3.

26.     Documents sufficient to show all short positions with respect to the CEL Token on an FTX Exchange from April 1, 2022 to August 30, 2022.

27.     Documents sufficient to identify the FTX Address(es) associated with each short position identified in response to Request No. 7.

28.     Documents sufficient to identify the FTX User Account(s) associated with each FTX Address identified in response to Request No. 8.

29.     Documents sufficient to identify the entity or individual associated with each FTX User Account relating to Request No. 8, including all Know Your Customer Information for each such entity or individual.

30.     Documents sufficient to show all borrow or loan transactions associated with the positions identified in response to Request No. 7.

6

Dated:    May 12, 2023

*/s/ Jennifer M. Selendy*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, New York 10104
Tel.: 212-390-9000
jselendy@selendygay.com
fgay@selendygay.com
tagangawilliams@selendygay.com
cobrien@selendygay.com

*Co-Counsel to the Official Committee of*
*Unsecured Creditors*

7

# Subpoena Package 93

# Technology Services Bahamas Limited

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 1)

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

### Southern District of New York

| | |
|---|---|
| In re CELSIUS NETWORK LLC, et al., | Case No. 22-10964 (MG) |
| Debtor | |
| | Chapter 11 |

## SUBPOENA FOR RULE 2004 EXAMINATION

 To: Technology Services Bahamas Limited
 Johnny Cake Ln
 Marsh Harbour, Abaco
 Bahamas

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| | |
| | |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

 Please see the attached requests for the production of documents.

 The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  **05/15/2023**

        CLERK OF COURT
                                    OR

        _____
        *Signature of Clerk or Deputy Clerk*

                                    _____
                                    *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors  who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
 (A)*Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
 (A)*When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A)*Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
 (A)*Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

***Ex Parte Order***, **Pursuant to Fed. R. Bankr.
P. 2004, Authorizing the Official Committee
of Unsecured Creditors to Issues *Subpoenas
Duce Tecum* Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdiction over the Application; and the Application being a core proceeding; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appearing therefor, it is

**ORDERED**, that the Application is granted; and it is further

**ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be, and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

**ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of this Order and any Subpoenas issued to them or make an appropriate motion for a protective order or to quash any Subpoenas; and it is further

**ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the production or inspection of documents or things on less than fourteen (14) days' notice; and it is further

**ORDERED**, that the terms and conditions of this Order are immediately effective and enforceable upon its entry; and it is further

**ORDERED**, that this Order is without prejudice to the rights of the Committee to apply for further discovery from any party or other entity or person; and it is further

**ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order, including adjudicating any discovery disputes that may arise between or among the parties.

**IT IS SO ORDERED.**

Dated: May 11, 2023
     New York, New York

 

**/s/ Martin Glenn**
MARTIN GLENN
Chief United States Bankruptcy Judge

# Attachment # 2

# *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
         fgay@selendygay.com
         tagangawilliams@selendygay.com
         cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[45] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS
TO TECHNOLOGY SERVICES BAHAMAS LIMITED**

Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "Local District Rules"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[45] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal
tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius
Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network
Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8
USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius
Network LLC's principal place of business and the Debtors' service address in these chapter 11
cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*,

Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al.

(the "Committee"), by and through its undersigned counsel, hereby requests that Technology

Services Bahamas Limited produce documents in response to the requests below within 14 days

of service to the Committee's attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Amer-

icas, New York, NY 10104.

## DOCUMENT REQUESTS DEFINITIONS

1.      The singular form of a word includes the plural, and vice versa.

2.      Any tense of a verb includes all tenses.

3.      Any natural person includes that person's agents, assigns, attorneys, employees,

representatives, and successors.

4.      Any entity other than a natural person includes (a) that entity's present and former

agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, em-

ployees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors;

(b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or

owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf

of (a) or (b).

5.      "All," "any," and "each" mean any and all.

6.      "And" and "or" are construed both conjunctively and disjunctively.

7.      "Associated with" includes, but is not limited to, "affiliated with," "corresponding

to," "owned by," "controlled by," and "operated by."

8.      "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain iden-

tified as CEL.

2

9.      "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10.      "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.      "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12.      "FTX User Account" means a user account registered with the FTX Exchange.

13.      "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14.      "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15.      "Including" means including but not limited to.

16.      "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17.      "FTX Address" means a blockchain address associated with an FTX User Account.

3

18.    "Identified FTX Addresses" means the following FTX Addresses, and, for the avoidance of doubt, each is an "Identified FTX Address":

    a.      0xd84c82dcfb21572b68339f14453bfe39fdc81f74

    b.      0x2be52c6e141a314778b5ea702e8a9dc87b42d126

    c.      0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

    d.      0x44f73a35b995c7a55864209468925bf450cf0a00

    e.      0x1785904b28ad668b4778618f749db6b4a04472ed

    f.      0xd7cf4d9176519142bf64111d713d3f85cdff1b67

    g.      0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

    h.      0xb4e872704625ea0f69f95c856ad49aff44da2ba4

    i.      0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

    j.      0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19.    "You" and "Your" means and refers to any or all the FTX Debtors.

## **INSTRUCTIONS**

The preceding Definitions apply to each of these Instructions and for purposes of these Requests, the following Instructions shall be followed:

1.    These Requests seek production of material in Your possession, custody, or control.

2.    These Requests seek production of nonprivileged material.

3.    For each Request, either state that You will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons.

4.    If You object to all or part of a Request, state whether You are withholding any responsive material based on that objection.

5.    If You object to part of a Request, specify the part and state that You will produce documents responsive to the rest.

4

6.      If You withhold responsive information by claiming that the information is privi-
leged or subject to protection as trial-preparation material, expressly make the claim and describe
the nature of the information privileged or protected in a manner that, without revealing infor-
mation itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document
You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memoran-
dum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author,
addresses, and any other recipients of the Document; (e) where not apparent, the relationships of
the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.      If after responding to any Request You learn that Your response is in some material
respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including
May 1, 2019 through the present.

## REQUESTS

20.     Documents sufficient to identify the FTX User Account(s) associated with each
Identified FTX Address.

21.     Documents sufficient to identify the entity or individual associated with each FTX
User Account identified in response to Request No. 1, including all Know Your Customer Infor-
mation for each such entity or individual.

22.     Documents sufficient to identify all FTX User Account(s) associated with any en-
tity or individual identified in response to Request No. 2, other than FTX User Accounts identified
in response to Request No. 1.

23.     Documents sufficient to identify all FTX Address(es) associated with each FTX
User Account identified in response to Request No. 1 and Request No. 3, other than the Identified
FTX Addresses.

24.     Documents sufficient to show when each FTX User Account identified in response
to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.     Documents sufficient to show a complete transaction history for each FTX User
Account identified in response to Request No. 1 and Request No. 3.

26.     Documents sufficient to show all short positions with respect to the CEL Token on
an FTX Exchange from April 1, 2022 to August 30, 2022.

27.     Documents sufficient to identify the FTX Address(es) associated with each short
position identified in response to Request No. 7.

28.     Documents sufficient to identify the FTX User Account(s) associated with each
FTX Address identified in response to Request No. 8.

29.     Documents sufficient to identify the entity or individual associated with each FTX
User Account relating to Request No. 8, including all Know Your Customer Information for each
such entity or individual.

30.     Documents sufficient to show all borrow or loan transactions associated with the
positions identified in response to Request No. 7.

6

Dated:   May 15, 2023

*/s/ Jennifer M. Selendy*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, New York 10104
Tel.: 212-390-9000
jselendy@selendygay.com
fgay@selendygay.com
tagangawilliams@selendygay.com
cobrien@selendygay.com

*Co-Counsel to the Official Committee of
Unsecured Creditors*

# Subpoena Package 94

# Verdant Canyon Capital LLC

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re CELSIUS NETWORK LLC, et al.,
          Debtor

Case No. 22-10964 (MG)

Chapter 11

### SUBPOENA FOR RULE 2004 EXAMINATION

To: Verdant Canyon Capital LLC
      3500 South Dupont Highway
      Dover, DE 19901

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|-------|---------------|
|       |               |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

Please see the attached requests for the production of documents.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  **05/15/2023**

CLERK OF COURT

                                                              OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors  who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

       I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

***Ex Parte Order***, **Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Official Committee of Unsecured Creditors to Issues *Subpoenas Duce Tecum* Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdiction over the Application; and the Application being a core proceeding; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Limited (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appearing therefor, it is

**ORDERED**, that the Application is granted; and it is further

**ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be, and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

**ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of this Order and any Subpoenas issued to them or make an appropriate motion for a protective order or to quash any Subpoenas; and it is further

**ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the production or inspection of documents or things on less than fourteen (14) days' notice; and it is further

**ORDERED**, that the terms and conditions of this Order are immediately effective and enforceable upon its entry; and it is further

**ORDERED**, that this Order is without prejudice to the rights of the Committee to apply for further discovery from any party or other entity or person; and it is further

**ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order, including adjudicating any discovery disputes that may arise between or among the parties.

**IT IS SO ORDERED.**

Dated:  May 11, 2023
New York, New York

_____
**/s/ Martin Glenn**
MARTIN GLENN
Chief United States Bankruptcy Judge

# Attachment # 2

# *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
        fgay@selendygay.com
        tagangawilliams@selendygay.com
        cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[46] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS
TO VERDANT CANYON CAPITAL LLC**

Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "Local District Rules"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[46] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal
tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius
Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network
Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8
USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius
Network LLC's principal place of business and the Debtors' service address in these chapter 11
cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*,

Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al.

(the "Committee"), by and through its undersigned counsel, hereby requests that Verdant Canyon

Capital LLC produce documents in response to the requests below within 14 days of service to the

Committee's attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Americas, New York,

NY 10104.

## DOCUMENT REQUESTS DEFINITIONS

1.      The singular form of a word includes the plural, and vice versa.

2.      Any tense of a verb includes all tenses.

3.      Any natural person includes that person's agents, assigns, attorneys, employees,

representatives, and successors.

4.      Any entity other than a natural person includes (a) that entity's present and former

agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, em-

ployees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors;

(b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or

owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf

of (a) or (b).

5.      "All," "any," and "each" mean any and all.

6.      "And" and "or" are construed both conjunctively and disjunctively.

7.      "Associated with" includes, but is not limited to, "affiliated with," "corresponding

to," "owned by," "controlled by," and "operated by."

8.      "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain iden-

tified as CEL.

2

9.      "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10.      "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.      "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12.      "FTX User Account" means a user account registered with the FTX Exchange.

13.      "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14.      "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15.      "Including" means including but not limited to.

16.      "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17.      "FTX Address" means a blockchain address associated with an FTX User Account.

3

18.    "Identified FTX Addresses" means the following FTX Addresses, and, for the avoidance of doubt, each is an "Identified FTX Address":

      a.      0xd84c82dcfb21572b68339f14453bfe39fdc81f74

      b.      0x2be52c6e141a314778b5ea702e8a9dc87b42d126

      c.      0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

      d.      0x44f73a35b995c7a55864209468925bf450cf0a00

      e.      0x1785904b28ad668b4778618f749db6b4a04472ed

      f.      0xd7cf4d9176519142bf64111d713d3f85cdff1b67

      g.      0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

      h.      0xb4e872704625ea0f69f95c856ad49aff44da2ba4

      i.      0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

      j.      0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19.    "You" and "Your" means and refers to any or all the FTX Debtors.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions and for purposes of these Requests, the following Instructions shall be followed:

1.    These Requests seek production of material in Your possession, custody, or control.

2.    These Requests seek production of nonprivileged material.

3.    For each Request, either state that You will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons.

4.    If You object to all or part of a Request, state whether You are withholding any responsive material based on that objection.

5.    If You object to part of a Request, specify the part and state that You will produce documents responsive to the rest.

4

6.      If You withhold responsive information by claiming that the information is privi-
leged or subject to protection as trial-preparation material, expressly make the claim and describe
the nature of the information privileged or protected in a manner that, without revealing infor-
mation itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document
You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memoran-
dum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author,
addresses, and any other recipients of the Document; (e) where not apparent, the relationships of
the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.      If after responding to any Request You learn that Your response is in some material
respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including
May 1, 2019 through the present.

## REQUESTS

20.      Documents sufficient to identify the FTX User Account(s) associated with each
Identified FTX Address.

21.      Documents sufficient to identify the entity or individual associated with each FTX
User Account identified in response to Request No. 1, including all Know Your Customer Infor-
mation for each such entity or individual.

22.      Documents sufficient to identify all FTX User Account(s) associated with any en-
tity or individual identified in response to Request No. 2, other than FTX User Accounts identified
in response to Request No. 1.

23.    Documents sufficient to identify all FTX Address(es) associated with each FTX User Account identified in response to Request No. 1 and Request No. 3, other than the Identified FTX Addresses.

24.    Documents sufficient to show when each FTX User Account identified in response to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.    Documents sufficient to show a complete transaction history for each FTX User Account identified in response to Request No. 1 and Request No. 3.

26.    Documents sufficient to show all short positions with respect to the CEL Token on an FTX Exchange from April 1, 2022 to August 30, 2022.

27.    Documents sufficient to identify the FTX Address(es) associated with each short position identified in response to Request No. 7.

28.    Documents sufficient to identify the FTX User Account(s) associated with each FTX Address identified in response to Request No. 8.

29.    Documents sufficient to identify the entity or individual associated with each FTX User Account relating to Request No. 8, including all Know Your Customer Information for each such entity or individual.

30.    Documents sufficient to show all borrow or loan transactions associated with the positions identified in response to Request No. 7.

6

Dated:   May 15, 2023

*/s/ Jennifer M. Selendy*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, New York 10104
Tel.: 212-390-9000
jselendy@selendygay.com
fgay@selendygay.com
tagangawilliams@selendygay.com
cobrien@selendygay.com

*Co-Counsel to the Official Committee of
Unsecured Creditors*

# Subpoena Package 95

# Western Concord Enterprises Ltd.

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re CELSIUS NETWORK LLC, et al.,                    Case No. 22-10964 (MG)
                        Debtor

                                                      Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

> To: Western Concord Enterprises Ltd.
> Unit 3B, Bryson's Commercial Complex, Friars Hill Road
> St. John's AG-04
> Antigua and Barbuda

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|-------|---------------|
|       |               |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

  Please see the attached requests for the production of documents.

        The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **05/15/2023**

                    CLERK OF COURT

                                              OR

        _____
        *Signature of Clerk or Deputy Clerk*

                                              _____
                                              *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page2)

inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

  My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

        I declare under penalty of perjury that this information is true and correct.

Date: _____

                                                      _____
                                                                            *Server's signature*

                                                      _____
                                                                          *Printed name and title*

                                                      _____
                                                                            *Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or transacts business in person, if the person
        (i) is a party or a party's officer; or
        (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
    (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
    (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        (i) fails to allow a reasonable time to comply;
        (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
        (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        (i) disclosing a trade secret or other confidential research, development, or commercial information; or

        (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
    (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        (i) expressly make the claim; and
        (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

***Ex Parte Order***, **Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Official Committee of Unsecured Creditors to Issues *Subpoenas Duce Tecum* Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdiction over the Application; and the Application being a core proceeding; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Limited (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appearing therefor, it is

    **ORDERED**, that the Application is granted; and it is further

    **ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be, and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

    **ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of this Order and any Subpoenas issued to them or make an appropriate motion for a protective order or to quash any Subpoenas; and it is further

    **ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the production or inspection of documents or things on less than fourteen (14) days' notice; and it is further

    **ORDERED**, that the terms and conditions of this Order are immediately effective and enforceable upon its entry; and it is further

    **ORDERED**, that this Order is without prejudice to the rights of the Committee to apply for further discovery from any party or other entity or person; and it is further

    **ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order, including adjudicating any discovery disputes that may arise between or among the parties.

**IT IS SO ORDERED.**

Dated:  May 11, 2023
      New York, New York

                                        **/s/ Martin Glenn**
                                          MARTIN GLENN
                          Chief United States Bankruptcy Judge

# Attachment # 2

# *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
  fgay@selendygay.com
  tagangawilliams@selendygay.com
  cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS
TO WESTERN CONCORD ENTERPRISES LTD.**

    Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "Local District Rules"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*,

Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al.

(the "Committee"), by and through its undersigned counsel, hereby requests that Western Concord

Enterprises Ltd. produce documents in response to the requests below within 14 days of service to

the Committee's attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Americas, New

York, NY 10104.

## DOCUMENT REQUESTS DEFINITIONS

1.    The singular form of a word includes the plural, and vice versa.

2.    Any tense of a verb includes all tenses.

3.    Any natural person includes that person's agents, assigns, attorneys, employees,

representatives, and successors.

4.    Any entity other than a natural person includes (a) that entity's present and former

agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, em-

ployees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors;

(b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or

owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf

of (a) or (b).

5.    "All," "any," and "each" mean any and all.

6.    "And" and "or" are construed both conjunctively and disjunctively.

7.    "Associated with" includes, but is not limited to, "affiliated with," "corresponding

to," "owned by," "controlled by," and "operated by."

8.    "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain iden-

tified as CEL.

2

9.      "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10.      "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.      "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12.      "FTX User Account" means a user account registered with the FTX Exchange.

13.      "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14.      "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15.      "Including" means including but not limited to.

16.      "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17.      "FTX Address" means a blockchain address associated with an FTX User Account.

3

18.     "Identified FTX Addresses" means the following FTX Addresses, and, for the avoidance of doubt, each is an "Identified FTX Address":

     a.     0xd84c82dcfb21572b68339f14453bfe39fdc81f74

     b.     0x2be52c6e141a314778b5ea702e8a9dc87b42d126

     c.     0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

     d.     0x44f73a35b995c7a55864209468925bf450cf0a00

     e.     0x1785904b28ad668b4778618f749db6b4a04472ed

     f.     0xd7cf4d9176519142bf64111d713d3f85cdff1b67

     g.     0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

     h.     0xb4e872704625ea0f69f95c856ad49aff44da2ba4

     i.     0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

     j.     0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19.     "You" and "Your" means and refers to any or all the FTX Debtors.

## **INSTRUCTIONS**

The preceding Definitions apply to each of these Instructions and for purposes of these Requests, the following Instructions shall be followed:

1.     These Requests seek production of material in Your possession, custody, or control.

2.     These Requests seek production of nonprivileged material.

3.     For each Request, either state that You will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons.

4.     If You object to all or part of a Request, state whether You are withholding any responsive material based on that objection.

5.     If You object to part of a Request, specify the part and state that You will produce documents responsive to the rest.

4

6.      If You withhold responsive information by claiming that the information is privileged or subject to protection as trial-preparation material, expressly make the claim and describe the nature of the information privileged or protected in a manner that, without revealing information itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memorandum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author, addresses, and any other recipients of the Document; (e) where not apparent, the relationships of the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.      If after responding to any Request You learn that Your response is in some material respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including May 1, 2019 through the present.

## REQUESTS

1.      Documents sufficient to identify the FTX User Account(s) associated with each Identified FTX Address.

2.      Documents sufficient to identify the entity or individual associated with each FTX User Account identified in response to Request No. 1, including all Know Your Customer Information for each such entity or individual.

3.      Documents sufficient to identify all FTX User Account(s) associated with any entity or individual identified in response to Request No. 2, other than FTX User Accounts identified in response to Request No. 1.

5

4.      Documents sufficient to identify all FTX Address(es) associated with each FTX User Account identified in response to Request No. 1 and Request No. 3, other than the Identified FTX Addresses.

5.      Documents sufficient to show when each FTX User Account identified in response to Request No. 1 and Request No. 3 was created and, where applicable, closed.

6.      Documents sufficient to show a complete transaction history for each FTX User Account identified in response to Request No. 1 and Request No. 3.

7.      Documents sufficient to show all short positions with respect to the CEL Token on an FTX Exchange from April 1, 2022 to August 30, 2022.

8.      Documents sufficient to identify the FTX Address(es) associated with each short position identified in response to Request No. 7.

9.      Documents sufficient to identify the FTX User Account(s) associated with each FTX Address identified in response to Request No. 8.

10.      Documents sufficient to identify the entity or individual associated with each FTX User Account relating to Request No. 8, including all Know Your Customer Information for each such entity or individual.

11.      Documents sufficient to show all borrow or loan transactions associated with the positions identified in response to Request No. 7.

6

Dated:   May 15, 2023

*/s/ Jennifer M. Selendy*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, New York 10104
Tel.: 212-390-9000
jselendy@selendygay.com
fgay@selendygay.com
tagangawilliams@selendygay.com
cobrien@selendygay.com

*Co-Counsel to the Official Committee of
Unsecured Creditors*

7

# Subpoena Package 96

# West Innovative Barista Ltd.

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 1)

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re CELSIUS NETWORK LLC, et al.,                    Case No. 22-10964 (MG)
                Debtor

                                       Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

    To: West Innovative Barista Ltd.
    Unit 3B, Bryson's Commercial Complex, Friars Hill Road
    St. John's AG-04
    Antigua and Barbuda

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

  Please see the attached requests for the production of documents.

      The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  **05/15/2023**

           CLERK OF COURT

                                  OR

    _____
    *Signature of Clerk or Deputy Clerk*

                                _____
                                 *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors  who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page2)

inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

***Ex Parte Order*, Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Official Committee of Unsecured Creditors to Issues *Subpoenas Duce Tecum* Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdiction over the Application; and the Application being a core proceeding; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Limited (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appear-
ing therefor, it is

      **ORDERED**, that the Application is granted; and it is further

      **ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be,
and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

      **ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of
this Order and any Subpoenas issued to them or make an appropriate motion for a protective or-
der or to quash any Subpoenas; and it is further

      **ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the pro-
duction or inspection of documents or things on less than fourteen (14) days' notice; and it is fur-
ther

      **ORDERED**, that the terms and conditions of this Order are immediately effective and
enforceable upon its entry; and it is further

      **ORDERED**, that this Order is without prejudice to the rights of the Committee to apply
for further discovery from any party or other entity or person; and it is further

      **ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce
the terms and provisions of this Order, including adjudicating any discovery disputes that may
arise between or among the parties.

**IT IS SO ORDERED.**

Dated: May 11, 2023
     New York, New York

                                            **/s/ Martin Glenn**
                                              MARTIN GLENN
                              Chief United States Bankruptcy Judge

# Attachment # 2

# *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
        fgay@selendygay.com
        tagangawilliams@selendygay.com
        cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[47] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS TO WEST INNOVATIVE BARISTA LTD.

Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "Local District Rules"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[47] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*,

Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al.

(the "Committee"), by and through its undersigned counsel, hereby requests that West Innovative

Barista Ltd. produce documents in response to the requests below within 14 days of service to the

Committee's attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Americas, New York,

NY 10104.

## DOCUMENT REQUESTS DEFINITIONS

1.    The singular form of a word includes the plural, and vice versa.

2.    Any tense of a verb includes all tenses.

3.    Any natural person includes that person's agents, assigns, attorneys, employees, representatives, and successors.

4.    Any entity other than a natural person includes (a) that entity's present and former agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, employees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors; (b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf of (a) or (b).

5.    "All," "any," and "each" mean any and all.

6.    "And" and "or" are construed both conjunctively and disjunctively.

7.    "Associated with" includes, but is not limited to, "affiliated with," "corresponding to," "owned by," "controlled by," and "operated by."

8.    "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain identified as CEL.

2

9.      "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10.      "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.      "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12.      "FTX User Account" means a user account registered with the FTX Exchange.

13.      "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14.      "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15.      "Including" means including but not limited to.

16.      "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17.      "FTX Address" means a blockchain address associated with an FTX User Account.

3

18.    "Identified FTX Addresses" means the following FTX Addresses, and, for the avoidance of doubt, each is an "Identified FTX Address":

    a.    0xd84c82dcfb21572b68339f14453bfe39fdc81f74

    b.    0x2be52c6e141a314778b5ea702e8a9dc87b42d126

    c.    0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

    d.    0x44f73a35b995c7a55864209468925bf450cf0a00

    e.    0x1785904b28ad668b4778618f749db6b4a04472ed

    f.    0xd7cf4d9176519142bf64111d713d3f85cdff1b67

    g.    0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

    h.    0xb4e872704625ea0f69f95c856ad49aff44da2ba4

    i.    0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

    j.    0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19.    "You" and "Your" means and refers to any or all the FTX Debtors.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions and for purposes of these Requests, the following Instructions shall be followed:

1.    These Requests seek production of material in Your possession, custody, or control.

2.    These Requests seek production of nonprivileged material.

3.    For each Request, either state that You will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons.

4.    If You object to all or part of a Request, state whether You are withholding any responsive material based on that objection.

5.    If You object to part of a Request, specify the part and state that You will produce documents responsive to the rest.

4

6.      If You withhold responsive information by claiming that the information is privi-leged or subject to protection as trial-preparation material, expressly make the claim and describe the nature of the information privileged or protected in a manner that, without revealing infor-mation itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memoran-dum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author, addresses, and any other recipients of the Document; (e) where not apparent, the relationships of the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.      If after responding to any Request You learn that Your response is in some material respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## **RELEVANT TIME PERIOD**

Unless otherwise specified, these Requests cover the time period from and including May 1, 2019 through the present.

## **REQUESTS**

20.      Documents sufficient to identify the FTX User Account(s) associated with each Identified FTX Address.

21.      Documents sufficient to identify the entity or individual associated with each FTX User Account identified in response to Request No. 1, including all Know Your Customer Infor-mation for each such entity or individual.

22.      Documents sufficient to identify all FTX User Account(s) associated with any en-tity or individual identified in response to Request No. 2, other than FTX User Accounts identified in response to Request No. 1.

5

23.    Documents sufficient to identify all FTX Address(es) associated with each FTX User Account identified in response to Request No. 1 and Request No. 3, other than the Identified FTX Addresses.

24.    Documents sufficient to show when each FTX User Account identified in response to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.    Documents sufficient to show a complete transaction history for each FTX User Account identified in response to Request No. 1 and Request No. 3.

26.    Documents sufficient to show all short positions with respect to the CEL Token on an FTX Exchange from April 1, 2022 to August 30, 2022.

27.    Documents sufficient to identify the FTX Address(es) associated with each short position identified in response to Request No. 7.

28.    Documents sufficient to identify the FTX User Account(s) associated with each FTX Address identified in response to Request No. 8.

29.    Documents sufficient to identify the entity or individual associated with each FTX User Account relating to Request No. 8, including all Know Your Customer Information for each such entity or individual.

30.    Documents sufficient to show all borrow or loan transactions associated with the positions identified in response to Request No. 7.

Dated:    May 15, 2023          */s/ Jennifer M. Selendy*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, New York 10104
Tel.: 212-390-9000
jselendy@selendygay.com
fgay@selendygay.com
tagangawilliams@selendygay.com
cobrien@selendygay.com

*Co-Counsel to the Official Committee of
Unsecured Creditors*

# Subpoena Package 97

# West Realm Shires Financial Services Inc.

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 1)

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

| | |
|---|---|
| In re CELSIUS NETWORK LLC, et al., | Case No. 22-10964 (MG) |
| Debtor | |
| | Chapter 11 |

## SUBPOENA FOR RULE 2004 EXAMINATION

To: West Realm Shires Financial Services Inc.

166 N Green Street Suite 1101

Chicago, IL 60607

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| | |
| | |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

Please see the attached requests for the production of documents.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **05/15/2023**

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or transacts business in person, if the person
        (i) is a party or a party's officer; or
        (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
    (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
    (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        (i) fails to allow a reasonable time to comply;
        (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
        (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        (i) disclosing a trade secret or other confidential research, development, or commercial information; or

        (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
    (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        (i) expressly make the claim; and
        (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

***Ex Parte Order*, Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Official Committee of Unsecured Creditors to Issues *Subpoenas Duce Tecum* Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdiction over the Application; and the Application being a core proceeding; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Limited (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appearing therefor, it is

**ORDERED**, that the Application is granted; and it is further

**ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be, and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

**ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of this Order and any Subpoenas issued to them or make an appropriate motion for a protective order or to quash any Subpoenas; and it is further

**ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the production or inspection of documents or things on less than fourteen (14) days' notice; and it is further

**ORDERED**, that the terms and conditions of this Order are immediately effective and enforceable upon its entry; and it is further

**ORDERED**, that this Order is without prejudice to the rights of the Committee to apply for further discovery from any party or other entity or person; and it is further

**ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order, including adjudicating any discovery disputes that may arise between or among the parties.

**IT IS SO ORDERED.**

Dated:  May 11, 2023
          New York, New York


                                    _____/s/ Martin Glenn_____
                                        MARTIN GLENN
                                 Chief United States Bankruptcy Judge

# Attachment # 2

# *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY 10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
        fgay@selendygay.com
        tagangawilliams@selendygay.com
        cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[48] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS TO WEST REALM SHIRES FINANCIAL SERVICES INC.

Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "Local District Rules"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[48] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*,

Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al.

(the "Committee"), by and through its undersigned counsel, hereby requests that West Realm

Shires Financial Services Inc. produce documents in response to the requests below within 14 days

of service to the Committee's attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Amer-

icas, New York, NY 10104.

## DOCUMENT REQUESTS DEFINITIONS

1.      The singular form of a word includes the plural, and vice versa.

2.      Any tense of a verb includes all tenses.

3.      Any natural person includes that person's agents, assigns, attorneys, employees,

representatives, and successors.

4.      Any entity other than a natural person includes (a) that entity's present and former

agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, em-

ployees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors;

(b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or

owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf

of (a) or (b).

5.      "All," "any," and "each" mean any and all.

6.      "And" and "or" are construed both conjunctively and disjunctively.

7.      "Associated with" includes, but is not limited to, "affiliated with," "corresponding

to," "owned by," "controlled by," and "operated by."

8.      "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain iden-

tified as CEL.

2

9.      "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10.     "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.     "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12.     "FTX User Account" means a user account registered with the FTX Exchange.

13.     "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14.     "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15.     "Including" means including but not limited to.

16.     "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17.     "FTX Address" means a blockchain address associated with an FTX User Account.

3

18.     "Identified FTX Addresses" means the following FTX Addresses, and, for the avoidance of doubt, each is an "Identified FTX Address":

     a.     0xd84c82dcfb21572b68339f14453bfe39fdc81f74

     b.     0x2be52c6e141a314778b5ea702e8a9dc87b42d126

     c.     0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

     d.     0x44f73a35b995c7a55864209468925bf450cf0a00

     e.     0x1785904b28ad668b4778618f749db6b4a04472ed

     f.     0xd7cf4d9176519142bf64111d713d3f85cdff1b67

     g.     0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

     h.     0xb4e872704625ea0f69f95c856ad49aff44da2ba4

     i.     0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

     j.     0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19.     "You" and "Your" means and refers to any or all the FTX Debtors.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions and for purposes of these Requests, the following Instructions shall be followed:

1.     These Requests seek production of material in Your possession, custody, or control.

2.     These Requests seek production of nonprivileged material.

3.     For each Request, either state that You will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons.

4.     If You object to all or part of a Request, state whether You are withholding any responsive material based on that objection.

5.     If You object to part of a Request, specify the part and state that You will produce documents responsive to the rest.

4

6.      If You withhold responsive information by claiming that the information is privileged or subject to protection as trial-preparation material, expressly make the claim and describe the nature of the information privileged or protected in a manner that, without revealing information itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memorandum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author, addresses, and any other recipients of the Document; (e) where not apparent, the relationships of the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.      If after responding to any Request You learn that Your response is in some material respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including May 1, 2019 through the present.

## REQUESTS

20.     Documents sufficient to identify the FTX User Account(s) associated with each Identified FTX Address.

21.     Documents sufficient to identify the entity or individual associated with each FTX User Account identified in response to Request No. 1, including all Know Your Customer Information for each such entity or individual.

22.     Documents sufficient to identify all FTX User Account(s) associated with any entity or individual identified in response to Request No. 2, other than FTX User Accounts identified in response to Request No. 1.

5

23.     Documents sufficient to identify all FTX Address(es) associated with each FTX
User Account identified in response to Request No. 1 and Request No. 3, other than the Identified
FTX Addresses.

24.     Documents sufficient to show when each FTX User Account identified in response
to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.     Documents sufficient to show a complete transaction history for each FTX User
Account identified in response to Request No. 1 and Request No. 3.

26.     Documents sufficient to show all short positions with respect to the CEL Token on
an FTX Exchange from April 1, 2022 to August 30, 2022.

27.     Documents sufficient to identify the FTX Address(es) associated with each short
position identified in response to Request No. 7.

28.     Documents sufficient to identify the FTX User Account(s) associated with each
FTX Address identified in response to Request No. 8.

29.     Documents sufficient to identify the entity or individual associated with each FTX
User Account relating to Request No. 8, including all Know Your Customer Information for each
such entity or individual.

30.     Documents sufficient to show all borrow or loan transactions associated with the
positions identified in response to Request No. 7.

6

Dated:   May 15, 2023             */s/ Jennifer M. Selendy*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, New York 10104
Tel.: 212-390-9000
jselendy@selendygay.com
fgay@selendygay.com
tagangawilliams@selendygay.com
cobrien@selendygay.com

*Co-Counsel to the Official Committee of
Unsecured Creditors*

7

# Subpoena Package 98

# West Realm Shires Inc.

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re CELSIUS NETWORK LLC, et al.,
             Debtor

Case No. 22-10964 (MG)

Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: West Realm Shires Inc.
    167 N Green Street, Suite 1102
    Chicago, IL 60607

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

Please see the attached requests for the production of documents.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  **05/15/2023**

CLERK OF COURT

                                     OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors  who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page2)

inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A)*Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

(A)*When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A)*Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A)*Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

***Ex Parte Order*, Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Official Committee of Unsecured Creditors to Issues *Subpoenas Duce Tecum* Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdiction over the Application; and the Application being a core proceeding; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appearing therefor, it is

    **ORDERED**, that the Application is granted; and it is further

    **ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be, and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

    **ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of this Order and any Subpoenas issued to them or make an appropriate motion for a protective order or to quash any Subpoenas; and it is further

    **ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the production or inspection of documents or things on less than fourteen (14) days' notice; and it is further

    **ORDERED**, that the terms and conditions of this Order are immediately effective and enforceable upon its entry; and it is further

    **ORDERED**, that this Order is without prejudice to the rights of the Committee to apply for further discovery from any party or other entity or person; and it is further

    **ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order, including adjudicating any discovery disputes that may arise between or among the parties.

**IT IS SO ORDERED.**

Dated:  May 11, 2023
     New York, New York

                                            **/s/ Martin Glenn**
                                            MARTIN GLENN
                               Chief United States Bankruptcy Judge

# Attachment # 2

# *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY 10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
        fgay@selendygay.com
        tagangawilliams@selendygay.com
        cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[49] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS
TO WEST REALM SHIRES INC.**

Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "Local District Rules"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[49] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal
tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius
Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network
Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8
USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius
Network LLC's principal place of business and the Debtors' service address in these chapter 11
cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*,

Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al.

(the "Committee"), by and through its undersigned counsel, hereby requests that West Realm

Shires Inc. produce documents in response to the requests below within 14 days of service to the

Committee's attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Americas, New York,

NY 10104.

## DOCUMENT REQUESTS DEFINITIONS

1.    The singular form of a word includes the plural, and vice versa.

2.    Any tense of a verb includes all tenses.

3.    Any natural person includes that person's agents, assigns, attorneys, employees, representatives, and successors.

4.    Any entity other than a natural person includes (a) that entity's present and former agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, employees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors; (b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf of (a) or (b).

5.    "All," "any," and "each" mean any and all.

6.    "And" and "or" are construed both conjunctively and disjunctively.

7.    "Associated with" includes, but is not limited to, "affiliated with," "corresponding to," "owned by," "controlled by," and "operated by."

8.    "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain identified as CEL.

2

9.      "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made

applicable to this matter by Local Bankruptcy Rule 7026-1.

10.      "FTX Debtors" means entities that have filed voluntary petitions under chapter 11

of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING*

*LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors"

at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.      "FTX Exchange" means the digital asset exchange(s) and related digital asset trad-

ing platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by

the FTX Debtors and certain of their non-debtor affiliates.

12.      "FTX User Account" means a user account registered with the FTX Exchange.

13.      "Futures Contract" means an agreement to buy or sell a digital asset available to

transact in on FTX Exchange in the future at a predetermined price.

14.      "Identify" has the meaning afforded to it by Local District Rule 26.3, made appli-

cable to this matter by Local Bankruptcy Rule 7026-1.

15.      "Including" means including but not limited to.

16.      "Know Your Customer Information" means information provided to the FTX Ex-

change when an FTX User Account is registered, information provided to the FTX Exchange on

an ongoing basis about the individual or entity to whom the FTX User Account is registered, in-

formation obtained by the FTX Exchange from third parties about the individual or entity to whom

the FTX User Account is registered, and information provided to the FTX Exchange about the

individual or entity to whom the FTX User Account is registered through any other diligence ef-

forts.

17.      "FTX Address" means a blockchain address associated with an FTX User Account.

3

18.    "Identified FTX Addresses" means the following FTX Addresses, and, for the
avoidance of doubt, each is an "Identified FTX Address":

    a.    0xd84c82dcfb21572b68339f14453bfe39fdc81f74

    b.    0x2be52c6e141a314778b5ea702e8a9dc87b42d126

    c.    0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

    d.    0x44f73a35b995c7a55864209468925bf450cf0a00

    e.    0x1785904b28ad668b4778618f749db6b4a04472ed

    f.    0xd7cf4d9176519142bf64111d713d3f85cdff1b67

    g.    0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

    h.    0xb4e872704625ea0f69f95c856ad49aff44da2ba4

    i.    0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

    j.    0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19.    "You" and "Your" means and refers to any or all the FTX Debtors.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions and for purposes of these
Requests, the following Instructions shall be followed:

1.    These Requests seek production of material in Your possession, custody, or control.

2.    These Requests seek production of nonprivileged material.

3.    For each Request, either state that You will produce the requested material or state
with specificity the grounds for objecting to the Request, including the reasons.

4.    If You object to all or part of a Request, state whether You are withholding any
responsive material based on that objection.

5.    If You object to part of a Request, specify the part and state that You will produce
documents responsive to the rest.

4

6.      If You withhold responsive information by claiming that the information is privi-
leged or subject to protection as trial-preparation material, expressly make the claim and describe
the nature of the information privileged or protected in a manner that, without revealing infor-
mation itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document
You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memoran-
dum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author,
addresses, and any other recipients of the Document; (e) where not apparent, the relationships of
the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.      If after responding to any Request You learn that Your response is in some material
respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including
May 1, 2019 through the present.

## REQUESTS

20.     Documents sufficient to identify the FTX User Account(s) associated with each
Identified FTX Address.

21.     Documents sufficient to identify the entity or individual associated with each FTX
User Account identified in response to Request No. 1, including all Know Your Customer Infor-
mation for each such entity or individual.

22.     Documents sufficient to identify all FTX User Account(s) associated with any en-
tity or individual identified in response to Request No. 2, other than FTX User Accounts identified
in response to Request No. 1.

23.    Documents sufficient to identify all FTX Address(es) associated with each FTX User Account identified in response to Request No. 1 and Request No. 3, other than the Identified FTX Addresses.

24.    Documents sufficient to show when each FTX User Account identified in response to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.    Documents sufficient to show a complete transaction history for each FTX User Account identified in response to Request No. 1 and Request No. 3.

26.    Documents sufficient to show all short positions with respect to the CEL Token on an FTX Exchange from April 1, 2022 to August 30, 2022.

27.    Documents sufficient to identify the FTX Address(es) associated with each short position identified in response to Request No. 7.

28.    Documents sufficient to identify the FTX User Account(s) associated with each FTX Address identified in response to Request No. 8.

29.    Documents sufficient to identify the entity or individual associated with each FTX User Account relating to Request No. 8, including all Know Your Customer Information for each such entity or individual.

30.    Documents sufficient to show all borrow or loan transactions associated with the positions identified in response to Request No. 7.

6

Dated:   May 15, 2023                    */s/ Jennifer M. Selendy*
                                         **SELENDY GAY ELSBERG PLLC**
                                         Jennifer M. Selendy
                                         Faith E. Gay
                                         Temidayo Aganga-Williams
                                         Claire O'Brien
                                         1290 Avenue of the Americas
                                         New York, New York 10104
                                         Tel.: 212-390-9000
                                         jselendy@selendygay.com
                                         fgay@selendygay.com
                                         tagangawilliams@selendygay.com
                                         cobrien@selendygay.com

                                         *Co-Counsel to the Official Committee of
                                         Unsecured Creditors*

**Subpoena Package 99**

**West Realm Shires Services Inc.**

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 1)

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re CELSIUS NETWORK LLC, et al.,

Debtor

Case No. 22-10964 (MG)

Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: West Realm Shires Services Inc.
167 N Green Street, Suite 1102
Chicago, IL 60607

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

  Please see the attached requests for the production of documents.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  **05/15/2023**

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors  who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

***Ex Parte Order***, **Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Official Committee of Unsecured Creditors to Issues *Subpoenas Duce Tecum* Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdiction over the Application; and the Application being a core proceeding; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Limited (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED, that the Application is granted; and it is further

ORDERED, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be, and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

ORDERED, that the FTX Debtors are directed to either timely comply with the terms of this Order and any Subpoenas issued to them or make an appropriate motion for a protective order or to quash any Subpoenas; and it is further

ORDERED, that unless otherwise ordered by this Court, no Subpoena shall seek the production or inspection of documents or things on less than fourteen (14) days' notice; and it is further

ORDERED, that the terms and conditions of this Order are immediately effective and enforceable upon its entry; and it is further

ORDERED, that this Order is without prejudice to the rights of the Committee to apply for further discovery from any party or other entity or person; and it is further

ORDERED, that this Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order, including adjudicating any discovery disputes that may arise between or among the parties.

**IT IS SO ORDERED.**

Dated:  May 11, 2023
      New York, New York

 

                                     **/s/ Martin Glenn**
                                     MARTIN GLENN
                       Chief United States Bankruptcy Judge

# Attachment # 2

# *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
        fgay@selendygay.com
        tagangawilliams@selendygay.com
        cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[50] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

## OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS TO WEST REALM SHIRES SERVICES INC.

Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "Local District Rules"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[50] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*,

Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al.

(the "Committee"), by and through its undersigned counsel, hereby requests that West Realm

Shires Services Inc. produce documents in response to the requests below within 14 days of service

to the Committee's attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Americas, New

York, NY 10104.

## DOCUMENT REQUESTS DEFINITIONS

1.      The singular form of a word includes the plural, and vice versa.

2.      Any tense of a verb includes all tenses.

3.      Any natural person includes that person's agents, assigns, attorneys, employees,

representatives, and successors.

4.      Any entity other than a natural person includes (a) that entity's present and former

agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, em-

ployees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors;

(b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or

owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf

of (a) or (b).

5.      "All," "any," and "each" mean any and all.

6.      "And" and "or" are construed both conjunctively and disjunctively.

7.      "Associated with" includes, but is not limited to, "affiliated with," "corresponding

to," "owned by," "controlled by," and "operated by."

8.      "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain iden-

tified as CEL.

9.      "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10.     "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.     "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12.     "FTX User Account" means a user account registered with the FTX Exchange.

13.     "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14.     "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15.     "Including" means including but not limited to.

16.     "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17.     "FTX Address" means a blockchain address associated with an FTX User Account.

3

18.    "Identified FTX Addresses" means the following FTX Addresses, and, for the

avoidance of doubt, each is an "Identified FTX Address":

    a.        0xd84c82dcfb21572b68339f14453bfe39fdc81f74

    b.        0x2be52c6e141a314778b5ea702e8a9dc87b42d126

    c.        0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

    d.        0x44f73a35b995c7a55864209468925bf450cf0a00

    e.        0x1785904b28ad668b4778618f749db6b4a04472ed

    f.        0xd7cf4d9176519142bf64111d713d3f85cdff1b67

    g.        0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

    h.        0xb4e872704625ea0f69f95c856ad49aff44da2ba4

    i.        0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

    j.        0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19.    "You" and "Your" means and refers to any or all the FTX Debtors.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions and for purposes of these

Requests, the following Instructions shall be followed:

1.    These Requests seek production of material in Your possession, custody, or control.

2.    These Requests seek production of nonprivileged material.

3.    For each Request, either state that You will produce the requested material or state

with specificity the grounds for objecting to the Request, including the reasons.

4.    If You object to all or part of a Request, state whether You are withholding any

responsive material based on that objection.

5.    If You object to part of a Request, specify the part and state that You will produce

documents responsive to the rest.

4

6.      If You withhold responsive information by claiming that the information is privi-
leged or subject to protection as trial-preparation material, expressly make the claim and describe
the nature of the information privileged or protected in a manner that, without revealing infor-
mation itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document
You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memoran-
dum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author,
addresses, and any other recipients of the Document; (e) where not apparent, the relationships of
the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.      If after responding to any Request You learn that Your response is in some material
respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including
May 1, 2019 through the present.

## REQUESTS

20.     Documents sufficient to identify the FTX User Account(s) associated with each
Identified FTX Address.

21.     Documents sufficient to identify the entity or individual associated with each FTX
User Account identified in response to Request No. 1, including all Know Your Customer Infor-
mation for each such entity or individual.

22.     Documents sufficient to identify all FTX User Account(s) associated with any en-
tity or individual identified in response to Request No. 2, other than FTX User Accounts identified
in response to Request No. 1.

5

23.    Documents sufficient to identify all FTX Address(es) associated with each FTX
User Account identified in response to Request No. 1 and Request No. 3, other than the Identified
FTX Addresses.

24.    Documents sufficient to show when each FTX User Account identified in response
to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.    Documents sufficient to show a complete transaction history for each FTX User
Account identified in response to Request No. 1 and Request No. 3.

26.    Documents sufficient to show all short positions with respect to the CEL Token on
an FTX Exchange from April 1, 2022 to August 30, 2022.

27.    Documents sufficient to identify the FTX Address(es) associated with each short
position identified in response to Request No. 7.

28.    Documents sufficient to identify the FTX User Account(s) associated with each
FTX Address identified in response to Request No. 8.

29.    Documents sufficient to identify the entity or individual associated with each FTX
User Account relating to Request No. 8, including all Know Your Customer Information for each
such entity or individual.

30.    Documents sufficient to show all borrow or loan transactions associated with the
positions identified in response to Request No. 7.

Dated:   May 15, 2023

*/s/ Jennifer M. Selendy*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, New York 10104
Tel.: 212-390-9000
jselendy@selendygay.com
fgay@selendygay.com
tagangawilliams@selendygay.com
cobrien@selendygay.com

*Co-Counsel to the Official Committee of
Unsecured Creditors*

7

# Subpoena Package 100

# Zubr Exchange Ltd

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 1)
B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re CELSIUS NETWORK LLC, et al.,
Debtor

Case No. 22-10964 (MG)

Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Zubr Exchange Ltd
Glacias Road
Gibraltar GX11 1AA
Gibraltar

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

Please see the attached requests for the production of documents.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **05/15/2023**

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Official Committee of Unsecured Creditors who issues or requests this subpoena, are:

Jennifer M. Selendy, Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, New York 10104 Tel: 212-390-9000 Email: jselendy@selendygay.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or transacts business in person, if the person
        (i) is a party or a party's officer; or
        (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
    (A)*Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
    (A)*When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        (i) fails to allow a reasonable time to comply;
        (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
        (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        (i) disclosing a trade secret or other confidential research, development, or commercial information; or

        (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    (A)*Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
    (A)*Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        (i) expressly make the claim; and
        (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Attachment # 1

***Ex Parte Order***, **Pursuant to Fed. R. Bankr. P. 2004, Authorizing the Official Committee of Unsecured Creditors to Issues *Subpoenas Duce Tecum* Upon the FTX Debtors").**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### *EX PARTE* ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ISSUE *SUBPOENAS DUCES TECUM* UPON THE FTX DEBTORS

Upon the ex-parte application (the "Application") the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), for an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Committee to issue subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon the FTX Debtors;[2] and the Court having found that it has jurisdiction over the Application; and the Application being a core proceeding; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and no notice of the relief sought in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Limited (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] "FTX Debtors" refers to the entities that have filed voluntary petitions under chapter 11 of the Bankruptcy Code in the jointly administered cases styled *In re FTX Trading Ltd., et al.*, No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

Application being required or necessary; and after due deliberation and sufficient cause appearing therefor, it is

    **ORDERED**, that the Application is granted; and it is further

    **ORDERED**, that pursuant to Bankruptcy Rules 2004 and 9016, the Committee shall be, and hereby is authorized to serve the Subpoenas upon the FTX Debtors; and it is further

    **ORDERED**, that the FTX Debtors are directed to either timely comply with the terms of this Order and any Subpoenas issued to them or make an appropriate motion for a protective order or to quash any Subpoenas; and it is further

    **ORDERED**, that unless otherwise ordered by this Court, no Subpoena shall seek the production or inspection of documents or things on less than fourteen (14) days' notice; and it is further

    **ORDERED**, that the terms and conditions of this Order are immediately effective and enforceable upon its entry; and it is further

    **ORDERED**, that this Order is without prejudice to the rights of the Committee to apply for further discovery from any party or other entity or person; and it is further

    **ORDERED**, that this Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order, including adjudicating any discovery disputes that may arise between or among the parties.

**IT IS SO ORDERED.**

Dated:  May 11, 2023
       New York, New York

                                   **/s/ Martin Glenn**
                                    MARTIN GLENN
                         Chief United States Bankruptcy Judge

# Attachment # 2

# *Discovery Requests*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
Email: jselendy@selendygay.com
        fgay@selendygay.com
        tagangawilliams@selendygay.com
        cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, *et al.*,[2] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DISCOVERY REQUESTS
TO ZUBR EXCHANGE LTD**

Pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 2004 and

9016, Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern

Districts of New York (the "Local District Rules"), made applicable to this matter by Rule 2004-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"), and the *Ex Parte Order, Pursuant To Fed. R. Bankr. P. 2004, Authorizing The Official*

---

[2] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Committee Of Unsecured Creditors To Issue Subpoenas Duces Tecum Upon The FTX Debtors*,

Docket No. 2626, the Official Committee of Unsecured Creditors of Celsius Network LLC, et al.

(the "Committee"), by and through its undersigned counsel, hereby requests that Zubr Exchange

Ltd produce documents in response to the requests below within 14 days of service to the Com-

mittee's attorneys Selendy Gay Elsberg PLLC, at 1290 Avenue of the Americas, New York, NY

10104.

## DOCUMENT REQUESTS DEFINITIONS

1.    The singular form of a word includes the plural, and vice versa.

2.    Any tense of a verb includes all tenses.

3.    Any natural person includes that person's agents, assigns, attorneys, employees,

representatives, and successors.

4.    Any entity other than a natural person includes (a) that entity's present and former

agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, em-

ployees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors;

(b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or

owned by that entity; and (c) and any other person or entity acting or purporting to act on behalf

of (a) or (b).

5.    "All," "any," and "each" mean any and all.

6.    "And" and "or" are construed both conjunctively and disjunctively.

7.    "Associated with" includes, but is not limited to, "affiliated with," "corresponding

to," "owned by," "controlled by," and "operated by."

8.    "CEL Token" means the ERC-20 token deployed on the Ethereum blockchain iden-

tified as CEL.

2

9.  "Document(s)" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

10.  "FTX Debtors" means entities that have filed voluntary petitions under chapter 11 of title 11 of the United States Code in the jointly-administered cases styled *In re: FTX TRADING LTD.*, et al., No. 22-11068 (Bankr. D. Del.), a list of which can be found under "List of Debtors" at https://restructuring.ra.kroll.com/FTX/Home-Index.

11.  "FTX Exchange" means the digital asset exchange(s) and related digital asset trading platform(s) founded by Sam Bankman-Fried, Gary Wang, and Nishad Singh and operated by the FTX Debtors and certain of their non-debtor affiliates.

12.  "FTX User Account" means a user account registered with the FTX Exchange.

13.  "Futures Contract" means an agreement to buy or sell a digital asset available to transact in on FTX Exchange in the future at a predetermined price.

14.  "Identify" has the meaning afforded to it by Local District Rule 26.3, made applicable to this matter by Local Bankruptcy Rule 7026-1.

15.  "Including" means including but not limited to.

16.  "Know Your Customer Information" means information provided to the FTX Exchange when an FTX User Account is registered, information provided to the FTX Exchange on an ongoing basis about the individual or entity to whom the FTX User Account is registered, information obtained by the FTX Exchange from third parties about the individual or entity to whom the FTX User Account is registered, and information provided to the FTX Exchange about the individual or entity to whom the FTX User Account is registered through any other diligence efforts.

17.  "FTX Address" means a blockchain address associated with an FTX User Account.

3

18.    "Identified FTX Addresses" means the following FTX Addresses, and, for the

avoidance of doubt, each is an "Identified FTX Address":

      a.    0xd84c82dcfb21572b68339f14453bfe39fdc81f74

      b.    0x2be52c6e141a314778b5ea702e8a9dc87b42d126

      c.    0xe78f531e2904fd35cb1429f3d72e9dcddaaeb87a

      d.    0x44f73a35b995c7a55864209468925bf450cf0a00

      e.    0x1785904b28ad668b4778618f749db6b4a04472ed

      f.    0xd7cf4d9176519142bf64111d713d3f85cdff1b67

      g.    0x35065ff705bf0dd0d1f5a99a9df85dc5dd40f046

      h.    0xb4e872704625ea0f69f95c856ad49aff44da2ba4

      i.    0x9ae84342a3cf5587dd9110a461f2f4813cd98a15

      j.    0x6ba3f5617cd50c36b118bf94ab5c33e03686ad49

19.    "You" and "Your" means and refers to any or all the FTX Debtors.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions and for purposes of these

Requests, the following Instructions shall be followed:

1.    These Requests seek production of material in Your possession, custody, or control.

2.    These Requests seek production of nonprivileged material.

3.    For each Request, either state that You will produce the requested material or state

with specificity the grounds for objecting to the Request, including the reasons.

4.    If You object to all or part of a Request, state whether You are withholding any

responsive material based on that objection.

5.    If You object to part of a Request, specify the part and state that You will produce

documents responsive to the rest.

4

6.      If You withhold responsive information by claiming that the information is privi-
leged or subject to protection as trial-preparation material, expressly make the claim and describe
the nature of the information privileged or protected in a manner that, without revealing infor-
mation itself privileged or protected, will enable Plaintiffs to assess the claim. For each Document
You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memoran-
dum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author,
addresses, and any other recipients of the Document; (e) where not apparent, the relationships of
the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7.      If after responding to any Request You learn that Your response is in some material
respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

Unless otherwise specified, these Requests cover the time period from and including
May 1, 2019 through the present.

## REQUESTS

20.      Documents sufficient to identify the FTX User Account(s) associated with each
Identified FTX Address.

21.      Documents sufficient to identify the entity or individual associated with each FTX
User Account identified in response to Request No. 1, including all Know Your Customer Infor-
mation for each such entity or individual.

22.      Documents sufficient to identify all FTX User Account(s) associated with any en-
tity or individual identified in response to Request No. 2, other than FTX User Accounts identified
in response to Request No. 1.

5

23.     Documents sufficient to identify all FTX Address(es) associated with each FTX User Account identified in response to Request No. 1 and Request No. 3, other than the Identified FTX Addresses.

24.     Documents sufficient to show when each FTX User Account identified in response to Request No. 1 and Request No. 3 was created and, where applicable, closed.

25.     Documents sufficient to show a complete transaction history for each FTX User Account identified in response to Request No. 1 and Request No. 3.

26.     Documents sufficient to show all short positions with respect to the CEL Token on an FTX Exchange from April 1, 2022 to August 30, 2022.

27.     Documents sufficient to identify the FTX Address(es) associated with each short position identified in response to Request No. 7.

28.     Documents sufficient to identify the FTX User Account(s) associated with each FTX Address identified in response to Request No. 8.

29.     Documents sufficient to identify the entity or individual associated with each FTX User Account relating to Request No. 8, including all Know Your Customer Information for each such entity or individual.

30.     Documents sufficient to show all borrow or loan transactions associated with the positions identified in response to Request No. 7.

6

Dated:    May 15, 2023

*/s/ Jennifer M. Selendy*

**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, New York 10104
Tel.: 212-390-9000
jselendy@selendygay.com
fgay@selendygay.com
tagangawilliams@selendygay.com
cobrien@selendygay.com

*Co-Counsel to the Official Committee of*
*Unsecured Creditors*

7