Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**NOTICE OF FILING OF REVISED**
**PROPOSED ORDER (I) AUTHORIZING THE**
**DEBTORS TO ENTER INTO WITNESS COOPERATION**
**AGREEMENTS WITH CERTAIN CURRENT AND FORMER**
**EMPLOYEES, (II) AUTHORIZING REIMBURSEMENT OF PAST AND**
**FUTURE OUT-OF-POCKET EXPENSES OF COOPERATING WITNESSES,**
**INCLUDING ATTORNEY'S FEES, AND (III) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE** that on February 28, 2023, the above-captioned debtors and

debtors in possession (collectively, the "Debtors") filed the *Debtors' Motion Seeking Entry of an*

*Order (I) Authorizing the Debtors to Enter into Witness Cooperation Agreements with Certain*

*Current and Former Employees, (II) Authorizing Reimbursement of Past and Future Out-of-*

*Pocket Expenses of Cooperating Witnesses, Including Attorney's Fees, and (III) Granting Related*

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Relief* [Docket No. 2147] (the "<u>Motion</u>," and the order attached as <u>Exhibit A</u> thereto, the "<u>Initial Order</u>").

**PLEASE TAKE FURTHER NOTICE** that the Debtors hereby submit a revised proposed *Order (I) Authorizing the Debtors to Enter into Witness Cooperation Agreements with Certain Current and Former Employees, (II) Authorizing Reimbursement of Past and Future Out-of-Pocket Expenses of Cooperating Witnesses, Including Attorney's Fees, and (III) Granting Related Relief* attached hereto as **<u>Exhibit 1</u>** (the "<u>Revised Order</u>"), reflecting comments from the official committee of unsecured creditors.

**PLEASE TAKE FURTHER NOTICE** that a comparison between the Initial Order and the Revised Order is attached hereto as **<u>Exhibit 2</u>**.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion, Initial Order, Revised Order, and other pleadings filed in these chapter 11 cases may be obtained free of charge by visiting the website of Stretto at https://cases.stretto.com/celsius.  You may also obtain copies of the Motion and other pleadings filed in these chapter 11 cases by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

*[Remainder of page intentionally left blank]*

New York, New York
Dated: May 15, 2023

/s/ Joshua A. Sussberg

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:      (212) 446-4900
Email:            joshua.sussberg@kirkland.com

  - and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:      (312) 862-2200
Email:            patrick.nash@kirkland.com
                      ross.kwasteniet@kirkland.com
                      chris.koenig@kirkland.com
                      dan.latona@kirkland.com

*Counsel to the Debtors and Debtors in Possession*

**<u>Exhibit 1</u>**

**Revised Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.,*[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## ORDER (I) AUTHORIZING THE DEBTORS TO ENTER INTO WITNESS COOPERATION AGREEMENTS WITH CERTAIN CURRENT AND FORMER EMPLOYEES, (II) AUTHORIZING REIMBURSEMENT OF PAST AND FUTURE OUT-OF-POCKET EXPENSES OF COOPERATING WITNESSES, INCLUDING ATTORNEY'S FEES, AND (III) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) authorizing the Debtors to enter into reimbursement agreements with certain current and former employees; (b) authorizing reimbursement of out of pocket expenses of certain current and former employees, including attorney's fees; and (c) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing thereon were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.    The Motion is granted on a final basis as set forth herein.

2.    The Debtors are authorized to implement the following procedures for reimbursement of Expenses of certain qualified current and former employees ("Eligible Individuals") associated with participating in Investigations (the "Reimbursement Procedures").

3.    The Debtors, with the consent of the Committee, are authorized to designate current and/or former employees as Eligible Individuals on the procedures set forth below: [3]

  a.    As soon as reasonably practicable after entry of the Order, the Debtors, in consultation with the Special Committee, shall provide the Committee with a proposed list of current and/or former employees to serve as Eligible Individuals, which list may be updated from time to time.

  b.    The Debtors and the Committee shall determine which employees will be offered to enter into a Reimbursement Agreement,[4] whereby such employee will agree to cooperate in future Investigations, including those in connection with the Litigation Stipulation, the estimation of the intercompany claim between Celsius Network LLC and Celsius Network Limited ("CNL"), diligence requests of the Debtors and the Committee related to those chapter 11 cases, including litigation and disputes related to the chapter 11 cases, and confirmation of a plan of reorganization, and be

---

[3]    For the avoidance of doubt, none of the Prospective Defendants shall be designated as Eligible Individuals.

[4]    "Reimbursement Agreement" shall have the same meaning ascribed to "Cooperation Agreement" in the Motion. A form of the proposed Reimbursement Agreement is attached hereto as **Exhibit A**.

deemed an Eligible Individual. For the avoidance of doubt, no employee may be deemed an Eligible Individual without the consent of the Committee.

c.     The Debtors shall notify any potential Eligible Individual in writing (email being sufficient) of their eligibility to become an Eligible Individual upon execution of a Reimbursement Agreement and eligibility for reimbursement of Expenses on the terms set forth in the Reimbursement Procedures. Any such potential Eligible Individual shall be deemed an Eligible Individual upon execution of a Reimbursement Agreement, which must be acceptable in form and substance to the Debtors and the Committee.

4.     The Debtors are authorized to reimburse Eligible Individuals for Past Reimbursement Requests (as defined below) on the procedures set forth below:[5]

a.     Within thirty days after executing a Reimbursement Agreement, Eligible Individuals seeking reimbursement of Expenses incurred after the Petition Date through and including the date he or she becomes an Eligible Individual (a "Past Reimbursement Request") shall provide (i) an invoice setting forth in reasonable detail the nature of the services rendered by Employee Counsel, including Employee Counsel fees and expenses incurred, during the applicable period, and a copy of other Expenses incurred in connection with the Investigations (if any), (ii) a detailed list of the Investigations participated in to date, including the dates of interviews (if any), and (iii) a copy of Employee Counsel's engagement letter (collectively, the "Reimbursement Documents") to (w) Celsius Network LLC, 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030, Attn: Ron Deutsch (ron.deutsch@celsius.network), (x) counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C. and Elizabeth H. Jones, and 300 North LaSalle, Chicago, Illinois 60654; Attn: Patrick J. Nash, Jr., P.C., Ross M. Kwasteniet, P.C., Christopher S. Koenig, and Dan Latona, (y) counsel to the Committee, White & Case LLP, 1221 Avenue of the Americas, New York, New York 10020, Attn: David Turetsky (david.turetsky@whitecase.com) and Samuel P. Hershey (sam.hershey@whitecase.com), White & Case, 111 South Wacker Drive, Suite 5100, Chicago, Illinois 60606, Attn: Michael C. Andolina (mandolina@whitecase.com) and Gregory F. Pesce (gregory.pesce@whitecase.com), White & Case LLP, 200 South Biscayne Blvd., Suite 4900, Miami, Florida 33133, Attn: Keith H. Wofford (kwofford@whitecase.com), and White & Case LLP, 555 South Flower

---

[5]    For the avoidance of doubt, no employee shall be eligible for a Past Reimbursement Request without first being designated as an Eligible Individual.

Street, Suite 2700, Los Angeles, California 90071, Attn: Aaron E. Colodny (aaron.colodny@whitecase.com), and (z) the United States Trustee for the Southern District of New York (the "U.S. Trustee"), U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Shara Cornell, Mark Bruh, and Brian S. Masumoto (collectively, the "Notice Parties").

b.    The Debtors and the Committee shall have fourteen (14) days after receiving the Reimbursement Documents to determine the amount of the Past Reimbursement Request that should be paid (if any) and shall notify the U.S. Trustee of that determination via email. The U.S. Trustee shall have seven (7) days after receiving notice of the amount of the Past Reimbursement Request the Debtors and the Committee propose to pay to object (the "Objection Deadline") to the payment of any such expense, with any such objection to be sent via email to the Debtors and the Committee. The parties shall work in good faith to resolve any such objection.

c.    As soon as reasonably practicable after the Objection Deadline, the Debtors shall file a notice on the docket providing (1) the identity of the Eligible Individual, (2) the relevant Employee Counsel, (3) a general description of the investigations participated in by the Eligible Individual, (4) a summary of any objections (if any), (5) the agreed (by and among the Debtors and the Committee) amount of any Past Reimbursement Request to be paid regardless of any objections (if any) (such notice, a "Reimbursement Notice"), and (6) whether the Eligible Individual is aware of potential future participation in any Investigation and what it intends that future participation to be.

d.    Absent further order of the Court, within fourteen (14) calendar days of filing a Reimbursement Notice (the "Reimbursement Notice Deadline"), the Debtors shall be authorized to satisfy any Past Reimbursement Request in the amount set forth in such Reimbursement Notice. The Debtors shall notify the Eligible Individual (or counsel to the Eligible Individual) in writing (email being sufficient) within two business days after the Reimbursement Notice Deadline of the amount of Past Reimbursement Request that shall be paid.

e.    No amounts shall be paid pursuant to a Past Reimbursement Request unless both the Debtors and the Committee consent to such payment and the Court does not enter a further order with respect to that payment. The Debtors shall not pay more than **$2,500,000** on behalf of all Past Reimbursement Requests absent further order of the Court.

f.    The Eligible Individual, Employee Counsel, and the Notice Parties reserve all rights to seek satisfaction of any other reimbursement request by separate Court order or under the D&O Policies.

5.      The Debtors shall be authorized to pay Future Reimbursement Requests as follows:[6]

a.      After any employee is designated an Eligible Individual and notice has been provided to the Court, the Debtors shall be authorized to pay, without formal application to the Court by any Eligible Individual and/or Employee Counsel, but with the consent of the Committee, up to 100 percent of Expenses of the applicable Employee Counsel upon submission to the Notice Parties of the Reimbursement Documents and subject to the limitations set forth below (collectively, the "Future Reimbursement Requests").

b.      An Eligible Individual shall be required to provide the Debtors and the Committee written notice one week in advance of any expected activity as an Eligible Individual, and such notice shall contain a non-binding estimate of Expenses related to such activity, and provide the Committee with the opportunity to participate in any such activity (to the extent permitted under applicable law). To the extent such notice is not provided, the Debtors shall not be obligated to pay any Future Reimbursement Request related to such activity. The Debtors and the Committee shall have the right to refuse payment of the expenses with respect to any such Future Reimbursement Request, in which case, such Future Reimbursement Request shall not be paid without further order of the Court.

c.      While these chapter 11 cases are pending, payment on account of Future Reimbursement Requests shall be limited to **$30,000 per month** on average over a rolling three-month period per Eligible Individual (the "Reimbursement Cap") or **$90,000 in the aggregate per Eligible Individual** (the "Reimbursement Case Cap").[7] All payments on account of Future Reimbursement Requests shall be limited to **$1,500,000 in the aggregate** (the "Aggregate Reimbursement Cap").

d.      The Reimbursement Cap, the Reimbursement Case Cap, or Aggregate Reimbursement Cap may be increased by mutual agreement between the Debtors and the Committee (the "Excess Reimbursement Fees"); *provided* that the Debtors shall file a notice with the Court of any such agreed increase (the "Notice of Excess Reimbursement Fees"). Interested parties shall have fourteen days to file an objection to the Notice of Excess Reimbursement Fees with the Court, which objection shall be filed in compliance with the

---

[6]   For the avoidance of doubt, no employee shall be eligible for a Future Reimbursement Request without first being designated as an Eligible Individual.

[7]   For the avoidance of doubt, payment of any Past Reimbursement Requests ***shall not*** apply to the Reimbursement Case Cap.

Case Management Procedures.  If after fourteen days no objection is filed, the Excess Reimbursement Fees shall be deemed approved, and the Eligible Individual may be paid up to 100 percent of his or her Expenses without the need to file a fee application.

e.    To the extent there is no agreement with respect to a proposed increase in the Reimbursement Cap and the Reimbursement Case Cap as indicated in subparagraph 5(d), the Eligible Individual, Employee Counsel, and the Notice Parties reserve all rights to seek satisfaction of any Future Reimbursement Request by separate Court order.

f.    Beginning on the quarter ending June 30, 2023, and for each quarter thereafter during which these chapter 11 cases are pending, the Debtors shall, within thirty days thereof, serve on the Notice Parties and the U.S. Trustee a statement with respect to each Eligible Individual paid during the immediately preceding quarterly period (the "Quarterly Statement").  Each Quarterly Statement shall include:  (i) the name of the Eligible Individual; (ii) the aggregate amounts reimbursed as Expenses incurred by that Eligible Individual during the reported quarter; and (iii) a general description of the Investigations participated in by that Eligible Individual.

6.    Absent further order of the Court, none of the Prospective Defendants shall be designated as Eligible Individuals, and such parties shall not be entitled to receive reimbursement by the Debtors for any Expenses.  No later than fourteen (14) calendar days after the entry of this Order, the Debtors shall provide the U.S. Trustee and the Committee with all documents related to any disbursements made by the Debtors to any Prospective Defendants or their counsel with respect to any Investigation or other proceeding involving a Prospective Defendant from July 13, 2021 to the date of the entry of this Order.  All parties' rights are reserved with respect to any such disbursement.

7.    Eligible Individuals may not use the Reimbursement Procedures to seek reimbursement of Expenses incurred in relation to any civil or criminal prosecution of such Eligible Individual, and the Debtors shall not authorize the reimbursement of any Expenses of Eligible Individual related to any civil or criminal prosecution of such Eligible Individual, absent further order of the Court.  For the avoidance of doubt, the Debtors are not authorized to pay any

6

Past Reimbursement Request and/or Future Reimbursement Request related to anything set forth in this paragraph 7.

8.     To the extent (a) a judge or jury determines, or a Eligible Individual admits under oath, that (i) an Eligible Individual is not entitled to reimbursement of Expenses under this Order, or (ii) a Eligible Individual's testimony or representations, including those in the applicable Reimbursement Agreement, were not truthful, or (b) an Eligible Individual is convicted of any crime in connection with their employment with Celsius or conduct in the Investigations, the Eligible Individual and/or Employee Counsel shall be required to disgorge to the Debtors or their successor any amounts paid pursuant to this Order within fourteen (14) calendar days of such event.

9.     The Debtors shall have subrogation rights against the D&O Policies in connection with any reimbursed Expenses.

10.    The Debtors shall not be authorized to reimburse any amounts already paid to Employee Counsel by an Eligible Individual.

11.    The Debtors are authorized to reimburse the Expenses with the consent of the Committee pursuant to the Reimbursement Procedures, subject to the completion of a Reimbursement Agreement, as applicable, and solely with respect to the employees' cooperation in connection with the Investigations by paying the applicable Employee Counsel directly.

12.    Nothing herein (a) alters or amends the terms and conditions of an engagement letter between an employee and their respective Employee Counsel, (b) relieves the Debtors of any of their obligations under an employee's employment agreement, or (c) precludes or limits, in any way, the rights of any insurer or the Debtors to contest and/or litigate the existence, primacy, and/or scope of available coverage under applicable D&O liability insurance.

13.    Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, except as explicitly provided for in this Order, nothing in this Order shall be deemed: (a) an admission as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens.  Any payment made pursuant to this Order is not intended and should not be construed as an admission as the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

14.    Notwithstanding anything to the contrary in the Motion, this Order, or any findings announced at the Hearing, nothing in the Motion, this Order, or announced at the Hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the rights of the United States Securities and Exchange Commission and the Committee to challenge transactions involving crypto tokens on any basis are expressly reserved.

15.    Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

16.    Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

17.    The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

18.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2023

_____
THE HONORABLE MARTIN GLENN
CHIEF UNITED STATES BANKRUPTCY JUDGE

## Exhibit A

**Reimbursement Agreement**

[Celsius Letterhead]

[Eligible Individual]
[Address]
[City, State ZIP]

Re:    Reimbursement Agreement

Dear [Eligible Individual]:

As you are aware, Celsius Network LLC and its debtor-affiliates (together, "Celsius" or the "Debtors") are and may become involved in certain investigations related to Celsius's ongoing chapter 11 cases,[1] civil litigation, and other proceedings or disputes involving Celsius (collectively, the "Investigations"). On May [●], 2023, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order authorizing Celsius to enter into Reimbursement Agreements[2] with certain current and former employees designated eligible individuals (the "Eligible Individuals").

You have been identified as a potential Eligible Individual. To be designated an Eligible Individual, you must execute this Reimbursement Agreement (this "Agreement") and return it to the Debtors. Upon execution of this Agreement, pursuant to the Employee Reimbursement Order, Celsius may reimburse certain past and future legal fees and expenses, including transportation and lodging costs (collectively, "Expenses"), that you may incur, or previously incurred, in connection with the Investigations pursuant to the procedures set forth in the Employee Reimbursement Order and subject to the following conditions:

1.    You hereby affirm that during your employment at Celsius and in connection with the Investigations, you have acted and will continue to act in good faith and in a manner you reasonably believe to be lawful and in the best interests of Celsius.

2.    You shall provide reasonable and timely cooperation in the Investigations. Celsius and/or the official committee of unsecured creditors (the "Committee")[3] may request information regarding: (x) your current and/or former employment with Celsius; (y) the performance of your roles and responsibilities at Celsius; and (z) events occurring during your employment by Celsius or about which you may have relevant information. Your

---

[1]    *In re Celsius Network LLC,* et al., Case No. 22-10964 (MG) (Bankr. S.D.N.Y).

[2]    Capitalized terms used and not otherwise defined herein shall have the meaning ascribed to them in the *Order (I) Authorizing the Debtors to Enter into Witness Cooperation Agreements with Certain Current and Former Employees, (II) Authorizing Reimbursement of Past and Future Out-Of-Pocket Expenses of Cooperating Witnesses, Including Attorney's Fees, and (III) Granting Related Relief* [Docket No. [●]], *In re Celsius Network LLC,* et al., Case No. 22-10964 (MG) (Bankr. S.D.N.Y) (the "Employee Reimbursement Order").

[3]    Any litigation trust created by any plan of reorganization for Celsius shall be deemed a successor-in-interest to the Committee under this Agreement and shall have the same rights as are afforded to the Committee herein.

cooperation shall include:  (i) being available to meet with and provide truthful and complete information to Celsius and its counsel, the Committee and its counsel, or other agents in connection with fact-finding, investigatory, discovery, and/or pre-litigation or other proceedings; (ii) providing, upon request by Celsius or the Committee, any document, record, electronic device (including cellular telephone) or other tangible evidence relating in any way to your association with Celsius during the last five years; and (iii) providing truthful and complete testimony (including via affidavit, deposition, at trial, or otherwise) in connection with any such matter, all without the requirement of being subpoenaed.

3.    You agree to provide adequate notice and documentation for all reimbursement requests, pursuant to the Employee Reimbursement Order. *To wit*:

(a)    <u>Reimbursement Requests</u>:

(i)    <u>Past Reimbursement Requests</u>:  To become eligible for reimbursement of Expenses in connection with the Investigations incurred after the Petition Date through and including the date of your status as an Eligible Individual (the "<u>Past Reimbursement Request</u>"), you or your counsel shall provide, within thirty days after executing this Agreement:  (i) an invoice setting forth in reasonable detail the nature of the services rendered by your counsel, including your counsel's fees and expenses incurred during the applicable time period, and a copy of other Expenses incurred in connection with the Investigations (if any) during such time period, (ii) a detailed list of the Investigations participated in to date, including the dates of interviews (if any),  and (iii) a copy of the engagement letter entered into by you and your counsel (collectively, the "<u>Reimbursement Documents</u>"), to (w) Celsius Network LLC, 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030, Attn:   Ron Deutsch (ron.deutsch@celsius.network), (x) counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn:  Joshua A. Sussberg, P.C. and Elizabeth H. Jones, and 300 North LaSalle, Chicago, Illinois 60654; Attn:  Patrick J. Nash, Jr., P.C., Ross M. Kwasteniet, P.C., Christopher S. Koenig, and Dan Latona, (y) counsel to the Committee, White & Case LLP, 1221 Avenue of the Americas, New York, New York 10020, Attn: David Turetsky (david.turetsky@whitecase.com) and Samuel P. Hershey (sam.hershey@whitecase.com), White & Case, 111 South Wacker Drive, Suite 5100, Chicago, Illinois 60606, Attn: Michael C. Andolina (mandolina@whitecase.com) and Gregory F. Pesce (gregory.pesce@whitecase.com), White & Case LLP, 200 South Biscayne Blvd., Suite 4900, Miami, Florida 33133, Attn: Keith H. Wofford (kwofford@whitecase.com), and White & Case LLP, 555 South Flower Street, Suite 2700, Los Angeles, California 90071, Attn: Aaron E. Colodny (aaron.colodny@whitecase.com), and (z) the United States Trustee for the Southern District of New York (the "<u>U.S. Trustee</u>"), U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Shara Cornell, Mark Bruh, and Brian S. Masumoto (collectively, the "<u>Notice Parties</u>").

The Debtors and the Committee shall have fourteen (14) days after receiving the Reimbursement Documents to determine the amount of the Past Reimbursement Request that should be paid (if any) and shall notify the U.S. Trustee of that determination via email. The U.S. Trustee shall have seven (7) days after receiving notice of the amount of the Past Reimbursement Request the Debtors and the Committee propose to pay to object (the "Objection Deadline") to the payment of any such expense, with any such objection to be sent via email to the Debtors and the Committee. The parties shall work in good faith to resolve any such objection.

(ii)    Future Reimbursement Requests: To become eligible for reimbursement of Expenses in connection with the Investigations, incurred after the date of this Agreement ("Future Reimbursement"), you or your counsel shall: (x) provide the Debtors and the Committee written notice one week in advance of any expected activity as an Eligible Individual, and such notice shall contain a description of the activity and a non-binding estimate of Expenses related to such activity, and provide the Debtors and the Committee with the opportunity to participate in any such activity (to the extent permitted under applicable law); and (y) upon incurring Expenses for which you seek reimbursement, submit to the Notice Parties the Reimbursement Documents. To the extent such notice is not provided, the Debtors shall not be obligated to pay any Future Reimbursement Request related to such activity. The Debtors and the Committee shall have the right to refuse payment of the expenses with respect to any such Future Reimbursement Request, in which case, such Future Reimbursement Request shall not be paid without further order of the Court.

Future Reimbursement shall be limited to $30,000 per month on average over a rolling three-month period or $90,000 in the aggregate. All payments on account of Future Reimbursement Requests shall be limited to $1,500,000 in the aggregate.

4.    This Agreement, and Celsius's reimbursement of Expenses pursuant to this Agreement, shall terminate upon Celsius's or the Committee's determination, in their sole discretion and without recourse to review, that it is no longer appropriate to provide such payments. Nothing herein shall require Celsius to reimburse Expenses that Celsius and/or the Committee determines, in their sole discretion and without recourse to review, are unreasonable or excessive.

5.    You agree that you are not entitled to any reimbursement of Expenses under this Agreement except to the extent that reimbursement is authorized by the Employee Reimbursement Order, including the expiration of the Objection Deadline and Reimbursement Notice Deadline, as applicable, or order of the Court as set forth therein, and approved by the Debtors and the Committee in their sole discretion. In the event of any inconsistency between this Agreement and the Employee Reimbursement Order, the terms of the Employee Reimbursement Order shall govern and control. For avoidance of doubt, nothing in this paragraph operates to waive any rights or claims you may have as

3

against insurance policies held by the Debtors, nor shall this paragraph be construed as providing or supporting such rights or claims.

6.    Celsius shall not make any payment of any Expenses to you incurred in relation to any criminal prosecution or investigation of you.  In the event that you become the subject of a criminal investigation or prosecution, you agree to provide written notice to the Debtors and the Committee as soon as reasonably possible, to the extent permitted by law.  The Debtors and the Committee agree to keep such information confidential unless and until the investigation and/or prosecution becomes public.

7.    Celsius shall not make any payment of any Expense if and to the extent you have otherwise actually received payment for such Expense, whether pursuant to any insurance policy or otherwise; provided, however, that payment made to you pursuant to an insurance policy purchased and maintained by you at your expense shall not reduce any payment of Expenses pursuant to this Agreement.  To the extent you receive payment for any Expense from any insurance policy after having already received payment for such Expense from Celsius pursuant to this Agreement, you agree to reimburse Celsius in that amount.

8.    You agree to repay Celsius for all amounts reimbursed, pursuant to this Agreement, if a judge or jury determines, or you admit under oath, that:  (i) you are not entitled to reimbursement of Expenses under the Employee Reimbursement Order; (ii) your testimony or representations, including those in this Agreement, were not truthful or (iii) you are convicted of any crime in connection with your employment with Celsius or conduct in the Investigations.

9.    For the avoidance of doubt, no amounts shall be paid under this Agreement in connection with the defense of any civil or criminal actions brought against you.

10.    This Agreement sets forth the entire agreement between the parties hereto, fully supersedes any and all prior agreements or understandings between the parties, and can be modified only in a written agreement signed by you, on the one hand, and an officer of the Debtors, on the other hand, and with the written consent of the Committee.  You specifically acknowledge and agree that, notwithstanding any discussions or negotiations you may have had with the Debtors, any representatives of the Debtors, the Committee, or any representatives of the Committee prior to the execution of this Agreement, you are not relying on any promises or assurances other than those explicitly contained in this Agreement.

11.    The Bankruptcy Court shall have exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Agreement.

     Please feel free to review this Agreement with your counsel.  Afterward, acknowledge your acceptance of the terms of this Agreement by signing and returning a copy of this letter to your counsel, who will then forward it counsel for Celsius and the Committee.


          CELSIUS NETWORK, LLC


          _____

          By:    Ron Deutsch
          Its:    General Counsel


     I, [Eligible Individual] agree that that the foregoing representations are true, and I will comply with this Agreement.

Accepted and agreed to in full:



_____
[Eligible Individual]

**<u>Exhibit 2</u>**

**Redline**

UNITED             STATES        BANKRUPTCY            COURT
SOUTHERN DISTRICT OF NEW YORK

_____
                                              )
In re:                                        )      Chapter 11
                                              )
CELSIUS NETWORK LLC, *et al.*,[1]             )      Case No. 22-10964 (MG)
                                              )
                        Debtors.              )      (Jointly Administered)
_____     )

~~ORDER~~ORDER **(I)** ~~AUTHORIZING THE DEBTORS~~AUTHORIZING THE DEBTORS
TO ENTER INTO WITNESS COOPERATION
AGREEMENTS WITH CERTAIN CURRENT AND FORMER

~~TO ENTER INTO WITNESS COOPERATION~~
~~AGREEMENTS WITH CERTAIN CURRENT AND FORMER~~

~~EMPLOYEES~~EMPLOYEES**, (II)** ~~AUTHORIZING REIMBURSEMENT OF PAST~~
~~AND~~AUTHORIZING REIMBURSEMENT OF PAST AND

~~FUTURE OUT-OF-POCKET EXPENSES OF COOPERATING WITNESSES,~~
~~INCLUDING ATTORNEY'S FEES, AND (III) GRANTING RELATED RELIEF~~

FUTURE OUT-OF-POCKET EXPENSES OF COOPERATING WITNESSES,
INCLUDING ATTORNEY'S FEES, AND (III) GRANTING RELATED RELIEF

Upon the motion (the "<u>Motion</u>")[2] of the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") for entry of an order (this "<u>Order</u>"), (a) authorizing the Debtors to enter into ~~Cooperation~~reimbursement ~~A~~agreements with certain current and former employees; (b) authorizing reimbursement of out of pocket expenses of ~~Cooperating Witnesses~~certain current and former employees, including attorney's fees; and (c) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing thereon were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted on a final basis as set forth herein.

2.      The Debtors are authorized to implement the following procedures for reimbursement of Expenses of certain qualified current and former employees ("Eligible Individuals") associated with participating in Investigations (the "Reimbursement Procedures").

3.      The Debtors, with the consent of the Committee, are authorized to designate current and/or former employees as ~~Cooperating Witnesses~~Eligible Individuals on the procedures set forth below:[3]

> a.      As soon as reasonably practicable after entry of the Order, the Debtors, in consultation with the Special Committee, shall provide the Committee with a proposed list of current and/or former employees to serve as

---

[3]    For the avoidance of doubt, none of the Prospective Defendants shall be designated as ~~Cooperating Witnesses~~Eligible Individuals.

~~Cooperating Witnesses~~Eligible Individuals, which list may be updated from time to time.

b.    The Debtors and the Committee shall determine which employees ~~shall~~will be ~~required~~offered to enter into a ~~Cooperation~~Reimbursement Agreement,[4] whereby such employee will agree to cooperate in future Investigations, including those in connection with the Litigation Stipulation, ~~and be deemed a Cooperating Witness.~~the estimation of the intercompany claim between Celsius Network LLC and Celsius Network Limited ("CNL"), diligence requests of the Debtors and the Committee related to those chapter 11 cases, including litigation and disputes related to the chapter 11 cases, and confirmation of a plan of reorganization, and be deemed an Eligible Individual.  For the avoidance of doubt, no employee may be deemed an Eligible Individual without the consent of the Committee.

c.    ~~b.~~The Debtors shall notify any potential ~~Cooperating Witnesses~~Eligible Individual in writing (email being sufficient) of their eligibility to become ~~a Cooperating Witness~~an Eligible Individual upon execution of a ~~Cooperation~~Reimbursement Agreement and eligibility for reimbursement of Expenses on the terms set forth in the Reimbursement Procedures.  Any such potential ~~Cooperating Witness~~Eligible Individual shall be deemed a ~~Cooperating Witness~~an Eligible Individual upon execution of a ~~Cooperation~~Reimbursement Agreement, which must be acceptable in form and substance to the Debtors and the Committee.

4.    The Debtors are authorized to reimburse ~~Cooperating Witnesses~~Eligible Individuals for Past Reimbursement Requests (as defined below) on the procedures set forth below:[35]

a.    Within thirty days after executing a ~~Cooperation~~Reimbursement Agreement, ~~Cooperating Witnesses~~Eligible Individuals seeking reimbursement of Expenses incurred after the Petition Date through and including the date ~~of his~~he or s~~he~~r ~~status as a Cooperating Witness~~ ~~(the~~becomes an Eligible Individual (a "Past Reimbursement Request") shall provide (i) an invoice setting forth in reasonable detail the nature of the services rendered by Employee Counsel ~~after the Petition Date~~, including Employee Counsel fees and expenses incurred ~~from~~, during the ~~Petition Date~~applicable period, and a copy of other Expenses incurred in connection with the Investigations (if any), (ii) a detailed list of the

---

[4]    "Reimbursement Agreement" shall have the same meaning ascribed to "Cooperation Agreement" in the Motion. A form of the proposed Reimbursement Agreement is attached hereto as **Exhibit A**.

[35]    For the avoidance of doubt, no employee shall be eligible for a Past Reimbursement Request without first being designated as ~~a Cooperating Witness~~an Eligible Individual.

Investigations participated in to date, including the dates of interviews (if any), and (iii) a copy of Employee Counsel's engagement letter (collectively, the "Reimbursement Documents"), to (xw) Celsius Network LLC, 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030, Attn: Ron Deutsch (ron.deutsch@celsius.network), (yx) counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C. and Elizabeth H. Jones, and 300 North LaSalle, Chicago, Illinois 60654; Attn: Patrick J. Nash, Jr., P.C., Ross M. Kwasteniet, P.C., Christopher S. Koenig, and Dan Latona, and (zy) counsel to the Committee, White & Case LLP, 1221 Avenue of the Americas, New York, New York 10020, Attn: David Turetsky (david.turetsky@whitecase.com) and Samuel P. Hershey (sam.hershey@whitecase.com), White & Case, 111 South Wacker Drive, Suite 5100, Chicago, Illinois 60606, Attn: Michael C. Andolina (mandolina@whitecase.com) and Gregory F. Pesce (gregory.pesce@whitecase.com), White & Case LLP, 200 South Biscayne Blvd., Suite 4900, Miami, Florida 33133, Attn: Keith H. Wofford (kwofford@whitecase.com), and White & Case LLP, 555 South Flower Street, Suite 2700, Los Angeles, California 90071, Attn: Aaron E. Colodny (aaron.colodny@whitecase.com), and (z) the United States Trustee for the Southern District of New York (the "U.S. Trustee"), U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Shara Cornell, Mark Bruh, and Brian S. Masumoto (collectively, the "Notice Parties").

b.   The Notice PartiesDebtors and the Committee shall have fourteen (14) days after receiving the Reimbursement Documents to determine the amount of the Past Reimbursement Request that should be paid. In any event, the Debtors shall not pay more than $3,000,000 on behalf of all Past Reimbursement Requests absent further order of the Court. If any objection to a Past Reimbursement Request cannot be resolved within fourteen days (the "Past Reimbursement Deadline"), the Debtors shall be authorized to satisfy only the undisputed (if any) and shall notify the U.S. Trustee of that determination via email.  The U.S. Trustee shall have seven (7) days after receiving notice of the amount of the Past Reimbursement Request until the outstanding objections can been resolved; *provided* that the Cooperating Witnesses, Employee Counsel, and the Notice Parties reserve all rights to seek satisfaction of any Past Reimbursement Request by separate Court order or under the D&O Policies. the Debtors and the Committee propose to pay to object (the "Objection Deadline") to the payment of any such expense, with any such objection to be sent via email to the Debtors and the Committee.  The parties shall work in good faith to resolve any such objection.

c.   As soon as reasonably practicable after the Objection Deadline, the Debtors shall file a notice on the docket providing (1) the identity of the Eligible Individual, (2) the relevant Employee Counsel, (3) a general

description of the investigations participated in by the Eligible Individual, (4) a summary of any objections (if any), (5) the agreed (by and among the Debtors and the Committee) amount of any Past Reimbursement Request to be paid regardless of any objections (if any) (such notice, a "Reimbursement Notice"), and (6) whether the Eligible Individual is aware of potential future participation in any Investigation and what it intends that future participation to be.

d.     ~~e. If no objection is received from any of the Notice Parties by the Past Reimbursement Deadline with respect to any particular Past~~ Absent further order of the Court, within fourteen (14) calendar days of filing a Reimbursement Notice (the "Reimbursement ~~Request~~Notice Deadline"), the Debtors shall be authorized to satisfy ~~the~~any Past Reimbursement Request in the amount set forth in such Reimbursement Notice.  The Debtors shall notify the ~~Cooperating Witness~~Eligible Individual (or counsel to the Eligible Individual) in writing (email~~ing~~ being sufficient) within two business days after the ~~Past~~ Reimbursement Notice Deadline of the amount of Past Reimbursement Request that shall be paid.

e.     No amounts shall be paid pursuant to a Past Reimbursement Request unless both the Debtors and the Committee consent to such payment and the Court does not enter a further order with respect to that payment.  The Debtors shall not pay more than **$2,500,000** on behalf of all Past Reimbursement Requests absent further order of the Court.

f.     The Eligible Individual, Employee Counsel, and the Notice Parties reserve all rights to seek satisfaction of any other reimbursement request by separate Court order or under the D&O Policies.

5.     The Debtors ~~are~~shall be authorized to ~~reimburse Cooperating Witnesses for~~pay Future Reimbursement Requests ~~(as~~ ~~defined below) on the procedures set forth below~~follows:[46]

a.     After any employee is designated ~~a Cooperating Witness~~an Eligible Individual and notice has been provided to the Court, the Debtors shall be authorized to pay, without formal application to the Court by any ~~Cooperating Witness~~Eligible Individual and/or Employee Counsel, but with the consent of the Committee, up to 100 percent of Expenses ~~to each~~ of the ~~Cooperating Witnesses and/or~~applicable Employee Counsel ~~(at the written direction of the Cooperating Witness)~~ upon submission to the Notice Parties of ~~(i) an appropriate invoice setting forth in reasonable detail the nature of the services rendered after payment of the Past Reimbursement Request (if any), (ii) a copy of any Cooperation Agreement entered into with the Committee, and (iii) a detailed list of the~~

---

[46]   For the avoidance of doubt, no employee shall be eligible for a Future Reimbursement Request without first being designated as ~~a Cooperating Witness~~an Eligible Individual.

~~Investigations participated in as of the date of such request, including the dates of interviews (if any)~~the Reimbursement Documents and subject to the limitations set forth below (collectively, the "Future Reimbursement Requests")~~; *provided that the Cooperating Witnesses* .~~

b.    An Eligible Individual shall be required to provide the Debtors and the Committee written notice one week in advance of any expected activity as ~~a Cooperating Witness~~an Eligible Individual, and such notice shall contain a non-binding estimate of Expenses related to such activity~~; *provided further* that while~~, and provide the Committee with the opportunity to participate in any such activity (to the extent permitted under applicable law).  To the extent such notice is not provided, the Debtors shall not be obligated to pay any Future Reimbursement Request related to such activity.  The Debtors and the Committee shall have the right to refuse payment of the expenses with respect to any such Future Reimbursement Request, in which case, such Future Reimbursement Request shall not be paid without further order of the Court.

c.    While these chapter 11 cases are pending, ~~the following limitations, exclusive of costs and disbursements, shall apply to the~~payment on account of Future Reimbursement Requests~~:~~

•  ~~shall be limited to~~ $~~43~~0,000 per month on average over a rolling three-month period per ~~Cooperating Witness~~Eligible Individual (the "Reimbursement Cap") or $~~24~~90,000 **in the aggregate per Eligible Individual** (the "Reimbursement Case Cap").~~5~~7  All payments on account of Future Reimbursement Requests shall be limited to **$1,500,000 in the aggregate (the "Aggregate Reimbursement Cap").**

d.    ~~b.~~The Reimbursement Cap ~~or,~~ the Reimbursement Case Cap, or Aggregate Reimbursement Cap may be increased by mutual agreement between the Debtors~~,~~ and the Committee~~, and the U.S. Trustee~~ (the "Excess Reimbursement Fees"); *provided* that the Debtors shall file a notice with the Court of any such agreed increase (the "Notice of Excess Reimbursement Fees").  Interested parties shall have fourteen days to file an objection to the Notice of Excess Reimbursement Fees with the Court, which objection shall be filed in compliance with the Case Management Procedures.  If after fourteen days no objection is filed, the Excess Reimbursement Fees shall be deemed approved, and the ~~Cooperating Witness~~Eligible Individual may be paid up to 100 percent of his or her Expenses without the need to file a fee application.

e.    ~~e.~~To the extent there is no agreement with respect to a proposed increase in the Reimbursement Cap and the Reimbursement Case Cap as indicated

---

~~5~~7  For the avoidance of doubt, payment of any Past Reimbursement Requests **shall not** apply to the Reimbursement Case Cap.

in subparagraph 2~~1~~5(b~~d~~), the ~~Cooperating Witnesses~~Eligible Individual, Employee Counsel, and the Notice Parties reserve all rights to seek satisfaction of any Future Reimbursement Request by separate Court order.

f.    ~~d.~~ Beginning on the quarter ending ~~March~~June 3~~1~~0, 2023, and for each quarter thereafter during which these chapter 11 cases are pending, the Debtors shall, within thirty days thereof, serve on the Notice Parties and the U.S. Trustee a statement with respect to each ~~Cooperating Witness~~Eligible Individual paid during the immediately preceding quarterly period (the "Quarterly Statement"). Each Quarterly Statement shall include: (i) the name of the ~~Cooperating Witness~~Eligible Individual; (ii) the aggregate amounts reimbursed as Expenses incurred by that ~~Cooperating Witness~~Eligible Individual during the reported quarter; and (iii) a general description of the Investigations participated in by that ~~Cooperating Witness~~Eligible Individual.

6.    Absent further order of the Court, ~~N~~none of the Prospective Defendants shall be designated as ~~Cooperating Witnesses~~Eligible Individuals, and such parties shall not be entitled to receive reimbursement by the Debtors for any Expenses. No later than fourteen (14) calendar days after the entry of this Order, the Debtors shall provide the U.S. Trustee and the Committee with all documents related to any disbursements made by the Debtors to any Prospective Defendants or their counsel with respect to any Investigation or other proceeding involving a Prospective Defendant from July 13, 2021 to the date of the entry of this Order. All parties' rights are reserved with respect to any such disbursement.

7.    ~~Cooperating Witnesses~~Eligible Individuals may not use the Reimbursement Procedures to seek reimbursement of Expenses incurred in relation to any civil or criminal prosecution of such ~~Cooperating Witness~~Eligible Individual, and the Debtors shall not authorize the reimbursement of any Expenses of ~~Cooperating Witnesses~~Eligible Individual related to any civil or criminal prosecution of such ~~Cooperating Witness~~Eligible Individual, absent further order of the Court. For the avoidance of doubt, the Debtors are not authorized to pay any Past

Reimbursement Request and/or Future Reimbursement Request related to anything set forth in this paragraph 7.

8.      To the extent (a) a judge or jury determines, or a Eligible Individual admits under oath, that (i) an Eligible Individual is not entitled to reimbursement of Expenses under this Order, or (ii) a Eligible Individual's testimony or representations, including those in the applicable Reimbursement Agreement, were not truthful, or (b) an Eligible Individual is convicted of any crime in connection with their employment with Celsius or conduct in the Investigations, the Eligible Individual and/or Employee Counsel shall be required to disgorge to the Debtors or their successor any amounts paid pursuant to this Order within fourteen (14) calendar days of such event.

9.      8. The Debtors shall have subrogation rights to directors and officers against the D&O Policies in connection with any reimbursed Expenses.

10.     The Debtors shall not be authorized to reimburse any amounts already paid to Employee Counsel by an Eligible Individual.

11.     9. The Debtors are authorized to reimburse the Expenses in their discretion, with the tacit approvalconsent of the Notice PartiesCommittee pursuant to the Reimbursement Procedures (such approval not to be unreasonably withheld), subject to the completion of a CooperationReimbursement Agreement, as applicable, and solely with respect to the employees' cooperation in connection with the Investigations, either by reimbursing the applicable employee or by paying the applicable service providerEmployee Counsel directly.

12.     10. Nothing herein (a) alters or amends the terms and conditions of an engagement letter between an employee and their respective Employee Counsel;, (b) relieves the Debtors of any of their obligations under an employee's employment agreement;, or

(c) precludes or limits, in any way, the rights of any insurer or the Debtors to contest and/or litigate the existence, primacy, and/or scope of available coverage under applicable D&O liability insurance.

13. ~~11.~~ Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, except as explicitly provided for in this Order, nothing in this Order shall be deemed: (a) an admission as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens. Any payment made pursuant to this Order is not intended and should not be construed as an admission as the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

14. ~~12.~~ Notwithstanding anything to the contrary in the Motion, this Order, or any findings announced at the Hearing, nothing in the Motion, this Order, or announced at the Hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the rights of the United States Securities and Exchange Commission and the Committee to challenge transactions involving crypto tokens on any basis are expressly reserved.

15.    ~~13.~~ Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

16.    ~~14.~~ Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

17.    ~~15.~~ The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

18.    ~~16.~~ This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2023

_____
THE HONORABLE MARTIN GLENN
CHIEF UNITED STATES BANKRUPTCY JUDGE