**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**JOINT STIPULATION AND AGREED ORDER
BETWEEN THE DEBTORS AND PAUL LOUIS
TO MODIFY MR. LOUIS'S PROOF OF CLAIM NO. 8743**

This stipulation and agreed order (this "Stipulation and Agreed Order") is entered into by and among Paul Louis (the "Claimant") and Celsius Network LLC and its affiliated debtors and debtors in possession (the "Debtors" and, together with the Claimant, the "Parties"), each of which agrees and stipulates to the following:

**WHEREAS,** on July 13, 2022, each of the Initial Debtors filed a petition with the United States Bankruptcy Court for the Southern District of New York (the "Court") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

**WHEREAS**, on September 12, 2022, Claimant filed Proof of Claim number 8743 representing a $500,000 unsecured claim based on the balance of his Celsius account (the "Louis Proof of Claim") without any supporting documentation.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956) (collectively, the "Initial Debtors"); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450) (collectively, the "GK8 Debtors"). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

**WHEREAS**, on February 16, 2023, the Court entered the *Order (I) Approving (A) Omnibus Claims Objection Procedures, (B) Omnibus Substantive Claims Objection and Form of Notice, and (C) Satisfaction Procedures and Form of Notice and (II) Modifying Bankruptcy Rule 3007(e)(6)* [Docket No. 2090] (the "Claims Objections Procedures Order").[2]

**WHEREAS**, on February 19, 2023, the Debtors filed the *Debtors' First Omnibus Objection to Certain (A) Amended Claims, (B) Duplicate Claims, (C) Non-Debtor Claims, (D) Unsupported Claims, and (E) Inaccurately Supported Claims* [Docket No. 2103] (the "First Omnibus Objection") objecting to, among other claims, the Louis Proof of Claim, on the basis that the Louis Proof of Claim failed to provide any supporting documentation to support the amount of the asserted claim as required by the Bar Date Order and seeking to modify the Louis Proof of Claim to the amounts set forth in Schedule 4 of Exhibit A of the First Omnibus Objection, which match the amounts listed in the Debtors' Schedules for the Claimant's account with the Debtors.

**WHEREAS**, on March 14, 2023, counsel to the Claimant contacted the Debtors and requested an adjournment of the March 21, 2023 hearing with respect to the Debtors' objection to the Louis Proof of Claim.

**WHEREAS**, pursuant to the Claims Objections Procedures Order, the Debtors consented to an adjournment of the hearing on the Louis Proof of Claim to April 18, 2023 at 10:00 a.m. (prevailing Eastern Time). *See Amended Agenda for Hearing to Be Held March 21, 2023, at 10:00 A.M. (Prevailing Eastern Time)* [Docket No. 2281].

**WHEREAS**, Claimant and the Debtors have now agreed to the modifications of the Louis Proof of Claim requested in the First Omnibus Objection.

---

[2] Capitalized terms used but not defined in this Stipulation and Agreed Order have the meaning given to such term in the Claims Objection Procedures Order and the First Omnibus Objection, as applicable.

**WHEREAS,** the Parties now jointly submit this Stipulation and Agreed Order and request the Court approve the below.

**IT IS THEREFORE STIPULATED AND AGREED, AND UPON COURT APPROVAL HEREOF, IT IS HEREBY ORDERED THAT:**

1. The Louis Proof of Claim on **Schedule 1** attached hereto is hereby modified to reflect the amount listed in the corresponding column entitled "Modified Claims," which matches the amounts listed in the Debtors' Schedules for such claims.

2. Stretto, Inc., the Debtors' noticing and claims agent, is authorized to update the Claims Register to reflect the relief granted in this Stipulation and Agreed Order.

3. Entry of this Stipulation and Agreed Order is without prejudice to the Debtors' right to object the modified Louis Proof of Claim listed in **Schedule 1** attached hereto on any grounds whatsoever, at a later date.

4. The terms and conditions of this Stipulation and Agreed Order shall be immediately effective and enforceable upon its entry.

5. The Debtors are authorized to take any and all actions reasonably necessary or appropriate to effectuate the relief granted pursuant to this Stipulation and Agreed Order in accordance with the First Omnibus Objection.

6. Except as otherwise explicitly stated herein, nothing in this Stipulation and Agreed Order or the relief sought herein shall constitute or be deemed: (a) an allowance of administrative expense claims under section 503(b) of the Bankruptcy Code; (b) an assumption or rejection of an executory contract or unexpired lease under section 365 of the Bankruptcy Code; (c) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (d) a waiver of the Debtors' or any other party in

interest's right to dispute any claim on any grounds whatsoever; (e) a promise or requirement to pay any claim; (f) an implication or admission that any particular claim is of a type specified or defined in the Stipulation and Agreed Order or a finding that any particular claim is an administrative expense claim or other priority claim; (g) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' bankruptcy estates; (h) a waiver or limitation of the Debtors', or any insurers', rights under the Bankruptcy Code or any other applicable nonbankruptcy law; or (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to this Stipulation and Agreed Order are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

7. Notwithstanding anything to the contrary set forth herein, the Claimant's rights and defenses as to the validity and allowance of the Proof of Claim under all applicable law shall be deemed reserved and nothing set forth herein shall constitute a waiver of any of the Claimant's rights or defenses.

8. Each of the Parties to this Stipulation and Agreed Order represents and warrants it is duly authorized to enter into and be bound by this Stipulation and Agreed Order.

9. This Stipulation and Agreed Order may be executed in identical counterparts, including by facsimile and/or electronic mail, each of which shall be deemed an original, but all of which together constitute one and the same instrument.

10. This Stipulation and Agreed Order represents the entire agreement by and between the Parties with respect to the subject matter hereof, and all prior understandings or agreements, if any, are merged into this Stipulation and Agreed Order.

11.     The Court retains exclusive jurisdiction with respect to any disputes arising from or other actions to interpret, administer, or enforce the terms and provisions of this Stipulation and Agreed Order, and the Parties hereby consent to such jurisdiction to resolve any disputes or controversies arising from or related to the implementation of this Stipulation and Agreed Order.

**IT IS SO ORDERED.**

Dated:  May 16, 2023
        New York, New York

                                        /s/ Martin Glenn
                                        MARTIN GLENN
                                        Chief United States Bankruptcy Judge

**IN WITNESS WHEREOF**, the Parties, by their respective authorized counsel, have executed this Stipulation and Agreed Order as of the date written below:

New York, New York
Dated: April 17, 2023

/s/ Joshua A. Sussberg
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:	(212) 446-4800
Facsimile:	(212) 446-4900
Email:	joshua.sussberg@kirkland.com

- and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:	(312) 862-2000
Facsimile:	(312) 862-2200
Email:	patrick.nash@kirkland.com
	ross.kwasteniet@kirkland.com
	chris.koenig@kirkland.com
	dan.latona@kirkland.com

*Counsel to the Debtors and Debtors in Possession*


/s/ Joanne Gelfand
**AKERMAN LLP**
Joanne Gelfand
98 Southeast Seventh Street, Suite 1100
Miami, Florida 33131
Telephone:	(305) 374-5600
Email:	joanne.gelfand@akerman.com

*Counsel to the Claimant*

**Schedule 1**

Celsius Network LLC Case No. 22-10964 (MTG)
Schedule 1

| | ASSERTED CLAIMS | | | | | | | MODIFIED CLAIMS | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| NAME | CLAIM # | CASE NUMBER / DEBTOR | ASSERTED AMOUNT | EARN | CUSTODY | WITHHELD | COLLATERAL | CASE NUMBER / DEBTOR | EARN | CUSTODY | WITHHELD | COLLATERAL |
| LOUIS, PAUL<br>2900 NE 7TH AVE, #503<br>MIAMI, FL 33137 | 8743 | 22-10964 (MTG)<br>Celsius Network LLC | $500,000.00 | | | | | 22-10964 (MTG)<br>Celsius Network LLC | 1INCH 2904.0348902657<br>AAVE 0.0229580830222686<br>ADA 22636.6855370929<br>AVAX 340.433052370073<br>BAT 1.8196963382615<br>BTC 2.60586494269225<br>CEL 158.831879523288<br>DOT 1142.69079039988<br>ETH 38.6859162745627<br>LINK 1088.42126702053<br>LTC 0.00983872047709548<br>LUNC 83.9810143605971<br>MATIC 35322.73023853<br>PAX 233.974266539065<br>SOL 503.130245714513<br>SUSHI 1791.89451629574<br>USDT ERC20 13.41481367085 | USDT ERC20 0.000000569191853538 | | |