Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:      (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:      (312) 862-2200

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**DECLARATION OF
CHRISTOPHER FERRARO, INTERIM CHIEF
EXECUTIVE OFFICER, CHIEF RESTRUCTURING OFFICER, AND
CHIEF FINANCIAL OFFICER OF THE DEBTORS, IN SUPPORT OF
THE DEBTORS' MOTION SEEKING AUTHORIZATION TO ENTER
INTO WITNESS COOPERATION AGREEMENTS AND REIMBURSE
CERTAIN OUT-OF-POCKET EXPENSES OF COOPERATING WITNESSES**

I, Christopher Ferraro, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am the interim Chief Executive Officer, Chief Restructuring Officer, and Chief Financial Officer of Celsius Network LLC ("Celsius," and together with the above-captioned

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

debtors and debtors-in-possession, the "Debtors"). I joined Celsius on March 21, 2022. I was appointed as Chief Financial Officer on July 11, 2022, and I was appointed as interim Chief Executive Officer and Chief Restructuring Officer by the Special Committee of Debtor Celsius Network Limited (the "Special Committee") on September 27, 2022 following the resignation of the Debtors' co-founder and former chief executive officer, Alex Mashinsky.

2. I am familiar with the *Debtors' Motion Seeking Entry of an Order (I) Authorizing the Debtors to Enter into Witness Cooperation Agreements with Certain Current and Former Employees, (II) Authorizing Reimbursement of Past and Future Out-of-Pocket Expenses of Cooperating Witnesses, Including Attorney's Fees, and (III) Granting Related Relief* [Docket No. 2147] (the "Motion") and the *Notice of Filing of Revised Proposed Order (I) Authorizing the Debtors to Enter into Witness Cooperation Agreements with Certain Current and Former Employees, (II) Authorizing Reimbursement of Past and Future Out-of-Pocket Expenses of Cooperating Witnesses, Including Attorney's Fees, and (III) Granting Related Relief* [Docket No. 2643] (the "Revised Order"), and submit this declaration (this "Declaration") in support thereof.[2]

3. In my capacity as the interim Chief Executive Officer, Chief Restructuring Officer, and Chief Financial Officer, I am generally familiar with the Debtors' day-to-day operations, business, financial affairs, and the ongoing restructuring efforts. Except as otherwise indicated, all facts in this Declaration are based upon (a) my personal knowledge of the Debtors' operations, (b) my discussions with other members of the Debtors' management team and advisors, and (c) my review of relevant documents and information concerning the Debtors' operations. I am over the

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion or Revised Order, as applicable.

age of eighteen and authorized to submit this Declaration on behalf of the Debtors. If called upon to testify, I could and would testify competently to the facts set forth herein.

## Qualifications

4. I have approximately two decades of experience in financial planning and analysis activities, asset and liability management, and product control. Before my roles with Celsius, I was a Senior Managing Director at Cerberus Operations & Advisory Company ("Cerberus"), where I focused on improving the operating returns for two legacy portfolio positions. In this role, I advised the chief executive officer and leadership team on increasing profitability by changing and repricing business mix, restructuring costs, and optimizing the balance sheet.

5. Prior to Cerberus, I served in various roles at JPMorgan Chase & Co. from 2001 to 2018. I was the head of Financial Analysis and a Senior Leader, where I was responsible for all financial, planning, and analysis activities, developed analytical tools, and authored a patent application in forecasting. Before my role as head of Financial Analysis and a Senior Leader, I was the Treasurer of the Consumer Bank and the Retail Loan Pricing Manager.

6. I hold a Bachelor's degree in Economics, Finance, & Accounting from the University of Washington. I also passed the Washington state Uniform Certified Public Accountant Examination.

## Responsibilities

7. In my roles as interim Chief Executive Officer and Chief Restructuring Officer, I oversee the Debtors' day-to-day business operations, including maintaining the Debtors' retail platform, supporting the Debtors' restructuring efforts, and managing the Debtors' mining business, among other responsibilities. I regularly engage with the Debtors' advisors, and I report directly to the Special Committee, with conferences being held multiple times a week (sometimes

daily), as needed. I also communicate with the co-chairpersons of the official committee of unsecured creditors (the "Committee") on a weekly basis (or more frequently, as necessary) to discuss the Debtors' restructuring efforts. Accordingly, the Debtors have worked with the Committee to put forth the Revised Order, allowing for reimbursement of Expenses for certain Eligible Individuals in their cooperation with the Investigations.

8. In supporting the Debtors' restructuring efforts, the Debtors' Special Committee, officers, and other members of management have strived to work towards the Debtors' emergence from these chapter 11 cases in an efficient, expedient, and compliant manner. Moreover, as part of those efforts, the Debtors and their employees have cooperated with various investigations, including those of the Special Committee, the Committee, the United States Attorney's Office for the Southern District of New York, the United States Securities and Exchange Commission, the United States Commodity Futures Trading Commission, the United States Federal Trade Commission, and many state regulators (collectively, the "Investigations"). Additionally, employees may also be expected to participate in the Committee's investigations of certain claims and causes of action described in the *Motion of the Official Committee of Unsecured Creditors to Approve Joint Stipulation and Agreed Order Between the Official Committee of Unsecured Creditors and the Debtors with Respect to Certain Claims and Causes of Action Belonging to the Debtors' Estates* [Docket No. 2054] (the "Litigation Stipulation"). In light of the foregoing, the members of the Special Committee, who are not beneficiaries of the relief requested, made the decision to file the Motion.

9. I believe that the cooperation of current and former employees of the Debtors, as Eligible Individuals, is crucial to the Investigations, the Litigation Administrators'[3] claims, and the successful emergence from these chapter 11 cases and, in turn, is in the best interests of the Debtors' estates. I understand that different regulatory entities have noted that productions of documents they have requested from certain current and former employees, and interviews with those individuals, have been delayed by virtue of nonpayment of witnesses' lawyers. I accordingly believe, for this reason and others, that enabling cooperation by current and former employees would materially accelerate the Investigations and assist the Litigation Administrators, which would inure to the benefit of the Debtors and their stakeholders. The Debtors' current and former employees hold some of the most pertinent information and institutional knowledge regarding the Debtors' previous business practices and the actions of certain former officers and employees. While counsel to the Debtors has assisted in responding to the requests of some investigations, it is my understanding that the Debtors' counsel cannot also serve as counsel to the employees as that would create a material conflict of interest given that the interests of the Debtors and their employees may diverge.

10. I believe it would be unrealistic to expect that current and former employees will fully cooperate in the Investigations without counsel. Certain of the Investigations are criminal investigations, and even the non-criminal Investigations are happening against the backdrop of ongoing criminal investigations. It is not yet clear exactly what the scope is of the criminal investigations, or who all of the targets are, or what the charges may be. In this context, witnesses who have relevant information to share and who did not themselves engage in wrongdoing

---

[3] "Litigation Administrators" has the same meaning ascribed to it as in the *Joint Chapter 11 Plan of Reorganization of Celsius Network LLC and its Debtor Affiliates* [Docket No. 2358].

5

understandably want advice of counsel to prepare for interviews, to provide information, and to cooperate in a manner that does not inadvertently expose themselves to liability.

11. Individuals who do not have counsel may be less willing to participate voluntarily, which could cause delays by requiring formal legal processes to compel them to testify. Moreover, individuals who do not have access to counsel may be less forthcoming and may be more likely to exercise their rights not to testify.

### Employee Counsel and the Cooperating Employees

12. While the Revised Order's Reimbursement Procedures provide that current and former employees seeking to be Eligible Individuals (previously defined as "Cooperating Witnesses") would need to provide their respective counsel's engagement letters, invoices, and a detailed list of the investigations they have participated in, the Debtors have received certain requests and retained certain records regarding employees' engagement of independent counsel and cooperation with the Investigations.

13. I understand that some current and former employees have engaged their own individual counsel, whereas others have been working with the same firm in an effort to be efficient. On July 12, 2022, Paul Hastings LLP and Ron Deutsch entered into an engagement letter agreement with Celsius Network Limited signing as the indemnitor and guarantor of legal fees. While the Debtors paid Paul Hastings a $750,000 prepetition retainer, such retainer has since been exhausted. To date, an additional eleven employees, including me (for a total of twelve altogether), have entered into similar engagement letters with Paul Hastings.[4] Specifically, the engagement letters provide that Paul Hastings will serve as "pool counsel," representing certain current or former officers and employees of Celsius in connection with potential government investigations,

---

[4] I understand that the Revised Order and Reimbursement Procedures do not apply to any Prospective Defendants.

6

civil litigations (in connection with any restructuring or otherwise) and other proceedings or disputes involving Celsius Network Limited and its direct or indirect subsidiaries. I have worked with Paul Hastings, as pool counsel, in preparation for a number of meetings and proceedings. For the avoidance of doubt, Paul Hastings represents the employees as pool counsel, and does not represent the Debtors.

14. Employees who have been asked to cooperate in Investigations work across the Debtors' business lines, including Risk, Compliance, Operations, Marketing, Business Processes/Controls, Finance, Tax, Treasury, and Strategy. While some of the Debtors' employees' employment agreements contain provisions entitling those employees to certain reimbursements, the Debtors are not entirely relying on such agreements in the Motion and Revised Order.[5] The Debtors, rather, in recognizing the value of cooperating with the Investigations, proposed the Revised Order in order to create orderly procedures for reimbursing Expenses that Eligible Individuals may have otherwise already been entitled to through substantial contributions to these chapter 11 proceedings.

15. As noted in the Revised Order, Eligible Individuals may not use the Reimbursement Procedures to seek reimbursement of Expenses incurred in relation to any civil or criminal prosecution of such Eligible Individual, and the Debtors will not authorize the reimbursement of any Expenses of Eligible Individuals related to civil or criminal prosecution of such Eligible

---

[5] Some of the Debtors' employment agreements provide that during an employee's term, the employee "shall be entitled to receive reimbursement for all reasonable, out-of-pocket business expenses actually incurred by [them] in the performance of [their] duties… subject to [them] providing the Company with all necessary documentation of such expenses in accordance with the Company's policies." Celsius Employment Agreement of Christopher Ferraro, executed by Trunshedda Ramos and Chris Ferraro, dated March 24, 2021.

7

Individuals, absent further order of the Court.[6]  Further, the Reimbursement Agreement contains provisions allowing for the recoupment of reimbursed Expenses if an Eligible Individual is (i) found to not be entitled to reimbursement of Expenses, (ii) found to have given false testimony or made untruthful representations (including not acting in good faith), or (iii) convicted of any crime in connection with such Eligible Individual's employment with Celsius or conduct in the Investigations.

16.  I believe that reimbursement of the Expenses is a proper exercise of the Debtors' business judgment.  Reimbursement of costs associated with the retention of independent counsel will facilitate employee cooperation to expediently complete Investigations, all to the benefit of the Debtors' ongoing business operations.  Moreover, the Debtors merely seek authority to reimburse Expenses pursuant to the Reimbursement Procedures, which provide for employees or their counsel to demonstrate their own value to ongoing investigations.  By reimbursing Expenses for current and former employees that are deemed Eligible Individuals, the Debtors will ensure that the institutional knowledge the Eligible Individuals have amassed over the course of the Debtors' operations can continue to be readily used for the Investigations.  If the employees feel uncertain about their ability to receive reimbursement, however, I believe it is likely that they will stop working with counsel or counsel will decline to represent them, and they will likely stop voluntarily fully cooperating with the Investigations.  Such a result would only undermine the Investigations at a time that employee cooperation is vital.

17.  The Reimbursement Procedures allow for a cooperative, streamlined, and transparent process with the Committee whereby the employees' burdens of cooperation are

---

[6] In accordance with the Revised Order, none of the Prospective Defendants named in the Litigation Stipulation will be designated as Eligible Individuals, and such parties will not be entitled to receive reimbursement by the Debtors for any Expenses.

8

lightened insofar as they continue to be helpful in the Investigations. For the above reasons, I believe that it is in the best interests of all parties for the Debtors to reimburse the Expenses.

[*Remainder of page intentionally left blank*]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: May 16, 2023

/s/ Christopher Ferraro
Name: Christopher Ferraro
Title: Interim Chief Executive Officer, Chief Restructuring Officer, and Chief Financial Officer of Debtor Celsius Network LLC