**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*, | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**ORDER DENYING MOTION OF DANIEL A. FRISHBERG AND IMMANUEL J. HERRMANN FOR STAY PENDING APPEAL OF ORDER DETERMINING WHICH ENTITIES HAVE LIABILITY FOR CUSTOMER CLAIMS**

Pending before the Court is the motion of *pro se* creditors Immanuel J. Herrmann ("Herrmann") and Daniel A. Frishberg ("Frishberg," and collectively, the "Creditors") of the above-captioned debtors ("Debtor" or "Celsius"). ("Motion," ECF Doc. # 2545.) The Creditors seek to stay the effectiveness or implementation by this Court of this Court's *Order Regarding Which Debtor Entities Have Liability for Customer Contract Claims Under the Terms of Use* (the "Customer Claims Order," ECF Doc. # 2265). That appeal is pending in the District Court for the Southern District of New York (the "District Court"). (*See* "Appeal," Case No. 23-CV03144 (S.D.N.Y. 2023), related case no. 23-CV-02882 (S.D.N.Y. 2023).)

Community First Partners, LLC, Celsius SPV Investors, LP, Celsius New SPV Investors, LP, and CDP Investissements Inc. (collectively, the "Series B Preferred Holders"), as beneficial holders, or investment advisors or managers of beneficial holders, of Series B Preferred Shares issued by Celsius Network Limited ("CNL") filed an objection. (*See* "Objection," ECF Doc. # 2612.)

1

The Creditors are concerned that the doctrine of equitable mootness[1] could irreparably harm the Creditors because, absent a stay, Celsius may confirm a plan of reorganization that gives certain recovery or settlements to the Series B Preferred Holders based on the separation of assets contemplated by the Customer Claims Order. (*Id.* at 12.) The Creditors argue that the issue in the Appeal is a critical gating issue because failure to hear the Appeal will result in a non-consensual transfer of value available to customers to the Series B Preferred Holders. (*Id.* at 13.) The Creditors contend that a stay will prevent the Series B Preferred Holders from pushing a plan of reorganization through that deprives customers of assets that belong to them in violation of their rights under the Fifth Amendment of the United States Constitution. (*Id.* at 14.) The Creditors submit that depriving the Creditors of the full appeals process via the risk of equitable mootness violates the Creditors' due process rights under the Constitution as well. (*Id.*)

No schedule has been established for consideration of any Disclosure Statement and Plan. And the only proposed plan filed by the Debtors (*see Plan of Reorganization of Celsius Network LLC and its Debtor Affiliates*, ECF Doc. # 2358), which, at best, can be described as a placeholder, has not been pushed forward by the Debtors, and provides for no recovery by the Series B Preferred Holders. Furthermore, the Customer Claims Order determined that the Creditors could only assert contract claims against Celsius Network LLC, but it expressly left open issues concerning non-contract (tort and statutory) claims against Celsius Network Limited ("CNL"), the entity in which Series B

---

[1] Equitable mootness is a judicially created abstention doctrine that allows appellate courts to dismiss appeals from a bankruptcy court's confirmation order in certain circumstances. *Equitable Mootness Doctrine Persists in Bankruptcy Appeals*, SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP (Sept. 19, 2017) (https://www.skadden.com/-/media/files/publications/2017/09/insights-september-2017/equitablemootnessdoctrinepersistsinbankruptcyappea.pdf).

Preferred Holders have their interest. Indeed, the issue of non-contract claims against CNL, and arguments about substantive consolidation of the assets and liabilities of CNL and Celsius Network LLC, will have to be resolved before a Plan can be confirmed. Whether the Customer Claims Order is affirmed or reversed may make absolutely no difference to the Creditors' recoveries.

The Series B Preferred Holders recite the burden that the Creditors must meet for this Court to grant the relief requested. (*See* Objection ¶ 2.) The Series B Preferred Holders briefly assert that the Creditors cannot and have not met that burden under the legal standard in this Court. (*Id.* ¶ 6.)

In the Second Circuit, a movant seeking a preliminary injunction of a court order must establish (1) "a strong likelihood" of success on the merits of the appeal; (2) irreparable injury to the movant absent a stay; (3) lack of risk of substantial injury to non-movant parties; and (4) that the stay is in the public's interest. *See, e.g.*, *In re 1567 Broadway Ownership Assocs.*, 202 B.R. 549, 552–53 (S.D.N.Y. 1996); *see also In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2007). The first two factors "are the most critical." *Chevron Corp. v. Donziger*, 37 F. Supp. 3d 653, 671 (S.D.N.Y. 2014) (quoting *Nken v. Holder*, 556 U.S. 418, 434, 129 S. Ct. 1749, 1761 (2009)).

First, the Creditors have not demonstrated a "strong likelihood" of success on the merits. Although this test does not require that the Creditors relitigate or brief their Appeal in the Motion, the Creditors cite no facts or arguments to support the position that they are reasonably likely to succeed on their Appeal. Instead, the Creditors rely on the

Committee's appeal of the Customer Claims Order as evidence to support the strength of their own Appeal.

Next, the Creditors have not shown a substantial risk of injury absent a stay. At this point, there is not yet a plan proposed by the Debtor that contemplates a recovery to the Series B Preferred Holders. A stay motion might be more appropriate if a plan of reorganization is proposed that, in reliance on the Customer Claims Order, provides a significant recovery to the Series B Preferred Holders from assets that are not accessible to customers bringing contract claims due to the Customer Claims Order. We are not there yet.

For the reasons explained above, the Creditors have not shown that it would be in the public interest to impose a stay of the Customer Claims Order. The Motion for a stay pending completion of the appeal is **DENIED.**

**IT IS SO ORDERED.**

Dated:   May 17, 2023
         New York, New York

                                            *Martin Glenn*
                                        MARTIN GLENN
                                Chief United States Bankruptcy Judge