Immanuel J. Herrmann
Daniel A. Frishberg
*Pro Se Appellees/Cross-Appellants*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) ) | Case No. 22-10964 (MG) |
| Debtors. | ) ) ) | (Jointly Administered) |

### NOTICE OF APPEAL (APPELLEES/CROSS-APPELLANTS)

Immanuel J. Herrmann and Daniel A. Frishberg, Celsius Network LLC, *et al.* creditors, hereby file this Notice of Appeal with Motion for Leave to Appeal, pursuant to Federal Rule of Bankruptcy Procedure 8004. We file as joint appellees/cross-appellants pursuant to Federal Rules of Bankruptcy Procedure 8001-8005 and 8016. This cross-appeal is related to the appeal pending as 23-CV-3920 (S.D.N.Y. 2023) / Bkr. Case No 22-10964 (MG) D.R. 2576.

Appellees/Cross-Appellants file this notice with respect to the United States Bankruptcy Court for the Southern District of New York's April 18, 2023 *Order Granting the Motion of the Official Committee of Unsecured Creditors (I) for Authority to File a Class Claim Asserting Non-Contract Claims on Behalf of Account Holders or (II) to Appoint a Third-Party Fiduciary to*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Assert Non-Contract Claims on Behalf of Account Holders* [Dkt. No. 2496] (the "<u>Class Claims Order</u>.")

A copy of the Order is attached hereto as **Exhibit A**. Appellees/Cross-Appellants' *Motion for Leave to Appeal*, pursuant to Federal Rule of Bankruptcy Procedure Rule 8004, is attached hereto as **Exhibit B.**

## PARTIES TO THIS APPEAL

The names of all the parties to the Order appealed from and the names, addresses, and telephone numbers of their respective counsel are as follows:

    Appellees/Cross-Appellants:

        ***PRO SE* CREDITORS**
        Immanuel J. Herrmann
        Daniel A. Frishberg

    Appellants:

        **MILBANK LLP**
        Dennis F. Dunne
        Nelly Almeida
        55 Hudson Yards
        New York, NY 10001
        Telephone: (212) 530-5000

        **MILBANK LLP**
        Andrew M. Leblanc
        Melanie Westover Yanez
        1850 K Street, NW, Suite 1100
        Washington, DC 20006
        Telephone: (202) 835-7500

        *Counsel to Community First Partners, LLC,*
        *Celsius SPV Investors, LP, and*
        *Celsius New SPV Investors, LP*

**JONES DAY**
Joshua M. Mester
555 South Flower Street Fiftieth Floor
Los Angeles, CA 90071
Telephone: (213) 489-3939

*Counsel to CDP Investissements Inc.*

Appellees:

**WHITE & CASE LLP**
David M. Turetsky
Kimberly A. Havlin
Samuel P. Hershey
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200

**WHITE & CASE LLP**
Michael C. Andolina
Gregory F. Pesce
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone: (312) 881-5400

**WHITE & CASE LLP**
Keith H. Wofford
Southeast Financial Center, Suite 4900
200 South Biscayne Blvd. Miami, Florida 33131
Telephone: (305) 371-2700

**WHITE & CASE LLP**
Aaron E. Colodny
555 South Flower Street, Suite 2700
Los Angeles, California 90071
Telephone: (213) 620-7700

*Counsel to the Official Committee of Unsecured Creditors*

Other Parties:

**KIRKLAND & ELLIS LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800

**KIRKLAND & ELLIS LLP**
Patrick J. Nash, Jr., P.C.
Ross M. Kwasteniet, P.C.
Christopher S. Koenig
Dan Latona
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000

*Counsel to the Debtors and Debtors-in-Possession*

**VENABLE LLP**
Jeffrey S. Sabin
Carol Weiner Levy
Arie Peled
1270 Avenue of the Americas
24th Floor
New York, NY 10020
Telephone: (212) 503-0896

**VENABLE LLP**
Andrew J. Currie
600 Massachusetts Avenue, NW
Washington, DC 20001
Telephone: (202) 344-4586

*Counsel for Ignat Tuganov*

**LOWENSTEIN SANDLER LLP**
Michael S. Etkin
Philip Kherzi
1251 Avenue of the Americas, 17th Floor

New York, NY 10020
Telephone: (212) 262-6700

**LOWENSTEIN SANDLER LLP**
Andrew Behlmann
One Lowenstein Drive
Roseland, NJ 07068
Telephone: (973) 597-2500

*Bankruptcy Counsel to the Proposed Lead Plaintiffs and the Proposed Class*

**WILLIAM K. HARRINGTON**
**UNITED STATES TRUSTEE, REGION 2**
U.S. Department of Justice
Office of the United States Trustee
Shara Cornell
Mark Bruh
Brian Masumoto
One Bowling Green
New York, New York 10004
Telephone: (212) 510-0500

[Remainder of page intentionally left blank.]

## **CONSENT TO ELECTRONIC SERVICE**

We hereby consent to receive electronic service of notices and documents related to this bankruptcy appeal. We affirm that:

1. We have regular access to our e-mail accounts and to the internet and will check regularly for Notices of Electronic Filing;

2. We have established PACER accounts[2];

3. We understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that we will not receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. We will promptly notify the Court if there is any change in our personal data, such as name, address, or e-mail address, or if we wish to cancel this consent to electronic service;

5. We understand that we must regularly review the docket sheet of this case so that we do not miss a filing; and

6. We understand that this consent applies only to this case and that if there are additional cases in which we would like to receive electronic service of notices of documents, we must file consent forms for those cases.

---

[2] Mr. Frishberg requests that the fees associated with his PACER account, and generally all court fees be waived or refunded, since he is a broke college student. Mr. Frishberg has recently submitted documentation of this to the Bankruptcy court (under seal) and the Bankruptcy court waived an Adversary Proceeding filing fee. The order noted that for any additional fee waiving requests, they would need to be requested on a case by case basis, and submit supporting documentation. Mr. Frishberg is able and willing to submit the documentation under seal if needed. Mr. Frishberg's financial situation has not improved, and to the contrary has gotten worse. The Bankruptcy Court's order can be found here: https://cases.stretto.com/public/x191/11749/PLEADINGS/1174903032380000000240.pdf

## **REQUEST TO REDACT MAILING ADDRESSES**

We hereby move to redact our mailing addresses from the record, consistent with the Bankruptcy Court's order sealing the mailing addresses of Celsius Creditors.[3]

Respectfully submitted,

| | |
|---|---|
| */s/ Immanuel Herrmann* | */s/ Daniel A. Frishberg* |
| Immanuel Herrmann | Daniel A. Frishberg |
| *Pro Se* | *Pro Se* |
| May 16, 2023 | May 16, 2023 |

---

[3] See p. 33 of the *Amended Final Order (I) Establishing Certain Notice, Case Management, And Administrative Procedures, And (II) Granting Related Relief:*
https://cases.stretto.com/public/x191/11749/PLEADINGS/1174909282280000000026.pdf

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER GRANTING THE MOTION OF THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS (I) FOR AUTHORITY TO FILE A CLASS CLAIM
ASSERTING NON-CONTRACT CLAIMS ON BEHALF OF ACCOUNT HOLDERS OR
(II) TO APPOINT A THIRD-PARTY FIDUCIARY TO ASSERT NON-CONTRACT
CLAIMS ON BEHALF OF ACCOUNT HOLDERS**

Upon the motion [Docket No. 2399] (the "**Motion**")[2] of the Committee for entry of an order (this "**Order**") authorizing the Committee and any specified lead claimant or claimants to file the class claim or other representative action (as appropriate) asserting non-contract claims of account holders against the Debtors, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, entered February 1, 2012; and this Court having found that it may enter a final order consistent with Article III of the United States Constitution and that this matter is a core matter pursuant to 28 U.S.C. § 157; and this Court having found that venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] Capitalized terms used but not defined herein have the meanings given to them in the Motion.

found that the notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and that no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court; and this Court having heard and considered any and all objections, reservations of rights, and responsive pleadings filed with respect to the Motion and statements in support thereof; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1. The Motion is granted as set forth in this Order.

2. Any objections filed with respect to the Motion are overruled with prejudice

3. Under Bankruptcy Rule 9014(c), Bankruptcy Rule 7023 shall apply in this matter. The Committee and any specified lead claimant or claimants are authorized to file the class claim asserting non-contract claims on behalf of account holders against CNL and any other Debtor. The Committee shall serve this Order and the class claim on account holders by publication on the Committee's case website and by electronic mail using the service list provided by the Debtors' claims and noticing agent.

4. The Committee is directed to file a motion under Bankruptcy Rule 7023 for certification of the class claim as soon as is practicable after the filing of the Class Claim. The Committee and other parties in interest shall meet and confer on a discovery and briefing schedule with respect to class certification, which schedule shall be subject to approval by this Court. To the extent the Court conducts a hearing on class certification, such hearing shall occur at or before any hearing in connection with confirmation of a proposed chapter 11 plan for the Debtors. For

the avoidance of doubt, litigation regarding class certification shall not preclude or delay any litigation regarding the merits of the class claim.

5. The Committee shall assert the class claim in concert with a lead claimant(s) who shall be an account holder(s) with amounts in Earn accounts. The rights of all parties in interest to object to the allowance or certification of the class claim, or to the identity of the parties who will act as class representatives with respect to the class claim, are fully preserved and may be asserted in the claims allowance or certification litigation regarding the class claim.

6. The Committee and the lead claimant(s) shall evaluate claims for fraud, fraudulent inducement, Ponzi scheme misconduct, negligent misrepresentation, restitution, and rescission as potential class claims.

7. If a class is certified under Bankruptcy Rule 7023, the Committee shall provide account holders with notice and an opportunity to opt-out of the prosecution, voting, and settlement of the class claim, with such notice and opt-out procedures subject to approval by this Court.

8. All claimants' rights under Section 1126 of the Bankruptcy Code and Bankruptcy Rule 3018 are preserved.

9. The class claim shall only assert causes of action against the Debtors.

10. The Committee shall consult with the Securities Plaintiffs regarding the claims to be asserted in the class claim.

11. The bar date for claims set forth in the *Notice of Amended Bar Date for Submission of Proofs of Claim* [Dkt. No. 2310] is tolled pending an order of the Court with respect to the certification of the putative class under Bankruptcy Rule 7023.

12. Nothing in this Order shall preclude the Committee from seeking any other relief or asserting any other claim or cause of action.

3

13. The Committee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

14. This Court shall retain exclusive jurisdiction to hear and determine all matters arising from the implementation of this Order.

**IT IS SO ORDERED.**

Dated: April 18, 2023
       New York, New York

                                        /s/ Martin Glenn
                                        MARTIN GLENN
                                        Chief United States Bankruptcy Judge

**EXHIBIT B**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|   |   |   |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CELSIUS NETWORK LLC, *et al.,*[4] | ) | Bankruptcy Appeal |
|  | ) |  |
| Debtors. | ) | [rel. Case No. 23-CV-3920] |
|  | ) |  |

## MOTION FOR LEAVE TO APPEAL

Immanuel J. Hermann, and Daniel A. Frishberg, Celsius Network LLC, *et al* creditors (the "Customer-Appellees-Cross-Appellants"), respectfully submit this Motion for Leave to Appeal as proposed conditional appellees/cross-appellants pursuant to Federal Rule of Bankruptcy Procedure Rules 8004 and 28 U.S.C. §158(a)(3).

We were parties to the original Motion, who supported the requested relief of the Celsius unsecured creditors' committee, and filed two responsive filings in the Bankruptcy Court.[5] We file to preserve our right to cross-appeal, conditional upon leave being granted to the Appellants,

---

[4] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

[5] See: https://cases.stretto.com/public/x191/11749/PLEADINGS/1174904172380000000068.pdf and https://cases.stretto.com/public/x191/11749/PLEADINGS/1174904172380000000052.pdf

Community First Partners, LLC, Celsius SPV Investors, LP, Celsius New SPV Investors, LP, and CDP Investissements Inc. (collectively, the "Series B Preferred Holders") or the District Court otherwise accepting the appeal.

The order appealed from by the Series B Preferred Holders, the *Order Granting the Motion of the Official Committee of Unsecured Creditors (I) for Authority to File a Class Claim Asserting Non-Contract Claims on Behalf of Account Holders or (II) to Appoint a Third-Party Fiduciary to Assert Non-Contract Claims on Behalf of Account Holders* [S.D.N.Y. Bkr. Case. No 22-10964 (MG) Dkt. No. 2496] (the "Customer Class Claims Order"), is **not** a final order within the meaning of 28 U.S.C. § 158 and, as such, the Series B Preferred Holders *require* leave of the District Court for this Appeal. The Series B Preferred Holders have not requested leave to appeal and such leave should be **DENIED**.

Recognizing the District Court's authority to determine that the order appealed from is a final order–or to grant leave to appeal on a discretionary basis–proposed Customer-Appellees-Cross-Appellants file this Notice of Appeal and Motion for Leave to Appeal out of an abundance of action because–in the event that the Preferred prevail and the Court finds leave to be necessary and proper, or otherwise accepts the appeal–we intend to cross-appeal and protect our rights, including alternative relief that will protect our rights if any of Chief Judge Glenn's decision is disturbed.

We will leave it to the Series B Preferred Holders to justify their own leave for appeal under Rule 8004. As we said, we believe this order is interlocutory and leave to appeal should be

granted. However, we expressly reserve the right to—and intend to—both defend this order and cross-appeal if this appeal should, in the end, be accepted, because certain alternative relief that the Bankruptcy Court did not grant in its order would modify or enlarge the relief granted by the Bankruptcy Court.

Because we do not support this appeal moving forward in the first place–and *only* seek leave to appeal as alternative relief there is cause, we ask the Court to waive the requirements of Rule 8004(b)(1) for us at this time, pursuant to Federal Rule of Bankruptcy Procedure 8028, and to consider this Motion to be good and sufficient under the circumstances.

Respectfully submitted,

*/s/ Immanuel Herrmann*  /s/ Daniel A. Frishberg
Immanuel Herrmann  Daniel A. Frishberg
*Pro Se*  *Pro Se*
May 16, 2023  May 16, 2023

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2023, a true and correct copy of *Notice Of Appeal (Appellees/ Cross-Appellants)* was filed with the Clerk of the United States Bankruptcy Court in the Southern District of New York and served upon Chambers, and the Core/2002 service list[6], and all parties to the appeal.

*/s/ Immanuel Herrmann*
Immanuel Herrmann
*Pro Se*
May 16, 2023

---

[6] Core/2002 Service List available at https://cases.stretto.com/celsius/ on May 15, 2023.