# Exhibit 7

AKIN GUMP STRAUSS HAUER & FELD LLP
Mitchell P. Hurley
Dean L. Chapman Jr.
Jeffrey A. Latov
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
mhurley@akingump.com
dchapman@akingump.com
jlatov@akingump.com

Elizabeth D. Scott (admitted *pro hac vice*)
2300 N. Field Street, Suite 1800
Dallas, TX 75201
Telephone: (214) 969-2800
Facsimile: (214) 969-4343
edscott@akingump.com

*Special Litigation Counsel*
*to the Debtors and the Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | Jointly Administered |
| RHODIUM ENTERPRISES, INC. | |
| Plaintiff, | |
| v. | Adversary Proceeding No. 23-01101 (MG) |
| CELSIUS MINING LLC, previously known as CELSIUS CORE LLC, | |
| Defendant. | |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network, Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

## **DEFENDANT CELSIUS MINING LLC'S FIRST SET OF INTERROGATORIES TO PLAINTIFF RHODIUM ENTERPRISES, INC.**

Pursuant to Federal Rules of Civil Procedure 26 and 33 made applicable to the above-captioned case by Rules 7026 and 7033 of the Federal Rules of Bankruptcy Procedure, Defendant Celsius Mining LLC ("<u>Celsius</u>" or "<u>Defendant</u>") hereby serves its First Set of Interrogatories (the "<u>Interrogatories</u>," and each individually an "<u>Interrogatory</u>") to Plaintiff Rhodium Enterprises, Inc. Within thirty (30) days after service, Plaintiff must answer each Interrogatory fully, separately, and completely in writing and under oath, in accordance with the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, and the Definitions and Instructions set forth below.

## **DEFINITIONS**

The full text of the definitions and rules of construction set forth in Civil Rule 26.3 of the Local District Rules for the United States District Court for the Southern District of New York are incorporated herein by reference and applicable to these Interrogatories as required by Local Bankruptcy Rule 7026-1. For the purposes of these Interrogatories, the following definitions shall apply whether or not such term is capitalized. Unless otherwise defined herein, all words and phrases shall be accorded their usual meaning and shall be interpreted broadly to encompass all facts and information that could otherwise be construed to fall outside their scope.

1. Any references to a corporation, partnership, proprietorship, association, organization, or any other business or legal entity (including any of the Debtors) shall be deemed to include the corporation's, partnership's, proprietorship's, association's, organization's, or other business or legal entity's agents, accountants, advisors, employees, attorneys, officers, directors, direct or indirect shareholders, members, representatives, affiliates, subsidiaries, predecessors, successors, assigns, or any other person acting or purporting to act on behalf of the corporation, partnership, proprietorship, association, organization, or other business or legal entity.

2

2.   The use of the singular form of any word includes the plural and vice versa, and a verb in any tense shall be construed as the use of the verb in all other tenses.

3.   The terms "all," "any," and "each" shall each be construed as encompassing any and all.

4.   The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

5.   The term "8-K" refers to the Form 8-K dated September 29, 2022 filed by SilverSun Technologies, Inc. announcing a proposed transaction between SilverSun and Rhodium.

6.   The term "communication" has the meaning set forth in Local Rule 26.3, as adopted by Local Bankruptcy Rule 7026-1, and means the transmittal of information (in the form of facts, ideas, inquires, or otherwise). For the avoidance of doubt, this may encompass any oral, written, or electronic transmission of information without limitation, including meetings, discussions, conversations, telephone calls, email messages, text messages, Bloomberg messages, chat messages, WhatsApp messages, GroupMe messages, Slack messages, memoranda, letters, analyst reports, telecopies, telefaxes, telexes, conferences, seminars, messages, notes, videotapes, photographs, microfilm, microfiche, magnetic disks, or other media of any kind.

7.   The term "concerning" has the meaning set forth in Local Rule 26.3, as adopted by Local Bankruptcy Rule 7026-1, and means relating to, referring to, describing, evidencing, or constituting.

8.   The term "Celsius SAFE" refers to the Simple Agreement for Future Equity dated June 2, 2021 between Debtor Celsius Core LLC (now known as Celsius Mining LLC) and Rhodium.

3

9. The term "Debtors" means Celsius Network LLC and each of its associated debtors and debtors in possession in the above-captioned chapter 11 cases.

10. The term "documents" has the meaning set forth in Local Rule 26.3, as adopted by Local Bankruptcy Rule 7026-1, and is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A).

11. The term "identify" has the meaning set forth in Local Rule 26.3, as adopted by Local Bankruptcy Rule 7026-1.

12. The term "including" shall be construed to mean including, but not limited to.

13. The term "Merger" or "Transaction" means the planned merger transaction between Rhodium Enterprises, Inc. and SilverSun Technologies, Inc. that was announced in a Form 8-K filed by SilverSun on or around September 29, 2022.

14. The term "Merger Agreement" means the Agreement and Plan of Merger, dated as of September 29, 2022, by and among SilverSun Technologies, Inc., Rhodium Enterprises Acquisition Corp., Rhodium Enterprises Acquisition LLC, and Rhodium Enterprises, Inc., including any revisions or amendments thereto.

15. The term "parties" has the meaning set forth in Local Rule 26.3, as adopted by Local Bankruptcy Rule 7026-1.

16. The term "person" has the meaning set forth in Local Rule 26.3, as adopted by Local Bankruptcy Rule 7026-1, and means any natural person, corporation, firm, partnership, other unincorporated association, company, trust, fund, government agency, or entity. For the avoidance of doubt, this includes current and former employees, officers, directors, partners, agents, brokers, representatives, and accountants.

17. The term "Rhodium" refers to Rhodium Enterprises, Inc. and any of its past or present organizers, directors, officers, employees, personnel, agents, representatives, parents, subsidiaries, affiliates, predecessors, successors, assigns, members, owners, investors, or creditors.

18. The term "Rhodium SAFEs" means all Simple Agreements for Future Equity Rhodium has executed with any party.

19. The term "SAFE" refers to a Simple Agreement for Future Equity.

20. The term "SilverSun" refers to SilverSun Technologies, Inc. and any of its past or present organizers, directors, officers, employees, personnel, agents, representatives, parents, subsidiaries, affiliates, predecessors, successors, assigns, members, owners, investors, or creditors.

21. The term "SilverSun S-4" means the SilverSun Technologies, Inc. Form S-4 filed with the SEC on October 18, 2022, including all amendments and revisions thereto.

22. "You" and "Your" refer to Rhodium and any of its agents and representatives.

**INSTRUCTIONS**

1. In accordance with Federal Rule of Civil Procedure 33(b)(3) and Federal Rule of Bankruptcy Procedure 7033, each Interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath.

2. These Interrogatories are continuing in nature and require supplemental answers in the event You, or any other person acting on Your behalf, becomes aware of additional information between the time Your answers are given and the time of trial that renders Your answers no longer complete.

3. As to any Interrogatory that You refuse to answer or are unable to answer in whole or in part, for any reason, including a claim of privilege, please state the grounds for Your refusal or inability to answer. When You believe that a complete answer to a particular Interrogatory or

part thereof is not possible, please answer each Interrogatory to the extent possible and furnish a statement explaining: (a) the reason for Your inability to answer further; and (b) whatever information or knowledge You have concerning the unanswered portion.

4. In accordance with Local Bankruptcy Rule 7033-1, no part of an Interrogatory may be left unanswered merely because an objection is interposed to another part of the Interrogatory. If an objection or request for relief is made with respect to any Interrogatory or portion thereof, the objection shall state all grounds with specificity. Any ground not stated in the objection or request for relief within the time provided by the Bankruptcy Rules, or any extensions thereof, shall be deemed waived.

5. In the event You serve a proper and timely objection to any Interrogatory, please identify whether you are refusing to provide a response based on such objection and, if so, to what portion of the Interrogatory you are refusing to respond. Please respond to all portions of an Interrogatory that do not fall within the portion of the objection upon which you are standing. For example, if You object to an Interrogatory on the grounds that it is too broad because it asks for information that You believe is not relevant to this Adversary Proceeding, please note that you are not providing the information that You believe not to be relevant and provide a response regarding the information that You admit is or may be relevant to this Adversary Proceeding.

6. If You produce business records in response to an Interrogatory, please specify with particularity the location and identity of the business records where the information requested was found. Such production of documents does not satisfy the obligation to answer an Interrogatory if information within the scope of the Interrogatory other than that contained in the documents is available to You.

7. If an Interrogatory requests that You identify documents and You know such documents exist, but are not in Your possession, custody or control, please so indicate and identify the person or entity in whose custody such documents reside.

8. When identifying a Person, give such Person's:

    a. full name;

    b. last known business address and telephone number;

    c. last known email addresses;

    d. last known WhatsApp, Slack, or similar handles, and all apps used to communicate;

    e. last known residential address and telephone number; and

    f. present or last known business affiliation, and position at the business at the time in question.

9. When identifying a document:

    a. identify the author, addressee, the name of the person(s) who signed the document, and any persons shown as receiving copies of the document;

    b. state the document title, number, code, or other identifying data;

    c. state the number of pages;

    d. identify any attachments or supplemental items incorporated into the document;

    e. state the date on which the document was prepared, or, if not known, the approximate date;

    f. state the date appearing on the document;

    g. state the transaction, act or occurrence to which such document relates and the substance of the document;

7

       h.    state the general description of the document; and

       i.    state the name, address and description of the person having possession, custody or control of the document.

10.    If referencing records from which the answer may be derived or ascertained, as permitted by Bankruptcy Rule 7033, please provide the following:

       a.    sufficient detail to locate and identify the records and ascertain the answer as readily as You could;

       b.    any computerized or digital information or summaries thereof that You have, or can adduce by relatively simple procedure, unless these materials are privileged or otherwise immune from discovery;

       c.    any relevant compilations, abstracts, or summaries in Your custody or readily obtainable, unless these materials are privileged or otherwise immune from discovery; and

       d.    unless the Court orders otherwise, the documents, which shall be made available for inspection and copying within fourteen (14) days after service of the answers to Interrogatories or on a date agreed upon by the parties.

## INTERROGATORIES

**Interrogatory No. 1:** Identify all persons with knowledge concerning the negotiation of the Merger or the Merger Agreement.

**Interrogatory No. 2:** Identify all persons with knowledge concerning the Pro Forma Valuation, the Rhodium Valuation and any analysis of the fair value of Rhodium, SilverSun and any entity transferred, spun out, created by or emerging from the Merger.[2]

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Silversun S-4.

8

**Interrogatory No. 3:** Identify all persons with knowledge of the Parent Board Recommendations and the Company Board Recommendations.

**Interrogatory No. 4:** Identify the members of the boards of directors, including dates of service and any committee or subcommittee roles, of Rhodium Enterprises, Inc., SilverSun Technologies, Inc., Merger Sub I, and SWK Technologies Holdings, Inc.

**Interrogatory No. 5:** Identify the holders of the Company Class B Common Stock.

**Interrogatory No. 6:** Identify all persons involved in the "arms-length negotiations" that supposedly led to the Rhodium Valuation, including but not limited to, and by way of example only, such claims in Peter Stris's April 14, 2023 letter to Celsius' counsel.

**Interrogatory No. 7:** Identify all persons with knowledge regarding the negotiation of the Celsius SAFE.

**Interrogatory No. 8:** Identify all persons with knowledge of the alleged need to resolve any disputes between Rhodium and Celsius, including those alleged in the Complaint in the above-captioned Adversary Proceeding, before the Merger can close.

9

Dated: May 3, 2023  **AKIN GUMP STRAUSS HAUER & FELD LLP**
New York, New York

By: */s/ Mitchell P. Hurley*
    Mitchell P. Hurley
    Dean L. Chapman Jr.
    Jeffrey A. Latov
    One Bryant Park
    New York, New York 10036
    Telephone: (212) 872-1000
    Facsimile: (212) 872-1002
    mhurley@akingump.com
    dchapman@akingump.com
    jlatov@akingump.com

    Elizabeth D. Scott (admitted *pro hac vice*)
    2300 N. Field Street, Suite 1800
    Dallas, TX 75201
    Telephone: (214) 969-2800
    Facsimile: (214) 969-4343
    edscott@akingump.com

    *Special Litigation Counsel*
    *to the Debtors and the Debtors in Possession*

## CERTIFICATE OF SERVICE

I hereby certify that, on May 3, 2023, a true and correct copy of the foregoing was served via email on counsel for Plaintiff Rhodium Enterprises, Inc.

                                              */s/ Mitchell P. Hurley*
                                              Mitchell P. Hurley