# Exhibit 8

AKIN GUMP STRAUSS HAUER & FELD LLP
Mitchell P. Hurley
Dean L. Chapman Jr.
Jeffrey A. Latov
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
mhurley@akingump.com
dchapman@akingump.com
jlatov@akingump.com

Elizabeth D. Scott (admitted *pro hac vice*)
2300 N. Field Street, Suite 1800
Dallas, TX 75201
Telephone: (214) 969-2800
Facsimile: (214) 969-4343
edscott@akingump.com

*Special Litigation Counsel
to the Debtors and the Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | Jointly Administered |
| RHODIUM ENTERPRISES, INC. | |
| Plaintiff, | |
| v. | Adversary Proceeding No. 23-01101 (MG) |
| CELSIUS MINING LLC, previously known as CELSIUS CORE LLC, | |
| Defendant. | |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network, Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

**DEFENDANT CELSIUS MINING LLC'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF RHODIUM ENTERPRISES, INC.**

Pursuant to Federal Rules of Civil Procedure 26 and 34 made applicable to the above-captioned case by Rules 7026 and 7034 of the Federal Rules of Bankruptcy Procedure, Defendant Celsius Mining LLC ("Celsius" or "Defendant") hereby serves its First Set of Requests for Production (the "Requests," and each individually a "Request") to Plaintiff Rhodium Enterprises, Inc. The production of documents in response to these Requests shall be made within thirty days after service of the Requests. Written responses and documents responsive to these Requests shall be produced in accordance with the instructions and definitions herein.

**DEFINITIONS**

The full text of the definitions and rules of construction set forth in Civil Rule 26.3 of the Local District Rules for the United States District Court for the Southern District of New York are incorporated herein by reference and applicable to these Requests as required by Local Bankruptcy Rule 7026-1. For the purposes of these Requests, the following definitions shall apply whether or not such term is capitalized. Unless otherwise defined herein, all words and phrases shall be accorded their usual meaning and shall be interpreted broadly to encompass all facts and information that could otherwise be construed to fall outside their scope.

1.  Any references to a corporation, partnership, proprietorship, association, organization, or any other business or legal entity (including any of the Debtors) shall be deemed to include the corporation's, partnership's, proprietorship's, association's, organization's, or other business or legal entity's agents, accountants, advisors, employees, attorneys, officers, directors, direct or indirect shareholders, members, representatives, affiliates, subsidiaries, predecessors, successors, assigns, or any other person acting or purporting to act on behalf of the corporation, partnership, proprietorship, association, organization, or other business or legal entity.

2

2. The use of the singular form of any word includes the plural and vice versa, and a verb in any tense shall be construed as the use of the verb in all other tenses.

3. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

4. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

5. The term "8-K" refers to the Form 8-K dated September 29, 2022 filed by SilverSun Technologies, Inc. announcing a proposed transaction between SilverSun and Rhodium.

6. The term "communication" has the meaning set forth in Local Rule 26.3, as adopted by Local Bankruptcy Rule 7026-1, and means the transmittal of information (in the form of facts, ideas, inquires, or otherwise). For the avoidance of doubt, this may encompass any oral, written, or electronic transmission of information without limitation, including meetings, discussions, conversations, telephone calls, email messages, text messages, Bloomberg messages, chat messages, WhatsApp messages, GroupMe messages, Slack messages, memoranda, letters, analyst reports, telecopies, telefaxes, telexes, conferences, seminars, messages, notes, videotapes, photographs, microfilm, microfiche, magnetic disks, or other media of any kind.

7. The term "concerning" has the meaning set forth in Local Rule 26.3, as adopted by Local Bankruptcy Rule 7026-1, and means relating to, referring to, describing, evidencing, or constituting.

8. The term "Celsius SAFE" refers to the Simple Agreement for Future Equity dated June 2, 2021 between Debtor Celsius Core LLC (now known as Celsius Mining LLC) and Rhodium.

3

9. The term "<u>Debtors</u>" means Celsius Network LLC and each of its associated debtors and debtors in possession in the above-captioned chapter 11 cases.

10. The term "<u>documents</u>" has the meaning set forth in Local Rule 26.3, as adopted by Local Bankruptcy Rule 7026-1, and is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A).

11. The term "<u>identify</u>" (with respect to documents) has the meaning set forth in Local Rule 26.3, as adopted by Local Bankruptcy Rule 7026-1, and means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s).  In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Federal Rule of Civil Procedure 33(d).

12. The term "<u>including</u>" shall be construed to mean including, but not limited to.

13. The term "<u>Merger</u>" or "<u>Transaction</u>" means the planned merger transaction between Rhodium Enterprises, Inc. and SilverSun Technologies Inc. that was announced in a Form 8-K filed by SilverSun on or around September 29, 2022.

14. The term "<u>Merger Agreement</u>" means the Agreement and Plan of Merger, dated as of September 29, 2022, by and among SilverSun Technologies, Inc., Rhodium Enterprises Acquisition Corp., Rhodium Enterprises Acquisition LLC, and Rhodium Enterprises, Inc., including any revisions or amendments thereto.

15. The term "<u>parties</u>" has the meaning set forth in Local Rule 26.3, as adopted by Local Bankruptcy Rule 7026-1.

16. The term "<u>person</u>" has the meaning set forth in Local Rule 26.3, as adopted by Local Bankruptcy Rule 7026-1, and means any natural person, corporation, firm, partnership, other unincorporated association, company, trust, fund, government agency, or entity.  For the avoidance

4

of doubt, this includes current and former employees, officers, directors, partners, agents, brokers, representatives, and accountants.

17.     The term "Rhodium" refers to Rhodium Enterprises, Inc. and any of its past or present organizers, directors, officers, employees, personnel, agents, representatives, parents, subsidiaries, affiliates, predecessors, successors, assigns, members, owners, investors, or creditors.

18.     The term "Rhodium SAFEs" means all Simple Agreements for Future Equity Rhodium has executed with any party.

19.     The term "SAFE" refers to a Simple Agreement for Future Equity.

20.     The term "SilverSun" refers to SilverSun Technologies, Inc. and any of its past or present organizers, directors, officers, employees, personnel, agents, representatives, parents, subsidiaries, affiliates, predecessors, successors, assigns, members, owners, investors, or creditors.

21.     "You" and "Your" refer to the Rhodium and any of its agents and representatives.

**INSTRUCTIONS**

1.     The preceding definitions apply to these Instructions and each of the succeeding Requests.

2.     Written responses and documents responsive to these Requests should be produced electronically to Celsius' special litigation counsel, Mitchell P. Hurley, Dean L. Chapman, Jeffrey A. Latov, and Elizabeth D. Scott, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036, mhurley@akingump.com, dchapman@akingump.com, jlatov@akingump.com, and edscott@akingump.com, within 30 days of service.

3.     You are requested to produce all responsive documents and communications that are in your possession, custody, or control, wherever located, including, without limitation, those in the possession, custody, or control of anyone acting on Your behalf.

5

4. If any part of the following Requests cannot be responded to in full, please respond to the extent possible, specifying the reason(s) for your inability to respond to the remainder and stating whatever information or knowledge you have relating to the portion to which you cannot respond.

5. If You object to any part of any Request, You shall state fully the nature of the objection. Notwithstanding any objections, You shall nonetheless comply fully with the other parts of the Request to which You have not objected.

6. If there are no documents responsive to any particular Request, please state so in writing.

7. Where any copy of any document whose production is sought herein, whether a draft or final version, is not identical to any copy thereof, by reason of alterations, notes, comments, initials, underscoring, highlighting, marks, signatures, stamps, symbols, indication of routing, or other material contained thereon or attached thereto, all such non-identical copies are to be produced separately.

8. Where only a portion of a document relates or refers to the subject indicated, the entire document is to be produced nevertheless, along with all attachments, appendices, and exhibits.

9. If any document requested herein was formerly in your possession, custody, or control (or that of your professional) and has been lost or destroyed or otherwise disposed of, you are requested to submit in lieu of any such document a written statement (i) describing in detail the nature of the document and its contents, (ii) identifying the person(s) who prepared or authored the document and, if applicable, the person(s) to whom the document was sent, (iii) specifying the date on which the document was prepared or transmitted, and (iv) specifying the date on which

6

the document was lost or destroyed and, if destroyed, the conditions of and reasons for such destruction and the person(s) requesting and performing the destruction.

10. All documents shall be produced in TIFF format with OCR images. All documents shall be produced with metadata, including the date created/sent, author, recipients, cc-copies, and bcc-blind copies. Celsius reserves the right to request that documents be produced in their native format.

11. A request for any document shall be deemed to include a request for any and all transmittal sheets, cover letters, exhibits, enclosures, envelopes, or attachments to such document, in addition to the document in its full and unexpurgated form.

12. Documents should be produced in the manner they are kept in the ordinary course of business. Documents attached to each other should not be separated.

13. If, in responding to the Requests, You believe there are ambiguities in a Request or Definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

14. Any document, communication, or other information sought to be identified or obtained within the scope of these Requests that is withheld on the basis of a claim of privilege, work product protection, or any other grounds should be identified in writing by date, title/file name/"re line"/subject, addressee/to/cc/bcc, addressor/from, document type, and topic covered and listed with a statement of the grounds alleged for withholding such document, communication, or other information, in accordance with terms and conditions to be agreed upon by the parties or ordered by the Bankruptcy Court.

15. If only a part of a document is protected by any privilege or immunity, the document shall be produced with only the privileged matter redacted. And the basis for the claim of privilege

7

or immunity with respect to the redacted material or information shall be identified in writing in accordance with the requirements set forth in Paragraph 14 above.

16.   The following Requests are to be deemed continuing in nature. If at any time additional documents or communications responsive to the Requests come into Your possession, custody or control, or are brought to Your attention, prompt supplementation of Your responses to these Requests is required.

17.   The time period for these requests is June 2, 2021 to the present unless otherwise indicated.

18.   Celsius reserves the right to request additional documents and communications as needed and to submit additional or supplemental document requests, and expressly reserves its rights to supplement or amend the Requests.

## REQUESTS FOR PRODUCTION

1.   All transaction documents associated with the Merger (to the extent not available in public filings), including but not limited to all schedules and exhibits to the Merger Agreement and all documents and agreements referenced therein, such as the Separation Agreement, the Parent Voting Support Agreement, the Company Voting and Support Agreement, the Registration Rights Agreement, the Payoff Letters, the Stockholders Agreement, the Parent Certificate of Incorporation, the Parent Bylaws, the Rhodium Technologies LLCA, the Pro Forma Valuation, the Rhodium Valuation, the 2022 Plan, each Company SAFE, the Company Unaudited Financial Statements, the Company Benefit Plan, the Parent Organizational Documents, the Parent Registration Statement, and the Parent SEC Reports.[2]

2.   All documents and communications concerning or relating to the value of Rhodium and/or SilverSun, including without limitation in connection with the Merger, the Pro Forma

---

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Merger Agreement or the SAFE, as appropriate.

8

Valuation and the Rhodium Valuation, and including any reports, presentations or other analyses prepared by the parties, their financial advisors or others concerning the value of Rhodium and/or SilverSun.

3.      All documents and communications concerning or relating to any financial or other diligence Rhodium performed with respect to SilverSun, its business, its suitability as a merger partner, the rationale for the proposed distribution and dividend to SilverSun's legacy shareholders, and any potential or anticipated benefits to Rhodium expected to result from the Merger.

4.      All documents and communications concerning or relating to the relative rights of SilverSun Class A common stock and SilverSun Class B common stock.

5.      All documents and communications concerning or relating to Rhodium's characterization of the planned Merger as a Liquidity Event.

6.      All documents and communications concerning any choice given to, or considered to be given to, any of Rhodium's securityholders (regardless of class) as to the form and amount of consideration to be received in connection with the Merger, including the choices being provided to such securityholders and any election they made.

7.      All documents and communications, whenever created, concerning or relating to any transactions or other alternatives to the Merger proposed to, explored by, or considered by Rhodium.

8.      All Rhodium SAFEs and any side agreements, amendments, modifications or other related documents and communications, whenever created.

9.      All documents and communications concerning or relating to the treatment of any Rhodium SAFE (or all of the SAFEs) in connection with the Merger and any valuation of Rhodium and/or SilverSun, including in connection with the Merger.

9

10. All documents and communications with the holders of any other Rhodium SAFEs concerning or relating to the planned Merger, including without limitation any objections or claims asserted by any Rhodium SAFE holder concerning the Merger, and any resolution of such objections or claims.

11. All documents and communications exchanged with any Rhodium legacy securities holders, including but not limited to stockholders or equity holders, regarding any of Rhodium's SAFEs, including but not limited to the SAFE with Celsius, and the treatment of such SAFEs under the planned Merger.

12. All documents and communications exchanged with any Rhodium legacy securities holders, including but not limited to stockholders or equity holders, concerning valuation issues relating to Rhodium, SilverSun or the Merger.

13. All documents and communications concerning or relating to the trading price of SilverSun shares since the issuance of the 8-K with respect to the planned Merger, any Rodium SAFE, and valuation.

14. All documents and communications exchanged with regulators concerning or relating to the planned Merger, including but not limited to the anticipated or likely timing to close the Merger.

15. All Rhodium board minutes, packages, communications, presentations and other materials concerning or relating to Celsius, the value or valuation of Rhodium or SilverSun, the treatment of any SAFEs in connection with the Merger and consideration of how the Merger or any other or alternative types or structures of transactions could impact SAFEs and SAFE holders.

16. All documents and communications concerning any valuation reports, fairness opinions or other materials, whether prepared by or for Rhodium, concerning Rhodium's valuation or the Merger.

17. All documents and communications concerning or relating to the consideration to be provided to SilverSun shareholders under the Merger, including any documents or communications concerning the value of that consideration or any part thereof, and any negotiations between SilverSun and Rhodium concerning the amount of consideration to be provided.

18. From January 1, 2021 to the present, all documents and communications concerning or relating to the impact of the Merger or any other potential transaction on any SAFE, including the Celsius SAFE.

19. All documents and communications concerning or relating to Rhodium's claim that the Rhodium Valuation is the result of a good faith, arms-length negotiation between Rhodium and SilverSun, including but not limited to, and by way of example only, such claims in Peter Stris's April 14, 2023 letter to Celsius' counsel.

20. All documents and communications concerning any consideration by Rhodium of entering into any type of transaction of the kinds identified in the Celsius SAFE, including any Liquidity Event, Listing Event, SPAC or Initial Public Offering from January 1, 2021 to the present.

21. All documents and communications concerning any analysis of whether the consideration proposed to be provided to Celsius in connection with the Merger, as described in the 8-K, has a value of at least $50 million.

22. All documents and communications, whenever created, concerning or relating to the negotiation of the Rhodium SAFEs and any side agreements or other related documents.

23. All documents and communications, whenever created, concerning or relating to any actual, potential, hypothetical or anticipated returns for SAFE holders, whether or not associated with the Merger.

11

24. All documents and communications concerning or relating to the alleged need to resolve any disputes between Rhodium and Celsius, including those alleged in the Complaint in the above-captioned Adversary Proceeding, before the Merger can close.

Dated: May 3, 2023
New York, New York

**AKIN GUMP STRAUSS HAUER & FELD LLP**

By: */s/ Mitchell P. Hurley*
    Mitchell P. Hurley
    Dean L. Chapman Jr.
    Jeffrey A. Latov
    One Bryant Park
    New York, New York 10036
    Telephone: (212) 872-1000
    Facsimile: (212) 872-1002
    mhurley@akingump.com
    dchapman@akingump.com
    jlatov@akingump.com

    Elizabeth D. Scott (admitted *pro hac vice*)
    2300 N. Field Street, Suite 1800
    Dallas, TX 75201
    Telephone: (214) 969-2800
    Facsimile: (214) 969-4343
    edscott@akingump.com

    *Special Litigation Counsel*
    *to the Debtors and the Debtors in Possession*

**CERTIFICATE OF SERVICE**

I hereby certify that, on May 3, 2023, a true and correct copy of the foregoing was served via email on counsel for Plaintiff Rhodium Enterprises, Inc.

                                                      */s/ Mitchell P. Hurley*
                                                      Mitchell P. Hurley