**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.,*[1] | ) | Case No. 22-10964 |
| | ) | (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## APPELLEES'/CROSS-APPELLANTS' STATEMENT OF ISSUES TO BE PRESENTED ON CROSS-APPEAL AND COUNTERDESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD

Appellees/Cross-Appellants Immanuel J. Herrmann and Daniel A. Frishberg

respectfully submit this statement of the issues to be presented and designation of

items to be included in the record on cross-appeal, pursuant to Federal Rules of

Bankruptcy Procedure 8001-8005, 8009, and 8016, should the Series B Preferred

Holders' be granted leave to appeal the *Order Granting the Motion of the Official*

*Committee of Unsecured Creditors (I) for Authority to File a Class Claim*

*Asserting Non-Contract Claims on Behalf of Account Holders or (II) to Appoint a*

*Third-Party Fiduciary to Assert Non-Contract Claims on Behalf of Account*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Holders [Dkt. No. 2496] (the "Class Claims Order.")* pending as 23-CV-3920

(S.D.N.Y. 2023) / Bkr. Case No 22-10964 (MG) D.R. 2576—or should the appeal

otherwise move forward. (This is a textbook interlocutory order, and leave to

appeal should be denied. In the alternative, this filing shall serve as our designation

and questions on cross-appeal.)

We reserve all of our rights, including (but not limited to) the right to amend

our Notice of Cross Appeal, our Cross Motion for Leave to Appeal, and/or this

Statement, Questions and Designation—should the Series B Preferred Holders be

granted leave for an interlocutory appeal to move forward or otherwise receive

leave to designate additional items for inclusion in the record, to remove items

from our appendix that we choose not to include in our brief, or to restate or

modify questions and issues presented on cross-appeal.

## STATEMENT OF ISSUES ON CROSS-APPEAL

We respectfully state the following issues on cross-appeal:

1. The Series B Preferred Holders take the position in this appeal that "the Committee cannot act on behalf of individual creditors" and that "the Committee is not and cannot be a class member." However, during the briefing and hearing of the "Briefed Legal Issue," which began on December 28, 2022, which lead to the *Order Regarding Which Debtor Entities Have Liability for Customer Claims Under the Terms of Use* [Docket No. 2265] (the "Customer Claims Order"), which is under separate appeal under Case Nos. 23-cv-03144 (S.D.N.Y. 2023) and 23-cv-02882 (S.D.N.Y. 2023), and

which led to the Class Claims process taking place—the Series B Preferred Holders *actively* participated in, invited, *and* encouraged litigation in which, according to their own arguments, customers, the actual parties to the terms of use—***were not present***. The UCC, the Debtors, and the Series B Preferred Holders were the ***only*** parties who participated in the litigation. No *pro se* creditors participated. No *represented* individual customers participated. No *represented* group of customers participated. *Nor* was *anyone* appointed to *represent* the Customer class, or parties to the Terms of Use as a class. Virtually no parties with a *particularized interest* in the matter were served with the briefing schedule or informed of the Briefed Legal Issue. This raises the very serious question of who, exactly, the Series B Holders contend ***represented*** customers, as parties to the terms of use, during the pendency of the Briefed Legal Issue, and why they believed the Debtors and the UCC had standing to litigate "on behalf of" customers in the Briefed Legal Issue ***but do not*** have standing to do so on Customer Class Claims matters. When the Series B Holders agreed to a Briefing Schedule that required no customer representation, and agreed the only required parties were the UCC and the Debtors, they ***expressly failed to raise*** the arguments they are attempting to raise now. We contend that such failure to raise this issue in the Briefed Legal Issue was "invited error."[2] Did invited error by the Series B Preferred Holders during the Briefed Legal Issue litigation waive the issue of who can represent customers for future controversies in the case—including the Class Claims issue—and should the court modify Chief Judge Glenn's order to state that the Series B Preferred Holders already waived their right to object to "the identity of the parties who will act as class representatives" and otherwise represent customers under the invited

---

[2] "Under the doctrine of 'invited error' a party cannot successfully take advantage of error committed by the court at his request." *Jentick v. Pacific Gas & Elec. Co.* (1941) 18 Cal.2d 117, 121 [114 P.2d 343] "Under the doctrine of invited error, when a party by its own conduct induces the commission of error, it may not claim on appeal that the judgment should be reversed because of that error." (*People v. Perez* (1979) 23 Cal.3d 545, 549-550, fn. 3 [153 Cal.Rptr. 40, 591 P.2d 63]; *Jentick v. Pacific Gas & Elec. Co.* (1941) 18 Cal.2d 117 [114 P.2d 343]). See also, *Brett v. Great Am. Recreation, Inc.*, 144 N.J. 479, 503 (1996), and *New Jersey Div. of Youth & Family Servs. v. M.C. III*, 201 N.J. 328, 342 (2010). Where a party "has led the court into error," that party will not be permitted to "manipulat[e] the system" by complaining on appeal of the very error that that party invited. "Trial errors that 'were induced, encouraged or acquiesced in or consented to by defense counsel ordinarily are not a basis for reversal on appeal.'" *State v. A.R.*, 213 N.J. 542, 561 (2013) (quoting *State v. Corsaro*, 107 N.J. 339, 345 (1987)). A "defendant cannot beseech and request a trial court to take a certain course of action, and upon adoption by the court, take his [or her] chance on the outcome of the trial, and if unfavorable, then condemn the very procedure he [or she] sought and urged, claiming it to be error and prejudicial." *State v. Jenkins*, 178 N.J. 347, 358 (2004) (quoting *State v. Pontery*, 19 N.J. 457, 471 (1955)).

error doctrine?[3]

2. Mr. Frishberg and Mr. Herrmann have requested from the Debtors access to *all* discovery materials that the Series B Preferred Holders possess so that we have a "fair fight" in any litigation against them. The Series B Preferred Holders take the position that the UCC can't represent individual customers nor customers as a class. Therefore, we must represent ourselves or hire attorneys to represent us personally (which we cannot afford) to have any representation (according to the Series B Holders.) We have not yet received access to all the discovery materials the Debtors shared with the Series B Holders, though we have received some[4]. Does a lack of discovery *parity* between customers and the Series B Preferred Holders command the court to either provide class representation to creditors, so that they have representation that has access to all discovery materials including "professional eyes only" materials, or else command the court to order an independent third-party fiduciary to represent customers, or else command the Court to order that all discovery materials in the possession of the Series B Preferred Holders be shared to any creditor who requests them, perhaps subject to the signing of a protective order? (Due process, we contend, *does* **require** the court to do something to have parity. We *cannot* be "on our own" to litigate *our* individual interests, yet deprived of the same discovery materials that the Series B Holders have to advocate for *their* interests.)

3. We believe, like Chief Judge Glenn does—that the UCC *can* represent customers like ourselves—**with our consent** and with leave of the court to represent a class. If the District Court disagrees, however, does due process require that the Court provide the alternative relief of an independent, third-party fiduciary instead—so that customers are able to have representation in litigation against the Series B Preferred Holders?

---

[3] The order states in paragraph 5 that "The rights of all parties in interest to object to the allowance or certification of the class claim, or to the identity of the parties who will act as class representatives with respect to the class claim, are fully preserved and may be asserted in the claims allowance or certification litigation regarding the class claim." We contend on cross-appeal that the Series B Preferred Holders waived this right during the Briefed Legal issue through the invited error doctrine, and that these rights should not be expressly preserved by the order for them to raise later. We are, however, fine preserving these rights for others who did not already waive the issue in previous litigation.

[4] We have only received access to the unredacted versions of the UCC's exhibits in their class certification motion. Mr. Frishberg received access to it on May 24, and Mr. Herrmann received access to it on May 25.

4. If so, should the Court order that the Ad Hoc Group of Earn Account
   Holders become an official committee, so that such representation is
   provided to Earn account holders?

## Designation of Additional Items to be Included in the Record on Appeal

We incorporate the additional items of the Committee of Unsecured

Creditors (attached as Exhibits A and B) as if fully set forth herein (even if the item

is withdrawn/removed). In addition, we designate the following additional items.

For items designated, the designation includes all documents referenced with the

particular document number including, without limitation, all statements,

appendices, exhibits, attachments, declarations, transcripts, and/or related

affidavits. To the extent items appear multiple times, in spite of our best efforts, we

consent to each item only appearing once, without further order of any Court.

| ECF Docket # | Title |
|---|---|
| 77 | Chapter 11 Voluntary Petition for Non-Individual. Order for Relief Entered. Case Designated as Mega per LBR 1073-1. Filed by Joshua Sussberg of Kirkland & Ellis LLP on behalf of Celsius Network LLC. |
| 301 | Order, Signed on 8/1/2022, That Debtors File Terms of Use. |
| 393 | Declaration of Alex Mashinsky, Chief Executive Officer of Celsius Network LLC, Providing Terms of Use Dating Back to February 18, 2018 filed by Joshua Sussberg on behalf of Celsius Network LLC. |
| 394 | Statement/Notice of Filing of Declaration of Alex Mashinsky, Chief Executive Officer of Celsius Network LLC, Providing |

| | |
|---|---|
| | Terms of Use Dating Back to February 18, 2018 filed by Joshua Sussberg on behalf of Celsius Network LLC. |
| 546 | Motion for Entry of an Order Directing the Appointment of an Examiner |
| 737 | Ad Hoc Group of Withhold Account Holders' Motion for Relief from the Automatic Stay |
| 820 | Order Directing the Trustee to Appoint an Examiner |
| 832 | Debtors' Motion Seeking Entry of an Order (I) Permitting the Sale of Stablecoin in the Ordinary Course and (II) Granting Related Relief |
| 853 | Objection to sale of stablecoins |
| 877 | Kwok Mei Po Motion |
| 882 | Order Setting Hearing on Kwok Mei Po Motion |
| 901 | Gallagher Objection to docket #832, the Debtor's motion permitting the sale of stablecoins |
| 914 | Crews Objection [intended to be an objection to Earn stablecoin motion] |
| 920 | US Trustee Notice of Appointment of Examiner |
| 922 | Texas Objection to original stablecoin order |
| 923 | Order Appointing Examiner |
| 925 | Vermont Stablecoin Objection |
| 933 | US Trustee Omnibus Objection to Stablecoin and Reopening Withdrawals |
| 951 | Joinder to Crews Objection [intended to be an objection to Earn stablecoin motion] |
| 954 | Herrmann Omnibus Objection to Motions Taking Positions on Which Coins are Customer Property |
| 967 | Wisconsin Stablecoin Joinder |
| 970 | Victor Ubierna de las Heras Joinder to Objections to stablecoin motion |
| 973 | Statement of Financial Affairs – Non-Individual filed by Joshua Sussberg on behalf of Celsius Network LLC. |

| 974 | Schedules filed: Schedule A/B - Non-Individual, Schedule D - Non- Individual, Schedule E/F - Non- Individual, Schedule G - Non- Individual, Schedule H - Non- Individual Filed by Joshua Sussberg on behalf of Celsius Network LLC. (Attachments: # 1 Part 2 # 2 Part 3). |
|---|---|
| 1085 | Washington Joinder to Stablecoin Objection |
| 1106 | Debtors Objection to Kwok Motion |
| 1121 | Joinder to Kwok Motion |
| 1152 | Final Order (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (D) Continue to Perform Intercompany Transactions, (II) Granting Related Superpriority Administrative Expense Status to Postpetition Intercompany Balances, and (III) Granting Related Relief |
| 1166 | Memorandum Opinion and Order Denying Motion for the Appointment of an Official Preferred Equity Committee |
| 1167 | Memorandum Opinion and Order Granting Motion to Approve Bidding Procedures in Connection with the Sale of Substantially All the Debtors' Assets |
| 1181 | Amended Final Order, Signed on 10/25/2022, (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief. |
| 1186 | UCC Objection to Stablecoin Sales |
| 1198 | Hearing Transcript [Motion for the Appointment of an Official Preferred Equity Committee] |
| 1228 | Debtors Statement Re November 1 Stablecoin Hearing |
| 1251 | Kwok Mei Po Objection |
| 1253 | Khanuja Response to Stablecoin Motion |
| 1263 | Herrmann Response and Reservation of Rights Re Stablecoin Order |
| 1277 | Reservation of Rights |

| 1280 | Transcript from 11/1 Hearing [Kwok Mei Po and Stablecoin Scheduling] |
|------|--------------------------------------------------------------------|
| 1307 | Debtors Objection to Kwok Motion |
| 1324 | Proposed Earn Scheduling Order [unsigned] |
| 1325 | Amended Stablecoin Motion |
| 1326 | Declaration of Chris Ferraro |
| 1327 | Original Blonstein Declaration |
| 1328 | Campagna Declaration |
| 1340 | Order requiring debtors to provide transaction records to Kwok Mei Po |
| 1345 | Written deposition questions for Debtors |
| 1346 | Kulpreet Khanuja Motion |
| 1347 | Frishberg statement and reservation of rights |
| 1373 | Kwok supplemental motion |
| 1374 | Letter in support of Kwok motion |
| 1396 | Order requiring debtors and UCC to respond to Frishberg objection |
| 1400 | Frishberg Objection to proposed scheduling order |
| 1401 | Herrmann joinder to Kwok motion |
| 1406 | Debtors written responses to UCC |
| 1411 | Examiners Interim Report |
| 1412 | UCC Reply to Frishberg Scheduling Order objection |
| 1414 | Debtors' Reply to Frishberg Scheduling Order objection |
| 1416 | Gallagher Objection |
| 1417 | Herrmann Omnibus Objection and Reservation of Rights to Proposed Scheduling Order and Amended Stablecoin order |
| 1418 | UCC Deposition Notice |
| 1430 | Eric Wohlwend Objection |
| 1463 | Little Objection |
| 1464 | Flora Objection |
| 1484 | Vermont Objection |

| 1485 | Saraiva Objection |
|------|-------------------|
| 1486 | Breher Joinder |
| 1489 | U.S. Trustee Objection |
| 1490 | Ryals Objection |
| 1491 | McLean Objection |
| 1492 | Coordinating States Objection |
| 1493 | Preferred Series B Response to Amended Stablecoin Motion |
| 1495 | Tuganov Objection |
| 1496 | Texas Objection |
| 1497 | Washington Joinder |
| 1498 | New Jersey Objection |
| 1499 | Pinto Joinder |
| 1502 | Committee Objection |
| 1503 | Tornetta Joinder |
| 1504 | Colodny Declaration in Support of Limited Objection |
| 1506 | Hoffing Objection |
| 1507 | Objection to the amended motion |
| 1508 | Gallagher Motion |
| 1511 | Altunbay Objection |
| 1513 | Cancellation of Carr depositions |
| 1515 | Crews Objection |
| 1517 | Georgiou Objection |
| 1519 | Herrmann Supplemental Omnibus Objection (referred to as "Herrmann Omnibus Objection" in the Earn order) |
| 1533 | Frishberg Joinder |
| 1534 | Frishberg Letter re: Depositions |
| 1535 | Ubierna Objection |
| 1537 | Steadman Joinder |
| 1538 | Flora Joinder |
| 1540 | Letter requesting additional deposition time with Blonstein |

| 1542 | Order requiring Debtors to allow Daniel Frishberg to depose Mr. Blonstein |
|---|---|
| 1545 | Jelbert Objection |
| 1554 | Romauld Objection |
| 1559 | 397 Creditor Statement |
| 1573 | Ad Hoc Group of Withhold Account Holders' Phase I Response Brief with Respect to the Custody and Withhold Issues |
| 1578 | Debtors' Reply in Support of Debtors' Amended Motion for Entry of an Order (I) Establishing Ownership of Assets in the Debtors' Earn Program, (II) Permitting the Sale of Stablecoin in the Ordinary Course and (III) Granting Related Relief |
| 1584 | Supplemental Blonstein Declaration |
| 1590 | Debtors Witness and Evidence List |
| 1599 | 452 Creditor Joinder |
| 1602 | 340 Creditor Joinder |
| 1603 | Oberg Joinder |
| 1656 | Transcript of Earn Hearing |
| 1682 | Transcript regarding Hearing Held on 12/08/2022 At 9:00 AM RE: Debtors Motion Seeking Entry Of An Order (I) Setting A Briefing Schedule And (II) Granting Related Relief. Debtors' Motion For Entry Of An Order (I) Applying Certain Orders In The Initial Debtors' Chapter 11 Cases To GK8 Ltd., GK8 USA LLC, And GK8 UK Limited And (II) Granting Related Relief. |
| 1684 | Transcript of Withhold Hearing |
| 1729 | Notice of Proposed Order / Notice of Filing of Revised Proposed Order (I) Setting A Briefing Schedule and (II) Granting Related Relief filed by Joshua Sussberg on behalf of Celsius Network LLC. |
| 1747 | Order, Signed on 12/19/2022, (I) Setting A Briefing Schedule and (II) Granting Related Relief. |
| 1767 | Custody Withdrawal Order |
| 1777 | Affidavit of Service |

| 1795 | Memorandum of Law/Series B Preferred Holders' Opening Brief on the Issue of which Debtors are Liable to Customers Under the Terms of Use filed by Nelly Cessiska Almeida on behalf of Celsius New SPV Investors, LP, Celsius SPV Investors, LP, Community First Partners, LLC. |
|---|---|
| 1796 | Declaration of Melanie Westover Yanez in Support of Series B Preferred Holders' Opening Brief on the Issue of which Debtors are Liable to Customers Under the Terms of Use filed by Nelly Cessiska Almeida on behalf of Celsius New SPV Investors, LP, Celsius SPV Investors, LP, Community First Partners, LLC. (Attachments: # 1 Exhibit A, #2 Exhibit B, #3 Exhibit C, #4 Exhibit D, #5 Exhibit E, #6 Exhibit F, #7 Exhibit G, #8 Exhibit H, #9 Exhibit I, #10 Exhibit J, #11 Exhibit K) |
| 1797 | Memorandum of Law/The Official Committee of Unsecured Creditors' Opening Brief Regarding Debtors that are Liable to Account Holders Under the Global Contract (the "Terms of Use") between Celsius and Account Holders filed by Aaron Colodny on behalf of The Official Committee of Unsecured Creditors. |
| 1798 | Declaration of Aaron Colodny in support of The Official Committee of Unsecured Creditors' Opening Brief Regarding Debtors that are Liable to Account Holders Under the Global Contract (the "Terms of Use") between Celsius and Account Holders filed by Aaron Colodny on behalf of The Official Committee of Unsecured Creditors. (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5 # 6 Exhibit 6 # 7 Exhibit 7 # 8 Exhibit 8 # 9 Exhibit 9) |
| 1799 | Memorandum of Law/Debtors' Opening Brief Regarding Account Holders' Claims Issues filed by Joshua Sussberg on behalf of Celsius Network LLC. |
| 1816 | Amended Khanuja Motion |
| 1822 | Memorandum Opinion and Order, |

| | |
|---|---|
| | Signed on 1/4/2023, Regarding Ownership of Earn Account Assets. |
| 1830 | Order denying Saker motion |
| 1831 | Order denying Holcomb motion |
| 1832 | Order denying Barstow motion |
| 1833 | Order denying Kwok motion |
| 1872 | Debtors' Omnibus Objection to Certain Motions Set for the January 24, 2023 Omnibus Hearing |
| 1908 | Gallagher reply |
| 1909 | Khanuja reply |
| 1933 | Order denying Gallagher motion |
| 1934 | Order denying Khanuja motion |
| 1935 | Order denying Benzaken motion |
| 1949 | Transcript From Omnibus Hearing Held on January 24, 2023 |
| 1953 | Notice of Hearing/Notice of Evidentiary Hearing on the Customer Claims Briefed Legal Issue (Hearing to Take Place in Hybrid Fashion Both in Person and via Zoom for Government) filed by Joshua Sussberg on behalf of Celsius Network LLC. with hearing to be held on 2/6/2023 at 02:00 PM at Videoconference. |
| 1955 | Statement of Undisputed Facts / Joint Stipulation of Undisputed Facts Filed by Joshua Sussberg on behalf of Celsius Network LLC. with hearing to be held on 2/6/2023 at 02:00 PM at Videoconference. |
| 1956 | Final Examiner's Report |
| 1960 | Memorandum of Law/ Series B Preferred Holders' Response Brief on the Issue of Which Debtors are Liable to Customers Under the Terms of Use filed by Nelly Cessiska Almeida on behalf of Celsius New SPV Investors, LP, Celsius SPV Investors, LP, Community First Partners, LLC. |

| 1961 | Declaration of Melanie Westover Yanez in Support of Series B Preferred Holders' Response Brief on the Issue of Which Debtors are Liable to Customers Under the Terms of Use filed by Nelly Cessiska Almeida on behalf of Celsius New SPV Investors, LP, Celsius SPV Investors, LP, Community First Partners, LLC (Attachments: # 1 Exhibit A, #2 Exhibit B, #3 Exhibit C, #4 Exhibit D, #5 Exhibit E, #6 Exhibit F, #7 Exhibit G, #8 Exhibit H, #9 Exhibit I, #10 Exhibit J). |
|------|------|
| 1962 | Memorandum of Law/Debtors' Response Brief Regarding Account Holders' Claims Issues filed by Joshua Sussberg on behalf of Celsius Network LLC. |
| 1965 | Memorandum of Law/The Official Committee of Unsecured Creditors' Response Brief Regarding Debtors that are Liable to Account Holders Under the Global Contract (the Terms of Use) between Celsius and Account Holders filed by Aaron Colodny on behalf of The Official Committee of Unsecured Creditors. (Attachments: # 1 Exhibit 1 # 2 Exhibit 2). |
| 1986 | Statement/Debtors' Witness and Exhibit List for Account Holders' Claims Issues Set for Hearing February 6, 2023 filed by Joshua Sussberg on behalf of Celsius Network LLC. with hearing to be held on 2/6/2023 at 02:00 PM at Videoconference. |
| 1987 | Series B Preferred Holders' Witness and Exhibit List |
| 1988 | Statement/Notice of Filing of February 6, 2023 Hearing Presentation filed by Nelly Cessiska Almeida on behalf of Celsius New SPV Investors, LP, Celsius SPV Investors, LP, Community First Partners, LLC (Attachments: # 1 Exhibit A) |

| | |
|---|---|
| 1989 | Statement/The Official Committee of Unsecured Creditors' Exhibit List for Matters Set for Hearing on February 6, 2023 Regarding Debtors That Are Liable to Account Holders Under the Global Contract (the "Terms of Use") Between Celsius and Account Holders filed by Samuel P Hershey on behalf of The Official Committee of Unsecured Creditors |
| 1990 | Statement/Notice of Filing of February 6, 2023, Hearing Presentation filed by Joshua Sussberg on behalf of Celsius Network LLC (Attachments: # 1 Exhibit A) |
| 2092 | Statement with Respect to Intercompany Claims Held By Debtor Celsius Network LLC Against Its Debtor Affiliates |
| 2092 | Statement / Debtors' Statement with Respect to Intercompany Claims Held By Debtor Celsius Network LLC Against Its Debtor Affiliates filed by Joshua Sussberg on behalf of Celsius Network LLC. |
| 2259 | Notice of Proposed Order / Notice of Filing of Agreed Proposed Order Regarding Which Debtor Entities Have Liability for Customer Contract Claims Under The Terms of Use filed by Nelly Cessiska Almeida on behalf of CDP Investissements Inc., Celsius New SPV Investors, LP, Celsius SPV Investors, LP, Community First Partners, LLC. (Attachments: #1 Exhibit A) |
| 2350 | Hyperlinked Examiner's Reports and all attached hyperlinked documents (Notice of Filing and Full Hyperlinked Reports With All Hyperlinked Exhibits) |
| 2352 | Affidavit of Service |
| 2356 | Notice of Appeal filed by Kimberly Anne Havlin on behalf of The Official Committee of Unsecured Creditors. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Civil Cover Sheet) |
| 2367 | Series B Preferred Holders' Motion for Entry of an Order Establishing Estimation Procedure for The Intercompany Claim Between Celsius Network LLC and Celsius Network Limited in Furtherance of Formulating The Debtors' Plan of Reorganization filed by Nelly Cessiska Almeida on behalf of |

| | |
|---|---|
| | CDP Investissements Inc., Celsius New SPV Investors, LP, Celsius SPV Investors, LP, Community First Partners, LLC |
| 2369 | Motion of The Official Committee of Unsecured Creditors for Entry of an Order (I) Establishing Procedures to Estimate the Intercompany Claim that Celsius Network, LLC has against Celsius Network Limited and (II) Granting Related Relief filed by Samuel P Hershey on behalf of The Official Committee of Unsecured Creditors |
| 2375 | Notice of Appeal |
| 2396 | The Official Committee of Unsecured Creditors' Motion for Entry of an Order (A) Shortening Notice for Its Motion (I) for Authority to File a Class Claim Asserting Non-Contract Claims on behalf of Account Holders or (II) to Appoint a Third-Party Fiduciary to Assert a Class Claim on behalf of Account Holders or (B) Alternatively, Extending the Amended Bar Date filed by Samuel P Hershey on behalf of The Official Committee of Unsecured Creditors |
| 2399 | Motion of the Official Committee of Unsecured Creditors (I) for Authority to File a Class Claim Asserting Non-Contract Claims on Behalf of Account Holders or (II) to Appoint a Third-Party Fiduciary to Assert a Class Claim on Behalf of Account Holders filed by Samuel P Hershey on behalf of The Official Committee of Unsecured Creditors |
| 2400 | Order, Signed on 4/11/2023, Granting The Official Committee of Unsecured Creditors' Motion for Entry of an Order (A) Shortening Notice for Its Motion (I) for Authority to File a Class Claim Asserting Non-Contract Claims on behalf of Account Holders or (II) to Appoint a Third-Party Fiduciary to Assert a Class Claim on behalf of Account Holders or (B) Alternatively, Extending the Amended Bar Date |

| | |
|---|---|
| 2467 | Objection to Motion of the Official Committee of Unsecured Creditors (I) for Authority to File a Class Claim Asserting Non-Contract Claims on Behalf of Account Holders or (II) to Appoint a Third-Party Fiduciary to Assert a Class Claim on Behalf of Account Holders (related document(s)[2399]) filed by Nelly Cessiska Almeida on behalf of CDP Investissements Inc., Celsius New SPV Investors, LP, Celsius SPV Investors, LP, Community First Partners, LLC |
| 2471 | Limited Objection of the Official Committee of Unsecured Creditors to the Series B Preferred Holders' Motion for Entry of an Order Establishing Estimation Procedures for the Intercompany Claim between Celsius Network LLC and Celsius Network Limited in Furtherance of Formulating the Debtors' Plan of Reorganization |
| 2472 | Debtors' Limited Objection to (I) the Series B Preferred Holders' Motion for Intercompany Claim Estimation Procedures and (II) the Official Committee of Unsecured Creditors' Motion for Intercompany Claim Estimation Procedures (related document(s)[2367], [2369]) filed by Joshua Sussberg on behalf of Celsius Network LLC |
| 2473 | Limited Objection to the Committee's Motion to Establish Procedures to Estimate the Intercompany Claim Between Celsius Network LLC and Celsius Network Limited LLC, filed by Nelly Cessiska Almeida on behalf of CDP Investissements Inc., Celsius New SPV Investors, LP, Celsius SPV Investors, LP, Community First Partners, LLC |
| 2474 | Ignat Tuganov Response to Class Claims Motion |
| 2475 | Class Claims Reply from UCC |
| 2476 | Herrmann/Frishberg/Gallagher Response to UCC Class Claims Motion |
| 2477 | Notice of Revised Proposed Order in Connection with the Motion of The Official Committee of Unsecured Creditors for Entry of an Order (I) Establishing Procedures to Estimate the Intercompany Claim that Celsius Network, LLC has against Celsius Network Limited and (II) Granting Related Relief |

| | |
|---|---|
| 2478 | Reply in Further Support of The Series B Preferred Holders' Motion to Establish Estimation Procedures for The Intercompany Claim Between Celsius Network LLC and Celsius Network Limited |
| 2480 | Herrmann/Frishberg Omnibus Reservation of Rights |
| 2482 | Herrmann/Frishberg Joinder to Ignat Tuganov and Rebuttal to the Preferred Series B |
| 2484 | Statement in Response to Motion of the Official Committee of Unsecured Creditors (I) for Authority to File a Class Claim Asserting Non-Contract Claims on Behalf of Account Holders or (II) to Appoint a Third-Party Fiduciary to Assert a Class Claim on Behalf of Account Holders |
| 2496 | Order, Signed on 4/18/2023, Granting the Motion of the Official Committee of Unsecured Creditors (I) for Authority to File a Class Claim Asserting Non-Contract Claims on Behalf of Account Holders or (II) to Appoint a Third-Party Fiduciary to Assert a Class Claim on Behalf of Account Holders |
| 2497 | Letter to The Honorable Martin Glenn, dated 4/17/2023 Re: Constructive Consolidation of the Celsius companies is the most logical and equitable way to respond to massive accounting issues. Filed by Anne Yeilding |
| 2510 | Series B Holders' Statement Regarding Proposed Litigation Schedule |
| 2521 | Transcript from 4/18/2023 Hearing |
| 2550 | Appellants' Amended Statement of Issues to Be Presented and Designation of Items to Be Included in the Record on Appeal |
| 2556 | Statement / Notice of Filing of Class Proof of Claim by the Official Committee of Unsecured Creditors on Behalf of the Class Representatives Asserting Non-Contract Claims on Behalf of Themselves and Other Similarly Situated Account Holders filed by Aaron Colodny on behalf of The Official Committee of Unsecured Creditors. (Attachments: # (1) Exhibit A) (Colodny, Aaron) |
| 2664 | Notice of Cross Appeal With Cross Motion For Leave to Appeal (motion to be amended if leave to appeal is granted) |

| | |
|---|---|
| 2670 | Motion to Approve / Motion of The Official Committee of Unsecured Creditors to (I) Certify the Class of Account Holders Asserting Non-Contract Claims Against the Debtors, (II) Appoint Thomas DiFiore, Rebecca Gallagher, and Ignat Tuganov as the Class Representatives, and (III) Appoint White & Case LLP as Class Counsel, in each Case Pursuant to Bankruptcy Rule 7023 [REDACTED] (related document(s)[2496]) filed by Aaron Colodny on behalf of The Official Committee of Unsecured Creditors. (Colodny, Aaron) |
| 2671 | Declaration of Andrea Amulic in support of the Motion of The Official Committee of Unsecured Creditors to (I) Certify the Class of Account Holders Asserting Non-Contract Claims Against the Debtors, (II) Appoint Thomas DiFiore, Rebecca Gallagher, and Ignat Tuganov as the Class Representatives, and (III) Appoint White & Case LLP as Class Counsel, in each Case Pursuant to Bankruptcy Rule 7023 (related document(s)[2670]) filed by Aaron Colodny on behalf of The Official Committee of Unsecured Creditors. (Colodny, Aaron) |
| 2672 | Declaration of Thomas DiFiore in support of the Motion of The Official Committee of Unsecured Creditors to (I) Certify the Class of Account Holders Asserting Non-Contract Claims Against the Debtors, (II) Appoint Thomas DiFiore, Rebecca Gallagher, and Ignat Tuganov as the Class Representatives, and (III) Appoint White & Case LLP as Class Counsel, in each Case Pursuant to Bankruptcy Rule 7023 (related document(s)[2670]) filed by Aaron Colodny on behalf of The Official Committee of Unsecured Creditors. (Colodny, Aaron) |
| 2673 | Declaration of Rebecca Gallagher in support of the Motion of The Official Committee of Unsecured Creditors to (I) Certify the Class of Account Holders Asserting Non-Contract Claims Against the Debtors, (II) Appoint Thomas DiFiore, Rebecca Gallagher, and Ignat Tuganov as the Class Representatives, and (III) Appoint White & Case LLP as Class Counsel, in each Case Pursuant to Bankruptcy Rule 7023 (related document(s)[2670]) filed by Aaron Colodny on behalf of The Official Committee of Unsecured Creditors. (Colodny, Aaron) |

| | |
|---|---|
| 1986, Ex. 1 | Debtors' Exhibit No. 1 – Declaration of Alex Mashinsky on Terms of Use and Terms of Use attached as Exhibits A-1 through A-8 to [Docket No. 393] |
| 1986, Ex. 2 | Debtors' Exhibit No. 2 – Celsius Network Organizational Structure Chart attached as Exhibit A to Debtors' Opening Brief Regarding Account Holders' Claims Issues [Docket No. 1799] |
| 1986, Ex. 3 | Debtors' Exhibit No. 3 – Declaration of Status as a Substantial Shareholder (CDP Investissements Inc.) [Docket No. 336] |
| 1986, Ex. 4 | Debtors' Exhibit No. 4 – Declaration of Status as a Substantial Shareholder (Celsius New SPV Investors, LP, Celsius SPV Investors, LP; Community First Partners, LLC) [Docket No. 444] |
| 1986, Ex. 5 | Debtors' Exhibit No. 5 – Declaration of Alex Mashinsky, Chief Executive Officer of Celsius Network LLC, in Support of Chapter 11 Petitions and First Day Motions [Docket No. 23] |
| 1986, Ex. 6 | Debtors' Exhibit No. 6 – Celsius Community Update, June 23, 2021, posted on Medium |
| 1986, Ex. 7 | Debtors' Exhibit No. 7 – Monthly Operating Report [Docket No. 1903] |
| 1986, Ex. 8 | Debtors' Exhibit No. 8 – Declaration of Christopher Ferraro, Director and Chief Financial Officer of GK8 Ltd., in Support of Chapter 11 Petitions and First Day Motions [Docket No. 1629] |
| 1986, Ex. 9 | Debtors' Exhibit No. 9 – Celsius Network – Organizational Chart as of 7/15/2021 |
| 1986, Ex.10 | Debtors' Exhibit No. 10 – Nyman Libson Paul LLP, Celsius Network Limited Annual Report and Financial Statements for the Period Ended 31 December 2020, dated October 8, 2021 |
| 1987, Ex. 28 | Series B Preferred Holders Exhibit No. 28 – Supplemental Declaration of Oren Blonstein in Support of the Debtors' Motion Regarding Ownership of Earn Assets and the |

| | Sale of Stablecoin with Exhibits A- G [Dkt. No. 1584] |
|---|---|
| 1987, Ex. 29 | Series B Preferred Holders Exhibit No. 29 – Asset Purchase Agreement by and Between Galaxy Digital Trading LLC, GK8 Ltd., and other sellers listen therein [Dkt. No. 1586] |
| 1987, Ex. 1 | Series B Preferred Holders Exhibit No. 1 – Declaration of Oren Blonstein in Support of the Debtors' Motion Regarding Ownership of Earn Assets and the Sale of Stablecoin with Exhibits A-C [Dkt. No. 1327] |
| 1987, Ex. 10 | Series B Preferred Holders Exhibit No. 10 – Transcript of the deposition of Oren Blonstein, dated on November 22, 2022 |
| 1987, Ex. 11 | Series B Preferred Holders Exhibit No. 11 – Yanez Response Decl. Exhibit B, Voluntary Application for Imposition of Direction, dated July 21, 2021 |
| 1987, Ex. 12 | Series B Preferred Holders Exhibit No. 12 – Yanez Response Decl. Exhibit C, emails between Yarden Noy, Roni Pavon Cohen, Ele Vasina, and Lauren Pittas, regarding "FCA – confirming next steps" and attaching a document titled "Celsius Network Limited – Migration Plan," dated June 17, 22-24, and July 1, 2021 |
| 1987, Ex. 13 | Series B Preferred Holders Exhibit No. 13 – Yanez Response Decl. Exhibit D, letter from Gregory F. Pesce to Ross M. Kwasteniet, dated September 15, 2022 |
| 1987, Ex. 14 | Series B Preferred Holders Exhibit No. 14 – Yanez Response Decl. Exhibit D, emails between Gregory Pesce, Tommy Scheffer, and Chris Koenig, regarding "CEL – Global Notes," dated October 4-5, 2021 |
| 1987, Ex. 15 | Series B Preferred Holders Exhibit No. 15 – Yanez Response Decl. Exhibit F, Asset Transfer Agreement by and between CNL and LLC, dated as of August 19, 2021 |

| | |
|---|---|
| 1987, Ex. 16 | Series B Preferred Holders Exhibit No. 16 – Yanez Response Decl.<br>Exhibit G, Intercompany Operation and Loan Agreement by and between CNL and LLC, dated as of August 19, 2021 |
| 1987, Ex. 17 | Series B Preferred Holders Exhibit No. 17 – Yanez Response Decl.<br>Exhibit H, Omnibus Wallet Service Agreement by and between CNL, LLC, Celsius EU UAB, and Voyager Digital LLC, dated August<br>19, 2021 |
| 1987, Ex. 18 | Series B Preferred Holders Exhibit No. 18 – Yanez Response Decl.<br>Exhibit I, Assignment and Amendment to Omnibus Wallet Service Agreement by and between CNL, LLC, Celsius EU UAB, and Voyager Digital LLC, dated August<br>19, 2021 |
| 1987, Ex. 19 | Series B Preferred Holders Exhibit No. 19 – Yanez Response Decl.<br>Exhibit J, Declaration of Christopher Ferraro in Support of Motion of Celsius Network LLC for Order (I) Lifting the Automatic Stay Pursuant to 11 U.S.C. 326(d)(1) and Bankruptcy Rule 4001 and (II) Granting Leave to File Late Proof of Claim Pursuant to Bankruptcy Rules 3003(c) and 9006(b)(1), In re: Voyager Digital Holdings, Inc., et al., Case No. 22-10943-mew (Bankr. S.D.N.Y.) |
| 1987, Ex. 20 | Series B Preferred Holders Exhibit No. 20 – Colodny Decl., Exhibit 4,<br>Celsius Community Update – June 23, 2021, posted on Medium |
| 1987, Ex. 21 | Series B Preferred Holders Exhibit No. 21 – Declaration of Alex Mashinsky, Chief Executive Officer of Celsius Network LLC, in Support of Chapter 11 Petitions and<br>First Day Motions with Exhibits A- M [Dkt. No. 23] |
| 1987, Ex. 22 | Series B Preferred Holders Exhibit No. 22 – Declaration of Alex Mashinsky Providing Terms of Use Dating Back to February 18, 2018<br>with Exhibits A-L |

| 1987, Ex. 23 | Series B Preferred Holders Exhibit No. 23 – Periodic Report Regarding Value, Operations, and Profitability Entities in Which Debtor's Estate Holds a Substantial or Controlling Interest [Dkt. No. 850] |
|---|---|
| 1987, Ex. 24 | Series B Preferred Holders Exhibit No. 24 – Monthly Operating Reports [Dkt. Nos. 858-872] |
| 1987, Ex. 25 | Series B Preferred Holders Exhibit No. 25 – Debtors' Schedules [Dkt. Nos. 4, 5, 6, 7, 947] |
| 1987, Ex. 26 | Series B Preferred Holders Exhibit No. 26 – Declaration of Christopher Ferraro, Interim Chief Executive Officer, Chief Restructuring Officer, and Chief Financial Officer of the Debtors, in Support of Debtors' Motion Regarding Ownership of Earn Assets and the Sale of Stablecoin |
| 1987, Ex. 27 | Series B Preferred Holders Exhibit No. 27 – Debtors' Response and Objections to UCC Deposition Questions for the Debtors [Dkt. No. 1406] |
| 1987, Ex. 30 | Series B Preferred Holders Exhibit No. 30 – Celsius Network Announces Confidential Submission of Draft Registration Statement by Bitcoin mining subsidiary, Celsius Mining LLC, PRNEWSWIRE (May 16, 2022) |
| 1987, Ex. 31 | Series B Preferred Holders Exhibit No. 31 – Debtors' Response and Objections to Series B Preferred Holders' First Set of Interrogatories Related to the Briefed Legal Issue, dated January 17, 2023 |
| 1987, Ex. 4 | Series B Preferred Holders Exhibit No. 4 – Yanez Decl. Exhibit E, Celsius Mining January 2022 Transaction & Business Update Presentation |
| 1987, Ex. 5 | Series B Preferred Holders Exhibit No. 5 – Annual Report and Financial Statements for the Period Ended 31 December 2020, dated October 8, 2021 |
| 1987, Ex. 6 | Series B Preferred Holders Exhibit No. 6 – Board Discussion Presentation, dated May 2022 |

| | |
|---|---|
| 1987, Ex. 8 | Series B Preferred Holders Exhibit No. 8 – Form S-1 Registration Statement filed with the United States Security and Exchange Commission filed by Celsius Mining Inc. on February 14, 2022 |
| 1987, Ex. 9 | Series B Preferred Holders Exhibit No. 9 – Yanez Decl. Exhibit J, Celsius Network – Organizational Chart, dated as of July 15, 2021 |
| 1989, Ex. 1 | The Official Committee of Unsecured Creditors' Exhibit No. 1 – Declaration of Alex Mashinsky, Chief Executive Officer of Celsius Network LLC, Providing Terms of Use Dating Back to February 18, 2018 [Docket No. 393] |
| 1989, Ex. 10 | The Official Committee of Unsecured Creditors' Exhibit No. 10 – Debtors' Responses and Objections to the Official Committee of Unsecured Creditors' First Set of Requests for the Production of Documents and Interrogatories dated January 10, 2023 |
| 1989, Ex. 11 | The Official Committee of Unsecured Creditors' Exhibit No. 11 – Series B Preferred Holders' Responses and Objections to the Official Committee of Unsecured Creditors' First Set of Requests for Production of Documents and Interrogatories dated January 11, 2023 |
| 1989, Ex. 12 | The Official Committee of Unsecured Creditors' Exhibit No. 12 – Celsius Network, uploaded June 28, 2021, Celsius mining Bitcoin helps the company and the community [video] |
| 1989, Ex. 13 | The Official Committee of Unsecured Creditors' Exhibit No. 13 – Celsius Network, uploaded Feb. 7, 2022, What Does Investment in Bitcoin Mining Mean for Celsius? [video] |
| 1989, Ex. 2 | The Official Committee of Unsecured Creditors' Exhibit No. 2 – Debtors' Schedules [Docket Nos. 4, 5, 6, 7, 973, 974] |
| 1989, Ex. 4 | The Official Committee of Unsecured Creditors' Exhibit No. 4 – Celsius Network article posted on Medium and titled Community Update – June 23, 2021 |

| | |
|---|---|
| 1989, Ex. 5 | The Official Committee of Unsecured Creditors' Exhibit No. 5 – Deposition Transcript of Oren Blonstein, Chief Innovation Officer and Compliance Officer of the Debtors, dated November 22, 2022 |
| 1989, Ex. 6 | The Official Committee of Unsecured Creditors' Exhibit No. 6 – Transcript of the continued section 341(a) meeting held on October 13, 2022 |
| 1989, Ex. 7 | The Official Committee of Unsecured Creditors' Exhibit No. 7 – New Jersey Bureau of Securities Cease and Desist Order, dated September 17, 2021, available at www.nj.gov |
| 1989, Ex. 8 | The Official Committee of Unsecured Creditors' Exhibit No. 8 – PR Newswire article titled Celsius Network Announces an Investment Led by WestCap and CDPQ at a Valuation More than US $3 Billion, dated October 12, 2021 |
| 1989, Ex.3 | The Official Committee of Unsecured Creditors' Exhibit No. 3 – Declaration of Alexander Mashinsky in Support of Chapter 11 Petitions and First Day Motions [Docket No. 23] |
| 1989, Ex.9 | The Official Committee of Unsecured Creditors' Exhibit No. 9 – CoinDesk article titled Celsius Network Series B Expands to $750M, dated November 24, 2021 |
| *In re Celsius Mining LLC, No. 1:22-bk-10968 (MG) (Bankr. S.D.N.Y. Jul 13, 2022), Docket No. 13.* | Statement / Notice of Filing of Amended Global Notes, Statement of Financial Affairs 3 and 4, and Schedule F filed by Joshua Sussberg on behalf of Celsius Mining LLC. |
| *In re Celsius Mining LLC, No. 1:22-bk-10968 (MG) (Bankr. S.D.N.Y. Jul 13, 2022), Docket No. 5* | Schedules filed: Schedule A/B - Non-Individual, Schedule D - Non- Individual, Schedule E/F - Non- Individual, Schedule G - Non- Individual, Schedule H - Non- Individual Filed by Joshua Sussberg on behalf of Celsius Mining LLC. |

| | |
|---|---|
| *In re Celsius Mining LLC, No. 1:22-bk-10968 (MG) (Bankr. S.D.N.Y.Jul 13, 2022), Docket No. 4* | Statement of Financial Affairs - Non-Individual Filed by Joshua Sussberg on behalf of Celsius Mining LLC. |
| In re Celsius Network Limited, No. 1:22-bk-10966 (MG) (Bankr. S.D.N.Y. Jul 13, 2022), Docket No. 6. | Statement of Financial Affairs - Non-Individual Filed by Joshua Sussberg on behalf of Celsius Network Limited. |
| In re Celsius Network Limited, No. 1:22-bk-10966 (MG) (Bankr. S.D.N.Y. Jul 13, 2022), Docket No. 15. | Statement / Notice of Filing of Amended Global Notes, Statement of Financial Affairs 3 and 4, and Schedule F filed by Joshua Sussberg on behalf of Celsius Network Limited. |
| In re Celsius Network Limited, No. 1:22-bk-10966 (MG) (Bankr. S.D.N.Y. Jul 13, 2022), Docket No. 7. | Schedules filed: Schedule A/B - Non-Individual, Schedule D - Non- Individual, Schedule E/F - Non- Individual, Schedule G - Non- Individual, Schedule H - Non- Individual Filed by Joshua Sussberg on behalf of Celsius Network Limited. |
| | Copy of the docket of 22-10964 and all related adversary proceedings (list of filings and titles of docket entries that the clerk keeps; we reserve the rights to reference the docket and to use titles of documents as entered by filers) |

Respectfully submitted,


*/s/ Daniel A. Frishberg*                    */s/ Immanuel Herrmann*
Daniel A. Frishberg                    Immanuel Herrmann
*Pro Se*                                    *Pro Se*
May 30, 2023                             May 30, 2023

**CERTIFICATE OF SERVICE**

I hereby certify that on May 30, 2023, I filed a true and correct copy of the *Statement of Issues to Be Presented on Cross-Appeal and Designation of Items to Be Included in the Record* with the Clerk of the United States Bankruptcy Court in the Southern District of New York.

I hereby further certify that on May 30, 2023, I served a true and correct copy of the *Statement of Issues to Be Presented on Cross-Appeal and Designation of Items to Be Included in the Record* upon noticed appellants, noticed appellees, and the Core/2002 service list by electronic mail in accordance with the SDNY Bankruptcy Court's *Second Amended Final Order, Signed on 5/1/2023, (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief* (ECF Docket No. 2560).

Respectfully submitted,

*/s/ Immanuel Herrmann*
Immanuel Herrmann
*Pro Se*
May 30, 2023
Silver Spring, MD