UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER (I) AUTHORIZING THE RETENTION AND
EMPLOYMENT OF ANDERSEN LLP AS UK TAX SERVICES PROVIDER
EFFECTIVE AS OF FEBRUARY 28, 2023, AND (II) GRANTING RELATED RELIEF**

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) authorizing Celsius Network Limited (the "UK Debtor") to retain and employ Andersen ("Andersen"), as the UK Debtor's UK tax services provider, effective as of February 28, 2023, in accordance with the terms and conditions set forth in the Engagement Letter and Statement of Work, copies of which are attached as **Exhibit 1** and **Exhibit 2** hereto, respectively, and (b) granting related relief, all as more fully set forth in the Application; and upon the Wyatt Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these cases

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that Andersen does not hold or represent an adverse interest to the Debtors or their estates and is disinterested under 11 U.S.C. § 101(14); and this Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Application and opportunity for a hearing thereon were appropriate under the circumstances and no other notice need be provided; and this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is HEREBY ORDERED THAT:

1. The Application is granted as set forth herein.

2. In accordance with sections 327(a) and 328 of the Bankruptcy Code, Bankruptcy Rules 2014, and Local Rule 2014-1, the UK Debtor is authorized to employ and retain Andersen effective as of February 28, 2023, in accordance with the terms and conditions set forth in the Application, Engagement Letter, and Statement of Work, as modified by this Order.

3. Andersen shall be compensated in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines, this Order, and any other applicable orders of this Court.

4. The terms of the Engagement Letter and the Statement of Work, including without limitation, the compensation provisions and the Terms of Business, are reasonable terms and conditions of employment and are hereby approved.

5. Consistent with, and subject to, the terms of the Engagement Letter and Statement of Work and this Order, Andersen is hereby authorized to perform the Services provided for in the Engagement Letter and the Statement of Work.

6.      Andersen is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code.

7.      Andersen shall file monthly, interim, and final fee applications for the allowance of compensation for services rendered and reimbursement of expenses incurred in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines, and any other applicable procedures and orders of this Court and consistent with the proposed compensation set forth in the Engagement Letter and Statement of Work.  Andersen shall keep reasonably detailed time records in one-tenth of an hour increments in accordance with the U.S. Trustee Guidelines and will submit, with any monthly fee statements, and interim and final fee applications, together with the time records, a narrative summary, by project category, of services rendered and will identify each professional rendering services, the category of services rendered, and the total amount of compensation requested by Andersen.

8.      Notwithstanding anything to the contrary in the Engagement Letter, the Statement of Work, or the Terms of Business, prior to any increases in Andersen's hourly rates pertaining to the UK Debtor, Andersen shall file a supplemental declaration with this Court, and provide ten business days' notice to the Debtors, the U.S. Trustee, any official committee, and the Fee Examiner.  The supplemental declaration shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtors have consented to the rate increase.  The U.S. Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code.

9.      Notwithstanding anything to the contrary in the Application, the Engagement Letter, or the Statement of Work, Andersen will not charge the Debtors' estates for time spent

3

preparing or reviewing any invoices or time records submitted in support of any fee application or monthly fee statement filed in these chapter 11 cases; *provided* that time spent on privilege analysis related to such fee applications or monthly fee statements may be compensable by the Debtors' estates; *provided*, *further* that Andersen shall not seek reimbursement from the Debtors' estates for any fees incurred in defending any of their fee applications in these chapter 11 cases.

10. To the extent the Debtors and Andersen enter into any additional engagement letters or statements of work, the Debtors will file such engagement letters or statements of work with the Court and serve such engagement letters or statements of work upon the U.S. Trustee, counsel for the Committee, and any party requesting notice under Bankruptcy Rule 2002. If any party objects to the additional services to be provided by Andersen within fourteen days of such new engagement letters or statements of work being filed and served, the Debtors will promptly schedule a hearing before the Court. All additional services will be subject to the provisions of this Order. To the extent no related timely objections are filed, such additional engagement letters shall be deemed approved pursuant to this Order.

11. Pursuant to the terms of the Engagement Letter and Statement of Work, Andersen is entitled to reimbursement by the Debtors for reasonable expenses incurred in connection with the performance of its engagement under the Engagement Letter and Statement of Work, in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines, and any applicable orders of this Court; *provided* that Andersen may only seek reimbursement for services in connection with retention and fee application preparation.

12. Notwithstanding anything in this Application, the Engagement Letter, or the Statement of Work to the contrary, (a) to the extent that Andersen uses the services of independent

contractors, subcontractors, or employees of foreign affiliates or subsidiaries (collectively, the "Contractors") in these cases, they shall pass through the cost of the Contractors to the UK Debtor at the same rate that they pay the Contractors and (b) seek reimbursement for actual costs only.  Contractors from whom Andersen seeks to pass through fees on an hourly basis to the UK Debtor shall be subject to the same conflict checks as required for Andersen, and such Contractors shall file with the Court such disclosures as required by Bankruptcy Rule 2014.

13. Andersen will review its files periodically during the pendency of these chapter 11 cases to determine whether any disqualifying conflicts or other circumstances exist or arise.  If any new relevant facts or relationships are discovered or arise, Andersen will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

14. Notwithstanding anything to the contrary in the Engagement Letter, any applications filed by Andersen for allowance of its compensation and expenses will be denominated in United States dollars.

15. Andersen shall use its reasonable efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases.

16. Such services other than set forth in the Application that the UK Debtor may request that Andersen provide during the course of these chapter 11 cases, and as agreed to by Andersen, shall be subject to separate application and order of this Court.

17. The Debtors and Andersen are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

18. Notice of the Application satisfies the requirements of Bankruptcy Rule 6004(a).

19. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

20. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

21. Notwithstanding any provision to the contrary in the Application or the Engagement Letter, the Court shall retain jurisdiction to hear and to determine all matters arising from or related to implementation, interpretation, or enforcement of this Order and Andersen's retention.

22. To the extent that there is any inconsistency between the Engagement Letter, the Statement of Work, the Application, the Wyatt Declaration, and this Order, the provisions of this Order shall apply.

23. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**IT IS SO ORDERED.**

Dated:  June 6, 2023
        New York, New York

                                                    /s/ Martin Glenn
                                                 MARTIN GLENN
                                       Chief United States Bankruptcy Judge

**Exhibit 1**

**Engagement Letter**



**STRICTLY PRIVATE AND CONFIDENTIAL**

Lior Koren
Celsius Network Limited
The Harley Building,
77 - 79 New Cavendish Street
London
W1W 6XB
United Kingdom

Tuesday 28 February 2023

Our ref: LOE/CELSI01-INT-0002/ZW/DS

Dear Sirs

**Engagement letter**

Thank you for engaging us to provide Celsius Network Limited with tax services. I will be your main point of contact and will have overall responsibility for this engagement. This letter and the enclosed terms of business set out the basis on which we will act.

**Our services**

We will provide tax advisory and tax compliance services from time to time, as agreed by us in writing (e.g. in a statement of work 'SoW' or email).

We will respond to requests for assistance with your tax affairs made by you in meetings, over the telephone or in writing. Our deliverable may take the form of oral advice, or an email or a longer written communication to be agreed with you at the time.

Although Andersen LLP, within the scope of this engagement, will use its experience to help identify tax issues and opportunities, it will not be responsible for ensuring that all possible claims for tax refunds or other tax savings opportunities are brought to your attention and/or are timely made with the relevant taxing authorities. In addition, Andersen LLP will not be responsible for any tax controversy matters between you and any taxing authority, including identification of potential reportable transactions unless specifically engaged to do so.

**Who we are acting for**

The services are provided for the benefit of Celsius Network Limited.

**Commencement of engagement**

This engagement will start on the date we commence the provision of services, notwithstanding that this may be before the date this engagement letter is signed.

**Fees**

Our fees for tax compliance and advisory services will be calculated on a 'time spent' basis unless a fixed fee or alternative arrangements is agreed between us in advance of the work being performed.

We draw your attention to clause 7.7 in the attached terms of business which provides that our fees are subject to periodic review and we reserve the right to adjust our hourly charge out rates from time to time.

Our current hourly rates (excluding VAT, if applicable) are as follows:

| | |
|---|---|
| *Partner* | *£895 - £940* |
| *Technical Director* | *£820* |
| *Director* | *£695* |
| *Senior Manager* | *£610* |
| *Manager* | *£525* |
| *Senior Associate* | *£435* |
| *Associate* | *£290* |

For the work completed in this engagement, as detailed in the Statement of Work, a 15% discount will be applied to our current hourly rates.

We will provide a weekly WIP report on a Monday morning.

**Limitation of liability**

We draw your attention to clause 11 in the attached terms of business which amongst other things limit (i) our total liability for all claims will be £500,000 and (ii) the time limit for bringing any such claim.

By signing this letter, you agree that you have considered this limit and accept that it is reasonable in all the circumstances. If you do not wish to accept it, you should contact us to discuss it before signing the engagement letter.

**Data Protection**

The DPA 2018 and General Data Protection Regulation ('GDPR') set out a number of requirements in relation to the processing of personal data.

We attach our privacy notice setting out our approach to handling your information. By signing this letter, you will be indicating that you have read and agreed the terms under which we operate as set out in this notice.

**Term of services**

This engagement will continue until completion of the Services, unless terminated earlier in accordance with clause 13 of our Terms of Business.



**Confirmation of acceptance**

Please confirm your agreement with the terms of this letter and the attached terms of business by signing a copy of this letter and returning it to me.

We look forward to working with you.

Yours sincerely,

*[signature]*

**Zoe Wyatt**
*Partner*

For and on behalf of Andersen LLP

*[DocuSigned by: Chris Ferraro]*

Chris Ferraro, Interim CEO

**For and on behalf of Celsius Network Limited**

# Exhibit 2

## Statement of Work



**STRICTLY PRIVATE AND CONFIDENTIAL**

Lior Koren
Celsius Network Limited
The Harley Building,
77 - 79 New Cavendish Street
London
W1W 6XB
United Kingdom

Tuesday 28 February 2023

Our ref: LOE/CELSI01-INT-0002/ZW/DS

Dear Sirs

**Statement of Work ("SoW") for tax services**

This SoW is entered into pursuant to the Engagement Letter including Terms of Business between you ("Client") and Andersen LLP dated 28 February 2023 (the "Contract"). Unless otherwise indicated in this SoW, all terms of the Contract apply to the Services undertaken pursuant to this SoW.

**Our services**

We will assist with:

1. Handover process with Mazars
2. Review of expenses for the 2021 tax return
3. Completion and filing of Corporation Tax return for the accounting period ending 2021
4. Review and completion of the VAT registration process as commenced by Mazars
5. Ad hoc consultancy.

We will respond to requests for assistance with your tax affairs made by you in meetings, over the telephone or in writing. Our deliverable may take the form of oral advice, or an email or a longer written communication to be agreed with you at the time.

**Term of services**

This engagement will continue until completion of the Services, unless terminated earlier in accordance with clause 13 of our Terms of Business.

The tax advice will cover the UK only. Tax consequences in any other jurisdiction are not covered.

**Commencement of engagement**

This engagement will start on the date we commence the provision of services, notwithstanding that this may be before the date this engagement letter is signed.

**Fees**

Our fees for tax compliance and advisory services will be calculated on a 'time spent' basis unless a fixed fee or alternative arrangements is agreed between us in advance of the work being performed.

We draw your attention to clause 7.7 in the attached terms of business which provides that our fees are subject to periodic review and we reserve the right to adjust our hourly charge out rates from time to time.

Our current hourly rates (excluding VAT, if applicable) are as follows:

| | |
|---|---|
| *Partner* | *£895 - £940* |
| *Technical Director* | *£820* |
| *Director* | *£695* |
| *Senior Manager* | *£610* |
| *Manager* | *£525* |
| *Senior Associate* | *£435* |
| *Associate* | *£290* |

For the work completed in this engagement, as detailed in this Statement of Work, a 15% discount will be applied to our current hourly rates.

We will provide a weekly WIP report on a Monday morning.

**Term of services**

This engagement will continue until completion of the Services, unless terminated earlier in accordance with clause 13 of our Terms of Business.

The tax advice will cover the UK only. Tax consequences in any other jurisdiction are not covered.

**Excluded services**

The following is a nonexclusive list of services that will not be provided pursuant to this SoW:

- External and internal audit services
- Legal services
- Opinions on financial statements or any other attestation services
- Advice on tax matters that are not expressly part of the scope of work
- Implementation.

Although Andersen LLP, within the scope of this engagement, will use its experience to help identify tax issues and opportunities, it will not be responsible for ensuring that all possible claims for tax refunds or other tax savings opportunities are brought to Client's attention and/or are timely made with the relevant taxing authorities.

Andersen LLP will not be responsible for any tax controversy matters between Client and any taxing authority including identification of potential reportable transactions unless specifically engaged to do so.



**Confirmation of acceptance**

Please confirm your agreement with the terms of this SoW by signing a copy of this letter and returning it to me.

We look forward to working with you.

Yours sincerely,

*[signature: Zoe Wyatt]*

**Zoe Wyatt**
*Partner*

For and on behalf of Andersen LLP

*[DocuSigned by: Chris Ferraro, 1315E92CCA0F408...]*

Chris Ferraro, Interim CEO

**For and on behalf of Celsius Network Limited**