Hearing Date: June 28, 2023, at 10:00 a.m. (prevailing Eastern Time)
Objection Deadline: June 21, 2023, at 4:00 p.m. (prevailing Eastern Time)

Mitchell P. Hurley
Dean L. Chapman Jr.
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Telephone:  (212) 872-1000
Facsimile:  (212) 872-1001
mhurley@akingump.com
dchapman@akingump.com

Elizabeth D. Scott (admitted *pro hac vice*)
AKIN GUMP STRAUSS HAUER & FELD LLP
2300 N. Field Street, Suite 1800
Dallas, TX 75201
Telephone:  (214) 969-2800
Facsimile:  (214) 969-4343
edscott@akingump.com

*Special Litigation Counsel for Debtors and
Plaintiffs Celsius Network Limited and Celsius Network LLC*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**NOTICE OF MOTION TO APPROVE THE TRANSFER OF
PROPERTY PURSUANT TO BANKRUPTCY CODE SECTION 105 AND RULE 9019
OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

**PLEASE TAKE NOTICE** that Celsius Network LLC and Celsius Network Limited (together, "Celsius"), debtors in the above-captioned chapter 11 cases, filed the *Motion to Approve*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network, Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893) and GK8 USA LLC (9450).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*the Transfer of Property Pursuant to Bankruptcy Code Section 105 and Rule 9019 of the Federal Rules of Bankruptcy Procedure* (the "<u>Motion</u>"), seeking entry of an order pursuant to section 105 of title 11 of the United States Code and in furtherance of the Stipulation to Settle and Discontinue Adversary Proceeding entered among: (i) Celsius Network Limited, (ii) Celsius Network LLC, and (iii) Prime Trust, LLC, and approved by this Court on December 6, 2022 pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure in the adversary proceeding styled, *Celsius Network Limited and Celsius Network LLC v. Prime Trust, LLC*, Adv. Proc. No. 22-01140 (MG).

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Motion will be held before the Honorable Martin Glenn, United States Bankruptcy Judge (the "<u>Court</u>") at the June Omnibus Hearing previously scheduled for **June 28, 2023, at 10:00 a.m., prevailing Eastern Standard Time** (the "<u>June Omnibus Hearing</u>"). In accordance with General Order M-543 dated March 20, 2020, the June Omnibus Hearing will be conducted remotely using Zoom for Government. Parties wishing to appear at the June Omnibus Hearing, whether making a "live" or "listen only" appearance before the Court, need to make an electronic appearance (an "<u>eCourtAppearance</u>") through the Court's website at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl. eCourtAppearances need to be made **by 4:00 p.m., prevailing Eastern Time, the business day before the hearing (i.e., on Tuesday, June 27, 2023).**

**PLEASE TAKE FURTHER NOTICE** that due to the large number of expected participants in the June Omnibus Hearing and the Court's security requirements for participating in a Zoom for Government audio and video hearing, **all persons seeking to attend the June Omnibus Hearing at 10:00 a.m., prevailing Eastern Time on June 28, 2023 must connect to the June Omnibus Hearing beginning at 9:00 a.m., prevailing Eastern Time on June 28, 2023.** When parties sign in to Zoom for Government and add their names, they must type in the first and

2

last name that will be used to identify them at the June Omnibus Hearing. Parties that type in only their first name, a nickname, or initials will not be admitted into the June Omnibus Hearing. When seeking to connect for either audio or video participation in a Zoom for Government Hearing, you will first enter a "Waiting Room" in the order in which you seek to connect. Court personnel will admit each person to the June Omnibus Hearing from the Waiting Room after confirming the person's name (and telephone number, if a telephone is used to connect) with their eCourtAppearance. Because of the large number of expected participants, you may experience a delay in the Waiting Room before you are admitted to the June Omnibus Hearing.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion may be obtained free of charge by visiting the website of Stretto at https://cases.stretto.com/celsius. You may also obtain copies of any pleadings filed with the Court by visiting the Court's website at https://www.nysb.uscourts.gov and following the procedures and paying any fees set forth therein.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the Motion (the "Objections") shall: (i) be in writing; (ii) conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York; (iii) be filed with the Bankruptcy Court, together with proof of service, electronically on the docket of *In re Celsius Network LLC*, No. 22-10964 (MG) by registered users of the Court's electronic filing system and in accordance with all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York (which are available on the Court's website at http://www.nysb.uscourts.gov); and (iv) be served in accordance with the *Second Amended Final Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief* [ECF No. 2560] (the "Case Management Order"), so as to be filed and received no later than **June 21, 2023, at 4:00 p.m., prevailing Eastern Standard**

3

**Time**, to:  (1) the entities on the Master Service List (as defined in the Case Management Order and available on the case website of the Debtors at https://cases.stretto.com/celsius) and (2) any person or entity with a particularized interest in the subject matter of the Motion.

**PLEASE TAKE FURTHER NOTICE** that only those responses or objections that are timely filed, served, and received will be considered at the Hearing.  The relief requested herein may be granted, pursuant to Local Rule 9074-1(b)(1)(K), without a hearing if no objection is timely filed and served in accordance with the Case Management Order.

Dated:    June 6, 2023
          New York, New York

                                          AKIN GUMP STRAUSS HAUER & FELD LLP

                              By:    /s/Mitchell P. Hurley
                                     Mitchell P. Hurley
                                     Dean L. Chapman Jr.
                                     One Bryant Park
                                     New York, New York 10036
                                     Telephone: (212) 872-1000
                                     Facsimile: (212) 872-1001
                                     mhurley@akingump.com
                                     dchapman@akingump.com

                                     Elizabeth D. Scott (admitted pro hac vice)
                                     2300 N. Field Street, Suite 1800
                                     Dallas, TX 75201
                                     Telephone: (214) 969-2800
                                     Facsimile: (214) 969-4343
                                     edscott@akingump.com

                                     *Special Litigation Counsel for Debtors and Plaintiffs Celsius Network Limited and Celsius Network LLC*

4

**Hearing Date: June 28, 2023, at 10:00 a.m. (prevailing Eastern Time)**
**Objection Deadline: June 21, 2023, at 4:00 p.m. (prevailing Eastern Time)**

Mitchell P. Hurley
Dean L. Chapman Jr.
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1001
mhurley@akingump.com
dchapman@akingump.com

Elizabeth D. Scott (admitted *pro hac vice*)
AKIN GUMP STRAUSS HAUER & FELD LLP
2300 N. Field Street, Suite 1800
Dallas, TX 75201
Telephone: (214) 969-2800
Facsimile: (214) 969-4343
edscott@akingump.com

*Special Litigation Counsel for Debtors and*
*Plaintiffs Celsius Network Limited and Celsius Network LLC*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**MOTION TO APPROVE THE TRANSFER OF PROPERTY**
**PURSUANT TO BANKRUPTCY CODE SECTION 105 AND RULE 9019 OF**
**THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network, Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893) and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

## TABLE OF CONTENTS

                                                                                                                           **Page**

Preliminary Statement ...................................................................................................................1

Jurisdiction and Venue ..................................................................................................................2

Background ....................................................................................................................................2

      A.       The Adversary Proceeding Against Prime Trust .......................................................2

      B.       Settlement of the Adversary Proceeding ..................................................................4

      C.       Approval of the Settlement and Receipt of the Subject Property ............................5

Relief Requested ............................................................................................................................6

Basis for Relief ..............................................................................................................................6

Notice .............................................................................................................................................7

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Vaughn v. Drexel Burnham Lambert Grp., Inc. (In re Drexel Brunham Lambert Grp., Inc.)*,
   134 B.R. 499 (Bankr. S.D.N.Y. 1991) ...................................................................................6

**Statutes**

11 U.S.C. § 105 ...................................................................................................................1, 2, 6

11 U.S.C. § 542 ...........................................................................................................................3

28 U.S.C. § 157 ...........................................................................................................................2

28 U.S.C. § 1334 .........................................................................................................................2

28 U.S.C. § 1408 .........................................................................................................................2

28 U.S.C. § 1409 .........................................................................................................................2

**Other Authorities**

Fed. R. of Bankr. P. 9019 ..................................................................................................1, 2, 4, 6

Celsius Network LLC and Celsius Network Limited (together, "Celsius"), hereby submit this motion (the "Motion") seeking entry of an order pursuant to section 105 of title 11 of the United States Code (the "Bankruptcy Code") and in furtherance of the Stipulation to Settle and Discontinue Adversary Proceeding (the "Stipulation") entered among: (i) Celsius Network Limited, (ii) Celsius Network LLC, and (iii) Prime Trust, LLC ("Prime Trust"), and approved by this Court on December 6, 2022 pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") in the adversary proceeding styled, *Celsius Network Limited and Celsius Network LLC v. Prime Trust, LLC*, Adv. Proc. No. 22-01140 (MG). *See Order Granting Motion to Approve Settlement with Prime Trust, LLC Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure* (the "9019 Approval Order") [Adv. No. 22-01140-mg, ECF No. 20]. In further support of this Motion, Celsius respectfully submits as follows:

### PRELIMINARY STATEMENT

1. By this Motion, Celsius requests entry of an order as contemplated by the Stipulation authorizing Celsius to transfer and use property pursuant to Bankruptcy Code section 105 and in connection with the Stipulation and 9019 Approval Order.[1]

2. Prime Trust transferred the Subject Property,[2] which belongs to the estates, to the Designated Celsius Wallets on December 13, 2022 as required pursuant to the Stipulation and 9019 Approval Order. Since that time, Celsius has not accessed, transferred, pledged, distributed, or otherwise used the Subject Property, which has remained fully segregated in the Designated Celsius Wallets for nearly six months now.

---

[1] The Stipulation and its exhibits are attached as Exhibit B to the *Motion to Approve Settlement with Prime Trust, LLC Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure* [Adv. No. 22-01140-mg, ECF No. 13] (the "9019 Motion").

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Stipulation and/or the 9019 Motion.

3. As estate property, the currently segregated Subject Property should be available to Celsius in the ordinary course, including in connection with routine corporate finance activities. Accordingly, Celsius respectfully requests that the Court enter an order authorizing Celsius to transfer the Subject Property from the Designated Celsius Wallets to Celsius' Network Deposit vaults in the Celsius Network LLC (US) workspace and from there to access, transfer, pledge, and otherwise use the Subject Property in the ordinary course and consistent with the sound exercise of Celsius' business judgment.

### JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of the United States District Court for the Southern District of New York (the "Southern District of New York") referring to the Bankruptcy Judges of the Southern District of New York all cases and proceedings arising under the Bankruptcy Code. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

5. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409 because this proceeding arises under, arises in, and/or relates to cases commenced under the Bankruptcy Code.

6. The basis for the relief requested herein are Bankruptcy Code section 105 and Bankruptcy Rule 9019.

### BACKGROUND

**A.    The Adversary Proceeding Against Prime Trust**

7. Celsius offered rewards to its Users who transferred their crypto assets to Celsius through the Earn program. Pursuant to the applicable terms of use, Users in the Earn program grant Celsius all rights and title to the crypto assets from the time the User transfers the assets until the assets are transferred back to the User.

8. On or around June 15, 2020, Celsius introduced terms of use (the "Terms of Use Version 4") providing that crypto assets from Celsius' New York and Washington Users would be held by Prime Trust.[3]  *See* Stipulation Ex. C.

9. In June 2021, Prime Trust purported to terminate its relationship with Celsius and indicated its desire to return the crypto assets it was holding to Celsius. *See* Adversary Complaint Ex. D [Adv. No. 22-01140-mg, ECF No. 1-4]. Including based on the consent of certain New York and Washington Users to revised terms of use (the "Updated Terms of Use" or "Terms of Use Version 6"), Celsius directed Prime Trust to transfer certain crypto assets to Celsius (the "Authorized Assets"). *See* Stipulation Ex. B. Prime Trust complied in part, but Prime Trust did not transfer to Celsius approximately $21 million (at recent prices) worth of Authorized Assets ("Unreturned Authorized Assets") and certain other assets for which Celsius had not yet received acknowledgement of the Updated Terms of Use from the underlying Users (the "Remaining Assets" and collectively with the Unreturned Authorized Assets, the "Subject Property"). Negotiations between the parties concerning the return of the Subject Property to Celsius continued for a substantial period of time, but the negotiations did not result in agreement.

10. On August 23, 2022, Celsius filed an adversary complaint against Prime Trust pursuant to section 542 of the Bankruptcy Code seeking turnover of the Unreturned Authorized Assets. [Adv. No. 22-01140-mg, ECF No. 1]. Alternatively, Celsius sought specific performance of certain contractual provisions obligating Prime Trust to deliver and transfer the Unreturned Authorized Assets to Celsius. On September 2, 2022, Celsius sent Prime Trust a letter further demanding that Prime Trust also transfer to Celsius the Remaining Assets and any other Subject Property in accordance with the agreements among the Parties.

---

[3] The Terms of Use Version 4 also reference Texas, but assets transferred by Celsius Users located in that state were not held by Prime Trust.

3

  **B. Settlement of the Adversary Proceeding**

  11. On October 19, 2022, Celsius and Prime Trust reached an agreement to fully settle and discontinue the Adversary Proceeding.

  12. Pursuant to the Stipulation, Prime Trust represented that it maintained a ledger of the Subject Property that included an omnibus account ending in 4491 with User holdings titled "Celsius Network Limited Custody" (the "4491 Account"). Prime Trust further represented that its ledger of Subject Property included separate numbered accounts titled with the names of individual Users (the "User Accounts" and collectively with the 4491 Accounts, the "Accounts").

  13. Celsius and Prime Trust agreed that Celsius was the "Account Holder" of the 4491 Account within the meaning of the November 13, 2019 Prime Asset Custody Account Agreement between Celsius Network Limited and Prime Trust and that Celsius was authorized to request that Prime Trust transfer to Celsius the: (i) Authorized Assets pursuant to Sections 1 and 8 of the Updated Terms of Use; and (ii) the Remaining Assets pursuant to Section 2(i)(b) of the PT Terms included in the Terms of Use Version 4. Additionally, the parties agreed that Celsius was also authorized to request that Prime Trust transfer to Celsius any Subject Property in the User Accounts pursuant to Section 4(e) of the User PT Custody Account Agreements, as well as Section 2(i)(b) of the PT terms included in the Terms of Use Version 4.

  14. Accordingly, the Stipulation provided that within five business days of entry of an order by this Court approving the terms of the settlement set forth in the Stipulation pursuant to Rule 9019(a) of the Bankruptcy Rules, Prime Trust would transfer all Subject Property in the 4491 Account and all Subject Property in User Accounts to wallets specifically identified in the 9019 Motion for which only Celsius holds the private keys (the "Designated Celsius Wallets"). The Stipulation further stated that upon receipt of the Subject Property in the Designated Celsius Wallets, Celsius would not use, access, transfer, pledge, re-hypothecate, distribute, or otherwise

interfere with the Subject Property except pursuant to further order of the Bankruptcy Court. Stipulation ¶¶ 1, 9(ii).

### C. Approval of the Settlement and Receipt of the Subject Property

15. On November 14, 2022, Celsius filed the 9019 Motion. After notice and a hearing, the Court granted the 9019 Motion on December 6, 2022. S*ee* 9019 Approval Order [Adv. No. 22-01140-mg, ECF No. 20].

16. Prime Trust thereafter transferred the Subject Property to the Designated Celsius Wallets on December 13, 2022, including 426.56998125 bitcoin received in the Designated Celsius Wallet with address 17rPU4EySbSALsw9anJv36ioeVo3d6Kr1P, and 4,050.898098718890306 ETH; 2,628,170.89 USDC; and 198,288.55 CEL tokens received in the Designated Celsius Wallet with address: 0x8744F2d1fe828689e9B9C2eeEdbc45dDb218B829.[4]

17. Since that time, the Subject Property has remained in those same two segregated Designated Celsius Wallets in accordance with the terms of the Stipulation, and Celsius has not transferred, deployed, disbursed, disposed of, or otherwise used any of the Subject Property.

18. Celsius now seeks authorization, as is required by the Stipulation, to access the Subject Property and transfer it from the Designated Celsius Wallets and into Celsius' Network Deposit vaults in the Celsius Network LLC (US) workspace where it will be commingled with Celsius' other assets, and available for Celsius to access, transfer, pledge, and otherwise use in the ordinary course of these cases, in accordance with the sound exercise of Celsius' business judgment.

---

[4] Ahead of the Transfer, on December 12, 2022, Prime Trust additionally transferred to these same two Designated Celsius Wallets test transfers of 0.0005 bitcoin, 0.005 ETH, 15 USDC, and 10 CEL tokens.

**RELIEF REQUESTED**

19.     By this Motion and in accordance with the Stipulation, Celsius respectfully requests entry of an order, substantially in the form of the Proposed Order attached hereto as **Exhibit A**, authorizing Celsius to transfer the Subject Property from the Designated Celsius Wallets and into Celsius' Network Deposit vaults in the Celsius Network LLC (US) workspace where the Subject Property will be commingled with Celsius' other assets, and available for Celsius to access, transfer, pledge, and otherwise use in the ordinary course in accordance with the sound exercise of Celsius' business judgment.

**BASIS FOR RELIEF**

20.     Bankruptcy Rule 9019(a) "empowers the Bankruptcy Court to approve compromises and settlements if they are in the best interests of the estate." *Vaughn v. Drexel Burnham Lambert Grp., Inc. (In re Drexel Brunham Lambert Grp., Inc.)*, 134 B.R. 499, 505 (Bankr. S.D.N.Y. 1991). Finding the Stipulation with Prime Trust met this standard and no objections to the Stipulation having been raised, the Court entered an order approving the Stipulation on December 6, 2022. *See* 9019 Approval Order [Adv. No. 22-01140-mg, ECF No. 20].

21.     Pursuant to and in furtherance of that Order, and in accordance with Bankruptcy Code section 105, which provides the Court with authority to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" Bankruptcy Code, 11 U.S.C. § 105(a), Celsius now requests that the Court authorize it to transfer the Subject Property received from Prime Trust into Celsius' Network Deposit vaults in the Celsius Network LLC (US) workspace and to thereafter treat and use the Subject Property in the same manner as the other assets held in those accounts.

22. As with the initial 9019 Approval Order, such transfer is appropriate. Just like all other Earn Users, the Users whose assets were previously held by Prime Trust accepted Terms of Use with Celsius,[5] which provided that ownership of all deposited assets transferred from the Users to Celsius when the Users deposited the assets in their Earn Accounts. *See Memorandum Opinion and Order Regarding Ownership of Earn Account Assets* [ECF No. 1822] at 29–30. Though Prime Trust at one time held the assets transferred by Celsius Users in New York and Washington, Celsius owned the Subject Property at all times, and there is no reason for those assets to continue to be treated any differently than all other assets held in Celsius' Earn Accounts.

23. The Subject Property therefore should be transferred to Celsius' standard Earn Accounts and made available for use by Celsius in the ordinary course, including, without limitation, for purposes such as borrowing and other routine corporate finance activities, until distributed or otherwise disposed of in connection with a confirmed plan of reorganization or other disposition in these cases. Accordingly, Celsius respectfully submits that transfer of the Subject Property to Celsius' Network Deposit vaults in the Celsius Network LLC (US) workspace, where it will be commingled with Celsius' other assets, and available for Celsius to access, transfer, pledge, and otherwise use in the ordinary course of these cases consistent with the sound exercise of Celsius' business judgment is appropriate.

## NOTICE

24. Notice of this Motion will be provided in accordance with the procedures set forth in the *Second Amended Final Order (I) Establishing Certain Notice, Case Management, and*

---

[5] For the Authorized Assets, this included acceptance by the Users of the Updated Terms of Use. For the Remaining Assets, this included acceptance of Terms of Use Version 4. In both cases, the relevant Terms of Use provided that ownership of Earn Assets transferred from Account Holders to Celsius when the Account Holders deposited cryptocurrency in their Earn Accounts, *see, e.g.*, Terms of Use Version 4 at ¶ 14; Terms of Use Version 6 at ¶¶ 1, 13, and in any event, the Updated Terms of Use constituted valid and enforceable contract modifications for those Users who accepted Terms of Use Version 4, *see Memorandum Opinion and Order Regarding Ownership of Earn Account Assets* [ECF No. 1822] at 34–38.

*Administrative Procedures and (II) Granting Related Relief* [ECF No. 2560]. Notice also will be provided to all potentially impacted Celsius Users, including by emailing a copy of this Motion to the last known email address, if any, or if no email address is available, mailing a copy of this Motion to the last known mailing address, if any, of all such potentially impacted Users. Notice will further be provided to all Parties to the Stipulation. Celsius respectfully submits that no further notice is required.

25. No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, Celsius respectfully requests that the Court: (i) enter an order substantially in the form attached hereto as **Exhibit A** and (ii) grant such other and further relief as the Court may deem proper.

Dated:   June 6, 2023
         New York, New York

AKIN GUMP STRAUSS HAUER & FELD LLP

By:   */s/Mitchell P. Hurley*
      Mitchell P. Hurley
      Dean L. Chapman Jr.
      One Bryant Park
      New York, New York 10036
      Telephone: (212) 872-1000
      Facsimile: (212) 872-1001
      mhurley@akingump.com
      dchapman@akingump.com

      Elizabeth D. Scott (admitted *pro hac vice*)
      2300 N. Field Street, Suite 1800
      Dallas, TX 75201
      Telephone: (214) 969-2800
      Facsimile: (214) 969-4343
      edscott@akingump.com

      *Special Litigation Counsel for Debtors and Plaintiffs Celsius Network Limited and Celsius Network LLC*