HOGAN LOVELLS US LLP
390 Madison Avenue
New York, NY 10017
Phone: (212) 909-0661
Fax: (212) 918-3100
Pieter Van Tol
pieter.vantol@hoganlovells.com

*Attorneys for Shlomi Daniel Leon and Aliza Landes*

**Hearing Date and Time:**
**June 28, 2023 at 10:00 a.m.**

**Objection Deadline Date and Time:**
**June 21, 2023 at 4:00 p.m.**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re | ) | **Chapter 11** |
| | ) | |
| CELSIUS NETWORK, LLC, *et al.* [1] | ) | **Case No. 22-10964 (MG)** |
| | ) | |
| Debtors. | ) | **(Jointly Administered)** |
| | ) | |

### MOTION OF SHLOMI DANIEL LEON AND ALIZA LANDES FOR RELIEF FROM THE AUTOMATIC STAY, AS APPLICABLE, TO PERMIT PAYMENTS UNDER D & O INSURANCE AND JOINDER IN INSURERS' MOTION SEEKING THE SAME RELIEF

The Movants enter a limited appearance solely for the purpose of (a) filing this motion,

pursuant to 11 U.S.C. §362(d) and Bankruptcy Rule 4001(a), for entry of an order granting relief

from the automatic stay, to the extent it applies, to permit payments under a Directors & Officer's

Liability and Corporate Securities Liability insurance policy, No. EFI1203088-00, issued to one

of the Debtors, Celsius Network, Inc. (the "D & O Policy" or "Policy"); and (b) joining in, and

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

incorporating by reference as if set forth fully herein, the motion filed by the issuers of the D & O

Policy (the "D & O Insurers") seeking relief from the automatic stay for the same purpose [*see*

Dkt. No. 2585] (the "D & O Insurers' Motion").[2]  In support of this submission (the "Motion and

Joinder"), the Movants respectfully state as follows:

## ARGUMENT

1.      As discussed in the D & O Insurers' Motion, the Movants are insureds under the D

& O Policy and they have submitted claims for reimbursement of their defense costs arising out

of certain matters covered by the Policy.  (*See* D & O Insurers' Mot., 3, 8 and 10-11.)

2.      In light of the D & O Policy's express provisions and the applicable case law, the

Movants do not believe that payments of defense costs under the D & O Policy would implicate

the automatic stay.  However, in an abundance of caution, the Movants have moved for the same

relief from the automatic stay sought in the D & O Insurers' Motion and they join in the arguments

advanced by the D & O Insurers, as if set forth fully herein.

3.      We also write to address one related point.  As the Court is no doubt aware, the

Court recently granted a motion seeking similar relief from the automatic stay in connection with

D & O insurance proceeds.  *See In re SVB Financial Group*, 2023 WL 3578447 (Bankr. S.D.N.Y.

May 22, 2023) (the "May 22 Opinion").  The policies in the *SVB Financial* matter share several

characteristics with the D & O Policy.  Most importantly, the D & O Policy — like the primary

policy in *SVB Financial* — contains a "Order of Payments" provision.  (*See* D & O Insurers' Mot.,

9-10, 13-14.)[3]  The Court stressed the provision's importance and held that "[c]ourts have routinely

---

[2]      In lieu of a separate proposed order, the Movants will adopt the proposed order filed by the D & O
Insurers.

[3]      The motion in *SVB Financial* concerned the primacy policy and excess policies in the Side ABC
tower as well as policies in the Side A tower.  In this matter, the excess insurers in the Side ABC tower

found that where such priority of payments provisions are present, the insureds are entitled to access the proceeds." *SVB Financial*, 2023 WL 3578447, at *7. The Court's other holdings in the May 22 Opinion regarding the advancement and payment of defense costs to directors and officers also apply with equal force here. *See id.*, at *7-9.

**CONCLUSION**

For the reasons discussed above and in the D & O Insurers' Motion, the Movants respectfully request that the Court grant relief from the automatic stay, to the extent it is applicable, to permit the payment of defense costs under the D & O Policy.

Dated: June 7, 2023
      New York, New York

Respectfully submitted,

*/s/ Pieter Van Tol*

Pieter Van Tol
pieter.vantol@hoganlovells.com
**HOGAN LOVELLS US LLP**
390 Madison Avenue
New York, NY 10017
Tel. (212) 918-3000
Fax (212) 918-3001

*Attorneys for S. Daniel Leon and Aliza Landes*

---

have not (to date) made any submissions relating to the payment of defense costs. Accordingly, the Motion and Joinder only refers to the Court's holdings in *SVB Financial* regarding the primary policy at issue there.