# TRANSFER AGREEMENT

| SELLER: | Tim Malcolm |
|---|---|
| BUYER: | Oroboros Cel I, LLC |
| EFFECTIVE DATE: | 5/19/2023 |
| DEBTOR: | Celsius Network LLC, et al. |
| COURT: | United States Bankruptcy Court, Southern District of New York |
| CLAIM(S): | |

| **Claim Type** | **Unique Identifying #** | **Claim Amount** |
|---|---|---|
| Schedule Claim | 3.1.554768 | 52,958.45 |

SELLER and BUYER (each a "Party" and together the "Parties") hereby enter into this Transfer Agreement ("Agreement") as of the Effective Date to govern and effect the sale from SELLER to BUYER of the Claim(s) and other Assigned Rights. This Agreement incorporates the **Standard Trading Terms and Conditions** (the "Standard Terms") in their entirety and without modification. In the event of any conflict or inconsistency between this Agreement and the Standard Terms, this Agreement shall govern and control. Capitalized terms used but not otherwise defined in this Agreement shall have the meanings set forth in the Standard Terms.

| Buyer: | Seller: |
|---|---|
| **Oroboros Cel I, LLC** | |
| DocuSigned by: *Michael Bottjer* — 8B7AF248965F43C... | DocuSigned by: *Tim Malcolm* — BB216CCD5FE046A... |
| Name: Michael Bottjer | Name: Tim Malcolm |

DocuSign Envelope ID: E4DEC00A-1272-491D-A310-1778ED40884E

# TRANSFER AGREEMENT

## EXHIBIT 1

### Purchase Price Calculation

Claim Amount:   52,958.45

Purchase Rate:   █████

Purchase Price:  ████████

### Notice and Payment Instructions

| BUYER | SELLER |
|---|---|
| Contact Information | Contact Information |
| michael@arceaucapital.com | ████████████ |
| louis@arceaucapital.com | |

Payment Instructions

XXXXXXXXXXXXXXXXXXXXXXXXX

# United States Bankruptcy Court
## Southern District of New York

In re Celsius Network LLC, et al. Case No. 22-10964 (MG) TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A claim has been filed in this case or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure of the transfer, other than for security, of the claim referenced in this evidence and notice.

Name of Transferor  Name of Transferee

**Name (Redacted)**
Tim Malcolm

XXXXXXXXXXX

Address on File

**Oroboros Cel I, LLC**

4 Lakeside Drive, Chobham Lakes
Woking, Surrey, United Kingdom
GU24 8BD
michael@arceaucapital.com

**Schedule F Claim #**

3.1.554768

**Transferred Claim Amount** as detailed on Schedule F

I declare under penalty of perjury that the information provided herein is true and correct to the best of my knowledge and belief.

Tim Malcolm

Transferee Date


DocuSigned by:
Tim Malcolm
BB216CCD5FE046A...

5/31/2023

Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

## Identity of Transferor

Transferee has in its possession an Evidence of Transfer signed by the Transferor.

To protect the identity of the Transferor, Transferee has not disclosed the Transferor's name or address, and has not attached the signed Evidence of Transfer to this Notice of Transfer of Claim.

Upon written request, Transferee is prepared to provide a copy of the signed Evidence of Transfer to the Bankruptcy Court, the Debtors, and appropriate professionals.

## EVIDENCE OF TRANSFER OF CLAIM

TO: Clerk, United States Bankruptcy Court, Southern District of New York

, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, has unconditionally and irrevocably sold, transferred and assigned to **Oroboros Cel I, LLC**, its successors and assigns, all right, title and interest in and to the claim(s) identified below, against **Celsius Network LLC, et al.**

| | |
|---|---|
| **Schedule F Claim #** | 3.1.554768 |
| **Claim Amount** | 52,958.45 |

Seller hereby waives any notice or hearing requirements imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, and stipulates that an order may be entered recognizing this Evidence of Transfer of Claim as an unconditional assignment and Buyer as the valid owner of the claim. You are hereby requested to make all future payments and distributions, and to give all notices and other communications in respect of the claim, to Buyer.

Date: 5/19/2023

Buyer:   
**Oroboros Cel I, LLC**

DocuSigned by: Michael Bottjer  
8B7AF248965F43C...

Name: Michael Bottjer

Seller:

DocuSigned by: Tim Malcolm  
BB216CCD5FE046A...

Name: Tim Malcolm

## STANDARD TRADING TERMS AND CONDITIONS

These Standard Trading Terms and Conditions ("**Standard Terms**") are incorporated in their entirety to any Oroboros Transfer Agreement ("**Agreement**"). Capitalized terms used but not otherwise defined in these Standard Terms shall have the meanings set forth in the Agreement.

### PURCHASE AND SALE

1. SELLER, for good and valuable consideration, does hereby irrevocably sell, convey, transfer and assign unto BUYER, and BUYER does hereby irrevocably purchase and acquire from SELLER, in each case as of the Effective Date, all of SELLER's right, title and interest in, to and under the Claim, including any and all right to receive principal, interest and other amounts in respect of the Claim in each case whether accruing prior to, on or after the date of the Agreement and, to the extent relating to the Claim, all accounts, receivables, and other rights and interests of SELLER against the Debtor, including, without limitation, all of SELLER's right, title and interest in, to and under:

   a) the Claim and any evidence or supporting documentation ("**Claim Documents**");
   b) all rights to receive cash, interest, fees, expenses, damages, or penalties in respect of or in connection with the Claim, including any distributions ("**Distributions**") made by the Debtor in respect of the Claim pursuant to a plan of reorganization or liquidation or otherwise;
   c) all causes of action or other rights of SELLER, against the Debtor or other party, with respect to the Claim; d) any and all proceeds of any of the foregoing (including proceeds of proceeds);

all of the foregoing, whether against the Debtor, any affiliate of the Debtor, any guarantor or any other third party liable in respect thereof, being collectively referred to herein as the "**Assigned Rights**". For the avoidance of doubt, BUYER does not assume, and SELLER shall retain, shall remain responsible for, and shall duly perform, any and all obligations and liabilities of SELLER under or relating to the Claim, the Claim Documents, and the other Assigned Rights.

2. The consideration to be paid by BUYER to SELLER for the Assigned Rights, the sufficiency of which is hereby acknowledged by SELLER, is the purchase price ("**Purchase Price**") set forth and calculated on Exhibit 1 to the Agreement. Upon the execution by the Parties of the Agreement, BUYER shall pay the Purchase Price to SELLER pursuant to the instructions set forth on Exhibit 1.

### MUTUAL REPRESENTATIONS AND WARRANTIES

3. Each Party represents and warrants to the other as of the Effective Date that:
   (a) such Party is duly authorized and empowered to execute, deliver and perform the Agreement; (b) the Agreement constitutes such Party's valid, legal and binding agreement, enforceable against such Party in accordance with its terms;
   (c) the execution, delivery or performance of the Agreement will not violate or contravene any law, rule, regulation or agreement affecting such Party (or, in the case of SELLER, the Assigned Rights); (d) it has agreed to the Purchase Price based on its own independent investigation and credit determination, has consulted with any party it believes appropriate, and has not relied on any representations made by the other Party and
   (e) with respect to the Agreement, it (i) is a sophisticated person or entity, (ii) is able to bear the associated economic risk, and (iii) has adequate information concerning the business and financial condition of the Debtor and the status of the bankruptcy case to make an informed decision.

### SELLER REPRESENTATIONS AND WARRANTIES

4. SELLER represents and warrants to BUYER as of the Effective Date that:
   (a) (i) the Claim is a valid, allowable, enforceable, non-contingent, liquidated, unsubordinated, and non-disputed claim against the Debtor, in an amount not less than the Claim Amount, (ii) the Claim has not been revoked, withdrawn, amended or modified, and no rights thereunder have been waived, and (iii) all statements in such Claim are true and correct as of the date hereof;
   (b) no payment or other distribution has been received by or on behalf of SELLER in full or partial satisfaction of the Claim;
   (c) no portion of the Claim has been sold, assigned, or pledged by SELLER to any other party; (d) SELLER has provided to BUYER true and complete copies of the Claim Documents, and other than the Claim Documents provided by SELLER to BUYER, there are no other contracts, documents, stipulations, or orders that will materially and adversely affect the Assigned Rights or

DocuSign Envelope ID: E4DEC00A-1272-491D-A310-1778ED40884E

power to convey the Assigned Rights, free and clear of (i) any legal, statutory or contractual restriction, (ii) any lien, claim, charge, security interest, participation, factoring arrangement, or encumbrance, or any similar claim of any nature and (iii) any and all taxes of any kind; (f) SELLER has fulfilled all of its obligations to the Debtor under, and did not breach any terms or provisions of, the Claim Documents, and BUYER will assume no obligations or liabilities in respect of the Claim or the Claim Documents;

(g) the Assigned Rights are not subject to any counterclaim, defense, or claim or right of setoff, reduction, recoupment, impairment, avoidance, disallowance, subordination or equitable subordination; (h) SELLER does not, and did not on the Petition Date, hold any funds or property of or owe any amounts or property to the Debtor, and has not effected or received, and shall not effect or receive, the benefit of any setoff against the Debtor;

(i) SELLER is not, and has never been, an insider or affiliate of the Debtor within the meaning of 11 U.S.C. § 101(31) or 11 U.S.C. § 101(2), respectively, and is not, and has not been, a member of any official or unofficial creditors' committee in the Court; and

(j) SELLER has not engaged in any act, conduct or omission, or had any relationship with the Debtor, that will result in BUYER receiving proportionately less in payments or distributions under, or less favorable treatment (including the timing of payments or distributions) for, the Assigned Rights than is received by other creditors in the same class of claims in the the Debtor case.

**RIGHT TO SUBSEQUENT DISTRIBUTIONS**

5. SELLER agrees that, from and after the Effective Date, if SELLER shall receive any Distributions or documents on account or in respect of the Assigned Rights, SELLER shall accept and hold the same on behalf of and in trust for BUYER, and shall use its best efforts to deliver the same forthwith to BUYER in the same form received, within three (3) business days in the case of Distributions and ten (10) business days in the case of documents. If SELLER does not deliver any Distribution to BUYER within three (3) business days, SELLER shall pay to BUYER interest on such Distribution at a rate equal to the Federal Funds Rate plus 10%, from the date three (3) business days after SELLER's receipt of such Distribution to the date of BUYER's receipt of payment of such Distribution. SELLER acknowledges and agrees that all Distributions are the property of BUYER. As used herein, "**Federal Funds Rate**" means, for any date, the rate set by the Federal Reserve Bank of New York, as published on the next business day in The Wall Street Journal.

**CLAIM IMPAIRMENT AND REPURCHASE OBLIGATION**

6. If all or any portion of the Claim is disallowed, reduced or subordinated such that the total amount of the Claim would be less than the Claim Amount, distributions are made on the Claim that are, per dollar of claim, less in amount or different in nature or timing than distributions on other allowed claims of the same class of claims in the bankruptcy case (any of the foregoing events is referred to herein as an "**Impairment**" with respect to the portion so affected) then SELLER shall repurchase such portion by paying immediately on demand of BUYER cash in an amount equal to the Purchase Price multiplied by a fraction, the numerator of which shall be the portion of the Claim Amount that is subject to the Impairment, and the denominator of which shall be the Claim Amount. BUYER's demand for such payment shall not be deemed an election of remedies or a limitation on any other rights that BUYER may have hereunder or under applicable law.

**AUTHORITY; ACTIONS**

7. SELLER hereby irrevocably appoints BUYER as its true and lawful attorney-in-fact with respect to the Claim and authorizes BUYER to act in SELLER's name, place and stead, to demand, sue for, compromise and recover all such sums of money which are, or may hereafter become due and payable for or on account of the Claim, to vote the Claim, to file proofs of claim with respect thereto or to otherwise effectuate the intent of the Agreement. SELLER hereby grants unto BUYER full authority to do all things necessary to enforce the Claim and SELLER's rights thereunder. SELLER agrees that the powers granted in this section are discretionary in nature and exercisable at the sole option of BUYER. BUYER shall have no obligation to prove, defend, or take any

affirmative action with respect to proving the validity of the Claim. SELLER agrees to execute and deliver, or to cause to be executed and delivered, all such instruments and documents, and to take all such action, as BUYER may reasonably request, promptly upon the request of BUYER, in order to effectuate the intent and purposes of, and to carry out the terms of, the Agreement, and to cause BUYER to become the legal and beneficial owner and holder of the Assigned Rights. Without limiting the generality of the foregoing, to the extent that SELLER shall have the right to take any action or exercise any voting or other right (each an "**Action**") in respect of the Claim, SELLER shall take or refrain from taking such Action in accordance, and only in accordance, with BUYER's instructions.

**INDEMNIFICATION BY SELLER**

8. SELLER agrees to indemnify and hold BUYER and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from (i) any act or omission by SELLER in connection with or in any way related to the Claim, (ii) SELLER's breach of any of SELLER's representations, warranties, covenants or agreements set forth herein or (iii) any obligation of

otherwise reimburse (by setoff or otherwise) the Debtor or any other person or entity for any payments, distributions, property, setoffs or repayments received, applied or effected by or for the account of SELLER under or in connection with the Claim.

## SELLER WAIVER OF NOTICE

9. SELLER HEREBY WAIVES ANY NOTICE REQUIREMENT OF BANKRUPTCY RULE 3001(e), AND CONSENTS TO THE SUBSTITUTION OF BUYER FOR SELLER FOR ALL PURPOSES IN THE BANKRUPTCY CASE WITH RESPECT TO THE CLAIM, INCLUDING, WITHOUT LIMITATION, FOR VOTING AND DISTRIBUTION PURPOSES.

## GENERAL PROVISIONS

10. The Agreement is the entire agreement between the Parties with respect to the subject matter hereof and fully supersedes any and all prior agreements, understandings, or representations between the Parties.

11. All representations, warranties, covenants and agreements contained herein shall survive the execution and delivery of the Agreement and shall inure to the benefit of the successors and assigns of each Party, and the obligations of the Parties contained herein shall continue and remain in full force and effect until fully paid, performed and satisfied. From and after the Effective Date, BUYER may assign or otherwise transfer all or any portion of its rights (but not its obligations) under the Agreement to any person without the consent of SELLER.

12. Any and all notices (including service of process) in connection with the Agreement shall be delivered in writing to the applicable Party pursuant to the notice instructions in Exhibit 1 to the Agreement.

13. The Agreement shall be governed by the laws of the State of New York. Each Party submits to the jurisdiction of the federal or state courts located in the City of New York, State of New York, and agrees that any litigation relating to the Agreement shall be brought only in such courts.

14. Each of the Parties hereby consent to the disclosure of any personal identifying information, as required, to comply with any and all laws, rules, and requirements related to effectuating the Agreement with the Court or any other party.

15. Each of the Parties agrees that, without the prior written consent of the other Party hereto, it will not disclose the contents of the Agreement to any person or entity, except that any Party may make any such disclosure (a) as set forth in Section 9, (b) if required to do so by any law, court, or regulation, (c) to any banking, regulatory, self-regulatory, or examining authority having or asserting jurisdiction over it, (d) to its affiliates, employees, professional advisors, and auditors (provided that each such person or entity shall be instructed to keep such disclosed information confidential on the same terms as provided in the Agreement), or (e) in the case of BUYER, to any actual or prospective transferee, assignee, participant, or other entity proposing to enter into contractual relations with BUYER in respect of the Assigned Rights or any portion thereof (provided that BUYER shall not disclose Exhibit 1 to the Agreement to any such entity).