**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|   |   |   |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CELSIUS NETWORK LLC, *et al.*, | ) | Case No. 22-10964 (MG) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**ORDER DENYING IMMANUEL HERRMANN AND DANIEL FRISHBERG'S MOTION TO VACATE THE CUSTOMERS CLAIMS OPINION AND ORDER**

Pending before the Court is the motion (the "Motion," ECF Doc. # 2811) of Daniel Frishberg ("Frishberg") and Immanuel Herrmann ("Herrmann," and together with Frishberg, the "Movants") seeking an indicative ruling that the *Memorandum Opinion Regarding Which Debtor Entities Have Liability for Customer Claims Under the Terms of Use* ( the "Customer Claims Opinion," ECF Doc. # 2205) and the related *Order Regarding Which Debtor Entities Have Liability for Customer Contract Claims Under the Terms of Use* (the "Customer Claim Order," ECF Doc. # 2265 and together, the "Customer Claims Opinion and Order,") and the *Order (i) Setting a Briefing Schedule and (ii) Granting Related Relief* (the "Scheduling Order," ECF Doc. # 1747) would be vacated upon the receipt of a limited remand of the district court, or that the Motion raises a substantial issue, pursuant to Federal Rule of Bankruptcy Procedure 8008, 9024 and Rule 60 of the Federal Rules of Civil Procedure. The Movants have appealed the Customer Claims Opinion and Order and that appeal is currently pending. *See* Case No. 1:23-cv-02882-JLR (S.D.N.Y). For the reasons explained below, the Motion is **DENIED**.

As an initial matter, the Movants are correct that the Court does not have jurisdiction to *grant* the Motion because an appeal of the relevant order is pending. The Court does, however, have jurisdiction to *deny* the Motion. While the federal rules do permit a trial court to "relieve a party or a party's legal representative from a final judgment," *see* Fed. R. Civ. P. 60(b), "this

circuit has repeatedly held that the docketing of a notice of appeal' ousts the district court of jurisdiction except insofar as it is reserved to it explicitly by statute or rule.'" *Toliver v. County of Sullivan*, 957 F.2d 47, 49 (2d Cir. 1992) (citing *Ryan v. United States Line Co.*, 303 F.2d 430, 434 (2d Cir.1962)).  As a result, the district court may grant a Rule 60(b) motion, only if it obtains permission from the circuit court, but it does not need such permission to deny the motion.  *Id.*  These principles have also been applied in the bankruptcy context.  *See In re Adelphia Commun's. Corp.*, 327 B.R. 175, 178 n.3 (Bankr. S.D.N.Y. 2005) (noting the second circuit's legal framework regarding Rule 60(b) motions once an appeal has been filed).

Under Federal Rule of Bankruptcy Procedure 8008(a), where, as here, a party files a "timely[1] motion in bankruptcy court for relief that the court lacks authority to grant because of an appeal," the Court has three options: 1) defer considering the motion;  2) deny the motion or 3) state either that the bankruptcy court would grant the motion if the court where the appeal is pending remands for that purpose or state that the motion raises a substantial issue.  Here, the Court proceeds with option two and denies the Motion.

Bankruptcy Rule 9024 makes Federal Rule of Civil Procedure 60 applicable in bankruptcy cases.  "[A]ll orders of the bankruptcy court are subject to Rule 60 F. R. Civ. P."  FED. R. BANKR. P. advisory committee note.  Federal Rule of Civil Procedure 60 contains six grounds for which the court may grant relief from an order or judgment.  Those grounds are: "(1) mistake, inadvertence, surprise, excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct; (4) the judgment is void; (5) the judgment has been satisfied, released, discharged, or it is no longer equitable; or (6) any other reason that justifies

---

[1] The Court assumes for the sake of analysis, but does not rule, that the Motion was timely filed under Rule 60(b) of the Federal Rules of Civil Procedure.  For the avoidance of doubt, the rights of all parties in interest to object to the Motion as untimely are expressly reserved.

2

relief." *See In re: Residential Capital, LLC*, 2015 WL 1636440, at *4 (Bankr. S.D.N.Y. Apr. 10, 2015) (internal quotations omitted) (citing FED. R. CIV. P. 60(b)). Bankruptcy courts view a motion seeking relief pursuant to Federal Rule 60(b) as an extraordinary remedy. *See, e.g., Pettle v. Bickham (In re Pettle),* 410 F.3d 189, 191 (5th Cir. 2005) (stating that "relief under Rule 60(b) is considered an extraordinary remedy . . . [and that] the desire for a judicial process that is predictable mandates caution in reopening judgments") (internal citations omitted).

Movants argue[2] that the Customer Claims Opinion and Order should be vacated on two of these grounds: 1) there is newly discovered evidence and 2) the order is void.[3] (Motion at 7–8.) Both arguments fail. As to the so-called "newly discovered evidence," the party seeking relief from judgment on these grounds must demonstrate that the evidence is of such importance "that it probably would have changed the outcome." *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370 (2d Cir. 2001). The Movants do not meet that burden. They identify no specific new evidence they have discovered, nor do they explain why such evidence would have changed the outcome. (*See* Motion at 8 (referencing declarations the Official Committee of Unsecured Creditors filed, but not identifying any specific new evidence).)

As to the voidness argument, the Movants argue that the Customer Claims Opinion and Order is void as to all 600,000 Celsius customers because the Scheduling Order was not served on customers, even though it was required to be served on the customers. (Motion at 6.) They argue that because they did not have notice of the Scheduling Order, they did not have an opportunity to participate in the briefing process. As an initial matter, the Movants do not have

---

[2] The Court liberally construes the Movants' arguments as required under second circuit law. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (citing *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir.1983) ("This policy of liberally construing pro se submissions is driven by the understanding that "[i]mplicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training.").

3

standing to contest the Customer Claims Opinion and Order on behalf of all 600,000 Customers, so the Court considers here only whether the Movants themselves had sufficient notice to be bound by the Customers Claims Opinion and Order. The Court concludes the Movants had sufficient notice and that the Customers Claims Opinion and Order is not void with respect to the Movants.

The Scheduling Order set a briefing schedule regarding the issue (the "Issue") of "which Debtors are liable to the account holders ('Customers') under the global contract (the 'Terms of Use') between Celsius Network LLC and its account holders . . . ." (*See* Scheduling Order ¶ 3.) Paragraph 9 of the Scheduling Order provides that "upon entry of the Order, the Debtors shall promptly serve this Order upon all parties in interest, which may be via email to account holders." The affidavit of service (ECF Doc. # 1777) indicates that the Movants were not served with the Scheduling Order. The Movants argue that the language in paragraph 9 required the Debtors to serve the Scheduling Order on all customers. (Motion at 4.) The Court disagrees. The language recognizes that to the extent the Debtors do serve account holders, they can do so via email. It does not impose a requirement of service on all account holders.

Even if the Court assumes the Movants were "parties in interest" that should have been served with the Scheduling Order, an issue which the Court need not reach, the record shows that the Movants had sufficient notice to meaningfully participant in the litigation regarding the Issue. "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950). Such notice

"must be of such nature as reasonably to convey the required information . . . and it must afford a reasonable time for those interested to make their appearance." *Id.* (internal citations omitted)

Here, despite not being served with the Scheduling Order, which of course was filed on ECF, the Court is *certain* that the Movants had notice (probably through an ECF docket alert) of the hearing on the Issue and an opportunity to appear and voice their objection for one simple reason: both Movants attended the February 6, 2023 hearing on the Issue. (*See* February 6, 2023 Hr'g Tr. (ECF Doc. # 2016) at 6 (noting Daniel Frishberg and Immanuel Herrmann as "also present in the Courtroom").) Nothing in the record indicates that the Court prohibited the Movants from speaking nor does the record indicate that the Movants attempted to speak at the hearing.[4] While the Movants aver that they were not afforded the opportunity to file a brief, the Official Committee of Unsecured Creditors ("Committee"), the fiduciary for all unsecured creditors, including the movants, filed a brief and participated actively in the briefing and hearing on the Issue. (Motion at 6.) The Court concludes that the Movants received notice reasonably calculated to apprise them of the hearing on the Issue. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950). The Committee, the official representative of all unsecured creditors, including Movants, actively litigated the issues decided in the Customers Claims Opinion. The Movants had sufficient notice. The Customer Claims Opinion and Order is not void under Rule 60(b).

---

[4] The Court observes that Mr. Frishberg and Mr. Hermann, while not individually represented by counsel, have appeared on Zoom during most hearings in this case. The Court regularly recognizes *pro se* creditors to speak during hearings when they use the "hand raise" function on Zoom. Mr. Frishberg and Mr. Hermann regularly are given an opportunity to address issues in this case; they have also filed numerous motions and adversary proceedings in the Celsius chapter 11 case.

5

For the reasons discussed above, the Motion is **DENIED**.

**IT IS SO ORDERED.**

Dated:  June 20, 2023
        New York, New York

                                              /s/ Martin Glenn
                                            MARTIN GLENN
                                    Chief United States Bankruptcy Judge