**WHITE & CASE LLP**
David M. Turetsky
Samuel P. Hershey
Joshua D. Weedman
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
Email: david.turetsky@whitecase.com
      sam.hershey@whitecase.com
      jweedman@whitecase.com

  – and –

**WHITE & CASE LLP**
Keith H. Wofford
Southeast Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131
Telephone: (305) 371-2700
Facsimile: (305) 358-5744
Email: kwofford@whitecase.com

**WHITE & CASE LLP**
Michael C. Andolina (admitted *pro hac vice*)
Gregory F. Pesce (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone: (312) 881-5400
Facsimile: (312) 881-5450
Email: mandolina@whitecase.com
      gregory.pesce@whitecase.com

  – and –

**WHITE & CASE LLP**
Aaron E. Colodny (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, California 90071
Telephone: (213) 620-7700
Facsimile: (213) 452-2329
Email: aaron.colodny@whitecase.com

*Counsel to the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

### THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' STATEMENT IN SUPPORT OF THE DEBTORS' THIRD EXCLUSIVITY MOTION

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

The Official Committee of Unsecured Creditors (the "**Committee**") appointed in the chapter 11 cases of the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") files this statement in support of the *Debtors' Third Motion for Entry of an Order (I) Extending the Debtors' Exclusive Period to Solicit Acceptances of a Chapter 11 Plan Pursuant to Section 1121 of the Bankruptcy Code and (II) Granting Related Relief* [Docket No. 2805] (the "**Third Exclusivity Motion**"), and respectfully states as follows.[2]

## STATEMENT

1.      Just over one year ago, on June 12, 2022, the Debtors paused withdrawals without warning, preventing account holders from accessing billions of dollars' worth of digital assets they had previously transferred to the Debtors.[3]  Shortly afterward, the Debtors commenced these freefall chapter 11 cases.  At that time, the Debtors reported a shortfall in customer assets exceeding $1 billion.[4]  Making matters worse, the Debtors lacked a framework for a viable restructuring plan that account holders and other general unsecured creditors could support. Account holders only knew that their property would remain locked up for the foreseeable future, without guidance on how long these chapter 11 cases would last or how much (or how little) account holders would ultimately recover on their claims.

2.      Today, however, the Debtors and the Committee stand on the cusp of soliciting and confirming a chapter 11 plan of reorganization that will provide higher recoveries to creditors than most parties could have anticipated at the outset of these cases.  The Committee also anticipates that a disclosure statement with respect to the Plan will be filed prior to the hearing on the Third Exclusivity Motion.

---

[2]     Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Third Exclusivity Motion.

[3]     *See Declaration in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 23] ¶ 14.

[4]     *Id.* ¶ 16.

3.       As the Court is aware, the Debtors and the Committee originally selected NovaWulf Digital Management, LP ("**NovaWulf**") as the stalking horse bidder for the Debtors' assets, which agreed to form and operate a new company to be owned by creditors and that would monetize the Debtors' illiquid assets over time, operate and maximize the value of the Debtors' mining business, and provide creditors with greater value than they would receive in a liquidation.[5]  Following the selection of the stalking horse bidder, two additional qualified bidders submitted bids for the Debtors' assets.  The Debtors, in consultation with the Committee, then proceeded to an auction, which commenced on April 25, 2023 and featured multiple rounds of bidding.  The auction was unique.  The Debtors and Committee assessed both quantitative and qualitative factors to determine which team was best qualified and had the best plan for the new company that would return the most value to creditors.  On May 24, 2023, the Debtors and the Committee jointly selected Fahrenheit LLC ("**Fahrenheit**") as the winning bidder.[6]  Fahrenheit's winning bid preserved the NewCo structure proposed in the stalking horse bid and unlocked potentially hundreds of millions of dollars of additional value for creditors (*e.g.*, by significantly reducing the fees associated with operating NewCo and by increasing the consideration that would be invested in, and contributed to, NewCo).[7]  It also provided guarantees and other consideration that significantly de-risked the buildout of the Debtors' mining business.

4.       Since the conclusion of the auction, the Debtors, the Committee, and Fahrenheit have finalized a plan sponsor agreement and incorporated the terms of Fahrenheit's winning bid into the *Joint Chapter 11 Plan of Reorganization of Celsius Network LLC and Its Debtor Affiliates*

---

[5]     *See Notice of (I) Selection of Stalking Horse Bidder and (II) Amended Dates and Deadlines With Respect to Bidding Procedures for the Potential Sale of Substantially All of the Debtors' Assets* [Docket No. 2150].

[6]     *See Notice of Successful Bidder and Backup Bidder* [Docket No. 2713].

[7]     Third Exclusivity Mot. ¶ 1; *see also id.* Ex. B.

[Docket No. 2807] (the "**Plan**").  Now, the parties are working on a disclosure statement and related solicitation materials to be distributed to account holders and other creditors so that they may make an informed vote on the Plan.

5.      The parties have also agreed to milestones that provide that the Debtors will seek approval of the disclosure statement by August 15, 2023, confirm the Plan by the end of September, and go effective by the end of October.[8]  The Debtors intend to make a substantial distribution of cryptocurrency to account holders promptly after the Plan's effective date.

6.      Now that Fahrenheit's winning bid and the Plan are in hand, it is critical that these chapter 11 cases move to their conclusion as swiftly as possible to reduce the amount spent on administrative expenses and to get coins back to customers as soon as possible.  To that end, the Committee supports the Debtors' request in the Third Exclusivity Motion to extend their exclusive period for soliciting votes on the Plan from June 30, 2023 through and including September 29, 2023.[9]  As the Debtors highlight, the extended date for the Debtors' exclusive solicitation period coincides with the milestone agreed by the Debtors, the Committee, and Fahrenheit for confirmation of the Plan.[10]

7.      Cause exists to extend the exclusive solicitation period as requested pursuant to section 1121(d) of the Bankruptcy Code.  *See* 11 U.S.C. § 1121(d) (permitting a court to extend exclusivity periods for "cause").  While the Debtors walk through various factors relevant to the exclusivity analysis in the Third Exclusivity Motion, the Committee highlights two factors of particular importance here.

---

[8]      *See Notice of Debtors' Entry Into Plan Sponsor Agreement* [Docket No. 2759], Ex. A (the "**Fahrenheit PSA**") § 4.

[9]      Third Exclusivity Mot. ¶ 5.

[10]     *Id.* ¶ 4; *see also* Fahrenheit PSA § 4.

8.      *First*, the Debtors have made substantial progress in these chapter 11 cases and the requested extension is necessary under the circumstances.  The auction concluded at the end of May and resulted in a winning bid from Fahrenheit that increases the consideration available to creditors by potentially hundreds of millions of dollars.  The Debtors and the Committee have worked cooperatively and diligently to finalize and file the plan materials so that the disclosure statement hearing can occur in August.  Extending the exclusive solicitation period through September 29, 2023 is appropriate and necessary to allow the Debtors to complete solicitation, especially considering that solicitation will be extensive and complex in these cases with hundreds of thousands of account holders entitled to vote.

9.      *Second*, it would be value-destructive to allow any party other than the Debtors to solicit a plan at this time.  The Plan is agreed to by the Debtors, the Committee, and Fahrenheit, and the Committee will recommend to all account holders and general unsecured creditors that they vote to accept the plan.  The Plan also incorporates settlements with account holders holding Custody and Withhold claims, which the Committee expects will result in those classes of claims voting to accept the Plan.

10.     In addition, the Committee has spent significant efforts attempting to negotiate a proposed treatment for Borrow claims with the Ad Hoc Group of Borrowers.  Prior to the auction, the parties spent over a month discussing a potential settlement; however, they were unable to come to terms with respect to a deal that was acceptable to both sides and had a likelihood of being confirmed.  With no deal in place at the beginning of the auction despite protracted negotiations, the Debtors and Committee turned their focus to maximizing value for all creditors.  Following the auction, the Committee worked to develop a revised settlement proposal which was communicated to the Borrow group prior to the filing of the Plan.  The Committee has proposed a

5

mediation between the Borrow group and a group of active Earn creditors to attempt to bridge the gap.  Any settlement will have to balance the relative legal rights of Borrow and Earn creditors and pass regulatory scrutiny.  The Committee looks forward to engaging constructively on a path forward with the understanding that time is of the essence.

11.    Opening the door to allow parties other than the Debtors to attempt to solicit competing plans at this time would be counterproductive, and would unnecessarily lengthen the confirmation process and delay confirmation of the Plan.  It would also drive up administrative expenses in these chapter 11 cases and diminish recoveries to account holders and other general unsecured creditors.  The Court should extend the Debtors' exclusive solicitation period to ensure an orderly and value-maximizing confirmation process.  *See In re Adelphia Comm'cns Corp.*, 336 B.R. 610, 677 (Bankr. S.D.N.Y. 2006), *aff'd*, 342 B.R. 122 (S.D.N.Y. 2006) (preserving exclusivity when there was no "meaningful alternative[]" to the debtors' plan).

12.    Accordingly, the Committee respectfully submits that cause exists under section 1121(d) of the Bankruptcy Code to extend the Debtors' exclusive solicitation period through and including September 29, 2023.  The Committee therefore requests that the Court grant the Third Exclusivity Motion and grant such other and further relief as may be just and proper.

*[Remainder of page intentionally left blank]*

Dated: June 21, 2023
        New York, New York

Respectfully submitted,

*/s/ Aaron Colodny*

**WHITE & CASE LLP**
David M. Turetsky
Samuel P. Hershey
Joshua D. Weedman
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
Email: david.turetsky@whitecase.com
       sam.hershey@whitecase.com
       jweedman@whitecase.com

– and –

**WHITE & CASE LLP**
Michael C. Andolina (admitted *pro hac vice*)
Gregory F. Pesce (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone: (312) 881-5400
Facsimile: (312) 881-5450
Email: mandolina@whitecase.com
       gregory.pesce@whitecase.com

– and –

**WHITE & CASE LLP**
Keith H. Wofford
Southeast Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131
Telephone: (305) 371-2700
Facsimile: (305) 358-5744
Email: kwofford@whitecase.com

– and –

**WHITE & CASE LLP**
Aaron E. Colodny (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, California 90071
Telephone: (213) 620-7700
Facsimile: (213) 452-2329
Email: aaron.colodny@whitecase.com

*Counsel to the Official Committee of
Unsecured Creditors*