June 12, 2023

The Honorable Chief Judge Martin Glenn
United States Bankruptcy Court
Southern District of New York
Court Room #523
One Bowling Green
New York, New York 10004-1408

RECEIVED
JUN 20 2023
U.S. BANKRUPTCY COURT, SDNY

RE: *Celsius Network LCC, Case # 22-10964*

Dear Judge Glenn,

I write to respectfully request that the Court address an additional question of the Debtor in Possession. I will identify that question below, but first a little history is important.

I first wrote the Court on September 7, 2022. As a pro se claimant I respectfully requested the immediate release and return of my digital assets from Celsius Network, LCC. The letter speaks for itself so I will not belabor the points made in that letter which is in the Court's file.

I followed up the letter with a timely Proof of Claim seeking unliquidated damages as it remains my position that the assets in the Debtor's in Possession custody remain assets owned by me. To help expedite the return of my assets I voluntarily entered into the Settlement Agreement for accelerated return of some assets.

However, in light of the most recent developments in the case surrounding a possible change in the Debtor in Possession of such assets, I feel compelled to inquire as to whether the Court has been advised by the appropriate experts regarding the nature of ownership issues related to certain types of digital tokens being held outside the Settlement Agreement.

Due to the imminent arrival of **web3** it is my humble understanding that permissions for dapp access and movement of specific types of tokens from an asset owner's wallet will require certain approvals on the blockchain. Under **web3** most platforms relying on an asset owner seeking to deposit or transfer its tokens when clicking on "Transfer", "Deposit", or "Move" will issue a prompt to be answered by the owner confirming it is seeking approval of the transaction. In other words, token approvals will be necessary before the dapp or defi exchanges gain access to the tokens of the owner and can make the transfer on behalf of the owner. These key approvals will be performed by "validators" and "delegators" (auditors) on the blockchain. When the owner seeks approval to give access to a token the owner is consenting to the dapp or defi exchange to "call" the "transferFrom" function, which is one of the functions defined in the ERC-20 standard. What facilitates the security of this function is the fact that the owner's ownership is "EMBEDDED" in the token's code established at the time of the owner's token acquisition. My understanding is that under IRS regulations the ownership code can only change under a "Trade", "Sell" or "Buy" transaction. For the "validators" and "delegators" on the blockchain to approve such a transfer they will have to see in the code one of the required IRS transactions confirming the true ownership of the tokens. Otherwise, arguably the integrity of the decentralized transparent ledger of these

June 12, 2023

The Honorable Chief Judge Martin Glenn
United States Bankruptcy Court
Southern District of New York
Court Room 523
One Bowling Green
New York, New York 10004-1408

RE: Celsius Network LLC, et al. Case No. 22-10964

Dear Judge Glenn,

[illegible] Possession. I will address that question below but first a little history is important.

I first wrote the Court on November 7, 2022. As a pro se claimant I respectfully requested the immediate return of my digital assets from Celsius Network LLC. The letter speaks for itself so I [illegible] made in that letter which is on the Court's file.

I followed up the letter with a timely Proof of Claim seeking [illegible] damages as it remains my position that the assets in the Debtor's possession custody [illegible] assets owned by me. To help expedite the return of my assets I voluntarily entered into the Settlement Agreement for [illegible] return of some assets.

However, in light of the most recent developments in the case surrounding a possible change in the Debtor in Possession of such assets I feel compelled to inquire as to whether the Court has been advised by the appropriate experts regarding the nature of ownership issues related to certain types of digital tokens being held outside the Settlement Agreement.

Due to the immutable nature of web3 it is my humble understanding that prior to any [illegible] access and movement of specific types of tokens from an asset [illegible] will require certain [illegible] prompt to be answered by the owner confirming it is seeking approval of the transaction. In other words, token approvals will be necessary before the dapp or defi exchanges gain access to the token of the owner and can make the transfer [illegible]. These key approvals will be performed by the holder [illegible] approval or give access to a token the owner [illegible] consenting to the dapp or defi exchange [illegible] the [illegible] functions [illegible] ERC-20 [illegible] the security of this function is the fact that the owner's ownership is [illegible] established at the time of the owner's [illegible]. My understanding is that [illegible] the ownership [illegible] "Validators" and "delegators" [illegible] to approve such a transfer [illegible] will have [illegible] confirming the true ownership of the tokens. Otherwise [illegible] the integrity of the decentralized transparent ledger of the [illegible]

auditors and the blockchain will be in question and potentially destroyed. This is true for ERC-20 tokens. This mechanism of approve + transferFrom is not relevant for tokens that have been implemented under the EIP-3009 model (i.e. USDC stablecoin).

QUERY: Has the debtor in possession clarified to the Court's satisfaction how it intends to change ownership of the "captured tokens" it plans to hold from depositors while satisfying the required IRS regulations?

If this question has not been addressed, then I humbly suggest the debtor in possession could be "digging a deeper hole" at the expense of the token owners and the reputation of the Court.

Respectfully,

James W. Snider Jr. Esq. MBA, JD

Alabama - ASB0021 S81J
Georgia – 665768
Mississippi - 7671