# EXHIBIT 15

# TOKEN AND SECURITY TRADING POLICY
## OF
## CELSIUS NETWORK LIMITED

## I.    OVERVIEW

This Token and Security Trading Policy ("Policy") explains the responsibilities as a director, officer, employee, or contractor with an effective agreement of Celsius Network Limited ("Celsius") or any affiliated entity of Celsius Network Inc. (collectively, the "Company") related to the purchase and sale of CEL Tokens ("CEL") and to the purchase and sale of any other token or security that may be issued by the Company in the future and, as described below, the securities or tokens of certain other companies having a business relationship or other association with the Company.

Celsius has determined that it is in the best interest of the Company to implement a trading policy for CEL as set forth below.  As a result, anyone covered by this Policy (i) may not buy or sell CEL any other token or security issued by the Company while in possession of material non-public information about the Company that you learn in the course of your work at the Company, or (ii) pass any material non-public information to others who then buy or sell CEL or such other token or security.  Anyone who fails to follow this Policy may lose his or her job and be subject to criminal penalties.

## II.    APPLICATION OF POLICY

### Who is covered by this Policy?

This Policy applies to the following persons (collectively referred to as "Insiders"):

- all directors, officers and all other employees of the Company;
- all consultants, independent contractors, representatives and agents of the Company;
- members of the immediate families, and members of the households of the above persons as well as trusts, family foundations and entities affiliated with the above persons[1]; and
- any other persons designated by the Company as being subject to this policy on a temporary basis.

### What transactions are covered by this Policy?

This Policy applies to all transactions in CEL and any other tokens or securities the Company may issue from time to time, as well as to derivative securities or instruments relating to CEL or such other tokens or securities, whether or not created or issued by the Company or by any other party.

---

[1] For example, corporations, partnerships and other entities that a person covered by this policy owns or controls; trusts or foundations in which such person is a trustee or otherwise authorized to purchase or sell securities.

FOIA CONFIDENTIAL TREATMENT REQUESTED BY CELSIUS
SUBJECT TO JANUARY 13, 2023 STIPULATION

This Policy also covers tokens or securities of other companies having a business relationship or other association with the Company, including the Company's affiliates, customers, vendors, service providers or suppliers, or that are acquisition targets of the Company or otherwise identified from time to time by Celsius as being covered by this Policy.

## III.   DEFINITIONS

"**Non-public information**" is information with respect to the Company, CEL or any other tokens or securities covered by this Policy that is non-public (i.e., has not been publicly released), even if it is known by a number of people or is the subject of public speculation.  Information is non-public until it has been made generally available to CEL holders or to the holders of such other tokens or securities, as the case may be, or to the market place generally, usually by distribution of a press release or some other public communication, such as a blog posting, or in the case of a public security, through a filing with the Securities and Exchange Commission, and in any such case enough time has elapsed to permit the market to absorb and evaluate the information.  At a minimum, two full business days after the day information is released to the press or otherwise made available to the marketplace must pass before information is considered public.  It is important to note that information is not necessarily public merely because it has been discussed in the press or on a blog posting or chat channel that will sometimes report rumors or other speculative information or opinions.  You should presume that information is non-public unless you can point to its official release by the Company in at least one of the following ways:

- Information contained in publicly available documents filed by the Company with the applicable regulatory body;
- Issuance of press releases by the Company;
- Posting on the Company's website, its social media blog or other type of chat channel, or
- Meetings with management of the Company and members of the press and the public.

"**Material information**" is information that could affect the desirability, value, usage or functionality of a token or the market price of a security or, to a reasonable token holder or securities investor, would be considered important in deciding to buy, sell or hold the token or security, or would significantly alter the total mix of information about the issuing company in the marketplace.  Material information can be favorable or unfavorable.  Some examples of information that could be considered material include:

- significant mergers and acquisitions affecting the Company
- entry by the Company into or termination of material contracts or agreements
- major developments by the Company in new products or product lines
- recapitalization by the Company
- securities or token offerings by the Company
- the listing or delisting of CEL or any other token issued by the Company on any exchanges or other trading platforms or any trading halts, suspensions or disruptions with respect to CEL or such other token
- significant changes in management of the Company
- hacking or forking issues with respect to CEL or any other tokens issued by the Company

- liquidity problems with respect to the Company, CEL or any other tokens issued by the Company
- defaults by the Company or one or more of its counterparties under material agreements
- significant litigation or actions by regulatory bodies with respect to the Company, CEL or other tokens or securities issued by the Company
- material changes in sales and earnings estimates or actual sales and earnings of the Company
- any other events, activities or developments relating to CEL, any other tokens or securities issued by the Company, or to the Company's business plans or operations, including significant purchases and significant sales of CEL, other tokens, or other securities by the Company

The above is not intended to be an exhaustive list. Whether a reasonable investor or token holder would consider that any particular information is material depends on the specific circumstances at that time. A major factor in determining whether information is material is the effect that its disclosure would likely have the value of CEL, on the price of a security, or on the Company's financial condition, results of operations, or liquidity. If you are not certain if non-public information you have is material, you should treat it as if it was material, or you can contact Jeremie Beaudry at *jeremie.beaudry@celsius.network*.

Note: **The responsibility for determining whether an individual is in possession of material non-public information rests with that individual, and any action on the part of the Company, or any other employee or director pursuant to this Policy (or otherwise) does not in any way constitute legal advice or advice on whether or not to engage in any transaction, nor does it insulate an individual from liability under applicable laws.**

## IV.    TRADING PROHIBITION

No person covered by this Policy may engage in any transaction involving the purchase or sale of CEL, or any other token or security issued by the Company including any offer to purchase or offer to sell, during any period commencing with the date that such person possesses material non-public information concerning the Company, and ending on the second full business day following the date of public disclosure of that information, or at such time as such non-public information is no longer material.

In addition, no person covered by this Policy may pass material non-public information on to others who then trade CEL or any other token or security issued by the Company to which such information relates. Accordingly, persons covered by this Policy may not:

- Provide a tip to another about material, non-public information or recommend to anyone that they buy or sell CEL or any other token or security issued by the Company while in possession of material, non-public information about the Company, CEL or such other token or security;
- Give trading advice of any kind about the Company to anyone, whether or not such Insider is aware of material non-public information about the Company, except that Insiders should advise other Insiders not to trade if such trading might violate the law or this Policy;

CELSIUSNETWORK_01158905

- Provide material non-public information to family members, business acquaintances, friends, or anyone else, including employees of the Company unless they need the information to do their job; or
- Discuss material non-public information in public places, even on premises of the Company.

In addition, no person covered by this Policy may engage in any transaction involving the purchase or sale of another company's tokens or securities while in possession of material non-public information about such company when that information is obtained in the course of employment with, or the performance of services on behalf of, the Company and for which there is a relationship of trust and confidence concerning the information.

Note that these prohibitions do not apply to purchases of CEL from the Company or sales of CEL to the Company.

**Examples of Violations.** The following are examples of Policy violations:

- Buying or selling CEL or any other tokens or securities issued by the Company before the announcement of a material acquisition or project;
- Advising a family member that Celsius is about to enter into a material transaction or agreement;
- Buying stock or tokens of a company that Celsius plans to acquire or enter into a material transaction or relationship with, prior to public disclosure of the acquisition, transaction or relationship;
- Buying CEL or any other tokens or securities issued by the Company before the announcement of material favorable financial information or business developments; or
- Selling CEL or any other tokens or securities issued by the Company before the announcement of material unfavorable financial information or business developments.

The above is not intended to be an exhaustive list.  If you are not certain if any potential action or inaction on your part could constitute a Policy violation, you should treat it as if it would be, or you can contact Jeremie Beaudry at *jeremie.beaudry@celsius.network*.

## V.      OBLIGATION OF CONFIDENTIALITY

Material, non-public information must be held in strict confidence. This includes material non-public information regarding Celsius as well as material non-public information regarding another company learned through your work at, or association with, the Company. Material, non-public information may only be disclosed on a need-to-know basis within the Company as well as to outside advisors, such as attorneys and accountants working on the specific matter or transaction.  If you are in possession of any material, non-public information and you are not sure whether you can disclose such information pursuant to this paragraph, you can contact Jeremie Beaudry at *jeremie.beaudry@celsius.network*.

If you are aware of material non-public information at the time your association with the Company is terminated, whether by you or by the Company, you may not buy or sell CEL or any other token or security issued by the company until the information is no longer material or until two full business days after the information has become public.

FOIA CONFIDENTIAL TREATMENT REQUESTED BY CELSIUS
SUBJECT TO JANUARY 13, 2023 STIPULATION

Please be aware that the General Counsel and Chief Compliance Officer of the Company may from time to time notify its directors, officers and employees, as well as other Insiders, that trading will not be permitted by such persons during a specified period.

## VI.   PRE-CLEARANCE OF TRADES AND GIFTS BY EXECUTIVE OFFICERS AND DIRECTORS

All **executive officers and directors** of Celsius must refrain from buying and selling CEL in amounts more than $20,000 per day or $50,000 a week. Additionally, executive officers and directors must refrain from buying and selling any other token or security issued by the Company without first contacting the Company's General Counsel and obtaining pre-clearance to commence trading or such other token or security.

## VII.   INSIDER PROHIBITION ON SHORT SALE OF SECURITIES AND HEDGING TRANSACTIONS

No Insider may engage in transactions of a speculative nature at any time.  Insiders of Celsius are prohibited from engaging in short sales of CEL or of any other token or security issued by the Company and from trading in options (puts and calls) or other hedging instruments related to CEL or such other token or security.

In a *short sale,* the seller sells tokens or securities not owned by the seller in the hopes of buying the tokens or securities at a lower price in the future in order to earn a profit.

## VIII.   TRADING RESTRICTIONS TO MINIMIZE PRICE IMPACT & PREVENT WASH TRADE

All persons covered by this Policy have to comply with the following trading restrictions:

- CEL sales are limited to a size of up to 5% of the 3-day-average trading volume (CoinPaprika) per day
- CEL sales are limited to a price of up to 10% below the 3-day-average price (CoinPaprika)
- CEL sales are prohibited on Liquid unless approved by the General Counsel.

## IX.   ADMINISTRATION OF POLICY

The General Counsel is responsible for administration and interpretation of this Policy.

All officers and directors of Company, any employees receiving CEL as an element of their compensation, and such other key employees specified by the General Counsel, are required to sign the acknowledgment form provided at the end of this Policy to indicate that they have read and understand the Token and Security Trading Policy and agree to comply fully with all provisions.

FOIA CONFIDENTIAL TREATMENT REQUESTED BY CELSIUS
SUBJECT TO JANUARY 13, 2023 STIPULATION

CELSIUSNETWORK_01158908

**ACKNOWLEDGEMENT OF COMPLIANCE WITH
CELSIUS NETWORK LIMITED
TOKEN AND SECURITY TRADING POLICY**

I have read and understand the Token and Security Trading Policy of Celsius Network Limited which sets forth the obligations of directors, officers and employees of Celsius and its affiliates, as well as others, to maintain the confidentiality of important or sensitive information and refrain from trading tokens or securities on the basis of material, non-public information and from "tipping" others concerning such information.  I agree to adhere to the requirements set forth in the Token and Security Trading Policy.

Signature :_____

Print name: _____

Date: _____

FOIA CONFIDENTIAL TREATMENT REQUESTED BY CELSIUS
SUBJECT TO JANUARY 13, 2023 STIPULATION

CELSIUSNETWORK_01158909