Dear Judge Glenn,

I write to respectfully express my concerns regarding the objection filed by the legal counsel representing the Celsius UCC in response to Mr. Caceres' Pro Se motion (docket #2240). As a Celsius creditor holding CEL and various other coins/tokens, as well as an early CEL investor, I humbly request your attention to the following matters.

Firstly, it is with great concern that I observe what appears to be an unfair and unequal treatment of CEL token holders (comprising 56% of all creditors) in comparison to non-CEL holders. As a believer in fair and equitable treatment, I am compelled to voice my objections on behalf of myself and numerous CEL token holders who share similar apprehensions.

I respectfully submit that it is the responsibility of the UCC to ensure fair treatment for all creditors. Therefore, I firmly believe that the valuation of positions held in the Earn program, regardless of whether they are in CEL, BTC, or ETH, should be calculated based on the petition date valuation to ensure an impartial and just recovery for all parties involved.

Allow me to provide an illustrative example to better articulate my concerns:

Comparison of Portfolios:

|  | Example Portfolio A Holds BTC/ETH/USD | Example Portfolio B Holds CEL |
| --- | --- | --- |
| Valuation at petition date | USD 100,000 | USD 100,000 |
| UCC maximized recovery plan | USD 100,000 | USD 25,000 (approx.) |
| UCC planned additional loss | USD 0 | USD 75,000 (!) |

As the table demonstrates, the UCC's maximized recovery plan unfairly results in an additional loss of USD 75,000 for Celsius Network depositors who hold CEL, thereby favoring non-CEL depositors.

Furthermore, I respectfully question the classification of the CEL token as a security, as concluded by Aaron Colodny of White & Case. It is my understanding that the SEC has not declared the CEL token as such and given the ongoing lack of clarity regarding token classifications, I believe that this conclusion lacks substantiation at the present time. It is disheartening to perceive that CEL creditors are being penalized for their trust in Celsius Network to the benefit of non-CEL token depositors. CEL token owners (excluding insiders) have acted within the confines of the law, and it is my sincere belief that their claims should not be subordinated.

It is of utmost importance to me, as well as to all other CEL token creditors (excluding insiders), that we do not suffer secondary losses based on an unsubstantiated classification. The opinions expressed by Aaron Colodny of White & Case and the UCC regarding the CEL token classification fail to uphold the principles of fair treatment for all Celsius Network creditors. If these opinions were to prevail, significant secondary losses would be incurred by CEL token holders, which I find deeply concerning and unjustified.

In light of the above, I strongly object to the objection raised by the legal counsel representing the Celsius UCC in response to Mr. Caceres' Pro Se motion (docket #2240). It is deeply concerning to witness the unfair and unequal treatment of CEL token holders, which prompted my initial concerns. As a Celsius creditor and advocate for fair treatment, I firmly believe that the objection filed by the Celsius UCC fails to address the fundamental issues raised by Mr. Caceres and disregards the equitable treatment of CEL token holders.

I humbly request your careful consideration of this matter on behalf of myself and all CEL token holders who have placed their trust in Celsius Network as any other creditor would. It is my sincerest hope that you will ensure a fair and impartial resolution that upholds the principles of justice and equality, while recognizing the importance of protecting the rights and interests of CEL token holders.

Thank you for your attention to this important matter.

Sincerely,

Rolf Schenk
Celsius Creditor

Email: rolf.schenk@me.com
Phone: +41 (0) 78 778 1111 (Switzerland)