June 25, 2023
Re: Chapter 11 Case No. 22-10964

Dear Judge Martin Glenn, I'm a CEL token creditor in this Chapter 11 bankruptcy case, as well as a general Earn Creditor. I happen to be in most buckets, if not all buckets, meaning I'm an Earn Creditor, I'm a Loan creditor, I'm a CEL token creditor, and I'm also a non-pure Custody creditor, which means I have a unique perspective of things and can tell you without a doubt when I'm not being treated equitably.

Judge, I thought it would be necessary to let you know what cryptocurrency I have locked on the platform. I'll just use my 3 largest assets:

    1,648,118 CEL token
    745,558 MATIC
    16.93 Bitcoin against loans

Your Honor, the UCC has unilaterally decided to give me $0.20 per CEL token with no justification or reason; they simply did it based on what they believe: That retail CEL token holders like myself should get $0.20 for their claim and not petition date price because that's what they feel like giving us. And then in the same breath, the UCC, through their lawyers White & Case, have indicated that they will institute clawbacks for anyone that withdrew more than $100,000 up to 90 days prior to the Chapter 11 petition date filing. This is particularly relevant to me because I withdrew about 1 million MATIC within 90 days prior of the petition date when MATIC was trading at about $0.55, which means the UCC will go after me to claw back $550,000. (1,000,000 MATIC times $0.55=$550,000), while at the same time stealing over $1 million from me by devaluing my CEL token claims from $0.81 to $0.20.

Judge, how is it fair that the UCC, who represents me in this chapter 11 case, wants to give me the petition date price for my MATIC, $0.61, yet they don't want to give me petition date price for my CEL tokens, $0.81? The UCC cannot have it both ways; they can't say we'll give you petition date price for your MATIC but we won't give you petition date price for your CEL tokens. The law doesn't allow the UCC to cherry-pick which creditors to discriminate against. Bankruptcy law, which says "petition date price," was designed to avoid this kind of infighting amongst creditors. The fact that the fight is between the UCC and a portion of the creditors it represents (CEL token holders) makes it even more egregious. The ugly truth is the UCC who is supposed to be representing me is acting against my best interest and unilaterally devaluing my CEL token claim from $0.81 to $0.20 without negotiating with me and then tell you, Judge Glenn, that they had negotiations with creditors like myself. That is a flat-out lie. The UCC has never negotiated with us in any way, shape or form.

Judge, I will submit that the UCC is asking this court to engage in outright theft of CEL token creditors. Let's take my overall claim as an example and see what happens if you allow this blatant theft to take place in your courtroom and on your watch. My entire claim is worth about $2.1 million with all assets receiving petition date price, including 16.93 Bitcoin that I have against loans. My Cel token claim is worth $1,334,975 based on the $0.81 petition date price. If you allow the UCC to give me $0.20 instead of the petition date price of $0.81, then my CEL token claim is now only worth $329,623, which means the UCC would have stolen $1,005,351 from me in your courtroom. That is outright theft, and how can this court engage in theft.

Creditors like myself go to court to receive justice, not to have the judge engage in theft, which is what the UCC is asking you to engage in, Your Honor. I would submit that Your Honor has followed all laws in this case and has made sure that each creditor is represented fairly and equitably and that Your Honor will not endorse this blatant theft by ignoring bankruptcy law and subordinating their Creditiors' CEL token claims down to $0.20; that you, Your Honor, will follow the law and allow the petition date pricing of $0.81 for CEL token.

That $1,005,351 that the UCC is attempting to steal from me could be worth $10 million in a few years in the NewCo, which would mean the UCC, which is supposed to represent me, is stealing $10 million of potential future value from me, which is simply wrong.
In addition to the UCC stealing from me $1,005,351, the UCC is also stealing from me my voting power, since the higher your claim amount, the more voting power you have. There is no basis to reduce my voting power simply because the UCC wants to reduce CEL token holders' like myself overall claim.

So, Your Honor, just taking my case, the UCC wants to claw back my 1 million MATIC that I withdrew within 90 days prior to the petition date, yet in the same breath they're attempting to steal over $1 million from me in your courtroom. Where am I supposed to get the money to pay back my clawback amount when they're stealing it? I cannot pay my clawback amount because the UCC is stealing that money through the court. If I got my $0.81 petition date price for CEL token, then I'm able to pay back the amount that I'm being clawed back. Once again, bankruptcy law was designed specifically to address this kind of infighting, and I don't understand why the UCC is even doing this to creditors it has a fiduciary duty to represent.

It is said in the legal community that the judge is a God in his courtroom, and the Bible tells us that God is just and fair at all times. I don't have anyone else to appeal to on planet earth besides you, Judge Glenn, since you are a God in your courtroom; you sit in place of God in that courtroom, and I would simply ask you to please not allow the UCC to steal over $1 million from me through their blatant lies. This would be grossly unfair and I simply don't see you doing that, Judge Glenn.

I would also like to add that in the Voyager bankruptcy case, VGX, which is the Voyager token, was given petition date pricing by Judge Wiles, your colleague, and VGX was claimed to be a security by the SEC. So the UCC is also asking you to ignore a precedent that has been set in the VGX case by your colleague Judge Wiles. I also submit if we don't get $0.81, then we should have our own ad hoc group paid for by the estate because the UCC simply does not represent CEL token holders in any way, shape or form. The law firm representing Voyager is Kirkland & Ellis, the same Kirkland & Ellis that represents Celsius. It's shameful that in the Voyager VGX case Kirkland & Ellis is arguing for petition date price but in the Celsius case, by virtue of their silence, they're agreeing with the UCC and arguing not to give petition date price. You simply cannot have it both ways.

In conclusion, Judge, I'm simply asking you to please follow the law, and the law says petition date price for all assets.

Regards,
Celsius Creditor Otis Davis