Subject: Request for Equitable Treatment of CEL Token Creditors in Chapter 11 Case No. 22-10964

Dear Judge Martin Glenn,

As a CEL token creditor and general Earn Creditor in the Chapter 11 bankruptcy case mentioned above, I am writing to bring to your attention a matter of equity that requires your consideration.

Your Honor, I currently have CEL tokens locked up in the platform, and it has come to my attention that the UCC (Unsecured Creditors Committee) has unilaterally decided to assign a value of $0.20 per CEL token without providing any justification or reasoning behind their decision. This selective treatment disregards the principle of fair treatment for all creditors, including retail CEL token holders such as myself, who are being offered $0.20 for their claims instead of the petition date price.

Bankruptcy law, which mandates the use of "petition date price" for asset valuation, was designed precisely to prevent conflicts among creditors. However, the UCC, which is meant to represent my interests, is acting against my best interest by unilaterally devaluing my CEL token claim from $0.81 to $0.20 without engaging in negotiations or consultations with affected creditors like myself. Contrary to their claims, the UCC has never engaged us in any form of negotiation or discussion.

Your Honor, I firmly believe that you have diligently upheld the law throughout this case, ensuring fair and equitable treatment for all creditors involved. Therefore, I humbly request your intervention to prevent this blatant violation of bankruptcy law. Please uphold the principle of petition date pricing and allow the valuation of CEL tokens at $0.81.

Furthermore, I would like to highlight the Voyager bankruptcy case, wherein Judge Wiles, your esteemed colleague, assigned petition date pricing to VGX, the Voyager token, despite it being classified as a security by the SEC. The UCC is now requesting that you overlook this established precedent set by Judge Wiles in the VGX case. In light of this inconsistency, I propose that if we are not granted the valuation of $0.81, an ad hoc group, funded by the estate, should be established to represent CEL token holders. It is evident that the UCC does not effectively represent our interests in any way. Notably, Kirkland & Ellis, the law firm representing Voyager, also represents Celsius. It is disheartening that while Kirkland & Ellis argues for petition date pricing in the Voyager VGX case, they remain silent in the Celsius case, thereby supporting the UCC's stance against petition date pricing. This double standard is unacceptable.

In conclusion, Judge, I kindly request that you adhere to the law, which clearly dictates the use of petition date pricing for all assets. Your commitment to fairness and equity is greatly appreciated. Should you grant our request, it would restore confidence in the integrity of the bankruptcy process and ensure that all creditors are treated justly.

Thank you for your attention to this matter. I trust in your wisdom and impartial judgment.

Sincerely,

Nithin Eapen