Subject: Urgent Appeal for Fair Treatment of CEL Token Creditors in Chapter 11 Case No. 22-10964

Dear Judge Martin Glenn,

I hope this email finds you in good health. As a creditor holding CEL tokens and representing the interests of general Earn Creditors in the Chapter 11 bankruptcy case mentioned above, I am writing to bring a matter of utmost importance to your attention—our plea for equitable treatment.

Your Honor, I am deeply concerned about the recent decision made by the Unsecured Creditors Committee (UCC) to assign a value of $0.20 per CEL token without providing any justification or explanation for this choice. This arbitrary treatment undermines the fundamental principle of fair treatment for all creditors, particularly retail CEL token holders like myself, who are being offered only $0.20 instead of the petition date price for our claims.

Bankruptcy law was specifically crafted to prevent conflicts among creditors by mandating the use of "petition date price" for asset valuation. Regrettably, the UCC, entrusted with safeguarding our interests, has unilaterally devalued our CEL token claims from $0.81 to $0.20, without engaging in any meaningful negotiations or consultations with the affected creditors. Contrary to their assertions, the UCC has never entered into discussions or negotiations with us.

Your Honor, I hold great confidence in your steadfast commitment to upholding the law and ensuring fair and equitable treatment for all parties involved in this case. Thus, I respectfully implore you to intervene and prevent this flagrant violation of bankruptcy law. I kindly request that you stand by the principle of petition date pricing, allowing the valuation of CEL tokens at $0.81.

Additionally, I would like to draw your attention to the Voyager bankruptcy case presided over by your esteemed colleague, Judge Wiles. In that case, despite VGX (the Voyager token) being classified as a security by the SEC, Judge Wiles established the precedent of petition date pricing. Curiously, the UCC is now urging you to disregard this established precedent. In light of this inconsistency, I propose that, if our request for a valuation of $0.81 is not granted, an ad hoc group funded by the estate should be established to effectively represent CEL token holders. It is abundantly clear that the UCC fails to adequately advocate for our interests. Notably, Kirkland & Ellis, the law firm representing Voyager, also represents Celsius. It is disheartening to witness Kirkland & Ellis arguing for petition date pricing in the Voyager VGX case while maintaining silence in the Celsius case, thereby aligning with the UCC's opposition to petition date pricing. Such a double standard is unacceptable and undermines the integrity of the proceedings.

In conclusion, Judge, I humbly urge you to uphold the law, which unequivocally dictates the use of petition date pricing for all assets. Your unwavering commitment to fairness and equity is deeply appreciated. Granting our request would not only restore faith in the integrity of the bankruptcy process but also ensure that all creditors receive just treatment.

Thank you for your utmost consideration of this matter. I have complete faith in your wisdom and impartial judgment.

Sincerely,

Priyanka Joseph