UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: ) | Chapter 11 |
| ) |  |
| CELSIUS NETWORK LLC, *et al.*,[1] ) | Case No. 22-10964 (MG) |
| ) |  |
| Debtors. ) | (Jointly Administered) |
| ) |  |

### ORDER (I) AUTHORIZING THE SALE
### OF OSPREY BTC SHARES AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), authorizing, but not requiring the Debtors to sell the Osprey BTC Shares to Anax, all as more fully set forth in the Motion; and upon the Ferraro Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing thereon were appropriate

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are : Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] Capitalized terms used but not defined herein have the meanings given to such terms in the Motion.

under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing (the "Hearing") before this Court; and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. Pursuant to sections 105(a) and 363 of the Bankruptcy Code and Bankruptcy Rule 6004, the Debtors are authorized, but not directed, in their reasonable business judgement, to sell the Osprey BTC Trust to Anax pursuant to the terms of the Proposed Transaction.

3. The Debtors have demonstrated sufficient basis to enter into the Proposed Transaction and sell the Osprey BTC Shares for the proposed purchase price, and such actions are appropriate exercises of the Debtors' business judgment and in the best interests of the Debtors, their creditors, their estates and other parties in interest. The Proposed Transaction is fair and reasonable, and the proposed purchase price constitutes reasonably equivalent value, fair consideration, and fair value for the Osprey BTC Shares under the Bankruptcy Code, the Uniform Fraudulent Transfer Act, the Uniform Voidable Transactions Act, and other similar laws.

4. The Proposed Transaction was negotiated, proposed, and entered into by the Debtors and Anax without collusion, in good faith, and from arm's-length bargaining positions. Neither the Debtors nor Anax has engaged in any conduct that would cause or permit the Proposed Transaction to be avoided, or costs or damages to be imposed, under section 363(n) of the Bankruptcy Code.

5. The Proposed Transaction is undertaken by Anax in good faith, as that term is used in section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification of the

authorization provided herein to consummate the Proposed Transaction shall not affect the validity of the transaction to Anax unless such authorization is duly stayed prior to its closing. Anax is a buyer in good faith of the Osprey BTC Shares and is entitled to all of the protections afforded by section 363(m) of the Bankruptcy Code.

6.  Pursuant to sections 105(a), 363(b), and 363(f) of the Bankruptcy Code, upon of the Proposed Transaction, the Osprey BTC Shares shall be transferred to Anax free and clear of any and all liens, claims and interests of any kind or nature whatsoever, including any such rights or claims based on any putative successor or transferee liability.

7.  The transfer of the Osprey BTC Shares to Anax shall constitute a legal, valid, and effective transfer of the Osprey BTC Shares at the closing of the Proposed Transaction and, on the date of such closing, shall vest Anax with all of the Debtors' rights, title and interests in the Osprey BTC Shares free and clear of all liens, claims and interests of any kind or nature whatsoever.

8.  Neither Anax nor any of its affiliates are successors to the Debtors or their estates by reason of any theory of law or equity, and neither Anax nor any of its affiliates shall assume or in any way be responsible for any liability or obligation of any of the Debtors and/or their estates. The transfer of the Osprey BTC Shares to Anax does not and will not subject Anax to any liability whatsoever with respect to the Debtors or the operation of the Debtors' businesses on any theory of liability, including, without limitation, successor, fraudulent transfer or avoidance, or other applicable law, rule, or regulation, or other theory of liability whatsoever, whether legal, equitable, or otherwise.

9.  Notwithstanding anything to the contrary in the Motion, this Order, or any findings announced at the Hearing, nothing in the Motion, this Order, or announced at the Hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions

involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis are expressly reserved.

10. Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

11. Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

12. To the extent the provisions of this Order are inconsistent with the Motion, the provisions of this Order shall control.

13. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

14. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**IT IS SO ORDERED.**

Dated:  June 28, 2023
         New York, New York

                                    /s/ Martin Glenn
                                    MARTIN GLENN
                                    Chief United States Bankruptcy Judge