**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**AMENDED STIPULATION AND AGREED ORDER**
**BETWEEN THE COMMITTEE OF UNSECURED CREDITORS**
**AND THE DEBTORS REGARDING CONVERSION OF ALTCOINS**

This stipulation and agreed order (this "Stipulation and Order") is entered into this 27th day of June, 2023, by and among the above-captioned debtors and debtors in possession (collectively, the "Debtors") and the official committee of unsecured creditors (the "Committee" and, together with the Debtors, the "Parties").

**WHEREAS,** on July 13, 2022 (the "Petition Date"), each of the Initial Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and certain first day motions requesting various operational relief, including to continue operating their cash management system. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956) (collectively, the "Initial Debtors"); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450) (collectively, the "GK8 Debtors"). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

**WHEREAS**, on July 27, 2022, the United States Trustee appointed the Committee, comprised of seven account holders of the Debtors [Docket No. 241];

**WHEREAS**, on October 21, 2022, the Bankruptcy Court entered the *Final Order (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (D) Continue to Perform Intercompany Transactions, (II) Granting Superpriority Administrative Expense Status to Postpetition Intercompany Balances, and (III) Granting Related Relief* [Docket No. 1152] (the "Cash Management Order"), that, among other things, authorized the Debtors to continue to maintain and manage their cryptocurrency in the ordinary course of business and provided that the Debtors may convert cryptocurrency from one type of cryptocurrency to another type of cryptocurrency with the "consent from the Committee, with notice to the U.S. Trustee, or pursuant to a further order of this Court after notice and a hearing";

**WHEREAS**, on November 2, 2022, the Bankruptcy Court entered the *Joint Stipulation and Agreed Order Between the Debtors and the Committee With Respect to Cryptocurrency Security* [Docket No. 1265] (the "Security Stipulation"), that, among other things, established a security framework for the Debtors with respect to management of cryptocurrency assets;

**WHEREAS**, the Debtors are preparing to file an amended *Joint Chapter 11 Plan of Reorganization of Celsius Network LLC and Its Debtor Affiliates* (as may be amended, supplemented, or modified from time to time, the "Plan") and disclosure statement in the coming weeks that would, following confirmation, result in the Debtors making certain distributions of cryptocurrency to creditors;

**WHEREAS**, the Debtors have been in regular dialogue with the Securities and Exchange Commission (the "SEC") and certain state regulatory agencies regarding the proposed distribution

of cryptocurrency under the Plan to ensure that all such distributions are in full compliance with applicable federal and state laws and regulations.

**WHEREAS**, in light of recent discussions with the SEC and similar state regulatory agencies and regulatory developments in the digital asset industry, and to ensure that the Debtors are able to make distributions pursuant to their proposed Plan in a manner that complies with applicable laws and regulations, the Parties now jointly submit this Stipulation and Order and respectfully request the Court's approval.

**IT IS THEREFORE STIPULATED AND AGREED, AND UPON BANKRUPTCY COURT APPROVAL HEREOF, IT IS HEREBY ORDERED THAT:**

1. In compliance with paragraph 4 of the Cash Management Order and this Stipulation and Order, the Debtors, in consultation with the advisors to the Committee, may sell or convert any non-BTC and non-ETH cryptocurrency, crypto tokens, or other cryptocurrency assets *other than* such tokens that are associated with Withhold or Custody accounts (collectively, the "Altcoins") to BTC or ETH commencing on or after July 1, 2023 and ending prior to the effective date of the Plan. For the avoidance of doubt, such sale or conversion shall not alter any creditor's claim against the Debtors.

2. The Debtors shall use commercially reasonable efforts to maximize the value of the Altcoins to be sold or converted to BTC or ETH.

3. Out of an abundance of caution, and without admitting the status of any particular token as a security under U.S. securities laws, the Debtors intend to sell or convert such tokens in compliance with applicable exemptions to U.S. securities laws, including SEC Rule 144 for tokens held by the Debtors for more than one year. The Debtors will also make applicable state law "blue sky" filings with respect to any such sales that require such state filings.

4. The Debtors' Plan will include provisions governing the distribution of the Debtors' cryptocurrency to creditors (which, for the avoidance of doubt, will be limited to BTC and ETH except in limited circumstances as further set forth in the Plan), and all parties in interest will receive notice of the Plan and the deadline to object to confirmation of such Plan.

5. For the avoidance of doubt, the Cash Management Order and the Security Stipulation shall continue to govern the Debtors' management and storage of their cryptocurrency.

6. The Debtors shall continue to file a monthly "Budget and Coin Report" on the docket as required by the Cash Management Order and the *Stipulation and Agreed Order Regarding Framework for the Distribution of the Debtors' Reporting Information to the Committee* [Docket No. 969], which will serve as monthly updates on the amount of Altcoins converted to BTC and/or ETH.

7. Notwithstanding anything to the contrary in this Stipulation and Order, or any findings announced at the applicable hearing (the "Hearing"), nothing in this Stipulation and Order, or announced at the Hearing, constitutes a finding under the federal securities laws as to whether crypto assets or transactions involving crypto assets are or are not securities or transactions involving securities, and the right of the SEC to challenge transactions involving crypto assets on any basis is expressly reserved.

8. The Parties are authorized to take all actions necessary to effectuate the relief set forth in this Stipulation and Order.

9. Nothing in this Stipulation and Order, whether express or implied, shall be construed to give to any person or entity other than the Parties any legal or equitable right, remedy, interest, or claim under or in respect of this Stipulation and Order.

10. This Stipulation and Order represents the Parties' mutual understandings and

supersedes all prior agreements whether in oral or written form.

11. Each of the Parties to this Stipulation and Order represents and warrants it is duly authorized to enter into and be bound by this Stipulation and Order.

12. This Stipulation and Order may be executed in identical counterparts, including by facsimile and/or electronic mail, each of which shall be deemed an original, but all of which together constitute one and the same instrument.

13. This Stipulation and Order shall be effective and enforceable immediately upon entry.

14. The Court retains jurisdiction with respect to any disputes arising from or other actions to interpret, administer, or enforce the terms and provisions of this Stipulation and Order, and the Parties hereby consent to such jurisdiction to resolve any disputes or controversies arising from or related to the implementation of this Stipulation and Order.

**IT IS SO ORDERED.**

Dated:  June 30, 2023
              New York, New York

                                                                    **/s/ Martin Glenn**
                                                                    MARTIN GLENN
                                                                    Chief United States Bankruptcy Judge

**IN WITNESS WHEREOF**, the Parties, by their respective authorized counsel, have executed this Stipulation and Order as of the date written below:

Dated: June 27, 2023

| | |
|---|---|
| By: */s/ Aaron E. Colodny* | */s/ Joshua A. Sussberg* |
| **THE COMMITTEE** | **THE DEBTORS** |
| **White & Case LLP** | **Kirkland & Ellis LLP** |
| David M. Turetsky | **Kirkland & Ellis International LLP** |
| Samuel P. Hershey | Joshua A. Sussberg, P.C. |
| Keith H. Wofford | 601 Lexington Avenue |
| 1221 Avenue of the Americas | New York, New York 10022 |
| New York, New York 10020 | Telephone: (212) 446-4800 |
| Telephone: (212) 819-8200 | Facsimile: (212) 446-4900 |
| Facsimile: (212) 354-8113 | Email: joshua.sussberg@kirkland.com |
| Email: david.turetsky@whitecase.com | |
| sam.hershey@whitecase.com | - and - |
| kwofford@whitecase.com | |
| | Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*) |
| – and – | Ross M. Kwasteniet, P.C. (admitted *pro hac vice*) |
| | Christopher S. Koenig |
| Michael C. Andolina (admitted *pro hac vice*) | Dan Latona (admitted *pro hac vice*) |
| Gregory F. Pesce (admitted *pro hac vice*) | 300 North LaSalle Street |
| 111 South Wacker Drive, Suite 5100 | Chicago, Illinois 60654 |
| Chicago, Illinois 60606 | Telephone: (312) 862-2000 |
| Telephone: (312) 881-5400 | Facsimile: (312) 862-2200 |
| Facsimile: (312) 881-5450 | Email: patrick.nash@kirkland.com |
| Email: mandolina@whitecase.com | ross.kwasteniet@kirkland.com |
| gregory.pesce@whitecase.com | chris.koenig@kirkland.com |
| | dan.latona@kirkland.com |
| – and – | *Counsel to the Debtors and Debtors in Possession* |
| | |
| Aaron E. Colodny (admitted *pro hac vice*) | |
| 555 South Flower Street, Suite 2700 | |
| Los Angeles, California 90071 | |
| Telephone: (213) 620-7700 | |
| Facsimile: (213) 452-2329 | |
| Email: aaron.colodny@whitecase.com | |
| | |
| *Counsel to the Official Committee of Unsecured Creditors* | |