**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*, | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**ORDER DENYING MOTIONS OF SEAN ST. JOHN AND SANTOS CACERES**
**SEEKING TO DOLLARIZE NON-INSIDER**
**CEL TOKEN CLAIMS AT THE PETITION DATE PRICE**

Pending before the Court is the *Motion for Entry of an Order (I) to Dollarize Non-Insider CEL Token Claims at the Petition Date Price of $0.81565; If Otherwise, (ii) Request the Debtors to Submit Evidence Supporting Inequitable Treatment of Unsecured Creditors in the Earn Group; and (iii) Granting Related Relief* filed by Sean St. John, a *pro se* creditor in the above-captioned debtors ("Debtors" or "Celsius"). ("St. John Motion," ECF Doc. # 2216.) Also pending before the Court is the *Second Amended Motion for Entry of an Order (i) to Dollarize Non-Insider CEL Token Claims at the Petition Date Price of $0.81565; If Otherwise, (ii) Request the Debtors to Submit Evidence Supporting Inequitable Treatment of Unsecured Creditors in the Earn Group; and (iii) Granting Related Relief* filed by *pro se* creditor Santos Caceres (the "Caceres Motion," ECF Doc. # 2240, and together with the St. John Motion, the "Motions"). The Motions argue that any claims that creditors may have against the Debtors' estates for CEL Token—a type of cryptocurrency issued by the Debtors—should be valued at approximately $0.81 per CEL Token, which was the token's trading price on the date the Debtors filed for bankruptcy (the "Petition Date").

The official committee of unsecured creditors ("Committee") filed an objection to the Motions ("Committee Objection," ECF Doc. # 2840), and the Debtors joined in the

1

Committee Objection (*see* "Debtors' Joinder," ECF Doc. # 2846).  The Committee Objection raised the issue of whether CEL Token is a security.  The Committee, in support of the position that CEL Token is a security, argued that any claims for the value of CEL Token would be subordinated to claims of unsecured creditors under section 510(b) of the Bankruptcy Code.

The Court held a hearing on the Motions on June 28, 2023 (the "Hearing").  For the reasons discussed at the Hearing, the Motions are premature.  The value ascribed to CEL Token and whether CEL Token is a security are both issues properly considered during the plan confirmation or claims objections processes.

Accordingly, the Motions are **DENIED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

Dated:   July 5, 2023
         New York, New York

                                        */s/ Martin Glenn*
                                        MARTIN GLENN
                                        Chief United States Bankruptcy Judge