GODFREY & KAHN, S.C.
1 East Main Street
Madison, Wisconsin 53701
Telephone: (608) 257-3911
Facsimile: (608) 257-0609

Katherine Stadler

*Attorneys for the Fee Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| **CELSIUS NETWORK, LLC**, *et al.*,[1] | : | Case No. 22-10964 (MG) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |

## SUPPLEMENTAL DECLARATION OF CHRISTOPHER S. SONTCHI IN CONJUNCTION WITH HIS <u>APPOINTMENT AS FEE EXAMINER</u>

STATE OF DELAWARE      )
                       ) ss.
COUNTY OF NEW CASTLE   )

Christopher S. Sontchi, being duly sworn and on oath, states that:

1. I am the Fee Examiner in these Chapter 11 cases, appointed pursuant to the *Order*

*Appointing Independent Fee Examiner and Establishing Related Procedures for the Review of*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Fee Applications of Retained Professionals* [Dkt. No. 1151] and the *Amended Order Appointing Independent Fee Examiner and Establishing Related Procedures for the Review of Fee Applications of Retained Professionals* [Dkt. No. 1746] (together, the "**Fee Examiner Order**").

2.  This Declaration supplements the *Declaration of Christopher S. Sontchi in Conjunction with His Appointment as Fee Examiner* [Dkt. No. 1117-1] (the "**Initial Declaration**").

3.  As of May 31, 2023, I concluded my affiliation with DelawareADR, LLC. Effective June 1, 2023, I have continued my alternative dispute resolution practice through Sontchi, LLC, of which I am the sole member. My experience and qualifications remain as stated in the Initial Declaration.

4.  As a single-member alternative dispute resolution entity, Sontchi, LLC is not a law practice, and I am not engaged in the practice of law. Further, rather than retention by private clients, Sontchi, LCC contracts directly with the parties to a dispute to provide alternative dispute resolution services. A mediator or other professional neutral may also be selected or appointed by a court or other adjudicative body, as in this case.

5.  Notwithstanding the above, to comply with the requirements of Federal Rule of Bankruptcy Procedure 2014, I performed, or caused to be performed, the following actions to identify for disclosure any parties relevant to this Declaration and these proceedings and to determine any Sontchi, LLC connection to each such party.

    A.  Sontchi, LLC has obtained a 50-page list of the names of individuals and entities (collectively, the "**Interested Parties**"), organized by category, that may have an interest in these cases. *See* Appendix A to the Initial Declaration (complete listing of Interested Parties); *see also Disinterestedness Declaration of Shoba Pillay* [Dkt. No. 921-1, Exhibit A].

2

   B. I reviewed the list of Interested Parties to ensure that none of the parties listed are currently involved in matters in which Sontchi, LLC serves as an alternative dispute resolution professional.

   C. Neither Sontchi, LLC nor I is currently employed by any of the Debtors or has been employed by any of the Debtors in at least five years.

  6. Neither Sontchi, LLC nor I has been employed by, or will be employed by, any party other than the Fee Examiner in connection with these proceedings.

  7. In my capacity as Bankruptcy Judge, I have encountered many of the bankruptcy professionals, non-bankruptcy advisors, and other Interested Parties in the courtroom in matters unrelated to these bankruptcy cases. A complete listing of those connections is not feasible, but I do not believe any impairs my disinterestedness in this matter.

  8. On May 30, 2023, I was appointed by the United States Bankruptcy Court for the District of New Jersey, Judge Michael B. Kaplan, to serve as mediator in the Chapter 11 proceedings of BlockFi, Inc. and affiliated debtors. The mediation is ongoing.

  9. Despite contacts with various interested parties—all in wholly unrelated matters—my approach to and review of the fee applications of such parties will be consistent with and subject to the same standards applicable to all other professionals.

  10. To the best of my knowledge, this Declaration discloses all connections between myself or Sontchi, LLC and the Interested Parties known to me as of today's date. Due to the size of the Debtors and the complexity of these cases, I cannot state with absolute certainty that, at this time, I have identified and disclosed every single connection with each Interested Party. However, I will promptly file supplemental disclosures of any such connections if any additional relevant information comes to my attention.

11. To the best of my knowledge and belief, insofar as I have been able to ascertain after reasonable inquiry:

   A. I do not hold or represent any interest adverse to the Debtors, the Debtor Affiliates, or their respective estates.

   B. Other than in my capacity as retired Bankruptcy Judge, I am not connected with the United States Trustee for Region 2, any persons employed by the United States Trustee's office for Region 2, or any Bankruptcy Judge for the Southern District of New York.

12. The Office of the U.S. Trustee has adopted *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (the "**UST Guidelines**"). 28 C.F.R. pt. 58, Appendix B. Though the UST Guidelines apply only to attorneys, the purpose of this paragraph is to disclose my responses to the questions in the UST Guidelines.

   A. I shall continue to apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Bankruptcy Rules, the terms of any other applicable procedures and orders of the Court. I will make a reasonable effort to comply with the U.S. Trustee's requests for information, both in connection with my appointment and any related applications and the interim and final fee applications to be filed by me or Sontchi, LLC in these cases.

   B. The following is provided in response to the request for additional information set forth in Paragraph D.1. of the UST Guidelines.

   **Question:** Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?

**Response:** No.

**Question:** Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case?

**Response:** No.

**Question:** If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition.  If your billing rates and material financial terms have changed post-petition, explain the difference and the reasons for the difference?

**Response:** Not applicable.

**Question:** Has your client approved your prospective budget and staffing plan, and, if so, for what budget period?

**Response:** Not applicable.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated this 5th day of July, 2023.

SONTCHI, LLC

*[signature]*

_____
Christopher S. Sontchi
celsiusfeeexaminer@gklaw.com
*Fee Examiner*

29396240.1