**Hearing Date and Time: July 18, 2023 at 10:00 a.m. (prevailing Eastern Time)**

GODFREY & KAHN, S.C.
1 East Main Street
Madison, Wisconsin 53701
Telephone: (608) 257-3911
Facsimile: (608) 257-0609

Katherine Stadler

*Attorneys for the Fee Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | x | |
| **In re** | : | **Chapter 11** |
| | : | |
| **CELSIUS NETWORK, LLC, *et al.*,[1]** | : | **Case No. 22-10964 (MG)** |
| | : | |
| Debtors. | : | **(Jointly Administered)** |
| | x | |

**FEE EXAMINER'S SUMMARY REPORT ON FEE REVIEW PROCESS AND SECOND INTERIM FEE APPLICATIONS SCHEDULED FOR UNCONTESTED HEARING ON JULY 18, 2023**

TO:    THE HONORABLE MARTIN GLENN
       UNITED STATES BANKRUPTCY JUDGE:

The Fee Examiner appointed in the above-captioned chapter 11 cases (the "Fee Examiner") submits this summary report (the "Summary Report") pursuant to the *Amended Order Appointing Independent Fee Examiner and Establishing Related Procedures for the Review of Fee Applications of Retained Professionals* [Dkt. No.1746 ] (the "Amended Fee Examiner Order"), and the *First Amended Order (I) Establishing Procedures for Interim*

---

[1]The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief* [Dkt. No. 1745] (the "First Amended Interim Compensation Order"), recommending the Court's approval of the interim fees and expenses outlined on the attached **Exhibit A**, as requested by the Retained Professionals[2] listed therein (the "Uncontested Applicants") and adjusted with their consent.  The Fee Examiner further requests that the Court defer consideration of the interim applications listed on the attached **Exhibit B,** either for the Court's consideration at the next uncontested fee hearing, or at a contested fee hearing separately scheduled for that purpose.

## PRELIMINARY STATEMENT

The Uncontested Applicants have reached agreement with the Fee Examiner, subject to the Court's approval, to resolve their applications for fees and expenses incurred during the "Second Interim Fee Period" (November 1, 2022 – February 28, 2023).  These negotiated resolutions are consistent with the principles and standards the Fee Examiner has developed and applied to each interim fee application.  The negotiated adjustments satisfy the Fee Examiner that the fees and expenses recommended for Court approval are both reasonable and necessary to the administration of these cases pursuant to 11 U.S.C. §330 and related authorities.

## BACKGROUND

1.      The details of the Fee Examiner's appointment and the fee review process were outlined in detail in the *Fee Examiner's Summary Report on Fee Review Process and First Interim Fee Applications Scheduled for Uncontested Hearing on April 18, 2023* [Dkt. No. 2387] (the "First Fee Examiner Summary Report") and will not be repeated here.

---

[2] Capitalized terms not otherwise defined shall have the meanings set forth in the Fee Examiner and Interim Compensation Orders.

## THE SECOND INTERIM FEE REVIEW PROCESS

2.      Most professionals filed applications for the Second Interim Fee Period on or around April 14, 2023, and began submitting fee and expense data pursuant to the Fee Protocol as outlined in the First Fee Examiner Summary Report.  The Fee Examiner's counsel immediately began importing the fee and expense information and communicating with Retained Professionals about any missing or improperly formatted items.

3.      Godfrey & Kahn reviewed the applications using the process outlined in detail in the First Fee Examiner Summary Report and issued Confidential Letter Reports between May 26 and May 29, 2023, once again inviting the Uncontested Applicants to respond to the issues identified.  With the consent of the Retained Professionals, copies of all letter reports and exhibits were provided to the U.S. Trustee.

4.      Counsel then communicated with each Uncontested Applicant, reviewed supplemental explanation or materials, discussed areas of concern, and engaged in constructive dialogue to address problems.

5.      Counsel summarized each professional's response, conducted additional analysis where necessary, and presented all Retained Professional responses to the Fee Examiner with explanations, summaries, and recommendations for each Uncontested Applicant.

6.      The Fee Examiner reviewed the Retained Professional responses and counsel's recommendations, conducted additional investigation where necessary, and ultimately approved each of the resolutions outlined on the attached **Exhibit A**.

## GENERAL OBSERVATIONS AND COMMON ISSUES

7.      The Fee Examiner continued to identify and quantify the issues outlined during the prior interim fee period, including the participation of *pro se* creditors and interested parties,

non-compensable time detail review, duplication of efforts, multiple attendance, and fee

guideline non-compliance. *See* First Fee Examiner Summary Report at ¶¶ 15-22.

## UNCONTESTED APPLICATIONS RECOMMENDED FOR COURT APPROVAL WITH ADJUSTMENTS

### DEBTOR PROFESSIONALS

*Voyager Litigation*

8.      In light of the Court's inquiry at the April 18, 2023 fee hearing, the Fee Examiner

investigated the circumstances surrounding the filing of the late Voyager proof of claim. *See* Tr.

April 18, 2023 at p.35, 3 – p.37, 9.

9.      The Fee Examiner explored the issue at length, speaking to groups both at Akin

Gump Strauss Hauer & Feld LLP ("Akin Gump") as conflicts counsel and at Kirkland & Ellis

LLP ("K&E") as lead Debtors' counsel.  The Fee Examiner also reviewed pleadings and

transcripts related to Akin Gump's and K&E's retention in these cases and to K&E's retention in

Voyager, as well as pertinent substantive pleadings and transcripts in the Voyager docket.

10.      It is not the Fee Examiner's role to opine on the merits or value of the Voyager

proof of claim or the bar date litigation that generated professional fees in these cases.  The Fee

Examiner's role is to evaluate fees actually incurred under the reasonableness factors outlined in

the Bankruptcy Code and related guidelines.  In light of those factors and under the unusual

circumstances presented here, the fees incurred in pursuit of the Debtors' Voyager claim do not

appear generally unreasonable.

11.      Nonetheless, to the extent that any professional's conduct—excusable or not—

amplified the professional fee burden on the Celsius estate, the firms have agreed to significant

fee adjustments to offset any arguably unnecessary costs.

***Kirkland & Ellis LLP***

12.    On April 15, 2023, K&E filed the *Second Interim Fee Application of Kirkland &
Ellis LLP and Kirkland & Ellis International LLP, Attorneys for the Debtors and Debtors in
Possession, for the Interim Fee Period from November 1, 2022 Through and Including February
28, 2023* [Dkt. No. 2469] (the "K&E Second Fee Application"), seeking $22,035,629.50 in fees
and $486,355.92 in expenses.

13.    During the Second Interim Fee Period, K&E continued to advise the Debtors on a
variety of complex matters, including continuing to ensure operational stability, litigating the
Earn, Withhold, and Custody account property of the estate issues, facilitating the sale of
Stablecoins and the GK8 assets, and negotiating the NovaWulf Plan Sponsor Agreement.

14.    In addition to the Voyager issue, the Fee Examiner's Confidential Letter Report
identified a number of areas of concern, including substantive regulatory work potentially
duplicative of the work of another firm.

15.    After an extensive exchange of information and discussion, K&E either
adequately explained questioned matters or agreed to fee and expense adjustments to offset them.
With respect to Voyager, in recognition of its role in the outcome—whether real or perceived—
K&E has agreed to a substantial adjustment to offset any arguably unnecessary fee burden on the
Celsius debtors.

16.    The Fee Examiner now recommends Court approval of the K&E Second Fee
Application, as adjusted and outlined on **Exhibit A**.

***Akin Gump Strauss Hauer & Feld LLP***

17.    On April 14, 2023, Akin Gump filed the *Second Interim Fee Application of Akin
Gump Strauss Hauer & Feld LLP as Special Litigation Counsel to the Debtors and Debtors in*

*Possession for Allowance of Compensation for Services Rendered and Reimbursement of*

*Expenses for the Period November 1, 2022 Through and Including February 28, 2023* [Dkt. No.

2446] (the "Akin Gump Second Fee Application"), requesting $4,884,132.60 in fees and

$61,571.97 in expenses.

18.    As the Debtors' special litigation counsel, Akin Gump continued to represent the

Debtors on specified significant and ongoing litigation matters, primarily in disputes with Jason

Stone, KeyFi, Inc., and Prime Trust LLC.  Akin Gump also expended more than 497 hours and

$550,000 in fees for work on the ultimately unsuccessful effort to submit a late proof of claim in

the Voyager Chapter 11 case.

19.    In addition to the Voyager issue, the Confidential Letter Report identified a

number of other issues, including apparently excessive time spent drafting routine pleadings,

paraprofessional work not properly delegated, and excessive time spent on fee application

matters.

20.    In response to the Confidential Letter Report, Akin Gump provided supplemental

information to address some of the Fee Examiner's concerns and accepted adjustments to fees to

offset the financial impact of others, including the Voyager issue.  With these adjustments, the

Fee Examiner now recommends Court approval of the Akin Gump Second Fee Application as

adjusted and outlined on the attached **Exhibit A**.

***Alvarez & Marsal North America, LLC***

21.    On April 14, 2023, Alvarez & Marsal North America, LLC ("A&M") filed the

*Second Application of Alvarez & Marsal North America, LLC as Financial Advisors for the*

*Debtors, for Interim Allowance of Compensation for Professional Services Rendered and*

*Reimbursement of Actual and Necessary Expenses Incurred from November 1, 2022 Through*

*and Including February 28, 2023* [Dkt. No. 2437] (the "<u>A&M Second Fee Application</u>"),

requesting $7,194,758.50 in fees and $17,746.65 in expenses.

22.     During the second interim fee period, A&M assisted the Debtors in, among other

things, "charting a path forward to a value-maximizing emergence from chapter 11," including

structuring the Plan Sponsor Agreement with NovaWulf.

23.     The Fee Examiner's Confidential Letter Report identified vague and/or block

billed time, potentially excessive time spent on litigation support, and time spent monitoring

other crypto bankruptcies.  A&M also incurred modest fees in pursuit of the Voyager claim.

A&M responded with sufficient additional detail to address some of the Fee Examiner's

concerns and agreed to the downward adjustment of its requested fees and expenses with respect

to others, including the Voyager issue.  The Fee Examiner is satisfied that the agreed adjustments

adequately address all identified issues and now recommends the approval of the A&M Second

Fee Application as adjusted and outlined on **<u>Exhibit A</u>**.

***Centerview Partners LLC***

24.     On April 14, 2023, Centerview Partners LLC ("Centerview") filed the *Second*

*Interim Fee Application of Centerview Partners LLC, as Investment Banker to the Debtors for*

*Allowance of Compensation and Reimbursement of Expenses for the Period November 1, 2022*

*Through February 28, 2023* [Dkt. No. 2466] (the "<u>Centerview Second Fee Application</u>"),

seeking $2 million in flat monthly fees and $2,195.04 in expenses.

25.     Retained pursuant to 11 U.S.C. §328(a), Centerview is exempt from many

traditional bankruptcy billing requirements.  *See* First Fee Examiner Summary Report at ¶¶ 44-

45.  Nonetheless, the Fee Examiner evaluates Centerview's fee applications to ensure that its fees

are consistent with those of comparable flat fee financial professionals and that its expenses comply with all applicable guidelines.

26.     During the second interim fee period, Centerview continued its marketing of the Debtors' retail platform, assisted with the selection of NovaWulf as the plan sponsor, launched a sale process for the Debtors' mining operations, and generally supported the Debtors in the preparation and review of bankruptcy court filings related to Centerview's engagement.

27.     The Fee Examiner's Confidential Letter Report identified a number of expense guideline issues of concern.  Centerview either provided supplemental detail supporting the expenses or agreed to their disallowance.

28.     Consistent with the modified section 330 reasonableness standard, *see id.*, the Fee Examiner verified that Centerview's bills conform with the timekeeping practices of similarly situated flat fee professionals.

29.     The Fee Examiner now recommends the Court's approval of the Centerview monthly flat fees and adjusted expenses incurred during the Second Interim Fee Period, as outlined on **Exhibit A**.

*A.M. Saccullo Legal, LLC*

30.     On February 27, 2023, the Court entered the *Order Pursuant to Section 327(e) of the Bankruptcy Code Authorizing the Retention and Employment of A.M. Saccullo Legal LLC as Special Counsel to the Debtors Effective as of December 1, 2022* [Dkt. No. 2142].

31.     The Debtors retained A.M. Saccullo Legal, LLC ("A.M. Saccullo") to represent them in *In re FTX Trading Ltd., et al*., Case No. 22-11068 (JTD) (Bank. D. Del. 2022) (the "FTX Chapter 11 Cases") and in pursuit of a possible role on the Official Committee of Unsecured Creditors in the FTX Chapter 11 Cases. *See id.*

32.     On April 14, 2023, A.M. Saccullo filed the *First Interim Application of A.M. Saccullo Legal, LLC [for] Compensation for Services and Reimbursement of Expenses Incurred as Special Counsel to the Debtors for the Period from December 1, 2022 Through February 28, 2023* (the "*A.M. Saccullo First Fee Application*") [Dkt. No. 2462], corresponding to the Second Interim Fee Period of the case.  A.M. Saccullo requests $63,845.00 in fees.

33.     The Fee Examiner's Confidential Letter Report identified potential duplication of efforts on the part of two senior timekeepers in monitoring the FTX docket.  In response to these observations, A.M. Saccullo provided additional explanation of its staffing model and agreed to modest deductions from requested fees.  With the negotiated adjustments outlined on **Exhibit A**, the Fee Examiner recommends Court approval of the A.M. Saccullo First Fee Application.

*Ernst & Young, LLP*

34.     On December 20, 2022, the Court entered the *Order (I) Authorizing the Retention and Employment of Ernst & Young LLP as Tax Compliance and Tax Advisory Services Provider, Effective as of July 13, 2022, and (II) Granting Related Relief* [Dkt. No. 1766].

35.     The Debtors retained Ernst & Young LLP ("E&Y") to advise on tax and compliance issues related to these restructuring proceedings. *See id.*

36.     On March 2, 2023, E&Y filed the *First Interim Fee Application of Ernst & Young LLP for Compensation for Services Rendered and Reimbursement of Expenses as Tax Compliance and Tax Advisory Services Provider for the Time Period July 13, 2022 Through October 31, 2022* (the "E&Y First Fee Application") [Dkt. No. 2170], requesting $778,680.00 in fees.

37.     On April 14, 2023, E&Y filed the *Second Interim Fee Application of Ernst & Young LLP for Compensation for Services Rendered and Reimbursement of Expenses as Tax*

*Compliance and Tax Advisory Services Provider for the Time Period November 1, 2022 Through February 28, 2023* (the "E&Y Second Fee Application") [Dkt. No. 2455], requesting $417,855.00 in fees.

38.    The Fee Examiner issued a consolidated Confidential Letter Report to E&Y addressing both the E&Y First and Second Fee Applications, identifying instances of block billing and transitory timekeepers.  The Fee Examiner also noted that E&Y failed to include $105,000 in fixed fees for 2021 compliance work in its fee application.  E&Y provided adequate explanation for some issues identified and accepted the Fee Examiner's proposed adjustments for others.  E&Y also agreed to supplement the record with an interim fee application requesting the previously omitted compliance fees.  With the negotiated adjustments outlined on **Exhibit A**, the Fee Examiner recommends Court approval of the E&Y First and Second Fee Applications.

### OFFICIAL COMMITTEE OF UNSECURED CREDITORS' PROFESSIONALS

*White & Case, LLP*

39.    On April 14, 2023, White & Case LLP ("White & Case") filed the *Second Interim Fee Application of White & Case LLP for Compensation for Services Rendered and Reimbursement of Expenses as Counsel to the Official Committee of Unsecured Creditors for the Period from November 1, 2022 Through February 28, 2023* (the "White & Case Second Fee Application") [Dkt. No. 2457], requesting $14,436,734.50 in fees and $114,138.95 in expenses.

40.    During the second interim period, White & Case continued to support the UCC by communicating with general unsecured creditors and advising the UCC on various matters in these cases, including the GK8 sale, the bidding process for other assets, the amended bar date and claims process, and CEL token securities issues.  White & Case played a significant role in the evidentiary hearing regarding appropriate treatment of various account types.

41.     The Fee Examiner's Confidential Letter Report identified some White & Case professionals with apparently minimal involvement during the First Interim Fee Period or whose time entries did not comply with the guidelines. The Fee Examiner also identified minor non-compensable expenses. White & Case adequately explained the roles of some questioned timekeepers and agreed to the disallowance of fees for others.  White & Case accepted the Fee Examiner's proposed adjustments for guideline violations and agreed to the disallowance of all questioned expenses. With the negotiated adjustments outlined on **Exhibit A**, the Fee Examiner recommends Court approval of the White & Case Second Fee Application.

*M3 Advisory Partners, LP*

42.     On April 14, 2023, M3 Advisory Partners, LP ("M3") filed the *Second Interim Fee Application of M3 Advisory Partners, LP for Compensation for Services Rendered and Reimbursement of Expenses as Financial Advisor to the Official Committee of Unsecured Creditors for the Period of November 1, 2022, through February 28, 2023* (the "M3 Second Fee Application") [Dkt. No. 2459], requesting $4,232,541.00 in fees and $9,318.57 in expenses.

43.     During the Second Interim Fee Period, M3 analyzed and reported to the UCC on the Debtors' financial information and restructuring proposals.  In addition, M3 attended the meetings of creditors and continued its analysis of potential avoidance claims.

44.     The Fee Examiner's Confidential Letter Report questioned the time entries of several M3 timekeepers that attended court hearings but did not participate, and isolated time entries that did not comply with the guidelines or were insufficiently detailed. The Fee Examiner also identified minor non-compensable expenses.  M3 either provided explanation for the participation of apparently duplicative timekeepers or agreed to the disallowance of their fees and accepted the disallowance of non-compensable expenses.  With these negotiated

adjustments, the Fee Examiner recommends the M3 Second Fee Application for approval as outlined on **Exhibit A**.

*Perella Weinberg Partners LP*

45.     On April 14, 2023, Perella Weinberg Partners LP ("PWP") filed the *Second Interim Fee Application of Perella Weinberg Partners LP for Compensation for Services Rendered and Reimbursement of Expenses as Investment Banker to the Official Committee of Unsecured Creditors of Celsius Network, LLC, et al., for the Period of November 1, 2022 through February 28, 2023* (the "PWP Second Fee Application") [Dkt. No. 2456], requesting $400,000.00 in flat monthly fees and $76,270.73 in expenses.

46.     Retained pursuant to 11 U.S.C. §328(a), PWP is exempt from many bankruptcy billing requirements.  *See* First Fee Examiner Summary Report at ¶¶ 60-61.  Nonetheless, the Fee Examiner evaluates PWP's fee applications to ensure that fees are consistent with those of comparable flat fee financial professionals and that requested expenses comply with all applicable guidelines.

47.     During the second interim period, PWP continued its work analyzing the Debtors' finances and operations, communicating with and advising the UCC and its other professionals, attending hearings and committee meetings, and analyzing reorganization scenarios.

48.     The Fee Examiner's Confidential Letter Report identified minor expense guideline issues necessitating adjustment or disallowance, to which PWP has agreed.  Consistent with the modified section 330 reasonableness standard outlined in the PWP Retention Order, *see id.*, the Fee Examiner reviewed PWP's summary task descriptions and time records, confirming that they conform with the timekeeping practices of similarly situated flat fee professionals.

49.     The Fee Examiner recommends the Court's approval of the PWP monthly flat fees and adjusted expenses incurred during the Second Interim Fee Period, as outlined on **Exhibit A**.

***Elementus, Inc.***

50.     On April 14, 2023, Elementus Inc. ("Elementus") filed the *Second Interim Fee Application of Elementus Inc. for Compensation for Services Rendered and Reimbursement of Expenses as Blockchain Forensics Advisor to the Official Committee of Unsecured Creditors of Celsius Network LLC, et. al., for the Period of November 1, 2022 through February 28, 2023* (the "Elementus Second Fee Application") [Dkt. No. 2464], requesting $1,295,580.00 in fees and $193,975.70 in expenses.

51.     As blockchain forensics advisor to the UCC, Elementus continued analyzing the Debtors' on-chain flow of funds and tracing intercompany transfers and transfers to insiders and other parties. Elementus also reconciled all on-chain transactions and produced written reports illustrating its findings.

52.     The Fee Examiner's Confidential Letter report to Elementus identified a few billing errors and incomplete task descriptions, for which Elementus ultimately agreed to the Fee Examiner's requested disallowances or adequately addressed the Fee Examiner's concerns.  With the negotiated adjustments, the Fee Examiner recommends Court approval of the Elementus Second Fee Application as adjusted and outlined on **Exhibit A**.

***Gornitzky &Co.***

53.     On December 20, 2022, the Court entered the *Order Authorizing the Employment and Retention of Gornitzky & Co. as Israeli Counsel Effective as of November 2, 2022* [Dkt. No. 1760].

54.     The UCC retained Gornitzky & Co. ("Gornitzky") as Israeli counsel to work on the GK8 asset sale and any other Israel-related matters. *See id.*

55.     On April 21, 2023, Gornitzky filed the *First Interim Fee Application of Gornitzky & Co. for Compensation for Services Rendered and Reimbursement of Expenses as Israeli Counsel to the Official Committee of Unsecured Creditors for the Period of November 2, 2022 Through February 28, 2023* (the "Gornitzky First Fee Application") [Dkt. No. 2514], corresponding to the Second Interim Fee Period of the case.  Gornitzky requests $80,396.54 in fees and $337.73 in expenses.

56.     The Fee Examiner's Confidential Letter Report requested documentation of the Value Added Tax which, pursuant to Gornitzky's engagement agreement, was appropriate for passthrough to the Debtors.  Gornitzky provided the requested documentation, resolving the issue.  The Fee Examiner now recommends Court approval of the Gornitzky First Fee Application, without adjustment, as outlined on **Exhibit A**.

*Selendy Gay Elsberg PLLC*

57.     On March 16, 2023, the Court entered the *Order Authorizing the Employment and Retention of Selendy Gay Elsberg PLLC as Co-Counsel for the Official Committee of Unsecured Creditors Effective as of January 8, 2023* [Dkt. No. 2251].

58.     The UCC retained Selendy Gay Elsberg PLLC ("Selendy Gay") as co-counsel for enumerated and specific matters, including litigation to determine whether account holders hold claims against each Debtor entity. *See id.*

59.     On April 14, 2023, Selendy Gay filed the *First Interim Fee Application of Selendy Gay Elsberg PLLC for Compensation for Services Rendered and Reimbursement of Expenses as Co-Counsel to the Official Committee of Unsecured Creditors for the Period of January 8, 2023*

*Through February 28, 2023* (the "Selendy Gay First Fee Application") [Dkt. No. 2452],

corresponding to the Second Interim Fee Period of the case.  Selendy Gay requests $499,615.00

in fees and $4,280.71 in expenses.

60.     The Fee Examiner's Confidential Letter Report identified guideline issues and

potentially excessive time spent on engagement and retention matters.  In response to these

observations, Selendy Gay provided supplemental information and explanation and agreed to

deductions from requested fees in some instances.  With the negotiated adjustments outlined on

**Exhibit A**, the Fee Examiner recommends Court approval of the Selendy Gay First Fee

Application.

### CHAPTER 11 EXAMINER PROFESSIONALS

#### *Huron Consulting Services LLC*

61.     On April 14, 2023, Huron Consulting Services LLC ("Huron") filed the *Second*

*Interim Fee Application of Huron Consulting Services LLC as Financial Advisor to the*

*Examiner for the Period from November 1, 2022, through and including February 28, 2023*

[Dkt. No. 2465] (the "Huron Second Fee Application"), requesting $3,386,594.00 in fees and no

expenses.

62.     During the Second Interim Fee Period, Huron continued to support the Chapter 11

Examiner and her counsel by analyzing financial and valuation data relating to the CEL tokens,

the movements of those CEL tokens between the Earn and Custody accounts, coin balances, and

mining.  Huron also participated in witness interviews and analyzed financial issues presented in

the Examiner's reports.

63.     In the Confidential Letter Report, the Fee Examiner identified possibly extensive

time devoted to billing and timekeeping and time entries that did not comply with the Fee

Examiner guidelines.  Huron either provided adequate explanation for all matters questioned,

agreed to the Fee Examiner's proposed disallowances, or counter-proposed acceptable reductions.

64.    The Fee Examiner now recommends the Huron Second Fee Application for Court approval, as adjusted and outlined on **Exhibit A**.

***Jenner & Block LLP***

65.    On December 15, 2022, Jenner & Block LLP ("Jenner") filed the *First Interim Fee Application of Shoba Pillay, Examiner and Jenner & Block LLP for Professional Services Rendered and Reimbursement of Expenses Incurred as Attorneys for Examiner for the Period from September 29, 2022 through October 31 ,2022* [Dkt. No. 1717] (the "Jenner First Fee Application"), requesting $1,863,035.50 in fees and $1,135.09 in expenses.

66.    Shoba Pillay, the Examiner ("Examiner"), filed her interim report [Dkt. No. 1411] on November 19, 2022 and her final report [Dkt. No. 1956] on January 31, 2023—both *after* the conclusion of the First Interim Fee Period.  The Court discharged the Examiner on April 4, 2023. *Order Discharging Examiner* [Dkt. No. 2364].  The Fee Examiner therefore deferred consideration of the Jenner First Fee Application pursuant to the *Omnibus Order Granting Applications for Allowance of Compensation for Professional Services Rendered and Reimbursement of Expenses for the First Interim Compensation Period from July 13, 2022 Through October 31, 2022* [Dkt. No. 2523] (the "First Omnibus Fee Order").

67.    On April 14, 2023, Jenner & Block filed the *Second Interim Application of Shoba Pillay, Examiner and Jenner & Block LLP for Professional Services Rendered and Reimbursement of Expenses Incurred as Attorneys for Examiner for the Period of November 1,*

*2022 Through March 31, 2023* [Dkt. No. 2463] (the "Jenner Second Fee Application"),[3]

requesting $9,534,819.50 in fees and $66,595.09 in expenses.

68.    In Confidential Letter Reports on the Jenner First and Second Fee Applications,

the Fee Examiner identified issues including potentially excessive staffing, multiple attendance

at witness interviews, hourly rate increases, and the overall expense of the Examiner engagement

as compared to the estimates provided. *See Amended Work Plan of Shoba Pillay, Examiner* [Dkt.

No. 1438-1] at 29.

69.    In response, Jenner provided extensive explanation and documentation of its

staffing model and individual staffing decisions, as well as substantial detail on issues arising

during the examination, including documents initially withheld from the Examiner necessitating

duplicative document review and witness interviews.  The Fee Examiner looked very carefully at

the Examiner's fees, deferring consideration of the First Jenner Fee Application to allow for a

more holistic and retrospective review of the entire Examiner engagement.

70.    The Fee Examiner thoroughly reviewed both the Examiner's preliminary and final

reports and discussed their cost with multiple parties in interest.  Without exception, all agreed

that the Examiner's reporting was exceptional both in technical detail and in the depth of its

treatment.  Many also noted the extreme time pressure under which the Examiner and her team

produced both initial and final reports of extraordinary quality.

71.    While Jenner agreed to accept adjustments to its fees in response to some of the

Fee Examiner's concerns, the Fee Examiner was generally satisfied that any overstaffing and

cost overruns were well justified by the momentous circumstances surrounding these cases and

the breadth of the Examiner's mandate.  As such, the Fee Examiner now recommends Court

---

[3] In light of the Examiner's April 4, 2023 discharge, the Fee Examiner agreed that Jenner could include the month of March 2023 in its Second Interim Fee Period application.

approval of the Jenner First and Second Fee Applications with the adjustments outlined on

**Exhibit A** to this report.

## FEE APPLICATIONS RECOMMENDED FOR DEFERRAL

### *Latham & Watkins LLP*

72.    On September 16, 2022, the Court entered the *Order Authorizing the Retention*

*and Employment of Latham & Watkins LLP as Special Counsel to the Debtors Effective as of the*

*Petition Date* [Dkt. No. 838] (the "L&W Retention Order").

73.    L&W serves as special counsel to the Debtors in various federal and state

regulatory proceedings.  *See* L&W Retention Order.  During the first and second interim fee

periods, L&W advised the Debtors in relation to unspecified regulatory matters and conducted

extensive document review and production in response to inquiries by unidentified regulators.

74.    On December 15, 2022, Latham & Watkins LLP ("L&W") filed the *First Interim*

*Application of Latham & Watkins LLP for Compensation for Services and Reimbursement of*

*Expenses Incurred as Special Counsel to the Debtors for the Period from July 13, 2022 Through*

*October 31, 2022* [Dkt. No. 1712] (the "L&W First Fee Application"), requesting $5,097,947.00

in fees and $137,073.92 in expenses.

75.    Upon the Fee Examiner's recommendation, the Court deferred consideration of

the L&W First Fee Application pursuant to the First Omnibus Fee Order.

76.    On April 14, 2023, Latham filed the *Second Interim Application of Latham &*

*Watkins LLP for Compensation for Services and Reimbursement of Expenses Incurred as Special*

*Counsel to the Debtors for the Period from November 1, 2022 Through February 28, 2023* [Dkt.

No. 2461] (the "L&W Second Fee Application"), requesting $8,045,325.75 in fees and

$39,803.06 in expenses.

77.     With the professional's consent, the Fee Examiner recommends that the Court

defer consideration of the L&W First and Second Fee Applications to a subsequent uncontested

fee hearing date, as outlined on the attached **Exhibit B**, to allow the parties to continue

discussions aimed at reaching agreement on stipulated adjustments.

## NOTICE

78.     Pursuant to ¶7(b) of the Amended Fee Examiner Order, the filing of this report on

the Court's Electronic Case Filing System shall be deemed suitable notice to all interested parties

of the Fee Examiner's findings and conclusions.  A copy of this report is available on the website

of the Debtors' notice and claims agent at https://cases.stretto.com/celsius. The Fee Examiner

submits that, in light of the nature of this report, no other or further notice need be given.

## CONCLUSION

**WHEREFORE**, the Fee Examiner respectfully requests the entry of an order,

substantially in the form annexed hereto as **Exhibit C**, granting the relief requested and such

other and further relief as the Court may deem just and proper.

Dated:  July 7, 2023.

> **GODFREY & KAHN, S.C.**
> *Counsel for Fee Examiner*
>
>  By  */s/ Katherine Stadler*
>      Katherine Stadler (NYSB #4938064)
>      One East Main Street, Suite 500
>      Madison, WI 53703
>      Telephone: (608) 297-3911
>      E-mail: kstadler@gklaw.com

29580191.5

# EXHIBIT A

Recommended

22-10964-mg    Doc 2975    Filed 07/07/23    Entered 07/07/23 12:56:56    Main Document
Pg 21 of 31
In re: Celsius Network LLC, et al.
NYSB Case No. 22-10964 (MG)

**Exhibit A**

**First - Second Interim Fee Period Applications Approved**

| Applicant | Compensation Period | Interim Fees Requested | Fee Examiner's Recommended Fee Adjustment | Interim Expenses Requested | Fee Examiner's Recommended Expense Adjustment | Interim Fees Recommended for Approval | Interim Expenses Recommended for Approval |
|---|---|---|---|---|---|---|---|
| **First Interim Fee Period (July 13, 2022 - October 31, 2022)** | | | | | | | |
| 1 **Ernst & Young LLP** [Dkt. No. 2170]<br>*Tax Compliance and Tax Advisory Services Provider for Debtors* | 7/13/2022 - 10/31/2022 | $ 778,680.00 | $ 3,773.50 | $ - | $ - | $ 774,906.50 | $ - |
| 2 **Pillay, Shoba and Jenner & Block LLP** [Dkt. No. 1717]<br>*Chapter 11 Examiner and Counsel* | 9/29/2022-10/31/2022 | $ 1,863,035.50 | $ 54,531.55 | $ 1,135.09 | $ - | $ 1,808,503.95 | $ 1,135.09 |
| **Second Interim Fee Period (November 1, 2022 - February 28, 2023)** | | | | | | | |
| 3 **Akin Gump Strauss Hauer & Feld LLP** [Dkt. No. 2446]<br>*Special Litigation Counsel to the Debtors* | 11/1/2022 - 2/28/2023 | $ 4,884,132.60 | $ 71,248.19 | $ 61,571.97 | $ 1,489.58 | $ 4,812,884.41 | $ 60,082.39 |
| 4 **Alvarez & Marsal North America, LLC** [Dkt. No. 2437]<br>*Financial Advisors for the Debtors* | 11/1/2022 - 2/28/2023 | $ 7,194,758.50 | $ 34,779.75 | $ 17,746.65 | $ 875.82 | $ 7,159,978.75 | $ 16,870.83 |
| 5 **A.M. Saccullo Legal, LLC** [Dkt. No. 2462]<br>*Special Counsel to the Debtors* | 12/1/2022 - 2/28/2023 | $ 63,845.00 | $ - | $ - | $ - | $ 63,845.00 | $ - |
| 6 **Centerview Partners LLC** [Dkt. No. 2466]<br>*Investment Banker to the Debtors* | 11/1/2022 - 2/28/2023 | $ 2,000,000.00 | $ - | $ 2,195.04 | $ 799.76 | $ 2,000,000.00 | $ 1,395.28 |
| 7 **Elementus Inc.** [Dkt. No. 2464]<br>*Blockchain Forensics Advisor to the Official Committee of Unsecured Creditors* | 11/1/2022 - 2/28/2023 | $ 1,295,580.00 | $ 1,600.00 | $ 193,975.70 | $ 1,253.00 | $ 1,293,980.00 | $ 192,722.70 |
| 8 **Ernst & Young LLP** [Dkt. No. 2455]<br>*Tax Compliance and Tax Advisory Services Provider for Debtors* | 11/1/2022 - 2/28/2023 | $ 417,855.00 | $ 10,556.50 | $ - | $ - | $ 407,298.50 | $ - |
| 9 **Gornitzky & Co.** [Dkt No. 2514]<br>*Israeli Counsel to the Official Committee of Unsecured Creditors* | 11/2/2022 - 2/28/2023 | $ 80,396.54 | $ - | $ 337.73 | $ - | $ 80,396.54 | $ 337.73 |
| 10 **Huron Consulting Services LLC** [Dkt. No. 2465]<br>*Financial Advisor to the Chapter 11 Examiner* | 11/1/2022 - 2/28/2023 | $ 3,386,594.00 | $ 53,023.30 | $ - | $ - | $ 3,333,570.70 | $ - |
| 11 **Kirkland & Ellis LLP and Kirkland & Ellis International LLP** [Dkt. No. 2469]<br>*Attorneys for the Debtors* | 11/1/2022 - 2/28/2023 | $ 22,035,629.50 | $ 550,000.00 | $ 486,355.92 | $ 4,345.09 | $ 21,485,629.50 | $ 482,010.83 |
| 12 **M3 Advisory Partners, LP** [Dkt. No. 2459]<br>*Financial Advisor to the Official Committee of Unsecured Creditors* | 11/1/2022 - 2/28/2023 | $ 4,232,541.00 | $ 5,060.85 | $ 9,318.57 | $ 656.85 | $ 4,227,480.15 | $ 8,661.72 |
| 13 **Perella Weinberg Partners LP** [Dkt. No. 2456]<br>*Investment Banker to the Official Committee of Unsecured Creditors* | 11/1/2022 - 2/28/2023 | $ 400,000.00 | $ - | $ 76,270.73 | $ 4,769.76 | $ 400,000.00 | $ 71,500.97 |
| 14 **Pillay, Shoba and Jenner & Block LLP** [Dkt. No. 2463]<br>*Chapter 11 Examiner and Counsel* | 11/1/2022 - 3/31/2023 **FN1** | $ 9,534,819.50 | $ 250,944.13 | $ 66,595.09 | $ 2,592.08 | $ 9,283,875.37 | $ 64,003.01 |
| 15 **Selendy Gay Elsberg PLLC** [Dkt. No. 2452]<br>*Co-Counsel to the Official Committee of Unsecured Creditors* | 1/8/2023 - 2/28/2023 | $ 499,615.00 | $ 14,389.08 | $ 4,280.71 | $ 1,381.20 | $ 485,225.92 | $ 2,899.51 |
| 16 **White & Case LLP** [Dkt. No. 2457]<br>*Counsel to the Official Committee of Unsecured Creditors* | 11/1/2022-2/28/2023 | $ 14,436,734.50 | $ 248,578.23 | $ 114,138.95 | $ 4,859.76 | $ 14,188,156.27 | $ 109,279.19 |

**FN1** - In light of the Examiner's April 4, 2023 discharge, the Fee Examiner agreed that Jenner could include the month of March 2023 in its Second Interim Fee Period application.

# EXHIBIT B

Deferred

In re: Celsius Network LLC, et al.
NYSB Case No. 22-10964 (MG)

**Exhibit B**

**First - Second Interim Fee Period Applications Deferred:**

| | Applicant | Compensation Period | Interim Fees Requested | Fee Examiner's Recommended Fee Adjustment | Interim Expenses Requested | Fee Examiner's Recommended Expense Adjustment | Interim Fees Recommended for Approval | Interim Expenses Recommended for Approval |
|---|---|---|---|---|---|---|---|---|
| *First Interim Fee Period (July 13, 2022 - October 31, 2022)* | | | | | | | | |
| 1 | **Latham & Watkins LLP** [Dkt. No. 1712] *Special Counsel to the Debtors* | 7/13/2022-10/31/2022 | $ 5,097,947.00 | | $ 137,073.92 | | | |
| *Second Interim Fee Period (November 1, 2022 - February 28, 2023)* | | | | | | | | |
| 2 | **Latham & Watkins LLP** [Dkt. No. 2461] *Special Counsel to the Debtors* | 11/1/2022 - 2/28/2023 | $ 8,045,325.75 | | $ 39,803.06 | | | |

<u>EXHIBIT C</u>

Proposed Order

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| | x | |
| In re | : | Chapter 11 |
| | : | |
| CELSIUS NETWORK, LLC, *et al.*,[1] | : | Case No. 22-10964 (MG) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | : | Re: Dkt. Nos. 1717, 2170, 2437, 2446, |
| | : | 2452, 2455, 2456, 2457, 2459, 2462, |
| | : | 2463, 2464, 2465, 2466, 2469, and 2514 |
| | X | |

**SECOND OMNIBUS ORDER GRANTING APPLICATIONS FOR ALLOWANCE OF
COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND
REIMBURSEMENT OF EXPENSES FOR THE FIRST AND SECOND INTERIM
COMPENSATION PERIODS FROM JULY 13, 2022 THROUGH OCTOBER 31, 2022
AND NOVEMBER 1, 2022 THROUGH FEBRUARY 28, 2023**

Upon consideration of the applications for allowance of interim compensation and

reimbursement of expenses incurred during the period from July 13, 2022 through October 31,

2022 (the "**First Interim Compensation Period**") and November 1, 2022 through February 28,

2023 (the "**Second Interim Compensation Period**") indicated as "Recommended for Approval"

on the attached **Exhibit A** (Dkt. Nos. 1717, 2170, 2437, 2446, 2452, 2455, 2456, 2457, 2459,

2462, 2463, 2464, 2465, 2466, 2469, and 2514) (together, the "**Uncontested Applications**"),

filed pursuant to the *First Amended Order (I) Establishing Procedures for Interim Compensation

and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief*

[Dkt. No. 1745] (the "**Interim Compensation Order**"); the *Amended Order Appointing*

---

[1]The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification
number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius
Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks
Lending LLC (3390); and Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8
USA LLC (9450).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors'
service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Independent Fee Examiner and Establishing Related Procedures for the Review of Fee*

*Applications of Retained Professional* [Dkt. No. 1746] (the "**Fee Examiner Order**"); and

pursuant to 11 U.S.C. §§ 330 and 331, Rule 2016 of the Federal Rules of Bankruptcy Procedure,

and Rule 2016-1 of the Local Bankruptcy Rules for the Southern District of New York; and

notice having been given pursuant to Federal Rules of Bankruptcy Procedure 2002(a)(6) and

(c)(2); and a hearing having been held before this court to consider the Uncontested Applications

on July 18, 2023; and the Court having reviewed the Uncontested Applications and/or the

summary report filed by the Fee Examiner with respect to the Uncontested Applications [*see*

Dkt. No. _____]; and the Court finding that:  (a) the Court has jurisdiction over this matter

pursuant to 28 U.S.C. §§157 and 1334; (b) notice of the Uncontested Applications was adequate

under the circumstances; and (c) all parties with notice of the Applications have been afforded

the opportunity to be heard on the Uncontested Applications, and upon the full record of all

proceedings in this case; and sufficient cause having been shown therefor, it is hereby;

ORDERED THAT:

1.      Each Uncontested Application is granted on an interim basis, to the extent set

forth on the attached **Exhibit A**.

2.      Each of the Uncontested Applicants is allowed (a) interim compensation for

services rendered during the Compensation Period and (b) interim reimbursement for actual and

necessary expenses incurred during the Compensation Period, each in the respective amounts set

forth on the attached **Exhibit A**, including, except as otherwise indicated, any and all holdbacks.

3.      To the extent not already paid pursuant to the Interim Compensation Order, the

Debtors are hereby authorized and directed to pay, except as otherwise indicated on **Exhibit A**,

each of the Uncontested Applicants 100 percent of the fees and 100 percent of the expenses

listed on **Exhibit A** under the columns "Interim Fees Recommended for Approval" and "Interim

Expenses Recommended for Approval," respectively, for services rendered and expenses

incurred during the Compensation Period.

4.    All fees and expenses allowed herein shall be subject to final allowance by the

Court without regard to whether such amounts have been paid to the Applicant.

5.    This Order shall be deemed a separate order with respect to each of the Interim

Applications.  Any stay of this Order pending appeal with respect to any one Uncontested

Application shall only apply to the Uncontested Applicant that is the subject of such appeal and

shall not operate to stay the applicability and/or finality of this Order with respect to any other

Uncontested Application.

6.    This Court shall retain jurisdiction to hear and determine all matters arising from

or related to the implementation, interpretation, and/or enforcement of this order.

7.    Pursuant to the Fee Examiner's summary report, the interim fee applications listed

on the attached **Exhibit B** are hereby adjourned for consideration at a later hearing date.

IT IS SO ORDERED.

Dated:  July __, 2023.
        New York, New York

_____
Martin Glenn
Chief United States Bankruptcy Judge

# EXHIBIT A

Recommended

**Exhibit A**

**First - Second Interim Fee Period Applications Approved**

| Applicant | Compensation Period | Interim Fees Requested | Fee Examiner's Recommended Fee Adjustment | Interim Expenses Requested | Fee Examiner's Recommended Expense Adjustment | Interim Fees Recommended for Approval | Interim Expenses Recommended for Approval |
|---|---|---|---|---|---|---|---|
| **First Interim Fee Period (July 13, 2022 - October 31, 2022)** | | | | | | | |
| 1 **Ernst & Young LLP** [Dkt. No. 2170] *Tax Compliance and Tax Advisory Services Provider for Debtors* | 7/13/2022 - 10/31/2022 | $ 778,680.00 | $ 3,773.50 | $ - | $ - | $ 774,906.50 | $ - |
| 2 **Pillay, Shoba and Jenner & Block LLP** [Dkt. No. 1717] *Chapter 11 Examiner and Counsel* | 9/29/2022-10/31/2022 | $ 1,863,035.50 | $ 54,531.55 | $ 1,135.09 | $ - | $ 1,808,503.95 | $ 1,135.09 |
| **Second Interim Fee Period (November 1, 2022 - February 28, 2023)** | | | | | | | |
| 3 **Akin Gump Strauss Hauer & Feld LLP** [Dkt. No. 2446] *Special Litigation Counsel to the Debtors* | 11/1/2022 - 2/28/2023 | $ 4,884,132.60 | $ 71,248.19 | $ 61,571.97 | $ 1,489.58 | $ 4,812,884.41 | $ 60,082.39 |
| 4 **Alvarez & Marsal North America, LLC** [Dkt. No. 2437] *Financial Advisors for the Debtors* | 11/1/2022 - 2/28/2023 | $ 7,194,758.50 | $ 34,779.75 | $ 17,746.65 | $ 875.82 | $ 7,159,978.75 | $ 16,870.83 |
| 5 **A.M. Sacculo Legal, LLC** [Dkt. No. 2462] *Special Counsel to the Debtors* | 12/1/2022 - 2/28/2023 | $ 63,845.00 | $ - | $ - | $ - | $ 63,845.00 | $ - |
| 6 **Centerview Partners LLC** [Dkt. No. 2466] *Investment Banker to the Debtors* | 11/1/2022 - 2/28/2023 | $ 2,000,000.00 | $ - | $ 2,195.04 | $ 799.76 | $ 2,000,000.00 | $ 1,395.28 |
| 7 **Elementus Inc.** [Dkt. No. 2464] *Blockchain Forensics Advisor to the Official Committee of Unsecured Creditors* | 11/1/2022 - 2/28/2023 | $ 1,295,580.00 | $ 1,600.00 | $ 193,975.70 | $ 1,253.00 | $ 1,293,980.00 | $ 192,722.70 |
| 8 **Ernst & Young LLP** [Dkt. No. 2455] *Tax Compliance and Tax Advisory Services Provider for Debtors* | 11/1/2022 - 2/28/2023 | $ 417,855.00 | $ 10,556.50 | $ - | $ - | $ 407,298.50 | $ - |
| 9 **Gornitzky & Co.** [Dkt No. 2514] *Israeli Counsel to the Official Committee of Unsecured Creditors* | 11/2/2022 - 2/28/2023 | $ 80,396.54 | $ - | $ 337.73 | $ - | $ 80,396.54 | $ 337.73 |
| 10 **Huron Consulting Services LLC** [Dkt. No. 2465] *Financial Advisor to the Chapter 11 Examiner* | 11/1/2022 - 2/28/2023 | $ 3,386,594.00 | $ 53,023.30 | $ - | $ - | $ 3,333,570.70 | $ - |
| 11 **Kirkland & Ellis LLP and Kirkland & Ellis International LLP** [Dkt. No. 2469] *Attorneys for the Debtors* | 11/1/2022 - 2/28/2023 | $ 22,035,629.50 | $ 550,000.00 | $ 486,355.92 | $ 4,345.09 | $ 21,485,629.50 | $ 482,010.83 |
| 12 **M3 Advisory Partners, LP** [Dkt. No. 2459] *Financial Advisor to the Official Committee of Unsecured Creditors* | 11/1/2022 - 2/28/2023 | $ 4,232,541.00 | $ 5,060.85 | $ 9,318.57 | $ 656.85 | $ 4,227,480.15 | $ 8,661.72 |
| 13 **Perella Weinberg Partners LP** [Dkt. No. 2456] *Investment Banker to the Official Committee of Unsecured Creditors* | 11/1/2022 - 2/28/2023 | $ 400,000.00 | $ - | $ 76,270.73 | $ 4,769.76 | $ 400,000.00 | $ 71,500.97 |
| 14 **Pillay, Shoba and Jenner & Block LLP** [Dkt. No. 2463] *Chapter 11 Examiner and Counsel* | 11/1/2022 - 3/31/2023 **FN1** | $ 9,534,819.50 | $ 250,944.13 | $ 66,595.09 | $ 2,592.08 | $ 9,283,875.37 | $ 64,003.01 |
| 15 **Selendy Gay Elsberg PLLC** [Dkt. No. 2452] *Co-Counsel to the Official Committee of Unsecured Creditors* | 1/8/2023 - 2/28/2023 | $ 499,615.00 | $ 14,389.08 | $ 4,280.71 | $ 1,381.20 | $ 485,225.92 | $ 2,899.51 |
| 16 **White & Case LLP** [Dkt. No. 2457] *Counsel to the Official Committee of Unsecured Creditors* | 11/1/2022-2/28/2023 | $ 14,436,734.50 | $ 248,578.23 | $ 114,138.95 | $ 4,859.76 | $ 14,188,156.27 | $ 109,279.19 |

**FN1** - In light of the Examiner's April 4, 2023 discharge, the Fee Examiner agreed that Jenner could include the month of March 2023 in its Second Interim Fee Period application.

# EXHIBIT B

Deferred

In re: Celsius Network LLC, et al.
NYSB Case No. 22-10964 (MG)

**Exhibit B**

**First - Second Interim Fee Period Applications Deferred:**

| | Applicant | Compensation Period | Interim Fees Requested | Fee Examiner's Recommended Fee Adjustment | Interim Expenses Requested | Fee Examiner's Recommended Expense Adjustment | Interim Fees Recommended for Approval | Interim Expenses Recommended for Approval |
|---|---|---|---|---|---|---|---|---|
| | *First Interim Fee Period (July 13, 2022 - October 31, 2022)* | | | | | | | |
| 1 | **Latham & Watkins LLP** [Dkt. No. 1712]<br>*Special Counsel to the Debtors* | 7/13/2022-10/31/2022 | $  5,097,947.00 | | $   137,073.92 | | | |
| | *Second Interim Fee Period (November 1, 2022 - February 28, 2023)* | | | | | | | |
| 2 | **Latham & Watkins LLP** [Dkt. No. 2461]<br>*Special Counsel to the Debtors* | 11/1/2022 - 2/28/2023 | $  8,045,325.75 | | $     39,803.06 | | | |