**KAUFMAN DOLOWICH VOLUCK**
ATTORNEYS AT LAW

**Kevin J. Windels, Esq.**
Email: kwindels@kdvlaw.com

Kaufman Dolowich & Voluck, LLP
40 Exchange Place, 20th Floor
New York, NY 10005

Telephone: 212.485.9600
Facsimile: 212.485.9700

www.kdvlaw.com

July 11, 2023

Hon. Martin Glenn
Chief United States Bankruptcy Judge
U.S. Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

      Re:    *In re Celsius Network, LLC*
               Case No. 22-10964 (MG)

Dear Chief Judge Glenn:

      We are counsel for Euclid Financial Underwriters, LLC, a duly authorized agent of Certain Underwriters at Lloyds of London and Republic Vanguard Insurance Company ("Underwriters"). We write to respectfully request clarification of a portion of the Court's Memorandum Opinion dated July 10, 2023 ("Opinion") (Doc. 2981) concerning Underwriters' motion to lift the automatic stay in order to advance and pay Defense Costs under a Directors & Officer's Liability and Corporate Securities Liability insurance policy issued to Celsius Network, Inc. ("the Policy") (Doc. 2585).

      Underwriters' request for clarification is limited to the Court's statement regarding the "claw back" of insurance proceeds if the Policy's fraud exclusion ultimately applies. In addressing the Reply of two Individuals Insureds (David Leon and Aliza Landes) (Doc. 2760), the Court first explained that "[t]o the extent that this Court's decision may allow parties to obtain [insurance] proceeds that may later become property of the estate, the Court has the ability to place prospective limitations on its own relief." (Doc. 2981, p. 22). The Court then wrote on that "[t]his condition is especially warranted here where the amount of Coverage A proceeds available is relatively small, and the Court can easily envision a situation in which those proceeds are exhausted, the priority provisions are no longer at issue, and **any proceeds subject to clawback would otherwise be going to the estate**." (Doc. 2981, p. 23) (emphasis added.)

      Underwriters respectfully submit that the highlighted language above is inconsistent with the terms of the Policy, which require that the proceeds of the Policy shall be returned to the Insurer (Underwriters) in the event any Insured are not entitled to such payments. Specifically, Section VI.B. of the Policy provides:

Hon. Martin Glenn
July 11, 2023
Page 2

> The **Insurer** shall advance **Defense Costs** in excess of the applicable Retention on behalf of the **Insured** prior to final disposition of the **Claim**. Such advanced payments by the **Insurer** shall be repaid to the **Insurer** by each and every **Insured**, severally according to their respective interests, in the event and to the extent that any such **Insured** shall not be entitled under the Terms and Conditions of this **Coverage Section** to payment of such **Loss**.

(Doc. 2585, Ex. 1. p. 10 of 12). Consequently, it appears the Court's statement that "any proceeds [of the Policy] subject to clawback would otherwise be going to the estate" does not take into account the Policy's requirement that the proceeds must be returned to the Insurer. After such insurance funds are returned, Underwriters will administer the additional funds as required by the Policy (subject, of course, to this Court's approval). We note that the Court acknowledged this in its Opinion when it wrote that "[t]he Debtor and Committee argue that while certain Individual Insureds may be entitled to insurance proceeds under the Policy as of now, some of those proceeds may become recoverable by the D & O Insurers." (Doc. 2981, p. 19).

This distinction and the proper administration of Claims made under the terms of the Policy is especially important given the limited amount of insurance coverage available to multiple Individual Insureds and in light of the Court's observation that "it is reasonable to believe that enforcement of the [fraud exclusion] may become necessary." (Doc. 2981 pp. 19-20, 23). Underwriters are also concerned that the Court's statement regarding "proceeds subject to clawback…going to the estate" might be viewed to mean that the estate is permitted to directly claw back such proceeds when that is also contrary to the express terms of the Policy, regardless of whether the estate may be entitled to a payment of Loss under the terms of the Policy. For this reason, such insurance funds must first be repaid to the Insurers.

Based on the foregoing, Underwriters respectfully request that the Court clarify its Opinion to make it consistent with the language contained in the Policy and direct that in the event there is a claw back of Policy proceeds, the proceeds be returned to Underwriters and not immediately directed to the estate upon any repayment. This change will permit the proceeds of the Policy that are recovered to be properly administered by Underwriters and potentially applied to other covered insurance claims, but only after it is determined that Underwriters are obligated to pay such insurance claims.

Should the Court require a formal motion and/or additional information as to the above, please let us know.

Respectfully submitted,

Kevin J. Windels

Hon. Martin Glenn
July 11, 2023
Page 3

cc:     All Counsel By ECF
        Counsel for the Debtor (By Email)
        Counsel for the Unsecured Creditors Committee (By Email)