**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |
| | ) | |

**FIFTH JOINT STIPULATION AND AGREED ORDER
BETWEEN THE SECURITIES AND EXCHANGE COMMISSION
AND THE DEBTORS TO EXTEND THE DEADLINE FOR FILING
A NONDISCHARGEABILITY COMPLAINT AND PROOFS OF CLAIM**

This stipulation and agreed order (this "Fifth Stipulation") is entered into this 27th day of June, 2023, by and among the above-captioned debtors and debtors in possession (collectively, the "Debtors") and the U.S. Securities and Exchange Commission (the "SEC" and, together with the Debtors, the "Parties").

**WHEREAS,** on July 13, 2022, each of the Initial Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code");

**WHEREAS**, by Order dated November 16, 2022, [Docket No. 1368] (the "Bar Date Order"), the Court set January 10, 2023 as the deadline by which a governmental unit, as defined in section 101(27) of the Bankruptcy Code, must file proofs of claim in the chapter 11 cases of the Initial Debtors (the "Governmental Bar Date");

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956) (collectively, the "Initial Debtors"); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450) (collectively, the "GK8 Debtors"). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

**WHEREAS,** the SEC is a governmental unit within the meaning of the Bankruptcy Code. 11 U.S.C. § 101(27);

**WHEREAS**, the Parties have agreed, subject to the approval of the Bankruptcy Court, to an extension of the Governmental Bar Date for the SEC;

**WHEREAS,** section 1141(d)(6) of the Bankruptcy Code provides that "the confirmation of a plan does not discharge a debtor that is a corporation from any debt . . . (A) of a kind specified in paragraph (2)(A) or (2)(B) of section 523(a) [of the Bankruptcy Code] that is owed to a domestic governmental unit…";

**WHEREAS**, Rule 4007(c) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") provides in relevant part that "a complaint to determine the dischargeability of a debt under [section] 523(c) [of the Bankruptcy Code] shall be filed no later than 60 days after the first date set for the meeting of creditors under [section] 341(a) [of the Bankruptcy Code] . . .";

**WHEREAS,** the staff of the SEC takes the position that section 523(c) of the Bankruptcy Code and the corresponding deadline in Bankruptcy Rule 4007(c) do not apply to the nondischargeability of a debt under section 1141(d)(6) of the Bankruptcy Code; and thus, that section 1141(d)(6) of the Bankruptcy Code is self-effectuating and the SEC may take whatever action may be required, if any, to determine the nondischargeability of a debt pursuant to section 1141(d)(6) of the Bankruptcy Code at any time, including following the confirmation of a chapter 11 plan.  *See*, *e.g.*, *In re Hawker Beechcraft, Inc.*, 515 B.R. 416 (S.D.N.Y. Mar. 27, 2014);

**WHEREAS**, the SEC does not concede the applicability of section 523(c) of the Bankruptcy Code to determinations under section 1141(d)(6) of the Bankruptcy Code, but recognizes that if section 523(c) of the Bankruptcy Code were to apply to such determinations,

2

then an action to determine the nondischargeability of a debt pursuant to section 1141(d)(6) of the Bankruptcy Code in the chapter 11 cases of the Initial Debtors would have to be filed on or before October 18, 2022, in accordance with Bankruptcy Rule 4007(c);

**WHEREAS**, the Parties submitted a first stipulation on October 17, 2022 [Docket No. 1095] (the "First Stipulation"), which the Court granted on November 9, 2022, extending the deadline for filing a complaint or taking other action that may be required in the Initial Debtors' chapter 11 cases to assert the nondischargeability of a claim under section 1141(d)(6) of the Bankruptcy Code to January 17, 2023 [Docket No. 1309];

**WHEREAS**, the Parties submitted a second stipulation on December 23, 2022 [Docket No. 1782] (the "Second Stipulation"), which the Court granted on January 13, 2023, extending the deadline for filing a complaint or taking other action that may be required in the Initial Debtors' chapter 11 cases to assert the nondischargeability of a claim under section 1141(d)(6) of the Bankruptcy Code to March 31, 2023 and extending the Government Bar Date to March 31, 2023 [Docket No. 1858];

**WHEREAS**, the Parties submitted a third stipulation on March 16, 2023 [Docket No. 2258] (the "Third Stipulation"), which the Court granted on March 30, 2023, extending the deadline for filing a complaint or taking other action that may be required in the Initial Debtors' chapter 11 cases to assert the nondischargeability of a claim under section 1141(d)(6) of the Bankruptcy Code to May 15, 2023 and extending the Government Bar Date to May 15, 2023 [Docket No. 2346];

**WHEREAS**, the Parties submitted a fourth stipulation on May 9, 2023 [Docket No. 2603] (the "Fourth Stipulation"), which the Court granted on May 24, 2023, extending the deadline for filing a complaint or taking other action that may be required in the Initial Debtors' chapter 11

cases to assert the nondischargeability of a claim under section 1141(d)(6) of the Bankruptcy Code to June 30, 2023 and extending the Government Bar Date to June 30, 2023 [Docket No. 2710];

**WHEREAS,** without binding precedent in this jurisdiction on this issue, and in order to avoid unnecessary litigation, the undersigned parties nonetheless seek a fifth extension of the section 523(c) of the Bankruptcy Code and Bankruptcy Rule 4007(c) deadline out of an abundance of caution, without prejudice to the SEC's right to seek further extensions;

Based on the foregoing stipulation of the parties, it is ORDERED that:

1.  To the extent section 523(c) of the Bankruptcy Code or Bankruptcy Rule 4007(c) applies, the date by which the SEC must file its complaint or take other action that may be required, if any, in the chapter 11 cases of the Initial Debtors to determine the nondischargeability of a debt, pursuant to section 1141(d)(6) of the Bankruptcy Code, shall be August 14, 2023, or such later date as may be ordered by the Court, without prejudice to the SEC's right to seek further extensions of the date.

2.  The Governmental Bar Date for the SEC shall be August 14, 2023, or such later date as may be ordered by the Court, without prejudice to the SEC's right to seek further extensions of such dates.

3.  This Fifth Stipulation is without prejudice to any rights of the Debtors or other parties in interest to object to the applicability of section 1141(d)(6) of the Bankruptcy Code to any claims asserted by the SEC.

4.  Nothing in this Fifth Stipulation constitutes a determination that section 523(c) of the Bankruptcy Code or Bankruptcy Rule 4007(c) applies, or that any deadline exists to seek a determination of nondischargeability under section 1141(d)(6) of the Bankruptcy Code.

5. Neither this Fifth Stipulation nor any negotiations and writings in connection herewith will in any way be construed as or deemed to be evidence of, or an admission on behalf of any Party regarding, any claim or right that such Party may have against the other Party.

6. Neither this Fifth Stipulation, nor any terms contained herein, shall be offered as evidence in any legal or administrative proceeding among or between the Parties, other than as may be necessary: (a) to obtain approval of and to enforce this Fifth Stipulation or (b) to seek damages or injunctive relief in connection therewith.

7. Nothing in this Fifth Stipulation or the relief sought herein shall constitute or be deemed: (a) an allowance of administrative expense claims under section 503(b) of the Bankruptcy Code; (b) an assumption or rejection of an executory contract or unexpired lease under section 365 of the Bankruptcy Code; (c) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (d) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds whatsoever; (e) a promise or requirement to pay any claim; (f) an implication or admission that any particular claim is of a type specified or defined in the Fifth Stipulation or a finding that any particular claim is an administrative expense claim or other priority claim; (g) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' bankruptcy estates; (h) a waiver or limitation of the Debtors', or any insurers', rights under the Bankruptcy Code or any other applicable nonbankruptcy law; or (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to this Fifth Stipulation are valid, and the

rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

8. Each of the Parties to this Fifth Stipulation represents and warrants it is duly authorized to enter into and be bound by this Fifth Stipulation.

9. This Fifth Stipulation may be executed in identical counterparts, including by facsimile and/or electronic mail, each of which shall be deemed an original, but all of which together constitute one and the same instrument.

10. This Fifth Stipulation represents the entire agreement by and between the Parties with respect to the subject matter hereof, and all prior understandings or agreements, if any, are merged into this Fifth Stipulation.

11. The Court retains jurisdiction with respect to any disputes arising from or other actions to interpret, administer, or enforce the terms and provisions of this Fifth Stipulation, and the Parties hereby consent to such jurisdiction to resolve any disputes or controversies arising from or related to the implementation of this Fifth Stipulation.

**IT IS SO ORDERED.**

Dated: July 13, 2023
      New York, New York

                                                      **/s/ Martin Glenn**
                                                        MARTIN GLENN
                                        Chief United States Bankruptcy Judge

**IN WITNESS WHEREOF**, the Parties, by their respective authorized counsel, have executed this Fifth Stipulation as of the date written below:

Dated: June 27, 2023

| | |
|---|---|
| By: */s/ Therese A. Scheuer* | */s/ Joshua A. Sussberg* |
| Therese A. Scheuer | **KIRKLAND & ELLIS LLP** |
| Senior Trial Counsel | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| U.S. Securities and Exchange Commission | Joshua A. Sussberg, P.C. |
| 100 F Street, NE | 601 Lexington Avenue |
| Washington, DC 20549 | New York, New York 10022 |
| (202) 551-6029 (Telephone) | Telephone: (212) 446-4800 |
| (202) 772-9317 (Facsimile) | Facsimile: (212) 446-4900 |
| scheuert@sec.gov | Email: joshua.sussberg@kirkland.com |
| | |
| *Counsel for the U.S. Securities and Exchange Commission* | - and - |
| | Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*) |
| | Ross M. Kwasteniet, P.C. (admitted *pro hac vice*) |
| | Christopher S. Koenig |
| | Dan Latona (admitted *pro hac vice*) |
| | 300 North LaSalle Street |
| | Chicago, Illinois 60654 |
| | Telephone: (312) 862-2000 |
| | Facsimile: (312) 862-2200 |
| | Email: patrick.nash@kirkland.com |
| | ross.kwasteniet@kirkland.com |
| | chris.koenig@kirkland.com |
| | dan.latona@kirkland.com |
| | *Counsel to the Debtors and Debtors in Possession* |