Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**DEBTORS' REPLY
IN SUPPORT OF JOINT
MOTION FOR ENTRY OF AN ORDER
(I) APPROVING THE SETTLEMENT BY AND AMONG THE
DEBTORS, THE COMMITTEE, AND THE INITIAL CONSENTING
SERIES B PREFERRED HOLDERS AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this reply (this "Reply") in support of the *Joint Motion for Entry of an Order (I) Approving the Settlement by and Among the Debtors, the Committee, and the Initial Consenting Series B Preferred Holders and (II) Granting Related Relief* [Docket No. 2899] (the "Motion") and in response to the *Limited Objection of Andersen Invest Luxembourg S.A. SPF, J.R. Investment Trust*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*and David Hoffman to the Proposed Settlement* [Docket No. 3002] (the "Ordinary Series B Holders' Objection") and the *Limited Objection to the Joint Motion for Entry of an Order (I) Approving the Settlement by and Among the Debtors, the Committee, and the Initial Consenting Series B Preferred Holders and (II) Granting Related Relief* [Docket No. 3013] (the "Herrmann and Frishberg Objection" together with the Ordinary Series B Holders' Objection, the "Objections").[2] In support of this Reply, the Debtors state the following:

## Reply

1. The Settlement brings an end to nearly a year of highly contentious litigation and removes one of the largest obstacles to confirmation and emergence in exchange for a $25 million cash settlement from the proceeds of the GK8 sale and a mutual release of claims between the Initial Consenting Series B Preferred Holders and the Estate Parties. Neither of the limited Objections disputes that the Settlement is tremendously valuable to the estates or otherwise challenges its overall reasonableness. The Herrmann and Frishberg Objection sought clarification regarding certain aspects of the release language and was consensually resolved through revised language reflected in the revised proposed order filed contemporaneously herewith. The Ordinary Series B Holders' Objection—the only remaining Objection—concerns the proposed allocation of the Settlement Funds.

2. A condition of the Initial Consenting Series B Preferred Holders' acceptance of the Settlement was that the Initial Consenting Series B Holders would determine how to allocate the Settlement Funds. Ultimately, the Initial Consenting Series B Preferred Holders proposed allocating $24 million to their legal expenses and distributing $1 million Pro Rata on account of Series B Preferred Share holdings. In response, the Debtors inquired regarding the quantum of the

---

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

Initial Series B Preferred Holders' outstanding professional fees, and the Initial Series B Preferred Holders represented to the Debtors that such fees exceeded $24 million. In light of the fact that the primary purpose of the Settlement is to reduce administrative costs, the Debtors agreed to and remain supportive of the proposed allocation, which provides the Initial Consenting Series B Holders with reciprocal benefits to those the Debtors' estates are receiving.

3. The Ordinary Series B Holders object primarily based on the incorrect assumption that "the $24 million does not reflect actual expenses and fees of the Initial Consenting Series B [Preferred] Holders." Ordinary Series B Holders' Objection at 3. As previously represented to the Debtors and as set forth in the *Initial Consenting Series B Preferred Holders' Reply in Support of the Joint Motion for Entry of an Order (I) Approving the Settlement By and Among the Debtors, the Committee, and the Initial Consenting Series B Preferred Holders and (II) Granting Related Relief* (the "Series B Reply"), filed contemporaneously herewith, the fees and expenses of the Initial Consenting Series B Preferred Holders exceed $24 million. Therefore, the Ordinary Series B Holders' Objection should be overruled.

4. The Settlement Agreement was borne out of the mutual desire to avoid costly litigation and a contentious and lengthy confirmation process with a corresponding increase in professional fees. The agreement reached between the Debtors, the Committee, and the Initial Consenting Series B Preferred Holders—of which the proposed allocation is an integral part—was thoughtfully negotiated and is eminently reasonable. The Settlement not only unlocks tremendous value for the Debtors' creditors but also affords the Debtors and all parties priceless certainty of the way forward. For the reasons set forth herein and the Motion, the Court should overrule the Objections and grant the relief requested in the Motion.

| | |
|---|---|
| New York, New York<br>Dated: July 17, 2023 | */s/ Joshua A. Sussberg*<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C.<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone: (212) 446-4800<br>Facsimile: (212) 446-4900<br>Email: joshua.sussberg@kirkland.com<br><br> - and -<br><br>Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)<br>Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)<br>Christopher S. Koenig<br>Dan Latona (admitted *pro hac vice*)<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Telephone: (312) 862-2000<br>Facsimile: (312) 862-2200<br>Email: patrick.nash@kirkland.com<br>ross.kwasteniet@kirkland.com<br>chris.koenig@kirkland.com<br>dan.latona@kirkland.com<br><br>*Counsel to the Debtors and Debtors in Possession* |