Dennis F. Dunne
Nelly Almeida
**MILBANK LLP**
55 Hudson Yards
New York, NY 10001
Tel:  (212) 530-5000
Fax: (212) 660-5219

Andrew M. Leblanc
Melanie Westover Yanez
**MILBANK LLP**
1850 K Street, NW, Suite 1100
Washington, DC 20006
Tel:  (202) 835-7500
Fax: (202) 263-7586

*Counsel to Community First Partners, LLC,*
*Celsius SPV Investors, LP, and Celsius*
*New SPV Investors, LP*

Joshua M. Mester (admitted *pro hac vice*)
**JONES DAY**
555 South Flower Street
Fiftieth Floor
Los Angeles, CA 90071
Tel:  (213) 489-3939
Fax: (213) 243-2539

*Counsel to CDP Investissements Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**INITIAL CONSENTING SERIES B PREFERRED HOLDERS' REPLY IN SUPPORT
OF THE JOINT MOTION FOR ENTRY OF AN ORDER (I) APPROVING
THE SETTLEMENT BY AND AMONG THE DEBTORS,
THE COMMITTEE, AND THE INITIAL CONSENTING SERIES B
PREFERRED HOLDERS AND (II) GRANTING RELATED RELIEF**

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 USA LLC (9450); and GK8 UK Limited (0893).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

Community First Partners, LLC, Celsius SPV Investors, LP, Celsius New SPV Investors, LP, and CDP Investissements Inc. (collectively, the "Initial Consenting Series B Preferred Holders"), as beneficial holders, or investment advisors or managers of beneficial holders, of Series B Preferred Shares issued by Celsius Network Limited ("CNL"), by and through their undersigned counsel, respectfully submit this reply (the "Reply") in support of the *Joint Motion for Entry of an Order (I) Approving the Settlement by and Among the Debtors, the Committee, and the Initial Consenting Series B Preferred Holders, and (II) Granting Related Relief* [Dkt. No. 2899] (the "Motion") and in response to the *Limited Objection of Andersen Invest Luxembourg S.A. SPF, J.R. Investment Trust and David Hoffman to the Proposed Settlement* [Dkt. No. 3002] (the "Limited Objection").[2] The Initial Consenting Series B Preferred Holders respectfully state as follows:

1.      The Limited Objection raises the question of whether the settlement results in a windfall to the Initial Consenting Series B Preferred Holders.  It does not.  The Initial Consenting Series B Preferred Holders have engaged for 10 months in protracted litigation with the Debtors and the Official Committee of Unsecured Creditors (the "Committee") in these chapter 11 cases.[3] Such litigation has included, among other things, seeking appointment of an official equity committee, argument that the Debtors' schedules should be amended to reflect customer claims in United States dollars,  successful litigation concerning whether account holders' contractual claims under the Terms of Use were limited to Celsius Network LLC ("LLC"), defending the account holder liability decision on appeal, opposing the Committee's request to file and prosecute a class

---

[2]     The Initial Consenting Series B Preferred Holders understand that the *Limited Objection to the Joint Motion for Entry of An Order (I) Approving the Settlement By and Among the Debtors, the Committee, and the Initial Consenting Series B Preferred Holders and (II) Granting Related Relief* [Dkt. No. 3013] filed by Immanuel J. Herrmann and Daniel A. Frishberg has been resolved.

[3]     Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

proof of claim on behalf of account holders against CNL based on alleged fraud, and litigation concerning the substantive consolidation of LLC and CNL, estimation of an intercompany claim between LLC and CNL, and a constructive fraudulent transfer claim on behalf of LLC's estate against CNL. In so doing, the Initial Consenting Series B Preferred Holders have, among other things, prepared and submitted numerous pleadings; taken and defended numerous depositions; reviewed and produced tens of thousands of documents; and argued before this Court at multiple hearings. In addition, they have engaged two law firms, a financial advisor, and experts in order to properly prosecute these positions.

2.      All told, the Initial Consenting Series B Preferred Holders have incurred more than $24 million in professional fees and expenses[4] pursuing alone litigation positions that, if successful, would have benefitted all holders of Series B Preferred Shares. Nevertheless, as part of the Settlement Agreement, the Initial Consenting Series B Preferred Holders agreed to share $1 million of the $25 million in Settlement Funds *pro rata* with *all* holders of Series B Preferred Shares. The Settlement Agreement's provision of $24 million to the Initial Consenting Series B Preferred Holders on account of more than that in fees and expenses they incurred is therefore appropriate and in no way results in a windfall to the Initial Consenting Series B Preferred Holders. Accordingly, the primary assumption of the Limited Objection is wrong and the crux of the objection is null. *See Limited Objection* at 3 ("Assuming that the $24 million does not reflect the actual expenses and fees of the Initial Consenting Series B Preferred Holders . . . .").

---

[4]    If any holder of Series B Preferred Shares issued by CNL, including objectors Andersen Invest Luxembourg S.A. SPF, J.R. Investment Trust, and David Hoffman, requires more than the representation herein, and agrees to appropriate confidentiality restrictions, reasonable additional information regarding the professional fees and expenses incurred by the Initial Consenting Series B Preferred Holders will be provided upon request of any such holder of Series B Preferred Shares issued by CNL.

3.       In any event, whether a settlement under Bankruptcy Rule 9019 that incorporates the payment of professional fees can be approved depends on the facts and circumstances of the proposed settlement and bankruptcy cases.  *See In re Adelphia Comms. Corp.*, 441 B.R. 6, 14 n.23 (Bankr. S.D.N.Y. 2010) ("Whether the payment of [professional] fees is in the best interests of the estate, or if the settlement as a whole is in the best interests of the estate notwithstanding a payment of fees provision, would at least seemingly turn on the particular facts as to the settlement, the underlying controversy, and the umbrella bankruptcy case.").  As described in the Motion, the Settlement is in the best interest of the Debtors' estates and is fair and reasonable in its provision for the payment of the Initial Consenting Series B Preferred Holders' fees and expenses.  *See* Motion ¶ 31.

4.       The Limited Objection's extensive reliance on one case, *In re Cosmoledo LLC*, No. 20-12117 (MEW), 2022 Bankr. LEXIS 1137 (Bankr. S.D.N.Y. Apr. 27, 2022), and lengthy discussion of "incentive awards" is misplaced.  *See* Limited Objection at 3-4.  In *Cosmoledo*, the court reviewed a motion to approve a class action settlement and declined to approve an "incentive award" to a class representative.  *See In re Cosmoledo LLC*, No. 20-12117 (MEW), 2022 Bankr. LEXIS 1137, at *2, 19.  *Cosmoledo* is entirely inapposite.  This is not a class action settlement and the Initial Consenting Series B Preferred Holders are not class representatives.  More importantly, the Settlement Agreement's provision of any funds to the Initial Consenting Series B Preferred Holders or any Series B Preferred Holder is entirely on account of the singular efforts of the Initial Consenting Series B Preferred Holders; no part of the $24 million is an "incentive award" to the Initial Consenting Series B Preferred Holders.

5.       The Settlement Agreement provides that the remaining $1 million of the Settlement Funds will be distributed to *each* Series B Preferred Holder in respect of their Pro Rata Share (as

4

such term is defined in the Settlement Agreement).  The Initial Consenting Series B Preferred

Holders are Series B Preferred Holders, and the Settlement Agreement is thus clear—contrary to

the argument in the Limited Objection—that the Initial Consenting Series B Preferred Holders will

receive their Pro Rata Share of the $1 million.

6.      The Initial Consenting Series B Preferred Holders encourage the Court to grant the

relief requested in the Motion and allow these cases to proceed to the next phase, distributions to

creditors and emergence from chapter 11.

### Notice

7.      Notice of this Reply has been provided in accordance with the procedures set forth

in the *Amended Final Order (I) Establishing Certain Notice, Case Management, and
Administrative Procedures and (II) Granting Related Relief* [Dkt. No. 1181].  The Initial

Consenting Series B Preferred Holders respectfully submit that no further notice is required.

*[Remainder of page intentionally left blank]*

WHEREFORE the Initial Consenting Series B Preferred Holders respectfully request that the Court grant the relief requested in the Motion.

Dated:    New York, New York
          July 17, 2023

/s/ Dennis F. Dunne
Dennis F. Dunne
Nelly Almeida
**MILBANK LLP**
55 Hudson Yards
New York, NY 10001
Tel:  (212) 530-5000
Fax: (212) 660-5219
Email: ddunne@milbank.com
      nalmeida@milbank.com

- and -

Andrew M. Leblanc
Melanie Westover Yanez
**MILBANK LLP**
1850 K Street, NW, Suite 1100
Washington, DC 20006
Tel:  (202) 835-7500
Fax: (202) 263-7586
Email: aleblanc@milbank.com
      mwyanez@milbank.com

*Counsel to Community First Partners, LLC,*
*Celsius SPV Investors, LP, and Celsius*
*New SPV Investors, LP*

/s/ Joshua M. Mester
Joshua M. Mester
**JONES DAY**
555 South Flower Street
Fiftieth Floor
Los Angeles, CA 90071
Tel:  (213) 489-3939
Fax: (213) 243-2539
Email: jmester@jonesday.com

*Counsel to CDP Investissements Inc.*