UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**ORDER GRANTING MOTION OF
EUCLID FINANCIAL INSTITUTION UNDERWRITERS, LLC,
A DULY AUTHORIZED AGENT OF CERTAIN UNDERWRITERS AT
LLOYDS OF LONDON AND REPUBLIC VANGUARD INSURANCE COMPANY
FOR RELIEF FROM THE AUTOMATIC STAY TO THE EXTENT APPLICABLE**

Upon the motion of Euclid Financial Institution Underwriters, LLC, a duly authorized agent of Certain Underwriters at Lloyds of London and Republic Vanguard Insurance Company (collectively "Underwriters") [Docket No. 2585] (Case No. 22-10964)[2] for relief from the Automatic Stay, to the extent applicable, seeking authority to reimburse from a Directors & Officer's Liability and Corporate Securities Liability insurance policy, Policy No. EFI1203088-00, (the "Policy") issued by Underwriters to one of the Debtors, namely, Celsius Network, Inc. ("Celsius Network"), for certain defense costs being incurred by the Individual Insureds under the Policy issued to Celsius Network and its subsidiaries (collectively, "Celsius"), and notice of the motion having been properly given, and having considered all objections or other responses to the motion (if any), and the Court having reviewed the motion pursuant to 11 U.S.C. §§362(d), 541(a) and 105(a), and Fed. R. Bankr. P. 4001(a) and 9014, and found good cause to enter the relief

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] Capitalized terms not defined herein shall have the same meaning ascribed to them in the Motion.

requested by the motion, now therefor,

**IT IS HEREBY ORDERED:**

1. To the extent applicable, the automatic stay imposed by 11 U.S.C. §362(a) in the respective proceedings is hereby modified solely to the extent necessary to allow Underwriters to advance and/or make payments under the Policy for **Defense Costs** incurred by the **Individual Insureds** who have been sued in an arbitration and in multiple state and federal court lawsuits (including a draft of an adversary proceeding in this court), and who have received demand letters and/or emails, subpoenas, formal and/or informal requests for documents and information or formal letters, received subpoenas or formal letters announcing investigations or requests for documents or information in connection with various investigations by multiple state and federal regulators and/or Attorneys General, as well as from certain foreign regulators situated in Canada and the United Kingdom, subject to Underwriters' determination that the above are potentially covered under the Policy and subject to a reservation of rights by Underwriters or by any of the **Insureds** under the Policy and applicable law.

2. Nothing herein shall constitute a finding by the Court that the proceeds of the Policy are or are not property of the Debtors' estates, and the Court makes no finding as to the applicability of the automatic stay imposed by 11 U.S.C. §362(a) to the Policy proceeds.

3. Underwriters shall provide written quarterly updates on the amount of Defense Costs advanced on behalf of the Individual Insureds under the Policy to the U.S. Trustee, Kirkland & Ellis LLP as counsel to the Debtors, and White & Case LLP as counsel to the Official Committee of Unsecured Creditors (the "Committee") until the Limits of Liability of the Policy are fully eroded. Such quarterly updates shall include, on a per individual basis, (1) the name of the Individual Insured who received advances and/or payments; (2) the nature of the claim(s); (3) the

dollar amount of the claim(s) submitted and the amount actually advanced and/or paid; (4) the identity of counsel representing the Individual Insured (if applicable); and (5) the amount of liability coverage remaining under the Policy. Any Individual Insureds receiving insurance proceeds pursuant to this Order shall be required to sign the letter attached hereto as **Exhibit A** consenting to the jurisdiction of this Court, with respect to the Policy.

4. For the avoidance of doubt, this Order only authorizes Underwriters to make advances and/or payments for the **Defense Costs** of the **Individual Insureds**. Nothing herein authorizes Underwriters to make any payments in connection with any other type of **Loss** (i.e., a non-**Defense Cost Loss**). A further order from this Court is required for the payment of any non-**Defense Costs Loss**, including any settlement.

5. Nothing herein shall prejudice the current or future position of Underwriters or any **Insured** under the Policy, and the parties reserve all rights, with respect to (1) the appropriateness of any obligation on Underwriters or restriction on the operation of the Policy contemplated by this Order; or (2) the appropriateness of any other obligation on Underwriters or restriction on the operation of the Policy. The parties also reserve their rights to seek to modify this order.

6. Any and all advancements or payments by Underwriters shall reduce the Policy's Limits of Liability in a like amount to the extent permitted under the terms and conditions of the Policy, unless or until such amounts are repaid to Underwriters.

7. Nothing in this Order shall constitute (1) a waiver, modification or limitation of Underwriters' reservation of all rights, remedies and defenses under the Policy and otherwise; (2) a waiver, modification or limitation of any of the terms or conditions of the Policy; or (3) a finding that such sums are due and owing, or in what amount, under the Policy. Similarly, nothing in this

Order shall constitute a waiver, modification of limitation of any rights of the U.S. Trustee or any other **Insured** under the Policy.

8. This Order is immediately valid and fully effected upon its entry and the 14 day stay pursuant to Fed. R. Bankr. Proc. 4001(a) is hereby waived.

9. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**IT IS SO ORDERED.**
Dated:  July 18, 2023
　　　　New York, New York

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　 **/s/ Martin Glenn**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　MARTIN GLENN
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Chief United States Bankruptcy Judge

# **Exhibit A**

Jurisdiction Agreement

[Individual Insured]
[Address]
[City, State ZIP]

Re: Consent to Jurisdiction of the United States Bankruptcy Court for the Southern District of New York with Respect to Policy Number EFI1203088-00 (the "Policy")

Dear [Individual Insured]:

As you are aware, Celsius Network LLC and certain of its affiliates (together, "Celsius" or the "Debtors")[3] are currently operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.[4] On July 10, 2023, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") issued the *Memorandum Opinion Granting Motion for Relief From the Automatic Stay, to Allow Advancement and Payment of Insureds' Defense Costs Under D&O Policies* [Docket No. 2981] (the "Opinion"), a copy of which is attached hereto as **Exhibit A**. In the Opinion, the Bankruptcy Court granted Euclid Financial Institution Underwriters, LLC, a duly authorized agent of Certain Underwriters at Lloyds of London and Republic Vanguard Insurance Company (collectively, the "D&O Insurers") relief from the automatic stay pursuant to section 362 of the Bankruptcy Code to advance reasonable and necessary Defense Costs incurred by Individual Insureds under the Policy in connection with the arbitration, pending lawsuits, and investigations, as well as additional matters that may arise in the future, subject to D&O Insurers' determination that such matters are potentially covered under the Policy (all as defined in the Opinion).

In addition, as further set forth in the Opinion, "the [Bankruptcy] Court [] require[s] any Individual Insureds receiving insurance proceeds pursuant to this [Bankruptcy] Court's decision [to] consent to the jurisdiction of this [Bankruptcy] Court, with respect to the Policy." *See* Opinion at 23. Because the D&O Insurers have determined that you are entitled to certain proceeds of the Policy, you are required to consent to the jurisdiction of the Bankruptcy Court with respect to the Policy as a condition to receiving any insurance proceeds under the Policy.

Please sign the below and return this letter to the following parties (email being sufficient): (a) Celsius Network LLC, 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030, Attn: Ron Deutsch (ron.deutsch@celsius.network); (b) counsel to the Debtors, Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois 60654; Attn: Ross M. Kwasteniet, P.C. (ross.kwasteniet@kirkland.com) and Christopher S. Koenig (chris.koenig@kirkland.com), and Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Elizabeth H. Jones (elizabeth.jones@kirkland.com); and (c) counsel to the Committee, White & Case LLP, 555 South Flower Street, Suite 2700, Los Angeles, California 90071, Attn: Aaron E. Colodny

---

[3] The Debtors in the chapter 11 cases are: Celsius Network LLC; Celsius KeyFi LLC; Celsius Lending LLC; Celsius Mining LLC; Celsius Network Inc.; Celsius Network Limited; Celsius Networks Lending LLC; Celsius US Holding LLC; GK8 Ltd.; GK8 UK Limited; and GK8 USA LLC.

[4] *See In re Celsius Network LLC, et al.*, Case No. 22-10964 (MG) (Bankr. S.D.N.Y).

(aaron.colodny@whitecase.com), and White & Case, LLP 200 South Biscayne Blvd., Suite 4900, Miami, Florida 33133, Attn: Cecilia Walker (cecilia.walker@whitecase.com).

      I, [Individual Insured] consent to the jurisdiction of the Bankruptcy Court with respect to the Policy.

Accepted by:

_____
[Individual Insured]