**Joshua B. Cole**
4535 Del Rio Ln
Bonita Springs, FL 34134
*Pro Se*
(701) 570-6173
joshuacole@hotmail.com

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*[1] | Case No. 22-10964 (MG) |
| Debtor. | |

## NOTICE OF HEARING ON CREDITOR'S MOTION FOR RELIEF OF AUTOMATIC STAY AND DECLARATION OF SECURED CREDITOR STATUS

**PLEASE TAKE NOTICE** that a hearing on the Creditor's *Motion for Relief of Automatic Stay and Declaration of Secured Creditor Status* (the "Motion"), will be held on **August 29, 2023** at **11:00 a.m., prevailing Eastern Time** (the "Hearing") before the Honorable Martin Glenn, Chief United States Bankruptcy Judge.

**PLEASE TAKE FURTHER NOTICE** that the Hearing will take place in a hybrid fashion both in person and via Zoom for Government. Those wishing to participate in the Hearing in person may appear before the Honorable Martin Glenn, Chief United States Bankruptcy Judge, in the United States Bankruptcy Court for the Southern District of New York, in Courtroom No. 523, located at One Bowling Green,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

New York, New York 10004-1408. For those wishing to participate remotely, in accordance with General Order M-543 dated March 20, 2020, the Hearing will be conducted remotely using Zoom for Government. Parties wishing to appear at the Hearing, whether making a "live" or "listen only" appearance before the Court, need to make an electronic appearance (an "eCourtAppearance") through the Court's website at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl.    When    making    an eCourtAppearance, parties must specify whether they are making a "live" or "listen only" appearance. Electronic appearances (eCourtAppearances) need to be made **by 4:00 p.m., prevailing Eastern Time, the business day before the hearing (i.e., on Monday, August 28, 2023)**.

**PLEASE TAKE FURTHER NOTICE** that due to the large number of expected participants in the Hearing and the Court's security requirements for participating in a Zoom for Government audio and video hearing, all persons seeking to attend the Hearing at 11:00 a.m., prevailing Eastern Time on August 29, 2023, must connect to the Hearing beginning at 10:00 a.m., prevailing Eastern Time on August 29, 2023. When parties sign in to Zoom for Government and add their names, they must type in the first and last name that will be used to identify them at the Hearing. Parties that type in only their first name, a nickname or initials will not be admitted into the Hearing. When seeking to connect for either audio or video participation in a Zoom for Government Hearing, you will first enter a "Waiting Room," in the order in which you seek to connect. Court personnel will admit each person to the Hearing from the Waiting Room after confirming the person's name (and telephone number, if a telephone is used to connect) with their eCourtAppearance. Because of the large number of expected

2

participants, you may experience a delay in the Waiting Room before you are admitted to the Hearing.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the relief requested in the Motion shall: (a) be in writing; (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York; (c) be filed electronically with the Court on the docket of In re Celsius Network LLC, No. 22-10964 (MG) by registered users of the Court's electronic filing system and in accordance with all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York (which are available on the Court's website at http://www.nysb.uscourts.gov); and (d) be served in accordance with the Second Amended Final Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief [Docket No. 2560] (the "**Case Management Order**") by **August 25, 2023, at 4:00 p.m., prevailing Eastern Time**, to (i) the entities on the Master Service List (as defined in the Case Management Order and available on the case website of the Debtors at https://cases.stretto.com/celsius) and (ii) any person or entity with a particularized interest in the subject matter of the Motion.

**PLEASE TAKE FURTHER NOTICE** that only those responses or objections that are timely filed, served, and received will be considered at the Hearing. Failure to file a timely objection may result in entry of a final order granting the Motion as requested by the Debtors.

3

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion and other pleadings filed in these chapter 11 cases may be obtained free of charge by visiting the website of Stretto at https://cases.stretto.com/celsius. You may also obtain copies of the Motion and other pleadings filed in these chapter 11 cases by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

[*Remainder of page intentionally left blank*]

Bonita Springs, Florida                     _/s/ Joshua B. Cole_____
Dated: July 17, 2023


**Joshua B. Cole**
4535 Del Rio Ln
Bonita Springs, FL 34134
***Pro Se***
(701) 570-6173
joshuacole@hotmail.com

**Joshua B. Cole**
4535 Del Rio Ln
Bonita Springs, FL 34134
***Pro Se***
(701) 570-6173
joshuacole@hotmail.com

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

In re:

CELSIUS NETWORK LLC, *et al.*[2]

Debtor.

Chapter 11

Case No. 22-10964 (MG)

## MOTION FOR RELIEF OF
## AUTOMATIC STAY AND DECLARATION OF SECURED CREDITOR STATUS

1.      Joshua B. Cole ("**Cole**"), a *Pro Se* Creditor who pursuant to 11 U.S.C. §§ 361, 362, 363 and Bankruptcy Rules 4001, 6007, requests an order conditioning, modifying, or dissolving the automatic stay imposed by 11 U.S.C. § 362 of the Bankruptcy Code:

### Jurisdiction and Venue

2.      The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York, entered February 1, 2012. Cole confirms his

---

[2] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

consent to the Court entering a final order in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgment in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The basis for the relief requested herein are sections 105(a), 362(d)(1), 363(c)(1), 547(c)(2), 1103(c), and 1109(b) of title 11 of the United States Code (the "Bankruptcy Code"), sections 8-503(a), 8-102(a)(8), 8-102(a)(9)(iii), and 8-102(a)(14) of the Uniform Commercial Code (the "U.C.C."), and Rules 9014(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**Relief Requested**

5.      Cole seeks entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting him relief from the automatic stay of § 362 of the Bankruptcy Code to permit him to proceed under law and for such other and further relief to which he may be entitled. Accordingly, for the reasons set forth herein, the Court should find cause under 11 U.S.C. § 362(d)(1) to recognize Cole's prepetition entitlement orders and Debtor's obligations to close his Earn Account and withdraw his financial assets in the ordinary course of business under 11 U.S.C. § 363(c)(1). Additionally, Cole seeks an order demanding the Debtor to schedule him as a secured creditor under the Debtor's Plan and recognize his security interest perfected by the prepetition filing of UCC-1 financial statements with the offices of the Secretaries of State for Delaware and Florida attached hereto as **Exhibit B** and **Exhibit C**, respectively.

**Facts and Background**

6.     Cole, currently a resident of the state of Florida, engaged the services of

Debtor, Celsius Network LLC, and its related and affiliated entities, (hereafter **"Celsius"**)

beginning on October 13, 2019. Celsius Network LLC registered as a Delaware limited

liability company on June 14, 2021 and as a foreign limited liability company in Florida

on March 2, 2022, as evidenced by the attached filings as **Exhibit D.** The Celsius Terms

of Use are governed by New York law. Cole made various deposits and withdrawals of

cryptocurrencies into his Celsius Earn Account and presumably was earning "rewards" or

interest on his pooled financial assets (cryptocurrencies) based on Celsius' sole

investment decisions. Cole's account balance was reported to be $447,451.39, based on

the *Proof of Funds Report* generated by Celsius and emailed to Cole on July 12, 2022 and

attached hereto as **Exhibit E**.

7.     On or around April 14, 2022, Celsius revised its Terms of Use through the

use of a clickwrap or clickthrough prompt when users signed on to their accounts. Once

signed in, users were informed that it was mandatory for them to accept the new Terms of

Use if they wanted to continue using their services. Cole objected to the April 14, 2022

changes to the Celsius Terms of Use and did not clickthrough the multiple on-screen

prompts. The following clickthrough message was relayed to Cole:

> "If you do not accept our new terms of use you will not be
> able to continue using our services, and will not be eligible
> to earn rewards on your account balances."[3]

8.     The new Terms of Use materially modified the original contract terms

Cole agreed to. Consequently, Cole rejected the new Terms of Use and did not

---

[3] See **Exhibit F** attached for screenshots of the clickthrough prompts.

clickthrough the April 14, 2022 revised Terms of Use and was prevented from accessing his account to begin withdrawing his funds. The only option offered to Cole was to contact customer support to withdraw his funds and close his account. Additionally, under the Celsius Terms of Use § 31 ("Changes in Terms'):

> "The continued <u>maintenance</u> [emphasis added] of your Celsius Account following the effective date of any change will constitute your acceptance of such change and subject your Celsius Account to the modified Terms."[4]

9.      Per the Terms of Use, there is no definition of "maintenance", so this term is ambiguous at best and has no reference to a timeframe.   This provision mirrors language found in the terms of use for various depository financial institutions. Following notice of the revised Terms of Use, Cole could not maintain his account as access to his account or funds was prevented after the April 14, 2022 changes. Cole **did not agree** to the clickthrough prompt and was effectively prevented from accessing his account, unless he accepted the revised Terms of Use. In response, Cole gave formal notice of his rejection of the revised Terms of Use by repeated prepetition notices to Celsius through electronic and certified mail with demands to close his account. Although undefined, "maintenance" of an account would seemingly not include the repeated efforts and demands of a user to close said account. To date, Celsius has not honored its Terms of Use and allowed Cole to close his account and withdraw his funds.

10.      On June 12, 2022, Celsius announced a freeze on withdrawals for all users on its platform. On June 16, 2022, Cole attempted to sign into his Celsius account and was confronted with a clickthrough prompt:

---

[4] See **Exhibit G** attached.

"If you do not agree to our updated Terms of Use, please contact Celsius Support to withdraw your funds and close your account."

Cole attempted to use the on-screen "Chat" feature to contact Celsius Support about withdrawing his funds and closing his account, but this feature was disabled or not working. Cole instead contacted Celsius Support via an email demanding the return of his property. Cole received a generalized e-mail response on June 17, 2022 attached hereto as **Exhibit H**, which included that "Your comments have been forwarded to the Specialist Customer Care team who will review the communication thread in order to offer you a decision or resolution to address the concerns and requests you have raised."

11.     On June 16, 2022, Cole sent a letter with a ***Rejection of Terms of Use and Demand for Return of Property*** via USPS certified mail with return receipt (Tracking Number ending in 4211 91) to Celsius Network LLC at its New Jersey headquarters located at 121 River Street, PH05, Hoboken, NJ 07030.[5]  On June 17, 2022, Cole also emailed an electronic version of his demands to Celsius' legal counsel, which also went unanswered.[6]  USPS records show Cole's first demand letter was accepted and signed for on June 21, 2022.[7]

12.     Despite the foregoing demand notices to Celsius, it refused, ignored or failed to communicate with Cole. Upon receiving no communication from a Celsius Specialist Customer Care team member nor anyone from the Celsius legal department or otherwise, Cole sent a similar letter of ***Rejection of Terms of Use and Demand for Return of Property*** via USPS certified letter with return receipt (Tracking Number

---

[5] See **Exhibit I** attached.

[6] See **Exhibit J** attached.

[7] See **Exhibit K** attached.

ending in 4239 03) to the Corporation Trust Company, as Celsius' registered agent in Delaware.[8]   Records indicate Celsius Network LLC is a Delaware limited liability company, formed on June 14, 2021. USPS records show this letter was accepted and signed for on July 11, 2022.[9]

13.    Celsius has refused or failed to communicate with Cole and fulfill its obligation to allow him to withdraw his funds and close his account. On July 13, 2022, the evening of Celsius' filing for bankruptcy, Cole immediately reached out to Stretto, Celsius' Claims Agent, via an email to voice his concern that his prepetition demands to withdraw his funds and close his account had not been addressed. On July 18, 2022, Cole received another generalized email response from Stretto indicating: "Most account activity is paused until further notice. Celsius is not requesting authority to allow customer withdrawals at this time. Customer claims will be addressed through the Chapter 11 process."[10] Allowing Cole to close his Earn Account and withdraw his financial assets is not preferential and is within the "ordinary course of business" under 11 U.S.C. 547(c)(2) as this was not the first transaction among the parties and Celsius' business model operates on providing a service where loans are repaid "at will". Celsius has the ability and the obligation to close Cole's account and allow him to withdraw his funds.

14.    With no other options or remedies available, Cole exercised his rights under U.C.C. Sections 8 and 9 to perfect a valid security interest in his cryptocurrency, a financial asset, by filing a prepetition UCC-1 financing statement on June 18, 2022 in his

---

[8] See **Exhibit L** attached.

[9] See **Exhibit M** attached.

[10] See **Exhibit N** attached.

domiciliary state of Florida, attached as **Exhibit C** hereto, where Celsius registered as a limited liability company on March 2, 2022. Additionally, Cole filed a prepetition UCC-1 financing statement on June 18, 2002 in the state of Delaware, attached as **Exhibit B** hereto, where Celsius is registered as a limited liability company on June 14, 2021. Celsius and no other party has challenged the validity of these financing statements which have been recorded and public for over one year.

15.     Celsius meets the definition of a securities intermediary. Under Article 8 of the U.C.C., a securities intermediary[11] includes a "custodian" of a "financial asset"[12] who otherwise meets the definition of a securities intermediary.[13] Existing language in Section 8-503(a) of the U.C.C. describes the relationship of a customer whose assets are held by an intermediary such as an exchange, if the exchange is a "securities intermediary," and has agreed with the customer to treat the cryptocurrency as a "financial asset,"[14] and has credited the financial asset to a securities account.[15] This is true under Article 8 even though the securities intermediary holds the financial assets in "fungible" form (i.e., they are commingled). Article 8 codifies the common law custodian rules for transactions within the scope of Article 8, where the customer of the custodian retains its property interest and has a pro rata interest in the commingled assets held by the custodian.

---

[11] "Securities intermediary" is defined in Section 8-102(a)(14) of the U.C.C.

[12] "Financial asset" is defined in Section 8-102(a)(9) of the U.C.C.

[13] U.C.C. § 8-102(a)(14) and Comment 14.

[14] See Section 8-102(a)(9)(iii) of the U.C.C.

[15] Section 8-503(a) provides that "[t]o the extent necessary for a securities intermediary to satisfy all security entitlements with respect to a particular financial asset, all interests in that financial asset held by the securities intermediary are held by the securities intermediary for the entitlement holders, are not property of the securities intermediary, and are not subject to claims of creditors of the securities intermediary, except as otherwise provided in Section 8-511."

16.     As the Court referenced in that *Memorandum Order and Opinion Regarding Ownership of Earn Account Assets* [Docket No. 1822], proposed amendments to the official comments to Article 8 of the U.C.C. primarily serve to make clear that a securities intermediary and a customer of a securities intermediary can agree to treat a cryptocurrency as a "financial asset" and credit it to a securities account with the treatment described above. Under these amendments, cryptocurrencies will fit into a new category of collateral under the U.C.C., referred to as "controllable electronic records" (a form of general intangible) ("**CER**"), which include information stored in a nontangible medium that can be subjected to control. Under these amendments, CERs will have many characteristics of negotiability similar to negotiable instruments and securities.

17.     These revisions to Article 9 of the U.C.C. will provide that a security interest in a CER can be perfected by filing a financing statement, or by obtaining "control" of the CER. Under current blockchain technology, a secured party normally would obtain control of a cryptocurrency that is a CER if the secured party has the private key. A secured party can also have control through a custodian that has control for the benefit of a secured party. Cole exerted control over his property based on exercising his "call option" evidenced by his numerous prepetition demands to Celsius for the return of his cryptocurrencies. Celsius has an obligation to recognize Cole's prepetition "call option" and is a custodian of his cryptocurrencies until it is returned to him. Where a securities intermediary and a customer of a securities intermediary agree to treat a cryptocurrency as a "financial asset"[16] and credit it to a securities account, the customer would have "security entitlement" related to the cryptocurrency, and the secured party

---

[16] See Section 8-102(a)(9)(iii) of the U.C.C.

could obtain and perfect a security interest in such security entitlement under existing procedures under Articles 8 and 9 of the U.C.C.[17]

18.    The primary financial asset composing 98% of Cole's account is $438,865.22 of USD Coin.[18]  USD Coin ("**USDC**') is a digital stablecoin pegged to the United States dollar and is managed by a consortium called Centre, which was founded by Circle Internet Financial and includes as its members Coinbase, a cryptocurrency exchange, and Bitmain, a Bitcoin mining company. According to Circle, "USDC is backed by the equivalent value of U.S. dollar denominated assets held as reserves for the benefit of USDC holders. Cash is held at U.S. financial institutions. The portfolio of the Circle Reserve Fund, which consists today of short-dated US Treasuries and cash, is custodied at The Bank of New York Mellon and is managed by BlackRock."[19]

19.    Celsius' Earn Account and virtually all of Cole's holdings in his Earn Account are investment contracts or securities.[20]  SEC Chairman Gary Gensler has previously said he believes some stablecoins are securities, which requires registration

---

[17] Section 8-503(a) provides that "[t]o the extent necessary for a securities intermediary to satisfy all security entitlements with respect to a particular financial asset, all interests in that financial asset held by the securities intermediary are held by the securities intermediary for the entitlement holders, are not property of the securities intermediary, and are not subject to claims of creditors of the securities intermediary, except as otherwise provided in Section 8-511.

[18] See **Exhibit E**.

[19] Available at https://www.circle.com/en/usdc last accessed April 27, 2023.

[20] See *Friel v. Dapper Labs, Inc.,* —F. Supp. 3d—, 2023 WL 2162747, at *1 (S.D.N.Y. 2023). The Court held that plaintiffs adequately alleged that the digital assets in question were securities subject to SEC registration requirements. The Court's analysis focused on securities within the meaning of the Securities Act, which defines a security to include an "investment contract." The Court observed that the Supreme Court has defined "investment contract" as "a contract, transaction or scheme whereby a person invests [their] money in a common enterprise and is led to expect profits solely from the efforts of the promoter or a third party."  Id at *7. (citing *SEC v. W.J. Howey Co*., 328 U.S. 293, 298-99 (1946)).

and additional regulatory oversight.[21] Given the broad state and federal definitions of a security, USDC falls squarely under this definition because the reserves backing USDC are managed by the aforementioned Circle Reserve Fund, which is a money market fund managed by BlackRock and specializes in money, cash, and treasuries.  In February of 2023, the SEC issued a Wells Notice to Paxos, the creator of BUSD, a stablecoin similar to USDC, recommending an action alleging that BUSD is a security and that Paxos should have registered the offering of BUSD under the federal securities laws.[22]  In June of 2023, the SEC charged the aforementioned Coinbase, Inc. with operating its crypto asset trading platform as an unregistered national securities exchange, broker, intermediary, and clearing agency. On July 13, 2023, the SEC filed a complaint again Celsius and Mr. Mashinsky alleging among other things, the Celsius' Earn interest Program constituted a **<u>security</u>**.  The SEC further alleges in its complaint that "Celsius and Mashinsky never filed a registration statement or had one in effect with the SEC for their **<u>offers and sales of securities through the Earn Interest Program</u>**."[23]

20.    Cole sought to place his financial assets (mainly composed of USDC), with a regulated, responsive and SEC-approved firm. Both Celsius and Mr. Mashinsky represented on several occasions that Celsius, in contrast to its competitors, had registered with the Securities and Exchange Commission. For example, during a media interview in December 2020, Mr. Mashinsky stated, "Celsius from day one, one of the

---

[21] Available at https://www.reuters.com/technology/secs-gensler-says-cftc-authority-over-stablecoins-should-be-bolstered-2022-10-14/ last accessed April 27, 2023.

[22] Available at https://paxos.com/2023/02/13/paxos-issues-statement/ last accessed April 27, 2023.

[23] *SEC vs. Celsius Network Limited and Alexander "Alex" Mashinsky* Case No. 1:23-cv-6005 (S.D.N.Y.).

first things we did . . . was register with the SEC . . . ."[24] The Celsius website also included two references to being SEC-regulated: "September 2020 SEC Regulation and April 2018 SEC Regulation."[25] In December 2021, Mr. Mashinsky was quoted in Barron's as saying, "The regulators looked into us and said these guys know what they're doing."[26] Additionally, Mashinsky also compared Celsius' lending of investor cryptocurrencies to securities lending by securities broker-dealers, such as Schwab, Fidelity, Blackrock, or State Street. On April 26, 2021, in a now private YouTube interview, Mashinsky stated that "the only difference between [securities] lending … and Celsius, which is digital asset lending, is that Celsius gives 80% of that to the depositor, to the user…."[27]

21.     Cole deposited his funds into Celsius' aggressively advertised Earn Account, which Mr. Mashinsky routinely described as safe and regulatory compliant. Celsius pooled Cole's financial assets with other Earn Account holder's assets and invested them in various revenue-generating activities. Celsius had full control over its use of Cole's financial assets and investors had no discretion or control over Celsius' investment decisions. Celsius' "sleep to earn" or Earn Account program is a security under federal and New York law. In fact, on January 5, 2023, the New York Attorney

---

[24] Celsius Network: Regulations & Yield on Crypto Assets, RealVision (Dec. 6, 2020), available at https://www.realvision.com/shows/cryptoverse/videos/celsius-network-regulationsyield-on-crypto-assets-2QXo last accessed April 27, 2023.

[25] Why Trust Celsius, Celsius, available at https://celsius.network/why-trust/celsius/ last accessed April 27, 2023.

[26] Lending Your Crypto Could Generate Attractive Yields. But How Safe Is It?, Barron's Online (December 12, 2021) last accessed April 28, 2023.

[27] Was available at https://www.youtube.com/watch?v=W96TUZxClKc last accessed December 22, 2022.

General filed a complaint against Alex Mashinsky for failure to register as a salesperson for Celsius and as a securities and commodities dealer.

22.    Cole justifiably relied upon Mr. Mashinsky's declarations that Celsius was registered with the SEC and SEC-regulated and was entrusted to deal with securities. Cole retained redemption rights to his deposits (with rights to a "call option") and Celsius, acting as a securities intermediary, treated Cole's deposits as securities or "financial assets." As long as the relationship between the securities intermediary and the customer creates a "securities account" (U.C.C. § 8-501, Comment 1), the securities intermediary and its customer (referred to as an "entitlement holder") can agree to have any asset treated as a "financial asset" under U.C.C. § 8-102(a)(9)(iii).

23.    Cole was, and is, an entitlement holder and through their course of conduct, the parties agreed to treat his property as either a security or financial asset under the U.C.C. More importantly, the Celsius Earn Account and Cole's financial assets **are** securities under both federal and New York law. Under the Celsius Terms of Use § 11 ("Withdrawals"), users had a "call option on all loans made to Celsius to demand immediate, complete or partial repayment of any loan at any time."[28] Cole had redeemed his property in the past and Cole's right of redemption granted him a security entitlement in his financial assets. Security interests in both general intangibles and investment property may be perfected by control. Cole attempted to exercise control by demanding his right of redemption, but Celsius denied Cole by limiting access to his account and ignoring his demands. Cole exercised a valid prepetition "entitlement order[29]" which under the U.C.C. "means a notification communicated to a securities intermediary

---

[28] Excerpts from *Terms of Use Last Revised: April 14, 2022* attached as **Exhibit H.**

[29] See U.C.C. § 8-102(a)(8).

directing transfer or redemption of a financial asset to which the entitlement holder has a security entitlement."

24.    While the Celsius Terms of Use § 10 ("Risk Disclosure"), purports to disclaim that "Your Celsius Account does not constitute an investment contract or a security," for the many reasons listed herein, the parties conduct indicates otherwise. Under New York law, a written contract may be modified by course of conduct.[30] Celsius' conduct, from statements on its website and many declarations from its CEO, Alex Mashinsky, who claimed Celsius was SEC approved, could only mean that its Earn Account and other services constituted being a securities exchange, broker, intermediary, and clearing agency. Through their conduct and course of business, Cole and Celsius agreed with these mutual modifications to the Terms of Use and Cole duly perfected a security interest in his financial assets by filing prepetition financing statements.

25.    Celsius acted as an unregistered securities exchange, broker, intermediary and clearing agency, based on their conduct and services.  Cole retained a security entitlement in his financial assets (cryptocurrency), which he exercised his right of redemption, and Celsius refused, ignored or failed to respond to his numerous prepetition demands to close his account and withdraw his financial assets. Accordingly, Cole perfected his security interest in his financial assets by filing prepetition financing statements in Florida and Delaware, listing his USDC cryptocurrency as collateral. Celsius has not objected to these prepetition financing statements and has constructive

---

[30] See *Rao v. International Licensing Industry Merchandisers' Association*, 2015 NY Slip Op. 31281(U). A written agreement can be changed by the parties' course of conduct. For a contract to be modified or altered, all parties must consent. Consent to contract modification may be shown by the parties' conduct. (Internal quotations and citations omitted).

notice by the recordings in Delaware and Florida and actual notice by Cole's two filed

Proofs of Claim,[31] both claiming a secured claim amount.

## Motion Practice

26.     This Motion includes citations to the applicable rules and statutory

authorities upon which the relief herein is predicated and a discussion of their application

to this Motion. Accordingly, Cole submits that this Motion satisfies Local Rule 9013-

1(a).

## Notice

27.     Cole will provide notice of this Motion to the following parties or their

respective counsel: (a) the U.S. Trustee; (b) the Debtors; (c) the holders of the 50 largest

unsecured claims against the Debtors (on a consolidated basis); (d) the United States

Attorney's Office for the Southern District of New York; (e) the Internal Revenue

Service; (f) the offices of the attorneys general in the states in which the Debtors operate;

(g) the Securities and Exchange Commission; (h) the Chapter 11 examiner; (i) counsel to

the Series B Preferred Equity Group; and (j) any party that has requested notice pursuant

to Bankruptcy Rule 2002. Cole submits that, in light of the nature of the relief requested,

no other or further notice need be given.

## Reservation of Rights

28.     Cole reserves all of his rights to supplement or amend this Motion.

## Conclusion

29.     Cole has demonstrated prima facie that Celsius has an obligation to satisfy

Cole's prepetition entitlement orders, demanding to close his account and withdraw his

financial assets. Further, the parties mutually agreed by their conduct, actions, and

---

[31] See **Exhibit O** attached.

statements, that Cole's financial assets are securities and the Earn Account and other services offered by Celsius were those of a de facto securities exchange, broker, intermediary, and clearing agency. Accordingly, Cole retained a security entitlement in his cryptocurrencies, which are securities or financial assets as defined under the U.C.C. For these reasons, the Court should find cause under 11 U.S.C. §362(d)(1)[32] to grant Cole relief from the automatic stay.

30.     For the reasons set forth herein, Cole respectfully requests the Court order Celsius to satisfy his prepetition demand and Celsius' obligation to close his Earn Account and withdraw his funds in the ordinary course of business. Additionally, Cole requests the Court find he is a secured creditor with a valid security entitlement and satisfied all the elements under the U.C.C. to perfect a valid security interest in his account, deposits, securities, or financial assets by filing UCC-1 financing statements in Florida and Delaware, and enter an order conditioning, modifying, or dissolving the automatic stay.

Bonita Springs, Florida                   Respectfully submitted,
Dated: July 17, 2023

                                          */s/ Joshua B. Cole*


                                          **Joshua B. Cole**
                                          4535 Del Rio Ln
                                          Bonita Springs, FL 34134
                                          ***Pro Se***
                                          (701) 570-6173
                                          joshuacole@hotmail.com

---

[32] The Bankruptcy Code does not define the phrase "for cause." *In re Residential Cap*., LLC, 2015 WL 1281960, at *3 (Bankr. S.D.N.Y. Mar. 18, 2015). The legislative history indicates that it is intended to be a flexible standard. See S. Rep. No. 989, 95th Cong., 2d Sess. 52, reprinted in 1978 U.S. Code Cong. & Admin. News 5787, 5838

[*Page intentionally left blank*]

**EXHIBIT A**

Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*[33] | Case No. 22-10964 (MG) |
| Debtor. | |

**ORDER (I) GRANTING COLE RELIEF FROM THE AUTOMATIC
STAY, AND (II) AUTHORIZING AND DIRECTING THE DEBTOR
TO ALLOW COLE TO CLOSE HIS EARN ACCOUNT AND
WITHDRAW HIS FUNDS, AND (III) DECLARING COLE
PERFECTED A VALID SECURITY INTEREST AND ORDERING
THE DEBTOR TO RECOGNIZE COLE AS A SECURED CREDITOR**

Upon the motion (the "Motion") of Cole for entry of an order (this "Order"),
granting relief from the automatic stay and directing the Debtors to reopen withdrawals
from the Withhold Accounts, and granting related relief, all as more fully set forth in the
Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157
and 1334 and the Amended Standing Order of Reference from the United States District
Court for the Southern District of New York, entered February 1, 2012; and this Court
having the power to enter a final order consistent with Article III of the United States
Constitution; and this Court having found that venue of these cases in this district is
proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the

---

[33] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax
identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC
(8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554);
Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK
Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place
of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F,
Hoboken, New Jersey 07030.

relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that Cole's notice of the Motion and the Order and opportunity for a hearing thereon were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore,

The Court finds that:

1.      Celsius notified Cole he "will not be able to continue using our services" and effectively blocked him from accessing his account unless he agreed to the April 14, 2022 Revised Terms of Use.

2.      Cole did not accept and clickthrough the proposed April 14, 2022 Revised Terms of Use.

3.      As an entitlement holder, Celsius has an obligation to close Cole's Earn Account and allow him to withdraw his financial assets.

4.      Celsius has refused or failed to act on Cole's prepetition and written demands to exercise his entitlement order to close his Earn Account and withdraw his financial assets.

5.      Allowing Cole to close his Earn Account and withdraw his financial assets falls under the ordinary course of business under 11 U.S.C. 363(c)(1).

6.      Celsius' Earn Account and Cole's USDC and other cryptocurrencies are financial assets and are broadly defined as securities as they are investment contracts or instruments through which a person invests money in a common enterprise and

reasonably expects profits or returns derived from the entrepreneurial or managerial efforts of others and are subject to the same treatment under the U.C.C.

7.      Celsius represented and conducted itself as a securities exchange, broker, intermediary, and clearing agency and the parties mutually agreed to treat Celsius' Earn Program and Cole's cryptocurrency like a financial asset in a securities account under Article 8-503(a) of the U.C.C.

8.      Cole has a security entitlement in his financial assets based on the conduct and understanding among the parties that Celsius was a de facto securities exchange, broker, intermediary, and clearing agency and Cole communicated to Celsius a prepetition entitlement order directing the transfer or redemption of his financial assets.

9.      Cole satisfied all the elements under the U.C.C. to perfect a valid security interest in his Earn Program account, deposits, securities, or financial assets by filing UCC-1 financing statements in Delaware and Florida; both jurisdictions where Celsius is a registered entity.

10.     Other good and sufficient cause exists for granting the relief requested in the Motion.

THEREFORE, IT IS HEREBY ORDERED THAT:

11.     The Motion is granted as set forth in this Order.

12.     Cole's relief from the automatic stay for cause under 11 U.S.C. §362(d)(1) is hereby granted.

13.     Celsius is authorized and directed to permit Cole to close his Earn Account and withdraw all financial assets held in his account in the normal course of business under 11 U.S.C. 363(c)(1).

14.     Additionally, Celsius is ordered to schedule and recognize Cole as a secured creditor.

15.     Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

16.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

17.     Celsius is authorized and directed to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

18. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.


New York, New York
Dated: _____, 2023


_____
THE HONORABLE MARTIN GLENN
CHIEF UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT B**

UCC-1 Financing Statement for Delaware

# UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS

**A. NAME & PHONE OF CONTACT AT FILER (optional)**
(701) 570-6173

**B. E-MAIL CONTACT AT FILER (optional)**
JOSH@BAKKENOIL.COM

**C. SEND ACKNOWLEDGMENT TO:   (Name and Address)**

JOSHUA B. COLE

4535 DEL RIO LANE

BONITA SPRINGS, FL 34134

US

**Delaware Department of State**
**U.C.C. Filing Section**
**Filed: 08:39 AM 06/18/2022**
**U.C.C. Initial Filing No: 2022 5140298**

**Service Request No:   20222765199**

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. **DEBTOR'S NAME:** Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| CELSIUS NETWORK LLC | | | | |
| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| | | | | |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 121 RIVER STREET, PH05 | HOBOKEN | NJ | 07030 | US |

2. **DEBTOR'S NAME:** Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| | | | | |
| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| | | | | |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| | | | | |

3. **SECURED PARTY'S NAME** (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY):  Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| | | | | |
| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| COLE | JOSHUA | B. | | |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 4535 DEL RIO LANE | BONITA SPRINGS | FL | 34134 | US |

4. **COLLATERAL:** This financing statement covers the following collateral:
**Cryptocurrency account of USDC in the amount of US $443,256.27.**

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box:
☐ Public-Finance Transaction ☐ Manufactured-Home Transaction ☐ A Debtor is a Transmitting Utility

6b. Check only if applicable and check only one box:
☐ Agricultural Lien ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor ☐ Consignee/Consignor ☐ Seller/Buyer ☐ Bailee/Bailor ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:

FILING OFFICE COPY — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)

International Association of Commercial Administrators

**EXHIBIT C**

UCC-1 Financing Statement for Florida

**STATE OF FLORIDA UNIFORM COMMERICAL CODE FINANCING STATEMENT FORM**

A. NAME & DAYTIME PHONE NUMBER OF CONTACT PERSON
JOSHUA B. COLE; 7015706173
Email  JOSHUACOLE@HOTMAIL.COM

B. SEND ACKNOWLEDGEMENT TO:

**Florida Secured Transaction Registry**

# FILED

2022 Jun 18 01:57 AM

****** 202202014621 ******

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME** - INSERT ONLY ONE DEBTOR NAME (1a OR 1b) - Do Not Abbreviate or Combine Names

| 1a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| CELSIUS NETWORK LLC | | | |
| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 1c. MAILING ADDRESS Line One | | This space not available. | |
| 121 RIVER ST | | | |
| MAILING ADDRESS Line Two | CITY | STATE | POSTAL CODE | COUNTRY |
| SUITE 5 | HOBOKEN | NJ | 07030 | US |

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - INSERT ONLY ONE DEBTOR NAME (2a OR 2b) - Do Not Abbreviate or Combine Names

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 2c. MAILING ADDRESS Line One | | This space not available. | |
| MAILING ADDRESS Line Two | CITY | STATE | POSTAL CODE | COUNTRY |

**3. SECURED PARTY'S NAME** (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - INSERT ONLY ONE SECURED PARTY NAME (3a OR 3b)

| 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| COLE | JOSHUA B. | | |
| 3c. MAILING ADDRESS Line One | | This space not available. | |
| 4535 DEL RIO LANE | | | |
| MAILING ADDRESS Line Two | CITY | STATE | POSTAL CODE | COUNTRY |
| | BONITA SPRINGS | FL | 34134 | US |

**4. This FINANCING STATEMENT covers the following collateral:**

Cryptocurrency account with USDC in the amount of US $443,256.27.

**5. ALTERNATE DESIGNATION (if applicable)**  ☐ LESSEE/LESSOR  ☐ CONSIGNEE/CONSIGNOR  ☐ BAILEE/BAILOR
☐ AG LIEN  ☐ NON-UCC FILING  ☐ SELLER/BUYER

**6. Florida DOCUMENTARY STAMP TAX** - YOU ARE REQUIRED TO CHECK **EXACTLY ONE** BOX
☐ All documentary stamps due and payable or to become due and payable pursuant to s. 201.22 F.S., have been paid.
☑ Florida Documentary Stamp Tax is not required.

**7. OPTIONAL FILER REFERENCE DATA**

STANDARD FORM - FORM UCC-1 (REV.05/2013)      Filing Office Copy      Approved by the Secretary of State, State of Florida

**EXHIBIT D**

Secretary of State Filings for Delaware and Florida



## Detail by Entity Name

Foreign Limited Liability Company
CELSIUS NETWORK LLC

**Filing Information**

| | |
|---|---|
| **Document Number** | M22000003261 |
| **FEI/EIN Number** | 87-1192148 |
| **Date Filed** | 03/02/2022 |
| **State** | DE |
| **Status** | ACTIVE |

**Principal Address**

50 Harrison St, Suite 209F
HOBOKEN, NJ 07030

Changed: 04/27/2023

**Mailing Address**

50 Harrison St, Suite 209F
HOBOKEN, NJ 07030

Changed: 04/27/2023

**Registered Agent Name & Address**

C T CORPORATION SYSTEM
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FL 33324

**Authorized Person(s) Detail**

**Name & Address**

Title MGR

MASHINSKY, ALEXANDER
121 RIVER STREET STE PH05
HOBOKEN, NJ 07030

**Annual Reports**

| Report Year | Filed Date |
|---|---|
| 2023 | 04/27/2023 |

**Document Images**

Delaware.gov

Department of State: Division of Corporations

Allowable Characters

| HOME | Entity Details |
| --- | --- |

**THIS IS NOT A STATEMENT OF GOOD STANDING**

| | | | |
| --- | --- | --- | --- |
| File Number: | **5998837** | Incorporation Date / Formation Date: | **6/14/2021** (mm/dd/yyyy) |
| Entity Name: | **CELSIUS NETWORK LLC** | | |
| Entity Kind: | **Limited Liability Company** | Entity Type: | **General** |
| Residency: | **Domestic** | State: | **DELAWARE** |

**REGISTERED AGENT INFORMATION**

| | | | |
| --- | --- | --- | --- |
| Name: | **THE CORPORATION TRUST COMPANY** | | |
| Address: | **CORPORATION TRUST CENTER 1209 ORANGE ST** | | |
| City: | **WILMINGTON** | County: | **New Castle** |
| State: | **DE** | Postal Code: | **19801** |
| Phone: | **302-658-7581** | | |

Additional Information is available for a fee. You can retrieve Status for a fee of $10.00 or more detailed information including current franchise tax assessment, current filing history and more for a fee of $20.00.

Would you like ○ Status ○ Status,Tax & History Information

[ Submit ]

[ View Search Results ]                [ New Entity Search ]

For help on a particular field click on the Field Tag to take you to the help area.

**EXHIBIT E**

Proof of Funds Report



July 12, 2022

Dear Customer:

This letter is to confirm that Joshua ████ Cole ("Customer") with account number ███████████ ████████dc4f  has been a customer of Celsius Network LLC ("Celsius") since 10/13/2019. Information regarding your account balances is reflected on the Proof of Funds Report.

For additional support, call us at 1-866-HODL-NOW (1-866-463-5669) or connect via the webform at https://celsius.network/customer-care.

This letter is intended solely for the purpose of confirming the information provided herein.

Sincerely,

Celsius Network LLC



**IMPORTANT INFORMATION:**

**How to Contact Us -** You may connect via the webform at https://celsius.network/customer-care or call us at 1-866-HODL-NOW (1-866-463-5669)

**-** You must examine your statement carefully and promptly. You are in the best position to discover errors and unauthorized transactions on your account. If you fail to notify us in writing of suspected problems or unauthorized transactions, we will not be responsible to identify the same. You are solely responsible for the protection of your own login information, passwords and the security of your device(s), we are not liable to you in connection with the loss, theft or compromise of the same, and you agree to not make a claim against us, for any loss resulting in connection therewith.

© 2021 Celsius Network LLC

**Celsius Network LLC 121 River Street, PH05, Hoboken, NJ 07030 USA**



## Proof of Funds Report

**Total Balance as of July 12, 2022:**                    **$447,451.39**

**Earn: $447,451.39**

**Custody: $0.00**

**Earn Account Summary:**



BTC - Bitcoin

0.01071538
$212.13



USDC - USD Coin

438,865.22
$438,865.22



CEL - Celsius

11,456.56
$8,374.04

**Celsius Network LLC 121 River Street, PH05, Hoboken, NJ 07030 USA**



**End of Account Summary.**

**NOTE: The above amounts are estimates based on the market price of digital assets in USD, as made at or near the time this report is generated.**

**Celsius Network LLC 121 River Street, PH05, Hoboken, NJ 07030 USA**



This page intentionally left blank

**EXHIBIT F**

Clickwrap Agreement Screenshots







**EXHIBIT G**

Celsius Terms of Use

# Terms of Use

## Last Revised: April 14, 2022

## 1. Introduction

Celsius Network LLC and its Affiliates (collectively, **"we," "our," "us",** or **"Celsius"** ) provide the following Terms of Use that, as they may be modified from time to time by Celsius in its sole discretion (the **"Terms"**) apply to our users (**"you"** or **"User(s)"**) and govern each User's access to, and use of, Celsius' products and services as well as our mobile and web-based application(s), our website(s), any software, programs, documentation, tools, hardware, internet-based services, components, and any updates (including software maintenance, service information, help content, bug fixes or maintenance releases) provided to you by Celsius, directly or indirectly, through our mobile application, our website, or any other online services we provide (each a "Service," and collectively the **"Services"**).

**PLEASE CAREFULLY REVIEW THESE TERMS BEFORE USING, OR CONTINUING TO USE, ANY OF CELSIUS' SERVICES. THE TERMS INCLUDE IMPORTANT INFORMATION ABOUT YOUR RELATIONSHIP WITH CELSIUS, INCLUDING MANDATORY ARBITRATION OF DISPUTES BETWEEN YOU AND CELSIUS INSTEAD OF CLASS ACTIONS OR JURY TRIALS THE SERVICES ARE PROVIDED SOLELY FOR USE BY YOU, AND YOUR USE OF THE SERVICES IS EXPRESSLY CONDITIONED ON YOUR CONSENT TO, AND COMPLIANCE WITH, THE TERMS. BY ACCESSING OR USING OUR SERVICES, YOU AGREE TO BE BOUND BY**

or amounts we owe you with respect to your Celsius Account, against your Obligations. If the law restricts your ability to take, transfer, or setoff our obligations to you, or if they are protected from attachment, levy, or legal process, we waive those conditions and limits to the full extent that we may do so by contract, and we authorize you to apply our obligations to you to your Obligations.

## 10. Risk Disclosure

Before using any of Celsius' Services, you should ensure that you fully understand and can afford to undertake the risks involved. You should carefully read and make sure you understand our Risk Disclosure page, which lists some, but not all of the risks involved in holding, trading and using crypto assets generally, and using Celsius' services specifically. The risks listed below and in our Risk Disclosure page are intended to provide you with a general outline of the risks involved, but cannot capture all such risks. These Terms and your use of any of our Services do not create a fiduciary relationship between us and you; your Celsius Account is not a checking or savings account, and it is not covered by insurance against losses. Celsius has no duty to inquire into, supervise, or determine the suitability of any transaction you initiate involving Eligible Digital Assets in your Celsius Account. We may lend, sell, pledge, hypothecate, assign, invest, use, commingle or otherwise dispose of assets and Eligible Digital Assets that are not held in a Custody Wallet (if available to you) to counterparties or hold the Eligible Digital Assets with counterparties, and we will use our best commercial and operational efforts to prevent losses. By transferring Digital Assets to Celsius, or lending Eligible Digital Assets to Celsius while using the Earn Service, or otherwise using the Services, you will not be entitled to any

profits or income Celsius may generate from any subsequent use of any Digital Assets (or otherwise), nor will you be exposed to any losses which Celsius may suffer as a result thereof. You agree and acknowledge that you are exposed to the possibility that Celsius may become unable to repay its obligations to you in part or in full, in which case any Digital Assets in your Celsius Account that are not using the Custody Service may be at risk of partial or total loss.

**ELIGIBLE DIGITAL ASSETS ARE NOT LEGAL TENDER. CELSIUS IS NOT A BANK OR DEPOSITORY INSTITUTION, AND YOUR CELSIUS ACCOUNT IS NOT A DEPOSIT ACCOUNT. ELIGIBLE DIGITAL ASSETS REPRESENTED IN YOUR CELSIUS ACCOUNT ARE NOT HELD BY CELSIUS AS A FIDUCIARY, ARE NOT INSURED BY ANY PRIVATE OR GOVERNMENTAL INSURANCE PLAN (INCLUDING THE FEDERAL DEPOSIT INSURANCE CORPORATION (FDIC) OR THE SECURITIES INVESTOR PROTECTION CORPORATION (SIPC)), AND ARE NOT COVERED BY ANY COMPENSATION SCHEME. YOUR CELSIUS ACCOUNT DOES NOT CONSTITUTE AN INVESTMENT CONTRACT OR A SECURITY, IS NOT TRANSFERABLE AND MAY NOT BE TRADED, EXCHANGED OR SOLD TO ANY THIRD PARTY UNDER ANY CIRCUMSTANCES.**

Celsius does not provide any legal, tax or financial advice and you are strongly advised to obtain independent legal, tax or financial advice prior to making any financial decision, including buying, trading, holding, or using Digital Assets. There are significant risks associated with Digital Assets, and you are solely responsible to make sure you understand such risks and assess whether such risks are appropriate for you. Celsius does not make any offers, recommendations, or invitations for you to deal in Digital Assets or use

any Services, and does not take into account your personal circumstances, financial situation, needs or goals. Before making any financial decision, you should carefully assess your financial situation and capacity, and only use funds that you can afford to lose. Before entering into any transaction or using any of the Services you should ensure that you understand and have made an independent assessment of the suitability and appropriateness of a transaction into which you are entering and the nature and extent of your exposure to risk of loss in light of your own objectives, financial and operational resources, and other relevant circumstances. Past performance is no guarantee of future results.

Legislative and regulatory changes or actions at the state, federal, or international level may adversely affect the use, transfer, exchange, and value of Digital Assets. Transactions in Digital Assets may be irreversible, and, accordingly, losses due to fraudulent or accidental transactions may not be recoverable.

The value of Digital Assets may be derived from the continued willingness of market participants to exchange Digital Assets for Fiat currencies or other Digital Assets. If such willingness is abolished for any reason, this may result in the potential for a permanent and total loss of value of a particular Digital Asset.

The volatility and unpredictability of the price of Digital Assets may result in significant loss over a short period of time. The nature of Digital Assets may lead to an increased risk of fraud or cyber-attack, including rollback attacks or Blockchain reorganizations. The nature of Digital Assets means that any technological difficulties experienced by Celsius or third parties may limit,

delay or prevent the access or use of Digital Assets and/or cause losses of Digital Assets. Although Celsius takes precautionary measures to protect against cyber threats, circumstances may arise where losses or damages are incurred.

In light of these risks, which are only some of the risks involved in using the Services and holding or trading in Digital Assets, and do not constitute an exhaustive list of such risks, you should carefully consider whether holding or trading Digital Assets in general and/or using our Services is suitable for you in light of your financial condition.

## 11. Withdrawals

Subject to these Terms, for any of your Eligible Digital Assets that you elect to utilize in the Earn Service (if available to you), you have a call option on all loans made to Celsius to demand immediate, complete or partial repayment of any loan at any time through (i) transfer to a Custody Wallet, if available to you, or (ii) a complete or partial withdrawal of Eligible Digital Assets at any time. Such repayment will terminate in whole or in part your loan to Celsius and you shall no longer accrue Rewards on the amount of loans as of the time of your exercise of the call option. Celsius initiates the withdrawal process immediately following a withdrawal request when possible; however, we may require up to three (3) days after you submit your withdrawal request to process the withdrawal.

For every withdrawal request, you will be required to provide the details of the Virtual Wallet to which you wish to receive your repayment of Digital Assets. For the avoidance of doubt, any repayment shall be in-kind (i.e., in the same

type of Eligible Digital Assets loaned by you, but not the actual same Digital Assets originally transferred by you). In the event that the details you provide are inaccurate, incomplete, or misleading, your Digital Assets may be permanently lost. We will not be liable for any loss that results from inaccurate, incomplete, or misleading details that you may provide for such transfer. If the transfer address you specify is one to which we are unable to process transfers, we will have no liability for any resulting failure or delay in processing your requested withdrawal.

Celsius and our third-party partners may experience cyber-attacks, extreme market conditions, or other operational or technical difficulties which could result in the immediate halt of transactions either temporarily or permanently. Provided that Celsius has taken reasonable commercial and operational measures to prevent such events in technical systems controlled by Celsius, Celsius is not and will not be responsible or liable for any loss or damage of any sort incurred by you as a result of such cyber-attacks, operational or technical difficulties or suspensions of transactions. Withdrawal limits based on amounts and/or frequency may apply from time to time, based on legal, regulatory, AML and/or security considerations. Our policies and procedures may require additional security and/or compliance checks that require additional time to complete. Any individual request to exceed withdrawal limits set by Celsius must be sent via email to app@celsius.network.

Every transmission request shall be deemed pending until accepted by us. We may refuse to accept such request, or delay the processing of an approved request for any reasonable reason, including but not limited to inaccurate or misleading information provided by you, or any doubt or suspicion of fraud, misrepresentation, a sanctioned transaction, money

unauthorized use of your Celsius Account or credentials, or any error or irregularity with respect to the records of your use of the Services, within fourteen (14) calendar days after the error occurs. If notice is not received within the fourteen (14) calendar-day period, you will not be able to raise any further claim in this respect.

# 18. Conversion Rates

Any conversion between a Digital Asset and another Digital Asset or Fiat currency shall be made by us in accordance with the rates and prices applicable at the actual time of conversion. Applicable rates are indexed to those used by industry-leading platforms, as we may choose to use from time to time, in our sole discretion. We currently use rates provided by CMC Markets, Coinpaprika, and our own rates as determined by our liquidity providers. We may change these rate sources at any time and without giving notice or updating these Terms, and you shall not have any claims regarding our choice of rate sources or rates used by Celsius or made available by any third party.

# 19. Closing a Celsius Account

A. Celsius' Right to Celsius Account Closure
We have the right to suspend, freeze or close your Celsius Account at any time for any reason without advance notice, including by blocking your access to the Celsius Account or the Services. If your Celsius Account has a balance when we close it, we will repay and return the remaining Digital Assets to you, including accrued Rewards earned (if applicable) until the close date, less any applicable Obligations, withholding tax and other applicable deductions, unless prohibited by applicable law. In the event of irregular activity, we may

hold assets until we close your Celsius Account. Any Digital Assets that Celsius returns to you will be sent to the designated withdrawal addresses in your user profile on the Celsius platform for each respective Digital Asset you hold. Celsius Accounts are not transferable or assignable in whole or in part. Celsius may be required by law to turn over any Digital Assets related to abandoned or unclaimed Celsius Accounts to the state of your last known residence (**"Escheatment"**). Escheatment periods vary by jurisdiction, and you are responsible to determine the applicability of such laws in your place of residence. Celsius reserves the right to recover any administrative charges, payments, or fees which it may incur in connection with such unclaimed or abandoned Celsius Accounts, as permitted by applicable law.

B. Your Right to Close Your Celsius Account

If you want to terminate your Celsius Account with Celsius, you may do so by notifying Celsius at [support@celsius.network](mailto:support@celsius.network). Once your Celsius Account is closed, you agree: (a) to continue to be bound by these Terms, as required by Section 35 below (Survival) (b) to immediately stop using the Services, (c) that we reserve the right (but have no obligation) to delete all of your information and Celsius Account data stored on our servers, and (d) that we shall not be liable to you or any third party for termination of access to the Services or for deletion of your information or Celsius Account data. You acknowledge that any legal obligations you may have under any other agreement with Celsius or its Affiliates (including any Loan Agreement or agreement governing lending or investing in Celsius or its Affiliates) will not be affected in any way by the termination of these Terms and any such other agreement between you and Celsius will continue to be in effect in accordance with its terms.

# 20. Liability for Unauthorized Transfers from Your Celsius Account

We may delay the exercise of any rights we have under these Terms, and any such delay shall not result in a waiver, relinquishment or modification of any of our rights. If we delay in any exercise of our rights, or if notwithstanding the foregoing Celsius somehow is deemed to have waived any of our rights, you are still obligated to pay us Obligations you may owe us, remove any violation of these Terms and/or otherwise follow our instructions (as applicable). Any delay or waiver of our rights applies only to the specific instance in which we decide to delay or waive the provision and does not affect our other or subsequent rights in any way.

## 31. Changes in Terms

Please be aware that the terms and conditions governing the Services can change over time. We reserve the right to discontinue or make changes to any of the Services. We may change these Terms, and we may add to or delete from these Terms, and the updated version will supersede all prior versions. We will provide notice of changes, additions, and deletions, as required by law. If we have provided advance notice and you do not agree with a change, you may close your Celsius Account(s) and demand repayment of outstanding loans before the effective date of the change, which shall be your sole remedy. The continued maintenance of your Celsius Account following the effective date of any change will constitute your acceptance of such change and subject your Celsius Account to the modified Terms.

## 32. Assignment

These Terms, or any of the rights and/or obligations provided hereunder, may not be assigned or otherwise transferred by you to any other person or Entity, whether by operation of law or otherwise, without Celsius' express written consent, and any attempted assignment in violation of this prohibition shall be void ab initio and of no effect. Celsius may assign or transfer these Terms and/or any or all of its rights and/or obligations

hereunder at any time to any Affiliate of Celsius, with or without providing you with prior notice of the same. Celsius may assign or transfer these Terms and/or any or all of its rights and/or obligations hereunder at any time to any third party by providing prior notice. Any permitted assignment or transfer of or under these Terms shall be binding upon, and inure to the benefit of the successors, executors, heirs, representatives, administrators and permitted assigns of the parties hereto.

## 33. Governing Law and Venue

The relationship between you and Celsius is governed exclusively by the laws of the state of New York, without regard to its conflict of law provisions (other than Sections 5-1401 and 5-1402 of the New York General Obligations Law). Any dispute arising out of, or related to, your Celsius Account or relationship with Celsius must be brought exclusively in the competent courts located in New York, NY and the US District Court located in the Borough of Manhattan; however, Celsius may bring equitable relief or collections actions in any applicable jurisdiction.

## 34. Force Majeure

We will not be liable for delays in processing or other non-performance caused by such events as fires, telecommunications, utility, or power failures, equipment failures, labor strife, riots, war, nonperformance of our vendors or suppliers, acts of God, pandemic or epidemic events, or other causes over which we have no reasonable control.

## 35. Survival

The provisions of Sections 16 (Taxes), 25 (Indemnification), 26 (Disclaimer of Warranty), 27 (Disputes, Binding Individual Arbitration, and Class Actions and Class Arbitrations Waiver), 28 (Our Ownership of the Services and Celsius IP), 30 (Waiver) and 33 (Governing Law and Venue) shall survive the termination of these Terms.

**EXHIBIT H**

June 16, 2022 Email from Celsius Support

## Ticket Received - Did Not Agree to Terms of Use - Close Account and Withdraw All Funds - (1021490)

## Celsius Network <support@celsius.network>

Thu 6/16/2022 12:04 PM

To: Joshua Cole <joshuacole@hotmail.com>

##- Please type your reply above this line -##

Dear Joshua,

Thank you for emailing us at Celsius.

We have received your inquiry. Our aim is to get back to you as soon as possible - within 24 hours where possible.

Your inquiry has been assigned number: 1021490
Please use this conversation for any follow-up communication. Opening a new inquiry unfortunately won't help us answer you any quicker.

Important note: if you are contacting us from an email address not associated with your Celsius account, please switch to that email and contact us again. This allows our team to verify your identity when we reach your inquiry.

Do you want to receive live assistance? Call us at 1-866-HODL-NOW (1-866-463-5669).
Our Customer Care Center is available Monday - Friday, from 8AM - 11PM EST.

Did you know that our Help Center has more than 200 articles and Celsius tips and tricks? Click below to take a look around.
https://support.celsius.network/hc/en-us

We'll be back in touch shortly with a response to your inquiry.

Sincerely,
Celsius

This email is a service from Celsius Network. Delivered by Zendesk

[MQQO00-MX5E4]

**EXHIBIT I**

June 16, 2022 Certified Letter of Rejection of
Terms of Use and Demand for Return of Property

**Joshua B. Cole**

**4535 Del Rio Lane**
**Bonita Springs, FL 34134**
**Phone:** (701) 570-6173
**Email:** joshuacole@hotmail.com

June 16, 2022

Celsius Network LLC
121 River Street, PH05
Attn:  Legal Department
Hoboken, NJ  07030

Cc:  legal@celsius.network

Re:      Rejection of Terms of Use and Demand for Return of Property

Dear Celsius:

I have opted not to accept your proposed Terms of Use revised as of April 14, 2022. Consequently, and in accordance with your instructions, I hereby demand to close my account and arrange the return of the $443,256.27 in USDC I have deposited in my account.  You can no longer legally hold this property, nor deny me access to my property, as I am not bound by your Terms of Use.

If any prior agreements exist, your proposed revisions dated April 14, 2022, materially alters my expectations of your services and formally rescinds any prior agreements, therefore, I am demanding a prompt return of my property.

This is an official notice to make it known that you are in unlawful possession of the following property: **$443,256.27 in USDC under the account of Joshua B. Cole**.

I hereby demand that you return the aforementioned property immediately.  You do not have the right to keep my property and you are legally required to return it at your expense.  If there is no response to this letter, all legal rights will be explored, including, but not limited to, legal proceedings necessary to recover the property.

This demand letter for personal property serves as official notice to you and may be tendered in court as evidence of your failure to return the property.  If legal action is to occur to resolve this matter, it may involve having you pay attorney's fees.  It is in the best interest of all parties to resolve this matter as soon as possible.  Thank you for your prompt attention.

Sincerely,

*J. Cole*

Joshua B. Cole

(Enclosures)

**EXHIBIT J**

June 17, 2022 Email to Celsius Legal Department

## Demand for Property

Josh Cole <joshuacole@hotmail.com>
Fri 6/17/2022 8:38 AM
To: legal@celsius.network <legal@celsius.network>

📎 3 attachments (652 KB)
Celsius Email.pdf; Cole Exhibits.pdf; Rejection of Terms of Use and Demand for Return of Property (Joshua B. Cole).pdf;

Please see the attached Demand for Property based on rejected Terms of Use and associated
communication with Celsius. A hardcopy was also sent via certified USPS mail on 6/16/2022 with a
tracking number of 9502906688812167421191.

Thank you,

Joshua B. Cole

4535 Del Rio Lane
Bonita Springs, FL 34134
(701) 570-6173
joshuacole@hotmail.com

**EXHIBIT K**

Proof of Delivery to Celsius Headquarters



June 21, 2022

Dear Joshua Cole:

The following is in response to your request for proof of delivery on your item with the tracking number:
**9502 9066 8881 2167 4211 91**.

| Item Details | |
| --- | --- |
| **Status:** | Delivered, Front Desk/Reception/Mail Room |
| **Status Date / Time:** | June 21, 2022, 2:29 pm |
| **Location:** | HOBOKEN, NJ 07030 |
| **Postal Product:** | Priority Mail® |
| **Extra Services:** | Certified Mail™ |
| | Insured |
| | Return Receipt |
| | Return Receipt Electronic |

| Shipment Details | |
| --- | --- |
| **Weight:** | 2.0oz |

| Recipient Signature | |
| --- | --- |
| Signature of Recipient: | |
| Address of Recipient: | |

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004

**EXHIBIT L**

June 30, 2022 Certified Letter of Rejection of Terms
of Use and Demand for Return of Property to The Corporation
Trust Company as Registered Agent for Celsius Network LLC

**Joshua B. Cole**

**4535 Del Rio Lane**
**Bonita Springs, FL 34134**
**Phone:** (701) 570-6173
**Email:** joshuacole@hotmail.com

June 30, 2022

The Corporation Trust Company
Registered Agent for Celsius Network LLC
Corporation Trust Center 1209 Orange St
Wilmington, DE  19801

Re:      Rejection of Terms of Use and Demand for Return of Property

Dear Celsius:

Celsius Network LLC has failed to or refused to respond to my demand letter sent to their corporate office via USPS Certified Mail with tracking 9502 9066 8881 2167 4211 91.  I am a depositor who underlined rejected their Terms of Use, so my demand needs to be responded to and I am corresponding with you to insure Celsius's legal department is notified of my demand.

I have opted not to accept your proposed Terms of Use revised as of April 14, 2022.  Consequently, and in accordance with your instructions, I hereby demand to close my account and arrange the return of the $443,256.27 in USDC I have deposited in my account.  You can no longer legally hold this property, nor deny me access to my property, as I am not bound by your Terms of Use.

If any prior agreements exist, your proposed revisions dated April 14, 2022, materially alters my expectations of your services and formally rescinds any prior agreements, therefore, I am demanding a prompt return of my property.  Your offer to close my account and withdraw my property is accepted.

This is an official notice to make it known that you are in unlawful possession of the following property: **$443,256.27 in USDC under the account of Joshua B. Cole**.

I hereby demand that you return the aforementioned property immediately.  You do not have the right to keep my property and you are legally required to return it at your expense.  If there is no response to this letter, all legal rights will be explored, including, but not limited to, legal proceedings necessary to recover the property.

This demand letter for personal property serves as official notice to you and may be tendered in court as evidence of your failure to return the property.  If legal action is to occur to resolve this matter, it may involve having you pay attorney's fees.  It is in the best interest of all parties to resolve this matter as soon as possible.  Thank you for your prompt attention.

Sincerely,

Joshua B. Cole

(Enclosures)

## EXHIBIT M

Proof of Delivery to The Corporation Trust Company
as Registered Agent for Celsius Network LLC



July 13, 2022

Dear Joshua Cole:

The following is in response to your request for proof of delivery on your item with the tracking number:
**9502 9066 8881 2182 4239 03**.

| Item Details | |
| --- | --- |
| **Status:** | Delivered, Individual Picked Up at Postal Facility |
| **Status Date / Time:** | July 11, 2022, 6:28 am |
| **Location:** | WILMINGTON, DE 19801 |
| **Postal Product:** | Priority Mail® |
| **Extra Services:** | Certified Mail™ |
| | Insured |
| | Return Receipt |
| | Return Receipt Electronic |

| Shipment Details | |
| --- | --- |
| **Weight:** | 2.0oz |

**Recipient Signature**



Signature of Recipient:

Address of Recipient:

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004

**EXHIBIT N**

Re: Acct No ████████████████████ ...5dc4f

**Celsius Inquiries** <celsiusinquiries@stretto.com>

Mon 7/18/2022 9:14 AM

To: joshuacole██████████████████████

Hi Josh,

**Celsius** filed voluntary petitions for reorganization under Chapter 11 of the U.S. Bankruptcy Code to provide the Company with the best opportunity to stabilize the business and consummate a comprehensive restructuring transaction that maximizes value for all stakeholders. Acting in the best interest of stakeholders, including the entire customer community, is the Company's top priority.

  Last month, **Celsius** made the difficult but necessary decision to pause withdrawals, swaps, and transfers on the platform to stabilize its business and protect customers. Without a pause, the acceleration of withdrawals would have allowed certain customers—those who were first to act—to be paid in full while leaving others behind to wait for **Celsius** to harvest value from illiquid or longer-term asset deployment activities before they receive a recovery.

Most account activity is paused until further notice. **Celsius** is not requesting authority to allow customer withdrawals at this time. Customer claims will be addressed through the Chapter 11 process. Additionally, rewards stopped accruing as of July 13. Customers are encouraged to maintain their **Celsius** accounts and applications at this time.

  Please continue to monitor the case website at https://cases.stretto.com/Celsius for case related information, claim submission instructions, dates and deadlines. You may also subscribe to receive email notifications of important documents that are filed with the Court HERE (bottom of the page).


  Regards,
  Stretto


On Wed, 13 Jul at 7:43 PM , Josh Cole ███████████████████ > wrote:
**[External Email]**
Hello,

Over the past few weeks I have made email demands for the return of my property and funds valued at over US $400,000 from Celsius (including certified mailings) as I'm a special class of depositor who did <u>not</u> agree to the Terms of Use revised as of April 14, 2022.  As such, Celsius cannot withhold my funds from me as they materially altered the services I expected to receive and the only option offered to me was 1) to withdraw my funds and 2) close my account.  Despite my numerous attempts to contact Celsius through their registered agent and corporate office in New Jersey, to close my account and refund my property, they have not responded.

Please see the attached proof of my correspondence, proof of funds, and recognize my superior claim and allow me the full return of my funds/property.

Thank you,

Joshua B. Cole
Acct No dc4f

# EXHIBIT O

Cole Proofs of Claim

## Claim Summary

**Creditor Name**  Joshua Cole
**Debtor Name**  All Debtors
**Debtor Case No.**
**Claim No.**  12689
**Date Filed**  11/28/2022
**Schedule No.**

### Schedule Amount

**Secured**  $0.00
**General Unsecured**  $0.00
**Priority**  $0.00
**Admin Priority**  $0.00

### Filed Claim Amount

**Secured**  $447,451.39
**General Unsecured**  Unliquidated
**Priority**  $0.00
**Admin Priority**  $0.00

### Current Claim Amount

**Secured**  $447,451.39
**General Unsecured**  Unliquidated
**Priority**
**Admin Priority**
*C=Contingent, U=Unliquidated, D=Disputed, F=Foreign

Copyright © 2023 Stretto, All rights reserved.

410 Exchange, Ste 100

Irvine, CA 92602

## Claim Summary

**Creditor Name**  Joshua Cole
**Debtor Name**  All Debtors
**Debtor Case No.**
**Claim No.**  23718
**Date Filed**  02/07/2023
**Schedule No.**

### Schedule Amount

**Secured**  $0.00
**General Unsecured**  $0.00
**Priority**  $0.00
**Admin Priority**  $0.00

### Filed Claim Amount

**Secured**  $443,256.27
**General Unsecured**  Unliquidated
**Priority**  $0.00
**Admin Priority**  $0.00

### Current Claim Amount

**Secured**  $443,256.27
**General Unsecured**  Unliquidated
**Priority**
**Admin Priority**
*C=Contingent, U=Unliquidated, D=Disputed, F=Foreign

Copyright © 2023 Stretto, All rights reserved.

410 Exchange, Ste 100

Irvine, CA 92602