UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CELSIUS NETWORK LLC, et al.,[1] | ) Case No. 22-10964 (MG) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

## SUPPLEMENTAL AFFIDAVIT OF SERVICE

I, Stephanie Delgado, depose and say that I am employed by Stretto, the claims and noticing agent for the Debtors in the above-captioned cases.

On July 7, 2023, at my direction and under my supervision, employees of Stretto caused the following document to be served via first-class mail on the service list attached hereto as **Exhibit A**, pursuant to USPS forwarding instructions:

- **Notice of Deadline Requiring Submission of Proofs of Claim on or Before January 3, 2023, and Related Procedures for Submitting Proofs of Claim in the Above-Captioned Chapter 11 Cases** (attached hereto as **Exhibit B**)

Dated: July 18, 2023

Stephanie Delgado

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California,
County of Orange

Subscribed and sworn to (or affirmed) before me on this 18th day of July, 2023, by Stephanie Delgado, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Signature:

JESSIE DE GUZMAN
Notary Public - California
Orange County
Commission # 2401464
My Comm. Expires Apr 20, 2026

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (0143); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison St, Suite 209F, Hoboken, New Jersey 07030.

# Exhibit A



# Exhibit A
Served via First-Class Mail

| NAME | ADDRESS |
|---|---|
| GAVIN VANBUREN | ON FILE |
| JOSHUA WARD | ON FILE |

In re: Celsius Network LLC, *et al.*
Case No. 22-10964 (MG)

Page 1 of 1

# Exhibit B

| | |
|---|---|
| Joshua A. Sussberg, P.C.<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:   (212) 446-4800<br>Facsimile:    (212) 446-4900<br><br>*Counsel to the Debtors and*<br>*Debtors in Possession* | Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)<br>Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)<br>Christopher S. Koenig<br>Dan Latona (admitted *pro hac vice*)<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Telephone:   (312) 862-2000<br>Facsimile:    (312) 862-2200 |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF DEADLINE**
**REQUIRING SUBMISSION OF PROOFS**
**OF CLAIM ON OR BEFORE JANUARY 3, 2023,**
**AND RELATED PROCEDURES FOR SUBMITTING PROOFS**
**OF CLAIM IN THE ABOVE-CAPTIONED CHAPTER 11 CASES**

**TO:   ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST ANY DEBTOR LISTED ON PAGE 2 OF THIS NOTICE IN THE ABOVE-CAPTIONED CHAPTER 11 CASES.**

The United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") has entered an order (the "Bar Date Order") establishing **5:00 p.m. prevailing Eastern Time on January 3, 2023** (the "General Claims Bar Date"), as the last date for each person or entity[2] (including individuals, partnerships, corporations, joint ventures, and trusts) to submit a Proof of Claim against any of the Debtors listed on page 2 of this notice (collectively, the "Debtors").

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

Except for those holders of the claims listed below that are specifically excluded from the General Claims Bar Date submission requirement, the Bar Dates[3] and the procedures set forth below for submitting proofs of claim (each, a "Proof of Claim") apply to all Claims (defined below) against the Debtors that arose prior to **July 13, 2022** (the "Petition Date"), the date on which the Debtors commenced cases under chapter 11 of the United States Bankruptcy Code, **including parties asserting Claims pursuant to section 503(b)(9) of the Bankruptcy Code (each, a "503(b)(9) Claim")**.[4]  In addition, governmental units have until **5:00 p.m. prevailing Eastern Time on January 10, 2023** (the date that is the first business day following 180 days after the order for relief) (the "Governmental Bar Date"), to submit Proofs of Claim.

**A holder of a possible Claim against the Debtors should consult an attorney regarding any matters not covered by this notice, such as whether the holder should submit a Proof of Claim.**

### Debtors in these Chapter 11 Cases

| Debtor Name | Last Four Digits of Tax Identification Number | Case Number |
|---|---|---|
| Celsius Network LLC | 2148 | 22-10964 |
| Celsius KeyFi LLC | 4414 | 22-10967 |
| Celsius Lending LLC | 8417 | 22-10970 |
| Celsius Mining LLC | 1387 | 22-10968 |
| Celsius Network Inc. | 1219 | 22-10965 |
| Celsius Network Limited | 8554 | 22-10966 |
| Celsius Networks Lending LLC | 3390 | 22-10969 |
| Celsius US Holding LLC | 7956 | 22-10971 |

### Who Must Submit a Proof of Claim

You MUST submit a Proof of Claim to vote on a chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' estates if you have a Claim that arose before the Petition Date and it is *not* one of the types of Claims described under the heading "Claims for Which Proofs of Claim Need Not Be Filed" below.  Claims based on acts or omissions of the Debtors that occurred before the Petition Date must be submitted on or prior to the applicable Bar Date, even if such Claims are not now fixed, liquidated, or certain or did not mature or become fixed, liquidated, or certain before the Petition Date.

---

[2]   As used herein, the term "entity" has the meaning given to it in section 101(15) of title 11 of the United States Code (the "Bankruptcy Code"), and includes all persons, estates, trusts and the United States trustee. Furthermore, the terms "person" and "governmental unit" have the meanings given to them in sections 101(41) and 101(27) of the Bankruptcy Code, respectively.

[3]   Defined collectively as the Rejection Bar Date (further defined herein), the General Claims Bar Date, the Supplemental Bar Date (further defined herein), and the Governmental Bar Date.

[4]   "503(b)(9) Claims" are Claims on account of goods received by a Debtor within 20 days before the Petition Date, where such goods were sold to the Debtor in the ordinary course of such Debtor's business.  *See* 11 U.S.C. § 503(b)(9).

2

Under section 101(5) of the Bankruptcy Code and as used in this notice, "Claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

### What To Submit

The Debtors are providing a link to access a Proof of Claim form for use in the cases in an email sent to each Retail Creditor; if your Claim is scheduled by the Debtors, the form sets forth your name, address, and email as it is reflected in the Debtors' books and records. You will receive a different Proof of Claim form for each Claim scheduled in your name by the Debtors. Retail Creditors will receive one notification, even though Claims may be schedules at multiple or all Debtors. You may utilize the Proof of Claim form(s) provided by the Debtors to submit your Claim.

Your Proof of Claim form must not contain complete social security numbers or taxpayer identification numbers (only the last four digits), a complete birth date (only the year), the name of a minor (only the minor's initials) or a financial account number (only the last four digits of such financial account).

Additional Proof of Claim forms may be obtained by contacting the Debtors' notice and claims agent, Stretto, Inc. (the "Notice and Claims Agent"), by calling 855-423-1530 for callers in the United States or by calling 949-669-5873 for callers outside the United States and/or visiting the Debtors' restructuring website at: http://cases.stretto.com/celsius.

The following procedures for the submission of Proofs of Claim against the Debtors in these chapter 11 cases shall apply:

a) Each Proof of Claim must: (i) be written in English; (ii) set forth (A) for any Claim based on cryptocurrency(ies) held in an account on the Debtors' platform, the number of units of each cryptocurrency held in such account[5] and (B) in the case of any other Claim, the amount of such Claim denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; (iv) be signed or electronically transmitted through the interface available on the Notice and Claims Agent's website at http://cases.stretto.com/celsius by the claimant or by an authorized agent or legal representative of the claimant; and (v) unless otherwise consented to by the Debtors in writing, include supporting documentation unless voluminous, in which case a summary must be attached or an explanation provided as to why documentation is not available.[6]

---

[5]   For the avoidance of doubt, all claims for cryptocurrency held by any holder must clearly state (i) each type of cryptocurrency held and (ii) the number of units of each cryptocurrency held.

[6]   Supporting documentation may include, but is not limited to, a .csv report of the claimants' account with the Debtors.

3

b) In addition to the requirements set forth in (a) above, any Proof of Claim asserting a 503(b)(9) Claim must also: (i) include the value of the goods delivered to and received by the Debtors in the 20 days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) Claim is being asserted; (iii) attach documentation of any reclamation demand made to any Debtor under section 546(c) of the Bankruptcy Code (if applicable); and (iv) set forth whether any portion of the 503(b)(9) Claim was satisfied by payments made by the Debtors pursuant to any order of the Bankruptcy Court authorizing the Debtors to pay prepetition Claims.

c) Parties who wish to receive proof of receipt of their Proofs of Claim from the Notice and Claims Agent must also include with their Proof of Claim a copy of their Proof of Claim and a self-addressed, stamped envelope.

d) Each Proof of Claim must specify by name and case number the Debtor against which the Claim is submitted by checking the applicable box at the top of the proposed Proof of Claim Form. Each Proof of Claim will include the option to submit Claims against "All Debtors." A Proof of Claim submitted under Case No. 22 10964 or that does not identify a Debtor will be deemed as submitted only against Celsius Network LLC. A Proof of Claim that names a subsidiary Debtor but is submitted under Case No. 22 10964 will be treated as having been submitted against the subsidiary Debtor with a notation that a discrepancy in the submission exists.

e) If the holder asserts separate Claims against different Debtors, a separate Proof of Claim form must be submitted with respect to each Claim; *provided* that a claim that indicates it is filed against each Debtor by checking the box titled "All Debtors (Account Holder Claim)" shall be deemed to have been filed against each Debtor without the need to file additional claims.

f) The applicable terms of use governing the business relationship between the Debtors and their account holders are between each account holder, on the one hand, and Celsius Network LLC and its "Affiliates," on the other hand (as defined in the terms of use). This may mean that account holders have claims against every Debtor and non-Debtor entity in the Debtors' corporate structure. The Debtors understand that certain parties in interest, including certain holders of the Series B Preferred Shares issued by Celsius Network Limited, intend to argue that account holders have claims solely against Celsius Network LLC. The Debtors expect that this legal issue will be resolved by the Court in the near term, either through a to-be-commenced adversary proceeding, a claims objection, or other litigation (the "Account Holder Claim Ruling"). Indeed, the Debtors have filed proposed procedures to address this legal issue at Dkt. No. 1338, and upon entry of an order approving such procedures, the Debtors shall provide notice thereof to all account holders.

g) Pursuant to Bankruptcy Rule 3003(c)(2), if a claim is scheduled as contingent, unliquidated, or disputed, a creditor must file a Proof of Claim in order to preserve rights with respect to such Claim. The Debtors have scheduled account holder Claims at each Debtor Entity and have not scheduled any such Claim as contingent, unliquidated, or disputed. The Debtors believe that scheduling any such Claims as contingent, unliquidated, or disputed would inequitably require each account holder to file a Proof of Claim against each Debtor Entity to preserve the rights to the issues to be decided through the Account Holder Claim Ruling. For

the avoidance of doubt, it is not the intent of the Debtors to create any presumption that account holders have Claims against each Debtor entity, as that issue is disputed by certain holders of the Series B Preferred Shares issued by Celsius Network Limited, and no creditor or other party should rely on the fact that the account holder claims are scheduled at each Debtor entity as dispositive as to this legal issue, which will be decided in the Account Holder Claim Ruling. To the extent the Court enters a final and non-appealable order with respect to the Account Holder Claim Ruling, the Debtors intend to amend the Schedules to the extent required by such ruling. At this time, to the extent an account holder agrees with the amount of their claim provided in the Schedules, there is no need to file an additional Proof of Claim to ensure that such Claim is asserted against each Debtor Entity. For the avoidance of doubt, nothing contained herein is intended as, or should be construed as, an admission or stipulation of the validity of any claim against any Debtor, any assertion made therein or herein, or a waiver of any Debtor's rights to dispute any claim or assert any cause of action or defense against any party.

      h) Receipt of Service: Any claimant wishing to receive acknowledgment that Stretto received its Proof of Claim must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to Stretto) and (ii) a self-addressed, stamped envelope.

## When and Where To Submit

Each Proof of Claim, including supporting documentation, must be submitted so that the Notice and Claims Agent *actually receives* the Proof of Claim on or before the applicable Bar Date by: (i) electronically using the interface available on the Notice and Claims Agent's website at https://cases.stretto.com/celsius, or (ii) first-class U.S. Mail, overnight mail, or other hand-delivery system, which Proof of Claim must include an *original* signature, at the following address: Celsius Claims Processing, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602.

**PROOFS OF CLAIM MUST BE SUBMITTED BY MAIL, BY HAND, OR THROUGH THE STRETTO WEBSITE. PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL <u>NOT</u> BE ACCEPTED AND WILL <u>NOT</u> BE DEEMED TIMELY SUBMITTED.**

## Claims for Which Proofs of Claim Need Not Be Filed

Persons or entities need *not* submit a Proof of Claim on behalf of a Claim in these chapter 11 cases on or prior to the applicable Bar Date if the Claim falls into one of the following categories:

a) any Claim that has already been asserted in a Proof of Claim against the Debtors with the clerk of the Bankruptcy Court for the Southern District of New York in a form substantially similar to Official Bankruptcy Form No. 410 (unless such person or entity wishes to assert the Claim against a Debtor not identified in the prior Proof of Claim, in which case an additional Proof of Claim must be filed);

b) any Claim that is listed on the Schedules filed by the Debtors, provided that (i) the Claim is not scheduled as "disputed," "contingent," or "unliquidated"; (ii) the claimant does not

5

disagree with the amount, nature, and priority of the Claim as set forth in the Schedules; and (iii) the claimant does not dispute that the Claim is an obligation only of the specific Debtor against which the Claim is listed in the Schedules;

c) any Claim that has previously been allowed by order of this Court;

d) any Claim that has already been paid in full by any of the Debtors;

e) any Claim for which a different deadline has previously been fixed by this Court;

f) any Claim held by a Debtor against another Debtor or any of the non-Debtor subsidiaries (whether direct or indirect) of Celsius Network, Inc.;

g) any Claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course, provided that any person or entity asserting a Claim entitled to administrative expense status under section 503(b)(9) of the Bankruptcy Code must assert such Claim by filing a request for payment or a Proof of Claim on or prior to the General Claims Bar Date;

h) any Claim based on an equity interest in the Debtors;

i) any Claim held by a current employee of the Debtors if an order of the Court authorizes the Debtors to honor such Claim in the ordinary course of business as a wage, commission, or benefit; any current or former employee must submit a Proof of Claim by the General Claims Bar Date for all other Claims arising before the Petition Date, including Claims for wrongful termination, discrimination, harassment, hostile work environment, and retaliation;

j) any Claim held by a current officer or director for indemnification, contribution, or reimbursement;

k) any Claim for fees and expenses of professionals retained in these chapter 11 cases, including those retained pursuant to the *Order Authorizing the Retention and Compensation of Professionals Utilized in the Ordinary Course of Business* [Docket No. 519]; and

l) any Claim held by any person or entity solely against a non Debtor entity.

> THIS NOTICE IS BEING SENT TO MANY PERSONS AND ENTITIES THAT HAVE HAD SOME RELATIONSHIP WITH OR HAVE DONE BUSINESS WITH THE DEBTORS BUT MAY NOT HAVE AN UNPAID CLAIM AGAINST THE DEBTORS. THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES <u>NOT</u> MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS OR THE BANKRUPTCY COURT BELIEVE THAT YOU HAVE ANY CLAIM.

## **Executory Contracts and Unexpired Leases**

If you have a Claim arising from the rejection of an executory contract or unexpired lease, you must submit your Proof of Claim based on such rejection on or before the later of (a) the General Claims Bar Date and (b) any date the Bankruptcy Court may fix in the applicable order

authorizing such rejection and, if no such date is provided, 30 days from the date of entry of such order (the "Rejection Bar Date").  The Debtors will provide notice of the Rejection Bar Date to the contract or lease counterparty whose contract or lease is being rejected at the time the Debtors reject any executory contract or unexpired lease.

### Supplemental Bar Date

In the event the Debtors amend or supplement their Schedules, the Debtors shall give notice of any such amendment to the holders of any Claim affected thereby, and such holders shall be afforded at least 35 days from the date on which such notice is given to submit a Proof of Claim with respect to such amended Claim (any such date, a "Supplemental Bar Date") or be forever barred from doing so.

### The Debtors' Schedules and Access Thereto

You may be listed as the holder of a Claim against one or more of the Debtors in the Debtors' Schedules of Assets and Liabilities and/or Schedules of Executory Contracts and Unexpired Leases (collectively, the "Schedules").

Copies of the Debtors' Schedules are available:  (a) from the Notice and Claims Agent by calling 855-423-1530 for callers in the United States or by calling 949-669-5873 for callers outside the United States and/or visiting the Debtors' restructuring website at: http://cases.stretto.com/celsius; (b) by written request to Debtors' counsel at the address and telephone number set forth below; and/or (c) for inspection on the Bankruptcy Court's Internet Website at http://ecf.nysb.uscourts.gov.  A login and password to the Bankruptcy Court's Public Access to Electronic Court Records are required to access this information and can be obtained at http://www.pacer.psc.uscourts.gov.  Copies of the Schedules may also be examined between the hours of 8:30 a.m. and 4:00 p.m., Monday through Friday, at the Office of the Clerk of the Bankruptcy Court, One Bowling Green, New York, New York 10004.

If you rely on the Debtors' Schedules, it is your responsibility to determine that the Claim is accurately listed in the Schedules.

As set forth above, if you agree with the nature, amount, and classification of your Claim as listed in the Debtors' Schedules, and if you do not dispute that your Claim is only against the Debtor specified by the Debtors, and if your Claim is **not** described as "disputed," "contingent," or "unliquidated," **you need not submit a Proof of Claim**.  Otherwise, or if you decide to submit a Proof of Claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this notice.

**Please note that if you believe that you have a Claim or Claims against one or more Debtors separate and apart from the return of your cryptocurrency set forth on the Debtors' Schedules, you are required to submit such Claim or Claims by the applicable Bar Date.**

### Reservation of Rights

Nothing contained in this Bar Date Notice is intended, or should be construed, as a waiver of the Debtors' right to:  (a) dispute, or assert offsets or defenses against, any submitted Proof of

Claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, or classification of such claims; (b) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Schedules.

**Consequences of Failure to Submit a Proof of Claim by the Applicable Bar Date**

ANY HOLDER OF A CLAIM THAT IS <u>NOT</u> LISTED IN THIS NOTICE AS A CLAIM EXCEPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER AND THAT FAILS TO TIMELY SUBMIT A PROOF OF CLAIM IN THE APPROPRIATE FORM WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM (1) ASSERTING SUCH CLAIM AGAINST THE DEBTORS AND THEIR CHAPTER 11 ESTATES, (2) VOTING ON ANY CHAPTER 11 PLAN OF REORGANIZATION FILED IN THESE CASES ON ACCOUNT OF SUCH CLAIM, AND (3) PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM.

[*Remainder of page intentionally left blank*]

**BY ORDER OF THE COURT**

New York, New York  
Dated:  November 16, 2022

*/s/ Joshua A. Sussberg*  
**KIRKLAND & ELLIS LLP**  
**KIRKLAND & ELLIS INTERNATIONAL LLP**  
Joshua A. Sussberg, P.C.  
601 Lexington Avenue  
New York, New York 10022  
Telephone:     (212) 446-4800  
Facsimile:       (212) 446-4900  
Email:             jsussberg@kirkland.com

 - and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)  
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)  
Christopher S. Koenig  
Dan Latona (admitted *pro hac vice*)  
300 North LaSalle Street  
Chicago, Illinois 60654  
Telephone:     (312) 862-2000  
Facsimile:       (312) 862-2200  
Email:             patrick.nash@kirkland.com  
                       ross.kwasteniet@kirkland.com  
                       chris.koenig@kirkland.com  
                       dan.latona@kirkland.com

*Counsel to the Debtors and*  
*Debtors in Possession*