UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER (I) AUTHORIZING AND
APPROVING CERTAIN FEES AND EXPENSES FOR THE
BACKUP PLAN SPONSOR, AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) authorizing and approving certain fees and expenses for the Backup Plan Sponsor and (b) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing thereon

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The Fees are approved in their entirety, subject to the terms of the Backup Plan Sponsor Agreement and as modified by this Order.

3. The Debtors are authorized to pay in cash or by wire transfer of immediately available funds in accordance with the terms of the Backup Plan Sponsor Agreement without further action or order by the Court: (a) the Commitment Fee and (b) the Expense Reimbursement.

4. Notwithstanding anything to the contrary in the Backup Plan Sponsor Agreement, the Expense Reimbursement shall not exceed $1,500,000 in the aggregate for the fees and expenses incurred through July 19, 2023.

5. The Expense Reimbursement Monthly Cap shall be modified to $300,000 per month as measured over any rolling three-month period. If the Debtors exercise the Toggle Option and pivot to the Backup Transactions, the reasonable and documented expenses of the Backup Plan Sponsor shall no longer be subject to the Expense Reimbursement Monthly Cap starting on the date the Debtors exercise the Toggle Option and shall be deemed administrative expenses of the Debtors' estates.

6. The Fees, to the extent payable under the Backup Plan Sponsor Agreement and as authorized by this Order, shall constitute allowed administrative expense claims against the Debtors' estates pursuant to sections 105(a), 503(b), and 507(a)(2) of the Bankruptcy Code.

7. Notwithstanding anything to the contrary in the Backup Plan Sponsor Agreement, the BRIC shall not be required to provide the Consultation Services and shall not be entitled to the Consultation Services Fee.

8. Notwithstanding anything to the contrary in the Motion, this Order, or any findings announced at the Hearing, nothing in the Motion, this Order, or announced at the Hearing constitutes a finding under the federal securities laws as to whether cryptocurrency tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis are expressly reserved.

9. Except with respect to the Fees and any actions taken pursuant to such relief, the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens. Any payment made pursuant

to this Order is not intended and should not be construed as an admission as the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

10. Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

11. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

12. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

13. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**IT IS SO ORDERED.**

Dated: July 20, 2023
      New York, New York

                                                                 **/s/ Martin Glenn**
                                                       MARTIN GLENN
                                        Chief United States Bankruptcy Judge