UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) ) ) | Case No. 22-10964 (MG) |
| Debtors. | ) ) ) | (Jointly Administered) |

### ORDER (I) APPROVING THE SETTLEMENT BY AND AMONG THE DEBTORS, THE COMMITTEE, AND THE CONSENTING SERIES B PREFERRED HOLDERS AND (II) GRANTING RELATED RELIEF

Upon the joint motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), the Committee, and the Initial Consenting Series B Preferred Holders (collectively, the "Initial Parties") for entry of an order (this "Order") (i) approving the Settlement, as embodied in the Settlement Agreement attached hereto as Exhibit 1, by and among the Parties, and (ii) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409;

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion. Terms used but not defined in this Order nor the Motion shall have the meanings ascribed to them in the Settlement Agreement or, if not defined in the Settlement Agreement, in the *Joint Chapter 11 Plan of Reorganization of Celsius Network LLC and Its Debtor Affiliates* [Docket No. 2807].

and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Initial Parties' notice of the Motion and opportunity for a hearing thereon were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and this Court having found that the Settlement is the product of good faith, arm's length negotiations between the Initial Parties thereto; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. Each of the Settlement (as embodied in the Settlement Agreement attached hereto as Exhibit 1), the Settlement Agreement, and the payment of the Settlement Funds, which shall be (i) made and distributed in the manner set forth in the Settlement Agreement, (ii) funded from the cash proceeds referenced in paragraph 9 (the "GK8 Proceeds") of the *Order (I) Approving the Sale of the GK8 Debtors' Assets Free and Clear of All Claims, Liens, Rights, Interests and Encumbrances, (II) Authorizing the GK8 Debtors to Enter into and Perform Their Obligations Under the Asset Purchase Agreement, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* [Docket No. 1686], and (iii) in full and final settlement of all Settled Claims, is approved. For the avoidance of any doubt, the Debtors may use the remaining GK8 Proceeds (*i.e.*, all GK8 Proceeds other than the Settlement Funds) in the ordinary course of their business and pursuant to the *Final Order (I) Authorizing the GK8 Debtors to (A) Continue to Operate the GK8 Cash Management System,*

*(B) Honor Certain Prepetition Obligation Related Thereto, (C) Maintain Existing GK8 Business Forms, and (D) Continue to Perform GK8 Intercompany Transactions, (II) Granting Superpriority Administrative Expense Status to Postpetition GK8 Intercompany Balances, and (III) Granting Related Relief* [Docket No. 2115].

3. Pursuant to Bankruptcy Rule 9019, the Parties (as defined in the Settlement Agreement) are authorized and directed to enter into and perform the settlement as embodied in the Settlement Agreement, and perform, execute, and deliver all documents, and take all actions necessary, to immediately continue and fully implement the settlement in accordance with the terms, conditions, and agreements set forth or provided for in the Settlement Agreement.

4. The estates of Celsius Network Limited and Celsius Network LLC are hereby substantively consolidated for purposes of the Plan, including for purposes of voting, confirmation, and Plan distributions, and subject to the following sentence: (i) all assets and all liabilities of the Consolidated Debtors shall be treated as though they were merged; (ii) all guarantees of any Consolidated Debtor of the payment, performance, or collection of obligations of another Consolidated Debtor shall be eliminated and cancelled; (iii) all joint obligations of two or more Consolidated Debtors and multiple Claims against such Entities on account of such joint obligations shall be treated and allowed as a single Claim against the Consolidated Debtors; (iv) all Claims between any Consolidated Debtors shall be deemed cancelled; and (v) each Claim filed or scheduled in the Chapter 11 Case of any Consolidated Debtor shall be deemed filed against the Consolidated Debtors and a single obligation of the Estate of the Consolidated Debtors. The substantive consolidation and deemed merger effected pursuant hereto shall not affect (other than for purposes of the Plan as set forth in this Order and the Plan) (x) the legal and organizational structure of the Consolidated Debtors, except as provided in the Transaction Steps Memorandum,

including, for the avoidance of doubt, the legal existence of any Claim of one Consolidated Debtor against another Consolidated Debtor; (y) defenses to any Causes of Action or requirements for any third party to establish mutuality to assert a right of setoff; provided that any Claim that is Allowed against any Consolidated Debtor shall be deemed Allowed against the Estate of the Consolidated Debtors; or (z) distributions out of any insurance contracts or any Entity's or Person's rights, if any, to proceeds of such insurance contracts.

5. ¶ 11 of the Settlement Agreement is hereby modified from "[f]or the avoidance of doubt, this Settlement Agreement, and the obligations and releases hereunder, shall not impose any non-consensual releases on account holders to the extent such account holders file any personal, non-derivative claims" to "[f]or the avoidance of doubt, this Settlement Agreement, and the obligations and releases hereunder, shall not impose any non-consensual releases on account holders to the extent such account holders file any non-derivative claims."

6. For the avoidance of doubt, nothing in this Order shall have any effect on any claim against any Debtor entity except for the claims held by the Consenting Series B Preferred Holders and each of their Related Parties against the Debtors and each of their Related Parties.

7. This Order is entered without incorporating any findings from the *Order Regarding Which Debtor Entities Have Liability for Customer Contract Claims Under the Terms of Use* [Docket No. 2265] or the *Memorandum Opinion Regarding Which Debtor Entities Have Liability for Customer Claims Under the Terms of Use* [Docket No. 2205], and the Court takes no position on whether the entry of this Order shall have any effect on any pending appeal, including *In re Celsius Network LLC*, Case No. 23-cv-02882 (JLR).

8. Notwithstanding anything to the contrary in the Motion, this Order, or any findings announced at the Hearing, nothing in the Motion, this Order, or announced at the Hearing

4

constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis are expressly reserved.

9. The notice requirements under Bankruptcy Rule 6004(a) are hereby waived.

10. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

11. The Parties are authorized and directed to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

12. This Order shall bind the Parties, their estates and any successors or assigns, including without limitation any trustee, liquidating trustee, litigation administrator, or other estate representative.

13. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**IT IS SO ORDERED.**

Dated: July 20, 2023
       New York, New York

                                       **/s/ Martin Glenn**
                                       MARTIN GLENN
                                  Chief United States Bankruptcy Judge