NICOLE BARSTOW
PRO SE
49 DAY ST UNIT 213
NORWALK, CT 06854
BARST.NIK@GMAIL.COM
203-952-7237

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In Re:

Chapter 11 CELSIUS NETWORK LLC, et al.    :    CH. 11
                                          :    Case No. 22-10964 (MG)
                                          :
                                          :

## MOTION TO OBJECT TO THE DEBTOR'S DISCLOSURE STATEMENT, MOTION TO JOIN JOSHUA COLE'S SECURED CREDITOR AND RELIEF FROM AUTOMATIC STAY MOTION, AND COMPETING CHAPTER 11 PLAN PROPOSAL

The undersigned, Nicole Barstow, hereby submits her omnibus objection to the debtor's disclosure statement, and motions to join the secured creditor/relief from automatic stay Motion of Joshua Cole, as well as a proposal for a chapter 11 plan (which will be filed with non-dischargeable debt complaint adversary proceeding as well) for the following reasons:

1.) The undersigned objects to the disclosure statement due to fraud, and violation of public policy which makes the debt nondischargeable, and Alex Machinsky has recently been arrested.

2.) The undersigned objects to the disclosure statement because there is no agreement with receiving any amount or form of equity stake of the NewCo.

A.) Equity is worthless, extremely high risk, and highly unlikely to get a return. In bankruptcy, equity holders are last in line and usually do not get any money back in bankruptcy.

B.) The undersigned is not an accredited investor and does not qualify or agree to take on such a high-risk investment such as equity in a new company for her earn claim securities. To do so would be to continue to violate public policy and SEC.

C.) The new company does not plan to register with the SEC and is claiming exemption under regulation D, and the undersigned wholly disagrees due to the extremely high risk of common equity in new companies, and the history of the debtor to defraud investors has further tainted the reputation of any buyer which warrants more protection of digital security entitlement holders.


2.) The undersigned wholly objects to any settlement or proceeds of this bankruptcy distribution to series B preferred equity holders.

A.) One of the largest series B preferred equity holders is Alex Machinsky, who has been arrested and charged with seven counts of fraud.

B.) Bankruptcy code puts all equity holders last in line for distribution in a bankruptcy proceeding, and especially when there is fraud, injury and non-dischargeable debt complaints.

C.) The undersigned had been defrauded and injured due to no access to any of her entire savings that she received from being hit by an oil tanker, and the mental and financial suffering due to this fraud, and violation of public policy.

D.) The assets of all the series B preferred equity holders, including Alex Machinsky and all insiders, should be seized, clawed back and distributed to the injured unaccredited claim entitlement holders.

3.) The undersigned declares secured party status in the bankruptcy proceeding, and wholly objects to any discharge of any amount of her entitlement holder claim, and relief from the automatic stay to collect my assets.

A.) For all the reasons stated within Joshua Coles motion for secured status and relief from the automatic stay.

B.) The undersigned has filed a UCC-1 Financing statement with all debtor entities listed and plans to immediately file a UCC statement with the new company listed upon transfer of assets to the new company.

C.) Debt that is non dischargeable is secured debt.

4.) The undersigned wholly objects to the financial statement or the debtors, or new company to amend any disclosure statement or plan at any time one approved by the bankruptcy court.

A.) To do so has misled and defrauded an unsophisticated and non-accredited investor and was done with intent to steal our assets and not distribute our rightful entitlements.

5.) The undersigned proposes an illiquid recovery distribution plan for any assets/securities not distributed immediately upon the resolution of the bankruptcy petition.

A.) Any securities assets that are owed after the initial distribution should be paid out via dividend distributions from the sale of BTC that is mined by the new company, and through any other activities that creates liquidity for entitlement holders, and should include interest that accrues with a specified APY and the dividends should be paid out on a clearly specified time interval schedule.

6.) The new company should register with the SEC and be fully compliant with public policy, and be fully transparent with all required disclosures, and memorandums.

7.) The initial distribution percentage of the entitlement holder should be clearly specified (I.e 65% liquid distribution for Earn Claims), and not subject to change once approved by the ballot vote and court.

8.) The undersigned disagrees and wholly objects with any discharge of any amount of the debtors' obligations to the securities of the entitlement claim holders.

9.) The undersigned wholly objects to the creditors committee doing a class personal injury claim that provides a recovery but does not guarantee a distribution to the undersigned claim entitlement holder.

Respectfully Submitted,

Nicole Barstow (Pro Se)