UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**JOINT STIPULATION AND AGREED
ORDER BETWEEN THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS AND THE DEBTORS ESTABLISHING ACCOUNT HOLDER BAR DATE**

This stipulation and agreed order (this "Stipulation and Agreed Order") is entered this 20 th day of July, 2023, by and among the above-captioned debtors and debtors in possession (collectively, the "Debtors") and the official committee of unsecured creditors (the "Committee" and, together with the Debtors, the "Parties").

**WHEREAS**, on July 13, 2022 (the "Petition Date"), each of the Initial Debtors filed a voluntary petition for relief with the United States Bankruptcy Court for the Southern District of New York (the "Court") under title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), and on December 7, 2022, each of the GK8 Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956) (collectively, the "Initial Debtors"); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450) (collectively, the "GK8 Debtors"). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

**WHEREAS**, on July 27, 2022, the United States Trustee appointed the Committee. *See* [Docket No. 241];

**WHEREAS** the initial general claims bar date in these chapter 11 cases was February 9, 2023. *See* [Docket No. 1846];

**WHEREAS**, following entry of the *Memorandum Opinion Regarding Which Debtor Entities Have Liability for Customer Claims Under the Terms of Use* [Docket No. 2205] (the "Customer Claims Opinion"), the Debtors extended the general claims bar date to April 28, 2023 for any claim affected by the amendment of the Schedules and Statements pursuant to the Customer Claims Opinion (the "Affected Account Holder Claims"). *See* [Docket No. 2310];

**WHEREAS**, on April 18, 2023, the Court entered an order authorizing the Committee to file the class proof of claim and to seek certification of the class of all account holders under Bankruptcy Rule 7023. [Docket No. 2496] (the "Class Claim Order"). The Class Claim Order provided that "the bar date for claims set forth in the *Notice of Amended Bar Date for Submission of Proofs of Claim* . . . is tolled pending an order of the Court with respect to certification of the putative class under Bankruptcy Rule 7023."

**WHEREAS**, on April 21, 2023, the Debtors filed the *Notice of Extension of Bar Date for Account Holders to Submit Proofs of Claim* [Docket No. 2516], which notified all parties of the tolling of the bar date for Affected Account Holder Claims and informed account holders that the Debtors would provide separate notice once an updated bar date for Affected Account Holder Claims was established;

**WHEREAS**, at the omnibus hearing held July 18, 2023, the Court approved establishing **August 2, 2023** as the bar date for Affected Account Holder Claims;

2

**WHEREAS**, in light of the foregoing, the Parties now jointly submit this Stipulation and Agreed Order and respectfully request the Court's approval.

**IT IS THEREFORE STIPULATED AND AGREED, AND UPON COURT APPROVAL HEREOF, IT IS HEREBY ORDERED THAT**:

1. The bar date for Affected Account Holder Claims shall be **5:00 p.m. prevailing Eastern Time on August 2, 2023** (the "Affected Account Holder Claims Bar Date"). All account holders holding Affected Account Holder Claims must submit a written proof of such claim so that it is **actually received** by Stretto, Inc. (the "Notice and Claims Agent") on or before the Affected Account Holder Claims Bar Date.

2. For the avoidance of any doubt, the Affected Account Holder Claims Bar Date does not apply to claims against the GK8 Debtors.

3. Except for the relief granted in this Stipulation and Agreed Order that specifically supersedes the *Order (I) Setting Bar Dates for Submitting Proofs of Claim, (II) Approving Procedures for Submitting Proofs of Claim, (III) Approving Notice Thereof, and (IV) Granting Related Relief* (as amended, modified, or otherwise supplemented from time to time, the "Original Bar Date Order"), the Original Bar Date Order remains fully valid and enforceable.

4. As soon as reasonably practicable following entry of this Stipulation and Agreed Order, the Debtors shall provide notice of the Affected Account Holder Claims Bar Date to all affected account holders via the Debtors' mobile application and email with the relevant notice of the Affected Account Holder Claims Bar Date substantially in the form as approved in the *Order (I) Extending the Bar Date for Submitting Proofs of Claim, (II) Approving Notice Thereof, and (III) Granting Related Relief* [Docket No. 1846], with revised dates as necessary. Such notice is approved and shall be deemed to be adequate and sufficient notice.

3

5. Any person or entity who relies on the Schedules will have the responsibility for determining that such person's or entity's Claim is accurately listed in the Schedules.

6. Notwithstanding anything in the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, or the Bankruptcy Code, the terms and conditions of this Stipulation and Agreed Order are immediately effective and enforceable upon its entry.

7. This Stipulation and Agreed Order shall bind the Debtors, their estates, and any successors or assigns, including without limitation any trustee, liquidating trustee, litigation administrator, or other estate representative.

8. Notwithstanding anything to the contrary herein, nothing in this Stipulation and Agreed Order constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis are expressly reserved.

9. Notwithstanding the relief granted in this Stipulation and Agreed Order and any actions taken pursuant to such relief, nothing in this Stipulation and Agreed Order shall be deemed: (a) an admission as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' or the Committee's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Stipulation and Agreed Order; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' or any party in interest's rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens

(contractual, common law, statutory, or otherwise) are valid, and the Debtors and the Committee expressly reserve their rights to contest the extent, validity, or perfection, or seek avoidance of, all such liens. Any payment made pursuant to this Stipulation and Agreed Order is not intended and should not be construed as an admission as the validity of any particular claim or a waiver of the Debtors' or the Committee's rights to subsequently dispute such claim.

10. The Debtors and the Notice and Claims Agent are authorized to take all actions and make any payments necessary to effectuate the relief granted in this Stipulation and Agreed Order.

11. Entry of this Stipulation and Agreed Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing a date by which holders of claims or interests must submit proofs of claim or interest or be barred from doing so.

12. The Court retains jurisdiction with respect to any disputes arising from or any other actions to interpret, administer, or enforce the terms and provisions of this Stipulation and Agreed Order.

**IT IS SO ORDERED.**

Dated:  July 21, 2023
       New York, New York

                                               **/s/ Martin Glenn**
                                               MARTIN GLENN
                                               Chief United States Bankruptcy Judge

**IN WITNESS WHEREOF**, the Parties, by their respective authorized counsel, have executed this Stipulation and Agreed Order as of the date written below:

Dated: July 20, 2023

By: /s/ *Aaron E. Colodny*
**THE COMMITTEE**
**White & Case LLP**
David M. Turetsky
Samuel P. Hershey
Keith H. Wofford
1221 Avenue of the Americas
New York, New York 10020
Telephone:    (212) 819-8200
Facsimile:    (212) 354-8113
Email:    david.turetsky@whitecase.com
    sam.hershey@whitecase.com
    kwofford@whitecase.com

– and –

Michael C. Andolina (admitted *pro hac vice*)
Gregory F. Pesce (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone:    (312) 881-5400
Facsimile:    (312) 881-5450
Email:    mandolina@whitecase.com
    gregory.pesce@whitecase.com

– and –

Aaron E. Colodny (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, California 90071
Telephone:    (213) 620-7700
Facsimile:    (213) 452-2329
Email:    aaron.colodny@whitecase.com

*Counsel to the Committee of Unsecured Creditors*

/s/ *Joshua A. Sussberg*
**THE DEBTORS**
**Kirkland & Ellis LLP**
**Kirkland & Ellis International LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:    joshua.sussberg@kirkland.com

- and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:    patrick.nash@kirkland.com
    ross.kwasteniet@kirkland.com
    chris.koenig@kirkland.com
    dan.latona@kirkland.com

*Counsel to the Debtors and Debtors in Possession*