**Presentment Date and Time:** August 14, 2023 at 12:00 p.m. EDT
**Objection Deadline**: August 14, 2023 at 12:00 p.m. EDT

JENNER & BLOCK LLP
Catherine L. Steege (admitted *pro hac vice*)
Vincent E. Lazar
353 N. Clark Street
Chicago, Illinois 60654
(312) 222-9350

Richard Levin
Kayvan Sadeghi
1155 Avenue of the Americas
New York, New York 10036
(212) 891-1600

*Counsel to the Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**NOTICE OF PRESENTMENT OF FINAL APPLICATION OF SHOBA
PILLAY, EXAMINER AND JENNER & BLOCK LLP FOR PROFESSIONAL
SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES
INCURRED AS ATTORNEYS FOR EXAMINER FOR
THE PERIOD OF SEPTEMBER 29, 2022 THROUGH MARCH 31, 2023**

PLEASE TAKE NOTICE that the Examiner will present the attached *Final Application of
Shoba Pillay, Examiner and Jenner & Block LLP for Professional Services Rendered and
Reimbursement of Expenses Incurred as Attorneys for Examiner for the Period of September 29,
2022 Through March 31, 2023* (the "**Application**") to the Honorable Martin Glenn, Chief United

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification
number are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining
LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390);
Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Ltd. (0893); and GK8 USA LLC (9450). The location
of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11
cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

States Bankruptcy Judge, for approval and signature on **August 14, 2023, at 12:00 p.m.**, Eastern Daylight Time (the "**Presentment Date**").

Any responses or objections to the relief requested in the Application shall: (a) be in writing; (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York, and the *Second Amended Final Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief* [Dkt. 2560]; (c) be filed electronically with the Court on the docket of *In re Celsius Network LLC*, No. 22-10964 (MG) by registered users of the Court's electronic filing system and in accordance with all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York (which are available on the Court's website at http://www.nysb.uscourts.gov); and (d) be served so as to be actually received by **August 14, 2023, at 12:00 p.m.,** Eastern Daylight Time (the "**Objection Deadline**"), by (i) the entities on the Master Service List available on the case website of the above-captioned debtors and debtors in possession (the "**Debtors**") at https://cases.stretto.com/celsius, and (ii) any person or entity with a particularized interest in the subject matter of the Application.

PLEASE TAKE FURTHER NOTICE that if no objections or other responses are timely filed and served by the Objection Deadline with respect to the Application, the Examiner shall, on the Presentment Date, submit a proposed order approving the Application to the Court, which order the Court may enter without further notice or opportunity to be heard.

PLEASE TAKE FURTHER NOTICE that copies of the Application and other pleadings filed in these chapter 11 cases may be obtained free of charge by visiting the website of Stretto at https://cases.stretto.com/celsius.  You may also obtain copies of the Application and other

pleadings    filed    in    these    chapter    11    cases    by    visiting    the    Court's    website    at

http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.


Dated: July 24, 2023                                  Respectfully submitted,

                                                     JENNER & BLOCK LLP

                                                     By: /s/ *Vincent E. Lazar*
                                                     Catherine L. Steege (admitted *pro hac vice*)
                                                     Vincent E. Lazar
                                                     353 N. Clark Street
                                                     Chicago, IL 60654
                                                     (312) 222-9350
                                                     vlazar@jenner.com
                                                     csteege@jenner.com

                                                     Richard Levin
                                                     Kayvan Sadeghi
                                                     1155 Avenue of the Americas
                                                     New York, NY 10036
                                                     (212) 891-1600
                                                     rlevin@jenner.com
                                                     ksadeghi@jenner.com

                                                     *Counsel to the Examiner*

JENNER & BLOCK LLP
Catherine L. Steege (admitted *pro hac vice*)
Vincent E. Lazar
353 N. Clark Street
Chicago, Illinois 60654
(312) 222-9350

Richard Levin
Kayvan Sadeghi
1155 Avenue of the Americas
New York, New York 10036
(212) 891-1600

*Counsel to the Examiner*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**SUMMARY COVER SHEET TO FINAL APPLICATION OF SHOBA
PILLAY, EXAMINER AND JENNER & BLOCK LLP FOR PROFESSIONAL
SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES
INCURRED AS ATTORNEYS FOR EXAMINER FOR
THE PERIOD OF SEPTEMBER 29, 2022 THROUGH MARCH 31, 2023**

| | |
|---|---|
| **Name of applicant:** | **Shoba Pillay, Examiner, and Jenner & Block LLP** |
| Authorized to provide professional services to: | Shoba Pillay, Examiner |
| Date of order approving employment: | November 1, 2022 (effective as of September 29, 2022) |
| Period for which compensation and reimbursement are sought: | September 29, 2022 through March 31, 2023 |

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Ltd. (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

| | |
|---|---|
| Total fees sought this period: | $11,092,379.32 |
| Total expenses sought this period: | $65,138.10 |
| Total fees and expenses requested: | $11,157,517.42 |
| Total compensation approved to date by Interim Order: | $11,092,379.32 |
| Total expenses approved to date by Interim Order: | $65,138.10 |
| Total allowed compensation paid to date: | $9,066,542.70 |
| Total allowed expenses reimbursed to date: | $66,778.16 |
| Number of professionals included in this application: | 64 |
| Number of professionals billing fewer than 15 hours: | 18 |
| Type of fee statement or application | Final Fee Application |
| Blended rate in this application for all attorneys: | $1,013.22 |
| Blended rate in this application for all timekeepers: | $998.17 |
| Are any rates higher than those approved or disclosed at retention? | Yes. *See Notice of Rate Increases of Jenner & Block LLP, Counsel to the Examiner* [Dkt. 1732] |
| Difference between fees budgeted and compensation sought: | N/A[2] |

---

[2] As described in the Examiner's Final Report, challenges were encountered during the latter part of the investigation with respect to the timing and availability of information, documents and witnesses which resulted in adjustments to the work scope and schedule. The Examiner was regularly apprised of these developments, but no formal budget was submitted to the Court.

| Name of Professional | Title | Year Admitted | Department | Hourly Billing Rate (2022) | Total Billed Hours (2022) | Hourly Billing Rate (2023) | Total Billed Hours (2023) | Total Fees Requested[3] |
|---|---|---|---|---|---|---|---|---|
| CATHERINE L. STEEGE | Partner | 1982 | Restructuring & Bankruptcy | $1,595.00 | 170.90 | $2,130.00 | 195.60 | $689,213.50 |
| VINCENT E. LAZAR | Partner | 1990 | Restructuring & Bankruptcy | $1,540.00 | 244.00 | $1,735.00 | 179.90 | $687,886.50 |
| SHOBA PILLAY | Partner | 2003 | Investigations, Compliance & Defense | $1,455.00 | 356.60 | $1,590.00 | 265.90 | $941,634.00 |
| GAIL H. MORSE | Partner | 1982 | Tax | $1,320.00 | 123.80 | $1,440.00 | 37.90 | $217,992.00 |
| DAVID M. GREENWALD | Partner | 1986 | Litigation | $1,275.00 | 3.30 | N/A | N/A | $4,207.50 |
| MELISSA M. ROOT | Partner | 2003 | Restructuring & Bankruptcy | $1,265.00 | 250.60 | $1,430.00 | 202.40 | $606,441.00 |
| HOWARD S. SUSKIN | Partner | 1983 | FIFL | N/A | N/A | $1,390.00 | 0.50 | $695.00 |
| ANDRIANNA D. KASTANEK | Partner | 2005 | Appellate | $1,300.00 | 11.10 | $1,300.00 | 27.60 | $50,310.00 |
| LANDON S. RAIFORD | Partner | 2008 | Restructuring & Bankruptcy | $1,185.00 | 541.00 | $1,290.00 | 300.90 | $1,029,246.00 |
| KAYVAN B. SADEGHI | Partner | 2003 | Securities Litigation & Enforcement | $1,150.00 | 196.40 | $1,260.00 | 132.90 | $393,314.00 |
| SARAH F. WEISS | Partner | 2010 | Investigations, Compliance & Defense | $1,090.00 | 224.10 | $1,240.00 | 217.90 | $514,465.00 |
| HANNA M. CONGER | Partner | 2012 | Energy | $1,085.00 | 1.50 | N/A | N/A | $1,627.50 |
| AARON R. COOPER | Partner | 2011 | Investigations, Compliance & Defense | $1,085.00 | 465.20 | $1,240.00 | 251.40 | $816,478.00 |
| EMILY M. SAVNER | Partner | 2013 | Investigations, Compliance & Defense | $1,075.00 | 157.80 | $1,240.00 | 61.00 | $245,275.00 |
| CARL N. WEDOFF | Special Counsel | 2010 | Restructuring & Bankruptcy | $1,095.00 | 260.00 | $1,195.00 | 108.90 | $414,835.50 |
| LAURA E. PELANEK | Special Counsel | 2004 | Litigation | $905.00 | 631.60 | $990.00 | 282.70 | $851,471.00 |
| MICHELLE A. ONIBOKUN | Associate | 2018 | Government Contracts | $905.00 | 203.60 | $1,105.00 | 93.00 | $287,023.00 |
| PHILIP B. SAILER | Associate | 2018 | Investigations, Compliance & Defense | $905.00 | 270.50 | $1,105.00 | 171.90 | $434,752.00 |
| SARA M. STAPPERT | Associate | 2019 | Investigations, Compliance & Defense | $825.00 | 185.80 | $1,050.00 | 121.10 | $280,440.00 |
| ERIC E. PETRY | Associate | 2019 | Litigation | $825.00 | 123.80 | $1,050.00 | 55.80 | $160,725.00 |
| SARA M. CROOK | Associate | 2020 | Litigation | $750.00 | 63.30 | $960.00 | 69.40 | $114,099.00 |
| SOLANA R. GILLIS | Associate | 2020 | Corporate | $750.00 | 145.40 | $960.00 | 51.10 | $158,106.00 |
| ARIANA J. KANAVY | Associate | 2020 | Investigations, Compliance & Defense | $750.00 | 12.20 | $960.00 | 63.60 | $70,206.00 |
| KETURAH R. JAMES | Associate | 2019 | Investigations, Compliance & Defense | $710.00 | 11.20 | N/A | N/A | $7,952.00 |

[3] As noted herein, in consultation with the Fee Examiner, the Examiner and Jenner & Block agreed to $305,475.68 in aggregate reductions to its requested fees during the Final Fee Period. This chart reflects fees prior to these reductions.

| Name of Professional | Title | Year Admitted | Department | Hourly Billing Rate (2022) | Total Billed Hours (2022) | Hourly Billing Rate (2023) | Total Billed Hours (2023) | Total Fees Requested[3] |
|---|---|---|---|---|---|---|---|---|
| ADINA HEMLEY-BRONSTEIN | Associate | 2021 | Litigation | $710.00 | 220.40 | $860.00 | 76.30 | $222,102.00 |
| BREANNA K. DROZD | Associate | 2021 | Restructuring & Bankruptcy | N/A | N/A | $860.00 | 7.10 | $6,106.00 |
| KATE E. FINTEL | Associate | 2021 | Litigation | N/A | N/A | $860.00 | 55.30 | $47,558.00 |
| COURTNEY B. SHIER | Associate | 2021 | Litigation | $700.00 | 161.00 | $860.00 | 104.40 | $202,484.00 |
| RAYMOND B. SIMMONS | Associate | 2021 | Litigation | $700.00 | 261.00 | $860.00 | 157.10 | $317,806.00 |
| CHERRISSE R. WOODS | Associate | 2021 | Litigation | $700.00 | 172.60 | $860.00 | 50.70 | $164,422.00 |
| VINCENT WU | Associate | 2021 | Litigation | $700.00 | 1.00 | $860.00 | 34.00 | $29,940.00 |
| ISHA Z. ABBASI | Associate | 2022 | Litigation | $700.00 | 31.60 | $745.00 | 73.20 | $76,654.00 |
| NICHOLAS S. JOHN | Associate | 2022 | Litigation | $700.00 | 252.30 | $745.00 | 224.30 | $343,713.50 |
| MICHAEL D. PEARSON | Associate | 2022 | Litigation | $700.00 | 27.90 | $745.00 | 40.80 | $49,926.00 |
| ETHAN M. LEVY | Associate | 2022 | Litigation | $700.00 | 42.20 | $745.00 | 67.00 | $79,455.00 |
| LAURA K.M. KOELLER | Associate | 2022 | Litigation | $700.00 | 26.40 | $745.00 | 62.80 | $65,266.00 |
| PATRICIA A. PETERS | Associate | 2022 | Litigation | $700.00 | 29.70 | $745.00 | 49.30 | $57,518.50 |
| OLUWATOMISIN T. JOHNSON | Associate | 2022 | Litigation | $700.00 | 40.60 | N/A | N/A | $28,420.00 |
| BLAINE R. VALENCIA | Associate | 2022 | Litigation | $700.00 | 15.10 | $745.00 | 30.30 | $33,143.50 |
| NICOLE R. ALLICOCK | Associate | 2022 | Litigation | $700.00 | 31.80 | $745.00 | 45.20 | $55,934.00 |
| ZACHARY A. MARINO | Law Clerk | 2022 | Litigation | $710.00 | 22.50 | $745.00 | 36.50 | $43,167.50 |
| PAMELA A. MARINO-GIAKOU | Staff Attorney | 2000 | Litigation | $595.00 | 184.80 | N/A | N/A | $109,956.00 |
| CONSTANCE J.B. PURTILL | Discovery Attorney | 2011 | Litigation | $330.00 | 31.40 | N/A | N/A | $10,362.00 |
| DAVID C. GUI | Discovery Attorney | 2013 | Litigation | $330.00 | 189.60 | N/A | N/A | $62,568.00 |
| CHRISTINE C. CORSO | Discovery Attorney | 1999 | Litigation | $330.00 | 87.00 | $330.00 | 79.20 | $54,846.00 |
| NOELLE M. DUPUIS | Discovery Attorney | 2009 | Litigation | $330.00 | 98.70 | $330.00 | 95.30 | $64,020.00 |
| MICHELLE A. MCDONALD | Discovery Attorney | 2005 | Litigation | $330.00 | 106.60 | N/A | N/A | $35,178.00 |
| MIKKEL R. MICHELSON | Discovery Attorney | 2007 | Litigation | $330.00 | 37.90 | N/A | N/A | $12,507.00 |
| LEAH J. STARKMAN | Discovery Attorney | 2002 | Litigation | $330.00 | 54.20 | N/A | N/A | $17,886.00 |
| STEFANO VIOLA | Discovery Attorney | 2013 | Litigation | $330.00 | 62.30 | $365.00 | 33.50 | $32,786.50 |
| DANIEL O. GARCIA | Senior Paralegal | N/A | | $560.00 | 192.50 | $590.00 | 128.20 | $183,438.00 |
| DEBRA E. ABELSON | Senior Paralegal | N/A | | N/A | N/A | $590.00 | 5.00 | $2,950.00 |
| CHERYL J. KRAS | Senior Paralegal | N/A | | N/A | N/A | $590.00 | 5.70 | $3,363.00 |
| JESSICA M. MERKOURIS | Senior Paralegal | N/A | | N/A | N/A | $590.00 | 7.30 | $4,307.00 |

| Name of Professional | Title | Year Admitted | Department | Hourly Billing Rate (2022) | Total Billed Hours (2022) | Hourly Billing Rate (2023) | Total Billed Hours (2023) | Total Fees Requested[3] |
|---|---|---|---|---|---|---|---|---|
| CHRISTOPHER R. WARD | Senior Paralegal | N/A | | N/A | N/A | $590.00 | 3.50 | $2,065.00 |
| KELSEY HYUNJEE CHOI | Paralegal | N/A | | N/A | N/A | $505.00 | 2.70 | $1,363.50 |
| SAM A. ROSEN | Paralegal | N/A | | N/A | N/A | $505.00 | 3.00 | $1,515.00 |
| ADAM H. WEIDMAN | Paralegal | N/A | | N/A | N/A | $320.00 | 4.80 | $1,536.00 |
| BRYAN A. POWER | Senior Litigation Support Specialist | N/A | | $455.00 | 1.30 | N/A | N/A | $591.50 |
| PAUL S. RAMONAS | Senior Research Librarian | N/A | | $405.00 | 10.50 | N/A | N/A | $4,252.50 |
| JAMES P. WALSH | Senior Research Librarian | N/A | | $405.00 | 2.50 | $420.00 | 1.50 | $1,642.50 |
| M. KRISTINA DEGUZMAN | Research Librarian | N/A | | $405.00 | 1.20 | N/A | N/A | $486.00 |
| STEPHEN S. MELLIN | Research Librarian | N/A | | $405.00 | 6.20 | N/A | N/A | $2,511.00 |
| TRICIA J. PEAVLER | Research Librarian | N/A | | $405.00 | 0.60 | $420.00 | 1.30 | $789.00 |
| **Sub-Total*** | | | | | | | | **$11,412,930.00** |
| Less 50% Discount on Non-working Travel Matter | | | | | | | | $15,075.00 |
| Total | | | | | | | **11,433.80 hours** | **$11,397,855.00** |

Presentment Date and Time: August 14, 2023 at 12:00 p.m. EDT
Objection Deadline: August 14, 2023 at 12:00 p.m. EDT

JENNER & BLOCK LLP
Catherine L. Steege (admitted *pro hac vice*)
Vincent E. Lazar
353 N. Clark Street
Chicago, Illinois 60654
(312) 222-9350

Richard Levin
Kayvan Sadeghi
1155 Avenue of the Americas
New York, New York 10036
(212) 891-1600

*Counsel to the Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**FINAL APPLICATION OF SHOBA PILLAY, EXAMINER**
**AND JENNER & BLOCK LLP FOR COMPENSATION FOR**
**PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF**
**EXPENSES INCURRED AS ATTORNEYS FOR EXAMINER**
**FOR THE PERIOD OF SEPTEMBER 29, 2022 THROUGH MARCH 31, 2023**

Shoba Pillay, Examiner in these chapter 11 cases (the "**Examiner**"), and Jenner & Block

LLP ("**Jenner & Block**"), counsel to the Examiner, hereby submit this final application for

compensation for professional services rendered and reimbursement of expenses incurred (the

"**Final Fee Application**") for the period from September 29, 2022 through and including March

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Ltd. (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

31, 2023 (the "**Final Fee Period**") in accordance with sections 327, 330, and 331 of title 11 of the United States Code, Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure, Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York, and the *Amended Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief* [Dkt. 1745] ("**Interim Compensation Order**"); the Court's *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, dated July 17, 2013 (the "**Local Guidelines**"); the United States Trustee's *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Large Chapter 11 Cases Effective as of November 1, 2013* (the "**UST Guidelines**"); and the *Amended Order Appointing Independent Fee Examiner and Establishing Related Procedures for the Review of Fee Applications of Retained Professionals* (the "**Fee Examiner Order**") [Dkt. 1746]. In support of this Application, Jenner & Block submits the *Certification of Vincent E. Lazar* (the "**Lazar Certification**"), attached hereto as **Exhibit A**, and respectfully represent as follows:

**Preliminary Statement**

1.      On November 1, 2022, this Court entered the *Order Authorizing Employment of Jenner & Block LLP as Attorneys for the Examiner Effective as of September 29, 2022* [Dkt. 1259] (the "**Retention Order**"), approving the Examiner's employment of Jenner & Block, effective as of September 29, 2022. A copy of the Retention Order is attached hereto as **Exhibit B**. During the Final Fee Period, the Examiner and Jenner & Block conducted a wide-ranging investigation, collecting and reviewing hundreds of thousands of pages of documents (more than 500 gigabytes of data over the course of her investigation), interviewing more than 45 current and former Celsius

2

personnel and customers (and more than 50 over the course of her investigation), and engaging in extensive information-gathering discussions with the various interested parties, including the Debtors, the Debtors' customers, the U.S. Trustee, the Official Committee of Unsecured Creditors (the "**Committee**"), state and federal regulatory agencies, and the ad hoc committees. The Examiner's investigation culminated in the 302-page Interim Report ("**Interim Report**"), filed with the Court on November 19, 2022 [Dkt. 1411], and the 689-page Final Report ("**Final Report**"), filed with the Court on January 31, 2023 [Dkt. 1956].

2.      Jenner & Block submits that its work during the Final Fee Period was necessary for, and beneficial to, the Examiner in these chapter 11 cases, and respectfully requests that the Court award the fees and expenses requested in this Final Fee Application.

## **Jurisdiction**

3.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

4.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      The statutory bases for the relief requested herein are sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1.

## **Background and Case Status**

6.      On July 13, 2022 and December 7, 2022, each of the Debtors filed voluntary petition for relief under chapter 11 of the Bankruptcy Code.[2] The Debtors have continued to operate their businesses and manage their affairs as debtors and debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code.

---

[2] Debtors Celsius Network LLC, Celsius KeyFi LLC, Celsius Lending LLC, Celsius Mining LLC, Celsius Network Inc., Celsius Network Limited, Celsius Networks Lending LLC, and Celsius US Holding LLC filed voluntary petitions on July 13, 2022. Debtors GK8 Ltd., GK8 UK Ltd., and GK8 USA LLC filed voluntary petitions on December 7, 2022.

7.       On July 27, 2022, the United States Trustee appointed an Official Committee of Unsecured Creditors (the "**Committee**"), comprised of seven of the Debtors' account holders. [Dkt. 241.]

8.       On August 18, 2022, the United States Trustee filed a motion seeking appointment of an examiner. [Dkt. 546.]

9.       On September 14, 2022, the Court entered the *Order Directing the Appointment of an Examiner Pursuant to Section 1104(c) of the Bankruptcy Code* [Dkt. 820] ("**Examiner Order**"), directing the appointment of an examiner under section 1104(c) to conduct an investigation of:

   a.  the Debtors' cryptocurrency holdings, including a determination as to where the Debtors' cryptocurrency holdings were stored prepetition and are stored postpetition and whether different types of accounts are commingled;

   b.  why there was a change in account offerings beginning in April 2022 from the Earn Program to the Custody Service for some customers while others were placed in a 'Withhold Account';

   c.  the Debtors' procedures for paying sales taxes, use taxes, and value added taxes and the extent of the Debtors' compliance with any non-bankruptcy laws with respect thereto"; and

   d.  the current status of the utility obligations of the Debtors' mining business.

(Examiner Order ¶ 3.)

10.      The Examiner Order also directed the examiner to "otherwise perform the duties of an examiner set forth in §§ 1106(a)(3) and 1106(a)(4) of the Bankruptcy Code," subject to the terms of the Examiner Order. (*Id.*)

11.      On September 29, 2022, the United States Trustee appointed Shoba Pillay as Examiner and filed a notice of the appointment [Dkt. 920] and an application to approve the appointment of the Examiner. [Dkt. 921.] The Court entered an Order approving the appointment of the Examiner the same day. [Dkt. 923.]

12.     On October 11, 2022, the Examiner filed her Work Plan, in accordance with paragraph 7 of the Examiner Order [Dkt. 1013-1] ("**Initial Work Plan**"). Under the Examiner Order, the Examiner's final report was due 60 days after the filing of her Initial Work Plan—*i.e.*, December 10, 2022—absent further order of the Court on notice to all parties. (Examiner Order ¶ 8.)

13.     On October 11, 2022, the Bankruptcy Court entered a scheduling order to address claims made by two *ad hoc* groups. These groups claim that the crypto assets held in what Celsius called Custody and Withhold accounts are property of the account holders, rather than property of Celsius's bankruptcy estates. (*See Joint Stipulation and Agreed Scheduling Order By and Among the Debtors, The Committee, The Ad Hoc Groups With Respect to Custody and Withhold Issues* [Dkt. 1044] ("**Phase I Order**").) Because of factual overlap between this claim and the Examiner's investigation, the Court directed the Examiner to file an Interim Report by November 19, 2022 addressing several factual issues:

- how and when the Custody and Withhold wallets were created;

- whether the Custody and Withhold wallets have only ever held Custody and Withhold Coins, respectively, and whether the Custody and Withhold wallets include coins that have been designated as pledged collateral;

- the process by which coins were transferred in and out of Custody and Withhold wallets;

- the balance of assets in Custody and Withhold accounts and Custody and Withhold liabilities in the ten (10) days before and after the pause by coin;

- the number and types of coins that are currently in Custody and Withhold wallets as a step in an unsuccessful attempt to withdraw coins off of the platform (to the extent ascertainable).

(*Id.* ¶ 7.)

14.    On November 1, 2022, the Court entered an *Order Approving Examiner's Motion to Confirm Examination Scope or Alternatively for Expansion of the Scope of the Examination* [Dkt. 1260] ("**First Scope Order**"), which clarified that:

   a. Topic (i) set forth in the Examiner Order includes an examination of the Debtors' CEL tokens, including why and how other digital assets were converted into CEL tokens, and how these tokens were marketed, stored, and traded – including whether any of the Debtors' trading practices involving CEL tokens generally or determinations of CEL tokens awarded as part of the Earn Rewards program – impacted their value, and

   b. Topic (ii) set forth in the Examiner Order includes an examination of the representations Debtors generally made in public representations to customers to attract them to their platform and about their cryptocurrency holdings and account offerings.

(*Id.* ¶¶ 2-3.)

15.    On November 14, 2022, the Court entered a *Stipulation and Agreed Order Modifying Scope of Examiner Order* [Dkt. 1343] ("**Second Scope Order**," and together with the First Scope Order, the "**Examiner Orders**") under which the "[t]he scope of the Examiner's factual investigation and report is expanded to include an investigation and report on whether the Debtors used new deposits being made by customers to make payments or otherwise meet obligations to existing customers at a time when the Debtors had no other sources (whether liquid or which could have been monetized) from which to make such payments or meet such obligations." (*Id.* ¶ 1.).

16.    On November 19, 2022, the Examiner filed the Interim Report, addressing the issues identified in the Phase I Order.

17.    On December 2, 2022, the Court entered an *Order Approving Amended Work Plan* [Dkt. 1562], which approved the Examiner's Amended Work Plan [Dkt. 1438-1] ("**Amended Work Plan**") and extended the Examiner's deadline to file her Final Report to January 17, 2023. (*Id.* ¶ 29.)

18.    On December 8, 2022, the Court entered an order [Dkt. 1645] extending the Debtors' exclusive periods to file and solicit acceptances to a chapter 11 plan to February 15, 2023.

19.    On January 11, 2023, the Examiner moved to extend the deadline for the Final Report to January 30, 2023 [Dkt. 1850]. As set forth in that motion, the Examiner required the extension because of delays in document production and witness interviews. (*Id.* at ¶¶ 11-14.) the Court entered an order [Dkt. 1851] extending the Examiner's deadline to January 30, 2023.

20.    On January 31, 2023, the Examiner filed the Final Report.

21.    On March 21, 2023, the Examiner filed her *Motion for Entry of Order Discharging Examiner* [Dkt. 2284] ("**Discharge Motion**").

22.    On April 4, 2023, the Court entered an order [Dkt. 2364] (the "**Discharge Order**") granting the Discharge Motion and terminating the appointment of the Examiner subject to certain conditions provided therein.

## Jenner & Block's Retention and Fee Request

23.    On September 29, 2022, the Examiner selected Jenner & Block as her counsel. *See Disinterestedness Declaration of Shoba Pillay* [Dkt. 921-1] (the "**Pillay Declaration**").

24.    On October 4, 2022, the Examiner filed her *Application to Employ Jenner & Block LLP as Attorneys to the Examiner* [Dkt. 962].

25.    On November 1, 2022, the Court entered the Retention Order.

26.    Jenner & Block's fees are based upon hours charged, recorded in tenth-of-an-hour increments, at Jenner & Block's ordinary and customary hourly rates in effect as of January 1 of the calendar year in which the services are rendered, plus reimbursement of actual, necessary, out-of-pocket expenses and other charges incurred by Jenner & Block on behalf of the Examiner. Jenner & Block adjusts its rates annually at the start of each calendar year, as disclosed in its

Retention Application and approved by the Retention Order. These rates are consistent with the rates charged to other clients, including outside of bankruptcy. Jenner & Block has shared its hourly rates with the Examiner, and the Examiner has approved these rates.

27.     On December 15, 2022, the Examiner filed the *First Interim Application of Shoba Pillay, Examiner and Jenner & Block LLP for Professional Services Rendered and Reimbursement of Expenses Incurred as Attorneys for Examiner for the Period of September 29, 2022 through October 31, 2022* [Dkt. 1717] (the "**First Interim Application**"), seeking $1,863,035.50 in fees and $1,135.09 in expenses. Because the First Interim Application covered only the first 33 days of the Examiner's investigation, the Examiner agreed with the Fee Examiner to defer reporting on its First Interim Application. *See Summary Report on Fee Review Process and First Interim Fee Applications* ¶¶ 88-94 [Dkt. 2387].

28.     On April 14, 2023, the Examiner filed the *Second Interim Application of Shoba Pillay, Examiner and Jenner & Block LLP for Professional Services Rendered and Reimbursement of Expenses Incurred as Attorneys for Examiner for the Period of September 29, 2022 through October 31, 2022* [Dkt. 2463] (the "**Second Interim Application**"), seeking $9,534,819.50 in fees and $65,138.10 in expenses.

29.     Following discussions with the Fee Examiner, the Examiner and Jenner & Block agreed to voluntary reductions of $305,475.68 in requested fees and $2,592.08 in requested expense reimbursement. With these reductions, the Fee Examiner recommended for approval the First Interim Application and Second Interim Application. *See Summary Report on Fee Review Process and Second Interim Fee Applications* ¶¶ 65–71 [Dkt. 2975] ("**Second Fee Examiner Report**").

30.    On July 19, 2023, the Court entered an order approving the First Interim Application and Second Interim Application with the agreed reductions set forth in the Second Fee Examiner Report. *Second Omnibus Order Granting Applications For Allowance Of Compensation For Professional Services Rendered And Reimbursement Of Expenses For The First And Second Interim Compensation Periods*, Ex. A [Dkt. 3055] ("**Second Omnibus Fee Order**").

31.    As the Examiner's work is complete and First Interim Application and Second Interim Application have been approved by the Court in the Second Omnibus Fee Order, Jenner & Block requested and received authorization from the Fee Examiner to file this Final Fee Application while the chapter 11 case remains open. The Debtor has also indicated it does not object to the filing of the Final Fee Application at this time.

32.    By this Final Fee Application, and after taking into account certain discounts and reductions agreed with the Fee Examiner, Jenner & Block requests (i) final allowance of $11,092,379.32 for the reasonable compensation for actual, necessary legal services that Jenner & Block rendered to the Examiner during the Final Fee Period; and (ii) final allowance of $65,138.10 for the actual and necessary costs and expenses that Jenner & Block incurred in connection with such services during the Final Fee Period.

33.    This is Jenner & Block's final request for compensation in these chapter 11 cases. As set forth in the Lazar Certification, all the services for which compensation is sought herein were rendered for and on behalf of the Examiner in connection with these chapter 11 cases. To the best of Jenner & Block's knowledge and as disclosed in the *Pillay Declaration*; *Declaration of Vincent E. Lazar in Support of the Application Authorizing the Employment of Jenner & Block LLP as Attorneys for the Examiner Effective as of September 29, 2022* [Dkt. 962, Ex. C]; the *Supplemental Declaration of Vincent E. Lazar in Support of the Application Authorizing the*

*Employment of Jenner & Block LLP as Attorneys for the Examiner Effective as of September 29,*
*2022* [Dkt. 1608]; and the *Second Supplemental Declaration of Vincent E. Lazar in Support of the*
*Application Authorizing the Employment of Jenner & Block LLP as Attorneys for the Examiner*
*Effective as of September 29, 2022* [Dkt. 2282] (together, the "**Retention Declarations**"), Jenner
& Block is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code, and
except as otherwise specified in the Retention Declarations, Jenner & Block's partners, associates,
and special attorneys do not hold or represent any interest adverse to the Examiner.

34.     Jenner & Block might have in the past represented, might currently represent, and
likely in the future will represent parties that are parties in interest in these cases in connection
with matters unrelated to the Examiner or the chapter 11 cases. In the Retention Declarations,
Jenner & Block disclosed its connections to parties in interest in the chapter 11 cases that it has
been able to ascertain using reasonable efforts. Jenner & Block will update such disclosures, as
appropriate, if Jenner & Block becomes aware of material new information relevant to the time
period during which it was providing services.

35.     Jenner & Block performed the services for which it is seeking compensation solely
on behalf of the Examiner and not on behalf of any of the other Debtors, any committee, creditor,
or other entity.

36.     Jenner & Block has not received payment or a promise of payment from any source
other than the Debtors' estates for its services rendered and expenses incurred on behalf of the
Examiner or to be rendered or incurred in any capacity whatsoever in connection with the Chapter
11 cases.

37.     Jenner & Block does not share fees with any attorneys except to the extent
permitted by section 504 of the Bankruptcy Code.

**Fees and Expenses Incurred During the Final Fee Period**

**A.    Fees Incurred During the Final Fee Period**

38.    In the ordinary course of Jenner & Block's practice, Jenner & Block maintains records of the time spent on the professional services provided to the Examiner. **Exhibit C** is a summary of fees incurred and hours worked during the Final Fee Period Period for which compensation is sought on an hourly basis in this Application, setting forth the following information:

 a. the name of each attorney and paraprofessional for whose work compensation is sought;

 b. each attorney's year of bar admission and area of practice concentration;

 c. the aggregate time worked and fees billed by each attorney and each paraprofessional during the Final Fee Period;

 d. the hourly billing rates for each such attorney and paraprofessional at Jenner & Block's applicable billing rates; and

 e. a calculation of total compensation requested using the rates disclosed in the Final Fee Application.

39.    As noted above, the Examiner and Jenner & Block, the consultation with the Fee Examiner,  agreed to $305,475.68 in aggregate reductions to their requested fees during the Final Fee Period, which were approved by the Court in its Second Omnibus Fee Order. This chart reflects fees prior to these reductions.

**B.    Customary Billing Disclosures**

40.    Jenner & Block's hourly rates are set at a level designed to compensate Jenner & Block fairly for the work of its attorneys and paraprofessionals and to cover overhead and operating expenses. The hourly rates and corresponding rate structure utilized by Jenner & Block in these chapter 11 cases are the same as the hourly rates and corresponding rate structure Jenner & Block uses for other restructuring matters and are comparable to the hourly rates and

corresponding rate structure that Jenner & Block uses for corporate, securities, and litigation matters whether in court or otherwise, regardless of whether a fee application is required. Jenner & Block's rates and rate structure reflect the complex and time-sensitive nature of restructuring and other matters handled by Jenner & Block. The First Interim Application and Second Interim Application attach summaries of the blended hourly rates for timekeepers during each interim period and a comparison to blended hourly rates on other matters.

### C.    Expenses Incurred During the Final Fee Period

41.    In the ordinary course of Jenner & Block's practice, it maintains a record of expenses incurred in rendering professional services to the Examiner and for which reimbursement is sought. The First Interim Application and Second Interim Application attach summaries of the total amount of expenses for which Jenner & Block seeks reimbursement with respect to each category of expenses for the Final Fee Period prior to voluntary reductions agreed to by the Fee Examiner and approved by the Court in its Second Omnibus Fee Order.

### Summary of Legal Services Provided During the Final Fee Period

42.    During the Final Fee Period, Jenner & Block provided important professional services to the Examiner in connection with these chapter 11 cases. The First Interim Application and Second Interim Application attach schedules setting forth a description of each project category used in the case, the number of hours worked by Jenner & Block attorneys and paraprofessionals for each project category, and the aggregate fees associated with each project category, as well as narrative summaries of the work performed in each project category.

### Actual and Necessary Expenses Incurred by Jenner & Block During the Final Fee Period

43.    Jenner & Block has incurred a total of $65,138.10 in expenses on behalf of the Examiner during the Final Fee Period. The expenses requested by Jenner & Block are intended to

reimburse Jenner & Block's direct costs that are not included in Jenner & Block's hourly billing rates.

### Jenner & Block's Requested Compensation and Reimbursement Should be Allowed.

44.    The services for which Jenner & Block seeks compensation in this Application were, at the time provided, reasonably calculated to be necessary for and beneficial to the Examiner. Jenner & Block performed these services economically, effectively, and efficiently. Jenner & Block submits that the compensation requested is reasonable considering the nature, extent, and value of such services to the Examiner. Accordingly, Jenner & Block submits that the compensation sought in this Application is warranted and should be approved.

45.    Section 331 of the Bankruptcy Code provides for interim and final compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation. Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered … and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent, and the value of such services, taking into account all relevant factors, including—
>
> (a)    the time spent on such services;
>
> (b)    the rates charged for such services;
>
> (c)    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (d)    whether the services were performed within a reasonable amount of time commensurate with the complexity,

> importance, and nature of the problem, issue, or task
> addressed; and
>
> (e)  whether the compensation is reasonable based on the
> customary compensation charged by comparably skilled
> practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

46.  Jenner & Block respectfully submits that the professional services provided were necessary to the administration of these cases and performed economically and efficiently, and that the compensation requested herein is reasonable in light of the nature, extent, and value of such services, performed at the direction of the Examiner.

**Reasonable and Necessary Expenses Incurred in Providing Services to the Examiner**

47.  As set forth in the First Interim Application and Second Interim Application attach, Jenner & Block has incurred a total of $65,138.10 in expenses on behalf of the Examiner during the Final Fee Period. These charges are intended to reimburse Jenner & Block's direct operating costs, which are not incorporated into the Jenner & Block hourly billing rates.

**Statement by Jenner & Block Under Paragraph C(5) of the UST Guidelines**

48.  The following is provided in response to the questions set forth in ¶ C.5 of the U.S. Trustee Guidelines:

> **Question:** Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period? If so, please explain.
>
> **Response:** No.
>
> **Question:** If the fees sought in this fee application as compared to the fees budgeted for the time covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client?
>
> **Response:** As described in the Examiner's Final Report, challenges were encountered during the latter part of the investigation with respect to the timing and availability of information, documents and witnesses which resulted in adjustments to the work scope and

schedule. The Examiner was regularly apprised of these developments, but no formal budget was submitted to the Court.

**Question:** Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case?

**Response:** No.

**Question:** Does this fee application include time or fees related to reviewing the time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.). If so, please quantify by hours and fees.

**Response:** Yes. Jenner & Block spent approximately 30 hours and $35,000 revising its invoices so that privileged and confidential information would not appear in public filings.

**Question:** Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.

**Response:** No. Jenner & Block did not redact its invoices, but as noted immediately above, spent time revising its invoices to protect privileged and confidential information.

**Question:** If the fee application includes any rate increases since retention: (i) Did your client review and approve those rate increases in advance? (ii) Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458?

**Response:** Jenner & Block increased its hourly rates on January 1, 2023. *See Notice of Rate Increases of Jenner & Block LLP, Counsel to the Examiner* [Dkt. 1732]. The Examiner approved the rate increases and, as a Jenner & Block partner, was aware of Jenner & Block's practice of adjusting its rates at the start of each calendar year.

## Notice

49.     Notice of the Application has been provided to all necessary parties in accordance with the Interim Compensation Order. Accordingly, Jenner & Block submits that no other or further notice need be given.

*(Signature page follows.)*

Dated: July 24, 2023

Respectfully submitted,

JENNER & BLOCK LLP

By: /s/ *Vincent E. Lazar*
Catherine L. Steege (admitted *pro hac vice*)
Vincent E. Lazar
353 N. Clark Street
Chicago, IL 60654
(312) 222-9350
vlazar@jenner.com
csteege@jenner.com

Richard Levin
Kayvan Sadeghi
1155 Avenue of the Americas
New York, NY 10036
(212) 891-1600
rlevin@jenner.com
ksadeghi@jenner.com

*Counsel to the Examiner*