UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| CELSIUS NETWORK LLC, et al., | ) ) ) | No. 22-10964 (MG) |
| Debtors | ) ) ) | (Jointly Administered) |

### TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001 (e)(1) of the Federal Rules of Bankruptcy Procedure of the transfer, other than for security, of the claim referenced in this evidence and notice.

| Name of Transferor: | Name of Transferee: |
|---|---|
| **Mildred Sexton** | **Ann V. Sexton** |

| Name and Current Address of Transferor: | Name and Address where notices and payments to transferee should be sent: |
|---|---|
| **Mildred Sexton** (Redacted) | **Ann V. Sexton** 2106 Satsuma Lane Naples, FL 34120 |

| Claim No./Schedule | Creditor Name | Amount | Debtor | Case No. |
|---|---|---|---|---|
| Schedule F Line (3.1.404269) | Mildred Sexton | as described on Schedule F (attached) | Celsius Network LLC | 22-10964 |

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _/s/ AV_____  Date: July 13, 2023
    Transferee

*Penalty for making a false statement*: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## EVIDENCE OF TRANSFER OF CLAIM

TO:  U.S. Bankruptcy Court
     Southern District of New York ("Court")

AND TO: Celsius Network LLC ("Debtor")
        Case No. 22-10964 ("Case")

Claim #:  Not filed
Schedule F Line # 3.1.404269

**MILDRED SEXTON** ("Seller"), for good and valuable consideration the receipt and sufficiency of which is hereby acknowledged, does hereby unconditionally and irrevocably sell, transfer and assign unto:

Ann V. Sexton
2106 Satsuma Lane
Naples, FL 34120

her successors and assigns ("Buyer"), all rights, title and interest in and to the claim of Seller, including all rights (a) of reclamation and all administrative priority claims, and any cure payments made on account of Seller in the Case; (b) to any proof(s) of claim files; (c) in and to any secured claim, collateral or any liens held by Seller; (d) to vote on any question relating to the claim in the Case; (e) to cash, interest, principal, securities or other property in connection with the Case; and (f) to any amounts listed on Debtor's schedules, in the principal amount of the Schedule F amount ("Claim"), which represents 100% of the total claim amount of the Schedule F amount against Debtor in the Court, or any other court with jurisdiction over Debtor's Case.

Seller hereby waives: (a) any objection to the transfer of the Claim to Buyer on the books and records of Debtor and the Court; and (b) any notice or right to a hearing as may be imposed by Federal Rule of Bankruptcy Procedure 3001, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Seller acknowledges, understands, agrees, and hereby stipulates that an order of the Court may be entered without further notice to Seller transferring the Claim to Buyer and recognizing Buyer as the sole owner and holder of the Claim.

Buyer does not assume and will not be responsible for any obligations or liabilities of Seller related to or in connection with the Claim or the Case. You are hereby directed to make all future payments and distributions free and clear of all setoffs and deductions, and to give all notices and other communications in respect to the Claim to Buyer.

IN WITNESS WHEREOF, each of the undersigned have duly executed this Evidence of Transfer of Claim dated July 13th, 2023.

By: _____          By: _____
MILDRED SEXTON, SELLER                ANN V. SEXTON, BUYER

| | | | | | |
|---|---|---|---|---|---|
| 3.1.404269 | MILDRED SEXTON | ADDRESS REDACTED | | | BTC 0.335616571172827<br>ETH 9.43002673740057<br>USDC 28026.4352820801 |