27 July 2023  
211 Pierpoint  
16 Westferry Road  
London, UK  E14 8NQ

Re: Supporting Otis Davis' Pro Se Motion

Good Day Honorable Judge Glenn,

I have previously written to you regarding the objection the Celsius UCC filed to a Pro Se motion by a fellow Celsius creditor, Mr. Caceres. He put forth the motion (objected to by the very people who are supposed to support such things! the Celsius UCC) that CEL token should be priced at the value on the date of the bankruptcy filing, that being $0.81565. I support Mr. Caceres and **_strenuously object_** to the Celsius UCC objection to that motion.

On the 23rd of July, fellow creditor Otis Davis filed a pro se motion as well. (This motion is located here:   https://cases.stretto.com/public/x191/11749/PLEADINGS/1174907252380000000097.pdf and is listed as "Doc 3084".) I **_strongly support_** Otis Davis' motion. I know Otis to be a man of strong character and he is as good as his word. Like me, Otis was an early adopter of the Celsius platform, an investor in the "A Round" at Bank to the Future, and was excited for the future that Celsius represented. He has conducted himself with grace throughout these proceedings.

Otis' motion requests the following of the court:

(I)   OBJECTION TO THE ADEQUACY OF THE DISCLOSURE STATEMENT IN REGARDS TO CEL TOKEN SUBORDINATION UNDER RULE 510(B)
(II)  REQUEST FOR RELIEF IN DECLARING THE CEL TOKEN NOT A SECURITY AND
(III) REQUEST FOR THE FORMATION OF A CEL TOKEN CLASS WITH PROFESSIONALS PAID FOR BY THE ESTATE

I **_strongly support_** all these requests.

As outlined in my previous letter to the court (27 June 2023) I provided reasons why I believe the CEL token should not be subordinated. They are as follows, in summary:

1. I am a Top 75 CEL token holder and used the token as intended with respect to benefits on the platform.

2. I was an OTC purchaser of CEL, and purchased more than $100k of CEL through the OTC desk.

3. I believe that external manipulation ("naked shorting") of the CEL token through FTX was far more damaging to CEL than anything that may have been done by the debtors themselves.

4. While likely an uneven distribution, the majority of creditors own CEL in some fashion; the Celsius UCC abrogates its duties in treating these people unequally and not fighting for their best outcome.

5. CEL does not meet the definition of a security and has not been listed as such by the SEC.

6. Similar bankruptcy cases do not have different tokens treated differently.

7. I reiterated the idea that the Celsius UCC is actually acting against its mandate in treating CEL differently than other tokens and therefore not maximising the value for all creditors. This potentially increasing litigation and the time it will take to resolve these bankruptcy proceedings.

**Over please**    →

Otis' pro se motion makes the following main points:

- After trying to declare a price of $0.00 for CEL, the Celsius UCC (in conjunction with their counsel White Case) then unilaterally (without consultation of anyone) decided to declare that the price of CEL for the bankruptcy proceedings would be $0.20 instead of the 'frozen' price at $0.81565.

- The reason for the Celsius UCC to do this is supposedly price manipulation of the CEL token as outlined by the Examiner's Report. The Examiner's Report is not in evidence in the bankruptcy proceedings and is likely factually wrong on many aspects of the CEL token price and any manipulation of that price.

- CEL is not a security; the recent ruling in the Ripple (XRP) case lends further legal precedent to this.

- The Celsius UCC is not engaging in any attempt, good faith or otherwise, to negotiate with CEL token holders.

- The price of the CEL token should actually likely be higher were it not for external manipulation (via FTX "naked shorting") of the CEL token.

- Otis has mentioned that the CEL token holders would likely be willing to take equity in the "NewCo" (seemingly called "Fahrenheit Holdings" currently) as a good faith attempt at negotiating the 'difference' put forth by the Celsius UCC; these attempts at negotiation have not been acknowledged by Celsius UCC, let alone resolved in any sense.

- Otis requests that the CEL token holders be given the ability to form a CEL token class to be paid for from the estate as a last measure to ensure they are represented fairly. I believe Otis does not wish to drag these proceedings out, nor incur any additional cost at the expense of the debtors/estate, but the interests of CEL token holders must be safeguarded.

- Otis requests that the Celsius UCC be sanctioned.

I **_strongly agree_** with all the points and substantiating claims put forth by Otis Davis in his Pro Se motion. CEL token holders should not have their interests subordinated by anyone save the Court (and only then with relevant legal interests looked after fairly and reasonable legal judgement) and certainly not the very organisation which has been charged with looking after their interests!

I know that this has been a long letter and that you are undoubtedly quite busy. I appreciate you having taken the time to read it and look forward to the ability for CEL token holders to be represented fairly.

Sincerely,

Thomas J. Quinlan