**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | )    Chapter 11 |
| | ) |
| CELSIUS NETWORK LLC, *et al.*,[1] | )    Case No. 22-10964 (MG) |
| | ) |
| Debtors. | )    (Jointly Administered) |
| | ) |

## NOTICE OF FILING OF PLAN SUPPLEMENT

**PLEASE TAKE NOTICE THAT**, as contemplated by the *Joint Chapter 11 Plan of Reorganization of Celsius Network LLC and Its Debtor Affiliates* [Docket No. 2807] (as modified, amended, or supplemented from time to time, the "Plan")[2], the Debtors hereby file the following documents that are part of the supplement to the Plan (the "Plan Supplement"):

| Exhibit | Document |
|---------|----------|
| A | Schedule of Released and Exculpated Parties |
| B | Alternative Dispute Resolution Procedures |

**PLEASE TAKE FURTHER NOTICE THAT**, if you would like to obtain a copy of the Disclosure Statement, the Plan, or related documents, you should contact Stretto, Inc., the Claims, Noticing, and Solicitation Agent retained by the Debtors in these chapter 11 cases (the "Claims, Noticing, and Solicitation Agent"), by: (a) calling the Debtors' restructuring hotline at (855) 423-1530 (Toll Free) or +1 (949) 669-5873 (International); (b) e-mailing the Claims, Noticing, and Solicitation Agent at CelsiusInquiries@Stretto.com with a reference to "In re: Celsius - Solicitation Inquiry" in the subject line; or (c) writing to the Claims, Noticing, and Solicitation Agent at Celsius Inquiries, c/o Stretto 410 Exchange, Suite 100 Irvine, CA 92602. You may also obtain copies of any pleadings filed with the Court for free by visiting the Debtors' restructuring website, https://cases.stretto.com/Celsius/, or for a fee via PACER at: http://pacer.psc.uscourts.gov.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] Capitalized terms not otherwise defined herein shall have the meaning given to them in the Plan or the *Disclosure Statement for the Joint Chapter 11 Plan of Reorganization of Celsius Network LLC and Its Debtor Affiliates* [Docket No. 2902] (as modified, amended, or supplemented from time to time, the "Disclosure Statement"), as applicable.

New York, New York
Dated: July 28, 2023

/s/ Joshua A. Sussberg

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900
Email:           joshua.sussberg@kirkland.com

- and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200
Email:           patrick.nash@kirkland.com
                    ross.kwasteniet@kirkland.com
                    chris.koenig@kirkland.com
                    dan.latona@kirkland.com

*Counsel to the Debtors and Debtors in Possession*

## **Exhibit A**

**Schedule of Released and Exculpated Parties**

Pursuant to the Plan, the following parties shall be Released Parties and shall receive the benefit of the releases provided in the Plan, in addition to the Released Parties specifically enumerated in the Plan.[1]  **For the avoidance of doubt, no Releasing Party shall be permitted to assert any Released Claim against any Released Parties after the Plan is confirmed.**  If any Holder of a Claim or Interest opts out of the Plan's third-party release provisions pursuant to the opt-out procedures approved by the Court, such Holder shall not be a Releasing Party.

| | ADDITIONAL RELEASED AND EXCULPATED PARTIES |
|---|---|
| 1. | Each individual who is employed by the Debtors on the date the Disclosure Statement Order is entered to the extent that each such employee is not (1) later arrested, indicted, or found liable for bad acts or omissions in connection with his or her role with the Debtors, in which case any release provided by the Plan shall be null and void with respect to such employee and all statutes of limitations shall be tolled during such time; (2) a UCC Claims Stipulation Defendant; or (3) listed on the Schedule of Excluded Parties. |

---

[1]    Capitalized terms used herein but not defined shall have the meanings given to such terms in the *Joint Chapter 11 Plan of Reorganization of Celsius Network LLC and its Debtor Affiliates* [Docket No. 2807] (as the same may be amended, modified, revised, or supplemented from time to time, the "**Plan**").

## Exhibit B

**Alternative Dispute Resolution Procedures**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## ALTERNATIVE DISPUTE RESOLUTION PROCEDURES

### ARTICLE I.

### PREAMBLE

 The ADR Procedures[2] are designed to promote the efficient resolution of certain disputed prepetition claims against the Debtors and claims held by the Debtors, including preference actions. Although the ADR Procedures encourage voluntary participation by Third Parties, they do not compel parties that have not filed a proof of claim or otherwise subjected themselves to the jurisdiction of the Bankruptcy Court to participate.

 The ADR Procedures provide persons or entities holding disputed claims the opportunity to participate in a streamlined process with the goal of reducing administrative costs that detract from all stakeholders' recoveries and allowing for quicker distributions on account of claims against the Debtors' estates and the entities against which the Debtors hold claims. The ADR Procedures facilitate this by establishing a standard methodology for informal and formal negotiations, fostering settlement and liquidation of Participating Claims.

 Importantly, the Plan provides that disputed claims will not receive a distribution until all disputes with respect to any such claim are resolved. *Joint Chapter 11 Plan of Reorganization of Celsius Network LLC and its Debtor Affiliates* at Art. VII(J), *In re Celsius Network LLC, et al.*, Case No. 22-10964 (MG) (Bankr. S.D.N.Y. June 15, 2023) [Docket No. 2807]. The Debtors and the Committee believe that these ADR Procedures provide creditors and the Litigation Administrator the ability to efficiently resolve disputed claims to maximize recoveries, reduce

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2]  Capitalized terms used herein shall have the meaning set forth in Article II "Defined Terms" below. Capitalized terms used but not defined herein shall have the meaning set forth in the Plan.

administrative expenses, and provide creditors with distributions quicker than in the traditional claims resolution process.

### 1.1.    **Overview**

Celsius was founded in 2017 and was one of the first platforms that would allow users to transfer their digital assets and (a) earn rewards on such digital assets and/or (b) take loans using those transferred digital assets as collateral.

Celsius's primary operations consisted of: (a) financial services through which retail and institutional users could (i) earn rewards on digital assets they transferred to Celsius, (ii) securely store and access digital assets, (iii) borrow fiat currency supported by digital assets transferred to Celsius, and (iv) send and receive cryptocurrency using Celsius's CelPay services; and (b) bitcoin mining.

The Participating Claims are (1) unliquidated, disputed and/or contingent prepetition claims asserted against one or more Debtors or (2) ADR-Eligible Claims held by the Debtors' estates against third parties, including creditors of the Debtors. Prosecution of the Participating Claims against the Debtors outside of the Bankruptcy Court is currently stayed by the Debtors' Chapter 11 Cases or the Plan and Confirmation Order.

Most of the potential Participating Claims will be disputed by the Litigation Administrator and will have to be resolved by settlement or litigation. Litigating each independent Participating Claim in a multitude of separate individual actions, however, could result in a significant consumption of limited resources (judicial, the Litigation Administrator's, and the Participating Claimants'). The cost and delay associated with ordinary litigation procedures would not be in the best interests of any Party involved. The ADR Procedures are designed to facilitate and incentivize settlement and an efficient resolution of Participating Claims.

### 1.2.    **Summary of Procedures**

The ADR Procedures consist of five sequential steps: (i) an Initial Assessment Procedure; (ii) a Settlement Offer Exchange Procedure; (iii) a Mediation Procedure; (iv) an Optional Binding Arbitration Procedure; and (v) a Claim Satisfaction Procedure. For the avoidance of any doubt, nothing in the ADR Procedures shall alter, amend, or otherwise modify the terms of the Debtors' Insurance Policies.

The Initial Assessment Procedure is intended to provide a mechanism for the Litigation Administrator, Participating Claimants, and Third Party Participants, if any, to evaluate and consensually resolve Participating Claims and any of the Litigation Administrator's related claims and causes of action prior to mediation. Under the Initial Assessment Procedure, after receiving notification of their inclusion in the ADR Procedures, Participating Claimants will provide such information to the Litigation Administrator as may be reasonably necessary to permit the Litigation Administrator's evaluation of the Participating Claim. Upon receipt, the Litigation Administrator will determine if the Participating Claim gives rise to any related potential causes of action against such Participating Claimant and/or Third Parties and, to the extent applicable, invite such Third Parties to participate in the ADR Procedures. The Litigation Administrator and Third Party Participants, if any, then have the opportunity to review the documents and information provided

by the Participating Claimants to fully assess the validity and extent of any claims and/or damages relating to the Participating Claim.

The Settlement Offer Exchange Procedure is intended to provide the Litigation Administrator, the Participating Claimants, and the Third Party Participants, if any, the opportunity to exchange written settlement offers and engage in informal settlement negotiations after they have evaluated the Participating Claim, and certain of the Litigation Administrator's related causes of action. If the Parties are unable to resolve the Participating Claim during this process, they may proceed to Mediation.

The Mediation Procedure is intended to provide a more formal mechanism for amicable resolution of Participating Claims and any of the Litigation Administrator's related causes of action other than Excluded Claims. The Mediation Procedure is based upon generally accepted mediation procedures of professional alternative dispute resolution organizations. Participating Claimants shall be responsible for fifty (50%) percent of the costs and fees of the mediator, absent prior written agreement.[3] If Third Parties participate in the Mediation Procedure, the costs and fees of the mediator shall be equally divided among the Parties.

The Optional Binding Arbitration Procedure is intended to provide a formal binding mechanism for resolution of Participating Claims and any of the Litigation Administrator's related causes of action (other than Excluded Claims) simultaneously through joint binding arbitration. The Optional Binding Arbitration Procedure is voluntary and shall only be initiated if all Parties agree to participate. Unless the Parties agree otherwise, all costs and fees of the arbitrator shall be equally divided among all participants to the arbitration.

## DEFINED TERMS

Capitalized terms used herein without further definition, and variations thereof, shall have the meanings set forth below unless the context otherwise requires.

1.3.  **"ADR Initiation Package"** has the meaning set forth in Section 3.1.

1.4.  **"ADR Organization List"** has the meaning set forth in Section 2.4.

1.5.  **"ADR Procedures"** mean the alternative dispute resolution procedures as set forth herein.

1.6.  **"Appointed ADR Organization"** means the Approved ADR Organization appointed to conduct either a mediation or arbitration for the Parties.

1.7.  **"Approved ADR Organizations"** means those alternative dispute resolution organizations and individuals on the ADR Organization List or consented to by the Parties.

---

[3] The Participating Claimant's own costs, including attorneys' fees, if any, shall be borne by the Participating Claimant. In no event shall the Litigation Administrator be responsible for any costs incurred by any entity other than the Litigation Administrator or the Approved ADR Organization.

1.8. **"Assessment Period"** has the meaning set forth in Section 3.4.

1.9. **"Bankruptcy Code"** means title 11 of the United States Code, 11 U.S.C. §§ 101–1532, as now in effect or as may be amended hereafter and applicable to the Chapter 11 Cases.

1.10. **"Bankruptcy Court"** means the United States Bankruptcy Court for the Southern District of New York having jurisdiction over these Chapter 11 Cases.

1.11. **"Chapter 11 Cases"** means the cases commenced under Chapter 11 of the Bankruptcy Code pending before the Bankruptcy Court with respect to each of the Debtors styled as *In re Celsius Network LLC, et. al.,* Chapter 11 Case No. 22-10964 (MG), Jointly Administered.

1.12. **"Days"** or **"days"** means calendar days unless otherwise defined herein. Days shall be counted as prescribed by Rule 9006 of the Federal Rules of Bankruptcy Procedure.

1.13. **"Excluded Claim"** means (a) claims for which the automatic stay under section 362 of the Bankruptcy Code was modified by prior order of the Bankruptcy Court to allow for litigation of the claim to proceed in another forum, (b) tax claims, (c) claims where there is a judgment entered or settlement already agreed to and signed by all applicable parties, including the Class Claim Settlement, (d) any declaratory judgment actions or any other actions regarding insurance coverage issues; (e) any Avoidance Action claims against ADR-Ineligible Potential Defendants (as defined in the Plan); and (f) claims subject to a separate order of the Bankruptcy Court providing for arbitration or mediation.

1.14. **"General Unliquidated Disputed Claim"** means a Participating Claim to the extent that the claim shall be treated as an unliquidated and/or disputed claim filed in these Chapter 11 Cases.

1.15. **"Insurance Order"** means the *Final Order (I) Authorizing the Debtors to (A) Pay their Obligations under Prepetition Insurance Policies, (B) Continue to Pay Certain Brokerage Fees, (C) Renew, Supplement, Modify, or Purchase Insurance Coverage, and (D) Maintain their Surety Bond Program and (II) Granting Related Relief* [ECF No. 524], entered in the Chapter 11 Cases.

1.16. **"Insurance Policy"** means an insurance policy that has been issued at any time to or provides coverage to the Debtors and/or all agreements, documents or instruments relating thereto and/or any agreements with third-party administrators.

1.17. **"Insurer"** means any company or other entity that issued or entered into an Insurance Policy with, or that affords coverage to, the Debtors for a Participating Claim.

1.18. **"Liquidated Allowed Claim"** means a Participating Claim to the extent that the claim has been resolved through the ADR Procedures in a manner that entitles the

Participating Claimant to an allowed unsecured claim or claims to be paid on the terms set forth in the Plan.

1.19.    **"Litigation Administrator"** shall have the meaning ascribed to such term in the Plan.

1.20.    **"Local Rules"** means the Local Bankruptcy Rules for the Southern District of New York.

1.21.    **"Mediation Notice"** has the meaning set forth in Section 4.5.

1.22.    **"Participating Claim"** means any disputed, unliquidated, or contingent prepetition claim, other than Excluded Claims, evidenced by a timely filed proof of claim and that is selected by the Litigation Administrator, in their sole discretion, for resolution through the ADR Procedures, including claims or causes of action the Estates may have against ADR-Eligible Potential Defendants (as defined in the Plan); <u>provided</u>, subject to the limitations set forth below, that the Litigation Administrator may designate any claims (other than Excluded Claims) of creditors or other entities that are subject to the jurisdiction of the Bankruptcy Court for resolution through the ADR Procedures if the Litigation Administrator believes that, based on the nature of the potential claims, the ADR Procedures have a reasonable chance of successfully resolving the claims and the potential benefits outweigh the costs of participation.  Notwithstanding the foregoing, any disputed postpetition administrative expenses, and any claims or counterclaims asserted by the Litigation Administrator other than Excluded Claims may be submitted to the ADR Procedures by agreement of the Litigation Administrator and the applicable claimant or by further order of the Bankruptcy Court.

1.23.    **"Participating Claimant"** means any person or entity asserting a Participating Claim.

1.24.    **"Parties"** means, with respect to a Participating Claim, the Litigation Administrator, the relevant Participating Claimant, and any relevant Third Party Participants (if applicable).

1.25.    **"Party"** means, with respect to a Participating Claim, the Litigation Administrator, the relevant Participating Claimant, or a relevant Third Party Participant, as applicable.

1.26.    **"Plan"** means the chapter 11 plan confirmed in these Chapter 11 Cases, including all schedules and exhibits thereto, and the documents set forth in the Plan Supplement, as may be modified, amended, or supplemented from time to time.

1.27.    **"Primary Parties"** means, with respect to a Participating Claim, the Litigation Administrator and the relevant Participating Claimant.

1.28.    **"Settlement Offer Exchange Procedure"** has the meaning set forth in the preamble of Section 4.

1.29.  **"<u>Settlement Offer Period</u>"** has the meaning set forth in Section 3.4.

1.30.  **"<u>Settlement Offer Period Closing</u>"** has the meaning set forth in Section 4.4.

1.31.  **"<u>Settlement Offer Period Notice</u>"** has the meaning set forth in Section 4.4.

1.32.  **"<u>Third Party</u>"** means any person or entity that the Litigation Administrator or Participating Claimant has or may have a claim against relating to any Participating Claim.

1.33.  **"<u>Third Party Evaluation Period</u>"** has the meaning set forth in Section 3.3.

1.34.  **"<u>Third Party Participant</u>"** means any Third Party that agrees to participate in the ADR Procedures by returning a signed Third Party Participation Agreement.

1.35.  **"<u>Third Party Participation Agreement</u>"** means any written agreement between the Litigation Administrator and any Third Party Participant who accepts an invitation to participate in the ADR Procedures for a Participating Claim.

1.36.  **"<u>Third Party Payable Claim</u>"** means a Participating Claim to the extent that the claim has been resolved through the ADR Procedures in a manner that entitles the Participating Claimant to receive partial or full satisfaction of the Participating Claim directly from a Third Party Participant.

1.37.  **"<u>Valuation Form</u>"** means a form requesting such information as may be reasonably necessary to permit the Litigation Administrator's evaluation of the Participating Claim or related causes of action, substantially in the form attached hereto as **<u>Exhibit 1</u>**.

1.38.  **"<u>Valuation Information</u>"** means the Participating Claimant's proof of claim and Valuation Form, and any other documents or information relating to the Participating Claim provided to the Litigation Administrator.

## ARTICLE II.

## ADMINISTRATION

### 2.1.    **Administrators**.

Subject to the terms hereof, the administration of the ADR Procedures will be coordinated by the Litigation Administrator and their counsel.

### 2.2.    **No Modification of the Insurance Policies or the Insurance Order**.

Notwithstanding anything to the contrary in the ADR Procedures, any Third Party Participation Agreement or any other form or document related to any of the foregoing, (i) nothing shall in any way operate to, or have the effect of, impairing, altering, supplementing, changing, expanding, decreasing, or modifying (a) the Insurance Policies and the terms and conditions thereof and coverage or services provided thereby, (b) the rights, defenses or obligations of any Insurer, (c) any rights or obligations of the Debtors arising out of or under any Insurance Policy, or (d) the Insurance Order; (ii) to the extent of a conflict between the ADR Procedures, any Third Party Participation Agreement or any other form or document related to any of the foregoing on the one hand, and any Insurance Policy that could provide coverage or services for a Participating Claim on the other hand, the terms of the Insurance Policy shall control, and nothing in the ADR Procedures, any Third Party Participation Agreement or any other form or document related to any of the foregoing shall excuse, or in any way alter, the Debtors' performance under the Insurance Policies; (iii) for all issues relating to insurance coverage and claims handling services, the provisions, terms, conditions, and limitations of the Insurance Policies shall control the payment of claims covered by any Insurance Policies; (iv) the failure of any Insurer to respond to any notice provided in accordance with the ADR Procedures does not relieve the Debtors of their obligations, if any, to provide an Insurer with further information and/or notices required by any applicable Insurance Policy; (v) nothing shall operate to require any Insurer to indemnify or pay the liability for any claim that it would not have been required to pay in the absence of the ADR Procedures; (vi) nothing imposes a good faith obligation on any Insurer that does not otherwise exist under applicable law or the Insurance Policies; and (vii) Insurers shall retain all rights, claims and defenses to challenge any award pursuant to binding arbitration undertaken pursuant to the ADR Procedures that alters the terms and conditions of any Insurance Policy, and under no circumstances shall an Insurer be deemed a party to any binding arbitration unless it determines in its sole discretion that it is permitted to participate under applicable law and elects to do so.

Notwithstanding any other provision of these ADR Procedures, the rights, obligations and defenses of any Insurers under any applicable surety bond, surety collateral agreement, surety credit agreement, or surety indemnity agreement relating to the Debtors or the Participating Claims are fully preserved, unchanged and unimpaired.

### 2.3.    **Option to Utilize Professionals**.

The Litigation Administrator is specifically authorized to retain professionals to assist in evaluating the merits of each Participating Claim, in placing a dollar amount on each Participating Claim, and in settling or otherwise resolving the Participating Claims pursuant to the ADR Procedures.

2.4.    **Employment of Mediation and Arbitration Organizations.**

Attached to these ADR Procedures is a list of Approved ADR Organizations (the "**ADR Organization List**"), which the Litigation Administrator may amend by providing notice to the Participating Claimant of an amended list of Approved ADR Organizations.  Subject to the conditions set forth elsewhere herein, the Litigation Administrator shall retain an Approved ADR Organization to conduct the Mediation Procedure or the Optional Binding Arbitration Procedure. Effort will be made to conduct any Mediation Procedures in a location that is convenient for the Litigation Administrator, the Participating Claimants, and, as applicable, Third Party Participants, or via videoconference, at the election of any Party.

2.5.    **Participation in the ADR Procedures.**

All Participating Claims shall be subject to the provisions of these ADR Procedures, subject to Section 2.11 or 2.12 below. ***Participation in the ADR Procedures shall in no way alter the requirement that the Participating Claimant must have filed timely a proof of claim in these Chapter 11 Cases against any of the Debtors; failure to file a proof of claim may result in disallowance of such Participating Claimant's claims against the Debtors.  Participation in the ADR Procedures shall in no way affect the Litigation Administrator's ability to object to any Participating Claim, or oppose any motion for relief from the automatic stay or from any injunction contained in the Plan, that is not resolved through the ADR Procedures.***

Pursuant to these ADR Procedures, the Litigation Administrator may, but is not required to, submit to mediation, any pending counterclaims or causes of action asserted by the Litigation Administrator related to the Participating Claim that are not Excluded Claims with the consent of the applicable Participating Claimant.

No Party shall be required to employ counsel to participate in the ADR Procedures, including to participate in mediation or arbitration pursuant to the ADR Procedures.

2.6.    **Effect of ADR Procedures on Pending Matters.**

Inclusion of any Participating Claim in the ADR Procedures shall automatically stay all proceedings before the Bankruptcy Court, including but not limited to, discovery (other than discovery conducted pursuant to these ADR Procedures), motions for relief from the stay or any injunction contained in the Plan, pretrial hearing dates, and trial schedules related to the Participating Claims.  Such stay shall automatically terminate thirty (30) days after any Participating Claim is removed from the ADR Procedures.

2.7.    **Acceptance of Settlement Offers.**

The Litigation Administrator shall have authority to settle or compromise all Participating Claims and Causes of Action against Third Party Participants subject to the terms of the Plan.

2.8. **Extensions.**

All deadlines established by the ADR Procedures with respect to any particular Participating Claim may be extended by written agreement of the Litigation Administrator and the applicable Participating Claimant, with notice to any Third Party Participants.

2.9. **Service and Notices.**

To facilitate the timely completion of the ADR Procedures, all service and written notice required herein, with the exception of the ADR Initiation Package (unless the Litigation Administrator does not have a mailing address for the applicable Participating Claimant), may be done via email. The Parties shall exchange email addresses at their earliest convenience. If any Party does not wish to accept service via email, the Party shall notify all other Parties of such preference in writing. Upon the other Parties' receipt of such notice, email service upon such Party shall no longer be valid.

2.10. **Confidentiality and Non-Admissibility.**

Any settlement discussions by and between the Parties or positions taken by them during compliance with the ADR Procedures shall remain confidential and shall not be admitted as evidence in any subsequent proceeding or context, including, but not limited to, litigation of a Participating Claim, pursuant to Rule 408 of the Federal Rules of Evidence and all similar rules and are expressly determined by the provisions herein not to be admissions by any Party. Notwithstanding the foregoing, if a Party alleges another Party has failed to participate in good faith in the ADR Procedures or disputes that a settlement had been previously reached, then settlement discussions may be used or admitted as evidence in any subsequent proceeding solely with respect to those matters.

2.11. **Failure to Comply with the ADR Procedures.**

If a Participating Claimant fails to comply with the ADR Procedures, negotiate in good faith, or cooperate as may be necessary to effectuate the ADR Procedures, the Bankruptcy Court may, after notice and a hearing, find such conduct to be in violation of the Plan or, with respect to a Participating Claimant, an abandonment of or failure to prosecute the Participating Claim, or both. Upon such findings, the Bankruptcy Court may, among other things, disallow and expunge the Participating Claim, in whole or part, or grant such other or further remedy deemed just and appropriate under the circumstances, including, without limitation, awarding attorneys' fees, other fees, and costs to the other party. The Litigation Administrator shall also participate in the ADR Procedures in good faith.

2.12. **Participating Claimant Opt Out Option.**

If a Participating Claimant does not believe the ADR Procedures are reasonably likely to result in the resolution of its claim, within twenty-one (21) days of service of the ADR Initiation Package it may serve a written request, which will be effective upon receipt by the Litigation Administrator, for exclusion from the ADR Procedures; *provided*, *however*, that the Litigation Administrator may file a motion with the Bankruptcy Court opposing such exclusion. Other than with respect to the optional Binding Arbitration Procedure, a Participating Claimant may not opt

out following expiration of such twenty-one (21) day period without further order of the Bankruptcy Court. For the avoidance of doubt, if within twenty-one (21) days of service of the ADR Initiation Package, a Participating Claimant serves a written request for exclusion from the ADR Procedures, such claim shall not be subject to the ADR Procedures absent entry of an order of the Bankruptcy Court, and in no event may the Bankruptcy Court order such Participating Claimant to attend binding arbitration.

2.13.    **Insurer Notice.**

In the event that an Insurance Policy requires that the Debtors to provide notice to an Insurer of a Participating Claim, the Debtors shall provide notice to the applicable Insurer(s) (i) by serving a copy of the corresponding ADR Initiation Package on the Insurer when it is served on the Participating Claimant and (ii) at any time during the ADR process, when the notice requirements of the Insurance Policy are triggered. If the Insurer elects, subject to the terms of the Insurance Policy, at any time to exercise its right to control the defense or settlement of a Participating Claim, the Insurer may elect to either (i) work with the Litigation Administrator, in accordance with the terms of the Insurance Policy, to resolve the Participating Claim within these ADR Procedures, or (ii) remove the Participating Claim from the ADR Procedures; *provided* that the Insurer remove the Participating Claim from the ADR Procedures within the later of (i) the time required by applicable state law or the applicable Insurance Policy for responses to claim notices, or (ii) forty-five (45) days after the Insurer receives notice of the Participating Claim.

## ARTICLE III.

## INITIAL ASSESSMENT PROCEDURE

Subject to the provisions set forth herein, the Initial Assessment Procedure is designed to foster inclusion of all appropriate Third Parties and to allow the Litigation Administrator and any Third Party Participant to evaluate fully the Participating Claim and the Litigation Administrator's related causes of action other than Excluded Claims, in an expedited manner to facilitate meaningful settlement negotiations.

3.1.    **The Litigation Administrator Shall Provide Notice.**

The Litigation Administrator shall initiate the ADR Procedures by serving upon each selected Participating Claimant, at the address listed on the Participating Claimant's most recently filed proof of claim or amended proof of claim or, if no such address is available, the email address of such Participating Claimant, if applicable, as well as upon any counsel of record, notice of the ADR Procedures and their selection as a Participating Claimant, together with a copy of the ADR Procedures and a Valuation Form (the "**ADR Initiation Package**"). For transferred claims, the Litigation Administrator also shall serve a copy of the ADR Initiation Package on the transferee identified in the notice of transfer of claim filed with the Bankruptcy Court. If a claim is transferred after the Litigation Administrator's service of the ADR Initiation Package on the Participating Claimant, such subsequent transferee shall be bound by the ADR Procedures without further order of the Bankruptcy Court.

3.2.   **The Participating Claimant Shall Provide Valuation Information**.

Unless otherwise agreed by the Litigation Administrator, each Participating Claimant shall provide to the Litigation Administrator such information as may be reasonably necessary to permit the Litigation Administrator's evaluation of the Participating Claim or related claims or causes of action.   To ensure optimum efficiency and uniformity of treatment, such information shall be provided pursuant to a standardized Valuation Form, provided that, should the Litigation Administrator determine, in their sole discretion, that a standard Valuation Form is not applicable to a particular Participating Claim, the Litigation Administrator shall have the authority to revise, consistent with the ADR Procedures, the Valuation Form as the Litigation Administrator deems appropriate for such claim.   All completed Valuation Forms and accompanying documents must be served on the Litigation Administrator with a copy of the Participating Claimant's proof of claim, if any, within thirty (30) days after service of the Valuation Form on such Participating Claimant.   A Participating Claimant's provision of the Valuation Form and related documentation does not prohibit, or diminish in any respect, the Participating Claimant's rights to assert that responsive material is privileged and not subject to disclosure.

3.3.   **Determination of Third Party Participation**.

Upon receipt of the Valuation Form, the Litigation Administrator shall have thirty (30) days (the "**Third Party Evaluation Period**"), to evaluate whether the Participating Claim gives rise to potential causes of action by the Litigation Administrator against any Third Parties or if the inclusion of any Third Parties would be beneficial to the ADR process (*e.g.* parties that may also be liable or insurance companies).   Prior to the close of the Third Party Evaluation Period, the Litigation Administrator may make one or more requests for supplementation or clarification of the information supplied in the Valuation Information to assist in determining if the Participating Claim gives rise to any related causes of action against Third Parties as provided for in Section 3.4.   Should the Litigation Administrator determine that it would be beneficial to invite Third Parties to be included in the ADR process for a Participating Claim, they shall have the right, but not the duty, to invite any and all applicable Third Parties to participate in the ADR procedures. Should the Litigation Administrator elect to invite any Third Parties to participate, the invitation to participate shall include a Third Party Participation Agreement, and notice that, if any Third Party wishes to participate in the ADR Procedures with respect to the applicable Participating Claim, it must agree in writing within fifteen (15) days of receipt.   Receipt of such invitation shall be deemed, and thus the time to respond shall begin, one business day following the date the invitation was sent.

If a Third Party accepts the Litigation Administrator's invitation to participate in the ADR Procedures, the Litigation Administrator shall immediately notify the Participating Claimant of: (i) their election to extend a Third Party invitation and the Third Party's acceptance thereof and (ii) the revised end date for the Third Party Evaluation Period.   The invitation for a Third Party to participate in the ADR Procedures shall expire and be deemed rejected if a Third Party has not returned a signed Third Party Participation Agreement within fifteen (15) days of receipt; *provided that* if the Primary Parties agree to extend the time to respond, the invitation for a Third Party to participate in the ADR Procedures shall expire and be deemed rejected if a Third Party has not returned a signed Third Party Participation Agreement by the agreed upon date within the extended Third Party Evaluation Period.   Prior to the close of the Third Party Evaluation Period, if the

11

Litigation Administrator determines that they will not extend an invitation to one or more Third Party to participate in the ADR process, the Parties may, but are not required to, proceed directly to the Assessment Period (as defined below). Upon receipt of a signed Third Party Participation Agreement, the Litigation Administrator shall provide the Valuation Information to such Third Party Participant. Unless previously agreed otherwise, in writing, by the Litigation Administrator, by participating in the ADR Procedures, the Third Party Participant submits to the jurisdiction of the Bankruptcy Court to determine all claims related to the Participating Claim, including counterclaims or related causes of action against Third Parties, other than any Excluded Claims. At all times throughout the ADR Procedures, all Valuation Information and other information exchanged by the Parties, shall be considered information exchanged in compromise negotiations governed by Rule 408 of the Federal Rules of Evidence and Local Rule 9019-1.

3.4. **Evaluation of Participating Claims and Related Causes of Action**.

Upon the close of the Third Party Evaluation Period, the Litigation Administrator and any Third Party Participants shall have thirty (30) days (the "**Assessment Period**") to evaluate each Participating Claim and the Litigation Administrator's related causes of action against the Participating Claimant and any Third Party Participant based upon all relevant factors under the traditional principles of liability and damages under non-bankruptcy law. The Litigation Administrator and any Third Party Participants shall review all materials submitted and in such review shall not be bound by the rules governing the admission of evidence in courts of law. Prior to the close of the Assessment Period, the Litigation Administrator and each Third Party Participant may request additional information from the Participating Claimant following the procedure described in Section 3.5 below. Within seven (7) days of the close of the Assessment Period, the Litigation Administrator shall provide written notice to the Participating Claimant and any Third Party Participants that the Assessment Period has ended and that the sixty (60) day informal settlement negotiation period (the "**Settlement Offer Period**") has begun (the "**Settlement Offer Period Notice**"). The Settlement Offer Period Notice shall include notice of the applicable deadlines set forth in the Settlement Offer Exchange Procedure below.

All oversight mechanisms of the Litigation Administrator established in the Plan shall be binding on the Litigation Administrator under these ADR Procedures.

3.5. **Requests for Additional Information**.

The Litigation Administrator and any Third Party Participants may make one or more requests for supplementation or clarification of information supplied in the Valuation Information to assist in a good faith evaluation of the Participating Claim and the Litigation Administrator's related causes of action against the Participating Claimant and any Third Party Participant. The Assessment Period shall be extended until thirty (30) days after the date the Participating Claimant serves a written response to any initial request for supplemental information upon all participating Parties (subsequent requests for additional information shall not extend the Third Party Evaluation Period or Assessment Period, unless otherwise agreed by the Parties).

## ARTICLE IV.

## SETTLEMENT OFFER EXCHANGE PROCEDURE

Subject to the provisions set forth herein, the Settlement Offer Exchange Procedure is designed to allow the Parties to attempt to consensually settle the Participating Claim, and the Litigation Administrator's related causes of action against the Participating Claimant and any Third Party Participants, by exchanging written settlement offers and engaging in informal negotiations.

4.1.    **Exchange of Written Settlement Offers.**

Within seven (7) days of service of the Settlement Offer Period Notice, the Litigation Administrator and/or any Third Party shall make good faith offers of settlement based upon their evaluation of the Participating Claim and the Litigation Administrator's related causes of action against the Participating Claimant and any Third Party Participants.  Third Party Participant settlement offers may be for all or a portion of the damages asserted in a Participating Claim and, at the Third Party Participants' discretion, may cover both the Litigation Administrator's causes of action against the Third Party Participant and the Participating Claimants' direct causes of action against the Third Party Participant, if any.  Third Party Participant settlement offers shall be served on the Litigation Administrator and the Participating Claimant.  If a Third Party Participant determines that it has no liability to any Party, it shall provide a concise statement explaining such determination, rather than a good faith offer of settlement.  If no Third Party is participating in the ADR Procedures for a particular Participating Claim or if there is no Third Party settlement offer provided, the Litigation Administrator shall make a good faith offer of settlement based upon their evaluation of the Participating Claim and any related causes of action that are subject to these ADR Procedures.

The only permitted responses to a settlement offer are: acceptance of the settlement offer or rejection of the settlement offer coupled with a counteroffer served to all applicable Parties within seven (7) days of receipt of such offer.  All written settlement offers and counteroffers by any Party shall remain open for seven (7) days and may be accepted within seven (7) days of receipt.  Thereafter the Parties may exchange written counteroffers until such time as they have entered into a settlement agreement or reached an impasse.

4.2.    **Informal Negotiations.**

The Parties shall use reasonable efforts to resolve consensually the Participating Claim and the Litigation Administrator's related causes of action against the Participating Claimant and any Third Party Participants during the Settlement Offer Period and are encouraged to schedule settlement conferences or telephonic settlement conferences with each other at mutually convenient times.

4.3.    **Settlement.**

The Parties have significant leeway to structure settlement agreements to include providing Participating Claimants with the right to receive any combination of Liquidated Allowed Claims and Third Party Payable Claims as well as waivers of the Litigation Administrator's and/or a

Participating Claimant's causes of action.[4]    For the avoidance of doubt, the Litigation Administrator shall be provided the ability to resolve and settle claims against creditors.  In many instances, settlements may require proportional division of settlement amounts between multiple Participating Claimants or specific damages within a single Participating Claim, and nothing herein shall prevent the Parties from structuring partial settlements accordingly.

The Litigation Administrator may, at any given time, if they believe it economically beneficial and administratively convenient, offer to settle the Participating Claim for amounts approximating the cost of administering such claims in lieu of incurring the cost and expense thereof.  Nothing herein shall limit the ability of a Participating Claimant and the Litigation Administrator to settle a Participating Claim by mutual consent at any time.

### 4.4.    **Close of Settlement Offer Period.**

Unless the Parties have agreed to extend the Settlement Offer Period, the Settlement Offer Period shall close forty-five (45) days from the service of the Settlement Offer Period Notice (the "**Settlement Offer Period Closing**").

Upon the Settlement Offer Period Closing, the Litigation Administrator and/or any Third Party Participant may reject the Participating Claim and/or the Litigation Administrator's related causes of action respectively.

(a)    If the Litigation Administrator rejects the Participating Claim, they shall so advise the Participating Claimant, and any Third Party Participants, and provide a statement specifying the basis for such rejection.  Upon such rejection by the Litigation Administrator, the Participating Claim shall be removed from the ADR Procedures and treated as a Disputed Claim and shall be resolved in accordance with the Plan.  Upon such rejection by the Litigation Administrator, the Litigation Administrator reserves their rights to file an objection or take any other such action with respect to such Participating Claims in accordance with the Bankruptcy Code, Bankruptcy Rules, or Local Rules.

(b)    If a Third Party Participant rejects any liability relating to a Participating Claim, the Third Party Participant shall no longer participate in the ADR Procedures for such Participating Claim.  If the Litigation Administrator does not reject the Participating Claim, however, the Litigation Administrator, the Participating Claimant, and any remaining Third Party Participants may proceed with the ADR Procedures without the rejecting Third Party Participant.

### 4.5.    **Initiation of the Mediation Procedure.**

If the ADR Procedures have not been terminated in accordance with Section 4.4 hereof, the Litigation Administrator shall have fifteen (15) days from the Settlement Offer Period Closing to initiate the Mediation Procedure by notifying the Participating Claimant and any Third Party Participants that such Parties have seven (7) days from service of such notice to select an Approved

---

[4] Under no circumstances may the Participating Claimant and the Third Party Participant enter into a settlement agreement involving the Litigation Administrator causes of action against the Third Party Participant without the written consent of the Litigation Administrator.

ADR Organization and notify the Litigation Administrator of such appointment (the "**Mediation Notice**").  The Litigation Administrator shall include a current copy of the list of Approved ADR Organizations in the Mediation Notice.

**ARTICLE V.**

**MEDIATION PROCEDURE**

Upon consent of the Participating Claimant, the Litigation Administrator, and any Third Party Participants, the Participating Claim and the Litigation Administrator's related causes of action against the Participating Claimant and any Third Party Participants, if any, may be referred to mediation at any time after entry of these ADR Procedures.  Unless the Parties agree otherwise and absent prior written agreement, if there is no Third Party Participant, the Litigation Administrator and the Participating Claimant shall each be responsible for fifty (50%) percent of the applicable mediation costs.[5]  Unless the Parties agree otherwise and absent prior written agreement, if one or more Third Parties are participating, the Litigation Administrator, the Participating Claimant and the Third Party Participants shall divide the costs and fees of the mediator evenly among them.  The Litigation Administrator, the Participating Claimant and the Third Party Participants shall make appropriate arrangements with the mediator for the payment of the mediator's estimated fees and costs.  The Litigation Administrator's share of any costs and fees shall be paid in the ordinary course of the Litigation Administrator's business.

5.1.    **Appointment of a Mediator.**

Upon the Litigation Administrator's service of the Mediation Notice, the Litigation Administrator, the Participating Claimant and any Third Party Participants shall make a good faith effort to identify a mutually agreeable ADR Organization from the list of Approved ADR Organizations.  If after seven (7) days from the service of the Mediation Notice an Approved ADR Organization has not been selected, the Litigation Administrator shall have the right to select any Approved ADR Organization.  Promptly after the Approved ADR Organization has been selected, the Litigation Administrator shall notify the Appointed ADR Organization of its selection and refer the matter to the Appointed ADR Organization for mediation.  Thereafter, the Parties and the Approved ADR Organization shall work in good faith to select the individual mediator at the Approved ADR Organization.

5.2.    **ADR Organization Procedures.**

Upon referral of the Participating Claim to mediation, the Appointed ADR Organization shall (i) follow its procedures with respect to the appointment of a mediator who resides in, or is familiar with the law of, the state or other relevant jurisdiction governing the Participating Claim, and (ii) provide notice to the Litigation Administrator, Participating Claimant, and Third Party Participants, if any, of such appointment.  The mediation shall be conducted at such location as is mutually agreed by the Parties, or via electronic remote means at the election of any Party.

---

[5] Mediation Costs include only those costs and fees associated with retaining a mediator.  The Litigation Administrator shall not be responsible for any of the Participating Claimants' costs or any Third Party Participants' costs associated with the mediation, if any, or any attorneys' fees other than the Litigation Administrator's attorneys' fees.

Regardless of any rules or procedures of the Appointed ADR Organization to the contrary, (i) no person shall serve as a mediator unless he or she has been trained in mediation in a recognized program such as those of the American Arbitration Association or has equivalent practical experience in the field of mediation or is otherwise agreeable to the Parties, (ii) any person who serves as a mediator shall be an impartial, neutral person, (iii) no person shall serve as a mediator if he or she has any financial or personal interest in the proceedings or, except where otherwise agreed by the Parties, in any related matters, and (iv) upon appointment, the respective mediator shall disclose any circumstances likely to create a reasonable inference of bias or prevent a prompt hearing or conference with the Parties.  If the respective mediator discloses circumstances likely to create a reasonable inference of bias, a Party may object to the appointment of such mediator and another mediator will be chosen in a manner consistent with the ADR Procedures.  A person serving as a mediator shall not testify as a witness or be subject to any discovery in any subsequent proceeding concerning the same or any other Participating Claim.

5.3.   **Conducting the Mediation**.

Mediation of Participating Claims shall be handled by the Appointed ADR Organization in the order received to the extent practicable.  Any Party may be represented by legal counsel, although the participation of legal counsel shall not be required for the conduct of the mediation. The mediator shall meet with the Parties or their respective legal representatives, individually and jointly for a conference or series of conferences as determined by the mediator.  The Participating Claimant, the Litigation Administrator, and Third Party Participants, if any, or their respective authorized representatives, must be present at the conference.  The mediator may review the Participating Claim, the positions of the Parties, the prior negotiations between the Parties, all correspondence between the Parties during the Settlement Offer Period, and such additional information as the Parties may wish to submit, to aid a fair and equitable settlement.  At least seven (7) days prior to the mediation conference, the Parties shall each submit to the mediator a concise confidential statement outlining each party's position on settlement value, which shall not be shared with the other Parties to the mediation and shall be deemed to be privileged as compromise and settlement negotiations pursuant to Rule 408 of the Federal Rules of Evidence and Local Rule 9019-1.  The mediator may, without court order, modify any or all of the procedures related to written submissions.

5.4.   **Conclusion of Mediation/Mediated Settlement**.

The mediator will work with the Parties toward reaching an acceptable, reasonable offer of settlement.  The mediator shall not have the authority to impose a settlement upon the Parties.  The Parties shall make reasonable efforts to commence mediation within thirty (30) days after appointment of a mediator.  Unless otherwise agreed by the Parties, the mediation process will terminate not later than six (6) months after the date of referral to the Appointed ADR Organization.  If the Parties do not agree to extend the mediation process or otherwise resolve the Participating Claim, and all participating Parties have rejected the option to participate in binding arbitration, the ADR Procedures shall automatically terminate, and the Participating Claim shall become a Disputed Claim and be treated in accordance with the Plan.  All settlement methods available during the Settlement Offer Exchange Period as described above in Section 5.3 shall be available during mediation.

## ARTICLE VI.

## OPTIONAL BINDING ARBITRATION PROCEDURE

Upon written consent of the Participating Claimant, the Litigation Administrator, and any Third Party Participants, the Participating Claim may be referred to binding arbitration at any time after entry of these ADR Procedures. Unless the Parties agree otherwise, the Participating Claimant, the Litigation Administrator and the Third Party Participants shall divide the costs of binding arbitration evenly among them. The Participating Claimant, the Litigation Administrator, and Third Party Participants shall make appropriate arrangements with the Appointed ADR Organization for direct payment of their portions of the estimated costs.

6.1. **Consent of the Parties.**

Any Party may request in writing that the others consent to the Optional Binding Arbitration Procedure, which request shall also be consented to by the requesting Party; *provided* that such a request shall be deemed rejected if the other Parties do not accept such request within ten (10) days. Such request shall include consent to appoint one or more of the Approved ADR Organizations as the Appointed ADR Organization. In the event all Parties consent to binding arbitration, and selection of the Appointed ADR Organization, the Litigation Administrator shall refer the Participating Claim, and their related causes of action against the Participating Claimant and any Third Party Participants, to the Appointed ADR Organization within seven (7) days of such consent. Thereafter, the Parties and the Approved ADR Organization shall work in good faith to select the individual arbitrator at the Approved ADR Organization within thirty (30) days after the referral to arbitration. Such proceedings shall be commenced, to the extent practicable, within thirty (30) days after the date the arbitrator is appointed. The arbitration shall be conducted at such location as is mutually agreed by the Parties, or via electronic remote means at the election of any Party.

6.2. **Appointment of Arbitrators.**

All arbitration proceedings shall be administered by one of the Approved ADR Organizations. Arbitrators shall be appointed to particular matters by the Appointed ADR Organization pursuant to its rules and procedures, provided however, that (i) any person who serves as an arbitrator shall be an impartial, neutral person, (ii) no person shall serve as an arbitrator if he/she has any financial or personal interest in the proceedings or, except when otherwise agreed by the Parties, in any related matters, and (iii) upon accepting an appointment, the respective arbitrator shall disclose any circumstance likely to create a reasonable inference of bias or prevent a prompt hearing or conference with the Parties. If the respective arbitrator discloses circumstances likely to create a reasonable inference of bias, a Party may object to the appointment of such arbitrator, and another arbitrator will be chosen in a manner consistent with the ADR Procedures.

6.3. **Applicable Law and Procedure.**

The arbitration shall be conducted in accordance with applicable law, which shall be presumed to be the Federal Arbitration Act, Title 9, United States Code, unless the Bankruptcy Court determines on motion of any Party that another jurisdiction's law relating to arbitration

should govern the proceeding.  The arbitration shall be conducted pursuant to the applicable rules and procedures of the American Arbitration Association, or of the corresponding provisions of the Appointed ADR Organization's rules and procedures, if another organization is selected.

### 6.4.    **Arbitration Administrative Expenses.**

The Litigation Administrator's share of any costs and arbitration fees shall be paid in the ordinary course of the Litigation Administrator's business; *provided*, *however*, that the arbitrator shall in his or her sole discretion assess fees and costs against any Party for delaying or abusing the arbitration procedures set forth herein to the extent so provided in the applicable organization's applicable rules.

### 6.5.    **Arbitration Award.**

The amount of the award shall be within the discretion of the arbitrator; *provided* that the arbitrator may not award the Participating Claimant a claim in excess of the amount of the Participating Claimant's claim as set forth in the Participating Claimant's proof of claim or, if not liquated therein, in the Participating Claimant's Valuation Form.  The Arbitrator shall specify if any awarded claim, or any portion thereof, is to be treated as a Liquidated Allowed Claim or Third Party Payable Claim.  No Party shall have the right to appeal an arbitration award except on the grounds set forth in Section 10 of the Federal Arbitration Act.  The reference to Local Rule 9019-1 and specifically Section 9(B)(1) of the *Procedures Governing Mediation of Matters and the Use of Early Neutral Evaluation and Mediation/Voluntary Arbitration in Bankruptcy Cases and Adversary Proceedings* are not applicable, and there shall be no right to a trial *de novo*.  Any award shall be subject to further oversight by the Bankruptcy Court pursuant to the Plan, including any distribution of proceeds.  Under no circumstances may any Participating Claimant seek to enforce any arbitration award against the Litigation Administrator without further order of the Bankruptcy Court.

## ARTICLE VII.

## CLAIM SATISFACTION PROCEDURE

All settled Participating Claims will result in the Participating Claimant receiving an Allowed Claim (and not a judgment against the Debtors or the Litigation Administrator).  Each Allowed Claim shall be treated in accordance with the Plan.[6]

---

[6] Nothing herein shall modify or enhance, in any way, the Litigation Administrator's general duty to maximize the value of the estate or require the Litigation Administrator to prosecute potential causes of action against Third Parties if they do not believe it to be in the best interests of the estate.