*Santos Caceres*

*Pro Se Creditor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, et al.,¹ | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |

---

# SANTOS CACERES' LIMITED OBJECTION TO THE DEBTORS' ENTRY FOR AN ORDER (I) APPROVING THE ADEQUACY OF THE DISCLOSURE STATEMENT IN REGARDS TO THE TREATMENT OF NON-INSIDER CEL TOKEN CLAIMS (II) GRANTING RELATED RELIEF

---

¹ The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

Santos Caceres ("Mr. Caceres") files this limited objection (The "Limited Objection") to the *Debtors' Entry for an Order (I) Approving the Adequacy of the Disclosure Statement in regards to the treatment of Non-Insider CEL Token Claims (II) Granting Related Relief (*Docket No. 3064*, the* Motion*")*. In support of his limited objection, *Mr. Caceres* respectfully states the following:

**Pro Se Relief**

Mr. Caceres repeats and reincorporates his previous requests around *pro se* relief.

**Introduction**

These bankruptcy cases have worked hard to bring maximum value to creditors and I am happy to see this case working towards conclusion. Unfortunately, there has been one class of creditors that has been neglected, abused, and left aside – even through sincere efforts of negotiation and flexibility from myself – I have not been able to settle and find a middle ground with the Unsecured Creditors Committee ("UCC"). As a non-insider CEL token claim holder, the UCC does not represent me nor is filling its fiduciary duty. To the contrary, the UCC has been draining the Estate's money (my money) to pursue retaliation and a personal vendetta against a few insiders to subordinate my claim as well as thousands of others non-insider CEL token claim holders. The Debtors disclosure statement knowingly and incorrectly treats all CEL token claims as a

security subject to rule 510 (B). The debtors have the same legal counsel as Voyager LLC, and they have their own token called VGX. In that case, under Honorable Judge Michael Wiles, the VGX Token is receiving petition day prices and creditors are being paid their pro-rata share in USDC. Why would CEL token be subordinated or devalued while a similar company with a similar token has already committed to paying fair value for their token? (*Exhibit 1*)

---

22-10943-mew    Doc 1374    Filed 05/05/23    Entered 05/05/23 13:48:39    Main Document
Pg 6 of 51

Holders of Account Holder Claims who held one or more Unsupported Tokens on the Debtors' platform will receive their pro rata recovery on account of such Unsupported Tokens in USDC rather than the Unsupported Tokens.

Holders of Account Holder Claims who held one or more of the 67 tokens on the Debtors' platform which can be withdrawn in kind (the "Supported Tokens"), other than VGX, will receive their pro rata recovery on account of such Supported Tokens in kind. The Supported Tokens are listed below:

| Supported Coins | | | | | | | |
|---|---|---|---|---|---|---|---|
| AAVE | BAT | DASH | FTM | LRC | POLY | SUSHI | YFI |
| ADA | BCH | DOGE | GALA | LTC | QNT | TRAC | YFII |
| ALICE | BICO | DYDX | GLM | MANA | REN | TUSD | YGG |
| AMP | BNT | ENJ | GRT | MATIC | SAND | UMA | ZRX |
| ANKR | BTC | ENS | JASMY | MKR | SHIB | UNI | |
| APE | CHZ | ETC | KEEP | OCEAN | SKL | USDC | |
| AUDIO | COMP | ETH | KNC | OMG | SPELL | USDT | |
| AXS | CRV | FARM | LINK | OXT | SRM | WBTC | |
| BAND | DAI | FET | LPT | PERP | STMX | XRP | |

Holders of Account Holder Claims who held VGX on the Debtors' platform will receive their pro rata recovery on account of VGX in USDC.

This false classification unjustly takes away 100% of the value of not only my CEL

token claims, but the claims of tens of thousands of other similarly situated creditors. Now with recent events, including the Ripple case ruling of its token XRP **not a security in most circumstances**, non-insider CEL token claim holders ask the Court for a ruling to clarify that CEL Tokens held by customers (*Ethereum token Contract: 0xaaaebe6fe48e54f431b0c390cfaf0b017d09d42d*) are **NOT a security** and is not subject to subordination under Rule 510(B) or any other rational. The Debtor's motion should be **DENIED** and Mr. Caceres' objection be **SUSTAINED.**

## Argument

In the recent Ripple/XRP ruling (*Case 1:20-cv-10832-AT-SN*) District Judge Analissa Torres was very clear that Ripple's sale of XRP tokens to institutions and accredited investors may be a security. In addition, Judge Torres also made clear that **programmatic sales, employee compensation, and other distributions did not constitute the offer or sale of an investment contract.** This ruling should clarify completely that CEL tokens held by non-insider retail creditors **are not securities**, and the UCC and Debtor's attempt to subordinate CEL token creditors' claims is completely unjustifiable. Although the initial ICO of CEL tokens may have been a security, CEL tokens traded and held by non-insider unsecured creditors are **not a security.** In addition to the XRP case, The Voyager LLC ch11 case under Honorable Judge Michael Wiles is handling their token "VGX" completely differently. VGX Token holders are receiving their pro-rata distribution at petition day prices. The Debtors even share the same counsel

as Voyager LLC does, why are they trying to treat these similar tokens in completely opposite ways?

I respectfully ask the Court to make it clear to the UCC, The Debtors, and all creditors by ruling in this case that CEL tokens held by non-insider creditors are **NOT a security** subject to Bankruptcy Rule 510(B) and we should begin the process of finding the proper value for CEL token claims.

The UCC continues to subordinate non-insider CEL token creditors by not negotiating in good faith, not fulfilling promises to consider and vote on a CEL token settlement offer, and poorly communicating with the very creditors the UCC is supposed to represent. When this bankruptcy case started, I was told that the UCC had my best interests in mind as a creditor of this case. So far, the UCC has adamantly pursued a mission to attack non-insider CEL token creditors and I ask this court for help. This important and last remaining issue in our Chapter 11 cases, as your Honor said, **needs to be a fair fight.** This Disclosure Statement is attempting to destroy the CEL token creditors' recovery and voting power so that other creditors may benefit from our loss.

I have repeatedly sought to find an **amicable solution** for non-insider CEL claim holders like myself, but the Debtors and the UCC have not only acted in bad faith, but are also attempting to subvert CEL creditors by seeking court approval of this Disclosure Statement. On July 3rd, 2023, non-insider CEL token creditors and myself met with the UCC to work on a settlement. We met again on July 12th to engage in more discussions. Subsequently, non-insider CEL token claim holders sent a proposed settlement offer to

the UCC. On July 18th, after nothing but radio silence, CEL token creditors reached out to the UCC and received this response, "*Apologies for the delayed response. We're currently in mediation with loans and working through the implications of the Ripple decision. I socialized your offer with the UCC and debtors and I expect a response to be forthcoming.*" Another four days went by and CEL token creditors reached out again on July 22nd and received this response, "*The soonest I would expect a response would be Tuesday after our weekly check-in. Your 510b position is not at all realistic and your scaremongering here and on social media only weakens any desire to reach a compromise. You are the only unresolved group and I for one would like to reach a deal. Aaron, Can we add Cel settlement to the agenda for the Tuesday meeting?*"

Finally, on July 28th, 2023, I met with three members of the UCC only to find out their bad faith negotiation tactics continued by offering one cent increase to their standing settlement offer of $0.20 cents. The UCC's disingenuous behavior brings me before your Honor seeking relief for the fair treatment of non-insider CEL token creditors.

## Conclusion

For all the aforementioned reasons, the Debtor's Motion should be **DENIED** and this objection should be **SUSTAINED** preventing the approval of the adequacy of the Disclosure Statement that unjustly and incorrectly subordinates CEL token holders' claims under rule 510(B).

## **Relief**

The relief that I am respectfully seeking from this Court is that the Court find, or begin the process of finding (1) the CEL Tokens and their respective claims held by creditors are **not a security**; (2) that any attempt to subordinate CEL Token claims be set aside and nullified completely; (3) the Disclosure Statement be revised to remove any subordination of CEL Token claims; (4) a separate new class of non-insider CEL Token holders be established to protect their rights under the law and facilitate a fair fight on all CEL Token matters.

Respectfully Signed,

Santos Caceres, *Pro Se*

08/01/2023

*/s/ Santos Caceres*

**CERTIFICATE OF SERVICE**

I certify that on Tuesday August 1st, 2023, a true and correct copy of Santos Caceres' limited objection (The "Limited Objection") to the *Debtors' Entry for an Order (I) Approving the Settlement By and Among the Debtors and the Committee with Respect to the Committee Class Claim (II) Granting Related Relief (*Docket No. 3064*, the Motion")* was filed with the clerk of the United States Bankruptcy court in the Southern District of New York served upon the Core/2002 service list by electronic mail, in accordance with the SDNY Bankruptcy Court *Amended Final Order (I) Establishing Certain Notice, Case Management And Administrative Procedures, And (II) Granting Related Relief (ECF Docket No. 1181)*.

Respectfully Signed,

Santos Caceres, *Pro Se*

08/01/2023

*/s/ Santos Caceres*