UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>CELSIUS NETWORK LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-10964 (MG)<br><br>(Jointly Administered) |

**TERRAFORM LABS PTE LTD.'S MOTION FOR ORDER SHORTENING NOTICE WITH RESPECT TO MOTION OF TERRAFORM LABS PTE LTD. FOR LEAVE TO SERVE RULE 45 DOCUMENT SUBPOENA(S) ON DEBTORS**

Terraform Labs PTE Ltd. ("TFL") "), by and through the undersigned counsel, respectfully submits its motion (the "Motion to Expedite"), pursuant to § 105(a) of title 11 of the United States Code, §§ 101 *et seq.* (the "Bankruptcy Code")[2] and Rule 9006(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for expedited consideration of the *Motion of Terraform Labs PTE Ltd. for Leave to Serve Rule 45 Document Subpoena(s) on Debtors* [Docket No. 3129] (the "Rule 45 Motion"),[3] and requests the United States Bankruptcy Court for the Southern District of New York (the "Court") enter of an order substantially in the form attached to the Motion to Expedite as **Exhibit A** (the "Order"). In support of the Rule 45 Motion and the Motion to Expedite, TFL states as follows.

**PRELIMINARY STATEMENT**

1.  TFL respectfully submits that good cause and compelling circumstances exist to

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.
[2] All references herein to "section" or "§" are to sections of the Bankruptcy Code unless otherwise so stated.
[3] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Rule 45 Motion.

1

support this Motion to Expedite. In the Rule 45 Motion, TFL seeks entry of an order (a) permitting TFL to serve Debtor Celsius Network Inc., inclusive of any of its affiliates or subsidiaries within its control, which may include but is not limited to one or more of the above-captioned debtors (collectively, the "Debtors"), with subpoena(s) under Rule 45 of the Federal Rules of Civil Procedure ("FRCP 45") seeking the Proposed Limited Discovery (as defined in Rule 45 Motion) on unrelated claims that do not affect the Debtors; (b) either (i) confirming that the automatic stay permits TFL's Proposed Limited Discovery, or (ii) modifying the automatic stay so that TFL can effectuate such Proposed Limited Discovery through the United States District Court for the Southern District of New York (the "District Court"); (c) waiving the optional fourteen-day stay period after any such Order is entered; and (d) granting such other relief as is just and equitable under the circumstances.

2. Under the *Second Amended Final Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief* [Docket No. 2560] (the "Case Management Order") entered by this Court, unless the Motion to Expedite is granted, TFL may not be heard by this Court until the next omnibus hearing in this case, which is on August 29, 2023. *See* Case Management Order at ¶ 40 (providing that motions implicating § 362 be noticed for the next omnibus hearing). For the reasons set forth below, waiting until August 29, 2023, to present the Rule 45 Motion will materially and substantially harm TFL. Therefore, TFL respectfully requests this Court permit the Rule 45 Motion to be heard on **Thursday, August 10, 2023 at 10:00 a.m. (prevailing Eastern Time)**.

3. As background, on April 3, 2023, the United States Securities and Exchange Commission ("SEC") filed an amended complaint (the "SEC Action Complaint") against TFL and one of its co-founders in the District Court, in that certain case captioned as *Securities and*

2

*Exchange Commission v. Terraform Labs PTE Ltd. And Do Hyeong Kwon*, Civ. No. 1:23-cv-01346-JSR (S.D.N.Y.) (the "SEC Action"). A true and correct copy of the SEC Action Complaint is attached to the Rule 45 Motion as **Exhibit C**. The SEC Action is unrelated to the Debtors: no Debtor is a defendant, and it does not affect any Debtor.

4. One of the SEC's claims alleges that TFL falsely represented the ability of the algorithmic "mint/burn" mechanism utilized by the UST stablecoin, one of the cryptocurrencies developed by TFL, to withstand market forces in the event of a depeg, which led to the depeg of UST from its price peg in May 2021 and May 2022. Specifically, the SEC alleges that after the market price of UST declined from its peg of one United States ("U.S.") Dollar in May 2021 and then recovered shortly thereafter, Defendants misrepresented UST's recovery by claiming that the algorithm was able to restore and maintain the price peg. According to the SEC, UST instead recovered its price peg because Defendants entered an arrangement with a U.S. trading firm, Jump Trading LLC ("Jump"), to purchase substantial amounts of UST to support the price. TFL disputes these allegations.

5. The SEC also contends that the actions it alleges that Defendants took led to a $40 billion loss in market capital, including devasting losses for U.S. retail and institutional investors. TFL contends that a coordinated "short" attack by third parties caused the May 2022 depeg. Large UST holder(s) executed the short via multiple platforms, wallets/accounts, and assets, including swapping Terra-native assets (UST, LUNA, MIR, mAssets, and ANC) for non-native assets (BTC, USDT, USDC, etc.). The attack catalyzed massive asset withdrawals from protocol(s) developed by TFL, and flooded Celsius and other markets with sell/offer orders, transfers, deposits, and withdrawals.

6. To establish these defenses, TFL needs Debtors' records about wallets, accounts,

3

and assets used to engage in transactions relating to the May 2022 depeg through Debtors' trading and custody platforms. This evidence is in the Debtors' possession, custody, and/or control. TFL seeks information about wallets used by Jump to trade UST or LUNA on these exchanges from May 1 to May 31, 2021 and May 1 to May 31, 2022; wallets and trading accounts used to deposit/transfer/trade Terra assets used by third parties from March 1 to May 31, 2022; other wallets and trading accounts that could have been used by these or other parties engaging is short selling of these assets; their balances/holdings; and identities of owners/controllers for the period between January 1, 2018 to the present ("Subpoena Period") (the "Proposed Limited Discovery"), which can be produced subject to the Protective Order entered in the SEC Action attached to this Motion as **Exhibit D**. *See also* Amani Decl. at ¶ 14, attached as **Exhibit B** to the Rule 45 Motion.

7. While TFL believes service of its Proposed Limited Discovery under narrowly tailored FRCP 45 subpoena(s) issued in connection with the SEC Action on the Debtors would not violate the automatic stay under § 362(a), TFL seeks authorization and confirmation from this Court that TFL may serve such discovery. In the alternative, TFL has "cause" for this Court to provide limited relief from the automatic stay for TFL to serve such discovery. TFL can *only* obtain this information—which is proprietary to the Debtors—via FRCP 45 subpoena(s) on the Debtors, and it is vital to TFL's defense. Without such discovery in a timely manner, TFL will be substantially and irreparably harmed.

8. Expedience is crucial: trial is expected shortly after November 30, 2023, expert reports are due September 7, 2023, and the District Court with the pending SEC Action will need time to issue the FRCP 45 subpoena(s) to the Debtors. Therefore, TFL requests this Court grant the Motion to Expedite to hear the Rule 45 Motion sooner than would otherwise be permitted under the Case Management Order. Thus, TFL respectfully requests this Court enter the Order,

4

substantially in the form attached hereto as **Exhibit A**.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated February 1, 2012. TFL confirms its consent to the Court entering a final order in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

10. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

11. The statutory predicate for the relief requested herein is § 105(a), as well as Bankruptcy Rule 9006(c).

## BACKGROUND

12. On July 13, 2022 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. *See* ECF No. 2.

13. The Debtors are operating their businesses and managing their property as debtors in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code. *Id*.

14. On July 27, 2022, the Office of the United States Trustee (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee").

15. TFL hereby incorporates by reference all other facts in the Rule 45 Motion.

16. An expedited hearing on the Rule 45 Motion is needed for TFL to timely obtain the Proposed Limited Discovery and prepare its defense for the anticipated November trial.

17. In tandem with filing this Motion to Expedite and the Rule 45 Motion, counsel for TFL and the Debtors have been in communication and are continuing to meet and confer regarding the scope and timing of the Debtors' cooperation with TFL's informal request for the Proposed

5

Limited Discovery. The parties are hopeful they may reach a consensual agreement. However, although counsel for TFL has specifically requested whether the Debtors consent to a hearing of the Rule 45 Motion on an expedited basis, no definitive answer has been provided to date.

## **BASIS FOR RELIEF**

18. Bankruptcy Rule 9006(c)(1) authorizes the Court, for cause shown, to reduce the notice period otherwise required for the Rule 45 Motion. The circumstances of this case and the SEC Action and the facts set for the above and in the Rule 45 Motion warrant shortening notice and resolution of the Rule 45 Motion on an expedited basis.

19. As further explained in the Rule 45 Motion, no Debtor is a named defendant in the SEC Action, the SEC Action poses no potential detrimental effect to the Debtors, and the SEC Action is wholly unrelated to the Debtors. Nevertheless, TFL requires timely access to certain limited discovery from the Debtors solely as it "pertain[s] to claims against the nondebtor part[y][, TFL]." *Le Metier Beauty Inv. Partners LLC*, 2014 WL 4783008, at *5. The limited and narrow proposed discovery will place virtually no burden upon the Debtors and will not interfere in any respect with their ability to rehabilitate under chapter 11. Moreover, the relief requested in the Rule 45 Motion does not run afoul of § 362(a) of the Bankruptcy Code. Importantly, however, holding an expedited hearing to authorize TFL to effectuate its Proposed Limited Discovery by serving the Debtors with narrow FRCP 45 subpoena(s) relating to the SEC Action is vital, as TFL would suffer extreme prejudice absent receipt of such discovery on a timely basis. Timely obtaining the Proposed Limited Discovery would not prejudice the Debtors, creditors, or any other party in interest. TFL requires expedient action on its Proposed Limited Discovery in order to effectively defend against the SEC Action, especially since trial is anticipated to begin on November 30, 2023.

20. Although counsel for TFL and the Debtors are meeting and conferring regarding

the scope and timing of the Debtors' production of the Proposed Limited Discovery, TFL recognizes that the Debtors may not be willing to provide, on a strictly consensual basis, the full amount of Proposed Limited Discovery, despite the Protective Order already in place in the SEC Action. Therefore, hearing the Rule 45 Motion on an expedited basis is vital to ensuring timely access to all Proposed Limited Discovery, which TFL requires to formulate its defense in the SEC Action.

21. TFL respectfully requests that the Rule 45 Motion be heard on **Thursday, August 10, 2023 at 10:00 a.m. (prevailing Eastern Time)**.

22. No previous request for the relief sought herein has been made by TFL to this or any other court.

## **CONCLUSION**

WHEREFORE, TFL respectfully requests (i) entry of an Order, substantially in the form attached hereto as **Exhibit A**; and (ii) such other relief as is just and equitable under the circumstances.

| | |
|---|---|
| Date: August 1, 2023 | */s/ Sarah M. Schrag*<br>**DENTONS US LLP**<br>Claude D. Montgomery<br>Sarah M. Schrag<br>Douglas W. Henkin<br>David L. Kornblau<br>1221 Avenue of the Americas<br>New York, New York 10020<br>Tel: (212) 768-6700<br>claude.montgomery@dentons.com<br>sarah.schrag@dentons.com<br>douglas.henkin@dentons.com<br>david.kornblau@dentons.com<br><br>Mark G. Califano (*pro hac vice* application forthcoming)<br>Matthew A. Lafferman (*pro hac vice* application forthcoming)<br>1900 K Street, NW<br>Washington, DC 20006-1102<br>Tel: (202) 496-7500<br>mark.califano@dentons.com<br>matthew.lafferman@dentons.com<br><br>*Counsel to Terraform Labs PTE Ltd.* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 1, 2023, a true and correct copy of the foregoing *Terraform Labs PTE Ltd.'s Motion for Order Shortening Notice with Respect to Motion of Terraform Labs PTE Ltd. for Leave to Serve Rule 45 Document Subpoena(s) on Debtors* was caused to be served via the Court's CM/ECF system on all parties authorized to receive electronic notice in this chapter 11 case.

Date: August 1, 2023

*/s/ Sarah M. Schrag*
Sarah M. Schrag