Joshua A. Sussberg, P.C.  
**KIRKLAND & ELLIS LLP**  
**KIRKLAND & ELLIS INTERNATIONAL LLP**  
601 Lexington Avenue  
New York, New York 10022  
Telephone:    (212) 446-4800  
Facsimile:    (212) 446-4900  

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)  
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)  
Christopher S. Koenig  
Dan Latona (admitted *pro hac vice*)  
**KIRKLAND & ELLIS LLP**  
**KIRKLAND & ELLIS INTERNATIONAL LLP**  
300 North LaSalle Street  
Chicago, Illinois 60654  
Telephone:    (312) 862-2000  
Facsimile:    (312) 862-2200  

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**  
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## NOTICE OF FILING OF CLASS CLAIM SETTLEMENT AGREEMENT

**PLEASE TAKE NOTICE** that, on July 20, 2023, the above-captioned debtors and debtors in possession (collectively, the "Debtors") and the Official Committee of Unsecured Creditors (the "Committee," and together with the Debtors, the "Parties") filed the *Joint Motion for Entry of an Order (I) Approving the Settlement By And Among the Debtors and the Committee With Respect to the Committee's Class Claim and (II) Granting Related Relief* [Docket No. 3064] (the "Motion").[2]

**PLEASE TAKE FURTHER NOTICE** that the Parties hereby file the class claim settlement agreement among the Parties (the "Class Claim Settlement Agreement"), attached hereto as **Exhibit A**.

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2]  Capitalized terms used by not defined herein shall have the meaning ascribed to them in the Motion or the Class Claim Settlement Agreement, as applicable.

**PLEASE TAKE FURTHER NOTICE** that copies of the Class Claim Settlement Agreement, the Motion, and other pleadings filed in the above-captioned chapter 11 cases may be obtained free of charge by visiting the website of Stretto at http://www.cases.stretto.com/celsius. You may also obtain copies of any pleadings by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

*[Remainder of page intentionally left blank]*

New York, New York
Dated: August 3, 2023

*/s/ Joshua A. Sussberg*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:        (212) 446-4800
Facsimile:        (212) 446-4900
Email:              joshua.sussberg@kirkland.com

     - and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:        (312) 862-2000
Facsimile:        (312) 862-2200
Email:              patrick.nash@kirkland.com
                      ross.kwasteniet@kirkland.com
                      chris.koenig@kirkland.com
                      dan.latona@kirkland.com

*Counsel to the Debtors and Debtors in Possession*

# SETTLEMENT AGREEMENT

This **SETTLEMENT AGREEMENT** (as may be amended, supplemented, or otherwise modified from time to time, this "Settlement Agreement") is made and entered into as of August 3, 2023, by and among the following parties (each of the following described in sub-clauses (i) through (ii) of this preamble, collectively, the "Parties" and each, a "Party"):[1]

(i)      Celsius Network LLC and its debtor affiliates (collectively, the "Debtors");[2] and

(ii)      the official committee of unsecured creditors of the Debtors, appointed by the U.S. Trustee pursuant to section 1102 of the Bankruptcy Code (the "Committee" and, together with the Debtors, the "Parties").

## RECITALS

A.      **WHEREAS**, on July 13, 2022 (the "Petition Date"), certain of the Debtors (the "Initial Debtors")[3] filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), Case No. 22-10964 (MG);

B.      **WHEREAS**, on July 27, 2022, the U.S. Trustee for Region 2 appointed the Committee;

C.      **WHEREAS**, on November 16, 2022, the Bankruptcy Court entered the *Order (I) Setting Bar Dates for Submitting Proofs of Claim, (II) Approving Procedures for Submitting Proofs of Claim, (III) Approving Notice Thereof, and (IV) Granting Related Relief* [Docket No. 1368], which, among other things, established: (a) 5:00 p.m. prevailing Eastern Time on January 3, 2023, as the deadline for all persons and entities that assert a "claim" (as defined in section 101(5) of the Bankruptcy Code) against the Initial Debtors that arose before the Petition Date, including any claim pursuant to section 503(b)(9) of the Bankruptcy Code, to submit a written proof of such claim so that it is actually received by Stretto, Inc. (the "Notice and Claims Agent"); and (b) 5:00 p.m. prevailing Eastern Time on January 10, 2023, as the deadline for all governmental units that assert a Claim against the Initial Debtors that arose before the Petition

---

[1]    Capitalized terms used but not otherwise defined in this Settlement Agreement shall have the meanings ascribed to them in the *Joint Chapter 11 Plan of Reorganization of Celsius Network LLC and Its Debtor Affiliates* [Docket No. 3116] dated July 29, 2023 (the "July 29 Plan") or the Claims Settlement Motion (as defined herein), as applicable. For the avoidance of any doubt, to the extent that any of the defined terms in the July 29 Plan are revised, modified, or amended in an amended, supplemented, or otherwise modified joint chapter 11 plan of reorganization of the Debtors filed after the date of this Settlement Agreement (a "Plan"), the defined terms in the July 29 Plan shall govern with respect to this Settlement Agreement.

[2]    The Debtors are: Celsius Network LLC; Celsius KeyFi LLC; Celsius Lending LLC; Celsius Mining LLC; Celsius Network Inc.; Celsius Network Limited; Celsius Networks Lending LLC; Celsius US Holding LLC; GK8 Ltd.; GK8 UK Limited; and GK8 USA LLC.

[3]    Debtors GK8 Ltd., GK8 USA LLC, and GK8 UK Limited filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code on December 7, 2022.

Date to submit a written proof of such Claim so that it was to be actually received by the Notice and Claims Agent;

D.    **WHEREAS**, on January 4, 2023, the Bankruptcy Court entered the *Memorandum Opinion and Order Regarding Ownership of Earn Account Assets* [Docket No. 1822], which held that cryptocurrency assets deposited in the Debtors' earn accounts were property of the Debtors' estates (the "Earn Ruling");

E.    **WHEREAS**, following the entry of the Earn Ruling, the Bankruptcy Court entered the *Order (I) Extending the Bar Dates for Submitting Proofs of Claim, (II) Approving Notice Thereof, and (III) Granting Related Relief* [Docket No. 1846], which extended the date by which all persons and entities, including governmental units, were required to submit proofs of claim against the Initial Debtors from January 3, 2023, until February 9, 2023, at 5:00 p.m. prevailing Eastern Time;

F.    **WHEREAS**, on March 9, 2023, the Bankruptcy Court issued its *Memorandum Opinion Regarding Which Debtor Entities Have Liability for Customer Claims Under the Terms of Use* [Docket No. 2205], which held that only Debtor Celsius Network LLC, and not any other Debtor or non-Debtor affiliates, are liable to Account Holders on contract claims under the Terms of Use;

G.    **WHEREAS**, on April 10, 2023, the Committee filed the *Motion of the Official Committee of Unsecured Creditors (I) for Authority to File a Class Claim Asserting Non-Contract Claims on Behalf of Account Holders or (II) to Appoint a Third-Party Fiduciary to Assert a Class Claim on Behalf of Account Holders* [Docket No. 2399] (the "Class Claim Motion") seeking authority to file a class claim or other collective action on behalf of all Account Holders and assert fraud, misrepresentation, and other statutory claims against each Debtor entity to solve the "unprecedented collective action problem" of "hundreds of thousands" of the Debtors' creditors asserting individual non-contract claims against the Debtors;

H.    **WHEREAS**, on April 18, 2023, the Bankruptcy Court entered the *Order Granting the Motion of the Official Committee of Unsecured Creditors (I) for Authority to File a Class Claim Asserting Non-Contract Claims on Behalf of Account Holders or (II) to Appoint a Third-Party Fiduciary to Assert Non-Contract Claims on Behalf of Account Holders* [Docket No. 2496] (the "Class Claim Order"), which granted the relief request in the Class Claim Motion;

I.    **WHEREAS**, on April 28, 2023, in accordance with the Class Claim Order, the Committee filed a class proof of claim (Claim No. 29046) (the "Class Claim") on behalf of Thomas DiFiore, Ignat Tuganov, and Rebecca Gallagher, in their individual capacities and as proposed Class Representatives (as defined herein) which asserted damages against each of the Debtors in an amount not less than $5,217,524,781.00 in U.S. Dollars arising out of non-contractual claims, including: (a) violation of the New York Deceptive Practices Act; (b) violation of the New York False Advertising Act; (c) violation of the New Jersey Consumer Fraud Act; (d) fraudulent misrepresentation; (e) negligent misrepresentation; (f) fraudulent concealment; (g) unjust enrichment; (h) breach of the implied duty of good faith and fair dealing; and (i) violation of Section 2 of the Misrepresentation Act 1967 under English law;

J.    **WHEREAS**, on May 17, 2023, the Committee filed *the Motion of the Official Committee of Unsecured Creditors to (I) Certify the Class of Account Holders Asserting Non-Contract Claims Against the Debtors, (II) Appoint Thomas DiFiore, Rebecca Gallagher, and Ignat Tuganov as the Class Representatives, and (III) Appoint White & Case LLP as Class Counsel, in Each Case Pursuant to Bankruptcy Rule 7023* [Docket No. 2670] (the "Class Certification Motion"), which sought entry of an order (i) certifying the proposed class of all Account Holders (the "Class"), (ii) appointing Thomas DiFiore, Rebecca Gallagher, and Ignat Tuganov as the class representatives (collectively, the "Class Representatives"), and (iii) appointing White & Case LLP as Class counsel;

K.    **WHEREAS**, on June 12, 2023, the Bankruptcy Court entered the *Order Establishing Schedule for Litigation of the Motion of the Official Committee of Unsecured Creditors to (I) Certify the Class of Account Holders Asserting Non-Contract Claims Against the Debtors, (II) Appoint Thomas DiFiore, Rebecca Gallagher, and Ignat Tuganov as the Class Representatives, and (III) Appoint White & Case LLP as Class Counsel, in Each Case Pursuant to Bankruptcy Rule 7023* [Docket No. 2795], which established a litigation schedule for the months of June, July, August, and September with a hearing on the Class Certification Motion scheduled for the week of September 25, 2023;

L.    **WHEREAS**, following good-faith and arm's-length negotiations, the Parties reached agreement on a settlement resolving all of the disputes between the Parties regarding the Class Claim and the Class Certification Motion, on the terms set forth in this Settlement Agreement and in the applicable provisions of the Plan Treatment Term Sheet (the "Plan Treatment Term Sheet") attached as Exhibit B to the Class Claim Settlement Motion (as defined herein); and

M.    **WHEREAS**, on July 20, 2023, the Debtors filed the *Joint Motion for Entry of an Order (I) Approving the Settlement by and Among the Debtors and the Committee with Respect to the Committee's Class Claim and (II) Granting Related Relief* [Docket No. 3064] (the "Class Claim Settlement Motion"), requesting that the Bankruptcy Court approve the settlement reached among the Parties resolving the Class Claim and Class Certification Motion (such settlement, the "Class Claim Settlement").

**NOW, THEREFORE**, in consideration of the mutual promises and covenants set forth herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby agree as follows:

## AGREEMENT

1.    **For Settlement Purposes Only**.  This Settlement Agreement is for settlement purposes only.  Except as explicitly set forth in this Settlement Agreement, the fact of this Settlement Agreement or any provision herein, the negotiations or proceedings related hereto, and any actions taken hereunder shall not constitute or be construed as (a) any admission of the validity of any claim or any fact alleged by any of the Parties, (b) any admission of any wrongdoing, fault, violation of law, breach of contract, or liability of any kind on the part of any of the Parties, (c) any admission as to any claim or allegation made in any demand of, action against, or proceeding against any of the Parties, and/or (d) a waiver of any applicable defense by any of the Parties.  This Settlement Agreement shall not be offered or admissible as evidence against any Party in any

action or proceeding in any forum for any purpose whatsoever, except as evidence of its existence or terms or in any action or proceeding brought to enforce its terms.

2.    **Approval**.   This Settlement Agreement shall be effective on the date the Bankruptcy Court enters an order approving the Class Claim Settlement Motion, which order shall be substantially in the form attached as <u>Exhibit A</u> to the Class Claim Settlement Motion (the "<u>Settlement Approval Order</u>").  Although the Parties shall sign this Settlement Agreement prior to the entry of the Settlement Approval Order, the Parties agree and acknowledge that this Settlement Agreement shall not be effective or binding on the Parties if the Settlement Approval Order is not entered by the Bankruptcy Court.

3.    **The Class Claim Settlement**.  In full and final satisfaction of the Class Claim and resolution of the Class Certification Motion:

(a)    All Holders of Account Holder Claims that do not opt out of the Class Claim Settlement pursuant to the procedures set forth in <u>Section 4</u> of this Settlement Agreement shall receive, instead of any scheduled claim and/or filed Proof of Claim relating to such Holder, a Claim equal to 105% of the scheduled amount of such Claim in the same type of Account Holder Claim (*e.g.*, a scheduled General Earn Claim for $10,000 shall receive a scheduled General Earn Claim in an amount of $10,500 or a Retail Borrower Deposit Claim for $10,000 shall receive a Retail Borrower Deposit Claim for $10,500) (any such claim, a "<u>Settlement Claim</u>") against each Debtor entity; *provided* that Account Holders shall not be entitled to participate in the Class Claim Settlement with respect to such Holders' Custody Claims, which are instead eligible to participate in the Custody Settlement pursuant to the Plan; *provided further* that Holders of Filed Proofs of Claim where the Holder of such claim does not also have a corresponding scheduled Claim are not eligible to participate in the Class Claim Settlement; *provided further* that any Settlement Claims (other than Claims based on CEL Token) shall not be subject to subordination pursuant to section 510(b) of the Bankruptcy Code;

(b)    Upon the expiration of the Opt-Out Period (as defined in <u>Section 4</u> of this Settlement Agreement), any claims and/or causes of action set forth in a scheduled claim, Proof of Claim, and/or the Class Claim held by any Account Holder that does not opt out of the Class Claim Settlement shall be expunged and superseded by such Holder's Settlement Claim (other than Custody Claims, which shall not be expunged).  For the avoidance of any doubt, (i) Holders of Account Holder Claims that do not opt out of the Settlement shall (x) no longer be entitled to the amounts set forth on any filed Proof of Claim, (y) no longer be entitled to prosecute any allegations against the Debtors set forth in any such Proof of Claim or the Class Claim, and (z) be limited to receiving a recovery from the Debtors with respect to a Settlement Claim pursuant to the treatment provided in the Plan, and (ii) as set forth in <u>Section 3(a)</u> of this Settlement Agreement, Custody Claims shall not be eligible for the Class Claim Settlement and not opting out of the Class Claim Settlement shall have no effect on any Custody Claim; and

(c)    Each applicable scheduled claim or filed Proof of Claim (other than scheduled claims or filed Proofs of Claim asserting Custody Claims) relating to any Account Holder who does not timely opt out of the Class Claim Settlement shall be deemed

amended consistent with the foregoing upon entry of the Settlement Approval Order and expiration of the Opt-Out Period (as such term is defined below); *provided* that each Account Holder shall only be entitled to vote in the amount of such Account Holder's pre-Class Claim Settlement scheduled claim(s) as further explained in the *Debtors' Motion for Entry of an Order (I) Approving the Adequacy of the Debtors' Disclosure Statement, (II) Approving the Solicitation and Voting Procedures with Respect to Confirmation of the Debtors' Joint Plan of Reorganization, (III) Approving the Form of Ballots and Notices in Connection Therewith, (IV) Scheduling Certain Dates with Respect Thereto, (V) Authorizing and Approving Reimbursement of Certain of the Plan Sponsor's Fees and Expenses, and (VI) Granting Related Relief* [Docket No. 2970] (the "Disclosure Statement Motion"); *provided further* that Excluded Parties are not eligible for the Class Claim Settlement and shall not receive the benefit of the Class Claim Settlement even if any such Excluded Party does not opt out of the Class Claim Settlement. For the avoidance of any doubt, nothing contained in this Settlement Agreement shall alter any claim(s) the Debtors and/or any other third party may hold against the Excluded Parties, and the Excluded Parties shall not be deemed "Releasing Parties" under the Plan.

4.      **Participation Process and the Class Claim Settlement Election**. As a part of the Solicitation Package, the Debtors shall provide all eligible Account Holders with a notice of claims settlement, substantially in the form attached hereto as **Exhibit A** (the "Notice of Claims Settlement"), which shall be approved pursuant to the Settlement Approval Order. All Holders of Account Holder Claims (other than Custody Claims) shall have the opportunity to opt out of the Class Claim Settlement on their Account Holder Ballots, which shall be substantially in the form attached hereto as **Exhibit B**.

(a)      Any Holder of an Account Holder Claim that does not affirmatively opt out of the Class Claim Settlement prior to the conclusion of the time period to vote on the Plan (the "Opt-Out Period") shall be bound by the terms of the Class Claim Settlement upon the expiration of the Opt-Out Period. Proofs of Claim filed by Holders of Account Holder Claims (other than Custody Claims) that do not opt out of the Class Claim Settlement by the expiration of the Opt-Out Period shall be (i) expunged from the Claims Register, (ii) of no further force and effect, and (iii) superseded by such Holder's Settlement Claim.

(b)      Holders of Account Holder Claims that opt out of the Class Claim Settlement shall have their Account Holder Claims (other than Custody Claims) treated as Disputed Claims under the Plan and shall not receive a distribution on the Effective Date. Rather, such Holders shall receive a distribution (if any) on the date any such Holder's Disputed Claim is resolved in the claims reconciliation process. The distribution that any such Holder that elects to opt out of the Class Claim Settlement ultimately may receive shall depend on the outcome of such claim's reconciliation process and/or litigation. Holders of Account Holder Claims may vote in favor of the Plan and opt out of the Class Claim Settlement; *provided* that Holders of Account Holder Claims that vote in favor of the Plan shall be bound by the releases set forth in the Plan and shall only retain their rights with respect to their filed Proofs of Claim.

(c)      For the avoidance of any doubt, the Debtors (a) reserve all rights to object to and dispute the amounts set forth in any filed Proofs of Claim and the allegations set

forth in the Class Claim with respect to any Account Holder that commences litigation against the Debtors related to such Holder's Proof of Claim and/or any allegations in the Class Claim, and (b) shall have until the Effective Date to object to any Settlement Claim based on discrepancies between any Settlement Claim and the Debtors' books and records.

5.      **Voting on the Plan**.  Each Holder shall be entitled to vote the scheduled amount of such Holder's claim as authorized by the Bankruptcy Court in accordance with the terms of the Disclosure Statement Order (as defined in the Disclosure Statement Motion).  For the avoidance of any doubt, nothing in the Class Claim Settlement, the Class Certification Motion, or the Class Claim shall affect voting on the Plan or provide the Committee with a right to vote on the Plan. Committee members shall retain all rights to vote Claims held in their individual capacity and opt out of the Class Claim Settlement in such capacity.

6.      **Resolution of Class Claim and Class Certification Motion**.  The Debtors hereby agree to the certification of the Class and to the appointment of the Class Representatives, to the extent applicable and necessary.  Granting of the Settlement Claims as set forth herein shall constitute a full and final resolution of the Class Claim on behalf of all Account Holders that do not opt out of the Class Claim Settlement.  For the avoidance of any doubt, upon entry of the Settlement Approval Order, the Committee shall not prosecute the Class Claim on behalf of any or all Account Holders.

7.      **Termination**.  Any of the Parties may serve written notice of the termination of this Settlement Agreement to each other Party, in accordance with Section 8 hereof, solely upon the occurrence of any of the following events:

(a)      the entry of an order by the Bankruptcy Court denying approval of the Class Claims Settlement Motion; or

(b)      the entry of an order by the Bankruptcy Court purporting to modify the terms of Class Claim Settlement or ordering modifications to the Plan that alter the terms contemplated by this Settlement Agreement or otherwise materially change the terms of this Settlement Agreement or the applicable terms of the Plan Treatment Term Sheet.

8.      **Notice**.  All notices, demands, instructions, and other communications required or permitted under the Settlement Agreement to any Party (a "Notice") must be in writing, shall be effective upon receipt, and must be delivered by hand delivery, overnight courier, or e-mail.

**If to the Company:**

Celsius Network LLC
50 Harrison Street
Suite 209F
Hoboken, NJ 07030
Attn: Ron Deutsch, General Counsel
E-mail: ron.deutsch@celsius.network

**with a copy to**:

> Kirkland & Ellis LLP
> 601 Lexington Avenue
> New York, New York 10022
> Attn: Joshua A. Sussberg, P.C.
> Telephone: (212) 446-4800
> Facsimile: (212) 446-4900
> E-mail: joshua.sussberg@kirkland.com
>
> and
>
> Kirkland & Ellis LLP
> 300 N. LaSalle Street
> Chicago, Illinois 60654
> Attn: Patrick J. Nash, Jr. P.C., Ross M. Kwasteniet, P.C., Christopher S. Koenig,
> Dan Latona
> Telephone: (312) 862-2000
> Facsimile: (312) 862-2200
> E-mail: patrick.nash@kirkland.com, ross.kwasteniet@kirkland.com,
> chris.koenig@kirkland.com, dan.latona@kirkland.com

**If to the Committee:**

> White & Case LLP
> 555 South Flower Street
> Suite 2700
> Los Angeles, California 90012
> Attn: Aaron E. Colodny
> Telephone: (213) 620-7700
> Facsimile: (213) 452-2329
> E-mail: aaron.colodny@whitecase.com

9.     **Retained Jurisdiction.**  The Parties agree that the Bankruptcy Court shall retain jurisdiction to interpret and enforce the terms of this Settlement Agreement.

10.     **Conflict with Orders**.  To the extent there is any conflict between the terms of this Settlement Agreement and the terms of the Settlement Approval Order, the terms of the Settlement Approval Order shall control.

11.     **Governing Law**.  This Settlement Agreement, and any disputes related thereto, shall be governed by and construed in accordance with (a) applicable federal law, or (b) to the extent federal law does not apply, the laws of the state of New York without regard to the rules of conflict of laws of the state of New York or any other jurisdiction that would require the application of the law of another jurisdiction.  The Parties hereto submit to the jurisdiction of the Bankruptcy Court for any litigation relating to this Settlement Agreement and agree not to commence any litigation relating to this Settlement Agreement except in the Bankruptcy Court.  For the avoidance

of any doubt, during the pendency of the Chapter 11 Cases, all proceedings shall be brought in the Bankruptcy Court.

12.    **Authority**.  Each of the Parties hereto represents and warrants that (a) it has full power, right, and authority to enter into this Settlement Agreement and to take all steps necessary to implement its terms and conditions and take the actions contemplated hereby, (b) this Settlement Agreement has been duly and validly executed and delivered by it and constitutes the legal, valid, and binding obligation of such Party enforceable against such Party in accordance with its terms, and (c) other than from the Bankruptcy Court, no consent of any person or entity not a party to this Settlement Agreement is necessary for this Settlement Agreement to be fully and completely binding upon each of the Parties.

13.    **Successors and Assigns; Third Parties**.  The rights and obligations of each of the Parties under this Settlement Agreement shall be binding upon, and inure to the benefit of, any successor or assign of each such Party, including, for the avoidance of doubt, the Litigation Administrator contemplated under the Plan.  Any purported assignment that does not comply with the foregoing sentence shall be void *ab initio*.

14.    **Non-Severability**.  Each of the terms of this Settlement Agreement is a material and integral part hereof.  Except as otherwise provided herein, should any provision of this Settlement Agreement be held to be unenforceable or contrary to law, the entire Settlement Agreement shall be deemed null and void.

15.    **Entire Understanding**.  This Settlement Agreement constitutes the entire understanding of the Parties hereto in connection with the matters covered herein, and may not be amended, modified, or altered except by an agreement in writing signed by each of the Parties.

16.    **No Party Deemed Drafter**.  The signatories to this Settlement Agreement are competent persons, each of whom is experienced in business and represented by counsel. Therefore, any ambiguous language in this Settlement Agreement shall not be construed against any particular Party as the drafter of such language.

17.    **Failure to Enforce; Waiver**.  The failure of any Party to enforce a provision of this Settlement Agreement shall not constitute a waiver of such Party's right to enforce that provision.  No provision of this Settlement Agreement may be waived except by a writing signed by the Parties that expressly refers to this <u>Section 17</u> of this Settlement Agreement and makes such waiver, and such waiver shall be limited to the terms of such writing.  Waiver of any one breach shall not be deemed to be a waiver of any other breach of the same or of any other provision hereof, nor shall any such waiver by any Party be deemed to be a continuing waiver.  No delay or omission by any Party in exercising any right hereunder, at law, in equity, or otherwise, shall impair any such right or be construed as a waiver thereof or any acquiescence therein, nor shall any single or partial exercise of any right preclude other or further exercise of such right or the exercise of any other right.

18.    **Counterparts**.  This Settlement Agreement may be executed in any number of counterparts and by the Parties hereto in separate counterparts, each of which shall be deemed to

be an original, but all of which taken together shall constitute one and the same document. Delivery of an executed counterpart of this Settlement Agreement by electronic mail to the contacts listed in <u>Section 8</u> of this Settlement Agreement shall be equally effective as delivery of an original executed counterpart.

*[Signature pages follow]*

**Debtors' Signature Page to
the Class Claim Settlement Agreement Agreement**

     **IN WITNESS WHEREOF**, the Parties hereto have executed this Agreement on the day and year first above written.

              **CELSIUS NETWORK LLC**
              (on behalf of itself and its affiliated Debtors
              and Debtors in Possession)


              *Chris Ferraro*
     By:_____
     Name:  Christopher Ferraro
     Title:   Chief Financial Officer, Interim Chief
               Executive Officer, Chief Restructuring
               Officer, and/or Authorized Signatory

**Official Committee of Unsecured Creditors**

**By:** _____

    **Name:**   Scott Duffy

    **Title:**   Co-Chair of Official Committee of Unsecured Creditors

**<u>Exhibit A</u>**

**Notice of Claims Settlement**

Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**NOTICE OF CLASS CLAIM SETTLEMENT**
**AND OPPORTUNITY TO OPT OUT OF CLASS CLAIM SETTLEMENT**

**PLEASE TAKE NOTICE THAT** on August [●], 2023, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an *Order (I) Approving the Settlement By and Among the Debtors and the Committee with Respect to the Committee Class Claim and (II) Granting Related Relief* [Docket No. [●]] approving the settlement reached by and among the above-captioned debtors and debtors in possession (collectively, the "Debtors") and the Official Committee of Unsecured Creditors, which settlement resolved the Class Claim and Class Certification Motion (such settlement, the "Class Claim Settlement"). A copy of the settlement agreement memorializing the terms of the Class Claim Settlement is attached hereto as **Exhibit A** (the "Class Claim Settlement Agreement").[2]

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2]    Capitalized terms used by not defined herein shall have the meaning ascribed to them in the *Joint Motion for Entry of an Order (I) Approving the Settlement By and Among the Debtors and the Committee With Respect to the Committee's Class Claim and (II) Granting Related Relief* [Docket No. 3064] (the "Class Claim Settlement Motion"), the Class Claim Settlement Agreement, the Plan, or the Disclosure Statement, as applicable.

**PLEASE TAKE FURTHER NOTICE THAT** on [●], 2023, the Court also entered an order [Docket No. [●]] (the "Disclosure Statement Order") (a) approving the adequacy of the *Disclosure Statement for the Joint Chapter 11 Plan of Reorganization of Celsius Network LLC and Its Debtor Affiliates* [Docket No. 3117] (as modified, amended, or supplemented from time to time, the "Disclosure Statement") for the purposes of solicitation, (b) authorizing the Debtors to solicit votes with regard to the acceptance or rejection of the *Joint Chapter 11 Plan of Reorganization of Celsius Network LLC and Its Debtor Affiliates* [Docket No. 3116] (as modified, amended, or supplemented from time to time, the "Plan"), (c) approving the solicitation materials and documents to be included in the solicitation packages, and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** because you are the Holder of an Account Holder Claim *you are a party to the Class Claim Settlement unless you affirmatively opt out of the Class Claim Settlement on your Account Holder Ballot* as further explained herein (other than with respect any Custody Claim that you may hold).

**PLEASE TAKE FURTHER NOTICE THAT** all Holders of Account Holder Claims who do not opt out of the Class Claim Settlement pursuant to the procedures set forth in Section 4 of the Class Claim Settlement Agreement shall receive, instead of any scheduled claim and/or filed Proof of Claim relating to such Holder, a Claim equal to 105% of the scheduled amount of such Claim in the same type of Account Holder Claim (*e.g.*, a scheduled General Earn Claim for $10,000 shall receive a scheduled General Earn Claim in an amount of $10,500 or a Retail Borrower Deposit Claim for $10,000 shall receive a Retail Borrower Deposit Claim for $10,500) (any such claim, a "Settlement Claim") against each Debtor entity; *provided* that Account Holders shall not be entitled to participate in the Class Claim Settlement with respect to such Holders' Custody Claims, which are instead eligible to participate in the Custody Settlement pursuant to the Plan; *provided further* that Holders of Filed Proofs of Claim where the Holder of such Claim does not also have a corresponding scheduled claim are not eligible to participate in the Class Claim Settlement; *provided further* that any Settlement Claims (other than Claims based on CEL Token) shall not be subject to subordination pursuant to section 510(b) of the Bankruptcy Code.

**PLEASE TAKE FURTHER NOTICE THAT** all Holders of Account Holder Claims (other than with respect to Custody Claims) may opt out of the Class Claim Settlement on their Account Holder Ballot, which shall be served on eligible Account Holders in connection with soliciting votes to accept or reject the Plan in accordance with the terms of the Disclosure Statement Order. *The Class Claim Settlement opt-out is located in Item 8 of the Account Holder Ballot*. The deadline for opting out of the Class Claim Settlement is **[September 18], 2023 at [4:00 p.m.]** prevailing Eastern Time (the "Class Claim Settlement Opt-Out Deadline").

**PLEASE TAKE FURTHER NOTICE THAT**, upon the expiration of the Class Claim Settlement Opt-Out Deadline (the "Opt-Out Period"), any claims and/or causes of action set forth in a scheduled claim, Proof of Claim, and/or the Class Claim held by any Account Holder that does not opt out of the Class Claim Settlement shall be expunged and superseded by such Holder's Settlement Claim (other than Custody Claims, which shall not be expunged). For the avoidance of any doubt, (i) Holders of Account Holder Claims that do not opt out of the Class

Claim Settlement shall (x) no longer be entitled to the amounts set forth on any filed Proof of Claim, (y) no longer be entitled to prosecute any allegations against the Debtors set forth in any such Proof of Claim or the Class Claim, and (z) be limited to receiving a recovery from the Debtors with respect to a Settlement Claim pursuant to the treatment provided in the Plan, and (ii) as set forth in <u>Section 3(a)</u> of the Class Claim Settlement Agreement, Custody Claims shall not be eligible for the Class Claim Settlement and not opting out of the Class Claim Settlement shall have no effect on any Custody Claim.

**PLEASE TAKE FURTHER NOTICE THAT** each applicable scheduled claim or filed Proof of Claim (other than scheduled claims or filed Proofs of Claim asserting Custody Claims) relating to any Account Holder who does not timely opt out of the Class Claim Settlement shall be deemed amended consistent with the foregoing upon the expiration of the Opt-Out Period; *provided* that each Account Holder shall only be entitled to vote in the amount of such Account Holder's pre-Class Claim Settlement scheduled claim(s) as further explained in the Solicitation and Voting Procedures.

<u>**PLEASE TAKE FURTHER NOTICE THAT**</u> Excluded Parties are not eligible for the Class Claim Settlement and shall not receive the benefit of the Class Claim Settlement even if any such Excluded Party does not opt out of the Class Claim Settlement. For the avoidance of any doubt, nothing contained in the Class Claim Settlement Agreement shall alter any claim(s) the Debtors and/or any other third party may hold against the Excluded Parties, and the Excluded Parties shall not be deemed "Releasing Parties" under the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** *Holders of Account Holder Claims that opt out of the Class Claim Settlement shall have their Account Holder Claims (other than Custody Claims) treated as Disputed Claims under the Plan and shall not receive a distribution on the Effective Date*. Rather, such Holders shall receive a distribution (if any) on the date any such Holder's Disputed Claim is resolved in the claims reconciliation process. The distribution that any such Holder that elects to opt out of the Class Claim Settlement ultimately may receive shall depend on the outcome of such claim's reconciliation process and/or litigation.

**PLEASE TAKE FURTHER NOTICE THAT**, for the avoidance of any doubt, regardless of whether eligible Account Holders opt out of the Class Claim Settlement, all Account Holders are entitled to vote to accept or reject the Plan in accordance with the terms of the Disclosure Statement Order; *provided* that Holders of Account Holder Claims that vote in favor of the Plan shall be bound by the releases set forth in the Plan and shall only retain their rights with respect to their filed Proofs of Claim.

**PLEASE TAKE FURTHER NOTICE THAT**, for the avoidance of any doubt, the Debtors (a) reserve all rights to object to and dispute the amounts set forth in any filed Proofs of Claim and the allegations set forth in the Class Claim with respect to any Account Holder that commences litigation against the Debtors related to such Holder's Proof of Claim and/or any allegations in the Class Claim, and (b) shall have until the Effective Date to object to any Settlement Claim based on discrepancies between any Settlement Claim and the Debtors' books and records.

**PLEASE TAKE FURTHER NOTICE THAT** each Holder shall be entitled to vote the scheduled amount of such Holder's claim as authorized by the Court in accordance with the terms of the Disclosure Statement Order.  For the avoidance of any doubt, nothing in the Class Claim Settlement, the Class Certification Motion, or the Class Claim shall affect voting on the Plan or provide the Committee with a right to vote on the Plan.  Committee members shall retain all rights to vote Claims held in their individual capacity and opt out of the Class Claim Settlement in such capacity.

**PLEASE TAKE FURTHER NOTICE** that copies of the Class Claim Settlement Agreement, the Class Claim Settlement Motion, the Plan, the Disclosure Statement, the Disclosure Statement Order, and other pleadings filed in the above-captioned chapter 11 cases may be obtained free of charge by visiting the website of Stretto at http://www.cases.stretto.com/celsius.  You may also obtain copies of any pleadings by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

*[Remainder of page intentionally left blank]*

New York, New York
Dated:  August [●], 2023

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:       (212) 446-4800
Facsimile:        (212) 446-4900
Email:             joshua.sussberg@kirkland.com

- and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:       (312) 862-2000
Facsimile:        (312) 862-2200
Email:             patrick.nash@kirkland.com
                       ross.kwasteniet@kirkland.com
                       chris.koenig@kirkland.com
                       dan.latona@kirkland.com

*Counsel to the Debtors and Debtors in Possession*

**<u>Exhibit A</u>**

**Class Claim Settlement Agreement**

## **Exhibit B**

### **Account Holder Ballot**

[*To be filed in advance of the hearing on the Class Claim Settlement Motion*]