TROUTMAN PEPPER HAMILTON SANDERS LLP
Deborah Kovsky-Apap
875 Third Avenue
New York, NY 10022
Telephone: (212) 704-6000
Facsimile: (212) 704-6288
Email:    deborah.kovsky@troutman.com
*Counsel to the Ad Hoc Group of*
*Withhold Account Holders and Other Transferees*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>CELSIUS NETWORK LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-10964 (MG)<br><br>(Jointly Administered) |

**AD HOC GROUP OF WITHHOLD ACCOUNT HOLDERS AND OTHER
TRANSFEREES' STATEMENT AND RESERVATION OF RIGHTS
WITH RESPECT TO THE DEBTORS' MOTION FOR ENTRY OF AN ORDER (I)
APPROVING THE ADEQUACY OF THE DEBTORS' DISCLOSURE STATEMENT,
(II) APPROVING THE SOLICITATION AND VOTING PROCEDURES WITH
RESPECT TO CONFIRMATION OF THE DEBTORS' JOINT PLAN OF
REORGANIZATION, (III) APPROVING THE FORM OF BALLOTS AND NOTICES IN
CONNECTION THEREWITH, (IV) SCHEDULING CERTAIN DATES WITH
RESPECT THERETO, (V) AUTHORIZING AND APPROVING REIMBURSEMENT
OF CERTAIN OF THE PLAN SPONSOR'S FEES AND EXPENSES,
AND (VI) GRANTING RELATED RELIEF**

The Ad Hoc Group of Withhold Account Holders and Other Transferees (the "Ad Hoc Group"), through its undersigned counsel, submits this statement and reservation of rights with respect to the motion of the above-captioned debtors-in-possession (the "Debtors") for entry

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

-1-

of an order approving the adequacy of the Debtors' disclosure statement (the "Disclosure Statement Motion") [Docket No. 2970], and respectfully states as follows:

The Ad Hoc Group has significant concerns about the terms of the alternative dispute resolution procedures (the "ADR Procedures") filed as part of the plan supplement at Docket No. 3115. The Ad Hoc Group does not oppose, as a general matter, the inclusion of ADR Procedures in the Plan and believes that clear "rules of the road" will benefit all parties and enable them, in many cases, to reach efficient and consensual resolutions. The problem is that the ADR Procedures, as currently drafted, violate the due process rights of pre-litigation ADR-Eligible Potential Defendants, making the Plan unconfirmable to the extent that it incorporates the ADR Procedures. This, in turn, raises questions about approval of the Disclosure Statement describing the Plan. *See In re Quigley Co., Inc.*, 377 B.R. 110, 115-16 (Bankr. S.D.N.Y. 2007) ("A disclosure statement must contain 'adequate information,' . . . describing a confirmable plan. If the plan is patently unconfirmable on its face, the application to approve the disclosure statement must be denied, as solicitation of the vote would be futile.").[2]

The Ad Hoc Group takes no issue with the requirement that *claimants* holding contingent, unliquidated or disputed claims against the Estates engage in ADR Procedures with respect to those claims. But it is a very different matter to allow the Litigation Trustee to impose ADR Procedures on potential *defendants* who have not yet been sued, much less properly served. Defendants facing claims against them are entitled to the due process afforded by the rules that govern adversary proceedings. Even more fundamentally, they have the right to choose to defend

---

[2] The Ad Hoc Group recognizes the other side of the argument: that because its concerns about the ADR Procedures go to the substance of part of the Plan and not strictly to the adequacy of the Disclosure Statement, its objections could be raised in the context of confirmation. Nonetheless, given the importance of these issues to the interests of customers and former customers facing clawback claims, the Ad Hoc Group felt it prudent to raise them now out of an abundance of caution.

themselves rather than pay to settle claims against them. The ADR Procedures trample those rights. Among other things:

- ***The Litigation Administrator is not required to give potential defendants the notice they are entitled to under Rule 8 or (to the extent applicable) Rule 9 of the Federal Rules of Civil Procedure.*** Nothing in the ADR Procedures specifies what the Litigation Administrator must tell a potential defendant about the claims the Litigation Administrator believes it has against such defendant. Potential defendants thus may be forced to deal with claims against them in an ADR Procedure without ever getting a clear articulation of what those claims are.

- ***The Litigation Administrator can force potential defendants to offer settlement proposals whether they want to or not.*** Under the ADR Procedures, potential defendants do not have the option to refuse to put money on the table to settle claims against them, even if they believes the claims are meritless and want to defend against them. Under section 2.11 of the ADR Procedures, potential defendants face a Hobson's choice: they must either negotiate a settlement of the Litigation Administrator's claims against them, or risk being found in contempt of the confirmation order for violation of the Plan, being forced to pay the Litigation Administrator's attorneys' fees and expenses, and having their claims (if any) against the Estates expunged. It is unconscionable to allow the Litigation Administrator to strong-arm potential defendants into forgoing their right to defend claims against them in this manner.

- ***The Litigation Administrator has the unilateral right under the ADR Procedures to obtain pre-litigation discovery from potential defendants***. Under sections 3.2 and 3.5 of the ADR Procedures, a potential defendant is required to hand over to the Litigation Administrator "such information as may be reasonably necessary" to enable the Litigation Administrator to evaluate its claims against the potential defendant. The Litigation Administrator is not required to comply with the Federal Rules of Bankruptcy Procedure governing discovery, or even to file a Rule 2004 motion. And potential defendants are forced to accede to the Litigation Administrator's demands, lest they be found to have violated the Plan, be forced to pay the Litigation Administrator's attorneys' fees and expenses, and have their claims (if any) against the Estates expunged. Even more egregious, the discovery under the ADR Procedures is entirely one-sided. Potential defendants must provide documents and information relevant to the claims against them to the plaintiff, while the plaintiff is under no obligation to provide documents or information about its claims to the potential defendants.

- ***The Litigation Administrator can force potential defendants to engage in mediation even if they don't want to settle.*** If the settlements offered by potential defendants are not enough for the Litigation Administrator, the Litigation Administrator then has the right to compel unwilling potential defendants to mediate claims against them—again, without the Litigation Administrator's being required actually to sue or serve them. Not only that, but the Litigation

Administrator can also force a potential defendant to pay half the costs of the mediator. There is no way under the ADR Procedures for a potential defendant to opt out of the ADR Procedures after the exchange of settlement proposals but before mediation.

- ***The opt-out option is inadequate, to say the least.*** First, the ADR Procedures improperly put the burden on the potential defendants either to timely opt out of the ADR Procedures or face draconian penalties. Potential defendants (who may not even have notice of the Plan and ADR Procedures, if they have no claims against the Estates) may not understand the harsh consequences of failing to act quickly. Even if potential defendants do try to opt out in the short time provided, they cannot opt out as of right. Under section 2.12, they can only "request" to be excused from the ADR Procedures, and the Litigation Administrator has the right to seek an order compelling them to participate.

- ***The confidentiality provisions prevent potential defendants from pursuing a joint defense.*** The ADR Procedures appear to be designed to separate and pick off potential defendants one by one, by forcing them into individual ADR Procedures and then prohibiting them from disclosing settlement discussions with each other. The ADR Procedures effectively bar potential defendants from being represented together in a joint defense group or negotiating or mediating claims against them collectively—strategies that would otherwise give potential defendants a fighting chance when faced with the Litigation Administrator's $50 million war chest.

The Ad Hoc Group has engaged and will continue to engage in discussions with the Debtors and the Official Committee of Unsecured Creditors regarding these issues, and has provided proposed revisions to the ADR Procedures that would resolve the Ad Hoc Group's concerns and protect the rights of potential defendants while encouraging the consensual resolution of Estate claims. The Ad Hoc Group hopes to reach agreement with the Debtors and Committee on those proposed revisions. To the extent that the ADR Procedures need to be addressed at the Disclosure Statement stage, so that the solicitation version of the Plan includes ADR Procedures that do not violate due process, the Ad Hoc Group suggests that the parties promptly meet and confer on the proposed revisions. The Ad Hoc Group otherwise reserves all rights to object to the terms of the ADR Procedures in connection with confirmation of the Plan.

WHEREFORE, the Ad Hoc Group respectfully requests that this Court (i) condition approval of the Disclosure Statement on the Debtors' revision of the ADR Procedures

to comport with the due process rights of potential defendants; and (ii) granting such other relief as the Court deems appropriate.

Respectfully submitted,

Dated: August 3, 2023
      New York, New York

/s/ Deborah Kovsky-Apap
**TROUTMAN PEPPER HAMILTON SANDERS LLP**
Deborah Kovsky-Apap
875 Third Avenue
New York, New York 10022
Telephone: (212) 704-6000
Email: deborah.kovsky@troutman.com

*Counsel to the Ad Hoc Group of Withhold Account Holders and Other Transferees*

-5-