UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>CELSIUS NETWORK LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-10964 (MG)<br><br>(Jointly Administered) |

**JOINT SUPPLEMENTAL BRIEF OF THE DEBTORS AND TERRAFORM LABS PTE LTD. IN SUPPORT OF/RELATION TO THE MOTION OF TERRAFORM LABS PTE LTD. FOR LEAVE TO SERVE RULE 45 DOCUMENT SUBPOENA(S) ON DEBTORS**

Pursuant to this Court's *Order Requiring Additional Briefing Regarding the Motion of Terraform Labs PTE Ltd. for Leave to Serve Rule 45 Document Subpoena(s) on Debtors* [Docket No. 3135] (the "Order for Supplemental Briefing") for supplemental briefing that addresses the issues raised in *In re Residential Cap., LLC*, 480 B.R. 529 (Bankr. S.D.N.Y. 2012) [hereinafter *Residential*], the above-captioned debtors and debtors in possession (collectively, the "Debtors") and Terraform Labs PTE Ltd. ("TFL," and together with the Debtors, the "Parties") hereby respectfully jointly submit this supplemental brief (the "Joint Supplemental Brief")[2][3] requesting that the Court enter an order substantially in the form attached hereto as **Exhibit A** (the "Revised Order"): (a) permitting TFL to serve Debtor Celsius Network Inc., inclusive of any of its affiliates or subsidiaries within its control, which may include but is not limited to one or more of the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] Any capitalized term not otherwise defined herein shall have the meaning ascribed to it in the *Motion of Terraform Labs PTE Ltd. for Leave to Serve Rule 45 Document Subpoena(s) on Debtors* [Docket No. 3129] (the "Rule 45 Motion").

[3] All references herein to "section" or "§" are to sections of the Bankruptcy Code unless otherwise so stated.

1

Debtors with subpoena(s) under FRCP 45 seeking the Proposed Limited Discovery (as defined in the Rule 45 Motion) on unrelated claims that do not affect the Debtors; (b) confirming that the automatic stay permits TFL's Proposed Limited Discovery to be effectuated through the United States District Court for the Southern District of New York (the "District Court") under the circumstances; (c) confirming that it is unwarranted to extend the protections of § 362(a) through the Court's authority under § 105(a) or otherwise at this time;[4] (d) waiving the optional fourteen-day stay period after any such Revised Order is entered; and (e) granting such other relief as is just and equitable under the circumstances.

## PRELIMINARY STATEMENT

1. *Residential* stands for the proposition that although the automatic stay under § 362(a) does not, standing alone, protect the Debtors from discovery in third-party actions, the Court has the authority under § 105(a) to extend the protections of the automatic stay to preclude anyone seeking discovery from the Debtors under certain circumstances. 480 B.R. at 531. *Residential* provides six factors (the "*Residential* Factors") the Court should consider when determining whether to limit or permit discovery against the Debtors, and on what conditions. Given, among other things, the limited scope of the Proposed Limited Discovery, TFL's willingness to pay all reasonable costs associated with identification and production of the requested information, and that the Parties do not anticipate that production of the Proposed Limited Discovery will (i) be burdensome to the Debtors, their estates, or otherwise have any material impact on the Debtors' officers, directors, or other personnel, (ii) materially interfere with the administration of these chapter 11 cases, or (iii) raise or open issues likely to recur in seriatim

---

[4] Although the Debtors are not now seeking extension of the automatic stay and do not anticipate seeking such extension in the future, the Debtors nevertheless reserve their right to seek such extension by separate motion in the future.

2

cases, the Parties agree that the *Residential* Factors do not weigh in favor of such § 105(a) extension, which is unwarranted under the circumstances. Indeed, the Debtors have been working to gather the requested information on voluntary basis even before TFL filed its Rule 45 Motion and committed to substantially completing discovery by the end of August 2023.

2. TFL thus seeks authorization and confirmation from this Court that TFL may serve the Proposed Limited Discovery in accordance with the terms set forth in the Rule 45 Motion and herein. TFL also requests such Revised Order take effect immediately, as time is of the essence for TFL for all of the reasons set forth in the Rule 45 Motion and the *Terraform Labs PTE Ltd.'s Motion for Order Shortening Notice with Respect to Motion of Terraform Labs PTE Ltd. for Leave to Serve Rule 45 Document Subpoena(s) on Debtors* [Docket No. 3130] ("Motion to Expedite").

## ARGUMENT

3. "[B]y its terms, section 362(a) does not protect debtors in all circumstances." *Residential*, 480 B.R. at 536. In *Residential*, this Court accepted the movant's position that § 362(a) "does not, standing alone, protect the Debtors from discovery in third-party actions." *Id.* at 537; *see also* Rule 45 Motion at 9-10 (listing cases in support of this proposition). As explained in the Rule 45 Motion, no Debtor is a named defendant in the SEC Action, the SEC Action poses no potential detrimental effect to the Debtors, and the SEC Action is wholly unrelated to the Debtors. As such, there are sufficient grounds for this Court to determine that the relief requested herein does not run afoul of § 362(a).

4. Furthermore, for the reasons set forth below, due to the prejudice TFL would suffer if this Court extended the automatic stay under § 362(a) to prevent production, and because the *Residential* Factors do not weigh in favor of extending § 362(a) protections under § 105(a)

3

authority or otherwise, this Court should enter the Revised Order.

### I. *The Circumstances of* **Residential** *are Wholly Distinguishable from the Present Case.*

5. The circumstances here are wholly distinguishable from those before the Court in *Residential*. There, the discovery requested included 45,000+ loan files from the Debtors (which requested discovery was labeled as "extremely costly and burdensome to the Debtors" and would "distract the Debtors' employees from key tasks related to the restructuring and preservation of their business, and the costs associated with producing these files would adversely affect the value of the Debtors' estate and prejudice their creditors") – all for the purpose of prosecuting claims against the Debtors' non-debtor affiliates, as well as the Debtors' officers and directors. *See Residential*, 480 B.R. at 532-533, 535, and 537. Additionally, the Debtors in *Residential* opposed discovery and filed motions to enjoin the prosecution of their officers, directors, and non-debtor affiliates. *See id.* at 532. The circumstances of *Residential* are simply not analogous to the present case, where from the beginning, the Parties agreed to work cooperatively towards production of the Proposed Limited Discovery and there are unlikely to be recurring issues like those in *Residential*.

### II. *The Proposed Limited Discovery is Crucial to TFL's Defense in the SEC Action, and Exercise of § 105(a) Power Extending § 362(a) Protections to Limit or Preclude Production would Extremely Prejudice TFL.*

6. The Court has the authority under § 105(a) to extend the protections of the automatic stay to limit or preclude discovery from the Debtors under certain circumstances. *Residential*, 480 B.R. at 531. However, such extension of power is unwarranted here and would be detrimental to TFL's ability to defend itself in the SEC Action. As stated more fully in the Rule 45 Motion, (i) the Proposed Limited Discovery is crucial to TFL's defense in the SEC Action, (ii) TFL will experience extreme prejudice absent such discovery, (iii) not only is this evidence in the Debtors' possession, control, and/or custody, but TFL cannot obtain this evidence by any other

4

means, and (iv) production is not unreasonably burdensome to the Debtors or will not otherwise interfere with the Debtors' ability to reorganize.

    7.    Section 105(a) provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a). Although the Court in *Residential* concluded "that the power to stay discovery against the debtor is an essential attribute of the Court's power to administer a bankruptcy proceeding and carry out other enumerated powers under the Bankruptcy Code for the benefit of all parties in interest," the Court also acknowledged that "[t]he power to stay discovery against a debtor must be exercised cautiously, particularly where a stay of discovery may interfere with the prosecution or defense of third-party litigation pending in other courts." *Residential*, 480 B.R. at 539. In *Residential*, the Court also considered the FRCP 45 balancing test (*i.e.*, whether the burden of production "outweighs its likely benefit" (480 B.R. at 542)), which here does not weigh against production.

    8.    Thus, under the circumstances here, given that production is not particularly burdensome, exercise of § 105(a) power extending § 362(a) protections to limit or preclude production is unwarranted and would be extremely and needlessly detrimental to TFL and its defense in the SEC Action.

### III.  *The Residential Factors do not Weigh in Favor of Exercising § 105(a) Power to Extend § 362(a) Protections.*

9. Analysis of the present circumstances under the *Residential* Factors further weighs against exercising § 105(a) power to extend § 362(a) protections. The *Residential* Factors are as follows:

> (1) the scope of requested discovery;
> (2) the context in which the request arises;
> (3) the need for the discovery;
> (4) the timing of the discovery;
> (5) the burden on the debtors from the requested discovery; and
> (6) the expense of discovery and who should bear the cost.

*Residential*, 480 B.R. at 539. "No one factor is determinative, the six factors are interrelated, and they may overlap." *Id.*

10. Here, the *Residential* Factors simply do not weigh in favor of extension of § 105(a) authority. **Factor (1):** The scope of the Proposed Limited Discovery is narrowly tailored and not extensive. **Factor (2):** Neither the Debtors nor their non-debtor affiliates or the Debtors' officers or directors are in anyway involved in the SEC Action, save potential possession, control, and/or custody of the Proposed Limited Discovery requisite for TFL's defense. Furthermore, TFL has not filed a proof of claim, is not a creditor, customer, or shareholder of the Debtors, and does not intend to object to any proposed disclosure statement or plan. **Factor (3):** The Proposed Limited Discovery is crucial to TFL's theories of defense, and TFL's only access to the requested information is through the Debtors. **Factor (4):** Timing is of the essence for TFL, as (i) the time from issuance of the FRCP 45 subpoena(s) to the Debtors thorough expedited compliance by the Debtors will be at least seven (7) days unless the Debtors are able to cooperate more quickly, (ii) TFL's experts must have this data in time to perform their analysis in support of TFL's defense, and (iii) expert reports are currently due September 7, 2023, and the trial is set to begin shortly after November 30, 2023. **Factor (5):** The Parties do not anticipate that production of the

6

Proposed Limited Discovery will (i) be burdensome to the Debtors, their estates, or otherwise have any material impact on the Debtors' officers, directors, or other personnel, or (ii) materially interfere with the administration of these chapter 11 cases.  Moreover, neither TFL nor the Debtors believe production could threaten, frustrate, or thwart the Debtors' ability to reorganize.  **Factor (6):**  As TFL has volunteered to pay all reasonable costs associated with identification and production of the requested information, production of the Proposed Limited Discovery will not be detrimental to the Debtors' creditors or other parties in interest in these chapter 11 cases.

**CONCLUSION**

WHEREFORE, TFL respectfully requests entry of the Revised Order, substantially in the form attached hereto as **Exhibit A**: (a) permitting TFL to serve Debtor Celsius Network Inc., inclusive of any of its affiliates or subsidiaries within its control, which may include but is not limited to one or more of the Debtors with subpoena(s) under FRCP 45 seeking the Proposed Limited Discovery on unrelated claims that do not affect the Debtors; (b) confirming that the automatic stay permits TFL's Proposed Limited Discovery to be effectuated through the District Court under the circumstances; (c) confirming that it is unwarranted to extend the protections of § 362(a) through the Court's authority under § 105(a) or otherwise at this time; (d) waiving the optional fourteen-day stay period after any such Revised Order is entered; and (e) granting such other relief as is just and equitable under the circumstances.

Date: August 7, 2023

*/s/ Sarah M. Schrag*
**DENTONS US LLP**
Claude D. Montgomery
Sarah M. Schrag
Douglas W. Henkin
David L. Kornblau
1221 Avenue of the Americas
New York, New York 10020
Tel: (212) 768-6700
claude.montgomery@dentons.com
sarah.schrag@dentons.com
douglas.henkin@dentons.com
david.kornblau@dentons.com

Mark G. Califano
Matthew A. Lafferman (*pro hac vice* application forthcoming)
1900 K Street, NW
Washington, DC 20006-1102
Tel: (202) 496-7500
mark.califano@dentons.com
matthew.lafferman@dentons.com

*Counsel to Terraform Labs PTE Ltd.*

| | |
|---|---|
| Dated: August 7, 2023 | <u>*/s/ T.J. McCarrick*</u><br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C.<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone: (212) 446-4800<br>Facsimile: (212) 446-4900<br>Email: joshua.sussberg@kirkland.com<br><br>- and –<br><br>Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)<br>Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)<br>Christopher S. Koenig Dan Latona (admitted *pro hac vice*)<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Telephone: (312) 862-2000<br>Facsimile: (312) 862-2200<br>Email: patrick.nash@kirkland.com<br>           ross.kwasteniet@kirkland.com<br>           chris.koenig@kirkland.com<br>           dan.latona@kirkland.com<br><br>- and –<br><br>Judson Brown, P.C. (admitted *pro hac vice*)<br>T.J. McCarrick (admitted *pro hac vice*)<br>Leah Hamlin (admitted *pro hac vice*)<br>1301 Pennsylvania Avenue NW<br>Washington, D.C. 20004<br>Telephone: (202) 389-5000<br>Facsimile: (202) 389-5200<br>Email: judson.brown@kirkland.com<br>           tj.mccarrick@kirkland.com<br>           leah.hamlin@kirkland.com<br><br>*Counsel to the Debtors and Debtors in Possession* |

9

# CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2023, a true and correct copy of the foregoing *Joint Supplemental Brief of The Debtors and Terraform Labs PTE Ltd. in Support of/Relation to the Motion of Terraform Labs PTE Ltd. for Leave to Serve Rule 45 Document Subpoena(s) on Debtors* was caused to be served via the Court's CM/ECF system on all parties authorized to receive electronic notice in these chapter 11 cases.

Date:  August 7, 2023

*/s/ Sarah M. Schrag*
Sarah M. Schrag