**FOX ROTHSCHILD LLP**
101 Park Avenue, 17th Floor
New York, NY 10178
Telephone: (212) 878-7900
Facsimile: (212) 692-0940
Michael A. Sweet, Esq.
Michael R. Herz, Esq.

*Attorneys for Mawson Entities*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------- x
   In re                                                                   :
                                                                                 :   Chapter 11
   CELSIUS NETWORK LLC, *et al.*,[1]                  :
                                                                                 :   Case No. 22-10964 (MG)
                     Debtors.                    :
                                                                                 :   Jointly Administered
------------------------------------------------------------- x

**DECLARATION OF THOMAS B. HUGHES IN SUPPORT OF MOTION OF MAWSON INFRASTRUCTURE GROUP, INC., LUNA SQUARES LLC, AND COSMOS INFRASTRUCTURE FOR ENTRY OF AN ORDER PURSUANT TO FED.R.CIV.P. 60(b) GRANTING RELIEF FROM ORDER (I) AUTHORIZING THE DEBTORS TO ISSUE SUBPOENAS UNDER FEDERAL RULES OF BANKRUPTCY PROCEDURE 2004 AND 9016 TO MAWSON INFRASTRUCTURE GROUP IN., LUNA SQUARES, LLC, AND COSMOS INFRASTRUCTURE LLC AND (II) GRANTING RELATED RELIEF**

I, Thomas B. Hughes, declare under penalty of perjury as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

148165474.1

1.  I am the General Counsel[2] for Mawson Infrastructure Group, Inc. and serve in that role for its subsidiaries, including Luna Squares LLC ("Luna") and Cosmos Infrastructure LLC ("Cosmos") (collectively, the "Mawson Entities"), and I submit this Declaration based on my personal knowledge and review of pertinent documentation in support of the Mawson Entities' motion for entry of an order pursuant to Federal Rule of Civil Procedure 60(b) and 11 U.S.C. § 105(a), granting the Mawson Entities relief from the Court's *Order (I) Authorizing the Debtors to Issue Subpoenas Under Federal Rules of Bankruptcy Procedure 2004 and 9019 to Mawson Infrastructure Group, Inc., Luna Squares LLC, and Cosmos Infrastructure LLC and (II) Granting Related Relief* (the "Discovery Order") [Docket No. 3091], entered on July 26, 2023, in the form of either (i) vacating the Discovery Order, or (ii) modifying the Discovery Order to require the Debtors to properly issue and serve subpoenas while preserving the Mawson Entities' rights in responding or objecting thereto, and granting such further relief as the Court deems just and proper.

2.  The Debtors and the Mawson Entities are parties to various agreements, including a Customer Equipment Co-Location Agreement ("Co-Location Agreement") dated February 23, 2023, between Luna and the Debtor. Pursuant to the Co-Location Agreement, and following the expiration of forbearance agreements, the Debtors were obligated to make a payment of $1,689,387.43 to Luna on July 13, 2023 for operational costs at the facility hosting the Debtors' cryptocurrency mining equipment, which services Luna did perform. The operational costs for the facility are exorbitant. The monthly electricity bill alone for the Debtor averaged approximately $39,000 per day in June (equating to approximately $1,170,000 for the month). The monthly payments from the Debtors are thus necessary to maintain operations at the facility. The Debtors,

---

[2] I am authorized to engage in legal practice as a solicitor in the State of New South Wales, Australia, Law Society of NSW No. 50654. I am not admitted to practice in any other jurisdictions.

however, failed to make the July payment, placing great financial pressure on the Mawson Entities given the high cost of operating the facility. Prior to the Debtors' failure to pay the July payment under the Co-Location Agreement, the parties had engaged in discussions to attempt to resolve various commercial issues between the parties.

3. On the same day that the Debtor and Luna entered into the Co-Location Agreement, Luna also executed a Promissory Note in favor of the Debtor. The parties entered into lengthy discussions in the first half of 2023 to improve the security position of the Debtor, and to extend the August 23, 2023 maturity of the Promissory Note, as well as to assume and extend the Co-Location Agreement. However, the Debtor did not agree to assume and extend the Co-Location Agreement or extend the maturity of the Promissory Note (the Co-Location Agreement also has not been rejected as of the date hereof). In June 2023, Luna entered into discussions with the Debtor regarding a forbearance agreement in relation to payments of principal and interest that were due under the Promissory Note. The intent of the forbearance agreement was to allow time for commercial negotiation of the Co-Location Agreement and the Promissory Note for the mutual benefit of the Debtor and Luna. However, the Debtors' counsel insisted on imposing extremely onerous conditions on Luna in the forbearance agreement, which were not conducive to a commercial outcome (mutually beneficial or otherwise). Luna elected to instead pay the outstanding amounts due under the Promissory Note totaling $3,333,667.00 on July 18, 2023, and no amounts are presently due under the Promissory Note. However, the Debtor is in default of the Co-Location Agreement and continues to owe payments to Luna as of the date hereof.

4. The Mawson Entities received some informal discovery requests from the Debtors in June 2023. The Mawson Entities responded to most of these requests, but many of the requests

148165474.1

were unclear or inappropriate under the circumstances. As of the date hereof, the Mawson Entities have not received any formal discovery requests from the Debtor.

5. I understand that on July 26, 2023, the Court entered the Discovery Order on an *ex parte* basis, requiring the Mawson Entities to respond to certain document requests and interrogatories (the "Discovery Requests") attached as an exhibit to the Debtors' underlying *ex parte* motion within 14-days.

6. As of the date hereof and to the best of my knowledge, the Mawson Entities have not been served with the Discovery Requests.[3]

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: August 7, 2023

By: /s/ Thomas B. Hughes
Thomas B. Hughes
Level 5 97 Pacific Highway
North Sydney NSW 2060
AUSTRALIA

---

[3] I have been advised that a copy of the Discovery Order was mailed by Stretto to "Luna Squares, LLC c/o Michael Sweet, Fox Rothschild LLP" and was sent to 950 Railroad Avenue, Midland, PA which is not the location of Luna's (or any of the Mawson Entities) agent for service of process. Rather it is one of several operational sites for the Mawson Entities. The envelope containing the Discovery Order, but not the categories and requests of discovery sought, appears to have been left at the security shack in Midland, PA approximately a week after the date on the Discovery Order.

148165474.1