Honorable Chief Judge Glenn
United States Bankruptcy Court
Southern District of New York
Re: Support for Objections to Adequacy of Disclosure Statement and Request for CEL Token Class Formation -
Case No. 22-10964 (MG)
Doc 3118 and Doc 3084

Dear Chief Judge Glenn:

I am writing to express my general support for the objections raised by Mr. Santos Caceres and Mr. Otis Davis, Pro Se, in regards to the adequacy of the disclosure statement, The proposed settlement between Earn and Loans, and the request for the formation of a CEL Token class in the Chapter 11 bankruptcy case of Celsius Network LLC and its affiliated entities (Case No. 22-10964).

As a non-insider CEL token holder myself, I resonate with the concerns and frustrations raised by Mr. Caceres and Mr. Davis. The non-insider CEL Token group, to which I belong, has attempted to negotiate with the Unsecured Creditors Committee (UCC) to address legitimate grievances. Unfortunately, efforts have been met with a lack of transparency, refusal to communicate, and what appears to be a disregard for the interests of innocent CEL token holders.

The arguments presented by both Mr. Caceres and Mr. Davis are compelling and well-supported. Mr. Caceres highlights the distinct rights and interests of non-insider CEL Token creditors, which necessitate a separate class to ensure proper representation and fair treatment in the bankruptcy process. On the other hand, Mr. Davis raises the pivotal point that CEL Tokens do not meet the criteria of securities, as established by the recent ruling in the Ripple/XRP case by Justice Analisa Torres.

At the previous court date, Your Honor, you emphasized the importance of a fair fight, ensuring that Pro Se litigants are not left at a disadvantage when facing experienced lawyers. We deeply appreciate this sentiment and believe that a fair fight is exactly what we are seeking - a level playing field where the rights and interests of non-insider CEL Token holders are acknowledged and protected. It is evident that the petition date valuation of CEL Tokens was depressed and manipulated down via naked short selling by FTX and Alameda Research, we urge the court to find the true value of the CEL Token on the petition day which may be even higher than $0.81 cents.
Therefore, I respectfully request that the court consider the following actions:

1. Set aside and nullify the settlement made by the UCC, as it lacks any basis in fact or law, and schedule a valuation hearing to determine the proper petition date price for CEL Tokens.

2. Approve the formation of a CEL Token class, with professionals paid for by the estate, to conclusively resolve the valuation matters, allowing for equal
treatment and representation.

I believe that granting the relief sought in these objections will ensure fair and equitable treatment of CEL Token holders, as well as the rest of the creditors, fostering an
environment of transparency and justice in this bankruptcy case.

Thank you for your attention to this matter. I have confidence in your wisdom and commitment to upholding the principles of fairness and integrity in the proceedings.
Sincerely,

Eric Kimla