Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**JOINT REPLY TO THE LIMITED OBJECTION BY THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS TO THE JOINT STIPULATION
AND AGREED ORDER BETWEEN THE FEDERAL TRADE COMMISSION AND
THE DEBTORS TO ENTER INTO STIPULATED ORDER IN THE DISTRICT COURT**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") and

the Federal Trade Commission ("FTC" and, collectively with the Debtors, the "Parties") submit

this reply ("Reply") in support of the *Joint Stipulation and Agreed Order Between the Federal*

*Trade Commission and the Debtors to Enter into Stipulated Order in the District Court*

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[Docket No. 3095] (the "Bankruptcy Court Stipulation")[2] and in response to the *Limited Objection of the Official Committee of Unsecured Creditors to the Joint Stipulation and Agreed Order Between the Federal Trade Commission and the Debtors to Enter into Stipulated Order in the District Court* [Docket No. 3136] (the "Limited Objection") filed by the Official Committee of Unsecured Creditors (the "Committee"). In support of the Bankruptcy Court Stipulation, and in response to the Limited Objection, the Parties state the following.

### Reply

**I.      The Debtors' Position is that the Additional Language Requested by the Committee is Consistent with the Debtors' Understanding of the Agreement with the FTC.**

1.       On July 13, 2023, the Debtors entered into an agreement with the FTC—the "Stipulated Order"—which resolves all of the litigation between the FTC and the Corporate Defendants (including the Debtors). The Stipulated Order includes an agreement by the Debtors that the Monetary Judgment is against the Debtors and is nondischargeable—but the Monetary Judgment is also suspended against the Debtors, which suspension shall not be lifted except under certain limited circumstances which the Debtors do not expect to occur. Specifically, the suspension of the Monetary Judgment will only occur if these chapter 11 cases are "closed, dismissed, or otherwise concluded, in each case, without the estate(s) being fully administered, including any distributions to creditors, in accordance with the Bankruptcy Code." Stipulated Order at IV.D. The Stipulated Order is also clear that it "does not create a contingent liability against the Debtor Defendants and does not preclude the full distribution of assets held by the Debtor Defendants in the Bankruptcy Case." Stipulated Order at V.

---

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Bankruptcy Court Stipulation or the Stipulated Order (as defined in the Bankruptcy Court Stipulation).

2.      In the Limited Objection, the Committee requested that certain clarifying language (the "Committee Provision") be added to the Bankruptcy Court Stipulation, to make clear the interaction between the Stipulated Order and the Debtors' proposed chapter 11 plan (the "Plan"). Specifically, the Committee wants the FTC and the Debtors to include in their Bankruptcy Court Stipulation that, "Notwithstanding anything herein to the contrary, (1) the Monetary Judgment will not attach to the assets transferred to the new company created in connection with the Debtors' plan of reorganization ("NewCo") or NewCo itself, and (2) following the occurrence of the effective date with respect to such plan, the Debtors shall not be required to reserve any amounts to satisfy such Monetary Judgment."

3.      From the Debtors' perspective, the Committee's requested clarifications are consistent with the terms of the Stipulated Order. *First*, the Plan specifically provides that NewCo is not continuation of the Debtors, and that all assets transferred to NewCo are transferred free and clear of all claims, interests, and encumbrances.[3] Moreover, the suspension of the Monetary Judgment can only be lifted if the Debtors' estates are not fully administered, including

---

[3]    *See* the third revised *Joint Chapter 11 Plan of Reorganization of Celsius Network LLC and Its Debtor Affiliates* [Docket No. 3222], Art. IV.D.1 ("Except as otherwise provided in the Plan or the Plan Supplement, or in any agreement, instrument, or other document incorporated in the Plan, on the Effective Date, pursuant to sections 363, 1123(a)(5), and 1141(c) of the Bankruptcy Code: (1) all NewCo Assets shall be transferred to and vest in NewCo and/or its subsidiaries free and clear of all Liens, Claims, interests, charges, or other encumbrances, and (2) all other property in each Debtor's Estate, all Causes of Action (including all Recovery Causes of Action) that are not released, and any property acquired by any of the Debtors under the Plan shall vest in the applicable Post-Effective Date Debtor, free and clear of all Liens, Claims, Interests, charges, or other encumbrances. For the avoidance of doubt, (i) NewCo shall not assume, be deemed to have assumed, or be liable for any liabilities of any of the Debtors except as, and solely to the extent, expressly set forth herein; (ii) the NewCo Transactions are not, and shall not be deemed to be, a de facto merger of any of the Debtors and NewCo, or any Affiliates of the foregoing; (iii) NewCo is not, and shall not be deemed to be, a continuation of any of the Debtors, any Affiliates thereof, or any of their respective businesses or operations; and (iv) the NewCo Transactions have been entered into in good faith and not for any fraudulent purpose or to escape any liabilities of the Debtors. On and after the Effective Date, except as otherwise provided herein, NewCo and/or its subsidiaries and each Post-Effective Date Debtor (or the Plan Administrator or applicable Litigation Administrator) may operate its business in accordance with applicable Law and may use, acquire, or dispose of property and compromise or settle any Claims, Interests, or Causes of Action without supervision or approval by the Bankruptcy Court and free of any restrictions of the Bankruptcy Code or Bankruptcy Rules.").

distributions to creditors.  If the transactions contemplated by the Plan become effective and NewCo is created, distributions to the Debtors' creditors will commence and the Debtors' estates will be fully administered.  Accordingly, the suspension could not be lifted at that point, and NewCo could not be liable for the Monetary Judgment.  ***Second***, no reserve should be necessary because the Stipulated Order is clear that it "does not create a contingent liability against the Debtor Defendants and does not preclude the full distribution of assets held by the Debtor Defendants in the Bankruptcy Case."  A large reserve for the Monetary Judgment would preclude the Debtors from distributing assets in these chapter 11 cases.

4.      Accordingly, the Debtors support the modification of the Bankruptcy Court Stipulation to include the Committee Provision (or for clarifying comments to be made on the record at a hearing).  Following the filing of the Limited Objection, the Debtors discussed the inclusion of the Committee Provision with the FTC.

## II.     The FTC's Position Is That It Cannot Agree to the Committee Provision.

5.      The FTC's position is that it cannot agree to the Committee's proposed modification of the Bankruptcy Court Stipulation because it purports to add new terms and provisions to the Stipulated Order, even though the Commission has already approved the Stipulated Order by majority vote.  Under Section 4.14 of the FTC's Rules of Practice, 16 C.F.R. § 4.14(c), only a majority vote by the several FTC Commissioners can approve any settlement agreement.  The Debtors negotiated and signed the Stipulated Order, which the Commission approved and authorized staff to file along with the accompanying federal court complaint on July 13, 2023.  The Stipulated Order identifies with specificity the entities it binds: Corporate Defendants, defined as Celsius Network Inc., Celsius Network LLC, Celsius Networks Lending LLC, Celsius Lending LLC, Celsius Keyfi LLC, Celsius Mining LLC, Celsius US Holding LLC, Celsius US LLC, Celsius Management Corp., and their successors and assigns.  *See* Stipulated

Order Part B.1.  By asking the Debtors and FTC to agree that the Monetary Judgment will not "attach" to NewCo, the first proviso of the Committee's proposed modification essentially asks the FTC to stipulate that NewCo is not a "successor" or "assign" within the meaning of the Stipulated Order.  But whether NewCo, an entity not yet in existence, will be a "successor" or "assign" of one or more of the Debtors is not yet ripe.  Assuming such entity comes into existence, whether it is structured to be a successor or assign is a matter better addressed by the Plan and related documents, not the Commission-approved Stipulated Order or a subsequent stipulation characterizing the Commission-approved Stipulated Order.  The FTC has not included equivalent carve-outs for transferees under Section 363 or other entities potentially emerging from a Chapter 11 plan of reorganization in any previous settlement involving a pending bankruptcy petition, and FTC staff are not authorized to create such carve-outs after the fact.

6.    The FTC's position is that the second proviso of the Committee's proposed modification is unnecessary because the Stipulated Order provides that the Monetary Judgment "does not preclude the full distribution of assets held by the Debtor Defendants in the Bankruptcy Case," and the Monetary Judgment is suspended as to the Debtors unless the Bankruptcy Case is "closed, dismissed, or otherwise concluded, in each case, without the estate(s) being fully administered, including any distributions to creditors, in accordance with the Bankruptcy Code." The FTC supports efforts to maximize returns to consumer creditors through the bankruptcy process.

*[Remainder of page intentionally left blank]*

New York, New York
Dated: August 10, 2023

*/s/ Joshua A. Sussberg*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:          joshua.sussberg@kirkland.com

- and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200
Email:          patrick.nash@kirkland.com
                ross.kwasteniet@kirkland.com
                chris.koenig@kirkland.com
                dan.latona@kirkland.com

*Counsel to the Debtors and Debtors in Possession*

*/s/ Katherine Aizpuru*

**FEDERAL TRADE COMMISSION**
Katherine Johnson (admitted *pro hac vice*)
Katherine Aizpuru
600 Pennsylvania Ave., N.W.
Mail Stop CC-9528
Washington, District of Columbia 20580
Telephone:      (202) 326-2185 (Johnson)
Telephone:      (202) 326-2870 (Aizpuru)
Facsimile:      (202) 326-3197
Email:          kjohnson3@ftc.gov
                kaizpuru@ftc.gov

*Counsel for the Federal Trade Commission*

6