**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## SECOND NOTICE OF FILING OF PLAN SUPPLEMENT

**PLEASE TAKE NOTICE THAT** on July 28, 2023, Celsius Network LLC and its affiliated debtors and debtors in possession (collectively, the "Debtors") filed the *Notice of Filing of Plan Supplement* [Docket No. 3115] (the "First Notice of Plan Supplement")[2] to the *Joint Chapter 11 Plan of Reorganization of Celsius Network LLC and Its Debtor Affiliates* [Docket No. 3222] (as may be amended, supplemented, or otherwise modified from time to time, the "Plan"),[3] as set forth in the Plan and in accordance with the terms and conditions in the Plan Support Agreement.

**PLEASE TAKE FURTHER NOTICE THAT** the Debtors hereby file an addendum to the Plan Supplement (the "Second Notice of Plan Supplement" and, together with the First Notice of Plan Supplement, the "Plan Supplement"), which includes the following documents:

| Exhibit | Document |
|---|---|
| A | Schedule of Retained Causes of Action |
| B | Schedule of Equitably Subordinated Claims |
| C | Schedule of Excluded Parties |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] The First Notice of Plan Supplement had attached as Exhibit A: Schedule of Released and Exculpated Parties; and Exhibit B: Alternative Dispute Resolution Procedures.

[3] Capitalized terms not otherwise defined herein shall have the meaning given to them in the Plan or the *Disclosure Statement for the Joint Chapter 11 Plan of Reorganization of Celsius Network LLC and Its Debtor Affiliates* [Docket No. 3223] (as modified, amended, or supplemented from time to time, the "Disclosure Statement"), as applicable.

**PLEASE TAKE FURTHER NOTICE THAT** certain documents or portions thereof contained in the Plan Supplement remain subject to ongoing negotiations among the Debtors and interested parties with respect thereto.  The Debtors reserve all rights, subject to the terms and conditions set forth in the Plan and the Plan Support Agreement, to amend, revise, or supplement the Plan Supplement, and any of the documents and designations contained therein, at any time before the Effective Date of the Plan, or any such other date as may be provided for in the Plan or an order of the Bankruptcy Court.  Each of the documents contained in the Plan Supplement or its amendments are subject to certain content and approval rights to the extent provided in the Plan and the Plan Support Agreement.

**PLEASE TAKE FURTHER NOTICE THAT**, if you would like to obtain a copy of the Disclosure Statement, the Plan, or related documents, you should contact Stretto, Inc., the Claims, Noticing, and Solicitation Agent retained by the Debtors in these chapter 11 cases (the "Claims, Noticing, and Solicitation Agent"), by: (a) calling the Debtors' restructuring hotline at (855) 423-1530 (Toll Free) or +1 (949) 669-5873 (International); (b) e-mailing the Claims, Noticing, and Solicitation Agent at CelsiusInquiries@Stretto.com with a reference to "In re: Celsius - Solicitation Inquiry" in the subject line; or (c) writing to the Claims, Noticing, and Solicitation Agent at Celsius Inquiries, c/o Stretto 410 Exchange, Suite 100 Irvine, CA 92602. You may also obtain copies of any pleadings filed with the Court for free by visiting the Debtors' restructuring website, https://cases.stretto.com/Celsius/, or for a fee via PACER at:  http://pacer.psc.uscourts.gov.

*[Rest of page intentionally left blank]*

2

| | |
|---|---|
| New York, New York<br>Dated: August 13, 2023 | */s/ Joshua A. Sussberg*<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C.<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:     (212) 446-4800<br>Facsimile:      (212) 446-4900<br>Email:            joshua.sussberg@kirkland.com<br><br>- and -<br><br>Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)<br>Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)<br>Christopher S. Koenig<br>Dan Latona (admitted *pro hac vice*)<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Telephone:     (312) 862-2000<br>Facsimile:      (312) 862-2200<br>Email:            patrick.nash@kirkland.com<br>                      ross.kwasteniet@kirkland.com<br>                      chris.koenig@kirkland.com<br>                      dan.latona@kirkland.com<br><br>*Counsel to the Debtors and Debtors in Possession* |

**Exhibit A**

**Schedule of Retained Causes of Action**

Article IV.M of the *Joint Chapter 11 Plan of Reorganization of Celsius Network LLC and its Debtor Affiliates* [Docket No. 3222] (as may be amended, modified, revised, or supplemented from time to time, the "**Plan**")[1] provides that: "each Post-Effective Date Debtor shall retain [and] may enforce, all rights to commence and pursue, as appropriate, any and all Causes of Action, whether arising before or after the Petition Date, including any actions specifically enumerated in the Schedule of Retained Causes of Action. **The rights of the Litigation Administrator(s) and the Plan Administrator to commence, prosecute, or settle such Causes of Action shall be preserved notwithstanding the occurrence of the Effective Date, other than the Causes of Action released by the Debtors pursuant to the releases and exculpations contained in the Plan, including in Article VIII of the Plan;** *provided that*, **notwithstanding anything to the contrary in this Plan, Causes of Action included in the Schedule of Retained Causes of Action shall not be released pursuant to the Plan (even as to Released Parties) unless specifically provided therein**."

Article IV.M of the Plan further provides that: "**No Entity may rely on the absence of a specific reference in the Plan, the Plan Supplement, or the Disclosure Statement to any Cause of Action against it as any indication that the Debtors, the Plan Administrator, or any Litigation Administrator will not pursue any and all available Causes of Action against it. The Debtors and the Post-Effective Date Debtors (on behalf of themselves, the Plan Administrator, and the Litigation Administrator(s)) expressly reserve all rights to prosecute any and all Causes of Action against any Entity**."

Without limiting the generality of Article IV.M of the Plan, the Debtors identify the following types of Causes of Action that are expressly preserved by the Debtors and the Post-Effective Date Debtors after the Effective Date, solely to the extent such Causes of Action are not otherwise specifically released, settled, compromised, transferred, or assigned under the Plan or any other order of the Court.

The Debtors expressly reserve the right to alter, modify, amend, remove, augment, or supplement this Schedule of Retained Causes of Action at any time with additional Retained Causes of Action. Failure to include any Retained Cause of Action herein at any time shall not be a bar and shall not have any impact on the Post-Effective Date Debtors' and Litigation Administrators' rights to bring any Retained Cause of Action not otherwise released pursuant to the Plan.

**I.    Claims Against Third-Parties**

The Debtors and the Post-Effective Date Debtors expressly reserve all Causes of Action against all Persons or Entities that are not Released Parties, including Causes of Action that are (a) listed on Schedule 1 attached hereto; (b) based upon any contract or quasi-contract theory of liability or recovery; (c) based upon any tort theory of liability or recovery, including, without limitation, tortious interference with existing contracts, tortious interference with contractual or

---

[1] Capitalized terms used herein but not defined shall have the meanings given to such terms in the Plan.

business relations, conversion, theft, embezzlement, conspiracy, unfair competition, misappropriation of trade secrets, self-dealing, fraud, negligence, gross negligence, willful misconduct, breach of warranty, misappropriation, or misrepresentation; (d) based upon any other legal or equitable theory of liability or recovery arising under federal, state, or other statutory or common law or otherwise, including, without limitation, breach of fiduciary duty, breach of the duty of care, breach of the duty of good faith and fair dealing, breach of the duty of loyalty, breach of the duty of candor, breach of the duty of oversight, or breach of any other duty, or aiding and abetting any such breaches of duty; (e) arising under sections 362, 510, 542, 543, 544 through 550, or 553 of the Bankruptcy Code; (f) for avoidance, fraudulent transfer, and similar Causes of Action pursuant to the Bankruptcy Code, state or other federal statutes, or common law; (g) for recharacterization, subordination, or disallowance of any Claim, or for setoff, counterclaim, recoupment; (h) actions or inaction taken to affect the price or other matters related the CEL token; (i) arising from or relating to the failure to properly oversee and govern the Debtors' operations and finances, operational mismanagement, expenditures of company funds for personal use (including, but not limited to, self-dealing, kickbacks, and embezzlement), theft of company or customer property, improper and excessive compensation, improper and excessive benefits, improper dealings with companies owned or controlled by the Debtors' former equity holders (direct or indirect), officers, directors, members, managers, employees or agents, financial and accounting mismanagement and/or impropriety, or violations of employment agreements, company agreements, or other company policies; or (j) those claims and causes of action identified in the Complaint attached to the *Notice of Filing of Revised Proposed Complaint of the Official Committee of Unsecured Creditors* [Docket No. 2349].

## II. Contributed Claims

The Debtors and the Post-Effective Date Debtors expressly reserve all Contributed Claims, subject to the procedures identified in Articles IV.G and IV.O of the Plan and the ballots, which such Contributed Claims shall have been irrevocably contributed to the Post-Effective Date Debtors.

## III. Promoter Claims

Unless otherwise specifically released pursuant to the Plan, the Debtors and the Post-Effective Date Debtors expressly reserve all Causes of Action against public promoters, marketers, and advertisers of the Debtors who are not Released Parties as defined in the Plan for, among other things, false or deceptive marketing or advertising, false inducement of the Debtors' account holders, misleading or fraudulent claims, aiding and abetting breaches of fiduciary duty, and other claims or causes of action relating to any oral or written statements made in connection with the Debtors' platform or services.

## IV. Claims Against Professional Persons

Unless they are Released Parties or otherwise released pursuant to the Plan, the Debtors and the Post-Effective Date Debtors expressly reserve all Causes of Action against any outside attorneys, financial advisors, investment bankers, auditors, or other professional persons for any claims or causes of action, including, without limitation, negligence, malpractice, fraud,

2

misrepresentation, and aiding and abetting breaches of fiduciary duty in connection with services rendered to the Debtors.

### V. Avoidance Actions

Unless otherwise released by the Plan, including pursuant to the Account Holder Avoidance Action Settlement, the Debtors and the Post-Effective Date Debtors expressly reserve all Causes of Action that may be brought by or on behalf of the Debtors, the Post-Effective Date Debtors, their Estates, or other authorized parties in interest to avoid a transfer of property or an obligation incurred by the Debtors pursuant to any applicable section of the Bankruptcy Code, including sections 502, 510, 542, 544, 545, 547 through and including 553 of the Bankruptcy Code, and section 724(a) of the Bankruptcy Code, or under similar or related state or federal statutes or common law, including preference and fraudulent transfer laws. For the avoidance of doubt, all avoidance actions against entities that are not Account Holders or avoidance actions against Account Holders who are not acting in their capacity as Account Holders (*e.g.* as a lender) are not released and expressly preserved under the Plan irrespective of whether such entity is a Releasing Party as such term is defined in the Plan.

### VI. Claims Related to Insurance Policies

Unless otherwise released pursuant to the Plan, the Debtors and the Post-Effective Date Debtors expressly reserve all Causes of Action based in whole or in part upon any and all insurance contracts and insurance policies to which any Debtor or Post-Effective Date Debtor is a party or pursuant to which any Debtor or Post-Effective Date Debtor has any rights whatsoever, regardless of whether such contract or policy is specifically identified in the Plan, this Plan Supplement, or any amendments thereto, including, without limitation, Causes of Action against insurance carriers, reinsurance carriers, insurance brokers, underwriters, occurrence carriers, or surety bond issuers relating to coverage, indemnity, contribution, reimbursement, or any other matters.

### VII. Claims Related to Tax Refunds

Unless otherwise released pursuant to the Plan, the Debtors and the Post-Effective Date Debtors expressly reserve all Causes of Action against federal, state, local, or international taxing authorities based in whole or in part upon any and all tax obligations, tax credits, refunds, offsets, or other claims to which any Debtor or Post-Effective Date Debtor is a party or pursuant to which any Debtor or Post-Effective Date Debtor has any rights whatsoever, including, without limitation, against or related to all federal, state, local, or international taxing authorities that owe or that may in the future owe money related to tax obligations, tax credits, refunds, offsets, or other claims to the Debtors or the Post-Effective Date Debtors, regardless of whether such entity is specifically identified herein.

### VIII. Claims, Defenses, Cross-Claims, and Counter-Claims Related to Litigation and Possible Litigation, Including Adversary Proceedings

The Debtors and the Post-Effective Date Debtors expressly reserve all Causes of Action against or related to all Entities that are party to or that may in the future become party to litigation, arbitration, any adversary proceeding in these chapter 11 cases or any other type of adversarial

3

proceeding or dispute resolution proceeding, whether formal or informal or judicial or non-judicial, regardless of whether such Entity is specifically identified in the Plan, this Plan Supplement, or any amendments thereto, including, but not limited to, any claims against the Excluded Parties or any directors, officers, employees, managers, investment committee members, executive committee members, equity holders (regardless of whether such interests are held directly or indirectly), affiliated investment funds or investment vehicles, managed accounts or funds, predecessors, participants, successors, assigns, subsidiaries, affiliates, partners, limited partners, general partners, principals, members, management companies, fund advisors or managers, agents, trustees, advisory board members, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, or other professionals and/or advisors, or any other persons or entities affiliated with the Excluded Parties, or any of their respective Related Parties.

### IX.    Claims Related to Accounts Receivable and Accounts Payable

Unless otherwise released pursuant to the Plan, the Debtors and the Post-Effective Date Debtors expressly reserve all Causes of Action against or related to all vendors, suppliers of goods and services, or similar Entities that owe or that may in the future owe money to the Debtors or Post-Effective Debtors, regardless of whether such Entity is expressly identified in the Plan, this Plan Supplement, or any amendments thereto. Furthermore, the Debtors expressly reserve all Causes of Action against or related to all Entities who assert or may assert that the Debtors or Wind Down Debtors, as applicable, owe money to them.

### X.    Claims Related to Contracts and Leases

Unless otherwise released pursuant to the Plan, the Debtors and the Post-Effective Date Debtors expressly reserve all Causes of Action based in whole or in part upon any and all contracts and leases to which any Debtor or Post-Effective Date Debtor is a party or pursuant to which any Debtor or Post-Effective Date Debtor has any rights whatsoever, regardless of whether such Entity is expressly identified in the Plan, this Plan Supplement, or any amendments thereto, including without limitation all contracts and leases that are rejected by the Debtors, assumed pursuant to the Plan, or were previously assumed by the Debtors. The claims and Causes of Actions reserved include, without limitation, claims and Causes of Action against vendors, suppliers of goods or services, customers, landlords, utilities, promoters, banks, or any other parties, unless such claims or Causes of Action were previously released through the Plan or separate written agreement executed by the Debtors for, among other things: (a) overpayments, back charges, duplicate payments, improper holdbacks, deposits, warranties, guarantees, indemnities, recoupment, or setoff; (b) breach of contract, wrongful or improper termination, suspension of services or supply of goods, or failure to meet other contractual or regulatory obligations; (c) failure to fully perform or to condition performance on additional requirements under contracts with any one or more of the Debtors before the assumption or rejection, if applicable, of such contracts; (d) payments, deposits, holdbacks, reserves, or other amounts owed by any creditor, utility, supplier, vendor, insurer, surety, factor, lender, bondholder, lessor, or other party; (e) any liens, including mechanic's, artisan's, materialmen's, possessory, or statutory liens held by any one or more of the Debtors; (f) environmental or contaminant exposure matters against landlords, lessors, environmental consultants, environmental agencies, or suppliers of environmental services or goods; (g) counterclaims and defenses related to any contractual obligations; (h) any turnover

actions arising under section 542 or 543 of the Bankruptcy Code; (i) and unfair competition, interference with contract or potential business advantage, breach of contract, infringement of intellectual property, or any business tort claims.

**Schedule 1**

| Debtor | Defendant | Case Name & Number (if filed) | Court (if filed) | Nature of Action |
|---|---|---|---|---|
| Celsius Network Limited | Akshay Nayak | - | - | Current judgment entered against CNL in UK |
| Celsius Network Limited | Amber Technologies Limited | - | - | Breach of contract, commercial loan default action |
| Celsius Network Limited | BadgerDAO and Cloudflare, Inc. | - | - | Gross negligence regarding security of Badger platform |
| Celsius Network Limited | Bancor | - | - | Damages claim |
| Celsius Network Limited | B-Brick, Inc. | - | - | Breach of contract, commercial loan default action |
| Celsius Mining LLC | Beowulf Energy LLC | - | - | Breach of contract, negligence, turnover, and related claims arising from hosting agreements |
| Celsius Network Limited | Blockchain Access UK Ltd. | - | - | Breach of contract, commercial loan default action |
| Celsius Mining LLC | Core Scientific Inc. | *In re Core Scientific, et al.*, Case No. 22-90341 (DRJ) | U.S. Bankruptcy Court for the Southern District of Texas | Breach of contract, intentional misconduct. Proofs of Claim Nos. 379, 425, 428, 434, 436, 439, 469, 494–497, 526 |
| Celsius Network Limited | Equities First Holdings, LLC | - | - | Breach of contract, commercial loan default action, failure to return collateral, bad faith |
| Celsius Network Limited | EZ Blockchain Services, LLC | - | - | Breach of contract, turnover |
| Celsius Network Limited | Fabric Ventures Group SARL | *Celsius Network Limited v. Fabric* | U.S. Bankruptcy Court for the | Breach of contract |

6

| Debtor | Defendant | Case Name & Number (if filed) | Court (if filed) | Nature of Action |
|---|---|---|---|---|
| | | *Ventures Group SARL*, Case No. 22-10964 (MG) | Southern District of New York | |
| Celsius Network Limited | Fireblocks Inc. | - | - | Negligence, breach of contract |
| Celsius Network Limited | HDR Global Trading Limited t/a BitMEX | - | - | Negligence, fraud, market manipulation |
| Celsius Network Limited | Into the Block Corp | - | - | Gross negligence |
| Celsius Network Limited | Iterative OTC, LLC | - | - | Breach of contract, commercial loan default action |
| Celsius Network Limited | Jason Stone and KeyFi Inc | *Celsius Network Limited & Celsius KeyFi LLC v. Jason Stone & KeyFi Inc.*, Case No. 22-01139 (MG) | U.S. Bankruptcy Court for the Southern District of New York | Conversion, breach of contract, breach of fiduciary duties, turnover |
| Celsius Network Limited | Liquidity Technologies Ltd. t/a CoinFLEX | - | - | Breach of contract, commercial loan default action |
| Celsius Network Limited | Mambu Tech B.V. | - | - | Breach of contract, fraudulent inducement |
| Celsius Mining LLC  Celsius US Holding LLC (holder of note) | Mawson Infrastructure Group Inc.  Luna Squares LLC  Cosmos Infrastructure LLC | - | - | Breach of contract, bad faith, willful misconduct |
| Celsius Mining LLC | Nektar ACS Corp. | - | - | Breach of contract |
| Celsius Network Limited | Profluent Trading UK Ltd. | - | - | Breach of contract, commercial loan default action |

7

| **Debtor** | **Defendant** | **Case Name & Number (if filed)** | **Court (if filed)** | **Nature of Action** |
|---|---|---|---|---|
| Celsius Network Limited | Reliz Limited | - | - | Breach of contract, commercial loan default action<br><br>Collection of arbitration award in favor of Celsius |
| Celsius Mining LLC | Rhodium Enterprises, Inc. | - | - | Breach of SAFE note |
| Celsius Mining LLC | Sabre56 Corp. | - | - | Breach of contract |
| Celsius Network Limited | StakeHound SA | *Celsius Network Ltd. v. StakeHound SA*, Case No. 23-01138 (mg) | U.S. Bankruptcy Court for the Southern District of New York | Violation of the automatic stay, turnover, breach of contract, gross negligence |
| Celsius Network Limited | Tether International Ltd. | - | - | Breach of contract, liquidation of collateral at an improper discount to market |
| Celsius Network Limited | Three Arrows Capital | *In re Three Arrows Capital, Ltd.*, Case No. 22-10920 (MG) | U.S. Bankruptcy Court for the Southern District of New York | Loan default, insolvency proceeding |
| Celsius Network Limited<br>Celsius Network LLC | Voyager Digital Holdings, Inc. | *In re Voyager Digital Holdings, Inc.*, Case No. 22-10943 (MEW) | U.S. Bankruptcy Court for the Southern District of New York | Prepetition preferential transfers and related claims |
| Celsius Network Limited | Wintermute Trading Ltd. | - | - | Breach of contract, commercial loan default action |
| Celsius Network LLC | Bradley Condit | *Bradley Condit v. Celsius Network LLC & Yaron Shalem*, Case No. 22-cv-05452 (CS) | U.S. District Court for the Southern District of New York | Wrongful termination |
| Celsius Network LLC | Walter Johnson | - | - | Wrongful termination |

8

**Exhibit B**

**Schedule of Equitably Subordinated Claims**

Pursuant to the *Joint Plan of Reorganization of Celsius Network LLC and its Debtor Affiliates* [Docket No. 3222] (as may be amended, modified, revised, or supplemented from time to time, the "**Plan**"), all Claims held by the following Persons and any of their Related Parties shall be Equitably Subordinated Claims and shall receive the treatment provided to such claims under the Plan.[1]  **This Schedule of Equitably Subordinated Claims may be amended, modified, or supplemented by the Debtors and the Committee at any time prior to the deadline to file the Plan Supplement**.

- Alexander Mashinsky
- Shlomi Daniel Leon
- Hanoch "Nuke" Goldstein
- Bits of Sunshine LLC
- Four Thirteen LLC
- Alchemy Capital Partners LP
- AM Ventures Holding Inc.
- Koala 1 LLC
- Koala 2 LLC
- Koala 3 LLC
- Roni Cohen-Pavon
- Johannes Treutler
- Harumi Urata-Thompson

---

[1] Capitalized terms used herein but not defined shall have the meanings given to such terms in the Plan.

**Exhibit C**

**Schedule of Excluded Parties**

Pursuant to the *Joint Chapter 11 Plan of Reorganization of Celsius Network LLC and its Debtor Affiliates* [Docket No. 3222] (as may be amended, modified, revised, or supplemented from time to time, the "**Plan**"), in addition to any other Excluded Parties specifically enumerated in the Plan, the following parties and each of their Affiliates and Related Parties are Excluded Parties as such term is defined therein.[1]

The Excluded Parties shall not receive the protections of the Plan's release, injunction, or exculpation provisions.  **For the avoidance of doubt, no Excluded Party shall constitute a Released Party or Exculpated Party in any capacity and all claims against the Excluded Parties that are held by the Debtors or Holders of Claims and Interests are expressly preserved**.

**This Schedule of Excluded Parties may be amended, modified, or supplemented by the Debtors and the Committee at any time prior to the date the Confirmation Order is entered by the Court**.

|  | **SCHEDULE OF EXCLUDED PARTIES** |
|---|---|
| 1. | Adam Carver |
| 2. | Akshay Nayak |
| 3. | Alameda Research Ltd. |
| 4. | Alchemy Capital Partners LP |
| 5. | Alexander Christy |
| 6. | Alexander Mashinsky |
| 7. | Aliza Landes |
| 8. | AM Ventures Holding, Inc. |
| 9. | Amber Technologies Limited |
| 10. | Amir Ayalon |
| 11. | Amtrust Underwriters, Inc. on behalf of Associated Industries Insurance Company, Inc. |
| 12. | Anderson Tax |
| 13. | ANV Insurance |
| 14. | Aslihan Denizkurdu |
| 15. | Atlantic Insurance |
| 16. | Ayalon Insurance |
| 17. | BadgerDAO |
| 18. | Bancor |
| 19. | Battlestar Capital, LLC |
| 20. | B-Brick, Inc. |
| 21. | Benjamin Armstrong |

---

[1] Capitalized terms used herein but not defined shall have the meanings given to such terms in the Plan.

|     | **SCHEDULE OF EXCLUDED PARTIES** |
| --- | --- |
| 22. | Beowulf Energy LLC |
| 23. | Berkley Insurance Company |
| 24. | Beyond Associates LLC |
| 25. | BitBoy Crypto |
| 26. | Bits of Sunshine LLC |
| 27. | BJ Investment Holdings, LLC |
| 28. | Blockchain Access UK Ltd. |
| 29. | Bradley Condit |
| 30. | Chainanlysis Inc. |
| 31. | Circle Internet Financial, LLC |
| 32. | Circle UK Trading Company Limited |
| 33. | Cloudflare, Inc. |
| 34. | Coin Bureau |
| 35. | Core Scientific Inc. |
| 36. | Cosmos Infrastructure LLC |
| 37. | Crum and Forster Specialty Insurance Company |
| 38. | Crypto Lark |
| 39. | CryptoWendyO |
| 40. | Darren Yarwood |
| 41. | DeFiRate |
| 42. | Deloitte & Touche LLP |
| 43. | Deloitte Tax LLP |
| 44. | Dennis Reichelt |
| 45. | Ditto PR |
| 46. | Eddie Moon |
| 47. | Endurance American Insurance Company |
| 48. | European Media Finance LTD |
| 49. | Equities First Holdings, LLC |
| 50. | EZ Blockchain Services, LLC |
| 51. | Fabric Ventures Group Sarl |
| 52. | Falvey Insurance Group |
| 53. | Fireblocks Inc. |

| | SCHEDULE OF EXCLUDED PARTIES |
|---|---|
| 54. | Four Thirteen LLC |
| 55. | Frank Van Etten |
| 56. | FTX Trading Ltd. |
| 57. | Grant Thornton LLP |
| 58. | Guy Turner |
| 59. | Haines Watts London LLP |
| 60. | Hanoch "Nuke" Goldstein |
| 61. | Harumi Urata-Thompson |
| 62. | HDR Global Trading Limited (t/a BitMEX) |
| 63. | High Throughput Productions, LLC |
| 64. | Hudson Insurance Group |
| 65. | Indian Harbor Insurance Company |
| 66. | Into the Block Corp. |
| 67. | Invest Answers |
| 68. | Iterative OTC, LLC |
| 69. | James Mullarney |
| 70. | Jason Perman |
| 71. | Jason Stone |
| 72. | Jeremie Beaudry |
| 73. | Johannes Treutler |
| 74. | Julie La Point |
| 75. | KeyFi, Inc. |
| 76. | Koala1 LLC |
| 77. | Koala 2 LLC |
| 78. | Koala 3, LLC |
| 79. | Kost Forer Gabbay & Kasierer |
| 80. | KPMG Somekh Chaikin |
| 81. | Kristine Meehan Mashinsky (née Kristine M. Meehan) |
| 82. | Lark Davis |
| 83. | Liquidity Technologies Ltd. (t/a CoinFLEX) |
| 84. | Lloyds of London Republic Vanguard Insurance Company |
| 85. | Luna Squares LLC |

| | **SCHEDULE OF EXCLUDED PARTIES** |
|---|---|
| 86. | Mambu Tech B.V. |
| 87. | Markel Insurance |
| 88. | Mawson Infrastructure Group Inc. |
| 89. | Mazars LLP |
| 90. | MF Partners, Ltd. |
| 91. | Michael Alfred |
| 92. | Migdal Insurance Company |
| 93. | MVP Workshop d.o.o. Beograd-Zemun and its shareholders |
| 94. | Nektar ACS Corp. |
| 95. | Nyman Lipson Paul, LLP |
| 96. | Patrick Martin |
| 97. | Peter Graham |
| 98. | Prime Trust LLC |
| 99. | Profluent Trading UK Ltd. |
| 100. | QBE Insurance Company |
| 101. | Realm Insurance Company |
| 102. | Reliz Limited |
| 103. | Rhodium Enterprises, Inc. |
| 104. | Rod Bolger |
| 105. | Rodney Sunada-Wong |
| 106. | Ron Sabo |
| 107. | Roni Cohen-Pavon |
| 108. | Sabre56 Corp. |
| 109. | Shlomi Daniel Leon |
| 110. | StakeHound SA |
| 111. | Starstone Insurance |
| 112. | Subranmaniam Vijay Konduru |
| 113. | Tether International Ltd. |
| 114. | Tether Limited |
| 115. | The Wolf of Bitcoin |
| 116. | Three Arrows Capital Ltd. |
| 117. | Timothy Shedd |

| | **SCHEDULE OF EXCLUDED PARTIES** |
|---|---|
| 118. | Tom McCarthy |
| 119. | Tushar Nadkarni |
| 120. | United States Fire Insurance Company |
| 121. | USAStrong.io |
| 122. | Voyager Digital Holdings, Inc. |
| 123. | Walter Johnson |
| 124. | Wintermute Trading Ltd. |
| 125. | XL Specialty Insurance Company |
| 126. | Yarden Noy |
| 127. | Yaron Shalem |
| 128. | Zachary Wildes |
| 129. | Zen Blockchain Foundation (d/b/a Horizen) |
| 130. | Zurich Insurance Group |
| 131. | All auditors of the Debtors |
| 132. | All third-party public promoters, marketers, and advertisers of the Debtors, including parties with agreements with Celsius concerning payments for referrals. |
| 133. | All Entities identified on the Schedule of Retained Causes of Action or associated with the claims and causes of action preserved on the Schedule of Retained Causes of Action. |
| 134. | Unless otherwise released pursuant to the Plan, all Entities currently party to adversary proceedings in the Debtors' Chapter 11 Cases. |
| 135. | All mediate and intermediate transferees of such Excluded Parties. |
| 136. | All parties with outstanding prepetition litigation against any of the Debtors and/or any party subject to any actual or potential counterclaim by the Debtors. |
| 137. | All Professionals of the Debtors not expressly released under the Plan, including all law firms retained by the Debtors prior to the Petition Date other than (1) Kirkland & Ellis LLP, (2) Akin Gump Strauss Hauer & Feld LLP, (3) White & Case LLP, (4) A.M. Saccullo Legal LLC; and (5) any law firm list on the Debtors' *Statement of Amounts Paid by the Debtors to Ordinary Course Professionals* in these Chapter 11 Cases as of August 13, 2022 [Docket Nos. 1455; 1954; 2557; 3120]. For the avoidance of doubt any such law firms are not "current attorneys" of the Debtors and are not Released Parties under the Plan. |
| 138. | Any current or former director, officer, employee, independent contractor, professional, equity holder, contract counterparty, or other Entity associated with the Debtors that is not specifically identified as a Released Party, *provided* that all individuals who are employed by the Debtors on the date the Disclosure Statement Order is entered and that are not specifically identified as an Excluded Party on this Schedule of Excluded Parties (as such schedule may be amended prior to the date the Confirmation Order is entered) shall be Released and Exculpated except to the extent such employee is later arrested, indicted, or found liable by a court of competent jurisdiction of bad acts and omissions in connection |

5

| | **SCHEDULE OF EXCLUDED PARTIES** |
|---|---|
| | with his or her role with the Debtors, in which case any release provided in the Plan shall be null and void and all statutes of limitation shall be tolled during such time; *provided*, *further* that any current or former director, officer, employee, independent contractor, professional, equity holder, contract counterparty, or other Entity associated with the Debtors that is not specifically identified as a Released Party who subsequently enters into an agreement that includes a provision that they shall be identified as a Released Party shall be a Released Party. |
| 139. | Any Released Party that is later arrested, indicted, or found liable by a court of competent jurisdiction for bad acts or omissions in connection with his or her role with the Debtors, in which case any release provided by the Plan shall be null and void with respect to such employee and all statutes of limitations shall be tolled during such time. |
| 140. | Account Holder Avoidance Actions against Released Parties shall not be released unless released pursuant to the Account Holder Avoidance Action Settlement. |
| 141. | All Avoidance Actions against Entities that are not Account Holders. |
| 142. | All Affiliates and Related Parties of Excluded Parties |