Annemarie V. Reilly
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200

John J. Sikora (admitted *pro hac vice*)
Heather A. Waller (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700

*Special Counsel to the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## COVER SHEET TO THE THIRD INTERIM APPLICATION OF LATHAM & WATKINS LLP FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES INCURRED AS SPECIAL COUNSEL TO THE DEBTORS FOR THE PERIOD FROM <u>MARCH 1, 2023 THROUGH MAY 31, 2023</u>

In accordance with Rule 2016-1 of the Local Rules of Bankruptcy Procedure, incorporating

the *Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of*

*New York Bankruptcy Cases* [General Order M-447], among other guidelines (the "**Local**

**Guidelines**"), and the *First Amended Order (I) Establishing Procedures for Interim Compensation*

*and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief*, dated

December 19, 2022 [ECF No. 1745] (the "**Interim Compensation Order**"), and the *First*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Amended Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief*, dated June 8, 2023 [Docket No. 2779] (the "**Second Amended Interim Compensation Order**", collectively, the "**Interim Compensation Orders**"), Latham & Watkins LLP ("**L&W**"), special counsel for the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), submits this summary (this "**Summary**") of fees and expenses sought as actual and necessary in the fee application to which this Summary is attached (the "**Application**") for the period of March 1, 2023 through May 31, 2023 (the "**Fee Period**").

| *General Information* | |
| --- | --- |
| **Name of Applicant:** | Latham & Watkins LLP |
| **Role of Applicant:** | Special Counsel to Celsius Network LLC, *et al.* |
| **Authorized to Provide Services to:** | Celsius Network LLC, *et al.* |
| **Petition Date:** | July 13, 2022 |
| **Retention Date:** | September 16, 2022, effective as of July 13, 2022 |
| **Date of Order Approving Retention:** | September 16, 2022 [ECF No. 838] |

| *Summary of Fees and Expenses Requested for the Compensation Period* | |
| --- | --- |
| **Time Period Covered by This Application:** | March 1, 2023 through May 31, 2023 |
| **Total Compensation Requested:** | $207,593.50 |
| **Total Expenses Requested:** | $97.61 |
| **Total Compensation and Expenses Requested:** | $207,691.11 |

| *Summary of Past Requests for Compensation and Prior Payments* | |
|---|---|
| **Compensation Sought in This Application Already Paid Pursuant to a Compensation Order but Not yet Allowed:** | $0.00 |
| **Expenses Sought in This Application Already Paid Pursuant to a Compensation Order but Not yet Allowed:** | $0.00 |
| **Total Compensation and Expenses Sought in This Application Already Paid Pursuant to a Compensation Order but Not yet Allowed:** | $0.00[2] |

| *Summary of Rates and Other Related Information for the Compensation Period* | |
|---|---|
| **Blended Rate in This Application for All Partners, Counsel, and Associates:** | $1,042.00 |
| **Blended Rate in This Application for All Timekeepers:** | $936.00 |
| **Number of Professionals Included in This Application:** | 24 |
| **Difference Between Fees Budgeted and Compensation Sought for This Period:** | The fees sought are $244,504.97 less than budgeted.[3] |
| **Number of Professionals Billing Fewer Than 15 Hours During This Period:** | 20 |
| **Increase in Rates Since Date of Retention:** | As previously disclosed, L&W's standard billing rates were adjusted firm-wide on January 1, 2023. *See* ECF No. 1711. |

This is a(n):          ___ monthly          _X_ interim          ___ final application

---

[2]    L&W's filed its *Combined Sixth Monthly Fee Statement of Latham & Watkins LLP for Compensation for Services and Reimbursement of Expenses Incurred as Special Counsel to the Debtors for the Period from March 1, 2023 through May 31, 2023* [ECF No. 3240] on August 9, 2023.  The deadline for parties to respond/object is August 23, 2023.

[3]    As described in further detail in the Application, L&W did not provide a separate budget for the Fee Period and instead relied on the budget provided for the period of November 1, 2022 through February 28, 2023.  The total fees and expenses requested by L&W for the period of November 1, 2022 through May 31, 2023 is $244,504.97 less than the high end of the budgeted amount for the period of November 1, 2022 through February 28, 2023.

### Summary of Prior Monthly Fee Statements of Latham & Watkins LLP[4]

| Period Covered and ECF No. | Total Fees Requested | Total Expenses Requested | Total Fees and Expenses Requested | Fees Paid | Expenses Paid | Total Balance Remaining to be Paid |
|---|---|---|---|---|---|---|
| 7/13/2022 – 8/31/2022 ECF No. 1225 | $2,185,043.50 | $45,769.13 | $2,230,812.63 | $1,748,034.80 | $45,769.13 | $437,008.70 |
| 9/1/2022 – 9/30/2022 ECF No. 1523 | $1,439,199.00 | $41,532.13 | $1,480,731.13 | $1,151,359.20 | $41,532.13 | $287,839.80 |
| 10/1/2022 – 10/31/2022 ECF No. 1650 | $1,473,704.50 | $49,772.66 | $1,523,477.16 | $1,178,963.60 | $49,772.66 | $294,740.90 |
| 11/1/2022 – 12/31/2022 ECF No. 2135 | $3,180,606.75 | $100,201.79 | $3,280,808.54 | $2,544,485.40 | $100,201.79 | $636,121.35 |
| 1/1/2023 – 2/28/2023 ECF No. 2433 | $4,657,719.50 | $24,275.88 | $4,681,995.38 | $3,726,175.60 | $24,275.88 | $931,543.90 |
| 3/1/2023 – 5/31/2023 ECF No. 3240 | $207,593.50 | $97.61 | $207,691.11 | $0 | $0 | $207,691.11 |

---

[4]   As set forth in the Notice of Presentment of Proposed Supplemental Interim Compensation Order and Opportunity for Hearing filed on August 9, 2023 [ECF No. 3238], the Fee Examiner and L&W have, subject to the Court's approval, reached agreement on adjustments to L&W's first and second interim applications for compensation covering the periods of July 13, 2022 through October 31, 2022 and November 1, 2022 through February 28, 2023, respectively.  As set forth in Exhibit A to the proposed supplemental interim compensation order (the "**Proposed Supplemental Interim Compensation Order**"), the interim fees and expenses recommended for approval for the period of July 13, 2022 through October 31, 2022 are $4,716,876.00 and $14,558.93, respectively, and the interim fees and expenses recommended for approval for the period of November 1, 2022 through February 28, 2023 are $7,443,937.75 and $39,803.06, respectively.   The objection deadline with respect to the Proposed Supplemental Interim Compensation Order is August 30, 2023.

Annemarie V. Reilly
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone:  (212) 906-1200

John J. Sikora (admitted *pro hac vice*)
Heather A. Waller (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone:  (312) 876-7700

*Special Counsel to the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**THIRD INTERIM APPLICATION OF LATHAM & WATKINS LLP**
**FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF**
**EXPENSES INCURRED AS SPECIAL COUNSEL TO THE DEBTORS FOR**
**THE PERIOD FROM MARCH 1, 2023 THROUGH MAY 31, 2023**

Pursuant to sections 327, 330, and 331 of chapter 11 of title 11 of the United States Code

(the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure

(the "**Bankruptcy Rules**"), Rule 2016-1 of the Local Rules of Bankruptcy Procedure,

incorporating the *Amended Guidelines for Fees and Disbursements for Professionals in the*

*Southern District of New York Bankruptcy Cases* [General Order M-447], among other guidelines

(the "**Local Guidelines**"), the *United States Trustee's Guidelines for Reviewing Applications for*

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification
number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius
Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending
LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC
(9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service
address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases* effective as of November 1, 2013 (the "**U.S. Trustee Guidelines**," and together with the Local Guidelines, the "**Fee Guidelines**"), and the *First Amended Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief*, dated December 19, 2022 [ECF No. 1745] (the "**Interim Compensation Order**"), and the *First Amended Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief*, dated June 8, 2023 [Docket No. 2779] (the "**Second Amended Interim Compensation Order**", collectively, the "**Interim Compensation Orders**"), Latham & Watkins LLP ("**L&W**"), special counsel for the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), submits this *Third Interim Application of Latham & Watkins LLP for Compensation for Services and Reimbursement of Expenses Incurred as Special Counsel to the Debtors for the Period from March 1, 2023 through May 31, 2023* (this "**Application**"). By this Application, L&W seeks allowance of compensation for actual and necessary professional services rendered for the Debtors in the total amount of $207,593.50, and for reimbursement of actual, necessary disbursements that L&W incurred in connection with such services in the total amount of $97.61, for an aggregate total of $207,691.11 during the period of March 1, 2023 through May 31, 2023 (the "**Fee Period**").

### Jurisdiction

1. The United States Bankruptcy Court for the Southern District of New York (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

3.      On July 13, 2022 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their property as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b) [ECF No. 53].  On July 27, 2022, the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed an official committee of unsecured creditors (the "**UCC**") pursuant to section 1102 of the Bankruptcy Code [ECF No. 241].  On September 29, 2022, the Court entered an order appointing an examiner (the "**Examiner**") in the Debtors' chapter 11 cases [ECF No. 920].

4.      A description of the Debtors' businesses, the reasons for commencing the chapter 11 cases, and the relief sought from the Court to facilitate effective administration of these chapter 11 cases are set forth in the (a) *Declaration of Alex Mashinsky, Chief Executive Officer of Celsius Network LLC, in Support of Chapter 11 Petitions and First Day Motions* [ECF No. 23] and (b) *Declaration of Robert Campagna, Managing Director of Alvarez & Marsal North America, LLC, in Support of Chapter 11 Petitions and First Day Motions* [ECF No. 22].

5.      On October 20, 2022, the Court entered an order [ECF No. 1151] appointing Judge Christopher Sontchi to serve as the fee examiner (the "**Fee Examiner**") in these cases.  On December 19, 2022, the Court entered the *Amended Order Appointing Independent Fee Examiner and Establishing Related Procedures for the Review of Fee Applications of Retained Professionals* [ECF No. 1746].

6.      On December 19, 2022, the Court entered the Interim Compensation Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in these cases.[2]

### The Debtors' Retention of Latham & Watkins LLP

7.      On September 16, 2022, the Court entered the *Order Approving the Retention and Employment of Latham & Watkins LLP as Special Counsel to the Debtors Effective as of the Petition Date* [ECF No. 838] (the "**Retention Order**"), authorizing the Debtors to retain L&W to represent them in connection with various inquiries and investigations by federal and state regulators (collectively, the "**Investigations**").   More specifically, the Retention Order permits L&W to render the following services (collectively, the "**L&W Services**"):

    (a)      advising the Debtors as to their rights and obligations with respect to the Investigations;

    (b)      communicating with the regulators on the Debtors' behalf;

    (c)      analyzing and responding to document and information requests from regulators;

    (d)      researching and analyzing various legal issues related to the Investigations; and

    (e)      providing advice on certain regulatory questions and issues that may arise in the normal course of business.

8.      The Retention Order, which is attached hereto as **Exhibit B** and incorporated by reference, allows the Debtors to compensate and reimburse L&W in accordance with sections 330 and 331 of the Bankruptcy Code and the applicable provisions of the Bankruptcy Rules, the Local Rules, the Fee Guidelines, and any applicable procedures and orders of the Court.   The Retention

---

[2]      On June 8, 2023, the Court amended the Interim Compensation Order.   See ECF No. 2779, the *First Amended Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief.*

Order also authorizes the Debtors to compensate L&W at its hourly rates charged for services of this type and for the firm's actual, necessary expenses incurred in connection with the L&W Services rendered during the Fee Period.

### Compensation Paid and Its Sources

9.     All services during the Fee Period for which compensation is requested by L&W were performed for or on behalf of the Debtors and are for matters within the scope of L&W's retention as special counsel pursuant to the Retention Order.  Additionally, except for L&W's retention by the Debtors pursuant to the Retention Order, L&W has not received any payment or promises of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with matters covered by this Fee Application.  A certification confirming L&W's compliance with the Fee Guidelines is annexed hereto as **Exhibit A**.

10.     To the extent that billable time or disbursement charges for services rendered or expenses incurred relate to the Fee Period, but were not processed prior to the preparation of this Fee Application, L&W reserves the right to request compensation for such services and reimbursement of such expenses in a future fee application.

### Summary of Professional Compensation and Reimbursement of Expenses Requested

11.     During the Fee Period, L&W's professionals and paraprofessionals expended a total of 221.70 hours providing the L&W Services.  L&W has been able to provide these services efficiently and effectively by utilizing the expertise of professionals and paraprofessionals within relevant practice groups and ensuring that the level of seniority is commensurate with the assignment.  L&W, in connection with the services rendered on behalf of the Debtors during the Fee Period, respectfully requests allowance of reasonable compensation for such services rendered in the total amount of $207,593.50 and reimbursement of actual and necessary expenses incurred in the amount of $97.61, for an aggregate total of $207,691.11 for the Fee Period.

5

12.     Annexed hereto as **Exhibit C** is a list of the L&W professionals and paraprofessionals who provided services to the Debtors during the Fee Period, as well as each person's position with the firm, the hourly rate charged for their services, the number of hours worked on this matter, and other pertinent information.  **Exhibit D** annexed hereto is a list of the categories and the total fees and total hours expended by subject matter category.

13.     L&W engaged in ongoing discussions with the Debtors regarding budgeting and staffing issues prior to and throughout the chapter 11 cases.  L&W provided the Debtors with a budget and staffing plan for the period of November 1, 2022 through February 28, 2023 in accordance with the U.S. Trustee Guidelines. The total fees and expenses requested by L&W for the period from November 1, 2022 through May 31, 2023 was less than the high end of the budget for the period from November 1, 2022 through February 28, 2023.The budget and staffing plan for the period of November 1, 2022 through February 28, 2023 are annexed hereto as **Exhibit F** and **Exhibit G**, respectively.

14.     L&W maintains computerized, detailed time records of services rendered by its professionals and paraprofessionals during the Fee Period, which are organized by project category with a daily time log describing the time spent by each timekeeper, as well as an itemization of all disbursements incurred.  The detailed records for this Fee Period were appended to L&W's monthly fee statement[ECF No. 3240].

### Case Status

15.     From April 25, 2023 through May 24, 2023, the Debtors conducted an auction for the sale of substantially all of their assets.  On May 25, 2023, the Debtors filed the *Notice of Successful Bidder and Backup Bidder* [ECF No. 2713], which announced that the Debtors, in consultation with the UCC, selected Fahrenheit, LLC as the successful bidder.  On June 6, 2023,

the Debtors, the UCC, and Fahrenheit, LLC entered into a Plan Sponsor Agreement, which sets forth terms of the restructuring transactions contemplated by the successful bid.

16.     On August 9, 2023, the Debtors filed their third revised *Joint Chapter 11 Plan of Reorganization of Celsius Network LLC and Its Debtor Affiliates* [ECF 3222] (the "**Plan**") and the second revised *Disclosure Statement for the Joint Chapter 11 Plan of Reorganization of Celsius Network LLC and Its Debtor Affiliates* [ECF No. 3223] (the "**Disclosure Statement**").  At the hearing to consider approval of the Disclosure Statement held on August 14, 2023, the Debtors indicated that they intend to seek confirmation of the Plan in October 2023 and emerge from chapter 11 by the end of 2023.

## Summary of Services Rendered

17.     L&W provided complex and critical professional advice and representation in connection with the Investigations, including on an urgent basis and under significant time pressures.  Summaries of the services are detailed below in accordance with L&W's internal system of project categories:

US Investigations Work
Fees: $122,297.50, Total Hours: 121.80

- Under this project category, this project category, L&W performed services necessary to effectively represent the Debtors in connection with more than 20 separate U.S. regulatory and criminal investigations conducted by each of the United States Attorney's Office for the Southern District of New York, the U.S. Securities and Exchange Commission, the Commodity Futures Trading Commission, the Federal Trade Commission, and 19 regulatory bodies of at least 17 states. Specifically, L&W:

    o    Collected, reviewed, and produced documents in response to requests received from the regulators;

    o    Prepared responses and correspondence to the regulators;

    o    Appeared and prepared filings on the Debtors' behalf in regulatory proceedings;

    o    Prepared for and participated in meetings with the Debtors' and third party witnesses;

- o      Communicated with counsel for certain employee and third party witnesses;

- o      Coordinated internally and with vendor FTI Consulting and other retained counsel Kirkland & Ellis and Akin Gump to ensure that the numerous ongoing workstreams, including related to document collection and production, were handled efficiently and effectively;

- o      Drafted, revised, and maintained work product related to the Investigations;

- o      Coordinated with the Debtors' restructuring counsel and other advisors in connection with the foregoing; and

- o      Attended hearings and monitored the docket in the Debtors' chapter 11 cases in connection with the foregoing.

<u>Practice Support Services</u>
Fees: $5,550.00, Total Hours: 14.80

- •   Under this project category, L&W e-discovery paraprofessionals provided services related to the preservation, collection, review, and production of documents in connection with the Investigations. Specifically, L&W:

- o      Identified and resolved any potential technical issues during the collection, processing, review, and production of data;

- o      Implemented quality control processes to ensure the accuracy of production sets;

- o      Provided advice regarding the technical specifications and production formats required by regulators;

- o      Created and maintained records related to document review and production matters; and

- o      Coordinated with vendor FTI Consulting to ensure efficiencies and accuracy in the review and production of materials.

<u>L&W Fee Applications (post-January 1, 2023)</u>[3]
Fees: $75,542.00, Total Hours: 81.10

- •   Under this project category, L&W provided services related to L&W's compensation. Specifically, L&W:

- o      Reviewed time entries for privilege and confidentiality;

- o      Prepared L&W's fifth and sixth monthly fee statements;

---

[3]   At the request of the Fee Examiner, beginning January 1, 2023, L&W created a separate category for work related to its fee applications.

    o        Reviewed the Fee Examiner's confidential letter report on L&W's first and second interim fee applications, communicated internally regarding the same, and prepared responses to the same;

    o        Internally coordinated with respect to L&W's fee statements/applications and related matters; and

    o        Coordinated with the Debtors' restructuring counsel with respect to various compensation matters.

<u>L&W Retention and Disclosures (post-January 1, 2023)</u>[4]
Fees: $4,204.00, Total Hours: 4.0

- Under this project category, L&W provided services related to L&W's retention and related disclosures. Specifically, L&W:

    o        Prepared a supplemental declaration in support of L&W's retention and analyzed related matters; and

    o        Coordinated with the Debtors' restructuring counsel with respect to various retention matters.

**Actual and Necessary Expenses**

18.    As set forth in **Exhibit E** hereto, L&W has incurred or disbursed $97.61 in expenses in providing the L&W Services to the Debtors during the Fee Period. These expense amounts are intended to cover L&W's direct operating costs, which costs are not incorporated into the L&W hourly billing rates. Only clients for whom the services are actually used are separately charged for such services. The effect of including such expenses as part of the hourly billing rates would unfairly impose additional costs upon clients who do not require extensive photocopying, delivery, and other services. L&W charged the Debtors $0.10 per page for photocopying expenses.

19.    L&W has made every effort to minimize its expenses in the chapter 11 cases. The actual expenses incurred in providing professional services to the Debtors were necessary, reasonable, and justified under the circumstances to serve the needs of the Debtors and their estates.

---

[4]    At the request of the Fee Examiner, beginning January 1, 2023, L&W created a separate category for work related to its own retention application and related disclosures.

## **L&W's Requested Compensation and Reimbursement Should Be Allowed**

20.     Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation.  Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses."  11 U.S.C. § 330(a)(1).  Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent, and the value of such services, taking into account all relevant factors, including –
>
> (a)     the time spent on such services;
>
> (b)     the rates charged for such services;
>
> (c)     whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (d)     whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
>
> …..
>
> (f)     whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

21.     The foregoing professional services were performed by L&W in an efficient manner, were necessary and appropriate to the administration of the chapter 11 cases, and were in the best interests of the Debtors, their estates, and other parties in interest.  Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, issues, and tasks involved.  As required by the U.S. Trustee Guidelines, annexed

hereto as **<u>Exhibit H</u>** is a chart setting forth the comparative blended rates of the professionals and paraprofessionals who rendered services with a corresponding comparison of rates for professionals and paraprofessionals not involved in these chapter 11 cases.

<u>**Notice**</u>

22.     The Debtors will provide notice of this Application in accordance with the Interim Compensation Orders.  The Debtors submit that no other or further notice be given.

*[Remainder of Page Left Blank Intentionally]*

WHEREFORE, L&W, in connection with services rendered on behalf of the Debtors, respectfully requests allowance of reasonable compensation of such services rendered in the total amount of $207,593.50 and reimbursement of actual and necessary expenses incurred in the amount of $97.61, for an aggregate total of $207,691.11 for the Fee Period.

**LATHAM & WATKINS LLP**

Dated:    August 14, 2023
          New York, New York

By:    _/s/ Annemarie V. Reilly_
Annemarie V. Reilly
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
Telephone:  (212) 906-1200
Facsimile: (212) 751-4864
annemarie.reilly@lw.com

– and –

John J. Sikora (admitted pro hac vice)
Heather A. Waller (admitted pro hac vice)
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone:  (312) 876-7700
Facsimile: (202) 637-5910
john.sikora@lw.com
heather.waller@lw.com

*Special Counsel to the Debtors
and Debtors in Possession*

**<u>Exhibit A</u>**

**Certification of Compliance with Fee Guidelines**

Annemarie V. Reilly
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone:  (212) 906-1200

John J. Sikora (admitted *pro hac vice*)
Heather A. Waller (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone:  (312) 876-7700

*Special Counsel to the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**CERTIFICATION OF JOHN J. SIKORA JR. IN SUPPORT OF**
**THE THIRD INTERIM APPLICATION OF LATHAM & WATKINS LLP**
**FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF**
**EXPENSES INCURRED AS SPECIAL COUNSEL TO THE DEBTORS**
**FOR THE PERIOD FROM MARCH 1, 2023 THROUGH MAY 31, 2023**

I, John J. Sikora Jr., hereby certify that:

1.       I am a partner of the law firm of Latham & Watkins LLP ("**L&W**"), an international

law firm with offices across the United States, Europe, and Asia.  I am admitted, practicing, and a

member in good standing of the bar of the State of Illinois.  I am familiar with the work performed

by L&W on behalf of the above-captioned debtors and debtors in possession ("**Debtors**").

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

2.      I have reviewed the *Third Interim Application of Latham & Watkins LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Special Counsel to the Debtors for the Period from March 1, 2023 through May 31, 2023* (the "**Application**")[2] to certify to certain matters addressed in the (i) *First Amended Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief*, dated December 19, 2022 [ECF No. 1745] (the "**Interim Compensation Order**"), (ii) the *First Amended Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief*, dated June 8, 2023 [Docket No. 2779] (the "**Second Amended Interim Compensation Order**"), (iii) Rule 2016-1 of the Local Rules of Bankruptcy Procedure, incorporating the *Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York Bankruptcy Cases* [General Order M-447] (the "**Local Guidelines**"), and (iv) the United States Trustee's *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases* effective as of November 1, 2013 (the "**U.S. Trustee Guidelines,**" and together with Local Guidelines, the "**Fee Guidelines**").  The Application covers the period March 1, 2023 through May 31, 2023 (the "**Fee Period**").

3.      To the best of my knowledge, information and belief, the statements contained in the foregoing Application are true and accurate in all material respects and comply with the Fee Guidelines in material part.  L&W responds to the questions identified in the U.S. Trustee Guidelines as follows:

> Question 1: Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees, or terms for services pertaining to this engagement that were provided during the application period?  If so, please explain.

---

[2]      Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

Answer: No.

Question 2: If the fees sought in the Application as compared to the fees budgeted for the time period covered by the Application are higher by 10% or more, did you discuss the reasons for the variation with the client?

Answer: The fees sought in the Application are $244,504.97 less than budgeted.[3]

Question 3: Have any of the professionals included in the Application varied their hourly rate based on geographic location of the bankruptcy case?

Answer: No.

Question 4: Does the Application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices (other than for privileged or confidential information)?

Answer: No.

Question 5: Does the Application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify hours and fees.

Answer: The Application includes approximately 18.50 hours and $19,114.00 in fees related to reviewing time records to redact any privileged or other confidential information, particularly in light of the confidential nature of certain of the Investigations. This amount represents less than 10% of the aggregate amount of the fees requested.

Question 6: Did the Application include any rate increases since retention in these cases?

Answer: As previously disclosed, L&W's standard billing rates were adjusted firm-wide on January 1, 2023. *See* ECF No. 1711.

Question 7: Did the client agree when retaining L&W to accept all future rate increases? If not, did L&W inform the client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458?

---

[3]    As described in further detail in the Application, L&W did not provide a separate budget for the Fee Period and instead relied on the budget provided for the period of November 1, 2022 through February 28, 2023. The total fees and expenses requested by L&W for the period of November 1, 2022 through May 31, 2023 is $244,504.97 less than the high end of the budgeted amount for the period of November 1, 2022 through February 28, 2023.

<u>Answer</u>: The client was informed of L&W's rates and future rate increases as part of its approval of L&W's retention application.

Dated:    August 14, 2023
          Chicago, IL

                                        By:    */s/ John J. Sikora Jr.*_____
                                               John J. Sikora Jr.
                                               Partner
                                               Latham & Watkins LLP

**Exhibit B**

**Retention Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

## ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF LATHAM & WATKINS LLP AS SPECIAL COUNSEL TO THE DEBTORS EFFECTIVE AS OF THE PETITION DATE

Upon the application (the "Application," ECF Doc. # 363)[2] of the above-captioned debtors

and debtors in possession (collectively, the "Debtors") for entry of an order pursuant to section

327(e) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and

2016-1 authorizing the Debtors to retain Latham & Watkins LLP ("L&W") as special counsel to

the Debtors with respect to the L&W Services, effective as of the Petition Date, all as more fully

set forth in the Application; and upon the Sikora Declaration and the Ferraro Declaration; and this

Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended*

*Standing Order of Reference* from the United States District Court for the Southern District of

New York, entered February 1, 2012; and this Court having the power to enter a final order

consistent with Article III of the United States Constitution; and this Court having found that

venue of the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and

this Court having found that the Debtors' notice of the Application and opportunity for a hearing

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

[2]     Capitalized terms used but not defined in this Order shall have the meanings ascribed to them in the Application.

on the Application were appropriate under the circumstances and no other notice need be provided; and the Court having determined that the relief sought in the Application is in the best interests of the Debtors, their creditors, and all parties in interest, and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1.      The Application is approved as set forth herein.

2.      Pursuant to section 327(e) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1, the Debtors are authorized to retain L&W as special counsel to the Debtors with respect to the L&W Services, effective as of the Petition Date, and L&W is authorized to perform the L&W Services described in the Application.

3.      L&W shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the L&W Services in the Debtors' Chapter 11 Cases in compliance with sections 330 and 331 of the Bankruptcy Code and the applicable provisions of the Bankruptcy Rules, the Local Rules, the Fee Guidelines, and any applicable procedures and orders of the Court.

4.      Prior to any increase in L&W's rates for any individual providing services in the Chapter 11 Cases, L&W shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtors, the United States Trustee, and any official committee.  The supplemental affidavit shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtors have consented to the rate increase.  The United States Trustee retains all rights to object to any rate increase on all

grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code.

5.    L&W shall apply any remaining amounts of the Fee Advance as a credit toward postpetition fees and expenses, after such postpetition fees and expenses are approved pursuant to the first order of the Court awarding fees and expenses to L&W.  L&W is authorized without further order of the Court to apply amounts from the Fee Advance that would otherwise be applied toward payment of postpetition fees and expenses as are necessary and appropriate to compensate and reimburse L&W for fees or expenses incurred prior to the Petition Date consistent with its ordinary course billing practice.

6.    L&W shall use its best efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in the Chapter 11 Cases.

7.    For the avoidance of doubt, and to resolve an informal objection raised by the Office of the United States Trustee, L&W will not represent Blockchain Access UK Ltd. in any matter adverse to the Debtors, nor will L&W perform services for any of the Debtors that relate to any claim or cause of action that the Debtors may have against Three Arrows Capital, Ltd.; such matters will be handled by the Debtors' general bankruptcy counsel, Kirkland & Ellis, LLP or such other counsel as may be retained by the Debtors.

8.    To the extent that the Court does not grant certain of the relief requested in the *Debtors' Ex Parte Motion Pursuant to Section 107 of the Bankruptcy Code Seeking Entry of an Order (I) Authorizing the Debtors to Redact Certain Personally Identifiable Information from the Creditor Matrix, Schedules and Statements, and Related Documents and (II) Granting Related Relief* (ECF Doc. # 344) or other motion seeking to authorize the sealing of information, the Debtors shall file, as soon as reasonably practicable thereafter, unredacted versions of any

declaration or other supplemental disclosure to the extent necessary to comply with such rulings by the Court.

9.      In the event of any inconsistency between the Application, the Sikora Declaration, the Engagement Letter, and this Order, the terms of this Order shall govern.

10.     Notice of the Application as provided therein is good and sufficient notice of such Application and the requirements of Bankruptcy Rule 6004(h) and the Local Rules are satisfied by such notice.

11.     Notwithstanding any provision in the Bankruptcy Rules to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

12.     The Debtors are authorized to take all reasonable actions necessary to effectuate the relief granted in this Order in accordance with the Application.

13.     This Court retains exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order. For the avoidance of doubt, to the extent this Court has or retains jurisdiction over any matter under this Paragraph 12, including any disputes relating to the L&W Services, such disputes shall be resolved by this Court notwithstanding any provision to the contrary in the Engagement Letter, and 28 U.S.C. § 1334(e)(2) shall govern the forum for resolving any fee disputes.


**IT IS SO ORDERED.**

Dated:  September 16, 2022
        New York, New York


                                    _____/s/ Martin Glenn_____
                                        MARTIN GLENN
                                Chief United States Bankruptcy Judge

**<u>Exhibit C</u>**

**Professional and Paraprofessional Fees for Fee Period**

| Name of Professional Individual | Position; Date of Hire; Year of Obtaining Relevant License to Practice | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Sikora Jr., John | Partner; joined firm in 2014; member of Illinois bar since 1993 | $1,690.00 | 0.80 | $1,352.00 |
| McNeily, Jack | Partner; joined firm in 2018; member of Illinois bar since 2019, member of New York bar since 2014 | $1,390.00 | 14.10 | $19,599.00 |
| Waller, Heather | Partner; joined firm in 2011; member of Illinois bar since 2010 | $1,390.00 | 2.60 | $3,614.00 |
| Reilly, Annemarie | Counsel; joined firm in 2009; member of New York bar since 2010 | $1,460.00 | 1.60 | $2,336.00 |
| Fox, Jon | Associate; joined firm in 2018. England and Wales (Solicitor) since 2015 | $1,305.00 | 0.70 | $913.50 |
| Belmonte, Celia | Associate; joined firm in 2019; member of New York bar since 2017 | $1,250.00 | 7.50 | $9,375.00 |
| Valenti, Matthew | Associate; joined firm in 2016; member of New York bar since 2017 | $1,250.00 | 11.10 | $13,875.00 |
| Lee, Kirsten | Associate; joined firm in 2019; member of Illinois bar since 2018 | $1,140.00 | 21.20 | $24,168.00 |
| Hazen, Nicholas | Associate; joined firm in 2019; member of New York bar since 2020 | $1,065.00 | 12.60 | $13,419.00 |
| Zenzerovich, Laura | Associate; joined firm in 2019; member of Illinois bar since 2019 | $1,065.00 | 6.20 | $6,603.00 |
| Davis, Alicia | Restructuring Attorney; joined firm in 2019; member of California bar since 2019, member of Illinois bar since 2009 | $980.00 | 54.10 | $53,018.00 |
| Malo, Ryan | Associate; joined firm in 2022; member of District of Columbia bar since 2021, member of Pennsylvania bar since 2021 | $960.00 | 6.70 | $6,432.00 |

| Name of Professional Individual | Position; Date of Hire; Year of Obtaining Relevant License to Practice | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Ramakrishnan, Nayanthika | Associate; joined firm in 2021; member of New York bar since 2022 | $960.00 | 16.10 | $15,456.00 |
| Reid, Lachanda | Associate; joined firm in 2021; member of Illinois bar since 2021 | $830.00 | 5.20 | $4,316.00 |
| Gissendanner, Gwendolyn | Associate; joined firm in 2022; member of Illinois bar since 2022 | $705.00 | 10.70 | $7,543.50 |
| Levy, Mariah | Associate; joined firm in 2022; member of Illinois bar since 2022 | $705.00 | 5.90 | $4,159.50 |
| Zhao, Zeyu (Richard) | Associate; joined firm in 2022; member of Illinois bar since 2021 | $705.00 | 4.80 | $3,384.00 |
| Barr, Kristina | Senior Paralegal; joined firm in 2002 | $570.00 | 3.30 | $1,881.00 |
| Lingren, Kyle A. | Financial Analyst; joined firm in 2021. | $530.00 | 2.90 | $1,537.00 |
| Tarrant, Christopher | Senior Paralegal; joined firm in 2022 | $490.00 | 15.80 | $7,742.00 |
| Fane, Lauren | Senior Paralegal; joined firm in 2015 | $440.00 | 3.00 | $1,320.00 |
| Chau, Kin Man | Practice Technology Project Manager; joined firm in 2021 | $375.00 | 1.80 | $675.00 |
| Stansall, Christine | Practice Technology Project Manager; joined firm in 2021 | $375.00 | 12.10 | $4,537.50 |
| Tildon, Brian | Practice Technology Project Manager; joined firm in 2021 | $375.00 | 0.90 | $337.50 |
| **TOTAL** | | | **221.70** | **$207,593.50** |

3

**<u>Exhibit D</u>**

**Fees by Project Category for Fee Period**

| Project Category | Total Hours | Total Fees |
|---|---|---|
| L&W Fee Applications | 81.10 | $75,542.00 |
| L&W Retention Application and Disclosures | 4.00 | $4,204.00 |
| Practice Support Services | 14.80 | $5,550.00 |
| US Investigations | 121.80 | $122,297.50 |
| **TOTAL** | **221.70** | **$207,593.50** |

**Exhibit E**

**Expense Summary**

| Expense Category | Total Expenses |
|---|---|
| Court Research | $13.90 |
| Messenger/Courier | $83.71 |
| **TOTAL** | **$97.61** |

**<u>Exhibit F</u>**

**L&W Budget by Project Category for the Fee Period**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

## BUDGET FOR LATHAM & WATKINS LLP, SPECIAL COUNSEL TO THE DEBTORS, FOR THE PERIOD FROM NOVEMBER 1, 2022 THROUGH FEBRUARY 28, 2023[2]

| PROJECT CATEGORY | ESTIMATED HOURS | ESTIMATED FEES[3] |
|---|---|---|
| US Investigations | 5,000 – 8,000 | $5,100,000 – $8,160,000 |
| Retention and Fee Applications | 150 – 250 | $153,000 – $255,000 |
| **TOTAL** | **5,150 – 8,250** | **$5,253,000 – $8,415,000** |

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

[2]   As described in further detail in the Application, L&W did not provide a separate budget for the Fee Period and instead relied on this budget, which was provided for the period of November 1, 2022 through February 28, 2023. .

[3]   The estimated fees for each project category were calculated by multiplying the estimated number of hours by $1,020, which is the average hourly rate for the L&W attorneys expected to work on the matter during the budget period as set forth in the accompanying staffing plan.

**Exhibit G**

**L&W Staffing Plan for the Fee Period**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**STAFFING PLAN FOR LATHAM & WATKINS LLP,**
**SPECIAL COUNSEL TO THE DEBTORS, FOR THE PERIOD**
**FROM NOVEMBER 1, 2022 THROUGH FEBRUARY 28, 2023[2]**

| CATEGORY OF TIMEKEEPER | NUMBER OF TIMEKEEPERS EXPECTED TO WORK ON THE MATTER[3] | APPROXIMATE HOURLY RATE |
|---|---|---|
| Partners | 3 | $1,375 |
| Counsel | 1 | $1,360 |
| Associates | 13 | $915 |
| Professional Staff | 3 | $615 |
| Paralegals | 3 | $465 |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

[2] As described in further detail in the Application, L&W did not provide a separate staffing plan for the Fee Period and instead relied on this staffing plan, which was provided for the period of November 1, 2022 through February 28, 2023.

[3] These numbers reflect the timekeepers expected to bill at least 15 hours to these chapter 11 cases during the budget period.

**Exhibit H**

**Customary and Comparable Compensation Disclosures for the Fee Period**

| Category of Timekeeper | Blended Hourly Rate | |
|---|---|---|
| | Billed Firm-Wide for Preceding Year (2022)[1] | Billed March 1, 2023 through May 31, 2023 |
| Partner | $1,496 | $1,404 |
| Counsel | $1,277 | $1,460 |
| Senior Associate (7 years or more since first admission) | $1,175 | $1,185 |
| Mid-Level Associate (4-6 years since first admission) | $1,014 | $1,080 |
| Junior Associate (0-3 years since first admission) | $758 | $783 |
| Professional Staff | $470 | $400 |
| Paraprofessionals | $451 | $495 |
| **All Timekeepers Aggregated** | **$1,114** | **$936** |

---

[1]    The billable rates for L&W attorneys are adjusted on January 1 of each year.  The data in this column excludes 2022 blended hourly rate information for members of the Restructuring and Special Situations practice group.