**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, New York 10104
Tel: 212-390-9000
Email:  jselendy@selendygay.com
         fgay@selendygay.com
         tagangawilliams@selendygay.com
         cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

## <u>NOTICE OF SECOND INTERIM FEE APPLICATION</u>

**TO:** the Debtors; counsel to the Debtors; the U.S. Trustee; counsel to the Fee Examiner; the Fee Examiner; and all parties requesting notice pursuant to Bankruptcy Rule 2002.[2]

    **PLEASE TAKE NOTICE** that Selendy Gay Elsberg PLLC has filed the attached *Second Interim Fee Application of Selendy Gay Elsberg PLLC for Compensation for Services Rendered and Reimbursement of Expenses as Co-Counsel to the Official Committee of Unsecured Creditors of Celsius Network LLC, et al., for the Period from March 1, 2023 through June 30, 2023* (the "**Application**").

    **PLEASE TAKE FURTHER NOTICE** that, if any party other than the U.S. Trustee or the Fee Examiner wishes to file a response or objection to the Application, any such responses or objections must be filed on or before **September 5, 2023 at 12:00 p.m. (Prevailing Eastern**

---

[1]  The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these Chapter 11 Cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2]  Capitalized terms used, but not defined, in this notice shall have the meaning ascribed to them in the attached Application.

**Time).** At the same time, you must serve a copy of the objection or response on the undersigned attorneys.

      **PLEASE TAKE FURTHER NOTICE** that the U.S. Trustee and the Fee Examiner shall be entitled to review, and potentially object to, the Application by a later date pursuant to the fee review schedule set forth in the *Amended Order Appointing Independent Fee Examiner and Establishing Related Procedures For the Review of Fee Applications of Retained Professionals* [Docket No. 1746] or otherwise.

      **PLEASE TAKE FURTHER NOTICE** that if any objections are timely filed in accordance with this Notice, a hearing on the Application will be held at a date and time convenient to the Court.

      **PLEASE TAKE FURTHER NOTICE** THAT IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED BY THE APPLICATION WITHOUT FURTHER NOTICE OR HEARING.

Dated:   August 14, 2023           Respectfully submitted,
        New York, New York

                            */s/ Jennifer M. Selendy*
                            **SELENDY GAY ELSBERG PLLC**
                            Jennifer M. Selendy
                            Faith E. Gay
                            Temidayo Aganga-Williams
                            Claire O'Brien
                              1290 Avenue of the Americas
                            New York, New York 10104
                            Tel: 212-390-9000
                            jselendy@selendygay.com
                            fgay@selendygay.com
                            tagangawilliams@selendygay.com
                            cobrien@selendygay.com

                            *Co-Counsel to the Official Committee of*
                            *Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

## COVER SHEET FOR SECOND INTERIM FEE APPLICATION OF SELENDY GAY ELSBERG PLLC FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS <u>FOR THE PERIOD OF MARCH 1, 2023 THROUGH JUNE 30, 2023</u>

| | |
|---|---|
| **Name of Applicant:** | Selendy Gay Elsberg PLLC |
| **Name of Client:** | Official Committee of Unsecured Creditors |
| **Petition Date:** | July 13, 2022 |
| **Retention Date:** | March 16, 2023 <br> *Effective as of* January 8, 2023 |
| **Date of Order Approving Retention:** | March 16, 2023 [Docket No. 2251] |
| **Time Period Covered by Application:** | March 1, 2023 through June 30, 2023 |
| **Total Fees Requested in This Application:** | $2,638,540.50 |
| **Total Expenses Requested in This Application:** | $189,579.89 |
| **Total Fees and Expenses Requested in This Application:** | $2,828,120.39 |
| **Total Fees and Expenses Previously Voluntarily Reduced and Not Included in This Application:** | $107,463.32 |

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these Chapter 11 Cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

## Summary of Monthly Statements for Second Interim Period

| Dated Filed & Docket No. | Statement Period | Total Requested Fees (100%) | Interim Fees Paid (80%) | Fee Holdback (20%) | Total Expenses Requested (100%) | Interim Expenses Paid (100%) |
|---|---|---|---|---|---|---|
| April 25, 2023<br><br>Docket No. 2536 | 3/1/23 – 3/31/23 | $294,515.50 | $235,612.40 | $58,903.10 | $1,630.17 | $1,630.17 |
| June 1, 2023<br><br>Docket No. 2742 | 4/1/23 – 4/30/23 | $455,527.00 | $364,421.60 | $91,105.40 | $3,923.73 | $3,923.73 |
| July 13, 2023<br><br>Docket No. 3019 | 5/1/23 – 5/31/23 | $814,711.00 | $651,768.80 | $162,942.20 | $2,202.80 | $2,202.80 |
| July 28, 2023<br><br>Docket No. 3114 | 6/1/23 – 6/30/23 | $1,073,787.00 | $859,029.60 | $214,757.40 | $181,823.19 | $181,823.19 |

## Prior Interim Compensation Orders

1. Second Omnibus Order Granting Applications For Allowance Of Compensation For Professional Services Rendered And Reimbursement Of Expenses For The First And Second Interim Compensation Periods From July 13, 2022 Through October 31, 2022 And November 1, 2022 Through February 28, 2023 [Docket No. 3055].

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**SECOND INTERIM FEE APPLICATION OF SELENDY GAY ELSBERG**
**PLLC FOR COMPENSATION FOR SERVICES RENDERED AND**
**REIMBURSEMENT OF EXPENSES AS CO-COUNSEL TO THE**
**OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE**
**PERIOD OF MARCH 1, 2023 THROUGH JUNE 30, 2023**

Selendy Gay Elsberg PLLC ("**Selendy Gay Elsberg**" or "**SGE**"), co-counsel to the Official

Committee of Unsecured Creditors (the "**Committee**") appointed in the cases of the above-

captioned debtors and debtors-in-possession (collectively, the "**Debtors**"), hereby files its second

interim fee application (the "**Application**") for allowance of reasonable compensation for services

rendered and reimbursement of actual and necessary expenses incurred on behalf of the Committee

in the aggregate amount of $2,828,120.39 for the period March 1, 2023 through June 30, 2023 (the

"**Second Interim Period**"), inclusive of the aggregate holdback amounts for the Second Interim

Period. SGE has received payment of $2,110,832.40 in fees and $189,579.89 in expenses for

services rendered and expenses incurred during the Second Interim Period, and therefore SGE only

seeks payment of $527,708.10 which has not been paid to date for the Second Interim Period. SGE

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these Chapter 11 Cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

previously wrote off $104,863.50 in fees and $2,599.82 in expenses and does not seek payment of such amounts through this Application.

## JURISDICTION, VENUE, AND STATUTORY PREDICATES

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue before this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are sections 330, 331, and 1103 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rule 2016-l(a) of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the Southern District of New York (the "**Local Rules**"), General Order M-447, the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases pursuant to Local Rule 2016-1(a) (as updated June 17, 2013)* (the "**Local Guidelines**"), and the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013* (the "**U.S. Trustee Guidelines**" and, together with the Local Guidelines, the "**Guidelines**"). Attached hereto as **Exhibit A** is a certification regarding compliance with the Local Guidelines.

## BACKGROUND

3.      On July 13, 2022 (the "**Petition Date**"), Celsius Network LLC and certain affiliates each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code, and, on December 7, 2022, GK8 Ltd., GK8 USA LLC, and GK8 UK Limited each commenced voluntary chapter 11 cases with this Court (collectively, the "**Chapter 11 Cases**"). The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy

Rule 1015(b). The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.      On July 27, 2022, the Office of the United States Trustee for Region 2 (the "**U.S. Trustee**") appointed the Committee, which is composed of seven members, each of whom holds crypto (or digital) assets through the Celsius platform [Docket No. 241]. The Committee's goal is to maximize the recoveries of account holders and unsecured creditors, as more fully stated in *The Official Committee of Unsecured Creditors' Statement Regarding These Chapter 11 Cases* [Docket No. 390]. On October 20, 2022, the Court entered an order appointing the Hon. Christopher Sontchi as fee examiner (the "**Fee Examiner**") pursuant to section 105(a) of the Bankruptcy Code [Docket No. 1151], later amended at [Docket No. 1746].

5.      On January 31, 2023, the Committee filed its *Application for Entry of an Order Authorizing the Employment and Retention of Selendy Gay Elsberg PLLC as Co-Counsel Effective as of January 8, 2023* (the "**Retention Application**") [Docket No. 1964]. On March 7, 2023, the Committee filed the *Second Declaration of Jennifer M. Selendy in Support of the Official Committee of Unsecured Creditors' Application for Entry of an Order Authorizing the Employment and Retention of Selendy Gay Elsberg PLLC as Co-Counsel Effective as of January 8, 2023* [Docket No. 2191] and a *Revised Order Authorizing the Employment and Retention of Selendy Gay Elsberg PLLC as Co-Counsel for the Official Committee of Unsecured Creditors* [Docket No. 2194]. By order entered on March 16, 2023 [Docket No. 2251], the Court approved the Retention Application and authorized the Committee to retain SGE, effective as of January 8, 2023, to serve as its co-counsel in these Chapter 11 Cases.

## SUMMARY OF MONTHLY STATEMENTS

6.      On June 8, 2023, the Court entered the *First Amended Order (I) Establishing Procedures For Interim Compensation and Reimbursement of Expenses for Retained*

*Professionals and (II) Granting Related Relief* [Docket No. 2779] (the "**Interim Compensation Procedures**"). Pursuant to the Interim Compensation Procedures, SGE is authorized to file and serve monthly fee statements ("**Monthly Statements**") on the Monthly Fee Statement Recipients (as defined in the Interim Compensation Procedures). If no objections are raised prior to the expiration of the applicable objection deadline established by the Interim Compensation Procedures, the Debtors are authorized to pay 80% of the fees and 100% of the expenses identified in such Monthly Statements.

7.      During the Second Interim Period, SGE filed and served four Monthly Statements (covering March 2023 through June 2023) as set forth in the summary attached hereto. SGE expects to receive $2,828,120.39 from the Debtors on account of the Monthly Statement during the Second Interim Period, corresponding to $2,638,540.50 in fees and $189,579.89 in expenses. The Monthly Statement submitted by SGE is also subject to a 20% fee holdback as provided in the Interim Compensation Procedures. SGE's fee holdback during the Second Interim Period is $527,708.10.

8.      Accordingly, SGE remains to be paid $527,708.10 for fees earned and expenses incurred in connection with providing services on behalf of the Committee during the Second Interim Period.

### SUMMARY OF PROFESSIONAL COMPENSATION AND REIMBURSEMENT OF EXPENSES REQUESTED

9.      By this Application, SGE seeks interim allowance and award of compensation for the professional services rendered by SGE as co-counsel to the Committee during the Second Interim Period with regard to (i) fees for legal services in the amount of $2,638,540.50, representing 2,953.5 hours of professional services and 186 hours of paraprofessional services, and (ii) expenses in the amount of $189,579.89, representing actual and necessary expenses

incurred by SGE during the Second Interim Period in connection with rendering such professional and paraprofessional services.

10.     Prior to filing this Application, SGE reviewed its fees (which totaled 3,281.3 hours and $2,743,403.00) and expenses (which totaled $192,179.71). Following that review, SGE voluntarily elected to reduce its fees by 141.8 hours and $104,863.50 (~3.8%) and its expenses by $2,599.82 (~1.4%). SGE does not seek payment for the fees and expenses that it agreed to voluntarily write off. Therefore, by this Application, SGE requests payment of an aggregate amount of $2,828,120.39, consisting of $2,638,540.50 in fees earned and $189,579.89 in expenses incurred.

11.     All services for which SGE requests compensation in this Application were performed for or on behalf of the Committee. During the Second Interim Period, SGE has received no payment and no promises of payment from any source for services rendered or to be rendered in connection with the matters covered by this Application. There is no agreement or understanding between SGE and any other person (other than the partners of SGE) for the sharing of compensation to be received for services rendered in these Chapter 11 Cases.

12.     Pursuant to the Guidelines, **Exhibit B** to this Application sets forth a timekeeper summary that includes: (a) the name, title, and year of admission to practice (if applicable) of each individual who provided services during the Second Interim Period; (b) the aggregate hours spent by each individual for which compensation is sought by SGE; (c) the hourly billing rate for each such individual; and (d) the amount of fees for each such individual for which compensation is sought by SGE. The blended rate for compensation requested in this Application is approximately $840 per hour.[2]

---

[2]     The blended rate is calculated by taking the total of fees sought in this Application and dividing by the total of hours sought in this Application, rounded to the nearest dollar.

13.     **Exhibit C** to this Application sets forth a project summary that includes the aggregate hours and fees per project category spent by SGE timekeepers in rendering services to the Committee during the Second Interim Period.

14.     **Exhibit D** to this Application sets forth a summary of blended hourly rates for timekeepers who billed to non-bankruptcy matters and blended hourly rates for timekeepers who billed to the estates in the Chapter 11 Cases during the Second Interim Period. As set forth in **Exhibit D**, the fees charged by SGE in these Chapter 11 Cases are billed in accordance with SGE's existing billing rates and procedures in effect during the Second Interim Period. The rates SGE charges for the services rendered by its professionals and paraprofessionals in the Chapter 11 Cases are the same rates SGE charges for professional and paraprofessional services rendered in comparable non-bankruptcy-related matters. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable non-bankruptcy matters in a competitive legal market.

15.     The computerized time records for SGE timekeepers for which compensation is sought by SGE, including a complete itemization of tasks performed in rendering services to the Committee organized by project category during the Second Interim Period, are attached as Exhibit C to the Second Monthly Statement [Docket No. 2536], Exhibit C to the Third Monthly Statement [Docket No. 2742], Exhibit C to the Fourth Monthly Statement [Docket No. 3019], and Exhibit C to the Fifth Monthly Statement [Docket No. 3114].

16.     **Exhibit E** to this Application sets forth a summary of expenses for which SGE seeks reimbursement during the Second Interim Period. Detailed entries of SGE's expenses are attached as Exhibit D to the Second Monthly Statement [Docket No. 2536], Exhibit D to the Third Monthly Statement [Docket No. 2742], Exhibit D to the Fourth Monthly Statement [Docket No.

3019], and Exhibit D to the Fifth Monthly Statement [Docket No. 3114]. **Exhibit E** sets forth time records for the expert that the Committee engaged in connection with the litigation governed by the *Order Setting Schedule Regarding (I) Estimation of Certain Intercompany Contract Claims Between Celsius Network LLC and Celsius Network Limited, (II) Substantive Consolidation of Celsius Network LLC and Celsius network Limited, and (III) Constructive Fraudulent Transfer Claim* [Docket No. 2522]. The expert provided significant assistance to the Committee's professionals in connection with the litigation, including analyzing document discovery, analyzing testimony, preparing for depositions, and strategizing and beginning to prepare an expert report. Pursuant to an agreed upon procedure with counsel to the Fee Examiner in the Chapter 11 Cases, SGE is submitting the expert's fee as an expense on this fee statement, although SGE has not made any payment to the expert. At the end of the objection period, SGE will submit wire instructions for the Debtors to pay the expert directly for any portion of the expense that is not objected to.

17.     Pursuant to the Guidelines, SGE provided a copy of this Application to the Committee prior to filing. SGE will also provide the U.S. Trustee and the Fee Examiner with the Application contemporaneously with filing. SGE will work with the parties to address any comments and requested modifications to the amounts requested herein during the Fee Examiner's review period.

## SUMMARY OF LEGAL SERVICES RENDERED
## DURING THE SECOND INTERIM PERIOD

18.     SGE has provided legal services to the Committee with the paramount goal of enhancing recoveries for, and protecting the rights of, account holders and unsecured creditors. To provide an orderly and meaningful summary of the services rendered by SGE during the Second Interim Period, SGE established project categories in connection with the Chapter 11 Cases, as required by the Guidelines. The following is a summary of the most significant professional

services rendered by SGE during the Second Interim Period, organized in accordance with SGE's project categories.

| No. | Category Name | Hours | Fees |
|---|---|---|---|
| 10 | **Retention Application** | 132.8 | $107,798.00 |
| | SGE performed work in connection with checking for potential conflicts and any connections to parties-in-interest in the Chapter 11 Cases for disclosure in the Retention Application. This includes time spent working with the U.S. Trustee, preparing supplemental declarations, creating and updating conflicts cross-reference lists, conducting an updated disclosure review of the Parties in Interest listed in SGE's Retention Application, and preparing for the March 8, 2023 hearing on the Committee's application to retain SGE. SGE prepared, drafted, and filed a Third Declaration supporting the Committee's application to retain Selendy Gay Elsberg as co-counsel [filed in May 2023 at Docket No. 2636]. This includes time spent conducting a disclosure review of the Supplemental Parties in Interest listed in SGE's Third Declaration. | | |
| 20 | **Fee Statements and Applications** | 106.7 | $91,677.00 |
| | SGE worked on its Monthly Statements in accordance with the Interim Compensation Procedures and the U.S. Trustee Guidelines. | | |
| 30 | **Case Administration** | 164.8 | $158,984.50 |
| | Due to the size and complexity of the Chapter 11 Cases, SGE professionals were involved in various case administration tasks including: (i) reviewing docket filings; (ii) preparing expert engagement materials; (iii) attending to internal case and file management; and (iv) coordinating with other SGE professionals to discuss and review workstreams in process and staffing. | | |
| 40 | **Case Strategy** | 368.8 | $408,672.00 |
| | SGE researched relevant law regarding the Committee's legal interests, conferred internally and with co-counsel regarding the Committee's strategy, and drafted memoranda memorializing and analyzing the Committee's strategy and applicable research. This included meeting on and analyzing core case issues related to certain Plan matters. SGE also prepared a presentation for the Committee's representatives in which the Representatives approved a proposed settlement bringing an end to the Committee's litigation with the Series B Preferred Equity Holders. After this approval, SGE reviewed, analyzed, and revised the settlement agreement. | | |
| 50 | **WestCap Matters Filings** | 0.00 | $0.00 |
| | SGE did not bill any time to this project category during the Second Interim Period. | | |
| 60 | **Discovery and Fact Development** | 2,135.4 | $1,656,096.00 |
| | SGE engaged in extensive fact discovery and development, including: (i) drafting discovery requests and related motions; (ii) researching caselaw on discovery related issues; (iii) | | |

| No. | Category Name | Hours | Fees |
|---|---|---|---|
| | meeting and conferring with opposing counsel; (iv) conducting document review of productions received from the Series B Preferred Equity Holders, the Debtors, and certain third parties; (v) preparing for thirteen depositions on an expedited time frame and in a compressed schedule; (vi) appearing and taking five depositions; (vii) preparing work product for use in preparing and taking the scheduled depositions; and (viii) working with an expert to analyze document and deposition discovery and in connection with preparing an expert report in support the Committee's legal arguments related to substantive consolidation. | | |
| 70 | **Hearings and Court Matters** | **25.3** | **$29,224.50** |
| | Two SGE professionals attended the March 8, 2023 hearing on the Committee's application to retain SGE. An SGE professional attended the hearing on March 23, 2023 on the Debtors' motion to approve certain bid protections for the Plan Sponsor. An SGE professional attended the April 18, 2023 omnibus hearing for relevant case updates and fee guidelines. This includes time spent reviewing and analyzing documents and briefing relevant to the hearings and analyzing the hearings and their implications on the Committee's legal interests and strategy for team members not in attendance. | | |
| 80 | **Other** | **3.9** | **$2,457.00** |
| | An SGE professional reviewed public statements made by the Series B Preferred Equity Holders regarding the Debtors to assist in the analysis of potential legal claims. | | |
| 90 | **Plan/Confirmation Matters** | **58.4** | **$48,300.50** |
| | SGE reviewed and analyzed the Debtors' Bid Protections Motion and Chapter 11 Plan as well as the Plan's proposed discovery schedule and the Series B Preferred Equity Holders' proposed counter-schedule, considering the Committee's legal interests and strategy. SGE also strategized regarding retaining an expert in connection with pending litigation on certain plan matters contemplated within the scope of the April 24 Scheduling Order, and researched legal issues related to pending litigation on certain Plan matters. | | |
| 95 | **FTX Matters Filings** | **143.6** | **$135,331.00** |
| | SGE prepared, drafted, and served Rule 2004 subpoenas on the FTX Debtors and filed a notice of subpoenas in the Chapter 11 Cases. SGE corresponded with, prepared to meet and confer, and conferred with counsel for the FTX Debtors regarding the Committee's Rule 2004 subpoenas. SGE reviewed and analyzed documents produced by the FTX Debtors in response to the Rule 2004 subpoenas. This includes time corresponding with Elementus, the Committee's blockchain forensics expert. SGE also prepared for and corresponded with Committee co-counsel regarding the Committee's Objection to the Motion to Value the CEL Token at $0.8125 [Docket No. 2840]. This includes time preparing and drafting the Declaration of the Committee's Objection on the same [Docket No. 2845]. SGE also conferred with the Debtors on potential proofs of claims in the FTX bankruptcy. | | |

## THE REQUESTED COMPENSATION SHOULD BE ALLOWED

19.     Section 331 of the Bankruptcy Code provides for compensation of professionals and incorporates the standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation. Section 330 provides that a court may award a professional employed under section 1103 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered … and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). It also sets forth criteria for the award of such compensation and reimbursement, including: (i) the complexity of the Chapter 11 Cases; (ii) the time expended; (iii) the nature and extent of the services rendered; (iv) the value of such services; and (v) the costs of comparable services other than in a case under this title. *Id.* at § 330(a)(3).

20.     Here, SGE submits that the services for which it seeks compensation and the expenses for which it seeks reimbursement in this Application were necessary for, and beneficial to, the Committee. During the Second Interim Period, SGE worked diligently to preserve and maximize the value of the Debtors' estates for the benefit of all account holders and unsecured creditors, including by performing the services summarized above and itemized on the Monthly Statements filed by SGE. The services rendered by SGE were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved. SGE also coordinated with the Committee's other retained professionals to limit the unnecessary duplication of services to the Committee. SGE respectfully submits that the amounts requested herein are fair and reasonable given: (i) the complexity of the Chapter 11 Cases; (ii) the time expended by SGE's professionals; (iii) the nature and extent of the services rendered; (iv) the value of such services; and (v) the costs of comparable services other than in a case under this title.

21.     Accordingly, SGE requests that the Court allow SGE's compensation and reimbursement of expenses in the amounts set forth herein. To the extent that any amounts for fees

or expenses related to the Second Interim Period were not processed prior to the preparation of this Application, SGE reserves the right to request additional compensation for such services and reimbursement of such expenses in a future application.

## NOTICE

22.     SGE will provide notice of this Application to the following parties or their respective counsel: (a) the U.S. Trustee; (b) the Debtors; (c) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); (d) the United States Attorney's Office for the Southern District of New York; (e) the Internal Revenue Service; (f) the offices of the attorneys general in the states in which the Debtors operate; (g) the Securities and Exchange Commission; (h) the Fee Examiner; and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002.

23.     SGE submits that, in light of the nature of the relief requested, no other or further notice need be given.

## CONCLUSION

24.     SGE respectfully requests that the Court enter an order: (i) authorizing the interim and final allowance of compensation for professional services rendered during the Second Interim Period and reimbursement of actual and necessary expenses incurred in the aggregate amount of $2,828,120.39, consisting of $2,638,540.50, representing 100% of fees incurred during the Second Interim Period, and reimbursement of $189,579.89, representing 100% of actual and necessary expenses incurred during the Second Interim Period; (ii) providing that the allowance of such compensation for professional services rendered and reimbursement of actual and necessary expenses incurred be without prejudice to SGE's right to seek additional compensation for services rendered and expenses incurred during the Second Interim Period to the extent not processed at the time of the filing of this Application; (iii) directing payment by the Debtors of the difference

between the amounts allowed and the amounts previously paid by the Debtors pursuant to the Interim Compensation Procedures; and (iv) granting such other or further relief as the Court deems just and proper. SGE will confer with the Fee Examiner with respect to a proposed form of order after the conclusion of the Fee Examiner's review period for this Application under the Interim Compensation Procedures.

*[Remainder of page left intentionally blank.]*

Dated:  August 14, 2023  Respectfully submitted,
        New York, New York

/s/ Jennifer M. Selendy
**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, New York 10104
Tel: 212-390-9000
jselendy@selendygay.com
fgay@selendygay.com
tagangawilliams@selendygay.com
cobrien@selendygay.com

*Co-Counsel to the Official Committee of*
*Unsecured Creditors*

# EXHIBIT A

## Guidelines Certification

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

## CERTIFICATION UNDER GUIDELINES FOR FEES AND DISBURSEMENTS FOR PROFESSIONALS IN RESPECT OF THE FIRST INTERIM FEE APPLICATION OF SELENDY GAY ELSBERG PLLC FOR COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FROM MARCH 1, 2023 THROUGH JUNE 30, 2023

I, Jennifer M. Selendy, hereby certify that:

1. I am a partner of the firm of Selendy Gay Elsberg PLLC ("**SGE**"), which maintains offices for the practice of law at 1290 Avenue of the Americas, New York, NY 10104. I am a member in good standing of the Bar of the State of New York, and I have been admitted to practice in New York. There are no disciplinary proceedings pending against me in any jurisdiction.

2. This certification is made in respect of SGE's compliance with the Local Guidelines in connection with SGE's Application[2] attached hereto filed contemporaneously herewith for interim compensation and reimbursement of expenses for the period commencing March 1, 2023 through and including June 30, 2023. The information in this certification is true and correct to the best of my knowledge, information, and belief.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these Chapter 11 Cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] Capitalized terms used, but not defined, shall have the meaning ascribed to them in the attached Application.

3.  With respect to Section B.1 of the Local Guidelines, I certify that:

    a.  I have read the Application;

    b.  To the best of my knowledge, information, and belief formed after reasonable inquiry, the fees and expenses sought fall within the Guidelines, except as specifically noted in this certification and described in the Application;

    c.  Except to the extent that fees or disbursements are prohibited by the Local Guidelines, the fees and disbursements sought by the Application are billed at rates and in accordance with practices customarily employed by SGE and generally accepted by SGE's clients; and

    d.  In providing any reimbursable service, SGE did not make a profit on such service, whether performed by SGE in-house or through a third party.

4.  The following is provided in response to the request for additional information set forth in Paragraph C.5 of the U.S. Trustee Guidelines:

    a.  Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period? If so, please explain.

        No.

    b.  If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client?

        N/A.

    c.  Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case?

        No.

    d.  Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.). If so, please quantify by hours and fees.

        No.

e. Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.

No.

f. If the fee application includes any rate increases since retention: Did your client review and approve those rate increases in advance? Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458?

N/A.

5. Finally, I certify that SGE has complied with the notice provisions of the Interim Compensation Procedures with respect to notice of its Monthly Statements of fees and disbursements and this Application.

Dated: August 14, 2023
New York, New York

Respectfully submitted,

*/s/ Jennifer M. Selendy*
**SELENDY GAY ELSBERG PLLC**
Jennifer M. Selendy
Faith E. Gay
Temidayo Aganga-Williams
Claire O'Brien
1290 Avenue of the Americas
New York, New York 10104
Tel: 212-390-9000
jselendy@selendygay.com
fgay@selendygay.com
tagangawilliams@selendygay.com
cobrien@selendygay.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

**Timekeeper Summary**

| Name | Title | Year Admitted | Hours | Rate | Amount |
|------|-------|---------------|-------|------|--------|
| Abel, Robert | Contract Attorney | 2007 | 153.2 | $400.00 | $61,280.00 |
| Aganga-Williams Temidayo | Partner | 2011 | 239.8 | $1,435.00 | $344,113.00 |
| Agard, Toni | Contract Attorney | 1997 | 91.7 | $400.00 | $36,680.00 |
| Bean, Joshua | Associate | 2021 | 26.5 | $895.00 | $23,717.50 |
| Burke, Tyler | Director of Research and Analysis | N/A | 66.3 | $685.00 | $45,415.50 |
| Chen, Kayla | Associate | 2022 | 439.0 | $685.00 | $300,715.00 |
| Clifton, Anna | Research Analyst | N/A | 8.1 | $630.00 | $5,103.00 |
| Cohen, Eric | Litigation Support Analyst | N/A | 0.7 | $350.00 | $245.00 |
| Dauplaise, Daniel | Staff Attorney | 2014 | 12.9 | $630.00 | $8,127.00 |
| Florey, Thomas | Litigation Support Analyst | N/A | 0.3 | $350.00 | $105.00 |
| Gay, Faith | Partner | 1987 | 15.0 | $2,060.00 | $30,900.00 |
| Ginzburg, Maria | Partner | 1996 | 0.5 | $1,855.00 | $927.50 |
| Journey Christopher | Paralegal | N/A | 17.5 | $570.00 | $9,975.00 |
| Kaplan Daniel | Analyst | N/A | 3.5 | $630.00 | $2,205.00 |
| Mangual, Lorraine | Managing Clerk | N/A | 1.5 | $405.00 | $607.50 |
| McHugh, Katherine | Managing Clerk | N/A | 3.0 | $405.00 | $1,215.00 |
| Medard, Madison | Paralegal | N/A | 2.3 | $510.00 | $1,173.00 |
| Metro, Steven | Managing Clerk | N/A | 4.8 | $570.00 | $2,736.00 |
| Mitchell, Zachary | Law Clerk | 2022 | 217.3 | $685.00 | $148,850.50 |
| Mon Cureno, Alvaro | Associate | 2018 | 199.2 | $1,190.00 | $237,048.00 |

| Name | Title | Year Admitted | Hours | Rate | Amount |
|---|---|---|---|---|---|
| O'Brien Claire | Associate | 2017 | 405.4 | $1,250.00 | $506,750.00 |
| Partin, Vadim | Staff Attorney | 2013 | 50.1 | $570.00 | $28,557.00 |
| Peters Arielle | Paralegal | N/A | 0.8 | $510.00 | $408.00 |
| Pugh Abbie | Staff Attorney | 2010 | 259.7 | $685.00 | $177,894.50 |
| Rivera Eddie | Paralegal | N/A | 2.1 | $570.00 | $1,197.00 |
| Sawczuk, Lara | Contract Attorney | 2012 | 89.2 | $400.00 | $35,680.00 |
| Selendy, Jennifer | Partner | 1996 | 85.7 | $2,060.00 | $176,542.00 |
| Seri, Tesla | Staff Attorney | 2017 | 405.0 | $570.00 | $230,850.00 |
| Sharipov Bakhodir | Staff Attorney | 2014 | 51.2 | $570.00 | $29,184.00 |
| Siegel, Scott | Paralegal | N/A | 60.7 | $570.00 | $34,599.00 |
| Slepoi, Rachel | Law Clerk | *pending* | 86.7 | $685.00 | $59,389.50 |
| Slepoi, Rachel | Associate | 2022 | 79.4 | $775.00 | $61,535.00 |
| Soumela, Stamatia | Staff Attorney | 2013 | 46.0 | $570.00 | $26,220.00 |
| Yury, La Fontaine | Litigation Support Analyst | N/A | 1.7 | $350.00 | $595.00 |
| Zhang, Andrew | Graduate Analyst | N/A | 12.7 | $630.00 | $8,001.00 |
| **Grand Total** | | | **3,139.5** | | **$2,638,540.50** |

**EXHIBIT C**

**Project Summary**

| Code | Project | Hours | Amount |
|------|---------|-------|--------|
| 10 | Retention Application | 132.8 | $107,798.00 |
| 20 | Fee Statements and Applications | 106.7 | $91,677.00 |
| 30 | Case Administration | 164.8 | $158,984.50 |
| 40 | Case Strategy | 368.6 | $408,672.00 |
| 60 | Discovery and Fact Development | 2135.4 | $1,656,096.00 |
| 70 | Hearings and Court Matters | 25.3 | $29,224.50 |
| 80 | Other | 3.9 | $2,457.00 |
| 90 | Plan/Confirmation Matters | 58.4 | $48,300.50 |
| 95 | FTX Matters Filings | 143.6 | $135,331.00 |
| | **Grand Total** | **3139.5** | **$2,638,540.50** |

<u>**EXHIBIT D**</u>

**Customary and Comparable Compensation Disclosures for Selendy Gay Elsberg PLLC**

The blended hourly rate for SGE timekeepers (including both professionals and paraprofessionals) who have billed time to the Committee during the Second Interim Period was approximately $840 per hour (the "**Committee Blended Hourly Rate**").[1]

The non-bankruptcy[2] blended hourly rate for SGE's timekeepers during the 12-month period from July 1, 2022 to and including June 30, 2023 (the "**Comparable Period**")[3] was, in the aggregate, approximately $715 per hour (the "**Non-Bankruptcy Hourly Blended Rate**").[4]

A detailed comparison of these rates is as follows:

| Position | Committee Blended Hourly Rate | Non-Bankruptcy Blended Hourly Rate |
|---|---|---|
| Senior Partner | $2,058.99 | $1,769.59 |
| Junior Partner | $1,435.00 | $1,429.43 |
| Associates[5] | $920.54 | $980.02 |
| Staff Attorneys | $607.14 | $525.86 |
| Paralegals | $567.77 | $506.19 |
| Other[6] | $457.68 | $322.04 |
| **Total** | **$840.43** | **$714.69** |

---

[1] SGE calculated the blended rate for timekeepers who billed to the Committee by dividing the total dollar amount billed by such timekeepers during the Second Interim Period by the total number of hours billed by such timekeepers during the Second Interim Period.

[2] To determine whether a matter was a non-bankruptcy matter, SGE considered the subject matter and forum of each engagement.

[3] SGE reexamines and adjusts its rates for professionals and paraprofessionals for increases in seniority and changes in experience, expertise, and status in January of each year (with a step up in August of each year). The calculation of the Non-Bankruptcy Hourly Blended Rate includes the rates SGE billed in 2022 and 2023 during the Comparable Period.

[4] SGE calculated the Non-Bankruptcy Hourly Blended Rate by dividing the total dollar amount billed by all timekeepers at the firm to non-bankruptcy matters during the Comparable Period by the total number of hours billed by all timekeepers at the firm to non-bankruptcy matters during the Comparable Period.

[5] Includes law clerks.

[6] Includes contract attorneys, managing clerks, research analysts, and litigation support analysts.

<u>**EXHIBIT E**</u>

**Expense Summary & Detail**

| <u>Category</u> | <u>Amount</u> |
|---|---|
| Courier Service | $100.06 |
| Deposition Transcripts | $4,667.31 |
| E-Discovery Data Hosting/Storage | $855.52 |
| Expert Services | $175,000.00 |
| Online Research | $4,390.89 |
| Outside Printing | $2,869.62 |
| Overtime Meals | $300.97 |
| Printing | $248.95 |
| Travel | $1,146.57 |
| **Grand Total** | **$189,579.89** |