**KE ANDREWS**
2424 Ridge Road
Rockwall, Texas 75087
Telephone:   (469) 298-1594
Facsimile:   (469) 533-8644

*Property Tax Service Providers*
*for the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**SUMMARY COVER SHEET**
**TO THE FIRST INTERIM FEE APPLICATION**
**OF KE ANDREWS AS PROPERTY TAX SERVICE PROVIDERS**
**FOR THE DEBTORS AND DEBTORS IN POSSESSION, FOR INTERIM**
**ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES**
**RENDERED FROM MARCH 6, 2023 THROUGH AND INCLUDING JUNE 30, 2023**

| | |
|---|---|
| Total compensation sought this period | $187,500.00 |
| Total expenses sought this period | $0.00 |
| Petition Date | July 13, 2022 |
| Retention Date | June 6, 2023 |
| Date of order approving employment | June 6, 2023, effective as of March 6, 2023 |
| Total compensation approved by interim order to date | $0.00 |
| Total expenses approved by interim order to date | $0.00 |
| Total allowed compensation paid to date | $0.00 |
| Total allowed expenses paid to date | $0.00 |
| Compensation sought and already paid pursuant to a monthly compensation order but not yet allowed | $0.00 |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

| | |
|---|---:|
| Expenses sought and already paid pursuant to a monthly compensation order but not yet allowed | $0.00 |
| Are any rates higher than those approved or disclosed at retention? | No |
| Retainer Balance | $0.00 |

Attached hereto are the following Exhibits in support of KE Andrews' Fee Application:

Exhibit A – Certification of Ben Thompson

Exhibit B – Summary of Detail by Task

**KE ANDREWS**
2424 Ridge Road
Rockwall, Texas 75087
Telephone:     (469) 298-1594
Facsimile:     (469) 533-8644

*Property Tax Service Providers*
*for the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|   |   |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**FIRST INTERIM FEE**
**APPLICATION OF KE ANDREWS**
**AS PROPERTY TAX SERVICE PROVIDERS FOR**
**THE DEBTORS AND DEBTORS IN POSSESSION, FOR INTERIM**
**ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES**
**RENDERED FROM MARCH 6, 2023 THROUGH AND INCLUDING JUNE 30, 2023**

Mark Andrews & Company, a corporation registered in Texas doing business as KE Andrews ("KE Andrews"), for its first interim fee application (this "Fee Application"), pursuant to sections 330(a) and 331 of title 11, United States Code (the "Bankruptcy Code"), rule 2016 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), and rule 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), for interim allowance of compensation for professional services performed by KE Andrews as property tax

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

service provider for Celsius Network LLC, et. al, and certain of its affiliates, as debtors and debtors in possession (the "Debtors"), for the period commencing March 6, 2023 through and including June 30, 2023 (the "Compensation Period"), respectfully represents:

**Preliminary Statement**

1. KE Andrews serves as property tax services provider in these chapter 11 cases before the United States Bankruptcy Court for the Southern District of New York. During the Compensation Period, KE Andrews provided property tax consulting services related to the Debtors' assets across the United States.

2. KE Andrews' efforts to advise and assist the Debtors during the Compensation Period were necessary and of substantial benefit to the administration of the chapter 11 estates. The professional services provided were actual and necessary to preserve and protect the value of the Debtors' assets for the benefit of all parties in interest. In consideration of the nature of these cases, KE Andrews' charges for professional services performed are reasonable under the applicable standards. KE Andrews respectfully requests that the Court grant the Fee Application and allow interim compensation for professional services performed as requested.

3. This Fee Application has been prepared in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the *First Amended Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief* [Docket No. 2779] (the "Amended Interim Compensation Order"), the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases pursuant to Local Rules 2016-1(a)* (as updated June 17, 2013) (the "Local Guidelines"), and the U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330, Effective January 30, 1996 (the "UST Guidelines," and, together with the Local Guidelines, the "Fee Guidelines").

2

**Jurisdiction and Venue**

4. The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012. The Debtors confirm their consent to the Court entering a final order in connection with this Fee Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgements in connection herewith consistent with Article III of the United States Constitution.

5. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The statutory bases for the relief requested herein are sections 327(a) and 328(a) of the Bankruptcy Code, rules 2014(a) and 2016(a) of the Bankruptcy Rules, and rules 2014-1 and 2016-1 of the Local Rules.

**Background**

7. The Debtors, together with their non-Debtor affiliates (collectively, "Celsius"), are one of the largest and most sophisticated cryptocurrency-based finance platforms in the world and provide financial services to institutional, corporate, and retail clients across more than 100 countries. Celsius was created in 2017 to be one of the first cryptocurrency platforms to which users could transfer their crypto assets and (a) earn rewards on crypto assets and/or (b) take loans using those transferred crypto assets as collateral. Headquartered in Hoboken, New Jersey, Celsius has more than 1.7 million registered users and approximately 300,000 active users with account balances greater than $100.

8. On July 13, 2022 (the "Petition Date"), certain of the Debtors (collectively, the "Initial Debtors") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On December 7, 2022, GK8 Ltd., GK8 UK Limited, and GK8 USA LLC (collectively, the "GK8

Debtors" and together with the Initial Debtors, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. A detailed description of the facts and circumstances of these chapter 11 cases is set forth in the *Declaration of Robert Campagna, Managing Director of Alvarez & Marsal North America, LLC, in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 20] (the "Campagna Declaration")[2] and the *Declaration of Christopher Ferraro, Director and Chief Financial Officer of the GK8 Debtors, in Support of Chapter 11 Petitions and First Day Motion* [Docket No. 1629]. The Debtors commenced these chapter 11 cases to provide Celsius an opportunity to stabilize its business and consummate a comprehensive restructuring transaction that maximizes value for stakeholders.

9. The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. These chapter 11 cases have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket Nos. 53 & 1648]. On July 27, 2022, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed an official committee of unsecured creditors in the Initial Debtors' cases [Docket No. 241] (the "Committee"). On September 14, 2022, the Court entered an order directing the appointment of an examiner in the Initial Debtors' cases [Docket No. 820] (the "Examiner"). On April 5, 2023, the Court entered an order discharging the Examiner [Docket No. 2364]. On October 20, 2022, the Court entered an order appointing Judge Christopher S. Sontchi as fee examiner [Docket No. 1151] (the "Fee Examiner").

---

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Campagna Declaration.

4

**Case Status**

10. Since the Petition Date, the Debtors and their advisors have focused on stabilizing operations and developing a path towards emergence from chapter 11 via a value-maximizing transaction. During the Compensation Period, KE Andrews commenced its initial work program for preparing, filing, and negotiating property tax valuations for the Debtors' assets.

**The Debtors' Retention of KE Andrews**

11. On June 6, 2023, the Court entered the *Order (I) Authorizing the Retention and Employment of KE Andrews as Property Tax Services Provider Effective as of January 1, 2023, and (II) Granting Related Relief* [Docket No. 2753] (the "Retention Order"), approving the *Debtors' Application for Entry of an Order (I) Authorizing the Retention and Employment of KE Andrews as Property Tax Services Provider Effective as of January 1, 2023, and (II) Granting Related Relief* [Docket No. 2598] (the "Retention Application"). The Retention Order authorizes the Debtors to compensate and KE Andrews in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Fee Guidelines. The Retention Order also authorizes the Debtor to compensate KE Andrews at its customary flat fees for services rendered and to reimburse KE Andrews for its actual and necessary expenses incurred, subject to application to this Court.

**Summary of Professional Compensation Requested**

12. KE Andrews seeks allowance of interim compensation for professional services performed during the Compensation Period in the amount of $187,500.00. During the Compensation Period, KE Andrews professionals commenced consulting work in four states, across ten counties, in conjunction with the necessary services performed. KE Andrews filed two

5

fee statements contemplating the fees and expenses associated with the professional services performed during the Compensation Period.[3]

13.     There is no agreement or understanding between KE Andrews and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered in these cases.

14.     The fees charged by KE Andrews in this case are billed in accordance with KE Andrews' existing billing rates and procedures in effect during the Compensation Period. The fees KE Andrews charges for the services rendered by its professionals in these chapter 11 cases generally are the same rates KE Andrews charges for professional services rendered in comparable bankruptcy and non-bankruptcy related matters. Such fees are reasonable and based on the customary compensation charged by comparably skilled practitioners in comparable bankruptcy and non-bankruptcy cases in a competitive national restructuring market.

15.     KE Andrews regularly reviews its invoices to ensure that the Debtors are only billed for actual and necessary services.

16.     Annexed hereto as **Exhibit A** is a certification regarding compliance with the Fee Guidelines.

17.     Attached hereto as **Exhibit B** is a summary of services performed by KE Andrews during the Compensation Period broken down by task category, the aggregate number of hours for each category, and compensation incurred for each category.

---

[3] *See Combined First Monthly Fee Statement of Services Rendered by KE Andrews as Property Tax Service Providers for the Debtors and Debtors in Possession, for Compensation for this Period from January 1, 2023 Through and Including May 31, 2023* [Docket No. 2876] and *Second Monthly Fee Statement of Services Rendered by KE Andrews as Property Tax Service Providers for the Debtors and Debtors in Possession, for Compensation for this Period from June 1, 2023 Through and Including June 30, 2023* [Docket No. 3297].

18. KE Andrews reserves the right to request additional compensation for the Compensation Period to the extent that additional time or disbursement charges for services rendered or disbursements incurred related to the Compensation Period are identified.

**Summary of Services by KE Andrews During the Compensation Period**

19. As described above, during the Compensation Period, KE Andrews rendered a substantial amount of professional services to the Debtors, in an effort to efficiently and economically assist with the administration of the Debtors' chapter 11 cases and assist in the Debtors' ongoing operations.

20. The following is a summary of the significant professional services rendered by KE Andrews during the Compensation Period, organized in accordance with KE Andrews' internal system of project tracking by tax year:

    a.     2022 Tax Year; Fees: $37,500.00

    b.     2023 Tax Year; Fees: $150,000.00

21. This category includes time spent on Compliance: Attendance of physical on-site inspections, preparation and filing of business personal property returns; Tax Savings & Reductions: reviewing assessments for correctness and fairness, preparation and filing of appeals, meeting informally with assessors for assessment negotiations, attending the formal Appraisal Review Board or Board of Equalization when necessary; Administrative: preparing accruals and budgeting; gathering, verifying, and processing of property tax statements for timely payment by client.

22. The foregoing professional services performed by KE Andrews were necessary and appropriate to further the administration of the Debtors' chapter 11 cases. The professional services performed by KE Andrews were in the best interest of the Debtors and other parties in interest. Compensation for such services as requested is commensurate with the complexity,

7

importance, and nature of the issues and tasks involved. The professional services were performed expeditiously and efficiently.

23. The professional services were performed by vice presidents, directors, senior managers, consultants, associates, and analysts. KE Andrews has a preeminent property tax practice and enjoys a national reputation for its expertise in delivering property tax services to companies, including financially distressed companies.

## **The Requested Compensation Should be Allowed**

24. Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 to govern the Court's award of such compensation. 11 U.S.C. § 331. Section 330 provides that a Court may award a professional employed under section 327 of Bankruptcy Code "reasonable compensation for actual, necessary services rendered [and] reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

In determining the amount of reasonable compensation to be awarded to [a] professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –

    (A)    Time spent on such services;

    (B)    The rates charged for such services;

    (C)    Whether the services were necessary to the administration of, or beneficial at the time which the service was rendered toward the completion of, a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and expertise in the bankruptcy field; and

(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

25. In the instant case, KE Andrews submits that the services for which it seeks compensation and the expenditures for which it seeks reimbursement in this Fee Application were necessary for and beneficial to the preservation and maximization of value of all stakeholders and to the orderly administration of the Debtors' chapter 11 estates. Such services were necessary to and in the best interests of the Debtors' estates and creditors. The compensation requested herein is reasonable in consideration of the nature, extent, and value of such services to the Debtors, their estates, and all parties in interest.

26. Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, issues, and tasks involved. The professional services were performed expediently and efficiently.

27. In sum, the services rendered by KE Andrews were necessary and beneficial to the Debtors' estate and were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved. Accordingly, approval of the compensation for professional services sought herein is warranted.

**Notice**

28. Pursuant to the Amended Interim Compensation Order, notice of this Fee Application has been served upon (i) Celsius Network LLC, 50 Harrison Street, Suite 209F, Hoboken, New Jersey 0703, Attn: Ron Deutsch; (ii) counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C. and Simon Briefel, and 300 North LaSalle, Chicago, Illinois 60654, Attn: Patrick J. Nash, Jr., P.C., Ross M. Kwasteniet, P.C., and Christopher S. Koenig; (iii) the U.S. Trustee, Alexander Hamilton Custom House, 1 Bowling Green, New York, New York 10004, Attn: Shara Cornell, Mark Bruh, and Brian S. Masumoto; (iv) counsel to the UCC, White & Case LLP, 111 South Wacker Drive, Suite 5100, Chicago, Illinois 60606, Attn: Gregory F. Pesce, 1221 6th Avenue, New York, New York 10020, Attn: David Turetsky, and 555 South Flower Street, Suite 2700, Lost Angeles, California 90071, Attn: Aaron E. Colodny; (v) counsel to the Chapter 11 Examiner, Jenner & Block LLP, 353 N. Clark Street, Chicago, Illinois 60654, Attn: Catherine L. Steege, and Vincent E. Lazar; (vi) counsel to the Ad Hoc Group of Custodial Account Holders, Togut, Segal & Segal LLP, One Penn Plaza, Suite 3335, New York, New York 10119, Attn: Kyle J. Ortiz and Bryan M. Kotliar; (vii) counsel to the Ad Hoc Group of Withhold Account Holders, Troutman Pepper Hamilton Sanders, 875 Third Avenue, New York, New York 10022, Attn: Deborah Kovsky-Apap; (viii) via electronic mail to counsel to the Fee Examiner, Christopher S. Sontchi, at CelsiusFeeExaminer@gklaw.com; and (ix) any other statutory committee appointed in these chapter 11 cases. KE Andrews submits that, in view of the facts and circumstances, such notice is sufficient, and no other or further notice need be provided.

29. No previous request for the relief sought herein has been made by KE Andrews to this or any other Court.

**Conclusion**

30.     KE Andrews respectfully requests that the Court (i) award an interim allowance of KE Andrews' compensation for professional services rendered during the Compensation Period in the amount of $187,500.00, representing 100 percent of fees incurred during the Compensation Period, and that such allowance be without prejudice to KE Andrews' right to seek additional compensation for services performed and expense incurred during the Compensation Period, which were not processed at the time of this Fee Application; (ii) direct payment by the Debtors of the difference between the amounts allowed and any amounts previously paid by the Debtors pursuant to the Amended Interim Compensation Order, net of any retainer balances; and (iii) grant such other and further relief as is just.

*[Remainder of page intentionally left blank]*

Dated:  August 14, 2023

    MARK ANDREWS & COMPANY
    D.B.A. KE ANDREWS
    By: /s/ *Ben Thompson*
    Ben Thompson
    MARK ANDREW & COMPANY
    D.B.A. KE ANDREWS
    2424 Ridge Road
    Rockwall, TX 75087
    Telephone (469) 298-1594
    Fax (469) 533-8644

    *Property Tax Service Providers*
    *for the Debtors and Debtors-in Possession*

# Exhibit A

## Certification

# **CERTIFICATION**

I hereby certify that:

1.      I am a Vice President with the firm of KE Andrews.  This certification is made pursuant to the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York* (the "Amended Guidelines"), in support of the foregoing fee application of KE Andrews (the "Application").

2.      I hereby certify as follows:  (a) I have read the Application; (b) to the best of my knowledge, information, and belief formed after reasonable inquiry, the fees and disbursements sought in the Application fall within the Amended Guidelines, except as specifically noted herein or in the Application; (c) except to the extent that fees or disbursements are prohibited by the Amended Guidelines, the fees and disbursements sought are billed at rates and in accordance with practices customarily employed by KE Andrews and generally accepted by KE Andrews's clients; and (d) in providing a service for which KE Andrews seeks reimbursement of expenses, KE Andrews does not make a profit on the service, whether the service is performed by KE Andrews in-house or through a third party.

Dated:  August 14, 2023

>                              */s/ Ben Thompson*
>                              Ben Thompson
>                              Vice President, KE Andrews

**Exhibit B**

**Summary of Detail by Task**

SUMMARY OF TOTAL FEES BY TASK CATEGORY
FOR KE ANDREWS
March 6, 2023 through June 30, 2023

| Task | Description | Total Requested Fees |
|---|---|---|
| 2022 Tax Year | i.     Compliance: Attendance of physical on-site inspections, preparation and filing of business personal property returns.<br>ii.    Tax Savings & Reductions: reviewing assessments for correctness and fairness, preparation and filing of appeals, meeting informally with assessors for assessment negotiations, attending the formal Appraisal Review Board or Board of Equalization when necessary.<br>iii.   Administrative: preparing accruals and budgeting; gathering, verifying and processing of property tax statements for timely payment by client. | $37,500.00 |
| 2023 Tax Year | i.     Compliance: Attendance of physical on-site inspections, preparation and filing of business personal property returns.<br>ii.    Tax Savings & Reductions: reviewing assessments for correctness and fairness, preparation and filing of appeals, meeting informally with assessors for assessment negotiations, attending the formal Appraisal Review Board or Board of Equalization when necessary.<br>iii.   Administrative: preparing accruals and budgeting; gathering, verifying and processing of property tax statements for timely payment by client. | $150,000.00 |