Hearing Date: November Omnibus Hearing
Objection Deadline (for parties other than the Fee Examiner and U.S. Trustee): September 5, 2023 at 12:00 p.m. EDT

Timothy Martin
**HURON CONSULTING SERVICES LLC**
265 Franklin St., Suite 402
Boston, MA 02119
Tel: (617) 266-5530

*Financial Advisor to the Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK, INC., *et al.*,[1] | Case No. 22-10964(MG) |
| Debtors. | (Jointly Administered) |

**SUMMARY COVER SHEET TO THIRD INTERIM FEE
APPLICATION OF HURON CONSULTING SERVICES LLC
AS FINANCIAL ADVISOR TO THE EXAMINER FOR THE PERIOD FROM
MARCH 1, 2023, THROUGH AND INCLUDING MARCH 31, 2023**

| | |
|---|---|
| Name of Applicant: | **Huron Consulting Services LLC,** Financial Advisor to the Examiner |
| Date of Retention | November 1, 2022, effective as of the October 10, 2022 |
| **Period for Which Fees and expenses are Incurred:** | March 1, 2023 through March 31, 2023 |
| Amount of Compensation Sought as Actual, Reasonable, and Necessary: | $64,615.00 |
| Less Voluntary Discount for Preparation of Fee Applications ($12,522.00) | $52,093.00 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary: | $607.07 |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Ltd. (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

| | |
|---|---|
| Compensation Sought in this Application Already Paid Pursuant to a Monthly Compensation Order but Not Yet Allowed: | $0.00 |
| Expense Reimbursement Sought in this Application Already Paid Pursuant to a Monthly Compensation Order but Not Yet Allowed: | $0.00 |
| Total Balance Due Pursuant to this Application: | $52,700.07 |
| Total compensation approved to date by Interim Order: | $3,835,080.76 |
| Total expenses approved to date by Interim Order: | None |
| Total allowed compensation paid to date: | $3,835,080.76 |
| Total allowed expenses reimbursed to date: | None |
| Number of professionals included in this application: | 5 |
| Number of professionals billing fewer than 15 hours: | 3 |
| Type of fee statement or application | Interim Fee Application |
| Blended rate in this application for all timekeepers: | $828 (after voluntary discount) |
| Are any rates higher than those approved or disclosed at retention? | Yes. Rates for certain Huron professionals were increased as disclosed in the *Notice of Huron Consulting Services LLC, Financial Advisor to the Examiner, or Rate Increases Effective January 1, 2023* [Dkt. 1733] |
| Difference between fees budgeted and compensation sought: | $956,750.00[2] |

---

[2] The Amended Work Plan of Shoba Pillay, Examiner [Dkt. 1438-1] estimated that Huron's fee "would aggregate approximately $2 to $3 million." Huron's First Interim Application totaled $518,063.00 [Dkt. 1719] and Huron's Second Interim Application totaled $3,386,594.00 [Dkt: 2465]. With this Third application (net of the voluntary discount), the total amount of fees sought by Huron total $3,956,750.

| Professional | Title | Rate | Hours | Fees |
|---|---|---|---|---|
| Timothy Martin | Managing Director | $ 1,100 | 32.4 | $ 35,640.00 |
| Anju Joseph | Senior Director | 950 | 2.0 | $ 1,900.00 |
| Jean-Louis Sorondo | Senior Director | 950 | 20.4 | 19,380.00 |
| Michael Boyer | Senior Director | 950 | 1.7 | 1,615.00 |
| Robert Loh | Senior Director | 950 | 6.4 | 6,080.00 |
| Total | | | 62.9 | $ 64,615.00 |

**Hearing Date:** November Omnibus Hearing
**Objection Deadline** (for parties other than the Fee Examiner and U.S. Trustee): September 5, 2023 at 12:00 p.m. EDT

Timothy Martin
**HURON CONSULTING SERVICES LLC**
265 Franklin St., Suite 402
Boston, MA 02110
Tel: (617) 266-5530
tmartin@hcg.com

*Financial Advisor to the Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>    CELSIUS NETWORK, INC., *et al.*,[1]<br><br>        Debtors. | Chapter 11<br><br>Case No. 22-10964(MG)<br><br>(Jointly Administered) |

**THIRD INTERIM FEE APPLICATION OF HURON CONSULTING SERVICES
LLC AS FINANCIAL ADVISOR TO THE EXAMINER FOR THE PERIOD FROM
MARCH 1, 2023, THROUGH AND INCLUDING MARCH 31, 2023**

Huron Consulting Services LLC ("**Huron**"), Financial Advisor to the Examiner, hereby

submits its third interim fee application (the "**Third Fee Application**") for interim allowance and

approval of compensation for professional services provided and reimbursement of expenses

incurred in the amount of $52,700.07 for the period from March 1, 2023, through and including

March 31, 2023 (the "**Fee Period**") in accordance with sections 327, 330, and 331 of title 11 of

the United States Code (the "**Bankruptcy Code**"), Rules 2014 and 2016 of the Federal Rules of

Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rules 2014-1 and 2016-1 of the Local

Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

(the "**Local Rules**"), and the *Amended Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief* [Dkt. 1745] ("**Interim Compensation Order**"); the Court's *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, dated July 17, 2013 (the "**Local Guidelines**"); the United States Trustee's *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Large Chapter 11 Cases Effective as of November 1, 2013* (the "**UST Guidelines**"); and the *Amended Order Appointing Independent Fee Examiner and Establishing Related Procedures for the Review of Fee Applications of Retained Professionals* (the "**Fee Examiner Order**") [Dkt. 1746]. In support of this Application, Huron submits the *Certification of Timothy Martin* (the "**Martin Certification**"), attached hereto as **Exhibit A**, and respectfully represents as follows:

## PRELIMINARY STATEMENT

1.      On October 14, 2022, the Examiner filed her *Application for Entry of an Order Authorizing the Employment and Retention of Huron Consulting Services LLC as Financial Advisor Effective as of October 10, 2022* [Dkt. 1070], which included a copy of the engagement letter between Huron and the Examiner and was approved by the terms of the Retention Order [Dkt. 1262] (the "**Retention Order**"). During the Interim Period, Huron worked for or on behalf of the Examiner and with the Examiner's counsel and reviewed and analyzed large volume of data and records, interviewed current and former Celsius personnel and customers, engaged in numerous information-gathering discussions with the various interested parties, including the Debtors, and assisted with both the *Interim Report of Shoba Pillay, Examiner*, filed November 19, 2022 [Dkt. 1411] (the "**Interim Report**") and the *Final Report of Shoba Pillay, Examiner*, filed

January 31, 2023 [Dkt. 1956] (the "**Final Report**"). Huron submits that its work during the Third Interim Period was necessary for, and beneficial to, the Examiner in these chapter 11 cases, and respectfully requests that the Court award the fees requested in this Interim Fee Application.

## <u>JURISDICTION</u>

1.      The United States Bankruptcy Court for the Southern District of New York has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are Bankruptcy Code sections 330 and 331, Bankruptcy Rule 2016, and Local Rule 2016-1.

## <u>BACKGROUND</u>

4.      On July 13, 2022 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors have continued to operate their businesses and manage their affairs as debtors and debtors in possession under Bankruptcy Code sections 1107(a) and 1108.

5.      On August 18, 2022, the United States Trustee filed a motion seeking appointment of an examiner. [Dkt. 546.]

6.      On September 14, 2022, the Court entered the *Order Directing the Appointment of an Examiner Pursuant to Section 1104(c) of the Bankruptcy Code* [Dkt. 820] ("**Examiner Order**"), directing the appointment of an examiner under section 1104(c) to investigate:

      a.      "the Debtors' cryptocurrency holdings, including a determination as to where the Debtors' cryptocurrency holdings were stored prepetition and are stored post petition and whether different types of accounts are commingled";

    b.    "why there was a change in account offerings beginning in April 2022 from the Earn Program to the Custody Service for some customers while others were placed in a 'Withhold Account'";

    c.    "the Debtors' procedures for paying sales taxes, use taxes, and value-added taxes and the extent of the Debtors' compliance with any non-bankruptcy laws with respect thereto"; and

    d.    "the current status of the utility obligations of the Debtors' mining business."

(Examiner Order ¶ 3.)

7.      The Examiner Order also directed the examiner to "otherwise perform the duties of an examiner set forth in §§ 1106(a)(3) and 1106(a)(4) of the Bankruptcy Code," subject to the terms of the Examiner Order. (*Id.*)

8.      On September 29, 2022, the United States Trustee appointed Shoba Pillay as Examiner and filed a notice of the appointment [Dkt. 920] and the Examiner Application. Also on September 29, 2022, this Court entered an order approving the appointment of the Examiner. [Dkt. 923.]

9.      On October 11, 2022, the Examiner filed her Work Plan, in accordance with paragraph 7 of the Examiner Order [Dkt. 1013-1] ("**Initial Work Plan**"). Under the Examiner Order, the Examiner's final report was due 60 days after the filing of her Initial Work Plan—i.e., December 10, 2022—absent further order of the Court on notice to all parties. (Examiner Order ¶ 8.)

10.      On October 11, 2022, the Bankruptcy Court entered a scheduling order to address claims made by two ad hoc groups. These groups claim that the crypto assets held in what Celsius called Custody and Withhold accounts are property of the account holders, rather than property of Celsius' bankruptcy estates. (*See Joint Stipulation and Agreed Scheduling Order By and Among the Debtors, The Committee, The Ad Hoc Groups With Respect to Custody and Withhold Issues*

[Dkt. 1044] ("**Phase I Order**").) Because of factual overlap between this claim and the Examiner's

investigation, the Court directed the Examiner to file an Interim Report by November 19, 2022

addressing several factual issues:

- how and when the Custody and Withhold wallets were created;

- whether the Custody and Withhold wallets have only ever held Custody and Withhold Coins, respectively, and whether the Custody and Withhold wallets include coins that have been designated as pledged collateral;

- the process by which coins were transferred in and out of Custody and Withhold wallets;

- the balance of assets in Custody and Withhold accounts and Custody and Withhold liabilities in the ten (10) days before and after the pause by coin;

- the number and types of coins that are currently in Custody and Withhold wallets as a step in an unsuccessful attempt to withdraw coins off of the platform (to the extent ascertainable).

(*Id.* ¶ 7.)

11.    On November 1, 2022, the Court entered an Order Approving Examiner's Motion

to Confirm Examination Scope or Alternatively for Expansion of the Scope of the Examination

[Dkt. 1260] ("**First Scope Order**"), which clarified that:

a. Topic (i) set forth in the Examiner Order includes an examination of the Debtors' CEL tokens, including why and how other digital assets were converted into CEL tokens, and how these tokens were marketed, stored, and traded – including whether any of the Debtors' trading practices involving CEL tokens generally or determinations of CEL tokens awarded as part of the Earn Rewards program – impacted their value, and

b. Topic (ii) set forth in the Examiner Order includes an examination of the representations Debtors generally made in public representations to customers to attract them to their platform and about their cryptocurrency holdings and account offerings.

(*Id.* ¶¶ 2-3.)

12.    On November 14, 2022, the Court entered a Stipulation and Agreed Order

Modifying Scope of Examiner Order [Dkt. 1343] ("**Second Scope Order**," and together with the

First Scope Order, the "**Examiner Orders**") under which the "[t]he scope of the Examiner's factual investigation and report is expanded to include an investigation and report on whether the Debtors used new deposits being made by customers to make payments or otherwise meet obligations to existing customers at a time when the Debtors had no other sources (whether liquid or which could have been monetized) from which to make such payments or meet such obligations." (*Id.* ¶ 1.).

13.     On November 19, 2022, the Examiner filed the Interim Report, addressing the issues identified in the Phase I Order.

14.     On December 2, 2022, the Court entered an Order Approving Amended Work Plan [Dkt. 1562], which approved the Examiner's Amended Work Plan [Dkt. 1438-1] ("**Amended Work Plan**") and extended the Examiner's deadline to file her Final Report ("**Final Report**") to January 17, 2023. The Amended Work Plan estimates the total fees for the Examiner and Jenner & Block would aggregate approximately $6 to $7 million in light of the clarified and expanded scope of the Examiner's investigation. (*Id.* ¶ 29.)

15.     On January 11, 2023 the Court entered an order extending the Examiner's deadline to file the Final Report to January 30, 2023. [Dkt. 1851.]

16.     On January 31, 2023, the Examiner filed the Final Report [Dkt. 1956].

## HURON'S STATEMENT AND REQUEST

17.     On October 14, 2022, the Examiner filed her *Application to Employ Huron Consulting Services LLC as Financial Advisor to the Examiner* [Dkt. 1070].

18.     On November 1, 2022, the Court entered the Retention Order.

19.     On December 15, 2022, Huron filed the *First Interim Application of Huron Consulting Services LLC for Professional Services Rendered and Reimbursement of Expenses Incurred as Financial Advisor to the Examiner for the Period of October 10, 2022 through October*

*31, 2022* [Dkt. 1719] (the "**First Interim Application**"), seeking $518,063.00 in fees. On April 24, 2023, the Court issued an Order allowing compensation in the amount of $501.510.06. [Dkt. 2523]

20.    On April 14, 2023, Huron filed the *Second Interim Application of Huron Consulting Services LLC for Professional Services Rendered and Reimbursement of Expenses Incurred as Financial Advisor to the Examiner for the Period of November 1, 2022 through February 28, 2023* [Dkt. 2465] (the "**Second Interim Application**"), seeking $3,386,594.00 in fees. On July 19, 2023, the Court issued an Order allowing compensation in the amount of $3,333,570.06. [Dkt. 3055].

21.    All services provided by Huron during the Fee Period were performed for or on behalf of the Examiner. Huron has received no payment and no promises of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Interim Fee Application. There is, and has been, no agreement or understanding between Huron and any other entity for the sharing of compensation to be received for services rendered in these cases. Under the engagement letter between Huron and the Examiner [Dkt. 1070-4] (the "Engagement Letter"), as approved by the terms of the Retention Order, Huron is entitled to compensation for fees earned in its role assisting the Examiner during the pendency of these chapter 11 cases.

22.    The Application is supported by the following Exhibits, which are attached hereto and patterned on the U.S. Trustee Guidelines:

23.    **Exhibit A** is a certification by the undersigned Managing Director of Huron regarding compliance with the Local Guidelines.

24.    **Exhibit B** is a summary of Huron's professionals by individual, setting forth the (a) name and title of each individual who provided services during the Fee Period, (b) aggregate hours spent by each individual, (c) hourly billing rate for each such individual at Huron's current billing rates, and (d) amount of fees earned by each Huron professional. The blended hourly billing rate of Huron timekeepers during the Fee Period is approximately $889.66.

25.    **Exhibit C** is a summary of the services rendered and compensation sought, by project category. The project categories include:

a.    **Task 4 - Billing and Fee Applications.** Huron's recorded time entries in this task category reflect time spent preparing Huron's second interim applications. For the period of March 1, 2023 through March 31, 2023, Huron has sought a total of $29,218 ($41,740 less a voluntary discount of 30% or $12,522) in fees in this category.

b.    **Task 6 - Communications with Parties in Interest.** Huron's recorded time entries in this task category include, among other things: (a) meeting and communicating with the Official Committee of Unsecured Creditors' professionals and others regarding sharing of information, coordination of efforts, and avoiding duplication of work; and (b) other third-party communication not attributable to a specific task category. For the period of March 1, 2023 through March 31, 2023, Huron has sought a total of $22,875 in fees in this category.

26.    Attached hereto as **Exhibit D** are itemized time records of Huron's professionals for the Fee Period and summary materials related thereto.

27.    Attached hereto as **Exhibit E** are Huron's records of expenses incurred in the

8

rendition of professional services to the Examiner during the Interim Period.

## HURON'S REQUESTED COMPENSATION
## AND REIMBURSEMENT SHOULD BE ALLOWED

28.     Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent, and the value of such services, taking into account all relevant factors, including—
>
> (a)     the time spent on such services;
>
> (b)     the rates charged for such services;
>
> (c)     whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (d)     whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
>
> (e)     whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

29.     Huron respectfully submits that the services for which it seeks compensation in this Fee Application were, at the time rendered, necessary for and beneficial to the Examiner and were rendered for or on behalf of the Examiner. Huron further believes that it performed the services for the Examiner economically, effectively, and efficiently, and the results obtained benefited the

Examiner. Huron further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Examiner in the performance of their duties.

30.     In sum, Huron respectfully submits that the professional services provided by Huron on behalf of the Examiner during these chapter 11 cases were necessary and appropriate given the complexity of these chapter 11 cases, the time expended by Huron, the nature and extent of Huron's services provided, the value of Huron's services, and the cost of comparable services outside of bankruptcy, all of which are relevant factors set forth in section 330 of the Bankruptcy Code. Accordingly, Huron respectfully submits that approval of the compensation sought herein is warranted and should be approved. To the extent that this Application is not in compliance with the Local Guidelines or any provision of the Interim Compensation Order, Huron respectfully requests that such Local Guidelines or provisions of the Interim Compensation Order be waived to the extent that any deviations are not material.

31.     As detailed in Exhibit E, Huron has incurred a total of $607.07 in expenses on behalf of the Examiner during the Interim Period. These expenses are intended to reimburse Huron's direct costs that are not included in Huron's hourly billing rates. Only clients who use services of the types set forth in Exhibit E of this Fee Application are charged for such services.

**RESERVATION OF RIGHTS**

32.     It is possible that some professional time expended or expenses incurred during the Fee Period are not reflected in this Application. Huron reserves the right to include such amounts in future fee applications.

WHEREFORE, Huron respectfully requests that the Court enter an order (a) awarding Huron's interim compensation for professional and paraprofessional services provided during the Fee Period in the amount of $52,093.00; (b) interim allowance of $607.07 for the actual and necessary costs and expenses that Huron incurred in connection with such services during the Interim Period; (c) authorizing and directing the Debtors to remit payment to Huron for such fees; and (d) granting such other relief as is appropriate under the circumstances.

Dated: August 15, 2023
      Boston, MA

                          Respectfully submitted,

                          /s/ Timothy J. Martin
                          Timothy J. Martin
                          **HURON CONSULTING SERVICES LLC**
                          265 Franklin St., Suite 402
                          Boston, MA 02110
                          Tel: (617) 266-5530
                          tmartin@hcg.com

                          *Financial Advisor to the Examiner*

## **EXHIBIT A**

**Martin Certification**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

In re:

CELSIUS NETWORK, INC., *et al.*,[1]

Debtors.

Chapter 11

Case No. 22-10964(MG)

(Jointly Administered)

---

**CERTIFICATION UNDER LOCAL GUIDELINES**
**FOR FEES AND DISBURSEMENTS FOR PROFESSIONALS**
**IN RESPECT OF THE THIRD INTERIM FEE APPLICATION**
**OF HURON CONSULTING SERVICES LLC FOR COMPENSATION**
**FOR PROFESSIONAL SERVICES RENDERED AS FINANCIAL ADVISORS TO THE**
**EXAMINER FROM MARCH 1, 2023 TO AND INCLUDING MARCH 31, 2023**

I, Timothy Martin, hereby certify that:

1.      I am a Managing Director of Huron Consulting Services LLC, a financial advisory

firm with offices located at 265 Franklin St, Boston MA 02110.

2.      This certification is made in respect to Huron's compliance with *General Order M-*

*447, Amended Guidelines for Fees and Disbursements for Professionals in Southern District of*

*New York Bankruptcy Cases Pursuant to Local Rule 2016-1(a)* (as updated June 17, 2013)

(the "**Local Guidelines**") in connection with interim application filed contemporaneously here

within (the "**Application**") for compensation for the period commencing March 1, 2023 to and

including March 31, 2023 in accordance with Local Guidelines.

3.      In respect of Section B.1 of the Local Guidelines, I certify that:

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax
identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417);
Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks
Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Ltd. (0893); and GK8 USA LLC
(9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address
in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

    a.   I have read the Application;

    b.   To the best of my knowledge, information, and belief formed after reasonable inquiry, the fees sought fall within the Local Guidelines;

    c.   The fees and disbursements sought are billed at rates and in accordance with practices customarily employed by Huron and generally accepted by Huron's clients; and

    d.   With respect to the expense reimbursement sought in the Application, Huron did not make a profit on account of such expenses incurred, where performed by Huron in-house or through a third party.

4.    I certify that Huron has provided the information required by the Local Guidelines in the Application and that the United States Trustee for the Southern District of New York, the Debtors, and the counsel for the Debtors are being provided with a copy of the Application.

Dated: August 15, 2023
       Boston, MA             Respectfully submitted,

                         /s/ Timothy J. Martin
                         Timothy J. Martin
                         **HURON CONSULTING SERVICES LLC**
                         265 Franklin St., Suite 402
                         Boston, MA 02110
                         Tel: (617) 266-5530
                         tmartin@hcg.com

**Hearing Date:** November Omnibus Hearing
**Objection Deadline** (for parties other than the Fee Examiner and U.S. Trustee): September 5, 2023 at 12:00 p.m. EDT

## <u>EXHIBIT B</u>

### Summary of Time Billed by Professional for the Third Fee Period

| Professional | Title | Rate | Hours | Fees |
|---|---|---|---|---|
| Timothy Martin | Managing Director | $ 1,100 | 32.4 | $ 35,640.00 |
| Anju Joseph | Senior Director | 950 | 2.0 | $ 1,900.00 |
| Jean-Louis Sorondo | Senior Director | 950 | 20.4 | 19,380.00 |
| Michael Boyer | Senior Director | 950 | 1.7 | 1,615.00 |
| Robert Loh | Senior Director | 950 | 6.4 | 6,080.00 |
| Total | | | 62.9 | $ 64,615.00 |

## EXHIBIT C

**Summary of Time Billed by Project Category for the Third Fee Period**

| Task Code | Description | Hours | Fees |
|---|---|---|---|
| 1 | Cryptocurrency Analysis | - | $        - |
| 2 | Tax Issues | - | - |
| 3 | Utility Obligations | - | - |
| 4 | Billing and Fee Applications | 41.0 | 41,740.00 |
| 5 | Investigation Planning and Analysis | - | - |
| 6 | Communication with Parties in Interest | 21.9 | 22,875.00 |
| 7 | Witness Interviews | - | - |
| 8 | Report Preparation and Drafting | - | - |
| 9 | Business Operations | - | - |
| 10 | Asset Valuation | - | - |
|  | Total | 62.9 | $ 64,615.00 |

**<u>EXHIBIT D</u>**

Fee Detail

**Task Code 4: Billing and Fee Applications**

| Date | Professional | Description | Hours |
|------|-------------|-------------|-------|
| 3/1/2023 | Timothy Martin | Review of reconciliaiton of meeting times between professionals (including Jenner). | 1.60 |
| 3/3/2023 | Anju Joseph | Follow up with T. Martin (Huron) regarding reconciliation of meetings. | 0.80 |
| 3/3/2023 | Timothy Martin | Continue review of reconciliaiton of meeting times between professionals (including Jenner). | 1.70 |
| 3/7/2023 | Timothy Martin | Review and edit fee statements including bankruptcy code references. | 2.30 |
| 3/13/2023 | Jean-Louis Sorondo | Incorporate revisions to fee statements propsed by T. Martin. | 2.30 |
| 3/13/2023 | Timothy Martin | Review of draft fee statement schedules. | 1.70 |
| 3/17/2023 | Timothy Martin | Review compiled exhibits for each fee statement. | 1.30 |
| 3/20/2023 | Timothy Martin | Review of reconciliations for Huron's November and December fee statements. | 1.90 |
| 3/21/2023 | Timothy Martin | Review and comment on draft versions of fee statements and related schedules. | 3.10 |
| 3/23/2023 | Timothy Martin | Draft narrative of Huron's Second Fee Application. | 2.60 |
| 3/24/2023 | Anju Joseph | Incorporate T. Martin's edits to draft Second Fee Application. | 1.20 |
| 3/27/2023 | Jean-Louis Sorondo | Reconcile meetings for Huron's Second and Third Fee Statements. | 3.40 |
| 3/27/2023 | Timothy Martin | Review updated draft of Huron's Second - Firth Fee Statements. | 1.40 |
| 3/28/2023 | Jean-Louis Sorondo | Prepare November fee application exhibit D, A and B and reconcile. | 3.70 |
| 3/29/2023 | Jean-Louis Sorondo | Call with T. Martin (Huron) regarding proposed edits to fee statement. | 0.40 |
| 3/29/2023 | Jean-Louis Sorondo | Prepare December (Third Fee Statement) Exhibits A, B and D. | 3.60 |
| 3/29/2023 | Timothy Martin | Call with J. Sorondo (Huron) regarding proposed edits to fee statement. | 0.40 |
| 3/30/2023 | Jean-Louis Sorondo | Prepare exhibit D to January (Fourth Fee Statement) fee statement. | 3.80 |
| 3/31/2023 | Jean-Louis Sorondo | Final preparation of fee app exhibits A, B and D to fee statements. | 3.20 |
| 3/31/2023 | Timothy Martin | Review and comment on draft versions of Huron's Second - Fifth Fee Statements. | 0.60 |

**Total: Billing and Fee Applications**　　　　　　　　　　　　　　　　　　　　**41.00**

**Task Code 6: Communications with Parties in Interest**

| Date | Professional | Description | Hours |
|---|---|---|---|
| 03/17/23 | Timothy Martin | Call with Examiner regarding scheduling call with UCC counsel. | 0.2 |
| 03/18/23 | Michael Boyer | Call with R. Loh and T. Martin (both Huron) regarding proposed topics for call with UCC counsel. | 0.6 |
| 03/18/23 | Robert Loh | Call with T. Martin and M. Boyer (both Huron) regarding proposed topics for call with UCC counsel. | 0.6 |
| 03/18/23 | Timothy Martin | Call with R. Loh and M. Boyer (both Huron) regarding proposed topics for call with UCC counsel. | 0.6 |
| 03/20/23 | Michael Boyer | Call with R. Loh and T. Martin (both Huron) to prepare for call with UCC counsel. | 1.1 |
| 03/20/23 | Robert Loh | Call with T. Martin and M. Boyer (both Huron) to prepare for call with UCC counsel. | 1.1 |
| 03/20/23 | Timothy Martin | Prepare for call with Examiner and Jenner regarding call with UCC counsel and proposed topics. | 1.4 |
| 03/20/23 | Timothy Martin | Call with R. Loh and M. Boyer (both Huron) to prepare for call with UCC counsel. | 1.1 |
| 03/21/23 | Robert Loh | Review of examiner report in preparation for call with UCC counsel. | 3.1 |
| 03/21/23 | Timothy Martin | Review of examiner report and appendicies in preparation for call with UCC counsel. | 3.4 |
| 03/22/23 | Robert Loh | Participate in meeting with Examiner, Jenner, M3 and counsel to UCC in connection with report. | 1.0 |
| 03/22/23 | Timothy Martin | Participate in meeting with Examiner, Jenner, M3 and counsel to UCC in connection with report. | 1.0 |
| 03/23/23 | Robert Loh | Call with T. Martin (Huron) regarding reconcilation of cryptocurrency balances. | 0.6 |
| 03/23/23 | Timothy Martin | Review of Fireblocks reports and related reconciliation as followup to call with UCC counsel. | 3.3 |
| 03/24/23 | Timothy Martin | Review of analysis of cryptocurrency balances and related methodology. | 2.2 |
| 03/24/23 | Timothy Martin | Call with R. Loh (Huron) regarding reconciliation of cryptocurrency balances. | 0.6 |

**Total: Communications with Parties in Interest**      **21.90**

**EXHIBIT E**

Expense Detail

Listed below are the expenses incurred for each expense category:

| Expense Category | Amount |
|---|---|
| Airfare | $        - |
| Ground Transportation | - |
| Lodging | - |
| Meals | - |
| Printing* | 607.07 |

**Total Expenses Requested**          **$      607.07**

*Outside printing and binding of Examiner's Report and exhibits.