**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**FIFTH JOINT STIPULATION AND AGREED ORDER BETWEEN**
**THE FEDERAL TRADE COMMISSION AND THE DEBTORS TO EXTEND**
**THE DEADLINE FOR FILING A NONDISCHARGEABILITY COMPLAINT**

This stipulation and agreed order (this "Fifth Stipulation") is entered into by and among the Federal Trade Commission ("FTC") and Celsius Network LLC and its affiliated debtors and debtors in possession (the "Debtors" and, together with the FTC, the "Parties"), each of which agrees and stipulates to the following:

**WHEREAS,** on July 13, 2022, each of the Initial Debtors filed a petition with the United States Bankruptcy Court for the Southern District of New York (the "Court") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

**WHEREAS**, the Debtors are operating their business and managing their property as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

**WHEREAS**, the United States Trustee conducted the first meeting of creditors on August 19, 2022.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956) (collectively, the "Initial Debtors"); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450) (collectively, the "GK8 Debtors"). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

**WHEREAS**, the deadline to file complaints objecting to the Debtors' discharge or dischargeability of certain debts is sixty days after the date first set for the meeting of creditors (the "Nondischargeability Deadline").

**WHEREAS**, the Court may, "for cause," extend the Nondischargeability Deadline. *See* Fed. R. Bankr. P. 4007(c); *see also* Fed. R. Bankr. P. 9006(b)(3).

**WHEREAS**, the Parties submitted a stipulation on October 14, 2022 [Docket No. 1066], which the Court approved on November 7, 2022, extending the deadline for filing any complaint to object to dischargeability of debts under sections 523 and 1141(d)(6) of the Bankruptcy Code through and including April 18, 2023 [Docket No. 1296].

**WHEREAS**, the Parties submitted a second stipulation on March 31, 2023 [Docket No. 2354] which the Court approved on April 17, 2023, extending the deadline for filing any complaint to object to dischargeability of debts under sections 523 and 1141(d)(6) of the Bankruptcy Code through and including May 15, 2023 [Docket No. 2485].

**WHEREAS**, the Parties submitted a third stipulation on May 9, 2023 [Docket No. 2602] which the Court approved on May 23, 2023, extending the deadline for filing any complaint to object to dischargeability of debts under sections 523 and 1141(d)(6) of the Bankruptcy Code through and including June 30, 2023 [Docket No. 2705].

**WHEREAS**, the Parties submitted a fourth stipulation on June 21, 2023 [Docket No. 2836] which the Court approved on July 7, 2023, extending the deadline for filing any complaint to object to dischargeability of debts under sections 523 and 1141(d)(6) of the Bankruptcy Code through and including August 14, 2023 [Docket No. 2976].

**WHEREAS**, the Parties reached a resolution of certain of the FTC's claims against the Debtors, and, in connection with such resolution, the Debtors have filed the *Joint Stipulation and*

*Agreed Order Between the Federal Trade Commission and the Debtors to Enter Into Stipulated Order in the District Court* [Docket No. 3095] (the "FTC Action Stipulation"), in which the Parties stipulated and agreed the FTC's claims are nondischargeable, and thus, if approved will negate the FTC's need, if any, to file a complaint to have a debt excepted from discharge.

**WHEREAS**, the official committee of unsecured creditors (the "Committee") filed an objection to the FTC Action Stipulation on August 2, 2023 [Docket No. 3136].

**WHEREAS**, the Debtors, the Committee, and the FTC are engaged in discussions regarding the resolution of the Committee's objection to the FTC Action Stipulation.

**WHEREAS**, in light of the ongoing negotiations, the Debtors and the FTC have agreed to further extend the Nondischargeability Deadline.

**WHEREAS,** the Parties now jointly submit this Fifth Stipulation and request the Court approve the below.

**IT IS THEREFORE STIPULATED AND AGREED, AND UPON BANKRUPTCY COURT APPROVAL HEREOF, IT IS HEREBY ORDERED THAT:**

**1.**     The deadline for the FTC to file any complaint to object to dischargeability of debts under sections 523 and 1141(d)(6) of the Bankruptcy Code is hereby extended through and including September 28, 2023.

2.     Neither this Fifth Stipulation nor any negotiations and writings in connection herewith will in any way be construed as or deemed to be evidence of, or an admission on behalf of any Party regarding, any claim or right that such Party may have against the other Party.

3.     Neither this Fifth Stipulation, nor any terms contained herein, shall be offered as evidence in any legal or administrative proceeding among or between the Parties, other than as may be necessary:  (a) to obtain approval of and to enforce this Fifth Stipulation or (b) to seek

damages or injunctive relief in connection therewith.

4. Nothing in this Fifth Stipulation or the relief sought herein shall constitute or be deemed: (a) an allowance of administrative expense claims under section 503(b) of the Bankruptcy Code; (b) an assumption or rejection of an executory contract or unexpired lease under section 365 of the Bankruptcy Code; (c) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (d) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds whatsoever; (e) a promise or requirement to pay any claim; (f) an implication or admission that any particular claim is of a type specified or defined in the Fifth Stipulation or a finding that any particular claim is an administrative expense claim or other priority claim; (g) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' bankruptcy estates; (h) a waiver or limitation of the Debtors', or any insurers', rights under the Bankruptcy Code or any other applicable nonbankruptcy law; or (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to this Fifth Stipulation are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

5. Each of the Parties to this Fifth Stipulation represents and warrants it is duly authorized to enter into and be bound by this Fifth Stipulation.

6. This Fifth Stipulation may be executed in identical counterparts, including by facsimile and/or electronic mail, each of which shall be deemed an original, but all of which together constitute one and the same instrument.

7. This Fifth Stipulation represents the entire agreement by and between the Parties

with respect to the subject matter hereof, and all prior understandings or agreements, if any, are merged into this Fifth Stipulation.

8. The Court retains exclusive jurisdiction with respect to any disputes arising from or other actions to interpret, administer, or enforce the terms and provisions of this Fifth Stipulation, and the Parties hereby consent to such jurisdiction to resolve any disputes or controversies arising from or related to the implementation of this Fifth Stipulation.

**IT IS SO ORDERED.**

Dated: August 24, 2023
       New York, New York

                                                **/s/ Martin Glenn**
                                                MARTIN GLENN
                              Chief United States Bankruptcy Judge

**IN WITNESS WHEREOF**, the Parties, by their respective authorized counsel, have executed this Fifth Stipulation as of the date written below:

| | |
|---|---|
| New York, New York<br>Dated: August 10, 2023 | */s/ Joshua A. Sussberg*<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C.<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:   (212) 446-4800<br>Facsimile:    (212) 446-4900<br>Email:           joshua.sussberg@kirkland.com<br><br> - and -<br><br>Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)<br>Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)<br>Christopher S. Koenig<br>Dan Latona (admitted *pro hac vice*)<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Telephone:   (312) 862-2000<br>Facsimile:    (312) 862-2200<br>Email:           patrick.nash@kirkland.com<br>                     ross.kwasteniet@kirkland.com<br>                     chris.koenig@kirkland.com<br>                     dan.latona@kirkland.com<br><br>*Counsel to the Debtors and Debtors in Possession* |
| | */s/ Katherine Johnson*<br>**FEDERAL TRADE COMMISSION**<br>Katherine Johnson (admitted *pro hac vice*)<br>Katherine Aizpuru<br>600 Pennsylvania Ave., N.W.<br>Mail Stop CC-9528<br>Washington, District of Columbia 20580<br>Telephone:   (202) 326-2185 (Johnson)<br>Telephone:   (202) 326-2870 (Aizpuru)<br>Facsimile:    (202) 326-3197<br>Email:           kjohnson3@ftc.gov<br>                     kaizpuru@ftc.gov<br><br>*Counsel for the Federal Trade Commission* |