**Hearing Date:  September 7, 2023, at 10:00 a.m. (prevailing Eastern Time)**
**Objection Deadline:  August 31, 2023, at 4:00 p.m. (prevailing Eastern Time)**

Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**NOTICE OF HEARING ON**
**DEBTORS' FOURTH MOTION FOR ENTRY**
**OF AN ORDER (I) EXTENDING THE DEBTORS'**
**EXCLUSIVE PERIOD TO SOLICIT ACCEPTANCES**
**OF A CHAPTER 11 PLAN PURSUANT TO SECTION 1121**
**OF THE BANKRUPTCY CODE AND (II) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE** that a hearing on the *Debtors' Fourth Motion for Entry of an Order (I) Extending the Debtors' Exclusive Period to Solicit Acceptances of a Chapter 11 Plan Pursuant to Section 1121 of the Bankruptcy Code and (II) Granting Related Relief* (the "Motion") will be held on **September 7, 2023, at 10:00 a.m., prevailing Eastern Time** (the "Hearing") before the Honorable Martin Glenn, Chief United States Bankruptcy Judge.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

**PLEASE TAKE FURTHER NOTICE** that the Hearing will take place in a hybrid fashion both in person and via Zoom for Government. Those wishing to participate in the Hearing in person may appear before the Honorable Martin Glenn, Chief United States Bankruptcy Judge, in the United States Bankruptcy Court for the Southern District of New York, in Courtroom No. 523, located at One Bowling Green, New York, New York 10004-1408. For those wishing to participate remotely, in accordance with General Order M-543 dated March 20, 2020, the Hearing will be conducted remotely using Zoom for Government. Parties wishing to appear at or listen to the Hearing, whether (a) an attorney or non-attorney, (b) appearing in person or remotely, or (c) making a "live" or "listen only" appearance before the Court, need to make an electronic appearance (an "eCourtAppearance") through the Court's website at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl. When making an eCourtAppearance, parties must specify whether they will appear at the Hearing remotely or in person and, and if appearing remotely, whether they are making a "live" or "listen only" appearance. Electronic appearances (eCourtAppearances) need to be made by **4:00 p.m., prevailing Eastern Time, the business day before the hearing (*i.e.*, on September 6, 2023)**.

**PLEASE TAKE FURTHER NOTICE** that due to the large number of expected participants in the Hearing and the Court's security requirements for participating in a Zoom for Government audio and video hearing, all persons seeking to attend the Hearing remotely must connect to the Hearing beginning at 9:00 a.m., prevailing Eastern Time on September 7, 2023. When parties sign in to Zoom for Government and add their names, they must type in the first and last name that will be used to identify them at the Hearing. Parties that type in only their first name, a nickname, or initials will not be admitted into the Hearing. When seeking to connect for either audio or video participation in a Zoom for Government Hearing, you will first

enter a "Waiting Room" in the order in which you seek to connect.  Court personnel will admit each person to the Hearing from the Waiting Room after confirming the person's name (and telephone number, if a telephone is used to connect) with their eCourtAppearance.  Because of the large number of expected participants, you may experience a delay in the Waiting Room before you are admitted to the Hearing.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the relief requested in the Motion shall:  (a) be in writing; (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York; (c) be filed electronically with the Court on the docket of *In re Celsius Network LLC*, No. 22-10964 (MG) by registered users of the Court's electronic filing system and in accordance with all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York (which are available on the Court's website at http://www.nysb.uscourts.gov); and (d) be served in accordance with the *Second Amended Final Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief* [Docket No. 2560] (the "Case Management Order") by **August 31, 2023, at 4:00 p.m., prevailing Eastern Time**, to (i) the entities on the Master Service List (as defined in the Case Management Order and available on the case website of the Debtors at https://cases.stretto.com/celsius) and (ii) any person or entity with a particularized interest in the subject matter of the Motion.

**PLEASE TAKE FURTHER NOTICE** that only those responses or objections that are timely filed, served, and received will be considered at the Hearing.  Failure to file a timely objection may result in entry of a final order granting the Motion as requested by the Debtors.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion and other pleadings filed in these chapter 11 cases may be obtained free of charge by visiting the website of Stretto at https://cases.stretto.com/celsius.  You may also obtain copies of the Motion and other pleadings filed in these chapter 11 cases by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

*[Remainder of page intentionally left blank]*

New York, New York
Dated:  August 24, 2023

*/s/ Joshua A. Sussberg*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:        (212) 446-4800
Facsimile:        (212) 446-4900
Email:            jsussberg@kirkland.com

 - and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:        (312) 862-2000
Facsimile:        (312) 862-2200
Email:            patrick.nash@kirkland.com
                  ross.kwasteniet@kirkland.com
                  chris.koenig@kirkland.com
                  dan.latona@kirkland.com

*Counsel to the Debtors and Debtors in Possession*

**Hearing Date:  September 7, 2023, at 10:00 a.m. (prevailing Eastern Time)**
**Objection Deadline:  August 31, 2023, at 4:00 p.m. (prevailing Eastern Time)**

Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## DEBTORS' FOURTH MOTION FOR ENTRY
## OF AN ORDER (I) EXTENDING THE DEBTORS'
## EXCLUSIVE PERIOD TO SOLICIT ACCEPTANCES
## OF A CHAPTER 11 PLAN PURSUANT TO SECTION 1121
## OF THE BANKRUPTCY CODE AND (II) GRANTING RELATED RELIEF

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state

the following in support of this motion (this "Motion"):[2]

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the *Disclosure Statement for the Joint Chapter 11 Plan of Reorganization of Celsius Network LLC and Its Debtor Affiliates* [Docket No. 3332] (as may be amended, modified, or supplemented from time to time, the "Disclosure Statement") or the *Joint Chapter 11 Plan of Reorganization of Celsius Network LLC and Its Debtor Affiliates* [Docket No. 3319] (as may be amended, modified, or supplemented from time to time, the "Plan"), as applicable.

**Preliminary Statement**

1.      The momentum in these chapter 11 cases is palpable.  After completing the auction and obtaining approval of the Disclosure Statement, the Debtors are now actively soliciting votes on their Plan, with the confirmation hearing scheduled to begin in early October. While a lot of work remains, the end is in sight—the Debtors are well-positioned to emerge from chapter 11 by the end of the year and are working hand-in-glove with the Committee to do so. An extension of the Debtors' exclusive right to solicit the Plan is essential to protect the progress made to date and achieve a value-maximizing conclusion.  Simply put, the Debtors are seeking a short extension of the Solicitation Exclusivity Period to finish what they started.

2.      The Debtors have used each of the three previous exclusivity extensions to advance these chapter 11 cases to where they are today.  Indeed, since the Debtors obtained their third exclusivity extension, the Court approved the Disclosure Statement, and the Debtors began solicitation of votes on the Plan.  The Plan is the culmination of a months'-long competitive auction process that generated hundreds of millions of dollars of additional value for creditors and provided the Debtors with multiple paths out of chapter 11 (*i.e.*, a "NewCo" transaction sponsored by Fahrenheit and an orderly wind-down backstopped by the BRIC).  The Plan reflects negotiated settlements with representatives of most of the Debtors' key constituencies, including the Custody Ad Hoc Group, the Withhold Ad Hoc Group, the Retail Borrower Ad Hoc Group, the Earn Ad Hoc Group, and the Initial Series B Preferred Holders.  For the other groups, the Plan contains good-faith settlement proposals developed in partnership with the Committee, which the Debtors will be prepared to support at the confirmation hearing.

3.      The Debtors have also made substantial progress since the last exclusivity extension independent of the Plan and Disclosure Statement.  Most notably, the Debtors reached

consensual resolutions with the U.S. Department of Justice, the Securities and Exchange Commission, the Federal Trade Commission, and the U.S. Commodity Futures Trading Commission that will avoid disruption and delay to these cases and dilution of account holder recoveries.[3] The Debtors also resolved the Committee's class claim by executing a settlement agreement (embodied in the Plan and solicitation materials) that should greatly streamline the claims reconciliation process and allow distributions to be made to creditors promptly upon the Effective Date of the Plan, increasing the Scheduled Claims of Account Holders (other than Custody Claims) who do not opt out of the class claim settlement by 5% on account of Claims relating to the Debtors' prepetition fraud, misrepresentations, and other noncontractual claims.[4]

4.    Notwithstanding the amount of progress that the Debtors have made since obtaining their third exclusivity extension, additional time will be needed to complete solicitation, confirm the Plan, and emerge from these chapter 11 cases. Absent the requested extension, the Solicitation Exclusivity Period will expire on September 29, 2023, just days before the confirmation hearing is scheduled to begin under the Court-approved schedule. To ensure that the Debtors have sufficient time to confirm the Plan and emerge from these chapter 11 cases without unnecessary distraction and delay, the Debtors seek to further extend the Solicitation Exclusivity Period through and including November 30, 2023. Cause exists under section 1121 of the Bankruptcy Code for this extension, which will ensure that all stakeholders can thoroughly review and understand the revised Plan and Disclosure Statement to decide whether to vote to accept or reject the Plan in an efficient, organized fashion. The requested extension is a modest request and will provide the Debtors with the necessary runway to confirm the Plan and maintain

---

[3]    *See Notice of Consensual Resolutions of Government Investigations* [Docket No. 3293].

[4]    *See Order (I) Approving the Settlement By and Among the Debtors and the Committee With Respect to the Committee Class Claim and (II) Granting Related Relief* [Docket No. 3288].

on track to emerge from chapter 11—and return substantial value to creditors—this year. For these reasons, as well as the reasons described herein, the Court should grant the Debtors' request for an extension of the Solicitation Exclusivity Period.

## **Relief Requested**

5.      The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), extending the Debtors' exclusive right to solicit votes on a chapter 11 by sixty-two days, through and including November 30, 2023 (the "Solicitation Exclusivity Period")[5] without prejudice to the Debtors' right to seek further extensions to the Solicitation Exclusivity Period, and (b) granting related relief.

## **Jurisdiction and Venue**

6.      The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012. The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

7.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

8.      The statutory bases for the relief requested herein are section 1121(d) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") and rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

---

[5]    Calculated pursuant to Bankruptcy Rule 9006(a).

### Background

9.        On July 13, 2022 (the "Petition Date"), certain of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  A detailed description of the facts and circumstances of these chapter 11 cases is set forth in the *Declaration of Robert Campagna, Managing Director of Alvarez & Marsal North America, LLC, in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 22].  The Debtors commenced these chapter 11 cases to provide the Debtors with an opportunity to stabilize their business and consummate a comprehensive restructuring transaction that maximizes value for stakeholders.

10.        On December 7, 2022, Debtors GK8 Ltd., GK8 UK Limited, and GK8 USA LLC (collectively, the "GK8 Debtors") each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  A detailed description of the facts and circumstances of the GK8 Debtors' chapter 11 cases is set forth in the *Declaration of Christopher Ferraro, Director and Chief Financial Officer of GK8 Ltd., in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 1629].

11.        The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  These chapter 11 cases have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket Nos. 53, 1648].  On July 27, 2022, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed an official committee of unsecured creditors [Docket No. 241] (the "Committee").  On September 14, 2022, the Court entered an order directing the appointment of an examiner (the "Examiner") [Docket No. 820].  On September 29, 2022, the U.S. Trustee appointed the Examiner

[Docket No. 920].  On April 5, 2023, the Court entered an order discharging the Examiner [Docket No. 2364].

12.     On November 9, 2022, the Debtors filed the *Debtors' Motion for Entry of an Order (I) Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code and (II) Granting Related Relief* [Docket No. 1317] (the "First Exclusivity Motion"), which was approved pursuant to the *Order (I) Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code and (II) Granting Related Relief* [Docket No. 1645] (the "First Exclusivity Order").  The First Exclusivity Order extended the Debtors' exclusive right to file a chapter 11 plan by ninety-seven days (the "Filing Exclusivity Period") and the Solicitation Exclusivity Period (together with the Filing Exclusivity Period, the "Exclusivity Periods") by thirty-seven days, through and including February 15, 2023.  On January 25, 2023, the Debtors filed the *Debtors' Second Motion for Entry of an Order (I) Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code and (II) Granting Related Relief* [Docket No. 1940] (the "Second Exclusivity Motion"), which was approved pursuant to the *Order (I) Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code and (II) Granting Related Relief* [Docket No. 2203] (the "Second Exclusivity Order").  The Second Exclusivity Order extended the Filing Exclusivity Period by twenty-three days through and including March 31, 2023, and the Solicitation Exclusivity Period by 114 days through and including June 30, 2023.  On June 14, 2023, the Debtors filed the *Debtors' Third Motion for Entry of an Order (I) Extending the Debtors' Exclusive Period to Solicit Acceptances of a*

*Chapter 11 Plan Pursuant to Section 1121 of the Bankruptcy Code and (II) Granting Related Relief* [Docket No. 2805] (the "Third Exclusivity Motion"), which was approved pursuant to the *Order (I) Extending the Debtors' Exclusive Period to Solicit Acceptances of a Chapter 11 Plan Pursuant to Section 1121 of the Bankruptcy Code and (II) Granting Related Relief* [Docket No. 2935] (the "Third Exclusivity Order").  The Third Exclusivity Order extended the Solicitation Exclusivity Period by ninety-one days, through and including September 29, 2023.  That extension was without prejudice to the Debtors' rights to seek further extensions of the Solicitation Exclusivity Period.

13.    The Debtors filed the initial version of the Plan on March 31, 2023, and therefore no longer need to extend the deadline by which to file a chapter 11 plan.  The Debtors filed a Fourth Amended Plan on August 15, 2023 [Docket No. 3319] and a Fourth Amended Disclosure Statement on August 17, 2023 [Docket No. 3332].  The Court approved the Fourth Amended Disclosure Statement on August 17, 2023 [Docket No. 3337].  As such, the Debtors seek to extend the Solicitation Exclusivity Period to solicit votes on the Plan and to ensure they have sufficient time to confirm the Plan and emerge from bankruptcy.

**Basis for Relief**

14.    The Debtors seek an extension of the Solicitation Exclusivity Period to complete the solicitation process and confirm the value-maximizing Plan.  A debtor has the exclusive right to propose a chapter 11 plan for the first 120 days of a chapter 11 case pursuant to section 1121(b) of the Bankruptcy Code.  Section 1121(c)(3) of the Bankruptcy Code extends the period of exclusivity for an additional 60 days, to an initial maximum of 180 days, where the debtor has filed a chapter 11 plan and is soliciting votes on such plan.  "[T]he point of exclusivity is 'to promote an environment in which . . . a consensual plan may be negotiated.'"  *In re Burns and*

*Roe Enters., Inc.*, No. 00-41610 (RG), 2005 WL 6289213, at *4 (D.N.J. Nov. 2, 2005) (quoting H.R. Rep. No. 103-835, at 36 (1994)).  In these chapter 11 cases, the Solicitation Exclusivity Period set forth in section 1121(c) of the Bankruptcy Code, as previously extended pursuant to the Third Exclusivity Order, will expire on September 29, 2023, absent further order of the Court.  An extension of the Solicitation Exclusivity Period at this critical moment in these chapter 11 cases will preserve the Debtors' right to solicit votes on the revised Plan and pursue confirmation without the expensive and time-wasting intrusion of extraneous plans.  Moreover, given that the Solicitation Exclusivity Period expires mere days before the confirmation hearing is scheduled to begin on October 2, 2023, the requested extension will also ensure that the Debtors can present their case for confirmation of the Plan without the confusion—or expense—associated with multiple plans being proposed for approval.

15.     Section 1121(d)(1) permits a court to extend a debtor's exclusivity "for cause," subject to certain limitations not relevant here.  Specifically, section 1121(d) of the Bankruptcy Code provides that "on request of a party in interest made within the respective periods . . . of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section."  Although the term "cause" is not defined by the Bankruptcy Code, such term should be viewed flexibly in this context "to allow the debtor to reach an agreement."  H.R. Rep. No. 95-595, at 232 (1997); *see also In re Pub. Serv. Co. of N.H.*, 88 B.R. 521, 533–34 (Bankr. D.N.H. 1988) ("legislative intent . . . [is] to afford maximum flexibility").  Simply put, a debtor should be given a reasonable opportunity to negotiate an acceptable plan with creditors and to prepare adequate financial and nonfinancial information concerning the ramifications of any proposed plan for disclosure to creditors. *See In re Texaco Inc.*, 76 B.R. 322, 327 (Bankr. S.D.N.Y. 1987).

16.     Courts in the Second Circuit and in other jurisdictions have held that the decision to extend the exclusivity periods is left to the sound discretion of the bankruptcy court and should be based on the totality of circumstances in each case. *See, e.g.*, *In re Excel Mar. Carriers Ltd.*, No. 13-23060 (RDD), 2013 WL 5155040, at *2 (Bankr. S.D.N.Y. Sept. 13, 2013); *In re Dow Corning Corp.*, 208 B.R. 661, 664 (Bankr. E.D. Mich. 1997); *In re McLean Indus., Inc.*, 87 B.R. 830, 833-34 (Bankr. S.D.N.Y. 1987); *First Am. Bank of N.Y. v. Sw. Gloves & Safety Equip., Inc.*, 64 B.R. 963, 965 (Bankr. D. Del. 1986). In general, as long as debtors give the court "no reason to believe that they are abusing their exclusivity rights . . . [a] requested extension of exclusivity . . . should be granted." *In re Glob. Crossing Ltd.*, 295 B.R. 726, 730 (Bankr. S.D.N.Y. 2003); *see also In re Borders Grp., Inc.*, 460 B.R. 818, 822 (Bankr. S.D.N.Y. 2011) (noting the debtors' "substantial efforts . . . to stabilize their business and develop a viable exit strategy"). In particular, courts examine a number of factors to determine whether a debtor has had an adequate opportunity to develop, negotiate, and propose a chapter 11 plan and thus whether there is "cause" for extension of the exclusivity periods. *See In re Adelphia Commc'ns Corp.*, 336 B.R. 610, 674 (Bankr. S.D.N.Y. 2006); *In re Cent. Jersey Airport Servs., LLC*, 282 B.R. 176, 184 (Bankr. D.N.J. 2002); *McLean Indus.*, 87 B.R. at 834; *see also Dow Corning*, 208 B.R. at 664–65 (identifying the below factors and noting that courts generally rely on the same factors to determine whether exclusivity should be extended); *In re Friedman's Inc.*, 336 B.R. 884, 888 (Bankr. D. Ga. 2005) (same). These factors include the following:

a.     the size and complexity of the case;

b.     the existence of good faith progress toward reorganization;

c.     the necessity of sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information to allow a creditor to determine whether to accept such plan;

> d.     whether the debtor is paying its bills as they become due;
>
> e.     whether the debtor has demonstrated reasonable prospects for filing a viable plan;
>
> f.     whether the debtor has made progress negotiating with creditors;
>
> g.     the amount of time which has elapsed in the case;
>
> h.     whether the debtor is seeking an extension of exclusivity to pressure creditors to submit to the debtor's reorganization demands; and
>
> i.     whether an unresolved contingency exists.

*Adelphia Commc'ns Corp.*, 336 B.R. at 674 (citing *In re Dow Corning Corp.*, 208 B.R. 661, 664–65 (Bankr. E.D. Mich. 1997)).

17.     Not all of these factors are relevant to every case, and courts use only the relevant subset of the above factors to determine whether cause exists to grant an exclusivity extension in a particular chapter 11 case.  *See, e.g.*, *In re Express One Int'l Inc.*, 194 B.R. 98, 100-01 (Bankr. E.D. Tex. 1996) (identifying four of the factors as relevant in determining whether "cause" exists to extend exclusivity); *In re United Press Int'l, Inc.*, 60 B.R. 265, 269 (Bankr. D.D.C. 1986) (finding that the debtor showed "cause" to extend exclusivity based upon three of the factors); *In re Texaco, Inc.*, 76 B.R. at 327 (holding that size and complexity of the chapter 11 case provided sufficient cause to extend exclusivity).  For example, both Congress and courts recognize that the size and complexity of a debtor's case alone may constitute cause for extension of a debtor's exclusive periods to file a plan and solicit acceptances of such a plan. H.R. No. 95-595, at 231–32, 406 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 6191 ("[I]f an unusually large company were to seek reorganization under chapter 11, the court would probably need to extend the time in order to allow the debtor to reach an agreement.");  *see also Texaco*, 76 B.R. at 326 ("The large size of the debtor and the consequent difficulty in formulating a plan

of reorganization for a huge debtor with a complex financial structure are important factors which generally constitute cause for extending the exclusivity periods.").

18.     Since the Court granted the Third Exclusivity Extension, the Debtors have continued to steadily progress toward confirmation.   The Debtors have, among other things:  (a) filed and obtained approval of the Disclosure Statement; (b) obtained approval of the settlement with the Initial Consenting Series B Holders; (c) negotiated and obtained approval of the class claim settlement; (d) finalized and announced consensual resolutions with regulatory agencies, including the U.S. Department of Justice, the Securities Exchange Commission, the Federal Trade Commission, and the U.S. Commodity Futures Trading Commission; (e) engaged in a three-day mediation with creditors, including the Retail Borrower Ad Hoc Group and the Earn Ad Hoc Group, resulting in an agreed plan treatment term sheet [Docket No. 3064]; (f) continued to distribute assets that are not property of the Debtors' estates; and (g) launched solicitation of the Plan.

19.     Sufficient "cause" exists pursuant to section 1121(d) of the Bankruptcy Code to extend the Solicitation Exclusivity Period as provided herein.   Each of the relevant factors weighs in favor of an extension of the Solicitation Exclusivity Period, as follows:

- ***The Debtors' Chapter 11 Cases Are Large and Complex.***  These chapter 11 cases are effectively cases of first impression, as the reorganization of a cryptocurrency financial company is practically unprecedented.  These chapter 11 cases involve eleven Debtor entities and international operations with employees located across the United States, Australia, Canada, Serbia, Israel, and the United Kingdom.  Furthermore, the Debtors have engaged with thousands of contract counterparties, creditors, and other parties in interest.   Finally, the Debtors face an ever-evolving regulatory regime within the United States and abroad.  While the Debtors have no funded debt, liabilities to account holders total over $6 billion as of the Petition Date.

- ***The Debtors Have Made Good Faith Progress Toward Exiting Chapter 11.***  Since the Court granted the Third Exclusivity Extension, the

Debtors have made significant progress toward confirmation, including filing and obtaining approval of the Disclosure Statement, settling all claims between the Debtors, the Committee, and the Initial Consenting Series B Preferred Holders, and achieving consensual resolutions of several pending government investigations that could have severely complicated confirmation. The Court approved the adequacy of the Disclosure Statement on August 17, 2023, and the Debtors have commenced the solicitation process and are beginning preparations for the confirmation hearing, including trying to achieve additional consensus in advance thereof.

- ***The Debtors Have Filed a Revised Plan and Provided Adequate Information to Allow a Creditor to Determine Whether to Accept the Plan.*** Since the Court granted the Third Exclusivity Extension, the Debtors filed a revised Plan [Docket No. 3319] and obtained approval of the companion Disclosure Statement. If granted, the Debtors will use their additional extension to seek confirmation of the Plan pursuant to the Court-approved confirmation schedule [Docket No. 3337]. The hearing to confirm the Plan is currently set to commence on October 2, 2023.

- ***Extending the Solicitation Exclusivity Period Will Not Prejudice Creditors.*** Extending the Solicitation Exclusivity Period will allow the Debtors to complete the confirmation process unimpeded by distractions in the form of competing plans. Continued exclusivity will permit the Debtors to complete the solicitation process and eliminate the interference and confusion of superfluous plans. Oscillating between two or more plans would muddy the waters and needlessly waste time and money, ultimately reducing creditor recoveries. Moreover, throughout these chapter 11 cases, the Debtors have had ongoing and transparent communications with their major creditor groups and continue to meet their postpetition obligations in the ordinary course. Ultimately, extending the Solicitation Exclusivity Period will benefit the Debtors' estates, their creditors, and all other key parties in interest.

- ***The Debtors Are Paying Their Bills as They Come Due.*** Since the Petition Date, the Debtors have paid their vendors in the ordinary course of business or as otherwise provided by orders of the Court. Furthermore, the Debtors' sale of the GK8 Debtors' assets and the ability to sell stablecoins as these cases progress provides additional runway to fund the restructuring.

- ***The Debtors Are Not Seeking an Extension to Pressure Creditors.*** The Debtors are not seeking an extension of the Solicitation Exclusivity Period to pressure or prejudice their stakeholders. All creditor groups or their advisors have had an opportunity to actively participate in substantive discussions with the Debtors throughout these chapter 11 cases, including

12

during mediation with the Earn Ad Hoc Group, Retail Borrower Ad Hoc Group, and other active creditors. Beyond these organized groups, numerous *pro se* creditors have engaged and conferred with the Debtors on important issues. To move these chapter 11 cases forward as efficiently as possible, the Debtors resolved certain threshold legal questions ahead of plan confirmation and in light of the Court's order permitting the Debtors to begin distributing cryptocurrency to customers and the Custody settlement, are returning cryptocurrency in accordance with the Court's orders. The Debtors are seeking an extension of the Solicitation Exclusivity Period to preserve and capitalize on the progress made to date in their restructuring efforts.

20.    An objective analysis of the relevant factors demonstrates that the Debtors are taking all prudent measures to facilitate a successful conclusion to these chapter 11 cases. Accordingly, sufficient cause exists to extend the Solicitation Exclusivity Period as provided herein. Furthermore, similar relief is regularly granted in large chapter 11 cases in this district. *See, e.g.*, *In re All Year Holdings Ltd.*, No. 21-12051 (MG) (Bankr. S.D.N.Y Jan 20, 2023) (extending the debtor's filing and solicitation periods for the third time for a total of approximately 352 and 318 days, respectively); *In re Hermitage Offshore Servs. Ltd.*, No 20-11850 (MG) (Bankr. S.D.N.Y. Mar. 8, 2021) (extending the debtors' exclusive periods for the second time by a total of approximately 150 days); *In re Frontier Comm'cns Corp.*, No. 20-22476 (RDD) (Bankr. S.D.N.Y. Aug. 11, 2020) (extending the debtors' exclusive periods for a second time for a total of approximately 249 days); *In re Windstream Holdings, Inc.*, No. 19-22312 (RDD) (Bankr. S.D.N.Y. June 22, 2020) (extending the debtors' exclusive periods for the fourth time for a total of 427 days); *In re Nine West Holdings, Inc.*, No. 18-10947 (SCC) (Bankr. S.D.N.Y. Mar. 4, 2019) (extending the debtors' exclusive periods for the fourth time for a total of 359 days).[6]

---

[6]    Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request of the Debtors' counsel.

21.     The requested extension, which will bring the total extension to 384 days, is essential to ensure that the Debtors can complete the confirmation process and emerge from bankruptcy as expeditiously as possible.  Having obtained approval of the Disclosure Statement and commenced the solicitation process, the Debtors are well on their way to reaching a value-maximizing conclusion of these chapter 11 cases.  The Debtors simply require a short extension of the Solicitation Exclusivity Period to finish what they started.  Accordingly, the Debtors request an extension of the Solicitation Exclusivity Period, and reserve the right to request further extensions of the Solicitation Exclusivity Period, as circumstances require.

## Motion Practice

22.     This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this Motion.  Accordingly, this Motion satisfies Local Rule 9013-1(a).

## Notice

23.     The Debtors will provide notice of this Motion to the following parties or their respective counsel: (a) the U.S. Trustee; (b) counsel to the Committee; (c) the United States Attorney's Office for the Southern District of New York; (d) the Internal Revenue Service; (e) the offices of the attorneys general in the states in which the Debtors operate; (f) the Securities and Exchange Commission; (g) the Plan Sponsor; (h) the BRIC; and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, no other or further notice need be given.

**<u>No Prior Request</u>**

24.     No prior request for the relief sought in this Motion has been made to this or any

other court.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors request that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

| | |
|---|---|
| New York, New York<br>Dated:  August 24, 2023 | */s/ Joshua A. Sussberg* |

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:          jsussberg@kirkland.com

 - and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200
Email:          patrick.nash@kirkland.com
                ross.kwasteniet@kirkland.com
                chris.koenig@kirkland.com
                dan.latona@kirkland.com

*Counsel to the Debtors and Debtors in Possession*

16

**Exhibit A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ) | |
| In re: ) | Chapter 11 |
| ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] ) | Case No. 22-10964 (MG) |
| ) | |
| Debtors. ) | (Jointly Administered) |
| ) | |

## ORDER (I) EXTENDING THE DEBTORS'
## EXCLUSIVE PERIOD TO SOLICIT ACCEPTANCES
## OF A CHAPTER 11 PLAN PURSUANT TO SECTION 1121
## OF THE BANKRUPTCY CODE AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) extending the Debtors' exclusive right to solicit votes on a chapter 11 plan by 62 days through and including November 30, 2023 (the "Solicitation Exclusivity Period"), and (b) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing thereon were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      Any responses or objections to the Motion that have not been withdrawn or otherwise resolved are hereby overruled and denied.

3.      Pursuant to section 1121(d) of the Bankruptcy Code, the Solicitation Exclusivity Period is hereby extended by 62 days through and including November 30, 2023.

4.      Nothing herein shall prejudice the Debtors' rights to seek further extensions of the Solicitation Exclusivity Period consistent with section 1121(d) of the Bankruptcy Code or the rights of any party in interest to object to any further requests.

5.      Notwithstanding anything to the contrary in the Motion, this Order, or any findings announced at the Hearing, nothing in the Motion, this Order, or announced at the Hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission and the Committee to challenge transactions involving crypto tokens on any basis is expressly reserved.

6.      All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

7.    Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

8.    Notwithstanding anything to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

9.    The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

10.    The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2023

_____
THE HONORABLE MARTIN GLENN
CHIEF UNITED STATES BANKRUPTCY JUDGE