United States Bankruptcy Court Southern District of New York

Re: Chapter 11 Case No. [22-10964 (MG)]

Joinder to Motion for Repayment of Loans and Return of Collateral by Johan Bronge, Pro Se Creditor

To Judge Martin Glenn:

I, Christian Funck, a party involved in the above-mentioned Chapter 11 case, hereby submit this joinder in support of the motion filed by Johan Bronge, seeking the court's permission to fulfill Loan Agreements with Celsius and repay outstanding loans, as well as requesting the return of collateral.

Supporting Arguments:

I fully endorse the points raised in Mr. Bronge's motion, particularly those pertaining to the equitable treatment of all collateralized loans and the need for retail borrowers to be allowed to fulfill their loan agreements. I wish to emphasize the following:

   Uniform Treatment of Collateralized Loans: All borrowers, whether institutional or retail, have pledged collateral to secure their loans. The collateral, irrespective of the borrower's category, serves as a guarantee for loan repayment. It is imperative that the court ensures equal treatment for all creditors by permitting the fulfillment of Loan Agreements and the return of collateral as stipulated.

   Equitable Treatment of Retail Borrowers: The absence of a mechanism allowing retail borrowers to fulfill their loan agreements and regain ownership of their collateral results in disparate treatment. This inconsistency contradicts the fundamental principles of Chapter 11 bankruptcy law, which emphasize fairness and equal treatment of similarly situated creditors. Retail borrowers should be granted the same opportunity as institutional borrowers to repay their loans and reclaim their collateral.

   Consistency in Collateral Ownership Status: The evolving interpretation of collateral ownership, as highlighted by Mr. Bronge, underscores the need for clarity and consistency. Uniform treatment of collateralized loans will address contradictions that have arisen due to changing rulings. This consistency ensures that borrowers' property rights are respected, regardless of the type of loan they hold.

Conclusion:

I urge the court to consider the arguments put forth in Mr. Bronge's motion and to grant the requested relief. Uniform treatment of collateralized loans is essential to upholding the principles of fairness, property rights, and equitable distribution of assets. Retail borrowers should not be disadvantaged due to their borrower category. Your consideration of this joinder is greatly appreciated.

I could add a plethora of reasons and examples of why this whole bankruptcy and the handling or lack of it from the lawyers and the UCC side has basically led to:

- the enrichment of a few (Fahrenheit and the Lawyers)
- coercing / forcing retail creditors to invest / finance a start-up they never signed up for
- violating all so far know precedencies on what collateral and its ownership means by letting institutional investor get their collateral back whilst we will not
- confusing retail on what to do when, where and why
- not advancing will full force claiming all the fraudulently stolen assets back
- and most tragically taken away the option for the normal layman to defend himself from the brutal theft of his hard-earned life savings

The legal system was created with the intention to protect the vulnerable ones and not to enrich the already mighty !!!

With that final remark I plead you, on behalf of all creditors, to do what is right, which you know what is, and not let corporatocracy get away with this, again. Have the courage to show the path forward. Enough is enough !!!

Sincerely,

Christian Funck

M.Sc. International Marketing & Management

August 24, 2023