| | |
|---|---|
| Joshua A. Sussberg, P.C.<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:     (212) 446-4800<br>Facsimile:      (212) 446-4900 | Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)<br>Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)<br>Christopher S. Koenig<br>Dan Latona (admitted *pro hac vice*)<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Telephone:     (312) 862-2000<br>Facsimile:      (312) 862-2200 |

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**DECLARATION OF CHRISTOPHER FERRARO,**
**INTERIM CHIEF EXECUTIVE OFFICER, CHIEF**
**RESTRUCTURING OFFICER, AND CHIEF FINANCIAL OFFICER**
**OF THE DEBTORS IN SUPPORT OF THE DEBTORS' MOTION FOR**
**ENTRY OF AN ORDER (I) APPROVING THE SETTLEMENT BY AND BETWEEN**
**THE DEBTORS AND BRADLEY CONDIT AND (II) GRANTING RELATED RELIEF**

I, Christopher Ferraro, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1.  I am the interim Chief Executive Officer, Chief Restructuring Officer, and Chief Financial Officer of Celsius Network LLC ("Celsius," and together with the above-captioned debtors and debtors-in-possession, the "Debtors"). I joined Celsius on March 21, 2022. I was

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

appointed as Chief Financial Officer on July 11, 2022, and I was appointed as interim Chief Executive Officer and Chief Restructuring Officer by the Special Committee of Debtor Celsius Network Limited on September 27, 2022.

2. I am familiar with the *Debtors' Motion for Entry of an Order (I) Approving the Settlement by and Between the Debtors and Bradley Condit and (II) Granting Related Relief* [Docket No. 3339] (the "Motion")[2] and submit this declaration (this "Declaration") in support of thereof.

3. In my capacity as the interim Chief Executive Officer, Chief Restructuring Officer, and Chief Financial Officer, I am generally familiar with the Debtors' day-to-day operations, business, financial affairs, and the ongoing restructuring efforts. Except as otherwise indicated, all facts in this Declaration are based upon (a) my personal knowledge of the Debtors' operations, (b) my discussions with other members of the Debtors' management team and advisors, and (c) my review of relevant documents and information concerning the Debtors' operations. I am over the age of eighteen and authorized to submit this Declaration on behalf of the Debtors. If called upon to testify, I could and would testify competently to the facts set forth herein.

**Qualifications**

4. I have approximately two decades of experience in financial planning and analysis activities, asset and liability management, and product control. Before my roles with Celsius, I was a Senior Managing Director at Cerberus Operations & Advisory Company ("Cerberus"), where I focused on improving the operating returns for two legacy portfolio positions. In this role, I advised the chief executive officer and leadership team on increasing profitability by changing and repricing business mix, restructuring costs, and optimizing the balance sheet.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2

5. Prior to Cerberus, I served in various roles at JPMorgan Chase & Co. from 2001 to 2018. I was the head of Financial Analysis and a Senior Leader, where I was responsible for all financial, planning, and analysis activities, developed analytical tools, and authored a patent application in forecasting. Before my role as head of Financial Analysis and a Senior Leader, I was the Treasurer of the Consumer Bank and the Retail Loan Pricing Manager.

6. I hold a Bachelor's degree in Economics, Finance, & Accounting from the University of Washington. I also passed the Washington state Uniform Certified Public Accountant Examination.

**The Settlement**

7. The Settlement resolves the dispute between Celsius and its former employee Bradley Condit ("Mr. Condit" and together with Celsius, the "Parties") regarding the alleged wrongful termination of Mr. Condit's employment with Celsius. The terms of the Settlement are memorialized in the Settlement Agreement, which provides that Mr. Condit will receive a one-time payment of $230,000 to resolve all outstanding disputes between the Parties. The Debtors will contribute $50,000 of the $230,000 settlement payment. The Settlement constitutes a full and final satisfaction of any and all existing and future claims brought by Mr. Condit against Celsius, its debtor and non-debtor affiliates—including all of the Debtors in these chapter 11 cases—or any of its or their current or former employees, attorneys, officers, owners, members, managers, shareholders, directors, and agents arising out of Mr. Condit's employment with Celsius and subsequent termination.

8. I believe the Settlement is in the best interests of the Debtors, their estates, and their creditors, is a sound exercise of the Debtors' business judgment, resolves a significant dispute

3

between the Parties, and saves the Debtors the additional expense, resources, and distraction of further litigation with Mr. Condit.

9. *First*, the Settlement resolves significant disputes between the Parties. I understand that continuing litigation with Mr. Condit could be lengthy and costly and would expend significant time that the Debtors could use towards soliciting and confirming the Plan at this critical juncture.[3] For example, the Parties have already spent almost a year litigating the Condit Action in the United States District Court for the Southern District of New York, with fact discovery scheduled to be completed by August 23, 2023. We have estimated that by continuing such litigation, the professionals' and court fees the Debtors would incur alone would exceed the entire $230,000 settlement payment, not to mention any judgment that would be awarded to Mr. Condit had he prevailed. In contrast, the Settlement resolves Mr. Condit's claims in a consensual manner, provides certainty of recovery for Mr. Condit without the need for further litigation, and limits the Debtors' contribution to the settlement payment at $50,000. As such, I believe the Settlement represents a fair and consensual resolution and therefore is in the best interests of the Debtors' estates.

10. *Second*, notwithstanding the Stipulation between the Parties where Mr. Condit agreed to recover any settlement solely from proceeds of the Debtors' Employment Practices Policies, I understand that the Debtors' contribution of $50,000 to the $230,000 settlement payment is in the best interest of the Debtors' estates. Under the Employment Practices Policies, the Debtors are responsible for a $150,000 self-insured retention on all covered liabilities. The

---

[3] The Debtors have commenced solicitation for the fourth amended *Joint Chapter 11 Plan of Reorganization of Celsius Network LLC and Its Debtor Affiliates* [Docket No. 3319] (the "Plan") after the Court approved the adequacy of the fourth amended *Disclosure Statement for the Joint Chapter 11 Plan of Reorganization of Celsius Network LLC and Its Debtor Affiliates* [Docket No. 3332] on August 17, 2023. The solicitation deadline is August 25, 2023 and the voting deadline is September 22, 2023, with the confirmation hearing scheduled to start on October 2, 2023.

Insurer conditioned its consideration of settlement negotiations (and ultimately the Settlement Agreement) on the Debtors' participation in such settlement payment. I believe that if the Debtors had insisted that the entire settlement payment be made by the Insurer, the Insurer may not have engaged in meaningful settlement negotiations with Mr. Condit or, if the same $230,000 settlement was reached, would have demanded payment of $150,000 self-insured retention from the Debtors. Following the execution of the Settlement Agreement, the Insurer agreed to not seek reimbursement of the amounts it contributed to the settlement payment on any grounds, including that the Debtors has an outstanding obligation to satisfy the self-insured retention. I believe the Debtors' $50,000 contribution to the settlement payment secured the Insurer's full cooperation in the settlement negotiation as well as its release of its claim against the Debtors for the self-insured retention.

11. **Third**, I understand that the Settlement benefits the Debtors' stakeholders by eliminating the uncertainty regarding the outcome of the Condit Action and allowing management to concentrate its efforts on soliciting and confirming the Plan and consummating the value-maximizing restructuring transaction set forth therein. The costs associated with any litigation would drain the Debtors' resources at this critical juncture of these chapter 11 cases.

12. **Fourth**, I understand that the Settlement is supported by the official committee of unsecured creditors (the "Committee").[4] As the only non-Debtor parties with a fiduciary duty to advocate for unsecured creditors and account holders in these chapter 11 cases, I believe the Committee's approval and acceptance of the Settlement is a strong indication that the Settlement is fair and equitable.

---

[4] The Committee confirmed its support for the Settlement after the Motion was filed.

5

13. *Fifth*, I understand that the releases granted by the Settlement are mutual, essential to the Settlement, and similar in nature to those in other similar settlements in other chapter 11 cases. I believe that the releases granted by the Parties in the Settlement are a necessary component of the Settlement and appropriate under the circumstances.

14. *Sixth*, the Settlement is the product of hard-fought bargaining between the Parties. While the Condit Action was pending in the District Court and amid ongoing discovery, the Parties engaged in arm's-length negotiations for weeks, participated in mediation before Mediator Dina Jansenson, and exchanged multiple drafts before executing the Settlement Agreement. I believe the Settlement represents a favorable outcome for the Debtors at the culmination of protracted but successful arm's-length negotiations.

## Conclusion

15. In light of the foregoing, I believe that the Settlement is a reasonable compromise of the outstanding disputes between the Debtors and Mr. Condit, which will inure to the benefit of all parties in interest. In my opinion, the Settlement is fair, equitable, in the best interest of the Debtors' estates, and will allow the Debtors' management to concentrate its efforts on consummating a value-maximizing restructuring transaction.

[*Remainder of page intentionally left blank*]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: August 28, 2023

*/s/ Christopher Ferraro*
Name: Christopher Ferraro
Title: Interim Chief Executive Officer, Chief Restructuring Officer, and Chief Financial Officer of Debtor Celsius Network LLC