**POLSINELLI PC**
Mark B. Joachim
600 Third Avenue, 42nd Floor
New York, NY 10016
Telephone: (202) 772-8477
Facsimile: (202) 783-3300
mjoachim@polsinelli.com

-and-

Stephen Rutenberg
315 S. Biscayne Boulevard, Suite 400
Miami, FL 33131
Telephone: (305) 921-1832
Facsimile: (305) 921-1801
srutenberg@polsinelli.com

*Counsel for Galaxy Digital Trading LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------X
| In re: | : | Chapter 11 |
| | : | |
| CELSIUS NETWORK LLC, *et al.*,[1] | : | Case No. 22-10964 (MG) |
| | : | |
| Debtor. | : | (Jointly Administered) |

--------------------------------------------------------------X

**MOTION OF GALAXY DIGITAL TRADING LLC FOR ALLOWANCE OF
ADMINISTRATIVE EXPENSE FOR POST-PETITION SERVICES**

Galaxy Digital Trading LLC ("**Galaxy**"), by and through its undersigned counsel, files its *Motion for Allowance of Administrative Expense for Post-Petition Services* (the "**Motion**"), pursuant to section 503(b) of title 11 of the United States Code (the "**Bankruptcy Code**"). In support of this Motion, Movant relies on the *Declaration of Jason Urban in Support of the Motion*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

90896539.3

*of Galaxy Digital Trading LLC for Allowance of Administrative Expense for Post-Petition Services*, attached hereto as Exhibit B (the "**Urban Declaration**"), and respectfully states as follows:

## INTRODUCTION

1. Debtor Celsius Network Limited is liable to Galaxy for post-petition services that Galaxy provided to Celsius Network Limited pursuant to the License Agreement (as defined below) with GK8, LLC (formerly GK8, Ltd.) ("**GK8**") in the amount of $191,610 (the "**Administrative Expense**"). Thus, Galaxy files this Motion seeking allowance of the Administrative Expense.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334.

3. This Motion constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B). Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory basis for the relief requested herein is section 503(b) of the Bankruptcy Code.

## BACKGROUND

5. On July 13, 2022 (the "**Petition Date**"), each of the above-captioned debtors (collectively, the "**Debtors**") commenced these cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "**Court**").

6. The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7. As set forth in the Urban Declaration, prior to the Petition Date, GK8 and Celsius

Network Limited entered that certain license agreement dated as of September 1, 2021 (as amended, restated, supplemented, or otherwise modified from time to time, the "**License Agreement**"). Pursuant to the License Agreement, GK8 provided Celsius Network Limited certain software and hardware solutions for digital asset security. Specifically, GK8 provided Celsius Network Limited with high-security custodian technology for managing and safeguarding digital assets via an air-gapped vault that sends blockchain transactions while being 100% offline and eliminating critical attack vectors. The License Agreement contains proprietary and confidential information of Galaxy and the Debtors and therefore is not attached to this Motion.[2] The relevant provisions of the License Agreement are discussed below.

8.   On August 17, 2022, the Court entered its *Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases and (II) Granting Related Relief* [Docket No. 517] (the "**Rejection Procedures Order**").

9.   On December 13, 2022, the Court entered its *Order (I) Approving the Sale of the GK8 Debtors' Assets Free and Clear of All Claims, Liens, Rights, Interests and Encumbrances, (II) Authorizing the GK8 Debtors to Enter into an Perform their Obligations under the Asset Purchase Agreement, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* [Docket No. 1686] (the "**Sale Order**").

10.   Among other things, the Sale Order authorized GK8 to sell the License Agreement to Galaxy, pursuant to the terms of the Asset Purchase Agreement dated as of December 2, 2022, by and between Galaxy, GK8, and the other sellers named therein [Docket No.

---

[2] It is Galaxy's belief that the Debtors have copies of the License Agreement; however, Galaxy will furnish copies to the Debtors and counsel thereto upon written request.

1586] (the "**Asset Purchase Agreement**").

11. On May 12, 2023, the Debtors filed their *Notice of Rejection of Certain Executory Contracts* [Docket No. 2635] (the "**Rejection Notice**" and such date, the "**Rejection Notice Date**"), pursuant to which the Debtors ostensibly rejected the License Agreement, retroactively effective as of December 31, 2022 (the "**Rejection Date**").

12. Exhibit B, Section 3(B) to the License Agreement obligated Celsius to pay Galaxy a Minimum Assets under Management ("**AUM**") Fee (as defined in the License Agreement) of $30,000.00 per month for the duration of the agreement (each a "**Minimum AUM Fee**").

13. Section 11 of the License Agreement provided that the initial term of the License Agreement would commence on the Effective Date (as defined therein) and continue for 36 months. Accordingly, unless Galaxy and Celsius agreed otherwise, the License Agreement would have terminated on August 31, 2024 (the "**Agreed Termination Date**"), absent the Debtors' decision to reject the License Agreement.

14. Galaxy fully performed its obligations under the License Agreement through the Rejection Date and continued to perform until July 12, 2023 (the "**Services Termination Date**"), the date on which the Debtors returned Galaxy's critical hardware and ceased using Galaxy's cloud-based environment for the storage and protection of digital assets. The services provided to the Debtors between the Petition Date and the Services Termination Date were crucial to the Debtors' operations and conferred a benefit upon the estates.

15. The related amounts due and owing to Galaxy, as set forth in the Urban Declaration attached hereto as <u>Exhibit B</u>, total $191,610.

90896539.3

16. To date, Galaxy has not been paid for these post-petition services and is, therefore, entitled to an administrative expense in the amount of $191,610 for such services rendered as the services were provided to the post-petition Debtors and benefited the Debtors and their bankruptcy estates.

**RELIEF REQUESTED**

17. Pursuant to Bankruptcy Code section 503(b), Galaxy requests allowance of its administrative priority claim in the amount of $191,610.

18. The elements for an administrative expense under 11 U.S.C. § 503(b)(1) are set out in *Amalgamated Ins. Fund v. McFarlin's Inc.*, 789 F.2d 98, 101 (2d Cir. 1986) (citing *Cramer v. Mammoth Mart, Inc. (In Re Mammoth Mart, Inc.)*, 536 F.2d 950, 953 (1st Cir. 1976)). Indeed, one court described the administrative priority test as follows: "[a] claimant's expenses for providing post-petition goods and services to a Debtor may be afforded administrative status '(1) if it arises out of a transaction between the creditor and the bankrupt's trustee or debtor-in-possession; and (2) only to the extent that the consideration supporting the claimant's right to payment was both supplied to and beneficial to the debtor-in-possession in the operation of the business.'" *In re Global Metallurgical, Inc.*, 312 B.R. 34, 40 (Bankr. S.D.N.Y. 2004).

19. The requirement that administrative expenses arise post-petition and provide a benefit to the debtor-in-possession in the operation of its business is closely tied to the purpose of section 503(b)(1)(A). *Nabors Offshore Corporation v. Whistler Energy II, LLC, et al. (In re Whistler Energy II, LLC)*, 931 F.3d 432, 441 (5th Cir. 2019). Administrative priority is given to post-petition vendors as an inducement to engage in business transactions with a debtor's estate. *Pennsylvania Department of Environmental Resources v. Tri-State Clinical Laboratories, Inc.*, 178 178 F.3d 685, 690 (3d Cir. 1999) ("The drafters of the Code recognized that...the debtor has to

continue to operate between the filing of the petition and the adjudication of bankruptcy. This can result in additional expenses that are necessary to the continued operation of the business or to successfully winding it down. Congress recognized this need to provide an incentive to creditors who otherwise would not continue to provide services to a failing business."); *see also TransAmerican Natural Gas Corp.*, 978 F.2d 1409, 1416 (5th Cir. 1992) ("[T]hird parties might refuse to extend credit to debtors-in-possession for fear that their claims would not be paid."). "Absent the priority established under § 503, a debtor in possession could not keep its employees, nor obtain services necessary to its operations as it attempts to reorganize, or wind-down pending ultimate liquidation." *Id.*; *see also In re Jartran, Inc.*, 732 F.2d 584, 590 (7th Cir. 1984) (explaining that section 503 creates "a practical incentive to achieving reorganization for the benefit of all creditors").

### A. The Transactions Giving Rise to the Administrative Expense were with the Post-Petition Debtor in Possession and Were Provided After the Petition Date.

20. Here, the transactions giving rise to the post-petition amounts due and owing to Galaxy were clearly between Galaxy, as a creditor, and Celsius Network Limited, as debtor-in-possession. *See In re Native American Systems, Inc.*, 351 B.R. 135, 139 (B.A.P. 10th Cir. 2006) (pre-petition contracts may be treated as administrative expenses to the extent that the Debtor receives post-petition consideration for them.)*; In re Goody's Family Clothing,* 2009 WL 903370, 10 (D. Del. March 31, 2009) (claimant's performance of a pre-petition contract, and a debtor's acceptance of that performance, can establish a post-petition transaction). Thus, even though the License Agreement was entered into pre-petition, as the Debtors received and accepted the services after the Petition Date, the post-petition transaction prong of the administrative expense test is satisfied.

### B. The Services Provided to Celsius Network Limited Were Beneficial to the Debtors and to Their Estates.

21. Where a "debtor-in-possession elects to continue to receive benefits from the other party to an executory contract pending a decision to reject or assume the contract, the debtor-in-possession is obligated to pay for the reasonable value of those services." *In re Patient Educ. Media, Inc.*, 221 B.R. 97, 101 (Bankr. S.D.N.Y. 1998) (quoting *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 531 (1984)); *see also In re Continental Airlines, Inc.*, 146 B.R. 520, 526 (Bankr. D. Del. 1992). Thus, the claims of third-parties who are induced to supply goods or services to a debtor-in-possession pursuant to a contract that has not been rejected are afforded administrative priority to the extent that the consideration supporting the claim was supplied during the reorganization. *Jartran, Inc.,* 732 F.2d at 588." *In re Enron Corp.*, 279 B.R. 79, 86 (Bankr. S.D.N.Y. 2002).

22. The services, which the Debtors accepted, including the provision of certain hardware and a cloud-based environment for the protection of digital assets, were beneficial to the operations of the Debtors' business and to the overall success of the Debtors' jointly administered bankruptcy cases. Without such services, the Debtors would have had limited means with which to safely store certain of their digital assets and a substantially decreased ability to enter into transactions that eliminate critical attack vectors for would-be hackers. Indeed, the Debtors' regarded these services as beneficial, as they continued to utilize Galaxy's hardware and cloud-based environment until the Services Termination Date. Thus, the services were beneficial to the Debtors and their bankruptcy estates and are typical for businesses like the Debtors to contract for, and satisfy the last prong of the administrative expense test.

## CONCLUSION

WHEREFORE, Galaxy asks this Court to enter the Order attached hereto as <u>Exhibit A</u> allowing the Administrative Expense and granting such other and further relief as the Court deems just and equitable.

Dated: August 28, 2023
       New York, New York

**POLSINELLI PC**

*/s/ Mark B. Joachim*
Mark B. Joachim
600 Third Avenue, 42nd Floor
New York, NY 10016
Telephone: (202) 772-8477
Facsimile: (202) 783-3300
mjoachim@polsinelli.com

-and-

Stephen Rutenberg
315 S. Biscayne Boulevard, Suite 400
Miami, FL 33131
Telephone: (305) 921-1832
Facsimile: (305) 921-1801
srutenberg@polsinelli.com

*Counsel for Galaxy Digital Trading LLC*

90896539.3