# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

|  | 1301 Pennsylvania Avenue, N.W. |  |
|---|---|---|
| T.J. McCarrick | Washington, D.C. 20004 |  |
| To Call Writer Directly: | United States | Facsimile: |
| +1 202 389 3136 | +1 202 389 5000 | +1 202 389 5200 |
| tj.mccarrick@kirkland.com | www.kirkland.com |  |

August 30, 2023

**Via eFile & E-mail**

Hon. Martin Glenn
Chief United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Courtroom 523
New York, NY 10004-1408
mg.chambers@nysb.uscourts.gov

Re: *In re Celsius Network LLC*, Case No. 22-10964 – Request for Informal Discovery Conference

Dear Chief Judge Glenn:

The Debtors write to request a discovery conference for this afternoon to address deficiencies with Mawson's Rule 2004 document productions and concerns regarding the upcoming deposition of the Mawson entities.

***Mawson's Deficient Productions.*** Mawson has not conducted a reasonable search and collection for materials response to Celsius's Rule 2004 subpoena. Despite having 14 days to collect and produce responsive materials—and in reality longer given that Mawson had actual notice of Celsius's document requests since late-July—Mawson produced only 1,897 documents, many of them duplicates. When pressed to describe the search terms and custodians used to generate Mawson's production, Mawson's counsel disclosed that it applied a single, overly narrow search term ("Celsius"), to a single overly narrow ESI source (email), across an under-inclusive set of 6 custodians (which does not include Mawson's Rule 60 declarant, Tom Hughes).

This approach is plainly deficient. First, Mawson's use of a single search term on a single ESI source was not reasonably calculated to produce responsive documents. For example, it appears Mawson has not produced earnings transcripts that discuss the Celsius Co-Location Agreement (and the collateral under it), nor communications with its public company auditor about the treatment of Celsius's deposits. In addition, a review of Celsius's own files reveals ***thousands*** of

## KIRKLAND & ELLIS LLP

August 30, 2023
Page 2

communications between Mawson and Celsius, but Mawson's production only includes 349 such communications, many of which are duplicates. The point is not that Mawson must produce communications already in Celsius's possession; the point is that this mismatch confirms Mawson's single search term was fatally under-inclusive. These are not the only examples of obviously missing communications.

Recognizing that Mawson's search protocol was inadequate, Celsius asked Mawson to apply broader search terms to uncover responsive materials—specifically, "CEL," "collateral," "co-location," "deposit," "refund," "deploy*," "promissory," and "curtail*". Mawson agreed to apply the terms "CEL" and "co-location" to the 6 custodians' emails, but Mawson refused to apply the other proposed term making the boilerplate objection that they are "overbroad." Despite being asked, Mawson has not provided search reports or hit counts as to these allegedly overbroad terms, and its generic objection is exactly of the kind the Court warned against at the August 14, 2023 hearing. *See* 8/14/23 Hr'g Tr. at 146:4-7 ([THE COURT:] "I will tell you right now, Mr. Herz, if you're objecting on scope or burden, it had better be a good objection or you're going to wind up getting sanctioned if you don't produce documents."). Nor is it any answer for Mawson to suggest that Celsius's terms may require review of non-responsive materials: that is true of all search terms, and without hit counts, it is impossible to substantiate or even evaluate Mawson's overbreadth objection. And that is to say nothing of Mawson's refusal to agree to search local files and documents for its custodians or shared drives or folders.

Second, Mawson also improperly has refused to identify its General Counsel, Tom Hughes, as a custodian. Recognizing his status as a lawyer, Mawson yesterday produced over 100 documents, at least some of which were improperly included on its privilege log because Mr. Hughes appeared on the chain. Mawson chose to put forward Mr. Hughes as its declarant in support of its Rule 60 motion and to make factual statements and allegations about the parties' business relationship. Having made that choice, Mawson should not be permitted to shield non-privileged documents and communications in Mr. Hughes's possession from discovery.

**Mawson's Rule 2004(c) Deponent.** Notwithstanding the Court's order compelling Mawson to produce a corporate representative by August 24, 2023, Mawson requested an extension of that deadline and asked to split the deposition across two days, claiming its anticipated witness was in Australia in a materially different time zone. In an effort to be reasonable, Celsius agreed to both requests and scheduled the deposition for August 31, 2023, and September 1, 2023, starting at 6:30am and 7:00am, respectively. That accommodation apparently was not enough for Mawson. Now Celsius has significant concerns about Mawson's preparation of its corporate representative. Despite receiving a week's extension and being asked multiple times, Mawson still refuses to disclose the identity of its corporate witness. Not only does this raise concerns as

# KIRKLAND & ELLIS LLP

August 30, 2023
Page 3

to Mawson's preparation of its witness, it has impeded Celsius's preparation by preventing it from conducting a targeted review of files from that individual or even learning whether this individual was one of Mawson's document custodians (a fact Mawson still refuses to confirm or deny). Mawson has finally agreed to provide the identity of its witness to the court reporter (but apparently not Celsius) by 5:30pm ET today, but even that is improper. It gives Celsius barely half a day – overnight – to review materials from Mawson's corporate representative. Mawson's tactic is gamesmanship and is emblematic of Mawson's hide-the-ball approach to these proceedings.

Celsius therefore seeks an informal discovery conference with the Court and would seek the following relief: (i) an order compelling Mawson to apply Celsius's requested search terms to custodians' email and computer files, including the files of Mr. Hughes; (ii) an order compelling Mawson to immediately disclose the identity of its corporate representative; and (iii) an order requiring Mawson's representative to sit for a single 7-hour deposition on Friday, September 1, 2023 beginning at 8:00am ET; Celsius previously had endeavored to accommodate the time difference between ET and Australia time (and to split the deposition across two days starting at 6:30am and 7:00am ET, respectively), but given Mawson's belated productions and to give Celsius additional time to review materials involving Mawson's witness, a different path is warranted. Celsius also reserves the right to hold the deposition open in the event documents are not produced before it occurs.

Regards,

*/s/ T.J. McCarrick*
T.J. McCarrick

cc:     Ross M. Kwasteniet, P.C.
        Christopher S. Koenig
        Keith H. Wofford
        Michael R. Herz
        Michael A. Sweet
        Isaac Hoenig