

Pg 1 of 4

Fox Rothschild LLP
ATTORNEYS AT LAW
49 Market Street
Morristown, NJ 07960
Tel 973.326.7100 Fax 973.326.7101
www.foxrothschild.com

MICHAEL R. HERZ
Direct No: 973.548-3330
Email: mherz@foxrothschild.com

August 30, 2023

***Via ECF and E-Mail***
Hon. Martin Glenn
Chief United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Courtroom 523
New York, NY 10004-1408

**Re: *In re Celsius Network LLC*, No. 22-10964 (MG) – Response to Debtors' Request for Informal Discovery Conference**

Dear Chief Judge Glenn:

On behalf of the Mawson Entities,[1] I write to respond to the issues raised by the Debtors in advance of the discovery conference scheduled for 3:00 p.m. on August 31, 2023.

**Debtors originally sought to hold the upcoming deposition prior to receiving documents:** The Debtors issued a Rule 30(b)(6) deposition notice for a corporate entity deposition starting at 9:00 a.m. ET on August 24, 2023. They also previously issued a document subpoena to Luna Squares with a production deadline of 5:00 p.m. ET the same day. Thus, as originally contemplated by the Debtors, the Mawson Entities were not required to produce documents until the deposition would be completed (or almost completed). The Debtors' new concern that they do not have sufficient time to prepare for the rescheduled deposition is thus an issue of their own making. Nonetheless, the Mawson Entities provided documents and served limited objections to the subpoena by the August 24th deadline and have been regularly conferring in good faith with Debtors' counsel regarding those objections including by providing additional responsive documents on August 29, 2023. In total, the Mawson Entities have produced over 6700 pages of documents. The parties also agreed to schedule the deposition of the Mawson Entities' corporate representative to begin at 6:30 a.m. ET on August 31, 2023, and continue, if necessary, on

[1] The Mawson Entities include Mawson Infrastructure Group, Inc., Luna Squares LLC, and Cosmos Infrastructure.

148960518.2

A Pennsylvania Limited Liability Partnership

California Colorado Delaware District of Columbia Florida Georgia Illinois Massachusetts Minnesota Missouri
Nevada New Jersey New York North Carolina Oklahoma Pennsylvania South Carolina Texas Washington

September 1, 2023, at 7:00 a.m. ET. The start times were selected because the Mawson Entities' corporate representative is located in Sydney, Australia, which is fourteen hours ahead of eastern standard time. The rescheduling has inured to the benefit of the Debtors because it has provided them with time to receive and review documents that they would not have had if the deposition occurred as originally scheduled.

**The Mawson Entities conducted reasonable searches and are running additional terms:** The Mawson Entities have made a good faith and reasonably diligent effort to comply with the Debtors' subpoena by gathering responsive documents and running search terms to gather responsive communications from key custodians. As part of the meet and confer process the Mawson Entities provided the Debtors with a list of their custodians and search terms on Monday August 28. The Mawson Entities' search term "Celsius" was reasonably calculated to gather responsive documents as it reached communications discussing any issue concerning Celsius.

After conferring, the Debtors provided the Mawson Entities with a list of additional terms on the evening of August 28th. Those terms were "CEL," "collateral," "co-location," "deposit," "refund," "deploy*," "promissory," and "curtail*." The Mawson Entities have now run searches on those additional terms and are gathering additional documents from running "CEL" and "co-location." Running all terms resulted in approximately 104,125 unique hits (not counting email attachments) and contained 106.30 GB of data, figures that can only be characterized as overly burdensome, particularly on the short turnaround period requested by the Debtors.

As communicated to the Debtors as part of the meet and confer process, most of the Debtors' proposed terms, which are not tethered to specific topics, are plainly overbroad and unduly burdensome resulting in an overbroad and unduly burdensome search. For example:

- The Debtors request that the Mawson Entities run the terms "collateral," "deposit," and "promissory" without any modifiers. These searches would gather voluminous unrelated communications concerning e.g. purchases of equipment, loans, and bank deposits completely unrelated to the Mawson Entities' relationship with Celsius. Similarly, the term "curtail" is a generic industry term used on a regular basis that would elicit voluminous results unrelated to the parties' relationship.

- The Debtors' request that the Mawson Entities use the search term "refund." This term appears nowhere in the Debtors' document requests and would gather documents concerning every business purchase employees at the Mawson Entities sought to return such as business travel tickets, office equipment, and other unused equipment or services.

Further, at no point have the Debtors made any effort to explain how these broad terms are necessary or relevant to any claim or defense the Debtors' might seek to assert under their agreements with the Mawson Entities.



**The Mawson Entities' general counsel is not an appropriate custodian:** The Mawson Entities have not included their general counsel, Tom Hughes, as a document custodian due to the burden of reviewing privileged materials and the likelihood that any individual communication from or to Mr. Hughes not captured by searches on other custodians is privileged. *See e.g. Coventry Capital US LLC v. EEA Life Settlements, Inc.*, 2021 WL 961750 at *1 (S.D.N.Y., March 15, 2021) (observing that general counsel not required to be included as a custodian because he was copied on emails that appeared to have been largely produced). Additionally, Mr. Hughes' submission of a declaration accompanying the Mawson Entities' Rule 60(b) motion does not mean he is an appropriate custodian. Mr. Hughes' declaration consisted of six paragraphs and concerned (1) an overview of the legal agreements between the Mawson Entities and Debtors and the subsequent legal and business negotiations between the parties, (2) a statement concerning the amount of the Mawson Entities monthly power bills, and (3) a summary of the Debtors' document requests. Bankr. Dkt. 3197-3. The declaration thus primarily concerned legal matters, appropriate for a general counsel to discuss, but does not serve as a basis for inclusion as a custodian for purposes of Debtors' document requests. The Debtors have not provided any authority to support their demand that Mr. Hughes be included as a document custodian despite the clear privilege concerns attendant to his role as general counsel.

**The Mawson Entities are prepared to go forward with the 30(b)(6) deposition:** The Debtors noticed the deposition of "Mawson Infrastructure Group Inc., Luna Squares LLC, and Cosmos Infrastructure LLC." Pursuant to Fed. R. Civ. P. 30(b)(6), the Debtors listed 16 topics on which the designated corporate witness will testify. The Mawson Entities have communicated to the Debtors that they will produce a corporate representative to testify about the noted topics as required. None of these topics relate to any individual's personal knowledge or involvement in Celsius related matters and thus it is unclear how "conducting a targeted review of files from that [the designated witness]" is necessary to properly prepare for the deposition. Despite requests, the Debtors have not pointed to any authority requiring that a corporate representative for a Rule 30(b)(6) deposition must be designated by a certain time in advance of the deposition. Nonetheless, the Mawson Entities previously advised Debtors' counsel that they would provide the name of the corporate representative by today and have now provided the name and title of the corporate representative to the Debtors.

Additionally, Fed. R. Civ. P. 30(b)(6) requires that a corporate representative testify "about information known or reasonably available to the organization." The Mawson Entities' corporate representative is prepared to do exactly that. The Debtors' assertion that they are prejudiced because they will have limited time to review communications from the corporate representative is beside the point. The witness is not being deposed in his personal capacity and his individual, firsthand knowledge of the events at issue is not a topic for examination. Moreover, as noted above, the deposition was originally scheduled prior to the document production deadline.



Last, the Debtors request that the Court postpone the upcoming deposition until 8:00 a.m. ET on Friday September 1, 2023. As the Debtors are aware, the Mawson Entities corporate representative lives in Australia. Thus, this requested time would require the witness to sit for a 7-hour deposition starting at 10:00 p.m. Sydney time and lasting until 5:00 am, if not later. The Mawson Entities conferred in good faith to find a mutually agreeable time for the deposition, and the Debtors have not identified any exigency that would justify requiring the corporate witness to stay up all night to testify.

All told, the Mawson Entities have worked diligently in good faith to respond to the discovery requests (and follow-up requests) in a timely fashion, to produce a corporate representative at the mutually agreed upon time, and to confer with Debtors' counsel on issues. The Debtors demands now that the Mawson Entities provide testimony during an overnight deposition (Australian time) and produce documents in short order based on generic search terms eliciting voluminous non-pertinent results raises questions about the Debtors' good faith in how they have approached this process.

Based on the foregoing, the Mawson Entities respectfully request that the Court deny the Debtors' requested relief.

Respectfully submitted,

Michael R. Herz

cc: Michael A. Sweet
Martin R. Martos
Isaac M. Hoenig
Dan LaTona
Ross M. Kwasteniet, P.C.
Keith H. Wofford
TJ McCarrick