Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) ) ) | Case No. 22-10964 (MG) |
| Debtors. | ) ) ) | (Jointly Administered) |

**DEBTORS' OBJECTION TO MOTION FOR RELIEF FROM
AUTOMATIC STAY AND DECLARATION OF SECURED CREDITOR STATUS**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this objection (this "Objection") to Joshua B. Cole's *Motion for Relief of Automatic Stay and Declaration of Secured Creditor Status* [Docket No. 3048] (the "Motion") and Nicole Barstow's *Motion to Object to the Debtor's Disclosure Statement, Motion to Join Joshua Cole's Secured Creditor and Relief from Automatic Stay Motion, and Competing Chapter 11 Plan Proposal* [Docket No. 3061]. In support of this Objection, the Debtors state the following:[2]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the *Joint Chapter 11 Plan of Reorganization of Celsius Network LLC and Its Debtor Affiliates* [Docket No. 3319] (the "Plan").

**Background**

1. On September 1, 2022, this Court entered its *Memorandum Opinion and Order Sustaining Objections to Lift Stay Motion Filed by Daniel A. Frishberg* [Docket No. 695] (the "Stay Opinion"), which ruled that "'Earn Account' holders appear to be unsecured creditors of Celsius, whether or not they demanded a return of the balance of their earn account before the chapter 11 petitions were filed but did not receive repayment because of the 'pause on repayments' imposed by the Debtors." Stay Opinion at 2.

2. On January 4, 2023, this Court entered its *Memorandum Opinion and Order Regarding Ownership of Earn Account Assets* [Docket No. 1822] (the "Earn Opinion"), which held, among other things, that assets transferred into the Earn Program are property of the Debtors' estates and that account holders have unsecured claims that may include damages for breach of contract and other theories of liability, subject to claimants' individual defenses that would be resolved through the claims process. Earn Opinion at 30. On January 6, 2023, the Court entered the *Order Denying Nicole Barstow's Motions to be Considered a Secured Creditor* [Docket No. 1832] (the "Unsecured Status Order"), which overruled the movant's request for a determination that she was a secured creditor with respect to the USDC in her Earn Program account, citing the Earn Opinion.

3. On July 17, 2023, Mr. Cole filed the Motion seeking, among other things, relief from the automatic stay imposed by section 362 of the Bankruptcy Code "for cause" and asking that the Court "recognize [Mr. Cole's] security interest perfected by the prepetition filing of UCC-1 financial statements with the offices of the Secretaries of State for Delaware and Florida." Motion ¶ 5.

**Objection**

4. Each of Mr. Cole's arguments has already been considered and rejected by this Court. Mr. Cole does not offer any basis to distinguish his circumstances from those of Mr. Frishberg (who sought relief from the automatic stay to withdraw the balance of his Celsius Account on the basis that he closed his account prepetition)[3] and Ms. Barstow (who argued that she was a secured creditor with respect to the stablecoins in her Celsius Account and that she had perfected her security interest through control of her Celsius Account), each of whom filed motions seeking similar relief that this Court previously denied.[4] Nor does Mr. Cole articulate the basis for his argument that the stay should be lifted "for cause," stating only that "cause" is a flexible standard. *See* Motion ¶ 29 n.32. Legally, Mr. Cole's case is indistinguishable from the facts underlying the Stay Opinion and the Unsecured Status Order. For this reason, the Motion should be denied.

**I.    The Stay Opinion's Reasoning Applies to Mr. Cole's Case.**

5. Like Mr. Frishberg, Mr. Cole purports to have sought to close his Celsius account prior to the Petition Date. This argument should be rejected on the same law and reasoning of the Stay Opinion. The only potentially distinguishing fact between Mr. Cole's case and Mr. Frishberg's case is that Mr. Cole also contends that he did not accept the April 14, 2022 update to the terms of use (known in these cases as "Version 8"), stating that they "materially modified the original contract terms Cole agreed to." Motion ¶ 8. Mr. Cole does not describe the changes he found to be material (Version 8 of the Terms of Use established the Debtors' Custody Program)

---

[3]    *See Motion for Relief from the Automatic Stay* [Docket No. 342].

[4]    *See Response to the Objections of the Debtor and Unsecured Creditors Committee for "The Motions" on Secured Creditor Status for Stablecoins, and Amendments to the Motion to Consider USDC Stablecoin Holders as Secured Creditors* [Docket No. 1276]. Like Mr. Cole, Ms. Barstow argued perfection by control and separately filed UCC-1s.

3

and does not make any representations regarding his acceptance of prior versions of the terms of use.

6.  The Debtors' records reflect that Mr. Cole accepted Version 6 of the Terms of Use on July 29, 2021. The Earn Opinion ruled that "Account Holders who agreed to Terms of Use Version 5 or later, whether by signing up for the first time or by continuing to use the platform with an existing account, entered a contract which contained unambiguous and clear language regarding transfer of title and ownership of assets in Earn Accounts." Earn Opinion at 39. Therefore, Mr. Cole's arguments regarding account closure are legally analogous to Mr. Frishberg's and should be rejected on the law and reasoning of the Stay Opinion.

### II.  The Reasoning of the Earn Opinion and the Unsecured Status Order Apply to Mr. Cole's Case.

7.  Similarly, Mr. Cole argues that he has a perfected security interest in his account balance, citing to *proposed* (but unenacted) amendments to Article 9 of the Uniform Commercial Code. Motion ¶ 16–17. His arguments otherwise largely echo those that Ms. Barstow made when arguing that she was a secured creditor with respect to USDC (the same token as in the Motion), which the Court rejected with citation to the Earn Opinion. *See Order Denying Nicole Barstow's Motions to be Considered a Secured Creditor* [Docket No. 1832] ("For the reasons discussed in the Earn Opinion, as an Earn Account holder, Barstow is not a secured creditor.") (citing Earn Opinion at 30)). The only potentially distinguishing fact is that Ms. Barstow filed her UCC-1 postpetition, while Mr. Cole filed his prepetition. This fact is irrelevant, as it relates to perfection of an interest that does not exist for the reasons set forth in the Earn Opinion. Therefore, Mr. Cole is a general unsecured creditor for the reasons set forth in the Earn Opinion.

8.  Accordingly, the Debtors request that the Court deny the Motion.

4

WHEREFORE, the Court should overrule the Motion and deny the relief requested in the same.

| | |
|---|---|
| New York, New York<br>Dated:  August 31, 2023 | */s/ Joshua A. Sussberg*<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C.<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:  (212) 446-4800<br>Facsimile:  (212) 446-4900<br>Email:  joshua.sussberg@kirkland.com<br><br> - and -<br><br>Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)<br>Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)<br>Christopher S. Koenig<br>Dan Latona (admitted *pro hac vice*)<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Telephone:  (312) 862-2000<br>Facsimile:  (312) 862-2200<br>Email:  patrick.nash@kirkland.com<br>ross.kwasteniet@kirkland.com<br>chris.koenig@kirkland.com<br>dan.latona@kirkland.com<br><br>*Counsel to the Debtors and Debtors in Possession* |