**WHITE & CASE LLP**
David M. Turetsky
Samuel P. Hershey
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
Email: david.turetsky@whitecase.com
       sam.hershey@whitecase.com

– and –

**WHITE & CASE LLP**
Michael C. Andolina (admitted *pro hac vice*)
Gregory F. Pesce (admitted *pro hac vice*)
Carolyn P. Gurland
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone: (312) 881-5400
Facsimile: (312) 881-5450
Email: mandolina@whitecase.com
       gregory.pesce@whitecase.com
       carolyn.gurland@whitecase.com

**WHITE & CASE LLP**
Keith H. Wofford
Southeast Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131
Telephone: (305) 371-2700
Facsimile: (305) 358-5744
Email: kwofford@whitecase.com

– and –

**WHITE & CASE LLP**
Aaron E. Colodny (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, California 90071
Telephone: (213) 620-7700
Facsimile: (213) 452-2329
Email: aaron.colodny@whitecase.com

*Counsel to the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' *EX PARTE* MOTION TO REDACT AND FILE UNDER SEAL CERTAIN PERSONALLY IDENTIFIABLE INFORMATION SUBMITTED IN CONNECTION WITH THE COMMITTEE'S BRIEF REGARDING LEGAL ISSUES WITH RESPECT TO THE TREATMENT OF CEL TOKEN UNDER THE DEBTORS' PLAN OF REORGANIZATION**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

AMERICAS 116616989 v1

The Official Committee of Unsecured Creditors (the "**Committee**") appointed in the chapter 11 cases (the "**Chapter 11 Cases**") of the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") submits this *ex parte* motion (the "**Motion**") to redact and file under seal certain personally identifiable information ("**PII**") contained in material submitted in connection with the Brief (as defined below) and respectfully states as follows:

### Relief Requested

1.   By this Motion, the Committee seeks entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Order**"), authorizing the Committee to redact and file under seal certain PII[2] that is present in materials the Committee relies upon in support of the *Brief of the Official Committee of Unsecured Creditors Regarding Legal Issues with Respect to the Treatment of CEL Token Under the Debtors' Plan of Reorganization* (the "**Brief**"), filed contemporaneously herewith.

### Jurisdiction and Venue

2.   The United States Bankruptcy Court for the Southern District of New York (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, entered February 1, 2012.  The Committee confirms its consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgment in connection herewith consistent with Article III of the United States Constitution.

3.   Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the *Confidentiality Agreement and Stipulated Protective Order*, [Docket No. 790] (the "**Protective Order**") (Sept. 13, 2022).

2

4.      The bases for the relief requested herein are sections 105(a) and 107(c) of title 11 of the United States Code (the "**Bankruptcy Code**"), rule 9037 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and rules 9013-1 and 9037-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**").

### Background

5.      On July 13, 2022 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief in this Court under Chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code. On July 27, 2022, the U.S. Trustee appointed the Committee, which is composed of seven members, each of whom holds crypto (or digital) assets through the Celsius platform [Docket No. 241].

6.      On September 13, 2022, the Court entered the Protective Order, establishing certain procedures to designate information, documents, and things exchanged in, or subject to, discovery in these Chapter 11 Cases as Confidential Material or Highly Confidential Material.

7.      On August 17, 2023, the Court entered the *Order (I) Approving the Adequacy of the Debtors' Disclosure Statement, (II) Approving the Solicitation and Voting Procedures with Respect to Confirmation of the Debtors' Joint Plan of Reorganization, (III) Approving the Form of Ballots and Notices in Connection Therewith, (IV) Scheduling Certain Dates with Respect Thereto, (V) Authorizing and Approving Reimbursement of Certain of the Plan Sponsor's Fees and Expenses, and (VI) Granting Related Relief* [Docket No. 3337].

8.      On August 23, 2023, the Court approved the Confirmation Schedule. *Notice of Discovery Schedule for Confirmation Hearing* [Docket No. 3356]. In connection with the Confirmation Schedule, the Court required the Debtors and Committee to file briefs on legal issues

3

pertaining to CEL Token. *Id.*

9. The Committee has filed its Brief and an accompanying declaration of Aaron Colodny (the "**Colodny Declaration**"), attaching a document referenced in the Brief, contemporaneously herewith. The exhibit attached to the Colodny Declaration contains certain PII that the Debtors have designated Confidential or Highly Confidential Discovery Material.

10. In accordance with the Protective Order, and to protect such PII from being unnecessarily and potentially detrimentally publicly disclosed, the Committee seeks to redact limited portions of the exhibit attached to the Colodny Declaration, in each case containing such PII. The Committee has worked cooperatively with the Debtors to only redact the information deemed to be sensitive and confidential.

## Basis for Relief

11. Section 107(c) of the Bankruptcy Code provides bankruptcy courts with authority to issue orders that will protect entities from potential harm resulting from the disclosure of certain personally identifiable information. Section 107(c) provides that the bankruptcy court, for cause, may protect an individual with respect to and means of identification if that identification would create an undue risk of unlawful injury. 11 U.S.C. § 107(c).

12. The Committee submits that the exhibit attached to the Colodny Declaration contains confidential personally identifiable information that is protected under section 107(c) of the Bankruptcy Code and Bankruptcy Rule 9037. The Protective Order sets forth the identity of the Parties to have access to the documents to be sealed, the duration of the seal, and the obligations of the Parties following the conclusion of the disputes. As this Court is aware, there is significant public attention on these Chapter 11 Cases and any disclosure of the personally identifiable information may cause unlawful injury to the individuals identified in the applicable exhibit.

**Notice**

13.    The Committee will provide notice of this Motion to the following parties or their respective counsel: (a) the U.S. Trustee; (b) the Debtors; (c) the United States Attorney's Office for the Southern District of New York; (d) the Internal Revenue Service; (e) the offices of the attorneys general in the states in which the Debtors operate; (f) the Securities and Exchange Commission; (g) the BRIC; (h) Fahrenheit; and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002 The Committee submits that, in light of the nature of the relief requested, no other or further notice need be given.

**Conclusion**

WHEREFORE, for the reasons set forth herein, the Committee respectfully requests that the Court enter the Proposed Order granting the relief requested herein and other relief as the Court deems appropriate under the circumstances.

[*Remainder of page intentionally left blank*]

Dated: September 6, 2023
New York, New York

Respectfully submitted,

*/s/ Aaron E. Colodny*
**WHITE & CASE LLP**
David M. Turetsky
Samuel P. Hershey
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
Email: david.turetsky@whitecase.com
sam.hershey@whitecase.com

– and –

**WHITE & CASE LLP**
Michael C. Andolina (admitted *pro hac vice*)
Gregory F. Pesce (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone: (312) 881-5400
Facsimile: (312) 881-5450
Email: mandolina@whitecase.com
gregory.pesce@whitecase.com

– and –

**WHITE & CASE LLP**
Keith H. Wofford
Southeast Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131
Telephone: (305) 371-2700
Facsimile: (305) 358-5744
Email: kwofford@whitecase.com

– and –

**WHITE & CASE LLP**
Aaron E. Colodny (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, California 90071
Telephone: (213) 620-7700
Facsimile: (213) 452-2329
Email: aaron.colodny@whitecase.com

*Counsel to the Official Committee of Unsecured Creditors*

# Exhibit A

**Proposed Order**

AMERICAS 116616989 v1

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER GRANTING**
**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS'** *EX PARTE* **MOTION**
**TO REDACT AND FILE UNDER SEAL CERTAIN PERSONALLY IDENTIFIABLE**
**INFORMATION SUBMITTED IN CONNECTION WITH THE COMMITTEE'S BRIEF**
**REGARDING LEGAL ISSUES WITH RESPECT TO THE TREATMENT OF CEL**
**TOKEN UNDER THE DEBTORS' PLAN OF REORGANIZATION**

Upon the motion (the "**Motion**")[2] of the Official Committee of Unsecured Creditors (the "**Committee**") appointed in the chapter 11 cases (the "**Chapter 11 Cases**") of the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") for entry of an order (this "**Order**") authorizing the Committee to redact and file under seal certain Personally Identifiable Information ("**PII**") that is present in the exhibit to the Colodny Declaration, which the Committee relies upon in the *Brief Regarding Legal Issues with Respect to the Treatment of CEL Token Under the Debtors' Plan of Reorganization*, all as more fully set forth in the Motion, pursuant to sections 105(a) and 107(c) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 9037 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and rules 9013-1 and 9037-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"); and this Court having jurisdiction over this matter pursuant to

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

28 U.S.C. § 1334 and the Standing Order; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1. The Motion is granted as set forth herein.

2. The Committee is authorized, pursuant to sections 105(a) and 107(c) of the Bankruptcy Code, to file the PII under seal.

3. The unredacted versions of the Colodny Declaration and the exhibit attached thereto shall remain confidential and not be made available to any party (other than those specified in paragraph 5 of this Order) without the Committee's consent, may not be filed on the public docket, and shall remain under seal until further order of the Court.

4. The Committee shall submit unredacted copies of the Colodny Declaration and the exhibit to the Clerk of this Court in an envelope under seal, clearly indicating that the same has been filed under seal by order of the Court.

5. The Committee is authorized to cause the unredacted versions of the Colodny Declaration and the exhibit attached thereto to be served on and made available, on a confidential basis, to (i) the U.S. Trustee, (ii) the Debtors, (iii) counsel to the entities identified in (i) and (ii),

or (iv) any party in interest pursuant to the Protective Order entered on September 13, 2022 [Docket No. 790].

6.  Any party authorized to receive the unredacted versions of the Colodny Declaration and the exhibit attached thereto pursuant to this Order or the Protective Order shall be authorized and directed to redact specific references to the information set forth therein from pleadings filed by such party on the public docket maintained in these chapter 11 cases. If the PII is attached or referred to in any future pleadings or documents filed with this Court relating to these Chapter 11 Cases, this Order shall apply to such pleading or document.

7.  Any party who receives the PII in accordance with this Order or the Protective Order shall not disclose or otherwise disseminate this information to any other person or entity, including in response to a request under the Freedom of Information Act.

8.  The Clerk of this Court shall treat the information contained in the Colodny Declaration and exhibit attached thereto as confidential, and counsel for the Committee shall contact the Clerk's Office regarding the return or disposition of the Colodny Declaration and exhibit attached thereto as soon as practicable following the effective date of any chapter 11 plan in these Chapter 11 Cases or any successor cases.

9.  Nothing in this Order shall restrict in any way the right of any party in interest or the U.S. Trustee to seek relief from this Court to unseal any part of the Colodny Declaration or exhibit attached thereto.

10. The requirements set forth in Local Rules 9013-1 and 9037-1 are satisfied by the contents of this Motion.

11. Notice of the Motion as provided therein shall be deemed good and sufficient notice

3

of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

12. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

13. The Committee is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

14. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2023

                                                THE HONORABLE MARTIN GLENN
                                                UNITED STATES BANKRUPTCY JUDGE