**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## ORDER (I) APPROVING
## THE SETTLEMENT BY AND BETWEEN THE DEBTORS
## AND BRADLEY CONDIT AND (II) GRANTING RELATED RELIEF

Upon the *Motion for Entry of an Order (I) Approving the Settlement by and Between the Debtors and Bradley Condit and (II) Granting Related Relief* [Docket No. 3339] (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") (i) approving the Settlement, as embodied in the Settlement Agreement attached hereto as **Exhibit 1**, by and between the Debtors and Bradley Condit and (ii) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing thereon were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      The Settlement (as embodied in the Settlement Agreement attached hereto as **Exhibit 1**) and the Settlement Agreement are approved.

3.      Notwithstanding the Stipulation, pursuant to Bankruptcy Rule 9019, the Parties are authorized to enter into and perform under the Settlement as embodied in the Settlement Agreement, and perform, execute, and deliver all documents, and take all actions necessary, to immediately continue and fully implement the Settlement in accordance with the terms, conditions, and agreements set forth or provided for in the Settlement Agreement.

4.      The notice requirements under Bankruptcy Rule 6004(a) are hereby waived.

5.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

6.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

7.      This Order shall bind the Parties, their estates and any successors or assigns, including without limitation any trustee, liquidating trustee, or other estate representative.

8.      The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.


**IT IS SO ORDERED.**

Dated:   September 8, 2023
            New York, New York

                                    _____/s/ Martin Glenn_____
                                        MARTIN GLENN
                                Chief United States Bankruptcy Judge

## Exhibit 1

**Settlement Agreement**

DocuSign Envelope ID: 24625695-7725-4C33-AA0A-8B766527BF9A

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release (the "Agreement") is entered into by and between **Celsius Network LLC** (referred to throughout this Agreement as "Employer") and **Bradley Condit** ("Employee"). The term "Party" or "Parties" as used herein shall refer to Employer, Employee, or both, as may be appropriate.

1.     **Recitals.**

This Agreement is made with reference to the following facts:

(a)     Employee was formerly employed by Employer**;**

(b)     Employee's last day of employment with Employer was September 27, 2021 ("Separation Date");

(c)     On or about June 28, 2022, Employee brought an action against Employer, which is pending as *Bradley Condit v. Celsius Network LLC and Yaron Shalem, in his individual and professional capacities*, United States District Court for the Southern District of New York Case No.: 22-cv-05452 (CS) (the "Lawsuit"). In the Lawsuit, Employee asserts claims for disability discrimination, hostile work environment, and failure to provide a reasonable accommodation; and

(d)     There has been no determination on the merits of the Lawsuit but, in order to avoid additional cost and the uncertainty of litigation, Employee and Employer have agreed, subject to the provisions in Paragraph 5 below, to resolve any and all claims, known and unknown, asserted and unasserted, which Employee has or may have against Employer and/or Employer's direct and indirect past, present, and future parent corporations, affiliates, shareholders, members, subsidiaries, partners, divisions, predecessors, insurers, reinsurers, professional employer organizations, representatives, successors, and assigns, and their respective current and former employees, attorneys, officers, owners, members, managers, shareholders, directors, and agents thereof, including but not limited to Yaron Shalem, both individually and in their business capacities, and their respective employee benefit plans and programs and their administrators and fiduciaries, both individually and in their business capacities (collectively referred to throughout the remainder of this Agreement as "Releasees", and each, a "Releasee") as of the date of execution of this Agreement.

2.     **Consideration/Indemnification for Tax Consequences and Liens.**

(a)     In consideration for Employee signing this Agreement, and complying with its terms and subject to the revocation language below, if any, Employer and/or its EPL insurance carrier agrees to pay the total gross sum of TWO HUNDRED THIRTY THOUSAND DOLLARS AND NO CENTS ($230,000.00) (the "Settlement Payment"), to be paid as follows:

(1)     One payment for alleged emotional distress, liquidated and/or other non-wage damages by check made payable to "Bradley Condit" in the amount of ONE HUNDRED FORTY-TWO THOUSAND SEVEN HUNDRED ELEVEN DOLLARS AND TWO

DocuSign Envelope ID: 24625696-773D-4C33-AA0A-8B7565278F5A

CENTS ($142,711.02), for which Employer shall issue an IRS Form 1099-MISC to Employee; and

(2)    One payment for alleged compensatory, wage-related damages by check made payable to "Bradley Condit" in the amount of FIFTY THOUSAND DOLLARS AND NO CENTS ($50,000), less lawful deductions and tax withholdings, for which Employer or its agents shall issue an IRS Form W-2 to Employee; and

(3)    One payment for alleged attorneys' fees and costs by check made payable to "Parker Pohl LLP" ("Employee's Counsel") in the amount of THIRTY-SEVEN THOUSAND TWO HUNDRED EIGHTY-EIGHT DOLLARS AND NINETY-EIGHT CENTS ($37,288.98), for which an IRS Form 1099-MISC shall be issued to each of Employee and Employee's Counsel;

(b)    Employer also agrees to pay JAMS for Employee's half of the mediation fee in connection with the Parties' June 12, 2023 mediation with Mediator Dina Jansenson.

(c)    Employee agrees that Employee is responsible for all applicable taxes, if any, in connection with the payments described in Paragraph 2(a) above. Employee understands and agrees that Employer is providing Employee with no representations regarding tax obligations or consequences that may arise from this Agreement. Employee, for Employee and Employee's dependents, successors, assigns, heirs, executors, and administrators (and Employee's legal representatives of every kind), agrees to promptly (as further detailed in this Paragraph 2(c)) indemnify and hold the Releasees harmless for the amount of any taxes, penalties, and/or interest that may be assessed by any governmental tax authority against any of the Releasees in connection with such governmental tax authority's determination that Employer or any of the other Releasees was required to, but failed to, withhold or report the correct amount of income or employment taxes from the payments made to Employee or Employee's Counsel pursuant to Paragraph 2(a) of this Agreement. Employee agrees that Employee shall indemnify the Releasees for the full amount of such liability within fifteen (15) days after receipt of notice from Employer or any of the other Releasees of the assessment of such taxes, penalties, and/or interest.

(d)    Any settlement payments made by check set forth in this paragraph will be delivered to Employee's Counsel at 99 Park Avenue, Suite 1510, New York, New York 10016 via FedEx overnight delivery.

## 3.    <u>No Consideration Absent Execution of this Agreement.</u>

Employee understands and agrees that Employee would not receive the monies and/or benefits specified in Paragraph 2(a) above, except for Employee's timely execution of this Agreement, Employee's Counsel's execution of the Stipulation and Order of Dismissal with Prejudice attached hereto as Exhibit "A" and Employee's execution of the Nondisclosure Agreement ("NDA") attached hereto as Exhibit "B," and the fulfillment of the promises contained herein and therein.

DocuSign Envelope ID: 2462B696-772D-4C33-AA0A-8B7565278F5A

4.      **Disbursal of Settlement Funds/Dismissal of Action.**

(a)      The settlement payments described in Paragraph 2(a) will be sent within twenty-one (21) business days after the latest of the following have occurred:

(1)      counsel for Employer receives a copy of the Agreement, including the NDA attached hereto, each signed by Employee;

(2)      counsel for Employer receives an executed W-9 Form from Employee's Counsel;

(3)      counsel for Employer receives an executed W-9 Form from Employee;

(4)      counsel for Employer receives the executed Stipulation and Order of Dismissal with Prejudice attached hereto as Exhibit A, a fully-executed copy of which will be held by Employer's attorney and filed by Employer's attorney after confirmation of receiving the settlement payments set forth in Paragraph 2(a);

(5)      the revocation period following the signing of this Agreement has expired; and

(6)      this Agreement is approved by the United States Bankruptcy Court for the Southern District of New York presiding over the matter styled as: *In re: Celsius Network LLC, et al.*, Case No. 22-10964 (MG) (the "Bankruptcy").

5.      **General Release, Claims Not Released and Related Provisions.**

(a)      **Dismissal of Claims.** Employee shall withdraw in writing and secure the dismissal with prejudice of all complaints, appeals, suits, actions, charges, claims, allegations and/or proceedings that he (and/or anyone acting on his behalf) has initiated against Employer and/or any of the Releasees, including but not limited to the Lawsuit. Employee authorizes his counsel to execute the Stipulation and Order of Dismissal with Prejudice attached hereto as Exhibit "A" upon full execution of this Agreement and Employer's counsel shall file same with the Court for issuance and entry.

(b)      **Mutual General Release of All Claims.** Employee and Employee's dependents, heirs, executors, administrators, successors, and assigns knowingly and voluntarily release and forever discharge each and all of the Releasees, of and from any and all claims, known and unknown, asserted or unasserted, which Employee has or may have against any of the Releasees as of the date of execution of this Agreement, including, but not limited to, any alleged violation of the following, as amended:

- Title VII of the Civil Rights Act of 1964;
- Sections 1981 through 1988 of Title 42 of the United States Code;

DocuSign Envelope ID: 24625695-772D-4C33-AA0A-8B7565278F9A

- The Employee Retirement Income Security Act of 1974 ("ERISA");
- The Internal Revenue Code of 1986;
- The Immigration Reform and Control Act;
- The Americans with Disabilities Act of 1990;
- The Worker Adjustment and Retraining Notification Act;
- The Fair Credit Reporting Act;
- The Family and Medical Leave Act;
- The Equal Pay Act;
- The Genetic Information Nondiscrimination Act of 2008;
- The Age Discrimination in Employment Act of 1967 ("ADEA");
- The Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA");
- Families First Coronavirus Response Act;
- The New York State Executive Law (including its Human Rights Law);
- The New York Equal Pay Law;
- The New York Non-Discrimination for Legal Activities Law;
- The New York Whistleblower Law;
- The New York wage and hour and wage payment laws and regulations;
- The New York Paid Sick Leave Law;
- The New York False Claims Act;
- The New York Criminal and Consumer Background Laws, N.Y. Gen. Bus. Law Sec. 380-B et seq.;
- The Non-Discrimination and Anti-Retaliation Provisions of the New York Workers' Compensation and the New York Disability Benefits Laws;
- The New York Labor Law;
- The New York State Worker Adjustment and Retraining Notification Act;
- The New York Occupational Safety and Health Laws;
- The New York Fair Credit Reporting Act;
- The New York Constitution;
- The New York City Administrative Code and Charter (including its Human Rights Law);
- The New York City Earned Sick Time Act;
- The New York City Temporary Schedule Change Law;
- The New York City Human Rights Law;
- The New York City Civil Rights Law;
- any other federal, state or local law, rule, regulation, or ordinance;
- any public policy, contract (written or oral, express or implied), tort, or common law;
- any prepetition or postpetition claims held against any debtor in connection with the Bankruptcy as defined herein; or
- any basis for recovering costs, fees, expenses or other monies incurred in these matters, including but not limited to attorneys' fees, CEL tokens, and crypto assets.

Releasees knowingly and voluntarily release and forever discharge Employee and Employee's dependents, heirs, executors, administrators, successors, and assigns of and from any and all claims, known and unknown, asserted or unasserted, related to Employee's employment with Employer which Releasees have or may have against any of the foregoing as of the date of execution of this Agreement.

(c)    **Claims Not Released.**  Employee is not waiving any rights Employee may have to: (i) Employee's own vested or accrued employee benefits under Employer's qualified retirement benefit plans as of the Separation Date; (ii) benefits and/or the right to seek benefits under applicable workers' compensation and/or unemployment compensation statutes; (iii) pursue claims which by law cannot be waived by signing this Agreement; or (iv) enforce this Agreement.

(d)    **Governmental Agencies.**  Nothing in this Agreement prohibits, prevents, or otherwise limits Employee from filing a charge or complaint with or participating, testifying, or assisting in any investigation, hearing, or other proceeding before any federal, state, or local government agency (*e.g.*, EEOC, NLRB, SEC) or in any legislative or judicial proceeding nor does anything in this Agreement preclude, prohibit or otherwise limit, in any way, Employee's rights and abilities to contact, communicate with or report unlawful conduct to federal, state, or local officials for investigation or participate in any whistleblower program administered by any such agencies.  However, to the maximum extent permitted by law, Employee agrees that if such an administrative claim is made, Employee shall not be entitled to recover any individual monetary relief or other individual remedies from any of the Releasees.

(e)    **Collective/Class Action Waiver and Jury Waiver.**  If any claim is not subject to release, to the extent permitted by law, Employee waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which Employer and/or any other Releasee identified in this Agreement is a party.  Similarly, as to any such claim against any Releasee that is not otherwise released, Employee waives Employee's right to a jury trial subject to applicable law.

6.    **Limited Disclosure.**

Employee agrees that he will not disclose the terms or existence of this Agreement to any person or entity not a Party hereto without the express written consent of Employer. Notwithstanding the foregoing, Employee may disclose the terms of this Agreement to: (i) Employee's attorneys; (ii) Employee's spouse; (iii) Employee's accountant or tax professional; (iv) in response to an order of a court of competent jurisdiction or other legal tribunal or a subpoena issued under the authority thereof, which order or subpoena calls for such disclosure or testimony; (v) the IRS or any other state or federal tax agency for tax purposes; or (vi) as otherwise required by applicable law, rule or regulation.  This subsection shall not prohibit disclosure of the terms or existence of this Agreement to the extent necessary to enforce this Agreement through a legal proceeding, including for the avoidance of doubt to the United States Trustee for Region 2 (the "U.S. Trustee"), the official committee of unsecured creditors appointed by the U.S. Trustee, and in the United States Bankruptcy Court for the Southern District of New York in connection with the approval described in Section 18 herein.  If Employee receives notice of an order or subpoena

DocuSign Envelope ID: 34625696-773D-4C33-AADA-8B7565278F9A

which may require disclosure pursuant to this Paragraph, he shall provide immediate notice to his counsel, M. Todd Parker, Esq. of Parker Pohl LLP, who will give immediate written notice to Ron Deutsch, Esq., General Counsel of Celsius at legal@celsius.network, to allow Employer a reasonable opportunity to protect its respective interests with respect to such disclosure. This confidentiality restriction shall not be construed to limit Employee's rights under the National Labor Relations Act.

Employee also agrees that he will not disclose the underlying facts and circumstances of the claims he asserted in the Action, or any other claim, the factual foundation for which involves discrimination, that he had, has or may have against any of the Releases, except that Employee may disclose such information to the same persons and under the same terms and conditions as provided for above in this Paragraph 6. Upon inquiry by any person not identified in this Paragraph 6 of the facts and/or circumstances underlying any such claims or causes of action , Employee can only state that the matter has been resolved and that he is unable to discuss the matter further.

This nondisclosure agreement applies to any claims or causes of action, including but not limited to any "claim, the factual foundation for which involves discrimination" within the meaning of New York General Obligations Law ("GOL") § 5-336. Employee acknowledges and agrees that the condition of confidentiality was, and still is, his preference. In a separate agreement attached hereto as Exhibit "B" that Employee signed and did not revoke his acceptance of, he expressed his voluntary preference for a nondisclosure agreement and requested that Employer agrees to enter into a nondisclosure agreement regarding the underlying facts and circumstances described in his Lawsuit. More than twenty-one (21) days has passed since Employee expressed his voluntary preference. The Parties hereby confirm that they have memorialized Employee's preference in "an agreement signed by all parties," as provided in GOL § 5-336, which is incorporated herein by reference and attached hereto as Exhibit "B." Employee acknowledges and agrees that confidentiality is a material condition of the Parties' Agreement.

**7.    Notification of Legal Process.**

Employee further agrees that, in the event Employee is subpoenaed by any person or entity (including, but not limited to, any government agency) to give testimony (in a deposition, court proceeding or otherwise) that in any way relates to Employee's employment with Employer, Employee will give immediate written notice of such request to his counsel, M. Todd Parker, Esq., of Parker Pohl LLP, who will give immediate written notice to Ron Deutsch, Esq., General Counsel of Employer at legal@celsius.network, to allow Employer a reasonable opportunity to protect its interests with respect to such disclosure. Nothing in this Agreement shall preclude Employee from responding truthfully to a valid subpoena that is properly served.

**8.    Acknowledgements and Affirmations.**

(a)    Employee affirms that Employee has not filed, caused to be filed, or presently is a party to any claim against Employer and/or any other Releasee, except the Lawsuit, which is being dismissed with prejudice. Nothing in this Agreement or these Affirmations is intended to impair Employee's rights under whistleblower laws or cause Employee to disclose

DocuSign Envelope ID: 24625696-772D-4C33-AA0A-8B7565278F9A

Employee's participation in any governmental whistleblower program or any whistleblowing statute(s) or regulation(s) allowing for anonymity.

(a)    Employee also affirms that Employee has been paid and/or has received all compensation, wages, bonuses, commissions, paid sick leave, predictability pay, CEL tokens, crypto assets, equity and/or benefits which are due and payable as of the date Employee signs this Agreement and Employee has been reimbursed for all necessary expenses and/or losses incurred by Employee within the scope of Employee's employment. Employee further affirms that Employee has submitted expense reports for all necessary expenses and/or losses incurred by Employee within the scope of Employee's employment. Employee affirms that Employee has been granted any leave to which Employee was entitled under the Family and Medical Leave Act and state and local leave and disability accommodation laws.

(b)    Employee further affirms that Employee has no known workplace injuries or occupational diseases.

(c)    Employee also affirms that Employee has not divulged any proprietary or confidential information of Employer and/or Employer's direct and indirect past and/or present parent corporations, affiliates, and/or subsidiaries and will continue to maintain the confidentiality of such information consistent with Employer's policies and Employee's agreement(s) with Employer and/or common law. Under the federal Defend Trade Secrets Act of 2016, Employee shall not be held criminally or civilly liable under any federal or state trade secret law for the disclosure of a trade secret that: (a) is made (i) in confidence to a federal, state, or local government official, either directly or indirectly, or to an attorney; and (ii) solely for the purpose of reporting or investigating a suspected violation of law; or (b) is made to Employee's attorney in relation to a lawsuit against Employer for retaliation against Employee for reporting a suspected violation of law; or (c) is made in a complaint or other document filed in a lawsuit or other proceeding, if such filing is made under seal.

(d)    Employee further affirms that Employee has not reported internally to Employer any allegations of wrongdoing by Employer or its officers, including any allegations of corporate fraud, and Employee has not been retaliated against for reporting or objecting to any such allegations internally to Employer.

(e)    Employee shall not apply for, or accept, employment or other work engagement (including, for example, as an independent contractor or temporary worker) with Employer or any Releasee under any circumstances because of, among other things, irreconcilable differences with Employer. Employee agrees that, if Employee accepts employment or other work engagement with any Releasee in contravention of this Agreement, such Releasee may terminate Employee's employment or work engagement immediately and Employee shall have no claim against such Releasee, in law or equity, related to such termination (to the fullest extent permitted by law).

(f)    Employee affirms that all of Employer's decisions regarding Employee's pay and benefits through the date of Employee's execution of this Agreement were not discriminatory based on age, disability, race, color, sex, religion, national origin or any other

DocuSign Envelope ID: 24625696-772D-4C33-AA0A-8B7565278F9A

classification protected by law, except as alleged in the Lawsuit and which claims are expressly released in Paragraph 5 above.

(g)     Employee and Employer acknowledge Employee's rights to make truthful statements or disclosures required by law, regulation, or legal process and to request or receive confidential legal advice, and nothing in this Agreement shall be deemed to impair those rights.

(h)     Employee represents, warrants and acknowledges that there are bona fide legal arguments and disputes between the Employer and Employee, and that the consideration described in Paragraph 2 reflects a full compromise for any such claims, including claims under the Fair Labor Standards Act (or applicable state or local wage law) as of the date of execution of the Agreement. Accordingly, the Parties have not found it necessary for the United States Department of Labor (the "USDOL") or any other federal, state or local governmental department or agency to supervise or approve this Agreement, but the Parties agree that if a USDOL or other proceeding is required to approve this Agreement, the Parties shall seek approval and enforcement hereof, including filing a motion or request for approval of this settlement as full consideration for the asserted claim from a court of competent jurisdiction and/or the USDOL(or applicable state or local agency). Further, if any claim or portion thereof is not subject to release, to the extent permitted by law, Employee and Employee's heirs, executors, administrators, successors and assigns (and dependents, in the case of Employee), waive any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which any of the Releasees is a party. If any claim is not barred by this Agreement, all monies paid hereunder shall be set-off against any relief or recovery. Consistent with this Agreement, in the event any class or collective claim is brought against any of the Releasees, which includes or may include Employee and/or Employee's dependents, heirs, executors, administrators, successors and/or assigns, immediately upon learning of such Releasee's inclusion, Employee and/or Employee's dependents, heirs, executors, administrators, successors and/or assigns, as applicable, shall withdraw therefrom without obtaining or accepting any relief or recovery from any of the Releasees.

## 9.     <u>Return of Property.</u>

Except as provided otherwise in this Agreement or by applicable law, Employee affirms that Employee has returned all of Employer's property, documents, and any confidential information in Employee's possession and/or control.

Employee also affirms that Employee is in possession of all of Employee's property that Employee had at Employer's premises (if any) and that Employer is not in possession of any of Employee's property.

## 10.    <u>Non-Disparagement.</u>

Employee agrees to refrain from making, directly or indirectly, statements that are disparaging, defamatory and/or critical about any of the Releasees and/or Releasees' customers, suppliers, and/or vendors, including but not limited to communications on social media websites such as Facebook, Twitter, LinkedIn, or Glassdoor on blogs, by text or email or any other electronic means. This provision does not prohibit Employee from making truthful statements

about the terms or conditions of Employee's employment, or from exercising Employee's rights under the National Labor Relations Act, government whistleblower programs, or whistleblowing statutes or regulations or as may be required by applicable law. Employer agrees that it will instruct Mrs. Trunshedda Ramos and Mr. Ron Deutsch that they are to refrain from making statements that are disparaging or defamatory about Employee.

## 11. Medicare Secondary Payer Rules.

Employee affirms that as of the date Employee signs this Agreement, Employee is not Medicare eligible (i.e., is not 65 years of age or older; is not suffering from end stage renal failure; has not received Social Security Disability Insurance benefits for 24 months or longer, etc.). Nonetheless, if the Centers for Medicare & Medicaid Services (CMS) (this term includes any related agency representing Medicare's interests, as well as any insurance carrier providing benefits under Medicare Part C or Part D) determines that Medicare has an interest in the payment to Employee under this settlement, Employee agrees to (i) indemnify, defend and hold Releasees harmless from any action by CMS relating to medical expenses of Employee, (ii) cooperate with Releasees upon request with respect to any information needed to satisfy the reporting requirements under Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007, if applicable, and any claim that the CMS may make and for which Employee is required to indemnify Releasees under this paragraph, and (iii) waive any and all future actions against Releasees for any private cause of action for damages pursuant to 42 U.S.C. § 1395y(b)(3)(A).

## 12. Governing Law and Interpretation.

This Agreement shall be governed and conformed in accordance with the laws of New York without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement, either Party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect. Should a court declare or find the general release in this Agreement to be unenforceable for any reason, Employee agrees to immediately sign a replacement release provided by Employer that corrects the provisions declared or found unenforceable in this general release.

## 13. Nonadmission of Wrongdoing.

The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by any of the Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

## 14. Amendment.

This Agreement may not be modified, altered or changed except in writing and signed by both Parties wherein specific reference is made to this Agreement.

DocuSign Envelope ID: 24625696-773D-4C33-AADA-8B7565278F5A

15.    **Entire Agreement.**

This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties related to the subject matter hereof, except for any arbitration, intellectual property, noncompete, restrictive covenant, non-solicitation, nondisclosure, or confidentiality agreements between Employer and Employee, which shall remain in full force and effect according to their terms. Employee acknowledges that Employee has not relied on any representations, promises, or agreements of any kind made to Employee in connection with Employee's decision to accept this Agreement, except for those set forth in this Agreement.

16.    **Counterparts and Signatures**.

This Agreement may be signed in counterparts, each of which shall be deemed an original, but all of which, taken together shall constitute the same instrument. A signature made on an electronically mailed copy of the Agreement or a signature transmitted by electronic mail, or which is made electronically, will have the same effect as the original signature.

17.    **Mutual Negotiation**.

This Agreement was the result of negotiations between the Parties and their respective counsel. In the event of vagueness, ambiguity, or uncertainty, this Agreement shall not be construed against the Party preparing it, but shall be construed as if both Parties prepared it jointly.

18.    **Bankruptcy Court Approval**

The Parties understand and agree that this Agreement is subject to and conditioned upon approval of the Parties' settlement in a final Order issued by the United States Bankruptcy Court for the Southern District of New York presiding over the Bankruptcy as defined above and captioned as: *In re: Celsius Network LLC, et al.*, Case No. 22-10964 (MG).

19.    **Third Party Beneficiaries.**

Any and all Releasees are third party beneficiaries of this Agreement for purposes of the protections offered by this Agreement, and they shall be entitled to enforce the provisions of this Agreement applicable to any such Releasee as against Employee or any party acting on Employee's behalf.

**EMPLOYEE IS ADVISED THAT EMPLOYEE HAS UP TO TWENTY-ONE (21) CALENDAR DAYS TO CONSIDER THIS AGREEMENT. EMPLOYEE ALSO IS ADVISED TO CONSULT WITH AN ATTORNEY PRIOR TO EMPLOYEE'S SIGNING OF THIS AGREEMENT AND HAS IN FACT OBTAINED LEGAL REPRESENTATION ABOUT THE DECISION TO ENTER INTO THIS AGREEMENT BY EMPLOYEE'S COUNSEL M. TODD PARKER, ESQ. OF PARKER POHL LLP, AND SO DOING, ENTERS INTO THIS AGREEMENT.**

EMPLOYEE MAY REVOKE THIS AGREEMENT FOR A PERIOD OF SEVEN (7) CALENDAR DAYS FOLLOWING THE DAY ON WHICH EMPLOYEE SIGNS OR ENTERS INTO THIS AGREEMENT AND THE AGREEMENT IS NOT ENFORCEABLE UNTIL THE REVOCATION PERIOD HAS EXPIRED. ANY REVOCATION WITHIN THIS PERIOD MUST BE SUBMITTED, IN WRITING, TO RON DEUTSCH, ESQ., GENERAL COUNSEL OF CELSIUS NETWORK LLC AND STATE, "I HEREBY REVOKE MY ACCEPTANCE OF OUR AGREEMENT AND GENERAL RELEASE." THE REVOCATION MUST BE RECEIVED BY MR. DEUTSCH OR HIS DESIGNEE WITHIN SEVEN (7) CALENDAR DAYS AFTER EMPLOYEE SIGNS OR ENTERS INTO THIS AGREEMENT.

EMPLOYEE AGREES THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS AGREEMENT, DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL CONSIDERATION PERIOD.

EMPLOYEE FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND DISCUSSION WITH HIS ATTORNEY M. TODD PARKER, ESQ. OF PARKER POHL LLP, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS EMPLOYEE HAS OR MIGHT HAVE AGAINST ANY AND ALL RELEASEES.

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

**BRADLEY CONDIT**                    **CELSIUS NETWORK LLC**

By: _Bradley W. Condit_            By: _Chris Ferraro_
                                   Print Name: Chris Ferraro
                                   Print Title: CRO, CFO and Interim CEO

Print
Name: _Bradley W. Condit_   Date: 7/28/2023

Date: _July 27, 2023_

4879-3155-3387, v. 1

Page 11 of 11

# EXHIBIT A

DocuSign Envelope ID: 24625696-772B-4C33-AA0A-8B755527B59A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BRADLEY CONDIT,

                                    Plaintiff,

            -against-

CELSIUS NETWORK LLC AND YARON SHALEM, in his
individual and professional capacities.

                                    Defendants.

---

Civ. No.: 22-cv-5452 (CS)

**STIPULATION AND ORDER
OF DISMISSAL WITH
PREJUDICE**

         **IT IS HEREBY STIPULATED AND AGREED**, by and between the

undersigned counsel for Plaintiff, Bradley Condit, and Celsius Network LLC, that the above-

captioned action be and is hereby dismissed and discontinued in its entirety as against each party

with prejudice, and with no award of attorneys' fees or costs by the Court to any party.

         **IT IS FURTHER STIPULATED AND AGREED** that this Stipulation may be

executed in counterparts and by electronic or facsimile signatures, which shall bear the same force

and effect as original signatures.

PARKER POHL LLP                         JACKSON LEWIS P.C.
99 Park Avenue                          666 Third Avenue, 29th Floor
Suite 1510                              New York, New York 10017
New York, New York 10016                (212) 545-4000

By: _____            By: _____
      M. Todd Parker, Esq.                    Todd H. Girshon, Esq.
                                              Cooper Binsky, Esq.


*Attorneys for Plaintiff*                *Attorneys for Defendant Celsius Network
                                         LLC*

SO ORDERED:

_____

Hon. Cathy Seibel, U.S.D.J.


Date:_____

DocuSign Envelope ID: 2462B695-772D-4C33-AADA-8B7565278E0A

# EXHIBIT B

## NONDISCLOSURE AGREEMENT PURSUANT TO
## GENERAL OBLIGATIONS LAW § 5-336

   Bradley Condit ("Employee") alleges claims of disability discrimination and failure to provide a reasonable accommodation against Celsius Network LLC ("Celsius") arising out of his employment.  (Employee and Celsius hereinafter collectively referred to as the "Parties").  The Parties intend to enter into a Confidential Negotiated Agreement and General Release ("Settlement Agreement") to resolve Employee's allegations detailed in the Complaint filed with the United States District Court for the Southern District of New York on June 28, 2022, styled as: Bradley Condit v. Celsius Network LLC and Yaron Shalem, in his individual and professional capacities, 22-cv-5452 (CS) (the "Action").  Employee prefers that as part of the Settlement Agreement, the underlying facts and circumstances leading up to the substance of the Settlement Agreement, including but not limited to the settlement sums and other terms, not be disclosed.  Pursuant to General Obligations Law ("GOL") § 5-336, this Nondisclosure Agreement is entered into on the following terms:

   1. The Parties agree that they are entering into this Nondisclosure Agreement willingly, without any coercion or duress.

   2. Prior to signing this Nondisclosure Agreement, Employee has considered the term or condition of nondisclosure of the underlying facts and circumstances of the above-referenced allegations and claims for at least 21 days, and such term or condition is Employee's preference.

   3. For a period of seven days following the execution of this Nondisclosure Agreement, Employee may revoke this Nondisclosure Agreement, and the Nondisclosure Agreement shall not become effective or enforceable until such revocation period has expired. Employee may revoke this Nondisclosure Agreement by signing the revocation clause found below and delivering it promptly via electronic mail to Ron Deutsch, Esq., General Counsel for Celsius, at legal@celsius.network.

   4. The Settlement Agreement may be entered into, following the end of the revocation period of seven days after the execution of this Nondisclosure Agreement and shall contain a term incorporating this Nondisclosure Agreement by reference unless this Nondisclosure Agreement has been revoked.

   5. If the Parties do not subsequently enter into the Settlement Agreement, or the Settlement Agreement is not approved by the bankruptcy court, this Nondisclosure Agreement is hereby rendered null and void.  Enforcement of this Nondisclosure Agreement is conditioned upon the subsequent execution of the Settlement Agreement and approval by the bankruptcy court in a final order.

   6. Employee agrees that he will not disclose the terms or existence of this Nondisclosure Agreement, or the Settlement Agreement entered into by the Parties, to any person or entity not a party hereto without the express written consent of Celsius.  Employee confirms

that prior to the execution of this Nondisclosure Agreement, Employee has not revealed its terms to any third parties. Notwithstanding the foregoing, Employee may disclose the terms of this Nondisclosure Agreement and/or the Settlement Agreement entered into by the Parties to: (i) Employee's attorneys; (ii) Employee's spouse; (iii) Employee's accountant or tax professional; (iv) in response to an order of a court of competent jurisdiction or other legal tribunal or a subpoena issued under the authority thereof, which order or subpoena calls for such disclosure or testimony; (v) the IRS or any other state or federal tax agency for tax purposes; or (vi) as otherwise required by applicable law, rule or regulation. This subsection shall not prohibit disclosure of the terms or existence of this Nondisclosure Agreement, or the Settlement Agreement entered into by the Parties, to the extent necessary to enforce this Nondisclosure Agreement or the Settlement Agreement entered into by the Parties through a legal proceeding including for the avoidance of doubt, to the United States Trustee for Region 2 (the "U.S. Trustee"), the official committee of unsecured creditors appointed by the U.S. Trustee, and in the United States Bankruptcy Court for the Southern District of New York in connection with approval of the Settlement Agreement. If Employee receives notice of an order or subpoena which may require disclosure pursuant to this Paragraph, he shall provide notice to his counsel, M. Todd Parker, Esq. of Parker Pohl LLP, who will give prompt written notice to Ron Deutsch, Esq., General Counsel of Celsius at legal@celsius.network, to allow Celsius a reasonable opportunity to protect its respective interests with respect to such disclosure. Nothing in this Nondisclosure Agreement shall preclude Employee from responding truthfully to a valid subpoena that is properly served, provided that the subpoena has not been quashed or limited.

Employee also agrees that he will not disclose the underlying facts and circumstances of the claims he asserted in the Action, or any other claim, the factual foundation for which involves discrimination, that he had, has or may have against Celsius, its parent corporations, affiliates, subsidiaries, divisions, predecessors, insurers, successors or assigns, and each of their respective members, shareholders, directors, officers, managers and employees, to any person or entity not a party hereto without the express written consent of Celsius, except that Employee may disclose such information to the same persons and under the same terms and conditions as provided in the preceding Paragraph. This Nondisclosure Agreement applies to any "claim, the factual foundation for which involves discrimination" within the meaning of GOL § 5-336. Employee acknowledges and agrees that the condition of confidentiality was, and still is, his preference. More than twenty-one (21) days have passed since Employee expressed his preference. The Parties hereby memorialize Employee's preference in "an agreement signed by all parties," as provided in GOL § 5-336.

7.      A facsimile or electronic copy of this Nondisclosure Agreement will have the same force and effect as the original. The Nondisclosure Agreement may also be signed by DocuSign.

8.      By signing below, the signatory for Celsius warrants and represents that such signatory has the authority to sign on behalf of and to bind Celsius to the terms and conditions of this Nondisclosure Agreement on behalf of Celsius, and to ensure that Celsius fulfills all of the terms and conditions set forth herein.

[The remainder of this page is intentionally blank]

The Parties hereby voluntarily agree to the above terms

**BRADLEY CONDIT**

By: *Bradley W. Condit*

Date: *July 27, 2023*

**CELSIUS NETWORK LLC**

By: *Chris Ferraro*
— DocuSigned by:
1315E92CCA0F408...

Date: 7/28/2023

DocuSign Envelope ID: 2462B696-772D-4C33-AADA-8B7565278F9A

**Seven Day Revocation Option:**
(*Sign and date this page <u>only</u> if you intend to revoke*)

I, Bradley Condit, exercise my right under Paragraph 3, above, to revoke this Nondisclosure Agreement.  I understand that by my signature below and by delivering it before the end of the seventh day following the execution of this Nondisclosure Agreement via electronic mail to Ron Deutsch, Esq., General Counsel of Celsius Network LLC at <u>legal@celsius.network</u>, this Nondisclosure Agreement is rendered null and void.

_____                            _____
Date                                                   Bradley Condit

4864-9944-2545, v. 1