UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### ORDER AUTHORIZING THE DEBTORS TO ISSUE SUBPOENAS UNDER FEDERAL RULES OF BANKRUPTCY PROCEDURE 2004 AND 9016 TO MONTANA OP LLC GRANTING RELATED RELIEF

Upon the motion (the "Motion") of the above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] for entry of an order (this "Order"), (a) authorizing the Debtors to issue subpoenas under Federal Rules of Bankruptcy Procedure 2004 and 9016 to Montana OP LLC ("Montana") and (b) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

of the Motion and opportunity for a hearing thereon were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted.

2. Montana shall comply with the document requests attached to the Motion as **Exhibit C** by no later than five days after the entry of this Order and provide the productions to the Debtors.

3. Montana shall comply with the corporate deposition notice attached to the Motion as **Exhibit D** by no later than five days after the deadline for the substantial competition of document production.

4. To the extent necessary, the Debtors' rights are reserved to request depositions and any additional documents under Bankruptcy Rule 2004 based on any other information that may be revealed as a result of the documents and testimony provided pursuant to this Order.

5. This Order is without prejudice to the Debtors' rights to file further motions seeking additional documents and testimony pursuant to Bankruptcy Rule 2004(a) or any other applicable law.

6. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion;

(e) a request or authorization to assume any agreement, contract, or lease pursuant to Section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens. Any payment made pursuant to this Order is not intended and should not be construed as an admission as the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

7. Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

8. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

9. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order, including, but not limited to, any discovery disputes that may arise between or among the parties and to interpret, implement and enforce the provisions of this Order.

**IT IS SO ORDERED.**

Dated:  September 12, 2023
        New York, New York

                                    **    /s/ Martin Glenn    **
                                        MARTIN GLENN
                                    Chief United States Bankruptcy Judge