**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**JOINT STIPULATION AND AGREED ORDER BETWEEN
THE DEBTORS, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
AND THE UNITED STATES ATTORNEY'S OFFICE FOR THE SOUTHERN
DISTRICT OF NEW YORK WITH RESPECT TO AGREEMENT TO STAY THE
PROCEEDINGS WITH RESPECT TO EQUITABLY SUBORDINATED CLAIMS**

This stipulation and agreed order (the "Stipulation and Order") is entered into by and among the above-captioned debtors and debtors in possession (collectively, the "Debtors"), the Official Committee of Unsecured Creditors appointed in the above-captioned case (the "Committee"), and the United States Attorney's Office for the Southern District of New York (the "SDNY" and together with the Debtor and Committee, the "Parties"), each of which agrees and stipulates to the following:

**RECITALS**

**WHEREAS**, on July 13, 2022, certain of the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Court").

**WHEREAS,** on July 13, 2022, Taylor Goines on behalf of himself and others similarly situated filed a class action Complaint against Celsius, Alexander Mashinsky, Daniel Leon, David

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

Boise, and Alan Carr in the United States District Court for the District of New Jersey and the case was docketed as 22 cv 04560 (the "Goines Matter").

**WHEREAS**, on July 27, 2022, the United States Trustee appointed the Committee. *See* [Docket No. 241].[2]

**WHEREAS**, the Committee and the SDNY have each separately investigated, and continue to investigate, the prepetition conduct of the Debtors and certain of their directors, officers, and employees.

**WHEREAS**, on December 7, 2022, Debtors GK8 Ltd, GK8 UK Limited, and GK8 USA LLC, filed voluntary petitions under chapter 11 of the Bankruptcy Code with the Court.

**WHEREAS,** on January 5, 2023, the New York Attorney General (the "NY AG") filed a Complaint against Alexander Mashinsky in New York State Supreme Court and the case was docketed as 450040/2023 (the "NY AG Matter").

**WHEREAS,** on March 8, 2023, the Court entered *Joint Stipulation and Agreed Order Between the Official Committee of Unsecured Creditors and the Debtors with Respect to Certain Claims and Causes of Action Belonging to the Debtors' Estates* [Docket No. 2201] (the "Committee Complaint Stipulation") which preserved certain claims of the Debtors set forth in a draft Complaint (the "Committee Complaint") against Mr. Mashinsky and Roni Cohen-Pavon, among other individuals and entities, for prosecution after the Effective Date of the Plan.

**WHEREAS** on June 29, 2023, the Debtors entered into a Non-Prosecution Agreement with the SDNY.

**WHEREAS,** in July, 2023, a Grand Jury in the Southern District of New York voted an Indictment against Alexander Mashinsky and Roni Cohen-Pavon, which Indictment

---

[2]    References to [Docket No. [●]] are to filings on the above-captioned Bankruptcy Court docket.

(the "Indictment") was unsealed and filed on July 13, 2023, and the case was docketed as 23 CR 347 (the "Criminal Case").

**WHEREAS,** on July 13, 2023, the United States Securities and Exchange Commission (the "SEC") filed a Complaint against Celsius Network LLC and Alexander Mashinsky in the Southern District of New York, and the case was docketed as 23 CV 6005 (the "SEC Matter").

**WHEREAS,** on July 13, 2023, the Commodity Futures Trading Commission (the "CFTC") filed a Complaint against Celsius Network LLC and Alexander Mashinsky in the Southern District of New York, and the case was docketed as 23 CV 6008 (the "CFTC Matter").

**WHEREAS,** on July 13, 2023, the Federal Trade Commission (the "FTC") filed a Complaint against certain Celsius entities, Alexander Mashinsky, Shlomi Daniel Leon, and Hanoch "Nuke" Goldstein in the Southern District of New York, and the case was docketed as 23 CV 6009.

**WHEREAS**, on August 2, 2023, the Debtors filed the *Joint Plan of Reorganization of Celsius Network LLC and Its Debtor Affiliates* [Docket No. 3222] (the "Plan") which provided that holders of Equitably Subordinated Claims[3] "shall not receive any distribution on account of such Claims which will be cancelled, released, and extinguished as of the Effective Date and will be of no further force and effect, unless otherwise ordered by the Bankruptcy Court."

**WHEREAS**, on August 13, 2023, Debtors filed the *Second Notice of Filing of Plan Supplement* [Docket No. 3273] which proposes to equitably subordinate the Claims of certain individuals who are former directors, officers, and employees of the Debtors and certain of their affiliated entities (such claims, the "Equitably Subordinated Claims"). The proposed list of Equitably Subordinated Claims includes those of Alexander Mashinsky, Shlomi Daniel Leon,

---

[3]     Capitalized terms used but not defined herein shall have the meaning set forth in the Plan.

Hanoch "Nuke" Goldstein, Roni Cohen-Pavon, Johannes Treutler, Harumi Urata-Thompson, and entities related to Mashinsky, Leon, and Goldstein (collectively, the "Equitably Subordinated Parties").  [Docket No. 3273] at 12.

**WHEREAS,** on August 25, 2023, the Court approved discovery schedules and hearing dates for Confirmation of the Plan and set October 2, 2023, for the hearing on Plan Confirmation. [Docket No. 3360] (the "Confirmation Schedule").

**WHEREAS,** on August 31, 2023, the Court approved a revised discovery schedule for the trial on the Equitably Subordinated Claims, which provided for a hearing on October 23, 2023. [Docket No. 3405].

**WHEREAS,** in late August 2023, prosecutors from SDNY who are acting as trial counsel to the SDNY in connection with the Criminal Case requested that the Debtors and the Committee agree to a stay of the proceedings (including discovery and a hearing) on the Equitable Subordination Claims so as to not cause potential prejudice to the Criminal Case against Mr. Mashinsky.

**WHEREAS,** the Parties have consulted with representatives for the Equitably Subordinated Parties, and such parties have no objection to the stay of the proceedings with respect to the Equitably Subordinated Claims.

**WHEREAS,** the SDNY intends to seek a stay of the FTC Matter, CFTC Matter, SEC Matter, Goines Matter, NYAG Matter (together, the "Pending Civil Matters") and any other civil suit that concerns the subject matter of the Indictment during the pendency of the Criminal Case to the extent that discovery in those actions would present a risk of significant interference with the Criminal Case; that such a stay would prevent the circumvention of important statutory limitations on criminal discovery and avoid asymmetrical discovery; that such a stay would

preserve court resources because many of the issues presented by such civil actions will be resolved in the Criminal Case; and that such a stay would otherwise be in the interests of justice. *See Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 99 (2d Cir. 2012).

**WHEREAS,** the Indictment contains forfeiture allegations against Alexander Mashinsky and Roni Cohen-Pavon pursuant to 18 U.S.C. § 981(a)(1)(c) and 28 U.S.C. § 2461(c) demanding any and all property derived from proceeds traceable to the commission of the charged offenses as well as substitute assets and the criminal penalties for which the defendants have been indicted would further mandate a restitution obligation. [Indictment ¶¶ 90-91].

**WHEREAS,** the Plan provides for the appointment of a Litigation Administrator that will, among other things, oversee the distribution of Litigation Proceeds to Holders of Account Holder Claims and other General Unsecured Creditors and manage certain litigation held by the Post-Effective Date Debtors.

**WHEREAS,** the SDNY recognizes that following the consummation of the Plan, the Litigation Administrator is a representative of individuals who have lost assets they transferred to the Celsius platform and, as such, are victims as such term is used in the Department of Justice Manual.

**WHEREAS,** the Parties now jointly submit this Stipulation and Order and respectfully request that the Court approve the stipulation set forth below.

**IT IS THEREFORE STIPULATED AND AGREED, AND UPON COURT APPROVAL HEREOF, IT IS HEREBY ORDERED THAT:**

1.    The Debtors and the Committee, and any successor thereto, including the Litigation Administrator and the Plan Administrator, agree to stay the proceedings on the equitable subordination of the Equitably Subordinated Claims (including discovery and any hearings) and,

5

accordingly such proceedings shall be stayed until the earlier of (1) the one-year anniversary of the entrance of this Stipulation and Order or (2) the final disposition of the Criminal Case against Alexander Mashinsky; *provided*, that to the extent any of the Civil Proceedings are not similarly stayed on or before 120 days after the date this Stipulation and Order is entered (or at such earlier time as is agreed by the Parties), then the Debtors and/or the Committee (or their respective successors) may request that the Court lift the stay; provided that SDNY preserves any and all rights with respect to any such request by the Debtors and/or the Committee (or their respective successors). For the avoidance of any doubt, nothing in this paragraph or in this Stipulation and Order prevents the SDNY from seeking a further stay of the proceedings of the equitable subordination of the Equitably Subordinated Claims, and all parties reserve all rights and defenses in that regard.

2.      If the final disposition of the Criminal Case against Alexander Mashinsky has not been completed by the expiration of the stay pursuant to clause (1) in paragraph 1, above, the Committee or Litigation Administrator shall consult with the SDNY about a further voluntary stay before pursuing the Equitably Subordinated Claims.

3.      The Committee or Litigation Administrator may include claims for Equitable Subordinated Claims in the Committee Complaint and file and serve such Committee Complaint notwithstanding the stay; *provided, however*, that the lawsuit opened pursuant to such Committee Complaint shall be subject to the stay set forth in paragraph 1 above.

4.      All other matters in connection with the confirmation of the Plan other than the proposed equitable subordination of the Equitably Subordinated Claims shall proceed in accordance with the Confirmation Schedule.

5.      Following consummation of the Plan, the SDNY agrees, to the extent consistent

with its obligations in the Criminal Case, including any limitations imposed by law and/or Department of Justice policy, to consult and coordinate with the Litigation Administrator appointed under the Plan in connection with the distribution of assets to any party in connection with any funds recovered in connection with the Indictment.

6.      Nothing in this Stipulation and Order shall prevent the Litigation Administrator from filing or pursuing additional complaints or other actions as it deems appropriate.

7.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Stipulation and Order; *provided* that nothing in this paragraph confers jurisdiction by this Court over the Criminal Case.

8.      This Stipulation and Order shall not become effective unless and until it is approved by the Court.

9.      This Stipulation and Order shall be binding on and inure to the benefit of the Parties and their respective heirs, executors, administrators, successors, and permitted assigns.

10.     The Parties are authorized to take all actions necessary to effectuate the relief set forth in this Stipulation and Order.

11.     The Court shall have exclusive jurisdiction to resolve any and all disputes related to this Stipulation and Order.  Each of the Parties irrevocably consents for all purposes of this Stipulation and Order to the jurisdiction of the Court and agrees that venue is proper in the Court. Nothing in this paragraph confers jurisdiction in this Court over any matter that is part of the Criminal Case.

12.     Nothing in this Stipulation and Order, whether express or implied, shall be construed to give to any person or entity other than the Parties any legal or equitable right, remedy, interest, or claim under or in respect of this Stipulation and Order.

13.    This Stipulation and Order represents the Parties' mutual understandings and supersedes all prior agreements whether in oral or written form.

14.    This Stipulation and Order shall be effective and enforceable immediately upon entry.

**SO STIPULATED:**

Dated: September 11, 2023


*/s/ Aaron E. Colodny*
**WHITE & CASE LLP**
David M. Turetsky
Samuel P. Hershey
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile:  (212) 354-8113
Email:  david.turetsky@whitecase.com
        sam.hershey@whitecase.com

– and –

**WHITE & CASE LLP**
Michael C. Andolina (admitted *pro hac vice*)
Gregory F. Pesce (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone: (312) 881-5400
Facsimile:  (312) 881-5450
Email:  mandolina@whitecase.com
 gregory.pesce@whitecase.com

– and –

**WHITE & CASE LLP**
Keith H. Wofford
Southeast Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131
Telephone: (305) 371-2700
Facsimile:  (305) 358-5744
Email: kwofford@whitecase.com

– and –


*/s/ Joshua A. Sussberg*
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile:  (212) 446-4900
Email:  jsussberg@kirkland.com

– and –

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: patrick.nash@kirkland.com
        ross.kwasteniet@kirkland.com
        chris.koenig@kirkland.com
        dan.lantona@kirkland.com

*Counsel to the Debtors and Debtors in Possession*

**WHITE & CASE LLP**
Aaron E. Colodny (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, California 90071
Telephone: (213) 620-7700
Facsimile:  (213) 452-2329
Email:  aaron.colodny@whitecase.com

*Counsel to the Official Committee of Unsecured
Creditors*

**DAMIAN WILLIAMS**
United States Attorney for the
Southern District of New York
*Attorney for the United States of America*

By: */s/ Allison Nichols*
Allison Nichols
Noah Solowiejczyk
Adam Hobson
Peter Aronoff
Assistant United States Attorneys
1 St. Andrew's Plaza
New York, NY 10007
Telephone: (212) 637-2366/2473/2484
Email: Allison.Nichols@usdoj.gov

**IT IS SO ORDERED.**

Dated:  September 12, 2023
        New York, New York

_____
*/s/ Martin Glenn*
MARTIN GLENN
Chief United States Bankruptcy Judge