**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| Debtors. | ) | (Jointly Administered) |

**ORDER (I) AUTHORIZING THE RETENTION AND EMPLOYMENT OF WILLIS TOWERS WATSON US LLC AS COMPENSATION CONSULTANT, EFFECTIVE AS OF JULY 13, 2022, AND (II) GRANTING RELATED RELIEF**

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) authorizing the Debtors to retain and employ Willis Towers Watson US LLC as the Debtors' compensation consultant, effective as of July 13, 2022, in accordance with the terms and conditions set forth in the SOW, a copy of which is attached as **Exhibit 1** to this Order, and (b) granting related relief, all as more fully set forth in the Application; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012; and upon the *Declaration of Josephine Gartrell, Esq. In Support of Debtors' Application for Entry of an Order (I) Authorizing the Retention and Employment of Willis Towers Watson US LLC as*

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

*Compensation Consultant, Effective as of July 13, 2022, and (II) Granting Related Relief* (the "Gartrell Declaration") [Docket No. 2726, Exhibit B] and the *First Supplemental Declaration of Josephine Gartrell, Esq. In Support of Debtors' Application for Entry of an Order (I) Authorizing the Retention and Employment of Willis Towers Watson US LLC as Compensation Consultant, Effective as of July 13, 2022, and (II) Granting Related Relief* (the "First Supplemental Gartrell Declaration") [Docket No. 3252]; and this Court having reviewed and considered the United States Trustee's *Application for 2004 Examination on Willis Towers Watson* (the "2004 Application") [Docket No. 1392], the United States Trustee's *Motion for Order to Show Cause Why the Debtors Should Not Retain Willis Towers Watson* (the "Order to Show Cause") [Docket No. 2042], and the United States Trustee's *Motion for Order Directing Disgorgement of all Estate Funds Paid to Willis Towers Watson* (the "Disgorgement Motion") [Docket No. 2640]; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these chapter 11 cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that WTW does not hold or represent an adverse interest to the Debtors or their estates and is disinterested under 11 U.S.C. § 101(14); and this Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Application and opportunity for a hearing thereon were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Application; and this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is HEREBY ORDERED THAT:

1. The Application is granted as set forth herein.

2. In accordance with section 327(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rules 2014-1 and 2016-1, the Debtors are authorized to employ and retain WTW as the Debtors' compensation consultant, effective as of July 13, 2022, in accordance with the terms and conditions set forth in the Application and SOW, as modified by this Order.

3. The terms of the SOW, including without limitation, the compensation provisions, are reasonable terms and conditions of employment and are hereby approved.

4. Consistent with, and subject to, the terms of the SOW and this Order, WTW is hereby authorized to perform the Services provided for in the SOW, *provided*, that notwithstanding anything to the contrary to the Application, WTW shall not perform additional services outside the scope of the SOW without further order of the Court, to be obtained pursuant to the process set forth in paragraph 8 of this Order.

5. WTW shall be compensated for fees and reimbursed for expenses and shall file interim and final fee applications for allowance of its compensation and expenses pursuant to sections 330 and 331 of the Bankruptcy Code, and in accordance with the Bankruptcy Rules, the Local Rules, the U.S. Trustee guidelines, this Order, and any other applicable orders and guidelines of this Court, *provided that*, in order to resolve the *United States Trustee's Motion for Order Directing Disgorgement of All Estate Funds Paid to Willis Towers Watson* [Docket No. 2640], WTW's requested compensation shall not exceed $187,500 for these chapter 11 cases, WTW shall repay to the estates $187,500 (or half of the total compensation of $375,000 previously paid by the Debtors to WTW) of the compensation it has been paid during the Debtors' chapter 11 cases, and WTW shall not receive payment of any fees in excess of $187,500, including its November invoice. For the avoidance of doubt, WTW shall not retain, receive, or be paid more than $187,500 for any fees or compensation incurred after the July 13, 2022 or the Retention Date, whichever is

earlier. Furthermore, WTW shall provide proof of reimbursement to the Office of the United States Trustee (attention: Shara Cornell, Shara.Cornell@usdoj.gov) and the Official Committee of Unsecured Creditors (attention: Greg Pesce, Gregory.Pesce@whitecase.com) within seven (7) days of reimbursement and file a notice of reimbursement on the Court's electronic docket within ten (10) days of reimbursement.

6. WTW is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code as required by section 327(a) of the Bankruptcy Code.

7. WTW shall keep reasonably detailed time records in fifteen-minute (0.25 of an hour) increments and will submit, with any monthly fee statements, and interim and final fee applications, together with the time records, a narrative summary, by project category, of services rendered and will identify each professional rendering services, the category of services rendered, and the total amount of compensation requested by WTW. The U.S. Trustee retains all rights to review, respond, or object to WTW's monthly fee statements, and interim and final fee applications.

8. To the extent the Debtors and WTW enter into any additional SOW or statements of work, the Debtors will file a supplemental declaration with the Court, which shall contain the revised scope of work along with a revised affidavit of disinterestedness. Such supplemental declaration shall attach any SOW, statements of work, or other evidence in support, with the Court and serve such supplemental declaration upon the U.S. Trustee, counsel for the Committee, and any party requesting notice under Bankruptcy Rule 2002. If any party objects to the additional services to be provided by WTW within fourteen days of such new supplemental declaration being filed and served, the Debtors will promptly schedule a hearing before the Court. All additional services will be subject to the provisions of this Order and Case Management Order, as applicable.

To the extent no related timely objections are filed, such supplemental declaration shall be deemed approved pursuant to this Order.

9. Prior to any increases in WTW's hourly rates pertaining to the Debtors, WTW shall file a supplemental declaration with this Court, and provide ten business days' notice to the Debtors, the U.S. Trustee, and the Committee. The supplemental declaration shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtors have consented to the rate increase. The U.S. Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

10. Notwithstanding anything to the contrary in the Application or the SOW, WTW will not charge the Debtors' estates for time spent preparing or reviewing any invoices or time records submitted in support of any fee application or monthly fee statement filed in these chapter 11 cases; *provided* that time spent on privilege analysis related to such fee applications or monthly fee statements may be compensable by the Debtors' estates; *provided*, *further*, that WTW shall not seek reimbursement from the Debtors' estates for any fees incurred in defending any of their fee applications in these chapter 11 cases. In the event that, during the pendency of these chapter 11 cases, WTW seeks reimbursement for any attorneys' fees or expenses, the invoices and supporting time records from such attorneys shall be included in the respective fee applications, and such invoices and time records shall be in compliance with the Local Rules and subject to any U.S. Trustee guidelines and Court approval under the standards of sections 330 and 331 of the Bankruptcy Code, without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code.

11. Notwithstanding anything in the SOW to the contrary, WTW shall apply any remaining amount of its prepetition retainer or credit balance as a credit toward postpetition fees and expenses after such postpetition fees and expenses are approved pursuant to an order of the Court awarding fees and expenses to WTW.

12. In the event that WTW seeks reimbursement from the Debtors for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to the Application and/or SOW, the invoices and supporting time records for the attorneys' fees and expenses shall be included in WTW's own applications, both interim and final, and these invoices and time records shall be subject to review and objection by the United States Trustee and the Official Committee of Unsecured Creditors and the approval of the Bankruptcy Court pursuant to sections 330 and 331 of the Bankruptcy Code, as the case may be, without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code, and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code. For the avoidance of doubt, WTW shall not seek reimbursement for attorneys' fees and/or expenses incurred in responding to the United States Trustee's Disgorgement Motion, Motion to Compel, or 2004 Application.

13. WTW will review its files periodically during the pendency of these chapter 11 cases to determine whether any disqualifying conflicts or other circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, WTW will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

14. WTW shall use its reasonable efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases.

15. Notwithstanding anything in this Application or the SOW to the contrary, (a) to the extent that WTW uses the services of independent contractors, subcontractors, or employees of foreign affiliates or subsidiaries (collectively, the "Contractors") in these chapter 11 cases, WTW shall pass through the cost of the Contractors to the applicable Debtors at the same rate that it pays the Contractors and (b) seek reimbursement for actual costs only. Contractors from whom WTW seeks to pass through fees on an hourly basis to the applicable Debtors shall be subject to the same conflict checks as required for WTW, and such Contractors shall file with the Court such disclosures as required by Bankruptcy Rule 2014.

16. Notwithstanding any provision to the contrary in the SOW, any dispute relating to the services provided by WTW shall be referred to arbitration or non-binding mediation consistent with the terms of the SOW only to the extent that this Court does not have, retain, or exercise jurisdiction over the dispute.

17. To the extent that the express provisions of this Order are inconsistent with the provisions of the Application, the Gartrell Declaration, the First Supplemental Gartrell Declaration, or the SOW, the provisions of this Order shall control.

18. The Debtors and WTW are authorized and empowered to take all actions necessary to implement the relief granted in and pursuant to this Order.

19. Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

20. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

21. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

22. Notwithstanding any provision to the contrary in the Application or the SOW, the Court shall retain jurisdiction to hear and to determine all matters arising from or related to implementation, interpretation, or enforcement of this Order and WTW's retention.

**IT IS SO ORDERED.**

Dated: September 13, 2023
New York, New York

**/s/ Martin Glenn**
MARTIN GLENN
Chief United States Bankruptcy Judge

# **Exhibit 1**

**SOW**



April 21, 2023

Ms. Trunshedda Ramos
Chief Human Resources Officer
Celsius Network LLC
121 River Street, PH05
Hoboken, NJ 07030

(sent via email: trunshedda.ramos@celsius.network)

Dear Ms. Ramos,

This statement of work ("SOW") amends the SOW entered into by the parties on July 3, 2022 by clarifying the scope of Willis Towers Watson's engagement.

We appreciate the opportunity to serve as a compensation consultant to Celsius Network Limited ("Celsius" or the "Company"). This agreement will confirm the proposed Statement of Work and terms of the potential engagement of the Willis Towers Watson entity identified below or any of its affiliates ("WTW," "we" or "us"), by Celsius and its affiliate entities.

As part of its ongoing restructuring-related discussions, the Company is reviewing its compensation plans for executives and other employees to determine how these programs and related practices can best be structured to incent these employees to achieve the Company's restructuring priorities.

Celsius is interested in having WTW work with K&E, Celsius' management, its Special Committee (as appropriate), and its other advisors on the review of certain restructuring-based compensation programs that would align with the Company's anticipated restructuring path.

In particular, we understand the immediate priority for Celsius is to have WTW advise on a: (i) a Key Employee Incentive Plan ("KEIP") for certain key senior executives (insiders) and (ii) a Key Employee Retention Plan ("KERP") for non-insiders. There may be other compensation-related programs that are necessary for us to benchmark and design throughout the engagement that are not explicitly addressed in this scope of work.

Josephine Gartrell, Esq.
Senior Director
525 Market Street
Suite 3400
San Francisco, CA 94105

D +1 615 881 5608
E Josephine.gartrell@wtwco.com
W willistowerswatson.com