Hearing Date: **October 5, 2023, at 10:00 a.m. (prevailing Eastern Time)**
Objection Deadline: **October 2, 2023, at 4:00 p.m. (prevailing Eastern Time)**

Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

*Counsel to the Debtors and Debtors in Possession*

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF HEARING ON**
**DEBTORS' MOTION FOR ENTRY OF**
**AN ORDER AUTHORIZING THE DEBTORS TO**
**REDACT AND FILE UNDER SEAL CERTAIN CONFIDENTIAL**
**TERMS OF THE COINBASE DISTRIBUTION SERVICES AGREEMENT**

**PLEASE TAKE NOTICE** that a hearing on the *Debtors' Motion for Entry of an Order Authorizing the Debtors to Redact and File Under Seal Certain Confidential Terms of the Coinbase Distribution Services Agreement* (the "Motion") will be held on **October 5, 2023, at 10:00 a.m., prevailing Eastern Time** (the "Hearing").

**PLEASE TAKE FURTHER NOTICE** that the Hearing will be held in person before the Honorable Martin Glenn, Chief United States Bankruptcy Judge, in the United States Bankruptcy

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, NJ 07030.

Court for the Southern District of New York, in Courtroom No. 523, located at One Bowling

Green, New York, New York 10004-1408.  The Hearing is not expected to involve the taking of

testimony (any such hearing, a "Non-Testimonial Hearing").  With the permission of the Court,

only parties in interest, their attorneys, and witnesses may attend hearings by Zoom.  Any person

or entity that is permitted to attend the Hearing by Zoom must certify that they are appearing in a

permitted capacity by registering their appearance in the Electronic Appearance portal located on

the Court's website at:  http://www.nysb.uscourts.gov/ecourt-appearances.  Appearances must be

entered no later than **4:00 p.m., the business day before the Hearing, (prevailing Eastern Time)**

**(*i.e.*, on Wednesday, October 4, 2023)**.

PLEASE TAKE FURTHER NOTICE that, with the permission of the Court, the public,

including members of the media, may dial-in to Non-Testimonial Hearings remotely using the

audio platform made available by the Court.  Any person or entity that is permitted to dial-in to

the Hearing by using the audio platform must register their appearance in the Electronic

Appearance portal located on the Court's website at:  http://www.nysb.uscourts.gov/ecourt-

appearances.  Appearances must be entered no later than **4:00 p.m., the business day before the**

**Hearing, (prevailing Eastern Time) (*i.e.*, on Wednesday, October 4, 2023)**.

PLEASE TAKE FURTHER NOTICE that any responses or objections to the relief

requested in the Motion shall:  (a) be in writing; (b) conform to the Federal Rules of Bankruptcy

Procedure, the Local Bankruptcy Rules for the Southern District of New York, and all General

Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern

District of New York; (c) be filed electronically with the Court on the docket of

*In re Celsius Network LLC*, No. 22-10964 (MG) by registered users of the Court's electronic filing

system and in accordance with all General Orders applicable to chapter 11 cases in the United

States Bankruptcy Court for the Southern District of New York (which are available on the Court's website at http://www.nysb.uscourts.gov); and (d) be served in accordance with the *Amended Final Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief* [Docket No. 1181] (the "Case Management Order") by **October 2, 2023, at 4:00 p.m., prevailing Eastern Time**, to (i) the entities on the Master Service List (as defined in the Case Management Order and available on the case website of the Debtors at https://cases.stretto.com/celsius) and (ii) any person or entity with a particularized interest in the subject matter of the Motion.

PLEASE TAKE FURTHER NOTICE that only those responses or objections that are timely filed, served, and received will be considered at the Hearing.  Failure to file a timely objection may result in entry of a final order granting the Motion as requested by the Debtors.

PLEASE TAKE FURTHER NOTICE that copies of the Motion and other pleadings filed in these chapter 11 cases may be obtained free of charge by visiting the website of Stretto at https://cases.stretto.com/Celsius.  You may also obtain copies of the Motion and other pleadings filed in these chapter 11 cases by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

[*Remainder of page intentionally left blank*]

New York, New York
Dated: September 15, 2023

*/s/ Joshua A. Sussberg*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:        jsussberg@kirkland.com

 - and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:        patrick.nash@kirkland.com
              ross.kwasteniet@kirkland.com
              chris.koenig@kirkland.com
              dan.latona@kirkland.com

*Counsel to the Debtors and Debtors in Possession*

Joshua A. Sussberg, P.C.     Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**     Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
**KIRKLAND & ELLIS INTERNATIONAL LLP** Christopher S. Koenig
601 Lexington Avenue      Dan Latona (admitted *pro hac vice*)
New York, New York 10022     **KIRKLAND & ELLIS LLP**
Telephone: (212) 446-4800    **KIRKLAND & ELLIS INTERNATIONAL LLP**
Facsimile: (212) 446-4900    300 North LaSalle Street
              Chicago, Illinois 60654
              Telephone: (312) 862-2000
*Counsel to the Debtors and Debtors in Possession* Facsimile: (312) 862-2200

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**DEBTORS' MOTION FOR ENTRY OF
AN ORDER AUTHORIZING THE DEBTORS TO
REDACT AND FILE UNDER SEAL CERTAIN CONFIDENTIAL
TERMS OF THE COINBASE DISTRIBUTION SERVICES AGREEMENT**

The above-captioned debtors and debtors in possession respectfully state the following in

support of this motion (this "Motion"):[2]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, NJ 07030.

[2] Terms capitalized but not defined herein shall have the meanings ascribed to such terms in the *Joint Chapter 11 Plan of Reorganization of Celsius Network LLC and Its Debtor Affiliates* [Docket No. 3319] (as may be amended, supplemented, or otherwise modified from time to time, the "Plan").

## Relief Requested

1.      The above-captioned debtors and debtors in possession (collectively, the "Debtors") seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), authorizing the Debtors to (a) redact and file under seal (for the remainder of these chapter 11 cases) certain confidential and commercially sensitive terms of the Debtors' distribution services agreement with Coinbase, Inc. ("Coinbase"), and (b) provide unredacted versions of the Coinbase Agreements (as defined below) solely to (i) the United States Bankruptcy Court for the Southern District of New York (the "Court"), (ii) the United States Trustee for the Southern District of New York (the "U.S. Trustee"), and (iii) White & Case LLP, as counsel to the official committee of unsecured creditors appointed in the Debtors' chapter 11 cases (the "Committee" and (i) through (iii), collectively, the "Receiving Parties"), in each case on a confidential and professionals' eyes only basis.

## Jurisdiction and Venue

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012.  The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory bases for the relief requested herein are sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 9013-1 and 9018-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

**Background**

5.      Concurrently with the filing of this Motion, the Debtors filed the *Fourth Notice of Filing of Plan Supplement* (the "Plan Supplement"), which includes a (i) Prime Brokerage Agreement with Coinbase, (ii) summary of the key terms of the distribution addendum to the Prime Brokerage Agreement, and (iii) side letter to the Prime Brokerage Agreement regarding data security terms, fee schedules, and other commercially sensitive terms ((i)–(iii), the "Coinbase Agreements").  The distribution addendum and the side letter contain certain terms that contain commercially sensitive information with respect to Coinbase's business, data security, and pricing methodology (such terms, the "Confidential Terms").  In light of the non-public and commercially sensitive nature of the Confidential Terms, the Court should restrict access to the Confidential Terms and any subsequent notices containing information related thereto to the Receiving Parties pursuant to section 107 of the Bankruptcy Code.

6.      A requirement to disclose the Confidential Terms would jeopardize the Debtors' ability to secure the services contemplated under the Coinbase Agreements on the terms the Debtors have been negotiating, which the Debtors believe are favorable to their Estates.  If the Confidential Terms related to Coinbase's business and pricing methodology were made publicly available, Coinbase's competitors could gain an improper advantage and/or strategically target and pursue Coinbase's opportunities.  Coinbase has requested that these Confidential Terms not be shared publicly and may not be willing to deal with the Debtors if doing so will jeopardize their commercially sensitive information.  Further, if the Confidential Terms related to data security are publicly disclosed, Account Holders could be targeted for hacking and phishing attempts, an issue that has already plagued these cases.

7.      On September 15, 2023, the Debtors provided an unredacted copy of the Coinbase

Agreements to the Receiving Parties.  An unredacted version of the Coinbase Agreements will be

provided to the Court Clerk's office in accordance with Local Rule 9018-1(c) concurrently with

the filing of this Motion.

**Basis for Relief**

**I.    Redacting the Confidential Terms is Warranted Under Section 107(b) of the Bankruptcy Code.**

8.      Section 107(b) of the Bankruptcy Code provides bankruptcy courts with authority

to issue orders that protect entities from potential harm that may result from the disclosure of

certain confidential information.  Section 107(b) of the Bankruptcy Code provides that "[o]n

request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion,

the bankruptcy court may:   [] protect an entity with respect to a trade secret or confidential

research, development, or commercial information[.]"  11 U.S.C. § 107(b).  Further, Bankruptcy

Rule 9018 provides that, upon a motion, "the court may make any order which justice

requires . . . to protect the estate or any entity in respect of a trade secret or other confidential

research, development, or commercial information."  Fed. R. Bankr. P. 9018.

9.      If the material sought to be protected satisfies one of the categories identified in

section 107(b) of the Bankruptcy Code, "the court is *required* to protect a requesting party and has

no discretion to deny the application."  *Video Software Dealers Ass'n v. Orion Pictures Corp.*

(*In re Orion Pictures Corp.*), 21 F.3d 24, 27 (2d Cir. 1994) (emphasis in original).  Stated

differently, section 107(b) of the Bankruptcy Code does not require a party seeking its protections

to demonstrate "good cause."  *Orion Pictures*, 21 F.3d at 28.  "Courts have supervisory power

over their records and files and may deny access to those records and files to prevent them from

being used for an improper purpose."  *In re Kaiser Aluminum Corp.*, 327 B.R. 554, 560

4

(D. Del. 2005).  Courts are required to provide such protections "generally where open inspection may be used as a vehicle for improper purposes."  *Orion Pictures*, 21 F.3d at 27.  Indeed, the "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice."  *See In re Glob. Crossing Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003).

10.     Courts have also found that such relief should be granted if the information sought to be protected is "commercial information," which is defined as "information which would result in 'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'"[3]  *In re Alterra Healthcare Corp.*, 353 B.R 66, 75 (Bankr. D. Del. 2006); see *Global Crossing*, 295 B.R. at 725 (finding that the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury").  Commercial information does not have to rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code.  See *Orion Pictures*, 21 F.3d at 27–28 (finding that section 107(b)(1) creates an exception to the general rule that court records are open to examination by the public and, under this exception, an interested party has to show only that the information it wishes to seal is "confidential" and "commercial" in nature).  Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause."  See, e.g., *Orion Pictures*, 21 F.3d at 25 (holding that a license agreement authorizing a licensee "to reproduce, manufacture, distribute, and sell videocassettes" of three films contained

---

[3]     "Commercial information" is not limited to information of the debtors and may pertain to any party in interest. *See, e.g., In re Voyager Digital Holdings, Inc.*, No. 22-10943 (MEW) (Bankr. S.D.N.Y. Sept. 20, 2022) (authorizing redaction of commercial information related to a non-debtor counterparty); *see also* 11 U.S.C. § 107(b) ("on request of a *party in interest*, the bankruptcy court shall […] protect *an entity* with respect to […] commercial information") (emphasis added).

confidential commercial information).[4]  Courts have also held that the resulting sealing order should be broad (*i.e.*, "any order which justice requires").  *See, e.g.*, *Glob. Crossing, Ltd.*, 295 B.R. at 724 (citing Bankruptcy Rule 9018).[5]

11.    The Confidential Terms constitute sensitive commercial information that should be protected under section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018.  Courts in this district and others have held that sensitive commercial information may be filed under seal.  *See, e.g.*, *In re Voyager Digital Holdings, Inc.*, No. 22-10943 (MEW) (Bankr. S.D.N.Y. Sept. 20, 2022) (authorizing the filing under seal of a motion containing commercially sensitive information to a transaction counterparty); *In re Hollander Sleep Products, LLC* No. 19-11608 (MEW) (Bankr. S.D.N.Y July 3, 2019) (authorizing filings to redact commercially sensitive terms in connection with exit financing); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (allowing filings in redacted form where proposed redactions were limited to specific business information and strategies that a competitor could seek to exploit); *In re Green Field Energy Services, Inc.*, No. 13-12783 (KG) (Bankr. D. Del. Jan. 17, 2014) (authorizing the filing under seal in its entirety a motion to approve a settlement agreement); *In re Metavation, LLC*, No. 13-11831 (BLS) (Bankr. D. Del. Aug. 7, 2013) (authorizing the filing under seal in its entirety a motion for approval of a sale agreement); *In re Capmark Fin. Grp. Inc. (f/k/a GMAC Commercial Holding Corp.)*, No. 09-13684 (CSS) (Bankr. D. Del. Jul. 5, 2011) (authorizing the filing under seal of a term sheet to a commercial contract).

---

[4]    *See also Orion Pictures*, 21 F.3d at 27–28 (holding that section 107(b)(1) of the Bankruptcy Code creates an exception to the general rule that court records are open to examination by the public and, under this exception, an interested party must show only that the information it wishes to seal is "confidential" and "commercial" in nature).

[5]    Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request to the Debtors' counsel.

12.     The Debtors believe that the Coinbase Agreements provide substantial value to the Estates.  Coinbase has conveyed that protecting the Coinbase Confidential Terms is critical, as publishing the information exposes Coinbase to a myriad of competitive business risks.  Disclosure of Coinbase's fee schedules and the other Confidential Terms would hinder or impair Coinbase's relationship with their other customers that have entered into, or may in the future enter into, prime brokerage agreements and distributional arrangements with Coinbase.  Coinbase operates in a competitive industry in which contractual terms like the Confidential Terms are carefully guarded. Were the Confidential Terms to be publicized, Coinbase's competitors would gain an unfair competitive advantage over Coinbase, causing Coinbase material harm.  Further, in light of the high-profile nature of these chapter 11 cases, public disclosure of Coinbase's internal systems could damage Coinbase's security efforts, not only as to the Debtors' assets, but for Coinbase's customers generally.  Accordingly, disclosing the Confidential Terms would undermine the Debtors' efforts to successfully drive these chapter 11 cases to a value-maximizing resolution.

13.     The Debtors narrowly tailored the request in this Motion to protect only the commercially sensitive information that is entitled to be protected under section 107 of the Bankruptcy Code. The Debtors are *not* requesting to seal the entirety of the Coinbase Agreements, only the Confidential Terms.  Redacting and filing under seal the Confidential Terms is the best method to ensure transparency while still avoiding the consequences of public disclosure of commercially sensitive information.

## **Notice**

14.     The Debtors will provide notice of this Motion to the following parties or their respective counsel:  (a) the U.S. Trustee; (b) counsel to the Committee; (c) the United States Attorney's Office for the Southern District of New York; (d) the Internal Revenue Service; (e) the

offices of the attorneys general in the states in which the Debtors operate; (f) the Securities and

Exchange Commission; (g) Coinbase, and (h) any party that has requested notice pursuant to

Bankruptcy Rule 2002.  In light of the nature of the relief requested, no other or further notice need

be given.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Debtors request that the Court enter the Order granting the relief

requested herein and such other relief as the Court deems appropriate under the circumstances.

| | |
|---|---|
| New York, New York | */s/ Joshua A. Sussberg* |
| Dated: September 15, 2023 | **KIRKLAND & ELLIS LLP** |
| | **KIRKLAND & ELLIS INTERNATIONAL LLP** |

Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:          joshua.sussberg@kirkland.com


 - and -


Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:          patrick.nash@kirkland.com
                     ross.kwasteniet@kirkland.com
                     chris.koenig@kirkland.com
                     dan.latona@kirkland.com


*Counsel to the Debtors and Debtors in Possession*

9

**Exhibit A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**ORDER AUTHORIZING THE DEBTORS TO**
**REDACT AND FILE UNDER SEAL CERTAIN CONFIDENTIAL**
**TERMS OF THE COINBASE DISTRIBUTION SERVICES AGREEMENT**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession

(collectively, the "Debtors") for entry of an order (this "Order"), authorizing the Debtors

to (a) redact the Confidential Terms from the Coinbase Agreements and file the Confidential

Terms under seal for the remainder of these chapter 11 cases, (b) provide unredacted versions of

the Coinbase Agreements solely to the Receiving Parties, and (c) granting related relief, all as more

fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to

28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States

District Court for the Southern District of New York, entered February 1, 2012; and this Court

having the power to enter a final order consistent with Article III of the United States Constitution;

and this Court having found that venue of these cases in this district is proper pursuant to

28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion

is in the best interests of the Debtors' Estates, their creditors, and other parties in interest; and this

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, NJ 07030.

[2]     Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

Court having determined that the legal and factual bases set forth in the Motion establish just cause

for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it

is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      The Debtors are authorized, pursuant to sections 105(a) and 107(b) of

the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1, to redact the Confidential

Terms from the Coinbase Agreements and file the Confidential Terms under seal.

3.      The Debtors are authorized to cause the unredacted versions of the Coinbase

Agreements to be served on and made available, on a confidential basis, to the Receiving Parties.

4.      The unredacted version of the Coinbase Agreements shall remain confidential and

shall not be made available to anyone other than the Receiving Parties without the Debtors' and

Coinbase's consent, may not be filed on the public docket, and shall remain under seal until the

closure of these chapter 11 cases absent further order of the Court.

5.      The Clerk of this Court shall treat the Confidential Terms contained in the Coinbase

Agreements as confidential, and counsel for Coinbase, the Plan Administrator, or the Post-

Effective Date Debtors shall contact the Clerk's Office regarding the return or disposition of the

unredacted Coinbase Agreements as soon as practicable following the effective date of any

chapter 11 plan in this case or any successor cases.

6.      Any party authorized to receive the unredacted versions of the Coinbase

Agreements shall be authorized and directed, subject to Local Rule 9018-1, to redact specific

references to the information set forth therein from pleadings filed on the public docket maintained

in these chapter 11 cases.  If the Confidential Terms is attached or referred to in any future

pleadings or documents filed with this Court relating to these chapter 11 cases, this Order shall apply to such pleading or document.

7.    Any party who receives access to the unredacted Confidential Terms in accordance with this Order shall not disclose or otherwise disseminate this information to any other person or entity, including in response to a request under the Freedom of Information Act, without further order of the Court.

8.    The requirements of the Bankruptcy Rules and Local Rules, including Local Rules 9013-1 and 9018-1, are satisfied by the contents and proposed service of the Motion.

9.    The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10.    The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

11.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2023

THE HONORABLE MARTIN GLENN
CHIEF UNITED STATES BANKRUPTCY JUDGE