# EXHIBIT A

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "**Settlement Agreement**") is entered into by and between the Debtors (as such term is defined below), the Official Committee of Unsecured Creditors (the "**Committee**") appointed in the chapter 11 cases of *In re Celsius Network LLC, et al.,* Case No. 22-10964 (MG) (S.D.N.Y. Bankr.) (the "**Chapter 11 Cases**"), Zachary Wildes, and Santos Caceres (the Committee, Wildes, and Caceres each a "**Party**" and collectively, the "**Parties**"). The Parties STIPULATE, COVENANT, and AGREE as follows:

## RECITALS

WHEREAS, on July 13, 2022, certain of the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") with the United States Bankruptcy Court for the Southern District of New York (the "**Court**");

WHEREAS, on August 2, 2023, Celsius Network, LLC and its debtor affiliates (collectively, the "**Debtors**") filed the *Third Revised Joint Plan of Reorganization of Celsius Network LLC and Its Debtor Affiliates* [Docket No. 3222] (the "**Plan**")[1] which, among other things, provides that claims based on CEL Token account balances ("**CEL Token Deposit Claims**") will be valued at $0.25 and will receive the same treatment as all other Claims associated with the applicable program (Plan, Art. IV.B.2);

WHEREAS, the proposed treatment of CEL Token Deposit Claims in the Plan reflects a settlement of the issues regarding the CEL Token that will be raised at the Confirmation Hearing;

WHEREAS, the Plan provides that, to the extent the required thresholds of Holders of CEL Token Deposit Claims vote for the Plan or do not opt out of the Class Claims Settlement, and/or the Debtors are able to reach an agreement with an ad hoc group of Holders of CEL Token Deposit Claims, the Debtors will seek to approve the CEL Token Settlement under Bankruptcy Rule 9019 as part of Plan confirmation (Plan Art. IV.B.2);

WHEREAS, on August 28, 2023, in connection with the *Court's Notice of Discovery Schedule for Confirmation Hearing* [Dkt No. 3356] (the "**Discovery Schedule**"), the Committee issued Requests for the Production of Documents to Wildes and Caceres concerning the CEL Token Settlement (the "**Document Requests**");

WHEREAS, the Parties conferred about the Document Requests, and Wildes and Caceres agreed to produce documents to the Committee in response to the Document Requests;

WHEREAS, Wildes and Caceres do not object to the Plan or the CEL Token Settlement;

NOW THEREFORE, for the mutual promises, covenants and obligations set forth below, and for the good and valuable consideration as stated herein, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to them in the Plan.

1. **The CEL Token Value.** Wildes and Caceres agree, from the date hereof, not to contest, dispute, object, vote against, or otherwise challenge the Plan, including, without limitation, the CEL Token Settlement and the valuation of the CEL Token at $0.25.

2. **Document Requests.** The production of documents provided by Wildes and Caceres thus far satisfy the Document Requests with respect to those individuals.

3. **Cooperation.** Wildes and Caceres will cooperate with the Committee regarding the prosecution of confirmation of the Plan, including by submitting truthful written direct testimony if requested.

4. **Substantial Contribution Application.** The Committee and the Debtors agree, from the date hereof, not to oppose an application for the payment of reasonable and documented expenses and legal fees incurred by either Wildes or Caceres under Section 503(b) of the Bankruptcy Code, as consideration for substantial contributions to the case as applicable, subject to Wildes and Caceres providing the requisite support and documentation.

5. **No Admission.** Nothing in this Settlement Agreement, or the Parties' willingness to enter into this Settlement Agreement, shall be construed as an admission by any person or entity of any liability or wrongdoing of any Party, or of the truth of any allegations in the Chapter 11 Cases or in any other proceeding. The existence of this Settlement Agreement, its terms and acts or omissions related thereto shall not be used as evidence or otherwise in any manner except in an action or proceeding related to enforcement of the terms of this Settlement Agreement.

6. **Entire Agreement.** This Settlement Agreement constitutes the complete agreement between the Parties with regard to the Plan. The Parties represent and acknowledge that in entering into this Settlement Agreement they are not relying on any promises or representations other than those expressly set forth in this Settlement Agreement. This Settlement Agreement may not be amended except by a writing signed by the Parties.

7. **Representation of Comprehension of Documents.** In entering into this Settlement Agreement, the Parties represent that the terms of this Settlement Agreement have been completely read, and that those terms are fully understood and voluntarily accepted by the Parties.

8. **Miscellaneous Provisions.**

(a) The bold-faced paragraph captions in this Settlement Agreement are for convenience only and do not add to, detract from or change the substantive language or terms of this Settlement Agreement.

(b) None of the Parties to this Settlement Agreement shall be considered the drafter of this Settlement Agreement or any included provision for the purpose of any statute, case law or rule of construction that would or might cause any provision to be construed against the drafter.

9. **Governing Law.** This Settlement Agreement shall be governed by the laws of the State of New York. The exclusive forum for resolving any disputes under this Settlement Agreement shall be the Bankruptcy Court.

10. **Severability**. If any provision of this Settlement Agreement, or the application thereof, shall for any reason or to any extent be construed by a court of competent jurisdiction to be invalid or unenforceable, the remainder of this Settlement Agreement, and application of such provision to other circumstances, shall remain in effect and be interpreted so as best to reasonably effect the intent of the Parties. Notwithstanding the foregoing, if Paragraph 1 (Cel Token Value) herein is found to be unenforceable or invalid by a court of competent jurisdiction, then such invalidity or unenforceability shall be cause for voiding the entire Settlement Agreement at the election of the Party whose interests are injured by the finding of invalidity or unenforceability.

11. **Effective Date**. The Effective Date of this Settlement Agreement shall be the date upon which all of the Parties below have executed this Settlement Agreement.

12. **Acts Necessary to Effectuate Agreement.** The Parties agree to perform such further acts and to execute and to deliver such further documents as may reasonably be necessary to carry out this Settlement Agreement.

13. **Warranty of Capacity to Execute.** Each Party represents and warrants that the undersigned individual signing this Settlement Agreement on its behalf is duly authorized to execute this Settlement Agreement.

14. **Voluntary Execution.** The Parties agree that this Settlement Agreement is freely and voluntarily entered into without any degree of duress or compulsion whatsoever.

15. **Counterparts.** This Settlement Agreement may be executed in counterparts, each of which shall constitute an original and all of which shall be deemed to constitute one and the same Settlement Agreement. Faxed and .pdf signatures will suffice.

[Signature Page to Follow]

IN WITNESS WHEREOF, the Parties set their hands and seals on the dates set forth below:

**Celsius Network, LLC and its affiliated Debtors**

By: *CHRISTOPHER FERRARO*

*[signature]*                                                            Date: 9/18/2023

**The Official Committee of Unsecured Creditors**

By:

_____                                          Date: _____

**Zachary Wildes**

By: Zachary Wildes

_____                                          Date: _____

**Santos Caceres**

By: Santos Caceres

_____                                          Date: _____

4

IN WITNESS WHEREOF, the Parties set their hands and seals on the dates set forth below:

**Celsius Network, LLC and its affiliated Debtors**

By:

Date:

**The Official Committee of Unsecured Creditors**

By: *Scott Duffy*  Date: 9/18/2023

**Zachary Wildes**

By:  Zachary Wildes

Date:

**Santos Caceres**

By:  Santos Caceres

Date:

IN WITNESS WHEREOF, the Parties set their hands and seals on the dates set forth below:

**Celsius Network, LLC and its affiliated Debtors**

By:

_____     Date: _____

**The Official Committee of Unsecured Creditors**

By:

_____     Date: _____

**Zachary Wildes**

By:  Zachary Wildes

*[signature: ZW]*     Date: 9-17-23

**Santos Caceres**

By:  Santos Caceres

_____     Date: _____

IN WITNESS WHEREOF, the Parties set their hands and seals on the dates set forth below:

**Celsius Network, LLC and its affiliated Debtors**

By:

_____   Date: _____

**The Official Committee of Unsecured Creditors**

By:

_____   Date: _____

**Zachary Wildes**

By: Zachary Wildes

_____   Date: _____

**Santos Caceres**

By: Santos Caceres

*[signature]*   Date: 09/17/2023