UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*, | ) ) ) | Case No. 22-10964 (MG) |
| Debtors. | ) ) ) ) ) | (Jointly Administered) |

**DECISION TO GRANT DEBTORS'
WITNESS COOPERATION AGREEMENT MOTION**

Pending before the Court is the Motion of the above-captioned debtors and debtors in possession (collectively, the "Debtors") Seeking Entry of an Order (I) Authorizing the Debtors to Enter into Witness Cooperation Agreements with Certain Current and Former Employees, (II) Authorizing Reimbursement of Past and Future Out-of- Pocket Expenses of Cooperating Witnesses, Including Attorney's Fees, and (III) Granting Related Relief (the "Motion," ECF Doc. # 2147). Initially, two parties filed objections to the Motion: the United States Trustee (the "UST Objection," ECF Doc. # 2230) and the Official Committee of Unsecured Creditors (the "UCC Objection," ECF Doc. # 2227). Ignat Tuganov ("Tuganov") also filed a response (the "Tuganov Response," ECF Doc. # 2223) to the Motion[1]. After lengthy and constructive negotiations between counsel for the Debtors, the UCC and other interested parties, on May 15, 2023, the Debtors' counsel subsequently filed a revised proposed order (the "Revised Order," ECF Doc. # 2643) which resolved the UCC Objection. The Debtors also filed a reply (the "Reply," ECF Doc # 2653). In support of the Motion, the Debtor also relies on the

---

[1] The Tuganov Response did not object to the Motion, but asked that creditors have access to transcripts from witness interviews. (Tuganov Response ¶ 5.) The Debtors indicated in their reply that Kirkland has not participated in all such investigations, does not represent the employees, and cannot access the transcripts of ongoing investigations due to their confidential nature. The Court agrees with this Debtor that as this juncture this request is not feasible.

declaration of Christopher Ferraro (the "Ferraro Decl., ECF Doc. # 2654). The Court held a hearing on the Motion on May 17, 2023.

On August 30, 2023, certain current and former employees, through their pool counsel Paul Hastings LLP, filed an application to join, and to schedule a status conference (ECF Doc. # 3399) regarding the Motion. The Court held another hearing on the Motion on September 21, 2023. Based on record before the Court, the Court concludes that the Motion should be granted. The Revised Order builds in many safeguards and objection procedures that reserves the rights of the UST or others to object to specific requests for reimbursement.

Timing is important: this issue has been pending before the Court for a considerable period of time. The Confirmation Hearing on Debtors' proposed chapter 11 Plan begins on October 2, 2023, and some covered individuals may be asked to testify. For the reasons explained below, the Court will enter the Revised Order granting the Motion. The Court writes separately here briefly to explain the reasons for its decision.

Pursuant to the Motion, as further revised by the Revised Order, the Debtors are seeking to establish clear guidelines and procedures by which Eligible Individuals[2] may seek reimbursement for certain expenses. (Motion ¶¶ 19–22; Revised Order ¶¶ 3–5.) The Motion is a procedural motion that provides an avenue for reimbursements and provides numerous safeguards including consent rights for the UCC, a requirement that an employee provide extensive information to the Debtor and UCC in support of their reimbursement request, and an opportunity for the UST to object to any proposed reimbursement (*Id.* ¶ 4). The Revised Order also provides caps on the amount of past and future reimbursement on a per employee and aggregate basis. (*Id.* ¶ 5(c).) Accordingly, the Court is satisfied that the Motion strikes the right

---

[2] All capitalized words not otherwise defined shall have the meanings ascribed to them in the Revised Order.

balance between allowing employees to seek reimbursement of legal fees while still providing oversight to make sure the reimbursements are made only to employees who have provided a benefit to the estate through their cooperation.

At the hearing on September 21, 2023, the UST agreed that there are robust procedural safeguards, but argued that the Debtors should not bear the costs of reimbursing independent counsel under any circumstances. The Court disagrees. Section 363(b)(1) of the Bankruptcy Code provides that provides that a trustee "may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1); *see also* 11 U.S.C. § 1107(a) (providing that debtors in possession have "all the rights ... of a trustee"). For a court to approve an application under § 363(b), it must "expressly find from the evidence presented before [it] at the hearing a good business reason to grant such an application." *In re Lionel Corp.*, 722 F.2d 1063, 1071 (2d Cir.1983). Here, the Debtors have put forth a good business reason: paying independent counsel will allow for investigations to be completed more quickly and allow a successful and compliant emergence from these chapter 11 proceedings. (Reply ¶ 16.)

Moreover, the notion of paying for counsel for employees in the scope of investigations, given the circumstances, is not new. In *Enron*, the bankruptcy court and district court held that retention of independent counsel for employees participating in investigations, including investigations by the Securities and Exchange Commission (as is the case in these chapter 11 cases), was proper under section 363(b). *See Official Comm. of Unsecured Creditors of Enron Corp. v. Enron Corp. (In re Enron Corp.)*, 335 B.R. 22, 27 (S.D.N.Y. 2005). In that case, the debtors' counsel "determined that independent legal advice was necessary for the many . . . employees who were required to give interviews and testimony during the governmental investigations . . . ." *Id.* at 25. Further, as here, the independent counsel in *Enron* represented

employees "who were not targets of the investigation but whose assistance in the investigations had been, or was likely to be, sought . . . . and would not represent any employee . . . who became a target of any investigation." *Id*.  The Enron debtors, just as the Debtors in these chapter 11 cases, reasoned that a quick completion of the investigations would be beneficial for the company's reorganization and reassure employees that they were protected.  *Id.* at 30.  The UST has identified no persuasive or controlling authority that rejects the holding or reasoning of *Enron*.  Accordingly, as in *Enron*, the Court finds that that payment of fees to independent counsel of cooperating employees is proper under § 363(b) of the Bankruptcy Code as a sound exercise of the Debtors' business judgment.

Dated:    September 20, 2023
          New York, New York

                                                    *Martin Glenn*
                                            _____
                                                    MARTIN GLENN
                                         Chief United States Bankruptcy Judge