UNITED STATES SECURITIES AND
EXCHANGE COMMISSION
Therese A. Scheuer (*admitted pro hac vice*)
100 F. Street, NE
Washington, DC 20549
Phone: (202) 551-6029
Fax: (202) 772-9317
-and-
William M. Uptegrove (*admitted pro hac vice*)
Atlanta Regional Office
950 East Paces Ferry Road, N.E., Suite 900
Atlanta, GA 30326
Phone: (404) 842-5765

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re:* ) | **Case No. 22-10964 (MG)** |
| ) | |
| CELSIUS NETWORK LLC, *et al.*[1] ) | **Chapter 11** |
| ) | **(Jointly Administered)** |
| Debtors. ) | |
| ) | |

## LIMITED OBJECTION AND RESERVATION
## OF RIGHTS OF THE U.S. SECURITIES AND
## EXCHANGE COMMISSION TO DEBTORS' CHAPTER 11 PLAN

The U.S. Securities and Exchange Commission ("**SEC**") files this limited objection and

reservation of rights with respect to confirmation of the *Revised Joint Chapter 11 Plan Of*

*Reorganization Of Celsius Network LLC And Its Debtor Affiliates* [Docket No. 3319] (the

"**Plan**") because certain of the documents filed as part of the Plan supplement are inconsistent

and raise concerns under the federal securities laws.[2]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan.

## **BACKGROUND**

1.        The SEC is the federal agency responsible for regulating the U.S. securities markets, protecting investors, and enforcing the federal securities laws.[3]  On July 13, 2023, the SEC filed a complaint against Debtor Celsius Network Limited and its former CEO, Alexander Mashinsky, in the U.S. District Court for the Southern District of New York, Case No. 1:23-cv-06005 (the "**District Court Action**"), alleging that the defendants raised billions of dollars from investors through the unregistered and fraudulent sales of crypto asset securities.  The complaint further alleged, among other things, that the Defendants "fraudulently manipulated the price of Celsius's own crypto asset security—the so-called 'CEL' token."  *SEC v. Celsius Network Ltd.*, No. 1:23-cv-06005 (Bankr. S.D.N.Y.).[4]  On July 13, 2023, the SEC filed a motion for entry of final judgment against defendant Celsius Network Ltd. along with a Consent in which Celsius consented to the entry of a final judgment that permanently restrained it from violating the securities laws.  The SEC's case has been stayed pending the outcome of a criminal case against Mr. Mashinsky.

2.        On March 31, 2023, the Debtors filed the *Joint Chapter 11 Plan of Reorganization of Celsius Network LLC and Its Debtor Affiliates*, as amended [Docket Nos. 2358, 2807, 3116, 3222, 3319].

3.        On June 27, 2023, the Debtors filed the *Disclosure Statement for the Joint Chapter 11 Plan of Reorganization of Celsius Network LLC and Its Debtor Affiliates*, as amended [Docket Nos. 2902, 3117, 3223, 3320, 3332] (the "**Disclosure Statement**").

---

[3] Under 11 U.S.C. section 1109(a), the SEC is also a statutory party in interest in this case.

[4] A copy of the SEC's complaint against Celsius was filed at Docket No. 3293.

4.      On August 8, 2023, the SEC filed a *Reservation Of Rights Of The U.S. Securities And Exchange Commission To Debtors' Motion For Entry Of An Order Approving Disclosure Statement And Related Relief* [Docket No. 3150] (the "**Disclosure Statement Reservation**").

5.      On August 17, 2023, this Court entered an *Order (I) Approving The Adequacy Of The Debtors' Disclosure Statement, (II) Approving The Solicitation And Voting Procedures With Respect To Confirmation Of The Debtors' Joint Plan Of Reorganization, (III) Approving The Form Of Ballots And Notices In Connection Therewith, (IV) Scheduling Certain Dates With Respect Thereto, (V) Authorizing And Approving Reimbursement Of Certain Of The Plan Sponsor's Fees And Expenses, And (VI) Granting Related Relief* [Docket No. 3337].

6.      On September 15, 2023, the Debtors filed the Fourth Plan Supplement [Docket No. 3483].  Exhibit G to the Plan Supplement is the Coinbase Prime Broker Agreement, which includes a Custodial Services Agreement, a Master Trading Agreement, and a Distribution and Exchange Term Sheet (together, the "**Coinbase Agreements**").

7.      Exhibit J to the Plan Supplement includes the Figure Lending, LLC Refinancing Term Sheet (the "**Figure Proposal**"), which identifies Figure Lending, LLC ("**Figure**") as a potential source of third-party financing that has offered to refinance applicable Retail Advance Obligations of eligible, electing Retail Borrowers.

8.      Also on September 15, 2023, the Debtors filed a *Motion for Entry of an Order Authorizing the Debtors to Redact and File Under Seal Certain Confidential Terms of the Coinbase Distribution Services Agreement* [Docket No. 3482] (the "**Sealing Motion**").

## DISCUSSION

### A. Coinbase Agreements Do Not Accurately
### Reflect the Arrangement with Coinbase

9.     The Debtors propose to engage Coinbase as Distribution Agent for international customers under the Plan and seek this Court's approval of the Coinbase Agreements.  However, the Coinbase Agreements go far beyond the services of a distribution agent, contemplating brokerage services and master trading services that implicate many of the concerns raised in the SEC's District Court action against Coinbase.  *SEC v. Coinbase, Inc.*, Case No. 1:23-cv-04738 (S.D.N.Y.) (alleging, among other things that Coinbase "has acted as an exchange, a broker, and a clearing agency, without registering as an exchange, broker, or clearing agency[.]").  There appears to be an additional agreement with Coinbase, which the Debtors seek to file under seal, but it has not been made available to the SEC staff.

10.     The Debtors have confirmed that they do not intend for Coinbase to provide brokerage services to the Debtors, despite the language in the Coinbase Agreements to the contrary.  However, this Court should not be asked to approve a deal where the material terms are missing or inconsistent.  To the extent there is a new agreement that accurately sets forth the arrangement with Coinbase (or if the agreement under seal is operative), it should be provided to this Court and to the SEC.  The SEC reserves its rights to object if the Debtors do not adequately address Coinbase's role in the confirmation order and in an amended agreement that, in material part, is made available for review.

### B. Any Findings Regarding the CEL Token
### Should Be Without Preclusive Effect

11.     As set forth in the SEC's complaint, the SEC has alleged the CEL Token was offered and sold as a security, and that Celsius and Mr. Mashinsky raised billions of dollars from investors through unregistered and fraudulent offers and sales of crypto asset securities,

including the CEL token.  Celsius has consented to the entry of a final judgment against it in the District Court Action, which has been stayed pending the outcome of a criminal case against Mr. Mashinsky.  A ruling on the CEL token issue could be used in the District Court in a manner that could impede and jeopardize the Commission's position in the District Court Action.  The SEC requests that to the extent this Court is inclined to rule on whether the CEL token is or is not a security, such a ruling be limited to the facts before the Court and for purposes of making distributions under the Plan, without *res judicata* or other preclusive effect outside of these cases.

## CONCLUSION

12.    The SEC staff has communicated its concerns to Debtors' counsel, who have cooperated with the staff in addressing other concerns regarding the Plan.  The SEC reserves the right to object to confirmation of the Plan or to any Wind Down Motion filed in these cases on any other bases.[5]  The SEC is not opining as to the legality, under the federal securities laws, of the transactions outlined in the Plan, and reserves its rights to challenge transactions involving crypto assets.

---

[5] In addition, the Figure Proposal filed with the Fourth Plan Supplement identifies Figure as a potential source of third-party financing that has offered to refinance applicable Retail Advance Obligations of eligible, electing Retail Borrowers.  Although the Debtors have represented that they are not seeking approval of the Figure Proposal by the Bankruptcy Court, certain terms of the Figure Proposal raise potential concerns regarding compliance with the registration and other requirements of the securities laws.  The SEC is reserving all rights regarding the Figure Proposal.

Dated: Washington, DC
September 22, 2023

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION

By: /s/ Therese A. Scheuer
Therese A. Scheuer (*admitted pro hac vice*)
Senior Trial Counsel
100 F. Street, NE
Washington, DC 20549
Phone: (202) 551-6029
Fax: (202) 772-9317
scheuert@sec.gov

William M. Uptegrove
(*admitted pro hac vice*)
Senior Trial Counsel
Atlanta Regional Office
950 East Paces Ferry Road, N.E., Suite 900
Atlanta, GA 30326
Phone: (404) 842-5765
UptegroveW@sec.gov

Of Counsel: Alistaire Bambach

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 22nd day of September, 2023, a true and correct copy of the foregoing Limited Objection and Reservation of Rights was furnished to all ECF Participants via the CM/ECF system.

<u>/s/ Therese A. Scheuer</u>

Therese A. Scheuer (admitted *pro hac vice*)