Objection Deadline: September 22, 2023, at 4:00 p.m.
Hearing Date and Time: October 2, 2023, at 2:00 p.m.

Jeffrey Chubak
Amini LLC
131 West 35th Street
12th Floor
New York, New York 10001
(212) 490-4700
jchubak@aminillc.com
Attorneys for Creditors Pharos Fund SP and
Pharos USD Fund SP of Pharos Master SPC

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) |
| | ) Case No. 22-10964 (MG) |
| Debtors. | ) |
| | ) (Jointly Administered) |
| | ) |

**OBJECTION OF PHAROS FUND SP AND PHAROS USD FUND SP OF PHAROS MASTER SPC TO CONFIRMATION OF THE JOINT CHAPTER 11 PLAN OF REORGANIZATION OF CELSIUS NETWORK LLC AND ITS DEBTOR AFFILIATES**

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

Pharos Fund SP of Pharos Master SPC and Pharos USD Fund SP of Pharos Master SPC (together, "Pharos") of hereby file this objection (the "Objection") to the *Joint Chapter 11 Plan Of Reorganization of Celsius Network LLC And Its Debtors Affiliates* [Dkt. 3319] (the "Plan"), and in support thereof, respectfully states as follows:

## PRELIMINARY STATEMENT

1. Pharos holds approximately $82 million in claims that the Debtors have sorted into Class 8 under the Plan, and its claims total approximately 94% of the claims in that class. Class 8 is impaired and Pharos has voted to reject the Plan, and therefore, Class 8 has not accepted the Plan. 11 U.S.C. § 1126(c) (stating that a class has only accepted a plan if it has been accepted by creditors that "hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class"). This renders the Plan unconfirmable for two reasons.

2. *First*, because Pharos has not accepted the Plan, section 1129(a)(7)(A)(ii) requires that the Debtors demonstrate that Pharos would receive at least as much under the Plan as it would in a chapter 7 liquidation. But the Debtors have not met that burden. They have provided no evidence demonstrating that the value of the shares in the "NewCo" exceed the value of the assets that would be distributed in a chapter 7. Moreover, the Debtors' liquidation analysis appears to assign far greater value to assets in the "Orderly Wind Down" scenario than in a chapter 7 liquidation, even though there is no principled distinction between the two.

3. *Second,* because Class 8 is impaired has not accepted the Plan, the Debtors must demonstrate that the Plan is "fair and equitable" with respect to Class 8 pursuant to 11 U.S.C. §§ 1129(a)(8) and (b). The Plan, however, provides for a distribution to preferred shares that are junior to Class 8 in violation of 11 U.S.C. § 1129(b)(2)(B).

4. For these reasons, the Plan violates the Bankruptcy Code and cannot be confirmed.

**JURISDICTION AND VENUE**

5.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157. and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

**BACKGROUND**

I.  **Pharos's Claims**

6.  On July 13, 2022, Celsius Network LLC and certain of its affiliates (the "Celsius Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. On December 7, 2022, GK8, Ltd., GK8 UK Limited, and GK8 USA LLC (the "GK8 Debtors," and with the Celsius Debtors, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

7.  On October 5, 2022, Celsius Network Ltd. filed its schedules of assets and liabilities. Case No. 22-10966, Dkt. 7. In Schedule E/F: Creditors Who Have Unsecured Claims, Celsius Network Ltd. scheduled Pharos Fund SP and Pharos USD Fund SP as holding noncontingent, liquidated, and undisputed claims for 81081798 in USDC as a "Loan Payable." Case No. 22-10966, Dkt. 7 at 59/321.

8.  On January 19, 2023, Pharos USD Fund SP of Pharos Master SPC filed a proof of claim against Celsius Network Ltd. for $55,247,446 for "USDC loaned under Master Lending Agreement." Claim. No. 21817. Also on January 19, 2023, Pharos Fund SP of Pharos Master SPC filed a proof of claim for $27,435,815 based on "USDC loaned under Master Lending Agreement." Claim. No. 21818.

II. **The Series B Preferred Settlement**

9.  On June 27, 2023, the Debtors, the official committee of unsecured creditors, Community First Partners, LLC, Celsius SPV Investors, LP, Celsius New SPV Investors, LP, and

2

CDP Investissements Inc. (collectively, the "Initial Consenting Series B Preferred Holders") filed a *Joint Motion for Entry of an Order (I) Approving the Settlement by and Among the Debtors, the Committee, and the Initital Consenting Series B Preferred Holders* [Dkt. 2899] (the "Series B Settlement Motion"), which the Court approved on July 20, 2023 [Dkt. 3058] (the "Series B Settlement Order"). The Initial Series B Preferred Holders hold preferred shares in Celsius Network Ltd. Dkt. 2899 at 9-10.

10. Pursuant to the *Settlement Agreement* described in the Series B Settlement Motion and attached to the Series B Settlement Order (the "Series B Settlement"), the parties agreed to resolve the "Settled Claims," which are defined to include the "recovery waterfall for [Celsius Network Ltd.'s] estate …." Dkt. 3058-1 at 8/31. To resolve the Settled Claims, the Debtors and the Committee agreed to distribute $25,000,000 in cash from the cash proceeds referenced in paragraph 9 of the *Order (I) Approving the Sale of the GK8 Debtors' Assets Free and Clear of All Claims, Liens, Rights, Interests and Encumbrances, (II) Authorizing the GK8 Debtors to Enter into and Perform Their Obligations Under the Asset Purchase Agreement, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* [Dkt. 1686] (the "GK8 Sale Order").

11. Section 4 of the Series B Settlement provides that the Initial Consenting Series B Preferred Holders will receive $24,000,000 "on account of the fees and expenses incurred by the Initial Consenting Series B Preferred Holders in connection with the Series B Matters[1] and the Chapter 11 Cases." Dkt. No. 3058-1 at 9/31. The remaining $1 million would be

---

[1] The "Series B Matters" are "filings, events, and disputes" specified in Recital D to the Series B Settlement, and include, aong other things, a motion to appoint a preferred equity committee and a motion to estimate intercompany claims between Celsius Network LLC and Celsius Network Limited. Dkt. 3058-1 at 4-8.

3

distributed to holders of Series B preferred shares pro rata, either within three business days of entry of an order approving the Series B Settlement, or on the effective date of the plan, and in both cases, the payment would be "in full and final settlement and release of such Consenting Series B Preferred Holder's Series B Preferred Shares and any Claims arising out of or related thereto." *Id.* at 10/31.

**III.   The Debtors' Plan and Liquidation Analysis.**

12.   The Debtors' Plan places Pharos is Class 8 – Unsecured Loan Claims, which are impaired and entitled to vote. Dkt. 3319 at 37/188. The Debtors' disclosure statement states that there are approximately $88 million in claims in Class 8. Dkt. 3332 at 50/830. As noted above, Pharos' claims total $82,683,261, which is approximately 94% of the claims in Class 8. Pharos has voted against the Plan, meaning that Class 8 is both impaired and has rejected the Plan.

13.   Class 8 – Unsecured Loan Claims are projected to receive a 67% distribution under the Plan in the event of a "NewCo Transaction," 61.2% in the event of an "Orderly Wind Down," and 47.4% in the event of a chapter 7 liquidation.[2] Dkt. 3332 at 50/830. Of the 67% projected distribution in a "NewCo Transaction," it appears that the Debtors are attributing 37.5% to "Liquid Cryptocurrency Recovery" and 29.5% to "NewCo Common Stock Recovery."  In contrast, the Debtors' liquidation analysis estimates a 61.2% recovery on Unsecured Loan Claims in an "Orderly Wind Down," Dkt. 3332 at 350/830 and a 44%-50% recovery to "Unsecured Loan Claims" (in cash) in the event of a chapter 7 liquidation. Dkt. 3332 at 338/830.

---

[2]   Class 9 – General Unsecured Claims are projected to receive the same amounts in the event of a "NewCo Transaction" and "Orderly Wind Down," but are only projected to receive 37.6% in the event of a chapter 7 liquidation.

4

14. Despite the fact that Class 8 and Class 9 claims are not being paid in full, and that Classes 10-13 are receiving no distributions under the Plan, Class 14 – Series B Preferred Shares are estimated to receive a 0.1% distribution under the Plan.

## ARGUMENT

### I. The Debtors' Plan Cannot Be Confirmed Because It Violates Section 1129(a)(7)(A)(ii) of the Bankruptcy Code.

15. Section 1129(a)(7)(A)(ii) is "one of the cornerstones of chapter 11 practice," *In re Ditech Holding Corp.*, 606 B.R. 544, 606 (Bankr. S.D.N.Y. 2019), and provides that a plan may not be confirmed unless impaired claimholders that have rejected the plan will "receive or retain property of a value" that is at least as much as they would under a chapter 7 liquidation. *See In re Drexel Burnham Lambert Grp., Inc.*, 138 B.R. 723, 761 (Bankr. S.D.N.Y. 1992) ("The best interests test focuses on individual creditors rather than classes of claims [and] requires that each holder of a claim or interest either accept the plan or receive or retain property having a present value, as of the effective date of the plan, not less than the amount such holder would receive or retain if the debtor were liquidated under Chapter 7."). The Debtors bear the burden of proof under section 1129(a)(7)(A)(ii). *See In re Ditech Holding Corp.*, 606 B.R. at 606 (noting that "[t]he Debtors bear the burden of demonstrating that the Second Amended Plan satisfies the 'best interest' test" and denying confirmation of the plan on this basis); *In re Jennifer Convertibles, Inc.*, 447 B.R. 713, 724-25 (Bankr. S.D.N.Y. 2011) (describing objecting creditors' evidence as speculative and discrediting it, but nevertheless denying confirmation because "it is the Debtors' burden to satisfy § 1129(a)(7) and on this record, they have not done so with respect to" the objecting creditors); *In re Global Ocean Carriers Ltd.*, 251 B.R. 31, 46 (Bankr. D. Del. 2000) (denying confirmation because the plan proponents failed to establish that the plan complied with Section 1129(a)(7)).

5

16.     Here, Pharos has rejected the Plan, and therefore, pursuant to 11 U.S.C. § 1129(a)(7)(A)(ii), the Debtors must demonstrate that Pharos would receive more under the Plan than it would in a chapter 7 liquidation. The Debtors cannot meet that burden, for several reasons.

17.     *First*, the Debtors indicate that 6.5%-12.5% more liquid cryptocurrency would be distributed in a chapter 7 liquidation (44%-50%) than under a "NewCo Transaction" (37.5%). It follows that the Debtors can only meet their burden under section 1129(a)(7)(A)(ii) if the value of the "NewCo Common Stock Recovery" exceeds this delta. The Debtors have provided no evidence to date supporting the value of the "NewCo Common Stock Recovery."

18.     *Second*, the Debtors appear to be deflating asset values in a chapter 7 liquidation and inflating those same asset valies in an "Orderly Wind Down," even though a chapter 7 liquidation is by both principle and definition, an "Orderly Wind Down."

   a.    The Debtors assume 28%-47% realization of "Institutional Loans receivable" in a chapter 7 liquidation, for a total of $21-$35 million. Dkt. 3332 at 756/830. On the other hand, the Debtors' assume a 100% realization in an "Orderly Wind Down," for a total of $74.5 million. Dkt. 3332 at 768/830.

   b.    Debtors assume 25%-75% realization of "Investments" in a chapter 7 liquidation, for a total of $32-$97 million. Dkt. 3332 at 756/830. On the other hand, the Debtors' assume a 100% realization in an "Orderly Wind Down," for a total of $129 million. Dkt. 3332 at 768/830.

   c.    The Debtors assume 12%-19% realization of "Mining Assets" in a chapter 7 liquidation, for a total of $70-$105 million. Dkt. 3332 at 756/830. On the other hand, the Debtors' assume a much more substantial realization in an "Orderly Wind Down," for a total of $423.8 million. Dkt. 3332 at 768/830.

6

19. Taken together, these artificial adjustments total over $390 million more for an "Orderly Wind Down" as opposed to the "High" scenario in a chapter 7 liquidation, for which there is no justification. The Debtors do not explain, particularly with respect to the "Mining Assets," why an "Orderly Wind Down" would net so much more value than a chapter 7 liquidation. Dkt. 3332 at 769-770. Nor would any explanation pass muster, given a chapter 7 trustee's duty to reduce property of the estate to money to serve "the best interests of parties in interest," 11 U.S.C. § 704(a)(1), and the ability of a chapter 7 trustee to request the authority to operate a business of a debtor for a limited period of time so that it can realize any additional value from assets that may be sold as a going concern, 11 U.S.C. § 721 (stating that the court may "authorize" the trustee to operate a business of a debtor for a limited time so long as doing so "is in the best interest of the estate" and consistent with the "orderly" liquidation of the estate). Based on these issues, the Debtors have not satisfied their burden under 11 U.S.C. § 1129(a)(7)(ii).

## II. The Debtors' Plan Cannot Be Confirmed Because It Violates Sections 1129(a)(8) and 1129(b)(2)(B) of the Bankruptcy Code.

20. Section 1129(a)(8) provides that a plan cannot be confirmed unless each class of claims or interests has accepted the plan or is not impaired under the plan. If all of the requirements of section 1129 other than section 1129(a)(8) are satisfied, a plan may only be confirmed if it "does not discriminate unfairly" and is "fair and equitable" with respect to each of class of claims or interests that is impaired under, and has not accepted, the plan. 11 U.S.C. § 1129(b)(1).

21. To determine whether a plan is fair and equitable with respect to a class of unsecured claims, the plan must either provide that each holder of a claim in the class receive or retain property equal to the allowed amount of the claim, 11 U.S.C. § 1129(b)(2)(B)(i), or that the

7

holder of any claim or interest junior to the claims of that class will not receive or retain under the plan on account of such junior claim or interest any property, 11 U.S.C. § 1129(b)(2)(B)(ii).

22. Here, Class 8, which includes claims against Celsius Network Ltd. is impaired, is receiving less than full payment on account of its claims, and has rejected the Plan Nevertheless, the Plan provides that Class 14 - Series B Preferred Interests will receive 0.1% on account of their interests, in violation of 11 U.S.C. § 1129(b)(2)(B)(ii). Although the Series B Settlement allocated $24 million on account of "legal fees" incurred during the chapter 11 cases, those amounts have already been paid, and the amounts to be distributed under the Plan to holders of Series B preferred interests against Celsius Network Ltd. are allocated to their shares. Dkt. No. 3058-1 at 10/31 (stating that $1 million would be paid "in full and final settlement and release of such Consenting Series B Preferred Holder's Series B Preferred Shares and any Claims arising out of or related thereto"). Therefore, the Plan cannot be confirmed.

## CONCLUSION

23. For the foregoing reasons, Pharos respectfully requests that the Court deny confirmation of the Plan.

Dated: New York, New York
      September 22, 2023

AMINI LLC

/s/ Jeffrey Chubak
Jeffrey Chubak
131 West 35th Street
12th Floor
New York, New York 10001
(212) 490-4700
jchubak@aminillc.com
Attorneys for Creditors Pharos Fund SP and Pharos USD Fund SP of Pharos Master SPC