**DAVIS+GILBERT LLP**
1675 Broadway
New York, New York 10019
Telephone: (212) 468-4800
Joseph Cioffi
jcioffi@dglaw.com
Massimo Giugliano
mgiugliano@dglaw.com
Adam M. Levy
alevy@dglaw.com

*Counsel to 168 Trading Limited*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**LIMITED OBJECTION, RESERVATION OF RIGHTS AND JOINDER OF
168 TRADING LIMITED IN RESPONSE TO (A) NOTICE OF (I) EXECUTORY
CONTRACTS AND UNEXPIRED LEASES TO BE REJECTED BY THE DEBTORS
PURSUANT TO THE PLAN AND (II) RELATED PROCEDURES IN CONNECTION
THEREWITH; AND (B) JOINT CHAPTER 11 PLAN OF REORGANIZATION OF
CELSIUS NETWORK LLC AND ITS DEBTOR AFFILIATES**

168 Trading Limited ("**168 Trading**"), by and through its undersigned counsel, hereby files this limited objection, reservation of rights and joinder (the "**Objection**") in response to (A) *Debtors' Notice Of (I) Executory Contracts And Unexpired Leases To Be Rejected By The Debtors Pursuant To The Plan And (II) Related Procedures In Connection Therewith* [Dkt. No. 3454] (the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

"**Rejection Notice**"); and (B) *Joint Chapter 11 Plan Of Reorganization Of Celsius Network LLC And Its Debtor Affiliates* (the "**Plan**") [Dkt. No. 3319]. In support of the Objection, 168 Trading states as follows:

## BACKGROUND

1. The above-captioned debtors (each, a "**Debtor**," and collectively, "**Debtors**") filed their chapter 11 bankruptcy petitions on July 13, 2022 and December 7, 2022.

2. On or around February 1, 2022, Debtor Celsius Network Ltd. and 168 Trading entered into that certain Loan Term Sheet (the "**LTS**"), which incorporated by reference that certain Master Loan Agreement (the "**MLA**") by and between the parties. Pursuant to the MLA and LTS, 168 Trading borrowed 126,582.28 of Polkadot (DOT) from Debtors (the "**Loan**"). As collateral security for the Loan, 168 Trading delivered to Debtors USDC 3,000,000 (the "**Collateral**").

3. Pursuant to Section 4.9 of the MLA, Debtors are required to return the Collateral upon 168 Trading's repayment of the Loan: "[u]pon the redelivery in full of any [l]oan [a]mount . . . [Debtors] shall initiate the return of [c]ollateral . . . ." MLA § 4.9.

4. Debtors' proposed Plan provides – without qualification or reservation – that all Institutional Loans (as defined in the Plan) – including the Loan evidenced by the MLA and LTS – will be assumed and assigned upon confirmation of the Plan.

5. Specifically, the Plan provides, in relevant part:

> *Notwithstanding anything in the Plan to the contrary*, to the extent that any agreements, documents, or instruments relating to Institutional Loans are Executory Contracts, the Debtors *shall be deemed to have assumed and assigned to NewCo and/or its subsidiaries all such agreements, documents, and instruments under the Plan*. To the extent required, entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of the assumption and assignment to NewCo and/or its subsidiaries of all such

2

>Institutional Loans and related agreements, documents, and instruments, and all Institutional Loans and obligations thereunder shall remain in full force and effect in accordance with the terms of the granting instruments or other governing documents applicable to such Institutional Loans.
>
>*Nothing contained in the Plan or Confirmation Order shall discharge, impair, or otherwise modify any obligations assumed and assigned by this <u>Article V.D</u>, and each such obligation will be deemed and treated as an Executory Contract that has been assumed by the Debtors and assigned to NewCo and/or its subsidiaries under the Plan as to which no Proof of Claim or Cure Claim need be Filed. To the extent there are cure amounts owed either prepetition and/or postpetition, such amounts shall survive and will not be discharged on the Effective Date.*

Plan, Art. V.D.1. (emphases added).

6. All three prior iterations of the Plan contained language to the similar effect.

7. The *Disclosure Statement For The Joint Chapter 11 Plan of Reorganization Of Celsius Network LLC And Its Debtor Affiliates* [Dkt. No. 3332] (the "**Disclosure Statement**") likewise provides – without qualification or reservation – that "*all* Institutional Loans, and any agreements, documents, or instruments relating to such Institutional Loans are Executory Contracts that the Debtors will assume and assign to NewCo under the Plan if a NewCo Transaction is consummated." Disclosure Statement at 104 (emphasis added).

8. On September 12, 2023, directly contradicting the multiple iterations of the Plan and the Disclosure Statement, Debtors filed the Rejection Notice seeking to reject the Loan, *i.e.*, an Institutional Loan under the Plan.

## LIMITED OBJECTION AND RESERVATION OF RIGHTS

9. 168 Trading respectfully objects to the Rejection Notice and the Plan to the extent Debtors seek to deprive 168 Trading of its right to redeem the Collateral upon repayment of the Loan pursuant to the MLA.

3

10.  168 Trading further objects to the extent Debtors seek to relegate 168 Trading to an unsecured creditor. To that end, 168 Trading objects to Article V.B. of the Plan, which purports to automatically classify all claims for rejection damages as unsecured, without regard for each counterparty's rights under its particular agreement and applicable law. *See* Plan, Art. V.B. ("All Claims arising from the rejection by any Debtor of any Executory Contract . . . . shall be treated as a General Unsecured Claim."); *see also Wilmington Trust Co. v. Jefferies Leveraged Credit Prods., LLC (In re Tousa, Inc.)*, 598 F. App'x 761, 763 n.3 (11th Cir. 2015) (citing 3 Collier on Bankruptcy ¶ 365.09(1) ("Whether the resulting [rejection damages] claim is secured or unsecured and entitled to priority, general or subordinated status will be determined generally *by the terms of the contract* or lease . . . Section 365(g)'s deemed breach is *solely a timing mechanism* to determine claim priorities (prepetition vs. postpetition) and to permit the creditor to seek allowance of its claim under section 502.") (emphasis in original); 11 U.S.C. § 365(g) (stating merely that rejection "constitutes a breach of such contract . . . immediately before the date of the filing of the petition," but silent as to the classification of the claim arising from such breach).

11.  Accordingly, any order approving the rejection of the Loan should make clear that such rejection has no impact on 168 Trading's rights under the MLA and applicable law to redeem the Collateral or on the classification of any claims held by 168 Trading. For sake of clarity, by this Objection, 168 Trading does not seek an affirmative ruling by the Court on whether Debtors are required to return the Collateral upon repayment of the Loan or on the classification of 168 Trading's claims. 168 Trading, instead, solely seeks to preserve all rights with regard thereto, irrespective of the rejection of the MLA.

12.  168 Trading reserves the right to amend or supplement this Objection.

## **JOINDER**

13. 168 Trading joins in any other objections to the Rejection Notice and the Plan to the extent such objections are not inconsistent with this Objection.

Dated: September 22, 2023
      New York, New York

                        DAVIS+GILBERT LLP

By:   */s/ Joseph Cioffi*
       Joseph Cioffi
       Massimo Giugliano
       Adam M. Levy
       1675 Broadway
       New York, New York 10019
       (212) 468-4800
       jcioffi@dglaw.com
       mgiugliano@dglaw.com
       alevy@dglaw.com

       *Counsel for 168 Trading Limited*

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that a true and correct copy of the above was served upon the counsel and parties of record, electronically via the Clerk of the Court through the ECF system to the parties who have registered to receive such service, on the 22nd day of September, 2023.

*/s/ Joseph Cioffi*
Joseph Cioffi, Esq.