Case Number: 22-10964MG

United States Bankruptcy Court Southern District of New York

Re: Celsius Chapter 11 Case No. [22-10964 (MG)]

Joinder to Motion for Repayment of Loans and Return of Collateral by Johan Bronge, Pro Se Creditor

To Judge Martin Glenn:

I, Michael D Windom, a party involved in the above-mentioned Chapter 11 case, hereby submit this joinder in support of the motion filed by Johan Bronge, seeking the court's permission to fulfill Loan Agreements with Celsius and repay outstanding loans, as well as requesting the full return of collateral.

Supporting Arguments:

Uniform Treatment of Collateralized Loans: All borrowers, whether institutional or retail, have pledged collateral to secure their loans. In my case, I initiated two loans, and pledged ***four*** times the total of each loan in BTC collateral, constituting a 25% Loan-To-Value (LTV) pledge against the US dollar assets that I received. The collateral, irrespective of a borrower's category, serves as a guarantee for loan repayment. It is imperative that the court ensures equal treatment for all creditors by permitting the fulfillment of Loan Agreements and the return of collateral as stipulated.

Equitable Treatment of Retail Borrowers: The absence of a mechanism allowing retail borrowers to fulfill their loan agreements and regain ownership of their collateral results in disparate treatment. This inconsistency contradicts the fundamental principles of Chapter 11 bankruptcy law, which emphasize fairness and equal treatment of similarly situated creditors. Retail borrowers should be granted the same opportunity as institutional borrowers to repay their loans and reclaim their collateral. This should include me, whether I chose to have used an institutional entity to create my loans, or myself as an individual, which is what I chose to do instead.

Consistency in Collateral Ownership Status: The evolving interpretation of collateral ownership, as highlighted by Mr. Bronge, underscores the need for clarity and consistency. Uniform treatment of collateralized loans will address contradictions that have arisen due to changing rulings. This consistency ensures that borrowers' property rights are respected, regardless of the type of loan they hold, and that hundreds of years of legal precedent for property, loans, and collateral is both preserved and reinforced.

Conclusion:

I urge the court to consider the arguments put forth in Mr. Bronge's motion and to grant the requested relief. Uniform treatment of collateralized loans is essential to upholding the principles of fairness, property rights, and equitable distribution of assets. Retail borrowers in general, and myself specifically, should not be disadvantaged due to the borrower category that each institution and individual was subclassified in to arbitrarily. Your consideration of this joinder is greatly appreciated.

Sincerely,

Michael D Windom

Celsius Pro Se Creditor

Celsius Account Holder [Borrow / Earn]

September 21, 2023