IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: § | § | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*[1] § | § | Case No. 22-10964 (MG) |
| Debtors. § | § | Jointly Administered |

**KOALA 2 LLC'S LIMITED OBJECTION TO
CONFIRMATION OF THE JOINT CHAPTER 11 PLAN
OF CELSIUS NETWORK LLC AND ITS DEBTOR AFFILIATES**

[Relating to Dkt. No. 3319]

Koala 2 LLC ("K2"), by and through its undersigned counsel, submits this Objection to Confirmation of the Joint Plan of Celsius Network LLC and its Debtor Affiliates, (collectively, the "Debtors" or "Celsius") [Dkt No. 3319] (the "Plan").[2]

## I.    FACTUAL BACKGROUND

1.    On July 13, 2022 (the "Petition Date"), certain of the Debtors filed a voluntary petition commencing their case under chapter 11 of the Bankruptcy Code.

2.    The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. These chapter 11 cases have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b) [Dkt. No. 53]. On July 27, 2022, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed an official committee of unsecured creditors [Dkt. No. 241] (the "Celsius UCC").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Plan.

1

3. On March 31, 2023, the Debtors filed the Joint Chapter 11 Plan of Reorganization of Celsius Network LLC and Its Debtor Affiliates [Dkt. No. 2358] (the "Initial Plan"). Following the filing of the Initial Plan, the Debtors filed revised versions of the Plan on June 15, 2023 [Dkt. No. 2807], July 29, 2023 [Dkt. No. 3116], and August 9, 2023 [Dkt. No. 3222]. On August 15, 2023, the Debtors filed the Plan [Dkt No. 3319].

4. The Plan provides that holders of Equitably Subordinated Claims "shall not receive any distribution on account of such Claims which will be cancelled, released, and extinguished as of the Effective Date and will be of no further force and effect, unless otherwise ordered by the Bankruptcy Court." Plan § 3.B.17. Holders of Equitably Subordinated Claims are not entitled to vote under the Plan.

5. On August 13, 2023, the Debtors filed the Second Notice of Filing of Plan Supplement [Dkt. No. 3273] (the "Second Notice of Plan Supplement"). Exhibit B contains a schedule of Equitably Subordinated Claims. Pursuant to Exhibit B, Claims held by, among others, K2 shall be Equitably Subordinated Claims and shall receive the treatment provided to such claims under the Plan.

6. The Plan further provides that all CEL Token Deposit Claims, other than Custody Claims that are CEL Token Deposit Claims, shall be valued at $0.25/CEL Token and shall otherwise receive the treatment associated with the program in which they were deployed. All Claims on account of CEL Tokens identified in the Schedule of Equitably Subordinated Claims will be subordinated without distribution as provided in Article III.B.16 or Article III.B.17, as applicable. Plan § 4.B.2.

7.      On August 31, 2023, the Court approved a revised discovery schedule for the trial on the Equitably Subordinated Claims, which provided for a hearing on October 23, 2023. [Dkt. No. 3405].

8.      On September 12, 2023, the Debtors filed the Joint Stipulation and Agreed Order Between the Debtors, the Celsius UCC, and the United States Attorney's Office for the Southern District of New York with Respect to Agreement to Stay the Proceedings with Respect to Equitably Subordinated Claims [Dkt. No. 3450] (the "Joint Stipulation"). Pursuant to the terms of the Joint Stipulation, the Parties (as defined in the Joint Stipulation) agreed to a stay of proceedings with respect to the Equitably Subordinated Claims for a period of time as set forth in the Joint Stipulation.

## II.    OBJECTION

9.      Given the current stay of proceedings regarding the Equitably Subordinated Claims, K2 files this limited objection the Plan to the extent that it purports to make any final adjudication on the treatment of Holders of currently-classified Equitably Subordinated Claims if this Court later determines that claimants such as K2 are not holders of Equitably Subordinated Claims. To be clear, K2 intends to challenge its inclusion on the Schedule of Equitably Subordinated Claims at the appropriate time on the basis that the Debtors have not established (and cannot establish) the requisite elements necessary to equitably subordinate K2's claims pursuant to Bankruptcy Code Section 510(c)(1). As required pursuant to the cases the Debtors cited in the Disclosure Statement [Dkt. No. 3332], the Debtors have not shown (and cannot show) that K2 is controlled by, or ever was controlled by, a former director, officer, or employee of the Debtors or their Related Parties; or that it engaged in inequitable conduct resulting in injury to Debtors' creditors or conferring unfair advantage on K2. *See In re LightSquared Inc.*, 511 B.R. 253, 346 (Bankr. S.D.N.Y. 2014)

3

("to exercise its power of equitable subordination, three conditions must be satisfied: (i) '[t]he claimant must have engaged in some type of inequitable conduct;' (ii) '[t]he misconduct must have resulted in injury to the creditors of the bankrupt or conferred an unfair advantage on the claimant; and (iii) '[e]quitable subordination of the claim must not be inconsistent with the provisions of the Bankruptcy Act.'") (*quoting Benjamin v. Diamon* (*In re Mobile Steel Co.*), 563 F.2d 692, 699–700 (5th Cir. 1977)); *see also In re Granite Partners, L.P.*, 210 B.R. 508, 514 (Bankr. S.D.N.Y. 1997) ("Traditionally, equitable subordination has been limited to cases involving (1) fraud, illegality or breach of fiduciary duty, (2) undercapitalization, or (3) control or use of the debtor as an alter ego for the benefit of the claimant.").

10. By this Limited Objection, K2 simply seeks clarification that those parties currently on the schedule of Equitably Subordinated Claims shall be entitled to treatment under the Plan of similarly situated claimants in the event that this Court later denies subordination of any Equitably Subordinated Claims.

11. Section 3.F Plan currently reads as follows:

> In the event that the Bankruptcy Court denies the proposed subordination of the Equitably Subordinated Claims, such Claims shall receive *the treatment the Bankruptcy Court orders*. (emphasis added).

12. Out of an abundance of caution, and in order to ensure that Claimants' rights are preserved pending the lifting of the stay pursuant to the Joint Stipulation, which is likely to occur after consummation of the Plan, K2 requests that the Plan and/or Confirmation Order make clear that that any Claimant that the Debtors have identified as holding an Equitably Subordinated Claim pursuant to the Plan shall receive the same treatment as similarly-situated claimants in the event that the Bankruptcy Court denies the Debtors' proposed subordination of such Claimant's Equitably Subordinated Claims.

13.  Such clarifying language will ensure that Claimants such as K2 are not prejudiced under the Plan due to the stay of proceedings with respect to the Equitably Subordinated Claims, and will be entitled to distributions in accordance with the terms of the Plan and the Bankruptcy Code at the appropriate time following adjudication of the Debtors' motion to subordinate the Equitably Subordinated Claims. While K2 understands the Debtors' need to emerge from chapter 11 as expeditiously as possible, K2 simply wants confirmation that the ongoing stay will not prejudice Claimants who have not yet had their day in court and defend themselves against the Debtors' assertions with respect to the Equitably Subordinated Claims.

### III.    CONCLUSION

14.  Accordingly, Koala 2 LLC requests that this Bankruptcy Court sustain its Objection to Confirmation of the Third Amended Joint Plan of Celsius Network LLC and its Debtor Affiliates and grant the relief requested herein.

Dated:  September 22, 2023

**KING & SPALDING, LLP**

By: */s/ Michael R. Handler*

Michael R. Handler, (Bar No. 5002589)
*mhandler@kslaw.com*
Leigh M. Nathanson, (Bar No. 4900106)
*lnathanson@kslaw.com*
KING & SPALDING LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036
Tel: (212) 556-2100
Fax: (212) 556-2222

*Counsel for Koala 2 LLC*