Víctor Ubierna de las Heras
Email: victorub@protonmail.com
Telephone +34 699760721
Pro se Creditor

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
| In re | : | Chapter 11 |
| | : | |
| **CELSIUS NETWORK LLC,** *et al.*, | : | Case No. 22-10964 (MG) |
| | : | |
| Debtors[1] | : | (Jointly Administered) |
---------------------------------------------------------------x

### VÍCTOR UBIERNA DE LAS HERAS OBJECTION TO CONFIRMATION OF THE CHAPTER 11 PLAN

Víctor Ubierna de las Heras, pro se Creditor, hereby files this objection and reservation of rights with respect to confirmation of the Revised Joint Chapter 11 Plan Of Reorganization Of Celsius Network LLC And Its Debtor Affiliates [Docket No. 3319] (the "Plan")and respectfully states as follows:

**Introduction**

This objection to confirmation covers two topics.

First, the proposed Plan in Article IV.J.2 establish a EIP and the required metrics. EIP awards are defined in the Plan as EIP Awards" means any Cash incentive award to be paid by the Debtors or the Post-Effective Date Debtors on the Effective Date under the Emergence Incentive Plan. Ferraro and others are paid healthy salaries and have a fiduciary duty to do precisely what Debtors wish to "incentivize" them to do. Accordingly, there is no legal or factual basis upon which the relief requested can be granted.

The proposed metrics are just the bare minimum insiders/employees should be doing and are so vaguely described that they are easily abusable. Furthermore, the EIP will deprive a new post-

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030

1

confirmation board from making the determination as to the appropriateness of employee compensation.

Second, the Plan contains an overly broad exculpation provision and third-party releases that should not be approved. For example, Kirkland and Ellis should not get any releases for the failure to file the proof of claim for Celsius against Voyager.

**Background**

On October 26, 2022, I objected to the Debtor's Key Employee Retention Plan (KERP), objection with docket number 1202.

On November 2, 2022, the Court denied without prejudice the first KERP motion.

On December 1, 2022, I objected to the Debtors' Amended Motion For Entry Of An Order Approving The Debtors' Key Employee Retention Plan, objection with docket number 1544.

On December 13, 2022, the Court approved the revised KERP.

On April 11, 2023, I objected to the Debtors' Motion For Entry Of An Order (I) Approving The Debtors' Key Employee Incentive Program, objection with docket number 2409 [2]

**ARGUMENT**

I fully reincorporate my objection to the KEIP (https://cases.stretto.com/public/x191/11749/PLEADINGS/1174904122380000000199.pdf) and its arguments against the EIP contained in the Plan.

Furthermore, before any transfer is made to an insider of a debtor, Section 503(c) must be applied. If the individual who will receive the transfer is an insider, and the transfer is being made to induce them to stay with the debtor's business, then the transfer cannot be made unless the factors set

---

[2] I incorporate this Objection to the Debtors' KEIP [ECF Dkt. No. 2409] https://cases.stretto.com/public/x191/11749/PLEADINGS/1174904122380000000199.pdf and expressly reserves my right to supplement, amend, or further object to EIP should the Debtors subsequently amend the Plan.

2

22-10964-mg    Doc 3542    Filed 09/22/23    Entered 09/22/23 16:44:37    Main Document
Pg 3 of 6

forth in Sections 503(c)(1)(A) and (B) are met, and one of the mathematical formulas set forth in (C)(i) or (C)(ii) is satisfied. The KEIP's retentive purpose is obvious from the easily achievable benchmarks the KEIP Participants must reach to trigger the KEIP's bonuses.

Additionally, not only must bonus plans comply with Section 503(c), but as administrative expenses they must also be "actual, necessary costs and expenses of preserving the estate," as required by Section 503(b). 11 U.S.C. § 503(b); In re Unidigital, Inc., 262 B.R. 283, 288 (Bankr. D. Del. 2001) (administrative expenses may not be allowed unless they are actual and necessary to preserve the estate); In re Regensteiner Printing Co., 122 B.R. 323 (N.D. Ill. 1990) (reversing approval of severance agreements for key employees, because debtors presented no evidence that severance payments were necessary to preserve bankruptcy estate).

Here, Debtors do not present evidence that employees doing exactly what it is expected of them is necessary. No information, including historical financial information, regarding the metrics is provided to allow creditors to compare the current targets with past results.

If the Court finds that Section 503(c)(1) does not apply, the Court may also consider whether the payments are permissible under section 503(c)(3). Here, the EIP/KEIP/KERP are not justified by the facts and circumstances of the case. Assuming the Court confirms the Debtors plan, and they emerge from bankruptcy into a NewCo, compensation above base salary should be reviewed by the Debtors' post-confirmation Board.

I 100% think that no EIP is deserved, but we can look at the proposed metrics and their absurdity if the Court were to approve it. The targets set in Article IV.J.2 are within the scope and scale of their existing contractual obligations. Let's not forget that these leadership, now proposed for an award, were behind a company that defrauded it customers. Recently, one of the former executives, pleaded guilty to 4 charges (18:371.F Conspiracy To Commit Price Manipulation(4), 15:78j.F Manipulative And Deceptive Devices (Securities Fraud)(5), 15:78i.F Manipulation Of

Security Prices, And 18:1343.F Fraud By Wire, Radio, Or Television(7)) in relation to his conduct at Celsius.

Other hot topic is the CEL valuation. Regarding CEL, one employee for example described one instance of Celsius buying CEL this way "It's like the FBI. The job we do is not to be noticed". Why employees and insiders that enabled all are to be rewarded?

Anyway, lets look at the proposed metrics. For example, what is the bare minimum you need to do if you run a mining enterprise? Energize your assets. And the EIP propose that we pay a bonus for mining executives for just energizing their assets. It makes no sense to set the bar so low. Insiders are paid healthy salaries and have a fiduciary duty to do precisely what Debtors wish to "incentivize" them to do. Accordingly, there is no legal or factual basis upon which the relief requested can be granted.

For example, one of Christopher Ferraro's proposed metrics is "(b) target performance requires that sufficient Liquid Cryptocurrency is available for substantially all Holders of Allowed Claims to withdraw their initial distribution between thirty-one and sixty days after the Effective Date." This is just not defrauding customers again. Rewarding a CEO for not losing cryptocurrency already held is quite a low bar. The same for Oren Blonstein, Trunshedda Ramos, Guillermo Bodnar, Adrian Alisie, and Ron Deutsch. How can you receive a bonus just for having the coins you need to return to your customers?

Another proposed bonus for Ferraro has a threshold performance that requires confirmation between November 1 and December 31. A CEO getting his company out of bankruptcy is just doing his job, and the facts and circumstances of this case do not make that dates something extraordinary with so many people suffering for so long.

Another metric is that "target performance requires that Holders of Allowed Claims may begin providing AML/KYC Compliance Information and the Debtors, Post-Effective Date Debtors, Plan

4

Administrator, or any Litigation Administrator (as applicable) have provided appropriate data to the Distribution Agent with respect to wallet setup by the Effective Date; and (…)". Why are EIP awards being offered . Of course employees and insiders should be working to get their company out of bankruptcy, that not something out of the extraordinary as to require a bonus.

Now we can take a look at the mining EIP (proposed for Jenny Fan, Dave Albert, and Quinn Lawlor). For example, "East Stiles Site Metric (25% of EIP Award):

(a) target performance requires that the East Stiles site is completed and operational by September 30, 2023; and (b) threshold performance requires that the East Stiles site is completed and operational between October 1, 2023 and November 30, 2023.".

This metric has no numerical targets, and is open ended and easily abused.

Another metric is as follows: "Mining Rig Metric (25% of EIP Award):3

(a) target performance requires that the Debtors, Post-Effective Date Debtors, or NewCo, as applicable, have 85,000 mining rigs hashing, or energized but not hashing due to market conditions, by August 31, 2023 and 95,000 mining rigs hashing, or energized but not hashing due to market conditions, by September 30, 2023; and (b) threshold performance requires that the Debtors, Post-Effective Date Debtors, or NewCo, as applicable, have 85,000 mining rigs hashing, or energized but not hashing due to market conditions, by August 31, 2023".

These metric targets are extremely low and provides overtly easy conditions to make that provide no value to creditors. It is also an easily abused condition. A fairer metric would be the requirement to require an average monthly hashing % of over 90% to be inline with competitors.

5

Another important topic to which I am objecting is to the the Exculpation Provision, because it is overly broad and beyond the scope of 11 U.S.C. § 1125(e).

We, Creditors, have not been given the opportunity to opt out of the Exculpation Provision. The exculpation provision should be limited to claims against the exculpated parties based on the negotiation, execution, and implementation of agreements and transactions that were approved by the Court. This is consistent with the practice of courts in the district bar, as well as with 11 U.S.C. § 1125. I therefore object to both the Third-party releases and the exculpation provisions.

### Reservation of rights

Víctor Ubierna de las Heras reserves the right to supplement and/or amend this Objection at or prior to the Hearing, or any other relevant hearing and to join in arguments made by any other party prior to or at the Hearing or any other relevant hearing and to adopt such arguments as my own.

### CONCLUSION

WHEREFORE, Víctor Ubierna de las Heras respectfully requests that the Debtors' request to confirm the Plan be denied or both the EIP and the exculpation/releases provision be stricken from it..

Madrid, Spain

22nd of September, 2023          Respectfully submitted,

Víctor Ubierna de las Heras

By: /s/ *Víctor Ubierna de las Heras*
Víctor Ubierna de las Heras
*Pro se* creditor
+34 699760721
victorub@protonmail.com