Case Number: 22-10964MG

United States Bankruptcy Court Southern District of New York

Re: Celsius Chapter 11 Case No. [22-10964 (MG)]

Joinder to Objection to Confirmation of Plan /Limited Objection to Debtors' Plan filed by Johan Bronge.
(Suarez, Aurea)

To Judge Martin Glenn:

I, Benjamin Dame, a party involved in the above-mentioned Chapter 11 case, hereby submit this joinder in support of the motion filed by Johan Bronge, seeking the court's permission to fulfill Loan Agreements with Celsius and repay outstanding loans, as well as requesting the return of collateral.

Supporting Arguments:

I fully endorse the points raised in Mr. Bronge's motion, particularly those pertaining to the equitable treatment of all collateralized loans and the need for retail borrowers to be allowed to fulfill their loan agreements. I wish to emphasize the following:

Uniform Treatment of Collateralized Loans: All borrowers, whether institutional or retail, have pledged collateral to secure their loans. In my case, across 2 different unique loans, I pledged **_four_** times the total of each loan in BTC collateral, constituting a 25% Loan-To-Value (LTV) pledge against the US dollar assets that I received. The collateral, irrespective of a borrower's category, serves as a guarantee for loan repayment. It is imperative that the court ensures equal treatment for all creditors by permitting the fulfillment of Loan Agreements and the return of collateral as stipulated.

Equitable Treatment of Retail Borrowers: The absence of a mechanism allowing retail borrowers to fulfill their loan agreements and regain ownership of their collateral results in disparate treatment. This inconsistency contradicts the fundamental principles of Chapter 11 bankruptcy law, which emphasize fairness and equal treatment of similarly situated creditors. Retail borrowers should be granted the same opportunity as institutional borrowers to repay their loans and reclaim their collateral. This should include me, whether I chose to have used an institutional entity to create my loans, or myself as an individual, which is what I chose to do instead.

Consistency in Collateral Ownership Status: The evolving interpretation of collateral ownership, as highlighted by Mr. Bronge, underscores the need for clarity and consistency. Uniform treatment of collateralized loans will address contradictions that have arisen due to changing rulings. This consistency ensures that borrowers' property rights are respected, regardless of the type of loan they hold, and that hundreds of years of legal precedent for property, loans, and collateral is both preserved and reinforced.

In addition to the above, I also support Mr. Bronge's objection with regards to the valuation of collateral. The proposal by the Debtors to utilize a combination of petition prices and market prices when valuing Collateral, along with their approach to set off and distribution, presents a significant concern. This approach may result in an unjustifiable loss of actual BTC beyond the general 'haircut' that all unsecured claimants are subjected to. This lack of fairness is especially pronounced when one considers that the Collateral has not accrued interest like other account assets. To rectify this issue and ensure an equitable reduction of actual BTC for all unsecured creditors, I respectfully request that the valuation of Collateral be based solely on market prices, with the same market price consistently applied for all conversions between USD and BTC. Alternatively, the option of utilizing petition prices for all conversions may also be considered.

Conclusion:

I urge the court to consider the arguments put forth in Mr. Bronge's motion and to grant the requested relief. Uniform treatment of collateralized loans is essential to upholding the principles of fairness, property rights, and equitable distribution of assets. Retail borrowers in general, and myself specifically, should not be disadvantaged due to the borrower category that each institution and individual was sub-classified in to arbitrarily. Your consideration of this joinder is greatly appreciated.

Sincerely,

Benjamin Dame

Celsius Pro Se Creditor

Celsius Account Holder [Borrow / Earn]

September 22, 2023