Michael S. Etkin
Phillip Khezri
**LOWENSTEIN SANDLER LLP**
1251 Avenue of the Americas
17th Floor
New York, New York 10020
Telephone: (212) 262-6700
Facsimile:  (212) 262-7402
metkin@lowenstein.com
pkhezri@lowenstein.com

Andrew Behlmann
**LOWENSTEIN SANDLER LLP**
One Lowenstein Drive
Roseland, New Jersey 07068
Telephone: (973) 597-2500
Facsimile:  (973) 597-2333
abehlmann@lowenstein.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
                                                                :
In re                                                           :    Chapter 11
                                                                :
CELSIUS NETWORK LLC, et al.,[1]                                 :    Case No. 22-10964 (MG)
                                                                :
          Debtors.                                              :    (Jointly Administered)
                                                                :
----------------------------------------------------------------x

### SECURITIES PLAINTIFFS' LIMITED OBJECTION TO CONFIRMATION OF THE JOINT CHAPTER 11 PLAN OF REORGANIZATION OF CELSIUS NETWORK LLC AND ITS DEBTOR AFFILIATES

Lead Plaintiffs Zack Kaplan, Ben Kaplan, Michael Kaplan, Eli Kaplan, and Michael Mazzotta (collectively, "Lead Plaintiffs"), the court-appointed lead plaintiffs in the federal securities class action captioned as *Goines v. Celsius Network, LLC, et al.*, Case No. 2:22-cv-04560-KM-ESK (the "Securities Litigation"), filed in the United States District Court for the District of New Jersey (the "New Jersey District Court"), together with along with named plaintiffs Taylor Goines, Matthew Coffey, and Jonathan Holt (collectively with Lead Plaintiffs, "Securities Plaintiffs"), for themselves and the putative class they seek to represent in the Securities Litigation

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

(the "Class"), hereby submit this limited objection (the "Limited Objection") to confirmation of the *Revised Joint Chapter 11 Plan of Reorganization Of Celsius Network LLC and Its Debtor Affiliates* [Docket No. 3319] (the "Plan"). As and for this Limited Objection, Securities Plaintiffs respectfully state as follows:

## BACKGROUND

1. The Securities Litigation is a federal securities class action filed on July 13, 2022. By order dated April 14, 2023 [Sec. Litig. Doc. No. 41], the New Jersey District Court appointed Lead Plaintiffs as lead plaintiffs and Scott+Scott Attorneys at Law LLP and Radice Law Firm as Lead and Liaison Counsel, respectively, in the Securities Litigation.

2. The amended complaint filed in the Securities Litigation (the "Securities Complaint")[2] on June 19, 2023 [Sec. Litig. Doc. No. 46] asserts claims against a number of non-Debtor defendants (the "Non-Debtor Defendants") on behalf of the Class, comprised of all persons, other than the Defendants, who purchased Celsius financial products by way of a Celsius Earn Rewards Account, CEL tokens and/or Celsius loans (collectively referred to as the "Celsius Financial Products") from February 9, 2018 to July 13, 2022.

3. The Securities Complaint asserts claims against certain of the Debtors' current and former directors and officers, as well as three non-Debtor entities (collectively, the "Non-Debtor Defendants") under the Securities Act of 1933, the Securities Exchange Act of 1934, and common law, on behalf of Lead Plaintiffs and all other persons or entities, other than the Non-Debtor Defendants, who purchased Celsius financial products by way of a Celsius Earn Rewards Account, CEL Tokens (as defined in the Plan) and/or Celsius loans (collectively referred to as the "Celsius

---

[2] References to the Securities Complaint and the allegations therein are for informational purposes only, are qualified in their entirety by the Securities Complaint itself, and do not constitute an admission or stipulation with respect to any factual allegations in the Securities Litigation.

Financial Products") from February 9, 2018 to July 13, 2022 (the "Class Period") and were damaged thereby.

4. The Non-Debtor Defendants named in the Securities Complaint are:

   a. Alexander Mashinsky,
   b. Shlomi "Daniel" Leon,
   c. Hanoch Goldstein,
   d. Harumi Urata-Thompson,
   e. Jeremie Beaudry,
   f. Kristine Mashinsky,
   g. Am Ventures Holding, Inc.,
   h. Koala1 LLC, and
   i. Wintermute Trading Ltd.

5. Among other things, the Securities Complaint alleges that the Non-Debtor Defendants made a series of misleading statements that induced unsuspecting investors to purchase the Celsius Financial Products at inflated rates and that the Non-Debtor Defendants engaged in, and financially benefitted from, a multifaceted scheme to commit acts of malfeasance such that they should be held personally liable.

6. On August 15, 2023, the Debtors filed the most recent version of the Plan. A hearing on confirmation of the Plan is presently scheduled for October 2, 2023.

## LIMITED OBJECTION

**The Plan should expressly preserve the claims of Lead Plaintiffs and the Class against the Debtors to the extent of available insurance.**

7. Securities Plaintiffs timely filed proofs of claim on behalf of themselves and the Class against the Debtors. The claims of Securities Plaintiffs and the Class against the Debtors

appear to be subject to subordination pursuant to section 510(b) of the Bankruptcy Code and not entitled to any distribution under the Plan. *See* Plan, Art. I.A.166, 226, III.B.16.

8. However, the Debtors' existing insurance policies are left intact by the Plan and deemed assumed to the extent they are executory contracts. *See* Plan, Art. V.F. The Debtors' D&O insurance policies likely provide "Side C" entity-level coverage that would be available after payment of all claims by individual insureds.

9. Residual coverage under Side C typically exists *exclusively* for payment of securities claims. Side C coverage does not respond to direct or derivative claims against individual insureds. Thus, the only parties that stand to benefit from a failure to preserve the claims of the Class against the Debtors to the extent of available insurance are the insurers themselves. To avoid providing the relevant insurers a windfall at the expense of the Class, the claims of the Class against the Debtors should be preserved to the extent of available insurance coverage, if any.

## RESERVATION OF RIGHTS

57. Neither the filing of this Limited Objection nor anything contained herein are intended to limit, prejudice, or otherwise impact any rights of Securities Plaintiffs or any member of the Class in connection with confirmation of the Plan (or any other plan). Securities Plaintiffs, on behalf of themselves and the Class, hereby reserves all such rights, including but not limited to the rights to (a) object on any and all grounds to confirmation of the Plan, (b) opt out of the Third-Party Release and take any other action permitted or required under the Bankruptcy Code and other applicable law, on behalf of themselves and the Class, and (c) seek, on behalf of itself and the Class, any other relief in connection with the foregoing.

58. For the avoidance of doubt, this Objection does not, shall not, and shall not be deemed to:

a. constitute a submission by Securities Plaintiffs, either individually or for the Class or any member thereof, to the jurisdiction of the Bankruptcy Court;

b. constitute consent by Securities Plaintiffs, either individually or for the Class or any member thereof, to entry by the Bankruptcy Court of any final order in any non-core proceeding, which consent is hereby withheld unless, and solely to the extent, expressly granted in the future with respect to a specific matter;

c. waive any substantive or procedural rights of Securities Plaintiffs or the Class or any member thereof, including but not limited to (i) the right to challenge the constitutional authority of the Bankruptcy Court to enter a final order or judgment on any matter, (ii) the right to have final orders in non-core matters entered only after de novo review by a District Court judge, (iii) the right to trial by jury in any proceedings so triable herein, in the Debtors' chapter 11 cases, including all adversary proceedings and other related cases and proceedings (collectively, "Related Proceedings"), in the Securities Litigation, or in any other case, controversy, or proceeding related to or arising from the Debtors, their chapter 11 cases, any Related Proceedings, or the Securities Litigation, (iv) the right to have the reference withdrawn by a United States District Court in any matter subject to mandatory or discretionary withdrawal, or (v) all other rights, claims, actions, arguments, counterarguments, defenses, setoffs, or recoupments to which Securities Plaintiffs or the Class or any member thereof are or may be entitled under agreements, at law, in equity, or otherwise, all of which rights, claims, actions, arguments, counterarguments, defenses, setoffs, and recoupments are expressly reserved.

59. For the avoidance of doubt, Securities Plaintiffs, on behalf of themselves and the Class and the members thereof, do not consent, and expressly object, to this Court's entry of any final order or judgment that this Court lacks jurisdiction or statutory and/or constitutional adjudicatory authority to enter without the affirmative and knowing consent of all parties affected thereby, and reserves all rights to object to confirmation of the Plan, or any other plan proposed in the Chapter 11 Cases, on any basis, including but not limited to the fact that the Court lacks constitutional adjudicatory authority pursuant to *Stern v. Marshall*, 564 U.S. 462 (2011), and its progeny to approve a release of the claims of Securities Plaintiffs and the putative Class against the Non-Debtor Defendants.

## **CONCLUSION**

For all of the foregoing reasons, the Plan should not be confirmed unless the issues raised in this Objection are addressed through appropriate modifications of the Plan.

[ *signature page follows* ]

**WHEREFORE**, Securities Plaintiffs respectfully submit that the Plan should not be confirmed unless the issues addressed in this Objection are appropriately addressed as set forth herein.

Dated: September 22, 2023

                        Respectfully submitted,

                        */s/ Michael S. Etkin*
                        Michael S. Etkin
                        Phillip Khezri
                        **LOWENSTEIN SANDLER LLP**
                        1251 Avenue of the Americas, 17th Floor
                        New York, New York 10020
                        Telephone:    (212) 262-6700
                        Email:    metkin@lowenstein.com
                        Email:    pkhezri@lowenstein.com

                        -and-

                        Andrew Behlmann
                        **LOWENSTEIN SANDLER LLP**
                        One Lowenstein Drive
                        Roseland, New Jersey 07068
                        Telephone:    (973) 597-2500
                        Facsimile:    (973) 597-2333
                        Email:    abehlmann@lowenstein.com

                        *Bankruptcy Counsel to the*
                        *Securities Plaintiffs and the Class*