RICHARD PHILLIPS (*In pro per*)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re:* <br><br> CELSIUS NETWORK LLC, *et al.*[1] <br><br> Debtor. | **Case No. 22-10964 (MG)** <br><br> **Chapter 11** <br> **(Jointly Administered)** |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS**
**OF RICK PHILLIPS TO DEBTORS' CHAPTER 11 PLAN**

Richard Phillips ("**Rick**") files this limited objection and reservation of rights with respect to confirmation of the *Revised Joint Chapter 11 Plan Of Reorganization Of Celsius Network LLC And Its Debtor Affiliates* [Docket No. 3319] (the "**Plan**") on the grounds that the law firm White & Case LLP ("**W&C**"), the investment bank Perella Weinberg Partners (Perella) duly employed to represent the official committee of unsecured creditors (the "**UCC**") of Celius Network LLC and its Debtor affiliates (collectively, the "**Debtors**") in formulating the Plan, and filing the *Third Notice of Plan Supplement* ("**Supplement**") [Docket No. 3444], with intent, misadvised the UCC by advocating for the appointment of members of the "NewCo" board of directors—over the appointment of objectively more qualified individuals, who are creditors of the Estate—out of self-interest. For the convenience of the Court, attached as Exhibit "A" and incorporated by reference herein, is a comprehensive letter that this limited objector wrote today

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

to the United States Trustee describing these serious defalcations much more detail. As the Plan currently provides for W&C's and Perella's exculpation, potential litigation initiated against W&C and/or Perella for breach of fiduciary duty and malpractice would be fruitless, thus the Plan cannot be confirmed in its current state unless such a clause is removed.

## Background

1. Among other things, throughout Plan formulation process, W&C has advocated for the UCC's appointment of certain individuals, so-called "independent" persons, who would serve on the NewCo board of directors post-confirmation. These individuals, such as Emmanuel Aidoo ("**Aidoo**"), an investment banking representative, currently employed by Perella on the Celsius matter, represent the favored candidates of Perella and W&C, and have now prevailed as members of board of directors under the terms of the Plan. Aidoo, for example, has five (5) outstanding judgment tax liens recorded against him since the year 2020, totaling over $100,000, as reported on his FINRA report. Apparently, this must not have come to the attention of the UCC despite their having performed a comprehensive background check on all NewCo Board director candidates per Exhibit B of the Supplement.

2. Throughout its extensive vetting process, the UCC also considered candidates, including among others, creditors of the Estate, for roles on NewCo's board of directors. These individuals were not selected by the UCC for the post-confirmation board of directors.

## Objection

3. The UCC's proposed Plan abandoned its duties to creditors of the Estate by advocating for the appointment, and eventual service, of certain individual advisers that would be loyal to the current professional advisers of the UCC, not the current creditors of the estate. While those advisers may be qualified to represent the interests of NewCo. in the future, as stated

on the record, W&C, in advising the UCC, caused the UCC to overlook individuals who would best represent the Debtors' Estate and its creditors, namely, unsecured creditors with a vested interest in advocating for creditors as a whole.

4.     The so-called "independent" directors that W&C has advocated for in advising the UCC, such as Aidoo, have supposedly been thoroughly vetted and approved despite their glaringly obvious flaws.  Aidoo, who has significant judgments by tax agencies, totaling over $100,000, is one of those individuals who seems to be a perplexing choice.  For that reason, it appears that W&C's intent in advising the UCC was to better position those advisers/interested "independent" candidates, as doing so is in the best interest of these individuals and the professionals, whereas the appointment of four qualified unsecured creditors to the board would likely be against their interest, but would benefit the Estate and its creditors, which is consistent with the UCC's duties.

5.     The Plan cannot be confirmed in its current form as it provides for the exculpation of W&C as counsel and Perella as financial adviser to the UCC.  W&C and Perella have likely committed provable malpractice by failing to advise the UCC to adhere to its duties to creditors and the Estate at all costs.  The UCC, had it fulfilled its duties, would not have appointed 'independent' individuals to the board of directors of NewCo., when there were equally well-qualified (if not more qualified)) individual unsecured creditors with a vested interest in taking actions that would be of greater benefit to the Estate as a whole and its unsecured creditors.

6.     The lack of sound reasoning as to how the abject qualities of certain appointed 'independent' board members, such as Aidoo, better serve creditors of the Estate, rather than the obvious choice of unsecured creditors of the Estate, underscores W&C and Perella's failure to advise the UCC to carry out its duties owed to creditors of the Estate.

7. Accordingly, I, Richard Phillips, in *pro per*, reserve my rights to object to the Plan on the grounds that the provision for W&C and Perella's exculpation be stricken and removed, in order to permit interested parties, including the post Effective Date Litigation Trust, to initiate litigation against the both W&C and Perella in separate proceedings.

Dated: Los Angeles, California
September 22, 2023

/s/ Richard Phillips
RICHARD PHILLIPS
Creditor

# EXHIBIT A

From: **Rick Phillips** <rrphillips1@gmail.com>
Date: Fri, Sep 22, 2023 at 12:25 AM
Subject: Exculpation Carve-Out for Celsius UCC & It's Advisers
To: Cornell, Shara (USTP) <shara.cornell@usdoj.gov>
CC: Bruh, Mark (USTP) <Mark.Bruh@usdoj.gov>

Shara and Mark,
As a follow-on to my conversation with Mark. I did address the issue of a carve out for K&E on the Voyager matter with Greg Pesce of W&C and believe that will be incorporated into the Plan.

However, I believe there are potentially serious breaches of fiduciary duties by the UCC and its legal and financial advisers, White & Case and Perella Weinberg Partners. Claims against the UCC itself would not add anything to the estate for the benefit of creditors. However, claims and potential damages against either W&C or Perella would indeed be beneficial to the estate and creditors. Thus, they should also be carved from the exculpation provision of the Plan for potential pursuit and prosecution by the Litigation Trust on behalf of creditors.

These claims arise in part because the UCC is composed of relatively unsophisticated investors as compared to most UCCs due to the unique nature of the Celsius bankruptcy which ensnared literally hundreds of thousands of retail investors.

Specifically, the UCC was misguided by its advisers with respect to its fiduciary duties in selecting the NewCo Board. It was confused between owing a fiduciary duty to the future equityholders of NewCo and its fiduciary duties to creditors. Simon Dixon essentially stated this during a Twitter space on 9/21. It is also alluded to this in the Plan Supplement that was filed at ECF 3444 Exhibit B, where it states that the UCC "determined that its six-candidate slate should be composed of four independent directors and two prepetition creditors of the Debtors." This is nonsensical.

2

Virtually all the prepetition creditors of the Debtor, including NewCo Board nominees Messrs. Duffy and Difiore, are independent directors of NewCo for the purposes of determining independence of a public company Board. None of the nominees have been employees or vendors, with one notable exception, Emmanuel Aidoo.

Emmanuel Aidoo is currently an employee of the financial advisor to the UCC, Perella Weinberg Partners. Perella is slated to receive a Success Fee in excess of $5 million upon completion of the Restructuring Transaction plus its monthly retainer fees and expenses. Whether or not he would actually qualify as an independent director due to his compensation through his annual bonus being tied to the Celsius transaction is certainly unclear. In addition, his FINRA Broker Check record shows multiple tax judgements and liens, hardly the background one would expect for a Director of a Public Company trying to gain market support and confidence. Why would W&C and Perella advise the UCC that appointing Aidoo was in keeping with their fiduciary duties to creditors? How does the UCC's appointment of Aidoo actually comport with its fiduciary duties to creditors? It does not and can not. It could only be for the advisers' self-interests, which is not in keeping with their fiduciary duties to their unsophisticated UCC client. It is virtually unprecedented for a member of the UCC's financial advisory team to be appointed to the post-emergence company's Board. If Aidoo's advice and services were needed post-emergence, the NewCo Board could simply hire Perella and Aidoo to provide that.

More to the point, the UCC under the terms of the Fahrenheit Plan Sponsor Agreement as amended was permitted to make four unilateral appointments to the NewCo Board and an additional two seats with the approval of Fahrenheit, "which shall not be unreasonably withheld."

It's important to note that number of unilateral Board seats that the UCC is entitled to appoint was won through hard fought negotiations. Originally, under the Stalking Horse Bid, the UCC was entitled to only two unilateral appointments of a seven person Board. Though the auction process, this was expanded to three unilateral seats, as part of Fahrenheit's topping bid during one of the rounds. When the Board was expanded from seven to nine, the UCC was allowed to appoint four unilaterally and two with the consent of Fahrenheit. Thus, the unilateral appointment of directors by the UCC was an important right that in keeping with the UCC's fiduciary duties to creditors should have been exercised to the fullest benefit of creditors by appointing directors qualified to serve on a NASDAQ public company board who were loyal to creditors and their interests. Messrs. Duffy and Difiore have demonstrated their loyalty to creditor interests by serving as co-chairs of the UCC. Why weren't others qualified Board members who were dedicated to creditors' interests appointed to at least the other two unilateral seats if not all four of the remaining UCC Board seats? The UCC advisers had fiduciary duties to advise the UCC of such. How does appointing "four independent directors" serve the interests of creditors, which it is the UCC's fiduciary duty to serve? The UCC only knows its fiduciary duties based on the advice of its professional advisers, and thus the professional advisers should be held accountable for any breach of the UCC's fiduciary duties.

In keeping with their fiduciary duties to creditors, which are their fiduciary duties today, they should have appointed the four directors who represented and were loyal to creditors, not independent professional directors who have no loyalty to creditors. All nine members of the NewCo Board will have fiduciary responsibilities to the future shareholders of NewCo regardless of whether they were originally appointed by Fahrenheit or the UCC. Thus, it's clear that  in appointing NewCo's directors the UCC failed to carry out its fiduciary duties to creditors, its current responsibility, based upon the advice of its legal and financial advisers.

The appointment of Aidoo is clearly not in the interests of either creditors' or NewCo's fiduciary interests. This is a clear case of the advisers favoring one of their own in an almost unprecedented appointment of a investment banking restructuring adviser, who is not investing capital into a transaction, being appointed to a post-emergence company board. He has no prior public company Board experience per his published biography.

It is important to note that the NewCo Board meets the NASDAQ diversity requirements without Aidoo, as Fahrenheit appointee Asher Genoot qualifies as mixed race and UCC appointee Elizabeth LaPuma is a woman.

It is not clear that the UCC advisers advised the UCC of Genoot's mixed race background. When the Board was expanded from seven to nine, the UCC was aware that Fahrenheit would be appointing Genoot to the Board. Both Fahrenheit and the UCC were keenly aware that it was desirable for the Board to meet the NASDAQ diversity requirement, but that it did not have to.

I ask the US Trustee to petition the Court to provide a carve out for these breach of fiduciary responsibility claims against the UCC and its legal and financial advisors, so that the Plan may proceed to confirmation and the claims can be preserved on behalf of the creditors post confirmation. Please feel free to contact me for further information.

Respectfully,
RIck Phillips