Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

## DECLARATION OF
## BRIAN KARPUK REGARDING THE SOLICITATION
## AND TABULATION OF VOTES ON THE JOINT CHAPTER 11 PLAN OF
## REORGANIZATION OF CELSIUS NETWORK LLC AND ITS DEBTOR AFFILIATES

I, Brian Karpuk, pursuant to 28 U.S.C. § 1746, hereby declare under the penalty of perjury as follows:

1.    I am a Managing Director at Stretto, Inc. ("Stretto"), which has offices located at 410 Exchange, Suite 100, Irvine, California 92602.  I am over the age of eighteen years.  I do not have a direct interest in the chapter 11 cases and should be considered an impartial party.  I am duly authorized to submit this declaration (this "Declaration") on behalf of Stretto.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

2.      On September 16, 2022, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered the *Order Authorizing the Retention and Employment of Stretto, Inc. As Administrative Advisor to the Debtors and Debtors in Possession Effective As of July 13, 2022* [Docket No. 841] (the "Stretto Retention Order").  The Stretto Retention Order authorizes Stretto to assist the above-captioned debtors and debtors in possession (collectively, the "Debtors") with, among other things, the service of solicitation materials and tabulation of votes cast to accept or reject the Plan, distributing required notices to parties in interest, and receiving, maintaining, docketing, and otherwise administering the proofs of claim filed in the Debtors' chapter 11 cases.

3.      I submit this Declaration with respect to the solicitation of votes and the tabulation of Ballots cast on the *Joint Chapter 11 Plan of Reorganization of Celsius Network LLC and Its Debtor Affiliates* [Docket No. 3319], dated August 15, 2023 (as may be amended, supplemented, or modified from time to time, the "Plan").[2]  Except as otherwise noted, all facts set forth herein are based on my personal knowledge, knowledge that I acquired from individuals under my supervision, and my review of relevant documents.  If I were called to testify, I could and would testify competently as to the facts set forth herein.

## Background

4.      On August 17, 2023, the Court entered the *Order (I) Approving the Adequacy of the Debtors' Disclosure Statement, (II) Approving the Solicitation and Voting Procedures with Respect to the Confirmation of the Debtors' Joint Plan of Reorganization, (III) Approving the Form of Ballots and Notices in Connection Therewith, (IV) Scheduling Certain Dates with Respect*

---

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan or the *Disclosure Statement for the Joint Chapter 11 Plan of Reorganization of Celsius Network LLC and Its Debtor Affiliates* [Docket No 3332] (as may be amended, supplemented, or modified from time to time, the "Disclosure Statement").

*Thereto, (V) Authorizing and Approving Reimbursement of Certain of the Plan Sponsor's Fees and Expenses, and (VI) Granting Related Relief* [Docket No. 3337] (the "Disclosure Statement Order") establishing, among other things, procedures to solicit votes from and tabulate Ballots submitted by Holders entitled to vote on the Plan (the "Solicitation and Voting Procedures"). Stretto adhered to the Solicitation and Voting Procedures outlined in the Disclosure Statement Order and the Ballots, which were distributed to parties entitled to vote on the Plan. I supervised the solicitation and tabulation performed by Stretto's employees.

5.        Pursuant to the Disclosure Statement Order, and in accordance with the Solicitation and Voting Procedures and the tabulation rules set forth therein, Stretto worked with the Debtors to solicit votes for the Plan and tabulate Ballots of Holders of Claims and Interests entitled to vote on the Plan. The Plan designates the following Claims as Impaired and receiving a distribution under the Plan, which entitled the Holders of such Claims and Interests to vote on the Plan:   Class 2 (Retail Borrower Deposit Claims); Class 4 (Convenience Claims); Class 5 (General Earn Claims); Class 6A (General Custody Claims); Class 7 (Withhold Claims); Class 8 (Unsecured Loan Claims); Class 9 (General Unsecured Claims); Class 10 (State Regulatory Claims); and Class 14 (Series B Preferred Interests) (collectively, the "Voting Classes"). The Disclosure Statement Order established July 24, 2023, as the Voting Record Date for determining which Holders of Claims or Interests were entitled to receive Solicitation Packages and, where applicable, vote on the Plan.

6.        Pursuant to and in accordance with the Disclosure Statement Order, Stretto served the Solicitation Packages (including the Ballots) on Holders of Claims and Interests entitled to vote on the Plan by August 25, 2023. A certificate of service evidencing Stretto's service of the foregoing was filed with the Court on September 20, 2023 [Docket No. 3514]. Subsequent Solicitation Packages were periodically served on Holders of Claims and Interests entitled to vote

on the Plan on account of (a) forwarding instructions included on Solicitation Packages returned as undeliverable and (b) the request of interested parties.[3]

7.    In addition to serving the Solicitation Packages on all Voting Classes, Stretto timely served:  (a) a notice of opportunity to opt out of the Third-Party Release on all Holders of Claims in Class 1 (Other Secured Claims), Class 3 (Other Priority Claims), and Class 6B (Withdrawable Custody Claims) as well as Holders of Unclassified Claims and Disputed Claims; (b) a notice of opportunity to opt in to the Third-Party Release to all Holders of Claims in Class 11 (*De Minimis* Claims), Class 15 (Other Interests), Class 16 (Section 510(b) Claims), and Class 17 (Equitably Subordinated Claims); and (c) the Confirmation Hearing Notice on parties in interest (collectively, the "Non-Voting Packages").  This service is evidenced by the certificate of service filed with the Court [Docket No. 3514].[4]

8.    Furthermore, free copies of the Disclosure Statement, the Plan, and all other documents filed in these cases are available on the internet at https://cases.stretto.com/celsius/.

9.    The Disclosure Statement Order established September 22, 2023, at 4:00 p.m. (prevailing Eastern Time) as the deadline by which all Ballots were required to have been received by Stretto to be counted as a valid vote to accept or reject the Plan (the "Voting Deadline").

10.    Stretto received and tabulated the Ballots as follows:

    a.  With respect to Ballots submitted through the online portal:

        i.  Encrypted ballot data, date-stamp, and audit trail were created upon submittal.

---

[3]    Additional service of Solicitation Packages was provided on an ad hoc basis based on the facts and circumstances of each request.  To the extent any such service was a form of official service, Stretto will file a supplemental certificate of service.

[4]    Additional service of Non-Voting Packages was provided on an ad hoc basis based on the facts and circumstances of each request.  To the extent any such service was a form of official service, Stretto will file a supplemental certificate of service.

b.  With respect to hard copy Ballots:

i.  Each returned Ballot was opened and/or inspected at Stretto's offices; and

ii.  Ballots were date-stamped upon receipt.

c.  All Ballots received were then tabulated in accordance with the Solicitation and Voting Procedures approved by the Disclosure Statement Order.

11.      For a Ballot to be counted as valid, the Ballot was required to have complied with the Solicitation and Voting Procedures, including the requirement that the Ballot be properly completed, executed by the Holder of the Claim or Interest (or such Holder's authorized representative), be submitted by an entity entitled to vote, and received by Stretto on or before the Voting Deadline.  Ballots that did not comply with the Solicitation and Voting Procedures were not counted.[5]  Except as set forth herein or in the attached exhibits, (a) all Ballots that complied with the Solicitation and Voting Procedures were tabulated in accordance with these tabulation rules, which were not modified in any respect except for Ballots which were properly amended prior to the Voting Deadline, (b) there were no defects or irregularities with any of the Ballots, and (c) no votes were changed or modified after they were cast without the express written consent to do so by the Holder of the Claim or Interest (or such Holder's authorized representative) pursuant to the Disclosure Statement Order.

A.      **Vote on Plan**

12.      Stretto examined each valid Ballot submitted by Holders of Claims or Interests in the Voting Classes and each Holder's vote whether to accept or reject the Plan.  Based on this review, the following breakdown of Holders of Claims and Interests in the Voting Classes voted to accept or reject the Plan.

---

[5]      Please see **Exhibit B** and **Exhibit C** attached hereto.

| | | Count | % | Dollars | % |
|---|---|---|---|---|---|
| **Class 2 (Retail Borrower Deposit Claims)** | | | | | |
| | Accept: | 4,215 | 98.83% | $220,581,222.65 | 96.33% |
| | Reject: | 50 | 1.17% | $8,410,803.02 | 3.67% |
| **Class 4 (Convenience Claims)** | | | | | |
| | Accept: | 38,248 | 98.25% | $59,269,958.86 | 98.69% |
| | Reject: | 681 | 1.75% | $784,185.09 | 1.31% |
| **Class 5 (General Earn Claims)** | | | | | |
| | Accept: | 38,734 | 99.35% | $2,418,402,994.19 | 99.28% |
| | Reject: | 254 | 0.65% | $17,495,733.72 | 0.72% |
| **Class 6A (General Custody Claims)** | | | | | |
| | Accept: | 2,896 | 99.50% | $87,378,989.97 | 98.78% |
| | Deemed to Accept: | 2,973 | | $52,451,991.14 | |
| | Reject: | 29 | 0.50% | $1,722,936.80 | 1.22% |
| **Class 7 (Withhold Claims)** | | | | | |
| | Accept: | 654 | 98.79% | $5,386,520.24 | 82.56% |
| | Reject: | 8 | 1.21% | $1,138,215.57 | 17.44% |
| **Class 8 (Unsecured Loan Claims)** | | | | | |
| | Accept: | 0 | 0.00% | $0.00 | 0.00% |
| | Reject: | 2 | 100.00% | $82,782,261.00 | 100.00% |
| **Class 9 (General Unsecured Claims - Consolidated Debtors)** | | | | | |
| | Accept: | 20 | 74.07% | $6,375,927.86 | 99.56% |
| | Reject: | 7 | 25.93% | $28,436.05 | 0.44% |
| **Class 9 (General Unsecured Claims - Celsius Mining LLC)** | | | | | |
| | Accept: | 1 | 50.00% | $140,000.00 | 2.58% |
| | Reject: | 1 | 50.00% | $5,284,333.82 | 97.42% |
| **Class 9 (General Unsecured Claims - Celsius Network Inc.)** | | | | | |
| | Accept: | 0 | 0.00% | $0.00 | 0.00% |
| | Reject: | 1 | 100.00% | $3,325.00 | 100.00% |
| **Class 10 (State Regulatory Claims)** | | | | | |
| | Accept: | 1 | 100.00% | $29,843,334.00 | 100.00% |
| | Reject: | 0 | 0.00% | $0.00 | 0.00% |
| **Class 14 (Series B Preferred Interests)** | | | | | |
| | | Count | % | Shares | % |
| | Accept: | 7 | 98.34% | 29,585 | 98.34% |
| | Reject: | 1 | 12.50% | 500 | 1.66% |

### B.    Convenience Claim Election[6]

13.    Stretto examined each valid Account Holder Ballot submitted by Holders of Account Holder Claims eligible to opt into the Convenience Claim Election, which consisted of Holders of Class 2 (Retail Borrower Deposit Claims), Class 5 (General Earn Claims), and Class 7 (Withhold Claims) Claims.  Based on this review, 5.85% (5,888) in number, which is equivalent to 2.94% ($126,102,387.56) in dollar amount, of Holders of Account Holder Claims in the Voting Classes eligible to opt into the Convenience Claim Election affirmatively did so.

### C.    Weighted Distribution Election[7]

14.    Stretto examined each valid Account Holder Ballot submitted by Holders of Account Holder Claims eligible to make either the NewCo Common Stock Weighted Distribution Election or the Liquid Cryptocurrency Weighted Distribution Election, which consisted of Holders of a Class 2 (Retail Borrower Deposit Claims), Class 5 (General Earn Claims), and Class 7 (Withhold Claims) Claims.  Based on this review, 4.85% (418) in number, which is equivalent to 4.46% ($15,683,669.91) in dollar amount, of Holders of Class 2 (Retail Borrower Deposit Claims) Claims made the NewCo Common Stock Weighted Distribution Election.  3.97% (3,601) in number, which is equivalent to 4.17% ($163,851,968.75) in dollar amount, of Holders of Class 5 (General Earn Claims) Claims made the NewCo Common Stock Weighted Distribution Election. 4.05% (59) in number, which is equivalent to 1.34% ($153,960.34) in dollar amount, of Holders of Class 7 (Withhold Claims) Claims made the NewCo Common Stock Weighted Distribution Election.

---

[6]    For the avoidance of doubt, all percentages herein are calculated based on the total number of potential Holders in a given Voting Class **not** the number of Holders that voted in that particular Voting Class.

[7]    For the avoidance of doubt, all percentages herein are calculated based on the total number of potential Holders in a given Voting Class **not** the number of Holders that voted in that particular Voting Class.

15.     On the other hand, 26.33% (2,267) in number, which is equivalent to 42.36% ($148,938,980.87) in dollar amount, of Holders of Class 2 (Retail Borrower Deposit Claims) Claims made the Liquid Cryptocurrency Weighted Distribution Election.  17.67% (16,011) in number, which is equivalent to 24.42% ($960,018,704.02) in dollar amount, of Holders of Class 5 (General Earn Claims) Claims made the Liquid Cryptocurrency Weighted Distribution Election. 19.15% (279) in number, which is equivalent to 27.68% ($3,173,615.89) in dollar amount, of Holders of Class 7 (Withhold Claims) Claims made the Liquid Cryptocurrency Weighted Distribution Election.

### D.    Class Claim Settlement Opt-Out[8]

16.     Stretto examined each valid Account Holder Ballot submitted by Holders of Account Holder Claims and each Holder's selection whether to opt out of the Class Claim Settlement, which consisted of all Account Holder Claims other than Custody Claims.

17.     On September 19, 2023, I became aware that certain Holders of Class 4 (Convenience Claims) could not access Item 8 on the Account Holder Ballot, which was the Item on the Account Holder Ballot where Holders of Account Holder Claims who were eligible to make the Class Claim Settlement Opt-Out were to do so if they chose to make the election.  Upon learning of this issue, Stretto immediately opened the ability to opt out of the Class Claim Settlement for Holders in Class 4 (Convenience Claims).  Moreover, on September 25, 2023, Stretto, on behalf of the Debtors, sent an electronic correspondence to all Holders of Claims in

---

[8]    For the avoidance of doubt, all percentages herein are calculated based on the total number of potential Holders in a given Voting Class **not** the number of Holders that voted in that particular Voting Class.

Class 4 informing them that the Debtors extended the deadline for Holders in Class 4 (Convenience Claims) eligible to make the Class Claim Settlement Opt-Out to October 9, 2023.[9]

18.    Based on Stretto's review of the Class Claim Settlement Opt-Out as of the Voting Deadline, 0.42% (1,735) in number, which is equivalent to 1.04% ($48,566,326.54) in dollar amount, of Holders of Account Holder Claims in the eligible Voting Classes made the Class Claim Settlement Opt-Out election.

### E.    Third-Party Release[10]

19.    Stretto examined each valid Ballot submitted by Holders of Claims or Interests in the Voting Classes to determine which Holders affirmatively opted out of the Third-Party Release provided in Article VIII.D of the Plan (the "Third-Party Release Opt-Out").  Stretto also examined each valid opt-in or opt-out from, as applicable, submitted by (a) Holders of Unimpaired, Unclassified, and Disputed Claims or Interests who received the Non-Voting Packages and who were required to opt out of the Third-Party Release, and (b) Holders of Impaired Claims or Interests who received the Non-Voting Packages and who were required to opt into the Third-Party Release (the "Third-Party Release Opt-In").  Based on this review, 0.12% (554) in number, which is equivalent to 2.36% ($110,836,665.39), of Holders of Claims or Interests in the Voting Classes affirmatively selected the Third-Party Release Opt-Out.  Furthermore, 1.78% (9) in number, which is equivalent to 0.09% ($36,871.63) in dollar amount, of Holders of Unimpaired, Unclassified, and Disputed Claims who received the Non-Voting Packages affirmatively selected the Third-Party Release Opt-Out, while 0.26% (567) in number, which is equivalent to 0.31% ($914.70) in dollar

---

[9]    I will file a supplemental declaration on or around October 11, 2023, setting forth the total number of Holders in Class 4 (Convenience Claims) that opted out of the Class Claim Settlement.

[10]    For the avoidance of doubt, all percentages herein are calculated based on the total number of potential Holders in a given Voting Class *not* the number of Holders that voted in that particular Voting Class.

amount, of Holders of Impaired Claims or Interests who received the Non-Voting Packages selected the Third-Party Release Opt-In. For the avoidance of doubt, pursuant to the Solicitation and Voting Procedures, Stretto did not count a Third-Party Release Opt-In made by Holders of Class 17 (Equitably Subordinated Claims) who are also deemed Excluded Parties under the Plan.

20.    Furthermore, 5,160 Holders in Voting Classes that voted to accept the Plan attempted to select the Third-Party Release Opt-Out. I understand that the Plan does not permit Holders of Claims that vote to accept the Plan to select the Third-Party Release Opt-Out. Accordingly, Stretto did not count the Third-Party Release Opt-Outs made by such Holders. I understand that, notwithstanding these Holders' attempts to select the Third-Party Release Opt-Out, because these Holders voted to accept the Plan and their Third-Party Release Opt-Out will not be counted, such Holders are still eligible to participate in the Account Holder Avoidance Action Settlement if they made such election.

21.    Lastly, I have been advised that Local Rule 3018-1(b) requires Holders of Claims or Interests who were eligible to make an election on their Ballot or Notice of Non-Voting Status, and in fact made such an election, to receive notice that such Holder's election was deemed ineffective or otherwise not counted at least seven (7) days prior to the scheduled Confirmation Hearing. Stretto examined each Ballot and notice disseminated in connection with soliciting votes to accept or reject the Plan, and of those Holders eligible to make an election and who indeed made such an election, the only elections that were not counted were those 5,160 Holders in Voting Classes that voted to accept the Plan and attempted to select the Third-Party Release Opt-Out as described above. Accordingly, pursuant to Local Rule 3018-1(b), Stretto will serve a copy of this Voting Report on such Holders on September 25, 2023.

F.    **Contributed Claims**[11]

22.    Stretto examined each valid Ballot submitted by Holders of Claims or Interests in the Voting Classes to determine which Holders elected to contribute their Contributed Claims. Disputed Claim Holders, Account Holders, Unsecured Loan Claim Holders, General Unsecured Claim Holders, and Series B Preferred Interests Holders were entitled to contribute their Contributed Claims. Based on a review of such Holders' Ballots or Opt-Out Notices, 15.09% (61,955) in number, which is equivalent to 51.29% ($2,406,235,958.87) in dollar amount, of Holders of Claims or Interests in the Voting Classes affirmatively contributed their Contributed Claims to the Litigation Administrator.

G.    **Account Holder Avoidance Action Settlement**[12]

23.    Stretto examined each valid Account Holder Ballot submitted by Holders of Account Holder Claims in the Voting Classes to determine which Holders fulfilled the conditions necessary to participate in the Account Holder Avoidance Action Settlement, which consisted of Holders of Class 2 (Retail Borrower Deposit Claim), Class 4 (Convenience Claim), Class 5 (General Earn Claim), Class 6A (General Custody Claim), Class 7 (Withhold Claim), and Class 11 (*De Minimis* Claim) Claims. Based on a review of such Holders' Ballots, 18,065 Holders of Account Claims in the eligible Voting Classes with a total Withdrawal Preference Exposure of $822,260,587.97 fulfilled the conditions required to participate in the Account Holder Avoidance Action settlement. Furthermore, 211 Holders of Account Claims in Class 11 (*De Minimus* Claim) with a total Withdrawal Preference Exposure of $6,117,025.48 selected the Third-Party Release

---

[11]    For the avoidance of doubt, all percentages herein are calculated based on the total number of potential Holders in a given Voting Class ***not*** the number of Holders that voted in that particular Voting Class.

[12]    For the avoidance of doubt, all percentages herein are calculated based on the total number of potential Holders in a given Voting Class ***not*** the number of Holders that voted in that particular Voting Class.

Opt-In, which means such Holders fulfilled the conditions to participate in to participate in the Account Holder Avoidance Action Settlement. [13]

24.    Moreover, 28.07% (391) in number of Account Holders with Withdrawal Preference Exposure greater than $100,000 (with aggregate Withdrawal Preference Exposure of $167,665,571.45), 2.95% (1,877) in number of Account Holders with Withdrawal Preference Exposure less than $100,000 (with aggregate Withdrawal Preference Exposure of $20,158,291.76 and 1.9% (5,909)) in number of Account Holders with no Withdrawal Preference Exposure opted to receive additional correspondence from the Debtors regarding interest in setting off a portion of their applicable Account Holder Claims in lieu of providing the Debtors with a Cash, Bitcoin, or ETH payment equal to 27.5 percent of such Account Holder's Withdrawal Preference Exposure.[14]

### H.    CEL Token Holder Data

25.    Stretto examined each valid Ballot submitted by Holders of Claims or Interests in the Voting Classes who were Holders of CEL Token as of the Voting Record Date.  Based on a review of these Holders' Ballots, 36,996 in number (23.59% of Holders of CEL Token in the Voting Classes and 98.71% of Holders of CEL Token in the Voting Classes that submitted Ballots) and $29,830,294.13 in dollar amount (59.54% by dollar amount of CEL Token in the Voting Classes and 95.93% by dollar amount of CEL Token by Holders of CEL Token in the Voting Classes that submitted Ballots) voted to accept the Plan and 482 (0.31% of Holders of CEL Token in the Voting Classes and 1.29% of Holders of CEL Token in the Voting Classes that submitted Ballots), or $1,266,747.47 in dollar amount (2.53% by dollar amount of CEL Token in the Voting

---

[13]    Holders of Class 11 (*De Minimus* Claim) Claims did not have a separate election for the Account Holder Avoidance Action Settlement.

[14]    As set forth on **Exhibit B**, certain Holders of Claims that abstained from voting made this election requesting additional information and are included in the calculation set forth in paragraph 24.  I understand from the Plan that only Holders of Claims that voted to accept the Plan are eligible to participate in the Account Holder Avoidance Action Settlement.

Classes and 4.07% by dollar amount of CEL Token by Holders of CEL Token in the Voting Classes that submitted Ballots) voted to reject the Plan.

## I.    General Custody Claims

26.    Various Holders of General Custody Claims who opted into the Custody Settlement on as of April 24, 2023 either abstained or attempted to reject the Plan in connection with submitting their Ballots.  I understand, however, that based on my review of the Plan that these Holders could not abstain or reject the Plan and that any vote by such Holders would be counted as a vote to accept the Plan.  Based on a review of these Holders' Ballots, twenty Holders of General Custody Claims that had previously opted into the Custody Settlement voted to reject the plan, and eighty-eight Holders of General Custody Claims that had previously opted into the Custody Settlement abstained from voting to accept or reject the Plan.  In accordance with the Plan and the Solicitation and Voting Procedures, we tabulated all of the aforementioned Holders' Ballots as voting to accept the Plan.

## Conclusion

27.    I hereby certify that the results of the voting by Holders of Claims or Interests in the Voting Classes are as set forth in **Exhibit A** to this Declaration, which is a true and correct copy of the final tabulation of votes, cast by timely and properly completed Ballots received by Stretto.

28.    As reflected on **Exhibit B** attached hereto, I hereby certify that there are 1,392 abstaining Ballots submitted to Stretto as of the filing of this Declaration.

29.    I hereby certify that attached hereto as **Exhibit C** is a summary voting report of all non-tabulated Ballots submitted to Stretto as of the filing of this Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

Dated:  September 25, 2023

/s/ *Brian Karpuk*

Brian Karpuk
Managing Director
Stretto, Inc.

## Exhibit A

### Tabulation Summary

**In re: Celsius Network LLC, et al.**
**Tabulation Summary**

### Class 2 (Retail Borrower Deposit Claims)

| | Count | % | | Dollars | % |
|---|---|---|---|---|---|
| Accept: | 4,215 | 98.83% | | $220,581,222.65 | 96.33% |
| Reject: | 50 | 1.17% | | $8,410,803.02 | 3.67% |
| Tabulated Ballot Totals: | 4,265 | | | $228,992,025.67 | |
| Abstain: | 16 | | | $1,883,203.20 | |
| Unacceptable or Amended | 956 | | | | |
| All Ballot Totals: | 5,237 | | | | |
| Convenience Election | 466 | | | $12,054,418.60 | |
| Class Claim Settlement Opt Out | 112 | | | $7,461,643.66 | |
| Liquid Cryptocurrency Weighted Distribution Election: | 2,267 | | | $148,938,980.87 | |
| New Co Common Stock Weighted Distribution Election: | 418 | | | $15,683,669.91 | |
| | | | | | |
| Third Party Release Opt-Out: | 27 | | | | |
| Contributed Claim Election: | 3,636 | | | | |

### Class 4 (Convenience Claims)

| | Count | % | | Dollars | % |
|---|---|---|---|---|---|
| Accept: | 38,248 | 98.25% | | $59,269,958.86 | 98.69% |
| Reject: | 681 | 1.75% | | $784,185.09 | 1.31% |
| Tabulated Ballot Totals: | 38,929 | | | $60,054,143.95 | |
| Abstain: | 1,236 | | | $1,335,138.72 | |
| Unacceptable or Amended | 2,417 | | | | |
| All Ballot Totals: | 42,582 | | | | |
| CEL Token Accept: | 18,535 | 98.28% | | $1,082,535.47 | 98.15% |
| CEL Token Reject: | 325 | 1.72% | | $20,391.66 | 1.85% |
| Class Claim Settlement Opt Out | 656 | | | $771,927.92 | |
| Third Party Release Opt-Out: | 367 | | | | |
| Contributed Claim Election: | 28,833 | | | | |

**In re: Celsius Network LLC, et al.**
**Tabulation Summary**

### Class 5 (General Earn Claims)

| | Count | % | | Dollars | % |
|---|---|---|---|---|---|
| Accept: | 38,734 | 99.35% | | $2,418,402,994.19 | 99.28% |
| Reject: | 254 | 0.65% | | $17,495,733.72 | 0.72% |
| Tabulated Ballot Totals: | 38,988 | | | $2,435,898,727.91 | |
| Abstain: | 193 | | | $9,253,395.13 | |
| Unacceptable or Amended | 5,693 | | | | |
| All Ballot Totals: | 44,874 | | | | |
| CEL Token Accept: | 18,087 | 99.19% | | $29,633,868.86 | 96.55% |
| CEL Token Reject: | 148 | 0.81% | | $1,058,443.73 | 3.45% |
| Convenience Election | 5,884 | | | $113,950,751.70 | |
| Class Claim Settlement Opt Out | 1,078 | | | $38,811,593.06 | |
| Liquid Cryptocurrency Weighted Distribution Election: | 16,011 | | | $960,018,704.02 | |
| New Co Common Stock Weighted Distribution Election: | 3,601 | | | $163,851,968.75 | |
| | | | | | |
| Third Party Release Opt-Out: | 104 | | | | |
| Contributed Claim Election: | 33,016 | | | | |

### Class 6A (General Custody Claims)

| | Count | % | | Dollars | % |
|---|---|---|---|---|---|
| Accept: | 2,896 | 99.50% | | $87,378,989.97 | 98.78% |
| Custody Opt-In (Deemed to Accept): | 2,973 | | | $52,451,991.14 | |
| Reject: | 29 | 0.50% | | $1,722,936.80 | 1.22% |
| Tabulated Ballot Totals: | 5,898 | | | $141,553,917.91 | |
| Abstain: | 56 | | | $159,856.15 | |
| Unacceptable or Amended | 596 | | | | |
| All Ballot Totals: | 6,550 | | | | |
| CEL Token Accept: | 350 | 97.49% | | $104,933.60 | 35.83% |
| CEL Token Reject: | 9 | 2.51% | | $187,912.09 | 64.17% |
| Class Claim Settlement Opt Out | 34 | | | $558,010.29 | |
| | | | | | |
| Third Party Release Opt-Out: | 31 | | | | |
| Contributed Claim Election: | 2,352 | | | | |

In re: Celsius Network LLC, et al.
Case Number: 22-10964

2 of 4

**In re: Celsius Network LLC, et al.**
**Tabulation Summary**

### Class 7 (Withhold Claims)

| | Count | % | | Dollars | % |
|---|---|---|---|---|---|
| Accept: | 654 | 98.79% | | $5,386,520.24 | 82.56% |
| Reject: | 8 | 1.21% | | $1,138,215.57 | 17.44% |
| Tabulated Ballot Totals: | 662 | | | $6,524,735.81 | |
| Abstain: | 4 | | | $15,464.62 | |
| Unacceptable or Amended | 90 | | | | |
| All Ballot Totals: | 756 | | | | |
| CEL Token Accept: | 24 | 100.00% | | $91,491.67 | 100.00% |
| CEL Token Reject: | 0 | 0.00% | | $0.00 | 0.00% |
| Convenience Election | 72 | | | $97,217.26 | |
| Class Claim Settlement Opt Out | 10 | | | $963,151.61 | |
| Liquid Cryptocurrency Weighted Distribution Election: | 279 | | | $3,173,615.89 | |
| New Co Common Stock Weighted Distribution Election: | 59 | | | $153,960.34 | |

| | Count |
|---|---|
| Third Party Release Opt-Out: | 1 |
| Contributed Claim Election: | 550 |

### Class 8 (Unsecured Loan Claims)

| | Count | % | | Dollars | % |
|---|---|---|---|---|---|
| Accept: | 0 | 0.00% | | $0.00 | 0.00% |
| Reject: | 2 | 100.00% | | $82,782,261.00 | 100.00% |
| Tabulated Ballot Totals: | 2 | | | $82,782,261.00 | |
| Abstain: | 0 | | | | |

| | Count |
|---|---|
| Third Party Release Opt-Out: | 2 |
| Contributed Claim Election: | 0 |

### Class 9 ( General Unsecured Claims - Consolidated Debtors)

| | Count | % | | Dollars | % |
|---|---|---|---|---|---|
| Accept: | 20 | 74.07% | | $6,375,927.86 | 99.56% |
| Reject: | 7 | 25.93% | | $28,436.05 | 0.44% |
| Tabulated Ballot Totals: | 24 | | | $6,404,363.91 | |
| Abstain: | 5 | | | | |

| | Count |
|---|---|
| Cash Instead of Crypto Election: | 26 |
| Third Party Release Opt-Out: | 15 |
| Contributed Claim Election: | 13 |

### Class 9 (General Unsecured Claims - Celsius Mining LLC)

| | Count | % | | Dollars | % |
|---|---|---|---|---|---|
| Accept: | 1 | 50.00% | | $140,000.00 | 2.58% |
| Reject: | 1 | 50.00% | | $5,284,333.82 | 97.42% |
| Tabulated Ballot Totals: | 2 | | | $5,424,333.82 | |
| Abstain: | 2 | | | | |

| | Count |
|---|---|
| Cash Instead of Crypto Election: | 5 |
| Third Party Release Opt-Out: | 4 |
| Contributed Claim Election: | 0 |

**In re: Celsius Network LLC, et al.**
**Tabulation Summary**

### Class 9 (General Unsecured Claims - Celsius Network Inc.)

|  | Count | % |  | Dollars | % |
|---|---|---|---|---|---|
| Accept: | 0 | 0.00% |  | $0.00 | 0.00% |
| Reject: | 1 | 100.00% |  | $3,325.00 | 100.00% |
| Tabulated Ballot Totals: | 1 |  |  | $3,325.00 |  |
| Abstain: | 1 |  |  |  |  |
|  |  |  |  |  |  |
| Cash Instead of Crypto Election: | 1 |  |  |  |  |
| Third Party Release Opt-Out: | 2 |  |  |  |  |
| Contributed Claim Election: | 0 |  |  |  |  |

### Class 10 (State Regulatory Claims)

|  | Count | % |  | Dollars | % |
|---|---|---|---|---|---|
| Accept: | 1 | 100.00% |  | $29,843,334.00 | 100.00% |
| Reject: | 0 | 0.00% |  | $0.00 | 0.00% |
| Tabulated Ballot Totals: | 1 |  |  | $29,843,334.00 |  |
| Abstain: | 2 |  |  |  |  |
|  |  |  |  |  |  |
| Third Party Release Opt-Out: | 2 |  |  |  |  |

### Class 14 (Series B Preferred Interests)

|  | Count | % |  | Shares | % |
|---|---|---|---|---|---|
| Accept: | 7 | 87.50% |  | 29,585 | 98.34% |
| Reject: | 1 | 12.50% |  | 500 | 1.66% |
| Tabulated Ballot Totals: | 8 |  |  | 30,085 |  |
| Abstain: | 0 |  |  |  |  |
|  |  |  |  |  |  |
| Third Party Release Opt-Out: | 1 |  |  |  |  |
| Contributed Claim Election | 2 |  |  |  |  |

In re: Celsius Network LLC, et al.
Case Number: 22-10964

4 of 4

**<u>Exhibit B</u>**

**Report of Abstaining Ballots**

Exhibit Ee
Summary Report of All Abstaining Ballots

| Total Abstaining Ballots | Count | Dollar | Convenience Claim Election | Class Claim Settlement Opt Out | Third Party Release Opt Out | Contributed Claim Election | Preference Setoff Election | Liquid Cryptocurrency Weighted Distribution Election | New Co Common Stock Weighted Distribution Election | Cash Instead of Crypto Election |
|---|---|---|---|---|---|---|---|---|---|---|
| Class 2 | 14 | $1,858,415.54 | 0 | 2 | 1 | 6 | 1 | 0 | 0 | N/A |
| Class 4 | 1,191 | $1,306,785.59 | 0 | 43 | 108 | 246 | 138 | 0 | 0 | N/A |
| Class 5 | 182 | $7,701,311.99 | 0 | 6 | 9 | 78 | 13 | 0 | 0 | N/A |
| Class 6A | 4 | $448.45 | 0 | 0 | 2 | 1 | 1 | 0 | 0 | N/A |
| Class 7 | 4 | $15,464.62 | 0 | 0 | 0 | 3 | 1 | 0 | 0 | N/A |
| Class 9 | 10 | $3,284,810.00 | N/A | N/A | 10 | 0 | N/A | N/A | N/A | 10 |
| Class 10 | 2 | $2.00 | N/A | N/A | 2 | N/A | N/A | N/A | N/A | N/A |

## **Exhibit C**

**Report of Non-Tabulated Ballots**

Exhibit 1

Summary Report of All Ballots Not Tabulated

| Amended Ballots | | | | | | |
|---|---|---|---|---|---|---|
| | Accept Count | Accept Dollar | Reject Count | Reject Dollar | Abstain Count | Abstain Dollar |
| Class 2 | 834 | $72,901,362.58 | 59 | $34,571,503.63 | 5 | $145,978.37 |
| Class 4 | 2,026 | $3,519,729.20 | 56 | $76,058.84 | 158 | $190,005.99 |
| Class 5 | 5,126 | $649,706,198.35 | 160 | $41,524,412.42 | 57 | $3,291,924.37 |
| Class 6A | 513 | $22,571,643.95 | 14 | $1,640,935.69 | 32 | $826,755.76 |
| Class 7 | 64 | $322,280.74 | 1 | $37.45 | 0 | $0.00 |

| Late Filed Ballots | | | | | | |
|---|---|---|---|---|---|---|
| | Accept Count | Accept Dollar | Reject Count | Reject Dollar | Abstain Count | Abstain Dollar |
| Class 2 | 166 | $6,483,227.87 | 0 | $0.00 | 1 | $64,822.57 |
| Class 4 | 729 | $1,147,417.16 | 23 | $49,694.00 | 32 | $39,387.19 |
| Class 5 | 1,109 | $67,082,585.95 | 7 | $483,259.52 | 16 | $1,438,863.04 |
| Class 6A | 95 | 2076048.06 | 5 | $25,908.53 | 25 | $87,358.16 |
| Class 7 | 20 | $347,605.66 | 0 | $0.00 | 0 | $0.00 |