LUCY L. THOMSON
                                                                          The Willard, 1455 Pennsylvania Avenue, N.W. Suite 400, Washington, D.C. 20004
                                                                                                                                    lucythomson_cpo@earthlink.net

*In re* Celsius Network LLC, *et al.,* Case No. 22-10964 (MG)

Celsius Chapter 11 Plan Confirmation Hearing
October 2023

Testimony of Lucy L. Thomson
<u>Consumer Privacy Ombudsman</u>

Pursuant to Bankruptcy Code section 332(b), I, Lucy Thomson, the Consumer Privacy Ombudsman ("CPO" or "Ombudsman"), submit this testimony to advise the Court on the issues related to the protection of the privacy of consumers ("account holders") of Celsius Network LLC ("Debtors" or "Celsius").

As the Consumer Privacy Ombudsman (CPO) appointed in this case, I filed my First Report to the Court on January 27, 2023 [ECF No. 1948]. The CPO Report identified steps the parties should take to protect the vast amount of personal and financial data of the 1.7 million Celsius account holders. On February 15, 2023, I participated in the Celsius Omnibus Hearing and summarized the key recommendations of my CPO Report.  At the request of the Court, the Debtors' counsel committed to developing appropriate privacy and security protections for the Celsius account holders.

During the past seven months since the omnibus hearing, I requested and we held monthly calls with Debtors' counsel and Celsius officials responsible for privacy and security.  On each call we reviewed the CPO privacy recommendations.  I was advised that because plans for NewCo and the Celsius Wind Down phase were under development and in flux, the privacy protections would be developed at some future time. In the past month, I have been involved in productive

discussions with Debtors' counsel in which we explored privacy principles that could be implemented for NewCo and the Celsius Wind Down, and included in the Chapter 11 Plan Confirmation Order.

The vast amount of data collected by Celsius makes privacy a particularly important factor in considering confirmation of the Chapter 11 Plan because the personal data is highly sensitive. Debtors' counsel have advised the Ombudsman that their current expectation is that all the data of the 1.3 million individuals with inactive accounts will be retained by Celsius and overseen by the Plan Administrator, Christopher Ferraro. During the Celsius Wind Down process, the Plan Administrator will make the personal data available as needed by the Litigation Administrator, when required under federal or state law, and only for other legitimate purposes. The Debtors are considering maintaining the individual data offline to provide the maximum security protections. Specifics about how the data of individuals with active accounts will be protected has not been provided. Updated personal and financial data required for disbursement transactions will be collected at the time the accounts are established.

Of great concern is Debtors' failure to include the protection of the privacy and security of the personal and financial data of the 1.7 million Celsius account holders among the key management responsibilities enunciated in the NewCo and Chapter 11 Plan Confirmation documents, and to describe this core function in the many business and management agreements. Privacy is not addressed in the NewCo Management Agreements, or anywhere in the thousands of pages of documents filed for the Chapter 11 Plan and five supplements, including the Plan Administrator Agreement and responsibilities of the Transition & Wind Down Technology Team.

***Why are privacy protections critical for the 1.7 million Celsius account holders?***

Data protection is a vital concern for the Celsius account holders. The Federal Bureau of Investigation (FBI) has issued an extraordinary number of warnings that demonstrate the need to focus on privacy and cybersecurity in this case, consider the data that may be put at risk, and limit the amount of data being used, shared or sold. These FBI warnings put companies on notice that their crypto infrastructures and individuals' accounts may be vulnerable to cyber attacks and they need to take immediate steps to protect their cryptocurrency assets and account holders' data and investments.

The heightened risk of data breaches of the Celsius account holders data should be a paramount concern, because cryptocurrency companies have been targeted by hackers. Law enforcement has documented the significant risks of cyber breaches throughout the crypto ecosystem. In the past few years, these breaches have occurred with alarming frequency. Millions of personal and financial records have been stolen and huge losses to the companies and their investors have resulted. If consumer data falls into the wrong hands, there is a vibrant black market for stolen personal data, often posted on the dark web, and the risk of identity theft and fraud has increased dramatically.

Further, privacy protections should be agreed upon by the parties and approved by the Court, including that the personal and financial data of Celsius account holders will never be sold to anyone in the future, specifying restrictions on the use of the data, and setting forth a commitment and plan to delete the personal data as soon as it is no longer required, in accordance with applicable data retention and disposition laws. The data of active account holders should not be available for any use other than investment and disbursement-related purposes, and data retention required by law.

3

If a data breach of the Celsius account holder data were to occur, the carefully crafted Chapter 11 Plan would be undermined and scare resources would be diverted from making returns to investors to the costly process of addressing the breach. In these days of heightened cybersecurity risks, ensuring privacy and security "by design" is essential. Privacy and security should not be an after thought and should be addressed in an intentional manner in accordance with well-accepted privacy and security practices.

As the Ombudsman has advised Debtors' counsel, she stands ready to assist in developing the privacy and security principles and procedures that are needed. My CPO Report to the Court provides recommendations for what these principles and procedures should be, and I have discussed them in detail with Debtors' counsel in our monthly calls. Given our discussions, the completion of this project should not be overly time consuming.

The Ombudsman respectfully recommends that the privacy and security protections for the personal data of the 1.7 million Celsius account holders be submitted to the Court in writing before the Plan is confirmed, and applicable provisions be included in the Chapter 11 Plan Confirmation Order.

Thank you.  I am pleased to answer any questions you may have.