UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | Jointly Administered |

**ORDER PURSUANT TO 11 U.S.C. §§ 105 AND 363
(I) AUTHORIZING THE RETENTION AND EMPLOYMENT OF FTI
CONSULTING TECHNOLOGY LLC FOR EXPERT SERVICES EFFECTIVE
AS OF JANUARY 30, 2023 AND (II) GRANTING RELATED RELIEF**

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), pursuant to sections 105(a) and 363(b) of title 11 of the United States Code (the "Bankruptcy Code"), for authorization to retain FTI Consulting Technology LLC ("FTI") for expert services in connection with *Celsius Network Limited and Celsius KeyFi LLC v. Jason Stone and KeyFi, Inc.*, Case No. 22-01139-MG (Bankr. S.D.N.Y.) (the "Adversary Proceeding"), effective January 30, 2023, on the terms set forth in the Engagement Letter annexed to the Application as **Exhibit C** and the Snape Declaration annexed to the Application as **Exhibit B**, all as more fully described in the Application; and the Court having jurisdiction to consider the Application and grant the requested relief in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network, Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey (07030).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

*Court for the Southern District of New York*, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these chapter 11 cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Application and opportunity for a hearing thereon were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Application; and this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is HEREBY ORDERED THAT:

1. The Application is granted as set forth herein.

2. Pursuant to Bankruptcy Code sections 105(a) and 363(b), the Debtors are hereby authorized to retain FTI to provide the Debtors with expert services in the Adversary Proceeding as more fully set forth in the Application, effective January 30, 2023, on the terms set forth in the Engagement Letter.

3. The terms of the Engagement Letter as modified by the Application and this Order, are reasonable terms and conditions of employment and are hereby approved.

4. To the extent that the express provisions of this Order are inconsistent with the provisions of the Application, the Snape Declaration, or the Engagement Letter, the provisions of this Order shall control.

5. FTI shall file with the Court, and provide notice to the U.S. Trustee and all official committees, reports of compensation earned and expenses incurred on a quarterly basis. Such

reports shall contain summary charts which describe the services provided and identify the title, hourly rate, hours worked and fees incurred, but will not identify the name of each individual.

6. Notwithstanding the requirements of paragraph 5 above, the Debtors are authorized, but not directed, to pay, in the ordinary course of business, all amounts invoiced by FTI for fees and expenses incurred in connection with FTI's retention.

7. FTI shall disclose any and all facts that may have a bearing on whether FTI, its affiliates, and/or any individuals working on the engagement have any interest materially adverse to the interest of the Debtors' estates by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason. The obligation to disclose identified in this paragraph is a continuing obligation.

8. To the extent FTI receives any personally identifiable information (PII) or equivalent, FTI will confer with the Privacy Ombudsman appointed in these bankruptcy cases in advance of receipt, distribution, or otherwise of any PII, including, but not limited to destruction or return of materials.

9. Notwithstanding anything to the contrary in the Application or Engagement Letter, the indemnification provisions are hereby modified and restated in its entirety as follows:

(i) All requests for payment pursuant to the Engagement Letters of indemnity, contribution or reimbursement for services other than those described in the Engagement Letters shall be made by means of an application (interim or final as the case may be) and shall be subject to review by the Court to ensure that payment of such indemnity, contribution or reimbursement conforms to the terms of the Engagement Letters (as modified and restated by this Order) and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity, contribution or reimbursement is sought; *provided, however*, in no event shall FTI be indemnified to the extent the Court determines by final order that any claim or expense has resulted from the bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence or willful misconduct on the part of FTI

(ii) In the event that FTI seeks reimbursement from the Debtors for attorneys' fees in connection with a request for payment of indemnity, contribution or reimbursement pursuant to the Engagement Letters (as modified and restated by this Order), the

3

        invoices and supporting time records from such attorneys shall be included in FTI's application (interim or final as the case may be) and such invoices and time records shall be subject to the Fee Guidelines and the approval of the Court under the standards of sections 330 and 331 of the Bankruptcy Code without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code;

  (iii)  FTI shall not be entitled to reimbursement by the Debtors for any fees, disbursements and other charges of FTI's counsel other than those incurred in connection with a request of FTI for payment of indemnity, contribution, retention of FTI and preparation of fee applications;

  (iv)  In no event shall FTI be entitled to indemnification, contribution, or reimbursement of attorneys' fees or expenses to the extent the Court determines by final order that such claim for indemnity arose out of FTI's own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct on the part of FTI.

10. FTI will provide notice to the U.S. Trustee in advance of use or other utilization of third parties in connection with (a) data retrieval, storage, and transmission; (b) data center operations; and (c) products licensed by FTI for its delivery of services.

11. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation or enforcement of this Order, the Engagement Letter and/or the services provided by FTI.

**IT IS SO ORDERED.**

Dated: September 28, 2023
      New York, New York

                                                **/s/ Martin Glenn**
                                                  MARTIN GLENN
                                    Chief United States Bankruptcy Judge