Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:   (212) 446-4800
Facsimile:   (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:   (312) 862-2000
Facsimile:   (312) 862-2200

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

# DECLARATION OF CHRISTOPHER FERRARO, INTERIM CHIEF EXECUTIVE OFFICER, CHIEF RESTRUCTURING OFFICER, AND CHIEF FINANCIAL OFFICER OF THE DEBTORS, IN SUPPORT OF DEBTORS' OBJECTION TO MOTION OF GALAXY DIGITAL TRADING LLC FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE FOR POST-PETITION SERVICES

I, Christopher Ferraro, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am the interim Chief Executive Officer, Chief Restructuring Officer, and Chief Financial Officer of Celsius Network LLC ("Celsius" and together with the above-captioned debtors and debtors-in-possession, the "Debtors").  I joined Celsius on March 21, 2022.  I was

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

appointed as Chief Financial Officer on July 11, 2022, and I was appointed as interim Chief Executive Officer and Chief Restructuring Officer by the Special Committee of Debtor Celsius Network Limited on September 27, 2022 following the resignation of the Debtors' co-founder and former chief executive officer, Alex Mashinsky.

2.     I am familiar with the *Motion of Galaxy Digital Trading LLC for Allowance of Administrative Expense for Post-Petition Services* [Docket No. 3378] (the "Motion") filed by Galaxy Digital Trading LLC ("Galaxy") and the *Debtors' Objection to Motion of Galaxy Digital Trading LLC for Allowance of Administrative Expense for Post-Petition Services* (the "Objection"), filed contemporaneously herewith, and submit this declaration (this "Declaration") in support of the Objection.[2]

3.     In my capacity as the interim Chief Executive Officer, Chief Restructuring Officer, and Chief Financial Officer, I am generally familiar with the Debtors' day-to-day operations, business, financial affairs, and ongoing restructuring efforts. Except as otherwise indicated, all facts in this Declaration are based upon (a) my personal knowledge of the Debtors' operations, (b) my discussions with other members of the Debtors' management team and advisors, and (c) my review of relevant documents and information concerning the Debtors' operations. I am over the age of eighteen and authorized to submit this Declaration on behalf of the Debtors. If called upon to testify, I could and would testify competently to the facts set forth herein.

## Qualifications

4.     I have approximately two decades of experience in financial planning and analysis activities, asset and liability management, and product control. Before my roles with Celsius,

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion or Objection, as applicable.

I was a Senior Managing Director at Cerberus Operations & Advisory Company ("Cerberus"), where I focused on improving the operating returns for two legacy portfolio positions. In this role, I advised the chief executive officer and leadership team on increasing profitability by changing and repricing business mix, restructuring costs, and optimizing the balance sheet.

5. Prior to Cerberus, I served in various roles at JPMorgan Chase & Co. from 2001 to 2018. I was the head of Financial Analysis and a Senior Leader, where I was responsible for all financial, planning, and analysis activities, developed analytical tools, and authored a patent application in forecasting. Before my role as head of Financial Analysis and a Senior Leader, I was the Treasurer of the Consumer Bank and the Retail Loan Pricing Manager.

6. I hold a Bachelor's degree in Economics, Finance, & Accounting from the University of Washington. I also passed the Washington state Uniform Certified Public Accountant Examination.

### Celsius's Relationship with Galaxy

7. On December 2, 2022, the Debtors executed that certain Asset Purchase Agreement, dated December 2, 2022, pursuant to which Galaxy acquired the Debtors' GK8 business for approximately $44 million (the "GK8 Sale").[3] As I indicated in my *Declaration of Christopher Ferraro, Director and Chief Financial Officer of GK8 Ltd., in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 1629], GK8 is a blockchain security company offering financial institutions an end-to-end platform, or "vault," for managing blockchain-based assets on their own, which the Debtors purchased in October 2021 after the Debtors and GK8 entered into that certain license agreement, dated September 1, 2021 (as amended, restated, supplemented, or otherwise modified from time to time, the "License Agreement"). As part of the

---

[3] *See Notice of Filing of Asset Purchase Agreement* [Docket No. 1586].

3

License Agreement, the Debtors agreed to pay GK8 a minimum asset under management fee of $30,000 per month for the duration of the License Agreement (the "AUM Fee"). The Debtors continued to pay the AUM Fee through December 2022 while they utilized the License Agreement.

8.  Based on my review of the Debtors' coin reports that are filed on the Court's docket, at the time of the GK8 Sale, the Debtors held approximately $1.3 million of digital assets on the GK8 platform.[4] Prior to the entry of the GK8 Sale Order, however, the Debtors transferred all but 0.98 Ethereum and 1.75 Cardano, which I understand that as of September 27, 2023, was equivalent in value to approximately $2.67.[5]

9.  Notwithstanding the fact that the GK8 Sale Order was entered on December 12, 2022, and that the GK8 Sale closed on February 21, 2023, GK8 nevertheless continued to send the Debtors monthly invoices for the AUM Fee. Thus, the Debtors and their advisors weighed the costs and benefits associated with maintaining the License Agreement and decided to reject to License Agreement on May 12, 2023, retroactively to December 31, 2022,[6] in light of the nominal value being stored on the GK8 hardware. Following that rejection, I understand the Debtors' financial advisor retained in these chapter 11 cases, Alvarez & Marsal ("A&M"), promptly contacted GK8 in an attempt to return the GK8 hardware where the $2.67 worth of digital assets were being stored. I understand that A&M did not receive a response from GK8 until late June 2023 after several attempts requesting information on how to wipe the GK8 hardware, at which time the Debtors promptly returned the GK8 hardware, which I understand was received by GK8 on July 12, 2023.

---

[4] *See Public Coins and Budget Report* at 2 [Docket No. 1676].

[5] This amount is based on cryptocurrency prices as of 6:12 p.m., prevailing Eastern Time, on September 27, 2023.

[6] *See Notice of Rejection of Certain Executory Contracts* [Docket No. 2635].

**The Objection**

10. I understand that in order to become an administrative expense under section 503(b) of the Bankruptcy Code, the claim in question must be for services that were "actual and necessary" to the preservation of the Debtors estates. In light of the foregoing, I do not believe that storing $2.67 worth of cryptocurrency provided any benefit to the Debtors or their estates, and therefore those services were not actual and necessary costs to preserve the Debtors' estates. Accordingly, I believe that the Motion should be denied.

[*Remainder of page intentionally left blank*]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: September 28, 2023

/s/ Christopher Ferraro
Name: Christopher Ferraro
Title: Interim Chief Executive Officer, Chief Restructuring Officer, and Chief Financial Officer of Debtor Celsius Network LLC