Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

*Counsel to the Debtors and Debtors in Possession*

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

## AMENDED NOTICE OF HEARING ON
## DEBTORS' MOTION FOR ENTRY OF AN
## ORDER AUTHORIZING THE DEBTORS TO REDACT
## AND FILE UNDER SEAL CERTAIN CONFIDENTIAL INFORMATION

**PLEASE TAKE NOTICE** that a hearing at which the Court will consider the Debtors'

*Motion for Entry of an Order Authorizing the Debtors to Redact and File Under Seal Certain*

*Confidential Information and Granting Related Relief* (the "Motion") will be held on **October 2,**

**2023, at 2:00 p.m.**, prevailing Eastern Time (the "Hearing").

**PLEASE TAKE FURTHER NOTICE** that the Hearing will be held in person before the

Honorable Martin Glenn, Chief United States Bankruptcy Judge, in the United States Bankruptcy

Court for the Southern District of New York, in Courtroom No. 523, located at One Bowling

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, NJ 07030.

Green, New York, New York 10004-1408.  The Hearing is not expected to involve the taking of testimony (any such hearing, a "Non-Testimonial Hearing").  With the permission of the Court, only parties in interest, their attorneys, and witnesses may attend hearings by Zoom.  Any person or entity that is permitted to attend the Hearing by Zoom must certify that they are appearing in a permitted capacity by registering their appearance in the Electronic Appearance portal located on the Court's website at:  http://www.nysb.uscourts.gov/ecourt-appearances.  Appearances must be entered no later than **4:00 p.m., the business day before the Hearing, (prevailing Eastern Time) (*i.e.*, on Friday September 29, 2023)**.

    **PLEASE TAKE FURTHER NOTICE** that, with the permission of the Court, the public, including members of the media, may dial-in to Non-Testimonial Hearings remotely using the audio platform made available by the Court.  Any person or entity that is permitted to dial-in to the Hearing by using the audio platform must register their appearance in the Electronic Appearance portal located on the Court's website at:  http://www.nysb.uscourts.gov/ecourt-appearances.  Appearances must be entered no later than **4:00 p.m., the business day before the Hearing, (prevailing Eastern Time) (*i.e.*, on Friday, September 29, 2023)**.

    **PLEASE TAKE FURTHER NOTICE** that any responses or objections to the relief requested in the Motion shall:  (a) be in writing; (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York; (c) be filed electronically with the Court on the docket of *In re Celsius Network LLC*, No. 22-10964 (MG) by registered users of the Court's electronic filing system and in accordance with all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York (which are available on the Court's

website at http://www.nysb.uscourts.gov); and (d) be served prior to the October 2, 2023 hearing, to (i) the entities on the Master Service List (as defined in the Case Management Order and available on the case website of the Debtors at https://cases.stretto.com/celsius) and (ii) any person or entity with a particularized interest in the subject matter of the Motion.

**PLEASE TAKE FURTHER NOTICE** that only those responses or objections that are timely filed, served, and received will be considered at the Hearing.  Failure to file a timely objection may result in entry of a final order granting the Motion as requested by the Debtors.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion and other pleadings filed in these chapter 11 cases may be obtained free of charge by visiting the website of Stretto at https://cases.stretto.com/Celsius.  You may also obtain copies of the Motion and other pleadings filed in these chapter 11 cases by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

[*Remainder of page intentionally left blank*]

New York, New York
Dated: October 1, 2023

/s/ Joshua A. Sussberg

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:   (212) 446-4800
Facsimile:   (212) 446-4900
Email:       jsussberg@kirkland.com

   - and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:   (312) 862-2000
Facsimile:   (312) 862-2200
Email:       patrick.nash@kirkland.com
             ross.kwasteniet@kirkland.com
             chris.koenig@kirkland.com
             dan.latona@kirkland.com

*Counsel to the Debtors and Debtors in Possession*

4

**Hearing Date:  October 2, 2023, at 2:00 p.m. (prevailing Eastern Time)**
**Objection Deadline:  September 29, 2023, at 4:00 p.m. (prevailing Eastern Time)**

Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

*Counsel to the Debtors and Debtors in Possession*

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

## DEBTORS' AMENDED MOTION FOR ENTRY OF AN
## ORDER AUTHORIZING THE DEBTORS TO REDACT
## AND FILE UNDER SEAL CERTAIN CONFIDENTIAL INFORMATION

The above-captioned debtors and debtors in possession (collectively, the "Debtors")

respectfully state the following in support of this motion (this "Motion"):[2]

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2]    Capitalized terms not immediately defined have the meaning ascribed to them in the Exhibit List (as defined herein) or in the *Modified Joint Chapter 11 Plan of Reorganization of Celsius Network LLC and Its Debtor Affiliates* [Docket No. 3577] (as may be amended, supplemented, or otherwise modified from time to time, the "Plan"), as applicable.

## Relief Requested

1.       The Debtors seek entry of an order, substantially in the form attached hereto as

**Exhibit A** (the "Order"), authorizing the Debtors to (a) redact and file under certain exhibits

(collectively, the "Confidential Exhibits") included in the *Debtors' Witness List and Exhibit List*

*for Matters Set for Hearing October 2, 2023* (the "Exhibit List"), (b) provide unredacted versions

of the Confidential Exhibits solely to (i) the United States Bankruptcy Court for the Southern

District of New York (the "Court"), (ii) the United States Trustee for the Southern District of New

York (the "U.S. Trustee"), and (iii) White & Case LLP, as counsel to the official committee of

unsecured creditors appointed in the Debtors' chapter 11 cases (the "Committee" and (i) through

(iii), collectively, the "Receiving Parties"), in each case on a confidential and professionals' eyes

only basis, and (c) granting related relief.[3]

## Jurisdiction and Venue

2.       The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334

and the *Amended Standing Order of Reference* from the United States District Court for the

Southern District of New York, entered February 1, 2012.  The Debtors confirm their consent to

the Court entering a final order in connection with this Motion to the extent that it is later

determined that the Court, absent consent of the parties, cannot enter final orders or judgments in

connection herewith consistent with Article III of the United States Constitution.

3.       Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.       The statutory bases for the relief requested herein are sections 105(a) and 107(b) of

title 11 of the United States Code (the "Bankruptcy Code"), rule 9018 of the Federal Rules of

---

[3]    The Confidential Exhibits are Exhibit Nos. 53, 55, 56, and 62, which have been provided to the Court.  Celsius's
proposed redacted versions of the documents have been filed as exhibits to this motion.

Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 9013-1, and 9018-1 of the Local

Bankruptcy Rules for the Southern District of New York (the "Local Rules").

### Background

5.      On September 27, 2023, the Debtors filed the Exhibit List to serve as the

evidentiary basis for the Confirmation Hearing, which is set to begin on October 2, 2023.  On

September 29, 2023, the Debtors filed the Motion for Entry of an Order Authorizing the Debtors

to Redact and File Under Seal Certain Confidential Information and Granting Related Relief (the

"Original Motion") seeking to redact and file certain of the exhibits included on the Exhibit List

under seal to protect the Debtors' commercially sensitive information.  The exhibits identified as

confidential in the Original Motion included commercially sensitive and proprietary information

relating to the Debtors' operations (the "Confidential Information"), including information relating

to the Debtors' mining and staking businesses, asset pricing and valuation models, litigation and

asset recovery assessments, and the Debtors' confidential contractual arrangements with

counterparties.

6.      The Debtors have continued to evaluate the exhibits identified as confidential in the

Original Motion with the goal of providing as much information to the Debtors' creditors and the

public as possible without disclosing information that could provide an unfair advantage to

NewCo's competitors and counterparties, at the detriment of the Debtors' creditors.

7.      Based on that continued evaluation, the Debtors file this Motion seeking to redact

and file certain of the exhibits included on the Exhibit List under seal to protect the Debtors'

commercially sensitive information.  The Confidential Exhibits include commercially sensitive

and proprietary information relating to litigation and asset recovery assessments.  The Debtors

believe that redacting the Confidential Exhibits achieves Debtors' goal of maximizing information

available to creditors and without unfairly disadvantaging NewCo.

8.      Specifically, debtors seek to redact the following information:

a.      Exhibit 53: Information relating to litigation and asset recovery assessments on the "Coin Manual Adjustments" tab in cells B15:B17 and E15:E17.

b.      Exhibit 55: Information relating to litigation and asset recovery assessments on the "Coin Manual Adjustments" tab in cells B14:B16, B101:B103, E14:E16, and E101:E103.

c.      Exhibit 56: Information relating to litigation and asset recovery assessments on the "Coin Manual Adjustments" tab in cells B14:B16, B101:B103, E14:E16, and E101:E103.

d.      Exhibit 62: Information relating to litigation and asset recovery assessments on the "Coin Manual Adjustments" tab in the "Comments" column and on the "CVP Illustrative Recovery" tab in cells K55:K57.

9.      In light of the cost the Debtors would otherwise face, the Debtors seek the relief requested herein. That relief balances the public's interest in the evidence, with the Debtors' interests at this critical juncture in these chapter 11 cases. The unredacted Confidential Exhibits will be provided to the Court Clerk's office in accordance with Local Rule 9018-1(c), concurrently with the filing of this Motion. Absent the relief requested herein, the Debtors believe that NewCo may be materially disadvantaged to the detriment of the Debtors' creditors.

## Basis for Relief

## I.    Redacting the Confidential Exhibits is Warranted Under Section 107(b) of the Bankruptcy Code.

10.     Section 107(b) of the Bankruptcy Code provides bankruptcy courts with authority to issues orders that protect entities from potential harm that may result from the disclosure of certain confidential information. Section 107(b) of the Bankruptcy Code provides that "[o]n request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may:  [] protect an entity with respect to a trade secret or confidential research, development, or commercial information[.]" 11 U.S.C. § 107(b). Further, Bankruptcy Rule 9018 provides that, upon a motion, "the court may make any order which justice requires . . . to protect

the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018.

11.     If the material sought to be protected satisfies one of the categories identified in section 107(b) of the Bankruptcy Code, "the court is *required* to protect a requesting party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp.* (*In re Orion Pictures Corp.*), 21 F.3d 24, 27 (2d Cir. 1994) (emphasis in original). Stated differently, section 107(b) of the Bankruptcy Code does not require a party seeking its protections to demonstrate "good cause." *Orion Pictures*, 21 F.3d at 28.  "Courts have supervisory power over their records and files and may deny access to those records and files to prevent them from being used for an improper purpose."  *In re Kaiser Aluminum Corp.*, 327 B.R. 554, 560 (D. Del. 2005). Courts are required to provide such protections "generally where open inspection may be used as a vehicle for improper purposes."  *Orion Pictures*, 21 F.3d at 27.  Indeed, the "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice."  *See In re Glob. Crossing Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003).

12.     Courts have also found such relief appropriate where the information sought to be protected is "commercial information," which is defined as "information which would result in 'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'"[4] *In re Alterra Healthcare Corp.*, 353 B.R. 66, 75 (Bankr. D. Del 2006); *see also Glob. Crossing Ltd.*, 295 B.R. at 725 (finding that the purpose of Bankruptcy Rule 9018 is to

---

[4]    "Commercial information" is not limited to information of the debtors and may pertain to any party in interest. *See, e.g., In re Voyager Digital Holdings, Inc.*, No. 22-10943 (MEW) (Bankr. S.D.N.Y. Sept. 20, 2022) (authorizing redaction of commercial information related to a non-debtor counterparty); *see also* 11 U.S.C. § 107(b) ("on request of a party in interest, the bankruptcy court shall [. . . ] protect an entity with respect to [. . . ] commercial information").

"protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury"). Commercial information does not have to rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code. *See Orion Pictures*, 21 F.3d at 27–28 (finding that section 107(b)(1) creates an exception to the general rule that court records are open to examination by the public and, under this exception, an interested party has to show only that the information it wishes to seal is "confidential" and "commercial" in nature). Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." *See, e.g.*, *Orion Pictures*, 21 F.3d at 25 (holding that a license agreement authorizing a licensee "to reproduce, manufacture, distribute, and sell videocassettes" of three films contained confidential commercial information).[5] Courts have also held that the resulting sealing order should be broad (*i.e.*, "any order which justice requires"). *See, e.g.*, *Glob. Crossing, Ltd.*, 295 B.R. at 724 (citing Bankruptcy Rule 9018).

13. The Confidential Information constitutes sensitive commercial information that should be protected under section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018. Courts in this district and others have held that sensitive commercial information may be filed under seal. *See, e.g.*, *In re Voyager Digital Holdings, Inc.*, No. 22-10943 (MEW) (Bankr. S.D.N.Y. Sept. 20, 2022) (authorizing the filing under seal of a motion containing commercially sensitive information to a transaction counterparty); *In re Hollander Sleep Products, LLC* No. 19-11608 (MEW) (Bankr. S.D.N.Y July 3, 2019) (authorizing filings to redact commercially sensitive terms in connection with exit financing); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp.

---

[5]     *See also Orion Pictures*, 21 F.3d at 27–28 (holding that section 107(b)(1) of the Bankruptcy Code creates an exception to the general rule that court records are open to examination by the public and, under this exception, an interested party must show only that the information it wishes to seal is "confidential" and "commercial" in nature).

3d 485, 511 (S.D.N.Y. 2015) (allowing filings in redacted form where proposed redactions were limited to specific business information and strategies that a competitor could seek to exploit); *In re Green Field Energy Services, Inc.*, No. 13-12783 (KG) (Bankr. D. Del. Jan. 17, 2014) (authorizing the filing under seal in its entirety a motion to approve a settlement agreement); *In re Metavation, LLC*, No. 13-11831 (BLS) (Bankr. D. Del. Aug. 7, 2013) (authorizing the filing under seal in its entirety a motion for approval of a sale agreement); *In re Capmark Fin. Grp. Inc.(f/k/a GMAC Commercial Holding Corp.)*, No. 09-13684 (CSS) (Bankr. D. Del. Jul. 5, 2011) (authorizing the filing under seal of a term sheet to a commercial contract).[6]

14.    Moreover, section 105(a) of the Bankruptcy Code codifies the bankruptcy court's inherent equitable powers and empowers it to authorize the filing of documents under seal.  11 U.S.C. § 105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.").

15.    The Debtors seek to file under seal and preserve the confidentiality of the Confidential Information because such information constitutes confidential commercial information that may be protected under section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018.  The Confidential Exhibits include commercially sensitive and proprietary information including litigation and asset recovery assessments.  Because disclosure of the Confidential Information could be used against Debtors in litigation and negotiations, such disclosure would unfairly harm the Debtors' estates and unduly challenge NewCo.

16.    The relief requested herein is narrowly tailored to protect only the commercially sensitive information that is entitled to be protected under section 107 of the Bankruptcy Code.

---

[6]    Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request to the Debtors' counsel.

As a result, the Debtors are not requesting to seal the entirety of the Confidential Exhibits nor all exhibits included on the Exhibit List.  Instead the Debtors seek to file under seal Confidential Exhibits with redactions only to the extent of the Confidential Information contained therein.  The Debtors believe that redacting and filing under seal the Confidential Information is the best method to ensure transparency while still preventing the potential harm to the Debtors and the prospects of Newco that would result from the public disclosure of commercially sensitive information.

17.    The Debtors will provide the Receiving Parties with unredacted versions of the Confidential Exhibits.  This proposed format for disclosure is carefully tailored to provide appropriate levels of information in these cases while still maintaining confidentiality of "commercial information" where truly necessary.

## Notice

18.    The Debtors will provide notice of this Motion to the following parties or their respective counsel:  (a) the U.S. Trustee; (b) counsel to the Committee; (c) the United States Attorney's Office for the Southern District of New York; (d) the Internal Revenue Service; (e) the offices of the attorneys general in the states in which the Debtors operate; (f) the Securities and Exchange Commission; (g) any party who has objected to the Plan; and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of page intentionally left blank.]*

WHEREFORE, the Debtors request that the Court enter the Order granting the relief

requested herein and such other relief as the Court deems appropriate under the circumstances.

New York, New York                    /s/ Joshua A. Sussberg
Dated: October 1, 2023                **KIRKLAND & ELLIS LLP**
                                      **KIRKLAND & ELLIS INTERNATIONAL LLP**
                                      Joshua A. Sussberg, P.C.
                                      601 Lexington Avenue
                                      New York, New York 10022
                                      Telephone:    (212) 446-4800
                                      Facsimile:    (212) 446-4900
                                      Email:        joshua.sussberg@kirkland.com

                                       - and -

                                      Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
                                      Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
                                      Christopher S. Koenig
                                      Dan Latona (admitted *pro hac vice*)
                                      300 North LaSalle Street
                                      Chicago, Illinois 60654
                                      Telephone:    (312) 862-2000
                                      Facsimile:    (312) 862-2200
                                      Email:        patrick.nash@kirkland.com
                                                    ross.kwasteniet@kirkland.com
                                                    chris.koenig@kirkland.com
                                                    dan.latona@kirkland.com

                                      *Counsel to the Debtors and Debtors in Possession*

**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

### ORDER AUTHORIZING THE DEBTORS TO REDACT AND
### FILE UNDER SEAL CERTAIN CONFIDENTIAL INFORMATION

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") authorizing the Debtors to: (a) redact and file under certain exhibits (collectively, the "Confidential Exhibits") included in the *Debtors' Witness List and Exhibit List for Matters Set for Hearing October 2, 2023* (the "Exhibit List"), and (b) provide unredacted versions of the Confidential Exhibits solely to (i) the United States Bankruptcy Court for the Southern District of New York (the "Court"), (ii) the United States Trustee for the Southern District of New York (the "U.S. Trustee"), and (iii) White & Case LLP, as counsel to the official committee of unsecured creditors appointed in the Debtors' chapter 11 cases (the "Committee" and (i) through (iii), collectively, the "Receiving Parties"), in each case on a confidential and professionals' eyes only basis, and (c) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction pursuant to 28 U.S.C. § § 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2]  Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

Southern District of New York, entered February 1, 2023; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' Estates, their creditors; and this Court having determined that the legal and factual bases set forth in the Motion  establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      The Debtors are authorized, pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1, to redact the Confidential Information from the Confidential Exhibits and to file the unredacted Confidential Exhibits under seal.

3.      The Debtors are authorized to cause the unredacted Confidential Exhibit to be served on and made available, on a confidential basis, to the Receiving Parties.

4.      The unredacted version of the Confidential Exhibits shall remain confidential and shall not be made available to anyone other than the Receiving Parties without the Debtors' consent, may not be filed on the public docket, and shall remain under seal until further order of the Court.

5.      The Clerk of this Court shall treat the Confidential Information contained in the Confidential Exhibits as confidential, and counsel for the Debtors shall contact the Clerk's Office regarding the return or disposition of the Valuation Report as soon as practicable following the effective date of any chapter 11 plan in this case or any successor cases.

6.     Any party authorized to receive the unredacted versions of the Confidential Exhibits shall be authorized and directed, subject to Local Rule 9018-1, to redact specific references to the information set forth therein from pleadings filed on the public docket maintained in these chapter 11 cases. If the Confidential Exhibits or Confidential Information is attached or referred to in any future pleadings or documents filed with this Court relating to these chapter 11 cases, this Order shall apply to such pleading or document.

7.     Any party who receives access to the unredacted Confidential Exhibits in accordance with this Order shall not disclose or otherwise disseminate the Confidential Information to any other person or entity, including in response to a request under the Freedom of Information Act, without further order of the Court.

8.     The requirements of the Bankruptcy Rules and Local Rules, including Local Rules 9013-1 and 9018-1 are satisfied by the contents of the Motion.

9.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

11.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2023

_____
THE HONORABLE MARTIN GLENN
CHIEF UNITED STATES BANKRUPTCY JUDGE

3

# CELSIUS EXHIBIT 53

# SUBMITTED IN NATIVE

# CELSIUS EXHIBIT 55

# SUBMITTED IN NATIVE

# CELSIUS EXHIBIT 56

# SUBMITTED IN NATIVE

# CELSIUS EXHIBIT 62

# SUBMITTED IN NATIVE