Dear Honorable Judge Martin Glenn,

I am writing to you in follow up to my letter yesterday, listed in docket 3629, with regards to the debtor's intent to distribute assets to Hawaii and follow up concerns around Custody valuation and deactivation date pricing.

In dialogue with Mr. Koenig from the debtor's counsel, he has indicated that they do intend on making Cryptocurrency distributions in Hawaii to Custody accounts. This is written in the disclosure statement as possibly BTC/ETH distributions, but Mr. Koenig would not clarify if CEL is specifically being distributed, nor were any of my other questions clarified yet as of this filing, including the matter of what valuation Hawaii receives for Custody CEL, as it appears to not be a distributable asset in Hawaii.

In an email to the Hawaiian Department of Commerce and Consumer Affairs, they indicate that certain select companies are participating in a research project through the Hawaii Technology Development Corporation (HTDC), which are operating in Hawaii. These companies are below:



The permitted companies are here, with their respective links.

- [Apex Crypto](#)
- [BitFlyer](#)
- [BlockFi](#)
- [Cloud Nalu](#)
- [Coinme](#)
- [ErisX](#)
- [Flexa Network](#)
- [Gemini](#)
- [River Financial](#)
- [SoFi](#)
- [UpHold](#)

None of these companies deal with CEL. If the debtor intends to distribute more Cryptocurrency assets, they should make it known on the disclosure statement. As of now, it is simply a cash disbursement or potentially BTC/ETH in value. Hawaii deserves an answer as to how Custody will be treated, including CEL token held in Custody.

I had some further thoughts with regards to the debtor's and UCC valuation on the CEL Token held in Custody according to the plan. If they have already devalued the Settled Custody class, which has been deemed as petition day values based on an expert witness that goes up to the petition date, would it not be legitimate to ask them for a valuation report for Custody holders of CEL for the time period that the debtors held on to their property? The average price of their CEL from Bankruptcy filing until the Withdrawal Order and Custody Settlement far exceeded $0.25, in fact, it did not touch $0.25 until May of 2023.



From Bankruptcy date to the first withdrawals Pure Custody withdrawals at or around March 2nd of 2023, CEL had an average price of 0.96 per token.

From Bankruptcy date to the first Settled Custody withdrawals at or around May 10th of 2023, CEL had an average price of 0.819 per token.

From Bankruptcy date to the first Settled Custody withdrawals at Today, September 29th, CEL had an average price of 0.608 per token.

Your honor, it is unacceptable for the debtor and the UCC to attempt to devalue Settled Custody Class on the ballot and to a deactivation value of $0.25. Custody CEL either deserves a valuation in the time period in question, where it was ruled the class indeed were the owners of the token, or changes reflecting Bankruptcy valuation as the Deactivation Date pricing. Based on the $0.25 Deactivation Plan, Custody CEL holders have their settled valuations compromised, and this portion of the plan does not meet the best interests of creditors in comparison to a straight Chapter 7.

This is why I voted no on the Custody settlement, and why the Custody class, in a monetary majority, voted to reject the plan. In recent filings, specifically docket 3632, devaluated CEL Custody rejecting the plan was not shown, but earn was. This is a disservice to the Custody class that deserves answers to related questions.

I have sent another email to the UCC and Aaron Colodny with regards to this matter and related subjects, but this would be the fourth email that I have not received a response from (May 15th, September 23rd, September 26th, and today). See below for my attempts.



I have yet to receive a response from Kirkland about the precise clarifications requested and other topics.

I have referred this matter to the Hawaiian Division of Financial Institution, and the Hawaii Technology Development Corporation. I have also forwarded these concerns to the Trustee, along with the Custody Settlement Attorneys. I do not believe devaluing the already settled Custody Class is acceptable.

Creditors deserve answers in a timely manner, not to be given vague answers and no responses at all.

All the Best,

Dimitry Kirsanov, Pro Se

/s/Dimitry Kirsanov