Joshua A. Sussberg, P.C.  
**KIRKLAND & ELLIS LLP**  
**KIRKLAND & ELLIS INTERNATIONAL LLP**  
601 Lexington Avenue  
New York, New York 10022  
Telephone:     (212) 446-4800  
Facsimile:      (212) 446-4900  

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)  
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)  
Christopher S. Koenig  
Dan Latona (admitted *pro hac vice*)  
**KIRKLAND & ELLIS LLP**  
**KIRKLAND & ELLIS INTERNATIONAL LLP**  
300 North LaSalle Street  
Chicago, Illinois 60654  
Telephone:     (312) 862-2000  
Facsimile:      (312) 862-2200  

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**SUPPLEMENTAL DECLARATION OF ROBERT CAMPAGNA IN SUPPORT OF CONFIRMATION OF THE MODIFIED JOINT CHAPTER 11 PLAN OF REORGANIZATION OF CELSIUS NETWORK LLC AND ITS DEBTOR AFFILIATES**

I, Robert Campagna, hereby declare under penalty of perjury, as follows:

1. I am a Managing Director with Alvarez & Marsal North America, LLC (together with its wholly-owned subsidiaries and independent contractors and also with employees of its professional service provider affiliates, all of which are wholly-owned by its parent company and employees, "A&M"), a restructuring advisory services firm with numerous offices throughout the country.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

2. Except as otherwise noted, I have personal knowledge of the matters set forth herein or have been informed of such matters by professionals of A&M or the Debtors' management team or other advisors.

3. On September 27, 2023, I submitted my *Declaration of Robert Campagna in Support of Confirmation of the Joint Chapter 11 Plan of Reorganization of Celsius Network LLC and Its Debtor Affiliates* [Docket No. 3582] (the "Declaration"). I submit this supplemental declaration (this "Supplemental Declaration") in support of confirmation of the *Modified Joint Chapter 11 Plan of Reorganization of Celsius Network LLC and Its Debtor Affiliates* [Docket No. 3577] (as may be amended, supplemented, or otherwise modified from time to time, the "Plan"), and the *Debtors' Memorandum of Law In Support of Confirmation of the Joint Chapter 11 Plan of Reorganization of Celsius Network LLC and Its Debtor Affiliates and Omnibus Reply to Objections Thereto* (the "Memorandum"),[2] filed contemporaneously herewith.

4. Unless otherwise indicated, the statements set forth in this Supplemental Declaration are based upon (a) my personal knowledge of the Debtors' business, (b) information learned from my review of relevant documents, (c) information I received from the A&M team working under my supervision or the Debtors' management team and other advisors, or (d) my experience as a restructuring professional. I am not being specifically compensated for this testimony other than through payments that are proposed to be received by A&M as a professional retained by the Debtors. If I were called upon to testify, I could and would competently testify to the facts set forth herein.

---

[2] Capitalized terms used but not defined herein shall have the meanings given to such terms in the Plan, Memorandum, Disclosure Statement, Liquidation Analysis, or Orderly Wind Down Analysis as applicable.

I.     **Qualifications**

5.     Since 1983, A&M has been a global provider of turnaround advisory services to companies in crisis or those in need of performance improvement in specific financial and operational areas. A&M's debtor advisory services have encompassed a wide range of activities targeted at stabilizing and improving a company's financial position, including developing and validating forecasts and business plans; monitoring and managing cash, cash flow, and supplier relationships; assessing and recommending cost reduction strategies; and designing and negotiating financial restructuring packages.

6.     Since the Debtors engaged A&M in June of 2022, I have worked closely with the Debtors' management and other professionals with respect to the Debtors' restructuring efforts, including assisting the Debtors in preparing cash flow projections, budgets, and other financial information. I lead the A&M team advising the Debtors.

7.     I have over twenty-five years of distressed company advisory experience. Through roles in both senior management and as a restructuring advisor, I have substantial experience helping financially distressed companies stabilize their financial condition, analyze their operations, and develop business plans to accomplish the necessary restructuring of their operations and finances. I have advised clients in numerous major bankruptcy cases, including *In re Murray Energy Holdings Co.*, No. 19-56885 (JEH); *In re Stearns Holdings, LLC*, No. 19-12226 (SCC); *In re Westmoreland Coal Co.*, No. 18-35672 (DRJ); *In re Payless Holdings LLC*, No. 17-42257 (KSS); *In re Alpha Natural Res., Inc.*, No. 15-33896 (KRH); *GT Advanced Techs. Inc.*, No. 14-11916 (HJB); *In re Cengage Learning, Inc.*, No. 13-44106 (ESS); *V2V Holding LLC*, No. 12-11385 (MG); *Education Holdings 1, Inc.*, No. 13-10101 (BLS); *Orchard Brands*

3

*Corp.*, No. 20-10566 (MFW); *Cooper Standard Auto.*, No. 09-12743; and *Interstate Bakeries Corp.*, No. 04-45814 (JWV). I received my bachelor's degree in business administration from Bucknell University. I am a Certified Public Accountant (inactive) and a Certified Insolvency and Restructuring Advisor.

**II.     The Plan Satisfies the Confirmation Requirements**

          **1.     The CEL Token Settlement Satisfies the Best Interests Test — § 1129(a)(7).**

8.     In my Declaration, I offered my opinion that the Plan satisfies the "best interests of creditors" test based on the Liquidation Analysis that is attached to the Disclosure Statement as Exhibit B, which was prepared by the Debtors with the assistance of their advisors.

9.     I understand that at a hearing on September 28, 2023, the Court raised a specific question about whether the best interests test is met specifically with respect to the Holders of CEL Token, particularly in light of the dispute regarding the proper value of the CEL Token. In response to the Court's question, my team and I separately analyzed at what price of CEL Token the best interests test would be met as set forth in the Liquidation Analysis, and at what price of CEL Token the best interests test would fail.[3] As demonstrated in the chart in **Exhibit A** below, the break-even point for the price of CEL Token—the price above which the best interests test would no longer be met—for the NewCo Transaction is estimated to be 36 cents and for the Orderly Wind-Down is estimated to be 34 cents.

---

[3] For avoidance of doubt, I evaluated the impact of CEL Token pricing by varying the total value of claims denominated in CEL Tokens. The Debtors do not intend to monetize, sell, or otherwise realize any asset value from CEL Tokens that they hold.

4

**Exhibit A**



10. I have reviewed the supplemental declaration filed by Max Galka at Dkt. No. 3646, which was submitted after the Liquidation Analysis was prepared. In his declaration, Mr. Galka concluded that the CEL Token was most likely worthless on the Petition Date. Dkt. No. 3646, ¶ 19. Accordingly, assuming that is the proper value of CEL Token, I believe that the best interests test is met with respect to holders of CEL Token, as a price of $0.00 is materially less than the $0.36 and $0.34 prices above which the best interests test would no longer be satisfied with respect to CEL Token holders, and is also materially less than the $0.25 that is assumed in the CEL Token Settlement under the Plan.

[*Remainder of page intentionally left blank*]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: October 2, 2023                    /s/ *Robert Campagna*
                                          Robert Campagna
                                          Managing Director
                                          Alvarez and Marsal, LLC