# EXHIBIT A

**TROUTMAN PEPPER HAMILTON SANDERS LLP**
Deborah Kovsky-Apap
875 Third Avenue
New York, NY 10022
Telephone: (212) 704-6000
Facsimile: (212) 704-6288
Email:   deborah.kovsky@troutman.com
*Counsel to the Ad Hoc Group of*
*Withhold Account Holders*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**DECLARATION OF DEBORAH KOVSKY-APAP IN SUPPORT OF THE APPLICATION OF THE AD HOC GROUP OF WITHHOLD ACCOUNT HOLDERS FOR ALLOWANCE AND PAYMENT OF FEES UNDER BANKRUPTCY CODE SECTIONS 503(b)(3)(D) AND 503(b)(4)**

I, Deborah Kovsky-Apap, declare as follows:

1.    I am a partner at Troutman Pepper Hamilton Sanders LLP ("Troutman Pepper") and am counsel to the Withhold Ad Hoc Group.[2]

2.    I submit this declaration in support of the Withhold Ad Hoc Group's Application.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

[2] Capitalized terms not otherwise defined herein have the meanings set forth in the *Application of the Ad Hoc Group of Withhold Account Holders for Allowance and Payment of Fees Under Bankruptcy Code Sections 503(b)(3)(D) and 503(b)(4)* (the "Application").

3. I have personal knowledge of the facts and circumstances set forth herein. If called upon to testify, I could and would competently testify to the facts and legal assertions set forth herein from my own personal knowledge, except as otherwise noted.

4. The Withhold Ad Hoc Group organized itself on or about August 10, 2022 and retained Troutman Pepper as counsel on or about the same date. As a courtesy, I provided the Withhold Ad Hoc Group with a discount during 2022 of $300 per hour from my standard hourly rate.

5. Promptly after retaining counsel, the Withhold Ad Hoc Group engaged with the Debtors with respect to the key legal issue of whether assets in Withhold accounts belonged to customers or to the Debtors' estates.

6. In addition to activities undertaken on behalf of its members, the Withhold Ad Hoc Group also performed services, through counsel, for Withhold account holders who were not members of the Withhold Ad Hoc Group. For example, after the Court held that Ineligible Withhold Assets were not property of the Debtors' estates, I conferred with the Debtors on the terms of a proposed order to effectuate withdrawals and regularly followed up to ensure that the Debtors were working on identifying all Ineligible Withhold Assets so that they could be returned to customers. I did so with the support and approval of the Withhold Ad Hoc Group, even though no member of the group held any Ineligible Withhold Assets, because no one else was representing the interests of the holders of those particular Withhold assets.

7. Similarly, with the support and approval of the Withhold Ad Hoc Group, I responded to inquiries from and provided information to Withhold account members who were not members of the Withhold Ad Hoc Group, including significant time communicating with the

Debtors and customers regarding assets that were inadvertently deposited into Withhold accounts post-petition.

8.  Shortly after the December 7 hearing, I began discussing with the Debtors and Committee a potential settlement regarding Phase II issues and the disposition of the remaining Withhold assets. Those discussions ultimately culminated in the Withhold Settlement, which was accepted by all members of the Withhold Ad Hoc Group and incorporated into the Debtors' Plan.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 2, 2023

_____
Deborah Kovsky-Apap

-3-