Dear Honorable Judge Martin Glenn,

I am writing to you today in regarding Best Interests under section 1129, which cites the following:

The requirement under the Code that each creditor that has not accepted a Chapter 11 plan must receive under the plan no less than it would receive if the debtor's assets were liquidated in a Chapter 7 case. Bankruptcy Code § 1129(a)(7).

Today, Chris Ferraro had testified he was not aware of my situation where I could not move my 750k CEL Tokens. He also confirmed he did not know the CEL Token Settlement was in monetary majority rejected by the CEL Token Holders of the Custody class. Chris Ferraro also confirmed that the deactivation date price provided to the dissenting class of creditors was ultimately $0.25 in deactivation date.

That plan would propose to distribute $0.25 cents in deactivation price to members of the dissenting CEL Custody class that voted no in a monetary majority to the plan. It also indicates that the Bankruptcy court may order another amount to the CEL Token price in Custody. This is listed in the CEL Token Settlement amendment here on Docket 3577:

> 84. "*Deactivation Date Cryptocurrency Conversion Table*" means the conversion table the Distribution Agent shall use to calculate the Claims of Holders of Allowed Custody Claims that did not retrieve their Plan distribution from the Celsius platform by the Deactivation Date in Cash and Liquid Cryptocurrency, which table shall contain applicable Cryptocurrency prices as of a date agreed by the Debtors and the Committee, which date is expected to be approximately fifteen (15) days prior to the Deactivation Date. Notwithstanding anything to the contrary herein excepting Custody Claims from the CEL Token Settlement, the Deactivation Date Cryptocurrency Conversion Table shall provide that CEL Token is priced at $0.25 if the Bankruptcy Court approves the CEL Token Settlement, or such other amount as ordered by the Bankruptcy Court. For the avoidance of doubt, following the Deactivation Date, such Claims shall be subject to further conversion pursuant to any applicable Distribution Cryptocurrency Conversion Table in connection with subsequent distributions.

The CEL Token Settlement does not apply to the Custody Class. CEL Token Settlement disclosure mentions it here, on Docket 3577:

> 22-10964-mg   Doc 3577   Filed 09/27/23   Entered 09/27/23 11:25:05   Main Document
> Pg 48 of 193
>
> The Plan shall be deemed a motion to approve the good-faith compromise and settlement of all such Claims, Interests, Causes of Action, and controversies pursuant to Bankruptcy Rule 9019, and the entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of such compromise and settlement under section 1123 of the Bankruptcy Code and Bankruptcy Rule 9019, as well as a finding by the Bankruptcy Court that such settlement and compromise is fair, equitable, reasonable, and in the best interests of the Debtors and their Estates. Subject to Article VI hereof, all distributions made to Holders of Allowed Claims and Allowed Interests (as applicable) in any Class are intended to be and shall be final.
>
> 2. CEL Token Settlement.
>
> Notwithstanding the Cryptocurrency Conversion Table, the Distribution Cryptocurrency Conversion Table, or the Deactivation Date Cryptocurrency Conversion Table, as part of the general settlement described in Article IV.B.1, pursuant to section 1123 of the Bankruptcy Code and Bankruptcy Rule 9019, and in consideration for the mutual compromises described in this Article IV.B.2 and in Article IV.A.2.(b) of the Disclosure Statement, the Plan shall effectuate a settlement of all Claims and Causes of Action arising out of or related to CEL Token for, among other things, recharacterization and subordination, pursuant to the following terms:
>
> - Except as provided in Article III.B.17, all CEL Token Deposit Claims, other than Custody Claims that are CEL Token Deposit Claims, shall be valued at $0.25/CEL Token (i.e., 1 CEL Token equals a $0.25 CEL Token Deposit Claim), and shall otherwise receive the treatment associated with the program in which they were deployed.

This proposed Chapter 11 provides less to a dissenting creditor under deactivation date pricing of $0.25 than a Chapter 7 liquidation, which would provide a bankruptcy price of $0.81.

The debtors need to ensure Chapter 11 creditor values meet or exceed Chapter 7 liquidation values. In the case of the proposed price and ultimate value to the dissenting creditor returned, the debtor does not meet this obligation, as such, the plan cannot be confirmed.

The remedy for this is for the debtor to change the plan to allocate bankruptcy day valuations as deactivation date pricing for the dissenting CEL Custody holder. Presently, in my instance, I obtain back $0.25 pricing versus Bankruptcy Day pricing of $0.81. Alternatively, I ask your honor to make a ruling on a precise dollar amount for my dissenting Custody Class. In this case, I would ask that my concerns listed in this and prior letters in docket 3628 and 3647, creditors such as myself are returned the maximum value to my dissenting class.

The creditors that voted no with their Custody funds deserve the pricing as outlined above.

Your honor, in my case, I was not able to move my CEL in Custody months ahead of the Bankruptcy filing date and freeze, as I noted in my first letter to you. According to the Oren Blonstein declaration in Docket 1192, Celsius lacked the assets according to their liabilities to fulfill the request, ahead of the freeze by my request. I was a victim of not being able to move my assets with the company long before their freeze and bankruptcy. Please see a snippet of this declaration below. As a result, my nearly 750k CEL tokens were locked in Custody. My value is returned is severely adversely affected as a result of this plan, which goes against best interests.

22-10964-mg    Doc 1192    Filed 10/25/22    Entered 10/25/22 23:59:54    Main Document
Pg 17 of 22

|  |  | 6/10/2022 | | |
|---|---|---|---|---|
|  |  | Custody | | Withhold |
|  |  | Assets (on Fireblocks) | Liabilities (in the books) | Liabilities |
| Coin | Price | $174,313,021 | -$168,252,348 | -$6,060,673 |
| 1INCH | 0.76 | 31,221 | -30,463 | -2,725 |
| AAVE | 87.19 | 1,975 | -2,134 | -97 |
| ADA | 0.58 | 6,737,277 | -4,826,624 | -121,307 |
| AVAX | 22.49 | 23,156 | -23,291 | -930 |
| BADGER | 4.66 | 0 | 0 | 0 |
| BAT | 0.37 | 178,914 | -190,393 | -7,940 |
| BCH | 168.86 | 588 | -589 | -24 |
| BNB | 285.14 | 65 | -62 | -6 |
| BNT | 1.21 | 8,556 | -8,700 | -864 |
| BSV | 57.53 | 438 | -422 | -3 |
| BTC | 29,028.75 | 2,548 | -2,447 | -106 |
| BUSD | 1.00 | 107,595 | -126,669 | -4,781 |
| CEL | 0.46 | 1,178,040 | -1,121,241 | -403,651 |
| COMP | 51.36 | 672 | -695 | -26 |
| CRV | 1.03 | 3,744 | -5,682 | 0 |
| DASH | 54.18 | 1,447 | -1,361 | -14,437 |
| DOGE | 0.08 | 3,742,966 | -3,611,158 | -57,909 |
| DOT | 8.73 | 122,329 | -115,912 | -4,026 |
| EOS | 1.19 | 27,257 | -24,592 | -4,006 |
| ETC | 20.13 | 4,938 | -6,795 | -56 |
| ETH | 1,673.41 | 27,170 | -25,126 | -1,084 |
| GUSD | 1.00 | 1,883,532 | -1,861,045 | -8,544 |
| KNC | 1.77 | 44,831 | -41,459 | -160,644 |
| LINK | 8.34 | 281,981 | -382,527 | -12,920 |

I ask the court to guide reject the proposed plan if such changes are not made to rectify the best interests of a CEL Holders in the Custody Class by providing a $0.25 price on the class. It is not fair to the CEL Token holder in the Custody Class to be forced on this price, Chapter 7 is preferable in overall return in value.

Thank you,

Dimitry Kirsanov, Pro Se

/s/Dimitry Kirsanov