

White & Case LLP
555 South Flower Street
Suite 2700
Los Angeles, California 90071-2433
T +1 213 620 7700

whitecase.com

October 11, 2023

VIA ECF

The Honorable Martin Glenn

Chief United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
Alexander Hamilton U.S. Custom House
One Bowling Green, Courtroom 523
New York, NY 10004-1408

**Re:** *In re Celsius Network LLC*, No. 22-10964 (MG)

Dear Chief Judge Glenn,

We write on behalf of the Official Committee of Unsecured Creditors (the "**Committee**") in response to a submission by Mr. Richard Phillips styled as a "Comment on Request for Clarifications, Additions, and Modifications to Confirmation Hearing Procedures." [Dkt. No. 3746] (the "**Request to Reopen Discovery**"). In the Request to Reopen Discovery, Mr. Phillips states that he supports the Debtors' request to extend the deposition period for individuals offering direct testimony in opposition to the Plan, provided that Mr. Phillips is also allowed to depose fact witnesses. Mr. Phillips claims that he "already requested to depose two fact witnesses, and White & Case, Committee Counsel, has summarily refused those requests without adequate justification based on the original discovery schedule which clearly cries out for modification in light of current circumstances and facts, including those learned of on the eve of the Confirmation Hearing." *Id.*

The Request to Reopen Discovery is procedurally improper and substantively without merit. Mr. Phillips already had the opportunity to, and in fact did, cross-examine Mr. Mark Robinson, the Committee's representative proffered in support of confirmation and its board selection process. Mr. Phillips' examination of Mr. Robinson was broad and addressed the very matters that Mr. Phillips suggests that he seeks discovery on in the Request to Reopen Discovery. Mr. Phillips' untimely request for additional depositions should be denied.

## Relevant Facts

On August 24, 2023, the Debtors filed the *Notice of Discovery Schedule for Confirmation Hearing* [Dkt. No. 3356] (the "**Confirmation Discovery Schedule**") which included a court-approved discovery schedule for all matters concerning confirmation of the Plan (except matters concerning

WHITE & CASE

The Honorable Martin Glenn
October 11, 2023

the proposed equitable subordination of certain claims). The Confirmation Discovery Schedule provided that all fact depositions must be completed by September 20, 2023. *Id.* at 2.

On September 8, 2023, the identities of the proposed members of the Board of Directors of NewCo (the "**New Board**") were identified in the *Third Notice of Filing of Plan Supplement* [Dkt. No. 3444]. Mr. Phillips was made aware of the members of the New Board over one month ago, and well before the Confirmation Hearing.

On September 15, 2023, the Court entered the *Order Establishing Case Management Procedures for the Confirmation Hearing* [Dkt. No. 3478] (the "**Confirmation Procedures Order**"). Among other things, the Confirmation Procedures Order required all parties submitting written direct testimony in support of confirmation to submit such testimony by September 27, 2023. *Id.* at ¶ 3.

On September 20, 2023, the Court entered the *Order Clarifying Case Management Procedures for the Confirmation Hearing (Modification #1)* [Dkt. No. 3509], which, among other things, stated that parties objecting to confirmation were precluding from calling witnesses that testified in support of confirmation absent "compelling circumstances."

Mr. Phillips did not notice any depositions by the September 20, 2023 deadline established in the Confirmation Discovery Schedule.

On September 22, 2023, Mr. Phillips filed a limited objection to confirmation, in which he accused White & Case LLP and Perella Weinberg Partners of "commit[ing] provable malpractice" and argued the Plan could not be approved unless the exculpation provided to those parties was limited to not affect his ability to sue those parties in the future. *See* [Dkt. No. 3548] ¶ 4 (the "**Phillips Objection**"). Mr. Phillips took specific issue with the selection of Mr. Emmanuel Aidoo as a proposed member of the New Board and highlighted outstanding tax liens that Mr. Phillips had uncovered and publicized on social media. *Id.* ¶ 1.

On September 27, 2023, the Committee filed the *Declaration of Mark Robinson in Support of Confirmation of the Joint Chapter 11 Plan of Reorganization of Celsius Network LLC and Its Debtor Affiliates* [Dkt. No. 3584], which provided sworn testimony regarding the Committee's board selection process and the Committee's consideration of Mr. Aidoo and Mr. Phillips for positions on the New Board.

On September 29, 2023, the Court held an emergency hearing regarding certain allegations of the Office of the United States Trustee regarding the status of a member of the Committee.

On October 3, 2023, Mr. Robinson provided testimony to the Court regarding the board selection process. During Mr. Robinson's testimony, Mr. Phillips conducted cross-examination of Mr. Robinson regarding, among other things, the concerns raised by the United States Trustee, the selection of the Litigation Oversight Committee, and Mr. Aidoo's qualifications and candidacy.

On or around October 4, 2023, Mr. Phillips called White & Case and said that he would like to depose Mr. Robinson again. The Committee asked Mr. Phillips to put the request in writing. On October 6, 2023, Mr. Phillips sent a follow-up email to White & Case demanding to depose a

2

WHITE & CASE

The Honorable Martin Glenn
October 11, 2023

member of the Committee, as well as to depose Mr. Aidoo. He later clarified that he was dropping his request to depose Mr. Robinson and "renew[ed his] request to depose another member of the UCC of [his] choosing." At that time, the Committee reiterated to Mr. Phillips that (1) his deposition demand was untimely and (2) that Mr. Phillips had already cross-examined a Committee representative on the same matters.

On October 10, 2023, the Court entered the *Order Clarifying Case Management Procedures for the Confirmation Hearing (Modification #2)* [Dkt. No. 3740]. Mr. Phillips then submitted his letter to the Court.

### Mr. Phillips' Request to Reopen Discovery Should Be Denied

As noted above, Mr. Phillips already had an opportunity to examine a representative of the Committee, Mr. Robinson, on the relevant issues for which he now seeks additional depositions. The Court was clear that witnesses would only appear once:

> Efficient procedures in a bankruptcy court evidentiary hearing generally support having all questioning of a witness in support of or in opposition to the relief sought take place during a witness's initial (and, hopefully, only) appearance in court rather than having the witness recalled to testify again at a later time in the case. Absent compelling circumstances, that is the procedure that will apply in this case.

*Order Clarifying Case Management Procedures for the Confirmation Hearing (Modification #1)* [Dkt. No. 3509]. Mr. Phillips cannot circumvent the Court's ruling by seeking to examine another member of the Committee, especially when the deadline to make such a request passed on September 20, 2023.

Likewise, Mr. Phillips's request to depose Mr. Aidoo is untimely. Mr. Phillips had knowledge of Mr. Aidoo's appointment to the New Board on September 8, 2023. In fact, his appointment was the subject of numerous emails to Committee counsel and the basis for Mr. Phillips' limited objection to confirmation. Mr. Phillips did not seek to depose Mr. Aidoo by the September 20, 2023 deadline established in the Confirmation Discovery Schedule, and nearly three weeks have passed since that deadline. Mr. Phillips has waived any right to seek such a deposition.

The Court's *Order Clarifying Case Management Procedures for the Confirmation Hearing (Modification #2)* [Dkt. No. 3740] which granted parties in support of confirmation the opportunity to depose parties who submit direct testimony in opposition of confirmation does not alter this conclusion. Parties who submit direct testimony in opposition of confirmation will appear the week of October 16, 2023 to provide testimony and be subject to cross-examination. The Debtors have sought limited relief to depose only parties submitting direct testimony in opposition to the Plan to "significantly streamline the presentation of evidence at the second portion of the confirmation hearing." [Dkt. No. 3738] at 1-2. The Court's order approving that request was similarly limited to those individuals who submit direct testimony in opposition to the Plan. *See Order Clarifying Case Management Procedures for the Confirmation Hearing (Modification #2)* [Dkt. No. 3740]. The Court did not reopen the deadline for all depositions.

3

WHITE & CASE

The Honorable Martin Glenn
October 11, 2023

In short, to the extent Mr. Phillips' "Comment on Request for Clarifications, Additions, or Modifications to Confirmation Hearing Procedures" is construed as a proper request to reopen the deadline to complete fact depositions—it should be denied.

Respectfully submitted,

/s/ *Aaron Colodny*

**Aaron Colodny**

**T** +(213) 620-7706
**E** aaron.colodny@whitecase.com

4