RICHARD PHILLIPS (*In pro per*)

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re:* <br><br> CELSIUS NETWORK LLC, *et al.*[1] <br><br> Debtor. | **Case No. 22-10964 (MG)** <br><br> **Chapter 11** <br> **(Jointly Administered)** |

**(I)IN SUPPORT OF RICHARD PHILLIPS' LIMITED OBJECTION
AND RESERVATION OF RIGHTS (II) JOINDER TO US TRUSTEE'S
OBJECTION TOCONFIRMATION OF PLAN AND (III) IN REBUTTAL TO
COMMITTEE'S JOINDER TO DEBTOR"S CONFIRMATION BRIEF [3548, 3551, 3616]**

Since filing my original *Limited Objection And Reservation Of Rights Of Richard Phillips To Debtors' Chapter 11 Plan* [Docket No. 3548], additional facts and circumstances have come to light and additional filings have been made by other parties on the docket.

## Background

1.  It's abundantly clear now that W&C did in fact advocate for the UCC's appointment of certain individuals to serve not only on the NewCo board of directors (the "Board"), but also on the Litigation Oversight Committee ("LOC") post-confirmation. These individuals, such as Emmanuel Aidoo ("Aidoo"), an investment banking representative, currently employed by Perella Weinberg Partners ("PWP") on the Celsius matter, Vik Jindal ("Jindal") and Gerald Uzzi ("Uzzi"), both former law partners of W&C, and Keith Noyes

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

("Noyes"), a former Committee member whom the United States Trustee ("Trustee") only recently removed from the Committee after W&C disclosed pertinent facts on the eve of the confirmation hearing at an emergency hearing, represent the favored candidates of PWP and W&C. Where there is smoke, there is likely fire.

**Argument**

2.  The proposed Plan including its Supplements abandons its duties to creditors of the Estate by advocating for the appointment, and eventual service, of certain individuals that have more loyalties and ties to the current professional advisers of the Committee than the current creditors of the estate. The Committee interviewed six (6) creditors who were not members of the Committee and found a number of them to be qualified directors, per Mr. Robinson's testimony, yet they chose not to appoint any of them to the Board. This was in contravention to their fiduciary duties to the creditors, §1102 and §1103 of 11 U.S.C.

3.  The professional advisers to the Committee, W&C and PWP, also have both fiduciary and ethical obligations to their client, the Committee. They are not permitted to engage in self-dealing. They are required to put their client's interests above their own. Yet, the record is abundantly clear here that in certain matters they did not. W&C and PWP did not recommend the best available candidates to the Committee in addition to those creditors who applied, they instead recommended people with whom they had pre-existing relationships. There is no evidence that they recommended that an executive search firm, who are experts in board director searches, be engaged, which would have been an appropriate recommendation if they had truly been interested in assisting the Committee in attracting the best qualified candidates as opposed to friends of the firm.

4.  The appointment of Aidoo to the Board is particularly troubling. His appointment

to the Board was clearly more in PWP's interest[2] than the creditors to whom the Committee owes a fiduciary duty. He most likely does not qualify as an independent director due to disqualification under NASDAQ Rule 5605(a)(2)(B).[3] In addition, his background check popped with negative information regarding tax liens,[4] which should have disqualified him from further consideration by the Committee. These tax liens were not in the distant past, but the most recent was recorded in January 2021. In addition, there were a total of five (5) separate tax judgement/liens recorded. Surely, the Committee could not think that appointing a tax cheat to the Board would enhance investor confidence in the Board's oversight and NewCo equity.

5. The selection process for the LOC is even more polluted. W&C in its quest to ensure that it continued to receive fees post the Effective Date, stacked the LOC with former partners of the firm, Jindal and Uzzi. In addition, a former Committee member, Noyes, was appointed under false pretenses. At the time of his appointment the Committee believed that he was a bona fide Committee member. In fact, W&C knew that Covario, whom Noyes was representing on the Committee, was itself in insolvency proceedings and had ceased communications approximately nine (9) months before.

6. The third party releases under the plan are not "wholly consensual."[5] Mr. Ferraro admitted as much on cross when he stated that he was unaware that you could not opt-out of the release if you voted Yes on the Plan. Almost all creditors want these bankruptcy proceedings to end, so that they can finally have access to their crypto that has been trapped in the Debtor's estate since the Pause sixteen (16) months ago. Thus, creditors felt compelled to vote in favor of

---

[2] Per *Declaration Of Richard Phillips In Support Of His Limited Objection And Reservation Of Rights To Debtors' Chapter 11 Plan* [Docket No. Pending] ("Phillips Declaration") ¶ 20
[3] Id ¶ 21
[4] Id ¶ 18
[5] Per *Declaration of Christopher Ferraro* [Docket No. 3581] ¶ 20

3

the Plan regardless of the releases, which the average creditor does not fully understand.

7. The Trustee has also objected to the releases and exculpation provisions of the Plan in *Objection and Reservation of Rights of the United States Trustee to the Joint Chapter 11 Plan of Celsius Network, LLC and its Debtor Affiliates* [Docket No. 3551]. I join the Trustee in her objection, Both the releases and exculpation provisions are exceedingly and unnecessarily broad.

8. Mr. Ferraro in his testimony also failed to justify the need for exculpation of the professionals for distributions to occur under the Plan. He merely stated that they had participated in its development and deserved to be exculpated in contradiction to his declaration stating that "the exculpation provision is critical to ensuring that funds can be returned to creditors as promptly as possible through the transactions that are approved by the Bankruptcy Court."[6] There is no reason why funds cannot be returned to creditors if exculpation is carved back for known issues that have occurred during the course of these proceedings. In fact, the current Plan includes one such carve for Kirkland's actions or inactions regarding the Debtor's claim on Voyager.

9. The valuation of NewCo equity presented by the Debtors during the Confirmation Hearing is inherently flawed and substantially overstates its value. When these errors are corrected, the overall recovery under the NewCo baseline of the plan is lower than overall recovery under the Orderly Wind Down ("OWD") option.[7] Thus, the Debtors and Committee, in consultation with the Earn and Loan Ad Hocs, must evaluate the relative recoveries and perform their fiduciary duty to toggle the Plan to the OWD. Creditors have clearly shown that they are

---

[6] Id ¶ 27
[7] Per Phillips Declaration ¶ 32

most interested in maximizing the amount of cryptocurrency returned on the Effective Date by their votes on the Weighted Distribution Election, where over 25% of all claims, representing in excess of $1.1 billion in claim value, voted in favor of more crypto. The OWD option also returns more liquid crypto to creditors on the Effective Date or soon thereafter than the NewCo option.

**PROPOSED REMEDIES**

10. Given the limited time available, the constraints of the Confirmation Hearing and despite the desire to provide finality, it's appropriate to provide a limited carve-out for the Committee's professionals to both the third party releases and the exculpation provisions. The carve out should cover the appointment of both the LOC and Board members. A similar carve is currently already included in the plan for Kirkland regarding the Voyager conflict and claim. Proposed wording for this potential carve-out can be modeled after the Kirkland/Voyager carve: "Notwithstanding anything contained herein to the contrary, nothing in the Plan or Confirmation Order shall release or exculpate any claims or causes of actions against any of the Committee's advisors, including, but not limited to White & Case and Perella Weinberg Partners, regarding any action or inaction taken in the appointment of or process of appointing the Litigation Oversight Committee or NewCo Board."

11. The right to investigate and pursue any claim or cause of action should be undertaken by a fiduciary either appointed by the Trustee or overseen by the only three untainted members of the LOC, Mr. Adler, Mr. Crews and Ms. O'Connor. Jindal and Uzzi are direcly conflicted through their past association with W&C. Noyes and Mr. Robinson are potential fact witnesses, and thus cannot oversee the investigation. The proceeds from any recovery against the Committee professionals should flow to creditors through the Litigation Trust.

12. If the Court sees fit, it should also vacate the appointment of Mr. Aidoo to the Board, and potentially Messrs. Jindal, Noyes and Uzzi to the LOC. The Committee should appoint other individuals to these positions who are qualified and loyal to the interests of creditors. The Committee has stated that other qualified individuals were already interviewed and vetted. In performing these tasks, the Committee should be advised by conflict counsel, who despite being contacted before the filing of my Limited Objection has declined to engage.

13. The Debtors should also be directed to evaluate the current expected recoveries for the NewCo and OWD options under the Plan, and file motions to toggle to the OWD option if it will likely result in a higher recovery for creditors or a similar recovery with lower risk.

Dated: Los Angeles, California
October 11, 2023

/s/
RICHARD PHILLIPS
Creditor