Dimitry Kirsanov
*Pro Se*
**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

_____
                                                                )
In re:                                                          )        Chapter 11
                                                                )
CELSIUS NETWORK LLC, *et al.,*[1]                )        Case No. 22-10964 (MG)
                                                                )
                        Debtors.                          )        (Jointly Administered)
_____)

The Honorable Martin Glenn
Chief Bankruptcy Judge
United States Bankruptcy Court for the Southern District of New York
Alexander Hamilton U.S. Custom House
One Bowling Green New York, NY10004

**Re: Objections to Debtor's Proposed Plan and amendments after the balloting, best interests and fair and equitable treatment concerns, safety concerns.**

Dear Honorable Judge Glenn,

The Debtor's Disclosure Statement[2] and the final amendment[3] after the balloting

_____

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] https://cases.stretto.com/public/x191/11749/PLEADINGS/117490817238000000088.pdf 3332
[3] https://cases.stretto.com/public/x191/11749/PLEADINGS/117490816238000000032.pdf 3577

do not meet the best interests of the CEL token holder, or those holders of Cryptocurrency which market valuation may be lower after effective than petition day values at the time of distribution any time after effective day. The debtor cannot guarantee that the value of such asset will be lower or higher than the proposed day of distribution to the creditor in accordance to the deactivation day conversion table. This value returned to the creditor must meet the best interest tests in accordance with liquidation values. The debtor has clarified that deactivation day values will be forced on Hawaii in the first 90 days of distribution.

The Custody class has already settled[4]. If the debtor's estate cannot satisfy in kind distributions as they have indicated most tokens will not be distributable in Hawaii, they the language in the Custody Settlement calls for a distribution in an alternative currency which conversion rate shall be determined using the value of the original digital asset as of Petition Date in U.S. dollars that will be converted into alternative available cryptocurrency based on the value of such digital asset as of the date of entry of the Settlement Approval Order. Custody CEL Token Holders in Hawaii must follow this methodology with distribution from the Trustee, or any other Cryptocurrency not supported by disbursement by the debtor's estate. The rebuttal of a settling class member such as myself that is forced to vote yes because I accepted the original Custody Settlement is not valid.

---

4 https://cases.stretto.com/public/x191/11749/PLEADINGS/1174903212380000000219.pdf 2291

As a result of having Pure Custody CEL in my account, along with having a loan, this made me ineligible for withdrawals in accordance to Pure Custody Withdrawal order. Accepting the Custody Settlement also made me eligible to vote to reject the plan with my Pure Custody assets, however still retaining my right to receive normal distribution through the plan.

The monetary majority of the CEL Token Holders by monetary value voted to reject the CEL Token Settlement, as shown by the debtor's balloting[5] results. As a dissenting member, it is against my best interests and is not fair or equitable in comparison to other classes. The debtor's liquidation analysis provides petition day values, as per the Cryptocurrency Conversion Rates[6] for the tokens in question. For CEL Token in Pure Custody (100% Liquidation), the value returned must be equal or at least $0.81565 per CEL Token. For CEL in General Custody (72.5% Liquidation), the value returned must be equal or at least $0.59134625 per CEL Token. For CEL in General Earn (47.4% Liquidation), the value returned must be equal or at least $0.3866181 per CEL Token. The proposed $0.25 valuation is not fair and equitable across all classes, as it specifically targets the CEL Custody Holder with the most monetary loss.

Under the CEL Token Settlement in the Disclosure Statement, it indicates that "All CEL Token Deposit Claims, other than Custody Claims that are CEL Token Deposit Claims, shall be valued at $0.25/CEL Token". Yet, the monetary weight of the ballot assigned

---

5 https://cases.stretto.com/public/x191/11749/PLEADINGS/1174909252380000000182.pdf 3560
6 https://cases.stretto.com/public/x191/11749/PLEADINGS/1174911222280000000082.pdf 1420

$0.25 to CEL. Furthermore, the change to enforce a $0.25 valuation on CEL Token is exceptionally detrimental to CEL Token Holders in Pure Custody and General Custody in comparison to Earn.

RELIEF REQUESTED:

1. Pursuant to Bankruptcy Code 1127, and Bankruptcy Rule 3019(a), I am a dissenting class member that has been adversely affected by the plan change monetarily after balloting. I request remedy on this matter or a ballot revote.
2. Pursuant to Bankruptcy Code 1191, this plan is not fair or equitable to the classes that hold CEL Token.

The court has prior asked for opinions on this matter. I stand that to meet the best interests, the plan must have equal or greater value to every liquidation value of CEL in accordance to the class it is in. There has been no ruling on valuation, nor has this asset been deemed a security. As the court has mentioned, it may be an appellate matter. We can solve this matter by providing those liquidation values to the respective CEL classes. To continue to cost the estate tens of millions of dollars is unacceptable. I am not asking the court at this point to convert this matter to Chapter 7 for cause, I request to reserve the right to do so as a party of interest.

I am making these objections and concerns known to my best of my abilities as a Pro Se on short notice after interpreting this change to be detrimental to me after the final amendment change after balloting on the 27th. I am not a lawyer, and I have never applied or been admitted to the bar. I have been in touch with Counsel to represent me on this matter and intend on making a decision to retain such counsel on or around October 17th to pursue this.

I want to thank the court for its continued patience with me on this matter. It was my understanding that the debtor would meet the best interests. However, with the changes I interpreted to not be as such, along with the debtor confirming they would not return equal or greater value, I have had no choice but to fight on my own on short notice.

I have concerns regarding my personal safety along with my family's safety during this time. I have contacted the local police on Monday which has committed resources to safeguard me and my family. I have reported this to the Trustee. I would request an audience with the court in private to discuss these concerns.

Thank you,


Dimitry Kirsanov, Pro Se

/s/Dimitry Kirsanov