# KIRKLAND & ELLIS LLP

### AND AFFILIATED PARTNERSHIPS

T.J. McCarrick
To Call Writer Directly:
+1 202 389 3136
tj.mccarrick@kirkland.com

1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
United States

+1 202 389 5000

www.kirkland.com

Facsimile:
+1 202 389 5200

October 12, 2023

**Via ECF**

The Honorable Martin Glenn
Chief United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
Alexander Hamilton U.S. Custom House
One Bowling Green, Courtroom 523
New York, NY 10004-1408

> Re:  *In re Celsius Network LLC*, No. 22-10964 (MG) – Request For Clarifications, Additions, and Modifications to Confirmation Hearing Procedures

Dear Chief Judge Glenn:

The Debtors write pursuant to Local Rule 7001-1 to request a discovery conference at the Court's convenience regarding the requested deposition of *pro se* creditor Otis Davis.  After multiple days of failing to respond to the Debtors' emails, Mr. Davis for the first time today indicated that he will be unable to sit for a deposition until next Wednesday, October 18, 2023. The Debtors therefore request that: (i) Mr. Davis be compelled to sit for a virtual deposition no later than Saturday, October 14, 2023, in advance of the evidentiary hearing; (ii) Mr. Davis be precluded from offering testimony or evidence during the evidentiary hearing until he does sit for a deposition; and/or (iii) testimony and evidence elicited by Mr. Davis to date be stricken from the record in the event he does not sit for a deposition.

**Factual Background.**  On September 18, 2023, the Debtors served Mr. Davis with a deposition notice, which was the subject of a discovery hearing the same day, along with the Official Committee of Unsecured Creditors' (the "Committee") document and deposition requests. *See* Ex. A.  Following that hearing, the Debtors, the Committee, Mr. Davis, and his counsel met and conferred over the Committee's document requests and agreed to defer the deposition at that time.  After reviewing Mr. Davis's objection, his other filings, and observing his questioning during the first week of the confirmation hearing, the Debtors renewed their request to depose Mr. Davis.  A brief timeline of the parties' deposition-related correspondence follows, *see* Ex. B:

# KIRKLAND & ELLIS LLP

The Honorable Martin Glenn
October 12, 2023
Page 2

- <u>October 5, 2023</u>: The Debtors ask Mr. Davis whether he intends to submit written testimony in opposition to confirmation and for his availability for a deposition between October 12-13, 2023.

- <u>October 6, 2023</u>: The Debtors ask again for Mr. Davis's availability for a deposition after not receiving a response from Mr. Davis or his counsel.

- <u>October 7, 2023</u>: Mr. Davis confirms that he plans to give written testimony but does not provide his availability for a deposition. Neither Mr. Davis nor his counsel identify windows of unavailability before the objector phase of the confirmation hearing.

- <u>October 9, 2023 (7:34 a.m. ET)</u>: The Debtors ask for Mr. Davis's availability for a deposition between October 11-14, 2023, noting it may require 4-7 hours of uninterrupted time.

- <u>October 9, 2023 (11:43 a.m. ET)</u>: Mr. Davis retracts his statement about offering affirmative testimony, noting "after speaking to counsel, we have no clue what the hell you're talking about."

- <u>October 9, 2023 (11:49 a.m. ET)</u>: The Debtors explain that written testimony refers to "a statement or declaration under oath that [Mr. Davis] would submit by the 12:00pm ET 10/11 deadline for parties to submit testimony in opposition to confirmation." The Debtors again ask for Mr. Davis's availability for a deposition.

- <u>October 10, 2023</u>: After not receiving a response from Mr. Davis or his counsel, the Debtors ask for Mr. Davis's availability for a deposition between October 11-14, 2023.

- <u>October 10, 2023</u>: Mr. Davis files a motion to allow expert testimony from Hussein Faraj and a supplemental statement. *See* Dkt. No. 3752. Neither Mr. Davis nor his counsel provide Mr. Davis's availability for a deposition or any windows of unavailability.

- <u>October 11, 2023 (10:43 a.m. ET)</u>: Still having received no response from Mr. Davis or his counsel, the Debtors ask that Mr. Davis provide his availability for a deposition no later than 2:00 p.m. ET, explaining that—if he fails to do so and refuses to sit for a deposition—the Debtors will move to strike any affirmative testimony or evidence offered by Mr. Davis and also will move to strike questions, answers, and statements made by Mr. Davis during the first week of the confirmation hearing.

## KIRKLAND & ELLIS LLP

The Honorable Martin Glenn
October 12, 2023
Page 3

- **October 11, 2023 (2:00 p.m. ET):** The Debtors confirm that they will move forward with a motion to preclude Mr. Davis's declaration and testimony, any evidence he intends to submits, and any testimony or evidence elicited by Mr. Davis during the first week of confirmation.

- **October 11, 2023:** Mr. Davis files written testimony in advance of the objector portion of the confirmation hearing and an updated exhibit list. *See* Dkt. Nos. 3769, 3776.

- **October 12, 2023:** Mr. Davis responds, indicating that he will not sit for deposition without the presence of counsel, and that his counsel is traveling to Puerto Rico from October 12-16, 2023 and will not be able to defend his deposition until October 18, 2023. Mr. Davis claims that he was unaware that the Debtors and the Committee intended to move forward with his deposition, and that he was unaware of any court order authorizing his deposition or notice requesting his deposition. Mr. Davis's counsel was copied on the prior email correspondence and had not indicated any scheduling issues (in fact, he has not responded at all).

*Argument.* It is well established that a party that refuses to sit for a deposition may be precluded from offering trial testimony in support of his or her claim. *See, e.g.*, *Lewis v. City of New York*, 2013 WL 6283507, at *1 (S.D.N.Y. Dec. 4, 2013) ("To allow Downing to testify at trial despite having failed to appear for a deposition on six different occasions, despite having disregarded a court-ordered subpoena, and despite discovery having closed, would not only prejudice Defendants' ability to defend this case, but would also encourage other potential witnesses to skirt their discovery obligations even after being ordered to comply by the Court."); *Butler v. Bosclair*, 2012 WL 13024764, at *2 (N.D.N.Y. July 19, 2012) ("Under all of the circumstances, the Court grants defendant's motion to preclude the testimony of Dr. Isele based on his failure to appear for deposition."); *Harewood v. Braithwaite*, 2013 WL 5366391, at *4 (E.D.N.Y. 2013) ("The Court grants Defendant's motion with respect to Paul Gibbs based on his refusal to be deposed even when subpoenaed."). The Debtors therefore request one or more of the following forms of relief: (i) that Mr. Davis be compelled to sit for deposition in advance of October 16, 2023; (ii) that Mr. Davis be precluded from offering testimony or evidence during the objection phase of the confirmation hearing unless and until he sits for a deposition; and (iii) that any testimony or evidence elicited by Mr. Davis to date be stricken from the record.

None of Mr. Davis's excuses for delaying his deposition has merit. *First*, the fact that Mr. Davis has competing discovery obligations—including the preparation of written testimony and an expert report—does not excuse his (and his counsel's) multi-day lack of responsiveness to scheduling emails, nor does it explain why he only today disclosed that his counsel was unavailable to defend his deposition until October 18, 2023. Over the same period that the Debtors' requests went un-responded to, Mr. Davis made multiple public filings and issued dozens of Tweets,

## KIRKLAND & ELLIS LLP

The Honorable Martin Glenn
October 12, 2023
Page 4

including on deposition-related topics (albeit to the subpoena issued by Mr. Frishberg).  It therefore is not credible to suggest that Mr. Davis and his counsel were unable to respond promptly to the Debtors' discovery correspondence, knowing full well that the parties are operating on an expedited schedule.

*Second*, Mr. Davis's process-related points are equally unfounded.  Mr. Davis suggests that no court order authorizes his deposition and that the Debtors failed to issue him a deposition notice.  Both contentions are wrong.  On October 10, 2023, the Court issued an order making clear that "[t]he period for the Debtors to depose individuals who indicate an intent to submit written testimony in opposition to confirmation is extended to between October 10, 2023 and the day before that witness is proposed to testify."  *See* Dkt. No. 3740 at 1.  Despite Mr. Davis's inconsistent statements about whether he would submit testimony, he has done so, *see* Dkt. No. 3769, meaning he falls within the scope of the confirmation procedures order.  Moreover, Mr. Davis is incorrect that he did not receive a deposition notice.  The Debtors issued a notice to Mr. Davis on September 18, 2023, *see* Ex. A, which Mr. Davis acknowledges he received, *see* Ex. B.  Although the Debtors did not immediately move forward with that deposition (in an effort to determine whether it was necessary), it was properly noticed, as both Mr. Davis and his counsel acknowledged at the September 18, 2023, hearing and subsequent meet and confer.

\*            \*            \*

It is unfair—and costly—to delay these confirmation proceedings because of a purported scheduling conflict of Mr. Davis's own making and that his counsel has not even verified.  The Debtors therefore request that the Court order one or more of the following forms of relief: (i) Mr. Davis be compelled to sit for a virtual deposition no later than Saturday, October 14, 2023, in advance of the evidentiary hearing; (ii) Mr. Davis be precluded from offering testimony or evidence during the evidentiary hearing until he does sit for a deposition; and/or (iii) testimony and evidence elicited by Mr. Davis to date be stricken from the record in the event he does not sit for a deposition.  The Debtors are available for a discovery hearing at the Court's convenience.

# KIRKLAND & ELLIS LLP

The Honorable Martin Glenn
October 12, 2023
Page 5

Sincerely,

*/s/ T.J. McCarrick*

T.J. McCarrick

# EXHIBIT A

**From:** McCarrick, T.J.
**To:** otisd1234@icloud.com
**Cc:** Kuethman, Kathryn; Hershey, Samuel; Colodny, Aaron; Gurland, Carolyn; Weedman, Joshua; Brown, Judson; Kwasteniet, Ross M.; Koenig, Chris; Brier, Grace C.; Simson, Hannah C.; michael.jaoude@whitecase.com
**Subject:** In re Celsius Network LLC, et al., Case No. 22-10964 (MG) - Deposition Notice
**Date:** Monday, September 18, 2023 9:22:00 AM
**Attachments:** 2023.09.18 Debtors Dep. Notice to Otis Davis.pdf

Mr. Davis-

Please find attached a cross-notice for the deposition scheduled by the UCC for September 20, 2023.  The Debtors also are willing to discuss an alternative date that works for your schedule.

Regards,
T.J.

## T.J. McCarrick

**KIRKLAND & ELLIS LLP**
1301 Pennsylvania Ave, N.W., Washington, D.C. 20004
**T** +1 202 389 3136 **M** +1 202 746 1376
**F** +1 202 389 5200

tj.mccarrick@kirkland.com

Judson Brown, P.C. (admitted *pro hac vice*)
T.J. McCarrick (admitted *pro hac vice*)
Grace Brier (admitted *pro hac vice*)
Hannah Simson (admitted *pro hac vice*)
Joseph D'Antonio (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
1301 Pennsylvania Avenue NW
Washington, D.C. 20004
Telephone:    (202) 389-5000
Facsimile:    (202) 389-5200

Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Counsel to the Initial Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| CELSIUS NETWORK LLC, *et al.*,[1] | : | Case No. 22-10964 (MG) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

## THE DEBTORS' CROSS-NOTICE OF DEPOSITION OF OTIS ALLEN DAVIS

**PLEASE TAKE NOTICE**, that the above-captioned debtors and debtors in possession

(collectively, the "Debtors"), by and through their counsel, cross-notice the deposition upon oral

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

examination of Otis Allen Davis currently scheduled at 9:00am ET on September 20, 2023, at the offices of White & Case LLP, 1221 Avenue of the Americas, New York, NY 10020, pursuant to the Court's *Notice of Discovery Schedule for Confirmation Hearing* [Dkt. No. 3356]. In the event September 20, 2023, is unavailable, the Debtors will work with the Official Committee of Unsecured Creditors and Mr. Davis to find a mutually agreeable time and location.

**PLEASE TAKE NOTICE** that the parties may attend the deposition in person or remotely. The deposition will be taken upon oral examination before an official authorized by law to administer oaths and will continue from day to day until completed. Pursuant to Rule 30(b)(3), testimony of the witness will be recorded by both stenographic and videographic means.

**PLEASE TAKE FURTHER NOTICE** that any party wishing to attend the deposition must send a written request to attend the deposition to Debtors' counsel at CelsiusCreditorQuestions@kirkland.com by September 19, 2023, at 5:00pm ET. Such written request must indicate whether the party intends to attend in person or remotely. The Debtors are not obligated to honor any request to participate submitted after the deadline. Parties who are not available to attend the deposition may submit questions to CelsiusCommitteeInquiries@ra.kroll.com for consideration by parties who will be participating in the deposition.

.

Dated:  September 18, 2023
New York, New York

*/s/ T.J. McCarrick*

Judson Brown, P.C. (admitted *pro hac vice*)
T.J. McCarrick (admitted *pro hac vice*)
Grace Brier (admitted *pro hac vice*)
Hannah Simson (admitted *pro hac vice*)
Joseph D'Antonio (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
1301 Pennsylvania Avenue NW
Washington, D.C. 20004
Telephone:    (202) 389-5000
Facsimile:    (202) 389-5200

Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

*Counsel to the Initial Debtors and Debtors in Possession*

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

# EXHIBIT B

| From: | McCarrick, T.J. |
|---|---|
| To: | OTIS DAVIS |
| Cc: | Kuethman, Kathryn; Hershey, Samuel; Colodny, Aaron; Koenig, Chris; Ira B. Pollack, Esq.; Brier, Grace C.; Brown, Judson |
| Subject: | RE: Immediate CEL token settlement |
| Date: | Thursday, October 12, 2023 9:17:00 AM |
| Attachments: | 2023.10.10 Order Clarying Case Management Procedures.pdf |
| | In re Celsius Network LLC et al, Case No. 22-10964 (MG) - Deposition Notice.msg |

Mr. Davis-

This email will not respond to the multiple inaccuracies and overstatements in your email below. Suffice it to say that it is not credible to suggest that, at the same time you had the time to respond to Mr. Frishberg's subpoena submissions, Tweet about these Chapter 11 cases, submit a declaration in opposition to confirmation, and work with Mr. Faraj to prepare an expert, you (and your counsel who has been cc'ed on all of these communications) did not have time to send a scheduling email or provide windows of availability or unavailability for a deposition.  Nor is it credible to suggest that you believed the discovery process had concluded, after the Debtors had emailed you and your counsel on October 5, 6, 9, 10, and 11 indicating their intention to take your deposition.

As to formal process, on October 10, 2023, the Court ruled that "[t]he period for the Debtors to depose individuals who indicate an intent to submit written testimony in opposition to confirmation is extended to between October 10, 2023, and the day before that witness is proposed to testify." *See* Dkt. No. 3740 at 1 (attached).  Because you are an individual who has submitted proposed written testimony (and expert testimony), you fall within the scope of that order. In terms of a subpoena, the Debtors served a notice on September 18, 2023 (as reflected in the attached email correspondence), but deferred finalizing a date until after the objection deadline passed and the first week of the confirmation hearing concluded.  The record therefore is clear that the Court has authorized the Debtors to take this deposition, and that the Debtors had previously served a subpoena requesting your deposition.

At no point have the Debtors remotely suggested—or attempted to obstruct—the presence of counsel at your deposition.  Notwithstanding his vacation, we expect that Mr. Pollack will make himself available for a virtual deposition in advance of the second week of confirmation, and propose Saturday afternoon, 10/14 and/or Sunday afternoon, 10/15.  Given Mr. Pollack's failure to respond on this email, it unclear to the Debtors why this is the first time we are hearing of Mr. Pollack's conflict.  We don't expect to use the full 7 hours allowed by the Federal Rules of Civil Procedure for your deposition, and propose breaking the deposition into two 3.5 hour segments—one tomorrow, and one Saturday afternoon.  (Again, we do not anticipate using close to the full amount of time).

Regards,
T.J.

**From:** OTIS DAVIS <otisd1234@icloud.com>
**Sent:** Thursday, October 12, 2023 8:51 AM
**To:** McCarrick, T.J. <tj.mccarrick@kirkland.com>

**Cc:** Kuethman, Kathryn <kathryn.kuethman@whitecase.com>; Hershey, Samuel
<sam.hershey@whitecase.com>; Colodny, Aaron <aaron.colodny@whitecase.com>; Koenig, Chris
<chris.koenig@kirkland.com>; Ira B. Pollack, Esq. <irabpollack@yahoo.com>; Brier, Grace C.
<grace.brier@kirkland.com>; Brown, Judson <jdbrown@kirkland.com>
**Subject:** Re: Immediate CEL token settlement

---

**This message is from an EXTERNAL SENDER**

Be cautious, particularly with links and attachments.

---

Mr. McCarrick,

What the HECK?  You think I sit around and monitor my email all day or something?
 I do have a life.  After a long and tiresome few days of working literally around the
clock with getting an expert (Hussein Faraj) and putting another filing on Stretto, I
am tired as hell and simply disconnected and took a break to rest. I don't need to
tell you how tiring this stuff is and how much it takes out of you to do all this work.
 After all, all of you collectively are billing the estate $20 million a month; as Chris
Ferraro said in court last week, "Our burn rate is $20 million a month."

You indicated that you want to depose me for 4 to 7 hours, and I decided that I
want my attorney at this deposition, being that it will be so long. The attorney that I
retained solely for the discovery process, as you know, is Ira B. Pollack.  After I
produced the documents to White & Case and you, I thought that discovery was
over.

I reached out to my attorney yesterday, Ira B. Pollack, who is CC'd on this email, and
he told me he's going to Puerto Rico tomorrow (meaning today) on vacation and
that he won't be back until Monday, October 16th, but also that he won't have any
availability until Wednesday October 18th because of the length of the deposition.
I want my attorney at this deposition that you guys all of a sudden want again, even
though you had all the time in September to do this. You could have asked the
Judge about this when we were before him regarding the Production of Documents
a few weeks ago when Samuel Hershey and I were in front of your Honor.

Also, please send me the Order that requires you to take my deposition.  Perhaps
you can refresh my recollection.  I don't remember the judge giving an order

specifically saying you can depose Otis Davis. You are the lawyer, so I'm sure you can explain it very well.

Back in late August, early September, you indicated when I was producing documents to White & Case (Samuel Hershey) and yourself based on the Request for Production of Documents served on me that you (more specifically Chris Koenig from your firm) wanted to take my deposition then.  I produced the documents requested and I didn't hear anything more about a deposition from your side, which I told my attorney that we are finished, they don't want to depose me anymore. You had plenty of time back then to take my deposition.  Now all of a sudden you want my deposition just because you say so.  Did you serve me with a Subpoena to take my deposition?  No, you did not.  Did you serve me with a Notice?  No, you did not.  You're saying it's the discovery process, but I would feel much more comfortable if your Honor tells me that, since I simply don't trust you in this process, based on your past bullying and threatening tactics.

Also, you need to let me and my attorney know the scope of the deposition and also a time limit.  I would much prefer to hear the scope and time limit from the Judge, not you.  If the judge orders me to appear for a deposition, I have no choice but to do so, but I would also ask your Honor to put a time limit on such a deposition, and that time limit should not be 4 to 7 hours.  Please let us know the scope of the deposition you are requesting and also a time limit.  I also don't appreciate your threats. I have an absolute right to have my counsel at this deposition and I am exercising that right.  If you don't want me having counsel at this deposition, take it up with the Judge.  I don't sit around and monitor my email all day long.  I have things to do and a life to live.

Best

Otis Davis

On Oct 11, 2023, at 2:00 PM, McCarrick, T.J. <tj.mccarrick@kirkland.com> wrote:

Otis-

Having not heard from you, we'll be moving forward tomorrow with a motion to preclude your declaration/testimony, any evidence (including expert testimony) you intend to submit, and any testimony elicited by you during the first week of confirmation.  Having received a subpoena—and now having submitted testimony—you cannot insulate yourself from the discovery process all other litigants are subject to.

Regards,
T.J.

---

**From:** McCarrick, T.J.
**Sent:** Wednesday, October 11, 2023 10:43 AM
**To:** 'OTIS DAVIS' <otisd1234@icloud.com>
**Cc:** 'Kuethman, Kathryn' <kathryn.kuethman@whitecase.com>; 'Hershey, Samuel' <sam.hershey@whitecase.com>; 'Colodny, Aaron' <aaron.colodny@whitecase.com>; Koenig, Chris <chris.koenig@kirkland.com>; 'Ira B. Pollack, Esq.' <irabpollack@yahoo.com>; Brier, Grace C. <grace.brier@kirkland.com>; Brown, Judson <jdbrown@kirkland.com>
**Subject:** RE: Immediate CEL token settlement

Otis-

Please provide your availability for a deposition between tomorrow and 10/15 no later than 2pm today.  Despite making numerous public filings, including your most recent filing indicating your intention to submit expert testimony, you have not offered any dates or times.  In the event you do not do so, or refuse to sit for a deposition, the Debtors will move to strike any affirmative testimony and evidence (expert or otherwise) that you will offer and also will move to strike and questions, answers, or statements made during the first phase of the confirmation hearing.

Regards,
T.J.

---

**From:** McCarrick, T.J.
**Sent:** Tuesday, October 10, 2023 12:21 PM
**To:** 'OTIS DAVIS' <otisd1234@icloud.com>
**Cc:** 'Kuethman, Kathryn' <kathryn.kuethman@whitecase.com>; 'Hershey, Samuel' <sam.hershey@whitecase.com>; 'Colodny, Aaron' <aaron.colodny@whitecase.com>; Koenig, Chris <chris.koenig@kirkland.com>; 'Ira B. Pollack, Esq.' <irabpollack@yahoo.com>; Brier, Grace C. <grace.brier@kirkland.com>; Brown, Judson <jdbrown@kirkland.com>
**Subject:** RE: Immediate CEL token settlement

Hi Otis-

Following up on the below: when are you available between tomorrow and 10/15 for a deposition?  Just trying to nail down scheduling on our end.

Regards,
T.J.

---

**From:** McCarrick, T.J.
**Sent:** Monday, October 9, 2023 11:49 AM
**To:** 'OTIS DAVIS' <otisd1234@icloud.com>
**Cc:** Kuethman, Kathryn <kathryn.kuethman@whitecase.com>; Hershey, Samuel <sam.hershey@whitecase.com>; Colodny, Aaron <aaron.colodny@whitecase.com>; Koenig, Chris <chris.koenig@kirkland.com>; Ira B. Pollack, Esq. <irabpollack@yahoo.com>; Brier, Grace C. <grace.brier@kirkland.com>; Brown, Judson <jdbrown@kirkland.com>
**Subject:** RE: Immediate CEL token settlement

Thanks, Otis.  By written testimony, I mean a statement or declaration under oath that you would submit by the 12:00pm ET 10/11 deadline for parties to submit testimony in opposition to confirmation.  So, to the extent you intend to submit such a statement or exhibits that you intend to offer at the hearing, we'd ask for your availability this week for a deposition.

---

**From:** OTIS DAVIS <otisd1234@icloud.com>
**Sent:** Monday, October 9, 2023 11:43 AM
**To:** McCarrick, T.J. <tj.mccarrick@kirkland.com>
**Cc:** Kuethman, Kathryn <kathryn.kuethman@whitecase.com>; Hershey, Samuel <sam.hershey@whitecase.com>; Colodny, Aaron <aaron.colodny@whitecase.com>; Koenig, Chris <chris.koenig@kirkland.com>; Ira B. Pollack, Esq. <irabpollack@yahoo.com>; Brier, Grace C. <grace.brier@kirkland.com>; Brown, Judson <jdbrown@kirkland.com>
**Subject:** Re: Immediate CEL token settlement

T.J. I'm just realizing what you want, after speaking to one of my attorneys.  I know I said "yes," but after speaking to counsel, we have no clue what the hell you're talking about regarding written testimony. So what the heck you talking about written testimony? What do you mean?

From what I understand what you're asking, I do not plan on giving written testimony.

Best, Otis Davis

On Oct 9, 2023, at 7:34 AM, McCarrick, T.J. <tj.mccarrick@kirkland.com>
wrote:

Great, thanks for confirming Otis.  Please let us know when you are
available between Wednesday and Saturday for a virtual deposition.  It
likely will require 4-7 hours of uninterrupted time.

Regards,
T.J.

---

**From:** OTIS DAVIS <otisd1234@icloud.com>
**Sent:** Monday, October 9, 2023 8:29 AM
**To:** McCarrick, T.J. <tj.mccarrick@kirkland.com>
**Cc:** Kuethman, Kathryn <kathryn.kuethman@whitecase.com>; Hershey,
Samuel <sam.hershey@whitecase.com>; Colodny, Aaron
<aaron.colodny@whitecase.com>; Koenig, Chris
<chris.koenig@kirkland.com>; Ira B. Pollack, Esq.
<irabpollack@yahoo.com>; Brier, Grace C. <grace.brier@kirkland.com>;
Brown, Judson <jdbrown@kirkland.com>
**Subject:** Re: Immediate CEL token settlement

T.J.,

I wasn't sure if I was going to give any written testimony, but I thought
about it over the weekend and I DO plan to give written testimony.

Best, Otis

On Oct 6, 2023, at 3:57 PM, McCarrick, T.J.
<tj.mccarrick@kirkland.com> wrote:

Following up on the below regarding availability next week
for the previously-noticed deposition.

Regards,

T.J.

---

**From:** McCarrick, T.J.
**Sent:** Thursday, October 5, 2023 4:22 PM
**To:** 'OTIS DAVIS' <otisd1234@icloud.com>; Kuethman, Kathryn <kathryn.kuethman@whitecase.com>
**Cc:** Hershey, Samuel <sam.hershey@whitecase.com>; Colodny, Aaron <aaron.colodny@whitecase.com>; Koenig, Chris <chris.koenig@kirkland.com>; Ira B. Pollack, Esq. <irabpollack@yahoo.com>; Brier, Grace C. <grace.brier@kirkland.com>; Brown, Judson <jdbrown@kirkland.com>
**Subject:** RE: Immediate CEL token settlement

Dear Ira/Otis-

Do you intend to submit written testimony in advance of the objector portion of the confirmation hearing?  If so, the Debtors intend to take your deposition and would ask for your availability between October 12-13.

Regards,
T.J.

---

**From:** OTIS DAVIS <otisd1234@icloud.com>
**Sent:** Thursday, September 21, 2023 12:35 PM
**To:** Kuethman, Kathryn <kathryn.kuethman@whitecase.com>
**Cc:** Hershey, Samuel <sam.hershey@whitecase.com>; McCarrick, T.J. <tj.mccarrick@kirkland.com>; Colodny, Aaron <aaron.colodny@whitecase.com>; Koenig, Chris <chris.koenig@kirkland.com>; Ira B. Pollack, Esq. <irabpollack@yahoo.com>
**Subject:** Re: Immediate CEL token settlement

1:30 PM is fine.

> On Sep 21, 2023, at 12:33 PM, Kuethman, Kathryn <kathryn.kuethman@whitecase.com> wrote:
>
> Hi Otis,
>
> Are you available at 1:30pm? We have conflicts at 1:00pm. If so, I can send out a dial in.

Best,
Kathryn

**Kathryn Kuethman** | Associate
**Pronouns:** she/her
**T** +1 212 819 7667    **M** +1 646 309
1236    **E** kathryn.kuethman@whitecase.com
White & Case LLP | 1221 Avenue of the Americas | New
York, NY 10020-1095

---

**From:** OTIS DAVIS <otisd1234@icloud.com>
**Sent:** Thursday, September 21, 2023 11:51 AM
**To:** Hershey, Samuel
<sam.hershey@whitecase.com>
**Cc:** McCarrick, T.J.
<tj.mccarrick@kirkland.com>; Kuethman,
Kathryn <kathryn.kuethman@whitecase.com>;
Colodny, Aaron
<aaron.colodny@whitecase.com>; Koenig,
Chris <chris.koenig@kirkland.com>; Ira B.
Pollack, Esq. <irabpollack@yahoo.com>
**Subject:** Re: Immediate CEL token settlement

Let me speak to Ira. 1 PM today works for me.

On Sep 21, 2023, at 9:20 AM,
Hershey, Samuel
<sam.hershey@whitecase.com>
wrote:

Otis, I am narrowing this group
and also adding Ira for
awareness.

I appreciate your agreement last
night to keep these documents
confidential, while reserving the
right to use them in your
objection. As TJ notes, there is a
procedure for using confidential
documents in court filings, called
"sealing," which we would be
happy to discuss further with you.

Following up on our discussion

last night, I'd like to find a time today for you, the Committee and the Debtors to discuss settlement. Please let us know times that work for you and we will get something scheduled.

Best,
Sam

**Samuel P. Hershey**  |  Partner
**T** +1 (212) 819-2699   **M** +1 (914) 582-1628   **E** sam.hershey@whitecase.com
White & Case LLP  |  1221 Avenue of the Americas  |  New York, NY 10020-1095
<image001.png>

---

**From:** McCarrick, T.J. <tj.mccarrick@kirkland.com>
**Date:** Thursday, Sep 21, 2023 at 09:00
**To:** OTIS DAVIS <otisd1234@icloud.com>, Hershey, Samuel <sam.hershey@whitecase.com>
**Cc:** Kuethman, Kathryn <kathryn.kuethman@whitecase.com>, Colodny, Aaron <aaron.colodny@whitecase.com>, Weedman, Joshua <jweedman@whitecase.com>, Brown, Judson <jdbrown@kirkland.com>, Kwasteniet, Ross M. <rkwasteniet@kirkland.com>, Koenig, Chris <chris.koenig@kirkland.com>, Brier, Grace C. <grace.brier@kirkland.com>, Simson, Hannah C. <hannah.simson@kirkland.com>, Jaoude, Michael <michael.jaoude@whitecase.com>, Hershey, Samuel <sam.hershey@whitecase.com>,

W&C SPAC Team
<[WCSPACTeam@groups.whitecase.com](mailto:WCSPACTeam@groups.whitecase.com)>, Gurland, Carolyn
<[carolyn.gurland@whitecase.com](mailto:carolyn.gurland@whitecase.com)>
**Subject:** RE: Immediate CEL token settlement

Otis-

The documents speak for themselves and plainly do not show any involvement or misconduct by Mr. Ferraro in connection with CEL Token. Although these documents were not requested by you (or properly produced by you by the UCC), we do not intend to claw them back. Please note, however, that the documents are marked highly confidential, meaning that—to the extent they are used in connection with any pleading—they should be redacted and/or filed under seal.

Regards,
T.J.

**T.J. McCarrick**

----------------------------------------------------------

**KIRKLAND & ELLIS LLP**
1301 Pennsylvania Ave, N.W.,
Washington, D.C. 20004
**T** +1 202 389 3136 **M** +1 202 746 1376
**F** +1 202 389 5200

----------------------------------------------------------

[tj.mccarrick@kirkland.com](mailto:tj.mccarrick@kirkland.com)

**From:** OTIS DAVIS
<[otisd1234@icloud.com](mailto:otisd1234@icloud.com)>
**Sent:** Wednesday, September 20, 2023 10:25 PM
**To:** Hershey, Samuel
<[sam.hershey@whitecase.com](mailto:sam.hershey@whitecase.com)>

**Cc:** McCarrick, T.J.
<[tj.mccarrick@kirkland.com](mailto:tj.mccarrick@kirkland.com)>;
Kuethman, Kathryn
<[kathryn.kuethman@whitecase.com](mailto:kathryn.kuethman@whitecase.com)>; Colodny, Aaron
<[aaron.colodny@whitecase.com](mailto:aaron.colodny@whitecase.com)>
; Weedman, Joshua
<[jweedman@whitecase.com](mailto:jweedman@whitecase.com)>;
Brown, Judson
<[jdbrown@kirkland.com](mailto:jdbrown@kirkland.com)>;
Kwasteniet, Ross M.
<[rkwasteniet@kirkland.com](mailto:rkwasteniet@kirkland.com)>;
Koenig, Chris
<[chris.koenig@kirkland.com](mailto:chris.koenig@kirkland.com)>;
Brier, Grace C.
<[grace.brier@kirkland.com](mailto:grace.brier@kirkland.com)>;
Simson, Hannah C.
<[hannah.simson@kirkland.com](mailto:hannah.simson@kirkland.com)>;
Michael Jaoude
<[michael.jaoude@whitecase.com](mailto:michael.jaoude@whitecase.com)
>; Hershey, Samuel
<[sam.hershey@whitecase.com](mailto:sam.hershey@whitecase.com)>;
[WCSPACTeam@groups.whitecase.com](mailto:WCSPACTeam@groups.whitecase.com); Gurland, Carolyn
<[carolyn.gurland@whitecase.com](mailto:carolyn.gurland@whitecase.com)
>
**Subject:** Immediate CEL token settlement

Samuel,

Please say a big thank you to your colleague Carolyn Garland for what she sent me. This document proves that executives in the company, including Chris Ferraro, the current Celsius CEO, and other senior managers were preparing presentations that were later shown to

FTX and other outsiders
without the knowledge or
approval of the CEO or
board of directors. These
presentations are the root
cause for the collapse of
the CEL token in the
month of June, and the
massive withdrawals
starting June 6, 2022,
immediately after these
renegade officers reached
out to FTX without
authorization. The UCC
already obtained the
discovery from FTX which
confirms the hostile
takeover I'm describing
organized by Chris Ferraro.
I look forward to seeing all
this information displayed
proudly in court at the
confirmation hearing. I
look forward to showing
everybody that Chris
Ferraro and other top
executives are at the root
cause for the collapse of
Celsius.

It's clear from this Slack
exchange you sent me that
Chris Ferraro and other
senior executives have
conspired to hijack the

company, instead of
focusing on protecting my
and other creditors' assets.

I'm sure Judge Glenn
would be very excited to
learn the real truth about
what really happened to
Celsius, and CEL token
because you guys have
been lying since July 2022,
and spending tens of
millions of creditors'
money fighting CEL token
holders, including me and
blaming them for the ills of
the company, including its
collapse.

Upon this new and
previously hidden
information I demand a
settlement for everyone in
the CEL token group.


The first Celsius drawdown
was TerraLuna; the
collapse was Chris Ferraro.

Best, Otis Davis

The information contained in this
communication is confidential, may be
attorney-client privileged, may constitute
inside information, and is intended only for
the use of the addressee. It is the property
of Kirkland & Ellis LLP or Kirkland & Ellis

International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.


==========================
==========================
========================
This email communication is confidential and is intended only for the individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this email in error by replying to the email or by telephoning +1 212 819 8200. Please then delete the email and any copies of it. Thank you.

Our external privacy policy is available on https://www.whitecase.com/privacy-policy.


==========================
==========================
========================


==========================================
====================================
This email communication is confidential and is intended only for the individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this email in

error by replying to the email or by telephoning +1 212
819 8200. Please then delete the email and any
copies of it. Thank you.

Our external privacy policy is available
on https://www.whitecase.com/privacy-policy.

=========================================
===================================

The information contained in this communication is confidential, may be
attorney-client privileged, may constitute inside information, and is intended
only for the use of the addressee. It is the property of Kirkland & Ellis LLP
or Kirkland & Ellis International LLP. Unauthorized use, disclosure or
copying of this communication or any part thereof is strictly prohibited and
may be unlawful. If you have received this communication in error, please
notify us immediately by return email or by email
to postmaster@kirkland.com, and destroy this communication and all
copies thereof, including all attachments.

The information contained in this communication is confidential, may be attorney-client
privileged, may constitute inside information, and is intended only for the use of the
addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP.
Unauthorized use, disclosure or copying of this communication or any part thereof is strictly
prohibited and may be unlawful. If you have received this communication in error, please
notify us immediately by return email or by email to postmaster@kirkland.com, and destroy
this communication and all copies thereof, including all attachments.

The information contained in this communication is confidential, may be attorney-client privileged, may
constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland
& Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this
communication or any part thereof is strictly prohibited and may be unlawful. If you have received this
communication in error, please notify us immediately by return email or by email
to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all
attachments.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>CELSIUS NETWORK LLC, et al.,<br><br>Debtors. | Case No. 22-10964 (MG) |

## ORDER CLARIFYING CASE MANAGEMENT
## PROCEDURES FOR THE CONFIRMATION HEARING (MODIFICATION #2)

The Order Establishing Case Management Procedures for the Confirmation Hearing was

entered on September 15, 2023.  ("Procedures Order," ECF Doc. # 3478.)  On September 20,

2023, the Procedures Order was modified pursuant to the Order Clarifying Case Management

Procedures for the Confirmation Hearing (Modification #1).  (ECF Doc. # 3509.)  On October 9,

2023, Debtors' counsel submitted a letter, requesting certain additional clarifications, additions,

and modifications to the Procedures Order.  (ECF Doc. # 3738.)

**NOW, THEREFORE, IT IS HEREBY ORDERED**:

1.    <u>Extension of Deposition Period for Declarants in Opposition to Confirmation</u>.

The period for the Debtors to depose individuals who indicate an intent to submit written

testimony in opposition to confirmation is extended to between October 10, 2023 and the day

before that witness is proposed to testify.

2.    <u>Procedures Governing Remote Testimony</u>.  Any requests for remote testimony

made in compliance with Federal Rule of Civil Procedure 43(a) in accordance with paragraph 6

of the Procedures Order must be submitted by 5:00 p.m. (ET) on October 12, 2023.  In the event

remote testimony is permitted, declarants and/or other witnesses are required to appear on

camera for all portions of questioning.

3.      <u>Order of Opposition Declarants</u>.  The Debtors' request for the Court to disclose the tentative order in which the Court anticipates taking testimony from declarants or other witnesses in opposition to confirmation is approved.

4.      <u>Exhibits and Demonstratives for Cross Examination</u>.  Any exhibits and demonstratives that parties-in-interest intend to use during cross examination must be filed on the docket no later than 5:00 p.m. (ET) the day before a witness is expected to testify.

5.      <u>Rebuttal Evidence in Support of Confirmation</u>.  Parties are permitted to submit rebuttal declarations and exhibits in support of confirmation of the plan upon the close of the opposition phase of the Confirmation Hearing.  Such rebuttal declarations and exhibits must be filed no later than 5:00 p.m. (ET) on October 18, 2023.

**IT IS SO ORDERED.**

Dated:  October 10, 2023
          New York, New York

                                        **/s/ Martin Glenn**
                                        MARTIN GLENN
                                        Chief United States Bankruptcy Judge

2