

Page 1

1    UNITED STATES BANKRUPTCY COURT

2    SOUTHERN DISTRICT OF NEW YORK

3    Case No. 22-10964-mg

4    Adv. Case No. 23-01138-mg

5    - - - - - - - - - - - - - - - - - - - - - - - - - - x

6    In the Matter of:

7

8    CELSIUS NETWORK LLC,

9

10           Debtor.

11   - - - - - - - - - - - - - - - - - - - - - - - - - - x

12   CELSIUS NETWORK LIMITED,

13                  Plaintiff,

14           v.

15   STAKEHOUND SA,

16                  Defendant.

17   - - - - - - - - - - - - - - - - - - - - - - - - - - x

18

19                  United States Bankruptcy Court

20                  One Bowling Green

21                  New York, NY  10004

22

23                  September 7, 2023

24                  10:02 AM

25

1   B E F O R E :

2   HON MARTIN GLENN

3   U.S. BANKRUPTCY JUDGE

4

5   ECRO:   JONATHAN

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 3

1    HEARING re Amended Motion for Relief from Automatic Stay and

2    Declaration of Secured Creditor

3    Status. (Doc## 3048, 3056, 3061, 3062, 3089, 3407, 3408,

4    3424, 3429)

5

6    HEARING re Debtor's Fourth Motion for Entry of an Order (I)

7    Extending the Debtors Exclusive Period to Solicit

8    Acceptances of a Chapter 1.1 Plan Pursuant to Section 1121

9    of the Bankruptcy Code and (11) Granting Related Relief.

10   (Doc# 3357, 3412, 3424, 3429)

11

12   HEARING re Motion for Entry of an Order (I) Approving the

13   Settlement By and Between the Debtors and Bradley Condit and

14   (II) Granting Related Relief. (Doc# 3339, 3373, 3424, 3429)

15

16   HEARING re Second Application for Interim Professional

17   Compensation of DelawareADR, LLC and Sontchi, LLC as Fee

18   Examiner for Fee Examiner Sontchi, Other Professional,

19   period: 3/1/2023 to 6/30/2023, fee:$57,150.00, expenses:

20   $0.0. (Doc## 3208, 3211, 3402, 3424, 3429)

21

22

23

24

25

Page 4

1    HEARING re Second Application for Interim Professional

2    Compensation as Attorneys for the Fee Examiner for Godfrey &

3    Kahn, S.C., Other Professional, period: 3/1/2023 to

4    6/30/2023, fee:  $563,639.00, expenses: $643.51. (Doc##

5    3209, 3211, 3402, 3424, 3429)

6

7    HEARING re Adversary Proceeding: 23-01138-mg Celsius Network

8    Limited v. StakeHound SA

9    Hybrid Pretrial conference. (Doc ## 7, 11, 31 )

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    Transcribed by:  Sonya Ledanski Hyde

Page 5

```
 1   A P P E A R A N C E S :

 2

 3   AKIN GUMP STRAUSS HAUER FELD, LLP

 4        Special Counsel for the Plaintiff,

 5        Celsius Network Limited

 6        One Bryant Park

 7        New York, NY 10036

 8

 9   BY:  MITCHELL HURLEY

10        ELIZABETH SCOTT

11        NICHOLAS LOMBARDI

12

13   LOCKE LORD LLP

14        Attorneys for the Defendant, StakeHound

15        Brookfield Place, 200 Vesey Street

16        20th Floor

17        New York, NY 10281

18

19   BY:  MARY STEPHANIE WICKOUSKI

20        JEFFREY KRAMER

21

22

23

24

25
```

```
 1    WILLKIE FARR GALLAGHER LLP

 2         Attorneys for BRIC

 3         787 Seventh Avenue

 4         New York, NY 10019

 5

 6    BY:  BRIAN S. LENNON

 7

 8    WHITE & CASE LLP

 9         Attorneys for Official Committee of Unsecured Creditors

10         1221 Avenue of the Americas

11         New York, NY 10036

12

13    BY:  KEITH WOFFORD

14         AARON COLODNY

15         SAMUEL P. HERSHEY

16         GREGORY F. PESCE

17         ADAM SWINGLE

18         JOSHUA WEEDMAN

19         DAVID TURETSKY

20

21

22

23

24

25
```

**Page 7**

```
 1   MCCARTER ENGLISH, LLP

 2         Attorneys for Ad Hoc Group of Borrowers

 3         245 Park Avenue

 4         New York, NY 10167

 5

 6   BY:  DAVID J. ADLER

 7

 8   MCELROY DEUTSCH MULVANEY CARPENTER LLP

 9         Attorneys for The New York Bureau of Securities

10         570 Broad Street

11         Newark, NJ 07102

12

13   BY:  JEFFREY BERNSTEIN

14         NICOLE A. LEONARD

15

16   BROWN RUDNICK LLP

17         Attorneys for Fahrenheit LLC

18         7 Times Square, 47th Floor

19         New York, NY 10035

20

21   BY:  ANDREW CARTY

22

23

24

25
```

**Page 8**

1   KRAMER LEVIN NAFTALIS FRANKEL LLP

2       Attorneys for Interested Party

3       1177 Avenue of the Americas

4       New York, NY 10036

5

6   BY:  GABRIEL EISENBERGER

7

8   KIRKLAND ELLIS

9       Attorneys for Celsius

10      300 N LaSalle

11      Chicago, IL 60654

12

13  BY:  CHRIS KOENIG

14      ROSS M. KWASTENIET

15

16  UNITED STATES DEPARTMENT OF JUSTICE

17      Attorneys for the U.S. Trustee

18      Alexander Hamilton Custom House

19      One Bowling Green, Room 534

20      New York, NY 10004

21

22  BY:  BRIAN S. MASUMOTO

23

24

25

Page 9

1   TEXAS OFFICE OF THE ATTORNEY GENERAL

2        Attorneys for Texas SSB DOB

3        PO Box 12548

4        Austin, TX 78711-2548

5

6   BY:  LAYLA MILLIGAN

7

8   BAKER BOTTS

9        Attorneys for Equities First Holding LLC

10       2001 Ross Avenue, Suite 600

11       Dallas, TX 75201

12

13  BY:  NOAH M. SCHOTTENSTEIN

14

15  DENTONS US LLP

16       Attorneys for Terraform Labs PTE Ltd.

17       1221 Avenue of the Americas, 25th Floor

18       New York, NY 10020-1089

19

20  BY:  SARAH M. SCHRAG

21

22

23

24

25

Page 10

1    GODFREY KAHN, S.C.

2         Attorneys for the Fee Examiner

3         One East Main Street, Suite 500

4         P.O. Box 2719

5         Madison, WI 53701-2719

6

7    BY:  KATHERINE STADLER

8

9    FOX ROTHSCHILD LLP

10        Attorneys for Mawson Infrastructure Group

11        345 California Street, Suite 2200

12        San Francisco, CA 94104

13

14   BY:  MICHAEL A. SWEET

15

16   ALSO PRESENT:

17   KEN ZIMAN

18   PHILIPPE N. AZIMZADEH

19   RICK ARCHER

20   CHRIS BECIN

21   JEFFREY BERNSTEIN

22   JOHAN BRONGE

23   VITOR CUNHA

24   SANTOS CACERES

25   JOSHUA B. COLE

Page 11

```
 1    CAMERON CREWS

 2    TRISTAN DIAZ

 3    SHARON M. DOW

 4    JEFF DUPREX

 5    JAMES ENGEL

 6    DAVID AVERY FAHEY

 7    CHRIS FERRARO

 8    DEBORAH FRANKEL

 9    REBECCA GALLAGHER

10    RAMON GONZALES

11    LUCAS J. HOLCOMB

12    IMMANUEL HERRMANN

13    JOHN HODSON

14    JASON IOVINE

15    MIKE JOHNSON

16    DAN KAPLAN

17    DAN LATONA

18    CATHY LAU

19    JOSEPH LEHRFELD

20    JESSE LUND

21    DAVE K. MALHOTRA

22    CHASE MARSH

23    CHRISTOPHER PAGNANELLI

24    SID PANDEY

25    MILIN PATEL
```

1    RICHARD PHILLIPS

2    ARACELI SANCHEZ

3    KYLE SATTERFIELD

4    DAVID SCHNEIDER

5    WILLIAM D. SCHROEDER

6    CHRISTOPHER S. SONTCHI

7    COURTNEY BURKS STEADMAN

8    LUCY THOMSON

9    VICTOR UBIERNA DE LAS HERAS

10   EZRA VAZQUEZ-D'AMICO

11   TONY VEJSELI

12   ZACHARY ZABIB

13   ARTUR ABREU

14   JASMINE ARMAND

15   NEGISA BALLUKU

16   CLAUDE BEAUDRY

17   SOMA BISWAS

18   PAUL BREUDER

19   NURALDEEN BRIFKANI

20   RICKIE CHANG

21   STEVEN CHURCH

22   GEOFFREY CIRKEL

23   CHRISTOPHER COCO

24   OONA E. CRUSELL

25   STEFFAN DAVIES

1   THOMAS DIFIORE

2   SCOTT DUFFY

3   DREW DUFFY

4   JOHN P. DZARAN

5   SIMON ELIMELECH

6   BEN EADES

7   JANELL ECKHARDT

8   KEN EHRLER

9   SCOTT FLAHERTY

10   FLORENCE FLANNIGAN

11   CHRISTOPHER GASTELU

12   JASLEIGH GEARY

13   UTSAV GHOSH

14   BRADLEY GIARDIELLO

15   UDAY GORREPATI

16   MIRA HAQQANI

17   LARS HEERINK

18   KAITLYN A. HITTELMAN

19   THOMAS HUGHES

20   TOM HUGHES

21   KRAIG JAKOBSEN

22   GREG KACZKOWSKI

23   DAVID KAHN

24   WENDY KANE

25   YARA KASS-GERGI

Page 14

```
 1    RAVI KAZA

 2    DIETRICH KNAUTH

 3    CHRIS LACKEY

 4    JOSEPH LALIA

 5    JEAN-PHILIPPE LATREILLE

 6    SEAN LEE

 7    DAVID LOS ARCOS CARCAMO

 8    SERBAN LUPU

 9    RABECA MADSEN

10    KEVIN M MANUS

11    DANIEL MAREE

12    SARAH BETH MARONPOT

13    GEORGIA CHARLOTTE MEADOW

14    MITCHELL MENGDEN

15    TIMON MITRAKAS

16    MICHAEL D. MORRIS

17    ELIZABETH NAPOLITANO

18    KEITH NOYES

19    DONALD L. POYNTER

20    MASON PALISSERY

21    KHAI PHAM

22    DAVID H. PROMAN

23    LALANA PUNDISTO

24    CRAIG V. RASILE

25    TIMOTHY REILLY
```

Page 15

1    MARK ROBINSON

2    JONATHAN RODRIGUEZ

3    ILYAS J. RONA

4    ANDREW RUDOLPH

5    DON SMITH

6    JEFFREY S. SABIN

7    DAVID SENES

8    RAFFAELE SENESE

9    ALEX SHLIVKO

10   MATTHEW W. SILVERMAN

11   LUKE SPANGLER

12   PEO J. SPROFERA

13   VINCE SULLIVAN

14   NIKHIL SURI

15   ROMUALD TENDILLE

16   MAUDE H. TIPTON

17   ELVIN TURNER

18   CHRISTOPHER D WALTON

19   CAROLINE WARREN

20   MORGAN WILLIS

21   TAK YEUNG

22   ANDREW YOON

23   ZACHARY ZABIB

24   KAILA ZAHARIS

25   TANZILA ZOMO

Page 16

1   ROBERT M. KAUFMANN

2   RAKESH PATEL

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                  P R O C E E D I N G S

2              CLERK:  All right.  Good morning.  Starting the

3      calendar for September 7, 2023 for -- calling the calendar

4      for the following cases at 10:00 a.m. and 11:00 a.m.

5              For 10:00 a.m., number 22-10964, Celsius Network,

6      LLC.  And also 23-1138, Celsius Network Limited versus

7      SteakHound SA.

8              If we could start -- I see we have counsel for

9      SteakHound.  If you'd like to start with your appearance,

10     please.

11             MS. WICKOUSKI:  Good morning.  Stephanie Wickouski

12     from Locke Lord on behalf of SteakHound SA.  I'm here with

13     my colleague, Jeffrey Kramer, and we're appearing in

14     connection with the pretrial conference set for today.

15             CLERK:  All right.  Thank you so much.

16             MS. WICKOUSKI:  Thank you.

17             CLERK:  Do we have any other counsel in the

18     courtroom that would like to make an appearance?

19             MS. JONES:  Hi, Diana.  Good morning.  It's

20     Elizabeth Jones of Kirkland & Ellis on behalf of the

21     debtors.

22             CLERK:  Good morning.

23             MS. JONES:  And today, there'll also be -- they're

24     not yet here in the courtroom, but my collage, Gabriela

25     Hensley and Patricia Loureiro.

Page 18

1              CLERK:  Okay.  Wonderful.  And are they appearing

2      in the courtroom or using Zoom?

3              MS. JONES:  They'll be appearing in the courtroom.

4      They'll be here shortly, and then we may have T.J. McCarrick

5      on Zoom if needed.

6              CLERK:  Okay.  Thank you.

7              MS. JONES:  Yeah.  Thank you.

8              CLERK:  Are there any additional parties in the

9      courtroom that have not given their appearance yet and would

10     like to do so?

11             All right.  Are there any parties on Zoom that

12     would like to state their appearance?  Yes, Katherine.  I

13     see you are muted.  Okay.  Go ahead.

14             MS. STADLER:  Thank you.  Hi Katherine Stadler of

15     Godfrey & Khan appearing on behalf of the fee examiner,

16     Christopher Sontchi.

17             CLERK:  All right.  Thank you so much.

18             MS. STADLER:  Thank you.

19             CLERK:  All right.  At this time, are there any

20     additional parties that are stating their appearance either

21     in the courtroom or on Zoom?  Go ahead, Mr. Cole.

22             MR. COLE:  Good morning.  This is Joshua Cole, pro

23     se creditor.  I have a motion before the Court today.

24             CLERK:  Okay.  Thank you.

25             MR. COLE:  Thank you.

Page 19

1          CLERK:  All right.  For now, I'll pause recording,

2    and I'll commence taking appearances in a few moments -- a

3    few minutes.  Thank you.

4          Good morning again.  This is the Judge's courtroom

5    deputy.  If anyone is making an appearance in the courtroom,

6    please come to the middle podium and state your appearance

7    for the record.  Is there anyone on Zoom that is making an

8    appearance this morning?  Go ahead.  Yeah, in the courtroom.

9    You can go ahead.

10          MS. JONES:  Hi, Diana.  It's Elizabeth Jones again

11   of Kirkland & Ellis.  One of my colleagues will be sharing

12   the presentation today.  He'll be through Zoom, but it's --

13   so you know when his name pops up, it's Joshua Raphael.

14          CLERK:  Okay.  Thank you.

15          MS. JONES:  Thank you, Diana.

16          CLERK:  All right.  For Mr. Sontchi?

17          MR. SONTCHI:  Good morning.  This is Chris

18   Sontchi, the fee examiner.  I'll only be appearing to the

19   extent Judge Glenn has any questions on the fee

20   applications.

21          CLERK:  Thank you.  Mr. McCarrick.

22          MR. MCCARRICK:  Good morning.  T.J. McCarrick,

23   Kirkland & Ellis on behalf of the debtors.  I don't expect

24   the it'll have to speak today, but it's possible in

25   connection with the settlement approval.  Thanks.

Page 20

```
 1              CLERK:  All right.  Thank you.  Any additional

 2    parties that have not given their appearance yet?

 3              All right.  Yes.  Mr. Ferraro.

 4              MR. FERRARO:  Chris Ferraro with Celsius.

 5              CLERK:  All right.  Thank you.  All right.  For

 6    now, I'll pause the recording, and we'll take another round

 7    of appearances in a few minutes.  Thank you.

 8              If there are any parties in the courtroom that are

 9    speaking on the record this morning and have not given their

10    appearance, please go to the middle podium to do so.

11              MR. HURLEY:  Good morning.  Mitch Hurley with Akin

12    Gump, special litigation counsel to Celsius here for the

13    SteakHound status conference.

14              CLERK:  All right.  Thank you.  All right.  Are

15    there any parties on Zoom that are speaking on the record

16    this morning?  Yes, Mr. Bernstein?

17              MR. BERNSTEIN:  Yes, good mooring.  Just in case,

18    Jeffrey Bernstein, McElroy, Deutsch, Mulvaney & Carpenter

19    for the New Jersey Bureau of Securities.  Thank you.

20              Yes, we have someone at the podium.

21              MR. KRAMER:  Good morning.  Jeffrey Kramer of

22    Locke Lord for the defendant, SteakHound SA in the adversary

23    proceeding.

24              CLERK:  All right.  Thank you.

25              MR. KRAMER:  Thanks.
```

Page 21

1          CLERK:  All right.  For and for the Celsius on

2    Zoom, do you have any additional conference rooms that are

3    trying to join?  I just want to make sure because I have

4    some parties in the waiting room, but I can't tell if it's a

5    conference room or not.

6          MAN 1:  Hello.  No.  This is just our viewing

7    conference room.

8          CLERK:  Okay.  Thank you.

9          MAN 1:  Thank you.

10          CLERK:  Yes.  Phillipe, are you stating your

11    appearance this morning?

12          MR. AZIMZADEH:  Hi.  I'm just -- I'm an Earn

13    creditor, and I had a question for the judge.  I'm not sure

14    what the process is exactly.  I don't have a lawyer right

15    now here with me.

16          CLERK:  All right.  So if you want to -- I don't

17    want to know what specifically you want to speak to the

18    judge about, but you can certainly file something with the

19    Court.  We do not accept filings by e-mail, but you can do

20    that.

21          I mean, he is basically going to be focused on the

22    hearing today, so if it's in reference to the hearing today,

23    you can certainly raise your hand when he asks if there's

24    any parties that have anything to say regarding today's

25    hearing.  But if it's not in reference to today's hearing,

Page 22

1      you'll have to file something with the Court.

2              MR. AZIMZADEH:  Okay.  And could you remind me

3      again what that process -- you just mentioned there's an e-

4      mail I can send to or --

5              CLERK:  No.  We do not accept filings by e-mail,

6      so you'll have to go to the Court website, and on the home

7      page under the COVID protocol, there is a pro se filer

8      upload to upload your document, or you can come to the Court

9      and file it, or you could mail it to the Court.  All of that

10     information is on the Court's website.

11             MR. AZIMZADEH:  But that would be for the next

12     hearing, or do you think I could do that quickly enough that

13     I could actually ask him a question today?

14             CLERK:  One second.  Okay.  You can go ahead and

15     give your appearance.

16             MR. FRISHBERG:  Yeah.  I just want to make my

17     appearance for the record.  Daniel Frishberg, pro se.  I

18     don't plan on speaking, but just in case.

19             CLERK:  All right.  Thank you.  Appreciate that.

20             All right.  We're resuming the recording for

21     today's hearings.  For the parties that have joined using

22     Zoom, is there anyone that is stating their appearance this

23     morning and speaking on the record?  If so, please use the

24     raise hand function, and state your appearance.

25             Yes, Mr. Wofford?

1          MR. WOFFORD:  Yes, hello.  Good morning.  Keith

2     Wofford from the firm of White & Case for the Official

3     Committee of Unsecured Creditors.

4          CLERK:  Okay.  Thank you.  Mr. Swingle?

5          MR. SWINGLE:  Yes.  Adam Swingle, White & Case LLP

6     on behalf of the Committee as well.

7          CLERK:  Okay.  Thank you.  Yes, Phillipe?

8          MR. AZIMZADEH:  Yes.  It's Phillipe Azimzadeh.

9     This is just in case.  I may not say anything, but I wanted

10    to just put my name out there just in case.

11         CLERK:  Okay.  Thank you.  Appreciate it.

12         All right.  Any additional appearances in the

13    courtroom or on Zoom?

14         MR. PESCE:  In the courtroom, Gregory Pesce, White

15    Case on behalf of the Official Committee of Unsecured

16    Creditors.

17         CLERK:  All right.  Thank you.

18         I believe we have the U.S. Trustee on the line.

19    Yeah.  Sorry.  You're muted.

20         MS. CORNELL:  Sorry about that, Diana.  Good

21    morning.  It's Shara Cornell on behalf of the United States

22    Trustee.

23         CLERK:  All right.

24         MS. CORNELL:  Thank you.

25         CLERK:  You're welcome.  Any additional parties

Page 24

```
1    that are speaking on the record this morning?  If anyone's

2    in the courtroom, please come to the middle podium to give

3    your appearance.  If you're appearing using Zoom, please use

4    the raise hand function.  I'll ask you to unmute and state

5    your appearance.

6              All right.  I will pause the recording for now.

7              All right.  Good morning again, everyone.  For the

8    parties that have joined using Zoom, if anyone is speaking

9    on the record this morning and wants to state their

10   appearance, please use the raise hand function and do so.

11             Again, for any parties that have joined using

12   Zoom, if you're stating your appearance on the record,

13   please unmute your line and use the raise hand function, and

14   state your appearance if you're speaking on the record and

15   have not given it yet.  All right.

16             If any parties are stating their appearance on the

17   record and speaking, please do so at this time.

18             All right. Please listen to the following

19   announcement.  All persons are strictly prohibited from

20   making any recording of court proceedings, whether by video,

21   audio, screenshot, or otherwise.  Violation of this

22   prohibition may result in the imposition of monetary and

23   non-monetary sanctions.  The clerk of the court maintains an

24   audio recording of all proceedings which constitutes the

25   official record.
```

1          Parties must state their name each time they speak

2    on the court record.  A party must join with a full first

3    and last name to be admitted from the waiting room.  Parties

4    that join with initials, a partial name, a designation such

5    as iPhone, et cetera, will not be admitted.

6          All rise.

7          THE COURT:  Please be seated.  All right.  Good

8    morning, everyone.  Why don't we begin?

9          MS. JONES:  Good morning, Your Honor.  Elizabeth

10   Jones of Kirkland & Ellis on behalf of the debtors.

11         Your Honor, if I may just take a brief moment

12   before we jump into the agenda to give an update on

13   solicitation and some of the  notices we recently filed?

14         THE COURT:  Sure.

15         MS. JONES:  Thank you.  So Your Honor, our

16   solicitation process is well underway.  We're about two

17   weeks out, and we're nearing almost a 10 percent return rate

18   on account holder ballots.

19         As a part of that process, we've received some

20   feedback from creditors that we're working through, one of

21   which is a notice we recently filed at Docket Number 3430

22   about Apple ID user issues, helping to address that for

23   those who haven't received their paper ballot yet.  There's

24   a specific e-mail address if anyone else is having that

25   similar issue.

```
 1              And then unfortunately, another phishing attack

 2    that we filed to draw people's attention to at Docket Number

 3    3422.  This one is a little different.  It's spoofing

 4    Stretto's website asking people to give them information,

 5    promising a distribution.  We just want to make sure people

 6    are aware of that, and appreciate all the creditors that

 7    have flagged it for us so we can keep putting the notices

 8    up.

 9              THE COURT:  You know, whenever these come up, I

10    hope you immediately contact the U.S. Trustee so they're

11    aware of it as well.

12              MS. JONES:  Yes.  Yeah.  We make sure to spread

13    that as loud and far as we can.

14              THE COURT:  Thank you.

15              MS. JONES:  Okay.  That's all I have, Your Honor.

16    With that, we'd like to move to the company status update.

17              THE COURT:  Sure.

18              MS. JONES:  Okay.  Thank you.

19              Diana, can you give my colleague, Joshua Raphael,

20    screensharing?

21              CLERK:  Yes.  He is a co-host.  He can

22    screenshare.

23              MS. JONES:  Thank you.

24              THE COURT:  Good morning, Mr. Ferraro.

25              MR. FERRARO:  Good morning.
```

Page 27

```
 1              THE COURT:  Go ahead.

 2              MS. JONES:  Mr. Ferraro --

 3              MR. FERRARO:  Can you hear me?

 4              THE COURT:  Yes, I can.

 5              MR. FERRARO:  Okay.  Great.

 6              MS. JONES:  Good morning.  Can you please give the

 7    Court an update about the current status of the custody and

 8    withhold withdrawal process?

 9              MR. FERRARO:  Yes, absolutely.  Thank you,

10    Elizabeth, and good morning to everybody.

11              The company is continuing to proffer withdrawals

12    for eligible custody and account holders, and for users to

13    make additional deposits.

14              To date, we have completed 79.5 billion of

15    withdrawals, totaling approximately 90 percent of the

16    distributable value (indiscernible) with approximately 9

17    million remaining to be withdrawn.

18              In response to this slowing of withdrawals for

19    these account holders, we have continued our campaign of

20    weekly e-mail to eligible users to complete the

21    (indiscernible) and withdrawl.  These actions have resulted

22    in an additional 3.5 million in value of withdrawals over

23    the last six weeks.

24              THE COURT:  Mr. Ferraro, you're breaking up a

25    little bit, so I'm not sure whether it's the position of the
```

1    microphone.

2              MR. FERRARO:  Sorry.  Is that better or still the

3    same problem.

4              THE COURT:  It's a little bit better.  Go ahead.

5              MR. FERRARO:  Okay.  And I'm hearing a lot of

6    background noise, but -- yeah.  It might be my device here.

7    Hopefully it'll improve.

8              Okay.  So we've -- same problem?

9              THE COURT:  Go ahead.  We can hear you.

10             MR. FERRARO:  I can always flip to my iPhone if

11   it's helpful.

12             We've got about 3.5 million in value in

13   withdrawals in the last six months -- or sorry, the last six

14   weeks as we've kind of continued our weekly e-mails, and we

15   plan to continue to these efforts to reduce the

16   (indiscernible).

17             Now turning to the next slide.

18             MS. JONES:  Thank you.  Mr. Ferraro, can you

19   please provide an update on the company's preparation for

20   asset distribution to retail and commercial customers if the

21   plan is confirmed?

22             MR. FERRARO:  Yes.  On or shortly after the

23   effective date, we will make an initial distribution of

24   approximately 2 billion in aggregate of (indiscernible)

25   based on the values used in the disclosure statement.  The

Page 29

1    distribution will be completed in a regulatory compliant

2    manner.  The initial distribution will be subject to

3    applicable reserves and inclusive of the (indiscernible).

4              PayPal has been selected as the distribution agent

5    for individual non-corporate creditors in the United States,

6    excluding Hawaii.  PayPal will not charge creditor fees for

7    claiming crypto or fiat from their platform as part of the

8    Chapter 11 plan distribution.

9              Creditors will need to pay (indiscernible) network

10   transaction fees for withdrawals to addresses -- external

11   addresses, but PayPal itself will not charge a withdrawal

12   fee.

13             THE COURT:  Can you provide an estimate of what

14   those fees would be?

15             MR. FERRARO:  Yeah.  It's -- you know, the gas

16   fees are not very high right now, Your Honor, so it's

17   similar to what we did for the custody and withheld

18   withdrawals.  You know, a few dollars, depending on the

19   coin, up to 15 percent.

20             THE COURT:  Correct.  That's why I thought it was

21   just important to get that on because the gas fees were

22   really quite modest, and it's important that the

23   distribution (indiscernible) that way.  Go ahead.

24             MR. FERRARO:  Yeah.  That's right.  PayPal has

25   been leaning in on this.  I just want to again say no

Page 30

1   transaction fees from PayPal for withdrawals to external

2   addresses, just gas fees.

3           Another piece of good news.  Celsius and PayPal

4   worked together to define a process for creditors who wished

5   to withdraw more than 10,000 per week off the PayPal

6   platform, which is the current limit.

7           Celsius creditors with a crypto balance of 40,000

8   or more in the PayPal account who wish to increase this to

9   500 per week -- 500,000 per week will be asked to share

10  additional information about the wallet address, so this is

11  good news giving creditors up to 500,000 per week for

12  withdrawals if (indiscernible) enhanced diligence around the

13  withdrawals.

14          For all distributions that are not made by PayPal,

15  we are very close to naming a second distribution partner to

16  facilitate the withdrawals for international users and

17  certain corporate accounts.

18          If we do not identify a second distribution agent,

19  the Celsius platform is expected to remain open for 90 days

20  after the effective date to make the distributions on U.S.

21  creditors through the Celsius app, similar to the process

22  for custody and withhold users.  After 90 days, those

23  creditors may receive fiat currency.

24          MS. JONES:  Mr. Ferraro, can you please explain

25  why the 90 days was selected as the time period to leave the

Page 31

1    Celsius app open if we have to go that route?

2          MR. FERRARO:  Yeah.  A 90-day period was selected

3    based upon our experience with the custody and withhold

4    account withdrawal.  Our data showed the vast majority of

5    the withdrawals, approximately 90 percent was withdrawn

6    within the first 90 days.

7          Under the plan, custody account holders can

8    withdraw their income distributions as soon as the

9    confirmation date.

10         One last item.  We had initiated the update of the

11   KYC data for about 200,000 of our non-U.S. users.  So far,

12   about 25 percent of those users responded to our request and

13   completed the KYC (indiscernible).

14         We are encouraging users to complete the KYC in

15   advance of the effective date to streamline withdrawals and

16   avoid delays in distribution.  For U.S. users, the KYC

17   process will be completed by PayPal.

18         MS. JONES:  Thank you.  Mr. Ferraro, can you now

19   please provide an update on the company's current mining

20   operations?

21         MR. FERRARO:  Yes.  Mining performance was strong

22   in July with rates deployed, (indiscernible) revenue,

23   margin, (indiscernible) EBITDA all increasing month over

24   month.  We ended July with over 79,000 rates deployed, and

25   that increased in June.  In August, we executed an agreement

Page 32

1    with U.S. Bitcoin to host 85 (indiscernible) miners at their

2    alpha site and started deploying machines.  We expect all

3    rates (indiscernible) by the end of September.

4              For July, we had an adjusted EBITDA of 2.7

5    million, an increase of 54 percent (indiscernible).  The

6    increase was driven by power (indiscernible) sites during

7    economic curtailment as well as higher BTC prices.

8              Mining gross revenue was 11.2 million in July, up

9    19 percent from June, driven by a higher BTC price and

10   (indiscernible) time.  In --

11             THE COURT:  Can I ask you --

12             MR. FERRARO:  Yeah.

13             THE COURT:  I haven't checked Bitcoin prices in

14   the last week.  I used to do it fairly regularly.  What are

15   they currently?

16             MR. FERRARO:  Last I checked was around 28.

17             MS. JONES:  Yeah.  I just checked this morning.

18   It's around -- I believe 26,000 for BTC.

19             THE COURT:  Okay.  Thank you very much.  Go ahead.

20   Go ahead, Mr. Ferraro.

21             MR. FERRARO:  In August, our proprietary power

22   strategy was effective as we faced higher energy prices in

23   Texas and lower BTC.  We liquidated our forward

24   (indiscernible) power hedges for the first time in our

25   midland sites in August, and we realized a gain of over $3

1   million.  You will see that in a higher EBITDA next month.

2            Moving to the next slide, which has the longer-

3   term trend, the metrics I just discussed.  On the bottom

4   left graph, I'll point you to the 79,000 (indiscernible) at

5   the end of July.  That's a steady increase since the Core

6   Scientific contract rejection in early January.

7            Additionally, you can see across the board, long-

8   term improvements in performance (indiscernible) margin,

9   adjusted EBITDA that BTC produced.

10           Now turning to the next slide.

11           MS. JONES:  Thank you.  Finally, Mr. Ferraro, can

12  you please give an update on the company's current financial

13  situation?

14           MR. FERRARO:  Yeah.  As a quick reminder, we

15  started the case with 138 (indiscernible).  We had 139

16  million on hand as of July, month end, a $1 million increase

17  since the petition date.

18           Thank you for the time, Your Honor, and sorry for

19  the audio problems.

20           MS. JONES:  That's all for me, Your Honor.  I cede

21  the lectern to my colleague.

22           THE COURT:  Thank you very much, Mr. Ferraro.

23           MS. HENSLEY:  Good morning, Your Honor.  Gabriela

24  Hensley on behalf of the debtors.

25           THE COURT:  Good morning.

1           MS. HENSLEY:  The next item on the agenda is

2      actually Mr. Cole's motion.  I'm not sure if he appeared

3      this morning or not.

4           THE COURT:  Mr. Cole, have you appeared?

5           CLERK:  He's on Zoom, Judge.

6           THE COURT:  Okay.  All right.  Please go ahead

7      with your motion.

8           MR. COLE:  Thank you, Your Honor.  Good morning to

9      everyone.

10          First off, I do want to thank and applaud the

11     efforts of everyone involved in this sprawling and complex

12     case.  I'm not a bankruptcy attorney, and I have no previous

13     experience in matters like this, so I can appreciate

14     everyone's efforts to move this along, get a plan enacted.

15          With that said, I'm not sure -- in my motion, I'm

16     claiming a secured creditor status, and I don't understand

17     how that has been ignored up until my motion, so --

18          THE COURT:  Well, let me just say, Mr. Cole --

19          MR. COLE:  Yes.

20          THE COURT:  It hasn't -- it has not been ignored

21     because the Court ruled on it very early in the case.  The--

22          MR. COLE:  Well, I'm arguing, Your Honor, the

23     facts and circumstances --

24          THE COURT:  Stop.  Stop.  I'm not disputing your

25     ability to raise these issues, and I do want to hear you.

Page 35

1    But the Court issued a very lengthy ruling on this issue,

2    and what the debtor argues is that it's either law of the

3    case or persuasive on the issues you raised.  But please go

4    ahead and argue.

5              MR. COLE:  Thank you, Your Honor.

6              The unique facts of my case are that the debtor

7    initiated the series of events here where in conjunction

8    with the proposed April 14th, 2022 revised terms of use,

9    they informed me that unless I agreed to their adhesive

10   terms, that I will not be able to continue using their

11   services, will not be eligible to earn rewards on my

12   account, you know, thereby notifying me that I need to close

13   my account, withdraw my financial assets.

14             Up until the petition date, I made repeated and

15   documented efforts to effectuate this, and I never agreed to

16   the revised terms of use, and up until this very day, I've

17   not accessed or maintained my account in any sense.  So you

18   know, with my prepetition efforts to exercise my contractual

19   call option and follow the debtor's notification that I need

20   to close my account and withdraw my financial assets, the

21   debtor has refused -- failed to act on my written demands

22   and to exercise this call option.

23             I believe that, you know, allowing me to close my

24   Earn account after direction, withdraw my financial assets,

25   falls under the ordinary course of business under the

1    uniform commercial code and -- excuse me -- under the

2    bankruptcy code.

3           Through the -- our course of conduct and

4    performance, I believe my Earn account holdings are

5    investment properties as defined under a securities account

6    based on definitions under the uniform commercial code.

7           Debtor represented and conducted itself as an

8    investment or securities exchange, broker, intermediary,

9    clearing agency, what-have-you, and I believe I maintain and

10   exercise the security entitlement through the call option

11   based on the terms and through the course of conduct in

12   which the debtor initiated the process where I was told I

13   need to withdraw the assets.

14          Security entitlement is defined under the code,

15   under the UCC as rights of property interests of an

16   entitlement holder with respect to financial assets.  I

17   believe the debtor granted me a security entitlement through

18   the call option for the right to demand immediate complete

19   or partial repayment of any loan at any time.

20          And this is granted in the terms of use and

21   through the course of conduct by the debtor identifying my

22   withdrawable financial assets in my Earn account, and

23   through balance in my account, and through proof of funds

24   report that was generated and sent to me.  And again through

25   the course of conduct where the debtor notified me that I

Page 37

1    needed to close my account and withdraw my funds.

2          I don't believe the debtor can avoid my security

3    interests in my financial assets or investment property as I

4    prepetition perfected my secret interest under the uniform

5    commercial code 9-13 312(a) by properly filing financing

6    statements with the (indiscernible) Office of Delaware where

7    the debtor is -- was formed as a business, and also in

8    Florida where I am a resident.

9          The debtor was a willing participant in the

10   financial markets, and through this course of conduct

11   performance and operation as an investment or securities

12   (indiscernible).  It has the duty of being central to the

13   uniform commercial code and to act as a custodian of my

14   financial assets and investment properties (indiscernible)

15   to my investment account.

16         It's my contention that debtor only held nominal

17   title to my financial assets based on the terms of use,

18   parties' course of conduct, and performance.

19         Under Article A of the uniform commercial code, a

20   securities (indiscernible) holds a financial asset for the

21   benefit of entitlement owners.  Debtor granted me this

22   entitlement to the terms and course of conduct and notifying

23   me that I must close my Earn account and withdraw my

24   financial assets.

25         I believe I've acted diligently, Your Honor, in

1    response to debtor's refusal to close my account and

2    withdraw my financial assets in the normal course of

3    business.  And in the interest of fairness, you know, my

4    secured claim should be recognized.  And for the foregoing

5    reasons, I believe cause exists to recognize my security

6    interest and claims as an entitlement holder of financial

7    assets or investment property under the UCC.  And the

8    debtor, Celsius, willingly chose to enter the financial

9    markets and participate in financial markets as a financial

10   or security (indiscernible), and they should be subject to

11   those provisions.  And my secured claim, which I believe

12   should not be avoided.

13            THE COURT:  Thank you very much, Mr. Cole.

14            MR. COLE:  Thank you.

15            THE COURT:  Ms. Hensley, are you going to argue?

16            MS. HENSLEY:  Yes, Your Honor.

17            THE COURT:  Please go ahead.

18            MS. HENSLEY:  Your Honor, the point about the

19   terms of use, this is just a variation of the argument Mr.

20   Frishberg made regarding his request to close his account.

21   All of the records that were seen with respect to Mr. Cole's

22   account suggest that he tried to close his account only

23   after the pause, which would be, you know, like many

24   creditors seeking to withdraw their funds off of the

25   platform.

Page 39

1            Separately, there's a lot of discussion in Mr.

2    Cole's motion about not accepting the April 14th, 2022 terms

3    of use, and that changing the nature of the relationship.

4            Your Honor's Earn opinion found definitively that

5    anything Version 5 or after made the ownership of the assets

6    in the accounts on the platform Celsius's property, and the

7    -- we can avoid getting into the technical arguments about

8    the UCC because in order to perfect an interest, you must

9    have an interest to perfect.

10           So under the facts, you know, we sat and looked

11   carefully, and we do not believe that there is a basis to

12   distinguish the facts of Mr. Cole's case from the facts of

13   Mr. Frishberg's case or Ms. Barstow's case who filed a

14   similar motion back in November, which was --

15           THE COURT:  Mr. Frishberg's action, that was the

16   first written opinion I actually issued in the case was

17   denying his motion to lift the stay to permit him to proceed

18   to recover.  And then in the Earn opinion, as you've

19   referenced, I in fact traced the various changes in the term

20   of use in -- from Version 5 through Version 8.  I believe it

21   was clear that the deposited -- crypto-deposited Earn

22   accounts were property of the debtor, then became property

23   of the estate.

24           MS. HENSLEY:  Yes, Your Honor.  And so on that

25   basis, we don't -- we don't see a basis to distinguish Mr.

Page 40

1    Cole's case from those precedents and believe that the

2    underlying reasoning for those opinions regarding fairness

3    and a collective process, all of that, and the arguments

4    we've made throughout the case about the stay with the risk

5    of opening the floodgates right before we're about to make

6    equitable distributions under a plan, you know, provided

7    that it's confirmed, we do not feel it would be appropriate

8    to lift the stay to allow Mr. Cole access to these funds.

9              THE COURT:  All right.  I'm going to take the

10   matter under submission.

11             Mr. Cole, thank you very much for your argument,

12   and I'll try to get a decision out reasonably promptly.

13             MR. COLE:  Thank you, Your Honor.

14             THE COURT:  Ms. Hensley?

15             MS. HENSLEY:  Your Honor, next on the agenda,

16   we're switching to the uncontested section of the agenda.

17             At Docket Number 3357, we filed a fourth motion to

18   extend our exclusive period to solicit our plan.  Your

19   Honor, we -- as you're aware from the update earlier today,

20   we have commenced solicitation.  It is going well.

21   Delighted that this is an uncontested motion.  That's a

22   first for us in this case.

23             We've sought a 62-day extension to November 30th

24   because presently the solicitation exclusivity period is set

25   to expire just a few days shy of the start of our

Page 41

1    confirmation hearing, and we would very much like to keep

2    these cases on the progressive track they're on by

3    maintaining exclusivity.

4              THE COURT:  There's a long time to get there.  It

5    is an uncontested motion.  Even if it was contested, I would

6    grant -- the motion is granted.

7              MS. HENSLEY:  Thank you, Your Honor.

8              THE COURT:  Submit the order in Word format, and

9    it will be entered.

10             MS. HENSLEY:  Yes, Your Honor.  Gladly.  I will

11   cede the lectern to my colleague.

12             THE COURT:  Thank you.

13             MS. LOUREIRO:  Good morning, Your Honor.  For the

14   record, Patricia Loureiro from Kirkland & Ellis on behalf of

15   the debtors.

16             Next on the agenda is the debtor's motion seeking

17   authority to enter into a settlement agreement with a former

18   employee.

19             Before we get into the substance, Mr. Ferraro

20   submitted a declaration in support of the motion which was

21   filed at Docket Number 3373, and we'd ask that that be

22   introduced into evidence.

23             THE COURT:  Any objections?  All right.  The

24   declaration is submitted in -- is admitted in evidence.

25   Please go ahead.

Page 42

1          (Declaration entered into evidence)

2          MS. LOUREIRO:  Thank you, Your Honor.  As a bit of

3     background, nearly two years ago Mr. Condit was separated

4     from his employer, Debtor Celsius Network LLC.  A few months

5     later, just before the petition date, Mr. Condit commenced

6     an action, a civil action, in the Southern District of New

7     York alleging among other things discrimination under the

8     ADA.

9          After the petition date, Mr. Condit filed a motion

10    seeking relief from the automatic stay to continue the civil

11    action arguing the Debtors' liability insurance would cover

12    the cost of the Debtors' defense.  In order to resolve this

13    motion, the Debtors and Mr. Condit entered it into a

14    stipulation agreeing the civil action could continue but

15    that his recovery would be limited to solely proceeds

16    available from the employment practices policies.

17         Notably Crum & Forster, the insurer providing the

18    employment practices policies, was not a party to the

19    stipulation.  The civil action continued this spring and was

20    recommended to mediation.  After a one day mediation session

21    in June, the parties agreed to a settlement in principle

22    which is reflected in the settlement agreement attached as

23    Exhibit 1 to the proposed order.  The settlement agreement

24    contemplates a total payment of $230,000 to Mr. Condit in

25    exchange for his agreement to withdraw the claim and to

Page 43

1    release all claims against the Debtor.

2            In exchange for the insurer's cooperation during

3    the settlement negotiations, in exchange for their agreement

4    to release their claim for $150,000 self-retention payment,

5    the Debtors agreed to provide $50,000 of this payment

6    directly from the Debtors' estates in an exercise of their

7    business judgment.  The settlement in principle was approved

8    by the mediator and entry into the settlement agreement has

9    been approved by the counsel to the Committee.

10           So given the risk and uncertainty associated with

11   fully litigating this claim, the Debtors in an exercise of

12   their business judgment believe the settlement is fair and

13   equitable and in the best interest of the estates.

14           THE COURT:  Anything from the Committee?

15           MR. PESCE:  Thank you, Your Honor.  For the

16   record, Gregory Pesce, White & Case --

17           THE COURT:  Long time since I've seen.

18           MR. PESCE:  I know.  Good to see you, Judge.

19           THE COURT:  -- or on the screen.

20           MR. PESCE:  The Debtor cooperated with the

21   Committee in reviewing this matter over several weeks and

22   involved us with it.  We have no objection to the

23   settlement.

24           THE COURT:  Thank you.  Does anybody else wish to

25   be heard?  All right, it's approved.  Just submit the order

Page 44

1      in Word format.  It'll be entered.

2              MS. LOUREIRO:  Thank you, Your Honor.  Next on the

3      agenda I think is the fee examiner's fee application.

4              THE COURT:  Okay.

5              MR. SONTCHI:  Good morning, Your Honor.

6      Christopher Sontchi, the fee examiner.  We're here both on

7      Godfrey Kahn's second interim fee application as well as my

8      own second interim fee application.  I also have an update

9      on the Latham situation if you wish to hear it, where it was

10     presented yesterday, I believe.

11             THE COURT:  Yeah, I do.  Please go ahead, just

12     briefly address that if you would.

13             MR. SONTCHI:  Sure.  So as Your Honor remembers at

14     the last hearing that I participated in, we discussed issues

15     with regard to Latham's work on behalf of the Debtors as

16     special counsel with the Southern District of New York U.S.

17     Attorney.  Some concerns had been raised that we were made

18     aware of and in order to ensure that they would only be paid

19     out of the estate for activities that benefited the estate,

20     I endeavored to have a meeting with Latham with my counsel

21     in person in New York.

22             We had the entire Latham team that worked on the

23     matter substantively as well as two bankruptcy lawyers from

24     Latham with whom you're very familiar, Mr. George Davis and

25     Ms. Suzanne Uhland.  We had a lengthy meeting.  We heard

Page 45

1    their side of the story.  We had a vigorous discussion and

2    at the end of the day, in order to resolve the fee

3    application, they agreed to what is really a very, I think,

4    substantial reduction in their fees.

5            About a third of their fees dealt with the

6    Southern District of New York and there was a cut of 12.5

7    percent in those fees.  In addition, the other two-thirds

8    were reduced by 5 percent because we have had issues with

9    their fee applications since day one.

10           It was a very -- I think it was a very good result

11   in connection with -- and a very professional negotiation

12   and we ran before we submitted it to the Court, we ran it by

13   the Debtor, we ran it by the Committee and neither of them

14   had an rejection with that fee settlement that was then

15   baked into to the fee application that was actually put

16   forward to the Court.

17           THE COURT:  All right.  Does anybody else want to

18   hear -- anybody want to speak to the issue of the Latham

19   fees?  It's approved.

20           MR. SONTCHI:  Okay.

21           THE COURT:  Thank you very much.

22           MR. SONTCHI:  I -- you're welcome.  I believe the

23   order was presented yesterday, so I'm not as familiar with

24   your procedures as I was with my old procedures, so

25   hopefully it's working its way through the system.

Page 46

1          THE COURT:  It's working its way through the

2    system.

3          MR. SONTCHI:  Very good.  And with regard to

4    Godfrey Kahn and my own fees, we've received no objection or

5    comments from any party in interests and those are available

6    to be approved by the -- we got the math right this time,

7    Your Honor.  We only checked it about 100 times to make sure

8    we didn't make that same mistake.  So, if you -- unless you

9    have any questions, it's ready to be approved.

10         THE COURT:  All right.  With respect to the

11   Godfrey & Kahn, application, they are counsel to the fee

12   examiner, they seek fees in the amount of $563,639 and

13   expenses in the amount of $643.51 for the period from March

14   1, 2023 to June 30th, 2023.  And during that period, Godfrey

15   did 958.8 hours of work.  The application is approved.  The

16   Godfrey application includes very thorough detailed time

17   records that make me quite comfortable that the work done

18   was necessary and performed in a reasonable amount of time.

19   The application includes the required certification and

20   breaks down hours in project billing format.  Godfrey billed

21   39.3 hours or $24,604 for preparing the fee application

22   which is within what I refer to as the Mesa guidelines on

23   the amount of time spent on preparing fee applications.

24   It's from a prior decision of mine in Mesa Air Group, where

25   I've said fees for preparing a fee application ordinarily

1   should be in the range of 3 to 5 percent.  These are 4

2   percent.  So the -- those -- the guidelines were satisfied.

3   So the Godfrey & Kahn application is approved.

4           With respect to the second fee application of

5   Delaware ADR LLC and Sontchi LLC, the -- it seeks fees and

6   the amount of $57,150 and no expenses.  It's approved as

7   well.  You know, Mr. Sontchi, in the Southern District of

8   New York, we follow the U.S. Trustee's project billing

9   format.  If you or Godfrey & Kahn are not familiar with it,

10  they ought to look at it.  It would be helpful and make it -

11  - life easier for my chambers and I if the matters were

12  reported in the project billing format that was included,

13  but for the purposes of this application, I consider --

14          MR. SONTCHI:  I will.

15          THE COURT:  The -- it is quite clear and all of

16  the time was appropriately spent and I'm pleased to be able

17  to approve it.

18          MR. SONTCHI:  Well, we will certainly.  Thank you,

19  Your Honor, very much and we'll certainly address that going

20  forward and I apologize.

21          THE COURT:  That's --

22          MR. SONTCHI:  Also, I don't -- just, I don't know

23  if you were confused by the switch.  I switched firms in --

24  at the end of May from Delaware ADR LLC to my own, to my own

25  solo firm, so that's why the -- there's a bit of an alphabet

1    soup in connection with these applications.  So I apologize

2    for that.

3              THE COURT:  It's hard to keep track of all your

4    hats, Judge Sontchi, in Singapore.

5              MR. SONTCHI:  Well, that's where I am right now,

6    Your Honor.  It's 10 o'clock -- 10:30 at night.  Thank you

7    very much.

8              THE COURT:  Thank you.  Say hello to my friends in

9    Singapore.

10             MR. SONTCHI:  I certainly will.  I'll see them

11   tomorrow.

12             THE COURT:  All right.  All right, let's move on

13   on the agenda.

14             MS. LOUREIRO:  Your Honor, the last item on the

15   agenda is the Celsius v. StakeHound adversary --

16             THE COURT:  Right.

17             MS. LOUREIRO:  -- proceeding.

18             THE COURT:  Okay.  Why don't counsel in the

19   Celsius v. StakeHound Adversary Proceeding 23-01138, please

20   come on up.

21             MS. WICKOUSKI:  Good morning.

22             THE COURT:  Ms. Wickouski, nice to see you.

23             MS. WICKOUSKI:  Thank you.  Stephanie Wickouski,

24   for the record, on behalf of StakeHound and I'm here with my

25   colleague Jeffrey Kramer also from Locke Lord.

Page 49

```
 1              THE COURT:  Thank you very much.

 2              MR. HURLEY:  Good afternoon, Your Honor.  Mitch

 3      Hurley with Akin Gump on behalf of Celsius.

 4              THE COURT:  All right, thank you.  I realize that

 5      you're awaiting my decision on the TRO.  I expect to

 6      hopefully have that resolved by tomorrow.  But in any event,

 7      we have a preliminary -- one way or the other, we have a

 8      preliminary injunction hearing coming up and also miss --

 9      StakeHound's motion to dismiss for lack of personal

10      jurisdiction and their motion to compel arbitration.

11              So I thought we ought to have -- I want to have

12      you here today just as an update on preparation for that

13      hearing, which will be a hybrid hearing.  I guess it was

14      September 27th, I think is the date and it's become

15      necessary for me to sort of change the procedures of the

16      Court with respect to hybrid hearings because the September

17      27th preliminary injunction hearing will be an evidentiary

18      hearing.

19              And while the precise language of the guidance

20      from the Administrative Office of the Courts and the

21      Judicial Conference of the United States has not been

22      released yet, after September 21st, we can no longer have

23      remote hearings with non parties in interest or their

24      lawyers appearing on Zoom.  Any -- the press or others can

25      certainly come to the courthouse and observe from here, but
```

Page 50

1    they won't be able to listen and watch the hearing remotely

2    on Zoom.

3           So we've included language in the order that

4    scheduled that hearing as to what those procedures are.  We

5    hope to have further guidance and clarity from the

6    administrative office shortly, but I believe that -- those

7    are the rules that will apply.

8           What was unclear to me is how many witnesses each

9    of you expect to call and tell me about, can you give me an

10   estimate of the volume of exhibits and when you'll be

11   prepared to -- go first, Mr. Hurley.  You're representing

12   Celsius Network as the plaintiff in that.

13           MR. HURLEY:  Thank you, Your Honor.  So maybe can

14   I give Your Honor some background on our discussions about a

15   potential schedule?

16           THE COURT:  Sure.

17           MR. HURLEY:  We can kind of fill in some of those

18   --

19           THE COURT:  Yeah, please, so ahead.  That would be

20   helpful.

21           MR. HURLEY:  So, just as a reminder, there are

22   papers that are due this Friday, opposition briefs.  We have

23   replies due the following Friday.

24           Celsius served what we intend to be very targeted

25   document requests on September 4th and we have been

1    discussing a schedule with StakeHound's counsel about

2    discovery responses and how we proceed from here.  So I

3    don't think we have a final agreement, but I'm just going to

4    tell you what we've talked about tentatively because I think

5    we're quite close to an agreement.

6            THE COURT:  Let me just ask, since you don't have

7    a final agreement, Ms. Wickouski, do you have any objection

8    to Mr. Hurley describing that?  You'll certainly have your

9    chance to respond to that.

10           MS. WICKOUSKI:  Thank you, Your Honor.  I have no

11   objection, and it is correct, we have been discussing a

12   schedule and I think we're very close but --

13           THE COURT:  Okay.  Go ahead, Mr. Hurley.

14           MR. HURLEY:  So what we have proposed was that the

15   responses to our September 4th document requests -- so the

16   responses are due on Monday.  We are hoping that we'll have

17   an opportunity to meet and confer with StakeHound even in

18   advance of that, because we do want to make sure we keep

19   this streamlined.  It's short schedule.

20           The proposal would be that the document production

21   would be completed by September 15th.  We would exchange

22   witness lists on September 18th, which would be both after

23   completion of the document discovery and after the replies

24   are submitted, and that would be at 12 p.m. Eastern on that

25   day.  We have served a notice for a deposition of Mr.

Page 52

1    Castellana.  I understand there are going to be some notices

2    served by StakeHound, too, that haven't been yet, so we're

3    going to have to work that out.  We've been talking about

4    what dates would work for his deposition.  He has some

5    things on his schedule we got to try to work around.

6              So that's still sort of up in the air, but what

7    we're hoping is that all depositions can be completed by

8    September 24th, which is a Sunday.  We would then propose

9    that we exchange exhibit lists and depo designations also on

10   that day, on Sunday by noon, objections the next day at

11   noon, meet and confer to try to resolve them on the 26th,

12   which of course is the day before the hearing.

13             That's what we've been talking about so far, but

14   obviously, any guidance from Your Honor would be extremely

15   welcome if there are changes you'd like us to consider.

16             THE COURT:  Let me hear from Ms. Wickouski.  Then

17   we can talk a little bit more about it.

18             MS. WICKOUSKI:  Thank you, Your Honor.  That's --

19   as Mr. Hurley described it is exactly what's been proposed

20   and what we've been discussing.  A few of the dates, we need

21   some accommodation on so -- particularly the earlier dates,

22   so we're still discussing that, but that is, you know,

23   generally along the lines we're discussing.  And we also

24   intend to serve requests for production of documents.  We

25   hope to get that out hopefully tomorrow.

1            THE COURT:  Sooner the better.

2            MS. WICKOUSKI:  Yes.  Yes, Your Honor.  And

3    there's one other matter that we have been discussing, we

4    don't have an agreement on, but it's something that is

5    ultimately up to Your Honor and that is the issue of what's

6    set on the 27th includes our motion to dismiss for lack of

7    personal jurisdiction.

8            It's always been our view that we filed that as a

9    protective measure and that we don't particularly feel that

10   the Court needs to address that.  It does -- the fact that

11   it is set does affect our discovery because discovery served

12   on us, a substantial portion of it does relate to personal

13   jurisdiction and it really adds to the burden, if you will,

14   of what we're trying to produce and respond to.

15           If that were going to be deferred, as we would be

16   amenable to, that would cut down some of the discovery

17   involved.  But I recognize that that's the way Your Honor --

18           THE COURT:  Well, let me raise this, a couple of

19   questions.  I've commented at the separate hearings we've

20   had in the adversary proceeding with that ruling you, you

21   reserve your rights to object to personal jurisdiction as

22   you certainly could.  And I think what I commented in an

23   order, in fact, was that just reviewing the four corners of

24   the complaint that Celsius filed, it appeared to me that

25   Celsius established a prima facie basis for personal

Page 54

1      jurisdiction over StakeHound.  That wasn't a ruling on it.

2      That was just looking at the complaint.

3             All right.  You've contested the issue of personal

4      jurisdiction.  Absent personal jurisdiction, I can't issue

5      a, you know, a preliminary injunction.  If -- it certainly -

6      - let me put it this way.  Certainly very unclear whether a

7      TRO or a preliminary injunction is an issue, but let's

8      assume that one, the Court would be inclined to grant it.

9             I'm certainly prepared to do so with the express

10     understanding that you reserve your rights with respect to

11     the personal jurisdiction, if you want to deal with that at

12     a later point.  What I -- you're certainly within your

13     rights to press the personal jurisdiction issue at that same

14     hearing.  So, in a sense, I suppose I'm putting the ball in

15     your court.

16            I think we -- I may have commented previously that

17     I view Second Circuit law, both the circuit decisions,

18     District Court decisions and I think some Bankruptcy Court

19     decisions as leaving flexibility in a District or Bankruptcy

20     Court in how it addresses a personal jurisdiction issue.

21            And again, I'm not trying to rule on it at this

22     point, but the way I read the cases generally, I can decide

23     not on a final basis but certainly on an interim basis that

24     without hearing contested evidence on personal jurisdiction,

25     I'm satisfied that there's a prima facie basis to assert it.

Page 55

1    I don't know whether that makes sense to you.

2          So I'm certainly prepared to see this hearing on

3    the 27th streamlined and if it would streamline the

4    discovery, that would be, I think, helpful to everybody and

5    perhaps the number of witnesses that I have to listen to on

6    the 27th.  I think, you know, this is a -- there are some

7    unique issues.

8          You have your motion to compel arbitration in

9    Switzerland and so I at least have to have a prima facie

10   basis for concluding I have personal jurisdiction to rule on

11   the preliminary injunction, to rule on the motion to compel

12   arbitration.

13         If I compel -- if I grant your motion to compel

14   arbitration, you may -- I mean, if I grant the preliminary

15   injunction and I think I said in a prior order, again, I'm

16   not deciding it now -- and I would certainly listen to

17   everybody about it -- there would be the issue in my mind as

18   to whether I granted a preliminary injunction until -- if I

19   also compelled arbitration until the arbitrator who was

20   selected decided whether to provide some provisional relief

21   in the form of essentially the form of the freezing

22   injunction that the Debtor has sought.

23         I'm not deciding that now, but I've certainly

24   indicated to both sides that that was a potential issue.  So

25   I -- you know, the ball's in your court, let me put it that

Page 56

1    way.

2              MS. WICKOUSKI:  Thank you, Your Honor.  So --

3              THE COURT:  The only thing I would say is I would

4    certainly -- would not believe you have waived the prelim --

5    the personal jurisdiction issue if we go forward with the

6    hearing without resolving that issue.

7              MS. WICKOUSKI:  Thank you, Your Honor.  That was

8    precisely the kind of guidance that we were looking for here

9    because -- and forgive me for waxing maybe inelegantly -- in

10   eloquently at the moment, but --

11             THE COURT:  Your briefs have been very elegant --

12   eloquent.

13             MS. WICKOUSKI:  Thank you, Your Honor.  You know,

14   one of the --

15             THE COURT:  So has Mr. Hurley's.

16             MS. WICKOUSKI:  One of the struggles in

17   bankruptcy, is that, you know, you have a traditional view

18   of the world where issues have to be addressed in order and

19   jurisdiction first.  And, you know, there's threshold issues

20   before you got substantive issues, but often in bankruptcy,

21   there's a need to transpose those, and the way to get around

22   it, I guess is, exactly as Your Honor stated that the Court

23   can make a preliminary determination for purposes of the

24   substantive issue, reserving the party's rights to go out of

25   order.

1           And that is precisely what we were hopeful of

2     doing because it does streamline the procedure.

3           THE COURT:  It's funny, I read the decisions on

4     challenges to personal jurisdiction as essentially leaving

5     that path open because a Court can decide, as I understand

6     it, at least, based on the four corners of a complaint, has

7     it set forth a prima facie basis for the exercise of

8     personal jurisdiction, which I believe this complaint does,

9     but it's a complaint, not evidence and so at least -- I'll

10    listen to Mr. Hurley at this point, but certainly I'm

11    prepared to go forward, deferring the -- a challenge to

12    personal jurisdiction without your client waiving its rights

13    in following that route.  But maybe Mr. Hurley wants to

14    address this as well.

15          MS. WICKOUSKI:  Thank you, Your Honor.

16          THE COURT:  Okay, thank you.

17          MR. HURLEY:  Thank you, Your Honor.  Obviously,

18    the most important thing from Celsius' perspective is that

19    the Court has sufficient power to enter relief that we think

20    is appropriate at this time, includes with respect to the --

21    with the motion for preliminary injunction, but it also

22    includes relief that we may soon be seeking with respect to

23    the stay violation.

24          In that regard -- and I just want to make this

25    clear for the record, in terms of what the consequences of

1    that violation are with respect to the proceeding that they

2    started and that we would argue is void, I think that is yet

3    to be fully determined and you know, if there were an order

4    with respect to arbitration that resulted in some further

5    proceedings, we at least don't concede that that particular

6    proceeding is one that would be appropriate.  We think it's

7    already void.

8               In terms of the, whether personal jurisdiction is

9    decided at the hearing, I will just say this.  We have not

10   yet had a chance to meet and confer at all about the

11   discovery we've sought.  I don't think the discovery that

12   we're seeking on that front actually is going to be

13   particularly burdensome.  I frankly don't think there are

14   going to be particularly significant disputed issues of fact

15   to be determined for Your Honor to decide the personal

16   jurisdiction issue.

17              So our view had been that issue is going to be

18   briefed.  Let's get it off the table and move forward with

19   the case.  But again, the most important thing from Celsius'

20   perspective is that the Court is satisfied it has the

21   authority to enter the relief that we think is appropriate.

22              THE COURT:  Well, unless and until the Court -- I

23   do believe, as I've said multiple times, that I think you

24   took some care in the complaint to allege facts sufficient

25   to establish personal jurisdiction over StakeHound.  I mean,

1    I note that the contract between Celsius was between Celsius

2    in the UK and a Swiss entity.  It was not between, you know,

3    Celsius Network Limited LLC, the U.S. entity.

4         That's just -- in terms of the face of the

5    contract, but I think you certainly, I think, were mindful

6    of the issues surrounding personal jurisdiction and alleged

7    facts from which the Court could conclude you haven't

8    established a prima facie basis for personal jurisdiction.

9         That's not an ultimate decision.  Okay.  Maybe I'm

10   wrong about this, but at least I read the law and I've had

11   these issues before that the Court has discretion about how

12   it's going to treat this issue of personal jurisdiction.

13   And if we go forward on the 27th without the specific

14   factual challenge to personal jurisdiction, I will presume

15   the existence of personal jurisdiction without finally

16   determining that issue.  So Ms. Wickouski will not have

17   waived her ability to challenge that issue at a subsequent

18   time.

19        You know, I have commented before that it

20   certainly appears to me that StakeHound violated the

21   automatic stay in demanding -- in filing its arbitration

22   demand in Switzerland.  I don't approach these issues with

23   the clean slate either.  I pointed out the MF Global series

24   of decisions that have dealt with it.

25        I don't think that my decisions demand, require

Page 60

```
 1    that I essentially void everything that may have happened so

 2    far in triggering the -- I'm not deciding this issue, okay.

 3    You know, a single arbitrator has been selected.  The

 4    contract has an arbitration clause.  You don't dispute that.

 5    Arbitration in Switzerland.  An arbitrator has been

 6    selected.

 7            I've made it clear that an order has been entered

 8    that no further action is to take place in that arbitration

 9    pending further order of this Court.  I don't rule out the

10    possibility that I can -- that I conclude that the disputes

11    between StakeHound and Celsius should be arbitrated in

12    Switzerland, pursuant to the arbitration clause.  I'm not

13    saying I am or I'm not.  So one shouldn't assume that even

14    if I conclude that StakeHound violated the automatic stay,

15    that I don't permit the arbitration to go forward in

16    Switzerland rather than simply striking the demand, making

17    them start all over again.

18            I think it's important for Celsius and StakeHound

19    that issues, if they're arbitrable, should be resolved

20    expeditiously.  And I don't think it -- you may disagree

21    with this.  I don't think it's in Celsius' interest to

22    prolong a decision, whether it's a Court or an arbitrator,

23    on the underlying merits of the issues.

24            MR. HURLEY:  Understood completely, Your Honor.

25    Really, that was in the nature of just making clear, we're
```

Page 61

1      reserving our rights in terms of what the consequences could

2      be, not suggesting a decision needs to be made now.

3              THE COURT:  Okay.

4              MR. HURLEY:  In that same vein, Your Honor, just

5      because you mentioned it, I want to make crystal clear,

6      Celsius does not concede that all of these three tranches

7      are subject to an arbitration agreement.  Okay?  You have

8      the SSA that related to the 25,000, November ETH.  You have

9      RSA that relates to the MATIC and the DOT.  There is no

10     evidence that has been provided so far of an arbitration

11     agreement with respect to the 35,000 ETH that was lost.

12             THE COURT:  Okay.

13             MR. HURLEY:  So I just want to make crystal clear,

14     that is going to be a part of what we argue, that there is

15     no agreement --

16             THE COURT:  That's --

17             MR. HURLEY:  Yeah.

18             THE COURT:  I just -- did you want to say

19     something else, Ms. Wickouski?

20             MS. WICKOUSKI:  No.  I think it probably goes

21     without saying that I disagree with what Mr. Hurley just

22     said and --

23             THE COURT:  Surprise.

24             MS. WICKOUSKI:  We're actually planning to address

25     that specific --

1          THE COURT:  Let me -- one last comment.  This is

2     probably useless.  But could you try and settle this?

3          MS. WICKOUSKI:  Yes, Your Honor.  Certainly.  I

4     will try.

5          THE COURT:  I mean that quite -- I say it with a

6     smile, but I mean it quite seriously.  It's in both

7     StakeHound and Celsius' interest to try and resolve this.

8     The best settlements are ones that neither side is entirely

9     happy with, but considering all the risks involved, the

10    parties conclude that settlement is in the best interests of

11    the parties.  And when a settlement is presented to the

12    Court by sophisticated counsel in a well litigated matter,

13    is usually pretty persuasive in getting approval.

14          MS. WICKOUSKI:  Thank you, Your Honor and I take

15    that very seriously and I take trying to settle things as

16    part of my role.

17          THE COURT:  Thank you.  Okay.  All right.  What's

18    next on the agenda?  I -- update on maybe some adjourned

19    matters?

20          MS. JONES:  MS. LOUREIRO:  Yes, there -- we've

21    nothing --

22          THE COURT:  Just identify yourself --

23          MS. JONES:  Oh, sorry, Your Honor.  Elizabeth

24    Jones, Kirkland & Ellis, on behalf of the Debtor.  There's

25    nothing further from us, as you wee --

```
 1              THE COURT:  Has the Willis Towers Watson matter

 2   been resolved?

 3              MS. JONES:  There are discussions with the U.S.

 4   Trustee and counsel to Willis Towers.  I think we're very,

 5   very close which is why we adjourned it at this hearing.

 6              THE COURT:  Okay.  All right.  Thank you.  All

 7   right.

 8              MS. WICKOUSKI:  Excuse me, Your Honor, but when --

 9              THE COURT:  Just go ahead --

10              MS. WICKOUSKI:  -- become --

11              THE COURT:  -- identify yourself for the record.

12              MS. WICKOUSKI:  Oh, apologies.  Stephanie

13   Wickouski, for the record, counsel for StakeHound.  Your

14   Honor, may we be dismissed?

15              THE COURT:  Yes, you are.  Hopefully, we're all

16   going to be dismissed pretty soon.

17              MAN:  Thank you, Your Honor.

18              THE COURT:  You are.  Thank you very much.  Okay.

19   All right.  But so that -- I take it, Ms. Jones,

20   (indiscernible) for the motion for disgorgement of fees by

21   the U.S. Trustee as well?

22              MS. JONES:  Yes.  Yes, Your Honor.  And again,

23   Elizabeth Jones of Kirkland & Ellis on behalf of the Debtor.

24   They will all be addressed together.

25              THE COURT:  Okay.  So on the adjourned matters is
```

1    also the Lawson subpoena.  Has that been resolved?

2              MS. JONES:  Your Honor if I can, my colleague, Mr.

3    Latona can probably speak --

4              THE COURT:  Sure.  Thanks.  Thanks very much.

5              MS. JONES:  Thank you.

6              THE COURT:  Mr. Latona, nice to see you.

7              MR. LATONA:  Good morning, Your Honor.  Nice to

8    see you, too.  For the record, Dan Latona of Kirkland &

9    Ellis on behalf of the Debtors.

10             In response to the Debtors' 2004 motion, the

11   Debtors did conduct a deposition of one of Mawson's

12   corporate representatives last weekend.  As part of the

13   ongoing discovery, we have agreed to adjourn the Rule 60(b)

14   motion to the October 5th hearing to allow that process to

15   play out.

16             THE COURT:  Okay. Thank you very much.

17             MR. LATONA:  Thank you, Your Honor.

18             THE COURT:  I guess that's it.  All right.  Does

19   anybody have anything else they want to raise?  We're

20   adjourned.  Thank you very much.

21             (Whereupon these proceedings were concluded at

22   10:57 AM)

23

24

25

Page 65

1                          **I N D E X**

2

3                            RULINGS

4                                                    Page        Line

5

6    Cole Motion adjourned                            40          10

7    Fourth motion to extend exclusive period

8    to solicit our plan, approved                    41          6

9    Condit settlement, approved                      43          25

10   Latham Fee examiner's fee application,

11   approved                                         45          19

12   Godfrey & Kahn Fee Application, approved         47          3

13   Delaware ADR LLC and Sontchi LLC Fee

14   Application, approved                            47          17

15

16

17

18

19

20

21

22

23

24

25

Page 66

1                   C E R T I F I C A T I O N

2

3        I, Sonya Ledanski Hyde, certified that the foregoing

4    transcript is a true and accurate record of the proceedings.

5

6

7    *[signature]*

8    Sonya Ledanski Hyde

9

10

11

12

13

14

15

16

17

18

19

20    Veritext Legal Solutions

21    330 Old Country Road

22    Suite 300

23    Mineola, NY 11501

24

25    Date:  September 9, 2023

[& - 500,000]

**&**

**&**   4:2 6:8
17:20 18:15
19:11,23 20:18
23:2,5 25:10
41:14 42:17
43:16 46:11
47:3,9 62:24
63:23 64:8
65:12

**0**

**0.0.**   3:20
**07102**   7:11

**1**

**1**   21:6,9 33:16
42:23 46:14
**1.1**   3:8
**10**   25:17 48:6
65:6
**10,000**   30:5
**100**   46:7
**10004**   1:21
8:20
**10019**   6:4
**10020-1089**
9:18
**10035**   7:19
**10036**   5:7 6:11
8:4
**10167**   7:4
**10281**   5:17
**10:00**   17:4,5
**10:02**   1:24
**10:30**   48:6
**10:57**   64:22

**11**   3:9 4:9 29:8
**11.2**   32:8
**1121**   3:8
**11501**   66:23
**1177**   8:3
**11:00**   17:4
**12**   51:24
**12.5**   45:6
**12151**   66:7
**1221**   6:10 9:17
**12548**   9:3
**138**   33:15
**139**   33:15
**14th**   35:8 39:2
**15**   29:19
**150,000**   43:4
**15th**   51:21
**17**   65:14
**18th**   51:22
**19**   32:9 65:11

**2**

**2**   28:24
**2.7**   32:4
**200**   5:15
**200,000**   31:11
**2001**   9:10
**2004**   64:10
**2022**   35:8 39:2
**2023**   1:23 17:3
46:14,14 66:25
**20th**   5:16
**21st**   49:22
**22-10964**   1:3
17:5
**2200**   10:11
**23-01138**   1:4
4:7 48:19

**23-1138**   17:6
**230,000**   42:24
**24,604**   46:21
**245**   7:3
**24th**   52:8
**25**   31:12 65:9
**25,000**   61:8
**25th**   9:17
**26,000**   32:18
**26th**   52:11
**2719**   10:4
**27th**   49:14,17
53:6 55:3,6
59:13
**28**   32:16

**3**

**3**   32:25 47:1
65:12
**3.5**   27:22 28:12
**3/1/2023**   3:19
4:3
**300**   8:10 66:22
**3048**   3:3
**3056**   3:3
**3061**   3:3
**3062**   3:3
**3089**   3:3
**30th**   40:23
46:14
**31**   4:9
**312**   37:5
**3208**   3:20
**3209**   4:5
**3211**   3:20 4:5
**330**   66:21
**3339**   3:14

**3357**   3:10
40:17
**3373**   3:14
41:21
**3402**   3:20 4:5
**3407**   3:3
**3408**   3:3
**3412**   3:10
**3422**   26:3
**3424**   3:4,10,14
3:20 4:5
**3429**   3:4,10,14
3:20 4:5
**3430**   25:21
**345**   10:11
**35,000**   61:11
**39.3**   46:21

**4**

**4**   47:1
**40**   65:6
**40,000**   30:7
**41**   65:8
**43**   65:9
**45**   65:11
**47**   65:12,14
**47th**   7:18
**4th**   50:25
51:15

**5**

**5**   39:5,20 45:8
47:1
**50,000**   43:5
**500**   10:3 30:9
**500,000**   30:9
30:11

| | | | |
|---|---|---|---|
| **534** 8:19 | **90** 27:15 30:19 | **action** 39:15 | **adjusted** 32:4 |
| **53701-2719** | 30:22,25 31:2 | 42:6,6,11,14 | 33:9 |
| 10:5 | 31:5,6 | 42:19 60:8 | **adler** 7:6 |
| **54** 32:5 | **94104** 10:12 | **actions** 27:21 | **administrative** |
| **563,639** 46:12 | **958.8** 46:15 | **activities** 44:19 | 49:20 50:6 |
| **563,639.00** 4:4 | **a** | **actually** 22:13 | **admitted** 25:3 |
| **57,150** 47:6 | | 34:2 39:16 | 25:5 41:24 |
| **57,150.00** 3:19 | **a.m.** 17:4,4,5 | 45:15 58:12 | **adr** 47:5,24 |
| **570** 7:10 | **aaron** 6:14 | 61:24 | 65:13 |
| **5th** 64:14 | **ability** 34:25 | **ad** 7:2 | **adv** 1:4 |
| **6** | 59:17 | **ada** 42:8 | **advance** 31:15 |
| | **able** 35:10 | **adam** 6:17 | 51:18 |
| **6** 65:8 | 47:16 50:1 | 23:5 | **adversary** 4:7 |
| **6/30/2023** 3:19 | **abreu** 12:13 | **addition** 45:7 | 20:22 48:15,19 |
| 4:4 | **absent** 54:4 | **additional** 18:8 | 53:20 |
| **60** 64:13 | **absolutely** 27:9 | 18:20 20:1 | **affect** 53:11 |
| **600** 9:10 | **accept** 21:19 | 21:2 23:12,25 | **afternoon** 49:2 |
| **60654** 8:11 | 22:5 | 27:13,22 30:10 | **agency** 36:9 |
| **62** 40:23 | **acceptances** | **additionally** | **agenda** 25:12 |
| **643.51** 46:13 | 3:8 | 33:7 | 34:1 40:15,16 |
| **643.51.** 4:4 | **accepting** 39:2 | **address** 25:22 | 41:16 44:3 |
| **7** | **access** 40:8 | 25:24 30:10 | 48:13,15 62:18 |
| | **accessed** 35:17 | 44:12 47:19 | **agent** 29:4 |
| **7** 1:23 4:9 7:18 | **accommodat...** | 53:10 57:14 | 30:18 |
| 17:3 | 52:21 | 61:24 | **aggregate** |
| **75201** 9:11 | **account** 25:18 | **addressed** | 28:24 |
| **787** 6:3 | 27:12,19 30:8 | 56:18 63:24 | **ago** 42:3 |
| **78711-2548** 9:4 | 31:4,7 35:12 | **addresses** | **agreed** 35:9,15 |
| **79,000** 31:24 | 35:13,17,20,24 | 29:10,11 30:2 | 42:21 43:5 |
| 33:4 | 36:4,5,22,23 | 54:20 | 45:3 64:13 |
| **79.5** 27:14 | 37:1,15,23 | **adds** 53:13 | **agreeing** 42:14 |
| **8** | 38:1,20,22,22 | **adhesive** 35:9 | **agreement** |
| | **accounts** 30:17 | **adjourn** 64:13 | 31:25 41:17 |
| **8** 39:20 | 39:6,22 | **adjourned** | 42:22,23,25 |
| **85** 32:1 | **accurate** 66:4 | 62:18 63:5,25 | 43:3,8 51:3,5,7 |
| **9** | **act** 35:21 37:13 | 64:20 65:6 | 53:4 61:7,11 |
| | **acted** 37:25 | | 61:15 |
| **9** 27:16 66:25 | | | |
| **9-13** 37:5 | | | |

**ahead** 18:13,21
  19:8,9 22:14
  27:1 28:4,9
  29:23 32:19,20
  34:6 35:4
  38:17 41:25
  44:11 50:19
  51:13 63:9
**air** 46:24 52:6
**akin** 5:3 20:11
  49:3
**alex** 15:9
**alexander** 8:18
**allege** 58:24
**alleged** 59:6
**alleging** 42:7
**allow** 40:8
  64:14
**allowing** 35:23
**alpha** 32:2
**alphabet** 47:25
**amenable**
  53:16
**amended** 3:1
**americas** 6:10
  8:3 9:17
**amount** 46:12
  46:13,18,23
  47:6
**andrew** 7:21
  15:4,22
**announcement**
  24:19
**anybody** 43:24
  45:17,18 64:19
**anyone's** 24:1

**apologies**
  63:12
**apologize**
  47:20 48:1
**app** 30:21 31:1
**appearance**
  17:9,18 18:9
  18:12,20 19:5
  19:6,8 20:2,10
  21:11 22:15,17
  22:22,24 24:3
  24:5,10,12,14
  24:16
**appearances**
  19:2 20:7
  23:12
**appeared** 34:2
  34:4 53:24
**appearing**
  17:13 18:1,3
  18:15 19:18
  24:3 49:24
**appears** 59:20
**applaud** 34:10
**apple** 25:22
**applicable**
  29:3
**application**
  3:16 4:1 44:3,7
  44:8 45:3,15
  46:11,15,16,19
  46:21,25 47:3
  47:4,13 65:10
  65:12,14
**applications**
  19:20 45:9
  46:23 48:1

**apply** 50:7
**appreciate**
  22:19 23:11
  26:6 34:13
**approach**
  59:22
**appropriate**
  40:7 57:20
  58:6,21
**appropriately**
  47:16
**approval** 19:25
  62:13
**approve** 47:17
**approved** 43:7
  43:9,25 45:19
  46:6,9,15 47:3
  47:6 65:8,9,11
  65:12,14
**approving**
  3:12
**approximately**
  27:15,16 28:24
  31:5
**april** 35:8 39:2
**araceli** 12:2
**arbitrable**
  60:19
**arbitrated**
  60:11
**arbitration**
  49:10 55:8,12
  55:14,19 58:4
  59:21 60:4,5,8
  60:12,15 61:7
  61:10

**arbitrator**
  55:19 60:3,5
  60:22
**archer** 10:19
**arcos** 14:7
**argue** 35:4
  38:15 58:2
  61:14
**argues** 35:2
**arguing** 34:22
  42:11
**argument**
  38:19 40:11
**arguments**
  39:7 40:3
**armand** 12:14
**article** 37:19
**artur** 12:13
**asked** 30:9
**asking** 26:4
**asks** 21:23
**assert** 54:25
**asset** 28:20
  37:20
**assets** 35:13,20
  35:24 36:13,16
  36:22 37:3,14
  37:17,24 38:2
  38:7 39:5
**associated**
  43:10
**assume** 54:8
  60:13
**attached** 42:22
**attack** 26:1
**attention** 26:2

attorney 9:1
34:12 44:17
attorneys 4:2
5:14 6:2,9 7:2
7:9,17 8:2,9,17
9:2,9,16 10:2
10:10
audio 24:21,24
33:19
august 31:25
32:21,25
austin 9:4
authority
41:17 58:21
automatic 3:1
42:10 59:21
60:14
available 42:16
46:5
avenue 6:3,10
7:3 8:3 9:10,17
avery 11:6
avoid 31:16
37:2 39:7
avoided 38:12
awaiting 49:5
aware 26:6,11
40:19 44:18
azimzadeh
10:18 21:12
22:2,11 23:8,8

**b**

b 2:1 10:25
64:13
back 39:14
background
28:6 42:3

50:14
baked 45:15
baker 9:8
balance 30:7
36:23
ball 54:14
ball's 55:25
ballot 25:23
ballots 25:18
balluku 12:15
bankruptcy
1:1,19 2:3 3:9
34:12 36:2
44:23 54:18,19
56:17,20
barstow's
39:13
based 28:25
31:3 36:6,11
37:17 57:6
basically 21:21
basis 39:11,25
39:25 53:25
54:23,23,25
55:10 57:7
59:8
beaudry 12:16
becin 10:20
behalf 17:12
17:20 18:15
19:23 23:6,15
23:21 25:10
33:24 41:14
44:15 48:24
49:3 62:24
63:23 64:9

believe 23:18
32:18 35:23
36:4,9,17 37:2
37:25 38:5,11
39:11,20 40:1
43:12 44:10
45:22 50:6
56:4 57:8
58:23
ben 13:6
benefit 37:21
benefited
44:19
bernstein 7:13
10:21 20:16,17
20:18
best 43:13 62:8
62:10
beth 14:12
better 28:2,4
53:1
billed 46:20
billing 46:20
47:8,12
billion 27:14
28:24
biswas 12:17
bit 27:25 28:4
42:2 47:25
52:17
bitcoin 32:1,13
board 33:7
borrowers 7:2
bottom 33:3
botts 9:8
bowling 1:20
8:19

box 9:3 10:4
bradley 3:13
13:14
breaking 27:24
breaks 46:20
breuder 12:18
brian 6:6 8:22
bric 6:2
brief 25:11
briefed 58:18
briefly 44:12
briefs 50:22
56:11
brifkani 12:19
broad 7:10
broker 36:8
bronge 10:22
brookfield
5:15
brown 7:16
bryant 5:6
btc 32:7,9,18
32:23 33:9
burden 53:13
burdensome
58:13
bureau 7:9
20:19
burks 12:7
business 35:25
37:7 38:3 43:7
43:12

**c**

c 5:1 17:1 66:1
66:1
ca 10:12

[caceres - colleague]

| | | | |
|---|---|---|---|
| caceres 10:24 | 30:21 31:1 | chapter 3:8 | 60:7,25 61:5 |
| calendar 17:3 | 38:8 42:4 | 29:8 | 61:13 |
| 17:3 | 48:15,19 49:3 | charge 29:6,11 | clearing 36:9 |
| california | 50:12,24 53:24 | charlotte 14:13 | clerk 17:2,15 |
| 10:11 | 53:25 57:18 | chase 11:22 | 17:17,22 18:1 |
| call 35:19,22 | 58:19 59:1,1,3 | checked 32:13 | 18:6,8,17,19 |
| 36:10,18 50:9 | 60:11,18,21 | 32:16,17 46:7 | 18:24 19:1,14 |
| calling 17:3 | 61:6 62:7 | chicago 8:11 | 19:16,21 20:1 |
| cameron 11:1 | celsius's 39:6 | chose 38:8 | 20:5,14,24 |
| campaign | central 37:12 | chris 8:13 | 21:1,8,10,16 |
| 27:19 | certain 30:17 | 10:20 11:7 | 22:5,14,19 |
| carcamo 14:7 | certainly 21:18 | 14:3 19:17 | 23:4,7,11,17 |
| care 58:24 | 21:23 47:18,19 | 20:4 | 23:23,25 24:23 |
| carefully 39:11 | 48:10 49:25 | christopher | 26:21 34:5 |
| caroline 15:19 | 51:8 53:22 | 11:23 12:6,23 | client 57:12 |
| carpenter 7:8 | 54:5,6,9,12,23 | 13:11 15:18 | close 30:15 |
| 20:18 | 55:2,16,23 | 18:16 44:6 | 35:12,20,23 |
| carty 7:21 | 56:4 57:10 | church 12:21 | 37:1,23 38:1 |
| case 1:3,4 6:8 | 59:5,20 62:3 | circuit 54:17 | 38:20,22 51:5 |
| 20:17 22:18 | certification | 54:17 | 51:12 63:5 |
| 23:2,5,9,10,15 | 46:19 | circumstances | coco 12:23 |
| 33:15 34:12,21 | certified 66:3 | 34:23 | code 3:9 36:1,2 |
| 35:3,6 39:12 | cetera 25:5 | cirkel 12:22 | 36:6,14 37:5 |
| 39:13,13,16 | challenge | civil 42:6,10,14 | 37:13,19 |
| 40:1,4,22 | 57:11 59:14,17 | 42:19 | coin 29:19 |
| 43:16 58:19 | challenges | claim 38:4,11 | cole 10:25 |
| cases 17:4 41:2 | 57:4 | 42:25 43:4,11 | 18:21,22,22,25 |
| 54:22 | chambers | claiming 29:7 | 34:4,8,18,19 |
| castellana 52:1 | 47:11 | 34:16 | 34:22 35:5 |
| cathy 11:18 | chance 51:9 | claims 38:6 | 38:13,14 40:8 |
| cause 38:5 | 58:10 | 43:1 | 40:11,13 65:6 |
| cede 33:20 | chang 12:20 | clarity 50:5 | cole's 34:2 |
| 41:11 | change 49:15 | claude 12:16 | 38:21 39:2,12 |
| celsius 1:8,12 | changes 39:19 | clause 60:4,12 | 40:1 |
| 4:7 5:5 8:9 | 52:15 | clean 59:23 | collage 17:24 |
| 17:5,6 20:4,12 | changing 39:3 | clear 39:21 | colleague |
| 21:1 30:3,7,19 | | 47:15 57:25 | 17:13 26:19 |

[colleague - court]    Page 6

33:21 41:11
48:25 64:2
**colleagues**
19:11
**collective** 40:3
**colodny** 6:14
**come** 19:6 22:8
24:2 26:9
48:20 49:25
**comfortable**
46:17
**coming** 49:8
**commence**
19:2
**commenced**
40:20 42:5
**comment** 62:1
**commented**
53:19,22 54:16
59:19
**comments** 46:5
**commercial**
28:20 36:1,6
37:5,13,19
**committee** 6:9
23:3,6,15 43:9
43:14,21 45:13
**company** 26:16
27:11
**company's**
28:19 31:19
33:12
**compel** 49:10
55:8,11,13,13
**compelled**
55:19

**compensation**
3:17 4:2
**complaint**
53:24 54:2
57:6,8,9 58:24
**complete** 27:20
31:14 36:18
**completed**
27:14 29:1
31:13,17 51:21
52:7
**completely**
60:24
**completion**
51:23
**complex** 34:11
**compliant** 29:1
**concede** 58:5
61:6
**concerns** 44:17
**conclude** 59:7
60:10,14 62:10
**concluded**
64:21
**concluding**
55:10
**condit** 3:13
42:3,5,9,13,24
65:9
**conduct** 36:3
36:11,21,25
37:10,18,22
64:11
**conducted**
36:7
**confer** 51:17
52:11 58:10

**conference** 4:9
17:14 20:13
21:2,5,7 49:21
**confirmation**
31:9 41:1
**confirmed**
28:21 40:7
**confused** 47:23
**conjunction**
35:7
**connection**
17:14 19:25
45:11 48:1
**consequences**
57:25 61:1
**consider** 47:13
52:15
**considering**
62:9
**constitutes**
24:24
**contact** 26:10
**contemplates**
42:24
**contention**
37:16
**contested** 41:5
54:3,24
**continue** 28:15
35:10 42:10,14
**continued**
27:19 28:14
42:19
**continuing**
27:11
**contract** 33:6
59:1,5 60:4

**contractual**
35:18
**cooperated**
43:20
**cooperation**
43:2
**core** 33:5
**cornell** 23:20
23:21,24
**corners** 53:23
57:6
**corporate** 29:5
30:17 64:12
**correct** 29:20
51:11
**cost** 42:12
**counsel** 5:4
17:8,17 20:12
43:9 44:16,20
46:11 48:18
51:1 62:12
63:4,13
**country** 66:21
**couple** 53:18
**course** 35:25
36:3,11,21,25
37:10,18,22
38:2 52:12
**court** 1:1,19
18:23 21:19
22:1,6,8,9
24:20,23 25:2
25:7,14 26:9
26:14,17,24
27:1,4,7,24
28:4,9 29:13
29:20 32:11,13

| | | | |
|---|---|---|---|
| 32:19 33:22,25 | **courts** 49:20 | **d** | **deborah** 11:8 |
| 34:4,6,18,20 | **cover** 42:11 | | **debtor** 1:10 3:6 |
| 34:21,24 35:1 | **covid** 22:7 | **d** 12:5 14:16 | 35:2,6,21 36:7 |
| 38:13,15,17 | **craig** 14:24 | 15:18 17:1 | 36:12,17,21,25 |
| 39:15 40:9,14 | **creditor** 3:2 | 65:1 | 37:2,7,9,16,21 |
| 41:4,8,12,23 | 18:23 21:13 | **d'amico** 12:10 | 38:8 39:22 |
| 43:14,17,19,24 | 29:6 34:16 | **dallas** 9:11 | 42:4 43:1,20 |
| 44:4,11 45:12 | **creditors** 6:9 | **dan** 11:16,17 | 45:13 55:22 |
| 45:16,17,21 | 23:3,16 25:20 | 64:8 | 62:24 63:23 |
| 46:1,10 47:15 | 26:6 29:5,9 | **daniel** 14:11 | **debtor's** 35:19 |
| 47:21 48:3,8 | 30:4,7,11,21 | 22:17 | 38:1 41:16 |
| 48:12,16,18,22 | 30:23 38:24 | **data** 31:4,11 | **debtors** 3:7,13 |
| 49:1,4,16 | **crews** 11:1 | **date** 27:14 | 17:21 19:23 |
| 50:16,19 51:6 | **crum** 42:17 | 28:23 30:20 | 25:10 33:24 |
| 51:13 52:16 | **crusell** 12:24 | 31:9,15 33:17 | 41:15 42:11,12 |
| 53:1,10,18 | **crypto** 29:7 | 35:14 42:5,9 | 42:13 43:5,6 |
| 54:8,15,18,18 | 30:7 39:21 | 49:14 66:25 | 43:11 44:15 |
| 54:20 55:25 | **crystal** 61:5,13 | **dates** 52:4,20 | 64:9,10,11 |
| 56:3,11,15,22 | **cunha** 10:23 | 52:21 | **decide** 54:22 |
| 57:3,5,16,19 | **currency** 30:23 | **dave** 11:21 | 57:5 58:15 |
| 58:20,22,22 | **current** 27:7 | **david** 6:19 7:6 | **decided** 55:20 |
| 59:7,11 60:9 | 30:6 31:19 | 11:6 12:4 | 58:9 |
| 60:22 61:3,12 | 33:12 | 13:23 14:7,22 | **deciding** 55:16 |
| 61:16,18,23 | **currently** | 15:7 | 55:23 60:2 |
| 62:1,5,12,17 | 32:15 | **davies** 12:25 | **decision** 40:12 |
| 62:22 63:1,6,9 | **curtailment** | **davis** 44:24 | 46:24 49:5 |
| 63:11,15,18,25 | 32:7 | **day** 31:2 35:16 | 59:9 60:22 |
| 64:4,6,16,18 | **custodian** | 40:23 42:20 | 61:2 |
| **court's** 22:10 | 37:13 | 45:2,9 51:25 | **decisions** 54:17 |
| **courthouse** | **custody** 27:7 | 52:10,10,12 | 54:18,19 57:3 |
| 49:25 | 27:12 29:17 | **days** 30:19,22 | 59:24,25 |
| **courtney** 12:7 | 30:22 31:3,7 | 30:25 31:6 | **declaration** 3:2 |
| **courtroom** | **custom** 8:18 | 40:25 | 41:20,24 42:1 |
| 17:18,24 18:2 | **customers** | **de** 12:9 | **defendant** 1:16 |
| 18:3,9,21 19:4 | 28:20 | **deal** 54:11 | 5:14 20:22 |
| 19:5,8 20:8 | **cut** 45:6 53:16 | **dealt** 45:5 | **defense** 42:12 |
| 23:13,14 24:2 | | 59:24 | |

deferred  53:15
deferring
  57:11
define  30:4
defined  36:5
  36:14
definitions
  36:6
definitively
  39:4
delaware  37:6
  47:5,24 65:13
delawareadr
  3:17
delays  31:16
delighted
  40:21
demand  36:18
  59:22,25 60:16
demanding
  59:21
demands  35:21
dentons  9:15
denying  39:17
department
  8:16
depending
  29:18
deployed  31:22
  31:24
deploying  32:2
depo  52:9
deposited
  39:21,21
deposition
  51:25 52:4
  64:11

depositions
  52:7
deposits  27:13
deputy  19:5
described
  52:19
describing
  51:8
designation
  25:4
designations
  52:9
detailed  46:16
determination
  56:23
determined
  58:3,15
determining
  59:16
deutsch  7:8
  20:18
device  28:6
diana  17:19
  19:10,15 23:20
  26:19
diaz  11:2
dietrich  14:2
different  26:3
difiore  13:1
diligence  30:12
diligently
  37:25
direction  35:24
directly  43:6
disagree  60:20
  61:21

disclosure
  28:25
discovery  51:2
  51:23 53:11,11
  53:16 55:4
  58:11,11 64:13
discretion
  59:11
discrimination
  42:7
discussed  33:3
  44:14
discussing  51:1
  51:11 52:20,22
  52:23 53:3
discussion  39:1
  45:1
discussions
  50:14 63:3
disgorgement
  63:20
dismiss  49:9
  53:6
dismissed
  63:14,16
dispute  60:4
disputed  58:14
disputes  60:10
disputing
  34:24
distinguish
  39:12,25
distributable
  27:16
distribution
  26:5 28:20,23
  29:1,2,4,8,23

  30:15,18 31:16
distributions
  30:14,20 31:8
  40:6
district  1:2
  42:6 44:16
  45:6 47:7
  54:18,19
dob  9:2
doc  3:3,10,14
  3:20 4:4,9
docket  25:21
  26:2 40:17
  41:21
document  22:8
  50:25 51:15,20
  51:23
documented
  35:15
documents
  52:24
doing  57:2
dollars  29:18
don  15:5
donald  14:19
dot  61:9
dow  11:3
draw  26:2
drew  13:3
driven  32:6,9
due  50:22,23
  51:16
duffy  13:2,3
duprex  11:4
duty  37:12
dzaran  13:4

| e | | | |
|---|---|---|---|
| **e** 2:1,1 5:1,1 12:24 17:1,1 21:19 22:3,5 25:24 27:20 28:14 65:1 66:1 | **elegant** 56:11 | **entered** 41:9 42:1,13 44:1 60:7 | **evidentiary** 49:17 |
| **eades** 13:6 | **eligible** 27:12 27:20 35:11 | **entire** 44:22 | **exactly** 21:14 52:19 56:22 |
| **earlier** 40:19 52:21 | **elimelech** 13:5 | **entirely** 62:8 | **examiner** 3:18 3:18 4:2 10:2 18:15 19:18 44:6 46:12 |
| **early** 33:6 34:21 | **elizabeth** 5:10 14:17 17:20 19:10 25:9 27:10 62:23 63:23 | **entitlement** 36:10,14,16,17 37:21,22 38:6 | |
| **earn** 21:12 35:11,24 36:4 36:22 37:23 39:4,18,21 | **ellis** 8:8 17:20 19:11,23 25:10 41:14 62:24 63:23 64:9 | **entity** 59:2,3 | **examiner's** 44:3 65:10 |
| | | **entry** 3:6,12 43:8 | **exchange** 36:8 42:25 43:2,3 51:21 52:9 |
| **easier** 47:11 | **eloquent** 56:12 | **equitable** 40:6 43:13 | **excluding** 29:6 |
| **east** 10:3 | **eloquently** 56:10 | **equities** 9:9 | **exclusive** 3:7 40:18 65:7 |
| **eastern** 51:24 | **elvin** 15:17 | **essentially** 55:21 57:4 60:1 | **exclusivity** 40:24 41:3 |
| **ebitda** 31:23 32:4 33:1,9 | **employee** 41:18 | **establish** 58:25 | **excuse** 36:1 63:8 |
| **eckhardt** 13:7 | **employer** 42:4 | **established** 53:25 59:8 | **executed** 31:25 |
| **economic** 32:7 | **employment** 42:16,18 | **estate** 39:23 44:19,19 | **exercise** 35:18 35:22 36:10 43:6,11 57:7 |
| **ecro** 2:5 | **enacted** 34:14 | **estates** 43:6,13 | |
| **effective** 28:23 30:20 31:15 32:22 | **encouraging** 31:14 | **estimate** 29:13 50:10 | **exhibit** 42:23 52:9 |
| **effectuate** 35:15 | **endeavored** 44:20 | **et** 25:5 | **exhibits** 50:10 |
| | **ended** 31:24 | **eth** 61:8,11 | **existence** 59:15 |
| **efforts** 28:15 34:11,14 35:15 35:18 | **energy** 32:22 | **event** 49:6 | **exists** 38:5 |
| | **engel** 11:5 | **events** 35:7 | **expect** 19:23 32:2 49:5 50:9 |
| **ehrler** 13:8 | **english** 7:1 | **everybody** 27:10 55:4,17 | |
| **eisenberger** 8:6 | **enhanced** 30:12 | **everyone's** 34:14 | **expected** 30:19 |
| **either** 18:20 35:2 59:23 | **ensure** 44:18 | **evidence** 41:22 41:24 42:1 54:24 57:9 61:10 | **expeditiously** 60:20 |
| | **enter** 38:8 41:17 57:19 58:21 | | **expenses** 3:19 4:4 46:13 47:6 |

experience
31:3 34:13
expire 40:25
explain 30:24
express 54:9
extend 40:18
65:7
extending 3:7
extension
40:23
extent 19:19
external 29:10
30:1
extremely
52:14
ezra 12:10

**f**

f 2:1 6:16 66:1
face 59:4
faced 32:22
facie 53:25
54:25 55:9
57:7 59:8
facilitate 30:16
fact 39:19
53:10,23 58:14
facts 34:23
35:6 39:10,12
39:12 58:24
59:7
factual 59:14
fahey 11:6
fahrenheit
7:17
failed 35:21
fair 43:12

fairly 32:14
fairness 38:3
40:2
falls 35:25
familiar 44:24
45:23 47:9
far 26:13 31:11
52:13 60:2
61:10
farr 6:1
fee 3:17,18,19
4:2,4 10:2
18:15 19:18,19
29:12 44:3,3,6
44:7,8 45:2,9
45:14,15 46:11
46:21,23,25
47:4 65:10,10
65:12,13
feedback 25:20
feel 40:7 53:9
fees 29:6,10,14
29:16,21 30:1
30:2 45:4,5,7
45:19 46:4,12
46:25 47:5
63:20
feld 5:3
ferraro 11:7
20:3,4,4 26:24
26:25 27:2,3,5
27:9,24 28:2,5
28:10,18,22
29:15,24 30:24
31:2,18,21
32:12,16,20,21
33:11,14,22

41:19
fiat 29:7 30:23
file 21:18 22:1
22:9
filed 25:13,21
26:2 39:13
40:17 41:21
42:9 53:8,24
filer 22:7
filing 37:5
59:21
filings 21:19
22:5
fill 50:17
final 51:3,7
54:23
finally 33:11
59:15
financial 33:12
35:13,20,24
36:16,22 37:3
37:10,14,17,20
37:24 38:2,6,8
38:9,9
financing 37:5
firm 23:2
47:25
firms 47:23
first 9:9 25:2
31:6 32:24
34:10 39:16
40:22 50:11
56:19
flagged 26:7
flaherty 13:9
flannigan
13:10

flexibility
54:19
flip 28:10
floodgates 40:5
floor 5:16 7:18
9:17
florence 13:10
florida 37:8
focused 21:21
follow 35:19
47:8
following 17:4
24:18 50:23
57:13
foregoing 38:4
66:3
forgive 56:9
form 55:21,21
format 41:8
44:1 46:20
47:9,12
formed 37:7
former 41:17
forster 42:17
forth 57:7
forward 32:23
45:16 47:20
56:5 57:11
58:18 59:13
60:15
found 39:4
four 53:23 57:6
fourth 3:6
40:17 65:7
fox 10:9
francisco
10:12

[frankel - heard]                                    Page 11

frankel 8:1
  11:8
frankly 58:13
freezing 55:21
friday 50:22,23
friends 48:8
frishberg
  22:16,17 38:20
frishberg's
  39:13,15
front 58:12
full 25:2
fully 43:11
  58:3
function 22:24
  24:4,10,13
funds 36:23
  37:1 38:24
  40:8
funny 57:3
further 50:5
  58:4 60:8,9
  62:25

**g**

g 17:1
gabriel 8:6
gabriela 17:24
  33:23
gain 32:25
gallagher 6:1
  11:9
gas 29:15,21
  30:2
gastelu 13:11
geary 13:12
general 9:1

generally
  52:23 54:22
generated
  36:24
geoffrey 12:22
george 44:24
georgia 14:13
gergi 13:25
getting 39:7
  62:13
ghosh 13:13
giardiello
  13:14
give 22:15 24:2
  25:12 26:4,19
  27:6 33:12
  50:9,14
given 18:9 20:2
  20:9 24:15
  43:10
giving 30:11
gladly 41:10
glenn 2:2 19:19
global 59:23
go 18:13,21
  19:8,9 20:10
  22:6,14 27:1
  28:4,9 29:23
  31:1 32:19,20
  34:6 35:3
  38:17 41:25
  44:11 50:11
  51:13 56:5,24
  57:11 59:13
  60:15 63:9
godfrey 4:2
  10:1 18:15

44:7 46:4,11
  46:14,16,20
  47:3,9 65:12
goes 61:20
going 21:21
  38:15 40:9,20
  47:19 51:3
  52:1,3 53:15
  58:12,14,17
  59:12 61:14
  63:16
gonzales 11:10
good 17:2,11
  17:19,22 18:22
  19:4,17,22
  20:11,17,21
  23:1,20 24:7
  25:7,9 26:24
  26:25 27:6,10
  30:3,11 33:23
  33:25 34:8
  41:13 43:18
  44:5 45:10
  46:3 48:21
  49:2 64:7
gorrepati
  13:15
grant 41:6 54:8
  55:13,14
granted 36:17
  36:20 37:21
  41:6 55:18
granting 3:9
  3:14
graph 33:4
great 27:5

green 1:20
  8:19
greg 13:22
gregory 6:16
  23:14 43:16
gross 32:8
group 7:2
  10:10 46:24
guess 49:13
  56:22 64:18
guidance 49:19
  50:5 52:14
  56:8
guidelines
  46:22 47:2
gump 5:3
  20:12 49:3

**h**

h 14:22 15:16
hamilton 8:18
hand 21:23
  22:24 24:4,10
  24:13 33:16
happened 60:1
happy 62:9
haqqani 13:16
hard 48:3
hats 48:4
hauer 5:3
hawaii 29:6
he'll 19:12
hear 27:3 28:9
  34:25 44:9
  45:18 52:16
heard 43:25
  44:25

hearing  3:1,6
  3:12,16 4:1,7
  21:22,22,25,25
  22:12 28:5
  41:1 44:14
  49:8,13,13,17
  49:18 50:1,4
  52:12 54:14,24
  55:2 56:6 58:9
  63:5 64:14
hearings  22:21
  49:16,23 53:19
hedges  32:24
heerink  13:17
held  37:16
hello  21:6 23:1
  48:8
helpful  28:11
  47:10 50:20
  55:4
helping  25:22
hensley  17:25
  33:23,24 34:1
  38:15,16,18
  39:24 40:14,15
  41:7,10
heras  12:9
herrmann
  11:12
hershey  6:15
hi  17:19 18:14
  19:10 21:12
high  29:16
higher  32:7,9
  32:22 33:1
hittelman
  13:18

hoc  7:2
hodson  11:13
holcomb  11:11
holder  25:18
  36:16 38:6
holders  27:12
  27:19 31:7
holding  9:9
holdings  36:4
holds  37:20
home  22:6
hon  2:2
honor  25:9,11
  25:15 26:15
  29:16 33:18,20
  33:23 34:8,22
  35:5 37:25
  38:16,18 39:24
  40:13,15,19
  41:7,10,13
  42:2 43:15
  44:2,5,13 46:7
  47:19 48:6,14
  49:2 50:13,14
  51:10 52:14,18
  53:2,5,17 56:2
  56:7,13,22
  57:15,17 58:15
  60:24 61:4
  62:3,14,23
  63:8,14,17,22
  64:2,7,17
honor's  39:4
hope  26:10
  50:5 52:25
hopeful  57:1

hopefully  28:7
  45:25 49:6
  52:25 63:15
hoping  51:16
  52:7
host  26:21 32:1
hours  46:15,20
  46:21
house  8:18
hughes  13:19
  13:20
hurley  5:9
  20:11,11 49:2
  49:3 50:11,13
  50:17,21 51:8
  51:13,14 52:19
  57:10,13,17
  60:24 61:4,13
  61:17,21
hurley's  56:15
hybrid  4:9
  49:13,16
hyde  4:25 66:3
  66:8

**i**

identify  30:18
  62:22 63:11
identifying
  36:21
ignored  34:17
  34:20
ii  3:14
il  8:11
ilyas  15:3
immanuel
  11:12

immediate
  36:18
immediately
  26:10
important
  29:21,22 57:18
  58:19 60:18
imposition
  24:22
improve  28:7
improvements
  33:8
inclined  54:8
included  47:12
  50:3
includes  46:16
  46:19 53:6
  57:20,22
inclusive  29:3
income  31:8
increase  30:8
  32:5,6 33:5,6
increased
  31:25
increasing
  31:23
indicated
  55:24
indiscernible
  27:16,21 28:16
  28:24 29:3,9
  29:23 30:12
  31:13,22,23
  32:1,3,5,6,10
  32:24 33:4,8
  33:15 37:6,12
  37:14,20 38:10

63:20

**individual** 29:5

**inelegantly**
56:9

**information**
22:10 26:4
30:10

**informed** 35:9

**infrastructure**
10:10

**initial** 28:23
29:2

**initials** 25:4

**initiated** 31:10
35:7 36:12

**injunction**
49:8,17 54:5,7
55:11,15,18,22
57:21

**insurance**
42:11

**insurer** 42:17

**insurer's** 43:2

**intend** 50:24
52:24

**interest** 37:4
38:3,6 39:8,9
43:13 49:23
60:21 62:7

**interested** 8:2

**interests** 36:15
37:3 46:5
62:10

**interim** 3:16
4:1 44:7,8
54:23

**intermediary**
36:8

**international**
30:16

**introduced**
41:22

**investment**
36:5,8 37:3,11
37:14,15 38:7

**involved** 34:11
43:22 53:17
62:9

**iovine** 11:14

**iphone** 25:5
28:10

**issue** 25:25
35:1 45:18
53:5 54:3,4,7
54:13,20 55:17
55:24 56:5,6
56:24 58:16,17
59:12,16,17
60:2

**issued** 35:1
39:16

**issues** 25:22
34:25 35:3
44:14 45:8
55:7 56:18,19
56:20 58:14
59:6,11,22
60:19,23

**it'll** 19:24 28:7
44:1

**item** 31:10
34:1 48:14

## j

**j** 7:6 11:11
15:3,12

**jakobsen** 13:21

**james** 11:5

**janell** 13:7

**january** 33:6

**jasleigh** 13:12

**jasmine** 12:14

**jason** 11:14

**jean** 14:5

**jeff** 11:4

**jeffrey** 5:20
7:13 10:21
15:6 17:13
20:18,21 48:25

**jersey** 20:19

**jesse** 11:20

**johan** 10:22

**john** 11:13
13:4

**johnson** 11:15

**join** 21:3 25:2
25:4

**joined** 22:21
24:8,11

**jonathan** 2:5
15:2

**jones** 17:19,20
17:23 18:3,7
19:10,10,15
25:9,10,15
26:12,15,18,23
27:2,6 28:18
30:24 31:18
32:17 33:11,20
62:20,23,24

63:3,19,22,23
64:2,5

**joseph** 11:19
14:4

**joshua** 6:18
10:25 18:22
19:13 26:19

**judge** 2:3
19:19 21:13,18
34:5 43:18
48:4

**judge's** 19:4

**judgment** 43:7
43:12

**judicial** 49:21

**july** 31:22,24
32:4,8 33:5,16

**jump** 25:12

**june** 31:25
32:9 42:21
46:14

**jurisdiction**
49:10 53:7,13
53:21 54:1,4,4
54:11,13,20,24
55:10 56:5,19
57:4,8,12 58:8
58:16,25 59:6
59:8,12,14,15

**justice** 8:16

## k

**k** 11:21

**kaczkowski**
13:22

**kahn** 4:3 10:1
13:23 46:4,11
47:3,9 65:12

kahn's 44:7
kaila 15:24
kaitlyn 13:18
kane 13:24
kaplan 11:16
kass 13:25
katherine 10:7
  18:12,14
kaufmann 16:1
kaza 14:1
keep 26:7 41:1
  48:3 51:18
keith 6:13
  14:18 23:1
ken 10:17 13:8
kevin 14:10
khai 14:21
khan 18:15
kind 28:14
  50:17 56:8
kirkland 8:8
  17:20 19:11,23
  25:10 41:14
  62:24 63:23
  64:8
knauth 14:2
know 19:13
  21:17 26:9
  29:15,18 35:12
  35:18,23 38:3
  38:23 39:10
  40:6 43:18
  47:7,22 52:22
  54:5 55:1,6,25
  56:13,17,19
  58:3 59:2,19
  60:3

koenig 8:13
kraig 13:21
kramer 5:20
  8:1 17:13
  20:21,21,25
  48:25
kwasteniet
  8:14
kyc 31:11,13
  31:14,16
kyle 12:3

**l**

l 14:19
labs 9:16
lack 49:9 53:6
lackey 14:3
lalana 14:23
lalia 14:4
language 49:19
  50:3
lars 13:17
las 12:9
lasalle 8:10
latham 44:9,20
  44:22,24 45:18
  65:10
latham's 44:15
latona 11:17
  64:3,6,7,8,17
latreille 14:5
lau 11:18
law 35:2 54:17
  59:10
lawson 64:1
lawyer 21:14
lawyers 44:23
  49:24

layla 9:6
leaning 29:25
leave 30:25
leaving 54:19
  57:4
lectern 33:21
  41:11
ledanski 4:25
  66:3,8
lee 14:6
left 33:4
legal 66:20
lehrfeld 11:19
lengthy 35:1
  44:25
lennon 6:6
leonard 7:14
levin 8:1
liability 42:11
life 47:11
lift 39:17 40:8
limit 30:6
limited 1:12
  4:8 5:5 17:6
  42:15 59:3
line 23:18
  24:13 65:4
lines 52:23
liquidated
  32:23
listen 24:18
  50:1 55:5,16
  57:10
lists 51:22 52:9
litigated 62:12
litigating 43:11

litigation 20:12
little 26:3
  27:25 28:4
  52:17
llc 1:8 3:17,17
  7:17 9:9 17:6
  42:4 47:5,5,24
  59:3 65:13,13
llp 5:3,13 6:1,8
  7:1,8,16 8:1
  9:15 10:9 23:5
loan 36:19
locke 5:13
  17:12 20:22
  48:25
lombardi 5:11
long 33:7 41:4
  43:17
longer 33:2
  49:22
look 47:10
looked 39:10
looking 54:2
  56:8
lord 5:13 17:12
  20:22 48:25
los 14:7
lost 61:11
lot 28:5 39:1
loud 26:13
loureiro 17:25
  41:13,14 42:2
  44:2 48:14,17
  62:20
lower 32:23
lucas 11:11

| | | | |
|---|---|---|---|
| **lucy** 12:8 | **makes** 55:1 | **mawson's** | **milligan** 9:6 |
| **luke** 15:11 | **making** 19:5,7 | 64:11 | **million** 27:17 |
| **lund** 11:20 | 24:20 60:16,25 | **mccarrick** 18:4 | 27:22 28:12 |
| **lupu** 14:8 | **malhotra** | 19:21,22,22 | 32:5,8 33:1,16 |
| **m** | 11:21 | **mccarter** 7:1 | 33:16 |
| **m** 8:14 9:13,20 | **man** 21:6,9 | **mcelroy** 7:8 | **mind** 55:17 |
| 11:3 14:10 | 63:17 | 20:18 | **mindful** 59:5 |
| 16:1 | **manner** 29:2 | **meadow** 14:13 | **mine** 46:24 |
| **machines** 32:2 | **manus** 14:10 | **mean** 21:21 | **mineola** 66:23 |
| **made** 30:14 | **march** 46:13 | 55:14 58:25 | **miners** 32:1 |
| 35:14 38:20 | **maree** 14:11 | 62:5,6 | **mining** 31:19 |
| 39:5 40:4 | **margin** 31:23 | **measure** 53:9 | 31:21 32:8 |
| 44:17 60:7 | 33:8 | **mediation** | **minutes** 19:3 |
| 61:2 | **mark** 15:1 | 42:20,20 | 20:7 |
| **madison** 10:5 | **markets** 37:10 | **mediator** 43:8 | **mira** 13:16 |
| **madsen** 14:9 | 38:9,9 | **meet** 51:17 | **mistake** 46:8 |
| **mail** 21:19 | **maronpot** | 52:11 58:10 | **mitch** 20:11 |
| 22:4,5,9 25:24 | 14:12 | **meeting** 44:20 | 49:2 |
| 27:20 | **marsh** 11:22 | 44:25 | **mitchell** 5:9 |
| **mails** 28:14 | **martin** 2:2 | **mengden** 14:14 | 14:14 |
| **main** 10:3 | **mary** 5:19 | **mentioned** | **mitrakas** 14:15 |
| **maintain** 36:9 | **mason** 14:20 | 22:3 61:5 | **modest** 29:22 |
| **maintained** | **masumoto** | **merits** 60:23 | **moment** 25:11 |
| 35:17 | 8:22 | **mesa** 46:22,24 | 56:10 |
| **maintaining** | **math** 46:6 | **metrics** 33:3 | **moments** 19:2 |
| 41:3 | **matic** 61:9 | **mf** 59:23 | **monday** 51:16 |
| **maintains** | **matter** 1:6 | **mg** 1:3,4 4:7 | **monetary** |
| 24:23 | 40:10 43:21 | **michael** 10:14 | 24:22,23 |
| **majority** 31:4 | 44:23 53:3 | 14:16 | **month** 31:23 |
| **make** 17:18 | 62:12 63:1 | **microphone** | 31:24 33:1,16 |
| 21:3 22:16 | **matters** 34:13 | 28:1 | **months** 28:13 |
| 26:5,12 27:13 | 47:11 62:19 | **middle** 19:6 | 42:4 |
| 28:23 30:20 | 63:25 | 20:10 24:2 | **mooring** 20:17 |
| 40:5 46:7,8,17 | **matthew** 15:10 | **midland** 32:25 | **morgan** 15:20 |
| 47:10 51:18 | **maude** 15:16 | **mike** 11:15 | **morning** 17:2 |
| 56:23 57:24 | **mawson** 10:10 | **milin** 11:25 | 17:11,19,22 |
| 61:5,13 | | | 18:22 19:4,8 |

19:17,22 20:9
20:11,16,21
21:11 22:23
23:1,21 24:1,7
24:9 25:8,9
26:24,25 27:6
27:10 32:17
33:23,25 34:3
34:8 41:13
44:5 48:21
64:7
**morris**   14:16
**motion**   3:1,6
3:12 18:23
34:2,7,15,17
39:2,14,17
40:17,21 41:5
41:6,16,20
42:9,13 49:9
49:10 53:6
55:8,11,13
57:21 63:20
64:10,14 65:6
65:7
**move**   26:16
34:14 48:12
58:18
**moving**   33:2
**multiple**   58:23
**mulvaney**   7:8
20:18
**muted**   18:13
23:19

**n**

**n**   5:1 8:10
10:18 17:1
65:1 66:1

**naftalis**   8:1
**name**   19:13
23:10 25:1,3,4
**naming**   30:15
**napolitano**
14:17
**nature**   39:3
60:25
**nearing**   25:17
**nearly**   42:3
**necessary**
46:18 49:15
**need**   29:9
35:12,19 36:13
52:20 56:21
**needed**   18:5
37:1
**needs**   53:10
61:2
**negisa**   12:15
**negotiation**
45:11
**negotiations**
43:3
**neither**   45:13
62:8
**network**   1:8,12
4:7 5:5 17:5,6
29:9 42:4
50:12 59:3
**never**   35:15
**new**   1:2,21 5:7
5:17 6:4,11 7:4
7:9,19 8:4,20
9:18 20:19
42:6 44:16,21
45:6 47:8

**newark**   7:11
**news**   30:3,11
**nice**   48:22 64:6
64:7
**nicholas**   5:11
**nicole**   7:14
**night**   48:6
**nikhil**   15:14
**nj**   7:11
**noah**   9:13
**noise**   28:6
**nominal**   37:16
**non**   24:23 29:5
31:11 49:23
**noon**   52:10,11
**normal**   38:2
**notably**   42:17
**note**   59:1
**notice**   25:21
51:25
**notices**   25:13
26:7 52:1
**notification**
35:19
**notified**   36:25
**notifying**   35:12
37:22
**november**
39:14 40:23
61:8
**noyes**   14:18
**number**   17:5
25:21 26:2
40:17 41:21
55:5
**nuraldeen**
12:19

**ny**   1:21 5:7,17
6:4,11 7:4,19
8:4,20 9:18
66:23

**o**

**o**   2:1 17:1 66:1
**o'clock**   48:6
**object**   53:21
**objection**
43:22 46:4
51:7,11
**objections**
41:23 52:10
**observe**   49:25
**obviously**
52:14 57:17
**october**   64:14
**office**   9:1 37:6
49:20 50:6
**official**   6:9
23:2,15 24:25
**oh**   62:23 63:12
**okay**   18:1,6,13
18:24 19:14
21:8 22:2,14
23:4,7,11
26:15,18 27:5
28:5,8 32:19
34:6 44:4
45:20 48:18
51:13 57:16
59:9 60:2 61:3
61:7,12 62:17
63:6,18,25
64:16
**old**   45:24 66:21

ones  62:8
ongoing  64:13
oona  12:24
open  30:19
  31:1 57:5
opening  40:5
operation
  37:11
operations
  31:20
opinion  39:4
  39:16,18
opinions  40:2
opportunity
  51:17
opposition
  50:22
option  35:19
  35:22 36:10,18
order  3:6,12
  39:8 41:8
  42:12,23 43:25
  44:18 45:2,23
  50:3 53:23
  55:15 56:18,25
  58:3 60:7,9
ordinarily
  46:25
ordinary  35:25
ought  47:10
  49:11
own  44:8 46:4
  47:24,24
owners  37:21
ownership
  39:5

**p**

p  5:1,1 6:15
  13:4 17:1
p.m.  51:24
p.o.  10:4
page  22:7 65:4
pagnanelli
  11:23
paid  44:18
palissery  14:20
pandey  11:24
paper  25:23
papers  50:22
park  5:6 7:3
part  25:19 29:7
  61:14 62:16
  64:12
partial  25:4
  36:19
participant
  37:9
participate
  38:9
participated
  44:14
particular  58:5
particularly
  52:21 53:9
  58:13,14
parties  18:8,11
  18:20 20:2,8
  20:15 21:4,24
  22:21 23:25
  24:8,11,16
  25:1,3 37:18
  42:21 49:23
  62:10,11

partner  30:15
party  8:2 25:2
  42:18 46:5
party's  56:24
patel  11:25
  16:2
path  57:5
patricia  17:25
  41:14
paul  12:18
pause  19:1
  20:6 24:6
  38:23
pay  29:9
payment  42:24
  43:4,5
paypal  29:4,6
  29:11,24 30:1
  30:3,5,8,14
  31:17
pending  60:9
peo  15:12
people  26:4,5
people's  26:2
percent  25:17
  27:15 29:19
  31:5,12 32:5,9
  45:7,8 47:1,2
perfect  39:8,9
perfected  37:4
performance
  31:21 33:8
  36:4 37:11,18
performed
  46:18
period  3:7,19
  4:3 30:25 31:2

40:18,24 46:13
  46:14 65:7
permit  39:17
  60:15
person  44:21
personal  49:9
  53:7,12,21,25
  54:3,4,11,13
  54:20,24 55:10
  56:5 57:4,8,12
  58:8,15,25
  59:6,8,12,14
  59:15
persons  24:19
perspective
  57:18 58:20
persuasive
  35:3 62:13
pesce  6:16
  23:14,14 43:15
  43:16,18,20
petition  33:17
  35:14 42:5,9
pham  14:21
philippe  10:18
  14:5
phillipe  21:10
  23:7,8
phillips  12:1
phishing  26:1
piece  30:3
place  5:15 60:8
plaintiff  1:13
  5:4 50:12
plan  3:8 22:18
  28:15,21 29:8
  31:7 34:14

40:6,18 65:8
planning  61:24
platform  29:7
  30:6,19 38:25
  39:6
play  64:15
please  17:10
  19:6 20:10
  22:23 24:2,3
  24:10,13,17,18
  25:7 27:6
  28:19 30:24
  31:19 33:12
  34:6 35:3
  38:17 41:25
  44:11 48:19
  50:19
pleased  47:16
po  9:3
podium  19:6
  20:10,20 24:2
point  33:4
  38:18 54:12,22
  57:10
pointed  59:23
policies  42:16
  42:18
pops  19:13
portion  53:12
position  27:25
possibility
  60:10
possible  19:24
potential  50:15
  55:24
power  32:6,21
  32:24 57:19

poynter  14:19
practices  42:16
  42:18
precedents
  40:1
precise  49:19
precisely  56:8
  57:1
prelim  56:4
preliminary
  49:7,8,17 54:5
  54:7 55:11,14
  55:18 56:23
  57:21
preparation
  28:19 49:12
prepared
  50:11 54:9
  55:2 57:11
preparing
  46:21,23,25
prepetition
  35:18 37:4
present  10:16
presentation
  19:12
presented
  44:10 45:23
  62:11
presently
  40:24
press  49:24
  54:13
presume  59:14
pretrial  4:9
  17:14

pretty  62:13
  63:16
previous  34:12
previously
  54:16
price  32:9
prices  32:7,13
  32:22
prima  53:25
  54:25 55:9
  57:7 59:8
principle  42:21
  43:7
prior  46:24
  55:15
pro  18:22 22:7
  22:17
probably
  61:20 62:2
  64:3
problem  28:3,8
problems
  33:19
procedure  57:2
procedures
  45:24,24 49:15
  50:4
proceed  39:17
  51:2
proceeding  4:7
  20:23 48:17,19
  53:20 58:1,6
proceedings
  24:20,24 58:5
  64:21 66:4
proceeds  42:15

process  21:14
  22:3 25:16,19
  27:8 30:4,21
  31:17 36:12
  40:3 64:14
produce  53:14
produced  33:9
production
  51:20 52:24
professional
  3:16,18 4:1,3
  45:11
proffer  27:11
progressive
  41:2
prohibited
  24:19
prohibition
  24:22
project  46:20
  47:8,12
prolong  60:22
proman  14:22
promising  26:5
promptly
  40:12
proof  36:23
properly  37:5
properties  36:5
  37:14
property  36:15
  37:3 38:7 39:6
  39:22,22
proposal  51:20
propose  52:8
proposed  35:8
  42:23 51:14

[proposed - remotely]                                                    Page 19

| | | | |
|---|---|---|---|
| 52:19 | 51:5 62:5,6 | reasoning 40:2 | reflected 42:22 |
| **proprietary** | **r** | reasons 38:5 | refusal 38:1 |
| 32:21 | | rebecca 11:9 | refused 35:21 |
| **protective** 53:9 | **r** 2:1 5:1 17:1 | receive 30:23 | regard 44:15 |
| **protocol** 22:7 | 66:1 | received 25:19 | 46:3 57:24 |
| **provide** 28:19 | **rabeca** 14:9 | 25:23 46:4 | regarding |
| 29:13 31:19 | **raffaele** 15:8 | recently 25:13 | 21:24 38:20 |
| 43:5 55:20 | **raise** 21:23 | 25:21 | 40:2 |
| **provided** 40:6 | 22:24 24:4,10 | recognize 38:5 | regularly |
| 61:10 | 24:13 34:25 | 53:17 | 32:14 |
| **providing** | 53:18 64:19 | recognized | regulatory |
| 42:17 | **raised** 35:3 | 38:4 | 29:1 |
| **provisional** | 44:17 | recommended | reilly 14:25 |
| 55:20 | **rakesh** 16:2 | 42:20 | rejection 33:6 |
| **provisions** | **ramon** 11:10 | record 19:7 | 45:14 |
| 38:11 | **ran** 45:12,12 | 20:9,15 22:17 | relate 53:12 |
| **pte** 9:16 | 45:13 | 22:23 24:1,9 | related 3:9,14 |
| **pundisto** 14:23 | **range** 47:1 | 24:12,14,17,25 | 61:8 |
| **purposes** 47:13 | **raphael** 19:13 | 25:2 41:14 | relates 61:9 |
| 56:23 | 26:19 | 43:16 48:24 | relationship |
| **pursuant** 3:8 | **rasile** 14:24 | 57:25 63:11,13 | 39:3 |
| 60:12 | **rate** 25:17 | 64:8 66:4 | release 43:1,4 |
| **put** 23:10 | **rates** 31:22,24 | recording 19:1 | released 49:22 |
| 45:15 54:6 | 32:3 | 20:6 22:20 | relief 3:1,9,14 |
| 55:25 | **rather** 60:16 | 24:6,20,24 | 42:10 55:20 |
| **putting** 26:7 | **ravi** 14:1 | records 38:21 | 57:19,22 58:21 |
| 54:14 | **read** 54:22 | 46:17 | remain 30:19 |
| | 57:3 59:10 | recover 39:18 | remaining |
| **q** | **ready** 46:9 | recovery 42:15 | 27:17 |
| | **realize** 49:4 | reduce 28:15 | remembers |
| **question** 21:13 | **realized** 32:25 | reduced 45:8 | 44:13 |
| 22:13 | **really** 29:22 | reduction 45:4 | remind 22:2 |
| **questions** | 45:3 53:13 | refer 46:22 | reminder |
| 19:19 46:9 | 60:25 | reference | 33:14 50:21 |
| 53:19 | **reasonable** | 21:22,25 | remote 49:23 |
| **quick** 33:14 | 46:18 | referenced | remotely 50:1 |
| **quickly** 22:12 | **reasonably** | 39:19 | |
| **quite** 29:22 | 40:12 | | |
| 46:17 47:15 | | | |

**repayment** 36:19

**repeated** 35:14

**replies** 50:23 51:23

**report** 36:24

**reported** 47:12

**representatives** 64:12

**represented** 36:7

**representing** 50:11

**request** 31:12 38:20

**requests** 50:25 51:15 52:24

**require** 59:25

**required** 46:19

**reserve** 53:21 54:10

**reserves** 29:3

**reserving** 56:24 61:1

**resident** 37:8

**resolve** 42:12 45:2 52:11 62:7

**resolved** 49:6 60:19 63:2 64:1

**resolving** 56:6

**respect** 36:16 38:21 46:10 47:4 49:16 54:10 57:20,22 58:1,4 61:11

**respond** 51:9 53:14

**responded** 31:12

**response** 27:18 38:1 64:10

**responses** 51:2 51:15,16

**result** 24:22 45:10

**resulted** 27:21 58:4

**resuming** 22:20

**retail** 28:20

**retention** 43:4

**return** 25:17

**revenue** 31:22 32:8

**reviewing** 43:21 53:23

**revised** 35:8,16

**rewards** 35:11

**richard** 12:1

**rick** 10:19

**rickie** 12:20

**right** 17:2,15 18:11,17,19 19:1,16 20:1,3 20:5,5,14,14 20:24 21:1,14 21:16 22:19,20 23:12,17,23 24:6,7,15,18 25:7 29:16,24 34:6 36:18 40:5,9 41:23

43:25 45:17 46:6,10 48:5 48:12,12,16 49:4 54:3 62:17 63:6,7 63:19 64:18

**rights** 36:15 53:21 54:10,13 56:24 57:12 61:1

**rise** 25:6

**risk** 40:4 43:10

**risks** 62:9

**road** 66:21

**robert** 16:1

**robinson** 15:1

**rodriguez** 15:2

**role** 62:16

**romuald** 15:15

**rona** 15:3

**room** 8:19 21:4 21:5,7 25:3

**rooms** 21:2

**ross** 8:14 9:10

**rothschild** 10:9

**round** 20:6

**route** 31:1 57:13

**rsa** 61:9

**rudnick** 7:16

**rudolph** 15:4

**rule** 54:21 55:10,11 60:9 64:13

**ruled** 34:21

**rules** 50:7

**ruling** 35:1 53:20 54:1

**rulings** 65:3

**s**

**s** 3:6 5:1 6:6 8:22 12:6 15:6 17:1

**s.c.** 4:3 10:1

**sa** 1:15 4:8 17:7,12 20:22

**sabin** 15:6

**samuel** 6:15

**san** 10:12

**sanchez** 12:2

**sanctions** 24:23

**santos** 10:24

**sarah** 9:20 14:12

**sat** 39:10

**satisfied** 47:2 54:25 58:20

**satterfield** 12:3

**saying** 60:13 61:21

**schedule** 50:15 51:1,12,19 52:5

**scheduled** 50:4

**schneider** 12:4

**schottenstein** 9:13

**schrag** 9:20

**schroeder** 12:5

**scientific** 33:6

**scott** 5:10 13:2 13:9

screen 43:19
screenshare 26:22
screensharing 26:20
screenshot 24:21
se 18:23 22:7 22:17
sean 14:6
seated 25:7
second 3:16 4:1 22:14 30:15,18 44:7 44:8 47:4 54:17
secret 37:4
section 3:8 40:16
secured 3:2 34:16 38:4,11
securities 7:9 20:19 36:5,8 37:11,20
security 36:10 36:14,17 37:2 38:5,10
see 17:8 18:13 33:1,7 39:25 43:18 48:10,22 55:2 64:6,8
seek 46:12
seeking 38:24 41:16 42:10 57:22 58:12
seeks 47:5

seen 38:21 43:17
selected 29:4 30:25 31:2 55:20 60:3,6
self 43:4
send 22:4
senes 15:7
senese 15:8
sense 35:17 54:14 55:1
sent 36:24
separate 53:19
separated 42:3
separately 39:1
september 1:23 17:3 32:3 49:14,16,22 50:25 51:15,21 51:22 52:8 66:25
serban 14:8
series 35:7 59:23
seriously 62:6 62:15
serve 52:24
served 50:24 51:25 52:2 53:11
services 35:11
session 42:20
set 17:14 40:24 53:6,11 57:7
settle 62:2,15

settlement 3:13 19:25 41:17 42:21,22,23 43:3,7,8,12,23 45:14 62:10,11 65:9
settlements 62:8
seventh 6:3
several 43:21
shara 23:21
share 30:9
sharing 19:11
sharon 11:3
shlivko 15:9
short 51:19
shortly 18:4 28:22 50:6
showed 31:4
shy 40:25
sid 11:24
side 45:1 62:8
sides 55:24
signature 66:7
significant 58:14
silverman 15:10
similar 25:25 29:17 30:21 39:14
simon 13:5
simply 60:16
singapore 48:4 48:9
single 60:3

site 32:2
sites 32:6,25
situation 33:13 44:9
six 27:23 28:13 28:13
slate 59:23
slide 28:17 33:2,10
slowing 27:18
smile 62:6
smith 15:5
solely 42:15
solicit 3:7 40:18 65:8
solicitation 25:13,16 40:20 40:24
solo 47:25
solutions 66:20
soma 12:17
sontchi 3:17,18 12:6 18:16 19:16,17,18 44:5,6,13 45:20,22 46:3 47:5,7,14,18 47:22 48:4,5 48:10 65:13
sonya 4:25 66:3,8
soon 31:8 57:22 63:16
sooner 53:1
sophisticated 62:12

[sorry - swingle]                                                        Page 22

sorry  23:19,20
  28:2,13 33:18
  62:23
sort  49:15 52:6
sought  40:23
  55:22 58:11
soup  48:1
southern  1:2
  42:6 44:16
  45:6 47:7
spangler  15:11
speak  19:24
  21:17 25:1
  45:18 64:3
speaking  20:9
  20:15 22:18,23
  24:1,8,14,17
special  5:4
  20:12 44:16
specific  25:24
  59:13 61:25
specifically
  21:17
spent  46:23
  47:16
spoofing  26:3
sprawling
  34:11
spread  26:12
spring  42:19
sprofera  15:12
square  7:18
ssa  61:8
ssb  9:2
stadler  10:7
  18:14,14,18

stakehound
  1:15 4:8 5:14
  48:15,19,24
  51:17 52:2
  54:1 58:25
  59:20 60:11,14
  60:18 62:7
  63:13
stakehound's
  49:9 51:1
start  17:8,9
  40:25 60:17
started  32:2
  33:15 58:2
starting  17:2
state  18:12
  19:6 22:24
  24:4,9,14 25:1
stated  56:22
statement
  28:25
statements
  37:6
states  1:1,19
  8:16 23:21
  29:5 49:21
stating  18:20
  21:10 22:22
  24:12,16
status  3:3
  20:13 26:16
  27:7 34:16
stay  3:1 39:17
  40:4,8 42:10
  57:23 59:21
  60:14

steadman  12:7
steady  33:5
steakhound
  17:7,9,12
  20:13,22
steffan  12:25
stephanie  5:19
  17:11 48:23
  63:12
steven  12:21
stipulation
  42:14,19
stop  34:24,24
story  45:1
strategy  32:22
strauss  5:3
streamline
  31:15 55:3
  57:2
streamlined
  51:19 55:3
street  5:15
  7:10 10:3,11
stretto's  26:4
strictly  24:19
striking  60:16
strong  31:21
struggles  56:16
subject  29:2
  38:10 61:7
submission
  40:10
submit  41:8
  43:25
submitted
  41:20,24 45:12
  51:24

subpoena  64:1
subsequent
  59:17
substance
  41:19
substantial
  45:4 53:12
substantive
  56:20,24
substantively
  44:23
sufficient
  57:19 58:24
suggest  38:22
suggesting
  61:2
suite  9:10 10:3
  10:11 66:22
sullivan  15:13
sunday  52:8,10
support  41:20
suppose  54:14
sure  21:3,13
  25:14 26:5,12
  26:17 27:25
  34:2,15 44:13
  46:7 50:16
  51:18 64:4
suri  15:14
surprise  61:23
surrounding
  59:6
suzanne  44:25
sweet  10:14
swingle  6:17
  23:4,5,5

swiss 59:2
switch 47:23
switched 47:23
switching
  40:16
switzerland
  55:9 59:22
  60:5,12,16
system 45:25
  46:2

**t**

t 66:1,1
t.j. 18:4 19:22
table 58:18
tak 15:21
take 20:6 25:11
  40:9 60:8
  62:14,15 63:19
talk 52:17
talked 51:4
talking 52:3,13
tanzila 15:25
targeted 50:24
team 44:22
technical 39:7
tell 21:4 50:9
  51:4
tendille 15:15
tentatively
  51:4
term 33:3,8
  39:19
terms 35:8,10
  35:16 36:11,20
  37:17,22 38:19
  39:2 57:25
  58:8 59:4 61:1

terraform 9:16
texas 9:1,2
  32:23
thank 17:15,16
  18:6,7,14,17
  18:18,24,25
  19:3,14,15,21
  20:1,5,7,14,19
  20:24 21:8,9
  22:19 23:4,7
  23:11,17,24
  25:15 26:14,18
  26:23 27:9
  28:18 31:18
  32:19 33:11,18
  33:22 34:8,10
  35:5 38:13,14
  40:11,13 41:7
  41:12 42:2
  43:15,24 44:2
  45:21 47:18
  48:6,8,23 49:1
  49:4 50:13
  51:10 52:18
  56:2,7,13
  57:15,16,17
  62:14,17 63:6
  63:17,18 64:5
  64:16,17,20
thanks 19:25
  20:25 64:4,4
thing 56:3
  57:18 58:19
things 42:7
  52:5 62:15
think 22:12
  44:3 45:3,10

49:14 51:3,4
  51:12 53:22
  54:16,18 55:4
  55:6,15 57:19
  58:2,6,11,13
  58:21,23 59:5
  59:5,25 60:18
  60:20,21 61:20
  63:4
third 45:5
thirds 45:7
thomas 13:1,19
thomson 12:8
thorough
  46:16
thought 29:20
  49:11
three 61:6
threshold
  56:19
time 18:19
  24:17 25:1
  30:25 32:10,24
  33:18 36:19
  41:4 43:17
  46:6,16,18,23
  47:16 57:20
  59:18
times 7:18 46:7
  58:23
timon 14:15
timothy 14:25
tipton 15:16
title 37:17
today 17:14,23
  18:23 19:12,24
  21:22,22 22:13

40:19 49:12
today's 21:24
  21:25 22:21
together 30:4
  63:24
told 36:12
tom 13:20
tomorrow
  48:11 49:6
  52:25
tony 12:11
took 58:24
total 42:24
totaling 27:15
towers 63:1,4
traced 39:19
track 41:2 48:3
traditional
  56:17
tranches 61:6
transaction
  29:10 30:1
transcribed
  4:25
transcript 66:4
transpose
  56:21
treat 59:12
trend 33:3
tried 38:22
triggering 60:2
tristan 11:2
tro 49:5 54:7
true 66:4
trustee 8:17
  23:18,22 26:10
  63:4,21

**trustee's** 47:8
**try** 40:12 52:5
  52:11 62:2,4,7
**trying** 21:3
  53:14 54:21
  62:15
**turetsky** 6:19
**turner** 15:17
**turning** 28:17
  33:10
**two** 25:16 42:3
  44:23 45:7
**tx** 9:4,11

**u**

**u.s.** 2:3 8:17
  23:18 26:10
  30:20 31:11,16
  32:1 44:16
  47:8 59:3 63:3
  63:21
**ubierna** 12:9
**ucc** 36:15 38:7
  39:8
**uday** 13:15
**uhland** 44:25
**uk** 59:2
**ultimate** 59:9
**ultimately** 53:5
**uncertainty**
  43:10
**unclear** 50:8
  54:6
**uncontested**
  40:16,21 41:5
**under** 22:7
  31:7 35:25,25
  36:1,5,6,14,15

37:4,19 38:7
39:10 40:6,10
42:7
**underlying**
  40:2 60:23
**understand**
  34:16 52:1
  57:5
**understanding**
  54:10
**understood**
  60:24
**underway**
  25:16
**unfortunately**
  26:1
**uniform** 36:1,6
  37:4,13,19
**unique** 35:6
  55:7
**united** 1:1,19
  8:16 23:21
  29:5 49:21
**unmute** 24:4
  24:13
**unsecured** 6:9
  23:3,15
**update** 25:12
  26:16 27:7
  28:19 31:10,19
  33:12 40:19
  44:8 49:12
  62:18
**upload** 22:8,8
**use** 22:23 24:3
  24:10,13 35:8
  35:16 36:20

37:17 38:19
39:3,20
**used** 28:25
  32:14
**useless** 62:2
**user** 25:22
**users** 27:12,20
  30:16,22 31:11
  31:12,14,16
**using** 18:2
  22:21 24:3,8
  24:11 35:10
**usually** 62:13
**utsav** 13:13

**v**

**v** 1:14 4:8
  14:24 48:15,19
**value** 27:16,22
  28:12
**values** 28:25
**variation**
  38:19
**various** 39:19
**vast** 31:4
**vazquez** 12:10
**vein** 61:4
**vejseli** 12:11
**veritext** 66:20
**version** 39:5,20
  39:20
**versus** 17:6
**vesey** 5:15
**victor** 12:9
**video** 24:20
**view** 53:8
  54:17 56:17
  58:17

**viewing** 21:6
**vigorous** 45:1
**vince** 15:13
**violated** 59:20
  60:14
**violation** 24:21
  57:23 58:1
**vitor** 10:23
**void** 58:2,7
  60:1
**volume** 50:10

**w**

**w** 15:10
**waiting** 21:4
  25:3
**waived** 56:4
  59:17
**waiving** 57:12
**wallet** 30:10
**walton** 15:18
**want** 21:3,16
  21:17,17 22:16
  26:5 29:25
  34:10,25 45:17
  45:18 49:11
  51:18 54:11
  57:24 61:5,13
  61:18 64:19
**wanted** 23:9
**wants** 24:9
  57:13
**warren** 15:19
**watch** 50:1
**watson** 63:1
**waxing** 56:9
**way** 29:23
  45:25 46:1

49:7 53:17 54:6,22 56:1 56:21

**we've** 25:19 28:8,12,14 40:4,23 46:4 50:3 51:4 52:3 52:13,20 53:19 58:11 62:20

**website** 22:6 22:10 26:4

**wee** 62:25

**weedman** 6:18

**week** 30:5,9,9 30:11 32:14

**weekend** 64:12

**weekly** 27:20 28:14

**weeks** 25:17 27:23 28:14 43:21

**welcome** 23:25 45:22 52:15

**wendy** 13:24

**white** 6:8 23:2 23:5,14 43:16

**wi** 10:5

**wickouski** 5:19 17:11,11,16 48:21,22,23,23 51:7,10 52:16 52:18 53:2 56:2,7,13,16 57:15 59:16 61:19,20,24 62:3,14 63:8 63:10,12,13

**william** 12:5

**willing** 37:9

**willingly** 38:8

**willis** 15:20 63:1,4

**willkie** 6:1

**wish** 30:8 43:24 44:9

**wished** 30:4

**withdraw** 30:5 31:8 35:13,20 35:24 36:13 37:1,23 38:2 38:24 42:25

**withdrawable** 36:22

**withdrawal** 27:8 29:11 31:4

**withdrawals** 27:11,15,18,22 28:13 29:10,18 30:1,12,13,16 31:5,15

**withdrawl** 27:21

**withdrawn** 27:17 31:5

**withheld** 29:17

**withhold** 27:8 30:22 31:3

**witness** 51:22

**witnesses** 50:8 55:5

**wofford** 6:13 22:25 23:1,2

**wonderful** 18:1

**word** 41:8 44:1

**work** 44:15 46:15,17 52:3 52:4,5

**worked** 30:4 44:22

**working** 25:20 45:25 46:1

**world** 56:18

**written** 35:21 39:16

**wrong** 59:10

| x |
| --- |

**x** 1:5,11,17 65:1

| y |
| --- |

**yara** 13:25

**yeah** 18:7 19:8 22:16 23:19 26:12 28:6 29:15,24 31:2 32:12,17 33:14 44:11 50:19 61:17

**years** 42:3

**yesterday** 44:10 45:23

**yeung** 15:21

**yoon** 15:22

**york** 1:2,21 5:7 5:17 6:4,11 7:4 7:9,19 8:4,20 9:18 42:7 44:16,21 45:6

47:8

| z |
| --- |

**zabib** 12:12 15:23

**zachary** 12:12 15:23

**zaharis** 15:24

**ziman** 10:17

**zomo** 15:25

**zoom** 18:2,5,11 18:21 19:7,12 20:15 21:2 22:22 23:13 24:3,8,12 34:5 49:24 50:2