# CELSIUS EX. 129

Dear Honorable Judge Martin Glenn,

I am writing to you to request clarity on concerns I brought up in the past, particularly regarding distributions in Hawaii, where creditors have fulfilled KYC "Know your Customer" and location requirements according to the plan, and my inability to receive an answer on the very precise topic of distributions matters according to the schedule from the debtor or the UCC. This will also relate to other asset classes in Hawaii, as it appears to not allow any distributions of any class of borrower. I am aware of other creditors that have failed to receive an answer regarding this topic as it relates to this matter as well.

On September 28th of 2023, it was my first ever appearance through the court where I spoke on the record. I asked about the CEL token or other Cryptocurrency tokens where they are unable to be withdrawn in kind, and per the proposed Chapter 11 plan [Docket 3332] on page 49/50, the debtor indicates that all account types receive distribution through PayPal in cash value, and BTC/ETH if a distribution agent is found. However, it has been indicated in the Plan that a distribution agent is unlikely to be been found.

The debtor's counsel indicated that the debtor does not intend on violating securities laws in the exchange below. For reference, I have attached the entire conversation as the official court transcript as exhibit 1 at the end of this document.

**MR. KOENIG: Good morning again. Chris Koenig.**
**4 Mr. Kirsanov, so what Mr. Kirsanov is referring to**
**5 is that in certain jurisdictions, we can't make crypto**
**6 distributions under securities laws. And we're obviously**
**7 not going to violate securities laws.**

In an email to the Custody Settlement Group at Togut, Segal & Segal LLP and Mr. Bryan M. Kotliar on the 26th of 2023, Mr. Kotliar indicated he would check with Kirkland and let me know. In a follow up on the 28th of September, Mr. Kotliar indicated he has not heard back from Kirkland and indicated he would pass my findings on the CEL Token inquiry to Kirkland. In a final email, Mr. Kotliar indicated Kirkland indicated they were still working on distribution mechanics for jurisdictions including Hawaii and they will get back to him that week. I have yet to hear back from Mr. Kotliar or Kirkland regarding this precise matter, as of today, October 6th, 2023, even though I have followed up several times.

CONTINUED ON NEXT PAGE

Your honor, this matter is critical in Hawaii. If the Distribution Agent cannot legally distribute assets outside of potentially BTC/ETH, there must be a clarification on the matter as to how distribution and conversion mechanics will function. Leaving this matter without a precise clarification could potentially mean adverse tax implications, and the creditors deserve to know the answer. I am not sure why the debtor's counsel and the UCC refuses to provide answers. In exhibit 2 below, I am attaching the Conversion Table, as per the debtor's schedules as of 8:10 PM prevailing Eastern Time, on July 13, 2022. [Docket 1420]

In the example of MANA asset, it was listed to be 0. 80042259 on the debtor's conversion table. Today, the MANA token trades around 0.29-30 cents, which is about 37% of the Conversion Table prices. [Exhibit 3]

In another example of the Maker (MKR) Token, it was listed at a price of 839.8922442 in accordance to the table. Today, (MKR) trades at around $1,471, which reflects 175% of the Conversion Table prices.

[Exhibit 4]

The following questions continue to be raised to the Debtor and UCC:

If the Distribution Agent is unable to distribute assets per the Distribution Schedule in the plan on days 1-90 on page 49/50 of the Disclosure Statement, what value is assigned to them? All other classes, have been assigned Conversion Table Prices. Would the Settlement-Exempt CEL Token in the Custody class have a full Conversion Table valuation of 0.81565 to KYC/Location residents in Hawaii?

One could reasonably assume a creditor with for example, $2,000,000 in Conversion Table Value MKR in Hawaii would NOT want to receive it in Hawaii, but instead, move and fulfill KYC/Location requirements to an alternative state where they could receive their MKR in kind, and as of today's pricing, obtain the asset directly with a market value of $3,500,000 ($2,000,000*1.75)

One could also reasonably assume a creditor in the opposite scenario, if an individual had $2,000,000 in MANA in Conversion Table Value in Hawaii would desire to receive that cash value in Hawaii, as if the individual were to receive the actual asset in an alternative state, the value of the asset as of today would be $740,000 ($2,000,000*0.37)

Thus, the question of CEL Token comes into play. It explicitly cites that the CEL Token is exempt from the CEL Custody Settlement in the Custody Class, as per the settlement agreement on page 122 of the disclosure statement. I am attaching this excerpt below as on page 122 of the Disclosure Statement.

CONTINUED ON NEXT PAGE

- Except as provided in Article III.B.17 of the Plan, all CEL Token Deposit Claims, **other than Custody Claims that are CEL Token Deposit Claims**, shall be valued at $0.25/CEL Token (*i.e.*, 1 CEL Token equals a $0.25 CEL Token Deposit Claim), and shall otherwise receive the treatment associated with the program in which they were deployed.

Your honor, the communication with the debtor's counsel has been extremely vague and indirect to the topic and at times references FRE 408—CONFIDENTIAL, which I am not sure if I am able to legally submit this document to the court here. The debtor's counsel keeps insisting that they are able to make CEL Disbursements presently. I am aware that the debtor can make Custody CEL disbursements to Hawaii now, but the debtor has not directly clarified if the Crypto Distribution Agent in days 1-90 per the schedule, if one is found, will be able to distribute the asset examples above, such as MKR, MANA, and CEL. The debtor's counsel and UCC have refused to answer this matter. I have looped in the Trustee, and the Chairs of Kirkland and White & Case on this matter in my most recent communication, as I believe the lack of communication is done in bad faith and to the detriment of creditors that may have unique tax implications due to where they reside.

Another topic that Kirkland and the UCC refuses to answer, is if the debtor's impaired a Pure Custody 6A class member such as myself in this case where I am a rejecting member, where I had Pure Custody assets including CEL, would I be able to offset those assets at full Conversion Table Value against my outstanding retail obligation? The matter of the CEL Token Valuation would be extremely detrimental in this plan to a creditor like myself, and would not meet best interests.

I would ask the Debtor's Council and UCC clarify this topic, and if they refuse to, I would ask the court to compel an answer on this matter, as the Debtor's Council and UCC have failed to provide clarity to many creditors. The creditors deserve to know this very precise topic. I and other creditors, in good faith, attempted to obtain this answer, multiple times, but the Debtor's Council and UCC have continued to be completely silent on this matter. This can present extreme tax and value implications for creditors that are not aware of this. Instead, the Debtor's Counsel and UCC are making a choice to ignore these requests, which one would presume be simple questions to answer.

Thank you,

Dimitry Kirsanov, Pro Se

/s/Dimitry Kirsanov               EXHIBITS CONTINUED ON NEXT PAGE

EXHIBIT 1, CEL TOKEN HEARING HAWAII EXCHANGE 9/28/2023

```
11            MR. KIRSANOV:  I have a comment about residents of
12   Hawaii where (indiscernible) CEL token holders cannot
13   receive their CEL or any cryptocurrency token in kind
14   according to the plan and thus are entitled to cash.  I have
15   attempted to reach out to Kirkland and the UCC regarding
16   this matter, but I have yet to receive a response.
17            My question is what valuation would they be
18   provided in the first 90 days of distribution.  This is not
19   explained in the plan.  I understand that after the 90 days,
20   it utilizes the deactivation date value.  In the custody
21   settlement, there is some language that indicates the Debtor
22   is not able to satisfy in-kind, they utilize the petition
23   date values.  So I'm wondering what Hawaii residents
24   actually receive.  Thank you.
25            THE COURT:  Thank you.  That's really not relevant
```

```
                                                         Page 35
1    to the issue today.  But, Mr. Koenig, are you able to
2    respond at all?
3             MR. KOENIG:  Good morning again.  Chris Koenig.
4             Mr. Kirsanov, so what Mr. Kirsanov is referring to
5    is that in certain jurisdictions, we can't make crypto
6    distributions under securities laws.  And we're obviously
7    not going to violate securities laws.
8             He has an interesting point that I frankly had not
9    considered.  And I apologize if we haven't connected.  If
10   you want to email me, my email is in the signature block for
11   all of the Celsius filings.  It's Chris.Koenig@kirkland.com.
12   And I'm happy to speak after this.
```

EXHIBIT 2, CRYPTOCURRENCY CONVERSION TABLE

22-10964-mg    Doc 1420    Filed 11/21/22    Entered 11/21/22 22:11:30    Main Document
Pg 5 of 5

Conversion Table
Petition Date USD Coin Prices as of 8:10 PM ET on 7/13/2022

| Coin | USD Price |
|---|---|
| 1INCH | 0.581744108 |
| AAVE | 78.24291593 |
| ADA | 0.427003308 |
| AVAX | 18.49035408 |
| BADGER | 3.285369715 |
| BAT | 0.37621662 |
| BCH | 100.546894 |
| BNB | 226.92614 |
| BNT | 0.450047559 |
| BSV | 50.99015321 |
| BTC | 19881.00134 |
| BTG | 15.14018234 |
| BUSD | 1 |
| CEL | 0.81565 |
| COMP | 47.33041601 |
| CRV | 1.032841943 |
| CVX | 6.08763006 |
| DAI | 1 |
| DASH | 41.79955662 |
| DOGE | 0.061140905 |
| DOT | 6.360775884 |
| EOS | 0.929357695 |
| ETC | 14.12753443 |
| ETH | 1088.170943 |
| GUSD | 1 |
| KNC | 1.263392739 |
| LINK | 6.077201511 |
| LPT | 8.033566927 |
| LTC | 48.75597218 |
| LUNC | 0.00009241 |
| MANA | 0.80042259 |
| MATIC | 0.609434275 |
| MCDAI | 1 |
| MKR | 839.8922442 |
| OMG | 1.71960007 |
| ORBS | 0.040053336 |
| PAX | 1 |
| PAXG | 1738.836303 |
| SGA | 1.214643649 |
| SGB | 0.026003699 |
| SGR | 1.214643649 |
| SNX | 2.465894386 |
| SOL | 34.24173443 |
| SPARK | 0 |
| SUSHI | 1.214062046 |
| TAUD | 0.6748 |
| TCAD | 0.7701 |
| TGBP | 1.1881 |
| THKD | 0.1274 |
| TUSD | 1 |
| UMA | 2.487366187 |
| UNI | 6.014518833 |
| USDC | 1 |
| USDT ERC20 | 1 |
| UST | 0.039474965 |
| WBTC | 19852.24182 |
| WDGLD | 168 |
| XAUT | 1741.393614 |
| XLM | 0.104188979 |
| XRP | 0.321111953 |
| XTZ | 1.483213139 |
| YFI | 5742.188874 |
| ZEC | 53.54163596 |
| ZRX | 0.277486691 |
| ZUSD | 1 |

EXHIBIT 3, MANA CURRENT PRICE



EXHIBIT 4, MKR CURRENT PRICE

