Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:      (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:      (312) 862-2200

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**DEBTORS' STATEMENT AND RESERVATION OF RIGHTS**
**WITH RESPECT TO THE AMENDED MOTION OF FOREIGN**
**REPRESENTATIVES OF THREE ARROWS CAPITAL, LTD. FOR RELIEF FROM**
**THE AUTOMATIC STAY TO ALLOW FOR SETOFF OF MUTUAL OBLIGATIONS**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file

this statement and reservation of rights in response to the *Amended Motion of Foreign*

*Representatives of Three Arrows Capital, Ltd. for Relief from the Automatic Stay to Allow for*

*Setoff of Mutual Obligations* [Docket No. 3642] (the "Lift Stay Motion")[2] filed by Russell

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2]    Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Lift Stay Motion. The 3AC Foreign Representatives previously filed the *Motion of Foreign Representatives for Three Arrows Capital, Ltd. For Relief from the Automatic Stay to Allow for Setoff of Mutual Obligations* [Docket No. 3569] and *Declaration of Russell Crumpler in Support of Motion of Foreign Representatives for Three Arrows Capital, Ltd. For Relief from the Automatic Stay to Allow for Setoff of Mutual Obligations* [Docket No. 3571].

Crumpler and Christopher Farmer (together in their capacities as such, the "3AC Foreign Representatives") and state the following.

### **Reservation of Rights**

1.    The 3AC Representatives were appointed as joint liquidators by the Eastern Caribbean Supreme Court in the High Court of Justice Virgin Islands (Commercial Division) (the "BVI Court") in the liquidation proceeding of Three Arrows Capital, Ltd. ("3AC") in the British Virgin Islands (the "BVI Proceeding") and as foreign representatives in 3AC's chapter 15 case styled as *In re Three Arrows Capital Ltd*., No. 22-10920 (Bankr. S.D.N.Y. 2022) (MG).

2.    On July 15, 2022, Debtor Celsius Network Limited filed a claim against 3AC in the BVI Proceeding in the amount of $41,210,309.24, consisting of (a) $25 million due under the Third Loan, (b) $15,195,305 as a deficiency claim under the Second Loan; (c) $395,483.69 in late fees under the Third Loan, and (d) $619,520.55 in unpaid interest under the Third Loan (the "Celsius BVI Claim").

3.    On December 30, 2022, 3AC filed a proof of claim in these chapter 11 cases for an unliquidated amount regarding payments made by 3AC to the Debtors related to the First Loan prior to the commencement of the BVI Proceeding (the "3AC Claim").

4.    On September 27, 2023, the Debtors filed the *Modified Joint Chapter 11 Plan of Reorganization of Celsius Network LLC and Its Debtor Affiliates* [Docket No. 3577] (as may be amended, supplemented, or modified from time to time, the "Plan"), which requires creditors to file a motion prior to the Confirmation Date to set off or recoup any amounts against the Debtors. *See* Plan at Article VI.L.[3]

---

[3]    "In no event shall any Holder of Claims be entitled to set off or recoup any Claim against any claim, right, or Cause of Action of the Debtors or Post-Effective Date Debtors (as applicable), unless such Holder has Filed a motion with the Bankruptcy Court requesting the authority to perform such setoff or recoupment on or before the

5.      On September 29, 2023, the 3AC Foreign Representatives filed the Lift Stay Motion seeking relief from the automatic stay imposed by the Bankruptcy Code to preserve any purported rights of setoff regarding potential adjudication of the Celsius BVI Claim and the 3AC Claim.[4]

6.      The Debtors do not object to the 3AC Foreign Representatives' intention to lift the automatic stay solely to preserve and exercise any purported rights as contemplated by the Plan to the extent a court of competent jurisdiction determines that 3AC is entitled to a valid preference or set off right.  The Debtors have requested that the 3AC Foreign Representatives include certain revised language in the proposed order.[5]  The Debtors do not consent to the stay being lifted for any purpose other than as expressly set forth herein.

7.      For the avoidance of doubt, the Debtors do not admit to the existence of any valid preference or set off right, nor do the Debtors concede that the BVI Proceeding is the appropriate forum to adjudicate the merits of either the Celsius BVI Claim or 3AC Claim and reserve their rights in connection therewith.

*[Remainder of page intentionally left blank]*

---

Confirmation Date, and notwithstanding any indication in any Proof of Claim or otherwise that such Holder asserts, has, or intends to preserve any right of setoff or recoupment pursuant to section 553 of the Bankruptcy Code or otherwise."

[4]    Lift Stay Motion, Proposed Order at 2.

[5]    A clean and markup of the proposed order are attached hereto as **Exhibits A** and **B** respectively.

New York, New York
Dated:  October 17, 2023

*/s/ Joshua A. Sussberg*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:       (212) 446-4900
Email:            joshua.sussberg@kirkland.com

   - and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:       (312) 862-2200
Email:            patrick.nash@kirkland.com
                  ross.kwasteniet@kirkland.com
                  chris.koenig@kirkland.com
                  dan.latona@kirkland.com

*Counsel to the Debtors and Debtors in Possession*

## **Exhibit A**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

## ORDER (I) MODIFYING THE
## AUTOMATIC STAY PURSUANT TO 11 U.S.C 362(d)(1)
## AND BANKRUPTCY RULE 4001 AND (II) GRANTING RELATED RELIEF

This matter coming before the Court on the Motion of The Foreign Representatives of Three Arrows Capital, Ltd ("3AC") for Relief from The Automatic Stay to Allow for Setoff of Mutual Obligations (the "Motion") filed by the Foreign Representatives[2] for entry of an Order (a) lifting the automatic stay in the chapter 11 cases to allow the adjudication of those claims asserted by Celsius Network Ltd ("Celsius Network") against 3AC in the BVI Court, including in that proceeding the adjudication of allegations that the claims asserted by Celsius Network against 3AC are subject to setoff under BVI law as part of the claims adjudication process in the BVI liquidation proceedings (the "BVI Proceeding") and (b) granting related relief, and, after due deliberation, the Court having concluded that the Joint Liquidators have established sufficient cause for the relief granted herein; and no additional notice being required, now, therefore, it is hereby ORDERED that:

1.      The Motion is **GRANTED** as set forth herein.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2]    Capitalized terms used but not defined herein have the meaning ascribed to them in the Motion.

2.      The automatic stay is modified pursuant to Bankruptcy Code section 362(d)(1) and Bankruptcy Rule 4001 solely as to 3AC and solely for the purpose of allowing the Foreign Representatives to proceed with an objection to the claim asserted by Celsius Network in the BVI Proceeding (the "Celsius BVI Claim") on grounds including, but not limited to, asserting that the Celsius BVI Claim should be reduced or eliminated through setoff or taking into account amounts recoverable by 3AC from Celsius Network on an "unfair preference" theory as that term is used generally under BVI law.

3.      This Order is without prejudice to the rights of Celsius Network Limited or its Debtor affiliates, the Plan Administrator, the Litigation Administrator, NewCo, or any other entity vested with authority to prosecute and/or defend claims or causes of action by or against the Debtors[3] to contest the validity of the assertion of setoff or similar by the Foreign Representatives, including, but not limited to, contesting in the BVI Court the legality or appropriateness of setting off or taking into account amounts alleged to be subject to avoidance as an unfair preference under BVI law against a claim asserted by a creditor in the BVI Proceeding, or contesting the appropriateness of the BVI Proceeding as the venue in which to prosecute any related claims.

4.      The parties reserve all rights in equity and law regarding the matters set forth in the Motion.

5.      The parties are authorized, but not directed, to take all actions necessary to effectuate the relief granted pursuant to this Order.

6.      Notice of the Motion as provided therein shall be deemed good and sufficient.

---

[3]      Each as defined in the *Modified Joint Chapter 11 Plan of Reorganization of Celsius Network LLC and Its Debtor Affiliates* [Docket No. 3577] (as may be amended, supplemented, or modified from time to time).

7.    The relief granted in this Order shall be effective immediately and shall not be subject to the 14-day stay of enforcement under Federal Rule of Bankruptcy Procedure 4001(a)(3).

Dated: _____, 2023

_____
The Honorable Martin Glenn
United States Bankruptcy Judge

## **Exhibit B**

**Markup of Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

## ORDER (I) MODIFYING THE
## AUTOMATIC STAY PURSUANT
## TO 11 U.S.C 362(d)(1)
## AND BANKRUPTCY RULE 4001 AND (II) GRANTING RELATED RELIEF

This matter coming before the Court on the Motion of The Foreign Representatives of Three Arrows Capital, Ltd ("3AC") for Relief from The Automatic Stay to Allow for Setoff of Mutual Obligations (the "Motion") filed by the Foreign Representatives[2] for entry of an Order (a) lifting the automatic stay in the chapter 11 cases to allow the adjudication of those claims asserted by Celsius Network Ltd ("Celsius Network") against 3AC in the BVI Court, including in that proceeding the adjudication of allegations that the claims asserted by Celsius Network against 3AC are subject to setoff under BVI law as part of the claims adjudication process in the BVI liquidation proceedings (the "BVI Proceeding") and (b) granting related relief, and, after due deliberation, the Court having concluded that the Joint Liquidators have established sufficient cause for the relief granted herein; and no additional notice being required, now, therefore, it is hereby ORDERED that:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] Capitalized terms used but not defined herein have the meaning ascribed to them in the Motion.

1.      The Motion is **GRANTED** as set forth herein.

2.      The automatic stay is modified pursuant to Bankruptcy Code section 362(d)(1) and Bankruptcy Rule 4001 solely as to 3AC and solely for the purpose of allowing the Foreign Representatives to proceed with an objection to the claim asserted by Celsius Network in the BVI Proceeding (the "Celsius BVI Claim") on grounds including, but not limited to, asserting that the Celsius BVI Claim should be reduced or eliminated through setoff or taking into account amounts recoverable by 3AC from Celsius Network on an "unfair preference" theory as that term is used generally under BVI law.

3.      This Order is without prejudice to the rights of Celsius Network Limited or its Debtor affiliates, the Plan Administrator, the Litigation Administrator, NewCo, or any other entity vested with authority to prosecute and/or defend claims or causes of action by or against the Debtors[3] to contest the validity of the assertion of setoff or similar by the Foreign Representatives, including, but not limited to, contesting in the BVI Court the legality or appropriateness of setting off or taking into account amounts alleged to be subject to avoidance as an unfair preference under BVI law against a claim asserted by a creditor in the BVI Proceeding, or contesting the appropriateness of the BVI Proceeding as the venue in which to prosecute any related claims.

4.      The parties reserve all rights in equity and law regarding the matters set forth in the Motion.

5.      4. The parties are authorized, but not directed, to take all actions necessary to effectuate the relief granted pursuant to this Order.

---

[3]     Each as defined in the *Modified Joint Chapter 11 Plan of Reorganization of Celsius Network LLC and Its Debtor Affiliates* [Docket No. 3577] (as may be amended, supplemented, or modified from time to time).

6. ~~5.~~ Notice of the Motion as provided therein shall be deemed good and sufficient.

7. ~~6.~~ The relief granted in this Order shall be effective immediately and shall not be subject to the 14-day stay of enforcement under Federal Rule of Bankruptcy Procedure 4001(a)(3).

Dated: ~~September~~ _____, 2023

_____
The Honorable Martin Glenn
United States Bankruptcy Judge