# CREDITOR OTIS DAVIS' MOTION TO

(1) ALLOW RIGHTS OF CREDITOR IN EXAMINATION OF TWO EXPERT WITNESSES;

(2) FOR RIGHT TO EXAMINE A FORMER WHITE & CASE ASSOCIATE AND NOW LAW CLERK OF YOUR HONOR NAMED CATHY SHU;

(3) FOR RIGHT TO EXAMINE WHITE & CASE PARTNER GREGORY F. PESCE WITH REFERENCE TO THE TENTH DECLARATION OF GREGORY F. PESCE IN SUPPORT OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF WHITE & CASE LLP AS COUNSEL EFFECTIVE AS OF JULY 29, 2022;

(4) FOR A HEARING WITH REFERENCE TO THE REQUESTED RELIEF OF WHITE & CASE LLP TO MAKE THE DETERMINATION AS TO WHETHER WHITE & CASE LLP SHOULD BE ALLOWED TO CONTINUE AS COMMITTEE COUNSEL IN THIS CASE;

(5) IN THE ALTERNATIVE FOR RECUSAL OF YOUR HONOR IN THIS MATTER.

Otis Davis, a creditor in this matter, moves this court on a date and time to be set by this court for a motion for the following relief:

(1) Allow rights of creditor in examination of two expert witnesses;

(2) For right to examine a former White & Case associate and now law clerk of your Honor named Cathy Shu;

(3) For right to examine White & Case partner Gregory F. Pesce with reference to the TENTH DECLARATION OF GREGORY F. PESCE IN SUPPORT OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF WHITE & CASE LLP AS COUNSEL EFFECTIVE AS OF JULY 29, 2022;

(4) For a hearing with reference to the requested relief of WHITE & CASE LLP as to whether they should be allowed to continue as Committee counsel in this case;

(5) In the alternative for recusal of your Honor in this matter to assure fairness and an unbiased hearing without the appearance of or actual undue influence nor impropriety.

## FACTS, ARGUMENT AND POINTS OF ORDER:

At the October 4, 2023 Confirmation Hearing, your Honor gave the Debtors' attorneys, Kirkland & Ellis, approximately 45 minutes (31 pages of testimony; pages 11-42) during the Max Galka Direct Examination to have their position in this matter shown to the Court properly and completely.

During my Cross-Examination of their expert witness Max Galka, your Honor gave me about 15 minutes in total time (pages 61-79; 18 pages) and then cut me off even though I was not close to finishing.

Two weeks later, at the October 17, 2023 Confirmation Hearing, your Honor allowed the Debtors' counsel, Kirkland & Ellis, to Cross-Examine my expert witness Mr. Hussein Faraj for over an hour; this, before I was given a chance to conduct a Direct Examination of my own expert witness Hussein Faraj.  Your Honor then limited my Direct Examination to only five questions, for a maximum of seven minutes!

The blaring facts as highlighted above are objectively prejudicial to my rights as a creditor and show severe favoritism to UCC's counsel from White & Case and the Debtors' counsel Kirkland & Ellis, which I believe have given rise to a valid rationale for a motion to ask your Honor to recuse himself due to an apparent glaring conflict of interest in your Honor's chambers.

As this court and the general public is aware, recently a member of the law firm of White & Case has started to work for your Honor.  That law clerk's name is Cathy Shu.  On September 28, 2023, Gregory F. Pesce filed at [Docket 3625](#) the TENTH DECLARATION OF GREGORY F. PESCE IN SUPPORT OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF WHITE & CASE LLP AS COUNSEL EFFECTIVE AS OF JULY 29, 2022.  Mr. Pesce wrote at [Docket 3625](#), page 3 of 4, as follows, quote:

### "Connection to Former Associate

"6. Cathy Shu is a former associate of White & Case, who was previously employed with the Firm from December 23, 2021 through September 8, 2023.  After Ms. Shu left employment with the Firm, and on or about September 27, 2023, White & Case was

informed by the Court's staff, in connection with preparations for the commencement of the confirmation hearing, that Ms. Shu will be joining the chambers of the Honorable Martin Glenn as a law clerk.  White & Case has reviewed its files and has confirmed that Ms. Shu did not work on White & Case's representation of the Committee in these chapter 11 cases.  I do not believe that White & Case's connection to Ms. Shu precludes White & Case from meeting the standard for the retention of Committee counsel under the Bankruptcy Code," unquote.

The law states clearly that even the "appearance" of a conflict of interest is enough to warrant the judge to preclude a law firm from a case, in this case preclude White & Case from being Committee counsel.  I firmly believe that White & Case's connection to Ms. Shu precludes White & Case from meeting the standard for the retention of Committee counsel under the Bankruptcy Code.

The fact that a member of the law firm that is leading this charge to deny creditors like myself our rights under the law is now working for your Honor cannot be overlooked.  The fact that an attorney working for one of the top law firms in the world making an assumed salary in excess of six figures would coincidentally want to start working as a law clerk for a reduced

salary in the middle of the law firm's biggest current case that is generating tens of millions of dollars in fees for the firm cannot just be swept under the rug and just assumed to be okay as per the law and Bankruptcy Code, not to mention the Disciplinary Rules and Ethical Considerations that are to be abided by by each and every attorney in the State of New York and the Federal Bar as well.

In fact, a recent interview was done with a news agency regarding this matter and the hundreds of millions of dollars that have been charged to the estate. The approximately $2 million fee for a compromised expert opinion that could not come up with a value due to the expert's lack of expertise – where the expert's board of directors also had a direct conflict of interest with the expert in relying on Galka to diminish the value of the estate's assets so that Cherokee Acquisitions could buy them up for pennies on the dollar and then flip them for millions – has led many to question the legitimacy of this entire proceeding as anything other than a money machine for those in the "club."  I say this with all due respect and with deference to the Court:  The glaring double standard in how parties are treated cannot and will not be allowed to stand so long as there is breath in my body.

The prejudicial way that I have been treated needs to be rectified, and I am requesting from this court that I be granted the right to complete my Cross-Examination of the alleged compromised expert witness Max Galka and be allowed to ask any and all questions that I deem appropriate to prove my case, AND also that I be allowed to conduct a proper Direct Examination of my expert witness Hussein Faraj and not be limited to 5 questions.

I have searched as best I can the Federal Rules of Bankruptcy Procedure and could not find any rationale or allowance allowing courts to limit the times that creditors could take to ask questions while allowing law firms and parties representing the company and/or the UCC to be given carte blanche for whatever they like. I am not an attorney, but I can still read English.

During his September 5, 2005 Supreme Court Senate Confirmation [Hearing](), Chief Justice John Roberts compared the role of a judge to that of an umpire and said the following: "I will decide every case based on the record, according to the rule of law, without fear or favor, to the best of my

ability, and I will remember that it's my job to call balls and strikes, and not to pitch or bat."

In this case, the court and your Honor was not acting like an umpire but more like a party to the Celsius bankruptcy case pitching and batting as opposed to calling 'balls and strikes,' thereby giving preferential treatment to the big law firms of Kirkland & Ellis and White & Case and severely prejudicing the rights of Pro Se creditors, like myself, by giving us no time to ask question of the expert witnesses, whether the UCC's expert witness [Max Galka] or my expert witness [Hussein Faraj.]

A Judge has a wide breadth of latitude in his or her courtroom, but judges are supposed to be fair and impartial, and that's not what we have here. What I have experienced is a court that is picking sides and giving preferential treatment to big-name law firms the likes of Kirkland & Ellis and White & Case over Pro Se creditors.

I, Otis Davis, declare under penalty of perjury that I will personally spend every dime I have to appeal this decision, publicize the injustice through the media and do everything legal and in my power to see that justice is served

and that retail CEL token creditors are treated fairly and equitably in this Celsius bankruptcy.

I will appeal this case to the highest level and not allow it to leave the docket to the best of my abilities.  I have tremendous support from others in the community, and if I have to borrow and beg from friends and family and the CEL token community, so be it, that's what I will do, borrow and beg until I can't borrow and beg anymore to right this wrong that has been levied against retail CEL token creditors in this Chapter 11 case.

I understood clearly when I opted out of the Plan that I would have to fight the UCC's lawyers White & Case and the Debtors' lawyers Kirkland & Ellis, but I had no idea that I would also have to fight the court.  This is wrong, and I am asking the court to correct this and allow me my rights.

The judge is there to administer justice and fairness, not to pick sides or prejudice one side over the other, which is what's going on in this Celsius bankruptcy to CEL token creditors.

This is so evident to the average person, not to mention egregious, that numerous media outlets have contacted me, asking if I want to be interviewed about this bias that they see taking place by Judge Glenn towards CEL token creditors, and I've told them not at this point; that I would prefer to write a Letter/Motion to the Court and place my objection on the docket in hopes that the Judge corrects this injustice that has taken place in his courtroom in front of the world and allow me to do the Direct Examination of my expert witness Hussein Faraj without being cut off during the middle of my examination, which is what the Judge did during my Cross-Examination of Max Galka.

This is clearly a pattern to prejudice me as a Pro Se creditor and it is wholeheartedly unfair, and I will personally spend every dime I have to appeal this; and if I run out of money, I will beg and borrow until I can't beg and borrow anymore to appeal this case so it doesn't go away from the judge's docket.

I would ask your Honor to give me the ability to do a full Cross-Examination of the compromised expert witness Max Galka and Direct Examination of

my expert witness Hussein Faraj and to be allowed equal time as the Debtors to examine my expert witness, which amounted to between 70 and 90 minutes for the Debtors.  Allowing me to ask my own expert witness five questions for a total of five to seven minutes is prejudicial and unfair.

**RELIEF**

I would request that the hearing be reopened to allow me as a creditor to be given a fair opportunity to do a full Direct Examination of my expert witness Hussein Faraj, as well as to do a full Cross-Examination of the compromised expert witness Max Galka.  I would also request that your Honor recuse himself immediately due to the fact that his chambers has been compromised and that not only has the appearance of impropriety been lit up like a neon sign in the middle of Broadway, but the effects of the compromise of having an attorney from White & Case now working in the chambers of your Honor demands that recusal take place and that a new judge be assigned to this case to assure that my rights as a Pro Se creditor in this Celsius Chapter 11 be preserved in the interests of justice.

## Formal Request For Relief To:

(1) Allow rights of creditor in examination of two expert witnesses;

(2) For right to examine a former White & Case associate and now law clerk of your Honor named Cathy Shu;

(3) For right to examine White & Case partner Gregory F. Pesce with reference to the TENTH DECLARATION OF GREGORY F. PESCE IN SUPPORT OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF WHITE & CASE LLP AS COUNSEL EFFECTIVE AS OF JULY 29, 2022;

(4) For a hearing with reference to the requested relief of WHITE & CASE LLP made on September 28, 2023, by Gregory F. Pesce filed at [Docket 3625](Docket 3625) to make the determination as to whether WHITE & CASE LLP should be allowed to continue as Committee counsel in this case;

(5) In the alternative for recusal of your Honor in this matter to assure fairness and an unbiased hearing without the appearance of or actual undue influence nor impropriety.

Respectfully Signed,

Otis Davis, *Pro Se*

10/20/2023

*/s/Otis Davis*