Dimitry Kirsanov
*Pro Se*
**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

_____
                                                              )
In re:                                                        )         Chapter 11
                                                              )
CELSIUS NETWORK LLC, *et al.,*[1]     )         Case No. 22-10964 (MG)
                                                              )
              Debtors.                                 )         (Jointly Administered)
_____)

The Honorable Martin Glenn
Chief Bankruptcy Judge
United States Bankruptcy Court for the Southern District of New York
Alexander Hamilton U.S. Custom House
One Bowling Green New York, NY 10004

Dear Chief Judge Glenn,

Mr. Kirsanov has read the debtor's supplemental memorandum of law[2], filed on 10/20/2023, indicating the following about Mr. Kirsanov's alleged vote in favor of the plan in Custody Class. The following quote from the debtor's counsel is below.

- Mr. Kirsanov's Objection should be overruled on these facts alone because Mr. Kirsanov is not a dissenting creditor

_____

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] https://cases.stretto.com/public/x191/11749/PLEADINGS/1174910202380000000242.pdf 2864

1

Mr Kirsanov disagrees. Mr Kirsanov alleges this is contradictory in the debtor's amended balloting[3] results. In the results on Page 17 of the document, it indicates there are 9 CEL Token Holders in the Custody Class that have voted to reject the CEL Token Settlement, for a monetary sum of $187,912.09, and at a CEL monetary majority of 64.17%. Mr Kirsanov's voting weight was $187,300.00. On the Debtor's Schedule F filing[4] on 03/24/2023, Mr. Kirsanov reviewed the top 10 CEL Token Holders in monetary value in the Custody Class and found that the balloting does indeed reflect that Mr. Kirsanov voted to reject the plan, as any combination of any other 9 CEL Token Holders in Custody would not amount to the monetary rejection amount. However, debtor continues to erroneously claim Mr. Kirsanov voted in favor of the plan. Mr. Kirsanov shares his following findings of the top 10 CEL Token Holders in the Custody Class here, with names initialized except Mr. Kirsanov's in respect for their privacy. Mr Kirsanov also shares the Schedule F Line and the monetized value of the vote, rounded up to the dollar. For the avoidance of doubt, Mr. Kirsanov disputes the $0.25 valuation on the Custody Class.

1. Dimitry Kirsanov – 3.1.150403 - $187,300
2. P.J. – 3.1.451458 - $53,951
3. N.E. – 3.1.415884 - $22,529
4. R.S. – 3.1.475885 - $16,459
5. O.D. – 3.1.438662 - $13,678
6. J.D. – 3.1.239857 - $12,961
7. Y.N. – 3.1.591775 - $10,461
8. K.K. – 3.1.311834 - $9,329
9. P.C. – 3.1.446829 - $9,200
10. J.T – 3.1.288166 - $8,029

---

[3] https://cases.stretto.com/public/x191/11749/PLEADINGS/1174909272380000000037.pdf 3574

[4] https://cases.stretto.com/public/x191/11749/PLEADINGS/1174903252380000000018.pdf 2311

Mr. Kirsanov notes the debtor's counsel refuses to share discovery of his voting results, as they had listed it in an exhibit on their exhibit filing[5] on 10/16/23. This was never provided to Mr. Kirsanov. Mr. Kirsanov objected to this entry as it was past the submission deadline, which the court overruled.

Mr Kirsanov recalls in his true and final vote prior to the balloting deadline, around 3:17 PM Eastern Presiding Time on September 22nd, to have voted to REJECT the plan in the Custody Class. Mr Kirsanov notes that in the Custody Settlement[6] which he does not dispute he agreed to when it was offered to the Custody Class around March 24th of 2023, it notes that Mr. Kirsanov is eligible to vote to reject the plan as he had Pure Custody assets, including his CEL Token, and was impaired by having an outstanding loan, which made him eligible to reject the plan as he was prevented from receiving his Custody Assets under the withdrawal order. More specifically, this is cited on Docket Pages 10 and 11 the following:

- For the avoidance of any doubt, any Holder of an Allowed Custody Claim that abstains from voting or votes to reject the Plan and has only Pure Custody Assets or Transferred Custody Assets, but was prevented from receiving his or her Custody Assets under the Withdrawal Order as a result of an outstanding obligation owed to the Debtors through the Debtors' Borrow Program, shall receive his or her Custody Assets in accordance with the treatment of allowed Deposit Claims under the Plan and otherwise consistent with the Court's findings in the Withdrawal Order.

---

[5] https://cases.stretto.com/public/x191/11749/PLEADINGS/1174910172380000000045.pdf  3839

[6] https://cases.stretto.com/public/x191/11749/PLEADINGS/1174903212380000000219.pdf 2291

Your honor,

I hope this letter and sworn statement finds you in good health and high spirits. I am writing to bring to your attention a matter of great concern regarding my dispute in the ongoing proceedings. I firmly believe I have been subjected to unfair treatment throughout the course of this process. I maintain and continue to be the recipient of actions executed in bad faith during these proceedings. I implore Your Honor to take this assertion seriously and thoroughly investigate the circumstances surrounding my claims. It is crucial that every individual involved in the legal system is afforded a fair and unbiased process, free from any appearance of impropriety. I have the utmost confidence in Your Honor's dedication to upholding the principles of justice, and I trust that you will carefully consider the concerns raised. Your wisdom and impartiality are invaluable assets to the legal community, and I am hopeful they will guide this case towards a just and equitable resolution.

I declare that, to the best of my knowledge and belief, the information herein is true and complete. I understand this statement is made for use as evidence in court and is subject to penalty for perjury.

Executed on 10/21/2023

I remain respectfully,

Dimitry Kirsanov, Pro Se

/s/Dimitry Kirsanov