## Exhibit B

## Markup of Proposed Order

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**ORDER (I) MODIFYING THE AUTOMATIC STAY PURSUANT TO 11 U.S.C 362(d)(1) AND BANKRUPTCY RULE 4001 AND (II) GRANTING RELATED RELIEF**

This matter coming before the Court on the Motion of The Foreign Representatives of Three Arrows Capital, Ltd ("3AC") for Relief from The Automatic Stay to Allow for Setoff of Mutual Obligations (the "Motion") filed by the Foreign Representatives[2] for entry of an Order (a) lifting the automatic stay in the chapter 11 cases to allow the adjudication of those claims asserted by Celsius Network Ltd ("Celsius Network") against 3AC in the BVI Court, including in that proceeding the adjudication of allegations that the claims asserted by Celsius Network against 3AC are subject to setoff under BVI law as part of the claims adjudication process in the BVI liquidation proceedings (the "BVI Proceeding") and (b) granting related relief, and, after due deliberation, the Court having concluded that the Joint Liquidators have established sufficient cause for the relief granted herein; and no additional notice being required, now, therefore, it is hereby ORDERED that:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] Capitalized terms used but not defined herein have the meaning ascribed to them in the Motion.

1. The Motion is **GRANTED** as set forth herein.

2. The automatic stay is modified pursuant to Bankruptcy Code section 362(d)(1) and Bankruptcy Rule 4001 solely as to 3AC and solely for the purpose of allowing the Foreign Representatives to proceed with an objection to the claim asserted by Celsius Network in the BVI Proceeding (the "Celsius BVI Claim") on grounds including, but not limited to, asserting that the Celsius BVI Claim should be reduced or eliminated through setoff or taking into account amounts recoverable by 3AC from Celsius Network on an "unfair preference" theory as that term is used generally under BVI law.

3. This Order is without prejudice to the rights of Celsius Network Limited or its Debtor affiliates, the Plan Administrator, the Litigation Administrator, NewCo, or any other entity vested with authority to prosecute and/or defend claims or causes of action by or against the Debtors[3] to contest the validity of the assertion of setoff or similar by the Foreign Representatives, including, but not limited to, contesting in the BVI Court the legality or appropriateness of setting off or taking into account amounts alleged to be subject to avoidance as an unfair preference under BVI law against a claim asserted by a creditor in the BVI Proceeding, or contesting the appropriateness of the BVI Proceeding as the venue in which to prosecute any related claims.

4. The parties reserve all rights in equity and law regarding the matters set forth in the Motion.

---

[3] Each as defined in the *Modified Joint Chapter 11 Plan of Reorganization of Celsius Network LLC and Its Debtor Affiliates* [Docket No. 3577] (as may be amended, supplemented, or modified from time to time).

2

5. ~~4.~~ The parties are authorized, but not directed, to take all actions necessary to effectuate the relief granted pursuant to this Order.

6. ~~5.~~ Notice of the Motion as provided therein shall be deemed good and sufficient.

7. ~~6.~~ The relief granted in this Order shall be effective immediately and shall not be subject to the 14-day stay of enforcement under Federal Rule of Bankruptcy Procedure 4001(a)(3).

Dated: ~~September~~ _____, 2023

                                               _____
                                               The Honorable Martin Glenn
                                               United States Bankruptcy Judge

3