Daniel A. Frishberg
*Pro Se*
**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.,*[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## DANIEL A. FRISHBERG'S OBJECTION TO MR. DAVIS'S

## EXAMINATION MOTION

Daniel A. Frishberg ("Mr. Frishberg") hereby submits this objection (the "Objection") to

Otis Davis's ("Mr. Davis") motion filed at D.R. 3866 (the "Motion"). In support of his Objection,

Mr. Frishberg respectfully states as follows:

### Preliminary Statement

While it has long been established that self representation is a fundamental right granted

to everyone in the US, it is restricted in instances of frivolous, and vexatious litigants. Mr. Davis

has filed numerous motions, and countless purported "motions", and countless letters. He has

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

also encouraged dozens of people to flood this Court with letters supporting various (changing[2])

prices for the fraudulent CEL token. Mr. Davis, (and a *very* small, very vocal minority) have

flooded this Court with letters and requests to get 81 cents, which they purport is the fair market

value (contrary to several experts, including one provided by Mr. Davis). Mr. Davis's Motion is a

factually incorrect, conspiracy filled rant attacking numerous innocent parties, and making

extremely serious accusations against the Court, and its employees. This Court should issue Rule

11 Sanctions against Mr. Davis. I did not want to have to file this, and I wanted to stay out of it

and allow the professionals to handle this, but the filings by Mr. Davis and his associates are

simply costing the estate far too much money for me to be able to in good conscience sit back

and do nothing.

## ARGUMENT

It is frowned upon for lawyers (and courts) to move for sanctions (or issue sanctions)

against *pro se* parties, and is only done in serious and extreme cases. This is one of those cases.

Mr. Davis (who was a participant in the manipulation of the CEL token, and by his own

admission attempted to influence the price of CEL in an upwards direction).

There is no logical reason to allow Mr. Davis (or anyone else) to benefit from their

manipulation of the price of the CEL token pre-petition. There is a long established principle in

the United States (and presumably most countries) that someone who commits a crime, cannot

reap the rewards of their crime. Mr. Davis has a cost average of approximately 8 cents for his

CEL tokens. He has already benefited significantly from the fraud which was perpetrated by Mr.

---

2 Mr. Davis has purported that various prices are the so-called "fair" price for CEL, including $0.81, $0.61, $2.06, etc.

Mashinsky, and Celsius. The overwhelmingly vast majority of people who remain in this bankruptcy did not profit from Celsius, but to the contrary, lost significant amounts of money. Mr. Davis is currently wasting estate resources in an attempt to effectively steal money (via the manipulation of the CEL token pre-petition) from the general creditor body. The true value of the CEL token is zero, or close to zero (on the date of the petition), as was testified to by Mr. Galka.

Mr. Davis has bombarded This Court with countless frivolous motions, letters and allegations, including many with a false factual basis and statements. One of the arguments he presents in his Motion is him having "only" "about 15 minutes in total time" during the Max Galka cross-examination. I, in contrast, used significantly less time than Mr. Davis, and was able to obtain all of the information I needed. It is not about the amount of time you have, it is about _how you use the time_. This Court was more than generous with the amount of time it allotted to (fairly repetitive) questions (mostly related to CEL) that numerous *pro se* parties asked.

Mr. Davis purports that there is something underhanded occurring with Ms. Shu leaving White & Case and becoming a clerk for Your Honor. One of his (fatally flawed) arguments is "making an assumed salary in excess of six figures would coincidentally want to start working as a law clerk for a reduced salary". There are things that are more valuable than money, and in this instance, experience is one of them. Ms. Shu presumably left White & Case **not** because of some giant conspiracy, but to gain a valuable, irreplaceable, once in a lifetime experience clerking for a Chief Judge.

Mr. Davis alleges that there is a further conspiracy to: "diminish the value of the estate's assets so that Cherokee Acquisitions could buy them up for pennies on the dollar and then flip them for millions". Once again, Mr. Davis's argument is wrong and fatally flawed. If the CEL token is valued at $0.00, then (presumably) any claim value stemming from CEL token claims would also be worth 0. *If* there truly was a giant conspiracy (and there is no proof that there *actually is* a conspiracy) to buy claims, and influence the bankruptcy process to maximize profits, one would assume that the conspirators would attempt to increase the value of the CEL token (and by proxy their claims stemming from CEL), instead of decrease it.

Mr. Davis also clearly, and unambiguously made his desire to (attempt to) hold the entire bankruptcy hostage so he can increase his own personal recovery. He stated that he "will appeal this case to the highest level and not allow it to leave the docket to the best of my abilities". For that reason alone, he should be sanctioned, or **at a minimum** warned that filing frivolous filings will result in sanctions.

Mr. Davis also makes the unsupported allegation (in some strange attempt to support his argument) that "numerous media outlets have contacted me, asking if I want to be interviewed about this bias that they see taking place by Judge Glenn towards CEL token creditors". To the contrary, from what I heard, the (reputable[3]) media outlets seem to think that his claims have no merit,

---

[3] There is one "media outlet" (if it can even be called that) which may very well be run by Mr. Davis, reprinting all of his arguments. It is more of a blog.

## Conclusion

I believe that any logical person (who has been following the case) can tell that Mr.

Davis's filing is completely baseless, factually incorrect, and filled with conspiracy theories. The

estate should not have to repeatedly bear the cost for these frivolous filings. Mr. Davis threatened

to appeal This Court's various (upcoming) rulings, which would cost the estate significant

resources to deal with. This Court should **DENY** Mr. Davis's Motion with prejudice, and

**APPROVE** my suggestion/request for Rule 11 Sanctions.

Respectfully Submitted,

/s/*Daniel A. Frishberg*

Daniel A. Frishberg, *Pro Se*

October 23, 2023

Hillsborough County, Florida