**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

CELSIUS NETWORK LLC, *et al.*,

Debtors.

Case No. 22-10964 (MG)

**ORDER DENYING MOTION OF CREDITOR OTIS DAVIS (ECF DOC. # 3866)**

This is a hard-fought case, with more than 600,000 unsecured creditors around the world. While the Official Committee of Unsecured Creditors ("UCC") has ably represented its constituency, some creditors, as it is their right, have disagreed with some of the legal or factual positions taken by the UCC and others, and by the Court in some of the opinions and orders that have been entered in this case.

Sometimes some *pro se* creditors have exceeded accepted bounds of appropriate behavior, hurling accusations and invective at the Court, the Debtors' employees and counsel, the UCC's members and counsel, and against other creditors.

Hearings in this case during the pandemic and afterwards have included Zoom appearances and opportunities for hundreds of parties-in-interest to speak and be heard by the Court and other parties. The Court's goals throughout this case have been transparency and orderly judicial proceedings.

The absence of a law license, however, is *not* a license for misbehavior during court hearings or in court filings or in other communications to the Court or to other parties. The Court has bent over backwards to permit lawyers and non-lawyers to make arguments or ask questions of witnesses. There are limits however—motions, questions, arguments, and comments that are improper, repetitive, or worse are not and will not be permitted.

1

*Pro se* creditor Otis Davis, who apparently lives on the island of Jamaica, regularly appears on Zoom during Court hearings in this case. When he asks to be heard (using the hand-raise function on Zoom), he is recognized by the Court and permitted to make his arguments and examine witnesses. Davis appears very knowledgeable about crypto assets but not about court proceedings.

Davis *is* subject to the usual rules of decorum, court rules and to time limits imposed by the Court on Davis and others. Outlandish court filings, repetitive arguments or objectionable witness examinations are at first cautioned and then stopped. Numerous other parties and counsel can and should be heard.

Davis apparently is not content to follow the rules or limits imposed by the Court. Davis' pending motion ("Motion," ECF Doc. # 3866) is his latest effort to throw bombs, invective, or other unfounded allegations in an effort to do what—derail this case as it heads to plan confirmation (although serious issues raised by counsel or *pro se* parties remain to be resolved)? (The evidentiary record is complete and closing arguments are scheduled for October 30, 2023.)

The Motion seeks a variety of relief—for the Court to recuse itself from this case, to depose one of my law clerks, to depose one of the UCC's counsel "to determine whether [counsel] should be permitted to continue as Committee counsel in this case," to "allow rights of creditor in examination of two expert witnesses" (whom Davis has already examined until the Court terminated his examination after warning him that his questioning needed to end).

The Court finds and concludes that the Motion is frivolous and without legal or factual foundation. Davis will either abide by the rulings and orders of this Court, subject

2

to whatever appellate rights he may have, or his privilege of appearing on Zoom in this case will be terminated. No more needs to be said.

**IT IS SO ORDERED.**

Dated:    October 24, 2023
         New York, New York

*Martin Glenn*
MARTIN GLENN
Chief United States Bankruptcy Judge