**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF NEW YORK**

_____

| | |
|---|---|
| In re: | ) |
| **CELSIUS NETWORK LLC,** *et al.,* | ) Chapter 11 |
| Debtors. | ) Case No. 22-10964 (MG) |
| | ) (Jointly Administered) |

_____)

October 25, 2023

The Honorable Martin Glenn
Chief Bankruptcy Judge
United States Bankruptcy Court for the Southern District of New York Alexander Hamilton U.S. Custom House
One Bowling Green New York, NY10004

Dear Chief Judge Glenn,

The Debtors' attorneys, Kirkland & Ellis LLP, according to their Memorandum of Law at Docket 3864, have misrepresented Dimitry Kirsanov's vote, as reflected on the balloting.

I'm writing in support of Dimitry Kirsanov's letter at Docket 3877, which states, in sum and substance, that his vote was changed without his knowledge or consent, with respect to the Custody Class from a vote to REJECT (which was his vote) the Plan to a vote to ACCEPT (which he did not vote for) the Plan.

Someone intentionally changed Mr. Kirsanov's Vote and this brings up a larger issue of the Court and case.

The Debtors have alleged that Mr. Kirsanov is not a dissenting member of the Custody Class and that he voted in favor of the Plan to try to limit his input and testimony.

Mr. Kirsanov in his letter to the court clearly stated that he rejected the plan and that someone without his consent or direction, changed his vote and made the record erroneously show that he voted for the plan which he did not.  Mr. Kirsanov denies that he voted in favor of the Plan and he also clearly has and does now dispute the $0.25 CEL Token valuation on the Custody Class.

The occurrences before this Court have been questionable and the threats against me, the hiding of documents by the attorneys and the lack of respect by the attorneys, the UCC and the court for the Creditors allows the credible belief that nothing is beyond those with the intent to have one single outcome in their pecuniary favor.

The Debtors have stated to the Court that Mr. Kirsanov's objection should be overruled because he is not a dissenting creditor and that he, Mr. Kirsanov, voted in favor of the Plan.  Mr. Kirsanov states the following in his letter, quote:  "Mr Kirsanov disagrees.  Mr Kirsanov alleges this is contradictory in the debtor's amended balloting results.

In the results on Page 17 of the document, it indicates there are 9 CEL Token Holders in the Custody Class that have voted to reject the CEL Token Settlement, for a monetary sum of $187,912.09, and at a CEL monetary majority of 64.17%.   Mr Kirsanov's voting weight was $187,300.00.  On the Debtor's Schedule F filing on 03/24/2023, Mr. Kirsanov reviewed the top 10 CEL Token Holders in monetary value in the Custody Class and found that the balloting does indeed reflect that Mr. Kirsanov voted to reject the plan, as any combination of any other 9 CEL Token Holders in Custody would not amount to the monetary rejection amount.  However, debtor continues to erroneously claim Mr. Kirsanov

voted in favor of the plan. Mr. Kirsanov shares his following findings of the top 10 CEL Token Holders in the Custody Class here, with names initialized except Mr. Kirsanov's in respect for their privacy. Mr Kirsanov also shares the Schedule F Line and the monetized value of the vote, rounded up to the dollar. For the avoidance of doubt, Mr. Kirsanov disputes the $0.25 valuation on the Custody Class," unquote.

1. Dimitry Kirsanov – 3.1.150403 - $187,300
2. P .J. – 3.1.451458 - $53,951
3. N.E. – 3.1.415884 - $22,529
4. R.S. – 3.1.475885 - $16,459
5. O.D. – 3.1.438662 - $13,678
6. J.D. – 3.1.239857 - $12,961
7. Y .N. – 3.1.591775 - $10,461
8. K.K. – 3.1.311834 - $9,329
9. P.C. – 3.1.446829 - $9,200
10. J.T – 3.1.288166 - $8,029

Number 5 on this list of 10 dissenting members are my initials "O.D.," which stands for Otis Davis. I have 34,867 CEL tokens in Custody and I voted to REJECT the Plan; however, my CEL Tokens were not counted in the rejection, which should have put the rejection total at over $200,000, for an even higher CEL Token Monetary rejection. This is a gross misrepresentation of the balloting results and should be thoroughly investigated.

I dispute the $0.25 CEL token valuation on the Custody Class, as it is an already settled class, and the $0.25 Earn Settlement specifically **EXCLUDES** the Custody Class. I direct the Court to Docket 3332 titled "**FOURTH NOTICE OF FILING OF REVISED DISCLOSURE STATEMENT FOR THE JOINT CHAPTER 11 PLAN OF REORGANIZATION OF CELSIUS NETWORK LLC AND ITS DEBTOR AFFILIATES,**" page 116, which reads, and I quote, "Except as provided in Article III.B.17 of the Plan, all CEL Token Deposit Claims, other than Custody Claims that are CEL Token Deposit Claims, shall be valued at $0.25/CEL Token (i.e., 1 CEL Token equals a $0.25 CEL Token Deposit Claim), and shall otherwise

receive the treatment associated with the program in which they were deployed."

As I've said many times, the day the Debtors and the UCC agreed to give CEL token holders in Custody $0.81 and have your Honor ratify that CEL Token Custody Settlement is the day that the Debtors and the UCC agreed to give all CEL token holders the Petition date price of $0.81, regardless of class. Anything else is simply not equitable.

A lot of people are questioning the vote and asking questions such as if their vote really counted. Dimitry Kirsanov has alleged that his vote was changed from a vote to REJECT the Plan to a vote to ACCEPT the Plan. There seems to be discrepancies with respect to the way people voted, and all creditors should be able to view their individual votes that they made. I know I voted to REJECT the Plan, but I have no way of confirming that that is indeed the case, nor does anyone else.

For the avoidance of doubt, I, Otis Davis, declare under penalty of perjury that I voted to REJECT the Plan in every class, as reflected in the balloting, including the Custody Class and the Earn Class, based on the $0.25 CEL token valuation put forth by the UCC and the Debtors.

Respectfully Signed,

 Otis Davis, *Pro Se*

10/25/2023

*/s/Otis Davis*