**WHITE & CASE LLP**
David M. Turetsky
Samuel P. Hershey
Joshua D. Weedman
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile:  (212) 354-8113
Email: david.turetsky@whitecase.com
       sam.hershey@whitecase.com
       jweedman@whitecase.com

– and –

**WHITE & CASE LLP**
Keith H. Wofford
Southeast Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131
Telephone: (305) 371-2700
Facsimile:  (305) 358-5744
Email: kwofford@whitecase.com

**WHITE & CASE LLP**
Michael C. Andolina (admitted *pro hac vice*)
Gregory F. Pesce (admitted *pro hac vice*)
Carolyn P. Gurland
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone: (312) 881-5400
Facsimile:  (312) 881-5450
Email: mandolina@whitecase.com
       gregory.pesce@whitecase.com
       carolyn.gurland@whitecase.com

– and –

**WHITE & CASE LLP**
Aaron Colodny (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, California 90071
Telephone: (213) 620-7700
Facsimile:  (213) 452-2329
Email: aaron.colodny@whitecase.com

*Counsel to the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS'**
**CONFIRMATION HEARING CLOSING ARGUMENT PRESENTATION**

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these Chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

Pursuant to the *Order Establishing Deadlines and Procedures for Closing Argument* [Docket No. 3851 at ¶ 4], the Official Committee of Unsecured Creditors appointed in the above-captioned matter (the "**Committee**"), by and through its undersigned counsel, hereby files its demonstrative (the "**Presentation**") it intends to use in connection with closing arguments for the hearing on confirmation of the Debtors' *Modified Joint Chapter 11 Plan of Reorganization of Celsius Network LLC and Its Debtor Affiliates* [Docket No. 3577].

The Presentation is attached hereto as Exhibit A. Copies of the Presentation can be obtained free of charge by visiting the website of Stretto at http://www.cases.stretto.celsius. You may also obtain copies of any pleadings by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

*[Remainder of Page Intentionally Left Blank]*

Dated: October 26, 2023
      New York, New York

           */s/ Aaron Colodny*
           **WHITE & CASE LLP**
           David M. Turetsky
           Samuel P. Hershey
           Joshua D. Weedman
           1221 Avenue of the Americas
           New York, New York 10020
           Telephone: (212) 819-8200
           Facsimile: (212) 354-8113
           Email: david.turetsky@whitecase.com
                  sam.hershey@whitecase.com
                  jweedman@whitecase.com

           – and –

           **WHITE & CASE LLP**
           Michael C. Andolina (admitted *pro hac vice*)
           Gregory F. Pesce (admitted *pro hac vice*)
           Carolyn P. Gurland
           111 South Wacker Drive, Suite 5100
           Chicago, Illinois 60606
           Telephone: (312) 881-5400
           Facsimile: (312) 881-5450
           Email: mandolina@whitecase.com
                  gregory.pesce@whitecase.com
                  carolyn.gurland@whitecase.com

           – and –

           **WHITE & CASE LLP**
           Keith H. Wofford
           Southeast Financial Center
           200 South Biscayne Blvd., Suite 4900
           Miami, Florida 33131
           Telephone: (305) 371-2700
           Facsimile: (305) 358-5744
           Email: kwofford@whitecase.com

           – and –

           **WHITE & CASE LLP**
           Aaron E. Colodny (admitted *pro hac vice*)
           555 South Flower Street, Suite 2700
           Los Angeles, California 90071
           Telephone: (213) 620-7700
           Facsimile: (213) 452-2329
           Email: aaron.colodny@whitecase.com

           *Counsel to the Official Committee of*
           *Unsecured Creditors*

**Exhibit A**

**WHITE & CASE**

# *Celsius Network LLC, et al.*
**Case No. 22-10964-mg**

**Confirmation Closing Argument Demonstrative**

Official Committee of Unsecured Creditors

October 26, 2023

# Significant Resolved Issues

- ✓ **Ownership of Earn Assets**
- ✓ **Treatment of Custody Claims**
- ✓ **Treatment of Withhold Claims**
- ✓ **Preservation of Causes of Action**
- ✓ **Selection of Plan Sponsor**
- ✓ **Settlement of Preferred Equity Issues**
- ✓ **Settlement of Earn & Borrow Issues**
- ✓ **Settlement of Class Claim**

- ✓ **USDOJ, SEC, CFTC, FTC Resolutions**
- ✓ **Deferral of Equitable Subordination**
- ✓ **SEC and State Regulators' Confirmation Issues**
- ✓ **Pharos Plan Objection**

Ubierna EIP Objection

Bronge Borrow Treatment Objection

Phillips Exculpation Objection

CEL Token Settlement Objections

1

# The Court Does Not Have to Determine if CEL Token Is a Security



*Source: Celsius Ex. 47 at 147*

# The CEL Token Settlement Satisfies the Best Interest of Creditors Test



Robert Campagna
*Managing Director*



"[T]he best interests test would exactly be met, where the creditors -- under the plan for the 25 []cent value would receive the same recovery as under a liquidation at different -- at that price point, which is **34 cents** under the orderly winddown and 36 cents under the NewCo scenario."

*Oct. 4, 2023 Hr'g Tr.* at 123:7-24.

3

# The Value of CEL Token on the Petition Date



Max Galka

CEO and Founder

15+ Years of Data Science, Finance, Quantitative Analysis

9+ Years of Trading Financial Instruments

Degree in Finance and Computer Science Engineering from UPenn and Wharton

**THE COURT**: Let me ask this. Do you have an opinion about the value of the CEL token at the petition date?

**MR. GALKA**: I would say that it is de minimis, very close to zero, but I do not have a number that I can put on it.

Oct. 4 Hr'g Tr. 43:24-44:4

4

# Mr. Galka's Testimony Is Undisputed



Max Galka





Hussein Faraj



|  | | Galka | Faraj |
|---|---|---|---|
| The price of CEL Token was manipulated prior to the Pause | ✓ | ¶ 91 (UCC-228) | 86:16-21 |
| The market for CEL Token became severely dislocated after the Pause | ✓ | ¶ 131 (UCC-228) | 69:24-70:4 |
| The market price was not an accurate indication of the value of CEL Token after the Pause | ✓ | ¶ 131 (UCC-228) | 69:24-70:4; 70:13-22 |
| After the Pause, CEL Token had no intrinsic value because it did not have utility | ✓ | ¶ 13;19 (UCC-229) | 71:6-10 |
| On the Petition Date, the only remaining value was speculative | ✓ | ¶ 13 (UCC-229) | 71:11-14 |

Citations to Mr. Faraj's testimony are from the October 17, 2023 Hearing Transcript

5

# Without Utility, CEL Token Is Worthless

**Mr. McCarrick:** What changed between, in your view, why is it worthless after the petition date, but not on the petition date?

**Mr. Davis**: In my mind, after the petition date, you can't use any utilities.

Oct. 16, 2023 Hr'g Tr. at 86:13-17



*CELSIUS Ex. 99*

6

# Without Utility, CEL Token Is Worthless

**Mr. McCarrick:**     Understood, Mr. Davis.  I'm just asking when you say, in my mind after the petition date, you can't use any utilities, that's the reason you called it worthless after the petition date?

**Mr. Davis:**    That was more hyperbole, and that's what I said because you can't use it.  The platform is obviously paused, so you can't take a loan.  You can't get discount interest on loans.

**Mr. McCarrick:**    And that was true on the pause date as well, correct, sir?

**Mr. Davis:**    As of June 13, 2022, no one could use utilities for CEL.

Oct. 16, 2023 Hr'g Tr. at 87:2-13

# The Committee Is Entitled to Exculpation

- "It is settled that exculpatory provisions are proper to protect those authorized by bankruptcy courts to carry out the bankruptcy process, even after the effective date of a plan."

*In re Ditech Holding Corp.*, 2021 Bank. LEXIS 2274, at *25 (Bankr. S.D.N.Y. August 20, 2021)

- "Exculpation provisions are permissible when they are important to a debtor's plan or where the exculpated party has provided substantial consideration to a debtor's reorganization . . . In determining whether to approve exculpation provisions, courts also consider whether the beneficiaries of the exculpation participated in good faith in negotiating the plan and bringing it to fruition, and whether the provision is integral to the plan of reorganization"

- "Courts in the Second Circuit have held that provisions like the exculpation provision set forth . . . in the Plan are appropriate when confined to postpetition activity and explicitly exclude gross negligence and willful misconduct."

*In re Klaynberg,* No. 22-10165 (MG), 2023 Bankr. LEXIS 2055, at *50-51 (Bankr. S.D.N.Y. Aug. 21, 2023) (Glenn, J.)

8

# The Committee Has Participated in Good Faith

The Committee has worked in good faith since its appointment to investigate the Debtors and formulate the Plan.



**NewCo Board Selection Process**



9

# Mr. Robinson's Testimony Regarding the Board Selection Process

"[M]y role as a UCC member was to review applicants, material, CVs, conduct[] interviews. We had discussions with and without our advisors to vote on and to select board members for the NewCo."

    Oct. 3, 2023 Hr'g Tr. 231:11-23.

"Our interview process was questioning each [applicant] on their capabilities and ability to advocate for soon-to-be shareholders, creditors, that they would provide an outside oversight necessary for Fahrenheit and for NewCo to be successful."

    Oct. 3, 2023 Hr'g Tr. 235:24-236:5.

"All connections to potential candidates to the Committee advisors were disclosed and discussed among the Committee members."  UCC Ex. 230 ¶ 7

"While the Committee's advisors participating in [the] meetings, the discussion of each individual's candidacy was largely driven by members of the Committee and the Committee members had many independent discussions regarding the proposed candidates."  UCC Ex. 230 ¶ 8

"Well, in the review of all the materials that each applicant submitted along with their interviews, resumes . . . we had a very deliberative process of speaking with advisors and discussing amongst ourselves which of the creditor candidates were the best qualified."  Oct. 3, 2023 Hr'g Tr. 237:2-13.



Major Mark Robinson

US Army

Chief of Military Justice

Unsecured Creditors' Committee Member

10

# Mr. Robinson's Testimony Regarding the Board Selection Process

"[W]e were trying to . . . balance competing interests. We knew that it was important for creditors to have a voice. And the experience that creditors brought . . . to the new board would be very important for applying oversight to [Fahrenheit]. At the same time, we wanted creditors with previous experience and on public boards and we wanted to balance the necess[ity] for outside professional experience with experience with Celsius . . . . And so balancing those and competing interests, we decided that having two creditors, reserved just for creditors was important, so the creditors still [had] a very important voice in NewCo going forward. And at the same time with the . . . independent board members we selected. All of our, our interview process was questioning each of them on their capabilities and ability to advocate for soon to be shareholders, creditors, that they would provide an outside oversight necessary for Fahrenheit and for NewCo to be successful. We wanted to make NewCo have the best chance at success, and so that's why we kind of just settled on that balance."

Oct. 3, 2023 Hr'g Tr. 235:10-236:5.



Major Mark Robinson

US Army
Chief of Military Justice

Unsecured Creditors' Committee Member

11

# Mr. Phillips' Testimony

**Mr. Weedman:** And you agree with me that you probably would have not filed that objection if you had been selected to the Board, right?

**Mr. Phillips:** Yes.

Oct. 16, 2023 Hr'g Tr. at 118:6-9.