John Ankeney
PO Box 3409
Lynchburg VA 24551

The Honorable Judge Martin Glenn
United States Bankruptcy Court
Southern District of New York
Celsius Network LLC, et al
Case No. 22-10964 MG Jointly Administered

**Re: Motion for Declaratory Judgment Excluding Preferential Withdrawal Exposure Based on Ordinary Business Terms (Pursuant to section 547(c)(2) of the Bankruptcy Code)**

Honorable Judge Glenn:

I, John Ankeney, a pro se creditor, am writing to request formally the Court's consideration of a Motion for Declaratory Judgment in case 22-10964-mg, which is soon to close before this Honorable Court. This motion seeks a declaration that I, John Ankeney, am not subject to a distribution freeze or delay based on preferential withdrawal exposure under the circumstances outlined herein. Additionally, I request, upon granting a declaratory judgement based on said consideration, that I receive my distribution on the timeline defined in the recently approved bankruptcy and reorganization plan.

**I. Case or Controversy:**
I humbly request, Your Honor, that you push past the understandable urge to reply quickly with, "Are you asking me to exclude you from a lawsuit that has not yet been initiated?" I contend, and respectfully ask the court to consider, that the Debtor's action to withhold distributions is prejudicial. My own money (my life savings) is being held back with the presupposition that my withdrawals are preferential. If the Debtors would like to pursue clawbacks AFTER distributing funds according to the recently passed reorganization plan and on time with the approved distribution schedule, then fine, they are free to do that and meet me in court. But to do so preemptively is punitive and prejudicial.

I, John Ankeney, am a creditor involved in a contractual relationship with Celsius LLC et al under a contract dated previous to the bankruptcy filing. The primary issue in contention is whether the withdrawal of my funds from the platform constitutes a preferential withdrawal, as alleged by Celsius and the UCC on the voting ballot.

**II. Ordinary Business Terms**
My assertion, Your Honor, is that my withdrawal between 80 days and 90 days, for the express purposes of paying prior year taxes, falls squarely under 547 (c)(2) terms of ordinary business. Additionally, I will demonstrate with the attached exhibits, that I used holdings in Celsius to routinely, almost monthly, pay for expenses of daily living. I will clearly establish a long-standing pattern of transferring Celsius held USDC to Coinbase, then converting to fiat USD, then transferring to my bank, then paying bills/credits cards/etc.

Furthermore, the large withdrawal in question was explicitly discussed via email with Celsius employees for weeks before the 90-day cutoff. This withdrawal was used for the payment of federal and state taxes - the most ordinary business transaction imaginable. What two things are absolutely and undeniably predictable and, if you will, *ordinary*? Death …. and taxes. This withdrawal, and the established pattern of withdrawals, is consistent with ordinary business terms, practices, and conventions within the industry.

The key arguments in support of this position are as follows:
1. **Customary Business Practices**: You've read pages and pages of excerpts of Alex Mashinsky and Celsius as an organization saying, "This is your crypto; your money; you can take it out whenever you want." I, and others, transacted regularly on this basis. The 90 days prior to bankruptcy were no different. They were - *ordinary*.
2. **Good Faith and Fair Dealings**: I, John Ankeney, have acted in good faith throughout the course of my contract with Celsius. My withdrawals within 90 days are in alignment with the principle of fair dealings and are consistent with the reasonable expectations of the parties involved.
3. **Consistent Precedents**: There is a clearly established history of withdrawals as demonstrated by the exhibits attached to this motion.
4. **Comparative Case**: I ask, in your determination of the merits of this motion, that you consider the recent and similar clawback ruling in the FTX bankruptcy - the court decided the withdrawal preference cutoff to be set at nine (9) days.

## III. Request for Declaratory Judgment
In light of the aforementioned arguments, I, John Ankeney, respectfully request this Honorable Court issue a declaratory judgment declaring with prejudice that my withdrawals from the Celsius platform within 90 days of the bankruptcy filing do not give rise to preferential withdrawal exposure. Furthermore, I respectfully ask to receive the distribution of my funds as described, and on the same timeline, as the recently approved bankruptcy plan.

## IV. Conclusion
I believe that a declaratory judgment is essential to provide clarity and resolution to this matter. It will uphold the principles of ordinary business terms and practices while ensuring a fair and just outcome for all parties involved. It will avoid prejudicial and punitive actions by the UCC and the debtor.

I respectfully request a response to this motion, and I am prepared to provide any additional documentation and evidence to support my position.

Thank you for your consideration and attention, I appreciate it.

I look forward to your ruling.

Sincerely,
John Ankeney

| | |
|---|---|
| Celsius bankruptcy filing date: | July 13, 2022 |
| John Ankeney's Docket 973 withdrawal: | April 19, 2022 (85 days) |
| Withdrawal preference cutoff: | April 14, 2022 (90 days) |
| First email to Celsius requesting withdrawal: | March 2, 2022 (113 days) |
| Consistent pattern of withdrawals (ordinary business): | November 19, 2021 (236 days) |





**Demonstrated pattern of withdrawing USDC from Celsius, transferring to Coinbase (and other non-Celsius wallets) - history back to 11/19/2021:**



**Demonstrated pattern of receiving USDC from Celsius in Coinbase:**



I'm reticent to share USD bank deposits and tax receipts because this filing will enter the public record, but if the Honorable Judge requires this documentation, I will produce it.
Original/Celsius address verification available on request.