David Schneider
*Pro Se*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**AMENDMENT TO PROPOSED FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ADDITIONAL BRIEFING FOR SCHNEIDER'S OBJECTION TO PLAN**

Comes David Schneider, a creditor in the above styled bankruptcy case, *Pro Se*, to submit his *Amendment to Proposed Findings of Fact, Conclusions of Law, And Additional Briefing for Schneider's Objection to Plan*.

Schneider's "*Proposed Findings of Fact, Conclusions of Law, And Additional Briefing for Schneider's Objection to Plan*" was timely filed per the "*Order Establishing Deadlines And Procedures For Closing Arguments*" [Docket Number 3851] as evidenced below but as yet has not appeared on the docket and there is therefore not a Docket Number reference for it yet.

Schneider's "*Objection To Plan Confirmation*" [Doc # 3547] is included herein in its entirety as if all verbiage was written herein.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

# Pro Se Upload Tool for Self-Represented Individuals only

Your receipt number is **1698438740**

Your documents were submitted on Friday, October 27, 2023 at 04:32:20 PM. This is the date and time your document(s), once approved, is to be filed on the Court's electronic filing system.

## I.  Addition To Table of Authorities

*1.* Schneider inadvertently left off a citation and would like to add it to his Table Of Authorities. The specific citation is *U.S. Const. Article 1 Section 10, Clause 1*. Schneider would also like to add three other citation (§ 1129(a)(3), § 1129(a)(7) & § 1129(a)(11)) from herein making said Table to appear as follows:

### TABLE OF AUTHORITIES

U.S.C Title 11 § 1129(a)(3)

U.S.C Title 11 § 1129(a)(7)

U.S.C Title 11 § 1129(a)(11)

U.S. Const. Amendment V

U.S. Const. Amendment XIII Section 1

U.S. Const. Amendment XIV, section 1

U.S. Const. Article 1 Section 10, Clause 1

In re Live Primary, LLC, 2021 WL 772248 (Bankr. S.D.N.Y. Mar. 1, 2021)

In re AutoStyle Plastics, Inc., 269 F.3d 726, 747-48 (6th Cir. 2001)

In re Westpoint Stevens, Inc., 333 B.R. 30 (Bankr. S.D.N.Y. 2005)

Norwest Bank Worthington v. Ahlers, 485 U.S. 197, 108 S.Ct 963, 99 L.Ed2d 169 (1988)

United States v. Sutton, 786 F.2d 1305, 1308 (5th Cir. 1986)

## II.  Location Where To Find Schneider's Admitted Exhibits

2. Schneider would like to note information about his Admitted Exhibits referenced in his *"Proposed Findings Of Fact, Conclusions Of Law, And Additional Briefing For Schneider's Objection To Plan,"* and that are listed in the filing *"Admitted Exhibit List And List Of Exhibits Where Judicial Notice Was Given For The Pro Se Creditors' Case"* [Docket Number 3885].

3. Schneider's Exhibits as presented were admitted into evidence at the October 16th 2023 Confirmation Hearing. See the *"Notice of Filing of Confirmation Hearing Transcripts"* [Docket Number 3881, Pages 1130-1149 of 1289] for the relevant recording of the hearing.

4. Schneider in his *"Proposed Findings Of Fact, Conclusions Of Law, And Additional Briefing For Schneider's Objection To Plan,"* presented and referenced his Admitted Exhibits in likenesses of but not in true to form of the originals.

5. The true form of Schneider's original Admitted Exhibits presented at the Confirmation Hearing can all be found at and are located in Schneider's *"Exhibits In Support of Schneider's Objection to Plan Confirmation,"* [Docket Number 3780].

### III. Additonal Statements Regarding Section X

6. The key take-a-ways in Schneider Exhibit 23a, 23b, 23c, 7, 8, 9 and 10 is that the NewCo Plan abounds with assumptions, high risks and uncertainties and while the Disclosure Statement satisfied Bankruptcy Code it is solely for purposes of soliciting votes for confirmation of NewCo Plan and may not be relied on for any other purpose.

7. The Disclosure Statement cannot be relied upon as being factual, fair, accurate, correct, complete or reliable and it was not prepared for preparation and presentation of prospective financial information.

8. The Disclosure Statement was not prepared as a prospectus for investors or for giving factual information (financial or otherwise) necessary for investors to make an informed decision.

9. Therefore the Disclosure Statement is wholly unfit, improper and inappropriate for Creditors use for purposes of being able to make an informed decision as to whether or not to invest in NewCo.

### IV. Valuation of NewCo Equity and Liklihood of NewCo Failure

10. Debtors are using NAV as the valuation for the common stock (i.e. an equity interest or equity) they will issue to Creditors. [Schneider Exhibit 4, Doc # 3780] [*Declaration of Robert Campagna*, Doc # 3582, Pg 20-21]

11. Regarding the Weighted Distribution Election, by a 6.1 to 1 dollar value ratio Creditors elected crypto over equity across all eligible account holders [Schneider Exhibit 5b, Doc # 3780]. Creditor's favorite pick, i.e. crypto, represents more than 25% of total outstanding unsecured claims. [Schneider Exhibit 4, Doc # 3780].

12. The total calculated dollar amounts of the election of crypto over equity is shown in the following table and comes to $1.1 billion (rounded down) for crypto and $180 million (rounded up) for equity, [Schneider Exhibit 5b, Doc # 3780].

| Toggle Equity | | |
|---|---|---|
| Class 2 | Retail Borrower Deposit Claims | $15,683,669.91 |
| Class 5 | General Earn Claims | $163,851,968.75 |
| Class 7 | Withhold Claims | $153,960.34 |
| | Total | $179,689,599.00 |
| Toggle Crypto | | |
| Class 2 | Retail Borrower Deposit Claims | $148,938,980.87 |
| Class 5 | General Earn Claims | $960,018,704.02 |
| Class 7 | Withhold Claims | $3,173,615.89 |
| | Total | $1,112,131,300.78 |

13. This 6.1 to 1 ratio is effectively a pre market valuation test showing Creditors have an overwhelming lack of confidence in the NewCo common stock value which further shows equity value will most likely be less in the open market than its appraised NAV valuation.

14. And this overwhelming favorite pick was in the face of toggling to crypto costing Creditors an extra 30% premium compared to the 30% discount offered for toggling to equity. [Disclosure Statement 4th revision, Doc # 3332, Pg 67-71 of 830].

15. These facts clearly show that the confidence of the assigned value of NewCo is inferior in value to crypto. Or from another perspective, "This clearly shows that creditors, who are highly educated on NewCo and its potential value, believe that the equity in NewCo is overvalued by at least 30%." [*Declaration of Richard Phillips*, Doc. # 3758, Pg 14].

16. By applying a 30% discount to NewCo Equity (1248 x 70% = 873.6 + 1584 = 2457.6 / 4225 = 58.168%) NewCo Recovery% would decrease to 58.17% and would therefore make the Orderly Wind Down (**OWD**) a better option with its greater recovery of 61.2%.

*17.* By applying a 67.8% discount to NewCo Equity (1248 x 32.2% = 401.85 + 1584 = 1985.856 / 4225 = 47%) would decrease its recovery to 47% effectively making liquidation a greater recovery at 47.4% and therefore NewCo Plan would not meet the best interest test of *U.S.C Title 11 § 1129(a)(7)*

**Schneider Exhibit 3 [Doc # 3780]**

22-10964-mg    Doc 3332    Filed 08/17/23    Entered 08/17/23 12:08:45    Main Document
Pg 29 of 830



(1) Unsecured Claims includes Retail Borrower Post-Set Off Claim, General Earn Claims, Unsecured Loan Claims, General Unsecured Claims and the remaining 85% of Withhold Claims, all of which are eligible for Unsecured Claim Distribution Consideration. The analysis assumes CEL Token Deposit Claims vote in favor of the Plan and receive the treatment associated with the program in which they were deployed. Recovery percentages do not reflect any potential future increase in the value of assets
(2) Under Chapter 7 liquidation, no distributions will be made in Liquid Cryptocurrency. All Liquid Cryptocurrency, illiquid assets and mining assets will be liquidated and distributed in cash to creditors at the end of the Liquidation Period

*18.* Excluding the speculative inferior equity value Chapter 7 liquidation provides a greater recovery of 47.4% over the NewCo Plan recovery of 37.5% [Schneider Exhibit 3, Doc # 3780]

19. Excluding the speculative inferior equity value, Debtors' OWD Backup Plan actually returns the most immediate, greatest and safest superior value recovery to creditors (44%+7.2 = 51.2%) over Fahrenheit NewCo Plan (37.5%). [Schneider Exhibit 3, Doc # 3780]

**Debtor's Plan is Proposed in Bad Faith**

20. Celsius management has heavily structured the Plan with death traps to coerce votes in favor of the Plan which speaks volumes to the Debtors' bad faith and their lack of care for Creditors' interest. No coercion is necessary if the Plan is actually in best interest of creditors, for creditors would vote to accept it.

21. Specifically:  a). Convenience Class is offered 70% recovery solely in crypto whereas all other classes are not except for the Custody Class;  b) Creditors with Withdrawal Preference Exposure under $100,000 are released from Avoidance Actions **only if they vote in favor of the Plan**;  c) Creditors with Withdrawal Preference Exposure of more than $100,000 who pay back 27.5% of their Withdrawal Preference Exposure are released from Avoidance Actions **only if they vote in favor of the Plan**;  d) The Weighted Distribution Election is available **only to creditors who vote in favor of the plan**;  e) The Convenience Claim Election is available **only to creditors who vote in favor of the plan**;  f) The Custody Settlement is available **only to Custody Claims that vote in favor of the plan**;  g) The Withhold Settlement (Treatment A) is available to Withhold Claims **only if their Class accepts the plan**;  h) Except for Custody and Retail Borrower Deposit Claims those who want to make the Convenience Claim Election **must vote to accept the Plan**;  i) Classes 2 (Retail Borrower Deposit Claims), 5 (General Earn) & 7 (Withhold) who make the

7

Convenience Class Election **are automatically counted as a vote to accept the plan**. [*Disclosure Statement, 4th Revision*, Doc # 3332, generally throughout entirety]

22. But the most egregious death trap showing Debtor's bad faith and therefore showing Debtor fails to meet the requirements of *U.S.C Title 11 § 1129(a)(3)* is Debtor's debt for equity scheme which forces Creditors to become investors against their volition. While Schneider cannot show that this plan was proposed by any means forbidden by law he has shown on 4 different levels (contractually, constitutionally, statutorily and common law) that this obnoxious scheme is forbidden by law.

## Conclusion

23. NewCo common stock value is untested in the markets and therefore its true value is an unknown until market tested. Furthermore NAV value is rarely if ever a true valuation of issued stock.  And given that NewCo Plan abounds with assumptions, high risks and uncertainties and with NewCo coming out of the gate with a high lack of confidence among Creditors, NewCo stock value is likely to go to zero or close to it in short order.  And for the same reasons NewCo Plan is likely to be followed by liquidation or further financial reorganization and therefore does not meet *U.S.C Title 11 § 1129(a)(11)*.

24. Based on Schneider's finding of facts and conclusions of law the existing NewCo Plan is illegal given its forced equity for debt scheme.

25. Debtor has failed to show good cause why Creditors should be forced into investing in NewCo and be forced to risk suffering a high potential of harm therefrom.  Debtor has also failed to show any legal authority to force Creditors to become investors in NewCo.

*26.* Apart from legal considerations Creditors shouldn't even be forced into taking on such high risk only to lose considerably more value than the vast amount they already have. Forced investing is highly inappropriate on this reasoning alone.

*27.* Forcing Creditors back into a high risk company that will use assets obligated to Creditors to fund the operations of NewCo is exactly the same thing that got Creditors into this mess in the first place with Debtor previously using assets obligated to Creditors for the funding of Celsius' operations.

*28.* Furthermore to force high risk onto Creditors who were already victimized by a high risk company and have been suffering high anguish throughout this whole ordeal simply doubles down on that PTSD.

*29.* Given Schneider's finding of facts, conclusions of law and additional briefing as well as showing that the OWD gives the most immediate, greatest and safest superior value recovery to creditors the Court should mandate a toggle to OWD along with mandating that Creditors are given option to opt out of any stock offerings.

*30.* In the alternative, though Schneider finds it incomprehensible, if this Court finds grounds to confirm NewCo Plan, Schneider requests of this Court to place an order to allow Schneider to take advantage of the Weighted Distribution Election so that he can elect to exchange his equity offering for crypto. Since Schneider voted no and rejected the Plan he is barred from that election. [*Disclosure Statement, 4th Revision*, Doc # 3332; Pg. 67 of 830, Para. 6]

Schneider again affirmatively reserves all of his rights.

Respectfully Submitted,

/s/ David Schneider
David Schneider
*Pro Se*
September 29, 2023