

**David Adler**
Partner

T. 212-609-6847
F. 212-645-1025

dadler@mccarter.com

McCarter & English, LLP

Worldwide Plaza
825 Eighth Avenue
31st Floor
New York, NY 10019-7475

www.mccarter.com

October 31, 2023

**VIA ECF**

The Honorable Martin Glenn
Chief Bankruptcy Judge
United States Bankruptcy Court for the Southern District of New York
One Bowling Green New York, NY 10004-1415
mg.chambers@nysb.uscourts.gov

**Re:    In re Celsius Networks, LLC, Case No. 22-10964 (MG)
Proposed Confirmation Order ECF Doc. # 3937**

Dear Chief Judge Glenn:

McCarter & English, LLP is counsel to the Ad Hoc Retail Group of Borrowers (the "**Ad Hoc Borrowers**").  Please accept this letter in lieu of a more formal submission as the Ad Hoc Borrowers' Response to the Court's request on October 30, 2023 that it submit language with respect to paragraph 269 of the proposed confirmation order filed on October 30, 2023 (the "**Proposed Confirmation Order**"; ECF Doc.#3937).

At the Court may recall, there was a colloquy at yesterday's closing arguments concerning whether the Court needed to decide the ownership issue of the collateral of the Retail Borrowers.  During the course of that colloquy, Mr. Koenig stated that Paragraph 269 was required in order to demonstrate that the Plan satisfies the "best interests" test under Section 1129(a)(7) as to those borrowers who did not vote to accept the Plan.  The Court thereafter directed the Ad Hoc Borrowers to submit any suggested changes to Paragraph 269 by October 31, 2023.

After yesterday's hearing, the Ad Hoc Borrowers and the Debtors conferred and have reached an agreement on revised language for Paragraph 269 (should the Court enter the confirmation order).  The revised paragraph now reads as follows:

> 269.  **Loan Collateral**.  Pursuant to the applicable Loan T&Cs, including versions 7, 8, and 9 of the Loan T&Cs and version 1 of the SAR T&C, which explicitly incorporated the General Terms of Use by reference, those account holders who did not vote to accept the Plan transferred ownership and control of their Cryptocurrency used to secure loans in the Debtors' Borrow Program to the Debtors.  Accordingly, with respect to those account holders who did not vote to accept the Plan, such Cryptocurrency held by the Debtors as of the Petition Date as collateral with respect to their loan obligations under the Debtors' Borrow Program constitutes property of the Debtors' estates pursuant to section 541 of the Bankruptcy Code.[1]

---

[1] For clarity, the language in blue reflects the Debtors' changes from its earlier confirmation order (ECF Doc. # 3867) and the changes in red reflect the agreed changes of the Debtors and the Ad Hoc Borrowers.

ME1 45235441v.1

Chief Judge Martin Glenn
Page 2
October 31, 2023

We thank the Court for its consideration of this matter.

Respectfully submitted,

/s/ *David J. Adler*
David J. Adler

cc: Christopher Koenig, Esq. – via email
    Aaron Colodny, Esq. – via email
    Shara Cornell, Esq. – via email
    All other Parties – via ECF

ME1 45235441v.1