Johan Bronge
*Pro se creditor*
01 November 2023

# United States Bankruptcy Court Southern District of New York Re: Chapter 11 Case No. [22-10964 (MG)

Alternative Proposed Confirmation Order ECF Doc. # 3937

Your Honor,

Thank you for allowing me to speak at the closing argument hearing. As I was not able to adequately demonstrate the truth of my arguments in the short 10 minutes available, I tried to impress the importance of carefully reading my filing on docket 3908. So far, none of my arguments have properly been addressed nor countered. In light of this and since I am absolutely convinced I am right in my interpretation of the Loan Agreement version 7 in combination with General TOS version 5, ( and also the arguments for version 9 with General TOS version 7) I urge Your Honor to rule in my favor.

In order to facilitate an in my view contractual correct ruling without damaging the confirmation of the Plan, I here suggest this alternative language for paragraph 269 of the Proposed Confirmation Order;

269. Loan Collateral. Pursuant to the applicable Loan T&Cs, including versions 7, 8, and 9 of the Loan T&Cs, and version 1 of the SAR T&C, which explicitly incorporated the General Terms of Use version 5 and 7 by reference, those account holders who did not vote to accept the Plan, did not transfer ownership, but only varying degree of control of their Cryptocurrency used to secure loans in

the Debtors' Borrow Program to the Debtors. Accordingly, with respect to those account holders who did not vote to accept the Plan, such Cryptocurrency held by the Debtors as of the Petition Date as collateral with respect to their loan obligations under the Debtors' Borrow Program constitutes property of those Borrowers who did not accept the Plan, pursuant to section 541 of the Bankruptcy Code.

As the Borrower who accepted the plan already have agreed to the treatment under the Plan, the ownership status for them is irrelevant and need not be determined. This way would be more aligned with reality and also ensure justice and uphold the contractual obligations for dissenting Borrowers.

Your Honor, I believe my arguments in filing 3908 are unassailable. If Your Honor rule against me, I humbly request that Your Honor properly and explicitly address them in your ruling so I can understand how I have misinterpreted the relevant agreements.

Sincerely

Johan bronge

Pro Se