**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF NEW YORK**

_____

| | |
|---|---|
| In re: | ) |
| **CELSIUS NETWORK LLC,** *et al.,* | ) Chapter 11 |
| Debtors. | ) Case No. 22-10964 (MG) |
| | ) (Jointly Administered) |

_____)

# INTERLOCUTORY MOTION FOR PERMISSION TO APPEAL

On October 20, 2023, I, Otis Davis, filed a Motion at [Docket 3866](Docket 3866) titled "(1) ALLOW RIGHTS OF CREDITOR IN EXAMINATION OF TWO EXPERT WITNESSES;

(2) FOR RIGHT TO EXAMINE A FORMER WHITE & CASE ASSOCIATE AND NOW LAW CLERK OF YOUR HONOR NAMED CATHY SHU;

(3) FOR RIGHT TO EXAMINE WHITE & CASE PARTNER GREGORY F. PESCE WITH REFERENCE TO THE TENTH DECLARATION OF GREGORY F. PESCE IN SUPPORT OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' APPLICATION FOR ENTRY OF AN ORDER

AUTHORIZING THE EMPLOYMENT AND RETENTION OF WHITE & CASE LLP AS COUNSEL EFFECTIVE AS OF JULY 29, 2022;

(4) FOR A HEARING WITH REFERENCE TO THE REQUESTED RELIEF OF WHITE & CASE LLP TO MAKE THE DETERMINATION AS TO WHETHER WHITE & CASE LLP SHOULD BE ALLOWED TO CONTINUE AS COMMITTEE COUNSEL IN THIS CASE;

(5) IN THE ALTERNATIVE FOR RECUSAL OF YOUR HONOR IN THIS MATTER.

Otis Davis, a creditor in this matter, moves this court on a date and time to be set by this court for a motion for the following relief:

(1) Allow rights of creditor in examination of two expert witnesses;

(2) For right to examine a former White & Case associate and now law clerk of your Honor named Cathy Shu;

(3) For right to examine White & Case partner Gregory F. Pesce with reference to the TENTH DECLARATION OF GREGORY F. PESCE IN SUPPORT OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF WHITE & CASE LLP AS COUNSEL EFFECTIVE AS OF JULY 29, 2022;

(4) For a hearing with reference to the requested relief of WHITE & CASE LLP as to whether they should be allowed to continue as Committee counsel in this case;

(5) In the alternative for recusal of your Honor in this matter to assure fairness and an unbiased hearing without the appearance of or actual undue influence nor impropriety."

Your Honor entered an Order at [Docket 3891](Docket 3891) denying my Motion on October 24, 2023 titled "Order Denying Motion of Creditor Otis Davis." In that Order, the Court wrote, quote: "The Court finds and concludes that the Motion is frivolous and without legal or factual foundation."

I'm asking this Court for permission to allow me to file an interlocutory appeal with respect to that Order denying my Motion at [Docket 3866](Docket 3866), as I sincerely believe the decision rendered by your Honor has merit and is central to all matters currently before this Court, as it calls into question the legitimacy of any and all findings that the Court may make.

To restate one of the key issues which will be heard on appeal, and that was stated in my Motion at Docket 3866:  As this court and the general public is now and aforementioned keenly aware, a member of the law firm of White & Case, the counsel for the Debtors, has started to work for your Honor mid case.  That law clerk's name is Cathy Shu.  On September 28, 2023, Gregory F. Pesce filed at Docket 3625 the TENTH DECLARATION OF GREGORY F. PESCE IN SUPPORT OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF WHITE & CASE LLP AS COUNSEL EFFECTIVE AS OF JULY 29, 2022.  Mr. Pesce wrote at Docket 3625, page 3 of 4, as follows, quote:

**"Connection to Former Associate**

"6. Cathy Shu is a former associate of White & Case, who was previously employed with the Firm from December 23, 2021 through September 8, 2023.  After Ms. Shu left employment with the Firm, and on or about September 27, 2023, White & Case was informed by the Court's staff, in connection with preparations for the commencement of the confirmation hearing, that Ms. Shu will be joining the chambers of the Honorable Martin Glenn as a law clerk.  White & Case has reviewed its files and has confirmed that Ms. Shu did not work on White & Case's representation of the Committee in these chapter 11 cases.  I do not believe that White & Case's connection to Ms. Shu precludes

White & Case from meeting the standard for the retention of Committee counsel under the Bankruptcy Code," unquote.

Your Honor considers my motion "frivolous," but what I'm saying is the truth, and I don't see how the truth can be "frivolous." Greg Pesce of White & Case filed at [Docket 3625](Docket 3625) the **TENTH DECLARATION OF GREGORY F. PESCE IN SUPPORT OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF WHITE & CASE LLP AS COUNSEL EFFECTIVE AS OF JULY 29, 2022**; he subsequently appeared before your Honor, asking permission for White & Case to continue to remain Committee counsel. Greg Pesce knew that the former employee at White & Case, who is now a law clerk in your Honor's chambers, whose name is Cathy Shu, presented a blatant conflict of interest and at the very least constitutes evidence of an impropriety that is more than enough to have the Court dismiss White & Case as Committee counsel and your Honor recuse himself from this matter. Gregory Pesce's Declaration at [Docket 3625](Docket 3625) reflects that concern clearly.

I believe that on Appeal the Appellate Court will NOT view that as "frivolous" in any way, shape or form, and I found it astounding that your Honor would call my motion "frivolous."

I am a pro se creditor and I'm doing the best that I can with limited resources. I feel that I have been denied my rights and have been bullied by this court in addition to being singled out and demeaned because I am Jamaican. It is offensive and unprofessional for this court to write in an Order, quote: "*Pro se* creditor Otis Davis, who apparently lives on the island of Jamaica…"

In closing, the relief sought is that I'm asking this Court to allow me to file an interlocutory appeal of my Motion at [Docket 3866](Docket 3866).

Thank you.

Respectfully Signed,

Otis Davis, *Pro Se*

11/08/2023

/s/Otis Davis