UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>CELSIUS NETWORK LLC, et al.,<br><br>Debtors. | Case No. 22-10964 (MG) |

**ORDER DENYING DIMITRY KIRSANOV'S MOTION TO CONVERT CHAPTER 11 CASE TO LIQUIDATION PROCEEDING UNDER CHAPTER 7**

On November 1, 2023 Dimitry Kirsanov filed an untimely *Motion of Conversion of Bankruptcy to Chapter 7 Pursuant to U.S. Code § 1112* ("Conversion Motion," ECF Doc. # 3956.) On November 7, 2023, Mr. Kirsanov also filed a letter reiterating his balloting concerns, which he had raised in the Conversion Motion ("Balloting Letter," ECF Doc. # 3967). On November 9, 2023, the Court entered the *Findings of Fact, Conclusions of Law, and Order Confirming the Modified Joint Chapter 11 Plan of Celsius Network LLC and its Debtor Affiliates* (the "Confirmation Order,[1]" ECF Doc. # 3972).

Mr. Kirsanov argued for conversion on the grounds that (1) he is "a dissenting creditor [who] has voted to reject the plan" and there has been a "misrepresentation on how [he] voted," an objection which he sets forth in more detail in the Balloting Letter; (2) the Plan "proposes to devalue [his] petition day CEL Custody Claim by $419,552;" and (3) that "[p]etition day values have risen across most classes, which [he] believes would increase overall creditor recovery under a Chapter 7." (Conversion Motion at 2.)

---

[1] All terms not otherwise defined herein have the definitions set forth in the Confirmation Order.

Because the Confirmation Order has been entered, Mr. Kirsanov's Motion is moot. For the avoidance of doubt, however, the Court concludes that Mr. Kirsanov's objections are without merit, and for the reasons explained below, are **OVERRULED**.

*First*, Mr. Kirsanov accepted the Custody Settlement and withdrew his eligible CEL Tokens pursuant to the terms of the Custody Settlement. ("Debtors' Supplemental Memo," ECF Doc. 3864 ¶ 7.) The terms of the Custody Settlement provided that "Each Settling Custody Account Holder must vote all of his or her Allowed Custody Claims to accept the Plan." (Custody Settlement Term Sheet at 4.) His attempt to reject the plan with respect to his Custody Claims was thus ineffective and deemed as an acceptance.

*Second*, this Court has approved the CEL Settlement, which values each CEL Token at $0.25, as fair and reasonable. (*See* "Celsius Opinion," ECF Doc. # 3974.) Accordingly, Mr. Kirsanov's CEL Claim has not been "devalued."

*Third*, the "petition day values" are just that – values *as of* the Petition Date. Whether or not the price of those assets (in this case, cryptocurrency) has risen, creditors' Claims are for their share of the Debtors' Estates valued as of the Petition Date.

**NOW, THEREFORE, IT IS HEREBY ORDERED**:

That the Conversion Motion is **DENIED**.

**IT IS SO ORDERED.**

Dated:  November 9, 2023
        New York, New York

                                         /s/ Martin Glenn
                                        MARTIN GLENN
                                Chief United States Bankruptcy Judge