Johan Bronge and Tom Anusic

*Pro se creditors*

16 November 2023

## Motion for clarification of collateral ownership, conversion rates and Earn subordination in Celsius case 22-10964 (MG)

Your Honor, we request the Court to explicitly clarify and explain how evidence and points listed below (1-7) have been taken into account and considered in the Court Order confirming the joint CH11 plan (EFC#3972).

In the following court filings from Debtor's counsel, Memorandum of Law (EFC#3864), Conclusion of Law (EFC#3867) as well as in Court Hearing Transcript from the closing arguments and in Your Findings of Fact, Conclusions of Law and Order confirming the joint CH11 plan (EFC#3972), there are inconsistencies, mis-referencing, ignoring of evidence and failure to address arguments pertaining to ownership of collateral for creditors voting no to the plan (under Loan Agreement 7 with General TOS 5 and Loan Agreement 9 with General TOS 7), for conversion rates used and for the non-subordination of Earn accounts. These issues have created confusion, ambiguity and altered meaning and interpretation of and between different versions of Loan Agreement and General TOS. Despite Mr. Bronge has extensively and meticulously laid out the omissions, misrepresentations and mis-reference in the above filings in his filing EFC#3908, these points and evidence have consistently been ignored by the Debtor's counsel. We have contacted the Debtor's counsel directly but they are not interested to discuss the evidence and points raised. The main evidence not being considered or addressed are listed below;

1. Kirkland & Ellis and the Court have not addressed or ignored: Why the exact language the Court in the *Earn ruling, page 38-39* explicitly states **does not** transfer ownership title, now for the Loan Agreement vs 7 suddenly does. (*see*

ECF#3908 chapter 1 and chapter 2, point 16 and 21)

2. Kirkland & Ellis and the Court have not addressed or ignored: Why the last sentence in *General TOS vs 5 clause 4. Nature of e-Services – B. Loans* has been omitted and ignored? This sentence reads: "**In each case the matters expressed above shall be set out in the Loan Agreement and nothing in this clause 4B shall be taken to modify, supplement or otherwise impact the Loan Agreement between you and CNL.**" ( see EFC#3908 chapter 2, point 17)

3. Kirkland & Ellis and the Court have not addressed or ignored: Why language from General TOS version 8 that is significantly different from version 7 is relied on? Version 8 is not applicable to our loans and Version 7 **does not** include collateral or loans in *Clause 13. Consent to Celsius' Use of Digital Assets.* (see EFC# 3908 chapter 2, point 18)

4. Kirkland & Ellis and the Court have not addressed or ignored: Why the language, continuously used in Loan Agreements that supports that no transfer of ownership title has taken place is ignored. (see EFC#3908 chapter 2, point 23)

5. Kirkland & Ellis and the Court have not addressed or ignored: Why extrinsic evidence is not used in those instances where there is ambiguity in the agreements. (version 9 of Loan Agreement with version 7 of General TOS, see EFC#3908 point 23)

6. Kirkland & Ellis and the Court have not addressed or ignored: Why the clause *Conversion rates* in Loan Agreement version 7 and 9, which explicitly states that market prices shall be used in any conversion of digital assets and fiat currency, have been ignored. (see EFC# 3908 chapter 3)

7. Kirkland & Ellis and the Court have not addressed or ignored: Why Earn accounts should not be subordinated as they are deemed securities by several Governmental State and Federal regulators? (see EFC# 3908 chapter 3)

Your Honor, it is unfair and unacceptable that specific points and evidence supporting our arguments are not addressed. We urge the Court request the Debtor's counsel to specifically and explicitly address and clarify each of these points and evidence as they relate to the conclusion that collateral is property of the estate and not of the borrowers under Loan Agreements version 7 and 9 in combination with General TOS version 5 an 7 respectively. Additionally, the reasons

for non use of market rates for collateral conversion and the non subordination of Earn accounts also need detailed clarification.

We reserve all rights in relation to the above issues.

Respectfully

Johan Bronge

Tom Anusic