Vincent T. Goetten
*Pro Se Creditor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

)
In re: ) Chapter 11
)
CELSIUS NETWORK LLC, *et al.,*[1] ) Case No. 22-10964 (MG) )
Debtors. ) (Jointly Administered)
)

The Honorable Martin Glenn
Chief Bankruptcy Judge
United States Bankruptcy Court for the Southern District of New York
Alexander Hamilton U.S. Custom House
One Bowling Green New York, NY 10004

# **OBJECTION OF VINCENT GOETTEN TO THE JOINT MOTION OF THE DEBTORS AND THE COMMITTEE FOR ENTRY OF AN ORDER APPROVING THE IMPLEMENTATION OF THE MININGCO TRANSACTION AND GRANTING RELATED RELIEF**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

Dear Chief Judge Glenn,

Vincent Goetten, a Pro Se Creditor in the above-captioned case (the "Creditor"), hereby objects to the Joint Motion of the Debtors and the Committee for Entry of an Order Approving the Implementation of the MiningCo Transaction and Granting Related Relief (the "Motion") filed by Celsius Network LLC and its affiliated debtors (collectively, the "Debtors"). The grounds for this Objection are as follows:

## I. INTRODUCTION

This Objection is filed pursuant to the Federal Rules of Bankruptcy Procedure and the United States Bankruptcy Code. The Creditor is concerned with preserving equitable treatment in the bankruptcy process, especially for small investors and unsecured creditors.

## II. BACKGROUND

The Debtors' Motion represents a significant shift in business strategy, deviating from the Original Plan approved by the creditors, which proposed a structured reorganization under the NewCo Transaction. This deviation raises substantial concerns for the Creditor and other stakeholders.

## III. LEGAL ARGUMENTS

**A. Failure to Secure Necessary Approvals:**
As highlighted in the restructuring plan document, the NewCo Transaction's success hinged on obtaining regulatory approvals, including from the SEC (Section "Regulatory Approvals May Not Be Granted"). The failure to secure these approvals necessitates considering the alternative course of action as outlined in the Original Plan.

**B. Conflict of Interest Concerns:**
There is a troubling potential conflict of interest concerning certain members of the Unsecured Creditors Committee, as they have been promised NewCo Common Stock, which could compromise the equitable treatment of all creditors (Section 102 of the plan).

**C. Need for Immediate Action:**
In light of the significant issues, including the failure to obtain necessary SEC approvals and potential conflicts of interest among committee members, an immediate commencement of the orderly wind-down process is crucial for upholding the rights and interests of all creditors.

**D. Evidence from the Restructuring Plan Document Regarding Orderly Wind Down:**

The restructuring plan explicitly states that in the event of failure to obtain necessary approvals, the Debtors will pivot to an orderly wind-down. This provision was voted on by the creditors, including the Pro Se Creditor, as a viable alternative should the NewCo Transaction fail (Specific plan statement reference).

**E. Compliance with Bankruptcy Code:**

Under 11 U.S.C. § 1129(a), a plan must ensure fair and equitable treatment of creditors. The Debtors' failure to obtain SEC approval and the disclosed conflicts of interest violate these fundamental principles. Furthermore, 11 U.S.C. § 1129(a)(7) mandates that each creditor receive at least as much as they would under a Chapter 7 liquidation, reinforcing the necessity of an orderly wind-down.

**IV. RELIEF REQUESTED**

Therefore, the Creditor respectfully requests that the Court deny the Debtors' Motion for the MiningCo Transaction and instead direct the immediate implementation of an orderly wind-down as envisioned in the Original Plan and in line with the requirements of the U.S. Bankruptcy Code. This approach ensures a more equitable and less risky resolution for all parties involved, especially small investors and unsecured creditors.

Respectfully submitted,

Vincent T. Goetten

/S/Vincent T. Goetten