Daniel A. Frishberg

*Pro Se*

DanielFrishbergDiscovery@gmail.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CELSIUS NETWORK LLC, *et al.,* | ) | Case No. 22-10964 (MG) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) | Civil Appeal Number 23-cv-10368 |

# NOTICE OF FILING OF DANIEL A. FRISHBERG'S MOTION TO STRIKE ITEMS FROM THE RECORD ON APPEAL

**PLEASE TAKE NOTICE** that Daniel A. Frishberg ("Mr. Frishberg") respectfully moves in the United States Bankruptcy Court for the Southern District of New York, on a date and time to be determined by the Court, for an order dismissing striking items from the record on appeal.

Daniel Frishberg, *Pro Se*

December 5, 2023

/s/*Daniel A. Frishberg*

Pg 2 of 7

Daniel A. Frishberg

*Pro Se*

DanielFrishbergDiscovery@gmail.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*, | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | Civil Appeal Number 23-cv-10368 |

### DANIEL A. FRISHBERG'S MOTION TO STRIKE ITEMS FROM THE RECORD ON APPEAL

Daniel A. Frishberg ("Mr. Frishberg") hereby files this motion to strike (the "Motion") the proposed record in Civil Case 23-cv-10368 (the "Appeal"). In support of his Motion, Mr. Frishberg states as follows:

### Preliminary Statement

Mr. Bronge has filed a frivolous appeal, seeking to *literally rewrite* the already Confirmed Chapter 11 Plan to suit his needs. The estate should not be forced to waste precious resources, and potentially delay our emergence from bankruptcy due to his meritless actions. The record should be stricken for the reasons mentioned below.

### ***Pro Se* Relief**

I respectfully request *pro se* relief, as I am clearly not an attorney, and do not have the same skills, knowledge (or time) that an attorney has. I will always do my best to follow all of the rules, both the Federal and Local rules. I did not go into too much detail since I believe that the facts speak for themselves, and this is a clear cut case.

**Argument**

Mr. Bronge is failing to understand the realities of the case. Earn cannot and will not be subordinated. If Mr. Bronge wanted Earn to be subordinated, he should have said something earlier. Mr. Bronge is attempting to create a record where one does not exist. Mr. Bronge has attempted to upend the entire case at the tail end of the Bankruptcy. While he has every right to participate in the case, and represent himself, he does not have the ability, or basis to subordinate an entire class of creditors at this time. Mr. Bronge is also attempting to enter documents into the record on appeal that were not entered into evidence during the confirmation hearings, including documents which yet were not in existence.

Mr. Bronge attempted to make the argument that Borrow claims should take priority over earn claims since the Earn account holders purportedly *knowingly* took a higher risk that is false. If anything Borrowers knowingly took a higher risk, since the risk of their loans being liquidated always existed.

Mr. Bronge is attempting to add numerous filings to the record on appeal which as case law is crystal clear, cannot be added. *See In re Bear Stearns High-Grade Structured Credit Strategies Master Fund, Ltd.*, 389 B.R. 325, 339 (S.D.N.Y. 2008) ("[I]f an item was not considered by the court, it should be stricken from the record on appeal." *In re Ames Dep't Stores, Inc.*, 320 B.R. 518, 521 (Bankr. S.D.N.Y. 2005)); *In re Burgess*, No. 19-20092, 2020 WL 6840784 at *2 (Bankr. D. Me. Oct. 6, 2020) (striking from the appellant's designation of record items that were filed after the appealed order had been entered).

Mr. Bronge is requesting to add "393, 902, 1822, 1956, 2001, 3154, 3511, 3609, 3641, 3649, 3864, 3867, 3972, 3974, 3999, 4009 and all documents referenced in the these flings" to the record on appeal. There are quite a few issues with this argument (and I am sure that the Debtors/UCC will address them in due course), chief among them that several of the specifically named items were not in existence at the time of the order confirming the bankruptcy plan. *See In re Bear Stearns High-Grade Structured Credit Strategies Master Fund, Ltd.*, 389 B.R. 325, 339 (S.D.N.Y. 2008) ("[I]f an item was not considered by the court, it should be stricken from the record on appeal." *In re Ames Dep't Stores, Inc.*, 320 B.R. 518, 521 (Bankr. S.D.N.Y. 2005)); *In re Burgess*, No. 19-20092, 2020 WL 6840784 at *2 (Bankr. D. Me. Oct. 6, 2020) (striking from the appellant's designation of record items that were filed after the appealed order had been entered). Mr. Bronge is also leaving a *extremely* high degree of ambiguity in what specifically "all documents" refers to. Does it include every single document referenced within the Order confirming the plan? Does it include every single document referenced in every single document he is attempting into evidence? Mr. Bronge must specific this, and it must be specified before anything is transmitted to the District Court. Numerous items Bronge is attempting to enter into

the record on appeal were not entered into evidence during the confirmation hearings, and as such they cannot be entered now.

While this likely is not an issue for this Court, it is important to note that the entire appeal seems to be an attempt to subordinate Earn, and to take priority over everyone else. Numerous of his requested relief are not a matter that can be addressed in this appeal (to the best of my knowledge), as it would require rewriting the Plan, such as Bronge's request to: "[o]rder Earn accounts subordinated, in the plan or not, so that any collateral claims will be flled [sic¹] in full before Earn claims". D.R 2001 should be stricken from the record since it is not relevant, as the Adversary Proceeding will be withdrawn with prejudice once the plan goes effective.

### REQUESTED RELIEF

1. The record on appeal having items stricken.
2. Whatever other relief This Court deems appropriate.

## Conclusion

This is an open and shut case, and the case law on this matter is clear as day, an appellate court (usually) cannot review information that the trial court did not. For the aforementioned reasons, this Motion should be **GRANTED**. I also reserve literally all rights, including the right

---

¹ This could be a copy and paste error, but even if it is not, it is unclear what "filled" entails. Perhaps he means fulfilled?

to file a Motion To Dismiss in the District Court, or a Motion To Strike the record on appeal in the District Court.

Respectfully submitted,

Daniel Frishberg, *Pro Se*
December 5, 2023
/s/*Daniel A. Frishberg*
Broward County, Florida

*[Rest of page intentionally left blank]*

**CERTIFICATE OF SERVICE**

I certify that on Tuesday, December 5th, 2023, a true and correct copy of the *Notice of Daniel A. Frishberg's Motion To Strike Items From The Record On Appeal* was served upon counsel to the parties to the appeal, and the Bankruptcy Court's Core/2002 Service list. I also certify that I requested Stretto to serve this filing to Mr. Bronge, since I do not have his email address to do it myself.

Daniel Frishberg, *Pro Se*
December 5, 2023
/s/*Daniel A. Frishberg*

*[Rest of page intentionally left blank]*