| | |
|---|---|
| OFFIT KURMAN, P.A.<br>Jason A. Nagi<br>590 Madison Avenue, 6th Floor<br>New York, NY 10022<br>Telephone: (212) 545-1900<br>Jason.nagi@offitkurman.com | OFFIT KURMAN, P.A.<br>Joyce A. Kuhns (*pro hac vice*)<br>1954 Greenspring Drive, Suite 605<br>Timonium, Maryland 21093<br>Telephone: (410) 209-6463<br>Jkuhns@offitkurman.com |

*Counsel to Ad Hoc Group of Earn Account Holders*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------X
In re:                                                                                          :         Chapter 11
                                                                                                    :
**CELSIUS NETWORK LLC, et al.**[1]                                          :         Case No. 22-10964 (MG)
                                                                                                    :
                                                                                                    :         Jointly Administered
                                            Debtor                                        :
                                                                                                    :
------------------------------------------------------------------------X

**AD HOC GROUP OF EARN ACCOUNT HOLDERS' STATEMENT OF POSITION**
**IN SUPPORT OF EXIT AND RESERVATION OF RIGHTS**
**REGARDING JOINT MOTION OF THE DEBTORS AND THE COMMITTEE FOR**
**ENTRY OF AN ORDER (i) APPROVING THE IMPLEMENTATION OF THE**
**MININGCO TRANSACTION; AND (ii) GRANTING RELATED RELIEF**

The Ad Hoc Group of Earn Account Holders (the "**Ad Hoc Earn Group**"), by and through its counsel, Offit Kurman, PA, files this Statement of Position in Support of Exit and Reservation of Rights (the "**Statement of Position**") Regarding Joint Motion of the Debtors and the Committee for Entry of an Order (i) Approving the Implementation of the MiningCo Transaction; and (ii) Granting Related Relief (the "**Joint Motion**") and, in support, states as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business is 121 River Street, PH05, Hoboken, New Jersey 07030.

**Statement of Position in Support of Exit**

1.      Since its inception, the Ad Hoc Earn Group has consistently and unequivocally advocated for the best creditor recovery possible, including the highest conceivable return of liquid cryptocurrency to account holders, and the quickest exit from these Chapter 11 Cases[2] to cut off the exorbitant administrative expense burn. Those objectives appeared achievable by mid-January 2024 at the conclusion of the confirmation hearing on October 30, 2023, and on entry of the Confirmation Order on November 9, 2023 [ECF No. 3972].

2.      Upon information and belief, mere hours after the Confirmation Order entered, the Debtors and the Committee were advised that the SEC would not approve the pre-clearance letter for the NewCo Transaction but would not require pre-clearance for the registration of a mining company-only entity. Although the SEC had been strongly encouraged by the Court, the Debtors and the Committee to conclude its months-long deliberation over the NewCo Transaction as quickly as possible, it failed to do so (or to give any advance on its position) until after entry of the Confirmation Order. This failure to act more promptly has put creditors—the victims of a massive fraud—at unnecessary risk of delays in distributions, to their detriment. All parties in interest recognize that the crypto world is volatile and fluid and creditors remain subject to that volatility until distributions are completed. The Ad Hoc Earn Group continues to advocate for the speediest exit possible.

3.      As required by the Plan Support Agreement executed by the Debtors, the Committee and the Ad Hoc Earn Group, among others [ECF No. 3516], counsel for the Debtors and Committee consulted with counsel for the Ad Hoc Earn Group promptly after the SEC's determination and before issuance of the Press Release regarding that determination [ECF No.

---

[2] Capitalized terms not defined in this Statement of Position shall have the meaning assigned to them in the Joint Motion.

4017]. They discussed, among other things, the pivot to the toggle and the obligation to further market-test the MiningCo fees and management structure. *See* Exhibit A to Confirmation Order, Plan at pp. 47-48 which includes a chart setting out the Plan Changes Between NewCo and Orderly Wind Down Transactions in the event of a pivot. The Ad Hoc Earn Group has reviewed the Orderly Wind Down Plan Changes. It observes that the proposed MiningCo transaction as articulated in the Joint Motion fits within the four corners of the Orderly Wind Down Changes articulated in the Plan. Based on the information before it, the Ad Hoc Earn Group believes that the MiningCo Transaction contains clarifications of certain aspects of the Orderly Wind Down, which were always anticipated to be made if a toggle were affected, rather than material Plan modifications which would require re-solicitation of votes. *See In re Johns-Manville Corp.*, 920 F.2d 121, 128 (9th Cir. 1990) (changes contemplated by confirmed plan were not "modifications"); *In re Boylan Int'l, LTD.*, 452 BR 43, 51 (Bankr. S.D.N.Y. 2011) (modifications of a confirmed plan which are not "material" and do not require additional disclosures and re-solicitation of votes, is one which will not affect an investor's voting decision). In fact, since Plan terms have already been overwhelmingly endorsed by 98% of creditors in voting to accept the Plan, a re-solicitation would be an extremely expensive drain on these estates resulting in an unnecessary delay in distributions with no real likelihood that creditors would be influenced to alter their votes, and with potentially serious down-side risk given the volatility of cryptocurrency markets.

4. Furthermore, the Debtors and the Committee are well-aware of the dissatisfaction expressed by creditors to the long and expensive first auction process. While the toggle to Orderly Wind Down has always contemplated some need to market test the prior structure, including the BRIC, as Backup Plan Sponsor, the Ad Hoc Earn Group believes the Debtors and

Committee accurately gaged that creditors had no appetite for a repeat of the first auction process and that a more focused, expedited process as articulated in the Declaration of Kenneth Ehrler of M3 Advisory Partners LP [ECF No. 4052] was needed to honor the creditor wishes for the speediest exit possible with minimal additional risk of failure of execution, at the lowest cost to the estate.

5.      The Ad Hoc Earn Group recognizes that the Debtors and the Committee must satisfy this Court that all statutory prerequisites to approval of the Joint Motion have been met. Consequently, the Ad Hoc Earn Group asks that the Court, in making its determination, be mindful that the creditors, having endured an extremely difficult and expensive process with significant losses, are entitled to the speediest, least costly exit possible, which the Ad Hoc Earn Group believes is achievable by the end of January should the Court grant the relief requested, without re-solicitation.

### Reservation of Rights

6.      At the November 30, 2023 hearing, the BRIC through its counsel expressed its displeasure with the Debtors' and the Committee's decision to select US Bitcoin to lead the MiningCo Transaction. It was anticipated that the BRIC would oppose the Joint Motion even though, upon information and belief, it has been amply paid—to date almost $3 million dollars— as the back-up bidder in waiting. At a discovery conference held on December 13, 2023 at the BRIC's request, the Court was advised that the Debtors and Committee have reached a resolution of their disputes with the BRIC regarding its role and compensation under the Orderly Wind Down and of Movants' intention to submit a supplement to the Joint Motion promptly, setting out further details. The Ad Hoc Earn Group is unlikely to oppose any resolution that is essentially cost-neutral to creditors.

4

7. However, the Ad Hoc Earn Group fully reserves its rights to further supplement or alter this Statement of Position in Support of Exit as events unfold and more information becomes available.

Dated: New York, New York
December 14, 2023

OFFIT KURMAN, P.A.

Jason A. Nagi, Esq.
590 Madison Avenue, 6th Floor
New York, NY 10022
Telephone: (212) 545-1900
Jason.nagi@offitkurman.com

-and-

/s/ Joyce A. Kuhns
Joyce A. Kuhns (*pro hac vice*)
1954 Greenspring Drive, Suite 605
Timonium, Maryland 21093
Telephone: (410) 209-6463
Jkuhns@offitkurman.com

*Counsel to the Ad Hoc Group
of Earn Account Holders*