Hearing Date: December 21, 2023
Hearing Time: 10:00 a.m.

David J. Adler
Lisa S. Bonsall
McCARTER & ENGLISH, LLP
825 8th Avenue
Worldwide Plaza
New York, New York 10019
Telephone: (212) 609-6847
Facsimile: (212) 609-6921
E-mail: dadler@mccarter.com
*Attorneys for Ad Hoc Group of Borrowers*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: <br><br> CELSIUS NETWORK LLC, *et al*. <br><br> Debtors. | Chapter 11 <br><br> Case No. 22-10964 (MG) <br><br> Jointly Administered |

**SUPPLEMENTAL OBJECTION OF THE AD HOC GROUP
OF BORROWERS TO THE SUPPLEMENTAL JOINT
STATEMENT REGARDING THE JOINT MOTION OF THE
DEBTORS AND THE COMMITTEE FOR ENTRY OF AN
ORDER (I) APPROVING THE IMPLEMENTATION OF THE MININGCO
TRANSACTION AND (II) GRANTING RELATED RELIEF (ECF DOC. #4115)**

The Ad Hoc Group of Borrowers (the "**Ad Hoc Group**"),[1] by and through its attorneys, McCarter & English, LLP, hereby files this Supplemental Objection ("**Supplemental Objection**") to the *Supplemental Joint Statement Regarding the Joint Motion of the Debtors and the Committee for Entry of an Order (I) Approving the Implementation of the MiningCo Transaction and (II) Granting Related Relief* (the "**Supplemental Statement**"; ECF Doc. #4116) and respectfully states as follows:

---

[1] Capitalized terms not defined herein shall have such meanings ascribed to such terms in the Joint Motion.

ME1 47039164v.1

The Supplemental Statement discloses that the estate fiduciaries have reached a settlement in principle with the BRIC. As noted in the Supplemental Statements, additional motion practice and another Plan Supplement will be forthcoming:

> Pursuant to the agreement with the BRIC, the Debtors **will also file a motion prior to the hearing on the Wind Down Motio**n seeking approval of the BRIC's professional fees as described in **Exhibit A**. The summary contained in Exhibit A is qualified in its entirety by the terms contained in the agreement with the BRIC, which the Debtors will file as part of the **Plan Supplemen**t. To the extent there are any conflicts between Exhibit A and the agreement with the BRIC included in the Plan Supplement, the terms in the Plan Supplement shall govern.

Supplemental Statement at p. 3 fn 3. Footnote 3 provide that the yet to be filed Plan Supplement will govern in the event of a conflict with the term sheet (attached as Exhibit A to the Supplemental Statement).[2] The Supplemental Statement also conspicuously states: "[t]o be clear, the resolution with the BRIC does not modify the agreement with US Bitcoin described in the Wind Down Motion." Supplemental Statement at p. 4.

The Movants continue to move the goal posts. Each time they do, they create additional modifications to the Confirmed Plan.

Based on the Joint Motion and the Supplemental Statement, it appears that a *majority* of the documents included in the eight (8) Plan Supplements that have been filed to date[3] will need to be revised to reflect the modifications created by the Joint Motion and the Supplemental Statement. These documents include, among others:

    A.  Litigation Administrator Agreements

---

[2] On December 16, 2023, the Debtors filed their Motion Seeking Entry Of An Order Authorizing The Debtors' to Redact and Seal Certain Confidential Information in the BRIC Agreement. (ECF Doc. # 4116) (the "**Sealing Motion**"). The Sealing Motion is scheduled to be heard on January 11, 2024 – after the Joint Motion. The timing of the Joint Motion and the Sealing Motion makes little sense. In any event, the Borrowers object to any portions of the Plan/Plan Supplement being filed under seal.

[3] All of the Plan Supplements were filed prior to the entry of the Confirmation Order.

    B.  Plan Administrator Agreement/Plan Administrator Budget

    C.  U.S. Bitcoin Management Agreement[4]

    D.  Restricted Stock Purchase Agreement[5]

    E.  Warrant Agreement

    F.  U.S. Bitcoin Cedarvale Interim Services Agreement[6]

    G.  Registration Rights Agreement

    H.  New Organizational Documents[7]

    I.  Plan Sponsor Contribution Agreement

    J.  MiningCo. Board Terms

In addition, changes to the Plan need to be filed.[8] As of today, none of these documents have been filed.

The estate fiduciaries refuse to acknowledge that these proposed changes sought to be approved in the Joint Motion and the Supplemental Statement have modified the Confirmed Plan. Apparently, the estate fiduciaries continue to believe that the Confirmed Plan endowed them with *carte blanche to* do whatever they decided they needed to do under the Confirmed

---

[4] The changes to the Management Agreement include, among other things, the Termination Fee for the Manager. The Termination Fee will be triggered if, on or before May 1, 2024, the Board of MiningCo. determines that there is not a reasonable likelihood that MiningCo. will achieve effectiveness of its Form 10 filing, In that event, the Manager, U.S. Bitcoin, receives, as liquidated damages, one year of the cash portion of the Mining Management Fee (**$20,376,200**) plus one year worth of incentive equity and warrants.

[5] Under the Confirmed Plan, Backup Mining Company is to be 100% owned by the creditors. *See* Plan, Art. I.A.15 ("Backup MiningCo" means, under the Orderly Wind Down, a pure play, publicly traded mining business that will own the assets of Mining in which creditors will receive 100% of the equity interests . . . . )" The Restricted Stock Purchase Agreement and the Warrant Agreement (which have not been filed) have modified that definition and creditors will no longer be receiving 100% of the equity interests in MiningCo.

[6] As set forth in the term sheet attached to Exhibit A, the Interim Services Agreement shall be modified to include: "(i) reducing the monthly fee applicable from January 1, 2024 to $734,000, (ii) providing for adjustments of the timelines and dates in the version filed in the Plan Supplement to account for the time elapsed between the October 30, 2023 and the date of signing of the Interim Services Agreement, (iii) **providing a termination right in favor of US Bitcoin if the Management Agreement has not been executed by February 15th, 2024**, and (iv) as otherwise set forth herein.") (emphasis supplied)

[7] Presumably, the New Organizational Documents will reflect the increase of capitalization from $50 million to $225 million.

[8] *See* footnote 5, *supra.*

3

Plan (including reallocating $175 million in Liquid Cryptocurrency otherwise available for distribution to MiningCo. to create a $225 million "slush fund").[9] Not once in either the Joint Motion or the Supplemental Statement do the estate fiduciaries even reference Section 1127 of the Bankruptcy Code.[10]

The Borrower restate their objections to the Joint Motion as if fully restated herein. In addition, the Borrowers join in and adopt the arguments made in the Objection of the United States Trustee to the Joint Motion as if made herein. See ECF Doc. # 4097.

## CONCLUSION

**WHEREFORE,** for the reasons stated in this Opposition, the Ad Hoc Group of Borrowers respectfully requests that this Court deny the Joint Motion and grant such other relief as is just and appropriate.

Dated:   New York, New York
         December 19, 2023

**McCARTER & ENGLISH, LLP**

By:   */s/ David J. Adler*
      David J. Adler
      Lisa S. Bonsall
      Email: dadler@mccarter.com
      825 8th Avenue
      Worldwide Plaza
      New York, New York 10019
      Telephone: (212) 609-6847
      Facsimile: (212) 609-6921
      *Attorneys for Ad Hoc Group of Borrowers*

---

[9] We agree with the statement made by UCC Counsel at the closing arguments on October 30, 2023 "[t]he voting results speak for itself" Transcript of October 30th Hearing at 56:16-17  We would add that the **election** results also speak for themselves. As noted in the Voting Declaration, 39% of EARN creditors elected to receive additional Liquid Cryptocurrency in lieu of Newco. common stock. These elections apparently were ignored as reflected by the proposed reallocation of $175 million of Liquid Cryptocurrency (available for distribution) to capitalize MiningCo.

[10] *See In re Boylan Intern., Ltd.*, 452 B.R. 43 (2011) (proposal to extend the life a litigation trust is a modification to a confirmed plan).