David J. Adler
Lisa S. Bonsall (*pro hac pending*)
McCARTER & ENGLISH, LLP
825 8th Avenue
Worldwide Plaza
New York, New York 10019
Telephone: (212) 609-6847
Facsimile: (212) 609-6921
E-mail: dadler@mccarter.com
*Attorneys for Ad Hoc Group of Borrowers*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| In re: | Chapter 11 |
|---|---|
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | Jointly Administered |

## DECLARATION OF CHRISTOPHER VILLINGER

I, CHRISTOPHER VILLINGER, hereby declare as follows:

1. I am an unsecured creditor of the above referenced Debtors. Based on the Consolidated List of Creditors filed on July 13, 2022, I am scheduled as the 7th largest creditor of the Debtors. Approximately 77% of my claim (or approximately $12.1 million) is in the Earn program of the Debtors and the remaining 23% (or approximately $3.7 million) is in the borrow program. All facts in this Declaration are based on my personal knowledge. If called upon to testify, I would testify competently to the facts set forth herein.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business is 121 River Street, PH05, Hoboken, New Jersey 07030.

2. I have reviewed the Joint Motion of the Debtors and the Committee for Entry of An Order (I) Approving the Implementation of the MiningCo Transaction and (II) Granting Related Relief (the "**Joint Motion**"), including the Declaration of Kenneth Ehrler and Declaration of Robert Campagna submitted in support of the Joint Motion.

3. In connection with the solicitation of votes, I reviewed the solicitation package that was circulated by the Debtors, including the Disclosure Statement For the Joint Chapter 11 Plan of Reorganization of Celsius Network LLC and Its Debtor Affiliates (the "**Plan**"). After reviewing the Disclosure Statement, it was my understanding that, if the Newco transaction did not move forward, the Debtors would pivot to an orderly wind down. I voted in favor of the Plan and elected the Crypto Weighted Distribution Election.

4. My understanding of the orderly wind down was that it would be a structured as an orderly wind down of the assets of the estate to be distributed back to the creditors – not an investment in a new business. That impression was created in part by the Debtor's description of the "toggle" in the Disclosure Statement:

> If the Plan is effectuated through the Orderly Wind Down, the Debtors will be wound down through an orderly process that is expected to yield higher sale prices on the Debtors' assets than a typical chapter 7 liquidation, as illustrated in the Liquidation Analysis set forth in **Exhibit B** attached hereto. **The Orderly Wind Down, however, does not provide for the same opportunity to enjoy the upside in the equity of NewCo and its development of regulatorily compliant operating businesses.**

Disclosure Statement at p. 37 (emphasis supplied).

> *6. The Debtors May "Toggle" to the Orderly Wind Down, which is Estimated to Result in Lower Recoveries.*
>
> Before or after the Plan is confirmed, the Debtors may determine that it is in the best interests of the Estates to "toggle," or pivot, from Consummation of the NewCo Transaction to the pursuit of the Orderly Wind Down. The Orderly Wind Down is an alternative to the NewCo Transaction. Recoveries under the Orderly Wind Down are estimated to be lower than the recoveries estimated under the NewCo Transaction. **Further, the Orderly Wind Down does not include any go-forward business, thus terminating any potential for future upside**. Please see Article III.I for additional discussion of the Orderly Wind Down.

Disclosure Statement at p. 256 (emphasis supplied).

5. In addition, I did not see any risks or disclosures related to the creation of MiningCo. anywhere in the Disclosure Statement, which was consistent with the idea that the wind down was actually a wind down and not a new venture using customer cryptocurrency as capital. *See* Disclosure Statement at pp. 250-287.

6. Furthermore, as reflected in the chart on page 12 of the Disclosure Statement and Exhibit C (the Orderly Wind Down Analysis), the Debtors' proposed capitalization of the MiningCo. was $50 million, with no discussion to suggest that this could or would change. Indeed, the sentence right before the chart states: "[t]he chart on the next page provides a more **granular** comparison of the distribution of Liquid Cryptocurrency under the NewCo Transaction, Orderly Wind Down, and chapter 7 liquidation" (emphasis supplied).

7. The changes proposed by the Debtors and Committee are material and are not consistent with what was described and disclosed in the Disclosure Statement. Had it described the current proposal, including capitalizing MiningCo. with $225 million of cryptocurrency (as reflected in the Joint Motion), rather than the $50 million identified in the Disclosure Statement, it would have impacted my decision to vote in favor of the Plan. I believe that $225 million in capitalization is excessive for what is in essence a start-up company, and determined arbitrarily.

8. In addition, the Disclosure Statement did not include the management fees to be paid in an Orderly Wind Down. It appears that the management fee has actually increased from $15 million under Newco to $20.3 million under the Orderly Wind Down. Since MiningCo.'s operations are considerably smaller than Newco, the increase in the management fee does not appear to me to be reasonable. Had the management fees under the Orderly Wind Down been included in the Disclosure Statement, it would have impacted my decision to vote in favor of the Plan.

9. In addition, I am concerned about the conflicts of interest disclosed in the Joint Motion. For example, I am concerned about the apparent conflicts of the two co-chairs of the Official Committee of Unsecured Creditors who have been selected to be board members of MiningCo. and whether that may have influenced the decision to approve the additional capitalization of MiningCo.

10. It should also be noted that I have only seen the language in the proposed term sheet that: [t]he board of NewCo (the "Board") will consist of eight representatives, six of which will be the Committee representatives previously approved in the Confirmation Order, and two of which will be representatives of US Bitcoin (one of which will be Asher Genoot and the other of which may, at US Bitcoin's discretion, be Jordan Levy)." I have not seen <u>any</u> information concerning the compensation (including any contemplated management incentive programs) to be approved by MiningCo.

11. Finally, I respectfully request that the Court require the Debtors to either move forward with the Orderly Wind Down as described in the Disclosure Statement or establish a date by which I would be permitted to change my previous acceptance of the Plan.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge information and belief.

Dated: December 19, 2023

/s/ [signature]
Chris Villinger