Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:   (212) 446-4800
Facsimile:   (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:   (312) 862-2000
Facsimile:   (312) 862-2200

*Counsel to the Debtors and Debtors in Possession*

David M. Turetsky
Samuel P. Hershey
Joshua D. Weedman
**WHITE & CASE LLP**
1221 Avenue of the Americas
New York, New York 10020
Telephone:   (212) 819-8200
Facsimile:   (212) 354-8113

Gregory F. Pesce (admitted *pro hac vice*)
**WHITE & CASE LLP**
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone:   (312) 881-5400
Facsimile:   (312) 881-5450

Aaron Colodny (admitted *pro hac vice*)
**WHITE & CASE LLP**
555 South Flower Street, Suite 2700
Los Angeles, California 90071
Telephone:   (213) 620-7700
Facsimile:   (213) 452-2329

Keith H. Wofford
**WHITE & CASE LLP**
Southeast Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131
Telephone:   (305) 371-2700
Facsimile:   (305) 358-5744

*Counsel to the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC

**JOINT *EX PARTE* MOTION OF
THE DEBTORS AND THE COMMITTEE FOR
ENTRY OF AN ORDER AUTHORIZING THE DEBTORS
AND THE COMMITTEE TO EXCEED THE PAGE LIMIT
REQUIREMENT FOR THE JOINT OMNIBUS REPLY OF
THE DEBTORS AND THE COMMITTEE IN SUPPORT OF THE
JOINT MOTION OF THE DEBTORS AND THE COMMITTEE FOR
ENTRY OF AN ORDER (I) APPROVING THE IMPLEMENTATION OF
THE MININGCO TRANSACTION AND (II) GRANTING RELATED RELIEF**

---

The above-captioned debtors and debtors in possession (collectively, the "Debtors") and the official committee of unsecured creditors (the "Committee") appointed in the above-captioned chapter 11 cases state the following in support of this motion (this "Motion").[2]

**Relief Requested**

1. The Debtors and the Committee seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), authorizing them to exceed the page limitation (the "Page Limit") established in the *Second Amended Final Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief* [Docket No. 2560] (the "Case Management Procedures") regarding the *Joint Omnibus Reply of the Debtors and the Committee in Support of the Joint Motion of the Debtors and the Committee for Entry of an Order (I) Approving the Implementation of the MiningCo Transaction and (II) Granting Related Relief* (the "Omnibus Reply"), filed contemporaneously herewith. The

---

(9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] Capitalized terms used herein but not defined have the meanings ascribed to them in the *Modified Joint Chapter 11 Plan of Celsius Network LLC and its Debtor Affiliates* (the "Plan"), attached as Exhibit A to the *Finding of Fact, Conclusions of Law, and Order Confirming the Modified Joint Chapter 11 Plan of Celsius Network LLC and its Debtor Affiliates* (the "Confirmation Order") [Docket No. 3972].

2

Debtors and the Committee request to extend the Page Limit for the Omnibus Reply to no more than thirty-five pages.[3]

## Jurisdiction and Venue

2. The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, entered February 1, 2012. The Debtors and the Committee confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## Basis for Relief

4. The Case Management Procedures set a page limitation for motions, applications, and objections to be no longer than forty pages in length and for replies and statements to be no longer than fifteen pages in length.

5. The Debtors and the Committee are filing the Omnibus Reply in support of the *Joint Motion of the Debtors and the Committee for Entry of an Order (I) Approving the Implementation of the MiningCo Transaction and (II) Granting Related Relief* [Docket No. 4050] (as supplemented by the *Supplemental Statement Regarding the Joint Motion of the Debtors and the Committee for Entry of an Order (I) Approving the Implementation of the MiningCo Transaction and (II) Granting Related Relief* [Docket No. 4115], the "Wind Down Motion").

---

[3] Notwithstanding the relief requested herein, the Debtors and the Committee will do their best to file an Omnibus Reply in less than thirty-five pages, but out of an abundance of caution, are requesting this revised page limit for the reasons set forth herein.

The Debtors and the Committee seek to exceed the Page Limit of the Omnibus Reply to adequately set forth their support for the MiningCo Transaction and their reply to the objections to the Wind Down Motion (the "Objections"). In articulating the arguments in support of the MiningCo Transaction and responding to the Objections, the Debtors must address complex legal and factual issues raised in the Objections. Given the joint nature of the Omnibus Reply, the Debtors and the Committee expect the Page Limit may be insufficient.

6. The Debtors and the Committee received four formal Objections to the Wind Down Motion (collectively, the "Objecting Parties"): (a) the *Objection of the United States Trustee to the Joint Motion of the Debtors and the Committee for Entry of an Order (I) Approving the Implementation of the MiningCo Transaction and (II) Granting Related Relief* [Docket No. 4097] (the "U.S. Trustee Objection"); (b) the *Preliminary Opposition of the Ad Hoc Group of Borrowers to the Joint Motion of the Debtors and the Committee for Entry of an Order (I) Approving the Implementation of the MiningCo Transaction and (II) Granting Related Relief* [Docket No. 4100]; (c) the *Supplemental Objection of the Ad Hoc Group of Borrowers to the Supplemental Joint Statement Regarding the Joint Motion of the Debtors and the Committee for Entry of an Order (I) Approving the Implementation of the MiningCo Transaction and (II) Granting Related Relief* [Docket 4122] (together with (b), the "Borrow AHG Objections"); and (d) *Objection to the Mining Plan* (the "Lau Objection"). The Objections argue a variety of complex and important legal issues, including questions regarding the SEC's feedback on the NewCo Transaction, whether the Wind Down Motion seeks to modify the Plan and resolicitation of the Plan is necessary to effectuate the MiningCo Transaction, the MiningCo Transaction recovery and distribution relative to the description in the Disclosure Statement, and other critical issues related to the Debtors' emergence from chapter 11.

4

7. The Debtors and the Committee want to ensure that, at this crucial point, they address and resolve as many issues as possible in one document so that the Debtors may emerge from chapter 11 and begin the process of returning value to their creditors.

8. To thoughtfully address all Objections, the relief requested herein is warranted. The Debtors and the Committee wish to provide clarity and transparency on the MiningCo Transaction, and address all arguments raised by the Objections. By obtaining the relief requested to extend the Page Limit, the Debtors and the Committee can address substantially all of the issues relevant to the MiningCo Transaction.

## Notice

9. The Debtors will provide notice of this Motion to the following parties or their respective counsel: (a) the U.S. Trustee; (b) the United States Attorney's Office for the Southern District of New York; (c) the Internal Revenue Service; (d) the offices of the attorneys general in the states in which the Debtors operate; (e) the Securities and Exchange Commission; (f) the Objecting Parties; and (g) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

10. No prior motion for the relief requested herein has been made to this or any other court.

*[Remainder of page intentionally left blank]*

5

WHEREFORE, the Debtors and the Committee request that the Court enter the Order, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

New York, New York
Dated: December 19, 2023

*/s/ Joshua A. Sussberg*
Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Counsel to the Debtors and Debtors in Possession*

*/s/ Aaron Colodny*
David M. Turetsky
Samuel P. Hershey
Joshua D. Weedman
**WHITE & CASE LLP**
1221 Avenue of the Americas
New York, New York 10020
Telephone:    (212) 819-8200
Facsimile:    (212) 354-8113

Gregory F. Pesce (admitted *pro hac vice*)
**WHITE & CASE LLP**
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone:    (312) 881-5400
Facsimile:    (312) 881-5450

Aaron Colodny (admitted *pro hac vice*)
**WHITE & CASE LLP**
555 South Flower Street, Suite 2700
Los Angeles, California 90071
Telephone:    (213) 620-7700
Facsimile:    (213) 452-2329

Keith H. Wofford
**WHITE & CASE LLP**
Southeast Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131
Telephone:    (305) 371-2700
Facsimile:    (305) 358-5744

*Counsel to the Official Committee of Unsecured Creditors*

**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**ORDER AUTHORIZING THE DEBTORS AND
THE COMMITTEE TO EXCEED THE PAGE LIMIT
REQUIREMENT FOR THE JOINT OMNIBUS REPLY
OF THE DEBTORS AND THE COMMITTEE IN SUPPORT OF
THE JOINT MOTION OF THE DEBTORS AND THE COMMITTEE
FOR ENTRY OF AN ORDER (I) APPROVING THE IMPLEMENTATION
OF THE MININGCO TRANSACTION AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") and the official committee of unsecured creditors (the "Committee") appointed in the above-captioned chapter 11 cases for entry of an order (this "Order") authorizing the Debtors and the Committee to exceed the page limit requirement for the Omnibus Reply, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012; and that this Court may decide by a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that no other notice need be provided; and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Debtors and the Committee are authorized to file the Omnibus Reply in excess of the Page Limit, for a total of no more than thirty-five pages.

3. Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

4. The Debtors and the Committee are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

5. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2023

                                              THE HONORABLE MARTIN GLENN
                                              CHIEF UNITED STATES BANKRUPTCY JUDGE