Hearing Date: December 21, 2024 at 10:00 am

**VENABLE LLP**
Jeffrey S. Sabin
151 West 42nd St.
New York, New York 1003
Telephone (212) 503-0896
Facsimile: (212) 307-5598
Email: JSSabin@venable.com

Andrew Currie (*admitted pro hac vice*)
600 Massachusetts Avenue, NW
Washington, DC 20001
Telephone: (202) 344-4586
Facsimile: (202) 344-8300
Email: AJCurrie@venable.com

*Counsel to Ignat Tuganov*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.* [1] | Case No. 22-10964 (MG) |
| | Jointly Administered |
| Debtors. | |
| | Ref: Dkt. No. 3666 |

**STATEMENT OF IGNAT TUGANOV IN SUPPORT OF DEBTORS' AND COMMITTEE'S JOINT MOTION FOR ENTRY OF AN ORDER APPROVING IMPLEMENTATION OF THE MININGCO TRANSACTION**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

1

Ignat Tuganov ("Mr. Tuganov"), an earn creditor of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), a Class Representative in connection with the Committee's efforts to certify the class of account holders holding non-contract claims against the Debtors, and a party to the Plan Support Agreement [Dkt. No. 3516] (the "Plan Support Agreement"), through his counsel, hereby submits this Statement in Support of the *Joint Motion of the Debtors and the Committee For Entry of an Order (I) Approving the Implementation of the MiningCo Transaction and (II) Granting Related Relief* [Dkt. No. 4050] (the "Joint Motion"), as modified by the *Supplemental Joint Statement* [Dkt. No. 4115] (the "Supplemental Joint Statement" and, together with the Joint Motion, collectively, the "OWD Motion") Debtors' and the Committee's Joint Motion[2] and respectfully represents as follows:

## RELIEF REQUESTED

1.    Three sets of objections have been filed to the relief requested in the OWD Motion: (i) the Ad Hoc Group of Borrowers (the "Borrowers") has filed an objection and a supplemental objection [Dkt. Nos. 4122 and 4100] (collectively, the "Borrowers' Objection"), (ii) the United States Trustee has filed an objection [Dkt. Nos. 4097 and 4098] (collectively, the "UST Objection"), and (iii) an objection has been filed by a *pro se* creditor [Dkt. No. 4101] (the "Lau Objection").

2.    In response, the Debtors and the Committee filed a *Joint Omnibus Reply of the Debtors and the Committee in Support of the Joint Motion of the Debtors and the Committee for Entry of an Order (I) Approving the Implementation of the MiningCo Transaction and (II) Granting Related Relief* [Dkt. No. 4129] (the "Reply to Objections").

---

[2] Capitalized terms not otherwise defined herein shall have the same meaning herein as assigned to such terms in the OWD Motion.

2

3.   Following consultations and continuing discussions with the Debtors and the Committee, despite the Borrowers' Objection, the UST Objection, and the Lau Objection, and consistent with his obligations under the Plan Support Agreement, Mr. Tuganov supports the OWD Motion for five (5) key reasons:

   a. The proposal, as evidenced and contemplated by the OWD Motion (the "Proposal"), is consistent with the modified Joint Plan and the Confirmation Order [Dkt. No. 3972], and its terms are "no worse than those in the Backup Plan Administrator Term Sheet." Confirmation Order ¶ 356. Accordingly, the Proposal should not require any voting re-solicitation.

   b. The Proposal provides for a significantly greater initial distribution (to be made as early as 1/31/24) of Liquid Cryptocurrency ("LCC", i.e. BTC and/or ETH) than under the Newco Transaction, especially recognizing that the Amended and Restated Backup Plan Sponsor Agreement [Dkt. No. 2983] and potential distributions of LCC thereunder have been rendered "obsolete" and impossible to perform by subsequent events, agreements and actions that were fully disclosed to, and/or approved by, this Court, and implemented subsequent thereto, including the Class Action Settlement, the PayPal & Coinbase distribution agreements, the Core Scientific settlement, and the proposed Stakehound settlement, each of which were determined to be favorable to creditors.

   c. The Proposal preserves the Debtors' and the Committee's business judgment ("ratified" by the resounding vote of 98% of creditors) that a MiningCo. Transaction (a "Toggle"), even without ownership of the illiquid assets, warrants the funding by the Debtors of $225 million of fiat. While, admittedly, such funding is an increase of $175 million, a substantial portion of the increase represents $80 million of funding to realize material benefits of the Core Scientific settlement. Moreover, the Debtors' and Committee's business judgment is apparently shared by US Bitcoin, which will initially invest $12.7 million in MiningCo. at a value significantly greater than the $424 million valuation in the Backup Plan.

   d. The Proposal (consistent with the amendments to the modified Joint Plan set forth in the *Modified Joint Chapter 11 Plan of Reorganization of Celsius Network LLC and Its Debtor Affiliates* [Dkt. No. 3577]) no longer requires, as a condition to the Effective Date, an approved and effective SEC Registration Statement. *See* Art IV, B3 of the modified Joint Plan, approved by Confirmation Order ¶ 21. If, therefore, this Court were to approve the OWD Motion, an Effective Date and substantial consummation could occur in roughly 30 days, at which time creditors could receive an initial distribution of

3

LCC[3] and stock in MiningCo (tradeable by those creditors who may so desire).

e.  The OWD Motion provides for and contemplates that the aggregate "costs"/funding for the services originally set forth in Backup Plan Administration Agreement (now to be performed by BRIC, the Plan Administrator and a second Litigation Administrator) are significantly less than originally proposed in the Backup Plan.

4.  Mr. Tuganov defers to (and likely will join in) the Debtors' and Committee's Reply to Objections, but independent thereof, he urges this Court to consider the significant adverse consequences to creditors of delaying approval of the OWD Motion.

Dated:  December 20, 2023
        New York, New York

**VENABLE LLP**

By:  /s/ Jeffrey S. Sabin
Jeffrey S. Sabin
Carol Weiner Levy
Arie Peled
151 West 42nd St.
New York, New York 10036
Telephone: (212) 503-0896
Facsimile: (212) 307-5598
Email: JSSabin@venable.com
Email: CWeinerLevy@venable.com
Email: APeled@venable.com

Andrew J. Currie (*admitted pro hac vice*)
600 Massachusetts Avenue, NW
Washington, DC 20001
Telephone: (202) 344-4586
Facsimile: (202) 344-8300
Email: AJCurrie@venable.com

*Counsel for Ignat Tuganov*

---

[3] Mr. Tuganov continues his discussions with the Debtors and the Committee regarding that part of the OWD Motion seeking to set reserves for Dispute/Contingency Claims.