**Hearing Date:  December 21, 2024 at 10:00 am**

**VENABLE LLP**
Jeffrey S. Sabin
151 West 42nd St.
New York, New York 1003
Telephone (212) 503-0896
Facsimile: (212) 307-5598
Email: JSSabin@venable.com

Andrew Currie (*admitted pro hac vice*)
600 Massachusetts Avenue, NW
Washington, DC 20001
Telephone: (202) 344-4586
Facsimile: (202) 344-8300
Email: AJCurrie@venable.com

*Counsel to Ignat Tuganov*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| ———————————————————x | : | |
| In re: | : | Chapter 11 |
| | : | |
| CELSIUS NETWORK LLC, *et al.* [1] | : | Case No. 22-10964 (MG) |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | Ref: Dkt. No. 4129 |
| ———————————————————x | | |

**JOINDER OF IGNAT TUGANOV TO JOINT OMNIBUS REPLY OF THE DEBTORS**
**AND THE COMMITTEE FOR ENTRY OF AN ORDER APPROVING**
**IMPLEMENTATION OF THE MININGCO TRANSACTION**

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

Ignat Tuganov ("Mr. Tuganov"), an earn creditor of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), a Class Representative in connection with the Committee's efforts to certify the class of account holders holding non-contract claims against the Debtors, and a party to the Plan Support Agreement [Dkt. No. 3516] (the "Plan Support Agreement"), through his counsel, hereby submits this Joinder (the "Joinder") to the *Joint Omnibus Reply of the Debtors and the Committee in Support of the Joint Motion of the Debtors and the Committee for Entry of an Order (I) Approving the Implementation of the MiningCo Transaction and (II) Granting Related Relief* [Dkt. No. 4129] (the "Joint Reply")[2] and respectfully represents as follows:

## JOINDER

1.      Mr. Tuganov hereby joins in the Joint Reply, as further supported by (i) the Declaration of Marc D. Puntus [Dkt. No. 4128] and (ii) the Additional Plan Supplement documents [Dkt. No. 4132].

2.      Nothing in the Borrowers AHG Objection or the *Declaration of Christopher Villinger In Support of Opposition and Supplemental Objection of the Ad Hod Group of Borrowers to Joint Motion Seeking Entry of an Order Approving the Implementation of the MiningCo. Transaction* [Dkt. No. 4123] (the "Villinger Declaration")[3] appears to recognize that the Orderly Wind Down preserves the benefits that the Retail Borrower Ad Hoc Group bargained for in the three-day mediation conducted by Judge Michael Wiles in these cases, as more particularly evidenced by the Plan Term Sheet [Dkt. No. 3064] (the "Plan Term Sheet") executed by the Retail Borrower Ad Hoc Group, a copy of which is attached hereto as **Exhibit A**.  More

---

[2] Capitalized terms not otherwise defined herein shall have the same meanings herein as are ascribed to such terms in the Joint Reply.
[3] Christopher Villinger is a member of the Retail Borrower Ad Hoc Group (*See* Dkt. No. 1920) and a participant in the three days of mediation with Judge Michael Wiles in these cases.

importantly, the Borrower AHG Objection violates the Retail Borrower Ad Hoc Group's

continuing obligations under the Plan Term Sheet.

3.      Specifically, the Orderly Wind Down preserves the following bargained for

benefits:

a.      A Court-approved Class Claim Settlement that not only increased and allowed electing (almost all) account holders' claim amounts, saving the Debtors' estates millions of dollars in claim adjudication costs, but also resolved any effort to subordinate the claims of the Retail Borrower Ad Hoc Group under Section 510(b) of the Bankruptcy Code;

b.      Recoveries of liquid crypto currency, MiningCo. Stock, litigation proceeds, and illiquid asset recoveries in amounts more favorable to members of the Retail Borrowers Ad Hoc Group (and all other Retail Borrowers who, as a class, accepted the Plan by more than a 95% majority under section 1126 of the Bankruptcy Code (*See* Dkt. No. 3574).  As set forth in the Joint Reply, holders of claims entitled to vote on the Joint Plan were on express notice that (i) a vote to accept the Plan was a vote to accept both the NewCo Transaction *and* the Orderly Wind Down and (ii) elections to receive more Cryptocurrency than NewCo Common Stock would not moot an Orderly Wind Down. *See* Reply n. 13 and Reply ¶ 10.

c.      A pre-Effective Date ability to elect to repay "loans" of Retail Borrowers and efforts by the Debtors to facilitate a refinancing of such loans;

d.      A substantial consolidation of Celsius Lending LLC and Celsius Network LLC to facilitate the treatment of claims of Retail Borrowers;

e.      Exculpation and releases for members of the Retail Borrowers Ad Hoc Group;

f.      One seat (Mr. Adler) on the Litigation Oversight Committee;

g.      Consultation rights regarding the Orderly Wind Down; and

h.      At the 11th hour, the addition of a Plan amendment that would exclude the Retail Borrowers Ad Hoc Group from any decision of the Court as to title to collateral.

4.      Such *benefits*, however, do not come without *burdens* that the Retail Borrowers

Ad Hoc Group apparently do not wish to recognize nor with which they want to comply.  The

most material of such burdens require (a) execution by the Retail Borrowers Ad Hoc Group of the Plan Support Agreement[4] and (b) not take any actions inconsistent with supporting the Plan.

5.　　Regardless of whether such flagrant disregard of the Plan Term Sheet (which the Retail Borrowers Ad Hoc Group did sign) and their obligations thereunder should prohibit the Retail Borrowers Ad Hoc Group from prosecuting their objections to the Orderly Wind Down, their objections lay bare their improper and self-interested motives, i.e., an effort to grab more liquid Cryptocurrency to the detriment of other account holders.

6.　　Accordingly, the Borrower AHG Objection should be denied.

Dated:　December 20, 2023
　　　　New York, New York

**VENABLE LLP**

By: */s/ Jeffrey S. Sabin*
Jeffrey S. Sabin
Carol Weiner Levy
Arie Peled
151 West 42nd St.
New York, New York 10036
Telephone: (212) 503-0896
Facsimile: (212) 307-5598
Email: JSSabin@venable.com
Email: CWeinerLevy@venable.com
Email: APeled@venable.com

Andrew J. Currie (*admitted pro hac vice*)
600 Massachusetts Avenue, NW
Washington, DC 20001
Telephone: (202) 344-4586
Facsimile: (202) 344-8300
Email: AJCurrie@venable.com

*Counsel for Ignat Tuganov*

---

[4] Just prior to the other parties' signatures to the Plan Support Agreement, counsel to the Retail Borrowers Ad Hoc Group informed the other signatories that his clients would not sign the Plan Support Agreement.