WILLIAM K. HARRINGTON
United States Trustee
U.S. Department of Justice
Office of the United States Trustee
1 Bowling Green
New York, NY 10004
Tel. (212) 510-0500
By:    Shara Cornell
        Trial Attorney

<u>Hearing Date:</u> December 21, 2023
<u>Hearing Time</u>: 10:00 AM

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| CELSIUS NETWORK LLC., *et al.,*[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

# SUPPLEMENTAL OBJECTION OF THE UNITED STATES TRUSTEE TO THE (A) JOINT MOTION FOR ENTRY OF AN ORDER APPROVING THE IMPLEMENTATION OF THE MININGCO TRANSACTION AND (B) SUPPLEMENTAL JOINT STATEMENT

William K. Harrington, the United States Trustee for Region 2 (the "<u>United States Trustee</u>") submits this Supplemental Objection (the "<u>Supplemental Objection</u>") to (A) the Joint Motion for Entry of an Order (I) Approving the Implementation of the MiningCo Transaction and (I) Granting Related Relief (the "<u>Motion to Modify</u>") [ECF Dkt. No. 4050] and (B) the Supplement to the Motion to Modify (the "<u>Joint Supplement</u>") [ECF Dkt. No. 4116]. In support thereof, the United States Trustee respectfully alleges the following:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

1

## BACKGROUND

A. *General Background*

1.  The Facts contained in the United States Trustee's Objection to the Motion to Modify [ECF Dkt. No. 4097] are hereby incorporated by reference.[2] The hearing on the Motion to Modify is scheduled to proceed on December 21, 2023 (the "Hearing").

2.  On December 16, 2023, the Debtors filed the Joint Supplement.

3.  The Joint Supplement states that:

> Pursuant to the agreement with the BRIC, the Debtors ***will also file a motion prior to the hearing*** on the Wind Down Motion seeking approval of the BRIC's professional fees as described in Exhibit A. The summary contained in Exhibit A is qualified in its entirety by the terms contained in the agreement with the BRIC, ***which the Debtors will file as part of the Plan Supplement. To the extent there are any conflicts between Exhibit A and the agreement with the BRIC included in the Plan Supplement, the terms in the Plan Supplement shall govern.***

Joint Supplement at FN 3 ("Footnote 3") (emphasis added).

4.  The Joint Supplement is scheduled for hearing on January 11, 2024.

B. *The Core Settlement*

5.  On September 14, 2023, the Debtors filed the Motion for Entry of an Order (I) Approving the Settlement (the "Core Settlement") among the Debtors and Core Scientific ("Core Scientific"), (II) Authorizing Entry into the Purchase and Sale Agreement, (III) Authorizing Intercompany Transfers with Celsius Mining, and (IV) Granting Related Relief (the "Core Settlement Motion"). ECF Dkt. No. 3474. On September 26, 2023, the Debtors filed the Declaration of Christopher Ferraro in Support of the Core Settlement Motion (the "Ferraro Decl."). ECF Dkt. No. 3565. The order approving the Core Settlement Motion (the "Core Order") was entered on October 6, 2023. ECF Dkt. No. 3725.

---

[2] Terms not herein defined shall be given the meaning provided for in the United States Trustee's Objection to the Motion to Modify.

6. A copy of the Core Settlement is attached to the Core Order as Exhibit A.

7. The Core Settlement *inter alia* included the purchase of a certain mining site (the "Cedarvale Mining Site") by the Debtors from Core Scientific. The Core Settlement stated that "the official committee of unsecured creditors of [Celsius'] Bankruptcy Cases . . . has approved the Transaction." *See* Core Settlement p. 1.

8. The purchase price for the Cedarvale Mining Site was $45 million, which was allegedly compromised of a $14 million cash payment along with the release of certain claims. Core Settlement ¶ 3(a), p. 4; Ferraro Decl. at ¶ 9.

9. The Ferraro Decl. states that:

> To ensure that development of the Cedarvale site will not be disrupted by the change in ownership under the Settlement and that it will become operative and start generating income for NewCo for the benefits of NewCo's shareholders (the Debtors' creditors) as soon as possible, it is important that the Debtors provide Celsius Mining, through intercompany transfers, *with enough capital to support the continuous development* of the Cedarvale site during these chapter 11 cases.

Ferraro Decl. at ¶ 11 (emphasis added).

10. Neither the Core Settlement nor the Ferraro Declaration define what "enough capital to support the continuous development" means with respect to the funding needs for the Cedarvale Site.

11. According to the Core Settlement, a site visit of the property was conducted as of July 10, 2023. Core Settlement at ¶ 1(a)(iii), p. 2.

12. The hearing on the confirmation of the Plan began on October 3, 2023 and continued through October 30, 2023. During the multi-day confirmation hearing, there does not

3

appear to be any statements or references to any declarations identifying what funding would be required for the Cedarvale Site.[3]

13. The Confirmation Order makes several references to the Cedarvale Mining Site but does not identify the funding requirements necessary to energize the facility. *See, e.g.,* Confirmation Order at ¶ 248 (emphasis added) ("The Debtors' self-mining capability will be further enhanced *if* the Debtors successfully acquire and build the 215 MW Cedarvale project, which would nearly triple the Debtors' current self-mining capacity.").

## ARGUMENT

As noted above the facts and arguments contained in United States Trustee's Objection to the Motion to Modify are incorporated herein by reference. Additionally, the United States Trustee raises the following concerns with respect to the Motion to Modify in support of his objection:

### A. The Joint Supplement Significantly Modifies the Motion to Modify the Plan Despite Having a Later Return Date

As noted above, the Hearing is scheduled to go forward on December 21, 2023, as an evidentiary hearing. *See* Letter Regarding December 21, 2023, Omnibus Hearing (the "Debtors' Letter"). ECF Dkt. No. 4117 (providing notice that the hearing may be evidentiary). In the Joint Supplement, which was filed on December 16, 2023, Movants indicated that they anticipate the filing of *another* motion to be filed sometime within the five days prior to the Hearing. Interested parties cannot possibly be expected to review, analyze, and opine on anything during at most a 5-day window and at minimum a several hour window prior to the Hearing.

Additionally, in Footnote 3 of the Joint Supplement there is a reference to "Exhibit A" to the Joint Supplement which is labeled as "BRIC Agreement – Material Terms." Joint Supplement

---

[3] The United States Trustee has attempted to review all of the relevant transcripts of hearings, but in light of the shortened time period for review of both the Motion to Modify and the Joint Supplement, has not yet completed this undertaking.

4

at pg. 7. However, it is not these cherry-picked material terms that will govern, but the actual agreement between The BRIC and the Debtors: "[t]o the extent there are any conflicts between Exhibit A and the agreement with the BRIC included in the Plan Supplement, the terms in the Plan Supplement shall govern." No such agreement has been provided for review by interested parties. Interested parties must be given an opportunity to review the governing documents before agreeing to terms that are subject to change. Moreover, interested parties should be told when they can expect to be provided the actual agreement to properly evaluate the actual governing terms.

B. **There is New Information Regarding the Debtors' Funding Requirements Under the Motion to Modify**

The United States Trustee recently became aware[4] that prior to the entry of the Core Settlement that included the purchase of the Cedarvale Mining Site, the parties conducted on site tours of the Cedarvale property. *See* Duffy Transcript at 54:19-22 ("I have visited the Cedarvale site as part of the analysis, and so I was aware of the site, and prior to the [Core] settlement being approved."). It appears that during those tours, parties may have discovered that Cedarvale was not fully functioning and would require large amounts of additional capital to function. *See* Duffy Transcript at 55:11-22 ("Q: When did you become aware that the Cedarvale mining site will require additional funding? A: When I visited it . . . June of '23 . . ."); *see also* DiFiore Transcript at 67:18-23 ("Q: When did you become aware of that funding need? A: Before we decided to acquire the asset"); DiFiore Transcript at 68:2-6 ("It was known from the beginning of the negotiations that it wasn't a completed site. And the negotiations started a long time ago. But I think Cedarvale entered the conversation probably around the May-June timeframe").

---

[4] The United States Trustee conducted certain depositions on December 19, 2023 of certain members of the Official Committee of Unsecured Creditors. The transcripts of these depositions are attached hereto as Exhibit A – The Duffy Transcript and Exhibit B – The DiFiore Transcript.

The fact that additional capital in many millions of dollars would be needed for the Cedarvale Mining Site apparently was not disclosed in the Core Settlement Motion, the declarations filed in support of the Core Settlement Motion, the Disclosure Statement, the Plan, or any subsequent Plan Supplement. It appears that certain parties[5] were well aware that the backup sponsor agreement encapsulated in the confirmed Plan could not be consummated prior to the confirmation hearing and the entry of the order confirming the Plan. Upon information and belief, one of the reasons for the difference between the disclosed $50 million funding of the mining assets under the BRIC Transaction and the $225 million funding under the U.S. Bitcoin Transaction is the funding needed for the Cedarvale Mining Site. However, the parties did not disclose this relevant information in advance of confirmation. Instead, the parties were silent as to the known changes in funding requirements for mining and waited until one month after Plan confirmation to file the Motion to Modify, where for the first-time changes in funding were identified but still not explained. Based on a limited review of the transcripts of multi-day confirmation hearing transcripts, the United States Trustee is not able to find a statement by any party on the record regarding the known funding requirements for the Cedarvale Mining Site. If these critical details were known to the parties, they should have been disclosed before and during adjudication of the Core Settlement, the Disclosure Statement, and the Plan. Should the Court be inclined to grant the Motion to Modify, it should not do so unless the parties have explained these discrepancies and provided transparency into the Debtors' intended use of creditor assets currently being held by the Debtors pending distribution.

---

[5] The United States Trustee may determine that further discovery is necessary.

**RESERVATION OF RIGHTS**

The United States Trustee reserves the right to object at the Hearing on the Motion to Modify or the Joint Supplement to other deficiencies or amendments, including supplemental disclosures and on the grounds that any amendments should require proper notice under the Bankruptcy Rules with adequate time to object.

**CONCLUSION**

For the reasons stated herein and in the United States Trustee's Objection to the Motion to Modify, the Motion to Modify should be denied.

Dated: New York, New York
       December 20, 2023

                                                  WILLIAM K. HARRINGTON
                                                UNITED STATES TRUSTEE

By:    */s/ Shara Cornell*
        Shara Cornell, Esq.
        Trial Attorney
        1 Bowling Green
        New York, New York 10004
        Tel. No. (212) 510-0500