Johan Bronge
Pro Se
26 December 2023

UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK

_____

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 22-10964 (MG) |
| CELSIUS NETWORK LLC, et al. | Jointly Administered |
| | Appeal |
| Debtors. | Case No. 23-cv-10368 |

Response and Objection to Motion to Authorize / Debtors' Motion Seeking Entry of an Order (I) Designating Additional Items to be Included in Appellant's Designation of Record on Appeal; (II) Striking Certain Items from Appellant's Designation of Record on Appeal; and (III) Granting Related Relief (EFC#4126)

Your Honor,

I, Johan Bronge, the appellant and pro se creditor in the above-mentioned cases, hereby submit this response and objection to the Debtor "Motion to Authorize / Debtors' Motion Seeking Entry of an Order (I) Designating Additional Items to be Included in Appellant's Designation of Record on Appeal; (II) Striking Certain Items from Appellant's Designation of Record on Appeal; and (III) Granting Related Relief (EFC#4126)"

**I. Introduction**

I respectfully present this response and objection to address the motion filed by the Debtor on December 19, 2023, seeking to strike items from the Record on Appeal and to add a substantial amount of other items. I will respond to the key arguments presented in the Debtor's motion. Additionally, I also object to my Appeal being consolidated into a single proceeding together with two other specified Appeals that has nothing to do with the subject matter of my Appeal.

## II. Preliminary Statement

The Debtor characterizes my Appeal as "rehashing rejected arguments regarding ownership of collateral deposited through the Borrow program and subordination of Earn Account Holders' claim". My appeal does not rehash any rejected arguments as the evidence and arguments I repeatedly presented have been completely disregarded, ignored, and not properly addressed both by the Debtor and the Bankruptcy Court. The Debtor has continuously mis-referenced versions of agreements, re-named paragraphs and ignored paragraphs and sentences despite this specifically and repeatedly been pointed out. The Debtor has by this behavior been obfuscating the true meaning that contradicts the Debtor's narrative regarding Ownership of Collateral. Additionally, the paragraph in relevant versions of Loan Agreement (version 7 and 9) regulating conversion rates to be used between crypto currencies and fiat has been completely ignored. Also absent from the confirmation order is any mention of the issue of the Earn accounts that are considered securities and investment contracts by several Governmental entities in the United States of America and therefore should be subordinated.

## III. Response to the Debtor request to to Add Items to the Record and to Strike items from the Record and to consolidate the appeals.

1. **Main purpose of my Appeal:**

    - The Debtor and the Bankruptcy Court have continuously avoided to address, ignore, mis-reference, rename, exclude paragraphs and sentences and twist the evidence and arguments I have put forward. The Debtor and the Bankruptcy Court have also ignored the motion for clarifcation (EFC#4009) I filed 16 November 2023 in an effort to try to clarify the issues without the need for an Appeal. This is why my Appeal (EFC#4065) states: "I request Your Honor to pass judgment on the merit of the complete and correct evidence and agreements, specifcally and explicitly address each of the points and evidence listed above and laid out in my fling on docket (EFC#3908)" and "Additionally, I urge Your Honor to also pass judgement on merit, using the complete evidence, for non use of market rates for collateral conversion and the non subordination of Earn accounts that also have been decided without incorporating all evidence" The primary purpose of my Appeal is to seek a

judgment based on the merits of the complete, relevant and accurate evidence, as I am convinced this has been avoided and not achieved in the prior proceedings.

2. **Argument not to consolidate my appeal with any other appeal:**

   - The Debtor has requested to consolidate three different appeals into one. This should not be allowed as it only serves to confuse and obfuscate the real issues I have brought forward. My Appeal only deals with two main issues and my Designations include all necessary documents to make an accurate and informed ruling:
     - *1. Collateral and Conversion rates:* These are contractual issues that only need the relevant Loan Agreements (version 7 and 9), relevant general TOS (version 5 and 7) (EFC#393) and extrinsic evidence including the Earn ruling (EFC#1822), official statements from Celsius and Truth in Lending Disclosure Statement and Loan Detail Summary documents (EFC#3649), all available in my Designations. All relevant arguments from the Debtor, Bankruptcy Court and myself on these issues are also available in my Designations.
     - *2. Subordination of Earn accounts:* This issue has not at all been addressed in the confirmation order despite being part of my objection. Again, applicable documents are included in my Designations.

3. **Motion to Add Items to the Record and to Strike items from the Record**

   - For the purpose of enabling an informed opinion on my Appeal, no additional documents than what I have designated are required. It is only necessary that the correct versions of agreements are actually read, that the relevant evidence are considered without mis-referencing agreement versions, ignoring and re-naming paragraphs, and ignoring sentences and meaning of language. This is all specified in my filing (EFC#3908). The Debtor's long list of documents to be added will only divert attention from the issues brought forward in my Appeal. These documents are neither required nor necessary to make an impartial, adequate and fair ruling based on relevant and accurate evidence.

> I am not able to access the case law referenced by the Debtor, but it seems likely the references under point 23, especially the sentence "To relieve the district court from "the burden of resolving frivolous designations of overzealous counsel at the very outset of an appeal,"" are relevant to the Debtor's list of items. The Bankruptcy Court should therefore not allow inclusion on Record on Appeal all items included in the table attached as Exhibit 1 to the attached Proposed Order in the Debtor motion. The only exception to this may be any transcripts of court hearings if relevant to my Appeal and not already in my Designations.

- All items I have designated for my Appeal are valid and appropriate, including referenced documents. The Debtor specifically mentions the adversary complaint filed by the Ad Hoc Group of Borrowers. However, this document contains relevant arguments and discussions regarding collateral ownership and even though strictly not necessary, it improves the understanding of the issues. The Debtor also specifies the so far unanswered motion for clarification as it was filed after the confirmation order. However, this motion does not add anything that was not already in evidence, it merely specifies and clarifies exactly what has been ignored, mis-referenced, obfuscated or not addressed by the Debtor or the Bankruptcy Court. It therefore serves to focus and clarify the issues at hand and enables an expeditious handling of the Appeal.

## IV. Conclusion:

I request the Court to deny the Debtor's Motion to Strike Items from the Record on Appeal. Striking items would not only impede a fair evaluation of the Appeal but also hinder the Court's ability to render a just decision.

I request the Court to reject the Debtor's additional items to be designated to the Record on Appeal with the exception of transcripts of court hearings relevant to my Appeal and not in my Designations already. No items are defined or specified to be relevant to my Appeal, it is rather just a long list of documents with no reasonable purpose other than to try to obfuscate and render the Appeal process cumbersome and time consuming. Insofar that the Debtor have a proper specific argument to add items, specifically relevant to my Appeal, I request those to be specified in a separate motion.

I request the Court to deny the Debtor to consolidate any other Appeal together with my

Appeal. The Debtor has continuously ignored, obfuscated, misrepresented and mis-referenced evidence in conjunction with the issues I have repeatedly brought forward. It is important that my Appeal is a stand alone Appeal. This will guard against and limit the possibility for the Debtor to continue this behavior and it will be more obvious if the Debtor persists in employing such behavior in the appeal process. It will not so easily drown in all the documents and evidence needed for other issues.

I appreciate the Court's consideration of this matter and respectfully request a fair and thorough review of my Appeal, with due regard for the relevant evidence I have designated.

Respectfully,

Johan Bronge
*Pro se creditor*