**UNITED STATES BANKRUPTCY COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br>CELSIUS NETWORKS LLC et al<br>Debtors<br><br>ADAM KRYSKOW<br>Plaintiff<br><br>v.<br><br>CELSIUS NETWORKS LLC et al.<br>Defendants | Chapter 11<br><br>Case No. 22-10964 (MG)<br><br>Jointly Administered<br><br>Adversary Proceeding No.: |

**COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF**

Adam Kryskow, a creditor in the above captioned Chapter 11 cases, files this Complaint (the "Complaint") for Declaratory Judgment and other equitable relief against Celsius Networks LLC and all its affiliated companies (the "Debtors")[1], which are the Debtors in the above captioned Chapter 11 cases. As the basis for this Complaint, Mr. Kryskow states as follows:

---

[1] The Debtors are: Celsius Network LLC, Celsius KeyFi LLC, Celsius Lending LLC; Celsius Mining LLC, Celsius Network Inc., Celsius Network Limited, Celsius Networks Lending LLC, Celsius Holding LLC, GK8 Ltd., Gk8 UK Limited, and GK8 USA LLC. The estates of all the Debtors were substantively consolidated pursuant to the Plan confirmed by the Court.

1

## NATURE OF THE ACTION

1. This Complaint seeks a declaration that certain transactions involving Mr. Kryskow's account with the Debtor during the 90-day period prior to the filing of the Debtors' bankruptcy cases cannot be deemed preferential pursuant to 11 U.S.C. § 547, as the Debtors have already claimed in connection with the Plan of Reorganization that has been approved by the Court.

## JURISDICTION AND VENUE

2. This Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157 (b)(2)(F).

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. This adversary proceeding is commenced pursuant to Rule 7001(1),(7) and (9) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and section 105(a) of Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code"), 11 U.S.C. § 105(a). Declaratory relief is appropriate pursuant to Bankruptcy Rule 7001 (9) and the Declaratory Judgment Act 28 U.S.C. §§ 2201 and 2202.

## PARTIES

5. Plaintiff Adam Kryskow ("Mr. Kryskow") is an individual, residing in Alton Bay, New Hampshire, and a creditor in the Debtors' bankruptcy cases.

6. Upon information and belief, the Debtors are Delaware limited liability companies that sought protection under the Bankruptcy Code by commencing these cases in this Court. The Debtors' service address and principal place of business is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

**FACTUAL PREDICATE**

7. As part of the Debtors' Plan of Reorganization approved by the Court, creditors were notified of "Withdrawal Preference Exposure," which is defined in the Plan as: (i) the aggregate value of all assets an Account Holder withdrew from the Debtors' platform in the 90 days prior to the Petition Date (i.e., on or after April 14, 2022), valued as of the time of such withdrawals less (ii) the aggregate value of any deposits such Account Holder made after such Account Holder's first withdrawal in such period. See Plan Article I.A.270.

8. In the ballot that the Debtors provided to Mr. Kryskow with the solicitation package to approve or reject the Plan, the Debtors informed Mr. Kryskow that his "preference exposure" totaled $231,736.23.

9. Mr. Kryskow informed the Debtors that the preference exposure of $231,736.23 was incorrect. In response, the Debtors sent Mr. Kryskow an email dated October 2, 2023 (the "Email"), where they claimed that their calculation was correct. A copy of the Email is attached hereto as Exhibit A. The Email attached an excel spreadsheet (the "Spreadsheet"), where the transactions at issue were itemized. A copy of the Spreadsheet is attached hereto as Exhibit B.

10. As the Email indicates, the Debtors deemed a withdrawal of proceeds from a loan (the "Loan") that Mr. Kryskow obtained from Celsius in the amount of $585,000 (the "Loan Principal") as a preferential payment received by Mr. Kryskow. The Spreadsheet then gives credit against the Loan Principal withdrawal for deposits that Mr. Kryskow made to bring the collateral of the Loan into compliance to avoid being defaulted, resulting in a net preferential exposure, according to the Debtors of $231,736.23.

11. Mr. Kryskow's creditor claim against the Debtors is classified in the Plan as included in the so-called "Retail Borrower Class." As such, Mr. Kryskow is entitled to refinance the

outstanding balance of his loan and received back in kind 100% of the amount he refinances. The Debtors' determination that Mr. Kryskow is facing a preference exposure of $231,736.23 is negatively affecting his ability to refinance the Loan.

12. In addition, even if Mr. Kryskow were to decide not to refinance the Loan and repay the outstanding balance via a setoff of his collateral held by the Debtors as the Plan also allows, his distribution from the Debtors' estate would be much delayed until the preference claim gets resolved as provided under the Plan.

13. The Debtors' claim that Mr. Kryskow was the recipient of a preferential transfer as indicated in the Email and the Spreadsheet has no basis in fact or law.

14. It is undisputed that the $585,000 withdrawn from Mr. Kryskow's account were the proceeds of the Loan that he obtained from Celsius and that he is obligated to pay back to the Debtors pursuant to the Loan terms and pursuant to the Plan. As such, the withdrawal of that amount from the account was not a transfer "for or on account of an antecedent debt owed by the debtor before such transfer was made," as required by § 547(b)(2) in order to be deemed a preference. The debtor in this context is Mr. Kryskow, who has an obligation to repay the Loan. The transaction has not depleted the bankruptcy estate in any way and has not improved the position of Mr. Kryskow vis-à-vis other creditors.[2]

15. Moreover, the Plan approved by the Court provides for the Loan repayment either through a setoff of the collateral held by the Debtors or a refinancing. To seek an additional recovery on top of the repayment of the Loan would result in a windfall to the Debtors.

---

[2] Even if for the sake of argument the transaction could somehow satisfy the definition of a preference under the Code, Mr. Kryskow would still have affirmative defenses that he hereby reserves.

## **COUNT I**

### **Declaratory Judgment Under 28 U.S.C. § 2201(a)**

16. The allegations set forth in the preceding paragraphs are incorporated herein by reference.

17. An actual legal and substantial controversy exists between the parties regarding whether the transactions set forth in the Email and the Spreadsheet (Exhibits A and B hereto) subject Mr. Kryskow to any liability to the Debtors' estate pursuant to § 547 of the Bankruptcy Code. The controversy is of sufficient immediacy to warrant judicial relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2.

18. The transactions set forth in the Email and the Spreadsheet do not meet the definition of a preference under § 547 because the transfer of $585,000 is undisputedly proceeds from the Loan that Mr. Kryskow has to repay and the withdrawal of those funds was not on account of an antecedent debt of the Debtors.

19. As a result, Mr. Kryskow is entitled to a declaratory judgment that the $585,000 withdrawn from his account with the Debtors was not a preferential transfer under Section 547 of the Bankruptcy Code.

WHEREFORE, Mr. Kryskow respectfully request that the Court enter judgment in his favor as follows:

(a) Declaring that the transactions set forth in the Email and the Spreadsheet attached hereto as Exhibits A and B do not constitute preferences under Section 547 of the Bankruptcy Code.

(b) Enjoining the Debtors to bring any action under Section 547 of the Bankruptcy Code against Mr. Kryskow based on the transactions referenced on Exhibit A and B hereto.

(c) Enjoining the Debtors from withholding any distributions due to Mr. Kryskow under the Plan due to a claimed preferential exposure based on the transactions referenced on Exhibits A and B hereto.

(d) Granting Mr. Kryskow such other relief as the Court deems appropriate under the circumstances.

Dated:  New York, New York
December 26, 2023

/s/Eduardo J. Glas
Eduardo Glas, Esq.
Law Office of Eduardo Glas PC
500 E. 83rd Street, # 9H
New York, New York 10028
(917)864-1461
eglas@glasattorneys.com
Counsel for Adam Kryskow