Johan Bronge
Pro Se
01 January 2024


UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK

_____

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 22-10964 (MG) |
| CELSIUS NETWORK LLC, et al. | Jointly Administered |
| | |
| | Appeal |
| Debtors. | Case No. 23-cv-10368 |

_____


**Corrected Statement of Issues and Designations of Items to be included in the record for Johan Bronge's Appeal in Celsius case 22-10964 (MG)**


Your Honor,

In the Statement of Issues and Designations of Items to be included in the Record on Appeal (EFC#4065) I mistakenly omitted to include the document (EFC#3908) in the Designations of Items to be included in Record on Appeal for my Appeal. Even if this document is included by reference in other Designations, I herby file a correction with the appropriate document included in the Designations as exhibit A.


Respectfully

Johan Bronge

*Pro se creditor*

**EXHIBIT A**

**Corrected Statement of Issues and Designations of Items to be included in the record for Johan Bronge's Appeal in Celsius case 22-10964 (MG)**

Your Honor,

In the following court filings from Debtor's counsel, Memorandum of Law (EFC#3864), Conclusion of Law (EFC#3867) as well as in Court Hearing Transcript (EFC#3999) from the closing arguments and in the Bankruptcy Court Findings of Fact, Conclusions of Law and Order confirming the joint CH11 plan (EFC#3972), there are inconsistencies, mis-referencing, ignoring of evidence and failure to address arguments pertaining to ownership of collateral for creditors voting no to the plan and the class settlement (under *Loan Agreement 7 with General TOS 5* and *Loan Agreement 9 with General TOS 7*), for conversion rates used and for the non-subordination of Earn accounts. The exclusions of evidence and mis-referencing have created ambiguity and altered meaning and interpretation of and between different versions of Loan Agreement and General TOS.

I have extensively and meticulously laid out the omissions, misrepresentations and mis-reference in the above filings in my filing (EFC#3908) which clearly and explicitly describe all below issues with all references incorporated. I have also explicitly pointed this out in the Confirmation Hearing (ÈFC#3999, p126-131). These points and evidence have consistently been ignored both by the Debtor's counsel and the Bankruptcy Court. I have also requested clarification of the below issues since the order was filed (EFC#4009) but so far not received any response. The main evidence excluded or not being considered or addressed are listed below;

1. The Bankruptcy Court have not addressed, ignored or omitted: Why the exact language the Bankruptcy Court in the *Earn ruling, page 38-39* (*EFC#1822*) explicitly states **does not** transfer ownership title, now for the *Loan Agreement version 7,* is referred to as the language that do transfer ownership title. (see ECF#3908 chapter 1 and chapter 2, point 16 and 21)
2. The Court have not addressed, ignored or omitted: Why the last sentence in *General TOS version 5 clause 4. Nature of e-Services – B. Loans* has been excluded when

referring to this clause. This sentence reads: "**In each case the matters expressed above shall be set out in the Loan Agreement and nothing in this clause 4B shall be taken to modify, supplement or otherwise impact the Loan Agreement between you and CNL.**" (see EFC#3908 chapter 2, point 17)

3. The Court have not addressed, ignored or omitted: Why language from *General TOS version 8* that is significantly different from *General TOS version 7* is relied on. Version 8 **is not** applicable to my loans and Version 7 **does not** include collateral or loans in *Clause 13. Consent to Celsius' Use of Digital Assets*. (see EFC# 3908 chapter 2, point 18)

4. The Court have not addressed, ignored or omitted: Why the language, continuously used in Loan Agreements that supports that no transfer of ownership title has taken place is excluded in arguments. (see EFC#3908 chapter 2, point 23)

5. The Court have not addressed, ignored or omitted: Why extrinsic evidence is not used in those instances where there is ambiguity, version 9 of Loan Agreement with version 7 of General TOS, (see EFC#3908 point 23)

6. The Court have not addressed, ignored or omitted: Why the clause *Conversion rates* in Loan Agreement version 7 and 9, which explicitly states that market prices shall be used in any conversion of digital assets and fiat currency, have been ignored. (see EFC# 3908 chapter 3)

7. The Court have not addressed, ignored or omitted: Why Earn accounts are not subordinated as they are deemed securities by several Governmental State and Federal regulators? (see EFC# 3908 chapter 4)

Your Honor, it is inequitable and intolerable that specific points, evidence and language supporting my arguments are excluded, ignored and not addressed when the Bankruptcy Court argues for certain interpretations. This amounts to the Bankruptcy Court purposefully selecting and mixing versions of agreements while excluding paragraphs and sentences contradicting the Bankruptcy Courts preferred interpretations.

I request Your Honor to pass judgment on the merit of the complete and correct evidence and agreements, specifically and explicitly address each of the points and evidence listed above and laid out in my filing on docket (EFC#3908). It will then be obvious that the conclusion and order that collateral is property of the estate and not of the borrowers under Loan Agreements version 7 and 9 in combination with General TOS version 5 and 7

respectively, is fundamentally wrong and based on mis-referencing and a selective portion of the evidence.

Additionally, I urge Your Honor to also pass judgement on merit, using the complete evidence, for non use of market rates for collateral conversion and the non subordination of Earn accounts that also have been decided without incorporating all evidence. Again, when taking all evidence into account, it will be obvious that conversion between collateral and fiat currency shall be at market rates and that Earn accounts should be subordinated.

Your Honor, I request that the Appellate Court overrule the Bankruptcy Court and order that:

1. My BTC collateral for loan 31904 is my legal property, not part of the bankruptcy estate.

2. Order the Debtor to return the full BTC collateral to address, specified by me, outside Celsius platform, immediately upon repayment of loan 31904 principal and accrued interest.

3. Order the same as in point 1 and 2 for my loans 141539, 141544, 141558.

4. Order that for any collateral, being subject to the plan or not, market prices shall be used in all valuation and conversion between Digital Asset and fiat currency.

5. Order Earn accounts subordinated, in the plan or not, so that any collateral claims will be filled in full before Earn claims.

I reserve all rights in relation to the above issues.


Respectfully

Johan Bronge



**Designations of Items to be included in the record:**

The following filings on the docket for case Celsius Network LLC, et al. Case Number: 22-10964 (MG) SDNY

**393, 902, 1822, 1956, 2001, 3154, 3511, 3609, 3641, 3649, 3864, 3867, 3908, 3972, 3974, 3999, 4009 and all documents referenced in the these filings.**