**WHITE & CASE LLP**
David M. Turetsky
Samuel P. Hershey
Joshua D. Weedman
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile:  (212) 354-8113
Email: david.turetsky@whitecase.com
           sam.hershey@whitecase.com
           jweedman@whitecase.com

– and –

**WHITE & CASE LLP**
Keith H. Wofford
Southeast Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131
Telephone: (305) 371-2700
Facsimile:  (305) 358-5744
Email: kwofford@whitecase.com

**WHITE & CASE LLP**
Gregory F. Pesce (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone: (312) 881-5400
Facsimile:  (312) 881-5450
Email: gregory.pesce@whitecase.com

– and –

**WHITE & CASE LLP**
Aaron E. Colodny (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, California 90071
Telephone: (213) 620-7700
Facsimile:  (213) 452-2329
Email: aaron.colodny@whitecase.com

*Counsel to the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' JOINDER TO THE DEBTORS' OBJECTION TO THE APPLICATION OF THE BORROWER AD HOC GROUP FOR ALLOWANCE AND REIMBURSEMENT OF PROFESSIONAL FEES AND ACTUAL, NECESSARY EXPENSES IN MAKING A SUBSTANTIAL CONTRIBUTION TO THESE CHAPTER 11 CASES**

The Official Committee of Unsecured Creditors (the "**Committee**")[2] appointed in the cases

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the *Modified Joint*

of the above-captioned debtors and debtors-in-possession (collectively the "**Debtors**") files this joinder to the *Debtors' Objection to the Application of the Borrower Ad Hoc Group for Entry of an Order Pursuant to 11 U.S.C. §§ 503(b)(3)(D) and 503(b)(4), for Allowance and Reimbursement of Professional Fees and Actual, Necessary Expenses in Making a Substantial Contribution to these Cases* [Docket No. 4179] (the "**Debtors' Objection**"). The Committee respectfully states as follows:

## JOINDER

1. The Committee reasserts its position that certain ad hoc groups and other *pro se* creditors have made a substantial contribution to these Chapter 11 Cases by taking actions that directly and materially advanced the interests of the Debtors' estates and facilitated their reorganization. *See The Official Committee of Unsecured Creditors' Statement in Support of and Objection to Certain Substantial Contribution Motions* [Docket No. 4027] (the "**Substantial Contribution Statement**"). However, as set forth in the Substantial Contribution Statement, the Committee objects to the payment of any fees by the estate that were incurred to further self-interested goals and did not benefit the Debtors' estates. *Id.* ¶ 9.

2. The Committee joins the Debtors' objection to any amounts incurred by the Retail Borrower Ad Hoc Group (the "**Borrower Group**") in pursuit of self-interested goals, including fees incurred in connection with its efforts to block the implementation of the Orderly Wind Down and "forego [the] higher recovery [provided by the MiningCo Transaction]—not only for itself, but on behalf of the entire creditor body . . . ." *Memorandum Opinion Granting the Wind-Down Motion of Debtors and the Committee for Entry of an Order (I) Approving the Implementation of*

---

*Chapter 11 Plan of Reorganization of Celsius Network LLC and Its Debtor Affiliates* [Docket No. 3577] (the "**Plan**").

2

*the MiningCo Transaction, and (II) Related Relief* [Docket No. 4171] at 25 (the "**Wind-Down Opinion**," and the motion it approved, the "**Wind-Down Motion**").

3. "To qualify for administrative priority status under section 503, the contribution must be (i) substantial, (ii) directly benefit the estate – and not merely a class of creditors or interest holder – and (iii) not duplicative of services performed by others." *In re Synergy Pharms., Inc.*, 621 B.R. 588, 609 (Bankr. S.D.N.Y. 2020). When analyzing a request for substantial contribution, courts in the Second Circuit consider various factors, including "(i) whether the services benefited a creditor, the estate itself, or all interested parties; (ii) whether the services resulted in an actual significant and demonstrable benefit to the estate; and (iii) whether the services were duplicated by the efforts of others involved in the case." *In re AMR Corp.*, No. 11-15463 (SHL), 2014 WL 3855320, at *1 (Bankr. S.D.N.Y. Aug. 5, 2014).

4. The Borrower Group asserts that it has provided a substantial contribution because its efforts "resulted in a settlement that will provide an enhanced recovery not only to members of the Borrower Ad Hoc Group but to all Borrowers, while preserving significant amounts of cryptocurrency and NewCo Equity for the other major constituencies." *Application of the Borrower Ad Hoc Group* [Docket No. 3671] at 4. Courts in this district, however, have stated that "the substantial contribution provisions should not be relied on to reward . . . unofficial committees who merely furthered their own or their constituent's interests." *In re Synergy Pharms., Inc.,* 621 B.R. 558, 609 (Bankr. S.D.N.Y. 2020) (internal citations omitted). Rather, "the benefit received by the estate must be more than an incidental one arising from activities the applicant has pursued in protecting his or her own interests." *In re Dana Corp.*, 390 B.R. 100, 108 (Bankr. S.D.N.Y. 2008).

5. In its Substantial Contribution Statement, the Committee asserted that the Borrower

Group's application, along with the applications submitted by the other ad hoc groups, cleared that high hurdle because, at the time, it believed that their efforts benefited the Debtors' estate as a whole by "contribut[ing] to the equitable distribution of the Debtors' estates, building consensus, and moving these cases towards confirmation." Substantial Contribution Statement ¶ 4.

6.  Circumstances following that filing have made clear, however, that the Borrower Group's actions, were not aimed to generate value for the Debtors' estates and facilitate the Debtors' reorganization, but rather to advance the interests of the specific members of the Borrower Group (and maybe even only those of its five-person steering committee). Following the conclusion of the mediation, the Borrower Group consistently refused to honor its commitment to support the Plan. *See* Docket No. 3064, Ex. B at 4. Indeed, even at the confirmation hearing, despite the overwhelming support from the class of Retail Borrower Deposit Claims for the Plan, Mr. Adler simply noted that the mediated result was a result that they "could live with." Oct. 2. 2023 Hr'g Tr. at 69:10. In his statements, Mr. Adler made clear that his group's actions were focused on the individual tax concerns of his clients and receiving as much cryptocurrency as possible, specifically referencing the interests of larger borrowers who make up his steering committee. Oct. 2, 2023 Hr'g Tr. at 68:1-13 ("And a disposition event would be very, very bad in this case, especially for some of the higher borrowers."); *see also id.* at 69:7-18.

7.  If there were any doubt about the Borrower Group's motives, it was put to rest by its objection to the Wind-Down Motion. *See* Docket Nos. 4100 & 4122. The Borrower Group was the only organized creditor constituency to file an objection to the Wind-Down Motion and "only objected after its five-person steering committee resolved to do so on behalf of its approximately 70-member constituency, which was not asked to vote on filing an objection." Wind-Down Opinion at 25. As the Bankruptcy Court noted, the Borrower Group "recognized the

4

higher absolute distributions available under the MiningCo Transaction but [was] prepared to forgo that higher recovery—not only for itself, but on behalf of the entire creditor body—in single minded pursuit of its goal." *Id.* at 26.

8.  Substantial contribution awards under section 503 of the Bankruptcy Code are "reserved for those rare and extraordinary circumstances when the creditor's involvement truly enhances the administration of the estate." *Dana Corp.*, 390 B.R. at 108. Services that substantially contribute to a chapter 11 case are those which foster and enhance, rather than retard or interrupt the progress of reorganization. *See In re Richton Int'l Corp.*, 15 B.R. 854, 856 (Bankr. S.D.N.Y. 1981). A creditor's self-interested act does not justify a substantial contribution award even if it indirectly benefitted the debtor's estate. *Id.*; *see also In re Westinghouse Elec. Co. LLC*, No. 17-10751 (MEW), 2019 WL 4555990, at *12 (Bankr. S.D.N.Y. Sept. 19, 2019) ("A creditor does not need to be completely altruistic, but where a creditor's actions have been performed primarily to protect the creditor's own interests no 'substantial contribution' claim is appropriate."). Here, the Borrower Group has demonstrated that its actions, especially its efforts to oppose the Wind-Down Motion, were self-interested. It has not proven by a preponderance of the evidence that it has provided a substantial contribution to the estate. Therefore, the Committee joins in the Debtors' objection and requests that the Borrower Group's application for substantial contribution be denied.

*[Remainder of page intentionally left blank]*

| | |
|---|---|
| Dated: January 4, 2024<br>New York, New York | Respectfully submitted,<br><br>*/s/ Aaron Colodny*<br>**WHITE & CASE LLP**<br>David M. Turetsky<br>Samuel P. Hershey<br>Joshua D. Weedman<br>1221 Avenue of the Americas<br>New York, New York 10020<br>Telephone: (212) 819-8200<br>Facsimile: (212) 354-8113<br>Email: david.turetsky@whitecase.com<br>      sam.hershey@whitecase.com<br>      jweedman@whitecase.com<br><br>– and –<br><br>**WHITE & CASE LLP**<br>Gregory F. Pesce (admitted *pro hac vice*)<br>111 South Wacker Drive, Suite 5100<br>Chicago, Illinois 60606<br>Telephone: (312) 881-5400<br>Facsimile: (312) 881-5450<br>Email: gregory.pesce@whitecase.com<br><br>– and –<br><br>**WHITE & CASE LLP**<br>Keith H. Wofford<br>Southeast Financial Center<br>200 South Biscayne Blvd., Suite 4900<br>Miami, Florida 33131<br>Telephone: (305) 371-2700<br>Facsimile: (305) 358-5744<br>Email: kwofford@whitecase.com<br><br>– and –<br><br>**WHITE & CASE LLP**<br>Aaron E. Colodny (admitted *pro hac vice*)<br>555 South Flower Street, Suite 2700<br>Los Angeles, California 90071<br>Telephone: (213) 620-7700<br>Facsimile: (213) 452-2329<br>Email: aaron.colodny@whitecase.com<br><br>*Counsel to the Official Committee of*<br>*Unsecured Creditors* |