# EXHIBIT A

**TROUTMAN PEPPER HAMILTON SANDERS LLP**
Deborah Kovsky-Apap
875 Third Avenue
New York, NY 10022
Telephone: (212) 704-6000
Facsimile: (212) 704-6288
Email:    deborah.kovsky@troutman.com
*Counsel to the Ad Hoc Group of*
*Withhold Account Holders*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>CELSIUS NETWORK LLC, *et al.*,[1]<br><br>                                           Debtors. | Chapter 11<br><br>Case No. 22-10964 (MG)<br><br>(Jointly Administered) |

**SUPPLEMENTAL DECLARATION OF DEBORAH KOVSKY-APAP**
**IN SUPPORT OF THE APPLICATION OF THE AD HOC GROUP**
**OF WITHHOLD ACCOUNT HOLDERS**
**FOR ALLOWANCE AND PAYMENT OF FEES UNDER**
**BANKRUPTCY CODE SECTIONS 503(b)(3)(D) AND 503(b)(4)**

I, Deborah Kovsky-Apap, declare as follows:

1.    I am a partner at Troutman Pepper Hamilton Sanders LLP ("Troutman Pepper") and am counsel to the Withhold Ad Hoc Group.[2]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

[2] Capitalized terms not otherwise defined herein have the meanings set forth in the *Application of the Ad Hoc Group of Withhold Account Holders for Allowance and Payment of Fees Under Bankruptcy Code Sections 503(b)(3)(D) and 503(b)(4)* (the "Application").

2.  I submit this supplemental declaration in support of the Withhold Ad Hoc Group's Application.

3.  I have personal knowledge of the facts and circumstances set forth herein. If called upon to testify, I could and would competently testify to the facts and legal assertions set forth herein from my own personal knowledge, except as otherwise noted.

4.  At the time the Withhold Ad Hoc Group engaged Troutman Pepper, the expectation, as discussed between us, was that resolution of the status of Withhold assets would be relatively straightforward, mirroring the anticipated resolution of the status of Custody assets.

5.  As it turned out, those expectations were overly optimistic, as the issues involved in determining the proper treatment of Withhold assets (and Custody assets, for that matter) were far more complex and demanded significantly more time and resources than projected.

6.  The Withhold Ad Hoc Group's engagement letter with Troutman Pepper advised them that hourly rates increase annually, and the Withhold Ad Hoc Group was made aware that the discount would not continue indefinitely.

7.  Upon the annual increase of Troutman Pepper's fees on January 1, 2023, the Withhold Ad Hoc Group did not request—and, in light of the increased scope and complexity of the representation, Troutman Pepper did not offer—a continuation of the discount that had already resulted in a fee reduction of nearly $50,000.

8.  With respect to my personal qualifications to represent the Withhold Ad Hoc Group in these Chapter 11 Cases, I am a partner in in the Finance and Restructuring practice group at Troutman Pepper, a large national firm, and have been practicing law for over 20 years. I represent debtors, creditors, official and ad hoc committees, and other key stakeholders in

-3-

chapter 11 cases across the country. In addition, I regularly lecture on bankruptcy topics to national and regional organizations.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: January 4, 2024

_____
Deborah Kovsky-Apap