Rebecca Gallagher  
*Pro se creditor*  
January 4th, 2024

Hearing: January 11, 2024

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| CELSIUS NETWORK LLC, *et al*, 1 | ) Case No. 22-10964 (MG) |
| Debtors. | ) (Jointly Administered.) |

## Reply to Omnibus Objections of the US Trustee [ECF Dkt. No 3662] And the Debtors [ECF Dkt. No 4025] to Substantial Contribution Application by Rebecca Gallagher [ECF Dkt. No 3662]

The US Trustee has objected to all eleven substantial contribution applicants, stating that we have acted in our "own self interest", we have acted only to the benefit of our "own type of account holders" and that our actions could have been "taken by the Debtors and/or the Committee without the interjection of the Applicant." [ECF Dkt. 4016].

---

1 The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

The Debtors Objection similarly asserts, that I did "not introduce any evidence demonstrating that (my) participation in these Chapter 11 Cases was anything more than an act of self-interest to ensure a greater recovery." That my expense request does "not fall within the ambit of section 503 of the Bankruptcy Code"

**Response**

1. In answer to these objections I can state that, in my case, as one of the Class Claim Lead Plaintiffs, this is categorically not true. I acted in the interests of **all** creditors, to the benefit of **all** categories of non-custody account holders and in the interests of preserving precious estate funds. My actions and participation helped secure an extra 5 percent recovery for all, whilst giving up an individual Proof of Claim that sought 43 percent of missing funds due to petition date pricing, and that must have been so iron clad that it resulted in being selected as a bellwether. I gave up the pursuit of the 43 percent for self in order to secure the 5 percent for all. This is hardly self-seeking, or looking out only for the interests of one particular group of creditors and such statements should be dismissed.

2. With the deluge of submitted Proof of Claims, the Case had reached a critical point of impasse by the end of February 2022. The Class Claim Settlement, that I was an integral part of, rescued us all. It allowed the Debtors and the Committee to streamline the Claims resolution process which resolved over 25,000 non-custody Account Holder Claims in the amount of approximately $1.36 billion

in the aggregate. It also saved months, possibly years, of expensive litigation, drain on estate funds and delay for all. It therefore fulfilled the requirement of section 503(b)(3)(D) of the Bankruptcy Code.

3. As the Debtors state, "when analyzing a request for substantial contribution, courts in the Second Circuit consider various factors, including "(i) whether the services benefited a creditor, the estate itself, or all interested parties; (ii) whether the services resulted in an actual significant and demonstrable benefit to the estate" [ECF Dkt. 4179 p.8]. My participation in the Class Claim and my services as a Lead Plaintiff resulted in an extra recovery for all non custodial parties, and benefited the estate itself, in the savings of the time and cost in litigating 25,000 individual Proofs of Claim.

4. In response to the US Trustee's assertion that my actions were actions that the Debtors or the Committee could have taken "without the interjection of the Applicant" I would argue that serving as a Lead Plaintiff is not an action that the Debtors or the Committee could have taken "without the interjection of the Applicant." A Class Claim needs a Lead Plaintiff. As the poster child of a Celsius victim, who lost the proceeds of her home and retirement savings to the platform, by lending my story to this process, I became a contributing part of the successful resolution.

5. The Debtors argue that it was "Estate professionals who negotiated the class action settlement for the benefit of the Debtors' Estates." [ECF 4025 p.5]

Yet my story was used as part of what achieved this. I spent many hours, over several weeks, extensively working with White and Case on my Declaration, extensively reading Court Dockets to stay informed, and in the preparations to be cross examined should the matter have gone to trial. The time that I invested provided more than just an "incidental benefit to the estate" [ECF 4025 p.13]

6. My fellow Lead Plaintiffs, Ignat Tuganov and Thomas Difiore, had legal council to help them through that process. I did not have that luxury; I worked as a *pro se*, as I did with the Motion and two Objections I filed in this case. This saved the estate the expense of hiring an attorney to help me, which was offered by White and Case. Why should the time, effort and energy a *pro se* spends have no value, yet that of an attorney does?

7. I ask for the leniency granted a *pro se* for using the wrong terminology in my request. I should not have used the term "additional recovery," which threw everyone off, but rather the term "fee." Section 503(b)(3)(D) of the Bankruptcy Code clearly allows for reasonable professional fees or expenses **incurred by certain parties** in making a substantial contribution to chapter 11 cases. These fees and expenses should inure to the *pro se* if they are working without a professional. Especially as this area has not been categorically defined by the Code. As the Debtors point out:-

19. The term "substantial contribution" **is not defined in the Bankruptcy Code**. In determining whether a party has made a "substantial contribution" within the meaning of section 503(b)(3)(D) of the

Bankruptcy Code, however, courts have found that "the applicable test is whether the efforts of the applicant resulted in an actual and demonstrable benefit to the debtor's estate and the creditors." In re Lebron v. Mecham Fin. Inc., 27 F.3d 937, 944 (3d. Cir. 1994) (quoting In re Lister, 846 F.2d 55, 57 (10th Cir. 1988)). [ECF 4179 pg.7]

My services as a Lead Plaintiff are an integral part of the Class Claim, and did result in "an actual and demonstrable benefit to the debtor's estate and the creditors" as the preponderance of evidence set out above shows.

8. In addition, although serving as a Lead Plaintiff is voluntary, it is accepted custom and practice to grant those who serve some form of compensation. White and Case may have invited me, but I stepped up. My fellow Lead Plaintiffs are all being compensated in one way or another. Mr DiFiore, will receive a well paid board seat and Mr. Tuganov is requesting reimbursement for over 1 million in attorney fees. I am simply requesting 20 ETH.

9. The US Trustee is confused as to why I have a personal substantial contribution claim, and also an expense claim via the Earn AdHoc's own Substantial Contribution filing. This is because my services as a Lead Plaintiff were performed in my individual capacity and should be kept separate from my participation in the Earn AdHoc. I participated in a brainstorming session with Mr. Herrmann right before the Mediation, as I was unable to attend in person. I am asking for the expenses incurred in traveling to said session to be reimbursed through the AdHoc as that is what those expenses relate to.

10.     The US Trustee also questions why I am requesting 20 ETH and not traditional fiat currency. [ECF Dkt. 4016 Pg. 60] In explanation of the basis for this request, I had 135 ETH on the platform, a carefully made investment choice that was expected to grow to $1,350,000.00 by the time I was 70. I now have to face the fact that I will never see the upside of my ETH investment. It is the Opinion of the Court that my property belongs to the Estate. It is deeply grievous to me that the Court allowed a fraudulent, criminal organization to be granted ownership of customer property because of one sentence in the TOS. The 20 ETH I am requesting is a small percentage of what I once held and a modest amount in the grand scheme of things. Very modest compared to what others are asking, or have billed the estate, for. In addition, given that distributions are to be in BTC and ETH only, this seems appropriate. ETH will appreciate in value. Fiat will not.

11.     I would like to point out an error in Exhibit A of the US Trustees Objection which states that I am requesting $437,065.38 in fees rather than 20 ETH. The $437,065.38 is actually the amount I am losing to bankruptcy date pricing, compared to the seven plus figures I originally transferred to the Celsius platform. Yes, I am losing more to petition date pricing than to the Celsius "haircut". Even if I were to be made 100 percent whole in dollar terms, I would still be missing 43 percent of what I deposited onto the platform. This amount has been simply wiped out.

12. There is no way to remedy this with the current bankruptcy code, but receiving the 20 ETH fee, for my time spent being a Lead Plaintiff, would go some way towards rectifying this. Would go some way toward rectifying the devastating and irretrievable loss of a lifetime of careful accumulating, and the great injustice of using dollarized petition date pricing in the valuation of crypto assets.

13. In as much as the term "substantial contribution" is not defined in the Bankruptcy Code, it will therefore fall to the discretion, mercy and compassion of the Court to make an interpretation, and a determination, of whether to allow my application.

## Conclusion

14. WHEREFORE, for the reasons set forth herein, I, Rebecca Gallagher, request that the Court deny the objections of the US Trustee and the Debtors.

15. I request that the Court enter an order approving the Rebecca Gallagher substantial contribution claim and travel expenses.

Submitted on January 4, 2024, Kula, HI

Signature  *Rebecca Gallagher* (DocuSigned by: 285662AF2217422...)    //S// Rebecca Gallagher