Daniel A. Frishberg
*Pro Se*
DanielFrishbergDiscovery@gmail.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.,* | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

# DANIEL A. FRISHBERG'S RESPONSE TO U.S. TRUSTEE'S OBJECTION TO SUBSTANTIAL CONTRIBUTION MOTION

Daniel A. Frishberg ("Mr. Frishberg"), hereby respectfully submits this response to the *Omnibus Objection Of The United States Trustee To Substantial Contribution Applications* (D.R. 4018, the "Objection"). In support of his response, Mr. Frishberg respectfully states as follows:

## Preliminary Statement

This Court should **DENY** the US Trustee's (the "UST") Objection. The UST's Objection erroneously states that "Mr. Frishberg, Mr. Herrmann, and Ms. Gallagher seek an award of expenses of approximately $437,065.38 in the aggregate for dates beginning prepetition through the filing of the Applications". **Not so**. My requested expenses are less than 1% of the amount erroneously named by the UST. It is unclear (and one might say "confusing") exactly how the

UST reached that number, since even if you were to add the entirety of the Earn Ad Hoc's requested fees and expenses to the Bellwether Plaintiff's requested expenses, you would not reach anywhere near $437,065.38.

The UST's Objection also leaves out some key information, and details, as well as attempts to smear me by bringing up legal fees incurred by the estate. My participation in this case has brought substantial benefits to the estate, as was noted by the Debtors, the UCC, and the Fee Examiner (in regards to the GK8[1] matter).

# ARGUMENT

As part of a signed term sheet coming out of the Retail Borrower Settlement negotiations, I gave up valuable individual claims and causes of action against the estate for the benefit of *all creditors*. I gained no personal benefit, and in fact sacrificed for the greater good. I firmly believe that I would have won my Adversary Proceeding against the Debtors.

The Trustee also claims that "[a]ny benefit from Mr. Herrmann or Mr. Frishberg's attendance at the mediation was for their own personal benefit and any benefit that flowed to the Debtors' estates was incidental." **Not so**. I would challenge the Trustee to name one *personal* benefit I got from the mediation. She cannot, because there isn't one.

---

[1] Which would make my contributions a net gain to the estate.

At the mediation, as shown in the signed term sheet, Mr. Herrmann and I agreed to drop active appeals and adversary proceedings that we had filed early in these cases, in addition to helping negotiate the loan settlement, which benefited the estate by paving the way to confirmation. In settling, rather than litigating, these matters, I gave the estate certainty and saved it a huge amount of legal fees.

In addition, I, along with Mr. Herrmann, agreed to stay several appeals, including an appeal of the Customer Claims Opinion and Order, in exchange for a mediated resolution to the appeal that agreed to forego expensive litigation, resulting in a mediated resolution that included substantive consolidation, as well as preserved claims that were not property of the estate.

Dropping valuable claims and causes of actions against the estate for the good of all creditors meets the definition of substantial contribution, and all I am doing is seeking reimbursement of fees and expenses incurred.

Furthermore, contrary to the claims made by the UST, the Earn appeal was not lost. Rather, it was dismissed as interlocutory. It being dismissed as interlocutory not only gave everyone certainty (that the Earn Order was not a Final Order), but the dismissal also gave more leverage to earn creditors in negotiations with certain other creditors (such as the Borrowers) who claimed that the Earn coins were, contractually, property of the estate. Knowing that, if the recoveries of general creditors were too low, the Earn decision could (and would) be appealed, giving general unsecured creditors more leverage—meaning, ultimately, that the estate had more leverage. This leverage helped going into, and during, mediation. The leverage was ultimately

used for the benefit of general creditors to consider more assets as part of the estate and increase general creditor recoveries. While I will not break confidentiality about what occurred at mediation, the Earn Order being interlocutory was brought up, and used to a significant degree.

## **CONCLUSION**

The UST perhaps should focus more on the hundreds of millions of dollars of professional fees, and the millions of dollars of expenses, instead of $1.32 breath mints. Some of the items objected to are not worth the time to argue over. I bought deodorant[2] because it would be cheaper than paying a $35 checked bag fee to bring my own spray on deodorant. And breath mints were for the general benefit of all participants at mediation. In conclusion, this Court should GRANT my Motion, DENY the Objection.

Respectfully submitted,

Daniel Frishberg, *Pro Se*
January 4th, 2024
/s/*Daniel A. Frishberg*
Santa Clara County, California

---

[2] In case the UST argues that I benefited by obtaining a stick of deodorant, I did not, I used it only at mediation. Also it costs the estate far more to simply discuss it, than it is worth.

## CERTIFICATE OF SERVICE

      I certify that on Thursday, January 4th, 2024, a true and correct copy of the foregoing was served upon the Bankruptcy Court's Core/2002 Service list.

Daniel Frishberg, *Pro Se*
January 4th, 2024
/s/*Daniel A. Frishberg*

*[Rest of page intentionally left blank]*