UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

### JOINT STIPULATION AND AGREED ORDER BETWEEN THE DEBTORS AND GALAXY DIGITAL TRADING LLC

This stipulation and agreed order (the "Stipulation and Agreed Order")[2] is entered into by and among the above-captioned debtors and debtors in possession (collectively, the "Debtors") and Galaxy Digital Trading LLC ("Galaxy," and together with the Debtors, the "Parties"), each of which agrees and stipulates to the following.

### RECITALS

**WHEREAS**, on July 13, 2022 (the "Petition Date"), certain of the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court").

**WHEREAS**, on August 17, 2022, the Court entered an order approving procedures for the Debtors' rejection, assumption, or assumption and assignment of executory contracts and unexpired leases and granting related relief [Docket No. 517].

**WHEREAS**, on December 7, 2022, Debtors GK8 Ltd., GK8 UK Limited, and GK8 USA

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] Capitalized terms used but not otherwise defined in this Stipulation and Agreed Order have the meanings ascribed to them in the *Modified Joint Chapter 11 Plan of Celsius Network LLC and its Debtor Affiliates* (the "Plan"), attached as Exhibit A to the *Finding of Fact, Conclusions of Law, and Order Confirming the Modified Joint Chapter 11 Plan of Celsius Network LLC and its Debtor Affiliates*.

LLC (collectively, the "GK8 Debtors") each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Court.

**WHEREAS**, prior to the Petition Date, on September 1, 2021, Celsius Network Limited and GK8, LLC (formerly GK8, Ltd.) ("GK8") entered into that certain license agreement (as amended, restated, supplemented, or otherwise modified from time to time, the "License Agreement"), pursuant to which GK8 provided certain software and hardware solutions for digital asset security to Celsius Network Limited for an initial term of thirty-six months. Pursuant to the License Agreement, Celsius Network Limited was obligated to pay GK8 a minimum assets under management fee of $30,000 per month for the duration of the License Agreement.

**WHEREAS**, on December 13, 2022, the Court entered the *Order (I) Approving the Sale of the GK8 Debtors' Assets Free and Clear of All Claims, Liens, Rights, Interests and Encumbrances, (II) Authorizing the GK8 Debtors to Enter into an Perform their Obligations under the Asset Purchase Agreement, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* [Docket No. 1686], which approved the Debtors' sale of certain assets of GK8, including the License Agreement, as set forth in the asset purchase agreement dated as of December 2, 2022, by and between Galaxy, GK8, and the other sellers named therein [Docket No. 1586].

**WHEREAS**, on May 12, 2023 (the "Rejection Notice Date"), the Debtors filed the *Notice of Rejection of Certain Executory Contracts* [Docket No. 2625], pursuant to which the Debtors rejected the License Agreement effective as of December 31, 2022.

**WHEREAS**, on July 25, 2023, Galaxy filed a proof of claim against Celsius Network Limited in a total amount of $600,000 [Claim No. 31850] (the "Claim"), which purports to

2

represent the rejection damages it is entitled to as a result of the Debtors' rejection of the License Agreement. Galaxy expressly reserved the right to seek payment of an administrative expense under section 503(b)(1) of the Bankruptcy Code for services it alleges to have provided between the Rejection Date and July 12, 2023 (the "Service Termination Date").

**WHEREAS**, on August 8, 2023, Galaxy filed the *Motion of Galaxy Digital Trading LLC for Allowance of Administrative Expense for Post-Petition Services* [Docket No. 3378] (the "Administrative Expense Motion"), seeking payment of $191,610 for postpetition services allegedly provided to the Debtors pursuant to the License Agreement between the Rejection Date and Service Termination Date. The Debtors objected to the Administrative Expense Motion [Docket No. 3621].

**WHEREAS**, on October 3, 2023, Galaxy withdrew the Administrative Expense Motion without prejudice [Docket No. 3685].

**WHEREAS**, the Parties desire to resolve the dispute relating to and/or arising out of the Claim without the time, expense, and uncertainty attendant to litigation over any such related claims on the terms set forth herein.

**WHEREAS**, the Parties jointly submit this Stipulation and Agreed Order and request that the Court approve the stipulation set forth below.

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED, AND UPON COURT APPROVAL HEREOF, IT IS HEREBY ORDERED THAT:**

1. The foregoing recitals are incorporated herein by reference.

2. The Claim is hereby Allowed against the Debtors in the total amount of $600,000, of which $191,610 shall be Allowed as an Administrative Claim pursuant to section 503(b)(1) of the Bankruptcy Code (the "Allowed Administrative Claim"). The remaining $408,390 of the

Claim shall be Allowed as a General Unsecured Claim in Class 9 of the Plan (the "Allowed Unsecured Claim"). Except for the Allowed Administrative Claim as set forth in this paragraph 2, Galaxy expressly waives any and all rights to request an Administrative Claim or other priority claim in these chapter 11 cases, or any other claim other than the Allowed Unsecured Claim.

3. The Debtors' claims and noticing agent, Stretto, Inc., is authorized to update the claims register maintained in these chapter 11 cases in accordance with this Stipulation and Agreed Order.

4. This Stipulation and Agreed Order shall be binding on the Parties from the date of its execution but is expressly subject to and contingent upon approval by the Court. If the Court does not approve this Stipulation and Agreed Order, this Stipulation and Agreed Order shall be null and void.

5. This Stipulation and Agreed Order represents the entire agreement by and between the Parties with respect to the subject matter hereof and supersedes all prior discussions, agreements, and understandings, both written and oral, among the Parties with respect thereto.

6. No modification, amendment, or waiver of any of the terms or provisions of this Stipulation and Agreed Order shall bind any Party unless such modification, amendment, or waiver is in writing, has been approved by the Court, and been executed by a duly authorized representative of the Party against whom such modification, amendment, or waiver is sought to be enforced. No statements, promises, or representations have been made by any Party to any other or relied upon by any Party, and no consideration has been offered, promised, expected, or held out other than as expressly provided for herein.

7. Except as otherwise explicitly stated herein, neither this Stipulation and Agreed

Order nor any negotiations and writings in connection with this Stipulation and Agreed Order will, in any way, be construed as or deemed to be evidence of or an admission on behalf of any Party regarding any claim or right that such Party may have against the other Party.

8. Each of the Parties to this Stipulation and Agreed Order represents and warrants it is duly authorized to enter into and be bound by this Stipulation and Agreed Order.

9. The Parties acknowledge that this Stipulation and Agreed Order is the joint work product of the Parties and that, in the event of ambiguities in this Stipulation and Agreed Order, no inferences shall be drawn against any Party on the basis of authorship of this Stipulation and Agreed Order.

10. Except as otherwise explicitly stated herein, nothing in this Stipulation and Agreed Order or the relief sought herein shall constitute or be deemed: (a) an allowance of administrative expense claims under section 503(b) of the Bankruptcy Code; (b) an assumption or rejection of an executory contract or unexpired lease under section 365 of the Bankruptcy Code; (c) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (d) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds whatsoever; (e) a promise or requirement to pay any claim; (f) an implication or admission that any particular claim is of a type specified or defined in the Stipulation and Agreed Order or a finding that any particular claim is an administrative expense claim or other priority claim; (g) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' bankruptcy estates; (h) a waiver or limitation of the Debtors', or any insurers', rights under the Bankruptcy Code or any other applicable nonbankruptcy law; or (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be

satisfied pursuant to this Stipulation and Agreed Order are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

11. This Stipulation and Agreed Order may be executed in identical counterparts, including by facsimile and/or electronic mail, each of which shall be deemed an original, but all of which together constitute one and the same instrument.

12. This Stipulation and Agreed Order shall be binding on and inure to the benefit of the Parties and their respective heirs, executors, administrators, successors, and permitted assigns.

13. Nothing in this Stipulation and Agreed Order, whether express or implied, shall be construed to give to any person or entity other than the Parties any legal or equitable right, remedy, interest, or claim under or in respect of this Stipulation and Agreed Order.

14. The Court shall have exclusive jurisdiction to hear and determine all matters arising from or related to this Stipulation and Agreed Order and the interpretation and implementation thereof, and the Parties hereby consent to such jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation and Agreed Order.

[*Remainder of page intentionally left blank*]

**SO STIPULATED AND AGREED**:

New York, New York
Dated:  January 9, 2023

| | |
|---|---|
| */s/  Joshua A. Sussberg* | */s/  Darren Azman* |
| **Kirkland & Ellis LLP** | **McDermott Will & Emery LLP** |
| **Kirkland & Ellis International LLP** | Darren Azman |
| Joshua A. Sussberg, P.C. | One Vanderbilt Avenue |
| 601 Lexington Avenue | New York, New York 10017-3852 |
| New York, New York 10022 | Telephone:     (212) 547-3852 |
| Telephone:     (212) 446-4800 | Facsimile:       (212) 536-5444 |
| Facsimile:       (212) 446-4900 | Email:            dazman@mwe.com |
| Email: joshua.sussberg@kirkland.com | |
| | *Counsel for Galaxy Digital Trading LLC* |
|  - and - | |
| | |
| Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*) | |
| Ross M. Kwasteniet, P.C. (admitted *pro hac vice*) | |
| Christopher S. Koenig | |
| Dan Latona (admitted *pro hac vice*) | |
| 300 North LaSalle Street | |
| Chicago, Illinois 60654 | |
| Telephone:     (312) 862-2000 | |
| Facsimile:       (312) 862-2200 | |
| Email:             patrick.nash@kirkland.com | |
|                         ross.kwasteniet@kirkland.com | |
|                         chris.koenig@kirkland.com | |
|                         dan.latona@kirkland.com | |

**IT IS SO ORDERED.**

New York, New York
Dated: _____, 2024

                                              THE HONORABLE MARTIN GLENN
                                              CHIEF UNITED STATES BANKRUPTCY JUDGE