Tom Mercuri
*Pro Se*
09 January 2024

UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br>CELSIUS NETWORK LLC, et al.<br>Debtors. | Chapter 11<br>CELSIUS NETWORK LLC, et al.<br>Jointly Administered |

**Inquiry Regarding Withdrawal Preference Exposure and Settlement - Docket #4207**

Your Honor,

I am an international creditor involved in this case that has a Withdrawal Preference Exposure (WPE). In docket number 4207 the Debtors (and the Committee, UCC) do not want to follow a part of the plan that influenced our voting decision.

At that time we were asked if a settlement can be of interest for us. We were presented with the option of settling our WPE through various means, including cash, BTC, or ETH but also «*by setting off the Account Holder's WPE Settlement Payment against the recovery the Account Holder expects to receive under the Plan.* » See Plan, Art. IV.B.3.

From the docket #4207 - page 12
« *The Debtors, in consultation with the Committee, have determined that the logistical complications of accepting WPE Settlement Payments in BTC, ETH, or through a setoff of distributions, would significantly complicate and likely delay the Plan Effective Date.* »

While I understand the challenges associated with BTC and ETH payments, such as price fluctuations and operational complexities, I find it perplexing that a setoff of distributions is deemed complicated. Even a cash payment requires additional effort. Both the Debtors and Stretto possess all the necessary information for a setoff, and the process involves fewer steps and less work for them.

| **SETOFF** | **Cash Payments** |
|---|---|
| Submit an Election Form | Submit an Election Form |
| Process the Form | Process the Form |
| Utilize previously calculated numbers and subtract | Waiting for wire transfer… |
| Done | Checking if the transfer matches someone with WPE |
| | Verifying if the amount is correct |
| | Done |
| | Manually checking transfers with no match |
| | Verifying if the amount is correct |
| | Done |

I am seeking an explanation from the Debtors and UCC as to why these options were presented to encourage voting on the plan when they were already aware of the implementation challenges. The difficulties remain consistent, whether at the time of the vote or now.

I understand that you do not appreciate outrageous speculations, and the "why" no longer matters to us because we are tired of lawyers' maneuverings. It's secondary.

Your Honor, it is evident that a setoff is the most straightforward and expeditious method of settlement. While I understand the reluctance to engage in speculative discussions, the practicality of a setoff is clear, and its efficiency should not be undermined.

The international creditors face significant obstacles in remitting large sums in dollars, given currency fluctuations, the complexities of opening a dollar account, and concerns about money laundering. It appears unjustifiable that a more efficient approach, such as a setoff, would warrant an extension of the payment deadline. In fairness, the focus should be on the effective date, especially considering the impending decision on BTC ETF acceptance within the next 48 hours (01/09/2024) and not the payment deadline that is not really that important.

Even if an extension is justified, prioritizing the payment deadline over the effective date seems to have no consequence for us.

We must consider the fiduciary duty of the litigation trust to recover funds efficiently. The proposed settlement percentage of 27.5% contrasts starkly with the statistics indicating recoveries of 5% to 10% in US litigation. This modification raises concerns about the breach of fiduciary duty by the Debtors, Lawyers, and the litigation trust.

I strongly believe that they are wasting the best opportunity to recover funds, thereby breaking their duty and inflicting harm upon creditors. These changes significantly affect my understanding of future WPE settlements and, consequently, what I would have voted for.

Sincerely and respectfully,

Tom Mercuri
*Pro Se creditor*