Hearing Date:  January 11, 2024 at 10:00 am
Objection Deadline:  January 4, 2024 at 4:00 pm

**VENABLE LLP**
Jeffrey S. Sabin
151 West 42nd St.
New York, New York 1003
Telephone (212) 503-0896
Facsimile: (212) 307-5598
Email: JSSabin@venable.com

Andrew Currie (*admitted pro hac vice*)
600 Massachusetts Avenue, NW
Washington, DC 20001
Telephone: (202) 344-4586
Facsimile: (202) 344-8300
Email: AJCurrie@venable.com

*Counsel to Ignat Tuganov*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.* [1] | : | Case No. 22-10964 (MG) |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | Ref: Dkt. No. 3666 |

**THIRD SUPPLEMENT TO APPLICATION OF IGNAT TUGANOV FOR ENTRY OF
AN ORDER PURSUANT TO 11 U.S.C. §§ 503(b)(3)(D) AND 503(b)(4),
FOR ALLOWANCE AND REIMBURSEMENT OF REASONABLE
PROFESSIONAL FEES AND ACTUAL, NECESSARY EXPENSES
IN MAKING A SUBSTANTIAL CONTRIBUTION TO THESE CASES**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

1

Ignat Tuganov ("Mr. Tuganov"), a creditor of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") and one of three class representatives (collectively, the "Class Representatives") in connection with the Official Unsecured Creditors' Committee's efforts to certify the class of account holders holding non-contract claims against the Debtors, through his counsel, hereby submits this third supplement (this "Third Supplement") to his application for entry of an order, pursuant to sections 503(b)(3)(D) and 503(b)(4) of title 11 of the United States Code (the "Bankruptcy Code"), for the allowance and reimbursement of reasonable professional fees and actual, necessary expenses for making substantial contributions to the Debtors' cases, and respectfully represents as follows:

1.  On October 2, 2023, Mr. Tuganov filed his *Application of Ignat Tuganov For Entry of an Order, Pursuant to 11 U.S.C. §§ 503(b)(3)(D) and 503(b)(4) For the Allowance and Reimbursement of Reasonable Professional Fees and Actual, Necessary Expenses in Making a Substantial Contribution to These Cases* [Dkt. No. 3666] (the "Substantial Contribution Application").[2] The Substantial Contribution Application did not contain copies of counsels' time entries, but copies of unredacted time entries were delivered to the U.S. Trustee and this Court's chambers and redacted copies were delivered to counsel to the Debtors and the Committee.

2.  Subsequent to the filing of the Substantial Contribution Application, the U.S. Trustee requested that counsel to Mr. Tuganov file with the Clerk of the Court its time records in support of the Substantial Contribution Application. Accordingly, on November 16, 2023, Mr. Tuganov's counsel, Venable LLP ("Venable") filed the *Supplement to Application of Ignat Tuganov for Entry of an Order, Pursuant to 11 U.S.C. §§ 503(b)(3)(D) and 503(b)(4), For*

---

[2] Capitalized terms not otherwise defined herein shall have the same meaning as ascribed to such terms in the Substantial Contribution Application.

*Allowance and Reimbursement of Reasonable Professional Fees and Actual, Necessary Expenses for Making Substantial Contributions to These Cases* [Dkt. No. 4010] (the "First Supplement") which included Venable's unredacted time records for the period through September 11, 2023.

3. On December 22, 2023, Venable filed a *Second Supplement to Application of Ignat Tuganov for Entry of an Order, Pursuant to 11 U.S.C. §§ 503(b)(3)(D) and 503(b)(4), For Allowance and Reimbursement of Reasonable Professional Fees and Actual, Necessary Expenses for Making Substantial Contributions to These Cases* [Dkt. No. 4158] (the "Second Supplement") which included Venable's unredacted time records for the period from September 12, 2023 through November 9, 2023 (the "Confirmation Period") for services rendered and fees incurred to Mr. Tuganov in connection with the Debtors' cases.

4. Since the filing of the Second Supplement, Mr. Tuganov has continued to incur additional professional fees for work required to be performed by him and his counsel related to, and/or requested in connection with, the Debtors' Plan Support Agreement [Dkt. No. 3516] (to which Mr. Tuganov is a party).[3] These additional fees were included as part of the estimated portion of his Substantial Contribution Claim, relate to the period after the Confirmation Period, from November 10, 2023 through December 31, 2023 (the "Post-Confirmation Period"), and were incurred in connection with Venable's assistance in supporting and confirming the Debtors' Wind Down Plan and matters related thereto.

5. In fulfilling his obligations under the Plan Support Agreement, Mr. Tuganov and/or his counsel participated in discussions with the Debtors, the Committee, the Borrower Ad

---

[3] The Substantial Contribution Application covered fees incurred for services rendered by Venable through September 11, 2023. As part of his application, Mr. Tuganov requested that $300,000 of additional fees be approved for work required to be done subsequent to the period of time covered by the Application in accordance with the Plan Support Agreement.

Hoc Group and others to try to resolve objections to the Debtors' implementation of the MiningCo transaction and the Debtors' wind down plan, prepared and filed a *Statement in Support of Debtors' and Committee's Joint Motion* [Dkt. No. 4136], the *Joinder to Joint Omnibus Reply of Debtors and Committee for Entry of an Order Approving Implementation of the MiningCo Transaction* [Dkt. No. 4137], and a *Joinder to Statement of the Official Committee of Unsecured Creditors in Support of Settlement Agreement with StakeHound S.A. and Related Transfers* [Dkt. No. 4138]. In addition, Mr. Tuganov's counsel appeared and participated in the hearing held on December 21, 2023 to consider implementation of the MiningCo transaction.

6. Attached hereto as **Exhibit A** are Venable's time records for services rendered to, and expenses incurred on behalf of, Mr. Tuganov in connection with the substantial contributions he made to these cases during the Post-Confirmation Period. Attached hereto as **Exhibit B** is a Second Amended Summary of Work Performed and Time Allocated (the "Second Amended Work Summary"), allocating the time spent, and fees incurred, in connection with the five categories of work required for Mr. Tuganov to make the substantial contributions he made to the Debtors' cases.

7. As the attached time records and Second Amended Work Summary demonstrate, Mr. Tuganov does not seek reimbursement of all the fees reflected in the attached time records (totaling $248,014.50) but seeks reimbursement of only **$180,991.00** of the fees he incurred during the Post-Confirmation Period, because he believes these fees were necessary to the substantial contributions he made to these cases. Specifically, Mr. Tuganov is not requesting reimbursement of fees incurred in connection with the Substantial Contribution Application itself (or any support therefor or defense thereof). In addition, through the Post-Confirmation Period, Mr. Tuganov incurred $75,851.00 in fees in excess of the original $300,000 cap estimated for

4

future work required or performed under the Plan Support Agreement. Mr. Tuganov is not seeking reimbursement of such excess amounts,[4] nor is he seeking reimbursement of work performed subsequent to December 31, 2023 in connection with substantial consummation of the Plan.

8.  Importantly, despite having incurred over $1.7 million in fees in connection with making significant and substantial contributions to these cases, Mr. Tuganov has agreed to reduce his claim to $1,436,408.60, which represents a considerable voluntary reduction in his request, resulting in a contribution of additional value to these estates.

9.  Notice of this Third Supplement has been given in accordance with the governing Case Management and Administrative Procedures Order entered in these cases [Dkt. No. 2560] (the "Case Management Order") on the Master Service List (as that term is defined in the Case Management Order).

Dated: New York, New York
       January 9, 2024

VENABLE LLP

By: _/s/ Jeffrey S. Sabin_
Jeffrey S. Sabin
Carol Weiner Levy
Arie Peled
151 West 42nd St.
New York, New York 10036
Telephone: (212) 503-0896
Facsimile: (212) 307-5598
Email: JSSabin@venable.com
Email: CWeinerLevy@venable.com
Email: APeled@venable.com

-and-

---

[4] Were Mr. Tuganov seeking reimbursement of the $75,851.00 fees he incurred in excess of the estimate for future work, he would be entitled to an additional $64,473.79 in a substantial contribution reimbursement claim (applying the agreed-upon 15% discount).

Andrew J. Currie (*admitted pro hac vice*)
600 Massachusetts Avenue, NW
Washington, DC 20001
Telephone: (202) 344-4586
Facsimile: (202) 344-8300
Email: AJCurrie@venable.com

*Counsel for Ignat Tuganov*