January 14, 2024

Honorable Chief Judge Martin Glenn

United States Bankruptcy Court

Southern District of New York

Re: Celsius Network LLC, et al., Case No. 22-10964 (MG)

Dear Honorable Chief Judge Glenn,

I am writing to provide a response to the recent submissions by the Official Committee of Unsecured Creditors [Docket No. 4226] and Kirkland & Ellis LLP [Docket No. 4227] regarding my position as a creditor in the Celsius Network LLC bankruptcy case . While I appreciate their efforts to address the complex issues in this case, I believe there are crucial aspects of my situation that have not been adequately addressed or considered. Apart from the lack of resolution of my specific situation, the broader case of CelsiusX tokens remains unaddressed. **Should the Debtor resolve the issue surrounding CelsiusX tokens, the additional value of about 2 million dollars will benefit the estate, and consequently all creditors.** This is the reason why the Court's attention is necessary and further action is needed.

In reference to my concerns, the responses of the Official Committee of Unsecured Creditors and Kirkland & Ellis LLP failed to address the specifics and missed important details.

1. **Timeliness of Raising Concerns and Impaired Voting Participation:**
    i. My ability to raise concerns and participate in voting was significantly impaired due to the post-petition suspension of my Celsius account. This unexpected suspension deprived me of access to critical records and information on the platform, essential for an informed engagement in the proceedings.
    ii. The absence of communication from Celsius, despite numerous attempts to reach them, left me without necessary evidence to support my claims or engage in an informed manner. This lack of engagement from Celsius hampered my ability to timely and effectively participate in the bankruptcy process.

2. **Need for Accurate Classification of My Claim:**
   i. The suggestion by the Official Committee of Unsecured Creditors that my claim may be categorized as a general unsecured claim does not consider the unique circumstances of my transaction.
   ii. The post-petition nature of my transaction involving CelsiusX tokens necessitates a distinct categorization from standard general unsecured claims.
   iii. I have significant concerns regarding whether my post-petition transfer of CelsiusX tokens has been accounted for at all in the categorization of claims. This uncertainty stems from a lack of acknowledgement or clarity about the inclusion of this specific transaction within the bankruptcy process.
   iv. My position is further complicated by an Earn claim based on pre-petition holdings. The ambiguity surrounding the treatment and recognition of my post-petition transfer raises serious questions about the comprehensiveness and fairness of the claims process in this case. In the prior private communication, Kirkland & Ellis LLP admitted they only see that claim, and not the one stemming from the July 2023 transfer referenced in this and my prior letter.

3. **Debtor's Decision-Making and Fiduciary Duty Concerning CelsiusX Tokens:**
   i. The response from Kirkland & Ellis LLP, representing the Debtor, on the alleged irrelevance of the backing mechanism of CelsiusX tokens and their market dynamics merits further examination.
   ii. The reported discount trading of tokens like cxETH on the Polygon network, and the Debtor's exclusive ability to unwrap these tokens for their full value, presents a significant financial opportunity that appears to have been overlooked.
   iii. According to the operational mechanics of CelsiusX tokens, to redeem 1 ETH from the backing contract, the Debtor needs to burn 1 cxETH (and analogously for the other CX tokens). This process is exclusive to the Debtor, as they are the only party capable of unwrapping these tokens.
   iv. Kirkland & Ellis LLP indicated that Celsius X token such as cxETH had been trading at a significant discount on the Polygon network. The question arises: **why did the Debtor not leverage this opportunity to purchase cxETH at a discount and unwrap them for full ETH value?**

    **v.** This decision, or lack thereof, potentially implicates issues with fiduciary duty. By not capitalizing on this opportunity, the Debtor might have missed a substantial chance to increase the assets available to creditors, which warrants thorough examination by the Court. The Debtor also seems to have ignored their holdings of CX tokens as they were not unwrapped and not reported in the schedules.

4. **Distinguishing My Case from Mr. Krasadakis' Situation:**
    i. It is crucial to highlight the material differences between my case and that of Mr. Georgios Krasadakis, as addressed in the responses from the Official Committee of Unsecured Creditors and Kirkland & Ellis LLP.
    ii. In my situation, the transfer of CelsiusX tokens occurred post-petition, which significantly impacts the nature and classification of my claim. This transfer is not accounted for in the list of creditors filed around the bankruptcy petition date.
    iii. In contrast, Mr. Krasadakis' transfer of CelsiusX tokens to his Celsius account appears to have occurred prior to the petition's date. This difference in timing fundamentally changes the legal context and considerations for each case.
    iv. The single response from the Official Committee of Unsecured Creditors and Kirkland & Ellis LLP to both our cases overlooks these crucial differences, potentially leading to an incorrect assessment and treatment of our respective situations.

<u>I respectfully request the Court to take the following actions in light of the issues raised:</u>

1. **Lifting of Account Suspension:** I request the immediate lifting of the suspension on my Celsius account. This is essential to regain access to my records, enabling me to retain them for future reference and participate fully and effectively in the bankruptcy process. Furthermore, I demand an explanation on the reasoning behind the suspension. It occurred months after the petition date, and the only results it achieved were denying me the access to my records and preventing me from effective participation in the proceedings.
2. **Acknowledgement of My Post-Petition Transfer Claim:** I seek formal acknowledgment of my claim stemming from the July post-petition transfer of CelsiusX tokens. It is imperative that this claim, whether classified as a general Earn claim or otherwise, is recognized and appropriately addressed in the proceedings.

3. **Resolution of the CelsiusX Tokens Issue by the Debtor to Maximize Creditors' Value:** I urge the Debtor to address the issue of the CelsiusX tokens in their Polygon wallets. They have not been unwrapped and remain unaccounted for in the records provided to the docket by the Debtor. Additionally, given that these tokens, such as cxETH, are trading at a discount and can only be unwrapped by the Debtor to unlock ETH, there is a significant opportunity to recover higher value for all creditors. The current estimated value of these unaccounted tokens is approximately 2 million dollars. Their proper management and utilization are critical in maximizing recovery for creditors, and at the current stage, they appear to be forgotten, and no action has been taken toward the recovery of their reserves. To reiterate, the reserves constitute an additional 2 million dollars that should be included the estate.

I must emphasize that former and current holders and transferors of CelsiusX tokens represent a relatively small group of affected users in this case. This small size significantly limits our ability to have adequate representation or influence within the larger creditor body. Given this, it is crucial for the Court to give special consideration to our unique situation. Our limited numbers should not diminish the validity of our concerns, nor should it impede the equitable treatment of our claims. This appeal underscores the importance of the Court's role in ensuring fairness and justice for all parties, regardless of their size or representation within the proceedings.

In conclusion, I request the Court's careful consideration of these matters to ensure a just and equitable treatment of my claim. The issues raised are critical for the fair resolution of this case and the protection of the rights of all creditors involved.

Sincerely,

Pawel Bednarek