**KE ANDREWS**
2424 Ridge Road, Rockwall, Texas 75087
Telephone:       (469) 298-1594
Facsimile:       (469) 533-8644
*Property Tax Service Providers*
*for the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**SUMMARY COVER**
**SHEET TO THE FINAL**
**FEE APPLICATION OF KE ANDREWS**
**AS PROPERTY TAX SERVICE PROVIDERS**
**FOR THE DEBTORS AND DEBTORS IN POSSESSION,**
**FOR THE FINAL FEE PERIOD FROM JUNE 6, 2023 (EFFECTIVE**
**AS OF JANUARY 1, 2023), THROUGH AND INCLUDING NOVEMBER 9, 2023**

In accordance with the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"), Mark Andrews & Company, LLC dba KE Andrews (together, "KE Andrews"), property tax service providers for the above-captioned debtors and debtors in possession (collectively, the "Debtors"), submits this summary (this "Summary") of fees and expenses sought as actual, reasonable, and necessary in the fee application to which this Summary

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

attached (the "Fee Application")[2] for the period from June 6, 2023 (effective as of January 1, 2023)

through and including November 9, 2023. (the "Fee Period").  KE Andrews submits the Fee

Application as an interim fee application in accordance with the *Order (I) Authorizing the*

*Retention and Employment of KE Andrews as Property Tax Services Provider Effective as of*

*January 1, 2023, and (II) Granting Related Relief* [Docket No. 2753] (the "Compensation Order"),

which permits KE Andrews to file interim fee applications monthly.

| General Information | |
|---|---|
| Name of Applicant: | KE Andrews |
| Authorized to Provide Services to: | Celsius Network, LLC, *et al.* |
| Petition Date: | July 13, 2022 |
| Date of Order Authorizing the Debtors to Retain KE Andrews [Docket No. 2753]: | June 6, 2023, effective as of January 1, 2023 |

| Summary of Fees and Expenses Sought in the Fee Application | |
|---|---|
| Period for Which Compensation and Reimbursement is Sought in the Fee Application: | January 1, 2023 through November 9, 2023 |
| Voluntary Fee Waiver and Expense Reduction in this Fee Period: | Reduced fees by $0.00 and expenses by $0.00 |
| Amount of Compensation Sought as Actual, Reasonable, and Necessary for the Fee Period: | $150,000.00 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary for the Fee Period: | $0.00 |

---

[2]    Capitalized terms used but not otherwise defined in this Summary shall have the meanings ascribed to such terms in the Fee Application.

Total Compensation and Expense
Reimbursement Requested for the Fee Period:          $150,000.00

| *Rate Increases Applicable to the Fee Period* | |
|---|---|
| Total Amount of Compensation<br>Sought for the Fee Period, Calculated<br>Using Rates as of the Date of Retention: | $150,000.00 |

| *Summary of Past Requests for Compensation and Prior Payments* | |
|---|---|
| Total Amount of Compensation Previously<br>Requested Pursuant to the Interim Compensation<br>Order to Date: | $375,000.00 |
| Total Amount of Expense<br>Reimbursement Previously Requested<br>Pursuant to the Interim Compensation Order to<br>Date: | $0.00 |
| Total Compensation Approved<br>Pursuant to the Interim Compensation Order to<br>Date: | $375,000.00 |
| Total Amount of Expense Reimbursement Approved<br>Pursuant to the Interim Compensation Order to<br>Date: | $0.00 |
| Total Allowed Compensation Paid to Date: | $225,000.00 |
| Total Allowed Expenses Paid to Date: | $0.00 |
| Compensation Sought in<br>this Application Already Paid Pursuant to<br>the Interim Compensation Order But Not Yet<br>Allowed: | $0.00 |
| Expenses Sought In This<br>Application Already Paid Pursuant to the<br>Interim Compensation Order But Not Yet Allowed: | $0.00 |

Rockwall, Texas
Date:  January 17, 2024

/s/ Ben Thompson

Ben Thompson
MARK ANDREW & COMPANY
D.B.A. KE ANDREWS
2424 Ridge Road
Rockwall, TX 75087
Telephone (469) 298-1594

**KE ANDREWS**
2424 Ridge Road
Rockwall, Texas 75087
Telephone: (469) 298-1594
Fascimile: (469) 533-8644
*Property Tax Service Providers*
*for the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**FINAL FEE APPLICATION OF KE**
**ANDREWS, PROPERTY TAX SERVICE PROVIDER**
**FOR THE DEBTORS AND DEBTORS IN POSSESSION,**
**FOR THE FINAL FEE PERIOD FROM JUNE 6, 2023 (EFFECTIVE**
**AS OF JANUARY 1, 2023), THROUGH AND INCLUDING NOVEMBER 9, 2023**

Mark Andrews & Company dba KE Andrews (together, "KE Andrews"), property tax providers for the above-captioned debtors and debtors in possession (collectively, the "Debtors"), hereby submits its final fee application (the "Fee Application") for allowance of compensation for professional services provided in the amount of $150,000.00 and reimbursement of actual and necessary expenses in the amount of $0.00 that KE Andrews incurred for the period from June 6, 2023 (effective January 1, 2023) through November 9, 2023 (the "Fee Period"). In support of this Fee Application, KE Andrews submits the declaration of Ben Thompson, Vice President of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

KE Andrews (the "<u>Ben Thompson Declaration</u>") which is attached hereto as **<u>Exhibit A</u>** and incorporated by reference.  In further support of this Fee Application, KE Andrews respectfully states as follows.

### Jurisdiction and Venue

1.      The United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012.   This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are sections 330 and 331 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), rule 2016 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), rule 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "<u>Local Bankruptcy Rules</u>"), and the *Amended Orders (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief* [Docket No. 1745 and 2779] (collectively, the "<u>Amended Interim Compensation Orders</u>").

### Background

4.      The Debtors, together with their non-Debtor affiliates (collectively, "<u>Celsius</u>"), are one of the largest and most sophisticated cryptocurrency-based finance platforms in the world and provide financial services to institutional, corporate, and retail clients across more than

100 countries.  Celsius was created in 2017 to be one of the first cryptocurrency platforms to which users could transfer their crypto assets and (a) earn rewards on crypto assets and/or (b) take loans using those transferred crypto assets as collateral.  Headquartered in Hoboken, New Jersey, Celsius has more than 1.7 million registered users and approximately 300,000 active users with account balances greater than $100.

5.     On July 13, 2022 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  A detailed description of the facts and circumstances of these chapter 11 cases is set forth in the *Declaration of Robert Campagna, Managing Director of Alvarez & Marsal North America, LLC, in Support of Chapter 11 Petitions and First Day Motions* (the "Campagna Declaration").[2]  The Debtors commenced these chapter 11 cases to provide Celsius an opportunity to stabilize its business and consummate a comprehensive restructuring transaction that maximizes value for stakeholders.

6.     The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  These chapter 11 cases have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket Nos. 53 & 1648].  On July 27, 2022, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed an official committee of unsecured creditors [Docket No. 241] (the "Committee").  On September 29, 2022, the Court entered an order approving the appointment of Shoba Pillay, as examiner (the "Examiner") [Docket No. 923].  On April 4, 2023, the Court entered an order discharging the Examiner

---

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Campagna Declaration.

[Docket No. 2364].  On October 20, 2022, the Court entered an order appointing Judge Christopher S. Sontchi as fee examiner (the "Fee Examiner") [Docket No. 1151].

7.      On December 19, 2022 and June 8, 2023, the Court entered the Amended Interim Compensation Orders, which set forth the procedures for interim compensation and reimbursement of expenses for all professionals in these cases.

### Preliminary Statement

8.      During the Fee Period, KE Andrews represented the Debtors professionally and diligently, advising them on a variety of complex matters and issues, as a result of which the Debtors took action to maximize the value of their estates for the benefit of all parties in interest.

### The Debtors' Retention of KE Andrews

9.      On June 6, 2023, the Court entered the *Order (I) Authorizing the Retention and Employment of KE Andrews as Property Tax Services Provider Effective as of January 1, 2023, and (II) Granting Related Relief* [Docket No. 2753] (the "Retention Order"), attached hereto as **Exhibit B** and incorporated by reference.  The Retention Order authorizes the Debtors to compensate and reimburse KE Andrews in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and the Interim Compensation Order.  The Retention Order also authorizes the Debtors to compensate KE Andrews at KE Andrews flat rates charged for services of this type and to reimburse KE Andrews for KE Andrews' actual and necessary out-of-pocket expenses incurred, subject to application to this Court.  The particular terms of KE Andrews' engagement are detailed in the engagement letter by and between KE Andrews and the Debtors, effective as of January 1, 2023 and attached hereto as **Exhibit C** (the "Engagement Letter").

10.     The Retention Order authorizes KE Andrews to provide services consistent with and in furtherance of the services listed in the Engagement Letter.

**Disinterestedness of KE Andrews**

11.     To the best of the Debtors' knowledge and as disclosed in the *Declaration of Ben Thompson in Support of Debtors' Application for Entry of an Order Authorizing the Retention and Employment of KE Andrews as Property Tax Services Provider Effective as of January 1, 2023, and (II) Granting Related Relief* [Docket No. 2598] (the "Thompson Declaration"), (a) KE Andrews is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estates and (b) KE Andrews has no connection to the Debtors, their creditors, or other parties in interest, except as may be disclosed in the Thompson Declaration.

12.     KE Andrews may have in the past represented, may currently represent, and likely in the future will represent parties in interest in connection with matters unrelated to the Debtors in these chapter 11 cases.  In the Thompson Declaration, KE Andrews disclosed its connections to parties in interest that it has been able to ascertain using its reasonable efforts.

13.     KE Andrews performed the services for which it is seeking compensation on behalf of the Debtors and their estates, and not on behalf of any committee, creditor, or other entity.

14.     KE Andrews has received no payment and no promises for payment from any source other than the Debtors for services provided or to be provided in any capacity whatsoever in connection with these chapter 11 cases.

15.     Pursuant to Bankruptcy Rule 2016(b), KE Andrews has not shared, nor has KE Andrews agreed to share (a) any compensation it has received or may receive with another party or person other than with the partners, counsel, and associates of KE Andrews or (b) any compensation another person or party has received or may receive.

16.     KE Andrews seeks interim compensation for professional services rendered to the Debtors during the Fee Period in the amount of $150,000.00 and reimbursement of actual and

necessary expenses incurred in connection with providing such services in the amount of $0.00.

17.    In accordance with the Compensation Order, as of the date hereof, KE Andrews has received payments totaling $225,000.00 ($225,000.00 of which was for services provided and $0.00 of which was for reimbursement of expenses) for the Fee Period.  Accordingly, by this Fee Application, and to the extent such amounts have not been paid by the time of the hearing on this Fee Application, KE Andrews seeks payment of the remaining $150,000.00, which amount represents the entire amount of unpaid fees and expenses incurred between January 1, 2023 and November 9, 2023.[3]

18.    KE Andrews seeks final allowance and approval of compensation for professional services rendered to the Debtors during the Fee Period in the aggregate amount of $150,000.00 and reimbursement of actual expenses incurred in connection with such services in the aggregate amount of $0.00, for a total allowance of $150,000.00 for fees and expenses incurred.  To date, KE Andrews has received total payment of $225,000.00 for property tax services rendered to the Debtors and $0.00 for related expenses during the Fee Period pursuant to the Interim Compensation Order.

### Fees and Expenses Incurred During Fee Period

**A.    Customary Billing Disclosures**.

19.    KE Andrews' flat billing rates are set at a level designed to compensate KE Andrews fairly for the work of its professionals and to cover fixed and routine expenses.  The flat rates and corresponding rate structure utilized by KE Andrews in these chapter 11 cases are equivalent to the flat rates and corresponding rate structure used by KE Andrews for other restructuring matters, as well as similar complex corporate, securities, and litigation matters

---

[3]    This amount also reflects the 20 percent holdback for the Fee Period.

whether in court or otherwise, regardless of whether a fee application is required.  The rates and rate structure reflect that such restructuring and other complex matters typically are national in scope and typically involve great complexity, high stakes, and severe time pressures.  For the convenience of the Court and all parties in interest, attached hereto as **Exhibit D** is KE Andrews' staffing plan for this Fee Period.

**B.**     **Fees Incurred During Fee Period**.

20.     In the ordinary course of KE Andrews' practice, KE Andrews maintains estimated records of the time expended to render the professional services required by the Debtors and their estates.  For the convenience of the Court and all parties in interest, attached hereto as **Exhibit E** is a summary of fees incurred and hours expended during the Fee Period.

**C.**     **Expenses Incurred During Fee Period**.

21.     In the ordinary course of KE Andrews' practice, KE Andrews maintains a record of expenses incurred in the rendition of the professional services required by the Debtors and their estates and for which reimbursement is sought.

22.     For the convenience of the Court and all parties in interest, attached hereto as **Exhibit F** is a summary for the Fee Period, setting forth the total amount of reimbursement sought with respect to each category of expenses for which $0.00 is seeking reimbursement.

**Summary of Property Tax Services Rendered During the Fee Period**

23.     As discussed above, during the Fee Period, KE Andrews provided extensive and important professional services to the Debtors in connection with these chapter 11 cases.  These services were often performed under severe time constraints and were necessary to address a multitude of critical issues both unique to these chapter 11 cases and typically faced by large corporate debtors in similar cases of this magnitude and complexity.

24.     To provide a meaningful summary of KE Andrews' services provided on behalf of

the Debtors and their estates, the following is a summary of the fees billed for the Fee Period:

| Task | Description | Total Requested Fees |
|---|---|---|
| 2022 Tax Year | i. Compliance:  Attendance of physical on-site inspections, preparation and filing of business personal property returns.<br>ii. Tax Savings & Reductions:  reviewing assessments for correctness and fairness, preparation and filing of appeals, meeting informally with assessors for assessment negotiations, attending the formal Appraisal Review Board or Board of Equalization when necessary.<br>iii. Administrative:  preparing accruals and budgeting; gathering, verifying and processing of property tax statements for timely payment by client. | $75,000.00 |
| 2023 Tax Year | i. Compliance:  Attendance of physical on-site inspections, preparation and filing of business personal property returns.<br>ii. Tax Savings & Reductions:  reviewing assessments for correctness and fairness, preparation and filing of appeals, meeting informally with assessors for assessment negotiations, attending the formal Appraisal Review Board or Board of Equalization when necessary.<br>iii. Administrative:  preparing accruals and budgeting; gathering, verifying and processing of property tax statements for timely payment by client. | $300,000.00 |

**KE Andrews' Requested Compensation and Reimbursement Should be Allowed**

25.     Section 331 of the Bankruptcy Code provides for interim compensation of

professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to

govern the Court's award of such compensation.  Section 330 of the Bankruptcy Code provides

that a court may award a professional employed under section 327 of the Bankruptcy Code

"reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded . . . the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
>
> (a) the time spent on such services;
>
> (b) the rates charged for such services;
>
> (c) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (d) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (e) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and expertise in the bankruptcy field; and
>
> (f) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

26. KE Andrews respectfully submits that the services for which it seeks compensation in this Fee Application were, at the time rendered, necessary for and beneficial to the Debtors and their estates and were rendered to protect and preserve the Debtors' estates. KE Andrews further believes that it performed the services for the Debtors economically, effectively, and efficiently, and the results obtained benefited not only the Debtors, but also the Debtors' estates and the Debtors' constituents. KE Andrews further submits that the compensation requested herein is

reasonable in light of the nature, extent, and value of such services to the Debtors, their estates, and all parties in interest.

27.     In sum, KE Andrews respectfully submits that the professional services provided by KE Andrews on behalf of the Debtors and their estates during these chapter 11 cases were necessary and appropriate given the complexity of these chapter 11 cases, the time expended by KE Andrews the nature and extent of KE Andrews' services provided, the value of KE Andrews' services, and the cost of comparable services outside of bankruptcy, all of which are relevant factors set forth in section 330 of the Bankruptcy Code.  Accordingly, KE Andrews respectfully submits that approval of the compensation sought herein is warranted and should be approved.

28.     No previous application for the relief sought herein has been made to this or any other Court.

## Reservation of Rights and Notice

29.     It is possible that some professional time expended, or expenses incurred, during the Fee Period are not reflected in the Fee Application.  KE Andrews reserves the right to include such amounts in future fee applications.  In addition, the Debtors have provided notice of this Fee Application to:  (a) the U.S. Trustee; (b) those persons who have formally appeared and requested service in these cases pursuant to Bankruptcy Rule 2002; and (c) counsel to the Committee; (collectively, the "Notice Parties").

## No Prior Request

30.     No prior application for the relief requested herein has been made to this or any other court.

WHEREFORE, KE Andrews respectfully requests that the Court enter an order (a) awarding KE Andrews interim compensation for professional and paraprofessional services provided during the Fee Period in the amount of $150,000.00, and reimbursement of actual, reasonable and necessary expenses incurred in the Fee Period in the amount of $0.00; (b) authorizing and directing the Debtors to remit payment to $150,000.00 for such fees and expenses; and (c) granting such other relief as is appropriate under the circumstances.

Rockwall, Texas
Date:  January 17, 2024

/s/ Ben Thompson
Ben Thompson
MARK ANDREW & COMPANY
D.B.A. KE ANDREWS
2424 Ridge Road
Rockwall, TX 75087
Telephone (469) 298-1594

## Exhibit A

**Thompson Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**DECLARATION OF BEN THOMPSON, VICE
PRESIDENT IN SUPPORT OF THE FINAL FEE APPLICATION OF
KE ANDREWS, PROPERTY TAX SERVICE PROVIDERS FOR THE
DEBTORS AND DEBTORS IN POSSESSION FOR THE
FINAL FEE PERIOD FROM JUNE 6, 2023 (EFFECTIVE AS OF JANUARY 1, 2023)
THROUGH AND INCLUDING NOVEMBER 9, 2023**

I, Ben Thompson, being duly sworn, state the following under penalty of perjury:

1.      I am the Vice President of KE Andrews., located at 2424 Ridge Road, Rockwall, Texas 75087.   I am one of the lead professionals from KE Andrews working on the above-captioned chapter 11 cases.

2.      I have read the foregoing interim fee application of KE Andrews, property tax service providers for the Debtors, for the Fee Period (the "<u>Fee Application</u>").   To the best of my knowledge, information and belief, the statements contained in the Fee Application are true and correct.   In addition, I believe that the Fee Application complies with Local Bankruptcy Rule.

3.      In connection therewith, I hereby certify that:

a)      to the best of my knowledge, information, and belief, formed after reasonable inquiry, the fees and disbursements sought in the Fee

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

Application are permissible under the relevant rules, court orders, and Bankruptcy Code provisions, except as specifically set forth herein;

b)      except to the extent disclosed in the Fee Application, the fees and disbursements sought in the Fee Application are billed at rates customarily employed by KE Andrews and generally accepted by KE Andrews' clients. In addition, none of the professionals seeking compensation varied their hourly rate based on the geographic location of the Debtors' case;

c)      KE Andrews is seeking compensation with respect to $150,000.00 in fees spent consulting as property tax service providers;

d)      in providing a reimbursable expense, KE Andrews does not make a profit on that expense, whether the service is performed by KE Andrews in-house or through a third party;

e)      in accordance with Rule 2016(a) of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. § 504, no agreement or understanding exists between KE Andrews and any other person for the sharing of compensation to be received in connection with the above cases except as authorized pursuant to the Bankruptcy Code, Bankruptcy Rules, and Local Bankruptcy Rules; and

f)      all services for which compensation is sought were professional services on behalf of the Debtors and not on behalf of any other person.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true
and correct to the best of my knowledge and belief.

Dated:  January 17, 2024                          Respectfully submitted,

                                                   /s/ Ben Thompson
                                                  Ben Thompson
                                                  Vice President, KE Andrews

## Exhibit B

**Retention Order**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER (I) AUTHORIZING THE
RETENTION AND EMPLOYMENT OF KE ANDREWS
AS PROPERTY TAX SERVICES PROVIDER EFFECTIVE
AS OF JANUARY 1, 2023, AND (II) GRANTING RELATED RELIEF**

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in

possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) authorizing the

Debtors to retain and employ KE Andrews ("KE Andrews") as the Debtors' property tax services

provider, effective as of March 6, 2023, in accordance with the terms and conditions set forth in

the Engagement Letter and Statement of Work, copies of which are attached hereto as **Exhibit 1**

and **Exhibit 2**, respectively, and (b) granting related relief, all as more fully set forth in the

Application; and upon the Thompson Declaration; and this Court having jurisdiction over this

matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from

the United States District Court for the Southern District of New York, entered February 1, 2012;

and this Court having the power to enter a final order consistent with Article III of the United

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

States Constitution; and this Court having found that venue of these cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that KE Andrews does not hold or represent an adverse interest to the Debtors or their estates and is disinterested under 11 U.S.C. § 101(14); and this Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Application and opportunity for a hearing thereon were appropriate under the circumstances and no other notice need be provided; and this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is HEREBY ORDERED THAT:

1.      The Application is granted as set forth herein.

2.      In accordance with sections 327(a) and 328 of the Bankruptcy Code, Bankruptcy Rules 2014, and Local Rules 2014-1 and 2016-1, the Debtors are authorized to employ and retain KE Andrews effective as of March 6, 2023, in accordance with the terms and conditions set forth in the Application, Engagement Letter, and Statement of Work, as modified by this Order.

3.      The terms of the Engagement Letter and the Statement of Work, including without limitation, the compensation provisions, are reasonable terms and conditions of employment and are hereby approved.

4.      Consistent with, and subject to, the terms of the Statement of Work and this Order, KE Andrews is hereby authorized to perform the Services provided for in the Statement of Work; *provided, however,* that notwithstanding anything to the contrary to the Application, KE Andrews shall not perform additional services outside the scope of the Engagement Letter and the Statement

2

of Work without further order of the Court, to be obtained pursuant to the process set forth in paragraph 9 of this Order.

5.    The terms of the Engagement Letter and the Statement of Work, including without limitation, the compensation provisions, are reasonable terms and conditions of employment and are hereby approved.

6.    KE Andrews is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code.

7.    KE Andrews shall file monthly, interim, and final fee applications for the allowance of compensation for services rendered and reimbursement of expenses incurred in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines, and any other applicable procedures and orders of this Court and consistent with the proposed compensation set forth in the Engagement Letter and Statement of Work.  KE Andrews' fixed fees pursuant to the Engagement Letter and Statement of Work (and any supplemental engagement agreements or statements of work subsequently approved in these cases) shall be subject to the standard of review set forth in section 330 of the Bankruptcy Code.

8.    Notwithstanding anything to the contrary in the Application, the Engagement Letter, or the Statement of Work, KE Andrews will not charge the Debtors' estates for time spent preparing or reviewing any invoices or time records submitted in support of any fee application or monthly fee statement filed in these chapter 11 cases; *provided* that time spent on privilege analysis related to such fee applications or monthly fee statements may be compensable by the Debtors' estates; *provided*, *further* that KE Andrews shall not seek reimbursement from the Debtors' estates for any fees incurred in defending any of their fee applications in these chapter 11 cases.

9.      To the extent the Debtors and KE Andrews enter into any additional engagement letters or statements of work, the Debtors will file such engagement letters or statements of work with the Court and serve such engagement letters or statements of work upon the U.S. Trustee, counsel for the Committee, and any party requesting notice under Bankruptcy Rule 2002.  If any party objects to the additional services to be provided by KE Andrews within fourteen days of such new engagement letters or statements of work being filed and served, the Debtors will promptly schedule a hearing before the Court.  All additional services will be subject to the provisions of this Order.  To the extent no related timely objections are filed, such additional engagement letters shall be deemed approved pursuant to this Order.

10.     In the event that, during the pendency of these chapter 11 cases, KE Andrews seeks reimbursement for any attorneys' fees or expenses, the invoices and supporting time records from such attorneys shall be included in the respective fee applications, and such invoices and time records shall be in compliance with the Local Rules and subject to any U.S. Trustee Guidelines and Court approval under the standards of sections 330 and 331 of the Bankruptcy Code, without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code.

11.     KE Andrews will review its files periodically during the pendency of these chapter 11 cases to determine whether any disqualifying conflicts or other circumstances exist or arise.  If any new relevant facts or relationships are discovered or arise, KE Andrews will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

12.     KE Andrews shall use its reasonable efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases, including Ernst & Young LLP.

4

13.     The Debtors and KE Andrews is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

14.     Notice of the Application satisfies the requirements of Bankruptcy Rule 6004(a).

15.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

16.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

17.     Notwithstanding any provision to the contrary in the Application, the Engagement Letter, or the Statement of Work, the Court shall retain jurisdiction to hear and to determine all matters arising from or related to implementation, interpretation, or enforcement of this Order and KE Andrews' retention.

18.     To the extent that there is any inconsistency between the Engagement Letter, the Statement of Work, the Application, the Thompson Declaration, and this Order, the provisions of this Order shall control.

19.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**IT IS SO ORDERED.**

Dated:  June 6, 2023
        New York, New York

                            _____/s/ Martin Glenn_____
                                MARTIN GLENN
                            Chief United States Bankruptcy Judge

**<u>Exhibit 1</u>**

**Engagement Letter**



Ms. Jenny Fan
Celsius Mining LLC
50 Harrison Street, Suite 209F
Hoboken, NJ, 07030

Dear Ms. Fan,

K.E. Andrews ("KEA") appreciates the opportunity to assist in managing Celsius Mining LLC's ad valorem taxes for the 2022 and 2023 tax years. This letter agreement ("Agreement") outlines the terms and conditions of our engagement.

## Engagement Scope

KEA will be responsible for the administration of Celsius Mining LLC's ad valorem taxes for properties owned or operated by Celsius Mining LLC or its subsidiaries or affiliates as of January 1, 2022 and January 1, 2023 (the "Properties") for the Tax Years 2022 and 2023. This service (the "Service") will include the preparation and filing of business personal property returns, negotiation of values, meeting with the Appraisal Review Board or Board of Equalization when necessary and securing proper tax statements covering the properties.

## Engagement Period

January 1, 2023 through February 28, 2024.

## Compensation

In consideration of this Service, it is agreed that you will pay KEA a flat fee for Tax Year 2022 and Tax Year 2023, in the monthly amounts listed in Exhibit A and Exhibit B. Payment is due thirty days from the invoice date. If for any reason, an invoice is more than thirty days past-due, the Service will automatically terminate.

- **Tax Year 2022:  $75,000**
- **Tax Year 2023: $300,000**

Additional properties acquired during the year that require our involvement will be added at the same fee structure as the assets that are part of this agreement. Abatements, exemptions, litigation defense, audits or consulting on additional projects will be invoiced at year-end based upon predetermined and documented amounts as mutually agreed upon between Celsius Mining LLC and KEA.

## Limitation of Liability

KEA is not responsible for verifying, auditing, or otherwise ensuring the accuracy of data transmitted to KEA by the client. KEA will rely on client to provide complete, accurate and timely information; any additional tax, penalties or interest incurred resulting from incomplete, inaccurate or untimely information will be solely client's responsibility, except to the extent KEA has failed to perform under this agreement.

In any event, KEA will not be held financially responsible for any loss or damage in an amount greater than the compensation earned by KEA under this agreement. This agreement will be construed under the laws of the State of Texas.

 2424 Ridge Road
Rockwall, TX 75087     469.298.1594     www.keatax.com

This firm is regulated by the Texas Department of Licensing and Regulation, P. O. Box 12157, Austin, Texas 78711, 1-800-803-9202; www.license.state.tx.us/complaints.

If applicable, we also enclose a letter of authorization, which is required by the state of Texas. This authorization must be signed and returned in order for this firm to administer your taxes.

**If the above arrangements are acceptable, please sign one copy of this letter and return at your convenience. We appreciate this opportunity to perform this tax service and strengthen our continual relationship. If you have any additional questions, please contact Ben Thompson at (469) 298-1594 or e-mail to bthompson@keatax.com.**

Sincerely,

**Ben Thompson**
**Vice President – Energy Services**
**K.E. Andrews & Company**

DocuSigned by:

*Chris Ferraro*

1315E92CCA0F408...

Full Name:  Chris Ferraro

Title:  Authorized Signatory of Celsius Mining LLC

Date Signed:  3/6/2023

 2424 Ridge Road
Rockwall, TX 75087

 469.298.1594      www.keatax.com

## Exhibit A - 2022 Fee Schedule

| State | Location | Address | KE Andrews Fee |
|---|---|---|---|
| GEORGIA | DNN1-GA | 2205 Industrial South Rd, Dalton, GA | 25,000 |
| KENTUCKY | CAL1-KY | 1035 Shar-Cal Rd, Calvert City, KY | 25,000 |
| NORTH CAROLINA | MBL1-NC | 155 Palmer LN, Marbe, NC | 12,500 |
|  | MBL2-NC | 155 Palmer LN, Marbe, NC | 12,500 |
|  |  | **TOTAL:** | **75,000** |

## Payment Schedule

| Payment # | Invoice Date | Due Date | Amount |
|---|---|---|---|
| 1 | 1/1/2023 | 1/31/2023 | 6,250 |
| 2 | 2/1/2023 | 2/28/2023 | 6,250 |
| 3 | 3/1/2023 | 3/31/2023 | 6,250 |
| 4 | 4/1/2023 | 5/31/2023 | 6,250 |
| 5 | 5/1/2023 | 6/30/2023 | 6,250 |
| 6 | 6/1/2023 | 7/31/2023 | 6,250 |
| 7 | 7/1/2023 | 7/31/2023 | 6,250 |
| 8 | 8/1/2023 | 8/31/2023 | 6,250 |
| 9 | 9/1/2023 | 9/30/2023 | 6,250 |
| 10 | 10/1/2023 | 10/31/2023 | 6,250 |
| 11 | 11/1/2023 | 11/30/2023 | 6,250 |
| 12 | 12/1/2023 | 12/31/2023 | 6,250 |
|  |  | **TOTAL:** | **75,000** |

## Exhibit B - 2023 Fee Schedule

| State | Location | Address | KE Andrews Fee |
|---|---|---|---|
| GEORGIA | DNN1-GA | 2205 Industrial South Rd, Dalton, GA | 12,500 |
| | DNN2-GA | 2205 Industrial South Rd, Dalton, GA | 12,500 |
| | DNN3-GA | 206 Boring Drive, Dalton, GA | 25,000 |
| | DGL | 698 Brantley Blvd, Douglas, GA | 25,000 |
| | WPT | 2131 Old W Point Rd, West Point, GA | 25,000 |
| KENTUCKY | CAL1-KY | 1035 Shar-Cal Rd, Calvert City, KY | 12,500 |
| | CAL2-KY | 1035 Shar-Cal Rd, Calvert City, KY | 12,500 |
| NORTH CAROLINA | MBL1-NC | 155 Palmer LN, Marbe, NC | 12,500 |
| | MBL2-NC | 155 Palmer LN, Marbe, NC | 12,500 |
| TEXAS | COT2 | 1939 FM 2119,  Cottonwood, TX | 12,500 |
| | COT1 | 1939 FM 2119,  Cottonwood, TX | 12,500 |
| | DETN-TX | 8171 Jim Christal Road, Denton, TX | 25,000 |
| | GARDEN | 6661 E. Highway 158 Garden City, TX | 25,000 |
| | REBEL | 15135 State Highway 158 Garden City, TX | 25,000 |
| | STILES | 13345 North State Highway 137 Big Lake, TX | 25,000 |
| | LINKEX | 3535 N. Houston School Rd, Suite 200, Lancaster, TX | 25,000 |
| | | **TOTAL:** | **300,000** |

## Payment Schedule

| Payment # | Invoice Date | Due Date | Amount |
|---|---|---|---|
| 1 | 1/1/2023 | 1/31/2023 | 25,000 |
| 2 | 2/1/2023 | 2/28/2023 | 25,000 |
| 3 | 3/1/2023 | 3/31/2023 | 25,000 |
| 4 | 4/1/2023 | 5/31/2023 | 25,000 |
| 5 | 5/1/2023 | 6/30/2023 | 25,000 |
| 6 | 6/1/2023 | 7/31/2023 | 25,000 |
| 7 | 7/1/2023 | 7/31/2023 | 25,000 |
| 8 | 8/1/2023 | 8/31/2023 | 25,000 |
| 9 | 9/1/2023 | 9/30/2023 | 25,000 |
| 10 | 10/1/2023 | 10/31/2023 | 25,000 |
| 11 | 11/1/2023 | 11/30/2023 | 25,000 |
| 12 | 12/1/2023 | 12/31/2023 | 25,000 |
| | | **TOTAL:** | **300,000** |

**Exhibit 2**

**Scope of Work**

**SCOPE OF WORK**

**KE Andrews ("KEA") will manage all aspects of the Celsius Mining LLC ("CELSIUS") ad valorem tax process including:**

KEA will:

- Manage all aspects of **CELSIUS** ad valorem tax process for the properties below. This will include filing include renditions, allocation reports, negotiating values, filing and negotiating protests and processing tax notices and statements.
- KEA will involve **CELSIUS** personnel and representatives in the value negotiation process where appropriate to ensure that the most favorable values are secured.
- Services include work on taxes paid by **CELSIUS** that are not currently listed on the estimated fee schedule.
- Monitor developments in state and local tax law for areas where **CELSIUS** has or plans to have assets. Coordinate with appropriate **CELSIUS** personnel and advise on property tax issues that impact planning. Supply custom reporting for property tax management and web access to all source documents. Have periodic face-to-face meetings with the **CELSIUS** representatives and personnel regarding KEA performance and property tax opportunities related to acquisitions and divestitures.
- File all renditions in appropriate jurisdictions and work properties through the KEA system for value reduction opportunities.
- Negotiate values with appraisal districts and other taxing jurisdictions and obtain **CELSIUS** personnel input regarding valuation issues on a timely basis prior to appeal deadlines.
- Manage deadlines and file protests where necessary, attend and represent **CELSIUS** in all informal and formal appraisal review board hearings.
- Process/audit all tax notices in KEA system for verification and provide data for property tax accruals by jurisdictions.
- Process/audit all tax statements through the KEA system, summarize tax by jurisdiction and furnish to **CELSIUS** for timely payment.
- Represent **CELSIUS** at local and state meetings on property tax.
- Coordinate with governmental affairs to stay informed on changes in property tax laws and advise/evaluate impact on **CELSIUS**.
- Provide property tax planning for acquisitions, divestitures, budgeting and accrual needs.
- Our agreement covers tax year 2022 and 2023.

 2424 Ridge Road Rockwall, TX 75087  469.298.1594   www.keatax.com

**<u>Exhibit C</u>**

**Engagement Letter**

DocuSign Envelope ID: 62887196-DC4D-45A1-B96A-717A6C2E5E01



Ms. Jenny Fan
Celsius Mining LLC
50 Harrison Street, Suite 209F
Hoboken, NJ, 07030

Dear Ms. Fan,

K.E. Andrews ("KEA") appreciates the opportunity to assist in managing Celsius Mining LLC's ad valorem taxes for the 2022 and 2023 tax years. This letter agreement ("Agreement") outlines the terms and conditions of our engagement.

## Engagement Scope

KEA will be responsible for the administration of Celsius Mining LLC's ad valorem taxes for properties owned or operated by Celsius Mining LLC or its subsidiaries or affiliates as of January 1, 2022 and January 1, 2023 (the "Properties") for the Tax Years 2022 and 2023. This service (the "Service") will include the preparation and filing of business personal property returns, negotiation of values, meeting with the Appraisal Review Board or Board of Equalization when necessary and securing proper tax statements covering the properties.

## Engagement Period

January 1, 2023 through February 28, 2024.

## Compensation

In consideration of this Service, it is agreed that you will pay KEA a flat fee for Tax Year 2022 and Tax Year 2023, in the monthly amounts listed in Exhibit A and Exhibit B. Payment is due thirty days from the invoice date. If for any reason, an invoice is more than thirty days past-due, the Service will automatically terminate.

- **Tax Year 2022:   $75,000**
- **Tax Year 2023: $300,000**

Additional properties acquired during the year that require our involvement will be added at the same fee structure as the assets that are part of this agreement. Abatements, exemptions, litigation defense, audits or consulting on additional projects will be invoiced at year-end based upon predetermined and documented amounts as mutually agreed upon between Celsius Mining LLC and KEA.

## Limitation of Liability

KEA is not responsible for verifying, auditing, or otherwise ensuring the accuracy of data transmitted to KEA by the client. KEA will rely on client to provide complete, accurate and timely information; any additional tax, penalties or interest incurred resulting from incomplete, inaccurate or untimely information will be solely client's responsibility, except to the extent KEA has failed to perform under this agreement.

In any event, KEA will not be held financially responsible for any loss or damage in an amount greater than the compensation earned by KEA under this agreement. This agreement will be construed under the laws of the State of Texas.

 2424 Ridge Road
Rockwall, TX 75087       469.298.1594      🌐 www.keatax.com

DocuSign Envelope ID: 62887196-DC4D-45A1-B86A-717A6C2E5F51

This firm is regulated by the Texas Department of Licensing and Regulation, P. O. Box 12157, Austin, Texas 78711, 1-800-803-9202; www.license.state.tx.us/complaints.

If applicable, we also enclose a letter of authorization, which is required by the state of Texas. This authorization must be signed and returned in order for this firm to administer your taxes.

• • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • •

**If the above arrangements are acceptable, please sign one copy of this letter and return at your convenience. We appreciate this opportunity to perform this tax service and strengthen our continual relationship. If you have any additional questions, please contact Ben Thompson at (469) 298-1594 or e-mail to bthompson@keatax.com.**

Sincerely,

**Ben Thompson**
**Vice President – Energy Services**
**K.E. Andrews & Company**

DocuSigned by:

*Chris Ferraro*

1315E92CCA0F408...

Full Name:  Chris Ferraro

Title:  Authorized Signatory of Celsius Mining LLC

Date Signed:  3/6/2023




## Exhibit A - 2022 Fee Schedule

| State | Location | Address | KE Andrews Fee |
|---|---|---|---|
| GEORGIA | DNN1-GA | 2205 Industrial South Rd, Dalton, GA | 25,000 |
| KENTUCKY | CAL1-KY | 1035 Shar-Cal Rd, Calvert City, KY | 25,000 |
| NORTH CAROLINA | MBL1-NC | 155 Palmer LN, Marbe, NC | 12,500 |
| | MBL2-NC | 155 Palmer LN, Marbe, NC | 12,500 |
| | | TOTAL: | 75,000 |

## Payment Schedule

| Payment # | Invoice Date | Due Date | Amount |
|---|---|---|---|
| 1 | 1/1/2023 | 1/31/2023 | 6,250 |
| 2 | 2/1/2023 | 2/28/2023 | 6,250 |
| 3 | 3/1/2023 | 3/31/2023 | 6,250 |
| 4 | 4/1/2023 | 5/31/2023 | 6,250 |
| 5 | 5/1/2023 | 6/30/2023 | 6,250 |
| 6 | 6/1/2023 | 7/31/2023 | 6,250 |
| 7 | 7/1/2023 | 7/31/2023 | 6,250 |
| 8 | 8/1/2023 | 8/31/2023 | 6,250 |
| 9 | 9/1/2023 | 9/30/2023 | 6,250 |
| 10 | 10/1/2023 | 10/31/2023 | 6,250 |
| 11 | 11/1/2023 | 11/30/2023 | 6,250 |
| 12 | 12/1/2023 | 12/31/2023 | 6,250 |
| | | TOTAL: | 75,000 |

## Exhibit B - 2023 Fee Schedule

| State | Location | Address | KE Andrews Fee |
|---|---|---|---|
| GEORGIA | DNN1-GA | 2205 Industrial South Rd, Dalton, GA | 12,500 |
| | DNN2-GA | 2205 Industrial South Rd, Dalton, GA | 12,500 |
| | DNN3-GA | 206 Boring Drive, Dalton, GA | 25,000 |
| | DGL | 698 Brantley Blvd, Douglas, GA | 25,000 |
| | WPT | 2131 Old W Point Rd, West Point, GA | 25,000 |
| KENTUCKY | CAL1-KY | 1035 Shar-Cal Rd, Calvert City, KY | 12,500 |
| | CAL2-KY | 1035 Shar-Cal Rd, Calvert City, KY | 12,500 |
| NORTH CAROLINA | MBL1-NC | 155 Palmer LN, Marbe, NC | 12,500 |
| | MBL2-NC | 155 Palmer LN, Marbe, NC | 12,500 |
| TEXAS | COT2 | 1939 FM 2119,  Cottonwood, TX | 12,500 |
| | COT1 | 1939 FM 2119,  Cottonwood, TX | 12,500 |
| | DETN-TX | 8171 Jim Christal Road, Denton, TX | 25,000 |
| | GARDEN | 6661 E. Highway 158 Garden City, TX | 25,000 |
| | REBEL | 15135 State Highway 158 Garden City, TX | 25,000 |
| | STILES | 13345 North State Highway 137 Big Lake, TX | 25,000 |
| | LINKEX | 3535 N. Houston School Rd, Suite 200, Lancaster, TX | 25,000 |
| | | **TOTAL:** | **300,000** |

## Payment Schedule

| Payment # | Invoice Date | Due Date | Amount |
|---|---|---|---|
| 1 | 1/1/2023 | 1/31/2023 | 25,000 |
| 2 | 2/1/2023 | 2/28/2023 | 25,000 |
| 3 | 3/1/2023 | 3/31/2023 | 25,000 |
| 4 | 4/1/2023 | 5/31/2023 | 25,000 |
| 5 | 5/1/2023 | 6/30/2023 | 25,000 |
| 6 | 6/1/2023 | 7/31/2023 | 25,000 |
| 7 | 7/1/2023 | 7/31/2023 | 25,000 |
| 8 | 8/1/2023 | 8/31/2023 | 25,000 |
| 9 | 9/1/2023 | 9/30/2023 | 25,000 |
| 10 | 10/1/2023 | 10/31/2023 | 25,000 |
| 11 | 11/1/2023 | 11/30/2023 | 25,000 |
| 12 | 12/1/2023 | 12/31/2023 | 25,000 |
| | | **TOTAL:** | **300,000** |

**SCOPE OF WORK**

**KE Andrews ("KEA") will manage all aspects of the Celsius Mining LLC ("CELSIUS") ad valorem tax process including:**

KEA will:

- Manage all aspects of **CELSIUS** ad valorem tax process for the properties below. This will include filing include renditions, allocation reports, negotiating values, filing and negotiating protests and processing tax notices and statements.
- KEA will involve **CELSIUS** personnel and representatives in the value negotiation process where appropriate to ensure that the most favorable values are secured.
- Services include work on taxes paid by **CELSIUS** that are not currently listed on the estimated fee schedule.
- Monitor developments in state and local tax law for areas where **CELSIUS** has or plans to have assets. Coordinate with appropriate **CELSIUS** personnel and advise on property tax issues that impact planning. Supply custom reporting for property tax management and web access to all source documents. Have periodic face-to-face meetings with the **CELSIUS** representatives and personnel regarding KEA performance and property tax opportunities related to acquisitions and divestitures.
- File all renditions in appropriate jurisdictions and work properties through the KEA system for value reduction opportunities.
- Negotiate values with appraisal districts and other taxing jurisdictions and obtain **CELSIUS** personnel input regarding valuation issues on a timely basis prior to appeal deadlines.
- Manage deadlines and file protests where necessary, attend and represent **CELSIUS** in all informal and formal appraisal review board hearings.
- Process/audit all tax notices in KEA system for verification and provide data for property tax accruals by jurisdictions.
- Process/audit all tax statements through the KEA system, summarize tax by jurisdiction and furnish to **CELSIUS** for timely payment.
- Represent **CELSIUS** at local and state meetings on property tax.
- Coordinate with governmental affairs to stay informed on changes in property tax laws and advise/evaluate impact on **CELSIUS**.
- Provide property tax planning for acquisitions, divestitures, budgeting and accrual needs.
- Our agreement covers tax year 2022 and 2023.

 2424 Ridge Road
Rockwall, TX 75087

 469.298.1594    www.keatax.com

**<u>Exhibit D</u>**

**Staffing Plan**

| Name | Position with the Applicant |
|---|---|
| Mark Andrews | President / CEO |
| Ben Thompson | Vice President |
| Chad Wigington | Senior Director |
| Tony Trahan | Director |
| Garrett Peters | Senior Manager |
| Justin Mayes | Tax Consultant |
| Nichole Morales | Lead Tax Specialist II |
| Kylie Garza | Tax Specialist I |

**<u>Exhibit E</u>**

**Summary of Total Fees Incurred During the Fee Period**

| Name | Position with the Applicant | Totals<br>Estimated Hours |
|------|------------------------------|---------------------------|
| Mark Andrews | President / CEO | 12.00 |
| Ben Thompson | Vice President | 12.00 |
| Chad Wigington | Senior Director | 41.00 |
| Tony Trahan | Director | 16.00 |
| Garrett Peters | Senior Manager | 168.75 |
| Justin Mayes | Tax Consultant | 14.50 |
| Nichole Morales | Lead Tax Specialist II | 42.50 |
| Kylie Garza | Tax Specialist I | 20.00 |
| | | 326.75 |

**<u>Exhibit F</u>**

**Summary of Actual and Necessary Expenses for the Fee Period**

Expenses sought for Fee Period are $0.00