UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**FOURTH SUPPLEMENTAL
DECLARATION OF
MARC PUNTUS IN SUPPORT
OF DEBTORS' APPLICATION FOR ENTRY OF
AN ORDER (I) AUTHORIZING THE EMPLOYMENT
AND RETENTION OF CENTERVIEW PARTNERS LLC AS
INVESTMENT BANKER FOR THE DEBTORS EFFECTIVE AS OF
JULY 13, 2022, (II) APPROVING THE TERMS OF THE CENTERVIEW
AGREEMENT, (III) WAIVING CERTAIN REPORTING REQUIREMENTS
PURSUANT TO LOCAL RULE 2016-2, AND (IV) GRANTING RELATED RELIEF**

I, Marc Puntus, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that:

1. I am a Partner in and Co-Head of the Debt Advisory and Restructuring Practice of Centerview Partners LLC ("Centerview").[2] I am authorized to submit this fourth supplemental declaration (the "Fourth Supplemental Declaration") on behalf of Centerview to supplement my prior declarations that have been submitted in connection with Centerview's retention in these chapter 11 cases.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] Capitalized terms used but otherwise not defined herein shall have the meanings ascribed to them in the Application, the Engagement Letter, or the Prior Declarations, as applicable.

2. On August 4, 2022, the Debtors filed the *Debtors' Application for Entry of an Order (I) Authorizing the Employment and Retention of Centerview Partners LLC as Investment Banker for the Debtors Effective as of July 13, 2022 (II) Approving the Terms of the Centerview Agreement, (III) Waiving Certain Reporting Requirements Pursuant to Local Rule 2016-2, and (IV) Granting Related Relief* [Docket No. 362] (the "Application"). On August 4, 2022, in connection with the Application, I submitted the *Declaration of Marc Puntus in Support of Debtors' Application for Entry of an Order (I) Authorizing the Employment and Retention of Centerview Partners LLC as Investment Banker for the Debtors Effective as of July 13, 2022, (II) Approving the Terms of the Centerview Agreement, (III) Waiving Certain Reporting Requirements Pursuant to Local Rule 2016-2, and (IV) Granting Related Relief* (the "Original Declaration"). On September 12, 2022, I submitted the *First Supplemental Declaration of Marc Puntus in Support of Debtors' Application for Entry of an Order (I) Authorizing The Employment and Retention of Centerview Partners LLC as Investment Banker for the Debtors Effective as of July 13, 2022, (II) Approving the Terms of the Centerview Agreement, (III) Waiving Certain Reporting Requirements Pursuant to Local Rule 2016-2, and (IV) Granting Related Relief* [Docket No. 784] (the "First Supplemental Declaration") to provide additional disclosures in response to requests made by the United States Trustee for the Southern District of New York (the "U.S. Trustee") and to supplement my Original Declaration in support of the Application in these chapter 11 cases.

3. On September 16, 2022, the Court entered the *Order (I) Authorizing the Employment and Retention of Centerview Partners LLC As Investment Banker for the Debtors Effective as of July 13, 2022, (II) Approving the Terms of the Centerview Agreement, (III) Waiving*

2

*Certain Reporting Requirements Pursuant to Local Rule 2016-2, and (IV) Granting Related Relief* [Docket No. 846] (the "Retention Order").

4. On February 3, 2023, I submitted the *Second Supplemental Declaration of Marc Puntus in Support of Debtors' Application for Entry of an Order (I) Authorizing The Employment and Retention of Centerview Partners LLC as Investment Banker for the Debtors Effective as of July 13, 2022, (II) Approving the Terms of the Centerview Agreement, (III) Waiving Certain Reporting Requirements Pursuant to Local Rule 2016-2, and (IV) Granting Related Relief* [Docket No. 1985] (the "Second Supplemental Declaration") to provide disclosures regarding additional potential parties-in-interest.

5. On May 13, 2023, I submitted the *Third Supplemental Declaration of Marc Puntus in Support of Debtors' Application for Entry of an Order (I) Authorizing The Employment and Retention of Centerview Partners LLC as Investment Banker for the Debtors Effective as of July 13, 2022, (II) Approving the Terms of the Centerview Agreement, (III) Waiving Certain Reporting Requirements Pursuant to Local Rule 2016-2, and (IV) Granting Related Relief* [Docket No. 2637] (the "Third Supplemental Declaration" and, together with the Original Declaration, the First Supplemental Declaration and the Second Supplemental Declaration, the "Prior Declarations") to provide disclosures regarding additional potential parties-in-interest.

6. The facts set forth in this Fourth Supplemental Declaration are based upon my personal knowledge, upon information and belief, or upon client matter records kept in the ordinary course of business that were reviewed either by me or by employees of Centerview under my supervision and direction. If called and sworn as a witness, I could and would testify competently to the facts set forth herein.

3

7. I submit this Fourth Supplemental Declaration on behalf of Centerview in further support of the Application and to supplement the disclosures set forth in the Prior Declarations in accordance with Bankruptcy Rules 2014(a) and 2016(b) and as required under the Retention Order.

**Additional Disclosures**

8. This Fourth Supplemental Declaration makes certain additional disclosures.

9. Subsequent to the filing of the Prior Declarations, the Debtors informed Centerview of additional potential parties in interest (the "Additional Potential Parties-In-Interest"). A categorized summary of the Additional Potential Parties-in-Interest is provided on **Schedule 1** attached hereto.

10. Generally, it is Centerview's policy to disclose entities in the capacity that they first appear in a relationships search. For example, if an entity already has been disclosed in the Prior Declarations in one capacity (*e.g.*, a customer), and the entity appears in a subsequent relationships search in a different capacity (*e.g.*, a vendor), Centerview does not disclose the same entity again in supplemental declarations unless the circumstances are such in the latter capacity that additional disclosure is required.

11. To the best of my knowledge, information, and belief, Centerview has not represented any Additional Potential Parties-in-Interest in connection with matters relating to the Debtors, their estates, assets, or businesses and will not represent other entities which are creditors of, or have other relationships to, the Debtors in matters relating to these cases.

12. As part of this inquiry, Centerview entered the names of the Additional Potential Parties-in-Interest into its computer database of existing and prior client and similar relationships. The list generated from Centerview's client database is over-inclusive. Through this process, Centerview determined that it currently has and/or formerly had a relationship with certain of the

4

Additional Potential Parties-in-Interest (and/or their affiliates or entities that Centerview believes to be affiliates, as the case may be) on matters wholly unrelated to the Debtors or these chapter 11 cases. To the best of my knowledge, information and belief, and based on such internal review process, **Schedule 2** lists Additional Potential Parties-in-Interest (and/or their apparent affiliates or entities that Centerview believes to be affiliates, as the case may be) with which Centerview currently has or formerly had a client or similar relationship on matters wholly unrelated to the Debtors or these chapter 11 cases, including but not limited to engagements to provide financial advisory services and entities with whom Centerview has engaged in or is currently engaged in an ordinary course business development dialogue.

13.     As part of Centerview's diverse business, Centerview appears or may appear as a financial advisor or an investment banker in numerous cases, proceedings, or transactions involving attorneys, accountants, investment bankers, and financial consultants, some of whom may represent claimants and Additional Potential Parties-in-Interest or be claimants and Additional Potential Parties-in-Interest in these cases. Further, Centerview (including its professionals through their prior employment) has in the past, and may in the future, be represented by attorneys and law firms, some of whom may be involved in these cases. In addition, Centerview (including its professionals through their prior employment) has in the past and will likely in the future be working with, against or for other professionals involved in these cases in matters unrelated to these cases. In addition, Centerview has been in the past, and likely will be in the future, engaged in matters unrelated to the Debtors or these chapter 11 cases in which it works with or against or has mutual clients with other professionals involved in these chapter 11 cases. In particular, Centerview may also be engaged to represent, or may have been engaged to represent in the past, committees or groups of lenders, creditors, or equity owners in matters unrelated to the

Debtors or these chapter 11 cases, some of which may be included on the Additional Potential Parties-in-Interest list. Furthermore, as set forth on **Schedule 3**, Centerview has a vendor relationship with an affiliate of one of the entities listed as Additional Potential Parties-in-Interest, unrelated to the Debtors or these chapter 11 cases. Based on our current knowledge of the entities listed as Additional Potential Parties-in-Interest in these chapter 11 cases and the professionals involved, none of these business relations constitute interests materially adverse to the Debtors in matters upon which Centerview is to be engaged in these cases.

14. Other than as referenced herein or set forth on **Schedule 2**, I am unaware of any existing or prior client or similar relationships that Centerview has had with the Additional Potential Parties-in-Interest. Centerview has not been engaged to assist any entity or person other than the Debtors on matters relating to, or in connection with, these cases. Centerview will not accept any engagement or perform any services in relation to these cases for any entity or person other than the Debtors. Centerview is a global investment banking and advisory firm. Given the size of Centerview and the breadth of Centerview's client base, it is possible that Centerview may now or in the future be engaged by one or more of the Additional Potential Parties-in-Interest in matters unrelated to the Debtors or these cases without my knowledge. In addition, the Debtors may have customers, creditors, competitors, and other parties with whom they maintain business relationships that are not listed as Additional Potential Parties-in-Interest and with whom Centerview may now or in the future have engagements or maintain material commercial or other professional relationships. To the extent that Centerview discovers any, or enters into any new material commercial or other professional relationship with Additional Potential Parties-in-Interest, it will use reasonable efforts to supplement this disclosure to the Court.

15. Further, as noted in the Original Declaration, Centerview has legal and separate affiliates and related parties (the "Corporate Group Entities") that engage in a variety of investment activities. The Corporate Group Entities operate Centerview Capital Consumer, a consumer-focused private equity and investment business and Centerview Capital Technology, a technology focused private and growth equity business. The Corporate Group Entities do not reside in the same corporate structure as Centerview. The Centerview employees providing services in connection with these chapter 11 cases have no control over investment or business decisions made for the Corporate Group Entities, and because of physical and electronic information barriers and other compliance policies and procedures, have no access to any confidential information of the Corporate Group Entities. Likewise, the investment professionals responsible for the Corporate Group Entities' day-to-day portfolio management have no access to any confidential information relating to Centerview's work for the Debtors. Nevertheless, none of the Corporate Group Entities hold an ownership interest in, or debt of, any of the Debtors or the other Additional Potential Parties-in-Interest.[3] Based upon my understanding, Centerview's internal compliance group, which sits above Centerview's investment banking deal teams and the investment professionals within Corporate Group Entities, has real-time access to the identities of the companies in which the Corporate Group Entities invest. As part of Centerview's search for relationships between any of the Corporate Group Entities and the companies in which they are invested, on the one hand, and the Additional Potential Parties-in-Interest, on the other hand, Centerview's internal compliance group compared the Corporate Group Entities and the companies in which they are invested to the list of Additional Potential Parties-in-Interest. Centerview's internal compliance group, consistent with its standard practice, did not inform any

---

[3] Vehicles sponsored by Centerview Capital Consumer and Centerview Capital Technology currently have only one (1) and four (4) investments, respectively.

7

of the Corporate Group Entities that it was conducting this comparison. Furthermore, were any of the Corporate Group Entities to make a new investment, Centerview's internal compliance group would be made aware before the investment is made and would be in a position to review that investment against the Additional Potential Parties-in-Interest and update Centerview's prior disclosures or take other action as necessary. Based on the foregoing, I believe that the Corporate Group Entities' investment activities do not present a conflict of interest with respect to Centerview's retention by the Debtors in these chapter 11 cases. If any of the Corporate Group Entities subsequently invest in any of the Additional Potential Parties-in-Interest, or if Centerview becomes aware that any entity in which any of the Corporate Group Entities is invested subsequently becomes a Potential Party-in-Interest, Centerview will use reasonable efforts to file a supplemental declaration, as required by Bankruptcy Rule 2014(a). Moreover, I note that certain of the Additional Potential Parties-in-Interest may now or in the future invest in funds that are managed by the Corporate Group Entities or co-invest with the Corporate Group Entities, but I do not believe that these potential relationships create a conflict of interest for Centerview regarding the Debtors or these chapter 11 cases.

16. Certain employees of Centerview may have mortgages, deposits, consumer loans, investment accounts, brokerage accounts, or other banking, brokerage or customer relationships with the Debtors or institutions that are creditors, equity holders or other Additional Potential Parties-in-Interest in these chapter 11 cases. I do not believe that these relationships create a conflict of interest regarding the Debtors or their chapter 11 cases.

17. Certain employees of Centerview were formerly employed by other investment banking, financial services or other professional services firms that are among, or represent other parties that are among, the creditors, equity holders, or other Additional Potential

8

Parties-in-Interest in these cases in connection with matters unrelated to the Debtors and the cases. I do not believe that these matters create a conflict of interest regarding the Debtors or the cases.

18.    Certain employees of Centerview and certain of such persons' relatives may directly or indirectly hold, in the ordinary course, debt or equity securities of certain of the Additional Potential Parties-in-Interest. However, based upon the information that has been provided to me, I believe that any such holdings are insignificant and, to my knowledge, none of these investors controls or has any influence on such Additional Potential Parties-in-Interest. Further, I do not believe these investments, considered separately or collectively, are material or create a conflict of interest regarding the Debtors or these chapter 11 cases.

19.    In light of the number of the Debtors' creditors, Potential Parties-in-Interest, and potential additional parties-in-interest, neither I nor Centerview am able conclusively to identify all potential relationships at this time, and we reserve the right to supplement this disclosure as additional material relationships come to our attention. In particular, among other things, Centerview may have relationships with persons who are beneficial owners of Additional Potential Parties-in-Interest and persons whose beneficial owners include Additional Potential Parties-in-Interest or persons who otherwise have relationships with Additional Potential Parties-in-Interest. Moreover, Centerview employees may have relationships with Additional Potential Parties-in-Interest, persons that may become parties-in-interest in this case, or persons that have business relationships with the Debtors or are competitors of the Debtors.

20.    Based on the foregoing, to the best of my knowledge and insofar as I have been able to ascertain after reasonable inquiry, Centerview is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code and does not hold or represent any interest materially adverse to the Debtors' estates.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated:  January 18, 2024

                                             Respectfully submitted,

                                             */s/ Marc Puntus*
                                             Marc Puntus
                                             Partner
                                             Centerview Partners LLC

## Schedule 1

**Additional Potential Parties in Interest**

| Claims Objections | |
|---|---|
| Aaron Timmins | Do Kheng Tan |
| Aaron Vittini | Eddie William Avedikian |
| Abraham Bruck | Edward St. George |
| Adam James Ellis | Edwin H. Daniel |
| Ágata López Fernández | Elizabeth Ordonez |
| Allison Pleskonko | Ellen Lee |
| Anabelle Dias | Enrique De Castro |
| Antonino Francesco Bisogni | Eric G. Kenny |
| Arend Dirk | Evan Ahern |
| Bastien Vogt | Florent David |
| Benjamin Landry | Geoffrey Thompson |
| Boonkit Jirapongtanavech | GFL Environmental Inc. |
| Brandon Liljenquist | Gregg Robert Popkin |
| BrightHouse Networks LLC | Gunawan Wibisono |
| Bum Bae Sung | Gurleen Bhinder |
| Carl Lamb | Heidi Elise Newell |
| Carlos L. Santo | Hino Munenori |
| Charles Cody Dobbins | Hoang Nam |
| Charles Crider | Hoang Nhut Nguyen |
| Charles Joseph Worthman | HSM Corporate Services Ltd. |
| Charter Communications Inc. | Jacob J. Ring |
| Christen Moody | Jacob Ring Roth Investment Trust |
| Christopher T. Gomez | Jacqueline Gilyard Jones |
| Cindy Followill | Jared Wayne Wheetley |
| Contrarian Funds LLC | Jason Chen |
| Craig Candelore | Jason Weber |
| Cristian Compagno | Jay Y. Juch |
| Cristina Diane Boyce | Jeff Neumann |
| Cynthia Lynn Fuller | Jeremy Britton |
| Daniel Myers | Jeronimo Trevino De Hoyos |
| Danilo Maruccia | Jesper Kolbeck |
| Danilo Pineda | Jian Meng Hoh |
| Darryl Moase | Joachim Robert A. Lebrun |
| Daryna Padalytsya | Joao Miguel Pinheiro Lopes |
| David Leshock | Jonathan Hudson |
| Dean C. Chenarides, II | Joseph Barry |
| Derek Le | Jovica Stojanovic |
| Destiny Ministries International Inc. | Justin Baltz |
| | Kamila Schenk |

Pg 12 of 15

<div style="column-count:2">

Kelly Donaldson
Kim Corthout
Kristina Knapic
Kurt Heisey
Lance Moore
Leah Pearlman
Leonard Yambo
Linda Preus
Madison Sample, Jr., MD
Mark Tuttle
Marvin Rougier
Matti Tetrev
Maurizio Margarone
Melissa Lynne Johnson
Miranda George
Nazir Dhanani
Nephi Evans
Nicolas Hernandez
Novawulf Digital Parallel Master Fund LP
Olivier Laroche
Paul Louis
Peter Kaplan
Pharos Fund SP of Pharos Master Fund LP
Poandy Alisjahbana
Prajesh Gulu Patel
Priyank Gulu Patel
Raymond Fong
Richard Hicks
Rick Hoffmann
Ron Rossnick
Ryan Anderson
Saad Hamid
Sajiv Nair
Sara Maria De Sousa Janota
Scott J. Reesman
Seonmi Richard
Seth Gray
Shahriyar Amini
Sivapalan SV Kandiah
Steven Humel
Susan Ritholz
Tae Yeong Ham
Tamim Aryan

Terrance Lade
Thuy Nguyen
Tiber Petrovicz
Timothy Brooks
Trenton Krol
Tymothy Kennedy
Vincent Bertrand Wilhelm-Wendling
Vincenzo James Ciaravino, III
Vitor Morouço
Vrana Shaw
Washington D.C., Department of Insurance, Securities & Banking
William Joseph McFerrin, Jr.
Yeonsun Shin
Zabillo Mansouri
Zach Alvarez
Zachary Davidson
Zachary Novak

**Excluded Parties**

Adam Carver
Alchemy Capital Partners LP
Alexander Christy
BadgerDAO
Bancor
Battlestar Capital, LLC
Benjamin Armstrong
Berkley Insurance Company
Beyond Associates LLC
Circle Internet Financial, LLC
Circle UK Trading Company Limited
Cloudflare, Inc
Coin Bureau
Cosmos Infrastructure LLC
Crypto Lark
DeFiRate
Dennis Reichelt
Ditto PR
Endurance American Insurance Company
FTX Trading Ltd
Grant Thornton LLP
Guy Turner
Haines Watts London LLP
HDR Global Trading Limited (t/a BitMEX)

</div>

| | |
|---|---|
| High Throughput Productions, LLC | **Potential Bidding Parties and Principals** |
| Into the Block Corp | Steven Kokinos |
| James Mullarney | U.S. Data Mining Group, Inc. (d/b/a US Bitcoin Corp.) |
| Jason Perman | Valon Mortgage, Inc. |
| Jason Stone | **Taxing Authority/Governmental/Regulatory Agencies** |
| Julie La Point | Appleby (Bermuda) Limited |
| KPMG Somekh Chaikin | **Vendors** |
| Lark Davis | Mothership Energy Group |
| Luna Squares LLC | New Horizon Communications (NHC) |
| Mawson Infrastructure Group Inc | Vaco, LLC |
| Michael Alfred | |
| MVP Workshop d.o.o. Beograd-Zemun and its shareholders | |
| Nektar ACS Corp | |
| Peter Graham | |
| QBE Insurance Company | |
| Realm Insurance Company | |
| Sabre56 Corp | |
| StakeHound SA | |
| Tether Limited | |
| The Wolf of Bitcoin | |
| Timothy Shedd | |
| Tom McCarthy | |
| Walter Johnson | |
| XL Specialty Insurance Company | |
| Yarden Noy | |
| Zachary Wildes | |
| Zen Blockchain Foundation (d/b/a Horizen) | |

**Non - Bankruptcy Advisor**

B. Riley Financial, Inc.

**Non-Bankruptcy Advisors and Ordinary Course Professionals**

Beowulf Energy LLC

**Notice of Appearance / Pro Hac Vice**

Fahrenheit, LLC

Gemini Trust Company, LLC

GXD Labs LLC

**Ordinary Course Professionals**

Plutus Lending LLC (d/b/a Abra)

Proof Group Capital Management LLC

**Other Related Parties**

Ravi Kaza

**Schedule 2**

| Additional Potential Party-In-Interest | Relationship to Debtors |
|---|---|
| Charter Communications Inc. | Claims Objections |
| Circle Internet Financial, LLC | Excluded Parties |
| Cloudflare, Inc. | Excluded Parties |
| Contrarian Funds LLC | Claims Objections |
| XL Specialty Insurance Company | Excluded Parties |

**Schedule 3**

| Additional Potential Party-In-Interest | Relationship to Debtors |
|---|---|
| KPMG Somekh Chaikin | Excluded Parties |