**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*, | Case No. 22-10964 (MG) |
| Debtors. | |

**ORDER GRANTING IN PART DEBTORS' AND COMMITTEE'S SUPPLEMENTAL MOTION TO (1) DESIGNATE CERTAIN ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL AND (2) STRIKE CERTAIN ITEMS FROM THE RECORD ON APPEAL**

Pending before the Court is the joint motion (the "Supplemental Motion," ECF Doc. # 4126, supplementing ECF Doc. # 4126, the "Original Motion") of Celsius Network LLC *et al.* (the "Debtors") and the Official Committee of Unsecured Creditors (the "Committee," and together with the Debtors, the "Movants") to (1) designate certain items to be included on the record on appeal, and (2) strike certain items from the record on appeal, filed in response to *pro se* creditor Johan Bronge's designation of items to be included in the record on appeal (the "Designation," ECF Doc. # 4065, supplemented by the "Supplemental Designation," ECF Doc. # 4177).  *Pro se* creditor Daniel Frishberg also filed a motion in response to the Designation to strike certain items from the record ("Frishberg Motion," ECF Doc. # 4067).

Bronge is appealing (the "Bronge Appeal," ECF Doc. # 4032) the Court's order confirming the Debtors' chapter 11 plan (the "Confirmation Order," ECF Doc. # 3972) and an accompanying opinion ("Confirmation Opinion," ECF Doc. # 3974).  The Bronge Appeal was docketed in the District Court for the Southern District of New York (the "District Court") at Case No. 23-cv-10368.

For reasons explained in more detail below, the Supplemental Motion is **GRANTED** with respect to the inclusion of the Designated Documents (as defined below), and the striking

from the record of the Clarification Motion.  The Supplemental Motion is **DENIED** with respect
to the striking of the Bronge Letter and the Borrower Complaint (both as defined below).[1]

The Designation seeks to "include… [ECF Doc. ##] 393, 902, 1822, 1956, 2001, 3154,
3511, 3609, 3641, 3649, 3864, 3867, 3972, 3974, 3999, 4009 and all documents referenced in
[these] filings" in the record for his appeal.  (Designation at 3.)

The Frishberg Motion objects to the fact that (1) "several of the specifically named items
were not in existence at the time of the order confirming the bankruptcy plan," and (2) the
"*extremely* high degree of ambiguity in what specifically 'all documents' refers to."  (Frishberg
Motion at 4.).  Bronge filed replies both to the Frishberg Motion ("First Reply," ECF Doc. #
4072) and to the Original Motion ("Second Reply," ECF Doc. # 4163, and together with the First
Reply, the "Replies").

As a general rule, "[t]he record on appeal should contain all items considered by the
bankruptcy court in reaching a decision." *In re Ames Dep't Stores, Inc.*, 320 B.R. 518, 521
(Bankr. S.D.N.Y. 2005).  *See also In re W.T. Grant Co.*, 432 F. Supp. 105, 106 (S.D.N.Y. 1977)
("[T]he record on appeal should contain all documents and evidence bearing on the proceedings
below and considered by the bankruptcy judge in reaching his decision.").

Conversely, the general rule regarding exclusion from the record is that "if an item was
not considered by the court, it should be stricken from the record on appeal."  *Ames Dep't Stores,
Inc.*, 320 B.R. at 521 (citing *In re Barrick Grp., Inc.*, 100 B.R. 152, 154 (Bankr. D. Conn. 1989).
"When considering motions to strike designated items for the record on appeal, bankruptcy
courts should be mindful that they should only strike documents that were not filed in the case,

---

[1]    The Court delayed ruling on the Motions because the Court was previously advised that the parties
expected to resolve this dispute without any ruling from the Court.  The Court was advised today that the parties
have not been able to resolve the Motion.

have no bearing on the appeal, or contain evidence which was not admitted at trial." *In re Blasingame*, 559 B.R. 692, 701 (B.A.P. 6th Cir. 2016) (citing *In re Saco Loc. Dev. Corp.*, 13 B.R. 226, 229 (Bankr. D. Me. 1981)).

The Supplemental Motion seeks to designate additional items for the record on appeal, listed including items that were admitted or otherwise considered by the Court in issuing the Confirmation Order and Confirmation Opinion but not included in the Designation. (Supplemental Motion ¶ 21.)  Pages to 25 through 68 of the Supplemental Motion are the items the Debtors seek to add to the record on appeal (the "Designated Documents").

Movants argue that Bronge's Designation includes "extraneous" items on the grounds that they "(1) were not admitted into evidence during the Confirmation Hearing; (2) were not referenced as having been considered by the Court in issuing the Confirmation Order; and/or (3) are plainly irrelevant to the issues on appeal." (*Id.* ¶¶ 2, 25.)  Specifically, the Movants seek to strike three items from the Designation: (1) a letter filed by Bronge on September 26, 2022, requesting that the Court order the Debtors to accept settlements from borrowers ("Bronge Letter," ECF Doc. # 902), which attaches the Commissioner Complaint (as defined below); (2) the complaint filed by the Ad Hoc Group of Borrowers (the "Borrower Group") seeking, *inter alia¸* a declaratory judgment against the Debtors regarding ownership of loan collateral (the "Borrower Complaint," ECF Doc. # 2001); and (3) Bronge's *Motion for Clarification* filed after the Confirmation Opinion, seeking clarification on, *inter alia*, ownership of loan collateral.  (the "Clarification Motion," ECF Doc. # 4009).  (Supplemental Motion at 69.)

While Bronge argues that the extensive list will only serve to "confuse the issues," many of the documents are required to be included by Bankruptcy Rule 8009, and Movants are entitled

to make their case using relevant documents beyond Bronge's limited selection.  However,

Movants do not adequately show why all of the objected-to documents *must* be excluded.

    1.  <u>The Bronge Letter</u>

    The Bronge Letter, filed September 26, 2022, argues that loan collateral belongs to the

borrowers, advancing many of his familiar arguments.  (Bronge Letter at 1–2.)  Attached to the

Bronge Letter is the *Accusation and Statement in Support of (1) Notice of Intention to Issue*

*Order Revoking CEL License; (2) Order Conditioning Surrender of License; and (3) Order to*

*Suspend All CFL Business Operations* filed by the Commissioner of Financial Protection and

Innovation for the State of California against Celsius Lending LLC (the "Commissioner

Complaint," Bronge Letter at 3.).

    The Debtors advance no argument as to why the Bronge Letter, specifically, should not

be included.  Rather, it relies on the more general contention that the items it seeks to exclude

were (1) not admitted into evidence, (2) not referenced in the confirmation opinion, and/or (3)

"plainly irrelevant" to the issues on appeal.  (Supplemental Motion ¶ 25.)  However, the first two

contentions could be leveled at many of the *pro se* letters and affidavits of service included in the

Designated Documents,[2] and the third contention does not apply: the Bronge Letter specifically

set forth many of Bronge's arguments, which remain the same on appeal.  (*See generally* Bronge

Letter.)

    Movants may have sought to exclude the Bronge Letter to exclude the Commissioner

Complaint.  The Commissioner Complaint alleges various violations of California Law related to

the Borrow program, including for deceptive and misleading statements.  (*See* Commissioner

---

[2]    *See, e.g.*, Supplemental Motion at 28, 35 listing letters regarding CEL Token from Immanuel Herrmann
(ECF Doc. # 75), Jonathan Rabroker, (ECF Doc. # 154), Otis Davis (ECF Doc. # 2872), Marlowe Bennett (ECF
Doc. # 2874), and others; *id* at 45, 54, 61 listing affidavits of service (ECF Doc. ## 3499, 3500, 3502, 3679, 3861,
3870).)

Complaint.)  It is true that the Commissioner Complaint was filed in California, not this Court.

However, it did appear on this Court's docket in September 2022, and is against a Celsius entity.

"When in doubt, it is better to err on the side of caution, include the items, and allow the

appellate court to determine the relevance of the designated items." *Blasingame*, 559 B.R. at 701

(citing *Saco Local Dev. Corp.*, 13 B.R. at 229).  The Bronge Letter is thus properly included, and

the Supplemental Motion **DENIED** with respect to the striking of the Bronge Letter from the

record on appeal.

    2.  The Borrower Complaint

The record "may be supplemented with materials from other adversary proceedings

arising from the same bankruptcy case." *In re Food Fair, Inc.*, 15 B.R. 569, 572 (Bankr.

S.D.N.Y. 1981) (citing *Saco Development*, 13 B.R. at 230); *see also John P. Maguire & Co., Inc.*

*v. Sapir (In re Candor Diamond Corp.)*, 30 B.R. 17, 18 (Bankr. S.D.N.Y. 1983) ("Material from

related proceedings may be included in the Record on Appeal".)

The Borrower Complaint, filed on the main docket, arose from the same bankruptcy

cases.  It sought, *inter alia*, a determination that the loan collateral was not property of the

Debtors' estates.  (Borrower Complaint ¶ 38.)  The Borrower Complaint clearly dealt with many

of the same issues, and sought much of the same relief, as Bronge now seeks.  Accordingly, the

Supplemental Motion is **DENIED** with respect to the striking of the Borrower Complaint from

the record on appeal.

    3.  The Clarification Motion

The record on appeal is meant to include those items which the court considered when

*making* its decision.  *See, e.g., Ames Dep't Stores*, 320 B.R. at 522 ("As the decisions in this area

make clear, the touchstone for the designation of matter as part of the record is whether the

matter was before the lower court (or at least considered by that court) in entering the order or

judgment appealed from."); *In re Barrick Grp., Inc.*, 100 B.R. 152, 154 (Bankr. D. Conn. 1989)

("if an item was not considered by the court, it should be stricken from the record on appeal")

(citing *John P. Maguire & Co., Inc. v. Sapir (In re Candor Diamond Corp.)*, 26 B.R. at 847);

*Saco Loc. Dev. Corp.*, 13 B.R. at 229 (striking from the record transcripts which were filed after

entry of the order that appellant was challenging).

      The Clarification Motion was filed after the Confirmation Order, and thus the Movants

are correct that it must be stricken from the record.  Bronge asserts that it "does not add anything

new," but he can just as ably make those same arguments in the District Court.  Consequently,

the Supplemental Motion is **GRANTED** with respect to the striking of the Clarification Motion

from the record on appeal.

      **NOW, THEREFORE, IT IS HEREBY ORDERED:**

      That the Supplemental Motion is **GRANTED** with respect to the inclusion of the

Designated Documents to, and the striking of the Clarification Motion from, the record on

appeal.  The Supplemental Motion is **DENIED** with respect to the striking of the Bronge Letter

and the Borrower Complaint from the record on appeal.

**IT IS SO ORDERED.**

Dated:  January 26, 2024
     New York, New York

                      **/s/ Martin Glenn**
                      MARTIN GLENN
              Chief United States Bankruptcy Judge