Thomas Anusic
*Pro Se*
**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____
_____
                                                                    )
In re:                                                              )          Chapter 11
                                                                    )
CELSIUS NETWORK LLC, *et al.,*[1]                                   )          Case No. 22-10964 (MG)
                                                                    )
                    Debtors.                                        )          (Jointly Administered)
_____)

The Honorable Martin Glenn
Chief Bankruptcy Judge
United States Bankruptcy Court for the Southern District of New York
Alexander Hamilton U.S. Custom House
One Bowling Green New York, NY 10004

**Request for Court Order – Transparency of Top 100**

Dear Chief Judge Glenn:

Mr. Anusic respectfully writes to you to request the following courts orders

_____

1. A Name Redacted List of the Top 100 Corporate accounts, and a specific breakdown of their total claim value
2. All email communication with the Debtors and Coinbase in regardless to the distribution agreement for Corporate Accounts (Inclusive of all parties involved, whether this be UCC, Kirkland, W&C, or even Celsius Administration staff)
3. All documents related to the selection process, and full transparency. List of potential partners and exchanges they had reached out too and any communication with them.
4. That my disputed assets be put in a 3rd party custodian to prevent the Debtor selling my assets whilst I continue attempting to work with M3 Litigation Administrator to review my offer of settlement.

**REASONS FOR ORDER:**

The Debtor has decided with no transparency a process to unjustly enrich only 100 / 250 Corporate accounts with a Crypto Distribution whilst breaching equitability laws in Bankruptcy to make a reasonable effort to service all corporate holders.

This is a substantial amount of damages that can damage victims who did not win the lottery and have EARN claims reduced by up to 90% compared to 50% for those that will get Crypto distributions. (Variable amount and changing)

I personally had responded to the Debtors request immediately and you've seen from other creditors letters how misleading the "You are one of the LARGEST Corporate creditors" email was. Considering largest would to me mean in the Top 35% (Thus Top 100)

Please see trail below:

"Tom,

I'm not going to share other individuals' data with you without a court order. Period.

We only have 100 slots for corporate creditors. You are not among them. So we have no distribution partner to make a distribution to you in crypto. So you will receive fiat, as provided for in the Plan, just like other creditors who are not in the top 100. I wish we had more slots from Coinbase. We do not.

Your insistence that you "must" receive crypto does not change that fact. Plenty of other corporate creditors no doubt would also prefer crypto.

If, at the end of your litigation regarding your claim, the Court orders the Debtors to return crypto to you, we will of course comply with that court order. I would be astonished if that was the outcome given the rulings in the Earn opinion and the confirmation order, but you are free to pursue your litigation.

I have not checked your claim specifically, but if you are not one of the top 100 corporate creditors, there is no crypto that was set aside for you. You were reserved an amount of fiat. So there is no custodian to appoint—there is no crypto being reserved for you.

I have no idea what you are talking about that the Litigation Administrator supports your position, but even if they have told you that, I suspect you told them that you are one of the top 100 creditors, which is not actually the case.

All rights reserved.

Christopher S. Koenig"

My Response:

"Hi Chris,

I request to know the status of UCC member Thomas Difiore distribution details.

It's come into my evidence despite your refusal to provide the data that the **TSA Trust only held 20 BTC** which is substantially under my claims value.

As you specifically stated I was not in the Top 100 Corporate accounts, can you confirm or deny that TSA Trust was also not and they did not receive Crypto distributions and are confirmed to be receiving USD?

I have reason to believe the decision to grant only 100/250 accounts access to crypto distribution in against Bankruptcy law and **severely inequitable.** I request for dissenting creditors and even people who voted yes to your plan be given the chance to also allow Crypto distributions should they choose so and you make a reasonable effort to find distribution paths.

I look forward to your response with 24 hrs due to the easy nature of the question. By **COB today Wednesday 06th March**

Thank you

Tom"

They then responded they will do **nothing** without a Court Order, thus my request to you.

The Debtor has a **precedence of making misrepresentations** (Refer to my previous motions and letter to you under ANUSIC and obfuscating responses. In my opinion they're repeating taking advantage of Pro-Se creditors by deceiving you by diverting real issues and disputes due to the time restriction with the courts to review the overwhelming amounts of information. I personally see this as a form of malice which inflicts enormous pain and suffering whilst enriching their firm through delays.

Please consider each point above for the Court Order, they have proven to be unreasonable in their communications and shown no signs of compromise.

The endless breach of their duties, and secrecy around selection process is causing unwarranted pain to the majority of Corporate Creditor accounts and this needs to be known publicly.

If they have nothing to hide, and they did indeed seek multiple distribution paths, made reasonable efforts to negotiate with coinbase multi-tiered solutions for all creditors equally, and did not play favorites and really did only give only the Top 100 accounts access then there is nothing for them to object or hide.

Please expedite this order before they object and attempt to claim procedural or technicality issues to shoot down bonafide concerns as it doesn't suit their position.

Regards.

Tom Anusic
C/O HR national Ptt LTd