Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Counsel to the Post-Effective Date Debtors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**POST-EFFECTIVE DATE DEBTORS' SECOND UPDATE ON DISTRIBUTIONS**

As set forth in the *Notice of Occurrence of Effective Date of Debtors' Modified Chapter 11 Plan of Reorganization and Commencement of Distributions* [Docket No. 4298] (the "Effective Date Notice"), the Post-Effective Date Debtors and the Distribution Agents commenced the process of making Liquid Cryptocurrency and Cash distributions on the Effective Date of the Plan, which occurred on January 31, 2024.[2] The Post-Effective Date

---

[1] The Post-Effective Date Debtors in these chapter 11 cases, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Post-Effective Date Debtor Celsius Network LLC's principal place of business and the Post-Effective Date Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] Capitalized terms not immediately defined have the meaning ascribed to them in the *Modified Joint Chapter 11 Plan of Reorganization of Celsius Network LLC and Its Debtor Affiliates (Conformed for MiningCo Transaction)* [Docket No. 4289] (the "Plan"), the *Disclosure Statement for the Joint Chapter 11 Plan of Reorganization of Celsius Network LLC and Its Debtor Affiliates* [Docket No. 3332] (the "Disclosure Statement"), or the *Order (I) Approving the Adequacy of the Debtors' Disclosure Statement, (II) Approving the Solicitation and Voting Procedures with Respect to Confirmation of the Debtors' Joint Chapter 11 Plan of Reorganization, (III) Approving the Form of Ballots and Notices in Connection Therewith, (IV) Scheduling Certain Dates with Respect Thereto, (V) Authorizing and Approving Reimbursement of Certain of the Plan*

Debtors filed an initial update on this distribution process on February 15, 2024 [Docket No. 4319] (the "First Distribution Notice"). This Notice provides a second update on the status of these distributions under the Plan (this "Second Distribution Notice"). The Post-Effective Date Debtors also intend to provide a live update to the Court during the omnibus hearing on March 20, 2024.

The First Distribution Notice explained that as of February 15, the Post-Effective Date Debtors had completed their initial attempt to distribute Liquid Cryptocurrency to creditors eligible to receive it as of the Effective Date. The Post-Effective Date Debtors have continued making distributions since the filing of the First Distribution Notice. However, many creditors have not been able to collect their distributions yet. This has led to frustration and a significant number of inquiries from creditors to the Post-Effective Date Debtors, the Distribution Agents, and the Court. The Post-Effective Date Debtors emphasize that they are committed to ensuring that creditors receive the distributions they are entitled to receive under the Plan and will work with creditors to do so.

Many creditors who have not yet received their distribution have asked that the Post-Effective Date Debtors review their individual cases and fix whatever is wrong with their individual accounts so that the distribution can be made successfully. The Post-Effective Date Debtors are working as quickly as possible to resolve individual cases and respond to individual inquiries as they receive them. However, to maximize the efficiency of the process for all creditors, the Post-Effective Date Debtors are prioritizing identifying and resolving common issues in bulk. This approached has allowed (and will continue to allow) the Post-Effective Date Debtors to resolve issues affecting many creditors at once.

The Post-Effective Date Debtors have heard the feedback from creditors that communications to date have been too generic and that there have not been enough responses to individual issues. While this is challenging given the number of inquiries received, the Post-Effective Date Debtors have worked to improve their communications so that going forward, creditors will receive more frequent and individualized communications. Specifically, in the next week, the Post-Effective Date Debtors intend to send more targeted email communications to creditors who are eligible to receive distributions now and have not yet successfully collected a distribution with suggested action items or next steps. The Post-Effective Date Debtors also intend to send emails to creditors who are not eligible to receive distributions explaining why they cannot receive such distributions now and how those circumstances can or will be addressed.

This Second Distribution Notice provides an update on many of the common issues with distributions that the Post-Effective Date Debtors have identified, and the expected timing of next steps.

Please read this Second Distribution Notice in its entirety if you are still experiencing issues collecting your Liquid Cryptocurrency or Cash distribution. The topics included in this Second Distribution Notice include:

---

*Sponsor's Fees and Expenses, and (VI) Granting Related Relief* [Docket No. 3337] (the "Disclosure Statement Order").

2

- Commencement of additional attempts to make Liquid Cryptocurrency distributions to creditors assigned to Coinbase, including to a number of creditors who were previously told that they would have to be transitioned to a different Distribution Agent;

- Additional troubleshooting tips for creditors assigned to PayPal/Venmo and who are receiving errors when inputting their Claim distribution codes on PayPal/Venmo;

- An update on the status of Cash distributions, including that Cash distributions are taking longer to process due to a change in banking partners following uncertainty surrounding the financial condition of the Post-Effective Date Debtors' original banking partner;

- An explanation of why Cash distributions cannot be increased to address the recent market increase in BTC and ETH prices;

- An explanation of how the Post-Effective Date Debtors are correcting distributions for creditors who may have mistakenly made Convenience Class elections;

- The status of Liquid Cryptocurrency distributions to the top 100 corporate creditors, and why the Post-Effective Date Debtors cannot accommodate Liquid Cryptocurrency distributions to more corporate creditors;

- An update on the status of distributions to creditors whose accounts were previously suspended;

- An update on the status of distributions to creditors who held accounts with Celsius through partners such as Nuri/Bitwala; and

- An update on issues faced by loan borrowers.

### Coinbase: General Updates and Troubleshooting

**You must ensure that KYC is complete to receive your distribution through Coinbase.** An underlying gating issue for many creditors scheduled to receive Liquid Cryptocurrency distributions through Coinbase continues to be that the creditors have not completed KYC. As a reminder, successful distributions through Coinbase as instructed by the Post-Effective Date Debtors require a fully registered Coinbase account that has passed KYC, so if you have been assigned to Coinbase and have not received a distribution, please first ensure that your Coinbase account is completely set up and that you have completed all the necessary KYC requirements. Creditors with existing Coinbase accounts may still have outstanding KYC requirements, and additional information regarding these requirements is available via the Coinbase Help Center: https://help.coinbase.com/en/coinbase/other-topics/other/celsius.

**Coinbase will continue attempting distributions to creditors who have completed their KYC.** Coinbase previously believed that there were many creditors to whom Coinbase would not be able to make Liquid Cryptocurrency distributions due to incomplete KYC requirements. Affected creditors received correspondence through Stretto explaining that

3

Coinbase would not be able to make Liquid Cryptocurrency distributions to them and that they would be transitioned to another Distribution Agent to receive a distribution of Cash.

Coinbase will re-attempt distributions during the one-year term of its agreement with the Post-Effective Date Debtors to those creditors that have completed the KYC requirements. Coinbase will continue to re-attempt distributions to these creditors, beginning during the week of March 18 and continuing during this period, after which they will be transitioned to another Distribution Agent to receive a distribution of Cash. Coinbase can only initiate additional distributions of Liquid Cryptocurrency upon receiving instructions from the Post-Effective Date Debtors. The Post-Effective Date Debtors intend to issue these instructions on a rolling basis during the term of their agreement with Coinbase.

**Creditors unable to receive Liquid Cryptocurrency from Coinbase will receive Cash from another Distribution Agent as designated by Debtors.** In order to receive your Claim distribution through Coinbase, you must either onboard to Coinbase, or, if already a Coinbase customer, have up-to-date KYC information on file. Coinbase may ultimately be unable to make a distribution to you for reasons including but not limited to: you are unable to satisfy the KYC requirements, you have failed to complete the onboarding process, or you are located in or have moved to a jurisdiction that cannot be serviced by Coinbase for regulatory reasons. If Coinbase ultimately determines that it is unable to distribute Liquid Cryptocurrency to you, you will receive a distribution in US Dollars from an alternative Distribution Agent. The Liquid Cryptocurrency that was allocated to such creditors will be sold as close as possible to the expected date of the Cash distribution, and such creditors will receive the proceeds of the sale. The process is described in further detail below, and creditors who are affected will receive further communications once that determination is made.

### PayPal/Venmo: General Updates and Troubleshooting

**Claim distribution codes for PayPal/Venmo may not work for several reasons unique to each creditor.** Some creditors have contacted the Post-Effective Date Debtors and the Court to say that the Claim distribution codes they received for PayPal/Venmo do not work when creditors input them on the PayPal/Venmo website. There is no single reason that the Claim distribution codes received are not working. While the Post-Effective Date Debtors will be resending Claim distribution codes to creditors who have not redeemed them in the next several weeks, the Post-Effective Date Debtors encourage creditors who are receiving errors to please attempt to resolve the issue by following the following troubleshooting tips.

**Troubleshooting Tips.** There are a few reasons why you might be receiving an error at PayPal or Venmo, but please first review the following:

- Confirm the Claim distribution code and your date of birth were entered into the Creditor Claim Form correctly. Check for errant spaces or characters when adding your information into the form.

- Ensure you are using the latest version of PayPal's or Venmo's mobile application.

4

- Do not try to switch between the PayPal and Venmo platforms. If you attempt to collect your Claim distribution on PayPal or Venmo, an error may occur when you attempt to collect your Claim distribution on the other platform. This is true regardless of whether you are attempting to collect your distribution using one or more Claim codes.

- Do not simply copy/paste the Claim distribution codes from your email into the field on the PayPal/Venmo website but enter them manually, again ensuring that there are no errant spaces, particularly at the beginning of the field.

If you are still receiving an error after ensuring your information is entered correctly, you may have a PayPal or Venmo account that has missing information. To troubleshoot this error, please follow these steps:

- Retrigger the process to enable the purchase of cryptocurrency through your account. If your account is missing information, you can trigger the verification process by clicking "Buy" under the "Crypto" section of PayPal (under "Finances") or Venmo. Please note that you do not need to purchase cryptocurrency to complete this process. The KYC validation process may take up to 48 hours to be completed.

    o Complete the Customer Identity Verification step. To start the Customer Identity Verification step, you can click "Buy" and choose any crypto. You do not need to buy any crypto, but once you choose a coin, you will be asked for your name, address, date of birth, and social security number or Tax ID to complete the identity step.

    o You will get a success message when this is complete. If you are able to select a coin, enter a quantity to buy, choose how you would pay, and get to the confirmation screen, you have completed this part of the process. (Again, you do not need to buy any crypto.)

    o Complete the Identity Document Upload step, on a mobile device with the latest version of the PayPal or Venmo app. To receive crypto transfers, you will need to upload your identity document. To start this process, you can click into a specific coin (for example, Bitcoin or Ethereum), and click the Transfers icon.

    o You will be asked to provide a photo of the front and back of your government-issued ID.

    o You will also be asked to take a selfie with the ID. If required, PayPal can offer an alternative to providing biometric information. Follow the instructions in the experience and once you have successfully completed enrollment, you should see a screen that asks you if you want to send or receive the crypto.

- If you are using PayPal, ensure your tax information is correct. If your account is missing information, you may need to add or update your tax information. You can review your PayPal account by clicking "Review" in your account.

- Confirm your date of birth is correct. If your date of birth is incorrect, this will affect your ability to move forward with collecting your Claim distribution. Your date of birth must be correct in both your Celsius account and PayPal or Venmo when you attempt to redeem your Claim code. If you determine that you must change your date of birth in your Celsius account, please submit an inquiry with Stretto by following the directions at: https://cases.stretto.com/Celsius/contact-us/.

- Do not use VPNs or services which mask your location or IP address to redeem your code.

- Wait at least 24 hours after changing personal information to redeem or try to transfer cryptocurrency.

- If you have applied for a higher transfer limit, be sure that the addresses that are approved are the ones to which you try to send your cryptocurrency. Only those addresses will accept higher transfer limits.

Additionally, the Post-Effective Date Debtors and PayPal/Venmo are actively investigating all creditor Claim distribution errors and will continue to be in communication with creditors as more information can be provided. As a reminder, if for any reason neither PayPal nor Venmo can service your Claim distribution, you will be notified that your distribution cannot be serviced through PayPal or Venmo and the Post-Effective Date Debtors will attempt to make your distribution via Coinbase. If Coinbase cannot service your distribution, you will receive a Cash distribution.

If the above troubleshooting tips do not work and you are still having issues claiming your Liquid Cryptocurrency distribution via PayPal/Venmo, please submit an inquiry with Stretto by following the directions at: https://cases.stretto.com/Celsius/contact-us/. Submitting an inquiry creates a ticket that will be reviewed by the Post-Effective Date Debtors. The Post-Effective Date Debtors are currently receiving a significant number of inquiries and are working through those inquiries as quickly as they are able. You will likely not get an immediate response due to the high level of inquiries. Please do not submit more than one ticket for the same issue – that clogs up the system and increases delays in response times.

### **Distributions of Cash (US Dollars)**

The Post-Effective Date Debtors have received many questions about the process for Cash distributions and whether Cash distributions will reflect recent increases in the price of BTC and ETH.

First, the Plan provides that the Post-Effective Date Debtors shall make Plan distributions in Cash in cases where it is not possible to distribute Liquid Cryptocurrency, including for AML/compliance reasons and because no Distribution Agent is available to make a particular

creditor's distribution in Liquid Cryptocurrency. Accordingly, in preparation for the commencement of distributions on the Effective Date, the Debtors determined which creditors they could distribute Liquid Cryptocurrency to and which creditors would have to receive Cash, with the understanding that some creditors initially scheduled to receive Liquid Cryptocurrency would ultimately have to be transitioned to Cash (for example, if PayPal/Venmo or Coinbase determined that they would not be able to service a particular creditor).

The Plan also provides that, to calculate the amount of Liquid Cryptocurrency each eligible creditor would receive, the Debtors were required to use applicable cryptocurrency prices as of the date that was approximately 15 days before the Effective Date. Because the Effective Date was anticipated to be January 31, 2024, the Debtors were required to use cryptocurrency prices as of January 16, 2024 to calculate the amount of Liquid Cryptocurrency to allocate to creditors eligible to receive Liquid Cryptocurrency. The Debtors did so and set that Liquid Cryptocurrency aside for each creditor initially scheduled to receive Liquid Cryptocurrency. The Debtors also had to use January 16, 2024 to calculate the amount of Cash to allocate to those creditors who were initially scheduled to receive Cash rather than Liquid Cryptocurrency. Accordingly, the Debtors sold cryptocurrency on or around January 16, 2024 to ensure that they had enough Cash on hand for Cash distributions. The amount of Liquid Cryptocurrency and Cash to be distributed has been set since January 16, when the Post-Effective Date Debtors set aside approximately $269 million for distributions. The Post-Effective Date Debtors cannot adjust those amounts for market developments except as set forth below.

As noted, the Debtors knew that some creditors originally scheduled to receive Liquid Cryptocurrency would ultimately be unable to receive Liquid Cryptocurrency and would have to be transitioned to Cash. The Plan provides that in those circumstances, the Post-Effective Date Debtors could sell the Liquid Cryptocurrency that was set aside for a creditor scheduled to receive Liquid Cryptocurrency at the prevailing market price as close to the expected date of the Cash distribution as possible.[3] The Plan further provides that the creditor would receive the proceeds of that sale. For example, if you were initially identified as eligible to receive Liquid Cryptocurrency through Coinbase and are subsequently transitioned from Coinbase to Cash, the Post-Effective Date Debtors will sell the Liquid Cryptocurrency reserved on account of your Claim at prevailing market prices and you will receive the Cash that is received by the Post-Effective Date Debtors in that sale.

---

[3] See Plan, Art.IV.K.1 ("If there is no Distribution Agent capable of making a distribution to the Account Holder in Liquid Cryptocurrency at the time such Account Holder's Claim becomes an Allowed Claim or is otherwise made available for distribution and the Plan Administrator has not otherwise converted such Liquid Cryptocurrency to fiat, the Debtors, Post-Effective Date Debtors or Plan Administrator, as applicable, shall convert the Liquid Cryptocurrency that would otherwise be distributed to the Account Holder to fiat currency as close to the anticipated date of distribution as reasonably practical under the circumstances, and shall distribute such fiat currency to the Account Holder. Additionally, if a creditor's AML/KYC Compliance Information results in a change in the form of consideration to be paid to such creditor (i.e., a creditor will receive fiat currency instead of Liquid Cryptocurrency, or vice versa, due to a change in the applicable Distribution Agent), then the Plan Administrator will convert the Liquid Cryptocurrency that would otherwise be distributed to the creditor to fiat currency (or vice versa) as close to the anticipated date of distribution as reasonably practical under the circumstances, and shall distribute such fiat currency or Liquid Cryptocurrency, as applicable, to the Account Holder.")

7

Certain creditors who were scheduled to receive Cash distributions on January 16, 2024 have complained that it is unfair that their distributions will not be adjusted to account for recent market developments. The Plan required the Debtors to use January 16, 2024 to determine the amount of Cash to set aside for creditors originally scheduled to receive Cash, and it is neither logistically possible, reasonable, nor fair to adjust distributions based on market developments that no one could have predicted and which change every single day. It just so happens that the price of BTC and ETH has increased in recent weeks. The price of BTC and ETH could also have decreased. In most bankruptcy cases with hundreds of thousands of retail creditors (in which most creditors receive Cash distributions via check), some creditors simply receive their distributions before other creditors due to the logistical complexities of the process. It is not possible to ensure that every creditor receives its distribution on the same day, and market fluctuations are to be expected. This is why the Plan provided that the amount of Liquid Cryptocurrency and Cash to be distributed to creditors was set as of January 16, 2024.

**Communications to creditors scheduled to receive Cash and eligible to receive a distribution as of the Effective Date have been sent.** As of the date hereof, creditors originally scheduled to receive a Cash distribution and who were eligible to receive a distribution as soon as the Effective Date (*i.e.*, there was no other reason to hold back their distribution, such as unresolved Withdrawal Preference Exposure) should have received an email from Stretto informing them that they will receive a Cash distribution instead of Liquid Cryptocurrency. Creditors who were initially scheduled to receive a Liquid Cryptocurrency distribution but who are unable to be serviced by PayPal/Venmo or Coinbase and who will be transitioned to Cash will be contacted in the next few weeks. Additional communications will be sent to creditors who will be receiving Cash.

**Cash distributions are underway but will take longer to process due to a recent change in banking partners.** In early February, following uncertainty surrounding the financial condition of Celsius' original banking partner, the Post-Effective Date Debtors determined it was necessary to change banking partners. This unforeseen circumstance has caused longer processing times for Cash distributions via check and wire transfer, but wire transfers are now well underway and checks are being prepared for mailing with our new banking partner. Some creditors will now receive wire transfers due to deliverability concerns that might have otherwise delayed or affected the ability of creditors to receive their Claim distribution via a US Dollar check.

### Distributions to Corporate Creditors

**Only 100 slots are available for corporate creditors to receive Liquid Cryptocurrency.** As explained in the First Distribution Notice, a limited number of corporate creditors with the largest Claims were provided an opportunity to receive their distribution in Liquid Cryptocurrency via Coinbase rather than Cash. Only 100 such slots are available for corporate creditors because the compliance and onboarding process required for corporate accounts is significantly more demanding than that required for individual account holders. The Post-Effective Date Debtors' commercial arrangement with Coinbase only provides for a limited number of slots. The Debtors were not able to identify an additional distribution partner prior to the Effective Date that would agree to service corporate creditors.

To determine eligibility for the 100 slots, the Post-Effective Date Debtors reached out to the top 250 corporate creditors to ask them whether they wanted to receive Liquid Cryptocurrency or Cash. Of the corporate creditors who responded and elected to receive Liquid Cryptocurrency, the 100 slots were allocated to the corporate creditors with the largest Claims who did not have any Withdrawal Preference Exposure, who had not opted out of the Class Claim Settlement, and whose distribution did not need to be held back for other reasons. The Debtors excluded creditors who would otherwise have their distributions held back because the Debtors' commercial agreement with Coinbase only lasts for one year, and the Debtors did not want to use one of these limited 100 slots on a corporate creditor who may not have an Allowed Claim within one year.

The Post-Effective Date Debtors have received a significant number of inquiries from corporate creditors who are concerned that they are not receiving Liquid Cryptocurrency, and requesting that the Post-Effective Date Debtors distribute Liquid Cryptocurrency to them rather than Cash. Some creditors have informed the Post-Effective Date Debtors that they have a Coinbase Prime account already and believe that the Post-Effective Date Debtors should just make a distribution to their existing Coinbase Prime account. However, the Post-Effective Date Debtors cannot accommodate additional cryptocurrency distributions to corporate creditors because their commercial arrangement with Coinbase only provides for a limited number of slots.

**Corporate creditors eligible for distributions as of the Effective Date have been informed whether they will receive a Liquid Cryptocurrency or Cash distribution.** Corporate creditors who were selected for the 100 Coinbase slots should have received an email communication from Coinbase Prime with further instructions. Corporate creditors (who were eligible for distributions as of the Effective Date) who were not selected for these limited slots should have received an email from the Post-Effective Date Debtors informing corporate creditors that they will receive a Cash distribution. As noted above, Cash distributions are taking longer to process due to a change in banking partners but are underway. As also noted above, the Post-Effective Date Debtors are not able to make distributions in Liquid Cryptocurrency to creditors who have been selected for a Cash distribution because the necessary Cash allocations and corresponding Liquid Cryptocurrency liquidations have already been made.

**Distributions to the selected 100 corporate creditors have commenced.** All 100 corporate creditors selected to receive Liquid Cryptocurrency via Coinbase Prime have been notified by Coinbase Prime. Approximately half of these creditors have completed the compliance and onboarding process with Coinbase Prime, and have either received their distribution or are scheduled to receive it in the coming days. The remaining half of the top 100 corporate creditors chosen to receive Liquid Cryptocurrency have not yet completed the required onboarding process with Coinbase. Corporate creditors that were selected should monitor their email closely for instructions or updates from Coinbase.

## Mistaken Convenience Class Elections

Perhaps the most common issue that the Post-Effective Date Debtors have reviewed is that many creditors asserted that they did not opt into the Convenience Class during the voting on the Plan in September 2023, or that they did not intend to make that election. On

9

February 28, 2024, the Debtors filed a motion [Docket No. 4372] (the "Mistaken Convenience Class Motion") that, if approved by the Court, would automatically revoke that election for any creditor in the Convenience Class with a cumulative Claim above $9,334 and allow any creditor in the Convenience Class with a cumulative Claim above $6,045 and below $9,333 to affirmatively decide to revoke that election within 30 days of receiving notice. The Mistaken Convenience Class Motion is set to be heard by the Court on March 20, 2024, and, if approved, the Post-Effective Date Debtors would implement the relief sought over the following weeks (by making subsequent distributions to affected creditors as if they were in their applicable Class—Earn, Loans, etc.).

## Loan Issues

**The Post-Effective Date Debtors are working with electing borrowers and third-party lenders to complete refinancing transactions.** Instructions on the refinancing process for those creditors who had a loan with Celsius and timely made the Refinancing Election by the deadline (January 17, 2024) were sent by Stretto on February 14, 2024. Pursuant to that notice, electing borrowers had until March 15, 2024 to select a lender and provide certain documentation to the Post-Effective Date Debtors. The Post-Effective Date Debtors have now extended that deadline to March 31, 2024, and affected borrowers have been contacted by Stretto about the extended deadline. The Post-Effective Date Debtors will then work to close those transactions with the applicable lenders and make distributions to the lenders in accordance with the terms of the Plan and the loan documents with the electing borrowers.

**Increases to the scheduled Claim amounts due on account of the Class Claim Settlement are being re-calculated.** Separately, the Post-Effective Date Debtors recently discovered that an error was made in calculating the value of Claims for those borrowers who did not opt out of the Class Claim Settlement. Under the Class Claim Settlement, creditors who did not opt out of the Class Claim Settlement would have their scheduled Claim increased by 5% (in other words, if you had a Claim of $100, your Claim would be increased to $105, and your Claim distribution would be calculated using the $105 rather than the $100 amount).

In the case of borrowers, the 5% increase should have been applied to the Petition Date value of the cryptocurrency they transferred to support their loan, which is known as the "Retail Borrower Deposit Claim" under the Plan. However, the 5% increase to Claims was erroneously only applied to the borrowers' Post-Set Off Claim, or the amount that results when the amount of the loan is subtracted from the Retail Borrower Deposit Claim. The Post-Effective Date Debtors are finalizing revisions to the affected Claims to correct this error, and the affected borrowers will receive the additional distribution when the second "wave" of distributions is made in the next several weeks. For the avoidance of doubt, affected borrowers will not be receiving an additional 5% of their distribution; the 5% will be added to their Retail Borrower Deposit Claim, and they will receive a further distribution reflecting this increased Claim in the next wave of distributions.

## Distributions to Creditors Who Accessed Celsius Through Partners Such as Nuri/Bitwala

Some creditors accessed Celsius and transferred cryptocurrency to Celsius through partner entities such as Nuri/Bitwala (rather than by opening accounts directly with Celsius).

10

Distributions on account of these Claims have not yet been completed as the Post-Effective Date Debtor are working through logistical challenges related to completing KYC for these creditors. However, the Post-Effective Date Debtors are working to resolve these issues and to commence distributions on account of these Claims.

Some of the creditors who accessed Celsius through partners subsequently opened additional accounts directly with Celsius. Distributions related to these accounts have been, or are in the process, of being made by the applicable Distribution Agent.

### Distributions to Account Holders with Previously Suspended Accounts

Some creditors' accounts were previously suspended for violations of the Terms of Use (such as for opening multiple accounts or promotional codes for which they were not eligible) or other reasons, and distributions to such creditors were not immediately enabled on the Effective Date. The Post-Effective Date Debtors have since enabled distributions to some creditors with suspended accounts, and are reviewing other suspended accounts to determine if further distributions to creditors with suspended accounts can be enabled.

### Distributions of MiningCo Common Stock

Holders eligible to receive MiningCo Common Stock as part of their distributions under the Plan will receive communications from the Stock Transfer Agent, Odyssey Transfer and Trust Company ("Odyssey") regarding the distribution of MiningCo Common Stock.[4] The Post-Effective Date Debtors understand that Odyssey has now completed sending their initial email to eligible Holders.

If you have not received this initial notification, please review the instructions set forth in this Notice and the frequently asked questions related to the MiningCo Common Stock distribution, available at the following link: ionicdigital.odysseytrust.com (the "MiningCo Common Stock FAQ"). Odyssey will continue to update the MiningCo Common Stock FAQ with the latest information.

### Phishing Attempts Reminder

Many phishing attempts are active now that Plan distributions have become available. Please proceed with caution and review the Phishing Notices.

As a reminder, neither the Post-Effective Date Debtors nor their advisors will ***ever*** contact you by telephone call, social media, or text message to request account information or other personal information absent an (a) order by the Court or (b) on-the-record instruction from the Court.

---

[4] As a reminder, the Holders of Claims eligible to receive equity in the form of the common stock of MiningCo are Holders of Claims in Class 2 (Retail Borrower Deposit Claims), Class 5 (General Earn Claims), Class 7 (Withhold Claims), Class 8 (Unsecured Loan Claims), and Class 9 (General Unsecured Claims)

11

If you see any suspicious website domains or receive any uncorroborated email, text message, or telephone call purporting to be from the Post-Effective Date Debtors or their advisors claiming that withdrawals are available or requesting account information, personal information, or payment, we request that you please ***immediately*** contact the Post-Effective Date Debtors' counsel at CelsiusCreditorQuestions@kirkland.com or the Post-Effective Date Debtors' claims, noticing, and solicitation agent, Stretto, at CelsiusInquiries@stretto.com.

Copies of the Phishing Notices, the Disclosure Statement, Plan, the Confirmation Order, and other pleadings filed in the above-captioned chapter 11 cases may be obtained free of charge by visiting the website of Stretto at http://www.cases.stretto.com/Celsius. You may also obtain copies of any pleadings by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

[*Remainder of page intentionally left blank*]

| | |
|---|---|
| New York, New York<br>Dated:  March 13, 2024 | */s/ Joshua A. Sussberg*<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C.<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:    (212) 446-4800<br>Facsimile:     (212) 446-4900<br>Email:           joshua.sussberg@kirkland.com<br><br> - and -<br><br>Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)<br>Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)<br>Christopher S. Koenig<br>Dan Latona (admitted *pro hac vice*)<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Telephone:    (312) 862-2000<br>Facsimile:     (312) 862-2200<br>Email:           patrick.nash@kirkland.com<br>                       ross.kwasteniet@kirkland.com<br>                       chris.koenig@kirkland.com<br>                       dan.latona@kirkland.com<br><br>*Counsel to the Post-Effective Date Debtors* |