Josephine Gartrell, Esq.
**WILLIS TOWERS WATSON US LLC**
800 North Glebe Road, Floor 10
Arlington, Virginia 22203
Tel: (703) 258-8000
josephine.gartrell@wtwco.com

*Compensation Consultant for the
Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>CELSIUS NETWORK LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-10964 (MG)<br><br>(Jointly Administered) |

**SUMMARY COVER SHEET FOR COMBINED FIRST INTERIM AND FINAL FEE APPLICATION OF WILLIS TOWERS WATSON US LLC FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS <u>COMPENSATION CONSULTANT FOR THE DEBTORS</u>**

| **Name of Applicant:** | Willis Towers Watson US LLC |
|---|---|
| **Name of Client:** | The above-captioned debtors and debtors-in-possession |
| **Petition Date:** | July 13, 2022 |
| **Retention Date:** | September 13, 2023, effective as of July 13, 2022 [Docket No. 3460] |
| **Date of Order Approving Retention** | September 13, 2023 [Docket No. 3460] |
| **Time Period Covered by Application:** | July 13, 2022 to November 21, 2023 |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

51628208.2

| **Total Fees Requested in This Application:** | $187,500.00 |
|---|---|
| **Total Expenses Requested in This Application:** | N/A |
| **Total Fees and Expenses Requested in This Application:** | $187,500.00[2] |

**Summary of Prior Interim Fee Applications:** N/A

**Prior Order Allowing Interim Compensation and Expenses:** N/A

---

[2] Pursuant to the Retention Order, WTW agreed that its requested compensation in the Debtors' cases would not exceed $187,500 in these Chapter 11 Cases.

Josephine Gartrell, Esq.
**WILLIS TOWERS WATSON US LLC**
800 North Glebe Road, Floor 10
Arlington, Virginia 22203
Tel: (703) 258-8000
josephine.gartrell@wtwco.com

*Compensation Consultant for the
Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**COMBINED FIRST INTERIM AND FINAL FEE APPLICATION OF WILLIS TOWERS WATSON US LLC FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS COMPENSATION <u>CONSULTANT FOR THE DEBTORS</u>**

Willis Towers Watson US LLC ("**WTW**"), compensation consultant for the above-captioned chapter 11 debtors and debtors-in-possession (the "**Debtors**"), hereby files its combined first interim and final fee application (collectively, the "**Application**") seeking allowance of reasonable compensation for services rendered and reimbursement of actual and necessary expenses incurred on behalf of the Debtors in the aggregate amount of $187,500 for the period of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

51628208.2

July 13, 2022, through November 21, 2023 (the "**Final Period**")[2]. In support of the Application, WTW respectfully represents as follows:

## JURISDICTION, VENUE, AND STATUTORY PREDICATES

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012 (Preska, C.J.). This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue before this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409. WTW confirms its consent to the Court entering a final order in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution

2. The statutory bases for the relief requested herein are sections 330 and 331 of title 11 of the United States Code (the "**Bankruptcy Code**"), rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), rule 2016-l(a) of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the Southern District of New York (the "**Local Rules**"), the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases pursuant to Local Rule 2016-1(a)* (as updated June 17, 2013) (the "**Local Guidelines**"), the *First Amended Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief [Docket No. 2779] (together with the Interim Compensation Order entered on December 19, 2022 [Docket No. 1745])*, and the *United States Trustee's Guidelines for*

---

[2] WTW was retained pursuant to the Retention Order on September 13, 2023. However, WTW stopped providing any services to the Debtors' on November 21, 2023. WTW is filing this Application since it was a retained professional in the Chapter 11 Cases.

-2-

51628208.2

*Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, Effective January 30, 1996* (the "**U.S. Trustee Guidelines**," and together with the Local Guidelines, the "**Fee Guidelines**"). Attached hereto as **Exhibit A** is a certification regarding compliance with the Fee Guidelines.

## BACKGROUND

3. On July 13, 2022, each of the Debtors commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code, and, on December 7, 2022, GK8 Ltd., GK8 USA LLC, and GK8 UK Limited each commenced voluntary chapter 11 cases with this Court (collectively, the "**Chapter 11 Cases**"). The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b). A detailed description of the facts and circumstances of these Chapter 11 Cases is set forth in certain declarations the ("Declarations") filed at the outset of these cases, including the *Declaration of Robert Campagna, Managing Director of Alvarez & Marsal North America, LLC, in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 22].

4. On October 20, 2022, the Court entered an order appointing the Hon. Christopher Sontchi as fee examiner (the "**Fee Examiner**") pursuant to section 105(a) of the Bankruptcy Code. [Docket No. 1151], later amended at [Docket No. 1746].

5. On October 10, 2022, the Court entered the *Order Appointing Independent Fee Examiner and Establishing Related Procedures for the Review of Fee Applications of Retained Professionals* [Docket No. 1151]. On December 19, 2022, the Court entered the *Amended Order Appointing Independent Fee Examiner and Establishing Related Procedures for the Review of Fee Applications of Retained Professionals* [Docket No. 1746].

-3-

6. On November 17, 2022, the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") filed an *Application of the United States Trustee for an Order Authorizing the United States Trustee to Conduct a 2004 Examination of Willis Towers Watson* [Docket No. 1392] (the "**Rule 2004 Application**") in connection with WTW's engagement by the Debtors. In response to the Rule 2004 Application, WTW provided the U.S. Trustee with documents relating to its engagement with the Debtors. WTW contends that the document production supports the Debtors' and WTW's position that WTW's role was, in fact, limited to the role of compensation consultant. The U.S. Trustee did not make any further requests for additional documentation from WTW after WTW responded to the Rule 2004 Application.

7. Prior to the filing of the Rule 2004 Application, WTW had been paid six different retainers for invoices from June 28, 2022, to October 24, 2022, by the Debtors, each in the amount of $75,000.00, for a total of $450,000.00 (collectively, the "**Retainer Amounts**").

8. WTW last performed work for the Debtors' estates on November 21, 2022. From July 13, 2022, to November 21, 2022, WTW incurred fees as the Debtors' compensation consultant for a total of 461.25 hours, amounting to $312,688.75. WTW also incurred reasonable actual and necessary expenses in the amount of $14,350.00.

9. On February 13, 2023, the U.S. Trustee filed the *United States Trustee's Motion for Order to Show Cause Why the Debtors Should Not Retain Willis Towers Watson* [Docket No. 2042] (the "**Show Cause Motion**"). On February 15, 2023, at a hearing on the Show Cause Motion, the parties agreed that the Debtors would file an application to retain WTW, reserving all parties' rights regarding the issue of whether WTW was indeed a "professional" whose retention is required under the Bankruptcy Code.

10. On May 15, 2023, the U.S. Trustee filed the *United States Trustee's Motion for Order Directing Disgorgement of All Estate Funds Paid to Willis Towers Watson* [Docket No. 2640].

11. On May 30, 2023, the Debtors filed *Debtors' Application for Entry of an Order (I) Authorizing the Retention and Employment of Willis Towers Watson US LLC as Compensation Consultant, Effective as of July 13, 2022, and (II) Granting Related Relief* [Docket No. 2726] and *First Supplemental Declaration of Josephine Gartrell, Esq. in Support of the Debtors' Application for Entry of an Order (I) Authorizing the Retention and Employment of Willis Towers Watson US LLC as Compensation Consultant, Effective as of July 13, 2022, and (II) Granting Related Relief* [Docket No. 3252] (collectively, the "**Retention Application**")

12. On September 13, 2023, the Court entered *Order (I) Authorizing the Retention and Employment of Willis Towers Watson US LLC as Compensation Consultant, Effective as of July 13, 2022, and (II) Granting Related Relief* [Docket No. 3460] (the "**Retention Order**").

13. Pursuant to the Retention Order, WTW was retained under section 327(a) of the Bankruptcy Code as the Debtors' compensation consultant, effective July 13, 2022, in accordance with the terms and conditions set forth in the Retention Application and statement of work ("**SOW**").

14. The Retention Order provides that, in order to resolve the *United States Trustee's Motion for Order Directing Disgorgement of All Estate Funds Paid to Willis Towers Watson* [Docket No. 2640], WTW's requested compensation shall not exceed $187,500 for these Chapter 11 cases. WTW was required to repay the Debtors' estates $187,500 (or half of the total compensation of $375,000 previously paid by the Debtors to WTW) of the compensation it has

-5-

been paid during the Debtors' chapter 11 cases, and WTW shall not receive payment of any fees in excess of $187,500.

15. On October 9, 2023, WTW filed *Willis Towers Watson US LLC*'s *Notice of Reimbursement* [Docket No. 3735], which states that pursuant to paragraph 5 of the Retention Order, WTW repaid $187,500.00 to the Debtors' estates, which was half of the Retainer Amounts.

16. For the avoidance of doubt, WTW retained the $187,500.00 it was paid by the Debtors' estates as part of the Retainer Amounts, which it now seeks final approval of with this Application.

17. On November 9, 2023, the Court entered the *Findings of Fact, Conclusions of Law and Order Confirming the Modified Joint Chapter 11 Plan of Celsius Network LLC and Its Debtor Affiliates* [Docket No. 3972] (the "Confirmation Order") confirming the *Modified Joint Chapter 11 Plan of Reorganization of Celsius Network LLC & its Debtor Affiliates* [Docket No. 3577] (as amended and supplemented, the "Plan"). The Plan went effective on January 31, 2024 [Docket No. 4298].

## SUMMARY OF MONTHLY STATEMENTS AND INTERIM APPLICATION

18. On August 17, 2022, the Court entered the *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief* [Docket No. 521]. On December 19, 2022, the Court entered the *First Amended Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief [Docket No. 1745]. On June 8, 2023, the Court entered the First [sic] Amended Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief* [Docket No. 2779] (the "**Interim Compensation Order**").

-6-

19. WTW did not submit monthly statements pursuant to the Interim Compensation Order since it had already been paid the Retainer Amounts before the Retention Order was entered on September 13, 2023 (10 months after WTW last performed services for the Debtors' estates on November 21, 2022). Similarly, WTW did not file interim applications in the Chapter 11 Cases until the filing of this Application.

### SUMMARY OF PROFESSIONAL COMPENSATION AND REIMBURSEMENT OF EXPENSES REQUESTED BY THIS APPLICATION

20. By this Application, WTW seeks final allowance and award of compensation for the professional services rendered by WTW as a compensation consultant for the Debtors during the Final Period in the aggregate amount of $187,500.00. This amount represents a reduction from (i) WTW's fees in the aggregate amount of $312,688.75 during the Final Period, and (ii) expenses in the aggregate amount of $14,350.00, which represent actual and necessary expenses incurred by WTW during the Final Period.

21. In accordance with the Retention Order, WTW has maintained computerized records of the time spent by WTW professionals in providing compensation consultant services to the Debtors during the Final Fee Period in fifteen-minute (0.25 of an hour) increments. Attached hereto as **Exhibit B** is a schedule of the total number of hours spent by WTW professionals under each of WTW's internal project categories during the Final Period. Attached hereto as **Exhibit C** are the time records maintained by WTW professionals during the Final Interim Period. Attached hereto as **Exhibit D** are expenses incurred by WTW in connection with its services during the Final Period.

22. All services for which WTW requests compensation in this Application were performed for or on behalf of the Debtors. During the Final Period, other than pursuant to the Interim Compensation Order and the Retention Order, WTW has received no payment and no

promises of payment from any source for services rendered or to be rendered in connection with the matters covered by this Application. There is no agreement or understanding between WTW and any other person for the sharing of compensation to be received for services rendered in these Chapter 11 Cases.

## SUMMARY OF SERVICES RENDERED DURING THE FINAL PERIOD

23. During the Final Period, WTW performed extensive services on behalf of the Debtors, which WTW organized by project categories. Those services included, but were not limited to, the following:

- **Category 1: Project Initiation, data request/review and ongoing project management.** This category covers services provided by WTW related to data requests, review, and continuous project oversight. WTW billed 7 hours in this category, amounting to $5,940.00.

- **Category 2: Pay Benchmarking – US and certain international business units.** This category covers services provided by WTW related to benchmarking salaries for the Debtor's U.S. and specific international units. WTW billed 42 hours in this category, amounting to $22,815.00.

- **Category 3: KEIP.** This category covers services provided by WTW related to time spent on the Debtor's incentive plan for key employees. WTW billed 113 hours in this category, amounting to $75,827.50.

- **Category 4: KERP.** This category covers services provided by WTW related to time spent on the Debtor's retention plan for key employees. WTW billed 163.5 hours in this category, amounting to $116,915.00.

- **Category 5: General Plan Design.** This category covers services provided by WTW related to time spent on the Debtor's chapter 11 plan efforts. WTW billed 10.25 hours in this category, amounting to $7,916.25.

- **Category 6: Communications.** This category covers services provided by WTW related to communications about services rendered. WTW billed 125.5 hours in this category, amounting to $83,275.00.

24. Although WTW, in line with market convention and the Retention Order, does not bill by the hour, WTW has kept track of its post-petition time in fifteen-minute (0.25 of an hour) increments, which was allowed pursuant to the Retention Order. Such time records are attached

-8-

51628208.2

hereto as **Exhibit C**. During the Final Period, WTW professionals spent approximately 461.25 hours providing consultant compensation services to the Debtors, amounting to $312,688.75. As discussed above, WTW will not seek compensation of more than $187,500.00 in this Application.

25. The fees charged by WTW of $14,350.00 have been billed in accordance with the Retention Order and the SOW and comparable to those fees charged by WTW for professional services rendered in connection with similar chapter 11 cases and non-bankruptcy matters. WTW submits that such fees are reasonable based upon the customary compensation charged by similarly skilled practitioners in comparable bankruptcy cases and non-bankruptcy matters in WTW's industry.

26. There is no agreement or understanding between WTW and any other person for sharing of compensation to be received for services rendered in these Chapter 11 Cases.

## THE REQUESTED COMPENSATION SHOULD BE ALLOWED

27. Section 330 of the Bankruptcy Code provides for the award of compensation to professionals. Section 330, by its terms, is "subject to" the provisions of section 328 of the Bankruptcy Code. Pursuant to section 328(a) of the Bankruptcy Code, the Debtors:

> [M]ay employ or authorize the employment of a professional person under section 327 . . . of [the Bankruptcy Code] on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis. Notwithstanding such terms and conditions, the court may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions.

28. 11 U.S.C. § 328(a). Accordingly, section 328(a) of the Bankruptcy Code permits the compensation of professionals, including compensation consultants like WTW, on flexible terms that reflect the nature of their services and prevailing market conditions for those services.

29. If a court has entered an order authorizing a professional's employment that "expressly and unambiguously state[s] specific terms and conditions (e.g., specific hourly rates or contingency fee arrangements) that are being approved pursuant to the first sentence of Section 328(a)," the court is constrained to apply only the "improvident" standard of section 328(a) in any later review of such professional's requested compensation. *Zolfo, Cooper & Co. v. SunbeamOster Co., Inc.*, 50 F.3d 253, 261 (3d Cir. 1995).

30. WTW respectfully submits that: (i) its professional services during the Final Period were necessary and appropriate and substantially benefited the Debtors' estates; (ii) the compensation requested in this Application is in accordance with the terms of the SOW as approved by the Retention Order pursuant to section 328(a) of the Bankruptcy Code; and (iii) no unforeseeable developments have arisen during the Chapter 11 Cases that would render the approval of WTW's fees to have been "improvident" within the meaning of section 328(a) of the Bankruptcy Code.

31. As a result of the services provided, WTW incurred expenses which it billed. The disbursements for such services are not included in WTW's overhead, and WTW has made every effort to minimize its disbursements in these Chapter 11 Cases. Section 330 of the Bankruptcy Code authorizes "reimbursement for actual, necessary expenses" incurred by professionals and paraprofessionals employed in a chapter 11 case. Accordingly, in accordance with the Retention Order, WTW seeks reimbursement for expenses incurred in connection with services rendered by WTW to the Debtors during the Final Period. The expenses incurred in the rendition of professional services were necessary, reasonable, and justified under the circumstances to serve the Debtors.

32. Accordingly, WTW requests that the Court approve on a final basis WTW's compensation and expenses in the amounts set forth herein. For the avoidance of doubt, WTW does not request any additional payments from the Debtors' estates aside from the $187,500.00 that it currently holds.

## COMPLIANCE WITH GUIDELINES

33. WTW believes that the Application, including the certification contained in **Exhibit A** hereto and the information in the other exhibits attached hereto, complies in all material respects with the Fee Guidelines. To the extent that this Application does not comply in every respect with the requirements of such Fee Guidelines, WTW respectfully requests a waiver for any such technical non-compliance.

## NO PRIOR REQUEST

34. No prior request for the relief sought herein has been made to this Court or any other court.

## NOTICE

35. WTW will provide notice of this Application in accordance with the Interim Compensation Order.

36. WTW submits that, in light of the nature of the relief requested, no other or further notice needs to be given.

## **CONCLUSION**

37.  WTW respectfully requests that the Court enter an order (a) allowing, on a final basis, compensation for professional services provided by WTW during the Final Period in the amount of $187,500.00; and (b) granting any other relief that is necessary or appropriate.

Dated: March 14, 2024

          **Willis Towers Watson US LLC**

          */s/ Josephine Gartrell*
          Josephine Gartrell, Esq.
          **WILLIS TOWERS WATSON US LLC**
          800 North Glebe Road, Floor 10
          Arlington, Virginia 22203
          Tel: (703) 258-8000
          josephine.gartrell@wtwco.com

          *Compensation Consultant for the*
          *Debtors and Debtors in Possession*