March 14, 2024

Honorable Martin Glenn
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004

Re:  Objection to Post-Effective Date Debtor's Second Update, Doc 4623

Dear Judge Martin Glenn;

I am thoroughly disgusted and enraged by the Debtor's response under Doc# 4623, POST-EFFECTIVE DATE DEBTORS' SECOND UPDATE ON DISTRIBUTIONS, filed on March 13, 2024.

Whether it be incapable distribution partner, financial issues with their banking partner, logistical complexities, or miscalculation of distribution, Debtors have absolutely no credibility and cannot be trusted.  It is apparent now that the Debtors used their sole discretion to make the critical decision of who can and cannot receive distribution in cryptocurrency.  It is utterly non-sense for the Debtors to have established a criterion on their own, which would inevitably result in inequitable distribution.  This has led to many creditors outrage, and we trust that you will review this matter carefully.

For those of us Creditors, corporate or retail who chose to receive distribution in cryptocurrency, there should be no reason whatsoever we should receive Cash distribution.  Whether a delay due to lack of communication or various technical issues with the Distribution Agent, all Creditors should still be entitled to the form of requested distribution and allow each Creditor to work through any issues, compliance or otherwise, that may exist with the Distribution Partner.  The decision to pay out in Cash was solely made by Debtors based on limitation of Distribution Agent, and this is wrong.  Such critical decision cannot be a one-way ruling by the Debtors as it violates the common understanding of "equitable distribution".

The Debtors stated, **"It just so happens that the price of BTC and ETH has increased in recent weeks.  The price of BTC and ETH could also have decreased."**  Whether BTC/ETH increased or decreased, the Debtors are missing the point.  The Creditors understand the regulatory reason for receiving in BTC and ETH as the only means of payout in cryptocurrency, but to enforce distribution in fiat currency without the written agreement with the Creditors is totally unacceptable.  If the BTC/ETH value increased from January 16, 2024, that gain is entitlement of the Creditors, just as gain would be entitlement of the Debtors had the BTC/ETH value decreased from January 16, 2024.

According to the Debtor's claim, setting the criteria for only the top 100 corporate creditors to be entitled for cryptocurrency is based on their distribution partner's inability to accommodate beyond "limited number of slots".  This distribution partner (Coinbase) was chosen by the Debtors at their sole discretion, and therefore, the reason WHY Liquid Cryptocurrency distributions cannot accommodate more corporate creditors is irrelevant.  This is not a question of "why", as equitable distribution across all class of Creditors is a MUST.  If the Debtors sold cryptocurrency to ensure that they had enough Cash for fiat distributions, this should've been only limited to those who chose distribution in the form of Cash.  Therefore, the Debtors must be prepared to make distribution exactly in the form of Creditor's request, unless otherwise ordered by the Court.  Failure to comply should be subject to legal implications.

The Debtors also refer to "logistical complexities" of the distribution process that led to lag and failure of timely distribution.  Such complexities exist because of their partner's limitations who failed to execute.  This failure should not come at the expense of Creditors who were forced to accept Cash at will of the Debtors, and therefore, any shortfall payout from January 16, 2024 through the actual payout date must be compensated by the Debtors.  Again, this was their own choosing of Cash distribution, clearly knowing the sensitivity of the asset value with respect to time.

To add insult to injury, Debtors go into providing Troubleshooting Tips as to assume the Creditors are incapable of following instructions.  We've seen complaints after complaints that point to error in the distribution codes or Coinbase's inadequacy to execute the distribution.  They stated Coinbase will re-attempt distributions during the one-year term of its agreement with the Debtors, but unless the Debtors can work out simple and streamlined process for payout, these issues will continue and Creditor will continue to suffer.

I believe you can understand the Creditors' frustration and lack of confidence in Debtor's ability to resolve these issues.  The methods and various assumptions the Debtors have made on their own, which I highlighted in this mail, is fundamentally wrong.  Given that they were entrusted with spending +$300MM on this bankruptcy process, they are NOT in any position to provide excuse for their bad decisions, which did not involve the Creditors.  As stated earlier, no such important decision should have been made without the Court order or exclusive agreement with the Debtors.  As a result, Debtors are fully liable to backfill any gaps to ensure those Creditors demanding distribution in cryptocurrency be paid out in BTC and ETH, based on effective date of January 16, 2024.

On behalf of all creditors, your honor, we trust that you will rule in favor of equitable distribution.
Thank you.

Sincerely,

*WC*

Wesley C.
JinwesLLC@gmail.com