UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) ) ) | Case No. 22-10964 (MG) |
| Debtors. | ) ) ) ) | (Jointly Administered) |

**ORDER (I) APPROVING AUTOMATIC REVOCATION OF
PRESUMED MISTAKEN CONVENIENCE CLAIM ELECTIONS,
(II) APPROVING OPTIONAL REVOCATION PROCEDURE FOR ELIGIBLE
CONVENIENCE CLAIM ELECTIONS, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the post-effective date debtors (collectively, the "Post-Effective Date Debtors" and, prior to the Effective Date, the "Debtors") for entry of an order (this "Order"), approving the Automatic Revocation of Presumed Mistaken Elections (and related opt-out mechanism) and the optional revocation procedure for Revokable Convenience Elections, all as more fully set forth in the Motion; and upon and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these chapter 11 cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that

---

[1] The Post-Effective Date Debtors in these chapter 11 cases, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Post-Effective Date Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] Capitalized terms used but not defined herein have the meanings given to such terms in the Motion.

the relief requested in the Motion is in the best interests of the Post-Effective Date Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Post-Effective Date Debtors' notice of the Motion and opportunity for a hearing thereon were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing (the "Hearing") before this Court; and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Motion is deemed to be a request on behalf of each Automatic Reelection Claimant to rescind its Presumed Mistaken Election, and all such Presumed Mistaken Elections are hereby rescinded.

3. The Debtors shall provide all Account Holders who made Revokable Convenience Elections with thirty days to revoke such elections, noticed via filing on the docket with e-mail service to the eligible Account Holders. The Debtors shall honor all timely requests to revoke Revokable Convenience Elections.

4. Except as expressly provided herein, nothing in this Order restricts the Post-Effective Date Debtors' discretion under the Disclosure Statement Order, and the Post-Effective Date Debtors shall not be required to honor any other requests to rescind Convenience Claim Elections except as set forth in this Order.

5. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any particular claim against the Debtors; (b) a waiver of the Post-Effective Date Debtors' rights to

dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Post-Effective Date Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Post-Effective Date Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Post-Effective Date Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens.  Any payment made pursuant to this Order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Post-Effective Date Debtors' rights to subsequently dispute such claim.

6. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rules and the Local Rules are satisfied by such notice.

7. Notwithstanding anything to the contrary in the Bankruptcy Code, Bankruptcy Rules, or Local Rules, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

8. The Post-Effective Date Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

9. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

[*Remainder of page intentionally left blank.*]

**IT IS SO ORDERED.**

Dated:  March 21, 2024
       New York, New York

                                            **/s/ Martin Glenn**
                                            MARTIN GLENN
                              Chief United States Bankruptcy Judge