Hearing Date:  May 7, 2024, at 2:00 p.m. (prevailing Eastern Time)
Objection Deadline:  April 30, 2024, at 4:00 p.m. (prevailing Eastern Time)

Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200

*Counsel to the Post-Effective Date Debtors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) Case No. 22-10964 (MG) |
| | ) |
| Post-Effective Date Debtors. | ) (Jointly Administered) |
| | ) |

**NOTICE OF POST-EFFECTIVE**
**DATE DEBTORS' MOTION SEEKING**
**ENTRY OF AN ORDER (I) APPROVING PROCEDURES**
**FOR THE DISTRIBUTION OF DECEASED ACCOUNT HOLDER**
**ASSETS TO THEIR REPSECTIVE AUTHORIZED REPRESENTATIVES,**
**(II) AUTHORIZING SUCH DISTRIBUTIONS, AND (III) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE** that a hearing on the *Post-Effective Date Debtors' Motion*

*Seeking Entry of an Order (I) Approving Procedures for the Distribution of Deceased Account*

*Holders' Assets to their Respective Authorized Representatives, (II) Authorizing Such*

---

[1] The Post-Effective Date Debtors in these chapter 11 cases, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Post-Effective Date Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Distributions, and (III) Granting Related Relief* (the "Motion") will be held on **May 7, 2024, at 2:00 p.m., prevailing Eastern Time** (the "Hearing") before the Honorable Martin Glenn, Chief United States Bankruptcy Judge.  The Hearing will be conducted in a hybrid fashion both in person and via Zoom for Government.  Those wishing to participate in the May Omnibus Hearing in person may appear before the Honorable Martin Glenn, Chief United States Bankruptcy Judge, in the United States Bankruptcy Court for the Southern District of New York, in Courtroom No. 523, located at One Bowling Green, New York, New York 10004-1408.  For those wishing to participate remotely, in accordance with General Order M-543 dated March 20, 2020, the May Omnibus Hearing will be conducted remotely using Zoom for Government.  Parties wishing to appear at or listen to the May Omnibus Hearing, whether (a) an attorney or non-attorney, (b) appearing in person or remotely, or (c) making a "live" or "listen only" appearance before the Court, need to make an electronic appearance (an "eCourtAppearance") through the Court's website at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl.  When making an eCourtAppearance, parties must specify whether they will appear at the May Omnibus Hearing remotely or in person and, and if appearing remotely, whether they are making a "live" or "listen only" appearance.  Electronic appearances (eCourtAppearances) need to be made by **4:00 p.m., prevailing Eastern Time, the business day before the hearing (*i.e.*, on May 6, 2024)**.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the relief requested in the Motion shall:  (a) be in writing; (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York; (c) be filed electronically with the Court on the docket of *In re Celsius Network LLC*, No. 22-10964 (MG) by registered users of the Court's electronic filing system and

in accordance with all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York (which are available on the Court's website at http://www.nysb.uscourts.gov); and (d) be served in accordance with the *Second Amended Final Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief,* [Docket No. 2560] (the "Case Management Order") by **April 30, 2024, at 4:00 p.m., prevailing Eastern Time**, to (i) the entities on the Master Service List (as defined in the Case Management Order and available on the case website of the Debtors at https://cases.stretto.com/celsius) and (ii) any person or entity with a particularized interest in the subject matter of the Motion.

**PLEASE TAKE FURTHER NOTICE** that only those responses or objections that are timely filed, served, and received will be considered at the Hearing. Failure to file a timely objection may result in entry of a final order granting the Motion as requested by the Post-Effective Date Debtors.

**PLEASE TAKE FURTHER NOTICE** that copies of all pleadings filed in these chapter 11 cases may be obtained free of charge by visiting the website of Stretto at https://cases.stretto.com/Celsius. You may also obtain copies of the motions and other pleadings filed in these chapter 11 cases by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

[*Remainder of page intentionally left blank*]

New York, New York
Dated: April 16, 2024

_/s/ Joshua A. Sussberg_

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:      (212) 446-4900
Email:           joshua.sussberg@kirkland.com

- and -

Patrick J. Nash, Jr., P.C. (admitted _pro hac vice_)
Ross M. Kwasteniet, P.C. (admitted _pro hac vice_)
Christopher S. Koenig
Dan Latona (admitted _pro hac vice_)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:      (312) 862-2200
Email:           patrick.nash@kirkland.com
                 ross.kwasteniet@kirkland.com
                 chris.koenig@kirkland.com
                 dan.latona@kirkland.com

_Counsel to the Post-Effective Date Debtors_

**Hearing Date:  May 7, 2024, at 2:00 p.m. (prevailing Eastern Time)**
**Objection Deadline:  April 30, 2024, at 4:00 p.m. (prevailing Eastern Time)**

Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Counsel to the Post-Effective Date Debtors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Post-Effective Date Debtors. | (Jointly Administered) |

**POST-EFFECTIVE DATE**
**DEBTORS' MOTION SEEKING ENTRY OF AN**
**ORDER (I) APPROVING PROCEDURES FOR THE**
**DISTRIBUTION OF DECEASED ACCOUNT HOLDER ASSETS**
**TO THEIR RESPECTIVE AUTHORIZED REPRESENTATIVES, (II)**
**APPROVING SUCH DISTRIBUTIONS, AND (III) GRANTING RELATED RELIEF**

The above-captioned post-effective date debtors ("Celsius," the "Post-Effective Date Debtors" and, prior to the Effective Date, the "Debtors") state the following in support of this motion (this "Motion").

---

[1]    The Post-Effective Date Debtors in these chapter 11 cases, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

**Preliminary Statement**

1.      On the Effective Date,[2] the Post-Effective Date Debtors commenced a global distribution process to hundreds of thousands of creditors around the world.  As part of this process, which includes comprehensively identifying each account holder, several individuals contacted the Post-Effective Date Debtors to request further information about the process for collecting Claim distributions on behalf of deceased account holders.  These individuals are seeking to receive such distributions in their capacities as the purported authorized representative or beneficiary of a purportedly deceased account holder.

2.      In light of the security concerns and continuing phishing attempts throughout these chapter 11 cases, the Post-Effective Date Debtors have developed procedures (the "Verification Procedures") to ensure that Plan distributions are appropriately sent to Holders (or their authorized representatives or beneficiaries) entitled to receive such distributions.  Out of an abundance of caution and in a sound exercise of their business judgment, the Post-Effective Date Debtors seek authority to distribute assets to the authorized representatives of deceased account holders pursuant to the Plan and Verification Procedures, which are described in further detail herein.

**Relief Requested**

3.      The Post-Effective Date Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), (a) approving the Verification Procedures, including the distribution form attached hereto as **Exhibit B** (the "Deceased Account Holder Distribution Form") and the email message attached thereto as Exhibit A (the "Deceased Account Holder Verification Email"), (b) authorizing, but not directing, the Post-Effective Date Debtors to

---

[2]      Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Plan (as defined below).

distribute deceased account holders' assets to their respective authorized representatives pursuant to the Verification Procedures, and (c) granting related relief.

## Jurisdiction and Venue

4.      The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012. The Post-Effective Date Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

5.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6.      The bases for the relief requested herein are sections 105(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code"), rules 2002 and 6004, of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 6004-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

## Background

7.      On July 13, 2022 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. A detailed description of the facts and circumstances of these chapter 11 cases is set forth in the *Declaration of Robert Campagna, Managing Director of Alvarez & Marsal North America, LLC, in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 22]. The Debtors commenced these chapter 11 cases to provide the company an opportunity to stabilize its business and consummate a comprehensive

restructuring transaction that maximizes value for stakeholders.

8.      Throughout the pendency of these chapter 11 cases, the Debtors operated their business and managed their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  These chapter 11 cases have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 53]. On July 27, 2022, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed an official committee of unsecured creditors [Docket No. 241] (the "Committee").  On September 14, 2022, the Court entered an order directing the appointment of an examiner [Docket No. 820].  On September 29, 2022, the Court entered an order approving the appointment of Shoba Pillay as examiner [Docket No. 923].  On April 4, 2023, the Court entered an order discharging the examiner [Docket No. 2364].

9.      On November 9, 2023, the Court entered the *Findings of Fact, Conclusions of Law, and Order Confirming the Modified Joint Chapter 11 Plan of Celsius Network LLC and Its Debtor Affiliates* [Docket No. 3972], pursuant to which the Court approved and confirmed the *Modified Chapter 11 Plan of Reorganization of Celsius Network LLC and Its Debtor Affiliates* [Docket No. 3577] (as amended, supplemented, or modified from time to time, the "Plan").

10.     On November 30, 2023, following feedback from the Securities and Exchange Commission that it would not approve the pre-clearance letter for the NewCo Transaction, the Debtors and the Committee jointly determined to pivot to the Orderly Wind Down and an alternate transaction that would create a stand-alone bitcoin mining company (the "MiningCo Transaction") and filed the *Joint Motion of the Debtors and the Committee for Entry of an Order (I) Approving the Implementation of the MiningCo Transaction and (II) Granting Related Relief*

[Docket No. 4050].

11.     On December 27, 2023, the Bankruptcy Court entered an order authorizing the Debtors to implement the MiningCo Transaction (the "MiningCo Implementation Order").

12.     On January 29, 2024, pursuant to the MiningCo Implementation Order, the Debtors filed the *Modified Joint Chapter 11 Plan of Reorganization of Celsius Network LLC and Its Debtor Affiliates (Conformed for MiningCo Transaction)* [Docket No. 4289].

13.     On January 31, 2024, the Effective Date of the Plan occurred, and Debtors emerged from chapter 11. *See Notice of Occurrence of Effective Date of Debtors' Modified Chapter 11 Plan of Reorganization and Commencement of Distributions* [Docket No. 4298].

### Distributions on Account of Claims Held by Deceased Account Holders

14.     Prior to the Petition Date, the majority of the Debtors' users and customers were individual account holders. Accordingly, the Debtors had a process to administer an account holder's assets upon the account holder's death. When an account holder passed away and a family member or other representative came forward to claim the assets in the account holder's account, the Debtors required such individuals to provide documentation verifying that: (a) the account holder was deceased; (b) such individual was authorized to administer the estate of the deceased account holder or that they were the account holder's beneficiary; and (c) the deceased account holder's estate was approved to be transferred. After completing the verification procedures, the Debtors required the authorized representative of the deceased account holder to execute a transfer agreement and provide a cryptocurrency wallet address or bank account information to facilitate the manual transfer of assets.

15.     As part of the distribution process in these chapter 11 cases, the Post-Effective Date Debtors have received several inquiries regarding distributions of Claims for deceased account

holders.  In most such cases, the Post-Effective Date Debtors were notified of the account holder's death by the account holder's family member(s) or other representative(s).

16.    As they did prepetition, the Post-Effective Date Debtors seek to establish a process to ensure that Plan distributions are sent to those authorized representatives or beneficiaries actually entitled to receive them.  Similar to their prepetition process, the Post-Effective Date Debtors propose that any individuals asserting that they are the authorized representative, executor of the estate, or the beneficiary of a deceased account holder (a "Proposed Authorized Representative") be required to complete the Deceased Account Holder Distribution Form, which requires evidence establishing the death of the account holder, the identity of the account holder, including citizenship and residency, evidence regarding the individual's relationship to and ability to act on behalf of the account holder, information regarding the identity of the Proposed Authorized Representative, and information about the account holder's account, including which email address is associated with the Celsius account and who has access to such email account. By executing the Deceased Account Holder Distribution Form, the Proposed Authorized Representative certifies that he/she is lawfully and solely entitled to receive the deceased account holder's Plan distribution, either as an estate administrator or as beneficiary, and that documentation provided with the Deceased Account Holder Distribution Form demonstrates proof of such authority.  Such documentation may include a death certificate, court order authorizing such individual to act on behalf of the deceased account holder, or any such documentation deemed necessary by the Post-Effective Date Debtors.

17.    After the Post-Effective Date Debtors receive a completed and executed Deceased Account Holder Distribution Form and related documentation from the Proposed Authorized Representative, the Post-Effective Date Debtors will send an email to the email address on file for

the deceased account holder, the form of which is attached to the Deceased Account Holder Distribution Form as Exhibit A, to explain that the Proposed Authorized Representative is attempting to receive the account holder's Plan distribution on the account holder's behalf and request a response to the extent the account holder is the victim of a scam. After sending the Deceased Account Holder Verification Email, the Post-Effective Date Debtors will institute a fourteen-day waiting period during which no Plan distribution will be made and no other action will be taken with respect to the deceased account holder's account.

18.    After the expiration of the fourteen-day waiting period and once the Post-Effective Date Debtors have verified that no response to the Deceased Account Holder Verification Email sent to the deceased account holder's email address on file has been received, the Post-Effective Date Debtors will be authorized to distribute the deceased account holder's assets to the Proposed Authorized Representative pursuant the Verification Procedures.

19.    The Verification Procedures are in the best interests of the Post-Effective Date Debtors' Estates and creditors because they seek to protect creditors and ensure that Plan distributions are sent to the correct authorized representative or beneficiary while moving the distribution process forward pursuant to the Plan.

**Basis for Relief**

20.    Section 363(b)(1) of the Bankruptcy Code allows a debtor, "after notice and a hearing [to] use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Courts in the Second Circuit have granted a debtor's request to distribute property outside of the ordinary course of business pursuant to section 363(b) of the Bankruptcy Code upon a finding that the debtor demonstrates a "sound business purpose" for the transaction. *See Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1071

(2d Cir. 1983) (requiring "some articulated business justification" to approve the use, sale, or lease of property outside of the ordinary course of business).  The "business judgement rule" is not an unduly strict standard; it merely requires showing that a decision to distribute the property was based on the debtor's sound business judgement.  *See In re Chateaugay Corp.*, 973 F.2d 141, 145 (2d Cir. 1992) (holding that a judicial approval of a section 363(b) sale was appropriate if good business reason existed to proceed with such sale); *In re Ionosphere Clubs, Inc.*¸100 B.R. 670, 675 (Bankr. S.D.N.Y. 1989) (noting that the standard for determining a section 363(b) motion is "good business reason"); *In re Glob. Crossing Ltd.*, 295 B.R 726, 743 (Bankr. S.D.N.Y. 2003).

21.    The business judgement rule also shields a debtor's decision making from second guessing.  *In re Johns-Manville Corp.*, 60 B.R. 612, 615–16 (Bankr. S.D.N.Y. 1986) (noting a "presumption of reasonableness attaches to a debtor's management decisions" and courts will generally not entertain objections to a debtor's conduct after a reasonable basis is set forth); *see also Official Comm. of Subordinated Bondholders v. Integrated Res., Inc. (In re Integrated Res., Inc.)*, 147 B.R. 650, 656 (S.D.N.Y. 1992) (stating "the business judgement rule is a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company," and has continued applicability in bankruptcy) (quoting *Smith v. Van Gorkom*, 488 A.2d 858, 872 (Del. 1985)) (internal quotation marks omitted).

22.    Furthermore, section 105 of the Bankruptcy Code provides, in relevant part, that "[t]he court may issue any order, process, or judgement that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a); *see also In re Enron Corp.*, 335 B.R. 22 (S.D.N.Y. 2005) ("Section 105(a) provides the authority for the bankruptcy court to carry out the

provisions of § 363(b)."); *In re Bethlehem Steel Corp.*, 2003 WL 21738964 at *6, 13 (S.D.N.Y. 2003) (same).

I.   **Implementing the Verification Procedures is a Sound Exercise of the Post-Effective Date Debtors' Business Judgement and in the Best Interests of the Post-Effective Date Debtors' Estates.**

23.   Implementing the Verification Procedures is a reasonable exercise of the Post-Effective Date Debtors' business judgment and should be approved pursuant to sections 105(a) and 363(b) of the Bankruptcy Code.

24.   Prior to these chapter 11 cases, the Debtors had an existing process to address the status of an account holder's assets upon the account holder's death.  The Post-Effective Date Debtors propose a similar process that requires any Proposed Authorized Representative to complete the Deceased Account Holder Distribution Form and provide documentation verifying such Proposed Authorized Representative's identity and ability to act on behalf of such deceased account holder.

25.   The Verification Procedures will ensure that only the Proposed Authorized Representative with the legal right to receive or administer the deceased account holder's assets will, in fact, receive such distribution.  After sending the Deceased Account Holder Verification Email to the email address on file for the deceased account holder, the Post-Effective Date Debtors will institute a fourteen-day waiting period during which no Plan distribution will be made and no other action will be taken with respect to the deceased account holder's account.  After the expiration of the fourteen-day waiting period and once the Post-Effective Date Debtors have verified that no response from the account holder was received, the Post-Effective Date Debtors will be authorized to distribute the deceased account holder's assets to the Proposed Authorized Representative pursuant to the Plan and Verification Procedures.  If the Post-Effective Date Debtors have reason to suspect fraudulent activity (*e.g.*, if the alleged deceased account holder is

9

determined not be deceased), then the Post-Effective Date Debtors will report any suspected fraudulent activity to the appropriate government authority.

26.    The Verification Procedures are in the best interest of the Debtors' estates and creditors because they ensure that distribution of an account holder's assets are distributed to the appropriate party while safeguarding account holders from potential theft.  Accordingly, the Court should authorize the Post-Effective Date Debtors to implement the Verification Procedures as discussed herein.

### Waiver of Bankruptcy Rules 6004(a) and 6004(h)

27.    The Post-Effective Date Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that cause exists to exclude such relief from the fourteen-day stay period under Bankruptcy Rule 6004(h).

### Motion Practice

28.    This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this Motion. Accordingly, the Post-Effective Date Debtors submit that this Motion satisfies Local Rule 9013-1(a).

### Notice

29.    The Post-Effective Date Debtors will provide notice of this Motion to the following parties or their respective counsel:  (a) the U.S. Trustee; (b) the United States Attorney's Office for the Southern District of New York; (c) the Internal Revenue Service; (d) the offices of the attorneys general in the states in which the Post-Effective Date Debtors operate; (e) the Securities and Exchange Commission; and (f) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, no other or further notice need be given.

**<u>No Prior Request</u>**

30.    No prior request for the relief sought in this Motion has been made to this or any

other court.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Post-Effective Date Debtors request that the Court enter the Order

granting the relief requested herein and such other relief as the Court deems appropriate under the

circumstances.

New York, New York
Dated: April 16, 2024

/s/ Joshua A. Sussberg
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:       (212) 446-4900
Email:            jsussberg@kirkland.com

- and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:       (312) 862-2200
Email:            patrick.nash@kirkland.com
                    ross.kwasteniet@kirkland.com
                    chris.koenig@kirkland.com
                    dan.latona@kirkland.com

*Counsel to the Post-Effective Date Debtors*

**Exhibit A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Post-Effective Date Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |

**ORDER (I) APPROVING PROCEDURES FOR THE**
**DISTRIBUTION OF DECEASED ACCOUNT HOLDERS'**
**ASSETS TO THEIR RESPECTIVE AUTHORIZED REPRESENTATIVES,**
**(II) AUTHORIZING SUCH DISTRIBUTIONS, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the post-effective date debtors (collectively, the "Post-Effective Date Debtors" and, prior to the Effective Date, the "Debtors") for entry of an order (this "Order"), authorizing, but not requiring the Post-Effective Date Debtors to implement the Verification Procedures, all as more fully set forth in the Motion; and upon and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these chapter 11 cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are : Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2]    Capitalized terms used but not defined herein have the meanings given to such terms in the Motion.

Post-Effective Date Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Post-Effective Date Debtors' notice of the Motion and opportunity for a hearing thereon were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing (the "Hearing") before this Court; and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein, and the Verification Procedures and Deceased Account Holder Distribution Form are approved.

2.      The Post-Effective Date Debtors have demonstrated sufficient basis to distribute the assets of a deceased customer to his/her Proposed Authorized Representative pursuant to the Plan and Verification Procedures as doing so is an appropriate exercise of the Post-Effective Date Debtors' business judgment and in the best interests of the Post-Effective Date Debtors, their creditors, their estates, and other parties in interest.

3.      Pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, upon the expiration of the fourteen-day waiting period, the Post-Effective Date Debtors and Distribution Agents, as applicable, are authorized to distribute the assets of any such deceased account holder to the deceased account holder's Proposed Authorized Representative pursuant to the Verification Procedures and the Plan.

4.      Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

5.      Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

6.      To the extent the provisions of this Order are inconsistent with the Motion, the

provisions of this Order shall control.

7.      The Post-Effective Date Debtors are authorized to take all actions necessary to

effectuate the relief granted in this Order in accordance with the Motion.

8.      This Court retains exclusive jurisdiction with respect to all matters arising from or

related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2024

_____
THE HONORABLE MARTIN GLENN
CHIEF UNITED STATES BANKRUPTCY JUDGE

## **Exhibit B**

**Deceased Account Holder Distribution Form**

## DECEASED ACCOUNT HOLDER DISTRIBUTION FORM

Name of the Deceased Account Holder:
Email address associated with Deceased Account Holder's Account:
Deceased Account Holder's Account Number (if known):

Your Name:
Your email address:
Relationship to the Deceased Account Holder:

By completing this form (the "Form"), you are certify that you are either the beneficiary, executory, or personal representative of the deceased person named above.  You are also confirming the deceased person's account to be renamed to the following format:  "[Your Name], Estate of [Deceased Account Holder's Name]."

Please read the below for more information about the purpose of this form and when any funds will be transferred to you.

As you may be aware, Celsius Network LLC and certain of its affiliates ("Celsius," the "Post-Effective Date Debtors" and, prior to the Effective Date, the "Debtors") filed for chapter 11 bankruptcy protection on July 13, 2022 (the "Petition Date").  At this time, the Celsius platform has been shut down, and all distributions will be sent by one or more Distribution Agents.

Please note that, once the deceased account holder's account is renamed so that ownership of the account is transferred to the deceased person's estate, you will be required to complete certain Know-Your-Customer ("KYC") procedures pursuant to the Plan and to verify your identity in compliance with the anti-money laundering ("AML") laws and other regulations.  You will be required to submit proof of identification including proof of status and/or residency.

In addition to executing this Form, you must also provide documentation that demonstrates you are lawfully entitled to receive the deceased account holder's Plan distribution, either as an estate administrator or as beneficiary.  You are required to submit documentation verifying that (i) the account holder whose Plan distribution you are seeking to receive is deceased, (ii) you are a valid representative, executor, or beneficiary of the deceased account holder's estate, and (iii) the estate of the deceased account holder is approved to be transferred to you.  Such documentation may include a death certificate, court order authorizing such individual to act on behalf of the account holder, or any such documentation deemed necessary by the Post-Effective Date Debtors.

Once you have provided all required documentation, Celsius will send an email, attached hereto as Exhibit A, to the email address on file.  If no response is received after fourteen days, then

Celsius or the Distribution Agent, as applicable, will be authorized to distribute the assets in the account pursuant to the Plan and Verification Procedures.

**Terms**

**Please ensure that you read the below carefully before signing.  By signing this Form, you authorize Celsius to:**

> **1.** **Use any of the funds in the Deceased Account Holder's Account to pay off any balances owed by the deceased person named above to Celsius;**
>
> **2.** **Make any distributions on account of the remaining funds in the Deceased Account Holder's Account to you in accordance with the terms and conditions of the Plan, or as otherwise approved by the Court; and**
>
> **3.** **Subsequently close the Deceased Account Holder's Account(s).**

Celsius is not liable to you, or to any other person on behalf of the Deceased Account Holder, for claims, costs, losses, or damages caused by an event that is beyond Celsius' control (*e.g.*, acts or omissions of third parties of a customer, natural disaster, emergency conditions, government action, equipment, or communications malfunction).  Celsius is not liable for special, incidental, exemplary, punitive, or consequential losses or damages or any kind, any loss of opportunity, or hypothetical gains, or any exchange rate-related losses.

I hereby confirm and undertake that:

1. I have read and accepted the terms of this Form and agree to be bound by them;
2. I have read and accepted Celsius' Terms of Use (available at https://celsius.network/terms-of-use);
3. I am lawfully and solely entitled and authorized to the balance(s) in the Deceased Account Holder's Account;
4. I shall treat any funds transferred to me as assets of the deceased's estate, in accordance with the legal obligations applicable to me;
5. Any personal information regarding the Deceased Account Holder shall be handled by me in the strictest confidence and in accordance with my legal obligations;
6. If I have asked for any cryptocurrency to be delivered to digital wallet(s) in-kind, I represent and warrant that I have full control over such digital wallet(s), that I know how to use them and that I shall be solely responsible to protect such cryptocurrency against theft, loss, or other damages following their receipt in the digital wallet(s), and I shall hold Celsius harmless against any claim in such regard;
7. By signing this Form I will be responsible for any losses or costs Celsius suffers as a result of any other person being validly entitled to a share of the funds that Celsius transfers to me under the terms of this Form;
8. I release Celsius from any and all liabilities in connection with the delivery of assets to me as instructed above, and the dissemination of any personal information distributed to me;

9. I give this indemnity both in my personal capacity and as the Deceased Account Holder's Authorized Representative; and

10. I agree to provide any additional information and/or documentation requested by the Company pursuant to the Verification Procedures.

If you have already provided the necessary information and documentation pursuant to the Verification Procedures, please contact the Company at [●].

If you have not already provided the required information and documentation, please provide the following information to initiate a request to obtain a deceased account holder's Plan distribution:

**Information Identifying You:**

Full Name:
Date of Birth:
Postal Address:
Email Address:
Government Issued Identification:
Contact Telephone Number:
Relationship to the Deceased Account Holder:

**Information Identifying the Deceased Account Holder:**
Full Name (of the deceased account holder):
Date of Birth (of the deceased account holder):
Email Address (of the deceased account holder):

**Documentation Evidencing Death of the Account Holder:**

Please submit with this Form a notarized or official copy of one of the following documents evidencing the death of the account holder whose Plan distribution you are seeking. Please ensure that proper notarization or certification is provided if you choose to submit electronic copies of these documents.

Death Certificate
Grant of Probate
Interim Death Certificate
Coroner's Certificate

**Documentation Appointing You as a Representative:**

Please submit with this Form a copy of documentation verifying that you have appropriate authority as administrator, executor, or beneficiary of the estate of the deceased account holder to receive the deceased account holder's Plan distribution.  Please ensure that proper notarization or certification is provided if you choose to submit electronic copies of these documents.

Please note that in the case of missing documentation, Celsius may need to further contact you.

## Exhibit A

**Deceased Account Holder Verification Email**

<u>Communication to Deceased Account Holders Regarding Attempted Retrieval of Assets by Your Proposed
Authorized Representative</u>

*[To be emailed via Stretto]*

**Subject line:   Celsius – Attempted Retrieval of Your Assets by Your Proposed Authorized
Representative**

***This communication provides information about the distribution of cryptocurrency to you on account of
Claims you may hold in the Celsius chapter 11 proceedings.  Please read the below in its entirety and
provide the Post-Effective Date Debtors with the information requested to complete your distribution of
cryptocurrency on account of any such Claims.***

You are receiving this communication because you have a claim (a "<u>Claim</u>") in the chapter 11 proceedings
of Celsius Network LLC and its debtor affiliates ("<u>Celsius</u>," the "<u>Debtors</u>," or the "<u>Post-Effective Date
Debtors</u>"), and an individual asserting to be your Proposed Authorized Representative has contacted Celsius
seeking to obtain your distribution on account of your death.

Pursuant to the Debtors' modified chapter 11 plan of reorganization [Docket No. 3577] (the "<u>Plan</u>") the
Post-Effective Date Debtors commenced distributions on the Plan effective date (the "<u>Effective Date</u>").  On
[date], the Court entered an Order authorizing the Post-Effective Date Debtors to distribute the assets of
deceased customer to their representatives and approving the proposed procedures (the "<u>Verification
Procedures</u>") [Docket No. [●]].

**You are receiving this notification because [*name of Proposed Authorized Representative to be
preprinted by Stretto*] has provided documentation that he/she is the beneficiary, executor, or
authorized representative of your estate (the "<u>Proposed Authorized Representative</u>").  Pursuant to
the Verification Procedures, Celsius is sending this email to verify that [*name of Proposed Authorized
Representative to be preprinted by Stretto*] is your authorized representative, executor, or beneficiary.**

If you disagree or believe you may be the victim of a scam please contact the Post-Effective Date Debtors
by email at CelsiusCreditorQuestions@kirkland.com within **<u>FOURTEEN (14) DAYS</u>** with the following
subject line:  URGENT DECEASED ACCOUNT HOLDER DISTRIBUTION SCAM.  If you do not
contact the Post-Effective Date Debtors, Celsius and any Distribution Agent will be authorized to distribute
the assets in your account to [*name of Proposed Authorized Representative to be preprinted by Stretto*] as
the beneficiary, executor, or authorized representative of your estate pursuant to the Verification
Procedures.

If you have further questions about any of the above, you may contact CelsiusCreditorQuestions@kirkland.com.

Celsius