Hearing Date: April 24, 2024 at 10:00 am
Objection Deadline: April 17, 2024 at 4:00 pm

**VENABLE LLP**
Jeffrey S. Sabin
151 West 42nd St.
New York, New York 10036
Telephone (212) 503-0896
Facsimile: (212) 307-5598
Email: JSSabin@venable.com

Andrew Currie (*admitted pro hac vice*)
600 Massachusetts Avenue, NW
Washington, DC 20001
Telephone: (202) 344-4586
Facsimile: (202) 344-8300
Email: AJCurrie@venable.com

*Counsel to Ignat Tuganov*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.* | : | Case No. 22-10964 (MG) |
| | : | Jointly Administered |
| Debtors.[1] | : | Re: Dkt. No. 4658 |

**RESPONSE OF IGNAT TUGANOV TO MOTION FOR RECONSIDERATION BY THE AD HOC GROUP OF EARN ACCOUNT HOLDERS OF MEMORANDUM OPINION GRANTING IN PART AND DENYING IN PART SUBSTANTIAL CONTRIBUTION APPLICATIONS**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 USA LLC (9450); GK8 Ltd. (1209); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

1

Ignat Tuganov ("Mr. Tuganov"), a creditor of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") and an active participant in these chapter 11 cases, through his counsel, hereby submits this response (the "Response")[2] to the *Motion for Reconsideration By the Ad Hoc Group of Earn Account Holders Pursuant to Fed. R. Bankr. Proc. 9023 and 9024 of Memorandum Opinion Granting in Part and Denying in Part Its Initial Substantial Contribution Application* [Dkt. No. 4658] (the "Motion to Reconsider") and respectfully represents as follows:[3]

1. On February 29, 2024, this Court entered its Memorandum Opinion and Order granting in part and denying in part the substantial contribution applications of several creditors of these estates [Dkt. No. 4395] (the "Memorandum Opinion"). Among other determinations, the Court granted to (a) the Ad Hoc Group of Earn Account Holders (the "Ad Hoc Group") an award of $101,020.94 on account of its substantial contribution application [Dkt. No. 3654] (the "Ad Hoc Group Application") and (b) Mr. Tuganov an award of $479,643,94 on account of his substantial contribution application [Dkt. No 3666] and supplements thereto [Dkt. Nos. 4010, 4158, and 4211] (the "Tuganov Application"), each for reimbursement of services rendered and expenses incurred in making substantial contributions to the Debtors' cases prior to confirmation of the Debtors' Plan.

2. The Ad Hoc Group requests this Court reconsider solely that portion of the Memorandum Opinion that either denies or fails to consider its request for reimbursement of fees incurred in rendering post-confirmation services. The Ad Hoc Group contends that it was not given an opportunity to supplement its initial Ad Hoc Group Application with the time spent

---

[2] For the avoidance of doubt, Mr. Tuganov is not seeking to revisit this Court's earlier substantial contribution award. This Response is being filed solely to address any award for substantial contribution granted by this Court for post-confirmation work.

[3] Capitalized terms not otherwise defined herein shall have the same meaning herein as ascribed to such terms in the Memorandum Opinion.

2

subsequent to October 2, 2023 in helping facilitate the toggle to the wind down Plan and "smoothing the administrative path and overcoming key hurdles through the Effective Date." Motion to Reconsider ¶ 1.

3. Mr. Tuganov has not filed either a joinder to the Motion to Reconsider or a motion to reconsider that portion of the Memorandum Opinion that finds substantial contributions were limited to the pre-confirmation period,[4] nor does he intend to reargue the portions of the Tuganov Application that described his and his counsel's efforts (as required by the Plan Support Agreement or as requested by the Debtors and/or the Committee) to facilitate Court approval and effectiveness of the Debtor's Wind Down Plan.

4. Nonetheless, if this Court grants the Motion to Reconsider and finds that the Ad Hoc Group made substantial contributions to the Debtors' cases between confirmation of the Plan and the Effective Date, Mr. Tuganov respectfully submits that the considerable work his counsel performed (often at the request of the Debtors and/or the Committee) during the post-confirmation period should similarly be recognized as having made substantial contributions to these cases. Mr. Tuganov previously filed supplements to his initial application along with Venable's time records reflecting the work performed post-confirmation and, therefore, this Court can review them and confirm that Venable provided critical analysis and administrative assistance to the Debtors and Committee to move the Wind Down Plan to consummation.

---

[4] *See* Memorandum Opinion p.7

3

For the reasons set forth herein, if this Court grants the Motion to Reconsider, Mr. Tuganov respectfully submits that this Court should review his Tuganov Application to decide whether he made a post-confirmation substantial contribution.

Dated: April 17, 2024
      New York, New York

VENABLE LLP

By:   /s/ *Jeffrey S. Sabin*
     Jeffrey S. Sabin
     Carol Weiner Levy
     Arie Peled
     151 West 42nd St.
     New York, New York 10036
     Telephone: (212) 503-0896
     Facsimile: (212) 307-5598
     Email: JSSabin@venable.com
     Email: CWeinerLevy@venable.com
     Email: APeled@venable.com

- and -

Andrew J. Currie (*admitted pro hac vice*)
600 Massachusetts Avenue, NW
Washington, DC 20001
Telephone: (202) 344-4586
Facsimile: (202) 344-8300
Email: AJCurrie@venable.com

*Counsel for Ignat Tuganov*