WILLIAM K. HARRINGTON
United States Trustee
U.S. Department of Justice
Office of the United States Trustee
One Bowling Green
New York, NY 10004
Tel. (212) 510-0500

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------ x
*In re*                                          :    Chapter 11
                                                 :
CELSIUS NETWORK LLC., *et al.,*[1]               :    Case No. 22-10964 (MG)
                                                 :
                          Debtors.               :    (Jointly Administered)
------------------------------------------------ x

### THE UNITED STATES TRUSTEE'S OBJECTION TO THE MOTION FOR RECONSIDERATION BY THE AD HOC GROUP OF EARN ACCOUNT HOLDERS PURSUANT TO FED. R. BANKR. PROC. 9023 AND 9024 OF MEMORANDUM OPINION GRANTING IN PART AND DENYING IN PART ITS INITIAL <u>SUBSTANTIAL CONTRIBUTION APPLICATION</u>

William K. Harrington, United States Trustee for Region 2 (the "<u>United States Trustee</u>"), through his counsel, files this Objection (the "<u>Objection</u>") to the Motion of the Ad Hoc Group of Earn Account Holders (the "<u>Earn Ad Hoc Group</u>" or "<u>Applicants</u>") for Reconsideration Pursuant to Fed. R. Bankr. Proc. 9023 and 9024 (the "<u>Motion to Reconsider</u>") of Memorandum Opinion Granting in Part and Denying in Part its Initial Substantial Contribution Application (the "<u>Memorandum Opinion</u>"). ECF Dkt. No. 4658. In support thereof, the United States Trustee respectfully alleges the following:

---

[1] The Post-Effective Date Debtors in these chapter 11 cases, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Post-Effective Date Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

1

## I.     PRELIMINARY STATEMENT

The Court should deny the Motion to Reconsider and uphold its decision granting in part and denying in part the substantial contribution application (the "Application") of the Earn Ad Hoc Group. The Earn Ad Hoc Group argues that the Court did not rule on its request to supplement its Application for fees and expenses invoiced through January 31, 2024. However, the Memorandum Opinion specifically stated that the Earn Ad Hoc Group requested fees of $326,262.00 and *future* fees of $100,000. *See* Memorandum Opinion at pg. 4, ¶ 3, pgs. 34-35.

It is difficult to respond to this Motion to Reconsider because it fails to identify which Federal Rules of Bankruptcy Procedure apply. To the extent that the Federal Rules of Civil Procedure 59 or 60, made applicable to these proceedings pursuant to Federal Rules of Bankruptcy Procedure 9023 and 9024, respectively, apply, the Applicants have failed to satisfy either rule. For example, the Earn Ad Hoc Group has not demonstrated any manifest error of law by the Court or newly discovered evidence. Instead of identifying, applying, and then ultimately satisfying any of the requirements of Rule 59 or 60, the Earn Ad Hoc Group merely discusses the underlying merits of its Application as a basis for a further award of $62,413.00.[2]

## II.     BACKGROUND

1.     On October 2, 2023, the Applicants filed the Application for Allowance and Payment of Professional Fees and Expenses Incurred in Making a Substantial Contribution. ECF Dkt. No. 3654.

2.     On November 21, 2023, the United States Trustee filed his objection to the Application (the "United States Trustee Objection"). ECF Dkt. No. 4018.

---

[2] Although the Application requested $100,000 in future fees, the Motion to Reconsider seeks $62,413.00.

2

3. On January 4, 2024, the Applicants filed their Reply to the United States Trustee's Objection. Also on January 4, 2024, the Applicants filed the Declaration of Joyce A. Kuhns in Support of the Application. ECF Dkt. No. 4187.

4. A hearing (the "Hearing") on the Application took place on January 11, 2024.

5. The Applicants were present at the Hearing and participated in oral argument.

6. On February 29, 2024, the Court issued the Memorandum Opinion Granting in Part and Denying in Part Substantial Contribution Applications (the "Memorandum Opinion"). ECF Dkt. No. 4395. The Memorandum Opinion and corresponding order *inter alia* awarded the Applicants $101,020.94.

7. The Memorandum Opinion states in relevant part: "Offit also "reserve[d] the right to seek" future fees and expenses through the Effective Date of $100,000.00. (Id. ¶ 26.)" Memorandum Opinion at pg. 35.

8. On March 14, 2024, the Applicants filed the Motion to Reconsider. ECF Dkt. No. 4658. The Motion to Reconsider argues that the Court "acknowledged the request to supplement [its fee requests] . . . it did not rule on it." Motion to Reconsider at ¶ 1. The Motion to Reconsider further "reiterates its request to supplement its Initial Application for the period October 2, 2023 through January 31, 2024 in the amount of $62,413.00." *Id*. at ¶ 2.

### III.    LEGAL STANDARD

The Court may grant a motion for a new trial or hearing under Federal Rule 59 "for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." Fed. R. Civ. P. 59(a)(1)(B). Bankruptcy Rule 9023 incorporates Civil Rule 59. *See In re Terrestar Networks, Inc.*, No. 10-15446 SHL, 2013 WL 781613, at *2 (Bankr. S.D.N.Y. Feb. 28, 2013). The standard for granting a motion to alter or amend a judgment under Federal Rule 59 is "strict, and reconsideration will generally be denied unless the moving party can point to

3

controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir.2012) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995)). Such request for relief "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Tonga Partners*, 684 F.3d at 52 (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir.1998). Thus, "[m]otions for reconsideration and to amend or alter judgment serve a limited function—to correct manifest errors of law or fact or to present newly discovered evidence." *In re Pothoven*, 84 B.R. 579, 582 (Bankr. S.D. Iowa 1988); *see also In re Crozier Bros., Inc.*, 60 B.R. 683, 687 (Bankr. S.D.N.Y. 1986). Reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Management Sys. Inc. Sec. Litig.*, 113 F.Supp.2d 613, 614 (S.D.N.Y.2000). The burden rests with the movant. *See Crozier*, 60 B.R. at 688.

Rule 60(b) allows a court to relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Bankruptcy Rule 9024 incorporates Civil Rule 60(b) "in cases under the Code." Fed. R. Bankr. P. 9024.

Rule 60(b) "strikes a balance between serving the ends of justice and preserving the

4

finality of judgments." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir.1986). Accordingly, Rule 60(b)(6) should be used only in "extraordinary circumstances." *Cole v. Household Fin*., 382 B.R. 20, 25 (Bankr. E.D.N.Y. 2008) (citing *Grace v. Bank Leumi Trust Co*., 443 F.3d 180, 190 n. 8 (2d Cir. 2006)). Courts have specifically found that failing to take advantage of pre-judgment litigation opportunities precludes granting of relief post-judgment. *In re Salander*, 450 B.R. 37, 56 (Bankr. S.D.N.Y. 2011); *In re Zimmerman,* 869 F.2d 1126, 1128 (8th Cir.1989); *see also Lehman v. United States,* 154 F.3d 1010, 1017 (9th Cir.1998) (failure to act diligently to protect one's own rights does not justify relief).

## IV.     ARGUMENT

The Motion to Reconsider should be denied for the following reasons. First, the Motion to Reconsider fails to identify, discuss, or satisfy any standard entitling the Applicants to relief. Accordingly, the Applicants have failed to meet their burden. Second, even assuming *arguendo*, that the Applicants identified the standard that must be met, there is no factor of either Rules 59 or 60 that would entitle the Applicant to a rehearing or reconsideration.

With respect to Rule 59, there has been no manifest error of law or fact or newly discovered evidence. Indeed, the requested fees were incurred *prior* to the hearing on the Substantial Contribution Application and *before* entry of the Memorandum Opinion and accompanying order. The Applicants could have brought up these arguments in advance of the entry of the Memorandum Opinion or at the Hearing, but instead, chose to wait. Of the $62,413 sought, only $9,307.50 in fees were incurred after the Hearing. Thus 86% of the fees requested in the Motion for Reconsideration occurred *prior* to the Hearing. Moreover, the Applicants filed their Declaration in Support of the Application on January 4, 2024, and again, did not amend their request for additional fees. The Applicants have provided no reason why these fees were not requested earlier.

5

Similarly, the Applicants have failed to satisfy Rule 60. The Applicants could have requested the majority of these fees in advance of the Memorandum Opinion, but instead chose to wait until two months after the Hearing to request more fees. Moreover, there is no argument that has been made (or could be made) that the judgment is void or otherwise satisfied or that there was a fraud or misrepresentation.

With respect to the substance of the Motion for Reconsideration, to which the United States Trustee argues is not at issue during this procedural posture, the United States Trustee incorporates by reference and realleges the arguments contained in the United States Trustee's Objection. The United States Trustee further reserves all rights to amend, modify, or otherwise respond to the substance of the Motion for Reconsideration.[3]

## V.    CONCLUSION

**WHEREFORE**, the United States Trustee respectfully requests that the Court deny the Motion for Reconsideration and grant such other relief as is just and proper.

Dated: April 17, 2024

>                                WILLIAM K. HARRINGTON
>                                UNITED STATES TRUSTEE REGION 2
>
>                                /s/ *Shara Cornell*
>                                Shara Cornell
>                                Trial Attorney
>                                Office of the United States Trustee
>                                Department of Justice
>                                Alexander Hamilton Custom House
>                                One Bowling Green
>                                New York, NY 10004

---

[3] The Memorandum Opinion considers and determined the future fees requested by the Earn Ad Hoc Group the same is it did for the other applicants. For example, on pg. 4, the Court identifies the $300,000 in future fees sought by Ignat Tuganov, the $50,000 in future fees sought by Simon Dixon, the $1,000 in future fees sought by Daniel Frishberg, and the $1,000 in future fees sought by Immanuel J. Herrmann.