UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>CELSIUS NETWORK LLC, *et al*.,<br><br>Post-Effective Date Debtors. | <u>NOT FOR PUBLICATION</u><br><br>Chapter 11<br><br>Case No. 22-10964 (MG) |

**MEMORANDUM OPINION AND ORDER DENYING MOTION OF THE AD HOC
GROUP OF EARN ACCOUNT HOLDERS FOR RECONSIDERATION
<u>OF THE COURT'S SUBSTANTIAL CONTRIBUTION OPINION</u>**

*A P P E A R A N C E S:*

OFFIT KURMAN, P.A.
*Counsel for Ad Hoc Group of Earn Account Holders*
590 Madison Avenue, 6th Floor
New York, NY 10022
By:  Jason A. Nagi, Esq.

1954 Greenspring Drive, Suite 605
Timonium, Maryland 21093
By:   Joyce A. Kuhns, Esq.

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE FOR REGION 2
Alexander Hamilton Custom House
One Bowling Green
New York, NY 10004
By:   Shara Cornell, Esq.

VENABLE LLP
*Counsel to Ignat Tuganov*
151 West 42nd St.
New York, New York 10036
By:   Jeffrey S. Sabin, Esq.

600 Massachusetts Avenue, NW
Washington, DC 20001
By:   Andrew Currie, Esq.

**MARTIN GLENN**
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

Pending before the Court is the motion (the "Motion," ECF Doc. # 4658) of the Ad Hoc Group of Earn Account Holders (the "Earn Group") through counsel Offit Kurman, P.A. ("Offit") for reconsideration, pursuant to Bankruptcy Rules 9023 and 9024, of the Court's decision in *In re Celsius Network LLC*, No. 22-10964 (MG), 2024 WL 887265 (Bankr. S.D.N.Y. Feb. 29, 2024) (the "Substantial Contribution Opinion") to partially grant its substantial contribution application (the "Earn Application," ECF Doc. # 3654), as supplemented by the Kuhns Declaration (ECF Doc. # 4187), in the amount of $101,020.94. Annexed to the Motion as Exhibit A are Offit's itemized time records covering the period from October 2, 2023 through January 31, 2024 (the "New Time Records," ECF Doc. # 4658-1). The United States Trustee (the "UST") filed an objection (the "UST Objection," ECF Doc. # 4817). Celsius creditor Ignat Tuganov filed a response (the "Tuganov Response," ECF Doc. # 4816).

The Motion was scheduled for hearing on May 8, 2024, but for the reasons below, the Court has determined a hearing is unnecessary.[1] The Motion is **DENIED**.

## I.    BACKGROUND

### A.    The Earn Application and Award

The Earn Group's involvement in the bankruptcy cases of Celsius Network LLC *et al.* (the "Debtors") is set forth in more detail in the Substantial Contribution Opinion. *See Celsius*, 2024 WL 887265, at *5–6. The Earn Application, filed on October 2, 2023, sought payment and reimbursement for the period of April 12, 2022 through September 28, 2023, and also "reserve[d] the right to seek" future fees and expenses through the Effective Date (as defined

---

[1]    *See* SDNY Local Civil Rule 6.3 ("No oral argument shall be heard [on a motion for reconsideration or reargument] unless the Court directs that the matter shall be reargued orally.").

2

below) of $100,000.00. (Earn Application ¶¶ 25–26.) The Debtors' plan was confirmed on November 9. 2023 (the "Confirmation Date.") On January 4, 2024, the Earn Group filed the Kuhns Declaration, making further arguments in support of the Earn Application, including "promoting consensus to achieve the overwhelming vote in favor of the Plan and approval of the Joint MiningCo Transaction Motion." (Kuhns Declaration ¶ 10.) The Court held a hearing on the substantial contribution applications on January 11, 2024 (the "Hearing"), and entered the Substantial Contribution Opinion on February 29, 2024.

### B. The Motion

The Motion, filed on March 14, 2024, requests an additional award of $62,413.00 for the period of October 2, 2023 through January 31, 2024 (the "Effective Date"). (Motion ¶ 2.) It argues that the Earn Group's efforts regarding the Debtors' wind-down motion, StakeHound settlement, board observer and litigation oversight agreements, and communication with creditors regarding distributions constitute substantial contributions meriting an additional award. (*Id.* ¶¶ 8–14.)

### C. The UST Objection and Tuganov Response

The UST Objection and Tuganov Response were both filed on April 17, 2024.[2]

1. <u>The UST Objection</u>

The UST objected to the Motion on the basis that "instead of identifying, applying, and . . . satisfying" the strict standard for a reconsideration motion under Federal Rule of Civil Procedure ("FRCP") 59 or 60, the Earn Group "merely discusses the underlying merits of [the Earn] Application as a basis for a further award." (UST Objection at 2.) The UST noted that courts "have specifically found that failing to take advantage of pre-judgment litigation

---

[2] The Motion was originally scheduled for hearing on April 24, 2024. (*See* ECF Doc. # 4756, 4797.)

3

opportunities precludes granting of relief post-judgment," and argues that this is a further basis to deny the Motion, because the Earn Group "could have requested the majority of these fees in advance of the [Substantial Contribution] Opinion, but instead chose to wait until two months after the Hearing to request more fees." (*Id.* at 4–5 (citing *In re Salander*, 450 B.R. 37, 56 (Bankr. S.D.N.Y. 2011) and *Doe v. Zimmerman (In re Zimmerman)*, 869 F.2d 1126, 1128 (8th Cir. 1989)).)

2. The Tuganov Response

Tuganov, a Celsius creditor, had previously applied for and been partially granted a substantial contribution award. *See Celsius*, 2024 WL 887265, at *21. The Tuganov Response notes that he has not filed a joinder or his own motion to reconsider; but if the Court grants the Motion, he argues that he, too, is deserving of an additional award. (*Id.* ¶¶ 3–4.)

## II. LEGAL STANDARD

### A. Motion for Reconsideration

FRCP 59 and 60 are made applicable to these proceedings by, respectively, Bankruptcy Rules 9023 and 9024. Motions for reconsideration in this District are governed by Local Civil Rule 6.3.[3] The standards for relief under Rule 6.3 and Rule 59, however, are identical. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 508 (S.D.N.Y. 2009). "Whether made under Rule 60(b) or 59(e), a party seeking relief from, or alteration of, a judgment must satisfy a heavy burden." *In re 975 Walton Bronx LLC*, No. 21-40487-JMM, 2023 WL 6467627, at *3 (Bankr. E.D.N.Y. Oct. 3, 2023).

---

[3] The Local Civil Rules apply to any proceeding governed by the Federal Rules of Civil Procedure. (*See* SDNY Local Civil Rule 1.1.)

1. Federal Rule of Civil Procedure Rule 59

Under FRCP 59, parties may move to alter or amend a judgment. *See* FED. R. CIV. P. 59(e). The standard for granting a Rule 59 motion for reconsideration is strict. *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d. Cir. 2012); *see also R.F.M.A.S.*, 640 F. Supp. at 509 ("[R]econsideration of a previous order . . . is an extraordinary remedy to be employed sparingly."). A Rule 59 motion is a "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Tonga Partners*, 684 F.3d at 52 (citation omitted). Nor is it a vehicle to "advance new facts, issues or arguments not previously presented." *R.F.M.A.S.*, 640 F. Supp. 2d at 509. Rather, parties must "point to controlling decisions or data that the court overlooked" which may "reasonably be expected to alter the [court's] conclusion." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also* SDNY Local Rule 6.3 (requiring any party moving for reconsideration to file a memorandum "setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked").

2. Federal Rule of Civil Procedure Rule 60

FRCP 60 provides that a court grant may relief from a final judgment on the following grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b).

Like motions under FRCP 59, motions under FRCP 60 are evaluated under a strict standard. *See, e.g.*, *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001) ("A motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances."); *U.S. Bank Nat'l Ass'n v. Pinnock (In re Pinnock)*, 833 F. App'x 498, 501 (2d Cir. 2020) ("Since 60(b) allows extraordinary relief, it is invoked only upon a showing of exceptional circumstances.") (citation omitted).

### III.  DISCUSSION

The Earn Group, rather than setting forth any grounds for reconsideration, merely re-argues its case under the substantial contribution standard. It does not argue that there exists any overlooked facts or law meriting relief under FRCP 59, nor any of the grounds meriting relief under FRCP 60. Nor could it, because none exist.

**A. The Court Ruled on the Earn Group's Request**

The Court noted the Earn Group's request that it be permitted to supplement the Earn Application through the Effective Date in the Substantial Contribution Opinion. *See Celsius*, 2024 WL 887265, at *16 ("Offit also 'reserved the right' to seek future fees and expenses through the Effective Date of $100,000.00.") (brackets and citation omitted). The Earn Group contends that although the Court "acknowledged" the request it "did not rule on it." (Motion ¶ 1.) The Earn Group is mistaken.

The Court specifically stated that "All of the activities which constituted substantial contributions occurred *prior* to confirmation. Therefore, there are no awards for any post-confirmation activities." *Celsius*, 2024 WL 887265, at *3 (emphasis in original). This unambiguous ruling applied to all applicants, including the Earn Group.

When the Substantial Contribution Opinion was filed, on February 29, 2024, all of the activity for which the Earn Group now seeks additional compensation—though the Effective Date of January 30, 2024—had already occurred. The Substantial Contribution explicitly outlined which activities had constituted a substantial contribution—namely, those which solved a massive coordination game with hundreds of thousands of creditors and were thus a but-for cause of significant milestones which moved the case forward (such activities, the "Substantial Contributions"). *See Celsius*, 2024 WL 887265, at *17 ("The Debtors were finally able to negotiate with a single counterparty rather than attempting to address each one-off [creditor] communication.").

None of the activities listed in the Motion were Substantial Contributions. The Court carefully sifted through each party's time and expense records to determine which items were related to the Substantial Contributions. The amount awarded to each applicant is the full—and *final*—result of that exercise.

## B. Reconsideration is Not Warranted

None of the factors warranting reconsideration are present here. The Earn Group has not "show[n] that the court overlooked factual matters or controlling precedent that might have materially influenced its earlier decision." *In re Emmons-Sheepshead Bay Dev. LLC*, 518 B.R. 212, 220 (E.D.N.Y. 2014) (internal quotation marks omitted). The Motion does not argue that any of the grounds for relief under Rule 60(b) are present. Rather, it rehashes the Earn Group's involvement in various matters (many of which it had, in fact, already mentioned in the Kuhns Declaration), and argues that such involvement meets the substantial contribution standard. The Court has already determined that it did not. Further, as the UST points out, the Earn Group "could have requested the majority of these fees in advance of the [Substantial Contribution]

7

Opinion, but instead chose to wait until two months after the Hearing." (UST Objection at 6.) Any argument (and submission of corresponding time and expense detail) could have, and should have, been submitted prior to the January 11, 2024 Hearing.[4] This is not the type of "newly discovered evidence" that FRCP 60(b)(2) contemplates. Regardless, activities undertaken during that period were already considered. None were Substantial Contributions.

"A party seeking reconsideration [should not] treat the court's initial decision as the opening of a dialogue in which [they] may then . . . advance new theories or adduce new evidence in response." *Davidson v. Scully*, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001). The Earn Group's arguments are bids for a second bite at the substantial contribution apple (or, more aptly, a second slice of the pie). These attempts to "relitigate[e] old issues" already considered and decided do not merit relief under the strict standards of FRCP 59 and 60. *Tonga Partners*, 684 F.3d at 52. The Court's ruling will remain undisturbed.

For the reasons explained above, the Motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: April 19, 2024
      New York, New York

*Martin Glenn*
MARTIN GLENN
Chief United States Bankruptcy Judge

---

[4] Though, for the avoidance of doubt, such submission would not have changed the result here. The Substantial Contributions had already taken place, and no compensation based on activities detailed in the (now untimely) New Time Records would have augmented the Earn Group's award.