Avraham Well
Amit Pines
Eli Blechman
**FISCHER (FBC & Co.)**
146 Menachem Begin Rd.
Tel Aviv 6492103, Israel
Telephone:        +972-3-694-4111
Facsimile:        +972-3-609-1116

*Special Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**SUMMARY COVER SHEET TO THE FINAL FEE APPLICATION**
**OF FBC (FISCHER & CO.) FOR COMPENSATION FOR SERVICES**
**AND REIMBURSEMENT OF EXPENSES INCURRED AS SPECIAL COUNSEL**
**TO THE DEBTORS FROM DECEMBER 7, 2022 THROUGH FEBRUARY 28, 2023**

In accordance with the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"), FBC (Fischer & Co.) ("FBC"), special counsel for the above-captioned debtors and debtors in possession (collectively, the "Debtors"), submits this summary (this "Summary") of fees and expenses sought as actual, reasonable, and necessary in the fee application to which this Summary is attached (the "Fee Application")[2] for the period from December 7, 2022 through February 28, 2023 (the "Fee Period").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] Capitalized terms used but not otherwise defined in this Summary shall have the meanings ascribed to such terms in the Fee Application.

FBC submits the Fee Application as a final fee application in accordance with the *First Amended Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief* [Docket No. 2779] (the "Amended Interim Compensation Order").

| General Information | |
|---|---|
| Name of Applicant: | FBC (Fischer & Co.) |
| Authorized to Provide Services to: | Celsius Network, LLC, *et al.* |
| Petition Date: | July 13, 2022 |
| Date of Order Authorizing the Debtors to Retain FBC [Docket No. 1906]: | January 23, 2023, effective as of December 7, 2022 |

| Summary of Fees and Expenses Sought in the Fee Application[3] | |
|---|---|
| Period for Which Compensation and Reimbursement is Sought in the Fee Application: | December 7, 2022 through February 28, 2023 |
| Voluntary Fee Waiver and Expense Reduction in this Fee Period: | None |
| Amount of Compensation Sought as Actual, Reasonable, and Necessary for the Fee Period: | NIS 438,649.26 ($121,847) |
| Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary for the Fee Period: | NIS 32,293.00 ($8,970) |
| Total Compensation and Expense Reimbursement Requested for the Fee Period: | NIS 470,942.26 ($130,817) |

---

[3] USD amounts are provided for reference purposes only. The conversion rate used in this fee statement is USD 1 = NIS 3.60, which was the applicable conversion rate on March 31, 2023. However, in accordance with Fischer's engagement letter, dated December 6, 2022, the Debtors agreed that payment for Fischer's services and reimbursement of Fischer's expenses will be made in NIS and will not be tied to a specific date's conversion rate (or to any other conversion rate) from NIS to USD.

| *Summary of Past Requests for Compensation and Prior Payments* | |
|---|---|
| Total Amount of Compensation Previously Requested Pursuant to the Interim Compensation Order to Date:[4] | NIS 377,564.73 ($104,879) |
| Total Amount of Expense Reimbursement Previously Requested Pursuant to the Interim Compensation Order to Date:[5] | NIS 31,591.00 ($8775) |
| Compensation Sought in this Application Already Paid Pursuant to the Interim Compensation Order But Not Yet Allowed: | NIS 353,264 ($98,128) |
| Expenses Sought In This Application Already Paid Pursuant to the Interim Compensation Order But Not Yet Allowed: | NIS 0 ($0) |

Dated: April 23, 2024
Tel Aviv, Israel

**FISCHER (FBC & Co.)**

**By:** */s/ Eli Blechman*

Avraham Well
Amit Pines
Eli Blechman
**FISCHER (FBC & Co.)**
146 Menachem Begin Rd.
Tel Aviv 6492103, Israel
Telephone: +972-3-694-4111
Fax: +972-3-609-1116

*Special Counsel to the Debtors
and Debtors in Possession*

---

[4] See Docket Nos. 2172 and 2362.

[5] See Docket Nos. 2172 and 2362.

Avraham Well
Amit Pines
Eli Blechman
**FISCHER (FBC & Co.)**
146 Menachem Begin Rd.
Tel Aviv 6492103, Israel
Telephone:       +972-3-694-4111
Facsimile:       +972-3-609-1116

*Special Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | (Jointly Administered) |

**FINAL FEE APPLICATION**
**OF FBC (FISCHER & CO.) FOR COMPENSATION FOR SERVICES**
**AND REIMBURSEMENT OF EXPENSES INCURRED AS SPECIAL COUNSEL**
**TO THE DEBTORS FROM DECEMBER 7, 2022 THROUGH FEBRUARY 28, 2023**

FBC (Fischer & Co.) ("FBC"), special counsel for the above-captioned debtors and debtors

in possession (collectively, the "Debtors"), hereby submits its final fee application (the "Fee

Application") for allowance of compensation for professional services provided in the amount of

NIS 438,649.26 ($121,847) and reimbursement of actual and necessary expenses in the amount of

NIS 32,293.00 ($8,970) that FBC incurred for the period from December 7, 2022 through

February 28, 2023 (the "Fee Period"). In support of this Fee Application, FBC submits the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

declaration of Avraham Well, a partner of FBC, (the "<u>Well Declaration</u>"), which is attached hereto as **<u>Exhibit A</u>** and is incorporated by reference. In further support of this Fee Application, FBC respectfully states as follows.

<u>**Jurisdiction and Venue**</u>

1.      The United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are sections 330 and 331 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), rule 2016 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), rule 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "<u>Local Bankruptcy Rules</u>"), and the *Amended Orders (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief* [Docket No. 1745 and 2779] (collectively, the "<u>Amended Interim Compensation Orders</u>").

<u>**Background**</u>

4.      The Debtors, together with their non-Debtor affiliates (collectively, "<u>Celsius</u>"), are one of the largest and most sophisticated cryptocurrency-based finance platforms in the world and provide financial services to institutional, corporate, and retail clients across more than

2

100 countries.  Celsius was created in 2017 to be one of the first cryptocurrency platforms to which users could transfer their crypto assets and (a) earn rewards on crypto assets and/or (b) take loans using those transferred crypto assets as collateral.  Headquartered in Hoboken, New Jersey, Celsius has more than 1.7 million registered users and approximately 300,000 active users with account balances greater than $100.

5.    On July 13, 2022 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  A detailed description of the facts and circumstances of these chapter 11 cases is set forth in the *Declaration of Robert Campagna, Managing Director of Alvarez & Marsal North America, LLC, in Support of Chapter 11 Petitions and First Day Motions* (the "Campagna Declaration").[2]  The Debtors commenced these chapter 11 cases to provide Celsius an opportunity to stabilize its business and consummate a comprehensive restructuring transaction that maximizes value for stakeholders.

6.    The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  These chapter 11 cases have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket Nos. 53 & 1648].  On July 27, 2022, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed an official committee of unsecured creditors [Docket No. 241] (the "Committee").  On September 29, 2022, the Court entered an order approving the appointment of Shoba Pillay, as examiner (the "Examiner") [Docket No. 923].  On April 4, 2023, the Court entered an order discharging the Examiner [Docket No. 2364].  On October 20, 2022, the Court entered an order appointing Judge

---

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Campagna Declaration.

Christopher S. Sontchi as fee examiner (the "<u>Fee Examiner</u>") [Docket No. 1151].

7.    On December 19, 2022 and June 8, 2023, the Court entered the Amended Interim Compensation Orders, which set forth the procedures for interim compensation and reimbursement of expenses for all professionals in these cases.

## **<u>Preliminary Statement</u>**

8.    During the Fee Period, FBC represented the Debtors professionally and diligently, advising them on a variety of complex matters and issues.  With FBC's advice and counsel, the Debtors accomplished, among other things, the following achievements in the Fee Period to advance these chapter 11 cases towards a value-maximizing conclusion:

- Entry of an order by the Israeli Bankruptcy Court recognizing the bankruptcy proceedings conducted in the matter of the Debtors under Chapter 11 of U.S. Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York, USA, as a main foreign proceeding (the "<u>Main Foreign Proceeding</u>") pursuant to the Israeli Insolvency and Economic Rehabilitation Law (the "<u>Israeli Insolvency Law</u>").

- Entry of an order by the Israeli Bankruptcy Court (i) recognizing the sale order entered in the Main Foreign Proceeding, (ii) approving the sale agreement for the sale of the activity and assets of GK8 Ltd., GK8 UK Limited and GK8 USA LLC (collectively, the "**GK8 Sellers**") to Galaxy Digital Trading LLC, and (iii) determining that the sale was done, inter alia, in accordance with section 34A of the Israeli Sale Law (the "<u>Israeli Sale Law</u>").

9.    Given these accomplishments and the complexities of the Debtors' business and restructuring, FBC submits that the compensation and expense reimbursement sought herein for the necessary and beneficial professional services FBC provided to the Debtors during the Fee Period are reasonable and appropriate, commensurate with the scale, nature, and complexity of these chapter 11 cases, and should be approved.

## **<u>The Debtors' Retention of FBC</u>**

10.    On January 23, 2023, the Court entered the *Order Pursuant to Section 327(e) of the Bankruptcy Code Authorizing and Approving the Retention and Employment of*

*Fischer (FBC & Co.) as Special Counsel to the Debtors Effective as of December 7, 2022* [Docket No. 1906] (the "Retention Order"), attached hereto as **Exhibit B** and incorporated by reference.

11.    The Retention Order authorizes the Debtors to compensate and reimburse FBC in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and the Amended Interim Compensation Order.  The Retention Order also authorizes the Debtors to compensate FBC at FBC's hourly rates charged for services of this type and to reimburse FBC for FBC's actual and necessary out-of-pocket expenses incurred, subject to application to this Court. The particular terms of FBC's engagement are detailed in the engagement letter by and between FBC and the Debtors, dated as of December 6, 2022, and attached hereto as **Exhibit C** (the "Engagement Letter").

12.    The Retention Order authorizes FBC to provide the following services:

    a.    the structuring and negotiation of the asset purchase agreement (the "APA") for the sale of the assets of the GK8 Debtors (the "Sale") and the implementation of the Sale in connection with these chapter 11 cases and recognition proceeding commenced in Israel (the "Israeli Recognition Proceeding");

    b.    initiating and representing the Debtors in the Israeli Recognition Proceeding and advising the Debtors on all matters relating thereto;

    c.    advising and representing the Debtors on all Israeli matters relating to the Sale; and

    d.    providing Israeli legal advice on all other matters of relevance which might arise during these chapter 11 cases.

**Disinterestedness of FBC**

13.    To the best of the Debtors' knowledge and as disclosed in the *Declaration of Avraham Well in Support of the Debtors' Application for the Entry of an Order Pursuant to Section 327(e) of the Bankruptcy Code Authorizing and Approving the Retention and Employment of Fischer (FBC & Co.) as Special Counsel for the Debtors Effective as of December 7, 2022*

[Docket No. 1837] (the "FBC Declaration"), (a) FBC is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estates and (b) FBC has no connection to the Debtors, their creditors, or other parties in interest, except as may be disclosed in the FBC Declaration.

14.    FBC may have in the past represented, may currently represent, and may represent in the future parties in interest in connection with matters unrelated to the Debtors in these chapter 11 cases.  In the FBC Declaration, FBC disclosed its connections to parties in interest that it has been able to ascertain using its reasonable efforts.  FBC will update the FBC Declaration, as appropriate, if FBC becomes aware of relevant and material new information.

15.    FBC performed the services for which it is seeking compensation on behalf of the Debtors and their estates, and not on behalf of any committee, creditor, or other entity.

16.    Except to the extent of the advance payments paid to FBC that FBC previously disclosed to this Court in the FBC Declaration, FBC has received no payment and no promises for payment from any source other than the Debtors for services provided or to be provided in any capacity whatsoever in connection with these chapter 11 cases.

17.    Pursuant to Bankruptcy Rule 2016(b), FBC has not shared, nor has FBC agreed to share (a) any compensation it has received or may receive with another party or person other than with the partners, counsel, and associates of FBC or (b) any compensation another person or party has received or may receive.

### Summary of Compliance with the Amended Interim Compensation Order

18.    This Fee Application has been prepared in accordance with the Amended Interim Compensation Order.

19.     FBC seeks final compensation for professional services rendered to the Debtors during the Fee Period in the amount of NIS 438,649.26 ($121,847) and reimbursement of actual and necessary expenses incurred in connection with providing such services in the amount of NIS 32,293.00 ($8,970).  During the Fee Period, FBC attorneys and paraprofessionals expended a total of 343.25 hours for which compensation is requested.

20.     In accordance with the Amended Interim Compensation Order, as of the date hereof, FBC has received payments totaling NIS 353,263.85 ($98,128) (all of which was for services provided (including VAT) and NIS 0 ($0) of which was for reimbursement of expenses) for the Fee Period.  Accordingly, by this Fee Application, and to the extent such amounts have not been paid by the time of the hearing on this Fee Application, FBC seeks payment of the remaining NIS 117,678.43 ($32,688), which amount represents the entire amount of unpaid fees and expenses (including VAT) incurred between December 7, 2022 and February 28, 2023.[3]

### Fees and Expenses Incurred During Fee Period

**A.      Customary Billing Disclosures**.

21.     FBC's hourly rates are set at a level designed to compensate FBC fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses.  The hourly rates and corresponding rate structure utilized by FBC in these chapter 11 cases are equivalent to the hourly rates and corresponding rate structure used by FBC for other restructuring matters, as well as similar complex corporate, securities, and litigation matters whether in court or otherwise, regardless of whether a fee application is required.  The rates and rate structure reflect that such restructuring and other complex matters typically involve great complexity, high stakes, and severe

---

[3]      This amount also reflects the 20% holdback for the Fee Period.

time pressures. For the convenience of the Court and all parties in interest, attached hereto as **Exhibit D** is FBC's budget and staffing plan for this Fee Period.

**B.      Fees Incurred During Fee Period**.

22.     In the ordinary course of FBC's practice, FBC maintains computerized records of the time expended to render the professional services required by the Debtors and their estates. For the convenience of the Court and all parties in interest, attached hereto as **Exhibit E** is a summary of fees incurred and hours expended during the Fee Period, setting forth the following information:

- the name of each attorney and paraprofessional for whose work on these chapter 11 cases compensation is sought;

- each attorney's year of bar admission and area of practice concentration;

- the aggregate time expended and fees billed by each attorney and each paraprofessional during the Fee Period;

- the hourly billing rate for each attorney and each paraprofessional;

- the number of rate increases since the inception of the case; and

- a calculation of total compensation requested using the rates disclosed in the *Debtors' Application for the Entry of an Order Pursuant to Section 327(e) of the Bankruptcy Code Authorizing and Approving the Retention and Employment of Fischer (FBC & Co.) as Special Counsel for the Debtors Effective as of December 7, 2022* [Docket No. 1837] (the "Retention Application").

**C.      Expenses Incurred During Fee Period**.

23.     In the ordinary course of FBC's practice, FBC maintains a record of expenses incurred in the rendition of the professional services required by the Debtors and their estates and for which reimbursement is sought.

24.     For the convenience of the Court and all parties in interest, attached hereto as **Exhibit F** is a summary setting forth the total amount of reimbursement sought with respect to

each category of expenses for which FBC is seeking reimbursement for the Fee Period.

### Summary of Legal Services Rendered During the Fee Period

25.     As discussed above, during the Fee Period, FBC provided extensive and important professional services to the Debtors in connection with these chapter 11 cases.

26.     The following is a summary of the professional services provided by FBC during the Fee Period.  This summary demonstrates that FBC performed unique and crucial services for the Debtors to meet the needs of the Debtors' estates in these chapter 11 cases.

  a.  Assisted the Debtors in the structuring and negotiation of the APA for the Sale and the implementation of the Sale in connection with these chapter 11 cases and the Israeli Recognition Proceeding;

  b.  Initiated and represented the Debtors in the Israeli Recognition Proceeding and advised the Debtors on all matters relating thereto;

  c.  Advised and represented the Debtors on all Israeli matters relating to the Sale; and

  d.  provided the Debtors with legal advice on Israeli law in connection with all other matters of relevance which arose during these chapter 11 cases.

27.     In addition, FBC's computerized records of time expended providing professional services to the Debtors and their estates are attached hereto as **Exhibit G**, and FBC's records of expenses incurred during the Fee Period in the rendition of professional services to the Debtors and their estates are attached as **Exhibit H**.

### Actual and Necessary Expenses Incurred by FBC

28.     FBC has incurred a total of NIS 32,293.00 ($8,970) in expenses on behalf of the Debtors during the Fee Period.  These charges are intended to reimburse FBC's direct operating costs, which are not incorporated into the FBC hourly billing rates.

### Reasonable and Necessary Services Provided by FBC

**A.     Reasonable and Necessary Fees Incurred in Providing Services to the Debtors.**

29.     The foregoing professional services provided by FBC on behalf of the Debtors

during the Fee Period were reasonable, necessary, and appropriate to the administration of these chapter 11 cases and related matters.

30.     Many of the services performed by partners and associates of FBC were provided by FBC's restructuring group.  FBC has a prominent practice in this area and enjoys a national reputation for its expertise in representation of troubled companies in Israel.  In addition, due to the facts and circumstances of these chapter 11 cases, attorneys from FBC's litigation, corporate, and tax groups were involved with FBC's representation of the Debtors.  These practice groups also enjoy a national reputation for their expertise in Israel.

31.     Overall, FBC brought to these chapter 11 cases a particularly high level of skill and knowledge, which inured to the benefit of the Debtors and all stakeholders.

**B.     Reasonable and Necessary Expenses Incurred in Providing Services to the Debtors.**

32.     Due to the location of the Debtors' businesses, co-counsel, creditors, and other parties in interest in relation to FBC's offices, frequent multi-party telephone conferences involving numerous parties were required.  On many occasions, the exigencies and circumstances of these chapter 11 cases required overnight translation and delivery of documents and other materials.  The disbursements for such services are not included in FBC's overhead for the purpose of setting billing rates, and FBC has made every effort to minimize its disbursements in these chapter 11 cases.  The actual expenses incurred in providing professional services were necessary, reasonable, and justified under the circumstances to serve the needs of the Debtors in these chapter 11 cases.

### FBC's Requested Compensation and Reimbursement Should be Allowed

33.     Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation.  Section 330 of the Bankruptcy Code provides

that a court may award a professional employed under section 327 of the Bankruptcy Code

"reasonable compensation for actual necessary services rendered . . . and reimbursement for actual,

necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award

of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent, and the value of such services, taking into account all relevant factors, including—
>
> (a)    the time spent on such services;
>
> (b)    the rates charged for such services;
>
> (c)    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (d)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
>
> (e)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

34.    FBC respectfully submits that the services for which it seeks compensation in this

Fee Application were, at the time rendered, necessary for and beneficial to the Debtors and their

estates and were rendered to protect and preserve the Debtors' estates. FBC further believes that

it performed the services for the Debtors economically, effectively, and efficiently, and the results

obtained benefited not only the Debtors, but also the Debtors' estates and the Debtors' constituents.

FBC further submits that the compensation requested herein is reasonable in light of the nature,

extent, and value of such services to the Debtors, their estates, and all parties in interest.

35.    During the Fee Period, FBC's hourly billing rates for attorneys and interns ranged

from NIS 400 ($111) to NIS 2,200 ($611). The hourly rates and corresponding rate structure

utilized by FBC in these chapter 11 cases are equivalent to the hourly rates and corresponding rate structure used by FBC for restructuring, workout, bankruptcy, insolvency, and comparable matters, and similar complex corporate, securities, and litigation matters, whether in court or otherwise, regardless of whether a fee application is required. FBC strives to be efficient in the staffing of matters. These rates and the rate structure reflect that such matters are typically national in scope and involve great complexity, high stakes, and severe time pressures—all of which were present in these chapter 11 cases.

36.     Moreover, FBC's hourly rates are set at a level designed to compensate FBC fairly for the work of its attorneys and paraprofessionals and to cover certain fixed and routine overhead expenses. Hourly rates vary with the experience and seniority of the individuals assigned. These hourly rates are subject to periodic adjustments to reflect economic and other conditions and are consistent with the rates charged elsewhere.

37.     In sum, FBC respectfully submits that the professional services provided by FBC on behalf of the Debtors and their estates during these chapter 11 cases were necessary and appropriate given the complexity of these chapter 11 cases, the time expended by FBC, the nature and extent of FBC's services provided, the value of FBC's services, and the cost of comparable services outside of bankruptcy, all of which are relevant factors set forth in section 330 of the Bankruptcy Code. Accordingly, FBC respectfully submits that approval of the compensation sought herein is warranted and should be approved.

**Reservation of Rights and Notice**

38.     It is possible that some professional time expended or expenses incurred during the Fee Period are not reflected in the Fee Application. FBC reserves the right to include such amounts in future fee applications. In addition, the Debtors have provided notice of this Fee Application to: (a) the U.S. Trustee; (b) counsel to the Committee; (c) the Examiner and her counsel; (d) the

Fee Examiner and his counsel; (e) counsel to the Ad Hoc Group of Custodial Account Holders;

(f) counsel to the Ad Hoc Group of Withhold Account Holders; (g) the United States Attorney's

Office for the Southern District of New York; (h) the Internal Revenue Service; (i) the offices of

the attorneys general in the states in which the Debtors operate; (j) the Securities and Exchange

Commission; and (k) any party that has requested notice pursuant to Bankruptcy Rule 2002

(collectively, the "Notice Parties").  Pursuant to the Interim Compensation Order, if any party other

than the U.S. Trustee and Fee Examiner wishes to object to the Fee Application, such party shall

by no later than 12:00 p.m. (prevailing Eastern Time) on the date that is 21 days following the

required notice of the Fee Application, file and serve the objection setting forth the nature of the

objection and the amount of interim fees or expenses at issue.

## No Prior Request

39.    No prior application for the relief requested herein has been made to this or any

other court.

*[Remainder of Page Intentionally Left Blank]*

13

WHEREFORE, FBC respectfully requests that the Court enter an order (a) awarding FBC final compensation for professional and paraprofessional services provided during the Fee Period in the amount of NIS 438,649.26 ($121,847), and reimbursement of actual, reasonable and necessary expenses incurred in the Fee Period in the amount of NIS 32,293.00 ($8,970); (b) authorizing and directing the Debtors to remit payment to FBC for such fees and expenses; and (c) granting such other relief as is appropriate under the circumstances.

Dated: April 23, 2024
Tel Aviv, Israel

**FISCHER (FBC & Co.)**

**By:** */s/ Eli Blechman*

Avraham Well
Amit Pines
Eli Blechman
**FISCHER (FBC & Co.)**
146 Menachem Begin Rd.
Tel Aviv 6492103, Israel
Telephone: +972-3-694-4111
Fax: +972-3-609-1116

*Special Counsel to the Debtors
and Debtors in Possession*

## Exhibit A

**Well Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| | ) |
| In re: | )    Chapter 11 |
| | ) |
| CELSIUS NETWORK LLC, *et al.*,[1] | )    Case No. 22-10964 (MG) |
| | ) |
| Debtors. | )    (Jointly Administered) |
| | ) |

### DECLARATION OF AVRAHAM WELL
### IN SUPPORT OF THE FINAL FEE APPLICATION
### OF FBC (FISCHER & CO.) FOR COMPENSATION FOR SERVICES
### AND REIMBURSEMENT OF EXPENSES INCURRED AS SPECIAL COUNSEL
### TO THE DEBTORS FROM DECEMBER 7, 2022 THROUGH FEBRUARY 28, 2023

I, Avraham Well, hereby declare that the following statements are true and correct to the best of my knowledge after due inquiry as described herein:

1.    I am a partner of the law firm of Fischer (FBC & Co.) ("FBC"), an Israeli law firm located at 146 Menachem Begin Rd., Tel Aviv, Israel 6492103. I am a member in good standing of the Israeli bar since 1989. There are no disciplinary proceedings pending against me in any jurisdiction.

2.    I have read the foregoing final fee application of FBC, special counsel for the Debtors for the Fee Period (the "Fee Application").

3.    To the best of my knowledge, information and belief, the statements contained in the Fee Application are true and correct.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

4.      In addition, I believe that the Fee Application complies with Local Bankruptcy Rule

2016-1.

5.      In connection therewith, I hereby certify that:

a)      to the best of my knowledge, information, and belief, formed after reasonable inquiry, the fees and disbursements sought in the Fee Application are permissible under the relevant rules, court orders, and Bankruptcy Code provisions, except as specifically set forth herein;

b)      except to the extent disclosed in the Fee Application, the fees and disbursements sought in the Fee Application are billed at rates customarily employed by FBC and generally accepted by FBC's clients.  In addition, none of the professionals seeking compensation varied their hourly rate based on the geographic location of the Debtors' case;

c)      in providing a reimbursable expense, FBC does not make a profit on that expense, whether the service is performed by FBC in-house or through a third party;

d)      in accordance with Rule 2016(a) of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. § 504, no agreement or understanding exists between FBC and any other person for the sharing of compensation to be received in connection with the above cases except as authorized pursuant to the Bankruptcy Code, Bankruptcy Rules, and Local Bankruptcy Rules; and

e)      All services for which compensation is sought were professional services on behalf of the Debtors and not on behalf of any other person.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct to the best of my information, knowledge and belief.


Dated:  April 23, 2024                              Respectfully submitted,

                                                    /s/ Avraham Well
                                                   _____
                                                   Avraham Well
                                                   Partner of Fischer (FBC & Co.)

**Exhibit B**

**Retention Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER PURSUANT TO SECTION 327(E) OF THE**
**BANKRUPTCY CODE AUTHORIZING AND APPROVING**
**THE RETENTION AND EMPLOYMENT OF FISCHER (FBC & CO.) AS**
**SPECIAL COUNSEL FOR THE DEBTORS EFFECTIVE AS OF DECEMBER 7, 2022**

Upon the application (the "Application")[2] of the Debtors for entry of an order (this "Order") pursuant to section 327(e) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1 authorizing the Debtors to retain Fischer (FBC & Co.) ("Fischer") as special counsel to the Debtors with respect to the Services, all as more fully set forth in the Application, the *Declaration of Avraham Well in Support of the Debtors' Application for Entry of an Order Pursuant to Section 327(e) of the Bankruptcy Code Authorizing and Approving the Retention and Employment of Fischer (FBC & Co.) as Special Counsel for the Debtors Effective as of December 7, 2022* (the "Well Declaration"), and the *Declaration of Christopher Ferraro in Support of Debtors' Application for Entry of an Order Pursuant to Section 327(e) of the Bankruptcy Code Authorizing and Approving the Retention and Employment of Fischer (FBC & Co.) as Special Counsel for the Debtors Effective as of December 7, 2022* (the "Ferraro

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2]    Capitalized terms used but not defined herein have the meanings ascribed to them in the Application.

Declaration"); and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Application and opportunity for a hearing thereon were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Application is granted as set forth herein.

2.      Pursuant to section 327(e) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1, the Debtors are authorized to retain Fischer as special counsel for the Debtors, effective as of December 7, 2022, and Fischer is authorized to perform the legal services described in the Application.

3.      Fischer shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court.

4.      Prior to any increase in Fischer's rates for any individual providing services in these chapter 11 cases, Fischer shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtors, the U.S. Trustee, the Fee Examiner, and any official committee.  The supplemental affidavit shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtors have consented to the rate increase.  The U.S. Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code.

5.      In the event of any inconsistency between the Application, the Well Declaration, the Engagement Letter, and this Order, the terms of this Order shall govern.

6.      Fischer shall use its best efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases.

7.      The relief granted herein shall be binding upon any chapter 11 trustee appointed in any of these chapter 11 cases or upon any chapter 7 trustee appointed in the event of a subsequent conversion of any of these chapter 11 cases to cases under chapter 7.

8.      Notwithstanding any provision to the contrary in the Engagement Letter, any dispute relating to the services provided by Fischer shall be referred to arbitration consistent with terms of the Engagement Letter only to the extent that this Court does not have, retain, or exercise jurisdiction over the dispute, and 28 U.S.C. § 1334(e)(2) shall govern the forum for resolving fee disputes.

9.      Notwithstanding anything to the contrary in the Engagement Letter, Fischer shall not withdraw as Debtor's counsel prior to the effective date of any chapter 11 plan confirmed in

3

these chapter 11 cases without prior approval of the Court in accordance with Local Bankruptcy Rules 2090-(e).

      10.    Notwithstanding anything to the contrary in the Engagement Letter, any applications filed by Fischer for allowance of its compensation and expenses will be denominated in United States dollars.

      11.    Notice of the Application as provided therein is good and sufficient notice of such Application and the requirements of Bankruptcy Rule 6004(h) and the Local Rules are satisfied by such notice.

      12.    Notwithstanding any provision in the Bankruptcy Rules to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

      13.    The Debtors are authorized to take all reasonable actions necessary to effectuate the relief granted in this Order in accordance with the Application.

      14.    This Court retains exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**IT IS SO ORDERED.**

Dated:  January 23, 2023
      New York, New York

                         **/s/ Martin Glenn**
                          MARTIN GLENN
            Chief United States Bankruptcy Judge

**Exhibit C**

**Engagement Letter**

**FISCHER**
F|B|C|&|Co

146 Menachem Begin Rd., Tel Aviv 6492103, Israel | Tel. 972.3.694.4111, Fax. 972.3.609.1116    www.fbclawyers.com

December 6, 2022

**Via Email**

To: GK8 Ltd.
Attn: Ron Deutsch, General Counsel

Re: **Legal Services**

Dear Ron,

Thank you for approaching Fischer (FBC & Co.) to advise GK8 Ltd. ("GK8") and its affiliated entities listed below[1] (collectively, the "Client"), in connection with the Israeli legal aspects of the global bankruptcy proceedings of certain affiliated entities in the Client's group of companies[2] (the "Representation"). As part of our Representation, we will represent and assist the Client to (i) carry out its duties under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), (ii) seek ancillary relief in Israel on behalf of GK8 and certain affiliated entities in the Client's group of companies pursuant to the Insolvency and Economic Rehabilitation Act (2018) (Israel) (the "IERA"), and (iii) take any additional actions necessary to advance the Client's rights and obligations under the Bankruptcy Code and the IERA. This letter describes our terms of engagement.

Billing Procedures

We charge for legal services of the type to be provided in the Representation based upon our guideline hourly rates established for each of our attorneys and other professionals and the time they spend on your matters. Assuming that payment to us will be made in Israeli Shekels, our current hourly guideline rates are: NIS 1,250 – 2,200 for partners; NIS 680 - 1250 for associate attorneys; and NIS 400 for Article Clerks.[3] We would apply a 10% discount on these rates during the course of the Representation. These rates do not include Israeli VAT (currently 17%), which will be charged as required by law. We reassess our guideline hourly rates from time to time, usually on an annual basis.

For representations of this nature, we bill for services on a monthly basis. Our invoices will include detail as to the time charges incurred by each attorney working on the Representation. Our rates are based on receiving payment within thirty (30) days of our invoice.

---

[1] GK8 Ltd. (IL); GK8 UK Limited (UK); and GK8 USA LLC (Del.).

[2] Celsius Network LLC (Del.); Celsius KeyFi LLC (Del.); Celsius Lending LLC (Del.); Celsius Mining LLC (Del.); Celsius Network Inc. (Del.); Celsius Network Limited (UK); Celsius Networks Lending LLC (Del.); and Celsius US Holding LLC (Del.).

[3] At today's conversion rate (1 USD = 3.42 NIS), the equivalent amounts in USD are as follows: approximately USD 365 – 645 for partners; approximately USD 200 – 365 for associate attorneys; and approximately USD 120 for Article Clerks. These amounts are provided for reference purposes only. As indicated above, unless otherwise agreed between Fischer and the Client, payment will be made in NIS and will not be tied to today's conversion rate or to any other specific conversion rate.

**FISCHER**
FBC&Co

www.fbclawyers.com

146 Menachem Begin Rd., Tel Aviv 6492103, Israel | Tel. 972.3.694.4111, Fax. 972.3.609.1116

<u>Reimbursement of Expenses</u>

In addition to our hourly fees, we will charge for out-of-pocket fees and expenses, with any material amounts subject to the Client's prior approval.

<u>Dispute Resolution</u>

We pride ourselves on maintaining good working relationships with our clients. In the unlikely event resolution of disputes between us were required, such disputes will be resolved through arbitration in Tel Aviv pursuant to the substantive law of the State of Israel (without reference to its conflict of laws provisions). If any dispute is not resolved in this manner, then it shall be subject to the exclusive jurisdiction of the competent courts of the Central District, Israel.

We trust that our professional experience and expertise will enable us to provide you with effective and efficient service in this matter.

If the terms of this letter are agreeable to you, kindly countersign in the space below and return a copy of the countersigned copy of the letter to us.

Please do not hesitate to contact us if you have any questions concerning anything outlined in this letter or any other aspect of our proposed engagement.

Sincerely yours,

FISCHER (FBC & Co.)

Agreed and Accepted:

DocuSigned by:
Ron Deutsch
E2E23C810E9341D...

On behalf of GK8 Ltd.

2

**<u>Exhibit D</u>**

**Budget and Staffing Plan**

## FBC's Budget and Staffing Plan

### Budget

|  | Hours Budgeted | Total Compensation Budgeted |
|---|---|---|
| Partner | 300 | NIS 375,000-660,000 |
| Associate | 300 | NIS 204,000-336,000 |
| Intern (Article Clerk) | 200 | NIS 80,000 |
| **Total** | **800** | **NIS 659,000-1,076,000** |

### Staffing Plan

| Category of Timekeeper | Number of Timekeepers Expected to Work on the Matter Categories During the Budget Period | Hourly Rate |
|---|---|---|
| Partner | 6 | NIS 1,250-2,200 |
| Associate | 4 | NIS 680-1,120 |
| Interns (Article Clerks) | 2 | NIS 400 |
| **Total** | **12** | **NIS 400-2,200** |

**<u>Exhibit E</u>**

**Summary of Total Fees Incurred and Hours Billed During the Fee Period**

| Name of Professional Individual | Position, Department and Year of Bar Admission | Hourly Billing Rate[1] | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Well, Avraham | Partner in the Mergers & Acquisitions and Insolvency and Restructuring Department; Admitted in 1989 | NIS 2,200 ($611) | 11.3 | NIS 24,860 ($6905) |
| Pines, Amit | Partner in the Litigation and Insolvency and Restructuring Departments; Admitted in 1990 | NIS 1,900 ($528) | 30.4 | NIS 57,760 ($16,044) |
| Klose-Goldstein, Ute | Partner in the Capital Markets and Mergers & Acquisitions Departments; Admitted in 2006 (New York) and 2010 (Israel) | NIS 1,400 ($389) | 57.3 | NIS 80,220 ($22,283) |
| Peled, Yuval | Partner in the Tax Department; Admitted in 2011 (Israel) and 2016 (New York) | NIS 1,400 ($389) | 3.25 | NIS 4,550 ($1264) |
| Rachum-Twaig, Omri | Partner in the Intellectual Property and the Hi-Tech, Technology & Venture Capital Departments; Admitted in 2014 | NIS 1,400 ($389) | 1.8 | NIS 2,520 ($700) |
| Zichor, Uri | Partner in the Hi-Tech, Technology & Venture Capital Department; Admitted in 2014 | NIS 1,250 ($347) | 0.50 | NIS 625 ($174) |
| Blechman, Eli | Senior Associate in the Litigation and Insolvency and Restructuring Departments; Admitted in 2009 (Israel) and 2016 (New York) | NIS 1,120 ($311) | 106.3 | NIS 119,056 ($33,071) |
| Gurman, Aviad | Associate in the Litigation and Insolvency and Restructuring Departments; Admitted in 2017 | NIS 1,000 ($278) | 33.6 | NIS 33,600 ($9,333) |
| Salzberg, Omer | Associate in the Litigation and Insolvency and Restructuring Departments; Admitted in 2017 | NIS 1,000 ($278) | 85.8 | NIS 85,800 ($23,833) |
| Shenkman Harpaz, Neta | Associate in the Commercial (Corporate) Department; Admitted in 2022 | NIS 680 ($189) | 8.5 | NIS 5,780 ($1,605) |
| Pinto, Amit | Intern (Article Clerk); Not admitted yet | NIS 400 ($111) | 4 | NIS 1,600 ($444) |
| Hidalgo Lev, Valeria | Intern (Article Clerk); Not admitted yet | NIS 400 ($111) | 0.5 | NIS 200 ($55) |
| **Total Fees (Before Discount and VAT)** | | | **343.25** | **NIS 416,571 ($115,714)** |
| Total (Ater 10% Discount and Before VAT) | | | | NIS 374,913.90 ($104,143) |
| VAT (17%) | | | | NIS 63,735.36 ($17,704) |
| **TOTAL** | | | **343.25** | **NIS 438,649.26 ($121,847)** |

---

[1]    USD amounts are provided for reference purposes only.  The conversion rate used in this fee statement is USD 1 = NIS 3.60, which was the applicable conversion rate on March 31, 2023.  However, in accordance with Fischer's engagement letter, dated December 6, 2022, the Debtors agreed that payment for Fischer's services and reimbursement of Fischer's expenses will be made in NIS and will not be tied to a specific date's conversion rate (or to any other conversion rate) from NIS to USD.

**<u>Exhibit F</u>**

**Summary of Actual and Necessary Expenses for the Fee Period**

| Expense Type | Amount[2] |
|---|---|
| Translation Services | NIS 9,224.79 ($2562) |
| VAT (17%) | NIS 1,568.21 ($436) |
| Administrative Fees (District Court and Corporate Registrar) | NIS 21,500 ($5972) |
| **TOTAL** | **NIS 32,293 ($8970)** |

---

[2] USD amounts are provided for reference purposes only.  The conversion rate used in this fee statement is USD 1 = NIS 3.60, which was the applicable conversion rate on March 31, 2023.  However, in accordance with Fischer's engagement letter, dated December 6, 2022, the Debtors agreed that payment for Fischer's services and reimbursement of Fischer's expenses will be made in NIS and will not be tied to a specific date's conversion rate (or to any other conversion rate) from NIS to USD.

**<u>Exhibit G</u>**

**Detailed Description of Services Provided**

**FISCHER**
F|B|C|&|Co

www.fbclawyers.com

146 Menachem Begin Rd., Tel Aviv 6492103, Israel | Tel. 972.3.694.4111, Fax. 972.3.609.1116

Tel. 972-3-6944111
Fax. 972-3-6091116
fbcfinance@fbclawyers.com
VAT Number: 557534468

23 April 2024
File No. 27394

**GK8 Ltd.**
**Ron Deutsch, General Counsel**

Re:  **Legal Fees and Services Invoice No. 131909**

Dear Sir/Madam,

The following is our invoice with respect to our charges for legal services rendered by our firm to for the period of February 2023:

| | | |
|---|---|---|
| Legal Fees | NIS 58,010.00 | [USD 15,893.15] |
| Discount (10%) | NIS -5,801.00 | [USD 1,589.31] |
| Subtotal | NIS 52,209.00 | [USD 14,303.84] |
| VAT (17%) | NIS 8,875.53 | [USD 2,431.65] |
| **Total Amount Due** | NIS **61,084.53** | [USD 16,735.49] |

Kindly remit to us the sum of NIS 61,084.53 either by check or by wire transfer to our account in Israel at Bank Hapoalim, Shaul Ha'melech Branch (Branch #532, branch address: 3 Daniel Frisch Street, Tel Aviv 61400), Account #328975, swift code: POALILIT, IBAN: IL97-0125-3200-0000-0328975.

**Please indicate Invoice No.** 131909 **when effecting payment.**

A detailed breakdown of our charges is attached hereto.

Very truly yours,

FISCHER (FBC & Co.)

FISCHER (FBC Co.)                                                                    פישר (FBC Co.)
Date:   18/04/23                        **Invoice No. 131909**                    Page No.:      1

Client:  Celsius  צלזיוס                                       From:   01/02/23      To:     28/02/23
File:    כללי                                          REPORT INCLUDES Fees & Expenses: ILS [USD]
By:      Legal Staff

**Amounts without V.A.T**

## Client:    27394        Celsius

### File No.: 27394\0          General

**Working Hours**

| Date | By | Description | W. Hours | B. Hours | Rate | Total |
|------|-----|-------------|----------|----------|------|-------|
| 01/02/23 | Eli Blechman | Conduct legal research re: disbursement of sale proceeds | 1.00 | 1.00 | 1120.00 [306.85] | 1,120.00 [306.85] |
| 01/02/23 | Ute Klose-Goldst | Calls and correspondence with Kirkland and Goldfarb re: IIA closing mechanics (1.0); calls and correspondence with IIA re: same (1.0); follow-up correspondence with Goldfarb and Kirkland re: same (0.3) | 2.30 | 2.30 | 1400.00 [383.56] | 3,220.00 [882.19] |
| 02/02/23 | Valeria Hidalgo L | Translation of IIA documents into English | 0.50 | 0.50 | 400.00 [109.58] | 200.00 [54.79] |
| 02/02/23 | Eli Blechman | Conduct supplemental research re: disbursement of sale proceeds following discussions with US counsel | 1.00 | 1.00 | 1120.00 [306.85] | 1,120.00 [306.85] |
| 02/02/23 | Ute Klose-Goldst | Correspondence with IIA and Goldfarb re: payment issues | 0.80 | 0.80 | 1400.00 [383.56] | 1,120.00 [306.85] |
| 05/02/23 | Ute Klose-Goldst | Correspondence with Goldfarb and IIA re: closing mechanics | 1.00 | 1.00 | 1400.00 [383.56] | 1,400.00 [383.56] |
| 06/02/23 | Ute Klose-Goldst | Correspondence with Goldfarb and IIA re: closing mechanics | 0.80 | 0.80 | 1400.00 [383.56] | 1,120.00 [306.85] |
| 07/02/23 | Ute Klose-Goldst | Calls and correspondence with Kirkland and Goldfarb re: auditor approvals required for the IIA | 1.30 | 1.30 | 1400.00 [383.56] | 1,820.00 [498.63] |
| 07/02/23 | Eli Blechman | Review and redact time entries for confidentiality (1.5); correspondence with Fischer team members re: same (0.5); draft first monthly fee statement (1.5) | 3.50 | 3.50 | 1120.00 [306.85] | 3,920.00 [1,073.97] |
| 08/02/23 | Ute Klose-Goldst | Auditor confirmations - correspondence, follow up; rental security check - correspondence | 2.30 | 2.30 | 1400.00 [383.56] | 3,220.00 [882.19] |
| 08/02/23 | Eli Blechman | Conduct research re closing and confidentiality issues (1.5); draft and revise first monthly fee statement (2.0) | 3.50 | 3.50 | 1120.00 [306.85] | 3,920.00 [1,073.97] |
| 09/02/23 | Ute Klose-Goldst | Correspondence with IIA re: payment amounts (0.5); follow-up re: auditor confirmations (0.3); revisions re: CEO confirmation (0.5); correspondence with Kirkland re closing date (0.2) | 1.50 | 1.50 | 1400.00 [383.56] | 2,100.00 [575.34] |
| 09/02/23 | Eli Blechman | Conduct research re: closing and confidentiality issues (2.0); draft second monthly fee statement (1.5) | 3.50 | 3.50 | 1120.00 [306.85] | 3,920.00 [1,073.97] |
| 10/02/23 | Avremi Well | Correspondence with client and US counsel re: confidentiality issue | 0.80 | 0.80 | 2200.00 [602.74] | 1,760.00 [482.19] |
| 10/02/23 | Ute Klose-Goldst | Correspondence with Kirkland and Goldfarb re: closing issues | 0.50 | 0.50 | 1400.00 [383.56] | 700.00 [191.78] |
| 12/02/23 | Ute Klose-Goldst | Attend to closing issues | 1.00 | 1.00 | 1400.00 [383.56] | 1,400.00 [383.56] |

Client: Celsius    צליוס      From: 01/02/23    To:   28/02/23

File:    כללי      REPORT INCLUDES Fees & Expenses: ILS [USD]

By:    Legal Staff

**File No.: 27394\0**      **General**          **Amounts without V.A.T**

| Date | By | Description | W. Hours | B. Hours | Rate | Total |
|------|----|-------------|----------|----------|------|-------|
| 12/02/23 | Eli Blechman | Revise first monthly fee statement following comments from A. Well | 2.00 | 2.00 | 1120.00 [306.85] | 2,240.00 [613.70] |
| 13/02/23 | Ute Klose-Goldst | Correspondence with Kirkland and Goldfarb re: closing issues | 0.80 | 0.80 | 1400.00 [383.56] | 1,120.00 [306.85] |
| 13/02/23 | Eli Blechman | Correspondence with US counsel re: assignment of lease and conduct related research re: same | 0.50 | 0.50 | 1120.00 [306.85] | 560.00 [153.42] |
| 13/02/23 | Yuval Peled | Correspondence with US counsel re: VAT issues and conduct related research and analysis | 1.00 | 1.00 | 1400.00 [383.56] | 1,400.00 [383.56] |
| 14/02/23 | Ute Klose-Goldst | Attend to closing issues | 1.00 | 1.00 | 1400.00 [383.56] | 1,400.00 [383.56] |
| 14/02/23 | Eli Blechman | Review and revise monthly invoice for confidentiality purposes | 1.00 | 1.00 | 1120.00 [306.85] | 1,120.00 [306.85] |
| 14/02/23 | Yuval Peled | Call and correspondence with US counsel re: VAT issues and conduct related research and analysis | 1.50 | 1.50 | 1400.00 [383.56] | 2,100.00 [575.34] |
| 15/02/23 | Ute Klose-Goldst | Correspondence with Kirkland and Goldfarb re: closing issues | 0.50 | 0.50 | 1400.00 [383.56] | 700.00 [191.78] |
| 15/02/23 | Eli Blechman | Review and revise first monthly fee statement following comments from Kirkland team | 1.50 | 1.50 | 1120.00 [306.85] | 1,680.00 [460.27] |
| 15/02/23 | Yuval Peled | Discuss with U. Klose re: withholding tax question | 0.25 | 0.25 | 1400.00 [383.56] | 350.00 [95.89] |
| 16/02/23 | Ute Klose-Goldst | Correspondence and calls with Fischer team re: ITA audit request (1.0); follow-up re: lease check replacement (0.3) | 1.30 | 1.30 | 1400.00 [383.56] | 1,820.00 [498.63] |
| 16/02/23 | Yuval Peled | Review ITA's request for materials | 0.50 | 0.50 | 1400.00 [383.56] | 700.00 [191.78] |
| 18/02/23 | Ute Klose-Goldst | Discuss with Yuval Peled re: WHT certificate | 0.30 | 0.30 | 1400.00 [383.56] | 420.00 [115.06] |
| 19/02/23 | Ute Klose-Goldst | Correspondence IIA; WHT certificate | 0.50 | 0.50 | 1400.00 [383.56] | 700.00 [191.78] |
| 19/02/23 | Eli Blechman | Draft second monthly fee statement | 1.50 | 1.50 | 1120.00 [306.85] | 1,680.00 [460.27] |
| 20/02/23 | Ute Klose-Goldst | Attend to closing issues: lease check replacement (0.3); IIA receipt of funds (0.5); calls and correspondence with Kirkland, Goldfarb and IIA re: same (0.5) | 1.30 | 1.30 | 1400.00 [383.56] | 1,820.00 [498.63] |
| 21/02/23 | Neta Shenkman | Review office sublease agreement | 1.00 | 1.00 | 680.00 [186.30] | 680.00 [186.30] |
| 21/02/23 | Ute Klose-Goldst | Attend to closing issues | 0.30 | 0.30 | 1400.00 [383.56] | 420.00 [115.06] |
| 22/02/23 | Eli Blechman | Review and revise first monthly fee statement following comments from Kirkland team | 1.50 | 1.50 | 1120.00 [306.85] | 1,680.00 [460.27] |
| 26/02/23 | Eli Blechman | Draft second monthly fee statement (1.2); review and redact time entries for confidentiality (0.8) | 2.00 | 2.00 | 1120.00 [306.85] | 2,240.00 [613.70] |
| 27/02/23 | Eli Blechman | Draft and revise second monthly fee statement | 1.00 | 1.00 | 1120.00 [306.85] | 1,120.00 [306.85] |
| | | | 46.55 | 46.55 | | 58,010.00 [15,893.15] |

| Date: | 18/04/10964-mg | Doc 4829 | Invoice No.: 131309 |
|-------|---------|-----------|-----------|

Client: Celsius צלזיוס                                From: 01/02/23    To:    28/02/23

File: כללי

By:    Legal Staff                                    REPORT INCLUDES Fees & Expenses: ILS [USD]

**File No.:  27394\0**         **General**                        **Amounts without V.A.T**

| Date | By | Description | W. Hours | B. Hours | Rate | Total |
|------|-----|-------------|----------|----------|------|-------|

**TOTAL FOR THE CLIENT**

| WORKING HOURS | BILLING HOURS | AMOUNT | EXPENSES | EXPENSES EXEMPT VAT |
|------|------|------|------|------|
| 46.55 | 46.55 | 58,010.00 ILS | .00 ILS | .00 ILS |

## Exhibit H

**Detailed Description of Expenses and Disbursements**

**FISCHER**
F|B|C|&|Co

146 Menachem Begin Rd., Tel Aviv 6492103, Israel | Tel. 972.3.694.4111, Fax. 972.3.609.1116

www.fbclawyers.com

Tel. 972-3-6944111
Fax. 972-3-6091116
fbcfinance@fbclawyers.com
VAT Number: 557534468

23 April 2024
File No. 27394

**GK8 Ltd.**
**Ron Deutsch, General Counsel**

**Re:  Legal Fees and Services Invoice No. 131910**

Dear Sir/Madam,

The following is an expense invoice which was charged at January 30th, 2023.

| | |
|---|---|
| Expenses | NIS 600.00 [USD 164.3] |
| VAT (17%) | NIS 102.00 [USD 27.9] |
| **Total Amount Due** | **NIS 702.00 [USD 192.2]** |

Kindly remit to us the sum of NIS 702.00 either by check or by wire transfer to our account in Israel at Bank Hapoalim, Shaul Ha'melech Branch (Branch #532, branch address: 3 Daniel Frisch Street, Tel Aviv 61400), Account #328975, swift code: POALILIT, IBAN: IL97-0125-3200-0000-0328975.

**Please indicate Invoice No. 131910 when effecting payment.**

A detailed breakdown of our charges is attached hereto.

Very truly yours,

FISCHER (FBC & Co.)

007_Pro

**FISCHER (FBC  Co.)**                                                                                      **(FBC  Co.) פישר**

| | |
|---|---|
| תאריך: 04/04/23 | דף מס': 1 |

**חשבון עיסקה: 131910**

| | |
|---|---|
| לקוח: צלזיוס Celsius | מתקופה: 01/01/23    עד תקופה: 28/02/23 |
| תיק: | הדוח כולל שעות בשח והוצאות בשח |
| עובד: כל העובדים | |

**החיובים אינם כוללים מעמ**

**שם הלקוח: 27394    צלזיוס Celsius**

**תיק: 27394\0    כללי**

**הוצאות**

| תאריך | הוצאות | הוצאות | כמות | תאור פעולה | מעמ | מע"מ | תעריף | סה"כ |
|---|---|---|---|---|---|---|---|---|
| 30/01/23 | תרגומים | Translation Services | 1 | החברה הדו לשונית - תרגום החלטות<br>Translation of court pleadings | חייב | חייב | 600.00 | 600.00 |
| | | | | | | | | 600.00 |

**סה"כ ללקוח**

| ש' עבודה | ש' לחיוב | סה"כ כספי | הוצ' חייב | הוצ' פטור |
|---|---|---|---|---|
| 00. | 00. | 00.₪ | 600.00₪ | 00.₪ |