GODFREY & KAHN, S.C.
1 East Main Street
Madison, Wisconsin 53701
Telephone: (608) 257-3911
Facsimile: (608) 257-0609

Katherine Stadler

*Attorneys for the Fee Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | x | |
| **In re** | : | **Chapter 11** |
| | : | |
| **CELSIUS NETWORK, LLC, *et al.*,**[1] | : | **Case No. 22-10964 (MG)** |
| | : | |
| Debtors. | : | **(Jointly Administered)** |
| | : | |
| | : | **Re: Dkt. Nos. 4236, 4242, 4249, 4250, 4251,** |
| | : | **4252, 4253, 4254, 4256, 4257, 4258, 4259,** |
| | : | **4260, 4261, 4262, 4263, 4264, 4265, 4266,** |
| | : | **4268, 4270, 4271, 4273, 4296, 4663, and** |
| | : | **4829** |
| | x | |

### FEE EXAMINER'S SUMMARY REPORT ON FOURTH INTERIM AND FINAL FEE APPLICATIONS SCHEDULED FOR UNCONTESTED HEARING ON MAY 7, 2024

TO:    THE HONORABLE MARTIN GLENN
           UNITED STATES BANKRUPTCY JUDGE:

The Fee Examiner appointed in the above-captioned chapter 11 cases (the "Fee

Examiner") submits this summary report (the "Summary Report") pursuant to the *Amended*

*Order Appointing Independent Fee Examiner and Establishing Related Procedures for the*

*Review of Fee Applications of Retained Professionals* [Dkt. No. 1746] (the "Amended Fee

---

[1]The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

Examiner Order"), and the *First Amended Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief* [Dkt. No. 1745] (the "First Amended Interim Compensation Order"), recommending the Court's approval of the interim and final fees and expenses outlined on the attached **Exhibits A** and **B**, as requested by the Retained Professionals[2] listed therein (the "Uncontested Applicants") and adjusted with their consent.

## PRELIMINARY STATEMENT

With this Report, the Fee Examiner recommends Court approval of fourth interim and final fee applications that, for most professionals, concludes the professional fee review process. One late-filed application remains under review, and another application remains disputed, as noted on the attached **Exhibit C**.  The Fee Examiner requests that these applications be adjourned with instructions to the parties to engage with the Fee Examiner in a good faith attempt to resolve them consensually, after which the Fee Examiner will either file an objection as necessary or submit an agreed order.

The Uncontested Applicants have reached agreement with the Fee Examiner, subject to the Court's approval, to resolve their applications for fees and expenses primarily incurred during the "Fourth Interim Fee Period" (July 1, 2023 – November 9, 2023).  These negotiated resolutions are consistent with the principles and standards the Fee Examiner has developed and applied to each interim fee application.  The negotiated adjustments satisfy the Fee Examiner that the fees and expenses recommended for Court approval are both reasonable and necessary to the administration of these cases pursuant to 11 U.S.C. §330 and related authorities.

---

[2] Capitalized terms not otherwise defined shall have the meanings set forth in the Fee Examiner and Interim Compensation Orders.

## BACKGROUND

1.        The Fee Examiner has issued three summary reports, corresponding to the first three interim fee periods in these Cases.  [Dkt. Nos. 2387, 2975, and 4013].  The details of the Fee Examiner's appointment and the fee review process were outlined in detail in the *Fee Examiner's Summary Report on Fee Review Process and First Interim Fee Applications Scheduled for Uncontested Hearing on April 18, 2023* [Dkt. No. 2387] (the "First Fee Examiner Summary Report") and will not be repeated here.

2.        The Court entered the *Findings of Fact, Conclusions of Law, and Order Confirming the Modified Joint Chapter 11 Plan of Celsius Network LLC and its Debtor Affiliates* [Dkt. No. 3972] (the "Plan Confirmation Order") on November 9, 2023.

3.        The Court issued the *Memorandum Opinion Granting the Wind-Down Motion of Debtors and the Committee for Entry of an Order (I) Approving the Implementation of the MiningCo Transaction and (II) Related Relief* [Dkt. No. 4171] and entered the *Order (I) Approving the Implementation of the MiningCo Transaction and (II) Granting Related Relief* [Dkt. No. 4172] (the "Wind Down Order") on December 27, 2023.

4.        Pursuant to the Amended Fee Examiner Order, the Fourth Interim Fee Period was to run from July 1, 2023 through and including October 31, 2023. However, pursuant to Article II(B)(4) of the *Joint Chapter 11 Plan of Reorganization of Celsius Network LLC and Its Debtors and Affiliates* [Dkt. No. 3972-1] (the "Plan"):

> From and after the Confirmation Date, the Debtors, or the Post-Effective Date Debtors, as applicable, shall, in the ordinary course of business and without any further notice to or action, order, or approval of the Bankruptcy Court, pay in Cash the reasonable and documented legal, professional, or other fees and expenses incurred by the Debtors or the Post-Effective Date Debtors, as applicable. After the Confirmation Date, any requirement that Professionals comply with sections 327 through 331 and 1103 of the Bankruptcy Code in seeking retention or compensation for services rendered after such date shall terminate, and the Debtors may employ and pay any Professional in the ordinary course of business without any further notice to or action, order, or approval of the Bankruptcy Court.

Plan at ¶ 344.  Because a fifth interim fee period would have consisted of only nine days, the Fee Examiner agreed with counsel for the Debtors and Official Committee of Unsecured Creditors that professionals could include fees and expenses incurred from November 1–9, 2023 in their Fourth Interim Fee Period applications.

## THE FOURTH INTERIM FEE REVIEW PROCESS

5.      Most professionals filed applications for the Fourth Interim Fee Period on or around January 17, 2024, and began submitting fee and expense data pursuant to the Fee Protocol as outlined in the First Fee Examiner Summary Report.  The Fee Examiner's counsel immediately began importing the fee and expense information and communicating with Retained Professionals about any missing or improperly formatted items.

6.      Godfrey & Kahn reviewed the applications using the process outlined in detail in the First Fee Examiner Summary Report and issued Confidential Letter Reports around February 29, 2024, once again inviting the Uncontested Applicants to respond to the issues identified.  With the consent of the Retained Professionals, copies of all letter reports and exhibits were provided to the U.S. Trustee.

7.      Counsel then communicated with each Uncontested Applicant, reviewed supplemental explanation or materials, discussed areas of concern, and engaged in constructive dialogue to address problems.

8.      Counsel summarized each professional's response, conducted additional analysis where necessary, and presented all Retained Professional responses to the Fee Examiner with explanations, summaries, and recommendations for each Uncontested Applicant.

9.      The Fee Examiner reviewed the Retained Professional responses and counsel's recommendations, conducted additional investigation where necessary, and ultimately approved

each of the resolutions outlined on the attached **Exhibit A**.  The Fee Examiner recommends entry of an interim order, substantially in the form attached as **Exhibit D**, approving the fees and expenses outlined on **Exhibit A** on an interim basis pursuant to 11 U.S.C. §331.

### THE FINAL FEE APPLICATION RECONCILIATION PROCESS

10.    After the Fee Examiner and Uncontested Applicants had agreed on appropriate adjustments to Fourth Interim Fee Period applications, counsel began the process of reconciling amounts requested in the professionals' final fee applications.

11.    For each professional, counsel reviewed each prior interim fee application and interim compensation order and calculated a subtotal of fees and expenses requested and approved for the first three interim fee periods.

12.    Counsel then added the fees and expenses recommended for the Fourth Interim Fee Period on **Exhibit A** to arrive at a total recommended final fee award.

13.    In several instances, adjustments were necessary to correct for errors in the professionals' final fee application calculations or to include compensable fees incurred for the preparation and submission of a professional's final fee application.

14.    The results of this final reconciliation process appear on the attached **Exhibit B**, and the Fee Examiner now recommends entry of a final order, substantially in the form of the attached **Exhibit E,** approving the applications outlined on **Exhibit B** on a *final* basis pursuant to 11 U.S.C. § 330.

### UNCONTESTED FOURTH INTERIM AND FINAL APPLICATIONS RECOMMENDED FOR COURT APPROVAL WITH ADJUSTMENTS

#### DEBTOR PROFESSIONALS

*Kirkland & Ellis LLP and Kirkland & Ellis International LLP*

15.    On January 18, 2024, Kirkland & Ellis LLP, and Kirkland & Ellis International

LLP ("K&E") filed the *Fourth Interim and Final Fee Application of Kirkland & Ellis LLP and Kirkland & Ellis International LLP, Attorneys for the Debtors and Debtors in Possession, for the (I) Interim Fee Period from July 1, 2023 Through and Including November 9, 2023 and the (II) Final Fee Period from July 13, 2022 Through and Including November 9, 2023* [Dkt. No. 4266] seeking $15,304,833.00 in fees and $656,792.40 in expenses for the Fourth Interim Fee Period (the "K&E Fourth Application"), and $76,323,621.00 in fees and $1,719,388.75 in expenses for the Final Fee Period (the "K&E Final Application").

16.     During the Fourth Interim Fee Period, K&E mediated contested plan confirmation issues, resolved the UCC's class claim motion, developed a streamlined claims reconciliation process, facilitated the solicitation and plan confirmation process, and shepherded the plan through confirmation.

17.     The Fee Examiner's Confidential Letter Report identified a number of areas of concern, including a potentially excessive number of attendees at hearings, vague entries, and overall staffing on certain matters.

18.     After an extensive exchange of information and discussion, K&E either adequately explained the questioned matters or agreed to fee and expense adjustments to offset them.  The final reconciliation process confirmed that no further adjustments to fees and expenses are necessary.

19.     The Fee Examiner now recommends Court approval of the K&E Fourth Fee Application, as adjusted and outlined on **Exhibit A** and the K&E Final Fee Application, as outlined on **Exhibit B**.

***Latham & Watkins LLP***

20.    On January 17, 2024, Latham & Watkins LLP ("L&W") filed the *Final Fee Application of Latham & Watkins LLP for Compensation for Services and Reimbursement of Expenses Incurred as Special Counsel to the Debtors for the Period from July 13, 2022 through May 31, 2023* [Dkt. No. 4249] (the "L&W Final Fee Application"), requesting $12,358,407.25 in fees and $54,459.60 in expenses.

21.    The Court previously approved all fees requested in the L&W Final Fee Application on an interim basis, *see* Dkt. Nos. 3437, 4056, and the final reconciliation process confirmed that no further adjustments are necessary.  The Fee Examiner now recommends Court approval of the L&W Final Fee Application, as outlined on **Exhibit B**.

***KE Andrews***

22.    On January 17, 2024, Mark Andrews & Company, LLC dba KE Andrews ("KE Andrews") filed the *Final Fee Application of KE Andrews, Property Tax Service Provider for the Debtors and Debtors in Possession, for the Final Fee Period from June 6, 2023 (Effective as of January 1, 2023), Through and Including November 9, 2023* [Dkt. No. 4262] (the "KE Andrews Final Fee Application"), requesting $150,000.00 in compensation on an interim basis $375,000.00 in compensation on a final basis.

23.    The KE Andrews Retention Order states, at paragraph 7:

KE Andrews shall file monthly, interim, and final fee applications for the allowance of compensation for services rendered and reimbursement of expenses incurred in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines, and any other applicable procedures and orders of this Court and consistent with the proposed compensation set forth in the Engagement Letter and Statement of Work. KE Andrews' fixed fees pursuant to the Engagement Letter and Statement of Work (and any supplemental engagement agreements or statements of work subsequently approved in these cases) shall be subject to the standard of review set forth in section 330 of the Bankruptcy Code.

This provision in the KE Andrews Retention Order suggests that KE Andrews was required to maintain contemporaneous records of time worked and fees charged, but KE Andrews did not maintain such records.  In light of that noncompliance, KE Andrews and the U.S. Trustee have negotiated a consensual adjustment of fees, as outlined on the attached exhibits.  The Fee Examiner agrees that the negotiated adjustment is appropriate and does not request further adjustment.

24.    As such, the Fee Examiner now recommends Court approval of the interim fees requested in the KE Andrews Final Fee Application, as outlined on **Exhibit A**, and recommends all fees requested in the KE Andrews Final Fee Application for Court approval on a final basis as outlined on **Exhibit B**.

***Akin Gump Strauss Hauer & Feld LLP***

25.    On January 17, 2024, Akin Gump Strauss Hauer & Feld LLP ("Akin Gump") filed the *Fourth Interim Interim Fee Application of Akin Gump Strauss Hauer & Feld LLP as Special Litigation Counsel to the Debtors and Debtors in Possession for Allowance of Compensation for Services Rendered and Reimbursement of Expenses for the Period July 1, 2023 Through and Including November 9, 2023* [Dkt. No.4251] (the "Akin Gump Fourth Fee Application"), requesting $6,110,140.50 in fees and $301,357.65 in expenses.

26.    During the Fourth Interim Fee Period as the Debtors' special litigation counsel, Akin Gump continued to represent the Debtors on specified significant and ongoing litigation matters, including the $100 million dispute with Jason Stone, KeyFi, Inc.  Akin Gump also provided services related to the Debtors' *Simple Agreement for Future Equity* ("SAFE") with Rhodium Enterprises, Inc. and its merger with SilverSun Technologies, Inc.

27.     The Confidential Letter Report identified a number of issues, including excessive time spent drafting a PowerPoint presentation, multiple attendance at hearings, depositions, and mediation sessions, and excessive time spent on fee application matters.

28.     In response to the Confidential Letter Report, Akin Gump provided supplemental information to address some of the Fee Examiner's concerns and accepted adjustments to fees to offset the financial impact of others.  With these adjustments, the Fee Examiner now recommends Court approval of the Akin Gump Fourth Fee Application as adjusted and outlined on the attached **Exhibit A**.

29.     On January 22, 2024, Akin Gump filed the *Final Fee Application of Akin Gump Strauss Hauer & Feld LLP as Special Litigation Counsel to the Debtors and Debtors in Possession for Allowance of Compensation for Services Rendered and Reimbursement of Expenses for the Period July 13, 2022 Through and Including November 9, 2023.* [Dkt. No. 4273] (the "Akin Gump Final Fee Application"), requesting $16,386,734.43 in fees and $521,732.63 in expenses.

30.     On January 31, 2024, Akin Gump filed the *Supplement to Final Fee Application of Akin Gump Strauss Hauer & Feld LLP as Special Litigation Counsel to the Debtors and Debtors in Possession for Allowance of Compensation for Services Rendered and Reimbursement of Expenses for the Period July 13, 2022 Through and Including November 9, 2023* [Dkt. No. 4296], requesting $2,498.55 in additional expenses not included in its previous submissions and increasing the total expenses requested in the Akin Gump Final Fee Application to $524,231.18.  The final reconciliation process confirmed that no further adjustments were necessary, and the Fee Examiner now recommends Court approval of the Akin Gump Final Fee Application on a final basis as set forth on **Exhibit B**.

*Alvarez & Marsal North America, LLC*

31.    On January 16, 2024, Alvarez & Marsal North America, LLC ("A&M") filed the

*Fourth Application of Alvarez & Marsal North America, LLC as Financial Advisors for the*

*Debtors, for Interim Allowance of Compensation for Professional Services Rendered and*

*Reimbursement of Actual and Necessary Expenses Incurred from July 1, 2023 Through and*

*Including November 9, 2023* [Dkt. No. 4242] (the "A&M Fourth Fee Application"), requesting

$7,151,420.00 in fees and $33,370.00 in expenses.

32.    During the Fourth Interim Fee Period, A&M assisted the Debtors in, among other

things, supporting the Debtors through the plan confirmation process and preparing for

emergence.

33.    The Fee Examiner's Confidential Letter Report identified vague and/or block

billed time, potentially excessive time spent at team meetings, over-attendance at hearings, and

non-compensable expenses.  A&M responded with sufficient additional detail to address some of

the Fee Examiner's concerns and agreed to the downward adjustment of its requested fees and

expenses with respect to others.  The Fee Examiner is satisfied that the agreed adjustments

address all identified issues and now recommends the approval of the A&M Fourth Fee

Application as adjusted and outlined on **Exhibit A**.

34.    On January 17, 2024, A&M filed the *Final Fee Application of Alvarez & Marsal*

*North America, LLC as Financial Advisors for the Debtors, for Professional Services Rendered*

*and Reimbursement of Actual and Necessary Expenses for the Period from July 13, 2022*

*Through and Including November 9, 2023* [Dkt. No. 4250] (the "A&M Final Fee Application"),

requesting $27,959,834.65 in fees and $69,741.74 in expenses.

35.     The final reconciliation process confirmed that no further adjustments are necessary, and the Fee Examiner now recommends Court approval of the A&M Final Fee Application on a final basis as outlined on **Exhibit B**.

***Andersen LLP***

36.     The Court entered the *Order (I) Authorizing the Retention and Employment of Andersen LLP as UK Tax Services Provider Effective as of February 28, 2023, and (II) Granting Related Relief* [Dkt. No. 2755] (the "Andersen LLP Retention Order") on June 6, 2023.

37.     Andersen was retained to provide the UK corporate and VAT tax services for the tax year ending in 2021.

38.     On January 19, 2024, Andersen LLP filed the *Sixth Monthly Interim and Final Application of Andersen LLP, as UK Tax Services Provider for the Debtors and Debtors in Possession, for the (I) Interim Fee Period from November 1, 2023 Through and Including November 9, 2023 and the (II) Final Fee Period from February 13, 2023 Through and Including November 9, 2023* [Dkt. No. 4271] requesting $291,327.34 in professional fees on a monthly, interim, and final basis (the "Andersen LLP Combined Fee Application").

39.     The Fee Examiner's letter report to Anderson LLP identified non-compliance with some of the terms of its retention order and recommended an appropriate adjustment to offset the impact of the irregularities.  With the adjustment outlined on **Exhibit A**, the Fee Examiner now recommends Court approval of the Andersen LLP Combined Fee Application on an interim basis as outlined on **Exhibit A** and on a final basis as outlined on **Exhibit B**.

***Centerview Partners LLC***

40.     On January 17, 2024, Centerview Partners LLC ("Centerview") filed the *Fourth Interim and Final Fee Application of Centerview Partners LLC, as Investment Banker to the*

*Debtors for Allowance of Compensation and Reimbursement of Expenses for the Period July 13,*

*2022 Through November 9, 2023* [Dkt. No. 4260] (the "Centerview Fourth Fee Application"),

seeking $1 million in flat monthly fees incurred during the Fourth Interim Fee Period, a Sale Fee

of $7,062,500.00 for the Bitcoin Mining NewCo transaction, a Financing Fee of $510,096.00 for

the US Bitcoin funding of new equity pursuant to the confirmed Plan, and a Transaction Fee of

$11,568,750.00 pursuant to Centerview's engagement letter, as amended and supplemented, with

the Debtors.  In all, Centerview requests $23,791,346.00 in fees and $6,712.06 in expenses on a

final basis.

      41.     Retained pursuant to 11 U.S.C. §328(a), Centerview is exempt from many

traditional bankruptcy billing requirements.  *See* First Fee Examiner Summary Report at ¶¶

44-45.  Nonetheless, the Fee Examiner evaluates Centerview's fee applications to ensure that its

fees are consistent with those of comparable flat fee financial professionals and that its expenses

comply with all applicable guidelines.  The Fee Examiner also confirmed that the sale, financing,

and transaction fees requested were appropriate pursuant to the terms of the court-approved

engagement agreement, as amended and supplemented, and that the triggering event for such

fees had occurred.

      42.     During the Fourth Interim Fee Period, Centerview supported the Debtors in the

plan confirmation process and facilitated the transactions contemplated under the plan.

      43.     Consistent with the modified section 330 reasonableness standard, *see id.*, the Fee

Examiner verified that Centerview's bills conform with the timekeeping practices of similarly

situated flat fee professionals and that the transaction, financing, and sale fees were earned

pursuant to the terms of the professional's engagement.  The Fee Examiner now recommends the

Court's approval of the Centerview Fourth Fee Application, as outlined on **Exhibit A** on an interim basis and as outlined on **Exhibit B** on a final basis.

***Ernst & Young, LLP***

44.     On January 17, 2024, Ernst & Young LLP ("EY LLP") filed the *Fourth Interim Fee Application of Ernst & Young LLP for Compensation for Services Rendered and Reimbursement of Expenses as Tax Compliance, Tax Advisory and Financial Accounting Advisory Services Provider for the Time Period July 1, 2023 Through November 9, 2023* [Dkt. No. 4252] (the "EY LLP Fourth Fee Application"), requesting $5,303,982.00 in fees and $36,094.03 in expenses.

45.     The Fee Examiner's letter report to EY LLP identified excessive meeting attendance, block and double billing, transitory timekeepers, and inefficient staffing.  EY LLP provided adequate explanation for some issues identified and accepted the Fee Examiner's proposed adjustments for others.  With the negotiated adjustments outlined on **Exhibit A**, the Fee Examiner recommends Court approval of the EY LLP Fourth Fee Application.

46.     On January 17, 2023, EY LLP filed the *Final Fee Application of Ernst & Young LLP for Compensation for Services Rendered and Reimbursement of Expenses as Tax Compliance, Tax Advisory Services and Financial Accounting Advisory Services Provider to the Debtors for the Time Period July 13, 2022 Through and Including November 9, 2023.* [Dkt. No. 4253] (the "EY LLP Final Fee Application"), requesting $6,735,295.50 in fees and $36,094.03 in expenses.  The final reconciliation process determined that no further adjustments to EY LLP's fees are necessary, and the Fee Examiner now recommends Court approval of the EY LLP Final Fee Application on a final basis as outlined on **Exhibit B**.

***Stout Risius Ross, LLC***

47.    On January 18, 2024 Stout Risius Ross, LLC ("SRR") filed the *Final Fee
Application of Stout Risius Ross, LLC, as Valuation Advisors to the Debtors for Services
Rendered and Reimbursement of Expenses for the Period from February 21, 2023 Through and
Including November 9, 2023* [Dkt. No. 4265] (the "SRR Final Fee Application"), requesting
$419,905.00 in compensation for fees incurred during the Fourth Interim Fee Period and for
$1,263,415.00 in fees incurred during the Final Fee Period.  SRR seeks no reimbursement of
expenses.

48.    During the Fourth Interim Fee Period, SRR provided valuation testimony in
support of plan confirmation.  In a letter report to SRR, the Fee Examiner identified vague time
entries, non-compensable services, and routine invoicing.  In response, SRR provided
satisfactory explanation of the issues identified or agreed to recommended adjustments to the
requested fees to offset any potential overcharge to the estates.

49.    With the stipulated adjustments, the Fee Examiner is satisfied that the interim fees
requested in the SRR Final Fee Application represent reasonable fees for necessary valuation
services and recommends the Court's approval of them on an interim basis, as adjusted and noted
on **Exhibit A**.

50.    The final reconciliation process determined that no further adjustments to SRR's
fees are necessary, and the Fee Examiner now recommends Court approval of the SRR Final Fee
Application on a final basis as outlined on **Exhibit B**.

***A.M. Saccullo Legal, LLC***

51.    On January 17, 2024, A.M. Saccullo Legal, LLC ("A.M. Sacculo") filed the
*Second Interim and Final Fee Application of A.M. Saccullo Legal, LLC for Compensation for*

*Services Rendered and Reimbursement of Expenses Incurred as Special Counsel to the Debtors*

*for the Interim Period from March 1, 2023 Through November 9, 2023 and the Final Period*

*from December 1, 2022 Through November 9, 2023* [Dkt. No. 4254] requesting $149,267.50 in

interim fees ("A.M. Sacculo's Second Fee Application") and $213,112.50 in final fees (the

"A.M. Sacculo Final Fee Application").  A.M. Sacculo does not seek reimbursement for

expenses.

52.    A.M. Sacculo served as the Debtors' special counsel for purposes of representing

them in the FTX Trading bankruptcy cases.  The Fee Examiner's letter report identified

inconsistently recorded meeting times and excessive time spent on time entry review, as well as

excessive time spent on crypto valuation research.

53.    In response, A.M. Sacculo provided satisfactory explanation of the issues

identified or agreed to recommended adjustments to the requested fees to offset any potential

overcharge to the estates.

54.    With the stipulated adjustments, the Fee Examiner is satisfied that the interim fees

requested in the A.M. Sacculo Final Fee Application represent reasonable fees for necessary

services and recommends the Court's approval of them on an interim basis, as adjusted and noted

on **Exhibit A**.

55.    The final reconciliation process determined that no further adjustments to A.M.

Sacculo's fees are necessary, and the Fee Examiner now recommends Court approval of the

A.M. Sacculo Final Fee Application on a final basis as outlined on **Exhibit B**.

***Stretto, Inc.***

56.    The Court entered the *Order Authorizing the Retention and Employment of*

*Stretto, Inc. as Administrative Advisor to the Debtors and Debtors in Possession Effective as of*

*July 13, 2022* [Dkt. 841] (the "Stretto Retention Order") on September 16, 2022, authorizing the

Debtors to retain Stretto as administrative advisor to perform the bankruptcy administration

services described in the Debtors' *Application for Entry of an Order Authorizing the Retention*

*and Employment of Stretto, Inc. as Administrative Advisor to the Debtors in Possession Effective*

*as of July 13, 2022* [Dkt. 361] (the "Stretto Retention Application").

57.    On January 18, 2024, Stretto filed the *Final Application of Stretto, Inc. for*

*Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred as*

*Administrative Advisor to the Debtors for the Final Period from July 13, 2022 Through*

*November 9, 2023* [Dkt. No. 4268] (the "Stretto Final Fee Application"), requesting $69,790.32

in compensation for professional services.

58.    In the letter report to Stretto, the Fee Examiner identified block billing, vague and

repetitive task descriptions, and possible double billing as areas of concern.  In response, Stretto

either provided supplemental explanation or agreed to adjustments that resolve the Fee

Examiner's concerns.  The Fee Examiner recommends Court approval of the Stretto Final Fee

Application, as adjusted, on an interim basis as outlined on **Exhibit A** and on a final basis as

outlined on **Exhibit B**.

*Willis Towers Watson US LLC*

59.    The Debtors retained Willis Towers Watson ("WTW") to develop management

incentive and other employee restructuring compensation programs, but initially did not seek

Court approval of the retention pursuant to 11 U.S.C. § 327.

60.    Upon the motion of the U.S. Trustee, the Court entered the *Order Directing*

*Debtors to Show Cause Why They Should Not Retain Willis Towers Watson* [Dkt. No. 2087] on

February 16, 2023.  On May 15, 2023, the U.S. Trustee filed the *United States Trustee's Motion*

*for Order Directing Disgorgement of All Estate Funds Paid to Willis Towers Watson* [Dkt. No. 2640] (the "U.S. Trustee Disgorgement Motion").

61.     The Debtors filed the *Application for Entry of An Order (I) Authorizing the Retention and Employment of Willis Towers Watson US LLC as Compensation Consultant, Effective as of July 13, 2022, and (II) Granting Related Relief* [Dkt. No. 2726] (the "WTW Retention Application") on May 30, 2023 and the Court entered the *Order (I) Authorizing the Retention and employment of Willis Towers Watson US LLC as Compensation Consultant, Effective as of July 13, 2022, and (II) Granting Related Relief* [Dkt. No. 3460] (the "WTW Retention Order") on September 13, 2023.

62.     Though its original engagement provided for a flat fee of $375,000 and WTW already had been paid this amount, WTW agreed to accept $187,000 (half of the compensation previously paid to WTW) to resolve the U.S. Trustee Disgorgement Motion. *See* WTW Retention Order at ¶ 5.

63.     WTW filed the *Combined First Interim and Final Fee Application of Willis Towers Watson US LLC for Compensation for Services Rendered and Reimbursement of Expenses as Compensation Consultant for the Debtors* [Dkt. No. 4663] ("the WTW Final Fee Application") on March 14, 2024, requesting $187,500.00 in professional fees and no expense reimbursement.

64.     While the WTW Retention Order authorized WTW to maintain time records in .25-hour increments, some WTW time entries were vague, block-billed, or missing narrative descriptions. The adjustments the Fee Examiner would have recommended to address these concerns were less than the 50 percent disallowance that WTW already accepted to resolve the U.S. Trustee Disgorgement Motion. As such, the Fee Examiner recommends Court approval of

the WTW Final Fee Application, without further adjustment, on both an interim and final basis
as outlined on **Exhibits A** and **B**.

## OFFICIAL COMMITTEE OF UNSECURED CREDITORS' PROFESSIONALS

### *White & Case, LLP*

65.     On January 17, 2024, White & Case LLP ("White & Case") filed the *Combined
Fourth Interim and Final Application of White & Case LLP for Compensation for Services
Rendered and Reimbursement of Expenses as Counsel to the Official Committee of Unsecured
Creditors* [Dkt. No. 4256] requesting $12,130,870.00 in interim fees and $363,157.37 in interim
expenses (the "White & Case Fourth Fee Application") and requesting $50,502,967.87 in final
fees and $601,895.84 in final expenses (the "White & Case Final Fee Application").

66.     During the Fourth Interim Fee Period, White & Case continued to support the
UCC through participation in the plan confirmation process.

67.     The Fee Examiner's Confidential Letter Report identified a number of
administrative tasks, potential over-attendance at hearings and meetings, and certain minor non-
compensable expenses. White & Case explained the tasks performed and the need for attendance
of some questioned timekeepers and agreed to the disallowance of fees for other matters.  With
the negotiated adjustments outlined on **Exhibit A**, the Fee Examiner recommends Court
approval of the White & Case Fourth Fee Application.

68.     The final reconciliation process determined that no further adjustments to White
& Case's fees are necessary, and the Fee Examiner now recommends Court approval of the
White & Case Final Fee Application on a final basis as outlined on **Exhibit B**.

### M3 Advisory Partners, LP

69.     On January 17, 2023, M3 Advisory Partners, LP ("M3") filed the *Combined Fourth Interim and Final Application of M3 Advisory Partners, LP for Compensation for Services Rendered and Reimbursement of Expenses as Financial Advisor to the Official Committee of Unsecured Creditors* [Dkt. No. 4261] requesting $3,875,321.00 in interim fees and $6,623.66 in interim expenses (the "M3 Fourth Fee Application") and requesting $16,486,812.75 in final fees and $32,666.43 in final expenses (the "M3 Final Fee Application"). During the Fourth Interim Fee Period, M3 supported the UCC as financial advisor through plan confirmation.

70.     The Fee Examiner's Confidential Letter Report identified block billing, a potentially transitory timekeeper, possible over-attendance at hearings and depositions, and work on the composition of the NewCo Board, and non-compensable expenses as areas of concern. M3 either provided explanation for the questioned matters or agreed to the disallowance of their fees and accepted the disallowance of non-compensable expenses.  With these negotiated adjustments, the Fee Examiner recommends the M3 Fourth Fee Application for approval as outlined on **Exhibit A**.

71.     The final reconciliation process determined that one additional adjustment to M3's fees are necessary to account for a calculation error in the M3 Final Application and, with that adjustment, the Fee Examiner now recommends Court approval of the M3 Final Application on a final basis as outlined on **Exhibit B**.

### Perella Weinberg Partners LP

72.     On January 17, 2024, Perella Weinberg Partners LP ("PWP") filed the *Combined Fourth Interim Fee Application of Perella Weinberg Partners LP for Compensation for Services*

*Rendered and Reimbursement of Expenses as Investment Banker for the Official Committee of*

*Unsecured Creditors* [Dkt. No. 4259] requesting $6,180,000.00 in interim fees and $74,576.32 in

interim expenses (the "PWP Fourth Fee Application"), including a $5,750,000.00 transaction fee.

PWP also requests the Court's approval of $7,276,774.19 in final fees, and $260,477.83 in final

expenses (the "PWP Final Fee Application").

73.    Retained pursuant to 11 U.S.C. §328(a), PWP is exempt from many bankruptcy

billing requirements.  *See* First Fee Examiner Summary Report at ¶¶ 60–61.  Nonetheless, the

Fee Examiner has evaluated PWP's fee applications to ensure that fees are consistent with those

of comparable flat fee financial professionals and that requested expenses comply with all

applicable guidelines.  The Fee Examiner also confirmed that the transaction fee requested was

appropriate pursuant to the terms of the court-approved engagement agreement and that the

triggering event for the fee had occurred.

74.    The Fee Examiner now recommends Court approval of the PWP Fourth Fee

Application, as outlined on **Exhibit A** on an interim basis and the PWP Final Fee Application, as

outlined on **Exhibit B**, on a final basis.

***Elementus, Inc.***

75.    On January 16, 2024, Elementus Inc. ("Elementus") filed the *Fourth Interim*

*Application of Elementus Inc. for Compensation for Services Rendered and Reimbursement of*

*Expenses as Blockchain Forensics Advisor to the Official Committee of Unsecured Creditors of*

*Celsius Network LLC., et. al., for the Period of July 1, 2023 Through November 9, 2023*

[Dkt. No. 4236] (the "Elementus Fourth Fee Application"), requesting $1,197,610.00 in fees and

$283,414.02 in expenses.

76.     On January 17, 2024, Elementus filed the *Final Application of Elementus Inc. as Blockchain Forensics Advisor to the Official Committee of Unsecured Creditors of Celsius Network, LLC, et al., for Compensation for Services Rendered and Reimbursement of Expenses for the Period of August 1, 2022 Through November 9, 2023* [Dkt. No. 4257] (the "Elementus Final Fee Application"), requesting $3,730,365.00 in final fees and $803,811.24 in expenses.

77.     During the Fourth Interim Fee Period, as blockchain forensics advisor to the UCC, Elementus supported the Debtors and UCC at plan confirmation through the testimony and cross examination of Elementus expert witness, Max Galka.

78.     The Fee Examiner's Confidential Letter report to Elementus identified a few billing discrepancies and questioned the allocation of certain expenses. and incomplete task descriptions, for which Elementus provided adequate explanation.  The Fee Examiner recommends Court approval of the Elementus Fourth Fee Application as filed and outlined on **Exhibit A**.

79.     The Elementus Final Fee Application included a request for $26,720.00 in additional fees incurred to prepare and file the Elementus Fourth Interim and Final Fee Application.  The Fee Examiner found these fees generally reasonable but identified a numerical discrepancy in the final reconciliation process.  The Fee Examiner now recommends Court approval of the Elementus Final Fee Application, with the final adjustment outlined on **Exhibit B**.

***Gornitzky &Co.***

80.     On January 17, 2024, Gornitzky & Co. ("Gornitzky") filed the *Combined Fourth Interim and Final Application of Gornitzky & Co. for Compensation for Services Rendered and Reimbursement of Expenses as Israeli Counsel to the Official Committee of Unsecured Creditors*

[Dkt. No. 4258] requesting $8,157.82 in professional fees incurred during the Fourth Interim Fee Period (the "Gornitzky Fourth Fee Application"). Gornitzky also requests Court approval of $95,863.94 in final fees and $337,73 in final expenses (the "Gornitzky Final Fee Application").

81.    The Fee Examiner's Confidential Letter Report made one minor observation about the time increments used to record certain time entries but did not identify a corresponding overstatement of fees. The Fee Examiner now recommends Court approval of the Gornitzky Fourth Fee Application, without adjustment, as outlined on **Exhibit A**.

82.    The final reconciliation process concluded that no further adjustments are necessary, and the Fee Examiner now recommends Court Approval of the Gornitzky Final Fee Application on a final basis as outlined on **Exhibit B**.

### *Selendy Gay Elsberg PLLC*

83.    On January 17, 2024, Selendy Gay Elsberg PLLC ("Selendy Gay") filed the *Combined Third Interim and Final Fee Application of Selendy Gay Elsberg PLLC for Compensation for Services Rendered and Reimbursement of Expenses as Co-Counsel to the Official Committee of Unsecured Creditors for the Period of January 8, 2023 Through November 9, 2023* [Dkt. No. 4263], requesting $556,886.50 in fees and $2,667.73 in expenses (the "Selendy Gay Third Fee Application"), corresponding to the Fourth Interim Fee Period. Selendy Gay also requests Court approval of $3,674,633.97 in final fees and $194,622.56 in final expenses.

84.    The Fee Examiner's Confidential Letter Report identified guideline issues and potentially excessive time spent on meeting and hearing attendance. In response to these observations, Selendy Gay provided supplemental information and explanation and agreed to deductions from requested fees in some instances. With the negotiated adjustments outlined on

**Exhibit A**, the Fee Examiner recommends Court approval of the Selendy Gay Third Fee

Application on an interim basis.

85.     The final reconciliation process concluded that no further adjustments are

necessary, and the Fee Examiner now recommends Court Approval of the Selendy Gay Final Fee

Application on a final basis as outlined on **Exhibit B**.

CHAPTER 11 EXAMINER PROFESSIONAL

*Huron Consulting Services LLC*

86.     On January 19, 2024, Huron Consulting Services LLC ("Huron") filed the *Final*

*Application of Huron Consulting Services LLC as Financial Advisor to the Examiner for the*

*Period from October 10, 2022, through and including March 31, 2023* [Dkt. No. 4270] (the

"Huron Final Fee Application"), requesting $3,887,173.76 in final fees and $607.07 in final

expenses.[3]

87.     The Court previously approved all fees requested in the Huron Final Fee

Application on an interim basis, *see* Dkt. Nos. 2523-1,3055, 4056, and the final reconciliation

process confirmed that no further adjustments are necessary.  The Fee Examiner now

recommends Court approval of the Huron Final Fee Application, as outlined on **Exhibit B**.

**LATE-FILED FEE APPLICATION**

88.     On January 6, 2023, the Debtors filed the *Application for Entry of an Order*

*Pursuant to Section 327(E) of the Bankruptcy Code Authorizing and Approving the Retention*

*and Employment of Fischer (FBC & Co.) as Special Counsel for the Debtors Effective as of*

*December 7, 2022* [Dkt. No. 1837] (the "Fischer Retention Application").

---

[3] The Court already has approved the final fee applications of the Chapter 11 Examiner and her counsel.  *See* Dkt. No. 3330.

89.     On January 23, 2023, the Court entered the *Order Pursuant to Section 327(E) of the Bankruptcy Code Authorizing and Approving the Retention and Employment of Fischer (FBC & Co.) as Special Counsel for the Debtors Effective as of December 7, 2022* [Dkt. No. 1906] (the "Fischer Retention Order").

90.     As stated in the Fischer Retention Application, the Debtors retained Fischer to represent them in the Israeli recognition proceeding related to the asset purchase agreement for the sale of the GK8 Debtors' assets.

91.     On April 23, 2024, the Debtors Filed the *Final Fee Application of FBC (Fischer & Co.) for Compensation for Services and Reimbursement of Expenses Incurred as Special Counsel for the Debtors from December 7, 2022 Through February 28, 2023* [Dkt. No. 4829] (the "Fischer Final Fee Application") requesting $121,847.00 in fees and $8,970.00 in expenses on a final basis.

92.     The Fee Examiner's review of the Fischer Final Fee Application is ongoing, and the Fee Examiner asks that the application be adjourned as noted on **Exhibit C** to allow the parties to pursue a consensual resolution.

## CONTESTED FEE APPLICATION

### *RSM US LLP*

93.     The Court entered the Order (I) Authorizing the Retention and Employment of RSM US LLP as Independent Auditor for the Debtors and Debtors in Possession as of August 1, 2023, and (II) Granting Related Relief [Dkt. No. 3715] (the "RSM Retention Order") on October 5, 2023.

94.     RSM filed the *Final Fee Application of RSM US LLP for Allowance of Compensation and Reimbursement of Expenses for Certain Audit Services for the Final Period*

*from August 1, 2023 Through November 9, 2023* [Dkt. No. 4264] (the "RSM Final Fee

Application") on January 17, 2024, requesting $1,247,374.45 in compensation for professional

services and $32,003.70 in reimbursement of expenses.

95.     The Debtors retained RSM as independent auditor on the terms set forth in the

engagement letter attached as Exhibit 1 to the RSM Retention Order (the "RSM Engagement

Letter") and as set forth in the *Debtors' Application for Entry of an Order (I) Authorizing the

Retention and Employment of RSM US LLP as Independent Auditor for the Debtors and Debtors

in Possessions, Effective as of August 1, 2023, and (II) Granting Related Relief* [Dkt. No. 3487]

(the "RSM Retention Application").  Pursuant to the Engagement Letter:

> RSM is assisting Celsius Mining and NewCo by performing financial statement audit
> pursuant to the auditing standards generally accepted in the United States of America (the
> "GAAS Standards") and those of the Public Company Accounting Oversight Board
> (PCAOB) (United States) (the "PCAOB Standards") to express an opinion on the fairness
> of the presentation of the Celsius Mining's financial statements for the years ending
> December 31, 2020, December 31, 2021, and December 31, 2022 and NewCo's opening
> balance sheet in conformity with accounting principles generally accepted in the United
> States of America. RSM is also performing a review of the Celsius Mining's interim
> financial information in accordance with PCAOB Standards for each of the quarter in the
> years ending December 31, 2022 and December 31, 2023.

Dkt. No. 3487 at 5.

96.     The RSM Retention Order makes clear that "RSM shall include in its fee

applications, among other things, contemporaneous time records setting forth a description of the

services rendered by each professional and the amount of time spent on each date by each such

individual in rendering services on behalf of the Debtors in one-tenth-hour increments." Dkt. No.

3715 at 3.  The Retention Application also emphasized that RSM would bill the Debtors "based

on actual time spent" on the services provided. Dkt. No. 3487 at 6.

97.     Notwithstanding these requirements, RSM timekeepers did not maintain

contemporaneous time records and did not record time in tenth-hour increments.  Most of the

RSM timekeeping, to the extent it existed at all, is plagued with block-billed, vague, and double-

billed time entries. The Fee Examiner raised these issues in the letter report issued to RSM, but to date, RSM has not responded.

98.     The Fee Examiner asks the Court to grant a single adjournment of the RSM Final Fee Application, as noted on **Exhibit C**, for a brief period with instructions that the professional engage with the Fee Examiner in a good faith attempt to resolve the application consensually, after which the Fee Examiner will either file an objection as necessary or submit an agreed order depending on the outcome of the negotiations.

## NOTICE

99.     Pursuant to ¶7(b) of the Amended Fee Examiner Order, the filing of this report on the Court's Electronic Case Filing System shall be deemed suitable notice to all interested parties of the Fee Examiner's findings and conclusions. A copy of this report is available on the website of the Debtors' notice and claims agent at https://cases.stretto.com/celsius. The Fee Examiner submits that, in light of the nature of this report, no other or further notice need be given.

## CONCLUSION

**WHEREFORE**, the Fee Examiner respectfully requests the entry of the orders, substantially in the form annexed hereto as **Exhibits D** and **E**, granting the relief requested and such other and further relief as the Court may deem just and proper.

Dated:  April 26, 2024.

> **GODFREY & KAHN, S.C.**
> *Counsel for Fee Examiner*
>
> By  */s/ Katherine Stadler*
>      Katherine Stadler (NYSB #4938064)
>      One East Main Street, Suite 500
>      Madison, WI 53703
>      Telephone: (608) 297-3911
>      E-mail: kstadler@gklaw.com

31070781.9

# EXHIBIT A

In re: Celsius Network LLC, et al.
NYSB Case No. 22-10964 (MG)

**Exhibit A**

Fourth Interim Fee Period Applications:

| | Applicant | Compensation Period | Interim Fees Requested | Fee Examiner's Recommended Fee Adjustment | Interim Expenses Requested | Fee Examiner's Recommended Expense Adjustment | Interim Fees Recommended for Approval | Interim Expenses Recommended for Approval |
|---|---|---|---|---|---|---|---|---|
| | **Fourth Interim Fee Period (July 1, 2023 - October 31, 2023)** | | | | | | | |
| 1 | **A.M. Saccullo Legal, LLC** [Dkt. No. 4254] <br> *Special Counsel to the Debtors* | 3/1/2023 - 11/9/2023 | $ 149,267.50 | $ 2,000.00 | $ - | $ - | $ 147,267.50 | $ - |
| 2 | **Akin Gump Strauss Hauer & Feld LLP** [Dkt. No. 4251] <br> *Special Litigation Counsel to the Debtors* | 7/1/2023 - 11/9/2023 | $ 6,110,140.50 | $ 60,000.00 | $ 301,357.65 | $ 39,754.54 | $ 6,050,140.50 | $ 261,603.11 |
| 3 | **Alvarez & Marsal North America, LLC** [Dkt. No. 4242] <br> *Financial Advisors to the Debtors* | 7/1/2023 - 11/9/2023 | $ 7,151,420.00 | $ 47,409.25 | $ 33,370.00 | $ 856.22 | $ 7,104,010.75 | $ 32,513.78 |
| 4 | **Andersen LLP** [Dkt. No. 4271] <br> *UK Tax Services Provider to the Debtors* | 2/13/2023 - 11/9/2023 | $ 291,327.34 | $ 63,606.19 | $ - | $ - | $ 227,721.15 | $ - |
| 5 | **Centerview Partners LLC** [Dkt. No. 4260] <br> *Investment Banker to the Debtors* | 7/1/2023 - 11/9/2023 | $ 20,141,346.00 | $ - | $ 348.84 | $ - | $ 20,141,346.00 | $ 348.84 |
| 6 | **Elementus Inc.** [Dkt. No. 4236] <br> *Blockchain Forensics Advisor to the Official Committee of Unsecured Creditors* | 7/1/2023 - 11/9/2023 | $ 1,197,610.00 | $ - | $ 283,414.02 | $ - | $ 1,197,610.00 | $ 283,414.02 |
| 7 | **Ernst & Young LLP** [Dkt. No. 4252] <br> *Tax Compliance, Tax Advisory and Financial Accounting Advisory Services Provider to the Debtors* | 7/1/2023 - 11/9/2023 | $ 5,303,982.00 | $ 110,665.58 | $ 36,094.03 | $ 1,535.15 | $ 5,193,316.42 | $ 34,558.88 |
| 8 | **Gornitzky & Co.** [Dkt. No. 4258] <br> *Israeli Counsel to the Official Committee of Unsecured Creditors* | 7/1/2023 - 8/16/2023 | $ 8,157.82 | $ - | $ - | $ - | $ 8,157.82 | $ - |
| 9 | **KE Andrews** [Dkt. No. 4262] <br> *Property Tax Service Providers to the Debtors* | 7/1/2023 - 11/9/2023 | $ 150,000.00 | $ 75,000.00 | $ - | FN1 $ - | $ 75,000.00 | $ - |
| 10 | **Kirkland & Ellis LLP and Kirkland & Ellis International LLP** [Dkt. No. 4266] <br> *Counsel to the Debtors* | 7/1/2023 - 11/9/2023 | $ 15,304,883.00 | $ 244,704.62 | $ 656,792.40 | $ 16,473.94 | $ 15,060,178.38 | $ 640,318.46 |
| 11 | **M3 Advisory Partners, LP** [Dkt. No. 4261] <br> *Financial Advisor to the Official Committee of Unsecured Creditors* | 7/1/2023 - 11/9/2023 | $ 3,875,321.00 | $ 984.08 | $ 6,623.66 | $ 875.23 | $ 3,874,336.92 | $ 5,748.43 |
| 12 | **Perella Weinberg Partners LP** [Dkt. No. 4259] <br> *Investment Banker to the Official Committee of Unsecured Creditors* | 7/1/2023 - 11/9/2023 | $ 6,180,000.00 | $ - | $ 74,576.32 | $ 643.81 | $ 6,180,000.00 | $ 73,932.51 |
| 13 | **Selendy Gay PLLC f/k/a Selendy Gay Elsberg PLLC** [Dkt. No. 4263] <br> *Co-Counsel to the Official Committee of Unsecured Creditors* | 7/1/2023 - 11/9/2023 | $ 556,886.50 | $ 2,715.00 | $ 2,667.73 | $ 5.00 | $ 554,171.50 | $ 2,662.73 |
| 14 | **Stout Risius Ross, LLC** [Dkt. No. 4265] <br> *Valuation Advisors to the Debtors* | 7/1/2023 - 11/9/2023 | $ 419,905.00 | $ 8,271.25 | $ - | $ - | $ 411,633.75 | $ - |
| 15 | **Stretto, Inc.** [Dkt. No. 4268] <br> *Administrative Advisor to the Debtors* | 7/13/2022 - 11/9/2023 | $ 69,790.32 | $ 2,499.35 | $ - | $ - | $ 67,290.97 | $ - |
| 16 | **White & Case LLP** [Dkt. No. 4256] <br> *Counsel to the Official Committee of Unsecured Creditors* | 7/1/2023 - 11/9/2023 | $ 12,130,870.00 | $ 141,382.69 | $ 363,157.37 | $ 8,133.09 | $ 11,989,487.31 | $ 355,024.28 |
| 17 | **Willis Towers Watson US LLC** [Dkt. No. 4663] <br> *Consultant to the Debtors* | 7/13/2022 - 11/21/2023 | $ 187,500.00 | $ - | $ - | $ - | $ 187,500.00 | $ - |

**FN1** - KE Andrews and the United States Trustee agreed to a reduction of $75,000 to resolve KE's Andrews Final Fee Application, which includes the fourth interim fee period. The Fee Examiner has no objection to this resolution and supports it.

# EXHIBIT B

In re: Celsius Network LLC, et al.
NYSB Case No. 22-10964 (MG)

**Exhibit B**

FINAL Compensation Applications:

| | Applicant | Compensation Period | Final Fees Requested less Fourth Interim Fee Adjustments | Fee Examiner's Recommended Final Fee Adjustment | Final Expenses Requested less Fourth Interim Expense Adjustments | | Fee Examiner's Recommended Final Expense Adjustment | Final Fees Recommended for Approval | Final Expenses Recommended for Approval |
|---|---|---|---|---|---|---|---|---|---|
| 1 | **A.M. Saccullo Legal, LLC** [Dkt. No. 4254] *Special Counsel to the Debtors* | 12/1/2022 - 11/9/2023 | $213,112.50 - $2,000.00 = $211,112.50 | $    - | $    - | | $    - | $    211,112.50 | $    - |
| 2 | **Akin Gump Strauss Hauer & Feld LLP** [Dkt. No. 4273, 4296] *Special Litigation Counsel to the Debtors* | 7/13/2022 - 11/9/2023 | $16,386,734.43 - $60,000.00 = $16,326,734.43 | $    - | $524,231.18 - $39,754.54 = $484,476.64 | | $    - | $ 16,326,734.43 | $ 484,476.64 |
| 3 | **Alvarez & Marsal North America, LLC** [Dkt. No. 4250] *Financial Advisors to the Debtors* | 7/13/2022 - 11/9/2023 | $27,959,834.65 - $47,409.25 = $27,912,425.40 | $    - | $69,741.74 - $856.22 = $68,885.52 | | $    - | $ 27,912,425.40 | $ 68,885.52 |
| 4 | **Andersen LLP** [Dkt. No. 4271] *UK Tax Services Provider to the Debtors* | 2/13/2023 - 11/9/2023 | $291,327.34 - $63,606.19 = $227,721.15 | $    - | $    - | | $    - | $    227,721.15 | $    - |
| 5 | **Centerview Partners LLC** [Dkt. No. 4260] *Investment Banker to the Debtors* | 7/13/2022 - 11/9/2023 | $   23,791,346.00 | $    - | $6,712.06 | | $    - | $ 23,791,346.00 | $ 671,206.00 |
| 6 | **Elementus Inc.** [Dkt. No. 4257] *Blockchain Forensics Advisor to the Official Committee of Unsecured Creditors* | 8/1/2022 - 11/9/2023 | $   3,730,365.00 | $   1,580.00 | $   803,811.24 | FN1, FN2 | $    50.00 | $   3,728,785.00 | $ 803,761.24 |
| 7 | **Ernst & Young LLP** [Dkt. No. 4253] *Tax Compliance, Tax Advisory and Financial Accounting Advisory Services Provider to the Debtors* | 7/1/2022 - 11/9/2023 | $6,735,295.50 - $110,665.58 = $6,624,629.92 | $    - | $36,094.03 - $1,535.15 = $34,558.88 | | $    - | $   6,624,629.92 | $ 34,558.88 |
| 8 | **Gornitzky & Co.** [Dkt. No. 4258] *Israeli Counsel to the Official Committee of Unsecured Creditors* | 11/2/2022 - 8/16/2023 | $   95,863.94 | $    - | $   337.73 | | $    - | $   95,863.94 | $ 337.73 |
| 9 | **Huron Consulting Services LLC** [Dkt. No. 4270] *Financial Advisor to the Examiner* | 10/10/2022 - 3/31/2023 | $   3,887,173.76 | $    - | $   607.07 | | $    - | $   3,887,173.76 | $ 607.07 |
| 10 | **KE Andrews** [Dkt. No. 4262] *Property Tax Service Providers to the Debtors* | 1/1/2023 - 11/9/2023 | $375,000.00 - $75,000.00 = $300,000.00 | $    - | $    - | FN3 | $    - | $    300,000.00 | $    - |
| 11 | **Kirkland & Ellis LLP and Kirkland & Ellis International LLP** [Dkt. No. 4266] *Counsel to the Debtors* | 7/1/2022 - 11/9/2023 | $76,323,621.00 - $244,704.62 = $76,078,916.38 | $ 1,299,536.65 | $1,719,338.75 - $16,473.94 = $1,702,864.81 | FN4 | $    30,596.12 | $ 74,779,379.73 | $ 1,672,268.69 |
| 12 | **Latham & Watkins LLP** [Dkt. No. 4249] *Special Counsel to the Debtors* | 7/13/2022 - 5/31/2023 | $   12,358,407.25 | $    - | $   54,459.60 | | $    - | $ 12,358,407.25 | $ 54,459.60 |
| 13 | **M3 Advisory Partners, LP** [Dkt. No. 4261] *Financial Advisor to the Official Committee of Unsecured Creditors* | 8/1/2022 - 11/9/2023 | $16,486,812.75 - $984.08 = $16,485,828.67 | $    - | $32,666.43 - $875.23 = $31,791.20 | | $    828.29 | $ 16,485,828.67 | $30,962.91 |
| 14 | **Perella Weinberg Partners LP** [Dkt. No. 4259] *Investment Banker to the Official Committee of Unsecured Creditors* | 8/2/2022 - 11/9/2023 | $   7,276,774.19 | $    - | $260,477.83 - $643.81 = $259,834.02 | | $    - | $   7,276,774.19 | $ 259,834.02 |
| 15 | **Selendy Gay PLLC f/k/a Selendy Gay Elsberg PLLC** [Dkt. No. 4263] *Co-Counsel to the Official Committee of Unsecured Creditors* | 1/8/2023 - 11/9/2023 | $3,674,633.97 - $2,715.00 = $3,671,918.97 | $    - | $194,622.56 - $5.00 = $194,617.56 | | $    - | $   3,671,918.97 | $ 194,617.56 |
| 16 | **Stout Risius Ross, LLC** [Dkt. No. 4265] *Valuation Advisors to the Debtors* | 2/21/2023 - 11/9/2023 | $1,263,415.00 - $8,271.25 = $1,255,143.75 | $    - | $    - | | $    - | $   1,255,143.75 | $    - |

Page 1 of 2

In re: Celsius Network LLC, et al.
NYSB Case No. 22-10964 (MG)

**Exhibit B**

**FINAL Compensation Applications:**

| | Applicant | Compensation Period | Final Fees Requested less Fourth Interim Fee Adjustments | Fee Examiner's Recommended Final Fee Adjustment | Final Expenses Requested less Fourth Interim Expense Adjustments | Fee Examiner's Recommended Final Expense Adjustment | Final Fees Recommended for Approval | Final Expenses Recommended for Approval |
|---|---|---|---|---|---|---|---|---|
| 17 | **Stretto, Inc.** [Dkt. No. 4268] *Administrative Advisor to the Debtors* | 7/13/2022 - 11/9/2023 | $69,790.32 - $2,499.35 = $67,290.97 | $    - | $    - | $    - | $    67,290.97 | $    - |
| 18 | **White & Case LLP** [Dkt. No. 4256] *Counsel to the Official Committee of Unsecured Creditors* | 7/29/2022 - 11/9/2023 | $50,502,967.87 - $141,382.69 = $50,361,585.18 | $    - | $601,895.84 - $8,133.09 = $593,762.75 | $    - | $    50,361,585.18 | $    593,762.75 |
| 19 | **Willis Towers Watson US LLC** [Dkt. No. 4663] *Consultant to the Debtors* | 7/13/2022 - 11/21/2023 | $    187,500.00 | $    - | $    - | $    - | $    187,500.00 | $    - |

**FN1** - Elementus requested $26,720.00 in compensation for work related to preparing its final application. However, its actual fees were only $25,140, or $1,580 less than the amount requested in its final application.

**FN2** - Elementus' application overstated the amount of its expenses by $50.00.

**FN3** - KE Andrews and the United States Trustee agreed to a reduction of $75,000 to resolve KE's Andrews Final Fee Application, which includes the fourth interim fee period. The Fee Examiner has no objection to this resolution and supports it.

**FN4** - Kirkland's final fee application did not incorporate approved fee and expense reductions for the first, second and third interim fee periods. Total agreed fee reductions for those interim fee periods equals $1,299,536.65 in fees and $30,596.12 in expenses.

# EXHIBIT C

In re: Celsius Network LLC, et al.
NYSB Case No. 22-10964 (MG)

**Exhibit C**

**FINAL Compensation Applications Deferred:**

| | Applicant | Compensation Period | Final Fees Requested less Fourth Interim Fee Adjustments | Fee Examiner's Recommended Final Fee Adjustment | Final Expenses Requested less Fourth Interim Expense Adjustments | Fee Examiner's Recommended Final Expense Adjustment | Final Fees Recommended for Approval | Final Expenses Recommended for Approval |
|---|---|---|---|---|---|---|---|---|
| 1 | **FBC (Fischer & Co.)** [Dkt. No. 4829]<br>*Special Counsel to the Debtors* | 12/7/2022 - 2/28/2023 | $ 121,847.00 | | $ 8,970.00 | | | |
| 2 | **RSM US LLP** [Dkt. No. 4264]<br>*Independent Auditor to the Debtors* | 8/1/2022 - 11/9/2023 | $ 1,247,374.45 | | $ 32,003.70 | | | |

# EXHIBIT D

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | x | |
| In re | : | **Chapter 11** |
| | : | |
| CELSIUS NETWORK, LLC, *et al.,*[1] | : | **Case No. 22-10964 (MG)** |
| | : | |
| Debtors. | : | **(Jointly Administered)** |
| | : | |
| | : | **Re: Dkt. Nos. 4236, 4242, 4251, 4252,** |
| | : | **4254, 4256, 4258, 4259, 4260, 4261,** |
| | : | **4262, 4263, 4265, 4266, 4268, 4271, and** |
| | : | **4663** |
| | x | |

**FOURTH OMNIBUS ORDER GRANTING APPLICATIONS FOR ALLOWANCE OF
COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND
REIMBURSEMENT OF EXPENSES FOR THE FOURTH INTERIM FEE PERIOD
FROM JULY 1, 2023 THROUGH NOVEMBER 9, 2023**

Upon consideration of the applications for allowance of interim compensation and

reimbursement of expenses incurred during the period from July 1, 2023 through November 9,

2023 (the "**Fourth Interim Compensation Period**") indicated as "Recommended for Approval"

on the attached **Exhibit A** (Dkt. Nos. 4236, 4242, 4251, 4252, 4254, 4256, 4258, 4259, 4260,

4261, 4262, 4263, 4265, 4266, 4268, 4271, and 4663) (together, the "**Uncontested**

**Applications**"), filed pursuant to the *First Amended Order (I) Establishing Procedures for*

*Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II)*

*Granting Related Relief* [Dkt. No. 1745] (the "**Interim Compensation Order**"); the *Amended*

*Order Appointing Independent Fee Examiner and Establishing Related Procedures for the*

---

[1]The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification
number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius
Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks
Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA
LLC (9450).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service
address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

*Review of Fee Applications of Retained Professional* [Dkt. No. 1746] (the "**Fee Examiner Order**"); and pursuant to 11 U.S.C. §§ 330 and 331, Rule 2016 of the Federal Rules of Bankruptcy Procedure, and Rule 2016-1 of the Local Bankruptcy Rules for the Southern District of New York; and notice having been given pursuant to Federal Rules of Bankruptcy Procedure 2002(a)(6) and (c)(2); and a hearing having been held before this court to consider the Uncontested Applications on May 7, 2024; and the Court having reviewed the Uncontested Applications and/or the summary report filed by the Fee Examiner with respect to the Uncontested Applications [*see* Dkt. No. _____]; and the Court finding that:  (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334; (b) notice of the Uncontested Applications was adequate under the circumstances; and (c) all parties with notice of the Applications have been afforded the opportunity to be heard on the Uncontested Applications, and upon the full record of all proceedings in this case; and sufficient cause having been shown therefor, it is hereby;

ORDERED THAT:

1. Each Uncontested Application is granted on an interim basis, to the extent set forth on the attached **Exhibit A**.

2. Each of the Uncontested Applicants is allowed (a) interim compensation for services rendered during the Compensation Period and (b) interim reimbursement for actual and necessary expenses incurred during the Compensation Period, each in the respective amounts set forth on the attached **Exhibit A**, including, except as otherwise indicated, any and all holdbacks.

3. To the extent not already paid pursuant to the Interim Compensation Order, the Debtors are hereby authorized and directed to pay, except as otherwise indicated on **Exhibit A**, each of the Uncontested Applicants 100 percent of the fees and 100 percent of the expenses

listed on **Exhibit A** under the columns "Interim Fees Recommended for Approval" and "Interim

Expenses Recommended for Approval," respectively, for services rendered and expenses

incurred during the Compensation Period.

4.      All fees and expenses allowed herein shall be subject to final allowance by the

Court without regard to whether such amounts have been paid to the Applicant.

5.      This Order shall be deemed a separate order with respect to each of the Interim

Applications.  Any stay of this Order pending appeal with respect to any one Uncontested

Application shall only apply to the Uncontested Applicant that is the subject of such appeal and

shall not operate to stay the applicability and/or finality of this Order with respect to any other

Uncontested Application.

6.      This Court shall retain jurisdiction to hear and determine all matters arising from

or related to the implementation, interpretation, and/or enforcement of this order.

7.      Pursuant to the Fee Examiner's report, the final fee applications listed on **Exhibit**

**C** of the report Dkt. Nos. 4264 and 4829, remain adjourned for consideration at a later hearing

date.

IT IS SO ORDERED.

Dated:  May __, 2024.
        New York, New York

_____
Martin Glenn
Chief United States Bankruptcy Judge

In re: Celsius Network LLC, et al.
NYSB Case No. 22-10964 (MG)

**Exhibit A**

**Fourth Interim Fee Period Applications:**

| | Applicant | Compensation Period | Interim Fees Requested | Fee Examiner's Recommended Fee Adjustment | Interim Expenses Requested | Fee Examiner's Recommended Expense Adjustment | Interim Fees Recommended for Approval | Interim Expenses Recommended for Approval |
|---|---|---|---|---|---|---|---|---|
| | **Fourth Interim Fee Period (July 1, 2023 - October 31, 2023)** | | | | | | | |
| 1 | **A.M. Saccullo Legal, LLC** [Dkt. No. 4254] *Special Counsel to the Debtors* | 3/1/2023 - 11/9/2023 | $ 149,267.50 | $ 2,000.00 | $ - | $ | $ 147,267.50 | $ - |
| 2 | **Akin Gump Strauss Hauer & Feld LLP** [Dkt. No. 4251] *Special Litigation Counsel to the Debtors* | 7/1/2023 - 11/9/2023 | $ 6,110,140.50 | $ 60,000.00 | $ 301,357.65 | $ 39,754.54 | $ 6,050,140.50 | $ 261,603.11 |
| 3 | **Alvarez & Marsal North America, LLC** [Dkt. No. 4242] *Financial Advisors to the Debtors* | 7/1/2023 - 11/9/2023 | $ 7,151,420.00 | $ 47,409.25 | $ 33,370.00 | $ 856.22 | $ 7,104,010.75 | $ 32,513.78 |
| 4 | **Andersen LLP** [Dkt. No. 4271] *UK Tax Services Provider to the Debtors* | 2/13/2023 - 11/9/2023 | $ 291,327.34 | $ 63,606.19 | $ - | $ | $ 227,721.15 | $ - |
| 5 | **Centerview Partners LLC** [Dkt. No. 4260] *Investment Banker to the Debtors* | 7/1/2023 - 11/9/2023 | $ 20,141,346.00 | $ - | $ 348.84 | $ | $ 20,141,346.00 | $ 348.84 |
| 6 | **Elementus Inc.** [Dkt. No. 4236] *Blockchain Forensics Advisor to the Official Committee of Unsecured Creditors* | 7/1/2023 - 11/9/2023 | $ 1,197,610.00 | $ - | $ 283,414.02 | $ | $ 1,197,610.00 | $ 283,414.02 |
| 7 | **Ernst & Young LLP** [Dkt. No. 4252] *Tax Compliance, Tax Advisory and Financial Accounting Advisory Services Provider to the Debtors* | 7/1/2023 - 11/9/2023 | $ 5,303,982.00 | $ 110,665.58 | $ 36,094.03 | $ 1,535.15 | $ 5,193,316.42 | $ 34,558.88 |
| 8 | **Gornitzky & Co.** [Dkt. No. 4258] *Israeli Counsel to the Official Committee of Unsecured Creditors* | 7/1/2023 - 8/16/2023 | $ 8,157.82 | $ - | $ - | $ - | $ 8,157.82 | $ - |
| 9 | **KE Andrews** [Dkt. No. 4262] *Property Tax Service Providers to the Debtors* | 7/1/2023 - 11/9/2023 | $ 150,000.00 | $ 75,000.00 | $ - | FN1 $ | $ 75,000.00 | $ - |
| 10 | **Kirkland & Ellis LLP and Kirkland & Ellis International LLP** [Dkt. No. 4266] *Counsel to the Debtors* | 7/1/2023 - 11/9/2023 | $ 15,304,883.00 | $ 244,704.62 | $ 656,792.40 | $ 16,473.94 | $ 15,060,178.38 | $ 640,318.46 |
| 11 | **M3 Advisory Partners, LP** [Dkt. No. 4261] *Financial Advisor to the Official Committee of Unsecured Creditors* | 7/1/2023 - 11/9/2023 | $ 3,875,321.00 | $ 984.08 | $ 6,623.66 | $ 875.23 | $ 3,874,336.92 | $ 5,748.43 |
| 12 | **Perella Weinberg Partners LP** [Dkt. No. 4259] *Investment Banker to the Official Committee of Unsecured Creditors* | 7/1/2023 - 11/9/2023 | $ 6,180,000.00 | $ - | $ 74,576.32 | $ 643.81 | $ 6,180,000.00 | $ 73,932.51 |
| 13 | **Selendy Gay PLLC f/k/a Selendy Gay Elsberg PLLC** [Dkt. No. 4263] *Co-Counsel to the Official Committee of Unsecured Creditors* | 7/1/2023 - 11/9/2023 | $ 556,886.50 | $ 2,715.00 | $ 2,667.73 | $ 5.00 | $ 554,171.50 | $ 2,662.73 |
| 14 | **Stout Risius Ross, LLC** [Dkt. No. 4265] *Valuation Advisors to the Debtors* | 7/1/2023 - 11/9/2023 | $ 419,905.00 | $ 8,271.25 | $ - | $ | $ 411,633.75 | $ - |
| 15 | **Stretto, Inc.** [Dkt. No. 4268] *Administrative Advisor to the Debtors* | 7/13/2022 - 11/9/2023 | $ 69,790.32 | $ 2,499.35 | $ - | $ | $ 67,290.97 | $ - |
| 16 | **White & Case LLP** [Dkt. No. 4256] *Counsel to the Official Committee of Unsecured Creditors* | 7/1/2023 - 11/9/2023 | $ 12,130,870.00 | $ 141,382.69 | $ 363,157.37 | $ 8,133.09 | $ 11,989,487.31 | $ 355,024.28 |
| 17 | **Willis Towers Watson US LLC** [Dkt. No. 4663] *Consultant to the Debtors* | 7/13/2022 - 11/21/2023 | $ 187,500.00 | $ - | $ - | $ | $ 187,500.00 | $ - |

**FN1** -KE Andrews and the United States Trustee agreed to a reduction of $75,000 to resolve KE's Andrews Final Fee Application, which includes the fourth interim fee period.  The Fee Examiner has no objection to this resolution and supports it.

# EXHIBIT E

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | x | |
| In re | : | **Chapter 11** |
| | : | |
| CELSIUS NETWORK, LLC, *et al.,*[1] | : | **Case No. 22-10964 (MG)** |
| | : | |
| Debtors. | : | **(Jointly Administered)** |
| | : | |
| | : | Re: Dkt. Nos. 4249, 4250, 4253, 4254, |
| | : | 4256, 4257, 4258, 4259, 4260, 4261, |
| | : | 4262, 4263, 4265, 4266, 4268, 4270, |
| | : | 4271, 4273, 4296, and 4663 |
| | x | |

**OMNIBUS FINAL ORDER FOR ALLOWANCE OF COMPENSATION FOR
PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES
FOR THE FINAL FEE PERIOD FROM JULY 1, 2022 THROUGH NOVEMBER 9, 2023**

Upon consideration of the applications for allowance of final compensation and

reimbursement of expenses incurred during the period from July 1, 2022 through November 9,

2023 (the "**Compensation Period**") indicated as "Recommended for Approval" on the attached

**Exhibit B** (Dkt. Nos. 4249, 4250, 4254, 4253, 4256, 4257, 4258, 4259, 4260, 4261, 4262, 4263,

4265, 4266, 4268, 4270, 4271, 4273, 4296, and 4663) (together, the "**Uncontested Final**

**Applications**"), filed pursuant to the *First Amended Order (I) Establishing Procedures for*

*Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II)*

*Granting Related Relief* [Dkt. No. 1745] (the "**Interim Compensation Order**"); the *Amended*

*Order Appointing Independent Fee Examiner and Establishing Related Procedures for the*

*Review of Fee Applications of Retained Professional* [Dkt. No. 1746] (the "**Fee Examiner**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

**Order**"); and pursuant to 11 U.S.C. §§ 330 and 331, Rule 2016 of the Federal Rules of

Bankruptcy Procedure, and Rule 2016-1 of the Local Bankruptcy Rules for the Southern District

of New York; and notice having been given pursuant to Federal Rules of Bankruptcy Procedure

2002(a)(6) and (c)(2); and a hearing having been held before this court to consider the

Uncontested Final Applications on May 7, 2024; and the Court having reviewed the Uncontested

Final Applications and/or the summary report filed by the Fee Examiner with respect to the

Uncontested Final Applications [*see* Dkt. No. _____]; and the Court finding that:  (a) the Court

has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334; (b) notice of the

Uncontested Final Applications was adequate under the circumstances; and (c) all parties with

notice of the Applications have been afforded the opportunity to be heard on the Uncontested

Final Applications, and upon the full record of all proceedings in this case; and sufficient cause

having been shown therefor, it is hereby;

ORDERED THAT:

1.      Each Uncontested Final Application is granted on a final basis, to the extent set

forth on the attached **Exhibit B**.

2.      Each of the Uncontested Final Applicants is allowed (a) final compensation for

services rendered during the Compensation Period and (b) final reimbursement for actual and

necessary expenses incurred during the Compensation Period, each in the respective amounts set

forth on the attached **Exhibit B**, including, except as otherwise indicated, any and all holdbacks.

3.      To the extent not already paid pursuant to the Interim Compensation Order, the

Debtors are hereby authorized and directed to pay, except as otherwise indicated on **Exhibit B**,

each of the Uncontested Final Applicants 100 percent of the fees and 100 percent of the expenses

listed on **Exhibit B** under the columns "Final Fees Recommended for Approval" and "Final

Expenses Recommended for Approval," respectively, for services rendered and expenses incurred during the Compensation Period.

4.       This Order shall be deemed a separate order with respect to each of the Uncontested Final Applications.  Any stay of this Order pending appeal with respect to any one Uncontested Final Application shall only apply to the Uncontested Final Applicant that is the subject of such appeal and shall not operate to stay the applicability and/or finality of this Order with respect to any other Uncontested Final Application.

5.       This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this order.

IT IS SO ORDERED.

Dated:  May __, 2024.
          New York, New York

_____
Martin Glenn
Chief United States Bankruptcy Judge

31108451.3

In re: Celsius Network LLC, et al.
NYSB Case No. 22-10964 (MG)

**Exhibit B**

FINAL Compensation Applications:

| | Applicant | Compensation Period | Final Fees Requested less Fourth Interim Fee Adjustments | Fee Examiner's Recommended Final Fee Adjustment | Final Expenses Requested less Fourth Interim Expense Adjustments | | Fee Examiner's Recommended Final Expense Adjustment | Final Fees Recommended for Approval | Final Expenses Recommended for Approval |
|---|---|---|---|---|---|---|---|---|---|
| 1 | **A.M. Saccullo Legal, LLC** [Dkt. No. 4254] *Special Counsel to the Debtors* | 12/1/2022 - 11/9/2023 | $213,112.50 - $2,000.00 = $211,112.50 | $ - | $ - | | $ - | $ 211,112.50 | $ - |
| 2 | **Akin Gump Strauss Hauer & Feld LLP** [Dkt. No. 4273, 4296] *Special Litigation Counsel to the Debtors* | 7/13/2022 - 11/9/2023 | $16,386,734.43 - $60,000.00 = $16,326,734.43 | $ - | $524,231.18 - $39,754.54 = $484,476.64 | | $ - | $ 16,326,734.43 | $ 484,476.64 |
| 3 | **Alvarez & Marsal North America, LLC** [Dkt. No. 4250] *Financial Advisors to the Debtors* | 7/13/2022 - 11/9/2023 | $27,959,834.65 - $47,409.25 = $27,912,425.40 | $ - | $69,741.74 - $856.22 = $68,885.52 | | $ - | $ 27,912,425.40 | $ 68,885.52 |
| 4 | **Andersen LLP** [Dkt. No. 4271] *UK Tax Services Provider to the Debtors* | 2/13/2023 - 11/9/2023 | $291,327.34 - $63,606.19 = $227,721.15 | $ - | $ - | | $ - | $ 227,721.15 | $ - |
| 5 | **Centerview Partners LLC** [Dkt. No. 4260] *Investment Banker to the Debtors* | 7/13/2022 - 11/9/2023 | $ 23,791,346.00 | $ - | $6,712.06 | | $ - | $ 23,791,346.00 | $ 671,206.00 |
| 6 | **Elementus Inc.** [Dkt. No. 4257] *Blockchain Forensics Advisor to the Official Committee of Unsecured Creditors* | 8/1/2022 - 11/9/2023 | $ 3,730,365.00 | $ 1,580.00 | $ 803,811.24 | FN1, FN2 | $ 50.00 | $ 3,728,785.00 | $ 803,761.24 |
| 7 | **Ernst & Young LLP** [Dkt. No. 4253] *Tax Compliance, Tax Advisory and Financial Accounting Advisory Services Provider to the Debtors* | 7/1/2022 - 11/9/2023 | $6,735,295.50 - $110,665.58 = $6,624,629.92 | $ - | $36,094.03 - $1,535.15 = $34,558.88 | | $ - | $ 6,624,629.92 | $ 34,558.88 |
| 8 | **Gornitzky & Co.** [Dkt. No. 4258] *Israeli Counsel to the Official Committee of Unsecured Creditors* | 11/2/2022 - 8/16/2023 | $ 95,863.94 | $ - | $ 337.73 | | $ - | $ 95,863.94 | $ 337.73 |
| 9 | **Huron Consulting Services LLC** [Dkt. No. 4270] *Financial Advisor to the Examiner* | 10/10/2022 - 3/31/2023 | $ 3,887,173.76 | $ - | $ 607.07 | | $ - | $ 3,887,173.76 | $ 607.07 |
| 10 | **KE Andrews** [Dkt. No. 4262] *Property Tax Service Providers to the Debtors* | 1/1/2023 - 11/9/2023 | $375,000.00 - $75,000.00 = $300,000.00 | $ - | $ - | FN3 | $ - | $ 300,000.00 | $ - |
| 11 | **Kirkland & Ellis LLP and Kirkland & Ellis International LLP** [Dkt. No. 4266] *Counsel to the Debtors* | 7/1/2022 - 11/9/2023 | $76,323,621.00 - $244,704.62 = $76,078,916.38 | $ 1,299,536.65 | $1,719,338.75 - $16,473.94 = $1,702,864.81 | FN4 | $ 30,596.12 | $ 74,779,379.73 | $ 1,672,268.69 |
| 12 | **Latham & Watkins LLP** [Dkt. No. 4249] *Special Counsel to the Debtors* | 7/13/2022 - 5/31/2023 | $ 12,358,407.25 | $ - | $ 54,459.60 | | $ - | $ 12,358,407.25 | $ 54,459.60 |
| 13 | **M3 Advisory Partners, LP** [Dkt. No. 4261] *Financial Advisor to the Official Committee of Unsecured Creditors* | 8/1/2022 - 11/9/2023 | $16,486,812.75 - $984.08 = $16,485,828.67 | $ - | $32,666.43 - $875.23 = $31,791.20 | | $ 828.29 | $ 16,485,828.67 | $30,962.91 |
| 14 | **Perella Weinberg Partners LP** [Dkt. No. 4259] *Investment Banker to the Official Committee of Unsecured Creditors* | 8/2/2022 - 11/9/2023 | $ 7,276,774.19 | $ - | $260,477.83 - $643.81 = $259,834.02 | | $ - | $ 7,276,774.19 | $ 259,834.02 |
| 15 | **Selendy Gay PLLC f/k/a Selendy Gay Elsberg PLLC** [Dkt. No. 4263] *Co-Counsel to the Official Committee of Unsecured Creditors* | 1/8/2023 - 11/9/2023 | $3,674,633.97 - $2,715.00 = $3,671,918.97 | $ - | $194,622.56 - $5.00 = $194,617.56 | | $ - | $ 3,671,918.97 | $ 194,617.56 |
| 16 | **Stout Risius Ross, LLC** [Dkt. No. 4265] *Valuation Advisors to the Debtors* | 2/21/2023 - 11/9/2023 | $1,263,415.00 - $8,271.25 = $1,255,143.75 | $ - | $ - | | $ - | $ 1,255,143.75 | $ - |

In re: Celsius Network LLC, et al.
NYSB Case No. 22-10964 (MG)

**Exhibit B**

**FINAL Compensation Applications:**

| | Applicant | Compensation Period | Final Fees Requested less Fourth Interim Fee Adjustments | Fee Examiner's Recommended Final Fee Adjustment | Final Expenses Requested less Fourth Interim Expense Adjustments | Fee Examiner's Recommended Final Expense Adjustment | Final Fees Recommended for Approval | Final Expenses Recommended for Approval |
|---|---|---|---|---|---|---|---|---|
| 17 | **Stretto, Inc.** [Dkt. No. 4268] <br> *Administrative Advisor to the Debtors* | 7/13/2022 - 11/9/2023 | $69,790.32 - $2,499.35 = $67,290.97 | $ - | $ - | $ - | $ 67,290.97 | $ - |
| 18 | **White & Case LLP** [Dkt. No. 4256] <br> *Counsel to the Official Committee of Unsecured Creditors* | 7/29/2022 - 11/9/2023 | $50,502,967.87 - $141,382.69 = $50,361,585.18 | $ - | $601,895.84 - $8,133.09 = $593,762.75 | $ - | $ 50,361,585.18 | $ 593,762.75 |
| 19 | **Willis Towers Watson US LLC** [Dkt. No. 4663] <br> *Consultant to the Debtors* | 7/13/2022 - 11/21/2024 | $ 187,500.00 | $ - | $ - | $ - | $ 187,500.00 | $ - |

**FN1** - Elementus requested $26,720.00 in compensation for work related to preparing its final application. However, its actual fees were only $25,140, or $1,580 less than the amount requested in its final application.

**FN2** - Elementus' application overstated the amount of its expenses by $50.00.

**FN3** - KE Andrews and the United States Trustee agreed to a reduction of $75,000 to resolve KE's Andrews Final Fee Application, which includes the fourth interim fee period. The Fee Examiner has no objection to this resolution and supports it.

**FN4** - Kirkland's final fee application did not incorporate approved fee and expense reductions for the first, second and third interim fee periods. Total agreed fee reductions for those interim fee periods equals $1,299,536.65 in fees and $30,596.12 in expenses.