WILLIAM K. HARRINGTON
United States Trustee
U.S. Department of Justice
Office of the United States Trustee
One Bowling Green
New York, NY 10004
Tel. (212) 510-0500

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| CELSIUS NETWORK LLC., *et al.*,[1] | : | Case No. 22-10964 (MG) |
| | : | |
| Debtors. | : | (Jointly Administered) |

## OBJECTION OF THE UNITED STATES TRUSTEE

William K. Harrington, United States Trustee for Region 2 (the "United States Trustee"), through his counsel, files this Objection (the "Objection") to the letter (the "Noyes Letter") of Keith Noyes ("Mr. Noyes") in the bankruptcy case of Celsius Network LLC, *et al.* (the "Debtors") requesting a determination that he did not act in an *ultra vires* manner with respect to his actions in relation to the Official Committee of Unsecured Creditors (the "Committee") [ECF Dkt. No. 4464]. In support thereof, the United States Trustee respectfully represents as follows:

---

[1] The Post-Effective Date Debtors in these chapter 11 cases, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Post-Effective Date Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

1

## I.   INTRODUCTION

The Noyes Letter requests a judicial determination that Mr. Noyes, personally, did not act in an *ultra vires* manner with respect to the Committee. The Noyes Letter is premised on language contained in the Confirmation Order that reads:

> Following the Confirmation Date, the members of the Litigation Oversight Committee identified in the Plan Supplement, or, following the Effective Date, identified by the Litigation Administrator or the Litigation Oversight Committee, may propose to appoint an additional member of the Litigation Oversight Committee to fill any vacant seat or as an officer of the Post-Effective Date Debtors; provided, however, that ***Keith Noyes is ineligible to serve on the Litigation Oversight Committee until*** there is a judicial finding that Mr. Noyes did not act in an ultra vires manner. ***The U.S. Trustee and all parties in interest reserve all rights to argue that Mr. Noyes should not be appointed to the Litigation Oversight Committee or as an officer of the Post-Effective Date Debtors because he acted in an ultra vires manner.***

Confirmation Order (defined below) at ¶ 300 (emphasis added). The language in the confirmation order only requires a judicial determination in the event that Mr. Noyes will be sitting on the Litigation Oversight Committee.

On September 9, 2023, the Debtors filed its Third Notice of Filing of Plan Supplement (the "Plan Supplement") [ECF Dkt. No. 3444] which identified Mr. Noyes as a member of the Litigation Oversight Committee created under the Plan. The Plan Supplement triggered the United States Trustee's concern regarding Mr. Noyes' relationship with the Committee based on prior and incomplete information provided regarding the status of Covario, A.G. Accordingly, after the filing of the Plan Supplement, the United States Trustee, the Committee, and the Debtors engaged in settlement discussions. At no point prior to April 9, 2024, was it known to the United States Trustee that the interviewing process for the Litigation Oversight Committee was ongoing and that Mr. Noyes had not received a formal appointment.

2

At the time of the Noyes Letter, the United States Trustee was under the impression that Mr. Noyes had been formerly offered appointment to the Litigation Oversight Committee. Accordingly, the United States Trustee requested additional time to conduct formal discovery and draft a response to the Noyes Letter. However, on or about April 9, 2024, Counsel to the Committee informed the United States Trustee for the first time that Mr. Noyes had not yet been offered a position on the Litigation Oversight Committee. Indeed, interviews had not even been conducted yet. The Committee further informed the United States Trustee that interviews were in process and Mr. Noyes had an interview scheduled for April 16, 2024. As a result of this new information, the Committee proposed a pause on all discovery. The United States Trustee agreed.

On April 30, 2024, the United States Trustee learned that Mr. Noyes had not been selected for the Litigation Oversight Committee. It is now clear that Mr. Noyes has not be selected, appointed, or is anyway affiliated with the Litigation Oversight Committee. Accordingly, the issues raised in the Noyes letter are moot and any decision adjudicating such would be an advisory opinion.[2]

## II.    FACTS

1.    On Tuesday July 26, 2022, the United States Trustee emailed[3] Covario AG ("Covario") at the email address provided on its Creditor Questionnaire, brokerage@covar.io. Later on July 26, 2022, Mr. Mark Banner of Covario reached out to Mr. Noyes and copied the United States Trustee on this communication. The email identified Mr. Noyes as the Chief Risk

---

[2] No justiciable controversy is presented where a party seeks an advisory opinion. *Flast v. Cohen*, 392 U.S. 83, 95 (1968); *Matter of FedPak Systems, Inc.*, 80 F.3d 207, 211–12 (7th Cir. 1996) (bankruptcy court lacks constitutional power to render an advisory opinion); *see e.g., In re Lazy Days' RV Center Inc.*, 724 F.3d 418, 421–22 (3d Cir. 2013) (finding that a court order that a provision in a lease was unenforceable and that a refusal to honor it violated a settlement agreement that was incorporated in a plan).

[3] Copies of all referenced emails will be made available to Chambers.

and Compliance Officer at Covario. A telephonic interview regarding Committee membership was promptly held thereafter and Mr. Noyes presented himself as the representative from Covario that would serve on the Committee if selected. On July 27, 2022 at 9:14 a.m. EST, the United States Trustee filed his Notice of Appointment of the Committee [ECF Dkt. No. 241] that included the selection of Covario as a member of the Committee. Immediately following the filing of the Notice of Appointment, the creditors that were selected to be appointed to the Committee, including Covario at brokerage@covar.io, received an email identifying such selection. This email was sent at 9:16 a.m. EST.

2. On September 1, 2022 the Committee filed its bylaws (the "Bylaws"), which state in relevant part:

> The Official Committee of Unsecured Creditors (the "Committee") shall consist of seven members selected by the Office of United States Trustee (the "U.S. Trustee") on July 27, 2022 pursuant to section 1102(a)(1) of title 11 of the United States Code (the "Bankruptcy Code")

Bylaws at ¶ 1.1 [ECF Dkt. No. 692].

3. The Bylaws further state that:

> Member may resign at any time **by giving written notice to the U.S. Trustee** with a copy to Counsel. If a Member resigns or is removed by order of the Court or by action of the U.S. Trustee, the Committee may determine whether to make recommendations to the U.S. Trustee for a substitute to replace the resigned or removed Member. Any replacement Member will, **upon and following appointment by the U.S. Trustee**, be deemed to have ratified and be bound by these By-laws. Prior to the appointment of a replacement (if any), the total membership of the Committee shall be those Members remaining after the resignation or removal.

*Id*. at 1.4 (emphasis added).

4. On Tuesday November 9, 2022, the United States Trustee received an email from Counsel to the Committee, Gregory Pesce ("Mr. Pesce"), requesting a phone call. During the requested phone conference, Mr. Pesce stated that he would like guidance regarding replacing a

committee member with a creditor chosen by Counsel to the Committee. The basis for this inquiry was that one of the Committee's members, Covario, "might" be declaring the equivalent of bankruptcy in Switzerland and Mr. Pesce believed that such event would require Covario to resign from the Committee.[4] Accordingly, at that time Mr. Pesce was informed that since the United States Trustee had not received a resignation of a Committee member that any decision regarding replacement would be (1) a premature advisory opinion that the United States Trustee could not provide and (2) selection and/or replacement of a Committee member is exclusively within the provenance of the United States Trustee.[5]

5.    According to Mr. Noyes, Mr. Pesce was informed of Covario's bankruptcy on December 20, 2022. Noyes Letter at ¶ 12. But, on December 21, 2022, the United States Trustee received an email from Mr. Pesce (the "Dec. 21 Email") stating:

> With that context in mind, as I recently described during a phone call, one of our UCC members – Covario AG, which is represented by Keith Noyes – is encountering its own financial challenges **and may commence** a restructuring process in Switzerland. **We do not know yet** if Covario will in fact liquidate, **but it might**. In that case, **it is possible** that Covario **may be unable to continue** to serve on the committee, which could jeopardize the Committee's ongoing efforts in the case.

Dec. 21 Email (emphasis added). The Dec. 21 Email also stated that the "Committee's []advisors would prefer that Keith remain involved with the Committee in his own capacity if it ultimately turns out that Covario is unable to remain on the committee due to the operation of Swiss insolvency law (**which, to be clear, is not yet determined**)." (emphasis added). Also included in

---

[4] It is also well known that there is no requirement that a member of a committee be solvent, as there are many insolvent and bankrupt committee members (as is often the case for creditors financially aggrieved by a debtor).

[5] Section 1102(a)(1) of the Bankruptcy Code provides in part: "*the United States trustee* shall appoint a committee of creditors holding unsecured claims and may appoint additional committees of creditors or of equity security holders *as the United States trustee deems appropriate*. 11 U.S.C. § 1102(a)(1) (emphasis added). Further, pursuant to the Committee Bylaws (defined below), new members of the Committee were to be added only by the United States Trustee or by order of the Court. Bylaws at ¶¶ 1.1, 1.4

5

the Dec. 21 Email, was, for the first time, a copy of an individual application to join the Committee from Mr. Noyes.

6. Apparently, also on December 21, 2022, because Mr. Noyes no longer had access to a Covario based email account, Mr. Pesce "arranged for UCC email to be redirected to Mr. Noyes' personal gmail [*sic*] account set up for Celsius correspondence in order for him to continue to participate in UCC Deliberations." Noyes Letter at ¶ 13. This fact was also never communicated to the United States Trustee.

7. In response to the Dec. 21 Email, on December 22, 2022, Counsel to the United States Trustee stated, "Thank you for your email. We will bring this issue to the attention of the United States Trustee, however, it is in his discretion." No further email from the Committee or Counsel to Committee on this topic was received until September 2023.

8. On September 9, 2023, the Debtors filed its Third Notice of Filing of Plan Supplement [ECF Dkt. No. 3444] which identified Mr. Noyes as a member of the Litigation Oversight Committee created under the Plan. ECF Dkt. No. 3444 at pg. 104 of 107.

9. On September 12, 2023, Mr. Pesce sent a follow-up email (the "Sept. 12 Email") to the Dec. 21 Email stating:

> I am following up re: Covario AG. As mentioned in my email dated Dec. 21 (see below), Covario AG went into insolvency last year. Some detail on the situation is set forth below. For these reasons, and as discussed, we request that your office let us know if it will file a notice to reconstitute the UCC to remove Covario AG and to add Keith Noyes (the Covario AG representative who also has his own Celsius claims) as the relevant member of our Committee.

Sept. 12 Email. In response to the Sept. 12 Email, Counsel to the United States Trustee emailed Mr. Pesce and expressly asked again if there had been a formal resignation and if so, what was the date of resignation. Again, on September 18, 2023, the United States Trustee sent another email to Counsel to the Committee expressly asking if there had been a formal resignation.

6

10. On September 18, 2023, Mr. Pesce emailed (the "Sept. 18 Email") the United States Trustee, and, for the first time, stated that:

> We are not in touch with Covario and **do not know how to get in touch**. Keith **ceased representing its interests as of late November**, when we sent this letter in. I am not sure how to get int touch with Covario; we could potentially try to find contact info through the Swiss insolvency court or the Debtors. Let me know if that is necessary and we can explore.

Sept. 18 Email (emphasis added). Accordingly, on September 18, 2023, the United States Trustee became aware for the first time that the Committee, its members, and its Counsel, had not had contact with one of the appointed Committee members since November of 2022.[6]

11. On September 20, 2023, the United States Trustee sent an informal discovery request in lieu of formal discovery to Counsel to the Committee in order to glean additional information to determine how to proceed. No responsive documents were provided.

12. On September 28, 2023, Mr. Pesce emailed chambers *ex parte* on Thursday, September 28, 2023 with his description of the events related to Covario and Mr. Noyes. The United States Trustee promptly responded with a request for a formal hearing. A hearing was scheduled for the following day, September 29, 2023.

13. At the hearing, Mr. Pesce presented his version of the events, which the United States Trustee believes mischaracterized the situation. He also presented an inaccurate picture that the United States Trustee and his counsel had failed to act promptly, despite being told numerous times that a premature advisory opinion was not appropriate until the United States Trustee was given information that Covario was unable to continue in its role as a Committee member. At the September 29, 2023 Hearing, the United States Trustee stated that removal of Covario would be

---

[6] Mr. Noyes was never a member of the Committee.

7

imminent. Later that day, the United States Trustee filed his Amended Notice of Appointment [ECF Dkt. No. 3631].

14. Immediately thereafter, the United States Trustee, the Committee, and the Debtors engaged in settlement discussions regarding the composition of the Litigation Oversight Committee and exculpation of Committee members and Committee Counsel. The result of these settlement discussions include, but are not limited to, the following provisions found in the Findings of Facts and Conclusions of Law entered by the Court:

   a. Following the Confirmation Date, the members of the Litigation Oversight Committee identified in the Plan Supplement, or, following the Effective Date, identified by the Litigation Administrator or the Litigation Oversight Committee, may propose to appoint an additional member of the Litigation Oversight Committee to fill any vacant seat or as an officer of the Post-Effective Date Debtors; provided, however, that ***Keith Noyes is ineligible to serve on the Litigation Oversight Committee until there is a judicial finding that Mr. Noyes did not act in an ultra vires manner.*** The U.S. Trustee and all parties in interest reserve all rights to argue that Mr. Noyes should not be appointed to the Litigation Oversight Committee or as an officer of the Post-Effective Date Debtors because he acted in an ultra vires manner. ¶ 300 (emphasis added).

   b. The following definition of "Excluded Committee Member" is deemed added to the Plan: "Excluded Committee Member" means any Person or Entity that, without authority under applicable law, acted on behalf of any member of the Committee or acted in an ultra vires manner on behalf of any such member of the Committee, in each case solely to the extent that such Person or Entity acted without authority under applicable law or acted in an ultra vires manner. ¶ 319(a).

   c. All rights are reserved for the U.S. Trustee with respect to any actions of any Excluded Committee Member. ¶ 319(c).

Findings of Fact and Conclusions of Law [ECF Dkt. No. 3972].

15. On October 30, 2023, the United States Trustee sent another informal discovery request (in lieu of formal discovery) to the Committee. In January 2024 the United States Trustee met and received an oral summary of Counsel to the Committee's findings regarding Mr. Noyes. The United States Trustee requested written documentation in support of the oral summary.

However, Counsel to the Committee notified the United States Trustee that they would not provide any documents unless the United States Trustee agreed to mark all documents as privileged in advance of his review. Accordingly, United States Trustee has not received any responsive documents from the Committee.

16. On March 7, 2024 Mr. Noyes filed the Noyes Letter.

17. On March 18, 2024, the Court entered the Order Directing Parties to Confer Regarding Discovery for Mr. Noyes' Request for Judicial Determination (the "Order"). ECF Dkt. No. 4701.

18. The Order stated in relevant part: "If the Debtors, Committee, or United States Trustee wish to take discovery regarding the Request, they should confer with Mr. Noyes and agree on a mutually acceptable discovery schedule, with all discovery to be completed in advance of the hearing." *Id*.

19. On March 25, 2024, the United States Trustee served discovery requests on Mr. Noyes and the Committee.

20. The United States Trustee, the Committee, and Mr. Noyes met and conferred pursuant to the Order on March 28, 2024 and from time to time thereafter.

21. On or about April 9, 2024, Counsel to the Committee informed the United States Trustee that Mr. Noyes had not yet been offered a position on the Litigation Oversight Committee and that interviews were ongoing. Mr. Noyes' interview was scheduled for April 16, 2024.

22. Also on April 9, 2024, Counsel to the Committee suggested a pause to all discovery until a determination was made regarding the membership of the Litigation Oversight Committee. The United States Trustee agreed with a pause until it was known that Mr. Noyes was appointed to the Committee. Mr. Noyes disagreed.

23.  On April 30, 2024, the Committee informed the United States Trustee that Mr. Noyes was not offered a position on the Litigation Oversight Committee. The United States Trustee was further advised that the Litigation Oversight Committee did not consider the *ultra vires* issue in its deliberations.

24.  On May 1, 2024, the Committee, the United States Trustee, and Mr. Noyes (the "Parties") filed a joint status letter outlining the status of the issues with specific reference to the new information Mr. Noyes had not been selected to the Litigation Oversight Committee.

### III.    ARGUMENT

Mr. Noyes is not a member of the Litigation Oversight Committee. A determination of the propriety of his prior actions is premised on his appointment to the Litigation Oversight Committee. For this reason, the adjudication of the issues in the Noyes Letter are moot and any decision would be advisory.

Moreover, based on the information provided by Mr. Noyes in the Noyes Letter and the other known facts, Mr. Noyes acted as a member of the Committee even at such time when he had no authorization to do so. Mr. Noyes admits in the Noyes Letter that throughout the course of at least nine months, he had no authority to act as a Committee member. This information, according to Mr. Noyes, was communicated directly to Committee Counsel. However, as detailed above, this fact was not communicated to the United States Trustee until September 2023. Despite never communicating this critical fact to the United States Trustee, Mr. Noyes apparently continued to attend Committee meetings, receive confidential and privileged documents, and deliberate and vote on Committee matters. Any suggestion that Mr. Noyes' participation in Committee dealings in his personal capacity was known to or consented to by the United States Trustee is expressly

10

contradicted by the Noyes Letter at paragraph 16,[7] where Mr. Noyes admits to his understanding that the matter was still under review by the United States Trustee. Moreover, based on the limited information provided to date from Mr. Noyes and Counsel to the Committee, it appears that Mr. Noyes was encouraged to continue to act and vote as a Committee member, despite having no authority to do so. At no point during the course of these bankruptcy cases was Mr. Noyes a selected or appointed member of the Committee in his personal capacity. He had no such authority and has pointed to no basis founded in law or fact for his actions.

There is no dispute that the only entity entitled to appoint a member to a Committee is the United States Trustee.[8] The Committee Bylaws themselves acknowledge that the United States Trustee must appoint members to the Committee. The United States Trustee did not appoint Mr. Noyes to the Committee. The United States Trustee never indicated, suggested, or otherwise stated to any party, Committee or otherwise, he would appoint Mr. Noyes to the Committee. Accordingly, even if these issues were to proceed, there is absolutely no argument that Mr. Noyes was ever appointed to the Committee or that he continued to represent Covario during the months preceding December 2023, despite acting as if he was a Committee member.

## IV. RESERVATION OF RIGHTS

Discovery of the issues contained in the Noyes Letter has not closed as of the date of this Objection. The United States Trustee reserves his rights to amend, supplement, and further object

---

[7] "January 5, 2023: Mr. Pesce had a call with the US Trustee and was advised that the matter was still under consideration. Each time Mr. Noyes raised this issue subsequently, he was informed that the US Trustee still had not made a decision." Noyes Letter at ¶ 16.

[8] Generally, when a committee member resigns from a committee, committee counsel will advise the United States Trustee of the resignation and advise the United States Trustee whether or not, in the judgment of counsel, an additional member should be added to the committee such that the committee can continue to function in an appropriate manner. The new committee member is not authorized to participate as a member on a committee until such entity is appointed to the committee and an amended notice of appointment is filed with the court.

11

to matters related to Committee composition, Mr. Noyes, the Litigation Oversight Committee, and Counsel to the Committee.

## V. CONCLUSION

WHEREFORE the United States Requests the Court enter an order denying the relief requested as moot and grant all other relief that is just.

Dated: New York, New York
      May 1, 2024

                            WILLIAM K. HARRINGTON
                            UNITED STATES TRUSTEE

By:   */s/ Shara Cornell*
       Shara Cornell, Esq.
       Brian Masumoto, Esq.
       Mark Bruh, Esq.
       Trial Attorneys
       One Bowling Green
       New York, New York 10004
       Tel. No. (212) 510-0500
       Fax No. (212) 668-2255