Keith Noyes
Email: celsius.ucc.keith@gmail.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YOUR

CELSIUS NETWORK LLC, Case No. 22-10964(MG)

Response to Objection of the United States Trustee to Judicial Review of whether Mr. Keith Noyes acted in an ultra vires manner respect to his actions on the Celsius UCC.

### Background

On March 7, 2024 Mr. Keith Noyes filed a motion requesting judicial review of the accusation made by the US Trustee that he acted in an ultra vires manner while serving on Celsius Unsecured Creditors Committee ("UCC"). This motion is appended as background.

On May 1, 2024 the US Trustee filed an Objection to judicial review of whether Mr. Keith Noyes acted in an ultra vires manner while serving on the UCC. This filing argues that a judicial review only needed to be held if Mr. Noyes was selected to join the Litigation Oversight Committee. This filing attempts to ignore the more fundamental reason for the judicial review: That the US Trustee made false allegations that have had extremely negative impact on Mr. Noyes' professional and emotional life and caused him to be removed from the Litigation Oversight Committee to which he had already been selected. A judicial review is necessary because this is the only way that Mr. Noyes can clear his name.

Mr. Noyes believes that this judicial review will also reveal that the US Trustee failed to perform its duties in a reasonable manner in making the allegations that it did make and has shown a continual pattern of trying to delay any investigation into whether Mr. Noyes acted in an ultra vires manner or not.

### Facts

1. As the US Trustee admits in its May 1, 2024 filing, Mr. Greg Pesce of White & Case, representing the UCC first reached out to the US Trustee on November 9, 2022 to flag that one of the UCC members, Covario AG represented by Mr. Noyes, faced likely bankruptcy and sought guidance what to do in these circumstance.
2. As the US Trustee also admits in its May 1, 2024 filing, Greg Pesce of White & Case, representing the UCC, spoke with them again on December 21, 2022 to confirm that a Covario AG bankruptcy event had occurred and submitted an application for Mr. Noyes to join the UCC in his own capacity as a creditor of Celsius. Mr. Pesce expressed a strong desire for Mr. Noyes to continue on the UCC as a valuable member.
3. At this point, the US Trustee needed to do two things: 1) Decide what to do about Covario's bankruptcy since Mr. Noyes wished to have certainty whether or not he could continue in his current capacity in light of the Covario AG's bankruptcy and; 2) accept or reject Mr. Noyes' application to join the UCC in his own capacity, which the US Trustee acknowledges receiving on December 21, 2022.

4. The US Trustee has rejected most of Mr. Noyes' discovery requests but did provide one email from Ms. Sharra Cornell to the management of Covario AG, dated September 19, 2023 asking the current status of Covario AG and Mr. Noyes' representation. In another words, based upon the only evidence available, the US Trustee took over nine months to seek any information about a bankruptcy event that had been conveyed to them in December, 2022. During that period, Mr. Noyes was never asked by Bankruptcy Administrator of Covario AG to step down and has provided evidence that he continued to provide assistance to Covario AG's clients with exposure to Celsius during the entire period. Mr. Noyes believes that in the absence of instruction from Bankruptcy Administrator of Covario AG or the US Trustee that he continued to be the Covario AG representative on the UCC and therefore did not act in an ultra vires manner.

5. To this date, the US Trustee has never responded to Mr. Noyes' application to join the UCC in his own capacity. Bureaucracies can function slowly, and applications get lost, but given the importance of the matter, it is inexcusable that no decision was ever made. At the very least, discussion of the application would have brought to a head a decision of Mr. Noyes' status and he would never have been accused of acting in an ultra vires manner.

6. During the entire period from December 20, 2022, when Covario AG declared bankruptcy, and September 29, 2023 when the US Trustee removed Mr. Noyes from the UCC, Mr. Noyes was never once told by the bankruptcy administrator for Covario AG that he should or should not continue to represent Covario AG on the UCC, he was never informed by US Trustee how Covario AG's bankruptcy should be handled and he was never told whether his application to join the UCC in his own capacity was accepted or rejected.

7. In footnote 4 of the US Trustee objection of May 1, 2024, the US Trustee states that "it is well known that there are many insolvent and bankrupt committee members." This information was never conveyed to Mr. Noyes, who requested through White & Case clarification precisely because he is not a bankruptcy lawyer and did not know, and it also does not address the fact patterns of this case.

8. As advised by Greg Pesce of White & Case, acting as counsel to the UCC, Mr. Noyes was instructed to continue his UCC work and fulfill his fiduciary duties to the UCC. White & Case facilitated this by switching to using Mr. Noyes' personal email correspondence beginning December 21, 2022 since Covario AG's emails were turned off at about that time.

9. One fundamental discrepancy between the US Trustee accounting of events and that of Mr. Noyes is the call that Mr. Pesce made to the US Trustee on January 4, 2023. On January 5, 2024 Mr. Noyes provided Mr. Pesce with the Covario AG official bankruptcy notice and asked for a third time whether he should resign from the UCC or continue serving on it. Mr. Pesce responded that he had conferred with the US Trustee the previous day and that and that they had still not made a decision and that Mr. Noyes should carry on serving on the UCC and that "we will keep on them."

10. In two court filings made by the US Trustee, this January 2023 call with Mr. Pesce is never mentioned in their recitation of events. There is only a footnote quoting Mr. Noyes as saying that a call took place and Mr. Pesce advised him to continue with his UCC duties. Whether or not this call took place is a crucial piece of evidence as Mr.

      Noyes only continued serving on the UCC because of the feedback of Mr. Pesce following this call.

11. The US Trustee states in its May 1, 2024 filing that it responded to the Dec. 21, 2022 email from White & Case, on December 22, 2022, by stating that Counsel to the United Trustee responded "Thank you for your email. We will bring this issue to the attention of the United States Trustee, however, it is in his discretion." No further email from the US Trustee on this topic was received until September 2023.
12. If the US Trustee has omitted the January call from its recitation, then it is an act of extreme bad faith, while if the call never took place, then Mr. Pesce would be guilty of fabricating a response to encourage Mr. Noyes to continue serving on the UCC. If the call took place, then the US Trustee would be reasonably expected to seek whatever additional information it required about the Covario AG bankruptcy and to make a decision on Mr. Noyes' application to join the UCC in his own capacity.
13. Mr. Noyes has sought discovery from the US Trustee to obtain internal records of whether or not this call took place and what actions the US Trustee determined that it should take, but the US Trustee has refused to provide these records. Mr. Noyes requests that both Mr. Pesce and the US Trustee testify under oath whether or not there was a call on Jan 4, 2023 and what was discussed about the status of Mr. Noyes' participation on the UCC.
14. Mr. Noyes can make no sense of the US Trustee's paragraph 10 of the May 1, 2024 letter that it, "Accordingly, on September 18, 2023, the United States Trustee became aware for the first time that the Committee, its members, and its Counsel, had not had contact with of the appointed Committee members since November of 2022." Covario AG did not declare bankruptcy until December 20, 2022, not November 2022, so the statement is wrong as a matter of fact, and Mr. Noyes, as Covario AG's appointed representative conveyed this bankruptcy news to the US Trustee through the UCC counsel White & Case, including providing White & Case with Covario AG's formal bankruptcy notice on January 5, 2022. In light of this information, it is extraordinary that the US Trustee made no effort to contact Covario AG until September 19, 2023.
15. White & Case also submitted on December 21, 2022 Mr. Noyes' application to join the UCC in his own capacity. The US Trustee acknowledges receipt of this application but refuses to disclose whether the application was ever read, considered or discussed. Mr. Noyes was clearly known to Ms. Cornell through the email correspondences she has provided in discovery, and one might reasonably expect her to question and seek clarificaiton why Mr. Noyes made an application to replace himself as the Covario AG representative on the UCC with himself acting in his own capacity on the same UCC.
16. Instead, it appears based upon the evidence that has been provided, that the US Trustee chose to ignore Mr. Noyes' application. Given how many times the US Trustee has ignored emails from Mr. Noyes this is sadly not surprising.
17. Instead, the US Trustee belatedly realized in September 2023 that it had failed to perform important duties and instead of admitting mistake, chose to defame Mr. Noyes with the allegation of acting in an ultra vires manner.

**Judicial Determination Requested**

Mr. Noyes is a nearly 60 years old sole earner in his family with a wife and two teenage daughters. The bankruptcy of his employer, Covario AG in December 2022, was already a cause of financial duress. Since then, he has been removed from the Litigation Oversight Committee due to the allegations of the US Trustee and faces questions about these allegations in job interviews. Without question, these allegations put him at a disadvantage to other candidates and "taint" thirteen months of his resume that involve being a member of the UCC. Mr. Noyes believes that the facts of the case support his claim that his conduct was always above board and that it is the US Trustee who is guilty of causing him serious harm through failure to perform its functions properly.

Relief sought:
- Mr. Noyes therefore seeks a judicial determination that he did not act in an ultra vires manner as well as a formal apology from the US Trustee.
- If the court determines that Mr. Noyes did not act in an ultra vires manner, Mr. Noyes requests the court to order the Litigation Oversight Committee reconstituted to its original composition, that included Mr. Noyes, since Mr. Noyes was only removed from the Litigation Oversight Committee due to the spurious allegations of the US Trustee.
- If instead the court determines that Mr. Noyes acted in an ultra vires manner, Mr. Noyes requests relief from the provisions of the Confirmation Order to pursue damage claims against White & Case and/or Mr. Greg Pesce for negligence in their handling of this matter.

Respectfully submitted,
May 6, 2024
Zug, Switzerland

*[signature]*
Keith S. Noyes

Keith Noyes
Rosenbergstrasse 20
CH-6300 Zug
Switzerland
Email: celsius.ucc.keith@gmail.com


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YOUR

CELSIUS NETWORK LLC, Case No. 22-10964(MG)

<u>Request for Judicial Determination whether or not Keith Noyes acted in an ultra vires manner while serving on the Celsius Unsecured Creditors Committee</u>

### Background

In September 2023 the US Trustee alleged that Keith Noyes acted in an ultra vires manner and demanded his removal from the Celsius Unsecured Creditors Committee ("UCC") to which it had appointed him as well as the Celsius Litigation Oversight Committee ("LOC") to which he had been duly elected by the UCC. The US Trustee provided no justification for their allegation at the time and agreed to review the case. As of March 2023, 6 months later, the US Trustee has made little effort to understand the fact pattern and move forward with a determination if there was any ultra vires activity. Mr. Noyes has suffered reputational damage as a result and wishes to clear his name. Per Paragraph 300 of the Celsius Confirmation order he would also apply to join the LOC once it is determined that he did not act in an ultra vires manner.

The facts presented below will show clearly that Mr. Noyes has always acted in good faith. In December 2022 Mr. Noyes offered to resign from the UCC due to the bankruptcy of the creditor company, Covario AG, that he represented on the UCC. At the same time, Mr. Noyes applied to join the UCC in his personal capacity since he was also personally a creditor. The US Trustee never responded to Mr. Noyes' offer to resign nor to his application to join the UCC as an individual. Each time that UCC Counsel White & Case requested a decision from the US Trustee, they received the reply that US Trustee was still reviewing the situation. It is clearly illogical to allege that Mr. Noyes acted in an ultra vires manner serving on the UCC when he continued to serve on the UCC only because the US Trustee failed to respond to his request for guidance whether to resign or continue to serve in his personal capacity. Mr. Noyes felt a strong fiduciary duty to continue with the work he had started on the UCC, so in the absence of feedback from the US Trustee he continued contributing as usual. White & Case also strongly encouraged him to do so, saying that his experience and commitment allowed him to make valuable contributions to deliberations.

### Timeline

1. July 2022: Celsius declared bankruptcy. Covario AG, a Swiss crypto broker, was one of the largest institutional creditors to Celsius.
2. July 2022: Covario AG applied to join the Celsius UCC with Keith Noyes as its representative. Mr. Noyes was the Chief Risk and Compliance Officer of Covario AG

and had had a 30-year career in finance, working in several blue-chip financial institutions.

3. July 27, 2022: Ms. Sharra Cornell and Mr. Mark Bruh of the US Trustee called Mr. Noyes to discuss Covario's UCC application and offered Mr. Noyes the position at the end of the interview. This was accepted and Mr. Noyes participated in the first UCC call later that same day.
4. July 27, 2022: Mr. Noyes wrote an email to Ms. Cornell asking her to update his email address to a dedicated Covario email address set up for Celsius UCC purposes **(Exhibit 1 attached)**. Ms. Cornell never responded or updated the email address as requested.
5. July 2022- September 2023: Mr. Noyes was the only non-US based member of the seven-person Celsius UCC and participated in all UCC meetings and deliberations despite time zone differences. He estimates that during the period he devoted on average 15-20 hours were week to Celsius UCC work.
6. November 25, 2022: Covario AG failed to make payroll, suggesting that bankruptcy was imminent. Mr. Noyes alerted UCC Counsel White & Case of this and shared his fear that company email could be shut off at any moment after bankruptcy and that the doors to the office, where official UCC correspondence was sent, would be closed. This would make continued participation in UCC activities impossible, and Mr. Noyes offered to resign from the UCC in the event of a Covario bankruptcy.
7. Late November 2022: Though the email correspondence between Mr. Noyes and Greg Pesce of White & Case are subject to Attorney-Client Privilege, Mr. Pesce is understood to have contacted the US Trustee at the end of November 2022 to seek advice on what to do if Covario AG declared bankruptcy. White & Case highlighted to the US Trustee that Mr. Noyes was a valued contributor to the UCC who had developed important institutional knowledge over the course of the previous 5 months. The US Trustee responded that this would be a new situation that they had not previously encountered and would have to be study the matter further.
8. December 2022: Mr. Noyes was also a personal creditor of Celsius as previously disclosed in his application to join the UCC as Covario's representative in July 2022. To this end, Mr. Noyes, through White & Case, submitted an application to the US Trustee in December 2022 to join the UCC in his personal capacity should Covario declare bankruptcy and the US Trustee find this acceptable. The US Trustee to this date has never responded to Mr. Noyes' application nor has it responded to his question as to whether he should resign or not.
9. December 20, 2022: Covario AG filed for bankruptcy with the Swiss bankruptcy administrator. The attached email of December 20, 2022, **(Exhibit 2 attached)** from Covario AG CEO Mark Banner announced to employees the bankruptcy and that employees would need to make special arrangements to enter the office to retrieve personal belongings.
10. December 20, 2022: A second email from CEO Mark Banner that day, **(Exhibit 3 attached)**, informs employees that they will be contacted by the Swiss bankruptcy office if their services are required going forward. Despite being the Covario representative for the Celsius exposure, the Swiss bankruptcy office has never contacted Mr. Noyes.
11. December 21, 2022: Employee access to Covario email was shut down.

12. December 20, 2022: Mr. Noyes informed Mr. Pesce of Covario's bankruptcy. Mr. Noyes asked again for clarity whether he should resign from the UCC or continue to serve on the UCC in his personal capacity.
13. December 21, 2022: Mr. Pesce is understood to have conferred with the US Trustee on December 21, 2022 and was told that the matter was still under consideration. Mr. Pesce also arranged for UCC email to be redirected to Mr. Noyes' personal gmail account set up for Celsius correspondence in order for him to continue to participate in UCC deliberations.
14. Late December 2022: Over the holidays, Mr. Noyes received official notification from the Swiss bankruptcy administrator that Covario's bankruptcy application had been accepted, (**Exhibit 4 attached** in German).
15. January 5, 2023: Mr. Noyes shared this document with Mr. Pesce and again asked if the US Trustee wished to accept his offer to resign or would approve his application to continue serving on the UCC in his personal capacity.
16. January 5, 2023: Mr. Pesce had a call with the US Trustee and was advised that the matter was still under consideration. Each time Mr. Noyes raised this issue subsequently, he was informed that the US Trustee still had not made a decision.
17. January-September 2023: Mr. Noyes continued to serve pro bono as a UCC member for the following 9 months, from January through September 2023, in his personal capacity, averaging 15-20 hours per week time spent on Celsius UCC affairs.
18. January-September 2023: Mr. Noyes continued to assist the Covario clients with Celsius exposure as much as possible, including holding multiple calls and advising them of deadlines for various elections. **Exhibit 5 attached** provides one example of such email correspondence where the client is grateful to Mr. Noyes for his assistance. Mr. Noyes estimates that he held no fewer than ten calls or meetings with the three Clients who had Celsius exposure through Covario.
19. September 2023: Due to Mr. Noyes' level of commitment and demonstrated expertise, the UCC unanimously selected Mr. Noyes in September 2023 to be one of seven members of the Celsius Litigation Oversight Committee that would emerge after Celsius came out of bankruptcy. The list of LOC member names included in the September 2022 confirmation plan submission is attached as **Exhibit 6 attached**.
20. September 2023: Mr. Noyes was shocked to learn that the US Trustee had come to the determination that Mr. Noyes had acted in an "ultra vires manner" despite never providing any guidance or response to his application to join the UCC or reaching out to him to seek clarification.
21. September 29, 2023: This illogical conclusion was asserted by the US Trustee in a court hearing on September 29, 2023. It has caused considerable reputational damage to Mr. Noyes resulting in his removal from the UCC to which he had devoted substantial personal time and effort, removal from the Celsius LOC to which he had been unanimously selected and no longer being granted exculpation for his contributions to the UCC.
22. September 29, 2023: During the court hearing, Ms. Sharra Cornell was admonished for sitting on the issue for 9 months, but the right of the US Trustee to choose who could serve on the UCC was upheld.
23. October 2023: Perhaps realizing the unfairness of its determination, the US Trustee agreed to review Mr. Noyes' case and agreed to a path forward for Mr. Noyes to clear his name and become eligible to rejoin the Celsius LOC, if selected by the LOC

members. This is memorialized in Paragraph 300 of the Confirmation Order (see **Exhibit 7 attached**).

24. October 2023-Present: Since then, the US Trustee has been very slow to engage on this issue. Mr. Noyes emailed to the US Trustee on November 30, 2023 expressing a willingness to answer any questions to expedite matters as evidenced in **Exhibit 8 attached**). The US Trustee never responded to this email.

**Judicial Determination Requested**

It has become clear to Mr. Noyes that the US Trustee has no incentive to consider the case of whether or not Mr. Noyes acted in an ultra vires manner. Therefore, in accordance with Paragraph 300 of the Confirmation Order, Mr. Noyes now requests a Judicial Determination to clear his name.

Respectfully submitted,
March 7, 2024
Zug, Switzerland

*[signature]*

Keith S. Noyes

Exhibit 1

Wednesday, October 18, 2023 at 19:24:44 Central European Summer Time

| | |
|---|---|
| **Subject:** | updated email contact for committee business. |
| **Date:** | Wednesday, 27 July 2022 at 17:24:00 Central European Summer Time |
| **From:** | Keith Noyes |
| **To:** | From: Silverman, Matthew, To: Lieberman, Seth H., Celsius Case, ICBSolutions, Shara.Cornell@usdoj.gov, carolinegwarren@gmail.com, tomdif@gmail.com, Christopher.j.coco@gmail.com, markrobinson55@gmail.com |
| **CC:** | Celsius Bankruptcy |
| **Attachments:** | image001.png |

Dear all,

I have set up a dedicated email address to allow me to deal with committee matters more efficiently. Please use celsiusbankruptcy@covar.io going forward.

Kind regards,

Keith

**Keith Noyes**
Chief Risk & Compliance Officer

Covario AG
Landis+Gyr-Strasse 1, CH-6300 Zug
T + 41 41 541 13 50 | M +41 78 224 5748
Telegram: @knoyes

www.covar.io

C+VARIO

Exhibit 2

Wednesday, October 18, 2023 at 19:38:02 Central European Summer Time

**Subject:** Zug office access
**Date:** Tuesday, 20 December 2022 at 08:05:56 Central European Standard Time
**From:** Mark Banner
**To:** Patrik Gilli

Good morning

On the advice of counsel and until the trustee has commenced his work, physical access to the office has been temporarily restricted. If you need to collect personal effects, please let Patrik or myself know and we will arrange for you to get in. Thank you for your understanding.

As regards the bankruptcy process, I will inform you all as soon as I receive the information from the court.

Best
Mark

Exhibit 3

**From:** Mark Banner <mark.banner@covar.io>
**Date:** Tuesday, 20 December 2022 at 18:02
**To:** Patrik Gilli <patrik.gilli@covar.io>
**Subject:** Updates

Dear Covario team

I have been chasing our legal advisors all day and have received the following update about an hour ago: "they are currently handling and looking at the matter". When we filed for bankruptcy on Monday, we were told by our lawyers that this usually could even happen within the day or, at most, one day. We will continue to chase for updates and will inform you all as soon as we get more information.

On another related note, we were told that, from this point forward, the bankruptcy office will be in charge of decisions for the company. Therefore, all employment contracts (and when/who to terminate) will be decided by this office.

Again we will continue to inform you all when we get more information.

Regards
Mark

03/03/2024, 09:29                              several updates - celsius.ucc.keith@gmail.com - Gmail

Anzeige an d ... eoffnung.pdf        Open with Google Docs

**Exhibit 4**

ORIENTIERUNGSKOPIE

6301 Zug
www.stadtzug.ch

R. Müllhaupt

+41 58 728 93 50
roger.muellhaupt@stadtzug.ch
IBAN CH3109000000800016303

P.P.  Stadt Zug, BA, 6301 Zug   Uneingeschrieben zurück
R  88.38.109442.00286132

Noyes Keith Samuel
Rosenbergstrasse 20
6300 Zug



Zug, 21.12.2022

Betreibung Nr. 263'872
Pfändung Nr.

**Anzeige an den Gläubiger über die Konkurseröffnung**
(bei laufenden und pendenten Betreibungsverfahren)

Schuldner:    Covario AG, Bahnhofstrasse 12, 6300 Zug

Mit Entscheid vom 20. Dezember 2022 hat der Konkursrichter des Kantonsgerichts über das Vermögen des oben erwähnten Schuldners den Konkurs eröffnet. Das Konkursamt Kt. Zug wurde mit der Durchführung des Verfahrens beauftragt.

Gemäss Art. 206 SchKG sind alle gegen den Schuldner hängigen Betreibungsverfahren, mit Ausnahme der Betreibungen auf Verwertung von Pfändern, die von Dritten bestellt worden sind, mit sofortiger Wirkung aufgehoben. Wir empfehlen Ihnen, die Publikationen des mit der Durchführung des Verfahrens beauftragten Konkursamtes zu beachten und Ihre Forderung dort zur Kollokation anzumelden.

Ihr gegen den eingangs erwähnten Schuldner eingeleitetes Betreibungsverfahren, Zustellung Zahlungsbefehl, ist somit aufgehoben. Sobald feststeht, dass der Konkurs durchgeführt und nicht mangels Aktiven eingestellt wird, gilt obiges Betreibungsverfahren als erledigt.

Wird das Konkursverfahren mangels Aktiven eingestellt, so leben gemäss Art. 230 Abs. 4 SchKG die vor der Konkurseröffnung eingeleiteten und im Zeitpunkt der Konkurseröffnung noch nicht abgelaufenen Betreibungen nach der Einstellung des Konkurses ohne neues Begehren des Gläubigers wieder auf, wobei die Zeit zwischen der Eröffnung und der Einstellung des Konkurses für die Berechnung der Fristen nicht mitberechnet wird. Befinden sich in der Konkursmasse einer juristischen Person verpfändete Vermögenswerte und ist der Konkurs mangels Aktiven eingestellt worden, so kann jeder Pfandgläubiger trotzdem beim Konkursamt die Verwertung seines Pfandes verlangen. Das Konkursamt setzt dafür eine Frist (Art. 230a Abs. 2 SchKG).

Für die allfällige Weiterführung des Betreibungsverfahrens können jedoch neue Verfahrenskosten entstehen. Sofern Sie nach der eventuellen Einstellung des Konkurses mangels Aktiven auf die Weiterführung des Betreibungsverfahrens verzichten wollen, haben Sie uns dies innerhalb von 10 Tagen nach Erhalt dieser Anzeige mitzuteilen.

Freundliche Grüsse
Betreibungsamt Zug


Cornelia Löhri, Leiterin

GEA.NET / VGBZ12 / EDV 3302


Stadt Zug


ORIENTIERUNGSKOPIE

Finanzdepartement
Betreibungsamt

Stadthaus, Gubelstrasse 22
6301 Zug
www.stadtzug.ch

R. Müllhaupt

Pg 13 of 16

**Exhibit 5**

From: Claudia Buehlmann cbuehlmann@swissblock.net
Subject: Re: In re: Celsius Network LLC, et al., Case No. 22-10964
Date: 22 September 2023 at 11:36
To: keith@seyonasia.com
Cc: kallemann@swissblock.net

Hey Keith

Thanks a lot for your call and the information that there is a vote needed. This was really helpful.

The Konkursam in Zug has received the documents but has not forwarded them to us. Their statement was that they receive documents from America every day and they cannot read everything they receive. Our lawyer received the documents yesterday and we will vote today if the Konkursamt manages to log on to the platform. Apparently they are failing and our lawyer is now helping.

If anything else need to be done I would really appreciate that you inform us again, as it seems the Konkursamt in Zug is not able to manage that.

Have a lovely weeding and a nice weekend.

Best regards,
Claudia

---

Am 19.09.2023 um 15:06 schrieb keith@seyonasia.com:

As discussed on our call earlier today.

Regards,
Keith

Begin forwarded message:

From: Celsius Network Restructuring <noreply@cases-cr.stretto-services.com>
Subject: In re: Celsius Network LLC, et al., Case No. 22-10964
Date: 24 August 2023 at 01:35:21 CEST
To: keith@seyonasia.com

TO: KEITH SAMUEL NOYES

You're receiving this email because you are entitled to vote on the Third Amended Joint Plan (the "Plan") in the Celsius restructuring matter. This email contains important information about the Plan, your individualized Ballot, and the procedures for the voting process.

## Step 1: Review the Solicitation Package

Plan of Reorganization and Disclosure Statement

Solicitation and Voting Procedures

Confirmation Hearing Notice

Notice of Claims Settlement

Cover Letter

Letter from Official Committee of Unsecured Creditors

05/03/2024, 22:33    Exhibit 6                    Screen Shot 2023-10-16 at 9.05.51 AM.png

22-10964-mg    Doc 3583    Filed 09/27/23    Entered 09/27/23 11:44:31    Main Document
Pg 8 of 216

## Litigation Oversight Committee Members

1. Mark Robinson
2. Keith Noyes
3. Gerard Uzzi
4. Vik Jindal
5. Deirdre O'Connor
6. Cameron Crews, designated by the Earn Ad Hoc Group
7. David Adler, designated by the Retail Borrower Ad Hoc Group



# Exhibit 7

Policies.

300. **Litigation Oversight Committee.** Following the Confirmation Date, the members of the Litigation Oversight Committee identified in the Plan Supplement, or, following the Effective Date, identified by the Litigation Administrator or the Litigation Oversight Committee, may propose to appoint an additional member of the Litigation Oversight Committee, vacant seat or as an officer of the Post-Effective Date Debtors; *provided, however*, that Keith Noyes is ineligible to serve on the Litigation Oversight Committee until there is a judicial finding that Mr. Noyes did not act in an *ultra vires* manner. The U.S. Trustee and all parties in interest reserve all rights to argue that Mr. Noyes should not be appointed to the Litigation Oversight Committee or as an officer of the Post-Effective Date Debtors because he acted in an *ultra vires* manner.

301. **Litigation Recovery Account.** On or before the Effective Date, the Debtors or the

Exhibit 8

07/03/2024, 21:16            Gmail - Keith Noyes ultra vires accusation

     Keith Noyes <celsius.ucc.keith@gmail.com>

# Keith Noyes ultra vires accusation

**Keith Noyes** <celsius.ucc.keith@gmail.com>      Thu, Nov 30, 2023 at 4:56 PM
To: Shara.Cornell@usdoj.gov, Mark.Bruh@usdoj.gov

Dear Shara and Mark,

I understand that the US Trustee is now investigating whether or not I acted in an ultra vires manner in my participation in the Celsius UCC? Would it be helpful at all to have a call to discuss?

I was completely blindsided by the accusation and have suffered tremendous reputational damage as a result. During Covario's insolvency process I volunteered several times to step down from the Celsius UCC and each time the UCC counsel, White & Case, advised me that I should continue serving on the committee until or unless the US Trustee instructed otherwise. I have full email chains to document this and, on these instructions, I continued to serve on the UCC and to be a conduit of information to the Covario clients who are the ultimate beneficial owners of the claims against Celsius.

Having spent 9 months in 2023 serving on the UCC following Covario's bankruptcy, I think you can appreciate my shock and disappointment at being removed from the UCC suddenly and having my name and reputation dragged through the mud. I devoted significant personal time (approximately 15-20 hours per week) and made tremendous sacrifices of family time (especially given the time zone difference between NYC and Switzerland) to fulfill my fiduciary duty, and now I have been denied the opportunity to fulfil my fiduciary duty to see the Celsius bankruptcy through to its conclusion and I have suffered professionally while this cloud hangs over my head.

My hope now is to expedite the investigation and clear my name as soon as possible. It is to this end that I am writing to you now as I think there has been a complete misunderstanding as to what happened and I would like to offer my assistance to answer any questions you may have.

Sincerely,

Keith Noyes