**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Post-Effective Date Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |

**ORDER (I) APPROVING PROCEDURES FOR THE
DISTRIBUTION OF DECEASED ACCOUNT HOLDERS'
ASSETS TO THEIR RESPECTIVE AUTHORIZED REPRESENTATIVES,
(II) AUTHORIZING SUCH DISTRIBUTIONS, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the post-effective date debtors (collectively, the "Post-Effective Date Debtors" and, prior to the Effective Date, the "Debtors") for entry of an order (this "Order"), authorizing, but not requiring the Post-Effective Date Debtors to implement the Verification Procedures, all as more fully set forth in the Motion; and upon and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these chapter 11 cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are : Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] Capitalized terms used but not defined herein have the meanings given to such terms in the Motion.

Post-Effective Date Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Post-Effective Date Debtors' notice of the Motion and opportunity for a hearing thereon were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing (the "Hearing") before this Court; and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein, and the Verification Procedures and Deceased Account Holder Distribution Form are approved.

2. The Post-Effective Date Debtors have demonstrated sufficient basis to distribute the assets of a deceased customer to his/her Proposed Authorized Representative pursuant to the Plan and Verification Procedures as doing so is an appropriate exercise of the Post-Effective Date Debtors' business judgment and in the best interests of the Post-Effective Date Debtors, their creditors, their estates, and other parties in interest.

3. Pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, upon the expiration of the fourteen-day waiting period, the Post-Effective Date Debtors and Distribution Agents, as applicable, are authorized to distribute the assets of any such deceased account holder to the deceased account holder's Proposed Authorized Representative pursuant to the Verification Procedures and the Plan.

4. Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

5. Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

6. To the extent the provisions of this Order are inconsistent with the Motion, the provisions of this Order shall control.

7. The Post-Effective Date Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

8. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**IT IS SO ORDERED.**

Dated: May 8, 2024
       New York, New York

                                                   **/s/ Martin Glenn**
                                                   MARTIN GLENN
                                      Chief United States Bankruptcy Judge