**WHITE & CASE**

May 24, 2024

**VIA ECF**

White & Case LLP
1221 Avenue of the Americas
New York, NY 10020-1095
T +1 212 819 8200

whitecase.com

The Honorable Martin Glenn
Chief Bankruptcy Judge
United States Bankruptcy Court for the Southern District of New York
One Bowling Green
New York, NY 10004-1408

    Re:  *In re Celsius Network LLC, et al.*, Case No. 22-10964 (MG)

Dear Judge Glenn:

I write on behalf of the Litigation Administrator in response to Mr. Anusic's *Request for Mediation / Alternative Dispute Resolution* [Docket No. 4895] (the "**Letter**").[1]

Mr. Anusic's claims stem primarily from a series of over-the-counter transactions and loans that he and his company, HR National Party Ltd, entered into in 2021 and 2022 under the Celsius Borrow Program. Mr. Anusic has made several fact-intensive claims against the estate in connection with these transactions and his treatment under the Plan, including allegations of fraud, propriety of loan liquidations, and ownership of loan collateral.

The Letter claims that the Litigation Administrator has failed to engage with Mr. Anusic regarding these claims. The opposite is the case. Since his appointment approximately four months ago, the Litigation Administrator and his team have engaged in extensive email and telephone communications with Mr. Anusic, evaluated Mr. Anusic's claims in consultation with the Litigation Administrator's and the Debtors' advisors, and made multiple settlement offers to Mr. Anusic, all of which he has rejected. After months of back-and-forth, Mr. Anusic still refuses to lower his demands to a level that the Litigation Administrator could possibly accept. For that reason, the Litigation Administrator believes that mediation with Mr. Anusic would be futile and a waste of estate resources. Indeed, Mr. Anusic filed the Letter less than 24 hours after the Litigation Administrator informed him that a settlement does not appear possible given the parties' respective positions and the Litigation Administrator intends to object to his claim in due course.

While the Litigation Administrator understands that Mr. Anusic, like all creditors, would like his claim to be dealt with immediately, the Litigation Administrator has been transparent with Mr. Anusic regarding the timing for a claim objection. As the Court is aware, it is common in large

---

[1] Capitalized terms used but not defined in this letter shall have the meaning ascribed to them in the *Modified Joint Chapter 11 Plan of Reorganization of Celsius Network LLC and its Debtor Affiliates (Conformed for MiningCo Transaction)* [Docket No. 4289] Art. IV.L (the "**Plan**").

**WHITE & CASE**

The Hon. Martin Glenn, p. 2
May 24, 2024

chapter 11 cases for the claims reconciliation process to take years to resolve. In this case, this timing is impacted by, among other things, the impending mid-July statute of limitations for estate claims and causes of action under 11 U.S.C. § 108(a) and the significant effort required to diligence and prepare litigation documents ahead of that deadline. As the Court is also aware, the Litigation Administrator has administered a settlement program in connection with the estate's thousands of preference claims against customers who withdrew assets valued over $100,000 from Celsius' platform within the 90 days before the bankruptcy filing. The settlement program has achieved an incredible response, resulting in settlements with roughly 1,500 creditors and over $70 million (and counting) of value returned to the Estate. The Litigation Administrator has also been focused on finalizing complaints (such as the complaint against the Debtors' former insiders), and overseeing active litigations against Jason Stone and KeyFi Inc. and Fabric Ventures Group, among others, that are expected to bring in substantial value for all creditors.

None of this is to imply that the Litigation Administrator does not recognize the importance of individual claims, such as Mr. Anusic's, and the need to resolve those claims within a reasonable timeframe. As noted above, since his appointment, the Litigation Administrator has invested substantial time in working with Mr. Anusic (as well as many other claimants who have reached out regarding their individual claims) to seek to find a consensual resolution that will avoid the time and expense of litigation. The Litigation Administrator will remain attentive and diligent to all claims throughout the claims reconciliation process, and will work to resolve those claims in due course.

We thank the Court for its consideration, and are available to discuss this matter further if the Court so directs.

Respectfully submitted,

  /s/ Samuel P. Hershey

Samuel P. Hershey