Thomas Anusic
*Pro Se*
**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

_____
                                                    )
In re:                                              )          Chapter 11
                                                    )
CELSIUS NETWORK LLC, *et al.,*[1]                   )          Case No. 22-10964 (MG)
                                                    )
                       Debtors.                     )          (Jointly Administered)
_____)

The Honorable Martin Glenn
Chief Bankruptcy Judge
United States Bankruptcy Court for the Southern District of New York
Alexander Hamilton U.S. Custom House
One Bowling Green New York, NY 10004

**Motion to Disqualify Counsel**

Dear Chief Judge Glenn:


Mr. Anusic respectfully writes to you to request approval for a motion to Disqualify Counsel
Samuel Hershey under the grounds of material conflict of interest.

_____


**Conflict of Interest**


It is well known W&C the firm that Samuel is employed by had a materially
adverse position against my claims to the estate and went as far as seeking
subordination of my claims.

Section 101(14).

The term "disinterested person" means a person who:

- Is not a creditor, an equity security holder, or an insider;
- Is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of the debtor; and
- Does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, for any other reason.

M3-Partners hiring Attorneys from the very firm my disputes initiated with to address claims for creditors in which the attorney has a material adverse interest in the creditors claims confirms he is not a disinterested party.

I simply do not believe my claims will be reviewed fairly, without bias, or with any intent to resolve disputes when the incentives for resolution do not align. Clearly, it's in their interest to Object to claims to back their close colleagues positions and continue earning fee's prolonging the Bankruptcy.

I voted NO to the plan as it unfairly discounted my claims and didn't allow recoveries for certain edge cases. I did so with the understanding that my claims would be reviewed free from any conflicts of interest and by a disinterested party.

This continued bullying by these mega law firms and restructuring companies to cheat Pro-Se's out of their claims and assets cannot be allowed to continue. Samuel whilst claiming Mediation is a waste of resources Docket 4900 further proves my point that is he **actively preventing** a fair bi-partisan party and trying to leverage a vast and strong legal background against me a Pro-Se with no legal knowledge and would have a severe disadvantage in asserting my rights in court robbing me from low-cost Mediation.

Furthermore, the irony of claiming time and resources wasted when I have endlessly been trying to settle a fair recovery and save the courts time by offering solutions which were both equitable and fair in-line with other creditors recoveries is preposterous. It is clearly not me who continues to pro-long the bankruptcy, waste time and resources and prepared to spend uncapped creditor owed money on small disputes when there are far bigger issues they could be dealing with.

I do not feel comfortable with the communication from Samuel, and am certain I will not be treated fairly if he is allowed to continue to be the decision maker in Objecting to Creditor Claims. I respectfully re-assert my request for Mediation Docket 4895 to appoint a Bi-partisan and Disinterested party.


Thank you


Tom

Pro-Se