UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>CELSIUS NETWORK LLC, et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 22-10964 (MG) |

**ORDER DENYING JOHAN BRONGE AND
THOMAS ANUSIC'S MOTION FOR CLARIFICATION**

On November 16, 2023, *pro se* creditors Johan Bronge and Thomas Anusic filed a *Motion for Clarification of Collateral Ownership, Conversion Rates and Earn Subordination in Celsius Case* (the "Motion," ECF Doc. # 4009.)  The Chapter 11 Plan in this case was confirmed in an order entered on November 9, 2023 (ECF Doc. # 3972), along with an accompanying opinion.  *See In re Celsius Network LLC*, 655 B.R. 301 (Bankr. S.D.N.Y. 2023) (the "Confirmation Opinion").  On May 20, 2024 Mr. Anusic filed a letter requesting that the Court respond to the Motion (ECF Doc. # 4894).

The Motion is a list of objections or arguments that "Kirkland & Ellis and the Court" have purportedly "not addressed or ignored." (Motion at 1–2.)  These relate to (1) ownership of collateral and (2) the subordination of Earn accounts.  Both issues were explicitly addressed in the Confirmation Opinion.  *See In re Celsius Network LLC*, 655 B.R. at 313–315 (overruling Mr. Bronge's objections and explaining the reasoning therefor); *id.* at 313 (declining to make any findings on whether the CEL token was a security and thus should have been subordinated).

For example, the Motion asks: "[w]hy language from General TOS version 8 that is significantly different from version 7 is relied on?  Version 8 is not applicable to our loans and Version 7 **does not** include collateral or loans in *Clause 13*," and "[w]hy extrinsic evidence is

not used in those instances where there is ambiguity in the agreements." (Motion ¶¶ 3, 5) (emphasis in original). These are not requests for clarification, but re-arguments of objections that have been overruled. *See In re Celsius Network LLC*, 655 B.R. at 314 ("The contract clearly and unambiguously transferred ownership title of collateral to Debtors."); *id.* at 315 ("The additional language in Version 8 and Version 9 pertaining to the transfer of ownership in collateral is not evidence that the applicable language used in Version 7 is ambiguous . . . the new language was meant to reinforce and supplement the Grant of Ownership Clause, not replace or otherwise render such clause ambiguous.").

The Court has not ignored these arguments (which are the same ones Mr. Bronge and Mr. Anusic have in previous letters and during the Confirmation Hearing), but merely concluded that they were, and still are, unpersuasive. Though framed as a request for clarification, the Motion is an attempt to re-raise and re-litigate settled issues. "The doctrine of *res judicata* precludes parties from contesting matters that they have had a full and fair opportunity to litigate." *In re Smith*, No. 22-3418, 2024 WL 2309156, at *6 (3d Cir. May 22, 2024) (quoting *Montana v. United States*, 440 U.S. 147, 153 (1979) (quotation marks and brackets omitted)). Confirmation of a plan "has preclusive effect, foreclosing relitigation . . . as to all issues decided or which could have been decided at the hearing on confirmation." *Id.* (citations omitted). Accordingly, the Motion is **DENIED**.

    **IT IS SO ORDERED.**

Dated: May 31, 2024
       New York, New York

                                                  /s/ Martin Glenn
                                                    MARTIN GLENN
                                       Chief United States Bankruptcy Judge